UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND     Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION     MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Mayock, Michael, 1:17-cv-04544

_____

## DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF MICHAEL MAYOCK'S CASE PURSUANT TO CMO-28

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges injury as a result of a fracture of his IVC filter. In support of the motion, the Cook Defendants state as follows:

1. Plaintiff's Name:  Michael Mayock

2. Case Number:  1:17-cv-04544

3. Case Origin:  Filed in Southern District of Indiana on December 7, 2017

4. Plaintiff's Home State per Complaint: Pennsylvania (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. Applicable Choice of Law Rules:  Pennsylvania, *see* Dkt. 13539 (finding Indiana law applies to all claims in MDL originally filed in the S.D. of Indiana except those filed between May 31, 2017 and June 13, 2019).

6. Applicable Statute of Limitations:  Pennsylvania (2 years), 42 Pa. Cons. Stat. § 5524 ("The following actions and proceedings must be commenced within two years: . . . An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.").

7. Filter Placement Date:  December 12, 2011

8. <u>Latest Possible Date of Accrual</u>:  October 17, 2012 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting "there was evidence of 1 leg fracture in the filter prior to attempted removal," "there remains a portion of fractured filter leg inside the wall of the vena cava that cannot be removed, and "I described the operative findings to the patient and his brother and explained that the fractured leg in the wall of the vena caval will remain that way."[1]

9. <u>Length of Time Between Claim Accrual and Filing</u>:  5 years, 1 month, 20 days

10. <u>Length of Time Between Placement and Filing:</u>  5 years, 11 months, 25 days

## BRIEF ARGUMENT

Plaintiff's personal injury claims are barred under Pennsylvania law because the case was filed more than two years after the filter was noted to have fractured.  *See supra*, ¶¶ 3, 8-9.  "A cause of action accrues, and thus the applicable limitations period begins to run, when an injury is inflicted." *Kennedy v. Ethicon, Inc.*, No. 5:20-CV-00185, 2020 WL 4050459, at *7 (E.D. Pa. July 20, 2020).  Pennsylvania's formulation of the discovery rule represents a more "narrow approach" than is mandated in some other jurisdictions, as it places a greater burden on plaintiffs.  *Nicolaou v. Martin*, 195 A.3d 880, 892-893 (Penn. 2018). Pennsylvania's discovery rule is grounded in inquiry notice tied to actual or constructive knowledge, and does not require "notice of the full extent of the injury, the fact of actual negligence, or precise cause." *Id.* at 893.  In a case like this, where the claim is premised on a filter fracture, a plaintiff necessarily knows of the existence of a harm and the causal link to another's conduct at the time the fracture is identified through medical treatment.  Here, the fracture was identified over five years before Plaintiff filed his case.  As a result, Plaintiff's personal injury claims are time-barred under Pennsylvania law.[2]

---

[1] The Court may consider categorization forms and supporting records on a motion for judgment on the pleadings as it has done with some prior motions.  *See* Dkts. 11311 at 2-4 (dismissing multiple Category 2 cases); 10588 (dismissing Category 1 cases).

[2] To the extent Plaintiff may claim other complications or injuries, the statute of limitations bars those claims as well because they do not constitute new or separate claims under Pennsylvania law.  On the

Plaintiff's implied warranty claim is also barred. Pennsylvania law excludes implied warranty claims as a matter of law. *Soufflas v. Zimmer, Inc.*, 474 F. Supp. 2d 737, 752 (E.D. Pa. 2007). Even if it did not, under Pennsylvania law, implied warranty claims are barred four years after the date of sale, and the "discovery rule does not apply to breach of warranty claims." *See* 42 Pa. Cons. Stat. § 5525; 13 Pa. Cons. Stat. § 2725 (providing that "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued [and] a cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made."); *see also McCracken v. Ford Motor Co.*, 588 F. Supp. 2d 635, 642 (E.D. Pa. 2008). Here, Plaintiff did not file his case until over half-of-a-decade after the filter was placed. As a result, Plaintiff's implied warranty claim is also time-barred under Pennsylvania law. *See* supra ¶ 10.

As to Plaintiff's consumer protection and express warranty claims, the Court has concluded that they are not adequately pled. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Likewise here, Plaintiff has failed to plead a viable state consumer protection claim with the particularity required by Federal Rule 9 or a viable express warranty claim under applicable state law. Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss all of Plaintiff's claims with prejudice.

---

contrary, "[a] plaintiff's ignorance regarding the full extent of his injury is irrelevant to the discovery rule's application, so long as the plaintiff discovers or should have discovered that he was injured." *Stephens v. Clash*, 796 F.3d 281, 288 (3d Cir. 2015) (quoting *Kach v. Hose*, 589 F.3d 626, 635 (3d Cir. 2009)).

Respectfully submitted,

Dated:  March 15, 2021

/s/ *Andrea Roberts Pierson*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2021, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF' MICHAEL MAYOCK'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*