UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Kinsey, Clayton, 1:17-cv-04414

# DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR JUDGMENT IN PLAINTIFF CLAYTON KINSEY'S CASE PURSUANT TO CMO-28

US.131878768.03

Plaintiff opposes Cook's motion on the grounds that the statute of limitations was tolled by (1) fraudulent concealment under Alabama and Georgia law, and (2) also by the discovery rule under Georgia law. *See* Pl.'s Resp., Dkt. 15967.[1] Plaintiff also submitted a personal affidavit, stating that no physician told him the filter was "defective" at the time of his open removal in 2013 and that he did not learn of the defect until seeing advertising about the filter litigation in 2016. *See* Kinsey Aff., Dkt. 15967-1, ¶¶ 9-11.[2]

## A.  Plaintiff's Claims Fail Under Alabama Law.

Plaintiff cites Alabama law recognizing fraudulent concealment as a doctrine tolling the statute of limitations. Pl.'s Resp., Dkt. 15967 at 2. After the filing of Cook's motion, however, the Court dismissed the fraudulent concealment allegations in the Plaintiffs' Master Complaint. *See* Dkt. 15907. Although Plaintiff correctly notes the Court permitted Plaintiffs leave to amend their short form complaints and states his intent to do so, Pl.'s Resp., Dkt. 15967 at 3, amendment of the complaint cannot save Plaintiff's action here because the undisputed date of the open removal establishes that his claims are time-barred. The open removal procedure provided enough information to Plaintiff under applicable state law regarding the potential existence of a cause of action *independent* of any alleged fraudulent concealment on Cook's part. *See* Dkt. 15907 (collecting cases and explaining that "fraudulent concealment requires an allegation that the defendant fraudulently concealed information from the plaintiff about the

---

[1] Plaintiff further argues that "it was nearly impossible for Plaintiff to discover that his injuries were caused by defects in that filter until after the MDL was started and litigation advertisements began." Pl.'s Resp., Dkt. 15967 at 1. This is a meritless argument. The MDL is irrelevant to the analysis, and Plaintiff could have filed his claim as a standalone case in a state or federal court where jurisdiction and venue would have been proper.

[2] Cook notes that Plaintiff's response creates a procedural inconsistency by citing the Rule 12(c) standard of review while attaching an affidavit outside of the pleadings as evidence. If necessary, of course, the Court has authority to convert this motion to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).

1

existence of the plaintiff's cause of action").[3]  Plaintiff does not suggest what new allegations he might make in an amended complaint that could possibly avoid this conclusion.  In any event, Plaintiff does not and cannot dispute that he underwent an open procedure to remove the filter and repair his vena cava on May 20, 2013, more than four years before filing his action.  *See* Dkt. 15859 (sealed categorization medical record attached as Exhibit A to Cook's opening brief).

**B.     Plaintiff's Claims Fail Under Georgia Law.**

The section above applies with equal measure to Plaintiff's fraudulent concealment argument under Georgia law.[4]  Regarding his additional argument that the claim would be saved by the Georgia discovery rule,[5] Plaintiff is mistaken. The discovery rule in Georgia applies only "to cases of bodily injury which develop only over an extended period of time." *Corp. of Mercer Univ. v. Nat'l Gypsum Co.*, 368 S.E.2d 732, 733 (Ga. 1988).  Thus, the discovery rule has no bearing on cases where the injury is based on a "discrete and identifiable" event.  *Carpenter v. Lockheed Martin Corp.*, 2019 WL 5295728, at *3 (S.D. Ga. Oct. 18, 2019).  Because the open removal procedure is a "discrete and identifiable event" that is inherently linked to the filter, Plaintiff's claim is barred under Georgia law.

The cases Plaintiff cites regarding the Georgia discovery rule are inapplicable.  First, Plaintiff cites *Nelson v. Sandoz Pharm Corp.*, 288 F.3d (7th Cir. 2002) as authority on Georgia

---

[3] *See also Scharff v. Wyeth*, No. 2:10-CV-220-WKW [WO], 2011 U.S. Dist. LEXIS 85132, at *40 (M.D. Ala. Aug. 2, 2011) ("[A] breach of the duty to warn by a manufacturer does not toll the statute of limitations under Alabama law, because 'a mere failure or refusal to warn, without more, while actionable, does not rise to the level of fraudulent concealment [that tolls the statute of limitations].'" (quoting *Cazalas v. Johns-Manville Sales Corp.*, 435 So. 2d 55, 58 (Ala. 1983))).

[4] *Charter Peachford Behavioral Health Sys. v. Kohout*, 233 Ga. App. 452, 457, 504 S.E.2d 514, 522 (1998) (Ga. Code Ann. § 9-3-96 "has three elements: (1) actual fraud involving moral turpitude on the part of the defendant; (2) the fraud must conceal the existence of the cause of action from the plaintiff, thereby debarring or deterring the knowing of the cause of action; and (3) plaintiff exercised reasonable diligence to discover the cause of action, notwithstanding the failure to discover within the statute of limitation.")

[5] As noted in Cook's opening brief, Alabama has no discovery rule.  *See* Dkt. 15858 at 2.

2

law.  *See* Dkt. 15967 at 2.  *Nelson*, however, is a Seventh Circuit case applying Indiana law, and Cook finds no discussion of Georgia law in *Nelson*.  Second, *King v. Seitzingers, Inc.*, 298 S.E.2d 252 (Ga. Ct. App. 1981) is also inapplicable because it involved a continuous tort.  The plaintiff in *King* worked for several years as an iron work welder in a plant that processed discarded batteries.  *Id.* at 253.  The plaintiff complained of weakness and dizziness but was only later diagnosed with lead poisoning after his physician noted excessive lead content in his hair.  *Id.*  The court held there was a factual dispute about when the plaintiff discovered the injury and its cause.  *Id.* at 255.  *King* does not save Plaintiff's claim here, because Plaintiff cannot dispute that the removal procedure is inherently linked to the filter and cannot logically be "continuous" beyond the undisputed removal date, more than four years before filing.

If the Court considers Plaintiff's affidavit, his statements are fatal to his claim.  Plaintiff admits that in March 2013, he "was told the Filter was in a dangerous position in my body and needed to be removed."  Kinsey Aff., ¶ 9.  This statement confirms that Plaintiff knew he had suffered an injury and that the injury was linked to the filter.  The filter was removed two months later in May 2013, but the case was not filed until 2017.  *See* Cook's Motion, Dkt. 15858, ¶¶ 3, 8.  That he did not know the dangerous condition of the filter was possibly "a defect in the Filter product" until he saw an advertisement years later is irrelevant, because his admission about the knowledge he had in 2013 would trigger accrual even under the *King* standard for continuous torts.

For the foregoing reasons, the Court should dismiss Plaintiff's claims with prejudice.

3

          Respectfully submitted,

Dated: March 17, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2021, a copy of the foregoing **DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR JUDGMENT IN PLAINTIFF CLAYTON KINSEY'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

          /s/ *Jessica Benson Cox*

US.131878768.03