UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Hoskins, Jacqueline (Estate), 1:17-cv-03097

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF'S CASE (HOSKINS ESTATE) PURSUANT TO CMO-28**

Plaintiff opposes Cook's motion on grounds that (1) his claims are saved by the Ohio discovery rule; and (2) his ancillary claims are outside the scope of a permissible challenge under CMO-28. *See* Pl.'s Response, Dkt. 15969. In particular, Plaintiff relies on *Brown v. Textron, Inc.*, 2009 WL 483335 (S.D. Ohio Feb. 19, 2008) for the argument that the discovery rule is generally applicable to a wrongful death claim, in opposition to Cook's argument that the deadline begins to run on the date of death, at least in a case involving medical treatment.

Plaintiff's criticism of *Siegel v. State*, 2020 WL 5821283 (Ohio Ct. App. Sept. 20, 2020) is misplaced. First, Plaintiff's proposed distinction between the medical malpractice claim in *Siegel* and the medical product claim here is unpersuasive, because both present the same "cognizable event" in the medical treatment setting. Moreover, while *Siegel* appears to be the most recent case declining to apply *Collins v. Sotka*, 692 N.E.2d 581 (Ohio 1998), outside the context of a murder, it is certainly not the only such case. In fact, the Ohio Court of Appeals has held multiple times after *Collins* that the filing deadline on a wrongful date claim continues to accrue on the date of death, distinguishing *Collins* and holding that death was the "cognizable event" that triggered the statute of limitations. *Koerber v. Cuyahoga Falls Gen. Hosp.*, 2001 WL 1143211, at *3-4 (Ohio Ct. App. Sept. 26, 2001) (medical malpractice case); *see also Russ v. Nationwide Mut. Ins. Co.*, 2004 WL 626156, at *5 (Ohio Ct. App. March 30, 2004) (holding that a wrongful death claim was time-barred because it was not brought within two years of decedent's death that occurred six years before filing as result of a motor vehicle accident).[1]

Cook acknowledges that the Southern District of Ohio applying Ohio law denied a motion to dismiss in *Brown v. Textron, Inc.* on discovery rule grounds where the claim was filed

[1] Plaintiff's observation that the death certificate and medical records were not finalized on the date of death, but shortly thereafter, is an invitation to create new Ohio law that this Court cannot follow. By practical necessity, medical records and death certificate may not necessarily issue on the date of death, but the text of the wrongful death statute and the case law from the Ohio Court of Appeals apply the date of death as the deadline, not the date of issuance for the death certificate or related documentation.

more than two years after decedent's death from electrocution on a job site, allegedly caused by defective equipment. 2009 WL 483335 (S.D. Ohio Feb. 19, 2008). But *Brown* does not control here for multiple reasons. First, the death in *Brown* on a job site did not involve a medical device and does not necessarily involve a "cognizable event which does or should lead the patient to believe that the condition of which the patient complains is related to a medical procedure, treatment, or diagnosis . . . "—the "streamlined" discovery standard discussed in a case cited by Plaintiff. *See Caccicarne v. G.D. Searle & Co.*, 908 F.2d 95, 97 (6th Cir. 1990) (applying Ohio law). Ms. Hoskins died after 19 days in a hospital, and her death from sepsis, kidney failure, and other medical issues is a "cognizable event" related to medical treatment. *See* Dkt. 15864 (sealed medical records); *Siegel* 2020, WL 5821283, at *16 (claim accrued on date of death because it occurred in a medical treatment setting, even though the "specific cause of death may not have been immediately apparent.").

Second, Plaintiff's characterization of *Brown* is inconsistent with Ohio state courts' precedents, as detailed in the cases cited above, and this Court is bound under *Erie* principles to follow Ohio law as Ohio's appellate courts have stated it in *Siegel*, *Koerbel*, and *Russ*: a wrongful death claim accrues on the date of death. *Brown* is an unpublished federal court decision that no other court has cited since its release more than 13 years ago.

