UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Poggensee, Edward, 1:17-cv-2675

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION TO DISMISS AND ALTERNATIVE REPLY IN SUPPORT OF CMO-28 MOTION TO DISMISS**

Cook urges the Court to deny Plaintiff Edward Poggensee's motion for reconsideration seeking reinstatement of his action against Cook (Dkt. 16076). Plaintiff admittedly failed to comply with CMO-28's requirements for responding to Cook's motion to dismiss, *see id.*, and his earlier response to a similar motion does not cure his failure here.

Moreover, Plaintiff's claims fail as a matter of law under Iowa's statute of limitations. Thus, whether the Court denies Plaintiff's present motion on the ground of futility or reinstates Plaintiff's action and addresses Cook's motion on its merits, the result is the same: Plaintiff's action fails as a matter of law and dismissal is appropriate.

**A.     Plaintiff Is Not Entitled to Reinstatement**

Plaintiff seeks relief under Federal Rule of Civil Procedure 60(a), but his motion neither discusses the Rule 60(a) standard nor meets its requirements. Rule 60(a) states:

> **(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an

> appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

This rule "applies only to an error of transcription, copying, or calculation, and not to a fundamental failure of discovery or notification." *Bershad v. McDonough*, 469 F.2d 1333, 1336 (7th Cir. 1972) (citing *West Virginia Oil & Gas Co. v. Breece Lumber Co.*, 213 F.2d 702 (5th Cir. 1954)).

Here, Plaintiff cites no clerical error or oversight in the Court's order dismissing his claim or any other part of the record. He argues instead that he "inadvertently relied" on his earlier response to a similar Cook motion instead of responding to Cook's motion to dismiss under CMO-28. Dkt. 16076 at 2-3. This is not a clerical error remediable under Rule 60(a), and Plaintiff cites no authority to suggest that it is.

Moreover, even assuming Plaintiff could somehow invoke Rule 60(a), he fails to meet the applicable standard. Plaintiff did not inadvertently omit or misstate something in a document; he admits that he simply failed to file a response to Cook's motion *at all*. CMO-28 is perfectly clear on the three ways a plaintiff can respond to a motion brought under the CMO: voluntarily dismiss, serve a three-page response, or file a declaration explaining why the plaintiff cannot respond to the motion at that time. *See* Dkt. 14601 at 3. Plaintiff did none of these things. Had he wanted to rely on a previous submission, he should have filed a response incorporating that submission (or at the very least advised the Court and Cook of that intended reliance in some other way) before the CMO's 15-day deadline. He failed to do so, and cannot retroactively excuse that failure now.

Finally, the great majority of Plaintiff's response to Cook's prior motion—the response on which Plaintiff says he intended to rely, Dkt. 16076 at 2-3—has no application to Cook's more recent motion. Plaintiff's first response spends the majority of its pages arguing that the

law of Iowa, his home state, applies to his claims. *See* Dkt. 12305 at 3-9. But Plaintiffs collectively have already prevailed on the choice-of-law argument, at least for actions commenced during the period when Plaintiff commenced his action. *See* Dkt. 13539 (Court's choice of law order, as modified). Most of the arguments in Plaintiff's earlier response are therefore moot, and have no application to the present motion. Plaintiff devotes only a single page to the merits of the statute-of-limitations argument Cook raised in both motions.

Plaintiff has failed to meet the standard for relief under Rule 60(a), and the Court should deny his motion.

**B.    Reinstatement of Plaintiff's Case Would Be Futile Because His Iowa Discovery Rule Arguments Do Not Save the Case From Dismissal**

Even if the Court were to excuse Plaintiff's failure to respond to Cook's motion to dismiss under CMO-28, the Court should nevertheless deny Plaintiff's motion for reconsideration on the ground that reconsideration and reinstatement would be futile because the undisputed facts establish that Iowa law bars Plaintiff's claims. In the alternative, to the extent that the Court elects to grant Plaintiff's motion, to reinstate Plaintiff's action, and to regard Plaintiff's response to Cook's earlier motion (Dkt. 12305, responding to Cook's motion, Dkt. 11921) as his response to Cook's CMO-28 motion (Dkt. 15875), the Court should grant Cook's motion to dismiss on that same ground, that the undisputed allegations and facts establish that Iowa's statute of limitations bars Plaintiff's claims.

