UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to ALL ACTIONS

CASE MANAGEMENT ORDER # 29
(AGREED PROTECTIVE ORDER REGARDING THE SEALING OF
PROTECTED HEALTH INFORMATION SUBMITTED IN SUPPORT OF THE
COOK DEFENDANTS' MOTIONS FOR JUDGMENT IN PLAINTIFFS' CASES
PURSUANT TO CMO-28 AND CMO-8 CONFIDENTIAL INFORMATION
INCLUDED IN PLAINTIFFS' AMENDED SHORT FORM COMPLAINTS)

This Order shall govern (1) all cases transferred to this Court by the Judicial Panel on Multidistrict Litigation, including those cases identified in the original Transfer Order and those subsequently transferred as tag-along actions; and (2) all cases directly filed or removed to this MDL. It is ORDERED as follows:

A. **Sealing of Protected Health Information in Cook Defendants' Rule 12(c) Motions Under CMO-28.**

1. This Order is entered pursuant to Federal Rule of Civil Procedure 26(c), S.D. Ind. L.R. 5-11, and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

2. For the purposes of this Order, Protected Health Information ("PHI") has the meaning set forth in 45 C.F.R. §160.103 and shall refer only to PHI and medical privacy information disclosed to a Party or its representatives in the course of and for purposes of litigation in the above-captioned matter.

3. Pursuant to S.D. Ind. L.R. 5-11, the Cook Defendants have consistently *filed under seal* and *moved the Court to maintain under seal* Plaintiffs' PHI and medical records submitted by

the Cook Defendants in support of their various pleadings and motions, including Motions for Judgment in Plaintiffs' Case Pursuant to CMO-28. To date, the Cook Defendants have filed under seal and moved the Court to maintain under seal Plaintiffs' PHI and medical records *out of an abundance of caution* and notwithstanding the provisions of CMO-8, paragraph 11. f. in order to protect Plaintiffs' interest in their medical privacy. *See generally Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017) (private health information should be maintained under seal at least until consent by the patient is obtained).

4.  The Court anticipates the Cook Defendants will file a number of Motions for Judgment in Plaintiffs' Case Pursuant to CMO-28 which will require the disclosure and use of recollected and recorded PHI, the privacy of which is protected under HIPAA. By way of example, but not by way of limitation, the Parties anticipate disclosure of and possible use of: (a) PHI related to the implantation of Cook's medical device in Plaintiffs; (b) PHI, medical records, and other records regarding Plaintiffs' medical history and conditions; and (c) Plaintiffs' Case Categorization Submissions.

5.  In the absence of this Protective Order, each of the Cook Defendants' Motions for Judgment in Plaintiffs' Case Pursuant to CMO-28 which submit as supporting exhibits Plaintiff's PHI and other medical records and information under seal would also need to be accompanied by a separate, individual motion to maintain documents under seal pursuant to S.D. Ind. L.R. 5-11. The preparation, filing, and entry of such numerous individual sealing motions and accompanying orders maintaining documents under seal would be burdensome on the Cook Defendants, Plaintiffs, and the Court, and is inefficient.

6.  Accordingly, to protect Plaintiffs' medical privacy and in the interest of efficiency, the Court orders that the Cook Defendants may: (1) file Plaintiffs' PHI and other medical

information *under seal* as exhibits to Defendants' Motions for Judgment in Plaintiffs' Case Pursuant to CMO-28; and (2) ***forego*** the filing of a Motion to Maintain Documents Under Seal with respect to each individual Motion for Judgment in Plaintiffs' Case Pursuant to CMO-28 which submits Plaintiffs' PHI and other medical information as supporting exhibits. Plaintiffs' PHI and other medical information filed by the Cook Defendants under seal pursuant to this Protective Order shall be maintained under seal by the Clerk of the Court. In short, Plaintiffs' PHI and other medical information will be filed under seal by the Cook Defendants and maintained under seal by the Clerk of the Court *without* requiring the Cook Defendants to file a motion to maintain documents under seal or a further sealing order from the Court.

7. The Court orders Plaintiffs' PHI and other medical information filed by the Cook Defendants under seal in support of Defendants' Motions for Judgment in Plaintiffs' Case Pursuant to CMO-28 as set forth above shall be maintained under seal by the Clerk of the Court until: (1) Plaintiffs consent to what should be disclosed; or (2) the Court lifts sealing and orders disclosure.

