IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC, IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                              MDL No. 2570

_____

This Document Relates to Plaintiff(s)
<u>Jean Michelle Moeders</u>

 Civil Case #1:20-cv-169 (limit 3 pages)

_____

**PLAINTIFF'S OPPOSITON TO COOK DEFENDANTS'
<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

Plaintiff, Jean Michelle Moeders, hereby opposes Defendants' Motion for Judgment on the

pleadings (Doc. 16179) ("Motion").  Defendants' Motion is based entirely on the belief that

Plaintiff's claims are barred by the Oregon statute of repose.  However, Nevada law applies to this

case, not Oregon law, and no applicable statute of repose exists under Nevada law.  Additionally,

due to Defendants' fraudulent concealment of the defects in its Gunther Tulip filter, it was nearly

impossible for Plaintiff to discover her injuries were caused by defects in that filter until she was

diagnosed with those injuries beginning in July of 2019.  Plaintiff is filing an amended complaint

adding a claim for fraudulent concealment as permitted by this Court, and respectfully requests

this Court deny Defendants' Motion based on the following:

**<u>BRIEF ARGUMENT</u>**

Plaintiff was implanted with Defendants' Gunther Tulip filter on June 12, 2006, in Nevada

(not Oregon), and the filter was purchased and prescribed there. (Short Form Complaint ("SFC"),

Doc. 1, Paras. 11-12).  She was later diagnosed with her initially identified injuries – filter tilt and

perforation of the IVC – on July 12, 2019 in Washington (not Oregon).  She has since been

1

diagnosed with more significant perforations involving struts contacting the L3 vertebral body and psoas muscle.  While Plaintiff currently resides in Oregon and was a resident of Oregon at the time her initial injury was discovered, these contacts are not the most relevant to the particular issues in this case.  (SFC, Paras. 5-6).

As this Court previously agreed in adopting the choice of law rules of the state where a case originated, "the best approach is to treat foreign direct filed cases as if they were transferred from the judicial district sitting in the state where the case originated."  *In re Cook Med., Inc., IVC Filters Mktg., Sales Practices & Prod. Liab. Litig.*, 2017 WL 2362003, at *1–2 (S.D. Ind. May 31, 2017).  Applying the rationale of a South Carolina federal district court, this Court noted "it would be an odd result to subject plaintiffs to [Indiana] law simply because they took advantage of the direct filing procedure—a procedure that provides benefits to all parties and preserves judicial resources." *Id.*  This is consistent with the law of this federal district that when a case is filed directly in the MDL transferee court, the court applies the law, including choice-of-law rules, of the state where the case originated.  *See e.g. Cutter v. Biomet, Inc.*, 244 F. Supp. 3d 793, 800 (N.D. Ind. 2017); *Miles v. Biomet Orthopedics, LLC*, 2017 WL 1133666, at *5 (N.D. Ind. Mar. 26, 2017); *Slater v. Biomet, Inc.*, 244 F. Supp. 3d 803, 808 (N.D. Ind. 2017).  It's appropriate to treat a foreign direct-filed case as if it had been filed in the state where the plaintiff purchased and was prescribed the subject [product]. *Id.* (all citing *In re Watson Fentanyl Patch Prods. Liability Litig.*, 977 F.Supp.2d 885, 888 (N.D. Ill. 2013)).

In this case, Plaintiff's IVC filter was purchased in Nevada, prescribed in Nevada, and implanted in Nevada; thus, Nevada choice-of-law rules apply.[1]  In 2006, the Nevada Supreme

---

[1]/Should this Court believe Indiana choice of law rules apply, Indiana also applies a modified version of the "most significant relationship" test. *See e.g. Hubbard Mfg. Co. v. Greeson*, 515 N.E.2d 1071, 1073–74 (Ind. 1987); *Paper Mfrs. Co. v. Rescuers, Inc.*, 60 F. Supp. 2d 869, 875 (N.D. Ind. 1999)

Court adopted the "most significant relationship" test set forth in Sections 145 and 146 of the Second Restatement. *Gen. Motors Corp. v. Eighth Jud. Dist. Ct. of State of Nev. ex rel. Cty. of Clark*, 122 Nev. 466, 474–75, 134 P.3d 111, 117 (2006).   Because the filter was prescribed, purchased, and implanted in Nevada, Nevada has the "most significant contacts" with this case. *See e.g. Cutter*, 244 F. Supp. 3d at 800; *Miles*, 2017 WL 1133666, at *5; *Slater*, 244 F. Supp. 3d at 808.   While the state where the injury occurred is a consideration under *General Motors Corp.*, it is not controlling where, as in this case, another state case has a more significant relationship. 122 Nev. at 474–75, 134 P.3d at 117.   Here, Plaintiff's injury was diagnosed in Washington, but that state has no additional relationship of any kind to this case whereas Nevada is the state of prescription, sale, and implant.

Counsel for Plaintiff has done a significant amount of legal research, and it appears no statute of repose exists for product liability personal injury claims under Nevada law.   As such, Plaintiff's claims are not time barred as argued by Defendants, and Defendants' Motion should be denied.

## **CONCLUSION**

For the forgoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion, and  any further relief this Court deems just and proper.

Respectfully submitted,

/s/ David C. DeGreeff
Thomas P. Cartmell MO #45366
Jeffrey M. Kuntz MO #52371
David C. DeGreeff MO #55019
WAGSTAFF & CARTMELL LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Office Tel: 816-701-1100
Fax: 816-531-2372
tcartmell@wcllp.com
jkuntz@wcllp.com
ddegreeff@wcllp.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2021, a copy of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

By: */s/ David C. DeGreeff*
      David C. DeGreeff

4