UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Ryon, Levi, 1:16-cv-06038

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Comes Now Levi Ryon (hereinafter referred to as "Plaintiff"), by and through his attorney of record, Paul T. Boudreaux, of the Law Firm of Richardson Richardson Boudreaux, and hereby respectfully presents this Honorable Court with his response to Cook Medical, Inc.'s *Defendant's Motion for Judgment in Plaintiff Levi Ryon's Case Pursuant to CMO-28*, filed on March 15, 2021. Plaintiff's response is supported by the attached Brief in Support.

Respectfully Submitted,

Paul T. Boudreaux, OBA # 990
7447 South Lewis Avenue
Tulsa, OK 74136
Telephone: (918) 492-7674
Facsimile: (918) 493-1925
Email: paul@rrbok.com
*Attorney for Plaintiff*

1

BRIEF IN SUPPORT

Fed. R. Civ. P 12 (c) states in pertinent part, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Such a motion is subject to the same standard as a Rule 12 (b)(6) motion to dismiss. *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989). The court must view all of the facts in light most favorable to the non-moving party. *National Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987). The Court may only grant the motion "if it appears beyond doubt that the [nonmovant] cannot prove any facts that would support his claim for relief." *State Auto Prop. & Cas. Ins. Co. v. Shores Builders, Inc.*, 2020 U.S. Dist. LEXIS 183922 (citing *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Further, as correctly stated in Defendant's Motion, it is the substantive law of the State of Oklahoma which applies to this case. Oklahoma follows the discovery rule, "which allows statutes of limitation in certain tort cases to be tolled until the injured party knows or, in the exercise of reasonable diligence, should have known of the injury." *Calvert v. Swinford*, 382 P.3d 1028, 1033 (Okla. 2016).

In the present matter, Plaintiff has asserted claims for personal injury under Oklahoma, law. Specifically, Plaintiff's Petition was filed in the District Court of Tulsa County, State of Oklahoma on June 21, 2016. The Petition alleges counts of strict products liability—failure to warn; strict products liability—design defect; negligence; negligence per se; breach of express warranty; breach of implied warranty; violations of applicable state laws prohibiting consumer fraud and unfair and deceptive trade practices; and punitive damages. Here, Plaintiff can show that he did not discover that there was a defect with the IVC filter that caused him injury until approximately May of 2016, which independently defeats the Motion for Judgment on the Pleadings. As evidenced by the attached affidavits from the Plaintiff and his wife, Father and

2

Mother, attached hereto as Exhibits A, B, C and D, Plaintiff became aware that he had suffered actionable injury *and that such injury was caused* by Defendant's defective product as a result of a television commercial that they all saw simultaneously.

For the foregoing reasons, the Court should deny the Defendant's Motion for Judgment on the Pleadings and allow the Plaintiff to proceed on the merits.

Respectfully submitted,

Dated: March 25, 2021

Paul T. Boudreaux, OBA # 990
7447 South Lewis Avenue
Tulsa, OK 74136
Telephone: (918) 492-7674
Facsimile: (918) 493-1925
Email: paul@rrbok.com
*Attorney for Plaintiff*

3