**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to the Following Actions:

1:18-cv-03887; 1:18-cv-03082; 1:20-cv-00668; 1:20-cv-02428;
1:19-cv-04983; 1:19-cv-05015; 1:19-cv-05071; 1:19-cv-02848;
1:20-cv-02615; 1:18-cv-03893; 1:20-cv-00005; 1:18-cv-03752;
1:20-cv-00018; 1:19-cv-00081; 1:20-cv-00031; 1:20-cv-00666;
1:18-cv-02282; and 1:20-cv-00106.

_____

**MOTION TO DISMISS UNKNOWN PRODUCT CASES
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 8(a)**

Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS (collectively, "Cook"), respectfully request that the Court dismiss 18 pending cases on the ground that they fail to make the "short and plain statement" of their claims required by Federal Rule of Civil Procedure 8(a), specifically that these Plaintiffs' pleadings fail to identify the product they allege caused their injuries. In support of this Motion, Cook states:

1. Federal Rule of Civil Procedure 8(a) requires that a "pleading that sets forth a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief."

2. This Rule requires a claimant to state sufficient facts to give the responding party fair notice of what the party's claim is and the grounds on which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

3. In a product liability case like these, it is axiomatic that to have fair notice of a plaintiff's claim, a defendant must know what product the plaintiff claims caused the alleged harm. *Hall v. DaimlerChrysler Corp.*, No. 03-20771-CIV, 2003 WL 25763225, at *1 (S.D. Fla. June 23, 2003) (dismissing plaintiffs' complaint under Rule 8(a)(2) because it failed "to allege facts identifying the products that caused Plaintiffs' alleged injuries"); *Z Best Body & Paint Shops, Inc. v. Sherwin-Williams Co.*, No. EDCV 16-02398-SVW-KK, 2017 WL 3081689, at *2 (C.D. Cal. Mar. 15, 2017) (dismissing plaintiff's complaint under Rule 8(a) because it "not identify a single product at issue"); *see also Esposito v. I–Flow Corp.*, No. 10–cv–3883, 2011 WL 5041374 (E.D.Pa., Oct. 24, 2011) (dismissing plaintiff's complaint because plaintiff was unable to identify which manufacturer was responsible for the particular product placed in the plaintiff); *Kester v. Zimmer Holdings, Inc.*, No. 2:10–cv–00523, 2010 WL 2696467 (W.D. Pa., June 16, 2010) (same).

4. The 18 plaintiffs subject to this motion have failed to identify the product(s) that caused Plaintiffs' alleged injuries.

- Plaintiffs have not identified the product at issue in their complaints.
- Plaintiffs have not identified the product at issue in their plaintiff profile sheets, as required by this Court's Case Management Orders.
- Plaintiffs have not identified the product at issue in response to letters from Cook specifically seeking that information.

To simplify documentation, Cook has prepared the attached Exhibit A, which lists each case in which the Plaintiff has failed to identify the product at issue or to produce basic factual information regarding their claims and allegations. Cook sent a letter to each of these Plaintiff's attorneys notifying them of this deficiency. *See* attached Exhibit B, Affidavit of Blake A. Angelino. None of these Plaintiffs' attorneys responded to the letter. *See* Exhibit A to Aff. of B. Angelino.

5. As of the date of this Motion, none of these 18 Plaintiffs has identified in any way the Cook product that they claim caused their injuries.

6. Cook recognizes that Rule 8(a) sets a low bar for pleading claims. Nevertheless, in product liability actions like these, the "fair notice" contemplated by the Rule requires at the very least that the plaintiff identify the product that supposedly caused the plaintiff's injuries. *See, e.g., Hall*, 2003 WL 25763225, at *1. A defendant cannot even begin to defend its product where the plaintiff has not even identified what that product is.

7. Plaintiffs here have failed to meet even the liberal pleading requirement of Rule 8(a)(2). They have failed to allege or identify the product at issue in any way and, as a result, have failed to give defendants fair notice of the claims against them or of the grounds for those claims as required by Rule 8(a)(2).

8. Accordingly, pursuant to Federal Rule of Civil Procedure 8(a), Cook respectfully requests that the Court dismiss the cases listed in Exhibit A.

WHEREFORE, Cook respectfully requests that the Court dismisses the cases listed on Exhibit A, and for all other just and appropriate relief.

Dated: March 26 2021

                                                     Respectfully Submitted,

*/s/ Kip S.M. McDonald*
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
Kip S.M. McDonald
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com
Kip.McDonald@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2021, a copy of the foregoing Motion to Dismiss Unknown Product Cases Pursuant to Federal Rule 8(a) was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Kip S.M. McDonald*