UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

**This Document Relates to:**
**Cause No. 1:18-cv-00081-RLY-TAB**
**Lillie Sauls v. Cook Incorporated et al**

### UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE A MOTION TO SUBSTITUTE THE PROPER PARTY

COMES NOW the undersigned counsel and files this *Unopposed Motion for Extension of Time to File a Motion to Substitute the Proper Party* (the "Motion"), and would respectfully show the Court as follows:

1.   On January 8, 2021, a Notice of Suggestion of Death of Plaintiff Lillie Sauls was filed. [Filing No. 15419].On January 14, 2021 The Court entered its Order on Suggestion of Death and noted that pursuant to Fed. R. Civ. P. 25(a)(1), a party has 90 days to file a motion substituting the proper party and that failure to do so would result in the dismissal of Plaintiff's case.  That Motion to Substitute is due on April 8, 2021.

2.   The undersigned respectfully requests an extension of time to file the Motion to Substitute Proper Party.  The undersigned respectfully requests the due date for the Motion be extended to June 4, 2021, for good cause shown. This request is made under Fed. R. Civ. P. 6 and Local Rule 6-1(c).

3.   The deadline to file a Rule 25 Motion to Substitute Proper Party is one that can be extended for good cause under Fed. R. civ. P. 6. . *See, e.g., Atkins v. City of Chicago*, 547 F.3d

869, 872 (7th Cir. 2008) (applying Fed. R. Civ. P. 6 and noting, a "decedent's lawyer … for obvious practical reasons[,] is permitted to file a motion for an extension of time if there is no executor because the decedent died without a will and an administrator of the estate has not yet been named."), citing *Continental Bank, N.A. v. Meyer,* 10 F.3d 1293, 1297 (7th Cir. 1993). Fed. R. Civ. P. 6(b)(1) states a court "may, for good cause, extend the time" to perform an action if a request is made before the deadline expires. Fed. R. Civ. P. 6(b)(1).

4. The deadline to file the motion has not yet expired, and the undersigned counsel respectfully submits that there is good cause to extend the deadline. There has not yet been an appointment of an administrator nor any other personal representative to administer the estate of our deceased plaintiff, Ms. Lillie Sauls. When Ms. Sauls passed away she was believed to be intestate. Having found no will, Mr. Rodney Sauls (the only son and apparent heir to Ms. Sauls' estate) hired a probate attorney and filed a determination of heirship proceeding in Harris County, Texas. It was expected that, during the course of this proceeding, an administrator would be appointed over the estate. An attorney ad litem was appointed to investigate and confirm the heirs of Ms. Sauls. During this investigation, the attorney ad litem discovered that Ms. Sauls did in fact leave a Last Will and Testament. Specifically, the attorney ad litem spoke to Ms. Sauls' longtime close friends to determine her heirs. One of these friends had actually driven Ms. Sauls to their church for the purpose of executing the Will in the presence of witnesses. This person saw Ms. Sauls execute a will on that occasion.  See Exhibit A.

5. On or about March 5, 2020 the will itself was finally located along with a codicil. In it, Ms. Sauls named that very same close friend and his brother as co-executors of her Estate – however, being elderly, neither of these gentlemen are willing to serve. It was also discovered

that Mr. Sauls is not the only heir to the estate: the Will made several specific bequests to other beneficiaries. See Exhibit A.

6. On or about March 15, 2021 the will and codicil were filed with the Texas probate court. On or about March 22, 2021 the requisite citations were published. Mr. Sauls' probate counsel also sought guidance from the Texas probate court as to essentially converting the heirship proceedings into a probate of will and appointing an executor. On March 23, 2021 the undersigned received correspondence from Mr. Sauls' probate attorney indicating that the probate court requires the heirship proceeding to be dismissed before moving forward with probating the will. However, before the heirship proceeding can be dismissed, the attorney ad litem must file and have approved an application for payment of his fees and expenses. Once the probate court enters an order approving the ad litem fees, the motion to dismiss can be filed. After the probate court signs an order of dismissal, I can then request a hearing to appoint the executor. Currently, the probate court is able to schedule hearings three to four weeks after a hearing is requested. See Exhibit A.

7. On March 23, 2021, Mr. Sauls' counsel advised the undersigned attorney that there is not going to be an executor appointed by the deadline to file the necessary Motion to Substitute Proper Party. See Exhibit A.

8. Thus Plaintiff requests that the deadline to file her Motion to Substitute the Proper Party be extended to June 4, 2021. The length of the extension that Plaintiff seeks is not excessive and is not sought for the purposes of delay but that justice may be done.

9. Counsel for Plaintiff conferred with counsel for Defendants on March 10, 2021. At this time it was known that a will had been located, but there had not yet been guidance as to the manner in which the Texas probate court would want to proceed. Having received that

guidance on March 23, 2021, the undersigned counsel is sure that this extension must be requested and is necessary for good cause. Defendants' counsel does not oppose this motion or the requested extension of time.

10.  Plaintiff therefore respectfully requests that this Court grant this motion for an extension of time, and enter the attached proposed order extending the deadline to file the Motion to Substitute the Proper Party, to June 4, 2021. This is the first extension of time requested by the Plaintiff.

        Respectfully submitted,

        THE SPENCER LAW FIRM

        */s/ K. A. Robards*
        Kimberlyann A. Robards TBN 24086249
        E-mail:  kimrobards@spencer-law.com
        Thomas Ryan Lemens TBN 24109463
        E-mail:  thomaslemens@spencer-law.com
        4635 Southwest Freeway, Suite 900
        Houston, Texas 77027
        Telephone: (713) 961-7770
        Facsimile: (713) 961-5336

        ***Attorneys for Plaintiff Lillie Sauls***

### CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel for Plaintiff conferred with counsel for Defendants on March 10, 2021. During that conference, counsel indicated that Defendants do not oppose this motion or the requested extension of time.

        */s/ K. A. Robards*
        Kimberlyann A. Robards

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of March, 2021, I electronically filed this document with the clerk of the court using the CM/ECF system which will send notification of this filing to CM/ECF participants registered to receive service in this MDL.

_____
Kimberlyann A. Robards