# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570
**DEMAND FOR JURY TRIAL**
**ATTORNEY LIEN CLAIMED**

This Document Relates to Plaintiff(s)

**TIM MARSHAL**
**Civil Case # 1:17-cv-1812**

## FIRST AMENDED SHORT FORM COMPLAINT

COMES NOW the Plaintiff named below, and for his Complaint against the Defendants named below, incorporates The Master Complaint in MDL No. 2570 by reference (Document 213). Plaintiff further shows the court as follows:

1. Plaintiff/Deceased Party: Tim Marshal

2. Spousal Plaintiff/Deceased Party's spouse or other party making loss of consortium claim: N/A.

3. Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator): N/A

4. Plaintiff's/Deceased Party's state of residence at the time of implant: Oklahoma.

5. Plaintiff's/Deceased Party's state of residence at the time of injury: Oklahoma.

6. Plaintiff's/Deceased Party's current state of residence: Oklahoma.

7. District Court and Division in which venue would be proper absent direct filing: The U.S. Northern District of Oklahoma

1

8. Defendants (Check Defendants against whom Complaint is made): All Listed in Master Complaint, including but not limited to: Cook Group, Inc. and Cook Group, Incorporated and:

   X Cook Incorporated aka Cook Inc and/or Cook, Inc.; Cook Medical, Incorporated aka Cook Medical, Inc.; Cook Group, Incorporated aka Cook Group, Inc.; Medical Engineering and Development Institute, Inc.; Cook Medical Technologies, LLC aka Cook Medical Technologies; MED Institute, Inc., a resource for Cook Group Companies; Cook MED Institute, Inc. aka Cook Research Incorporated; Cook Denmark International APS; Cook Denmark Holding APS; & Cook Nederland BV.

   X Cook Medical, LLC, formerly known as Cook Medical, Incorporated.

   X William Cook Europe APS aka and/or Cook Europe APS and/or Cook Group Europe APS.

9. Basis of Jurisdiction:

   X Diversity of Citizenship

   Other: _____

   a. Paragraphs in Master Complaint upon which venue and jurisdiction lie: ¶6-27

   b. Other allegations of jurisdiction and venue:  <u>The Short Form Complaint was initially filed June 1, 2017. By filing this Amended SF Complaint, Plaintiff does not waive the previously determined jurisdictional or choice of law issues or consent to any deviation from that which was previously determined. Plaintiff is a resident of Tulsa County, In the State of Oklahoma in the U.S. Northern District of Oklahoma for six months preceding the initial filing of this action on June 1, 2017 to present and at all times material to this action. That Defendants have significant contacts with the State of Oklahoma at all times material herein and six months preceding the filing of this action. Jurisdiction and venue are proper in the U.S. Northern District Court.</u>

10. Defendants' Inferior Vena Cava Filter(s) about which Plaintiff(s) is making a claim (Check applicable Inferior Vena Cava Filters):

    ☐ Günther Tulip® Vena Cava Filter

    X <u>Cook Celect® Vena Cava Filter - Lot No.: E3143578</u>

    ☐ Gunther Tulip Meyers

    ☐ Cook Celect Platinum

    ☐ Other

4

11. Date of Implantation as to each product: <u>December 16, 2013</u>

12. Hospital(s) where Plaintiff was implanted (including City and State):

   <u>Hillcrest Medical Center, 1120 South Utica Ave., Tulsa, Oklahoma 74104</u>

13. Implanting Physician(s): <u>Raj H. Chandwaney, M.D., Oklahoma Heart Institute, Utica Office, 1265 S. Utica Ave., Suite 300, Tulsa, Oklahoma 74104</u>.

14. Counts in the Master Complaint brought by Plaintiff(s):

   | | | |
   |---|---|---|
   | X | Count I: | Strict Products Liability – Failure to Warn |
   | X | Count II: | Strict Products Liability – Design Defect |
   | X | Count III: | Negligence |
   | X | Count IV: | Negligence Per Se |
   | X | Count V: | Breach of Express Warranty |
   | X | Count VI: | Breach of Implied Warranty |
   | X | Count VII: | Violations of Applicable OK Law 15 O.S. §751, et. seq. |

   "The Oklahoma Consumer Protection Act" and Oklahoma laws Prohibiting Consumer Fraud and Unfair and Deceptive Trade Practices and attached hereto as Ex. A."

   | | | |
   |---|---|---|
   | ☐ | Count VIII: | Loss of Consortium |
   | ☐ | Count IX: | Wrongful Death |
   | ☐ | Count X: | Survival |
   | X | Count XI: | Punitive Damages |
   | X | Other: | <u>Fraudulent Concealment. See attached brief for specific allegations.</u> |

   <u>Emotional Distress. Defendants' actions in the setting in which they occurred were so extreme and outrageous as to go beyond all possible bounds of decency and would be considered atrocious and utterly intolerable in a civilized society; and Defendants intentionally or recklessly caused severe emotional distress to Plaintiff beyond that which a reasonable person could be expected to endure.</u>

   X   Other: <u>Common Law Fraud, Fraudulent Concealment & Omission; Deceit, and Misrepresentation in Oklahoma for Defendants' failure to disclose and warn of known defects. See allegations in Master Complaint as amended and attached hereto as Ex. "A." Fraudulent Concealment. See attached Ex. "A" for specific allegations.</u>

   XI   Other: <u>Agency, Joint and Several Liability, Vicarious Liability, Respondeat Superior, Joint Venture, Negligent Managing, Supervising, Hiring and Reviewing</u>

<ins>Performance of Product, Testing and/or Staff</ins>.

XII   Other: <ins>Tolling of the Limitations Period. As a result of Defendants' concealment, misrepresentation, nondisclosure, and other actions, as stated in the Master Complaint as amended and on Ex. "A," Plaintiff and/or his physicians could not have reasonably known or learned through reasonable diligence of the risks associated with the filter and its dangers. See attached Ex "A" for specific allegations.</ins>

<ins>Furthermore, that Plaintiff was unaware and unable to exercise reasonable diligence to know of the defects and claims in this Litigation until December 2016. No limitations period should accrue until such time as Plaintiff actually knew of a causal connection. (See Ex. "A" incorporated by reference). See attached Ex "A" for specific allegations.</ins>

<ins>Defendants should be equitably estopped from asserting any statute of limitations due to its misconduct and other misconduct described in the Master Complaint as amended and herein and as incorporated by reference to Ex. "A" and as may be discovered. See attached Ex "A" for specific allegations.</ins>

15. Attorney for Plaintiff(s):

   <ins>Tracy A. Cinocca of the firm Tracy A. Cinocca, P.C.</ins>

16. Address and bar information for Attorney for Plaintiff(s):

   <ins>Address: 10024-A S. Mingo Rd., Ste. 238, Tulsa, Oklahoma 74133</ins>

   Bar #: 17850

>   Respectfully Submitted,
>   **TRACY A. CINOCCA, P.C.**
>
>   /s/ Tracy A. Cinocca
>   Tracy A. Cinocca, OBA # 17850
>   10026-A South Mingo Road, Suite 238
>   Tulsa, Oklahoma 74133
>   *Telephone (918) 488-9117*
>   *Email: tcinocca@cinoccalaw.com*
>
>   *Counsel for Plaintiff Tim Marshal*

**DEMAND FOR JURY TRIAL**
**ATTORNEY LIEN CLAIMED**

**EXHIBIT "A" FILED SEPARATELY UNDER SEAL AND INCORPORATED BY REFERENCE**

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 26, 2021, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                           /s/ Tracy A. Cinocca