UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND TAB PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-MDL No. 2570 |

This Document Relates to the Following Case:

Christopher Wilburn, 1:20-cv-3078

**PLAINTIFF'S RESPONSE TO THE COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

On March 15, 2021, defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe APS (collectively "the Cook Defendants") moved for judgment on the pleadings dismissing Plaintiff Christopher Wilbrn's complaint as barred by the Tennessee Statute of Repose. Dkt. # 16176.  Because the statute of repose directly conflicts with the provisions of the Tennessee statute governing the timing of products liabilities actions, Plaintiff respectfully requests that the Court deny Defendants' motion.

Without hiding the ball, this Court has previously addressed similar factual scenarios and in both orders the Court granted Defendants judgment on the pleadings.  Dkt. #s 4918, 14426. Without wasting valuable judicial resources, Mr. Wilburn advances an alternative legal theory upon which the Court respectfully should find that her action is not barred by the statute of repose.

While the language of Tenn. Code Ann. § 29-28-103(a) is fairly straightforward—any personal injury action against a manufacturer of a product must be brought within 10 years from

the date of purchase—it is in direct conflict with another Tennessee statute governing the timing of products liability actions. Tenn. Code Ann. § 28-3-104(b)(2)-(3) provides that "in products liability cases . . . (2*) No person shall* be deprived of the right to maintain a cause of action until one (1) year from the date of the injury; and (3) *under no circumstances shall* the cause of action be barred before the person sustains an injury." (Emphasis added).

Despite this plainly-direct conflict, the Tennessee Court of Appeals has held on at least two instances that no conflict exists between the two statutory provisions. In *Wyatt v. A-Best Prods. Co.* the court tersely stated that

> A cursory comparison of the language quoted [from section 28-3-104(b)] with that of T.C.A. § 29-28-103(a) ("*notwithstanding any exceptions to these provisions* [which would include § 28-3-104(b)] . . . *in any event*, the action must be brought within ten (10) years . . ." (emphasis added) provides the answer to that contention—there is no conflict between the two statutes.

924 S.W.2d 98, 104 (Tenn. Ct. App. 1995). In *Jones v. Methodist Healthcare*, the Tennessee Court of Appeals repeated this discussion from *Wyatt* verbatim. 83 S.W.3d 739, 744-45 (Tenn. Ct. App. 2001).

With all due respect to the Tennessee Court of Appeals, Plaintiff would suggest that *Wyatt* and *Jones* are premised on an incorrect conflict analysis. The *Wyatt* court stated that no conflict exists between the two statutes because the statute of repose states that "notwithstanding any exceptions to these provisions" an action must be brought within 10 years of sale. Tenn. Code. Ann. § 29-28-103(a). Respectfully, the *Wyatt* court misreads the grammar of the sentence at issue, and the larger interrelation between the two statutes.

Here it is necessary to pull back and reexamine the original language of the statute of repose devoid of the *Wyatt* court's bracketed addition. The statute of repose reads:

> Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the

2

> period fixed by §§ 28-3-104, 28-3-105, 28-3-202 and 47-2-725, but notwithstanding any exception to these provisions, it must be brought within six (6) years of the date of injury, in any event, the action must be brought within ten (10) years from the date for which the product was first purchased for consumption . . . .

Tenn. Code Ann. § 29-28-103(a).  First, the statute of repose specifically incorporates the requirements of Section 28-3-104, so to say it then also negates those requirements is contradictory on its face.  But more importantly, the *Wyatt* court alters the grammar of the sentence.

In the original, the statute of repose reads "notwithstanding any exceptions to these provisions" specifically referring to any exceptions to sections 28-3-104, 28-3-105, 28-3-202, and 47-2-725 enumerated immediately before the quoted language.  As altered by the *Wyatt* court, the segment reads "*notwithstanding any exceptions to these provisions* [which would include § 28-3-104(b)] . . . in any event, the action must be brought within ten (10) years . . ."  Thus, the *Wyatt* court changed the language from meaning 'notwithstanding any exception to section 28-3-104' to 'notwithstanding section 28-3-104.'  Instead of incorporating the timing requirements of section 28-3-104, as required by the statute of repose, the *Wyatt* court altered the language to supplant those requirements.

One cannot reasonably say there is no conflict where one statute provides that "under no circumstances" may a cause of action be barred before injury, while another provides (as interpreted by the courts) that an action may be barred regardless of when the injury occurs if the statute of repose runs.  In light of this conflict, this Court should apply Tennessee Statute 28-3-104(b) and deny the Cook Defendants' motion for judgment on the pleadings because Mr. Wilburn's products-liability action may not be barred before his injury, and he possesses an absolute right to bring suit up to one year from the date of his injury.

        Respectfully Submitted,

        <u>*/s/ Steve Schulte*</u>
**Steve Schulte**
Texas Bar No. 24051306
schulte@fnlawfirm.com
Darren Patrick McDowell
Texas Bar No. 24025520
dmcdowell@fnlawfirm.com
**FEARS NACHAWATI, PLLC**
5473 Blair Road
Dallas, Texas
Tel. (214) 890-0711
Fax (214) 890-0712

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on March 29th, 2021 a true and correct copy of *Plaintiffs' Response to Cook Defendants' Omnibus Motion for Judgment on the Pleadings Based on Statute of Repose in Texas and Tennessee* was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF counsel of record.

Dated: March 29, 2021

> Respectfully Submitted,
>
> */s/ Steve Schulte*
> **Steve Schulte**