UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Case:

Kelly Frank, 1:15-cv-1070

**PLAINTIFF'S RESPONSE TO THE COOK DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS**

On March 15, 2021, defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe APS (collectively "the Cook Defendants") moved for judgment on the pleadings dismissing Plaintiff Kelly Frank's complaint as barred by the Indiana statute of limitations. Dkt. # 16203.

As an initial matter, the Court should apply Virginia, not Indiana law. Defendants assert that Indiana law should apply on the basis of the Court's May 29, 2020 choice-of-law order. Dkt. 16203 at 1; Dkt. 13539. However, that order provides that Indiana choice of law rules apply, not that Indiana substantive law applies. *Id*.

Under the Indiana choice of law rules, "in tort cases [in] Indiana . . . if a conflict exists, the presumption is that the traditional lex loci delicti rule . . . will apply." *Simon v. U.S.*, 805 N.E.2d 798, 804-05 (Ind. 2004). The presumption that the law of the place of injury applies may be overcome based on: "1) the place where the conduct causing the injury occurred; 2) the residence

. . . of the parties; and 3) the place where the relationship is centered." *Id*. at 805 (quotation omitted). As Defendants point out in their motion, Virginia is "Plaintiff's current residence, location of injury, and residence at the time of filter placement." Dkt. 16203 at p.1. Therefore, Virginia substantive law should apply.

Under Virginia law, "*unless otherwise provided in this section or by other statute*, every action for personal injuries, whatever the theory of recovery . . . shall be brought within two years after the cause of action accrues." Va. Code § 8.01-243 (emphasis added). "In products liability actions . . . for injury to the person resulting from or arising as a result of the implantation of any medical device, when the person knew or should have known of the injury *and its causal connection to the device*." Va. Code § 8.01-249(9) (emphasis added).

Defendants assert that the discovery rule set forth section 8.01-249(9) does not apply to the present action because the effective date of the amendment which added the discovery rule post-dated Ms. Frank's injury, citing *Riddett v. Virginia Elec. And Power Co*., but *Riddett* is inapplicable to the present matter. 495 S.E.2d 819 (Va. 1998). *Riddett* involved amendments to the procedures for nonsuits in a wrongful death action, which have no bearing on when a cause of action accrues under a discovery rule. *Id*. at 819.

In *Riddett*, the decedent died in 1987, the suit was commenced in 1989, the tolling provision for nonsuits was amended in 1991, the original action was nonsuited in January of 1995 and then recommenced in June of 1995, and was then dismissed as untimely in accordance with the tolling provision in place when the action was originally commenced in 1989. *Id*. at 820. The Virginia Supreme Court upheld the dismissal because since "the wrongful death statutes inextricably bind the remedy to the right of recovery, the rights of the plaintiff and defendat under the statutes became fixed at the time the cause of action accrued and subsequent amendments do not apply

retroactively." *Id*. at 822.  That reasoning is inapplicable to the present action.

Unlike *Riddett*, this case involves the application of a discovery rule, not a nonsuit tolling provision.  Under the Virginia discovery rule for mesothelioma,[1] "the question . . . [of] when was a plaintiff hurt by exposure to asbestos, was no longer relevant to determining the accrual date of the particular cause of action.  Instead, the cause of action accrued, and thus the statute of limitations began to run, when a physician first communicated a diagnosis of one of the specified diseases . . . to a plaintiff." *Kiser v. A.W. Chesterton Co.*, 736 S.E. 2d 910, 915 (Va. 2013).  The amendment to the tolling provision in *Riddett* did not apply because the case was governed by the law in place at time when the action was deemed to have accrued.  The converse is true here.  The enactment of the discovery rule altered the meaning of when Ms. Frank's cause of action accrued, which is precisely what is at controversy in the present motion.

Ms. Frank's product liability claim did not accrue until she knew or should have known of her injury "and its causal connection to the device." Va. Code § 8.01-249(9).  Defendants assert that the latest she could have known of her injury was June 4, 2013, the date of her injury, Dkt. # 16203 at p.2, but that is not what the Virginia discovery rule provides.  At the very least, a dispute of material fact exists as to when she became aware of the causal connection to Defendants' specific device, which makes judgment on the pleadings inappropriate.  As stated in the context of fraud, when a plaintiff knew or should have known of the accrual of their cause of action "is a question of fact not measured by any absolute standard, but depending on the relevant facts of the special case." *McPike v. Zero-Gravity Holdings, Inc.*, 280 F. Supp. 3d 800, 807 (E.D. Va. 2017).  Therefore, Defendants' motion for summary judgment should be denied.

---

[1] Plaintiff could not locate a Virginia case construing the discovery rule for products liability, so an analogue from the same statutory section is provided.

3

Respectfully Submitted,

*/s/ Steve Schulte*

**Steve Schulte**
Texas Bar No. 24051306
schulte@fnlawfirm.com
Darren Patrick McDowell
Texas  Bar No. 24025520
dmcdowell@fnlawfirm.com
**FEARS NACHAWATI, PLLC**
5473 Blair Road
Dallas,Texas
Tel. (214) 890-0711
Fax (214) 890-0712


Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on March 29th, 2021 a true and correct copy of *Plaintiffs' Response to Cook Defendants' Omnibus Motion for Judgment on the Pleadings Based on Statute of Repose in Texas and Tennessee* was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF counsel of record.

Dated: March 29, 2021

                                                Respectfully Submitted,

                                               */s/ Steve Schulte*
                                               **Steve Schulte**