UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates Only to the Following Cases: Kenneth Turner, 1:19-cv-02542 | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Comes now Plaintiff through undersigned counsel and submits this Response in Opposition to Cook Defendants' Motion for Judgment pursuant to CMO-28. For the reasons below, Plaintiff respectfully requests that this Court deny Defendants' Motion. At the time of the partial removal of his Gunther Tulip IVC filter on June 7, 2016, Plaintiff was unaware that the filter was defective and that the defect caused his injuries. At the time of the removal procedure, due to contradictions in his medical records, Plaintiff was unaware that the filter had fractured and that a portion of the filter had been permanently incorporated into his cava wall. Instead, it was not until June 2017 that Plaintiff became aware that the filter was defective, causing it to fracture and be left behind causing his injuries.

Additionally, due to Cook's fraudulent concealment of the defects in its Gunther Tulip IVC filter, it was unreasonable for Plaintiff to discover that his injuries were caused by specific defects in that filter. Accordingly, in response to the Court's allowance for time to amend Complaints to include fraudulent concealment, Plaintiff filed an Amended Complaint on March 26, 2021 alleging the particular grounds for his fraudulent concealment claim. Plaintiff

respectfully requests that this Court deny Defendants' Motion based the allegations in his Amended Complaint and on the following:

### I. Standard of Review

A Rule 12(c) motion for judgment on the pleadings is governed by the same standards as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Lodholtz v. York Risk Servs. Grp.*, 778 F.3d 635, 639 (7th Cir. 2015). To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When a party moves for judgment on the pleadings, that party "must demonstrate that there are no material issues of fact to be resolved." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). The Court must view all the "facts and inferences in the light most favorable to the non-moving party." Id. On a motion to dismiss, courts accept the allegations in a plaintiff's complaint as true and construe all reasonable inferences in the plaintiff's favor. *Tierney v. Advocate Health & Hosps. Corp.*, 797 F.3d 449, 451 (7th Cir. 2015). The Court should not allow the motion to deprive the non-moving party the opportunity to make its case against the moving party. *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d at 313.

### II. Plaintiff's Claims Are Timely Under the Discovery Rule in Indiana.

Indiana has a two-year statute of limitations for products liability actions and recognizes a discovery rule exception. *See* Ind. Code § 34-20-3-1; *Nelson v. Sandoz Pharm. Corp.*, 288 F.3d 954, 966 (7th Cir. 2002). Generally, a cause of action accrues when the plaintiff knew or by the exercise of reasonable diligence should have known of the defendants' conduct and therefore the statute of limitations does not begin to run until that time. "Generally, though, the plaintiff's suspicion, standing alone, about the source of her injury is insufficient to trigger the onset of the limitations period." *Nelson v. Sandoz Pharm. Corp.*, 288 F.3d at 966.

As such, "[t]he limitations period will begin to run when a physician suggests there is a 'reasonable possibility, if not a probability' that a specific product caused the plaintiff's injury. *Id*. Under Indiana law, Plaintiff's claims are timely.

Here, Plaintiff underwent a partial removal of his IVC filter on June 7, 2016. At the time of that procedure, Plaintiff was unaware that his entire filter was not fully removed. Rather, his own medical records include conflicting statements on whether there were retained struts remaining in his body following the removal procedure. The record specifically states:

> **"The inferior vena cava was previously fracture resulting in embolization of a portion of a leg into the pulmonary circulation, as documented on CT from 4/21/16. The KUB (abdominal radiograph) demonstrates a portion of that leg embedded into the inferior vena cava wall (it remained in its original location after fracture of the leg and did not embolize)."**

The record also states:

> **"There were no unexpected portions of the filter that remained in the body."**
>
> **"Impression: Removal of the remaining components of the inferior vena cava filter as detailed above without complications."**

*See* Exhibit A to Defendants' Motion for Judgment pursuant to CMO-28 filed under seal.

At the time of his partial removal surgery that Defendants claim is the "Latest Possible Date of Accrual", Plaintiff was not unaware that a portion of the filter was left inside his body and that the fracture of the filter had been related to the defective nature of the Cook Gunther Tulip filter. The records demonstrate that even a diligent and reasonable plaintiff searching for a cause of action would not necessarily have been aware that a portion of the filter remained after his surgery. Plaintiff did not learn of the connection between his defective Cook Gunther Tulip filter and his ongoing injuries until at least June of 2017.

Since Plaintiff in fact did not learn of the connection between his injuries and the

defective nature of the Gunther Tulip filter until around June 2017, his claim would have accrued under Indiana law at that time. His claim against the Cook defendants, therefore, is timely.

Additionally, the discrepancy in the records in this matter highlight that there is at least a genuine issue of material fact exists as to when Plaintiff discovered, or in the exercise of reasonable care should have discovered, that his injuries were caused by the wrongful conduct of the Defendants. Defendants' Motion for Judgment on the Pleadings should, therefore, be denied.

### III.  Fraudulent Concealment

Fraudulent concealment tolls the statute of limitations if "a person liable to an action conceals the fact from the knowledge of the person entitled to bring the action.," and allows a plaintiff to bring an action "at any time within the period of limitation after the discovery of the cause of action."  Ind. Code § 34-11-5-1.  This Court has held that a claim of fraudulent concealment "requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action." *See* Doc. 15907, p. 6 *et seq*. On February 22, 2021, this Court issued an order permitting plaintiffs to amend their complaints to include factual allegations supporting claims of fraudulent concealment. *Id.*

On March 26, 2021, Plaintiff filed an amended complaint with a sealed brief alleging the particular grounds for his fraudulent concealment claim.  Here, Plaintiff's ordinary diligence in pursuing the cause of his injuries was frustrated by the fact that Cook fraudulently concealed a great deal of information relating to the defective nature of its IVC filter at the time of the partial removal procedure in 2016. The evidence shows Cook made misrepresentations to doctors and patients across the country regarding the risks it was aware of concerning its IVC filters.  Plaintiff and his doctors were unaware of the true risks of the Cook IVC filter at the

time of implant and Plaintiff cannot reasonably be held to a higher degree of knowledge than his own physicians who did not inform him the filter was defective. However, once Plaintiff learned of Cook's fraud and the defective nature of its IVC filter, he filed his Complaint, thereby making his Complaint timely due to the fraudulent concealment tolling his statute of limitations.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Cook's Motion for Judgment and grant Plaintiff any relief that this Court deems appropriate.

Respectfully submitted,

Dated:  March 29, 2021

/s/ Rhett A. McSweeney
Rhett A. McSweeney
**McSweeney Langevin LLC**
2116 Second Avenue South
Minneapolis, MN 55404
Telephone: (877) 542-4646
Facsimile: (612) 454-2678
ram@westrikeback.com

*Counsel for Plaintiff(s)*

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2021, a copy of the foregoing **PLAINTIFF'S RESPON SE IN OPPOSITION TO COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28** was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ Rhett A. McSweeney