UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following

Cases: Dewey Williams, 1:19-cv-03665

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28

Comes now Plaintiff through undersigned counsel and submits this Response in Opposition to Cook Defendants' Motion for Judgment pursuant to CMO-28. For the reasons below, Plaintiff respectfully requests that this Court deny Defendants' Motion. Cook Defendant's argue that Plaintiff's case is barred under the Tennessee Statute of Repose, Tenn. Code Ann. 29-28-103(a), however, Plaintiff's Cook IVC filter was implanted in Ohio and the Ohio Statute of Repose Applies. (Dkt. 1 (SFC) (Dkt. 9, Dkt. 11 (Am. SFC)). Plaintiff's claims survive the Ohio Statute of Repose, due to Defendant's fraudulent concealment of the defects in its Gunther Tulip IVC filter. Due to the fraudulent concealment, Ohio's ten-year statute of repose does not apply. Ohio Rev. Code § 2305.10(C)(2). Accordingly, in response to the Court's allowance for time to amend Complaints to include fraudulent concealment, Plaintiff filed an Amended Complaint on March 26, 2021 alleging the particular grounds for his fraudulent concealment claim. Plaintiff respectfully requests that this Court deny Defendants' Motion based the allegations in his Amended Complaint and on the following:

## I. Ohio Law Applies

Plaintiff filed his SFC on August 28, 2019 (Dkt. 1). The Court has ordered that cases filed at this time apply Indiana choice-of-law principles. (Dkt. 13539, Order). Plaintiff moved to amend his SFC numerous times, each time indicating that the United States District Court for the Northern District of Ohio was jurisdiction in which venue would be proper if the case were not filed directly into the MDL. (Dkt. 9, Dkt. 11). Defendants waived any argument opposing Ohio as the home jurisdiction. *See Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir.2007) (failure to offer opposition to argument constitutes waiver); *Cincinnati Ins. Co. v. E. Atl. Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001) (failure to oppose argument permits inference of acquiescence and "acquiescence operates as a waiver"). Ohio is the home jurisdiction and therefore, its statute of repose applies.

## II. Standard of Review

A Rule 12(c) motion for judgment on the pleadings is governed by the same standards as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Lodholtz v. York Risk Servs. Grp.*, 778 F.3d 635, 639 (7th Cir. 2015). To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When a party moves for judgment on the pleadings, that party "must demonstrate that there are no material issues of fact to be resolved." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). The Court must view all the "facts and inferences in the light most favorable to the non-moving party." Id. On a motion to dismiss, courts accept the allegations in a plaintiff's complaint as true and construe all reasonable inferences in the plaintiff's favor. *Tierney v. Advocate Health & Hosps. Corp.*, 797 F.3d 449, 451 (7th Cir. 2015). The Court should not allow the motion to deprive the non-moving party the opportunity to make its case against the moving party. *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d

at 313.

### III. Plaintiff's Claims are Timely Under the Exceptions to the Ohio Statute of Repose due to the Fraudulent Concealment of Defendants

The Ohio Statute of Repose is not absolute. It contains a number of exceptions, which can either lengthen the ten-year time period or eliminate it. Ohio Rev. Code § 2305.10(C)(1). Specifically, the statute does not apply if the manufacturer or supplier of a product engaged in fraud in regard to information about the product and the fraud contributed to the harm that is alleged in a product liability claim involving that product. Ohio Rev. Code § 2305.10(C)(2).

This Court recently held that a claim of fraudulent concealment "requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action." *See* Doc. 15907, p. 6 *et seq*. On February 22, 2021, this Court issued an order permitting plaintiffs to amend their complaints to include factual allegations supporting claims of fraudulent concealment. *Id.*

On March 26, 2021, Plaintiff filed an amended complaint with a sealed brief alleging the particular grounds for his fraudulent concealment claim. Plaintiff's ordinary diligence in pursuing the cause of his injuries was frustrated by the fact that Cook fraudulently concealed a great deal of information relating to the defective nature of its IVC filter. The evidence shows Cook made misrepresentations to doctors and patients across the country regarding the risks it was aware of concerning its IVC filters. Plaintiff and his doctors were unaware of the true risks of the Cook IVC filter at the time of implant and Plaintiff cannot reasonably be held to a higher degree of knowledge than his own physicians who did not inform him the filter was defective. However, once Plaintiff learned of Cook's fraud and the defective nature of its IVC filter, he filed his Complaint, thereby making his Complaint timely under Ohio law due to the fraudulent concealment exception to the statute of repose.

**IV.   In the alternative, if the Court determines that Tennessee law applies, Plaintiff Claims are Timely Due to the Newly Filed Amended Complaint Alleging Fraudulent Concealment by Defendants**

As state above, Plaintiff filed an amended complaint with a sealed brief alleging the particular grounds for his fraudulent concealment claim on March 26, 2021. (Dkt. 17210). Under Tennessee law, the statute of repose may be tolled where there is 'fraudulent concealment on the part of the defendant,' in which case the cause of action must be brought within one year after discovering that the cause of action exists. Tenn. Code Ann. § 29-26-116(a)(3). *Shadrick v. Coker*, 963 S.W.2d 726, 735 (Tenn. 1998). Plaintiff will refer to the argument above regarding fraudulent concealment.

Plaintiff did not discover his cause of action until at least August of 2018 and thereby filed his Complaint within one year, thereby making his Complaint timely under Tennessee law due to the fraudulent concealment by Defendants.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Cook's Motion for Judgment and grant Plaintiff any relief that this Court deems appropriate.

Respectfully submitted,

Dated:  March 29, 2021

*/s/ Rhett A. McSweeney*
Rhett A. McSweeney
**McSweeney Langevin LLC**
2116 Second Avenue South
Minneapolis, MN 55404
Telephone: (877) 542-4646
Facsimile: (612) 454-2678
ram@westrikeback.com

*Counsel for Plaintiff(s)*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 29, 2021, a copy of the foregoing **PLAINTIFF'S RESPON SE IN OPPOSITION TO COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28** was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                                            /s/ *Rhett A. McSweeney*