## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Michael J. Burnett 1:19-cv-03450

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF MICHAEL BURNETT'S CASE PURSUANT TO CMO-28

Fact questions preclude the Court from granting Defendants' Motion for Judgment in Plaintiff Michael Burnett's Case Pursuant to CMO-28 (Dkt. 16206; "Motion"). First, as plainly stated in the records Defendants filed in support of their Motion, Plaintiff suffered a "gunshot wound to the head." The resulting cognitive issues Plaintiff faces prevent any statute of limitations from barring his claims. Second, under any potentially applicable law, the relevant question is not the date on the records Plaintiff attached to his Case Categorization Form ("CCF") – it is when Plaintiff reasonably discovered the contents of that report, along with the other specialized knowledge required to understand that his IVC filter was defectively designed. There are no facts before the Court on these critical questions.

"The statute of limitations is an affirmative defense [and c]omplaints need not anticipate or plead around affirmative defenses." *Leavell v. Kieffer*, 189 F.3d 492, 494 (7th Cir. 1999). On a motion for judgment on the pleadings, the court determines only whether the complaint contains "enough fact to raise a reasonable expectation that discovery will reveal evidence" to support liability. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Defendants' Motion must be denied.

### I.    Plaintiff's Disability Prevents Dismissal Based on the Statute of Limitations

A "person who is under legal disabilities when the cause of action accrues may bring the action within two (2) years after the disability is removed." Ind. Code § 34–11–6–1. "Under legal disabilities" means "less than eighteen (18) years of age, mentally incompetent, or out of the United States." Ind. Code § 1–1–4–5(24). "Mentally incompetent" is defied to mean "of unsound mind." Ind. Code § 1–1–4–5(12). "Of unsound mind" is not currently defined in the Indiana Code. *Whitlock v. Steel Dynamics, Inc.*, 35 N.E.3d 265 (Ind. 2015). "[T]he relevant proof is whether the person claiming the benefit of the extension statute is incapable of either understanding the rights that he would otherwise be bound to know, or of managing his affairs, with respect to the institution and maintenance of a claim for relief." *Collins v. Dunifon*, 323 N.E.2d 264, 269 (Ind. App. 1975). "The issue of 'unsoundness of mind' is ordinarily a question for the trier of fact." *Hayes v. Westminster Village North, Inc.*, 953 N.E.2d 114, 117 (Ind. Ct. App. 2011).[1]

Plaintiff suffered a gunshot wound to the head: the records Plaintiff attached to his CCF, filed by Defendants under seal in support of their Motion, state that Plaintiff has a "[h]istory of prior gunshot wound to head." As a result of this injury, Plaintiff suffers from cognitive limitations. Discovery will establish that he is "mentally incompetent" within the meaning of the Indiana Code, rendering any potential running of the statute of limitations inapplicable.

### II.   Plaintiff's Claims Are Timely Under Indiana's Discovery Rule

Under Indiana law, the "discovery rule" states that the statute of limitations begins "'to run from the date the plaintiff knew or should have discovered that she suffered an injury or impingement, **and** that it was caused by the product or act of another.'" *Degussa Corp. v. Mullens*, 744 N.E.2d 407, 410 (Ind. 2001) (quoting *Barnes v. A.H. Robins Co.*, 476 N.E.2d 84, 87–88 (Ind.

---

[1] Application of Texas law yields the same conclusion. In Texas, "a person of unsound mind is under a legal disability which tolls the statute of limitations." *Doe v. Catholic Diocese of El Paso*, 362 S.W.3d 707, 722 (Tex. App. 2011). The tolling provision applies to a person who suffers from an inability to participate in, control, or understand the progression and disposition of their lawsuit. *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 755 (Tex. 1993).

1985) (emphasis added)).  The fact of an injury does not begin the limitations period.  *Reed v. City of Evansville*, 956 N.E.2d 684, 692-93 (Ind. Ct. App. 2011) (denying summary judgment on product liability claims where plaintiffs knew about a sewer line beneath their home, the fact of mold, and their health problems more than two years before filing); *Dorman v. Osmose, Inc.*, 782 N.E.2d 463, 467-69 (Ind. Ct. App. 2003) (denying summary judgment on product liability claims, even though the evidence indicated that plaintiff suspected a connection between a recurrence of symptoms and an accident, because "a plaintiff's mere suspicion or speculation that another's product caused the injuries is insufficient to trigger the statute").  *See also In re Bridgestone/Firestone, Inc.*, 200 F.Supp.2d 997, 999-1000 (S.D. Ind. 2002) (denying summary judgment on product liability claims under Colorado law because, though plaintiff was in a serious accident caused by tire tread separation before the permissible limitations period, the accident did not put the plaintiff on notice that a negligent act had occurred).[2]

Defendants point only to the date on a single medical record in support of their argument that Plaintiff knew of his injury and that it was caused by a defective filter more than two years before filing.  But Plaintiff's physician sent him for that scan to diagnose a spinal issue – not to evaluate the filter.  There is no indication in the record of when Plaintiff learned what the report revealed about his filter.  Neither is there any indication of when Plaintiff learned that there are design defects with his filter.  These are fact questions that cannot be resolved on a motion for judgment on the pleadings.  *See Van Dusen v. Stotts*, 712 N.E.2d 491, 499 (Ind. 1999) (application of discovery rule is a question of fact).

Disputed factual issues cannot be adjudicated on a motion for judgment on the pleadings.  Defendants' Motion must be denied.

---

[2] The result would be the same under Texas law, which also employs the discovery rule.  *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990).

|  |  |
|---|---|
|  | Respectively submitted, |
|  | */s/John A. Dalimonte*_____ |
|  | John A. Dalimonte |
| Dated: March 30, 2021 | DALIMONTE RUEB LAW GROUP LLP |
|  | 85 Devonshire Street, Suite 1000 |
|  | Boston, MA 02109 |
|  | Telephone: (617) 302-9900 |
|  | Facsimile: (617) 742-9130 |
|  | Email: john@drlawllp.com |

***Lead Counsel for Plaintiff***

2

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

                                               */s/ John A. Dalimonte*
                                               John A. Dalimonte