UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTER MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Case:

Melody and Jeffrey Rahall, 1:20-cv-868

### PLAINTIFFS' OPPOSITON TO COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff, Melody Rahall, hereby opposes Defendants' Motion for Judgment Pursuant to CMO-28 (Doc. 16169) ("Motion"). Under both Indiana and South Carolina's discovery rule, Plaintiff could not have been aware that a cause of action existed until after her October 2019 CT scan when she was first informed that her filter was fractured and puncturing her vertebrae. Further, Plaintiff recently filed an Amended Complaint alleging specific allegations of fraudulent concealment, and respectfully requests this Court deny Defendants' Motion based on the following:

### BRIEF ARGUMENT

Plaintiff was implanted with Defendants' Celect IVC filter on July 8, 2009 in South Carolina and the filter was purchased and prescribed there. (Short Form Complaint ("SFC"), Doc. 1, ₱ 11-12). Plaintiff was first advised that the filter was fractured and perforated her anterior L4-L5 disc into the L5 vertebral body after an October 28, 2019 CT scan. Subsequently, she underwent a 6-hour complex removal procedure, in South Carolina, on October 14, 2020, at which time it was discovered two pieces of the fractured filter were lodged in her L5 vertebra and irretrievable.

### Under Both South Carolina Law and Indiana Law the Discovery Rule Applies and Plaintiffs' Claims are Timely

Both Indiana, which as a two-year statute of limitations, Ind. Code § 34-20-3-1, and South Carolina, which has a three-year statute of limitations, S.C. Code Ann. § 15–3–20 and 15–3–530(5), have a discovery rule.

Under South Carolina's discovery rule, all actions "must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action." S.C. Code Ann. § 15–3–535 (Supp.1999).  Under section 15–3–535, the statute of limitations is triggered not merely by knowledge of an injury, but by knowledge of facts, diligently acquired, sufficient to put a person on notice of the existence of a cause of action against another. *True v. Monteith,* 327 S.C. 116, 119, 489 S.E.2d 615, 616 (1997) (citing *Kreutner v. David,* 320 S.C. 283, 465 S.E.2d 88 (1995)).   Indiana's discovery rule has a similar notice requirement noting it is "inconsistent with our system of jurisprudence to require a claimant to bring his cause of action in a limited period in which, even with due diligence, he could not be aware a cause of action exists." *Habig v. Bruning,* 613 N.E.2d 61, 64 (quoting *Barnes v. A.H. Robins Co., Inc.,* 476 N.E.2d 84, 86 (Ind.1985)).

Plaintiff did not know and could not have known that a cause of action existed in 2015.  Plaintiff was never told in 2015 that her filter was fractured, and her medical records are inconsistent as to whether the filter was fractured in 2015.  Plaintiff saw Dr. Ludkowski on or about March 27, 2015 after she was discharged from the hospital and she was not told that radiology performed at St. Francis hospital showed that the filter was fractured.  See March 27, 2015 medical record attached as Exhibit A and filed under seal.  Further, Plaintiff had additional radiology performed on December 3, 2015 and the IVC filter was noted as being in place with no mention of a fracture.  See December 3, 2015 medical record attached as Exhibit B and filed under seal.

Thus, there was no possible way Plaintiff could have known that a possible cause of action existed related to her IVC filter in 2015 because she did not know that it was fractured until 2019.

**Plaintiffs' Statute of Limitations is Tolled Under Fraudulent Concealment.**

Fraudulent concealment tolls the statute of limitations if "a person liable to an action conceals the fact from the knowledge of the person entitled to bring the action." Ind. Code § 34– 11–5–1.  Courts have held that the elements of fraudulent concealment are: (1) the existence of the underlying tort; (2) the defendant's knowledge of the tort; (3) the defendant's use of deception to conceal the tort; and (4) the plaintiff's reasonable reliance on the deception. On February 22, 2021, this Court issued

an order permitting Plaintiff to amend her complaint to include factual allegations supporting a claim of fraudulent concealment. (Doc. 15907).

Plaintiff filed an Amended Complaint on March 26, 2021 (Doc. 16902) alleging that Cook concealed the design flaws of the Celect filter, affirmatively concealed the results of the Celect filter's human study while aggressively marketing the Celect filter as efficacious without scientific support and concealing adverse events related to the filter and lack of efficacy in the "Patient Guide". See Attachment to Doc. 16902 filed under seal, ₱ 1-38. Plaintiffs' Amended Compliant further alleges specific allegations relating to Cook removing the Celect filter from the market in 2014 under the guise of a strategic business decision, when in reality it was due to a high rate of adverse events. See Attachment to Doc. 16902 filed under seal, ₱ 39-42.

Plaintiff and Plaintiff's healthcare providers relied on Defendant's fraudulent representations that the Celect filter was safe and efficacious thereby inducing them to use the filter. See Attachment to Doc. 16902 filed under seal, ₱ 42-45. Defendants had sole access to the material facts relating to the defective nature of the Celect filter and knew that there was no way for Plaintiff and her healthcare providers to uncover the truth. See Attachment to Doc. 16902 filed under seal, ₱ 46-47. Further Plaintiff pleads in her Amended Complaint that despite diligent investigation, the nature of her injures and damages and their relationship to the IVC filter, Defendants' wrongful conduct could not be discovered through reasonable care and due diligence until after her October 2019 CT scan.

## CONCLUSION

For the forgoing reasons, Plaintiffs respectfully request that this Court deny Defendants' Motion, and any further relief this Court deems just and proper.

Dated: 3/30/2021

Respectfully Submitted,

/s/Melissa Fry Hague
Melissa Fry Hague
**Goldman Scarlato & Penny**
161 Washington Street, Suite 1025
Conshohocken, PA 19428
484-342-0700
hague@lawgsp.com