IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC, IVC FILTERS
MARKETING, SALES PRACTICES AND            Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                              MDL No. 2570

_____

This Document Relates to Plaintiff(s)
Jessica Gehner_____

Civil Case # 1:16-cv-1166

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR JUDGMENT IN PLAINTIFF JESSICA GEHNER'S CASE
PURSUANT TO CMO-28**

**A.     Brief Factual Background**

Plaintiff Jessica Gehner received a Cook Gunther Tulip IVC filter on October 16, 2007, at a hospital in Cincinnati, Ohio. (SFC, Doc. 1, ¶¶ 11-12). In March 2013, Plaintiff's physicians discovered that her filter had perforated her vena cava and was compressing upon her small bowel. (Ex. 1, Aff. of Pl., ¶ 6). The filter was partially removed in April 2013 at the Cleveland Clinic Hospital in Cleveland, Ohio. (Id. at ¶ 7). Her doctors decided to leave two fragments of the filter behind as part of the removal process as they were outside her vena cava. (See Defs' Ex. A).

Plaintiff's treating physicians never indicated that the complications she had experienced with her filter were the result of any sort of product defect. (Ex. 1, ¶¶ 8-9). Plaintiff's physicians told her that she had just suffered bad luck and a rare side effect. (Id. at ¶9). Plaintiff had no reason to distrust or doubt her physicians' assessments. (Id.). Plaintiff did not have any indication that her injuries may have been caused by a defective product or the wrongful conduct of Defendants until her mother saw a television commercial regarding IVC filter defects in 2016, and she filed suit shortly thereafter on May 2, 2016. (Id. at ¶ 10).

**B.     Ohio Law Should Govern Plaintiff's Case**

Ohio law should govern the Court's analysis in this case. Plaintiff both received her filter and had it removed in the State of Ohio. Accordingly, Plaintiff designated the Northern District of Ohio, Eastern Division as the "District Court and Division in which venue would be proper absent direct filing" in her Short Form Complaint. (SFC ¶ 7).

Plaintiff acknowledges the Court's prior rulings on the direct filing/choice-of-law issue, but Plaintiff respectfully asserts the Court's ultimate decision on this issue was erroneous. Plaintiff's case was filed on May 2, 2016, utilizing the agreed upon and required Short Form Complaint, which represented a direct filing order was in effect. (See Id. at ¶ 7). For the reasons

2

set forth in the PSC's prior briefing on this issue (MDL Docs. 11983, 12731, and 12609), the terms of which are incorporated by reference, Plaintiff's Complaint should be treated as though a Direct-Filing Order were in place and the law of her "home" jurisdiction, Ohio, governs her claims.

## C.     The Discovery Rule Renders Plaintiff's Claims Timely Filed

Product liability claims in the State of Ohio are generally governed by a two-year statute-of-limitations.  OH ST § 2305.10 (A).  For cases involving medical devices, such as the IVC filter at issue here, a cause of action does not accrue until:

> the date on which the plaintiff is informed by competent medical authority that the plaintiff has an injury that is related to the exposure, or upon the date on which by the exercise of reasonable diligence the plaintiff should have known that the plaintiff has an injury that is related to the exposure, whichever date occurs first.

*Id*. at §23015.10(B).  "[B]oth the Ohio statute and Ohio Supreme Court precedent clearly hold that a cause of action does not arise and/or accrue until the plaintiff discovers the injury was caused by wrongful conduct."  *Hutchens v. Abbott Laboratories, Inc*., 2016 WL 5661582, at *11 (N.D.Ohio, Sept. 30, 2016).

In the context of medical device claims, a products liability cause of action does not necessarily accrue just because a device is removed.  The action would only accrue at that time if that is the same time the Plaintiff learned the device was defective.  *See In re: Smith & Nephew (BHR) Hip Implant Prods. Liab. Litig.*, 2018 WL 6067505 at * 8, n. 9 (D. Md. Nov. 19, 2018).  In reviewing pertinent Ohio cases on the topic and rejecting a similar argument to the one the Defendants have raised in this case, Judge Blake explained in the BHR Hip Implant MDL:

> In *Griffin*, the plaintiff's claim accrued on the date of revision surgery because this was the date the plaintiff was informed that the product was defective. . .This does not support Smith & Nephew's contention that revision surgery triggered the statutory period unless the plaintiffs learned the BHR device was defective on the date of their revision surgery—information which is not before the court at this time.

3

*Id.* (internal citations omitted).

In the present case, Plaintiff's doctors never indicated that her injuries were in any way related to a defective product or Defendants' wrongful conduct. (Ex. 1 at ¶¶ 8-9). They told Plaintiff she had simply suffered an unfortunate rare side effect, and Plaintiff had no reason to believe differently. (Id. at ¶ 9). The significance Defendants attach to Plaintiff's filter fracture does not change this analysis. Instead of being fractured prior to removal, Plaintiff's physicians left fragments outside the vena cava behind as part of the removal process. (See Defs' Ex. A). There is no reason this would change Plaintiff's understanding and reasonable reliance on her doctors' explanation as to her situation.

Instead, Plaintiff did not have any reason to reasonably suspect her injuries may have been caused by a defective product or Defendants' wrongful conduct until her mother saw a television commercial in 2016. (Ex. 1 at ¶10). Plaintiff then investigated and filed her action shortly thereafter, rendering her action timely under Ohio law. [1], [2] (Id.).

While Defendant raises other issues in its Motion regarding Plaintiff's warranty, consumer protection statute and punitive damage claims, Plaintiff does not rely on these particular claims as basis for deeming her action timely. Accordingly, Defendants' issues with those Counts are beyond the scope of issue of timeliness that CMO-28 is meant to address. Defendants' Motion should be denied.

---

[1] Plaintiff contends her case accrued in 2016. For the sake of argument only, the earliest any person in Plaintiff's position would have had reason to suspect her injuries were related to a defective product or Defendants' wrongful conduct, contrary and subsequent to what she heard from her physicians, would be the FDA's May 6, 2014, Safety Communication on IVC filters and complications, and Plaintiff's action was filed within two-years of that date.

2 Even if we were to assume Indiana law applied, the analysis would not change. Indiana utilizes a discovery rule in determining whether a claim was timely filed, and mere suspicion that a person's injury was caused by the act or product of another does not cause an action to accrue. *See Evenson v. Osmose Wood Preserving Co. of Am.*, 899 F.2d 701, 204 (7th Cir. 1990); *Dorman v. Osmose, Inc.*, 782 N.E.2d 463, 468 (Ind. App. 2003).

        Respectfully submitted,

        **NIEMEYER, GREBEL & KRUSE, LLC**

By: /s/ Michael S. Kruse
   211 N. Broadway, Suite 2950
   St. Louis, MO 63102
   314/241-1919 (T)
   314/665-3017 (F)
   kruse@ngklawfirm.com
   *Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed and served by way of the Court's CM/ECF Filing system this 30th day of March, 2021.

/s/ Michael S. Kruse