IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTSLIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

**This Document Relates to Plaintiff(s):**

DONALD AND DALE HEINTZMAN

Civil Case No. 1:16-cv-2420

## PLAINTIFFS' RESPONSE TO THE COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

On March 15, 2021, defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe APS (collectively "the Cook Defendants") moved for judgment on the pleadings dismissing Plaintiffs' Donald and Dale Heintzman's complaint as barred by the Indiana statute of limitations law. Dkt. #16213. However, Plaintiffs' claims survive both Ohio and Indiana's Statute of Limitations, due to Defendant's fraudulent concealment of the defects in its Celect IVC Filter. Due to the fraudulent concealment, Indiana's two-year statute of limitations does not apply, as it was tolled. Accordingly, in response to the Court's allowance for time to amend Complaints to include fraudulent concealment, Plaintiffs filed an Amended Complaint on March 25, 2021 alleging the particular grounds for their fraudulent concealment claim. Plaintiffs respectfully request that this Court deny Defendants' Motion based on allegations in their Amended Complaint and on the following:

### I. Standard of Review

A Rule 12(c) motion for judgment on the pleadings is governed by the same standards as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Lodholtz v. York Risk Servs. Grp.*, 778 F.3d 635, 639 (7th Cir. 2015). To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When a party moves for judgment on the pleadings, that party "must demonstrate that there are no material issues of facts to be resolved." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). The Court must view all the "facts and inferences in the light most favorable to the non-moving party." *Id.* On a motion to dismiss, courts accept the allegations in a plaintiff's complaint as true and construe all reasonable inferences in the plaintiff's favor. *Tierney v. Advocate Health & Hosps. Corp.*, 797 F.3d 449, 451 (7th Cir. 2015). The Court should not allow the motion to deprive the non-moving party the opportunity to make its case against the moving party. *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d at 313.

### II. Plaintiffs' Claims are Timely Under the Exceptions to the Indiana Statute of Limitations due to the Fraudulent Concealment of Defendants

The Indiana Statute of Limitations is forgiving in certain circumstances. Among exceptions to the statute is that of concealment of information provided to the injured party. Specifically, the statute is tolled if "a person liable to an action conceals the fact from the knowledge of the person entitled to bring the action." Ind. Code § 34-11-5-1.

This Court permitted Plaintiffs to file an amended complaint in order to bring additional allegations of fraudulent concealment against the Cook Defendants. On 3/25/2021 Plaintiffs did so amend their complaint to include additional allegations of fraudulent concealment. Dkt. #52 and #53 in 1:16-cv-02420. In the amended complaint, Plaintiffs allege that Cook Defendants

2

affirmatively concealed the flawed design of the Celect filter and its failure from Plaintiffs' doctors and them.  That Cook was well aware and knew about the flawed design, but concealed the risks of the Celect filter in its marketing in an effort to induce Plaintiff's reliance.  Plaintiffs' ordinary diligence in pursuing the cause of the injuries was frustrated by the fact that Cook fraudulently concealed a great deal of information relating to the defective nature of its IVC filter.  The evidence shows that Cook made material misrepresentations to doctors and patients across the country regarding the risks it was aware of concerning its IVC filters.  Plaintiffs and their doctors were unaware of the true risks of the Cook IVC filter at the time of implant and Plaintiffs cannot be held to a higher degree of knowledge than their own physicians who did not inform them that the filter was defective.  However, once Plaintiffs learned of Cook's fraud and connected it to the ultimate injury suffered, they filed their Complaint timely under Indiana law due to the fraudulent concealment exception to the statute of limitations.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Cook's Motion for Judgment and grant Plaintiffs any relief that this Court deems appropriate.

Dated: March 30, 2021                                  Respectfully submitted,

                                                                         /s/ *Ramon R. Lopez*
                                                                        Ramon Rossi Lopez
                                                                        Matthew R. Lopez
                                                                        LOPEZ MCHUGH LLP
                                                                        Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2021, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to the CM/ECF participants registered to receive service in this matter. Parties may access the filing through the Court's system.

/s/ Ramon R. Lopez