# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTSLIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

**This Document Relates to Plaintiff(s):**

**KRISTEL GUGLIUZZA**

**Civil Case No. 1:16-cv-00799**

## PLAINTIFF'S RESPONSE TO THE COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

On March 15, 2021, defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe APS (collectively "the Cook Defendants") moved for judgment on the pleadings dismissing Plaintiff Kristel Gugliuzza's complaint as barred by the Indiana statute of limitations law.  Dkt. #16197.  However, Plaintiff's claims survive both Nevada and Indiana's Statute of Limitations, due to Defendant's fraudulent concealment of the defects in its Celect IVC Filter. Due to the fraudulent concealment, Indiana's two-year statute of limitations does not apply, as it was tolled.  Accordingly, in response to the Court's allowance for time to amend Complaints to include fraudulent concealment, Plaintiff filed an Amended Complaint on March 25, 2021 alleging the particular grounds for her fraudulent concealment claim.  Plaintiff respectfully requests that this Court deny Defendants' Motion based on allegations in her Amended Complaint and on the following:

### I. Standard of Review

A Rule 12(c) motion for judgment on the pleadings is governed by the same standards as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Lodholtz v. York Risk Servs. Grp.*, 778 F.3d 635, 639 (7th Cir. 2015). To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When a party moves for judgment on the pleadings, that party "must demonstrate that there are no material issues of facts to be resolved." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). The Court must view all the "facts and inferences in the light most favorable to the non-moving party." *Id.* On a motion to dismiss, courts accept the allegations in a plaintiff's complaint as true and construe all reasonable inferences in the plaintiff's favor. *Tierney v. Advocate Health & Hosps. Corp.*, 797 F.3d 449, 451 (7th Cir. 2015). The Court should not allow the motion to deprive the non-moving party the opportunity to make its case against the moving party. *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d at 313.

### II. Plaintiff's Claims are Timely Under the Exceptions to the Indiana Statute of Limitations due to the Fraudulent Concealment of Defendants

The Indiana Statute of Limitations is forgiving in certain circumstances. Among exceptions to the statute is that of concealment of information provided to the injured party. Specifically, the statute is tolled if "a person liable to an action conceals the fact from the knowledge of the person entitled to bring the action." Ind. Code § 34-11-5-1.

This Court permitted Plaintiff to file an amended complaint in order to bring additional allegations of fraudulent concealment against the Cook Defendants. On 3/25/2021 Plaintiff did so amend her complaint to include additional allegations of fraudulent concealment. Dkt. #75 and # 76 in 1:16-cv-00799. In her amended complaint, Plaintiff alleges that Cook Defendants

affirmatively concealed the flawed design of the Celect filter and its failure from her doctors and her.  That Cook was well aware and knew about the flawed design, but concealed the risks of the Celect filter in its marketing in an effort to induce Plaintiff's reliance.  Plaintiff's ordinary diligence in pursuing the cause of her injuries was frustrated by the fact that Cook fraudulently concealed a great deal of information relating to the defective nature of its IVC filter.  The evidence shows that Cook made material misrepresentations to doctors and patients across the country regarding the risks it was aware of concerning its IVC filters.  Plaintiff and her doctors were unaware of the true risks of the Cook IVC filter at the time of implant and Plaintiff cannot be held to a higher degree of knowledge than her own physicians who did not inform her that the filter was defective.  However, once Plaintiff learned of Cook's fraud and connected it to the ultimate injury suffered, she filed her Complaint timely under Indiana law due to the fraudulent concealment exception to the statute of limitations.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Cook's Motion for Judgment and grant Plaintiff any relief that this Court deems appropriate.

Dated: March 30, 2021                                     Respectfully submitted,

 /s/ *Ramon R. Lopez*
Ramon Rossi Lopez
Matthew R. Lopez
LOPEZ MCHUGH LLP
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2021, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to the CM/ECF participants registered to receive service in this matter. Parties may access the filing through the Court's system.

    /s/ Ramon R. Lopez