IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff(s):
FREDA DAVIS
Civil Case #1:18-cv-01257-SEB-MPB

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF FREDA DAVIS'S CASE PURSUANT TO CMO-28**

In its Motion (Filing No. 16195), Defendant's sole argument is that Plaintiff's claims should be dismissed because, "[t]he statute of limitations in Michigan is three years, <u>with no discovery rule</u>." Motion at 2 (emphasis added). This misstates the clear law in Michigan and ignores Michigan's express statutory provisions providing for discovery tolling in cases like this alleging fraudulent concealment and breach of express warranty. Defendant's Motion should be denied.

Defendant asserts Plaintiff's claims are barred by Michigan's three-year statute of limitations. *Id.* In support of this argument, Defendant cites *Trentadue v. Buckler Lawn Sprinkler*, 738 N.W. 2d 664, 670 (Mich. 2007). It is true that, in *Trentadue*, the court stated that in Michigan there is no *common law* discovery rule. *Id.* However, the *Trentadue* court went on to explain that there was no *common law* discovery rule because the state legislature had enacted a *statutory discovery rule* for cases like the case *sub judice* involving fraudulent concealment and breach of warranty. *Id.* at 679 (discussing Mich. Comp. Laws Ann. § 600.5855 and concluding, "[t]he [Michigan] Legislature obviously weighed carefully the competing interests of plaintiffs and defendants when it … **<u>protected plaintiffs by affording a … discovery-based tolling provision when a defendant fraudulently conceals claims….</u>**") (emphasis added). Michigan's express discovery statute provides as follows:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim, the action may be commenced at any time within two years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim.

Mich. Comp. Laws Ann. § 600.5855. This is precisely the case here.

On March 26, 2021, Plaintiff amended her Short Form Complaint to add factual allegations regarding Defendant's fraudulent concealment and ***active misrepresentation*** of critical safety information. *See* Plaintiff's Sealed Brief Regarding Fraudulent Concealment, 1-7 (Filing No.

1

Case 1:14-ml-02570-RLY-TAB   Document 17608   Filed 03/30/21   Page 3 of 6 PageID #:
115790

16816). Plaintiff specifically alleged how, when, and why Defendant's actions constituted fraudulent concealment, which prevented her from earlier discovering that she had a claim. *See id.* at 7-13. Only Defendant had access to its internal information which showed its IVC filters were dangerous and defective. Defendant concealed this information and ***actively misrepresented*** its IVC filters were safe and effective. *See Frank v. Linkner*, 894 N.W. 2d 574, 583 (Mich. 2017) (explaining that statute of limitations is tolled where "defendant committed affirmative acts or misrepresentations that were designed to prevent subsequent discovery.").

In its Motion, Defendant argues that Plaintiff's claim accrued "no later than February 16, 2009." Motion at 3. However, this ignores the factual allegations that Defendant continued *after* 2009 to affirmatively misrepresent that its IVC filters were safe and effective. *See, e.g.,* Filing No. 16816 at 7. Moreover, even Defendant's pre-2009 concealment can toll the statute of limitations here. *See Niedoliwka v. Inglin*, 2016 WL 6127696, *6 (Mich. App. Oct. 18, 2016) ("recogniz[ing] the affirmative acts of concealment defendant committed before committing the fraudulent act").

Defendant's intentional fraudulent concealment prevented Plaintiff from knowing earlier that she had a claim. *See Prentis Family Foundation v. Barbara Ann Karmanos Cancer Institute*, 698 N.W. 2d 900, 909 (Mich. App. 2005) (explaining that discovery tolling is appropriate where Defendant's liability was not "discoverable from the outset."). Accepting Plaintiff's factual allegations as true, Plaintiff's claims are timely under Michigan's statutory discovery rules. *See Carr v. Wittingen*, 456 N.W. 2d 713, 714 (Mich. 1990) (applying discovery rule where "without deciding the merits of the issue, [] the pleadings are sufficient to state a claim of fraudulent concealment of the cause of action.").

Additionally, Michigan also provides a statutory basis for discovery tolling specifically for breach of warranty claims. *See* Mich. Comp. Laws Ann. § 600.5833 ("In actions for damages

based on breach of a warranty of quality or fitness the claim accrues at the time the breach of the warranty is discovered or reasonably should be discovered."). Again, Defendant completely fails to address or even acknowledge this statutory provision. At a minimum, a genuine issue of material fact exists as to when Plaintiff discovered, or in the exercise of reasonable care, should have discovered the breach of warranty claims.[1]

Finally, Defendant's explicit statement that Michigan has "no discovery rule," Motion at 2, represents a deliberate misrepresentation. On February 25, 2021, the undersigned counsel specifically identified the two statutory provisions to counsel for Cook. *See* Corresp. at 3 (attached as Ex. 1). Counsel for Cook acknowledged receipt and indicated he would provide authority as to whether these provisions were applicable here. *Id.* at 1. Rather than providing any such authority, Defendant instead filed this Motion based upon its explicit misrepresentations that Michigan does not have a discovery rule. Under these circumstances, the Court should not sanction Cook's deliberate misrepresentation of the law to this Court. *See, e.g.,* F.R.C.P. 11(b)(2) (prohibiting misrepresentations to the Court regarding legal contentions unwarranted by existing law).

Defendant has failed to establish that there are no material facts to be resolved regarding (1) whether Defendant's fraudulent concealment prevented her from earlier discovering that she had a claim and (2) when Plaintiff should have reasonably discovered her breach of warranty claim. In fact, Defendant completely fails to address these discovery rules at all. For the forgoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion and issue appropriate sanctions for Defendant's deliberate misrepresentation as to Michigan law.

---

[1] Other than arguing timeliness, Defendant does not challenge, and therefore concedes for purposes of this Motion, the sufficiency of Plaintiff's pleadings as to the implied warranty claim. To the extent the Court considers Defendant's CMO-28 Motion as a challenge to the substantive factual allegations regarding Plaintiff's breach of warranty claims, Plaintiff respectfully requests leave to file supplemental allegations and briefing to support her warranty claims.

3

**DATED:** March 30, 2021

                                                Respectfully submitted,

                                                *s/ Gregory D. Bentley*
                                                Gregory D. Bentley, Esq.
                                                **ZONIES LAW LLC**
                                                1700 Lincoln St., Suite 2400
                                                Denver, CO  80203
                                                (720) 464-5300
                                                gbentley@zonieslaw.com

                                                *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the forgoing was filed and served on this 30th day of March 2021, using the CM/ECF system, which will serve as notification of such filings on counsel for all parties.

                                              *s/ Gregory D. Bentley*
                                              Gregory D. Bentley