**Greg Bentley**

| | |
|---|---|
| **From:** | Broadhead, J. Benjamin <ben.broadhead@faegredrinker.com> |
| **Sent:** | Thursday, February 25, 2021 3:04 PM |
| **To:** | Greg Bentley |
| **Cc:** | Joe Zonies; Lisa Randolph; Whitelegg, Elizabeth S. |
| **Subject:** | RE: Freda Davis v Cook (1:18-cv-01257) |

Greg – I'm happy to provide you with some more authority in support of our position, but as an initial matter, are you planning to file an amended complaint to attempt to add specific allegations of fraudulent concealment? It would be helpful to know your position on that, but either way, we do not believe that you or any other plaintiff will be able to successfully plead a claim for fraudulent concealment, which must be plead with specificity pursuant to Rule 9(b). And as the Court noted in its order, there is a difference between concealing risks associated with a product and concealing the existence of a specific plaintiff's cause of action. Specific pleading of the latter is required for fraudulent concealment, and we don't believe any facts exist to demonstrate that Cook knew about your client's cause of action and took steps to conceal it from her.

In any event, we're certainly willing to confer in good faith, and to the extent you plan to amend Ms. Davis's complaint, we can discuss an extension of the time for you to let us know whether you're willing to dismiss the case. Further, I'll follow up with some authority supporting our position that Ms. Davis's claims are time-barred by more than 6 years.

Ben

**J. Benjamin Broadhead**
Associate
ben.broadhead@faegredrinker.com
Connect: vCard

+1 317 237 1316 direct

**Faegre Drinker Biddle & Reath** LLP
300 N. Meridian Street, Suite 2500
Indianapolis, Indiana 46204, USA

**From:** Greg Bentley <gbentley@zonieslaw.com>
**Sent:** Thursday, February 25, 2021 4:40 PM
**To:** Broadhead, J. Benjamin <ben.broadhead@faegredrinker.com>
**Cc:** Joe Zonies <jzonies@zonieslaw.com>; Lisa Randolph <Lisa@Zonieslaw.com>; Whitelegg, Elizabeth S. <liz.whitelegg@faegredrinker.com>
**Subject:** RE: Freda Davis v Cook (1:18-cv-01257)

**This Message originated outside your organization.**

Ben,

Thanks for your response.  To engage in a meaningful conferral regarding Cook's request to dismiss this case, we need to review whatever legal authority you believe supports your position that Ms. Davis' claim accrued in 2009.  I'm sure you

**Exhibit 1**

understand that we cannot simply dismiss a case based upon broad statements by counsel that tolling does not apply to a case. Michigan has statutory discovery tolling for several of Ms. Davis' claims, and I included some citations for your reference in my email below. Can you please identify the legal authority that you contend supports Cook's position that the Michigan statutory provisions do not apply. To the extent the legal authority is conclusive, we are of course happy to comply with the Court's directive here.

Based upon your correspondence below, it sounds like you agree that Indiana law does not apply to this case. As such, I don't understand how the Court's rulings regarding accrual under Indiana law are applicable here. If Cook believes that these rulings are controlling, please explain.

Finally, regarding fraudulent concealment, I believe the Court indicated (in the order you attached) that plaintiffs have until March 19 to amend the SFC to add specific allegations for fraudulent concealment. Cook's request to dismiss this case by tomorrow seems contrary to the Court order. I suspect that this conflict is related to the fact that your letter predates the Court order. Nonetheless, your correspondence below continues to insist that Ms. Davis is required to dismiss her case by tomorrow. Can you please explain why Ms. Davis is not entitled to file an amended SFC by March 19, as provided by the Court.

We look forward to continuing to confer in good faith to try to resolve these issues without Court intervention.

