UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS   LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Thompkins, Kelli, 1:17-cv-02879

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF KELLI THOMPKINS' CASE PURSUANT TO CMO-28**

US.132239269.04

Plaintiff's Response argues that Ohio's discovery rule saves her claim because she did not know her injury was "caused by the wrongful conduct of the Cook Defendants" at the time her filter fractured and was subsequently fully removed in a complex removal procedure performed in 2014. See Dkt. 16289, ¶ 17; see also id. at 8.[1]

The Ohio discovery rule, however, is limited to discovery of latent injuries, not knowledge of alleged defects. Courts applying Ohio law have held on multiple occasions that a claim based on a defective medical device accrues no later than the removal of the device. For example, in *Griffin v. Am. Med. Sys., Inc.*, the plaintiff received a penile implant, developed issues with excess fluid in the implant, and had the device removed about two years later. 106 F.3d 400, 1997 WL 6131, at *2 (6th Cir. Jan. 7, 1997). Although the doctor told the plaintiff only that "his problems were caused by too much fluid in the prosthesis," the court held that "[t]he removal of the prosthesis alerted [the plaintiff] that the prosthesis might be defective." *Id*.

In *Carter v. Medtronic, Inc.*, the court held last year that the claim accrued **before** an explant procedure when testing showed her implantable pain pump was malfunctioning and needed to be replaced. 2020 WL 2319729, at *4 (S.D. Ohio May 11, 2020). The court further explained that the plaintiff did not need to be told the pump was "defective" for the clock to start running, because "'the discovery rule generally applies in cases of latent injury and not in cases of possible latent defects.'" *Id.* (quoting *Baxley v. Harley Davidson-Motor Co.*, 875 N.E.2d 989,

---

[1] Plaintiff also argues that Cook's motion is not properly brought under Rule 12(c) because "the pleadings have not been closed, and evidence, outside the pleadings, is being offered more in the context of a motion for summary judgment – without the benefit of first obtaining adequate discovery." *Id.*, ¶ 1. The use of categorization forms to supplement the pleadings is well-established in this MDL, because the Short-Form Complaint does not provide any information about the specific injury at issue in the individual case, as would be required as part of a well-pleaded complaint. *See* Dkts. 10588; 11311 at 2-4 (both orders dismissing cases based on case categorization status). Regarding Plaintiff's submission of an affidavit outside the pleadings, the Court, of course, has the authority to convert this motion to a motion for summary judgment, if necessary. *See* Fed. R. Civ. 12(d).

991 (Ohio Ct. App. 2007)).  The timing of Plaintiff's knowledge of a "defect" is therefore irrelevant, and her claim accrued at the time of the fracture and recommended removal in February 2013, more than four years before she filed her lawsuit.  Indeed, Plaintiff acknowledges in her affidavit that she was diagnosed with multiple filter complications in 2013 and that "[b]oth the fractured strut and the filter body were able to be removed" in April 2014, which also occurred outside the two-year limitations period.  *See* Dkt. 16289 at 8, Thompkins Aff., ¶ 6.

Plaintiff primarily relies on *Schmitz v. Natl'l Col. Athl Ass'n*, a CTE brain injury case brought by a former college football player against his university and the NCAA.  122 N.E.3d 80, 82 (Ohio 2018).  The Ohio Supreme Court applied the discovery rule to this latent injury case and concluded that it could not determine as a matter of law whether the plaintiff knew of the causal link between his CTE and football outside the two-year statute of limitations period.  *Id.* at 86-89.  *Schmitz* is inapplicable because CTE is a latent injury and "head injuries, including concussions, are an inherent part of football." *Id.* at 88.  Thus, the link between injury and potential causation to the product is not readily apparent in that setting. Here, with a claim involving medical treatment and fracture of a medical device, the injury *was* readily apparent.

The other cases Plaintiff cites are distinguishable because they also involved latent or uncertain injuries.  *O'Stricker v. Jim Walter Corp.* is the case that established the discovery rule for latent injuries in the context of asbestos litigation.  447 N.E.2d 727, 729 (Ohio Ct. App. 1983).  *Harper* applied the *O'Stricker* test in a case involving DES, an ingestible estrogen medication, and held that "nonspecific ailments" could not trigger the statute of limitations. *Harper v. Eli Lilly and Co.*, 575 F. Supp. 1359, 1365 (N.D. Ohio 1983).  *Doane*, *Norgard, Viock,* and *Venham* all involved injury onset from toxic tort exposure in a workplace.[2]

---

[2] *See Doane v. Givaudan Flavors Corp.*, 919 N.E.2d 290, 293-94 (Ohio Ct. App. 2009) (chemical exposure); *Norgard v. Brush Wellman, Inc.*, 766 N.E.2d 977, 978 (Ohio 2002) (beryllium exposure);

2

Further, *Cacciacarne v. G.D. Searle & Co.* was an IUD case applying Ohio law in which the underlying claim was based on the plaintiff's inability to conceive a child, and the court held the claim accrued when plaintiff's physician told her "she would not be able to conceive." 908 F.2d 95, 97 (6th Cir. 1990). The court found it "especially" significant that "a month later both plaintiff and her doctor believed she could conceive and that her tubes were no longer blocked." *Id.* at 98. In *Makris v. Scandinavian Health Spa, Inc.*, the plaintiff was told that her pain was part of the recuperation process and thus had no reason to believe that her "neck pain was an actual injury caused by the leg press machine." 1999 WL 759989, at *2 (Ohio Ct. App. Sept. 20, 1999). In short, all of these cases involved latent or uncertain injuries, and are therefore readily distinguishable from the filter fracture and subsequent removal involved here.[3]

In any event, Cook would also prevail even under the "cognizable event" discovery rule *See e.g. Cacciacarne*, 908 F.2d at 97 (explaining the *O'stricker* test was later "streamlined" and "formulated [as] the cognizable event test."). Plaintiff cannot and does not dispute the existence here of a "'cognizable event ... related to a medical procedure.'" *Id.* As noted above, she acknowledges in her affidavit multiple diagnoses in 2013-14, including filter fracture and complete removal in April 2014. *See* Pl.'s Resp., Dkt. 16289 at 8. Her knowledge of a "defect" in her filter is irrelevant. *Carter*, 2020 WL 2319729, at *4; *Griffin*, 1997 WL 6131, at *2.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

*Venham v. Astrolite Alloys*, 596 N.E.2d 585, 590 (Ohio Ct. App. 1991) (manganese poisoning); *Viock v. Stowe-Woodward Co.*, 467 N.E.2d 1378, 1385-86 (Ohio Ct. App. 1983) (chemical exposure).

[3] Plaintiff also cites *Collins v. Sutka*, 692 N.E.2d 581 (Ohio 1998) for the proposition that Ohio law requires a plaintiff to know the legal injury was committed by the defendant. But *Sutka* is a wrongful death case arising from a murder, and the court held the claim did not accrue when the decedent was killed because the identity of the killer was not known at that time. *See Siegel v. State*, 2020 WL 5821283 (Ohio Ct. App. Sept. 20, 2020) (applying cognizable event test in medical malpractice context and explaining the fact-specific and limited application of *Collins*). Here, Plaintiff knew her filter fractured and could have uncovered Cook's identity as the manufacturer through ordinary diligence.

3

Respectfully submitted,

Dated:  April 2, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2021, a copy of the foregoing **DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF KELLI THOMPKINS' CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*