UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates Only to 1:18-cv-01996, Kevin and Eva Hayes
_____

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REOPEN**

Plaintiffs Kevin and Eva Hayes ("Plaintiffs") filed a Motion to Reopen and Request to File Amended Complaint After the March 26, 2021 MDL Deadline [Dkt. 16486].[1] The Court previously dismissed this case for failure to produce a CCF. (Dkt. 10622). Plaintiffs' Motion asks the Court to reopen the case, but cites no specific legal authority for doing so.

The Court should deny Plaintiffs' request for four reasons:

- Plaintiffs' case was dismissed **over two years ago.** As such, Plaintiffs' Motion is untimely because Federal Rule 60 required Plaintiffs' motion to be brought no later than one year after the Court's Order.

- Even assuming Plaintiffs' motion had been timely, Plaintiffs cannot meet the burden for Federal Rule 60(b)(1)'s "extraordinary" relief.

- The Court recently denied two requests similar to Plaintiffs' as untimely**.** (See Dkt. 13927 (denying plaintiff's motion for reconsideration of **the exact same order at issue here** where plaintiff brought motion 10 months after dismissal) and Dkt. 13926).

- Finally, regardless of the availability of relief under Federal Rule 60, the Court's initial order was, and remains, correct in its merits.

---

[1] While Plaintiffs also request leave to file an amended complaint, that request is moot because Plaintiffs' Motion to Reopen/reconsider should be denied by the Court for the reasons explained more fully below.

US.132171749.07

**Procedural Background**

The timeline of the events relevant to Plaintiffs' motion is as follows:

- Plaintiffs filed their short-form complaint on June 28, 2018.

- On October 2, 2018, the Court entered its Order on Cook's Motion for Screening Order and Bellwether Selection, ordering the categorization of all cases. (Dkt. 9322)

- On November 21, 2018, the Court entered the Parties' Order Regarding Case Categorization and Census, again ordering categorization and setting a deadline of December 22, 2018. (Dkt. 9638) Plaintiffs did not file a case categorization form by that deadline.

- On January 14, 2019 and again on January 17, 2019, the Court entered orders extending the deadline to categorize to January 31, 2019, stating that failure to categorize would result in dismissal. (Dkts. 9907 and 9956) Plaintiffs failed to submit a CCF by that deadline.

- On February 21, 2019, Cook moved to dismiss Plaintiffs' case for failure to submit a CCF. (Dkt. 10211) Plaintiffs did not respond to Cook's motion to dismiss. Cook filed its reply in support of its motion to dismiss on March 14, 2019. (Dkt. 10307)

- On May 8, 2019 – **nearly two years ago** – the Court dismissed Plaintiffs' case. (See Order on the Cook Defendants' Motion to Dismiss (the "Dismissal Order"), Dkt. 10622)

- As of the filing of this response, Plaintiffs still have not submitted a CCF to Cook.

**Argument**

The Court should deny Plaintiffs' Motion to Reopen.

**I. Plaintiffs have not shown they are entitled to the extraordinary relief provided by Rule 60(b)(1) and the Court should not set aside its Order.**

    **A.   Plaintiffs' Motion is untimely and should be denied on that basis alone.**

Although Plaintiffs' motion does not identify a rule that authorizes the relief they seek, they are presumably relying on Rule 60(b)(1), which permits relief based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Under Rule 60(c)(1) "A

- 2 -

motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." The Court dismissed Plaintiffs' case on May 8, 2019. (Dkt. 10622) Plaintiffs brought the instant motion to reconsider that order on March 24, 2021. (Dkt. 16486) Plaintiffs thus brought their motion more than a year after the Court dismissed their case, and their Motion is untimely.

The Court recently denied similar untimely requests that were materially identical to Plaintiffs' request here. (See Dkts. 13927 and Dkt. 13926). Plaintiff Shirley Dukes moved the Court for reconsideration of the same May 8, 2019 Dismissal Order Plaintiffs ask the Court to reconsider. (Dkt. 13005) The Court denied her motion, stating:

> On February 21, 2019, the Cook Defendants moved to dismiss her case for failure to provide a case categorization form. Plaintiff failed to respond, and the court dismissed her case on May 8, 2019. Plaintiff filed the present motion ten months later, on March 3, 2020. **This is another case in which counsel failed to monitor the master docket. As noted many times before, the court tries its best to be fair, but 10 months is simply inexcusable.**

(Dkt. 13927) (emphasis added) Nothing here dictates a different result. The only difference is that Plaintiffs waited *even longer*, nearly two years, to bring their motion. The Court should deny Plaintiffs' Motion.

