UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION           MDL No. 2570
_____

This Document Relates Only to the Following Cases:

Boudreau, Patricia, 1:18-cv-01228
_____

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF PATRICIA BOUDREAU'S CASE PURSUANT TO CMO-28**

Plaintiff opposes Cook's motion, arguing that her claims accrued not upon the removal of her fractured filter, but instead when she saw an advertisement and learned that her filter was "defective" more than five years later. Dkt. 16295 at 4.[1] This argument lacks support under Colorado law.

Under Colorado's discovery rule, a personal injury cause of action accrues "on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." Colo. Rev. Stat. Ann. § 13–80–108(1). Here, the facts averred by Plaintiff in her own affidavit clearly demonstrate that her claims accrued as early as May 30, 2012 and certainly no later than June 29, 2012. On May 30, 2012, there was an attempted removal of Plaintiff's filter that failed "due to the fact that the filter hook had embedded itself into [her] vena cava." Dkt. 16295 at 7, ¶ 3. On June 29, 2012, Plaintiff underwent a second removal attempt during which "it was noted that one of the filter struts, previously noted to be bent, had now fractured." *Id.* at p. 7, ¶ 4. Ultimately, "[b]oth the fractured strut and the rest of the filter body were able to be removed on June 29, 2012." *Id*. Based on these facts, Plaintiff knew by June 29, 2012 that (1) her filter was embedded and initially unable to be retrieved, (2) her filter had fractured, and (3) the fractured filter was successfully retrieved from her body. By that point, Plaintiff clearly knew or at least "should have known by the exercise of reasonable diligence," that she was injured and that the filter was causally connected to her injuries, which are premised on the fracture of the filter. Plaintiff's claim that she was unaware that the filter was "defective" until she saw a television commercial more than five years later does not alter this result. *See Olson v. State Farm Mut. Auto. Ins. Co.*, 174 P.3d 849, 855 (Colo. Ct. App. 2007) ("[T]he relevant issue is when a plaintiff

---

[1] Cook notes that Plaintiff's response creates a procedural inconsistency by citing the Rule 12(c) standard of review while attaching an affidavit outside of the pleadings as evidence. If necessary, of course, the Court has authority to convert this motion to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). Additionally, Plaintiff's response is not compliant with the page limit requirements set by CMO-28.

discovers facts essential to the cause of action, not the legal theory upon which the cause of action would be based.").

*Norris v. Baxter Healthcare Corp.*, 397 F.3d 878 (10th Cir. 2005) is instructive. There, the plaintiff claimed that she suffered injuries due to defective breast implants. The Tenth Circuit applying Colorado law found that the plaintiff's claims accrued and she had an obligation to investigate the problems with her breast implants when "her doctor told her that he believed that her implants were causing the problem and informed her that both of her implants needed to be removed." *Id*. at 887. Similarly, Plaintiff here had an obligation to investigate the problems with her filter when she underwent two procedures to remove the filter and discovered, in the course of those procedures, that her filter had "embedded itself into [her] vena cava" and "fractured." Plaintiff's claim that she failed to realize she might have a lawsuit until she saw an advertisement five years later does not delay the accrual of her claims.

The cases Plaintiff cites in support of her argument did not involve the medical device context and are not applicable here. In *Yund v. Bridgestone/Firestone, Inc.*, this court denied a 12(b)(6) motion to dismiss on statute of limitation grounds under Colorado law because plaintiffs alleged that they lacked specialized knowledge about the alleged tire defect and that "they were hindered from discovering the defects in the Explorer and its tires because the Defendants fraudulently concealed information regarding the defects in their products." 200 F. Supp. 2d 997, 999 (S.D. Ind. 2002). Plaintiffs made similar allegations in this MDL, but the Court has granted summary judgment on the fraudulent concealment allegations in the master complaint. *See* Dkt. 15907.[2] Plaintiff Boudreau did not raise any additional allegations in her Short-Form Complaint,

---

[2] Indeed, the Indiana Court of Appeals noted this distinction when it reviewed the *Yost* decision: "Furthermore, the federal court pointed to the plaintiff's contention that Ford had fraudulently concealed defects in the tires that hindered the plaintiff's ability to gain access to the specialized knowledge necessary to understand that they had a claim." *Morgan v. Columbus McKinnon Corp.*, 837 N.E.2d 546, 550 (Ind. Ct.

2

nor did she file an amended complaint by the Court's March 26, 2021 deadline. In any event, Plaintiff's acknowledgement that she knew of her filter fracture and successful removal in 2012 after a prior failed removal attempt demonstrates that she had *independent* knowledge of a cause of action. *See Garrett v. Arrowhead Imp. Ass'n.*, 826 P.2d 850, 853 (Colo. 1992) (explaining that fraudulent concealment only applies when the defendant actively conceals facts pertinent to the existence of a cause of action).

*Mastro v. Brodie,* 682 P.2d 1162 (Colo. 1984) is also inapposite, because the actual injury was hidden and not appreciated by the lay plaintiff. While the plaintiff knew she had a visible scar, the defendant-physician told her that was to be expected as a result of undergoing surgery to remove a small nodule from her back. *Id.* at 1163. Although the plaintiff underwent further treatment over the next two years with other physicians, the scar "remained approximately the same in size and appearance when she first became aware of it." *Id.* It was not until 1979 that she was diagnosed by a specialist with a "keloid"—a "progressively enlarging scar due to the formation of excessive amounts of [tissue]." *Id.* at n. 3. The plaintiff then filed suit, alleging medical negligence in failing to inform her about the risk of keloid. *Id.* Here, Plaintiff's own affidavit demonstrates that she had requisite knowledge regarding her filter fracture and removal to trigger her duty to investigate her claim. *See Norris*, 397 F.3d at 887 (holding that the statute of limitations began to run when a problem was noted with breast implants that required those implants to be removed).

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

---

App. 2005) (affirming summary judgment under Indiana law and distinguishing *Yund* because there was no fraudulent concealment).

Dated:  April 2, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2021, a copy of the foregoing **DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF PATRICIA BOUDREAU'S PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*