IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to Plaintiff(s) | Plaintiff Demands a Trial by Jury |
| MARK PRIESMEYER | |
| Civil Case # 1:19-cv-00964-RLY-TAB | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CONSUMER FRAUD CLAIMS**

Plaintiff Mark Priesmeyer, by counsel, files this response to Defendants' motion to dismiss Plaintiff's consumer claims arising out of Defendants' deceptive acts.

**ARGUMENT**

The Court should deny Defendants' Motion to Dismiss because (1) the Court previously rejected Defendants' identical particularity arguments when granting Plaintiff's Motion to Amend in January 2021; and (2) Plaintiff has pled his consumer claims with the particularity required by Federal Rule of Civil Procedure 9(b).

**I.  Defendants' Motion Should Be Denied Because Defendants Seeks to Relitigate An Issue, Already Decided**

The Court should deny Defendants' Motion to Dismiss Plaintiff's consumer protection claims because the Court has already ruled upon Defendants' identical particularity arguments pursuant to Plaintiff's Motion for Leave to Amend Short Form Complaint.  *See* Docket Nos. 15358; 15510.

On December 10, 2020, Plaintiff filed his Motion for Leave to Amend Short Form Complaint, and, on December 24, 2020, Defendants filed their opposition in response to Plaintiff's Motion. In their opposition brief, Defendants argued to the Court that Plaintiffs' amended complaint would be "futile" because "Plaintiff's proposed amended complaints would not comply with Rule 9(b)'s particularity requirement." Docket No. 15358, at 1, 4 (Dec. 24, 2020). The Court, thereafter, rejected Defendants' argument and granted Plaintiff's motion to amend his consumer protection claims. Docket No. 15510. However, *here again*, Defendants seek dismissal, citing the same case law and making the same argument—Defendants *again* incorrectly contend that Plaintiff failed to plead his consumer claims "with the particularity required by Federal Rule of Civil Procedure 9(b)." Defs. Brief, at 1-2 (Mar. 26, 2021). Defendants' request for a second bite at the apple should be denied.

Defendants essentially ask the Court to reconsider its ruling, but, in the Seventh Circuit, a request for reconsideration is "'not intended to routinely give litigants a second bite at the apple"; it is only intended to provide relief "in extraordinary circumstances," not relevant here. *McName v. Family Focus, Inc.*, No. 214-cv-260, 2015 WL 4876176. Reconsideration is only considered "in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was over-looked." *Id.* (citing *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004). In the present case, Defendants request for reconsideration should be denied because Defendants do *not* make any new arguments, do *not* cite any new law, nor do they contend that the Court made a mistake.

The standard addressed on Plaintiff's Motion to Amend is no different from the standard applicable to Defendants' Motion to Dismiss. In the first instance, the Court considered Defendants' particularity arguments, in terms of whether the amendment *would* be dismissed.

Here, Defendants ask the Court to consider the very same issue, only in terms of whether the amendment *should* be dismissed. Because the particularity issue at bar has already been litigated, Defendants Motion to Dismiss should be denied.

## II. Defendants' Motion Should Be Denied Because Defendants Merely Seek to Relitigate The Particularity Issue

Plaintiff has properly pled unfair and deceptive acts and practices under the Illinois Consumer Fraud and Deceptive Business Practices Act ("Act"). 815 Illinois L.C.S. §§ 505/2, 510/2 *et seq.* To sufficiently plead a cause of action under the Act, a consumer must allege (1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; (3) the deception occurred in the course of conduct involving trade or commerce; and (4) actual damage to the plaintiff proximately caused by the deception. *Id.* Even a negligent or innocent misrepresentation may be actionable under the Act. *Id.* Plaintiff has pled each element of his claim for unfair and deceptive acts with the required particularity.

Defendant's contention that Plaintiff's amendment does not allege his consumer protection claims with the particularity required by Rule 9(b) is incorrect. Defendant only cites to part of the Seventh Circuit's rule regarding 9(b) particularity requirements and neglects established Seventh Circuit precedent. Plaintiff has squarely pled consumer fraud with the heightened particularity required by Rule 9(b).

Defendant accurately informs the court that, to allege consumer fraud under Rule 9(b), the overarching rule adopted by the Seventh Circuit is that plaintiff must "describe" the "who, what, when and how" of the fraud. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018). However, Defendants conveniently omit the remainder of the rule. "What constitutes 'particularity…may depend on the facts of a given case." *Id.* at 839-40

(*citing Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreens Co.*, 631 F.3d 436, 442 (7th Cir. 2011). The court in *Pirelli* more specifically noted:

> [B]ecause courts and litigants often erroneously take an overly rigid view of the [who, what, when, where, and how] formulation, we have also observed that the requisite information…may vary on the facts of a given case.

*Pirelli*, 631 F.3d at 442. *See also Emery v. Am. Gen. Fin. Inc.*, 134 F.3d 1321, 1324 (7th Cir. 1998) (**requiring flexibility when pre-litigation information is not in plaintiff's control**); *In re HealthCare Compare Corp. Secs. Litig.*, 75 F.3d 276, 285 (7th Cir. 1996) (Ripple, J., dissenting) (observing that reasonable minds may disagree on the adequacy of a fraud averment). In this regard, the *Pirelli* court noted that the adoption of the Federal Rules of Procedure was a purposeful and deliberate "departure from prior pleading regimes that emphasized form for form's sake." *Pirelli*, 631 F.3d at 442 (*citing* 2 James Wm. Moore, MOORE'S FED. PRACTICE §9.03, at 9-18 (3d ed. 2010).

