UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Wilburn, Christopher, 1:20-cv-03078

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF CHRISTOPHER WILBURN'S CASE PURSUANT TO CMO-28**

Plaintiff acknowledges that prior orders of this Court and precedent from the Tennessee Court of Appeals interpreting the statute of repose bar his claim. Plaintiff, however, "advances an alternative legal theory" in opposition to Cook's motion. *See* Pl.'s Resp., Dkt. 17571 at 1-2 (focusing argument on the "No person shall be deprived of the right to maintain a cause of action until one (1) year from the date of the injury" and "under no circumstances shall the cause of action be barred before the person sustains an injury" language in the Tennessee statute of limitations, Tenn. Code Ann. § 28-3-104(b)(2)-(3)).[1]

Cook does not doubt that Plaintiff asserts this alternate theory in good faith. This Court, however, is bound by *Erie* and general principles of federalism and comity to apply well-established state law in diversity cases. *See Hines v. Elkhart Gen. Hosp.*, 603 F.2d 646 (7th Cir. 1979) ("If anything is clear and well established from the decision in *Erie v. Tompkins*, 304 U.S. 64 (1938), and its progeny, it is the principle that the law to be applied by a federal court in a

---

[1] Plaintiff filed two responses in opposition on March 29, 2021. *See* Dkts. 17570 and 17571. From Cook's review, these briefs appear identical to each other, and Cook cites to the later filing as the operative response brief.

diversity case is the law of the State, and for that reason a federal court adjudicating a State-created right solely because of diversity of citizenship of the parties is . . . only another court of the State . . . .") (internal citations omitted).  The 10-year Tennessee statute of repose has been the law of Tennessee since its passage in 1978, and, as Plaintiff acknowledges, Tennessee courts have repeatedly upheld its constitutionality and broad application as an outer limit for imposing liability on product manufacturers.  See Pl.'s Resp. at 2 (acknowledging the holdings of *Wyatt v. A-Best Prods. Co.*, 924 S.W.2d 98, 104 (Tenn. Ct. App. 1995) and *Jones v. Methodist Healthcare*, 83 S.W.3d 739, 744-45 (Tenn. Ct. App. 2001)); *see also Damron v. Media Gen., Inc.*, 3 S.W.3d 510 (Tenn. Ct. App. 1999) (holding that there is no fraudulent concealment exception to the statute of repose); *Hayes v. Gen. Motors Corp.*, 94 F.3d 644 (Table), 1996 WL 452916, at *2 (6th Cir. 1996) (describing the statutory language as "sweeping" in setting the 10-year outer limit from the date of product purchase).  Accordingly, the Court is bound to apply established Tennessee law and dismiss Plaintiff's case with prejudice, as it did with earlier Tennessee cases in its prior orders on this issue.

Moreover, even assuming that Plaintiff's alternative reading of the statute of repose were not inconsistent with current Tennessee law, that reading is unpersuasive for at least two reasons.  First, *Wyatt* and *Jones* held that the statute of repose supersedes the statute of limitations because its text states that "*notwithstanding any exceptions to these provisions* [which would include § 28-3-104(b)] . . . *in any event*, the action must be brought within ten (10) years."  *Wyatt*, 924 S.W.2d at 104 (emphasis and brackets in original); *Jones*, 93 S.W.3d at 744-45 (same holding).  Thus, any perceived conflict between the language is resolved by language in the statute of repose indicating that the statute of repose takes precedence over the statute of limitations.

Second, Plaintiff's reading of the statute would render the whole of the statute of repose meaningless because no claim would ever be barred by the statute of repose if a plaintiff could file suit within one year of injury in all circumstances. As a basic principle of statutory interpretation, courts do not assume that a legislature would have passed a meaningless law. On the contrary, "[a] statute must be construed so as to ascertain and give effect to the intent and purpose of the legislation, considering the statute as a whole and giving the words their common and ordinary meaning." *State ex rel. Hooker v. Thompson*, 249 S.W.3d 331, 340 (Tenn. Ct. App. 1996). "The Court should assume that the Legislature used each word in the statute purposely and that the use of these words conveyed some intent and had a meaning and purpose." *Id.* Under Plaintiff's proposed reading, the statute of repose would never apply because any plaintiff that experienced an injury could file a claim, no matter how old the product. This would be an absurd result because Tennessee adopted a statute of repose with clear policy goals in mind. *See King v. Bradwell Partnership v. Johnson Controls, Inc.*, 865 S.W.2d 18, 21-22 (Tenn. Ct. App. 1993) (explaining that "the Tennessee General Assembly stated that the purpose of the statute of repose is to protect the public interest by making product liability insurance more readily available at a reasonable cost to manufacturers and sellers so that the cost of products may be lessened to consumers").

For the foregoing reasons and the reasons set forth in Cook's opening brief, the Court should dismiss Plaintiff's case with prejudice.

                Respectfully submitted,

Dated:  April 6, 2021        /s/ *Jessica Benson Cox*
                Jessica Benson Cox, Co-Lead Counsel
                Andrea Roberts Pierson
                FAEGRE DRINKER BIDDLE & REATH LLP
                300 North Meridian Street, Suite 2500
                Indianapolis, Indiana  46204
                Telephone:  (317) 237-0300
                Andrea.Pierson@FaegreDrinker.com
                Jessica.Cox@FaegreDrinker.com

                James Stephen Bennett, Co-Lead Counsel
                FAEGRE DRINKER BIDDLE & REATH LLP
                110 West Berry Street, Suite 2400
                Fort Wayne, Indiana  46802
                Telephone:  (260) 424-8000
                Stephen.Bennett@FaegreDrinker.com

                *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

  I hereby certify that on April 6, 2021, a copy of the foregoing **DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF CHRISTOPHER WILBURN'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

                /s/ *Jessica Benson Cox*