UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND                Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION               MDL No. 2570

_____

This Document Relates Only to Erik Donchez, 1:16-cv-01760

_____


# COOK DEFENDANTS' REPLY IN SUPPORT OF
# MOTION FOR JUDGMENT IN
# <u>PLAINTIFF ERIK DONCHEZ'S CASE PURSUANT TO CMO-28</u>

_____

US.132467960.03

Plaintiff opposes Cook's motion on the grounds that (1) his claim was tolled under the discovery rule under both Indiana and Pennsylvania law, and (2) the deadline had not yet passed for Plaintiff to amend his claim of fraudulent concealment. *See* Pl.'s Resp., Dkt. 17048. Plaintiff makes no attempt to distinguish the law Cook cited in its Motion, and ignores longstanding Indiana law in the process. Further, Plaintiff notes that Cook argues his cause of action accrued before the MDL was created and states "[i]t was nearly impossible for Plaintiff to discover that her injuries were caused by the defective nature of the Celect filter until she saw [attorney advertising] notifying him that his injuries might have been caused by the filter." *See id.* at 1. Plaintiff's position is directly contrary to both fact and law.

### I. Plaintiff's Case is Barred by the Indiana Statute of Limitations

As noted in Cook's opening brief, Plaintiff's claims are governed by Indiana law under the Court's choice of law order. *See* Dkt. 16199, ¶¶ 3, 5 (citing Dkt. 13539 (choice of law order)). Plaintiff's response almost entirely ignores that law. "Indiana law does not require a potential plaintiff to be informed by a doctor that his or her injuries were possibly caused by a particular product before the limitations period begins" because "'events short of a doctor's diagnosis can provide a plaintiff with evidence of a reasonable possibility that another's product caused his or her injuries.'" *Valmore v. Janssen Pharm. Prods., LP*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005) (quoting *Nelson v. Sandoz Pharm Corp.*, 288 F.3d 954, 967 (7th Cir. 2002)). The discovery rule "looks only to when a plaintiff knew that he or she suffered an ascertainable injury, and knew or should have discovered that the injury was caused by the product or act of another." *Valmore*, 2005 WL 8165915, at *3. "There is no requirement that the potential plaintiff know or believe a product is 'defective' before the limitations period may commence." *Id.* Plaintiff's

US.132467960.03

argument that "it was nearly impossible for Plaintiff to discovery" his injuries is contrary to law and reason.

In a case like this, where the claim is premised on a filter fracture, a plaintiff necessarily "knows or should know" of the existence of an injury and the causal link to the filter at the time the fracture is identified through medical treatment. It is axiomatic that the discovery rule is irrelevant where the Plaintiff *actually* discovered the injury at the time it occurred. Here, Plaintiff's filter was partially removed on September 9, 2009 – there was a "missing strut" noted. The very next day, September 10, 2009, Plaintiff had an appointment to "eval[uate the] filter strut" – that is, the entire reason for Plaintiff's appointment was to have the fracture assessed, and the indication was a "migrated filter strut." And a day after that, on September 11, an attempt was made to remove the migrated strut. Finally, Plaintiff returned to the hospital again, four months later for the exact same reason: "foreign body – iv filter broke in heart." Plaintiff's action is thus barred because he commenced his action more than six years after the fracture was identified through medical treatment, indeed, more than six years after a doctor attempted to remove the fractured strut. Existence of the MDL is also irrelevant to the analysis. Plaintiff could have filed his claim as a standalone case in a state or federal court where jurisdiction and venue was proper.

Pennsylvania law would produce the same result. Under Pennsylvania law, the discovery rule exception does not apply where an injury is ascertainable, *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 86 (1983), and thus has no bearing on cases where the injury is based on an "ascertainable" event. *Pastierik v. Duquesne Light Co.*, 514 Pa. 517, 524–525 (1987). Because the partial removal procedure and fracture are "ascertainable events" that are inherently linked to the filter Plaintiff's claim would also be barred under Pennsylvania law.

## II. Plaintiff's Fraudulent Concealment Argument is Irrelevant

Regarding fraudulent concealment, the Court recently dismissed the fraudulent concealment allegations in the Plaintiffs' Master Complaint. *See* Dkt. 15907. Although Plaintiff correctly notes the Court permitted Plaintiffs leave to amend their short form complaints, Pl.'s Resp., Dkt. 17043 at 3, amendment of the complaint does not save Plaintiff's action here because the undisputed facts establish that Plaintiff's action is time-barred. The multiple removal attempts – and visits specifically to evaluate Plaintiff's fracture – provided enough information to Plaintiff under applicable state law regarding the potential existence of a cause of action *independent* of any alleged fraudulent concealment on Cook's part. *See* Dkt. 15907 (collecting cases and explaining that "fraudulent concealment requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action"). Plaintiff does not suggest what new allegations he made that could possibly avoid this fact. In any event, Plaintiff does not and cannot dispute that he underwent two prior failed retrieval attempts – on September 9 and one specifically attempting to remove the fractured strut September 11, 2009, more than six years before filing his action. *See* Dkt. 17043-1 (sealed categorization medical record attached as Exhibit A to Cook's opening brief).

## III. Conclusion

For the foregoing reasons, and the reasons set forth in Cook's opening brief, the Court should dismiss all of Plaintiff's claims with prejudice.

Respectfully submitted,

Dated:  April 9, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF ERIK DONCHEZ'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*