UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND              Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION             MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Ryon, Levi, 1:16-cv-06038

_____

# COOK DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF LEVI RYON'S CASE PURSUANT TO CMO-28

US.132524782.02

Plaintiff's opposition to Cook's motion does not preclude judgment in Cook's favor because Plaintiff rests his argument on a legal standard for the accrual of a product liability action that has no basis in Oklahoma law. Plaintiff makes no attempt to distinguish the law Cook cited in its Motion, arguing instead that his claims were tolled under the Oklahoma discovery rule because he did not actually "discover there was a defect" until 2016. *See* Pl.'s Resp., Dkt. 17162. Plaintiff's position is directly contrary to both fact and law.

To trigger the limitations period under Oklahoma law, a plaintiff need not be informed that a product is "defective." Instead, a product liability action accrues at the time of a plaintiff's injury. *Wandschneider v. Tues. Morning, Inc.*, No. 08-CV-522-TCK-FHM, 2011 WL 3319562, at *3 (N.D. Okla. Aug. 1, 2011) (citing *Green v. Oilwell, Div. of U.S. Steel Corp.*, 767 P.2d 1348, 1350 (Okla. 1989) ("In a manufacturers' products liability action the cause of action accrues at the time of the injury.")). Plaintiff argues that he "discovered for the first time that the IVC Filter, which was surgically implanted into me was defective in approximately May of 2016. [He] was watching television and saw a commercial from a national law firm about these IVC filters being defective." Dkt. 17162-1. But he does not dispute that the medical record Plaintiff submitted in support of his Case Categorization Form – from February of 2012 – states the following:

> "Fractured and separated struts (extrinsic to the IVC) remaining within the L3 vertebral body in the lumbar spine. **This was discussed at length with the patients family. The patient is to convey pain scale to us and to discuss changes, if any, in overall pain.** If the **pain** is alleviated, then no further interventions are indicated. If the pain persists, then the patient is a candidate for further intervention."

Because Plaintiff did not file his complaint until June 21, 2016 – over four years later – all of his claims are time-barred under Oklahoma's two-year limitations period. **I.    Plaintiff's Claims are Barred by the Oklahoma Statute of Limitations**

Plaintiff's response ignores Oklahoma law. The discovery rule applies only when an

injured party is unable, "despite the exercise of due diligence, to know of the injury or its cause." *Digital Design Group, Inc. v. Info. Builders, Inc.*, 2001 OK 21, ¶ 22, 24 P.3d 834, 841. That means that a product's injury-causing potential is "simply unknown by experts and laymen alike." *Daugherty v. Farmers Co-Op Ass'n*, 689 P.2d 947, 950 (Okla. 1984). In declining to apply the discovery rule in *Daughtery*, the Oklahoma Supreme Court clarified that the rule is only applicable where a plaintiff has "no way of attributing" an injury to the product of another. The court went on to hold that "statutes of limitation were not designed to help those who negligently refrain from prosecuting inquiries plainly suggested by the facts." *Id.* at 951. As Cook noted in its opening brief, "it is irrelevant whether the plaintiff understood that the defendant's actions constituted a legal cause of action as long as the plaintiff knew of the facts which could give rise to such a claim." *Blue v. Universal Underwriters Life Ins. Co.*, 612 F. Supp. 2d 1201, 1204 (N.D. Okla. 2009) (internal quotation marks, citations, and brackets omitted).

In a case like this, where the claim is premised on a filter fracture, a plaintiff necessarily "knows or should know" of the existence of an injury and the causal link to the filter at the time the fracture is identified through medical treatment. Whether Plaintiff believed his injury was caused by a *defect* is irrelevant because that is not the legal standard under Oklahoma law. *See Digital Design Group*, 2001 OK 21, ¶ 22, 24 P.3d at 840-41; *Green*, 767 P.2d at 1350. Moreover, it is axiomatic that the discovery rule is irrelevant where the Plaintiff *actually* discovered the injury at the time it occurred. Here, Plaintiff's filter was partially removed on February 28, 2012 – there were remaining "fractured struts." These "fractured and separated struts" remained within Plaintiff's "L3 vertebral body in the lumbar spine." The fractured struts were "discussed at length." At that time, Plaintiff was experiencing pain and he was informed that if the pain persisted, further intervention to remove the fractured struts may be required. Plaintiff does not

and cannot deny any of this. Plaintiff's action is thus barred because he commenced his action more than four years after the fracture was identified through medical treatment – and more than four years after the fractured struts were "discussed at length."

## II. Conclusion

For the foregoing reasons, and the reasons set forth in Cook's opening brief, all of Plaintiff's claims are time-barred as a matter of law under Oklahoma's statute of limitations and the Court should dismiss all of Plaintiff's claims with prejudice.

Dated: April 9, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF LEVI RYON'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*