UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Moeders, Jean Michelle - 1:20-cv-00169

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION FOR JUDGMENT IN
<u>PLAINTIFF JEAN MICHELLE MOEDERS' CASE PURSUANT TO CMO-28</u>**

US.132299738.04

Plaintiff Moeders opposes Cook's motion on grounds that (1) Nevada choice of law rules and substantive law apply, and her claims would survive because Nevada has no statute of repose and (2) she amended her complaint to raise additional fraudulent concealment allegations. *See* Pl.'s Resp., Dkt. 16576; *see also* Pl.'s Am. Compl., Dkts. 16583 and 16590 (sealed attachment).

A. **Indiana Choice of Law Rules Apply Under the Court's Choice of Law Order**

Plaintiff asks the Court to apply Nevada choice of law rules and argues that Nevada law would apply under Nevada's "most significant relationship" conflicts analysis, because her filter was sold, prescribed, and placed in her body in Nevada in 2006. *Id.* at 1-2. Under the Court's choice of law order (Dkt. 13539), Indiana choice of law rules apply, because Plaintiff filed her case in the Southern District of Indiana on January 16, 2020, outside of the equitable period that elapsed on July 13, 2019. Plaintiff's argument for applying Nevada law is an attempt to re-litigate the choice of law issue yet again, which the Court should decline to do.[1]

B. **Oregon Is the Place of the Tort Because Plaintiff's Injury Occurred in Oregon**

On a 12(c) motion, the Court must "accept the plaintiff['s] well-pled facts as true and construe reasonable inferences in [the plaintiff's] favor." *Tierney v. Advocate Health & Hosps. Corp.*, 797 F.3d 449, 451 (7th Cir. 2015). Cook provided a full choice of law analysis in its opening brief, explaining that Indiana law retains a presumption "that the traditional *lex loci delicti* rule (the place of the wrong) will apply." *Simon v. U.S.*, 805 N.E.2d 798, 805 (Ind. 2004). Here, Plaintiff resided in Oregon at time of her alleged injury. *See* Pl.'s Short-Form Complaint, ¶ 5. Accordingly, Oregon is the place where the alleged tort occurred and Oregon substantive law applies, including the statute of repose.

---

[1] Plaintiff filed her case in the Southern District of Indiana—a proper venue for her case under 28 U.S.C. § 1301(b)(1)—several months *after* this Court made its finding that there is no direct-filing order in this MDL. Her case thus originated in the Southern District of Indiana, and Indiana choice of law rules apply.

1

Regarding Plaintiff's suggestion that her injury was diagnosed in Washington (while she continued to reside in Oregon), the connection to Washington is neither relevant nor accurate because Plaintiff misread the location information in her medical records. In support of her categorization, Plaintiff submitted a July 12, 2019 record from PeaceHealth, stating that Plaintiff's filter is tilted and "projects outside the lumen of the IVC." The heading lists an address in Vancouver, Washington and the footer indicates that these were the second and third pages of the record for this visit. Plaintiff simultaneously submitted the full record of this visit, including the first page, as part of her general production of medical records per CMO-4. Cook has attached the full four-page record here as **Exhibit A** (document filed separately under seal).[2]

The first page of the record recounts the admission information, noting that Plaintiff's medical visit took place at a "PEACEHEALTH SERVICE AREA" at the "Sacred Heart at River Bend CT" location. *Id.* The Court may take judicial notice of the geographic fact that Sacred Heart Medical Center at RiverBend is a hospital located at 3333 River Bend Drive in Springfield, Oregon.[3] Publicly-available information provided on the PeaceHealth website further explains that PeaceHealth is "a not-for profit Catholic health system [comprising 10 separate medical centers] offering care to communities in Washington, Oregon, and Alaska."[4] Because Plaintiff's injury was diagnosed in Oregon while she resided in Oregon, the Oregon statute of repose applies in this case.

---

[2] The Court may consider categorization forms and supporting records on a motion for judgment on the pleadings as it has done with some prior motions. *See, e.g.,* Dkts. 11311 at 2-4 (dismissing multiple Category 2 cases); 10588 (dismissing Category 1 cases).

[3] *See* PeaceHealth, available at *https://www.peacehealth.org/sacred-heart-riverbend* (hospital system's website providing address for Sacret Heart Medical Center at RiverBend) (accessed April 5, 2021); *see also e.g., Continental Ins. Co. v. M/V ORSULA*, 354 F.3d 603, 607-08 (7th Cir. 2003) (holding that district court properly took judicial notice of the fact that Burns Harbor was actually located in Porter County, Indiana, and not Illinois, even though it is "considered to be within the Port of Chicago."').

[4] *See* PeaceHealth, "About PeaceHealth," available at *https://www.peacehealth.org/about-peacehealth* (hospital system's website discussing its general background) (accessed April 5, 2021).

2

Case 1:14-ml-02570-RLY-TAB   Document 17850   Filed 04/09/21   Page 4 of 5 PageID #:
116511

### C.   Fraudulent Concealment Does Not Save Plaintiff's Claim

Plaintiff's amendment of her complaint does not save her suit from dismissal because the undisputed placement date and filing date establish that Plaintiff's action is time-barred. As the Court explained in its order granting summary judgment on the fraudulent concealment allegations in the Master Complaint, "fraudulent concealment requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action." *See* Dkt. 15907 (collecting cases). Oregon and Indiana law both impose this requirement.[5]

Here, Plaintiff's amendment re-hashes allegations about reporting of adverse events, provision of information to patients and physicians, and marketing issues. *See* Dkt. 16590 (sealed allegations).[6] But none of Plaintiff's new allegations allege that Cook knew of Plaintiff's perforation *before* she herself learned of it or that Cook took any affirmative steps to prevent her from discovering this injury or her cause of action against Cook. In fact, there is no indication that Plaintiff experienced physical symptoms attributable to the filter during the 10-year repose period, and Cook could not have known of or concealed injuries that Plaintiff had not yet experienced. By the time Plaintiff sought treatment in 2019, her claims were already barred by the statute of repose.

For the foregoing reasons, the Court should dismiss Plaintiff's claims with prejudice.

---

[5] *See Classen v. Arete NW, LLC*, 294 P.3d 520, 526 (Or. Ct. App. 2012) ("Fraudulent concealment in the pertinent sense involves concealment of the 'fact that a cause of action has accrued' against the defendant.") (quoting *Chaney v. Fields Chevrolet Co.*, 503 P.2d 1239 (Oregon 1972); *Doe v. Shults-Lewis Child & Family Servs., Inc.*, 718 N.E.2d 738, 744-45 (Ind. 1999) ("Fraudulent concealment is an equitable doctrine that operates to estop a defendant from asserting the statute of limitations as a bar to a claim whenever the defendant … has, either by deception or by a violation of a duty, concealed from the plaintiff material facts thereby preventing the plaintiff from discovering a potential cause of action.")..

[6] While pleaded in the individual case, the new allegations differ little from the Master Complaint because they focus on alleged conduct generally, without alleging how Plaintiff herself or her individual doctors specifically relied on Cook's alleged conduct regarding her particular filter and treatment. Thus, the new allegations fail to meet the requirement to plead with particularity under Rule 9(b).

3

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  April 9, 2021 | /s/ Andrea Roberts Pierson |

Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2021, a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT IN PLAINTIFF JEAN MICHELLE MOEDERS' CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ Andrea Roberts Pierson

US.132299738.04