UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Mark Priesmeyer
    No. 1:19-cv-00964
Rocco Yedman
    No. 1:17-cv-02720

**COOK DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION
FOR DISMISSAL OF CLAIMS BASED ON
<u>STATE CONSUMER FRAUD STATUTES</u>**

Plaintiffs Priesmeyer's and Yedman's responses to Cook's motion to dismiss their claims of consumer fraud fail to demonstrate that these Plaintiffs have pleaded the circumstances of their consumer fraud claims with the particularity required by Rule 9(b).[1] The Court should therefore grant Cook's motion and dismiss those claims.

    A.    **Cook's Motion is Not a Motion to Reconsider.**

Plaintiff first tries to avoid the issue of particularity by arguing that Cook's motion

---

[1] *See* Dkts. 17760, 17763. Because Plaintiffs' responses are identical with respect to the Rule 9(b) issues raised by Cook's motion, Cook replies to both responses in this combined reply. The minor differences between the Illinois Consumer Fraud Act at issue in *Priesmeyer* and the Pennsylvania Unfair Trade Practice and Consumer Protection at issue in *Yedman* have no bearing on the argument here.

US.132529759.01

is a motion to reconsider the Magistrate Judge's order granting Plaintiffs' leave to amend to add allegations to their consumer fraud claims. Dkt. 17760 at 1-3, Dkt. 17763 at 1-3. Plaintiff is mistaken. Cook's present motion does not ask the Court to reconsider the Magistrate Judge's order granting them leave to amend; it seeks partial dismissal of the claims of consumer fraud in the amended pleadings based on their failure to plead the circumstances of fraud with particularity.

The original motions Plaintiffs cite in their response were motions to amend their Short-Form Complaints under Rule 15. *See* Dkts. 150491, 15510. As the Court is aware, such a motion for leave to amend a pleading under Rule 15 faces a very low bar. Rule 15(a)(2) specifically provides that "[t]he court should freely give leave [to amend] when justice so requires," and the Seventh Circuit has long held that "[t] he Federal Rules respecting amendments to pleadings should be given a liberal construction so that cases are decided on the merits rather than on bare pleadings." *Fuhrer v. Fuhrer*, 292 F.2d 140, 143 (7th Cir. 1961). Rule 9(b) leaves the decision on the issue to the discretion of the district court, and rulings on such motions are reviewed only for abuse of discretion. *See Bausch v. Stryker Corp.,* 630 F.3d 546, 561 (7th Cir. 2010).

In contrast, the present motion is a motion for partial dismissal under Rule 9(b). The motion seeks the dismissal of Plaintiffs' claims of consumer fraud as a matter of law, and imposes a corresponding high burden of proof on Cook as the moving party. The motion poses a question of law, and the Court's ruling will be reviewed *de novo*. *See, e.g., Koch v. Koch Industries Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000).

Plaintiff apparently maintains that once a court exercises its discretion and grants a plaintiff leave to amend a claim, that ruling somehow forecloses a later motion to dismiss that claim as a matter of law. Plaintiff cites no authority for such a proposition, and Cook is aware of none.

In sum, this is not a motion for reconsideration of the Magistrate Judge's order granting Plaintiffs leave to amend the complaints. The amendments are now part of Plaintiffs' claims, and Cook accepts that fact. This is instead a motion to dismiss Plaintiffs' claims under Rule 9(b): a different motion, brought under a different rule, seeking different relief under a different legal standard.

### B.  Plaintiffs' Amended Complaints Fail to Allege the Circumstances of the Fraud They Claim.

The allegations of consumer fraud in Plaintiffs' Amended Short-Form Complaints fail to comply with the requirements of Rule 9(b), and the Court should dismiss them.

Plaintiffs' response ignores the pleading standard expressly set out in Rule 9(b), which requires a party to "state with particularity the circumstances constituting fraud." Plaintiffs' responses do not mention this standard, and they certainly do not apply it. The "fraud" referred to in the rule is a *communication*, an alleged misrepresentation by one party to another. *See, e.g.,* Black's Law Dictionary at 670 (7th ed. 1999) (defining "fraud" as a "knowing misrepresentation of the truth or the omission of a material fact to induce another to act to his or her detriment"). Thus, for fraud to occur, there must be a *communication* from one party to another, a communication that either misrepresents a fact or omits a material fact.

