UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Frank, Kelly - 1:15-cv-1070

### DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT IN PLAINTIFF KELLY FRANK'S CASE PURSUANT TO CMO-28

Plaintiff opposes Cook's motion on grounds that 1) Cook has misinterpreted the Court's choice of law order and that Virginia law applies, instead of Indiana law and 2) that Plaintiff's claim is saved under Virginia law by the discovery rule. *See* Pl.'s Response, Dkt. 17572.

**A.    Plaintiff's Applicable Law Analysis Is Incorrect Because The Statute of Limitations in Indiana is Procedural in Nature and Bars Plaintiff's Claims.**

Plaintiff acknowledges that the Court's choice of law order applies to her case but argues "that order provides that Indiana choice of law rules apply, not that Indiana substantive law applies." *Id.* at 1.

Plaintiff has misunderstood the Court's choice of law order and Indiana law on this issue. Indiana choice of law rules apply (which Plaintiff acknowledges), because Plaintiff's case was filed outside of the equitable period. "'Because in Indiana statutes of limitations are procedural in nature, Indiana choice-of-law rules state that the statute of limitations of the forum state, Indiana, will apply.'" *Bitler Inv. Venture II, LLC, v. Marathon Ashland Petroleum, LLC*, 779 F. Supp. 2d 858, 889 (N.D. Ind. 2011) (quoting *Autocephalous Greek–Orthodox Church of Cyprus v. Goldberg & Feldman Fine Arts, Inc.*, 717 F. Supp. 1374, 1385 (S.D. Ind. 1989), *aff'd*, 917

US.132619774.02

F.2d 278 (7th Cir. 1990)); *see also McLaughlin Equip. Co. v. Servaas*, 2004 WL 1629603, at *46 (S.D. Ind. Feb. 18, 2004) ("The court concludes that it must apply Indiana's choice of law rules including its statute of limitations to McLaughlin's state law claims, even though another state's substantive law governs those claims.  To the extent McLaughlin suggests that the court should apply the statute of limitations of a different state because the substantive law governing its claims are supplied by that state, it is simply incorrect.") (internal citations omitted).

Accordingly, Plaintiff's case is governed by the 2-year statute of limitations under Indiana law and is barred under Indiana law for the reasons set forth in Cook's opening motion.

**B.      Virginia Law Does Not Apply or Save Plaintiff's Claims.**

As explained above, Virginia law does not apply here.  The outcome would be no different, however, if Virginia law did apply.  As Cook explained in its opening brief, Virginia did not have a discovery rule for product liability actions until a discovery rule was passed by the Virginia Legislature in March 2016 and took effect on July 1, 2016.  *See* Dkt. 16203 at 2, n. 3 (citing relevant Virginia statutes and discussing enactment history of the discovery rule).  But even assuming the Virginia discovery law would otherwise apply to Plaintiff's claims, Plaintiff would not be entitled to the benefit of the discovery rule because her claim accrued and became time-barred *before* the new law took effect.  Under Virginia law, "amendments to statutes of limitation are presumed to be prospective and not retroactive in their operation, in the absence of clear legislative intent to the contrary."  *Riddett v. Virginia Elec & Power Co.*, 495 S.E.2d 819, 822 (Va. 1998).  Plaintiff's efforts to distinguish the *Riddett* case by noting that it was brought in the wrongful death context is unpersuasive, because the Virginia Supreme Court's statement of law that Virginia applies a presumption that statutes of limitation do not apply retroactively absent evidence of "clear legislative intent to the contrary" is a general point of law.  Plaintiff has

not provided any analysis or case law suggesting that the Virginia Legislature intended to apply this statutory change in the discovery rule retroactively.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

Dated:  April 13, 2021

/s/ *Andrea Roberts Pierson*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

US.132619774.02

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2021, a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT IN PLAINTIFF KELLY FRANK'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                                                 */s/ Andrea Roberts Pierson*