UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION     MDL No. 2570

---

This Document Relates Only to the Following Cases:

Kenneth Turner, 1:19-cv-02542

---

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN
PLAINTIFF KENNETH TURNER'S CASE PURSUANT TO CMO-28**

Plaintiff opposes Cook's motion on the grounds that (1) his claim was tolled under Indiana's discovery rule, and (2) Cook fraudulently concealed his cause of action, thereby tolling the statute of limitations. *See* Pl.'s Resp., Dkt. 17592. Plaintiff makes no attempt to distinguish the law Cook cited in its Motion and ignores longstanding Indiana law in the process. Further, Plaintiff wrongly contends that there are "contradictions in his medical records," and that these contradictions prevented him from learning of his injuries and their cause until June 2017. *See id.* at 1. Plaintiff's position is directly contrary to both fact and law.

### I.   Plaintiff's Case is Barred by the Indiana Statute of Limitations

Plaintiff acknowledges his claim is governed by Indiana law but nevertheless argues that his claim did not accrue on June 7, 2016 when his filter was partially removed from his body due to a fracture of the filter. Specifically, Plaintiff notes that the medical record from the date of his removal procedure, which he submitted in support of his Case Categorization Form, states that "no unexpected portions of the filter remained [] in the body" and that "the remaining components" of the filter were removed without complication, and argues that these excerpts create a contradiction in the removal record. *Id.* at 3. Due to this alleged contradiction, Plaintiff contends he was unaware that a portion of the filter remained in his body and that his claims therefore did not accrue until approximately a year later. *Id*. This argument is unavailing for several reasons.

First, the removal record is unambiguous and only contains "contradictions" if stripped of all context. Indeed, the record clearly indicates that the filter was being removed in the first place as a result of an April 21, 2016 CT scan that revealed a filter fracture and embolization of the fractured leg. *See* Dkt. 16174 at 2 (sealed categorization medical record attached as Exhibit A to Cook's opening brief). The record further states that the fractured leg ultimately "embedded into the inferior vena cava wall," and that, following removal, there was "no embolization of the

1

fractured leg that was previously incorporated into the cava wall." *Id.* Because it was known prior to removal that a fractured leg was embedded in the cava wall, removal of the embedded leg was not anticipated, and the excerpt stating that "no unexpected portions of the filter remained [] in the body" does not create a contradiction in the record, as Plaintiff alleges.

But even if there were some limited ambiguity in the record, it would be insufficient to delay accrual of Plaintiff's claims under Indiana law. Any perceived ambiguity would be limited to whether a piece of the filter remained in Plaintiff's body following the removal procedure, but there is no ambiguity as to whether the filter fractured and required removal.[1] Indeed, the removal record unequivocally states that the filter fractured and was removed. Thus, Plaintiff's argument that his claims did not accrue on June 7, 2016 is contrary ignores Indiana law, which "looks only to when a plaintiff knew that he or she suffered an ascertainable injury, and knew or should have discovered that the injury was caused by the product or act of another." *Valmore*, 2005 WL 8165915, at *3. In a case like this, where the claim is premised on a filter fracture, a plaintiff necessarily "knows or should know" of the existence of an injury and the causal link to the filter at the time the fracture is identified through medical treatment. *See Wojcik v. Almase*, 451 N.E.2d 336, 342 (Ind. Ct. App. 1983) (holding that plaintiff's claims accrued on the date of the fracture of the catheter, which was known no later than the removal of the device). Accordingly, Plaintiff's claims accrued no later than June 7, 2016, when his fractured filter was removed, and Plaintiff's assertion that he "did not learn of the connection between his injuries and the defective nature of the Gunther Tulip filter until around June 2017" is immaterial. *See Valmore*, 2005 WL 8165915,

---

[1] To the extent Plaintiff claims that the retention of a piece of the filter is a separate injury that delays accrual of his cause of action, this argument is without merit. *See Monsanto v. Miller*, 455 N.E.2d 392, 394 (Ind. Ct. App. 1983) (for a claim to accrue, "it is not necessary that the full extent of the damage be known or even ascertainable but only that some ascertainable damage has occurred").

2

at *3 ("there is no requirement that the potential plaintiff know or believe a product is 'defective' before the limitations period may commence.").

## II. Plaintiff's Fraudulent Concealment Argument is Irrelevant

Regarding fraudulent concealment, the Court recently dismissed the fraudulent concealment allegations in the Plaintiffs' Master Complaint. *See* Dkt. 15907. Although Plaintiff filed an amended short form complaint on March 26, 2021, the amendment could not save his action here because the discovery of Plaintiff's filter fracture and subsequent removal of Plaintiff's filter provided enough information to Plaintiff regarding the potential existence of a cause of action *independent* of any alleged fraudulent concealment on Cook's part.[2] *See Miller v. A.H. Robins Co.*, 766 F.2d 1102, 1106–07 (7th Cir. 1985) ("[w]hen a plaintiff learns of information that would lead to the discovery of the cause of action through diligence, the statute of limitations begins to run, regardless of concealment."). Because Plaintiff had independent awareness of the potential existence of his cause of action more than two years prior to the commencement of this lawsuit, his new allegations of fraudulent concealment are irrelevant.

## III. Conclusion

For the foregoing reasons, and the reasons set forth in Cook's opening brief, the Court should dismiss all of Plaintiff's claims with prejudice.

Respectfully submitted,

Dated: April 13, 2021               /s/ *Jessica Benson Cox*
                                    Jessica Benson Cox, Co-Lead Counsel

---

[2] Plaintiff's new allegations of fraudulent concealment do not in fact cure the pleading defects the Court identified in its previous order. *See* Dkt. 15907. Plaintiffs do not allege that Cook knew of and affirmatively concealed *Plaintiff's* cause of action, as the Court required, and they do not state the circumstances of the alleged fraud—the who, what, when, where, and how—with the particularity required by Rule 9(b). *See id.* at 6-9. Instead, Plaintiffs allege only the same sorts of pre-filter-placement conduct set out in the Master Complaint.

3

        Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF KENNETH TURNER'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*