UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Sanchez-Hughes, Lisa, 1:20-cv-2948

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT
IN PLAINTIFF LISA SANCHEZ-HUGHES' CASE PURSUANT TO CMO-28**

US.132316552.04

Plaintiff argues that her claims are saved by the express warranty exception to the Texas statute of repose. In particular, Plaintiff acknowledges that the Court has applied the statute of repose to dismiss prior cases involving Texas plaintiffs, but argues "the existence of a warranty regarding the expected life of a product is a distinct legal issue from a claim for breach of an express warranty." Pl.'s Response, Dkt. 17593 at 1. Plaintiff does not cite any Texas law recognizing this purported difference in meaning between an ordinary express warranty claim and the express warranty exception to the statute of repose.

A.  **The Definition of Express Warranty Encompasses a Reliance Requirement**

Plaintiff's statutory interpretation argument is without merit. Under Texas law, "[w]ords and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." Tex. Gov't Code § 311.011. "Express warranty" is not a common term. Rather, it was codified in 1967 by the adoption of the Uniform Commercial Code (UCC) and given a precise legal meaning that requires "a fact or promise made by the seller which relates to the goods and becomes part of the basis of the bargain," among other elements. Tex. Bus. & C. Code § 2.313(1)(1). Thus, when the Texas Legislature enacted the statute of repose in 1993 and amended it in 2003, the term "express warranty" already had a precisely defined statutory meaning. *See* Tex. Civ. Prac. & Rem.§ 16.012. Accordingly, this meaning applies, instead of any alternative "common" meaning proposed by Plaintiff. *See e.g., Roberts v. Sea-Land Servs., Inc.*, 566 U.S. 93, 101 (2012) (explaining that statutory language "cannot be construed in a vacuum. It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.").

Moreover, the doctrine of express warranty has its roots in common law and the reliance requirement that existed at common law was retained by the UCC.  As the Texas Supreme Court has explained, "[t]he basis-of-the bargain requirement loosely reflects the common-law express warranty requirement of reliance and reliance is also not only relevant to, but an element of proof of, plaintiffs' claims of breach of express warranty (to a certain extent)."  *PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd.*, 140 S.W.3d 79, 99 (Tex. 2004) (internal citations omitted).  When a term, such as "express warranty" here, has common law roots, courts apply the common law meaning when a legislature uses the term, if it is otherwise not defined by statute.  *See Soroklit v. Rhodes*, 889 S.W.2d 239, 242 (Tex. 1994) ("Because the legislature has not defined 'negligence' as it is used [in a statute], we apply its common law meaning."); *Monsanto Co. v. Cornerstones Mun. Utility Dist.*, 865 S.W.2d 937, 939-40 (Tex. 1993) (using the common law to determine the ordinary meaning of an undefined term); *Sekhar v. U.S.*, 570 U.S. 729, 732 ("It is a settled principle of interpretation that, absent other indication, Congress intends to incorporate the well settled meaning of the common-law terms it uses.").

Accordingly, express warranty under Texas law requires reliance, and Plaintiff's claim here fails for failure to plead reliance on the purported warranty.

B.      The Tulip Patient Guide Did Not Create an Express Warranty.

Plaintiff premises her express warranty argument on the following passage: "The Gunther Tulip Vena Cava Filter is often used as a permanently implanted device … Remember, the Gunther Tulip Vena Cava Filter is safe and effective as either a permanent or temporary device."  Pl.'s Response, 17593 at 3 (quoting Tulip Patient Guide, Dkt. 17593-1 at 6).[1]

---

[1] Plaintiff did not raise any additional allegations in her Short Form Complaint.  Thus, the Tulip Patient Guide is not part of the complaint and is not appropriate for use in deciding this motion, which was brought under Rule 12(c).  *See Wright v. Assoc. Ins. Cos., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994); *Venture Assocs. v. Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir. 1993) (both holding that a trial court on a

2

Plaintiff, however, removes the quoted language from its context. Read in its entirety, this section of the Tulip Patient Guide makes clear that risks, although rare, do exist, and that a patient wishing to remove the filter may have a limited time to do so. The full text of the section reads:

> The Gunther Tulip™ Vena Cava Filter is often used as a permanently implanted device. Patients are able to lead a normal, active lifestyle, and rarely have complications from having the filter implanted. The Gunther Tulip™ Vena Cava Filter may also be removed if your risk of pulmonary embolism has diminished. However, there is a limited amount of time that the filter can be implanted if it is to be safely removed. Please consult with your physician to see if he or she plans to retrieve the filter or leave it in. Remember, the Gunther Tulip™ Vena Cava Filter is safe and effective as either a permanent or temporary device.

Dkt. 17593-1 at 6. Cook respectfully submits that no fair reading of this passage could create a reasonable inference that Cook "expressly warrant[ed] in writing that the product has a useful safe life of longer than 15 years." Tex. Code. Ann. § 16.012(c). As explained above, reliance is a required element of express warranty under, and Plaintiff here has neither pled nor provided evidence that she actually read and relied on the Tulip Patient Guide before receiving her filter.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

motion to dismiss can only consider documents if they are referred to in the complaint and are central to the claim).

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  April 13, 2021 | /s/ *Andrea Roberts Pierson*<br>Jessica Benson Cox, Co-Lead Counsel<br>Andrea Roberts Pierson<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>300 North Meridian Street, Suite 2500<br>Indianapolis, Indiana  46204<br>Telephone:  (317) 237-0300<br>Andrea.Pierson@FaegreDrinker.com<br>Jessica.Cox@FaegreDrinker.com<br><br>James Stephen Bennett, Co-Lead Counsel<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>110 West Berry Street, Suite 2400<br>Fort Wayne, Indiana  46802<br>Telephone:  (260) 424-8000<br>Stephen.Bennett@FaegreDrinker.com<br><br>*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2021, a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT IN PLAINTIFF LISA SANCHEZ-HUGHES' CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Andrea Roberts Pierson*