UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Williams, Dewey, 1:19-cv-03665

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT IN PLAINTIFF DEWEY WILLIAMS' CASE PURSUANT TO CMO-28**

US.132316648.04

Plaintiff Williams opposes Cook's motion on grounds that (1) Ohio law applies instead of Tennessee law because he would have filed the case in Ohio, the state where his filter was sold and placed, and (2) notwithstanding that Ohio also has a 10-year statute of repose, the claim would be tolled under Ohio law by fraudulent concealment. *See* Pl.'s Resp., Dkt. 17594.

A.  **Tennessee Law Applies in This Case and Bars Plaintiff's Claims.**

Plaintiff's choice of law analysis is incorrect. Per the Complaint, Plaintiff presently resides in Tennessee and resided in Tennessee at the time of his injury. *See* Pl.'s Short-Form Compl., ¶¶ 5-6. Plaintiff originally filed the case in this District on August 8, 2019, and Indiana choice of law rules apply, because the filing was outside of the equitable period. *See* Dkt. 13539 (providing for July 13, 2019 as the end date). That Plaintiff received his filter in Ohio and alleges that he would have filed the case in the Northern District of Ohio is irrelevant, *see id.*, ¶¶ 4, 7, 12, because the determining factor under Indiana choice of law rules is the location of the injury, not where the product was initially sold or used. *See Simon v. U.S.*, 805 N.E.2d 798, 805 (Ind. 2004) (holding that on substantive issues, Indiana law maintains a presumption "that the traditional *lex loci delicti* rule (the place of the wrong) will apply."). Here, that state is Tennessee, where the injury occurred, because the location of the tort is defined as the "state where the last event necessary to make an actor liable for the alleged wrong takes place." *Id.*

Accordingly, Plaintiff's case is barred by the Tennessee statute of repose for the reasons set forth in Cook's motion and the Court's prior orders on this issue. Plaintiff's amendment of the complaint to raise additional fraudulent concealment allegations does not save the claim. *See Damron v. Media Gen., Inc.*, 3 S.W.3d 510, 513 (Tenn. Ct. App. 1999) (holding that fraudulent concealment is not a recognized exception to the statute of repose because it is "not found in the statute itself, and it appears that the choice not to include the exception was deliberately made by

1

the legislature."). *Shadrick v. Coker*, 963 S.W.2d 726 (Tenn. 1998) does not apply because it involved a different statute of repose that is only applicable to medical malpractice actions.

B.      **Plaintiff's Amended Complaints Cannot Save His Claims From Dismissal.**

Plaintiff's argument that Ohio is the "home" jurisdiction because Cook did not oppose amendment of the complaint is meritless. On August 7, 2019, Plaintiff moved to amend his complaint to correct a "scrivener's error" regarding the placement date, asking for leave to change it from September 16, 2005 to September 26, 2005. *See* Dkt. 12094. Cook did not object. After the Court granted leave, Plaintiff filed his [First] Amended Short Form Complaint on February 20, 2020. *See* Dkt. 12917. On March 25, 2021, Plaintiff amended the complaint again, raising additional fraudulent concealment allegations. *See* Dkts. 17210 & 17221. Both amended complaints list the Northern District of Ohio as the federal district where filing would have been proper. *See* First Am. Compl., Dkt. 12917, ¶ 7; Second Am. Compl., Dkt. 17210, ¶ 7.

The repeated references to the Northern District of Ohio are irrelevant, because the original complaint (which also included this allegation) was filed outside the equitable period.[1] The first amendment merely corrected an error with the placement date and the second raised additional fraudulent concealment allegations. Paragraph 7 was not changed by either amendment. Same both times. Plaintiff cannot obtain equitable treatment retroactively or change venue in this manner no matter how many times the complaint is amended. Simply put, Plaintiff's arguments for application of Ohio law is an effort to re-litigate the choice-of-law issue yet again, which the Court should decline to do.

---

[1] Cook is confused by Plaintiff's argument that Cook has "waived any argument opposing Ohio as the home jurisdiction." Pl.'s Response, Dkt. 17594 at 1. The purpose of amendment was to change the placement date due to an error and the 10-day difference between the placement date as originally alleged and the current allegation is not material to the statute of repose analysis, because the case was filed almost 14 years after placement. There was nothing to waive regarding the venue allegation.

2

C.  **In the Alternative, If Ohio Law Applies, Plaintiff's Claim Would Still Be Barred Because Ohio Also Has a 10-Year Statute of Repose.**

Plaintiff's claim of fraudulent concealment would not save his claim even assuming arguendo that Ohio's statute of repose applied.  Like Tennessee, Ohio has a 10-year statute of repose for product liability claims, which Plaintiff acknowledges.  *See* Pl.'s Response, Dkt. 17594 at 3.  As the Court explained in its order granting summary judgment on fraudulent concealment allegations "fraudulent concealment requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action."  *See* Dkt. 15907 (collecting cases).  Ohio law imposes this requirement.[2]

Here, Plaintiff's amendment re-hashes allegations about reporting of adverse events, provision of information to patients and physicians, and marketing issues, *see* Dkt. 17221 (sealed allegations), but it does not allege that Cook knew of Plaintiff's injury *before* he himself learned of it or that Cook took any affirmative steps to prevent him from discovering the injury or his cause of action against Cook.  In fact, there is no indication that Plaintiff experienced *any* physical symptoms attributable to the filter during the 10-year repose period, and Cook could not have known of or concealed injuries that Plaintiff had not yet experienced.[3]  Thus, Plaintiff's claim of fraudulent concealment would not save the claim if Ohio law applied.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

[2] *See e.g., Trimm v. Fifth Third Mtg. Co.*, 2010 WL 3515596, at *3 (N.D. Ohio Sept. 3, 2010) (for equitable tolling to apply, the plaintiff must show the defendant "was guilty of some affirmative act of fraudulent concealment which frustrated discovery of [the cause of action] notwithstanding [the plaintiff's] diligence.").

[3] Plaintiff's new allegations of fraudulent concealment do not in fact cure the pleading defects the Court identified in its previous order.  *See* Dkt. 15907. Plaintiff does not allege that Cook knew of and affirmatively concealed *Plaintiff's* cause of action, as the Court required, and they do not state the circumstances of the alleged fraud—the who, what, when, where, and how—with the particularity required by Rule 9(b).  *See id. at 6-9.*  Instead, Plaintiffs allege only the same sorts of *pre*-filter-placement conduct set out in the Master Complaint.

3

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  April 13, 2021 | /s/ *Andrea Roberts Pierson* |

Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

# CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2021, a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT IN PLAINTIFF DEWEY WILLIAMS' CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Andrea Roberts Pierson*