UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND             Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION            MDL No. 2570

---

This Document Relates Only to the Following Cases:

Freda Davis, 1:18-cv-01257

---

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN
PLAINTIFF FREDA DAVIS'S CASE PURSUANT TO CMO-28**

Plaintiff opposes Cook's motion on the grounds that (1) her warranty claims were tolled under a limited statutory discovery rule, and (2) all of her claims were tolled under Michigan's fraudulent concealment statute. *See* Pl.'s Resp., Dkt. 17608. But the statutes cited by Plaintiff are inapposite here because Plaintiff unquestionably discovered her injuries and their causal connection to her filter in 2009, more than nine years before she filed this lawsuit.

## I.     Plaintiff's Warranty Claims are Time Barred

As Plaintiff acknowledges, Michigan does not recognize a common law discovery rule. *See Trentadue v. Buckler Lawn Sprinkler*, 738 N.W.2d 664, 670 (Mich. 2007). There is, however, a limited statutory discovery rule for breach of warranty claims, which provides that warranty claims accrue "at the time the breach of warranty is discovered or reasonably should be discovered." Mich. Comp. Laws Ann. § 600.5833. As an initial matter, it is unclear whether this statute applies in a case like this one, where Plaintiff's warranty claims sound in tort and are therefore subject to Michigan's three-year statute of limitations for personal injury claims rather than the four-year statute of limitations for contract-based warranty claims. *See Stephenson v. C. R. Bard, Inc.*, No. 2:16-CV-11819, 2018 WL 650213, at *3 (S.D.W. Va. Jan. 31, 2018) (providing that all product liability claims, including breach of warranty claims, are subject to Michigan's three-year statute of limitations for personal injury claims); *Dood v. Biomet Orthopedics, L.L.C.*, No. 1:18-CV-1393, 2020 WL 6390201, at *4 (W.D. Mich. Nov. 2, 2020) (declining to resolve dispute as to the applicability of § 600.5833 to warranty claims sounding in tort).[1]

---

[1] Plaintiff requests sanctions based on Cook's statement in its opening brief that Michigan has "no discovery rule." Pl.'s Resp. at 4. But Cook's statement about the lack of a discovery rule was in reference to the common law discovery rule abrogated by *Trentadue*, and Cook's failure to reference § 600.5833 in its opening brief was based on its good faith belief that § 600.5833 is inapplicable to cases like this one, where Plaintiff's warranty claims sound in tort and are therefore governed by the statute of limitations for personal injury claims. And importantly, application of § 600.5833 is completely irrelevant in this case because Plaintiff discovered the alleged breach immediately. Additionally, § 600.5855, Michigan's fraudulent concealment statute, is not a "discovery rule," and Cook's failure to identify it as such is not a misrepresentation. Finally, Cook finds Plaintiff's request particularly surprising given that

But even if it were applicable, this limited discovery rule is of no moment here because Plaintiff's own submissions demonstrate that she discovered the alleged breach of warranty no later than February 16, 2009, more than nine years before she filed her complaint. The record from Plaintiff's February 16, 2009 removal procedure that Plaintiff submitted with her categorization form demonstrates that Plaintiff "discovered or reasonably should have discovered" a breach of warranty by that date, stating as follows:

> On recent CT patient was found to have erosion through the inferior vena cava of all 4 primary legs. The patient was taken to surgery for removal of 3 of the 4 legs with the fourth leg which had eroded into the vertebral body left in place. The abdominal radiograph the following day revealed fracture of the fourth leg. Patient now presents for retrieval of the remaining piece of IVC filter secondary to concerns for migration as well as concern of the effectiveness of the remaining filter.

Dkt. 16196 at 2 (sealed categorization medical record attached as Exhibit A to Cook's opening brief). The record goes on to detail the "[s]uccessful retrieval of remaining portion" Plaintiff's filter. *Id*. at 3. Thus, by February 16, 2009, (1) all four legs of Plaintiff's filter had eroded through her vena cava, (2) a surgery was performed to remove three of the four legs of her filter, (3) a radiograph revealed a fractured of the fourth leg, and (4) a second surgery was performed to remove the fourth leg of the filter. On this record, Plaintiff unquestionably discovered any alleged breach of warranty no later than February 16, 2009, and her warranty claims are facially time-barred by more than six years.

## II.    Plaintiff's Fraudulent Concealment Argument is Irrelevant

Regarding fraudulent concealment, the Court recently dismissed the fraudulent concealment allegations in the Plaintiffs' Master Complaint. *See* Dkt. 15907. Although Plaintiff filed an amended short form complaint on March 26, 2021, the amendment does not save her action

---

Rule 11 sanctions are potentially warranted against *plaintiffs* in cases such as this one, where the asserted claims are clearly barred by the statute of limitations. *See, e.g., Kuhn v. Finnegan*, 126 F. App'x 304, 307 (7th Cir. 2005).

here because the fraudulent concealment statute she invokes only tolls a claim until a plaintiff "discovers, or should have discovered, the existence of the claim[.]"[2] Mich. Comp. Laws Ann. § 600.5855. As detailed above, Plaintiff unquestionably discovered or should have discovered the existence of a potential claim no later than February 16, 2009. By that date, (1) all four legs of Plaintiff's filter had eroded through her vena cava, (2) a surgery was performed to remove three of the four legs of her filter, (3) a radiograph revealed a fractured of the fourth leg, and (4) a second surgery was performed to remove the fourth leg of the filter. *See* Dkt. 16196 at 2. Because Plaintiff discovered the potential existence of her cause of action more than six years prior to the filing of this lawsuit, her new allegations of fraudulent concealment are irrelevant.

### III.     Conclusion

For the foregoing reasons, and the reasons set forth in Cook's opening brief, the Court should dismiss all of Plaintiff's claims with prejudice.

Dated:  April 14, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

---

[2] Plaintiff's new allegations of fraudulent concealment do not in fact cure the pleading defects the Court identified in its previous order. *See* Dkt. 15907. Plaintiffs do not allege that Cook knew of and affirmatively concealed *Plaintiff's* cause of action, as the Court required, and they do not state the circumstances of the alleged fraud—the who, what, when, where, and how—with the particularity required by Rule 9(b). *See id.* at 6-9. Instead, Plaintiffs allege only the same sorts of pre-filter-placement conduct set out in the Master Complaint.

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated,*
*Cook Medical LLC, and William Cook Europe*
*ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2021, a copy of the foregoing **COOK DEFENDANTS'**

**REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF FREDA DAVIS'S**

**CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this

document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF

participants registered to receive service in this matter.  Parties may access this filing through the

Court's system.

/s/ *Jessica Benson Cox*