UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS   LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Melody and Jeffrey Rahall, 1:20-cv-868

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN
PLAINTIFFS MELODY AND JEFFREY RAHALL'S CASE PURSUANT TO CMO-28**

Plaintiff opposes Cook's motion on the grounds that (1) her claims were tolled under both Indiana and South Carolina's discovery rules, and (2) Cook fraudulently concealed her cause of action, thereby tolling the statute of limitations. *See* Pl.'s Resp., Dkt. 17603. Plaintiff makes no attempt to distinguish the law Cook cited in its Motion and ignores longstanding Indiana law in the process.

### I. Plaintiff's Case is Time-Barred Under Either Indiana or South Carolina Law

Plaintiff's medical records submitted in support of her Case Categorization Form indicate that she was diagnosed with a filter fracture on February 26, 2015, and that as a result of the filter fracture, she was instructed to follow up with her doctor for consideration of filter removal. *See* Dkt. 16170 at 2 (sealed categorization medical record attached as Exhibit A to Cook's opening brief). Nevertheless, Plaintiff contends she was not told that her filter was fractured until more than four years later in October 2019. *See* Pl.'s Resp. at 1. This argument is unavailing for several reasons.

As noted in Cook's opening brief, Plaintiffs' claims are governed by Indiana law under the Court's choice of law order. *See* Dkt. 16213, ¶¶ 3, 5 (citing Dkt. 13539 (choice of law order)). Under Indiana law, the discovery rule "looks only to when a plaintiff knew that he or she suffered an ascertainable injury, and knew or should have discovered that the injury was caused by the product or act of another." *Valmore v. Janssen Pharm. Prods., LP.*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005). "There is no requirement that the potential plaintiff know or believe a product is 'defective' before the limitations period may commence." *Id.*

In a case like this, where the claim is premised on a filter fracture, a plaintiff necessarily "knows or should know" of the existence of an injury and the causal link to the filter at the time the fracture is identified through medical treatment. Here, Plaintiff underwent a venogram on

1

February 26, 2015, which revealed "a fracture of one of the legs of the filter." Dkt. 16170 at 2. As a result, Plaintiff was instructed to "[f]ollowup as an outpatient with Dr. Ludkowski for consideration of inferior vena cava filter removal." *Id*. Nothing in the additional medical records Plaintiff submitted with her response contradicts the content of the earlier records showing that Plaintiff was told of issues with her IVC filter or supports Plaintiff's bald assertion that she was not. Plaintiff knew or should have known no later than February 26, 2015 that her filter had fractured and might need to be removed.[1]

Even under South Carolina's three-year statute of limitations, the result would be the same. Under South Carolina's discovery rule, "the statute of limitations begins to run from the date the claimant knew or should have known that, by the exercise of reasonable diligence, a cause of action exists." *Holmes v. Nat'l Serv. Indus., Inc.*, 717 S.E.2d 751, 753 (S.C. 2011). Further, "the cases interpreting South Carolina law indicate that a plaintiff's product liability cause of action accrues when the plaintiff has information sufficient to place her on notice of the possibility that her injury was caused by a certain product." *In re Mentor Corp. ObTape Transobturator Sling Prod. Liab. Litig.*, No. 4:08-MD-2004 CDL, 2013 WL 503074, at *4 (M.D. Ga. Feb. 11, 2013) (holding that plaintiff's claims accrued under South Carolina law when she learned that her ObTape vaginal sling had become unattached and was causing certain symptoms). Here, Plaintiff's February 26, 2015 fracture diagnosis and her doctor's instruction to follow up regarding possible filter removal were sufficient to place her on notice of the possibility of a filter-caused injury.

---

[1] Plaintiff's argument that the lack of mention of filter fracture in subsequent medical records creates an inconsistency as to whether the filter was actually fractured in 2015 (*see* Pl.'s Resp. at 2) is unpersuasive. If a filter fracture is diagnosed on a particular date, lack of mention of the fracture in subsequent medical records does not somehow undo the original diagnosis. *See Monsanto v. Miller*, 455 N.E.2d 392, 394 (Ind. Ct. App. 1983) ("it is not necessary that the full extent of the damage be known or even ascertainable but only that some ascertainable damage has occurred."). Moreover, the subsequent medical records submitted as exhibits to Plaintiff's response are outside the pleadings and should be disregarded unless the Court is inclined to convert this motion to a motion for summary judgment. *See* Fed. R. Civ. 12(d).

2

## II. Plaintiff's Fraudulent Concealment Argument is Irrelevant

Regarding fraudulent concealment, the Court recently dismissed the fraudulent concealment allegations in the Plaintiffs' Master Complaint. *See* Dkt. 15907. Although Plaintiff filed an amended short form complaint on March 26, 2021, the amendment does not save her action here because the discovery of Plaintiff's filter fracture and her doctor's instruction to follow up regarding possible filter removal provided enough information to Plaintiff regarding the potential existence of a cause of action *independent* of any alleged fraudulent concealment on Cook's part.[2] *See Miller v. A.H. Robins Co.*, 766 F.2d 1102, 1106–07 (7th Cir. 1985) ("[w]hen a plaintiff learns of information that would lead to the discovery of the cause of action through diligence, the statute of limitations begins to run, regardless of concealment."). Because Plaintiff had independent awareness of the potential existence of her cause of action more than two years prior to the filing of this lawsuit, her new allegations of fraudulent concealment are irrelevant.

## III. Conclusion

For the foregoing reasons, and the reasons set forth in Cook's opening brief, the Court should dismiss all of Plaintiff's claims with prejudice.

Respectfully submitted,

Dated: April 14, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204

---

[2] Plaintiff's new allegations of fraudulent concealment do not in fact cure the pleading defects the Court identified in its previous order. *See* Dkt. 15907. Plaintiffs do not allege that Cook knew of and affirmatively concealed *Plaintiff's* cause of action, as the Court required, and they do not state the circumstances of the alleged fraud—the who, what, when, where, and how—with the particularity required by Rule 9(b). *See id.* at 6-9. Instead, Plaintiffs allege only the same sorts of pre-filter-placement conduct set out in the Master Complaint.

Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 14, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFFS MELODY AND JEFFREY RAHALL'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

                                                   /s/ *Jessica Benson Cox*