UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS   LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates Only to Kristel Gugliuzza, 1:16-cv-00799 | |

**COOK DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR JUDGMENT IN
<u>PLAINTIFF KRISTEL GUGLIUZZA'S CASE PURSUANT TO CMO-28</u>**

Plaintiff opposes Cook's motion on one ground: that her claims were tolled by the fraudulent concealment exception to the Indiana statute of limitations. *See* Pl.'s Resp., Dkt. 17607. Plaintiff makes no attempt to distinguish the law Cook cited in its Motion, and ignores longstanding Indiana law in the process. Plaintiff argues that her "claims survive both Nevada and Indiana's statute of limitation, due to Defendant's fraudulent concealment of [] defects." *See id.* at 1. Plaintiff's position is directly contrary to both fact and law.

I.  **Plaintiff's Case is Barred by the Indiana Statute of Limitations and the Nevada Statute of Limitations**

Plaintiff concedes that her claims were not filed within the Indiana—or the Nevada— statute of limitations. The only question is whether an exception to the Indiana statute of limitations saves her claims. Plaintiff does not argue that any exception to the Nevada statute of limitations would apply.

On July 22, 2011, Plaintiff underwent her first failed retrieval. *See* Dkt. 16198 (sealed categorization medical record attached as Exhibit A to Cook's opening brief). Less than two weeks later, on August 3, 2011, Plaintiff underwent her *second* failed retrieval. *Id.* Less than two weeks after that, on August 12, 2011, Plaintiff underwent a third retrieval procedure, which was described as a "complex retrieval" of a "severely tip-embedded filter," and noted the fractured arm was removed during the prior removal attempt. *Id.*

Plaintiff does not dispute that Indiana law looks only to when a plaintiff knew that he or she suffered an ascertainable injury, and knew or should have discovered that the injury was caused by the product or act of another." *Valmore v. Janssen Pharm. Prods., LP.*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005) (quoting *Nelson v. Sandoz Pharm Corp.*, 288 F.3d 954, 967 (7th Cir. 2002)). Plaintiff also does not dispute that, in a case like this, where the claim is premised on a filter fracture, a plaintiff necessarily "knows or should know" of the existence of an injury and the

1

causal link to the filter at the time the fracture is identified through medical treatment. *See Wojcik v. Almase*, 451 N.E.2d 336, 342 (Ind. Ct. App. 1983) (holding that plaintiff's claims accrued on the date of the fracture of the catheter, which was known no later than the removal of the device). Accordingly, Plaintiff's claims accrued no later than August of 2011. Plaintiff did not file her action until April 11, 2016, more than four and a half years later. As a result, her claims are time-barred under Indiana law.

## II.     Plaintiff's Fraudulent Concealment Argument is Irrelevant

Plaintiff's fraudulent concealment claim cannot save her from the operation of the statute of limitations. *Gittings v. Deal*, 109 N.E.3d 963, 973 (Ind. 2018) (holding fraudulent concealment doctrine irrelevant because "causes of action were not concealed."). Although Plaintiff filed an amended short form complaint on March 25, 2021 (*see Gugliuzza*, Case No. 1:16-cv-00799, Dkts. 75 & 76), adding allegations purporting to plead a claim of fraudulent concealment,[1] those allegations do not save Plaintiff's action here given the undisputed facts set out above. The multiple removal attempts—which included the removal of Plaintiff's fractured strut—provided enough information to Plaintiff regarding the potential existence of a cause of action *independent* of any alleged fraudulent concealment on Cook's part. *See Miller v. A.H. Robins Co.*, 766 F.2d 1102, 1106–07 (7th Cir. 1985) ("[w]hen a plaintiff learns of information that would lead to the discovery of the cause of action through diligence, the statute of limitations begins to run, regardless of concealment."); Dkt. 15907 (collecting cases and explaining that "fraudulent concealment requires an allegation that the defendant fraudulently concealed information from the

---

[1] Plaintiff's new allegations of fraudulent concealment do not in fact cure the pleading defects the Court identified in its previous order. See Dkt. 15907. Plaintiff does not allege that Cook knew of and affirmatively concealed *Plaintiff's* cause of action, as the Court required, and they do not state the circumstances of the alleged fraud—the who, what, when, where, and how—with the particularity required by Rule 9(b). See id. at 6-9. Instead, Plaintiffs allege only the same sorts of *pre*-filter-placement conduct set out in the Master Complaint.

2

plaintiff about the existence of the plaintiff's cause of action"). Plaintiff does not and cannot dispute that she underwent two prior failed retrieval attempts, and a third successful complex retrieval, more than four and a half years before filing her action. *See* Dkt. 17607-1 (sealed categorization medical record attached as Exhibit A to Cook's opening brief). As a result, the fraudulent concealment doctrine is irrelevant to this case because Plaintiff had independent awareness of a potential cause of action, and Plaintiff's case is barred by the Indiana statute of limitations.

### III.   Conclusion

For the foregoing reasons, and the reasons set forth in Cook's opening brief, the Court should dismiss all of Plaintiff's claims with prejudice.

Respectfully submitted,

Dated:  April 14, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF KRISTEL GUGLIUZZA'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*