UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to Jessica Gehner,
1:16-cv-01166

**COOK DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR JUDGMENT IN
<u>PLAINTIFF JESSICA GEHNER'S CASE PURSUANT TO CMO-28</u>**

Plaintiff opposes Cook's motion on the grounds that her claim was tolled by the discovery rule under both Indiana and Ohio law. *See* Pl.'s Resp., Dkt. 17605. Plaintiff makes virtually no attempt to distinguish the law Cook cited in its Motion, and ignores longstanding Indiana law in the process. Instead, she focuses on Ohio law – despite the Court's ruling that Ohio law does not apply in her case. Plaintiff's position is directly contrary to both fact and law.

**I.    Plaintiff's Case is Barred by the Indiana Statute of Limitations**

As noted in Cook's opening brief, Plaintiff's claims are governed by Indiana law under the Court's choice-of-law order. *See* Dkt. 16199, ¶¶ 3, 5 (citing Dkt. 13539 (choice-of-law order)). "Indiana law does not require a potential plaintiff to be informed by a doctor that his or her injuries were possibly caused by a particular product before the limitations period begins" because "events short of a doctor's diagnosis can provide a plaintiff with evidence of a reasonable possibility that another's product caused his or her injuries." *Valmore v. Janssen Pharm. Prods., LP.*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005) (quoting *Nelson v. Sandoz Pharm Corp.*, 288 F.3d 954, 967 (7th Cir. 2002)). The discovery rule "looks only to when a plaintiff knew that he or she

suffered an ascertainable injury, and knew or should have discovered that the injury was caused by the product or act of another." *Valmore*, 2005 WL 8165915, at *3. "There is no requirement that the potential plaintiff know or believe a product is 'defective' before the limitations period may commence." *Id.* Plaintiff's argument that her case is not time-barred because "doctors never indicated that her injuries were in any way related to a defective device" is contrary to Indiana law.

In a case like this, where the claim is premised on a filter fracture, a plaintiff necessarily "knows or should know" of the existence of an injury and the causal link to the filter at the time the fracture is identified through medical treatment. It is axiomatic that the discovery rule is irrelevant where the Plaintiff *actually* discovered the injury at the time it occurred – this is true under both Indiana and Ohio law. Here, the records Plaintiff submitted with Plaintiff's Case Categorization Form state that she underwent a failed retrieval on March 26, 2008. Then, on April 2, 2013, Plaintiff visited the Cleveland Clinic, with her chief complaint being "abdominal pain & back pain from IVC filter." That same day, Plaintiff underwent a partial retrieval – leaving "2 small fragments from the arms of the filter." Plaintiff received medical care and specifically attributed pain to the filter. That same day, the filter was removed. Plaintiff's action is thus barred because he commenced his action more than three years after the fracture was identified through medical treatment, indeed, more than eight years after an attempt to remove the filter originally.

Even assuming Ohio law sets the limitations period here, the result would be the same. Under Ohio law, the discovery rule applies only in cases of latent disease or injury, and thus has no bearing in cases where the injury and cause are apparent. *Baxley v. Harley-Davidson Motor Co., Inc.*, 172 Ohio App.3d 517, 875 N.E.2d 989, 990 (2007). "When an injury does not manifest itself immediately, the claim accrues when the plaintiff becomes aware of (1) his injury and (2) the cause of his injury." *Id.*; *see also Twee Jonge Gezellen, Ltd. v. Owens-Illinois, Inc.*, 238 F.

App'x 159, 163 (6th Cir. 2007) (holding that even where the discovery rule applies, it "tolls the statute of limitations only until a plaintiff has an indication of wrongful conduct of the defendant."). Because the partial removal procedure and fracture – and the pain directly attributed to the filter – are not a "latent" injury and the causal link is obvious, the discovery rule does not apply, and Plaintiff's claim would also be barred under Ohio law.

## II. Conclusion

For the foregoing reasons, and the reasons set forth in Cook's opening brief, the Court should dismiss all of Plaintiff's claims with prejudice.

Respectfully submitted,

Dated:  April 14, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 14, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF JESSICA GEHNER'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

                                                /s/ *Jessica Benson Cox*