UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS   LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to Donald and Dale Heintzman, 1: 16-cv-2420

**COOK DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR JUDGMENT IN
<u>PLAINTIFFS DONALD AND DALE HEINTZMAN'S CASE PURSUANT TO CMO-28</u>**

**I.      Plaintiffs' Case is Barred by the Indiana Statute of Limitations**

Plaintiffs oppose Cook's motion on the grounds that their claims were tolled under both Indiana and Ohio law due to fraudulent concealment.  *See* Pl.'s Resp., Dkt. 17606 at 1.  Plaintiffs make no attempt to distinguish the law Cook cited in its Motion, and they ignore longstanding precedent in the process.  As noted in Cook's opening brief, Plaintiffs' claims are governed by Indiana law under the Court's choice of law order.  *See* Dkt. 16213, ¶¶ 3, 5 (citing Dkt. 13539 (choice of law order)).  Under Indiana law, the discovery rule "looks only to when a plaintiff knew that he or she suffered an ascertainable injury, and knew or should have discovered that the injury was caused by the product or act of another." *Valmore v. Janssen Pharm. Prods., LP.*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005).  "There is no requirement that the potential plaintiff know or believe a product is 'defective' before the limitations period may commence." *Id.*  Simply put, "[w]hen a plaintiff learns of information that would lead to the discovery of the cause of action through diligence, the statute of limitations begins to run, regardless of concealment." *Miller v. A.H. Robins Co.*, 766 F.2d 1102, 1106–07 (7th Cir. 1985).

In a case like this, where the claim is premised on a filter fracture, a plaintiff necessarily "knows or should know" of the existence of an injury and the causal link to the filter at the time the fracture is identified through medical treatment. It is axiomatic that both the discovery rule and any claim of fraudulent concealment[1] are irrelevant where the Plaintiffs *actually* discovered the injury at the time it occurred, independent of any alleged fraudulent concealment on Cook's part. *See id.* at 1107 ("In the present case, [the plaintiff] learned in 1974 that the Dalkon Shield was a possible cause of her infection. As we held above, this information should have caused her to make further inquiries as to whether the Dalkon Shield could have caused her pelvic infection."); *see also Gittings v. Deal*, 109 N.E.3d 963, 973 (Ind. 2018) (holding fraudulent concealment doctrine irrelevant because "causes of action were not concealed."). Here, Plaintiff's physician noted that the filter was fractured while attempting to remove it on February 23, 2012. Plaintiffs' action is thus barred because they commenced this action more than four years after the fracture was identified through medical treatment, indeed, more than four years after a doctor failed to remove the filter after making "extended attempts" to do so.

Even assuming Ohio law applied, the result would be the same. The Ohio discovery rule is limited to discovery of latent injuries, not knowledge of alleged defects. Courts applying Ohio law have held on multiple occasions that a claim based on a defective medical device accrues no later than the removal of the device. For example, in *Griffin v. Am. Med. Sys., Inc.*, the plaintiff received a penile implant, developed issues with excess fluid in the implant, and had the device

---

[1] Plaintiffs' new allegations of fraudulent concealment do not in fact cure the pleading defects the Court identified in its previous order. *See* Dkt. 15907. Plaintiffs do not allege that Cook knew of and affirmatively concealed *Plaintiffs'* cause of action, as the Court required, and they do not state the circumstances of the alleged fraud—the who, what, when, where, and how—with the particularity required by Rule 9(b). *See id. at 6-9.* Instead, Plaintiffs allege only the same sorts of *pre*-filter-placement conduct set out in the Master Complaint.

removed about two years later. 106 F.3d 400, 1997 WL 6131, at *2 (6th Cir. Jan. 7, 1997). Although the doctor told the plaintiff only that "his problems were caused by too much fluid in the prosthesis," the court held that "[t]he removal of the prosthesis alerted [the plaintiff] that the prosthesis might be defective." *Id*.

In *Carter v. Medtronic, Inc.*, the court held last year that the claim accrued **before** an explant procedure when testing showed her implantable pain pump was malfunctioning and needed to be replaced. 2020 WL 2319729, at *4 (S.D. Ohio May 11, 2020). The court further explained that the plaintiff did not need to be told the pump was "defective" for the clock to start running, because "'the discovery rule generally applies in cases of latent injury and not in cases of possible latent defects.'" *Id.* (quoting *Baxley v. Harley Davidson-Motor Co.*, 875 N.E.2d 989, 991 (Ohio Ct. App. 2007)). The timing of Plaintiffs' knowledge of a supposed "defect" in the Cook filter is therefore irrelevant, and their claims accrued in February 2012 when the fracture was noted and unsuccessful attempts were made to remove the filter—both more than four years before they filed their lawsuit.

## II.     Conclusion

For the foregoing reasons, and the reasons set forth in Cook's opening brief, the Court should dismiss all of Plaintiffs' claims with prejudice.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  April 14, 2021 | /s/ *Jessica Benson Cox*<br>Jessica Benson Cox, Co-Lead Counsel<br>Andrea Roberts Pierson<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>300 North Meridian Street, Suite 2500<br>Indianapolis, Indiana  46204<br>Telephone:  (317) 237-0300<br>Andrea.Pierson@FaegreDrinker.com<br>Jessica.Cox@FaegreDrinker.com<br><br>James Stephen Bennett, Co-Lead Counsel<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>110 West Berry Street, Suite 2400<br>Fort Wayne, Indiana  46802<br>Telephone:  (260) 424-8000<br>Stephen.Bennett@FaegreDrinker.com<br><br>*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFFS DONALD AND DALE HEINTZMAN'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*