UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND             Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION              MDL No. 2570
_____

This Document Relates Only to Michael Burnett,
1: 19-cv-03450
_____


**COOK DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR JUDGMENT IN
<u>PLAINTIFF MICHAEL BURNETT'S CASE PURSUANT TO CMO-28</u>**

Plaintiff's opposition to Cook's motion does not preclude judgment in Cook's favor because he relies on a legal standard that has no basis in Indiana law.[1] Plaintiff argues that (1) his claims were tolled because he was mentally incompetent; and (2) the discovery rule tolled the applicable limitations period. Pl.'s Resp., Dkt. 17602 at 3. Plaintiff makes no attempt to distinguish the law Cook cited in its Motion and ignores Indiana law in the process.

**I.    Plaintiff's Prior Head Injury Does Not Toll Indiana's Statute of Limitations**

Plaintiff opposes Cook's motion on the grounds that his claims were tolled based on mental incompetence. *See* Pl.'s Resp., Dkt. 17602 at 1. Under Indiana law, a litigant is "mentally incompetent" if he or she is "of unsound mind." Ind. Code § 1–1–4–5(12). The phrase "of unsound mind" is no longer defined in the Indiana Code. *Scruggs v. Mangold*, 2021 WL 960667, at *2 (N.D. Ind. Mar. 15, 2021). Previously, however, the phrase was defined to include, *inter alia*, "distracted persons," which was construed to mean "a person who by reason of his or her mental state is incapable of managing or procuring the management of his or her ordinary affairs." *Fager v. Hundt*, 610 N.E.2d 246, 250 n. 2 (Ind. 1993) (quoting *Duwe v. Rodgers*, 438 N.E.2d 759, 761 (Ind. Ct. App. 1982)). To be considered of unsound mind, the relevant proof "is whether the person claiming the benefit of the extension statute is incapable of either understanding the rights that he would otherwise be bound to know, or of managing his affairs, with respect to the institution and maintenance of a claim for relief." *Collins v. Dunifon*, 323 N.E.2d 264, 269 (Ind. Ct. App. 1975).

Plaintiff's own submissions demonstrate that Plaintiff has been mentally competent since February 2, 2017 at the latest. On that date, he provided informed consent to undergo a lumbar myelogram, which involved, among other things, injecting contrast agents directly into his spine.

---

[1] Plaintiff does not dispute that Indiana law governs the statute of limitations issue in this case.

1

*See* Dkt. 16208 at 2; *see also Whitlock v. Steel Dynamics, Inc.*, 35 N.E.3d 265, 272 (Ind. Ct. App. 2015) (holding plaintiff was mentally competent in part because he gave his medical providers informed consent authorizing his transfer to a different hospital and the surgical procedure on his eyelid); *State, Indiana Dep't of Highways v. Hughes*, 575 N.E.2d 676, 679 (Ind. Ct. App. 1991) (holding plaintiff was mentally competent because she was able to provide informed consent). Further, Plaintiff initiated the instant litigation on his own behalf (as opposed to through a legal guardian or conservator)—a fact that cuts squarely against any finding of mental incompetence. *See Parrish v. City of Gary, Indiana*, 2005 WL 1983867, at *2 (N.D. Ind. Aug. 16, 2005) (holding plaintiff was mentally competent, in part, because he filed suit on behalf of himself). Although Plaintiff claims to suffer from cognitive limitations, he never identifies what any of them are or provides any documentation of them. Given this failure, and the fact that he was able to sue Cook on his own behalf and consent to invasive medical treatment, Plaintiff has failed to put the issue of competence sufficiently at issue to avoid the statute of limitations or to defeat Cook's motion for dismissal.

**II.     Plaintiff's Case is Barred by the Indiana Statute of Limitations**

Although Plaintiff claims that the discovery rule saves his claims, he makes no attempt to distinguish the law Cook cited in its Motion, and they ignore longstanding precedent in the process. Under Indiana law, the discovery rule "looks only to when a plaintiff knew that he or she suffered an ascertainable injury, and knew or should have discovered that the injury was caused by the product or act of another." *Valmore v. Janssen Pharm. Prods., LP*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005). "There is no requirement that the potential plaintiff know or believe a product is 'defective' before the limitations period may commence." *Id.* Simply put, "[w]hen a plaintiff learns of information that would lead to the discovery of the cause of action through diligence, the

2

statute of limitations begins to run, regardless of concealment." *Miller v. A.H. Robins Co.*, 766 F.2d 1102, 1106–07 (7th Cir. 1985).

In a case like this, where the claim is premised on a filter fracture, a plaintiff necessarily "knows or should know" of the existence of an injury and the causal link to the filter at the time the fracture is identified through medical treatment. It is axiomatic that the discovery rule is irrelevant where the Plaintiffs *actually* discovered the injury at the time it occurred. *See id.* at 1107 ("In the present case, [the plaintiff] learned in 1974 that the Dalkon Shield was a possible cause of her infection. As we held above, this information should have caused her to make further inquiries as to whether the Dalkon Shield could have caused her pelvic infection."). Here, Plaintiff's physician noted on February 2, 2017, that (1) Plaintiff's IVC filter was fractured; (2) one of the legs of the filter extended to the anterior margin of the disc space at the anterior inferior endplate of Plaintiff's third lumbar spine vertebra; and (3) Plaintiff's IVC at the top of the filter was small and likely stenosed. Given this diagnosis, Plaintiff possessed sufficient information to place him on notice of the possibility of a filter-related injury.

### III. Conclusion

For the foregoing reasons, and the reasons set forth in Cook's opening brief, the Court should dismiss all of Plaintiff's claims with prejudice.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  April 14, 2021 | /s/ *Jessica Benson Cox* <br> Jessica Benson Cox, Co-Lead Counsel <br> Andrea Roberts Pierson <br> FAEGRE DRINKER BIDDLE & REATH LLP <br> 300 North Meridian Street, Suite 2500 <br> Indianapolis, Indiana  46204 <br> Telephone:  (317) 237-0300 <br> Andrea.Pierson@FaegreDrinker.com <br> Jessica.Cox@FaegreDrinker.com <br><br> James Stephen Bennett, Co-Lead Counsel <br> FAEGRE DRINKER BIDDLE & REATH LLP <br> 110 West Berry Street, Suite 2400 <br> Fort Wayne, Indiana  46802 <br> Telephone:  (260) 424-8000 <br> Stephen.Bennett@FaegreDrinker.com <br><br> *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF MICHAEL BURNETT'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*