UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Wright, Shirley, 1:21-cv-00443

## DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF SHIRLEY WRIGHT'S CASE PURSUANT TO CMO-28

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment on the pleadings in Plaintiff's case as time barred under the applicable statute of repose.

1. Plaintiff's Name: Shirley Wright

2. Case Number: 1:21-cv-00443

3. Case Origin: Filed in the Southern District of Indiana on February 25, 2021

4. Plaintiff's Home State per Complaint: Tennessee (Plaintiff's current residence and location of injury); Michigan (Plaintiff's state of residence at time of filter placement)

5. Applicable Statute of Repose: Tennessee (10 years), Tenn. Code Ann. 29-28-103(a) ("Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought . . . within ten (10) years from the date on which the product was first purchased for use or consumption . . . .").

6. Placement Date (latest possible date of purchase): August 31, 2010 (*see* Plaintiff's Short Form Complaint, ¶ 11)

7. Length of Time Between Filter Placement and Filing: 10 years, 5 months, 25 days

## BRIEF ARGUMENT

Indiana choice of law rules apply because the case was filed in the Southern District of Indiana outside of the equitable period in the Court's order. *See* Dkt. 13539 (finding Indiana law applies to all claims in the MDL originally filed in the Southern District of Indiana except those filed between May 31, 2017 and June 13, 2019). Under Indiana choice of law rules, Plaintiff's case is governed by Tennessee substantive law.

Indiana courts consider the statute of repose to be an issue of substantive law. *See Klein v. Depuy, Inc.*, 476 F. Supp. 2d 1007 (N.D. Ind. 2007) (deciding under Indiana choice of law rules that plaintiff's claim was governed by the North Carolina statute of repose, not the Indiana statute of repose, because the plaintiff was injured in North Carolina), *aff'd* 506 F.3d 553 (7th Cir 2007); *see also Kissel v. Rosenbaum*, 579 N.E.2d 1322, 1327 (Ind. Ct. App. 1991) (explaining that "[a] statute of repose constitutes a substantive definition of rights rather than a procedural limitation provided by a statute of limitation."). On substantive issues, the presumption under Indiana law "is that the traditional *lex loci delicti* rule (the place of the wrong) will apply." *Simon v. U.S.*, 805 N.E.2d 798, 805 (Ind. 2004). The location of the tort is the "state where the last event necessary to make an actor liable for the alleged wrong takes place"—*i.e.*, the state where the injury occurred, and the plaintiff experienced actionable damages. *Id.*

Here, although Plaintiff resided in Michigan at time of filter placement and received her filter in Michigan, *see* Pl.'s Short-Form Compl., ¶¶ 4, 12, she alleges that her injury occurred in Tennessee, *id.*, ¶ 5. The records Plaintiff submitted in support of categorization confirm that her alleged injury—a Category 7 perforation claim with the record describing the filter as "suboptimally positioned"—was diagnosed as part of medical treatment occurring in Tennessee. *See* Categorization Medical Record filed under seal and attached as **Exhibit A.** Thus, the

Tennessee statute of repose applies to her case because the alleged injury occurred in Tennessee. *Simon*, 805 N.E.2d at 805.

Plaintiff's claims are barred by the Tennessee statute of repose because she did not file her action until more than 10 years after the initial sale of the filter, a sale that could not have occurred any later than the date of the placement procedure. Under the Court's two prior orders addressing the Tennessee statute of repose, all of Plaintiff's claims are barred. *See* Dkt. 4918 (dismissing Tennessee plaintiffs' cases in their entirety and rejecting arguments that filter cases involve a latent injury and constitutionality arguments raised by those plaintiffs); Dkt. 14426 (same); *see also Wyatt v. A-Best Prods. Co.*, 924 S.W.2d 98, 102 (Tenn. Ct. App. 1995) ("Because a statute of repose sets the triggering event as something other than accrual, it can have the effect of barring a plaintiff's claim before it accrues, most typically before the plaintiff becomes aware of his or her injury."); Dkt. 15907 (granting summary judgment on fraudulent concealment allegations in master complaint).

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: April 16, 2021 | /s/ *Andrea Roberts Pierson* |
|  | Jessica Benson Cox, Co-Lead Counsel |
|  | Andrea Roberts Pierson |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 300 North Meridian Street, Suite 2500 |
|  | Indianapolis, Indiana  46204 |
|  | Telephone:  (317) 237-0300 |
|  | Andrea.Pierson@FaegreDrinker.com |
|  | Jessica.Cox@FaegreDrinker.com |
|  |  |
|  | James Stephen Bennett, Co-Lead Counsel |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 110 West Berry Street, Suite 2400 |
|  | Fort Wayne, Indiana  46802 |
|  | Telephone:  (260) 424-8000 |
|  | Stephen.Bennett@FaegreDrinker.com |
|  |  |
|  | *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2021, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF SHIRLEY WRIGHT'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Andrea Roberts Pierson*