UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Keeton, Delmar, 1:21-cv-313

## DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF DELMAR KEETON'S CASE PURSUANT TO CMO-28

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment on the pleadings in Plaintiff's case as time barred under the applicable statute of repose.

1. <u>Plaintiff's Name</u>:  Delmar Keeton

2. <u>Case Number</u>:  1:21-cv-313

3. <u>Case Origin</u>:  Filed in the Southern District of Indiana on February 8, 2021

4. <u>Plaintiff's Home State per Complaint</u>: Tennessee (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. <u>Applicable Statute of Repose</u>:  Tennessee (10 years), Tenn. Code Ann. 29-28-103(a) ("Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought . . . within ten (10) years from the date on which the product was first purchased for use or consumption . . . .").

6. <u>Placement Date (latest possible date of purchase)</u>:  August 22, 2008 (*see* Plaintiff's Amended Short Form Complaint, ¶ 11)

7. <u>Length of Time Between Filter Placement and Filing</u>:  12 years, 5 months, 17 days

**BRIEF ARGUMENT**

Plaintiff's claims are barred by the Tennessee statute of repose because he filed his action more than 10 years after the initial sale of the filter, a sale that could not have occurred any later than the date of the filter's placement. Under the Court's two prior orders addressing the Tennessee statute of repose, all of Plaintiff's claims are barred. *See* Dkt. 4918 (dismissing Tennessee plaintiffs' cases in their entirety and rejecting argument that filter cases involve a latent injury and constitutional argument); Dkt. 14426 (same); *see also Wyatt v. A-Best Prods. Co.*, 924 S.W.2d 98, 102 (Tenn. Ct. App. 1995) ("Because a statute of repose sets the triggering event as something other than accrual, it can have the effect of barring a plaintiff's claim before it accrues, most typically before the plaintiff becomes aware of his or her injury."); Dkt. 15907 (granting summary judgment on fraudulent concealment allegations in master complaint).

Although Plaintiff amended his Short Form Complaint to raise additional fraudulent concealment allegations (*see Keeton* (1:21-cv-00313) Dkts. 9-10), the new allegations do not save his claim. In *Damron*, the Tennessee Court of Appeals held that fraudulent concealment does not toll the products liability statute of repose because it is not one of the statutory exceptions to the statute of repose. *Damron v. Media Gen., Inc.*, 3 S.W.3d 510, 513 (Tenn. Ct. App. 1999).

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  April 16, 2021 | /s/ *Andrea Roberts Pierson* |
|  | Jessica Benson Cox, Co-Lead Counsel |
|  | Andrea Roberts Pierson |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 300 North Meridian Street, Suite 2500 |
|  | Indianapolis, Indiana  46204 |
|  | Telephone:  (317) 237-0300 |
|  | Andrea.Pierson@FaegreDrinker.com |
|  | Jessica.Cox@FaegreDrinker.com |
|  |  |
|  | James Stephen Bennett, Co-Lead Counsel |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 110 West Berry Street, Suite 2400 |
|  | Fort Wayne, Indiana  46802 |
|  | Telephone:  (260) 424-8000 |
|  | Stephen.Bennett@FaegreDrinker.com |
|  |  |
|  | *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2021, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF DELMAR KEETON'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Andrea Roberts Pierson*