UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS   LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Mayock, Michael, 1:17-cv-04544

### DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF MICHAEL MAYOCK'S CASE PURSUANT TO CMO-28

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges injury as a result of a fracture of his IVC filter. In support of the motion, the Cook Defendants state as follows:

### ARGUMENT

On October 26, 2020, the Court entered CMO-28. *See* Dkt. 14601. Under CMO-28, Plaintiff had 60 days after entry of the order to voluntarily dismiss his time-barred case with prejudice. *Id.* at ¶ 3. Plaintiff failed to voluntarily dismiss his case within the allowed timeframe. As a result, on March 15, 2021, pursuant to Paragraph 4 of CMO-28, Cook filed a motion for judgment demonstrating why Plaintiff's case should be dismissed as time-barred. *See* Dkt. 16217.

CMO 28 gave Plaintiff three options for responding to Cook's motion: (1) file a notice of voluntary dismissal within 15 days; (2) file a response demonstrating why his case should not be dismissed within 15 days; or (3) file a motion and affidavit attesting why he was unable to present facts essential to justify opposition within 15 days. *See* Dkt. 14601 at ¶ 5. Plaintiff failed to do any

of the these. Instead, he filed an amended short form complaint adding new allegations of fraudulent concealment on March 24, 2021. *See* Dkt. 16395. But filing an amended complaint was not one of the options set forth by the Court in CMO-28. To the extent Plaintiff intended to rely on new fraudulent concealment allegations to defeat Cook's motion for judgment, he should have raised that argument in a response brief. He did not do so.

Because he failed to file a response to Cook's CMO 28 motion, Plaintiff's case is subject to dismissal pursuant to Paragraph 7 of CMO-28. *See* Dkt. 14601 at ¶ 7 ("The Cook Defendants may submit a proposed Order of dismissal with prejudice for any Plaintiff who does not act under paragraph five (5) within twenty (20) days of being served with a motion under paragraph four (4).").

To date, Plaintiff still has not responded to Cook's motion. Cook therefore requests that the Court enter the proposed order submitted (copy attached) by Cook dismissing Plaintiff's case with prejudice pursuant to CMO-28.

                          Respectfully submitted,

Dated: April 16, 2021                /s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

        James Stephen Bennett, Co-Lead Counsel
        FAEGRE DRINKER BIDDLE & REATH LLP
        110 West Berry Street, Suite 2400
        Fort Wayne, Indiana  46802
        Telephone:  (260) 424-8000
        Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2021, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF MICHAEL MAYOCK'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*