UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Pierce, Tyrell, 1:19-cv-02587

**DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF TYRELL PIERCE'S CASE PURSUANT TO CMO-28**

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment on the pleadings in Plaintiff's case as time barred under the applicable statute of repose.

1. <u>Plaintiff's Name</u>:  Tyrell Pierce

2. <u>Case Number</u>:  1:19-cv-02587

3. <u>Case Origin</u>:  Filed in the Southern District of Indiana on June 25, 2019

4. <u>Plaintiff's Home State per Complaint</u>: Oregon (Plaintiff's current residence and location of injury); Nevada (Plaintiff's residence at time of placement)

5. <u>Applicable Statute of Repose</u>:  Oregon (10 years), Or. Rev. Stat. ("A product liability civil action for personal injury or property damage must be commenced before the later of: "(a) Ten years after the date on which the product was first purchased for use or consumption; or (b) The expiration of any statute of repose for an equivalent civil action in the state in which the product was manufactured, or, if the product was manufactured in a foreign country, the expiration of any statute of repose for an equivalent civil action in the state into which the product was imported.")

6. <u>Placement Date (latest possible date of purchase)</u>:  February 13, 2007

7. <u>Length of Time Between Filter Placement and Filing</u>:  12 years, 4 months, 12 days

**BRIEF ARGUMENT**

Indiana choice of law rules apply because the case was filed in the Southern District of Indiana outside of the equitable period in the Court's order. *See* Dkt. 13539 (finding Indiana law applies to all claims in MDL originally filed in the Southern District of Indiana except those filed between May 31, 2017 and June 13, 2019). Under Indiana choice of law rules, Plaintiff's case is governed by Oregon substantive law.

Indiana courts consider the statute of repose to be an issue of substantive law. *See Klein v. Depuy, Inc.*, 476 F. Supp. 2d 1007 (N.D. Ind. 2007) (deciding under Indiana choice of law rules that plaintiff's claim was governed by the North Carolina statute of repose, not the Indiana statute of repose, because the plaintiff was injured in North Carolina), *aff'd* 506 F.3d 553 (7th Cir 2007); *see also Kissel v. Rosenbaum*, 579 N.E.2d 1322, 1327 (Ind. Ct. App. 1991) (explaining that "[a] statute of repose constitutes a substantive definition of rights rather than a procedural limitation provided by a statute of limitation"). On substantive issues, the presumption under Indiana law "is that the traditional *lex loci delicti* rule (the place of the wrong) will apply." *Simon v. U.S.*, 805 N.E.2d 798, 805 (Ind. 2004). The location of the tort is the "state where the last event necessary to make an actor liable for the alleged wrong takes place"—*i.e.* the state where the injury occurred, and the plaintiff experienced actionable damages. *Id.* Here, although Plaintiff received his filter at a hospital in Nevada, he alleges that his injury occurred in Oregon. *Compare* Plaintiff's Short Form Complaint, ¶ 5 *with id.*, ¶ 12. Thus, the Oregon statute of repose applies in this case. *Simon*, 805 N.E.2d at 805.

Plaintiff's claims are barred by the Oregon statute of repose because he did not file his action until more than 10 years after the initial sale of the filter, a sale that could not have occurred any later than the date of the placement procedure. Under the Court's prior order addressing the

Oregon statute of repose, Plaintiff's claims are barred so long as the gravamen of the claim sounds in product liability.  *See* Dkt. 14809 (granting motion for judgment on the pleadings); *Simonsen v. Ford Motor Co.*, 102 P.3d 710, 721-22 (Or. Ct. App. 2004) (holding that negligence claims and implied and express warranty claims fell under the ambit of the statute because they were grounded in allegations of failure to warn about the condition of a vehicle part that injured the plaintiff); *Kambury v. DaimlerChrysler Corp.*, 60 P.3d 1103, 1104-07 (Or. Ct. App. 2003) (holding that claims sounding in negligence, breach of warranty, intentional misrepresentation, and negligent misrepresentation fell under the scope of the statute of repose because they were all premised on an alleged airbag defect); *see also* Dkt. 15907 (granting summary judgment on fraudulent concealment allegations in master complaint).[1]  To the extent not barred by the statute of repose, Plaintiff's claim for punitive damages fails as derivative because all of his other claims fail.[2]

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

[1] As the Court further noted in its prior order, the Oregon statute of repose contains a "look out" provision that provides the plaintiff the benefit of a longer statute of repose from the state of manufacture or importation, if any.  *See* Dkt. 14809 at 3 (discussing Or. Rev. Stat. § 30.905(2)).  Here, the potential 2-year extension under Indiana law is not applicable because Plaintiff did not file his action until more than 12 years after the placement of his filter.  *See* Dkt. 14809 at 3 (finding that the potential two-year extension does not apply if the "claims were commenced more than 12 years" after filter placement).

[2] Plaintiff is not pursuing a state consumer protection claim.  *See* Plaintiff's Short-Form Complaint, ¶ 14.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  April 16, 2021 | /s/ *Andrea Roberts Pierson* |

Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2021, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF TYRELL PIERCE'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Andrea Roberts Pierson*