UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND           Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION            MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Penaranda, Rafael, 1:16-cv-01005

_____

### DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF RAFAEL PENARANDA'S CASE PURSUANT TO CMO-28

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges injury based on an inability to retrieve his IVC filter.[1]

1. Plaintiff's Name: Rafael Penaranda

2. Case Number: 1:16-cv-01005

3. Case Origin: Filed in Southern District of Indiana on May 2, 2016

4. Plaintiff's Home State per Complaint: Virginia (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. Applicable Choice of Law Rules: Indiana, *see* Dkt. 13539 (finding Indiana choice-of-law rules apply to all claims in MDL originally filed in the S.D. of Indiana except those filed between May 31, 2017 and June 13, 2019).

6. Applicable Statute of Limitations: Indiana (2 years), Ind. Code 34-20-3-1(b)(1) ("[A] product liability action must be commenced: (1) within two (2) years after the cause of action accrues").

7. Filter Placement Date: May 1, 2012

---

[1] Cook notes that Plaintiff's case is part of Cook's pending omnibus motion for summary judgment based on the statutes of limitations in five states. *See* Dkt. 11725-1 (no. 136 in list of cases).

8. <u>Latest Possible Date of Accrual</u>:  January 18, 2013 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting "Filter retrieval was abandoned" and "The tip of the Tulip filter was ingrown into the caval wall.").[2]

9. <u>Length of Time Between Claim Accrual and Filing</u>:  3 years, 3 months, 14 days

## **BRIEF ARGUMENT**

Plaintiff's personal injury claims are barred under Indiana law because the case was filed more than two years after an unsuccessful attempt to remove the filter.[3]  *See supra*, ¶¶ 3, 8-9. The Court has ruled in this MDL that claims are time-barred under Indiana law where the filter was removed more than two years before commencement of the action.  *See* Dkt. 14428 (granting summary judgment in six time-barred open removal cases); *see also In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 352 (S.D.N.Y. 2014); *Neuhauser v. A.H. Robins Co.*, 573 F. Supp. 8, 9-10 (S.D. Ind. 1983) (both cases holding under Indiana law that the claim accrued upon removal of the device or earlier).  By necessary extension, Indiana law also bars claims based on a failed filter retrieval that are filed more than two years after an *attempted* retrieval.

In Indiana, the discovery rule "looks only to when a plaintiff knew that he or she suffered an ascertainable injury, and knew or should have discovered that the injury was caused by the product or act of another." *Valmore v. Janssen Pharm. Prods., LP.*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005).   "There is no requirement that the potential plaintiff know or believe

---

[2] The Court may consider categorization forms and supporting records on a 12(c) motion as it has done with some prior motions.  *See* Dkts. 10588; 11311 at 2-4 (dismissing Category 1 and 2 cases).

[3] Plaintiff's case would also be barred under Virginia law, which also has a two-year statute of limitations.  *See* Va. Code § 8.01-243. Virginia adopted a discovery rule in 2016, but it does not apply retroactively to Plaintiff's case because his claim accrued before July 1, 2016.  *See* Va. Acts ch. 353 (statutory amendment); Va. Code § 1-214 (explaining that newly enacted laws takes effect on July 1 after a legislative session concludes); *Riddett v. Va. Elec & Power Co.*, 495 S.E.2d 819, 822 (Va. 1998) ("[A]mendments to statutes of limitation are presumed to be prospective and not retroactive in their operation, in the absence of clear legislative intent to the contrary.").

a product is 'defective' before the limitations period may commence." *Id.*; *see also* Dkt. 15907 (granting summary judgment on fraudulent concealment allegations in master complaint).  In a case like this, where the Plaintiff claims injury based on an inability to retrieve the filter, a plaintiff necessarily "knows or should know" through medical treatment of an injury and the causal link to the filter at the time an unsuccessful attempt to remove the filter occurs.[4] *In re Mirena (Truitt)*, 29 F. Supp. 3d at 352; *Neuhauser*, 573 F. Supp. at 9.

Plaintiff's implied-warranty claim also fails on the same ground.  Under Indiana law, warranty claims are subject to the two-year statute of limitations discussed above.  *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).[5]

As to Plaintiff's consumer-protection and express-warranty claims, the Court has concluded that they are not adequately pled in the Master Complaint, and Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims here.  *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty).  Thus, Plaintiff has failed to plead a viable state consumer-protection claim with the particularity required by Rule 9 or a viable express-warranty claim.  Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

[4] To the extent Plaintiff may claim other complications or injuries, the statute of limitations bars those claims as well because they do not constitute new or separate claims under Indiana law.  On the contrary, "it is not necessary that the full extent of the damage be known or even ascertainable but only that some ascertainable damage has occurred." *Monsanto v. Miller*, 455 N.E.2d 392, 394 (Ind. Ct. App. 1983).

[5] Virginia follows the same rule.  *See* Va. Code Ann. § 8.01-246 (providing that the [UCC] section shall be controlling except that in product liability actions for injury . . . the limitation prescribed in § 8.01-243 shall apply.").

                                                                     Respectfully submitted,

Dated: April 16, 2021                          /s/ *Jessica Benson Cox*
                                                                  Jessica Benson Cox, Co-Lead Counsel
                                                                    Andrea Roberts Pierson,
                                                                    FAEGRE DRINKER BIDDLE & REATH LLP
                                                                    300 North Meridian Street, Suite 2500
                                                                    Indianapolis, Indiana 46204
                                                                    Telephone: (317) 237-0300
                                                                    Andrea.Pierson@FaegreDrinker.com
                                                                    Jessica.Cox@FaegreDrinker.com

                                                                   James Stephen Bennett, Co-Lead Counsel
                                                                    FAEGRE DRINKER BIDDLE & REATH LLP
                                                                    110 West Berry Street, Suite 2400
                                                                    Fort Wayne, Indiana 46802
                                                                    Telephone: (260) 424-8000
                                                                    Stephen.Bennett@FaegreDrinker.com

                                                                   *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2021, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF RAFAEL PENARANDA'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Andrea Roberts Pierson*
