UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS   LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Corder, Lavonne, 1:17-cv-02327

**DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF LAVONNE CORDER'S CASE PURSUANT TO CMO-28**

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges injury based on an inability to retrieve her IVC filter.[1]

1. Plaintiff's Name:  Lavonne Corder[2]

2. Case Number:  1:17-cv-02327

3. Case Origin:  Filed in the Southern District of Indiana on July 7, 2017

4. Plaintiff's Home State per Complaint: Idaho (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. Applicable Choice of Law Rules:  Idaho, Dkt. 13539 (modifying equitable time period for application of home state choice-of-law rules to cases filed between May 31, 2017 and June 13, 2019).

6. Applicable Statutes of Limitations:  Idaho (2 years), Idaho Code § 5-219(4) ("Within two (2) years: [] An action to recover damages ... for an injury to the person....").

---

[1] Cook notes that Plaintiff's case is part of Cook's pending omnibus motion for summary judgment based on the statutes of limitations in five states.  *See* Dkt. 11725-1 (no. 14 in list of cases).

[2] Cook refers to Mrs. Corder as "Plaintiff" due to the singular language used in the structure of the Short Form Complaint.  Plaintiff's spouse, Timothy Corder, is a Co-Plaintiff on a loss of consortium claim, and this motion seeks dismissal of his derivative claims as well.

US.132247969.03

7. <u>Filter Placement Date</u>:  April 12, 2006

8. <u>Latest Possible Date of Accrual</u>:  June 8, 2006 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting "the procedure was terminated" because "in spite of maximal tolerable tension the vena cava filter would not dislodge from the IVC")[3]

9. <u>Length of Time Between Claim Accrual and Filing</u>:  11 years, 0 months, 29 days

## BRIEF ARGUMENT

Plaintiff's personal injury claims are barred under Idaho law because the case was filed more than two years after an unsuccessful attempt to remove the filter.[4]  *See supra*, ¶¶ 3, 8-9.  The statute of limitations in Idaho is two years, with no discovery rule.  *See* Idaho Code § 5-219(4) (providing that a cause of action subject to the statute "shall be deemed to have accrued as of the time of the occurrence, act or omission complained of"); *Theriault v. A.H. Robins Co., Inc.*, 698 P.2d 365, 370-71 (Idaho 1985) ("Theriault asks this Court to engraft a discovery exception to the statute of limitations. ...  This we decline to do. ... Since the 1971 amendment, in deference to the legislative policy expressed therein, this Court has consistently refused to create additional discovery exceptions."); *see also* Dkt. 15907 (granting summary judgment on fraudulent concealment allegations in master complaint).  Here, Plaintiff's claims accrued under Idaho law no later than June 8, 2006, when an attempt was made to remove the filter but was unsuccessful.

---

[3] The Court may consider categorization forms and supporting records on a 12(c) motion as it has done with some prior motions.  *See* Dkts. 10588; 11311 at 2-4 (dismissing Category 1 and 2 cases).

[4] Plaintiff's personal injury claims would also be barred under Indiana's two-year statute of limitations. The Court has ruled in this MDL that claims are time-barred under Indiana law where the filter was removed more than two years before commencement of the action.  *See* Dkt. 14428 (granting summary judgment in six time-barred open removal cases); *see also In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 352 (S.D.N.Y. 2014); *Neuhauser v. A.H. Robins Co.*, 573 F. Supp. 8, 9-10 (S.D. Ind. 1983) (both cases holding under Indiana law that the claim accrued upon removal of the device or earlier).  By necessary extension, Indiana law also bars claims based on a failed filter retrieval that are filed more than two years after an *attempted* retrieval.

US.132247969.03

Given that Plaintiff claims the inability to retrieve her filter as an injury, her claim necessarily accrued at that time.[5]  When Plaintiff filed suit on July 7, 2017, her claims were time-barred by over 11 years.

Plaintiff's implied warranty claim fails on the same ground. Under Idaho law, an implied warranty claim is merged with the product-liability claim, subjecting the warranty claim to the two-year statute of limitations discussed above.  *See Oats v. Nissan Motor Corp.*, 879 P.2d 1095, 1105 (Idaho 1994) ("[W]hen a plaintiff brings a non-privity breach of warranty action against a manufacturer or seller to recover for personal injuries allegedly sustained as a result of a defective product, that action is one for strict liability in tort, governed by the provisions of the IPLRA.").[6]

As to Plaintiff's consumer protection and express warranty claims, the Court has concluded that those claims are not adequately pled in the Master Complaint, and Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims here.  *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty).  Thus, Plaintiff has failed to plead a viable state consumer protection claim with the particularity required by Rule 9 or a viable express warranty claim.  Plaintiff's claim for punitive damages fails as derivative.  Mr. Corden's loss of consortium claim also fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

[5] To the extent Plaintiff may claim other complications or injuries, the statute of limitations bars those claims as well because they do not constitute new or separate claims under Idaho law. Idaho Code § 5-219(4) ("[T]he cause of action shall be deemed to have accrued as of the time of the occurrence, act or omission complained of, and the limitation period shall not be extended by reason of any continuing consequences or damages resulting therefrom ... .").

[6] Indiana follows the same rule.  *See B & B Paint Corp v. Shrock Mfg., Inc.*, 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).

US.132247969.03

                                                Respectfully submitted,

Dated: April 16, 2021
                                      /s/ Andrea Roberts Pierson
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2021, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF LAVONNE CORDER'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

                                                /s/ Andrea Roberts Pierson

US.132247969.03