UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Buell, James, 1:17-cv-00516

## DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF JAMES BUELL'S CASE PURSUANT TO CMO-28

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges injury based on an inability to retrieve his IVC filter.[1]

1. Plaintiff's Name: James Buell[2]

2. Case Number: 1:17-cv-00516

3. Case Origin: Filed in the Southern District of Indiana on February 17, 2017

4. Plaintiff's Home State per Complaint: Texas (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. Applicable Choice of Law Rules: Indiana, *see* Dkt. 13539 (finding Indiana choice-of-law rules apply to all claims in MDL originally filed in the Southern District of Indiana except those filed between May 31, 2017 and June 13, 2019).

6. Applicable Statute of Limitations: Indiana (2 years), Ind. Code 34-20-3-1(b)(1) ("[A] product liability action must be commenced: (1) within two (2) years after the cause of action accrues").

---

[1] Cook notes that Plaintiff's case is part of Cook's pending omnibus motion for summary judgment based on the statutes of limitations in five states. *See* Dkt. 11725-1 (no. 72 in list of cases).

[2] Cook refers to Mr. Buell as "Plaintiff" due to the singular language used in the structure of the Short Form Complaint. Plaintiff's spouse, Darina Buell, is a Co-Plaintiff on a loss of consortium claim, and this motion seeks dismissal of her derivative claims as well.

7. <u>Filter Placement Date</u>:  November 22, 2008

8. <u>Latest Possible Date of Accrual</u>:  February 6, 2009 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting "The IVC filter struts were incorporated into the IVC wall such that the filter could not be retrieved at ten weeks post-placement.").[3]

9. <u>Length of Time Between Claim Accrual and Filing</u>:  8 years, 0 months, 11 days

## **BRIEF ARGUMENT**

Plaintiff's personal injury claims are barred under Indiana law because the case was filed more than two years after an unsuccessful attempt to remove the filter.[4]  *See supra*, ¶¶ 3, 8-9.  The Court has ruled in this MDL that claims are time-barred under Indiana law where the filter was removed more than two years before commencement of the action.  *See* Dkt. 14428 (granting summary judgment in six time-barred open-removal cases); *see also In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 352 (S.D.N.Y. 2014); *Neuhauser v. A.H. Robins Co.*, 573 F. Supp. 8, 9-10 (S.D. Ind. 1983) (both cases holding under Indiana law that the claim accrued upon removal of the device or earlier).  By necessary extension, Indiana law also bars claims based on a failed filter retrieval that are filed more than two years after an *attempted* retrieval.

In Indiana, the discovery rule "looks only to when a plaintiff knew that he or she suffered an ascertainable injury, and knew or should have discovered that the injury was caused by the product or act of another." *Valmore v. Janssen Pharm. Prods., LP.*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005).  "There is no requirement that the potential plaintiff know or believe a product

---

[3] The Court may consider categorization forms and supporting records on a 12(c) motion as it has done with some prior motions.  See Dkts. 10588; 11311 at 2-4 (dismissing Category 1 and 2 cases).

[4] Plaintiff's case would also be barred under Texas law, which similarly has a two-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.003; *see also Pavich v. Zimmer, Inc.*, 157 F.3d 903 (5th Cir. 1998) (summary table) (describing the Texas discovery rule as "very limited"); *Coody v. A.H. Robins Co.,* 696 S.W.2d 154, 156 (Tex. Ct. App. 1985) ("The discovery rule speaks only of discovery of the injury.  It does not operate to toll the running of the limitation period until such time as plaintiff discovers all of the elements of a cause of action.").

is 'defective' before the limitations period may commence." *Id.*; *see also* Dkt. 15907 (granting summary judgment on fraudulent concealment allegations in master complaint). In a case like this, where the Plaintiff claims injury based on an inability to retrieve the filter, a plaintiff necessarily "knows or should know" through medical treatment of an injury and the causal link to the filter at the time an unsuccessful attempt to remove the filter occurs.[5] *In re Mirena (Truitt)*, 29 F. Supp. 3d at 352; *Wojcik*, 451 N.E.2d at 342; *Neuhauser*, 573 F. Supp. at 9.

Plaintiff's implied warranty claim also fails on the same ground. Under Indiana law, warranty claims are subject to the two-year statute of limitations discussed above. *See B & B Paint Corp v. Shrock Mfg., Inc.*, 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).[6]

As to Plaintiff's consumer-protection and express-warranty claims, the Court has concluded that those claims are not adequately pled in the Master Complaint, and Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims here. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Thus, Plaintiff has failed to plead a viable state consumer protection claim with the particularity required by Rule 9 or a viable express warranty claim. Plaintiff's claim for punitive damages fails as derivative. Mrs. Buell's loss of consortium claim also fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

[5] To the extent Plaintiff may claim other complications or injuries, the statute of limitations bars those claims as well because they do not constitute new or separate claims under Indiana law. On the contrary, "it is not necessary that the full extent of the damage be known or even ascertainable but only that some ascertainable damage has occurred." *Monsanto v. Miller*, 455 N.E.2d 392, 394 (Ind. Ct. App. 1983).

[6] The implied warranty claim would fail under Texas law as well because it would be subject to a four-year statute of limitations measured from the date of delivery, *see* Tex. Bus & Comm. Code Ann. § 2.725, and Plaintiff filed this action more than eight years after receiving his filter, *see supra*, ¶¶ 3, 7.

Respectfully submitted,

Dated:  April 16, 2021

/s/ Andrea Roberts Pierson
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2021, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF JAMES BUELL'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ Andrea Roberts Pierson