UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND           Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION            MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Garrison, Tina, 1:18-cv-02462

_____

**DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF TINA GARRISON'S CASE PURSUANT TO CMO-28**

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges injury based on an inability to retrieve her IVC filter.[1]

1. Plaintiff's Name: Tina Garrison

2. Case Number: 1:18-cv-02462

3. Filing Location and Date: Filed in S.D. of Indiana on September 15, 2016

4. Plaintiff's Home State per Complaint: Alabama (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. Applicable Choice of Law Rules: Alabama, Dkt. 13539 (modifying equitable time period for application of home state choice-of-law rules to cases filed between May 31, 2017 and June 13, 2019).

6. Applicable Statutes of Limitations: Alabama (2 years), Ala. Code § 6-2-38(l) ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years.").

7. Filter Placement Date: September 12, 2008

---

[1] Cook notes that Plaintiff's case is part of Cook's pending omnibus motion for summary judgment based on the statutes of limitations in five states. *See* Dkt. 11725-1 (no. 4 in list of cases).

8. <u>Latest Possible Date of Accrual</u>:  December 10, 2008 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting "Attempted retrieval vena cava filter using snare technique (unsuccessful)" and "Several times and different techniques used to attempt re-capturing filter, which were unsuccessful secondary to incorporation of the filter in the vena cava wall" on December 10, 2008).[2]

9. <u>Length of Time Between Filter Placement and Filing</u>:  8 years, 0 months, 3 days

10. <u>Length of Time Between Claim Accrual and Filing</u>:  7 years, 9 months, 5 days

## BRIEF ARGUMENT

Plaintiff's personal injury claims are barred under Alabama law because the case was filed more than two years after an unsuccessful attempt to remove the filter.[3]  *See supra*, ¶¶ 3, 8, 10.  The statute of limitations in Alabama is two years, with no discovery rule.  *See Moon v. Harco Drugs, Inc.*, 435 So.2d 218, 220 (Ala. 1983) ("This Court has repeatedly held that a cause of action accrues when the injury occurs, and in so doing, this Court has refused to accept the so-called 'discovery rule.'"); *Payton v. Monsanto Co.*, 801 So. 2d 829, 835 (Ala. 2001) (same); *see also* Dkt. 15907 (granting summary judgment on fraudulent concealment allegations in master complaint).  Here, Plaintiff's claims accrued under Alabama law no later than December 10,

---

[2] The Court may consider categorization forms and supporting records on a 12(c) motion as it has done with some prior motions.  *See* Dkts. 10588; 11311 at 2-4 (dismissing Category 1 and 2 cases);

[3] Plaintiff's personal injury claims would also be barred under Indiana's two-year statute of limitations. The Court has ruled in this MDL that claims are time-barred under Indiana law where the filter was removed more than two years before commencement of the action.  *See* Dkt. 14428 (granting summary judgment in six time-barred open removal cases); *see also In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 352 (S.D.N.Y. 2014); *Neuhauser v. A.H. Robins Co.*, 573 F. Supp. 8, 9-10 (S.D. Ind. 1983) (both cases holding under Indiana law that the claim accrued upon removal of the device or earlier). By necessary extension, Indiana law also bars claims based on a failed filter retrieval that are filed more than two years after an *attempted* retrieval.

2008, when an attempt was made to remove the filter but was unsuccessful.[4] By the time Plaintiff filed suit on September 15, 2016, her claims were time-barred by over seven years.

Plaintiff's implied-warranty claim is also time-barred because it is subject to a four-year statute of limitations from the date of delivery. *See* Ala. Code § 7-2-725(1). Plaintiff filed her action more than eight years after receiving her filter. *See supra*, ¶¶ 3, 7, 9.[5]

As to Plaintiff's consumer-protection and express-warranty claims, the Court has concluded that those claims are not adequately pled in the Master Complaint, and Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims here. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Thus, Plaintiff has failed to plead a viable state consumer-protection claim with the particularity required by Rule 9 or a viable express-warranty claim. Plaintiff's claim for punitive damages fails as derivative. Plaintiff's manufacturing defect claim fails as derivative. Plaintiff's claims of intentional and negligent infliction of emotional distress also fail as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's claims with prejudice.

---

[4] To the extent Plaintiff may claim other complications or injuries, the statute of limitations bars those claims as well because they do not constitute new or separate claims under Alabama law. *Home Ins. Co. v. Stuart-McCorkle, Inc.*, 291 Ala. 601, 608 (Ala. 1973) ("We have held that the statute begins to run whether or not the full amount of damages its apparent at the time of the first legal injury.").

[5] The implied warranty claim would be time-barred under Indiana law as well, because it would be subject to the two-year statute of limitations for personal injury actions. *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).

Respectfully submitted,

Dated:  April 16, 2021  /s/ *Jessica Benson Cox*

Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

- 5 -

## CERTIFICATE OF SERVICE

      I hereby certify that on April 16, 2021, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF TINA GARRISON'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

      /s/ *Jessica Benson Cox*