UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND      Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION      MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Nitz, Debra Ellen, 1:18-cv-02717

_____

**DEFENDANTS' MOTION FOR JUDGMENT
IN PLAINTIFF DEBRA ELLEN NITZ'S CASE PURSUANT TO CMO-28**

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges injury based on an inability to retrieve her IVC filter.[1]

1. <u>Plaintiff's Name</u>:  Debra Ellen Nitz

2. <u>Case Number</u>:  1:18-cv-02717

3. <u>Case Origin</u>:  Filed in the Southern District of Indiana on August 31, 2018

4. <u>Plaintiff's Home State per Complaint</u>:  Michigan (Plaintiff's current residence, location of injury, and residence at the time of filter placement)

5. <u>Applicable Choice of Law Rules</u>:  Michigan, *see* Dkt. 13539 (modifying equitable time period for application of home state law to cases filed between May 31, 2017 and June 13, 2019).

6. <u>Applicable Statutes of Limitations</u>:  Michigan (3 years), Mich. Comp. Laws Ann. § 600.5805(12) ("The period of limitations is 3 years for a product liability action.").

7. <u>Filter Placement Date</u>:  August 28, 2008

8. <u>Date of Accrual</u>:  Prior to September 22, 2009 (*see* Case Categorization Form and Categorization Medical Record attached collectively as **Exhibit A** and filed under seal noting that Plaintiff underwent a failed retrieval attempt sometime prior to September 22, 2009:[2] "She informs me that after the bariatric surgery, an attempt was made to retrieve the filter, but it could not be removed because it was stuck.").[3]

---

[1] Cook notes that Plaintiff's case is part of Cook's pending omnibus motion for summary judgment based on the statutes of limitations in five states.  *See* Dkt. 11725-1 (no. 49 in list of cases).

[2] The Court may consider categorization forms and supporting records on a motion for judgment on the pleadings as it has done with some prior motions.  *See, e.g.*, Dkts. 11311 at 2-4 (dismissing multiple Category 2 cases); 10588 (dismissing Category 1 cases).

[3] Plaintiff categorized the case under Categories 5 and 6, and she described the Category 5 claim as "filter removed because of tilt."  *See* Exhibit A.  The only record submitted in support of her claim was not a record of the removal attempt, but a subsequent record dated September 22, 2009 that notes Plaintiff underwent a failed retrieval attempt on an undisclosed earlier date.  While Cook's position is that the clock began to run under Michigan law at the time of the attempted removal, which occurred sometime prior to September 22, 2009, the case is time-barred by almost *six* years if the September 22, 2009 date is used as the accrual date for purposes of this Motion.

9.     <u>Length of Time Between Claim Accrual and Filing</u>:  8 years, 11 months, 9 days

**BRIEF ARGUMENT**

Plaintiff's personal injury claims are barred under Indiana law because the case was filed more than two years after an unsuccessful attempt to remove the filter.[4]  *See supra*, ¶¶ 3, 8-9. The statute of limitations in Michigan is three years, with no general discovery rule.  *See Peter v. Stryker Orthopaedics, Inc.*, 581 F. Supp. 2d 813, 816 (E.D. Mich. 2008) ("[T]his statutory definition of 'accrues' prohibits use of the common law 'discovery rule' in Michigan.") (citing *Trentadue v. Buckler Lawn Sprinkler*, 738 N.W.2d 664, 670 (Mich. 2007) (abrogating the common law discovery rule); *see also* Dkt. 15907 (granting summary judgment on fraudulent concealment allegations in master complaint).  Accordingly, a product liability claim accrues "at the time the wrong upon which the claim is based was done regardless of the time when damage results."  Mich. Comp. Laws Ann. § 600.5827.  Here, Plaintiff's claims accrued under Michigan law no later than September 22, 2009, a date necessarily *after* the failed retrieval that Plaintiff recounted to her physician on that date.[5]  By the time Plaintiff filed suit on August 31, 2018, her claims were time-barred by nearly nine years.

---

[4] Plaintiff's personal injury claims would also be barred under Indiana's two-year statute of limitations. The Court has ruled in this MDL that claims are time-barred under Indiana law where the filter was removed more than two years before commencement of the action.  *See* Dkt. 14428 (granting summary judgment in six time-barred open removal cases); *see also In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 352 (S.D.N.Y. 2014); *Neuhauser v. A.H. Robins Co.*, 573 F. Supp. 8, 9-10 (S.D. Ind. 1983) (both cases holding under Indiana law that the claim accrued upon removal of the device or earlier). By necessary extension, Indiana law also bars claims based on a failed filter retrieval that are filed more than two years after an *attempted* retrieval. Given that Plaintiff claims the inability to retrieve her filter as an injury, her claim necessarily accrued at that time.

[5] To the extent Plaintiff may claim other complications or injuries, the statute of limitations bars those claims as well because they do not constitute new or separate claims under Michigan law. *Grimm v. Ford Motor Co.*, 403 N.W.2d 482, 485 (Mich. 1986) ("More damage may result later, but no new cause of action of limitation period arises.").

Plaintiff's implied warranty claim fails on the same ground.   Under Michigan law, product-liability warranty claims are subject to the three-year statute of limitations discussed above.  *Stephenson v. C. R. Bard, Inc.*, 2018 WL 650213, at *3 (S.D. W. Va. Jan. 31, 2018) (applying Michigan law) ("Although breach of warranty claims are typically subject to a four-year statute of limitations ... when the breach is related to an underlying personal injury claim, the statute of limitations governing personal injury claims applies instead.").[6]

As to Plaintiff's consumer protection and express warranty claims, the Court has concluded that those claims are not adequately pled in the Master Complaint, and Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims here.  *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty).  Thus, Plaintiff has failed to plead a viable state consumer protection claim with the particularity required by Rule 9 or a viable express warranty claim.  Plaintiff's claim for punitive damages fails as derivative.[7]

For the foregoing reasons, the Court should dismiss Plaintiff's claims with prejudice.

---

[6] Indiana follows the same rule.  *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).

[7] Plaintiff also pleaded a claim for wrongful death. *See* Plaintiff's Short-Form Complaint, ¶ 14.  Plaintiff, however, did not categorize this claim or provide a medical record documenting it as required by the Court's categorization orders.  *See* Dkt. 9668-1 at 1 (categorization form requiring each "category selected [to] be supported by attaching specific medical record(s) confirming the injury/complication/category selected").  Plaintiff has thus abandoned the wrongful death claim.

Respectfully submitted,

Dated:  April 19, 2021

/s/ *Jessica Benson Cox*

Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

### CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2021, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF DEBRA ELLEN NITZ'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*