UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS   LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Williams, Stephanie, 1:16-cv-03014

### DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF STEPHANIE WILLIAMS' CASE PURSUANT TO CMO-28

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges injury based on an inability to retrieve her IVC filter.[1]

1. Plaintiff's Name:  Stephanie Williams

2. Case Number:  1:16-cv-03014

3. Case Origin:  Filed in the Southern District of Indiana on November 3, 2016

4. Plaintiff's Home State per Complaint: Alabama (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. Applicable Choice of Law Rules:  Indiana, *see* Dkt. 13539 (finding Indiana choice-of-law rules apply to all claims in MDL originally filed in the Southern District of Indiana except those filed between May 31, 2017 and June 13, 2019)

6. Applicable Statutes of Limitations:  Indiana (2 years), Ind. Code 34-20-3-1(b)(1) ("[A] product liability action must be commenced: (1) within two (2) years after the cause of action accrues")

7. Filter Placement Date:  March 4, 2007

---

[1] Cook notes that Plaintiff's case is part of Cook's pending omnibus motion for summary judgment based on the statutes of limitations in five states. *See* Dkt. 11725-1 (no. 12 in list of cases).

8. <u>Latest Possible Date of Accrual</u>:  July 18, 2007 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting "However, with multiple attempts I could not remove the filter in a safe fashion. After multiple attempts, it was determined that the filter hooks were permanent[ly] embedded into the endothelial lining of the inferior vena cava.")[2]

9. <u>Length of Time Between Filter Placement and Filing</u>:  9 years, 7 months, 30 days

10. <u>Length of Time Between Claim Accrual and Filing</u>:  9 years, 3 months, 16 days

## BRIEF ARGUMENT

Plaintiff's personal injury claims are barred under Indiana law because the case was filed more than two years after an unsuccessful attempt to remove the filter.[3]  *See supra*, ¶¶ 3, 8, 10. The Court has ruled in this MDL that claims are time-barred under Indiana law where the filter was removed more than two years before commencement of the action.  *See* Dkt. 14428 (granting summary judgment in six time-barred open removal cases); *see also In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 352 (S.D.N.Y. 2014); *Neuhauser v. A.H. Robins Co.*, 573 F. Supp. 8, 9-10 (S.D. Ind. 1983) (both cases holding under Indiana law that the claim accrued upon removal of the device or earlier).  By necessary extension, Indiana law also bars claims based on a failed filter retrieval that are filed more than two years after an *attempted* retrieval.

In Indiana, the discovery rule "looks only to when a plaintiff knew that he or she suffered an ascertainable injury, and knew or should have discovered that the injury was caused by the product or act of another." *Valmore v. Janssen Pharm. Prods., LP.*, 2005 WL 8165915, at *3

---

[2] The Court may consider categorization forms and supporting records on a 12(c) motion as it has done with some prior motions.  *See* Dkts. 10588; 11311 at 2-4 (dismissing Category 1 and 2 cases).

[3] Plaintiff's case would also be barred under Alabama law, which has a two-year statute of limitations. *See* Ala. Code § 6-2-38(l). Alabama does not recognize the discovery rule.  *See Moon v. Harco Drugs, Inc.*, 435 So.2d 218, 220 (Ala. 1983) ("This Court has repeatedly held that a cause of action accrues when the injury occurs, and in so doing, this Court has refused to accept the so-called 'discovery rule.'"); *Payton v. Monsanto Co.*, 801 So. 2d 829, 835 (Ala. 2001) (same)

(S.D. Ind. Sept. 21, 2005). "There is no requirement that the potential plaintiff know or believe a product is 'defective' before the limitations period may commence." *Id.*; *see also* Dkt. 15907 (granting summary judgment on fraudulent concealment allegations in master complaint). In a case like this, where the Plaintiff claims injury based on an inability to retrieve the filter, a plaintiff necessarily "knows or should know" through medical treatment of an injury and the causal link to the filter at the time an unsuccessful attempt to remove the filter occurs.[4] *In re Mirena (Truitt)*, 29 F. Supp. 3d at 352; *Neuhauser*, 573 F. Supp. at 9.

Plaintiff's implied-warranty claim also fails on the same ground. Under Indiana law, warranty claims are subject to the two-year statute of limitations discussed above. *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).[5]

As to Plaintiff's express-warranty claim, the Court has concluded that it is not adequately pled in the Master Complaint, and Plaintiff's Short-Form Complaint does not add any substantive facts to save the claim here. *See* Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Thus, Plaintiff has failed to plead a viable express-warranty claim.[6] Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

[4] To the extent Plaintiff may claim other complications or injuries, the statute of limitations bars those claims as well because they do not constitute new or separate claims under Indiana law. On the contrary, "it is not necessary that the full extent of the damage be known or even ascertainable but only that some ascertainable damage has occurred." *Monsanto v. Miller*, 455 N.E.2d 392, 394 (Ind. Ct. App. 1983). Alabama follows a similar rule. *Home Ins. Co. v. Stuart-McCorkle, Inc.*, 291 Ala. 601, 608 (Ala. 1973) ("We have held that the statute begins to run whether or not the full amount of damages is apparent at the time of the first legal injury.").

[5] Plaintiff's implied warranty claim is also time-barred under Alabama law because it is subject to a four-year statute of limitations from the date of delivery. *See* Ala. Code § 7-2-725(1). Plaintiff filed her action more than nine years after receiving her filter. *See supra*, ¶¶ 3, 7, 9.

[6] Plaintiff is not pursuing a state consumer protection claim. *See* Plaintiff's Short-Form Complaint, ¶ 14.

                                                                  Respectfully submitted,

Dated: April 19, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2021, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF STEPHANIE WILLIAMS' CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

                                                       /s/ *Jessica Benson Cox*