UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS   LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Jackson, Gentriece, 1:18-cv-03012

**DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF GENTRIECE JACKSON'S CASE PURSUANT TO CMO-28**

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges injury based on complications requiring a complex retrieval of her IVC filter.[1]

1. <u>Plaintiff's Name</u>:  Gentriece Jackson

2. <u>Case Number</u>:  1:18-cv-03012

3. <u>Case Origin</u>:  Filed in the Southern District of Indiana on September 28, 2018

4. <u>Plaintiff's Home State per Complaint</u>: Texas (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. <u>Applicable Choice of Law Rules</u>:  Texas, *see* Dkt. 13539 (modifying equitable time period for application of home state choice-of-law rules to cases filed between May 31, 2017 and June 13, 2019).

6. <u>Applicable Statute of Limitations</u>: Texas (2 years), Tex. Code Civ. Prac. & Remedies, § 16.003 ("[A] person must bring suit for … personal injury … no later than two years after the cause of action accrues.").

---

[1] Cook notes that Plaintiff's case is part of Cook's pending omnibus motion for summary judgment based on the statutes of limitations in five states. *See* Dkt. 11725-1 (no. 88 in list of cases).

7. <u>Filter Placement Date</u>: January 31, 2011, *see* Pl.'s Short Form Compl., ¶11[2]

8. <u>Latest Possible Date of Accrual</u>:  March 16, 2015 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting "IVC filter removal.").[3]

9. <u>Length of Time Between Filter Placement and Filing</u>:  7 years, 7 months, 28 days

10. <u>Length of Time Between Claim Accrual and Filing</u>:  3 years, 6 months, 12 days

## **BRIEF ARGUMENT**

Plaintiff's personal injury claims are barred under Texas law because the case was filed more than two years after the successful retrieval of her IVC filter. *See supra*, ¶¶ 3, 8, 10.  The Court has ruled in this MDL that claims are time-barred under Indiana law where the filter was removed more than two years before commencement of the action.  *See* Dkt. 14428 (granting summary judgment in six time-barred open removal cases).  The discovery rule in Texas is limited and similar in application to the discovery rule in Indiana.  *See Pavich v. Zimmer, Inc.*, 157 F.3d 903 (5th Cir. 1998) (summary table) (describing the Texas discovery rule as "very limited"); *Coody v. A.H. Robins Co.,* 696 S.W.2d 154, 156 (Tex. Ct. App. 1985) ("The discovery rule speaks only of discovery of the injury.  It does not operate to toll the running of the limitation period until such time as plaintiff discovers all of the elements of a cause of action."); *In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 356 (S.D.N.Y. 2014) (explaining that Indiana and Texas law are similar and "neither of which requires a plaintiff to discover what cause of action she can assert").

Courts applying Texas law have held that a claim accrues no later than the date of removal of the device.  *See Shepherd v. Danek Med.*, 1999 WL 1129705, at *1 (S.D. Tex. Aug. 13, 1999)

---

[2] Although Plaintiff's medical records indicate that Plaintiff had at least three filters placed between January 2011 and March 2015, her complaint only lists the filter placed on January 31, 2011 as allegedly defective and the cause of her purported injuries.  Accordingly, this Motion seeks dismissal of claims applicable to the first filter placed on January 31, 2011.

[3] The Court may consider categorization forms and supporting records on a 12(c) motion as it has done with some prior motions.  *See* Dkts. 10588; 11311 at 2-4 (dismissing Category 1 and 2 cases).

- 2 -

("[A]ny arguable application of the 'discovery rule' would terminate upon removal of the System."); *Porter v. Danek Med, Inc.*, 1999 WL 1117090, at *1 (S.D. Tex. Aug. 16, 1999) (same); *In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig.*, 2016 WL 1493534, at *4 (M.D. Ga Apr. 14, 2016) ("Plaintiffs knew or should have known that they suffered some injuries related to the ObTape by the time of their revision surgeries, and that is when their claims accrued.").[4]

Plaintiff's implied warranty claim is also time-barred because it is subject to a four-year statute of limitations from the date of delivery, *see* Tex. Bus & Comm. Code Ann. § 2.725, and Plaintiff filed this action more than seven years after receiving her filter. *See supra*, ¶¶ 3, 7, 9.[5]

As to Plaintiff's consumer-protection and express-warranty claims, the Court has concluded that those claims are not adequately pled in the Master Complaint, and Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims here. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Thus, Plaintiff has failed to plead a viable state consumer-protection claim with the particularity required by Rule 9 or a viable express-warranty claim. Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

[4] To the extent Plaintiff may claim other complications or injuries, the Texas statute of limitations bars those claims as well because they do not constitute new or separate claims. *Valdez v. Hollenbeck*, 465 S.W.3d 217, 229 (Tex. 2015) ("[A] cause of action generally accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred.").

[5] Indiana follows the same rule. *See B & B Paint Corp v. Shrock Mfg., Inc.*, 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).

          Respectfully submitted,

Dated: April 19, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2021, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF GENTRIECE JACKSON'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*