UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND             No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION              MDL No. 2570

_____

This Document Relates to the Following Cases:

Jason Snider, 1:17-cv-3614

_____

**ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants move for judgment on the pleadings in Plaintiff Jason Snider's case. Specifically, the Cook Defendants argue Plaintiff's product liability claims[1] are time-barred under Ohio law and that Plaintiff's express warranty and consumer fraud claims are not properly pled. The court, having read and reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion should be **GRANTED**.

**I.   Background**

On May 26, 2007, Plaintiff was a trauma patient who had a Tulip filter implanted in Columbus, Ohio. (Filing No. 12248, Affidavit of Plaintiff Jason Snider ("Snider Aff.") ¶ 2). Removal attempts on July 18 and July 26, 2007, were unsuccessful. (*Id.* ¶ 3).

---

[1] The parties agree that the timeliness of the implied warranty claim depends on the timeliness of the product liability claims, because the implied warranty claim is governed by the same statute of limitations.

1

In October 2010, Plaintiff presented to a trauma center complaining of significant epigastric and abdominal pain. (Snider Aff. ¶ 6; Filing No. 15868, Operative Report). A CT scan revealed that "the long tines of the Tulip IVC filter had eroded through the inferior vena cava into the duodenum and head of the pancreas respectively." (Operative Report). Given his pain and the presence of a foreign body located outside his inferior vena cava, Plaintiff's doctor recommended that he undergo a surgery to remove portions of the filter that were causing him pain. (*Id.*). Based upon his doctor's recommendation, on March 3, 2011, Plaintiff had the tines surgically removed. (*Id.*). Plaintiff's doctor informed him "that the problems with the filter were just a medical problem that sometimes occurred with IVC filters." (Snider Aff., ¶ 6).

In mid to late 2016, Plaintiff was told by another doctor that his IVC filter may have had a manufacturing defect which caused his medical issues. (*Id.* ¶ 7). He conducted an investigation on whether the filter was defective and filed suit on October 10, 2017. (*Id.* ¶ 9).

## II.  Discussion

### A.  Product Liability Claims

As evident from a review of the Background Section, Plaintiff submitted an affidavit in response to the Cook Defendants' CMO-28/Rule 12(c) motion, which was filed as part of his response to the Cook Defendants' omnibus motion for summary judgment based on the statute of limitations in open removal cases.[2] And the Cook

---

[2] The court continued consideration of Plaintiff's case to a later date. (Filing No. 14000 at 2 (continuing 13 cases).

2

Defendants submitted Plaintiff's operative report, which Plaintiff submitted to Cook as part of his case categorization form.

"[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *188 LLC v. Trinity Indus. Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (quoting *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994)). With respect to documents submitted which are outside the pleadings, Rule 12(d) provides:

> If, on a motion under Rule 12(d) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Plaintiff's operative report is considered part of the pleadings, but his affidavit is not. Therefore, the court will convert the Cook Defendants' motion for judgment on the pleadings to a motion for summary judgment as to Plaintiff's product liability claims only. Formal notice that the court intends to convert this motion to one for summary judgment is not required, as Plaintiff presented the affidavit in his Response in Opposition and the parties referred to the affidavit during oral argument on March 13, 2021. *Fleischfresser v. Directors of School Dist., 200*, 15 F.3d 680, 684 (7th Cir. 1994) (stating a district court may convert a motion to dismiss to a motion for summary judgment where "both parties had every reason to know that extraneous material was being considered by the court"). The court now turns to the merits.

Under Ohio law, product liability claims alleging personal injury are governed by a two-year statute of limitations. Ohio Code § 2305.10(A). According to the Cook

3

Defendants, Plaintiff filed his claim six years and seven months too late. Plaintiff responds that his claim is saved by the Ohio discovery rule because he did not know his filter was defective until his doctor told him so in mid to late 2016.

