UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND              Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION               MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Delvalle, Sacha, 1:18-cv-02347

_____

## COOK DEFENDANTS' MOTION FOR JUDGMENT
## IN PLAINTIFF SACHA DELVALLE'S CASE PURSUANT TO CMO-28

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges injury based on an inability to retrieve her IVC filter.[1]

1. Plaintiff's Name: Sacha Delvalle

2. Case Number: 1:18-cv-02347

3. Filing Location and Date: Filed in Southern District of Indiana on August 1, 2018

4. Plaintiff's Home State per Complaint: Michigan (Plaintiff's current residence, location of injury, and residence at the time of filter placement)

5. Applicable Choice of Law Rules: Michigan, *see* Dkt. 13539 (modifying equitable time period for application of home state choice-of-law rules to cases filed between May 31, 2017 and June 13, 2019).

6. Applicable Statutes of Limitations: Michigan (3 years), Mich. Comp. Laws Ann. § 600.5805(12) ("The period of limitations is 3 years for a product liability action.").

7. Filter Placement Date: April 11, 2007

---

[1] Cook Defendants note that Plaintiff's case is part of Cook's pending omnibus motion for summary judgment based on the statutes of limitations in five states. *See* Dkt. 11725-1 (no. 27 in list of cases).

8. <u>Latest Possible Date of Accrual</u>:  April 30, 2007 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting "Attempted removal of IVC filter, without success" and "The filter was significantly tilted posteriorly and the hook of the IVC filter against the wall of the IVC" on April 30, 2007).[2]

9. <u>Length of Time Between Claim Accrual and Filing</u>:  11 years, 3 months, 2 days

## BRIEF ARGUMENT

Plaintiff's personal injury claims are barred under Michigan law because the case was filed more than eight years after an unsuccessful attempt to remove the filter.[3]  *See supra*, ¶¶ 3, 8, 9.  The statute of limitations in Michigan is three years, with no general discovery rule.  *See Peter v. Stryker Orthopaedics, Inc.*, 581 F. Supp. 2d 813, 816 (E.D. Mich. 2008) ("On July 25, 2007, the Michigan Supreme Court held that this statutory definition of 'accrues' prohibits use of the common law 'discovery rule' in Michigan.") (citing *Trentadue v. Buckler Lawn Sprinkler*, 738 N.W.2d 664, 670 (Mich. 2007) (abrogating the common law discovery rule)).  As a result, a product liability claim accrues "at the time the wrong upon which the claim is based was done regardless of the time when damage results."  Mich. Comp. Laws Ann. § 600.5827.  Here, Plaintiff's claims accrued under Michigan law no later than April 30, 2007, when an attempt was

---

[2] The Court may consider categorization forms and supporting records on a motion for judgment on the pleadings as it has done with some prior motions.  *See, e.g.*, Dkts. 11311 at 2-4 (dismissing multiple Category 2 cases); 10588 (dismissing Category 1 cases).

[3] Plaintiff's personal injury claims would also be barred under Indiana's two-year statute of limitations.  The Court has ruled in this MDL that claims are time-barred under Indiana law where the filter was removed more than two years before commencement of the action.  *See* Dkt. 14428 (granting summary judgment in six time-barred open removal cases); *see also In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 352 (S.D.N.Y. 2014); *Neuhauser v. A.H. Robins Co.*, 573 F. Supp. 8, 9-10 (S.D. Ind. 1983) (both cases holding under Indiana law that the claim accrued upon removal of the device or earlier).  By necessary extension, Indiana law also bars claims based on a failed filter retrieval that are filed more than two years after an *attempted* retrieval.

made to remove the filter but was unsuccessful.[4]  By the time Plaintiff filed suit on August 1, 2018, her claims were time-barred by more than eight years.

Plaintiff's implied-warranty claim fails on the same ground.  Under Michigan law, product liability warranty claims are subject to the three-year statute of limitations discussed above.  *Stephenson v. C. R. Bard, Inc.*, 2018 WL 650213, at *3 (S.D. W. Va. Jan. 31, 2018) (applying Michigan law) ("Although breach of warranty claims are typically subject to a four-year statute of limitations ... when the breach is related to an underlying personal injury claim, the statute of limitations governing personal injury claims applies instead.").[5]

As to Plaintiff's express-warranty claim, the Court has concluded that is not adequately pleaded in the Master Complaint, and Plaintiff's Short-Form Complaint does not add any substantive facts to save that claim here.  *See* Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty).[6]  Thus, Plaintiff has failed to plead a viable express-warranty claim.  Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's claims with prejudice.

---

[4] To the extent Plaintiff may claim other complications or injuries, the statute of limitations bars those claims as well because they do not constitute new or separate claims under Michigan law. *Grimm v. Ford Motor Co.*, 403 N.W.2d 482, 485 (Mich. 1986) ("More damage may result later, but no new cause of action of limitation period arises.").

[5] Indiana follows the same rule.  *See B & B Paint Corp v. Shrock Mfg., Inc.*, 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).

[6] Plaintiff did not plead a state consumer protection claim.  *See* Plaintiff's Short-Form Complaint, ¶ 14.

Respectfully submitted,

Dated:  April 19, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2021, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF SACHA DELVALLE'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*