UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS   LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

White, Jerri, 1:18-cv-00101

### DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF JERRI WHITE'S CASE PURSUANT TO CMO-28

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges injury based on an inability to retrieve her IVC filter.[1]

1. Plaintiff's Name:  Jerri White[2]

2. Case Number:  1:18-cv-00101

3. Filing Location and Date:  Filed in S.D. of Indiana on January 12, 2018

4. Plaintiff's Home State per Complaint: Alabama (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. Applicable Choice of Law Rules:  Alabama, Dkt. 13539 (modifying equitable time period for application of home state choice-of-law rules to cases filed between May 31, 2017 and June 13, 2019).

---

[1] Cook notes that Plaintiff's case is part of Cook's pending omnibus motion for summary judgment based on the statute of limitations in five states.  See Dkt. 11725-1 (no. 11 in list of cases).

[2] Cook refers to Mrs. White as "Plaintiff" due to the singular language used in the structure of the Short Form Complaint.  Plaintiff's spouse, Jimmy White, is a Co-Plaintiff on a loss of consortium claim, and this motion seeks dismissal of his derivative claims as well.

6. <u>Applicable Statutes of Limitations</u>:   Alabama (2 years), Ala. Code § 6-2-38(l) ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years.").

7. <u>Filter Placement Date</u>:  October 5, 2010

8. <u>Latest Possible Date of Accrual</u>:  February 18, 2011 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting "For the next 45 to 60 minutes, numerous attempts to snare the tip of the IVC filter were performed with two or three different snares. … Attempts to guide a wire posteriorly to balloon the filter and perhaps adjust the orientation were unsuccessful and after exhaustion of all the above-noted procedures, we decided to abort the attempt" on February 18, 2011)[3]

9. <u>Length of Time Between Filter Placement and Filing</u>:  7 years, 3 month, 7 days

10. <u>Length of Time Between Claim Accrual and Filing</u>:  6 years, 10 months, 25 days

## BRIEF ARGUMENT

Plaintiff's personal injury claims are barred under Alabama law because the case was filed more than two years after an unsuccessful attempt to remove the filter.[4]  *See supra*, ¶¶ 3, 8, 10.  The statute of limitations in Alabama is two years, with no discovery rule.  *See Moon v. Harco Drugs, Inc.*, 435 So.2d 218, 220 (Ala. 1983) ("This Court has repeatedly held that a cause of action accrues when the injury occurs, and in so doing, this Court has refused to accept the so-called 'discovery rule.'"); *Payton v. Monsanto Co.*, 801 So. 2d 829, 835 (Ala. 2001) (same); *see also* Dkt. 15907 (granting summary judgment on fraudulent concealment allegations in master

---

[3] The Court may consider categorization forms and supporting records on a 12(c) motion as it has done with some prior motions.  *See* Dkts. 10588; 11311 at 2-4 (dismissing Category 1 and 2 cases);

[4] Plaintiff's personal injury claims would also be barred under Indiana's two-year statute of limitations. The Court has ruled in this MDL that claims are time-barred under Indiana law where the filter was removed more than two years before commencement of the action.  *See* Dkt. 14428 (granting summary judgment in six time-barred open removal cases); *see also In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 352 (S.D.N.Y. 2014); *Neuhauser v. A.H. Robins Co.*, 573 F. Supp. 8, 9-10 (S.D. Ind. 1983) (both cases holding under Indiana law that the claim accrued upon removal of the device or earlier). By necessary extension, Indiana law also bars claims based on a failed filter retrieval that are filed more than two years after an *attempted* retrieval.

complaint). Here, Plaintiff's claims accrued under Alabama law no later than February 18, 2011, when an attempt was made to remove the filter but was unsuccessful.[5] By the time Plaintiff filed suit on November 29, 2017, her claims were time-barred by almost five years.

Plaintiff's implied warranty claim is also time-barred because it is subject to a four-year statute of limitations from the date of delivery. *See* Ala. Code § 7-2-725(1). Plaintiff filed her action more than seven years after receiving her filter. *See supra*, ¶¶ 3, 7, 9.[6]

As to Plaintiff's consumer protection and express warranty claims, the Court has concluded that they are not adequately pled in the Master Complaint, and Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims here. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Thus, Plaintiff has failed to plead a viable state consumer protection claim with the particularity required by Rule 9 or a viable express warranty claim. Plaintiff's claim for punitive damages fails as derivative. Mr. White's loss of consortium claim fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's claims with prejudice.

---

[5] To the extent Plaintiff may claim other complications or injuries, the statute of limitations bars those claims as well because they do not constitute new or separate claims under Alabama law. *Home Ins. Co. v. Stuart-McCorkle, Inc.*, 291 Ala. 601, 608 (Ala. 1973) ("We have held that the statute begins to run whether or not the full amount of damages its apparent at the time of the first legal injury.").

[6] The implied warranty claim would be time-barred under Indiana law as well, because it would be subject to the two-year statute of limitations for personal injury actions. . *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  April 19, 2021 | /s/ *Jessica Benson Cox* |
|  | Jessica Benson Cox, Co-Lead Counsel |
|  | Andrea Roberts Pierson |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 300 North Meridian Street, Suite 2500 |
|  | Indianapolis, Indiana  46204 |
|  | Telephone:  (317) 237-0300 |
|  | Andrea.Pierson@FaegreDrinker.com |
|  | Jessica.Cox@FaegreDrinker.com |
|  |  |
|  | James Stephen Bennett, Co-Lead Counsel |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 110 West Berry Street, Suite 2400 |
|  | Fort Wayne, Indiana  46802 |
|  | Telephone:  (260) 424-8000 |
|  | Stephen.Bennett@FaegreDrinker.com |
|  |  |
|  | *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 19, 2021, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF JERRI WHITE'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*