UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND         Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION        MDL No. 2570

This Document Relates Only to the Following Cases:

Creese, Jane, 1:19-cv-02383

**DEFENDANTS' MOTION FOR JUDGMENT
IN PLAINTIFF JANE CREESE'S CASE PURSUANT TO CMO-28**

Under Federal Rule of Civil Procedure 12(c) and 56, and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges injury as a result of a fracture of her IVC filter and its subsequent removal.

1. <u>Plaintiff's Name</u>:  Jane L. Creese

2. <u>Case Number</u>:  1:19-cv-02383

3. <u>Filing Location and Date</u>:  Filed in S. D. of Indiana on June 13, 2019

4. <u>Plaintiff's Home State per Complaint</u>: West Virginia

5. <u>Applicable Choice of Law Rules</u>:  West Virginia (Plaintiff's home state in operative complaint); *see* Dkt. 13539 (modifying equitable time period for application of home-state choice-of-law rules to cases filed between May 31, 2017 and June 13, 2019).

6. <u>Applicable Statutes of Limitations</u>:  West Virginia law imposes a two-year statute of limitations. W. Va. Code Ann. § 55-2-12 ("Every personal action for which no limitation is otherwise prescribed shall be brought...within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries.").

7. <u>Filter Placement Date</u>:  May 9, 2011

8. <u>Latest Possible Date of Accrual</u>:  October 12, 2014 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting "[b]roken leg of IVC filter lodged in vertebra. Filter removed without evidence of thrombus or extravasation on completion venography and aortography" on October 12, 2012).

9. <u>Length of Time Between Claim Accrual and Filing</u>:  6 years, 8 months, 1 day

## BRIEF ARGUMENT

Plaintiff's personal injury claims are barred under West Virginia law because the case was filed more than two years after the filter was noted to have fractured and the filter was removed.[1] *See supra*, ¶¶ 3, 8-9.  A cause of action accrues, and thus the applicable limitations period begins to run, "when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury." *State ex rel. 3M Co. v. Hoke*, 852 S.E.2d 799, 807 (W. Va. 2020). In West Virginia, plaintiffs are "charged with knowledge of the factual, rather than the legal, basis for the action," and they need not know the full extent of injury for the limitations period to commence. *Carter v. PrimeCare Med.*, 2017 WL 9690372, at *6-7 (S.D. W. Va. Nov. 28, 2017) (internal quotes omitted). "Typically, a plaintiff will discover the existence of a cause

---

[1] Plaintiff contends that the United States District Court for the Northern District of West Virginia would be the proper venue absent direct filing. *See* Dkt. 1 at 2. In West Virginia, statutes of limitations are procedural, and thus West Virginia courts apply the forum state's limitations periods to foreign causes of action. *See Shelton v. Collins Career Ctr.*, 2020 WL 7232319, at *7 (S.D.W. Va. Dec. 8, 2020) ("The Supreme Court of Appeals of West Virginia has determined that statutes of limitations are procedural in nature, so that the applicable statute of the state where the trial is had is applied and governs.") (internal quotes omitted). Notwithstanding, "the substantive rights between the parties are determined by the law of the place of injury" for claims sounding in tort. *Id.*  "[C]laims based in contract are generally governed by the rule of *lex loci contractus*." *Id.* Based on Plaintiff's complaint, Pennsylvania law appears to govern her substantive claims. Plaintiff alleges her filter was implanted in Pennsylvania (Dkt. 1 at 3), and the medical records attached to her categorization form show her fracture diagnosis occurred there as well. *See* **Exhibit A** at 1. Logically, any warranty would have been given in Pennsylvania because that is where Plaintiff's filter was sold. In sum, Plaintiff's submissions suggest that the relevant conduct giving rise to the instant dispute occurred in Pennsylvania, and the Court may therefore assume for the sake of this motion that Pennsylvania's substantive law applies to this case.

action, and the statute of limitations will begin to run, at the same time that the actionable conduct occurs." *Id.* at *6 (quoting *Dunn v. Rockwell*, 689 S.Ed.2d 255, 265 (W. Va. 2009)) (internal quotes omitted). In a case like this, where the claim is premised on a filter fracture and removal, a plaintiff necessarily knows of the existence of a harm and the causal link to another's conduct at the time the fracture is identified through medical treatment and when the filter is removed. Here, the fracture was identified and the filter removed on the same date, over six years before Plaintiff filed his case. As a result, Plaintiff's personal injury claims are time-barred under West Virginia law.

Plaintiff's implied-warranty claim fails because Pennsylvania law bars such claims for medical devices. *Soufflas v. Zimmer, Inc.*, 474 F. Supp. 2d 737, 752 (E.D. Pa. 2007) (finding implied warranties "inapplicable to prescription medical devices in Pennsylvania"). But even if it did not, under West Virginia law, implied warranty claims are barred four years after the breach occurs, "regardless of the aggrieved party's lack of knowledge of the breach." W. Va. Code Ann. § 46-2-725 (1), (2). Here, Plaintiff did not file her case until almost a decade after the filter was placed (*i.e.*, the latest possible date of sale). As a result, Plaintiff's implied warranty claim, even if recognized, would still be time-barred under West Virginia law. *See* supra ¶ 9; *see also Howard v. United Fuel Gas Co.*, 248 F. Supp. 527, 532 (S.D. W. Va. 1965) (holding a claim for breach of implied warranty accrues at the time of sale).

As to Plaintiff's consumer-protection and express-warranty claims, the Court has concluded that those claims are not adequately pled. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Likewise here, Plaintiff has failed to plead a viable state consumer protection claim with the particularity required by Federal Rule 9 or a viable express-

warranty claim under applicable state law. Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss all of Plaintiff's claims with prejudice.

Respectfully submitted,

Dated:  April 20, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2021, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF JANE CREESE'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*