UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Bennett, Zachary, 1:18-cv-01148

**DEFENDANTS' MOTION FOR JUDGMENT IN**
**PLAINTIFF ZACHARY BENNETT'S CASE PURSUANT TO CMO-28**

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges injury as a result of a fracture of his IVC filter.[1]

1. Plaintiff's Name:  Zachary Bennett

2. Case Number:  1:18-cv-01148

3. Case Origin:  Filed in Southern District of Indiana on April 16, 2018

4. Plaintiff's Home State per Complaint: Virginia (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. Applicable Choice of Law Rules:  Virginia, *see* Dkt. 13539 (finding Indiana choice-of-law rules apply to all claims in MDL originally filed in the S.D. of Indiana except those filed between May 31, 2017 and June 13, 2019).

6. Applicable Statute of Limitations:  Virginia (2 years), Va. Code Ann. § 8.01-243(A) ("[E]very action for personal injuries…shall be brought within two years after the cause of action accrues.").

7. Filter Placement Date:  September 18, 2009

---

[1] Cook notes that Plaintiff's case is part of Cook's pending omnibus motion for summary judgment based on the statutes of limitations in five states. *See* Dkt. 11725-1 (no. 118 in list of cases).

8. <u>Latest Possible Date of Accrual</u>:  January 6, 2017 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting "embolized thin linear metallic foreign body within a subsegmental pulmonary arterial branch" and "the interior/distal portions of 2 of the anterior IVC filter limbs penetrate through the anterior wall of the IVC.").[2]

9. <u>Length of Time Between Claim Accrual and Filing</u>: 7 years, 5 months, 22 days

### BRIEF ARGUMENT

Plaintiff's personal injury claims are barred under Virginia law[3] because the case was filed more than two years after his filter was first noted to be fractured. *See supra*, ¶¶ 3, 8-9.  Under Virginia law, a filter fracture and perforation starts the statute of limitations period running. *See Wade v. Danek Med., Inc.*, 182 F.3d 281, 285 (4th Cir. 1999) ("In Virginia, an injury is deemed to occur, and the statute of limitations period begins to run, whenever any injury, however slight, is caused by the negligent act, even though additional or more severe injury or damage may be subsequently sustained as a result of the negligent act.") (internal quotes omitted).

Virginia's discovery rule does not apply here because Plaintiff's claims accrued before the rule was adopted on July 1, 2016, and the rule does not apply retroactively.  *See* Va. Acts ch. 353 (statutory amendment); Va. Code § 1-214 (effective date regulations); *Riddett v. Va. Elec & Power Co.*, 495 S.E.2d 819, 822 (Va. 1998) ("[A]mendments to statutes of limitation are presumed to be prospective and not retroactive in their operation, in the absence of clear legislative intent to the contrary."). However, even assuming the rule applied (which it does not), Plaintiff's claims would still be untimely. Virginia's discovery rule looks only to "when the person knew or should have

---

[2] The Court may consider categorization forms and supporting records on a 12(c) motion as it has done with some prior motions.  *See* Dkts. 10588; 11311 at 2-4 (dismissing Category 1 and 2 cases).

[3] Plaintiff's personal injury claims would also be barred under Indiana law because a plaintiff in a case like this "knows or should know" of the existence of an injury and the causal link to the filter when the fracture is identified through medical treatment.  *See In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 352 (S.D.N.Y. 2014) (granting summary judgment on statute of limitations grounds under Indiana law in a case involving a perforated and migrated IUD).

known of the injury and its causal connection to the device." Va. Code Ann. § 8.01-249 (9)."  In a case like this, where the Plaintiff claims injury based on filter fracture, a plaintiff necessarily "knows or should know" through medical treatment of the existence of an injury and the causal link to the filter at the time the fracture is noted. *See Wade*, 182 F.3d at 285; *see also Flick v. Wyeth LLC*, 2012 WL 4458181, at *2 (W.D. Va. June 6, 2012) (holding "Plaintiff's date of diagnosis is when a reasonable person exercising due diligence would have known of the basis of her claim").

Plaintiff's implied warranty claim also fails on the same ground.  Under Virginia law, warranty claims are subject to the two-year statute of limitations discussed above.  *See* Va. Code Ann. § 8.01-246 (providing that the [UCC] section shall be controlling except that in product liability actions for injury . . . the limitation prescribed in § 8.01-243 shall apply.").

As to Plaintiff's consumer-protection and express-warranty claims, the Court has concluded that these claims are not adequately pled in the Master Complaint, and Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims here.  *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty).  Thus, Plaintiff has failed to plead a viable state consumer-protection claim with the particularity required by Rule 9 or a viable express-warranty claim.  Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

                                                  Respectfully submitted,

Dated:  April 20, 2021                       /s/ *Andrea Roberts Pierson*
                                                    Jessica Benson Cox, Co-Lead Counsel
                                                    Andrea Roberts Pierson
                                                    FAEGRE DRINKER BIDDLE & REATH LLP
                                                    300 North Meridian Street, Suite 2500

Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2021, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF ZACHARY BENNETT'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

*/s/ Andrea Roberts Pierson*
