IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates only to the following case:

Michael Mayock, 1:17-cv-04544

**PLAINTIFF MICHAEL MAYOCK'S RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON PLAINTIFF MICHAEL MAYOCK'S CASE PURSUANT TO CMO-28**

COMES NOW, Plaintiff Michael Mayock ("Plaintiff"), who by and through the undersigned counsel, hereby submit this Response in Opposition to the Cook Defendants ("Defendants") Motion for Judgment on Plaintiff Michael Mayock's Case Pursuant to CMO-28, and states the following:

**I.     INTRODUCTION**

On December 12, 2011, Plaintiff Michael Mayock was implanted with Defendants' Cook Celect IVC filter at Geisinger Medical Center in Danville, Pennsylvania. *See* Plaintiff's Third Amended Complaint, [Doc. No. 16395], at ¶¶ 10-12. On December 12, 2017, Plaintiff filed his original Complaint in this MDL. *See generally* Plaintiff's Complaint [Doc. No. 1].

On October 26, 2020, this Court entered CMO-28. *See generally* [Doc. No. 14601]. On March 15, 2021, Defendants filed their Motion for Judgment on Plaintiff Michael Mayock's Case Pursuant to CMO-28. *See generally* [Doc. No. 16217]. On March 24, 2021, Plaintiff filed his Third Amended Complaint ("TAC") in response to Defendants' Motion for Judgment, which included allegations that Plaintiff and his implanting physician relied on the Defendants' fraudulent concealment when deciding to implant the Cook Celect filter. *See generally* [Docs. No. 16395 and

1

16547]. The filing of Plaintiff's TAC rendered Defendants' March 15, 2021 Motion for Judgment moot. On April 16, 2021, Defendants filed their present Motion for Judgment, to which Plaintiff now responds.

## II.   ARGUMENT

### A.   Legal standard

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Rule 12(c) motions are reviewed "under the same standard as a motion to dismiss under Rule 12(b)" and "[l]ike Rule 12(b) motions, courts grant a Rule 12(c) motion only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief'". *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). "Thus to succeed, the moving party must demonstrate that there are no material issues of fact to be resolved". *Id.* "Rule 12(c) permits a judgment based on the pleadings alone". *Id*.

### B.   Rule 15(a) allows for the liberal amendment of pleadings.

"Rule 15(a) states that leave to amend a complaint 'shall be freely given when justice so requires.'" *North Eastern Min. Co. v. Dorothy Coal Sales, Inc*., 108 F.R.D. 657, 559 (S.D. Ind. 1985). "The United States Supreme Court has indicated that the liberal amendment policy in Rule 15(a) is 'a mandate to be heeded'". *Id*. citing *Foman v. Davis,* 371 U.S. 178, 186 (1962). "Moreover, the Seventh Circuit has adopted a liberal policy respecting amendments to pleadings to that cases may be decided on the merits and not on the basis of technicalities." *Id*. "The standards for denying allowance of such a late amendment are that the opposing party will suffer undue prejudice by such allowance or that the delay has been 'undue'". *Id*.

In the present action, Defendants filed their Motion for Judgment on Plaintiff Michael

Mayock's Case Pursuant to CMO-28 on March 15, 2021 in which Defendants argued, among other things, that Plaintiff's claims were time barred under Pennsylvania law and that Plaintiff's consumer protection and express warranty claims were not adequately pled. *See* [Doc. No. 16217], at ¶¶ 2-3.  On March 24, 2021, Plaintiff filed his TAC in response to the arguments in Defendants' March 15, 2021 Motion for Judgment, in which Plaintiff alleged that he and his implanting physician relied on the Defendants' fraudulent concealment when deciding to implant the Cook Celect filter.  *See generally* [Docs. No. 16395 and 16547].  Plaintiff responded to Defendants' Motion for Judgement by curing deficiencies in his Second Amended Complaint and filing his TAC, which is appropriate under Fed. R. Civ. P. 15(a)(b).  Therefore, Plaintiff has properly responded to Defendant's March 15, 2021 Motion for Judgement.

  **C.**  **Plaintiff's TAC sufficiently pleads fraudulent concealment under Pennsylvania law to toll the running of the statute of limitations, therefore Plaintiff's claims are not time-barred.**

"[T]the doctrine of fraudulent concealment serves to toll the running of the statute of limitations." *Fine v. Checcio*, 870 A.2d 850, 860 (Pa. 2005).  "The doctrine is based on a theory of estoppel, and provides that the defendant may not invoke the statute of limitations, if through fraud or concealment, he causes the plaintiff to relax his vigilance or deviate from his right of inquiry into the facts." *Id*.  "The doctrine does not require fraud in the strictest sense encompassing an intent to deceive, but rather, fraud in the broadest sense, which includes an unintentional deception". *Id*.  "For the doctrine of fraudulent concealment to be applicable, "[a] defendant must have committed some affirmative independent act of concealment upon which [a] plaintiff[ ] justifiably relied." *Krapf v. St. Luke's Hospital*, 4 A.3d 642, 650 (Pa. 2010).  "[E]ven unintentional concealment is sufficient to invoke the fraudulent concealment doctrine". *Id*.  "[A] statute of limitations that is tolled by virtue of fraudulent concealment begins to run when the injured party knows or reasonably should know of his injury and its cause." *Fine*, 870 A.2d at 861.

