UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND TAB PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-MDL No. 2570 |

This Document Relates to the Following Case:

Jane L. Creese, 1:19-cv-02383

## PLAINTIFF'S RESPONSE TO THE COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

On April 20, 2021, defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe APS (collectively "the Cook Defendants") moved for judgment on the pleadings dismissing Plaintiff Jane L. Creese's complaint as barred by the West Virginia statute of limitations. Dkt. # 18048. Because West Virginia applies the discovery rule in products-liability actions, at best Defendants' motion raises a fact issue as to when Ms. Creese became aware of the potential liability of the Cook Defendants for her medical complications. Therefore, the motion for judgment on the pleadings should be denied.

Under West Virginia law, personal-injury claims are subject to a two year statute of limitations. W. Va. Code § 55-2-12(b). However, this limitations period is also subject to a discovery rule. *See Dunn v. Rockwell*, 689 S.E.2d 255, 262 (W. Va. 2009) ("[I]n 1992 we had abandoned our case-by-case extension, and held that the discovery rule is generally applicable to all torts, unless there is a clear statutory prohibition of its application." (Quotation omitted)).

The West Virginia Supreme Court of Appeals laid out a five-step process to determine whether a claim is time-barred. Crucially, as noted by the Court, "[o]nly the first step is purely a question of law; the resolution of steps two through five will generally involve questions of material fact that will need to be resolved by the trier of fact." *Id*. at 265. The requisite analysis involves the following steps:

> First, the court should identify the applicable statute of limitation for each cause of action. Second, the court (or, if material questions of fact exist, the jury) should identify when the requisite elements of the cause of action occurred. Third, the discovery rule should be applied to determine when the statute of limitation began to run by determining when the plaintiff knew, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action . . . Fourth, if the plaintiff is not entitled to the benefit of the discovery rule, then determine whether the defendant fraudulently concealed facts which prevented the plaintiff from discovering or pursuing the potential cause of action, . . . [if proven, then] the statute of limitation is tolled. And fifth, the court or the jury should determine if the statute of limitation period was arrested by some other tolling doctrine.

*Id*. Again, as stated above, only the first step—identification of the applicable limitation statute—is a pure question of law for the court.

Here, there is no dispute that W. Va. Code § 55-2-12 is the operative statute of limitation. As stated by the West Virginia Court of Appeals in *Dunn*, this ends the legal analysis and the question of the applicability of the discovery rule becomes a factual issue for the jury. At a minimum, the Cook Defendants attempt to present the matter as one devoid of a dispute of material fact makes this an issue for resolution on a motion for summary judgment following the completion of discovery, not for resolution on a motion for judgment on the pleadings as a question of law.

The Cook Defendants turn to matters outside the pleadings, namely, one medical record presented without context, as somehow presenting conclusive proof of when Ms. Creese became aware of the *legal* basis for her claim against Defendants. In total, the document relied on by Defendants states: "Broken leg of IVC filter lodged in vertebra. Filter removed without evidence

of thrombus or extravasation on completion venography and aortography." Dkt. # 18049 at 3.

Under West Virginia's discovery rule, a claim accrues when a plaintiff knows or should know "(1) that the plaintiff has been injured, (2) the identify of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury." Dunn, 689 S.E.2d at 265. While the medical record does provide that Ms. Creese was injured, it provides no information regarding the other two elements of claim accrual under the discovery rule. It does not speak to Ms. Creese's awareness of who manufactured the IVC filter which injured her, and it does not speak to her awareness of how the manufacturer of the IVC filter may have violated a duty of care it owed her. This is why, as stated by the West Virginia Supreme Court of Appeals, applicability of the discovery rule is a question of fact, not law.

Because the evidence presented by the Cook Defendants in support of their motion for judgment on the pleadings is insufficient to negate the operation of the discovery rule as a matter of law, the Court should deny the motion. This is precisely why under the Federal Rules of Civil Procedure, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Unilateral resolution of a factual question on insufficient evidence—which is what the Cook Defendants ask this court to do—is precisely what the rule for judgment on the pleadings was designed to protect against.

        Respectfully Submitted,

        */s/ Steve Schulte*

**Steve Schulte**
Texas Bar No. 24051306
schulte@fnlawfirm.com
Darren Patrick McDowell
Texas Bar No. 24025520
dmcdowell@fnlawfirm.com
**FEARS NACHAWATI, PLLC**
5473 Blair Road
Dallas, Texas
Tel. (214) 890-0711
Fax (214) 890-0712

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 28th, 2021 a true and correct copy of *Plaintiffs' Response to Cook Defendants' Omnibus Motion for Judgment on the Pleadings Based on Statute of Repose in Texas and Tennessee* was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF counsel of record.

Dated: April 28, 2021

                                                    Respectfully Submitted,

                                                    */s/ Steve Schulte*
                                                    **Steve Schulte**