UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND TAB PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-<br>MDL No. 2570 |

This Document Relates to the Following Case:

Sonia Christine Irizarry, 1:21-cv-00654

**PLAINTIFF'S RESPONSE TO THE COOK DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS**

On April 16, 2021, defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe APS (collectively "the Cook Defendants") moved for judgment on the pleadings dismissing Plaintiff Sonia Christine Irizarry's complaint as barred by the Texas statute of repose. Dkt. # 17961. Because the existence of a warranty regarding the expected life of a product is a distinct legal issue from a claim for breach of an express warranty, Defendants' motion for judgment on the pleadings should be denied.

This court has previously addressed this issue when it granted the Cook Defendants judgment on the pleadings dismissing plaintiff Emilie Apple's product liability claim pursuant to the Texas statute of repose. Dkt. # 4918 at p. 15. With the utmost respect, it is Ms. Irizarry's position that the Court applied the incorrect legal standard when it dismissed Ms. Apple's claim, and for the same reason, judgment on the pleadings should be denied in the present matter.

As previously addressed by this Court, Texas imposes a 15 year statute of repose on

products-liability actions. Tex. Civ. Prac. & Rem. Code § 16.012(b). An exception to this statute exists for products warranted in writing to last longer than 15 years. "If a manufacturer or seller expressly warrants in writing that the product has a useful safe life of longer than 15 years, a claimant must commence a products liability action against that manufacturer or seller of the product before the end of the number of years warranted after the date of the sale of the product by that seller." *Id.*(c). Because Cook expressly warranted in writing that the Gunther Tulip Vena Cava Filter has a useful safe life of the patient's lifetime, the exception in section 16.012(c) applies and the action is not untimely. Ex. 1 at p.6, previously filed as Dkt. #4440-3 in case 1:14-ml-02570-RLY-TAB.

In rejecting the similar argument advanced by plaintiff Emilie Apple, the Court applied the elements for a claim of breach of express warranty, but that is not what is at issue here. Dkt. # 4918 at p. 14. Ms. Irizarry does not assert that the action is timely because the Cook Defendants breached an express warranty, she maintains that the action is timely because the exception in section 16.012(c) applies. In previously holding that the exception does not apply, the Court relied on *Morris v. Adolph Coors Co.*, but that case did not involve a statue of repose. 735 S.W.2d 578 (Tex. App. Fort Wirth 1987). While *Morris* does accurately set forth the elements of a claim of breach of an express warranty, those elements are not pertinent to Defendants' motion for judgment on the pleadings regarding the statute of repose.

This Court declined to apply the exception in section 16.012(c) to Emilie Apple's claim because she could not prove reliance on the warranty, but that is only germane to a claim for *breach*. Dkt. # 4918 at p. 15. This makes sense from a policy perspective. A claim for breach of warranty is only actionable if the defendant breached a material condition of the contract on which the plaintiff relied, otherwise every technical instance of breach would subject a contracting party

2

to liability.

Here, the claim is not that the Cook Defendants breached a material condition of an agreement with Ms. Sanchez-Hughes, but rather that the 15 year Texas statute of repose should not apply because the Cook Defendants represented in writing that the Gunther Tulip Filter had a "useful safe life" of the life of the patient, therefore subjecting the defendants to a longer period of (un)repose as provided for by section 16.012(c). Again, this makes sense from a policy perspective. Materiality or reliance are not relevant to statutes of repose. The issue is, if by the manufacturer's own representation their product is intended to last longer than 15 years, it would not make sense to cut off a plaintiff's claim for injuries caused before the product had run its intended safe lifespan.

Instead of turning to the law of express warranties, the Court should apply the ordinary plain language of the statute. *Tex. Dept. of Protective and Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 177 (Tex. 2004) ("If the statutory text is unambiguous, a court must adopt the interpretation supported by the statute's plain language.") The language in Cook's patient guide is both "express" (as in directly stated, not implied) and a warranty ("to declare or maintain with certainty"[1]). According to the written patient guide, "The Gunther Tulip Vena Cava Filter is often used as a ***permanently implanted*** device . . . Remember, the Gunther Tulip Vena Cava Filter is ***safe and effective*** as either a ***permanent*** or temporary device." Ex. 1 at p.6 (emphasis added).

Because Cook expressly warranted in writing that the Gunther Tulip Filter implanted in Ms. Irizarry[2] has a useful safe life of her lifetime, the exception to the Texas statute of repose set forth in section 16.012(c) applies, and Defendants' motion for judgment on the pleadings should be denied.

---

[1] Mirriam-Websters online dictionary available at https://www.merriam-webster.com/dictionary/warrant
[2] Short Form Compl. ¶ 10, Case 1-21-cv-00654-RLY-TAB Dkt. # 1.

3

Respectfully Submitted,

*/s/ Steve Schulte*

**Steve Schulte**
Texas Bar No. 24051306
schulte@fnlawfirm.com
Darren Patrick McDowell
Texas Bar No. 24025520
dmcdowell@fnlawfirm.com
**FEARS NACHAWATI, PLLC**
5473 Blair Road
Dallas, Texas
Tel. (214) 890-0711
Fax (214) 890-0712

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 28th, 2021 a true and correct copy of *Plaintiffs' Response to Cook Defendants' Omnibus Motion for Judgment on the Pleadings Based on Statute of Repose in Texas and Tennessee* was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF counsel of record.

Dated: April 28, 2021

                                                Respectfully Submitted,

                                                */s/ Steve Schulte*
                                                **Steve Schulte**