UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Case:

Zachary Bennett, 1:18-cv-01148

**PLAINTIFF'S RESPONSE TO THE COOK DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS**

On April 20, 2021, defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe APS (collectively "the Cook Defendants") moved for judgment on the pleadings dismissing Plaintiff Zachary Bennett's complaint as barred by the Virginia statute of limitations. Dkt. # 18050. Because the Virginia discovery rule applies, and because a dispute of fact exists as to when Mr. Bennett became aware of the causal connection to the Cook Defendants' device, the motion for judgment on the pleadings should be denied.

Under Virginia law, "*unless otherwise provided in this section or by other statute*, every action for personal injuries, whatever the theory of recovery . . . shall be brought within two years after the cause of action accrues." Va. Code § 8.01-243 (emphasis added). A cause of action accrues "[i]n products liability actions . . . for injury to the person resulting from or arising as a result of the implantation of any medical device, when the person knew or should have known of the injury *and its causal connection to the device*." Va. Code § 8.01-249(9) (emphasis added).

Defendants assert that the discovery rule set forth in section 8.01-249(9) does not apply to the present action because the effective date of the amendment post-dated Mr. Bennett's injury, citing *Riddett v. Virginia Elec. And Power Co.*, but *Riddett* is inapplicable to the present matter. 495 S.E.2d 819 (Va. 1998). *Riddett* involved amendments to the procedures for nonsuits in a wrongful death action, which have no bearing on when a cause of action accrues under a discovery rule. *Id.* at 819.

In *Riddett*, the decedent died in 1987, the suit was commenced in 1989, the tolling provision for nonsuits was amended in 1991, the original action was nonsuited in January of 1995 and then recommenced in June of 1995, and was then dismissed as untimely in accordance with the tolling provision in place when the action was originally commenced in 1989. *Id.* at 820. The Virginia Supreme Court upheld the dismissal on the basis that because "the wrongful death statutes inextricably bind the remedy to the right of recovery, the rights of the plaintiff and defendant under the statutes became fixed at the time the cause of action accrued and subsequent amendments do not apply retroactively." *Id.* at 822. That reasoning is inapplicable to the present action.

Unlike *Riddett*, this case involves the application of a discovery rule, not a nonsuit tolling provision. Under the Virginia discovery rule for mesothelioma,[1] "the question . . . [of] when was a plaintiff hurt by exposure to asbestos, was no longer relevant to determining the accrual date of the particular cause of action. Instead, the cause of action accrued, and thus the statute of limitations began to run, when a physician first communicated a diagnosis of one of the specified diseases . . . to a plaintiff." *Kiser v. A.W. Chesterton Co.*, 736 S.E. 2d 910, 915 (Va. 2013). The amendment to the tolling provision in *Riddett* did not apply because the case was governed by the law in place at time when the action was deemed to have accrued. The converse is true here. The

---

[1] Plaintiff could not locate a Virginia case construing the discovery rule for products liability, so an analogue from the same statutory section is provided.

2

enactment of the discovery rule altered the meaning of when Mr. Bennett's cause of action accrued, which is precisely what is at controversy in the present motion.

Mr. Bennett's product-liability claim did not accrue until he knew or should have known of his injury "and its causal connection to the device." Va. Code § 8.01-249(9). Defendants assert that the latest his claim could have accrued was January 6, 2017. Dkt. # 18050 at p.2. Presumably this is a drafting error, because if that is the case the action is timely even under Defendants' theory of the case. It appears Defendants meant to assert that the latest the claim accrued was January 6, 2015, the date of a medical exam, but that is not what the Virginia discovery rule provides.

Defendants cite to Plaintiff's medical records, which provide that there was an "embolized thin linear metallic foreign body within a subsegmental pulmonary arterial branch of the lateral segment of the right middle lobe." Dkt. # 18052 at 4. This information does not establish the specific injury upon which this suit was based, and more importantly, when the link between these findings, Plaintiff's complained of injury, and Defendants' specific medical device was communicated to Mr. Bennett, or when he reasonably should have been aware of the connection.

At the very least, a dispute of material fact exists as to when Plaintiff became aware of the causal connection to Defendants' specific device, which makes judgment on the pleadings inappropriate. As stated in the context of fraud, when a plaintiff knew or should have known of the accrual of their cause of action "is a question of fact not measured by any absolute standard, but depending on the relevant facts of the special case." *McPike v. Zero-Gravity Holdings, Inc.*, 280 F. Supp. 3d 800, 807 (E.D. Va. 2017). Therefore, Defendants' motion for judgment on the pleadings should be denied.

3

Respectfully Submitted,

*/s/ Kelly Chermack*
**Kelly Chermack**
Texas Bar No. 24121361
kchermack@fnlawfirm.com
Steve Schulte
Texas Bar No. 24051306
schulte@fnlawfirm.com
Darren Patrick McDowell
Texas Bar No. 24025520
dmcdowell@fnlawfirm.com
**FEARS NACHAWATI, PLLC**
5473 Blair Road
Dallas, Texas
Tel. (214) 890-0711
Fax (214) 890-0712

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 28th, 2021 a true and correct copy of *Plaintiffs' Response to Cook Defendants' Omnibus Motion for Judgment on the Pleadings Based on Statute of Repose in Texas and Tennessee* was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF counsel of record.

Dated: April 28, 2021

                                          Respectfully Submitted,

                                          */s/ Kelly Chermack*
                                          **Kelly Chermack**