UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

*Allysha Ramon*, **1:2016-cv-01046**

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
### FOR SUMMARY JUDGMENT PURSUANT TO CMO 28

Comes now the Plaintiff in the above styled civil action and submits this response in opposition to Defendants' motion for summary judgment pursuant to CMO 28 (Doc. 17975). Plaintiff respectfully requests this Court deny Cook Incorporated, Cook Medical, LLC, and William Cook Europe ApS (hereinafter "Cook" or "Defendants") motion for the reasons set forth below.

### INTRODUCTION

Cook has again moved for summary judgment based on the Plaintiff's claims being time barred. Plaintiff has previously briefed the issue (*See* Doc. 68) in her opposition to Defendants' Omnibus motion (*See* Doc. 11725-1). Plaintiff adopts and incorporates by reference all the arguments previously asserted and exhibits previously submitted in addition to all materials submitted by the plaintiff related to this issue. As set forth in the previous briefing, Defendants' Motion should be denied because: (1) Plaintiff's claims are not time barred under applicable law, here, Texas law; (2) Plaintiff's claims are not time barred because the Cook Defendants concealed the defectiveness of the IVC filter and its risks; and (3) Plaintiff's claims are not time barred pursuant to the application of the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code § 17.41 et seq.

## BRIEF ARGUMENT

### I.        Texas Law Applies in the MDL Transferee Court

An MDL transferee court applies the law including choice-of-law rules of the state where the case originated. *Miles v. Biomet Orthopedics, LLC,* No. 3:14-CV-1983 RLM-MGG, 2017 WL 1133666, at *5 (N.D. Ind. Mar. 26, 2017). "[T]he prevailing rule in this situation is that in a case that was directly filed in the MDL transferee court but that originated elsewhere, the law (including the choice of law rules ) that applies is the law of that state where the case originated. *In re Watson Fentanyl Patch Prod. Liab. Litig.*, 977 F. Supp. 2d 885, 888 (N.D. Ill. 2013).   In Plaintiff's previous response, facts were submitted demonstrating that the case is not time barred under Texas law.   Plaintiff's contention remains that the Court's prior direct filing and choice of law rulings were in error.

### II.       Fraudulent Concealment Tolled Statute of Limitations.

Fraudulent concealment suspends limitations when a defendant conceals their wrongful conduct, and a plaintiff fails to discover the wrongful conduct despite the exercise of due diligence on their part. *Abecassis v. Wyatt*, 902 F. Supp. 2d 881, 897 (S.D. Tex. 2012).   Here, Plaintiff visited with doctors regarding the IVC filter before and after implantation, and none represented to Plaintiff that the device was defective or created a risk of any sort.   She was told that it was her swollen uterus (due to pregnancy) that may have prevented the removal. *See* Affidavit of Allysha Ramon. Exhibit A (Doc. 68).   "A diligent plaintiff's mere suspicion or subjective belief that a causal connection exists between [the wrongful act] and [the] symptoms are, standing alone, insufficient to establish accrual [of the statute of limitations] as a matter of law." *In re: Ethicon, Inc.,* No. 2327, 2016 WL 3067752, at *3 (S.D. W. Va. May 31, 2016) (applying Texas law to MDL transvaginal mesh plaintiff finding that neither implantation nor removal of the mesh "set the statute of limitations clock in motion, and a reasonable juror could

find that [Plaintiff] did not know nor should have known of the wrongful act and resulting injury . . . .").

### III.     Texas Deceptive Trade Practices-Consumer Protection Act

The Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code § 17.41 et seq., includes two express exceptions to the general rule that the period begins to run on the date of the wrongful act: (1) the discovery rule, and (2) the fraudulent concealment rule. In this case it was not until Plaintiff saw an advertisement on television on or about January 2016 that she realized the problem with her IVC filter may be a result of Defendants false, misleading, or deceptive act or practice. Affidavit of Allysha Ramon.  Therefore, Defendants have not established in their Motion any evidence as to when Plaintiff discovered or should have discovered falsity of defendant's representations. *see Eshleman v. Shield*, 764 S.W.2d 776, 777 (Tex. 1989) (summary judgment improper because evidence did not establish when plaintiff discovered or should have discovered falsity of defendant's representations).

### CONCLUSION

Defendants failed their "initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, (1986). Because the Defendants have failed to meet its burden and Plaintiff has set forth genuine issues of material fact, this Court should deny Defendants' Motion for Summary Judgement.

Respectfully submitted,

By:   */s/ Annesley H. DeGaris*
Annesley H. DeGaris (ASB-9182-a63a)
**DeGaris Wright McCall, LLC**
2 North 20th Street, Suite 1030
Birmingham, AL 35203
Email: adegaris@degarislaw.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on 29th of April 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Annesley H. DeGaris
Annesley H. DeGaris