IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

**This Document Relates to Plaintiff:**

Alger, Lessie, 1:17-cv-1023

### PLAINTIFF'S OPPOSITION TO COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF LESSIE ALGER'S CASE PURSUANT TO CMO-28

The above-titled Plaintiff respectfully asks this Court to deny the Cook Defendants motion for judgment in Plaintiff's case.[1]

1. <u>Plaintiff's Name:</u> Lessie Alger

2. <u>Case Number:</u> 1:17-cv-1023

3. <u>Cook Defendant's First Misrepresentation to the undersigned counsel:</u> February 2, 2016 (*See* Filing No. 4186-1).

4. <u>Case Origin:</u> Directly filed in the Southern District of Indiana on April 3, 2017.

5. <u>Discovery Date:</u> August of 2015. See **Exhibit A**, Affidavit of Lessie Alger

### BRIEF ARGUMENT

As the Court noted on February 20, 2020 the Cook Defendants ("Cook") have on multiple occasions made representations to Plaintiff and this Court that "there was a direct-filing order filed in this case permitting foreign direct-filed cases to be treated as if they were transferred to this district by

---

[1] Plaintiff's case is part of Cook's pending omnibus motion for summary judgment.

**PLAINTIFF'S OPPOSITION TO COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF LESSIE ALGER'S CASE PURUSUANT TO CMO-28 - Page 1**

the Judicial Panel on Multi-District Litigation ("JPML")." See Dkt. 12931, Entry on Plaintiff's Motion for Reconsideration of the Court's Order Applying Indiana Choice of Law to Direct Filed Cases.

Specifically, Cook represented to Plaintiff and this Court: "…where a case based on diversity is part of an MDL and is directly filed in the MDL forum as the result of a direct filing order, as occurred with the six cases here, courts have found that the 'better approach is to treat foreign direct filed cases [i.e., cases originating outside of this Court's judicial district but filed directly into the MDL] as if they were transferred from a judicial district sitting in the state where the case originated.'" See Dkt. 4186-1 at 2. **One of the six parties to that Motion for Judgment on the Pleadings (William Ivy) was also represented by the undersigned counsel.** Just as the Court reasonably relied on Cook Defendants' (mistaken) misrepresentation, so too did Plaintiff Alger and her counsel. (*See* Dkt. 12931, Entry on the Cook Defendants' Motion for Judgment on the Pleadings Based on Statute of Repose at 1).

Plaintiff Alger direct-filed her claim in this Court with the expectation that her statute of limitations would be governed by Virginia law, as previously stated by Cook. Plaintiff Alger is not asking the Court to revisit the entire dispute regarding direct filings, Plaintiff, is merely asking the Court to affirm as it has in the past that for over two years, the Court and the parties acted as if direct filing was allowed; Plaintiff Alger asks the Court to refuse to allow Cook to now use its own misrepresentations as a sword. Doing so, in the Court's own words is "simply not fair" and would "contravene[] the law of the case doctrine." See Dkt. 13539, Order on the Cook Defendants' Motion to Reconsider the Court's February 24, 2020 Order on Choice of Law.

**Plaintiff filed her Personal Injury Claims within Virginia's Statute of Limitations.**

Under Virginia law, a cause of action in product liability action accrues "when the person knew or should have known of the injury and its causal connection to the device." Va. Code § 8.01-249. The relevant code section expressly states that the cause of action accrues: "In products liability actions . . . for

injury to the person resulting from or arising as a result of the implantation of any medical device, when the person knew or should have known of the injury and its causal connection to the device." Va. Code § 8.01-249.

### A. Plaintiff Lessie Alger (1:17-cv-01023):

Plaintiff did not discover until August the causal connection between her injuries and the defective Cook IVC Filter. See **Exhibit A**, Affidavit of Lessie Milstead (f/k/a Lessie Alger). In early- 2017, Plaintiff filed her complaint against Cook after discovering the causal connection between her injuries and Cook's defective IVC Filter and did so within the two-year statute of limitations. See **Exhibit B**, Plaintiff's Short Form Complaint.

Moreover, Virginia Code permits injured parties to seek redress when, as in this case, a defendant's medical product is defective and it injuries a citizen of Virginia. Va. Code § 8.01-249. Cook's Motion having not taken a single deposition, served a single interrogatory, or even reviewed all of Plaintiff's medical records, should be denied.

## CONCLUSION

Cook affirmatively misrepresented the existence of a direct filing order to the Court and directly to counsel for Plaintiff Alger.  Now, Cook Seeks a summary judgment predicated on that misrepresentation. Plaintiff Alger's reliance on Cook's misrepresentations should not be grounds for a dismissal of her case which was filed less than two months before the Court's May 31, 2017 order.  For the foregoing reasons, Plaintiff respectfully requests that this Court deny Cook's Motion for Judgment in Plaintiff Lessie Alger's Case Pursuant to CMO-28.

Respectfully submitted,

*/s/ William B. Curtis*
WILLIAM B. CURTIS
Texas State Bar No. 00783918
17754 Preston Rd., Suite 200
Dallas, TX 75252
Telephone (214) 890-1000
Facsimile (214) 890-1010
Email: bcurtis@curtis-lawgroup.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2021, a copy of the foregoing Opposition was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Co- Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

*/s/ William Curtis*
William B. Curtis