IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

**This Document Relates to Plaintiff:**

Williams, Stephanie, 1:16-cv-03014

### PLAINTIFF'S OPPOSITION TO COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF STEPHANIE WILLIAMS' CASE PURSUANT TO CMO-28

The above-titled Plaintiff respectfully asks this Court to deny the Cook Defendants motion for judgment in Plaintiff's case.[1]

1. Plaintiff's Name: Stephanie Williams

2. Case Number: 1:16-cv-03014

3. Cook Defendant's First Misrepresentation to the undersigned counsel: February 2, 2016 (*See* Filing No. 4186-1).

4. Case Origin: Directly filed in the Southern District of Indiana on November 3, 2016.

5. Discovery Date: February of 2016. See **Exhibit A**, Affidavit of Stephanie Williams

### BRIEF ARGUMENT

As the Court noted on February 20, 2020 the Cook Defendants ("Cook") have on multiple occasions made representations to Plaintiff and this Court that "there was a direct-filing order filed in this case permitting foreign direct-filed cases to be treated as if they were transferred to this district by

---

[1] Plaintiff's case is part of Cook's pending omnibus motion for summary judgment.

the Judicial Panel on Multi-District Litigation ("JPML")." See Dkt. 12931, Entry on Plaintiff's Motion for Reconsideration of the Court's Order Applying Indiana Choice of Law to Direct Filed Cases.

Specifically, Cook represented to Plaintiff and this Court: "…where a case based on diversity is part of an MDL and is directly filed in the MDL forum as the result of a direct filing order, as occurred with the six cases here, courts have found that the 'better approach is to treat foreign direct filed cases [i.e., cases originating outside of this Court's judicial district but filed directly into the MDL] as if they were transferred from a judicial district sitting in the state where the case originated.'" See Dkt. 4186-1 at 2. **One of the six parties to that Motion for Judgment on the Pleadings (William Ivy) was also represented by the undersigned counsel.** Just as the Court reasonably relied on Cook Defendants' (mistaken) misrepresentation, so too did Plaintiff Williams and her counsel. (See Dkt. 12931, Entry on the Cook Defendants' Motion for Judgment on the Pleadings Based on Statute of Repose at 1).

Plaintiff Williams direct-filed her claim in this Court with the expectation that her statute of limitations would be governed by Alabama law, as previously stated by Cook. Plaintiff Williams is not asking the Court to revisit the entire dispute regarding direct filings, Plaintiff, is merely asking the Court to affirm as it has in the past that for over two years, the Court and the parties acted as if direct filing was allowed; Plaintiff Williams asks the Court to refuse to allow Cook to now use its own misrepresentations as a sword. Doing so, in the Court's own words is "simply not fair" and would "contravene[] the law of the case doctrine." See Dkt. 13539, Order on the Cook Defendants' Motion to Reconsider the Court's February 24, 2020 Order on Choice of Law.

### Plaintiff filed her Personal Injury Claims within Alabama's Statute of Limitations.

Alabama Code permits injured parties to seek redress when, as in this case, a defendant fraudulently conceals that its medical product is defective and it injures a citizen of Alabama. Alabama Code § 6-2-3. Under Alabama law, a party cannot profit by his own wrong in concealing a cause of

action against himself until barred by limitation. See Ex parte Sonnier, 707 So. 2d 635 (Ala. 1997); see also Scharff v. Wyeth, 2011 U.S. Dist. LEXIS 85132 (M.D. Ala. Aug. 2, 2011). This tolling exception to the Alabama statute of limitations is not limited to fraud causes of action and instead is applied to the fraudulent concealment of the existence of a cause of action from the party in whose favor the tort cause of action exists. Id. Plaintiff has specifically pled in the Master Consolidated Complaint for Individual claims that "Defendants, through its affirmative misrepresentations, and omissions, actively concealed from Plaintiffs and Plaintiffs' healthcare providers the true and significant risks associated with Cook's IVC filters." Dkt 213 ¶ 195.

### A. Plaintiff Stephanie Williams (1:16-cv-03014):

Due to Defendants' fraudulent concealment of the defective nature of Cook IVC Filters, Plaintiff did not discover until February 2016 the causal connection between her injuries and the defective Cook IVC Filter. See **Exhibit A**, Affidavit of Stephanie Williams. In late 2016, Plaintiff filed her complaint against Cook after discovering the causal connection between her injuries and Cook's defective IVC Filter and did so within the two-year statute of limitations. See **Exhibit B**, Plaintiff's Short Form Complaint.

Cook's Motion having not taken a single deposition, served a single interrogatory, or even reviewed all of Plaintiff's medical records, should be denied.

## CONCLUSION

Cook affirmatively misrepresented the existence of a direct filing order to the Court and directly to counsel for Plaintiff Williams. Now, Cook seeks a summary judgment predicated on that misrepresentation. Plaintiff Williams' reliance on Cook's misrepresentations should not be grounds for a dismissal of her case. For the foregoing reasons, Plaintiff respectfully requests that this Court deny Cook's Motion for Judgment in Plaintiff Stephanie Williams's Case Pursuant to CMO-28.

Respectfully submitted,

                                      */s/ William B. Curtis*
                                      WILLIAM B. CURTIS
                                      Texas State Bar No. 00783918
                                      17754 Preston Rd., Suite 200
                                      Dallas, TX  75252
                                      Telephone (214) 890-1000
                                      Facsimile (214) 890-1010
                                      Email: bcurtis@curtis-lawgroup.com

                                     **ATTORNEY FOR PLAINTIFFS**

                                      **CERTIFICATE OF SERVICE**

I hereby certify that on  April 30, 2021, a copy of the foregoing  Opposition was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Co- Counsel for Plaintiffs will serve any non-CM/ECF registered parties.

                                      */s/ William Curtis*
                                      William B. Curtis