UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Case:

Diondrae Boone, 1:19-cv-02047

**PLAINTIFF'S RESPONSE TO THE COOK DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS**

On April 19, 2021, defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe APS (collectively "the Cook Defendants") moved for judgment on the pleadings dismissing Plaintiff Diondrae Boone's complaint as barred by the Michigan statute of limitations. Dkt. # 18026. Because Defendants fail to establish a lack of dispute of material fact regarding when Mr. Boone's injury occurred, the motion for judgment on the pleadings should be denied.

The Cook Defendants turn to matters outside the pleadings, namely, one medical record presented without context, as somehow presenting conclusive proof of when Mr. Boone's injury occurred. Dkt. # 18028.  According to Defendants' theory as set forth in their moving brief, Mr. Boone's "claims accrued under Michigan law no later than December 18, 2015, when a second attempt was made to remove the filter but was also unsuccessful." Dkt. # 18026 at 2-3.

Defendants' theory of claim accrual is based, not any specifically documented injury, but rather on an (unsuccessful) attempt to remove the IVC filter.  Defendants' exhibit does not provide

a reason for why the filter was to be removed.  Implicit in their brief is that an attempt to remove the filter[1] was made because it was harming Mr. Boone, but Defendants' do not actually state this and do not provide any evidence which would support such an implicit assumption.  The "findings" stated in Defendants' own exhibit recite that "[i]njection of contrast performed which demonstrates the filter in good position without evidence of clot."  Dkt. # 18028 at 3.  Concededly, under the heading 'Additional Indications' the exhibit notes "[t]he patient with multiple trauma with previous placement of IVC filter" but no findings are made regarding this indication, nor is any basis for this indication provided.  *Id*.

Under Michigan law, the limitations period for a products-liability action is three years.  Mich. Comp. Laws § 600.5805(12).  Defendants rely on *Grimm v. Ford Motor Co.* for the proposition that "[m]ore damage may result later, but no new cause of action of limitation period arises," but *Grimm* does not support judgment on the pleadings in favor of Defendants.  403 N.W.2d 482, 485 (Mich. Ct. App. 1986).  *Grimm* was a wrongful-death action where the plaintiff sought to rely on the date of death, rather than the date of injury, for limitations purposes.  *Id*. at 483.  In the sentence preceding the one relied on by Defendants, the Michigan Court of Appeals stated that "a personal injury claim accrues when all of the elements, including the element of damages, are present and can be pleaded in a proper complaint." *Id*. at 484-85.

Because the evidence presented by the Cook Defendants in support of their motion for judgment on the pleadings is insufficient to establish Mr. Boone's date of injury as a matter of law, the Court should deny the motion.  Their motion does not address the elements of a cause of action for products liability, but instead recites that because a doctor (unsuccessfully) attempted to remove Mr. Boone's IVC filter, all of the elements of his cause of action must have been in place.

---

[1] Defendants' brief refers to this as "a second attempt" to remove the filter, but no record is provided of a first attempt to remove the filter.

2

Presumptions do not provide a basis upon which to grant judgment as a matter of law.

Under the Federal Rules of Civil Procedure, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Unilateral resolution of a factual question on insufficient evidence—which is what the Cook Defendants ask this court to do—is precisely what the rule for judgment on the pleadings was designed to protect against. Therefore, respectfully, the Court should either deny Defendants' motion for judgment on the pleadings, or convert it to a proper summary judgment motion as required by the rule.

Respectfully Submitted,

*/s/ Steve Schulte*
**Steve Schulte**
Texas Bar No. 24051306
schulte@fnlawfirm.com
Darren Patrick McDowell
Texas Bar No. 24025520
dmcdowell@fnlawfirm.com
**FEARS NACHAWATI, PLLC**
5473 Blair Road
Dallas, Texas
Tel. (214) 890-0711
Fax (214) 890-0712

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

 I hereby certify that on April 30th, 2021 a true and correct copy of *Plaintiffs' Response to Cook Defendants' Omnibus Motion for Judgment on the Pleadings Based on Statute of Repose in Texas and Tennessee* was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF counsel of record.

Dated: April 30, 2021

               Respectfully Submitted,

               */s/ Steve Schulte*
               **Steve Schulte**