UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This Document Relates to Plaintiffs

James Buell and Darina Buell

Civil Case # 1:17-cv-516

_____

## PLAINTIFFS JAMES BUELL AND DARINA BUELL'S RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON PLAINTIFFS' CASE PURSUANT TO CMO-28

COMES NOW, Plaintiffs James Buell and Darina Buell ("Plaintiffs"), who by and through the undersigned counsel, hereby submit this Response in Opposition to the Cook Defendants ("Defendants") Motion for Judgment on Plaintiffs' Case Pursuant to CMO-28, and states the following:

## I.    INTRODUCTION

On November 22, 2008, James Buell had a Cook Tulip filter implanted at Seton Medical Center Williamson, in Round Rock, Texas. On February 6, 2009, ten weeks following this implantation, Mr.  Buell presented for the removal of his Cook Tulip filter. As indicated in the instructions for use, Mr. Buell was told that this filter was designed for permanent use or it could be retrieved. Mr. Buell's surgeon was unsuccessful due to the distal aspects of the filter's struts already being embedded within the wall of Mr. Buell's vena cava. As a result, Mr. Buell's the embedded filter in place. Mr. Buell's operative note states: "The IVC filter struts were incorporated into the IVC wall such that the filter could not be retrieved at ten weeks post-

placement…Conversion to a permanent filter should not result in significant increased risks to the patient." [Ex. A]. Mr. Buell was never told of any injury. He was simply told that his filter could be left in without any increased risks.

## II.    PROCEDURAL HISTORY

On October 26, 2020, this Court entered CMO-28. *See generally* [Doc. No. 14601]. On March 24, 2021, Plaintiffs filed their Amended Complaint, which included allegations that Plaintiffs, along with Mr. Buell's implanting physician relied on the Defendants' fraudulent concealment when deciding to implant the Cook Tulip filter. *See generally* [Doc. No. 16414]. On April 16, 2021, Defendants filed their Motion for Judgment on Plaintiffs' Case Pursuant to CMO-28. *See generally* [Doc. No. 17974]. Plaintiffs now respond to the present motion.

## III.   ARGUMENT

### A.    Legal Standard

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Rule 12(c) motions are reviewed "under the same standard as a motion to dismiss under Rule 12(b)" and "[l]ike Rule 12(b) motions, courts grant a Rule 12(c) motion only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). "Thus to succeed, the moving party must demonstrate that there are no material issues of fact to be resolved." *Id*.

In short, Defendants bring the present motion based on the argument that Plaintiffs' claims are time-barred "because the case was filed more than two years after an unsuccessful attempt to remove the filter." *See* [Doc. No. 17974] at 2. In their motion, Defendants correctly

point out that both Indiana and Texas generally have two-year statutes of limitations. Defendants further rely on a case out of the Southern District of New York in arguing that "claims are time-barred under Indiana law ***where the filter was removed*** more than two years before the commencement of the action. *See* [Doc. No. 17974] at 2 (emphasis added); *see also In re Mirena IUD Products Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 352 (S.D.N.Y. 2014).

However, as articulated in the Introduction Section above, Mr. Buell's filter ***has not been removed***. In fact, Mr. Buell was informed that "[c]onversion to a permanent filter should not result in significant increased risks" to him after his surgeon was unable to remove the filter. At that time in February 2009, neither Mr. Buell nor his attending physician, were aware that the "conversion" to a permanent filter would actually result in significant increased risk of injury going forward. In fact, as stated directly in the operative report from the attempted retrieval, Mr. Buell's physician believed that the conversion from retrievable to permanent filter would not result in significant increased risks. In short, Plaintiff was prevented from understanding he suffered any injury. However, Plaintiffs now know that this conversion to a permanent filter that is embedded does come with significant increased risks, and Plaintiffs should not be punished and banished from their day in court on the basis of information that was fraudulently concealed from them and their doctors by Defendants.

    **B.**    **Plaintiffs' Amended Complaint sufficiently pleads fraudulent concealment under Texas law to toll the running of the statute of limitations, and therefore Plaintiffs' claims are not time-barred.**

In Texas, a cause of action does not accrue until the injury reasonably could have been discovered. *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 65 (Tex. 2011). Correspondingly, a defendant's fraudulent concealment of the facts giving rise to the plaintiff's cause of action tolls the statute of limitations, but only "until the fraud is discovered or could have been discovered

with reasonable diligence." *Id*. at 67. Because fraud vitiates whatever it touches, limitations period applicable to claim of fraud does not start to run until the fraud is discovered or the exercise of reasonable diligence would discover it. *Hooks v. Samson Lone Star, Limited Partnership*, 457 S.W.3d 52, 57 (Tex. 2015).

