IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:

TYRELL PIERCE
1:19-cv-2587-RLY-TAB

**<u>PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR JUDMGENT</u>**

Tyrell Pierce was a 24-year-old Nevada resident when, in a Nevada hospital he was prescribed and implanted with the Defendants' defective product. The product was sold, marketed, and distributed in Nevada. Pierce discovered his injury10 years later while living in Oregon. It is not known, and it is not knowable when or in which state the injury "occurred,. Contrary to the Defendants' representation, Pierce makes no such assertion. Defendants' defective product was designed and manufactured in Denmark and presumably imported into the State of Nevada.

Defendants' Rule 12(c) Motion is based upon: (1) an improper analysis of Indiana choice of law rules[1]; and (2) the erroneous application of Oregon's statute of repose. The parties agree the application of the statute of repose is a matter of substantive law. Indiana conflict of law analysis requires that Nevada substantive law, not Oregon law be applied. Nevada's statute of

---

[1] Plaintiff maintains CMO28 is erroneous and that this Honorable Court must apply the law of the "originating state" where the case could have been filed and subsequently transferred to the MDL, to the exclusion of Indiana law. <u>Dobbs v. Depuy Orthopedics, Inc</u>. 842 F.3d 1045 (7th Circ. 2016). Here the "originating state" is Nevada, where the device was prescribed and sold. See <u>In Re Yasmin</u>, (2011 U.S. Dist. 39820)(ratified by <u>Dobbs</u>, supra). The court in <u>Yasmin</u>, a <u>direct file</u> case, correctly applied the law of the "originating state" to the exclusion of the law of its own forum state. Choice of law rules for the State of Nevada require its law be applied under the facts herein. <u>GMC v. Eight Jud. Dist. Ct. of Nev.</u>, 134 P.3d 1111 (Nev. 2006).

1

repose does not apply to personal injury claims.  See NRS §11.190(4)(e).  Thus, there is no legally applicable bar to Pierce's claims.

If the Court adopts the Oregon statute of repose, such statute also requires the application of the Nevada statute of repose pursuant to Ore. Rev. Stat. §30.905(b)(2) assuming the IVC filter was imported into Nevada where was it sold and implanted into the Plaintiff.  The result is the same, no applicable statute of repose and no equitable bar to Pierce's claims.[2]

Assuming the Court applies Indiana law, (which Plaintiff maintains would be in error) the presumption is that the traditional lex loci delicti analysis will be used, and the substantive laws of the state where the "last event necessary" to make an actor liable for the alleged wrong takes place will usually apply; often the place of injury.  Simon v. United States, 805 N.E.2d 798, 2004 Ind. LEXIS 315.   However, in Simon, the Court held that the state of "the last event necessary" (the plane crash in Kentucky) was not the proper choice of law and correctly applied a "connections" analysis instead.   See also Hubbard Mfg. Co. v. Greeson, 515 N.E.2d 1071, 1987 Ind. LEXIS 1150 (also holding that the state where the injury (wrongful death) occurred was not the proper law to be applied because that state had little connection to the action.)

The jurisdiction in which Pierce was injured is unknown and unknowable. That he lived in Oregon when his injury was first discovered bears no connection to this case and is merely fortuitous.  Because Oregon "*bears little connection to this legal action*," the Oregon statute of repose does not apply.  Simon, supra.

---

[2] If Cook asserts the filter was not imported into Nevada, Oregon choice of law would dictate that Nevada's substantive law applies as it is substantially more appropriate than the application of Oregon law.  Peterson v. C.R. Bard, Inc., 2021 U.S. Dist. LEXIS 38786 (No. 3:19-cv-01701-MO – March 2, 2021) at *14-15. Under similar facts, the Oregon Federal court under Oregon choice of law rules applied the law of the originating state, noting: "Defendants marketed and sold the Eclipse in Pennsylvania. Setting aside economics, Pennsylvania also has an interest in its citizens receiving safe products in its hospitals. Considering these policy considerations, along with Oregon's and Pennsylvania's relationship to the parties and this dispute, I find Pennsylvania would sustain the most serious legal, social, and economic consequences of the choice-of law determination." See OLC Commentary 29.  Nevada has the same interests as those recognized above for Pennsylvania.

Under the Simon analysis, Nevada substantive law must be applied, including Nevada's statute of repose. The defective product was prescribed, sold, marketed, and implanted in Nevada. Warranties generated by the sale of product were made in Nevada. The defective warnings were given in Nevada to Nevada healthcare professionals, and all relevant contacts were made through the Defendants' sales force to Nevada healthcare providers. At the time of implantation, Pierce was a Nevada resident. All the significant circumstances, facts and events ("connections") that must be considered in the choice of law analysis dictate that this Honorable Court apply the substantive law of the State of Nevada. Under Nevada substantive law there is no statute of repose for personal injury claims and no bar to Plaintiff's claims herein.

Even if Oregon law is applied (which Plaintiff contends would also be erroneous), the Oregon statute of repose mandates application of the Nevada statute of repose because the defective product was manufactured in a foreign country and eventually imported into Nevada[3]. See Or. Rev. Stat. §30.905(2)(b). If an importing state has no applicable statute of repose, such importing state's substantive law applies to the exclusion of the Oregon statute of repose, and no statute of repose will be recognized as a bar to Plaintiff's claims. Miller v. Ford Motor Company, Inc., 419 P. 3d 392 (Ore. 2018). Thus, there is no statute of repose applicable to Plaintiff's claims herein and Defendant's Motion must be denied.

---

[3] Defendants have the burden of proof on all elements of the statute of repose. Riverview Condo Assoc. v. Cypress Ventures, Inc. 339 P.3d 447 (Ore. App. 2014). If Defendants dispute these facts, the Motion to Dismiss must be denied as additional discovery and materials would be necessary for the Court's proper consideration of the issues, thereby taking the Defendants' Motion outside of the scope of Fed.R.Civ.P. 12(c). Rule 12(d) would then apply, which affords reasonable opportunity to discover and present materials in response to the Motion. See Fed.R.Civ. P. 12(d).

|  |  |
|---|---|
| Dated: April 30, 2021 | */s/ Ben C. Martin*<br>Ben C. Martin, Bar No. 13052400<br>**Martin Baughman, PLLC**<br>3141 Hood Street, Suite 600<br>Dallas, Texas 75219<br>Telephone: (214) 761-6614<br>Facsimile: (214) 744-7590<br>bmartin@martinbaughman.com<br><br>***Attorney for Plaintiff*** |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 30, 2021, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                                     */s/ Ben C. Martin*
                                                     Ben C. Martin