UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:  COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY
LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:

All Cases Listed on Exhibit A

**COOK DEFENDANTS' MEMORANDUM IN SUPPORT OF
RENEWED MOTION FOR PARTIAL DISMISSAL
OF CLAIMS OF FRAUDULENT CONCEALMENT**

The Cook Defendants[1] respectfully move the Court to once again dismiss all of the

listed Plaintiffs' claims that fraudulent concealment or equitable estoppel tolls the statute

of limitations or repose, as set out in paragraphs 195-199 of Plaintiff's Master

Consolidated Complaint for Individual Claims (Dkt. 213) ("Master Complaint") and in

these Plaintiffs' Amended Short-Form Complaints.  The Court previously dismissed all

Plaintiffs' claims of fraudulent concealment in the Master Complaint based on:

(1) Plaintiffs' failure to plead that Cook took any affirmative action to conceal the

existence of Plaintiffs' causes of action; and (2) Plaintiffs' failure to state the

circumstances of the fraud with particularity as required by Rule 9(b), *see* Dkt. 15907 at

---

[1] The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC f/k/a
Cook Medical Incorporated, and William Cook Europe APS (collectively "Cook
Defendants").

6-9, but the Court granted Plaintiffs leave to amend to try to cure their pleading deficiencies.

To date, approximately 698 Plaintiffs have amended their Short-Form Complaints to include additional allegations purportedly related to their claims of fraudulent concealment. None of these amendments, however, adequately addresses the problems that prompted the Court to dismiss Plaintiffs' original claims of fraudulent concealment. Cook therefore asks the Court to dismiss these claims again, this time with prejudice.

Prompt resolution of this issue is critical to the orderly progress of this litigation, and in particular to the smooth operation of the Court's Case Management Order 28. CMO 28 focuses on the dismissal of the significant number of actions in this MDL that are barred by statutes of limitation or repose. *See* Dkt. 14601 at 1-2. Under CMO 28, at least 420 Plaintiffs have stipulated to the dismissal of their claims as time-barred. The Cook Defendants believe that, despite the Court's direction in CMO 28, several hundred additional MDL Plaintiffs have time-barred cases that they have not dismissed.

Under CMO 28, Cook sends letters to the attorneys of Plaintiffs whose cases Cook believes are barred by the applicable statute of limitations or repose and requests dismissal of those cases. If a Plaintiff declines to dismiss, Cook may bring a three-page motion to dismiss, with Plaintiff permitted a three-page response and Cook a three-page reply. *See id.* at 2-4.

Although this process has worked smoothly in a number of cases, some Plaintiffs have refused to dismiss their cases as requested, asserting that their claims of fraudulent concealment excuse them from dismissal. When Cook brings its CMO 28 motions for

dismissal, these Plaintiffs formally assert that Cook's alleged fraudulent concealment tolls the statute of limitations or repose, either as their sole argument against dismissal, *see, e.g.,* Dkt. 17606 (*Heintzman*); Dkt. 17607 (*Gugliuzza*), in conjunction with a related discovery-rule argument, *see, e.g.,* Dkt. 15944 (*Morris*); Dkt 16387 (*Donchez*), or combined with one or two other arguments, *see, e.g.,* Dkt. 15955 (*Fitzgerald*); Dkt. 15967 (*Kinsey*); Dkt. 16576 (*Moeders*); Dkt. 17603 (*Rahall*); Dkt. 17592 (*Turner*).

These submissions demonstrate that most or all of these 698 cases would be barred by the statute of limitations or repose unless the Plaintiffs can establish that Cook fraudulently concealed their causes of action from them.[2] Indeed, some of the Amended Short-Form Complaints openly acknowledge that they failed to file within the applicable statutory period and rely on the claim of fraudulent concealment as their only way of avoiding the statute. *See, e.g.*, Dkt. 16721 ¶ 52 ("Based on these facts, Plaintiff was unable to discover the elements of her cause of action until a date within [sic] the relevant limitations period prior to filing this case."). For CMO 28 to work as the Court intended in these 698 cases, a broad resolution of the sufficiency of Plaintiffs' amended pleadings of fraudulent concealment is necessary.

As discussed below, the Cook Defendants are entitled to partial dismissal of these claims on the ground that (1) Plaintiffs have failed to plead them with the particularity required by Federal Rule of Civil Procedure 9(b), and (2) Plaintiffs did not plead a critical

---

[2] This is the only logical inference from the conduct of these Plaintiffs. After all, a Plaintiff would have no need to assert a claim of fraudulent concealment unless that Plaintiff had serious concerns that the statute of limitations or repose would otherwise bar his or her action.

US.132660486.05

element of fraudulent concealment, specifically that the Cook Defendants took some action to prevent Plaintiffs from discovering their causes of action.

## THE AMENDED SHORT-FORM COMPLAINTS

The 698 Amended Short-Form Complaints all repeat largely the same new allegations. *See* Chart of Unique allegations, attached as Exhibit B. The new allegations fall into a limited number of categories, but not one of them (1) states with particularity the who, what, when, where, and how of any claimed fraudulent communication between Cook and the Plaintiff, or (2) asserts that Cook knew that any Plaintiff had a cause of action against it or that Cook took any affirmative action to prevent any Plaintiff from discovering the existence of that cause of action. Instead, Plaintiffs offer only:

1.    Allegations concerning Cook's development and testing of the Tulip and Celect IVC filters.[3]

2.    Allegations concerning Cook's alleged knowledge of issues concerning the safety and/or efficacy of the Tulip and Celect IVC filters. [4]

3.    Allegations concerning Cooks' alleged omissions and misrepresentations to physicians concerning the safety and efficacy of the Tulip and Celect IVC filters.[5]

---

[3] See Exhibit B at lines 23, 24, 26, 27, 47, 48, 145, 163, 176, 180, 181, 182, 186, 191, 299.
[4] See Exhibit B at lines 10, 25, 28, 41, 42, 45, 49, 50, 51, 52, 56, 59, 82, 83, 84, 86, 91, 92, 93, 99, 100, 105, 118, 119, 129, 130, 131, 169, 170, 172, 173,178, 187, 190, 227, 279, 284, 288.
[5] See Exhibit B at lines 3, 12, 17, 30, 46, 57, 58, 60, 61, 62, 63, 64, 65, 66, 70, 71, 74, 76, 77, 79, 85, 87, 90, 94, 97, 98, 104, 106, 107, 109, 120, 126, 140, 143, 167, 168, 175, 177,

US.132660486.05

4.    Case-specific allegations concerning medical events prior to the placement of individual Plaintiffs' filters, including Plaintiffs' symptoms, their courses of treatment, their consultations with their physicians, their filter placements, and their claims that their physicians relied on Cook representations in the decisions to place Cook filters.[6]

5.    Allegations of legal conclusions without specific allegations of fact.[7]

Notably, none of the Amended Short-Form Complaints alleges (1) that prior to the commencement of the Plaintiff's action, the Cook Defendants had any knowledge concerning the existence of that Plaintiff's cause of action that the Plaintiff did not also have, or (2) that any Cook Defendant took affirmative action to conceal from the Plaintiff the existence of his or her cause of action against Cook.

