# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates Only to the Following Cases: Jose Trevino, 1:17-cv-02728 | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28

Comes now Plaintiff through undersigned counsel and submits this Response in Opposition to Cook Defendants' Motion for Judgment pursuant to CMO-28.[1] For the reasons below, Plaintiff respectfully requests that this Court deny Defendants' Motion. At the time of the attempted removal of his Cook IVC Filter on December 4, 2009, Plaintiff did not know, nor could have reasonably known that his injuries were caused by a defective Cook IVC Filter. Plaintiff was not aware until at least November 2015, when he first attributed his injuries to the Cook IVC filter at issue in this case. *See* Exhibit A., Dkt. 12031-1, Affidavit of Jose Trevino filed October 3, 2019. Additionally, due to Cook's fraudulent concealment of the defects in its IVC filter, it was unreasonable for Plaintiff to discover that his injuries were caused by specific defects in that filter. *See* Plaintiff's Amended Complaint, Dkt. 17172.

## STANDARD OF REVIEW

When a party moves for judgment on the pleadings, that party "must demonstrate that there are no material issues of fact to be resolved." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). The Court must view all the "facts and inferences in the light most favorable to the non-moving party." *Id*. "A district court should

---

[1] Plaintiff notes that this case is also a part of Defendants' Omnibus Motion for Summary Judgment Based on the Statutes of Limitations and directs the Court to consider and fully incorporate Plaintiff's previous response and Exhibit A – Notarized Affidavit filed October 3, 2019. (*See* Dkt 12031 and 12031-1).

grant summary judgment only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits 'show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Miller v. A.H. Robins Co.,* 766 F.3d 1102, 1104 (7th Cir. 1985) (quoting Fed. R. Civ. P. 56). In this case, there is a genuine issue of material fact in dispute as to when Mr. Trevino's claim accrued.

## ARGUMENT

I. **Plaintiff Filed His Personal Injury Claims Within the Texas Statute of Limitations.**

Under Texas law, a person must bring suit for personal injury no later than two years after the day the cause of action accrues. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). Under Texas' discovery rule, the limitations period is tolled until the plaintiff discovers, or through the exercise of reasonable diligence should have discovered, the nature of the injury. *Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex.1988).

Defendant contends that the attempted removal date of the IVC Filter serves as a trigger of the statute of limitations. Courts should not grant summary judgment for defendant if there is an issue of fact as to when the limitations period began, such as in products-liability actions in which the statutory period begins to run when plaintiff knew or should have known that the injury was caused by defendant's product. *Terrebonne Parish School Board v. Mobil Oil Corporation*, 310 F.3d 870 (5th Cir. 2002).

Here, there is an issue of fact as it is impossible for Defendant to know when Plaintiff obtained the relevant information necessary to connect his injury to the IVC Filter. Plaintiff filed a notarized Affidavit on October 3, 2019 indicating that he did not become aware that the IVC Filter was manufactured by Cook and that it was likely defective and likely causing his injuries until November 2015. Without proper discovery, it is impossible to determine what knowledge Plaintiff had about his condition in relation to the filter. Further discovery is needed to reveal the

necessary evidence to know when Plaintiff could have known about his injury. What we do know is the Plaintiff connected his injury with the IVC Filter by November 2015. (*See* Exhibit A). Because it is impossible to determine when Plaintiff knew or could have known the nature of his injury without proper discovery, this Court should deny Defendant's Motion.

### II. Fraudulent Concealment

A "defendant's fraudulent concealment of wrongdoing may toll the statute of limitations after the cause of action accrues." *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 67 (Tex. 2011). This Court has held that a claim of fraudulent concealment "requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action." *See* Doc. 15907, p. 6 *et seq.* On February 22, 2021, this Court issued an order permitting plaintiffs to amend their complaints to include factual allegations supporting claims of fraudulent concealment. *Id.*

On March 29, 2021, Plaintiff filed an amended complaint with a sealed brief alleging the particular grounds for his fraudulent concealment claim. Here, Plaintiff's ordinary diligence in pursuing the cause of his injuries was frustrated by the fact that Cook fraudulently concealed a great deal of information relating to the defective nature of its IVC filter at the time of the attempted removal in 2009. The evidence shows Cook made misrepresentations to doctors and patients across the country regarding the risks it was aware of concerning its IVC filters. Plaintiff and his doctors were unaware of the true risks of the Cook IVC filter at the time of implant and Plaintiff cannot reasonably be held to a higher degree of knowledge than his own physicians who did not inform him the filter was defective. However, once Plaintiff learned of Cook's fraud and the defective nature of its IVC filter, he timely filed his Complaint, thereby making his Complaint timely due to the fraudulent concealment tolling his statute of limitations.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests this Court deny Cook's Motion for Judgment on the Pleadings and grant Plaintiff any relief that this Court deems appropriate.

Respectfully Submitted,

Dated: May 3, 2021

/s/ Rhett A. McSweeney
Rhett A. McSweeney
MN Bar No. 269542
McSweeney/ Langevin LLC
2116 Second Avenue South
Minneapolis, MN 55404
Telephone: (877) 542- 4646
Fax: (612) 454-2678
Ram@westrikeback.com

*Counsel for Plaintiff Jose Trevino*

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2021, a copy of the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28** was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ Rhett A. McSweeney