UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
OF INDIANA INDIANAPOLIS
DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS L I A B I L I T Y  LITIGATION

Case No. 1:14-ml-2570
MDL No. 2570

This Document Relates Only to the Following

Case: Del Cid, Jose, 1:17-cv-01704

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28

Now comes Plaintiff, Jose Del Cid, by and through Counsel and submits this Response in Opposition to Cook Defendants' Motion for Judgment in Plaintiff's Case Pursuant to CMO-28. Cook has once again filed a dispositive motion in this case on the same grounds. *See* Response In Opposition to COOK's Omnibus Motion for Summary Judgment, Docket Number 13. What is more, COOK failed to even serve its latest motion on Plaintiff's counsel until today. Seventeen days after COOK filed its motion.

Furthermore, Cook has offered no evidence that Plaintiff was told or knew at the time of the attempted removal surgery that the Celect IVC filter had fractured or injured Plaintiff. Likewise, it was impossible for Plaintiff to discover that the Celect IVC filter was defective years before litigation was brought against Cook for its IVC filters and during when Cook actively spread falsehoods about its Celect IVC filter. Plaintiff relied on COOK for all the information regarding the effectiveness and safety of their product. What is more, MDL 2570 was not even established at the time that COOK asserts in its Motion that Plaintiff's statute of limitation ran. It was nearly impossible for Plaintiff to discover that his injuries were caused by the defective nature of the Celect filter until he saw the ad notifying him that his injuries might have been caused by the filter.

1

Plaintiff respectfully requests that this Court deny Defendants' Motion and, in support thereof, states as follows:

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiff did not know nor could he have known that his injuries were caused by a defective Cook IVC Filter until late 2016 when he was first informed that his filter was defective. See Affidavit of Jose Del Cid. **Exhibit A.**

### I. Standard of Review

When a party moves for judgment on the pleadings, that party "must demonstrate that there are no material issues of fact to be resolved." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). The Court must view all the "facts and inferences in the light most favorable to the non-moving party." *Id*. The Court should not allow the motion to deprive the non-moving party the opportunity to make its case against the moving party. *Id.*

### II. Under Virginia or Indiana Law the Discovery Rule Applies and Plaintiff's Claims are Timely.

Both Virginia and Indiana have a two year statute of limitations. Va. Code § 8.01-249. and Ind. Code § 34-20-3-1.

Virginia and Indiana apply the "reasonably diligent plaintiff standard" to determine if the discovery rule applies. *Nelson v. Sandoz Pharm. Corp.*, 288 F.3d 954, 966 (7th Cir. 2002) see *Va. Code § 8.01-249.*"Generally, though, the plaintiff's suspicion, standing alone, about the source of her injury is insufficient to trigger the onset of the limitations period." *Nelson v. Sandoz Pharm. Corp.*, 288 F.3d at 966. As such, "[t]he limitations period will begin to run when a physician suggests there is a 'reasonable possibility, if not a probability' that a specific product caused the plaintiff's injury. *Id.*

Here, it is Cook's burden to "demonstrate that there are no material issues of fact to be resolved." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). Yet in its brief, COOK fails to demonstrate or point to any event that should have caused Plaintiff to have even have a suspicion that the Celect had caused him injury. Cook blindly points to a

2

medical record that notes "Attempt at IVC filter retrievable was unsuccessful" as proof that Plaintiff was aware of this injury from the filter while at the same time advertising the Celect filter as an IVC filter that is **Optional** for Retrieval[1]. Furthermore, COOK has been seeking to dismiss such "non-injury" cases from this MDL that allege unsuccessful retrievable of the IVC filter as the only injury. Cook has not pointed to any deposition testimony or medical record noting that Plaintiff's doctors told Plaintiff that he was injured from the Celect or that Plaintiff even suspected injury from the Celect.

The facts are clear, Plaintiff did not know or have reason to know about the defective nature of the Celect IVC Filter until he saw ads informing him of the defective nature of Cook's IVC filter in 2016, only six years after the Celect was implanted. Here, Plaintiff did not discover until the end of 2016 the causal connection between his injuries and the defective Cook IVC Filter. See **Exhibit A**. On May 23, 2017, Plaintiff filed his complaint against Cook, only months after discovering the causal connection between his injuries and Cook's defective IVC Filter. See Complaint. Less than a year after the Plaintiff discovered his injury, Plaintiff filed his case before this Court. At no point did Plaintiff's physicians inform him that the Celect Cook Filter had injured him. Whether the Court applies Virginia or Indiana discovery rule, Plaintiff's claims are not time barred.

### III.    Fraudulent Concealment.

Fraudulent concealment tolls the statute of limitations if "a person liable to an action conceals the fact from the knowledge of the person entitled to bring the action." Ind. Code § 34–11–5–1. Courts have held that the elements of fraudulent concealment are:

> (i) material misrepresentation of past or existing facts by the party to be charged (ii) which was false (iii) which was made with knowledge or reckless ignorance of the falseness (iv) was relied upon by the complaining party and (v) proximately caused the complaining party injury.

*Johnson v. Wysocki*, 990 N.E.2d 456, 460–61 (Ind. 2013).

---

[1] https://www.cookmedical.com/data/IFU_PDF/I-IGTCFS-425-02EN.PDF

3

Cook affirmatively concealed the flawed design of the Celect filter and its failure from Plaintiff and his doctors. Cook knew about the flawed design, but concealed the risks of the Celect in its marketing as a way to induce Plaintiff into agreeing to have the Celect implanted. Cook aggressively marketed the Celect filter even though it knew that the Celect was dangerous. Plaintiff reliance upon the material misrepresentations and omissions was justified because Cook's misrepresentations and omissions were made by individuals and entities who were in a position to know the true facts concerning the Celect while Plaintiff was not in a position to know the true facts because Cook overstated the benefits and safety of the Celect and downplayed the risks, thereby inducing Plaintiff to have the Celect implanted rather than a safer alternatives. Had Plaintiff not been deceived by Cook and had known the real risks associated with Celect, Plaintiff would not have had the Celect implanted and would not have been injured.

If the Court takes all of the facts and alleged in the complaint as true and in the light most favorable to the non-moving party, as it must, it should deny Cook's motion.  *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020).

## **CONCLUSION**

For the forgoing reasons, Plaintiff respectfully requests that this Court deny COOK's Motion and grant Plaintiff any relief that this Court deems appropriate.


Dated: May 3, 2021  */s/  Jeff Seldomridge*
Jeff Seldomridge VSB # 89552
The Miller Firm, LLC
108 Railroad Ave.
Orange, VA 22960
Phone: (866) 529-3323
Fax: (540) 672-3055

*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the CM/ECF participants registered to receive service in this MDL.

>  */s/ Jeff Seldomridge*
>  Jeff Seldomridge