UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ This Document Relates to: Bethany Fitzgerald, 1:17-cv-00387 _____ | 1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ORDER ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT PURSUANT TO CMO-28**

Pursuant to Case Management Order 28, Screening for Time-Barred Cases, the Cook Defendants move for judgment in Plaintiff Bethany Fitzgerald's case.

On November 23, 2010, Plaintiff was implanted with a Cook Gunther Tulip Vena Cava filter at Banner Baywood Radiology in Mesa, Arizona by Dr. Steven Maxfield for DVT treatment. (1:17-cv-00387, Filing No. 17, First Am. Short Form Compl., Ex. A ¶ 33). On January 27, 2011, Dr. Maxfield attempted to remove the filter but was unsuccessful. (*Id.* ¶ 34). He noted the filter had "twisted almost 90 degrees and the retrieval hook had migrated outside of the cava." (Filing No. 15872, Medical Record). On May 20, 2011, she underwent a lengthy open removal surgery. (*Id.*). Plaintiff direct-filed her Complaint in the Indianapolis Division on February 6, 2017.

Under both Indiana and Arizona law, the statute of limitations for product liability actions is two years. Ind. Code § 34-20-3-1; Ariz. Rev. Stat 12-542(1). Both states also

1

recognize the discovery rule. *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 898 P.2d 964, 966 (Ariz. Ct. App. 2016); *Nelson v. Sandoz Pharm. Corp.*, 288 F.3d 954, 963 (7th Cir. 2002) (applying Indiana law). The discovery rule provides that the statute of limitations begins "to run from the date the plaintiff knew or should have discovered that she suffered an injury or impingement, and that it was caused by the product or act of another." *Degussa Corp. v. Mullens*, 744 N.E.2d 407, 410-11 (Ind. 2001); *Gust, Rosenfled & Henderson*, 898 P.2d 966 ("[A] plaintiff's cause of action does not accrue until the plaintiff knows or, in the exercise of reasonable diligence, should know the facts underlying the cause.").

Because Plaintiff's cause of action was filed more than two years after her open removal surgery, she argues the discovery rule tolls the statute of limitations under both Indiana and Arizona law. In particular, she claims there was no information regarding the defective nature of the Tulip filter until this MDL came into existence in 2014 and argues she "did not learn of the connection between her Cook Gunther Tulip filter and her injuries until her mother informed her of advertisements she saw about the Cook IVC filter lawsuits on television around June 2016." (Filing No. 15955, Pl.'s Resp. at 2).

"There is no requirement that the potential plaintiff know or believe a product is 'defective' before the limitations period may commence." *Valmore v. Jannsen Pharm. Prods., LP*, 1:05-cv-0158-WTL-RLY, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005). The relevant inquiry is when she knew or should have discovered that she suffered an injury, and that it was caused by the product or act of another. *Degussa Corp.*, 744 N.E.2d at 410-11. Plaintiff necessarily knew at the time of her open removal

2

surgery in May 2011 that there was an issue with her IVC filter. She was thus on inquiry notice to investigate the matter further to determine whether she had an actionable claim.

Plaintiff also argues Cook's fraudulent concealment tolls the statute of limitations. A claim of fraudulent concealment requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action. *Lyons v. Richmond Cmty. Sch. Corp.*, 19 N.E.3d 254, 260 (Ind. 2014) ("Fraudulent concealment is an equitable doctrine that operates to estop a defendant from asserting the statute of limitations as a bar to a claim whenever the defendant . . . 'has, either by deception or by a violation of duty, concealed from the plaintiff material facts thereby preventing the plaintiff from discovering a potential cause of action.'" (quoting *Doe v. Shults-Lewis Child & Family Servs., Inc.*, 718 N.E.2d 738, 744-45 (Ind. 1999)); Ind. Code § 34-11-5-1 ("If a person liable to an action conceals the fact from the knowledge of the person entitled to bring the action, the action may be brought at any time within the period of limitation after the discovery of the cause of action."); *Walk v. Ring*, 44 P.3d 990, 999 (Ariz. 2002) ("Fraud practiced to conceal a cause of action will prevent the running of the statute of limitations until its discovery.") (quoting *Acton v. Morrison*, 155 P.2d 139, 144 (Ariz. 1945)). Fraudulent concealment is inapplicable here. The open removal surgery provided enough information to Plaintiff under applicable state law regarding the potential existence of a cause of action.

Cook also moves for judgment on Plaintiff's implied warranty, express warranty, consumer protection, and punitive damages claims and on co-Plaintiff Steven Fitzgerald's loss of consortium claim. Plaintiff did not respond to Cook's arguments. Her silence

results in waiver. *See Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the Bontes have done here—results in waiver.").

For these reasons, Cook's Motion for Judgment in Plaintiff's Case Pursuant to CMO-28 (Filing No. 15871) is **GRANTED**.

**SO ORDERED** this 5th day of May 2021.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.