UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ This Document Relates to: Merrilyn V. Johnson, on behalf of Ronald D. Johnson (deceased) 1:17-cv-06069 _____ | 1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ORDER ON THE COOK DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Merrilyn V. Johnson brings wrongful death and survival claims under Utah law against the Cook Defendants arising from the death of her husband, Ronald D. Johnson ("Decedent"). The Cook Defendants argue Plaintiff's lawsuit is barred by Utah's two-year statute of limitations. Utah Code § 78(B)-2-304(2).

According to Decedent's medical records, Decedent received a Cook Gunther Tulip Vena Cava filter on January 4, 2005 at LDS Hospital in Salt Lake City, Utah. (Filing No. 14244-1, Medical Records at 1). Soon thereafter, a venacavagram was performed and revealed a thrombus in his IVC filter. (*Id.* at 13). Because of the clot, the filter was not removed. (*Id.*). Decedent died on May 9, 2007. (*Id.* at 30). An autopsy report issued on May 10, 2007 reflects the following:

1

> Important Diagnoses: A. Gastrointestinal hemorrhage B. Status-post abdominal aortic aneurysm repair C. Coronary artery disease, status post coronary artery bypass grafting D. Chronic obstructive pulmonary disease.
>
> Special Problems, Tissues, OR Diagnoses To Be Investigated: A. Gastrointestinal hemorrhage.

(*Id.*). Plaintiff filed this action for wrongful death on February 21, 2017.

Because Plaintiff's wrongful death claim was filed beyond the two-year window, her claim is only viable if the discovery exception applies under the Utah Products Liability Act ("UPLA"). The UPLA statute of limitations begins to run when the plaintiff discovers or should have discovered: "(1) that she has been injured; (2) the identity of the maker of the allegedly defective product; and (3) that the product had a possible causal relation to her injury." *Aragon v. Clover Club Foods Co.*, 857 P.2d 250, 252 (Utah Ct. App. 1993).

In applying the three-part test, Utah law requires a plaintiff to exercise due diligence to discover the harm and its cause: "What constitutes due diligence must be tailored to fit the circumstances of each case." *Id.* at 253. "But in every case, 'all that is required to trigger the statute of limitations is sufficient information to put plaintiff[] on notice to make further inquiry.'" *Mecham v. C.R. Bard, Inc.*, No. 2:19-cv-00750-JNP, 2020 WL 2768997, at *3 (D. Utah May 27, 2020) (quoting *Macris v. Sculptured Software, Inc.*, 24 P.3d 984, 990 (Utah 2001)).

When a plaintiff knew or should have known of a cause of action is a question of fact. *Id.* "But '[w]here the evidence is so clear that there is no genuine factual issue . . .

the determination can be made as a matter of law.'" *Id.* (quoting *McKinnon v. Tambrands, Inc.*, 815 F.Supp. 415, 418 (D. Utah 1993)).

The evidence in this case consists of Decedent's medical records and Plaintiff's affidavit. As Plaintiff notes in her affidavit, neither she nor Decedent's physicians have been deposed.

Plaintiff testified she asked Decedent's treating physicians what caused Decedent's failing health and ultimate death, performed her own research as to possible causes on the internet, and consulted with family and friends. (Filing No. 14595-1, Affidavit of Merrilyn Johnson ¶ 8). She did not discover the IVC filter was potentially responsible for Decedent's pre-death injuries and death until she spoke to counsel in 2017. (*Id.* ¶ 9). Prior to that date, neither she nor Decedent were aware that Cook was the manufacturer of the subject filter, "let alone that [Cook's] IVC filter was the cause of [Decedent's] death." (*Id.*).

Cook points the court to Decedent's medical records and autopsy report. Cook maintains that had Plaintiff read the autopsy report, she would have been prompted to investigate Decedent's vascular issues in his medical records. Those medical records, in turn, would have identified Decedent's treatment with an IVC filter and Cook's identity as the manufacturer.

Whether Plaintiff knew or should have known through a reasonable investigation that a possible cause of Decedent's death was his IVC filter based on the autopsy report's "gastrointestinal hemorrhage" diagnosis is not "so clear that there is no genuine factual issue." There is no evidence of what Plaintiff knew regarding Decedent's health history

3

and what she was told by medical professionals following his death. The autopsy report does not mention Decedent's IVC filter, and a gastrointestinal hemorrhage can be caused by many health-related issues. Therefore, Cook's motion (Filing No. 14242) is **DENIED**.

**SO ORDERED** this 5th day of May 2021.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.