UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND               No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                MDL No. 2570

_____

This Document Relates to the Following Cases:

Donald and Dale Heintzman, 1:16-cv-2420

_____

**ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFFS' CASE PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants move for judgment on the pleadings in Plaintiffs' case. Specifically, the Cook Defendants argue Plaintiff Donald Heintzman's product liability claims and implied warranty claim[1] are time-barred and his express warranty and consumer fraud claims are not properly pled. They also argue that Donald's claim for punitive damages and Plaintiff Dale Heintzman's loss of consortium claims fail as derivative of Donald's other claims. The court, having read and reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion should be

---

[1] Under Indiana law, the Indiana Product Liability Act applies to all product liability actions sounding in tort, including breach of implied warranty claims. *B & B Paint Corp. v. Shrock Mfg., Inc.*, 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991). Under Ohio law, both express and implied warranty claims sounding in tort are subject to the Ohio Products Liability Act. *See, e.g., Gordon v. B. Braun Med. Inc.*, No. 1:19-cv-121, 2020 WL 1491378, at *3, 5 (S.D. Ohio March 27, 2020) (holding in an IVC filter case that all of plaintiff's warranty claims were abrogated by and duplicative of her claims under the Ohio Product Liability Act).

1

**GRANTED**.

I.     **Background**

Donald was implanted with a Cook Celect Vena Cava filter on February 13, 2008 at Miami Valley Hospital in Dayton, Ohio. (1:16-cv-2420, Filing No. 55, Am. Short Form Compl. ¶¶ 10-12). On February 23, 2012, he presented to Kettering Hospital in Kettering, Ohio, to have it removed. (Filing No. 16225, Medical Record). His physician noted that "[a]fter extended attempts failed, the procedure was aborted." (*Id.*). He also noted that the filter had fractured. (*Id.*) ("One of the ties [sic] the filter was fractured."). Donald filed suit on September 9, 2016.

II.     **Discussion**

Donald concedes that his product liability claims were filed beyond the two-year statute of limitations under Indiana[2] and Ohio law. He argues his claims are tolled by the doctrine of fraudulent concealment.

"Fraudulent concealment is an equitable doctrine that operates to estop a defendant from asserting the statute of limitations as a bar to a claim whenever the defendant . . . 'has, either by deception or by a violation of duty, concealed from the plaintiff material facts thereby preventing the plaintiff from discovering a potential cause of action.'" *Lyons v. Richmond Cmty. Sch. Corp.*, 19 N.E.3d 254, 260 (Ind. 2014) (quoting *Doe v.*

---

[2] Plaintiffs direct-filed their case in the Southern District of Indiana. (*See* Filing No. 13539 (finding Indiana choice-of-law rules apply to all claims in the MDL originally filed in the Southern District of Indiana except those filed between May 31, 2017 and June 13, 2019)). Under both Indiana and Ohio law, the statute of limitations is two years. Ind. Code § 34-20-3-1(b)(1); Ohio Code § 2305.10(A).

*Shults-Lewis Child & Family Servs., Inc.*, 718 N.E.2d 738, 744-45 (Ind. 1999)); Ind. Code § 34-11-5-1 ("If a person liable to an action conceals the fact from the knowledge of the person entitled to bring the action, the action may be brought at any time within the period of limitation after the discovery of the cause of action."); *Hill v. U.S. Dep't of Labor*, 65 F.3d 1331, 1336 (6th Cir. 1995) ("The critical question is . . . whether the defendant's alleged fraudulent conduct concealed from the plaintiff facts respecting the accrual or merits of the plaintiff's claim.").  Plaintiff argues he has sufficiently pled a claim for fraudulent concealment in his Amended Short Form Complaint.

"[F]raudulent concealment ceases to toll the statute of limitations once 'the plaintiff obtains information that would lead to the discovery of the cause of action through ordinary diligence.'"  *In re Mirena IUD Prods. Liab. Litig.*, 29 F.Supp.3d 345, 352-53 (S.D.N.Y. 2014) (quoting *Doe v. United Methodist Church*, 673 N.E.2d 839, 844 (Ind. Ct. App. 1996)); *Zemcik v. LaPine Truck Sales & Equip. Co.*, 706 N.E.2d 860, 865 (Ohio Ct. App. 1998) (noting the "right to claim fraudulent concealment never continues beyond the time that a plaintiff, by exercising ordinary diligence, should have discovered the facts at issue" (quoting *Birkett Williams Ford, Inc. v. East Woodworking Co.*, 456 N.E.2d 1304, 1307-08 (Ohio Ct. App. 1982)).

Here, Donald had enough information based on the failed retrieval procedure[3] to

---

[3] At oral argument, counsel argued more discovery is required to determine when Donald learned his filter had fractured.  This argument was not asserted in Plaintiffs' response brief and is therefore waived.  *Wonsey v. City of Chicago*, 940 F.3d 394, 399 (7th Cir. 2019) (arguments not raised until oral argument are waived).  In any event, Plaintiffs do not deny Donald was told the filter would remain in his body as a permanent filter.

put him on notice that there was a reasonable possibility the filter harmed him, and that he should inquire into his rights. *In re Mirena*, 29 F.Supp.3d at 358. This is so regardless of Cook's purported concealment. *Miller v. A.H. Robins Co.*, 766 F.2d 1102, 1107 & n.3 (7th Cir. 1985) (under Indiana law, where plaintiff learned IUD was a "possible cause of her infection," her lack of due diligence precluded tolling of the statute of limitations on fraudulent concealment grounds even though defendant made "a number of false claims and attempted to conceal the dangers of the" product). Therefore, the statute of limitations on Donald's product liability claims under both Indiana and Ohio law was triggered on February 23, 2012. Because Plaintiffs did not file their Short Form Complaint until September 9, 2016, Donald's products liability claims are time-barred.

Cook also moves for judgment on Donald's implied warranty, express warranty, consumer protection, and punitive damages claims and on Dale's loss of consortium claim. Plaintiffs did not respond to Cook's arguments. Their silence results in waiver. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the Bontes have done here—results in waiver.").

### III. Conclusion

For the foregoing reasons, Cook's Motion for Judgment in Plaintiff's Case Pursuant to CMO-28 (Filing No. 16213) is **GRANTED**.

**SO ORDERED** this 6th day of May 2021.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.