UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Schuler, Jeanmarie - 1:18-cv-01645

**DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF JEANMARIE SCHULER'S CASE PURSUANT TO CMO-28**

US.132938809.04

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment on the pleadings in Plaintiff's case as time barred under the applicable statutes of limitation and repose.

1. <u>Plaintiff's Name</u>:  Jeanmarie Schuler

2. <u>Case Number</u>:  1:18-cv-01645

3. <u>Case Origin</u>:  Filed in Southern District of Indiana on May 30, 2018

4. <u>Plaintiff's Home State per Complaint</u>: North Carolina (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. <u>Applicable Choice of Law Rules</u>:  North Carolina, *see* Dkt. 13539 (modifying equitable time period for application of home state choice-of-law rules to cases filed between May 31, 2017 and June 13, 2019).

6. <u>Applicable Statutes of Limitation and Repose</u>:  North Carolina.

    Limitations period:  N.C. Gen Stat § 1-52 (16) ("Within three years an action – … for personal injury or physical damage to claimant's property.").

    Repose period: N.C. Gen Stat. § 1-50(a) ("No action for the recovery of damages for personal injury, death, or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of the initial purchase for use or consumption.") (repealed prospectively only).

7. <u>Filter Placement Date (latest possible date of purchase)</u>:  March 18, 2008 (*see* Plaintiff's Short Form Complaint, ¶ 11)

8. <u>Latest Possible Date of Accrual</u>: September 15, 2008 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting: "Attempted IVC filter retrieval" and "Attempts at removing the IVC filter were unsuccessful.  This was due to the positioning of the filter which has its apex up against the right lateral wall of the inferior vena cava which precludes snaring the top of the filter.").[1]

9. <u>Length of Time Between Placement and Filing</u>:  10 years, 2 months, 12 days

10. <u>Length of Time Between Claim Accrual and Filing</u>:  9 years, 8 months, 15 days

---

[1] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion.  *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").

1

## BRIEF ARGUMENT

A.  **North Carolina's Statute of Limitations Bars Plaintiff's Claims.**

Plaintiff's claims are time-barred under North Carolina's three-year statute of limitations. Plaintiff knew of her claimed injury—the fact that her filter could not be removed—at the time of her September 15, 2008 failed retrieval attempt. *See* Exhibit A. Yet she failed to commence this action until more than nine years later, far beyond the statutory limitation on her action. *See* Dkt. 18391 (granting judgment in a failed retrieval case because the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights."). The statute of limitations bars Plaintiff's actions, and Cook is entitled to dismissal. *See Dellinger v. Pfizer, Inc.*, 2004 WL 6234780, at *2 (W.D. N.C. 2004) ("Plaintiff's breach of warranty and product liability actions began to accrue when he first became aware of his injury."); *Driggers v. Sofamor, S.N.C.*, F. Supp. 2d 760, 766 (M.D. N.C. 1998) (holding that the plaintiff's claim accrued when the plaintiff "was informed that the CD [spinal] system may have broken.").

B.  **North Carolina Statute of Repose Bars Plaintiff's Claims.**

Plaintiff's claims are also time-barred under North Carolina's pre-2009 six-year statute of repose for product liability actions.[2] *See* N.C. Gen Stat. § 1-50(a) (2008). Although the legislature extended the repose period to 12 years effective October 1, 2009, *see* N.C. Gen. Stat

---

[2] North Carolina's statute of repose completely bars all claims alleging personal injury from a product no matter how the claim is styled or pled. *See Nat'l Prop. Inv'rs, VIII v. Shell Oil Co.*, 950 F. Supp. 710, 713 (E.D.N.C. 1996) ("All product liability claims, regardless of their nature, are subject to this statute."); *see also* Dkt. 15084 (granting judgment on the pleadings on North Carolina and Texas statute of repose grounds). Put simply, a statute of repose containing "'no action language' bars 'all claims. . . .'" *Braswell v. Colonial Pipeline Co.*, 395 F. Supp.3d 641, 648 (M.D.N.C. 2019) (quoting *Hodge v. Harkey*, 631 S.E.2d 445, 449 (N.C. 1999)).

2

§ 1-46-1 (2010) (identical statutory text, with repose period extended to 12 years), the new 12-year repose period "applies to causes of action that accrue on or after" October 1, 2009. *Robinson v. Bridgestone/Firestone N. Am. Tire, L.L.C.*, 703 S.E.2d 883, 886-87 (N.C. 2011).

Here, because Plaintiff received her filter in 2008, before the October 1, 2009, effective date of the amendment extending the repose period, the pre-2009 six-year statute of repose applies to her claims. *See Robinson*, 703 S.E.2d at 886-87 (holding that the current statute of repose does not apply retroactively); *see also* Dkt.15084 (finding that the "operative statutory period is 6 years" because the plaintiff had received her filter in 1995); *Cramer v. Ethicon, Inc.*, 2021 WL 243872, at *4 (W.D. N.C. 2021) (explaining that "courts applying North Carolina law have consistently applied [the] six-year statute of repose in cases where the product in question was first purchased or delivered, as here, before October 1, 2009.") (appeal docketed); *Lackey v. DePuy Orthopedics*, 2011 WL 2791264, at *3 (W.D. N.C. July 14, 2011) (applying six-year statute of repose in hip case because it "was in effect at the time Plaintiff purchased the allegedly defective product."). Because Plaintiff did not file her case until 2018, more than 10 years after receiving her filter, the pre-2009 statute of repose bars Plaintiff's claims.

Indeed, the argument for a bar based on the statute of repose is even stronger here than it was in *Cramer*. In *Cramer*, the claimed injury occurred *after* October 1, 2009, but the court nevertheless held that the six-year statute of repose barred the claims based on the pre-2009 initial purchase. 2021 WL 243872, at *1 (noting that implant procedure was in 2007 and revision surgery was in 2017). Here, *both* the initial purchase *and* the accrual of Plaintiff's cause of action occurred before the effective date of the 2009 amendment, an even more compelling fact pattern under the statute. Plaintiff failed to commence her action within the six years permitted by the applicable statute of repose, and her claims therefore fail as a matter of law.

3

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

Dated:  May 7, 2021

/s/ *Andrea Roberts Pierson*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

# CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2021, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF JEANMARIE SCHULER'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Andrea Roberts Pierson*