UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION           MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Renshaw, William, 1:18-cv-1326

_____

**DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF WILLIAM RENSHAW'S CASE PURSUANT TO CMO-28**

Under Federal Rule of Civil Procedure 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's action, which alleges injury based on an inability to retrieve his IVC filter.

1. <u>Plaintiff's Name</u>:  William Renshaw

2. <u>Case Number</u>:  1:18-cv-1326

3. <u>Case Origin</u>:  Filed in the Southern District of Indiana on May 1, 2018

4. <u>Plaintiff's Home State per Complaint</u>:  Utah (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. <u>Applicable Choice of Law Rules</u>:  Utah, *see* Dkt. 13539 (modifying equitable time period for application of home state choice-of-law rules to cases filed between May 31, 2017 and June 13, 2019).

6. <u>Applicable Statute of Limitations</u>:   Utah (2 years), Utah Code § 78B-6-706 ("A civil action under this part shall be brought within two years from the time the individual who would be the claimant in the action discovered, or in the exercise of due diligence, should have discovered, both the harm and its cause.").

7. <u>Filter Placement Date</u>:  February 21, 2010

8. <u>Latest Possible Date of Accrual</u>:  June 8, 2010 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting: "Currently, as this filter has been present for more than three months and had visible associated chronic thrombus on two attempted removals, I think the value in trying to remove it at this point is low. My advice and recommendations have been to leave the filter in place … .").[1]

9. <u>Length of Time Between Claim Accrual and Filing</u>:  7 years, 10 months, 23 days

## **<u>BRIEF ARGUMENT</u>**

Plaintiff's personal injury claims are barred under Utah law because he filed his action more than two years after an unsuccessful attempt to remove the filter.[2]  *See supra*, ¶¶ 3, 8-9.  The

---

[1] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion.  *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").

[2] Plaintiff's product liability and implied warranty claims would also be barred under Indiana's two-year statute of limitations.  *See* Ind. Code 34-20-3-1(b)(1); *see also* Dkt. 18391 (*Heintzman* order).

Court dismissed a failed retrieval case under Indiana and Ohio law because the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights."  Dkt. 18391.  Here, Plaintiff was under inquiry notice nearly eight years before he filed his case.

"As a general rule, a statute of limitations begins to run 'upon the happening of the last event necessary to complete the cause of action.'"  *Russell Packard Dev., Inc. v. Carson*, 108 P.3d 741, 746 (Utah 2005) (quoting *Myers v. McDonald*, 635 P.2d 84, 96 (Utah 1981)).  The Utah Product Liability Act's discovery rule tolls the limitations period until the plaintiff "discover[s], or in the exercise of due diligence should have discovered, both the harm and its cause."  Utah Code § 78B-6-706.  "[A]ll that is required to trigger the statute of limitations is sufficient information to put the plaintiffs on notice to make further inquiry."  *Macris v. Sculptured Software, Inc.*, 24 P.2d 984, 990 (Utah 2001).  "Once a plaintiff is on inquiry notice, the plaintiff may be imputed with knowledge of 'everything to which such inquiry might have led.'"  *Mecham v C.R. Bard, Inc.*, 2020 WL 2768997, at *4 (D. Utah May 27, 2020) (quoting *Pioneer Builders Co. of Nev., Inc. v. K D A Corp.*, 292 P.3d 672, 679 (Utah 2012)).  "When a person has sufficient information to lead him to a fact, he shall be deemed conversant of it."  *Pioneer Builders Co. of Nev., Inc.*, 292 P.3d at 679.

Here, the discovery rule cannot save Plaintiff's claim because he was placed on inquiry notice—at the latest—when he presented for a filter evaluation on June 8, 2010.  During that visit, Plaintiff's physician engaged in "extensive patient education" and recommended the filter not be retrieved based on his two prior failed retrievals.  *See* Exhibit A (recommending to "leave the filter in place" and noting the physician "spent 45 minutes with the patient and his wife, of which greater than 50% was spent in extensive patient education.").  Plaintiff's duty to investigate whether he

2

had a legal claim related to the failed retrieval attempts arose at that point, rendering his case time-barred by nearly eight years.  *See* Utah Code § 78B-6-706; *see also Mecham*, 2020 WL 2768997, at *8 (granting summary judgment because plaintiff had sufficient knowledge about relation of injury to her mesh product from her symptoms and alternatively would have been imputed with publicly available information from the FDA about her product); *Timothy v. Bos. Sci. Corp.*, 665 F. App'x 295, 297 (4th Cir. 2016) (affirming grant of summary judgment under Utah law because the claim accrued when plaintiff's physician recommended a surgery to remove and replace the mesh).  To the extent Plaintiff may dispute knowledge of the potential relation of his injury claim to the product, the FDA has publicly posted information regarding the risks of IVC filters since 2010, and Plaintiff is imputed with that knowledge under the holdings of *Mecham* and *Timothy*.[3]

Plaintiff's implied warranty claim is subject to the two-year statute of limitations discussed above.  *See Hansen v. Novartis Pharm Corp.*, 2011 WL 6100848, at *3 (D. Utah Dec. 7, 2011).

As to Plaintiff's consumer protection and express warranty claims, the Court has concluded that these claims are not adequately pled in the Master Complaint, and Plaintiff's Short-Form Complaint does not add any substantive facts to save them here.  *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty).  Thus, Plaintiff has failed to plead a viable state consumer protection claim with the particularity required by Rule 9 or a viable express warranty claim.  Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

[3] *See* FDA Filter Safety Communication, issued August 9, 2010, available at https://2wt0853vtha23hf7qg2rwk3g-wpengine.netdna-ssl.com/wp-content/uploads/2017/12/Removing-Retrievable-Inferior-Vena-Cava-Filters.pdf (archived page last accessed May 6, 2021).

3

Respectfully submitted,

Dated:  May 7, 2021

/s/ Andrea Roberts Pierson
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2021, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF WILLIAM RENSHAW'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ Andrea Roberts Pierson