UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS   LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

_____

This Document Relates Only to the Following Cases:

Mayock, Michael, 1:17-cv-04544

_____

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN
PLAINTIFF MICHAEL MAYOCK'S CASE PURSUANT TO CMO-28**

Plaintiff Michael Mayock has filed a response that appears primarily addressed to issues raised by Cook's original motion, not the issue in the motion presently before the Court. *See* Pl.'s Resp., Dkt. 18145. Specifically, Plaintiff argues (1) that the "filing of Plaintiff's [Third Amended Complaint] rendered Defendants' March 15, 2021 Motion for Judgment moot." *id.* at 1-2; (2) that he sufficiently pled fraudulent concealment in the Third Amended Complaint to obtain equitable tolling; (3) that his claims are saved by the Pennsylvania discovery rule; and (4) that his consumer fraud and express warranty claims are sufficiently pled.

## I.      Plaintiff's Arguments Are Procedurally Deficient and His Merits Arguments Are Waived

Plaintiff's response fails to address the argument advanced by Cook's present motion—i.e. that Plaintiff's case should be dismissed for failure to respond to Cook's original CMO-28 motion. Plaintiff baldly asserts that his amendment of the complaint rendered Cook's original motion "moot", Pl.'s Resp. at 1-2, but offers no support and fails to explain why he failed to follow CMO-28. Nothing in CMO-28 provides that Plaintiff may amend a complaint in lieu of filing a response or that a response is not necessary if Plaintiff does so. On the contrary, CMO-28 obligated Plaintiff to explain why the case should not be dismissed by March 31, 2021 (Dkt. 16217). Plaintiff's failure to respond to the argument actually advanced by the present motion or to timely respond to the original motion constitutes waiver, and the Court should dismiss his case. *See Sec. and Exchange Comm'n v. Nutmeg Group, LLC*, 2016 WL 3023291, at *4 (N.D. Ill. May 24, 2016) ("Again, because this argument was not raised during summary judgment briefing, it was waived.") (citing *Mungo v. Taylor*, 355 F.3d 969, 978 (7th Cir. 2004)).[1]

---

[1] In addition, because Plaintiff's response is *twice* the length permitted by CMO-28, *see* Dkt. 14601, ¶¶ 4-6 (providing a three-page limit for all briefs under CMO-28), Cook has needed to go a page beyond that three-page limit to respond.

US.132812107.05

## II.   In the Alternative, If the Court Permits Plaintiff's Belated Merits Arguments, the Court Should Dismiss the Case Because Tolling Theories Do Not Save His Claims

In any event, Plaintiff's claims should be dismissed as time-barred under Pennsylvania law.

### A.   Plaintiff's Case is Time-Barred Under Pennsylvania Law

Plaintiff's categorization medical records submitted show that he was diagnosed with a filter fracture and severe filter tilt during a filter retrieval procedure on October 17, 2012. *See* Dkt. 16218 at 3-5 (sealed Exhibit A to Cook's original motion). The same records state that the filter was successfully removed during the procedure, except for a fractured filter leg, which remained lodged in the wall of the vena cava. *Id.* Finally, the record notes that Plaintiff's doctor "described the operative findings to the patient and his brother and explained that the fractured leg in the wall of the vena caval will remain that way without additional imaging." *Id.* at 5. Plaintiff therefore discovered his injuries no later than October 17, 2012, but failed to file his lawsuit until December 7, 2017—more than three years after the two-year statute of limitations expired.

Plaintiff argues that his claims were tolled by Pennsylvania's discovery rule because his "awareness of the injury and its cause is a question of fact which has yet to be resolved." Pl.'s Resp. at 4. But noted above, Plaintiff indisputably discovered his injuries by October 17, 2012, and his response neither denies that fact nor offers any evidence to the contrary. Pennsylvania's narrow discovery rule does not require "notice of the full extent of the injury, the fact of actual negligence, or precise cause." *Nicolaou v. Martin*, 195 A.3d 880, 893 (Penn. 2018). In cases involving implantable medical devices, claims accrue when a plaintiff learns that he suffered injuries and that such injuries share some causal connection to the medical device at issue. *See Kennedy v. Ethicon, Inc.*, 2020 WL 4050459, at *15 (E.D. Pa. July 20, 2020) (plaintiff's claims accrued when her doctor discovered that her pelvic mesh had eroded and a portion of the mesh had to be removed); *McLaughlin v. Bayer Essure, Inc.*, 2020 WL 1625549, at *21 (E.D. Pa. Apr. 2,

2

2020) (plaintiff's claims accrued when she learned that her Essure device had perforated her fallopian tube). Likewise here, Plaintiff's claims accrued when he learned that his filter was fractured and severely tilted during an October 17, 2012 procedure in which the majority of the filter was removed—more than five years before he filed his lawsuit.

