UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND			Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION			MDL No. 2570
_____

This Document Relates Only to the Following Cases:

Bowen, Jasmine, 1:17-cv-02704
_____

**DEFENDANTS' PARTIAL MOTION FOR JUDGMENT IN
PLAINTIFF JASMINE BOWEN'S CASE PURSUANT TO CMO-28**

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges injury based on an inability to retrieve her IVC filter.[1]

1. Plaintiff's Name:  Jasmine Bowen

2. Case Number:  1:17-cv-02704

3. Case Origin:  Filed in the Southern District of Indiana on August 9, 2017

4. Plaintiff's Home State per Complaint: Illinois (Plaintiff's residence at the time of implant); Texas (Plaintiff's current residence and location of injury)

5. Applicable Choice of Law Rules:  Illinois, *see* Dkt. 13539 (modifying equitable time period for application of home state choice-of-law rules to cases filed between May 31, 2017 and June 13, 2019).

6. Applicable Statute of Limitations:  Illinois (2 years), 735 Ill. Comp. Stat. § 5/13-213 ("[T]he plaintiff may bring an action within 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of the personal injury, death or property damage . . . .").[2]

7. Filter Placement Date:  January 15, 2014

8. Latest Possible Date of Accrual:  March 19, 2014 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting: "Unable to remove filter.").[3]

10. Length of Time Between Claim Accrual and Filing:  3 years, 4 months, 21 days

---

[1] Cook notes that Plaintiff's case is part of Cook's pending omnibus motion for summary judgment based on the statute of limitations in five states.  *See* Dkt. 11725-1 (no. 69 in list of cases).

[2] Illinois will apply the Illinois statute of limitations "because statutes of limitations are procedural, fixing the time in which the remedy for a wrong may be sought rather than altering substantive rights." *Ennenga v. Starns*, 677 F.3d 766, 774-775 (7th Cir. 2012) (quoting *Freeman v. Williamson*, 383 Ill.App.3d 933, 322 Ill.Dec. 208, 890 N.E.2d 1127, 1133 (2008).

[3] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion.  *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").

## BRIEF ARGUMENT

Plaintiff's personal injury claims are barred under Illinois law because the case was filed more than two years after an unsuccessful attempt to remove the filter – and more than two years after the filter was *successfully* removed. *See supra*, ¶¶ 3, 8, 10.  Under Illinois law, a cause of action accrues at the time the plaintiff is injured.  *Hutson v. Hartke,* 686 N.E.2d 734, 736 (Ill. App. Ct. 1997).  More specifically, where an injury is "caused by a sudden traumatic event, … the plaintiff's cause of action accrues when the injury occurred." *Golla v. Gen. Motors Corp.*, 657 N.E.2d 894, 898 (1995). This is because "the nature and circumstances surrounding the traumatic event are such that the injured party is thereby put on notice that actionable conduct might be involved." *Golla*, 657 N.E.2d at 899 (emphasis added). *See also Reat v. Illinois Cent. R. Co.*, 197 N.E.2d 860, 863 (Ill. App. Ct. 1964) ("where the defendant's alleged breach of duty causes the plaintiff to suffer pain the invasion of his interest is manifest as soon as it occurs and he has a ripe cause of action then") (emphasis added); *Kim v. McNeil-PPC, Inc.*, No. 14 CV 4086, 2014 WL 4650101, at *2 (N.D. Ill. Sept. 12, 2014) (holding plaintiff "unequivocally described a sudden traumatic event through allegations that she suffered a 'sharp pain' 'immediately' after receiving the Benadryl injection and shortly thereafter lost consciousness); Dkt. 18391 (granting judgment on the pleadings in failed retrieval case because plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights.")

Under that standard, Plaintiff's claims here accrued no later than March 19, 2014, the date pf Plaintiff's failed retrieval procedure. *See* Exhibit A (sealed medical records).  Indeed, the records Plaintiff submitted in support of her categorization form highlight the retrieval attempt would be considered a sudden and traumatic occurrence:

> Patient was given conscious sedation however the amount of tension required to release the filter was **unbearable**. Patient requested repeating under general anesthesia. **Dr. Arsian and Dr. Soni discussed with patient** who requested to stay the night in observation and to have procedure performed on 3/20 am rather than going home.

*Id*. (emphasis added). The next day, Plaintiff's filter was successfully removed. Plaintiff's records note that Plaintiff personally requested her physicians abort her removal procedure because it was "unbearable," and that Plaintiff personally discussed the failed retrieval with her physicians. On March 19, 2014, Plaintiff experienced pain and that pain was part of a sudden traumatic event, either of which is enough to commence the statute of limitations. Like the plaintiff in *Kim*, Plaintiff experienced "unbearable" pain around an event. The only difference is that the plaintiff in *Kim* experienced pain *after* the relevant procedure, while Plaintiff here experienced pain *during* the procedure. *Kim*, No. 14 CV 4086, 2014 WL 4650101 at *2; *Reat*, 197 N.E.2d at 863 (holding that where plaintiff experiences pain, "the invasion of his interest is manifest as soon as it occurs and he has a ripe cause of action then"); Dkt. 7715 (holding Illinois statute of limitations began to run when plaintiff experienced pain from filter). Thus, when Plaintiff filed her action in August of 2017, her claims were time-barred by more than a year.

As to Plaintiff's express warranty claim, the Court has concluded that this claim is not adequately pled in the Master Complaint, and Plaintiff's Short-Form Complaint adds no substantive facts to save the claim. *See* Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Thus, Plaintiff has failed to plead a viable express warranty claim. Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss with prejudice Plaintiff's claims of personal injury, express warranty, consumer fraud, and punitive damages. [4]

---

[4] While Plaintiff's implied warranty claim would survive this motion, Cook plans to address that claim in a separate motion to dismiss.

        Respectfully submitted,

Dated: May 7, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2021, a copy of the foregoing **COOK DEFENDANTS' PARTIAL MOTION FOR JUDGMENT IN PLAINTIFF JASMINE BOWEN'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*