UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND           Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION          MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Boyd, Britney, 1:18-cv-01117

_____

**DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF BRITNEY BOYD'S CASE PURSUANT TO CMO-28**

Under Federal Rule of Civil Procedure 12(c), and the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges injury based on an inability to retrieve her IVC filter.

1. Plaintiff's Name: Britney Boyd

2. Case Number: 1:18-cv-01117

3. Case Origin: Filed in Southern District of Indiana on April 12, 2018

4. Plaintiff's Home State per Complaint: Mississippi (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. Applicable Choice of Law Rules: Mississippi, *see* Dkt. 13539 (modifying equitable time period for application of home state choice-of-law rules to cases filed between May 31, 2017 and June 13, 2019).

6. Applicable Statute of Limitations: Mississippi (3 years), Miss. Code Ann. § 15-1-49(1) ("All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued…").

7. Filter Placement Date: March 18, 2008

8. Latest Possible Date of Accrual: October 23, 2008 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting "the hooks would never

release from the caval wall" and "repeat attempts were made to remove the filter … all of these were without success.").[1]

9.  Length of Time Between Claim Accrual and Filing:  9 years, 5 months, 20 days

**BRIEF ARGUMENT**

Plaintiff's personal injury claims are barred under Mississippi law because the case was filed more than three years after an unsuccessful attempt to remove the filter.[2]  *See supra*, ¶¶ 3, 8, 10.  This Court recently dismissed a failed retrieval case under Indiana and Ohio law because the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights."  Dkt. 18391.  Here, Plaintiff knew of her failed retrieval attempt more than nine years before she commenced this action.

In Mississippi, "[t]he cause of action accrues and the limitations period begins to run when the plaintiff can reasonably be held to have knowledge of the injury or disease."  *Owens-Illinois, Inc. v. Edwards*, 573 So.2d 704, 709 (Miss. 1990).  Mississippi's discovery rule does not apply here because it is the discovery of the *injury itself* that governs whether the statute of limitations is tolled, not the discovery of the *cause* of the injury.  *See Angle v. Koppers, Inc.*, 42 So.3d 1, 7 (Miss. 2010) (holding claims time-barred on ground that cause of action accrued when plaintiff was diagnosed with the injury, noting that knowledge of the cause of injury was not required); *see also Bryant v. Wyeth*, 816 F.Supp.2d 329, 331 (S. D. Miss. 2011) (holding plaintiff's claims time-barred on ground that they accrued on the date she knew of her injury – the date she was diagnosed

---

[1] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion.  *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").

[2] Plaintiff's personal injury claims would also be barred under Indiana's two-year statute of limitations.  *See* Ind. Code 34-11-2-4; *see also* Dkt. 18391 (*Heintzman* order).

with breast cancer). In this case, Plaintiff's claims accrued no later than October 23, 2008, when her doctor made an unsuccessful attempt to remove her filter. *See* Exhibit A (sealed medical records). Because Plaintiff's claimed injury is premised on a failed retrieval that occurred more than nine years before she commenced this action, Plaintiff's claim fails as time-barred.

Plaintiff's implied warranty claim is also barred because, under Mississippi law, product liability claims sounding in implied warranty must be brought within the same three-year statute of limitations discussed above. Miss. Code Ann. § 15-1-29; *see also Blouin v. Johnson & Johnson*, 2017 WL 4969345, at *4 (S. D. Miss. Nov. 1, 2017) (noting that the Mississippi Products Liability Act's three-year statute of limitations subsumes claims of breach of implied warranty).[3]

As to Plaintiff's consumer protection and express warranty claims, the Court has concluded these claims are not adequately pled in the Master Complaint, and Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims here. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Thus, Plaintiff has failed to plead a viable state consumer protection claim with the particularity required by Rule 9 or a viable express warranty claim. Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

[3] Under Indiana law, the implied warranty claim in personal injury cases is governed by the two-year personal injury statute of limitations discussed above, *supra* n. 2, not the UCC statute of limitations. *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).

                Respectfully submitted,

Dated:  May 7, 2021       /s/ *Jessica Benson Cox*
                Jessica Benson Cox, Co-Lead Counsel
                Andrea Roberts Pierson,
                FAEGRE DRINKER BIDDLE & REATH LLP
                300 North Meridian Street, Suite 2500
                Indianapolis, Indiana  46204
                Telephone:  (317) 237-0300
                Andrea.Pierson@FaegreDrinker.com
                Jessica.Cox@FaegreDrinker.com

                James Stephen Bennett, Co-Lead Counsel
                FAEGRE DRINKER BIDDLE & REATH LLP
                110 West Berry Street, Suite 2400
                Fort Wayne, Indiana  46802
                Telephone:  (260) 424-8000
                Stephen.Bennett@FaegreDrinker.com

                *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2021, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF BRITNEY BOYD'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*