UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND            Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION             MDL No. 2570
_____

This Document Relates Only to the Following Cases:

Bush, Lisa, 1:16-cv-01126
_____

**DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF LISA BUSH'S CASE PURSUANT TO CMO-28**

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges injury based on an inability to retrieve her IVC filter.

1. <u>Plaintiff's Name</u>: Lisa Bush[1]

2. <u>Case Number</u>: 1:16-cv-01126

3. <u>Case Origin</u>: Filed in Southern District of Indiana on May 6, 2016

4. <u>Plaintiff's Home State per Complaint</u>: Arizona (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. <u>Applicable Choice of Law Rules</u>: Indiana, *see* Dkt. 13539 (finding Indiana choice-of-law rules apply to all claims in MDL originally filed in the S.D. of Indiana except those filed between May 31, 2017 and June 13, 2019).

6. <u>Applicable Statute of Limitations</u>: Indiana (2 years), Ind. Code 34-20-3-1(b)(1) ("[A] product liability action must be commenced: (1) within two (2) years after the cause of action accrues").

7. <u>Filter Placement Date</u>: October 1, 2013

8. <u>Latest Possible Date of Accrual</u>: December 5, 2013 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting "The apex of the filter was firmly embedded in the left posterior wall of the vena cava" and "Multiple attempts were made to try and free the apex … [and all] were unsuccessful.").[2]

9. <u>Length of Time Between Claim Accrual and Filing</u>: 2 years, 5 months, 11 days

---

[1] The Cook Defendants refer to Mrs. Bush as "Plaintiff" due to the singular language used in the structure of the Short Form Complaint. Plaintiff's spouse, Robert Bush, is a Co-Plaintiff on a loss of consortium claim, and this motion seeks dismissal of his derivative claim as well.

[2] The Court may consider categorization forms and supporting records on a 12(c) motion as it has done with some prior motions. *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").

**BRIEF ARGUMENT**

Plaintiff's personal injury claims are barred under Indiana law because the case was filed more than two years after an unsuccessful attempt to remove the filter.[3] *See supra*, ¶¶ 3, 8-9. The Court has ruled in this MDL that claims are time-barred under Indiana law where a failed retrieval attempt occurred more than two years before commencement of the action, because the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391 a 3-4 (granting judgment on the pleadings in the *Heintzman* case); *see also In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 352 (S.D.N.Y. 2014); *Neuhauser v. A.H. Robins Co.*, 573 F. Supp. 8, 9-10 (S.D. Ind. 1983) (both cases holding under Indiana law that the claim accrued upon removal of the device or earlier).

In Indiana, the discovery rule "looks only to when a plaintiff knew that he or she suffered an ascertainable injury, and knew or should have discovered that the injury was caused by the product or act of another." *Valmore v. Janssen Pharm. Prods., LP*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005). In a case like this, where the Plaintiff claims injury based on an inability to retrieve the filter, a plaintiff necessarily "knows or should know" through medical treatment of an injury and the causal link to the filter at the time an unsuccessful attempt to remove the filter

---

[3] Plaintiff's case would also be barred under Arizona law, which also has a two-year statute of limitations. *See* Ariz. Rev. Stat § 12-542(1). This Court granted judgment on the pleadings in the *Fitzgerald* case under Indiana and Arizona law because "Plaintiff necessarily knew at the time of her open removal surgery in May 2011 that there was an issue with her filter. She was thus on inquiry notice to investigate the matter further to determine when she had an actionable claim." Dkt. 18365; *see also Doe v. Roe*, 955 P.2d 951, 961 (Ariz. 1998) ("A plaintiff need not know all the facts underlying a cause of action to trigger accrual.").

occurs.[4]  Dkt. 18391; *In re Mirena (Truitt)*, 29 F. Supp. 3d at 352; *Neuhauser*, 573 F. Supp. at 9; *Crum*, 2021 WL 211502, at *7.

Plaintiff's implied warranty claim also fails on the same ground.  Under Indiana law, warranty claims are subject to the two-year statute of limitations discussed above.  *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).[5]

As to Plaintiff's consumer protection and express warranty claims, the Court has concluded that they are not adequately pled in the Master Complaint, and Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims here.  *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty).  Thus, Plaintiff has failed to plead a viable state consumer protection claim with the particularity required by Rule 9 or a viable express warranty claim.  Plaintiff's claim for punitive damages fails as derivative.  Co-Plaintiff Robert Bush's loss of consortium claim also fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

[4] To the extent Plaintiff may claim other complications or injuries, the statute of limitations bars claims based on those complications and injuries as well because they do not constitute new or separate claims under Indiana law.  In fact, "it is not necessary that the full extent of the damage be known or even ascertainable but only that some ascertainable damage has occurred."  *Monsanto v. Miller*, 455 N.E.2d 392, 394 (Ind. Ct. App. 1983).

[5] Arizona follows the same rule.  *See Wetzel v Comm. Chair Co.*, 500 P.2d 54, 57 (Ariz. Ct. App. 1972).

Respectfully submitted,

Dated:  May 7, 2021       /s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2021, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF LISA BUSH'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*