UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION    MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Lehotsky, John P., 1:17-cv-03068

_____

**DEFENDANTS' MOTION FOR JUDGMENT IN**
**PLAINTIFF JOHN P. LEHOTSKY'S CASE PURSUANT TO CMO-28**

Under Federal Rule of Civil Procedure 12(c), and pursuant to the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges injury based on an inability to retrieve his IVC filter.

1.      Plaintiff's Name:  John P. Lehotsky

2.      Case Number:  1:17-cv-03068

3.      Case Origin:  Filed in Southern District of Indiana on September 1, 2017

4.      Plaintiff's Home State per Complaint: Pennsylvania (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5.      Applicable Choice of Law Rules:  Pennsylvania, *see* Dkt. 13539 (modifying equitable time period for application of home state choice-of-law rules to cases filed between May 31, 2017 and June 13, 2019).

6.      Applicable Statute of Limitations:  Pennsylvania (2 years), 42 Pa. Cons. Stat. § 5524 ("[An action to recover injuries to the person] must be commenced within two [(2)] years.").

7.      Filter Placement Date:  February 24, 2006

8.      Latest Possible Date of Accrual:  May 26, 2006 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting "…filter firmly attached to IVC" and "unable to remove IVC filter.").[1]

9.      Length of Time Between Filter Placement and Filing:   11 years, 6 months, 8 days

10.     Length of Time Between Claim Accrual and Filing:  11 years, 3 months, 6 days

---

[1] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion.  *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").

## BRIEF ARGUMENT

Plaintiff's personal injury claims are barred under Pennsylvania law because the case was filed more than two years after an unsuccessful attempt to remove the filter.[2] *See supra*, ¶¶ 3, 8, 10.  The Court dismissed a failed retrieval case under Indiana and Ohio law because the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391.  Here, Plaintiff's claimed injury is premised on a failed retrieval that occurred more than 11 years before he commenced this action.

In Pennsylvania, "[a] cause of action accrues, and thus the applicable limitations period begins to run, when an injury is inflicted." *Kennedy v. Ethicon, Inc.*, 2020 WL 4050459, at *7 (E.D. Pa. July 20, 2020).  Further, the discovery rule is inapplicable here as it does not require "notice of the full extent of the injury, the fact of actual negligence, or precise cause." *Nicolaou v. Martin*, 195 A.3d 880, 893 (Pa. 2018).  In cases involving implantable medical devices, claims accrue when a plaintiff learns he suffered injuries and that such injuries share some causal connection to the medical device at issue.  *See Kennedy*, 2020 WL 4050459, at *15; *see also McLaughlin v. Bayer Essure, Inc.*, 2020 WL 1625549, at *21 (E.D. Pa. Apr. 2, 2020).  In this case, Plaintiff's claims accrued no later than May 26, 2006, when an attempt was made to remove the filter but was unsuccessful.  *See* Exhibit A.  Thus, by the time Plaintiff filed suit, his claims were time-barred by more than nine years.

Plaintiff's implied warranty claim is also barred.  Pennsylvania law bars implied warranty claims as a matter of law in medical device cases.  *Soufflas v. Zimmer, Inc.*, 474 F. Supp. 2d 737, 752 (E.D. Pa. 2007).  Even if it did not, under Pennsylvania law, implied warranty claims are

---

[2] Plaintiff's personal injury claim and implied warranty claims would also be barred under Indiana's two-year statute of limitations.  *See* Ind. Code 34-11-2-4; *see also* Dkt. 18391 (*Heintzman* order).

barred four years after the date of sale, and the "discovery rule does not apply to breach of warranty claims." *See* 42 Pa. Cons. Stat. § 5525; 13 Pa. Cons. Stat. § 2725 (providing for a four-year statute of limitations and noting "[a] breach of warranty occurs when tender of delivery is made."); *McCracken v. Ford Motor Co.*, 588 F. Supp. 2d 635, 642 (E.D. Pa. 2008).  Plaintiff filed this action more than 11 years after receiving his filter.  *See* ¶¶ 3, 7, 9.  Accordingly, Plaintiff's implied warranty claim fails.

As to Plaintiff's consumer protection and express warranty claims, the Court has concluded these claims are not adequately pled in the Master Complaint.  *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty).  Here, Plaintiff's Short-Form Complaint adds mere conclusory allegations, not any substantive facts other than that the case involves a "filter firmly attached to the caval wall" after the failed retrieval attempt discussed above.  *See* Pl.'s Short Form Compl., ¶ 14.  Such non-specific accusations fail to meet the level of particularity required by Rule 9(b).  *See Kester v. Zimmer Holdings, Inc.*, 2010 WL 4103553, at *3 (W. D. Pa. Oct. 18, 2010) ("Plaintiff neither identifies any particular person who made the alleged misrepresentations nor specifies the time or place such misrepresentations or omissions were allegedly made.").  Thus, Plaintiff has failed to plead a viable state consumer protection claim with the particularity required by Rule 9 or a viable express warranty claim.  Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

Dated:  May 7, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2021, a copy of the foregoing **COOK DEFENDANTS'**
**MOTION FOR JUDGMENT IN PLAINTIFF JOHN P. LEHOTSKY'S CASE PURSUANT**
**TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all
parties by operation of the Court's electronic filing system to CM/ECF participants registered to
receive service in this matter.  Parties may access this filing through the Court's system.


/s/ *Jessica Benson Cox*