UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

_____

This Document Relates to the Following Cases:

Kristin Stephens, Case No. 1:20-cv-6274

_____

## ENTRY ON DEFENDANTS' MOTION TO DISMISS

The Cook Defendants[1] develop, manufacture, sell, and distribute vena cava filters, including the Günther Tulip® Vena Cava Filter. Plaintiff Kristin Stephens is an Alabama resident who had a Tulip filter placed on June 30, 2014 at Huntsville Hospital. On February 3, 2017, Plaintiff underwent a procedure to remove the filter, during which her vena cava and renal vein were allegedly torn.

She filed the present action on July 21, 2020 against Cook and Huntsville Hospital in Alabama state court, alleging the filter "was unmerchantable, and was not fit for the ordinary purposes for which such products are used due to the hazard of the IVC filter causing serious personal injuries." Cook removed the action to the Northern District of Alabama on August 25, 2020. The district court granted the Hospital's motion to dismiss Plaintiff's breach of warranty claim because it was time-barred and denied Plaintiff's

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

1

motion to remand. The case was transferred here per the JPML on November 18, 2020.

In her Short Form Complaint filed on December 9, 2020, Plaintiff added a claim for breach of express warranty by incorporating the allegations from the Master Complaint.

Cook now moves to dismiss Plaintiff's breach of warranty claims on grounds that they are time-barred by Alabama Code § 7-2-725.

## I. Discussion

Alabama Code § 7-2-725 requires breach of warranty claims to be asserted within four years of a subject good's delivery. Per Plaintiff's own allegations, Cook argues, her claims are time-barred by more than two years.

The statute at issue reads, in pertinent part:

(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued . . .

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that *where a warranty explicitly extends to future performance of the goods* and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered; however, *a cause of action for damages for injury to the person in the case of consumer goods shall accrue when the injury occurs*.

Alabama Code § 7-2-725(1), (2) (emphasis added).

### A. The Exception for Consumer Goods

Plaintiff argues the exception for consumer goods applies—or, at the very least, there is a genuine issue of material fact as to whether the exception applies. If the exception applies, her breach of warranty claims accrued when she was injured (February

2

3, 2017) and not when the filter was delivered (June 30, 3014).  Cook counters that a medical device is not a consumer good as a matter of law.

Under section 7-9A-102(a)(23), "'[c]onsumer goods' means goods that are used or bought for use primarily for personal, family, or household purposes."  No Alabama state court has considered whether a medical device is a consumer good.  Sitting in diversity, the court must predict how the state's highest court would rule if faced with the issue. ! *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 634 (7th Cir. 2007).

In *Collins v. Davol, Inc.*, the plaintiff was a citizen of Alabama but had surgery in Tennessee to repair a hernia.  56 F.Supp.3d 1322, 1325 & n.1 (N.D. Ala. 2014).  The surgeon implanted a hernia mesh into plaintiff's abdomen which failed and caused him injury.  *Id.* at 1325.  The court determined that Tennessee law applied to plaintiff's breach of warranty claim because the relevant contract was formed in Tennessee.  *Id.* at 1230.  Applying the Tennessee Product Liability Act, the court found plaintiff's claim was time-barred.  *Id.* at 1231 n. 9, 1232.  In a footnote, however, the court explained the result would be no different under Alabama law, noting "[a]lthough no Alabama court has considered whether a medical device is a 'consumer good,' such a device is clearly inconsistent with the Alabama Uniform Commercial Code's definition of 'consumer good,' i.e., 'goods that are used or bought for use primarily for personal, family, or household purposes.'" *Id.* at 1231 n.9 (quoting Ala. Code § 7-9A-102(a)(23)); *see also Coleman v. Boston Scientific Corp.*, No. 1:17-cv-439-TFM-C, 2020 WL 7090701, at *8-9 (S.D. Ala. Sept. 22, 2020) (citing *Collins* and holding a catheter is not a "consumer good" under Ala. Code § 7-9A-102(a)(23); "the definition does not appear to contemplate

3

medical devices purchased by hospitals to provide medical services to patients"); *McCurdy v. Wright Med. Tech., Inc.*, No. CV 19-1898-CFC, 2020 WL 906329, at *7 (D. Del. Feb. 25, 2020) (citing *Collins* and predicting that the Alabama Supreme Court would find that a hip replacement product is a non-consumer good under the Alabama Code).

Plaintiff argues *Collins, Coleman,* and *McCurdy* are not persuasive authority because those decisions did not apply the Eleventh Circuit's "use" test set forth in *Rommel v. Auto. Racing Club of Am., Inc.*, 964 F.2d 1090 (11th Cir. 1992). The issue in *Rommel* was whether a gas nozzle was a "consumer good" under a prior version of Alabama Code § 7-9-109, which split "goods" into four separately-defined categories: "consumer goods," "equipment," "farm products" and "inventory." *Id.* at 1099. The court quoted § 7-9-109's official comment 2, which stated that "[i]n borderline cases—a physician's car or a farmer's jeep which might be either consumer goods or equipment— *the principal use to which the property is put should be considered as determinative*." *Id.* at 1100. Under that test, court found there was an issue of fact on whether the "used or bought for use" as a "consumer good" or as "equipment." *Id. Rommel* is distinguishable from the present case. A gas nozzle is not comparable to a prescription medical device which is "purchased by a hospital to provide medical services to a patient." *Coleman*, 2020 WL 7090701, at * 8.

Therefore, the court finds the weight of authority is such that the court predicts that the Alabama Supreme Court would find a medical device is a non-consumer good. Like a hernia patch and a hip replacement product, a vena cava filter is a medical device that would not be a consumer good under Alabama Code § 7-9A-102.

4

### B. Future Performance Exception

Plaintiff also contends her warranty claims fall within the exception for future performance. *See* Ala. Code § 7-2-725(2) (stating "where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered"). This exception only applies to Plaintiff's express warranty claim, not her implied warranty claim. *Carrell v. Masonite Corp.*, 775 So.2d 121, 124 (Ala. 2000) (holding the future performance exception "would allow [plaintiffs] to file a claim for breach of their express warranty, but it does not cover an implied warranty.") (citing *Wright v. Cutler-Hammer, Inc.*, 358 So.2d 444, 445 (Ala. 1978)).

A warranty for future performance guarantees the future performance of the product for a stated time. *Johnson v. Southern Energy Homes, Inc.*, 391 F.Supp.2d 1118, 1121 (S.D. Ala. 2005) (citations and quotation marks omitted). Plaintiff argues that FDA clearance of the Tulip filter for permanent use creates an express warranty for future performance of the device. Clearance by a regulatory body does not create an express warranty; only Cook can create warranties for its products. Even if FDA clearance could be construed as a warranty, it does not extend to future performance as it does not guarantee the performance of the product for any period of time.

Plaintiff also argues Cook's Tulip filter marketing pamphlet and a Tulip filter Patient Guide create express warranties because they represent that the filter can remain in place as a permanent filter or can be retrieved. These materials do not create express warranties as there is no statement guaranteeing that the filter will be free from defects in

5

the future.

## II.     Conclusion

Neither the consumer goods exception nor the future performance exception applies to toll the statute of limitations on Plaintiff's breach of warranty claims. Therefore, Plaintiff's claims accrued upon tender of delivery, June 30, 2014, and the statute of limitations ran on June 30, 2018.  Because she did not file the present action until July 21, 2020, Plaintiff's breach of warranty claim is time-barred.  Cook's Motion to Dismiss (Filing No. 15443) is therefore **GRANTED**.


**SO ORDERED** this 10th day of May 2021.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana


Distributed Electronically to Registered Counsel of Record.