UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND            No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION             MDL No. 2570

_____

This Document Relates to the Following Cases:

Tiffany Andrea James, 1:18-cv-01278
Christopher Wilburn, 1:20-cv-03078
Lisa Feustal, 1:20-cv-03148

_____

**ORDER ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFFS' CASES PURSUANT TO CMO-28**

The Cook Defendants[1] develop, manufacture, sell, and distribute vena cava filters, including the Günther Tulip® Vena Cava Filter. Plaintiffs Tiffany Andrea James, Christopher Wilburn, and Lisa Feustal were implanted with the Tulip Filter in Tennessee more than ten years before they filed suit. They bring claims for strict products liability, negligence, breach of warranty, consumer fraud, and punitive damages against the Cook Defendants. Cook moves for judgment pursuant to Case Management Order #28, Screening for Time-Barred Cases, on grounds that Plaintiffs' claims are barred by the Tennessee statute of repose.

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

1

The Tennessee Products Liability Act of 1978 ("TPLA") defines "product liability action" accordingly:

> "Product liability action" for purposes of this chapter shall include all actions brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product. It shall include, but not be limited to, all actions based upon the following theories: strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent, or innocent; misrepresentation, concealment, or nondisclosure, whether negligent, or innocent; or under any other substantive legal theory in tort or contract whatsoever.

Tenn. Code Ann. § 29-28-102(6). Based on this expansive definition, the court finds all of Plaintiffs' claims are subject to the statute of repose. (*See also* Filing No. 4918 at 8 (addressing same issue)).

The TPLA's statute of repose reads, in relevant part:

> (a) Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28-3-104, 28-3-105, 28-3-202, and 47-2-725, but notwithstanding any exceptions to these provisions, it must be brought within ten (10) years from the date on which the product was first purchased for use or consumption . . . .

Tenn. Code Ann. § 29-28-103(a). Cook contends Plaintiffs' claims are barred by the Tennessee statute of repose because they did not file their cases within 10 years after the initial sale of the filter, a sale that could not have occurred any later than the date of the placement procedure.

Plaintiffs filed responses that raise the same argument in opposition. Specifically, Plaintiffs acknowledge the court's prior orders dealing with the Tennessee statute of

2

repose and relevant Tennessee law.  (Filing Nos. 4918 at 8-12 (addressing Tennessee statute of repose) & 14426).  They argue, instead, that the Tennessee statute of repose is in conflict with Tennessee Code § 28-3-104(b).  It provides that in "products liability cases . . . (2) No person shall be deprived of the right to maintain a cause of action until one (1) year from the date of the injury; and (3) Under no circumstances shall the cause of action be barred before the person sustains an injury."  Tenn. Code Ann. § 29-28-104(b)(2)-(3).  Plaintiffs urge the court to apply Tennessee Code § 28-3-104(b) and deny Cook's motion because Plaintiffs' products liability claims may not be barred before their injuries, and they have a right to bring suit up to one year from the date of their injuries.

The Tennessee Court of Appeals has previously found there is no conflict between the two statutes.  *Wyatt v. A-Best Prods. Co.*, 924 S.W.2d 98, 104 (Tenn. Ct. App. 1995) ("A cursory comparison of the language quoted above with that of T.C.A. § 29-28-103(a) (*notwithstanding any exception to these provisions* [which would include § 28-3-104(b)] . . . *in any event*, the action must be brought within ten (10) years . . . ") (emphasis added)) provides the answer to that contention—there is no conflict between the two statutes.")); *see also Jones v. Methodist Healthcare*, 83 S.W.3d 739, 744 (Tenn Ct. App. 2001) (same).  The court is bound by *Erie* principles to follow established Tennessee law on this issue.  Therefore, as the court has explained in prior orders, the Tennessee statute of repose bars all claims raised by Plaintiffs.

It is therefore **ORDERED** that the Cook Defendants' Motions for Judgment in Plaintiffs' Cases (Filing No. 15852 (James); Filing No. 16175 (Feustal); Filing No. 16176

3

(Wilburn)) Pursuant to CMO-28 is **GRANTED**.

**SO ORDERED** this 10th day of May 2021.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.