**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND TAB PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-MDL No. 2570 |

This Document Relates to the Following Actions:

Arroyo, Candra, 1:20-cv-03005
Horton, Johnny, 1:20-cv-00785

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'**
**MOTION TO DISMISS UNKNOWN PRODUCT CASES**

COMES NOW, Plaintiff Candra Arroyo and Plaintiff Johnny Horton, by and through the undersigned counsel, hereby submit this Response in Opposition to the Cook Defendants ("Defendants") Motion to Dismiss Unknown Product Cases Pursuant to Federal Rule of Civil Procedure 8(a), and states the following:

**I. INTRODUCTION**

On April 20, 2021, Defendants, Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS (collectively, "Cook"), filed their Motion to Dismiss the above pending cases on the ground that they fail to make the "short and plain statement" of their claims required by Federal Rule of Civil Procedure 8(a), specifically that these Plaintiffs' pleadings fail to identify the product they allege caused their injuries.

**II. ARGUMENT**

Cook argues that Plaintiffs' Complaints should be dismissed in its entirety for failing to meet pleading standards under Rule 8(a) for a product liability action. In support of this

1

argument, Cook cites two cases. The first is *Hall v. DaimlerChrysler Corp.*, an asbestos action, where the court granted defendant's motion to dismiss because Plaintiff failed to allege facts "identifying the products that caused Plaintiffs' alleged injuries". *Hall v. DaimlerChrysler Corp.*, No. 03-20771-CIV, 2003 WL 25763225, at *1 (S.D. Fla. June 23, 2003). The second case cited by Cook, *Z Best Body & Paint Shops, Inc. v. Sherwin-Williams Co.*, is a breach of contract case in which the court held that Plaintiff's general allegation that defendant sold "low quality and defective products" without identifying a single product at issue or how any products were defective was insufficient under Rule 8.

Neither cases cited by Defendants provide an adequate or appropriate basis for dismissal of these Plaintiffs' cases. In both *Hall* and *Z Best Body & Paint Shops, Inc.*, plaintiffs failed to allege even the type of product at issue or other basic details regarding the product. In the cases at hand, Plaintiffs' complaints identify with particularity the product that caused their alleged injuries.

Specifically, Plaintiffs allege they were implanted with a retrievable IVC Filter, manufactured, and sold by Cook Defendants. Plaintiffs' Complaints specifically identify IVC filters manufactured by Cook Defendants, the Celect Vena Cava Filter and the Gunther Tulip Filter, which are collectively referred to as the "Cook Filters" or "Cook IVC Filters" throughout the complaints. The allegations in Plaintiffs' Complaints consistently refer to the collective group of IVC filters manufactured by Cook as the product that caused Plaintiffs' alleged injuries.

Additionally, Plaintiff Candra Arroyo's complaint sets forth that sometime around August 2014 she was implanted with the Cook IVC filter at Stanford Heath Care - Valley Care Medical Center in Pleasanton, CA. Plaintiff Johnny Horton's complaint sets forth that sometime around 2012 he was implanted with a Cook IVC filter at Palmetto Health

Richland Hospital in Columbia, South Carolina Consequently, Cook's claim that Plaintiffs have "failed to allege or identify the product at issue in any way" is erroneous.

Further, Defendants misrepresent the legal standard by which a court is to review a motion to dismiss for failure to state a claim. Federal Rule 8 requires a claimant to state sufficient facts to give the responding party fair notice of what the party's claim is and the grounds on which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Supreme Court in *Ashcroft v. Iqbal* explicitly stated that the pleading standard set by Rule 8 "does not require 'detailed factual allegations,'" but merely demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). The minimal pleading requirement under Rule 8 does not require the specific model at issue be identified in the complaint for product liability actions. *DuRocher v. Riddell, Inc.,* 97 F. Supp. 3d 1006, 1019 (S.D. Ind. 2015); see also *Coleman v. Boston Scientific Corp.*, No. 1:10-cv-01968-OWN-SKO, 2011 U.S. Dist. LEXIS 42826, 2011 WL 1523477, at *2-5 (E.D. Cal. Apr. 20, 2011) (denying a motion to dismiss where plaintiff identified surgical mesh, but not a specific product line or model number). As such, while Plaintiffs' Complaints do not identify the specific Cook IVC model they were implanted with, Plaintiffs have sufficiently alleged facts identifying the product at issue to meet the pleading standards under Rule 8, as set forth in *Twombly* and *Iqbal*.

### III. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request the Court deny Defendants' motion to dismiss or, in the alternative, grant Plaintiffs leave to amend.

Dated: May 11, 2021

/s/Meghan Hennessy
Meghan Hennessy, Esq.
Marc J. Bern & Partners LLP
60 East 42nd Street, Suite 950
New York, New York 10165
Tel: (212)702-5000
Fax: (212)818-0164
mhennessy@bernllp.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Meghan B. Hennessy, certify that on May 11, 2021 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this action.

/s/Meghan B. Hennessy
*COUNSEL FOR PLAINTIFFS*