UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Irizarry, Sonia, 1:21-cv-00654

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT
IN PLAINTIFF SONIA IRIZARRY'S CASE PURSUANT TO CMO-28**

Plaintiff argues that her claims are saved by the express warranty exception to the Texas statute of repose.  In particular, Plaintiff acknowledges that the Court has applied the statute of repose to dismiss prior cases involving Texas plaintiffs, but argues that the Court erred and that "the existence of a warranty regarding the expected life of a product is a distinct legal issue from a claim for breach of an express warranty."  Pl.'s Response, Dkt. 18263 at 1.  Plaintiff cites no Texas law recognizing this purported difference in meaning between an ordinary express warranty claim and the express warranty exception to the statute of repose.

## A.     The Definition of Express Warranty Encompasses a Reliance Requirement

Plaintiff's statutory interpretation argument is without merit.  Under Texas law, "[w]ords and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."  Tex. Gov't Code § 311.011.  "Express warranty" is not a common term, but was codified in 1967 by the adoption of the Uniform Commercial Code (UCC) and given a precise legal meaning that requires "a fact or promise made by the seller which relates to the goods and becomes part of the basis of the bargain," among other elements.  Tex. Bus. & C. Code § 2.313(1)(1).  Thus, when the Texas Legislature enacted the statute of repose in 1993 and amended it in 2003, the term "express warranty" already had a precisely defined statutory meaning.  *See* Tex. Civ. Prac. & Rem.§ 16.012.  This statutorily defined meaning therefore controls, instead of any alternative "common" meaning proposed by Plaintiff.  *See e.g., Roberts v. Sea-Land Servs., Inc.*, 566 U.S. 93, 101 (2012) (explaining that statutory language "cannot be construed in a vacuum.  It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.").

Even assuming the Texas legislature had not defined express warranty to include a reliance element, Plaintiff's argument would still fail. Express warranty has its roots in common law, and the reliance requirement also existed at common law. As the Texas Supreme Court has explained, "[t]he [UCC] basis-of-the bargain requirement loosely reflects the common-law express warranty requirement of reliance and reliance is also not only relevant to, but an element of proof of, plaintiffs' claims of breach of express warranty (to a certain extent)." *PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd.*, 140 S.W.3d 79, 99 (Tex. 2004) (internal citations omitted). When a legislature uses a common-law term and does not separately define it, courts apply the common law meaning. *See Soroklit v. Rhodes*, 889 S.W.2d 239, 242 (Tex. 1994) ("Because the legislature has not defined 'negligence' as it is used [in a statute], we apply its common law meaning."); *Monsanto Co. v. Cornerstones Mun. Utility Dist.*, 865 S.W.2d 937, 939-40 (Tex. 1993) (using the common law to determine the ordinary meaning of an undefined term); *Sekhar v. U.S.*, 570 U.S. 729, 732 ("It is a settled principle of interpretation that, absent other indication, Congress intends to incorporate the well settled meaning of the common-law terms it uses.").

Accordingly, express warranty under Texas law requires reliance, and Plaintiff does not dispute that he has failed to plead reliance on the purported warranty.

**B.     The Tulip Patient Guide Did Not Create an Express Warranty.**

Plaintiff's argument also fails because the Tulip Patient Guide did not create an express warranty that the filter had "a useful safe life of her lifetime." Dkt. 18263 at 3. Plaintiff premises her express warranty argument on the following passage from the Guide: "The Gunther Tulip Vena Cava Filter is often used as a permanently implanted device … Remember, the

2

Gunther Tulip Vena Cava Filter is safe and effective as either a permanent or temporary device." Pl.'s Response, 18263 at 3 (quoting Tulip Patient Guide, Dkt. 18263-1 at 6).[1]

But Plaintiff removes the quoted language from its critical context. Read in its entirety, this section of the Tulip Patient Guide makes clear that risks, although rare, do exist, and that a patient wishing to remove the filter may have a limited time to do so. The full text of the section reads:

> The Gunther Tulip™ Vena Cava Filter is often used as a permanently implanted device. Patients are able to lead a normal, active lifestyle, and rarely have complications from having the filter implanted. The Gunther Tulip™ Vena Cava Filter may also be removed if your risk of pulmonary embolism has diminished. However, there is a limited amount of time that the filter can be implanted if it is to be safely removed. Please consult with your physician to see if he or she plans to retrieve the filter or leave it in. Remember, the Gunther Tulip™ Vena Cava Filter is safe and effective as either a permanent or temporary device.

Dkt. 18263-1 at 6. Cook respectfully submits that no fair reading of this passage could create a reasonable inference that Cook "expressly warrant[ed] in writing that the product has a useful safe life of longer than 15 years." Tex. Code. Ann. § 16.012(c). The supposed express warranty on which Plaintiff bases her argument does not exist.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

[1] Plaintiff did not raise any additional allegations in her Short Form Complaint. Thus, the Tulip Patient Guide is not part of the complaint and is not appropriate for use in deciding this motion, which was brought under Rule 12(c). *See Wright v. Assoc. Ins. Cos., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994); *Venture Assocs. v. Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir. 1993) (both holding that a trial court on a motion to dismiss can only consider documents if they are referred to in the complaint and are central to the claim).

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  May 12, 2021 | /s/ Andrea Roberts Pierson |

Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2021, a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT IN PLAINTIFF SONIA IRIZARRY'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ Andrea Roberts Pierson