UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ This Document Relates to: Edward Poggensee, 1:17-cv-2675 _____ | 1:14-ml-02570-RLY-TAB MDL No. 2570 |

## ORDER ON PLAINTIFF'S MOTION TO RECONSIDER

On March 10, 2021, the court granted the Cook Defendants'[1] Motion for Judgment in Plaintiff's Case Pursuant to CMO-28, noting his "response deadline passed on March 3, 2021, and more than 20 days have passed" since the filing of the motion. Plaintiff, Edward Poggensee, moves for reconsideration of that Order, stating he "inadvertently relied on" his Response in Opposition to another dispositive motion filed by the Cook Defendants—the Cook Defendants' Omnibus Motion for Summary Judgment Based on Statute of Limitations.

Plaintiff's motion is denied for two reasons. First, CMO-28 outlines three ways a plaintiff can respond to a motion brought under the CMO: voluntarily dismiss, serve a three-page response, or file a declaration explaining why the plaintiff cannot respond to

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

1

the motion at that time.  (Filing No. 14601, CMO-28 at 3).  Plaintiff did none of those things.

Second, reinstatement would be futile because the undisputed facts show that Iowa's two-year statute of limitations bars Plaintiff's product liability claims.[2]  Iowa Code § 614.1(2).  Plaintiff's open removal surgery was on March 6, 2013, but he did not file his Short Form Complaint until August 8, 2017, more than two years too late.

Iowa's discovery rule does not save his claims either, as Iowa's discovery rule encompasses inquiry notice.  "A party is placed on inquiry notice when a person gains sufficient knowledge of facts that would put that person on notice of the existence of a problem or potential problem."  *Buechel v. Five Star Quality Care, Inc.*, 756 N.W.2d 732, 736 (Iowa 2008).  Here, Plaintiff's open removal surgery was necessitated by prior failed attempts to retrieve it.  (*See* Filing No. 15876, Medical Record).  Plaintiff was thus aware of a "potential problem" with his filter that triggered inquiry notice.  Therefore, his products liability claims are time-barred.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider (Filing No. 16076) is **DENIED**.

**SO ORDERED** this 12th day of May 2021.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

---

[2] Plaintiff's motion to reconsider does not mention his warranty or consumer fraud claims. Accordingly, any objection to the court's order regarding those claims is waived. *Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument [in a motion to dismiss]-as the [plaintiffs] have done here-results in waiver."); *Wojtas v. Capital Guardian Trust Co.,* 477 F.3d 924, 926 (7th Cir. 2007) ("The [plaintiffs'] failure to offer any opposition to [the defendant's] statute of limitations argument constituted a waiver.").

Distributed Electronically to Registered Counsel of Record.