UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                 No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                  MDL No. 2570

_____

This Document Relates to the Following Cases:

Ty Woodard, Case No. 1:19-cv-01296

_____

**ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT
IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Pursuant to Case Management Order 28, Screening for Time-Barred Cases, the Cook Defendants move for judgment in Plaintiff Ty Woodard's case.

**I.    Background**

On April 1, 2019, Plaintiff filed his Short Form Complaint, which states he was implanted with a Gunther Tulip Vena Cava Filter on March 8, 2007, at Huntsville Hospital in Huntsville, Alabama. (1:19-cv-01296, Filing No. 1, ¶¶ 11-12). According the complaint, he is a current resident of Tennessee and resided in Tennessee at the time of his injury and filter placement. (*Id.*, ¶¶ 4-6). He listed the Middle District of Tennessee as the federal district where filing would have been proper absent the MDL. (*Id.*, ¶ 7).

On January 13, 2021, he filed a motion for leave to file an Amended Short Form Complaint, seeking to amend the district where filing would have been proper but for the MDL from the Middle District of Tennessee to the Northern District of Alabama. (*Id.*,

1

Filing No. 11, ¶ 7). Cook did not respond to Plaintiff's motion to amend.

On February 16, 2021, Cook filed the present motion on grounds that Plaintiff's products liability, negligence, breach of warranty, and consumer fraud claims are barred by the Tennessee statute of repose.

**II.     Discussion**

Plaintiff contends Cook waived any argument opposing Alabama as his home jurisdiction. Therefore, he contends, Alabama choice-of-law rules govern. And because Alabama considers the statute of repose to be a procedural issue, Alabama law applies, not Tennessee law. Significantly, Alabama does not recognize a statute of repose for products liability claims. *See Lankford v. Sullivan, Long & Hagerty*, 416 So.2d 996, 1004 (Ala. 1982) (finding statute of repose unconstitutional).

There are several problems with Plaintiff's argument. First, Plaintiff did not properly move to amend his Short Form Complaint. He filed his motion for leave in the individual docket of the *Woodard* case only and did not file it in the master docket as the court requires. (*See* Filing No. 13122, Second Am. Order Establishing Policies and Procedures at 4 (ordering "all filings, regardless of the Member Case(s) to which they apply, shall be docketed in the Master Case only"); *see also* Filing No. 2771 (discontinuing spread of ECF notices to member cases as of October 11, 2016 due to the "burden on the system and the Court's servers," and explaining that spreading takes "hours to complete and locks the [Court's ECF] system during that time")). Because Plaintiff did not file his motion for leave and the proposed amended Short Form Complaint in the master docket, Cook never received proper notice and service of the

motion. Moreover, the court never ruled on the motion for leave. Consequently, his original Short Form Complaint, designating the Middle District of Tennessee as the proper venue, is the operative complaint. Tennessee law applies.

Under the court's two prior orders addressing the Tennessee statute of repose, all of Plaintiff's claims, including his breach of warranty claims, are time-barred. (*See* Filing No. 4918 Entry on the Cook Defendants' Motion for Judgment on the Pleadings Based on Statute of Repose at 8-12; Filing No. 14426, Order on the Cook Defendants' Omnibus Motion for Judgment on the Pleadings Based on the Texas and Tennessee Statutes of Repose).

### III.  Conclusion

For the reasons set forth above, the Cook Defendants' Motion for Judgment in Plaintiff's Case Pursuant to CMO-28 (Filing No. 15854) is **GRANTED**.

**SO ORDERED** this 12th day of May 2021.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.