UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ This Document Relates to: Clayton Kinsey, 1:17-cv-04414 _____ | 1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ENTRY ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT PURSUANT TO CMO-28**

Pursuant to Case Management Order 28, Screening for Time-Barred Cases, the Cook Defendants move for judgment on the pleadings in Plaintiff Clayton Kinsey's case. Because Plaintiff submitted an affidavit in opposition to Cook's motion, the court converts this motion to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).

**I.    Background**

On July 8, 2008, Plaintiff was implanted with a Cook Gunther Tulip Vena Cava filter at the University of Alabama at Birmingham Hospital. (Filing No. 14, First Am. Short Form Compl., ¶¶ 11-13). Sometime in March 2013, he experienced leg and back pain, so he went to see a doctor. (Filing No. 15967-1, Affidavit of Clayton Kinsey ("Plaintiff Aff.") ¶ 6). Following an MRI, he was told that the filter "was in a dangerous position in [his] body and needed to be removed." (*Id.* ¶ 9). Therefore, on May 20, 2013,

1

Plaintiff underwent an open removal surgery at Shelby Baptist Medical Center in Alabaster, Alabama. (Filing No. 15859, Medical Record).

Sometime in 2016, Plaintiff saw an advertisement and discovered that the filter which had been removed from his body may have been defective. (Plaintiff Aff. ¶ 11). Plaintiff filed his Short Form Complaint on November 29, 2017. (1:17-cv-04414, Filing No. 1, Short Form Compl.). At all times relevant to this case, Plaintiff was a resident of Georgia. (First Am. Short Form Compl. ¶¶ 4-6 (noting Plaintiff was a Georgia resident at the time of implant and injury, and currently resides there)).

## II.   Discussion

Under both Georgia and Alabama law, the statute of limitations for product liability actions is two years. Ga. Code § 9-3-33; Ala. Code §6-2-38(1). Plaintiff agrees his product liability claims were filed beyond the two-year period. He argues, however, that the statute of limitations was tolled (1) by the discovery rule[1] in Georgia and (2) by fraudulent concealment under Georgia and Alabama law.

Plaintiff first argues Georgia's discovery rule operates to save his claim. But the discovery rule only applies "to cases of bodily injury which develop over an extended period of time." *Corp. of Mercer Univ. v. Nat'l Gypsum Co.*, 368 S.E.2d 732, 733 (Ga. 1988); *Bitterman v. Emory Univ.,* 333 S.E.2d 378, 379 (Ga. Ct. App.1985) (stating that the discovery rule "was adopted in Georgia to aid a plaintiff suffering a continuing tort," and defining a continuing tort as "one inflicted over a period of time"). The discovery

---

[1] There is no discovery rule in Alabama. *Moon v. Harco Drugs, Inc.*, 435 So.2d 218, 220 (Ala. 1983).

2

rule does not apply to cases where the injury is based on a "discrete and identifiable" event. *Carpenter v. Lockheed Martin Corp.*, 2019 WL 5295728, at *3 n.3 (S.D. Ga. Oct. 18, 2019). The open removal surgery was a "discrete and identifiable event" that is inherently linked to the filter. His claims thus accrued, at the latest, on the date of his open removal procedure.

Plaintiff also argues that that the statute of limitations is tolled by Cook's fraudulent concealment. A claim of fraudulent concealment requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action. *Eaton v. Keith*, 154 Fed. Appx. 844, 848 (11th Cir. 2005) (applying Alabama law) ("'Fraudulent concealment must consist of affirmative acts or representations which are calculated to, and in fact do, prevent the discovery of the cause of action.'") (quoting *In re Int'l Admin. Servs., Inc.,* 408 F.3d 689, 701 (11th Cir.2005)); *Robertson v. Robertson*, 333 Ga.App. 864, 868 (Ga. Ct. App. 2015) ("[T]o constitute concealment of a cause of action so as to prevent the running of the limitation period, 'some trick or artifice must be employed to prevent inquiry or elude investigation, or to mislead and hinder the party who has the cause of action from obtaining information, and the acts relied on must be of an affirmative character and fraudulent.'") (quoting *Mayfield v. Heiman*, 730 S.E.2d 685, 690 (Ga. Ct. App. 2012)). But where a plaintiff is aware of facts which would lead to the discovery of a cause of action, fraudulent concealment ceases to toll the statute of limitations. *Hendrix v. Schrecengost*, 358 S.E.2d 486, 488 (Ga. Ct. App. 1987) (holding the statute of limitation was not tolled on plaintiff's medical malpractice claim where the plaintiff had repeated medical

3

complications prior to the running of the statute of limitations which should have put her on notice of possible negligent medical treatment or misdiagnosis); *Wheeler v. George*, 39 So. 3d 1061, 1081 (Ala. 2009) (analyzing statute of limitation on claim of fraud, and noting "the limitations period commences when the plaintiff discovers the fraud or when facts are known 'which would put a reasonable mind on notice that facts to support a claim of fraud might be discovered upon inquiry.'") (quoting *Auto-Owners Ins. Co. v. Abston*, 822 So. 2d 1187, 1195 (Ala. 2001)); *McConico v. Patterson*, 204 So.3d 409, 419-20 (Ala. Ct. App. 2016) (noting the plaintiff must show how the defendant prevented the plaintiff from discovering the true facts upon which the plaintiff's claim is based).

In March 2013, Plaintiff's doctor informed him his filter was in a "dangerous position" in his body and needed to be removed. This statement confirms that he knew he had suffered an injury and that the injury was linked to the filter. The filter was removed two months later in May 2013. Plaintiff had enough information based on these facts to put him on notice of a potential cause of action, yet he did not file a complaint until November 2017. Therefore, his product liability claims are time-barred.

Cook also moves for judgment on Plaintiff's implied warranty, express warranty, consumer protection, and punitive damages claims. Plaintiff did not respond to Cook's arguments. His silence results in waiver. *See Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the Bontes have done here—results in waiver.").

**III.    Conclusion**

Accordingly, Cook's Motion for Judgment (Filing No. 15858), which is treated as a Motion for Summary Judgment, is **GRANTED**.

**SO ORDERED** this 12th day of May 2021.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.