UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ This Document Relates to: Nellda Morris, 1:17-cv-1740 _____ | 1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ENTRY ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Pursuant to Case Management Order 28, Screening for Time-Barred Cases, the Cook Defendants move for judgment on the pleadings in Plaintiff Nellda Morris' case.

**I.      Background**

On March 29, 2010, Plaintiff was implanted with a Cook Celect Tulip Vena Cava filter at Phoebe Putney Memorial Hospital in Albany, Georgia. (Filing No. 12, Am. Short Form Compl., ¶ 11). According to her Short Form Complaint, she is a current resident of Georgia and resided in Georgia at the time of her injury and filter placement. (*Id.*, ¶¶ 4-6).

At some point after filter placement, Plaintiff developed severe abdominal pain. (Filing No. 15874, Medical Record). An x-ray revealed that the filter had penetrated her duodenum. (*Id.*) (noting "on x-ray it looked like the filter was tilted and abutting through the wall of the cava and into or around the duodenum"). On September 27, 2011,

1

Plaintiff underwent an open removal surgery at Shands Hospital in Gainesville, Florida. (*Id.*). According to Plaintiff's medical records, one of the filter struts was pulled out of the duodenum and the filter, which had adhered to her vena cava, was cut out with wire cutters. (*Id.* at 2).

Plaintiff direct-filed her Short Form Complaint in the Southern District of Indiana on May 25, 2017.

## II.  Discussion

Under both Georgia and Indiana[1] law, the statute of limitations for product liability actions is two years. Ga. Code § 9-3-33; Ind. Code § 34-20-3-1. Plaintiff agrees her product liability claims were filed beyond the two-year period. She argues, however, that the statute of limitations was tolled by the discovery rule in Georgia and Indiana. In particular, she claims "she did not know or have reason to know about the defective nature of the Celect IVC Filter until she saw ads informing her of the defective nature of Cook's filter in 2016." (Filing No. 15944, Pl's Resp. at 2).

### A.  Discovery Rule

Under Indiana's discovery rule, the statute of limitations begins "to run from the date the plaintiff knew or should have discovered that she suffered an injury or impingement, and that it was caused by the product or act of another." *Degussa Corp. v. Mullens*, 744 N.E.2d 407, 410-11 (Ind. 2001); *see also Nelson v. Sandoz Pharms. Corp.*, 288 F.3d 954, 963 (7th Cir. 2002) ("Under Indiana law, the discovery rule provides that

---

[1] *See* Filing No. 13539 (finding Indiana law applies to all claims in the MDL originally filed in the Southern District of Indiana except those filed between May 31, 2017 and June 13, 2019).

the statute of limitations begins to run on a cause of action when 'the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another.'" (quoting *Horn v. A.O. Smith Corp.*, 50 F.3d 1365, 1369 (7th Cir. 1995)). Plaintiff's argument that she did not know or have reason to know about the defective nature of the filter until she saw a television commercial is irrelevant. "There is no requirement that the potential plaintiff know or believe a product is 'defective' before the limitations period may commence." *Valmore v. Jannsen Pharm. Prods., LP*, 1:05-cv-0158-WTL-RLY, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005).

On September 27, 2011, Plaintiff consented to an open removal surgery after it was determined by x-ray that her filter had perforated her vena cava and penetrated her duodenum. At that point, she knew or should have discovered in the exercise of reasonable diligence that a potential claim existed. Yet, she failed to investigate her potential claim and file suit within the two-year period. Her products liability claims are therefore time-barred under Indiana law.

Plaintiff's products liability claims are also barred under Georgia law. There, the discovery rule only applies "to cases of bodily injury which develop over an extended period of time." *Corp. of Mercer Univ. v. Nat'l Gypsum Co.*, 368 S.E.2d 732, 733 (Ga. 1988); *Bitterman v. Emory Univ.*, 333 S.E.2d 378, 379 (Ga. Ct. App.1985) (stating that the discovery rule "was adopted in Georgia to aid a plaintiff suffering a continuing tort," and defining a continuing tort as "one inflicted over a period of time"). The discovery rule does not apply to cases where the injury is based on a "discrete and identifiable"

3

event. *Carpenter v. Lockheed Martin Corp.*, 2019 WL 5295728, at *3 n.3 (S.D. Ga. Oct. 18, 2019). The open removal surgery was a "discrete and identifiable event" that is inherently linked to the filter. Her claims thus accrued, at the latest, on the date of her open removal procedure.

