UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Ramon, Allysha – 1:16-cv-01046

**COOK DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF ALLYSHA RAMON'S CASE PURSUANT TO CMO-28**

Plaintiff opposes Cook's motion on the grounds that (1) Texas law governs her claims, and her claims are timely under Texas' statute of limitations, (2) Cook fraudulently concealed her cause of action, thereby tolling the statute of limitations, and (3) her claim under the Texas Deceptive Trade Practices-Consumer Protection Act is timely. *See* Pl.'s Resp., Dkt. 18297. Plaintiff makes no attempt to distinguish the law Cook cited in its Motion.

**I. Indiana's Statute of Limitations Governs Plaintiff's Claims, But Plaintiff's Claims Are Likewise Time-Barred Under Texas' Statute of Limitations**

Plaintiff argues Texas' statute of limitations governs her claims, but the Court has explicitly held that Indiana's statute of limitations applies to all claims originally filed in the S.D. of Indiana except those filed between May 31, 2017 and June 13, 2019. *See* Dkt. 13539. Because Plaintiff's case was originally filed in the S.D. of Indiana on May 3, 2016, Indiana's statute of limitations applies to her claims. But instead of addressing Indiana's statute of limitations, Plaintiff merely asserts that the Court's choice-of-law ruling was erroneous. In so limiting her argument, Plaintiff effectively concedes that her claims are time-barred under Indiana law. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (Failure to respond to an argument concedes the argument).

1

But even if Texas's statute of limitations did apply here, Plaintiff's claims would still be time-barred. Like Indiana, Texas has a two-year statute of limitations with a narrow discovery rule that "does not operate to toll the running of the limitation period until such time as plaintiff discovers all of the elements of a cause of action." *Coody v. A.H. Robins Co.*, 696 S.W.2d 154, 156 (Tex. Ct. App. 1985). Importantly, Texas courts have held that a claim arising from a medical device accrues no later than the date of removal of a device. *See Shepherd v. Danek Med.*, 1999 WL 1129705, at *1 (S.D. Tex. Aug. 13, 1999). By necessary extension, such a claim also accrues no later than the date of a *failed* retrieval of a device.[1] Here, Plaintiff's claim accrued under Texas law no later than July 20, 2011, when she underwent a failed retrieval of her filter. *See* Dkt. 17977 at 3-4 (sealed categorization medical record attached as Exhibit A to Cook's opening brief). By the time she filed her complaint on May 3, 2016, Plaintiff's claim was time-barred by nearly three years under either Texas or Indiana law.

## II.   Plaintiff's Fraudulent Concealment Argument is Unavailing

Regarding fraudulent concealment, the Court recently dismissed the fraudulent concealment allegations in the Plaintiffs' Master Complaint, *See* Dkt. 15907, Plaintiff has not filed an amended short form complaint adding new fraudulent concealment allegations, and the March 27 deadline for filing such amendments has passed. Accordingly, Plaintiff has failed to state a claim for fraudulent concealment, and her argument the Court should reject her argument that fraudulent concealment tolled the statute of limitations.

## III.   Plaintiff's Consumer Fraud Argument Is Irrelevant Because Her Consumer Fraud Claim Is Inadequately Pled

---

[1] The Court recently dismissed a failed retrieval case under Indiana and Ohio law (which are similar to Texas law) because the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391.

The Court should reject Plaintiff's argument that her consumer fraud claim brought under the Texas Deceptive Trade Practices-Consumer Protection Act is timely because she has not adequately pled that claim. The Court has already concluded that this claim is inadequately pled in the Master Complaint, and Plaintiff's Short-Form Complaint adds no substantive allegations to the claim. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."). Because Plaintiff has failed to adequately plead a claim for consumer fraud, her argument her consumer fraud claim fails as a matter of law.

## IV. Conclusion

For the foregoing reasons, and the reasons set forth in Cook's opening brief, the Court should dismiss all of Plaintiff's claims with prejudice.

          Respectfully submitted,

Dated: May 13, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF ALLYSHA RAMON'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ <i>Jessica Benson Cox</i>