UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Boone, Diondrae, 1:19-cv-02047

**COOK DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT
IN PLAINTIFF DIONDRAE BOONE'S CASE PURSUANT TO CMO-28**

Plaintiff opposes Cook's motion on the grounds that (1) Cook relies on matters outside the pleadings, and (2) Cook failed to address the elements of a product liability cause of action under Michigan law. *See* Pl.'s Resp., Dkt. 18301. Plaintiff's arguments are without merit and ignore established Michigan law.

I. **The Evidence Designated by Cook Is Not "Outside the Pleadings"**

Plaintiff's assertion that the medical record Cook cites in its Motion is "outside the pleadings" is simply not true. As the Court has previously ruled in this MDL, categorization records are considered part of the pleadings because they identify and certify the specific injury or complication at issue in the case. *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings."). Because the medical record cited by Cook was submitted with Plaintiff's case categorization form, it is part of the pleadings in this case.

1

### II. The Undisputed Evidence Demonstrates that Plaintiff's Case is Facially Time Barred Under Michigan Law

Plaintiff argues that judgment on the pleadings is inappropriate because Cook failed to establish that all elements of his cause of action were in place on the alleged date of accrual. Pl.'s Resp. at 2-3. Plaintiff ignores Michigan law and the evidence presented in Cook's Motion.

As detailed in Cook's opening brief, Michigan does not recognize a general discovery rule, *see Trentadue v. Buckler Lawn Sprinkler*, 738 N.W.2d 664, 670 (Mich. 2007), and product liability claims accrue "at the time the wrong upon which the claim is based was done regardless of the time when damage results." Mich. Comp. Laws Ann. § 600.5827. Plaintiff cites *Grimm v. Ford Motor Co.*, 403 N.W.2d 482, 485 (Mich. Ct. App. 1986) for the proposition that a plaintiff's personal injury claims do not accrue until all elements of a cause of action are present and can be properly pleaded. *See* Pl.'s Resp. at 2. But that principle has no impact on the outcome here, as well-established Michigan law demonstrates that all elements are present and a claim accrues **when a plaintiff is harmed**. *See Henry v. Dow Chem. Co.*, 905 N.W.2d 601 (Mich. 2018) (a claim accrues under Michigan law "when the plaintiff is harmed"); *Mays v. Snyder*, 916 N.W.2d 227, 252 (Mich. Ct. App. 2018) ("a claim accrues on the date a claimant is harmed, regardless of when the claimant first learns of the harm"); *Kelsey v. Flint Grp. Packaging Inks N. Am. Holdings, LLC*, No. 18-CV-13790, 2019 WL 1556265, at *2 (E.D. Mich. Apr. 10, 2019) (plaintiff's claims accrued when he "was harmed by the inks and solvents manufactured or supplied by defendants"); *White v. Medtronic*, Inc., No. 18-11590, 2019 WL 1339613, at *10 (E.D. Mich. Feb. 20, 2019), report and recommendation adopted, No. 18-11590, 2019 WL 1330923 (E.D. Mich. Mar. 25, 2019) ("a claim accrues on the date the injury occurs").

The issue here is not, as Plaintiff implies, whether an injury prompted Plaintiff to seek the filter retrievals that were unsuccessful, *see* Dkt. 18301 at 1-2; Plaintiff claims that the unsuccessful

retrievals themselves *were the injury*. *See* Categ. Form at 2 (describing injury as "Two failed retrievals d/t embedment"). Plaintiff's categorization medical records unequivocally demonstrate that his second failed retrieval attempt occurred on December 18, 2015. *See* Dkt. 18028 at 3 (sealed categorization medical record attached as Exhibit A to Cook's opening brief). Accordingly, Plaintiff's claims accrued no later than December 18, 2015[1] and expired three years later on December 18, 2018—more than five months before he commenced this lawsuit.

### III.     Conclusion

For the foregoing reasons, and the reasons set forth in Cook's opening brief, the Court should dismiss all of Plaintiff's claims with prejudice.

Respectfully submitted,

Dated: May 13, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

---

[1] The Court recently dismissed a failed retrieval case under Indiana and Ohio law because the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391.

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF DIONDRAE BOONE'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*