UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Jane Creese, 1:19-cv-02383

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF JANE CREESE'S CASE PURSUANT TO CMO-28**

Plaintiff's opposition to Cook's motion does not preclude judgment in Cook's favor because she relies on a legal standard that has no basis under West Virginia law. Although Plaintiff argues that her claims were tolled under West Virginia's discovery rules, she makes no attempt to address or distinguish the controlling law Cook cited in its Motion. *See* Pl.'s Resp., Dkt. 18259.[1]

**I.    Plaintiff's Case is Time-Barred Under West Virginia Law**

Plaintiff's medical records submitted in support of her Case Categorization Form establish that she was diagnosed with a filter fracture on October 12, 2012, and that her filter was removed that same day. *See* Dkt. 18049 at 3 (sealed categorization medical record attached as **Exhibit A** to Cook's opening brief). Nevertheless, Plaintiff contends fact issues remain that preclude dismissal of her Complaint because her medical records do not demonstrate she was aware of who

---

[1] With respect to her warranty and consumer fraud claims, Plaintiff does not dispute that: (1) Pennsylvania law governs her substantive claims; (2) Pennsylvania law bars implied warranty claims for medical devices; or (3) her consumer-protection and express-warranty claims are inadequately pled under the Federal Rules. Plaintiff's failure to respond to these arguments effectively concedes that these points are well taken. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (holding failure to respond to an argument results in waiver).

manufactured her filter or whether Cook violated a duty of care. *See* Pl.'s Resp. at 3. This argument is unavailing for several reasons.

As Plaintiff concedes, whether her claims are time-barred is governed by West Virginia law. *See* Dkt. 16213, ¶¶ 3, 5 (citing Dkt. 13539 (choice of law order)). In West Virginia, the discovery rule looks only to "when the plaintiff knows, *or by the exercise of reasonable diligence, should know* (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty ..., and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury. *Dunn v. Rockwell*, 689 S.E.2d 255, 265 (W.Va. 2009) (emphasis added). "[W]hether a plaintiff 'knows of' or 'discovered' a cause of action is an objective test. The plaintiff is charged with knowledge of the factual, rather than the legal, basis for the action. This objective test focuses upon whether a reasonable prudent person would have known, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action." *Id.*[2]

Generally, "[w]hen there is no apparent reason to connect the product with the plaintiff's injury, the discovery rule applies." *Short v. Yamaha Motor Corp., U.S.A.*, 2012 WL 1365443, at *3 (S.D.W. Va. Apr. 19, 2012)). But in a case like this, where the claim is premised on a filter fracture and removal, a plaintiff necessarily "knows or should know" of the existence of an injury and the causal link to the filter at the time the fracture is identified through medical treatment, and certainly once the filter is removed. *See Mullins v. Ethicon, Inc.*, 2017 WL 1345580, at *2 (S.D.W. Va. Jan. 20, 2017) (holding the limitations period began to run when the plaintiff's doctor tried to adjust her vaginal mesh and told her that a kink in the mesh was likely causing her complaints).

---

[2] Contrary to Plaintiff's implication, each of these questions can "be resolved by the court where the relevant facts are undisputed and only one conclusion may be drawn from those facts." *Legg v. Rashid*, 663 S.E.2d 623, 630 (W.Va. 2008).

2

Here, Plaintiff does not dispute that her October 12, 2012 venogram established her filter had broken and that one of its legs had become lodged in her vertebra, or that Plaintiff's filter was removed during the same visit. Dkt. 16170 at 2. Thus, even assuming Plaintiff did not know who manufactured her filter, she still had enough information in 2012 to prompt an investigation as to whether she had a possible cause of action. *See Robinson v. Quicken Loans Inc.*, 988 F. Supp. 2d 615, 628 (S.D.W. Va. 2013) ("Where a plaintiff knows of his injury, and the facts surrounding that injury place him on notice of the possible breach of a duty of care, that plaintiff has an affirmative duty to further and fully investigate the facts surrounding that potential breach.") (internal quotes omitted); *see also Legg v. Rashid*, 663 S.E.2d 623, 629–30 (W.Va. 2008) ("We further recognized that in some circumstances causal relationships are so well established that we cannot excuse a plaintiff who pleads ignorance…we explained that the statute of limitations will begin to run once the extraordinary result is known to the plaintiff even though he may not be aware of the precise act of malpractice.") (internal quotes omitted). Because Plaintiff waited almost seven years after her fracture was diagnosed and her filter was removed to commence suit, her claims are untimely and the Court should dismiss them. *See* Dkt. 18018 at 5 (dismissing the plaintiff's case as untimely because suit was commenced more than two years after a CT scan revealed a perforation and more than two years after the filter was unsuccessfully removed).

## II.   Conclusion

For the foregoing reasons and the reasons set forth in Cook's opening brief, the Court should dismiss all of Plaintiff's claims with prejudice.

                                                    Respectfully submitted,

Dated: May 13, 2021                         /s/ *Jessica Benson Cox*
                                                    Jessica Benson Cox, Co-Lead Counsel
                                                    Andrea Roberts Pierson
                                                    FAEGRE DRINKER BIDDLE & REATH LLP
                                                    300 North Meridian Street, Suite 2500
                                                    Indianapolis, Indiana 46204
                                                    Telephone: (317) 237-0300
                                                    Andrea.Pierson@FaegreDrinker.com
                                                    Jessica.Cox@FaegreDrinker.com

                                                    James Stephen Bennett, Co-Lead Counsel
                                                    FAEGRE DRINKER BIDDLE & REATH LLP
                                                    110 West Berry Street, Suite 2400
                                                    Fort Wayne, Indiana 46802
                                                    Telephone: (260) 424-8000
                                                    Stephen.Bennett@FaegreDrinker.com

                                                    *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF JANE CREESE'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                                    /s/ *Jessica Benson Cox*