UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS   LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to Tina Garrison, 1: 16-cv-02462

**COOK DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR JUDGMENT IN
<u>PLAINTIFF TINA GARRISON'S CASE PURSUANT TO CMO-28</u>**

**I.     Argument**

Plaintiff's response relies on the Indiana and Alabama discovery rules and on her allegations that Cook fraudulently concealed her cause of action, Pl.'s Resp., Dkt. 18258 at 1-2, but neither saves her product liability claims from dismissal.[1]

As Plaintiff's response suggests, her claims are governed by Indiana law.[2] Indiana's discovery rule "looks only to when a plaintiff knew that he or she suffered an ascertainable injury, and knew or should have discovered that the injury was caused by the product or act of another." *Valmore v. Janssen Pharm. Prods., LP*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005). "There is no requirement that the potential plaintiff know or believe a product is 'defective' before the limitations period may commence." *Id.* Simply put, "[w]hen a plaintiff learns of information that would lead to the discovery of the cause of action through diligence, the statute of limitations begins to run, regardless of concealment." *Miller v. A.H. Robins Co.*, 766 F.2d 1102, 1106–07 (7th Cir. 1985). In a case like this, where the claim is premised on an inability to remove the filter, a plaintiff necessarily "knows or should know" of the existence of an injury and the causal link to the filter at the time of the failed retrieval. Moreover, the discovery rule does not apply where the Plaintiffs *actually* discovered the injury at the time it occurred. *See id.* at 1107 ("In the present case, [the plaintiff] learned in 1974 that the Dalkon Shield was a possible cause of her infection.

---

[1] With respect to her warranty and consumer fraud claims, Plaintiff does not dispute that her consumer-protection and express-warranty claims are inadequately pled under the Federal Rules. Plaintiff's failure to respond to these arguments effectively concedes that these points are well taken. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (holding failure to respond to an argument results in waiver).

[2] Cook incorrectly indicated in its Motion that Alabama law governed Plaintiff's claims. *See* Dkt 17979 at 1. Because Plaintiff initially filed her Short-Form Complaint in the Southern District of Indiana on September 15, 2016 (*see id.*), it is Indiana's statute of limitations and discovery rule that are applicable in this case. *See* Dkt. 13539 ¶ 5 (finding Indiana choice-of-law rules apply to all claims in the MDL that were originally filed in the S.D. Indiana except those filed between May 31, 2017 and June 13, 2019).

As we held above, this information should have caused her to make further inquiries as to whether the Dalkon Shield could have caused her pelvic infection.").

Here, Plaintiff discovered her filter could not be retrieved on October 12, 2008. On that day, Plaintiff underwent a right internal jugular vein percutaneous access, with ultrasound guidance and an inferior vena cavogram, to remove her IVC filter. *See* Dkt. 17980 at 3. After several unsuccessful attempts, Plaintiff's physician aborted the procedure and later noted in Plaintiff's medical records that "[w]ith various combinations of sheath and different catheter type techniques, attempts were made to dislodge the filter from its location which were unsuccessful." Dkt. 17980 at 4. Given these facts, which Plaintiff does not dispute, Plaintiff had sufficient information on October 12, 2008, to place her on notice of the injury she now claims—a filter that cannot be retrieved—and thus it was incumbent upon her to commence suit before the two-year statute of limitations expired on October 12, 2010.[3]

Alabama law would compel the same result. In Alabama, "[t]he discovery rule…applies only to fraud actions…and cases involving the fraudulent concealment of the existence of a cause of action." *Utilities Bd. of City of Opp v. Shuler Bros.*, 138 So. 3d 287, 293 (Ala. 2013) (citing Ala. Code § 6-2-3)) (internal quotations omitted). For "a plaintiff's claims [to] fall within the savings clause of § 6–2–3 [the discovery rule] a complaint must allege the time and circumstances of the discovery of the cause of action…must also allege the facts or circumstances by which the defendants concealed the cause of action or injury and what prevented the plaintiff from discovering the facts surrounding the injury." *DGB, LLC v. Hinds*, 55 So. 3d 218, 226 (Ala. 2010). "The burden is on the plaintiffs to show they come within § 6–2–3." *Miller v. Mobile Cty. Bd. of*

---

[3] *See* Dkt. 18391 at 3-4 (dismissing the plaintiff's claims because he "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility the filter harmed him, and that he should inquire into his rights.").

*Health*, 409 So. 2d 420, 422 (Ala. 1981); *see also* Dkt. 18540 at 3-4 (rejecting plaintiff's fraudulent concealment argument under Alabama and Georgia law in an open removal case).

Plaintiff fails to meet this burden. Although Plaintiff recently amended the allegations of fraudulent concealment in her Short-Form Complaint, *see generally* Dkt. 16448, she failed to plead sufficient facts to invoke the discovery rule. The Amended Short-Form Complaint does not state the time or circumstances of the discovery of Plaintiff's cause of action, it does not explain how Cook's alleged pre-placement concealment of information on perforation and filter efficacy prevented Plaintiff from discovering the filter irretrievability that she claims as her injury, and it does not allege that Cook knew of her injury or took any affirmative steps to conceal her cause of action from her. Indeed, Plaintiff undeniably knew about the injury she now claims—the inability to retrieve her filter—as soon as her doctor tried and failed to retrieve it. *See* Plaintiff's Categorization Form, pp. 4-5 ("Briefly describe claimed complication/outcome/ injury: Unsuccessful retrieval of filter; incorporated in the vena cava wall"), attached as **Exhibit B** and filed separately under seal. Because the Amended Complaint fails to allege facts sufficient to trigger Alabama's discovery rule, Plaintiff's claims are untimely under Alabama law as well, and the Court should dismiss Plaintiff's action. *See DGB*, 55 So. 3d at 226; *Miller*, 409 So. 2d at 422.

**II.   Conclusion**

For the foregoing reasons, and the reasons set forth in Cook's opening brief, the Court should dismiss all of Plaintiff's claims with prejudice.

Respectfully submitted,

Dated:  May 13, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF TINA GARRISON'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*