UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION           MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Bennett, Zachary - 1:18-cv-01148

_____

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT
IN PLAINTIFF ZACHARY BENNETT'S CASE PURSUANT TO CMO-28**

Plaintiff's opposition to Cook's motion does not preclude judgment in Cook's favor because he relies on a legal standard that has no basis under Virginia law. Plaintiff opposes Cook's motion on grounds that (1) his claims are saved under Virginia's discovery rule; and (2) because a dispute of fact exists as to when he became aware of the causal connection between his filter and his alleged injuries. *See* Pl.'s Response, Dkt. 18274. Notably, Plaintiff does not dispute that consumer-protection and express-warranty claims are inadequately pled under the Federal Rules. Plaintiff's failure to respond to the substance of Cook's arguments is effectively a concession that these points are well taken. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (holding failure to respond to an argument results in waiver). However, even ignoring his silence (which the Court should not), Plaintiff's claims are still untimely under Virginia law.

## I.    Plaintiff's Case is Time-Barred Under Virginia Law

As Cook explained in its opening brief, Virginia did not have a discovery rule for product liability actions until a discovery rule was passed by the Virginia Legislature in March 2016 and took effect on July 1, 2016. *See* Va. Acts ch. 353 (statutory amendment); Va. Code Ann. § 1-214 (effective date regulations). Under Virginia law, "amendments to statutes of limitation are presumed to be prospective and not retroactive in their operation, in the absence of clear legislative intent to the contrary." *Riddett v. Virginia Elec & Power Co.*, 495 S.E.2d 819, 822 (Va. 1998). Plaintiff's efforts to distinguish the *Riddett* case by noting that it "involved amendments to procedures for nonsuits in a wrongful death action" is both unpersuasive and mischaracterizes the substance of the case. *See* Dkt. 18274 at 2.

In *Riddett*, the Virginia Supreme Court held that "the limitation period for bringing the wrongful death action, including the tolling provision, is a substantive part of such action." *Id.* at 821–22. The court further held that "because the wrongful death statutes inextricably bind the

1

remedy to the right of recovery, the rights of the plaintiff and defendant under the statutes became fixed at the time the cause of action accrued and subsequent amendments do not apply retroactively." *Id*. at 822. Notably, the reviewing court concluded that "[t]his rule applies whether the amendments are to tolling provisions or statutes of limitation." *Id*. Although Plaintiff correctly notes "[t]he amendment to the tolling provision in *Riddett* did not apply because the case was governed by the law in place at time when the action was deemed to have accrued" (Dkt. 18274 at 2), he nevertheless argues this principle of law is somehow inapplicable here—a case in which the cause of action accrued *before* Virginia adopted the discovery rule.

To be certain, Plaintiff's medical records submitted in support of his Case Categorization Form establish that on January 6, 2015, Plaintiff was transported by stretcher to Centra Lynchburg General Hospital with complaints of chest pain. *See* **Amended Exhibit A** (filed under seal and attaching all pages submitted in support of categorization).[1] During this ER visit, Plaintiff underwent an abdominal CT scan which revealed (1) "a small thin linear metallic foreign body within a peripheral subsegmental pulmonary arterial branch" of his pulmonary artery; (2) his "IVC filter demonstrate[d] a rightward tilt with absence of a portion of one of the IVC [filter] limbs"; and (3) "the inferior/distal portions of 2 of the anterior IVC filter limbs penetrate[d] through the anterior wall of the IVC." *Id*. at 1. Plaintiff's medical records further indicate his diagnosis, condition, and treatment were explained to him and that he expressed his understanding. *Id*. at 4 ("The patient is alert and oriented and is in no respiratory distress…The patient's diagnosis, condition and treatment were explained to patient or parent/guardian. The patient/responsible party expressed understanding."). Given these facts and the rule articulated in *Riddett*, there can be no reasonable argument that Plaintiff's cause of action accrued any later than January 6, 2015, which

---

[1] The Court may consider categorization forms and supporting records under Rule 12(c) when reviewing a CMO-28 motion. *See* Dkt. 18018 ("Plaintiff's operative report is considered part of the pleadings … .").

was more than one year before the discovery rule was enacted. *See Flick v. Wyeth LLC*, 2012 WL 4458181, at \*2 (W.D. Va. June 6, 2012) ("Plaintiff's date of diagnosis is when a reasonable person exercising due diligence would have known of the basis of her claim"). Because the Parties' rights under Va. Code Ann. § 8.01-243(A) "became fixed at the time the cause of action accrued and subsequent amendments do not apply retroactively," Virginia's adoption of the discovery rule in 2016 cannot save Plaintiff's claim. *See Riddett*, 495 S.E.2d at 822.

Plaintiff's reliance on *Kiser v. AW. Chersterton Co.* is misplaced and does not warrant a different conclusion. First, the reviewing court in *Kiser* did not address nor did the parties argue whether any part of the *Riddett* decision applied in that case. This is most likely because the statute at issue in *Kiser* was amended *before* the plaintiff's cause of action accrued. *See Kiser v. A.W. Chesterton Co.*, 736 S.E.2d 910, 915 (Va. 2013) (noting the applicable statute was amended in 1985, which was three years before the plaintiff was diagnosed with nonmalignant pleural thickening and asbestosis). Further, the pertinent questions before the court in *Kiser* were (1) whether the General Assembly abrogated the common law indivisible cause of action principle by enacting Va. Code Ann. § 8.01-249(4); and (2) whether a cause of action for personal injury based on exposure to asbestos accrued upon the first communication of a diagnosis of an asbestos-related injury or disease by a physician. *See Id.* at 913. Because Plaintiff's claims neither implicate the indivisible cause of action principle nor allege that his filter contained or exposed him to asbestos, the questions raised in *Kiser* are irrelevant to the instant action and provide no justification for ignoring well-settled Virginia law.

## II.     Conclusion

For the foregoing reasons, and the reasons set forth in Cook's opening brief, the Court should dismiss all of Plaintiff's claims with prejudice.

3

US.132936633.01

Respectfully submitted,

Dated: May 13, 2021

*/s/ Andrea Roberts Pierson*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2021, a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT IN PLAINTIFF ZACHARY BENNETT'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Andrea Roberts Pierson*

4

US.132936633.01