UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND                Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION               MDL No. 2570
_____

This Document Relates Only to Jerri White, 1: 18-cv-00101
_____


**COOK DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR JUDGMENT IN
<u>PLAINTIFF JERRI WHITE'S CASE PURSUANT TO CMO-28</u>**

_____

**I.     Argument**

Plaintiff's response relies on Alabama's discovery rule and on her allegations that Cook fraudulently concealed her cause of action, Pl.'s Resp., Dkt. 18261 at 1-2, but neither saves her product liability claims from dismissal.[1]

Alabama law governs Plaintiff's claims. *See* Dkt. 18039 ¶ 5 (citing Dkt. 13539 (choice-of-law order)). In Alabama, "[t]he discovery rule…applies only to fraud actions… and cases involving the fraudulent concealment of the existence of a cause of action." *Utilities Bd. of City of Opp v. Shuler Bros.*, 138 So. 3d 287, 293 (Ala. 2013) (citing Ala. Code § 6-2-3)) (quotations omitted). For "a plaintiff's claims [to] fall within the savings clause of § 6–2–3 [the discovery rule] a complaint must allege the time and circumstances of the discovery of the cause of action… must also allege the facts or circumstances by which the defendants concealed the cause of action or injury and what prevented the plaintiff from discovering the facts surrounding the injury." *DGB, LLC v. Hinds*, 55 So. 3d 218, 226 (Ala. 2010). "The burden is on the plaintiffs to show they come within § 6–2–3." *Miller v. Mobile Cty. Bd. of Health*, 409 So. 2d 420, 422 (Ala. 1981).

Plaintiff fails to meet this burden. Although Plaintiff recently amended the allegations of fraudulent concealment in her Short-Form Complaint, *see generally* Dkt. 16470, she fails to plead sufficient facts to invoke the discovery rule. The Amended Short-Form Complaint does not state the time or circumstances of Plaintiff's discovery of her cause of action, it does not explain how Cook's alleged pre-placement concealment of information on perforation and filter efficacy prevented Plaintiff from discovering the filter irretrievability that she claims as her injury, and it

---

[1] With respect to her warranty and consumer fraud claims, Plaintiff does not dispute that: (1) Alabama law governs her substantive claims; or (2) that her consumer-protection and express-warranty claims are inadequately pled under the Federal Rules. Plaintiff's failure to respond to these arguments effectively concedes that these points are well taken. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (holding failure to respond to an argument results in waiver).

does not allege that Cook knew of her injury or took any affirmative steps to conceal her cause of action from her. *See, e.g., Miller,* 409 So. 2d at 422 (affirming dismissal based on statute of limitations where "[t]he complaint fails to allege any of the facts or circumstances by which the appellees concealed the cause of action or injury" and failed to state "what prevented [plaintiff] from discovering facts surrounding the injury"). Indeed, Plaintiff undeniably knew about the injury she now claims—the inability to retrieve her filter—as soon as her doctor tried and failed to retrieve it. *See* Plaintiff's Categorization Form, pp. 4-5 ("Briefly describe claimed complication/outcome/injury: After numerous attempts to snare the tip of the IVC filter, the retrieval was aborted"), attached as **Exhibit B** and filed separately under seal. Because the Amended Complaint fails to allege facts necessary to trigger Alabama's discovery rule, Plaintiff's claims are untimely and should be dismissed. *See DGB,* 55 So. 3d at 226; *Miller,* 409 So. 2d at 422.

Indiana law would compel the same result. Indiana's discovery rule "looks only to when a plaintiff knew that he or she suffered an ascertainable injury, and knew or should have discovered that the injury was caused by the product or act of another." *Valmore v. Janssen Pharm. Prods., LP.*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005). "There is no requirement that the potential plaintiff know or believe a product is 'defective' before the limitations period may commence." *Id.* Simply put, "[w]hen a plaintiff learns of information that would lead to the discovery of the cause of action through diligence, the statute of limitations begins to run, regardless of concealment." *Miller v. A.H. Robins Co.*, 766 F.2d 1102, 1106–07 (7th Cir. 1985). In a case like this, where the claimed injury is the inability to remove the filter, a plaintiff necessarily "knows or should know" of the existence of an injury and the causal link to the filter at the time of the failed retrieval. Moreover, the discovery rule is irrelevant where the Plaintiffs ***actually*** discovered the

injury at the time it occurred. *See id.* at 1107 ("In the present case, [the plaintiff] learned in 1974 that the Dalkon Shield was a possible cause of her infection. As we held above, this information should have caused her to make further inquiries as to whether the Dalkon Shield could have caused her pelvic infection."); Dkt. 18540 at 3-4 (rejecting plaintiff's fraudulent concealment argument under Alabama and Georgia law in an open removal case).

Here, Plaintiff discovered her filter could not be retrieved on January 24, 2011, when she underwent an ultrasound guided cannulation of her right internal jugular vein and an inferior vena cavogram. Dkt. 18040 at 2. After making several unsuccessful attempts to retrieve her filter, Plaintiff's physician aborted the procedure and later noted in Plaintiff's medical records that "[a]ttempts to guide a wire posteriorly to balloon the filter and perhaps adjust the orientation were unsuccessful and after exhaustion of all the above noted procedures, we decided to abort the attempt…[Plaintiff] was aroused from anesthesia and taken to the recovery room in satisfactory condition ***and informed of the inability to retrieve the filter shortly thereafter***. Dkt. 18040 at 3 (emphasis added). Given these facts, which Plaintiff does not dispute, Plaintiff had sufficient information to place her on notice of a possible filter-related injury,[2] and thus it was incumbent upon her to commence suit before the two-year statute of limitations expired on January 24, 2013.

## II.    Conclusion

For the foregoing reasons, and the reasons set forth in Cook's opening brief, the Court should dismiss all of Plaintiff's claims with prejudice.

---

[2] *See* Dkt. 18391 at 3-4 (dismissing the plaintiff's claims because he "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility the filter harmed him, and that he should inquire into his rights.").

Respectfully submitted,

Dated:  May 13, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF JERRI WHITE'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*