UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND      Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION      MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Boyd, Britney, 1:18-cv-01117

_____

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28

     Plaintiff Britney Boyd submits this opposition to the Cook Defendants' Motion for Judgment in Plaintiff's Case Pursuant to CMO-28 ("Motion"). (Doc. 18421). Defendants move for judgment on the pleadings claiming that Ms. Boyd's personal injury claims are time-barred under Mississippi law. But Defendants fail to establish there are no material issues of fact to be resolved regarding when Ms. Boyd knew or reasonably should have known that an injury existed. For the reasons set forth below, Defendants' Motion should be denied.

## BRIEF ARGUMENT

     Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Rule 12(c) motions are reviewed "under the same standard as a motion to dismiss under Rule 12(b)" and "[l]ike Rule 12(b) motions, courts grant a Rule 12(c) motion only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998); *Murphy v. Pine Belt Federal Credit Union*, 2019 WL 6311994, at *1 (S.D. Miss., 2019). "Thus to succeed, the moving party must demonstrate that there are no material issues of fact to be resolved." *Id.*

On March 18, 2008, Ms. Boyd was implanted with Defendants' Gunter Tulip filter at Baptist Memorial Hospital in Columbus, Mississippi. (Pl.'s Ex. A at BMH0079). A few months later, on October 23, 2008, she returned to the same hospital for removal of the filter. (*Id.* at BMH0017). Ms. Boyd's surgeon was unable to remove "the hooks from the caval wall" and decided, after "repeat attempts were made to remove the filter … without success," to abort the procedure. (*Id.*) Consequently, the filter remains inside her body.

According to Defendants, Ms. Boyd's claim accrued under Mississippi law no later than October 28, 2008, when the first and only known attempt was made to remove the filter but was unsuccessful. Divorced from context, Defendants point to matters outside the pleadings, namely, one medical record, as conclusive proof of when Ms. Boyd knew or should have known that an injury existed. On this basis, Defendants argue that Ms. Boyd's claims are time-barred because the case was filed more than three years "after an unsuccessful attempt to remove the filter." (Doc. 18421 at 2). But this argument rests on the implicit assumption that Ms. Boyd knew or should have known that an unsuccessful attempt to remove the filter was an injury. This is not the case; nor has adequate discovery occurred to determine this factual issue .

In Mississippi, a personal injury "cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury." Miss. Code Ann. § 15-1-49(2) (Rev. 2012).[1] To determine whether the plaintiff knew or reasonably should have known she had an injury, Mississippi "courts analyze ***the actions taken by the plaintiff***." *American Optical Corporation v. Estate of Rankin*, 227 So.3d 1062, 1068 (Miss., 2017) (emphasis added). For example, "seeking medical attention for side effects or symptoms' may confirm that the plaintiff knew he was injured." *Id.; see, e.g.*, *In re Mentor Corp. ObTape Transobturator Sling Products Liability Litigation*, 2016 WL 4445980, at *3 (M.D. Ga., 2016) (applying Mississippi law, holding that plaintiff's cause of action accrued "when she experienced complications that required the removal of her ObTape."). Notably, Mississippi courts consider the plaintiff's

---

[1] Defendants' assertion that Mississippi's discovery rule does not apply is wrong, as it very clearly applies to this exact circumstance.

knowledge and reasonable diligence in learning of a potential claim as questions to be determined by the fact-finder. *See PPG Architectural Finishes, Inc. v. Lowery*, 909 So.2d 47, 50 (Miss., 2005) ("Whether plaintiff *knew* about the injury has typically been reserved as a jury question.") (emphasis in original).

At this point, case-specific discovery has not been conducted, and the evidence upon which Defendants rely only shows that Ms. Boyd's physician recorded an unsuccessful removal of the filter in her medical records. There is no evidence that she was advised this was an injury or the consequences of the failed removal. What she was told by her physicians and what she understood about the impact of the failed removal is a key fact issue to be answered before ruling can be made on this issue. Ms. Boyd was likely told that her filter was safe to be left in permanently (especially given it was advertised as such by Defendants), and her medical records in fact indicate that Defendants' filter could be permanent or temporary.[2] Moreover, Ms. Boyd did not seek medical attention for side effects or symptoms associated with the filter, and nothing in the records indicate whether she was told her filter *needs* to be removed. These are just a few of the fact questions that cannot be resolved at this stage.

Unilateral resolution of a factual question that is typically reserved for the jury based upon insufficient evidence is precisely what Fed. R. Civ. P 12(c) was designed to protect against. *Murphy*, 2019 WL 6311994, at *1. Whether Ms. Boyd knew or should have known that she suffered an injury is a question of fact that should be left for the jury to decide. Defendants' attempt to present this matter as one devoid of a dispute of material fact is, at best, misguided.

## **CONCLUSION**

For the reasons stated above, Plaintiff respectfully requests this Court deny Defendants' Motion.

---

[2] *See* Ex. A at BMH0079 ("This is a removable filter *if* felt clinically warranted.") (emphasis added)

Respectfully submitted,

/s/ *David C. DeGreeff*
Thomas P. Cartmell MO #45366
Jeffrey M. Kuntz MO #52371
David C. DeGreeff MO #55019
WAGSTAFF & CARTMELL LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Office Tel: 816-701-1100
Fax: 816-531-2372
tcartmell@wcllp.com
jkuntz@wcllp.com
ddegreeff@wcllp.com
***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2021, a copy of the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS CASE PURSUANT TO CMO-28** was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *David C. DeGreeff*
David C. DeGreef