UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Williams, Stephanie, 1:16-cv-03014

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF STEPHANIE WILLIAMS' CASE PURSUANT TO CMO-28**

Plaintiff opposes Cook's motion on two grounds: (1) that Cook made "affirmative[] misrepresentations" to her counsel as part of an earlier motion regarding the existence of a direct-filing order and that her case should be afforded equitable treatment as a result and (2) that the case would be saved by Alabama's discovery rule and testimony in an attached personal affidavit. *See* Pl.'s Resp., Dkt. 18300; Williams Aff., Dkt. 18300-1.

A.   **The Court Should Apply Its Choice of Law Order and Reject Plaintiff's Invitation to Litigate the Issue Once More in this MDL**

Plaintiff first alleges that Cook made "misrepresentations" to her present attorney about the existence of a direct-filing order in the context of that attorney's representation of one of the plaintiffs in the *Sales-Orr* motion litigated in 2017. Pl.'s Resp. at 2. But as the Court has already held, Cook made no "misrepresentation," but merely a mistaken assumption. The Court has stated on the record that Cook's briefing on the *Sales-Orr* motion contained a mistake in its discussion of MDL procedural history, but not any intentional deception. *See* Dkt. 12931 at 1 (referring to Cook's statement as "mistaken" in addressing motion to reconsider the choice-of-law issue); Dkt. 13539 (noting "confusion" about the direct-filing issue in the Court's current choice-of-law order).

The Court has already addressed the equitable appeal Plaintiff makes in her motion, addressing the noted "confusion" by creating an equitable exception that permits the application of Plaintiffs' home state choice-of-law rules to cases filed between May 31, 2017 and June 13, 2019. *See* Dkt. 13539. Plaintiff filed her case in the Southern District of Indiana before May 31, 2017, and her action is therefore ineligible for the equitable exception the Court has adopted. Plaintiff offers no authority or analysis suggesting why her attorney's representation of another Plaintiff in the 2017 *Sales-Orr* motion should alter this result. The Court has settled this issue,

1

and, absent appellate direction to the contrary, [1] the Court should decline Plaintiff's effort to relitigate the choice-of-law issue yet again.

**B.     Plaintiff's Case Is Time-Barred Under Indiana Law For the Same Legal and Factual Reasons Underpinning the Court's Recent Ruling in the *Heintzman* Case**

Plaintiff does not address Cook's argument under the applicable Indiana law, *see* Dkt. 18012 at 1-2; *see generally* Pl.'s Resp., Dkt. 18300, effectively conceding that Indiana law bars her action. Indeed, Plaintiff's case is time-barred under Indiana law because her failed retrieval occurred more than two years before the case was filed. As the Court recently explained in its *Heintzman* order, Plaintiff Heintzman "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391. The same is true for Plaintiff here. Her affidavit testimony[2] that she "was not aware of the causal connection between my injuries and the defective nature of Cook's IVC filter", Dkt. 18300-1, ¶ 5, does not alter this result; the circumstances of the failed retrieval procedure provided sufficient information as a matter of law to start the limitations period. "There is no requirement [under Indiana law] that the potential plaintiff know or believe a product is 'defective' before the limitations period may commence." *Valmore v. Janssen Pharm. Prods., LP.*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005). Thus, the knowledge Plaintiff asserts she lacked about the alleged "defectiveness" of her filter is not relevant to the analysis, and Plaintiff's case is time-barred.

---

[1] The choice-of law issue is now before the Seventh Circuit in the consolidated appeals brought by Plaintiffs Looper and Lambert, and briefing is underway. *See generally* Case Nos. 20-3103 & 20-3104 (7th Cir.) (appellate dockets).

[2] While the categorization records are considered to be part of the pleadings in this MDL, Plaintiff's personal affidavit is a document outside the pleadings and is not appropriate for consideration on a 12(c) motion. The Court, of course, has the authority to convert this motion to a motion for summary judgment, if necessary. *See* Fed. R. Civ. 12(d).

## C. Application of Alabama Law Would Not Save Plaintiff's Claims

Even if Plaintiff were entitled to a special exemption from the Court's choice-of-law order and Alabama's statute of limitations applied, Plaintiff still failed to timely commence her action.

In Alabama, "[t]he discovery rule…applies only to fraud actions…and cases involving the fraudulent concealment of the existence of a cause of action." *Utils. Bd. of City of Opp v. Shuler Bros.*, 138 So. 3d 287, 293 (Ala. 2013) (citing Ala. Code § 6-2-3) (internal quotations omitted). For plaintiff's claims to fall within the discovery rule, the "complaint must allege the time and circumstances of the discovery of the cause of action," as well as "the facts or circumstances by which the defendants concealed the cause of action or injury and what prevented the plaintiff from discovering the facts surrounding the injury." *DGB, LLC v. Hinds*, 55 So. 3d 218, 226 (Ala. 2010) (citations omitted).

Here, Plaintiff has not stated how Cook's alleged pre-placement concealment of "the true and significant risks associated with Cook's IVC filters" prevented Plaintiff from discovering her alleged cause of action, nor does she allege Cook knew of her injury or prevented her from discovering facts surrounding the injury. *See Miller v. Mobile Cty. Bd. of Health*, 409 So. 2d 420, 422 (Ala. 1981) (affirming dismissal where the plaintiff failed to explain how her cause of action was concealed and what prevented her from discovering the injury). Indeed, Plaintiff undeniably learned of the injury she now claims—the inability to retrieve her filter—when her doctor tried to remove it unsuccessfully. *See* Dkt. 18540 (dismissing the *Kinsey* case as time-barred under Alabama law on ground that plaintiff knew he had suffered injury linked to the filter when his doctor informed him the filter was in a "dangerous position" and needed to be retrieved). Plaintiff's observation that full discovery has not taken place in her case, *see* Pl.'s Resp. at 3, is a red herring.

Accordingly, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

Dated: May 14, 2021

/s/ Andrea Roberts Pierson
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2021, a copy of the foregoing **REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF STEPHANIE WILLIAMS' CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ Andrea Roberts Pierson