**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                 MDL No. 2570

_____

This Document Relates to the Following Cases:

Dewey Williams, 1:19-cv-03665

_____

**ORDER ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S**
**CASE PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by

Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings

in Plaintiff Dewey Williams' case.  They argue his claims are barred under the Tennessee

statute of repose.  Plaintiff[2] responds that Ohio law applies, and under Ohio law, his

claims are timely due to Cook's fraudulent concealment.  He advances the same

argument, in the alternative, under Tennessee law.

Both Tennessee and Ohio apply a 10-year statute of repose in product liability

cases, measured from the date the defendant sold the product.  Tenn. Code Ann. § 29-28-

103(a) ("Any action against a manufacturer or seller of a product for injury to person or

_____

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical
Incorporated), and William Cook Europe APS.
[2] According to Plaintiff's Short Form Complaint, he had the filter placed at a hospital in Ohio.
1:19-cv-03665, Filing No. 11, ¶ 12).  He is presently a resident of Tennessee and resided in
Tennessee at the time of his injury.  (*Id.*, ¶¶ 5-6).

1

property caused by its defective or unreasonably dangerous condition must be brought . . . within ten (10) years from the date on which the product was first purchased for use or consumption[.]"); Ohio Rev. Code § 2305.10(C)(2) (""[N]o cause of action based on a product liability claim shall accrue against the manufacturer or supplier of a product later than ten years from the date that the product was delivered to its first purchaser[.]").

Plaintiff was implanted with the Cook Günther Tulip Filter on September 26, 2005.  (1:19-cv-03665, Am. Short Form Compl., ¶ 11).  The sale of the filter could not have occurred later than that date.  He filed his Short Form Complaint in the Southern District of Indiana on August 28, 2019, more than 13 years later.  He argues, however, that he "did not discover his cause of action until at least August of 2018."  (Filing No. 17594, Resp. at 4).

Plaintiff's allegations of fraudulent concealment set forth in his Amended Short Form Complaint do not save his claims.  While Plaintiff alleges Cook failed to report certain Tulip-related adverse events associated with the filter from the medical community and marketed the device without sufficient evidence of efficacy, he fails to allege that Cook knew of his injury and took affirmative steps to prevent him from discovering the injury or his cause of action against Cook.  *See Fillinger v. Lerner Sampson & Rothfuss*, 624 Fed. Appx. 338, 341 (6th Cir. 2015) (applying Ohio law and stating that "[t]he doctrine of fraudulent concealment allows equitable tolling of the statute of limitations where 1) the defendant concealed the underlying conduct, 2) the plaintiff was prevented from discovering the cause of action by that concealment,

and 3) the plaintiff exercised due diligence to discover the cause of action"); *see also Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 462 (Tenn. 2012) (stating the doctrine tolls the statute of limitations when the defendant has taken active steps to conceal the cause of action, which is synonymous with the plaintiff's injury)). Plaintiff's claims are therefore barred under either Ohio or Tennessee law.  Accordingly, the Cook Defendants' Motion for Judgment (Filing No. 16178) is **GRANTED**.

**SO ORDERED** this 14th day of May 2021.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.