UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION           MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Buell, James – 1:17-cv-00516

_____

**COOK DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT
IN PLAINTIFF JAMES BUELL'S CASE PURSUANT TO CMO-28**

The Court should dismiss Plaintiff's action. Plaintiff's undisputed knowledge in 2009 of the injury he now claims – a failed retrieval – negates his arguments based on the discovery rule and fraudulent concealment. His argument that the failed retrieval was not an "injury" until he found out about possible risks is internally contradictory and unsupported by analysis or precedent. And his other claims fail for the same reasons the Court has cited in multiple other cases.[1]

**A.**     **Plaintiff's Product Liability Claim Accrued at The Time of His Failed Retrieval Procedure Eight Years Before the Complaint Was Filed**

Plaintiff's response disregards Cook's argument that Indiana's two-year statute of limitations bars his claims. *See* Dkt. 17974 (citing Dkt. 13539). He does not argue that Indiana's statute of limitations does not apply to his claims, and he cites no Indiana law suggesting his claims are timely under Indiana law. In failing to respond, Plaintiff has effectively conceded that Indiana's statute of limitations applies and bars his claims. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (lack of response concedes argument). This omission alone justifies dismissal.

Contrary to Plaintiff's assertion, *see* Dkt. 18302 at 3, the failure of his 2009 filter retrieval attempt does not save his claim. On the contrary, this Court recently dismissed a failed retrieval case under Indiana law because the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391 (*Heintzman* order).

Even assuming *arguendo* that Texas's statute of limitations applied – and it does not – Plaintiff's claims are still time-barred. Like Indiana, Texas has a two-year limitations period and a discovery rule that functions like Indiana's. *See In re Mirena Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d, 345, 356-58 (S.D.N.Y. 2014) (discussing similarities between Texas and Indiana law

---

[1] Because Plaintiff's response is *twice* the length permitted by CMO-28, *see* Dkt. 14601, ¶¶ 4-6 (limiting all briefs under CMO-28 to three pages), Cook has needed to go to three-and-a half pages to respond.

and holding that plaintiff's claim accrued at the time she learned her IUD perforated her uterus and needed to be removed). This Court's reasoning in *Heintzman* – that the plaintiff's claim accrued at the time of the plaintiff's failed retrieval attempt – therefore applies equally under Texas law. *See, e.g., Shepherd v. Danek Med.*, 1999 WL 1129705, at *1 (S.D. Tex. Aug. 13, 1999) (holding claim accrued on removal of device). Plaintiff's claim is time-barred under Texas law.

Plaintiff also contends that, although he knew in 2009 that he had a retrievable filter that could not be retrieved, he nonetheless did not know at that time that he had suffered an injury. Dkt. 18302 at 1-2. But this argument makes no sense: the failed retrieval is ***the exact injury*** that Plaintiff claims that he suffered. *See* Case Categorization Form (stating that "claimed complication/ outcome/injury" is "Failed retrieval attempt; struts incorporated into the IVC wall") (attached as **Exhibit B** and filed separately under seal). Plaintiff therefore faces an insoluble dilemma: If his 2009 failed retrieval ***was*** an injury, as his pleadings assert, then his claims based on that "injury" are barred by the statute of limitations. *See Valdez v. Hollenbeck*, 465 S.W.3d 217, 229 (Tex. 2015) (holding that cause of action accrues once legal injury has occurred, "even if all resulting damages have not yet occurred"). But if his failed retrieval was ***not*** an injury, as he argues in his response to the present motion, then he has no compensable injury, and thus no claim. *See, e.g., Temple-Inland Prods. Corp. v. Carter,* 993 S.W.2d 88, 90 (Tex. 1999) (rejecting claims for fear and risk of future injury absent present physical injury).[2] Either way, Plaintiffs' claims fail.

