UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Trevino, Jose, 1:17-cv-02728

**COOK DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT
IN PLAINTIFF JOSE TREVINO'S CASE PURSUANT TO CMO-28**

The Court should dismiss Plaintiff's cause of action in its entirety. Plaintiff's undisputed knowledge in 2009 of the injury he now claims—a failed retrieval—negates his arguments based on the discovery rule and fraudulent concealment. Plaintiff's other claims fail for the same reasons this Court has stated in multiple other cases.

**A. Texas' Discovery Rule Does Not Save Plaintiff's Claims**

Plaintiff's case is time-barred under Texas law because his failed filter retrieval occurred more than two years before the case was filed. As the Court recently explained in *Heintzman*, Plaintiff Heintzman "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391. While *Heintzman* was decided under Indiana and Ohio law, the statutes of limitations in Indiana and Texas are both two years, and the discovery rule functions similarly in the two states. *See In re Mirena Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d, 345, 356-58 (S.D.N.Y. 2014) (discussing similarities between Texas and Indiana law and holding that plaintiff's claim accrued at the time she learned her IUD perforated her uterus and needed to be

removed). Thus, the underlying logic of the Court's ruling in *Heintzman*—that a failed retrieval attempt triggers the accrual of an injury claim premised on the failed retrieval—applies equally under Texas law. *See e.g., Shepherd v. Danek Med.*, 1999 WL 1129705, at *1 (S.D. Tex. Aug. 13, 1999) (holding that claim accrued upon removal of the device).

Here, Plaintiff does not and cannot dispute that he underwent a failed retrieval attempt; rather, he contends through affidavit testimony that he "was not aware that Cook's IVC Filter caused [his] injuries." Trevino Aff., Dkt. 18330-1, ¶ 5.[1] This testimony does not alter the fact his case is time-barred. Plaintiff's claimed injury is a failed retrieval attempt, and Plaintiff knew of that failed retrieval attempt when it occurred in 2009. Under Texas law, the discovery rule "does not operate to toll the running of the limitation period until such time as plaintiff discovers all of the elements of a cause of action." *Coody v. A.H. Robins Co.*, 696 S.W.2d 154, 156 (Tex. Ct. App. 1985). And for the reasons discussed above, Plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." *See* Dkt. 18391. Thus, Texas' discovery rule does not save Plaintiff's case.

### B. Plaintiff's Fraudulent Concealment Argument is Unavailing

Given the undisputed facts set out above, the fraudulent concealment allegations in Plaintiff's amended complaint do not save his case, even had he properly pled it.[2] *See* Dkt. 17172.

---

[1] While the categorization records are considered to be part of the pleadings in this MDL, Plaintiff's personal affidavit is a document outside the pleadings and is not appropriate for consideration on a 12(c) motion. The Court, of course, has the authority to convert this motion to a motion for summary judgment, if necessary. *See* Fed. R. Civ. 12(d).

[2] Plaintiff's new allegations of fraudulent concealment do not cure the pleading defects the Court identified in its February 22, 2021 order. *See* Dkt. 15907. Plaintiff does not allege that Cook knew of and affirmatively concealed *Plaintiff's* cause of action, as the Court required, and Plaintiff does not state the circumstances of the alleged fraud—that is, the who, what, when, where, and how—with the particularity

The failed retrieval attempt provided enough information to Plaintiff regarding the potential existence of a cause of action *independent* of any alleged fraudulent concealment on Cook's part. *See* Dkt. 15907 (collecting cases and explaining that "fraudulent concealment requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action"); *Mitchell Energy Corp. v. Bartlett*, 958 S.W.2d 430, 439 (Tex. Ct. App. 1997) ("Knowledge of facts, conditions, or circumstances that would cause a reasonable person to make inquiry leading to the discovery of a concealed cause of action is in the law equivalent to knowledge of the cause of action for limitation purposes."). Because Plaintiff does not dispute that he underwent a failed retrieval attempt more than seven years before filing his action, fraudulent concealment does not apply. The case is barred under Texas law.

Similarly, Plaintiff's observation that depositions and full discovery have not taken place in his case is a red herring. *See* Pl.'s Resp., Dkt., 18330 at 2-3. The present record establishes as a matter of law that Cook is entitled to judgment under Texas law, and the Court should therefore dismiss Plaintiff's case with prejudice.

---

required by Rule 9(b). *See id.* at 6-9. Instead, Plaintiffs allege only the same sorts of ***pre***-filter-placement conduct set out in the Master Complaint.

Respectfully submitted,

Dated: May 17, 2021

/s/ *Andrea Roberts Pierson*
Jessica Benson Cox
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF JOSE TREVINO'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Andrea Roberts Pierson*