UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Del Cid, Jose, 1:17-cv-01704

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF JOSE DEL CID'S CASE PURSUANT TO CMO-28**

The Court should dismiss Plaintiff's cause of action in its entirety. Plaintiff's undisputed knowledge in 2012 of the injury he now claims—a failed retrieval—negates his arguments based on the discovery rule and fraudulent concealment. Plaintiff's other claims fail for the same reasons this Court has cited in multiple other cases.

**A.     Plaintiff's Case is Barred by the Indiana and Virginia Statutes of Limitations**

Plaintiff argues that the Indiana and Virginia discovery rules save his claim because "Plaintiff did not know or have reason to know about the defective nature of the Celect IVC filter until he saw new ads informing him of the defective nature of Cook's IVC filter in 2016." Pl.'s Resp., Dkt. 18338 at 3. Plaintiff's argument is unavailing.

As the Court recently explained in *Heintzman*—which was decided under Indiana and Ohio law—Plaintiff Heintzman "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391. The same is true for Plaintiff here. His claim in the affidavit that he "was not aware of the causal connection between [his] injuries and Cook's IVC Filter," Del Cid Aff., Dkt. 18338-1, ¶ 5, is misplaced because Indiana law only requires knowledge (which can be constructive) that a product is a potential cause of an injury to trigger the statute of limitations, not that the product is the ultimate legal cause of the injury. *See  Valmore v. Janssen Pharm. Prods., LP.*, 2005 WL 8165915, at *2 (S.D. Ind. Sept. 21, 2005) ("A plaintiff . . . need not know with certainty that a particular product caused her injury to trigger the running of the statutory time period.").[1] Here, as in *Heintzman*, the failed retrieval procedure provided sufficient information

---

[1] While the categorization records are considered to be part of the pleadings in this MDL, Plaintiff's personal affidavit is a document outside the pleadings and is not appropriate for consideration on a 12(c) motion. The Court, of course, has the authority to convert this motion to a motion for summary judgment, if necessary. *See* Fed. R. Civ. 12(d).

1

to start the limitations period as a matter of law because Plaintiff claims that the failed retrieval *was* his injury.

Plaintiff's claim that he lacked knowledge about the alleged "defectiveness" of the filter is irrelevant to the analysis. *Valmore*, 2005 WL 8165915, at *3 ("There is no requirement [under Indiana law] that the potential plaintiff know or believe a product is 'defective' before the limitations period may commence."). The existence of the MDL is also irrelevant to the analysis. *See* Pl.'s Resp. at 1. Plaintiff could have filed his claim as a standalone case in a state or federal court where jurisdiction and venue would have been proper.

With respect to Plaintiff's argument based on the discovery rule under Virginia law, Virginia did not have a discovery rule for product liability actions until the Virginia Legislature passed such a rule in March 2016, with an effective date of July 1, 2016. *See* Va. Code § 8.01-243; Va. Acts ch. 353 (statutory amendment); Va. Code § 1-214 (explaining that newly enacted laws take effect on July 1 after a legislative session concludes). Thus, even assuming the Virginia discovery statute would otherwise apply to Plaintiff's claims, Plaintiff would not be entitled to invoke the discovery rule because his claim accrued and became time-barred *before* the new law took effect. Under Virginia law, "amendments to statutes of limitation are presumed to be prospective and not retroactive in their operation, in the absence of clear legislative intent to the contrary." *Riddett v. Virginia Elec & Power Co.*, 495 S.E.2d 819, 822 (Va. 1998). Plaintiff's Response fails to acknowledge this aspect of Virginia law and wrongly assumes that if Virginia law applied, the discovery rule would apply to his case and save his claims.

**B.      Plaintiff's Fraudulent Concealment Argument is Irrelevant**

The Court has already dismissed Plaintiff's claim that Cook's fraudulent concealment tolled the statute of limitations. In its February 22, 2021 order, the Court held that Plaintiffs'

Master Complaint both failed to plead the elements of a claim for fraudulent concealment and failed to plead the claim with particularity. Dkt. 15907. Although the Court granted Plaintiffs leave to amend to try to cure these problems, Cook can find no record that Plaintiff Del Cid amended his complaint by the Court's March 26 deadline, and Plaintiff's response cited no such amendment. Plaintiff thus has no live claim for fraudulent concealment that could toll the statute.

Even assuming Plaintiff had a live fraudulent concealment claim, it could not save him from the statute of limitations. Plaintiff's failed retrieval attempt provided enough information regarding the potential existence of a cause of action *independent* of any alleged fraudulent concealment by Cook. *See Miller v. A.H. Robins Co.*, 766 F.2d 1102, 1106–07 (7th Cir. 1985) ("When a plaintiff learns of information that would lead to the discovery of the cause of action through diligence, the statute of limitations begins to run, regardless of concealment."); *Gittings v. Deal*, 109 N.E.3d 963, 973 (Ind. 2018) (holding the fraudulent concealment doctrine irrelevant because "causes of action were not concealed"). Plaintiff does not and cannot dispute that he underwent a failed retrieval attempt more than five years before filing his action. *See* Dkt. 17965-1 (sealed categorization medical record attached as Exhibit A to Cook's opening brief). As a result, the fraudulent concealment doctrine is irrelevant to this case because Plaintiff had independent awareness of a potential cause of action.

For the foregoing reasons and the reasons set forth in Cook's opening brief, the Court should dismiss all of Plaintiff's claims with prejudice.

           Respectfully submitted,

Dated: May 17, 2021       */s/ Andrea Roberts Pierson*
           Jessica Benson Cox
           Andrea Roberts Pierson
           FAEGRE DRINKER BIDDLE & REATH LLP
           300 North Meridian Street, Suite 2500
           Indianapolis, Indiana  46204
           Telephone:  (317) 237-0300
           Andrea.Pierson@FaegreDrinker.com
           Jessica.Cox@FaegreDrinker.com

           James Stephen Bennett
           FAEGRE DRINKER BIDDLE & REATH LLP
           110 West Berry Street, Suite 2400
           Fort Wayne, Indiana  46802
           Telephone:  (260) 424-8000
           Stephen.Bennett@FaegreDrinker.com

           *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2021, a copy of the foregoing **REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF JOSE DEL CID'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

           */s/ Andrea Roberts Pierson*