**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to the Following Actions:

Arroyo, Candra, 1:20-cv-03005
Horton, Johnny, 1:20-cv-00785.

_____

**REPLY IN SUPPORT OF MOTION TO DISMISS UNKNOWN PRODUCT CASES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 8(a)**

On April 20, 2021, Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS (collectively "Cook") filed a Motion to Dismiss Unknown Product Cases Pursuant to Federal Rule of Civil Procedure 8(a) [Dkt. 18092].[1]  The Motion sought to dismiss 2 cases in which the Plaintiffs' complaints failed to identify the product they allege caused their injuries.  In response to the Cook Defendants' Motion, both plaintiffs responded, **admitting their complaints do not identify the specific product at issue.** Plaintiffs cases should be dismissed for that reason alone.

Rule 8 requires a claimant to state sufficient facts to give the responding party fair notice of what the party's claim is and the grounds on which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In their product liability cases, **Plaintiffs fail to allege the product that they claim creates liability**.  This omission is fatal to Plaintiffs' complaints.

---

[1] Pursuant to Case Management Order 18, Plaintiffs' response was due April 30, 2021.  Instead, Plaintiffs, without any explanation, filed their response without leave of court on May 11, 2021, at Dkt. 18507.  For that reason, Plaintiffs' response should be disregarded.  However, should the Court choose to accept Plaintiffs' late response, Cook replies to Plaintiffs' arguments herein.

US.133065261.01

In response to Cook's Motion, Plaintiffs claim that they are not required to identify a specific product that caused an injury to them. (Dkt. 18507, Plaintiffs' Combined Response, p. 1.) Plaintiffs claim this despite the fact that they both allege there was (1) an issue with the design of the product – without identifying what design was defective – and (2) an issue with the warnings – without identifying which product those warnings accompanied. While Plaintiffs do not address all of the law Cook cited in its Motion, Plaintiffs cite two cases in their response, both of which are distinguishable: *DuRocher v. Riddell, Inc.*, 97 F. Supp. 3d 1006, 1019 (S.D. Ind. 2015) and *Coleman v. Boston Scientific Corp.*, No. 1:10-cv-01968-OWN-SKO, 2011 WL 1523477, at *2-5 (E.D. Cal. Apr. 20, 2011). Together, Plaintiffs cite these cases for the proposition that they need not identify the specific product at issue. (Response, p. 2.) Plaintiffs' reliance is inappropriate. In both cases the court held that in some product liability cases, plaintiffs "may not be able to determine without discovery" the nature of the defect at issue. *See Coleman*, No. 1:10-CV-01968, 2011 WL 1532477, at *5; *see also DuRocher*, 97 F. Supp. 3d at 1020 (noting that *Twombly* and *Iqbal* were not product liability cases, and where "almost all of the evidence is in the possession of defendant or other entities" the "benefit of discovery [or] of expert analysis" may be needed before specific allegations regarding defect can be made). *Coleman*, cited by Plaintiffs, dismissed the plaintiff's complaint because he failed to plead with the basic specificity information about the surgeries at issue – and held more information is required where plaintiff failed to identify the specific medical device in her complaint. *Coleman*, No. 1:10-CV-01968, 2011 WL 1532477, at *5.

This more lenient standard is inapplicable where there is not restricted access to information concerning the defendant's conduct or product, where plaintiff has access to the relevant information, or where "Plaintiff *has* conducted at least some discovery." *Corwin v.*

*Connecticut Valley Arms, Inc.*, 74 F. Supp. 3d 883, 893 (N.D. Ill. 2014). This is exactly the distinction the Northern District of Illinois drew in *Corwin*. There, the Court dismissed plaintiff's complaint for failing to allege particularized facts in his complaint sufficient to satisfy federal pleadings requirements set out in *Twombly* and *Iqbal*. *Id*. Plaintiff argued he was not required to plead specific information about the product at issue. The court dismissed plaintiff's complaint because (1) there was no restricted access to information and (2) plaintiff had conducted some discovery.

Like plaintiff in *Corwin*, Plaintiffs' access to relevant information is not restricted. Plaintiffs make no attempt to argue it is. Further, Plaintiff Horton's case was filed over a year ago (*see* Dkt. 1:20-cv-00785), Plaintiff Arroyo's case was filed over six months ago (*see* Dkt. 1:20-cv-03005). As such, Plaintiffs do not attempt to argue they have not been afforded the opportunity to ascertain the product at issue. Like *Corwin*, discovery has taken place. Plaintiffs each provided Cook a Plaintiff Profile Sheet, which "constitute[s] the initial case-specific discovery response of Plaintiff[s]." (Dkt. 13046, Fourth Amended Case Management Order No. 4, para. 1(i).) In the process, Plaintiffs collected and/or provided medical records and imaging, which they reviewed as needed. Plaintiffs were required to support their Case Categorization Forms with specific medical documentation and submit that documentation to Cook too. (*See* Dkt. 9638 and 10617, the Court's Orders Regarding Case Categorization.) Here, Plaintiffs have not alleged more "discovery" is required, and indeed cannot. They have not alleged information is unavailable either. As a result, Plaintiffs are required to give Cook "fair notice" by pleading the specific product at issue.[2]

---

[2] Even if Plaintiffs cases were subject to a lax pleading standard allowing them to ignore the product at issue and give Cook notice of the specific product they claim injured them, the law is clear that additional information is required to meet the minimum pleading requirement when Plaintiffs fail to identify the specific product. Here, for example, Plaintiff Horton merely argues his filter was placed "sometime around 2012." This does not meet the pleading standard.

Plaintiffs here have failed to meet even the liberal pleading requirement of Rule 8(a)(2). They have failed to allege or identify the specific product at issue and, as a result, have failed to give defendants fair notice of the claims against them or of the grounds for those claims as required by Rule 8(a)(2). Accordingly, pursuant to Federal Rule of Civil Procedure 8(a), Cook respectfully requests that the Court dismiss Plaintiffs' complaints.

Dated: May 17, 2021

Respectfully Submitted,

*/s/ Kip S.M. McDonald*
Andrea Roberts Pierson, Co-Lead Counsel
Jessica Benson Cox
Kip S.M. McDonald
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com
Kip.McDonald@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2021, a copy of the foregoing Reply in Support of Motion to Dismiss Unknown Product Cases Pursuant to Federal Rule 8(a) was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Kip S.M. McDonald*