UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
IN DIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-02570-RLY-TAB MDL No. 2570 |
| This Document Relates Only to the Following Cases: Bush, Lisa – 1:16-cv-01126 | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFFS' CASE PURSUANT TO CMO-28**

Now come Plaintiffs, Lisa and Robert Bush, by and through their undersigned counsel, and submit this Response in Opposition to Cook Defendants' Motion for Judgment in Plaintiffs' Case Pursuant to CMO-28 ("Motion") (ECF No. 18424). Defendants move for a judgment on the pleadings claiming that Plaintiffs' personal injury claims are time-barred under Indiana law.[1] Defendants fail to establish there are no material issues of fact to be resolved concerning when Ms. Bush knew or reasonably should have known that having a medical device left in her body posed a serious safety risk, and that these risks were caused by Cook's tortious conduct.

For the reasons set forth below, Defendants' Motion should be denied.

## BRIEF ARGUMENT

### Rule 12(c)

Fed R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Rule 12(c) motions are reviewed "under the same standard as a motion to dismiss under Rule 12(b)" and "[l]ike Rule 12(b) motions, courts grant a Rule 12(c) motion only if 'it appears *beyond doubt* that the plaintiff cannot prove *any* facts that would support his claim for relief." *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (emphasis added). In ruling on a 12(c) motion, courts may only consider documents attached to the motion that are referenced in the pleadings or are matters of public record. *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir.

---

[1] Plaintiffs acknowledge that the Court has ruled that the forum state's (Indiana) statute of limitations applies to Plaintiffs' claims. ECF No. 13539. Plaintiffs nonetheless address both Indiana and their home state's (Arizona) law so as to preserve any potential choice of law issue for appeal. *See, e.g., Belom v. National Futures Ass'n,* 284 F.3d 795, 799 (7th Cir. 2002) (internal citation omitted) ("arguments not raised in the district court are waived on appeal").

.

1997). "Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiffs' complaint and are central to his claims." *Wright v. Assoc. Inc. Ins. Cos., Inc.,* 29 F.3d 1244, 1248 (7th Cir. 1994).

To succeed on a motion for judgment on the pleadings, the moving party "must demonstrate that there are no material issues of fact to be resolved." *Federated Mut. Ins. Co. v. Coyle Mech. Supply, Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). The Court must view all the "facts and inferences in the light most favorable to the non-moving party" and should not allow the motion to deprive the non-moving party the opportunity to make its case. *Id.* (citing Wright & Miller, cautioning that "hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1368 (3d ed. 2002)).

Here, Defendants rely on one of Plaintiff's medical records that was not attached to her Complaint (*i.e.,* outside the pleadings) to support their argument for dismissal. This is not appropriate under Rule 12(c). *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (stating court ruling on Rule 12(c) motion should generally convert it to motion for summary judgment if considering attachments).  Accordingly, the Court may not consider an isolated medical record – or any evidence outside the pleadings – in determining this Motion. Without any support, Defendants' Motion fails.

**<u>Rule 56</u>**

If the Court chooses to consider the one isolated medical record Defendants attached to their Motion, the Motion becomes one for summary judgment. *See Federated Mut.*, 983 F.3d at 313 (quoting Rule 12(d)) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the

pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). However, "[a]ll parties shall be given reasonable opportunity to present all the material that is pertinent to the motion." Rule 12(d). Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489-490 (7th Cir. 2007).

Here, the one medical record Defendants rely on demonstrates there are material issues of fact as to what Plaintiff knew or should have known about the risks resulting from her failed filter removal attempt. *See infra* at 6 (noting that medical record states doctor would "schedule her for an appointment … to discuss her options with the filter in more detail."). Moreover, Plaintiffs must be given the opportunity to conduct discovery and present any evidence, including deposition testimony and/or additional medical records, that demonstrates Ms. Bush timely filed her claim. *See Hemsworth*, 476 F.3d at 489-490. Because material issues of fact exist at this time, summary dismissal is not appropriate.

