UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND             No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION              MDL No. 2570

_____

This Document Relates to the Following Cases:

Kelly Frank, 1:15-cv-1070

_____

### ORDER ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiff Kelly Frank's case. They argue Plaintiff's claims are time-barred under Indiana law. Plaintiff argues Virginia law applies, and that under Virginia law, her claims are timely.

Plaintiff is a Virginia resident and was implanted with a Cook Celect Vena Cava Filter in Norfolk, Virginia on March 14, 2013. Less than three months later, she had it surgically removed by a vascular surgeon. (Filing No. 16224, Medical Record dated June 4, 2013). The surgeon found that the filter had fractured; a residual leg embolized to her pulmonary artery. (*Id.*). "The filter was re-snared and removed up the sheath." (*Id.*).

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

1

Plaintiff direct-filed her Short Form Complaint in the Southern District of Indiana on July 9, 2015.

Under Indiana law,[2] the statute of limitations for product liability actions is two years.  Ind. Code § 34-20-3-1(b)(1) ("Unless otherwise provided in section 2 of this chapter, a product liability action must be commenced: (1) within two (2) years after the cause of action accrues.").  Under Indiana's discovery rule for product liability actions, the statute of limitations begins "to run from the date the plaintiff knew or should have discovered that she suffered an injury or impingement, and that it was caused by the product or act of another."  *Degussa Corp. v. Mullens*, 744 N.E.2d 407, 410-11 (Ind. 2001).

"Indiana law does not require a potential plaintiff to be informed by a doctor that his or her injuries were possibly caused by a particular product before the limitations period begins" because "events short of a doctor's diagnosis can provide a plaintiff with evidence of a reasonable possibility that another's product caused his or her injuries."  *Valmore v. Jansenn Pharm. Prods., LP*, 1:05-cv-0158-WTL-RLY, 2005 WL 8165915, at *3 S.D. Ind. Sept. 21, 2005) (quoting *Nelson v. Sandoz Pharms. Corp.*, 288 F.3d 954, 966 (7th Cir. 2002)).  In a case like this, where the claim is based on filter fracture, a plaintiff necessarily "knows or should know" of the existence of an injury and the causal link to

---

[2] Plaintiffs direct-filed their case in the Southern District of Indiana.  (*See* Filing No. 13539 (finding Indiana choice-of-law rules apply to all claims in the MDL originally filed in the Southern District of Indiana except those filed between May 31, 2017 and June 13, 2019)).  Under both Indiana and Ohio law, the statute of limitations is two years.  Ind. Code § 34-20-3-1(b)(1); Ohio Code § 2305.10(A).

the filter at the time the fracture is identified through medical treatment.  *See Wojcik v. Almase*, 451 N.E.2d 336, 342 (Ind. Ct. App. 1983) (holding plaintiff's claims accrued on the date of the fracture of the catheter, which was known no later than the removal of the device).  Plaintiff's product liability claims are therefore time-barred under Indiana law.

Virginia's statute of limitations for product liability actions is also two years.  Va. Code § 8.01-243 ("Unless otherwise provided in this section or by other statute, every action for personal injuries, whatever the theory of recovery . . . shall be brought within two years after the cause of action accrues.").  But Virginia did not have a discovery rule for product liability actions until a discovery rule was passed by the Virginia legislature in March 2016 and took effect on July 1, 2016.  *See* Va. Acts Ch. 353 (showing amendment approval); Va. Code § 1-214 (providing laws take effect on July 1 following adjournment of the legislative session).  Under Virginia law, "amendments to statutes of limitation are presumed to be prospective and not retroactive in their operation, in the absence of clear legislative intent to the contrary."  *Riddett v. Virginia Elec. & Power Co.*, 495 S.E.2d 819, 822 (Va. 1998).  Because Plaintiff's claim accrued before July 1, 2016, the Virginia discovery rule would not apply.

Cook also moves for judgment on Plaintiff's implied warranty, express warranty, consumer protection, and punitive damages claims.  Plaintiff did not respond to Cook's arguments.  Their silence results in waiver.  *See Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the Bontes have done here—results in waiver.").

**IT IS THEREFORE ORDERED** that Cook's Motion for Judgment (Filing No.

3

16203) is **GRANTED**.

**SO ORDERED** this 17th day of May 2021.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.