UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND          No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION           MDL No. 2570

_____

This Document Relates to the Following Cases:

Kelli Thompkins, 1:17-cv-2879

_____

**ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiff Kelli Thompkins' case on grounds that her product liability claims are time-barred under Ohio law. Because Plaintiff submitted her affidavit in support of her argument, the court will treat this motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d).[2]

**I.  Background**

Plaintiff is a resident of Ohio who had a Cook Celect Vena Cava Filter placed on December 15, 2008 at the Ohio State University Wexner Medical Center in Columbus,

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

[2] That rule provides: "If, on a motion under Rule 12(d) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

1

Ohio.  (Filing No. 16289, Affidavit of Kelli Thompkins ("Plaintiff Aff."), ¶ 1; 1:17-cv-2879, Filing No. 1, Short Form Compl. ¶¶ 4-6, 11-12).  Plaintiff's medical record dated February 15, 2013 notes the filter had tilted and fractured.  (Filing No. 16227, Medical Records; Plaintiff Aff., ¶ 3).  It also stated a "[f]uture attempt at retrieval will be planned pending CT venogram of the abdomen and pelvis." (Medical Record).  A CT scan dated February 18, 2013 showed the filter had perforated her vena cava, and a CT scan dated March 8, 2014 showed one of the struts was indenting the aortic wall.  (Medical Records; Plaintiff Aff., ¶¶ 3-5).  On April 8, 2014, Plaintiff underwent a "complex retrieval requiring forceps." (Plaintiff Aff., ¶ 6).  "Both the fractured strut and the filter body were able to be removed." (*Id.*).

On November 18, 2016, Plaintiff saw a television commercial where she learned that the Cook Celect filter was defective and that it likely caused her injuries.  (*Id.* ¶ 8).  She filed the present action against Cook on August 22, 2017.  (*Id.* ¶ 9).

**II.   Discussion**

Under Ohio law, product liability claims alleging personal injury are governed by a two-year statute of limitations.  Ohio Code § 2305.10(A).  According to the Cook Defendants, Plaintiff filed her claim four years and six months too late.  Plaintiff responds that her claim is saved by the Ohio discovery rule because she did not know her filter was defective until she saw a television commercial on November 18, 2016.

Ohio's discovery rule provides that a cause of action does not accrue until a plaintiff either knows or reasonably should have known that (1) she was injured and (2) that her injury was proximately caused by defendant's conduct.  *O'Stricker v. Jim Walter*

*Corp.*, 447 N.E.2d 727, 730 (Ohio 1983); *see also Braxton v. Peerless Premier Appliances Co.*, No. 81855, 2003 WL 21291061, at *2 (Ohio Ct. App. June 5, 2003) ("The discovery rule concerns the situation where an injury is incurred but not discovered until later."). Two cases help guide the court's analysis: *Griffin v. Am. Med. Sys., Inc.*, 106 F.3d 400 (Table), 1997 WL 6131 (6th Cir. Jan. 7, 1997) and *Carter v. Medtronic, Inc.*, No. 2:28-cv-724, 2020 WL 2319729 (S.D. Ohio, May 11, 2020).

In *Griffin*, the plaintiff received a penile implant. 1997 WL 6131, at *1. Shortly after the surgery, problems arose due to excess hydraulic fluid in the prosthesis. *Id.* Two years later, he had the implant removed. *Id.* Although the doctor only told the plaintiff that "his problems were caused by too much fluid in the prosthesis," the court held that "[t]he removal of the prosthesis alerted [the plaintiff] that the prosthesis might be defective." *Id.* at *2. Thus, under the discovery rule, plaintiff knew or should have known that the prosthesis was defective when he had it removed. *Id.* The court of appeals therefore affirmed the district court's dismissal of his claim on statute of limitations grounds. *Id.*

In *Carter*, the plaintiff was implanted with a pain pump to alleviate her severe back pain. 2020 WL 2319729, at *1. She was later admitted to the hospital for drug withdrawal symptoms. *Id.* Her doctor determined the rotors were not working and discussed another pump replacement. *Id.* Three weeks later, she had the pain pump removed. *Id.* at *2. The discharge record noted the pain pump was defective. *Id.* The plaintiff argued that her claims were tolled until the explant procedure because her doctor did not inform her of the allegedly defective pump beforehand. *Id.* at *4. The district

3

court rejected the plaintiff's argument and held that her claim accrued before her explant procedure, as "the discovery rule generally applies in cases of latent injury and not in cases of possible latent defects." *Id.* at *4 (quoting *Baxley v. Harley-Davidson Motor Co.*, 875 N.E.2d 989, 991 (Ohio Ct. App. 2007)).

This is not a case of latent injury where the discovery rule applies. Plaintiff was on notice of her injury as of February 15, 2003, when she learned her filter had fractured and that removal was recommended, and, at the latest, by her March 8, 2014 "complex" removal surgery. She did not file suit within two years of the removal surgery. Therefore, her claims are barred by Ohio's two-year statute of limitations.

Cook also moves for judgment on Plaintiff's implied warranty, express warranty, consumer protection, and punitive damages claims. Plaintiff did not respond to Cook's arguments. Her silence results in waiver. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the Bontes have done here—results in waiver.").

### III.    Conclusion

For the reasons set forth above, the Cook Defendants' Motion for Judgment in Plaintiff's Case Pursuant to CMO-28 (Filing No. 16212) is **GRANTED**.

**SO ORDERED** this 17th day of May 2021.

_____<br>
RICHARD L. YOUNG, JUDGE<br>
United States District Court<br>
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.