UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

_____

This Document Relates to the Following Cases:

Patricia Boudreau, 1:18-cv-01228

_____

### ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiff Patricia Boudreau's case on grounds that her product liability claims are time-barred under Colorado law.  Because Plaintiff submitted her affidavit in support of her argument, the court will treat this motion as one for summary judgment.  *See* Fed. R. Civ. P. 12(d).[2]

**I.     Background**

Plaintiff had a Cook Celect Vena Cava Filter placed on February 24, 2012 at Penrose St. Francis Hospital in Colorado Springs, CO.  (Filing No. 16295, Affidavit of

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

[2] That rule provides:  "If, on a motion under Rule 12(d) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

1

Patricia Boudreau ("Plaintiff Aff."), ¶¶ 2, 5; 1:18-cv-01228, Filing No. 1, Short Form Compl. ¶¶ 11-12). On May 30, 2012, there was an attempted removal of Plaintiff's filter that failed "due to the fact that the filter hook had embedded itself into [her] vena cava." (Plaintiff Aff. ¶ 3). On June 29, 2012, Plaintiff underwent a second removal attempt during which "it was noted that one of the filter struts, previously noted to be bent, had now fractured." (*Id.* ¶ 4). "Both the fractured strut and the rest of the filter body were able to be removed on June 29, 2012." (*Id.*).

On December 15, 2017, Plaintiff saw a television commercial "where [she] learned that the Cook [Celect] filter . . . was defective and had likely caused [her] injuries." (*Id.* ¶ 7). She filed the present action against Cook on April 23, 2018. (*Id.* ¶ 8).

## II.  Discussion

Pursuant to Colorado law, a two-year statute of limitations applies to Plaintiff's product liability and negligence claims. *See* Colo. Rev. Stat. §§ 13-80-102(1)(a) (negligence and strict liability causes of action), 13-80-106(1) (product liability causes of action). According to the Cook Defendants, Plaintiff filed her claims almost six years too late. Plaintiff responds that Colorado's discovery rule saves her claims because she did not know her filter was defective until she saw a television commercial on December 15, 2017.

Claims accrue under the Colorado discovery rule "on the date both the injury and its cause of action are known or should have been known by the exercise of reasonable diligence." Colo. Rev. Stat. Ann. § 13-80-108(1). By June 29, 2012, Plaintiff knew that

(1) her filter was embedded and, initially, could not be retrieved; (2) her filter had fractured; and (3) the fractured filter was successfully retrieved from her body. Therefore, Plaintiff "kn[ew] or should have known by the exercise of reasonable diligence" that she was injured and that the filter was causally connected to her injuries (fractured filter). Plaintiff's claim that she did not know the filter was "defective" until she saw a television commercial five years later does not alter this result. *See Olsen v. State Farm Mut. Auto. Ins. Co.*, 174 P.3d 849, 855 (Colo. Ct. App. 2007) ("[T]he relevant issue is when a plaintiff discovers facts 'essential to the cause of action,' not the legal theory upon which the cause of action would be based.").

Cook also moves for judgment on Plaintiff's implied warranty, express warranty, consumer protection, and punitive damages claims. Plaintiff did not respond to Cook's arguments. Her silence results in waiver. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the Bontes have done here—results in waiver.").

### III. Conclusion

For the reasons set forth above, the Cook Defendants' Motion for Judgment in Plaintiff's Case Pursuant to CMO-28 (Filing No. 16193) is **GRANTED**.

**SO ORDERED** this 19th day of May 2021.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

3