**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to the Following Cases:

Freda C. Davis, 1:18-cv-01257

_____

**ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S**
**CASE PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by

Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings

in Plaintiff Freda Davis's case on grounds that her product liability claims are time-barred

under Michigan law.  Because Plaintiff submitted her affidavit in support of her

argument, the court will treat this motion as one for summary judgment.  _See_ Fed. R. Civ.

P. 12(d).[2]

**I.     Background**

On February 27, 2008, Plaintiff was implanted with a Cook Celect Vena Cava

Filter at Henry Ford Hospital in Detroit, Michigan.  (1:18-cv-01257, Filing No. 12, Am.

_____

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.
[2] That rule provides:  "If, on a motion under Rule 12(d) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

Short Form Compl. ¶¶ 11-12).  Almost a year later, she underwent two retrieval surgeries.  (Filing No. 16196, Medical Record at 2).  The record from Plaintiff's February 16, 2009 removal procedure states as follows:

> On recent CT patient was found to have erosion through the inferior vena cava of all 4 primary legs.  The patient was taken to surgery for removal of 3 of the 4 legs with the fourth leg which had eroded into the vertebral body left in place.  The abdominal radiograph the following day revealed fracture of the fourth leg.  Patient now presents for retrieval of the remaining piece of IVC filter secondary to concerns for migration as well as concern of the effectiveness of the remaining filter.

(*Id.*).  The record goes on to detail the "[s]uccessful retrieval of remaining portion" of Plaintiff's filter.  (*Id.* at 3).

Plaintiff filed her Short Form Complaint in the Southern District of Indiana on April 25, 2018.

## II.    Discussion

Michigan's statute of limitations for product liability claims is three years.  *Peter v. Stryker Ortho., Ind.*, 581 F.Supp.2d 813, 816 (E.D. Mich. 2008).  Michigan does not recognize a common law discovery rule.  *Trentadue v. Buckler Lawn Sprinkler*, 738 N.W.2d 664. 670 (Mich. 2007).  As a result, product liability claims accrue "at the time the wrong upon which the claim is based was done regardless of the time when damage results."  Mich. Comp. Laws Ann. § 600.5827.  Cook argues that because Plaintiff did not file suit until April 25, 2018, her product liability claims are time-barred by more than six years.

Plaintiff opposes Cook's motion on two grounds: (1) her warranty claims were tolled under Michigan's statutory discovery rule; and (2) all of her claims were tolled

under Michigan's fraudulent concealment statute.

## A.    Warranty Claims

As Plaintiff correctly notes, there is a limited statutory discovery rule for breach of warranty claims.  Those claims accrue "at the time the breach of warranty is discovered or reasonably should be discovered."  Mich. Comp. Laws Ann. § 600.5833.

Here, Plaintiff "discovered or reasonably should have discovered" a breach of warranty by her February 16, 2009 removal surgery.  By that time, (1) all four legs of her filter had eroded through her vena cava; (2) a surgery was performed to remove three of the four legs of her filter; (3) a radiograph revealed a fracture of the fourth leg; and (4) a second surgery was performed to remove the fourth leg of the filter.  Because she did not file the present action until April 25, 2018, her breach of warranty claims are time-barred.

## B.    Fraudulent Concealment

Michigan law provides:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim, the action may be commenced at any time within two years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim.

Mich. Comp. Laws Ann. § 600.5855.  Plaintiff amended her Short Form Complaint to add additional allegations to her fraudulent concealment claim.  These allegations do not save her claims because, as detailed above, Plaintiff discovered, or should have discovered, the existence of a potential claim no later than February 16, 2009.

## III.   Conclusion

For the reasons set forth above, the Cook Defendants' Motion for Judgment

Pursuant to CMO-28 (Filing No. 16195) is **GRANTED**.


**SO ORDERED** this 19th day of May 2021.


RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana


Distributed Electronically to Registered Counsel of Record.