# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff:

JEANMARIE SCHULER

Civil Case No. 1:18-cv-01645

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGEMENT ON THE PLEADINGS

COMES NOW, Plaintiff Jeanmarie Schuler ("Plaintiff"), by and through her counsel and submits this Response in Opposition to Cook Defendants' Motion for Judgment in Plaintiff's Case Pursuant to CMO-28. Plaintiff respectfully requests that this Court deny Defendants' Motion and, in support thereof, states as follows:

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiff did not know nor could she have known that she was injured by a defective Cook Gunther Tulip IVC Filter until late 2017 when she was first informed that her filter was defective.

2. Cook cannot and has not brought any fact to this Court's attention that would contest that Plaintiff did not know nor could have known that she was injured until 2017.

1

3. Standing alone, knowledge of a failed removal attempt of an IVC Filter that is marketed by the manufacturer as an optional device does not provide Plaintiff with any information regarding whether an injury occurred or not.

### I. Standard of Review

When a party moves for judgment on the pleadings, that party "must demonstrate that there are no material issues of fact to be resolved." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). The Court must view all the "facts and inferences in the light most favorable to the non-moving party." *Id*. The Court should not allow the motion to deprive the non-moving party the opportunity to make its case against the moving party. *Id*.

### II. North Carolina Discovery Rule Applies to Plaintiff's Timely Claims.

#### A. Counts I – VI, and XI are not barred by the statute of limitations.

North Carolina has a three year statute of limitations that runs from when it is apparent or ought reasonably to have become apparent that an injury has occurred that gives rise to a cause of action.

> . . . for personal injury . . . , the cause of action, . . . shall not accrue until bodily harm to the claimant . . . becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs. . . . no cause of action shall accrue more than 10 years from the last act or omission of the defendant giving rise to the cause of action.

N.C. Gen. Stat. Ann. § 1-52. Section § 1-52(16) was enacted for the primary purpose of protecting "a potential plaintiff in the case of a latent injury by providing that a cause of action does not accrue until the injured party becomes aware or should reasonably have become aware of the existence of the injury." *Soderlund v. Kuch*, 546 S.E.2d 632, 638 (N.C. App. 2001) quoting *Pembee Mfg. Corp. v. Cape Fear Const. Co., Inc.*, 329 S.E.2d 350, 354 (N.C. 1985).

Here, it is Cook's burden to "demonstrate that there are no material issues of fact to be resolved." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). Yet in its brief, COOK fails to demonstrate or point to any event that should have caused Plaintiff to have had even a suspicion that the filter had caused an injury. Cook blindly points to a medical record that notes "Attempted IVC filter retrieval" as proof that Plaintiff was aware of an injury from the filter while at the same time failing to also note that Plaintiff's doctors decided to leave the filter implanted as a permanent filter. **Exhibit A** to Cook's Motion for Judgment Pursuant to CMO-28. Furthermore, COOK has been seeking to dismiss such "non-injury" cases from this MDL that allege unsuccessful retrievable of the IVC filter as the only injury. Likewise, Cook advertised the Gunther Tulip filter as "The Industry's most comprehensive, most trusted IVC filter line, including the world's first optional filter." **Exhibit: B**. "Leave it or retrieve it, but use the filter you can trust." *Id*.

Cook has not pointed to any deposition testimony or medical record noting that it was apparent or reasonably apparent to Plaintiff that she had been injured by the IVC filter. The facts are clear, Plaintiff did not know or have reason to know that she was injured by the IVC Filter until she saw ads informing her of the defective nature of Cook's IVC filter in 2017. Here, Plaintiff did not discover until the end of 2017 that she was injured and the defective Cook IVC Filter. On May 30, 2018, Plaintiff filed her complaint against Cook, only months after discovering the fact she had been injured by Cook's defective IVC Filter. See Complaint. At no point did Plaintiff's physicians inform her that the Cook Filter had injured her.

