UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS ) | |
| MARKETING, SALES PRACTICES AND ) | Case No. 1:14-ml-2570-RLY-TAB |
| PRODUCTS LIABILITY LITIGATION ) | MDL No. 2570 |
| This Document Relates Only to the Following Case:) | |
| Renshaw, William; 1:18-cv-1326 ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR JUDGMENT
IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

COMES NOW, Plaintiff William Renshaw, through undersigned counsel, and submits this

Response in Opposition to Cook Defendants' ("Cook") Motion for Judgment pursuant to CMO-

28 (Doc. 18405). Defendants move for judgment on the pleadings claiming that Plaintiff's personal

injury claims are time-barred under Utah law.[1] Defendants' Motion should be denied because

Plaintiff's claims are not barred by the statute of limitations and Defendants fail to meet their

burden to establish that no genuine issue of material fact exists as to when Mr. Renshaw knew, or

should have known, of his harm and its cause.

**STANDARD OF REVIEW**

A Rule 12(c) motion for judgment on the pleadings is governed by the same standards as

a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Lodholtz v. York Risk Servs. Grp.*,

778 F.3d 635, 639 (7th Cir. 2015). When a party moves for judgment on the pleadings, that party

"must demonstrate that there are no material issues of fact to be resolved." *Federated Mut. Ins.*

*Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). The Court must view all the

"facts and inferences in the light most favorable to the non-moving party." *Id.* On a motion to

dismiss, courts accept the allegations in a plaintiff's complaint as true and construe all reasonable

inferences in the plaintiff's favor. *Tierney v. Advocate Health & Hosps. Corp.*, 797 F.3d 449, 451

---

[1] Plaintiff does not dispute that the laws of Utah apply to this action.

(7th Cir. 2015). The Court should not allow the motion to deprive the non-moving party the opportunity to make its case against the moving party. *Federated* at 313.

**ARGUMENT AND AUTHORITY**

**I.      Plaintiff's claims are timely pursuant to Utah Code Annotated § 78B-6-706.**

Defendants seek dismissal of Plaintiff's claims by arguing that Plaintiff was put on inquiry notice of his injury and its cause during a June 8, 2010 consultation with his physician. However, Cook's argument is legally and factually inaccurate requiring denial of its motion.

The Utah Product Liability Act's discovery rule allows actions to be brought within two years from the time a plaintiff discovered, or in the exercise of due diligence should have discovered, both the harm and its cause. Utah Code Ann. § 78B-6-706. This is triggered when a plaintiff is given sufficient information so as to put him on notice to make further inquiry if he harbor doubts or questions about the defendant's actions. *United Park City Mines Co. v. Greater Park City Co.,* 870 P.2d 880, 889 (Utah 1993). When a plaintiff knew or with reasonable diligence should have known of a cause of action is a question of fact for the jury." *McKinnon v. Tambrands, Inc.*, 815 F. Supp. 415, 418 (D. Utah 1993) (citing *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir. 1985)). Due diligence is a highly fact-sensitive determination, and what constitutes due diligence must be tailored to fit the circumstances of each case. *Aragon v. Clover Cub Foods Co.,* 856 P.2d 250, 253 (Utah 2005).

In the instant case, Cook points to medical records as conclusive proof of when Plaintiff knew or should have known of his injury and its cause. However, there is no evidence in the records that Plaintiff was put on notice to make further inquiry about the filter, or that he was advised that the decision not to remove his IVC filter was an injury. There is nothing in the record stating that the IVC filter was defective, failed to work as designed, or caused his clotting. There is no evidence that Plaintiff reviewed, much less understood, his medical records. Further, it is unknown exactly

what was discussed during "patient education" and if the filter was even discussed at all. What Plaintiff was told by his physician and what he understood are key fact issues to be addressed through further discovery and presented to a jury. Defendants have not demonstrated that plaintiff discovered or should have discovered his injury in 2010.

**II.      Plaintiff's claims are timely due to fraudulent concealment of defendants.**

Pursuant to Utah law, the statute of limitations is tolled when a plaintiff does not become aware of a cause of action because of a defendant's concealment or misleading conduct. *Warren v. Provo City Corp.,* 838 P.2d 1125, 1128 (Utah 1992).

This Court recently held that a claim of fraudulent concealment "requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of  the plaintiff's cause of action."  *See* Doc. 15907, p. 6 et seq. On March 25, 2021, Plaintiff filed an amended complaint with a sealed brief alleging the particular grounds for his fraudulent concealment claim. Plaintiff's ordinary diligence in pursuing the cause of his injuries was frustrated by the fact that Cook fraudulently concealed information relating to the defective nature of its IVC filter. Cook made misrepresentations to the medical community and patients regarding risks of the IVC filters. Therefore, Plaintiff and his doctors were unaware of the true risks of the Cook IVC filter at the time of his implant. Plaintiff cannot reasonably be held to a higher degree of knowledge than his own physicians who did not inform him the filter was defective. Plaintiff learned of Cook's fraud and the defective nature of its IVC filter in September of 2016 and filed his Complaint in May of 2018, thereby making his Complaint timely under Utah law.

**CONCLUSION**

As outlined above, judgment on the pleadings is inappropriate on Plaintiff's claims. Plaintiff did not discover his cause of action until September of 2016, and filed his complaint in May of 2018, and within the two years allowed by Utah law. Plaintiff has presented sufficient

evidence for a trier of fact to determine the viability of his claims, and Cook has failed to meet its

burden to establish that no genuine issue of material fact exists. Thus, Cook's motion should be

denied.


Respectfully submitted,


s/ Merritt E. Cunningham
Michael G. Stag (LA Bar 23314)
Merritt E. Cunningham (LA Bar 32843)
STAG LIUZZA, LLC
365 Canal St., Ste. 2850
New Orleans, LA 70130
Phone: (504) 593-9600
Fax: (504) 593-9601
Email: mstag@stagliuzza.com
         mcunningham@stagliuzza.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of May, 2021, I electronically transmitted the

foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of

a Notice of Electronic Filing.

s/ Merritt E. Cunningham
Merritt E. Cunningham
