IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                  MDL No. 2570

This Document Relates Only to the Following
Cases: Jasmine Bowen, 1:17-cv-2704

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' PARTIAL MOTION
FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Comes now Plaintiff through undersigned counsel and submits this Response in Opposition to Cook Defendants' Partial Motion for Judgment pursuant to CMO-28.[1]  As stated in Defendants' Partial Motion, this motion does not address Plaintiff's claims for breach of implied warranty, which were timely filed within 810 ILCS 5/2-725(2).  For the reasons below, Plaintiff respectfully requests that this Court deny Defendants' Partial Motion.  In this case, Plaintiff did not know, nor could have reasonably known that her injuries were caused by a defective Cook IVC Filter until at least August of 2016.  *See* Exhibit A., Dkt. 12032-1, Affidavit of Jasmine Bowen, filed October 3, 2019.  Additionally, due to Cook's fraudulent concealment of the defects in its IVC filter, it was unreasonable for Plaintiff to discover that her injuries were caused by specific defects in that filter prior to August of 2016. *See* Plaintiff's Amended Complaint, Dkt. 16995.

**STANDARD OF REVIEW**

When a party moves for judgment on the pleadings, that party "must demonstrate that there are no material issues of fact to be resolved" and the Court must view all the "facts and inferences in the light most favorable to the non-moving party."  *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020).  "A district court should grant summary judgment only if

---

[1] Plaintiff notes that this case is also a part of Defendants' Omnibus Motion for Summary Judgment Based on the Statutes of Limitations and fully incorporates Plaintiff's previous response and Exhibit A – Notarized Affidavit filed October 3, 2019.  (*See* Dkt 12032 and 12032-1).

the pleadings, depositions, answers to interrogatories, admissions, and affidavits 'show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Miller v. A.H. Robins Co.,* 766 F.3d 1102, 1104 (7th Cir. 1985).  In this case, there is a genuine issue of material fact in dispute as to when Ms. Bowen's claim accrued, and additional discovery is needed to identify material facts.

## ARGUMENT

**I. Plaintiff Filed Her Personal Injury Claims Within the Illinois Statute of Limitations Based on the Discovery Rule.**

Under Illinois law, the statute of limitations accrues at the time the plaintiff is injured. *Hutson v. Hartke,* 686 N.E.2d 734, 736 (Ill. App. Ct. 1997).  For purposes of the accrual date, Illinois follows the discovery rule.  *Id.*  "The discovery rule postpones the commencement of the statute of limitations until the injured plaintiff knows or reasonably should know that she has been injured and that her injury was wrongfully caused." *Id.*

Defendant contends that the attempted removal date of the Cook IVC Filter serves as a trigger of the statute of limitations.  Defendant points to Plaintiff's medical records which indicate that the tension required to release the filter was "unbearable" and that her doctors "discussed with patient."  Defendant, citing various cases including others in this litigation, claims these two lines in Plaintiff's medical records are sufficient evidence to confirm that Plaintiff knew she was injured and that her injury was wrongfully caused.  However, unlike the cases cited by Defendant, Plaintiff in this case has not been deposed nor has she provided any testimony that she specifically attributed the unbearable tension during the procedure to the defective nature of the IVC Filter or what exactly the "discussion" with her providers entailed.  In fact, Plaintiff's testimony in her sworn Affidavit (*See* Exhibit A) indicates exactly the opposite.

Defendant's argument rests on the assumption that Plaintiff knew or should have known *at that time* that the unsuccessful attempt to remove the IVC Filter posed a serious safety risk, and that

Cook may have been liable for causing said risk due to its tortious conduct.  Without proper discovery, it is impossible to determine what knowledge Plaintiff had about her condition in relation to the IVC Filter at that time.  Further discovery is needed to reveal the necessary evidence to know when Plaintiff could have known about her injury. What we do know is the Plaintiff connected her injury with the IVC Filter in August 2016.  (*See* Exhibit A).  Because it is impossible to determine when Plaintiff knew or could have known the nature of her injury without proper discovery, this Court should deny Defendant's Motion.

## II.  Fraudulent Concealment

If a person liable for an action fraudulently conceals the cause of action from the injured person, the action may be commenced within 5 years after the person entitled to bring the action discovers it.  735 ILCS 5/13-215.  On February 22, 2021, this Court issued an order permitting plaintiffs to amend their complaints to include factual allegations supporting claims of fraudulent concealment. *Id.*

On March 26, 2021, Plaintiff filed an amended complaint with a sealed brief alleging the particular grounds for fraudulent concealment.  Here, Plaintiff's ordinary diligence in pursuing the cause of her injuries was frustrated Cook's fraudulently concealment of a great deal of information relating to the defective nature of its IVC filter. The evidence shows Cook made misrepresentations to doctors and patients across the country regarding the risks it was aware of concerning its IVC filters.  Plaintiff and her doctors were unaware of the true risks of the Cook IVC filter at the time of implant and Plaintiff cannot reasonably be held to a higher degree of knowledge than her own physicians who did not inform her the filter was defective. However, once Plaintiff learned of Cook's fraud and the defective nature of its IVC filter, she timely filed her Complaint, thereby making her Complaint timely with the five years permitted under 735 ILCS 5/13-215.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests this Court deny Defendant's Partial Motion for Judgment on Plaintiff's claims of personal injury, express warranty, consumer fraud, and punitive damages and grant Plaintiff any relief that this Court deems appropriate.  As previously stated, Plaintiff's breach of implied warranty claims are not at issue in this motion.

Respectfully Submitted,

Dated: May 21, 2021

/s/ *David M. Langevin*

David M. Langevin
MN Bar No. 329563
McSweeney/ Langevin LLC
2116 Second Avenue South
Minneapolis, MN 55404
Telephone: (877) 542-4646
Fax: (612) 454-2678
dave@westrikeback.com

*Counsel for Plaintiff Jasmine Bowen*

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2021, a copy of the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO COOK DEFENDANTS' PARTIAL MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28** was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *David M. Langevin*