# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

John P. Lehotsky 1:17-cv-03068-RLY-TAB

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF JOHN LEHOTSKY'S CASE PURSUANT TO CMO-28**

Cook's Motion for Judgment Pursuant to CMO-28 ("Motion;" Dkt. 18427) fails for three distinct reasons. First, Cook is judicially estopped from making this argument. Second, this action is timely under Pennsylvania's discovery rule and there is, at a minimum, a factual dispute on that issue. Third, Plaintiff has adequately plead warranty claims.

## I.     Cook Is Judicially Estopped from Arguing that Plaintiff's Claims Are Time Barred

Cook argued at length that a failed percutaneous removal procedure ("failed removal") is not a sufficient injury to maintain a claim. *See, e.g.*, Dkt. 8449, Motion for Screening Order and Bellwether Selection Plan, and succeeded in getting the Court to grant, in part, its motion and implement a selection process for bellwether trials in Category 5 cases. Having done so, Cook is estopped from simultaneously seeking to dismiss this case as time barred due to a failed removal, claiming the removal was an injury triggering the statute of limitations. Judicial estoppel protects the courts from being "manipulated by chameleonic litigants who seek to prevail, twice, on opposite theories." *Ogden Martin Systems of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523, 527 (7th Cir. 1999) (quotations omitted).

> [There are] three considerations to help guide the inquiry: (1) whether "a party's later position must be clearly inconsistent with its earlier position;" (2) whether "the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled;" and (3) whether "the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."

*Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 795 (7th Cir. 2013) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750, 750–51 (2001)).

Here, all three elements are satisfied: (1) Cook's positions are wholly inconsistent. If "[a] failed retrieval attempt in and of itself is not an injury" (Dkt. 8449), then Plaintiff's case cannot be untimely because he did not suffer an injury until after filing suit. (2) Cook persuaded the Court of its earlier position for purposes of this analysis, as the Court is now following a selection process for Category 5 bellwether trials. (3) Acceptance of Cook's position in the Motion would create the perception that the

Court was misled: if this case were dismissed now, and the Court were to later find that a failed removal is not an actionable injury, Cook would have duped the Court into dismissing this case. A party may not use "intentional self contradiction . . . as a means of obtaining unfair advantage." *Ryan Operations G.P. v. Santiam–Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996) (quotations omitted). Judicial estoppel precludes the Court from granting the Motion.

### II.     Plaintiffs' Claims Are Timely Under Pennsylvania's Discovery Rule.

Under the discovery rule, the statute of limitations does not begin to run until "the plaintiff knows, or reasonably should know, (1) that he has been injured, and (2) that his injury has been caused by another party's conduct." *Debiec v. Cabot Corp.*, 352 F.3d 117, 129 (3d Cir. 2003) (quotations omitted). In 2006, Plaintiff had neither actual knowledge nor any reason to believe that his IVC filter had caused injury. Plaintiff knew only that his filter could not be retrieved with a simple removal technique. *See* Motion, at Ex. A. Plaintiff will prove that he diligently followed up with his doctors, who assured him that nothing was wrong. In fact, the medical records filed by Cook fail to demonstrate any defect in the filter (e.g. fracture, perforation, or migration) and, instead, include a reassuring note from the physician that "<u>The filter is FDA approved as a permanent device.</u>"

Under Pennsylvania law, where a plaintiff has been told by his physician that there is no reason to believe he has a factual basis for a claim, the discovery rule applies. *See Mest v. Cabot Corp.*, 449 F.3d 502, 513 (3d Cir. 2006) (discovery rule applied where plaintiffs "noticed their injury[,] suspected that the defendants' actions were to blame [and] sought the advice of medical experts); *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) (holding doctor's assurances that plaintiff does not have particular injury may toll statute of limitations); *Debiec*, 352 F.3d at 120–23 (negative diagnosis may lead plaintiff to reasonably believe she does not have injury caused by defendant; tolling statute of limitations).

Further, Plaintiff only recently discovered a Category 7 injury. *See* Supp. CCF, attached as Exhibit A (filed under seal; documenting a grade 4 perforation into duodenum). Due to this recent

discovery, Plaintiff's claim is timely under Pennsylvania law, but even if were not, the Court must hold the Motion in abeyance until it has resolved whether a failed removal supports product-liability claims against Cook.

"[T]he point at which the complaining party should reasonably be aware that he has suffered an injury is generally an issue of fact to be determined by the jury." *Murphy v. Gatta*, 2006 WL 328399, at *3 (E.D. Pa. Feb. 10, 2006); *Mest*, 449 F.3d at 512 ("whether a plaintiff has exercised reasonable diligence is generally a factual question reserved for the jury"). Timeliness of Plaintiff's claim is a fact issue inappropriate for resolution at this time.[1]

### III.     Plaintiff Has Pled His Claims For Breach Of Express And Implied Warranties.

Defendants seek to dismiss Plaintiff's breach of warranty claims without reference to Plaintiffs' specific short form complaint. Mr. Lehotsky specifically alleges, "Defendants Expressly and Impliedly Warranted that the Cook Gunther Tulip Filter was a permanent lifetime implant and downplayed the risks associated with adverse events relied upon by the plaintiff to his detriment." (See Short Form Complaint at para. 14 "Other"). That warranty is not only corroborated by Defendant's Exhibit "A" at page 4 of the medical record noting that the filter was "approved as a permanent device," but is also set forth in their own patient brochure attached hereto as Exhibit B.

### CONCLUSION

Accordingly, the Court should deny Defendants' Motion or, alternatively, hold it in abeyance.[2]

---

[1] Cook asserts the Court already ruled that a failed removal triggers the limitations period in Dkt. 18391. That case is distinguishable, as a fracture was also documented at the same time as the failed removal. Here, there was no other injury or filter failure at the removal attempt. Further, plaintiff in that case argued tolling due to fraudulent concealment, not that there was a discovery-rule issue.

[2] Cook also argues that certain claims were not adequately pled. These arguments are inappropriate for a motion under CMO 28, which addresses only timeliness. Plaintiff nevertheless disputes these arguments and, if the Court intends to rule on them, requests additional pages to address them.

|  |  |
|---|---|
|  | Respectively submitted, |
| Dated: May 24, 2021 | /s/*John A. Dalimonte* |
|  | John A. Dalimonte |
|  | DALIMONTE RUEB LAW GROUP LLP |
|  | 85 Devonshire Street, Suite 1000 |
|  | Boston, MA 02109 |
|  | Telephone: (617) 302-9900 |
|  | Facsimile: (617) 742-9130 |
|  | Email: john@drlawllp.com |

***Lead Counsel for Plaintiff***

2

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 24, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

                                                    */s/ John A. Dalimonte*
                                                    John A. Dalimonte

2