UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND              No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION               MDL No. 2570

_____

This Document Relates to the Following Cases:

Kenneth Turner, 1:19-cv-02542

_____

**ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiff Kenneth Turner's case on grounds that his product liability claims are time-barred under Indiana law.

**I.    Background**

Plaintiff was implanted with a Cook Günther Tulip Filter on April 17, 2007, at a hospital in New Orleans, Louisiana. (1:19-cv-02542, Filing No. 9, Am. Short Form Compl. ¶¶ 11-12). A CT scan from April 21, 2016 reflected the filter had fractured, and an abdominal radiograph demonstrated that "a portion of that leg embedded into the inferior vena cava wall." (Filing No. 16171, Medical Record at 2). Plaintiff underwent a removal procedure on June 7, 2016. (*Id.*). He direct-filed the present action in the

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

1

Southern District of Indiana on June 24, 2019.

## II.     Discussion

Indiana has a two-year statute of limitations for product liability actions and recognizes a discovery rule exception.  Ind. Code § 34-20-3-1; *Nelson v. Sandoz Pharm. Corp.*, 288 F.3d 954, 963 (7th Cir. 2002) (applying Indiana law).  The discovery rule provides that the statute of limitations begins "to run from the date the plaintiff knew or should have discovered that she suffered an injury or impingement, and that it was caused by the product or act of another."  *Degussa Corp. v. Mullens*, 744 N.E.2d 407, 410 (Ind. 2001).

Because Plaintiff's cause of action was filed more than two years after his removal procedure, he argues the discovery rule tolls the statute of limitations.  In particular, he claims "he did not learn of the connection between his defective Cook Gunther Tulip filter and his ongoing injuries until at least June 2017."  (Filing No. 17592, Resp. at 3).

"There is no requirement that the potential plaintiff know or believe a product is 'defective' before the limitations period may commence."  *Valmore v. Jannsen Pharm. Prods., LP*, 1:05-cv-0158-WTL-RLY, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005).  The relevant inquiry is when he knew or should have discovered that he suffered an injury, and that it was caused by the product or act of another. *Degussa Corp.*, 744 N.E.2d at 410.  Plaintiff necessarily knew at the time of his removal surgery in June 2016 that there was an issue with his IVC filter.  He was thus on inquiry notice to investigate the matter further to determine whether he had an actionable claim.

Plaintiff also argues Cook's fraudulent concealment tolls the statute of limitations.

2

A claim of fraudulent concealment requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action. *Lyons v. Richmond Cmty. Sch. Corp.*, 19 N.E.3d 254, 260 (Ind. 2014) ("Fraudulent concealment is an equitable doctrine that operates to estop a defendant from asserting the statute of limitations as a bar to a claim whenever the defendant . . . 'has, either by deception or by a violation of duty, concealed from the plaintiff material facts thereby preventing the plaintiff from discovering a potential cause of action.'" (quoting *Doe v. Shults-Lewis Child & Family Servs., Inc.*, 718 N.E.2d 738, 744-45 (Ind. 1999)); Ind. Code § 34-11-5-1 ("If a person liable to an action conceals the fact from the knowledge of the person entitled to bring the action, the action may be brought at any time within the period of limitation after the discovery of the cause of action.").

Fraudulent concealment is inapplicable here. The filter fracture and subsequent removal surgery provided enough information to Plaintiff regarding the potential existence of a cause of action regardless of any alleged fraudulent concealment on Cook's part. *See Miller v. A.H. Robins Co.*, 766 F.2d 1102, 1106-07 (7th Cir. 1985) ("When a plaintiff learns of information that would lead to the discovery of the cause of action through diligence, the statute of limitations begins to run, regardless of concealment.").

Cook also moves for judgment on Plaintiff's implied warranty, express warranty, and punitive damages claims. Plaintiff did not respond to Cook's arguments. His silence results in waiver. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the Bontes have done here—results in waiver.").

### III.  Conclusion

For the reasons set forth above, Cook's Motion for Judgment in Plaintiff's Case Pursuant to CMO-28 (Filing No. 16173) is **GRANTED**.  Final judgment shall issue forthwith.

**SO ORDERED** this 26th day of May 2021.

                                        RICHARD L. YOUNG, JUDGE
                                      United States District Court
                                      Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.