## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                    No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                     MDL No. 2570

_____

This Document Relates to the Following Cases:

Levi Ryon, 1:16-cv-06038

_____

## ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiff Levi Ryon's case on grounds that his product liability claims are time-barred under Oklahoma law.  Because Plaintiff relies on affidavits, the court treats this motion as one for summary judgment under Rule 56.  *See* Fed. R. Civ. P. 12(d).

Plaintiff was implanted with the Cook vena cava filter on February 5, 2008. Because his filter had fractured, he underwent a removal surgery on February 28, 2012. (Filing No. 16216, Medical Record at 2).  Following removal, an inferior vena cavagram showed "the fractured struts to be extraluminal."  (*Id.*).  His doctor's impression, as set forth in Plaintiff's medical record, was as follows:

> Fractured and separate struts (extrinsic to the IVC) remaining within the L3 vertebral body in the lumbar spine.  This was discussed at length with the

_____

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

> patient's family.  The patient is to convey pain scale to us and to discuss changes, if any, in overall pain.  If the pain is alleviated, then no further interventions are indicated.  If the pain persists, then the patient is a candidate for further intervention.

(*Id.*).  Plaintiff filed a Complaint against the Cook Defendants in Oklahoma State Court on June 21, 2016.  About five weeks later, the Judicial Panel on Multidistrict Litigation transferred the matter here.

Oklahoma's statute of limitations for product liability claims is two years. 12 Okla. Stat. § 95(3).  Oklahoma has a discovery rule, which "allow[s] [statutes of] limitations in certain tort cases to be tolled until the injured party knows, or in the exercise of reasonable diligence, should have known of the injury." *Calvert v. Swinford*, 382 P.3d 1028, 1033 (Okla. 2016).  Plaintiff filed an affidavit stating he did not know the filter was defective until he saw a television commercial "about these filters being defective" in approximately May 2016.  (Filing No. 17162-1, Affidavit of Levi Alan Ryon).  His wife, father, and mother filed virtually identical affidavits.  (Filing No. 17162-2, Affidavit of Melanie Michelle Ryon; Filing No. 17162-3, Affidavit of Lloyd Dean Ryon; Filing No. 17162-4, Affidavit of Crystal Denise Ryon).

A plaintiff need not know a product is "defective" for the statute of limitations to accrue.  Instead, a product liability action accrues at the time of the plaintiff's injury. *Wandschneider v. Tuesday Morning, Inc.*, No. 08-CV-522-TCK-FHM, 2011 WL 3319562, at *3 (Aug. 1, 2011) (citing *Green v. Oilwell, Div. of United States Steel Corp.,* 767 P.2d 1348, 1350 (Okla.1989) ("In a manufacturers' products liability action the cause of action accrues at the time of the injury.")); *see also Mineral Acquisitions,*

*LLC v. Hamm*, 477 P.3d 1159, 1170 (Okla. Ct. App. 2020) ("Tort claims generally accrue at the time the injury to the plaintiff occurs.").

Here, as of February 28, 2012, Plaintiff knew his filter had fractured and that, following the removal of the filter device, the "fractured and separated struts . . . remain[ed] within the L3 vertebral body of his lumbar spine."  The fractured struts were "discussed at length."  At that time, Plaintiff was experiencing pain and he was informed that if the pain persisted, further intervention to remove the fractured struts may be required.  Plaintiff does not dispute these facts.  Therefore, the court finds Plaintiff's claim accrued on February 28, 2012.  Because he did not file the present action until June 21, 2016, his product liability claims are time-barred.

Cook also moves for judgment on Plaintiff's implied warranty, express warranty, consumer protection, and punitive damages claims.  Plaintiff did not respond to Cook's arguments.  His silence results in waiver.  *See Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the Bontes have done here— results in waiver.").

For these reasons, Cook's Motion for Judgment in Plaintiff's Case Pursuant to CMO-28 (Filing No. 16215) is **GRANTED**.

**SO ORDERED** this 26th day of May 2021.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.