UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ This Document Relates to: Erik Donchez, 1:16-cv-01760 _____ | 1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ORDER ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT PURSUANT TO CMO-28**

Pursuant to Case Management Order 28, Screening for Time-Barred Cases, the Cook Defendants move for judgment in Plaintiff Erik Donchez's case.

Plaintiff, a resident of Pennsylvania, was implanted with a Cook Celect Vena Cava Filter on August 25, 2009, at a hospital in Allentown, Pennsylvania. On September 11, 2009, he had a CT scan to evaluate a filter strut that had migrated to "the base of the right heart." (Filing No. 16200, Medical Record at 2). The record explains that "the strut is bent and appears to be possibly adhered or hooked on the inferior aspect of the tricuspid valve, extending into the proximal right ventricle." (*Id*.). An attempt was made the following day to remove the migrated strut.[1] On January 29, 2010, he returned to the hospital for the same reason: "foreign body -- iv filter broke in heart." (*Id.* at 1). A CT

---

[1] This fact is not supported by the two medical records submitted by Cook. Plaintiff does not dispute this fact though, as he refers to "the attempted removal surgery" in his Response.

1

scan showed that the filter "had no significant change in position from the prior examination." (*Id.*).  Plaintiff direct-filed his Short Form Complaint in the Southern District of Indiana on June 30, 2016.

Under both Indiana and Pennsylvania law, the statute of limitations for product liability actions is two years.  Ind. Code § 34-20-3-1; 42 Pa. Cons. Stat. § 5524.  Both states also recognize a discovery rule.  *Nelson v. Sandoz Pharm. Corp.*, 288 F.3d 954, 963 (7th Cir. 2002) (applying Indiana law); *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005).  When the discovery rule applies, the "statute of limitations begins 'to run from the date the plaintiff knew or should have discovered that she suffered an injury or impingement, and that it was caused by the product or act of another.'"  *Degussa Corp. v. Mullens*, 744 N.E.2d 407, 410 (Ind. 2001) (quoting *Barnes v. A.H. Robins Co.*, 476 N.E.2d 84, 87-88 (Ind. 1985)); *Rice v. Diocese of Altoona-Johnstown*, 212 A.3d 1055, 1062 (Pa. 2019) ("[T]he discovery rule, when applicable, delays the running of the statutory period until such time as the plaintiff knows or should have known (1) of the injury and (2) that the defendant's conduct was the cause of the injury."); *Fine*, 870 A.2d at 858 ("[W]hen a court is presented with the assertion of the discovery rules application, it must address the ability of the damaged party, exercising reasonable diligence, to ascertain that he has been injured and by what cause.").

Plaintiff argues the discovery rule applies, and the statute of limitations did not begin to run, until 2016 when "he saw the ads informing him of the defective nature of Cook's IVC filter[.]"  (Filing No. 17048, Pl.'s Resp. at 3).  Before that time, he "did not know or have reason to know about the defective nature of the Celect IVC filter[.]"  (*Id.*).

"There is no requirement that the potential plaintiff know or believe a product is 'defective' before the limitations period may commence." *Valmore v. Janssen Pharm. Prods., LP*, 1:05-cv-0158-WTL-RLY, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005). The relevant inquiry is when he knew or should have discovered that he suffered an injury, and that it was caused by the product or act of another. *Degussa Corp.*, 744 N.E.2d at 410. Plaintiff should have known there was an issue with his filter after he learned in September 2009 that an attempt to remove the migrated strut was unsuccessful. And he certainly knew or should have known there was an issue with his filter by January 29, 2010, as the stated reason for the CT scan was "foreign body – iv filter broke in heart." (*See* Medical Record at 1). He was thus on inquiry notice to investigate the matter further to determine whether he had an actionable claim.

Plaintiff also argues Cook's fraudulent concealment tolls the statute of limitations. A claim of fraudulent concealment requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action. *Lyons v. Richmond Cmty. Sch. Corp.*, 19 N.E.3d 254, 260 (Ind. 2014) ("Fraudulent concealment is an equitable doctrine that operates to estop a defendant from asserting the statute of limitations as a bar to a claim whenever the defendant . . . 'has, either by deception or by a violation of duty, concealed from the plaintiff material facts thereby preventing the plaintiff from discovering a potential cause of action.'") (quoting *Doe v. Shults-Lewis Child & Family Servs., Inc.*, 718 N.E.2d 738, 744-45 (Ind. 1999)); Ind. Code § 34-11-5-1 ("If a person liable to an action conceals the fact from the knowledge of the person entitled to bring the action, the action may be brought at any

3

time within the period of limitation after the discovery of the cause of action."); *see also Rice v. Diocese of Altoona-Johnstown*, 212 A.3d 1055, 1068 (Pa. 2019) ("A defendant must have committed an affirmative, independent act of concealment upon which the plaintiff justifiably relied for the doctrine of fraudulent concealment to apply."); *Fine*, 870 A.2d at 861 ("[A] statute of limitations that is tolled by fraudulent concealment begins to run when the injured party knows or reasonably should know of his injury and its cause.").

Fraudulent concealment is inapplicable here. The CT scans and removal attempt provided enough information to Plaintiff to put him on notice of the potential existence of a cause of action.

Cook also moves for judgment on Plaintiff's implied warranty, express warranty, consumer protection, and punitive damages claims. Plaintiff did not respond to Cook's arguments. His silence results in waiver. *See Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the Bontes have done here—results in waiver.").

For these reasons, Cook's Motion for Judgment in Plaintiff's Case Pursuant to CMO-28 (Filing No. 16199) is **GRANTED**.

**SO ORDERED** this 27th day of May 2021.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.