UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND            No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION              MDL No. 2570

_____

This Document Relates to the Following Cases:

Michael J. Burnett, 1:19-cv-3450

_____

**ORDER ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Plaintiff, Michael J. Burnett, was implanted with a Cook Celect Vena Cava Filter on December 31, 2009 at a hospital in Montana. On February 2, 2017, Plaintiff, who has scoliosis and a history of back pain, underwent a lumbar myelogram at Abilene Regional Medical Center in Abilene, Texas. (Filing No. 106952, Medical Record). The findings from the myelogram show that his filter was "at the L3-L4 level. One of the legs of the filter is noted to be broken." (*Id.*). Plaintiff direct-filed his case in the Southern District of Indiana[1] on August 13, 2019.

Indiana has a two-year statute of limitations for product liability actions and recognizes a discovery rule exception. Ind. Code § 34-20-3-1; *Nelson v. Sandoz Pharm. Corp.*, 288 F.3d 954, 963 (7th Cir. 2002) (applying Indiana law). The discovery rule

---

[1] The court has previously found that Indiana choice-of-law rules apply to all claims in the MDL originally filed in the Southern District of Indiana except those filed between May 31, 2017 and June 13, 2019. (Filing No. 13539).

1

provides that the "statute of limitations begins 'to run from the date the plaintiff knew or should have discovered that she suffered an injury or impingement, and that it was caused by the product or act of another.'" *Degussa Corp. v. Mullens*, 744 N.E.2d 407, 410 (Ind. 2001) (quoting *Barnes v. A.H. Robins Co.*, 476 N.E.2d 84, 87-88 (Ind. 1985)).

The Cook Defendants[2] move for judgment on the pleadings on grounds that Plaintiff's product liability claims are time-barred under Indiana law. Plaintiff opposes the motion. He explains that his "physician sent him for the scan to diagnose a spinal issue – not to evaluate the filter. There is no indication in the medical record of when he learned what the report revealed about his filter." (Filing No. 17602, Resp. at 3).

The court is sympathetic to Plaintiff's position. Cook's motion relies solely on one imaging report, but the imaging report contains very little information. It provides: (1) Plaintiff has a history of back pain and scoliosis; (2) Plaintiff gave informed consent for the lumbar myelogram; and (3) an IVC filter is at the L3-L4 level, with one leg extending to the anterior margin of the L3 inferior endplate. There is nothing in the record from which the court could infer that Plaintiff's physician shared the results of the myelogram with him. Accordingly, the court finds, on this scant record, that Plaintiff has successfully raised an issue of fact on when he knew or should have known his filter had fractured. Cook's Motion for Judgment Pursuant to CMO-28 (Filing No. 16206) is **DENIED**.

**SO ORDERED** this 27th day of May 2021.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

---

[2] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

Distributed Electronically to Registered Counsel of Record.