UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION            MDL No. 2570

This Document Relates Only to the Following Cases:

Dory, Justin Anthony, 1:18-cv-02738

### DEFENDANTS' MOTION FOR JUDGMENT IN
### PLAINTIFF JUSTIN ANTHONY DORY'S CASE PURSUANT TO CMO-28

Under Fed. R. Civ. P. 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges injury based on the retrieval of his IVC filter.

1.    Plaintiff's Name:  Justin Anthony Dory

2.    Case Number:  1:18-cv-02738

3.    Case Origin:  Filed in the Southern District of Indiana on September 5, 2018

4.    Plaintiff's Home State per Complaint: Colorado (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5.    Applicable Choice of Law Rules:  Colorado, *see* Dkt. 13539 (modifying equitable time period for application of home state choice-of-law rules to cases filed between May 31, 2017 and June 13, 2019).

6.    Applicable Statute of Limitations:  Colorado (2 years), Colo. Rev. Stat. § 13-80-106 ("Notwithstanding any other statutory provisions to the contrary, all actions ... brought against a manufacturer or seller of a product, regardless of the substantive legal theory or theories upon which the action is brought ... shall be brought within two years after the claim for relief arises and not thereafter.").

7.    Filter Placement Date:  August 11, 2006

8.   Latest Possible Date of Accrual:   July 29, 2016 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting: "Difficult but successful IVC filter removal.").[1]

9.   Length of Time Between Claim Accrual and Filing:  2 years, 1 month, 7 days

## BRIEF ARGUMENT

Colorado law bars Plaintiff's personal injury claims because he filed his case more than two years after successful retrieval of his filter.  *See supra*, ¶¶ 3, 8-9.

Under Colorado's discovery rule, the statute of limitations begins to run "on the date both the injury and its cause of action are known or should have been known by the exercise of reasonable diligence."   Colo. Rev. Stat. Ann. § 13-80-108(1).   A plaintiff need not know the identity of the defendant to trigger the statute of limitations.  *See Yoder v. Honeywell, Inc.*, 900 F. Supp. 240, 247 (D. Colo. 1995).   Nor does a plaintiff need to understand the full extent of the damage.  *See Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 887 (10th Cir. 2005) (applying Colorado law).   Rather, "[o]nce a plaintiff has suspicion of wrongdoing, she is under a duty to attempt to find facts." *Id.* (citation omitted).

In *Boudreau*, this Court dismissed the plaintiff's claims as time-barred under Colorado law where the filter was retrieved more than two years prior to the filing of her action.   Dkt. 18735, at 2-3; *see also* Dkt. 14428 (granting summary judgment under Indiana law in six time-barred open removal cases); *Hawkinson v. A.H. Robins Co.*, 595 F. Supp. 1290, 1333 (D. Colo. 1984) (holding that the plaintiff's claims were time-barred because the statute of limitations began to run the month Plaintiff had her allegedly defective IUD removed, despite not knowing of the precise defects in the product).   Thus, Plaintiff knew or should have known of his alleged

---

[1] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion.   *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").

injury and its causal link to the filter at the time the filter was successfully retrieved, and his claims are untimely.

Plaintiff's implied warranty claim also fails. Colorado law subjects warranty claims to a three-year statute of limitations, Colo. Rev. Stat. § 13-80-101(1)(a), and such claims accrue upon tender of delivery, Colo. Rev. Stat. § 4-2-725. Here, Plaintiff filed his suit more than 12 years after receiving his filter. *See supra, ¶¶* 3, 7.

As to Plaintiff's consumer protection and express warranty claims, the Court has concluded that they are not adequately pled in the Master Complaint, and Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims here. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Thus, Plaintiff has failed to plead a viable state consumer protection claim with the particularity required by Rule 9 or a viable express warranty claim. Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

Dated:  May 28, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2021, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF JUSTIN ANTHONY DORY'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*