UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Boyd, Britney, 1:18-cv-01117

**REPLY IN SUPPORT OF COOK DEFENDANTS' MOTION FOR JUDGMENT
IN PLAINTIFF BRITNEY BOYD'S CASE PURSUANT TO CMO-28**

The Court should dismiss Plaintiff's action. Categorization forms and records are part of the pleadings in this MDL. Plaintiff's undisputed knowledge in 2008 of the injury she categorized – a failed retrieval – negates her arguments based on the Mississippi discovery rule. Further, her argument that there is a factual question about whether she knew the failed retrieval attempt was an "injury" at the time it occurred is internally contradictory and unsupported by case law.

**A.     Categorization Medical Records Are Part of Plaintiff's Complaint**

As an initial matter, Plaintiff's procedural complaint about Cook's reliance on the categorization medical record Cook attached as an exhibit to its opening motion is without merit. *See* Pl.'s Resp., Dkt. 18648 at 2 ("Divorced from context, Defendants point to matters outside the pleadings, namely, one medical record . . . ."). This Court has already ruled that the forms and medical records submitted in support of categorization are part of the pleadings for purposes of a CMO-28 motion brought under Fed. R. Civ. P. 12(c). *See* Dkt. 18018 at 2 (granting judgment on the pleadings and stating that "Plaintiff's operative report is considered part of the pleadings" for purposes of the motion).

**B.     Plaintiff's Claims Are Time-Barred Under Mississippi Law**

Contrary to Plaintiff's assertion, *see* Dkt. 18648 at 2-3, there is no question of fact regarding Plaintiff's knowledge of her 2008 failed filter retrieval that would preclude dismissal of her claim. On the contrary, this Court recently dismissed a failed retrieval case under Indiana law because the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391 (*Heintzman* order). Here, Plaintiff's law is governed by Mississippi law, which has a discovery rule standard that has a *lower threshold* for accrual than Indiana. In Mississippi, "[t]he cause of action accrues and the limitations period begins to run when the

plaintiff can reasonably be held to have knowledge of the injury or disease." *Owens-Illinois, Inc. v. Edwards*, 573 So.2d 704, 709 (Miss. 1990). Notably, knowledge of defect or causation is not required. *See Angle v. Koppers, Inc.*, 42 So.3d 1, 7 (Miss. 2010); *Bryant v. Wyeth*, 816 F. Supp. 2d 329, 331 (S. D. Miss. 2011). Here, Plaintiff does not – and indeed, cannot – dispute that she knew she underwent a failed filter retrieval procedure on October 23, 2008, more than nine years before she filed her lawsuit.

The cases Plaintiff cites are consistent with the Mississippi law that Cook cited in its opening brief. In *American Optical Corp. v. Estate of Rankin*, the plaintiff claimed lung injury from exposure to silica from an allegedly defective respirator. 227 So.3d 1064, 1064 (Miss. 2017). The court held that "[k]nowledge of the cause of the injury is irrelevant to the analysis" and pointed to a plaintiff "seeking medical attention for side effects or symptoms" as an "example" that would establish plaintiff's knowledge of the injury. *Id.* at 1068. Here, an injury premised on a failed retrieval does not raise the latent injury concerns present in *Estate of Rankin*, because Plaintiff does not dispute her knowledge of the failed retrieval procedure. In any event, a filter removal procedure is a medical procedure carried out by a physician and fits under any reasonable understanding of what the Mississippi Supreme Court meant when it offered "seeking medical attention" as an example of an action on the plaintiff's part that would establish the requisite knowledge to trigger the statute of limitations. *Id.* In the other case cited by Plaintiff, an MDL court applying Mississippi law held that the plaintiff was on inquiry notice to investigate whether she had a claim at the time "she experienced complications that required the removal of her Obtape [device]." *In re Mentor Corp. Obtape Transobtutator Sling Prods. Liab. Litig.*, 2016 WL 4445980, at *3 (M.D. Ga. 2016). The circumstances here are even more compelling: Plaintiff undeniably knew that her filter could not be removed as of the date of the failed removal procedure. The Court

2

has enough information in the record before it to hold as a matter of law that Plaintiff's claims are time-barred.

Finally, Plaintiff also contends that, although she knew in 2008 that she had a retrievable filter that could not be retrieved, a fact question remains about whether "she was advised this was an injury or the consequences of the failed retrieval." Dkt. 18648 at 3. But this argument makes no sense: the failed retrieval is ***the exact injury*** that Plaintiff claims that she suffered. *See* Case Categorization Form (stating that her "claimed complication/outcome/injury" under Category 5 is an "attempted, but failed IVC filter retrieval procedure") (attached as **Exhibit B** and filed separately under seal). The only other category Plaintiff selected was a Category 4 claim described as "IVC filter cannot be retrieved" and supported by the same record – the October 23, 2008 failed retrieval attempt. *See id.* Plaintiff therefore faces an insoluble dilemma: If her 2008 failed retrieval ***was*** an injury, as her pleadings assert, then her claims based on that "injury" are barred by the statute of limitations. *See City of Tupelo v. O'Callaghan*, 208 So.3d 556, 572 (Miss. 2017) (explaining in the context of a property damage case that plaintiffs' claims began to accrue and they had three years to file suit from the moment the plaintiffs "first recognized the apartment's structural failure" even though they may incur some "prospective damages" in the future) (citations omitted). But if her failed retrieval was ***not*** an injury, as she questions in her response to the motion, then she has no compensable injury, and thus no claim. *See e.g., Paz v. Brush Engineered Materials, Inc.*, 949 So.2d 1, 5 (Miss. 2007) ("Mississippi does not recognize a claim for medical monitoring based on increased risk of future disease. . . . Exposure to a potentially harmful substance does not itself constitute a personal injury."). Either way, Plaintiff's claims fail.

For the foregoing reasons, the Court should dismiss Plaintiff's action as a matter of law.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: May 28, 2021 | /s/ *Jessica Benson Cox* |
|  | Jessica Benson Cox |
|  | Andrea Roberts Pierson |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 300 North Meridian Street, Suite 2500 |
|  | Indianapolis, Indiana  46204 |
|  | Telephone:  (317) 237-0300 |
|  | Andrea.Pierson@FaegreDrinker.com |
|  | Jessica.Cox@FaegreDrinker.com |
|  |  |
|  | James Stephen Bennett |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 110 West Berry Street, Suite 2400 |
|  | Fort Wayne, Indiana  46802 |
|  | Telephone:  (260) 424-8000 |
|  | Stephen.Bennett@FaegreDrinker.com |
|  |  |
|  | *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2021, a copy of the foregoing **REPLY IN SUPPORT OF COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF BRITNEY BOYD'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.


/s/ *Jessica Benson Cox*