IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to Plaintiff(s)<br><br>ROCCO YEDMAN<br><br>Civil Case # 1:17-cv-02720 | Plaintiff Demands a Trial by Jury |

**THIRD AMENDED SHORT FORM COMPLAINT**

Plaintiff Rocco Yedman, by counsel, files this Second Amended Short Form Complaint pursuant to Fed. R. Civ. P. 15. Plaintiff incorporates by reference the allegations contained in Plaintiff's Master Long Form Complaint in *In re: Cook Medical, Inc., IVC Filters, Marketing, Sales Practices and Products Liability Litigation*, MDL No. 2570 previously filed in the United States District Court for the Southern District of Indiana.

1. Plaintiff/Deceased Party:

   Rocco Yedman

2. Spousal Plaintiff/Deceased Party's spouse or other party making loss of consortium claim:

   Not applicable

1

3. Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

   Not applicable

4. Plaintiff's/Deceased Party's state of residence at the time of implant:

   Pennsylvania

5. Plaintiff's/Deceased Party's state of residence at the time of injury:

   Pennsylvania

6. Plaintiff's/Deceased Party's current state of residence:

   Pennsylvania

7. District Court and Division in which venue would be proper absent direct filing:

   Eastern District of Pennsylvania

8. Defendants (Check Defendants against whom Complaint is made):

   ☒ Cook Incorporated

   ☒ Cook Medical LLC

   ☒ William Cook Europe ApS

9. Basis of Jurisdiction:

   ☒ Diversity of Citizenship

   ☐ Other:

   a. Paragraphs in Master Complaint upon which venue and jurisdiction lie:

   6-28, inclusive

b. Other allegations of jurisdiction and venue:

10. Defendants' Inferior Vena Cava Filter(s) about which Plaintiff(s) is making a claim (Check applicable Inferior Vena Cava Filters):

☒ Gunther Tulip® Vena Cava Filter

☐ Cook Celect ® Vena Cave Filter

☐ Gunther Tulip Mreye

☐ Cook Celect Platinum

☐ Other:

11. Date of Implantation as to each product:

September 16, 2005

12. Hospital(s) where Plaintiff was implanted (including City and State):

St. Mary Medical Center in Langhorne, PA 19047

13. Implanting Physician(s):

Gustavo Sanchez, M.D.

14. Counts in the Master Complaint brought by Plaintiff(s):

☒ Count I:    Strict Products Liability – Failure to Warn

☒ Count II:   Strict Products Liability – Design Defect

3

| | | |
|---|---|---|
| ☒ | Count III: | Negligence |
| ☒ | Count IV: | Negligence Per Se |
| ☒ | Count V: | Breach of Express Warranty |
| ☒ | Count VI: | Breach of Implied Warranty |
| ☒ | Count VII: | Violations of Applicable <u>Pennsylvania</u> Law Prohibiting Consumer Fraud and Unfair and Deceptive Trade Practices |

*See Paragraph 15 for particular averments as to Count VII.

| | | |
|---|---|---|
| ☐ | Count VIII: | Loss of Consortium |
| ☐ | Count IX: | Wrongful Death |
| ☐ | Count X: | Survival |
| ☒ | Count XI: | Punitive Damages |
| ☒ | Other: | <u>All other counts and claims for Relief set forth in the Master Complaint for an amount to be determined by jury</u> |
| ☒ | Other: | <u>Fraudulent Concealment. See brief filed under seal for specific allegations, Doc. 16683.</u> |
| ☒ | Other: | <u>Statutory Damages Available Under the Consumer Protection Statutes:  All relief available under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, Pa. Code §201-9.2, including an award up to three times the actual damages sustained; costs incurred by Plaintiff in pursuing his claims; reasonable attorney fees; and any additional relief that the Court deems necessary and proper.</u> |

4

15. As to Count VII, Violations of Applicable Pennsylvania law Prohibiting Consumer Fraud and Unfair and Deceptive Trade Practices, Plaintiff more particularly states as follows:

(a) In 2002, Defendants Cook Medical, LLC (f/k/a Cook Medical Incorporated), Cook Incorporated, and William Cook Europe ApS were prepared to conduct a clinical study involving human trials on the Gunther Tulip filter in hopes of establishing safety and efficacy for the device. However, after learning that its competitor, C.R. Bard, was prepared to get its retrievable filter device to the market via 510(k) clearance, Defendants Cook Medical, LLC (f/k/a Cook Medical Incorporated), Cook Incorporated, and William Cook Europe ApS abandoned this "pivotal study" and decided to take the same approach.

