UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Bush, Lisa – 1:16-cv-01126

**COOK DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF LISA BUSH'S CASE PURSUANT TO CMO-28**

The Court should dismiss Plaintiff's cause of action in its entirety. Plaintiff's undisputed knowledge in 2013 of the injury she now claims—a failed retrieval—negates her arguments based on the discovery rule. Plaintiff's other claims fail for the same reasons this Court has stated in multiple other cases.[1]

### I. Neither Indiana Nor Arizona's Discovery Rule Saves Plaintiff's Claims

Plaintiff's case is time-barred under Indiana law because her failed retrieval occurred more than two years before the case was filed.[2] Indeed, this Court recently dismissed a failed retrieval case under Indiana law because the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391 (*Heintzman* order). Likewise here, Plaintiff's claims accrued when she underwent a failed retrieval procedure on December 5, 2013 and expired two years later on December 5, 2015—more than six months before she commenced this lawsuit.

Plaintiff also contends that, although she knew in 2013 that she had a retrievable filter that could not be retrieved, she nonetheless did not know she had suffered an injury until she learned that her retained filter "posed a serious safety risk." Dkt. 18678 at 2. But this argument makes no sense: the failed retrieval is ***the exact injury*** that Plaintiff claims that she suffered. *See* Case Categorization Form (stating that "claimed complication/outcome/injury" is "Filter could not be retrieved due to embeddment") (attached as **Exhibit B** and filed separately under seal). Plaintiff

---

[1] Because Plaintiff's response is three times the length permitted by CMO-28, *see* Dkt. 14601, ¶¶ 4-6 (limiting all briefs under CMO-28 to three pages), Cook has needed three-and-a half pages to respond.

[2] The Court has already rejected Plaintiff's argument that her categorization record is "outside the pleadings" and may not be considered without converting Cook's Motion to a motion for summary judgment. As Cook noted in its original motion, *see* Dkt. 18424 at 1, n.2, the Court considers categorization records part of the pleadings because they identify and certify the specific injury or complication at issue in the case. *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings."). Plaintiff's response neither acknowledges nor addresses the Court's previous rejection of her argument.

therefore faces an insoluble dilemma: If her 2013 failed retrieval *was* an injury, as her pleadings assert, then her claims based on that "injury" are barred by the statute of limitations. *See Monsanto v. Miller,* 455 N.E.2d 392, 394 (Ind. Ct. App. 1983) ("A cause of action accrues when an injury, wrongfully inflicted, causes damage . . . it is not necessary that the full extent of the damage be known or even ascertainable but only that some ascertainable damage has occurred"). But if her failed retrieval was *not* an injury, as she argues in her response to the present motion, then she has no compensable injury, and thus no claim. *See, e.g., Johnson v. Abbott Lab'ys,* No. 06C01-0203-PL-89, 2004 WL 3245947, at *6 (Ind. Cir. Ct. Dec. 31, 2004) ("Indiana does not recognize medical monitoring as a cause of action"). Either way, Plaintiff's claims fail.

Even assuming *arguendo* that Arizona's statute of limitations applied – and it does not – Plaintiff's claims are still time-barred. Like Indiana, Arizona has a two-year limitations period. *See* Ariz. Rev. Stat § 12-542(1). This Court granted judgment on the pleadings in the *Fitzgerald* case under Indiana and Arizona law because "Plaintiff necessarily knew at the time of her open removal surgery in May 2011 that there was an issue with her filter. She was thus on inquiry notice to investigate the matter further to determine when she had an actionable claim." Dkt. 18365. Likewise here, Plaintiff knew there was "an issue with her filter" no later than her December 5, 2013 failed retrieval attempt, and her claims are therefore time-barred under Arizona law.

## II. Plaintiff's Implied Warranty Claim Is Subject to the Same Statute of Limitations as Her Product Liability Claims and Therefore Time Barred

Plaintiff argues that her implied warranty claim is subject to the UCC's four-year statute of limitations rather than Indiana's two-year statute of limitations for product liability claims. Pl.'s Resp. at 8-9. But warranty claims that sound in tort, like Plaintiff's, are subsumed by the Indiana Product Liability Act and subject to its two-year statute of limitations. *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991) ("If a cause of action is actually one

2

for negligence or strict liability, but has been couched in terms of breach of warranty under the UCC solely to avoid the shorter statute of limitations under the Product Liability Act, the statute of limitations under the Product Liability Act will apply."); *Condon v. Carl J. Reinke & Sons, Inc.*, 575 N.E.2d 17, 18 (Ind. Ct. App. 1991) ("In Indiana, the theory of implied warranty in products liability actions has been superseded by the theory of strict liability."). Because Plaintiff's implied warranty claim is based on alleged physical injuries caused by her filter, the claim sounds in tort and is barred by the same two-year statute of limitations as her other product liability claims.

**III.   Plaintiff's Express Warranty and Consumer Fraud Claims Are Inadequately Pled**

As noted in Cook's opening brief, the Court has already concluded that the allegations in the Master Complaint fail to state a claim for breach of express warranty. *See* Dkt. 4918 at 13-15. Nevertheless, Plaintiff argues that order is inapplicable here because the dismissed claim was governed by Texas law, while her case is governed by either Indiana or Arizona law. Pl.'s Resp. at 9. But the requirements to state a claim for express warranty are virtually identical under Texas, Indiana, and Arizona law, *see* Tex. Bus. & Com. Code Ann. § 2.313; Ind. Code Ann. § 26-1-2-313; and Ariz. Rev. Stat. Ann. § 47-2313; *see also In re Mirena IUD Prod. Liab. Litig.*, 29 F. Supp. 3d 345, 360 (S.D.N.Y. 2014) (Texas and Indiana have "substantially similar requirements" for breach of express warranty), and Plaintiff identifies no material differences among them. The Master Complaint's failure to state an express warranty claim under Texas law constitutes a failure to state an express warranty claim under both Indiana and Arizona law as well.

Plaintiff also argues that her consumer fraud claim should not be dismissed because the Court's prior order finding that the Master Complaint's consumer fraud allegations are inadequately pled was decided under Oregon law. Pl.'s Resp. at 9. But regardless of which state's law governs, Plaintiff's consumer fraud claim sounds in fraud and must be pled with the

3

particularity required by Federal Rule of Civil Procedure 9(b). *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736-37 (7th Cir. 2014) (analyzing the sufficiency of plaintiff's consumer fraud claim under Rule 9(b)). This means Plaintiff must describe "the who, what, when, where, and how of the fraud." *Id.* at 737 (quoting *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011)). Because the Court has already determined that the Master Complaint's "vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)," Dkt. 14809 at 10, Plaintiff's consumer fraud claim is insufficiently pled under either Indiana or Arizona law.

IV.  **Conclusion**

For the foregoing reasons, and the reasons set forth in Cook's opening brief, the Court should dismiss all of Plaintiff's claims with prejudice.

Respectfully submitted,

Dated:  June 1, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF LISA BUSH'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*