UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION           MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Renshaw, William, 1:18-cv-1326

_____

### REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF WILLIAM RENSHAW'S CASE PURSUANT TO CMO-28

The Court should dismiss Plaintiff's cause of action in its entirety.  Plaintiff's undisputed knowledge in 2010 of the injury he now claims—a failed retrieval—negates his arguments based on the discovery rule and fraudulent concealment.  Plaintiff's other claims fail for the same reasons this Court has stated in multiple other cases.

### A.      Utah's Discovery Rule Does Not Save Plaintiff's Claims

Plaintiff's case is time-barred under Utah law because he did not commence this action until more than two years after his failed filter retrieval.  As the Court recently explained in *Heintzman*, Plaintiff Heintzman "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391.  While that case was decided under Indiana and Ohio law, Utah similarly applies an inquiry notice standard like the Court applied under Indiana and Ohio law in *Heintzman*. "[A]ll that is required to trigger the statute of limitations is sufficient information to put the plaintiffs on notice to make further inquiry." *Macris v. Sculptured Software, Inc.*, 24 P.2d 984, 990 (Utah 2001).  Thus, the underlying logic of the Court's ruling in

*Heintzman*—that a failed retrieval attempt triggers the accrual of an injury claim premised on the failed retrieval—applies equally under Utah law. *See Mecham v C.R. Bard, Inc.*, 2020 WL 2768997, at *8 (D. Utah May 27, 2020) (granting summary judgment because plaintiff had sufficient knowledge about relation of injury to her mesh product from her symptoms and alternatively would have been imputed with publicly available information from the FDA about her product); *Timothy v. Bos. Sci. Corp.*, 665 F. App'x 295, 297 (4th Cir. 2016) (affirming summary judgment under Utah law because claim accrued when plaintiff's physician recommended a surgery to remove and replace the mesh). Put differently, the failed retrieval attempt was "notice enough to excite attention and put the party on [his] guard and call for inquiry." *McBroom v. Child*, 392 P.3d 835, 846 (Utah 2016).

Plaintiff contends that, although he knew in 2010 that he had a retrievable filter that could not be retrieved, a fact question remains about whether he "discovered or should have discovered his injury in 2010." Pl.'s Resp., Dkt. 18768, at 3.[1] But this argument makes no sense. The failed retrieval is ***the exact injury*** that Plaintiff claims that he suffered. *See* Case Categorization Form (stating that his "claimed complication/outcome/injury" under Category 5 is "a failed retrieval due to clot in filter") (attached as **Exhibit B** and filed separately under seal). Plaintiff therefore faces an insoluble dilemma: If Plaintiff's 2010 failed retrieval ***was*** an injury, as his pleadings assert, his claims based on that "injury" are barred by the statute of limitations. *See Stephenson v. Elison*, 405 P.3d 733, 743 (Utah Ct. App. 2017) ("[F]ull comprehension of damages stemming from injurious conduct is not required before the clock starts running on the limitations period."); But if his failed retrieval was ***not*** an injury, as he arguably implies in his response, Plaintiff has no

---

[1] Dr. Carlisle's note indicates that he counseled Plaintiff and his wife extensively about the two attempts to remove the filter. *See* Dkt. 18407 (sealed medical record). Further, he explained that an "indwelling filter increases the relative risk of recurrence" and that he considered these risks in relation to Plaintiff's medical history, including a prior hemorrhagic stroke. *Id.*

compensable injury and, thus, no claim. *Seale v. Gowans*, 923 P.2d 1361, 1365 (Utah 1996) (holding "enhanced risk" of an adverse outcome "is not adequate to sustain a cause of action for negligence" unless the plaintiff has suffered a present injury with actual damages).

**B.      Plaintiff's Fraudulent Concealment Argument is Unavailing**

Given the undisputed facts set out above, the fraudulent concealment allegations in Plaintiff's amended complaint do not save his case, even had he properly pled it.[2] *See* Dkt. 16545. The failed retrieval attempt provided enough information to Plaintiff regarding the potential existence of a cause of action *independent* of any alleged fraudulent concealment on Cook's part. *See* Dkt. 15907 (collecting cases and explaining that "fraudulent concealment requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action"); *Berenda v. Langford*, 914 P.2d 45, 51 (Utah 1996) (explaining that for fraudulent concealment to toll the statute of limitations, a plaintiff must show the "defendant took affirmative steps to conceal the plaintiff's cause of action," which requires the plaintiff to make "a prima facie showing of fraudulent concealment" and demonstrate "that given the defendant's actions, a reasonable plaintiff would not have discovered the claim earlier"). Because Plaintiff does not dispute that he underwent a failed retrieval attempt nearly eight years before filing his action, fraudulent concealment cannot apply. The case is time-barred under Utah law.

The present record establishes as a matter of law that Cook is entitled to judgment under Utah law, and the Court should therefore dismiss Plaintiff's case with prejudice.

---

[2] Plaintiff's new allegations of fraudulent concealment do not cure the pleading defects the Court identified in its February 22, 2021 order. *See* Dkt. 15907. Plaintiff does not allege that Cook knew of and affirmatively concealed *Plaintiff's* cause of action, as the Court required, and Plaintiff does not state the circumstances of the alleged fraud—that is, the who, what, when, where, and how—with the particularity required by Rule 9(b). *See id.* at 6-9. Instead, Plaintiffs allege only the same sorts of *pre*-filter-placement conduct set out in the Master Complaint.

Respectfully submitted,

Dated: June 4, 2021

/s/ Andrea Roberts Pierson
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2021, a copy of the foregoing **REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF WILLIAM RENSHAW'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ Andrea Roberts Pierson