UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND            Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION           MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Bowen, Jasmine, 1:17-cv-02704

_____

**COOK DEFENDANTS' REPLY IN SUPPORT OF PARTIAL MOTION FOR JUDGMENT IN PLAINTIFF JASMINE BOWEN'S CASE PURSUANT TO CMO-28**

The Court should dismiss with prejudice Plaintiff's personal injury, express warranty, consumer fraud, and punitive damages claims. Plaintiff's knowledge in March of 2014 of the injury she now claims – a failed retrieval – negates her arguments based on the discovery rule and fraudulent concealment. Plaintiff does not deny in her response – or her Affidavit submitted with her response – that she knew she was injured. Her argument that she did not know "her injuries were caused by a defective Cook IVC Filter" ignores reason, is irrelevant and is unsupported by precedent. Further, Plaintiff's response ignores both the law Cook cites in its Motion and longstanding Illinois law.[1]

### A. Plaintiff's Product Liability Claim Accrued at the Time of His Failed Retrieval Procedure More than Three Years Before the Complaint Was Filed.

Plaintiff's claims are barred by Illinois law because she filed her case more than two years after her failed retrieval, the very thing she claims as her injury. This Court recently dismissed a failed retrieval case under Indiana law because the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." (Dkt. 18391 (*Heintzman* order).) Here, Plaintiff's case is governed by Illinois law, which applies an inquiry-notice standard like the Indiana standard the Court applied in *Heintzman*. *Hoffman v. Orthopedic Sys., Inc.*, 765 N.E.2d 116, 122 (Ill. App. 1st 2002) ("a person knows or reasonably should know an injury is 'wrongfully caused' when he or she possesses 'sufficient information concerning [an] injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved.'"). As in *Heintzman,* Plaintiff's retrieval here provided "enough information" to put her on notice that she must inquire as to her rights and thus triggered the statute of limitations.

---

[1] Plaintiff did not respond to Cook's arguments regarding her express warranty, consumer fraud, or punitive damages claims, and so Cook's arguments should be deemed

1

Plaintiff contends that more discovery is needed to determine what she knew about the "nature of her injury," (*see* Dkt. 18775 at 3), though her affidavit does not challenge that Plaintiff knew she was injured on the date of her failed retrieval. (*See* Dkt. 18775.) Her argument fails. First, whether Plaintiff knew the full extent of her injury is irrelevant. *Id.*; *Hutson v. Hartke*, 686 N.E.2d 734, 737 (Ill. App. 5th 1997) ("In *Golla*, our supreme court rejected a plaintiff's argument that the statute of limitations should be tolled until the plaintiff knew that she was 'seriously' injured . . . [T]he limitations period commences when the plaintiff is initially injured, rather than when she realizes the full extent of her injuries."). Second, even assuming the failed retrieval *itself* did not provide enough information to put Plaintiff on notice, her records plainly indicate she immediately appreciated that injury.[2]

Plaintiff also disregards that her removal procedure constitutes a sudden traumatic event. (*See* Dkt. 18775.) As detailed in Cook's opening brief, where an injury is "caused by a sudden traumatic event . . . the plaintiff's cause of action accrues when the injury occurred." *Golla v. Gen. Motors Corp.*, 657 N.E.2d 894, 898 (Ill. 1995). Plaintiff does not claim her injury was "latent," does not claim her injury did not manifest until later, and makes no meaningful attempt to argue that the surgical event that she described as "unbearable" was not a sudden traumatic event. (*See* Dkt. 18775.) Instead, Plaintiff argues that Plaintiff did not know at the time of her "unsuccessful attempt to remove the IVC Filter [that it] posed a serious health risk, and that Cook may have been liable for causing said risk due to its tortious conduct." This argument, like Plaintiff's others, is irrelevant under Illinois law. *Hoffman*, 765 N.E.2d at 121 ("A traumatic event alone puts plaintiff

---

[2] Her records state that on March 19, 2014, "Patient was given conscious sedation however the amount of tension required to release the filter from the wall was unbearable. Patient requested repeating under general anesthesia. Dr. Aslian and Dr. Soni discussed with patient who requested to stay the night in observation and have the procedure performed [the next day] rather than going home." (Dkt. 18418-1)

on notice of a reasonable possibility that the injury was wrongfully caused.").[3] For this reason as well, the statute of limitations was triggered on the date of Plaintiff's failed retrieval, and by the time she filed her case on August 9, 2017, it was barred.

### B. Plaintiff's Fraudulent Concealment Argument is Unavailing

As this Court has held on multiple occasions, the fraudulent concealment allegations in Plaintiff's amended complaint (Dkt. 16414) do not save her action here given the undisputed facts set out above. The failed removal attempt provided enough information to Plaintiff independently regarding the potential existence of a cause of action to trigger accrual of her claim.

In addition, Plaintiff does not claim that Cook knew of Plaintiff's failed retrieval or that it concealed any alleged cause of action from her, so the limitations period was not tolled. *See* Dkt. 15907 (collecting cases and explaining that "fraudulent concealment requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action"); *Lowe v. Ford Motor Co.*, 422, 730 N.E.2d 58, 61 (Ill. App. 1st 2000) ("[Illinois] courts have been clear that section 13–215 is applicable only where the concealment of a cause of action consisted of affirmative acts or representations that prevent the discovery of the cause of action."). Plaintiff does not dispute that she underwent a failed retrieval attempt more than three years before filing his action, and the Illinois statute of limitation therefore bar her claims.

For the foregoing reasons, the Court should dismiss Plaintiff's claims with prejudice.

---

[3] Plaintiff argues that without discovery Cook cannot establish that she knew "that Cook may have been liable for causing" her an injury. While irrelevant for the reasons stated above, even if this case did not involve a sudden traumatic injury, Illinois law does not require Plaintiff to know that *Cook* may have been liable. *Castello v. Kalis*, N.E.2d 782, 793 (Ill. App. 1st 2004) (holding "the term 'wrongfully caused' does not mean knowledge by a plaintiff of a specific defendant's negligent act."). Illinois law doesn't require "Plaintiff knew or should have known . . . the IVC Filter posed a serious safety risk" either. As with Plaintiff's other statements, she supports these with no law whatsoever. The Court should ignore these arguments.

3

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  June 4, 2021 | /s/ *Jessica Benson Cox* <br> Jessica Benson Cox <br> Andrea Roberts Pierson <br> FAEGRE DRINKER BIDDLE & REATH LLP <br> 300 North Meridian Street, Suite 2500 <br> Indianapolis, Indiana  46204 <br> Telephone:  (317) 237-0300 <br> Andrea.Pierson@FaegreDrinker.com <br> Jessica.Cox@FaegreDrinker.com <br><br> James Stephen Bennett <br> FAEGRE DRINKER BIDDLE & REATH LLP <br> 110 West Berry Street, Suite 2400 <br> Fort Wayne, Indiana  46802 <br> Telephone:  (260) 424-8000 <br> Stephen.Bennett@FaegreDrinker.com <br><br> *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

## CERTIFICATE OF SERVICE

    I hereby certify that on June 4, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY IN SUPPORT OF PARTIAL MOTION FOR JUDGMENT IN PLAINTIFF JASMINE BOWEN'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                                   /s/ *Jessica Benson Cox*

US.133256503.06