UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Schuler, Jeanmarie - 1:18-cv-01645

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN
PLAINTIFF JEANMARIE SCHULER'S CASE PURSUANT TO CMO-28**

US.133142547.04

The Court should dismiss Plaintiff's action because it is barred by the statutes of both repose and limitations. Under North Carolina law, the six-year statute of repose applies for all products purchased before October 1, 2009, regardless of date of injury. The discovery rule and fraudulent concealment arguments do not save Plaintiff's claim from the statute of limitations.

**A.     North Carolina's Six-Year Statute of Repose Bars Plaintiff's Claims Because Her Filter Was Purchased Before October 1, 2009.**

Plaintiff's argument asking the Court to apply North Carolina's amended 12-year statute of repose, *see* Pl.'s Resp., Dkt. 18571 at 5, conflates claim accrual for statute-of-limitations purposes with the statute of repose. For a statute of repose, courts "applying North Carolina law have consistently applied [the] six-year statute of repose in cases where the product in question was first purchased or delivered, as here, before October 1, 2009." *Cramer v. Ethicon, Inc.*, 2021 WL 243872, at *4 (W.D.N.C. 2021) (appeal docketed). In *Cramer,* the plaintiff was implanted with pelvic mesh in 2007 and underwent surgery to remove it in 2017. *Id.* at *1. The plaintiff alleged that she experienced infections between 2011 and 2017, but did not discover a causal connection to her device until 2017. *Id.* at *2. The court dismissed her claims, finding they were "governed by the six-year statute of repose [] because the latest date on which her [mesh] could have been purchased for use or consumption was the date of her implantation surgery, April 2, 2007, two years before the effective date of [the 12-year statute of repose]." *Id.* at *4. Because the plaintiff received her device *before* October 1, 2009, the initial purchase date determined the applicable statute of repose, even though her injury occurred *after* October 1, 2009. *See id.*

A federal court applying North Carolina law likewise rejected Plaintiff's argument in *In re Elk Cross Timbers Decking Mktg.*, 2015 WL 6467730 (D.N.J. Oct. 26, 2016). As here, the plaintiff argued that the new 12-year statute of repose applied because his claim "accrued" when he allegedly "discovered the defect … after October 1, 2009." *Id.* at *10. The court reviewed

1

the statutes and held that "[t]he plain language of § 1-46.1 does not comport with Plaintiffs' view of when the cause of action 'accrued' in this case" because the plaintiff had purchased his deck in 2007 and "the statute in effect at the time of his purchase applies." *Id.* at *10-11 (citing *Lackey. v. DePuy Ortho, Inc.*, 2011 WL 2791264, at *2 (W.D.N.C. July 14, 2011)).

So here, the six-year statute of repose applies to Plaintiff's case because she received her filter in March 2008 – i.e. before October 1, 2009. By the time Plaintiff allegedly "discovered" her claim in "late 2017," Dkt. 18751 at 1, the statute of repose already barred the claim.

**B.      North Carolina's Discovery Rule Does Not Save Plaintiff's Claims**

The statute of limitations also bars Plaintiff's claim because she did not commence this action until more than three years after her failed filter retrieval. As the Court recently explained in *Heintzman*, Plaintiff Heintzman "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391 (applying Indiana and Ohio law). As Plaintiff acknowledges, North Carolina applies the discovery rule only to latent injury claims, Pl.'s Resp., Dkt. 18751 at 2, and thus holds that "breach of warranty and product liability actions began to accrue when [the plaintiff] first became aware of his injury." *Dellinger v. Pfizer, Inc.*, 2004 WL 6234780, at *2 (W.D.N.C. 2004); *see also Wilson v. C.R. Bard, Inc.*, 2020 WL 2574652, at *4 (E.D.N.C. May 21, 2020) (granting summary judgment and holding statute of limitations is triggered when "bodily harms … become apparent to a reasonable person in [the plaintiff's] position.").

Plaintiff does not dispute that she knew in 2008 that her filter could not be removed and would remain permanently, but contends that a fact question remains about whether "any event should have caused Plaintiff to have had even a suspicion that the filter had caused an injury."

2

Pl.'s Resp., Dkt. 18751, at 3.¹ But this argument makes no sense. The failed retrieval is ***the exact injury*** that Plaintiff claims that she suffered. *See* Case Categorization Form (selecting Category 5 for "Failed Retrieval and Complicated Retrieval Cases") (attached as **Exhibit B** and filed separately under seal). The only other category Plaintiff selected is Category 2, the effectively defunct category for cases alleging "non-physical injuries." *Id.*

Plaintiff therefore faces an insoluble dilemma: If Plaintiff's 2008 failed retrieval ***was*** an injury, as her pleadings assert, her claims based on that "injury" are barred by the statute of limitations. *See Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 329 S.E.2d 350, 354 (N.C. 1985) ("It does not matter that further damage could occur; such further damage is only aggravation of the original injury."). But if her failed retrieval was ***not*** an injury, as she arguably implies in her response, Plaintiff has no compensable injury and, thus, no claim. *See Curl v. Am. Multimedia, Inc.*, 654 S.E.2d 76, 81 (N.C. Ct. App. 2007) (affirming dismissal based on lack of current injury).

C.  **Fraudulent Concealment Does Not Apply to Plaintiff's Claims**

Plaintiff argues that fraudulent concealment tolls the statute of limitations. *See* Pl.'s Resp., Dkt. 18751 at 4.² But the Court has granted summary judgment on the fraudulent concealment allegations in the Master Complaint, *see* Dkt. 15907, and Plaintiff Schuler did not file an amended complaint by the Court's March 26, 2021 deadline. The Court has thus already disposed of Plaintiff's fraudulent concealment argument.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

¹ The filter marketing document Plaintiff attached to her response is outside the pleadings and not appropriate for consideration on a 12(c) motion. The Court, of course, has the authority to convert this motion to a motion for summary judgment, if necessary. *See* Fed. R. Civ. 12(d).

² Under North Carolina law, "fraudulent concealment … cannot operate to toll the running of the statute of repose." *Stallings v. Gunter*, 394 S.E.2d 212, 216 (N.C. 1990).

|  |  |
|---|---|
| | Respectfully submitted, |
| Dated:  June 4, 2021 | /s/ *Andrea Roberts Pierson* |
| | Jessica Benson Cox, Co-Lead Counsel |
| | Andrea Roberts Pierson |
| | FAEGRE DRINKER BIDDLE & REATH LLP |
| | 300 North Meridian Street, Suite 2500 |
| | Indianapolis, Indiana  46204 |
| | Telephone:  (317) 237-0300 |
| | Andrea.Pierson@FaegreDrinker.com |
| | Jessica.Cox@FaegreDrinker.com |
| | |
| | James Stephen Bennett, Co-Lead Counsel |
| | FAEGRE DRINKER BIDDLE & REATH LLP |
| | 110 West Berry Street, Suite 2400 |
| | Fort Wayne, Indiana  46802 |
| | Telephone:  (260) 424-8000 |
| | Stephen.Bennett@FaegreDrinker.com |
| | |
| | *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2021, a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF JEANMARIE SCHULER'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Andrea Roberts Pierson*