UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS   LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Lehotsky, John P., 1:17-cv-03068

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN
PLAINTIFF JOHN P. LEHOTSKY'S CASE PURSUANT TO CMO-28**

The Court should dismiss Plaintiff's cause of action in its entirety. The doctrine of judicial estoppel is inapplicable, and Plaintiff's undisputed knowledge in 2006 of the injury he now claims—a failed retrieval—negates his arguments based on the discovery rule. Plaintiff's other claims fail for the same reasons this Court has stated in multiple other cases.

## I. Judicial Estoppel Does Not Apply

Plaintiff contends that Cook is judicially estopped from arguing that his 2006 failed retrieval triggered the statute of limitations because Cook has previously argued that a failed retrieval is not a cognizable injury. Dkt. 18823 at 2. But for a party to be judicially estopped from arguing a position, it must have *prevailed* on the earlier contrary position. *KnowledgeAZ, Inc. v. Jim Walters Res., Inc.*, 617 F. Supp. 2d 774, 790 (S.D. Ind. 2008) (Young, J.) (For judicial estoppel to apply, "[i]t is a prerequisite that the party must have prevailed on the basis of its earlier position."). Here, although Cook maintains that a failed retrieval is not a cognizable injury and intends to persuade the Court of that conclusion at proceedings later this year, Cook has not yet prevailed on the issue. Judicial estoppel is therefore inapplicable. *See Pakovich v. Broadspire Servs., Inc.*, 535 F.3d 601, 606 n.2 (7th Cir. 2008). Plaintiff claims his failed retrieval as his injury, and the Court must therefore analyze the statute of limitations based on that claimed injury.

## II. Pennsylvania's Discovery Rule Does Not Save Plaintiff's Claims

Plaintiff's case is time-barred under Pennsylvania law because he did not commence this action until more than two years after his failed retrieval. This Court recently dismissed a similar case under Pennsylvania law because the plaintiff "should have known there was an issue with his filter after he learned in September 2009 that an attempt to remove the migrated strut was unsuccessful." Dkt. 18911 (*Donchez* order). Likewise here, Plaintiff's claims accrued when he

underwent a failed retrieval procedure on May 26, 2006 and expired two years later on May 26, 2008—more than nine years before he commenced this lawsuit.

Plaintiff contends that, although he knew in 2006 that he had a retrievable filter that could not be retrieved, he nonetheless did not know he had suffered an injury. Dkt. 18823 at 3. But this argument makes no sense: the failed retrieval is **the exact injury** that Plaintiff claims that he suffered. *See* Case Categorization Form (stating that "claimed complication/outcome/injury" is "Failed attempt to remove. Filter firmly attached to IVC.") (attached as **Exhibit B** and filed separately under seal). Thus, if Plaintiff's 2006 failed retrieval *was* an injury, as his pleadings assert, then his claims based on that "injury" are barred by the statute of limitations.

Plaintiff's assertion that he recently discovered of a Category 7 perforation injury, *see* Dkt. 18823 at 3-4, does not change this result. Under Pennsylvania law, a second injury caused by the same medical device generally does not reset the statute of limitations. *McLaughlin v. Bayer Essure, Inc.*, No. 14-7316, 2020 WL 1625549, at *10 (E.D. Pa. Apr. 2, 2020); (noting the court's "skepticism regarding separate and distinct injuries from a single medical device); *Hartey v. Ethicon, Inc.*, No. CIV.A. 04-CV-5111, 2006 WL 724554, at *5 (E.D. Pa. Mar. 20, 2006) (holding lesions caused by migration of plaintiff's hernia mesh were not separate injury from mesh-related scarring discovered a year earlier). Plaintiff's failed retrieval and his claimed new Category 7 perforation are part of the same chain of causation and therefore have the same accrual date.

**III.    Plaintiff's Warranty Claims Fail On Multiple Grounds**

Plaintiff's warranty claims are time barred. Under Pennsylvania law, both express and implied warranty claims must be brought within four years after the date of sale. *See* 42 Pa. Cons. Stat. § 5525; 13 Pa. Cons. Stat. § 2725 (providing for a four-year statute of limitations and noting "[a] breach of warranty occurs when tender of delivery is made."). Crucially, "Pennsylvania does

- 2 -

not apply the discovery rule to claims for breach of express warranty or breach of implied warranty." *Billeci v. Merck & Co.*, No. CV 17-486, 2018 WL 1635242, at *4 (E.D. Pa. Apr. 5, 2018). Because Plaintiff filed this action more than 11 years after receiving his filter, his warranty claims are time barred by more than seven years.

Moreover, Plaintiff's warranty claims would fail as a matter of law even if they were not time barred. Plaintiff's implied warranty claim fails because Pennsylvania law bars implied warranty claims in medical device cases. *Soufflas v. Zimmer, Inc.*, 474 F. Supp. 2d 737, 752 (E.D. Pa. 2007). And Plaintiff's express warranty claim fails because the Court has already concluded this claim is not adequately pled in the Master Complaint. Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Plaintiff points to additional allegations in his Short Form Complaint stating that Cook expressly warranted that the Tulip filter was a "permanent lifetime filter" and that Cook "downplayed the risks associated with adverse events relied upon by the plaintiff to his detriment." *See* Pl.'s Short Form Compl., ¶ 14. But these non-specific, conclusory allegations fail to meet the level of particularly required to state a claim for breach of express warranty under Pennsylvania law. *Runner v. C.R. Bard*, 108 F. Supp. 3d 261, 267 (E.D. Pa. 2015) (To state a claim for breach of express warranty, plaintiff must "point to specific language on which she relied, for what purpose she relied on that language, or *how* her reliance touched on her decision to purchase the [] product.").

**IV.   Conclusion**

For the foregoing reasons, and the reasons set forth in Cook's opening brief, the Court should dismiss all of Plaintiff's claims with prejudice.

Respectfully submitted,

Dated:  June 8, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF JOHN P. LEHOTSKY'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*