UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Case:

Justin Anthony Dory, 1:18-cv-02738

**PLAINTIFF JUSTIN ANTHONY DORY'S RESPONSE TO DEFENDANTS' MOTION FOR JUDGEMENT ON PLAINTIFF'S CASE PURSUANT TO CMO-28**

On May 28, 2021, Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe APS (collectively "the Cook Defendants") moved for judgement on the pleadings dismissing Plaintiff Justin Anthony Dory's Complaint as barred by the Colorado statute of limitations. Dkt. #18923. Because Defendants fail to establish a lack of dispute of material fact regarding when Mr. Dory knew, or should have known, that his injury had occurred, the Motion for Judgement on the pleadings should be denied.

The Cook Defendants cite to a document without proper foundation, a singular medical record devoid of context or other historical information, as somehow presenting conclusive proof of when Mr. Dory's injury was known. Dkt. #18923, Ex. A. Defendants contend the July 29, 2016, IVC filter removal procedure put Plaintiff on notice that he was injured. Defendants base this theory of claim accrual, not on any specifically documented injury, but rather solely on an IVC filter removal attempt.[1]

Under Colorado's discovery rule, "[a] claim for relief does not accrue until the plaintiff knows, or should know, in the exercise of reasonable diligence, **all material facts** essential to show the elements of that cause of action." *Miller v. Armstrong World Indus., Inc.*, 817 P.2d 111, 113 (Colo. 1991). [Emphasis added]. Plaintiff did not know—nor should he have known—all material facts concerning his injury from his IVC filter removal procedure. Plaintiff Dory certainly did not have '*a suspicion of wrongdoing*' at the time of this procedure based on the facts before us as required by Colorado Law. Implicit in the Defendants' brief is the assumption that Mr. Dory knew he was injured from this procedure, yet it is unclear from the Defendants' exhibit that an injury was determined at the time of the removal. The lone medical record

[1] Unlike other cases this Court has ruled on, this Claim does not involve an open removal procedure or a fractured IVC strut that would warrant more notice with other factors involved. Instead, this is a latent injury claim only—a claim for which, without more, the Court should never dismiss on its merits—where sufficient indicia of injury from the filter was unknown due to Defendants' tortious conduct.

provided by Defendants indicates the IVC was successfully removed, which suggests that Mr. Dory did not suffer injury from the filter's removal. The evidence at trial will ultimately show that Plaintiff Dory was not made aware of any injury related to his IVC filter or otherwise until after his subsequent procedure on September 6, 2016 when Dr. Grande, for the first time, told Mr. Dory the filter may have caused him a complication. The evidence will further show at no time prior to this September 6, 2016 procedure did Dr. Grande or anyone else tell Mr. Dory there was a potential issue with his filter itself. Mr. Dory cannot reasonably be held to a higher degree of knowledge than his own physician, who did not himself have **all material facts** of Plaintiff's injury until he realized and observed the same in the second procedure and stent placement. Moreover, the evidence will further show in discovery that Plaintiff never even saw or received a copy of said medical record(s) until later in December 2017 after seeing an alert to the IVC filter's dangerous risks and complications.[2] It was not until Mr. Dory's September 6, 2016, stent replacement procedure that doctors discovered the IVC removal had injured Plaintiff and relayed this information to him. At the earliest, Plaintiff knew, or had reason to know, of all material facts of his injury following his stent placement on September 6, 2016. Thus, his Complaint was filed within Colorado's statute of limitations period on September 5, 2018.

      Unilateral resolution of a factual question on insufficient evidence—which is what the Cook Defendants ask this Court to do—is precisely what the rule for judgement on the pleadings was designed to protect against. Because the assertions presented by the Cook Defendants in support of their Motion for Judgement on the pleadings is insufficient to establish Mr. Dory's

---

[2] As he will indicate at discovery and trial, Mr. Dory insists that he never saw, received or was provided his medical records prior to contacting counsel in late 2017.

date of injury or that he then knew (or reasonably should have known) he was injured, the timeliness of his claim's filing remains unresolved at this time based on the evidence. [3]

Aside from there being a material dispute of facts, as stated above, Plaintiff also has viable claims for fraudulent concealment, consumer protection, express warranty, and implied warranty. See Plaintiff's Amended Complaint, Dkt #16542-16543. Pursuant to Colorado law, where a plaintiff is unable, by reasonable diligence, to discover the facts necessary for determining the existence of a claim for relief due to the defendant's fraudulent conduct, the equitable doctrine of fraudulent concealment tolls the statute of limitations. *BP America Production Co. v. Patterson*, 263 P.3d 103, 109 (Colo. 2011) (quoting *First Interstate Bank of Fort Collins, N.A. v. Piper Aircraft Corp.*, 744 P.2d 1197, 1201 (Colo. 1987)). Unlike other complaints in this litigation, Plaintiff has specified even more facts to warrant a viable claim for fraudulent concealment, consumer protection, express warranty[4] and implied warranty.[5] Plaintiff's ordinary diligence in pursuing the cause of his injuries was frustrated by the fact that Cook fraudulently concealed information relating to the defective nature of its IVC filter and real failure rates of the same. Cook made misrepresentations to the medical community and patients regarding risks of the IVC filters. Plaintiff only learned of Cook's fraud and the defective nature of its IVC filter on or after September 6, 2016, thereby making his Complaint timely under Colorado law. Accordingly, Plaintiff Dory respectfully requests the Court deny Defendants' Motion or, alternatively, hold it in abeyance until more ripe for further adjudication.

---

[3] Defendants assert the Court already ruled that a removal triggers the limitations period in *Boudreau*, Dkt # 18735. *Boudreau* is distinguishable, as an open removal was involved that provides more knowledge than a successful removal in and of itself. Here, there was no open removal injury or filter fracture present. Only an attempted removal without more at the time in question.

[4] Colorado has a both a 3 year express and implied breach of warranty statute of limitations from the date the breach is discovered. Colo. Rev. Stat. § 13-80-108. These claims further show Plaintiff's allegations are timely as well.

[5] Cook also argues that certain claims were not adequately pled. These arguments are inappropriate for a motion under CMO28, which addresses only timeliness. Plaintiff nevertheless disputes these arguments as pled and, if the Court intends to rule on them, requests additional pages to address the same.

Dated: June 9, 2021

Respectfully submitted,

*/s/: M. Brandon Smith*

M. Brandon Smith
Childers, Schlueter & Smith, LLC
1932 North Druid Hills Road, Suite 100
Atlanta, Georgia 30319
Telephone: (404) 419-9500
BSmith@cssfirm.com

Attorney for Plaintiff Justin Anthony Dory

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2021, a copy of the foregoing Opposition was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.