UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Case:

Mellisa Guiney, 1:17-cv-1577

## **PLAINTIFF MELLISA GUINEY'S RESPONSE TO DEFENDANTS' MOTION FOR JUDGEMENT ON PLAINTIFF'S CASE PURSUANT TO CMO-28**

On May 28, 2021, Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe APS (collectively "the Cook Defendants") moved for judgement on the pleadings dismissing Plaintiff Mellisa Guiney's Complaint as barred by the Indiana statute of limitations.[1] Dkt. #18925. Because Defendants fail to establish a lack of dispute of material fact regarding when Ms. Guiney knew, or should have known, that her injury had occurred, the Motion for Judgement on the pleadings should be denied.

The Cook Defendants turn to pleadings without proper foundation, namely a medical record presented without context or other historical information, as somehow presenting conclusive proof of when Ms. Guiney's injury was known to her. (Dkt. #18925, Ex. A). Defendants contend the December 11, 2006, unsuccessful IVC filter removal attempt put her on notice to make further inquiries into the possibility that she was injured. Defendants base this theory of claim accrual, not on any specifically documented injury, but rather solely on an (unsuccessful) attempt to remove the IVC filter.[2] Defendants have previously argued openly to this Court that "[a] failed retrieval attempt in and of itself is not an injury," (Dkt. #8449), yet now contradict those statements to the Court trying to claim it is an injury.

Under California's discovery rule, its two-year statute of limitations period for products-liability actions accrues when a plaintiff has knowledge of an injury, and knowledge of facts creating, or which in any reasonable person would create, a suspicion of wrongdoing on the part of someone. Cal. Civ. Proc. Code § 335.1; *Jolly v. Eli Lilly Co.*, 751 P.2d 923, 927-2844 (Cal.

---

[1] Plaintiff acknowledges that this Honorable Court has ruled that the forum state's (Indiana) statute of limitations applies to Plaintiff's claims based on prior rulings. [Docket # 13539]. Plaintiff, respectfully objects and contends her home state's (California) law is applicable. Nonetheless Plaintiff addresses both Indiana and California law so as to preserve a potential choice of law issue for appeal. *See, e.g., Belom v. National Futures Ass'n*, F.3d 795, 799 (7th Cir. 2002) (internal citation omitted) ("arguments not raised in the district court are waived on appeal").

[2] Unlike other cases this Court has ruled on, this Claim does not involve an open removal procedure or a fractured IVC strut that would warrant more notice with other factors involved. Instead, this is an attempted removal injury claim only—a claim for which, without more, the Court should never dismiss on its merits—where sufficient indicia of injury from the filter was unknown due to Defendants' tortious conduct.

1988). California law further dictates that "the accrual date of a cause of action is delayed until the plaintiff is aware of her injury and its negligent cause." *Id.*[3]

Plaintiff's (unsuccessful) removal procedure never alerted her to any ascertainable injury, knowledge of facts that created any injury, and certainly not the negligent cause of any injury under either California or Indiana law. Implicit in the Defendants' brief is the assumption that an attempt to remove the filter was made because it was harming Ms. Guiney, yet nothing in the medical record provided by the Defendants' shows that the IVC filter was defective, failed to work as designed, or caused her a known injury. The procedure revealed only that the filter was not capable of being removed in that singular procedure. Further, there is no evidence that Ms. Guiney was advised that the decision not to remove her IVC filter was in any way an injury and the Defendants do not present evidence that Plaintiff knew of the facts creating her injury.[4] In contrast with the idea that Plaintiff had any knowledge of the facts that would create suspicion of wrongdoing, Defendants' exhibit fails to demonstrate that Dr. Sobkin, as her treating physician, discussed the unsuccessful removal with Ms. Guiney after the procedure, or at any point, even expressed concern regarding the filter with Ms. Guiney. Further, the evidence at trial will ultimately show Ms. Guiney was never advised of any injury from the IVC Filter by Dr. Sobkin and was simply told it was not removed in this procedure. In addition, Plaintiff certainly never received a copy of said medical record(s) until she hired counsel later in 2016 after seeing an alert to the IVC filter's dangerous risks and complications.[5]

