UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Case:

Teresa Bauer; 1:18-cv-01818

**PLAINTIFF TERESA BAUER'S RESPONSE TO DEFENDANTS' MOTION FOR JUDGEMENT ON PLAINTIFF'S CASE PURSUANT TO CMO-28**

On May 28, 2021, Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe APS (collectively "the Cook Defendants") moved for judgement on the pleadings dismissing Plaintiff Teresa Bauer's personal injury claims as time-barred by the Ohio statute of limitations. Dkt. #18921. Because Defendants fail to establish a lack of dispute of material fact regarding when Ms. Bauer knew, or should have known, that her injury had occurred, the motion for judgement on the pleadings should be denied.

The Cook Defendants cite to a document without proper foundation, a singular medical record devoid of context or other historical information, as somehow presenting conclusive proof of when Ms. Bauer's injury was known. Dkt. #18921, Ex. A.  Defendants contend the December 17, 2014, unsuccessful IVC filter removal attempt put her on notice to make further inquiries into the possibility that she was injured. Defendants do not base this theory of claim accrual on any specifically documented injury, the actual record's full contents or her doctor telling her she sustained an injury from the filter itself as required under Ohio Law, but rather solely on an (unsuccessful) attempt to remove the IVC filter.[1] Interestingly however, Defendants have previously argued openly to this Court that "[a] failed retrieval attempt in and of itself is not an injury," Dkt. #8449, yet contradict those statements to the Court now, trying to claim it is an injury. We expect they will re-assert this failed argument again to this Court later this year.

Under Ohio's discovery rule, its two-year statute of limitations period for products-liability actions involving medical devices "accrues upon the date on which **the plaintiff is informed by competent medical authority that the plaintiff has an injury that is related to the exposure**, or upon the date on which by the exercise of reasonable diligence the plaintiff

---

[1] Unlike other cases this Court has ruled on, this Claim does not involve an open removal procedure or a fractured IVC strut that would warrant more notice with other factors involved. Instead, this is an attempted removal injury claim only—a claim for which, without more, the Court should never dismiss on its merits—where sufficient indicia of injury from the filter was unknown due to Defendants' tortious conduct.

should have known that the plaintiff has an injury that is related to the exposure, whichever date occurs first." Ohio Rev. Code Ann. § 2305.10(A). [Emphasis added].

Plaintiff's (unsuccessful) removal procedure never alerted her to any injury by a competent medical authority, showed facts denoting a latent filter injury, and/or certainly did not connect the negligent cause of any injury. Implicit in the Defendants' brief is the assumption that an attempt to remove the filter was made because it was harming Ms. Bauer, yet nothing in the medical record provided by the Defendants shows that the IVC filter was defective, failed to work as designed, or caused Dr. Slaby concern over the mere inability to remove the same in a singular attempt. The evidence at trial will show Ms. Bauer was never advised of any injury from the IVC Filter by Dr. Slaby and was told it was not removed in this procedure. These facts are confirmed in the sole medical record cited by the Defendants. In his discussion with her after the unsuccessful attempt, Dr. Slaby—Ms. Bauer's treating physician——relayed his professional opinion to her that the IVC filter was of: "doubtful clinical significance" and she "tolerated the procedure well." (*See* Exhibit A).  Dr. Slaby further indicated that, "[i]f desired, the filter can remain as a permanent IVC filter" and "appeared unremarkable." *Id*.  At trial, Ms. Bauer will further show that Dr. Slaby told her the filter was a permanent option for her based on his knowledge. Thus, Ms. Bauer could not have known of any injury and its causal link to the filter when she underwent the unsuccessful removal procedure at the time in 2014. [2]  The evidence will further show Plaintiff never even received a copy of said medical record(s) until later in 2017 after seeing an alert to the IVC filter's dangerous risks and complications.[3]

---

[2] Absent evidence demonstrating Ms. Bauer suffered an injury from the findings of the procedure or as a result of the failed removal, the Plaintiff did not know and reasonably should not have known that the product was a potential cause of the injury. The Defendants contentions in this respect are invalid under Ohio law. *Id*.
[3] As she will indicate at discovery and trial, Ms. Bauer insists that she never saw her medical records prior to contacting counsel.

Unilateral resolution of a factual question on insufficient evidence—which is what the Cook Defendants ask this Court to do here—is precisely what the rule for judgement on the pleadings was designed to protect against. Because the evidence presented by the Cook Defendants in support of their Motion for Judgement on the pleadings is insufficient to establish Ms. Bauer's date of injury or that she then knew (or reasonably should have known) she was injured, the timeliness of her claim's filing remains unresolved at this time. [4]

Aside from there being a material dispute of facts, as stated above, Plaintiff also has viable claims for fraudulent concealment, consumer protection, express warranty and implied warranty. See Plaintiff's Amended Complaint, Dkt. #16521, 16523. Pursuant to Ohio law, where a defendant engaged in a course of conduct to conceal evidence of the defendant's wrongdoing and the plaintiff, despite the exercise of due diligence, failed to discover the facts supporting the claim, fraudulent concealment of a cause of action may toll a running statute of limitations. *Perkins v. Falke & Dunphy, L.L.C.,* 2012-Ohio-5799, 12. Unlike some other complaints in this litigation, Plaintiff has specified even more facts to warrant a viable claim for fraudulent concealment, consumer protection, express warranty and implied warranty.[5] Plaintiff's ordinary diligence in pursuing the cause of her injuries was frustrated by the fact that Cook fraudulently concealed information relating to the defective nature of its IVC filter and real failure rates of the same. Cook made misrepresentations to the medical community, Dr. Slaby and patients regarding risks of the filters. Accordingly, Plaintiff Bauer respectfully requests the Court deny Defendants' Motion or, alternatively, hold it in abeyance until more ripe for further adjudication.

---

[4] Defendants assert the Court already ruled that a failed removal triggers the limitations period in *Heintzman*, Dkt # 18391. *Heintzman* is distinguishable, as a fracture was also documented at the same time as the failed removal and Plaintiff did not contest the statute of limitations based on other factors. Here, there was no open removal injury or filter fracture present. Only an unsuccessful attempt without more at the time in question.

[5] Cook also argues that certain claims were not adequately pled. These arguments are inappropriate for a motion under CMO28, which addresses only timeliness. Plaintiff nevertheless disputes these arguments as pled and, if the Court intends to rule on them, requests additional pages to address the same.

Dated: June 9, 2021

Respectfully submitted,

*/s/: M. Brandon Smith*
M. Brandon Smith
Childers, Schlueter & Smith, LLC
1932 North Druid Hills Road, Suite 100
Atlanta, Georgia 30319
Telephone: (404) 419-9500
BSmith@cssfirm.com

Attorney for Plaintiff Teresa Bauer

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2021, a copy of the foregoing Opposition was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.