# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff:

Cheree Grant

Civil Case No. 1:16-cv-01745

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGEMENT ON THE PLEADINGS

COMES NOW, Plaintiff Cheree Grant ("Plaintiff"), by and through her counsel and submits this Response in Opposition to Cook Defendants' Motion for Judgment in Plaintiff's Case Pursuant to CMO-28. Plaintiff respectfully requests that this Court deny Defendants' Motion and, in support thereof, states as follows:

### STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiff did not know nor could she have known that she was injured by a defective Cook Celect IVC Filter until late 2015 when she was first informed that her filter was defective.

2. Cook cannot and has not brought any facts to this Court's attention that would contest that Plaintiff did not know nor could have known that she was injured until 2015.

3. Standing alone, knowledge of a failed removal attempt of an IVC Filter that is marketed by the manufacturer as an optional device does not provide Plaintiff with any information regarding whether an injury occurred or not.

## I. Standard of Review

When a party moves for judgment on the pleadings, that party "must demonstrate that there are no material issues of fact to be resolved." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). The Court must view all the "facts and inferences in the light most favorable to the non-moving party." *Id*. The Court should not allow the motion to deprive the non-moving party the opportunity to make its case against the moving party. *Id*.

## ARGUMENT

**1. Under Arizona or Indiana Law the Discovery Rule Applies and Plaintiff's Claims are Timely.**

Both Arizona and Indiana have a two year statute of limitations. Ariz. Stat. § 12-542 and Ind. Code § 34-20-3-1. Arizona and Indiana apply the "reasonably diligent plaintiff standard" to determine if the discovery rule applies. *Nelson v. Sandoz Pharm. Corp.*, 288 F.3d 954, 966 (7th Cir. 2002) see also *Doe v. Roe*, 955 P.2d 951, 968 (Ariz. 1998)

"Generally, though, the plaintiff's suspicion, standing alone, about the source of her injury is insufficient to trigger the onset of the limitations period." *Nelson v. Sandoz Pharm. Corp.*, 288 F.3d at 966. As such, "[t]he limitations period will begin to run when a physician suggests there is a 'reasonable possibility, if not a probability' that a specific product caused the plaintiff's injury. *Id.*

2

Here, it is Cook's burden to "demonstrate that there are no material issues of fact to be resolved." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). Yet in its brief, COOK fails to demonstrate or point to any event that should have caused Plaintiff to have even a suspicion that the Celect filter had caused her injury.

Cook blindly points to a medical record that notes "Unsuccessful retrieval of an embedded inferior vena caca filter" as proof that Plaintiff was aware of an injury from the filter while at the same time failing to also note that Plaintiff's doctors told her that "the filter could be left in place on a long-term basis and would likely be the most reasonable thing to do since all attempts to retrieve the filter were unsuccessful." **Exhibit A** at pg. 3 of Cook's Motion for Judgment Pursuant to CMO-28.

It is clear that Cook's own advertisements of the Celect filter prevented Plaintiff from discovering that she was injured. Cook advertises the Celect filter as a filter that may be retrieved or left in the body. **Exhibit: B**. The medical records show that Cook's advertisements were effective in convening Plaintiff's doctors to believe and to recommend that the filter stay in Plaintiff's body. **Exhibit: A**. Cook should not now be rewarded for its deception.

Cook's motion is meritless, Cook has not pointed to any deposition testimony or medical record noting that Plaintiff's doctors told Plaintiff that she was injured from the Celect or that Plaintiff even suspected injury from the Celect.

The facts are clear, Plaintiff did not know or have reason to know about the defective nature of the IVC Filter until she saw ads informing her of the defective nature of Cook's IVC filter in 2015, only five years after the Celect was implanted. Plaintiff did not discover until the end of 2015 that she was even injured by the defective Cook IVC Filter. On June 30, 2016,

3

Plaintiff filed her complaint against Cook, only months after discovering the causal connection between her injuries and Cook's defective IVC Filter. See Complaint. Less than a year after the Plaintiff discovered her injury, Plaintiff filed her case before this Court. At no point did Plaintiff's physicians inform her that the Cook Filter had injured her. Whether the Court applies Ohio or Indiana discovery rule, Plaintiff's claims are not time barred.

2.     **Fraudulent Concealment.**

Fraudulent concealment tolls the statute of limitations if "a person liable to an action conceals the fact from the knowledge of the person entitled to bring the action." Ind. Code § 34–11–5–1.  Courts have held that the elements of fraudulent concealment are:

> (i) material misrepresentation of past or existing facts by the party to be charged (ii) which was false (iii) which was made with knowledge or reckless ignorance of the falseness (iv)  was relied upon by the complaining party and (v) proximately caused the complaining party injury.

*Johnson v. Wysocki*, 990 N.E.2d 456, 460–61 (Ind. 2013).

For a cause of action in fraud, the three year "statute starts to run when the plaintiff acquires sufficient information to give rise to a reasonable belief that a fraudulent conveyance has occurred." *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 26 (4th Cir. 1963). "[T]he cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake. N.C. Gen. Stat. Ann. § 1-52 (9).

Cook affirmatively concealed the flawed design of their filters and its failure from Plaintiff and her doctors. Cook knew about the flawed design, but concealed the risks of its filters in its marketing as a way to induce Plaintiff into agreeing to have the filter implanted. Cook aggressively marketed the IVC filters even though it knew that its filters are dangerous. Plaintiff reliance upon the material misrepresentations and omissions was justified because

4

Cook's misrepresentations and omissions were made by individuals and entities who were in a position to know the true facts concerning the filter while Plaintiff was not in a position to know the true facts because Cook overstated the benefits and safety of the filter and downplayed the risks, thereby inducing Plaintiff to have the filter implanted rather than a safer alternatives. Had Plaintiff not been deceived by Cook and had known the real risks associated with filter, Plaintiff would not have had the filter implanted and would not have been injured.

If the Court takes all of the facts and alleged in the complaint as true and in the light most favorable to the non-moving party, as it must, it should deny Cook's motion. *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020).

## CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that this Court deny COOK's Motion and grant Plaintiff any relief that this Court deems appropriate.

Dated: June 9, 2021    **THE MILLER FIRM, LLC**

*/s/ Jeff T. Seldomridge*
Jeff T. Seldomridge, VSB # 89552
108 Railroad Ave.
Orange, VA 22960
Phone: (866) 529-3323
Fax: (540) 672-3055
jseldomridge@millerfirmllc.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2021, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jeff T. Seldomridge*
Attorney for Plaintiff