

# UNITED STATES DISTRICT COURT
## Southern District of Indiana

**Roger A. G. Sharpe, Clerk of Court**

Birch Bayh Federal Building
& U.S. Courthouse, Room 105
46 East Ohio Street
Indianapolis, IN  46204
(317) 229-3700

U.S. Courthouse, Room 104
921 Ohio Street
Terre Haute, IN 47807
(812) 231-1840

Winfield K. Denton Federal Building
& U. S. Courthouse, Room 304
101 NW Martin Luther King Blvd.
Evansville, IN 47708
(812) 434-6410

Lee H. Hamilton Federal Building
& U.S. Courthouse, Room 210
121 West Spring Street
New Albany, IN 47150
(812) 542-4510

June 11, 2021

John T. Kirtley, III
FERRER POIROT & WANSBROUGH
2603 Oak Lawn Ave.
Suite 300
Dallas, TX 75219

Andrea Roberts Pierson
Kip S.M. McDonald
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street
Suite 2500
Indianapolis, IN 46204


RE:  KELLI THOMPKINS v. COOK INCORPORATED, et al

CAUSE NO:  1:17-cv-02879-RLY-TAB
            (1:14-ml-2570-RLY-TAB, IN RE COOK MEDICAL INC. MDL)

Dear Appellant and Appellees:

Please be advised that the Notice of Appeal filed in 1:17-cv-02879-RLY-TAB has been forwarded to the United States Court of Appeals for the Seventh Circuit. The Clerk of the Seventh Circuit will assign an appellate case number, docket the appeal, and notify case participants of the Seventh Circuit case number assigned to this matter.


Please review Seventh Circuit Rule 10 (enclosed) for guidance regarding record preparation.

Please contact the Clerk's office with any questions or concerns.

                        Sincerely,
                        Roger A. G. Sharpe
                        Clerk of Court

                        By Laura Townsend, Deputy Clerk
                        812-542-4511

## Selected Rules for Reference

**CIRCUIT RULE 10. Preparation and Accessibility of Record in District Court Appeals**

**(a) Record Preparation Duties.**

**(1) Within 14 days of filing the notice of appeal the district court must ensure the district court docket is complete and made available electronically to the court of appeals.**

**(2) The clerk of the district court must prepare and hold any confidential record or exhibit not available electronically on the district court docket until requested by the court of appeals.**

**(3) Counsel must ensure, within 21 days of filing the notice of appeal, that all electronic and non electronic documents necessary for review on appeal are on the district court docket.**

(b) *Correction or Modification of Record.* A motion to correct or modify the record pursuant to Rule 10(e), Fed. R. App. P., or a motion to strike matter from the record on the ground that it is not properly a part thereof must be presented first to the district court. That court's order ruling on the motion must be included as part of the record and a notice of the order must be sent to the court of appeals.

(c) *Order or Certification with Regard to Transcript.* Counsel and court reporters are to utilize the form prescribed by this court when ordering transcripts or certifying that none will be ordered. For specific requirements, see Rules 10(b) and 11(b), Fed. R. App. P.

(d) *Ordering Transcripts in Criminal Cases.*

(1) *Transcripts in Criminal Justice Act Cases.* At the time of the return of a verdict of guilty or, in the case of a bench trial, an adjudication of guilt in a criminal case in which the defendant is represented by counsel appointed under the Criminal Justice Act (C.J.A.), counsel for the defendant must request a transcript of testimony and other relevant proceedings by completing a C.J.A. Form No. 24 and giving it to the district judge. If the district judge believes an appeal is probable, the judge must order transcribed so much of the proceedings as the judge believes necessary for an appeal. The transcript must be filed with the clerk of the district court within 40 days after the return of a verdict of guilty or, in the case of a bench trial, the adjudication of guilt or within seven days after sentencing, whichever occurs later. If the district judge decides not to order the transcript at that time, the judge must retain the C.J.A. Form No. 24 without ruling. If a notice of appeal is filed later, appointed counsel or counsel for a defendant allowed after trial to proceed on appeal in forma pauperis must immediately notify the district judge of the filing of a notice of appeal and file or renew the request made on C.J.A. Form No. 24 for a free transcript.

