UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Bauer, Teresa, 1:18-cv-01818

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF TERESA BAUER'S CASE PURSUANT TO CMO-28**

The Court should dismiss Plaintiff's cause of action in its entirety. Plaintiff's undisputed knowledge in 2014 of the injury she now claims—a failed retrieval—negates her arguments based on the discovery rule and fraudulent concealment. Plaintiff's other claims fail for the same reasons this Court has stated in multiple other cases.

**A.      Ohio's Discovery Rule Does Not Save Plaintiff's Case**

Plaintiff's case is time-barred under Ohio law because she did not commence this action until more than two years after her failed filter retrieval. At the outset, Plaintiff's reliance on the discovery rule is misplaced because Ohio's discovery rule only "applies in cases of latent injury and not in cases of possible latent defects." *Carter v. Medtronic, Inc.*, 2020 WL 2319729, at *4 (S.D. Ohio May 11, 2020). A failed filter retrieval is not a latent injury, so Plaintiff is not entitled to application of the Ohio discovery rule.

Further, as this Court recently explained in *Heintzman*—which was decided under Indiana and Ohio law—Plaintiff Heintzman "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391. Accordingly, Plaintiff cannot claim the benefit of the discovery rule because she knew—or should have known—of her injury and the injury's alleged link to the filter. *See Baxley v. Harley-Davidson Motor Co., Inc.*, 875 N.E.2d 989, 990-91 (Ohio Ct. App. 2007) (citation omitted).

Plaintiff seeks to avoid this result by claiming that *Heintzman* is distinguishable because it involved a fractured filter while this case does not. *See* Dkt. 19032, Pl.'s Resp., at 4 n.4. This argument is unavailing. While *Heintzman* did involve a fractured filter, this Court expressly found that Plaintiff Heintzman "had enough information based ***on the failed retrieval procedure*** to put him on notice" to investigate his claim. *See* Dkt. 18391 at 3-4. Indeed, the Court ruled that Plaintiff

1

Heintzman had waived any argument based on discovery of the fracture because he had not raised the issue in his response, confirming that the Court had concluded that the failed retrieval alone was sufficient to trigger the statute of limitations. *See id.* at 3 n.3.

Plaintiff further seeks to avoid this result by claiming that a plaintiff must be informed by competent medical authority that the plaintiff has an injury for the statute of limitations to begin to run. Dkt. 19032, Pl.'s Resp., at 2-3 (quoting Ohio Rev. Code. Ann. § 2305.10(A)). But the cited portion of section 2305.10 applies only to latent injuries from exposure to hazardous substance, states multiple times that it applies to cases involving product "exposure," and represents a codification of the Ohio discovery rule discussed above, which was developed by Ohio courts some 20 years before the passage of the statute. *See* § 2305.10(B)(1); *O'Stricker v. Jim Walter Corp.*, 447 N.E.2d 727, 729 (Ohio Ct. App. 1983) (adopting the discovery rule for latent injuries in the context of asbestos litigation). Ohio's discovery rule only "applies in cases of latent injury and not in cases of possible latent defects." *Carter*, 2020 WL 2319729, at *4. As this Court recognized in *Heintzman*, a failed retrieval is not a latent injury, *see* Dkt. 18391, and Plaintiff therefore is not entitled to the application of the Ohio discovery rule here.

Finally, the premise of Plaintiff's argument is inherently flawed. Plaintiff contends that, although she knew in 2014 that she had a filter that could not be retrieved, a fact question remains concerning when Plaintiff discovered her injury. *See* Dkt. 19032, Pl.'s Resp., at 3-4. But this argument makes no sense. The failed retrieval is ***the exact injury*** that Plaintiff claims that she suffered. *See* Case Categorization Form (attached as **Exhibit B** and filed separately under seal). Plaintiff therefore faces an insoluble dilemma: If Plaintiff's 2014 failed retrieval ***was*** an injury, as her pleadings assert, her claims based on that "injury" are barred by the statute of limitations. *See Peh v. Kollin*, 158 N.E.3d 1057, 1061-62 (Ohio Ct. App. 2020) (citations omitted) (noting that a

plaintiff need not "be aware or suffer the full extent of his injury before there is a cognizable event" sufficient to trigger the statute of limitations). But if her failed retrieval was *not* an injury, as she suggests in her response, Plaintiff has no compensable injury and, thus, no claim.

C.     **Plaintiff's Fraudulent Concealment Argument is Unavailing**

Given the undisputed facts set out above, the fraudulent concealment allegations in Plaintiff's amended complaint do not save her case, even if she had properly pled them.[1] *See* Dkt. 16523. The failed retrieval attempt provided enough information to Plaintiff regarding the potential existence of a cause of action *independent* of any alleged fraudulent concealment on Cook's part. *See* Dkt. 15907 (collecting cases and explaining that "fraudulent concealment requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action"). Indeed, the Court reached this very conclusion in *Heintzman* when it found that Plaintiff Heintzman's fraudulent concealment allegations did not save his claims under Indiana and Ohio law. *See* Dkt. 18391. Because Plaintiff does not dispute that she underwent a failed retrieval more than three years prior to filing her action, fraudulent concealment cannot apply. The case is time-barred.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

[1] Plaintiff's new allegations of fraudulent concealment do not cure the pleading defects the Court identified in its February 22, 2021 order. *See* Dkt. 15907. Plaintiff does not allege that Cook knew of and affirmatively concealed *Plaintiff's* cause of action, as the Court required, and Plaintiff does not state the circumstances of the alleged fraud—that is, the who, what, when, where, and how—with the particularity required by Rule 9(b). *See id.* at 6-9. Instead, Plaintiff alleges only the same sorts of *pre*-filter-placement conduct set out in the Master Complaint.

                                                          Respectfully submitted,

Dated: June 24, 2021                          /s/ *Jessica Benson Cox*
                                                        Jessica Benson Cox, Counsel
                                                        Andrea Roberts Pierson
                                                        FAEGRE DRINKER BIDDLE & REATH LLP
                                                        300 North Meridian Street, Suite 2500
                                                        Indianapolis, Indiana  46204
                                                        Telephone:  (317) 237-0300
                                                        Andrea.Pierson@FaegreDrinker.com
                                                        Jessica.Cox@FaegreDrinker.com

                                                        James Stephen Bennett, Counsel
                                                        FAEGRE DRINKER BIDDLE & REATH LLP
                                                        110 West Berry Street, Suite 2400
                                                        Fort Wayne, Indiana  46802
                                                        Telephone:  (260) 424-8000
                                                        Stephen.Bennett@FaegreDrinker.com

                                                        *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF TERESA BAUER'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

                                                         /s/ *Jessica Benson Cox*