UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION           MDL No. 2570

_____

This Document Relates Only to the Following Cases:

King, Marybeth, 1:16-cv-341

_____

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF MARYBETH KING'S CASE PURSUANT TO CMO-28**

The Court should dismiss Plaintiff's cause of action in its entirety. Plaintiff's undisputed knowledge in 2009 of the injury she now claims—a failed retrieval—negates her arguments in support of her tort claims based on the discovery rule and fraudulent concealment.[1]

## A.   Indiana's Discovery Rule Does Not Save Plaintiff's Case

Plaintiff's case is time-barred under Indiana law because she did not commence this action until more than two years after her failed filter retrieval. As this Court recently explained in *Heintzman*—which was decided under Indiana and Ohio law—Plaintiff Heintzman "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391. Here, as in *Heintzman*, the failed retrieval procedure provided sufficient information to start the limitations period as a matter of law, and Plaintiff has failed to explain why the Court should deviate from its decision in *Heintzman*.

Plaintiff's reliance on *Nelson v. Sandoz Pharm. Corp.*, 288 F.3d 954 (7th Cir. 2002), is misplaced. In *Nelson,* the plaintiff had been told by her doctor that the defendant's drug did *not* cause her stroke, and the court held that the statute did not start to run until a doctor told her that there was a "reasonable possibility, if not a probability," that the drug had caused the stroke. *Id.* at 966. In contrast here, as in *Heintzman,* Plaintiff undisputedly knew at the time of the failed filter retrieval attempt that the filter was a potential factor in the failed attempt.

Plaintiff contends that, although she knew in 2009 that she had a filter that could not be retrieved, a fact question remains concerning when Plaintiff discovered her injury.[2] *See* Dkt.

---

[1] Plaintiff's response does not deny that Cook is entitled to the dismissal of her non-tort-based claims.

[2] Plaintiff asserts that because Cook previously sought to dismiss her case on grounds that she failed to state an injury, Cook cannot now claim that Plaintiff knew or had reason to know she was injured in 2009. Dkt. 19043, Pl.'s Resp., at 3. Not only does this argument fail for the reasons articulated in this reply, but Plaintiff fails to acknowledge that Cook sought to dismiss her case because she only alleged a Category 2

19043, Pl.'s Resp., at 2-4.  But this argument makes no sense.  The failed retrieval is ***the exact***
***injury*** that Plaintiff claims that she suffered.  *See* Case Categorization Form (attached as **Exhibit**
**B** and filed separately under seal).  Plaintiff therefore faces an insoluble dilemma: If Plaintiff's
2009 failed retrieval ***was*** an injury, as her pleadings assert, her claims based on that "injury" are
barred by the statute of limitations.  *See Cooper Indus, LLC v. City of S. Bend*, 899 N.E.2d 1274,
1280 (Ind. 2009) ("For an action to accrue, it is not necessary that the full extent of the damage to
be known or even ascertainable, but only that some ascertainable damage has occurred.").  But if
her failed retrieval was ***not*** an injury, as she arguably implies in her response, Plaintiff has no
compensable injury and, thus, no claim.  *Atl. Coast Airlines v. Cook*, 857 N.E.2d 989, 996 (Ind.
2006) (explaining that Indiana's "modified impact rule maintains the requirement of a direct
physical impact" to pursue a personal injury action).

**B.**    **Ohio's Discovery Rule Does Not Save Plaintiff's Claim**

Evening assuming Ohio law applied,[3] Plaintiff's case would still be time-barred.  As noted
above, the Court decided *Heintzman* under *both* Indiana *and* Ohio law, and Plaintiff has failed to
explain why the Court should deviate from its prior ruling.  Ohio's discovery rule only "applies in
cases of latent injury and not in cases of possible latent defects."  *Carter v. Medtronic, Inc.*, 2020
WL 2319729, at *4 (S.D. Ohio May 11, 2020).  As this Court recognized in *Heintzman*, a failed

___

non-physical injury, i.e., worry, stress, or fear of future injury, in her original Categorization Form.  Dkt.
10856; Dkt. 10857.  Indeed, in light of Cook's motion, Plaintiff amended her Categorization Form to allege
the injury she now claims—a failed retrieval.  Thus, Plaintiff's contention is baseless and cannot save her
claim.

[3] Plaintiff filed her case in the MDL outside of the Court's equitable period and, thus, Indiana's choice-of-
law rules and the Indiana statute-of-limitations apply.  *See* Dkt. 13539.

retrieval is not a latent injury, *see* Dkt. 18391, and Plaintiff therefore is not entitled to the application of the Ohio discovery rule here.

**C.   Plaintiff's Fraudulent Concealment Argument is Unavailing**

Given the undisputed facts set out above, the fraudulent concealment allegations in Plaintiff's amended complaint do not save her case, even if she had properly pled them.[4]  *See* Dkt. 16677.   The failed retrieval attempt provided enough information to Plaintiff regarding the potential existence of a cause of action *independent* of any alleged fraudulent concealment on Cook's part.   *See* Dkt. 15907 (collecting cases and explaining that "fraudulent concealment requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action").   Indeed, the Court reached this very conclusion in *Heintzman* when it found that Plaintiff Heintzman's fraudulent concealment allegations did not save his claims under Indiana and Ohio law.  *See* Dkt. 18391.  Because Plaintiff does not dispute that she underwent a failed retrieval attempt more than six years before filing her action, fraudulent concealment cannot apply.  The case is time-barred.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

[4] Plaintiff's new allegations of fraudulent concealment do not cure the pleading defects the Court identified in its February 22, 2021 order.  *See* Dkt. 15907.  Plaintiff does not allege that Cook knew of and affirmatively concealed *Plaintiff's* cause of action, as the Court required, and Plaintiff does not state the circumstances of the alleged fraud—that is, the who, what, when, where, and how—with the particularity required by Rule 9(b).  *See id.* at 6-9.  Instead, Plaintiff alleges only the same sorts of *pre*-filter-placement conduct set out in the Master Complaint.

Respectfully submitted,

Dated:  June 24, 2021

*/s/ Jessica Benson Cox*
Jessica Benson Cox, Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF MARYBETH KING'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

*/s/ Jessica Benson Cox*