UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

---

This Document Relates Only to the Following Cases:

Guiney, Melissa, 1:17-cv-01577

---

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF MELISSA GUINEY'S CASE PURSUANT TO CMO-28**

The Court should dismiss Plaintiff's cause of action in its entirety. Plaintiff's undisputed knowledge in 2006 of the injury she now claims—a failed retrieval—negates her arguments in support of her tort claims based on the discovery rule and fraudulent concealment.[1]

**A.     Indiana's Discovery Rule Does Not Save Plaintiff's Case**

Plaintiff's case is time-barred under Indiana law because she did not commence this action until more than two years after her failed filter retrieval.[2] As this Court recently explained in *Heintzman*—which was decided under Indiana and Ohio law—Plaintiff Heintzman "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391. Here, as in *Heintzman*, the failed retrieval procedure provided sufficient information to start the limitations period as a matter of law.

Plaintiff seeks to avoid this result by claiming that *Heintzman* is distinguishable because it involved a fractured filter while this case does not. *See* Dkt. 19031, Pl.'s Resp., at 3-4 n. 4, 6. This argument is unavailing. Although *Heintzman* did involve a fractured filter, that was not the basis of the decision; this Court expressly found that Plaintiff Heintzman "had enough information based ***on the failed retrieval procedure*** to put him on notice" to investigate his claim. *See* Dkt. 18391 at 3-4 (emphasis added).

Plaintiff further contends that, although she knew in 2006 that she had a filter that could not be retrieved, a fact question remains concerning whether Plaintiff's injury was "ascertainable"

---

[1] Regarding Plaintiff's footnote request for additional pages to brief the non-product liability claims, Dkt. 19031 at 4, Local Rule 7.1(a) requires such a request to be made by separate motion. As no such motion was filed and Plaintiff's Response does not provide argument that would save those claims, Cook reiterates its argument from the opening brief that Plaintiff's consumer fraud and warranty claims also fail.

[2] Plaintiff's Response acknowledges that Indiana law applies under the Court's order and preserves her argument that California law should apply for appellate purposes. *See* Pl.'s Resp., Dkt. 19031 at 2, n. 1.

1

at that time. *See* Dkt. 19031, Pl.'s Resp., at 3. But this argument makes no sense. The failed retrieval is **the exact injury** that Plaintiff claims that she suffered. *See* Case Categorization Form (attached as **Exhibit B** and filed separately under seal). The only other injury claimed is a Category 6 "right lateral tilt," which was noted as part of the same failed retrieval record.[3] Plaintiff therefore faces an insoluble dilemma: If Plaintiff's 2006 failed retrieval ***was*** an injury, as her pleadings assert, her claims based on that "injury" are barred by the statute of limitations. *See Cooper Indus, LLC v. City of S. Bend*, 899 N.E.2d 1274, 1280 (Ind. 2009) ("For an action to accrue, it is not necessary that the full extent of the damage to be known or even ascertainable, but only that some ascertainable damage has occurred."). But if her failed retrieval was ***not*** an injury, as she arguably implies in her response, Plaintiff has no compensable injury and, thus, no claim. *Atl. Coast Airlines v. Cook*, 857 N.E.2d 989, 996 (Ind. 2006) (explaining that Indiana's "modified impact rule maintains the requirement of a direct physical impact" to pursue a personal injury action).

**B.      Plaintiff's Fraudulent Concealment Argument is Unavailing**

Given the undisputed facts set out above, the fraudulent concealment allegations in Plaintiff's amended complaint do not save her case, even if she had properly pled them.[4] The failed retrieval attempt provided enough information to Plaintiff regarding the potential existence of a cause of action *independent* of any alleged fraudulent concealment on Cook's part. *See* Dkt. 15907 (collecting cases and explaining that "fraudulent concealment requires an allegation that the

---

[3] As the Court is aware, Cook has argued that tilt alone is not a legally cognizable injury, relying in part on the Southern District of New York's dismissal of a filter case involving tilt for failure to state a claim. *See Perez v. B. Braun Med., Inc.*, 2018 WL 2316334 (S.D.N.Y. May 9, 2018).

[4] Plaintiff's new allegations of fraudulent concealment do not cure the pleading defects the Court identified in its February 22, 2021 order. *See* Dkt. 15907. Plaintiff does not allege that Cook knew of and affirmatively concealed *Plaintiff's* cause of action, as the Court required, and Plaintiff does not state the circumstances of the alleged fraud—that is, the who, what, when, where, and how—with the particularity required by Rule 9(b). *See id.* at 6-9. Instead, Plaintiff alleges only the same sorts of ***pre***-filter-placement conduct set out in the Master Complaint.

defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action"). Indeed, the Court reached this very conclusion in *Heintzman* when it found that Plaintiff Heintzman's fraudulent concealment allegations did not save his claims under Indiana and Ohio law. *See* Dkt. 18391. Because Plaintiff does not dispute that she underwent a failed retrieval attempt about 10 years before filing her action, fraudulent concealment cannot save her claim. The case is time-barred.

C. **California's Discovery Rule Would Not Save Plaintiff's Claim**

Even assuming California law applied, Plaintiff's case would also be time-barred by California's two-year statute of limitations. Plaintiff ignores the second portion of the discovery rule in California, which imposes a heightened pleading requirement under state law:

> [A] cause of action accrues and the statute of limitations begins to run when the plaintiff has reason to suspect an injury and some wrongful cause, *unless the plaintiff pleads and proves that a reasonable investigation at that time would not have revealed a factual basis for that particular cause of action*.

Cal. Civ. Code Proc.§ 335.1 (emphasis added). As explained above, Plaintiff had sufficient information that her filter could not be removed in 2006, but she has not pled in her original or Amended Short-Form Complaint what steps she took to conduct a reasonable investigation at that time or why such a reasonable investigation would not have revealed a factual basis for the claim at that time. *See E-Fab, Inc. v. Accountants, Inc. Servs.*, 153 Cal. App. 4th 1308, 1324 (Cal. Ct. App. 2007) (explaining that a plaintiff's pleadings must (1) establish the time and manner of discovery and (2) an "inability to have made earlier discovery despite reasonable diligence," including that there are no "circumstances that should have alerted the plaintiff to its injury at defendant's hands."). Thus, she has also failed to state a case for equitable treatment under California law, as well.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  June 24, 2021 | /s/ *Jessica Benson Cox*<br>Jessica Benson Cox, Counsel<br>Andrea Roberts Pierson<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>300 North Meridian Street, Suite 2500<br>Indianapolis, Indiana  46204<br>Telephone:  (317) 237-0300<br>Andrea.Pierson@FaegreDrinker.com<br>Jessica.Cox@FaegreDrinker.com<br><br>James Stephen Bennett, Counsel<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>110 West Berry Street, Suite 2400<br>Fort Wayne, Indiana  46802<br>Telephone:  (260) 424-8000<br>Stephen.Bennett@FaegreDrinker.com<br><br>*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF MELISSA GUINEY'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*