UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Wharton, Kevin, 1:17-cv-1775

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF KEVIN WHARTON'S CASE PURSUANT TO CMO-28**

The Court should dismiss Plaintiff's cause of action in its entirety.  Plaintiff's undisputed knowledge in 2012 of the injury he now claims—a complicated retrieval—negates his arguments in support of his tort claims based on the discovery rule and fraudulent concealment.[1]

A.      **Indiana's Discovery Rule Does Not Save Plaintiff's Case**

Plaintiff's case is time-barred under Indiana law because he did not commence this action until more than two years after a successful filter retrieval.  The Court has already ruled in this MDL that claims are time-barred under Indiana law where the filter was removed more than two years before commencement of the action.  *See* Dkt. 14428 (granting summary judgment in six time-barred open removal cases); *see also In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 352 (S.D.N.Y. 2014); *Neuhauser v. A.H. Robins Co.*, 573 F. Supp. 8, 9-10 (S.D. Ind. 1983) (both cases holding under Indiana law that the claim accrued upon removal of the device or earlier).  Plaintiff has not demonstrated why the Court should deviate from its prior order, and Plaintiff's argument should be rejected.

Plaintiff attempts to avoid this result by claiming that "Plaintiff did not know or have reason to know about the defective nature of the IVC Filter until he saw ads informing hi[m] of the defective nature of Cook's IVC filter in 2016."  Dkt. 19041, Pl.'s Resp., at 3.  Indiana law, however, does not require knowledge of defect to start the running of the statute of limitations. *See Valmore v. Janssen Pharm. Prods., LP*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005) ("There is no requirement that the potential plaintiff know or believe a product is 'defective' before the limitations period may commence.").  Thus, Plaintiff's knowledge of the filter's allegedly defective nature is irrelevant to the statute-of-limitations analysis under Indiana law.

---

[1] Plaintiff's Response does not deny that Cook is entitled to the dismissal of his non-tort-based claims.

Furthermore, Plaintiff's argument places him in an insoluble dilemma: If Plaintiff's alleged complicated retrieval *was* an injury, as his pleadings assert, his claims based on that injury are time-barred because a claim accrues under Indiana law—at latest—upon removal of the device. *See Truitt*, 29 F. Supp. 3d at 352; *Neuhauser*, 573 F. Supp. At 9-10.  But if his alleged complicated retrieval was *not* an injury, as he arguably implies in his response, Plaintiff has no compensable injury and, thus, no claim.[2]  Indeed, with the filter successfully removed from Plaintiff's body, there is no potential for some other injury to occur, and Plaintiff's lawsuit would have no basis to continue.

**B.     Ohio's Discovery Rule Does Not Save Plaintiff's Claim**

Evening assuming Ohio law applied,[3] Plaintiff's case would still be time-barred.  The Court has already held in this MDL that claims are time-barred under Ohio law where the filter was removed more than two years before commencement of the action.  *See* Dkt. 18018 (granting judgment in the *Snider* case and finding the statute of limitations began to run—at the latest—on the date of his removal surgery); *see also Griffin v. Am. Med. Sys., Inc.*, 106 F.3d 400 (Table), 1997 WL 6131 (6th Cir. Jan. 7, 1997); *Carter v. Medtronic, Inc.*, 2020 WL 2319729, at *4 (S.D. Ohio May 11, 2020) (both cases holding under Ohio law that the claim accrued upon removal of the device or earlier).  Moreover, as the Court recognized in *Snider*, Ohio's discovery rule only "applies in cases of latent injury," and an alleged difficult filter retrieval by its nature is not a case

---

[2] Cook submits that Plaintiff's case should also be dismissed under the Court's order directing dismissal of Category 1 cases. Dkt. 9322 ("Cases in Category 1 are subject to immediate dismissal."); *see also* Dkt. 10588 (dismissing Category 1 cases with prejudice). While Plaintiff alleges his filter retrieval was difficult and thus a Category 5 injury, Plaintiff's medical records show the filter was retrieved without complication or resort to special tools or medical techniques.  *See* Dkt. 18920, Sealed Exhibit A.  Indeed, Plaintiff's physicians ostensibly did not inform him of any injury precisely because he did not suffer one.

[3] Plaintiff filed his case in the MDL outside of the Court's equitable period and Indiana's choice-of-law rules and the Indiana statute-of-limitations thus apply.  *See* Dkt. 13539.

2

of latent injury. *See* Dkt. 18018, at 5 (quoting *Carter*, 2020 WL 2319729, at *4). Thus, Plaintiff is not entitled to the application of Ohio's discovery rule here.

C.     **Plaintiff's Fraudulent Concealment Argument is Unavailing**

Given the undisputed facts set out above, the fraudulent concealment allegations in Plaintiff's amended complaint do not save his case, even if he had properly pled them.[4] *See* Dkt. 16677. The retrieval procedure provided enough information to Plaintiff regarding the potential existence of a cause of action *independent* of any alleged fraudulent concealment on Cook's part. *See* Dkt. 15907 (collecting cases and explaining that "fraudulent concealment requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action"). Indeed, the Court recently reached this conclusion—albeit in the context of a failed retrieval—in *Heintzman*, when it found that Plaintiff Heintzman's fraudulent concealment allegations did not save his claims under Indiana and Ohio law. *See* Dkt. 18391. Because Plaintiff does not dispute that his filter was successfully retrieved more than four years before he filed his action, fraudulent concealment cannot apply. The case is time-barred.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

[4] Plaintiff's new allegations of fraudulent concealment do not cure the pleading defects the Court identified in its February 22, 2021 order. *See* Dkt. 15907. Plaintiff does not allege that Cook knew of and affirmatively concealed *Plaintiff's* cause of action, as the Court required, and Plaintiff does not state the circumstances of the alleged fraud—that is, the who, what, when, where, and how—with the particularity required by Rule 9(b). *See id.* at 6-9. Instead, Plaintiff alleges only the same sorts of *pre*-filter-placement conduct set out in the Master Complaint.

Respectfully submitted,

Dated:  June 24, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF KEVIN WHARTON'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*