UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND            Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION             MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Grant, Cheree, 1:16-cv-01745

_____

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN
<u>PLAINTIFF CHEREE GRANT'S CASE PURSUANT TO CMO-28</u>**

The Court should dismiss Plaintiff's cause of action in its entirety. Plaintiff's undisputed knowledge in 2011 of the injury she now claims—a failed retrieval—negates her arguments based on the discovery rule, and Plaintiff's fraudulent concealment argument is irrelevant. Plaintiff's other claims have been waived.

## I. Neither Indiana Nor Arizona's Discovery Rule Saves Plaintiff's Claims

Plaintiff's case is time-barred under Indiana law because her failed retrieval occurred more than two years before the case was filed. This Court recently dismissed a failed retrieval case under Indiana law because it concluded that the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391 (*Heintzman* order). Likewise here, Plaintiff's claims accrued when she underwent a failed retrieval procedure on April 30, 2011 and expired two years later on April 30, 2013—more than three years before she commenced this lawsuit.

Plaintiff contends that, although she knew in 2011 that her retrievable filter could not be retrieved, she nonetheless did not know she had suffered an injury until "the end of 2015." Dkt. 19042 at 3. But this argument makes no sense; the failed retrieval necessarily gave Plaintiff notice she had suffered an injury because the inability to retrieve her filter is ***the exact injury*** that Plaintiff claims she suffered. *See* Case Categorization Form (attached as **Exhibit B** and filed separately under seal). Accordingly, if Plaintiff's 2013 failed retrieval *was* an injury, as her pleadings assert, then her claims based on that "injury" are barred by the statute of limitations. *See Monsanto v. Miller,* 455 N.E.2d 392, 394 (Ind. Ct. App. 1983) ("A cause of action accrues when an injury, wrongfully inflicted, causes damage . . . it is not necessary that the full extent of

1

the damage be known or even ascertainable but only that some ascertainable damage has occurred").

Even assuming *arguendo* that Arizona's statute of limitations applied – and it does not – Plaintiff's claims are still time-barred. Like Indiana, Arizona has a two-year limitations period. *See* Ariz. Rev. Stat § 12-542(1). This Court granted judgment on the pleadings in the *Fitzgerald* case under Indiana and Arizona law because "Plaintiff necessarily knew at the time of her open removal surgery in May 2011 that there was an issue with her filter. She was thus on inquiry notice to investigate the matter further to determine when she had an actionable claim." Dkt. 18365. Likewise here, Plaintiff knew there was "an issue with her filter" no later than her April 30, 2011 failed retrieval attempt, and her claims are therefore time-barred under Arizona law.

## II. Plaintiff's Fraudulent Concealment Argument is Irrelevant

Regarding fraudulent concealment, the Court recently dismissed the fraudulent concealment allegations in the Plaintiffs' Master Complaint. *See* Dkt. 15907. Although Plaintiff filed an amended short form complaint on March 25, 2021, the amendment does not save her action here because Plaintiff's failed retrieval provided enough information to Plaintiff regarding the potential existence of a cause of action *independent* of any alleged fraudulent concealment on Cook's part.[1]  *See Miller v. A.H. Robins Co.*, 766 F.2d 1102, 1106–07 (7th Cir. 1985) ("[w]hen a plaintiff learns of information that would lead to the discovery of the cause of action through diligence, the statute of limitations begins to run, regardless of concealment."). Because Plaintiff

---

[1] Plaintiff's new allegations of fraudulent concealment do not in fact cure the pleading defects the Court identified in its previous order. *See* Dkt. 15907. Plaintiff does not allege that Cook knew of and affirmatively concealed *Plaintiff's* cause of action, as the Court required, and she does not state the circumstances of the alleged fraud—the who, what, when, where, and how—with the particularity required by Rule 9(b). *See id.* at 6-9. Instead, Plaintiff alleges only the same sorts of pre-filter-placement conduct set out in the Master Complaint.

2

had independent awareness of the potential existence of her cause of action more than two years before she filed this lawsuit, her allegations of fraudulent concealment are irrelevant.

### III.   Plaintiff Has Waived Her Other Claims

Cook also moves for judgment on Plaintiff's implied warranty, express warranty, consumer protection, and punitive damages claims. Plaintiff did not respond to Cook's arguments, effectively waiving any objection to dismissal. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the Bontes have done here—results in waiver.").

### IV.   Conclusion

For the foregoing reasons, and the reasons set forth in Cook's opening brief, the Court should dismiss all of Plaintiff's claims with prejudice.

Respectfully submitted,

Dated: June 24, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2021, a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF CHEREE GRANT'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Jessica Benson Cox*