UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                     MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Dory, Justin Anthony, 1:18-cv-02738

_____

### DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF JUSTIN ANTHONY DORY'S CASE PURSUANT TO CMO-28

The Court should dismiss Plaintiff's cause of action in its entirety. Plaintiff's claims accrued when his filter was removed in 2016, and Plaintiff's other arguments fail for the same reasons this Court has stated in multiple other cases.

**I.   Colorado's Discovery Rule Does Not Save Plaintiff's Claims**

Plaintiff's case is time-barred under Colorado law because he did not commence this action until more than two years after the successful retrieval of his filter. Indeed, this Court recently dismissed a similar case under Colorado law, holding that the plaintiff's claims accrued no later than the successful retrieval of her filter. *See* Dkt. 18735 (*Boudreau* order).

Plaintiff argues his case is different because he did not discover his injury until more than a month after the procedure. Dkt. 19030 at 2-3. But the only injury alleged by Plaintiff is that a "[l]arge amount of tissue removed with IVC filter, estimate 8x8 mm piece of cava adherent to filter," *see* Case Categorization Form (attached as **Exhibit B** and filed separately under seal), and that injury was both knowable and known on the day of Plaintiff's filter retrieval procedure. Although Plaintiff asserts that "[t]he lone medical record provided by Defendants indicates the

IVC was successfully removed, which suggests that Mr. Dory did not suffer injury from the filter's removal," Dkt. 19030 at 2-3, the record in fact demonstrates just the opposite. The record states that Plaintiff's "difficult but successful" retrieval procedure resulted in a "large amount of tissue removed with IVC filter, estimate 8x8 mm piece of cava adherent to filter." *See* Dkt. 18924 at 2 (sealed categorization medical record attached as Exhibit A to Cook's opening brief). Moreover, the record indicates that the tissue removed with the filter resulted in a pseudoaneurysm of Plaintiff's vena cava, which required immediate placement of two endovascular stents to repair the vein. *Id*. Thus, there was nothing "latent" about Plaintiff's injury, as he contends in his response brief; the claimed injury was identified and treated immediately.

To recap, by July 29, 2016, Plaintiff knew that he had undergone a successful but complicated filter retrieval procedure that resulted in the placement of two endovascular stents to repair the very injury he now alleges. Accordingly, like the plaintiff in *Boudreau*, Plaintiff knew or should have known by the exercise of reasonable diligence that he was injured no later than the date his filter was removed, and his claims are therefore time-barred under Colorado law. Colo. Rev. Stat. Ann. § 13-80-108(1) (claims accrue "on the date both the injury and its cause of action are known or should have been known by the exercise of reasonable diligence").

## II. Plaintiff's Fraudulent Concealment Argument is Irrelevant

Regarding fraudulent concealment, the Court recently dismissed the fraudulent concealment allegations in the Plaintiffs' Master Complaint. *See* Dkt. 15907. Although Plaintiff filed an amended short form complaint on March 25, 2021, the amendment does not save his action here because the fraudulent concealment statute he invokes tolls a claim *only* if a plaintiff "is unable, by reasonable diligence, to discover the facts necessary for determining the existence

of a claim for relief." *BP Am. Prod. Co. v. Patterson*, 263 P.3d 103, 109 (Colo. 2011). As detailed above, Plaintiff discovered or should have discovered the existence of a potential claim no later than July 29, 2016, when his filter was retrieved in a complicated procedure that resulted in the placement of two endovascular stents to repair damage that occurred during the procedure. Because Plaintiff discovered the potential existence of his cause of action more than two years prior to the filing of this lawsuit, his new allegations of fraudulent concealment are irrelevant.

### III.  Plaintiff's Warranty Claims Are Time Barred

Plaintiff fails to respond Cook's argument that his breach of warranty claims are time barred and instead requests additional pages to address the issue. *See* Dkt. 19030 at 4 n.4. But additional pages would be futile because Plaintiff's breach of warranty claims are clearly time barred. Colorado law subjects warranty claims to a three-year statute of limitations, Colo. Rev. Stat. § 13-80-101(1)(a), and such claims accrue upon tender of delivery, Colo. Rev. Stat. § 4-2-725. Here, Plaintiff received his filter on August 11, 2006, and the tender of delivery could not have occurred after that date. Therefore, by the time Plaintiff commenced this action on September 5, 2018, his breach of warranty claims were time-barred by more than nine years.

### IV.  Conclusion

For the foregoing reasons, and the reasons set forth in Cook's opening brief, the Court should dismiss all of Plaintiff's claims with prejudice.

Respectfully submitted,

Dated:  June 24, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300

        Andrea.Pierson@FaegreDrinker.com
        Jessica.Cox@FaegreDrinker.com

        James Stephen Bennett
        FAEGRE DRINKER BIDDLE & REATH LLP
        110 West Berry Street, Suite 2400
        Fort Wayne, Indiana 46802
        Telephone: (260) 424-8000
        Stephen.Bennett@FaegreDrinker.com

        *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2021, a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF JUSTIN ANTHONY DORY'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

        /s/ *Jessica Benson Cox*