UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Bradley, Rickey, 1:20-cv-01733

**DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF RICKEY BRADLEY'S CASE PURSUANT TO CMO-28**

Under Fed. R. Civ. P. 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges injury based on inability to retrieve his IVC filter.

1. Plaintiff's Name: Rickey Bradley[1]

2. Case Number: 1:20-cv-01733

3. Case Origin: Filed in the Southern District of Indiana on June 25, 2020

4. Plaintiff's Home State per Complaint: Illinois (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. Applicable Choice of Law Rules: Indiana, *see* Dkt. 13539 (finding Indiana choice-of-law rules apply to all claims in the MDL originally filed in the Southern District of Indiana, except those filed between May 31, 2017 and June 13, 2019).

6. Applicable Statute of Limitations: Indiana (2 years), Ind. Code 34-20-3-1(b)(1) ("[A] product liability action must be commenced: (1) within two (2) years after the cause of action accrues").

7. Filter Placement Date: April 28, 2008

8. Latest Possible Date of Accrual: November 21, 2011 (*see* Categorization Medical

---

[1] The Cook defendants refer to Mr. Bradley as "Plaintiff" due to the singular language used in the structure of the Short Form Complaint. Plaintiff's spouse, Charlene Bradley, is a Co-Plaintiff on a loss of consortium claim, and this motion seeks dismissal of her derivative claim as well.

Record attached as **Exhibit A** and filed under seal noting: "The retrievable IVC filter was not removed secondary to thrombus" and "Mr. Bradley…presents with complaints of left lower extremity pain.").[2]

9.  Length of Time Between Claim Accrual and Filing:  8 years, 7 months, 4 days

## BRIEF ARGUMENT

Indiana law bars Plaintiff's personal injury claims because he filed his case more than two years after an unsuccessful attempt to remove his filter.[3] *See supra*, ¶¶ 3, 8-9.

Indiana's discovery rule "looks only to when a plaintiff knew that he or she suffered an ascertainable injury, and knew or should have discovered that the injury was caused by the product or act of another." *Valmore v. Janssen Pharm. Prods., LP*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005). To trigger the statute of limitations, a plaintiff only needs to know—or reasonably should know—that a product is a potential cause of the injury, not that the product is the ultimate legal cause of the injury. *See id.* at *2 ("A plaintiff . . . need not know with certainty that a particular product caused her injury to trigger the running of the statutory time period."). This Court dismissed the *Heintzman* case under Indiana law where the plaintiff underwent a failed retrieval attempt more than two years before commencing the action, finding that the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391; *see*

---

[2] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion. *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").

[3] Plaintiff's claims would also be also barred under Illinois' two-year statute of limitations. *See* 735 Ill. Comp. Stat § 5/13-213 ("The plaintiff may bring an action within 2 years after the date on which the claimant knew, or through use of reasonable diligence should have known, of the existence of personal injury, death or property damage…"); *see also Golla v. Gen. Motors Corp.*, 657 N.E.2d 894, 898 (Ill. 1995) (holding that when an injury is caused by a "sudden traumatic event," the cause of action accrues when the injury occurred because "the injured party is thereby put on notice that actionable conduct might be involved."); *Curry v. A.H. Robins Co.* 775 F.2d 212, 216 (7th Cir. 1985) (applying Illinois law and finding Plaintiff's claims time-barred when Plaintiff experienced irregularity and pain while using the device).

also *In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 352 (S.D.N.Y. 2014); *Neuhauser v. A.H. Robins Co.*, 573 F. Supp. 8, 9-10 (S.D. Ind. 1983) (both cases holding under Indiana law that the claim accrued upon removal of the device or earlier). Here, as in *Heintzman*, the failed retrieval procedure provided sufficient information to start the limitations period as a matter of law.

Plaintiff's implied warranty claim fails on the same ground. Indiana law subjects warranty claims to the same two-year statute of limitations discussed above. *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).[4]

As to Plaintiff's consumer protection and express warranty claims, the Court has concluded that these claims are not adequately pled in the Master Complaint, and Plaintiff's Short-Form Complaint does not add any substantive facts to save them here. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Thus, Plaintiff has failed to plead a viable state consumer protection claim with the particularity required by Rule 9 or a viable express warranty claim. Plaintiff's claim for punitive damages fails as derivative. Co-Plaintiff Charlene Bradley's loss of consortium claim also fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

[4] Under Illinois law, warranty claims are subject to a four-year statute of limitations. *See* 810 ILCS §5/2-725 (noting that an action for breach of any contract for sale must be commenced within four years after the cause of action accrues and noting accrual begins when tender of delivery is made). As Plaintiff did not file a claim until over 12 years after the filter's placement, Plaintiff's warranty claims would also fail.

<table>
<tr><td>Dated: July 1, 2021</td><td>Respectfully submitted,

/s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*</td></tr>
</table>

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2021, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF RICKEY BRADLEY'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*