UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND             No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION              MDL No. 2570
_____

This Document Relates to the Following Cases:

Jasmine Bowen, 1:17-cv-02704
_____

### ENTRY ON DEFENDANTS' MOTION FOR PARTIAL JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for partial judgment on the pleadings in Plaintiff Jasmine Bowen's case. The court, having read and reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion for partial judgment should be **GRANTED**.

**I.   Background**

Plaintiff was implanted with a Cook Günther Tulip Vena Cava filter on January 15, 2014 at Rush University Medical Center in Chicago, Illinois. (1:17-cv-02704, Filing No. 13, Am. Short Form Compl. ¶¶ 10-12). The filter became embedded in the wall of her IVC. (Filing No. 18420, Medical Record at 1).

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

1

On March 19, 2014, Plaintiff underwent a procedure to remove the filter with only light sedation. (*Id.* at 2). Multiple attempts were made to remove the filter, but Plaintiff was unable to tolerate the procedure. (*Id.* at 1-2) (noting "the amount of tension required to release the filter from the wall was unbearable"). She requested that the procedure be done the next morning under general anesthesia. (*Id.* at 2). The procedure was successful. (*Id.* at 5) ("From the right IJ, using two wires that were looped around the filter, the IVC filter was successfully removed.").

Plaintiff filed the present action on August 9, 2017.

## II.     Discussion

Cook moves to dismiss with prejudice Plaintiff's personal injury, express warranty, consumer fraud, and punitive damages claims. Because Plaintiff submitted an affidavit, the court will treat this motion as one for summary judgment. Fed. R. Civ. P. 12(d).

### A.     Personal Injury Claims

Illinois has a two-year statute of limitations for product liability actions. 735 Ill. Comp. Stat. § 5/13-202. For purposes of the accrual date, Illinois follows the discovery rule. *Hutson v. Hartke*, 686 N.E.2d 734, 736 (Ill. App. Ct. 1997). "The discovery rule postpones the commencement of the statute of limitations until the injured plaintiff knows or reasonably should know that she has been injured and that her injury was wrongfully caused." *Id.* This occurs when she "possesses 'sufficient information concerning [an] injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved.'" *Hoffman v. Orthopedic Sys., Inc.*, 765 N.E.2d 116, 122 (Ill. Ct. App. 2002).

Cook argues Plaintiff's personal injury claims are time-barred under Illinois law because she filed her action more than two years after an unsuccessful attempt to remove the filter. Plaintiff responds that she did not know at the time of the failed retrieval that her IVC filter posed a "serious safety risk." Indeed, she claims she did not know the filter was defective and likely caused her injuries until August 2016.[2] (Filing No. 18775-1, Affidavit of Jasmine Bowen ¶ 5).

Plaintiff's claimed injury occurred on March 19, 2014, when she underwent the procedure to retrieve her filter. The retrieval procedure was aborted at Plaintiff's request because "the amount of tension required to release the filter from the wall was unbearable." (Medical Record at 2). At that point, she had sufficient information to put her on notice that she must inquire into her rights. That is all that is required to trigger the statute of limitations. Her case was filed over one year too late and is therefore time-barred.

Plaintiff also argues Cook fraudulently concealed information relating to the defective nature of the filter; consequently, she did not discover her cause of action until August 2016. As the court has stated in previous orders, this doctrine is inapplicable here. The failed retrieval attempt provided enough information to Plaintiff regarding the facts forming the basis of a cause of action before the limitations period expired.

B.   **Other Claims**

Cook also moves for judgment on Plaintiff's express warranty, consumer

---

[2] Neither Plaintiff's brief, Amended Short Form Complaint, nor her affidavit explains what occurred in August 2016.

protection, and punitive damages claims. Plaintiff did not respond to Cook's arguments. Her silence results in waiver. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the Bontes have done here—results in waiver.").

### III.    Conclusion

For the reasons set forth above, Cook's Motion for Partial Judgment (Filing No. 18418) is **GRANTED**. Plaintiff's implied warranty claim remains.

**SO ORDERED** this 13th day of July 2021.

```
                    RICHARD L. YOUNG, JUDGE
                    United States District Court
                    Southern District of Indiana
```

Distributed Electronically to Registered Counsel of Record.