UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND              No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                MDL No. 2570

_____

This Document Relates to the Following Cases:

Lisa and Robert Bush, 1:16-cv-01126

_____

**ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiffs' case. Specifically, the Cook Defendants argue Plaintiff Lisa Bush's product liability claims and implied warranty claim are time-barred, and her express warranty and consumer fraud claims are not properly pled. They also argue that Lisa's punitive damages claim, and Plaintiff Robert Bush's loss of consortium claim fail as derivative of Lisa's other claims. The court, having read and reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion should be **GRANTED**.

**I.      Background**

Lisa is a resident of Arizona and was implanted with a Cook Günther Tulip Vena

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

1

Cava Filter at JCL Deer Valley Hospital in Phoenix, Arizona, on October 1, 2013. (Filing No. 1:16-cv-01126, Filing No. 1, Short Form Compl. ¶¶ 10-12). On December 5, 2013, her physician attempted to remove the filter, but found it was tilted with the apex of the filter embedded into the wall of the IVC. (Filing No. 18425, Medical Record at 4). After many attempts, her surgeon determined he "would not be able to remove the filter without resorting to more invasive techniques." (*Id.*). He therefore terminated the procedure. (*Id.*).

Plaintiffs direct-filed their Short Form Complaint in the Southern District of Indiana on May 6, 2016.

## II.     Discussion

### A.     Product Liability Claims

Under both Indiana and Arizona law, the statute of limitations for product liability actions is two years. Ind. Code § 34-20-3-1; Ariz. Rev. Stat 12-542(1). Both states also recognize a discovery rule. *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 898 P.2d 964, 966 (Ariz. Ct. App. 2016); *Nelson v. Sandoz Pharm. Corp.*, 288 F.3d 954, 963 (7th Cir. 2002) (applying Indiana law). The discovery rule provides that the statute of limitations begins "to run from the date the plaintiff knew or should have discovered that she suffered an injury or impingement, and that it was caused by the product or act of another." *Degussa Corp. v. Mullens*, 744 N.E.2d 407, 410-11 (Ind. 2001); *Gust, Rosenfled & Henderson*, 898 P.2d 966 ("[A] plaintiff's cause of action does not accrue until the plaintiff knows or, in the exercise of reasonable diligence, should know the facts underlying the cause.").

Lisa knew on December 5, 2013 that her retrievable filter could not be retrieved. She nevertheless argues there is an issue of fact as to when she knew or should have known that having her filter remain as a permanent filter posed a "serious safety risk." But Lisa's claimed injury is a *failed retrieval* "due to embedment." (Filing No. 18941, Case Categorization Form at 3). She was thus aware of information that would put a reasonable person on notice to investigate whether a claim exists. *See Monsanto v. Miller*, 455 N.E.2d 392, 394 (Ind. Ct. App. 1983) ("A cause of action accrues when an injury, wrongfully inflicted, causes damage . . . it is not necessary that the full extent of the damage be known or even ascertainable but only that some ascertainable damage has occurred."); *Lund v. Burch & Cracchiolo P.A.*, No. 1 CA-CV 19-0688, 2020 WL 6834539, at *5 (Ariz. Ct. App. Nov. 19, 2020) ("[A] plaintiff is not required to know the full extent of an injury before the statutory period begins to run.") (citing *Sato v. Van Denburgh*, 123 Ariz. 225, 227 (1979)). Because she did not file her claim within two years of when her cause of action accrued, Lisa's personal injury claims are time-barred under Indiana and Arizona law.

### B. Implied Warranty Claim

Lisa argues her implied warranty claim is subject to the UCC's four-year statute of limitations rather than Indiana's two-year statute of limitations for product liability claims. But warranty claims that sound in tort are subsumed by the Indiana Product Liability Act and subject to its two-year statute of limitations. *B & B Paint Corp. v. Shrock Mfg., Inc.*, 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991); *see also Drew v. United Producers and Consumers Coop.*, 778 P.2d 1227, 1230 (Ariz. 1989) (same).

Lisa's implied warranty claim is based on alleged physical injuries caused by her filter and thus sounds in tort. Therefore, it is barred by the same two-year statute of limitations as her other product liability claims.

### C. Remaining Claims

Lisa's express warranty and consumer fraud claims are based on the allegations in the Master Complaint. As Cook notes, the court has previously ruled that these claims are not adequately pled in the Master Complaint. (*See* Filing Nos. 4918 at 13-15 and 14809 at 10). The court sees no reason to upset those rulings now. However, the court will grant Lisa leave to amend her express warranty and consumer fraud claims in her Short Form Complaint.

Lisa's punitive damages claim, and Robert's loss of consortium claim, are derivative of Lisa's other claims. *Durham ex rel. Estate of Wade v. U-Haul Int'l*, 745 N.E.2d 755, 764 (Ind. 2001) (loss of consortium derivative of spouse's personal injury claim); *Tavilla v. City of Phoenix,* Case No. 1 CA–CV 10–0429, 2011 WL 4794940, at *9 (Ariz. Ct. App. 2011) ("Loss of consortium is a derivative claim, so it cannot exist unless 'all elements of the underlying cause [are] proven.'") (quoting *Barnes v. Outlaw,* 964 P.2d 484, 486–87 (1998)); *Bergerson v. Bergerson*, 895 N.E.2d 705, 715 (Ind. Ct. App. 2008) (punitive damages may not arise in absence of actual damages); *Edmond v. Fairfield Sunrise Village, Inc.*, 644 P.2d 296, 298 (Ariz. Ct. App. 1982) (same). Thus, these claims would survive a motion to dismiss to the extent that Lisa's claims survive.

Because all of Lisa's claims are being dismissed, Lisa's punitive damages claim, and Robert's loss of consortium claim must also be dismissed. However, because Lisa has been given leave to amend as to some of her claims, Lisa and Robert are granted leave to amend these claims too.

## III.   Conclusion

For the reasons set forth above, Lisa's product liability claims and her implied warranty claim are **DISMISSED WITH PREJUDICE**, and her express warranty, consumer protection, and punitive damages claims, as well as Robert's loss of consortium claim, are **DISMISSED WITHOUT PREJUDICE**. Plaintiffs are granted leave to amend the express warranty, consumer protection, punitive damages, and loss of consortium claims in their Short Form Complaint. If they choose to do so, the amended Short Form Complaint must be filed on or before **August 12, 2021**.

**SO ORDERED** this 13th day of July 2021.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record