UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND        No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION         MDL No. 2570

_____

This Document Relates to the Following Cases:

William Renshaw, 1:18-cv-1326

_____

## ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiff William Renshaw's case. The court, having read and reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion should be **GRANTED**.

**I.    Background**

Plaintiff was implanted with a Cook Günther Tulip Vena Cava filter on February 21, 2010 at the University of Utah Hospital in Salt Lake City, Utah. (1:18-cv-1326, Filing No. 14, Am. Short Form Compl. ¶¶ 10-12). On June 8, 2010, he met with his physician, who noted that the filter "had two associated chronic thrombus [sic] on two attempted removals [and] the value in trying to remove it at this point is low." (Filing

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

1

No. 18407, Medical Record at 7). He therefore recommended that the filter remain in place. (*Id.*).

Plaintiff filed suit on May 1, 2018.

## II.   Discussion

Cook argues Plaintiff's product liability claims are time-barred under Utah law because he filed his action more than two years after an unsuccessful attempt to remove the filter.

Utah's Product Liability Act has a two-year statute of limitations which begins to run when the plaintiff "discover[s], or in the exercise of due diligence should have discovered, both the harm and its cause." Utah Code § 78B-6-706 ("A civil action . . . shall be brought within two years from the time the individual who would be the claimant in the action discovered, or in the exercise of due diligence should have discovered, both the harm and its cause."). "[A]ll that is required to trigger the statute of limitations is sufficient information to put plaintiffs on notice to make further inquiry." *Macris v. Sculptured Software, Inc.*, 24 P.3d 984, 990 (Utah 2001). "Once a plaintiff is on inquiry notice, he or she may be imputed with knowledge of 'everything to which such inquiry might have led.'" *Mecham v. C.R. Bard, Inc.*, No. 2:19-cv-00750-JNP, 2020 WL 2768997, at *4 (D. Utah May 27, 2020) (quoting *Pioneer Builders Co. of Nev., Inc. v. K D A Corp.*, 292 P.3d 672, 679 (Utah 2012)). Generally, when a plaintiff knew or, in the exercise of reasonable diligence, should have known of a cause of action is an issue of fact, but "'[w]here the evidence is so clear that there is no genuine factual issue . . . the determination may be made as a matter of law.'" *Id.* (quoting *McKinnon v. Tambrands,*

2

*Inc.*, 815 F.Supp.2d 1119, 1124 (D. Utah 1999)).

Plaintiff contends that, although he knew in 2010 his retrievable filter could not be retrieved, there is an issue of fact about whether he "discovered or should have discovered his injury in 2010." But Plaintiff's claimed injury is a failed retrieval. (Filing No. 19000, Case Categorization Form at 3) ("Patient underwent a failed retrieval due to clot in filter. This was after 2 retrievals were canceled for same reason.")). Indeed, Dr. Pendleton's June 8 clinic note indicates he counseled Plaintiff and his wife on the "implications of his current IVC filter and the finding of an IVC thrombus[2] in April during attempted removal." (Medical Record at 7). Plaintiff therefore had a reasonable basis to believe that there was an issue with his filter in June 2010 and that he should inquire into his rights.

Plaintiff also argues Cook's fraudulently concealed information relating to the defective nature of the filter and did not discover his cause of action until September 2016.[3] A plaintiff may toll the statute of limitations by showing that, "given the defendant's concealment of the plaintiff's cause of action, the plaintiff neither discovered nor reasonably should have discovered the facts underlying the cause of action before the limitations period expired." *Russell Packard Dev., Inc. v. Carson*, 108 P.3d 741, 748 (Utah 2005). This doctrine is inapplicable here. The failed retrieval attempts provided

---

[2] Further, Dr. Pendleton explained that an "indwelling filter increases the relative risk of recurrence" and that he considered these risks in relation to Plaintiff's medical history, including a prior hemorrhagic stroke. (Medical Record at 7).

[3] Neither Plaintiff's brief nor his Short Form Complaint states what occurred on September 16, 2016.

enough information to Plaintiff regarding the facts forming the basis of a cause of action against Cook before the limitations period expired.

Cook also moves for judgment on Plaintiff's implied warranty, express warranty, consumer protection, and punitive damages claims. Plaintiff did not respond to Cook's arguments. His silence results in waiver. *See Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the Bontes have done here—results in waiver.").

### III. Conclusion

For the reasons set forth above, Cook's Motion for Judgment (Filing No. 18405) is **GRANTED**.

**SO ORDERED** this 13th day of July 2021.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.