**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                    No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                     MDL No. 2570

_____

This Document Relates to the Following Cases:

Britney Boyd, 1:18-cv-01117

_____

**ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S**
**CASE PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by

Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings

in Plaintiff Brittany Boyd's case.  The court, having read and reviewed the parties'

submissions and the applicable law, finds the Cook Defendants' motion should be

**GRANTED**.

**I.      Background**

Plaintiff was implanted with a Cook Günther Tulip Vena Cava filter on March 18,

2008, at Baptist Memorial Hospital in Columbus, Mississippi.  (1:18-cv-01117, Filing

No. 1. Short Form Compl. ¶¶ 10-12).  On October 23, 2008, she returned to the same

hospital for removal of the filter.  (Filing No. 18423, Medical Record at 3).  Her surgeon

was unable to remove the "hooks from the caval wall" and decided, after multiple

_____

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical
Incorporated), and William Cook Europe APS.

1

attempts to retrieve the filter, "to abort the procedure." (*Id.*).  The filter remains inside her body.

Plaintiff filed suit on April 12, 2018.

**II.     Discussion**

Cook argues Plaintiff's product liability claims are time-barred because she filed her lawsuit more than three years after an unsuccessful attempt to remove the filter.

Mississippi has a three-year statute of limitations.  Miss. Code Ann. § 15-1-49(1).  A "cause of action accrues and the limitations period begins to run when the plaintiff can reasonably be held to have knowledge of the injury or disease." *Owens-Illinois, Inc. v. Edwards*, 573 So.2d 704, 709 (Miss. 1990).  Notably, the statute "focuses on discovery of an injury, not discovery of its cause." *See Angle v. Koppers, Inc.*, 42 So.3d 1, 7 (Miss. 2010).

Plaintiff contends that, although she knew in 2008 that she had a retrievable filter that could not be retrieved, a fact question remains about whether "she was advised this was an injury or the consequences of the failed retrieval."  But the October 23, 2008 failed retrieval is the exact injury Plaintiff claims she suffered.  (Filing No. 18423, Case Categorization Form at 2-3).  Under Mississippi law, the statute began to run on that date.  Because she filed her lawsuit on April 12, 2018—over nine years too late—her products liability claims are time-barred.

Cook also moves for judgment on Plaintiff's implied warranty, express warranty, consumer protection, and punitive damages claims.  Plaintiff did not respond to Cook's arguments.  Her silence results in waiver. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461,

466 (7th Cir. 2010) ("Failure to respond to an argument—as the Bontes have done here—results in waiver.").

## III.   Conclusion

For the reasons set forth above, Cook's Motion for Judgment (Filing No. 18421) is **GRANTED**.

**SO ORDERED** this 13th day of July 2021.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.