UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

_____

This Document Relates to the Following Cases:

Candra Arroyo, 1:20-cv-03005;
Johnny Horton, 1:20-cv-00785

_____

### ORDER ON DEFENDANTS' MOTION TO DISMISS UNKNOWN PRODUCT CASES

Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS ("Cook") move to dismiss two cases where the Plaintiffs' complaints failed to identify the specific Cook product they allege caused their injuries. (*See* Filing No. 18092). In paragraph 10 of their Short Form Complaints that ask which filter is at issue, Plaintiffs checked "Other" and typed in "Cook-type filter according to recent CT scan." (Filing No. 1:20-cv-00785 (Horton), ¶ 10; 1:20-cv-03005 (Arroyo), ¶ 10). As for the date of implantation, Plaintiff Horton stated, "Sometime around 2012" and Plaintiff Arroyo stated, "Sometime around August in [sic] 2014". (Filing No. 1:20-cv-00785 (Horton), ¶ 11; 1:20-cv-03005 (Arroyo), ¶ 11). They both note that their medical records are "pending." (Filing No. 1:20-cv-00785 (Horton), ¶ 11; 1:20-cv-03005 (Arroyo), ¶ 11).

According to Cook, Plaintiffs have not identified the product at issue in their Plaintiff Profile Sheets ("PPS") or in response to Cook's March 18, 2021, letters

specifically asking for that information. (*See* Filing No. 18092-1). Plaintiffs respond that notice pleading applies to defective medical device claims, and they have satisfied that minimal standard.

A plaintiff pleading a defective medical device must give defendants (1) fair notice of the claim against them and must also (2) state a claim that is plausible on its face. *Bausch v. Stryker Corp.*, 630 F.3d 546, 558 (7th Cir. 2010). A plaintiff's failure to identify the specific product subject to the complaint is not fatal so long as the plaintiff provides other details to assist the manufacturer in identifying which of its products is implicated, including "information revealing when, where, and why a procedure was performed." *Coleman v. Boston Scientific Corp.*, No. 1:10-cv-01968-OWW-SKO, 2011 WL 1532477, at *5 (E.D. Cal. April 20, 2011). This is because "discovery is often necessary before a plaintiff can be expected to provide specific details." *Id.*

Plaintiffs' cases are not typical defective medical device cases. Rather, they are part of MDL 2570. As such, they are subject to Case Management Order No. 4, which requires Plaintiffs to provide Cook their respective Plaintiff Profile Sheets ("PPS") and medical records "that support product identification and the alleged injury." (Filing No. 13046, Fourth Am. Case Management Order No. 4, ¶ 1.d.). It also requires Plaintiffs to support their Case Categorization Forms with specific medical documentation and to submit that documentation to Cook too. (*Id.*, ¶ 2; *see also* Filing Nos. 9322, 9638, Court's Categorization Orders). They have thus engaged in some discovery[1] and should

---

[1] Pursuant to Case Management Order No. 4, "[t]he PPS shall constitute the initial case-specific discovery response of Plaintiff." (Filing No. 13046, ¶ 1(i)).

know by now the identify of the medical device that is the subject of their complaints as well as the specific date the device was placed.  Therefore, Defendants' Motion to Dismiss Unknown Product Cases (Filing No. 18092) is **GRANTED**.

However, Plaintiffs move for leave to amend their complaints.  Their request is **GRANTED**.  Their amended complaints must be filed on or before **August 12, 2021**.

**SO ORDERED** this 13th day of July 2021.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.