UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND            Case No. 1:14-ml-2570-RLY-
TAB PRODUCTS LIABILITY LITIGATION                  MDL No. 2570

This Document Relates to the Following Case:

Rickey Bradley, 1:20-cv-01733

**PLAINTIFF'S RESPONSE TO THE COOK DEFENDANTS'**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

On July 1, 2021, defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe APS (collectively "the Cook Defendants") moved for judgment on the pleadings dismissing Plaintiffs Rickey and Charlene Bradley's (collectively "Plaintiffs") complaint as barred by the Indiana statute of limitations. Dkt. # 19257.

The Cook Defendants turn to matters outside the pleadings, namely, one page of a medical record and another record unrelated to the IVC filter, as somehow presenting conclusive proof of when Mr. Bradley became aware of a potential claim against Defendants. Dkt. # 19257 at p. 1-2. According to Defendants' theory as set forth in their moving brief, the latest date that Mr. Bradley's claim possibly could have accrued was November 21, 2011, based on the following two isolated statements from the supporting documents: "The retrievable IVC filter was not removed secondary to thrombus" and "Mr. Bradley . . . presents with complaints of lower extremity pain." *Id*. at 2-3.

Citing this Court's order in the *Heintzman* case, and two federal district court cases,

Defendants maintain that the mere fact that Mr. Bardley's filter was not removed in February 2011 is sufficient to establish that his claim accrued under the Indiana discovery rule, but that is not what either those opinions, or the facts of this case, establish.  In *Neuhauser v. A.H. Robins Co., Inc.*, the Southern District of Indiana held that the plaintiff was on notice of a claim against the manufacturer of her intrauterine contraceptive device when she became pregnant with the device still implanted, and then suffered a miscarriage, at which point she had the device removed.  573 F.Supp. 8, 9 (S.D. Ind. 1983).

Similarly, in *In re Mirena IUD Pods. Liab. Litig.*, the Southern District of New York (applying alternatively Texas or Indiana law) held that the plaintiff was aware of a potential claim against the manufacturer of her IUD when the device perforated her uterus, travelled to her abdomen, and needed to be removed.  29 F. Supp.3d 345, 354 (S.D.N.Y. 2014).  Finally in the *Heintzman* case in the present MDL, this Court held that after Mr. Heintzman went to the hospital to have his IVC filter removed, the failure of extended attempts to remove the filter, along with the fact that the filter had fractured, was sufficient to put the plaintiff on notice of a potential claim against Defendants.  Dkt. # 18391 at p. 2.

Unlike all three of these cases, here, Defendants do not point to any clear injury—let alone one connected to their medical device—that would put Mr. Bradley on notice of a potential claim for purposes of the running of the statute of limitations under the Indiana discovery rule.  Instead, Defendants' theory of claim accrual is based, not any specifically documented injury, but rather on a decision to not remove the IVC filter based on the presence of clotting (thrombus).  Dkt. # 19257-1 at p. 6.  This notation stems from a procedure conducted on February 23, 2011.[1]  *Id.*

Defendants also supply a medical record from November 2, 2011, which notes that Plaintiff

---

[1] Plaintiff suffered a stroke in 2010, and therefore the complicating presence of clotting is not necessarily connected to a problem with the IVC filter, which was installed because of his stroke.

2

complained of "left lower extremity pain," but Defendants' brief cuts this sentence off in the middle. *Id*. at p. 7.  In full, it reads: "Mr. Bradley is a 50 M with PMH of HTN [presumably muscle weakness on one side due to stroke], hemorrhagic CVA [presumably stroke] 3/20/10, chronic bilateral DVTs (dx in 4/2010, on AC, s/p IVC filter placement) who presents with complaints of lower extremity pain and swelling x 1 day **consistent with cellulitis**." *Id*. (emphasis added).  The recommended course of treatment is: "considering an alternate treatment besides Norvasc for his HTN as it could be contributing to chronic lower extremity edema and ulcer development. They recommended dressing the wound with silvadene ointment and wrapping his LE with ACE bandages and eventually using compression stockings." *Id*.  No mention is made of any connection to his IVC filter.

Here, Defendants falsely equate the mere fact that Mr. Bradley's IVC filter was not removed because of the presence of clotting to prior cases where the removal of a medical device due to intense medical complications—a perforated uterus (*In re Mirena*), and a pregnancy with subsequent miscarriage (*Neuhauser*)—which provided a clear signal that something was dreadfully wrong with the device.

Under the Federal Rules of Civil Procedure, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).  Here all Defendants' "evidence" shows is that the device could not be removed at a certain time because of clotting, not that it *needed* to be removed, and several months later Plaintiff suffered unrelated cellulitis.  Therefore, Defendants have not met their burden to show the claims for products liability, implied warranty, and loss of consortium are untimely, and the motion should accordingly be denied, or more discovery should be allowed.

          Respectfully Submitted,

          */s/ Steve Schulte*
          **Steve Schulte**
          Texas Bar No. 24051306
          schulte@fnlawfirm.com
          **Kelly Chermack**
          Texas Bar No. 24121361
          kchermack@fnlawfirm.com
          **FEARS NACHAWATI, PLLC**
          5473 Blair Road
          Dallas, Texas 75231
          Tel. (214) 890-0711
          Fax (214) 890-0712

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2021 a true and correct copy of *Plaintiffs' Response to Cook Defendants' Motion for Judgment on the Pleadings* was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF counsel of record.

Dated: July 16, 2021

Respectfully Submitted,

*/s/ Steve Schulte*
**Steve Schulte**