UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE:  COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This Document Relates to:

    Cases Listed on Exhibit A, Dkt. 18315-1

**COOK DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
RENEWED MOTION FOR PARTIAL DISMISSAL
<u>OF CLAIMS OF FRAUDULENT CONCEALMENT</u>**

# TABLE OF CONTENTS

I.   Plaintiffs' Amended Short-Form Complaints Fail to State the Circumstances of the Alleged Fraudulent Concealment with the Particularity Required by Rule 9(b)..............................................................................................................3

II.  Plaintiffs' Amended Short-Form Complaints Fail to Allege that Cook Fraudulently Concealed from Plaintiffs the Existence of Their Causes of Action. ...............................................................................................................6

III. The Court Should Reject Plaintiffs' Argument Based on Multiple States' Caselaw as Procedurally Improper and Substantively Incorrect. .............................8

    A.  The Court Should Reject the PSC's *de facto* Motion to Reconsider Its Decision Setting the Standard for Fraudulent Concealment.............................8

    B.  The Court's Original Ruling Was Correct, and Plaintiffs' Multistate Arguments Do Not Change the Core Element of Fraudulent Concealment that the Court Identified. ............................................................12

        1.   Texas.................................................................................................13
        2.   Virginia.............................................................................................15
        3.   Alaska...............................................................................................16
        4.   Idaho.................................................................................................17
        5.   Arizona.............................................................................................19
        6.   Maine................................................................................................20
        7.   Alabama............................................................................................22
        8.   Oklahoma..........................................................................................23
        9.   Minnesota.........................................................................................24
        10.  Georgia.............................................................................................25
        11.  Rhode Island.....................................................................................27
        12.  California..........................................................................................29
        13.  West Virginia....................................................................................30
        14.  Kansas...............................................................................................31
        15.  Iowa..................................................................................................32
        16.  Maryland...........................................................................................34
        17.  Colorado............................................................................................36
        18.  Nebraska............................................................................................37
        19.  Missouri............................................................................................39

20.   Tennessee ................................................................................................... 40

21.   New Jersey ................................................................................................. 42

22.   Washington ................................................................................................ 43

23.   Pennsylvania ............................................................................................. 44

24.   North Carolina .......................................................................................... 46

25.   Connecticut ............................................................................................... 47

26.   Louisiana ................................................................................................... 48

27.   Delaware .................................................................................................... 49

28.   Florida ....................................................................................................... 49

29.   New Hampshire ......................................................................................... 50

30.   Michigan .................................................................................................... 51

31.   New Mexico ............................................................................................... 52

32.   New York ................................................................................................... 53

33.   Ohio ........................................................................................................... 54

34.   Arkansas .................................................................................................... 55

35.   Kentucky .................................................................................................... 56

36.   Massachusetts ............................................................................................ 56

37.   Indiana ....................................................................................................... 57

38.   Wyoming .................................................................................................... 58

39.   Utah ........................................................................................................... 59

40.   Nevada ....................................................................................................... 60

41.   North Dakota ............................................................................................. 61

42.   South Dakota ............................................................................................. 61

43.   Oregon ....................................................................................................... 62

44.   South Carolina ........................................................................................... 63

45.   Illinois ....................................................................................................... 64

CONCLUSION ..................................................................................................... 65

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*Abrams v. Ciba Specialty Chems. Corp.*,
666 F. Supp. 2d 1267 (S.D. Ala. 2009)..........................................................................22

*Adams v. Toyota Motor Corp.*,
867 F.3d 903 (8th Cir. 2017) ................................................................................24, 25

*Allen v. A.H. Robbins Co., Inc.*,
752 F.2d 1365 (9th Cir. 1985). Dkt. 18900 ..............................................17, 18, 58

*Arnold v. Keris*,
No. 118CV01779JRSDLP, 2018 WL 8803446 (S.D. Ind. Dec. 10, 2018) ..................9

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*,
906 F.2d 1185 (7th Cir. 1990) ........................................................................9

*Barnard v. SunTrust Bank*,
Civil No. 1:11–cv–000289–MR, 2013 WL 5460291 (W.D.N.C. Sept.30, 2013) .......46

*Block v. Toyota Motor Corp.*,
5 F. Supp. 3d 1047 (D. Minn. 2014)...........................................................................24

*Bridges v. Metabolife Int'l, Inc.*,
119 F. App'x 660 (5th Cir. 2005) ................................................................................14

*Burton v. McCormick*,
No. 3:11-CV-026, 2011 U.S. Dist. LEXIS 50891, 2011 WL 1792849 (N.D.
Ind. May 11, 2011)......................................................................................................10

*Carroll v. BMW of N. Am., LLC*,
2019 U.S. Dist. LEXIS 151994 (S.D. Ind. Sept. 6, 2019) ...........................................58

*Carter v. Bank of Am., N.A.*,
No. 1:11CV326, 2015 WL 3618536 (W.D.N.C. June 9, 2015) ..................................46

*Collins v. Quincy Bioscience, LLC*,
2020 WL 3268340 (S.D. Fla. March 19, 2020)..........................................................50

*Davis v. Carmel Clay Schs.*,
286 F.R.D. 411 (S.D. Ind. 2012)...................................................................................9

*Dewey v. Volkswagen AG*,
    558 F. Supp. 2d 505 (D.N.J. 2008) ............................................................................ 43

*Dexter v. Lake Creek Corp.*,
    No. 7:10–CV–226–D, 2013 WL 1898381 (E.D.N.C. May 7, 2013) .......................... 46

*Doll v. Ford Motor Co.*,
    814 F. Supp. 2d 526 (D. Md. 2011) ........................................................................... 35

*Evans v. Rudy–Luther Toyota, Inc.*,
    39 F.Supp.2d 1177 (D.Minn.1999) ............................................................................ 25

*Evans v. Trinity Indus., Inc.*,
    137 F. Supp. 877 (E.D. Va. 2015) ............................................................................. 16

*Fisher v. Smithkline Beecham Corp.*,
    07-cv-0347A, 2009 U.S. Dist. LEXIS (W.D.N.Y. March 11, 2009) .......................... 45

*Granite St. Ins. Co. v. Degerlia*,
    925 F.2d 189 (7th Cir. 1991) ..................................................................................... 10

*Great Am. Ins. Co. v. Crabtree*, No. CIV 11-1129 JB/KBM, 2012 WL 3656500
    (D.N.M. Aug. 23, 2012) ............................................................................................. 53

*Hennigan v. GE*,
    2010 U.S. Dist. LEXIS 103090 (E.D. Mich. Sept. 29, 2010) ............................... 52, 53

*Hubbard-Hall, Inc. v. Monsanto*,
    98 F. Supp. 3d 480 (D. Conn. 2015) ..................................................................... 47, 48

*In re Aspartame Antitrust Litig.*,
    416 F. App'x 208 (3d Cir. 2011) ................................................................................ 49

*In re Engle Cases*,
    No. 309CV10000J32JBT, 2012 WL 12904243 (M.D. Fla. Nov. 26, 2012) ......... 49, 50

*In re Ford Motor Co. Bronco II Prod. Liab. Litig.*,
    982 F. Supp. 388 (E.D. La. 1997) ............................................................................. 48

*In re Linerboard Antitrust Litig.*,
    305 F.3d 145 (3d Cir.2002), cert. denied, 538 U.S. 977, 123 S.Ct. 1786, 155
    L.Ed.2d 666 (2003) .................................................................................................... 49

*In re Prince*,
    85 F.3d 314 (7th Cir. 1996) ................................................................................... 10, 11

*In re Takata Airbag Prods. Liab. Litig.*,
    462 F. Supp. 3d 1304 (S.D. Fla. 2020) ........................................................................ 56

*In re Takata Airbags Prods. Liab. Litig.*,
    193 F. Supp. 3d 1324 (S.D. Fla. 2016) ........................................................ 6, 22, 56, 57

*In re Volkswagen Timing Chain Prod. Liab. Litig.*,
    No. 16-2765 (JLL), 2017 WL 1902160 (D.N.J. May 8, 2017). Dkt. 18900 ......... 42, 43

*Indus. Constructors Corp. v. U.S. Bureau of Reclamation*,
    15 F.3d 963 (10th Cir. 1994) ....................................................................................... 37

*Jones v. BMW of N. Am., LLC*,
    2020 U.S. Dist. LEXIS 176568 (M.D.N.C. Sept. 25, 2020) ....................................... 46

*Klein v. O'Neal, Inc.*,
    No. 7:03-CV-102-D, 2008 WL 2152030 (N.D. Tex. May 22, 2008) ............. 14, 15, 16

*Knaysi v. A.H. Robbins Co.*,
    679 F.2d 1366 (11th Cir. 1982) .................................................................................. 54

*Langford v. Rite Aid of Alabama, Inc.*,
    231 F.3d 1308 (11th Cir. 2000) .................................................................................. 35

*Les Allott, Inc. v. Village of Hopkins Park*,
    922 F.2d 843 (7th Cir. 1991) ........................................................................................ 8

*Licul v. Volkswagen Grp. of America, Inc.*,
    No. 13-61686, 2013 WL 6328734 (S.D. Fla. Dec. 5, 2013) ....................................... 50

*Lukenas v. Bryce's Mountain Resorts, Inc.*,
    538 F.2d 594 (4th Cir.1976) ....................................................................................... 46

*May v. AC & S, Inc.*,
    812 F. Supp. 934 (E.D. Mo. 1993) ....................................................................... 39, 40

*Meadow v. NIBCO, Inc.*,
    No. 3-15-1124, 2016 WL 2986350 (M.D. Tenn. May 24, 2016) ................................ 41

*Moodie v. Remington Arms Co., LLC.*,
    No. C13-0172-JCC, 2013 WL 12191352 (W.D. Wash. Aug. 2, 2013) ....................... 44

*O'Connor v. BMW of N. Am., LLC*,
    No. 18-cv-03190-CMA-STV, 2020 WL 2309617 (D. Colo. January 7, 2020) ........... 37

*Oliphant v. FCA US LLC*,
  2018 U.S. Dist. LEXIS 157903 (E.D. Ark. Sept. 17, 2018) ........................ 55

*Orsi v. Kirkwood*,
  999 F.2d 86 (4th Cir.1993) ........................................................................ 46

*Owen v. Gen. Motors Corp.*,
  533 F.3d 913 (8th Cir. 2008) ..................................................................... 39

*Philpott v. A.H. Robbins Co., Inc.*,
  710 F.2d 1422 (9th Cir. 1983) ................................................................... 62

*Rakes v. United States*,
  442 F.3d 7 (1st Cir.2006) ........................................................................... 51

*Scharff v. Wyeth*,
  No. 2:10–CV–220–WKW [WO], 2011 WL 3320501 (M.D. Ala. Aug. 2, 2011) ....... 22

*Scherer v. Balkema*,
  840 F.2d 437 (7th Cir. 1988) ....................................................................... 4

*Seldon v. Home Loan Serv., Inc.*,
  647 F. Supp. 2d 451 (E.D. Pa. 2009) ........................................................... 4

*Siegemund v. Shapland*,
  307 F.Supp.2d 113 (D.Me.2004) ............................................................... 21

*Stanard v. Nygren*,
  658 F.3d 792 (7th Cir. 2011) ....................................................................... 6

*Sykes v. RBS Citizens, N.A.*,
  2 F. Supp. 3d 128 (D.N.H. 2014) ......................................................... 50, 51

*Torch v. Windsor Surry Co.*,
  No. 3:17-CV-00918-AA, 2019 WL 6709379 (D. Or. Dec. 9, 2019) .............. 62, 63

*Trimm v. Fifth Third Mtg. Co.*,
  N.D. Ohio No. 3:10-CV-1602, 2010 U.S. Dist. LEXIS 97056, 2010 WL
  3515596 (Sept. 3, 2010) ........................................................................... 55

*United States ex rel. Berkowitz v. Automation Aids, Inc.*,
  896 F.3d 834 (7th Cir. 2018) ....................................................................... 4

*United States v. Menominee Tribal Enters.*,
  No. 07-C-317, 2009 U.S. Dist. LEXIS 45614, 2009 WL 1373952 (E.D. Wis.
  May 15, 2009) ........................................................................................... 10

STATE CASES

*Albe v. City of New Orleans*,
2014-0186 (La. App. 4 Cir. 9/17/14), 150 So. 3d 361, writ denied, 2014-2166
(La. 12/8/14), 153 So. 3d 445 ..................................................................... 48

*Ames v. Ohle*,
2011-1540 (La. App. 4 Cir. 5/23/12), 97 So. 3d 386............................ 48

*Andres v. McNeil Co., Inc.*,
707 N.W.2d 777 (Neb. 2005)................................................................ 38

*Anson v. Am. Motors Corp.*,
747 P.2d 581 (Ariz. Ct. App. 1987)................................................... 19, 20

*Baker v. Beech Aircraft Corp.*,
39 Cal. App. 3d 315 (1974) ............................................................. 29, 30

*Batek v. Curators of Univ. of Missouri*,
920 S.W.2d 895 (Mo. 1996) ............................................................ 39

*Beane v. Dana S. Beane & Co., P.C.*,
160 N.H. 708, 7 A.3d 1284 (2010) ............................................... 50

*Benton v. Snyder*,
825 S.W.2d 409 (Tenn. 1992)....................................................... 40, 41

*Berenda v. Langford*,
914 P.2d 45 (Utah 1996) ............................................................ 59, 60

*Berson v. Browning-Ferris Indus.*,
873 P.2d 613 (Cal. 1994) ............................................................ 29, 30

*Binder v. Price Waterhouse & Co., L.L.P.*,
923 A.2d 293 (N.J. Super. Ct. App. Div. 2007).......................... 42, 43

*Blea v. Fields*,
120 P.3d 430 (N.M. 2005) .......................................................... 53

*Blouin v. Surgical Sense, Inc.*,
No. PC07-6855, 2008 WL 2227781 (R.I. Super. Ct. May 12, 2008) ............ 28, 29

*Boudreau v. Automatic Temperature Controls, Inc.*,
212 A.3d 594 (R.I. 2019) ............................................................ 27, 28

*Brawn v. Oral Surgery Assoc.*,
819 A.2d 1014 (Me.2003) ........................................................................ 21

*Bricker v. Putnam*,
512 A.2d 1094 (N.H. 1986) ...................................................................... 51

*Byrne v. Burke*,
112 Conn. App. 262, 962 A.2d 825 (2009), cert. denied, 290 Conn. 923, 966 A.2d 235 (2009) ..................................................................................... 47

*Cangemi v. Advocate S. Suburban Hosp.*,
845 N.E.2d 792 (Ill. Ct. App. 2006) ....................................................... 64

*Carson v. Allianz Life Ins. Co. of N. Am.*,
184 Conn. App. 318, 194 A.3d 1214 (2018) ........................................... 47

*Casey v. Methodist Hosp.*,
907 S.W.2d 898 (Tex. Ct. App. 1995) .................................................... 14

*Cazalas v. Johns-Manville Sales Corp.*,
435 So. 2d 55 (Ala. 1983) ....................................................................... 22

*Chaney v. Fields Chevrolet Co.*,
503 P.2d 1239 (Or. 1972) ........................................................................ 62

*Charter Peachford Behav. Health Sys. v. Kohout*,
504 S.E.2d 514 (Ga. Ct. App. 1998) ...................................................... 25

*Chiei v. Stern*,
561 P.2d 1216 (Alaska 1977) .................................................................. 16

*Christy v. Miulli*,
692 N.W.2d 694 (Iowa 2005) ............................................................ 33, 34

*Classen v. Arete NW, LLC*,
294 P.3d 520 (Or. Ct. App. 2012) ........................................................... 62

*Cohan v. Pella Corp.*,
No. 2:14-mn-00001-DCN, 2015 WL 6465639 (D.S.C. Oct. 26, 2015). Dkt. 18900 ................................................................................................. 21, 22

*Colosimo v. Roman Catholic Bishop of Salt Lake City*,
156 P.3d 806 (Utah 2007) ....................................................................... 59

*Cutsumpas v. Connecticut Light & Power Co.*,
16 Conn.App. 108, 546 A.2d 962 (1988) ................................................ 47

*Doe v. Shults-Lewis Child & Family Servs., Inc.*,
  718 N.E.2d 738 (Ind. 1999) ....................................................................... 57

*Dunn v. Dunn*,
  281 P.3d 540 (Kan. 2012) .......................................................................... 32

*Eagleman v. Diocese of Rapid City*,
  2015 S.D. 22, 862 N.W.2d 839 ................................................................. 61

*Emberton v. GMRI, Inc.*,
  299 S.W.3d 565 (Ky. 2009) ................................................................. 55, 56

*Fegeas v. Sherrill*,
  147 A.2d 223 (Md. 1958)............................................................................ 35

*Fine v. Checcio*,
  582 Pa. 253, 870 A.2d 850 (Pa. 2005) ................................................. 44, 45

*First Interstate Bank of Fort Collins, N.A. v. Piper Aircraft Corp.*,
  744 P.2d 1197 (Colo. 1987) ................................................................. 36, 50

*Foxfield Villa Assocs., LLC v. Robben*,
  449 P.3d 1210 (Kan. Ct. App. 2019) .................................................... 31, 32

