UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND             No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION              MDL No. 2570

_____

This Document Relates to the Following Cases:

John P. Lehotsky, 1:17-cv-03068

_____

**ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] (or "Cook") move for judgment on the pleadings in Plaintiff John Lehotsky's case. The court, having read and reviewed the parties' submissions and the applicable law, finds Cook's motion should be **GRANTED**.

**I.   Background**

Plaintiff was implanted with a Cook Günther Tulip Vena Cava filter on February 24, 2006 at Abington Memorial Hospital in Abington, PA. (1:17-cv-03068, Filing No. 1. Short Form Compl. ¶¶ 10-12). On May 26, 2006, he returned to the same hospital for removal of the filter. (Filing No. 18428, Medical Record). His surgeon was unable to remove the filter, noting it was "firmly attached to [his] IVC." (*Id.* at 4).

Plaintiff filed suit over 11 years later, on September 1, 2017.

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

1

## II.     Discussion

Cook argues Plaintiff's personal injury claims are time-barred because he filed his lawsuit more than two years after an unsuccessful attempt to remove the filter. It also argues his implied and express warranty claims are barred, and his express warranty and consumer protection claims are not pled with particularity.

### A.     Judicial Estoppel

Plaintiff contends that Cook is judicially estopped from arguing that his 2006 failed retrieval triggered the statute of limitations because Cook has previously argued that a failed percutaneous removal procedure is not a cognizable injury.

"Judicial estoppel is a flexible equitable doctrine designed to prevent 'the perversion of the judicial process.'" *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 795 (7th Cir. 2013) (quoting *In re Cassidy*, 892 F.2d 637, 641 (7th Cir. 1990)). It protects the court from being manipulated by "'litigants who seek to prevail, twice, on opposite theories.'" *Id.* (quoting *Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523, 527 (7th Cir. 1999)). For judicial estoppel to apply, the court considers three factors, one of which is whether the party has prevailed on the earlier contrary position. *Id.*; *Pakovich v. Broadspire Servs., Inc.*, 535 F.3d 601, 605 n.2 (7th Cir. 2008) ("The doctrine of judicial estoppel provides that 'when a party *prevails* on one legal or factual ground in a lawsuit, that party cannot later repudiate that ground in subsequent litigation based on the underlying facts.'") (quoting *Urbania v. Cent. States, Se. & Sw. Areas Pension Fund*, 421 F.3d 580, 589 (7th Cir. 2005)). Although Cook has argued a failed removal is not a cognizable injury, Cook has not yet prevailed on that

2

issue. Judicial estoppel is therefore inapplicable.

    **B.**    **Statute of Limitations**

        **1.**    **Personal Injury Claims**

Pennsylvania has a two-year statute of limitations. "A cause of action accrues, and thus the applicable limitations period begins to run, when an injury is inflicted." *Kennedy v. Ethicon, Inc.*, No. 5:20-cv-00185, 2020 WL 4050459, at *7 (E.D. Pa. July 20, 2020) (quotation marks and citations omitted). The discovery rule does not require a plaintiff to have "notice of the full extent of the injury, the fact of actual negligence, or precise cause." *Nicolaou v. Martin*, 195 A.3d 880, 893 (Pa. 2018) (quotation marks and citation omitted). In cases involving implantable medical devices, claims accrue when a plaintiff learns he suffered an injury and that the injury shared some causal connection to the medical device at issue. *Kennedy*, 2020 WL 4050459, at *15 ("Kennedy was aware she had suffered injuries and that these injuries shared some causal connection to the pelvic mesh she had implanted in 2009.").

Plaintiff complains he did not know he had suffered an injury; he "knew only that his filter could not be retrieved with a simple removal technique." (Filing No. 18823, Resp. at 3). But Plaintiff was aware in March 2006 that his IVC filter could not be removed because it was "firmly attached" to his IVC. And the failed retrieval is the exact injury he claims he suffered. (Filing No. 19023, Case Categorization Form at 4 ("Failed attempt to remove. Filter firmly attached to IVC.")). Therefore, Plaintiff's claims accrued on May 26, 2006, when an attempt was made to remove the filter, but was unsuccessful. Because he filed suit after the statute of limitations expired, his personal injury claims are

3

time-barred.

