UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-
MDL No. 2570

_____

This Document Relates to the Following Case:

Jamieca Brown, 1:18-cv-3082

_____

## PLAINTIFF'S RULE 60 MOTION FOR RELIEF FROM FINAL JUDGMENT

On June 29, 2021, the Court granted defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS's (collectively "Defendants") motion to dismiss plaintiff Jamieca Brown's claims for failing to respond to Defendants' motion to dismiss.  Dkt. # 15 in case 1:18-cv-03082-RLY-TAB.   Plaintiff now respectfully moves the Court for an order vacating the judgment entered on June 29, 2021, pursuant to Fed. R. Civ. P. 60(b)(1).

### I.      FACTUAL AND PROCEDURAL BACKGROUND

On October 4, 2018, Ms. Brown filed her short-form complaint against Defendants in the present MDL, asserting claims sounding in strict products liability, negligence, and breach of warranty, amongst others, for injuries she suffered due to Defendants' defective IVC filter.  Dkt. # 1 in case 1:18-cv-03082-RLY-TAB.  Consistent with the information available to Ms. Brown at that time, she identified the product that injured her as a "Cook IVC filter."  *Id.* at p. 3.

On March 26, 2021, Defendants brought an omnibus motion against 18 plaintiffs, including Ms. Brown, seeking dismissal pursuant to Fed. R. Civ. P. 8(a) for failure to identify the specific

product at issue.  Dkt. # 17183 at p. 1-2.  In support of their motion for dismissal, Defendants state that they sent deficiency letters to each plaintiffs' attorney on February 2, 2021, and "none of these Plaintiffs' attorneys responded to the letter."  *Id.* at p.2.  As regards Ms. Brown, this is not true.  Ms. Brown responded to Defendants on February 11, 2021, and provided all of the information in her possession regarding the identity of the product that injured her.  Chermack Aff. ¶ 5 and Ex. A.

Despite Ms. Brown's February 11, 2021 response, Defendants nevertheless moved to dismiss on March 26, 2021.  Despite Plaintiff's counsel's maintenance of a diligent case-notice system, Plaintiff never received electronic notice of Defendants' March 26 motion.  *Id.* ¶ 4.  Having already provided the disclosures sought by Defendants in their February 2, 2021 deficiency letter and March 26 motion, there is no conceivable basis why Plaintiff would not respond to the motion dismiss.

On June 29, 2021, the Court dismissed the cases of the 13 plaintiffs, including Ms. Brown, who did not respond to Defendants' motion, denied the motion as moot for the three plaintiffs who amended their complaints in response to Defendants' motion, and denied the motion as moot for the two plaintiffs who voluntarily dismissed their claims.  Dkt. # 15 in case 1:18-cv-03082-RLY-TAB.  Because Ms. Brown's failure to respond was purely inadvertent—and she had already provided the information sought by Defendants on February 11, 2021—she respectfully moves this Court to vacate the judgment entered against her pursuant to Fed. R. Civ. P. 60(b)(1) and allow her to proceed with her case in an orderly fashion.

## II.    ANALYSIS

Fed. R. Civ. P. 60(b)(1) allows a court to relieve a party from a final judgment caused by "mistake, inadvertence, surprise, or excusable neglect."  The Seventh Circuit follows the Supreme

Court's analysis of the term "excusable" set forth in *Pioneer Investment Services Co. v. Brunswick Associates L.P.*, 507 U.S. 380, 113 S. Ct. 1489 (1993), which provides that:

> The determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.  These include . . . the danger of prejudice to the [opponent], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Moje v. Federal Hockey League, LLC*, 792 F.3d 756, 759 (7th Cir. 2015) (quotation omitted).

Here, Ms. Brown's rule 60(b)(1) motion satisfies all of the *Pioneer* factors.

First, there is no prejudice to Defendants.  As noted above, the Court denied the motion to dismiss as moot as to the three plaintiffs who amended their complaints in response to Defendants' motion.  Dkt. # 15 at p. 2 in case 1:18-cv-03082-RLY-TAB.  Here, the motion to dismiss was not even necessary, as contrary to Defendants' representations in their moving brief, Ms. Brown responded to Defendants' February 2, 2021 deficiency letter with all of the information in her possession regarding the identity of the product that injured her.  Chermack Aff. Ex. A.

