UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTER MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

    REMEDIOS SANCHEZ
    1:21-cv-00083

**PLAINTIFF'S MOTION FOR RECONSIDERATON OF THE COURT'S ORDER DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO PROVIDE <u>PLAINTIFF PROFILE SHEETS</u>**

Plaintiff Remedios Sanchez ("Plaintiff"), by and through her counsel of record, respectfully files this Motion for Reconsideration of the Court's Order Dismissing Plaintiff's Claims for Failure to Provide Plaintiff Profile Sheets ("PPS") under Federal Rule of Civil Procedure 59(e) and 60(b), and respectfully requests the Court to reconsider its order dismissing Plaintiff's case [Documents Nos. 19198 and 10].  Plaintiff asks the Court to grant the Motion and reinstate her case in the MDL for the reasons set forth herein.  In support of this Motion, the Plaintiff states:

    1)    Ms. Sanchez was implanted with a Cook Gunter Tulip filter in California.

    2)    Plaintiff filed her Short Form Complaint ("SFC") on January 12, 2021.

    3)    Plaintiff's counsel attempted to contact Ms. Sanchez regarding completion of the PPS but was initially unsuccessful.

    4)    Defendants filed their Notice of Noncompliance [Document No. 18641] on May13, 2021.

1

5) The Court entered its Order on the Cook Defendants' Notice of Noncompliance [Nos. 19198 and 10], on June 25, 2021, dismissing Plaintiff's case for failure to produce a PPS.

6) Plaintiff's counsel has recently been able to re-establish contact with Ms. Sanchez and complete the PPS, which was served on Defendants on July 23, 2021. (See Exhibit "A")

7) In the present case, there has been no delay in the overall judicial proceedings as a result of Plaintiff's failure to timely serve the PPS. The Bellwether selection process is well underway and proceeding. Ms. Sanchez's case is not set for trial and has not been included in the Bellwether selection process. Granting reinstatement would neither delay the progress of the MDL, nor would it prejudice the Defendants.

8) There is no prejudice to Defendants. Plaintiff failed to timely serve a form that provided a summary of information of this case. Defendants are now in possession of that information. As such, there is no prejudice to Defendants.

9) Plaintiff has acted in good faith. The failure to timely serve the PPS was an inadvertent mistake in the way of a communication break-down between Plaintiff and counsel, and not an act by Plaintiff of bad faith.

10) When balancing harm to the parties, the potential dismissal of Plaintiff's claims with prejudice far outweighs any possible prejudice caused to the defendants by the delay in receipt of the PPS in this specific case.

WHEREFORE, based on the forgoing, Plaintiff respectfully moves this Court to vacate its order granting dismissal and reinstate her case in MDL 2570.

**Respectfully submitted,**

Dated: July 23, 2021

*/s/ Ben C. Martin*
Ben C. Martin, Bar No. 13052400
**Martin Baughman, PLLC**
3141 Hood Street, Suite 600
Dallas, Texas 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@martinbaughman.com

***Attorney for Plaintiff***

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 23, 2021, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                              */s/ Ben C. Martin*
                                              Ben C. Martin