UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND                Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                 MDL No. 2570

_____

This Document Relates Only to 1:21-cv-00461, Tammy DeWolfe

_____

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

The Court dismissed Plaintiff Tammy DeWolfe's ("Plaintiff") case for failure to produce the required Plaintiff Profile Sheet ("PPS") on June 25, 2021. (Dkt. 19198). Plaintiff filed a Motion for Reconsideration on July 22, 2021. (Dkt. 19420). Plaintiff seeks relief from dismissal for failure to provide a PPS in compliance with the Court's Orders, despite, **to date, still not having provided the required PPS.**   Nevertheless, Plaintiff's Motion asks the Court to reopen her case but cites no specific legal authority for doing so other than the general rules.

The Court should deny Plaintiff's request for four reasons:

- Federal Rule 59(e) and 60(b)(1) relief are not available here.  First, Rule 59(e) relief requires a showing of a manifest error in law or newly discovered evidence. Plaintiff fails to do either. Further, Rule 60(b)(1)'s extraordinary remedy is not available based on a mere alleged mistake on the part of counsel or failure to diligently complete discovery.

- The Court recently denied two requests similar to Plaintiff's as untimely, even when plaintiffs provided the missing PPS or CCF**.**  (See Dkt. 13927 (denying plaintiff's motion for reconsideration where plaintiff brought motion 10 months after dismissal) and Dkt. 13926).

- Regardless of the availability of relief under Federal Rule 60, the Court's initial order was, and remains, correct in its merits.  Indeed, **to date Plaintiff has not provided a Plaintiff Profile Sheet to Cook.  This alone warrants denial of the instant motion.**

- **Plaintiff's counsel, in addition to the instant motion, brings 6 other motions to reconsider dismissal of cases for failure to comply with the Court's orders to provide a PPS or Case Categorization From while still failing to comply.**

## Procedural Background

The timeline of the events relevant to Plaintiff's motion is as follows:

- On March 13, 2020, the Court entered Fourth Amended Case Management Order #4, ordering all plaintiffs to submit, among other things, a Plaintiff Profile Sheet within 30 days of filing a complaint.

- Plaintiff filed her short-form complaint on February 26, 2021. On April 8, 2021, Cook notified Plaintiff by letter of her failure to comply with Fourth Amended Case Management Order 4—by failing to provide a PPS.

- Plaintiff did not respond.

- On May 13, 2021, Cook filed a Notice of Noncompliance pursuant to CMO 4.

- Plaintiff again did not respond.

- On June 25, 2021, the Court dismissed Plaintiff's case for failure to comply with the Court's order.

- As of the filing of this response, Plaintiff still has not submitted a PPS to Cook.

## Argument

The Court should deny Plaintiff's Motion for Reconsideration

**I.** **Plaintiff has not shown she is entitled to the extraordinary relief provided by Rule 60(b)(1) and the Court should not set aside its Order.**

**A.** **Plaintiff's Motion is untimely and should be denied on that basis alone.**

Although Plaintiff requests relief under both Rule 60(b) and Rule 59(e), the proper procedural vehicle to address her request is Rule 60(b),[1] which governs requests to vacate an order. Rule 60(b)(1) permits relief based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).  Under Rule 60(c)(1) "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  The Court dismissed Plaintiff's case on June 25, 2021.  (Dkt. 19198)  Plaintiff brought the instant motion to reconsider that order on July 22, 2021. (Dkt. 19419)  Despite bringing the instant motion in less than thirty days, the basis for dismissal remains and therefore Plaintiff's motion is untimely as it is not yet ripe for consideration. There is nothing to reconsider given Plaintiff remains noncompliant after having more than five months to comply with the Court's Orders.

Counsel continues to repeatedly and relentlessly ignore the Court's orders. The Court should deny Plaintiff's Motion.

---

[1] Plaintiff's motion cites Rule 59(e) as a claimed alternate source of relief, but Rule 59(e) does not apply here.  Rule 59(e) "allows a court to amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Egonwan v. Cook Cnty. Sherriff's Dep't*, 602 F.2d 845, 852 (7th Cir. 2010).  "Motions under Rule 59(e) cannot be used to introduce evidence that could have been presented earlier," *id.,* nor can Rule 59(e) be used as "a vehicle for a party to undo its own procedural failures."  *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).
Here, Plaintiff's request for relief is not premised on any new case law or newly discovered evidence.

