UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to: 1:18-cv-03082, Jamieca Brown

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM FINAL JUDGMENT**

Plaintiff Jamieca Brown ("Plaintiff") filed a Motion for Relief from Final Judgment. (Dkt. 19417). The Court dismissed this case for failure to allege the product at issue. (Dkt. 19238). Plaintiff's Motion asks the Court to reopen the case. The Court should deny Plaintiff's request for two reasons:

- **The grounds for dismissal—Plaintiff's failure to allege the product at issue—have not changed.** Plaintiff has not addressed her deficiency, dismissal was proper in the first instance, and dismissal remains correct on the merits. The Court recently held that cases in this MDL which fail to allege the product at issue are subject to dismissal.

- Even assuming dismissal was not proper, Plaintiff cannot meet the burden for Federal Rule 60(b)(1)'s "extraordinary" relief.

**Procedural Background**

The timeline of the events relevant to Plaintiff's motion is as follows:

- Plaintiff filed her short-form complaint on October 4, 2018, two and a half years ago.

- Cook sent Plaintiff a letter stating Plaintiff failed to identify the product at issue on February 2, 2021.

- In response, on February 11, 2021, Plaintiff emailed Cook records which still failed to identify the product at issue.

US.134024337.01

- On March 26, 2021, Cook moved to dismiss Plaintiff's cases pursuant to Federal Rule 8(a) for failure to identify the product at issue.  (Dkt. 17183)

- On June 29, 2021, the Court granted Cook's Motion, dismissing Plaintiff's case. (Dkt. 19238)

- Plaintiff moved to reconsider the Court's dismissal on July 22, 2021.  (Dkt. 19417)

- As of the filing of this response, Plaintiff still does not identify the product at issue, and has provided *no* new information.

## Argument

The Court should deny Plaintiff's Motion for Relief.

**I.  Plaintiff has not shown she is entitled to the extraordinary relief provided by Rule 60(b)(1) and the Court should not set aside its Order.**

   **A.  Plaintiff Fails to Establish the Exceptional Circumstances Necessary for Relief under Rule 60(b).**

Plaintiff fails to meet Rule 60(b)'s high bar for relief.  "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Flett v. W. A. Alexander & Co.*, 302 F.2d 321, 323 (7th Cir. 1962) (collecting cases from Second, Third, and Seventh Circuits); *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994) ("[I]t is well-established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.") (internal citations omitted).

A party must establish a "good reason for missing the deadline." *Knapp v. Evgeros, Inc.*, 322 F.R.D. 312, 320 (N.D. Ill. 2017); *see also Flett v. W. A. Alexander & Co.*, 302 F.2d 321, 323 (7th Cir. 1962) (collecting cases from Second, Third, and Seventh Circuits). *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994) ("[I]t is well-established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.") (internal citations omitted); *Lomas & Nettleton Co. v. Wisely*, 884 F.2d 965, 967 (7th Cir. 1989)

(holding that because Rule 60(b) is an extraordinary remedy, "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)."); *Dave Kohel Agency, Inc. v. Redshaw, Inc.*, 149 F.R.D. 171, 173 (E.D. Wisc. 1993) (holding that "some justification for the error beyond failure to exercise due care must be shown.").

Here, Plaintiff offers no "good reason" for her neglect of the docket in this case. An MDL Plaintiff has a duty to comply with the Court's Orders. Although Plaintiff appears to dispute she received notice of Cook's Motion seeking dismissal of this case, she does not and cannot dispute that Cook properly served Plaintiff by filing electronically in the master docket or that ECF notices were sent to counsel that registered for electronic service as required by the Court.[1] And Plaintiff does not dispute being served with the Court's Order. And Plaintiff affirmatively argues that she received and read all other entries by this Court. Simply put, Plaintiff has no reasonable explanation for failing to respond to Cook's Motion.

Plaintiff fails to establish that her case qualifies for relief under Rule 60(b)(1), and the Court should deny her Motion. *See Dickerson*, 32 F.3d at 1116; *Lomas*, 884 F.2d at 967; *Dave Kohel Agency*, 149 F.R.D. at 173; *Knapp*, 322 F.R.D. at 320.

**II.     More importantly, the Court properly dismissed Plaintiff's claims.**

Even assuming Plaintiff could seek Rule 60(b)(1) relief, the Court's June 29, 2021 Order was correct in its merits. Plaintiff claims to have identified the product at issue. However, as Cook argued in its motion to dismiss, Plaintiff has not identified the specific product at issue. Plaintiff thus failed to—**and continues to fail to**—identify the product at issue and Cook properly moved to dismiss. To date, the only product identification provided by Plaintiff is from a retained

---

[1] Attached as Exhibit A is the Notice of Filing relating to Dkt. 17183, which clearly shows Plaintiff counsel's email was included on the ECF notice from the Court at least twice. Nine other email addresses for Fears Nachawati were also listed, including Steve Schulte twice and "filing@fnlawfirm.com."

- 3 -

physician who notes only a: "Cook IVC filter." The Court recently dismissed similar claims, in cases which failed to allege the product at issue and challenged Cook's motion, claiming they did not need to identify the product at issue. In dismissing those claims, the Court held

> Plaintiffs' cases are not typical defective medical device cases. Rather, they are part of MDL 2570. As such, they are subject to Case Management Order No. 4, which requires Plaintiffs to provide Cook their respective Plaintiff Profile Sheets ("PPS") and medical records "that support product identification and the alleged injury." (Filing No. 13046, Fourth Am. Case Management Order No. 4, ¶ 1.d.). It also requires Plaintiffs to support their Case Categorization Forms with specific medical documentation and to submit that documentation to Cook too. (Id., ¶ 2; see also Filing Nos. 9322, 9638, Court's Categorization Orders). They have thus engaged in some discovery and should know by now the identi[t]y of the medical device that is the subject of their complaints as well as the specific date the device was placed.

Dkt. 19327. The same holds true in this case, and Plaintiff has still not identified the medical device that is the subject of her complaint—plain and simple. As a result, dismissal was and is proper. The Court should deny Plaintiff's Motion.

## CONCLUSION

Plaintiff did not make the requisite showing to justify the extraordinary remedy offered by Rule 60(b). More importantly, the Court properly dismissed Plaintiff's case, and the Court should not reinstate Plaintiff's complaint. The Court should deny Plaintiff's Motion.

Respectfully submitted,

Dated: June 30, 2021

*/s/ Kip S.M. McDonald*
Andrea Roberts Pierson (# 18435-49)
Jessica Benson Cox (# 26259-49)
Kip S.M. McDonald (# 29370-49)
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:   (317) 237-1000
Email:  Andrea.Pierson@FaegreDrinker.com
            Jessica.Cox@FaegreDrinker.com
            Kip.McDonald@FaegreDrinker.com

*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2021, a copy of the foregoing was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Kip S.M. McDonald*