UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Bruce, Timothy J., 1:18-cv-01160

## DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF TIMOTHY J. BRUCE'S CASE PURSUANT TO CMO-28

Under Fed. R. Civ. P. 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges injury based on inability to retrieve his IVC filter.

1. <u>Plaintiff's Name</u>:  Timothy J. Bruce[1]

2. <u>Case Number</u>:  1:18-cv-01160

3. <u>Case Origin</u>:  Filed in the Southern District of Indiana on April 16, 2018

4. <u>Plaintiff's Home State per Complaint</u>: Ohio (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. <u>Applicable Choice of Law Rules</u>:  Ohio, *see* Dkt. 13539 (modifying equitable time period for application of home state choice-of-law rules to cases filed between May 31, 2017 and June 13, 2019).

6. <u>Applicable Statute of Limitations</u>:  Ohio (2 years), Ohio Rev. Code § 2305.10(A) ("[A]n action based on a product liability claim and an action for bodily injury or injuring personal property shall be brought within two years after the cause of action accrues.").

7. <u>Filter Placement Date</u>:  August 11, 2005

---

[1] Cook refers to Mr. Bruce as "Plaintiff" due to the singular language used in the structure of the Short Form Complaint.  Plaintiff's spouse, Julie Bruce, is a Co-Plaintiff on a loss-of-consortium claim, and this motion seeks dismissal of her derivative claims as well.

8.     <u>Latest Possible Date of Accrual</u>:  September 9, 2005 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting: "Unsuccessful attempt at filter removal secondary to the hook of the filter being scarred to the wall of the vena cava.").[2]

9.     <u>Length of Time Between Claim Accrual and Filing</u>:  12 years, 7 months, 7 days

## **BRIEF ARGUMENT**

Ohio law bars Plaintiff's personal injury claims because he filed his case more than two years after an unsuccessful attempt to remove his filter. *See supra*, ¶¶ 3, 8-9. Ohio's discovery rule is limited to discovery of latent injuries, not knowledge of alleged defects. *See Carter v. Medtronic, Inc.*, No. 2:18-CV-724, 2020 WL 2319729, at *4 (S.D. Ohio May 11, 2020). This Court dismissed the *Heintzman* case under Indiana and Ohio law where the plaintiff underwent a failed retrieval attempt more than two years before commencing the action, finding that the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391; *see also* Dkt. 18018 at 2-5 (granting judgment on the pleadings under Ohio law in the *Snider* case and holding that plaintiff's claims were time-barred because they were not filed within two years of his retrieval surgery); *Griffin v. Am. Med. Sys., Inc.*, 106 F.3d 400 (6th Cir. 1997) (table) (affirming dismissal under Ohio law because "[t]he removal of the prosthesis alerted [the plaintiff] that the prosthesis might be defective"). Here, Plaintiff does not claim a latent injury that would trigger Ohio's discovery rule; rather, as in *Heintzman*, the failed retrieval procedure itself provided sufficient information to start the limitations period as a matter of law.

Plaintiff's implied warranty claim fails on the same ground. Ohio law subjects warranty

---

[2] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion. *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").

claims to the same two-year statute of limitations discussed above. *See, e.g.*, *Caterpillar Fin. Servs. Corp. v. Harold Tatman & Sons Ents.*, 137 N.E.3d 512, 524 (Ohio Ct. App. 2019) ("Tatman and Son's claims for breach of implied warranty in tort and negligence are governed by the two-year statute of limitations in [Ohio Rev. Code] 2305.10.") (citation omitted).

As to Plaintiff's consumer protection and express warranty claims, the Court has concluded that these claims are not adequately pled in the Master Complaint, and Plaintiff's Short-Form Complaint does not add any substantive facts to save them here. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Thus, Plaintiff has failed to plead a viable state consumer protection claim with the particularity required by Rule 9 or a viable express warranty claim. Plaintiff's claim for punitive damages fails as derivative. Mrs. Bruce's loss-of-consortium claim also fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

          Respectfully submitted,

Dated:  July 30, 2021          /s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2021, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF TIMOTHY J. BRUCE'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

          /s/ *Jessica Benson Cox*