UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS   LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Frison, Darwin, 1:15-cv-01073

## DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF DARWIN FRISON'S CASE PURSUANT TO CMO-28

Under Fed. R. Civ. P. 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), Cook moves for judgment in Plaintiff's case, which alleges injury based on inability to retrieve his filter.

1. Plaintiff's Name:  Darwin Frison

2. Case Number:  1:15-cv-01073

3. Case Origin:  Filed in the Southern District of Indiana on July 9, 2015

4. Plaintiff's Home State per Complaint: Montana (Plaintiff's location of injury and residence at time of filter placement)

5. Applicable Choice of Law Rules:  Indiana, *see* Dkt. 13539 (finding Indiana choice-of-law rules apply to all claims in the MDL originally filed in the Southern District of Indiana except those filed between May 31, 2017 and June 13, 2019).

6. Applicable Statute of Limitations:  Indiana (2 years), Ind. Code 34-20-3-1(b)(1) ("[A] product liability action must be commenced: (1) within two (2) years after the cause of action accrues").

7. Filter Placement Date:  April 13, 2012

8. <u>Latest Possible Date of Accrual</u>:   May 29, 2012 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting: "Technically unsuccessful retrieval of a Cook Infrarenal Celect IVC filter.").[1]

9. <u>Length of Time Between Claim Accrual and Filing</u>:  3 years, 1 month, 10 days

## **BRIEF ARGUMENT**

Indiana law bars Plaintiff's personal injury claims because he filed his case more than two years after an unsuccessful attempt to remove his filter.[2] *See supra*, ¶¶ 3, 8-9.  Indiana's discovery rule "looks only to when a plaintiff knew that he or she suffered an ascertainable injury and knew or should have discovered that the injury was caused by the product or act of another." *Valmore v. Janssen Pharm. Prods., LP*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005).  A plaintiff only needs to know—or reasonably should know—that a product is a potential cause of the injury to trigger the statute of limitations, not that the product is the ultimate legal cause of the injury.  *See id.* at *2 ("A plaintiff . . . need not know with certainty that a particular product caused her injury to trigger the running of the statutory time period.").  This Court dismissed the *Heintzman* case under Indiana law where the plaintiff underwent a failed retrieval attempt more than two years before commencing the action, finding that the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights."  Dkt. 18391; *see also* Dkt. 19303

---

[1] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion.  *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").

[2] Plaintiff's claims would also be barred by Montana's three-year statute of limitations. *See* Mont. Code Ann. § 27-2-204.  Under Montana's discovery rule, a "plaintiff need not have actual and complete knowledge of the facts constituting the claim in order for the claim to accrue." *Christian v. Atlantic Richfield Co.*, 358 P.3d 131, 153 (Mont. 2015) (citation omitted).  Rather, a "claim accrues when the plaintiff is given notice or information that would prompt a reasonable person to conduct further inquiry." *Christian*, 358 P.3d at 153 (citation omitted).  A failed retrieval gives such notice, so the discovery rule is inapplicable here.  *See* Dkt. 18391.

(dismissing Plaintiff Bush's product liability claims as time-barred under Indiana law where she commenced her action more than two years after a failed filter retrieval); *In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 352 (S.D.N.Y. 2014); *Neuhauser v. A.H. Robins Co.*, 573 F. Supp. 8, 9-10 (S.D. Ind. 1983) (both cases holding under Indiana law that the claim accrued upon removal of the device or earlier). Here, as in *Heintzman*, the failed retrieval procedure provided sufficient information to start the limitations period as a matter of law.

Plaintiff's implied warranty claim also fails on the same ground. Under Indiana law, warranty claims are subject to the respective two-year statutes of limitations discussed above. *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).[3]

As to Plaintiff's consumer protection and express warranty claims, the Court has concluded that they are not adequately pled in the Master Complaint, and Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims here. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Thus, Plaintiff has failed to plead a viable state consumer protection claim with the particularity required by Rule 9 or a viable express warranty claim. Plaintiff's claim for punitive damages fails as derivative. Mrs. Roach's loss-of-consortium claim also fails as derivative.

For the foregoing reasons, the Court should dismiss all of Plaintiff's claims with prejudice.

---

[3] Montana follows the same rule. *See, e.g.*, *Bennett v. Dow Chem. Co.*, 713 P.2d 992, 995 (Mont. 1986).

        Respectfully submitted,

Dated: July 30, 2021        /s/ *Andrea Roberts Pierson*
        Jessica Benson Cox
        Andrea Roberts Pierson
        FAEGRE DRINKER BIDDLE & REATH LLP
        300 North Meridian Street, Suite 2500
        Indianapolis, Indiana 46204
        Telephone: (317) 237-0300
        Andrea.Pierson@FaegreDrinker.com
        Jessica.Cox@FaegreDrinker.com

        James Stephen Bennett
        FAEGRE DRINKER BIDDLE & REATH LLP
        110 West Berry Street, Suite 2400
        Fort Wayne, Indiana 46802
        Telephone: (260) 424-8000
        Stephen.Bennett@FaegreDrinker.com

        *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2021, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF DARWIN FRISON'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

        /s/ *Andrea Roberts Pierson*