UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS   LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Posey, Jared, 1:17-cv-01909

## DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF JARED POSEY'S CASE PURSUANT TO CMO-28

Under Fed. R. Civ. P. 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), Cook moves for judgment in Plaintiff's case, which alleges injury based on inability to retrieve his IVC filter.

1. <u>Plaintiff's Name</u>:  Jared Posey

2. <u>Case Number</u>:  1:17-cv-01909

3. <u>Case Origin</u>:  Filed in the Southern District of Indiana on June 9, 2017

4. <u>Plaintiff's Home State per Complaint</u>: Alabama (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. <u>Applicable Choice of Law Rules</u>:  Alabama, Dkt. 13539 (modifying equitable time period for application of home state choice-of-law rules to cases filed between May 31, 2017 and June 13, 2019).

6. <u>Applicable Statutes of Limitations</u>:  Alabama (2 years), Ala. Code § 6-2-38(l) ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years.").

7. <u>Filter Placement Date</u>:  March 26, 2009

8. <u>Latest Possible Date of Accrual</u>:  June 4, 2009 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting: "Attempted removal of IVC filter with cavogram.")[1]

9. <u>Length of Time Between Filter Placement and Filing</u>:  8 years, 2 months, 14 days

10. <u>Length of Time Between Claim Accrual and Filing</u>:  8 years, 0 months, 5 days

## BRIEF ARGUMENT

Plaintiff's personal injury claims are barred under Alabama law because the case was filed more than two years after an unsuccessful attempt to remove the filter.[2]  *See supra*, ¶¶ 3, 8, 10.  The statute of limitations in Alabama is two years, with no discovery rule.  *See Moon v. Harco Drugs, Inc.*, 435 So.2d 218, 220 (Ala. 1983) ("This Court has repeatedly held that a cause of action accrues when the injury occurs, and in so doing, this Court has refused to accept the so-called 'discovery rule.'"); *Payton v. Monsanto Co.*, 801 So. 2d 829, 835 (Ala. 2001) (same); *see also* Dkt. 15907 (granting summary judgment on fraudulent concealment allegations in master complaint).  Here, Plaintiff's claims accrued under Alabama law no later than June 4, 2009, when an attempt was made to remove the filter but was unsuccessful.[3]  By the time Plaintiff filed suit on June 9, 2017, his claims were time-barred by eight years.

---

[1] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion.  *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").

[2] Plaintiff's personal injury claims would also be barred under Indiana's two-year statute of limitations. The Court has ruled in this MDL that claims are time-barred under Indiana law where the plaintiff underwent a failed retrieval attempt more than two years before commencing the action. Dkt. 18391 (granting judgment in the *Heintzman* case because the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights").

[3] Plaintiff's Short-Form Complaint also pleads a survival claim, but this claim appears to be the result of clerical error.  *See* Pl.'s Compl., at ¶ 14.  The survival claim was asserted in the original Short-Form Complaint, which was brought in the name of Mr. Posey as a living individual.  In addition, no motion has been brought to substitute a proper party for a deceased party under Fed. R. Civ. P. 25(a).  Cook therefore assumes that the checking of the "Survival" box on the Short-Form Complaint was an error.

Plaintiff's implied warranty claim is also time-barred because it is subject to a four-year statute of limitations from the date of delivery. *See* Ala. Code § 7-2-725(1). Plaintiff filed this action more than eight years after receiving his filter. *See supra*, ¶¶ 3, 7, 9.[4]

As to Plaintiff's consumer protection[5] and express warranty claims, the Court has concluded that they are not adequately pled in the Master Complaint, and Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims here. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Thus, Plaintiff has failed to plead a viable state consumer protection claim with the particularity required by Rule 9 or a viable express warranty claim. Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's claims with prejudice.

---

[4] The implied warranty claim would be time-barred under Indiana law as well, because it would be subject to the two-year statute of limitations for personal injury actions. *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).

[5] Plaintiff's Short-Form Complaint pleads a claim for "Violations of Applicable *Maryland* State Law Prohibiting Consumer Fraud and Unfair Deceptive Trade Practices." Pl.'s Compl., at ¶ 14 (emphasis added). There is no indication, however, that Plaintiff has ever lived in or had connections with Maryland, *see generally* Pl.'s Compl., ¶¶ 4-6 (alleging Plaintiff currently resides in Alabama and also resided there at time of placement and injury). Thus, Cook knows of no factual or legal basis to apply Maryland law in this case. Regardless, any consumer-protection claim pled fails for the reasons articulated above.

Respectfully submitted,

Dated:  July 30, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2021, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF JARED POSEY'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*