UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS   LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Roach, Ted, 1:20-cv-2255

**DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF TED ROACH'S CASE PURSUANT TO CMO-28**

Under Fed. R. Civ. P. 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), Cook moves for judgment in Plaintiff's case, which alleges injury based on two failed filter retrievals and a complex filter retrieval.

1. <u>Plaintiff's Name</u>: Ted Roach[1]

2. <u>Case Number</u>: 1:20-cv-2255

3. <u>Case Origin</u>: Filed in the Southern District of Indiana on August 28, 2020

4. <u>Plaintiff's Home State per Complaint</u>: Nevada (Plaintiff's location of injury and residence at time of filter placement)[2]

5. <u>Applicable Choice of Law Rules</u>: Indiana, *see* Dkt. 13539 (finding Indiana choice-of-law rules apply to all claims in the MDL originally filed in the Southern District of Indiana except those filed between May 31, 2017 and June 13, 2019).

6. <u>Applicable Statute of Limitations</u>: Indiana (2 years), Ind. Code 34-20-3-1(b)(1) ("[A] product liability action must be commenced: (1) within two (2) years after the cause of action accrues").

7. <u>Filter Placement Date</u>: July 20, 2012

8. <u>Latest Possible Date of Accrual</u>: September 2012 (*see* Categorization Medical Records attached as **Exhibit A** and filed under seal noting that "[i]n 9/12 and 12/12, [Plaintiff] underwent attempted filter removal in Las Vegas, but these attempts were unsuccessful").[3]

9. <u>Approximate Length of Time Between Claim Accrual and Filing</u>: 7 years, 11 months, 27 days

---

[1] Cook refers to Mr. Roach as "Plaintiff" due to the singular language used in the structure of the Short-Form Complaint. Plaintiff's spouse, Rita Roach, is a Co-Plaintiff on a loss of consortium claim, and this motion seeks dismissal of her derivative claims as well.

[2] Plaintiff's Short-Form Complaint lists his current state of residence as "Unknown." Pl.'s Compl., at ¶ 6. However, Plaintiff designates the United States District Court for the District of Nevada as the proper venue absent direct filing and notes Nevada as his residence at the time of filter placement and his subsequent injury. *Id.* at ¶ 7.

[3] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion. *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").

**BRIEF ARGUMENT**

Indiana law bars Plaintiff's personal injury claims because he filed his case more than two years after an unsuccessful attempt to remove his filter.[4]  *See supra*, ¶¶ 3, 8-9.  Indiana's discovery rule "looks only to when a plaintiff knew that he or she suffered an ascertainable injury, and knew or should have discovered that the injury was caused by the product or act of another."  *Valmore v. Janssen Pharm. Prods., LP*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005).  A plaintiff only needs to know—or reasonably should know—that a product is a potential cause of the injury to trigger the statute of limitations, not that the product is the ultimate legal cause of the injury.  *See id.* at *2 ("A plaintiff . . . need not know with certainty that a particular product caused her injury to trigger the running of the statutory time period.").  This Court dismissed the *Heintzman* case under Indiana law where the plaintiff underwent a failed retrieval attempt more than two years before commencing the action, finding that the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights."  Dkt. 18391; *see also* Dkt. 19303 (dismissing Plaintiff Bush's product liability claims as time-barred under Indiana law where she commenced her action more than two years after a failed filter retrieval); *In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 352 (S.D.N.Y. 2014); *Neuhauser v. A.H. Robins Co.*, 573 F. Supp. 8, 9-10 (S.D. Ind. 1983) (both cases holding under Indiana law that the claim accrued

---

[4] Plaintiff's case would also be barred under Nevada's two-year statute of limitations.  *See* Nev. Rev. Stat. § 11.190(4)(e) ("Actions . . . may only be commenced . . . [w]ithin two years [if they seek] to recover damages for injuries to a person or for the death of a person caused by the wrongful act or neglect of another").

2

upon removal of the device or earlier).  Here, as in *Heintzman*, the failed retrieval procedure provided sufficient information to start the limitations period as a matter of law.[5]

Plaintiff's implied warranty claim also fails on the same ground.  Under Indiana law, warranty claims are subject to the respective two-year statutes of limitations discussed above.  *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).[6]

As to Plaintiff's consumer protection and express warranty claims, the Court has concluded that they are not adequately pled in the Master Complaint, and Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims here.  *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty).  Thus, Plaintiff has failed to plead a viable state consumer protection claim with the particularity required by Rule 9 or a viable express warranty claim.  Plaintiff's claim for punitive damages fails as derivative.  Mrs. Roach's loss-of-consortium claim also fails as derivative.

For the foregoing reasons, the Court should dismiss all of Plaintiff's claims with prejudice.

---

[5] While Plaintiff underwent a complex filter retrieval on February 19, 2014, *see* Exhibit A, the statute of limitations began to run when Plaintiff underwent his first failed retrieval attempt, *see* Dkt. 18391; Dkt. 19303.  Plaintiff's complex filter retrieval does not constitute a new or separate claim under Indiana law, as "it is not necessary that the full extent of the damage be known or even ascertainable but only that some ascertainable damage has occurred." *Monsanto v. Miller*, 455 N.E.2d 392, 394 (Ind. Ct. App. 1983).  For the reasons discussed above, Plaintiff's failed retrieval attempt provided sufficient information to start the running of the statute of limitations.

[6] Nevada follows the same rule. *See, e.g.*, *Castillo v. W. Range Ass'n*, No. 3:16-cv-00237-RCJ-VPC, 2017 WL 1364584, at *8 (D. Nev. April 13, 2017).

                                    Respectfully submitted,

Dated: July 30, 2021                        /s/ *Jessica Benson Cox*
                                            Jessica Benson Cox
                                            Andrea Roberts Pierson
                                            FAEGRE DRINKER BIDDLE & REATH LLP
                                            300 North Meridian Street, Suite 2500
                                            Indianapolis, Indiana 46204
                                            Telephone: (317) 237-0300
                                            Andrea.Pierson@FaegreDrinker.com
                                            Jessica.Cox@FaegreDrinker.com

                                            James Stephen Bennett
                                            FAEGRE DRINKER BIDDLE & REATH LLP
                                            110 West Berry Street, Suite 2400
                                            Fort Wayne, Indiana 46802
                                            Telephone: (260) 424-8000
                                            Stephen.Bennett@FaegreDrinker.com

                                            *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2021, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF TED ROACH'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                            /s/ *Jessica Benson Cox*