UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Mattson, Jerome, 1:17-cv-00356

**DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF JEROME MATTSON'S CASE PURSUANT TO CMO-28**

Under Fed. R. Civ. P. 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), Cook moves for judgment in Plaintiff's case, which alleges injury based on inability to retrieve his filter.

1. Plaintiff's Name:  Jerome Mattson

2. Case Number:  1:17-cv-00356

3. Case Origin:  Filed in the Southern District of Indiana on February 2, 2017

4. Plaintiff's Home State per Complaint: Wisconsin (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. Applicable Choice of Law Rules:  Indiana, *see* Dkt. 13539 (finding Indiana choice-of-law rules apply to all claims in MDL originally filed in the Southern District of Indiana except those filed between May 31, 2017 and June 13, 2019).

6. Applicable Statute of Limitations:  Indiana (2 years), Ind. Code 34-20-3-1(b)(1) ("[A] product liability action must be commenced: (1) within two (2) years after the cause of action accrues").

7. Filter Placement Date:  July 7, 2010

8. Latest Possible Date of Accrual:  November 5, 2010 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting: "Attempted retrieval of inferior vena cava filter").

9. Length of Time Between Claim Accrual and Filing:  6 years, 2 months, 28 days

## BRIEF ARGUMENT

Plaintiff's personal injury claims are barred under Indiana law because the case was filed more than two years after an unsuccessful attempt to remove the filter.[1]  *See supra*, ¶¶ 3, 8-9. Indiana's discovery rule "looks only to when a plaintiff knew that he or she suffered an ascertainable injury, and knew or should have discovered that the injury was caused by the product or act of another."  *Valmore v. Janssen Pharm. Prods., LP*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005).  A plaintiff only needs to know—or reasonably should know—that a product is a potential cause of the injury to trigger the statute of limitations, not that the product is the ultimate legal cause of the injury.  *See id.* at *2 ("A plaintiff . . . need not know with certainty that a particular product caused her injury to trigger the running of the statutory time period.").  This Court dismissed the *Heintzman* case under Indiana law where the plaintiff underwent a failed retrieval attempt more than two years before commencing the action, finding that the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights."  Dkt. 18391; *see also* Dkt. 19303 (dismissing Plaintiff Bush's product liability claims as time-barred under Indiana law where she commenced her action more than two years after a failed filter retrieval); *In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 352 (S.D.N.Y. 2014); *Neuhauser v. A.H. Robins Co.*, 573 F. Supp. 8, 9-10 (S.D. Ind. 1983) (both cases holding under Indiana law that the claim accrued upon removal of the device or earlier).  Here, as in *Heintzman*, the failed retrieval procedure provided sufficient information to start the limitations period as a matter of law.

---

[1] Plaintiff's case would also be barred under Wisconsin's three-year statute of limitations.  Wis. Stat. § 893.54.  Under Wisconsin's discovery rule, "tort claims 'accrue on the date the injury is discovered or with reasonable diligence should be discovered, whichever occurs first.'"  *Gumz v. Northern States Power Co.*, 742 N.W.2d 271, 276 (Wis. 2007) (citation omitted).  A plaintiff need only know that "the injury was probably caused by the defendants' conduct" for an action to accrue.  *Id.* (citation omitted).

Plaintiff's implied warranty claim also fails on the same ground. Under Indiana law, warranty claims are subject to the two-year statute of limitations discussed above. *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).[2]

As to Plaintiff's consumer protection and express warranty claims, the Court has concluded that these claims are not adequately pled in the Master Complaint, and Plaintiff's Short-Form Complaint does not add any substantive facts to save them here. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Thus, Plaintiff has failed to plead a viable state consumer protection claim with the particularity required by Rule 9 or a viable express warranty claim. Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

[2] Plaintiff's implied-warranty claim would also fail under Wisconsin law because it would be subject to a six-year statute of limitations measured from the date of delivery, *Selzer v. Brunsell Bros., Ltd.*, 652 N.W.2d 806, 827 (Wis. App. 2002), and Plaintiff filed this action more than six years after receiving his filter, *see supra*, ¶¶ 3, 7.

<table>
<tr><td>Dated: July 30, 2021</td><td>/s/ <i>Jessica Benson Cox</i><br>Jessica Benson Cox<br>Andrea Roberts Pierson<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>300 North Meridian Street, Suite 2500<br>Indianapolis, Indiana  46204<br>Telephone:  (317) 237-0300<br>Andrea.Pierson@FaegreDrinker.com<br>Jessica.Cox@FaegreDrinker.com<br><br>James Stephen Bennett<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>110 West Berry Street, Suite 2400<br>Fort Wayne, Indiana  46802<br>Telephone:  (260) 424-8000<br>Stephen.Bennett@FaegreDrinker.com<br><br><i>Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS</i></td></tr>
</table>

Respectfully submitted,

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2021, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF JEROME MATTSON'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*