UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND           Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION            MDL No. 2570
_____

This Document Relates Only to the Following Cases:

Wex, Loraine, 1:14-cv-01883
_____

**DEFENDANTS' MOTION FOR JUDGMENT IN**
**PLAINTIFF LORAINE WEX'S CASE PURSUANT TO CMO-28**

Under Fed. R. Civ. P. 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges injury based on inability to retrieve her IVC filter.

1.  Plaintiff's Name:  Loraine Wex[1]

2.  Case Number:  1:14-cv-01883

3.  Case Origin:  Filed in the Southern District of Indiana on November 14, 2014

4.  Plaintiff's Home State per Complaint: Ohio (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5.  Applicable Choice of Law Rules:  Indiana, *see* Dkt. 13539 (finding Indiana choice-of-law rules apply to all claims in the MDL originally filed in the Southern District of Indiana, except those filed between May 31, 2017 and June 13, 2019).

6.  Applicable Statute of Limitations:  Indiana (2 years), Ind. Code 34-20-3-1(b)(1) ("[A] product liability action must be commenced: (1) within two (2) years after the cause of action accrues").

7.  Filter Placement Date:  June 22, 2010

8.  Latest Possible Date of Accrual:  February 16, 2011 (*see* Categorization Medical

---

[1] Cook refers to Mrs. Wex as "Plaintiff" due to the singular language used in the structure of the Short Form Complaint. Plaintiff's spouse, Gary Wex, is a Co-Plaintiff on a loss-of-consortium claim, and this motion seeks dismissal of his derivative claims as well.

    Record attached as **Exhibit A** and filed under seal noting an inability "to retrieve IVC filter secondary to large fibrous cap" and recommending "chronic anticoagulation").[2]

9.  <u>Length of Time Between Claim Accrual and Filing</u>:  3 years, 8 months, 29 days

## BRIEF ARGUMENT

Indiana law bars Plaintiff's personal injury claims because she filed her case more than two years after an unsuccessful attempt to remove her filter.[3]  *See supra*, ¶¶ 3, 8-9.  Indiana's discovery rule "looks only to when a plaintiff knew that he or she suffered an ascertainable injury, and knew or should have discovered that the injury was caused by the product or act of another."  *Valmore v. Janssen Pharm. Prods., LP*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005).  A plaintiff only needs to know—or reasonably should know—that a product is a potential cause of the injury to trigger the statute of limitations, not that the product is the ultimate legal cause of the injury.  *See id.* at *2 ("A plaintiff . . . need not know with certainty that a particular product caused her injury to trigger the running of the statutory time period.").  This Court dismissed the *Heintzman* case under Indiana law where the plaintiff underwent a failed retrieval attempt more than two years before commencing the action, finding that the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights."  Dkt. 18391; *see also* Dkt. 19303 (dismissing Plaintiff Bush's product liability claims as time-barred under Indiana law where she

---

[2] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion.  *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").  Cook also notes that Plaintiff underwent *two* failed filter retrievals.  Plaintiff's Complaint states that she underwent a retrieval attempt on September 1, 2010 and then underwent a second retrieval attempt on February 16, 2011.  Pl.'s Compl., at ¶ 25.

[3] Plaintiff's claims are also barred under Ohio's two-year statute of limitations.  *See* Dkt. 18391 (granting judgment on the pleadings under Indiana and Ohio law); *see also Carter v. Medtronic, Inc.*, 2020 WL 2319729, at *4 (S.D. Ohio May 11, 2020) (holding that "the discovery rule generally applies in cases of latent injury and not in cases of possible latent defects").  A failed retrieval attempt is not a latent injury.

commenced her action more than two years after a failed filter retrieval); *In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 352 (S.D.N.Y. 2014); *Neuhauser v. A.H. Robins Co.*, 573 F. Supp. 8, 9-10 (S.D. Ind. 1983) (both cases holding under Indiana law that the claim accrued upon removal of the device or earlier).  Here, as in *Heintzman*, the failed retrieval procedure provided sufficient information to start the limitations period as a matter of law.[4]

Plaintiff's implied warranty claim fails on the same ground.  Indiana law subjects warranty claims to the respective two-year statute of limitations discussed above.[5]  *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).

As to Plaintiff's consumer protection and express warranty claims, the Court has concluded that these claims are not adequately pled in the Master Complaint, and Plaintiff's Short-Form Complaint does not add any substantive facts to save them here.  *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty).  Thus, Plaintiff has failed to plead a viable state consumer protection claim with the particularity required by Rule 9 or a viable

---

[4] Plaintiff also alleges injury based on her need for long-term anticoagulation.  To the extent such a claim makes out a cognizable injury, Plaintiff's claim accrued no later than February 16, 2011, when Plaintiff was recommended "chronic anticoagulation." Exhibit A.  Thus, Plaintiff's personal injury claims are also barred under this theory because Plaintiff did not commence her action within Indiana's two-year statute of limitations.  Further, even assuming Plaintiff's anticoagulation claim accrued later than February 16, 2011—which it did not—such an alleged injury does not constitute a new or separate claim under Indiana law.  On the contrary, for the statute of limitations to start running, "it is not necessary that the full extent of the damage be known or even ascertainable but only that some ascertainable damage has occurred." *Monsanto v. Miller*, 455 N.E.2d 392, 394 (Ind. Ct. App. 1983).

[5] Under Ohio law, warranty claims in cases involving personal injury are subject to the product liability statute of limitations discussed above.  *See, e.g.*, *Caterpillar Fin. Servs. Corp. v. Tatman*, 137 N.E.3d 512, 524 (Ohio Ct. App. 2019) (citation omitted) ("Tatman and Son's claims for breach of implied warranty in tort and negligence are governed by the two-year statute of limitations in R.C. 2305.10.").

express warranty claim.  Plaintiff's claim for punitive damages fails as derivative.  Mr. Wex's loss-of-consortium claim also fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

Dated:  July 30, 2021

/s/ Jessica Benson Cox
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2021, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF LORAINE WEX'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ Jessica Benson Cox