UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTER MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | Case No. 1:20-cv-06237-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

    LESTER OLIVER
    1:20-cv-02955-RLY-TAB

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATON OF THE COURT'S
ORDER DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE
TO PROVIDE PLAINTIFF PROFILE SHEETS**

    Plaintiff Lester Oliver ("Plaintiff"), by and through his counsel of record, respectfully files this Reply to Defendants' Opposition [Document No. 19509] to Plaintiff's Motion for Reconsideration of the Court's Order Dismissing Plaintiff's Claims for Failure to Provide Plaintiff Profile Sheets ("PPS") [Document No. 19427] under Federal Rule of Civil Procedure 59(e) and 60(b) and respectfully requests the Court reconsider is order dismissing Plaintiff's case [Documents Nos. 19204 and 10].  Plaintiff asks the Court to grant the Motion and reinstate his case in the MDL for the reasons set forth herein.  In support of this Motion, the Plaintiff states:

    1)    Defendants' Opposition to Plaintiff's motion for reconsideration claims that Rule 59(e) applies only in very limited circumstances, either the petitioner must demonstrate a manifest error of law, or present newly discovered evidence.  Plaintiff maintains that the circumstances where Rule 59(e) can be applied are much broader.  "In determining whether to provide Rule 59(e) relief, the Court must balance the (1) finality, and (2) the need to

1

render just decisions on the basis of all the facts. *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990).

2) Defendant's Opposition argues that Rule 60(b) is only available in "exceptional circumstances." The Plaintiff maintains that the circumstances where Rule 60(b) can be applied are much broader than Defendant argues. In determining whether to provide Rule 60(b) relief, the Court has discretion to reinstate a Plaintiff's case for reasons of: "(1) mistake, inadvertence., …or (6) any other reason justifying relief from the operation of judgment." Fed. R. Civ. Pro. 60(b)(1)(6). Additionally, a trial on the merits is strongly favored over default judgments, especially "where the default has not been willful." *A.F. Dormeyer Co., v. M.J. Sales & Distributing Co.*, 461 F.2d 40, 43 (7th Cir. 1972). Factor's that may be considered in assessing whether relive under Rule 60(b) is warranted include (1) the impact of the delay on the judicial proceedings, (2) the prejudice to the non-moving party, and (3) whether the movant acted in good faith. *Pioneer Inv. Services Co. v. Brunswick Assoc's Ltd. P'ship,* 507 U.S. 380.

3. As stated in Plaintiff's Motion for Reconsideration, there has been no delay in the overall judicial proceedings as a result of Plaintiff's failure to timely serve the Plaintiff Profile Sheet (PPS). The Bellwether selection process is well underway and proceeding.

4. Additionally, there is no prejudice to Defendants. The Plaintiff failed to timely serve a form that provides a summary of information about his case. The PPS has now been served.[1] Defendants are in possession of that information. As such, there is no prejudice to Defendants.

---

[1] Exhibit A, Plaintiff's PPS, served on Defendants on August 9, 2021.

5. Plaintiff acted in good faith. The failure to timely serve the PPS was an inadvertent mistake in the way of communication break-down between the Plaintiff and his counsel, not an act by Plaintiff in bad faith. Once Plaintiff's counsel was able to make contact with Mr. Oliver, the information was collected, and the PPS was served on the Defendants.

6. In its Opposition, the Defendants argue that the Court has recently denied two (2) requests similar to Plaintiff's as untimely (see Document No. 13927 and Document No. 13926. Those cases are easily distinguishable in that those motions for reconsideration were filed 10 months (Docket No. 13927) and 18 months (Docket No. 13926) respectfully, after the cases were dismissed. In the present case, Plaintiff's motion for reconsideration was filed within 30 days of the Courts order dismissing his case.

7. Mr. Oliver's case is not set for trial and has not been included in the Bellwether selection process. Granting reinstatement would neither delay the progress of the MDL, nor would it prejudice the Defendants.

8. When balancing harm to the parties, the potential dismissal of Plaintiff's claims with prejudice far outweighs any possible prejudice caused to the defendants by the delay in receipt of the PPS in this specific case.

WHEREFORE, based on the forgoing, Plaintiff respectfully moves this Court to vacate its order granting dismissal and reinstate his case in MDL 2570.

                                                        **Respectfully submitted,**

Dated: August 9, 2021.                                      */s/ Ben C. Martin*
                                                                   Ben C. Martin, Bar No. 13052400
                                                                   **Martin Baughman, PLLC**
                                                                   3141 Hood, Suite 600
                                                                   Dallas, Texas 75219
                                                                   Telephone: (214) 761-6614
                                                                   Facsimile: (214) 744-7590
                                                                   bmartin@martinbaughman.com

                                                                   ***Attorney for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2021, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Ben C. Martin*
Ben C. Martin
