UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND             No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION              MDL No. 2570

_____

This Document Relates to the Following Cases:

Zachary Bennett, 1:18-cv-01148

_____

**ORDER ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiff Zachary Bennett's case. They argue Plaintiff's claims are time-barred under Virginia law.

Plaintiff is a Virginia resident and was implanted with a Cook Günther Tulip Vena Cava Filter in Charlottesville, Virginia on September 18, 2009. (Filing No. 1:18-cv-01148, Filing No. 1, Short Form Compl. ¶¶ 10-11). On January 6, 2015, Plaintiff was transported by stretcher to Centra Lynchburg General Hospital with complaints of chest pain. (Filing No. 18052, Medical Record at 4). While there, Plaintiff underwent an abdominal CT scan which revealed (1) "a small thin linear metallic foreign body within a

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

1

peripheral subsegmental pulmonary arterial branch" of his pulmonary artery; (2) his "IVC filter demonstrate[d] a rightward tilt with absence of a portion of one of the IVC [filter] limbs"; and (3) "the inferior/distal portions of 2 of the anterior IVC filter limbs penetrate[d] through the anterior wall of the IVC."  (*Id.* at 3-4; Filing No. 18625, Medical Record at 4-5).  Plaintiff's medical records further indicate his diagnosis, condition, and treatment were explained to him and that he expressed his understanding.  (Filing No. 18625 at 5).

Virginia's statute of limitations for product liability actions is two years.  Va. Code § 8.01-243 ("Unless otherwise provided in this section or by other statute, every action for personal injuries, whatever the theory of recovery . . . shall be brought within two years after the cause of action accrues.").  "In Virginia, 'an injury is deemed to occur, and the statute of limitations period begins to run, whenever any injury, however slight, is caused by the negligent act, even though additional or more severe injury or damage may be subsequently sustained as a result of the negligent act."  *Wade v. Danek Medical, Inc.*, 182 F.3d 281, 285 (4th Cir. 1999).  Here, the latest possible date of accrual of Plaintiff's cause of action was January 6, 2015, the date he learned his filter had fractured and perforated his IVC.

Virginia's discovery rule for product liability actions was passed by the Virginia legislature in March 2016 and took effect on July 1, 2016.  *See* Va. Acts Ch. 353 (showing amendment approval); Va. Code § 1-214 (providing laws take effect on July 1 following adjournment of the legislative session).  It provides that a cause of action accrues "for injury to the person resulting from or arising as a result of the implantation

2

of any medical device, when the person knew or should have known of the injury and its causal connection to the device." Va. Code Ann. § 8.01-249(9).  Under Virginia law, "amendments to statutes of limitation are presumed to be prospective and not retroactive in their operation, in the absence of clear legislative intent to the contrary." *Riddett v. Virginia Elec. & Power Co.*, 495 S.E.2d 819, 822 (Va. 1998).  Because Plaintiff's claim accrued before July 1, 2016, the Virginia discovery rule would not apply.  Therefore, Plaintiff's products liability claims are time-barred.

Cook also moves for judgment on Plaintiff's implied warranty, express warranty, consumer protection, and punitive damages claims.  Plaintiff did not respond to Cook's arguments.  Plaintiff's failure to respond to the substance of Cook's arguments is effectively a concession that these points are well taken.  *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (holding failure to respond to an argument results in waiver).

**IT IS THEREFORE ORDERED** that Cook's Motion for Judgment (Filing No. 18050) is **GRANTED**.

**SO ORDERED** this 11th day of August 2021.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.