UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND          No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION           MDL No. 2570

_____

This Document Relates to the Following Cases:

Diondrae Boone and April McLilly, 1:19-cv-02047

_____

### ORDER ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFFS' CASE PURSUANT TO CMO-28

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiff Diondrae Boone's case. They argue, among other things, that Plaintiff's product liability claims are time-barred under Michigan law.

Plaintiff Diondrae Boone is a resident of Michigan and was implanted with a Cook Günther Tulip Vena Cava Filter at the Hurley Medical Center in Flint Michigan on October 2, 2015. (Filing No. 1:19-cv-02047, Filing No. 1, Short Form Compl. ¶¶ 10-12). On December 18, 2015, his physician attempted to remove the filter but was unsuccessful. (Filing No. 18028, Medical Record) ("Using the technique recommended

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

1

[by Cook's retrieval set], multiple attempts were made to retrieve the filter. This was unsuccessful."). Plaintiff filed his Short Form Complaint on May 22, 2019.

Michigan's statute of limitations for product liability claims is three years. *Peter v. Stryker Ortho., Ind.*, 581 F.Supp.2d 813, 816 (E.D. Mich. 2008). Michigan does not recognize a common law discovery rule. *Trentadue v. Buckler Lawn Sprinkler*, 738 N.W.2d 664. 670 (Mich. 2007). As a result, product liability claims accrue "at the time the wrong upon which the claim is based was done regardless of the time when damage results." Mich. Comp. Laws Ann. § 600.5827. Cook argues Plaintiff's claims accrued no later than December 18, 2015.

At oral argument, Plaintiff argued his injury was not the unsuccessful attempt to remove his filter; rather, it was an embedded filter. But the reason the filter could not be removed is because it was embedded. At any rate, whether the injury is termed an unsuccessful removal or embedment, Plaintiff's claim accrued on December 18, 2015, and the statute of limitations expired on December 18, 2018—more than five months before he commenced this lawsuit.

Cook also moves for judgment on Plaintiff's implied warranty, express warranty, and punitive damages claims, as well as Plaintiff April McLilly's loss of consortium claim. Plaintiff did not respond to Cook's arguments. Plaintiff's and Ms. McLilly's failure to respond to the substance of Cook's arguments is effectively a concession that these points are well taken. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (holding failure to respond to an argument results in waiver).

**IT IS THEREFORE ORDERED** that Cook's Motion for Judgment (Filing No. 18026) is **GRANTED**.

**SO ORDERED** this 11th day of August 2021.

                                               _____
                                               RICHARD L. YOUNG, JUDGE
                                               United States District Court
                                               Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.