IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This Document Relates to Plaintiff:

Ted Roach

Civil Case No. 1:20-cv-2255

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR JUDGEMENT ON THE PLEADINGS**

COMES NOW, Plaintiff Ted Roach ("Plaintiff"), by and through his counsel and submits this Response in Opposition to Cook Defendants' Motion for Judgment in Plaintiff's Case Pursuant to CMO-28. Plaintiff respectfully requests that this Court deny Defendants' Motion and, in support thereof, states as follows:

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. Plaintiff did not know nor could he have known that he was injured by a defective Cook Celect Filter until late 2018 when he was first informed that his filter was defective.

2. Cook cannot and has not brought any facts to this Court's attention that would contest that Plaintiff did not know nor could have known that he was injured until 2018.

3. Standing alone, knowledge of a failed removal attempt of an IVC Filter that is marketed by the manufacturer as an optional device does not provide Plaintiff with any information regarding whether an injury occurred or not.

1

### I. Standard of Review

When a party moves for judgment on the pleadings, that party "must demonstrate that there are no material issues of fact to be resolved." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). The Court must view all the "facts and inferences in the light most favorable to the non-moving party." *Id*. The Court should not allow the motion to deprive the non-moving party the opportunity to make its case against the moving party. *Id*.

### ARGUMENT

**1.   The Discovery Rule Applies and Plaintiff's Claims are Timely.**

Indiana applies the "reasonably diligent plaintiff standard" to determine if the discovery rule applies. *Nelson v. Sandoz Pharm. Corp.*, 288 F.3d 954, 966 (7th Cir. 2002). "Generally, though, the plaintiff's suspicion, standing alone, about the source of her injury is insufficient to trigger the onset of the limitations period." *Nelson v. Sandoz Pharm. Corp.*, 288 F.3d at 966. As such, "[t]he limitations period will begin to run when a physician suggests there is a 'reasonable possibility, if not a probability' that a specific product caused the plaintiff's injury. *Id.*

Here, it is Cook's burden to "demonstrate that there are no material issues of fact to be resolved." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). Yet in its brief, COOK fails to demonstrate or point to any event that should have caused Plaintiff to have even a suspicion that the Celect filter had caused him injury.

Cook blindly points to a medical record that notes "attempted filter removal" as proof that Plaintiff was aware of an injury from the filter. However, the Celect is advertised by Cook as a permanent or retrievable filter. Cook's own advertisements of the filter prevented Plaintiff from discovering that he was injured.

Cook's motion is meritless, Cook has not pointed to any deposition testimony or medical record noting that Plaintiff's doctors told Plaintiff that he was injured from the filter or that Plaintiff even suspected injury from the filter.

The facts are clear, Plaintiff did not know or have reason to know about the defective nature of the IVC Filter until he saw ads informing him of the defective nature of Cook's IVC filter in late 2018. Plaintiff did not discover until the end of 2018 that he was even injured by the defective Cook IVC Filter. On August 28, 2020, Plaintiff filed his complaint against Cook, only months after discovering the causal connection between his injuries and Cook's defective IVC Filter. See Complaint. Less than two years after the Plaintiff discovered his injury, Plaintiff filed his case before this Court. At no point did Plaintiff's physicians inform him that the Cook Filter had injured him. Under Indiana's discovery rule, Plaintiff's claims are not time barred.

    2.    **Fraudulent Concealment.**

Fraudulent concealment tolls the statute of limitations if "a person liable to an action conceals the fact from the knowledge of the person entitled to bring the action." Ind. Code § 34–11–5–1. Courts have held that the elements of fraudulent concealment are:

> (i) material misrepresentation of past or existing facts by the party to be charged (ii) which was false (iii) which was made with knowledge or reckless ignorance of the falseness (iv) was relied upon by the complaining party and (v) proximately caused the complaining party injury.

*Johnson v. Wysocki*, 990 N.E.2d 456, 460–61 (Ind. 2013).

For a cause of action in fraud, the three year "statute starts to run when the plaintiff acquires sufficient information to give rise to a reasonable belief that a fraudulent conveyance has occurred." *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 26 (4th Cir. 1963). "[T]he cause

3

of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake. N.C. Gen. Stat. Ann. § 1-52 (9).

Cook affirmatively concealed the flawed design of their filters and its failure from Plaintiff and hhis doctors. Cook knew about the flawed design, but concealed the risks of its filters in its marketing as a way to induce Plaintiff into agreeing to have the filter implanted. Cook aggressively marketed the IVC filters even though it knew that its filters are dangerous. Plaintiff reliance upon the material misrepresentations and omissions was justified because Cook's misrepresentations and omissions were made by individuals and entities who were in a position to know the true facts concerning the filter while Plaintiff was not in a position to know the true facts because Cook overstated the benefits and safety of the filter and downplayed the risks, thereby inducing Plaintiff to have the filter implanted rather than a safer alternatives. Had Plaintiff not been deceived by Cook and had known the real risks associated with filter, Plaintiff would not have had the filter implanted and would not have been injured.

If the Court takes all of the facts and alleged in the complaint as true and in the light most favorable to the non-moving party, as it must, it should deny Cook's motion. *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020).

## CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that this Court deny COOK's Motion and grant Plaintiff any relief that this Court deems appropriate.

Dated: August 12, 2021  **THE MILLER FIRM, LLC**

*/s/ Jeff T. Seldomridge*
Jeff T. Seldomridge, VSB # 89552
108 Railroad Ave.

Orange, VA 22960<br>
Phone: (866) 529-3323<br>
Fax: (540) 672-3055<br>
jseldomridge@millerfirmllc.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2021, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

    /s/ *Jeff T. Seldomridge*
    Attorney for Plaintiff