IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff(s)
*Jared Posey*

Civil Case No.: 1:17-cv-01909

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO CMO-28**

**COMES NOW** Plaintiff Jared Posey and files this response to Cook Defendants' motion for judgment on the pleadings pursuant to CMO-28 and, in support thereof, shows the Court as follows:

Fact questions preclude the Court from granting Defendants' motion for judgment. Under any potentially applicable law (Indiana or Alabama), the relevant question is not the date of the records Plaintiff attached to his Case Categorization Form, it is when Plaintiff *reasonably* discovered the contents of that report, along with the other specialized knowledge required to understand that his IVC filter was defectively designed. The pertinent facts before the Court on this critical question are those contained in Plaintiff Jared Posey's Amended Complaint, filed on March 24, 2021.[1]

---

[1] *See* Dkt. No. 15 in *Posey v. Cook Inc., et al.*, 1:17-cv-01909, Dkt. No. 16459 in *In re: Cook Medical Inc.*, 1:14-ml-02570.

1

"The statute of limitations is an affirmative defense [and c]omplaints need not anticipate or plead around affirmative defenses." *Leavell v. Kieffer*, 189 F.3d 492, 494 (7th Cir.1999). <u>On a motion for judgment on the pleadings, the court determines *only* whether the complaint contains enough fact to raise a reasonable expectation that discovery will reveal evidence" to support liability</u>. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (emphasis added). Plaintiff has done so. Defendants' motion, therefore, must be denied.

If Indiana law applies, the "discovery rules" states that the statute of limitations begins "to run from the date the plaintiff *knew* or *should have discovered* that [he] suffered an injury or impingement, and that it was caused by the product or act of another." *Degussa Corp v. Mullens*, 744 N.E.2d 407, 410 (Ind. 2001) (quoting *Barnes v. A.H. Robins Co.*, 476 N.E.2d 84, 87-88 (Ind. 1985))(emphasis added). **The fact of an injury does not begin the limitations period**. *Reed v. City of Evansville*, 956 N.E.2d 684, 692-93 (Ind. Ct. App. 2011)(denying summary judgment on product liability claims where plaintiffs knew about a sewer line beneath their home, the fact of mold, and their health problems more than two years before filing); *Dorman v. Osmose, Inc.*, 782 N.E.2d 463, 467-69 (Ind. Ct. App. 2003) (denying summary judgment on product liability claims, even though the evidence indicated that plaintiff suspected a connection between a recurrence of symptoms and an accident, because "a plaintiff's mere suspicion or speculation that another's product cause the injuries is insufficient to trigger the statute"). See also *In re Bridgestone/Firestone, Inc.*, 200 F.Supp.2d 997, 999-1000 (S.D. Ind. 2002) (denying summary judgment on product liability claims under Colorado law because, though plaintiff was in a serious accident caused by tire tread separation before the permissible limitations period, the accident did not put the plaintiff on notice that a negligence act had occurred).

Defendants' motion rests one a *single* date on a *single* medical record in support of their argument that Plaintiff knew of his injury and that it was caused by a defective filter more than two years before filing.  But, there is no indication in the records of when Plaintiff learned what the report revealed about his filter.  These are fact questions that cannot be resolved on a motion for judgment on the pleadings.  *See Van Dusen v. Stotts*, 712 N.E.2d 491, 499 (Ind. 1999) (application of discovery rule is a question of fact).

This Court permitted Plaintiff to file an amended complaint in order to bring additional allegations of fraudulent concealment against Defendants.  On March 24, 2021 Plaintiff amended his complaint to include additional allegations of fraudulent concealment.  In the amended complaint, Plaintiff alleges that Defendants *affirmatively* concealed the flawed design of the IVC filter and its failure from Plaintiff's doctor.  Defendant was aware and knew about the flawed design but concealed the risks of the IVC filter in its marketing to induce Plaintiff's reliance.  Plaintiff's ordinary diligence in pursuing the cause of his injuries was frustrated by the fact that Defendants fraudulently concealed a great deal of information relating to the defective nature of its IVC filter.  The evidence shows that Defendants made material representations to doctors and patients across the country regarding the risks it was aware of concerning its IVC filters.  Plaintiff and doctors were unaware of the true risks of the IVC filter at the time of implant.  Plaintiff cannot be held to a higher degree of knowledge than his own physician who were not given complete information from Cook that the filter was defective.  However, once Plaintiff learned of Defendants' fraud and connected it to the ultimate injury suffered, he filed the Complaint timely under Indiana and Alabama law due to the fraudulent concealment exception to the statute of limitations.

