UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Case:

Anthony Beach 1:16-cv-00403

**PLAINTIFF'S RESPONSE TO THE COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

On July 30, 2021, defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe APS (collectively "the Cook Defendants") moved for judgment on the pleadings dismissing Plaintiffs Anthony and Janet Beach's (collectively "Plaintiffs") complaint as barred by the Indiana statute of limitations. Dkt. # 19485.

According to Defendants, the latest date that Mr. Beach's claim possibly could have accrued was on August 19, 2010, because the procedure to remove his IVC filter on that date was unsuccessful. *Id*. at p. 2. This, however, overlooks the fact that the medical record provided by Defendants does not provide any information to satisfy their burden as the party moving for judgment on the pleadings. Dkt. # 19486 at 2. Furthermore, even if the missing record were to be analyzed, it does not document any injury suffered by Mr. Beach during the removal procedure which would put him on notice of a potential claim against the manufacturers of his IVC filter.

First, under the Federal Rules of Civil Procedure, if "matters outside the pleadings are

presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). In support of their motion Defendants provided a blank medical record containing no information other than the fact that Mr. Beach was admitted to the hospital for an unspecified procedure on August 19, 2010. Dkt. # 19486 at p. 2. This evidentiary failure alone is a sufficient basis to deny the motion.

Second, even if the missing record were analyzed, it does not support dismissal. Citing this Court's order in the *Heintzman* case, and two federal district court cases, Defendants maintain that the mere fact that Mr. Beach's filter was not removed in August 2010 is sufficient to establish that his claim accrued under the Indiana discovery rule, but that is not what either those opinions, or the facts of this case, establish. In *Neuhauser v. A.H. Robins Co., Inc.*, the Southern District of Indiana held that the plaintiff was on notice of a claim against the manufacturer of her intrauterine contraceptive device when she became pregnant with the device still implanted, and then suffered a miscarriage, at which point she had the device removed. 573 F.Supp. 8, 9 (S.D. Ind. 1983).

Similarly, in *In re Mirena IUD Pods. Liab. Litig.*, the Southern District of New York (applying alternatively Texas or Indiana law) held that the plaintiff was aware of a potential claim against the manufacturer of her IUD when the device perforated her uterus, travelled to her abdomen, and needed to be removed. 29 F. Supp.3d 345, 354 (S.D.N.Y. 2014). Finally in the *Heintzman* case in the present MDL, this Court held that after Mr. Heintzman went to the hospital to have his IVC filter removed, the failure of extended attempts to remove the filter, along with the fact that the filter had fractured, was sufficient to put the plaintiff on notice of a potential claim against Defendants. Dkt. # 18391 at p. 2.

Unlike all three of these cases, here Defendants do not point to any clear injury—let alone

2

one connected to their medical device—that would put Mr. Beach on notice of a potential claim for purposes of the running of the statute of limitations under the Indiana discovery rule. Instead, their entire argument relies on the mere fact Mr. Beach's doctor was unable to remove the device at that time. Dkt. # 19485 at p. 2.

When analyzed in full, all the August 19, 2010 medical record provides is that the "legs of the filter would not collapse completely or dislodge from the walls of the vena cava despite multiple attempts." Ex. 1. It also states that "[r]epeat venacavogram was performed showing moderate narrowing of the vena cava with no change in central location of the vena cava filter." *Id*. No mention is made of any fracturing—as was the case in *Heintzman*—or that Mr. Beach suffered any injury whatsoever in connection with the filter. Because Defendants' market their filters as permanent, implantable devices, the mere fact that the filter could not be removed at that time does not by itself indicate any harm to Mr. Beach placing him on notice of a claim.

Here, Defendants falsely equate the mere fact that Mr. Beach's IVC filter was not removed to prior cases involving the removal of a medical device due to intense medical complications—a perforated uterus (*In re Mirena*), and a pregnancy with subsequent miscarriage (*Neuhauser*)—which provided a clear signal that something was dreadfully wrong with the device.

Defendants' "evidence" establishes nothing, because they supplied a blank medical record. Even when the missing record is supplied, all it shows is that the device could not be removed at a certain time, not that Mr. Beach suffered any cognizable injury. Therefore, Defendants have not met their burden to show the claims for products liability, implied warranty, punitive damages, and loss of consortium are untimely, and the motion should accordingly be denied, or more discovery should be allowed.

Respectfully Submitted,

3

        */s/ Kelly Chermack*
        **Kelly Chermack**
        Texas Bar No. 24121361
        D.C. Bar No. 1721149
        **Steve Schulte**
        Texas Bar No. 24051306
        schulte@fnlawfirm.com
        **FEARS NACHAWATI, PLLC**
        5473 Blair Road
        Dallas, Texas 75231
        Tel. (214) 890-0711
        Fax (214) 890-0712

        Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2021 a true and correct copy of *Plaintiffs' Response to Cook Defendants' Motion for Judgment on the Pleadings* was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF counsel of record.

Dated: August 13, 2021

>Respectfully Submitted,
>
>*/s/ Kelly Chermack*
>**Kelly Chermack**