UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Case:

Timothy Bruce 1:18-cv-01160

**PLAINTIFF'S RESPONSE TO THE COOK DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS**

On July 30, 2021, defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe APS (collectively "the Cook Defendants") moved for judgment on the pleadings dismissing Plaintiffs Timothy and Julie Bruce's (collectively "Plaintiffs") complaint as barred by the Ohio statute of limitations. Dkt. # 19487.

According to Defendants, the latest date that Mr. Bruce's claim possibly could have accrued was on September 9, 2005, because the procedure to remove his IVC filter on that date was unsuccessful. *Id*. at p. 2. This, however, overlooks the fact that the medical record relied on by Defendants does not document any injury suffered by Mr. Bruce during the removal procedure which would put him on notice of a potential claim against the manufacturers of his IVC filter.

Citing this Court's orders in the *Snider* and *Heintzman* cases, and a decision of the Sixth Circuit, Defendants maintain that the mere fact that Mr. Bruce's filter was not removed in September 2005 is sufficient to establish that his claim accrued under the Ohio discovery rule, but

that is not what any of those opinions, or the facts of this case, establish. In this Court's decision in the *Snider* case in the present MDL, the plaintiff "presented to a trauma center complaining of significant epigastric and abdominal pain." Dkt. # 18018 at p. 2. A CT scan revealed that the tines of his filter had eroded through the IVC and penetrated his duodenum and pancreas, and he underwent surgery to remove the intruding portions of the filter which were causing him intense pain. *Id*.

Similarly, in the *Heintzman* case, this Court held that after Mr. Heintzman went to the hospital to have his IVC filter removed, the failure of extended attempts to remove the filter, along with the fact that the filter had fractured, was sufficient to put the plaintiff on notice of a potential claim against Defendants. Dkt. # 18391 at p. 2. Finally, in *Griffin v. Am. Medical Sys., Inc.*, the plaintiff himself took the position that the removal of his inflatable penile prosthesis placed him on notice of its defective character. 106 F.3d 400 at \*1 (6th Cir. 1997) (table). It was only after learning that he could avail himself of the Ohio Savings Statute if he asserted that his cause of action arose at an earlier date that the plaintiff attempted to take a contrary position, which the Sixth Circuit did not allow. *Id*. at \*3.

Unlike all three of these cases, here Defendants do not point to any clear injury—let alone one connected to their medical device—that would put Mr. Bruce on notice of a potential claim for purposes of the running of the statute of limitations under the Ohio discovery rule. Instead, their entire argument relies on the mere fact Mr. Bruce's doctor was unable to remove the device at that time. Dkt. # 19487 p. 2.

When the September 9, 2005 medical record is analyzed in full, all it shows is that the removal procedure was unsuccessful, not that Mr. Bruce suffered any adverse affects which would alert him to a potential claim against Defendants. While the initial projection demonstrated a well-

positioned filter, a lateral projection demonstrated that it was scarred to the wall of the IVC. Dkt. # 19488 at p. 3. Mr. Bruce's doctoral still proceeded with the removal procedure, but was unable to remove the filter because "the tip of the filter could never be pulled into the sheath." *Id*.

Despite the inability remove the filter at that time, the record notes that Mr. Bruce "tolerated the procedure well. He left the suite in stable condition." *Id*. It also states in its findings a "stable suprarenal filter. No evidence of thrombosis." *Id*. at p. 4. No mention is made of any fracturing—as was the case in *Heintzman*—or that Mr. Bruce suffered any injury whatsoever in connection with the filter. Because Defendants' market their filters as permanent, implantable devices, the mere fact that the filter could not be removed at that time does not by itself indicate any harm to Mr. Bruce placing him on notice of a claim.

Here, Defendants falsely equate the mere fact that Mr. Bruce's IVC filter was not removed to prior cases involving the removal of a medical device due to intense medical complications—the penetration of the plaintiff's duodenum and pancreas by the filter (*Snider*), and the fracture of the filter (*Heintzman*)—which provided a clear signal that something was dreadfully wrong with the device.

Under the Federal Rules of Civil Procedure, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Here all Defendants' "evidence" shows is that the device could not be removed at a certain time, not that Mr. Bruce suffered any cognizable injury alerting him to a potential cause of action. Therefore, Defendants have not met their burden to show the claims for products liability, implied warranty, punitive damages, and loss of consortium are untimely, and the motion should accordingly be denied, or more discovery should be allowed.

Respectfully Submitted,

*/s/ Kelly Chermack*
**Kelly Chermack**
Texas Bar No. 24121361
D.C. Bar No. 1721149
**Steve Schulte**
Texas Bar No. 24051306
schulte@fnlawfirm.com
**FEARS NACHAWATI, PLLC**
5473 Blair Road
Dallas, Texas 75231
Tel. (214) 890-0711
Fax (214) 890-0712

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2021 a true and correct copy of *Plaintiffs' Response to Cook Defendants' Motion for Judgment on the Pleadings* was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF counsel of record.

Dated: August 13, 2021

Respectfully Submitted,

*/s/ Kelly Chermack*
**Kelly Chermack**
