UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Case:

Darwin Frison 1:15-cv-01073

**PLAINTIFF'S RESPONSE TO THE COOK DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS**

On July 30, 2021, defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe APS (collectively "the Cook Defendants") moved for judgment on the pleadings dismissing Plaintiff Darwin Frison's complaint as barred by the Indiana statute of limitations. Dkt. # 19489.

According to Defendants, the latest date that Mr. Frison's claim possibly could have accrued was on May 29, 2012, because the procedure to remove his IVC filter on that date was unsuccessful. Dkt. # 19489 at p. 2. This, however, overlooks the fact that the medical record relied on by Defendants does not document any injury suffered by Mr. Frison during the removal procedure which would put him on notice of a potential claim against the manufacturers of his IVC filter.

Citing this Court's order in the *Heintzman* case, and two federal district court cases, Defendants maintain that the mere fact that Mr. Frison's filter was not removed in May 2012 is

sufficient to establish that his claim accrued under the Indiana discovery rule, but that is not what either those opinions, or the facts of this case, establish. In *Neuhauser v. A.H. Robins Co., Inc.*, the Southern District of Indiana held that the plaintiff was on notice of a claim against the manufacturer of her intrauterine contraceptive device when she became pregnant with the device still implanted, and then suffered a miscarriage, at which point she had the device removed. 573 F.Supp. 8, 9 (S.D. Ind. 1983).

Similarly, in *In re Mirena IUD Prods. Liab. Litig.*, the Southern District of New York (applying alternatively Texas or Indiana law) held that the plaintiff was aware of a potential claim against the manufacturer of her IUD when the device perforated her uterus, travelled to her abdomen, and needed to be removed. 29 F. Supp.3d 345, 354 (S.D.N.Y. 2014). Finally in the *Heintzman* case in the present MDL, this Court held that after Mr. Heintzman went to the hospital to have his IVC filter removed, the failure of extended attempts to remove the filter, along with the fact that the filter had fractured, was sufficient to put the plaintiff on notice of a potential claim against Defendants. Dkt. # 18391 at p. 2.

Unlike all three of these cases, here Defendants do not point to any clear injury—let alone one connected to their medical device—that would put Mr. Frison on notice of a potential claim for purposes of the running of the statute of limitations under the Indiana discovery rule. Instead, their entire argument relies on the mere fact Mr. Frison's doctor was unable to remove the device at that time. Dkt. # 19489 p. 2. When the May 29, 2012 medical record is analyzed in full, all it shows is that the removal procedure was unsuccessful, and the doctor recommended either a second attempt or leaving the IVC filter in permanently. Dkt. # 19490 at p. 3. Neither of which would alert Mr. Frison to a potential personal-injury claim against Defendants.

During the removal procedure, a "[r]adiodense marker for the guide catheter from the

2

ensnared catheter was lost into the left pulmonary artery." *Id*. at p. 3. Because of this fact, Mr. Frison was kept for observation, and the record notes that "[t]he patient will be observed and if no developing concerns or complaints discharged home." *Id*. Thus, no concerns or complaints are noted, and even if they were to arise, the notation relates to the lost marker, not the IVC filter.

The doctor's recorded impressions regarding the filter itself state that "either the filter can remain in permanently or a second attempt at retrieval could be made. If a second attempt is sought there should be a band placed in the guide sheath to help facilitate freeing the hook from the sidewall of the inferior vena cava." *Id*. No injury is documented other than the loss of the marker, and the recommendation is either a second attempt or just leaving the filter in. Therefore, the record does not present any injury that would put Mr. Frison on notice of a claim against Defendants.

Here, Defendants falsely equate the mere fact that Mr. Frison's IVC filter was not removed to prior cases involving the removal of a medical device due to intense medical complications—a perforated uterus (*In re Mirena*), and a pregnancy with subsequent miscarriage (*Neuhauser*)—which provided a clear signal that something was dreadfully wrong with the device.

Under the Federal Rules of Civil Procedure, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Here all Defendants' "evidence" shows is that the device could not be removed at a certain time, and either a subsequent removal-procedure could occur or the device could be left in permanently. Therefore, Defendants have not met their burden to show the claims for products liability, implied warranty, and punitive damages are untimely, and the motion should accordingly be denied, or more discovery should be allowed.

Respectfully Submitted,

*/s/ Kelly Chermack*
**Kelly Chermack**
Texas Bar No. 24121361
D.C. Bar No. 1721149
**Steve Schulte**
Texas Bar No. 24051306
schulte@fnlawfirm.com
**FEARS NACHAWATI, PLLC**
5473 Blair Road
Dallas, Texas 75231
Tel. (214) 890-0711
Fax (214) 890-0712

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2021 a true and correct copy of *Plaintiffs' Response to Cook Defendants' Motion for Judgment on the Pleadings* was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF counsel of record.

Dated: August 13, 2021

                                              Respectfully Submitted,

                                              */s/ Kelly Chermack*
                                              **Kelly Chermack**