UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Case:

Charles Payne 1:20-cv-00916

**PLAINTIFF'S RESPONSE TO THE COOK DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS**

On July 30, 2021, defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe APS (collectively "the Cook Defendants") moved for judgment on the pleadings dismissing Plaintiffs Charles and Sandee Payne's (collectively "Plaintiffs") complaint as barred by the Indiana statute of limitations. Dkt. # 19500.

According to Defendants, the latest date that Mr. Payne's claim possibly could have accrued was on February 11, 2013, because the procedure to remove his IVC filter on February 8, 2013, was unsuccessful. *Id*. at p. 2. This, however, overlooks the fact that the partial medical record provided by Defendants does not provide the information necessary to satisfy their burden as the party moving for judgment on the pleadings. Dkt. # 19502 at 2. Furthermore, even if the partial record were to be analyzed in full, it does not document any injury suffered by Mr. Payne during the removal procedure which would put him on notice of a potential claim against the manufacturers of his IVC filter.

First, under the Federal Rules of Civil Procedure, if "matters outside the pleadings are

presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). In support of their motion Defendants provided a partial medical record containing no information other than the fact that Mr. Payne was admitted to the hospital to have has IVC filter removed on February 8, 2013. Dkt. # 19502 at p. 6. This evidentiary failure alone is a sufficient basis to deny the motion.

Second, even if the missing portions of the record were analyzed, they do not support dismissal. Citing this Court's order in the *Heintzman* case, and two federal district court cases, Defendants maintain that the mere fact that Mr. Payne's filter was not removed in February 2013 is sufficient to establish that his claim accrued under the Indiana discovery rule, but that is not what either those opinions, or the facts of this case, establish. In *Neuhauser v. A.H. Robins Co., Inc.*, the Southern District of Indiana held that the plaintiff was on notice of a claim against the manufacturer of her intrauterine contraceptive device when she became pregnant with the device still implanted, and then suffered a miscarriage, at which point she had the device removed. 573 F.Supp. 8, 9 (S.D. Ind. 1983).

Similarly, in *In re Mirena IUD Pods. Liab. Litig.*, the Southern District of New York (applying alternatively Texas or Indiana law) held that the plaintiff was aware of a potential claim against the manufacturer of her IUD when the device perforated her uterus, travelled to her abdomen, and needed to be removed. 29 F. Supp.3d 345, 354 (S.D.N.Y. 2014). Finally in the *Heintzman* case in the present MDL, this Court held that after Mr. Heintzman went to the hospital to have his IVC filter removed, the failure of extended attempts to remove the filter, along with the fact that the filter had fractured, was sufficient to put the plaintiff on notice of a potential claim against Defendants. Dkt. # 18391 at p. 2.

Unlike all three of these cases, here Defendants do not point to any clear injury—let alone one connected to their medical device—that would put Mr. Payne on notice of a potential claim for purposes of the running of the statute of limitations under the Indiana discovery rule. Instead, their entire argument relies on the mere fact Mr. Payne's doctor was unable to remove the device at that time. Dkt. # 19500 at p. 2.

When analyzed in full, all the February 8, 2013 medical record provides is that "on the lateral projection the apex of the filter was canted posteriorly and along the wall of the vena cava posteriorly. Attempts were made to dislodge the hook of the catheter and recenter the filter, all of which were unsuccessful." Ex. 1. It also states that "[f]urther attempts were made to engage the hook by bending the sheath, using a pre-shaped curve sheath, and attempting to straighten the filter through pressure on the struts. All of these maneuvers were unsuccessful and the proximal hook was never successfully snared." *Id*. No mention is made of any fracturing—as was the case in *Heintzman*—or that Mr. Payne suffered any injury whatsoever in connection with the filter. Because Defendants' market their filters as permanent, implantable devices, the mere fact that the filter could not be removed at that time does not by itself indicate any harm to Mr. Payne placing him on notice of a claim.

Here, Defendants falsely equate the mere fact that Mr. Payne's IVC filter was not removed to prior cases involving the removal of a medical device due to intense medical complications—a perforated uterus (*In re Mirena*), and a pregnancy with subsequent miscarriage (*Neuhauser*)—which provided a clear signal that something was dreadfully wrong with the device. Defendants' "evidence" establishes nothing, because they supplied only a partial medical record. Therefore, Defendants have not met their burden to show the claims for products liability, implied warranty, punitive damages, and loss of consortium are untimely, and the motion should be denied.

        Respectfully Submitted,

        */s/ Kelly Chermack*
        **Kelly Chermack**
        Texas Bar No. 24121361
        D.C. Bar No. 1721149
        **Steve Schulte**
        Texas Bar No. 24051306
        schulte@fnlawfirm.com
        **FEARS NACHAWATI, PLLC**
        5473 Blair Road
        Dallas, Texas 75231
        Tel. (214) 890-0711
        Fax (214) 890-0712

        Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2021 a true and correct copy of *Plaintiffs' Response to Cook Defendants' Motion for Judgment on the Pleadings* was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF counsel of record.

Dated: August 13, 2021

Respectfully Submitted,

*/s/ Kelly Chermack*
**Kelly Chermack**