UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Case:

Loraine Wex 1:14-cv-01883

### PLAINTIFF'S RESPONSE TO THE COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

On July 30, 2021, defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe APS (collectively "the Cook Defendants") moved for judgment on the pleadings dismissing Plaintiffs Loraine and Gary Wex's (collectively "Plaintiffs") complaint as barred by the Indiana statute of limitations. Dkt. # 19503.

According to Defendants, the latest date that Ms. Wex's claim possibly could have accrued was on February 16, 2011, because the procedure to remove her IVC filter on that date was unsuccessful. *Id*. at p. 1-2. This, however, overlooks the fact that the medical record relied on by Defendants does not document any injury suffered by Ms. Wex during the removal procedure which would put her on notice of a potential claim against the manufacturers of her IVC filter.

Citing this Court's order in the *Heintzman* case, and two federal district court cases, Defendants maintain that the mere fact that Ms. Wex's filter was not removed in February 2011 is sufficient to establish that her claim accrued under the Indiana discovery rule, but that is not what

either those opinions, or the facts of this case, establish.  In *Neuhauser v. A.H. Robins Co., Inc.*, the Southern District of Indiana held that the plaintiff was on notice of a claim against the manufacturer of her intrauterine contraceptive device when she became pregnant with the device still implanted, and then suffered a miscarriage, at which point she had the device removed.  573 F.Supp. 8, 9 (S.D. Ind. 1983).

Similarly, in *In re Mirena IUD Pods. Liab. Litig.*, the Southern District of New York (applying alternatively Texas or Indiana law) held that the plaintiff was aware of a potential claim against the manufacturer of her IUD when the device perforated her uterus, travelled to her abdomen, and needed to be removed.  29 F. Supp.3d 345, 354 (S.D.N.Y. 2014).  Finally, in the *Heintzman* case in the present MDL, this Court held that after Mr. Heintzman went to the hospital to have his IVC filter removed, the failure of extended attempts to remove the filter, along with the fact that the filter had fractured, was sufficient to put the plaintiff on notice of a potential claim against Defendants.  Dkt. # 18391 at p. 2.

Unlike all three of these cases, here Defendants do not point to any clear injury—let alone one connected to their medical device—that would put Ms. Wex on notice of a potential claim for purposes of the running of the statute of limitations under the Indiana discovery rule.  Instead, their entire argument relies on the mere fact Ms. Wex's doctor was unable to remove the device at that time.  Dkt. # 19503 at p. 1-2.  When the February 16, 2011 medical record is analyzed in full, all it shows is that the removal procedure was unsuccessful due to complications unrelated to the IVC filter.  Thus, nothing in the February 2011 medical record supports Defendants' contention that Ms. Wex was put on notice of a potential claim at that time.

As stated in the medical record, prior to the implantation of IVC filter she suffered from pulmonary embolism in both lungs and was started on an anticoagulation therapy (Coumadin).

2

Dkt. # 19505 at p. 2.  During the removal procedure, "[c]atheters were advanced using standard guide wire technique" and "angiographic pictures were taken." *Id*.  The record next recites there was no narrowing (stenosis) of the inferior vena cava.  *Id*. at p. 3.  Finally, and crucially, the medical record relied on by Defendants recites that the doctor was "unable to retrieve IVC filter secondary to large fibrous cap" and anticoagulation medication was recommended.  *Id*.

      According to this record, the reason the IVC filter was not removed at that time had nothing to do with the IVC filter, but rather was due to the presence of a large fibrous cap.  There is no notation of any injury suffered by Ms. Wex, or any difficulty with the IVC filter itself, that would put her on notice of a claim against the manufacturers of the device.

      Here, Defendants falsely equate the mere fact that Mr. Frison's IVC filter was not removed to prior cases involving the removal of a medical device due to intense medical complications—a perforated uterus (*In re Mirena*), and a pregnancy with subsequent miscarriage (*Neuhauser*)—which provided a clear signal that something was dreadfully wrong with the device.

      Under the Federal Rules of Civil Procedure, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).  Here all Defendants' "evidence" shows is that the device could not be removed at a certain time, because of the presence of a large fibrous cap.  Therefore, Defendants have not met their burden to show the claims for products liability, implied warranty, punitive damages, and loss of consortium are untimely, and the motion should accordingly be denied, or more discovery should be allowed.

                                  Respectfully Submitted,

                                        */s/ Kelly Chermack*
                                        **Kelly Chermack**

                                                Texas Bar No. 24121361
D.C. Bar No. 1721149
**Steve Schulte**
Texas Bar No. 24051306
schulte@fnlawfirm.com
**FEARS NACHAWATI, PLLC**
5473 Blair Road
Dallas, Texas 75231
Tel. (214) 890-0711
Fax (214) 890-0712

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2021 a true and correct copy of *Plaintiffs' Response to Cook Defendants' Motion for Judgment on the Pleadings* was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF counsel of record.

Dated: August 13, 2021

> Respectfully Submitted,
>
> */s/ Kelly Chermack*
> **Kelly Chermack**