**IN THE UNITED STATE DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION MDL No. 2570 | Case No. 14-ml-2570-RLY-TAB |

This Document Relates to the Following Case:
Jerome Mattson
Civil Case #: 1:17-cv-00356

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

On July 30, 2021, defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe APS (collectively "the Cook Defendants") moved for Judgment on the Pleadings dismissing Plaintiff Jerome Mattson's complaint as barred by the Indiana Statute of Limitations, pursuant to CMO-28. Dkt. No. 19498. Plaintiff respectfully request that this Court deny Defendants' Motion.

A party moving for judgment on the pleadings must demonstrate that there are "no material issues of fact to be resolved". *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). District courts hearing motions for judgment on the pleadings must not "deprive the non-moving party of the opportunity to make its case[,]" and must "view all facts and inferences in the light most favorable to the non-moving party." *Id*.

Indiana's statute of limitations commences within two years after the cause of action accrues. *Nelson v. Sandoz Pharms. Corp.*, 288 F.3d 954, 966 (7th Cir. 2002). The cause of action "accrues" from the time the plaintiff "knew or should have discovered that [he or she] suffered an injury or impingement, and that it was caused by the product or act of another." *Id*, (quoting

1

*Degussa Corp. v. Mullens*, 744 N.E.2d 407, 410 (Ind. 2001). A plaintiff's mere suspicion about the source of the injury is insufficient to trigger the onset of the limitations period. *Id*. Rather, the period is triggered "when a physician suggests there is a 'reasonable possibility, if not a probability' that a specific product caused the plaintiff's injury." *Id.*

Cook proffers that an unsuccessful removal procedure in 2010 was sufficient to trigger the statute of limitations and that the device was a cause of Plaintiff's injuries. Defendants assert this with no further evidence beyond the case categorization form and a single page medical record. However, around the very time of this attempted removal procedure, Defendants were advertising to both consumers and physicians that the Gunther Tulip Filter was advisable for both temporary and permanent treatment, stating that "Leave it or retrieve it, but use the filter you can trust." *See* **Exhibit B**. There is no evidence to show that Plaintiff was made aware of the defective nature of the product at the time of the attempted removal. This contradiction becomes starker given Defendants' advertisement in the same time frame, assuring physicians and consumers that this filter is perfectly acceptable for permanent use with no risks. *See Id*. Plaintiff was not made aware of the defective nature of the product until years later after seeing reports regarding the defective nature of the device in mid-2016, within two years of filing the complaint. There is no evidence demonstrating Plaintiff was informed by his physician in 2010 that the permanent nature of the filter was entirely defective and injury-causing. Absent such evidence, with facts viewed in a light most favorable to the Plaintiff, Defendants' Motion must fail.

Under Wisconsin law, the statute of limitation for bodily injury is three years. Wis. Stat. Ann § 893.54. Like Indiana, Wisconsin follows a discovery rule to determine when this

limitation begins to run. *S.J.D. v. Mentor Corp.*, 159 Wis.2d 261, 265 (1990). The period runs when the Plaintiff has "an objective basis for determining that the defendant had a role in causing his or her injuries." *Id.*, at 269. While defendants may contend that a removal or attempted removal surgery objectively triggers the statute of limitations, several Federal Courts, applying Wisconsin law, have correctly declined to apply such a black and white view. *See Karnes v. C.R. Bard, Inc.*, No.18-cv-031-WMC, 2019 WL 1639807, at *3-4 (W.D. Wis. Apr. 16, 2019) (ruling that a hernia mesh revision surgery was not sufficient to objectively trigger the limitations period); *See also*, *In re Smith & Nephew Birmingham Hip Resurfacing (BHR) Hip Implant Products Liability Litig.*, No. 1:17-md-2775, 2018 WL 6067505, at *3 (D. Md. Nov. 19, 2018)(applying in part Wisconsin Law)(determining that revision surgery on hip implant did not trigger limitations period where information in complaint did not demonstrate the information relayed by plaintiff's physician to plaintiff). As stated before, Defendants cannot point to evidence showing that Plaintiff objectively knew the filter device was defective. Defendants' own representations as to the device's safety regarding permanence, belies their contention that the Plaintiff knew the filter was defective by the attempted removal surgery. Thus, Plaintiffs respectfully request the Court to deny Defendants' instant motion.

In addition, Defendants' fraudulent concealment of the risks and flawed design of their filters from the Plaintiff and his physicians serves to delay any tolling of the statute of limitations. The period is tolled when the defendant liable to an action "conceals the fact from the knowledge of the person entitled to bring the action" and begins where the Plaintiff acquires information that leads to reasonable belief a fraud has occurred. Ind. Code § 34-11-5-1; *See also*, *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 26 (4th Cir. 1963). Allegations regarding

fraudulent concealment are outlined thoroughly in Exhibit A to Plaintiff's Amended Complaint. Dkt. No. 17116. Plaintiff and his physicians relied upon deceptive and material misrepresentations from Defendants regarding the flawed design and concealed risks of the Tulip device. Had Plaintiff known the true nature of the device, he would not have had the filter and would not have sustained his injuries. Thereby, the tolling period was tolled until Plaintiff discovered the extent of Defendants' concealed fraud.

Dated: August 16, 2021

Respectfully Submitted,

Murray Law Firm

*/s/ Kenneth J. Wink, Jr.*
Kenneth J. Wink, Jr., La. Bar No.: 37921
701 Poydras Street, Suite 4250
New Orleans, Louisiana 70139
Tel: 504-525-8100
Facsimile: 504-584-5249
Email: kwink@murray-lawfirm.com
***Attorney for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ *Kenneth J. Wink, Jr.*
Kenneth J. Wink, Jr.

4