UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Roach, Ted, 1:20-cv-02255

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT IN <u>PLAINTIFF TED ROACH'S CASE PURSUANT TO CMO-28</u>**

The Court should dismiss Plaintiff's cause of action in its entirety. Plaintiff's undisputed knowledge in 2012 of the injury he now claims—two failed retrievals—negates his arguments in support of his tort claims based on the discovery rule and fraudulent concealment.[1]

A.  **Indiana's Discovery Rule Does Not Save Plaintiff's Case**

Plaintiff's case is time-barred under Indiana law because he did not commence this action until more than two years after his failed filter retrievals. As this Court explained in *Heintzman*—which was decided under Indiana and Ohio law—Plaintiff Heintzman "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391. Here, as in *Heintzman*, the failed retrieval procedures in 2012 provided sufficient information to start the limitations period as a matter of law, and Plaintiff has failed to explain why the Court should deviate from its decision in *Heintzman*.

Plaintiff's reliance on *Nelson v. Sandoz Pharm. Corp.*, 288 F.3d 954 (7th Cir. 2002), is misplaced. *See* Dkt. 19656, Pl.'s Resp., at 2. In *Nelson*, the plaintiff's doctor told her that the defendant's drug did *not* cause her stroke, and the court held that the limitations period did not start to run until a doctor told her that there was a "reasonable possibility, if not a probability," that the drug had caused the stroke. *Id.* at 966. In contrast here, as in *Heintzman*, Plaintiff undisputedly knew at the time of the failed filter retrieval attempts that the filter itself was a potential factor in the irretrievability.

Plaintiff contends that, although he knew in 2012 that he had a filter that could not be retrieved, a fact question remains concerning when Plaintiff discovered his injury. *See* Dkt. 19656, Pl.'s Resp., at 2-4. But this argument makes no sense. The failed retrievals are ***the injury*** that

---

[1] Plaintiff's response does not deny that Cook is entitled to the dismissal of his non-tort-based claims.

1

Plaintiff claims that he suffered. *See* Dkt. 19496, Categorization Medical Records. Plaintiff therefore faces an insoluble dilemma: If Plaintiff's 2012 failed retrievals *were* an injury, as his pleadings assert, his claims based on that "injury" are barred by the statute of limitations. *See Cooper Indus, LLC v. City of S. Bend*, 899 N.E.2d 1274, 1280 (Ind. 2009) ("For an action to accrue, it is not necessary that the full extent of the damage to be known or even ascertainable, but only that some ascertainable damage has occurred."). But if his failed retrievals were *not* an injury, as he arguably implies in his response, Plaintiff has no compensable injury and, thus, no claim. *Atl. Coast Airlines v. Cook*, 857 N.E.2d 989, 996 (Ind. 2006) (explaining that Indiana's "modified impact rule maintains the requirement of a direct physical impact" to pursue a personal injury action).

**B.      Plaintiff's Fraudulent Concealment Argument is Unavailing**

Given the undisputed facts set out above, the fraudulent concealment allegations in Plaintiff's amended complaint do not save his case, even assuming he had properly pled them.[2] *See* Dkt. 16625. The failed retrieval attempt provided enough information to Plaintiff regarding the potential existence of a cause of action *independent* of any alleged fraudulent concealment on Cook's part. *See* Dkt. 15907 (collecting cases and explaining that "fraudulent concealment requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action"). Indeed, the Court reached this very conclusion in *Heintzman* when it found that Plaintiff Heintzman's fraudulent concealment allegations did not save his claims under Indiana and Ohio law. *See* Dkt. 18391. Because Plaintiff

---

[2] Plaintiff's new allegations of fraudulent concealment do not cure the pleading defects the Court identified in its February 22, 2021 order. *See* Dkt. 15907. Plaintiff does not allege that Cook knew of and affirmatively concealed Plaintiff's cause of action, as the Court required, and Plaintiff does not state the circumstances of the alleged fraud—that is, the who, what, when, where, and how—with the particularity required by Rule 9(b). *See id.* at 6-9. Instead, Plaintiff alleges only the same sorts of *pre*-filter-placement conduct set out in the Master Complaint.

does not dispute that he underwent two failed retrieval attempts more than seven years before filing his action, fraudulent concealment cannot apply. The case is time-barred.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

Dated:  August 19, 2021

/s/ Jessica Benson Cox
Jessica Benson Cox, Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

  I hereby certify that on August 19, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF TED ROACH'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                 */s/ Jessica Benson Cox*