UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB <br><br> MDL No. 2570 |
| This document relates to: <br><br> **All Cases** | |

## The PSC's Brief on Potential Bellwether Trials

Pursuant to the Fifth Amended Case Management Order #27, the Plaintiff's Steering Committee provides the following brief on potential bellwether trials:

# Introduction

The random selection process for which Cook advocated has generated a list of six cases that—if tried—would provide the MDL with little to no value. If the Court sets one of these cases for trial, the result will be another year's worth of lost time while using Court and party resources with no possibility of advancing the MDL.

At this point, each action and every resource should be directed at efforts having some potential to move this MDL toward conclusion. Spending a year litigating and trying a low value case doesn't do that. If we have any hope of concluding this MDL, the PSC respectfully suggests the Court should do one of two things: (1) bring counsel together to have a frank discussion about settling cases in this MDL, or (2) allow the parties to self-select potential bellwether cases that could

1

have some bearing on the cases in this MDL, leaving the Court with the decision about which case to try.

With that said, the PSC provides the following case summaries.

## The Six Cases Remaining in the Bellwether Pool

**Joshua Cheatham (Category 5).** Of the six cases remaining, this is the only case that is remotely appropriate to try in the bellwether context. Mr. Cheatham is a 30-year-old Air Force veteran. He had a filter placed prophylactically after suffering traumatic injuries. Once the risk of DVT subsided (approximately 6 months later), Mr. Cheatham's physicians attempted to remove the filter. The attempt failed because the filter was tilted and embedded into the wall of the IVC where it remains stuck to this day.

As a result of the stuck filter, Mr. Cheatham's physicians have advised him not to sit for too long, not to lift anything over 30 pounds, and to limit bending at the waist. If the Court decides to press forward with a bellwether trial from this pool, the PSC respectfully suggests this is the only case that should be considered.

**Jasmine Bowen (Category 5).** After motion practice, the only claim remaining is one for breach of the implied warranty. Cook has indicated it will move to dismiss that claim at some point soon, potentially eliminating the case. But even if Cook's motion is denied, there is no benefit to trying a bellwether case where the only claim that can go forward is one for breach of an implied warranty.

**Suzanne and Charles Hastings (Category 6).** The plaintiff is nearly 80 years old. Upon review of the medical records, it doesn't appear this case even satisfies the requirements of Category 6. A June 3, 2019, CT scan states: **"There is no evidence of filter migration, perforation, fracture, or bending."** The outcome of this case will have absolutely no bearing on anyone's settlement position and devoting anything further to this case as a bellwether selection wastes everyone's time and resources.

**David Raybuck (Category 6).** Mr. Raybuck had a filter placed in December 2008 and had a single failed retrieval attempt in July 2017. Unfortunately, Mr. Raybuck passed away on October 28, 2019, from causes completely unrelated to the filter. We are hard pressed to see how trying an estate's claim for a single retrieval attempt nine years after implantation will do anything to help move this MDL along. The only result of trying this case will be depletion of the Court's and the parties' resources.

**Julie Wilson (Category 5).** Ms. Wilson had a filter placed prophylactically before a total knee replacement in August 2013. The filter was successfully removed in December 2015. Trying a case where a retrievable filter was successfully retrieved would provide no benefit to the MDL.

**Kenneth Palmer (Category 6).** We've been told this case will be dismissed.

## Conclusion

Cook advocated for a random selection of cases and what we ended up with was six cases that will have no effect on this MDL should they be tried. The PSC

respectfully believes that everything done in the MDL at this point should—at a minimum—have the potential to move the MDL closer to conclusion. The trial of any of these six cases won't do that. To the extent any bellwether trial occurs, it should be chosen by the Court from a self-selected pool the parties provide so the Court can ensure any case picked provides a benefit to the MDL commensurate with the resources needed to try it.

Respectfully Submitted,

/s/ *Joseph N. Williams*
Joseph N. Williams (#25874-49)
WILLIAMS & PIATT, LLC
301 Massachusetts Avenue, Suite 300
Indianapolis, IN 46204
(317) 633-5270 / Fax: (317) 426-3348
joe@williamspiatt.com
*Liaison Counsel to Plaintiffs Steering Committee and on behalf of Plaintiffs Steering Committee*

/s/ *Michael W. Heaviside*
Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street, NW, Suite 800
Washington, DC 20006
(202) 223-1993
mheaviside@hrzlaw.com

/s/ *Ben C. Martin*
Ben C. Martin, Esq.
MARTIN BAUGHMAN, PLLC
3141 Hood Street, Suite 600
Dallas, TX 75219
(214) 761-6614 / Fax: (214) 744-7590
bmartin@martinbaughman.com

/s/ *David P. Matthews*
David P. Matthews, Esq.
MATTHEWS AND ASSOCIATES
2509 Sackett St.
Houston, TX  77098
(713) 522-5250 / Fax: (713) 535-7184
dmatthews@thematthewslawfirm.com
*Plaintiffs' Co-Lead Counsel*

## Certificate of Service

I hereby certify that on the 23rd day of August, 2021, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Joseph N. Williams*
Joseph N. Williams