**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to All Actions | |

### COOK'S MEMORANDUM REGARDING BELLWETHER TRIALS

**I.    INTRODUCTION**

This Court randomly selected 32 Category 5 and 6 cases for the bellwether discovery pool. Six cases from the bellwether pool have since been dismissed (or are in the process of being dismissed). Simultaneously, in recognition of the fact that its Category 6 cases do not include a cognizable injury, at least one law firm responsible for a bellwether discovery pool case (i.e., *Palmer* (Case No. 1:19-cv-3103)) dismissed it[1] along with 42 other similarly-situated Category 6 cases.[2] An additional seven discovery pool cases were also recategorized during the bellwether selection process because the alleged injuries did not fit Category 5 or 6.

Of the five remaining bellwether pool cases, *Wilson* (Category 5) and *Hastings* (Category 6) are the most representative cases and will provide the parties and the Court with the most useful information. *Cheatham* (Category 5), on the other hand, is the least representative and should be avoided as a bellwether trial.

---

[1] As a result of this dismissal, there are only five cases remaining in the bellwether pool.
[2] See the parties' Stipulation of Voluntary Dismissal Without Prejudice, (MDL Dkt. 19717), filed on August 20, 2021. The Court approved the Stipulation on August 23, 2021. See MDL Dkt. 19723.

## II. THE TULIP CASES SELECTED FOR BELLWETHER TRIALS MUST BE REPRESENTATIVE OF CATEGORIES 5 AND 6, AND PROVIDE USEFUL INFORMATION

Bellwether trials are intended "to provide meaningful information and experience to everyone involved in the litigation." Fallon, E.E., Grabill, J.T., and Wynne, R.P., Proceedings of the Tulane Law Review Symposium: The Problem of Multidistrict Litigation: Bellwether Trials in Multidistrict Litigation, 82 Tul. L. Rev. 2323, 2332 (June 2008) (hereinafter, "Bellwether Trials"). The goal of the bellwether trial process is to test the strengths and weaknesses of the theories that permeate representative cases in an MDL and to establish representative settlement values for categories of cases found throughout the MDL. *See* Bellwether Trials, at 2325. A case is attractive as a bellwether when "it involves facts, claims, or defenses that are similar to the facts, claims, and defenses presented in a wider group of related cases." Bellwether Trials, at 2332.

Here, consistent with the Court's prior emphasis on selecting representative cases,[3] the Court should select the most representative Category 5 and 6 Tulip case for the next two bellwether trials.

## III. BELLWETHER POOL CASES TO BE CONSIDERED BY THE COURT

Of the five remaining cases in the bellwether pool, *Wilson* is the most representative Category 5 case and *Hastings* is the most representative Category 6 case. Cook therefore urges the Court to select these two cases as the next two bellwether trials.

---

[3] *See* Order on Fifth Amended Case Management Plan, at 1 (MDL Dkt. 1341) ("The more representative the Bellwether cases, the more reliable the information obtained at trial will be."); *see also* Fifth Amended Case Management Order #27 (Amended Bellwether Plan), at 7 (MDL Dkt. 15887) ("[T]he Court will select two representative Tulip cases as the next two bellwether trials.") (emphasis added).

### A. Category 5 Failed and Complicated Retrieval Cases: *Wilson, Bowen, and Cheatham*

#### 1. *Wilson is the Most Representative Category 5 Case*

Mrs. Wilson's case (Case No. 1:17-cv-3050) is the most representative and informative Category 5 case in the bellwether pool. Mrs. Wilson is a 69-year-old woman from California who had her filter placed on August 13, 2013, in connection with a knee replacement surgery. Her filter was successfully retrieved on December 11, 2015, during a complicated retrieval procedure. Mrs. Wilson self-categorized her case as a Category 5 case, describing her alleged "injury" as a complicated retrieval due to a tilted and embedded filter. As far as Cook can tell from the medical records collected to-date, Mrs. Wilson has no unusual co-morbidities that would render her case unrepresentative. Mrs. Wilson appears to be retired, but continues to live in her private residence in California with her husband, Earl Wilson, III.

Mrs. Wilson's case is representative of Category 5 cases, which are intended to represent cases "where the plaintiff's filter was retrieved but required the use of a non-routine, complicated retrieval method." *See* Order on the Cook Defendants' Motion for Screening Order and Bellwether Selection Plan, at 2 (Oct. 2, 2018) (MDL Dkt. 9322). Cook maintains that simply undergoing a complex retrieval, in and of itself, is not a compensable injury. Indeed, Cook has moved the Court for judgment as a matter of law in similarly-situated matters. *See, e.g.*, Cook Defendants' Motion for Judgment on the Pleadings as to Certain No-Injury Plaintiffs (MDL Dkt. 13728). Unless and until the Court answers that important question as a matter of law (absent dismissal by the plaintiffs), bellwether juries must answer that question.

