UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Case:

Keely Galloway, 1:21-cv-01174

## PLAINTIFF'S RESPONSE TO THE COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

On August 16, 2021, defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe APS (collectively "the Cook Defendants") moved for judgment on the pleadings dismissing Plaintiffs Keely and William Galloway's (collectively "Plaintiffs") complaint as barred by the Tennessee Statute of Repose. Dkt. # 19672. Because the statute of repose directly conflicts with the provisions of the Tennessee statute governing the timing of products liabilities actions, Plaintiff respectfully requests that the Court deny Defendants' motion.

The undersigned has addressed this issue to the Court in cases 1:18-cv-01278 (Tiffany James), 1:20-cv-03078 (Christopher Wilburn), and 1:20-cv-03148 (Lisa Feustal). Relying on what it termed "*Erie* Principles," this Court declined to reach the merits of the plaintiffs arguments in those three matters and granted the Cook Defendants judgment on the pleadings in all three cases. Dkt. #18470.

It is with the utmost respect that the plaintiff in this matter, Ms. Galloway, takes the position

that the Court improperly relied on *Erie* in order number 18470, because the relevant state statute, Tennessee Code § 28-3-104(b), not the decision of the intermediary Tennessee appellate court in *Wyatt v. A-Best Prods. Co.*, 924 S.W. 2d 98 (Tenn. Ct. App. 1995), is binding on this Court for *Erie* purposes.

As a general matter of federal procedure, "[i]f the relevant state law is established by a decision of the state's highest court, that decision is binding on the federal courts." *Animal Science Prods., Inc. v. Hebei Welcome Pharm. Co. Ltd.*, 138 S. Ct. 1865, 1874 (2018) (quotations omitted); *see also Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 822 (1938) ("[T]he law to be applied in any case is the law of the state. And whether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern. There is no federal general common law.")

Here, the law of Tennessee is clearly stated by the state legislature in the form of statute: in "products liability cases . . . (2) No person shall be deprived of the right to maintain a cause of action until one (1) year from the date of the injury; and (3) Under no circumstances shall the cause of action be barred before the person sustains an injury." Tenn. Code Ann. § 29-28-104(b)(2)-(3). This pronouncement of Tennessee state law is binding on this Court for *Erie* purposes, and the decision of the intermediate appellate court in *Wyatt* is not.

Ms. Galloway incorporates the arguments already presented to this court in Document 17 in case 1:18-cv-01278-RLY-TAB as if fully set forth herein. This Court has an obligation to analyze the conflict set forth therein, and should not defer to the intermediary appellate decision in *Wyatt* on *Erie* grounds. This Court respectfully should apply Tennessee Statute 28-3-104(b) and deny the Cook Defendants' motion for judgment on the pleadings because Ms. Galloway's products-liability action may not be barred before her injury, and she possesses an absolute right

to bring suit up to one year from the date of her injury.

          Respectfully Submitted,

          */s/ Steve Schulte*
          **Steve Schulte**
          Texas Bar No. 24051306
          schulte@fnlawfirm.com
          **FEARS NACHAWATI, PLLC**
          5473 Blair Road
          Dallas, Texas 75231
          Tel. (214) 890-0711
          Fax (214) 890-0712

          Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

  I hereby certify that on _____ a true and correct copy of *Plaintiffs' Response to Cook Defendants' Motion for Judgment on the Pleadings* was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF counsel of record.

Dated: _____

                Respectfully Submitted,

                */s/ Steve Schulte*
                **Steve Schulte**