UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Case:

Michael Lowrence, 1:21-cv-01616

## PLAINTIFF'S RESPONSE TO THE COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

On August 16, 2021, defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe APS (collectively "the Cook Defendants") moved for judgment on the pleadings dismissing Plaintiff Michael Lowrence's complaint as barred by the Texas statute of repose. Dkt. # 19671. Because the existence of a warranty regarding the expected life of a product is a distinct legal issue from a claim for breach of an express warranty, Defendants' motion for judgment on the pleadings should be denied.

The undersigned previously presented this same argument to this court in Document 10 in case 1:20-cv-02948-RLY-TAB (Lisa Sanchez-Hughes). The Court denied this argument on the basis that it had previously addressed the issue in Document 4918 (Emilie Apple). Dkt. # 18667 at p. 2. With the utmost respect, the arguments previously presented to this court by Lisa Sanchez-Hughes are distinct from those resolved by this Court in the *Apple* matter, and therefore warrant analysis by this Court.

In the *Apple* matter, this Court determined that Ms. Apple court not rely on the exception to the Texas statute of repose set forth in Tex. Code Ann. § 160.122(c) for products warranted to last longer than 15 years because she did not plead a claim for breach of express warranty and could not prove the reliance element of a claim for breach.  Dkt. # 4918 at p. 14.

Following this ruling, Ms. Sanchez-Hughes argued that reliance is not an element of a claim that the exception in section 160.122(c) applies, because all a plaintiff need show is that the defendant warranted in writing that the product has a useful safe life of longer than 15 years in order to fall within the plain ordinary meaning of the statutory exception and avoid operation of the Texas statute of repose.  Dkt. # 10 in case 1:20-cv-02948-RLY-TAB.

Mr. Lowrence sets forth the arguments advanced by Ms. Sanchez-Hughes in Document 10 as if fully set forth herein.  Because the issue as decided in the *Apple* case and those advanced by Ms. Sanchez-Hughes are not the same, res judicata does not apply and this Court respectfully should address the argument that the plain language of the exception is satisfied, rather than relying on its previous order without reaching the merits.

Because the Cook Defendants expressly warranted in writing that the Gunther Tulip Filter implanted in Mr. Lowrance[1] has a useful safe life of his lifetime, the exception to the Texas statute of repose set forth in section 16.012(c) applies, and Defendants' motion for judgment on the pleadings should be denied.

Respectfully Submitted,

*/s/ Steve Schulte*
**Steve Schulte**
Texas Bar No. 24051306
schulte@fnlawfirm.com
**FEARS NACHAWATI, PLLC**
5473 Blair Road

---

[1] Short Form Compl. ¶ 10, Case 1:21-cv-01616-RLY-TAB Dkt. # 1.

                          Dallas, Texas 75231
                          Tel. (214) 890-0711
                          Fax (214) 890-0712

Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2021 a true and correct copy of *Plaintiffs' Response to Cook Defendants' Omnibus Motion for Judgment on the Pleadings Based on Statute of Repose in Texas and Tennessee* was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF counsel of record.

Dated: August 25, 2021

Respectfully Submitted,

*/s/ Steve Schulte*
**Steve Schulte**
