UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Posey, Jared, 1:17-cv-01909

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT IN
<u>PLAINTIFF JARED POSEY'S CASE PURSUANT TO CMO-28</u>**

The Court should dismiss Plaintiff's cause of action in its entirety.  Plaintiff's undisputed knowledge in 2009 of the injury he now claims—a failed retrieval—negates his arguments in support of his tort claims based on the discovery rule and fraudulent concealment.[1]

**A.      Plaintiff's Claims Are Time-Barred Under Indiana Law**

   *1.      Indiana's Discovery Rule Does Not Save Plaintiff's Claims*

Under Indiana law, the discovery rule would not save Plaintiff's claims.  As this Court explained in *Heintzman*—which was decided under Indiana and Ohio law—Plaintiff Heintzman "had enough information *based on the failed retrieval procedure* to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391 (emphasis added).  Similarly, Plaintiff's failed retrieval procedure here provided sufficient information to start the limitations period as a matter of law.  *See Cooper Indus, LLC v. City of S. Bend*, 899 N.E.2d 1274, 1280 (Ind. 2009) ("For an action to accrue, it is not necessary that the full extent of the damage to be known or even ascertainable, but only that some ascertainable damage has occurred.").  Plaintiff has failed to explain why the Court should deviate from its decisions in *Heintzman* and other subsequent cases dismissed on similar grounds under Indiana law.  *See, e.g.*, Dkt. 19303; 18911; 18391.

   *2.      Plaintiff's Fraudulent Concealment Argument is Unavailing*

The fraudulent concealment allegations in Plaintiff's amended complaint do not save his claims under Indiana law, even assuming he had properly pled them.[2]  Plaintiff's failed retrieval

---

[1] Plaintiff's response does not deny that Cook is entitled to the dismissal of his non-tort-based claims.
[2] Plaintiff's new allegations of fraudulent concealment do not cure the pleading defects the Court identified in its February 22, 2021 order.  *See* Dkt. 15907.  Plaintiff does not allege that Cook knew of and affirmatively concealed *Plaintiff's* cause of action, as the Court required, and Plaintiff does not state the circumstances of the alleged fraud—that is, the who, what, when, where, and how—with the particularity required by Rule 9(b).  *See id.* at 6-9.  Instead, Plaintiff alleges only the same sorts of *pre*-filter-placement conduct set out in the Master Complaint.

1

attempt provided him with enough information about a potential cause of action *independent* of any alleged fraudulent concealment by Cook. *See* Dkt. 15907 (collecting cases and explaining that "fraudulent concealment requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action"); Dkt. 18391 (finding that Plaintiff Heintzman's fraudulent concealment allegations did not save his claims under Indiana and Ohio law because the failed retrieval procedure provided him sufficient information about a potential cause of action "regardless of Cook's purported concealment"). Here, Plaintiff does not dispute that he underwent a failed retrieval attempt more than eight years before filing his action; thus, fraudulent concealment could not save his claims.

**B.     Plaintiff's Claims Are Time-Barred Under Alabama Law**

      *1.     Alabama Does Not Recognize the Discovery Rule*

Alabama's statute of limitations for personal injury claims is two years, with no recognized discovery rule. Ala. Code § 6-2-38(l); *see, e.g.*, *Moon v. Harco Drugs, Inc.*, 435 So.2d 218, 220 (Ala. 1983). Here, Plaintiff's claims accrued at the time of his failed retrieval procedure in 2009, rendering his claims time-barred by six years.

      *2.     Plaintiff's Fraudulent Concealment Argument is Unavailing*

Plaintiff seeks to avoid dismissal by arguing that genuine issues of material fact exist as to whether the discovery of his cause of action was frustrated by Cook's alleged concealment, which he argues would toll the Alabama statute of limitations until the tort or injury is discovered or could have been discovered by due diligence. *See* Dkt. 19659, at 4-5; *Rutledge v. Freeman*, 914 So.2d 364, 370 (Ala. Civ. App. 2004) (citation omitted). But as under Indiana law, even if Plaintiff had properly pled his fraudulent concealment allegations, they would not save his case.

2

Plaintiff argues that *In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897 (E.D. La. 2007), supports denial of Cook's motion to dismiss. *See* Dkt. 19659, at 4-5. But *In re Vioxx* presented a materially different set of claims. *In re Vioxx* involved a prescription medication that the plaintiff claimed increased the risk of cardiovascular thrombotic events, such as heart attacks and strokes. 478 F. Supp. 2d. at 901. Although the plaintiff suffered two heart attacks, the causal connection between those cardiac events and the medication was not immediately apparent; after all, heart attacks have many possible causes. *See id.* at 908. Therefore, the court held that the defendants' alleged misrepresentations concerning the link between the medication and cardiovascular thrombotic events effectively concealed from the plaintiff the existence of a cause of action.

In contrast here, as in *Heintzman*, a failed retrieval procedure provides sufficient information about a potential cause of action, regardless of any alleged fraudulent concealment. *See* Dkt. 18391. Indeed, unlike the product at issue in *In re Vioxx*, the causal connection between the alleged injury (a failed filter retrieval) and the product at issue (the filter) is immediately and undeniably apparent. Plaintiff thus discovered or should have discovered with due diligence his alleged injury—and thus his cause of action—at the time of the failed filter retrieval. *See id.*; *see also Miller v. Mobile Cty. Bd. of Health*, 409 So.2d 420, 422 (Ala. 1981) (explaining that to toll the statute of limitations, a plaintiff must allege "any of the facts or circumstances . . . [that] concealed the cause of action or injury" and what prevented the plaintiff "from discovering facts surrounding the injury"). Plaintiff does not and cannot demonstrate that Cook prevented him from discovering the facts surrounding his alleged injury, so fraudulent concealment cannot toll the statute of limitations under Alabama law. The Court should dismiss Plaintiff's case with prejudice.

3

Respectfully submitted,

Dated:  August 26, 2021  /s/ Jessica Benson Cox
Jessica Benson Cox, Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF JARED POSEY'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

 */s/ Jessica Benson Cox*