UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Beach, Anthony, 1:16-cv-00403

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF ANTHONY BEACH'S CASE PURSUANT TO CMO-28**

The Court should dismiss Plaintiff's[1] action in its entirety.  Plaintiff's undisputed knowledge of a failed 2010 filter retrieval attempt necessarily renders his claims untimely.

### A.    This Court Held Categorization Medical Records Are Part of Plaintiff's Complaint.

Plaintiff's argument that Cook erred in relying on Plaintiff's categorization medical record is without merit.  *See* Pl.'s Resp., Dkt. 19660 at 2 (alleging Cook provided a "blank medical record" and stating "This evidentiary failure alone is a sufficient basis to deny the motion."); *see also id.* at 1-2 (discussing Fed. R. Civ. P. 12(d)).  First, Plaintiff's assertion that Cook did not provide a medical record in support of its motion is incorrect.  As noted in Cook's opening motion, Cook filed the medical records separately under seal, in accordance with CMO-29.  *See* Dkt. 19485 at 2 (stating the record was filed under seal); Exhibit A, Dkt. 19486 (sealed filing of medical record). With respect to Cook's reliance on that record, the Court has already ruled that the forms and medical records Plaintiffs submitted in support of categorization are part of the pleadings.  *See* Dkt. 18018 at 2 (granting judgment on the pleadings and stating that "Plaintiff's operative report is considered part of the pleadings" for purposes of the motion).

### B.    Indiana's Discovery Rule Does Not Save Plaintiff's Case.

Turning to the merits, Plaintiff's claims are time-barred under Indiana law because he did not commence this action until more than two years after his failed filter retrieval.  As this Court explained in *Heintzman*, such a Plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights."  Dkt. 18391.  This Court has granted similar motions in multiple other cases involving failed retrievals, including the *Bush* bellwether pool case and the

---

[1] Cook refers to Mr. Beach as "Plaintiff" due to the singular language used in the structure of the Short Form Complaint.  Plaintiff's spouse, Janet Beach, is a Co-Plaintiff on a loss-of-consortium claim, and this motion is in support of dismissal of her derivative claims as well.

1

*Donchez* case. *See* Dkt. 19303 at 3 (holding failed retrieval attempt provided enough "information that would put a reasonable person on notice to investigate whether a claim exists."); Dkt. 18911 at 3 (same holding). Here, as in *Heintzman*, *Bush*, and *Donchez*, the failed retrieval procedure provided sufficient information to start the limitations period as a matter of law.

Plaintiff tries to distinguish *Heintzman* and two cases that Cook cited in its motion by arguing that those cases involved "a clear signal that something was dreadfully wrong with the device," whereas here, "Defendants do not point to any clear injury—let alone one connected to their medical device—that would put Mr. Beach on notice of a potential claim . . . . " *See* Dkt. 19660, Pl.'s Resp., at 1-2. This argument is unavailing. The injury that Plaintiff claims is the inability to retrieve his filter; the failed attempt to retrieve his filter thus necessarily gave Plaintiff notice both of his claimed injury and of its connection to his filter. As in *Heintzman*, *Bush*, and *Donchez,* the failed retrieval attempt provided enough information to put Plaintiff on notice to investigate a claim. *See* Dkts 18391 (*Heintzman*), 19303 (*Bush*) and 18911 (*Donchez*); *see also* Exhibit A ("Unsuccessful removal of vena cava filter."). Plaintiff knew in 2010 that the attempt to remove the filter had failed, and his claims are therefore time-barred.

Finally, Plaintiff argues that "all [the medical record] shows is that the device could not be removed at a certain time, not that Mr. Beach suffered any cognizable injury." *See* Dkt. 19660, Pl.'s Resp. at 3 (noting that even if the "missing" record were supplied it would only show the unsuccessful retrieval, "not that Mr. Beach suffered any cognizable injury."). But this argument makes no sense. Plaintiff relied on the failed retrieval attempt record to satisfy the Court's categorization requirement. *See* Exhibit A; Pl.'s Case Categorization form attached as **Exhibit B** (filed separately under seal). Plaintiff therefore faces an insoluble dilemma: If Plaintiff's 2010 failed retrieval *was* an injury, his claims based on that "injury" are barred by the statute of

limitations.  *See Cooper Indus, LLC v. City of S. Bend*, 899 N.E.2d 1274, 1280 (Ind. 2009) ("For an action to accrue, it is not necessary that the full extent of the damage to be known or even ascertainable, but only that some ascertainable damage has occurred.").  But if his failed retrieval was ***not*** an injury, as he implies in his Response, Plaintiff has no compensable injury and, thus, no claim.  *Atl. Coast Airlines v. Cook*, 857 N.E.2d 989, 996 (Ind. 2006) (explaining that Indiana's "modified impact rule maintains the requirement of a direct physical impact" to pursue a personal injury action).  Either way, Plaintiff's claims fail.

    For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

Dated:  August 27, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF ANTHONY BEACH'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*