UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Bruce, Timothy J., 1:18-cv-01160

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF TIMOTHY BRUCE'S CASE PURSUANT TO CMO-28**

The Court should dismiss Plaintiff's[1] action in its entirety. Plaintiff's undisputed knowledge of a failed 2005 filter retrieval attempt necessarily renders his claims untimely.

## A. This Court Held Categorization Medical Records Are Part of Plaintiff's Complaint.

Plaintiff's argument that Cook's motion should be treated as a motion for summary judgement due to its inclusion of medical records attached to Plaintiff's categorization form is without merit. *See* Pl.'s Resp., Dkt. 19661 at 3 (discussing Fed. R. Civ. P. 12(d), which holds that if matters outside the pleadings are presented, the motion must be treated as one for summary judgment, and alleging that the only "evidence" Cook shows is that the device could not be removed at a certain time"). The Court has already ruled that the forms and medical records Plaintiffs submit in support of categorization are part of the pleadings. *See* Dkt. 18018 at 2 (granting judgment on the pleadings and stating that "Plaintiff's operative report is considered part of the pleadings" for purposes of the motion). Thus, this Court may properly consider Cook's motion as one for judgment on the pleadings per Fed. R. Civ. P. 12(c).

## B. Neither Ohio nor Indiana's Discovery Rule Saves Plaintiff's Case.

Turning to the merits, Plaintiff's claims are time-barred under both Ohio and Indiana law because he did not commence this action until more than two years after his failed filter retrieval. As this Court explained in *Heintzman*, the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391 (applying both Ohio and Indiana law). Plaintiff Bruce here is likewise pursuing a failed retrieval claim, and the failed retrieval procedure

---

[1] Cook refers to Mr. Bruce as "Plaintiff" due to the singular language used in the structure of the Short Form Complaint. Plaintiff's spouse, Julie Bruce, is a Co-Plaintiff on a loss-of-consortium claim, and this motion is in support of dismissal of her derivative claims as well.

1

likewise provided sufficient information to start the limitations period as a matter of law for the same reasons the Court articulated in *Heintzman*.

Plaintiff tries to distinguish *Heintzman* and two cases that Cook cited in its motion by arguing that those cases involved "a clear signal that something was dreadfully wrong with the device," whereas here, "Defendants do not point to any clear injury—let alone one connected to their medical device—that would put Mr. Bruce on notice of a potential claim . . . . " *See* Dkt. 19661, Pl.'s Resp., at 2. This argument is unavailing. The sole injury that Plaintiff claims is the inability to retrieve his filter; the failed attempt to retrieve his filter thus necessarily gave Plaintiff notice both of his claimed injury and of its connection to his filter. *See* Pl.'s Case Categorization Form attached as **Exhibit B** (filed separately under seal and describing the injury as "One failed retrieval attempt"). As in *Heintzman*, the failed retrieval attempt provided enough information to put Plaintiff on notice to investigate a claim. *See* Dkts. 18391 (*Heintzman*); *see also* Dkt. 18018 (granting judgment on the pleadings in *Snider* open removal case under Ohio law based on claim accruing at time of removal procedure); Exhibit A, Dkt. 19489 (sealed medical record stating "Unsuccessful attempt at filter removal secondary to the hook of the filter being scarred to the wall of the vena cava."). Plaintiff knew in 2005 that the attempt to remove the filter had failed, and his claims are therefore time-barred.

Finally, Plaintiff argues that that "all [the medical record] shows is that "the removal procedure was unsuccessful, not that Mr. Bruce suffered any adverse affects [*sic*] which would alert him to a potential claim against Defendants" and that "[n]o mention is made … that Mr. Bruce suffered any injury whatsoever in connection with the filter." *See* Dkt. 19661, Pl.'s Resp. at 2-3. But this argument makes no sense. Plaintiff relied on the failed retrieval attempt record to satisfy the Court's categorization requirement. *See* Exhibit A (sealed medical record); Exhibit B

2

(categorizing case as Category 5 and describing the injury as "One failed retrieval attempt"). Plaintiff therefore faces an insoluble dilemma: If Plaintiff's 2005 failed retrieval *was* an injury, his claims based on that "injury" are barred by the statute of limitations. *See* Ohio Rev. Code § 2305.10(A) (holding that a product liability or personal injury action must be brought within two years); *see also Carter v. Medtronic, Inc.*, 2020 WL 2319729, at *4 (S.D. Ohio May 11, 2020) (holding that plaintiff did not need to be told the product was "defective" for the clock to start running); *Habibi v. University of Toledo*, 2020 WL 1033569, at *4 (Ohio Ct. App. Mar. 3, 2020) (holding that for an action to accrue, "[i]t is unnecessary for a plaintiff to be aware of the full extent of the damages before there is a cognizable event."). But if his failed retrieval was *not* an injury, as he implies in his Response, Plaintiff has no compensable injury and, thus, no claim. *See* Ohio Rev. Code Ann. § 2305.10(A) (stating the limitations period for "bodily injury" claims); *Lavelle v. Owens-Corning Fiberglas Corp.*, 507 N.E.2d 476, 479 (Ohio Ct. App. 1987) (holding that injury complained of must be "shown with certainty, and not be left to speculation or conjecture…"). Either way, Plaintiff's claims fail.

       For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

Dated:  August 27, 2021
/s/ *Jessica Benson Cox*
Jessica Benson Cox, Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF TIMOTHY BRUCE'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*