UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND     Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION     MDL No. 2570

---

This Document Relates Only to the Following Cases:

Payne, Charles, 1:20-cv-00916

---

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF CHARLES PAYNE'S CASE PURSUANT TO CMO-28**

The Court should dismiss Plaintiff's[1] action in its entirety. Plaintiff's undisputed knowledge of a failed 2013 filter retrieval attempt necessarily renders his claims untimely.

### A.  This Court Held Categorization Medical Records Are Part of Plaintiff's Complaint.

Plaintiff's argument that Cook erred in relying on Plaintiff's categorization medical record is without merit. *See* Pl.'s Resp., Dkt. 19663 at 2 (alleging Cook provided a "partial medical record" and stating "This evidentiary failure alone is a sufficient basis to deny the motion."); *see also id.* at 1-2 (discussing Fed. R. Civ. P. 12(d)). First, Plaintiff's assertion that Cook provided only a partial medical record is a *non sequitur*. Plaintiff does not (and cannot) dispute that the record Cook filed under seal demonstrates that he underwent a failed retrieval attempt on February 8, 2013. *See* Exhibit A, Dkt. 19502 (sealed medical record). That Cook did not attach other records is irrelevant, because the record that Cook provided establishes these facts and dates, and Plaintiff does not dispute them. With respect to Cook's reliance on that record, the Court has already ruled that the forms and medical records Plaintiffs submitted in support of categorization are part of the pleadings. *See* Dkt. 18018 at 2 (granting judgment on the pleadings and stating that "Plaintiff's operative report is considered part of the pleadings" for purposes of the motion).

### B.  Indiana's Discovery Rule Does Not Save Plaintiff's Case.

Turning to the merits, Plaintiff's claims are time-barred under Indiana law because he did not commence this action until more than two years after his failed filter retrieval. As this Court explained in *Heintzman*, such a Plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391. This Court has granted similar motions in

---

[1] Cook refers to Mr. Payne as "Plaintiff" due to the singular language used in the structure of the Short Form Complaint. Plaintiff's spouse, Sandee Payne, is a Co-Plaintiff on a loss-of-consortium claim, and this motion is in support of dismissal of her derivative claims as well.

1

multiple other cases involving failed retrievals, including the *Bush* bellwether pool case and the *Donchez* case. *See* Dkt. 19303 at 3 (holding failed retrieval attempt provided enough "information that would put a reasonable person on notice to investigate whether a claim exists."); Dkt. 18911 at 3 (same holding). Here, as in *Heintzman*, *Bush*, and *Donchez*, the failed retrieval procedure provided sufficient information to start the limitations period as a matter of law.

Plaintiff tries to distinguish *Heintzman* and two cases that Cook cited in its motion by arguing that those cases involved "a clear signal that something was dreadfully wrong with the device" whereas here, "Defendants do not point to any clear injury—let alone one connected to their medical device—that would put Mr. Payne on notice of a potential claim . . . . " *See* Dkt. 19663, Pl.'s Resp., at 3. This argument is unavailing. The sole injury that Plaintiff claims is the inability to retrieve his filter; the failed attempt to retrieve his filter thus necessarily gave Plaintiff notice both of his claimed injury and of its connection to his filter. *See* Dkt. 19502 (Plaintiff selecting Category 5 in his categorization form and summarizing the claim as "Unsuccessful removal, unable to be removed because there is an embedded filter tip."). As in *Heintzman*, *Bush*, and *Donchez,* the failed retrieval attempt provided enough information to put Plaintiff on notice to investigate a claim. *See* Dkts 18391 (*Heintzman*), 19303 (*Bush*) and 18911 (*Donchez*); *see also* Exhibit A ("ATTEMPTED INFERIOR VENA CAVA FILTER RETRIEVAL." (capitals in original)). Plaintiff knew in 2013 that the attempt to remove the filter had failed, and his claims are therefore time-barred.

Finally, Plaintiff argues that "No mention [in the record] is made of any fracturing … or that Mr. Payne suffered any injury whatsoever in connection with the filter." *See* Dkt. 19663, Pl.'s Resp. at 3. But this argument makes no sense. Plaintiff relied on the failed retrieval attempt record to satisfy the Court's categorization requirement. *See* Exhibit A; Pl.'s Case Categorization form

attached as **Exhibit B** (filed separately under seal and describing the injury as "Unsuccessful removal, unable to be removed because there is an embedded filter tip").  Plaintiff therefore faces an insoluble dilemma: If Plaintiff's 2013 failed retrieval *was* an injury, his claims based on that "injury" are barred by the statute of limitations.  *See Cooper Indus, LLC v. City of S. Bend*, 899 N.E.2d 1274, 1280 (Ind. 2009) ("For an action to accrue, it is not necessary that the full extent of the damage to be known or even ascertainable, but only that some ascertainable damage has occurred.").  But if his failed retrieval was *not* an injury, as he asserts in his Response, Plaintiff has no compensable injury and, thus, no claim.  *Atl. Coast Airlines v. Cook*, 857 N.E.2d 989, 996 (Ind. 2006) (explaining that Indiana's "modified impact rule maintains the requirement of a direct physical impact" to pursue a personal injury action).  Either way, Plaintiff's claims fail.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

Dated:  August 27, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF CHARLES PAYNE'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*