UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

---

This Document Relates Only to the Following Cases:

Mattson, Jerome, 1:17-cv-00356

---

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF JEROME MATTSON'S CASE PURSUANT TO CMO-28**

The Court should dismiss Plaintiff's cause of action in its entirety. Plaintiff's undisputed knowledge in 2010 of the injury he now claims—a failed retrieval—negates his arguments in support of his tort claims based on the discovery rule and fraudulent concealment.[1]

A.  **Indiana's Discovery Rule Does Not Save Plaintiff's Case**

Although Plaintiff cites to Wisconsin's discovery rule as saving his case, there is no dispute that Indiana law applies to and bars Plaintiff's claims.[2] As this Court explained in *Heintzman*, which was decided under Indiana and Ohio law, the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391; *see also* Dkt. 19303; Dkt. 18911. Here, as in *Heintzman* and the other orders decided on similar grounds, the failed retrieval procedure provided sufficient information to start the limitations period as a matter of law, and Plaintiff has failed to explain why the Court should deviate from its prior decisions.

Plaintiff's reliance on *Nelson v. Sandoz Pharm. Corp.*, 288 F.3d 954 (7th Cir. 2002), is

---

[1] Plaintiff's response does not deny that Cook is entitled to the dismissal of his non-tort-based claims.
[2] Plaintiff filed his case in the MDL outside of the Court's equitable period, meaning Indiana's choice-of-law rules and, thus, Indiana's statute of limitations apply. *See* Dkt. 13539. Even assuming Wisconsin law applied, however, Plaintiff's claims would still be time-barred. Under Wisconsin law, a cause of action accrues when the plaintiff discovers—or with due diligence should have discovered—the fact of injury and its probable connection to the defendant's conduct or product. *Borello v. U.S. Oil Co.*, 388 N.W.2d 140, 146 (Wis. 1986). Here, where the claimed injury is a failed filter retrieval, the retrieval procedure itself necessarily provided Plaintiff with sufficient information to determine both the alleged injury and its probable link to the filter. *See* Dkt. 18391.

Plaintiff's reliance on *Karnes v. C.R. Bard, Inc.*, 2019 WL 1639807 (W.D. Wis. April 16, 2019), and *In re Smith & Nephew Birmingham Hip Resurfacing (BHR) Hip Implant Products Liab. Litig.*, 1:17-MD-2775, 2018 WL 6067505 (D. Md. Nov. 19, 2018), is misplaced because the injuries claimed in those cases were ***not*** the attempted removals of the devices at issue. Those cases focused on ***other*** medical complications. *See Karnes*, 2019 WL 1639807 at *4 ("[T]here is no indication on this record that plaintiffs had *any* objective reason to suspect defendant's [product] was a culprit for her post-implantation complications . . . ."); *In re Smith & Nephew*, 2018 WL 6067505 at *3 ("A medical complication therefore does not rise to 'knowledge of an injury' for the purposes of the discovery rule, because it may not in fact be a legally cognizable injury."). As noted above and explained by this Court in *Heintzman*, the injury claimed here is not a complication that might have a cause unrelated to the failed retrieval; the injury claimed is ***the failed retrieval itself***. *See* Dkt. 18391.

- 1 -

misplaced. In *Nelson,* the plaintiff's doctor told her the defendant's drug did *not* cause her stroke, and the court held the statute did not commence until a doctor told her of a "reasonable possibility, if not a probability," the drug had caused the stroke. *Id.* at 966. But here, Plaintiff undisputedly knew as of the date of the failed retrieval attempt that the filter was a potential factor in that attempt.

Plaintiff also contends that, although he knew in 2010 that he had a filter that could not be retrieved, a fact question remains concerning when Plaintiff discovered his injury. *See* Dkt. 19679, at 2. But this argument makes no sense. The failed retrieval is **the exact injury** Plaintiff claims he suffered. *See* Dkt. 19499 (categorization medical records filed under seal). Plaintiff therefore faces an insoluble dilemma: If Plaintiff's 2010 failed retrieval *was* an injury, as his pleadings assert, his claims based on that "injury" are barred by the statute of limitations. *See Cooper Indus, LLC v. City of S. Bend*, 899 N.E.2d 1274, 1280 (Ind. 2009). But if his failed retrieval was *not* an injury, as he arguably implies in his response, Plaintiff has no compensable injury and, thus, no claim. *See Atl. Coast Airlines v. Cook*, 857 N.E.2d 989, 996 (Ind. 2006).

**B.    Plaintiff's Fraudulent Concealment Argument is Unavailing**

Given the undisputed facts set out above, the fraudulent concealment allegations in Plaintiff's amended complaint do not save his case, even assuming he properly pled them.[3] *See* Dkt. 17123. The failed retrieval attempt provided enough information to Plaintiff regarding the potential existence of a cause of action *independent* of any alleged fraudulent concealment on Cook's part. *See* Dkt. 15907 (explaining that "fraudulent concealment requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the

---

[3] Plaintiff's new allegations of fraudulent concealment do not cure the pleading defects the Court identified in its February 22, 2021 order. *See* Dkt. 15907. Plaintiff does not allege that Cook knew of and affirmatively concealed *Plaintiff's* cause of action, as the Court required, and Plaintiff does not state the circumstances of the alleged fraud—that is, the who, what, when, where, and how—with the particularity required by Rule 9(b). *See id.* at 6-9. Instead, Plaintiffs allege only the same sorts of *pre*-filter-placement conduct set out in the Master Complaint.

plaintiff's cause of action"). Indeed, the Court reached this very conclusion in *Heintzman* when it found that the plaintiff's fraudulent concealment allegations did not save his claims under Indiana and Ohio law.[4] *See* Dkt. 18391. Fraudulent concealment cannot save Plaintiff's action.

Respectfully submitted,

Dated: August 31, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

---

[4] The result would not change if Wisconsin law applied. *See Loertscher v. Uniroyal Goodrich Tire Co.*, 570 N.W.2d 63, at *3 (Wis. Ct. App. 1997) (table).

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF JEROME MATTSON'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Jessica Benson Cox*