UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Lowrance, Michael, 1:21-cv-01616

### DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT IN PLAINTIFF MICHAEL LOWRANCE'S CASE PURSUANT TO CMO-28

Plaintiff acknowledges that under prior orders of this Court, his claims are barred. Dkt. 19747, at 1. Indeed, Plaintiff acknowledges that the Court has rejected the *exact* argument he offers in his Response. *Id.* at 1-2 ("Mr. Lowrence [sic] sets forth the arguments advanced by Ms. Sanchez-Hughes in Document 10 as if fully set forth herein."); *see also* Dkt. 18667 (rejecting the argument Plaintiff incorporates into his response). Nevertheless, Plaintiff asks the Court to reconsider this argument because the Court did not "address the argument that the plain language of the [express-warranty] exception [to the Texas statute of repose] is satisfied," instead "relying on its previous order without reaching the merits." Dkt. 19747, at 2. The Court should reject Plaintiff's attempt to relitigate this issue and should dismiss the entirety of Plaintiff's case with prejudice, consistent with its prior orders concerning the Texas statute of repose. *See* Dkt. 18667; Dkt. 4918; *see also* Dkt. 14426.

To the extent any further reply is needed to Plaintiff's arguments, Cook incorporates by reference its discussion of Texas law in its prior reply brief addressing the issue. *See* Dkt. 16177 (*Sanchez-Hughes* Reply). In short, Plaintiff's statutory-interpretation argument is meritless

1

because "express warranty" is a legal term-of-art that has a precisely defined, statutory meaning under Texas law. *See* Tex. Bus. & Com. Code § 2.313. It is thus this established statutory definition that applies to the statute of repose, not the alternative "common" meaning Plaintiff proffers. *See* Tex. Gov't Code § 311.011; *see also Roberts v. Sea-Land Servs., Inc.*, 566 U.S. 93, 101 (2012). And under Texas law, the statutory meaning of "express warranty" encompasses a reliance requirement. *See PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd.*, 140 S.W.3d 79, 99 (Tex. 2004). Because Plaintiff has neither pled nor provided evidence that he read and relied on the Tulip Patient Guide before receiving his filter,[1] Plaintiff cannot prove reliance and his claims should be dismissed, consistent with this Court's prior orders holding the same. *See* Dkt. 4918 (dismissing the *Apple* case as time-barred by the Texas statute of repose because the plaintiff "fail[ed] to establish the reliance element because she d[id] not claim that she actually read or relied on the Patient Guide's language"); *see also* Dkt. 18667; Dkt. 14426.

For the foregoing reasons and the reasons set forth in Cook's opening brief and the related reply brief, the Court should dismiss Plaintiff's case with prejudice.

---

[1] Cook respectfully submits that no fair reading of the Tulip Patient Guide could create a reasonable inference that Cook "expressly warrant[ed] in writing that the product has a useful safe life of longer than 15 years." *See* Dkt. 17593-1, at 6; Tex. Code. Ann. § 16.012(c). Indeed, when read in its entirety, the Guide makes clear that risks, although rare, do exist and that a patient wishing to remove the filter may have a limited time to do so.

                                        Respectfully submitted,

Dated: September 7, 2021                   */s/ Jessica Benson Cox*
                                                         Jessica Benson Cox, Counsel
                                                         Andrea Roberts Pierson
                                                         FAEGRE DRINKER BIDDLE & REATH LLP
                                                         300 North Meridian Street, Suite 2500
                                                         Indianapolis, Indiana 46204
                                                         Telephone: (317) 237-0300
                                                         Andrea.Pierson@FaegreDrinker.com
                                                         Jessica.Cox@FaegreDrinker.com

                                                         James Stephen Bennett, Counsel
                                                         FAEGRE DRINKER BIDDLE & REATH LLP
                                                         110 West Berry Street, Suite 2400
                                                         Fort Wayne, Indiana 46802
                                                         Telephone: (260) 424-8000
                                                         Stephen.Bennett@FaegreDrinker.com

                                                         *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF MICHAEL LOWRANCE'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                                                                      */s/ Jessica Benson Cox*