UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION            MDL No. 2570

This Document Relates Only to the Following Cases:

Harris, Paula A., 1:17-cv-01717

**DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF PAULA A. HARRIS' CASE PURSUANT TO CMO-28**

Under Fed. R. Civ. P. 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges as her injury the inability to retrieve her IVC filter.

1. Plaintiff's Name: Paula A. Harris

2. Case Number: 1:14-cv-01717

3. Case Origin: Filed in the Southern District of Indiana on May 24, 2017

4. Plaintiff's Home State per Complaint: Ohio (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. Applicable Choice of Law Rules: Indiana, *see* Dkt. 13539 (finding Indiana choice-of-law rules apply to all claims in the MDL originally filed in the Southern District of Indiana, except those filed between May 31, 2017 and June 13, 2019).

6. Applicable Statute of Limitations: Indiana (2 years), Ind. Code 34-20-3-1(b)(1) ("[A] product liability action must be commenced: (1) within two (2) years after the cause of action accrues").

7. Filter Placement Date: December 27, 2011

8. Latest Possible Date of Accrual: March 16, 2012 (*see* Case Categorization Form and accompanying medical records, attached as **Exhibit A** and filed under seal

noting: "I was unable to remove the filter as the hook was scarred in.").[1]

9.  Length of Time Between Claim Accrual and Filing:  5 years, 2 months, 8 days

**BRIEF ARGUMENT**

Indiana law bars Plaintiff's personal injury claims because she did not file her case until more than two years after an unsuccessful attempt to remove her filter.[2]  *See supra*, ¶¶ 3, 8-9.  Indiana's discovery rule "looks only to when a plaintiff knew that he or she suffered an ascertainable injury, and knew or should have discovered that the injury was caused by the product or act of another."  *Valmore v. Janssen Pharm. Prods., LP*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005).  A plaintiff only needs to know—or reasonably should know—that a product is a potential cause of the injury to trigger the statute of limitations, not that the product is the ultimate legal cause of the injury.  *See id.* at *2 ("A plaintiff . . . need not know with certainty that a particular product caused her injury to trigger the running of the statutory time period.").  This Court dismissed the *Heintzman* case under Indiana law where the plaintiff underwent a failed retrieval attempt more than two years before commencing the action, finding that the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights."  Dkt. 18391 (citing *In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 358 (S.D.N.Y. 2014)); *see also* Dkt. 19303 (dismissing Plaintiff Bush's product liability claims as time-barred under Indiana law where she commenced her action more than two years after a failed filter retrieval).  Here, as in

---

[1] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion.  *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").

[2] Plaintiff's claims are also barred under the two-year statute of limitations in Ohio, Plaintiff's home state.  *See* Dkt. 18391 (granting judgment on the pleadings under Indiana and Ohio law); *see also Carter v. Medtronic, Inc.*, 2020 WL 2319729, at *4 (S.D. Ohio May 11, 2020) (holding that "the discovery rule generally applies in cases of latent injury and not in cases of possible latent defects").  A failed retrieval attempt is not a latent injury.

these cases, the failed retrieval procedure provided sufficient information to start the limitations period as a matter of law.

Plaintiff's implied warranty claim fails on the same ground.  Indiana law subjects warranty claims to the respective two-year statute of limitations discussed above.[3]  *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).

Plaintiff's consumer protection and express warranty claims fail as well.  The Court has concluded these claims are not adequately pled in the Master Complaint.  *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty).  Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims. Thus, Plaintiff has failed to plead a viable state consumer protection claim or a viable express warranty claim.  Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

[3] Under Ohio law, warranty claims in cases involving personal injury are subject to the product liability statute of limitations discussed in note 2 above.  *See, e.g.*, *Caterpillar Fin. Servs. Corp. v. Tatman*, 137 N.E.3d 512, 524 (Ohio Ct. App. 2019) (citation omitted) (holding that plaintiffs' "claims for breach of implied warranty in tort and negligence are governed by the two-year statute of limitations in R.C. 2305.10.").

                                              Respectfully submitted,

Dated:  September 23, 2021          /s/ *Jessica Benson Cox*
                                              Jessica Benson Cox
                                              Andrea Roberts Pierson
                                              FAEGRE DRINKER BIDDLE & REATH LLP
                                              300 North Meridian Street, Suite 2500
                                              Indianapolis, Indiana  46204
                                              Telephone:  (317) 237-0300
                                              Andrea.Pierson@FaegreDrinker.com
                                              Jessica.Cox@FaegreDrinker.com

                                              James Stephen Bennett
                                              FAEGRE DRINKER BIDDLE & REATH LLP
                                              110 West Berry Street, Suite 2400
                                              Fort Wayne, Indiana  46802
                                              Telephone:  (260) 424-8000
                                              Stephen.Bennett@FaegreDrinker.com

                                              *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2021, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF PAULA A. HARRIS' CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

                                              /s/ *Jessica Benson Cox*