UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS   LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Foster, William, 1:18-cv-01040

# DEFENDANTS' MOTION FOR JUDGMENT IN
# PLAINTIFF WILLIAM FOSTER'S CASE PURSUANT TO CMO-28

Under Fed. R. Civ. P. 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges as his injury the inability to retrieve his IVC filter.

1. Plaintiff's Name:  William Foster

2. Case Number:  1:18-cv-01040

3. Case Origin:  Filed in the Southern District of Indiana on April 4, 2018

4. Plaintiff's Home State per Complaint: Pennsylvania (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. Applicable Choice of Law Rules:  Pennsylvania, *see* Dkt. 13539 (modifying equitable time period for application of home state choice-of-law rules to cases filed between May 31, 2017 and June 13, 2019).

6. Applicable Statute of Limitations:  Pennsylvania (2 years), 42 Pa. Cons. Stat. § 5524 ("[An action to recover injuries to the person] must be commenced within two years.").

7. Filter Placement Date:  September 3, 2014

8. Latest Possible Date of Accrual:  October 20, 2014 (*see* Case Categorization Form and accompanying medical records, attached as **Exhibit A** and filed under seal

noting: "Unsuccessful retrieval of . . . the indwelling IVC filter despite multiple techniques and devices.").[1]

9.  <u>Length of Time Between Claim Accrual and Filing</u>:  3 years, 5 months, 15 days

**BRIEF ARGUMENT**

Pennsylvania law bars Plaintiff's claims because he did not file his case until more than two years after an unsuccessful attempt to retrieve his filter.[2]  *See supra*, ¶¶ 3, 8-9.  Under Pennsylvania law, a cause of action accrues when a plaintiff learns that he or she suffered an injury and that the injury shared some causal connection to the medical device at issue.  *Kennedy v. Ethicon, Inc.*, 2020 WL 4050459, at *15 (E.D. Pa. July 20, 2020).  A plaintiff need not have "notice of the full extent of the injury, the fact of actual negligence, or precise cause."  *Nicolaou v. Martin*, 195 A.3d 880, 893 (Pa. 2018).  This Court dismissed the *Lehotsky* case under Pennsylvania law because the plaintiff underwent a failed retrieval attempt more than two years before commencing the action, holding that the plaintiff's claims accrued at the time of the retrieval attempt. Dkt. 19408 at 3-4. Here, as in *Lehotsky*, the failed retrieval procedure provided sufficient information to start the limitations period as a matter of law.

Plaintiff's implied warranty claim also fails. Pennsylvania law bars implied warranty claims in medical device cases.  *Soufflas v. Zimmer, Inc.*, 474 F. Supp. 2d 737, 752 (E.D. Pa. 2007).

Plaintiff's consumer protection and express warranty claims fail as well.  The Court has concluded these claims are not adequately pled in the Master Complaint.  *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged

---

[1] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion.  *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").
[2] Plaintiff's personal injury claim and implied warranty claim would also be barred under the two-year statute of limitations in Indiana, the state in which Plaintiff filed his action.  *See* Ind. Code 34-11-2-4; *see also* Dkt. 18391 (*Heintzman* order).

misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims. Thus, Plaintiff has failed to plead a viable state consumer protection claim or a viable express warranty claim. Plaintiff's claim for punitive damages fails as derivative.

      For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

Dated:  September 23, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

### CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2021, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF WILLIAM FOSTER'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*