UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Amey, Carleton - 1:19-cv-00119

**DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF CARLETON AMEY'S CASE PURSUANT TO CMO-28**

Under Federal Rule of Civil Procedure 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment on the pleadings in Plaintiff's case as time barred under the North Carolina statute of repose.

1. <u>Plaintiff's Name</u>: Amey, Carleton

2. <u>Case Number</u>: 1:19-cv-00119

3. <u>Case Origin</u>: Filed in Southern District of Indiana on January 11, 2019

4. <u>Plaintiff's Home State per Complaint</u>: North Carolina (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. <u>Applicable Choice of Law Rules</u>: North Carolina, *see* Dkt. 13539 (modifying equitable time period for application of home state choice-of-law rules to cases filed between May 31, 2017 and June 13, 2019).

6. <u>Applicable Statutes of Repose</u>: North Carolina, N.C. Gen Stat. § 1-50(a) ("No action for the recovery of damages for personal injury, death, or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of the initial purchase for use or consumption.") (repealed prospectively only).

7. <u>Filter Placement Date (latest possible date of purchase)</u>: July 7, 2009 (*see* Plaintiff's Short Form Complaint, ¶ 11)

8. <u>Length of Time Between Purchase and Filing</u>: 9 years, 6 months, 4 days

**BRIEF ARGUMENT**

Plaintiff's claims are time-barred under North Carolina's pre-2009 six-year statute of repose for product liability actions.[1] *See* N.C. Gen Stat. § 1-50(a) (2008). Although the legislature extended the repose period to 12 years effective October 1, 2009, *see* N.C. Gen. Stat §

---

[1] North Carolina's statute of repose completely bars all claims alleging personal injury from a product no matter how the claim is styled or pled. *See Nat'l Prop. Inv'rs, VIII v. Shell Oil Co.*, 950 F. Supp. 710, 713 (E.D.N.C. 1996) ("All product liability claims, regardless of their nature, are subject to this statute."); *see also* Dkt. 15084 (granting judgment on the pleadings on North Carolina and Texas statute of repose grounds). Put simply, a statute of repose containing "'no action language' bars 'all claims. . . .'" *Braswell v. Colonial Pipeline Co.*, 395 F. Supp.3d 641, 648 (M.D.N.C. 2019) (quoting *Hodge v. Harkey*, 631 S.E.2d 445, 449 (N.C. 1999)).

1

1-46-1 (2010) (identical statutory text, with repose period extended to 12 years), the new 12-year repose period "applies to causes of action that accrue on or after" October 1, 2009. *Robinson v. Bridgestone/Firestone N. Am. Tire, L.L.C.*, 703 S.E.2d 883, 886-87 (N.C. 2011).  Here, because Plaintiff received his filter in July 2009--before the October 1, 2009, effective date of the amendment extending the repose period--the ***pre***-2009 six-year statute of repose applies to his claims.  *See Robinson*, 703 S.E.2d at 886-87 (holding that amended statute of repose does not apply retroactively); *see also* Dkt. 15084 (finding that the "operative statutory period is 6 years" because the plaintiff had received her filter in 1995).

As a North Carolina federal court recently explained, "courts applying North Carolina law have consistently applied [the] six-year statute of repose in cases where the product in question was first purchased or delivered, as here, before October 1, 2009." *Cramer v. Ethicon, Inc.*, 2021 WL 243872, at *4 (W.D.N.C. 2021); *see also Lackey v. DePuy Orthopedics*, 2011 WL 2791264, at *3 (W.D.N.C. July 14, 2011) (applying six-year statute of repose in hip case because it "was in effect at the time Plaintiff purchased the allegedly defective product.").  Because Plaintiff did not file her case until 2019, more than nine years after receiving her filter, the pre-2009 statute of repose bars Plaintiff's claims.

Whether an injury occurred before or after October 1, 2009, or did not occur at all, is irrelevant to the statute of repose analysis.  In *Cramer,* the plaintiff was implanted with pelvic mesh in 2007 and underwent surgery to remove it in 2017.  *Id.* at *1.  The plaintiff alleged that she experienced infections between 2011 and 2017, but did not discover a causal connection to her device until 2017.  *Id.* at *2.  The court dismissed her claims, finding they were "governed by the six-year statute of repose [] because the latest date on which her [mesh] could have been purchased for use or consumption was the date of her implantation surgery, April 2, 2007, two

2

years before the effective date of [the 12-year statute of repose]." *Id.* at *4.  Because the plaintiff received her device *before* October 1, 2009, the initial purchase date determined the applicable statute of repose, even though her injury occurred *after* October 1, 2009.  *See id.*

A federal court applying North Carolina law reached the same result in *In re Elk Cross Timbers Decking Mktg.*, 2015 WL 6467730 (D.N.J. Oct. 26, 2016).  The plaintiff argued that the new 12-year statute of repose applied in his case because his claim "accrued" when he allegedly "discovered the defect … after October 1, 2009." *Id.* at *10.  The court reviewed the statutes and held that "[t]he plain language of § 1-46.1 does not comport with Plaintiffs' view of when the cause of action 'accrued' in this case" because the plaintiff had purchased his deck in 2007 and "the statute in effect at the time of his purchase applies." *Id.* at *10-11 (citing *Lackey*, 2011 WL 2791264, at *2).

So here, all of Plaintiff's claims are time-barred as a matter of North Carolina law because he received his filter on July 7, 2009—while the 6-year statute of repose was still in effect—but he did not file his action until January 11, 2019, more than nine-and-a-half years later.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  September 24, 2021 | /s/ *Andrea Roberts Pierson* |
|  | Jessica Benson Cox, Co-Lead Counsel |
|  | Andrea Roberts Pierson |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 300 North Meridian Street, Suite 2500 |
|  | Indianapolis, Indiana  46204 |
|  | Telephone:  (317) 237-0300 |
|  | Andrea.Pierson@FaegreDrinker.com |
|  | Jessica.Cox@FaegreDrinker.com |
|  |  |
|  | James Stephen Bennett, Co-Lead Counsel |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 110 West Berry Street, Suite 2400 |
|  | Fort Wayne, Indiana  46802 |
|  | Telephone:  (260) 424-8000 |
|  | Stephen.Bennett@FaegreDrinker.com |
|  |  |
|  | *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2021, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF CARLETON AMEY'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Andrea Roberts Pierson*

US.134626275