UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Arnold-Shaver, Julie A., 1:18-cv-00066

## DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF JULIE A. ARNOLD-SHAVER'S CASE PURSUANT TO CMO-28

Under Fed. R. Civ. P. 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges a failed retrieval attempt of an embedded filter as her injury.

1. Plaintiff's Name:  Julie A. Arnold-Shaver

2. Case Number:  1:18-cv-00066

3. Case Origin:  Filed in the Southern District of Indiana on January 8, 2018

4. Plaintiff's Home State per Complaint: Ohio (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. Applicable Choice of Law Rules:  Ohio, *see* Dkt. 13539 (modifying equitable time period for application of home state choice-of-law rules to cases filed between May 31, 2017 and June 13, 2019).

6. Applicable Statute of Limitations:  Ohio (2 years), Ohio Rev. Code § 2305.10(A) ("[A]n action based on a product liability claim and an action for bodily injury or injuring personal property shall be brought within two years after the cause of action accrues.").

7. Filter Placement Date:  November 8, 2011

8. Latest Possible Date of Accrual:  November 28, 2011 (*see* Case Categorization Form and accompanying medical records, attached as **Exhibit A** and filed under

seal noting: "The patient had a small amount of residual thrombus on the initial retrieval attempt dated 11/28/2011," "The filter has tilted posteriorly and the retrieval hook is imbedded within the posterior wall of the cava" and successful "Complex filter retrieval" on March 26, 2012).[1]

9. <u>Length of Time Between Claim Accrual and Filing</u>:  6 years, 1 month, 11 days

**BRIEF ARGUMENT**

Ohio law bars Plaintiff's personal injury claims because she did not file her case until more than two years after the initial failed retrieval of her IVC filter.[2]  *See supra*, ¶¶ 3, 8-9.  This Court dismissed the *Heintzman* case under Indiana and Ohio law where the plaintiff underwent a failed retrieval attempt more than two years before commencing the action, finding that the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391; *see also* Dkt. 18018 at 2-5 (holding Plaintiff Snider's claims were time-barred under Ohio law because he filed his action more than two years after his retrieval surgery); Dkt. 18681 (same).

Ohio's discovery rule is limited to discovery of latent injuries, not knowledge of alleged defects.  *See Carter v. Medtronic, Inc.*, No. 2:18-CV-724, 2020 WL 2319729, at *4 (S.D. Ohio May 11, 2020).  Here, Plaintiff does not claim a latent injury; rather, as in *Heintzman*, the failed retrieval procedure itself provided sufficient information to start the limitations period as a matter of law.  Plaintiff knew or should have known of her alleged injury (a failed retrieval due to embedment) and its causal link to the filter at the time of her failed retrieval on November 28, 2011, more than two years before she commenced this action on January 8, 2018.

---

[1] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion.  *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").

[2] Plaintiff's personal injury claim and implied warranty claim would also be barred under the two-year statute of limitations in Indiana, the state in which Plaintiff filed her action.  *See* Ind. Code 34-11-2-4; *see also* Dkt. 18391 (*Heintzman* order).

Plaintiff's implied warranty claim fails on the same ground.  Ohio law subjects warranty claims to the same two-year statute of limitations discussed above.  *See, e.g., Caterpillar Fin. Servs. Corp. v. Harold Tatman & Sons Ents.*, 137 N.E.3d 512, 524 (Ohio Ct. App. 2019) ("[The plaintiff's] claims for breach of implied warranty in tort and negligence are governed by the two-year statute of limitations in [Ohio Rev. Code] 2305.10.") (citation omitted).

As to Plaintiff's consumer protection and express warranty claims, the Court has concluded that these claims are not adequately pled in the Master Complaint, and Plaintiff's Short-Form Complaint does not add any substantive facts to save them here.  *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty).  Thus, Plaintiff has failed to plead a viable state consumer protection claim with the particularity required by Rule 9 or a viable express warranty claim.  Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

Dated:  September 24, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2021, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF JULIE A. ARNOLD-SHAVER'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

*/s/ Jessica Benson Cox*