UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Alfieri, Patti, 1:17-cv-03517

**COOK DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
IN PLAINTIFF PATTI ALFIERI'S CASE PURSUANT TO CMO-28**

Under Federal Rule of Civil Procedure 56 and the process provided by CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for summary judgment[1] on all of Plaintiff's claims, which alleges injury as a result of a fracture and open retrieval of her IVC filter.

1. <u>Plaintiff's Name</u>:  Patti Alfieri

2. <u>Case Number</u>:  1:17-cv-03517

3. <u>Filing Location and Date</u>:  Filed in S. D. of Indiana on October 2, 2017

4. <u>Plaintiff's Home State per Complaint</u>: Nevada (Plaintiff's current residence, location of injury, and residence at the time of filter placement)

5. <u>Applicable Choice of Law Rules</u>:  Nevada, *see* Dkt. 13539 (modifying equitable time period for application of home state law to cases filed between May 31, 2017 and June 13, 2019).

6. <u>Applicable Statutes of Limitations</u>:  Nevada (2 years), Nev. Rev. Stat. Ann. § 11.190(4)(e) (Setting forth two-year statute of limitations for "an action to recover damages for injuries to a person . . . caused by the wrongful act or neglect of another").

7. <u>Filter Placement Date</u>:  January 16, 2007

8. <u>Latest Possible Date of Accrual</u>:  September 24, 2015 (*see* medical record attached as **Exhibit A**, noting patient was informed of broken IVC filter").

9. <u>Length of Time Between Claim Accrual and Filing</u>:  2 years, 8 days

## BRIEF ARGUMENT

Summary judgment on the basis of a statute of limitations defense is appropriate "when the statute of limitations has run as a matter of law, and after resolving all doubts in favor of the plaintiff, there exists no genuine issue of material fact regarding the time at which plaintiff's cause of action accrued."  *Avery v. Mapco Gas Prod., Inc.*, 848 F. Supp. 1388, 1392 (N.D. Ind. 1991), aff'd, 18 F.3d 448 (7th Cir. 1994).

---

[1] The Cook Defendants are moving for summary judgment rather than judgment on the pleadings because the medical record designated in support of judgment—Exhibit A—was submitted with Plaintiff's Profile Sheet and is therefore considered a discovery response pursuant to CMO-4.

Plaintiff's personal injury claims are barred under Nevada law because the case was filed more than two years after her treating doctor informed her the filter was fractured. *See supra*, ¶¶ 3, 8, 9. Under Nevada's limited discovery rule, the statute of limitations begins to run when "the injured party discovers or reasonably should have discovered facts supporting a cause of action." *Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1065–66 (8th Cir. 2012), citing *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990). "The focus is on the [plaintiff's] knowledge of or access to facts rather than on her discovery of legal theories," *Id.*, quoting *Massey v. Litton*, 669 P.2d 248, 252 (Nev. 1983), and the rule "has been clarified to mean that the statute of limitations begins to run when the patient has before him facts which would put a reasonable person on inquiry notice of his possible cause of action[.]" *Massey*, 669 P.2d at 251. A plaintiff is put on inquiry notice "when he or she should have known of facts that would lead an ordinarily prudent person to investigate the matter further." *Winn v. Sunrise Hosp. & Med. Ctr.*, 277 P.3d 458, 462 (Nev. 2012). Where the claim is premised on a filter fracture, a plaintiff is necessarily placed on "inquiry notice" when a doctor tells the plaintiff of the fracture.[2] See Dkt. 18911 (holding that diagnosis of filter fracture placed Plaintiff Donchez on inquiry notice).

Here, Plaintiff's medical records indisputably demonstrate that her filter fracture was identified through medical treatment and communicated to her no later than September 24, 2015. On September 23, 2015, Plaintiff presented to the hospital with severe back pain and was "concerned that her [filter] is breaking and going to her lungs." Exhibit A at p. 1. The next day, September 24, 2015, she underwent an x-ray of her abdomen that revealed that "[o]ne of the legs of the IVC filter appears to be fractured, and inferiorly displaced." *Id.* at p. 4. That fracture

---

[2] The statute of limitations also bars any subsequent complications or injuries Plaintiff may claim (*e.g.,* open removal) because they do not constitute new or separate claims under Nevada law. *See Gregory v. Union Pac. R. Co.*, 673 F. Supp. 1544, 1547 (D. Nev. 1987) (finding that plaintiff's claims accrued when "he knew that he had sustained some injury, albeit the full extent was apparently not clear at the time").

diagnosis was then communicated to Plaintiff on the same day, and she was encouraged to follow up with her primary care doctor or a cardiothoracic surgeon. *Id.* at p. 6 ("The results of her x-rays were reviewed with her. The broken IVC filter appears to be stable and can be followed up on an outpatient basis through her primary care doctor or through a CVT surgeon. I will give her the name and number of the on-call CVT surgeon."). Plaintiff was thus placed on inquiry notice no later than September 24, 2015, and her personal injury claims accrued at that time. Her commencement of this lawsuit on October 2, 2017, more than two years later, is thus time-barred.

Plaintiff's implied warranty claim also fails on the same ground. Under Nevada law, warranty claims sounding in tort are subject to the two-year statute of limitations discussed above. *Blotzke v. Christmas Tree, Inc.*, 499 P.2d 647 (Nev. 1972) (holding that personal injury actions are subject to two-year statute of limitations, regardless of whether claim is based in tort or contract)"); *Campos v. New Direction Equip. Co., Inc.*, No. 208CV00286LRHRJJ, 2009 WL 10692848, at *1 (D. Nev. Sept. 28, 2009).

As to Plaintiff's consumer protection and express warranty claims, the Court has already concluded that they are not adequately pled. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); *see also* Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Likewise here, Plaintiff has failed to plead a viable state consumer protection claim with the particularity required by Federal Rule 9 or a viable express warranty claim under applicable state law. Finally, Plaintiff's claim for punitive damages fails as derivative.

For these reasons, Cook is entitled to summary judgment.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  September 24, 2021 | /s/ *Jessica Benson Cox* |
|  | Jessica Benson Cox, Co-Lead Counsel |
|  | Andrea Roberts Pierson, |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 300 North Meridian Street, Suite 2500 |
|  | Indianapolis, Indiana  46204 |
|  | Telephone:  (317) 237-0300 |
|  | Andrea.Pierson@FaegreDrinker.com |
|  | Jessica.Cox@FaegreDrinker.com |
|  |  |
|  | James Stephen Bennett, Co-Lead Counsel |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 110 West Berry Street, Suite 2400 |
|  | Fort Wayne, Indiana  46802 |
|  | Telephone:  (260) 424-8000 |
|  | Stephen.Bennett@FaegreDrinker.com |
|  |  |
|  | *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2021, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN PLAINTIFF PATTI ALFIERI'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*