IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC, IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                                    MDL No. 2570

_____

This Document Relates to Plaintiff(s)
Paula A. Harris
Civil Case #1:17-cv-01717

_____

**PLAINTIFF'S OPPOSITON TO COOK DEFENDANTS'**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

Now comes Plaintiff, Paul A. Harris, by and through Counsel and submits this Opposition to Cook

Defendants' Motion for Judgment in Plaintiff's Case Pursuant to CMO-28. Defendant Cook alleges that

Plaintiff was aware that filter was defective and that the defect caused her injuries/surgery at the time of the

attempted surgical retrieval of her Cook IVC filter on March 16, 2012 despite no document evidencing that

the doctor told Ms. Harris the filter caused her injury, could not be removed due to the hook being scarred

in or that the filter was defective causing her injury. *See* D.E. 19993. First, this does not indicate if the

irretrievability of the filter was due to doctor or product, or that Ms. Harris was aware of this condition.

Moreover, within two years of the attempted removal, Ms. Harris underwent a scan of the filter. On

February 10, 2014, within two years of the attempted removal, Ms. Harris had a scan which resulted in a

report simply stating that the "IVC filter [was] in place with no sign of any bowel obstruction or adenopathy

appreciated," meaning it was not the cause of any injury to Ms. Harris. Exhibit A.  This report did not

indicate it was scarred in or causing any other damage. Therefore, Ms. Harris could not have known that

her IVC filter was the cause of her injury at that juncture as within two years of the attempted removal, Ms.

Harris was told through this record in her online portal that her filter was normal and not causing issues.

Moreover, due to Cook's fraudulent concealment of the defects in its filter, it was nearly impossible for

Plaintiff to discover that her injuries were caused by Cook's defective filter until after the MDL was started

and litigation advertisements began as indicated in her PPF. Accordingly, Plaintiff submits the following

in support of the opposition to dismiss the above referenced matter:

1

## I. Standard of Review

When a party moves for judgment on the pleadings, that party "must demonstrate that there are no material issues of fact to be resolved." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). The Court must view all the "facts and inferences in the light most favorable to the non-moving party." *Id*. The Court accepts the allegations in a plaintiff's complaint as true and construe all reasonable inferences in the plaintiff's favor. *Tierney v. Advocate Health & Hosps. Corp.*, 797 F.3d 449, 451 (7th Cir. 2015). The Court should not allow the motion to deprive the non-moving party the opportunity to make its case against the moving party. *Federated Mut. Ins. Co.*, 983 F.3d at 313.

## II. Under Indiana Law Plaintiff's Claims are Timely[1]

Indiana has a two year statute of limitations with a discovery rule. Ind. Code § 34-20-3-1. Indiana applies the "reasonably diligent plaintiff standard" to determine if the discovery rule applies. *Nelson v. Sandoz Pharm. Corp.*, 288 F.3d 954, 966 (7th Cir. 2002). "Generally, though, the plaintiff's suspicion, standing alone, about the source of her injury is insufficient to trigger the onset of the limitations period." *Nelson v. Sandoz Pharm. Corp.*, 288 F.3d at 966. As such, "[t]he limitations period will begin to run when a physician suggests there is a 'reasonable possibility, if not a probability' that a specific product caused the plaintiff's injury." *Id.*

Here, Plaintiff did not know or have reason to know any injury was caused by the Cook filter as within two years of the attempted removal Ms. Harris underwent a scan resulting in a physician report indicating the Cook filter was normal and not causing any issue. Therefore, during what Cook argues would be the statute of limitations period, Ms. Harris received a medical scan and report which then informed Ms. Harris that the Cook filter was normal and no abnormality or injury was caused by the Cook filter. Once

---

[1] Ms. Harris indicated in her Complaint that Ohio law should apply to this matter as she relied upon Defense representations that this MDL had the ability for direct filing. *See* D.E. 12931. For Ohio cases there is a two year statute of limitations under R.C. § 2305.10 as well as a discovery rule under *Braxton v. Peerless Premier Appliance Co.*, 2003 WL 21291061. Moreover, Ohio has equitable tolling as well as fraudulent concealment. *Hall v. Warden, Lebanon Corr. Inst.*, 622 F.3d 745, 749 (6th Cir. 2011); *Shapiro v. Cook United, Inc.*, 762 F.2d 49, 51 (6th Cir. 1985); *Campbell v. Upjohn Co.*, 676 F.2d 1122, 1126 (6th Cir. 1982). Ms. Harris has sufficiently pled her Complaint to comply with the Ohio statute of limitations in this matter.

the second doctor told Ms. Harris the filter was normal, Ms. Harris has no reason to know, nor reasonably know, that the Cook filter was the potential cause of any injury. Therefore as there is a question of fact as to when Ms. Harris learned the Cook filter caused her injuries, as in 2014 she received physician notification that the filter was "in normal position" and nothing was abnormal, this matter is not ripe for dismissal.

Moreover, Plaintiff Harris has properly pled and filed consumer protection and warranty claims. An implied warranty of merchantability claim under Indiana law is actionable where there was a sale of goods by a merchant, and that the goods were not of merchantable quality. *Advantage Engineering, Inc. v. Burks Pumps, Inc.*, 28 F.3d 1216, at *6 (7th Cir. 1994) (unpublished table decision) (applying Indiana law and affirming an order from the Southern District of Indiana). Additionally, a plaintiff must prove that he or she suffered damages, and that the alleged breach was the proximate cause of the plaintiff's damages. *U.S. Automatic Sprinkler Co. v. Reliable Automatic Sprinkler Co.*, 719 F. Supp. 2d 1020, 1027 (S.D. Ind. 2010). Here, the specific facts contained in the Fraudulent Concealment portions of the Complaint provide facts over and above the Master Complaint which are sufficient to establish substantive facts to "save" these claims. Accordingly, Cook's effort to dismiss the punitive damages must fail since all of these claims should survive.

### III.    Fraudulent Concealment

Fraudulent concealment tolls the statute of limitations if "a person liable to an action conceals the fact from the knowledge of the person entitled to bring the action." Ind. Code § 34–11–5–1. Courts have held that the elements of fraudulent concealment are: (1) the existence of the underlying tort; (2) the defendant's knowledge of the tort; (3) the defendant's use of deception to conceal the tort; and (4) the plaintiff's reasonable reliance on the deception. On February 22, 2021, this Court issued an order permitting Plaintiff to amend her complaint to include factual allegations supporting a claim of fraudulent concealment, which has been done in the above referenced matter, and likewise provides sufficient facts to allow this case to survive. D.E. 15907.

## CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that this Court deny Cook's Motion, and any further relief this Court deems just and proper.

Respectfully submitted,

**BURNETT LAW FIRM**

By:      /s/      *Karen H. Beyea-Schroeder*
Karen H. Beyea-Schroeder
3737 Buffalo Speedway, 18th Floor
Houston, Texas  77098
Office Tel: (832) 413-4410
Cell: (832) 585-9829
Fax: (832) 900-2120
Email: Karen.Schroeder@RBurnettLaw.com

*Attorneys for Plaintiff(s)*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2021 a copy of the foregoing **PLAINTIFF'S RESPONSE TO COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

By: /s/  *Karen H. Beyea-Schroeder*
Karen H. Beyea-Schroeder