IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

    PATTI ALFIERI
    1:17-cv-03517-RLY-TAB

## PLAINTIFF'S RESPONSE TO COOKS' MOTION FOR SUMMARY JUDGMENT

Plaintiff has suffered medically distinct injuries giving rise to separate causes of action and the Cook Defendants' motion should be denied.

### Background

Plaintiff's case was filed on October 2, 2017, and the parties agree that Nevada law controls the statute of limitations analysis. Plaintiff learned of the IVC filter fracture on September 24, 2015. [Ex. A at 5]. On April 5, 2016, Plaintiff underwent surgery for an open retrieval of the IVC filter. [Ex. B at 33-4]. Plaintiff suffered an incisional hernia following the open removal of the IVC filter. [Ex. C at 5]. A surgery to repair the incisional hernia occurred on May 23, 2019. *Id.* Plaintiff filed a short form joinder and identified a filter fracture, hernia, physical pain, and severe emotional distress as injuries in the Plaintiff Profile Sheet. [Ex. D at 5].

### Brief Argument

Plaintiff concedes that the filter fracture occurred outside of the 2 year limitations period provided in Nev. Rev. Stat. Ann § 11.190(4)(e). However, the incisional hernia is a medically distinct injury giving rise to a separate cause of action – one which was timely filed.

The Defendants focus their analysis solely upon the date of the filter's fracture and invite the Court to consider all injuries pleaded as nothing more than subsequent complications. In support of this position the Cook Defendants rely upon *Gregory v. Union Pac. R. Co.*, 673 F. Supp. 1544, 1546 (D. Nev. 1987). In *Gregory*, the plaintiff suffered an injury to his left elbow, was examined the same day at the hospital, and was advised that the injury was not serious. *Id* at 1545. A second medical exam conducted the next year reached the same conclusion. *Id.* Several years later, the plaintiff had reason to have a third medical exam of his left elbow. *Id.* The third medical exam revealed that the 1981 injury to plaintiff's left elbow was more severe than previously diagnosed. *Id.* The plaintiff then filed suit for injuries sustained to the left elbow in 1985; nearly four years after the initial accident resulting in the left arm injury. *Id.* In dismissing the claims as time barred under the applicable three-year statute of limitations, the *Gregory* Court found that the traumatic event (accident) "coincided with a discernable injury" although the full extent of the injury was unknown. *Id.* at 1547. The facts before the *Gregory* Courts did not involve subsequent complications or new injuries and instead focused upon the severity of a single injury (i.e. left elbow). Further, the *Gregory* Court did not hold that the Nevada statute of limitations bars any subsequent new injuries as the Cook Defendants argue.

Unlike the claimant in *Gregory,* the Plaintiff has suffered a medically distinct injury resulting from an event temporally separate from the underlying filter fracture. Nevada recognizes that a cause of action accrues when the wrong occurs and a party sustains injuries for which relief can be sought. *Bemis v. Est. of Bemis*, 114, Nev, 1021, 1024 (1998)(citing *Peterson v. Bruen*, 106 Nev. 271, 274 (1990)). The filter fracture became known to the Plaintiff on or about September 24, 2015; however, there is no evidence that the incisional hernia was simply a complication of the fractured filter. The medical records are devoid of any mention of abdominal wall perforation

by the filter.  Further, it cannot be said, and the Cook Defendants do not argue, that the hernia is merely a progression of the initial injury sustained by the filter fracturing.  Indeed, the incisional hernia could not and did not exist until the open surgery to remove the IVC filter occurred.   The Plaintiff could not bring a claim relating to the hernia until the hernia physically manifested after surgery.

The Plaintiff anticipates the Cook Defendants will claim that to the extent the hernia is a separate and distinct injury it was caused by the retrieval surgery and is not attributable to the filter itself.  There is no question the abdominal incision on April 5, 2016, led to the incisional hernia, but this surgery was performed for the sole purpose of retrieving the fractured IVC filter.  Where, as here, there is a separate medically distinct injury apart from the fractured filter, it is a question of fact for the jury as to whether the defective filter was a substantial factor in producing the hernia, thereby constituting the legal cause of the injury.  *See Price v. Blaine Kern Artista, Inc.*, 893 P.2d 367, 370 (Nev. 1995), *accord*, *Pooshs v. Philip Morris USA, Inc.*, 51 Cal.4th 788, 250 P.3d 181, 183 (2011).

It is indisputable that Plaintiff underwent an open abdominal surgery as a result of the fracture of the defective IVC filter.  Because of this open procedure, Plaintiff suffered an incisional hernia.  [Ex. C at 5].  The open procedure took place on April 5, 2016.  The precise date Plaintiff learned of the incisional hernia is immaterial as it could not have occurred before April 5, 2016 and the filing of Plaintiff's claims relating to the hernia on October 2, 2017 would therefore be within the two year limitation period proscribed by Nev. Rev. Stat. Ann § 11.190(4)(e).

For these reasons, Plaintiff respectfully asks this Honorable Court to DENY the Cook Defendants' Motion for Summary Judgment.

Dated: October 8, 2021.                     */s/ Ben C. Martin*
Ben C. Martin, Bar No. 13052400
**Martin Baughman, PLLC**
3141 Hood Street, Suite 600
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@martinbaughman.com

***Attorney for Plaintiff***

## CERTIFICATE OF SERVICE

  I hereby certify that on October 8, 2021, a copy of the foregoing was filed electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                    */s/ Ben C. Martin*
                    Ben C. Martin