UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Case:

Carleton Amey, 1:19-cv-00119

### PLAINTIFF'S RESPONSE TO THE COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

On September 24, 2021, defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe APS (collectively "the Cook Defendants") moved for judgment on the pleadings dismissing Plaintiff Carleton Amey's complaint as barred by the North Carolina statute of repose. Dkt. # 20003.  Because the applicable statute of repose is the 12-year statute set forth in N.C. Gen. Stat. § 1-46.1(1), Defendants' motion for judgment on the pleadings should respectfully be denied.

The only issue presented by the Cook Defendants' motion for judgment on the pleadings is whether Mr. Amey's action is barred by the North Carolina statute of repose.  There is no dispute that Mr. Amey was implanted with the Gunther Tulip IVC filter on July 7, 2009, by Dr. Overton at the WakeMed Raleigh Campus in Raleigh, North Carolina.  Dkt. # 1 at p. 2-3 in Case 1:19-cv-00119.   Nor is there any dispute that Mr. Amey commenced this action on January 11, 2019.  *Id*. The only dispute is whether the currently applicable, 12-year statue of repose in N.C. Gen. Stat. § 1-46.1(1), or the prior six-year statute of repose in N.C. Gen. Stat. § 1-50(a) (2008) applies to

this action. Because Mr. Amey's causes of action accrued in September 2019, after the effective date of section 1-46.1(1), his action is timely and the Cook Defendants' motion for judgment on the pleadings respectfully should be denied.

According to Mr. Amey's medical record from October 11, 2019, Mr. Amey's IVC filter "was suspected to be causing pain or source of infection" which was why it was removed on September 30, 2019. Ex. 1 at p. 3, 9, 31. This diagnosis is reflected in medical records from before the removal procedure. A notation from September 17, 2019, indicates that "[t]he stress of an IVC filter abuts the anterior aspect of the L4 vertebral body with hypertrophic spurring surrounding the strut, also progressively increased since 2014 but similar in appearance when compared to recent examination of 4/27/2019. Small caliber IVC inferior to an IVC filter similar to previous examination and most likely related to chronic thrombosis with abdominal wall collaterals." *Id*. at 28-29.

These dates are crucial as they establish when Amery's causes of action accrued against the Cook Defendants. Under North Carolina law, "for personal injury or physical damage to claimant's property, the cause of action . . . shall not accrue until bodily harm to the claimant or physical damage to his property becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs," unless otherwise provided by law. N.C. Gen Stat. § 1-52(16).

As the Cook Defendants themselves recite in their moving brief: "the new 12-year repose period 'applies to causes of action that accrue on or after' October 1, 2009." *Id*. Here, the Cook Defendants quote from *Robinson v. Bridgestone/Firestone N. Amer. Tire, L.L.C.*, 703 S.E.2d 883, 886 (N.C. 2011), which reads in full: "As plaintiffs acknowledge, N.C. Gen.Stat. § 1-46.1(1) became effective 1 October 2009 and applies to causes of action that accrue on or after that date."

Despite this clear recitation of the law, the Cook Defendants nevertheless attempt to argue that the effective date of section 1-46.1(1) is the purchase date of the product, not the accrual date of the cause of action as clearly stated by the North Carolina Supreme Court in *Robinson*. To support their alleged position, the Cook Defendants rely on *Cramer v. Ethicon, Inc.*, No. 1:20-CV-95-MOC-WCM, 2021 WL 243872 (W.D.N.C. Jan. 25, 2021) (slip op.) and *Lackey v. DePuy Orthopaedics, Inc.*, No. 5:10-cv-0030-RLV-DSC, 2011 WL 2791264 (W.D.N.C. July 14, 2011), but neither of these decisions support the Cook Defendants' avowed proposition.

First, in *Cramer* the District Court did not actually reach the issue of whether the six-year or twelve-year repose period applied to the plaintiff's claim. Despite initially stating that the purchase date controlled, the District Court went on to state that "[h]owever, even applying N.C. Gen. Stat. § 1-46.1(1)'s twelve-year statute of repose, Plaintiff's claims are barred as a matter of law," and ultimately concluded that "[b]ecause [plaintiff] filed her Complaint more than 13 years after her implantation, her claims are barred under either the 6-year or 12-year version of North Carolina's statute of repose." *Id*. at *4, 6.

In *Lackey*, contrary to the Cook Defendants' assertions, the District Court based its decision that section 1-46.1(1) did not apply on the date that the plaintiff's claim accrued, not when the product was purchased. "Session Law 2009-420 applies only to causes of action that accrue on or after October 1, 2009 . . . Even when viewing the facts in the light most favorable to Plaintiff, Plaintiff's cause of action accrued on or about January 2009. As a result, N.C. Gen. Stat. § 1-46.1, by its terms, does not apply to the instant case." 2011 WL 2791264 at *3 n.3.

Here, as discussed above, Mr. Amey's causes of action accrued on or about September 2019, well after section 1-46.1(1)'s effective date of October 1, 2009. Therefore, this action is timely under the 12-year statute of repose, and the motion should respectfully be dismissed.

Respectfully Submitted,

*/s/ Kelly Chermack*
**Kelly Chermack**
Texas Bar No. 2412361
kchermack@fnlawfirm.com
FEARS NACHAWATI, PLLC
5473 Blair Road
Dallas, Texas 75231
Tel. (214) 890-0711
Fax (214) 890-0712


Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2021 a true and correct copy of *Plaintiffs' Response to Cook Defendants' Omnibus Motion for Judgment on the Pleadings* was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF counsel of record.

Dated: October 8, 2021

Respectfully Submitted,

*/s/ Kelly Chermack*
**Kelly Chermack**