UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Harrier, Eric, 1:19-cv-00979

**COOK DEFENDANTS' MOTION FOR JUDGMENT
IN PLAINTIFF ERIC HARRIER'S CASE PURSUANT TO CMO-28**

Under Fed. R. Civ. P. 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges as his injury the inability to retrieve his IVC filter.

1. Plaintiff's Name: Eric Harrier[1]

2. Case Number: 1:19-cv-00979

3. Case Origin: Filed in the Southern District of Indiana on March 9, 2019

4. Plaintiff's Home State per Complaint: Michigan (Plaintiff's current residence); Florida (Plaintiff's residence at time of implant and alleged injury).

5. Applicable Choice-of-Law Rules: Michigan, *see* Dkt. 13539 (modifying equitable time period for application of home state choice-of-law rules to cases filed between May 31, 2017 and June 13, 2019).

6. Applicable Statute of Limitations: Michigan (3 years), Mich. Comp. Laws Ann. § 600.5805(12) ("The period of limitations is 3 years for a product liability action.").

7. Filter Placement Date: September 4, 2014

---

[1] Cook Defendants refer to Mr. Harrier as "Plaintiff" due to the singular language used in the structure of the Short-Form Complaint. Plaintiff's spouse, Aprile Harrier, is a Co-Plaintiff on a loss-of-consortium claim. This motion seeks dismissal of her derivative claims as well.

8. <u>Date of Accrual</u>: December 30, 2014 (*see* Case Categorization Form and accompanying medical records, attached as **Exhibit A** and filed under seal noting: "IVC filter is tolerated to the left with the hook against the wall of the IVC. This could not be retrieved despite multiple attempts.").[2]

9. <u>Length of Time Between Claim Accrual and Filing</u>: 4 years, 2 months, 9 days

## BRIEF ARGUMENT

Michigan's three-year statute of limitations applies to Plaintiff's claims. Because Plaintiff filed his case on March 9, 2019 in the Southern District of Indiana, his case is governed by "home state" choice-of-law rules under the Court's order. *See* 13539 (modifying equitable time period for application of home state choice-of-law rules to cases filed between May 31, 2017 and June 13, 2019). In his Short-Form Complaint, Plaintiff states the Eastern District of Michigan would be the proper venue absent direct filing. Pl.'s Short-Form Complaint, at ¶ 7. This means Michigan's choice-of-law rules apply, as it is the presumed forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941) ("The conflict of laws rules to be applied by the federal court in [the forum state] must conform to those prevailing in [the forum's] state courts."). "Under Michigan's common law choice of law rule, statutes of limitation are considered procedural and are governed by the law of the forum." *Czewski v. KVH Indus., Inc.*, 607 Fed. App'x 478, 480 (6th Cir. 2015) (citations omitted); *see also Stephens v. Dixon*, 536 N.W.2d 755, 756 (Mich. 1995); *People v. Russo*, 487 N.W.2d 698, 702 (Mich. 1992).

Michigan law bars Plaintiff's personal injury claims because he did not file his case until more than three years after an unsuccessful attempt to remove his filter. *See supra*, ¶¶ 3, 8-9. Michigan does not recognize a common-law discovery rule. *See Trentadue v. Buckler Lawn*

---

[2] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion. *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").

*Sprinkler*, 738 N.W.2d 664, 670 (Mich. 2007). Product liability actions accrue "at the time the wrong upon which the claim is based was done regardless of the time when damage results." Mich. Comp. Laws Ann. § 600.5827. Here, Plaintiff's claims accrued no later than December 30, 2014, when Plaintiff underwent an unsuccessful filter retrieval.[3] In line with the Court's rulings in other cases governed by Michigan's statute of limitations, Plaintiff's claims are time-barred by over a year. *See, e.g.,* Dkt. 19369 (dismissing the *Boone* case under Michigan law because his case was filed more than three years after an unsuccessful retrieval attempt).[4]

Plaintiff's implied-warranty claim fails on the same ground. Michigan law subjects warranty claims to the same three-year statute of limitations discussed above. *Stephenson v. C. R. Bard, Inc.*, 2018 WL 650213, at *3 (S.D. W. Va. Jan. 31, 2018) (applying Michigan law).

Plaintiff's consumer protection and express warranty claims fail as well. The Court has concluded these claims are not adequately pled in the Master Complaint. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims. Thus, Plaintiff has failed to plead a viable state consumer protection claim or a viable express warranty claim. Plaintiff's claim for punitive damages fails as derivative. Ms. Harrier's loss-of-consortium claim also fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's claims with prejudice.

---

[3] Cook notes Plaintiff underwent a second failed retrieval attempt on January 30, 2015. *See* Exhibit A. Even assuming the limitations period did not begin until this second retrieval attempt, Plaintiff's claims are still time-barred under Michigan law by over a year.

[4] Plaintiff's personal injury claim and implied warranty claim would also be barred under the two-year statute of limitations in Indiana, the state in which Plaintiff actually filed his action. *See* Ind. Code 34-11-2-4; *see also* Dkt. 18391 (*Heintzman* order).

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: October 14, 2021 | /s/ *Jessica Benson Cox* <br> Jessica Benson Cox <br> Andrea Roberts Pierson, <br> FAEGRE DRINKER BIDDLE & REATH LLP <br> 300 North Meridian Street, Suite 2500 <br> Indianapolis, Indiana  46204 <br> Telephone:  (317) 237-0300 <br> Andrea.Pierson@FaegreDrinker.com <br> Jessica.Cox@FaegreDrinker.com <br><br> James Stephen Bennett <br> FAEGRE DRINKER BIDDLE & REATH LLP <br> 110 West Berry Street, Suite 2400 <br> Fort Wayne, Indiana  46802 <br> Telephone:  (260) 424-8000 <br> Stephen.Bennett@FaegreDrinker.com <br><br> *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2021, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF ERIC HARRIER'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*