UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Felice, Carl, 1:17-cv-00835

**DEFENDANTS' MOTION FOR JUDGMENT IN**
**PLAINTIFF CARL FELICE'S CASE PURSUANT TO CMO-28**

Under Fed. R. Civ. P. 12(c) and CMO-28, the Cook Defendants move for judgment in Plaintiff's case, which alleges injury based on an inability to retrieve his IVC filter.

1. <u>Plaintiff's Name</u>:  Carl Felice

2. <u>Case Number</u>:  1:17-cv-00835

3. <u>Case Origin</u>:  Filed in Southern District of Indiana on March 17, 2017

4. <u>Plaintiff's Home State per Complaint</u>: Pennsylvania (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. <u>Applicable Choice of Law Rules</u>:  Indiana, *see* Dkt. 13539 (finding Indiana choice-of-law rules apply to all claims in the MDL originally filed in the Southern District of Indiana, except those filed between May 31, 2017 and June 13, 2019).

6. <u>Applicable Statute of Limitations</u>:  Indiana (2 years), Ind. Code 34-20-3-1(b)(1) ("[A] product liability action must be commenced: (1) within two (2) years after the cause of action accrues").

7. <u>Filter Placement Date</u>:  July 30, 2012

8. <u>Latest Possible Date of Accrual</u>:  April 10, 2013 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting "…failed retrieval due to hook embedded in caval wall").[1]

9. <u>Length of Time Between Filter Placement and Filing</u>:  4 years, 7 months, 17 days

10. <u>Length of Time Between Claim Accrual and Filing</u>:  3 years, 11 months, 7 days

## BRIEF ARGUMENT

Indiana law bars Plaintiff's personal injury claims because he did not file his case until more than two years after an unsuccessful attempt to remove his filter.[2]  *See supra*, ¶¶ 3, 8, 10.

---

[1] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion.  *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").

[2] Plaintiff's claims are also barred under the two-year statute of limitations in Pennsylvania, Plaintiff's home state.  *See* 42 Pa. Cons. Stat. § 5524.  Pennsylvania's discovery rule is inapplicable here;

- 1 -

Indiana's discovery rule "looks only to when a plaintiff knew that he or she suffered an ascertainable injury, and knew or should have discovered that the injury was caused by the product or act of another." *Valmore v. Janssen Pharm. Prods., LP*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005). A plaintiff only needs to know—or reasonably should know—that a product is a potential cause of the injury to trigger the statute of limitations, not that the product is the ultimate legal cause of the injury. *See id.* at *2 ("A plaintiff . . . need not know with certainty that a particular product caused her injury to trigger the running of the statutory time period."). This Court dismissed the *Heintzman* case under Indiana law where the plaintiff underwent a failed retrieval attempt more than two years before commencing the action, finding that the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391 (citing *In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 358 (S.D.N.Y. 2014)); *see also* Dkt. 19303 (dismissing Plaintiff Bush's product liability claims as time-barred under Indiana law where she commenced her action more than two years after a failed filter retrieval). Here, as in these cases, the failed retrieval procedure provided sufficient information to start the limitations period as a matter of law.

---

commencement of the limitations period does not require "notice of the full extent of the injury, the fact of actual negligence, or precise cause," but places a burden on plaintiffs grounded on "inquiry notice." *Nicolaou v. Martin*, 195 A.3d 880, 893 (Pa. 2018) (noting that Pennsylvania's discovery rule is a narrow approach and noting plaintiffs need only have <u>constructive</u> knowledge of some form of harm and a factual cause linked to another's conduct). This Court dismissed the *Lehotsky* case under Pennsylvania law because the plaintiff underwent a failed retrieval attempt more than two years before commencing the action, holding that the plaintiff's claims accrued at the time of the removal attempt. *See* Dkt. 19408 at 3-4. Here, Plaintiff's claimed injury is likewise premised on a failed retrieval that he learned of on April 10, 2013, more than two years before he filed this action. His claims therefore likewise fail under Pennsylvania law.

Plaintiff's implied warranty claim fails on the same ground. Indiana law subjects warranty claims to the respective two-year statute of limitations discussed above.³  *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).

Plaintiff's consumer protection and express warranty claims fail as well. The Court has concluded these claims are not adequately pled in the Master Complaint. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims. Thus, Plaintiff has failed to plead a viable state consumer protection claim or a viable express warranty claim. Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

³ Pennsylvania law bars implied warranty claims as a matter of law in medical device cases. *Soufflas v. Zimmer, Inc.*, 474 F. Supp. 2d 737, 752 (E.D. Pa. 2007). Even if it did not, under Pennsylvania law, implied warranty claims are barred four years after the date of sale, and the "discovery rule does not apply to breach of warranty claims." *See* 42 Pa. Cons. Stat. § 5525; 13 Pa. Cons. Stat. § 2725 (providing for a four-year statute of limitations and noting "[a] breach of warranty occurs when tender of delivery is made."); *McCracken v. Ford Motor Co.*, 588 F. Supp. 2d 635, 642 (E.D. Pa. 2008). Accordingly, Plaintiff's implied warranty claim fails under Pennsylvania law because Plaintiff received the filter on July 30, 2012 but did not commence this action until March 17, 2017, more than four years later. *See supra*, ¶¶ 3, 7, 9.

        Respectfully submitted,

Dated:  October 15, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2021, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF CARL FELICE'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*