UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION         MDL No. 2570

This Document Relates Only to the Following Cases:

Bell, Michael, 1:19-cv-02065

## DEFENDANTS' MOTION FOR JUDGMENT IN
## PLAINTIFF MICHAEL BELL'S CASE PURSUANT TO CMO-28

Under Fed. R. Civ. P. 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges as his injury a failed IVC filter retrieval attempt.

1. Plaintiff's Name:  Michael Bell

2. Case Number:  1:19-cv-02065

3. Case Origin:  Filed in the Southern District of Indiana on May 23, 2019

4. Plaintiff's Home State per Complaint: Kentucky (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. Applicable Choice of Law Rules:  Kentucky, *see* Dkt. 13539 (modifying equitable time period for application of home state choice-of-law rules to cases filed between May 31, 2017 and June 13, 2019).

6. Applicable Statute of Limitations:  Kentucky (1 year), Ky. Rev. Stat. § 413.140(1) ("[An action for an injury to the person of the plaintiff] shall be commenced within one (1) year after the cause of action accrued[.]").

7. Filter Placement Date:  January 2, 2013

8. Latest Possible Date of Accrual:  February 4, 2015 (*see* Case Categorization Form and accompanying medical records, attached as **Exhibit A** and filed under seal noting: "Filter is tilted apex posterior, such that apical hook is embedded in the

> posterior wall of the IVC. This prevented capture of the filter with a snare, and prevented filter removal.").[1]

9. <u>Length of Time Between Placement and Filing</u>: 6 years, 4 months, 21 days

10. <u>Length of Time Between Claim Accrual and Filing</u>: 4 years, 3 months, 19 days

## BRIEF ARGUMENT

Kentucky law bars Plaintiff's claims because he did not file his case until more than one year after an unsuccessful attempt to retrieve his filter.[2] *See supra*, ¶¶ 3, 8, 10. Kentucky imposes a one-year limitations period on personal injury claims. Ky. Rev. Stat. § 413.140(1)(a). Kentucky recognizes a discovery rule that "tolls the statute of limitations period 'until the plaintiff discovers or in the exercise of reasonable diligence should have discovered' that: (1) she was injured, and (2) her injury '*may* have been caused by the defendant's conduct.'" *Adams v. 3M Co.*, 2013 WL 3367134, at *2 (E.D. Ky. July 5, 2013) (quoting *Louisville Tr. Co. v. Johns-Manville Prods. Corp.*, 580 S.W.2d 497, 501 (Ky. 1979)). "Any fact that should excite [the plaintiff's] suspicion is the same as actual knowledge of [the] entire claim." *Fluke Corp. v. LeMaster*, 306 S.W.3d 55, 64 (Ky. 2010) (citation omitted). "Constructive knowledge, through awareness of sufficient 'critical facts' to the put the plaintiff on notice, will trigger the statute of limitations period." *Adams*, 2013 WL 3367134, at *3 (citations omitted).

This Court has held that a failed retrieval procedure puts a plaintiff "on notice that there [is] a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391 at 3-4 (dismissing the *Heintzman* case under Indiana and Ohio law); *see also* Dkt.

---

[1] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion. *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").

[2] Plaintiff's personal injury claim and implied warranty claim would also be barred under the two-year statute of limitations in Indiana, the state in which Plaintiff filed his action. *See* Ind. Code 34-11-2-4; *see also* Dkt. 18391 (*Heintzman* order).

19305 at 3-4 (dismissing the *Renshaw* case under Utah law because "[t]he failed retrieval attempts provided enough information to Plaintiff regarding the facts forming the basis of a cause of action against Cook before the limitations period expired"). The same reasoning applies to Plaintiff's claims under Kentucky law. Like Indiana law, Kentucky law provides that inquiry notice is sufficient to start the statute of limitations. *See Adams*, 2013 WL 3367134, at *3; *see also Fluke Corp.*, 306 S.W.3d at 64. Here, Plaintiff's failed retrieval procedure provided the sufficient "critical facts" to begin the limitations period as a matter of law. *See Adams*, 2013 WL 3367134, at *3.

Plaintiff's implied warranty claim also fails. Kentucky subjects warranty claims to a four-year statute of limitations, measured from the date of delivery. Ky. Rev. Stat. § 355.2-725. Plaintiff filed this action more than six years after receiving his filter. *See supra* ¶¶ 3, 7, 9.

Plaintiff's consumer protection and express warranty claims fail as well. The Court has concluded these claims are not adequately pled in the Master Complaint. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims. Thus, Plaintiff has failed to plead a viable state consumer protection claim or a viable express warranty claim. Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

Dated:  October 15, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2021, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF MICHAEL BELL'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*