UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Johnson, Johnnie Mae, 1:17-cv-02856

**DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF JOHNNIE MAE JOHNSON'S CASE PURSUANT TO CMO-28**

Under Fed. R. Civ. P. 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges as her injury the inability to retrieve her IVC filter.

1. <u>Plaintiff's Name</u>:  Johnnie Mae Johnson

2. <u>Case Number</u>:  1:17-cv-02856

3. <u>Case Origin</u>:  Filed in the Southern District of Indiana on August 20, 2017

4. <u>Plaintiff's Home State per Complaint</u>: Louisiana (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. <u>Applicable Choice of Law Rules</u>:  Louisiana, *see* Dkt. 13539 (modifying equitable time period for application of home state choice-of-law rules to cases filed between May 31, 2017 and June 13, 2019).

6. <u>Applicable Statute of Limitations</u>:  Louisiana (1 year), La. Civ. Code Art. § 3492 ("Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damages is sustained.")

7. <u>Filter Placement Date</u>:  November 9, 2012

8. <u>Latest Possible Date of Accrual</u>:  January 8, 2013 (*see* Case Categorization Form and accompanying medical records, attached as **Exhibit A** and filed under seal noting: "Unsuccessful attempt at removing inferior vena cava filter...").[1]

9. <u>Length of Time Between Placement and Filing</u>:  4 years, 9 months, 11 days

10. <u>Length of Time Between Claim Accrual and Filing</u>:  4 years, 7 months, 12 days

## BRIEF ARGUMENT

Louisiana law bars Plaintiff's claims because she did not file her case until more than one year after an unsuccessful attempt to retrieve her filter.[2] *See supra*, ¶¶ 3, 8, 10. Louisiana imposes a one-year "prescriptive" period on personal injury claims.  La. Civ. Code Art. § 3492.  Louisiana's

---

[1] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion. *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").

[2] Plaintiff's personal injury claim and implied warranty claim would also be barred under the two-year statute of limitations in Indiana, the state in which Plaintiff filed her action. *See* Ind. Code 34-11-2-4; *see also* Dkt. 18391 (*Heintzman* order).

discovery rule tolls that prescriptive period only until the plaintiff has "actual or constructive knowledge of facts that would indicate to a reasonable person that he is the victim of a tort." *Oil Ins. Ltd. v. Dow Chem. Co.*, 977 So. 2d 18, 22 (La. Ct. App. 2007) (explaining that the claim accrues once plaintiff knew or should have known through reasonable diligence that her problem may have been caused by defendant's act).  Thus, prescription runs "from the time there is notice enough to call for *inquiry* about a claim, not from the time when the inquiry reveals facts or evidence sufficient to *prove* the claim." *In re: Taxotere (Docetaxel) Prod. Liab. Litig.*, 995 F.3d 384, 391 (5th Cir. 2021) (emphasis in original) (declining to apply discovery rule to plaintiff's claims and noting that the plaintiff had a "duty to investigate and failed to do so"); *see also Brown v. Biomet Ortho., LLC*, 244 F. Supp. 3d 810, 817 (N.D. Ind. 2017) (applying Louisiana law, dismissing plaintiff's claims as time-barred, and holding date of plaintiff's revision surgery was latest possible date of injury); *Mayard v. St. Jude Med. Inc.*, 2019 WL 7476714, at *3-4 (W.D. La. Dec. 10, 2019) (finding prescriptive period triggered on date of surgery to remove device and noting plaintiff had information "sufficient to incite curiosity, excite attention, or put a reasonable person on guard to call for inquiry" on that date).

      This Court has held that a failed retrieval procedure puts a plaintiff "on notice that there [is] a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391 at 3-4 (dismissing the *Heintzman* case under Indiana and Ohio law); *see also* Dkt. 19305 at 3-4 (dismissing the *Renshaw* case under Utah law because "[t]he failed retrieval attempts provided enough information to Plaintiff regarding the facts forming the basis of a cause of action against Cook before the limitations period expired").  The same reasoning applies to Plaintiff's claims here.  Like Indiana, Louisiana applies an objective standard under which inquiry notice of an injury potentially related to a product starts the limitations period.  *See In re: Taxotere*

*(Docetaxel)*, 995 F.3d at 391; *Brown,* 244 F. Supp. 3d at 817.  Here, Plaintiff's failed retrieval procedure provided Plaintiff with sufficient notice to begin the limitations period as a matter of law.  *See Brown*, 224 F. Supp. 3d at 817; *Mayard*, 2019 WL 7476714, at *3-4 (both holding that claims accrued no later than surgeries to remove the device at issue).

Plaintiff's implied warranty claim is also time-barred.  Louisiana subjects warranty claims to a four-year statute of limitations from the date of delivery, or one year from the date the defect is discovered, whichever occurs *first*.  La. Civ. Code Art. § 2534.  Because Plaintiff filed this action more than four years after receiving her filter, her implied warranty claim is time-barred regardless of when she discovered any alleged defect.  *See supra* ¶¶ 3, 7, 9.

As to Plaintiff's consumer protection and express warranty claims, the Court has concluded that these claims are not adequately pled in the Master Complaint, and Plaintiff's Short-Form Complaint does not add any substantive facts to save them here.  *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty).  Here, Plaintiff adds mere conclusory allegations, not any substantive facts other than that the case involves a "failed removal attempt." *See* Pl.'s Short Form Compl., ¶ 14.  Such vague accusations fail to meet the level of particularity required by Rule 9(b).  *See Celino v. Biotronik, Inc.*, 2021 WL 1699847, at *13-14 (E.D. La. April 29, 2021) (dismissing express warranty claim where plaintiff's vague accusations failed to allege any specific facts regarding reliance on the product).  Thus, Plaintiff has failed to plead a viable state consumer protection claim with the particularity required by Rule 9 or a viable express warranty claim.  Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

Dated:  October 15, 2021   /s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2021, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF JOHNNIE MAE JOHNSON'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*