UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Lewis-Jones, Latoya and Jones, Maurice, 1:17-cv-02858

**DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF LATOYA LEWIS-JONES'S CASE PURSUANT TO CMO-28**

Under Fed. R. Civ. P. 12(c) and CMO-28, the Cook Defendants move for judgment in Plaintiff's case, which alleges as her injury the inability to retrieve her IVC filter.

1. <u>Plaintiff's Name</u>:  Latoya Lewis-Jones[1]

2. <u>Case Number</u>:  1:17-cv-02858

3. <u>Case Origin</u>:  Filed in the Southern District of Indiana on August 20, 2017

4. <u>Plaintiff's Home State per Complaint</u>: Georgia (Plaintiff's current residence); North Carolina (filter placement and place of injury).

5. <u>Applicable Choice of Law Rules</u>:  Georgia, *see* Dkt. 13539 (modifying equitable time period for application of home state choice-of-law rules to cases filed between May 31, 2017 and June 13, 2019).  (See choice-of-law discussion below.)

6. <u>Applicable Statute of Limitations</u>:  Georgia (2 years), Ga. Code Ann. § 9-3-33 ("Actions for injuries to the person shall be brought within two years after the right of action accrues . . . .").

7. <u>Filter Placement Date</u>:  June 14, 2013

8. <u>Latest Possible Date of Accrual</u>:  November 8, 2013 (*see* Case Categorization Form and accompanying medical records, attached as **Exhibit A** and filed under seal noting: "UNSUCCESSFUL ATTEMPT at REMOVAL VIA RIGHT JUGULAR APPROACH OF COOK CELECT RETRIEVABLE IVC FILTER" (capitalization in original) on November 8, 2013.  Also notes "Successful removal of the IVC filter" on November 19, 2013).[2]

9. <u>Length of Time Between Claim Accrual and Filing</u>:  3 years, 9 months, 12 days

## BRIEF ARGUMENT

Plaintiff's claims are governed by the statute of limitations of Georgia.  Specifically, Plaintiff resides in Georgia and represents she would have filed the case in the Northern District

---

[1] The Cook Defendants refer to Mrs. Lewis-Jones as "Plaintiff" due to the singular language used in the structure of the Short Form Complaint.  Plaintiff's spouse, Maurice Jones, is a Co-Plaintiff on a loss of consortium claim, and this motion seeks dismissal of his derivative claim as well.

[2] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion.  *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").

of Georgia if she had not filed directly in the MDL.  *See* Pl.'s Short Form Compl., ¶¶ 4-7.  Because Plaintiff filed the action on August 20, 2017—during the equitable period in the Court's choice-of-law order—the Court will treat the case as if it were filed in Georgia.  *See* Dkt. 13539.  In Georgia, the statute of limitations is procedural and therefore Georgia law applies.  *See Griffin v. Hunt Refining Co.*, 664 S.E. 823, 825-26 (Ga. 2008) ("As a general rule, Georgia law provides that the statutes of limitation are procedural in nature and are thus governed by the law of the forum state.").

      Georgia law bars Plaintiff's personal injury claims because she did not file her case until more than two years after the initial failed retrieval of her IVC filter.[3]  *See supra*, ¶¶ 3, 6, 8-9.  The Georgia Supreme Court has held that the discovery rule only applies "to cases of bodily injury which develop only over an extended period of time." *Corp. of Mercer Univ. v. Nat'l Gypsum Co.*, 368 S.E.2d 732, 733 (Ga. 1988).  Thus, the discovery rule in Georgia has no bearing on cases where the injury is based on a "discrete and identifiable" event.  *Carpenter v. Lockheed Martin Corp.*, 2019 WL 5295728, at *3 (S.D. Ga. Oct. 18, 2019) (rejecting application of discovery rule in a case involving a helicopter crash)*; see also Broughton v. United States*, 2010 WL 11534491 (S.D. Ga. Feb. 1, 2010) (declining to apply the discovery rule to a slip and fall case because a slip and fall victim is not the victim of a continuing tort).  Any potential benefit provided to Plaintiff by the Georgia discovery rule would have ceased at the latest on the date of Plaintiff's attempted removal procedure.[4]

---

[3] Plaintiff's personal injury claim and implied warranty claim would also be barred under the two-year statute of limitations in Indiana, and the three-year statute of limitations in North Carolina, the state where the removal procedure occurred.  *See* Ind. Code 34-20-3-1(b)(1); *see also* Dkt. 18391 (*Heintzman* order); *see also* N.C. Gen. Stat. § 1-52.

[4] Plaintiff's filter was subsequently removed on November 19, 2013.  *See* Exhibit A.  This Court has ruled under Georgia law that claims are time-barred where the filter was removed more than two years before commencement of the action.  *See* Dkt. 18452 (*Morris*).

Plaintiff's implied warranty claim fails on the same ground. Under Georgia law, warranty claims involving personal injury are subject to the two-year statute of limitations discussed above. *See Adair v. Baker Bros, Inc.*, 366 S.E.2d 164, 165 (Ga. Ct. App. 1988) (holding that warranty claims were time-barred by two-year statute of limitations and explaining that Georgia follows the "general rule" that the applicable "statute of limitations is determined by the nature of the injury sustained rather than the legal theory underlying the claim for relief.").

As to Plaintiff's consumer protection and express warranty claims, the Court has concluded that these claims are not adequately pled in the Master Complaint, and Plaintiff's Short-Form Complaint does not add any substantive facts to save them here. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Here, Plaintiff's Short-Form Complaint adds mere conclusory allegations, not any substantive facts other than that the case involves a "failed attempt at removing the filter, and a second removal surgery…" *See* Pl.'s Short Form Compl., ¶ 14. Such non-specific accusations fail to meet the level of particularity required by Rule 9(b). *See Williams v. St. Jude Med. S.C. Inc.*, 2017 WL 11113322, at *10 (N.D. Ga. Oct. 19, 2017) (dismissing plaintiff's claims for misrepresentation where she did not identify the "what" or "where," time and place, or persons responsible for making the precise statements alleged). Thus, Plaintiff has failed to plead a viable state consumer protection claim with the particularity required by Rule 9 or a viable express warranty claim. Plaintiff's claim for punitive damages fails as derivative. Co-Plaintiff Maurice Jones's loss of consortium claim also fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

|  |  |
|---|---|
| Dated:  October 15, 2021 | /s/ *Jessica Benson Cox*<br>Jessica Benson Cox<br>Andrea Roberts Pierson<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>300 North Meridian Street, Suite 2500<br>Indianapolis, Indiana  46204<br>Telephone:  (317) 237-0300<br>Andrea.Pierson@FaegreDrinker.com<br>Jessica.Cox@FaegreDrinker.com<br><br>James Stephen Bennett<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>110 West Berry Street, Suite 2400<br>Fort Wayne, Indiana  46802<br>Telephone:  (260) 424-8000<br>Stephen.Bennett@FaegreDrinker.com<br><br>*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2021, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF LATOYA LEWIS-JONES'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*