UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Robinson, Walter and Nina, 1:17-cv-00415

## DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF WALTER ROBINSON'S CASE PURSUANT TO CMO-28

Under Fed. R. Civ. P. 12(c) and CMO-28, the Cook Defendants move for judgment in Plaintiff's case, which alleges a failed retrieval attempt of an embedded filter as his injury.

1. <u>Plaintiff's Name</u>: Walter Robinson[1]

2. <u>Case Number</u>: 1:17-cv-00415

3. <u>Case Origin</u>: Filed in the Southern District of Indiana on February 9, 2017

4. <u>Plaintiff's Home State per Complaint</u>: California (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. <u>Applicable Choice of Law Rules</u>: Indiana, *see* Dkt. 13539 (finding Indiana choice-of-law rules apply to all claims in the MDL originally filed in the Southern District of Indiana, except those filed between May 31, 2017 and June 13, 2019).

6. <u>Applicable Statute of Limitations</u>: Indiana (2 years), Ind. Code 34-20-3-1(b)(1) ("[A] product liability action must be commenced: (1) within two (2) years after the cause of action accrues").

7. <u>Filter Placement Date</u>: November 23, 2011

8. <u>Latest Possible Date of Accrual</u>: May 22, 2012 (*see* Case Categorization Form and

---

[1] The Cook Defendants refer to Mr. Robinson as "Plaintiff" due to the singular language used in the structure of the Short Form Complaint. Plaintiff's spouse, Nina Robinson, is a Co-Plaintiff on a loss of consortium claim, and this motion seeks dismissal of her derivative claim as well.

accompanying medical records, attached as **Exhibit A** and filed under seal noting: "Densely adherent filter legs to IVC wall precluding retrieval").[2]

9. <u>Length of Time Between Claim Accrual and Filing</u>:  4 years, 8 months, 18 days

## BRIEF ARGUMENT

Indiana law bars Plaintiff's personal injury claims because he did not file his case until more than two years after an unsuccessful attempt to remove his filter.[3] *See supra*, ¶¶ 3, 8-9. Indiana's discovery rule "looks only to when a plaintiff knew that he or she suffered an ascertainable injury, and knew or should have discovered that the injury was caused by the product or act of another." *Valmore v. Janssen Pharm. Prods., LP*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005). A plaintiff only needs to know—or reasonably should know—that a product is a potential cause of the injury to trigger the statute of limitations, not that the product is the ultimate legal cause of the injury. *See id.* at *2 ("A plaintiff . . . need not know with certainty that a particular product caused her injury to trigger the running of the statutory time period."). This Court dismissed the *Heintzman* case under Indiana law where the plaintiff underwent a failed retrieval attempt more than two years before commencing the action, finding that the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391 (citing *In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 358 (S.D.N.Y. 2014)); *see also* Dkt. 19303 (dismissing Plaintiff Bush's product liability claims as time-barred under Indiana law

---

[2] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion. *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").

[3] Plaintiff's claims are also barred under the two-year statute of limitations in California, Plaintiff's home state. *See* Cal. Civ. Proc. Code § 340.8; *see also Johnston v. Covidien, LP*, 2019 WL 2410720, at *3 (N.D. Cal. June 7, 2019) (holding that the plaintiff's statute of limitations accrued at the time she underwent a "repair surgery" regarding her hernia mesh device).

where she commenced her action more than two years after a failed filter retrieval). Here, as in these cases, the failed retrieval procedure provided sufficient information to start the limitations period as a matter of law. [4]

Plaintiff's implied warranty claim fails on the same ground. Indiana law subjects warranty claims to the respective two-year statute of limitations discussed above.[5] *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).

Plaintiff's consumer protection and express warranty claims fail as well. The Court has concluded these claims are not adequately pled in the Master Complaint. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims. Thus, Plaintiff has failed to plead a viable state consumer protection claim or a viable express warranty claim. Plaintiff's claim for punitive damages fails as derivative. Co-Plaintiff Nina Robinson's loss of consortium claim also fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

[4] To the extent Plaintiff may claim other complications or injuries, the statute of limitations bars those claims as well because they do not constitute new or separate claims under Indiana law. On the contrary, "it is not necessary that the full extent of the damage be known or even ascertainable but only that some ascertainable damage has occurred." *Monsanto v. Miller*, 455 N.E.2d 392, 394 (Ind. Ct. App. 1983).

[5] Plaintiff's implied warranty claim would also fail under California law because it is subject to a four-year statute of limitations that is measured from the date of delivery, *see* Cal. Com. Code § 2725, and Plaintiff filed this action more than 5 years after receiving his filter, *see supra*, ¶¶ 3, 7.

          Respectfully submitted,

Dated: October 15, 2021        */s/ Jessica Benson Cox*
          Jessica Benson Cox
          Andrea Roberts Pierson
          FAEGRE DRINKER BIDDLE & REATH LLP
          300 North Meridian Street, Suite 2500
          Indianapolis, Indiana 46204
          Telephone: (317) 237-0300
          Andrea.Pierson@FaegreDrinker.com
          Jessica.Cox@FaegreDrinker.com

          James Stephen Bennett
          FAEGRE DRINKER BIDDLE & REATH LLP
          110 West Berry Street, Suite 2400
          Fort Wayne, Indiana 46802
          Telephone: (260) 424-8000
          Stephen.Bennett@FaegreDrinker.com

          *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2021, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF WALTER ROBINSON'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

          */s/ Jessica Benson Cox*