IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC, IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                                MDL No. 2570

_____

This Document Relates Only to the Following Cases:
Story, Suzanne - 1:18-cv-00444

_____

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant's assertion that Plaintiff's claims are barred by N.C. GEN. STAT §1-50(a)(6) (2008) is incorrect. N.C. GEN. STAT §1-50(a), which limited North Carolina's statute of repose for product liability actions to 6 years, was repealed in 2009. In its place, the legislature enacted N.C. GEN. STAT §1-46.1, which extended North Carolina's statute of repose to 12 years.

Defendants' motion rests on the argument that because Plaintiff Suzanne Story "purchased" her Inferior Vena Cava filter ("IVC filter") on March 18, 2008, the repealed statute of repose applies.[1] (D. 20002/p.3) While it is true that a statute of repose begins when a specific event occurs (here the "initial purchase" of the product), the Defendants confuse the general *function* of the statute with the method in which the legislature chose to differentiate what claims would be governed by the repealed §1-50(a) and the new §1-46.1. The legislature specified in its amending legislation that the new 12 year statute of repose, §1-46.1, became "effective [on]

---

[1] The repealed §1-50(a)(6) and the new §1-46.1 are identical except for the time of repose. §1-50(a)(6) states: "No action for the recovery of damages for personal injury, death or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption."

October 1, 2009, and **applies to causes of action that accrue on or after that date**." N.C. Sess. Laws 2009-420.

Therefore, the determining factor for whether the 6 year statute or the 12 year statute applies is not the purchase date, but instead when the cause of action <u>accrued</u>. Not only is this test made obvious by the express language of the legislature, but it has also been recognized as the correct test by North Carolina state[2] and federal[3] courts as well as by secondary sources.[4]

As Defendants know, courts do not have the authority to disregard the express will of the legislature. <u>Miller v. French</u>, 530 U.S. 327, 336 (2000) ("[W]here Congress has made its intent clear, 'we must give effect to that intent.'" (quoting <u>Sinclair Refining Co. v. Atkinson</u>, 370 U.S. 195, 215 (1962))); <u>Ferguson v. Riddle</u>, 62 S.E.2d 525, 528 (1950) ("The question of the wisdom or propriety of statutory provisions is not a matter for the courts, but solely for the legislative branch of the state government."). The question then, is not when was Suzanne's purchase date, but when did Suzanne's cause of action accrue?

A cause of action accrues at "the point in time when the elements necessary for a legal wrong coalesce." <u>Black v. Littlejohn</u>, 325 S.E.2d 469, 475 (N.C. 1985). In other words, "the

---

[2] <u>Robinson v. Bridgestone/Firestone N. Am. Tire, L.L.C.</u>, 703 S.E.2d 883, 886-87 (N.C. 2011) (noting that "[t]he twelve-year repose period 'applies to causes of action that accrue on or after' October 1, 2009" and that the plaintiff's claims accrued on June 2, 2002, making the repealed statute govern); <u>Willoughby v. Johnston Mem. Hosp. Auth.</u>, 2016 WL 4091370, at *13 (N.C. App. Aug. 2, 2016) ("The Willoughbys' claims . . . accrued on 28 August 2009 … which was prior to 1 October 2009, the effective date of N.C. Gen. Stat. § 1-46.1. Therefore, the Willoughbys' claims . . . are subject to [the] six-year repose period . . . .").

[3] <u>Patterson v. McKinley Med., LLC</u>, 2011 WL 1260145, at *1 (E.D.N.C. Mar. 30, 2011) (noting the amending legislation for § 1–46.1 and holding that because the complaint was filed in July of 2009, plaintiff's claims occurred prior and therefore the 6 year statute of repose applied); <u>Lackey v. DePuy Orthopaedics, Inc.</u>, 2011 WL 2791264, at *3 n.3 (W.D.N.C. July 14, 2011) ("Even when viewing the facts in the light most favorable to Plaintiff, Plaintiff's cause of action accrued on or about January 2009. As a result, N.C. Gen. Stat. § 1–46.1, by its terms, does not apply to the instant case.").

[4] TORT ACTIONS, N.C. DAMAGES § 11:19 (5th ed.) ("providing that this new 12-year statute of repose applies to causes of action accruing on or after October 1, 2009; the former 6-year statute of repose in G. S. 1-50(a)(6) applies to causes of action accruing prior to that date"); John Kirby, *Minor's Personal Injury Actions and Settlements in North Carolina*, 34 Campbell L. Rev. 293, 421 n.114 (2012) (noting that N.C. Gen. Stat. § 1-46.1(1) affects causes arising on or after October 1, 2009).

accrual of the cause of action [occurs at] the time when the first injury is sustained." <u>Schenkel & Shultz, Inc. v. Hermon F. Fox & Assoc., P.C.</u>, 636 S.E.2d 835, 839 (N.C. App. 2006).

Suzanne sustained her injury on February 16, 2015, when her IVC filter fractured. (*see* Plaintiff Profile Sheet) As a result, Suzanne's cause of action accrued <u>after</u> the October 1, 2009 enactment of §1-46.1, thus falling within the purview of the 12 year statute of repose. Suzanne filed her complaint on February 15, 2018, well within 12 years of the date Suzanne purchased her IVC filter. (D.1) Therefore, Suzanne's product liability causes of action are timely under the plain language of the governing statute of repose, §1-46.1.

Defendants' remaining arguments are meritless. Defendants' argument that §1-46.1 does not apply retroactively misses the mark because Suzanne's causes of action accrued after the enactment of §1-46.1. Additionally, the cases Defendants cite in support of their motion actually cut against their argument; In both <u>Robinson</u>[5] and <u>Lackey</u>[6] the court held that the plaintiff's <u>accrual</u> date was prior to October 1, 2009, and therefore the repealed 6 year statute of repose governed. Likewise, in the cited case of <u>In Re: Elk Cross Timbers Decking Marketing,</u>[7] the parties agreed that whether the 6 or 12 year statute of repose governed depended on the <u>accrual date</u> of the plaintiff's causes of action. Additionally, while <u>Cramer</u>[8] appears to endorse Defendants' argument, the <u>Cramer</u> court noted that the plaintiff's claims were extinguished regardless of which statute applied because she filed her suit more than 13 years after her purchase date.

Because Suzanne's complaint was timely filed, Defendants have failed to show that they are entitled to judgment as a matter of law. Therefore, Defendants' motion is due to be denied.

---

[5] <u>Robinson v. Bridgestone/Firestone N. Am. Tire, L.L.C.</u>, 703 S.E.2d 883, 886-87 (N.C. 2011).
[6] <u>Lackey v. DePuy Orhtopedics</u>, 2011 WL 2791264 at *3 n.3 (W.D.N.C. July 14, 2011).
[7] <u>In re: Elk Cross Timbers Decking Marketing</u>, 2015 WL 6467730 at *10 (D.N.J. Oct. 26, 2015).
[8] <u>Cramer v. Ethicon, Inc</u>., 2021 WL 243872 at *4 (W.D.N.C. Jan. 25, 2021).

Respectfully submitted,

Dated: 10/15/2021

/s/ *J. Curt Tanner*
J. Curt Tanner
Jon. C. Conlin
CORY WATSON, P.C.
2131 Magnolia Avenue
Birmingham, Alabama 35205
Phone: 205-328-2200
Fax: 205-326-7896
Ctanner@corywatson.com
jconlin@corywatson.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2021, a copy of the foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ J. Curt Tanner*