UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Case:

Harris, Paula A., 1:17-cv-01717

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF PAULA A. HARRIS'S CASE PURSUANT TO CMO-28**

The Court should dismiss the entirety of Plaintiff's cause of action. Plaintiff's undisputed knowledge in 2012 of the injury she now claims—a failed retrieval—negates her arguments in support of her claims based on the discovery rule and fraudulent concealment.

A.     **Indiana's Discovery Rule Does Not Save Plaintiff's Case**

Plaintiff's case is time-barred under Indiana law because she did not commence this action until more than two years after her failed filter retrieval.[1] As this Court explained in *Heintzman*, Plaintiff Heintzman "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391; *see also* Dkt. 19303. Here, as in *Heintzman*, Plaintiff's failed retrieval procedure sufficed to start the limitations period as a matter of law. Plaintiff has failed to explain how these decisions are wrong or why the Court should deviate from them.

Plaintiff's reliance on *Nelson v. Sandoz Pharm. Corp.*, 288 F.3d 954 (7th Cir. 2002), is misplaced. In *Nelson*, the plaintiff had been told by her doctor that the defendant's drug did ***not*** cause her stroke. *Id.* at 966. The court held that the limitations period did not begin to run until a doctor informed her that there was a "reasonable possibility, if not a probability," that the drug caused her stroke. *Id.* In contrast here, Plaintiff undisputedly knew at the time of the failed filter retrieval attempt that the filter was a potential factor in the failed attempt.

Plaintiff contends that, although she knew in 2012 that she had a filter that could not be retrieved, a fact question remains concerning when she discovered her injury.[2] *See* Dkt. 20078 at

---

[1] Plaintiff filed her case in the MDL outside of the Court's equitable period. *See* Dkt. 13539. Accordingly, Indiana's choice-of-law rules and the Indiana statute of limitations apply. *See id.* Even assuming Ohio law applied, Plaintiff's claims would still be time-barred. *See* Dkt. 18391. Under Ohio law, "the discovery rule generally applies in cases of latent injury and not in cases of possible latent defects." *Carter v. Medtronic, Inc.*, 2020 WL 2319729, at *4. A failed retrieval attempt is not a latent injury. *See* Dkt. 18018 at 5.
[2] While categorization records are considered part of the pleadings in this MDL, the exhibit attached to Plaintiff's Reply was not submitted with her categorization form. The document is thus outside the

-1-

2-3.  This argument makes no sense.  The failed retrieval *is the exact injury* that Plaintiff claims she suffered.  See Dkt. 19994.  Plaintiff therefore faces an insoluble dilemma: If Plaintiff's 2012 failed retrieval *was* an injury, as her pleadings assert, her claims based on that "injury" are barred by the statute of limitations.  *See Cooper Indus., LLC v. City of S. Bend*, 899 N.E.2d 1274, 1280 (Ind. 2009).  But if her failed retrieval was *not* an injury, as she arguably implies in her response, Plaintiff has no compensable injury and, thus, no claim.  *Atl. Coast Airlines v. Cook*, 857 N.E.2d 989, 996 (Ind. 2006).[3]

### B. Plaintiff's Warranty and State Consumer Protection Claims Should Be Dismissed

Plaintiff's warranty and state consumer protection claims should also be dismissed.  Plaintiff's implied warranty claim is time-barred for the reasons discussed above.  Under Indiana and Ohio law, implied warranty claims in cases involving personal injury are subject to the applicable product-liability statute of limitations.  *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991); *Caterpillar Fin. Servs. Corp. v. Tatman*, 137 N.E.3d 512, 524 (Ohio Ct. App. 2019).

Plaintiff's express warranty and state consumer protection claims should be dismissed because the Amended Complaint does not cure the pleading defects this Court has identified in its previous orders.  See Dkt. 14809 at 10; Dkt. 4918 at 13-15.  Regarding her express warranty claim, Plaintiff neither identifies the alleged express warranty breached nor alleges reliance.  *See White v. DePuy, Inc.*, 718 N.E.2d 450, 484-85 (Ohio Ct. App. 1998) (affirming dismissal of plaintiff's

---

pleadings and is not appropriate for consideration on a 12(c) motion.  The Court may convert this motion to a motion for summary judgment, if necessary.  See Fed. R. Civ. 12(d).

[3] Plaintiff contends she had no reason to know the filter was a potential cause of her alleged injury because "she underwent a scan . . . indicating the Cook filter was normal and not causing any issue." Dkt. 20078.  The fact Plaintiff underwent this imaging after her retrieval attempt does not save her claims. Plaintiff knew of her only alleged injury—a failed retrieval—and its potential relationship to the filter *at the time of the procedure*. See Dkt. 18391.

express warranty claim on summary judgment where plaintiff neither identified any evidence of an express representation nor demonstrated reliance). As to her state consumer protection claim, Plaintiff's Amended Complaint does not describe "the who, what, when, where, and how of the fraud" forming the basis of the claim with the requisite particularity, and Plaintiff does not claim that it does. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736-37 (7th Cir. 2014) (analyzing sufficiency of plaintiff's consumer fraud claim under Rule 9(b)).

C.  **Plaintiff's Fraudulent Concealment Argument is Unavailing**

Given the undisputed facts set out above, the fraudulent concealment allegations in Plaintiff's amended complaint do not save her case, even if she had properly pled them.[4] *See* Dkt. 17467. The failed retrieval attempt provided enough information to Plaintiff regarding the potential existence of a cause of action ***independent*** of any alleged fraudulent concealment on Cook's part. *See* Dkt. 15907. Indeed, the Court reached this very conclusion in *Heintzman* when it found that Plaintiff Heintzman's fraudulent concealment allegations did not save his claims under Indiana and Ohio law. *See* Dkt. 18391. Likewise here, Plaintiff knew she had undergone a failed retrieval attempt more than five years before filing her action, fraudulent concealment cannot apply. The case is time-barred.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

[4] Plaintiff's new allegations of fraudulent concealment do not cure the pleading defects the Court identified in its February 22, 2021 order. *See* Dkt. 15907. Plaintiff does not allege that Cook knew of and affirmatively concealed ***Plaintiff's*** cause of action, as the Court required, and Plaintiff does not state the circumstances of the alleged fraud—that is, the who, what, when, where, and how—with the particularity required by Rule 9(b). *See id.* at 6-9. Instead, Plaintiff alleges only the same sorts of ***pre***-filter-placement conduct set out in the Master Complaint. This argument is set out at length in Cook's memorandum supporting its renewed motion to dismiss Plaintiffs' claims of fraudulent concealment. Dkt. 18315.

        Respectfully submitted,

Dated:  October 21, 2021      */s/ Jessica Benson Cox*
Jessica Benson Cox, Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF PAULA A. HARRIS'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

    */s/ Jessica Benson Cox*