UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND                Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                 MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Amey, Carleton - 1:19-cv-00119

_____

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN
PLAINTIFF CARLETON AMEY'S CASE PURSUANT TO CMO-28**

US.135029257.03

## BRIEF ARGUMENT

Cook is entitled to judgment as a matter of law in Plaintiff's case because the 6-year North Carolina statute of repose applies in his case, based on the pre-October 1, 2009 purchase of the filter. Plaintiff offers no law to the contrary and his efforts to distinguish the North Carolina cases Cook cited do not change the express and dispositive application of those cases.

As Plaintiff acknowledges, the only issue before the Court is whether the 6-year or the 12-year version of the North Carolina statute of repose applies to Plaintiff's claims. Pl.'s Resp. at 1, Dkt. 20095. In a case decided earlier this year, the Western District of North Carolina reviewed prior cases and explained that "courts applying North Carolina law have consistently applied [the] six-year statute of repose in cases where the product in question was first purchased or delivered, as here, before October 1, 2009." *Cramer v. Ethicon, Inc.*, 2021 WL 243872, at *4 (W.D.N.C. 2021) (collecting cases). Because Plaintiff did not file his case until 2019, more than nine years after receiving his filter, the pre-2009 statute of repose bars Plaintiff's claims.

Plaintiff attempts to distinguish *Cramer* by noting that the plaintiff in the case received her mesh product more than 13 years before filing and that the court ultimately concluded that her case would have been barred by either version of the statute. Pl.'s Resp. at 20095 at 3 (discussing *Cramer*, 2021 WL 243872, at *4, 6).[1] While that observation is accurate, the *Cramer* court expressly stated that the purchasing date controls and that the "six-year statute of repose [applies] in cases where the product in question was first purchased or delivered, as here, before October 1, 2009." *Cramer*, 2021 WL 243872, at *2. Plaintiff provides no reason for deviating

---

[1] Plaintiff attaches medical records to the response indicating multiple clinical events occurring in 2019. *See* Pl.'s Resp. at 2. Cook has no objection to including those records with the briefing, because categorizations forms and records are considered to be part of the pleadings in this MDL. *See* Dkt. 18018 at 2. Cook, however, takes no position as to when Plaintiff's claim would have accrued for statute of limitation purposes because that is irrelevant to the statute of repose analysis before the Court.

1

Case 1:14-ml-02570-RLY-TAB   Document 20205   Filed 10/21/21   Page 3 of 5 PageID #:
124435

from *Cramer*'s plain statement of North Carolina law other than the undisputed but irrelevant fact that the 12-year statute would also have barred the plaintiff's claims.

Plaintiff also attempts to distinguish *Lackey* based on the court's statement that "[e]ven when viewing the facts in the light most favorable" to the plaintiff in that case, the plaintiff's claim "accrued on or about January 2009," prior to the extension of the statute of repose to 12 years on October 1, 2009. *See* Pl.'s Resp. at 3 n. 3 (quoting *Lackey v. DePuy Ortho, Inc.*, 2011 WL 2791264, at *3 (W.D. N.C. July 14, 2011)). Again, that observation is accurate but ignores the statement of law made by the *Lackey* court: "The applicable statute of repose for a product liability claim for the period of October 1, 1979 through October 1, 2009, was N.C. Gen. Stat. § 1-50)(a)(6)"—*i.e.* the 6-year statute of repose. *Lackey*, 2011 WL 2791264, at *3. It also ignores the court's explanation that "statutes of repose are distinguishable from ordinary statutes of limitation in that they begin to run 'at a time unrelated to the traditional accrual of the cause of action.'" *Id.* (quoting *Bollick v. Am. Barmag Corp.*, 293 S.E.2d 415, 418 (N.C. 1982)).

Finally, Plaintiff's Response completely ignores *In re Elk Cross Timbers Decking Mktg.*, 2015 WL 6467730 (D.N.J. Oct. 26, 2016), another case that Cook discussed in its opening brief. In that case, a federal court applying North Carolina law explained that it is improper to conflate "accrual" of the statute of limitations with the statute of repose. *See id.* at *10-11. The facts of *In re Elk Cross* are identical to the situation here: the product was purchased before October 1, 2009, the plaintiff argued that the claim accrued after October 1, 2009, and the time period between the purchase date and the filing date was more than six years but less than 12 years. *See id.* at *3, 10 (noting that the plaintiff purchased his deck in 2007, "discovered the defect … after October 1, 2009", and the case was filed at some point before October 26, 2015, the date of the court's opinion). After reviewing both the North Carolina statute of limitations and the statute of

US.135029257.03

repose, the court held that plaintiffs' "conclusion with respect to the appropriate date of 'accrual' is drawn from the plain language of the statutes at issue in the cases [they] cite [*i.e.*, § 1-52(16), the accrual provision for the statute of limitations] not from the statute that they argue applies here [*i.e.* § 1-46.1, the current 12-year statute of repose]." *In re Elk Cross*, 2015 WL 6467730, at *10. Because the statute of repose states that claims "'shall be brought more than 12 years *after the date of initial purchase* for use or consumption,' [t]he plain language of § 1-46.1 does not comport with Plaintiffs' view when the cause of action 'accrued' in the case" and the predecessor statute "provided a six, not twelve, year limitations period from the purchase date." *Id.* at *11 (emphasis in original). Because the plaintiff bought his deck in 2007, "the statute in effect at the time of his purchase, applie[d]" and the court dismissed his case as time barred. *Id.*

Moreover, a North Carolina federal court reached the same conclusion in a case with similar facts. In *Ferro v. Vol Vo Penta of the Americas, LLC*, the plaintiff had purchased a used boat in "June 2007, and replaced engine parts in July 2008, August 2009, June 2011, and June 2013." 2017 WL 3710071, *2 (E.D. N.C. Aug. 28, 2017). The plaintiff alleged that he "discovered" his claims when he began to suspect in March 2013 that the engine parts on the boat were defective and began exploring options to sell the boat. *Id.* at *3. The court held that "[t]he 2008 and 2009 purchases each accrued before October 2009, are subjected to the six-year statute of repose, and are therefore time-barred." *Id.* (further holding that claims pertaining to replacement parts purchased after October 2009 are subject to the amended 12-year statute of repose and thus were not time-barred). Here, Plaintiff received only one filter during a placement procedure occurring on July 7, 2009. Thus, the 6-year statute of repose applies here and bars Plaintiff's claim because he did not file his action until January 11, 2019.

Accordingly, the Court should dismiss all of Plaintiff's claims with prejudice.

3

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: October 21, 2021 | /s/ *Jessica Benson Cox* |
|  | Jessica Benson Cox, Co-Lead Counsel |
|  | Andrea Roberts Pierson |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 300 North Meridian Street, Suite 2500 |
|  | Indianapolis, Indiana  46204 |
|  | Telephone:  (317) 237-0300 |
|  | Andrea.Pierson@FaegreDrinker.com |
|  | Jessica.Cox@FaegreDrinker.com |
|  |  |
|  | James Stephen Bennett, Co-Lead Counsel |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 110 West Berry Street, Suite 2400 |
|  | Fort Wayne, Indiana  46802 |
|  | Telephone:  (260) 424-8000 |
|  | Stephen.Bennett@FaegreDrinker.com |
|  |  |
|  | *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 21, 2021, a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF CARLETON AMEY'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*

US.135029257.03