UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Carpenter, Jr., Thomas, 1:17-cv-01490-RLY-TAB

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF THOMAS CARPENTER, JR.'S CASE PURSUANT TO CMO-28**

The Court should dismiss Plaintiff's action in its entirety. Plaintiff's undisputed knowledge of a failed 2013 filter retrieval attempt necessarily renders his claims untimely.

A.   **There Are No Procedural Barriers to Addressing the Merits of the Motion.**

Plaintiff's argument that Cook's motion is premature because Plaintiff and his physicians have not been deposed, *see* Pl.'s Resp., Dkt. 20081 at 2-4, mistakes the standard for a motion to dismiss based on the pleadings. Cook's motion is premised on the fact that Plaintiff's own pleadings, including his case categorization form and the medical record that accompanied it,[1] establish as a matter of law that Plaintiff's claims are time-barred.

To the extent that Plaintiff believes discovery is necessary to respond to Cook's motion, CMO-28 permits a Plaintiff to file "a motion and affidavit or declaration … attesting or declaring on counsel as to why the plaintiff cannot present facts essential to justify its opposition" instead of filing an opposition on the merits. *See* CMO-28, Dkt. 14601 (citing Fed. R. Civ. P. 56(d) and listing the five requirements that the affidavit or declaration must include). Here, Plaintiff has not provided any declaration explaining why additional discovery would be necessary and instead responded to the substance of the motion. The Court should therefore address the motion on its merits.

B.   **Indiana's Discovery Rule Does Not Save Plaintiff's Case.**

Turning to the merits, Plaintiff's claims are time-barred under Indiana law because he did not commence this action until more than two years after his failed filter retrieval.[2] As this Court explained in *Heintzman*, the plaintiff "had enough information based on the failed retrieval

---

[1] *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").

[2] Plaintiff acknowledges that his claims are governed by Indiana law under the Court's choice of law order. *See* Pl.'s Resp., Dkt. 20081 at 1.

1

procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391 (applying Indiana law). Plaintiff here is likewise pursuing a failed retrieval claim, and that failed retrieval procedure provided sufficient information to start the limitations period as a matter of law for the same reasons the Court articulated in *Heintzman*. Indeed, that is the only claim in this case, and the failed attempt to retrieve his filter thus necessarily gave Plaintiff notice both of his claimed injury and of its connection to his filter. *See* Ex. A, Dkt. 20007, Pl.'s Case Categorization Form (describing the injury as "Unsuccessful attempted retrieval of tilted and embedded IVC filter on 11/18/13…").[3] As in *Heintzman*, the failed retrieval attempt provided enough information to put Plaintiff on notice to investigate a potential claim. *See* Dkt. 18391 (*Heintzman*); *see also* Dkt. 19303 (*Bush*, holding same). In sum, Plaintiff knew in 2013 that the attempt to remove the filter had failed, and his claims are therefore time-barred.

Although Plaintiff admits he knew in 2013 that he had a filter that could not be retrieved, he contends that a fact question exists concerning when he discovered his injury. *See* Dkt. 20081 at 2-3. This argument makes no sense. The failed retrieval ***is the exact injury*** that Plaintiff claims he suffered. *See* Dkt. 20007, Exhibit A. Plaintiff therefore faces an insoluble dilemma: If Plaintiff's 2013 failed retrieval ***was*** an injury, as his pleadings assert, his claims based on that "injury" are barred by the statute of limitations. *See Cooper Indus., LLC v. City of S. Bend*, 899 N.E.2d 1274, 1280 (Ind. 2009). But if his failed retrieval was ***not*** an injury, as he arguably implies in his response, Plaintiff has no compensable injury and, thus, no claim. *Atl. Coast Airlines v. Cook*, 857 N.E.2d 989, 996 (Ind. 2006).

---

[3] Plaintiff selected both Categories 4 and 5 and described the injury identically in the space provided for each category. *See* Exhibit A.

Plaintiff further describes his categorization medical record as "actually just a 'venogram'" which was "not identified as a removal attempt," in an attempt to contrast the later, successful removal procedure. *See* Dkt. 20081 at 3. But, this purported distinction is immaterial because Plaintiff does not (and, indeed, cannot) deny knowledge of having undergone a medical procedure requiring consent to attempt removal of the filter. Moreover, Plaintiff spends a significant time discussing the "small hole" in the inferior vena cava noted in the medical record he provides, alleging it was "insufficient evidence to place [Plaintiff] on notice that his IVC filter was defectively designed at that time and caused an injury…" *See* Dkt. 20081 at 2. Under Indiana law, however, Plaintiff's knowledge of any alleged "defect" is irrelevant because the discovery rules applies to cases of latent *injury*, not latent *defect*. *See Valmore v. Janssen Pharm. Prods., LP*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005).

In any event, Plaintiff's filter was successfully removed during a separate removal procedure on December 16, 2013, which was *also* more than two years before he filed his action. As this Court has ruled in the context of open-removal cases, the accrual date of a claim could not possibly be later than the removal of the device, as recognized by multiple courts under Indiana law. *See* Dkt. 14428 (granting summary judgment in six cases); *see also In re Mirena (Truitt)*, 29 F. Supp. 3d at 352 (holding under Indiana law that the claim accrued upon removal of the device or earlier).[4]

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

[4] The *Hall v. Ethicon* case Plaintiff cites is readily distinguishable. In *Hall*, the plaintiff had received mesh and experienced symptoms that were "common complications" that could also have been caused by "idiosyncrasies of her body and changes to it over time." 2020 WL 682589, at *5 (S.D. Ind. Nov. 20, 2020). As explained above, the only claim here is a failed retrieval claim, and the filter is inherently a potential factor in an inability to retrieve the filter, as the Court has noted in cases such as *Heintzman*.

          Respectfully submitted,

Dated:  October 21, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF THOMAS CARPENTER, JR.'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

          /s/ *Jessica Benson Cox*