UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Alfieri, Patti, 1:17-cv-03517

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT IN
<u>PLAINTIFF PATTI ALFIERI'S CASE PURSUANT TO CMO-28</u>**

The Court should grant Cook's Motion for Summary judgment and enter judgment in Cook's favor on all of Plaintiff's claims. Plaintiff acknowledges that her filter fracture claim is barred by Nevada's statute of limitations, and Plaintiff's subsequent incisional hernia is likewise time-barred for two reasons: (1) Plaintiff has failed to cite any authority that Nevada has adopted the "two-injury rule" that she urges, and (2) even assuming the two-injury rule were available under Nevada law, the incisional hernia is not a separate and distinct injury under that rule.

I.  **Plaintiff Has Failed to Demonstrate that the Two-Injury Rule Applies**

Plaintiff rests her response on an argument that her incisional hernia is a distinct injury subject to a later accrual date than her filter fracture, urging the Court to adopt the "two injury rule" for Nevada's statute of limitations. Under the two-injury rule, injuries that share a common cause "may nonetheless be held separate and distinct, for statute of limitation purposes, where their biological manifestations are different and where the presence of one is not necessarily a predicate for the other's development." § 18:27. How long is the manufacturer responsible?—Statutes of limitation, Prod.Liab.: Design and Mfg. Defects § 18:27 (2d ed.). In other words, "where the statute of limitations has run on one exposure-related medical problem, a later medical problem that is 'separate and distinct' is still actionable" in jurisdictions that have adopted the two-injury rule. *Golod v. La Roche*, 964 F. Supp. 841, 850 (S.D.N.Y. 1997).

Plaintiff's argument based on the two-injury rule fails because she cites no authority suggesting that the Nevada law she agrees applies here has adopted the two-injury rule. Neither of the Nevada cases Plaintiff cites – *Bemis* or *Price* – adopts or even mentions the two-injury rule. The only case Plaintiff cites that involves the two-injury rule is *Pooshs v. Philip Morris USA, Inc.*, 250 P.3d 181, 183 (Cal. 2011), but that decision applies California law and has no application here. Plaintiff has offered no authority suggesting that Nevada has adopted the two-

1

injury rule, and her action is time-barred. *See* Dkt. 20092 at 1; *see also Gregory v. Union Pac. R. Co.*, 673 F. Supp. 1544, 1547 (D. Nev. 1987) (finding that plaintiff's claims accrued when "he knew that he had sustained some injury, albeit the full extent was apparently not clear at the time").

## II.  Plaintiff's Incisional Hernia is Not A Separate and Distinct Injury

Even assuming for the sake of argument that Nevada would adopt the two-injury rule for statutes of limitation, Plaintiff's incisional hernia would still be subject to the same accrual date as her time-barred filter fracture because it is not a separate and distinct injury. Under the two-injury rule, a later injury must be "separate and distinct" from the original, time-barred injury in order to have a separate accrual date. *Golod*, 964 F. Supp. at 850. Such a second injury thus must be more than an extension of the original injury and must arise through a different chain of causation. *See McLaughlin v. Bayer Essure, Inc.*, No. 14-7316, 2020 WL 1625549, at *10 (E.D. Pa. Apr. 2, 2020) (noting that a separate accrual date is only appropriate for new injuries that "arise through different chains of causation."); *Hartley v. Ethicon, Inc.*, No. CIV.A. 04-CV-5111, 2006 WL 724554, at *5 (E.D. Pa. Mar. 20, 2006) (holding that lesions caused by migration of the plaintiff's hernia mesh were not a distinct injury from mesh-related scarring that was discovered a year earlier because the lesions were "simply an extension" of the original complication); *Gaillard v. Bayer Corp.*, 986 F. Supp. 2d 241, 249 (E.D.N.Y. 2013) (different accrual dates for multiple injuries with a common cause are only appropriate "where the presence of one is not necessarily a predicate for the other's development").

Here, Plaintiff admits in her response that her incisional hernia was a complication of an open removal surgery that "was performed for the sole purpose of retrieving the fractured IVC filter." Dkt. 20092 at 3. Plaintiff thus underwent her open removal surgery *as a direct*

2

*consequence* of her filter fracture, and any complications associated with that surgery, including the incisional hernia, were "simply an extension" of the filter fracture. The filter fracture and incisional hernia are part of the same chain of causation, and the fracture was "necessarily a predicate" for the development of the incisional hernia. *Gaillard*, 986 F. Supp. 2d at 249.

As a result, Plaintiff finds herself in a Catch-22. If her incisional hernia is related to her prior filter fracture, as her response contends, both injuries are time-barred. But if the incisional hernia was in fact separate and distinct from Plaintiff's filter fracture, as she would need to contend to invoke the two-injury exception, she would necessarily foreclose any causal connection between the incisional hernia and an alleged defect in the filter. Put differently, if Plaintiff were to prevail on this motion by arguing that the incisional hernia is separate and distinct from the filter fracture, she could not argue that the filter fracture caused the incisional hernia. Plaintiff's claims fail either way.

As noted above, all of Plaintiff's injuries as she has framed them are directly related and part of the same chain of causation, and Plaintiff's incisional hernia thus is not a separate and distinct injury. The incisional hernia is therefore subject to the same accrual date as her filter fracture, regardless of whether the two-injury rule applies.

### III.   Plaintiff Has Waived Her Other Claims

Plaintiff failed to respond to Cook's motion for summary judgment on her implied warranty, express warranty, consumer protection, and punitive damages claims, effectively waiving any opposition. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010).

### IV.   Conclusion

The Court should grant Cook's motion and enter judgment for Cook on all of Plaintiff's claims.

3

|  |  |
|---|---|
| Dated: October 22, 2021 | Respectfully submitted,<br><br>/s/ *Jessica Benson Cox*<br>Jessica Benson Cox<br>Andrea Roberts Pierson<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>300 North Meridian Street, Suite 2500<br>Indianapolis, Indiana  46204<br>Telephone:  (317) 237-0300<br>Andrea.Pierson@FaegreDrinker.com<br>Jessica.Cox@FaegreDrinker.com<br><br>James Stephen Bennett<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>110 West Berry Street, Suite 2400<br>Fort Wayne, Indiana  46802<br>Telephone:  (260) 424-8000<br>Stephen.Bennett@FaegreDrinker.com<br><br>*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2021, a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT IN PLAINTIFF PATTI ALFIERI'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*