UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

Document Relates Only to the Following Cases:

Harrier, Eric, 1:19-cv-00979

### **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT**

Defendants seek dismissal of Plaintiff Eric and April Harrier's suit, pursuant to CMO 28 (Dkt. 16601). Because there is no evidence that Plaintiff Eric Harrier knew his injuries were caused by the defective filter, Florida's discovery rule tolls the statute of limitations, and dismissal is inappropriate.

Defendants first argue that Plaintiffs' personal injury and implied warranty claims are governed by Michigan's three-year statute of limitations, relying on a federal case involving a contract dispute.[1] However, "there is a clear distinction" between the choice-of-law analysis applied in Michigan in contract and tort cases. *Humphries v. Allstate Ins. Co.*, 2020 U.S. Dist. LEXIS 104669, *10 (E.D. Mich. June 16, 2020). In *Sutherland v. Kennington Truck Services*, a tort case involving a choice-of-law dispute over the applicable statute of limitations, the Supreme Court of Michigan detailed the two-step choice-of-law analysis that applies in tort cases:

> First, we must determine if any foreign state has an interest in having its law applied. If no state has such an interest, the presumption that Michigan law will apply cannot be

---

[1] *See Czewski v. KVH Indus., Inc.*, 607 Fed. App'x 478, 480 (6th Cir. 2015). Defendants also cite to two unrelated cases for the principle that statutes of limitation are considered procedural in Michigan. *Stephens v. Dixon*, 536 N.W.2d 755, 756 (Mich. 1995); *People v. Russo*, 487 N.W.2d 698, 702 (Mich. 1992). Yet, neither of these cases involved choice-of-law disputes and therefore did not discuss whether or when Michigan applies its procedural law in tort cases.

overcome. If a foreign state does have an interest in having its law applied, we must then determine if Michigan's interests mandate that Michigan law be applied…

454 Mich. 274, 286 (Mich. 1997). The Court of Appeals has applied *Sutherland's* two-part test where the plaintiff, who was a North Carolina resident at time he was injured, moved to Michigan before filing suit, just as Plaintiffs did in this case. *Hall v. GMC,* 229 Mich. App. 580, 585 (Mich. Ct. App. 1998). Finding the plaintiff's residency at the time of injury controlling, the Court determined that North Carolina's interest in having its law applied was substantial, Michigan's was minimal, and therefore, North Carolina law applied. *Id*. at 586-587, 591. As Plaintiffs were Florida residents at the time of injury,[2] Florida law thus applies because Florida has substantial interest in having its law apply, while Michigan has minimal interest.[3]

Plaintiffs' personal injury and implied warranty claims are therefore subject to a four-year statute of limitation under Fla. Stat. § 95.11(3). An action for products liability is tolled, however, until "the facts giving rise to the cause of action were discovered, or should have been discovered with the exercise of due diligence." Fla. Stat. § 95.031(2)(b). "The question of when the statute of limitations begins to run in this type of case is generally treated as a fact question for a jury to resolve." *Carter v. Brown & Williamson Tobacco Corp.*, 778 So. 2d 932 (Fla. 2000).

In *Babush v. American Home Products Corp.*, the 4th District Court of Appeal held that the statute of limitations did not bar the suit because there was no evidence in the record that the plaintiff knew there was a causal connection between the drug at issue and his injury. 589 So. 2d 1379, 1381-82 (Fla. Dist. Ct. App. 1991). Defendants have likewise failed to point to any

---

[2] *See* Plaintiffs' Short Form Complaint at ¶ 5, 12. Defendants do not dispute that Plaintiffs were Florida residents at the time of injury. *See* Defendants' Motion for Judgment at 1.

[3] Notably, in *Frost v. GM, LLC*, the First District Court of Appeals recently determined that "*Hall* remain[s] binding precedent that, along with *Sutherland*, must guide our decision." 2021 Mich. App. LEXIS 5141, *11 (August 26, 2011).

evidence that Plaintiffs knew there was a causal connection between the defective filter and Plaintiff Eric's injuries, including his abdominal pain and limits to his daily activities.

While Defendants may argue that Plaintiffs should have known that the filter was defective at the time it was unable to be retrieved, courts applying Florida law have rejected this argument. In *Boneta v. Am. Med. Sys.*, the plaintiff sued for personal injuries caused by defective pelvic mesh. 2021 U.S. Dist. LEXIS 44697 (S.D. Fla. March 10, 2021). The fact that the plaintiff underwent mesh revision surgery, complained about the mesh in her vagina, and signed an informed consent for mesh removal established only that the plaintiff "knew that the implantation of the mesh had resulted in negative symptoms, but not that she knew or should have known of a reasonable possibility that those symptoms were caused by a defect in the product itself." *Id.* at *21-22.

Defendants also argue that Plaintiffs' consumer protection and express warranty claims are inadequately pled. CMO 28 provides a procedure by which Defendants can seek dismissal of claims that are "barred by the statute of limitations or repose." *See* Dkt. 16601. As Defendants do not contend that Plaintiffs' consumer and express warranty claims are barred by the statute of limitations or repose, and because Plaintiffs should be allowed the opportunity to amend their complaint to correct any pleading deficiencies, dismissal is inappropriate.

For the above reasons, Plaintiffs respectfully request this Court deny Defendants' Motion

Dated: October 28, 2021                    /s/ C. Moze Cowper
                                           C. Moze Cowper, Esq.
                                           Cowper Law LLP
                                           10880 Wilshire Blvd., Ste. 1840
                                           Los Angeles, CA 90024
                                           (877) 529-3707 (telephone)
                                           (877) 284-0980 (fax)
                                           mcowper@cowperlaw.com

                                           *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2021 that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court, which sent email notification of such filing to all CM/ECF participants

*/s/ C. Moze Cowper*
C. Moze Cowper