UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Robinson, Walter and Nina, 1:17-cv-00415

**PLAINTIFF'S MEMORANDUM OPPOSING
DEFENDANT'S MOTION FOR JUDGMENT PURSUANT TO CMO-28**

**ARGUMENT**

**California Law Should Apply**

Plaintiff acknowledges that this Court has ruled that any case filed in to this MDL, except those filed between May 31, 2017 and June 13, 2019, is governed by Indiana law. Dkt. 13539. This case was filed on February 9, 2017. For purposes of appeal, Plaintiff argues that the California statute of limitations should apply to this case. An action for personal injury caused by a defective product, whether alleged as simple negligence, strict liability, or breach of warranty, is governed by a two-year statute of limitations. Cal. Civ. Proc. Code § 335.1; *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 921 (2005). Statutes of limitation do not begin to run until a cause of action accrues. *Romano v. Rockwell Internat., Inc.*, 926 P.2d 1114, 1118 (1996). Under California law, a cause of action accrues at "the time when the cause of action is complete with all of its elements." *Norgart v. Upjohn Co.*, 981 P.2d 79, 83 (1999). California recognizes the discovery rule, which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action. *Id*. A plaintiff has reason to discover a cause of action when he or she has reason at least to suspect a factual basis for its elements. *Gutierrez v. Mofid*, 705 P.2d 886, 889 (1985) ("[T]he uniform California rule is that a limitations period dependent on discovery of the cause of action begins to run no later than the time the plaintiff learns, or should have learned, the facts

1

essential to his claim").

Defendant cites to *Johnston v. Covidien, LP*. in support of its arguments. 2019 WL 2410720, at *4 (N.D. Cal. June 7, 2019). That case is clearly distinguishable. The plaintiff in *Johnson* attempted to invoke the discovery rule, arguing that their claim was not time barred. The Court found this argument unpersuasive because the plaintiff failed to allege facts sufficient to invoke the doctrine.

> Here, plaintiff's complaint alleges no facts demonstrating the time and manner in which plaintiff discovered the claim. Instead, the complaint vaguely alleges that the relation between plaintiff's injury and the Parietex product was not discovered nor could have been discovered "until a date within the applicable statute of limitations for Plaintiff's claims"

*Id.* at *4. That is not the case here. Plaintiff has shown sufficient facts to invoke the discovery rule.

In the present case, Plaintiff had no reason to believe there was anything defective with his filter at the time of the failed removal surgery. He was told this product is designed to act as a permanent filter, without the need for any removal. Further, Defendant's Exhibit A states, "A follow-up inferior venacavogram was performed showing the filter to remain in good position and with the cava appearing patent." This shows the filter was still in good position. No doctor told him that he was injured. This surgery did not alert Plaintiff that he had been injured by anything related to the filter or its design, only that the filter was not removed.

Plaintiff first suspected something may be wrong with the filter when he saw a television commercial in July of 2015. He then contacted and retained an attorney on January 2, 2016. *See* Plaintiff's affidavit attached.  Following the *Gutierrez*, case cited above, the earliest date that this action accrued on was July 1, 2015 and more likely when he retained an attorney on January 2, 2016. That is the time the plaintiff learned, or should have learned, the facts essential to his claim. This includes learning about the defects in the filter as well as why it is related to his failed removal.  Since the claim was filed on February 9, 2017, this is well within the applicable statute of limitations period. Therefore, Defendant's motion must be denied.

## Even Under Indiana Law, Plaintiff's Claim Survives.

The applicable statute of limitations under Indiana law is that a product liability action must be commended within two (2) years after the cause of action accrues. Ind. Code § 34-20-3-1(b)(1).

Under the Indiana Products Liability Act, a cause of action accuses "when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another." *Wehling v. Citizens Nat'l Bank*, 586 N.E.2d 840, 843 (Ind. 1992). Whether discovered facts should lead to the discovery of an injury is often a question of fact. *See Valmore v. Janssen Pharmaceutica Products, LP*, 2005 WL 8165915, at *2 (S.D. Ind. Sept. 21, 2005). The information available to Plaintiff immediately following the failed retrieval surgery was not sufficient to lead to the discovery of an injury. While retrieval of the filter failed, the filter itself was still in a good placement and had not fractured. The facts here are not so clear cut as to convert this fact issue into a question of law. Plaintiff did not discover his failed removal was an injury from the filter until at least July of 2015 when he saw commercial about filter failures. Plaintiff could not have discovered it before that date through the exercise of ordinary diligence. His doctor told him it was in good position and could be safely left in as a permanent filter. There was nothing before July of 2015 to notify him that he had sustained an injury from his filter.

Defendant cites the *Heintzman* case in support of its argument. Dkt. 18391. However, that matter is distinguishable. The plaintiff in that matter argued fraudulent concealment was the doctrine that tolled the statute of limitations. Here, Plaintiff argues that the discovery rule tolls the statute. Further, it was noted by the doctor who attempted the removal in the *Heintzman* case that the filter had fractured. That is not the case here, as the medical records that Defendant offered as a part of its motion notes that Plaintiff's filter was still in good position and did not note any fracture. Plaintiff did not have the notice of injury that is present in *Heintzman*.

Defendant also argues that Plaintiff's claim of implied warranty fails on the same statute of limitations grounds. As the statute of limitations in implied warranty actions is the same as that discussed above, Defendant's arguments fail for the same reasons. Plaintiff did not discover his injury until July, 2015. Finally, Defendant argues that Plaintiff's claim for punitive damages and Co-Plaintiff Nina Robinson's loss of consortium claim fails as derivative. As Plaintiff has argued that his claims for personal injury and implied warranty are not barred by the statute of limitations, Plaintiff's derivative claims remain viable as well.[1] Therefore, Defendant's motion must be denied.

---

[1] Defendant moves to dismiss Plaintiff's consumer protection and express warranty claims as this Court dismissed those claims from the Master Complaint. Plaintiff admits that his short-form complaint does not plead facts that would make either claim viable in light of the Court's ruling.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: <u>10/28/2021</u> | **GOLDENBERGLAW, PLLC** |
|  | By: <u>*/s/ Stuart L. Goldenberg*</u><br>Stuart L. Goldenberg (MN# 158719)<br>800 LaSalle Avenue, Suite 2150<br>Minneapolis MN 55402<br>(612) 436-5027 (Tel)<br>(612) 367-8107 (Fax)<br>slgoldenberg@goldenberglaw.com |
|  | **ATTORNEY FOR PLAINTIFF** |

### CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2021, a copy of the foregoing **PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANTS' MOTION FOR JUDGMENT PURSUANT TO CMO-28 was** filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

<u>*/s/ Stuart L. Goldenberg*</u>