UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This Document Relates Only to the Following Cases:

Bell, Michael, 1:19-cv-02065

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT

Plaintiff Michael Bell submits this opposition to the Cook Defendants' Motion for Judgment in Plaintiff's Case Pursuant to CMO-28 ("Motion"). (Doc. 20143). Defendants argue Mr. Bell's personal injury claims are time-barred under Kentucky law, but fail to establish there are no material issues of fact to be resolved regarding when Mr. Bell knew or reasonably should have known that an injury existed (if at all), that the Gunter Tulip filter ("the IVC Filter") was defective, and/or that Defendants' conduct caused his injuries. For the reasons set forth below, Defendants' Motion should be denied.

## BRIEF ARGUMENT

Fed. R. Civ. P. 12(c) motions are reviewed "under the same standard as a motion to dismiss under Rule 12(b)(6)" and like Rule 12(b) motions, courts grant a Rule 12(c) motion only if "it appears beyond doubt" that the "plaintiff cannot prove any set of facts in support of [his] claim that would entitle [him] to relief." *Jackson v. Herrington*, 2011 WL 1750904, at *3 (W.D. Ky. May 6, 2011); *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983). "Thus to succeed, the moving party must demonstrate that there are no material issues of fact to be resolved." *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998); *see, e.g.*, *Prudential Ins. Co. of Am. v. McFadden*, 504 F. Supp. 3d 627, 636 (E.D. Ky. 2020) (noting "the existence of disputed material facts" and lack of "discovery" as basis for denial).

Mr. Bell was implanted with the IVC Filter in January of 2013. On February 4, 2015, Mr. Bell returned to the same hospital to have the IVC Filter taken out. There is no indication in the medical records that Mr. Bell experienced any complication or manifested any symptoms prior to the retrieval procedure. The medical records do not say what, if anything, prompted the filter retrieval. As documented, the surgeon attempted to retrieve the IVC Filter but noted he was "unable to engage the hook of the IVC Filter with a snare."[1] The IVC Filter had tilted and, according to the medical records, "the apical hook" ended up "embedded in the posterior wall of the IVC." The surgeon concluded the procedure after trying but failing to grasp and retrieve the IVC Filter. Despite the "unsuccessful attempt at IVC Filter removal," the surgeon's note indicates there were "no immediate complications" and that he would discuss "other options" with Mr. Bell. To date, the IVC filter remains inside Mr. Bell.

Kentucky law recognizes the discovery rule as "a means by which to identify the accrual of a cause of action when an injury is not readily ascertainable or discoverable." *Michals v. Baxter Healthcare Corp.*, 289 F.3d 402, 406 (6th Cir. 2002). "For purposes of the discovery rule, injury is defined as an invasion of any legally protected interest of another." *Adams v. 3M Co.*, 2013 WL 3367134, at *3 (E.D. Ky. July 5, 2013); *Michals*, 289 F.3d at 406-07 (illustrating difference between harm and injury). In this type of case, the statute of limitations begins to run on "the date on which the plaintiff had actual or constructive knowledge of the injury." *Id.* This means the critical facts must give rise to more than mere suspicion "that something went wrong during the surgery." *Wiseman v. Alliant Hosps., Inc.*, 37 S.W.3d 709, 712 (Ky. 2000). The plaintiff must be on notice that he has been physically harmed and that the harm may have been caused by the device at issue. *See Munn v. Pfizer Hosp. Products Group, Inc.*, 750 F. Supp. 244, 246 (W.D. Ky. 1990) (denying summary judgment, noting "[the plaintiff's] unconfirmed suspicions" were insufficient). Thus, under Kentucky law, a personal injury "cause of action will not accrue…until the plaintiff discovers, or in the exercise of reasonable diligence should have discovered not only that he has

---

[1] Direct quotes come from Mr. Bell's Medical Records, attached as Defs.' Ex. A, p. 54.

been injured, but also that his injury may have been caused by a defect in device or the defendant's conduct." *Id*.

Defendants argue Mr. Bell's causes of action accrued under Kentucky law no later than February 4, 2015, the date of his unsuccessful IVC Filter retrieval attempt. Defendants' argument is flawed, as it assumes one medical record, divorced from context, documenting the failed retrieval demonstrates when Mr. Bell knew or should have known that an injury existed, and that the injury may have been caused by a defect in the IVC Filter. This is not the case; nor has adequate discovery occurred to determine these factual issues. The medical records do not establish Mr. Bell knew or should have known that the unsuccessful attempt to retrieve the IVC Filter was an injury in and of itself, much less that the failed attempt resulted from a defect in the IVC Filter. These issues are simply not addressed in that medical record.

Even assuming, for the sake of argument, the physician informed Mr. Bell about the failed retrieval, there is no evidence Mr. Bell was advised this was an injury, that the IVC filter was defective, or that his injury was caused by Defendants' conduct. It is more likely Mr. Bell was told the IVC Filter was safe to be left in permanently (since it was promoted and sold as such by Defendants), and his medical records in fact state there were no complications after the unsuccessful retrieval. Plus, phrases such as migration of filter, tilted filter, or failed retrieval do not necessarily encompass specific possible bodily injuries any more than risks associated with the procedure. *See, e.g.*, *Argotte v. Harrington*, 521 S.W.3d 550, 557 (Ky. 2017) (holding that a question of fact remained as to whether "migration of filter" would provide "a reasonable individual with a general understanding of the risk" of bodily injury). In the absence of testimony on these Kentucky discovery rule issues, this Court lacks the evidence necessary to grant Defendants' motion and doing so at this stage would be at best premature.

## CONCLUSION

Based on the foregoing, there is no evidence that Plaintiff knew he was injured by the IVC filer, knew the filter was defective, or was aware Defendants' conduct caused his injury. As such, Defendants' Motion should be denied.

DATED: October 29, 2021.					Respectfully submitted,

/s/ *David C. DeGreeff*
Thomas P. Cartmell MO #45366
Jeffrey M. Kuntz MO #52371
David C. DeGreeff MO #55019
WAGSTAFF & CARTMELL LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Office Tel: 816-701-1100
Fax: 816-531-2372
tcartmell@wcllp.com
jkuntz@wcllp.com
ddegreeff@wcllp.com
***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2021, a copy of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *David C. DeGreeff*
David C. DeGreeff