UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Story, Suzanne - 1:18-cv-00444

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN
PLAINTIFF SUZANNE STORY'S CASE PURSUANT TO CMO-28**

Plaintiff purchased her IVC filter before October 1, 2009. Accordingly, the 6-year North Carolina statute of repose applies to her claims, and Cook is entitled to judgment as a matter of law. Plaintiff's response fails to distinguish multiple cases applying North Carolina law that are dispositive of her time-barred claims.[1]

Plaintiff agrees the only issue before the Court is whether the 6-year or the 12-year version of the North Carolina statute of repose applies to her claims. Pl.'s Resp. at 1, Dkt. 20168. Specifically, Plaintiff argues that use of the term "accrues" in the amended statute requires the Court to apply the 12-year statute of repose if the claimed injury accrued after October 1, 2009.[2] But Plaintiff provides no sound reason for ignoring the express statements of law maintaining that the applicable statute of repose here is determined by the product's purchase date, not when the claim may have accrued for statute of limitations purposes. *See Cramer v. Ethicon, Inc.*, 2021 WL 243872, at *4 (W.D.N.C. 2021) (collecting cases and explaining that "courts applying North Carolina law have consistently applied [the] six-year statute of repose in cases where the product in question was first purchased or delivered . . . before October 1, 2009."); *Lackey v. DePuy Ortho, Inc.*, 2011 WL 2791264, at *3 (W.D.N.C. July 14, 2011) (quoting *Bollick v. Am. Barmag Corp.*, 293 S.E.2d 415, 418 (N.C. 1982)) (explaining that "statutes of repose are distinguishable from ordinary statutes of limitation in that they begin to run 'at a time unrelated to the traditional accrual of the cause of action.'");

---

[1] In addition, Plaintiff failed to file her response in the time permitted by CMO-28. *See* Dkt. 14601, ¶ 5(b) (setting a 15-day deadline for response briefs). Cook filed its motion on September 24, 2021 (Dkt. 20003), but Plaintiff did not respond until October 18, 2021 (Dkt. 20168), nine days after the deadline expired. Because Plaintiff failed to meet CMO-28 deadlines or seek an extension, the Court may dismiss Plaintiff's claims as waived. *See e.g., Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012) (holding that district courts have direction to disregard late response briefs).

[2] Plaintiff argues her claim "accrued" in 2015 and has filed documents in support. *See* Pl.'s Resp. at 3. Cook has no objection to consulting those records, but they are not relevant to the statute-of-repose issue. The present motion does not involve the issue of when Plaintiff's claim accrued for statute-of-limitations purposes.

*Robinson v. Bridgestone/Firestone N. Am. Tire, L.L.C.*, 703 S.E.2d 883, 886-88 (N.C. 2011) (holding the 6-year statute of repose applied based on purchase date, the 12-year statute of repose could not be applied retroactively, and addressing the accrual date of an injury that involved an exception potentially relevant to claims brought by minor plaintiffs only).

Critically, Plaintiff cannot distinguish *In re Elk Cross Timbers Decking Mktg.*, 2015 WL 6467730 (D.N.J. Oct. 26, 2016), which is dispositive of her claims here. In that case, a federal court applying North Carolina law held it improper to conflate "accrual" of the statute of limitations with the statute of repose. *See id.* at *10-11. The facts of *In re Elk Cross* are identical to the situation here: the product was purchased before October 1, 2009, the plaintiff argued that the claim accrued after October 1, 2009, and the time period between the purchase date and the filing date was more than six years but less than 12 years. *See id.* at *3, 10 (noting that the plaintiff purchased his deck in 2007, "discovered the defect … after October 1, 2009", and the case was filed at some point before October 26, 2015, the date of the court's opinion). After reviewing both the North Carolina statute of limitations and the statute of repose, the court held that plaintiffs' "conclusion with respect to the appropriate date of 'accrual' is drawn from the plain language of the statutes at issue in the cases [they] cite [*i.e.*, § 1-52(16), the accrual provision for the statute of limitations] not from the statute that they argue applies here [*i.e.* § 1-46.1, the current 12-year statute of repose]." *In re Elk Cross*, 2015 WL 6467730, at *10. Because the statute of repose states that claims "'shall be brought more than 12 years *after the date of initial purchase* for use or consumption,' [t]he plain language of § 1-46.1 does not comport with Plaintiffs' view when the cause of action 'accrued' in the case" and the predecessor statute "provided a six, not twelve, year limitations period from the purchase date."

2

*Id.* at *11 (emphasis in original).  Because the plaintiff bought his deck in 2007, "the statute in effect at the time of his purchase, applie[d]" and the court dismissed his case as time barred. *Id.*[3]

Finally, a North Carolina federal court reached the same conclusion in another case with similar facts.  In *Ferro v. Vol Vo Penta of the Americas, LLC*, the plaintiff had purchased a used boat in "June 2007, and replaced engine parts in July 2008, August 2009, June 2011, and June 2013."  2017 WL 3710071, *2 (E.D. N.C. Aug. 28, 2017).  The plaintiff alleged that he "discovered" his claims when he began to suspect in March 2013 that the engine parts on the boat were defective and began exploring options to sell the boat. *Id.* at *3.  The court held that "[t]he 2008 and 2009 purchases each accrued before October 2009, are subjected to the six-year statute of repose, and are therefore time-barred," but held that the claims pertaining to parts purchased after October 2009 are subject to the amended 12-year statute of repose and thus were not time-barred. *Id.*  Here, Plaintiff received only one filter during a March 18, 2008 placement procedure.  Thus, the 6-year statute of repose applies and bars Plaintiff's claims because she did not file her action until February 15, 2018.  Plaintiff cites no law that would contradict *In re Elk Cross* and *Ferro*, the two cases that are factually most analogous to her case.

Accordingly, the Court should dismiss all of Plaintiff's claims with prejudice.

---

[3] Plaintiff argues that the parties in *In re Elk Cross* agreed the "accrual" date governed which version of the statute would apply, *see* Pl.'s Resp at 4, but the court's decision did not rest on that agreement.  On the contrary, as explained above, the court expressly determined through statutory interpretation that the purchase date was the controlling factor.

3

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: November 1, 2021 | /s/ *Jessica Benson Cox* |
|  | Jessica Benson Cox |
|  | Andrea Roberts Pierson |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 300 North Meridian Street, Suite 2500 |
|  | Indianapolis, Indiana  46204 |
|  | Telephone:  (317) 237-0300 |
|  | Andrea.Pierson@FaegreDrinker.com |
|  | Jessica.Cox@FaegreDrinker.com |
|  |  |
|  | James Stephen Bennett |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 110 West Berry Street, Suite 2400 |
|  | Fort Wayne, Indiana  46802 |
|  | Telephone:  (260) 424-8000 |
|  | Stephen.Bennett@FaegreDrinker.com |
|  |  |
|  | *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2021, a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF SUZANNE STORY'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*