# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Johnnie Mae Johnson 1:17-cv-02856-RLY-TAB

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT UNDER CMO-28 AND CROSS-MOTION TO STAY**

Defendants are asserting inconsistent positions to this Court: (1) a failed percutaneous removal procedure ("failed removal") is not a sufficient injury to maintain a claim, and (2) a failed removal triggers the statutory limitations period. Both cannot be true. Plaintiff moves this Court to stay consideration of Defendants' Motion for Judgment Under CMO-28 (the "Motion;" Dkt. 20147) until resolution of the process currently underway to determine the sufficiency of the injury.

Regardless, fact questions preclude entry of judgment as a matter of law without discovery under Louisiana's discovery rule.

### I. The Court Should Stay Consideration Of The Motion Until Resolution Of Defendants' Challenge To The Sufficiency Of The Injury.

Defendants have argued repeatedly to the Court that a failed removal is not a sufficient injury to maintain a claim in this proceeding. *See, e.g.*, Dkt. 8449, Motion for Screening Order and Bellwether Selection Plan ("A failed retrieval attempt in and of itself is not an injury").[1] This Court is currently selecting cases for bellwether trials to determine the sufficiency of a failed removal as an injury. To dismiss Plaintiff's case now, with the sufficiency of the injury currently under dispute, would be inefficient and highly prejudicial. As such, Plaintiff asks the Court to stay consideration of the Motion pending the results of the bellwether trials provided for in CMO 27 and later amendments.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Here, it promotes both fairness and efficiency to delay consideration of the Motion. The limitations period cannot begin to run before

---

[1] Because Cook succeeded in getting the Court to grant, in part, its motion and implement a selection process for bellwether trials in Category 5 cases, Cook is judicially estopped from asserting that this case is time barred. *See, e.g.*, *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 795 (7th Cir. 2013).

1

the client sustained a legally sufficient injury, regardless of Plaintiff's knowledge. If Plaintiff's injury is deemed insufficient, Plaintiff should be allowed the opportunity to re-file upon the later occurrence of a different injury. A dismissal with prejudice at this point would deny Plaintiff that opportunity. *See, e.g., SanDisk Corp. v. Phison Elec. Corp.*, 538 F. Supp. 2d 1060, 1066-68 (W.D. Wis. 2008) (staying one matter pending resolution of another because it "may help simplify this case"); *Tap Pharm. Prods., Inc. v. Atrix Labs., Inc.*, 2004 WL 422697, at *1-2 (N.D. Ill. Mar. 3, 2004) (staying one case pending resolution of another because it would decide threshold issues); *MEI, Inc. v. JCM Am. Corp.*, 2009 WL 3335866, at *4 (D.N.J. Oct. 15, 2009) ("A stay is particularly appropriate, and within the court's 'sound discretion,' where the outcome of another case may 'substantially affect' or 'be dispositive of the issues' in a case pending before a district court." (citations omitted)).

Defendants cannot be permitted to maintain inconsistent arguments indefinitely, to Plaintiff's detriment. A stay that is limited in time (pursuant to CMO 27 and its amendments) and subject matter (to timeliness) would remedy the issue.

**II.     Fact Questions Preclude Judgment As A Matter Of Law Without Discovery Under Louisiana's Discovery Rule.**

"[I]n Louisiana prescriptive statutes are subject to the discovery rule." *Zumo v. R.T. Vanderbilt Co., Inc.*, 527 So.2d 1074, 1077 (La. Ct. App. 1988). "Prescription does not commence until the plaintiff has actual or constructive notice of the tortious act, the resulting damage and the causal connection between the two." *Id*. "Prescription will not begin to run at the earliest possible indication that a plaintiff may have suffered some wrong." *Jordan v. Employee Transfer Corporation*, 509 So.2d 420, 423 (La. 1987).

In *Zumo*, the plaintiff suffered from contact dermatitis from exposure to certain chemicals. 527 So.2d at 1077. There was no indication in the record, though, that plaintiff knew about the

2

possibility that he could develop mycosis fungoides as a result of his chronic dermatitis. *Id.* The plaintiff's knowledge of his contact dermatitis did not trigger the prescriptive period – even though Plaintiff plainly knew of an issue caused by the chemical exposure. *Id.* Similarly, knowledge of an acidic stomach condition did not begin the limitations period for a plaintiff who later had 70% of his stomach removed as a result, as the record did not establish when the plaintiff had knowledge that he would sustain the loss of his stomach. *Brown v. State, Through Dept. of Correction*, 354 So.2d 633, 635 (La. Ct. App. 1977). And a diagnosis of Reye's Syndrome was not enough to trigger the prescription period until the plaintiff later heard through a radio show and other news sources that it could be caused by aspirin. *Sharkey v. Sterling Drug, Inc.*, 600 So.2d 701, 713-15 (La. Ct. App. 1992).

The only information available here, alleged or otherwise, suggests Plaintiff knew her IVC filter – marketed and sold as safe for use as a permanent filter – might, in fact, be used as a permanent filter. *See* Motion at Ex. A ("The filter will be left in place as a permanent device."). There are no facts before the Court regarding what Plaintiff was told or otherwise knew regarding the impact of the removal procedure on her body or health. The Court cannot find, as a matter of law based on a single page from a medical record, that Plaintiff's claims are time barred.

The two Orders Defendants cite, Dkts. 18391 (*Heintzman*) and 19305 (*Renshaw*), are distinguishable. In *Heintzman*, the removing physician found the filter had fractured. There was no such discovery here. In *Renshaw*, thrombus was discovered in the filter, and multiple attempts to remove it were scheduled. A fact-specific determination under Utah law has no applicability here.

## CONCLUSION

The Court should stay consideration of the Motion pending resolution of the sufficiency of the injury. Regardless, the Motion fails to establish that Plaintiffs' claims are time barred as a matter of law and must be denied.

3

                                                                               Respectively submitted,

Dated: November 1, 2021                        _/s/ Paul L. Stoller_
                                                                    Paul L. Stoller
                                                                    (Admitted Pro Hac Vice, AZ Bar No. 016773)
                                                                    **DALIMONTE RUEB STOLLER, LLP**
                                                                    2425 E. Camelback Rd., Suite 500
                                                                    Phoenix, AZ 85016
                                                                    Telephone: (602) 888-2807
                                                                    Facsimile: (855) 203-2035
                                                                    paul@drlawllp.com

                                                                  ***Lead Counsel for Plaintiff***

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Paul L. Stoller*
Paul L. Stoller
