**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Robert A. and Angela Stratton 1:16-cv-01032-RLY-TAB

**PLAINTIFF'S RESPONSE TO DEFENDANT WILLIAM COOK
EUROPE ApS'S MOTION FOR JUDGMENT UNDER CMO-28
AND CROSS-MOTION TO STAY**

Defendants are asserting inconsistent positions to this Court: (1) a failed percutaneous removal procedure ("failed removal") is not a sufficient injury to maintain a claim, and (2) a failed removal triggers the statutory limitations period. Both cannot be true. Robert A. and Angela Stratton ("Plaintiff") move this Court to stay consideration of Defendant's Motion for Judgment Under CMO-28 (the "Motion;" Dkt. 20141) until resolution of the process currently underway to determine whether a failed removal is an actionable injury. Plaintiff should not be precluded from pursuing claims based on a later injury, here a symptomatic perforation abutting his aorta, based on events that may be deemed insufficient to trigger a limitations period.

Regardless, fact questions preclude entry of judgment as a matter of law without discovery under Indiana's discovery rule.

I. **The Court Should Stay Consideration Of The Motion Until Resolution Of Defendants' Challenge To The Sufficiency Of A Failed Removal As An Injury.**

Defendant has argued repeatedly to the Court that a failed removal is not a sufficient injury to maintain a claim in this proceeding. *See, e.g.*, Dkt. 8449, Motion for Screening Order and Bellwether Selection Plan ("A failed retrieval attempt in and of itself is not an injury").[1] This Court is currently selecting cases for bellwether trials to determine the sufficiency of a failed removal as an injury. To dismiss Plaintiff's case now, with the sufficiency of that injury currently under dispute, would be inefficient and highly prejudicial. As such, Plaintiff asks the Court to stay consideration of the Motion pending the results of the bellwether trials provided for in CMO 27 and amendments.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and

---

[1] Because Cook succeeded in getting the Court to grant, in part, its motion and implement a selection process for bellwether trials in Category 5 cases, Cook is judicially estopped from asserting that this case is time barred. *See, e.g.*, *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 795 (7th Cir. 2013).

1

for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Here, it promotes both fairness and efficiency to delay consideration of the Motion. The limitations period cannot begin to run before Plaintiff sustained a legally sufficient injury, regardless of Plaintiff's knowledge. If a failed removal is deemed insufficient, Plaintiff should be allowed continue his lawsuit based upon the symptomatic perforation he later suffered. *See* Supp. CCF, filed under seal as **Exhibit A**. A dismissal with prejudice at this point would deny Plaintiff that opportunity. *See, e.g., SanDisk Corp. v. Phison Elec. Corp.*, 538 F. Supp. 2d 1060, 1066-68 (W.D. Wis. 2008) (staying one matter pending resolution of another because it "may help simplify this case"); *Tap Pharm. Prods., Inc. v. Atrix Labs., Inc.*, 2004 WL 422697, at *1-2 (N.D. Ill. Mar. 3, 2004) (staying one case pending resolution of another because it would decide threshold issues); *MEI, Inc. v. JCM Am. Corp.*, 2009 WL 3335866, at *4 (D.N.J. Oct. 15, 2009) ("A stay is particularly appropriate . . . where the outcome of another case may 'substantially affect' or 'be dispositive of the issues' in a case." (citations omitted)).

Defendant cannot be permitted to maintain inconsistent arguments indefinitely, to Plaintiff's detriment. A stay that is limited in time (pursuant to CMO 27 and its amendments) and subject matter (to timeliness) would remedy the issue.

**II.     Fact Questions Preclude Dismissal On A Motion For Judgment On The Pleadings Under Indiana's Discovery Rule.**

Under Indiana law, the "discovery rule" states that the statute of limitations begins "'to run from the date the plaintiff knew or should have discovered that she suffered an injury or impingement, **and** that it was caused by the product or act of another.'" *Degussa Corp. v. Mullens*, 744 N.E.2d 407, 410 (Ind. 2001) (quoting *Barnes v. A.H. Robins Co.*, 476 N.E.2d 84, 87–88 (Ind. 1985) (emphasis added)). "[T]he plaintiff's suspicion, standing alone, about the source of her injury is insufficient to trigger the onset of the limitations period." *Nelson v. Sandoz Pharmaceuticals Corp.*, 288 F.3d 954, 966 (7th Cir. 2002). "In contrast, the limitations period will begin to run when

a physician suggests there is a 'reasonable possibility, if not a probability' that a specific product caused the plaintiff's injury." *Id.* *See also Reed v. City of Evansville*, 956 N.E.2d 684, 692-93 (Ind. Ct. App. 2011); *Dorman v. Osmose, Inc.*, 782 N.E.2d 463, 467-69 (Ind. Ct. App. 2003).

There are no facts, alleged or otherwise, in the record establishing what Plaintiff knew when regarding the injuries he has sustained due to the defects in his IVC filter. Defendant relies on a single page from a medical record, relating to a failed percutaneous retrieval attempt. Motion at Ex. A. That record states, "it may be in the patient's best interest anyways to have long-term protection with a permanent IVC filter." *Id.* Put differently, all this record indicates is that Plaintiff's IVC filter – marketed and sold as safe for use as a permanent filter – would, in fact, be used as a permanent filter. This does not establish, as a matter of law, that Plaintiff knew or reasonably knew he had suffered an injury attributable to his IVC filter at the time of the failed removal.

Regarding the Court orders cited by Cook, Dkts. 18391 (*Heintzman*) and 19303 (*Bush*), both are distinguishable. In *Heintzman*, the removal report noted the filter had fractured. No such other injury was discovered during Plaintiff's removal attempt. In *Bush*, the only injury asserted was the failed retrieval "due to embedment." Here, Plaintiff has suffered a grade 3 perforation abutting his aorta. Exhibit A. Neither of these Orders addresses the issue raised here – namely, that Plaintiff was not aware he had suffered an injury immediately following his failed removal, and later suffered a different injury. A single medical record indicating that Plaintiff might now have a permanent filter does not justify dismissal of Plaintiff's claims.

## Conclusion

The Court should stay consideration of the Motion pending resolution of the sufficiency of a failed removal as an injury. Regardless, the Motion fails to establish that Plaintiff's claims are time barred as a matter of law and must be denied.

|  |  |
|---|---|
|  | Respectively submitted, |
| Dated: November 1, 2021 | */s/ Paul L. Stoller* <br> Paul L. Stoller <br> (Admitted Pro Hac Vice, AZ Bar No. 016773) <br> **DALIMONTE RUEB, LLP** <br> 2425 E. Camelback Rd., Suite 500 <br> Phoenix, AZ 85016 <br> Telephone: (602) 888-2807 <br> Facsimile: (855) 203-2035 <br> paul@drlawllp.com <br><br> ***Lead Counsel for Plaintiff*** |

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

<i>/s/ Paul L. Stoller</i><br>Paul L. Stoller