UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ This Document Relates to: Carleton Amey, 1:19-cv-00119 _____ | 1:14-ml-02570-RLY-TAB MDL No. 2570 |

### ENTRY ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28

Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS (collectively "the Cook Defendants" or "Cook") manufacture and sell inferior vena cava ("IVC") filters, which are used to prevent pulmonary embolism. The Plaintiff herein, Carleton Amey, was implanted with a Cook IVC filter in July 2009 and alleges he was harmed by the device. The Cook Defendants move for judgment on the pleadings on grounds that his claims are barred by North Carolina's six-year statute of repose. The court, having reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion must be **GRANTED**.

**I.    Background**

Plaintiff is a North Carolina resident who was implanted with a Cook Günther Tulip filter on July 7, 2009, by Dr. Overton at the WakeMed Raleigh Campus in Raleigh, North Carolina. (Cause No. 1:19-cv-00119, Filing No. 1, Short Form Compl. at 2-3).

1

Plaintiff's IVC filter was removed on September 30, 2019, because it "was suspected of causing pain or source of infection." (Filing No. 20097, Medical Records at 3, 9, 31). Plaintiff filed the present product liability action against Cook on January 11, 2019. (*See* Short Form Compl.).

## II.     Standard of Review

After the pleadings are closed, but early enough not to delay trial, a defendant may move for judgment on the pleadings on grounds that a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014). "To survive a motion for judgment on the pleadings, a complaint must state a claim to relief that is plausible on its face." *Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 397 (7th Cir. 2018) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In determining whether a complaint is facially plausible, the court draws all reasonable inferences and facts in favor of the non-moving party. *Bishop*, 900 F.3d at 397.

## III.    Discussion

Prior to 2009, North Carolina's statute of repose provided that no personal injury claims "based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or

consumption." N.C. Gen. Stat. § 1-50(a)(6).  On October 1, 2009, the North Carolina legislature repealed § 1-50(a)(6) and enacted a new, twelve-year statute of repose.  *See* N.C. Gen. Stat. § 1-46.1(1) (identical statutory text, with repose period extended to 12 years).  The new repose period applies only "to causes of action that accrue on or after" October 1, 2009.  *Id.*; *Robinson v. Bridgestone/Firestone N. Am. Tire,* LLC, 703 S.E.2d 883, 886-87 (N.C. 2011).

Cook argues Plaintiff's product liability claims are barred under North Carolina's six-year statute of repose because Plaintiff received his filter in July 2009.  Plaintiff responds that his claims accrued on or about September 2019 when it was determined his filter was the source of his medical issues.  Unfortunately for Plaintiff, Cook is correct.

The plain language of North Carolina's statute of repose provides that the repose period begins to run on "the date of initial purchase for use or consumption."  N.C. Gen. Stat. § 1-46.1(1); *see also* N.C. Gen. Stat. § 1-50(a)(6) (repealed 2009).  As observed by a North Carolina federal district court, "courts applying North Carolina law have consistently applied [the] six-year statute of repose in cases where the product in question was first purchased or delivered, as here, before October 1, 2009."  *Cramer v. Ethicon, Inc.*, Case No. 1:20-cv-95-MOC-WCM, 2021 WL 243872, at *4 (W.D.N.C. Jan. 25, 2021); *see also Lackey v. DePuy Orthopedics*, Case No. 5:10-cv-00030-RLV-DSC, 2011 WL 2791264, at *3 (W.D.N.C. July 14, 2011) (applying six-year statute of repose in hip case because it "was in effect at the time Plaintiff purchased the allegedly defective product").

The latest date on which Plaintiff's IVC filter could have been purchased for use or consumption was the date of his implantation surgery, July 7, 2009, nearly three months before the effective date of N.C. Gen. Stat. § 1-46.1(1).  Therefore, Plaintiff's claims are barred as a matter of law by North Carolina's six-year statute of repose set forth in the now-repealed N.C. Gen. Stat. § 1-50(a)(6).  Plaintiff's Complaint must be dismissed with prejudice.

IV. **Conclusion**

For the foregoing reasons, the Cook Defendants' Motion for Judgment in Plaintiff's Case Pursuant to CMO-28 (Filing No. 20003) is **GRANTED**.  Final judgment shall issue forthwith.

**SO ORDERED** this 10th day of November 2021.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.