UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | ) ) ) ) | 1:14-ml-02570-RLY-TAB MDL No. 2570 |
| _____ | ) ) | |
| This Document Relates to: | ) ) | |
| Patti Alfieri, 1:17-cv-03517 | ) ) | |
| _____ | ) | |

**ENTRY ON THE COOK DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and

William Cook Europe APS (collectively "the Cook Defendants" or "Cook") manufacture

and sell inferior vena cava ("IVC") filters, which are used to prevent pulmonary

embolism.  The Plaintiff herein, Patti Alfieri, was implanted with a Cook IVC filter in

January 2007 and alleges she was harmed by the device.  The Cook Defendants move for

summary judgment on grounds that her claims are barred by Nevada's statute of

limitations.  The court, having reviewed the parties' submissions and the applicable law,

finds the Cook Defendants' motion must be **GRANTED**.

**I.    Background**

Plaintiff is a resident of Nevada who was implanted with a Cook Günther Tulip

filter on January 16, 2007, by Dr. Paul Brandt at the University Medical Center of

Southern Nevada in Las Vegas, Nevada.  (Filing No. 1:17-cv-03517, Filing No. 1, Short

1

Form Compl. ¶¶ 4-7, 10-13).  On September 24, 2015, Plaintiff underwent an x-ray of her abdomen that revealed that "[o]ne of the legs of the IVC filter appears to be fractured, and inferiorly displaced." (Filing No. 20009 at 4).  That facture diagnosis was communicated to Plaintiff on the same day, and she was encouraged to follow up with her primary care physician or a cardiothoracic surgeon.  (*Id.* at 6).

Plaintiff ultimately decided to have the filter removed through an open removal surgery, and the filter was successfully removed on April 5, 2016.  (Filing No. 20105-1, Medical Record at 34).  She did, however, suffer an incisional hernia as a result of the surgery.  (Filing No. 20105-2, Medical Record at 6).  Plaintiff filed the present action on October 2, 2017.  (*See* Short Form Compl.).  Over 19 months later, on May 23, 2019, Plaintiff presented for elective repair of the hernia.  (Filing No. 20105-2, Medical Record at 6).

## II.    Discussion

The parties agree Nevada law applies.  The issue is whether Plaintiff's claims are barred by Nevada's two-year statute of limitations.  Under Nevada's discovery rule, the statute of limitations begins to run when "the injured party discovers or reasonably should have discovered facts supporting a cause of action." *Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1065 (8th Cir. 2012) (citing *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990)).  The discovery rule "has been clarified to mean that the statute of limitations begins to run when the patient has before him facts which would put a reasonable person on inquiry notice of his possible cause of action[.]" *Massey v. Litton*, 669 P.2d 248, 251 (Nev. 1983).  A plaintiff is put on inquiry notice "when he or she

2

should have known of facts that would lead an ordinarily prudent person to investigate the matter further." *Winn v. Sunrise Hosp. & Med. Ctr.*, 277 P.3d 458, 462 (Nev. 2012).

Plaintiff concedes that the filter fracture occurred outside the two-year statute of limitations. But she argues the incisional hernia gave rise to a separate and distinct injury claim which was timely filed.

Plaintiff's argument invokes the "two-injury rule," which provides that where the statute of limitations has run on an injury, a later injury that is "separate and distinct" from the time-barred injury is still actionable. *Golod v. LaRoche*, 964 F.Supp. 841, 850-51 (S.D.N.Y. 1997) (quoting *Humphreys v. Humphreys*, 949 F.Supp. 1014, 1020 (E.D.N.Y. 1997)). The second injury must be more than an extension of the original injury and arise through a different chain of causation. *McLaughlin v. Bayer Essure, Inc.*, No. 14-7316, 2020 WL 1625549, at *10 (E.D. Pa. Apr. 2, 2020) (internal quotation marks and citation omitted); *Gaillard v. Bayer Corp.*, 986 F. Supp. 2d 241, 248 n.5 (E.D.N.Y. 2013) (different accrual dates for multiple injuries with a common cause are only appropriate "where the presence of one is not necessarily a predicate for the other's development"); *Hartey v. Ethicon, Inc.*, No. CIV.A. 04-CV-5111, 2006 WL 724554, at *5 (E.D. Pa. Mar. 20, 2006) (holding that lesions caused by migration of the plaintiff's hernia mesh were not a distinct injury from mesh-related scarring that was discovered a year earlier because the lesions were "simply an extension" of the original complication).

Here, Plaintiff admits in her response that her incisional hernia was a complication of the open removal surgery that "was performed for the sole purpose of retrieving the fractured IVC filter." (Pl.'s Resp. at 3). Any complications associated with that surgery,

including the incisional hernia, were "simply an extension" of the filter fracture.  The

filter fracture and incisional hernia are part of the same chain of causation, and the

fracture was "necessarily a predicate" for the development of the incisional hernia.

*Gaillard*, 986 F. Supp. 2d at 248 n.5.  Plaintiff's product liability claims are barred.

Plaintiff failed to respond to Cook's motion for summary judgment on her implied

warranty, express warranty, consumer protection, and punitive damages claims,

effectively waiving any opposition.  *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th

Cir. 2010).

## III.   Conclusion

For the foregoing reasons, Cook's Motion for Summary Judgment (Filing No.

20008) is **GRANTED**.  Final judgment shall be issued forthwith.

**SO ORDERED** this 10th day of November 2021.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.