UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Case:

Harrier, Eric, 1:19-cv-00979

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF ERIC HARRIER'S CASE PURSUANT TO CMO-28**

The Court should dismiss the entirety of Plaintiff's case. Plaintiff neither disputes that Michigan's choice-of-law rules govern his action nor argues that his claims are timely under Michigan law. *See* Dkt. 20279 at 1-2. Instead, Plaintiff contends that Michigan's choice-of-law rules require application of Florida's four-year statute of limitations to his case. *See id.* Because Michigan choice-of-law rules require application of Michigan's three-year statute of limitations, Plaintiff's claims are untimely and should be dismissed.[1]

Michigan considers statutes of limitations to be procedural. *See Johnson v. Ventra Grp., Inc.*, 191 F.3d 732, 746 (6th Cir. 1999); *Stephens v. Dixon*, 536 N.W.2d 755, 756 (Mich. 1995). Accordingly, "[u]nder Michigan's common law choice of law rule, statutes of limitation . . . are governed by the law of the forum." *Johnson*, 191 F.3d at 746 (citing *Isley v. Capuchin Province*, 878 F. Supp. 1021, 1025 (E.D. Mich. 1995)). Contrary to Plaintiff's assertion, this rule is not dependent on the nature of the action—that is, whether the claim sounds in tort or contract. *See* Dkt. 20279 at 1 (quoting *Humphries v. Allstate Ins. Co.*, 2020 WL 3248896, at *4 (E.D. Mich.

---

[1] Even assuming, *arguendo*, that Florida's four-year statute of limitations applied, that statute would also bar Plaintiff's claims. *See* Fla. Stat. § 95.11(3). Under Florida's discovery rule, the limitations period is tolled until "the date that the facts giving rise to the cause of action were discovered, or should have been discovered with the exercise of due diligence." Fla. Stat. § 95.031(b)(2). In the product liability context, the plaintiff only needs to know that there was a "**reasonable possibility**" that the product was defective and that the product caused the alleged injury. *Boneta v. Am. Med. Sys., Inc.*, 524 F. Supp. 3d 1304, 1314 (S.D. Fla. 2021) (emphasis added).

This Court has held that a failed retrieval procedure puts a plaintiff "on notice that there [is] a **reasonable possibility** that the filter harmed him, and that he should inquire into his rights." Dkt. 18391 at 3-4 (emphasis added) (dismissing the *Heintzman* case under Indiana and Ohio law). The same reasoning applies to Plaintiff's claims under Florida law. Like Indiana law, Florida law provides that inquiry notice is sufficient to start the limitations period. *See Boneta*, 524 F. Supp. 3d at 1314 (noting the knowledge necessary to begin the limitations period may be actual or constructive). Here, Plaintiff underwent **two** failed retrieval procedures. These failed retrievals provided sufficient information to begin the limitations period as a matter of law. *See id.*

Plaintiff's Response overlooks the material factual differences between *Boneta* and the circumstances here. In *Boneta*, the plaintiff's doctor told her that her symptoms resulted from scar tissue from the implantation surgery, not the device. *Boneta*, 524 F. Supp. at 1314. By contrast, here, Plaintiff undisputedly knew at the time of the failed filter retrieval attempts that the filter was a potential factor in the failed attempts.

June 16, 2020). In *Johnson*, the Sixth Circuit considered a choice-of-law dispute concerning the applicable statute of limitations. 191 F.3d at 745-46. The court held that Michigan's statute of limitations barred the plaintiff's tort claim for intentional interference because, *inter alia*, Michigan's choice-of-law rules required application of the forum's statute of limitations.[2] *Id.* at 747.

Even assuming the procedural nature of the statute of limitations were not dispositive, Michigan's statute of limitations would still apply under Michigan's "borrowing statute," which dictates the applicable statute of limitations in cases where the cause of action accrued outside of Michigan. *See* M.C.L. § 600.5861; *see also Hover v. Chrysler Corp.*, 530 N.W.2d 96, 97-98 (Mich. App. 1994). Under that statute, "a cause of action that accrues outside of [Michigan] in favor of a Michigan resident is governed by Michigan's statute of limitations." *Johnson*, 191 F.3d at 745-46. But "an action filed in Michigan by a nonresident and based on a cause of action which accrued outside of Michigan is barred on the expiration of ***either*** the Michigan limitations period or the foreign state's limitations period, ***whichever expires first***."[3] *Isley*, 878 F. Supp. 1021, 1025 (citation omitted) (emphasis added).

