UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Case:

Bell, Michael, 1:19-cv-02065

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT IN
<u>PLAINTIFF MICHAEL BELL'S CASE PURSUANT TO CMO-28</u>**

The Court should dismiss the entirety of Plaintiff's cause of action. Plaintiff's undisputed knowledge in 2015 of the injury he now claims—a failed retrieval—negates his argument that the discovery rule saves his tort claims.[1]

### A.   Kentucky's Discovery Rule Does Not Save Plaintiff's Case

Plaintiff's case is time-barred under Kentucky law because he did not commence this action until more than one year after his failed filter retrieval. As this Court explained in *Heintzman*, Plaintiff Heintzman "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391 (dismissing the *Heintzman* case under Indiana and Ohio law); *see also* Dkt. 19305 (dismissing the *Renshaw* case under Utah law). Like Indiana law, Kentucky law provides that inquiry notice is sufficient to start the statute of limitations. *See Fluke Corp. v. LeMaster*, 306 S.W.3d 55, 64 (Ky. 2010); *Adams v. 3M Co.*, 2013 WL 3367134, at *3 (E.D. Ky. July 5, 2013). Here, as in *Heintzman*, Plaintiff's failed retrieval provided sufficient information to start the limitations period as a matter of law. *See* Dkt. 18391; *Adams*, 2013 WL 3367134, at *3.

Plaintiff does not distinguish *Heintzman*. Instead, Plaintiff argues that under Kentucky law, mere suspicion of injury and product defect is insufficient to begin the limitations period. *Id.* at 2 (quoting *Wiseman v. Alliant Hosps., Inc.*, 37 S.W.3d 709, 712 (Ky. 2000)); *see also Munn v. Pfizer Hosp. Prods. Grp., Inc.*, 750 F. Supp. 244, 246 (W.D. Ky. 1990). But as the *Munn* case states, the discovery rule tolls the statute of limitations only "until the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also

---

[1] Plaintiff's response does not deny that Cook is entitled to the dismissal of his non-tort-based claims. Plaintiff's non-tort-based claims should therefore be dismissed. *See, e.g.*, Dkt. 19639 (dismissing Plaintiff Boone's non-tort-based claims because his "failure to respond to the substance of Cook's arguments is effectively a concession that these points are well taken"); *see also Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (holding that failure to respond to an argument results in waiver).

that his injury *may* have been caused by the defendant's conduct." 750 F. Supp. at 246 (quoting *Louisville Tr. Co., v. Johns-Manville Prods., Inc.*, 580 S.W.2d 497, 501 (Ky. 1979)); *see also Hazel v. Gen. Motors Corp.*, 863 F. Supp. 435, 438 (W.D. Ky. 1994). Where the injury claimed is a failed attempt to remove a medical device, the failed removal itself provides the plaintiff with notice that the "injury" *may* have been caused by the medical device. *See In re Bridgestone/Firestone Inc.*, 2002 WL 31689271, at *3 (S.D. Ind. Nov. 20, 2002) (applying Kentucky law and explaining that "in the products liability context, . . . a potential plaintiff's awareness of an injury and of the instrumentality causing the injury is enough to trigger the limitations clock and to impose on the plaintiff the duty to discover the responsible parties"). And as noted above, this Court has already held that a failed retrieval provides sufficient information to begin the limitations period in an inquiry-notice jurisdiction like Kentucky. *See, e.g.*, Dkt. 18391; Dkt. 19305.

Plaintiff also contends that, although he knew in 2015 that he had a filter that could not be retrieved, a fact question remains concerning when Plaintiff discovered his injury. Dkt. 20287 at 3. But again, Plaintiff's argument makes no sense. The failed retrieval is ***the exact injury*** that Plaintiff claims that he suffered.[2] *See* Dkt. 20144. Plaintiff therefore faces an insoluble dilemma: If Plaintiff's 2015 failed retrieval ***was*** an injury, as his pleadings assert, his claims based on that "injury" are barred by the statute of limitations. *See Combs v. Albert Kahn Assocs., Inc.*, 183 S.W.3d 190, 195 (Ky. Ct. App. 2006) ("[O]nce an individual realizes that he has been injured . . . , his cause of action accrues, even if he does not yet realize the extent of his injury."). But if his failed retrieval was ***not*** an injury, as he arguably implies in his Response, Plaintiff has no

---

[2] Plaintiff contends that he had no reason to know the filter was a potential cause of his alleged injury because "his medical records in fact state there were no complications after the unsuccessful retrieval." Dkt. 20287 at 3. As explained, this position is paradoxical: Plaintiff knew of his claimed injury—a failed retrieval—and its potential relationship to the filter ***at the time of the procedure***. *See* Dkt. 18391.

compensable injury and, thus, no claim. *Wood v. Wyeth-Ayerst Lab'ys.*, 82 S.W.3d 849, 859 (Ky. 2002) (rejecting independent claims for medical monitoring absent present personal injury).

Respectfully submitted,

Dated: November 12, 2021  /s/ Jessica Benson Cox
Jessica Benson Cox, Counsel
Andrea Roberts Pierson, Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF MICHAEL BELL'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ Jessica Benson Cox