UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION           MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Robinson, Walter and Nina, 1:17-cv-00415

_____

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF WALTER ROBINSON'S[1] CASE PURSUANT TO CMO-28**

---

[1] The Cook Defendants refer to Mr. Robinson as "Plaintiff" due to the singular language used in the structure of the Short Form Complaint.  Plaintiff's spouse, Nina Robinson, is a Co-Plaintiff on a loss of consortium claim, and this Reply relates to the dismissal of her derivative claim as well.

The Court should dismiss Plaintiff's action in its entirety. Plaintiff's undisputed knowledge of a failed 2012 filter retrieval attempt necessarily renders his claims untimely.

## A.   Under Governing Indiana Law, The Discovery Rule is Inapplicable.

Plaintiff's case is time-barred under Indiana law because he did not commence this action until more than two years after his failed filter retrieval.[2] As this Court explained in *Heintzman*, the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391 (applying Indiana law). Plaintiff here likewise claims a failed retrieval as his injury, and that failed retrieval procedure provided sufficient information to start the limitations period as a matter of law for the same reasons the Court articulated in *Heintzman*.[3]

Indeed, the failed retrieval is the only injury Plaintiff claims,[4] and that retrieval gave Plaintiff notice both of his claimed injury and of its connection to his filter. *See* Ex. A, Dkt. 20152, Pl.'s Case Categorization Form (describing the injury as "Failed Retrieval; Densely adherent filter legs to IVC wall precluding retrieval; legs would not release…"). As in *Heintzman*, the failed retrieval attempt provided enough information to put Plaintiff on notice to investigate a potential

---

[2] While acknowledging that the Court has ruled that Indiana law governs his complaint based on its February 9, 2017 filing, *see* Dkt. 20281 at 1, Plaintiff argues his claim under California as well as Indiana law "[f]or purposes of appeal." Plaintiff offers no reason for the Court to alter its previous choice-of-law ruling. *See* Dkt. 13539.

[3] Plaintiff attempts to distinguish *Heintzman* by noting it involved a fractured filter while this case does not. *See* Dkt. 20281 at 3. This argument is unavailing. Although *Heintzman* did involve a fractured filter, that was not the basis of the decision. In fact, the Court found Plaintiff Heintzman had sufficient notice to start the statute of limitations based on the failed retrieval procedure, as quoted above. *See* Dkt. 18391 at 3-4.

[4] To the extent Plaintiff may claim other complications or injuries, the statute of limitations bars those claims as well because they do not constitute new or separate claims under Indiana law. On the contrary, "it is not necessary that the full extent of the damage be known or even ascertainable but only that some ascertainable damage has occurred." *Monsanto v. Miller*, 455 N.E.2d 392, 394 (Ind. Ct. App. 1983).

claim.  *See* Dkt. 18391 (*Heintzman*); *see also* Dkt. 19303 (*Bush*, holding same).  Plaintiff knew in 2012 that the attempt to remove the filter had failed, and his claims are therefore time-barred.

Plaintiff admits he knew in 2012 that his filter could not be retrieved but argues a fact question exists concerning when he discovered his injury.  *See* Dkt. 20281 at 2-3.  This argument makes no sense.  The failed retrieval ***is the exact injury*** that Plaintiff claims he suffered.  *See* Dkt. 20152, Exhibit A.  Plaintiff therefore faces an insoluble dilemma: If his 2012 failed retrieval ***was*** an injury, as his pleadings assert, his claims based on that "injury" are barred by the statute of limitations.  *See Cooper Indus., LLC v. City of S. Bend*, 899 N.E.2d 1274, 1280 (Ind. 2009).  But if his failed retrieval was ***not*** an injury, as he implies in his response, Plaintiff has no compensable injury and, thus, no claim.  *Atl. Coast Airlines v. Cook*, 857 N.E.2d 989, 996 (Ind. 2006).

Plaintiff does not (and, indeed, cannot) deny knowledge of having undergone a medical procedure requiring consent to attempt removal of the filter.  The very medical record Plaintiff provides notes that the "risk benefits alternatives and potential complications … have been discussed with the patient and or surrogate.  All questions have been answered.  Understanding has been expressed."  *See* Dkt. 20152, Exhibit A at 8.  Plaintiff claims the follow-up venacavogram showed "the filter was still in good position," that "[n]o doctor told [Plaintiff] that he was injured," and that he only learned of defects in the filter when he saw a television commercial in 2015 and retained an attorney in 2016.  Dkt. 20281 at 2.  These allegations are irrelevant.  Under Indiana law, Plaintiff's knowledge of any alleged "defect" is immaterial because the discovery rule applies to cases of latent *injury*, not latent *defect*.  *See Valmore v. Janssen Pharm. Prods., LP*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005).  Plaintiff must either admit that his failed retrieval was an injury barred by the statute of limitations or that he suffered no injury at all, as he now suggests.  *See* Dkt. 20281 at 3.  Under either theory, Plaintiff's claims fail as a matter of law.

**B.      Even Assuming California Law Applied, Plaintiff's Claims Are Still Time-Barred.**

Even assuming for the sake of argument that California law applied, Plaintiff's claims would still be time-barred under California's two-year statute of limitations because, again, he did not commence this action until more than two years after his failed filter retrieval.  *See* Cal. Civ. Proc. Code § 335.1; *see also Johnston v. Covidien, LP*, 2019 WL 2410720, at *3 (N.D. Cal. June 7, 2019) (holding plaintiff's cause of action accrued when she underwent a "repair surgery" of her hernia mesh device).  Plaintiff argues that *Covidien* is distinguishable because the *Covidien* plaintiff "failed to allege facts [in the complaint] sufficient to invoke the doctrine."  *See* Pl.'s Resp., Dkt. 20281, at 2.  But Plaintiff's pleadings here have the same deficiencies, failing to meet California's heightened pleading requirement:

> [A] cause of action accrues and the statute of limitations begins to run when the plaintiff has reason to suspect an injury and some wrongful cause, *unless the plaintiff pleads and proves that a reasonable investigation at that time would not have revealed a factual basis for that particular cause of action*.

Cal. Civ. Code Proc.§ 335.1 (emphasis added). As explained above, Plaintiff had sufficient information that his filter could not be removed in 2012, but he has not pled (and cannot) plead what steps he took to conduct a reasonable investigation at that time or why that reasonable investigation would not have revealed a factual basis for the claim.  *See E-Fab, Inc. v. Accountants, Inc. Servs.*, 153 Cal. App. 4th 1308, 1324 (Cal. Ct. App. 2007) (noting plaintiff's pleadings must allege (1) the time and manner of discovery and (2) an "inability to have made earlier discovery despite reasonable diligence," including the lack of "circumstances that should have alerted the plaintiff to its injury at defendant's hands."). Plaintiff has not pled a basis for avoiding the California statute of limitations, and that statute bars his claims.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

Dated:  November 12, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 12, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF WALTER ROBINSON'S CASE PURSUANT TO CMO-28** was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*