UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Johnson, Johnnie Mae, 1:17-cv-02856

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF JOHNNIE MAE JOHNSON'S CASE PURSUANT TO CMO-28 AND RESPONSE TO CROSS-MOTION FOR STAY**

The Court should dismiss Plaintiff's action. Plaintiff's undisputed knowledge in 2013 of the injury she claims—a failed retrieval—negates her argument that the discovery rule saves her claim and renders her claims untimely. The Court should also deny Plaintiff's motion for stay.

**A. The Court Should Rule on the Merits of the Motion and Deny Plaintiff's Cross-Motion for a Stay Pending Resolution of the Next Round of Bellwether Trials.**

The Court should deny Plaintiff's cross motion for a stay of this motion until the conclusion of the next set of bellwether trials. *See* Dkt. 20296 at 1-2. Cook's position is not inconsistent, and the motion for dismissal is ripe for decision in the current posture of this case.

Plaintiff correctly notes that it is Cook's position that a failed percutaneous retrieval alone is not a legally compensable injury. Dkt. 20296 at 1. As Plaintiff essentially concedes, if Cook is correct, then Plaintiff's claims fail as a matter of law. *See e.g., Oliver v. Pharmacia & Upjohn Co., LLC*, 2008 WL 4691626, at *7 (E.D. La. Oct. 22, 2008) (dismissing case because loss of bone mineral density was not a present injury, but only a precursor to a potential future injury). But even assuming Cook were incorrect, and a failed retrieval were a compensable injury, Cook is nevertheless entitled to dismissal of Plaintiff's individual case based on the Louisiana statute of limitations. The failed retrieval attempt is the ***only*** injury Plaintiff claims in this case. *See* Dkt. 20148 (Plaintiff selecting Category 5 and describing the claimed injury as a "[f]ailed attempt to remove due to tilted filter and hook embedded in the vena cava wall"). Thus, assuming for the sake of argument that Plaintiff's 2013 failed retrieval ***was*** an injury, as her pleadings assert, her claims based on that "injury" are barred by the statute of limitations for the reasons set forth in Cook's motion. Either way, Plaintiff's claim fails, and the proper course of action is to dismiss her claims, not to stay the motion for an indeterminate time.

**B.      Plaintiff's Claims Are Time-Barred under Louisiana Law.**

Plaintiff's case is time-barred under Louisiana law because she did not commence this action until more than one year after her failed filter retrieval. As this Court explained in *Heintzman*, the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391. As with Indiana law in *Heintzman*, inquiry notice is sufficient to start the statute of limitations running under Louisiana law. *See Oil Ins. Ltd. v. Dow Chem. Co.*, 977 So. 2d 18, 22 (La. Ct. App. 2007); *In re: Taxotere (Docetaxel) Prod. Liab. Litig.*, 995 F.3d 384, 391 (5th Cir. 2021) (holding that prescription runs "from the time there is notice enough to call for *inquiry* about a claim, not from the time when the inquiry reveals facts or evidence sufficient to *prove* the claim") (emphasis in original); *see also Brown v. Biomet Ortho., LLC*, 244 F. Supp. 3d 810, 817 (N.D. Ind. 2017) (applying Louisiana law and holding date of plaintiff's revision surgery was latest possible date of injury); *Mayard v. St. Jude Med. Inc.*, 2019 WL 7476714, at *3-4 (W.D. La. Dec. 10, 2019) (finding prescriptive period triggered on date of surgery to remove device). The Court should therefore find here, as it did in *Heintzman*, that Plaintiff's failed retrieval provided sufficient information to start the limitations period as a matter of law.

Plaintiff's attempt to distinguish *Heintzman* and *Renshaw* is unpersuasive. Plaintiff points out *Heintzman* involved the attempted removal of a filter that had fractured, and that *Renshaw* applied Utah law. *See* Dkt. 20296 at 3. But those distinctions do not alter the critical fact that in *Heintzman,* in *Renshaw,* and here, the plaintiff experienced a failed retrieval that provided sufficient information to begin the limitations period in an inquiry-notice jurisdiction like Louisiana. *See* Dkt. 18391 (*Heintzman*); Dkt. 19305 (*Renshaw*). Plaintiff filed this action more

than one year after learning her filter could not be removed, and she does not provide authority to indicate that Louisiana law functions in a contradictory manner.

The Louisiana cases cited by Plaintiff are inapposite, because they involve situations where plaintiffs either had multiple injuries or an injury that became more severe over time. *See* Dkt. 20296 at 2-3 (citing *Zumo v. R.T. Vanderbilt Co., Inc.*, 527 So.2d 1074, 1077 (La. Ct. App. 1988) (plaintiff's chemical exposure at work caused allergic contact dermatitis, which was "a distinct disease" from later-diagnosed mycosis fungiodes); *Brown v. State, Through Dept. of Correction*, 354 So.2d 633, 635 (La. Ct. App. 1977) (plaintiff knew that he was suffering from an acidic stomach condition because defendant-prison failed to provide him a bland diet but this "was not sufficient notice to put him on notice that he might sustain a [surgical] loss of a large part of his stomach."); *Sharkey v. Sterling Drug, Inc.*, 600 So.2d 701, 714-15 (La. Ct. App. 1992) (plaintiffs were told by physicians that cause of Reye's Syndrome was unknown and they did not have actual knowledge of causal link to medication until hearing new information on the radio).

Here, as explained above, Plaintiff knew in 2013 that she had a filter that could not be retrieved, and she claims no other injury. Because she claims no other injury, the Court need not address whether a "distinct" injury has occurred as in *Zumo* or if the claimed injury may progress to become more serious as in *Brown*. Moreover, unlike *Sharkey*, a failed retrieval is inherently linked to the filter itself as a possible cause. Because courts applying Louisiana law have recognized that prescription (*i.e.*, the limitations period) is triggered no later than the removal of a device, the attempted removal procedure is sufficient to start the statute of limitations period for Plaintiff's failed retrieval claim here. *Brown*, 244 F. Supp. 3d at 817 (prescription started no later than surgery to remove the device at issue); *Mayard*, 2019 WL 7476714, at *3-4 (same).

The Court should deny Plaintiff's motion for stay and dismiss Plaintiff's case with prejudice.

3

Respectfully submitted,

Dated: November 16, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2021, a copy of the foregoing **COOK DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF JOHNNIE MAE JOHNSON'S CASE PURSUANT TO CMO-28** was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*