IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:
Plaintiff Jasmine Bowen
1:17-cv-2704-RLY-TAB

## **PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO DISMISS**

Plaintiff Jasmine Bowen ("Plaintiff" or "Ms. Bowen"), by counsel and pursuant to Federal Rule of Civil Procedure 41(a)(2), respectfully submits Plaintiff's Brief in Support of Motion to Dismiss against Defendants Cook Incorporated, Cook Medical LLC, *formerly known as* Cook Medical Incorporated, and William Cook Europe ApS (collectively referred to as the "Cook Defendants") and in support states as follows:

### FACTUAL BACKGROUND

On January 15, 2014, Ms. Bowen was implanted with a Cook Gunther Tulip Vena Cava Filter. (1:17-cv-02704, Filing No. 13, Am. Short Form Compl. ¶¶ 10-12). The filter became embedded in the wall of her IVC. (Filing No. 18420, Medical Record at 1). On March 20, 2014, the filter was removed. (Id. at 5). As a result, she filed suit against Defendants on August 9, 2017.

On July 13, 2021, this Court granted Defendant's Motion for Partial Judgment in Plaintiff's Case Pursuant to CMO-28 and dismissed Plaintiff's claims for personal injury, express warranty, consumer protection, and punitive damages leaving only a single remaining claim of

1

breach of implied warranty.

On November 9, 2021, Ms. Bowen's case was selected as a Category 5 Tulip bellwether and placed second behind one other case. No current trial date has been set. At this time, due to the limitations on Plaintiff's claim and in the interests of judicial economy and to save both sides unnecessary costs and expense, Plaintiff moves to dismiss her case with prejudice.

## ARGUMENT

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides the authority under which a court can dismiss a case. It states, in relevant part, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed.R.Civ.P. 41(a)(2). This Court has the discretion to dismiss the case with or without prejudice. *Carter v. City of Allen*, 922 F.3d 824, 825 (7th Cir. 2019). Here, in the interests of judicial economy, and to save both sides unnecessary costs and expense, Plaintiff has moved to dismiss her case with prejudice.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests the Court grant her instant motion and dismiss the above-captioned case with both sides bearing their own costs and grant all other and further relief that the Court considers proper.

DATED: November 23, 2021

Respectfully submitted,

*/s/ David M. Langevin*
David M. Langevin
MN Bar No. 329563
McSweeney/ Langevin LLC
2116 Second Avenue South
Minneapolis, MN 55404
Telephone: (877) 542-4646
Fax: (612) 454-2678
dave@westrikeback.com