IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Johnnie Mae Johnson 1:17-cv-02856-RLY-TAB

### **PLAINTIFF'S REPLY IN SUPPORT OF CROSS-MOTION TO STAY**

Plaintiff's action is timely under Louisiana's discovery rule. But if the Court is inclined to consider the matter further, a stay holding Defendants' Motion for Judgment Under CMO-28 (the "Motion;" Dkt. 20147) in abeyance is warranted. Without such a stay, the Court may generate significant litigation following resolution of its current bellwether selection process for Category 5 cases.

Defendants miss the point in arguing that Plaintiff's claims must be dismissed regardless of whether a failed removal constitutes an actionable injury. Defendants are seeking dismissal **with prejudice**. A dismissal for lack of actionable injury must be **without prejudice**. *MacDonald v. Agacinski*, 2010 WL 4179758, at *6 (E.D. Mich. Aug. 6, 2010) (recommending dismissal without prejudice where plaintiff had not suffered injury at the time of filing and therefore limitations period had not started), *adopted in full* 2010 WL 4176094; *Sanchez v. U.S.*, 2010 WL 3199878, at *3 (S.D. Fla. Aug. 6, 2010) (recommending dismissal without prejudice for failure to allege sufficient injury), *adopted in full* 2010 WL 3466932. If a failed removal does not suffice as injury, Plaintiff should have the opportunity to file a claim in the future in the event she suffers an actionable injury (such as those in other cases in this MDL).

1

It is reversible error to dismiss claims with prejudice where the court does not reach the merits.  *See, e.g.*, *Chattanooga Mfg., Inc. v. Nike, Inc.*, 301 F.3d 789, 795–96 (7th Cir. 2002) (modifying district order on certain claims to dismiss without prejudice given court did not reach the merits); *Rambeau v. Dow*, 553 F.2d 32, 35 (7th Cir. 1977) (same); *Cady v. South Suburban College*, 152 Fed. App'x 531, 534 (7th Cir. 2005) (same).  If the Court dismisses Plaintiff's claims with prejudice now, and later deems a failed removal not to constitute an injury, and thus insufficient to support a claim in this proceeding, inefficient motion practice will follow.

Stated differently, the Court is not presently in a position to determine whether a dismissal should be with or without prejudice.  A limited stay to permit consideration of the Motion after completion of the Court's process for determining the sufficiency of the injury is therefore appropriate.

Respectively submitted,

Dated: November 23, 2021

*/s/ Paul L. Stoller*
Paul L. Stoller
(Admitted Pro Hac Vice, AZ Bar No. 016773)
**DALIMONTE RUEB STOLLER, LLP**
2425 E. Camelback Rd, Suite 500
Phoenix, AZ 85016
Telephone: (602) 888-2807
Facsimile: (855) 203-2035
paul@drlawllp.com

***Lead Counsel for Plaintiff***

**CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

                                        */s/ Paul L. Stoller*
                                        Paul L. Stoller