# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                 MDL No. 2570

_____

This Document Relates to the Following Actions:
1:19-cv-01409; 1:19-cv-01413; 1:19-cv-01416; 1:19-cv-03181; 1:19-cv-03383; 1:19-cv-03531;
1:19-cv-03660; 1:19-cv-04017; 1:19-cv-04074; 1:19-cv-04093; 1:19-cv-04617; 1:19-cv-04965;
1:20-cv-00107; 1:20-cv-00502; 1:20-cv-00534; 1:20-cv-01002; 1:20-cv-02554; 1:20-cv-02558;
1:20-cv-02897; 1:20-cv-02898; 1:20-cv-03090; 1:20-cv-03279; 1:20-cv-06123; 1:21-cv-00029;
1:21-cv-00040; 1:21-cv-00041; 1:21-cv-00197; 1:21-cv-00343; 1:21-cv-00460; 1:21-cv-00466;
1:21-cv-00500; 1:21-cv-00705; 1:21-cv-00895; 1:21-cv-01344; 1:21-cv-01352; 1:21-cv-01443;
1:21-cv-01481; 1:21-cv-01619; 1:21-cv-01620; 1:21-cv-01685; 1:21-cv-01764; 1:21-cv-01933;
1:21-cv-02337; 1:21-cv-02348; 1:21-cv-06564

_____

## DEFENDANTS' MOTION TO DISMISS
## FOR FAILURE TO CURE PPS DEFICIENCIES

Pursuant to Federal Rules of Civil Procedure 37(b) and 41(b) and the Fourth Amended Case Management Order No. 4 (Dkt. 13046), Cook Incorporated, Cook Medical LLC, *formerly known as* Cook Medical Incorporated, and William Cook Europe ApS (collectively, the "Cook Defendants") respectfully request that the Court dismiss certain matters set forth herein. In support of this Motion, the Cook Defendants state:

1. Fourth Amended Case Management Order No. 4 ("CMO No. 4"), entered by this Court on March 13, 2020, provides that:

> Every Plaintiff is required to provide Defendants with a PPS that is substantially complete in all respects, answering every question in the PPS, even if a Plaintiff can answer the question in good faith only by indicating "not applicable."

CMO No. 4, ¶ 1(b).

2. CMO No. 4 further provides, "[i]f Defendants receive a PPS in the allotted time but the PPS is not substantially complete, Defendants' counsel shall send deficiency correspondence by e-mail and/or U.S. Mail to Plaintiffs' Lead Counsel and the Plaintiffs' individual representative counsel, identifying the purported deficiencies." CMO No. 4, ¶ 1(g).

3. Plaintiff shall have twenty (20) days from receipt to serve a PPS that is substantially complete in all respects. CMO No. 4, ¶ 1(g).

4. Should a Plaintiff fail to cure the deficiencies identified and fail to provide responses that are substantially complete within twenty (20) days of service of the deficiency correspondence, Defendants may move for appropriate relief under Federal Rule of Civil Procedure 37. CMO No. 4, ¶ 1(g).

5. **Exhibit A** outlines a list of 45 Plaintiffs who failed to submit PPS forms that were "substantially complete" as required by CMO No. 4. More specifically, these 45 Plaintiffs failed to provide any response (i.e. did not even indicate a question was "not applicable") to more than twenty-five percent (25%) of the questions posed in the PPS form.

6. The Cook Defendants served counsel for these 45 Plaintiffs with notice of the PPS deficiencies in compliance with CMO No. 4. *See* ¶ 1(g).[1] Specifically, for each case identified in **Exhibit A**, the Cook Defendants sent a letter to each Plaintiff's individual counsel and Plaintiffs' Lead Counsel notifying them of their PPS deficiencies; outlining the specific deficiencies and advising that a motion to dismiss may be filed if an amended PPS was not served within twenty days. A true and correct copy of each of these letters is attached as **Exhibit B**.[2]

---

[1] Exhibit A sets forth each Plaintiff's name, civil action number, the date the PPS was due, and the date the PPS deficiency letter was sent to that Plaintiff's counsel and Plaintiffs' Lead Counsel.
[2] Due to the number of letters contained in Exhibit B, the letters are organized alphabetically by the Plaintiff's last name.

7. As of the date of filing of this Motion, the Cook Defendants have not received a response of any kind from the individual Plaintiff's counsel, let alone any amended PPS for the Plaintiffs in the cases listed in **Exhibit A**.

8. Accordingly, pursuant to Federal Rules of Civil Procedure 37(b) and 41(b) and CMO No. 4, the Cook Defendants respectfully request that the cases listed in **Exhibit A** be dismissed.

WHEREFORE, the Cook Defendants respectfully request that the Court dismiss the above-captioned matters, and for all other just and appropriate relief.


Dated: November 23, 2021

    Respectfully Submitted,

    /s/ Andrea Roberts Pierson
    Andrea Roberts Pierson
    Jessica Benson Cox
    FAEGRE BAKER DANIELS LLP
    300 North Meridian Street, Suite 2500
    Indianapolis, Indiana  46204
    Telephone:     (317) 237-0300
    Facsimile:       (317) 237-1000
    Andrea.Pierson@FaegreBD.com
    Jessica.Cox@FaegreBD.com

    James Stephen Bennett
    FAEGRE BAKER DANIELS LLP
    110 W. Berry Street, Suite 2400
    Fort Wayne, Indiana  46802
    Telephone:     (260) 424-8000
    Facsimile:       (260) 460-1700
    Stephen.Bennett@FaegreBD.com

    *Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, William Cook Europe APS*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on November 23, 2021, a copy of the foregoing Motion to Dismiss was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

                                    /s/ Andrea Roberts Pierson