# <u>EXHIBIT B</u>

**faegre drinker**

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

July 06, 2021

<u>**VIA E-MAIL**</u>

Steve Schulte
FEARS NACHAWATI, PLLC
5473 Blair Road
Dallas, TX 75231
schulte@fnlawfirm.com; dmcdowell@fnlawfirm.com

     **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Steve Schulte:

We received a Plaintiff Profile Sheet ("PPS") for **Pennie Adkins** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.6.a    Plaintiff failed to provide their prior addresses.
- II.7    Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8    Plaintiff failed to provide information regarding their children.
- II.9    Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10    Plaintiff failed to provide their highest level of education.
- II.11    Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12    Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13    Plaintiff failed to provide their employment information.
- II.14    Plaintiff failed to answer if they have ever served in the military.
- II.15    Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16    Plaintiff failed to answer if they have a computer.
- II.17    Plaintiff failed to provide information regarding their social media accounts.
- III.8    Plaintiff failed to answer if they have been implanted with any other vena cava filters or related product(s) besides the Cook Inferior Vena Cava Filter(s) for treatment of the same condition(s) identified in III.1-7.
- VIII.1    Plaintiff failed to provide current age, height and/or weight.

- VIII.2    Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3    Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4    Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5    Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6    Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7    Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8    Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9    Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10   Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11   Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12   Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13   Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14   Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1      Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2      Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- MA        Plaintiff failed to provide signed medical authorizations

As a result, Plaintiff is in violation of her discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Steve Schulte                                                                              7/6/2021

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:   Michael Heaviside - MHeaviside@hrzlaw.com
       Ben Martin – BMartin@MartinBaughman.com
       David Matthews – DMatthews@TheMatthewsLawfirm.com

**faegre drinker**

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

July 06, 2021

**<u>VIA E-MAIL</u>**

Steve Schulte
FEARS NACHAWATI, PLLC
5473 Blair Road
Dallas, TX 75231
schulte@fnlawfirm.com; dmcdowell@fnlawfirm.com

   **Re:** Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Steve Schulte:

We received a Plaintiff Profile Sheet ("PPS") for **Arthur Aguilar** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.5   Plaintiff failed to complete their social security number.
- II.6.a  Plaintiff failed to provide their prior addresses.
- II.7   Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8   Plaintiff failed to provide information regarding their children.
- II.9   Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10  Plaintiff failed to provide their highest level of education.
- II.11  Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12  Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13  Plaintiff failed to provide their employment information.
- II.14  Plaintiff failed to answer if they have ever served in the military.
- II.15  Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16  Plaintiff failed to answer if they have a computer.
- II.17  Plaintiff failed to provide information regarding their social media accounts.
- III.2  Plaintiff failed to provide the reason for the implant.
- III.5  Plaintiff failed to provide the lot number for the device and did not indicate that the lot number was unknown.

Steve Schulte                                                                                      7/6/2021

- III.6        Plaintiff failed to provide the name and address of the placement physician.
- VII.         Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1       Plaintiff failed to provide current age, height and/or weight.
- VIII.2       Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3       Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4       Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5       Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6       Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7       Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8       Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9       Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10      Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11      Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12      Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13      Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14      Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1         Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2         Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- MA           Plaintiff failed to provide signed medical authorizations

As a result, Plaintiff is in violation of his discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the

Steve Schulte                                                                    7/6/2021

equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:    Michael Heaviside - MHeaviside@hrzlaw.com
       Ben Martin – BMartin@MartinBaughman.com
       David Matthews – DMatthews@TheMatthewsLawfirm.com

**faegre drinker**

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

September 28, 2020

<u>**VIA E-MAIL**</u>

Basil E. Adham
JOHNSON LAW GROUP
2925 Richmond Ave.
Suite 1700
Houston, TX 77098
IVC@johnsonlawgroup.com

    **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Basil E. Adham:

We received a Plaintiff Profile Sheet ("PPS") for **Shawn Allen (NV)** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.5      Plaintiff failed to complete their social security number.
- II.7      Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8      Plaintiff failed to provide information regarding their children.
- II.9      Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10      Plaintiff failed to provide their highest level of education.
- II.11      Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12      Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13      Plaintiff failed to provide their employment information.
- II.14      Plaintiff failed to answer if they have ever served in the military.
- II.15      Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16      Plaintiff failed to answer if they have a computer.
- II.17      Plaintiff failed to provide information regarding their social media accounts.
- VII.      Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1      Plaintiff failed to provide current age, height and/or weight.

Basil E. Adham                                                                                      9/28/2020

- VIII.2   Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3   Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4   Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5   Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6   Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7   Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8   Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9   Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10  Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11  Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12  Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13  Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14  Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1     Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2     Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3     Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- *VP      Plaintiff failed to sign the verification page
- MA       Plaintiff failed to provide signed medical authorizations

As a result, Plaintiff is in violation of his discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical

Basil E. Adham                                                                         9/28/2020

authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegredrinker.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:    Michael Heaviside - MHeaviside@hrzlaw.com
       Ben Martin – BMartin@MartinBaughman.com
       David Matthews – DMatthews@TheMatthewsLawfirm.com



**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

faegredrinker.com

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

September 03, 2020

<u>**VIA E-MAIL**</u>

Jeff Seldomridge
THE MILLER FIRM LLC
108 Railroad Avenue
Orange, VA 22960
jseldomridge@millerfirmllc.com; pemery@millerfirmllc.com

    **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Jeff Seldomridge:

We received a Plaintiff Profile Sheet ("PPS") for **Oscar Anguiano** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.8    Plaintiff failed to provide information regarding their children.
- II.9    Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10    Plaintiff failed to provide their highest level of education.
- II.11    Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12    Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13    Plaintiff failed to provide their employment information.
- II.14    Plaintiff failed to answer if they have ever served in the military.
- II.15    Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16    Plaintiff failed to answer if they have a computer.
- II.17    Plaintiff failed to provide information regarding their social media accounts.
- V.    Plaintiff failed to provide the outcome attributed to the device.
- VI.    Plaintiff failed to provide how the outcome(s) attributed to the device was determined.
- VII.    Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1    Plaintiff failed to provide current age, height and/or weight.

Jeff Seldomridge                                                                                    9/3/2020

- VIII.2      Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3      Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4      Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5      Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6      Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7      Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8      Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9      Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10    Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11    Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12    Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13    Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14    Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1        Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2        Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3        Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- MA          Plaintiff failed to provide signed medical authorizations

As a result, Plaintiff is in violation of his discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4"). Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34, and will be governed by the standards applicable to written discovery under Federal Rules 26 through 37." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in

Jeff Seldomridge                                                                                9/3/2020

their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to <u>CookFilterMDL@FaegreDrinker.com</u>. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: <u>https://sft.faegredrinker.com/envelope/CookFilterMDL</u>.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino


Cc:    Michael Heaviside - MHeaviside@hrzlaw.com
       Ben Martin – BMartin@MartinBaughman.com
       David Matthews – DMatthews@TheMatthewsLawfirm.com

**faegre drinker**

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

July 20, 2021

**VIA E-MAIL**

Steve Schulte
FEARS NACHAWATI, PLLC
5473 Blair Road
Dallas, TX 75231
schulte@fnlawfirm.com; dmcdowell@fnlawfirm.com

     **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency

Dear Steve Schulte:

We received a Plaintiff Profile Sheet ("PPS") for **Paul Augsburger** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.6.a     Plaintiff failed to provide their prior addresses.
- II.7     Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8     Plaintiff failed to provide information regarding their children.
- II.9     Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10     Plaintiff failed to provide their highest level of education.
- II.12     Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13     Plaintiff failed to provide their employment information.
- II.14     Plaintiff failed to answer if they have ever served in the military.
- II.15     Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16     Plaintiff failed to answer if they have a computer.
- II.17     Plaintiff failed to provide information regarding their social media accounts.
- III.2     Plaintiff failed to provide the reason for the implant.
- VII.     Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1     Plaintiff failed to provide current age, height and/or weight.
- VIII.2     Plaintiff failed to provide age, height and/or weight at the time the Cook

Inferior Vena Cava Filter was implanted.

- VIII.3    Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4    Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5    Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6    Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7    Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8    Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9    Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.11   Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12   Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13   Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14   Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1      Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2      Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- *VP       Plaintiff failed to sign the verification page.
- MA        Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of his discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's

Steve Schulte                                                              7/20/2021

PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:    Michael Heaviside - MHeaviside@hrzlaw.com
       Ben Martin – BMartin@MartinBaughman.com
       David Matthews – DMatthews@TheMatthewsLawfirm.com



faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

July 20, 2021

<u>**VIA E-MAIL**</u>

Steve Schulte
FEARS NACHAWATI, PLLC
5473 Blair Road
Dallas, TX 75231
schulte@fnlawfirm.com; dmcdowell@fnlawfirm.com

     **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency

Dear Steve Schulte:

We received a Plaintiff Profile Sheet ("PPS") for **Steve Balistreri (ESTATE OF)** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.10    Plaintiff failed to provide their highest level of education.
- II.13    Plaintiff failed to provide their employment information.
- II.14    Plaintiff failed to answer if they have ever served in the military.
- II.16    Plaintiff failed to answer if they have a computer.
- II.17    Plaintiff failed to provide information regarding their social media accounts.
- VII.    Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1    Plaintiff failed to provide current age, height and/or weight.
- VIII.2    Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3    Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4    Plaintiff failed to answer if prior to the implantation of the Cook Inferior

Steve Schulte                                                                                      7/20/2021

Vena Cava Filter(s) if they regularly exercised.

- VIII.5      Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6      Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7      Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8      Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9      Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10     Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11     Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.14     Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1        Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2        Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- MA          Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of his discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and

Steve Schulte
-3-
7/20/2021

produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:     Michael Heaviside - MHeaviside@hrzlaw.com
        Ben Martin – BMartin@MartinBaughman.com
        David Matthews – DMatthews@TheMatthewsLawfirm.com

**faegre drinker**

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

July 20, 2021

**VIA E-MAIL**

Steve Schulte
FEARS NACHAWATI, PLLC
5473 Blair Road
Dallas, TX 75231
schulte@fnlawfirm.com; dmcdowell@fnlawfirm.com

**Re:** Cook Filter MDL Plaintiff Profile Sheet Deficiency

Dear Steve Schulte:

We received a Plaintiff Profile Sheet ("PPS") for **Margaret Barr** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.8 Plaintiff failed to provide information regarding their children.
- II.9 Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10 Plaintiff failed to provide their highest level of education.
- II.11 Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12 Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13 Plaintiff failed to provide their employment information.
- II.14 Plaintiff failed to answer if they have ever served in the military.
- II.15 Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16 Plaintiff failed to answer if they have a computer.
- II.17 Plaintiff failed to provide information regarding their social media accounts.
- VIII.1 Plaintiff failed to provide current age, height and/or weight.
- VIII.2 Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3 Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4 Plaintiff failed to answer if prior to the implantation of the Cook Inferior

Vena Cava Filter(s) if they regularly exercised.

- VIII.5    Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6    Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7    Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8    Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9    Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10   Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11   Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12   Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13   Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14   Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1      Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2      Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- *VP       Plaintiff failed to sign the verification page
- MA        Plaintiff failed to provide signed medical authorizations

As a result, Plaintiff is in violation of her discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

Steve Schulte                                                                7/20/2021

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:     Michael Heaviside - MHeaviside@hrzlaw.com
        Ben Martin – BMartin@MartinBaughman.com
        David Matthews – DMatthews@TheMatthewsLawfirm.com

**faegre drinker**

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

July 20, 2021

<u>**VIA E-MAIL**</u>

Steve Schulte
FEARS NACHAWATI, PLLC
5473 Blair Road
Dallas, TX 75231
schulte@fnlawfirm.com; dmcdowell@fnlawfirm.com

    **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency

Dear Steve Schulte:

We received a Plaintiff Profile Sheet ("PPS") for **Eleanor Bawner** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.2     Plaintiff failed to fill out their spouse's name and/or if there is a claim for loss of consortium.
- II.7     Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8     Plaintiff failed to provide information regarding their children.
- II.9     Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10     Plaintiff failed to provide their highest level of education.
- II.11     Plaintiff failed to answer if they were claiming damages for lost wages.
- II.13     Plaintiff failed to provide their employment information.
- II.14     Plaintiff failed to answer if they have ever served in the military.
- II.15     Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16     Plaintiff failed to answer if they have a computer.
- II.17     Plaintiff failed to provide information regarding their social media accounts.
- VII.     Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1     Plaintiff failed to provide current age, height and/or weight.
- VIII.2     Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.

