UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Jasmine Bowen, 1:17-cv-2704-RLY-TAB

### COOK'S RESPONSE TO PLAINTIFF BOWEN'S MOTION TO DISMISS

> **When a plaintiff files any court case, … sitting back is no option.** He must be prepared to undergo the costs, psychological, economic and otherwise, that litigation entails. That the plaintiff becomes one of a mass of thousands pursuing particular defendants lends urgency to this reality. **Courts must be exceedingly wary of mass litigation in which plaintiffs are unwilling to move their cases to trial. Any individual case may be selected as a bellwether, and no plaintiff has the right to avoid the obligation to proceed with his own suit, if so selected.**

*In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 628 F.3d 157, 163 (5th Cir. 2010) (emphasis added).

## BACKGROUND

Plaintiff Jasmine Bowen filed her complaint in the MDL on August 9, 2017, alleging failed retrieval of her Tulip filter as her only "injury." At the February 18, 2021 MDL status conference, her case was randomly selected as one of 32 Initial Bellwether Discovery Cases pursuant to Fourth Amended Case Management Order #27. *See* Dkt. 15886, Entry from Motions/Status Conference held February 18, 2021. From that moment on, Plaintiff and her counsel were well aware that her case could be selected for bellwether trial.

1

On July 13, 2021, the Court granted Cook's motion for partial judgment in Plaintiff Bowen's case pursuant to CMO-28, thereby disposing of all Plaintiff Bowen's claims as time-barred with the exception of her implied warranty claim. *See* Dkt. 19302. In the ensuing months, despite outreach by Cook's counsel, Plaintiff Bowen declined to voluntarily dismiss the remaining implied warranty claim.

On November 9, 2021, the Court selected Plaintiff Bowen's case as one of two Category 5 Tulip cases to be tried as bellwethers. *See* Dkt. 20373, Entry from Motions/Status Conference held November 9, 2021. Two weeks later, Plaintiff Bowen moved to dismiss her case with prejudice. *See* Dkt. 20461.

Unfortunately, Plaintiff Bowen is just the latest example of plaintiffs parking meritless no-injury cases in the MDL, hoping to avoid adjudication on the merits, and then dismissing their case when selected for trial. This rampant park-and-ride strategy must stop. Federal Rule of Civil Procedure 11 requires plaintiffs to vet their cases prior to filing, and it includes a continuing obligation to promptly dismiss when the lack of merit becomes clear. This Court should not permit plaintiffs like Plaintiff Bowen to shirk the legal responsibility to file and maintain only cases for which there is a good faith, meritorious basis to proceed.

**ARGUMENT**

The Court previously levied sanctions against a similarly-situated plaintiff who dismissed his no-injury case after being selected as a bellwether. *See* Dkt. 14081, Order Granting the Cook Defendants' Motion for Costs in *Burrage*. While Cook believes sanctions would be equally appropriate here, Cook has not filed a motion requesting them, because the Court's bellwether plan directs the next step: Cook will select the case that replaces *Bowen*. *See* Dkt. 15887, Fourth Amended Case Management Order #27 at ¶ 13 ("If a bellwether case is voluntarily dismissed,

Cook will be permitted to select a replacement bellwether case from the Initial Bellwether Discovery Cases without regard to strikes.").

Further, Plaintiff Bowen's request for dismissal highlights the need for a screening order related to no-injury cases. Plaintiffs' pattern of filing no-injury cases but refusing to try them is an improper attempt to hide in plain sight. If plaintiffs wish to file no-injury cases, they must be willing to try them. If they are unwilling to try them, they must dismiss them. At this point, the only viable way to address this problem is for the Court to adopt the screening order for no-injury cases proposed by Cook. Absent a screening order, Plaintiffs will continue to evade adjudication of the no-injury cases that are bloating this MDL and impeding meaningful progress.

## CONCLUSION

Like multiple plaintiffs before her, Plaintiff Bowen filed a no-injury case and refused to dismiss the case until it was selected for a bellwether trial. Absent court intervention, this practice of "park-and-ride your meritless case and hope it isn't selected as a bellwether" will persist, and the thousands of no-injury cases remaining in the MDL will continue to block meaningful progress toward global resolution. Accordingly, Cook does not oppose Plaintiff Bowen's request for dismissal with prejudice but respectfully urges the Court to adopt screening measures that require plaintiffs to screen their cases prior to filing and dismiss cases that lack merit.

December 3, 2021

Respectfully submitted,

/s/ Andrea Roberts Pierson
Andrea Roberts Pierson
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com

Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2021, a copy of the foregoing Cook's Response to Plaintiff Bowen's Motion to Dismiss was filed electronically. Notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ Andrea Roberts Pierson