

# UNITED STATES DISTRICT COURT
## Southern District of Indiana

### Roger A. G. Sharpe, Clerk of Court

| | | | |
|---|---|---|---|
| Birch Bayh Federal Building & U.S. Courthouse, Room 105 46 East Ohio Street Indianapolis, IN 46204 (317) 229-3700 | U.S. Courthouse, Room 104 921 Ohio Street Terre Haute, IN 47807 (812) 231-1840 | Winfield K. Denton Federal Building & U. S. Courthouse, Room 304 101 NW Martin Luther King Blvd. Evansville, IN 47708 (812) 434-6410 | Lee H. Hamilton Federal Building & U.S. Courthouse, Room 210 121 West Spring Street New Albany, IN 47150 (812) 542-4510 |

December 13, 2021

Ben C. Martin
MARTIN BAUGHMAN, PLLC
3141 Hood Street
Suite 600
Dallas, TX 75219

Kip S.M. McDonald
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street
Suite 2500
Indianapolis, IN 46204

PATTI ALFIERI
1704 Hills of Red Drive, Unit 201
Las Vegas, NV  89128

RE:  PATTI ALFIERI v. COOK INCORPORATED, et al

CAUSE NO:  1:17-cv-03517-RLY-TAB

Dear Appellant and Appellees:

Please be advised that the Notice of Appeal filed in 1:17-cv-03517-RLY-TAB has been forwarded to the United States Court of Appeals for the Seventh Circuit. The Clerk of the Seventh Circuit will assign an appellate case number, docket the appeal, and notify case participants of the Seventh Circuit case number assigned to this matter.

Please review Seventh Circuit Rule 10 (enclosed) for guidance regarding record preparation.

Please contact the Clerk's office with any questions or concerns.

Sincerely,
Roger A. G. Sharpe
Clerk of Court

By Laura Townsend, Deputy Clerk
812-542-4511

## Selected Rules for Reference

**CIRCUIT RULE 10. Preparation and Accessibility of Record in District Court Appeals**

**(a) Record Preparation Duties.**

**(1) Within 14 days of filing the notice of appeal the district court must ensure the district court docket is complete and made available electronically to the court of appeals.**

**(2) The clerk of the district court must prepare and hold any confidential record or exhibit not available electronically on the district court docket until requested by the court of appeals.**

**(3) Counsel must ensure, within 21 days of filing the notice of appeal, that all electronic and non electronic documents necessary for review on appeal are on the district court docket.**

(b) *Correction or Modification of Record.* A motion to correct or modify the record pursuant to Rule 10(e), Fed. R. App. P., or a motion to strike matter from the record on the ground that it is not properly a part thereof must be presented first to the district court. That court's order ruling on the motion must be included as part of the record and a notice of the order must be sent to the court of appeals.

(c) *Order or Certification with Regard to Transcript.* Counsel and court reporters are to utilize the form prescribed by this court when ordering transcripts or certifying that none will be ordered. For specific requirements, see Rules 10(b) and 11(b), Fed. R. App. P.

(d) *Ordering Transcripts in Criminal Cases.*

(1) *Transcripts in Criminal Justice Act Cases.* At the time of the return of a verdict of guilty or, in the case of a bench trial, an adjudication of guilt in a criminal case in which the defendant is represented by counsel appointed under the Criminal Justice Act (C.J.A.), counsel for the defendant must request a transcript of testimony and other relevant proceedings by completing a C.J.A. Form No. 24 and giving it to the district judge. If the district judge believes an appeal is probable, the judge must order transcribed so much of the proceedings as the judge believes necessary for an appeal. The transcript must be filed with the clerk of the district court within 40 days after the return of a verdict of guilty or, in the case of a bench trial, the adjudication of guilt or within seven days after sentencing, whichever occurs later. If the district judge decides not to order the transcript at that time, the judge must retain the C.J.A. Form No. 24 without ruling. If a notice of appeal is filed later, appointed counsel or counsel for a defendant allowed after trial to proceed on appeal in forma pauperis must immediately notify the district judge of the filing of a notice of appeal and file or renew the request made on C.J.A. Form No. 24 for a free transcript.

(2) *Transcripts in Other Criminal Cases.* Within 14 days after filing the notice of appeal in other criminal cases, the appellant or appellant's counsel must deposit with the court reporter the estimated cost of the transcript ordered pursuant to Rule 10(b), Fed. R. App. P., unless the district court orders that the transcript be paid for by the United States. A non-indigent appellant must pay a pro rata share of the cost of a transcript prepared at the request of an indigent co-defendant under the Criminal Justice Act unless the district court determines that fairness requires a different division of the cost. Failure to comply with this paragraph will be cause for dismissal of the appeal.

