UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Case:
Norman, Milton and Donna, 1:19-cv-03814

## COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF MILTON NORMAN'S CASE PURSUANT TO CMO-28

Under Fed. R. Civ. P. 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges as his injury a failed IVC filter retrieval attempt and filter embedment.

1. Plaintiff's Name:  Milton Norman[1]

2. Case Number:  1:19-cv-03814

3. Case Origin:  Filed in the Southern District of Indiana on September 7, 2019

4. Plaintiff's Home State per Complaint: Texas (Plaintiff's current residence, location of injury, and residence at time of filter placement).

5. Applicable Choice of Law Rules:  Indiana, *see* Dkt. 13539 (finding Indiana choice-of-law rules apply to all claims in the MDL originally filed in the Southern District of Indiana, except those filed between May 31, 2017 and June 13, 2019).

6. Applicable Statute of Limitations:  Indiana (2 years), Ind. Code 34-20-3-1(b)(1) ("[A] product liability action must be commenced: (1) within two (2) years after the cause of action accrues").

7. Filter Placement Date:  October 19, 2016

8. Latest Possible Date of Accrual:  April 12, 2017 (*see* Case Categorization Form

---

[1] Cook refers to Mr. Norman as "Plaintiff" due to the singular language used in the structure of the Short-Form Complaint.  Plaintiff's spouse, Donna Norman, is a Co-Plaintiff on a loss-of-consortium claim, and this motion seeks dismissal of her derivative claims as well.

- 1 -

and accompanying medical records, attached as **Exhibit A** and filed under seal noting: "Unsuccessful attempt to retri[e]ve tulip IVC filter … [A]ttempt to dislodge the filter hook from the vessel wall with no success.").[2]

9.   <u>Length of Time Between Claim Accrual and Filing</u>:  2 years, 4 months, 26 days

**BRIEF ARGUMENT**

Indiana law bars Plaintiff's personal injury claims because he did not file his case until more than two years after an unsuccessful attempt to remove his filter.[3]  *See supra*, ¶¶ 3, 8-9. Indiana's discovery rule "looks only to when a plaintiff knew that he or she suffered an ascertainable injury, and knew or should have discovered that the injury was caused by the product or act of another." *Valmore v. Janssen Pharm. Prods., LP*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005).  A plaintiff only needs to know—or reasonably should know—that a product is a potential cause of the injury to trigger the statute of limitations, not that the product is the ultimate legal cause of the injury.  *See id.* at *2 ("A plaintiff . . . need not know with certainty that a particular product caused her injury to trigger the running of the statutory time period.").  This Court dismissed the *Heintzman* case under Indiana law where the plaintiff underwent a failed retrieval attempt more than two years before commencing the action, finding that the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391 (citing *In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 358 (S.D.N.Y. 2014)); *see also*

---

[2] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion.  *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").

[3] Plaintiff's case would also be barred under Texas' two-year statute of limitations for torts.  *See* Tex. Code Civ. Prac. & Remedies, § 16.003.  Texas has adopted a very limited discovery rule, but it does not apply to Plaintiff's case because the discovery rule "does not operate to toll the running of the limitation period until such time as plaintiff discovers all of the elements of a cause of action." *Coody v. A.H. Robins Co.*, 696 S.W.2d 154, 156 (Tex. Ct. App. 1985); *see also Pavich v. Zimmer, Inc.*, 157 F.3d 903 (5th Cir. 1998); *In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 356 (S.D.N.Y. 2014) (explaining that Indiana and Texas law are similar).

Dkt. 19303 (dismissing Plaintiff Bush's product liability claims as time-barred under Indiana law where she commenced her action more than two years after a failed filter retrieval). Here, as in those cases, the failed retrieval procedure provided sufficient information to start the limitations period as a matter of law.

Plaintiff's implied warranty claim fails on the same ground. Indiana law subjects warranty claims to the respective two-year statute of limitations discussed above. *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).

Plaintiff's consumer protection and express warranty claims fail as well. The Court has concluded these claims are not adequately pled in the Master Complaint. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims. Thus, Plaintiff has failed to plead a viable state consumer-protection claim or a viable express warranty claim. Plaintiff's claim for punitive damages fails as derivative. Ms. Norman's loss-of-consortium claim also fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

                                          Respectfully submitted,

Dated: December 15, 2021         /s/ *Jessica Benson Cox*
                                                     Jessica Benson Cox
                                                     Andrea Roberts Pierson
                                                     FAEGRE DRINKER BIDDLE & REATH LLP
                                                     300 North Meridian Street, Suite 2500
                                                     Indianapolis, Indiana 46204
                                                     Telephone: (317) 237-0300
                                                     Andrea.Pierson@FaegreDrinker.com
                                                     Jessica.Cox@FaegreDrinker.com

                                                     James Stephen Bennett
                                                     FAEGRE DRINKER BIDDLE & REATH LLP
                                                     110 West Berry Street, Suite 2400
                                                     Fort Wayne, Indiana 46802
                                                     Telephone: (260) 424-8000
                                                     Stephen.Bennett@FaegreDrinker.com

                                                     *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2021, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF MILTON NORMAN'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                                     /s/ *Jessica Benson Cox*