Further, Ohio's discovery rule does not make Plaintiff's product liability survivorship claims timely. In Ohio, '"the discovery rule generally applies in cases of latent injury and not in cases of possible latent defects."'[2] *Carter v. Medtronic, Inc.*, 2020 WL 2319729, at *4 (S.D. Ohio May 11, 2020) (quoting *Baxley v. Harley Davidson-Motor Co.*, 875 N.E.2d 989, 991 (Ohio Ct. App. 2007)). Thus, the discovery rule does not save Plaintiff's claims because decedent's

---

[2] *Brown*'s holding that date of alleged discovery of defect controlled for statute of limitations is incompatible with *Carter*'s statement of Ohio law by the same court 12 years later that the relevant consideration is discovery of injury, not discovery of a latent defect. *Brown* therefore cannot control here.

injuries were not latent. All the cases Plaintiff cites involved latent or uncertain injuries.[3] But Ms. Hoskins was diagnosed with multiple conditions in the time leading up to and at the time of her death. *See* Dkt. 15864 (sealed medical records).

Regarding Plaintiff's footnote argument that Cook's challenge to his other claims is procedurally improper (*see* Dkt. 15969 at 3 n. 1), CMO 28 imposes no such limitation. On the contrary, CMO-28 contemplates dismissal with prejudice of time-barred cases (*see* Dkt. 14601, ¶¶ 3, 7). That necessarily requires disposition of ancillary claims, including warranty and state consumer protection claims. Here, Plaintiff relies solely on the Master Complaint to support these claims, which the court has found inadequate in prior orders. *See* Dkt. 4918 at 13-15 (finding in a Texas case that the Master Complaint fails to plead an adequate claim for express warranty);[4] Dkt. 14809 at 10 (finding that plaintiff's Oregon consumer protection claim was not pled with particularity required by Federal Rule 9(b)).

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

[3] *O'Stricker v. Jim Walter Corp.* is the case that established the discovery rule for latent injuries in the context of asbestos litigation. 447 N.E.2d 727, 729 (Ohio Ct. App. 1983). *Harper* applied the *O'Stricker* test in a case involving DES, an ingestible estrogen medication, holding that "nonspecific ailments" could not trigger the statute of limitations. *Harper v. Eli Lilly and Co.*, 575 F. Supp. 1359, 1365 (N.D. Ohio 1983). *Viock* and *Venham* also applied *O'Stricker* and both involved toxic tort exposure in a workplace. *See Venham v. Astrolite Alloys*, 596 N.E.2d 585, 590 (Ohio Ct. App. 1991) (manganese poisoning); *Viock v. Stowe-Woodward Co.*, 467 N.E.2d 1378, 1385-86 (Ohio Ct. App. 1983) (chemical exposure). *Cacciacarne* was an IUD case in which the underlying claim was based on the plaintiff's inability to conceive a child and the court held the claim accrued when plaintiff's physician told her "she would not be able to conceive." 908 F.2d at 97. Although the doctor expressed concerns about the IUD potentially causing a tubal blockage, it was "especially" significant that "a month later both plaintiff and her doctor believed she could conceive and that her tubes were no longer blocked." *Id.* at 98. In *Makris v. Scandinavian Health Spa, Inc.*, the plaintiff was told that her pain was part of the recuperation process and thus had no reason to believe that her "neck pain was an actual injury caused by the leg press machine." 1999 WL 759989, at *2 (Ohio Ct. App. Sept. 20, 1999).

[4] Among other things, Plaintiff fails to allege if and when he provided presuit notice, which is required under Ohio express warranty law. *See Forsher v. J.M. Smucker Co.*, 2020 WL 1531160, at *8 (N.D. Ohio Mar. 31, 2020) ("Neither filing a lawsuit nor claiming the Defendant should have had knowledge constitutes notice under applicable law.")

Respectfully submitted,

Dated: March 18, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2021, a copy of the foregoing **DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF'S CASE (HOSKINS ESTATE) PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*