In his motion for reconsideration, Plaintiff states he intended to rely on the arguments he raised in response to Cook's omnibus motion for summary judgment on the statute of limitation that was filed in October 2019, instead of filing a separate response in opposition to Cook's motion pursuant to CMO-28. *See* Pl.'s Mot. for Reconsideration of Order Granting Motion to

- 3 -

Dismiss, Dkt 16076 (attaching as exhibit Plaintiff's opposition brief originally filed on October 29, 2019 at Dkt. 12305).[12]

Plaintiff raised the following arguments in his response to Cook's omnibus motion: (1) three related arguments asking the Court to treat his case as filed in his "home" state of Iowa and not apply Indiana choice of law rules or the Indiana statute of limitations to his case; and (2) an argument that his claim is saved by the Iowa and Indiana discovery rule because once he "was aware the cause of his injury was the defective Cook IVC filter, he filed suit in a timely fashion for both Iowa and Indiana's two-year statute of limitations." *See* Pl. Resp., Dkt. 12305. As noted above, Plaintiff's arguments regarding the direct filing and choice of law issues are moot; the Court has already decided the choice-of-law issue, and Cook applied the Court's current choice of law ruling in its motion for judgment under CMO-28 and briefed the case under Iowa law. *See generally* Cook Defs.' Mot. for Judgment on the Pleadings in Pl.'s Case Pursuant to CMO-28 [Poggensee], Dkt. 15875, ¶¶ 5-6 (briefing case under Iowa law because Plaintiff qualified for equitable treatment under the Court's choice of law order).

The Iowa discovery rule does not save Plaintiff's claim. As Cook noted in its CMO-28 motion, Iowa's statute of limitations is two years, and Iowa's discovery rule encompasses inquiry notice. "A party is placed on inquiry notice when a person gains sufficient knowledge of

---

[1] By way of background, Cook filed its omnibus motion October 1, 2019, arguing that 26 open removal cases (including Plaintiff's case) were time-barred by the Indiana statute of limitations. *See* Dkts. 11921-22 (listing Plaintiff's case as no. 13 in list of cases). Cook filed its omnibus motion arguing Indiana law only before the Court modified its choice of law order, providing equitable treatment to some cases, including several cases that were part of the motion based on their filing dates. Cook's omnibus motion is continued as to the cases not governed by Indiana law under the choice of law order. *See* Aug. 13, 2020 Order, Dkt. 14000 (continuing motion as to 13 cases, including Plaintiff's case).

[2] Plaintiff's motion incorrectly states that Cook did not file a reply to its omnibus motion for summary judgment. Cook filed an amended omnibus reply on November 18, 2019. *See* Cook Defs.' Am. Reply in Support of Omnibus Mot. for Summary Judgment, Dkt. 12451.

- 4 -

facts that would put that person on notice of the existence of a problem or potential problem." *Buechel v. Five Star Quality Care, Inc.*, 756 N.W.2d 732, 736 (Iowa 2008).  Once inquiry notice attaches, "a person is charged with knowledge of facts that would have been disclosed by a reasonably diligent investigation." *Id.*  "Once a person is aware that a problem exists, the person has a duty to investigate 'even though the person may not have knowledge of the nature of the problem that caused the injury.'" *Id.* (quoting *Sparks v. Metalcraft, Inc.*, 408 N.W.2d 347, 352 (Iowa 1987)).  Put differently, Iowa law does not require knowledge of a specific defect or specific causation for the statute of limitations to start running; the statute is triggered by manifestation of injury and knowledge of a "problem or potential problem."  *Buechel* 756 N.W.2d at 736.