8. The Court further orders that this Agreed Protective *shall apply retroactively* to Plaintiffs' PHI and other medical information previously filed under seal as exhibits to Defendants' Motions for Judgment in Plaintiffs' Case Pursuant to CMO-28 filed by the Cook Defendants during the period March 15, 2021 to date. These exhibits filed under seal by the Cook Defendants shall be maintained under seal by the Clerk of the Court under the terms of this Protective Order without requiring the Cook Defendants to file Motions to Maintain Documents Under Seal.

**B.** **Sealing of Plaintiffs' Amended Short Form Complaints that Include Information Governed by CMO-8 (Stipulated Protective Order on Confidential Information).**

1. On February 22, 2021, the Court granted the Cook Defendants' motion to dismiss, which argued Plaintiffs failed to adequately allege a claim of fraudulent concealment in either the Master Complaint or any individual Short Form Complaint. [Filing No. 15907, at ECF p. 106252.]

2. While the Court granted the Cook Defendants' motion, it further ordered Plaintiffs be given leave to amend their Short Form Complaints to include specific factual allegations supporting a claim for fraudulent concealment. [*Id.*, at ECF p. 106255.]

3. The Court anticipates that such amendments will likely include allegations relating to Cook confidential information governed by CMO-8.

4. In the absence of this Protective Order, each of Plaintiffs' Amended Short Form Complaints including Cook confidential information governed by CMO-8 would be required to be filed under seal by Plaintiffs, accompanied by a separate, individual motion to maintain documents under seal pursuant to S.D. Ind. L.R. 5-11, and supported by separate, individual briefs in support of sealing pursuant to S.D. Ind. L.R. 5-11. The preparation, filing, and entry of such numerous individual sealing motions, briefs in support of sealing, and accompanying orders maintaining documents under seal would be burdensome on Plaintiffs, the Cook Defendants, and the Court, and is inefficient.

5. Accordingly, to protect the Cook Defendants' interest in maintaining confidentiality of its internal commercial and business information and documents and in the interest of efficiency, the Court orders that any Plaintiff who wishes to amend his or her Short Form Complaint to include allegations of fraudulent concealment shall adhere to the following procedure: (1) file an Amended Short Form Complaint that references "fraudulent concealment" in paragraph 14 where a space is provided for "other" (the Amended Short Form Complaint shall not contain any specific factual allegations or disclose Cook confidential information governed by CMO-8) and (2) create a separate document containing specific allegations of fraudulent concealment that will be filed *under seal* and linked to the Amended Short Form Complaint.

6. The separate document containing the specific allegations of fraudulent concealment should be filed using the SEALED DOCUMENT under "other filings – other documents" event. This should prompt the filer to link this document back to the Amended Short Form Complaint.

7. The Amended Short Form Complaint and the separate document containing specific allegations of fraudulent concealment (filed *under seal*) should both be filed in the Master MDL docket and spread to the individual member case.

8. Plaintiffs' separate documents containing the specific allegations of fraudulent concealment filed under seal pursuant to this Protective Order shall be maintained under seal by the Clerk of the Court without requiring Plaintiffs to file a motion to maintain documents under seal, without requiring the Cook Defendants to file briefs in support of sealing, and without any further sealing order from the Court.

9. The Court orders that Plaintiffs' separate documents containing the specific allegations of fraudulent concealment shall be maintained under seal by the Clerk of the Court until: (1) the Cook Defendants consent to what can be disclosed; or, (2) the Court lifts sealing and orders public disclosure.

**SO ORDERED** this 25th day of March 2021.

                                                RICHARD L. YOUNG, JUDGE
                                                United States District Court
                                                Southern District of Indiana

**AGREED TO BY:**

| */s/ Joseph N. Williams* | */s/ Jessica Benson Cox* |
|---|---|
| Joseph N. Williams | Jessica Benson Cox, Co-Lead Counsel |
| RILEY WILLIAMS & PIATT, LLC | Andrea Roberts Pierson |

301 Massachusetts Avenue
Indianapolis, Indiana  46204
Telephone:  (317) 633-5270
jwilliams@rwp-law.com

Michael W. Heaviside
HEAVISIDE REED ZAIC
312 Broadway, Suite 203
Laguna Beach, California  92651
Telephone:  (949) 715-5120
mheaviside@hrzlaw.com

Ben C. Martin
LAW OFFICE OF BEN C. MARTIN
3219 McKinney Avenue, Suite 100
Dallas, Texas  75204
Telephone:  (214) 761-6614
bmartin@bencmartin.com

David P. Matthews
MATTHEWS & ASSOCIATES
2905 Sackett Street
Houston, Texas  77098
Telephone:  (713) 522-5250
dmatthews@thematthewslawfirm.com

*Lead Co-Counsel for Plaintiffs*

FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
*Jessica*.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Counsel for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*