Best,
Greg

GREG BENTLEY
ZONIES LAW LLC | WWW.ZONIESLAW.COM
1700 LINCOLN STREET, SUITE 2400
DENVER, COLORADO 80203
MAIN: 720.464.5300 | TOLL FREE: 866.730.6438
DIRECT: 303.302.7877 | FAX: 720.464.5357
GBENTLEY@ZONIESLAW.COM

---

**From:** Broadhead, J. Benjamin [mailto:ben.broadhead@faegredrinker.com]
**Sent:** Thursday, February 25, 2021 9:14 AM
**To:** Greg Bentley <gbentley@zonieslaw.com>
**Cc:** Joe Zonies <jzonies@zonieslaw.com>; Lisa Randolph <Lisa@Zonieslaw.com>; Whitelegg, Elizabeth S. <liz.whitelegg@faegredrinker.com>
**Subject:** RE: Freda Davis v Cook (1:18-cv-01257)

Hi Greg,

Thanks for your email. This is not a case to which tolling applies. Ms. Davis had her filter removed all the way back in 2009, and it was evident that the filter was fractured at that time. There is no viable argument that Ms. Davis did not discover or reasonably should not have discovered any breach at that time because the Court has ruled removal of a device triggers claim accrual under Indiana law and Michigan law does not recognize a discovery rule. Her claim therefore accrued on February 16, 2009, at the latest, and she failed to file suit until more than 9 years later. As to fraudulent concealment, the Court issued an order last week dismissing all MDL plaintiffs' fraudulent concealment claims for failure to state a claim. See attached. Accordingly, there is no tolling issue here and Ms. Davis's claims are time-barred. Based on the Court's choice of law order, Michigan law would apply here but that is not relevant to the outcome because it is barred under both Indiana and Michigan law.

Let me know if you plan to dismiss Ms. Davis's case with prejudice by tomorrow, February 26th. If you will not agree to do so, we will seek dismissal through the CMO 28 process next month.

Ben

**J. Benjamin Broadhead**
Associate
ben.broadhead@faegredrinker.com
Connect: vCard

+1 317 237 1316 direct

**Faegre Drinker Biddle & Reath** LLP
300 N. Meridian Street, Suite 2500
Indianapolis, Indiana 46204, USA

---

**From:** Greg Bentley <gbentley@zonieslaw.com>
**Sent:** Thursday, February 25, 2021 1:38 AM
**To:** Broadhead, J. Benjamin <ben.broadhead@faegredrinker.com>
**Cc:** Joe Zonies <jzonies@zonieslaw.com>; Lisa Randolph <Lisa@Zonieslaw.com>
**Subject:** Freda Davis v Cook (1:18-cv-01257)

**This Message originated outside your organization.**

---

Ben,

I'm following up to your correspondence dated February 15, 2021 regarding the Freda Davis case. Our review indicates Michigan has discovery tolling, including for Ms. Davis' breach of warranty and fraudulent concealment claims. (MCLA §§ 600.5833, 600.5855). Can you please provide your basis for why you believe this case is time-barred under Michigan law.

Your letter also states this case is time barred under Indiana law, but I don't believe Indiana law applies here. I thought the MDL Court determined that cases filed between May 31, 2017 and June 13, 2019 would be considered to have been filed under a direct filing order such that the plaintiff's home state law applies. (ECF No. 13539). Please let me know if there is some ruling from the Court indicating otherwise. For your reference, Ms. Davis' case was filed within this window in April 2018.

Thanks,
Greg

GREG BENTLEY
**ZONIES LAW LLC | WWW.ZONIESLAW.COM**
1700 LINCOLN STREET, SUITE 2400
DENVER, COLORADO 80203
MAIN: 720.464.5300 | TOLL FREE: 866.730.6438
DIRECT: 303.302.7877 | FAX: 720.464.5357
GBENTLEY@ZONIESLAW.COM

This e-mail transmission contains information from the law firm of Zonies Law LLC which may be confidential or protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that you must

not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is prohibited. If you have received this transmission in error, please notify us immediately by e-mail and delete the original transmission.

*******************************

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments. Thank you.
*******************************

*******************************

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments. Thank you.
*******************************