### B. Plaintiffs Fail to Establish the Exceptional Circumstances Necessary for Relief under Rule 60(b).

Again assuming that Plaintiffs are relying on Rule 60(b) for their motion, Plaintiffs fail to meet Rule 60(b)'s high bar for relief. "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Flett v. W. A. Alexander & Co.*, 302 F.2d 321, 323 (7th Cir. 1962) (collecting cases from Second, Third, and Seventh Circuits); *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994) ("[I]t is well-

US.132171749.07

established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.") (internal citations omitted).

A party must establish a "good reason for missing the deadline." *Knapp v. Evgeros, Inc.*, 322 F.R.D. 312, 320 (N.D. Ill. 2017); *see also Flett v. W. A. Alexander & Co.*, 302 F.2d 321, 323 (7th Cir. 1962) (collecting cases from Second, Third, and Seventh Circuits). *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994) ("[I]t is well-established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.") (internal citations omitted); *Lomas & Nettleton Co. v. Wisely*, 884 F.2d 965, 967 (7th Cir. 1989) (holding that because Rule 60(b) is an extraordinary remedy, "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)."); *Dave Kohel Agency, Inc. v. Redshaw, Inc.*, 149 F.R.D. 171, 173 (E.D. Wisc. 1993) (holding that "some justification for the error beyond failure to exercise due care must be shown.").

Here, Plaintiffs offer no "good reason" for their neglect of the docket in this case. An MDL Plaintiff has a duty to comply with the Court's Orders. Plaintiffs do not deny knowing of the responsibility to submit a Case Categorization Form for cases filed in the MDL. Although Plaintiffs appear to dispute they received notice of the Motion to Dismiss [Dkt. 10211] seeking dismissal of this case, they do not and cannot dispute that Cook properly served Plaintiffs by filing electronically in the master docket or that ECF notices were sent to counsel that registered for electronic service as required by the Court.[2] And Plaintiffs do not dispute that the Order dismissing their case was *also* entered in their individual case docket at Dkt. 12, and do not dispute being served with the Court's Order. And Plaintiffs affirmatively argue that they receive and read all

---

[2] Attached as Exhibit A, is the Notice of Filing relating to Dkt. 10211, which clearly shows Plaintiffs' counsel was served electronically with notice of Cook's Motion to Dismiss.

- 4 -

US.132171749.07

other entries by this Court. Simply put, Plaintiffs have no reasonable explanation for failing to comply, or at a minimum communicating with the Court or counsel.

Plaintiffs fail to establish that their case qualifies for relief under Rule 60(b)(1), and the Court should deny their Motion. *See Dickerson*, 32 F.3d at 1116; *Lomas*, 884 F.2d at 967; *Dave Kohel Agency*, 149 F.R.D. at 173; *Knapp*, 322 F.R.D. at 320.

## II. The Court properly dismissed Plaintiffs' claims.

Even assuming Plaintiffs' motion were timely and Plaintiffs could seek Rule 60(b)(1) relief, the Court's May 8, 2019 Order was correct in its merits. Plaintiffs repeatedly claim they submitted the "Case Categorization . . . to Defense counsel on September 5, 2018." (Dkt. 16486, 1-2). However, Plaintiffs' assertion about their CCF is factually impossible. The Case Categorization Form the parties utilized to categorize cases was not adopted by the Court until November 21, 2018, at Docket Number 9638. Plaintiffs thus could not possibly have provided a CCF to Cook in September of 2018 because the form did not yet exist at that time. Perhaps Plaintiffs are thinking of another document from September of 2018, but the record is clear that they did not and could not have served a CCF at that time, and that they have not served one at any time since. Plaintiffs thus failed to follow the Court's order, and Cook properly moved to dismiss. *See* Fed. R. Civ. P. 41(b) ("if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it"). Plaintiffs did not file a response to Cook's motion, and the Court properly dismissed Plaintiffs' Complaint.

## CONCLUSION

Plaintiffs' Motion is untimely, and should be denied on that ground alone. Further, Plaintiffs did not make the requisite showing to justify the extraordinary remedy offered by Rule

60(b), and offered no justification whatsoever – legal or otherwise. The Court should deny Plaintiffs' Motion.

Respectfully submitted,

Dated: April 2, 2021

/s/ *Kip S.M. McDonald*
Andrea Roberts Pierson (# 18435-49)
Jessica Benson Cox (# 26259-49)
Kip S.M. McDonald (# 29370-49)
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
Email: Andrea.Pierson@FaegreDrinker.com
       Jessica.Cox@FaegreDrinker.com
       Kip.McDonald@FaegreDrinker.com

*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2021, a copy of the foregoing was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.


*/s/ Kip S.M. McDonald*