"Although 'plaintiffs are not absolutely required to plead the specific date, place, or time of the fraudulent acts,' what is required is "some…means of injecting precision and some measure of substantiation into their allegations of fraud." What need be reflected in a pleading for fraud is a "careful pretrial investigation" for the purpose of "minimiz[ing] the risk of damage associated with a baseless claim." *Berkowitz*, 896 F.3d at 840 (*citing Fidelity Nat'l Title Ins. Co. of N.Y. v. Intercounty*, 412 F.3d 745, 748-49 (7th Cir. 2005)).

In his amended complaint, Plaintiff sets forth 18 new paragraphs describing with particularity—precision and measurable substantiation—each element of his claim, including Cook's conduct in operatively marketing its Gunther Tulip filter as safe and effective with active, deliberate concealment of the fact, and Cook's knowledge, that the filter lacked efficacy

evidence and that the filter increased the risk of particular adverse events.    Plaintiff further describes the who—Cook—and the what, how, and when, including a timeline of events from 2006 to the present, by which Cook actively concealed its knowledge of risk and held out through marketing and its IFU the Tulip's safety, thereby causing Plaintiff injury.  *See* Plaintiff's Amended Short Form Complaint, at ¶ 15 (a-r).

Defendant's contention that Plaintiff failed to allege *what* was communicated to Plaintiff is plainly wrong.  For *example*, at  ¶ 15 (c), Plaintiff alleged that Cook marketed its device, in Cook's words, "for the prevention of pulmonary embolism."  After describing Cook's knowledge of adverse events and Cook's—including Cook's Medical Science Officer's, James Gardner's—knowledge and statements that its consumers were spending an "increasing amount of money" on the placement and retrieval of Cook's filters without clinical evidence that the filters "actually improve patient outcomes," Plaintiff, at ¶ 15 (b-d), alleged that Cook operatively "represented that pulmonary embolism prevention was the purpose of the device" and, at ¶ 15 (i), Plaintiff alleged that, "[c]onsistent with the Gunther Tulip IFU, Dr. Skelly advised Plaintiff that the filter would help prevent embolism and had limited risks."

Moreover, Plaintiff plead that "[d]octors cannot communicate what they do not know to their patients." Complaint, ¶ 15 (g).  "Accordingly, Cook's knowledge regarding lack of clinical evidence" and "suppression of adverse events" were not communicated to Plaintiff, *see* Complaint, ¶ 15 (g), in breach of the Illinois Consumer Fraud and Deceptive Business Practices Act.

Last, Defendant's argument that Plaintiffs Yedman and Priesmeyer allege "verbatim" the same conduct by the Cook Defendant is non-sensical and ignores the fact that Cook's unfair trade practices and deceptive acts injured both plaintiffs and in substantially the same way.

Certainly, each plaintiff has pled variations in the proposed amendment regarding relevant facts specific to their case.

Plaintiff has pled his consumer claims with particularity as required under Seventh Circuit law. To the extent that any particular facts are not within Plaintiff's control, the Seventh Circuit requires flexibility, *Emery v. Am. Gen. Fin. Inc.*, 134 F.3d at 1324, where, as here, the Plaintiff's averments, in the least, reflect a "careful pretrial investigation" that mitigates the risk of a baseless claim. *See Berkowitz*, 896 F.3d at 840.

### III. Plaintiff's Second Amended Complaint Further Alleges Facts Sufficient To Put Defendants on Notice of Plaintiff's Consumer Fraud Claims

*Even if* the Court were to determine that Paragraph 15 of Plaintiff's complaint is insufficient to meet the Rule 9(b) particularity requirement, Plaintiff, pursuant to Order of Court, has since filed his Brief in Support of Plaintiff's Second Amended Short Form Complaint, under seal, setting forth 54 additional paragraphs, which allege fraudulent concealment with particularity. Docket Nos. 16669, 16674. Certainly, any allegation of fraudulent concealment relates directly to Plaintiff's consumer fraud claims and provides Defendants further notice of the consumer claims, arising out of Defendants' deceptive acts.

"[T]he purpose of [a] complaint is to give 'the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved." *Perkins v. Lewis*, 2007 WL 1118723, *5 (C.D. Ill. 2007) (*citing* 5 Charles Alan Wright & Arthur R. Miller, Fed. Practice & Proc., §1215 (2d ed. 1990). Plaintiff's Amended Short-Form Complaint, and his consumer fraud allegations filed under seal, plead sufficient facts with particularity to allow the Court and Defendants to understand the allegations made against Defendants. For this reason, as well, Plaintiff has pled his consumer claims with the particularity required by Rule 9(b), and Defendants Motion to Dismiss should be denied.

        Respectfully submitted,

        /s/ Steve B. Rotman_____
        Steven B. Rotman
        Hausfeld
        One Marina Park Drive
        Suite 1410
        Boston, MA 02110
        (617) 207-0600
        srotman@hausfeld.com

Dated: April 5, 2021

## **CERTIFICATE OF SERVICE**

    I certify that on April 5, 2021, the foregoing was filed electronically and notice of the filing accordingly will be sent to all required parties by operation of the Court.

                                  /s/ Steve B. Rotman
                                  Steven B. Rotman