It is the circumstances of that communication—the alleged fraud—that Rule 9(b) requires be stated with particularity. That is why the Court has required Plaintiffs to plead the "'who, what, when, where, and how' of the fraud," *see* Dkt. 15907 at 8 (quoting *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018)); a party must plead the circumstances of the *communication* that constitutes the fraud. *See* Dkt. 14809 at 10 (dismissing Plaintiff's consumer fraud under Oregon Unlawful Trade Practices Act for failure to plead the "'the who, what, when, where, and how of the fraud.'") (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736-37 (7th Cir. 2014)). As Cook noted in its original motion, merely listing claimed misrepresentations is not enough; a plaintiff must state the circumstances of the communication that constitutes the claimed fraud. *See Seldon v. Home Loan Serv., Inc.*, 647 F. Supp. 2d 451, 470 (E.D. Pa. 2009) (without alleging the "terms, conditions, or characteristics" of allegedly deceptive conduct, "merely alleg[ing] a list of misrepresentations" is not enough).

The allegations of consumer fraud in Plaintiff's Amended Short-Form Complaints (quoted in their entirety in Cook's original motion) wholly fail to meet this standard. As noted, the "circumstances" that Rule 9(b) requires Plaintiffs to plead with "particularity" are the circumstances of the communications that Plaintiffs claim constituted the fraud:

- What misrepresentation was communicated to Plaintiff by Cook, or what communication from Cook contained a representation to Plaintiff that omitted material information?
- Who from Cook made this representation to Plaintiff?
- When did Cook make this representation to Plaintiff?

- 4 -

- Where did Cook's representation to Plaintiff occur?
- How did Cook communicate this representation to Plaintiff?

If Cook *had* in fact made a misrepresentation to Plaintiff, these questions would be easy for Plaintiff to answer.  Each Plaintiff would know what was said to him, who said it, when it was said, and all the other details of the communication.[2]  But the allegations Plaintiffs added to their Short-Form Complaints contain none of this information.

Instead of addressing the requirements Rule 9(b) actually imposes, Plaintiffs argue that each "has pled each *element* of his claim for unfair and deceptive acts with the required particularity." Dkt. 17760 at 3 (emphasis added); *see also id.* at 4 ("In his amended complaint, Plaintiff sets forth 18 new paragraphs describing with particularity—precision and measurable substantiation—each element of his claim…"); 17763 at 3, 4 (same).  But Rule 9(b) does not require a party to plead the *elements* of a fraud claim with particularity; it requires a party to plead "the *circumstances constituting fraud*" with particularity.  Fed. R. Civ. P. 9(b) (emphasis added).  Plaintiffs' amended complaints do indeed make detail allegations about the Tulip Filter's supposed lack of efficacy and supposed risks of injury, and about Cook's supposed knowledge of those "facts."  Dkt. 17760 at 4-5, Dkt. 17763 at 4-5.  But they do not allege any particularized information about any *communications* by Cook to either Plaintiff concerning those supposed facts, which is what Rule 9(b) requires.  Plaintiffs may have "state[d] with particularity" the

---

[2] Contrary to Plaintiffs' suggestion, all of these facts are *entirely* within Plaintiffs' control.  *See* Dkt. 17763 ("To the extent that any particular facts are not within Plaintiff's control…").

US.132529759.01

alleged state of Cook's knowledge concerning the efficacy and risks of the Tulip filter, but they have ***not*** stated with particularity the ***circumstances*** of any supposed fraudulent ***communication*** to Plaintiffs supposedly based on that claimed knowledge.

Plaintiffs do briefly claim that they alleged the "what" of the communication by alleging "that Cook marketed its device, in Cook's words, 'for the prevention of pulmonary embolism.'" Dkt. 17760 at 5, Dkt. 17763 at 5.  But an allegation of a general marketing practice is by no stretch of the imagination a particularized statement of the circumstances of a communication of a specific misrepresentation to a specific plaintiff, as Rule 9(b) requires.  And Plaintiffs do not even *attempt* to claim that they have alleged the requires "who, when, where, and how" of the supposed communication.