Ohio's discovery rule provides that a cause of action does not accrue until a plaintiff either knows or reasonably should have known that (1) he or she was injured and (2) that his or her injury was proximately caused by defendant's conduct. *O'Stricker v. Jim Walter Corp.*, 447 N.E.2d 727, 730 (Ohio 1983); *see also Braxton v. Peerless Premier Appliances Co.*, No. 81855, 2003 WL 21291061, at *2 (Ohio Ct. App. June 5, 2003) ("The discovery rule concerns the situation where an injury is incurred but not discovered until later."). Two cases help guide the court's analysis: *Griffin v. Am. Med. Sys., Inc.*, 106 F.3d 400 (Table), 1997 WL 6131 (6th Cir. Jan. 7, 1997) and *Carter v. Medtronic, Inc.*

In *Griffin*, the plaintiff received a penile implant. 1997 WL 6131, at *1. Shortly after the surgery, problems arose due to excess hydraulic fluid in the prosthesis. *Id.* Two years later, he had the implant removed. *Id.* Although the doctor only told the plaintiff that "his problems were caused by too much fluid in the prosthesis," the court held that "[t]he removal of the prosthesis alerted [the plaintiff] that the prosthesis might be defective." *Id.* at *2. Thus, under the discovery rule, plaintiff knew or should have known that the prosthesis was defective when he had it removed. *Id.* The court of appeals therefore affirmed the district court's dismissal of his claim on statute of limitations grounds. *Id.*

In *Carter*, the plaintiff was implanted with a pain pump to alleviate her severe

4

back pain. 2020 WL 2319729, at *1.  She was later admitted to the hospital for drug withdrawal symptoms. *Id*.  Her doctor determined the rotors were not working and discussed another pump replacement. *Id.*  Three weeks later, she had the pain pump removed. *Id.* at *2.  The discharge record noted the pain pump was defective. *Id.*  The plaintiff argued that her claims were tolled until the explant procedure because her doctor did not inform her of the allegedly defective pump beforehand. *Id.* at *4.  The district court rejected the plaintiff's argument and held that her claim accrued before her explant procedure, as "the discovery rule generally applies in cases of latent injury and not in cases of possible latent defects." *Id.* at *4 (quoting *Baxley v. Harley-Davidson Motor Co.*, 875 N.E.2d 989, 991 (Ohio Ct. App. 2007)).

    This is not a case of latent injury where the discovery rule applies.  Plaintiff was on notice of his injury prior to his March 3, 2011 surgery.  He reported significant pain in his epigastric and abdominal region, and a CT scan revealed that the tines of his filter had penetrated his duodenum and pancreas.  Plaintiff was thus on notice of a potential claim, at the very latest, on the date of his surgery.  He did not file suit within two years of the removal surgery.  Therefore, his claims are barred by Ohio's two-year statute of limitations.

    **B.**    **Plaintiff's Remaining Claims**

    Plaintiff failed to develop any argument in support of his claims for breach of express warranty and consumer fraud claims either in his Response in Opposition or at oral argument.  His argument presented in his Response in Opposition consists of the following two sentences:

5

> Plaintiff presented sufficient evidence in his Complaint to establish express warranty and consumer protection claims. At this point of the proceedings the statements contained in Plaintiff's pleading contain the necessary factual allegations, 'which must be taken as true at this stage, to support the claim of an inherent defect.' *Albright v. Sherwin-Williams Co.*, No. 1:17 CV 2513, 2019 WL 5307068.

(Filing No. 15931, Resp. at 3). "As the Seventh Circuit has repeatedly stated, '[p]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.'" *Pine Top Receivables of Ill., LLC v. Banco de Seguros del Estado*, 2016 WL 3058339, at *9 (N.D. Ill. May 31, 2016) (quoting *Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010)); *see also Batson v. Live Nation Entm't, Inc.*, 746 F.3d 827, 833 (7th Cir. 2014) ("[A]s the district court found, the musical diversity argument was forfeited because it was perfunctory and underdeveloped.").

### III. Conclusion

Plaintiff's product liability claims, analyzed under the summary judgment standard of review, are time-barred, and Plaintiff's claims for breach of express warranty and consumer fraud are waived. Accordingly, the Cook Defendants' Motion for Judgment in Plaintiff's Case Pursuant to CMO-28 (Filing No. 15867) is **GRANTED**. Final judgment shall issue forthwith.

**SO ORDERED** this 19th day of April 2021.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.