In the present action, Plaintiff sufficiently pleads fraudulent concealment in his TAC filed under seal, including allegations that Defendants' fraudulently concealed the risks and defects of the Cook Celect IVC filter implanted in Plaintiff, perpetuated misinformation regarding the Cook Celect IVC filter, Plaintiff and his implanting physician relied on the Defendants' fraudulent concealment when deciding to implant the Cook Celect filter, and this resulted in injury to Plaintiff. *See generally* [Doc. No. 16547], at ¶¶ 1-44.  Moreover, it is a question of fact that must be resolved as to when Plaintiff knew or reasonably should have known of his "injury and its cause" to commence the running of the statute of limitations in the face of Defendants' fraudulent concealment.  *See Fine*, 870 A.2d at 861.  Therefore, Plaintiff's claims should not be time-barred considering that Plaintiff's TAC sufficiently pleads fraudulent concealment to toll the running of the statute of limitations.

### D. Pennsylvania recognizes the discovery rule, therefore Plaintiff's personal injury claims are not time-barred.

"In certain cases involving latent injury, and/or instances in which the causal connection between an injury and another's conduct is not apparent, the discovery rule may operate to toll the statute of limitations until the plaintiff discovers, or reasonably should discover, that she has been injured and that her injury has been caused by another party's conduct."  *Wilson v. El-Daief*, 964 A.2d 354, 361-62 (Pa. 2009).  "[T]he plaintiff's awareness of the injury and its cause is fact intensive, and therefore, ordinarily is a question for a jury to decide."  *Id*. at 362.

In the present action, "plaintiff's awareness of the injury and its cause" is a question of fact which has yet to be resolved; therefore, Plaintiff's claims should not be time-barred and judgment at this time is not appropriate.

### E. Plaintiff's TAC sufficiently pleads with particularity consumer protection and express warranty claims as required by Rule 9(b).

Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") "has the

4

purpose of protecting the public from unfair or deceptive business practices and provides for a private right of action". *Kirwin v. Sussman Automotive*, 149 A.3d 333, 336 (Pa. Super. Ct. 2016). The right to pursue an action is:

> Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater.

*Id*. quoting 73 P.S. § 201-9.2.  The deceptive conduct required by the UTPCPL "ordinarily can only take one of two forms, either fraudulent or negligent" and requires "justifiable reliance". *Id.*

> Under Pennsylvania's Commercial Code, Section 2-313:
>
> Express warranties by the seller are created as follows:
>
> (a) any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
>
> (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

*Goodman v. PPG Industries, Inc.*, 849 A.2d 1239, 1243 (Pa. Super. Ct. 2004) quoting 13 Pa.C.S.A. § 2313.

The Seventh Circuit has "noted on a number of occasions that the particularity requirement of Rule 9(b) must be relaxed where the plaintiff lacks access to all facts necessary to detail his claim, and that is most likely to be the case where, as here, the plaintiff alleges a fraud against one or more third parties." *Corley v. Rosewood Care Center, Inc.*, 142 F.3d 1041, 1051 (7th Cir. 1998). In fact, this Court has found that when alleging fraud "the particularity requirement is relaxed when the 'requisite information was within the defendant's exclusive knowledge.'" *Lautzenhiser v. Colopalast A/S,* No. 4:11-cv-86-RLY-WGH, 2012 WL 4530804, at *7 (S.D. Ind. Sept. 29, 2012).

Even if the particularity requirement is not relaxed, Plaintiff sufficiently pleads, with

5

particularity as required by Fed. R. Civ. 9(b), facts that satisfy the UTPCPL and breach of express warranty claims under Pennsylvania law, including allegations that Defendants' fraudulently concealed the risks and defects associated with the Cook Celect IVC filter implanted in Plaintiff [this information being clearly "within the defendant's exclusive knowledge"], perpetuated misinformation regarding the Cook Celect IVC filter, Plaintiff and his implanting physician relied on the Defendants' fraudulent concealment when deciding to implant the Cook Celect filter, and this resulted in injury to Plaintiff.  *See generally* [Doc. No. 16547], at ¶¶ 1-44.  Therefore, Plaintiff's TAC sufficiently pleads consumer protection and express warranty claims.

### III.    CONCLUSION

WHEREFORE, Defendants' Motion for Judgment on Plaintiff Michael Mayock's Case Pursuant to CMO-28 should be denied, and if the Court finds that Plaintiff's Third Amended Complaint is deficient, Plaintiff respectfully requests leave to file his Fourth Amended Complaint, and for such further relief that is reasonable and just.

Dated:  April 22, 2021

**FLINT LAW FIRM, LLC**
*/s/ Laci M. Whitley*
Laci M. Whitley IL Bar No. 6314263
**FLINT LAW FIRM, LLC**
222 East Park Street, Suite 500
P.O. Box 189
Edwardsville, IL 62025
Phone: (618) 288-4777
Fax: (618) 288-2864
lwhitley@flintlaw.com
***Attorney for Plaintiff***

## CERTIFICATE OF SERVICE

I, Laci M. Whitley, certify that on April 22, 2021 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this action.

*s/Laci M. Whitley*
*COUNSEL FOR PLAINTIFF*