In the present action, Plaintiffs sufficiently plead fraudulent concealment in their Amended Complaint filed under seal, including allegations that Defendants fraudulently concealed the risks and defects of the Cook Tulip IVC filter implanted in Mr. Buell, perpetuated misinformation regarding the Cook Tulip IVC filter, caused Mr. Buell and his implanting physician  to rely on the Defendants' fraudulent concealment when deciding to implant the Cook Tulip filter, and this resulted in injury to Mr. Buell. *See generally* [Doc. No. 16414]. This inquiry alone presents questions of facts as to when exactly Mr. Buell knew he had suffered an injury, and when exactly his implanting physician became aware of the risks associated with converting an unretrievable Tulip filter into a permanently one. Regardless, based on these facts, it is clear that the failed retrieval is not the appropriate trigger date for the discovery of the cause of action in Mr. Buell's case, as neither Mr. Buell, nor his implanting physician had any idea that leaving this filter in would cause complications and the need for medical monitoring down the line. And this lack of knowledge was directly tied to critical safety and efficacy information that Defendants fraudulently concealed from Plaintiffs and their doctors.

### C.  Texas recognizes the discovery rule, which applies to this case and prevents Plaintiffs' personal injury claims from being time-barred.

Further, the statute of limitations in Texas is also governed by a discovery rule. Normally a cause of action accrues, for statute of limitations purposes, when a wrongful act causes some legal injury, but accrual may be deferred if the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable. *Via Net v. TIG Ins. Co.*, 211

S.W.3d 310, 313 (Tex. 2006). "An injury is inherently undiscoverable if it is, by its nature, unlikely to be discovered within the prescribed limitations period despite due diligence." *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734–35 (Tex. 2001). This legal question is decided on a categorical rather than case-specific basis; the focus is on whether a type of injury rather than a particular injury was discoverable. *Id*. at 736; *Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 122 (Tex. 2001). Limitations periods generally begin to run when the cause of action accrues, which means when facts have come into existence that authorize a claimant to seek a judicial remedy. *Id*. at 119.

Plaintiffs' discovery of the underlying causes of action in this case present another set of fact questions for the jury. As outlined throughout, these questions have yet to be resolved. Therefore, Plaintiffs' claims are not time-barred and judgment at the present stage is not appropriate.

**D.      Plaintiffs' Amended Complaint sufficiently pleads with particularity consumer protection, and implied and express warranty claims, as required by Rule 9(b).**

For the foregoing reasons, judgment on Plaintiffs' implied warranty, consumer-protection, and express warranty claims are also not appropriate at this time. The Seventh Circuit has "noted on a number of occasions that the particularity requirement of Rule 9(b) must be relaxed where the plaintiff lacks access to all facts necessary to detail his claim, and that is most likely to be the case where, as here, the plaintiff alleges a fraud against one or more third parties." *Corley v. Rosewood Care Center, Inc.*, 142 F.3d 1041, 1051 (7th Cir. 1998). In fact, this Court has found that when alleging fraud "the particularity requirement is relaxed when the 'requisite information was within the defendant's exclusive knowledge.'" *Lautzenhiser v. Colopolast A/S*, No. 4:11-cv-86-RLY-WGH, 2012 WL 4530804, at *7 (S.D. Ind. Sept. 29,

2012).

Even if the particularity requirement is not relaxed, Plaintiffs sufficiently plead, with particularity as required by Fed. R. Civ. P. 9(b), facts that satisfy the Texas Deceptive Trade Practices Act ("TDTPA") and the breach of warranty claims under Texas law, including allegations that Defendants fraudulently concealed the risks and defects associated with the Cook Tulip IVC filter implanted in Mr. Buell. Notably, this concealed information was clearly "within the defendant's exclusive knowledge." Further, this perpetuated misinformation from Defendants, in the form of these fraudulently concealed facts, was relied on by Plaintiffs and their doctors when deciding to implant the Cook Tulip filter, and this directly resulted in injury to Mr. Buell. Accordingly, Plaintiffs' Amended Complaint sufficiently pleads consumer protection and express warranty claims.

## IV.     CONCLUSION

WHEREFORE, Defendants' Motion for Judgment in Plaintiffs' Case Pursuant to CMO-28 should be denied, and if the Court finds that Plaintiffs' Amended Complaint is deficient, Plaintiffs respectfully request leave to file their Second Amended Complaint, and for such further relief that is reasonable and just.

Dated: 4/30/2021

By: */s/ Stuart Goldenberg*
GOLDENBERGLAW, PLLC
Stuart Goldenberg (#158719)
800 LaSalle Ave Ste 2150
Minneapolis, MN 55402
Direct Phone: 612-335-9960
Fax: 612-367-8107
Admitted Pro Hac Vice