---

183, 192, 195, 200, 275, 280, 285, 286, 287, 291, 292, 293, 294, 295, 296, 297, 298, 300, 301, 302, 303, 304, 308, 310, 311, 313,314, 318, 319, 320, 323, 324, 326, 328, 329.

[6] See Exhibit B at lines 9, 18, 21, 31, 33, 36, 37, 38 40, 43, 96, 114, 127, 128, 133, 134, 135, 136, 139, 141, 148, 149, 150, 152, 153, 155, 156, 157, 158, 159, 160, 161, 162, 164, 165, 166, 171,  174, 179, 185, 188, 189, 193, 194, 196, 197, 198, 199, 201, 205, 208, 209, 210, 212, 213, 214, 215, 216, 217, 220, 221, 222, 223, 224, 225, 226, 228, 229,230, 231, 232, 235, 236, 237, 240, 243, 244, 248, 253, 254, 255, 257, 258, 260, 261, 262, 263, 266, 269, 270, 271, 272, 274, 277, 278, 281, 282, 283, 289, 306, 307, 309, 312, 316, 317, 325.

[7] See Exhibit B at lines 2, 4, 5, 6, 7, 8, 11, 13, 14, 15, 16, 19, 20, 29, 32, 34, 35, 39, 44, 53, 54, 55, 67, 68, 69, 72, 73, 75, 78, 80, 81, 88, 89, 95, 101, 102, 103, 108, 110, 111, 112, 113, 115, 116, 117, 121, 122, 123, 124, 125, 132, 137, 138, 142, 144, 146, 147, 151, 154, 184, 202, 203, 204, 206, 207, 211, 218, 219, 233, 234, 238, 239. 241, 242, 245, 246, 247, 249, 250, 251, 252, 256, 259, 264, 265, 267, 268, 273, 276, 290, 305, 321, 322, 327
.

US.132660486.05

## ARGUMENT

I.  **PLAINTIFFS' AMENDED SHORT-FORM COMPLAINTS FAIL TO STATE THE CIRCUMSTANCES OF THE ALLEGED FRAUD WITH THE PARTICULARITY REQUIRED BY RULE 9(b)**

The Court should dismiss Plaintiffs' claims of fraudulent concealment because Plaintiffs have failed to state the circumstances of the alleged fraudulent concealment with particularity.  Because Rule 9(b) is a rule of federal procedure, the sufficiency of a party's pleading under Rule 9(b) in federal court is governed by federal law.  *See, e.g., Scherer v. Balkema*, 840 F.2d 437, 441 (7th Cir. 1988); *Leathermon v. Grandview Mem'l Gardens, Inc.*, No. 4:07-CV-137-SEB-WGH, 2011 WL 2445980, at *8–9 (S.D. Ind. June 15, 2011) (applying Rule 9(b)'s particularity requirement to a plaintiff's claim that fraudulent concealment tolled a statute of limitations").[8]  Here, Plaintiffs' Amended Short-Form Complaints once again fail to state the circumstances of their fraudulent concealment claims with the particularity required by Rule 9(b), and the Court should again dismiss them on that ground.  *See* Dkt. 15907 at 9.

Relying on Seventh Circuit precedent,[9] this Court's February 22, 2021, Order laid

---

[8] At the April 15, 2021, status conference, a PSC representative suggested that differences in state-law treatment of fraudulent concealment made any MDL-wide ruling on the issue impractical.  *See* Apr. 15, 2021, Tr. at 39:18-41:21.  The PSC is mistaken; as discussed in Section II below, the elements of fraudulent concealment material to this motion are common to all jurisdictions.  *See* attached Appendix (summarizing fraudulent concealment standards from all 50 states and the District of Columbia).  The Court need not even reach the issue of state-law standards for fraudulent concealment, however, because Plaintiffs' Amended Short-Form Complaints fail at the threshold to meet the federal pleading standard. Fed. R. Civ. P. 9(b).

[9] *See, e.g., Scherer v. Balkema*, 840 F.2d 437, 441 (7th Cir. 1988) (quoting *Rutledge v. Boston Woven Hose & Rubber Co.*, 576 F.2d 248, 250 (9th Cir.1978)); *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir., 2018); *Windy City*

US.132660486.05

out the standard for pleading fraud with particularity in clear and unambiguous terms:

> The court now turns to the Cook Defendants' second contention—that the Plaintiffs failed to plead their fraudulent concealment claims with the specificity required by Rule 9(b). *See United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018) (a plaintiff alleging fraud must describe the "who, what, when, where, and how" of the fraud). In the *Trasylol* case mentioned above, the court addressed the pleading of fraud in an MDL master complaint. *See Trasylol*, 2009 WL 577726, at *8-9. It concluded that particularized pleadings were not feasible and should be assessed with substantial leniency, "especially when the information that may or may not support Plaintiffs' claims is largely within the control of the Defendants." *Id.* at *8. Where an allegation of fraud was based on statements made to the plaintiffs' physicians, however, "any allegation of fraud based on such statements must be pled with particularity in the individual Plaintiff's complaint, and be subject to discovery during the case-specific discovery stage if, and only if, properly alleged." *Id.* at *9.

Dkt. 15907 at 8-9.

The Court then addressed whether Plaintiffs' original pleading of their fraudulent concealment claims met this particularity requirement and concluded that it did not:

> Here, Plaintiffs allege that the Cook Defendants made affirmative misrepresentations to them and their healthcare providers. But they have not alleged in their Short Form Complaints who from the Cook Defendants concealed information from them or their physicians, what information the Cook Defendants allegedly concealed that prevented them from filing their causes of action within the limitations period, or how or when that concealment occurred. This is yet another reason why Plaintiffs' fraudulent concealment claim fails to state a plausible claim for relief.

Dkt. 15907 at 9.

Plaintiffs' Amended Short-Form Complaints suffer from this same deficiency. Despite the Court's clear direction of what a pleading needs to allege to state the circumstances of fraudulent concealment with particularity and why Plaintiffs' original

---

*Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 669 (7th Cir. 2008); *Pitts v. Unarco Industries, Inc.*, 712 F.2d 276 (7th Cir. 1983).

US.132660486.05

pleadings failed to meet that standard, not a single one of Plaintiffs' Amended Short-Form Complaints Plaintiffs stated any particularized allegations concerning any actual representations by Cook that fraudulently concealed information from any Plaintiff.