### B.  The Fraudulent Concealment Allegations in Plaintiff's Third Amended Complaint Do Not Save His Claims

Although Plaintiff's Third Amended Complaint purports to plead a claim of fraudulent concealment (Dkts. 16395 & 16547),[2] those allegations do not save Plaintiff's action here given the undisputed facts discussed above.  The fracture and removal of the body of the filter provided Plaintiff with sufficient information regarding the potential existence of a cause of action *independent* of any alleged fraudulent concealment on Cook's part.  *See Arndt v. Johnson & Johnson*, 67 F. Supp. 3d 673, 678 (E.D. Pa. Dec. 17, 2014) ("Rather than requiring actual knowledge, fraudulent concealment only tolls the limitation period until the plaintiff should have been aware of the injury or its cause"); Dkt. 15907 (collecting cases and explaining that "fraudulent concealment requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action").  Plaintiff does not and cannot dispute that her filter fractured, requiring removal, and that a portion of the filter was unable to be removed during a procedure that occurred *five years* before filing.  *See* Dkt. 16218 (sealed categorization medical records attached as Exhibit A to Cook's original motion).  Thus, even assuming for the sake of argument that Plaintiff had adequately pled a claim of fraudulent

---

[2] Plaintiff's new allegations of fraudulent concealment do not in fact cure the pleading defects the Court identified in its previous order.  *See* Dkt. 15907.  Plaintiff does not allege that Cook knew of and affirmatively concealed *Plaintiff's* cause of action, as the Court required, and they do not state the circumstances of the alleged fraud—the who, what, when, where, and how—with the particularity required by Rule 9(b).  See id. at 6-9.  Instead, Plaintiffs allege only the same sorts of ***pre*-filter-placement** conduct set out in the Master Complaint.

concealment, that doctrine is irrelevant to this case because Plaintiff had independent knowledge of a potential cause of action, and his case is barred by the Pennsylvania statute of limitations.

### C. Plaintiff's Express Warranty and Fraudulent Concealment Claims Also Fail

Plaintiff's express warranty claim fails because he has not identified any specific statement or communication constituting the alleged express warranty that he would have actually read and relied upon before receiving his filter.  *See Ebert v. C.R. Bard, Inc.*, 459 F. Supp.3d 637, 649 (E.D. Pa. May 11, 2020) (granting summary judgment on express warranty claim in an IVC filter case because the plaintiff premised the warranty on the IFU but could not establish that he "read, heard, saw, or knew of any statements that Bard published in the G2 filter's IFU.") (appeal docketed); *Soufflas v. Zimmer, Inc.* 474 F. Supp. 2d 737, 752-53 9 (E.D. Pa. 2007) (granting summary judgment on express warranty claim where plaintiff offered no evidence that she relied on any express statements from the manufacturer).

Plaintiff' consumer fraud claims also fails.  Among other reasons, one week ago, this Court granted Cook's motion to dismiss the consumer fraud claims pled by Plaintiffs Priesmeyer and Yedman for failure to plead with particularity under Rule 9(b)—one of whom was also from Pennsylvania.  *See* Dkt. 18285 at 4-6 (identifying multiple reasons for why plaintiffs' allegation failed to meet the high bar set by Rule 9(b)).  Plaintiff's consumer fraud claim suffers from the same pleading defects here.

For the foregoing reasons, and the grounds set forth in Cook's CMO-28 motions, Plaintiff's claims should be dismissed with prejudice.

4

Respectfully submitted,

Dated: May 7, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated,*
*Cook Medical LLC, and William Cook Europe*
*ApS*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 7, 2021, a copy of the foregoing **COOK DEFENDANTS'**
**REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF MICHAEL**
**MAYOCK'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing
of this document will be sent to all parties by operation of the Court's electronic filing system to
CM/ECF participants registered to receive service in this matter. Parties may access this filing
through the Court's system.

/s/ *Jessica Benson Cox*

US.132812107.05