### B. Fraudulent Concealment

Plaintiff also argues the statute of limitations is tolled by Cook's fraudulent concealment.[2] "Fraudulent concealment is an equitable doctrine that operates to estop a defendant from asserting the statute of limitations as a bar to a claim whenever the defendant . . . 'has, either by deception or by a violation of duty, concealed from the plaintiff material facts thereby preventing the plaintiff from discovering a potential cause of action.'" *Lyons v. Richmond Cmty. Sch. Corp.*, 19 N.E.3d 254, 260 (Ind. 2014) (quoting *Doe v. Shults-Lewis Child & Family Servs., Inc.*, 718 N.E.2d 738, 744-45 (Ind. 1999)); Ind. Code § 34-11-5-1 ("If a person liable to an action conceals the fact from the knowledge of the person entitled to bring the action, the action may be brought at any time within the period of limitation after the discovery of the cause of action."); *Robertson v. Robertson*, 333 Ga.App. 864, 868 (Ga. Ct. App. 2015) ("[T]o constitute concealment of a cause of action so as to prevent the running of the limitation period, 'some trick or artifice must be employed to prevent inquiry or elude investigation, or to mislead and hinder the party who has the cause of action from obtaining information, and the acts relied on must be of an affirmative character and fraudulent.'")

---

[2] Plaintiff filed an Amended Short Form Complaint to add specific allegations of fraudulent concealment. (1:17-cv-1740, Filing No. 13).

4

(quoting *Mayfield v. Heiman*, 730 S.E.2d 685, 690 (Ga. Ct. App. 2012)).  However, "fraudulent concealment ceases to toll the statute of limitations once 'the plaintiff obtains information that would lead to the discovery of the cause of action through ordinary diligence.'"  *In re Mirena IUD Prods. Liab. Litig.*, 29 F.Supp.3d 345, 352-53 (S.D.N.Y. 2014) (quoting *Doe v. United Methodist Church*, 673 N.E.2d 839, 844 (Ind. Ct. App. 1996)); *Hendrix v. Schrecengost*, 358 S.E.2d 486, 488 (Ga. Ct. App. 1987) (holding the statute of limitation was not tolled on plaintiff's medical malpractice claim where the plaintiff had repeated medical complications prior to the running of the statute of limitations which should have put her on notice of possible negligent medical treatment or misdiagnosis).

    Here, Plaintiff had sufficient information based on the removal surgery to put her on notice that there was a reasonable possibility the filter harmed her, and that she may have a potential cause of action.  This is so regardless of Cook's purported concealment.  *Miller v. A.H. Robins Co.*, 766 F.2d 1102, 1107 & n.3 (7th Cir. 1985) (under Indiana law, where plaintiff learned IUD was a "possible cause of her infection," her lack of due diligence precluded tolling of the statute of limitations on fraudulent concealment grounds even though defendant made "a number of false claims and attempted to conceal the dangers of the" product).  Therefore, the statute of limitations on Plaintiff's product liability claims under both Georgia and Indiana law was triggered on September 27, 2011.  Because Plaintiff did not file her Short Form Complaint until May 27, 2017, her products liability claims are time-barred.

Cook also moves for judgment on Plaintiff's implied warranty, express warranty, consumer protection, and punitive damages claims. Plaintiff did not respond to Cook's arguments. Her silence results in waiver. *See Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the Bontes have done here—results in waiver.").

### III. Conclusion

For the reasons set forth above, the Cook Defendants' Motion for Judgment in Plaintiff's Case Pursuant to CMO-28 (Filing No. 15873) is **GRANTED**.

**SO ORDERED** this 12th day of May 2021.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.