**B.   Plaintiff's Fraudulent Concealment Argument is Unavailing**

As this Court has held on multiple occasions, the fraudulent concealment allegations in Plaintiff's amended complaint (Dkt. 16414) does not save his action here given the undisputed

---

[2] Plaintiff asserts in his response (but not in his pleadings) that he might need medical monitoring.  Plaintiff cites no Texas authority recognizing a cause of action for medical monitoring, and case law suggests that there is no such claim under Texas law.  *See Norwood v. Raytheon Co.*, 414 F. Supp. 2d 659 665-66 (predicting under *Erie* that Texas would not recognize an independent medical monitoring claim).

facts set out above. The failed removal attempt and embedment of the filter provided enough information to Plaintiff *independently* regarding a potential existence of a cause of action to trigger accrual of his claim. There is no evidence to suggest that Cook knew of Plaintiff's embedded filter or that it concealed any alleged cause of action from him. The limitations period therefore was not tolled. *See* Dkt. 15907 (collecting cases and explaining that "fraudulent concealment requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action"); *Mitchell Energy Corp. v. Bartlett*, 958 S.W.2d 430, 439 (Tex. Ct. App. 1997) ("Knowledge of facts, conditions, or circumstances that would cause a reasonable person to make inquiry leading to the discovery of a concealed cause of action is in the law equivalent to knowledge of the cause of action for limitation purposes."). Plaintiff does not dispute that he underwent a failed retrieval attempt more than eight years before filing his action, and both Indiana and Texas statutes of limitation therefore bar his claims.[3]

## C.      Plaintiff's Consumer Fraud and Warranty Claims Fail

Plaintiff's consumer fraud claims also fails. The Court recently dismissed consumer fraud claims pled by Plaintiffs Priesmeyer and Yedman for failure to plead with particularity under Rule 9(b). *See* Dkt. 18285 at 4-6 (citing multiple reasons that plaintiffs' allegations failed to meet Rule 9(b)'s high bar). Plaintiff's consumer fraud claim suffers from the same pleading defects here. In addition, "[t]his claim requires individualized proof because reliance is an essential element . . . ." *Peltier Enters, Inc. v. Hilton*, 51 S.W.3d 616, 624 (Tex. 2000). But Plaintiff concedes that he did not directly rely on any alleged representation from Cook and only generally alleges that his

---

[3] In addition, Plaintiff's new allegations of fraudulent concealment do not cure the pleading defects the Court identified in its previous MDL-wide order. *See* Dkt. 15907. Plaintiff does not allege that Cook knew of and affirmatively concealed *Plaintiff's* cause of action, as the Court required, and they do not state the circumstances of the alleged fraud—the who, what, when, where, and how—with the particularity required by Rule 9(b). *See id.* at 6-9. Plaintiffs allege only the same sorts of ***pre***-filter-placement conduct set out in the Master Complaint, *see* Dkts. 16414, 16415, which the Court has held are inadequate. *See* Dkt. 15907.

physician relied on Cook's representation that the filter could be used on a permanent basis, without identifying any specific statement. For these reasons, the Court should enter judgment on Plaintiff's consumer fraud claims.

Plaintiff's implied warranty claim is also time-barred. Texas's four-year UCC "limitation on implied warranty claims runs from the date of sale." *Safeway Stores, Inc. v. Certainspeed Corp.*, 710 S.W.2d 544, 546 (Tex. 1986). Plaintiff received his filter on November 22, 2008, but did not commence this action until February 17, 2017, more than eight years later. The claim is thus barred.

Plaintiff's express warranty claim fails because he has not identified any specific statement or communication constituting an alleged express warranty that he actually read and relied on before receiving his filter. *See* Dkt. 4918 at 13-15 (dismissing Texas plaintiff's express warranty claim for failing to plead and show evidence of specific reliance); *Morris v. Adolph Coors Co.*, 735 S.W.2d 578, 587 (Tex. Ct. App. 1987).

For the foregoing reasons, the Court should dismiss Plaintiff's claims with prejudice.

Respectfully submitted,

Dated: May 14, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 14, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF JAMES BUELL'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Jessica Benson Cox*