## I.   Material Issues of Fact Preclude a Determination on the Timeliness of Plaintiffs' Claims

Arizona and Indiana both have a two-year statute of limitations for personal injury and products liability actions and both states recognize a discovery rule exception. Az. Code § 12-542, 551; Ind. Code § 34-20-3-1; *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of America*, 182 Ariz. 586, 591, 898 P.2d 964, 969 (1995); *Nelson v. Sandoz Pharm. Corp.*, 288 F.3d 954, 966 (7th Cir. 2002). Both states also apply the reasonably diligent plaintiff standard to determine if the discovery rule acts to toll a plaintiff's cause of action. *Nelson*, 288 F.3d at 966; *Gust,* 898 P.2d at 969. Generally, a cause of action accrues when a plaintiff "knew or, in the exercise of ordinary

4

diligence, could have discovered that an injury had been sustained as a result of the tortious act of another." *Nelson*, 288 F.3d at 966 (internal citations and quotations omitted); *accord. Gust*, 898 P.2d at 969. Thus, there are two distinct aspects of the discovery rule that are relevant to the question of whether Plaintiff exercised ordinary diligence here: whether Plaintiff knew or reasonably could have known that (1) she was at risk of serious injury due to an irretrievable IVC filter; and (2) Cook's tortious conduct caused her to be at an increased risk of serious injury. The statute of limitations does not begin to run until both of these prongs are met.[2]

"Although the 'discovery rule' inquiry is an 'objective' one … 'Indiana courts recognize, the date upon which a plaintiff discovered facts which, in the exercise of ordinary diligence, should lead to the discovery of [causation] and resulting injury, is often a question of fact.'" *McFreen v. Alcatel-Lucent USA, Inc.*, No. 1:14-CV-764-WTL-TAB, 2014 WL 6997843, at *2 (S.D. Ind. Dec. 10, 2014) (citing *Nelson*, 288 F.3d at 966 (other citations omitted)). "Questions of fact cannot be resolved by a motion to dismiss." *McFreen*, 2014 WL 6997843, at *2. *See also Horn v. A.O. Smith Corp.*, 50 F.3d 1365, 1370 (7th Cir. 1995) (holding where accrual determination turns on factual questions, "summary judgment is inappropriate, and the statute of limitations issue must be submitted to a jury after trial.") (internal citations omitted).

On October 1, 2013 Ms. Bush was implanted with Defendants' Günther Tulip® Vena Cava Filter at JCL Deer Valley Hospital. ECF No. 1.[3] A few months later, on December 5, 2013, she returned to the same hospital for removal of the filter. ECF No. 18425 at 4 (Defendants' Ex. A,

---

[2] A "plaintiff's suspicion, standing alone, about the source of her injury is insufficient to trigger the onset of the limitations period." *Nelson*, 288 F.3d at 966.

[3] Plaintiffs' Short Form Complaint filed May 6, 2016, *Bush, et. al., v. Cook, et al.*, 16-cv-01126-RYL-TAB

filed under seal). However, Ms. Bush's surgeon was unable to remove her filter, which remains in her body. ECF No. 18424 at 1.

Defendants submit that Ms. Bush's claim accrued under Indiana law no later than December 5, 2013, when the first and only known attempt was made to remove Ms. Bush's filter (unsuccessfully). ECF No. 18424 at 1. Pointing to one isolated medical record (outside the pleadings), Defendants argue that Ms. Bush's claims are time-barred. ECF No. 18424 at 2. However, this argument rests on the faulty assumption that Ms. Bush knew or should have known *at that time* that an unsuccessful attempt to remove the IVC filter posed a serious safety risk, *and* that Cook may have been liable for causing said risk due to its tortious conduct. Defendants' simplistic argument fails, as material issues of fact preclude summary judgment. Specifically, the very medical record Defendants cite raises more questions than it answers. After explaining the failed filter removal attempt, Plaintiff's doctor noted that he would like to "discuss her options with the filter in more detail" at a later date. ECF No. 18425 at 5 (Defendants' Ex. A, filed under seal). Any conversations between Ms. Bush and her physician concerning her filter are directly relevant to the question of what Ms. Bush knew or understood regarding the risks of having the IVC filter remain permanently in her body and when she knew it.[4]