    **B.**    **Fraudulent Concealment.**

Fraudulent concealment tolls the statute of limitations if "a person liable to an action conceals the fact from the knowledge of the person entitled to bring the action." Ind. Code § 34–11–5–1.  Courts have held that the elements of fraudulent concealment are:

> (i) material misrepresentation of past or existing facts by the party to be charged (ii) which was false (iii) which was made with knowledge or reckless ignorance of the falseness (iv)  was relied upon by the complaining party and (v) proximately caused the complaining party injury.

*Johnson v. Wysocki*, 990 N.E.2d 456, 460–61 (Ind. 2013).

For a cause of action in fraud, the three year "statute starts to run when the plaintiff acquires sufficient information to give rise to a reasonable belief that a fraudulent conveyance has occurred." *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 26 (4th Cir. 1963). "[T]he cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake. N.C. Gen. Stat. Ann. § 1-52 (9).

Cook affirmatively concealed the flawed design of their filters and its failure from Plaintiff and her doctors. Cook knew about the flawed design, but concealed the risks of its filters in its marketing as a way to induce Plaintiff into agreeing to have the filter implanted. Cook aggressively marketed the IVC filters even though it knew that its filters are dangerous. Plaintiff reliance upon the material misrepresentations and omissions was justified because Cook's misrepresentations and omissions were made by individuals and entities who were in a position to know the true facts concerning the filter while Plaintiff was not in a position to know the true facts because Cook overstated the benefits and safety of the filter and downplayed the risks, thereby inducing Plaintiff to have the filter implanted rather than a safer alternatives. Had Plaintiff not been deceived by Cook and had known the real risks associated with filter, Plaintiff would not have had the filter implanted and would not have been injured.

If the Court takes all of the facts and alleged in the complaint as true and in the light most favorable to the non-moving party, as it must, it should deny Cook's motion. *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020).

### III.   North Carolina Statute of Repose Does Not Bar Plaintiff's Claims

North Carolina has a straight forward statute of repose:

> No action for the recovery of damages for personal injury, death, or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than 12 years after the date of initial purchase for use or consumption.
>
> **SECTION 3.** This act becomes effective October 1, 2009, and applies to causes of action that accrue on or after that date

N.C. Gen. Stat § 1-46-1.  "[A] cause of action does not accrue until the injured party becomes aware or should reasonably have become aware of the existence of the injury." *Soderlund v. Kuch*, 546 S.E.2d 632, 638 (N.C. App. 2001) quoting *Pembee Mfg. Corp. v. Cape Fear Const. Co., Inc.*, 329 S.E.2d 350, 354 (N.C. 1985).

Here, Plaintiff was not aware nor was it reasonable for her to be aware of the existence of an injury until 2017 when she was informed of Cook's fraud and the defective nature of the IVC Filter. Cook can point to nothing in the record that supports its allegations that Plaintiff's cause of action accrued before 2017.  Instead the record is clear, Cook advertised the Gunther Tulip filter as "The Industry's most comprehensive, most trusted IVC filter line, including the world's first optional filter." **Exhibit: B**. "Leave it or retrieve it, but use the filter you can trust." *Id*.  After the removal attempt in September 2008, Plaintiff's doctors notified Plaintiff that the IVC filter would "remain in place as a permanent IVC Filter." **Exhibit: A**. Failure to remove the Gunther Tulip in 2008 did not and should not have raised a suspicion that the filter was defective when Cook itself in its position of authority was advertising its filter as "Leave it or retrieve it." Exhibit: B.

5

There is nothing in the record that points to Plaintiff's cause of action accruing before 2017. As such, this Court should deny Cook's Motion.

## CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that this Court deny COOK's Motion and grant Plaintiff any relief that this Court deems appropriate.

Dated: May 20, 2021                    **THE MILLER FIRM, LLC**

*/s/ Jeff T. Seldomridge*
Jeff T. Seldomridge, VSB # 89552
108 Railroad Ave.
Orange, VA 22960
Phone: (866) 529-3323
Fax: (540) 672-3055
jseldomridge@millerfirmllc.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2021, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

   */s/ Jeff T. Seldomridge*
Attorney for Plaintiff