(b) Instead of following through with this "pivotal study," Defendants Cook Medical, LLC (f/k/a Cook Medical Incorporated), Cook Incorporated, and William Cook Europe ApS decided to undertake a short-term study focused only on retrievability involving 41 patients. This study had a mean retrieval time of 11.1 days and did not examine the efficacy of the device at all (whether the filter actually prevents pulmonary embolism), and it did not examine the safety or efficacy of the device in a permanent capacity. Yet, even in this limited study, Dr. Hanno Hoppe found a 21% rate of tilt after placement.

(c) After receiving clearance, which was not an indication of safety, Defendants Cook Medical, LLC (f/k/a Cook Medical Incorporated), Cook Incorporated, and William Cook Europe ApS, began marketing the device "for the prevention of pulmonary embolism." Thereafter, Defendants Cook Medical, LLC (f/k/a Cook Medical Incorporated), Cook Incorporated, and William Cook Europe ApS began receiving reports of tilt, perforation, migration, and even fracture. Further, Defendants Cook Medical, LLC (f/k/a Cook Medical Incorporated), Cook Incorporated, and William Cook Europe ApS received numerous reports of difficulty in retrieving the device, although marketed as a retrievable filter.

(d) In or before 2006, Defendant Cook Medical, LLC's[1] Medical Science Officer, Dr. James Gardner, admitted concern internally to other executives at Cook that "there's not a lot of clinical evidence that demonstrates these filters actually improve patient outcomes." This concerned Dr. Gardner in terms of reimbursement, verses safety: "My concern, which I've shared with a couple of you over the last couple years, is that one day the payers (Medicare, Medicaid, commercial plabns, etc.) are going to realize they are spending an increasing amount of money on the placement and retrieval of IVC filters and

---

[1] Defendants Cook Incorporated and William Cook Europe ApS operate under the umbrella of Defendant Cook Medical, LLC (f/k/a Cook Medical Incorporated).

that there's not a lot of clinical evidence that demonstrates these filters actually improve patient outcomes."

(e) Defendants Cook Medical's, LLC (f/k/a Cook Medical Incorporated), Cook Incorporated's, and William Cook Europe ApS' knowledge and concealment of adverse events, such as tilt, perforation, and retrieval problems caused by its Gunther Tulip filter, as well as the Cook Medical Science Officer's knowledge and concealment about the lack of efficacy of the Gunther Tulip and its other IVC filters, were not included in the company's instructions for use that accompanied the product when it was implanted in Plaintiff.

(f) Defendants Cook Medical, LLC (f/k/a Cook Medical Incorporated), Cook Incorporated, and William Cook Europe ApS did not study, or know, whether or not the Gunther Tulip actually prevents pulmonary embolism.  Yet, Defendants Cook Medical, LLC (f/k/a Cook Medical Incorporated), Cook Incorporated, and William Cook Europe ApS represented that pulmonary embolism prevention was the purpose of the device.  This knowledge as to lack of efficacy was not relayed to doctors, including Plaintiff's implanting doctor, Dr. Gustavo Sanchez, and subsequent treating doctors.

(g) Upon information and belief, Dr. Sanchez read and relied upon the Gunther Tulip IFU.

(h) Upon information and belief, Dr. Sanchez read, and relied upon, the Gunther Tulip marketing materials, which specifically targeted vascular physicians, like Dr. Sanchez, with the intention that such physicians, including Dr. Sanchez, would read and rely upon Defendants Cook Medical, LLC's, Cook Incorporated's, and William Cook Europe ApS' marketing statements and omissions and, thereby, seek out and use the Gunther Tulip filter in patients, including Plaintiff.

(i) Doctors cannot communicate what they do not know to their patients. Accordingly, Defendants Cook Medical, LLC's, Cook Incorporated's, and William Cook Europe ApS' knowledge regarding lack of clinical evidence that the Gunther Tulip filter actually improved patient outcomes and Defendants Cook Medical, LLC's, Cook Incorporated's, and William Cook Europe ApS' suppression of adverse events were not communicated to patients, including Plaintiff.

(j) Additionally, Defendants Cook Medical, LLC, Cook Incorporated, and William Cook Europe ApS did not study the safety or efficacy of the Gunther Tulip filter as a long-term or permanent device.  This fact also was not relayed by Defendant Cook Medical, LLC, Defendant Cook Incorporated, or Defendant William Cook Europe ApS to doctors, including Plaintiff's implanting doctor and subsequent treating doctors, and, thereby, patients.