---

[3] Indiana's discovery rule, as the Defendants concede, "looks only to when a plaintiff knew that he or she suffered an **ascertainable injury**, and knew or should have known that the injury was caused by the product or act of another; *See Valmore v. Janssen Pharm. Prods., LP*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005). Here, there is no ascertainable injury based on the facts of this matter currently in evidence.

[4] Absent evidence demonstrating Ms. Guiney suffered an ascertainable injury from the findings of the procedure or as a result of the failed removal, the Plaintiff did not know and reasonably should not have known that the product was a potential cause of the injury. The Defendants contentions in this respect are invalid under Indiana law. *Id*.

[5] As she will indicate at discovery and trial, Ms. Guiney insists that she never saw or received any related medical records prior to contacting counsel.

Unilateral resolution of a factual question on insufficient evidence—which is what the Cook Defendants ask this Court to do here—is precisely what the rule for judgement on the pleadings was designed to protect against. Because the evidence presented by the Cook Defendants in support of their Motion for Judgement on the pleadings is insufficient to establish Ms. Guiney's date of injury or that she then knew (or reasonably should have known) she was injured, the timeliness of her claim's filing remains unresolved at this time. [6]

Aside from there being a material dispute of facts, as stated above, Plaintiff also has viable claims for fraudulent concealment, consumer protection, express warranty and implied warranty. See Plaintiff's Amended Complaint, Dkt #16553, 16555. Both California and Indiana recognize when a defendant's fraudulent conduct conceals from the plaintiff material facts of the plaintiff's claim, the equitable doctrine of fraudulent concealment tolls the statute of limitations. *Pashley v. Pacific Electric Co.*, 153 P.2d 325, 328 (Cal. 1944); *Lyons v. Richmond Cmty. Sch. Corp.*, 19 N.E.3d 254, 260 (Ind. 2014) (quoting *Doe v. Shultz-Lewis Child & Family Servs., Inc.*, 718 N.E.2d 738, 744-45 (Ind. 1999)). Unlike other complaints in this litigation, Plaintiff has specified even more facts to warrant a viable claim for fraudulent concealment, consumer protection, express warranty and implied warranty.[7] Plaintiff's ordinary diligence in pursuing the cause of her injuries was frustrated by the fact that Cook fraudulently concealed information relating to the defective nature of its IVC filter and real failure rates of the same. Cook made misrepresentations to the medical community and patients regarding risks of the IVC filters.

---

[6] Defendants assert the Court already ruled that a failed removal triggers the limitations period in *Heintzman*, Dkt # 18391. *Heintzman* is distinguishable, as a fracture was also documented at the same time as the failed removal and Plaintiff did not contest the statute of limitations based on other factors. Here, there was no open removal injury or filter failure present. Only an unsuccessful attempt without more at the time in question.

[7] Cook also argues that certain claims were not adequately pled. These arguments are inappropriate for a motion under CMO28, which addresses only timeliness. Plaintiff nevertheless disputes these arguments as pled and, if the Court intends to rule on them, requests additional pages to address the same.

## **CONCLUSION**

Accordingly, Plaintiff Guiney respectfully requests the Court deny Defendants' Motion or, alternatively, hold it in abeyance until more ripe for further adjudication.

Dated: June 9, 2021

Respectfully submitted,

*/s/: M. Brandon Smith*
M. Brandon Smith
Childers, Schlueter & Smith, LLC
1932 North Druid Hills Road, Suite 100
Atlanta, Georgia 30319
Telephone: (404) 419-9500
BSmith@cssfirm.com

Attorney for Plaintiff Mellisa Guiney

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2021, a copy of the foregoing Opposition was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.