(2) *Transcripts in Other Criminal Cases.* Within 14 days after filing the notice of appeal in other criminal cases, the appellant or appellant's counsel must deposit with the court reporter the estimated cost of the transcript ordered pursuant to Rule 10(b), Fed. R. App. P., unless the district court orders that the transcript be paid for by the United States. A non-indigent appellant must pay a pro rata share of the cost of a transcript prepared at the request of an indigent co-defendant under the Criminal Justice Act unless the district court determines that fairness requires a different division of the cost. Failure to comply with this paragraph will be cause for dismissal of the appeal.

(e) *Indexing of Transcript.* The transcript of proceedings to be part of the record on appeal (and any copies prepared for the use of the court or counsel in the case on appeal) must be bound by the reporter, with the pages consecutively numbered throughout. The transcript of proceedings must contain a suitable index, as well as the following information:

(1) An alphabetical list of witnesses, giving the pages on which the direct and each other examination of each witness begins.

(2) A list of exhibits by number, with a brief description of each exhibit indicating the nature of its contents, and with a reference to the pages of the transcript where each exhibit has been identified, offered, and received or rejected.

(3) A list of other significant portions of the trial such as opening statements, arguments to the jury, and instructions, with a reference to the page where each begins.

When the record includes transcripts of more than one trial or other distinct proceeding, and it would be cumbersome to apply this paragraph to all the transcripts taken together as one, the rule may be applied separately to each transcript of one trial or other distinct proceeding.

(f) *Presentence Reports.* The presentence report is part of the record on appeal in every criminal case. The district court must maintain this report under seal, unless it has already been placed in the public record in the district court. If the report is under seal, the report may not be included in the appendix to the brief or the separate appendix under Fed. R. App. P. 30 and Circuit Rule 30. Counsel of record may review the presentence report but may not review the probation officer's written comments and any other portion submitted in camera to the trial judge.

(g) *Effect of Omissions from the Record on Appeal.* When a party's argument is countered by a contention of waiver for failure to raise the point in the trial court or before an agency, the party opposing the waiver contention must give the record cite where the point was asserted and also ensure that the record before the court of appeals contains the relevant document or transcript.

NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals are available at: http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf

## THE SETTLEMENT CONFERENCE PROGRAM
## U.S. COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Pursuant to Rule 33 of the Federal Rules of Appellate Procedure[1] and Circuit Rule 33, the Court conducts conferences with counsel and clients to encourage and facilitate the settlement of civil appeals. Rule 33 conferences are conducted in all types of fully-counseled civil appeals except immigration, social security, habeas corpus, prisoners' civil rights, sentencing, and mandamus cases. The Court spontaneously notices most eligible appeals for Rule 33 conferences. Attorneys for one or more parties may also request that a conference be conducted in any eligible case.

Counsel and clients are well-advised to explore opportunities for settlement at the appellate level.Regardless of how unlikely it may seem, the fact is that many cases can be settled at this stage, substituting a certain and acceptable outcome for the risk and expense of further litigation. The Court's Settlement Conference Office has assisted counsel in settling many appeals without unduly delaying the progress of those appeals which do not yield to settlement efforts.      The following information is intended to assist practitioners and their clients in understanding how the Seventh Circuit's settlement conference program works and how they can make the best use of it to achieve favorable results.

- **How do counsel learn that a Rule 33 conference will be conducted in their appeal?**
  A Notice of Rule 33 Settlement Conference is posted on the docket. The Notice is an order of the Court advising counsel of the date and time of the conference, whether it is to be in person or by telephone, and how they and their clients are expected to prepare.

- **How can a Rule 33 conference be requested?**
  Counsel are invited to request a Rule 33 conference by contacting the Settlement Conference Office, U.S. Court of Appeals for the Seventh Circuit, 219 S. Dearborn, Room 1120, Chicago, Illinois 60604-1705 (Tel. (312) 435-6883/Fax (312) 435-6888/E-mail:  settlement@ca7.uscourts.gov ). At the request of any party or parties in an eligible appeal, the Settlement Conference Office will schedule a Rule 33 conference if its calendar permits. Counsel are then advised by notice that a conference will be held.

- **Do other parties have to be informed that a conference was requested?**
  No. If a party prefers to keep its request confidential, the Settlement Conference Office will not disclose to other parties or to the Court that the conference was requested.

- **Is participation in Rule 33 conferences optional?**
  No. When a Rule 33 conference is scheduled, participation is mandatory.

- **Are clients required to attend?**
  Clients and insurance representatives are required to attend Rule 33 conferences whenever the Settlement Conference Office so directs. When clients or insurance representatives have not been directed to attend the initial conference, they must be available by phone – with full settlement authority – for the duration of the conference.