*Frederick Rd. Ltd. P'ship v. Brown & Sturm*,
  756 A.2d 963 (2000) ............................................................................ 34, 35

*Freeman v. State*,
  788 A.2d 867 (N.J. Super. Ct. App. Div. 2002)........................................ 42

*Gades v. Meyer Modernizing Co.*,
  2015 S.D. 42, 865 N.W.2d 155................................................................... 61

*Garrett v. Arrowhead Imp. Ass'n*,
  826 P.2d 850 (Colo. 1992) ......................................................................... 36

*Giraud v. Quincy Farm and Chem.*,
  6 P.3d 104 (Wash. Ct. App. 2000) ....................................................... 43, 44

*Grimes v. Suzukawa*,
  551 S.E.2d 644 (Va. 2011)......................................................................... 15

*Haberle v. Buchwald*,
  480 N.W.2d 351 (Minn. Ct. App. 1992) .................................................... 24

*Hall v. De Saussure*,
  297 S.W.2d 81 (Tenn. 1956) ...................................................................... 41

*Harkness v. Fitzgerald*,
  701 A.2d 370 (Me.1997) .......................................................................... 21

*Hasenyager v. Bd. of Police Comm'rs of Kansas City*,
  606 S.W.2d 468 (Mo. Ct. App. 1980) ....................................................... 39

*Hauk v. Reyes*,
  616 N.E.2d 358 (Ill. Ct. App. 1993) ........................................................ 64

*Hesse v Vinatieri*,
  302 P.2d 699 (Cal. Dist. Ct. App. 1956) ................................................... 29

*Home Depot U.S.A., Inc. v. Wabash Nat'l Corp.*,
  724 S.E.2d 53 (Ga. Ct. App. 2012) ................................................... 26, 27

*In re Piper's Estate*,
  224 Cal.App.2d 670 (1964) ...................................................................... 58

*In re Trasylol Prods. Liab. Litig.*,
  No. 08-MD-1928, 2009 WL 577726 (S.D. Fla. Mar. 5, 2009) ..................... 1

*In the Matter of the Pet. of N. States Power Co. for Approval of Its 2020 Capital Structure and Permission to Issue Securities*,
  No. E-002/S-19-662, 2020 WL 2309627 (Minn. P.U.C. Apr. 10, 2020) ................... 36

*Jackson v. American Credit Bureau, Inc.*,
  531 P.2d 932 (Ariz. Ct. App. 1975) .................................................... 19, 20

*Jim Walter Corp. v. Ward*,
  265 S.E.2d 7 (Ga. 1980) ........................................................................... 25

*Johnson v. Harcourt, Brace, Jovanich, Inc.*,
  43 Cal. App. 3d 880 (1974) .................................................... 29, 30, 57, 58

*Johnson v. Hoosier Enters. III, Inc.*,
  815 N.E.2d 542 (Ind. Ct. App. 2004) ....................................................... 57

*JPMorgan Chase Bank, NA v. Carroll*,
  2013-Ohio-5273 (Ct. App.) ............................................................... 55, 58

*Kern v. St. Joseph Hosp., Inc.*,
  697 P.2d 135 (N.M. 1985) ................................................................. 52, 53

*Koppes v. Pearson*,
384 N.W.2d 381 ................................................................................ 34

*Krondes v. Norwalk Sav. Soc.*,
53 Conn. App. 102, 728 A.2d 1103 (1999) .................................... 47

*Krug v. Helmerich & Payne, Inc.*,
320 P.3d 1012 (Okla. 2013) ............................................................ 23

*Lamprey v. Britton Const., Inc.*,
163 N.H. 252, 37 A.3d 359 (2012) ................................................. 51

*Lange v. Burd*,
2002 PA Super 158, 800 A.2d 336 (2002) ..................................... 45

*Lecates v. Hertrich Pontiac Buick Co.*,
515 A.2d 163 (Del. Super. Ct. 1996) ............................................. 49

*Lippitt v. Ashley*,
89 Conn. 451, 94 A. 995 (1915) ..................................................... 47

*Long v. Walt Disney Co.*,
116 Cal. App. 4th 868 (2004) .................................................... 29, 30

*Loyal Protective Ins. Co. v. Shoemaker*,
63 P.2d 960 .................................................................................. 24

*Lyons v. Richmond Cmty. Sch. Corp.*,
19 N.E.3d 254 (Ind. 2014) ......................................................... 57, 58

*MacMillen v. A.H. Robins Co., Inc.*,
348 N.W.2d 869 (Neb. 1984) .......................................................... 38

*Maher v. Tietex Corp.*,
331 S.C. 371, 500 S.E.2d 204 (Ct. App. 1998) .............................. 63

*Marin v. Exxon Mobil Corp.*,
2009-2368 (La. 10/19/10), 48 So. 3d 234 ...................................... 48

*Masquat v. DaimlerChrysler Corp.*,
195 P.3d 48 (Okla. 2008) .......................................................... 23, 24

*Matos v. First Nat'l Bank*,
27 Mass. L. Rep. 246 (2010) ........................................................... 56

*McBroom v. Child*,
   392 P.3d 835 (Utah 2016) ........................................................................... 60

*McKinnon v. Honeywell Int'l, Inc.*,
   977 A.2d 420 (Me. 2009).............................................................................. 20

*Merrill v. West Virginia Dep't of Health and Human Res.*,
   632 S.E.2d 307 (W. Va. 2006)...................................................................... 31

*Miller v. Mongongalia Cnty. Bd. of Educ.*,
   556 S.E.2d 427 ............................................................................................. 31

*Mills v. Andover Bank*,
   9 Mass. L. Rep. 397 (1998).................................................................... 56, 57

*Mitchell Energy Corp. v. Bartlett*,
   958 S.W.2d 430 (Tex. Ct. App. 1997) .......................................................... 15

*Molineux v. Reed*,
   516 Pa. 398, 532 A.2d 792 (Pa. 1987) ......................................................... 44

*Moore v. Delivery Servs., Inc.*,
   618 P.2d 408 (Okla. Civ. App. 1980) ........................................................... 23

*Newman v. Walker*,
   618 S.E.2d 336 (Va. 2005)........................................................................... 15

*Olson v. A.H. Robins Co., Inc.*,
   696 P.2d 1294 (Wyo. 1985).................................................................... 58, 59

*Owens v. Brochner*,
   474 P.2d 525 (Colo. 1970) ........................................................................... 36

*Palmer v. Borg-Warner Corp.*,
   838 P.2d 1243 (Alaska 1992)................................................................. 16, 17

*Patel v. Patel*,
   No. 2015-000162, 2016 WL 3093120 (S.C. Ct. App. June 1, 2016) ........... 63

*Patten v. Standard Oil Co. of Louisiana*,
   55 S.W.2d 759 (Tenn. 1933)........................................................................ 40

*Pocono International Raceway, Inc. v. Pocono Produce, Inc.*,
   503 Pa. 80, 468 A.2d 468 (Pa. 1983) ........................................................... 45

*Rhee v. Highland Dev. Corp.*,
  958 A.2d 385 (Md. Ct. Spec. App. 2008) ................................................... 35

*Roether v. Nat'l Union Fire Ins. Co.*,
  200 N.W. 818 (N.D. 1924)........................................................................... 61

*Romeo Investment Ltd. v. Michigan Consolidated Gas Company*,
  2007 WL 1264008 (Mich.App.Ct.)............................................................. 52

*Ross v. Louise Wise Services, Inc.*,
  868 N.E.2d 478 ..................................................................................... 53, 54

*Ryan v. Roman Catholic Bishop of Providence*,
  941 A.2d 174 (R.I. 2008) ................................................................. 27, 28, 29

*Sanchez v. South Hoover Hosp.*,
  553 P.2d 1129 (Cal. 1976) ......................................................................... 29

*Seibert v. Gen. Motors Corp.*,
  853 S.W.2d 773 (Tex. Ct. App. 1993) .................................................. 14, 15

*Shadrick v. Coker*,
  963 S.W.2d 726 (Tenn. 1998) ............................................................... 40, 41

*Sharp v. Ohio Civil Rights Comm'n*,
  2005-Ohio-1119 (Ct. App.)......................................................................... 55

*Shipman v. Horizon Corp.*,
  267 S.E.2d 244 (Ga. 1980)..................................................................... 26, 27

*Sills v. Oakland Gen. Hosp.*,
  220 Mich.App. 303, 559 N.W.2d 348 (Mich.App.Ct.1996)........................ 52

*Simpson v. Widger*,
  709 A.2d 1366 (N.J. Super. Ct. App. Div. 1998).......................................... 43

*State ex. Rel. Heart of Am. Council v. McKenzie*,
  484 S.W.3d 320 (Mo. 2016) ................................................................... 39, 40

*Stephenson v. Elison*,
  405 P.3d 733 (Utah Ct. App. 2017) ............................................................ 60

*Strong v. S.C. Sch. of Med.*,
  316 S.C. 189 (1994) .................................................................................... 63

*Stuart v. Snyder*,
   125 Conn. App. 506, 8 A.3d 1126 (2010) .................................................. 47

*Theriault v. A.H. Robins Co.*,
   698 P.2d 365 (Idaho 1985)............................................................... 18, 19

*Throckmartin v. Century 21 Top Realty*,
   226 P.3d 793 (Wyo. 2010) ............................................................... 59, 60

*Tovrea Land & Cattle Co. v. Linsenmeyer*,
   412 P.2d 47 (Ariz. 1966)....................................................................... 19

*Trafalgar House Constr., Inc. v. ZMM, Inc.*,
   567 S.E.2d 294 (W. Va. 2002) ......................................................... 30, 31

*Turner v. Turner*,
   582 P.2d 600 (Wyo. 1978) ................................................................... 58

*Ulibarri v. Gerstenberger*,
   871 P.2d 698 (Ariz. Ct. App. 1993) ...................................................... 19

*Upah v. Ancona Bros. Co.*,
   521 N.W.2d 895 (Neb. 1994)............................................................ 37, 38

*V.T v. City of Medford, Or.*,
   No. 1:09-CV-03007-PA, 2015 WL 300270 (D. Or. Jan. 22, 2015) ............ 62

*Vial v. Gas Sols., Ltd.*,
   187 S.W.3d 220 (Tex. Ct. App. 2006) .................................................... 14

*Waage v. Cutter Biological Div. of Miles Lab., Inc.*,
   926 P.2d 1145 (Alaska 1996).................................................................. 16

*Williamson v. Prasciunas*,
   661 N.W.2d 645 (Minn.Ct.App.2003) .................................................... 25

*Winn v. Sunrise Hosp. & Med. Ctr.*,
   128 Nev. 246, 277 P.3d 458 (2012) .................................................. 60, 61

## STATE STATUTES

14 Me. Rev. Stat. Ann. § 859 ................................................................. 21

Ga. Code Ann. § 9-3-96........................................................................ 25

Idaho Code § 5–219(4) .......................................................................... 17

Ill. Comp. Stat. Ann. 5/13-215 ........................................................................... 64

Iowa Code § 614.1(9) ......................................................................................... 33

Mich. Cod. Laws § 600.5855 ............................................................................. 51

R.I. Gen. Laws § 9-1-20 ............................................................................... 27, 28

**RULES**

Fed. R. Civ. P 9(b) ..................................................................................... passim

Fed. R. Civ. P. 54(b) ............................................................................................ 9

**OTHER AUTHORITIES**

54 C.J.S., Limitation of Actions, § 206 pp. 226–228 (1948) ............................. 49

The Court should grant the Cook Defendants' renewed motion to dismiss the listed Plaintiffs' fraudulent concealment claims on the same two grounds the Court cited in its original February 22, 2021 Order.  In that Order, the Court made the following rulings:

1.    On the elements of fraudulent concealment:

   a.    To permit a Plaintiff to avoid the statute of limitations or repose on an otherwise time-barred claim, "[a] claim of fraudulent concealment requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action." Dkt 15907 at 6.

   b.    Plaintiffs' Short-Form Complaints failed to make such allegations, requiring dismissal of the claims. *Id.* at 7-8.

2.    On Rule 9(b)'s requirement of particularized pleading:

   a.    "[A]ny allegation of fraud based on such statements [to Plaintiffs' physicians] must be pled with particularity in the individual Plaintiff's complaint," *id.* at 8-9 (quoting *In re Trasylol Prods. Liab. Litig.*, No. 08-MD-1928, 2009 WL 577726 (S.D. Fla. Mar. 5, 2009)).

   b.    Plaintiffs' Short-Form Complaints failed to state the circumstances of fraudulent concealment with the required particularity, requiring dismissal of the claims. *Id.* at 9.

Plaintiffs' response makes no effort to persuade the Court that any of the recent Amended Short-Form Complaints cures either of these pleading deficiencies.  Although Cook's motion identified and laid out the 329 unique new allegations asserted in the

nearly 700 new Amended Short-Form Complaints, *see* Dkt. 18315-2, Plaintiffs do not argue that any of these allegations asserts the concealment from a Plaintiff of the existence of a cause of action or that any of them states the circumstances of any claimed fraudulent concealment with particularity.

Instead of arguing that the new Amended Short-Form Complaints meet the pleading standard that the Court set, Plaintiffs argue that the standard the Court set is wrong, and that the Court should reconsider and reverse its February 22, 2021, ruling.  In seeking this reconsideration, Plaintiffs have introduced a blizzard of misguided state-specific arguments, in essence suggesting that the Court cannot set a pleading standard at all—all the while wholly ignoring the fact that the Court has already *rejected* that argument and *has* in fact established the pleading standard.  *See* Dkt. 18900 (ruling that "[t]he Cook Defendants' motion addresses an issue common to all Plaintiffs: whether the Master Complaint, which has been incorporated into each individual Plaintiff's Short-Form Complaint, adequately alleges a claim of fraudulent concealment.").

Cook believes that this response by Plaintiffs was not at all what the Court intended when it granted Plaintiffs leave to amend their Short-Form Complaints.  The Court's February 22, 2021 Order makes clear that the Court granted leave to amend to permit Plaintiffs to try to meet the pleading standards the Court had set out in the Order. *See* Dkt. 15907 at 9.  The leave to amend was ***not*** an invitation for Plaintiffs to file new complaints with the same pleading deficiencies as the original complaint and then, when Cook again moved to dismiss the claims, to reargue the pleading standards the Court had already established.

Yet that is exactly what Plaintiffs have done; they do not claim that the new Amended Short-Form Complaints meet the Court's legal standard, they claim that the legal standard is wrong.  As detailed below, Plaintiffs have already presented their arguments on the legal standard for pleading this issue multiple times in this litigation. The Court has rejected their argument each time, and the issue is settled as the law of the case.  The Court should reject Plaintiffs' attempt to raise and confuse the issue once against through a flood of state court citations.

Although the state law that Plaintiffs cite is uniformly wrong, the Court need not even reach it. The issue here is whether the new Amended Short-Form Complaints meet the pleading standards the Court set out in its February 22, 2021 Order.  They do not meet those standards, and Plaintiffs' response does not claim otherwise.  The Court should therefore dismiss the claims of fraudulent concealment in Plaintiffs' Amended Short-Form Complaints.[1]

## I.    Plaintiffs' Amended Short-Form Complaints Fail to State the Circumstances of the Alleged Fraudulent Concealment with the Particularity Required by Rule 9(b)

The Court should dismiss Plaintiffs' claims of fraudulent concealment because

---

[1] By agreement with the respective Plaintiffs' counsel, Cook withdraws the present motion in the following cases that were listed on the attachment to the original motion, Dkt. 18315-1:  Claudia Kaufmann (1:21-cv-06359); William Shearer (1:21-cv-06358); Stephanie Dunbar (1:21-cv-06257); Linda Duncan (1:21-cv-6336); Michelle Goodman (1:21-cv-06338); Anthony J. Giorgianni (1:21-cv-06341); David Mendoza (1:21-cv-06353); Charlene Fongeallaz (1:21-cv-06354); Douglas S. Wells (1:21-cv-6355); Joseph M. Maka (1:21-cv-06356); Faye K. Kelleher (1:21-cv-06362); Catherine Sharp (1:21-cv-06363); Henry D. Martin, Sr. (1:21-cv-06367); and Caroline M. McKenzie (1:21-cv-06335).  These Plaintiffs did not file Amended Short-Form Complaints adding allegations of fraudulent concealment, and thus are not affected by this motion.

those claims fail to state the circumstances of the claimed fraudulent concealment with the particularity required by Rule 9(b).  Rule 9(b) offers the Court by far the easiest and simplest ground on which to grant Cooks' renewed motion for two reasons:  (1) it presents a pure issue of federal procedural law, so none of Plaintiffs' state-law arguments has any relevance to the issue, and (2) Plaintiffs' response does not dispute Cook's entitlement to dismissal on this ground, and in fact does not even mention the issue.