Plaintiff submitted a recent Case Categorization Form with an attached medical record showing he has been diagnosed with a Category 7 perforation injury. (Filing No. 18824, Case Categorization Form) (documenting a grade 4 perforation into the duodenum). He argues this new claim is timely.

Under Pennsylvania law, a second injury caused by the same medical device generally does not reset the statute of limitations. *McLaughlin v. Bayer Essure, Inc.*, No. 14-7315, 2020 WL 1625549, at *10 (E.D. Pa. Apr. 2, 2020). The only exception to this rule is where the injuries are not part of the "same chain of causation" and "where one injury is not 'a reasonably certain consequence' of the other." *Id.* (quoting *McLaughlin v. Bayer Essure, Inc.*, No. 14-7315, No. 14-7315, 2019 WL 1382710, at *18 n. 23 (E.D. Pa. Mar. 27, 2019)). Here, Plaintiff's failed removal and his claimed new Category 7 perforation are part of the same chain of causation and therefore have the same accrual date. Accordingly, Plaintiff's personal injury claims based on a perforation are barred.

### 2.  Warranty Claims

Under Pennsylvania law, both express[2] and implied warranty claims must be brought within four years after the date of sale. *See* 42 Pa. Cons. Stat. § 5525; 13 Pa. Cons. Stat. § 2725. The "discovery rule does not apply to breach of warranty actions." *McCracken v. Ford Motor Co.*, 588 F.Supp.2d 635, 642 (E.D. Pa. 2008); *Billeci v. Merck*

---

[2] Cook did not argue Plaintiff's express warranty claim is barred by the statute of limitations until it filed its reply. Arguments first raised in a reply brief are typically waived. *Wonsey v. City of Chicago*, 940 F.3d 394, 399-400 (7th Cir. 2019). But here, it is clear on the face of Plaintiff's complaint that his claim is time-barred. Therefore, the court will consider the argument.

*& Co., Inc.*, No. CV 17-486, 2018 WL 1635242, at *4 n.4 (E.D. Pa. Apr. 5, 2018) (same)). Because Plaintiff filed this action more than 11 years after receiving his filter, his warranty claims are time-barred.

Even if they were not time-barred, Plaintiff's breach of express and implied warranty claims would fail as a matter of law. Plaintiff's implied warranty claim fails because Pennsylvania law bars implied warranty claims in medical device cases. *Soufflas v. Zimmer, Inc.*, 474 F.Supp.2d 737, 752 (E.D. Pa. 2007). And Plaintiff's express warranty claim fails because his additional allegations in his Short Form Complaint—that Cook warranted the filter "was a permanent lifetime implant and downplayed the risks associated with adverse events relied upon by the plaintiff to his detriment"—fail to state a plausible claim for relief. Among other things, his allegations fail to explain how his reliance on those statements "touched on [his] decision to purchase the [Tulip] product." *See Runner v. C.R. Bard*, 108 F.Supp.3d 261, 267 (E.D. Pa. 2015) (plaintiff failed to state express warranty claim where she "fail[ed] to point to specific language on which she relied, for what purpose she relied on that language, or *how* her reliance touched on her decision to purchase the [] product"). Accordingly, Plaintiff's warranty claims fail as a matter of law.

### 3. Consumer Fraud

Plaintiff did not respond to Cook's argument that his consumer fraud claim was not pled with particularity as required by Federal Rule of Civil Procedure 9(b). The Seventh Circuit has long held that the failure to respond to an argument results in a waiver of the argument. *See, e.g., Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir.

2010 ("failure to respond to an argument . . . results in waiver"); *Wojtas v. Cap. Guardian Tr. Co.*, 477 F.3d 924, 926 (7th Cir. 2007) ("failure to offer any opposition to . . . [the] statute of limitations argument constitute[s] a waiver"). Consistent with this authority, the court interprets Plaintiff's failure to respond as a waiver of his argument concerning the viability of his consumer fraud claim. Dismissal of this claim is therefore appropriate.

### III.    Conclusion

For the reasons set forth above, Cook's Motion for Judgment (Filing No. 18427) is **GRANTED**.

**SO ORDERED** this 20th day of July 2021.

>                                    RICHARD L. YOUNG, JUDGE
>                                    United States District Court
>                                    Southern District of Indiana


Distributed Electronically to Registered Counsel of Record.