Thus, Defendants are already in possession of the information they sought on February 2, and if they found Plaintiff's February 11 email insufficient, the appropriate action was to respond in kind, not by filing a motion to dismiss.  Furthermore, it is a general principle that "mere delay," standing alone, does not constitute prejudice.  *See Doherty v. Davy Songer, Inc.*, 195 F.3d 919, 922 (7th Cir. 1999).

Next, the length of the delay favors grating Ms. Brown relief from final judgment. Defendants moved to dismiss on March 26, 2021.  Dkt. # 17183.  The Court issued its order dismissing Ms. Brown's action on June 29, 2021.  Dkt. # 15 in case 1:18-cv-03082-RLY-TAB. Plaintiff filed this rule 60 motion on July 22, 2021, only 23 days after the entry of judgment.  This extremely short interval demonstrates both a lack of impact on the judicial proceedings and

Plaintiff's diligence in otherwise prosecuting this case.

Next, the reason for the delay was beyond the reasonable control of the movant.  As set forth in the affidavit of Kelly Chermack, Plaintiff's counsel maintains a system to receive case notifications for the MDL docket and all of counsel's individual member cases.  Chermack Aff. ¶ 3.  Despite this fact, Plaintiff's counsel never received the notice of filing of Defendants' omnibus motion.  *Id*. ¶ 4.  While it is Plaintiff's counsel's responsibility to ensure all motions are responded to in a timely fashion, as counsel's diligence in responding to Defendants' February 2 letter, the filing of this rule 60 motion, and in the prosecution of all of counsel's other cases in this MDL demonstrate, Plaintiff's counsel has been diligent in its prosecution both of Ms. Brown's action, as it has for all of its other clients in this MDL.

Finally, as all the foregoing factors show, Ms. Brown brings this motion in good faith.  The original basis of Defendants' motion to dismiss was the collective plaintiffs failure to respond to Defendants' request for additional information on the product in question.  Unlike all of the other plaintiffs subject to the motion to dismiss, Ms. Brown responded to Defendants' deficiency letter on February 11, 2021, only nine days after receipt.  Chermack Aff. Ex. A.  Thus, Plaintiff had a good faith basis on which to respond to Defendants' motion to dismiss, and there can be no conceivable reason for Plaintiff's counsel's failure to respond other than that set forth in the accompanying affidavit: they simply did not receive the notice of motion.  *Id*. ¶ 4.  Having not received the notice of motion, Plaintiff's counsel did the next best thing, they brought the present rule 60(b)(1) motion as quickly as possible, so that neither Defendants nor the Court would be prejudiced by the initial delay.  Therefore, all of the equitable factors favor granting Ms. Brown's motion for relief from the final judgment.

## III.     CONCLUSION

As set forth by the Supreme Court in *Pioneer Investment Services*, all of the equitable factors favor granting Ms. Brown relief from final judgment.  There is no prejudice to defendants, as Plaintiff already responded to their original deficiency letter back in February of this year.  Upon learning of the entry of judgment, Plaintiff immediately filed the present motion.  Thus demonstrating both her good faith and the lack of harm to either Defendants or the Court caused by her initial failure to respond, which was utterly beyond her control.  For all these reasons, the Court respectfully should grant Ms. Brown's motion for relief from final judgment.

Respectfully Submitted,

*/s/ Kelly Chermack*
**Kelly Chermack**
 Texas Bar No. 24121361
 kchermack@fnlawfirm.com
**Steve Schulte**
 Texas Bar No. 24051306
 schulte@fnlawfirm.com
**FEARS NACHAWATI, PLLC**
 5473 Blair Road
 Dallas, Texas 75231
 Tel. (214) 890-0711
 Fax (214) 890-0712

Attorneys for Plaintiffs

## <u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 22, 2021 a true and correct copy of *Plaintiffs' rule 60 motion for relief from final judgment* was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF counsel of record.

Dated: July 22, 2021

Respectfully Submitted,

*/s/ Kelly Chermack*
**Kelly Chermack**