**B.      Plaintiff fails to establish the exceptional circumstances necessary for relief under Rule 60(b).**

Plaintiff fails to meet Rule 60(b)'s high bar for relief.   "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Flett v. W. A. Alexander & Co.*, 302 F.2d 321, 323 (7th Cir. 1962) (collecting cases from Second, Third, and Seventh Circuits); *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994) ("[I]t is well-established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.") (internal citations omitted).

A party must establish a "good reason for missing the deadline." *Knapp v. Evgeros, Inc.*, 322 F.R.D. 312, 320 (N.D. Ill. 2017); *see also Flett v. W. A. Alexander & Co.*, 302 F.2d 321, 323 (7th Cir. 1962) (collecting cases from Second, Third, and Seventh Circuits). *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994) ("[I]t is well-established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.") (internal citations omitted); *Lomas & Nettleton Co. v. Wisely*, 884 F.2d 965, 967 (7th Cir. 1989) (holding that because Rule 60(b) is an extraordinary remedy, "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)."); *Dave Kohel Agency, Inc. v. Redshaw, Inc.*, 149 F.R.D. 171, 173 (E.D. Wisc. 1993) (holding that "some justification for the error beyond failure to exercise due care must be shown.").

Here, Plaintiff offers no timely "good reason" for her neglect of the docket in this case.  An MDL Plaintiff has a duty to comply with the Court's Orders.  Plaintiff does not deny knowing of the responsibility to submit a PPS for cases filed in the MDL. To the extent there was ever a breakdown in communication, counsel failed to communicate that to anyone and as Magistrate Judge Tim Baker has said:  "If Plaintiff is not communicating with his counsel or otherwise prosecuting this case, the proper course is . . . to dismiss the case."  (Dkt. 12815.)   Simply put,

Plaintiff has no reasonable explanation for failing to comply, or at a minimum communicating with the Court or counsel. Furthermore, as Plaintiff remains noncompliant with the Court's Order to provide a PPS, she fails to even offer a timeline of she might become compliant. Instead, Plaintiff seeks reinstatement of her case with essentially an open-ended period of time in which to become compliant, if ever.

Plaintiff fails to establish that her case qualifies for relief under Rule 60(b)(1), and the Court should deny her Motion. *See Dickerson*, 32 F.3d at 1116; *Lomas*, 884 F.2d at 967; *Dave Kohel Agency*, 149 F.R.D. at 173; *Knapp*, 322 F.R.D. at 320.

**II.     The Court properly dismissed Plaintiff's claims.**

Even assuming Plaintiff could seek Rule 60(b)(1) relief, the Court's June 25, 2021 Order was correct in its merits.  CMO 4 required Plaintiff, among other things, to submit a PPS, or face dismissal following the procedure laid out in CMO 4.  Cook notified Plaintiff of her deficiency by letter, after allowing Plaintiff two months from filing to submit a PPS.  Plaintiff did not respond.  Cook then filed a Notice of Noncompliance.  Plaintiff again did not respond or communicate with undersigned Counsel or the Court.  Plaintiff thus failed to follow the Court's order, and Cook sought dismissal of her case.  *See* Fed. R. Civ. P. 41(b) ("if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it").  The Court properly dismissed Plaintiff's case.

## CONCLUSION

Plaintiff's Motion is untimely as it is not ripe given her lack of compliance and should be denied on that ground alone.  Further, Plaintiff did not make the requisite showing to justify the extraordinary remedy offered by Rule 60(b) and offered no justification whatsoever – legal or otherwise.  The Court should deny Plaintiff's Motion.

Respectfully submitted,

Dated: July 30, 2021

*/s/ Kip S.M. McDonald*
Andrea Roberts Pierson (# 18435-49)
Jessica Benson Cox (# 26259-49)
Kip S.M. McDonald (# 29370-49)
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
Email:  Andrea.Pierson@FaegreDrinker.com
        Jessica.Cox@FaegreDrinker.com
        Kip.McDonald@FaegreDrinker.com

*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2021, a copy of the foregoing was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.


*/s/ Kip S.M. McDonald*