If Alabama law applies, Alabama law is clear that when there is even "an *inference* as to whether a plaintiff was defrauded, and if so, when the plaintiff discovered the fraud, the case is **one for the trier of fact**." *Ryan v. Charles Townsend Ford, Inc*., 409 So. 2d 784, 786-87 (Ala. 1981) (emphasis added); see also *Jim Walter Homes, Inc. v. Kendrick*, 810 So.2d 645, 650 (Ala. 2001) (citing *Kindred v. Burlington Northern R.R.,* 742 So.2 2d 155, 157 (Ala. 1999) (issue of when accrual of cause of action occurs is a question of fact to be decided by jury). Ala. Code § 6-2-3 states "[i]n actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action." *Id.*

Alabama courts have explained its rationale for the discovery rule as follows: "Fraud, in the nature of it, implies that the party has been misled and that, by the wrong of another, he is accepting and resting in a false sense of security. A party thus situated is not required to presume fraud or suspect it, until something comes to him leading a just person to suspect and make inquiry." *Williams v. Bedenbaugh*, 215 Ala. 200, 110 So. 286 (Ala. 1926). Most significantly, Alabama holds that "[a]lthough the wording of § 6-2-3 indicates that it applies only to fraud actions, that section and its predecessor have long been held to apply to any cause of action that has been fraudulently concealed from a plaintiff." *See Tonsmeire v. Tonsmeire*, 233 So. 2d 465, 467 (Ala. 1970); *Van Antwerp v. Van Antwerp*, 5 So. 2d (Ala. 1941); *see also Crisman v. Odeco, Inc.*, 932 F.2d 413, 417 n.4 (5th Cir. 1991) (factual determination as to when plaintiff was put on notice).

In another multi-district litigation, *In re Vioxx Prods Liab. Litig.*. 478 F. Supp. 2d 897 (E.D. La. 2007), the court was presented with this same issue. The Vioxx MDL had many, if not all, of

the same overarching claims as this MDL litigation relating to the Vioxx medication. The Vioxx MDL Court held summary judgment was <u>inappropriate</u> stating as follows:

> While Alabama does not recognize the discovery rule for personal injury claims, see *Moon v. Harco Drugs, Inc.*, 435 So. 2d 218, 220 (Ala. 1983), fraud claims in Alabama do not accrue "until the discovery by the aggrieved party of the fact constituting the fraud." See Ala. Code § 6-2-3. Moreover, "**[a]though the wording of § 6-2-3 indicates that it applies only to fraud actions, that section and its predecessor have long been held to apply to any cause of action that has been fraudulently concealed from a plaintiff.**" *Rutledge v. Freeman*, 914 So. 2d 364, 369-71 (Ala. Civ. App. 2004) (emphasis added). **The Court finds that genuine issues of material fact exit with respect to whether the discovery of the [plaintiffs'] right of action "was concealed by some activity** of [Merck], amounting to a fraud." *Van Antwerp v. Van Antwerp*, 5 So. 2d 73, 80 (Ala. 1941).

*Id*. at 908 (emphasis added).

Disputed factual issues cannot be adjudicated on a motion for judgment on the pleadings. Defendants' motion must be denied.

WHEREFORE, premises considered, Defendants' motion for judgment on the pleadings must be denied. Plaintiff further prays for any and such other relief to which she may be entitled.

Respectfully submitted this the 13th day of August, 2021.

                                                          */s/ Calle Mendenhall*
                                                          Calle Mendenhall
                                                          **FARRIS, RILEY & PITT, LLP**
                                                          1700 Financial Center
                                                          505 20th Street North
                                                          Birmingham, AL 35203
                                                          T:  205-324-1212
                                                          F:  205-324-1255
                                                          cmendenhall@frplegal.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 13th, 2021, a copy of the foregoing motion and memorandum was filed electronically and notice of the filing of these documents will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Calle M. Mendenhall*_____