Here, Mrs. Wilson's case meets all of the criteria for a representative Category 5 bellwether trial. Her medical records describe her December 11, 2015 retrieval as "complex," noting that the filter could not be retrieved by "a simple snare," and required a more complicated technique before

3

her filter was ultimately retrieved. Further, Mrs. Wilson is close to the average age (i.e., 60) of all Tulip plaintiffs. At 69-years-old, she is only nine years older than the average of 60.[4]

Mrs. Wilson's case will also likely apply California law, which makes up a significant portion of the MDL: 7.9%.[5] The other remaining Category 5 cases in the bellwether pool, *Cheatham* and *Bowen*, will likely apply South Carolina (2.7%)[6] and Illinois law (3.7%),[7] each of which make up significantly smaller portions of the overall MDL.

Thus, for the foregoing reasons, Mrs. Wilson's case presents a perfect opportunity to test whether a complicated retrieval, on its own, is a compensable "injury." Cook therefore urges the Court to select *Wilson* as the most representative Category 5 case for trial as a bellwether.

### 2. *Bowen is Representative, but Less so than Wilson*

Although Ms. Bowen's case (Case No. 1:17-cv-2704) is also representative, because only an implied warranty claim remains, it is less representative than *Wilson*. Ms. Bowen is a 43-year-old woman who had her filter placed on January 15, 2014, at Rush University Medical Center in Illinois. Although her filter was subsequently retrieved at the same facility on March 20, 2014, it took two attempts before the filter was successfully removed. As a result, Ms. Bowen self-categorized her case as a Category 5 case involving a failed retrieval attempt.

Because Ms. Bowen waited until August 9, 2017—more than three-years after her filter had been retrieved—to file her lawsuit, this Court previously found that all of her claims—except for her implied warranty claim—are time-barred. *See* Entry on Defendants' Motion for Partial Judgment in Plaintiff's Case Pursuant to CMO-28 (July 13, 2021) (Dkt. 16). Because Ms. Bowen's

---

[4] Mr. Cheatham, for comparison, is 30 years younger than the average Tulip plaintiff.
[5] Cook is aware of 612 cases involving plaintiffs from California.
[6] Cook is aware of 217 cases involving South Carolina plaintiffs, the state law likely to be applied in *Cheatham*.
[7] Cook is aware of 287 cases involving plaintiffs from Illinois, the state law likely to be applied in *Bowen*.

case will not involve traditional strict liability and negligence product liability claims, it is in a different procedural posture than *Wilson*. However, any jury faced with Ms. Bowen's claim still will be charged with deciding the "fitness" of her Tulip filter in the presence of a complicated retrieval. As such, her claim is appropriate for bellwether trial.

### 3. *Cheatham is the Least Representative Category 5 Case*

Mr. Cheatham's case (Case No. 1:18-cv-452) is the least representative of the Category 5 cases. Mr. Cheatham is a 30-year-old man from the U.S. Virgin Islands who was implanted with a Tulip filter in South Carolina on September 30, 2014, following a severe motorcycle accident involving bilateral hip fractures and a traumatic head injury. Medical records suggest that Mr. Cheatham continues to suffer from anxiety, post-traumatic stress, and mild cognitive impairment in connection with his motorcycle accident.

Due to a failed retrieval attempt on March 20, 2015, Mr. Cheatham self-categorized his case as a Category 5 case, describing his alleged "injury" as a failed removal attempt due to a tilted and embedded filter. To-date, Mr. Cheatham has made no allegation that his filter has ever caused him any symptoms. Nevertheless, Mr. Cheatham is seeking lost wages in connection with his lawsuit. This has left Cook to wonder whether Mr. Cheatham intends to allege symptomatic injuries at trial, essentially transforming his case into a Category 7 case. If so, the case should be dismissed from the bellwether pool.

But even if Mr. Cheatham's case is truly a Category 5 case, it is not representative of the majority of the cases pending in this MDL for multiple reasons. First, Mr. Cheatham is decades younger than the average Tulip plaintiff. According to Cook's calculations,[8] the current average age of a Tulip plaintiff is 60-years-old. Mr. Cheatham, however, is only 30—just half the age of

---

[8] Counsel for Cook used the birthdate submitted by each Tulip plaintiff in the MDL to calculate the average, current age of a Tulip Plaintiff.

5

the average Tulip plaintiff. In the unlikely event that a jury finds that an asymptomatic embedded filter is a compensable "injury," Mr. Cheatham's young age would significantly skew any value attributed to his case, rendering it uninformative for the majority of Tulip cases.

Second, Mr. Cheatham resides in the Virgin Islands and may have resided there since 2019. As a consequence, many of the relevant witnesses will be located in the Virgin Islands—a place that is too remote and expensive to justify for a bellwether trial—particularly given that the Plaintiffs Steering Committee has repeatedly objected to the expense involved in trying Category 5 or 6 cases. To the extent that Mr. Cheatham has received any medical care in the last two years, his providers are likely to be located in the Virgin Islands, and their depositions necessarily will take place there. Mr. Cheatham also claims his ability to work was compromised and/or that he has physical limitations from his filter. Employers, friends, and neighbors with information relevant to those claims also will be located in the Virgin Islands. Cook is entitled to investigate the facts and circumstances surrounding Mr. Cheatham's recent medical care and activities, which will be costly and exceedingly difficult to complete in a cost-effective manner when the plaintiff is located outside the continental United States. For these practical and economic reasons, *Cheatham* is not representative and should not be selected for bellwether trial.