---

[2] Plaintiff urges the Court to disregard the procedural nature of Michigan's statute of limitations, arguing the Court should instead adopt a two-step, substantive choice-of-law analysis. Dkt. 20279, at 1 (citing *Sutherland v. Kennington Truck Serv., Ltd.*, 562 N.W.2d 466 (Mich. 1997)). *Sutherland* does not support such an approach here. As the *Johnson* court observed, *Sutherland* itself notes that Michigan regards statutes of limitations as procedural. *See Johnson*, 191 F.3d at 746 (citing *Sutherland*, 562 N.W.2d at 477); *see also Sutherland*, 562 N.W.2d at 477 (Brickley, J., concurring in part and dissenting in part) ("Michigan classifies statutes of limitation as procedural."). Nothing in *Sutherland* suggests that the court intended to abandon or overrule its prior characterizations of statutes of limitations as procedural. *See Stephens*, 536 N.W.2d at 756; *People v. Russo*, 487 N.W.2d 698, 702 (Mich. 1992).

[3] Section 5861 provides in relevant part:

> An action based upon a cause of action accruing without this state shall not be commenced after the expiration of the statute of limitations of either this state or the place without this state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of this state the statute of limitations of this state shall apply.

M.C.L. § 600.5861.

Here, Plaintiff admits that his claimed injury occurred in Florida. *See* Dkt. 20279 at 2; *see also* Pl.'s Short-Form Compl. at ¶¶ 5, 12. Michigan's borrowing statute thus applies to Plaintiff's claims. *See Hover*, 530 N.W.2d at 98. Because Plaintiff is currently a Michigan resident, *see* Pl.'s Short-Form Compl. at ¶ 6, the borrowing statute commands application of Michigan's statute of limitations, *see* M.C.L. § 600.5861; *see also Johnson*, 191 F.3d at 745-46. But even if Plaintiff's "resident" status were determined at the time of his claimed injury—when Plaintiff resided in Florida—Michigan's statute of limitations would still apply to and bar Plaintiff's claims under the borrowing statute because Michigan's shorter limitations period bars the claims. *See* M.C.L. § 600.5861; *see also Isley*, 878 F. Supp. at 1025.

The cases on which Plaintiff relies are inapposite. In *Sutherland*, the cause of action accrued in Michigan, meaning that the borrowing statute was inapplicable. 562 N.W.2d at 467 n.2. In *Hall*, the court did not need to reach the issue of whether Michigan's borrowing statute applied to both statutes of limitations and repose because application of the borrowing statute would not have altered the outcome. *See Hall v. Gen. Motors Corp.*, 582 N.W.2d 866, 871 (Mich. App. 1998). Here, the borrowing statute applies to Plaintiff's case and requires application of Michigan's three-year statute of limitations. *See* M.C.L. § 600.5861. His case is time-barred.[4]

---

[4] Plaintiff contends that it is improper to dismiss his consumer protection and express warranty claims under the CMO-28 procedure. Dkt. 20279 at 3. But this Court has routinely dismissed such consumer protection and warranty claims under CMO-28 based on pleading defects. *See, e.g.*, Dkt. 19305 at 4 (dismissing Plaintiff Renshaw's express warranty and consumer protection claims under the CMO-28 procedure); Dkt. 19391 at 4 (same); Dkt. 19408 at 5-6 (same). Plaintiff does not deny that his pleadings suffer the same defects that doomed other Plaintiffs' claims under these same theories. Instead, Plaintiff argues that he should be permitted to amend his Complaint to fix the pleading defects this Court has identified. Plaintiff does not indicate what amendments he could make that would cure the defects nor does he explain why he has failed to move to make such amendments in the years since the Court found the Master Complaint's pleading of these claims insufficient.

                                                            Respectfully submitted,

Dated: November 12, 2021                    */s/ Jessica Benson Cox*
                                                    Jessica Benson Cox, Counsel
                                                      Andrea Roberts Pierson, Counsel
                                                      FAEGRE DRINKER BIDDLE & REATH LLP
                                                      300 North Meridian Street, Suite 2500
                                                      Indianapolis, Indiana 46204
                                                      Telephone: (317) 237-0300
                                                      Andrea.Pierson@FaegreDrinker.com
                                                      Jessica.Cox@FaegreDrinker.com

                                                      James Stephen Bennett, Counsel
                                                      FAEGRE DRINKER BIDDLE & REATH LLP
                                                      110 West Berry Street, Suite 2400
                                                      Fort Wayne, Indiana 46802
                                                      Telephone: (260) 424-8000
                                                      Stephen.Bennett@FaegreDrinker.com

                                                      *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF ERIC HARRIER'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                                         */s/ Jessica Benson Cox*