- VIII.3  Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4  Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5  Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6  Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7  Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8  Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9  Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10  Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11  Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12  Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13  Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14  Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1  Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2  Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3  Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- X.1  Plaintiff failed to answer if they were appointed by the Court to represent the plaintiff in this lawsuit and, if so, produce any documents demonstrating such appointment.
- X.2  Plaintiff's representative failed to answer if they represent the Estate of a deceased person in this lawsuit and, if so, produce decedent's death certificate or autopsy report.
- X.3  Plaintiff failed to answer if they are in possession of any Cook Inferior Vena Cava Filter product packaging, labeling, advertising or any other product-related items.
- X.4  Plaintiff failed to answer if they are in possession of any communication between themselves and the FDA, or between themselves and any employee or agent of the Cook Group Defendants, regarding the Cook Inferior Vena Cava Filter(s) at issue.
- X.5  Plaintiff failed to answer if they are in possession of any communication or correspondence relating to the Cook Inferior Vena Cava Filter, which was

Steve Schulte                                                                                      7/20/2021

exchanged between Cook Group Defendants, your healthcare providers or yourself.

- X.6    Plaintiff failed to answer if they are in possession of any documents describing risks and/or benefits of Inferior Vena Cava Filters which they received before their procedure, including but not limited to any risks and/or benefits associated with the Coo

- X.7    Plaintiff failed to answer if they are in possession of any documents reflecting the model number and lot number of the Cook Inferior Vena Cava Filter(s) you received.

- X.8    Plaintiff failed to answer if they underwent surgery or any other procedure to remove, in whole or in part, the Cook Inferior Vena Cava Filter(s), produce any and all documents, other than documents that may have been generated by expert witnesses retained by your counsel for litigation purposes, that relate to any evaluation of the Cook Inferior Vena Cava Filter(s) removed from you.

- X.9    Plaintiff failed to answer if they claim lost wages or lost earning capacity and, if so, produce copies of their Federal and State tax returns for the period beginning three years before you claim your wage loss began to the present date.

- X.10   Plaintiff failed to answer if they are in possession of any documents concerning payments on behalf of the injured party for medical treatment relating to the injuries claimed in this lawsuit, including, but not limited to any lien notices and documents which identify potential lien holders.

- *VP    Plaintiff failed to sign the verification page

- MA     Plaintiff failed to provide signed medical authorizations

As a result, Plaintiff is in violation of her discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com.

Steve Schulte                                                                    7/20/2021

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:   Michael Heaviside - MHeaviside@hrzlaw.com
      Ben Martin – BMartin@MartinBaughman.com
      David Matthews – DMatthews@TheMatthewsLawfirm.com

**faegre drinker**

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

October 28, 2021

**VIA E-MAIL**

Basil E. Adham
JOHNSON LAW GROUP
2925 Richmond Ave.
Suite 1700
Houston, TX 77098
IVC@johnsonlawgroup.com

    **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency

Dear Basil E. Adham:

We received a Plaintiff Profile Sheet ("PPS") for **Howard Benson** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.6.a      Plaintiff failed to provide their prior addresses.
- II.7      Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8      Plaintiff failed to provide information regarding their children.
- II.9      Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10      Plaintiff failed to provide their highest level of education.
- II.13      Plaintiff failed to provide their employment information.
- II.14      Plaintiff failed to answer if they have ever served in the military.
- II.15      Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16      Plaintiff failed to answer if they have a computer.
- II.17      Plaintiff failed to provide information regarding their social media accounts.
- VII.      Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1      Plaintiff failed to provide current age, height and/or weight.
- VIII.2      Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3      Plaintiff failed to provide information regarding hospitalizations for the

Basil E. Adham                                                                                                          10/28/2021

- VIII.4      five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4      Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5      Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6      Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7      Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8      Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9      Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10     Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11     Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12     Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13     Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14     Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1       Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2       Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- *VP       Plaintiff failed to sign the verification page.
- MA       Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of his discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's

Basil E. Adham                                                                10/28/2021

PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:   Michael Heaviside - MHeaviside@hrzlaw.com
      Ben Martin – BMartin@MartinBaughman.com
      David Matthews – DMatthews@TheMatthewsLawfirm.com

**faegre drinker**

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

July 20, 2021

**VIA E-MAIL**

Steve Schulte
FEARS NACHAWATI, PLLC
5473 Blair Road
Dallas, TX 75231
schulte@fnlawfirm.com; dmcdowell@fnlawfirm.com

     **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency

Dear Steve Schulte:

We received a Plaintiff Profile Sheet ("PPS") for **Lynne Bergeron** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.6.a      Plaintiff failed to provide their prior addresses.
- II.7      Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8      Plaintiff failed to provide information regarding their children.
- II.9      Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10      Plaintiff failed to provide their highest level of education.
- II.11      Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12      Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13      Plaintiff failed to provide their employment information.
- II.14      Plaintiff failed to answer if they have ever served in the military.
- II.15      Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16      Plaintiff failed to answer if they have a computer.
- II.17      Plaintiff failed to provide information regarding their social media accounts.
- III.2      Plaintiff failed to provide the reason for the implant.
- VII.      Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1      Plaintiff failed to provide current age, height and/or weight.

- VIII.2    Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3    Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4    Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5    Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6    Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7    Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8    Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9    Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10    Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11    Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12    Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13    Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14    Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1    Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2    Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- MA    Plaintiff failed to provide signed medical authorizations

As a result, Plaintiff is in violation of her discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to

Steve Schulte                                                                                      7/20/2021

serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino


Cc:    Michael Heaviside - MHeaviside@hrzlaw.com
       Ben Martin – BMartin@MartinBaughman.com
       David Matthews – DMatthews@TheMatthewsLawfirm.com

**faegre drinker**

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

July 20, 2021

**VIA E-MAIL**

Steve Schulte
FEARS NACHAWATI, PLLC
5473 Blair Road
Dallas, TX 75231
schulte@fnlawfirm.com; dmcdowell@fnlawfirm.com

   **Re:**  Cook Filter MDL Plaintiff Profile Sheet Deficiency

Dear Steve Schulte:

We received a Plaintiff Profile Sheet ("PPS") for **Bruce Betz** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.6.a  Plaintiff failed to provide their prior addresses.
- II.7  Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.9  Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10  Plaintiff failed to provide their highest level of education.
- II.12  Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13  Plaintiff failed to provide their employment information.
- II.14  Plaintiff failed to answer if they have ever served in the military.
- II.15  Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16  Plaintiff failed to answer if they have a computer.
- II.17  Plaintiff failed to provide information regarding their social media accounts.
- III.5  Plaintiff failed to provide the lot number for the device and did not indicate that the lot number was unknown.
- VIII.1  Plaintiff failed to provide current age, height and/or weight.
- VIII.2  Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3  Plaintiff failed to provide information regarding hospitalizations for the

- VIII.4     five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4     Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5     Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6     Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7     Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8     Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9     Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.11     Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.13     Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14     Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1     Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2     Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- *VP     Plaintiff failed to sign the verification page
- MA     Plaintiff failed to provide signed medical authorizations

As a result, Plaintiff is in violation of his discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and

Steve Schulte                                                                        7/20/2021

produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino


Cc:    Michael Heaviside - MHeaviside@hrzlaw.com
       Ben Martin – BMartin@MartinBaughman.com
       David Matthews – DMatthews@TheMatthewsLawfirm.com

**faegre drinker**

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

August 19, 2021

**VIA E-MAIL**

Steve Schulte
FEARS NACHAWATI, PLLC
5473 Blair Road
Dallas, TX 75231
schulte@fnlawfirm.com; dmcdowell@fnlawfirm.com

     **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency

Dear Steve Schulte:

We received a Plaintiff Profile Sheet ("PPS") for **Victor Bevis** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.6.a    Plaintiff failed to provide their prior addresses.
- II.7    Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8    Plaintiff failed to provide information regarding their children.
- II.9    Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10    Plaintiff failed to provide their highest level of education.
- II.11    Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12    Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13    Plaintiff failed to provide their employment information.
- II.14    Plaintiff failed to answer if they have ever served in the military.
- II.15    Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16    Plaintiff failed to answer if they have a computer.
- II.17    Plaintiff failed to provide information regarding their social media accounts.
- III.2    Plaintiff failed to provide the reason for the implant.
- III.5    Plaintiff failed to provide the lot number for the device and did not indicate that the lot number was unknown.
- III.6    Plaintiff failed to provide the name and address of the placement

Steve Schulte                                                                                    8/19/2021

physician.

- III.7      Plaintiff failed to provide the name and address of the facility where the implant procedure took place.
- III.8      Plaintiff failed to answer if they have been implanted with any other vena cava filters or related product(s) besides the Cook Inferior Vena Cava Filter(s) for treatment of the same condition(s) identified in III.1-7.
- VII.      Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1      Plaintiff failed to provide current age, height and/or weight.
- VIII.2      Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3      Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4      Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5      Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6      Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7      Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8      Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9      Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10      Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11      Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12      Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13      Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14      Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1      Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2      Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- *VP      Plaintiff failed to sign the verification page.
- MA      Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of his discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Steve Schulte                                                                                              8/19/2021

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:   Michael Heaviside - MHeaviside@hrzlaw.com
      Ben Martin – BMartin@MartinBaughman.com
      David Matthews – DMatthews@TheMatthewsLawfirm.com

**faegre drinker**

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

September 28, 2020

<u>**VIA E-MAIL**</u>

Bobby Saadian
WILSHIRE LAW FIRM PLC
3055 Wilshire Blvd.
12th Floor
Los Angeles, CA 90010
masstorts@wilshirelawfirm.com

     **Re:**     Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Bobby Saadian:

We received a Plaintiff Profile Sheet ("PPS") for **Cheryl Booth** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- VIII.3     Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.5     Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6     Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7     Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8     Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9     Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.14     Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1     Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2.c     Plaintiff failed to provide from which agency/insurer benefits were sought.
- IX.2.d     Plaintiff failed to provide the nature of the claimed injury/disability.

- X.1  Plaintiff failed to answer if they were appointed by the Court to represent the plaintiff in this lawsuit and, if so, produce any documents demonstrating such appointment.
- X.2  Plaintiff's representative failed to answer if they represent the Estate of a deceased person in this lawsuit and, if so, produce decedent's death certificate or autopsy report.
- X.3  Plaintiff failed to answer if they are in possession of any Cook Inferior Vena Cava Filter product packaging, labeling, advertising or any other product-related items.
- X.4  Plaintiff failed to answer if they are in possession of any communication between themselves and the FDA, or between themselves and any employee or agent of the Cook Group Defendants, regarding the Cook Inferior Vena Cava Filter(s) at issue.
- X.5  Plaintiff failed to answer if they are in possession of any communication or correspondence relating to the Cook Inferior Vena Cava Filter, which was exchanged between Cook Group Defendants, your healthcare providers or yourself.
- X.6  Plaintiff failed to answer if they are in possession of any documents describing risks and/or benefits of Inferior Vena Cava Filters which they received before their procedure, including but not limited to any risks and/or benefits associated with the Coo
- X.7  Plaintiff failed to answer if they are in possession of any documents reflecting the model number and lot number of the Cook Inferior Vena Cava Filter(s) you received.
- X.8  Plaintiff failed to answer if they underwent surgery or any other procedure to remove, in whole or in part, the Cook Inferior Vena Cava Filter(s), produce any and all documents, other than documents that may have been generated by expert witnesses retained by your counsel for litigation purposes, that relate to any evaluation of the Cook Inferior Vena Cava Filter(s) removed from you.
- X.9  Plaintiff failed to answer if they claim lost wages or lost earning capacity and, if so, produce copies of their Federal and State tax returns for the period beginning three years before you claim your wage loss began to the present date.
- X.10  Plaintiff failed to answer if they are in possession of any documents concerning payments on behalf of the injured party for medical treatment relating to the injuries claimed in this lawsuit, including, but not limited to any lien notices and documents which identify potential lien holders.