(e) *Indexing of Transcript.* The transcript of proceedings to be part of the record on appeal (and any copies prepared for the use of the court or counsel in the case on appeal) must be bound by the reporter, with the pages consecutively numbered throughout. The transcript of proceedings must contain a suitable index, as well as the following information:

(1) An alphabetical list of witnesses, giving the pages on which the direct and each other examination of each witness begins.

(2) A list of exhibits by number, with a brief description of each exhibit indicating the nature of its contents, and with a reference to the pages of the transcript where each exhibit has been identified, offered, and received or rejected.

(3) A list of other significant portions of the trial such as opening statements, arguments to the jury, and instructions, with a reference to the page where each begins.

When the record includes transcripts of more than one trial or other distinct proceeding, and it would be cumbersome to apply this paragraph to all the transcripts taken together as one, the rule may be applied separately to each transcript of one trial or other distinct proceeding.

(f) *Presentence Reports.* The presentence report is part of the record on appeal in every criminal case. The district court must maintain this report under seal, unless it has already been placed in the public record in the district court. If the report is under seal, the report may not be included in the appendix to the brief or the separate appendix under Fed. R. App. P. 30 and Circuit Rule 30. Counsel of record may review the presentence report but may not review the probation officer's written comments and any other portion submitted in camera to the trial judge.

(g) *Effect of Omissions from the Record on Appeal.* When a party's argument is countered by a contention of waiver for failure to raise the point in the trial court or before an agency, the party opposing the waiver contention must give the record cite where the point was asserted and also ensure that the record before the court of appeals contains the relevant document or transcript.

NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals
are available at: http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf



# UNITED STATES DISTRICT COURT
## Southern District of Indiana

**Roger A. G. Sharpe, Clerk of Court**

| | | | |
|---|---|---|---|
| Birch Bayh Federal Building & U.S. Courthouse, Room 105 46 East Ohio Street Indianapolis, IN  46204 (317) 229-3700 | U.S. Courthouse, Room 104 921 Ohio Street Terre Haute, IN 47807 (812) 231-1840 | Winfield K. Denton Federal Building & U. S. Courthouse, Room 304 101 NW Martin Luther King Blvd. Evansville, IN 47708 (812) 434-6410 | Lee H. Hamilton Federal Building & U.S. Courthouse, Room 210 121 West Spring Street New Albany, IN 47150 (812) 542-4510 |

December 13, 2021

RE:  PATTI ALFIERI v. COOK INCORPORATED, et al

CAUSE NO:  1:17-cv-03517-RLY-TAB

Dear Appellant:

A Notice of Appeal was filed in the above case on December 10, 2021. However, a "Docketing Statement" was not filed along with the Notice of Appeal, as required by Circuit Rule 3(c) of the U.S. Court of Appeals for the Seventh Circuit. A copy of the rule is attached for reference.

Pursuant to the Seventh Circuit Rule 3(c), the appellant must serve on all parties a docketing statement and file said statement with the Clerk of the Seventh Circuit within seven (7) days of the filing of the Notice of Appeal.

IMPORTANT: Please do not submit the docketing statement to the U.S. District Court. The docketing statement must be filed electronically with the Seventh Circuit pursuant to Circuit Rule 25.  If the appellant is proceeding pro se, then the docketing statement should be filed on paper by mailing the same to the address below:

> Christopher Conway, Clerk
> United States Court of Appeals
> 219 South Dearborn Street, Suite 2722
> Chicago, IL 60604

Please contact the Clerk's office with any questions or concerns.

> Sincerely,
> Roger A. G. Sharpe,
> Clerk of Court
>
> By Laura Townsend, Deputy Clerk
> 812-542-4511

## Selected Rules for Reference

CIRCUIT RULE 3. Notice of Appeal, Docketing Fee, Docketing Statement, and Designation of Counsel of Record

(a) *Forwarding Copy of Notice of Appeal.* When the clerk of the district court sends to the clerk of this court a copy of the notice of appeal, the district court clerk shall include any docketing statement. In civil cases the clerk of the district court shall include the judgments or orders under review, any transcribed oral statement of reasons, opinion, memorandum of decision, findings of fact, and conclusions of law. The clerk of the district court shall also complete and include the Seventh Circuit Appeal Information Sheet in the form prescribed by this court.

(b) *Dismissal of Appeal for Failure to Pay Docketing Fee.* If a proceeding is docketed without prepayment of the docketing fee, the appellant shall pay the fee within 14 days after docketing. If the appellant fails to do so, the clerk is authorized to dismiss the appeal.