Here, Plaintiff underwent an open removal procedure ***more than four years before filing*** his complaint, with his physician performing the open removal procedure after multiple prior failed retrieval attempts and perforation of the duodenum.  See Dkt. 15876 (Plaintiff's sealed categorization medical record submitted in support of Cook's CMO-28 motion).  Thus, Plaintiff cannot reasonably deny that he knew of a "potential problem" with his filter that trigged inquiry notice, because he was aware that his filter could not be removed through conventional means and underwent an open procedure to have it removed.  *See id.*; *Kelly v. Ethicon, Inc.*, 2021 WL 54566, at *9 (N.D. Iowa Jan. 6, 2021) (granting summary judgment in time-barred pelvic mesh case because "[t]he fact that these conditions arose or increased after the implantation surgery and worsened over the course of years put the plaintiff on at least inquiry notice that a defect in the TVT implant may be the cause.").[3]

---

[3] While Plaintiff noted in his response that Indiana has a discovery rule, Plaintiff's claim would be barred under Indiana law by the Court's prior order granting summary judgment in six open removal cases that were also part of Cook's 2019 motion (Dkt. 14428), because the open

The sole case Plaintiff cited in his response is inapplicable. *Chrischilles v. Griswald*, 150 N.W.2d 94, 100 (Iowa 1967) is the case that first recognized the discovery rule in Iowa in the context of a negligent design claim against an architect. *Chrischilles* has been superseded by statute and later refinement of Iowa law on this issue. The cases Cook cites above such as the Iowa Supreme Court's *Buechel* decision from 2008 and the *Kelly* case decided by the Northern District of Iowa a few weeks ago correctly state current Iowa law on this issue. In any event, the passage from *Chrischilles* that Plaintiff quoted in his response does not save his claim, because Plaintiff cannot dispute that he underwent the open removal procedure to remove his filter and therefore he is not "wholly unaware of the nature of his injury and the cause of it." *Chrischilles*, 150 N.W.2d at 100.

Plaintiff did not raise arguments regarding the warranty claims or the consumer protection claim in his response and Cook therefore rests on the arguments it made in its CMO-28 motion regarding those claims.

## CONCLUSION

For the reasons stated above, Cook urges the Court to deny Plaintiff Edward Poggensee's motion for reconsideration seeking reinstatement of his action against Cook. Should the Court reinstate Plaintiff's action, Cook urges the Court in the alternative to grant Cook's motion for judgment pursuant to CMO-28 on the ground that Iowa's statute of limitations bars his claims as a matter of law.

---

removal procedure triggered accrual of the statute of limitations in those cases. *See also Valmore v. Janssen Pharm. Prods., LP.*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005) (explaining that the discovery rule in Indiana "looks only to when a plaintiff knew that he or she suffered an ascertainable injury, and knew or should have discovered that the injury was caused by the product or act of another. There is no requirement that the potential plaintiff know or believe a product is 'defective' before the limitations period may commence.").

US.131968417.05

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  March 19, 2021 | /s/ *Jessica Benson Cox* |
|  | Jessica Benson Cox, Co-Lead Counsel |
|  | Andrea Roberts Pierson |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 300 North Meridian Street, Suite 2500 |
|  | Indianapolis, Indiana  46204 |
|  | Telephone:  (317) 237-0300 |
|  | Andrea.Pierson@FaegreDrinker.com |
|  | Jessica.Cox@FaegreDrinker.com |
|  |  |
|  | James Stephen Bennett, Co-Lead Counsel |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 110 West Berry Street, Suite 2400 |
|  | Fort Wayne, Indiana  46802 |
|  | Telephone:  (260) 424-8000 |
|  | Stephen.Bennett@FaegreDrinker.com |
|  |  |
|  | *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2021, a copy of the foregoing **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION TO DISMISS AND ALTERNATIVE REPLY IN SUPPORT OF CMO-28 MOTION TO DISMISS** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*