At most, Plaintiffs' amended allegations might state a factual basis for a claim based on a failure to warn; they allege that Cook knew or should have known of risks of injury to filter users and failed to provide adequate warnings about such risks.  But Plaintiffs Amended Short-Form Complaints do not allege that Cook had *any* specific communications with Plaintiffs that contained any false representations or any representations that omitted material facts, and they certainly do not "state with particularity the circumstances" of such communications.  Plaintiffs' allegations thus fail to comply with Rule 9(b).

Plaintiffs' final argument contends that even if the allegations of consumer fraud in their Amended Short-Form Complaints do not plead the circumstances of the fraud with the required particularity, their subsequent second amendment adding factual

US.132529759.01

allegations concerning their claim of fraudulent concealment fills in any holes.  *See* Dkt. 17760 at 6; Dkt. 17763 at 6.  This argument fails for at least two reasons.

First, Plaintiffs' claims of consumer fraud and fraudulent concealment are entirely different claims based on entirely different facts.  Plaintiffs' consumer fraud claims are claims for substantive relief, claiming entitlement to monetary damages based on alleged violation of state consumer fraud statutes.  *See* Dkt. 213 at ¶¶ 112-166.  In contrast, Plaintiffs' claims of fraudulent concealment are not substantive claims at all, but merely assertions of an exception to the applicable state statute or limitations, *see id.* at ¶¶ 195-200, based on a claim that "the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action."  Dkt 15907 at 6 (citing *Lyons v. Richmond Cmty. Sch. Corp.*, 19 N.E.3d 254, 260 (Ind. 2014)).  The two claims thus differ in both nature and substance; the facts that will support one have no logical relation to the other, and Plaintiffs offer no analysis to suggest why they would.

Second, the allegations of fraudulent concealment that Plaintiffs refer to themselves fail to state any circumstances of fraud with particularity.  None of the allegations in those amendments (Dkts. 16669 16674, 16678, 16683) allege specific communications between Cook and Plaintiffs, concerning either the existence of a cause of action or anything else, and Plaintiffs point to no allegations that they claim do so.  Indeed, Plaintiffs do not discuss ***any*** of the specific allegations they have made concerning fraudulent concealment, simply stating in conclusory manner that, "[c]ertainly, any allegation of fraudulent concealment relates directly to Plaintiff's

- 7 -

consumer fraud claims and provides Defendants further notice of the consumer claims, arising out of Defendants' deceptive acts." This vague argument arguments based on Plaintiffs' fraudulent concealment allegations offer no ground for finding that Plaintiff have stated the circumstances of their consumer fraud claims with particularity.

## CONCLUSION

As discussed above and in Cook's original motion, Plaintiffs' vague, general allegations of consumer fraud do not meet Rule 9(b)'s requirement of particularity. Cook therefore urges the Court to grant its motion and dismiss Plaintiffs' consumer fraud claims asserted under the ICFA and UTPCPL.

Dated: April 9, 2021                     Respectfully submitted,


/s/Andrea Roberts Pierson
Andrea Roberts Pierson
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@faegredrinker.com
Jessica.Cox@faegredrinker.com

US.132529759.01

        James Stephen Bennett
        FAEGRE DRINKER BIDDLE & REATH LLP
        110 W. Berry Street, Suite 2400
        Fort Wayne, Indiana 46802
        Telephone: (260) 424-8000
        Stephen.Bennett@faegredrinker.com

        Bruce Jones
        FAEGRE DRINKER BIDDLE & REATH LLP
        2200 Wells Fargo Center
        90 South 7th St.
        Minneapolis, Minnesota 55402
        Telephone:  612-766-7426
        Bruce.Jones@faegredrinker.com

        *Attorneys for Defendants Cook Incorporated,*
        *Cook Medical LLC f/k/a Cook Medical*
        *Incorporated, William Cook Europe ApS*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2021, a copy of the foregoing Cook Defendants' Reply Memorandum in Support of Motion for Dismissal of Claims Based on State Consumer Fraud Statutes was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/Andrea Roberts Pierson*

US.132529759.01