This Court required any Plaintiffs who attempted to replead to state the "'who, what, when, where, and how' of the fraud," *see* Dkt. 15907 at 8 (quoting *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018)), because a party must plead the circumstances of the *communication* that constitutes the fraud, *see* Dkt. 14809 at 10 (dismissing Plaintiff's consumer fraud under Oregon Unlawful Trade Practices Act for failure to plead the "'the who, what, when, where, and how of the fraud.'") (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736-37 (7th Cir. 2014)).[10] As Cook noted in its original motion, merely listing claimed misrepresentations is not enough; a plaintiff must state the circumstances of the communication that constitutes the claimed fraud. *See Seldon v. Home Loan Serv., Inc.*, 647 F. Supp. 2d 451, 470 (E.D. Pa. 2009) (without alleging the "terms, conditions, or characteristics" of allegedly deceptive conduct, "merely alleg[ing] a list of misrepresentations" is not

---

[10] Plaintiffs' amended pleadings overlook the fact that the "fraud" referred to in Rule 9(b) is a *communication*, an alleged misrepresentation by one party to another. *See, e.g.,* Black's Law Dictionary at 670 (7th ed. 1999) (defining "fraud" as a "knowing misrepresentation of the truth or the omission of a material fact to induce another to act to his or her detriment"). Fraudulent concealment requires a *communication* from one party to another, a communication that either misrepresents a fact or omits a material fact about the existence of a Plaintiff's cause of action. It is the circumstances of that communication—the communication that misled the Plaintiff about the existence of a cause of action against Cook—that Rule 9(b) requires be stated with particularity.

US.132660486.05

enough).  As applied to the fraudulent concealment claim here, an adequate pleading would answer the following questions:

- What misrepresentation did Cook make to Plaintiff about the existence of a cause of action, or what Cook communication to Plaintiff omitted material information about the existence of Plaintiff's cause of action?

- Who from Cook made this representation to Plaintiff?

- What Cook entity employed that person?

- When did that person make this representation to Plaintiff?

- Where did the representation to Plaintiff occur?

- How did this person communicate this representation to Plaintiff?

If a Cook representative *had* in fact made a misrepresentation to Plaintiff, these questions would be easy for Plaintiff to answer.  Each Plaintiff would know the details of the communication in which he or she was involved.  But the allegations Plaintiffs added to their Short-Form Complaints contain none of this information.  Although Plaintiffs' Amended Complaints offer specific information about Cook's knowledge of risks of filter placement and claimed that Cook's "concealment" of those risks led them to have filters placed, *see, e.g.,* Dkt 16360 ("Plaintiff relied on Cook's fraudulent concealment of adverse events when he elected to have a Cook Gunther Tulip filter installed…"), not one of them provides the particularized information the Court identified in its Order. *See* Dkt. 15907 at 9.

US.132660486.05

Indeed, a number of Plaintiffs did not even *pretend* to provide the required facts. Although this subset of Plaintiffs asserts in a heading that "Plaintiff and her doctors relied on Cook's fraudulent concealment when deciding to implant the Tulip filter," they allege no facts to support that conclusion, stating instead: "[TO BE COMPLETED WITH INDIVIDUAL FACTS]." *See, e.g.*, Dkt. 16862 at 8 (brackets and caps in original). The whole point of Rule 9(b), of course, is that a plaintiff must have facts to support a claim of fraud *before* actually making such a serious and damaging accusation. *See Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992) ("This higher [pleading] standard stems from the obvious concerns that general, unsubstantiated charges of fraud can do damage to a defendant's reputation.") (citing *Segal v. Gordon,* 467 F.2d 602, 607 (2d Cir.1972)); *see also Chisholm v. Foothill Cap. Corp.*, 940 F. Supp. 1273, 1280 (N.D. Ill. 1996) ("Rule 11 requires attorneys to make a 'reasonable inquiry' into the facts and law of a complaint prior to filing it with the court").

In sum, Plaintiffs' Amended Short-Form Complaints *still* fail to state the circumstances constituting fraudulent concealment with the particularity required by Rule 9(b), and the Court should once again dismiss them, this time with prejudice. *See Stanard v. Nygren*, 658 F.3d 792, 800 (7th Cir. 2011) (affirming dismissal where attorney "continued to demonstrate either an inability or unwillingness to comply with basic directions" and noting district court's comment that latest amendment did "nothing to correct the deficiencies previously identified").

- 10 -

## II.   PLAINTIFFS' AMENDED SHORT-FORM COMPLAINTS FAIL TO ALLEGE THAT COOK CONCEALED FROM THEM THE ACCRUAL OR EXISTENCE OF THEIR CAUSES OF ACTION AGAINST COOK.

Even assuming for the sake of argument that Plaintiffs had plead their fraudulent concealment claim with the required particularity, the conduct alleged cannot toll the statute of limitations or repose on Plaintiffs' claims because it does not relate to the accrual or discovery of Plaintiffs' claims.  To invoke fraudulent concealment tolling the statute of limitations or repose, a plaintiff cannot merely claim that the defendant concealed information about the dangers of a product; a plaintiff must allege that the defendant fraudulently concealed information *about the existence of the plaintiff's cause of action itself*.

The Court's February 22, 2021, Order dismissing Plaintiffs' original fraudulent concealment claims stated this standard for adequately pleading a claim of fraudulent concealment in clear and unambiguous terms:

> A claim of fraudulent concealment requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action.

Dkt. 15907 at 6.  The Court also cited and quoted half a dozen cases from across the country that stated the standard for fraudulent concealment in equally explicit terms.[11]

---

[11] The Court cited and quoted the following additional authority:  *Lyons v. Richmond Cmty. Sch. Corp.*, 19 N.E.3d 254, 260 (Ind. 2014) ("Fraudulent concealment is an equitable doctrine that operates to estop a defendant from asserting the statute of limitations as a bar to a claim whenever the defendant . . . 'has, either by deception or by a violation of duty, concealed from the plaintiff material facts thereby preventing the plaintiff from discovering a potential cause of action.'" (quoting *Doe v. Shults-Lewis Child & Family Servs., Inc.*, 718 N.E.2d 738, 744-45 (Ind. 1999)); *Trustmark Nat'l Bank v. Meador*, 81 So.3d 1112, 1119 (Miss. 2012) (holding fraudulent concealment requires a

And of course, the Court had already stated the standard twice before in rejecting fraudulent concealment claims in other cases in this MDL.  *See* Dkt. 13187 at 7-8 (*McDermitt*); Dkt. 5575 at 7 (*Graham*).