---

[4] Defendants cite *Monsanto v. Miller,* 455 N.E. 2d 392, 394 (Ind. Ct. App. 1983) for the proposition that "some ascertainable damage" is enough to put Plaintiff on notice of her claims under Indiana law. ECF No. 18424 at 3 n.4. However, the court also stated, "[w]hen there is a factual issue concerning the date on which a cause of action accrues, and a statute of limitations begins to run, the question is generally one for the fact finder." *Monsanto*, 455 N.E. 2d at 395 (internal citation omitted). Additionally, the court rejected Monsanto's argument that the plaintiff's cause of action accrued upon application of a toxic substance (PCBs) to plaintiff's silo, because "the full impact of PCBs on humans was not known" at that time. *Id.* This Court should apply the *Monsanto* court's reasoning here. First, the date of accrual is a question of fact that should be left for the jury. *Id.* at 395. Moreover, because Ms. Bush was unaware of "the full impact" of, and risks related to, an irretrievable IVC filter, her claim did not accrue merely because of the failed retrieval attempt.

Case-specific discovery has not been conducted, and there is no evidence that (1) Ms. Bush was advised she was injured or should be concerned about the potential medical implications of the failed filter removal attempt; or (2) Ms. Bush could have linked Cook's tortious conduct to an increased risk of injury. Plaintiffs are entitled to conduct further discovery, including depositions of Plaintiffs and Ms. Bush's treating physicians, to develop a record of what Ms. Bush knew or should have known about her injury and Cook's potential relationship to her injury, and when she knew it. *See* Rule 12(d). What Ms. Bush was told by her physicians[5] and the reasonableness of what she understood about the impact of the failed removal attempt are key factual issues that must be answered before the reasonableness of her conduct can be determined by a jury. *Horn,* 50 F.3d at 1370 (finding issues of fact on questions of accrual and reasonableness of plaintiffs' conduct require jury determination). For example, Ms. Bush may have been told by her physician that it was safe for her filter to be left in permanently, or she may not have been told anything at all that would have aroused the suspicion of a reasonable person that she was injured at the time of the unsuccessful filter removal attempt. Indeed, nothing in the records received to date indicate whether Ms. Bush sought medical attention for side effects or symptoms associated with the filter, or that she was told the filter must be removed at all.

Notably, it was not until May 6, 2014 that FDA issued a "Safety Communication"[6] advising physicians to remove filters as soon as possible due to increased risks learned from adverse event

---

Accordingly, Ms. Bush's claim did not accrue until she learned or reasonably should have learned of the risks inherent in her irretrievable IVC filter.

[5] *See Nelson*, 288 F.3d at 966 ("limitations period will begin to run when a physician suggests there is a 'reasonable possibility, if not a probability' that a specific product caused the plaintiff's injury.").

[6] Matters of public record are appropriate for consideration under Rule 12(c) or Rule 56. *See Wood*, 925 F.2d at 1582.

reports and medical literature.[7] Plaintiff cannot possibly be held to a higher standard of diligence than FDA and the learned intermediaries to whom FDA's Safety Communication was directed.[8] Accordingly, because Plaintiffs filed their case on May 6, 2016 – within two years of the FDA Safety Communication – their claims are timely. Similarly, because this national MDL did not commence until October 2014, it is unlikely that Plaintiffs would have been aware of their claims and Cook's tortious conduct in relation thereto prior to then. It is up to a jury to determine whether Plaintiff failed to act reasonably and diligently in not discovering her injury, *and* Cook's potential involvement, prior to May 6, 2014 or October 2014 (the dates of the FDA "Safety Announcement" and MDL commencement, respectively).