(k) Following a pulmonary embolism in 2005, Plaintiff consulted with Dr. Sanchez, who prescribed, and implanted in Plaintiff, a Gunther Tulip vena cava filter, Product ID IGTCFS—45—FEM, Lot Number 1508237. In reliance on the Gunther Tulip IFU, Dr. Sanchez advised Plaintiff that the filter would help prevent recurrent pulmonary embolism and had low risks. Further, in reliance on the IFU, Plaintiff was advised that "the filter can be safely retrieved."

(l) Dr. Sanchez implanted, and Plaintiff agreed to have implanted, the Gunther Tulip filter in reliance on Defendant Cook Medical, LLC's, Defendant Cook Incorporated's, and Defendant William Cook Europe ApS' statements, including those in the Gunther Tulip IFU.

(m) In January 2006, Dr. Sanchez noted that the filter had made a significant tilt toward the left inferior vena cava wall and that the filter was not medically necessary. Dr. Sanchez thus recommended filter removal.

(n) In January 2006, Dr. Sanchez made "multiple attempts" to retrieve the filter, but all attempts were unsuccessful. The tilted filter was left implanted in Plaintiff.

(o) Five years later, in April 2011, Plaintiff suffered a symptomatic blood clot caused by the Gunther Tulip filter, still implanted. Plaintiff subsequently underwent a thrombolysis to treat the clot.

(p) Following an ultrasound later in 2011, Dr. Scott Trerotola noted that the Gunther Tulip filter tip had become embedded in Plaintiff's inferior vena cava wall. Observing that "the filter is felt to represent a continuing risk of recurrent DVT," Dr. Trerotola recommended that removal be reattempted.

(q) On July 13, 2011, Dr. Trerotola removed the embedded filter, noting removal was "extremely difficult" and required forceps.

(r) In or about September 2016, Plaintiff first learned through legal consultation that Defendant Cook Medical, LLC, Defendant Cook Incorporated, and Defendant William Cook Europe ApS knew, at the time its Gunther Tulip filter was marketed and implanted in Plaintiff in 2005, and thereafter, that the filter lacked efficacy evidence.

(s) In or about September 2016, Plaintiff first learned through legal consultation that, at the time Defendants Cook Medical, LLC, Cook Incorporated, or William Cook Europe ApS' Gunther Tulip filter was marketed and implanted in Plaintiff in 2005, and thereafter, Defendants Cook Medical, LLC, Cook Incorporated, or William Cook Europe ApS had concealed its knowledge regarding adverse events associated with the Tulip filter.

(t) In or about September 2016, Plaintiff first learned that Defendants Cook Medical, LLC, Cook Incorporated, or William Cook Europe ApS had not studied the safety or efficacy of the Gunther Tulip filter as a long-term, or permanent device, at the time that Defendants Cook Medical, LLC, Cook Incorporated, or William Cook Europe ApS marketed its Tulip filter, and it was implanted in Plaintiff, in 2005.

(u) In February 2019, there was a global recall of the Gunther Tulip IFU. The updated IFU now warns doctors of the risks of tilt, perforation and difficulty in removing the device.

16. Attorney for Plaintiff(s):

<u>Richard S. Lewis; Steven Rotman; Colleen Ryf</u>

17. Address and bar information for Attorney for Plaintiff(s):

Richard S. Lewis, Dist. of Washington DC Bar No.: 414261
Steven Rotman, Dist. of Massachusetts Bar No.: 558473
Colleen Ryf, Dist. of Washington DC Bar No.: 1601824
HAUSFELD LLP
888 16th Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201
Email: rlewis@hausfeld.com; srotman@hausfeld.com; cryf@hausfeld.com

PLAINTIFF DEMANDS A TRIAL BY JURY

Dated: May 28, 2021                                            Respectfully submitted,

                                                          By: <u>/s/ Steven Rotman</u>
                                                             Richard S. Lewis
                                                             Steven Rotman
                                                             Colleen Ryf
                                                             HAUSFELD LLP
                                                             888 16th Street NW, Suite 300
                                                             Washington, DC 20006
                                                             Telephone: (202) 540-7200
                                                             Facsimile: (202) 540-7201
                                                             Email: rslewis@hausfeld.com
                                                                         srotman@hausfeld.com
                                                                         cryf@hausfeld.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on May 28, 2021, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Steven Rotman*