- **Is it mandatory to settle?**
  No. Whether to settle is ultimately for the parties and their counsel to decide. However, counsel and parties are required to participate with the utmost diligence and good faith. Experience shows that settlements can often be achieved when neither side thought it possible.

---

[1] FRAP Rule 33 provides: "Appeal Conferences. The Court may direct the attorneys, and in appropriate cases the parties, to participate in one or more conferences to address any matter that may aid in the disposition of the proceedings, including the simplification of the issues and the possibility of settlement. A conference may be conducted in person or by telephone and be presided over by a judge or other person designated by the court for that purpose. Before a settlement conference, attorneys must consult with their clients and obtain as much authority as feasible to settle the case. As a result of a conference, the court may enter an order controlling the course of the proceedings or implementing any settlement agreement."

- **Who conducts Rule 33 conferences?**
  The Court has delegated the responsibility for conducting Rule 33 conferences to three full-time conference attorneys: Joel N. Shapiro, Rocco J. Spagna, and Jillisa Brittan. All were civil litigators in private practice prior to their appointment by the Court.

- **Is there a fee for the services of the conference attorney?**
  No. The assistance of the Settlement Conference Office is available to appellate litigants at no charge.

- **Must each party's lead attorney attend the Rule 33 conference?**
  Yes. It is essential that each party be represented at the Rule 33 conference by an attorney who not only is conversant with the case but is the attorney on whose advice the party relies. If more than one attorney meets these criteria, either of them may represent the client in the Rule 33 conference.

- **How is it decided whether a Rule 33 conference will be conducted by telephone or in person?**
  When all participants reside in the Chicago metropolitan area, Rule 33 conferences are usually held in the Settlement Conference Office at the United States Courthouse. Otherwise, conferences are generally conducted by telephone. The telephone equipment used in these conferences can accommodate more than a dozen separate lines and enables the conference attorney to speak privately with any combination of participants. Experience indicates that telephone conferences are generally as effective as in-person conferences in fostering settlements.

- **Are in-person conferences ever held outside Chicago?**
  Because the resources of the settlement conference program are limited, in-person conferences cannot routinely be held throughout the Circuit. However, from time to time in-person conferences are conducted at locations other than Chicago. If the participants believe that an in-person conference outside Chicago would be more productive than a conference by telephone, they are welcome to suggest it.

- **Are Rule 33 conferences confidential?**
  Yes. The Court requires all participants to keep what is said in these conferences strictly confidential. Communications, oral and written, which take place in the course of Rule 33 proceedings may not be disclosed to anyone other than the litigants, their counsel, and the conference attorney.

- **Do judges of the Court of Appeals learn what has happened at a Rule 33 conference?**
  No. Participants in Rule 33 conferences, including the conference attorney, are forbidden to impart to any judge or other court personnel, in the Court of Appeals or elsewhere, what has been communicated in these conferences.

- **What occurs at a Rule 33 conference?**
  Rule 33 conferences are official proceedings of the Court but are off-the-record and relatively informal. Discussion is conversational rather than argumentative. The focus is on realistically assessing the prospects of the appeal, the risks and costs of further litigation, the interests of the parties, and the benefits each side can gain through settlement. The conference attorney ordinarily meets with counsel both together and separately. Settlement proposals are discussed. A resolution may or may not be reached during the initial conference. Often, follow-up conferences or shuttle negotiations are conducted. Letters or draft proposals may be exchanged. By the conclusion of the Rule 33 process, the parties will have either reached an agreement to settle or learned how far apart they are and what are the remaining obstacles to settlement.

- **Is discussion of settlement limited to the appeal itself?**
  Not necessarily. If settlement of the appeal will not dispose of the entire case, or if related litigation is pending in other forums, the parties are invited and encouraged to explore the possibility of a global settlement.

- **Is briefing deferred when a Notice of Rule 33 Conference is issued?**
  Briefing is usually postponed until after the initial conference. If further modification of the briefing schedule would be conducive to settlement, an order to that effect may later be entered. What preparation is required of

counsel? In preparation for the initial Rule 33 conference, attorneys are required to consult rigorously with their clients and obtain as much authority as feasible to settle the case. Counsel must also review their legal and factual contentions with a view to being able to discuss candidly the prospects of the appeal and the case as a whole. If the conference attorney requests copies of pleadings, hearing transcripts, or other material in anticipation of the conference, counsel are expected to provide it promptly.