As Cook noted in its original motion, federal law governs the sufficiency of a party's pleading under Rule 9(b) in federal court.  *See, e.g., Scherer v. Balkema*, 840 F.2d 437, 441 (7th Cir. 1988); *see* also Dkt. 15907 at 9 (applying federal standard to Rule 9(b) issue).  Under Rule 9(b), a party alleging fraudulent concealment must describe the "who, what, when, where, and how" of the communication that is alleged to constitute the fraudulent concealment.  *See, e.g., United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018); Dkt. 15907 at 8-9 (quoting *Berkowitz*).  Merely listing claimed misrepresentations is not enough; a plaintiff must state the circumstances of the communication that constitutes the claimed fraud.  *See Seldon v. Home Loan Serv., Inc.*, 647 F. Supp. 2d 451, 470 (E.D. Pa. 2009) (without alleging the "terms, conditions, or characteristics" of allegedly deceptive conduct, "merely alleg[ing] a list of misrepresentations" is not enough).  Plaintiffs' response does not dispute any of these standards, and it does not deny that the standards apply to the Amended Short-Form Complaints filed under the Court's February 22, 2021 Order.

Again, as Cook described in detail in its original renewed motion, Plaintiffs' Amended Short-Form Complaints fail to meet Rule 9(b)'s particularity requirement.

None of Plaintiffs' Amended Short-Form Complaints states any particularized allegations concerning any actual communications by Cook that fraudulently concealed information from any Plaintiff.  They do not allege what the communication said was, who was involved in the communication, what company that person worked for, where and when the communication occurred, or how the communication was conveyed.  Indeed, again as previously noted, a number of Plaintiffs did not even *pretend* to provide the required particularized facts.  *See, e.g.*, Dkt. 16862 at 8 ("[TO BE COMPLETED WITH INDIVIDUAL FACTS]."

Plaintiffs' response does not address this argument in any way.  Plaintiffs do not dispute the continued deficiency of the Amended Short-Form Complaints under Rule 9(b).  Plaintiffs do not deny that none of the Amended Short-Form Complaints pleads the circumstances of the claimed fraudulent concealment with particularity, they and do not deny that none of them alleges the "who, what, when, where, and how" of the Cook communication that they allege constitutes the fraudulent concealment.  The "Fraudulent Concealment Allegations" section Plaintiffs include near the end of their response, *see* Dkt. 18900 at 22-30, describes only general allegations concerning Cook's supposed concealment of unfavorable information about its IVC filters; the section identifies no allegations concerning the "circumstances constituting" the claimed fraudulent concealment, *i.e.*, the details of the supposed communication by which a Plaintiff claims Cook "fraudulently concealed" information from that Plaintiff.  Indeed, despite the fact that Rule 9(b) was the lead argument in Cook's renewed motion, *see* Dkt. 18315 at 6-10, Plaintiffs' response does not even *mention* Rule 9(b), and it offers no analysis whatever

of Rule 9(b)'s particularity requirement or its application to the Amended Short-Form Complaints.[2]

In sum:

1.     Rule 9(b) requires Plaintiffs to state the circumstances of their fraudulent concealment claims with particularity;

2.     Plaintiffs' Amended Short-Form Complaints do not state the circumstances constituting fraudulent concealment with particularity; and

3.     Plaintiffs' response does not dispute either No. 1 or No. 2.

The Court should therefore once again dismiss Plaintiffs' fraudulent concealment claims, this time with prejudice.  *See Stanard v. Nygren*, 658 F.3d 792, 800 (7th Cir. 2011) (affirming dismissal where attorney "continued to demonstrate either an inability or unwillingness to comply with basic directions").

## II.     Plaintiffs' Amended Short-Form Complaints Fail to Allege that Cook Fraudulently Concealed from Plaintiffs the Existence of Their Causes of Action.

The Court should also dismiss Plaintiffs' claims of fraudulent concealment because those claims fail to allege that Cook concealed from any of the Plaintiffs the existence of their causes of action.  As this Court held in its February 22, 2021 Order, "[a] claim of fraudulent concealment requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's

---

[2] The only mention of "particularity" in Plaintiffs' entire response appears in a quotation in Plaintiffs' discussion of the substance of Alabama law on fraudulent concealment, not in the context of Rule 9(b).  *See* Dkt. 18900 at 7 (quoting *In re Takata Airbags Prods. Liab. Litig.*, 193 F. Supp. 3d 1324, 1336-38 (S.D. Fla. 2016)).

cause of action." Dkt. 15907 at 6 (collecting cases); *see also* Dkt. 13187 at 7-8 (*McDermitt*); Dkt. 5575 at 7 (*Graham*) (both applying same standard).

As noted in Cook's original renewed motion, not a single one of the Amended Short-Form Complaints alleges that Cook even knew that any Plaintiff had a Cook filter, much less that Cook knew that any Plaintiff had a cause of action against it and acted affirmatively to conceal the existence of the cause of action from that Plaintiff. Plaintiffs' response does not dispute this; all of the alleged Cook conduct Plaintiffs set out in their "Fraudulent Concealment Allegations" section, *see* Dkt. 18900 at 22-30, involves claimed conduct *leading up to* the placement of Plaintiffs' IVC filters; none of it claims any *post*-placement conduct by Cook intended to conceal from any Plaintiff the existence of a cause of action against Cook.  And although the response argues that the Court should change the standard for pleading fraudulent concealment, as discussed in the following section, the response does *not* dispute that the Amended Short-Form Complaints fail to meet the pleading standard as the Court defined it in the February 22, 2021 Order.

In sum:

1.   The Court's February 22, 2021 Order held that "a claim of fraudulent concealment requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action," Dkt. 15907 at 6;

2.   Plaintiffs' Amended Short-Form Complaints do not allege that Cook fraudulently concealed information from Plaintiff about the existence of

their causes of action; and

3.    Plaintiffs' response does not dispute either No. 1 or No. 2.

The Court should therefore once again dismiss Plaintiffs' fraudulent concealment claims, this time with prejudice.  *See Les Allott, Inc. v. Village of Hopkins Park*, 922 F.2d 843, 843 (7th Cir. 1991) (affirming dismissal of claim where plaintiff failed to plead necessary element).

## III.    The Court Should Reject Plaintiffs' Argument Based on Multiple States' Caselaw as Procedurally Improper and Substantively Incorrect.

Instead of addressing the standard the Court has already recognized for pleading fraudulent concealment, Plaintiffs' response asks the Court to reconsider its earlier decisions and to redefine the standard or, in fact, rule that no standard can be defined at all because the states' laws differ on the issue.  The Court should reject this *de facto* request for reconsideration on two grounds:

1.    Plaintiffs offer the Court no reason to revisit this issue yet again, especially since Plaintiffs have made these same arguments in at least four previous submissions; and

2.    The Court's original decision on the fraudulent concealment pleading standard was absolutely right, and correctly recognized that the core element of the claim under all states' laws is the defendant's concealment from the plaintiff of the existence of the plaintiff's cause of action.

### A.    The Court Should Reject the PSC's *de facto* Motion to Reconsider Its Decision Setting the Standard for Fraudulent Concealment.

The argument in Plaintiffs' response based on their citation of dozens of states' laws on fraudulent concealment, Dkt. 18900 at 4-20, is effectively a thinly disguised request that the Court reconsider and change its February 22, 2021 Order setting out the standard for pleading fraudulent concealment.  The Court should reject this "stealth motion" for reconsideration for multiple reasons:  Plaintiffs offer no justification for reconsideration, they have already argued this issue in four previous submissions, they fail to address or even acknowledge the Court's prior ruling on this issue, and they offer no arguments here that they could not have offered in any of those four previous submissions.

Although Plaintiffs do not make their request for reconsideration openly and therefore do not cite any authority permitting such reconsideration, the proper procedural vehicle to address the request is Rule 54(b), which governs motions to reconsider orders other than final judgments. *See Arnold v. Keris*, No. 118CV01779JRSDLP, 2018 WL 8803446, at *1 (S.D. Ind. Dec. 10, 2018). "Motions to reconsider serve a limited function, to be used 'where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Davis v. Carmel Clay Schs.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)) (additional quotations omitted).

Although a court may grant a motion to reconsider where a movant demonstrates a manifest error of law or fact, a motion to reconsider is *not* an occasion to make new arguments. *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *Granite St. Ins. Co. v.*

*Degerlia*, 925 F.2d 189, 192 n.7 (7th Cir. 1991). Courts generally disfavor motions for reconsideration, taking the view that "a re-do of a matter that has already received the court's attention is seldom a productive use of taxpayer resources because it places all other matters on hold." *Burton v. McCormick,* No. 3:11-CV-026, 2011 U.S. Dist. LEXIS 50891, 2011 WL 1792849, at *1 (N.D. Ind. May 11, 2011) (quoting *United States v. Menominee Tribal Enters.*, No. 07-C-317, 2009 U.S. Dist. LEXIS 45614, 2009 WL 1373952, at *1 (E.D. Wis. May 15, 2009)).

Nothing in Plaintiffs' response justifies the Court's reconsideration of its February 22, 2021 Order ruling on the pleading standards for fraudulent concealment.  Not only have Plaintiffs already argued that differences in the laws of the states prevent the MDL-wide dismissal of their claims of fraudulent concealment, they have already made that argument *four times*. Specifically, Plaintiffs have urged this same argument in:

- The Plaintiffs' Steering Committee's motion to strike Cook's original motion to dismiss Plaintiffs' fraudulent concealment claims.  *See* Plaintiffs' Steering Committee's Brief in Support of its Motion to Strike Cook's "Omnibus" Motion for Judgment on All Plaintiffs' Claims of Fraudulent Concealment, Dkt. 13794 at 7-8 ("…Cook's 9(b) motion does not present a simple one-size-fits-all pleading issue because the legal elements of fraudulent concealment differ – even if slightly in some instances – from state to state.")

- The PSC's first reply in support of that motion to strike. *See* Plaintiffs' Steering Committee's Reply in Support of its Motion to Strike Cook's "Omnibus" Motion for Judgment on All Plaintiffs' Claims of Fraudulent Concealment Dkt. 13891 at 7-9 ("A cursory review of the case law listed by Cook reveals just the opposite – the doctrine of fraudulent concealment differs from state to state").

- The PSC's second reply in support of that motion to strike. PSC's Supplemental Reply in Support of its Motion to Strike.  *See* Dkt. 14009 at 1-2 ("the Court here would have to apply each state's conflicts of laws

rules and each state's substantive laws pertaining to the individual claims of each plaintiff.").

- The PSC's substantive response to Cook's motion to dismiss. *See* PSC's Opposition to Cook's "Motion for Partial Dismissal or Summary Judgment on Claim of Fraudulent Concealment, Dkt. 15433 at 2, 7-9 ("the states treat claims of fraudulent concealment in disparate ways, with different elements and different standards").

Plaintiffs' response to the present motion in fact admits that they have argued and lost this issue multiple times. Dkt. 18900 at 30 (acknowledging that "[s]ince this issue was first raised, the PSC has consistently argued that Cook's motion cannot be adjudicated in the aggregate" because of differences in state laws).

Plaintiffs' response here makes no arguments that Plaintiffs did not or could not have made in their earlier submissions, nor does it claim to do so. Indeed, major sections of the PSC's current response simply reiterate the same arguments the PSC made in these earlier submissions, arguing yet again that differences in state law prevent the MDL-wide relief that the Court has in fact already granted. *See* Dkt. 13794 at 3-9; Dkt. 13891 at 4-7; Dkt. 14009 at 1-3. Cook's original motion expressly addressed and cited controlling authority from every single state, *see* Dkt. 18314-1 (hereafter "Appendix"), and Plaintiffs had every opportunity to raise their state-by-state arguments in response to that motion, but they elected not to do so. They cannot get a "do over" and offer additional arguments now simply because they lost the motion the last time. *See In re Prince*, 85 F.3d at 324.

This Court has never adopted Plaintiffs' arguments on this issue; instead, it denied Plaintiffs' motion to strike Cook's original motion, Dkt. 14900, and then granted Cook's original motion on its merits, Dkt. 15907. Plaintiffs have had four bites at the apple on

this issue, and their response to Cook's current renewed motion offers no justification for

a fifth.

In sum, Plaintiffs' request for reconsideration of the Court's February 22, 2021

Order is unjustified and procedurally improper.  The Court should reject it and should

instead rule on Cook's renewed motion based on the existing law of the case:  the

pleading standards stated in the February 22, 2021 Order.

**B.      The Court's Original Ruling Was Correct, and Plaintiffs' Multistate Arguments Do Not Change the Core Element of Fraudulent Concealment that the Court Identified.**

Even if the Court were to elect to reconsider its ruling on the legal standard for

fraudulent concealment, such reconsideration would not change the result here because

the Court's original ruling was entirely correct.  The caselaw Plaintiffs cite from around

the country does not support their argument that the Court's pleading standard is wrong.

Although Plaintiffs offer cursory discussion based on some several dozen state-specific

case citations, each of Plaintiff's offerings suffers from one or more fatal flaws.  These

flaws include misinterpretations of decisions, statements taken out of context, holdings

that address claims of fraudulent concealment as a substantive cause of action rather than

as a means of tolling a statute of limitations, decisions that address federal pleading

requirements rather than the elements of state-law fraudulent concealment, and cases that

are simply outliers that defy the well-established law of the state involved.  In the end,

none of these arguments support Plaintiffs' argument that any state's standard is

inconsistent with this Court's holding that "[a] claim of fraudulent concealment requires

an allegation that the defendant fraudulently concealed information from the plaintiff

about the existence of the plaintiff's cause of action." Dkt. 15907 at 6.

Plaintiffs' employment of these dozens of state-specific snippets is in fact a rather transparent part of Plaintiffs' effort to get the Court to change its February 22, 2021 Order—an effort intended to create the false impression that the Court needs to address every state separately to resolve Cook's motion.  The Court of course need do no such thing; as Cook has pointed out repeatedly, and as the Court itself has recognized, the fundamental premise of fraudulent concealment—the defendant's concealment from the plaintiff of the existence of a possible cause action—is the same among all the states.  *See* Dkt. 15907 at 6 (collecting cases from multiple states).

Nevertheless, because Plaintiffs' response contains discussions of the law from several dozen states, Cook is obliged to respond in kind on a state-by-state basis.[3]  Cook regrets the space those state-specific responses will take, but as the Court is doubtless aware from multiple contexts, it often takes much more time and effort to correct errors than it does to make them.

### 1.     Texas

Texas law provides that "[f]raudulent concealment tolls the statute of limitations due to the defendant's active suppression of the truth or failure to disclose when the defendant is under a duty to disclose." *Vial v. Gas Sols., Ltd.*, 187 S.W.3d 220, 229 (Tex. Ct. App. 2006).  A plaintiff seeking to toll the statute of limitations on fraudulent concealment grounds must demonstrate that the defendant had actual knowledge of his

---

[3] Plaintiffs concede that mere concealment of a defect is not sufficient to establish fraudulent concealment in Montana, Mississippi, and Hawai'i, *See* Dkt. 18900 at 21, so Cook need not address the law in those three states.

injury.  *Bridges v. Metabolife Int'l, Inc.*, 119 F. App'x 660, 663 (5th Cir. 2005) (citing *Casey v. Methodist Hosp.*, 907 S.W.2d 898, 903 (Tex. Ct. App. 1995)).  If the defendant is under no duty to disclose, "mere failure to disclose a cause of action or its mere concealment, is not fraudulent concealment for the purposes of tolling the statute of limitations."  *Seibert v. Gen. Motors Corp.*, 853 S.W.2d 773, 778 (Tex. Ct. App. 1993) (citations omitted).

Plaintiffs do not attempt to distinguish the case law presented by Cook in its Appendix, nor do they attempt to distinguish this Court's reading of Texas law regarding fraudulent concealment in its prior order.  *See* Dkt. 15907, at 7 n.4.  Instead, Plaintiffs point to a single, unpublished federal court opinion to argue that the mere concealment of a product defect is sufficient to toll the statute of limitations under Texas law. Dkt. 18900 at 2 (citing *Klein v. O'Neal, Inc.*, No. 7:03-CV-102-D, 2008 WL 2152030 (N.D. Tex. May 22, 2008)).  But *Klein* is an outlier that rests on shaky ground.  As the *Klein* court itself acknowledges in its opinion, its reading of Texas law conflicts with the Fifth Circuit's reading of the same law.  *See id.* at *4-5; *see also Bridges*, 119 F. App'x at 663. And the *Klein* decision deviates substantially from well-established Texas law, interpreting that law to require only that the defendant know it had wronged a person or group of persons, irrespective of whether the defendant had identified the individuals involved.  2008 WL 2152030, at *5.  Although the *Klein* court acknowledged that "[t]he gist of fraudulent concealment is the defendant's active suppression of the truth or failure to disclose when the defendant is under a duty to disclose," *id.* at *3 (quoting *Mitchell Energy Corp. v. Bartlett*, 958 S.W.2d 430, 439 (Tex. Ct. App. 1997)), it neglected to

explain how the defendant either actively suppressed the truth or was under a duty to

disclose, the latter of which requires a confidential or fiduciary relationship between the

parties, *see Seibert*, 853 S.W.2d at 778.  Plaintiffs reliance on the outlier *Klein* decision is

misplaced.

### 2.      Virginia

Virginia law is well-settled on the issue of whether the mere concealment of a

defect is sufficient to toll the statute of limitations:

> Mere silence by the person liable is not concealment, but there must
> be some affirmative act or representation designed to prevent, and which
> does prevent, the discovery of the cause of action. Concealment of a cause
> of action preventing the running of limitations must consist of some trick or
> artifice preventing inquiry, or calculated to hinder a discovery of the cause
> of action by the use of ordinary diligence, and mere silence is insufficient.
> There must be something actually said or done which is directly intended to
> prevent discovery.