Finally, Mr. Cheatham's case will likely apply South Carolina law, which makes up a much smaller portion of the MDL than the other Category 5 cases in the bellwether pool. South Carolina cases make up only 2.7% of the MDL. As noted above, the state law likely to be applied in *Wilson* and *Bowen*, on the other hand, respectively make up 7.9% and 3.7% of the MDL.

Thus, for the foregoing reasons, Mr. Cheatham's case is the least representative and least informative Category 5 bellwether case, and it should not be picked as a bellwether trial case.

### B. Category 6 Non-Symptomatic Cases: *Hastings and Raybuck*

There are two remaining Category 6 cases: *Hastings* and *Raybuck*. Both of these cases meet the definition of a Category 6 case—"[c]ases where the Plaintiff alleges non-symptomatic filter movement, migration, penetration, perforation, thrombosis, occlusion or the presence of a clot in the filter that has not produced physical symptoms or complications"—and both are suitable for bellwether trial. *See* Order on the Cook Defendants' Motion for Screening Order and Bellwether Selection Plan, at 2 (Oct. 2, 2018) (MDL Dkt. 9322).

#### 1. *Hastings is the Most Representative Category 6 Case*

Mrs. Hastings's case (Case No. 1:17-cv-02899) is the most representative and informative Category 6 case in the bellwether pool. Mrs. Hastings is a 78-year-old woman from Massachusetts who was implanted with a Tulip filter at a medical facility in Rhode Island on January 26, 2004. Mrs. Hastings self-categorized her case as a Category 6 asymptomatic perforation case. Although Mrs. Hastings is retired, the records indicate that she ran her own excavating company until 2016 and that she continues to live in her private residence with her husband, Charles Hastings, who is also bringing a claim for loss of consortium.

Unlike in *Raybuck*, Mrs. Hastings is alive and can testify about what it has been like to live with her filter for the past 17 years. The informative value of this testimony would be immense, as it would provide a jury and the Court with a first-hand account of what it is like for a Category 6 plaintiff to live with an asymptomatic filter for an extended period of time. The fact that her husband is bringing a loss of consortium claim has the added benefit of potentially allowing the parties to test the value of such claims as well.

Thus, for the foregoing reasons, Cook urges the Court to select *Hastings* as the most representative Category 6 case.

### *2.   Raybuck is Less Representative*

Mr. Raybuck (Case No. 1:18-cv-02541) was from Wyoming and he received a Tulip filter on December 2, 2008.  On August 17, 2018, Mr. Raybuck brought his lawsuit against Cook.  Mr. Raybuck self-categorized his case as a Category 6, asymptomatic perforation case, but also noted that he had an embedded filter and a failed retrieval attempt that took place on July 20, 2017 (i.e., 3,152 days after the filter had been implanted).

Unfortunately, on October 28, 2019, Mr. Raybuck passed away for reasons unrelated to his filter.  *See* Notice of Suggestion of Death, at Exhibit A (Apr. 22, 2021) (Dkt. 9).  On April 29, 2021, Plaintiff's counsel filed a Motion to Substitute Party and for Leave to Amend Complaint (Dkt. 13), and on May 7, 2021, an Amended Short Form Complaint was filed substituting Mr. Raybuck's brother, Philip Raybuck in his capacity as an heir, as the Plaintiff.  *See* First Amended Short Form Complaint (May 7, 2021) (Dkt. 15).

Cook concedes that Mr. Raybuck's death makes this case less informative to the question of whether asymptomatic Category 6 cases have value.  However, because counsel for Mr. Raybuck and his alleged heir have refused to dismiss this case, it is eligible for bellwether trial selection.  Absent dismissal, the Plaintiff in *Raybuck* should be put to his proof.  Alternatively, should the Court enter judgment in Cook's favor on Cook's motion for judgment in the similarly-situated asymptomatic injury cases (MDL Dkt. 13728), Cook would seek application of that holding to *Raybuck*.

### IV.   <u>CONCLUSION</u>

Based on the foregoing, Cook urges the Court to select *Wilson* as the Category 5 bellwether trial and *Hastings* as the Category 6 bellwether trial, and grant it all other proper relief.

Respectfully submitted,

Dated: August 23, 2021

/s/*Andrea Roberts Pierson*
Andrea Roberts Pierson (# 18435-49)
Jessica Benson Cox (#26259-49)
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204-1750
Telephone:    (317) 237-0300
Facsimile:      (317) 237-1000
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett (# 22869-02)
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802-2322
Telephone:    (260) 424-8000
Facsimile:      (260) 460-1700
Stephen.Bennett@FaegreDrinker.com

*Counsel for the Defendants Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2021, a copy of the foregoing was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/*Andrea Roberts Pierson*