As a result, Plaintiff is in violation of her discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Bobby Saadian                                                    9/28/2020

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegredrinker.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:    Michael Heaviside - MHeaviside@hrzlaw.com
       Ben Martin – BMartin@MartinBaughman.com
       David Matthews – DMatthews@TheMatthewsLawfirm.com

**faegre drinker**

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

September 28, 2020

**VIA E-MAIL**

Basil E. Adham
JOHNSON LAW GROUP
2925 Richmond Ave.
Suite 1700
Houston, TX 77098
IVC@johnsonlawgroup.com

    **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Basil E. Adham:

We received a Plaintiff Profile Sheet ("PPS") for **Vivian Brown** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.7    Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8    Plaintiff failed to provide information regarding their children.
- II.9    Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10    Plaintiff failed to provide their highest level of education.
- II.11    Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12    Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13    Plaintiff failed to provide their employment information.
- II.14    Plaintiff failed to answer if they have ever served in the military.
- II.15    Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16    Plaintiff failed to answer if they have a computer.
- II.17    Plaintiff failed to provide information regarding their social media accounts.
- VII.    Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1    Plaintiff failed to provide current age, height and/or weight.
- VIII.2    Plaintiff failed to provide age, height and/or weight at the time the Cook

Basil E. Adham                                                                                      9/28/2020

Inferior Vena Cava Filter was implanted.

- VIII.3    Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4    Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5    Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6    Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7    Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8    Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9    Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10   Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11   Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12   Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13   Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14   Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1      Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2      Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3      Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- *VP       Plaintiff failed to sign the verification page.
- MA        Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of her discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical

Basil E. Adham                                                                                      9/28/2020

authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegredrinker.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:   Michael Heaviside - MHeaviside@hrzlaw.com
        Ben Martin – BMartin@MartinBaughman.com
        David Matthews – DMatthews@TheMatthewsLawfirm.com

**faegre drinker**

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

September 29, 2021

**VIA E-MAIL**

Basil E. Adham
JOHNSON LAW GROUP
2925 Richmond Ave.
Suite 1700
Houston, TX 77098
IVC@johnsonlawgroup.com

      **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency

Dear Basil E. Adham:

We received a Plaintiff Profile Sheet ("PPS") for **Stephanie Carlson** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.7      Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8      Plaintiff failed to provide information regarding their children.
- II.9      Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.11      Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12      Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13      Plaintiff failed to provide their employment information.
- II.14      Plaintiff failed to answer if they have ever served in the military.
- II.15      Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16      Plaintiff failed to answer if they have a computer.
- II.17      Plaintiff failed to provide information regarding their social media accounts.
- VII.      Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1      Plaintiff failed to provide current age, height and/or weight.
- VIII.2      Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.

Basil E. Adham                                                                                          9/29/2021

- VIII.3    Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4    Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5    Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6    Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7    Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8    Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9    Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10   Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11   Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12   Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13   Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14   Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1      Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2      Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- MA        Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of her discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's

Basil E. Adham                                                                    9/29/2021

PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:    Michael Heaviside - MHeaviside@hrzlaw.com
       Ben Martin – BMartin@MartinBaughman.com
       David Matthews – DMatthews@TheMatthewsLawfirm.com

**faegre drinker**

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

October 28, 2021

<u>**VIA E-MAIL**</u>

Steve Schulte
FEARS NACHAWATI, PLLC
5473 Blair Road
Dallas, TX 75231
schulte@fnlawfirm.com; kchermack@fnlawfirm.com

**Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency

Dear Steve Schulte:

We received a Plaintiff Profile Sheet ("PPS") for **Christine Curti** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.5        Plaintiff failed to complete their social security number.
- II.6.a     Plaintiff failed to provide their prior addresses.
- II.7        Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8        Plaintiff failed to provide information regarding their children.
- II.9        Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10      Plaintiff failed to provide their highest level of education.
- II.11      Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12      Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13      Plaintiff failed to provide their employment information.
- II.14      Plaintiff failed to answer if they have ever served in the military.
- II.15      Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16      Plaintiff failed to answer if they have a computer.
- II.17      Plaintiff failed to provide information regarding their social media accounts.
- III.2      Plaintiff failed to provide the reason for the implant.
- III.6      Plaintiff failed to provide the name and address of the placement physician.

- III.8     Plaintiff failed to answer if they have been implanted with any other vena cava filters or related product(s) besides the Cook Inferior Vena Cava Filter(s) for treatment of the same condition(s) identified in III.1-7.
- V.     Plaintiff failed to provide the outcome attributed to the device.
- VII.     Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1     Plaintiff failed to provide current age, height and/or weight.
- VIII.2     Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3     Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4     Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5     Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6     Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7     Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8     Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9     Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10     Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11     Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12     Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13     Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14     Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1     Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2     Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- *VP     Plaintiff failed to sign the verification page.
- MR     Plaintiff failed to provide any medical records.
- MA     Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of her discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ.

Steve Schulte                                                                                    10/28/2021

P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:   Michael Heaviside - MHeaviside@hrzlaw.com
      Ben Martin – BMartin@MartinBaughman.com
      David Matthews – DMatthews@TheMatthewsLawfirm.com

**faegre**
**drinker** ✓

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

October 28, 2021

**VIA E-MAIL**

Steve Schulte
FEARS NACHAWATI, PLLC
5473 Blair Road
Dallas, TX 75231
schulte@fnlawfirm.com; kchermack@fnlawfirm.com

      **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency

Dear Steve Schulte:

We received a Plaintiff Profile Sheet ("PPS") for **Dina Daniels** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.5        Plaintiff failed to complete their social security number.
- II.6.a     Plaintiff failed to provide their prior addresses.
- II.7        Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8        Plaintiff failed to provide information regarding their children.
- II.9        Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10     Plaintiff failed to provide their highest level of education.
- II.11     Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12     Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13     Plaintiff failed to provide their employment information.
- II.14     Plaintiff failed to answer if they have ever served in the military.
- II.15     Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16     Plaintiff failed to answer if they have a computer.
- II.17     Plaintiff failed to provide information regarding their social media accounts.
- III.1      Plaintiff failed to provide the date of implant.
- III.2      Plaintiff failed to provide the reason for the implant.

Steve Schulte                                                                                    10/28/2021

- III.5    Plaintiff failed to provide the lot number for the device and did not indicate that the lot number was unknown.
- III.6    Plaintiff failed to provide the name and address of the placement physician.
- III.7    Plaintiff failed to provide the name and address of the facility where the implant procedure took place.
- III.8    Plaintiff failed to answer if they have been implanted with any other vena cava filters or related product(s) besides the Cook Inferior Vena Cava Filter(s) for treatment of the same condition(s) identified in III.1-7.
- V.    Plaintiff failed to provide the outcome attributed to the device.
- VII.    Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1    Plaintiff failed to provide current age, height and/or weight.
- VIII.2    Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3    Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4    Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5    Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6    Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7    Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8    Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9    Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10    Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11    Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12    Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13    Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14    Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1    Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2    Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- *VP    Plaintiff failed to sign the verification page.
- MR    Plaintiff failed to provide any medical records.

Steve Schulte                                                                                    10/28/2021

- MA            Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of her discovery obligations under Fourth Amended Case
Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ.
P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All
plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is
"complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P.
37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to
disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the
equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical
authorizations and produce all the medical records in their possession, among other documents, when
submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to
serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the
deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's
PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess
Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and
produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case
pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:    Michael Heaviside - MHeaviside@hrzlaw.com
       Ben Martin – BMartin@MartinBaughman.com
       David Matthews – DMatthews@TheMatthewsLawfirm.com

FaegreBD.com

**FAEGRE BAKER DANIELS**

USA ▾ UK ▾ CHINA

**Kip S.M. McDonald**
*Associate*
kip.mcdonald@FaegreBD.com
Direct **+1 317 237 1485**

**Faegre Baker Daniels LLP**
300 N. Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

August 21, 2019

**VIA E-MAIL AND FIRST CLASS MAIL**

Andrew F. Kirkendall
KIRKENDALL DWYER LLP
4343 Sigma Road
Suite 200
Dallas, TX 75244
ak@kirkendalldwyer.com; akirkendall@kirkendalldwyer.com;
adwyer@kirkendalldwyer.com; anelson@kirkendalldwyer.com;
cmcnabb@kirkendalldwyer.com

    **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Andrew F. Kirkendall:

We received a Plaintiff Profile Sheet ("PPS") for Iris Daniels ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.8    Plaintiff failed to provide information regarding their children.
- II.9    Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10    Plaintiff failed to provide their highest level of education.
- II.15    Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16    Plaintiff failed to answer if they have a computer.
- II.17    Plaintiff failed to provide information regarding their social media accounts.
- VII.    Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.4    Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5    Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).

Andrew F. Kirkendall                                                                      8/21/2019

- VIII.6    Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7    Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8    Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9    Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10   Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11   Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12   Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13   Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14   Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.2      Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3      Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- *VP       Plaintiff failed to sign the verification page.
- MA        Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of her discovery obligations under Third Amended Case Management Order 4, MDL Dkt. 4226 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(b). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(b).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of her deficiency. CMO-4, ¶ 1(h). Then, the plaintiff must correct the deficiency in twenty days or the plaintiff will be subject to dismissal and Rule 37 sanctions. CMO-4, ¶ 1(h). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

Andrew F. Kirkendall                                                                    8/21/2019

If Plaintiff does not submit within twenty days of this letter an amended, fully complete PPS and
produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the
case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreBD.com.
If the documents are too large to send as attachments to an e-mail, please submit them using the
following Secure File Transfer site: https://sft.faegrebd.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not
limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Kip S.M. McDonald


cc:     Michael Heaviside - mheaviside@hrzlaw.com
        Ben Martin – bmartin@bencmartin.com
        David Matthews – dmatthews@thematthewslawfirm.com

**faegre drinker**

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

September 24, 2021

<u>**VIA E-MAIL**</u>

Steve Schulte
FEARS NACHAWATI, PLLC
5473 Blair Road
Dallas, TX 75231
schulte@fnlawfirm.com; kchermack@fnlawfirm.com

**Re:**   Cook Filter MDL Plaintiff Profile Sheet Deficiency

Dear Steve Schulte:

We received a Plaintiff Profile Sheet ("PPS") for **Jessica Davis** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.2       Plaintiff failed to fill out their spouse's name and/or if there is a claim for loss of consortium.
- II.6.a    Plaintiff failed to provide their prior addresses.
- II.7       Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8       Plaintiff failed to provide information regarding their children.
- II.9       Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10     Plaintiff failed to provide their highest level of education.
- II.11     Plaintiff failed to answer if they were claiming damages for lost wages.
- II.13     Plaintiff failed to provide their employment information.
- II.14     Plaintiff failed to answer if they have ever served in the military.
- II.15     Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16     Plaintiff failed to answer if they have a computer.
- II.17     Plaintiff failed to provide information regarding their social media accounts.
- III.5      Plaintiff failed to provide the lot number for the device and did not indicate that the lot number was unknown.
- VIII.1    Plaintiff failed to provide current age, height and/or weight.
- VIII.2    Plaintiff failed to provide age, height and/or weight at the time the Cook

Inferior Vena Cava Filter was implanted.

- VIII.3    Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4    Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5    Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6    Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7    Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8    Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9    Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10   Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11   Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12   Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13   Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14   Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1      Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2      Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3      Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- X.1       Plaintiff failed to answer if they were appointed by the Court to represent the plaintiff in this lawsuit and, if so, produce any documents demonstrating such appointment.
- X.2       Plaintiff's representative failed to answer if they represent the Estate of a deceased person in this lawsuit and, if so, produce decedent's death certificate or autopsy report.
- X.3       Plaintiff failed to answer if they are in possession of any Cook Inferior Vena Cava Filter product packaging, labeling, advertising or any other product-related items.
- X.4       Plaintiff failed to answer if they are in possession of any communication between themselves and the FDA, or between themselves and any employee or agent of the Cook Group Defendants, regarding the Cook Inferior Vena Cava Filter(s) at issue.