(c)(1) *Docketing Statement.* The appellant must serve on all parties a docketing statement and file it with the clerk of the district court at the time of the filing of the notice of appeal or with the clerk of this court within seven days of filing the notice of appeal. The docketing statement must comply with the requirements of Circuit Rule 28(a). If there have been prior or related appellate proceedings in the case, or if the party believes that the earlier appellate proceedings are sufficiently related to the new appeal, the statement must identify these proceedings by caption and number. The statement also must describe any prior litigation in the district court that, although not appealed, (a) arises out of the same criminal conviction, or (b) has been designated by the district court as satisfying the criteria of 28 U.S.C. §1915(g). If any of the parties to the litigation appears in an official capacity, the statement must identify the current occupant of the office. The docketing statement in a collateral attack on a criminal conviction must identify the prisoner's current place of confinement and its current warden; if the prisoner has been released, the statement must describe the nature of any ongoing custody (such as supervised release) and identify the custodian. If the docketing statement is not complete and correct, the appellee must provide a complete one to the court of appeals clerk within 14 days after the date of the filing of the appellant's docketing statement.

(2) Failure to file the docketing statement within 14 days of the filing of the notice of appeal will lead to the imposition of a $100 fine on counsel. Failure to file the statement within 28 days of the filing of the notice of appeal will be treated as abandonment of the appeal, and the appeal will be dismissed. When the appeal is docketed, the court will remind the litigants of these provisions.

(d) *Counsel of Record.* The attorney whose name appears on the docketing statement or other document first filed by that party in this court will be deemed counsel of record, and a separate notice of appearance need not be filed. If the name of more than one attorney is shown, the attorney who is counsel of record must be clearly identified. (There can be only one counsel of record.) If no attorney is so identified, the court will treat the first listed as counsel of record. The court will send documents only to the counsel of record for each party, who is responsible for transmitting them to other lawyers for the same party. The docketing statement or other document must provide the post office address and telephone number of counsel of record. The names of other members of the Bar of this Court and, if desired, their post office addresses, may be added but counsel of record must be clearly identified. An attorney representing a party who will not be filing a document shall enter a separate notice of appearance as counsel of record indicating the name of the party represented. Counsel of record may not withdraw, without consent of the court, unless another counsel of record is simultaneously substituted.

NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals are available at: http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf

## THE SETTLEMENT CONFERENCE PROGRAM
## U.S. COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Pursuant to Rule 33 of the Federal Rules of Appellate Procedure[1] and Circuit Rule 33, the Court conducts conferences with counsel and clients to encourage and facilitate the settlement of civil appeals. Rule 33 conferences are conducted in all types of fully-counseled civil appeals except immigration, social security, habeas corpus, prisoners' civil rights, sentencing, and mandamus cases. The Court spontaneously notices most eligible appeals for Rule 33 conferences. Attorneys for one or more parties may also request that a conference be conducted in any eligible case.

Counsel and clients are well-advised to explore opportunities for settlement at the appellate level.Regardless of how unlikely it may seem, the fact is that many cases can be settled at this stage, substituting a certain and acceptable outcome for the risk and expense of further litigation. The Court's Settlement Conference Office has assisted counsel in settling many appeals without unduly delaying the progress of those appeals which do not yield to settlement efforts.     The following information is intended to assist practitioners and their clients in understanding how the Seventh Circuit's settlement conference program works and how they can make the best use of it to achieve favorable results.

- **How do counsel learn that a Rule 33 conference will be conducted in their appeal?**
  A Notice of Rule 33 Settlement Conference is posted on the docket. The Notice is an order of the Court advising counsel of the date and time of the conference, whether it is to be in person or by telephone, and how they and their clients are expected to prepare.

- **How can a Rule 33 conference be requested?**
  Counsel are invited to request a Rule 33 conference by contacting the Settlement Conference Office, U.S. Court of Appeals for the Seventh Circuit, 219 S. Dearborn, Room 1120, Chicago, Illinois 60604-1705 (Tel. (312) 435-6883/Fax (312) 435-6888/E-mail:  settlement@ca7.uscourts.gov ). At the request of any party or parties in an eligible appeal, the Settlement Conference Office will schedule a Rule 33 conference if its calendar permits. Counsel are then advised by notice that a conference will be held.

- **Do other parties have to be informed that a conference was requested?**
  No. If a party prefers to keep its request confidential, the Settlement Conference Office will not disclose to other parties or to the Court that the conference was requested.

- **Is participation in Rule 33 conferences optional?**
  No. When a Rule 33 conference is scheduled, participation is mandatory.

- **Are clients required to attend?**
  Clients and insurance representatives are required to attend Rule 33 conferences whenever the Settlement Conference Office so directs. When clients or insurance representatives have not been directed to attend the initial conference, they must be available by phone – with full settlement authority – for the duration of the conference.

- **Is it mandatory to settle?**
  No. Whether to settle is ultimately for the parties and their counsel to decide. However, counsel and parties are required to participate with the utmost diligence and good faith. Experience shows that settlements can often be achieved when neither side thought it possible.

---

[1] FRAP Rule 33 provides: "Appeal Conferences. The Court may direct the attorneys, and in appropriate cases the parties, to participate in one or more conferences to address any matter that may aid in the disposition of the proceedings, including the simplification of the issues and the possibility of settlement. A conference may be conducted in person or by telephone and be presided over by a judge or other person designated by the court for that purpose. Before a settlement conference, attorneys must consult with their clients and obtain as much authority as feasible to settle the case. As a result of a conference, the court may enter an order controlling the course of the proceedings or implementing any settlement agreement."