Applying this standard, the Court explained precisely how Plaintiffs' original allegations of fraudulent concealment in the Master Complaint fell short of adequately pleading a claim of fraudulent concealment:

> Plaintiffs' Master Complaint alleges the Cook Defendants actively concealed the risks associated with their IVC filters…(Master Compl. ¶¶ 195-96 at 36).  Noticeably absent, however, are any allegations that Defendants actively concealed their *causes of action*.  Indeed, Plaintiffs' allegations do not mention their causes of action at all.  This is fatal to their claims.  *See In re Bridgestone/ Firestone, Inc. ATX ATX II & Wilderness Tires Prods. Liab. Litig.*, No. IP00-9373-C-B/S, 2002 WL 31689271, at *4 (S.D. Ind. Nov. 20, 2002) (dismissing Plaintiff's fraudulent concealment claim premised on "the simple assertion that Firestone failed to disclose the defect in their tires to the general public, including Plaintiff", reasoning that "Plaintiff has neither alleged nor offered sufficient evidence from which a

---

plaintiff to "show that (1) some affirmative act or conduct was done and prevented discovery of the claim; and (2) due diligence was performed on its part to discover the claim"); *Emberton v. GMRI, Inc.*, 299 S.W.3d 565, 573 (Ky. 2009) ("[T]o toll the limitations period, the [fraudulent] concealment . . . must represent an 'affirmative act' . . . [and] 'must consist of some act or conduct which in point of fact misleads or deceives plaintiff and obstructs or prevents him from instituting his suit while he may do so.") (citations omitted); *Merrill v. W. Va. Dep't of Health & Human Res.*, 632 S.E.2d 307, 318 (W. Va. 2006) ("Fraudulent concealment requires that the defendant commit some positive act tending to conceal the cause of action from the plaintiff, although any act or omission tending to suppress the truth is enough."); *Garrett v. Arrowhead Imp. Ass'n*, 826 P.2d 850, 853 n. 7 (Colo. 1992) ("[W]here a defendant engages in fraudulent concealment of facts pertinent to the existence of a claim, the court may toll the statute of limitations."); *Chaney v. Fields Chevrolet Co.*, 503 P.2d 1239, 1241 (Or. 1972) (holding a plaintiff may claim a statute of limitations is tolled based on fraudulent concealment only where a defendant "wrongfully conceals material facts and thereby prevents discovery of his wrong or of the fact that a cause of action has accrued against him."). Dkt. 15907 at 6-7.  *See also* Dkt. 13187 at 8 (*McDermitt* Order) (citing *Lyons v. Richmond Cmty. Sch. Corp.*, 19 N.E.3d 254, 260 (Ind. 2014) and *Horn v. A.O. Smith Corp.*, 50 F.3d 1365, 1372 (7th Cir. 1995).

US.132660486.05

> jury could reasonably find that Firestone took any affirmative act to prevent Plaintiff from instituting her lawsuit within the time limit provided by statute").

Dkt. 15907 at 7 (emphasis by court, footnote omitted).

The Court's ruling makes unmistakably clear that a Plaintiff *cannot* state a claim for fraudulent concealment merely by alleging that Cook concealed the risks of injury from its filters in advance of the Plaintiff's filter placement. If any doubt remained on that point, however, the Court eliminated that doubt in addressing the individual response of Plaintiff Lillie Sauls, who attempted to make exactly that argument. The Court stated:

> Plaintiff Sauls maintains that under Texas law, she has adequately alleged an affirmative act by the Cook Defendants that prevented her from discovering her cause of action within the limitations period. She argues the "[Cook] Defendants knew information indicating that the exact injuries suffered by her were caused by its products, yet it hid that information from Plaintiff and from others by omitting it from all of its marketing materials, its IFU, and its postmarket materials." (Filing No. 15418, Resp. at 19). ***But this is just another way of saying the Cook Defendants failed to disclose the risk of injury from her filter. She does not argue that the Cook Defendants fraudulently concealed the existence of her cause of action.*** *See Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex. 1998) (holding that statute of limitations is tolled where defendant "fraudulently conceals the existence of a cause of action from the party to whom it belongs.").

Dkt. 15907 at 7 n.4 (emphasis added).

Despite the Court's clear direction, not a single one of the Amended Short-Form Complaints alleges that Cook even knew that any Plaintiff had a Cook filter, much less that Cook knew that Plaintiff had a cause of action against it and acted affirmatively to conceal the existence of the cause of action from that Plaintiff. A defendant cannot fraudulently conceal from a plaintiff the existence of a cause of action against it if the defendant does not even know that the cause of action exists. *See, e.g.*, Dkt. 13187 at 7-8

- 13 -

(*McDermitt*).   Yet not one of the Plaintiffs amending their complaints even alleged that Cook knew that the Plaintiff had a Cook filter or had a cause of action against Cook.

In sum:

- The Court's February 22, 2021, Order made clear that "[a] claim of fraudulent concealment requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action." Dkt. 15907 at 6.

- None of the Plaintiffs alleged in their Amended Short-Form Complaint that Cook had fraudulently concealed information from them about the existence of their cause of action.

Plaintiffs' Amended Short-Form Complaints thus ***still*** fail to plead a legally sufficient basis for their claims of fraudulent concealment under the standard the Court set out in its February 22, 2021, Order, and the Court should dismiss those claims, this time with prejudice.  *See Stanard*, 658 F.3d at 800; *Les Allott, Inc. v. Village of Hopkins Park*, 922 F.2d 843, 843 (7th Cir. 1991) (affirming dismissal of claim where plaintiff failed to plead necessary element).[12]

---

[12] Some courts have found that amended pleadings like these that disregard a court's prior rulings in this way may justify sanctions.  *See, e.g.*, *R.E. Davis Chem. Corp. v. Nalco Chem. Co.*, No. 89 C 1182, 1991 U.S. Dist. LEXIS 14199 (N.D. Ill. Oct. 4, 1991) ("the Court finds that sanctions pursuant to Rule 11 for failure to replead consistent with the legal standards previously outlined by this Court"); *Grossman v. Citrus Assoc. of N.Y. Cotton Exchange, Inc.*, 742 F. Supp. 843, 854-55 (S.D.N.Y. 1990) (leave to replead denied and Rule 11 sanctions imposed where second amended complaint remained defective despite extensive motion practice resulting in dismissal of first amended complaint).  Here, at the very least, Plaintiffs' continued failure to try to meet the standards the Court has established justifies dismissal with prejudice.

US.132660486.05

## **CONCLUSION**

For the reasons stated above, the Cook Defendants urge the Court to grant their renewed motion and to dismiss with prejudice all Plaintiffs' claims that fraudulent concealment tolls the statute of limitations or repose on their causes of action.