In short, Ms. Bush had no reason to think a failed filter removal attempt was medically problematic at the time it was attempted. A rational jury could find that Ms. Bush acted reasonably under the circumstances; but we do not at this time know the precise circumstances surrounding Plaintiffs' case. Discovery on the issue of timeliness is therefore essential. Plaintiffs urge the court not to dismiss this case *with prejudice* based on a single medical record in the absence of further discovery. Summary judgment is inappropriate here.

## II.  Plaintiffs' Warranty and Consumer Protection Claims Survive

Defendants incorrectly assert that warranty claims are subject to a two-year statute of limitations under Indiana law. ECF No. 18424 at 3 (citing *B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991)). In fact, *B&B* notes that claims for breach of the implied warranty of merchantability are "governed by the four-year statute of limitations provided

---

[7] *See* "Removing Retrievable Inferior Vena Cava Filters: FDA Safety Communication, FDA (May 6, 2014), https://wayback.archive-it.org/7993/20170111070016/http://www.fda.gov/MedicalDevices/Safety/AlertsandNotices/ucm396377.htm

[8] *Id.* ("Audience: Physicians who implant inferior vena cava (IVC) filters and clinicians responsible for the ongoing care of patients with these devices.").

in the Uniform Commercial Code" (citing IND. CODE § 26-1-2-725) and noted that the UCC and Product Liability Act "represent two different causes of action with two different statutes of limitation." *B&B*, 568 N.E.2d at 1018, 1020.[9] Plaintiff's implied warranty claim is thus timely as it was filed within four years of accrual.

Defendants further allege that Plaintiff's express warranty claim fails because the Court has already ruled it was not adequately pled. ECF No. 18424 at 4 (citing ECF No. 4918 at 13-15). However, the Court's prior ruling concerned one specific case under Texas law, and only dismissed the claim because the plaintiff there failed to demonstrate an issue of fact – namely, that she read or relied on the Patient Guide's language that formed the basis of her express warranty claim. Here, Defendants do not argue that Plaintiff's express warranty claim fails under either Indiana or Arizona law. In addition, further discovery is necessary to establish whether Plaintiff read and relied on the express warranty language that forms the basis of her express warranty claim. Dismissal at this juncture is inappropriate. *See Zimmer US Inc. v. Mire*, 188 F. Supp. 3d 843, 850-851 (N.D. Ind. 2016) (finding motion to dismiss can be used to test legal sufficiency of complaint, not facts that support it) (collecting cases).

Similarly, Defendants rely on this Court's ruling in one particular case to inaptly infer that Ms. Bush's consumer protection claim fails here. ECF No. 18424 at 4 (citing ECF No. 14809 at 10). The Court's prior ruling involved the Oregon Unlawful Trade Practices Act and analyzed whether plaintiff's claims fell within the scope of that statute's elements. ECF No. at 9-10. Here, again, Defendants fail to explain why Plaintiff's consumer protection claim fails to meet Rule 9(b)'s pleading requirements under either Indiana or Arizona law. Dismissal is thus inappropriate.

---

[9] *See also Moses v. Nordic Boats*, 2008 WL 4672300, at *2 (Ariz. Ct. App. Oct. 16, 2008) (breach of warranty claim has four year statute of limitations, which accrues on delivery of the product).

Likewise, Plaintiffs' derivative punitive damages claim and co-Plaintiff's loss of consortium claim survive as well.

## III.    CONCLUSION

For the foregoing reasons, Defendants' Motion should be denied.

Respectfully Submitted,

Dated:  May 17, 2021

*s/ Christopher A. Seeger*
Christopher A. Seeger
Jeffrey S. Grand
Asim M. Badaruzzaman
SEEGER WEISS LLP
55 Challenger Rd., 6th Floor
Ridgefield Park, NJ 07660
Tel:  973-639-9100
cseeger@seegerweiss.com
jgrand@seegerweiss.com
abadaruzzaman@seegerweiss.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2021, I caused the foregoing document to be filed with the Clerk of the Cout via the Court's CM/ECF system which will provide notification to all counsel of record.

*s/ Christopher A. Seeger*
Christopher A. Seeger