- **What is the role of the conference attorney?**
  Because the format of Rule 33 conferences is flexible and each appeal is dealt with on its own terms, the conference attorney plays a variety of roles. He or she acts as moderator, facilitator, and intermediary. The conference attorney serves as a neutral evaluator and a reality check. He or she may suggest terms of settlement. Without being coercive, the conference attorney acts as a determined advocate for settlement.

- **What can counsel expect of the conference attorney**?
  Before the initial conference, the conference attorney will have familiarized him or herself with the history of the litigation, the posture of the case, and the issues on appeal. During the conference, the conference attorney will seek additional information about the background of the dispute and the parties' interests, claims and defenses in order to explore all possibilities for a voluntary resolution. The conference attorney is strictly impartial. He or she does not advocate for any party and avoids making comments that could advantage one side or another in arguing the issues on appeal. The conference attorney will disclose any affiliation or prior representation of which he or she is aware that could call his or her neutrality into question. The conference attorney does not force any party to settle or to accept terms it is not willing to accept. While he or she urges parties to take advantage of opportunities to settle favorably, the conference attorney recognizes that settlement is not always possible.

- **How can counsel make best use of the Rule 33 conference to benefit their clients?**
  Recognize that the Rule 33 conference is an opportunity to achieve a favorable outcome for your client. Without laying aside the advocate's responsibility, approach the conference as essentially cooperative rather than adversarial. Help your client make settlement decisions based not on overconfidence or wishful thinking, but on a realistic assessment of the case; not on emotion, however justified it may be, but on rational self-interest. Suggest terms of settlement that maximize the benefits of settlement for all parties. Take advantage of the opportunity to talk confidentially and constructively with counsel for the other parties and, if clients are present, to address them respectfully but convincingly. Let the conference attorney know how he or she can help you obtain a satisfactory resolution. Be candid. Don't posture. Listen closely to what other participants have to say. Give the process a chance to work.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS

MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB

PRODUCTS LIABILITY LITIGATION                     MDL No. 2570

_____

This Document Relates Only to the Following Case:

Thompkins, Kelli - 1:17-cv-2879

_____

## <u>**NOTICE OF APPEAL**</u>

Notice is hereby given that KELLI THOMPKINS, Plaintiff, in the above-named case,

hereby appeals to the United States Court of Appeals for the Seventh Circuit, from the Final

Judgment (Doc.18682), and Order granting Defendants' Motion for Summary Judgment (Doc.

18681), both entered in this action on May 17, 2021

Respectfully submitted,
FERRER, POIROT & WANSBROUGH


<u>/s/John T. Kirtley, III</u>
John T. Kirtley, III
Texas Bar No. 11534050
2603 Oak Lawn Avenue, Suite 300
Dallas, Texas 75219-9109
(214) 521-4412
Fax (214) 526-6026
jkirtley@lawyerworks.com
(Asst. molvera@lawyerworks.com)

ATTORNEYS FOR PLAINTIFF,
KELLI THOMPKINS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 11, 2021, a copy of the foregoing **NOTICE OF APPEAL** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

<u>/s/John T. Kirtley, III</u>
John T. Kirtley, III

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS

MARKETING, SALES PRACTICES AND                     Case No. 1:14-ml-2570-RLY-TAB

PRODUCTS LIABILITY LITIGATION                      MDL No. 2570

_____

This Document Relates Only to the Following Case:

Thompkins, Kelli - 1:17-cv-2879

_____

### DOCKETING STATEMENT

Appellant-Plaintiff, KELLI THOMPKINS, in the above-named case, hereby submits her

Docketing Statement, pursuant to Cir. R. 28(a):

1.      There are no prior or related pending appeals concerning this specific case.

2.      **Appellant's Jurisdictional Statement**.

A.      Jurisdiction is based on diversity of citizenship.  The jurisdictional amount exceeds the sum of $75,000.00.

B.      The Parties' citizenship are:

**Kelli Thompkins**, Plaintiff – State of Ohio.

**Cook Incorporated**, Defendant, is a corporation incorporated in the State of Indiana.  Its principal place of business is in the State of Indiana.

**Cook Medical LLC**, Defendant, is a limited liability company organized in the State of Indiana.  Its principal place of business is in the State of Indiana. **Carl Cook** is the sole member of Cook Medical LLC, and he is a citizen of the State of Indiana.