*Newman v. Walker*, 618 S.E.2d 336, 338 (Va. 2005) (quoting *Culpepper Nat'l Bank*, 89

S.E. 118, 121 (Va. 1916)).  Indeed, "[a] plaintiff who seeks to rely upon the tolling

provision in Code § 8.01–229(D) must establish that the defendant undertook an

affirmative act designed or intended, directly or indirectly, to obstruct the plaintiff's right

to file her action."  *Grimes v. Suzukawa*, 551 S.E.2d 644, 646 (Va. 2011) (citations

omitted).

Plaintiffs do not address the case law cited by Cook in its Appendix, instead citing

a federal case, *Evans v. Trinity Indus., Inc.*, 137 F. Supp. 877 (E.D. Va. 2015), that they

claim supports their argument.  Dkt. 18900 at 4-5.  But Plaintiffs' reliance on *Evans* is

misplaced, as it too is an outlier that rests upon unsure ground.  The *Evans* court tacitly

acknowledged as much when it stated: "The parties have cited no case law, and the court is aware of none, in which the courts of the Commonwealth have considered section 8.01–229(D) in the context of a products liability action, in which the alleged concealment occurred prior to the injury in question and was not directly targeted at obstructing the particular plaintiff's claims." *Id.* at 883. Further, in reaching its holding, the *Evans* court relied on the reasoning in *Klein*, which—for reasons discussed above with respect to Texas—is premised on a faulty reading of Texas law. *Id.* at 884.

### 3.    Alaska

Under Alaska law, the fraudulent concealment necessary to toll the statute of limitations must either be "an affirmative representation, or a failure to disclose facts where there is a duty to do so." *Waage v. Cutter Biological Div. of Miles Lab., Inc.*, 926 P.2d 1145, 1149 (Alaska 1996) (citation omitted). Further, the defendant must "fraudulently conceal[] from a plaintiff the existence of a *cause of action* . . . if the plaintiff's delay in bringing suit was occasioned by reliance on the false or fraudulent representation." *Chiei v. Stern*, 561 P.2d 1216, 1217 (Alaska 1977) (emphasis added).

Again, Plaintiffs fail to distinguish the law presented by Cook, opting to present a different case, *Palmer v. Borg-Warner Corp.*, 838 P.2d 1243, 1249-50 (Alaska 1992), that they claim supports their contention that mere concealment of a defect is sufficient to toll the statute of limitations. Dkt. 18900 at 5-6. *Palmer*, however, stands for no such proposition. The defendant in *Palmer* did not merely conceal a defect in its product; the defendant "purposely placed false information in the public domain in order to divert suspicion away from it." *Id.* at 1250. It was these "false representations [that]

- 16 -

'prevent[ed] an investigation [by the estate] from revealing any relevant results'" that would suggest the plaintiff had a claim against the defendant.  *Id.*

Indeed, read in context, *Palmer* supports Cook's position and the Court's February 22, 2021 Order.  In *Palmer*, the defendant was hiding from the plaintiff a *cause of action* that had already accrued; that is, the defendant manufactured false public information that was intended to and did prevent the plaintiff from discovering that the defendant's allegedly defective carburetor, rather than pilot error, was the cause of the crash.  838 P.2d at 1250.  In contrast, in cases like those in this MDL, Plaintiffs cannot and do not claim that the causal connection between the alleged injury and the alleged defective product was obfuscated by other products that could be the root cause of the alleged injury, and Plaintiffs cannot tenably contend that Cook has concealed from them the existence of their causes of action. *Evans* does not support Plaintiffs' argument.

### 4.    Idaho

Idaho law provides that fraudulent concealment tolls the applicable statute of limitations when the "fact of damage has ... been fraudulently and knowingly concealed from the injured party."  Idaho Code § 5–219(4).  In response, Plaintiffs purport to provide missing context to one of the cases Cook cited in its Appendix, *Allen v. A.H. Robbins Co., Inc.*, 752 F.2d 1365 (9th Cir. 1985).  Dkt. 18900 at 6.  The additional language Plaintiffs provide, however, does little to support their position.

In *Allen*, the court noted that the defendant "did more than conceal causation.  It concealed the damage itself."  *Id.* at 1371.  Accordingly, the plaintiff was "not only unaware of the cause of her injury, but also of the 'fact of damage' itself."  *Id.  Allen* thus

- 17 -

dealt with a unique factual situation in which the plaintiff was wholly unaware that she was even injured, and the defendant's concealment of information actually hid the "fact of damage" itself.  *See id.* ("Allen had no notice before April, 1981 that she might have suffered severe damage which could lead to sterility or a hysterectomy. . . . Urinary tract and pelvic infections are common and frequently occur without any obvious cause other than the presence of a microorganism. . . . Absent other information, individuals suffering from infections are not likely to view their symptoms as an indication that more lasting damage has taken place. Allen had no reason to suspect that her infections were an indication of serious, permanent, underlying damage.").  In contrast here, none of the concealment Plaintiffs would attribute to Cook would hide the "fact of damage" from Plaintiffs.  On the contrary, the cause of action *is* the injury, and the information Plaintiffs claim Cook concealed from Plaintiffs would in no way interfere with their ability to discover the cause of action. Idaho's fraudulent concealment statute thus does not apply.

This conclusion is strengthened by the Idaho Supreme Court's decision in *Theriault v. A.H. Robins Co.*, 698 P.2d 365 (Idaho 1985), which Cook cited in its Appendix and which Plaintiffs did not attempt to distinguish. In *Theriault,* the supreme court stated:

> Theriault has failed to produce any evidence of conduct by Robins designed to conceal facts in an effort to hinder her in prosecuting her claim; nor is there anything in the record to show that Robins concealed material facts or made false representations which lulled Theriault into inaction during the period in which she could have brought this lawsuit. We conclude that the evidence of fraudulent concealment, even when viewed in the light most favorable to appellant, was insufficient to establish a triable issue.

*Id.* at 369.  Plaintiffs here suffer the same problem as the plaintiff in *Theriault*—that is, they do not allege that Cook concealed facts to hinder Plaintiffs from prosecuting their claims or to lull Plaintiffs into inaction, precisely because the allegations—even viewed in the light most favorable to the Plaintiffs—do not claim that Cook hid the "fact of damage" from the Plaintiffs.

### 5.   Arizona

In Arizona, "[t]he wrongful concealment sufficient to toll a statute of limitations requires a positive act by the defendant taken for the purpose of preventing detection of the cause of action."  *Ulibarri v. Gerstenberger*, 871 P.2d 698, 709 (Ariz. Ct. App. 1993) (citations omitted); *see also Jackson v. American Credit Bureau, Inc.*, 531 P.2d 932, 935 (Ariz. Ct. App. 1975) (citations omitted) ("There must be some positive act of concealment done to prevent detection.").  An exception to this rule exists where there is a fiduciary relationship between the parties, in which mere passive concealment is sufficient to toll the statute of limitations.  *See Tovrea Land & Cattle Co. v. Linsenmeyer*, 412 P.2d 47, 63 (Ariz. 1966) (citation omitted).

Plaintiffs cite a single case, *Anson v. Am. Motors Corp.*, 747 P.2d 581 (Ariz. Ct. App. 1987), in supposed support of their position that mere concealment of a defect is sufficient to toll the statute of limitations.  Dkt. 18900 at 6-7.  But *Anson* provides no such support. The *Anson* court pointed to affirmative misrepresentations by the defendant, occurring *after* the plaintiff's injuries, that the product was "rugged and safe," and the plaintiffs claimed to have relied on that post-injury information  *Id.* at 589. The *Anson* decision thus involved active, post-injury misrepresentation, not mere preinjury

- 19 -

failure to warn.

In addition, to the extent the *Anson* court suggested that a mere failure "to disclose true facts leading to the plaintiff's injury" is sufficient to toll the statute of limitations under the fraudulent concealment doctrine, the court mistakenly relied on cases in which the defendant had a fiduciary relationship with the plaintiff.  *See* 747 P.2d at 589 (citing medical malpractice and accountant malpractice cases).  But the court did not find any such fiduciary duty between the parties in *Anson*, so a mere failure to disclose could not toll the statute of limitations under the Arizona law the *Anson* court cited; rather, there would have had to "be some positive act of concealment done to prevent detection."  *See Jackson*, 531 P.2d at 935.  This obvious analytical error undercuts any support Plaintiffs may claim *Anson* offers for their position.  Plaintiffs of course do not and cannot allege that they had any fiduciary relationship with Cook.

### 6.    Maine

Under Maine law, fraudulent concealment will toll the statute of limitations where the plaintiff can establish either: "(1) that [the defendant] actively concealed material facts from [the plaintiff] and that [the plaintiff] relied on [the defendant's] acts and statements to his detriment; or (2) 'that a special relationship existed between the parties that imposed a duty to disclose the cause of action, and the failure of defendants to honor that duty.'"  *McKinnon v. Honeywell Int'l, Inc.*, 977 A.2d 420, 425-26 (Me. 2009) (quoting *Brawn v. Oral Surgery Assoc.*, 819 A.2d 1014, 1026 (Me.2003)).

Plaintiffs ignore the case law cited by Cook and instead offer their own case, *Cohan v. Pella Corp.*, No. 2:14-mn-00001-DCN, 2015 WL 6465639 (D.S.C. Oct. 26,

2015). Dkt. 18900 at 7.  *Cohan*, however, is an outlier that misapplies Maine law.  The *Cohen* court's initial statement of Maine law is correct:

> Under Maine law, an action that is fraudulently concealed by the defendant is timely if it is commenced within six years after the person entitled to bring suit discovers the claim. 14 M.R.S.A. § 859. "To establish a claim of fraudulent concealment, the plaintiff must show: '(1) that defendants actively concealed material facts from [plaintiff] and that [plaintiff] relied on their acts and statements to her detriment; or (2) that a special relationship existed between the parties that imposed a duty to disclose the cause of action, and the failure of defendants to honor that duty.'" *Siegemund v. Shapland*, 307 F.Supp.2d 113, 116-17 (D.Me.2004) (quoting *Harkness v. Fitzgerald*, 701 A.2d 370, 372 (Me.1997)). "A fiduciary relationship, such as that of guardian to ward, is a 'special relationship.'" *Id.* (quoting *Brawn v. Oral Surgery Assoc.*, 819 A.2d 1014, 1026 (Me.2003)).

*Id.* at *3.  But when it turns to applying this law, the *Cohen* court goes off the tracks, finding legally sufficient the plaintiff's allegations that the defendant "failed to disclose the defective nature of [its product]" and that the defendant "had a duty to disclose the defective condition of the [product] to the plaintiffs."  *Id.* at *4.

Cook respectfully submits that *Cohan*'s result facially contradicts the Maine law cited in the opinion.  The plaintiffs in the case did *not* demonstrate an active concealment of material facts, as required by Maine law.  *See id.* at *1-2.  Nor could the plaintiffs establish that they were in a "special relationship," i.e., a fiduciary relationship, with the defendant—a manufacturer of windows.  *See id.*  Despite this failure to meet the elements established by Maine law, the *Cohan* court found the plaintiffs' allegations sufficient to toll the statute of limitations. *Id.* at 3.  Plaintiffs' reliance on *Cohan* does not support their position because the case inherently contradicts both itself and Maine law generally.

### 7.    Alabama

Alabama law holds that "a breach of the duty to warn by a manufacturer does not

toll the statute of limitations under Alabama law, because 'a mere failure or refusal to

warn, without more, while actionable, does not rise to the level of fraudulent concealment

[that tolls the statute of limitations].'"  *Scharff v. Wyeth*, No. 2:10–CV–220–WKW

[WO], 2011 WL 3320501, at *11 (M.D. Ala. Aug. 2, 2011) (quoting *Cazalas v. Johns-

Manville Sales Corp.*, 435 So. 2d 55, 58 (Ala. 1983)).  Indeed, "[t]o establish tolling on

[the basis of fraud and concealment], plaintiffs must come forward with something more

than vague statements of what was misrepresented or concealed, and must show

specifically how it prevented them from filing suit earlier."  *Abrams v. Ciba Specialty

Chems. Corp.*, 666 F. Supp. 2d 1267, 1266 n.12 (S.D. Ala. 2009).

Plaintiffs do not try to distinguish the case law presented by Cook, but instead

offer their own case in supposed support of their position, *In re Takata Airbag Prods.

Liab. Litig.*, 193 F. Supp. 3d 1324 (S.D. Fla. 2016).  Dkt. 18900 at 7.  But *Takata* does

not stand for Plaintiff's proposition that Alabama law permits a finding of fraudulent

concealment sufficient to toll the statute of limitations based on a mere pre-injury

concealment of a product defect.  Although Alabama law governed the substantive issues

in *Takata*, the ruling that Plaintiffs quote was *not* based on Alabama law.  As the

quotation itself demonstrates, the decision was based on the federal Rule 9(b) pleading

requirement of particularized pleading of fraud allegations.  *See Takata*, 193 F. Supp. 3d

at 1336 (citing Rule 9(b) and holding that "for the motion to dismiss stage, Plaintiffs have

pleaded fraudulent concealment with sufficient particularity").

8.      **Oklahoma**

Under Oklahoma law, the statute of limitations begins to run "unless there has

been fraudulent concealment of the cause of action on the part of the person against

whom it lies." *Moore v. Delivery Servs., Inc.*, 618 P.2d 408, 409 (Okla. Civ. App. 1980)

(citation omitted).  Indeed, "a defendant is estopped from interposing the defense of a

time bar when the defendant's conduct has induced the plaintiff to refrain from timely

bringing an action because of the defendant's false, fraudulent or misleading conduct or

some act that induces the plaintiff to refrain from timely bringing the action." *Krug v.

Helmerich & Payne, Inc.*, 320 P.3d 1012, 1023 (Okla. 2013).

Plaintiffs do not address this law provided by Cook; instead, they present another

case, *Masquat v. DaimlerChrysler Corp.*, 195 P.3d 48 (Okla. 2008), that they assert

stands for the proposition that mere concealment of a product defect from the public is

sufficient to toll the statute of limitations under Oklahoma law.  Dkt. 18900 at 7-8.  But

*Masquat* does not support that proposition.  In fact, *Masquat* does not deal with the

merits of the plaintiffs' fraudulent concealment allegations, instead focusing solely on

whether the trial court's certification of a class action was proper.  *See id.* at 53-54.  And

language in the opinion directly contradicts Plaintiffs' reading of the case:

> The mere failure to disclose such material facts is not sufficient to prevent
> the running of the statute; but when there is something more than mere
> failure to disclose, when there is some actual artifice or some affirmative
> act of concealment, or some misrepresentation which induces the other
> party to inaction, or to forgo inquiry, the guilty party may not cover up the
> harm he has thus wrought by aid of the statute of limitations.

*Id.* at 55 (quoting *Loyal Protective Ins. Co. v. Shoemaker*, 63 P.2d 960, Syl. No. 1 (Okla.

1936)).  Plaintiff's reliance on *Masquat* is unfounded.

### 9.  Minnesota

Under Minnesota law, for fraudulent concealment to toll the statute of limitations, "a plaintiff must prove there was an affirmative act or statement which concealed a potential cause of action, that the statement was known to be false or was made in reckless disregard of its truth or falsity, and that the concealment could not have been discovered by reasonable diligence."  *Haberle v. Buchwald*, 480 N.W.2d 351, 357 (Minn. Ct. App. 1992) (citation omitted).

In response, Plaintiffs cite *Block v. Toyota Motor Corp.*, 5 F. Supp. 3d 1047 (D. Minn. 2014) for the proposition that Minnesota's fraudulent concealment doctrine focuses on whether the defendant concealed a defect.  Dkt. 18900 at 8.  As a threshold matter, the *Block* opinion was vacated by *Adams v. Toyota Motor Corp.*, 867 F.3d 903 (8th Cir. 2017), so it is no longer good law.  But even assuming the *Block* decision were still valid, the case supports Cook's position, not the Plaintiffs'.  Plaintiffs correctly state that "[i]n the product liability context, fraudulent concealment 'tolls the statute of limitations until the party discovers, or has a reasonable opportunity to discover, the concealed defect.'"  *Block*, 867 F.3d at 1059 (citation omitted).  But Plaintiffs offer this quote completely out of context.  The *Block* court goes on to state:

> To establish fraudulent concealment, some courts have stated a two element test, requiring the plaintiff to establish: "1) that the Defendant engaged in a course of conduct to conceal evidence of the Defendant's alleged wrongdoing; and 2) that the Plaintiff failed to discover the facts giving rise to her claim despite her exercise of due diligence." *Evans v. Rudy–Luther Toyota, Inc.*, 39 F.Supp.2d 1177, 1184 (D.Minn.1999); *see also Williamson v. Prasciunas*, 661 N.W.2d 645, 650 (Minn.Ct.App.2003) (stating similar

- 24 -

> three element test). The concealment "must be fraudulent or intentional and, in the absence of a fiduciary or confidential relationship, there must be something of an affirmative nature designed to prevent, and which does prevent, discovery of the cause of action." *Wild*, 234 N.W.2d at 795 (citation omitted). "[M]ere silence" or a "failure to disclose" is not affirmative concealment. *Id.*

*Id.* The court finishes by holding that "[a]lthough Plaintiffs may have demonstrated a viable question of fact with regard to whether Toyota had knowledge of unintended acceleration in 1996 Camrys, Plaintiffs have not demonstrated an affirmative act of concealment by Toyota[.]" *Id.* Thus, not only did Plaintiffs' cite to bad law, but they cited to a case that otherwise stands directly for Cook's position.