Steve Schulte                                                                    9/24/2021

- X.5      Plaintiff failed to answer if they are in possession of any communication or correspondence relating to the Cook Inferior Vena Cava Filter, which was exchanged between Cook Group Defendants, your healthcare providers or yourself.

- X.6      Plaintiff failed to answer if they are in possession of any documents describing risks and/or benefits of Inferior Vena Cava Filters which they received before their procedure, including but not limited to any risks and/or benefits associated with the Coo

- X.7      Plaintiff failed to answer if they are in possession of any documents reflecting the model number and lot number of the Cook Inferior Vena Cava Filter(s) you received.

- X.8      Plaintiff failed to answer if they underwent surgery or any other procedure to remove, in whole or in part, the Cook Inferior Vena Cava Filter(s), produce any and all documents, other than documents that may have been generated by expert witnesses retained by your counsel for litigation purposes, that relate to any evaluation of the Cook Inferior Vena Cava Filter(s) removed from you.

- X.9      Plaintiff failed to answer if they claim lost wages or lost earning capacity and, if so, produce copies of their Federal and State tax returns for the period beginning three years before you claim your wage loss began to the present date.

- X.10     Plaintiff failed to answer if they are in possession of any documents concerning payments on behalf of the injured party for medical treatment relating to the injuries claimed in this lawsuit, including, but not limited to any lien notices and documents which identify potential lien holders.

- *VP      Plaintiff failed to sign the verification page.

- MA       Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of her discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Steve Schulte                                                                                    9/24/2021

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:    Michael Heaviside - MHeaviside@hrzlaw.com
       Ben Martin – BMartin@MartinBaughman.com
       David Matthews – DMatthews@TheMatthewsLawfirm.com

faege
drinker

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

October 28, 2021

**VIA E-MAIL**

Steve Schulte
FEARS NACHAWATI, PLLC
5473 Blair Road
Dallas, TX 75231
schulte@fnlawfirm.com; kchermack@fnlawfirm.com

    **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency

Dear Steve Schulte:

We received a Plaintiff Profile Sheet ("PPS") for **Kimberly Dill** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.5        Plaintiff failed to complete their social security number.
- II.6.a     Plaintiff failed to provide their prior addresses.
- II.7        Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8        Plaintiff failed to provide information regarding their children.
- II.9        Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10      Plaintiff failed to provide their highest level of education.
- II.11      Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12      Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13      Plaintiff failed to provide their employment information.
- II.14      Plaintiff failed to answer if they have ever served in the military.
- II.15      Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16      Plaintiff failed to answer if they have a computer.
- II.17      Plaintiff failed to provide information regarding their social media accounts.
- III.1      Plaintiff failed to provide the date of implant.
- III.2      Plaintiff failed to provide the reason for the implant.

- III.5    Plaintiff failed to provide the lot number for the device and did not indicate that the lot number was unknown.
- III.6    Plaintiff failed to provide the name and address of the placement physician.
- III.7    Plaintiff failed to provide the name and address of the facility where the implant procedure took place.
- III.8    Plaintiff failed to answer if they have been implanted with any other vena cava filters or related product(s) besides the Cook Inferior Vena Cava Filter(s) for treatment of the same condition(s) identified in III.1-7.
- V.    Plaintiff failed to provide the outcome attributed to the device.
- VII.    Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1    Plaintiff failed to provide current age, height and/or weight.
- VIII.2    Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3    Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4    Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5    Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6    Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7    Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8    Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9    Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10    Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11    Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12    Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13    Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14    Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1    Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2    Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- *VP    Plaintiff failed to sign the verification page.
- MR    Plaintiff failed to provide any medical records.

Steve Schulte                                                                                          10/28/2021

- MA          Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of her discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:    Michael Heaviside - MHeaviside@hrzlaw.com
       Ben Martin – BMartin@MartinBaughman.com
       David Matthews – DMatthews@TheMatthewsLawfirm.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

faegredrinker.com

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

October 28, 2021

<u>**VIA E-MAIL**</u>

Steve Schulte
FEARS NACHAWATI, PLLC
5473 Blair Road
Dallas, TX 75231
schulte@fnlawfirm.com; kchermack@fnlawfirm.com

    **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency

Dear Steve Schulte:

We received a Plaintiff Profile Sheet ("PPS") for **Veronica Dixon** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.5    Plaintiff failed to complete their social security number.
- II.6.a    Plaintiff failed to provide their prior addresses.
- II.7    Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8    Plaintiff failed to provide information regarding their children.
- II.9    Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10    Plaintiff failed to provide their highest level of education.
- II.11    Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12    Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13    Plaintiff failed to provide their employment information.
- II.14    Plaintiff failed to answer if they have ever served in the military.
- II.15    Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16    Plaintiff failed to answer if they have a computer.
- II.17    Plaintiff failed to provide information regarding their social media accounts.
- III.1    Plaintiff failed to provide the date of implant.
- III.2    Plaintiff failed to provide the reason for the implant.
- III.5    Plaintiff failed to provide the lot number for the device and did not indicate that the lot number was unknown.

Steve Schulte                                                                    10/28/2021

- III.6     Plaintiff failed to provide the name and address of the placement physician.
- III.7     Plaintiff failed to provide the name and address of the facility where the implant procedure took place.
- III.8     Plaintiff failed to answer if they have been implanted with any other vena cava filters or related product(s) besides the Cook Inferior Vena Cava Filter(s) for treatment of the same condition(s) identified in III.1-7.
- V.     Plaintiff failed to provide the outcome attributed to the device.
- VII.     Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1     Plaintiff failed to provide current age, height and/or weight.
- VIII.2     Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3     Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4     Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5     Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6     Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7     Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8     Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9     Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10     Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11     Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12     Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13     Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14     Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1     Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2     Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- *VP     Plaintiff failed to sign the verification page.
- MR     Plaintiff failed to provide any medical records.
- MA     Plaintiff failed to provide signed medical authorizations.

Steve Schulte                                                                                              10/28/2021

As a result, Plaintiff is in violation of her discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:    Michael Heaviside - MHeaviside@hrzlaw.com
       Ben Martin – BMartin@MartinBaughman.com
       David Matthews – DMatthews@TheMatthewsLawfirm.com

**faegre drinker**

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

October 28, 2021

<u>**VIA E-MAIL**</u>

Steve Schulte
FEARS NACHAWATI, PLLC
5473 Blair Road
Dallas, TX 75231
schulte@fnlawfirm.com; kchermack@fnlawfirm.com

     **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency

Dear Steve Schulte:

We received a Plaintiff Profile Sheet ("PPS") for **Carrie Drakeford** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.5        Plaintiff failed to complete their social security number.
- II.6.a     Plaintiff failed to provide their prior addresses.
- II.7        Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8        Plaintiff failed to provide information regarding their children.
- II.9        Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10     Plaintiff failed to provide their highest level of education.
- II.11     Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12     Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13     Plaintiff failed to provide their employment information.
- II.14     Plaintiff failed to answer if they have ever served in the military.
- II.15     Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16     Plaintiff failed to answer if they have a computer.
- II.17     Plaintiff failed to provide information regarding their social media accounts.
- III.1     Plaintiff failed to provide the date of implant.
- III.2     Plaintiff failed to provide the reason for the implant.

Steve Schulte                                                                                10/28/2021

- III.5     Plaintiff failed to provide the lot number for the device and did not indicate that the lot number was unknown.
- III.6     Plaintiff failed to provide the name and address of the placement physician.
- III.7     Plaintiff failed to provide the name and address of the facility where the implant procedure took place.
- III.8     Plaintiff failed to answer if they have been implanted with any other vena cava filters or related product(s) besides the Cook Inferior Vena Cava Filter(s) for treatment of the same condition(s) identified in III.1-7.
- V.     Plaintiff failed to provide the outcome attributed to the device.
- VII.     Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1     Plaintiff failed to provide current age, height and/or weight.
- VIII.2     Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3     Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4     Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5     Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6     Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7     Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8     Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9     Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10     Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11     Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12     Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13     Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14     Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1     Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2     Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- *VP     Plaintiff failed to sign the verification page.
- MR     Plaintiff failed to provide any medical records.

Steve Schulte                                                                                    10/28/2021

- MA        Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of her discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:    Michael Heaviside - MHeaviside@hrzlaw.com
       Ben Martin – BMartin@MartinBaughman.com
       David Matthews – DMatthews@TheMatthewsLawfirm.com

**faegre drinker**

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

September 29, 2020

<u>**VIA E-MAIL**</u>

Basil E. Adham
JOHNSON LAW GROUP
2925 Richmond Ave.
Suite 1700
Houston, TX 77098
IVC@johnsonlawgroup.com

     **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Basil E. Adham:

We received a Plaintiff Profile Sheet ("PPS") for **Sarah Feagins** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.8     Plaintiff failed to provide information regarding their children.
- II.9     Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10     Plaintiff failed to provide their highest level of education.
- II.11     Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12     Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13     Plaintiff failed to provide their employment information.
- II.14     Plaintiff failed to answer if they have ever served in the military.
- II.15     Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16     Plaintiff failed to answer if they have a computer.
- II.17     Plaintiff failed to provide information regarding their social media accounts.
- VII.     Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1     Plaintiff failed to provide current age, height and/or weight.
- VIII.2     Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3     Plaintiff failed to provide information regarding hospitalizations for the

Basil E. Adham                                                                                              9/29/2020

five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).

- VIII.4   Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5   Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6   Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7   Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8   Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9   Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10  Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11  Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12  Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13  Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14  Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1     Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2     Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3     Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- *VP      Plaintiff failed to sign the verification page.
- MA       Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of her discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Basil E. Adham                                                                           9/29/2020

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegredrinker.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino


Cc:    Michael Heaviside - MHeaviside@hrzlaw.com
       Ben Martin – BMartin@MartinBaughman.com
       David Matthews – DMatthews@TheMatthewsLawfirm.com

**faegre drinker**

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

September 30, 2020

**VIA E-MAIL**

Thomas P. Cartmell
WAGSTAFF & CARTMELL, LLP
4740 Grand Avenue
Suite 300
Kansas City, MO 64112
tcartmell@wcllp.com; ddegreeff@wcllp.com; jwoods@wcllp.com;
dconwell@wcllp.com

      **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Thomas P. Cartmell:

We received a Plaintiff Profile Sheet ("PPS") for **Luz Gomez** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.2      Plaintiff failed to fill out their spouse's name and/or if there is a claim for loss of consortium.
- II.7      Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8      Plaintiff failed to provide information regarding their children.
- II.9      Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10     Plaintiff failed to provide their highest level of education.
- II.12     Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13     Plaintiff failed to provide their employment information.
- II.14     Plaintiff failed to answer if they have ever served in the military.
- II.15     Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16     Plaintiff failed to answer if they have a computer.
- II.17     Plaintiff failed to provide information regarding their social media accounts.
- VIII.1    Plaintiff failed to provide current age, height and/or weight.

Thomas P. Cartmell                                                                                          9/30/2020

- VIII.2    Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3    Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4    Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.6    Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7    Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.10   Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11   Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12   Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13   Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14   Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1      Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2      Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3      Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- *VP       Plaintiff failed to sign the verification page.
- MA        Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of his discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's

Thomas P. Cartmell                                                                9/30/2020

PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegredrinker.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:    Michael Heaviside - MHeaviside@hrzlaw.com
       Ben Martin – BMartin@MartinBaughman.com
       David Matthews – DMatthews@TheMatthewsLawfirm.com

**faegre drinker**

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath LLP**
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

September 29, 2020

<u>**VIA E-MAIL**</u>

Basil E. Adham
JOHNSON LAW GROUP
2925 Richmond Ave.
Suite 1700
Houston, TX 77098
IVC@johnsonlawgroup.com

    **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Basil E. Adham:

We received a Plaintiff Profile Sheet ("PPS") for **Laray Hargrove** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.5    Plaintiff failed to complete their social security number.
- II.7    Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8    Plaintiff failed to provide information regarding their children.
- II.9    Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10    Plaintiff failed to provide their highest level of education.
- II.11    Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12    Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13    Plaintiff failed to provide their employment information.
- II.14    Plaintiff failed to answer if they have ever served in the military.
- II.15    Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16    Plaintiff failed to answer if they have a computer.
- II.17    Plaintiff failed to provide information regarding their social media accounts.
- VII.    Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1    Plaintiff failed to provide current age, height and/or weight.