- **Who conducts Rule 33 conferences?**

  The Court has delegated the responsibility for conducting Rule 33 conferences to three full-time conference attorneys: Joel N. Shapiro, Rocco J. Spagna, and Jillisa Brittan. All were civil litigators in private practice prior to their appointment by the Court.

- **Is there a fee for the services of the conference attorney?**

  No. The assistance of the Settlement Conference Office is available to appellate litigants at no charge.

- **Must each party's lead attorney attend the Rule 33 conference?**

  Yes. It is essential that each party be represented at the Rule 33 conference by an attorney who not only is conversant with the case but is the attorney on whose advice the party relies. If more than one attorney meets these criteria, either of them may represent the client in the Rule 33 conference.

- **How is it decided whether a Rule 33 conference will be conducted by telephone or in person?**

  When all participants reside in the Chicago metropolitan area, Rule 33 conferences are usually held in the Settlement Conference Office at the United States Courthouse. Otherwise, conferences are generally conducted by telephone. The telephone equipment used in these conferences can accommodate more than a dozen separate lines and enables the conference attorney to speak privately with any combination of participants. Experience indicates that telephone conferences are generally as effective as in-person conferences in fostering settlements.

- **Are in-person conferences ever held outside Chicago?**

  Because the resources of the settlement conference program are limited, in-person conferences cannot routinely be held throughout the Circuit. However, from time to time in-person conferences are conducted at locations other than Chicago. If the participants believe that an in-person conference outside Chicago would be more productive than a conference by telephone, they are welcome to suggest it.

- **Are Rule 33 conferences confidential?**

  Yes. The Court requires all participants to keep what is said in these conferences strictly confidential. Communications, oral and written, which take place in the course of Rule 33 proceedings may not be disclosed to anyone other than the litigants, their counsel, and the conference attorney.

- **Do judges of the Court of Appeals learn what has happened at a Rule 33 conference?**

  No. Participants in Rule 33 conferences, including the conference attorney, are forbidden to impart to any judge or other court personnel, in the Court of Appeals or elsewhere, what has been communicated in these conferences.

- **What occurs at a Rule 33 conference?**

  Rule 33 conferences are official proceedings of the Court but are off-the-record and relatively informal. Discussion is conversational rather than argumentative. The focus is on realistically assessing the prospects of the appeal, the risks and costs of further litigation, the interests of the parties, and the benefits each side can gain through settlement. The conference attorney ordinarily meets with counsel both together and separately. Settlement proposals are discussed. A resolution may or may not be reached during the initial conference. Often, follow-up conferences or shuttle negotiations are conducted. Letters or draft proposals may be exchanged. By the conclusion of the Rule 33 process, the parties will have either reached an agreement to settle or learned how far apart they are and what are the remaining obstacles to settlement.

- **Is discussion of settlement limited to the appeal itself?**

  Not necessarily. If settlement of the appeal will not dispose of the entire case, or if related litigation is pending in other forums, the parties are invited and encouraged to explore the possibility of a global settlement.

- **Is briefing deferred when a Notice of Rule 33 Conference is issued?**

  Briefing is usually postponed until after the initial conference. If further modification of the briefing schedule would be conducive to settlement, an order to that effect may later be entered. What preparation is required of

counsel? In preparation for the initial Rule 33 conference, attorneys are required to consult rigorously with their clients and obtain as much authority as feasible to settle the case. Counsel must also review their legal and factual contentions with a view to being able to discuss candidly the prospects of the appeal and the case as a whole. If the conference attorney requests copies of pleadings, hearing transcripts, or other material in anticipation of the conference, counsel are expected to provide it promptly.

- **What is the role of the conference attorney?**

Because the format of Rule 33 conferences is flexible and each appeal is dealt with on its own terms, the conference attorney plays a variety of roles. He or she acts as moderator, facilitator, and intermediary. The conference attorney serves as a neutral evaluator and a reality check. He or she may suggest terms of settlement. Without being coercive, the conference attorney acts as a determined advocate for settlement.

- **What can counsel expect of the conference attorney**?

Before the initial conference, the conference attorney will have familiarized him or herself with the history of the litigation, the posture of the case, and the issues on appeal. During the conference, the conference attorney will seek additional information about the background of the dispute and the parties' interests, claims and defenses in order to explore all possibilities for a voluntary resolution. The conference attorney is strictly impartial. He or she does not advocate for any party and avoids making comments that could advantage one side or another in arguing the issues on appeal. The conference attorney will disclose any affiliation or prior representation of which he or she is aware that could call his or her neutrality into question. The conference attorney does not force any party to settle or to accept terms it is not willing to accept. While he or she urges parties to take advantage of opportunities to settle favorably, the conference attorney recognizes that settlement is not always possible.