Respectfully submitted,

Dated: April 30, 2021

/s/ Bruce Jones
Bruce Jones
FAEGRE DRINKER, BIDDLE & REATH LLP
90 South Seventh Street, Suite 2200
Minneapolis, Minnesota 55402
Telephone: (612) 766-7000
Bruce.Jones@faegredrinker.com

Andrea Roberts Pierson
Jessica Benson Cox
FAEGRE DRINKER, BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@faegredrinker.com
Jessica.Cox@faegredrinker.com

James Stephen Bennett
FAEGRE DRINKER, BIDDLE & REATH LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@faegredrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, William Cook Europe ApS*

- 15 -

US.132660486.05

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 30, 2021, a copy of the foregoing Cook Defendants'

Memorandum in Support of Renewed Motion For Partial Dismissal of Claims of

Fraudulent Concealment was filed electronically, and notice of the filing of this

document will be sent to all parties by operation of the Court's electronic filing system to

CM/ECF participants registered to receive service in this matter. Parties may access this

filing through the Court's system.

/s/ Bruce Jones

US.132660486.05

# APPENDIX

## (State Law Fraudulent Concealment Cases)

**Alabama:** *Scharff v. Wyeth*, No. 2:10-CV-220-WKW [WO], 2011 U.S. Dist. LEXIS 85132, at *40 (M.D. Ala. Aug. 2, 2011) ("[A] breach of the duty to warn by a manufacturer does not toll the statute of limitations under Alabama law, because 'a mere failure or refusal to warn, without more, while actionable, does not rise to the level of fraudulent concealment [that tolls the statute of limitations].'" (quoting *Cazalas v. Johns-Manville Sales Corp.*, 435 So. 2d 55, 58 (Ala. 1983))); *Mason v. Mobile County*, 410 So.2d 19, 21 (Ala. 1982) (holding fraudulent concealment "cannot act to toll the statute of limitations in this action because there has been no concealment of the cause of action or injury")

**Alaska:** *Sharrow v. Archer,* 658 P.2d 1331, 1333 (Alaska 1983) ("[A] party who fraudulently conceals from a plaintiff the existence of a cause of action may be estopped to plead the statute of limitation if the plaintiff's delay in bringing suit was occasioned by reliance on the false or fraudulent representation.") (quoting *Chiei v. Stern,* 561 P.2d 1216, 1217 (Alaska 1977))*; Waage v. Cutter Biological Div. of Miles Labs.,* 926 P.2d 1145, 1149 (Alaska 1996) ("the fraudulent conduct may be either an affirmative misrepresentation, or a failure to disclose facts where there is a duty to do so.")

**Arizona:** *Jackson v. American Credit Bureau, Inc.,* 23 Ariz. App. 199, 531 P.2d 932 (1975) ("To toll the statute of limitations, the defendant's conduct must be directed to obtaining the delay of which he actively seeks to take advantage by pleading the statute.");-*Ulibarri v. Gerstenberger*, 178 Ariz. 151, 162, 871 P.2d 698, 709 (Ct. App. 1993) ("The wrongful concealment sufficient to toll a statute of limitations requires a positive act by the defendant taken for the purpose of preventing detection of the cause of action.").

**Arkansas:** *Meadors v. Still*, 344 Ark. 307, 309, 40 S.W.3d 294, 296 (2001) ("[T]o toll the statute of limitations, we said that plaintiffs were required to show something more than a continuation of a prior nondisclosure.  We said that there must be evidence creating a fact question related to 'some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in a way that it conceals itself.'")

**California:** *Britton v. Girardi*, 235 Cal. App. 4th 721, 734, 185 Cal. Rptr. 3d 509, 519 (2015) (Fraudulent concealment means "'that the defendant, having by fraud or deceit concealed material facts and by misrepresentations hindered the plaintiff from bringing an action within the statutory period, is estopped from taking advantage of his own wrong.'") (quoting *Pashley v. Pacific Elec. Ry. Co.,* 25 Cal.2d 226, 231, 153 P.2d 325 (1944)); *Long v. Walt Disney Co.*, 116 Cal. App. 4th 868, 874, 10 Cal. Rptr. 3d 836, 841 (2004) ("The doctrine of fraudulent concealment is similarly inapplicable in this case. Absent a fiduciary relationship, nondisclosure is not fraudulent concealment—affirmative

US.132660486.05

deceptive conduct is required."); *Bernson v. Browning-Ferris Ind.*, 7 Cal. 4th 926, 931 (Cal. App. 1994) ("It has long been established that the defendant's fraud in concealing a cause of action against him tolls the applicable statute of limitations") (quoting *Sanchez v. South Hoover Hospital*, 18 Cal.3d 93, 99 (Cal 1976)).

**Colorado:** *Smith v. Boyett*, 908 P.2d 508, 512 (Colo. 1995) ("We have defined the elements of fraudulent concealment that a plaintiff must prove to toll a statute of limitations as follows: (1) the concealment of a material existing fact that in equity and good conscience should be disclosed; (2) knowledge on the part of the party against whom the claim is asserted that such a fact is being concealed; (3) ignorance of that fact on the part of the one from whom the fact is concealed; (4) the intention that the concealment be acted upon; and (5) action on the concealment resulting in damages."); *Garrett v. Arrowhead Imp. Ass'n,* 826 P.2d 850, 853 n.7 (Colo. 1992) ("where a defendant engages in fraudulent concealment of facts pertinent to the existence of a claim, the court may toll the statute of limitations").

**Connecticut:** *Carson v. Allianz Life Ins. Co. of N. Am.*, 184 Conn. App. 318, 326, 194 A.3d 1214, 1220-21 (2018) ("[T]o prove fraudulent concealment, [a plaintiff is] required to show: (1) a defendant's actual awareness, rather than imputed knowledge, of the facts necessary to establish the [plaintiff's] cause of action; (2) that defendant's intentional concealment of these facts from the [plaintiff]; and (3) that defendant's concealment of the facts for the purpose of obtaining delay on the [plaintiff's] part in filing a complaint on [her] cause of action. . . the [defendant's] actions must have been directed to the very point of obtaining the delay [in filing the action] of which [the defendant] afterward [seeks] to take advantage by pleading the statute. . . ." (alterations in original and internal citations omitted)).

**Delaware:** *Halpern v. Barran*, 313 A.2d 139, 143 (Del. Ch. 1973) ("Fraudulent concealment requires that something affirmative be done by a defendant, some 'actual artifice' which prevents a plaintiff from gaining knowledge of the facts, or some misrepresentation which is intended to put the plaintiff off the trail of inquiry.")

**D.C.:** *William J. Davis, Inc. v. Young*, 412 A.2d 1187, 1191 (D.C. 1980) (For fraudulent concealment, "the defendant must have done something of an affirmative nature designed to prevent discovery of the cause of action.")