1

**William Cook ApS**, Defendant, is an organization in, and a citizen of Bjaeverskov, Denmark.  Its principal place of business is in based in Bjaeverskov, Denmark.

C.    Appellate jurisdiction is based on 28 U.S.C. §1291 and the following particulars:

a.    Final Judgement was entered on May 17, 2021.

b.    No motion for new trial, alteration of the judgment or any other motion claiming to toll the time within which to appeal was filed.

c.    Notice of Appeal was filed contemporaneously with this Docketing Statement on June 11, 2021.

d.    No claims or parties remain for disposition in the district court concerning this specific case.

Respectfully submitted,
FERRER, POIROT & WANSBROUGH


/s/John T. Kirtley, III
John T. Kirtley, III
Texas Bar No. 11534050
2603 Oak Lawn Avenue, Suite 300
Dallas, Texas 75219-9109
(214) 521-4412
Fax (214) 526-6026
jkirtley@lawyerworks.com
(Asst. molvera@lawyerworks.com)

ATTORNEYS FOR PLAINTIFF,
KELLI THOMPKINS


## **CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2021, a copy of the foregoing **DOCKETING STATEMENT** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/John T. Kirtley, III
John T. Kirtley, III

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

———————————————————————

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

———————————————————————

This Document Relates to the Following Cases:

Kelli Thompkins, 1:17-cv-2879

———————————————————————

**ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S
CASE PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by

Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings

in Plaintiff Kelli Thompkins' case on grounds that her product liability claims are time-

barred under Ohio law.  Because Plaintiff submitted her affidavit in support of her

argument, the court will treat this motion as one for summary judgment.  *See* Fed. R. Civ.

P. 12(d).[2]

**I.      Background**

Plaintiff is a resident of Ohio who had a Cook Celect Vena Cava Filter placed on

December 15, 2008 at the Ohio State University Wexner Medical Center in Columbus,

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical
Incorporated), and William Cook Europe APS.
[2] That rule provides:  "If, on a motion under Rule 12(d) or 12(c), matters outside the pleadings
are presented to and not excluded by the court, the motion must be treated as one for summary
judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the
material that is pertinent to the motion."

Ohio.  (Filing No. 16289, Affidavit of Kelli Thompkins ("Plaintiff Aff."), ¶ 1; 1:17-cv-2879, Filing No. 1, Short Form Compl. ¶¶ 4-6, 11-12).  Plaintiff's medical record dated February 15, 2013 notes the filter had tilted and fractured.  (Filing No. 16227, Medical Records; Plaintiff Aff., ¶ 3).  It also stated a "[f]uture attempt at retrieval will be planned pending CT venogram of the abdomen and pelvis."  (Medical Record).  A CT scan dated February 18, 2013 showed the filter had perforated her vena cava, and a CT scan dated March 8, 2014 showed one of the struts was indenting the aortic wall.  (Medical Records; Plaintiff Aff., ¶¶ 3-5).  On April 8, 2014, Plaintiff underwent a "complex retrieval requiring forceps."  (Plaintiff Aff., ¶ 6).  "Both the fractured strut and the filter body were able to be removed."  (*Id.*).

On November 18, 2016, Plaintiff saw a television commercial where she learned that the Cook Celect filter was defective and that it likely caused her injuries.  (*Id.* ¶ 8).  She filed the present action against Cook on August 22, 2017.  (*Id.* ¶ 9).

## II.    Discussion

Under Ohio law, product liability claims alleging personal injury are governed by a two-year statute of limitations.  Ohio Code § 2305.10(A).  According to the Cook Defendants, Plaintiff filed her claim four years and six months too late.  Plaintiff responds that her claim is saved by the Ohio discovery rule because she did not know her filter was defective until she saw a television commercial on November 18, 2016.

Ohio's discovery rule provides that a cause of action does not accrue until a plaintiff either knows or reasonably should have known that (1) she was injured and (2) that her injury was proximately caused by defendant's conduct.  *O'Stricker v. Jim Walter*

2

*Corp.*, 447 N.E.2d 727, 730 (Ohio 1983); *see also Braxton v. Peerless Premier Appliances Co.*, No. 81855, 2003 WL 21291061, at *2 (Ohio Ct. App. June 5, 2003) ("The discovery rule concerns the situation where an injury is incurred but not discovered until later.").  Two cases help guide the court's analysis: *Griffin v. Am. Med. Sys., Inc.*, 106 F.3d 400 (Table), 1997 WL 6131 (6th Cir. Jan. 7, 1997) and *Carter v. Medtronic, Inc.*, No. 2:28-cv-724, 2020 WL 2319729 (S.D. Ohio, May 11, 2020).