### 10.    Georgia

Georgia law states: "If the defendant or those under whom he claims are guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud." Ga. Code Ann. § 9-3-96. Under this Georgia statute, the fraudulent concealment tolling statute has three elements: "(1) actual fraud involving moral turpitude on the part of the defendant; (2) the fraud must conceal the existence of the cause of action from the plaintiff, thereby debarring or deterring the knowing of the cause of action; and (3) plaintiff exercised reasonable diligence to discover the cause of action, notwithstanding the failure to discover within the statute of limitation." *Charter Peachford Behav. Health Sys. v. Kohout*, 504 S.E.2d 514, 522 (Ga. Ct. App. 1998) (citing *Jim Walter Corp. v. Ward*, 265 S.E.2d 7 (Ga. 1980)). "'Mere silence' is not sufficient to toll the statute unless there is a duty to make a disclosure because of a relationship of trust and confidence

between the parties." *Shipman v. Horizon Corp.*, 267 S.E.2d 244, 246 (Ga. 1980).

Plaintiffs attempt to counter the law cited by Cook in its Appendix by citing *Home Depot U.S.A., Inc. v. Wabash Nat'l Corp.*, 724 S.E.2d 53 (Ga. Ct. App. 2012), for the proposition that Georgia tolls the statute of limitations when a defendant knows about a defect and conceals that defect. Dkt. 18900 at 8. But *Home Depot* involved a *substantive claim* for fraudulent concealment, not a claim of fraudulent concealment tolling the statute of limitations. *Id.* at 63 ("The trial court also granted summary judgment to Wabash on Home Depot's claim for fraudulent concealment because of insufficient evidence."). The court therefore addressed elements of a *substantive* fraudulent concealment claim when it stated: "To prove fraudulent concealment in cases involving alleged manufacturing defects in a product, the plaintiff must prove that the product was defective at the time of sale and that the defendant manufacturer had actual knowledge of the defect, yet chose to conceal it." *Id.* It was not discussing the fraudulent concealment necessary to toll the statute of limitations.

In the *Shipman* case, the Georgia Supreme Court elucidated the importance of this distinction between substantive fraudulent concealment claims and claims of fraudulent concealment tolling the statute of limitations:

> In [cases where the gravamen of the action is other than actual fraud,] there must be a separate independent actual fraud involving moral turpitude which debars and deters the plaintiff from bringing his action. However, in these circumstances, silence concerning the underlying action cannot be a continuation of an original actual fraud because there is none. Thus, in this type case we find the statement that "mere silence" is not sufficient to toll the statute unless there is a duty to make a disclosure because of a relationship of trust and confidence between the parties.

*Shipman*, 267 S.E.2d at 246 (citations omitted).  Thus, Plaintiffs' reliance on *Home Depot* is misplaced.

### 11.    Rhode Island

Rhode Island law states: "If any person, liable to an action by another, shall fraudulently, by actual misrepresentation, conceal from him or her the existence of the cause of action, the cause of action shall be deemed to accrue against the person so liable at the time when the person entitled to sue thereon shall first discover its existence."  R.I. Gen. Laws § 9-1-20.  The Rhode Island Supreme Court interprets this statute as requiring two elements: "To prove fraudulent concealment, it is a plaintiff's burden to show '(1) that the defendant made an actual misrepresentation of fact; and (2) that, in making such misrepresentation, the defendant fraudulently concealed the existence of the plaintiff's causes of action.'"  *Boudreau v. Automatic Temperature Controls, Inc.*, 212 A.3d 594, 601 (R.I. 2019) (citation omitted).  Importantly, "[m]ere silence or inaction on the part of the defendant does not constitute actual misrepresentation in this context."  *Ryan v. Roman Catholic Bishop of Providence*, 941 A.2d 174, 182 (R.I. 2008) (citations omitted).  And again, " the plaintiff must demonstrate that the defendant made an 'express representation or [engaged in] other affirmative conduct amounting in fact to such a representation which could reasonably deceive another and induce him [or her] to rely thereon to his [or her] disadvantage.'"  *Id.* at 182-83 (citations omitted) (alterations in original).  "The key consideration is whether or not the defendant fraudulently misrepresented material facts, thereby misleading the plaintiff into believing that no cause of action existed."  *Id.* at 183 (citation omitted).

Plaintiffs acknowledge that Rhode Island's fraudulent concealment statute speaks of concealing a "cause of action."  *See* R.I. Gen. Laws § 9-1-20.  Dkt. 18900 at 8-9. To try to counter the clear statutory language, Plaintiffs point to a single unpublished case from a state trial court to suggest that the mere concealment of a defect is sufficient to toll the statute of limitations.  *See generally Blouin v. Surgical Sense, Inc.*, No. PC07-6855, 2008 WL 2227781 (R.I. Super. Ct. May 12, 2008).  Although the *Blouin* court provides little analysis, if the case indeed found that mere concealment of the defect was sufficient to demonstrate fraudulent concealment, the decision would be an outlier in direct conflict with Rhode Island Supreme Court precedent stating that silence or inaction is insufficient to toll the statute of limitations.  *See, e.g.*, *Boudreau*, 212 A.3d at 602; *Ryan*, 941 A.2d at 182.

Further, Cook respectfully submits that the *Blouin* court made an analytical error in reaching its holding.  As Plaintiffs acknowledge, Rhode Island law is clear: To toll the statute of limitations, a defendant must conceal from the plaintiff the *existence of the cause of action*.  *See, e.g.*, R.I. Gen. Laws § 9-1-20; *Boudreau*, 212 A.3d at 601.  But the *Blouin* court never explained how the defendants' alleged misrepresentations concealed the plaintiffs' cause of action, opting to baldly state that "Plaintiffs have alleged fraud and have indicated facts that, if proven, would support their claim."   WL 2227781 at *4. Indeed, it is difficult to see how the alleged misrepresentations in *Blouin* concealed the plaintiff's cause of action, as the cause of action lay in the injury itself and the purported cause of the injury, i.e., the hernia mesh product, was obvious.  *See id.* at *1.  Analogous law from the Rhode Island Supreme Court best illustrates this point:

- 28 -

The Ryans have not pointed to any evidence which would show that any of the instant defendants misled them into believing that the sexual assault did not occur, that Dunn did not in fact commit that assault, or that plaintiffs had suffered no injuries as a result of the assault. In sum, there is no evidence in the record that actual misrepresentations were made by the instant defendants with regard to the Ryans' potential civil claims; therefore, the applicable statute of limitations is not tolled by virtue of this theory.

*Ryan*, 941 A.2d at 183.  Again, *Blouin* is at best an outlier.

### 12.    California

Under California law, "[i]t is well established that mere non-disclosure of the existence of a cause of action does not constitute fraudulent concealment in the absence of a fiduciary or confidential relationship." *Johnson v. Harcourt, Brace, Jovanich, Inc.*, 43 Cal. App. 3d 880, 896 (1974) (citing *Hesse v Vinatieri*, 302 P.2d 699, 702 (Cal. Dist. Ct. App. 1956)).  Rather, "affirmative deceptive conduct is required." *Long v. Walt Disney Co.*, 116 Cal. App. 4th 868, 874 (2004) (citing *Johnson*, 43 Cal. App. 3d at 896). Further, "[i]t has long been established that the defendant's fraud in concealing a *cause of action* against him tolls the applicable statute of limitations." *Berson v. Browning-Ferris Indus.*, 873 P.2d 613, 615 (Cal. 1994) (emphasis added) (quoting *Sanchez v. South Hoover Hosp.*, 553 P.2d 1129, 1133-34 (Cal. 1976)).

Plaintiffs do not attempt to distinguish the California Supreme Court case law cited by Cook, but instead proffer a California Court of Appeals decision that they claim shows that fraudulent concealment does not require a concealment of the cause of action. Dkt. 18900 at 8 (citing *Baker v. Beech Aircraft Corp.*, 39 Cal. App. 3d 315 (1974)). Plaintiffs rely on the following language from *Baker*:

> The instant case is not so much a concealment of a cause of action as concealment of material facts which would have disclosed to appellants the nature and extent of their right of action. "(I)t would seem to be clear that the conduct of the defendants need not be shown to be directed specifically against the bringing of an action, but that if it was aimed against the acquisition of the requisite knowledge which would naturally lead to such a result, it comes within the condemnation of the rule" . . . .

*Id.* at 323 (internal citations omitted).  However, this statement of law contradicts statements of the California Supreme Court.  *See, e.g.*, *Berson*, 873 P.2d at 615 (citation omitted) (emphasis added) (explaining that a "defendant's fraud in concealing a *cause of action*" will toll the statute of limitations).

Moreover, *Baker* does not support Plaintiffs' larger point—that is, that mere concealment of a defect is sufficient to toll the statute of limitations.  Not only does *Baker* appear to involve a case of active concealment, *see* 39 Cal. App. 3d at 319-20, but California law holds the opposite: "[M]ere non-disclosure of the existence of a cause of action does not constitute fraudulent concealment in the absence of a fiduciary or confidential relationship."  *Johnson*, 43 Cal. App. 3d at 896; *see also Long*, 116 Cal. App. 4th at 874.

### 13.    West Virginia

Under West Virginia law, "[f]raudulent concealment involves the concealment of facts by one with knowledge or the means of knowledge, and a duty to disclose, coupled with an intention to mislead or defraud."  *Trafalgar House Constr., Inc. v. ZMM, Inc.*, 567 S.E.2d 294, 300 (W. Va. 2002) (citation omitted).  "Fraudulent concealment requires that the defendant commit some positive act tending to conceal the cause of action from the plaintiff, although any act or omission tending to suppress the truth is enough."

*Merrill v. West Virginia Dep't of Health and Human Res.*, 632 S.E.2d 307, 318 (W. Va. 2006) (quoting *Miller v. Mongongalia Cnty. Bd. of Educ.*, 556 S.E.2d 427, Syl. pt. 3 (W. Va. 2001)).

Without addressing the case law cited by Cook in its Appendix, Plaintiffs contend that mere concealment of a defect is sufficient to toll the statute of limitations in West Virginia.  Dkt. 18900 at 9.  Plaintiffs cite to *Thomas v. Gray Lumber Co.* to support their contention.  *See generally* 486 S.E,2d 142 (W. Va. 1997).  *Thomas*, however, is inapposite.  The plaintiffs in *Thomas* specifically alleged "that the defendants, after being contacted regarding certain defects, engaged in fraudulent concealment of certain aspects of the situation." *Id.* at 564.  Thus, the case involved direct contact between the parties and claimed active concealment of defects *after* the injury occurred.  The case therefore does not support the proposition that mere concealment of a defect is sufficient to toll the statute of limitations.  *See id.*; *see also Trafalgar House Constr., Inc.*, 567 S.E.2d at 300 (noting that "[f]raudulent concealment requires that defendant commit some positive act" to toll the statute of limitations).

### 14.   Kansas

Under Kansas law, "to toll a statute of limitations, the party's concealment must be fraudulent or intentional and, in the absence of a fiduciary or confidential relationship, there must be something of an affirmative nature designed to prevent, and which does prevent, discovery of the cause of action." *Foxfield Villa Assocs., LLC v. Robben*, 449 P.3d 1210, 1217 (Kan. Ct. App. 2019) (internal quotations omitted) (citation omitted). The "deception must be sufficient to lull the other party 'into a false sense of security,

forestalling the filing of suit' until the statute of limitations has run." *Id.* (quoting *Dunn v. Dunn*, 281 P.3d 540, 554 (Kan. 2012)).

Plaintiffs also cite to *Foxfield*, but they contend that it supports their argument that mere "suppression of the truth" is sufficient to toll the statute of limitations, implying that the case supports Plaintiff's larger point that mere concealment of a defect is sufficient. Dkt. 18900 at 9-10. Such a proposition, however, conflicts with *Foxfield*'s unequivocal pronouncement that "in the absence of a fiduciary or confidential relationship, there *must* be something of an *affirmative nature.*" *Id.* (emphasis added). In fact, the passage Plaintiffs quote to support their position conflicts with their reading of the law:

> [A]ny statement, word, or act which tends to the suppression of the truth renders the concealment fraudulent. In such cases, *by adding to the original fraud affirmative efforts to divert, mislead, or prevent discovery*, a continuing character is given to the original act which deprives it of the protection of the statute [of limitations] until discovery. Where *some affirmative act of concealment* takes place, it is not material whether the concealment was previous or subsequent to the accruing of the cause of action. The question is whether there was a design to prevent the discovery of the facts which gave rise to the action, and whether the act operated as a means of concealment.

*Id.* (citation omitted) (quotations omitted) (emphasis added). This language makes clear that the mere concealment of a defect does not toll the statute of limitations under Kansas law, but that Kansas law requires an *active* suppression of the truth. *See id.*

### 15. Iowa

Under Iowa law, "a party relying on the doctrine of fraudulent concealment must prove the defendant did some affirmative act to conceal the plaintiff's cause of action independent of and subsequent to the liability-producing conduct." *Christy v. Miulli*, 692

N.W.2d 694, 702 (Iowa 2005).  The mandate could not be any clearer: Iowa law requires

an affirmative act that conceals the plaintiff's cause of action.  *Id.*  Nevertheless,

Plaintiffs cite to another passage from *Christy*, Dkt. 18900 at 10, which they claims

stands for the proposition that the mere concealment of *any* fact (e.g., defect) is sufficient

to toll the statute of limitations:

> This doctrine is intended to prevent a party from benefiting from "the protection of a limitations statute when by his own fraud he has prevented the other party from seeking redress within the period of limitations."  It should not matter what particular fact is concealed so long as the defendant's conduct prevents the timely filing of the claim and the other prerequisites for equitable estoppel are established.

*Id.* (internal citations omitted).

Plaintiffs' reliance on this passage is misplaced because they do not present the

passage in context.  The sentence proceeding the language quoted by Plaintiffs reads: "In

addition, we are convinced *such limitations* on the doctrine of fraudulent concealment

would be inconsistent with the theory underlying this concept."  *Id.* (emphasis added).

Read in context, the passage shows the court's consideration of whether the limitations

imposed by Iowa Code § 614.1(9) should apply to fraudulent concealment.  *See id.* at

701-702.  That section provides in relevant part that "in no event shall any action [for

medical malpractice] be brought more than six years after the date on which occurred the

act or omission or occurrence alleged in the action to have been the cause of the injury or

death *unless a foreign object unintentionally left in the body caused the injury or death*."

Iowa Code § 614.1(9)(a) (emphasis added).

Thus, when the court states "[i]t should not matter what particular fact is concealed," the court is making clear that a plaintiff can invoke the fraudulent concealment doctrine in the medical malpractice context even where a foreign object was not unintentionally left in the body. *See Christy*, 692 N.W.2d at 702; *see also Koppes v. Pearson*, 384 N.W.2d 381, 386-88 (holding that the passing of § 614(9)(a) did not abrogate Iowa's fraudulent concealment doctrine). The court then goes on to state that fraudulent concealment requires "an affirmative act to conceal the plaintiff's cause of action," which necessarily precludes the mere concealment of a defect from being sufficient to toll the statute of limitations. *See Christy*, 692 N.W.2d at 702.

### 16.   Maryland

The essential elements for a claim of fraudulent concealment under Maryland law are: "(1) the defendant owed a duty to the plaintiff to disclose a material fact; (2) the defendant failed to disclose that fact; (3) the defendant intended to defraud or deceive the plaintiff; (4) the plaintiff took action in justifiable reliance on the concealment; and (5) the plaintiff suffered damages as a result of the defendant's concealment." 735 A.2d 1039, 1060 (Md. 1999) (citations omitted). "Absent a fiduciary relationship, . . . a plaintiff seeking to establish fraudulent concealment must prove that the defendant took affirmative action to conceal the cause of action and that the plaintiff could not have discovered the cause of action despite the exercise of reasonable diligence . . . ." *Frederick Rd. Ltd. P'ship v. Brown & Sturm*, 756 A.2d 963, 976 n.14 (2000) (citations omitted) "[I]n such cases, the affirmative act on the part of the defendant must be more than mere silence; there must be some act intended to exclude suspicion and prevent

injury, or there must be a duty on the part of the defendant to disclose such facts, if known." *Id.* (citation omitted).

Plaintiffs do not attempt to distinguish the law presented by Cook but instead point to a federal case interpreting Maryland law.  Dkt. 18900 at 10 (citing *Doll v. Ford Motor Co.*, 814 F. Supp. 2d 526 (D. Md. 2011)).  In *Doll*, the court found that despite the absence of a fiduciary relationship, the defendant owed a duty *under federal law* to disclose the alleged defect to the NHTSA *and* vehicle owners.  *Id.* at 537.  *Doll* has no application here; medical device manufacturers have no statutory duty to inform *consumers* of any defect.