Basil E. Adham                                                                    9/29/2020

- VIII.2      Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3      Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4      Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5      Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6      Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7      Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8      Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9      Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10     Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11     Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12     Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13     Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14     Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1        Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2        Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- *VP         Plaintiff failed to sign the verification page
- MA          Plaintiff failed to provide signed medical authorizations

As a result, Plaintiff is in violation of his discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Basil E. Adham                                                                                    9/29/2020

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to
serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the
deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's
PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess
Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and
produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case
pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com.
If the documents are too large to send as attachments to an e-mail, please submit them using the
following Secure File Transfer site: https://sft.faegredrinker.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not
limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:   Michael Heaviside - MHeaviside@hrzlaw.com
      Ben Martin – BMartin@MartinBaughman.com
      David Matthews – DMatthews@TheMatthewsLawfirm.com

**faegre**
**drinker**

faegredrinker.com

---

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

September 29, 2020

<u>**VIA E-MAIL**</u>

Basil E. Adham
JOHNSON LAW GROUP
2925 Richmond Ave.
Suite 1700
Houston, TX 77098
IVC@johnsonlawgroup.com

      **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Basil E. Adham:

We received a Plaintiff Profile Sheet ("PPS") for **Hortentia Harris** ("Plaintiff"). However, it is
devoid of any meaningful response to numerous sections, for example:

- II.5       Plaintiff failed to complete their social security number.
- II.6.a     Plaintiff failed to provide their prior addresses.
- II.7       Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8       Plaintiff failed to provide information regarding their children.
- II.9       Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10      Plaintiff failed to provide their highest level of education.
- II.13      Plaintiff failed to provide their employment information.
- II.14      Plaintiff failed to answer if they have ever served in the military.
- II.15      Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16      Plaintiff failed to answer if they have a computer.
- II.17      Plaintiff failed to provide information regarding their social media accounts.
- VII.       Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1     Plaintiff failed to provide current age, height and/or weight.
- VIII.2     Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.

Basil E. Adham                                                                                              9/29/2020

- VIII.3     Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4     Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5     Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6     Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7     Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8     Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9     Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10    Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11    Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12    Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13    Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14    Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1       Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2       Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3       Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- *VP        Plaintiff failed to sign the verification page
- MA         Plaintiff failed to provide signed medical authorizations

As a result, Plaintiff is in violation of her discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when

Basil E. Adham                                                                                                                9/29/2020

submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegredrinker.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino


Cc:    Michael Heaviside - MHeaviside@hrzlaw.com
       Ben Martin – BMartin@MartinBaughman.com
       David Matthews – DMatthews@TheMatthewsLawfirm.com

**faegre
drinker**

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

July 21, 2021

<u>**VIA E-MAIL**</u>

Willard J. Moody, Jr.
THE MOODY LAW FIRM, INC.
500 Crawford Street, Suite 200
Portmouth, VA 23704
will@moodyrrlaw.com; jhogins@moodyrrlaw.com

    **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency

Dear Willard J. Moody, Jr.:

We received a Plaintiff Profile Sheet ("PPS") for **Steve Jenkins** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.6.a    Plaintiff failed to provide their prior addresses.
- II.7    Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8    Plaintiff failed to provide information regarding their children.
- II.9    Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10    Plaintiff failed to provide their highest level of education.
- II.11    Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12    Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13    Plaintiff failed to provide their employment information.
- II.14    Plaintiff failed to answer if they have ever served in the military.
- II.15    Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16    Plaintiff failed to answer if they have a computer.
- II.17    Plaintiff failed to provide information regarding their social media accounts.
- V.    Plaintiff failed to provide the outcome attributed to the device.
- VII.    Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1    Plaintiff failed to provide current age, height and/or weight.

Willard J. Moody, Jr.                                                                                 7/21/2021

- VIII.2       Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3       Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4       Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5       Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6       Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7       Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8       Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9       Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.11      Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12      Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13      Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14      Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.2         Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3         Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- X.10         Plaintiff failed to answer if they are in possession of any documents concerning payments on behalf of the injured party for medical treatment relating to the injuries claimed in this lawsuit, including, but not limited to any lien notices and documents which identify potential lien holders.
- *VP          Plaintiff failed to sign the verification page.
- MA           Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of his discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when

Willard J. Moody, Jr.                                              7/21/2021

submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:   Michael Heaviside - MHeaviside@hrzlaw.com
      Ben Martin – BMartin@MartinBaughman.com
      David Matthews – DMatthews@TheMatthewsLawfirm.com

**faegre drinker**

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

July 21, 2021

<u>**VIA E-MAIL**</u>

Basil E. Adham
JOHNSON LAW GROUP
2925 Richmond Ave.
Suite 1700
Houston, TX 77098
IVC@johnsonlawgroup.com

     **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency

Dear Basil E. Adham:

We received a Plaintiff Profile Sheet ("PPS") for **Sharon Larner** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.7     Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8     Plaintiff failed to provide information regarding their children.
- II.9     Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10     Plaintiff failed to provide their highest level of education.
- II.12     Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13     Plaintiff failed to provide their employment information.
- II.14     Plaintiff failed to answer if they have ever served in the military.
- II.15     Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16     Plaintiff failed to answer if they have a computer.
- II.17     Plaintiff failed to provide information regarding their social media accounts.
- VII.     Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1     Plaintiff failed to provide current age, height and/or weight.
- VIII.2     Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.

Basil E. Adham                                                                                    7/21/2021

- VIII.3    Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4    Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5    Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6    Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7    Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8    Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9    Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10   Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11   Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12   Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13   Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14   Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1      Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2      Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- *VP       Plaintiff failed to sign the verification page.
- MA        Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of her discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the

Basil E. Adham                                                                                    7/21/2021

deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:    Michael Heaviside - MHeaviside@hrzlaw.com
       Ben Martin – BMartin@MartinBaughman.com
       David Matthews – DMatthews@TheMatthewsLawfirm.com



**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

faegredrinker.com

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

September 03, 2020

<u>**VIA E-MAIL**</u>

Jeff Seldomridge
THE MILLER FIRM LLC
108 Railroad Avenue
Orange, VA 22960
jseldomridge@millerfirmllc.com; pemery@millerfirmllc.com

     **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Jeff Seldomridge:

We received a Plaintiff Profile Sheet ("PPS") for **Tammy Layson** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.2     Plaintiff failed to fill out their spouse's name and/or if there is a claim for loss of consortium.
- II.6.a     Plaintiff failed to provide their prior addresses.
- II.7     Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8     Plaintiff failed to provide information regarding their children.
- II.9     Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10     Plaintiff failed to provide their highest level of education.
- II.11     Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12     Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13     Plaintiff failed to provide their employment information.
- II.14     Plaintiff failed to answer if they have ever served in the military.
- II.15     Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16     Plaintiff failed to answer if they have a computer.
- II.17     Plaintiff failed to provide information regarding their social media accounts.
- III.2     Plaintiff failed to provide the reason for the implant.

Jeff Seldomridge                                                                              9/3/2020

- III.8     Plaintiff failed to answer if they have been implanted with any other vena cava filters or related product(s) besides the Cook Inferior Vena Cava Filter(s) for treatment of the same condition(s) identified in III.1-7.
- V.        Plaintiff failed to provide the outcome attributed to the device.
- VI.       Plaintiff failed to provide how the outcome(s) attributed to the device was determined.
- VII.      Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1    Plaintiff failed to provide current age, height and/or weight.
- VIII.2    Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3    Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4    Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5    Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6    Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7    Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8    Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9    Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10   Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11   Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12   Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13   Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14   Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1      Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2      Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3      Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- X.1       Plaintiff failed to answer if they were appointed by the Court to represent the plaintiff in this lawsuit and, if so, produce any documents demonstrating such appointment.

- **X.2**     Plaintiff's representative failed to answer if they represent the Estate of a deceased person in this lawsuit and, if so, produce decedent's death certificate or autopsy report.

- **X.3**     Plaintiff failed to answer if they are in possession of any Cook Inferior Vena Cava Filter product packaging, labeling, advertising or any other product-related items.

- **X.4**     Plaintiff failed to answer if they are in possession of any communication between themselves and the FDA, or between themselves and any employee or agent of the Cook Group Defendants, regarding the Cook Inferior Vena Cava Filter(s) at issue.

- **X.5**     Plaintiff failed to answer if they are in possession of any communication or correspondence relating to the Cook Inferior Vena Cava Filter, which was exchanged between Cook Group Defendants, your healthcare providers or yourself.

- **X.6**     Plaintiff failed to answer if they are in possession of any documents describing risks and/or benefits of Inferior Vena Cava Filters which they received before their procedure, including but not limited to any risks and/or benefits associated with the Coo

- **X.7**     Plaintiff failed to answer if they are in possession of any documents reflecting the model number and lot number of the Cook Inferior Vena Cava Filter(s) you received.

- **X.8**     Plaintiff failed to answer if they underwent surgery or any other procedure to remove, in whole or in part, the Cook Inferior Vena Cava Filter(s), produce any and all documents, other than documents that may have been generated by expert witnesses retained by your counsel for litigation purposes, that relate to any evaluation of the Cook Inferior Vena Cava Filter(s) removed from you.

- **X.9**     Plaintiff failed to answer if they claim lost wages or lost earning capacity and, if so, produce copies of their Federal and State tax returns for the period beginning three years before you claim your wage loss began to the present date.

- **X.10**    Plaintiff failed to answer if they are in possession of any documents concerning payments on behalf of the injured party for medical treatment relating to the injuries claimed in this lawsuit, including, but not limited to any lien notices and documents which identify potential lien holders.

- **\*VP**    Plaintiff failed to sign the verification page

- **MA**     Plaintiff failed to provide signed medical authorizations

As a result, Plaintiff is in violation of her discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4"). Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34, and will be governed by the standards applicable to written discovery under Federal Rules 26 through 37." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Jeff Seldomridge                                                                    9/3/2020

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegredrinker.com/envelope/CookFilterMDL.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:     Michael Heaviside - MHeaviside@hrzlaw.com
        Ben Martin – BMartin@MartinBaughman.com
        David Matthews – DMatthews@TheMatthewsLawfirm.com

**faegre drinker**

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

September 29, 2021

**<u>VIA E-MAIL</u>**

Basil E. Adham
JOHNSON LAW GROUP
2925 Richmond Ave.
Suite 1700
Houston, TX 77098
IVC@johnsonlawgroup.com

      **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency

Dear Basil E. Adham:

We received a Plaintiff Profile Sheet ("PPS") for **Deborah Letteau** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.8        Plaintiff failed to provide information regarding their children.
- II.9        Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10     Plaintiff failed to provide their highest level of education.
- II.11     Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12     Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13     Plaintiff failed to provide their employment information.
- II.14     Plaintiff failed to answer if they have ever served in the military.
- II.15     Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16     Plaintiff failed to answer if they have a computer.
- II.17     Plaintiff failed to provide information regarding their social media accounts.
- III.2     Plaintiff failed to provide the reason for the implant.
- III.5     Plaintiff failed to provide the lot number for the device and did not indicate that the lot number was unknown.
- III.6     Plaintiff failed to provide the name and address of the placement physician.
- VIII.1    Plaintiff failed to provide current age, height and/or weight.

Basil E. Adham                                                                          9/29/2021

- VIII.2      Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3      Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4      Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5      Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6      Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7      Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8      Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9      Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10     Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11     Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12     Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13     Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14     Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1        Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2        Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- *VP         Plaintiff failed to sign the verification page.
- MA          Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of her discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Basil E. Adham                                                                                      9/29/2021

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:    Michael Heaviside - MHeaviside@hrzlaw.com
       Ben Martin – BMartin@MartinBaughman.com
       David Matthews – DMatthews@TheMatthewsLawfirm.com

**faegre drinker**

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

September 29, 2021

**VIA E-MAIL**

Basil E. Adham
JOHNSON LAW GROUP
2925 Richmond Ave.
Suite 1700
Houston, TX 77098
IVC@johnsonlawgroup.com

> **Re:**   Cook Filter MDL Plaintiff Profile Sheet Deficiency

Dear Basil E. Adham:

We received a Plaintiff Profile Sheet ("PPS") for **Leslie Matejek** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.5   Plaintiff failed to complete their social security number.
- II.7   Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8   Plaintiff failed to provide information regarding their children.
- II.9   Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10   Plaintiff failed to provide their highest level of education.
- II.13   Plaintiff failed to provide their employment information.
- II.14   Plaintiff failed to answer if they have ever served in the military.
- II.15   Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16   Plaintiff failed to answer if they have a computer.
- II.17   Plaintiff failed to provide information regarding their social media accounts.
- VII.   Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1   Plaintiff failed to provide current age, height and/or weight.
- VIII.2   Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3   Plaintiff failed to provide information regarding hospitalizations for the

five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).