- **How can counsel make best use of the Rule 33 conference to benefit their clients?**

Recognize that the Rule 33 conference is an opportunity to achieve a favorable outcome for your client. Without laying aside the advocate's responsibility, approach the conference as essentially cooperative rather than adversarial. Help your client make settlement decisions based not on overconfidence or wishful thinking, but on a realistic assessment of the case; not on emotion, however justified it may be, but on rational self-interest. Suggest terms of settlement that maximize the benefits of settlement for all parties. Take advantage of the opportunity to talk confidentially and constructively with counsel for the other parties and, if clients are present, to address them respectfully but convincingly. Let the conference attorney know how he or she can help you obtain a satisfactory resolution. Be candid. Don't posture. Listen closely to what other participants have to say. Give the process a chance to work.

FILED

12/10/2021

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

The Notice Of Appeal

Case # 1:17-cv-03517

Patti Alfieri

Vs

Cook

Appealing the judgements made on Nov 10, 2021

There are more issues that weren't gone over.  For example the piece of medal lodged in my spine and now is eroding.  Finding doctors, waiting for appointments, I also had to change doctors to get better results with my health.  It was very hard to find a new primary care doctor which then helped with the cardiovascular surgeon that removed it.  She did tell me that she took out the whole filter.  Then while looking in my records come across that is still in me. The 2 surgeries I've had because of this fracture of the filter.

I didn't need the ivc filter with all the meds I was given and it wasn't taken out when it was supposed to. Which then I had to get 2 surgeries one for the removal that I was cut open from the middle of my chest down to my belly button.  The second with the hernia surgery I was cut open further mid of my chest to my pelvis.

Then to find out that the filter is still on me causing more health issues.



The Notice Of Appeal

Case # 1:17-cv-03517

Patti Alfieri

Vs

Cook

Appealing the judgements made on Nov 10, 2021

There are more issues that weren't gone over.  For example the piece of medal lodged in my spine and now is eroding.  Finding doctors, waiting for appointments, I also had to change doctors to get better results with my health.  It was very hard to find a new primary care doctor which then helped with the cardiovascular surgeon that removed it.  She did tell me that she took out the whole filter.  Then while looking in my records come across that is still in me. The 2 surgeries I've had because of this fracture of the filter.

I didn't need the ivc filter with all the meds I was given and it wasn't taken out when it was supposed to. Which then I had to get 2 surgeries one for the removal that I was cut open from the middle of my chest down to my belly button.  The second with the hernia surgery I was cut open further mid of my chest to my pelvis.

Then to find out that the filter is still on me causing more health issues.





UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | ) ) ) ) | |
| _____ | ) | 1:14-ml-02570-RLY-TAB MDL No. 2570 |
| This Document Relates to: | ) ) ) | |
| Patti Alfieri, 1:17-cv-03517 | ) ) | |
| _____ | ) | |

**ENTRY ON THE COOK DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and

William Cook Europe APS (collectively "the Cook Defendants" or "Cook") manufacture

and sell inferior vena cava ("IVC") filters, which are used to prevent pulmonary

embolism.  The Plaintiff herein, Patti Alfieri, was implanted with a Cook IVC filter in

January 2007 and alleges she was harmed by the device.  The Cook Defendants move for

summary judgment on grounds that her claims are barred by Nevada's statute of

limitations.  The court, having reviewed the parties' submissions and the applicable law,

finds the Cook Defendants' motion must be **GRANTED**.

**I.      Background**

Plaintiff is a resident of Nevada who was implanted with a Cook Günther Tulip

filter on January 16, 2007, by Dr. Paul Brandt at the University Medical Center of

Southern Nevada in Las Vegas, Nevada.  (Filing No. 1:17-cv-03517, Filing No. 1, Short

1

Form Compl. ¶¶ 4-7, 10-13).  On September 24, 2015, Plaintiff underwent an x-ray of her abdomen that revealed that "[o]ne of the legs of the IVC filter appears to be fractured, and inferiorly displaced." (Filing No. 20009 at 4).  That facture diagnosis was communicated to Plaintiff on the same day, and she was encouraged to follow up with her primary care physician or a cardiothoracic surgeon.  (*Id.* at 6).

Plaintiff ultimately decided to have the filter removed through an open removal surgery, and the filter was successfully removed on April 5, 2016.  (Filing No. 20105-1, Medical Record at 34).  She did, however, suffer an incisional hernia as a result of the surgery.  (Filing No. 20105-2, Medical Record at 6).  Plaintiff filed the present action on October 2, 2017.  (*See* Short Form Compl.).  Over 19 months later, on May 23, 2019, Plaintiff presented for elective repair of the hernia.  (Filing No. 20105-2, Medical Record at 6).