**Florida:** *Allie v. Ionata*, 417 So. 2d 1077, 1078 (Fla. Dist. Ct. App. 1982) ("Fraudulent concealment can toll the running of a statute of limitations when it can be shown that the fraud has been perpetrated upon the injured party so as to place him in ignorance of his right to sue."); *Nardone v. Reynolds*, 333 So. 2d 25, 37 (Fla. 1976) ("[T]wo elements are required before the equitable principle of fraudulent concealment will be utilized to toll the statute of limitations, to-wit: plaintiff must show both successful concealment of the cause of action and fraudulent means to achieve that concealment.")

**Georgia:** Ga. Code Ann. § 9-3-96 (1982) (Georgia statute expressly tolls the statute of limitations for fraudulent concealment by providing that when a defendant is guilty of

"fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud."); *Charter Peachford Behavioral Health Sys. v. Kohout*, 233 Ga. App. 452, 457, 504 S.E.2d 514, 522 (1998) (Ga. Code Ann. § 9-3-96 "has three elements: (1) actual fraud involving moral turpitude on the part of the defendant; (2) the fraud must conceal the existence of the cause of action from the plaintiff, thereby debarring or deterring the knowing of the cause of action; and (3) plaintiff exercised reasonable diligence to discover the cause of action, notwithstanding the failure to discover within the statute of limitation.")

**Hawaii:** *Au v. Au*, 63 Haw. 210, 215, 626 P.2d 173, 178 (1981) ("Fraudulent concealment has been defined as 'employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action. The acts relied on must be of an affirmative character and fraudulent.'").

**Idaho:** *Allen v. A.H. Robins Co., Inc.,* 752 F.2d 1365 (9th Cir. 1985) ("The fraudulent concealment exception to the Idaho accrual rule applies when the 'fact of damage has ... been fraudulently and knowingly concealed from the injured party.'" (citing Idaho Code § 5-219(4))); *Theriault v. A.H. Robins Co.*, 108 Idaho 303, 307, 698 P.2d 365, 369 (1985) ("[The plaintiff] has failed to produce any evidence of conduct by [the defendant] designed to conceal facts in an effort to hinder her in prosecuting her claim; nor is there anything in the record to show that [the defendant] concealed material facts or made false representations which lulled [the plaintiff] into inaction during the period in which she could have brought this lawsuit. We conclude that the evidence of fraudulent concealment, even when viewed in the light most favorable to [the plaintiff], was insufficient to establish a triable issue.").

**Illinois:** *Cangemi v. Advocate S. Suburban Hosp.*, 845 N.E.2d 792, 804 (Ill. Ct. App. 2006) ("Generally, a plaintiff who invokes section 13-215 [fraudulent concealment] to toll the statute of limitations must show 'affirmative acts by the defendant which were designed to prevent, and in fact did prevent, the discovery of the claim." (internal citations and quotation omitted)).

**Indiana:** *Olcott Int'l & Co. v. Micro Data Base Sys.*, 793 N.E.2d 1063, 1072 (Ind. Ct. App. 2003) ("[T]o toll the statute of limitations, a defendant's concealment of a cause of action must be active and intentional unless the parties are in a fiduciary relationship that imposes a duty to disclose, in which case mere silence may be sufficient to toll the limitations period.").

**Iowa:** *Christy v. Miulli*, 692 N.W.2d 694, 702 (Iowa 2005) ("A party relying on the doctrine of fraudulent concealment must prove the defendant did some affirmative act to conceal the plaintiff's cause of action independent of and subsequent to the liability-producing conduct.")

**Kansas:** *Foxfield Villa Assocs., LLC v. Robben*, 57 Kan. App. 2d 122, 130, 449 P.3d 1210, 1217 (2019) ("In order to toll a statute of limitations, the party's 'concealment must

be fraudulent or intentional and, in the absence of a fiduciary or confidential relationship, there must be something of an affirmative nature designed to prevent, and which does prevent, discovery of the cause of action.'" (quoting *Friends University v. W.R. Grace & Co.*, 608 P.2d 936, (Kansas 1980))).

**Kentucky:** *Emberton v. GMRI, Inc.,* 299 S.W.3d 565, 573 (Ky. 2009) ("[I]n order to toll the limitations period, [fraudulent] concealment . . . must represent an 'affirmative act' and 'cannot be assumed' . . . [and] 'must consist of some act or conduct which in point of fact misleads or deceives plaintiff and obstructs or prevents him from instituting his suit while he may do so.'" (citations omitted)).

**Louisiana:** *Albe v. City of New Orleans*, 2014-0186 ( La. App. 4 Cir 09/17/14), 150 So. 3d 361, 368 (Fraudulent concealment tolls statute of limitations "when the defendant has done some act effectually to lull the victim into inaction and prevent him from availing himself of his cause of action.")

**Maine:** *McKinnon v. Honeywell Int'l, Inc.*, 2009 ME 69, ¶ 15, 977 A.2d 420, 426 (noting that under Maine's fraudulent concealment tolling statute, 14 M.R.S. § 859, a plaintiff must plead that a defendant "actively concealed material facts [regarding the cause of action]. . . that [plaintiff] relied [detrimentally] on [defendant's] acts and statements").

**Maryland:** *Rhee v. Highland Dev. Corp.*, 958 A.2d 385, 390 (2008) ("Absent a fiduciary relationship . . . a plaintiff seeking to establish fraudulent concealment must prove that the defendant took affirmative action to conceal the cause of action and that the plaintiff could not have discovered the cause of action despite the exercise of reasonable diligence and that . . . the affirmative act on the part of the defendant must . . . be some act intended to exclude suspicion and prevent injury, or there must be a duty on the part of the defendant to disclose such facts, if known."); *Bacon v. Arey,* 203 Md. App. 606, 653-54 (2012) ("[T]he complaint must 'contain specific allegations of how the fraud kept the plaintiff in ignorance of a cause of action, how the fraud was discovered, and why there was a delay in discovering the fraud, despite the plaintiff's diligence.'").

**Massachusetts:** *Mills v. Andover Bank*, 9 Mass. L. Rep. 397 (1998) ("To invoke the doctrine of fraudulent concealment as grounds for equitable tolling, a plaintiff must allege that the defendant actually concealed 'from the person injured knowledge of the facts giving rise to a cause of action and the means of acquiring knowledge of such facts.' Further, this concealment 'must be actually accomplished by positive acts done with the intention to deceive' the plaintiff.'" (internal citations omitted)).

**Michigan:** *Tonegatto v Budak*, 112 Mich. App. 575, 583; 316 N.W.2d 262 (1982) ("'Fraudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action. The acts relied on must be of an affirmative character and fraudulent.'" (quoting *De Haan v Winter*, 258 Mich. 293, 296; 241 NW 923 (1932))).

**Minnesota:** *Haberle v. Buchwald*, 480 N.W.2d 351, 357 (Minn. App. 1992) ("A statute of limitations may be tolled if the cause of action is fraudulently concealed by the

US.132660486.05

defendant. To establish fraudulent concealment, a plaintiff must prove there was an affirmative act or statement which concealed a potential cause of action, that the statement was known to be false . . . , and that the concealment could not have been discovered by reasonable diligence." (citation omitted)).