In *Griffin*, the plaintiff received a penile implant.  1997 WL 6131, at *1.  Shortly after the surgery, problems arose due to excess hydraulic fluid in the prosthesis.  *Id.*  Two years later, he had the implant removed.  *Id.*  Although the doctor only told the plaintiff that "his problems were caused by too much fluid in the prosthesis," the court held that "[t]he removal of the prosthesis alerted [the plaintiff] that the prosthesis might be defective."  *Id.* at *2.  Thus, under the discovery rule, plaintiff knew or should have known that the prosthesis was defective when he had it removed.  *Id.*  The court of appeals therefore affirmed the district court's dismissal of his claim on statute of limitations grounds.  *Id.*

In *Carter*, the plaintiff was implanted with a pain pump to alleviate her severe back pain.  2020 WL 2319729, at *1.  She was later admitted to the hospital for drug withdrawal symptoms.  *Id.*  Her doctor determined the rotors were not working and discussed another pump replacement.  *Id.*  Three weeks later, she had the pain pump removed.  *Id.* at *2.  The discharge record noted the pain pump was defective.  *Id.*  The plaintiff argued that her claims were tolled until the explant procedure because her doctor did not inform her of the allegedly defective pump beforehand.  *Id.* at *4.  The district

court rejected the plaintiff's argument and held that her claim accrued before her explant procedure, as "the discovery rule generally applies in cases of latent injury and not in cases of possible latent defects." *Id.* at \*4 (quoting *Baxley v. Harley-Davidson Motor Co.*, 875 N.E.2d 989, 991 (Ohio Ct. App. 2007)).

This is not a case of latent injury where the discovery rule applies. Plaintiff was on notice of her injury as of February 15, 2003, when she learned her filter had fractured and that removal was recommended, and, at the latest, by her March 8, 2014 "complex" removal surgery. She did not file suit within two years of the removal surgery. Therefore, her claims are barred by Ohio's two-year statute of limitations.

Cook also moves for judgment on Plaintiff's implied warranty, express warranty, consumer protection, and punitive damages claims. Plaintiff did not respond to Cook's arguments. Her silence results in waiver. *See Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the Bontes have done here—results in waiver.").

## III.   Conclusion

For the reasons set forth above, the Cook Defendants' Motion for Judgment in Plaintiff's Case Pursuant to CMO-28 (Filing No. 16212) is **GRANTED**.

**SO ORDERED** this 17th day of May 2021.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

4

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to the Following Cases:

Kelli Thompkins, 1:17-cv-2879

_____

## FINAL JUDGMENT

Pursuant to the Order issued this day, the court enters final judgment in favor of

the Cook Defendants—Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical

Incorporated), and William Cook Europe APS—and against the Plaintiff.


**SO ORDERED** this 17th day of May 2021.



Roger Sharpe, Clerk
United States District Court

_____
By: Deputy Clerk

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana



Distributed Electronically to Registered

1

# *** PUBLIC DOCKET ***

APPEAL,MDL,CLOSED

**U.S. District Court**
**Southern District of Indiana (Indianapolis)**
**CIVIL DOCKET FOR CASE #: 1:17-cv-02879-RLY-TAB**


THOMPKINS v. COOK INCORPORATED et al
Assigned to: Judge Richard L. Young
Referred to: Magistrate Judge Tim A. Baker
Lead case: 1:14-ml-02570-RLY-TAB
Member case: (View Member Case)
Cause: 28:1332 Diversity-Product Liability

Date Filed: 08/22/2017
Date Terminated: 05/17/2021
Jury Demand: Plaintiff
Nature of Suit: 367 Personal Injury:
Health Care/Pharmaceutical Personal
Injury Product Liability
Jurisdiction: Diversity

**Plaintiff**

**KELLI THOMPKINS**                    represented by   **John T. Kirtley , III**
                                                        FERRER POIROT & WANSBROUGH

                                                        2603 Oak Lawn Ave.
                                                        Suite 300
                                                        Dallas, TX 75219
                                                        214-521-4412
                                                        Fax: 866-513-0115
                                                        Email: jkirtley@lawyerworks.com


V.