That said, the *Doll* court's determination that the defendant had a duty to disclose absent a fiduciary relationship is suspect.  *See id.*  *Doll* cites no Maryland case law in support of the proposition that a statutory duty to disclose abrogates the requirement that a plaintiff must show that the defendant took affirmative action to conceal the cause of action.  *See id.* (citing *Langford v. Rite Aid of Alabama, Inc.*, 231 F.3d 1308, 1313 (11th Cir. 2000).[4]   To the contrary, well-established Maryland law states that a defendant has a duty to disclose only where there is a fiduciary or confidential relationship between the parties.  *See Frederick Rd. Ltd. P'ship*, 756 A.2d at 976 n.14; *Fegeas v. Sherrill*, 147 A.2d 223, 225 (Md. 1958); *Rhee v. Highland Dev. Corp.*, 958 A.2d 385, 390 (Md. Ct. Spec. App. 2008).  In any event, Plaintiffs reliance on *Doll* is misplaced.

---

[4] In fact, *Langford* neither deals with fraudulent concealment in the statute of limitations context nor does it deal with Maryland law.  *See generally* 231 F.3d 1308.  Instead, *Langford* involves a civil RICO claim, and the court ultimately determined that the defendant had no duty to disclose.  *Id.* at 1312-13.

- 35 -

### 17.   Colorado

Under Colorado law, a plaintiff seeking to toll the statute of limitations on the basis of fraudulent concealment must demonstrate: "(1) the concealment of a material existing fact that in equity and good conscience should be disclosed; (2) knowledge on the part of the party against whom the claim is asserted that such a fact is being concealed; (3) ignorance of that fact on the part of the one from whom the fact is concealed; (4) the intention that the concealment be acted upon; and (5) action on the concealment resulting in damages." *First Interstate Bank of Fort Collins, N.A. v. Piper Aircraft Corp.*, 744 P.2d 1197, 1200 (Colo. 1987) (citations omitted).  The facts concealed must be "pertinent to the existence of a claim," *Garrett v. Arrowhead Imp. Ass'n*, 826 P.2d 850, 853 n.7 (Colo. 1992) (citations omitted), and the concealment must take the form of an affirmative action, *see Owens v. Brochner*, 474 P.2d 525, 532 (Colo. 1970) ("A final argument which the defendants raise is that there was no 'fraudulent concealment' by the doctors. However, this argument is not relevant under the facts as alleged in the instant case. The fraudulent concealment issue would be applicable, for example, where a plaintiff discovers an injury and then is reassured by the doctor that nothing is wrong.").

Plaintiffs cite a single, unpublished federal case to support their proposition that mere concealment of a defect is sufficient to toll the statute of limitations.[5]  Dkt 18900 at

---

[5] While Plaintiffs provide two citations, both citations appear to refer to the same federal case.  The Westlaw number for the second citation belongs to a different case decided under Minnesota law that has no discussion of fraudulent concealment.  *See generally In the Matter of the Pet. of N. States Power Co. for Approval of Its 2020 Capital Structure*

10 (citing *O'Connor v. BMW of N. Am., LLC*, No. 18-cv-03190-CMA-STV, 2020 WL 2309617 (D. Colo. January 7, 2020)). *O'Connor*, however, is inapposite and can be read to support Cook's position. *O'Connor* states: "[T]o prove that the statute of limitations was tolled by a defendant's fraudulent concealment, a plaintiff must show that his ignorance of his cause of action was not the result of his lack of diligence, but was due to *affirmative acts or active deception by the [d]efendant to conceal the facts giving rise to the claim.*" *Id.* at *6 (quoting *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994)) (emphasis added) (alterations in original). And the plaintiffs in the *O'Connor* case alleged affirmative concealment of facts of the defendant. *See id.* at *7. Plaintiffs reliance on *O'Connor* is misplaced, and the case actually supports Cook's position.

### 18. Nebraska

Under Nebraska law, to toll the statute of limitations under the doctrine of fraudulent concealment, "the plaintiff must show that he or she exercised due diligence to discover his or her cause of action before the statute of limitations expired and that the defendant committed some affirmative act of fraudulent concealment which prevented the plaintiff from discovering his or her cause of action." *Upah v. Ancona Bros. Co.*, 521 N.W.2d 895, 902 (Neb. 1994) (citation omitted). "Unless there is a fiduciary relationship between the parties, mere silence is not enough to overcome the applicable period of limitation." *Id.* (citation omitted).

---

*and Permission to Issue Securities,* No. E-002/S-19-662, 2020 WL 2309627 (Minn. P.U.C. Apr. 10, 2020)

Without addressing the case law presented by Cook in its Appendix, Plaintiffs cite to a case that allegedly stands for the proposition that the mere concealment of a defect is sufficient to toll the statute of limitations.  Dkt. 18900 at 11 (citing *MacMillen v. A.H. Robins Co., Inc.*, 348 N.W.2d 869 (Neb. 1984)).  In *MacMillen*, the plaintiff alleged "that the defendant had intentionally withheld information from the public regarding the dangers inherent in the use of the Dalkon Shield," *id.* at 871, and the court ultimately determined that this concealment "estopped [the defendant] from asserting the products liability statute of limitations," *id.* at 872.

*MacMillen*, however, appears to be an outdated outlier in the Nebraska Supreme Court's jurisprudence.  In the three decades since the *MacMillen* decision, the Nebraska Supreme Court has at least twice required that the defendant commit some affirmative act of concealment.  *See Upah*, 521 N.W.2d at 902; *Andres v. McNeil Co., Inc.*, 707 N.W.2d 777, 789 (Neb. 2005) ("[T]he record does not contain evidence of any affirmative acts by [the defendant] to conceal material facts with regard to the alleged defective construction of the home, and thus, there is no evidence that [the defendant] should be barred from asserting the defense of statute of limitations.").   Indeed, in *Andres*, the court cited *MacMillen* but nevertheless required affirmative concealment by the defendant to toll the statute of limitations. *See* 707 N.W.2d at 787.  Thus, when the cases are read together, the Nebraska Supreme Court requires an affirmative act by the defendant, *see id.*; *Upah*, 521 N.W.2d at 902, and mere concealment of a defect is not sufficient to toll the statute of limitations.

19. **Missouri**

Under Missouri law, "[t]o constitute concealment of a cause of action within the general rule tolling the statute of limitations on that ground the concealment must be fraudulent or intentional and, ... there must be something of an affirmative nature designed to prevent, and which does prevent, discovery of the cause of action." *Owen v. Gen. Motors Corp.*, 533 F.3d 913, 919-20 (8th Cir. 2008) (quoting *Hasenyager v. Bd. of Police Comm'rs of Kansas City*, 606 S.W.2d 468, 471 (Mo. Ct. App. 1980)). "The essence of a fraudulent concealment action is that a defendant, by his or her post-negligence conduct, affirmatively intends to conceal from plaintiff the fact that the plaintiff has a claim against the defendant." *State ex. Rel. Heart of Am. Council v. McKenzie*, 484 S.W.3d 320, 325 (Mo. 2016) (quoting *Batek v. Curators of Univ. of Missouri*, 920 S.W.2d 895, 900 (Mo. 1996)). Improper acts are "uniformly held to mean some act on the part of the defendant that would hinder or delay the commencement of a suit, the service of process or some necessary step in relation thereto." *Id.* (citation omitted).

In response, Plaintiffs cite to a single federal case, *May v. AC & S, Inc.*, 812 F. Supp. 934 (E.D. Mo. 1993), to argue that fraudulent concealment can be predicated on statements made to the public, rather than to specific plaintiffs. Dkt. 18900 at 11-12. Plaintiffs acknowledge, however, that *May* does not stand directly for their proposition, relying on an inference to reach their point—according to Plaintiffs, if fraudulent concealment requires the concealment to target a particular plaintiff, the *May* court would have dismissed the case on statute of limitations grounds because it *appears* the

defendants in the case made fraudulent statements only to the public.

Such an inference, however, is at odds with language from the Missouri Supreme Court, which makes clear that the concealment must be directed at preventing a particular plaintiff *from discovering his or her cause of action.  See McKenzie*, 484 S.W.3d at 325 ("The essence of a fraudulent concealment action is that a defendant, by his or her post-negligence conduct, affirmatively intends to conceal from plaintiff the fact that the plaintiff has a claim against the defendant.") (citation omitted).

But even assuming that *May* stands for the proposition Plaintiffs would infer, Plaintiffs still cannot establish the requisite fraudulent concealment to toll the statute of limitations under Missouri law.  Missouri law clearly requires an affirmative act of concealment, post-negligent conduct.  *McKenzie*, 484 S.W.3d at 325.

### 20.    Tennessee

"To establish fraudulent concealment [under Tennessee law], a plaintiff must prove (1) that the defendant took affirmative action to conceal the cause of action or remained silent and failed to disclose material facts despite a duty to do so and, (2) the plaintiff could not have discovered the cause of action despite exercising reasonable care and diligence."  *Shadrick v. Coker*, 963 S.W.2d 726, 735 (Tenn. 1998) (citations omitted).  "[T]he affirmative action on the part of the defendant must be something more than mere silence or a mere failure to disclose the known facts."  *Benton v. Snyder*, 825 S.W.2d 409, 414 (Tenn. 1992).  Rather, "[t]here must be some trick or contrivance intended to exclude suspicion and prevent inquiry, *or else there must be a duty resting on the party knowing such facts to disclose them*."  *Id.* (emphasis in original) (citing *Patten*

- 40 -

*v. Standard Oil Co. of Louisiana*, 55 S.W.2d 759, 761 (Tenn. 1933)).  Such a duty to

disclose arises when there is a confidential or fiduciary relationship between the parties.

*Shadrick*, 963 S.W.2d at 735 (citing *Hall v. De Saussure*, 297 S.W.2d 81, 85 (Tenn.

1956)).

Plaintiffs do not address the case law cited by Cook in its Appendix, but instead

offer a single, unpublished federal opinion, *Meadow v. NIBCO, Inc.*, No. 3-15-1124,

2016 WL 2986350 (M.D. Tenn. May 24, 2016), that they assert stands for the proposition

that the knowing concealment of a product defect is sufficient to toll the statute of

limitations.  Dkt. 18900 at 12. *Meadow* is inapposite.  As the passage quoted by Plaintiffs

states, the defendant in *Meadows* "actively concealed and misrepresented facts." *Id.* at

*4.  The case, therefore, involves *active* concealment, not the mere passive concealment

of a defect as Plaintiffs suggest.  *See id.*  Indeed, Plaintiffs' reading of *Meadows* is

contrary to well-established Tennessee law, which requires affirmative action beyond

"mere silence or a mere failure to disclose the known facts." *See Benton*, 825 S.W.2d at

414.

To the extent *Meadows* can be read as stating a manufacturer is under a duty to

disclose, *see* 2016 WL 2986350, at *4 ("Plaintiffs contend that NIBCO actively

concealed and misrepresented facts which it was obligated to disclose concerning the

defects in the PEX products and acted to prevent Plaintiffs from learning that they

possessed claims against NIBCO."), such a reading is also in direct conflict with well-

established Tennessee law, *see Shadrick*, 963 S.W.2d at 735.  Such a duty to disclose

only exists where there is a confidential or fiduciary relationship between the parties,

which did not exist in *Meadows* or in the instant matter.  *See id.*

### 21.   New Jersey

Under New Jersey law, the statute of limitations may be equitably tolled where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Freeman v. State*, 788 A.2d 867, 879-80 (N.J. Super. Ct. App. Div. 2002) (citation omitted).  "Absent a showing of intentional inducement or trickery by a defendant, the doctrine . . . should be applied sparingly and only in the rare situation where it is demanded by sound legal principles and in the interest of justice." *Binder v. Price Waterhouse & Co., L.L.P.*, 923 A.2d 293, 298 (N.J. Super. Ct. App. Div. 2007) (alteration in original) (citation omitted).

Plaintiffs do not attempt to distinguish the law cited by Cook in its Appendix but respond with a single, unpublished federal case, *In re Volkswagen Timing Chain Prod. Liab. Litig.*, No. 16-2765 (JLL), 2017 WL 1902160 (D.N.J. May 8, 2017).  Dkt. 18900 at 12.  According to Plaintiffs, *Volkswagen* stands for the proposition that the mere concealment of a defect is sufficient to toll the statute of limitations under New Jersey law.  Plaintiffs' reliance on *Volkswagen* is wholly misplaced, however, as the court's holding concerning equitable tolling was not predicated on New Jersey law.  *See id.* at *13-14.  *Volkswagen* involves a putative class action with members from myriad states. The defendant in the case argued that "a four-year statute of limitations bar[red] any express warranty claims by Plaintiffs from Connecticut, New York, Ohio, and Texas." *Id.* at *13.  The court acknowledged that "[r]esolving this argument would require the Court to engage in a choice of law analysis," but it nevertheless found that the plaintiffs

- 42 -

"ha[d] properly alleged grounds for equitable tolling of the statute of limitations." *Id.* at *14.

In reaching its conclusion, the *Volkswagen* court employed a three-part test for equitable tolling that New Jersey courts have not adopted. *See id.* (citing *Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 523 (D.N.J. 2008)). Indeed, the court's discussion regarding equitable tolling only cites one case from New Jersey, *see id.* (citing *Simpson v. Widger*, 709 A.2d 1366, 1373 (N.J. Super. Ct. App. Div. 1998)), and that case involved a tolling of the statute of limitations in the presence of *actual* fraud, *see Simpson*, 709 A.2d at 1373 ("There is no suggestion here of active concealment after a fraud was committed. Rather, the charge is that the fraud went undiscovered until after the statute of limitations had run. In that case, the period of limitations begins to run 'when plaintiff should have discovered the fraudulent scheme.'") (citation omitted). The *Volkswagen* court did not require "a showing of intentional inducement or trickery by a defendant," nor did it show that the tolling was "demanded by sound legal principles and in the interest of justice" as required by New Jersey law. *See Binder*, 923 A.2d at 298. *Volkswagen* does not recite New Jersey law on equitable tolling and cannot support Plaintiffs' proposition.

### 22.   Washington

"In order to establish fraudulent concealment [under Washington law], the plaintiff must show that he or she was ignorant of the defect and the plaintiff must further show that the defendant engaged in some conduct of an affirmative nature designed to prevent the plaintiff from becoming aware of the defect. Absent a special relationship between the parties, the defendant's failure to disclose the existence of the defect to the

- 43 -

plaintiff is insufficient." *Giraud v. Quincy Farm and Chem.*, 6 P.3d 104, 110 (Wash. Ct. App. 2000) (internal citations omitted).  "[T]he affirmative act of concealment requires 'actual subjective knowledge by the defendants of the wrong done, i.e., scienter, and some affirmative action on his part in concealing the wrong.'"  *Id.* (citation omitted).

Plaintiffs do not address the law cited by Cook, but instead proffer an unpublished federal opinion that they claim states that the mere concealment of a defect is sufficient to toll the statute of limitations under Washington law.  Dkt. 18900 at 12 (citing *Moodie v. Remington Arms Co., LLC.*, No. C13-0172-JCC, 2013 WL 12191352 (W.D. Wash. Aug. 2, 2013)).  *Moodie* does not in fact stand for that proposition.  To the contrary, *Moodie* involved affirmative action by the defendant, not mere concealment of a defect.  *See id.* at *9 ("Defendants' argument ignores Moodie's allegations that Remington covered those claims up and made public statements discrediting them—thus allegedly preventing Model 700 owners like Moodie, despite their diligent efforts, from discovering whether or not their product was indeed defective. ").  In fact, the *Moodie* court quoted and correctly applied the law cited by Cook in its appendix.  *See id.* at *9 (quoting *Giraud*, 6 P.3d at 110).  Plaintiffs' reliance on *Moodie* is thus counterproductive to their aim, as the case actually supports Cook's position rather undermining it.

### 23.    Pennsylvania

Under Pennsylvania law, the doctrine of fraudulent concealment may act to toll the running of a statute of limitations. *Fine v. Checcio*, 582 Pa. 253, 870 A.2d 850, 857-58 (Pa. 2005). "Mere mistake, misunderstanding or lack of knowledge is insufficient, however, and the burden of proving such fraud or concealment, by evidence which is

clear, precise and convincing, is upon the asserting party." *Molineux v. Reed*, 516 Pa. 398, 532 A.2d 792, 794 (Pa. 1987). For the doctrine of fraudulent concealment to apply, a defendant "must have committed some affirmative independent act of concealment upon which the plaintiffs justifiably relied." *Lange v. Burd*, 2002 PA Super 158, ¶ 5, 800 A.2d 336, 339 (2002).

The reasonable diligence standard applies to determine whether the running of the statute of limitations is tolled under the fraudulent concealment doctrine. Under the reasonable diligence standard, it is "the responsibility of a party who seeks to assert a cause of action against another to be reasonably diligent in informing himself of the facts upon which his discovery may be based." *Fine*, 870 A.2d at 861 (citing *Pocono International Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 468 A.2d 468, 471 (Pa. 1983)). "[A] statute of limitations that is tolled by virtue of fraudulent concealment begins to run when the injured party knows or reasonably should know of his injury and its cause." *Fine, 870 A.2d at 861*.