- VIII.4    Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5    Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6    Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7    Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8    Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9    Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10   Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11   Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12   Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13   Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14   Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1      Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2      Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- *VP       Plaintiff failed to sign the verification page.
- MA        Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of her discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's

Basil E. Adham                                                                        9/29/2021

PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:    Michael Heaviside - MHeaviside@hrzlaw.com
       Ben Martin – BMartin@MartinBaughman.com
       David Matthews – DMatthews@TheMatthewsLawfirm.com

**faegre drinker**

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

September 29, 2020

<u>**VIA E-MAIL**</u>

Basil E. Adham
JOHNSON LAW GROUP
2925 Richmond Ave.
Suite 1700
Houston, TX 77098
IVC@johnsonlawgroup.com

   **Re:** Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Basil E. Adham:

We received a Plaintiff Profile Sheet ("PPS") for **David McNew** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.6.a  Plaintiff failed to provide their prior addresses.
- II.7   Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8   Plaintiff failed to provide information regarding their children.
- II.9   Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10  Plaintiff failed to provide their highest level of education.
- II.11  Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12  Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13  Plaintiff failed to provide their employment information.
- II.14  Plaintiff failed to answer if they have ever served in the military.
- II.15  Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16  Plaintiff failed to answer if they have a computer.
- II.17  Plaintiff failed to provide information regarding their social media accounts.
- VII.   Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1  Plaintiff failed to provide current age, height and/or weight.

Basil E. Adham                                                                                               9/29/2020

- VIII.2        Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3        Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4        Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5        Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6        Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7        Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8        Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9        Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10      Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11      Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12      Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13      Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14      Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1           Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2           Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3           Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- *VP           Plaintiff failed to sign the verification page
- MA            Plaintiff failed to provide signed medical authorizations

As a result, Plaintiff is in violation of his discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical

Basil E. Adham                                                                                    9/29/2020

authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegredrinker.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:   Michael Heaviside - MHeaviside@hrzlaw.com
      Ben Martin – BMartin@MartinBaughman.com
      David Matthews – DMatthews@TheMatthewsLawfirm.com

**faegre**
**drinker** ⟋

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

September 29, 2021

<u>**VIA E-MAIL**</u>

Basil E. Adham
JOHNSON LAW GROUP
2925 Richmond Ave.
Suite 1700
Houston, TX 77098
IVC@johnsonlawgroup.com

     **Re:**     Cook Filter MDL Plaintiff Profile Sheet Deficiency

Dear Basil E. Adham:

We received a Plaintiff Profile Sheet ("PPS") for **Billy Mincy** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.5     Plaintiff failed to complete their social security number.
- II.7     Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8     Plaintiff failed to provide information regarding their children.
- II.9     Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10     Plaintiff failed to provide their highest level of education.
- II.12     Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13     Plaintiff failed to provide their employment information.
- II.14     Plaintiff failed to answer if they have ever served in the military.
- II.15     Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16     Plaintiff failed to answer if they have a computer.
- II.17     Plaintiff failed to provide information regarding their social media accounts.
- VIII.1     Plaintiff failed to provide current age, height and/or weight.
- VIII.2     Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3     Plaintiff failed to provide information regarding hospitalizations for the

Basil E. Adham                                                                                          9/29/2021

five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).

- VIII.4    Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.

- VIII.5    Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).

- VIII.6    Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.

- VIII.7    Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).

- VIII.8    Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.

- VIII.9    Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.

- VIII.10   Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.

- VIII.11   Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.

- VIII.12   Plaintiff failed to answer and describe if they were seeking damages for emotional distress.

- VIII.13   Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.

- VIII.14   Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.

- IX.1      Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.

- IX.2      Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.

- *VP       Plaintiff failed to sign the verification page.

- MA        Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of his discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's

Basil E. Adham                                                      9/29/2021

PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:    Michael Heaviside - MHeaviside@hrzlaw.com
       Ben Martin – BMartin@MartinBaughman.com
       David Matthews – DMatthews@TheMatthewsLawfirm.com

**faegre**
**drinker**

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

September 29, 2021

**<u>VIA E-MAIL</u>**

Basil E. Adham
JOHNSON LAW GROUP
2925 Richmond Ave.
Suite 1700
Houston, TX 77098
IVC@johnsonlawgroup.com

  **Re:** Cook Filter MDL Plaintiff Profile Sheet Deficiency

Dear Basil E. Adham:

We received a Plaintiff Profile Sheet ("PPS") for **James Mitchell** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.7  Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8  Plaintiff failed to provide information regarding their children.
- II.9  Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10  Plaintiff failed to provide their highest level of education.
- II.11  Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12  Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13  Plaintiff failed to provide their employment information.
- II.14  Plaintiff failed to answer if they have ever served in the military.
- II.15  Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16  Plaintiff failed to answer if they have a computer.
- II.17  Plaintiff failed to provide information regarding their social media accounts.
- VII.  Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1  Plaintiff failed to provide current age, height and/or weight.
- VIII.2  Plaintiff failed to provide age, height and/or weight at the time the Cook

Basil E. Adham                                                                                          9/29/2021

Inferior Vena Cava Filter was implanted.

- VIII.3    Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4    Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5    Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6    Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7    Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8    Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9    Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10   Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11   Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12   Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13   Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14   Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1     Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2     Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- *VP     Plaintiff failed to sign the verification page.
- MA     Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of his discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to

Basil E. Adham                                                                                      9/29/2021

serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the
deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's
PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess
Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and
produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case
pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:    Michael Heaviside - MHeaviside@hrzlaw.com
       Ben Martin – BMartin@MartinBaughman.com
       David Matthews – DMatthews@TheMatthewsLawfirm.com

FaegreBD.com

## FAEGRE BAKER
## DANIELS

USA ▾ UK ▾ CHINA

**Kip S.M. McDonald**
*Associate*
kip.mcdonald@FaegreBD.com
Direct **+1 317 237 1485**

**Faegre Baker Daniels LLP**
300 N. Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

August 21, 2019

## <u>VIA E-MAIL AND FIRST CLASS MAIL</u>

Andrew F. Kirkendall
KIRKENDALL DWYER LLP
4343 Sigma Road
Suite 200
Dallas, TX 75244
ak@kirkendalldwyer.com; akirkendall@kirkendalldwyer.com;
adwyer@kirkendalldwyer.com; anelson@kirkendalldwyer.com;
cmcnabb@kirkendalldwyer.com

     **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Andrew F. Kirkendall:

We received a Plaintiff Profile Sheet ("PPS") for Paulette Parks ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.2     Plaintiff failed to fill out their spouse's name and/or if there is a claim for loss of consortium.
- II.5     Plaintiff failed to complete their social security number.
- II.7     Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8     Plaintiff failed to provide information regarding their children.
- II.9     Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10    Plaintiff failed to provide their highest level of education.
- II.11    Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12    Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13    Plaintiff failed to provide their employment information.
- II.14    Plaintiff failed to answer if they have ever served in the military.
- II.15    Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.

Andrew F. Kirkendall                                                                    8/21/2019

- II.16    Plaintiff failed to answer if they have a computer.
- II.17    Plaintiff failed to provide information regarding their social media accounts.
- VII.     Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.3   Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4   Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.7   Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8   Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9   Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10  Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11  Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12  Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13  Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14  Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1     Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2     Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3     Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- *VP      Plaintiff failed to sign the verification page.
- MA       Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of her discovery obligations under Third Amended Case Management Order 4, MDL Dkt. 4226 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(b). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical

Andrew F. Kirkendall                                                                              8/21/2019

authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(b).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of her deficiency. CMO-4, ¶ 1(h). Then, the plaintiff must correct the deficiency in twenty days or the plaintiff will be subject to dismissal and Rule 37 sanctions. CMO-4, ¶ 1(h). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreBD.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegrebd.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Kip S.M. McDonald


cc:     Michael Heaviside - mheaviside@hrzlaw.com
        Ben Martin – bmartin@bencmartin.com
        David Matthews – dmatthews@thematthewslawfirm.com

**faegre drinker**

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

September 29, 2021

<u>**VIA E-MAIL**</u>

Basil E. Adham
JOHNSON LAW GROUP
2925 Richmond Ave.
Suite 1700
Houston, TX 77098
IVC@johnsonlawgroup.com

     **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency

Dear Basil E. Adham:

We received a Plaintiff Profile Sheet ("PPS") for **Gary Roberson** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.6.a    Plaintiff failed to provide their prior addresses.
- II.7    Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8    Plaintiff failed to provide information regarding their children.
- II.9    Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10    Plaintiff failed to provide their highest level of education.
- II.12    Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13    Plaintiff failed to provide their employment information.
- II.14    Plaintiff failed to answer if they have ever served in the military.
- II.15    Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16    Plaintiff failed to answer if they have a computer.
- II.17    Plaintiff failed to provide information regarding their social media accounts.
- VII.    Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1    Plaintiff failed to provide current age, height and/or weight.
- VIII.2    Plaintiff failed to provide age, height and/or weight at the time the Cook

Inferior Vena Cava Filter was implanted.

- VIII.3    Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4    Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5    Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6    Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7    Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8    Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9    Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10   Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11   Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12   Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13   Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14   Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1      Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2      Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3      Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- *VP       Plaintiff failed to sign the verification page.
- MA        Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of his discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical

Basil E. Adham                                                                                    9/29/2021

authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:    Michael Heaviside - MHeaviside@hrzlaw.com
       Ben Martin – BMartin@MartinBaughman.com
       David Matthews – DMatthews@TheMatthewsLawfirm.com

**faegre drinker**

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

September 30, 2020

<u>**VIA E-MAIL**</u>

Annesley H. DeGaris
DEGARIS WRIGHT MCCALL
Two North Twentieth Street
Suite 1030
Birmingham, AL 35203
adegaris@degarislaw.com

      **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Annesley H. DeGaris:

We received a Plaintiff Profile Sheet ("PPS") for **Michelle Sears** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.5      Plaintiff failed to complete their social security number.
- II.8      Plaintiff failed to provide information regarding their children.
- II.9      Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10     Plaintiff failed to provide their highest level of education.
- II.11     Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12     Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13     Plaintiff failed to provide their employment information.
- II.14     Plaintiff failed to answer if they have ever served in the military.
- II.15     Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16     Plaintiff failed to answer if they have a computer.
- II.17     Plaintiff failed to provide information regarding their social media accounts.
- III.2    Plaintiff failed to provide the reason for the implant.
- III.3    Plaintiff failed to provide the brand name.
- III.5    Plaintiff failed to provide the lot number for the device and did not indicate that the lot number was unknown.