## II.   Discussion

The parties agree Nevada law applies.  The issue is whether Plaintiff's claims are barred by Nevada's two-year statute of limitations.  Under Nevada's discovery rule, the statute of limitations begins to run when "the injured party discovers or reasonably should have discovered facts supporting a cause of action." *Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1065 (8th Cir. 2012) (citing *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990)).  The discovery rule "has been clarified to mean that the statute of limitations begins to run when the patient has before him facts which would put a reasonable person on inquiry notice of his possible cause of action[.]" *Massey v. Litton*, 669 P.2d 248, 251 (Nev. 1983).  A plaintiff is put on inquiry notice "when he or she

2

should have known of facts that would lead an ordinarily prudent person to investigate the matter further." *Winn v. Sunrise Hosp. & Med. Ctr.*, 277 P.3d 458, 462 (Nev. 2012).

Plaintiff concedes that the filter fracture occurred outside the two-year statute of limitations. But she argues the incisional hernia gave rise to a separate and distinct injury claim which was timely filed.

Plaintiff's argument invokes the "two-injury rule," which provides that where the statute of limitations has run on an injury, a later injury that is "separate and distinct" from the time-barred injury is still actionable. *Golod v. LaRoche*, 964 F.Supp. 841, 850-51 (S.D.N.Y. 1997) (quoting *Humphreys v. Humphreys*, 949 F.Supp. 1014, 1020 (E.D.N.Y. 1997)). The second injury must be more than an extension of the original injury and arise through a different chain of causation. *McLaughlin v. Bayer Essure, Inc.*, No. 14-7316, 2020 WL 1625549, at *10 (E.D. Pa. Apr. 2, 2020) (internal quotation marks and citation omitted); *Gaillard v. Bayer Corp.*, 986 F. Supp. 2d 241, 248 n.5 (E.D.N.Y. 2013) (different accrual dates for multiple injuries with a common cause are only appropriate "where the presence of one is not necessarily a predicate for the other's development"); *Hartey v. Ethicon, Inc.*, No. CIV.A. 04-CV-5111, 2006 WL 724554, at *5 (E.D. Pa. Mar. 20, 2006) (holding that lesions caused by migration of the plaintiff's hernia mesh were not a distinct injury from mesh-related scarring that was discovered a year earlier because the lesions were "simply an extension" of the original complication).

Here, Plaintiff admits in her response that her incisional hernia was a complication of the open removal surgery that "was performed for the sole purpose of retrieving the fractured IVC filter." (Pl.'s Resp. at 3). Any complications associated with that surgery,

3

including the incisional hernia, were "simply an extension" of the filter fracture.  The

filter fracture and incisional hernia are part of the same chain of causation, and the

fracture was "necessarily a predicate" for the development of the incisional hernia.

*Gaillard*, 986 F. Supp. 2d at 248 n.5.  Plaintiff's product liability claims are barred.

Plaintiff failed to respond to Cook's motion for summary judgment on her implied

warranty, express warranty, consumer protection, and punitive damages claims,

effectively waiving any opposition.  *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th

Cir. 2010).

## III.   Conclusion

For the foregoing reasons, Cook's Motion for Summary Judgment (Filing No.

20008) is **GRANTED**.  Final judgment shall be issued forthwith.

**SO ORDERED** this 10th day of November 2021.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | ) ) ) ) ) | 1:14-ml-02570-RLY-TAB MDL No. 2570 |
| _____ | ) | |
| This Document Relates to: | ) ) | |
| Patti Alfieri, 1:17-cv-03517 | ) ) | |
| _____ | ) | |

**FINAL JUDGMENT**

Pursuant to the Order issued this day, the court enters final judgment in favor of

the Cook Defendants—Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical

Incorporated), and William Cook Europe APS—and against the Plaintiff.

**SO ORDERED** this 10th day of November 2021.

Roger Sharpe, Clerk
United States District Court

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

_____
By: Deputy Clerk

Distributed Electronically to Registered Counsel of Record.

1

# *** PUBLIC DOCKET ***

APPEAL,MDL,CLOSED

## U.S. District Court
## Southern District of Indiana (Indianapolis)
## CIVIL DOCKET FOR CASE #: 1:17-cv-03517-RLY-TAB

| | |
|---|---|
| ALFIERI v. COOK INCORPORATED et al | Date Filed: 10/02/2017 |
| Assigned to: Judge Richard L. Young | Date Terminated: 11/10/2021 |
| Referred to: Magistrate Judge Tim A. Baker | Jury Demand: Plaintiff |
| Lead case: 1:14-ml-02570-RLY-TAB | Nature of Suit: 367 Personal Injury: Health |
| Member case: (View Member Case) | Care/Pharmaceutical Personal Injury |
| Cause: 28:1332 Diversity-Personal Injury | Product Liability |
| | Jurisdiction: Diversity |