**Mississippi:** *Milam v. Kelly*, 282 So. 3d 682, 693 (Miss. App. 2019) ("In order '[t]o establish a claim of fraudulent concealment, there must be shown some act or conduct of an affirmative nature designed to prevent and which does prevent discovery of the claim.'  Specifically, '[t]he party is required to show that (1) some affirmative act of conduct was done and prevented discovery of the claim; and (2) due diligence was performed on its part to discover the claim.'" (internal citations and quotations omitted)).

**Missouri:** *Hasenyager v. Bd. of Police Com'rs of Kansas City*, 606 S.W.2d 468 (Mo. App. 1980) ("To constitute concealment of a cause of action within the general rule tolling the statute of limitations on that ground the concealment must be fraudulent or intentional and, * * * there must be something of an affirmative nature designed to prevent, and which does prevent, discovery of the cause of action.") (quoting 51 Am.Jur.2d, Limitation of Actions, Section 148, p. 719); *M & D Enters. v. WOLFF,* 923 S.W.2d 389, 400 (Mo. Ct. App. 1996) ("A court will seldom find that a party is estopped to plead the statute of limitations unless that party made positive efforts to avoid the bringing of suit against him or misled the claimants.")

**Montana:** *Yarbro, Ltd. v. Missoula Fed. Credit Union,* 2002 MT 152, ¶ 27, 310 Mont. 346, 353, 50 P.3d 158, 163 ("For fraudulent concealment to occur, 'there must be an affirmative act committed by the defendant, and the affirmative act must be calculated to obscure the existence of the cause of action.'" (quotation omitted)).

**Nebraska:** *Upah v. Ancona Bros. Co.*, 246 Neb. 585, 594-95, 521 N.W.2d 895, 902 (1994) ("Under the doctrine of fraudulent concealment, the plaintiff must show … that the defendant committed some affirmative act of fraudulent concealment which prevented the plaintiff from discovering his or her cause of action." (citation omitted)).

**Nevada:** *Winn v. Sunrise Hosp. & Med. Ctr.*, 128 Nev. 246, 255, 277 P.3d 458, 464 (2012) (explaining that concealment, in the context of tolling the statute of limitations, when "(1) an intentional act by one party . . . (2) prevents or hinders another party from learning" existence of cause of action).

**New Hampshire:** *Lamprey v. Britton Constr.*, 163 N.H. 252, 259-60, 37 A.3d 359, 366-67 (2012) ("Fraudulent concealment occurs when '[o]ne party to a transaction … by concealment or other action intentionally prevents the other from acquiring material information.' It 'require[s] something affirmative in nature designed or intended to prevent, and which does prevent, the discovery of facts giving rise to a cause of action — some actual artifice to prevent knowledge of the facts or  some representation intended to exclude suspicion and prevent inquiry.'" (internal citations omitted)).

**New Jersey:** *Binder v. Price Waterhouse & Co., L.L.P.*, 393 N.J. Super. 304, 312, 923 A.2d 293, 298 (Super. Ct. App. Div. 2007) (under New Jersey law, "[e]quitable tolling

has generally been applied … [where] 'the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass'." (alteration in original)); *Freeman v. State*, 347 N.J. Super. 11, 31, 788 A.2d 867, 880 (Super. Ct. App. Div. 2002) ("[A]bsent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice.").

**New Mexico:** *Little v. Baigas*, 2017-NMCA-027, ¶ 24, 390 P.3d 201, 210 (NM Court of App. 2016) ("Fraudulent concealment may be either active, as with an affirmative effort to conceal the negligence such as a false representation, or the fraud may be passive where, in a confidential relationship, a duty to speak exists, and the defendant, with knowledge of his negligence, remains silent." (citing *Kern ex. rel. Kern v. St. Joseph Hosp., Inc.*, 1985-NMSC-031, ¶ 32, 102 N.M. 452, 697 P.2d 135 (NM 1985))).

**New York:** *Erbe v. Lincoln Rochester Tr. Co.*, 13 A.D.2d 211, 213, 214 N.Y.S.2d 849, 852 (App. Div. 4th Dept. 1961) (applying equitable estoppel on the basis of fraudulent concealment when defendant affirmatively acted "by deception or any violation of duty towards plaintiff"); *Simcuski v. Saeli*, 44 N.Y.2d 442, 448-49, 406 N.Y.S.2d 259, 262, 377 N.E.2d 713, 716 (1978) ("It is the rule that a defendant may be estopped to plead the Statute of Limitations where plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action.").

**North Carolina:** *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 69 N.C. App. 505, 509, 317 S.E.2d 41, 44 (1984) ("Equitable estoppel is appropriate when the delay in initiating an action has been induced by acts, representations, or conduct, the repudiation of which would amount to a breach of good faith."); *Meacham v. Board of Education*, 47 N.C. App. 271, 277-78, 267 S.E.2d 349, 353 (1980) (citation omitted) "The essential elements of an equitable estoppel as related to the party estopped are: (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is reasonably calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party afterwards attempts to assert; (2) intention or expectation that such conduct shall be acted upon by the other party, or conduct which at least is calculated to induce a reasonably prudent person to believe such conduct was intended or expected to be relied and acted upon; (3) knowledge, actual or constructive, of the real facts.").

**North Dakota:** *Roether v. Nat'l Union Fire Ins. Co.*, 200 N.W. 818, 822 (N.D. 1924) (in claim of fraudulent concealment, "mere silence by the person liable is not such concealment, but that there must be some affirmative act or representation designed to prevent, and which does, in fact, prevent discovery of the cause of action, or lulls suspicion as to its existence.").

**Ohio:** *JPMorgan Chase Bank, NA v. Carroll*, 2013 Ohio 5273, ¶ 35 (Ohio App. 2013) (for equitable tolling to apply, plaintiff must show that defendant "was guilty of some affirmative act of fraudulent concealment which frustrated discovery [of the cause of

action] notwithstanding [plaintiff's] diligence." (quoting *Trimm v. Fifth Third Mtg. Co.*, No. 3:10CV1602, 2010 WL 3515596, *3 (N.D. Ohio, Sept. 3, 2010))).

**Oklahoma:** *Moore v. Delivery Services, Inc.*, 618 P.2d 408, 409 (Okla. Civ. App. 1980) (statute of limitations begins to run "unless there has been fraudulent concealment of the cause of action on the part of the person against whom it lies"); *Krug v. Helmerich & Payne, Inc.*, 2013 OK 104, ¶ 40, 320 P.3d 1012, 1023 ("a defendant is estopped from interposing the defense of a time bar when the defendant's conduct has induced the plaintiff to refrain from timely bringing an action because of the defendant's false, fraudulent or misleading conduct or some act that induces the plaintiff to refrain from timely bringing the action.").