**Defendant**

**COOK INCORPORATED**                  represented by   **Andrea Roberts Pierson**
                                                        FAEGRE DRINKER BIDDLE &
                                                        REATH LLP (Indianapolis)
                                                        300 North Meridian Street
                                                        Suite 2500
                                                        Indianapolis, IN 46204
                                                        317-237-0300
                                                        Fax: 317-237-1000
                                                        Email:
                                                        andrea.pierson@faegredrinker.com

                                                        **Kip S.M. McDonald**
                                                        FAEGRE DRINKER BIDDLE &
                                                        REATH LLP (Indianapolis)
                                                        300 North Meridian Street

Suite 2500
Indianapolis, IN 46204
(317) 237-1485
Fax: (317) 237-1000
Email:
Kip.McDonald@Faegredrinker.com

**Defendant**

**COOK MEDICAL LLC**          represented by **Andrea Roberts Pierson**
(See above for address)

**Kip S.M. McDonald**
(See above for address)

**Defendant**

**WILLIAM COOK EUROPE APS**          represented by **Andrea Roberts Pierson**
(See above for address)

**Kip S.M. McDonald**
(See above for address)

| Date Filed | # | Docket Text |
|---|---|---|
| 08/22/2017 | 1 | COMPLAINT against All Defendants, filed by KELLI THOMPKINS. (Filing fee $400, receipt number 0756-4503246) (Attachments: # 1 Civil Cover Sheet) (Kirtley, John) (Entered: 08/22/2017) |
| 08/22/2017 | 2 | NOTICE of Appearance by John T. Kirtley, III on behalf of Plaintiff KELLI THOMPKINS. (Kirtley, John) (Entered: 08/22/2017) |
| 08/23/2017 | 3 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (HET) (Entered: 08/23/2017) |
| 08/23/2017 | 4 | NOTICE of Reassignment pursuant to General Order dated July 13, 2016 of Case to Judge Richard L. Young and Magistrate Judge Tim A. Baker. Judge Tanya Walton Pratt, Magistrate Judge Matthew P. Brookman no longer assigned to the case. Please include the new case number, **17-cv-2879-RLY-TAB**, on all future filings in this matter. (HET) (Entered: 08/23/2017) |
| 08/30/2017 | 5 | Amended Order Establishing Policies and Procedures. Signed by Judge Richard L. Young on 8/30/2017.(JRT) (Entered: 08/30/2017) |
| 08/30/2017 | 6 | Remark - Pending Action SD/IN 1:17-cv-2879-RLY-TAB Transferred as a Member Action to MDL 2570 on 8/30/2017. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:17-cv-02879-RLY-TAB (JRT) (Entered: 08/30/2017) |
| 09/20/2017 | 7 | NOTICE of Appearance by John T. Schlafer on behalf of Defendants COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, |

| | | WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, MDL Defendants COOK INCORPORATED, COOK INCORPORATED, COOK INCORPORATED, COOK INCORPORATED, COOK INCORPORATED, COOK MEDICAL LLC, COOK MEDICAL LLC, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, WILLIAM COOK EUROPE APS, WILLIAM COOK EUROPE APS. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:17-cv-01724-RLY-TAB, 1:17-cv-02320-RLY-TAB, 1:17-cv-02381-RLY-TAB, 1:17-cv-02474-RLY-TAB, 1:17-cv-02715-RLY-TAB, 1:17-cv-02716-RLY-TAB, 1:17-cv-02737-RLY-TAB, 1:17-cv-02738-RLY-TAB, 1:17-cv-02746-RLY-TAB, 1:17-cv-02804-RLY-TAB, 1:17-cv-02812-RLY-TAB, 1:17-cv-02814-RLY-TAB, 1:17-cv-02819-RLY-TAB, 1:17-cv-02844-RLY-TAB, 1:17-cv-02845-RLY-TAB, 1:17-cv-02849-RLY-TAB, 1:17-cv-02877-RLY-TAB, 1:17-cv-02879-RLY-TAB, 1:17-cv-02883-RLY-TAB, 1:17-cv-02884-RLY-TAB (Schlafer, John) (Entered: 09/20/2017) |
| 09/20/2017 | 8 | NOTICE of Appearance by Andrea Roberts Pierson on behalf of Defendants COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, |