Plaintiffs cite a single case, *Fisher v. Smithkline Beecham Corp.*, 07-cv-0347A, 2009 U.S. Dist. LEXIS, at *40 (W.D.N.Y. March 11, 2009), where the Western District of New York attempted to apply Pennsylvania law on fraudulent concealment. Dkt. 18900 at 12-13.  *Fisher* is distinguishable from the present case, because, in *Fisher*, there was a factual question as to whether the defendants may have manipulated data of studies before publication, which the court determined would have constituted an affirmative fraudulent action. *Id*. at **40-42. Here, Plaintiffs' fail to plead that Cook took any affirmative action to conceal the existence of Plaintiffs' causes of action, and therefore

fail to plead fraudulent concealment under Pennsylvania law. *Lange*, 800 A.2d at 339.

### 24.    North Carolina

Under North Carolina law, the statute of limitations may be subject to equitable tolling based upon a theory of fraudulent concealment, if the plaintiffs can demonstrate: "(1) that they exercised due diligence to discover their cause of action before the limitations period ran; and (2) that the defendant committed an affirmative act of fraudulent concealment to frustrate discovery despite due diligence." *Orsi v. Kirkwood*, 999 F.2d 86, 89 (4th Cir.1993); *Lukenas v. Bryce's Mountain Resorts, Inc.*, 538 F.2d 594, 597 (4th Cir.1976); *Carter v. Bank of Am., N.A.*, No. 1:11CV326, 2015 WL 3618536, at *4 (W.D.N.C. June 9, 2015); *Barnard v. SunTrust Bank*, Civil No. 1:11–cv–000289–MR, 2013 WL 5460291, at *7 (W.D.N.C. Sept.30, 2013); *Dexter v. Lake Creek Corp.*, No. 7:10–CV–226–D, 2013 WL 1898381, at *4 (E.D.N.C. May 7, 2013).

The single case Plaintiffs' cite in response, *Jones v. BMW of N. Am., LLC*, 2020 U.S. Dist. LEXIS 176568, at **10-11 (M.D.N.C. Sept. 25, 2020), is distinguishable from the present case. In *Jones*, the court held that fraudulent concealment tolled the statute of limitations where the defendant had issued a series of technical service bulletins to automotive dealers after the plaintiffs injuries had occurred to conceal from the plaintiffs the fact that they had been injured. *Id*. at *8 ("BMW took steps to conceal the oil consumption defect from Jones which then interfered with his ability to learn that BMW had injured him"). *Jones* thus does not support the proposition that mere pre-injury concealment of a defect is sufficient to toll the statute.

### 25.   Connecticut

Connecticut law is well settled that to demonstrate fraudulent concealment, "[t]he [defendant's] actions must have been directed to the very point of obtaining the delay [in filing the action] of which [it] afterward [seeks] to take advantage by pleading the statute." *Krondes v. Norwalk Sav. Soc*., 53 Conn. App. 102, 114, 728 A.2d 1103, 1110 (1999) (quoting *Lippitt v. Ashley*, 89 Conn. 451, 480, 94 A. 995 (1915)). "To meet this burden, it was not sufficient for the [plaintiff] to prove merely that it was more likely than not that the [defendant] had concealed the cause of action. Instead, the [plaintiff] had to prove fraudulent concealment by the more exacting standard of clear, precise and unequivocal evidence...." *Krondes*, 53 Conn. App. at 114 (quoting *Cutsumpas v. Connecticut Light & Power Co*., 16 Conn.App. 108, 112–13, 546 A.2d 962 (1988); *see also Carson v. Allianz Life Ins. Co. of N. Am*., 184 Conn. App. 318, 326, 194 A.3d 1214, 1221 (2018); *Stuart v. Snyder*, 125 Conn. App. 506, 513, 8 A.3d 1126, 1131 (2010); *Byrne v. Burke*, 112 Conn. App. 262, 272, 962 A.2d 825, 833 (2009), cert. denied, 290 Conn. 923, 966 A.2d 235 (2009).

In response, Plaintiffs cherry-pick a single quote from *Hubbard-Hall, Inc. v. Monsanto*, 98 F. Supp. 3d 480, 488 (D. Conn. 2015), without including context or discussing of all elements that that court identified as necessary to establish fraudulent concealment. Dkt. 18900 at 13.  First, Hubbard-Hall addresses Connecticut's statutory fraudulent concealment exception to the state's statute of repose, *id.* at 486, and has nothing to do with the statute of limitations.  Second, the *Hubbard-Hall* court opined that in order to establish the fraudulent concealment exception, the plaintiff must allege: "(1)

- 47 -

that defendants had actual awareness, rather than imputed knowledge, of material information about the product; (2) that they intentionally concealed this information, either through intentional misstatement, affirmative act of concealment, or failure to disclose when under a duty to do so; and (3) that plaintiff's reliance on the misstatement or omission proximately caused its harm." *Id.* (citations omitted). Finally, the case's discussion of fraudulent concealment is mere dicta, because the court rejected the claim on the ground that the plaintiff had not pled it with the particularity required by Rule 9(b). *See id.* at 490-91.

### 26.  Louisiana

Under Louisiana law, the prevention of prescription is known as *contra non valentem*, which "prevents the running of prescription 'when the defendant has done some act effectually to lull the victim into inaction and prevent him from availing himself of his cause of action.'" *Albe v. City of New Orleans*, 2014-0186 (La. App. 4 Cir. 9/17/14), 150 So. 3d 361, 368, writ denied, 2014-2166 (La. 12/8/14), 153 So. 3d 445 (quoting *Ames v. Ohle*, 2011-1540 (La. App. 4 Cir. 5/23/12), 97 So. 3d 386, 395, decision clarified on reh'g (July 11, 2012), writ denied, 2012-1832 (La. 11/9/12), 100 So. 3d 837). This doctrine has been applied to cases where a defendant has concealed the fact of the offense or has committed acts, such as "concealment, fraud, misrepresentation, or other ill practices," that "hinder, impede, or prevent the plaintiff from asserting his cause of action." *Albe*, 150 So. 3d at 368 (citing *Marin v. Exxon Mobil Corp.*, 2009-2368 (La. 10/19/10), 48 So. 3d 234, 251). The single case that Plaintiffs' cite, *In re Ford Motor Co. Bronco II Prod. Liab. Litig.*, 982 F. Supp. 388, 397 (E.D. La. 1997), does not support

their argument, acknowledging that mere "denial of wrongdoing is not an act of concealment." *Id.* at 397.

### 27.   Delaware

Under Delaware law, to establish fraudulent concealment that tolls the statute of limitations, plaintiffs must prove the following elements: "(1) fraudulent concealment; (2) failure on the part of the plaintiff to discover his *cause of action* notwithstanding such concealment; and (3) that such failure to discover occurred [notwithstanding] the exercise of due care on the part of the plaintiff.*" In re Aspartame Antitrust Litig.*, 416 F. App'x 208, 211 (3d Cir. 2011) (quoting *In re Linerboard Antitrust Litig.*, 305 F.3d 145, 160 (3d Cir.2002), cert. denied, 538 U.S. 977, 123 S.Ct. 1786, 155 L.Ed.2d 666 (2003)) (emphasis added). The case Plaintiffs cite, *Lecates v. Hertrich Pontiac Buick Co.*, 515 A.2d 163, 176 (Del. Super. Ct. 1996), does not hold otherwise.  Indeed, *Lecates* itself states:

> Mere silence or failure to disclose does not constitute such fraudulent concealment as will suspend operation of [a statute of limitations]. Some actual trick or artifice to prevent knowledge of the fact or inquiry with respect thereto, some affirmative act of concealment, or, as sometimes stated, some act of negligence so gross as to be equivalent to intentional fraud, or some misrepresentation to exclude suspicion and prevent inquiry, and which, according to the decisions on the question, actually prevents discovery, must be shown ...

*Id.* at 176 (quoting 54 C.J.S., Limitation of Actions, § 206 pp. 226–228 (1948)).

### 28.   Florida

To toll the statute of limitations under a theory of fraudulent concealment under Florida law, "Plaintiffs would need to show that Defendants committed an affirmative act that served to dupe, trick or hoodwink the plaintiff such that he or she was falsely enticed

into inaction after her cause of action accrued." *In re Engle Cases*, No. 309CV10000J32JBT, 2012 WL 12904243, at *5 (M.D. Fla. Nov. 26, 2012). Fraudulent concealment also requires "an affirmative act which is intended to cause a plaintiff to abandon his or her claim." *Id*.

The single case that Plaintiffs cite in response, *Collins v. Quincy Bioscience, LLC*, 2020 WL 3268340, at **17-18 (S.D. Fla. March 19, 2020), is readily distinguishable from the circumstances here, and in fact supports Cook's position. In *Collins*, the court held that the defendant's affirmative misrepresentations regarding its purported memory-enhancement product went "well-beyond mere non-disclosure" and rose to the level of "affirmative and active misrepresentations." *Id*. at *18. The *Collins* court noted, however, that merely not publicizing a defect to the public and not warning customers of a defect— the allegations here—are not enough to establish fraudulent concealment. *Id.* (citing *Licul v. Volkswagen Grp. of America, Inc*., No. 13-61686, 2013 WL 6328734, at *6 (S.D. Fla. Dec. 5, 2013)).

### 29.    New Hampshire

Under New Hampshire law, "[t]he fraudulent concealment rule states that when facts essential to the cause of action are fraudulently concealed, the statute of limitations is tolled until the plaintiff has discovered such facts or could have done so in the exercise of reasonable diligence." *Sykes v. RBS Citizens, N.A*., 2 F. Supp. 3d 128, 143 (D.N.H. 2014) (quoting *Beane v. Dana S. Beane & Co., P.C*., 160 N.H. 708, 714, 7 A.3d 1284 (2010). In addition, "[f]raudulent concealment 'requires something affirmative in nature designed or intended to prevent, and which does prevent, the discovery of facts giving

rise to a cause of action—some actual artifice to prevent knowledge of the facts or some representation intended to exclude suspicion and prevent inquiry.'" *Sykes*, 2 F. Supp. 3d at 143 (quoting *Lamprey v. Britton Const., Inc.*, 163 N.H. 252, 259–60, 37 A.3d 359 (2012)); *see also, Rakes v. United States*, 442 F.3d 7, 26 (1st Cir.2006) ("The rule governing fraudulent concealment is that the defendant raising the limitations defense must have engaged in fraud or deliberate concealment of material facts relating to his wrongdoing and the plaintiff must have failed to discover these facts within the normal limitations period despite his exercise of due diligence.") (internal quotation omitted).

The one case that Plaintiffs cite, *Bricker v. Putnam*, 512 A.2d 1094, 1096 (N.H. 1986), is factually distinguishable from the present case. *Bricker* is not a product case; it involved a lawsuit based on the plaintiff's claim that the defendants had actively altered meeting minutes before producing them in discovery in another lawsuit—a prior lawsuit obviously brought after the injury claimed by the plaintiff. *Id.* at 164. The *Bricker* case provides no support for Plaintiffs' assertion here that mere concealment of a product defect is sufficient for fraudulent concealment.

### 30.    Michigan

Michigan law provides:

> If a person who is or may be liable for any claim fraudulently conceals *the existence of the claim or the identity of any person who is liable for the claim* from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

M.C.L. § 600.5855 (emphasis added). This fraudulent concealment statute tolls the statute of limitations "when a party conceals the fact that the plaintiff has a cause of action." *Romeo Inv. Ltd. v. Michigan Consol. Gas Co.*, 2007 WL 1264008 (Mich.App.Ct.) (citing *Sills v. Oakland Gen. Hosp.*, 220 Mich.App. 303, 559 N.W.2d 348, 352 (Mich.App.Ct.1996)).

In response, Plaintiffs cite *Hennigan v. GE*, 2010 U.S. Dist. LEXIS 103090 (E.D. Mich. Sept. 29, 2010), which is readily distinguishable from the present case. The plaintiff in *Hennigan* clearly alleged active concealment of the existence of the cause of action, alleging that the defendant: "(1) provided a patently false statement to the press," "(2) falsely denied any problems with its microwaves in response to consumers who told a reporter that they were interested in filing a lawsuit," "(3) falsely assured consumers that there was no risk posed by its microwaves," and "(4) prevented the disclosure of information about the defective microwaves to the public." *Id.* at *17. *Hennegan* provides no support for the proposition that mere concealment of a product defect may constitute fraudulent concealment.

### 31.    New Mexico

Under New Mexico law, "[f]raudulent concealment may be either active, as with an affirmative effort to conceal the negligence such as a false representation, or the fraud may be passive where, in a confidential relationship a duty to speak exists, and the defendant, with knowledge of his negligence, remains silent." *Kern v. St. Joseph Hosp., Inc.*, 697 P.2d 135, 143 (N.M. 1985) (citations omitted). To toll the statute of limitations, a plaintiff must establish: (1) that the defendant was aware of its negligence and

concealed the negligence from the plaintiff, or that the defendant failed to disclose information it was under a duty to disclose; and (2) that the plaintiff lacked knowledge of his or her cause of action and could not have discovered it by exercising reasonable diligence during the statutory period. *Blea v. Fields*, 120 P.3d 430, 440 (N.M. 2005) (citations omitted).

Plaintiffs do not attempt to distinguish the case law presented by Cook, but instead proffer their own case allegedly showing that New Mexico law only requires concealment of a material fact. Dkt. 18900 at 15 (citing *Great Am. Ins. Co. v. Crabtree*, No. CIV 11-1129 JB/KBM, 2012 WL 3656500 (D.N.M. Aug. 23, 2012)). Plaintiffs read the case too broadly and make incorrect inferences about New Mexico law. Indeed, *Crabtree* merely articulates the elements for fraudulent concealment in New Mexico without addressing the state case law fleshing out those elements. *See id.* at *24. As the cases cited by Cook show, New Mexico law is clear: absent a duty to disclose, the concealment must be active and not the result of mere silence, necessarily meaning that mere concealment of a defect is insufficient to toll the statute of limitations. *See Kern*, 697 P.2d at 143. Further, the fraudulent concealment must prevent the plaintiff from discovering his or her cause of action, which Plaintiffs cannot and do not plead in the instant case. *See Blea*, 120 P.3d at 440. Plaintiff's reliance on *Crabtree* is misplaced.

### 32.   New York

Under New York law, "[t]he uncommon remedy of equitable estoppel 'is triggered by some conduct on the part of the defendant after the initial wrongdoing; mere silence or failure to disclose the wrongdoing is insufficient'" *Ross v. Louise Wise Serv., Inc.*, 868

N.E.2d 478, 491 (emphasis added, citations omitted).  "For the doctrine to apply, a plaintiff may not rely on the same act that forms the basis for the claim—the later fraudulent misrepresentation must be for the purpose of concealing the former tort." *Id.*

In response, Plaintiff cites to a single federal case, *Knaysi v. A.H. Robbins Co.*, 679 F.2d 1366 (11th Cir. 1982).  But *Knaysi* is largely inapposite.  In *Knaysi*, the Eleventh Circuit found that the defendant made affirmative misstatements that concealed the plaintiff's cause of action.  *See id.* at 1369-70.  Here, Plaintiffs do not and cannot claim that Cook made any such affirmative misstatements that concealed their causes of action.  New York law is clear—mere silence, i.e., mere concealment of a defect, is insufficient to invoke the equitable estoppel doctrine.  *See Ross*, 868 N.E.2d at 491. *Knaysi* does not further Plaintiffs' position in any meaningful way.

Plaintiffs' reliance on *Knaysi* is also futile because the case does not address two fundamental flaws with Plaintiffs amended fraudulent concealment claims under New York law.  First, Plaintiffs must allege post-implant conduct by Cook that concealed their causes of action, which Plaintiffs have failed to do.  *See id.*  Second, Plaintiffs may not rely on the same acts that form the basis of their claims to support their invocation of the equitable estoppel doctrine, but Plaintiffs' fraudulent concealment claims here are merely repackaged failure-to-warn claims.  *Id.*  Plaintiffs have not pled a fraudulent concealment claim under New York law.

### 33.   Ohio

In order for equitable tolling to apply in Ohio, a plaintiff must show "not only that [he or she] exercised due diligence to discover [his or her] cause of action prior to the

running of the statute, but also that the [defendant] was guilty of some affirmative act of fraudulent concealment which frustrated discovery notwithstanding such diligence." *JPMorgan Chase Bank, NA v. Carroll*, 2013-Ohio-5273, ¶ 35 (Ct. App.) (citing *Trimm v. Fifth Third Mtg. Co.*, N.D. Ohio No. 3:10-CV-1602, 2010 U.S. Dist. LEXIS 97056, 2010 WL 3515596, *3 (Sept. 3, 2010)).

Although not addressing the case cited by Cook in its Appendix, Plaintiffs cite *Sharp v. Ohio Civil Rights Comm'n*, 2005-Ohio-1119, ¶ 10 (Ct. App.), for the same standard: a plaintiff must show: "(1) that [defendant] engaged in a course of conduct to conceal evidence of the alleged wrongdoing; and (2) that [plaintiff] failed to discover the facts giving rise to the claim despite the exercise of due diligence." Plaintiffs argue, however, that it is concealment of the *wrongdoing*, rather than the *injury*, that matters. But the *Sharp* case provides no support for this argument, and does not suggest that mere pre-injury concealment of a product defect may constitute fraudulent concealment.