Annesley H. DeGaris                                                                                    9/30/2020

- VIII.3      Plaintiff failed to provide information regarding hospitalizations for the
              five (5) year period before implantation of the Cook Interior Vena Cava
              Filter(s).
- VIII.4      Plaintiff failed to answer if prior to the implantation of the Cook Inferior
              Vena Cava Filter(s) if they regularly exercised.
- VIII.5      Plaintiff failed to provide hospitalizations and outpatient procedures they
              had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6      Plaintiff failed to provide information regarding any other health care
              provider from which they received treatment in the past seven (7) years not
              previously mentioned.
- VIII.7      Plaintiff failed to answer and describe if the exercised regularly since the
              date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8      Plaintiff failed to provide the number (if any) of Deep Vein Thromboses
              before and after implant of their Cook IVC Filter.
- VIII.9      Plaintiff failed to provide the number (if any) of Pulmonary Emboli before
              and after implant of their Cook IVC Filter.
- VIII.10     Plaintiff failed to answer if they had any of the conditions listed in VIII.10
              five years prior to their IVC Filter.
- VIII.11     Plaintiff failed to list any and all major health problems and surgeries they
              have had beginning five (5) years before their IVC implant to the present
              date.
- VIII.12     Plaintiff failed to answer and describe if they were seeking damages for
              emotional distress.
- VIII.13     Plaintiff failed to answer if they have ever smoked tobacco and, if so, how
              long have/did they smoke.
- VIII.14     Plaintiff failed to list each prescription medication (if any) they have taken
              for more than three (3) months at a time, beginning three (3) years prior to
              the implant to the present.
- IX.1        Plaintiff failed to answer if they have filed a lawsuit or made a claim since
              the placement of the device, other than in the present suit, relating to any
              bodily injury.
- IX.2        Plaintiff failed to answer if they have ever filed for any of the listed
              benefits in IX.2 or any other State or Federal disability benefits.
- IX.3        Plaintiff failed to provide the name, address and relationship to them of all
              persons (other than their healthcare providers) who possess information
              concerning their injuries and/or current medical condition.

As a result, Plaintiff is in violation of her discovery obligations under Fourth Amended Case
Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ.
P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All
plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is
"complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P.
37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to
disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the
equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical
authorizations and produce all the medical records in their possession, among other documents, when
submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to
serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the

Annesley H. DeGaris                                                                          9/30/2020

deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegredrinker.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino


Cc:    Michael Heaviside - MHeaviside@hrzlaw.com
       Ben Martin – BMartin@MartinBaughman.com
       David Matthews – DMatthews@TheMatthewsLawfirm.com

**faegre drinker**

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

September 29, 2021

<u>**VIA E-MAIL**</u>

Basil E. Adham
JOHNSON LAW GROUP
2925 Richmond Ave.
Suite 1700
Houston, TX 77098
IVC@johnsonlawgroup.com

  **Re:**  Cook Filter MDL Plaintiff Profile Sheet Deficiency

Dear Basil E. Adham:

We received a Plaintiff Profile Sheet ("PPS") for **Franklin Shank** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.6.a  Plaintiff failed to provide their prior addresses.
- II.8  Plaintiff failed to provide information regarding their children.
- II.9  Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10  Plaintiff failed to provide their highest level of education.
- II.13  Plaintiff failed to provide their employment information.
- II.14  Plaintiff failed to answer if they have ever served in the military.
- II.15  Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16  Plaintiff failed to answer if they have a computer.
- II.17  Plaintiff failed to provide information regarding their social media accounts.
- VII.  Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1  Plaintiff failed to provide current age, height and/or weight.
- VIII.2  Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3  Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).

Basil E. Adham                                                                          9/29/2021

- VIII.4      Plaintiff failed to answer if prior to the implantation of the Cook Inferior
              Vena Cava Filter(s) if they regularly exercised.
- VIII.5      Plaintiff failed to provide hospitalizations and outpatient procedures they
              had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6      Plaintiff failed to provide information regarding any other health care
              provider from which they received treatment in the past seven (7) years not
              previously mentioned.
- VIII.7      Plaintiff failed to answer and describe if the exercised regularly since the
              date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8      Plaintiff failed to provide the number (if any) of Deep Vein Thromboses
              before and after implant of their Cook IVC Filter.
- VIII.9      Plaintiff failed to provide the number (if any) of Pulmonary Emboli before
              and after implant of their Cook IVC Filter.
- VIII.10     Plaintiff failed to answer if they had any of the conditions listed in VIII.10
              five years prior to their IVC Filter.
- VIII.11     Plaintiff failed to list any and all major health problems and surgeries they
              have had beginning five (5) years before their IVC implant to the present
              date.
- VIII.12     Plaintiff failed to answer and describe if they were seeking damages for
              emotional distress.
- VIII.13     Plaintiff failed to answer if they have ever smoked tobacco and, if so, how
              long have/did they smoke.
- VIII.14     Plaintiff failed to list each prescription medication (if any) they have taken
              for more than three (3) months at a time, beginning three (3) years prior to
              the implant to the present.
- IX.1        Plaintiff failed to answer if they have filed a lawsuit or made a claim since
              the placement of the device, other than in the present suit, relating to any
              bodily injury.
- IX.2        Plaintiff failed to answer if they have ever filed for any of the listed
              benefits in IX.2 or any other State or Federal disability benefits.
- IX.3        Plaintiff failed to provide the name, address and relationship to them of all
              persons (other than their healthcare providers) who possess information
              concerning their injuries and/or current medical condition.
- *VP         Plaintiff failed to sign the verification page.
- MA          Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of his discovery obligations under Fourth Amended Case
Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ.
P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All
plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is
"complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P.
37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to
disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the
equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical
authorizations and produce all the medical records in their possession, among other documents, when
submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to
serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the

Basil E. Adham                                                                              9/29/2021

deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:    Michael Heaviside - MHeaviside@hrzlaw.com
       Ben Martin – BMartin@MartinBaughman.com
       David Matthews – DMatthews@TheMatthewsLawfirm.com

**faegre drinker**

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

September 30, 2020

<u>**VIA E-MAIL**</u>

Basil E. Adham
JOHNSON LAW GROUP
2925 Richmond Ave.
Suite 1700
Houston, TX 77098
IVC@johnsonlawgroup.com

     **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Basil E. Adham:

We received a Plaintiff Profile Sheet ("PPS") for **Stephanie Simko** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.6.a    Plaintiff failed to provide their prior addresses.
- II.7    Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8    Plaintiff failed to provide information regarding their children.
- II.9    Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10    Plaintiff failed to provide their highest level of education.
- II.13    Plaintiff failed to provide their employment information.
- II.14    Plaintiff failed to answer if they have ever served in the military.
- II.15    Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16    Plaintiff failed to answer if they have a computer.
- II.17    Plaintiff failed to provide information regarding their social media accounts.
- III.5    Plaintiff failed to provide the lot number for the device and did not indicate that the lot number was unknown.
- III.8    Plaintiff failed to answer if they have been implanted with any other vena cava filters or related product(s) besides the Cook Inferior Vena Cava Filter(s) for treatment of the same condition(s) identified in III.1-7.
- VII.    Plaintiff failed to describe all injuries and physical complaints they

Basil E. Adham                                                                                              9/30/2020

attribute to the device.

- VIII.1    Plaintiff failed to provide current age, height and/or weight.
- VIII.2    Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3    Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4    Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5    Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6    Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7    Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8    Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9    Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10   Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11   Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12   Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13   Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14   Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1      Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2      Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3      Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- *VP       Plaintiff failed to sign the verification page.
- MR        Plaintiff failed to provide any medical records.

As a result, Plaintiff is in violation of her discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P.

Basil E. Adham                                                                                     9/30/2020

37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegredrinker.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:   Michael Heaviside - MHeaviside@hrzlaw.com
      Ben Martin – BMartin@MartinBaughman.com
      David Matthews – DMatthews@TheMatthewsLawfirm.com

FaegreBD.com

**FAEGRE BAKER
DANIELS**

USA ▾ UK ▾ CHINA

**Kip S.M. McDonald**
*Associate*
kip.mcdonald@FaegreBD.com
Direct **+1 317 237 1485**

**Faegre Baker Daniels LLP**
300 N. Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

August 21, 2019

**<u>VIA E-MAIL AND FIRST CLASS MAIL</u>**

Andrew F. Kirkendall
KIRKENDALL DWYER LLP
4343 Sigma Road
Suite 200
Dallas, TX 75244
ak@kirkendalldwyer.com; akirkendall@kirkendalldwyer.com;
adwyer@kirkendalldwyer.com; anelson@kirkendalldwyer.com;
cmcnabb@kirkendalldwyer.com

      **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Andrew F. Kirkendall:

We received a Plaintiff Profile Sheet ("PPS") for Roberta Simmons ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.1.b.   Plaintiff's representative failed to provide their relationship to plaintiff.
- II.2    Plaintiff failed to fill out their spouse's name and/or if there is a claim for loss of consortium.
- II.6.a   Plaintiff failed to provide their prior addresses.
- II.7    Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8    Plaintiff failed to provide information regarding their children.
- II.9    Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10   Plaintiff failed to provide their highest level of education.
- II.11   Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12   Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13   Plaintiff failed to provide their employment information.
- II.14   Plaintiff failed to answer if they have ever served in the military.

Andrew F. Kirkendall                                                                        8/21/2019

- II.15    Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16    Plaintiff failed to answer if they have a computer.
- II.17    Plaintiff failed to provide information regarding their social media accounts.
- III.8    Plaintiff failed to answer if they have been implanted with any other vena cava filters or related product(s) besides the Cook Inferior Vena Cava Filter(s) for treatment of the same condition(s) identified in III.1-7.
- VII.     Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1   Plaintiff failed to provide current age, height and/or weight.
- VIII.4   Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.7   Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8   Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9   Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10  Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11  Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12  Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13  Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14  Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1     Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2     Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3     Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- X.3      Plaintiff failed to answer if they are in possession of any Cook Inferior Vena Cava Filter product packaging, labeling, advertising or any other product-related items.
- X.4      Plaintiff failed to answer if they are in possession of any communication between themselves and the FDA, or between themselves and any employee or agent of the Cook Group Defendants, regarding the Cook Inferior Vena Cava Filter(s) at issue.
- X.5      Plaintiff failed to answer if they are in possession of any communication or correspondence relating to the Cook Inferior Vena Cava Filter, which was exchanged between Cook Group Defendants, your healthcare providers or yourself.

Andrew F. Kirkendall                                                                                    8/21/2019

- X.6    Plaintiff failed to answer if they are in possession of any documents describing risks and/or benefits of Inferior Vena Cava Filters which they received before their procedure, including but not limited to any risks and/or benefits associated with the Cook Inferior Vena Cava Filter(s).
- X.7    Plaintiff failed to answer if they are in possession of any documents reflecting the model number and lot number of the Cook Inferior Vena Cava Filter(s) you received.
- X.8    Plaintiff failed to answer if they underwent surgery or any other procedure to remove, in whole or in part, the Cook Inferior Vena Cava Filter(s), produce any and all documents, other than documents that may have been generated by expert witnesses retained by your counsel for litigation purposes, that relate to any evaluation of the Cook Inferior Vena Cava Filter(s) removed from you.
- X.9    Plaintiff failed to answer if they claim lost wages or lost earning capacity and, if so, produce copies of their Federal and State tax returns for the period beginning three years before you claim your wage loss began to the present date.
- X.10   Plaintiff failed to answer if they are in possession of any documents concerning payments on behalf of the injured party for medical treatment relating to the injuries claimed in this lawsuit, including, but not limited to any lien notices and documents which identify potential lien holders.
- *VP    Plaintiff failed to sign the verification page.
- MA     Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of her discovery obligations under Third Amended Case Management Order 4, MDL Dkt. 4226 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(b). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(b).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of her deficiency. CMO-4, ¶ 1(h). Then, the plaintiff must correct the deficiency in twenty days or the plaintiff will be subject to dismissal and Rule 37 sanctions. CMO-4, ¶ 1(h). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreBD.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegrebd.com/envelope/CookFilterMDL.

Andrew F. Kirkendall                                                    8/21/2019

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Kip S.M. McDonald


cc:     Michael Heaviside - mheaviside@hrzlaw.com
        Ben Martin – bmartin@bencmartin.com
        David Matthews – dmatthews@thematthewslawfirm.com

**faegre**
**drinker** ⟋

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

August 19, 2021

<u>**VIA E-MAIL**</u>

Jeff Seldomridge
THE MILLER FIRM LLC
108 Railroad Avenue
Orange, VA 22960
jseldomridge@millerfirmllc.com; pemery@millerfirmllc.com

      **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency

Dear Jeff Seldomridge:

We received a Plaintiff Profile Sheet ("PPS") for **Kristy Sims** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.6     Plaintiff failed to provide their current address.
- II.7     Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8     Plaintiff failed to provide information regarding their children.
- II.9     Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10     Plaintiff failed to provide their highest level of education.
- II.11     Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12     Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13     Plaintiff failed to provide their employment information.
- II.14     Plaintiff failed to answer if they have ever served in the military.
- II.15     Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16     Plaintiff failed to answer if they have a computer.
- II.17     Plaintiff failed to provide information regarding their social media accounts.
- IV.5     Plaintiff failed to provide the reason for the retrieval.
- V.     Plaintiff failed to provide the outcome attributed to the device.
- VI.     Plaintiff failed to provide how the outcome(s) attributed to the device was determined.