**Plaintiff**

**PATTI ALFIERI**                    represented by    **Ben C. Martin**
MARTIN BAUGHMAN, PLLC
3141 Hood Street
Suite 600
Dallas, TX 75219
(214) 761-6614
Fax: (214) 744-7590
Email: bmartin@martinbaughman.com

**Matthew David Schultz**
LEVIN PAPANTONIO THOMAS
MITCHELL RAFFERTY & PROCTOR
PA
316 S. Baylen St.
Suite 600
Pensacola, FL 32502
850-435-7140
Fax: 850-435-7020
Email: mschultz@levinlaw.com
*TERMINATED: 05/12/2021*

**Thomas W. Arbon**
MARTIN BAUGHMAN, PLLC
3141 Hood Street
Suite 600
Dallas, TX 75219
(214) 761-6614
Fax: (214) 744-7590
Email: tarbon@martinbaughman.com

V.

**<u>Defendant</u>**

**COOK INCORPORATED**                    represented by   **Andrea Roberts Pierson**
FAEGRE DRINKER BIDDLE & REATH
LLP (Indianapolis)
300 North Meridian Street
Suite 2500
Indianapolis, IN 46204
317-237-0300
Fax: 317-237-1000
Email: andrea.pierson@faegredrinker.com

**John T. Schlafer**
FAEGRE DRINKER BIDDLE & REATH
LLP (Indianapolis)
300 North Meridian Street
Suite 2500
Indianapolis, IN 46204
(317) 237-8274
Fax: (317) 237-1000
Email: john.schlafer@faegrebd.com
*TERMINATED: 08/09/2018*

**Kip S.M. McDonald**
FAEGRE DRINKER BIDDLE & REATH
LLP (Indianapolis)
300 North Meridian Street
Suite 2500
Indianapolis, IN 46204
(317) 237-1485
Fax: (317) 237-1000
Email:
Kip.McDonald@Faegredrinker.com

**<u>Defendant</u>**

**COOK MEDICAL, LLC**                    represented by   **Andrea Roberts Pierson**
(See above for address)

**John T. Schlafer**
(See above for address)
*TERMINATED: 08/09/2018*

**Kip S.M. McDonald**
(See above for address)

**<u>Defendant</u>**

**WILLIAM COOK EUROPE APS**              represented by   **Andrea Roberts Pierson**
(See above for address)

**John T. Schlafer**
(See above for address)
*TERMINATED: 08/09/2018*

**Kip S.M. McDonald**
(See above for address)

| Date Filed | # | Docket Text |
|---|---|---|
| 10/02/2017 | 1 | COMPLAINT against All Defendants, filed by All Plaintiffs. (Filing fee $400, receipt number 0756-4564960) (Attachments: # 1 Civil Cover Sheet)(Schultz, Matthew) (Entered: 10/02/2017) |
| 10/02/2017 | 2 | NOTICE of Appearance by Matthew David Schultz on behalf of Plaintiff PATTI ALFIERI. (Schultz, Matthew) (Entered: 10/02/2017) |
| 10/03/2017 | 3 | NOTICE of Reassignment pursuant to General Order dated July 13, 2016 of Case to Judge Richard L. Young and Magistrate Judge Tim A. Baker. Judge Sarah Evans Barker, Magistrate Judge Matthew P. Brookman no longer assigned to the case. Please include the new case number, **1:17-cv-3517-RLY-TAB**, on all future filings in this matter. (REO) (Entered: 10/03/2017) |
| 10/03/2017 | 4 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (REO) (Entered: 10/03/2017) |
| 10/18/2017 | 5 | Amended Order Establishing Policies and Procedures. Signed by Judge Richard L. Young on 10/18/2017. (JRT) (Entered: 10/18/2017) |
| 10/18/2017 | 6 | Remark - Pending Action SD/IN 1:17-cv-3517-RLY-TAB Transferred as a Member Action to MDL 2570 on 10/18/2017. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:17-cv-03517-RLY-TAB (JRT) (Entered: 10/18/2017) |
| 11/15/2017 | 7 | NOTICE of Appearance by John T. Schlafer on behalf of Defendants COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL, LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, COOK INCORPORATED, COOK MEDICAL, LLC, WILLIAM COOK EUROPE APS, MDL Defendants COOK INCORPORATED, COOK INCORPORATED, COOK INCORPORATED, COOK INCORPORATED, COOK INCORPORATED, COOK INCORPORATED, COOK MEDICAL LLC, COOK MEDICAL LLC, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, WILLIAM COOK EUROPE APS, WILLIAM COOK EUROPE APS. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:17-cv-03455-RLY-TAB, 1:17-cv-03459-RLY-TAB, 1:17-cv-03484-RLY- |