 **Oregon:** *Classen v. Arete NW, LLC*, 254 Or.App. 216, 294 P.3d 520 (Or. App. 2012) ("Fraudulent concealment in the pertinent sense involves concealment of the 'fact that a cause of action has accrued' against the defendant.") (quoting *Chaney v. Fields Chevrolet Co.*, 264 Or. 21, 27, 503 P.2d 1239 (1972)).

**Pennsylvania:** *Lange v. Burd*, 2002 PA Super 158, ¶ 5, 800 A.2d 336, 339 (for the doctrine of fraudulent concealment to apply, a defendant "must have committed some affirmative independent act of concealment upon which the plaintiffs justifiably relied").

**Rhode Island:** *Boudreau v. Automatic Temperature Controls, Inc.*, 212 A.3d 594, 601 (R.I. 2019) ("To prove fraudulent concealment, it is a plaintiff's burden to show '{1} that the defendant made an actual misrepresentation of fact; and (2) that, in making such misrepresentation, the defendant fraudulently concealed the existence of the plaintiff's causes of action.'" (citation omitted)); *Ryan v. Roman Catholic Bishop*, 941 A.2d 174, 182-83 (R.I. 2008) (in order to demonstrate fraudulent concealment of a cause of action, "the plaintiff must demonstrate that the defendant made an express representation or [engaged in] other affirmative conduct amounting in fact to such a representation which could reasonably deceive another and induce him [or her] to rely thereon to his [or her] disadvantage" (internal citations omitted)).

**South Carolina:** *Doe v. Bishop of Charleston*, 407 S.C. 128, 140, 754 S.E.2d 494, 500-01 (2014) (Fraudulent concealment requires "[d]eliberate acts of deception by a defendant calculated to conceal from a potential plaintiff that he has a cause of action toll the statute of limitations.")

**South Dakota:** *Gades v. Meyer Modernizing Co.*, 2015 S.D. 42, ¶ 12, 865 N.W.2d 155, 160 ("[F]raudulent concealment applies . . . when actionable conduct or injury has been concealed by deceptive act or artifice. In the absence of a confidential or fiduciary relationship, a plaintiff alleging fraudulent concealment must allege some affirmative act or conduct on the part of the defendant designed to prevent, and which does prevent, the discovery of the cause of action." (internal quotations omitted)); *Eagleman v. Diocese of Rapid City*, 2015 S.D. 22, ¶ 32, 862 N.W.2d 839, 851 ("[F]raudulent concealment 'denotes efforts by the defendant — above and beyond the wrongdoing upon which the plaintiff's claim is founded — to prevent the plaintiff from suing in time.'")

US.132660486.05

**Tennessee:** *In re Estate of Davis*, 308 S.W.3d 832, 842 (Tenn. 2010) ("In order to establish a fraudulent concealment that serves to toll a statute of limitations, there must be proof that the cause of action was knowingly concealed from the plaintiff by an actor who withheld information, misled the plaintiff, or failed to disclose despite a duty to do so, and that because of this concealment, the plaintiff could not have discovered the cause of action while exercising reasonable care and diligence."); *In re Estate of Morris v. Morris*, 329 S.W.3d 779, 784 (Tenn. Ct. App. 2009) ("The elements of fraudulent concealment as set forth by the Tennessee Supreme Court are: (1) an affirmative act by the defendant to conceal the cause of action or the failure to disclose material facts despite a duty to speak; (2) that the plaintiff could not have discovered the cause of action despite exercising reasonable care and diligence; (3) the defendant must be aware of the wrong; (4) the concealment of material information from the plaintiff." (internal quotations omitted)).

**Texas:** *Vial v. Gas Sols., Ltd.*, 187 S.W.3d 220, 229 (Tex. App. 2006) ("Fraudulent concealment tolls the statute of limitations due to the defendant's active suppression of the truth or failure to disclose when the defendant is under a duty to disclose." (internal quotations omitted)).

**Utah:** *Stephenson v. Elison*, 2017 UT App 149, ¶ 27, 405 P.3d 733, 739 ("Fraudulent concealment occurs when the plaintiff "does not become aware of the cause of action because of the defendant's concealment or misleading conduct[.]")

**Vermont:** *Troy v. Am. Fid. Co.,* 120 Vt. 410, 423, 143 A.2d 469, 477 (1958)("Fraudulent concealment of a cause of action which will postpone the running of the statute of limitations must consist of some affirmative act. Concealment of facts by one whose duty it is to disclose them is deemed to be fraudulent.")

**Virginia:** *Newman v. Walker*, 270 Va. 291, 296, 618 S.E.2d 336, 338 (2005) ("Mere silence by the person liable is not concealment, but there must be some affirmative act or representation designed to prevent, and which does prevent, the discovery of the cause of action. Concealment of a cause of action preventing the running of limitations must consist of some trick or artifice… ").

**Washington:** *Giraud v. Quincy Farm & Chem.*, 102 Wash. App. 443, 452, 6 P.3d 104, 110 (2000) ("In order to establish fraudulent concealment, the plaintiff must show that he or she was ignorant of the defect and the plaintiff must further show that the defendant engaged in some conduct of an affirmative nature designed to prevent the plaintiff from becoming aware of the defect. Absent a special relationship between the parties, the defendant's failure to disclose the existence of the defect to the plaintiff is insufficient" (internal citations omitted)).

**West Virginia:** *Merrill v. W.Va. Dep't of Health & Human Res.,* 219 W.Va. 151, 632 S.E.2d 307 (2006) ("Fraudulent concealment requires that the defendant commit some positive act tending to conceal the cause of action from the plaintiff").

US.132660486.05

**Wisconsin**: *State ex rel. Susedik v. Knutson*, 52 Wis. 2d 593, 596-97, 191 N.W.2d 23 (1971) ("The doctrine of [equitable estoppel] may be applied to preclude a defendant who had been guilty of fraudulent or inequitable conduct from asserting the statute of limitation . . . [t]he aggrieved party must have relied on the representation or acts [affirmative conduct] of the defendant, and . . . [t]he acts, promises or representations . . . occur[] before the expiration of the limitation period.")

**Wyoming:** *Boller v. Western Law Associates, P.C.,* 828 P.2d 1184 (Wyo. 1992) ("the fraudulent concealment of facts necessary to a cause of action can estop the assertion of the statute of limitations) (citing *Olson v. A.H. Robins Co., Inc.,* 696 P.2d 1294 (Wyo.1985)); *Turner v. Turner*, 582 P.2d 600, 602 (Wyo. 1978) ("where the delay in commencing an action is induced by the conduct of the defendant, it cannot be availed by him as a defense").

US.132660486.05