| | | |
|---|---|---|
| | | WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, MDL Defendants COOK INCORPORATED, COOK INCORPORATED, COOK INCORPORATED, COOK INCORPORATED, COOK INCORPORATED, COOK MEDICAL LLC, COOK MEDICAL LLC, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, WILLIAM COOK EUROPE APS, WILLIAM COOK EUROPE APS. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:17-cv-01724-RLY-TAB, 1:17-cv-02320-RLY-TAB, 1:17-cv-02381-RLY-TAB, 1:17-cv-02474-RLY-TAB, 1:17-cv-02715-RLY-TAB, 1:17-cv-02716-RLY-TAB, 1:17-cv-02737-RLY-TAB, 1:17-cv-02738-RLY-TAB, 1:17-cv-02746-RLY-TAB, 1:17-cv-02804-RLY-TAB, 1:17-cv-02812-RLY-TAB, 1:17-cv-02814-RLY-TAB, 1:17-cv-02819-RLY-TAB, 1:17-cv-02844-RLY-TAB, 1:17-cv-02845-RLY-TAB, 1:17-cv-02849-RLY-TAB, 1:17-cv-02877-RLY-TAB, 1:17-cv-02879-RLY-TAB, 1:17-cv-02883-RLY-TAB, 1:17-cv-02884-RLY-TAB (Pierson, Andrea) (Entered: 09/20/2017) |
| 08/02/2018 | 9 | NOTICE of Appearance by Kip S.M. McDonald on behalf of Defendants COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK |

MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, MDL Defendants COOK INCORPORATED, COOK INCORPORATED, COOK INCORPORATED, COOK INCORPORATED, COOK INCORPORATED, COOK INCORPORATED, COOK INCORPORATED, COOK MEDICAL LLC, COOK MEDICAL LLC, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, WILLIAM COOK EUROPE APS, WILLIAM COOK EUROPE APS. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (McDonald,

| | | |
|---|---|---|
| | | Kip) (Entered: 08/02/2018) |
| 08/09/2018 | 10 | MARGINAL ENTRY approving 8824 Notice of Withdrawal of Appearance. The appearance of attorney John T. Schlafer shall be withdrawn in 1:14-ml-2570 as well as in all Cook IVC Filter MDL member cases in which he has appeared. Signed by Magistrate Judge Tim A. Baker on 8/9/2018. Associated Cases: 1:14-ml-02570-RLY-TAB et al.(LBT) (Entered: 08/09/2018) |
| 02/19/2019 | 11 | RESPONSE in Opposition re (10182 in 1:14-ml-02570-RLY-TAB) Amended MOTION to Dismiss *Pursuant to the Court's Case Categorization Order* , filed by KELLI THOMPKINS. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:17-cv-02879-RLY-TAB(Kirtley, John) (Entered: 02/19/2019) |
| 03/19/2021 | 12 | RESPONSE in Opposition re (16212 in 1:14-ml-02570-RLY-TAB) MOTION for Judgment on the Pleadings *as to Plaintiff Kelli Thompkins' Case Pursuant to CMO-28* . Associated Cases: 1:14-ml-02570-RLY-TAB, 1:17-cv-02879-RLY-TAB(Kirtley, John) (Entered: 03/19/2021) |
| 05/17/2021 | 13 | ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28 - (16212) Motion for Judgment in Plaintiff's Case Pursuant to CMO-28 is GRANTED. See Entry for details. Signed by Judge Richard L. Young on 5/17/2021. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:17-cv-02879-RLY-TAB(LBT) (Entered: 05/18/2021) |
| 05/17/2021 | 14 | JUDGMENT - Pursuant to the Order issued this day, the court enters final judgment in favor of the Cook Defendants--Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS--and against the Plaintiff, Kelli Thompkins. Signed by Judge Richard L. Young on 5/17/2021.Associated Cases: 1:14-ml-02570-RLY-TAB, 1:17-cv-02879-RLY-TAB(LBT) (Entered: 05/18/2021) |
| 06/11/2021 | 15 | NOTICE OF APPEAL as to 13 Order on Motion for Judgment on the Pleadings, 14 Judgment, filed by Plaintiff KELLI THOMPKINS. (Filing fee $505, receipt number 0756-6605754, paid when NOA docketed on master docket, 1:14-ml-2570-RLY-TAB.) (LBT) (Entered: 06/11/2021) |
| 06/11/2021 | 16 | DOCKETING STATEMENT by KELLI THOMPKINS re 15 Notice of Appeal. (LBT) (Entered: 06/11/2021) |

**Case #: 1:17-cv-02879-RLY-TAB**