### 34. Arkansas

The only authority Plaintiffs cite for their argument is *Oliphant v. FCA US LLC*, 2018 U.S. Dist. LEXIS 157903 (E.D. Ark. Sept. 17, 2018). But *Oliphant* is a two-paragraph order that does not purport to analyze or define Arkansas law on fraudulent concealment. It merely notes that the plaintiff had not pled the claim of fraudulent concealment in conclusory fashion and had failed to plead the "who, what, when, and how" of the fraud. Based on these deficiencies, *Oliphant* merely dismisses the case with leave to amend. The decision provides no support for Plaintiff's position here.

- 55 -

### 35.    Kentucky

Both Plaintiffs and Cook cite *Emberton v. GMRI, Inc.*, 299 S.W.3d 565 (Ky. 2009) in support of their arguments. Again, Plaintiffs allege this case supports a differentiation between concealment of injury and wrongful conduct. But any such distinction is immaterial where Plaintiff fails to allege that Cook has taken affirmative action to conceal Plaintiff's cause action. To toll the statute of limitations in Kentucky, the concealment "must represent an affirmative act and cannot be assumed – i.e., it must be active, not passive." *Id*. at 573 (internal quotations omitted). Even "indirect" means of obstruction "must consist of some act or conduct which in point of fact misleads or deceives plaintiff and obstructs or prevents him from instituting his suit while he may do so." *Id*.

### 36.    Massachusetts

In Massachusetts, "[t]o invoke the doctrine of fraudulent concealment as grounds for equitable tolling, a plaintiff must allege that the defendant actually concealed from the person injured knowledge of the facts giving rise to a cause of action and the means of acquiring such facts." *Matos v. First Nat'l Bank*, 27 Mass. L. Rep. 246, *8 (2010). "Further, this concealment must be actually accomplished by positive acts done with the intention to deceive the plaintiff." *Mills v. Andover Bank*, 9 Mass. L. Rep. 397, *11 (1998). Massachusetts' scienter requirement elevates its standard beyond an affirmative act to conceal.

Plaintiffs do not address the case cited by Cook, nor the standard cited therein. Instead, Plaintiffs cite to a case in the Southern District of Florida, *In re Takata Airbag*

- 56 -

*Prods. Liab. Litig.*, 462 F. Supp. 3d 1304 (S.D. Fla. 2020).  However, *Takata* conflicts with well-established Massachusetts law.  The *Takata* court found it sufficient to toll the statute of limitations that the defendant had knowledge of the risks posed by its product and that it failed to disclose this knowledge to consumers.  *See id.* at 1337.  But Massachusetts law requires more than a failure to disclose—it requires a "positive" act of concealment.  *See Mills*, 9 Mass. L. Rep. at *11.  Therefore, *Takata* does not accurately reflect Massachusetts law, and the Plaintiffs' reliance on the case is misplaced.  The Massachusetts state court decisions cited by Cook control this issue.

### 37.   Indiana

This Court identified the Indiana standard for fraudulent concealment in its

February 22, 2021 Order, stating:

> A claim of fraudulent concealment requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action. *Lyons v. Richmond Cmty. Sch. Corp.*, 19 N.E.3d 254, 260 (Ind. 2014) ("Fraudulent concealment is an equitable doctrine that operates to estop a defendant from asserting the statute of limitations as a bar to a claim whenever the defendant . . . 'has, either by deception or by a violation of duty, concealed from the plaintiff material facts thereby preventing the plaintiff from discovering a potential cause of action.'" (quoting *Doe v. Shults-Lewis Child & Family Servs., Inc.*, 718 N.E.2d 738, 744-45 (Ind. 1999))…

Dkt. 18900 at 6.

The only Indiana state court caselaw Plaintiffs cite in their response is the Indiana

Court of Appeals decision in *Johnson v. Hoosier Enters. III, Inc*., 815 N.E.2d 542 (Ind.

Ct. App. 2004).  But the *Johnson* case did not involve the fraudulent concealment of the

*existence* of a cause of action; the plaintiff knew he had a cause of action, and even

commenced suit against what turned out to be the wrong defendant. *Id.* at 543-44. The issue in *Johnson* was the fraudulent concealment of the *identity* of the proper defendant, an entity that had concealed its involvement with the health facility where the injury occurred, both before and after the injury. *Johnson* had nothing to do with knowledge of the existence of the cause of action, and certainly cannot undercut the authority of the Indiana Supreme Court's later ruling in *Lyons*.

Plaintiff's citation to *Carroll v. BMW of N. Am., LLC*, 2019 U.S. Dist. LEXIS 151994, at *21 (S.D. Ind. Sept. 6, 2019), does not aid their argument. The *Carroll* court cited a number of tolling-related equitable rules in its decision, most from Indiana Court of Appeals decisions, but ultimately declined to apply any of them given the early stage of proceedings. *Id.* at *23 ("[T]he Amended Complaint does not contain sufficient information for the Court to determine whether [plaintiff's] claims are barred by the statute of limitations").

### 38.   Wyoming

Under Wyoming law, "[e]quitable estoppel can result from either conduct of a party which induces the postponement of a suit or a fraudulent concealment of the facts necessary to a cause of action." *Olson v. A.H. Robins Co., Inc.,* 696 P.2d 1294, 1299 (Wyo. 1985) (citations omitted). "[I]t is sufficient that the defendant made misrepresentations or so conducted himself that he misled a party, who acted thereon in good faith, to the extent that such party failed to commence the action within the statutory period . . . ." *Turner v. Turner*, 582 P.2d 600, 602 (Wyo. 1978) (quoting *In re Piper's Estate*, 224 Cal.App.2d 670, 690-91 (1964)). But mere knowledge of a product defect is

not sufficient to invoke the doctrine.  In *A.H Robbins*, the Wyoming Supreme Court found the plaintiff's allegations that the defendant had "discovered that the Dalkon Shield was defective and had dangerous side effects and willfully concealed this and other information in order to deceive the purchasers and users of the Dalkon Shield" were insufficient to toll the statute of limitations.  696 P.2d at 1299.  In reaching its decision, the court noted that "there were no negotiations, no offers to settle, no statements of fact or opinion, no representations upon which appellant relied, and no course of dealings between the parties that could give rise to an estoppel."  *Id.*

Plaintiffs cite no case that stands for the proposition that the mere concealment of a defect is sufficient to toll the statute of limitations in Wyoming, instead offering a case in which the Wyoming Supreme Court held that a party cannot conceal what it does not know and the defendant's testimony that she was unaware of defects defeated the claim of fraudulent concealment.  *See Throckmartin v. Century 21 Top Realty*, 226 P.3d 793, 808-09 (Wyo. 2010).

### 39.    Utah

To toll the statute of limitations under Utah law, a plaintiff must show the "defendant took affirmative steps to conceal the plaintiff's cause of action," which requires the plaintiff to make "a prima facie showing of fraudulent concealment" and demonstrate "that given the defendant's actions, a reasonable plaintiff would not have discovered the claim earlier."  *Berenda v. Langford*, 914 P.2d 45, 51 (Utah 1996).  By necessary extension, the mere concealment of a defect is insufficient to toll the statute of limitations under Utah law because such concealment is not an *affirmative* step.  *See id.*

- 59 -

Plaintiffs attempt to sow ambiguity into Utah law by citing *Colosimo v. Roman Catholic Bishop of Salt Lake City*, 156 P.3d 806 (Utah 2007).  Plaintiffs correctly state that fraudulent concealment requires a plaintiff to show that he or she "neither knew nor reasonably should have known of the facts underlying his or her cause of action before the fixed limitations period expired." *Id.* at 816 (citation omitted).  What Plaintiffs fail to acknowledge, however, is that this is a *threshold* requirement to even qualify for tolling; it is not in and of itself sufficient to invoke the doctrine.  *See id.*; *see also Stephenson v. Elison*, 405 P.3d 733, 742 (Utah Ct. App. 2017) (quoting *McBroom v. Child*, 392 P.3d 835, 845 (Utah 2016)) ("Before a statute of limitations may be tolled under the equitable discovery rule, due to either exceptional circumstances or fraudulent concealment, 'the plaintiff must make an initial showing that he did not know nor should have reasonably known the facts underlying the cause of action in time to reasonably comply with the limitations period.'").

Once a plaintiff makes this showing, the plaintiff must then show the "defendant took affirmative steps to conceal the plaintiff's cause of action," i.e., establish fraudulent concealment.  *Berenda*, 914 P.2d at 51.  Therefore, contrary to Plaintiffs' contention, Utah law is clear: fraudulent concealment sufficient to toll the statute of limitations requires *affirmative* action by the defendant, not mere concealment.

### 40.   Nevada

In Nevada, fraudulent concealment, in the context of tolling the statute of limitations, happens when "(1) an intentional act by one party . . . (2) prevents or hinders another party from learning" existence of cause of action. *Winn v. Sunrise Hosp. & Med.*

*Ctr.*, 128 Nev. 246, 255, 277 P.3d 458, 464 (2012). Plaintiff again mischaracterizes Cook's position, stating that they have not found any case construing "cause of action" to mean "injury," as Cook suggests. But *Winn* demonstrates that for fraudulent concealment to toll the statute of limitations, a defendant must intentionally prevent or hinder another party from learning of their cause of action.   Mere knowledge of a product defect is not enough.

### 41.   North Dakota

Under North Dakota law, "mere silence by [a party] liable is not [fraudulent] concealment, but that there must be some affirmative act or representation designed to prevent, and which does, in fact, prevent discovery of the cause of action, or lulls suspicion as to its existence." *Roether v. Nat'l Union Fire Ins. Co.*, 200 N.W. 818, 822 (N.D. 1924). Plaintiff does not address this case, merely asserting that case law in North Dakota is inconclusive as to whether an injury must be concealed. *Roether* demonstrates otherwise.

### 42.   South Dakota

Despite Plaintiffs' suggestion that South Dakota case law is not definitive, South Dakota clearly holds that "fraudulent concealment denotes efforts by the defendant— above and beyond the wrongdoing upon which the plaintiff's claim is founded—to prevent the plaintiff from suing in time." *Eagleman v. Diocese of Rapid City*, 2015 S.D. 22, ¶ 32, 862 N.W.2d 839, 851 (internal quotations omitted). "In the absence of a confidential or fiduciary relationship, a plaintiff alleging fraudulent concealment must allege some affirmative act or conduct on the part of the defendant designed to prevent,

and which does prevent, the discovery of the cause of action." *Gades v. Meyer Modernizing Co.*, 2015 S.D. 42, ¶ 12, 865 N.W.2d 155, 160 (internal quotations omitted). South Dakota law is not unsettled; it agrees with the Court's February 22, 2021, ruling.

### 43.     Oregon

Under Oregon law, "[f]raudulent concealment in the pertinent sense involves concealment of the 'fact that a cause of action has accrued' against the defendant." *Classen v. Arete NW, LLC*, 294 P.3d 520, 526 (Or. Ct. App. 2012) (quoting *Chaney v. Fields Chevrolet Co.*, 503 P.2d 1239, 1242 (Or. 1972)).  However, "Oregon law provides very little precedent for equitable tolling."  *V.T v. City of Medford, Or.*, No. 1:09-CV-03007-PA, 2015 WL 300270, at *5 (D. Or. Jan. 22, 2015) (citations omitted).

Plaintiffs place themselves in a strange rhetorical position.  After relying on federal opinions to support many of the contentions in their response, they acknowledge that federal courts have found that under Oregon law, the mere concealment of facts underlying a cause of action is insufficient to toll the statute of limitations.  *See, e.g.*, *Torch v. Windsor Surry Co.*, No. 3:17-CV-00918-AA, 2019 WL 6709379, at *3 (D. Or. Dec. 9, 2019).  Indeed, "[t]he Ninth Circuit has held that Oregon courts apply equitable estoppel to bar a statute of limitations defense under only two circumstances: (1) the defendant 'lulled the plaintiff, by affirmative inducement, into delaying the filing of a cause of action, or similarly, ... he lulled the plaintiff into believe he had no cause of action against the defendant[.]' or (2) 'there has been fraud on the part of a fiduciary in concealing material facts evincing a cause of action.'" *Id.* (quoting *Philpott v. A.H. Robbins Co., Inc.*, 710 F.2d 1422, 1425 (9th Cir. 1983) (alterations in original).

Plaintiffs do not distinguish these federal cases, nor do they cite contrary Oregon law; rather, Plaintiffs assert that they were unable to find any case *definitively* holding that Oregon law does or does not require concealment of the injury.  However, Plaintiffs *cited* cases standing directly for the proposition that Oregon law is understood to require affirmative action and that mere concealment of facts, i.e., defect, is insufficient to toll the statute of limitations.  *See id.*  Therefore, contrary to Plaintiffs' assertion, there is persuasive Oregon law on the issue, and it supports Cook's position.

### 44.   South Carolina

The single case that Plaintiffs cite, *Strong v. S.C. Sch. of Med.*, 316 S.C. 189, 191 (1994), discusses fraudulent concealment only in the much different context of the doctor-patient relationship and relies on that unique context. The *Strong* court stated that "[t]he fraudulent concealment defense to the statute of limitations flows from the patient-physician relationship. When the relationship ends, the duty to disclose, which is the basis of fraudulent concealment claim, ceases to exist absent extenuating circumstances such as the withholding or altering of plaintiff's medical records. *Id.* at 191-92.

Under South Carolina law, tolling of the statute of limitations on the basis of fraudulent concealment has only been applied to cases involving a duty to disclose between the plaintiff and defendant, as exists in the fiduciary doctor-patient relationship. *Id.*; *Patel v. Patel*, No. 2015-000162, 2016 WL 3093120, at *1 (S.C. Ct. App. June 1, 2016); *Maher v. Tietex Corp.*, 331 S.C. 371, 381, 500 S.E.2d 204, 209 (Ct. App. 1998). Plaintiffs do not and cannot allege any such special relationship between Plaintiffs and Cook as would be necessary for the South Carolina courts to apply the fraudulent

- 63 -

concealment defense.

### 45.   Illinois

The Illinois Fraudulent Concealment statute provides:

> If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action, and not afterwards.

735 Ill. Comp. Stat. Ann. 5/13-215. Illinois courts have interpreted the statute to require that a plaintiff must show "affirmative acts by the defendant which were designed to prevent, and in fact did prevent, the discovery of the claim." *Cangemi v. Advocate S. Suburban Hosp*., 845 N.E.2d 792, 804 (Ill. Ct. App. 2006) (internal citations and quotation omitted).

Plaintiffs rely on a single case to support their position, *Hauk v. Reyes*, 616 N.E.2d 358, 360 (Ill. Ct. App. 1993), a medical malpractice case that is readily distinguishable from the present situation. In *Hauk*, the plaintiff alleged active, post-injury efforts to conceal needed information. The plaintiff claimed that the defendant "prepared a final X-ray report which he backdated to November 28, and that he destroyed his preliminary handwritten report, thereby fraudulently concealing plaintiffs' cause of action for negligent diagnosis." *Id*. *Hauk* provides no support for the proposition that mere concealment of a product defect may constitute fraudulent concealment.

****

In sum, even if the Court wished to reconsider the pleading standard for fraudulent concealment under state law, every state has adopted the same central tenet of fraudulent

concealment:  absent a fiduciary relationship that is absent here, the defendant must have taken active steps to conceal from the plaintiff the existence of the plaintiff's cause of action.  None of the misguided arguments Plaintiffs offer support the claim that any state's standard is inconsistent with this Court's holding that "[a] claim of fraudulent concealment requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action." Dkt. 15907 at 6. Reconsideration is unnecessary because the Court's initial conclusion was wholly correct.

## **CONCLUSION**

For the reasons stated above, the Cook Defendants urge the Court to grant their renewed motion and to dismiss with prejudice all of the listed Plaintiffs' claims that fraudulent concealment tolls statutes of limitations or repose on their causes of action.

Respectfully submitted,

Dated:  July 16, 2021

*/s/ Bruce Jones*
Bruce Jones
FAEGRE DRINKER, BIDDLE & REATH LLP
90 South Seventh Street, Suite 2200
Minneapolis, Minnesota 55402
Telephone: (612) 766-7000
Bruce.Jones@faegredrinker.com

Andrea Roberts Pierson
Jessica Benson Cox
FAEGRE DRINKER, BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@faegredrinker.com
Jessica.Cox@faegredrinker.com

James Stephen Bennett
FAEGRE DRINKER, BIDDLE & REATH LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@faegredrinker.com

*Attorneys for Defendants Cook
Incorporated, Cook Medical LLC f/k/a
Cook Medical Incorporated, William
Cook Europe ApS*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 16, 2021, a copy of the foregoing Cook Defendants'

Reply Memorandum in Support of Renewed Motion For Partial Dismissal of Claims of

Fraudulent Concealment was filed electronically, and notice of the filing of this

document will be sent to all parties by operation of the Court's electronic filing system to

CM/ECF participants registered to receive service in this matter.  Parties may access this

filing through the Court's system.

*/s/ Bruce Jones*

US.133279793.05