- VII.      Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1    Plaintiff failed to provide current age, height and/or weight.
- VIII.2    Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3    Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4    Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5    Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6    Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7    Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8    Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9    Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10   Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11   Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12   Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13   Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14   Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1      Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2      Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3      Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- *VP       Plaintiff failed to sign the verification page.
- MA        Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of her discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is

Jeff Seldomridge                                                                                     8/19/2021

"complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:    Michael Heaviside - MHeaviside@hrzlaw.com
       Ben Martin – BMartin@MartinBaughman.com
       David Matthews – DMatthews@TheMatthewsLawfirm.com

**faegre drinker**

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

September 29, 2021

**VIA E-MAIL**

Basil E. Adham
JOHNSON LAW GROUP
2925 Richmond Ave.
Suite 1700
Houston, TX 77098
IVC@johnsonlawgroup.com

     **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency

Dear Basil E. Adham:

We received a Plaintiff Profile Sheet ("PPS") for **Shirley Smith** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.7      Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8      Plaintiff failed to provide information regarding their children.
- II.9      Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10     Plaintiff failed to provide their highest level of education.
- II.14     Plaintiff failed to answer if they have ever served in the military.
- II.15     Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16     Plaintiff failed to answer if they have a computer.
- II.17     Plaintiff failed to provide information regarding their social media accounts.
- VIII.1    Plaintiff failed to provide current age, height and/or weight.
- VIII.2    Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3    Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4    Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.

Basil E. Adham                                                                                    9/29/2021

- VIII.5    Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).

- VIII.6    Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.

- VIII.7    Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).

- VIII.8    Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.

- VIII.9    Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.

- VIII.10   Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.

- VIII.11   Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.

- VIII.12   Plaintiff failed to answer and describe if they were seeking damages for emotional distress.

- VIII.13   Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.

- VIII.14   Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.

- IX.1      Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.

- IX.2      Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.

- MA        Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of her discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case

Basil E. Adham                                                              9/29/2021

pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino


Cc:     Michael Heaviside - MHeaviside@hrzlaw.com
        Ben Martin – BMartin@MartinBaughman.com
        David Matthews – DMatthews@TheMatthewsLawfirm.com



**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

faegredrinker.com

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

September 28, 2020

**VIA E-MAIL**

Basil E. Adham
JOHNSON LAW GROUP
2925 Richmond Ave.
Suite 1700
Houston, TX 77098
IVC@johnsonlawgroup.com

     **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Basil E. Adham:

We received a Plaintiff Profile Sheet ("PPS") for **William Tkachyk** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.6.a    Plaintiff failed to provide their prior addresses.
- II.7    Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8    Plaintiff failed to provide information regarding their children.
- II.9    Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10    Plaintiff failed to provide their highest level of education.
- II.11    Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12    Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13    Plaintiff failed to provide their employment information.
- II.14    Plaintiff failed to answer if they have ever served in the military.
- II.15    Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16    Plaintiff failed to answer if they have a computer.
- II.17    Plaintiff failed to provide information regarding their social media accounts.
- VII.    Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.2    Plaintiff failed to provide age, height and/or weight at the time the Cook

Basil E. Adham                                                                9/28/2020

Inferior Vena Cava Filter was implanted.

- VIII.3    Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4    Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5    Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6    Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7    Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8    Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9    Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10   Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11   Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12   Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13   Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14   Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1      Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2      Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3      Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- *VP       Plaintiff failed to sign the verification page.
- MA        Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of his discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical

Basil E. Adham                                                                                           9/28/2020

authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegredrinker.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:    Michael Heaviside - MHeaviside@hrzlaw.com
       Ben Martin – BMartin@MartinBaughman.com
       David Matthews – DMatthews@TheMatthewsLawfirm.com

**faegre drinker**

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

faegredrinker.com

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

July 21, 2021

<u>**VIA E-MAIL**</u>

Willard J. Moody, Jr.
THE MOODY LAW FIRM, INC.
500 Crawford Street, Suite 200
Portmouth, VA 23704
will@moodyrrlaw.com; jhogins@moodyrrlaw.com

     **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency

Dear Willard J. Moody, Jr.:

We received a Plaintiff Profile Sheet ("PPS") for **Nikia Whiteside** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.6.a    Plaintiff failed to provide their prior addresses.
- II.7    Plaintiff failed to provide complete information regarding their spouse and/or ex-spouse.
- II.8    Plaintiff failed to provide information regarding their children.
- II.9    Plaintiff failed to complete information regarding any other person residing with them and their relationship.
- II.10    Plaintiff failed to provide their highest level of education.
- II.11    Plaintiff failed to answer if they were claiming damages for lost wages.
- II.12    Plaintiff failed to provide the period for which they are claiming lost wages.
- II.13    Plaintiff failed to provide their employment information.
- II.14    Plaintiff failed to answer if they have ever served in the military.
- II.15    Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16    Plaintiff failed to answer if they have a computer.
- II.17    Plaintiff failed to provide information regarding their social media accounts.
- VI.    Plaintiff failed to provide how the outcome(s) attributed to the device was determined.
- VII.    Plaintiff failed to describe all injuries and physical complaints they attribute to the device.

Willard J. Moody, Jr.                                                                      7/21/2021

- VIII.1      Plaintiff failed to provide current age, height and/or weight.
- VIII.2      Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3      Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4      Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5      Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.6      Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7      Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8      Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9      Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.11     Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12     Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13     Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14     Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.2        Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- *VP         Plaintiff failed to sign the verification page.
- MA          Plaintiff failed to provide signed medical authorizations.

As a result, Plaintiff is in violation of her discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess

Willard J. Moody, Jr.                                                    7/21/2021

Plaintiff's claims or defenses.

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:   Michael Heaviside - MHeaviside@hrzlaw.com
      Ben Martin – BMartin@MartinBaughman.com
      David Matthews – DMatthews@TheMatthewsLawfirm.com

**faegre drinker**

faegredrinker.com

**Blake A. Angelino**
Blake.Angelino@faegredrinker.com
+1 312 356 5145 direct

**Faegre Drinker Biddle & Reath** LLP
311 South Wacker Drive, Suite 4300
Chicago, Illinois 60606
+1 312 212 6500 main
+1 312 212 6501 fax

September 18, 2020

<u>**VIA E-MAIL**</u>

Basil E. Adham
JOHNSON LAW GROUP
2925 Richmond Ave.
Suite 1700
Houston, TX 77098
IVC@johnsonlawgroup.com

    **Re:**    Cook Filter MDL Plaintiff Profile Sheet Deficiency | Grossly Deficient PPS

Dear Basil E. Adham:

We received a Plaintiff Profile Sheet ("PPS") for **Ronald Witherspoon** ("Plaintiff"). However, it is devoid of any meaningful response to numerous sections, for example:

- II.10    Plaintiff failed to provide their highest level of education.
- II.13    Plaintiff failed to provide their employment information.
- II.14    Plaintiff failed to answer if they have ever served in the military.
- II.15    Plaintiff failed to answer if they have ever been convicted of felony and/or crime of fraud and/or dishonesty and a description of same.
- II.16    Plaintiff failed to answer if they have a computer.
- II.17    Plaintiff failed to provide information regarding their social media accounts.
- VII.    Plaintiff failed to describe all injuries and physical complaints they attribute to the device.
- VIII.1    Plaintiff failed to provide current age, height and/or weight.
- VIII.2    Plaintiff failed to provide age, height and/or weight at the time the Cook Inferior Vena Cava Filter was implanted.
- VIII.3    Plaintiff failed to provide information regarding hospitalizations for the five (5) year period before implantation of the Cook Interior Vena Cava Filter(s).
- VIII.4    Plaintiff failed to answer if prior to the implantation of the Cook Inferior Vena Cava Filter(s) if they regularly exercised.
- VIII.5    Plaintiff failed to provide hospitalizations and outpatient procedures they had after the implantation of the Cook Inferior Vena Cava Filter(s).

Basil E. Adham                                                                            9/18/2020

- VIII.6    Plaintiff failed to provide information regarding any other health care provider from which they received treatment in the past seven (7) years not previously mentioned.
- VIII.7    Plaintiff failed to answer and describe if the exercised regularly since the date of implantation of the Cook Inferior Vena Cava Filter(s).
- VIII.8    Plaintiff failed to provide the number (if any) of Deep Vein Thromboses before and after implant of their Cook IVC Filter.
- VIII.9    Plaintiff failed to provide the number (if any) of Pulmonary Emboli before and after implant of their Cook IVC Filter.
- VIII.10   Plaintiff failed to answer if they had any of the conditions listed in VIII.10 five years prior to their IVC Filter.
- VIII.11   Plaintiff failed to list any and all major health problems and surgeries they have had beginning five (5) years before their IVC implant to the present date.
- VIII.12   Plaintiff failed to answer and describe if they were seeking damages for emotional distress.
- VIII.13   Plaintiff failed to answer if they have ever smoked tobacco and, if so, how long have/did they smoke.
- VIII.14   Plaintiff failed to list each prescription medication (if any) they have taken for more than three (3) months at a time, beginning three (3) years prior to the implant to the present.
- IX.1      Plaintiff failed to answer if they have filed a lawsuit or made a claim since the placement of the device, other than in the present suit, relating to any bodily injury.
- IX.2      Plaintiff failed to answer if they have ever filed for any of the listed benefits in IX.2 or any other State or Federal disability benefits.
- IX.3      Plaintiff failed to provide the name, address and relationship to them of all persons (other than their healthcare providers) who possess information concerning their injuries and/or current medical condition.
- *VP       Plaintiff failed to sign the verification page
- MA        Plaintiff failed to provide signed medical authorizations

As a result, Plaintiff is in violation of his discovery obligations under Fourth Amended Case Management Order 4, Dkt. 13046 ("CMO-4").

Pursuant to CMO-4 a "completed PPS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34." CMO-4, ¶ 1(c). All plaintiffs in MDL No. 2570 must submit a "substantially complete" PPS, meaning a PPS that is "complete in all respects, answering every question." CMO-4, ¶ 1(b); see also Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond.") Furthermore, CMO-4 makes clear that the PPS also serves as the equivalent of Rule 34 requests for production and requires plaintiffs to provide signed medical authorizations and produce all the medical records in their possession, among other documents, when submitting the PPS. See CMO-4, ¶ 1(d), (e).

Where, as here, a plaintiff does not provide a "substantially complete" PPS, CMO-4 allows Cook to serve the plaintiff with notice of his deficiency. CMO-4, ¶ 1(g). Then, the plaintiff must correct the deficiency in twenty (20) days or the plaintiff will be subject to dismissal. CMO-4, ¶ 1(g). Plaintiff's PPS is not substantially complete. Without a complete PPS, it is impossible for Cook to assess Plaintiff's claims or defenses.

Basil E. Adham                                                                                          9/18/2020

If Plaintiff does not submit within twenty (20) days of this letter an amended, fully complete PPS and produce all the documents CMO-4 requires Plaintiff to provide, Cook will move to dismiss the case pursuant to CMO-4.

Please submit your amended PPS and document production to CookFilterMDL@FaegreDrinker.com. If the documents are too large to send as attachments to an e-mail, please submit them using the following Secure File Transfer site: https://sft.faegredrinker.com/envelope/CookFilterMDL.

If you fail to file an amended PPS, Cook may move for all appropriate relief including, but not limited to dismissal.

Please let me know if you have any questions or concerns.

Very truly yours,

Blake Angelino

Cc:    Michael Heaviside - MHeaviside@hrzlaw.com
       Ben Martin – BMartin@MartinBaughman.com
       David Matthews – DMatthews@TheMatthewsLawfirm.com