| | | |
|---|---|---|
| | | TAB, 1:17-cv-03517-RLY-TAB, 1:17-cv-03695-RLY-TAB, 1:17-cv-03696-RLY-TAB, 1:17-cv-03733-RLY-TAB, 1:17-cv-03735-RLY-TAB, 1:17-cv-03741-RLY-TAB, 1:17-cv-03743-RLY-TAB, 1:17-cv-03744-RLY-TAB, 1:17-cv-03745-RLY-TAB (Schlafer, John) (Entered: 11/15/2017) |
| 11/15/2017 | 8 | NOTICE of Appearance by Andrea Roberts Pierson on behalf of Defendants COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL, LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL, LLC, WILLIAM COOK EUROPE APS, MDL Defendants COOK INCORPORATED, COOK INCORPORATED, COOK INCORPORATED, COOK INCORPORATED, COOK INCORPORATED, COOK INCORPORATED, COOK MEDICAL LLC, COOK MEDICAL LLC, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, WILLIAM COOK EUROPE APS, WILLIAM COOK EUROPE APS. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:17-cv-03455-RLY-TAB, 1:17-cv-03459-RLY-TAB, 1:17-cv-03484-RLY-TAB, 1:17-cv-03517-RLY-TAB, 1:17-cv-03695-RLY-TAB, 1:17-cv-03696-RLY-TAB, 1:17-cv-03733-RLY-TAB, 1:17-cv-03735-RLY-TAB, 1:17-cv-03741-RLY-TAB, 1:17-cv-03743-RLY-TAB, 1:17-cv-03744-RLY-TAB, 1:17-cv-03745-RLY-TAB (Pierson, Andrea) (Entered: 11/15/2017) |
| 08/01/2018 | 9 | NOTICE of Appearance by Kip S.M. McDonald on behalf of Defendants COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL, LLC, WILLIAM COOK EUROPE APS, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK |

| | | |
|---|---|---|
| | | MEDICAL LLC, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL, LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, MDL Defendants COOK INCORPORATED, COOK INCORPORATED, COOK INCORPORATED, COOK INCORPORATED, COOK INCORPORATED, COOK INCORPORATED, COOK INCORPORATED, COOK MEDICAL LLC, COOK MEDICAL LLC, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, WILLIAM COOK EUROPE APS, WILLIAM COOK EUROPE APS. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (McDonald, Kip) (Entered: 08/01/2018) |
| 08/09/2018 | 10 | MARGINAL ENTRY approving 8824 Notice of Withdrawal of Appearance. The appearance of attorney John T. Schlafer shall be withdrawn in 1:14-ml-2570 as well as in all Cook IVC Filter MDL member cases in which he has appeared. Signed by Magistrate Judge Tim A. Baker on 8/9/2018. Associated Cases: 1:14-ml-02570-RLY-TAB et al.(LBT) (Entered: 08/09/2018) |
| 05/04/2021 | 11 | NOTICE of Appearance by Ben C. Martin on behalf of MDL Plaintiff PATTI ALFIERI. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:17-cv-03517-RLY-TAB (Martin, Ben) (Entered: 05/04/2021) |

| 05/04/2021 | 12 | NOTICE of Appearance by Thomas W. Arbon on behalf of MDL Plaintiff PATTI ALFIERI. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:17-cv-03517-RLY-TAB (Arbon, Thomas) (Entered: 05/04/2021) |
| 05/12/2021 | 13 | ORDER granting (18504) Motion to Withdraw Attorney Appearance in case 1:14-ml-02570-RLY-TAB. Matthew D. Schultz of Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. is hereby withdrawn as counsel of record in this action. Signed by Magistrate Judge Tim A. Baker on 5/12/2021. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:17-cv-03517-RLY-TAB(LBT) (Entered: 05/12/2021) |
| 11/10/2021 | 14 | ENTRY ON THE COOK DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28 - (20008) Motion for Summary Judgment is GRANTED. Final judgment shall be issued forthwith. See Entry for details. Signed by Judge Richard L. Young on 11/10/2021. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:17-cv-03517-RLY-TAB(LBT) (Entered: 11/10/2021) |
| 11/10/2021 | 15 | JUDGMENT - Pursuant to the Order issued this day, the court enters final judgment in favor of the Cook Defendants--Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS--and against the Plaintiff, Patti Alfieri. Signed by Judge Richard L. Young on 11/10/2021.Associated Cases: 1:14-ml-02570-RLY-TAB, 1:17-cv-03517-RLY-TAB(LBT) (Entered: 11/10/2021) |
| 12/09/2021 | 16 | MOTION for Extension of Time to File Appeal, filed by Plaintiff PATTI ALFIERI. (JRB) (Entered: 12/09/2021) |
| 12/10/2021 | 17 | NOTICE OF APPEAL as to 15 Judgment, filed by Plaintiff PATTI ALFIERI. (No fee paid with this filing) (Attachments: # 1 Exhibit)(JRB) (Entered: 12/10/2021) |

**Case #: 1:17-cv-03517-RLY-TAB**