UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Kuljanin, Marija and Ljubisa, 1:16-cv-00278

**DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF MARIJA KULJANIN'S CASE PURSUANT TO CMO-28**

Under Fed. R. Civ. P. 12(c) and CMO-28, the Cook Defendants move for judgment in Plaintiff's case, which alleges as her injury a failed retrieval attempt of an embedded filter.

1. <u>Plaintiff's Name</u>:  Marija Kuljanin[1]

2. <u>Case Number</u>:  1:16-cv-00278

3. <u>Case Origin</u>:  Filed in the Southern District of Indiana on February 1, 2016

4. <u>Plaintiff's Home State per Complaint</u>: Illinois (Plaintiff' location of injury, and residence at time of filter placement); Nevada (current residence)

5. <u>Applicable Choice of Law Rules</u>:  Indiana, *see* Dkt. 13539 (finding Indiana choice-of-law rules apply to all claims in the MDL originally filed in the Southern District of Indiana, except those filed between May 31, 2017 and June 13, 2019).

6. <u>Applicable Statute of Limitations</u>:  Indiana (2 years), Ind. Code 34-20-3-1(b)(1) ("[A] product liability action must be commenced: (1) within two (2) years after the cause of action accrues").

7. <u>Filter Placement Date</u>:  March 20, 2007

8. <u>Latest Possible Date of Accrual</u>:  June 7, 2007 (*see* Case Categorization Form and

---

[1] The Cook Defendants refer to Mrs. Kuljanin as "Plaintiff" due to the singular language used in the structure of the Short Form Complaint.  Plaintiff's spouse, Ljubisa Kuljanin, is a Co-Plaintiff on a loss of consortium claim, and this motion seeks dismissal of his derivative claim as well.

  accompanying medical records, attached as **Exhibit A** and filed under seal noting: "Attempts to retrieve using loop snare technique were unsuccessful as were attempts at retrieval using a tip deflecting wire technique").[2]

9. <u>Length of Time Between Claim Accrual and Filing</u>:  8 years, 7 months, 25 days

## BRIEF ARGUMENT

Indiana law bars Plaintiff's personal injury claims because she did not file her case until more than two years after an unsuccessful attempt to remove her filter.[3]  *See supra*, ¶¶ 3, 8-9. Indiana's discovery rule "looks only to when a plaintiff knew that he or she suffered an ascertainable injury, and knew or should have discovered that the injury was caused by the product or act of another." *Valmore v. Janssen Pharm. Prods., LP*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005).  A plaintiff only needs to know—or reasonably should know—that a product is a potential cause of the injury to trigger the statute of limitations, not that the product is the ultimate legal cause of the injury. *See id.* at *2 ("A plaintiff . . . need not know with certainty that a particular product caused her injury to trigger the running of the statutory time period.").  This Court dismissed the *Heintzman* case under Indiana law where the plaintiff underwent a failed retrieval attempt more than two years before commencing the action, finding that the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391 (citing *In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 358 (S.D.N.Y. 2014)); *see also*

---

[2] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion.  *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").

[3] Plaintiff's claims are also barred under both the two-year statute of limitations in Illinois, where she received her filter and her alleged injury occurred, and in Nevada, where Plaintiff currently resides.  *See* 735 Ill. Comp. Stat. § 5/13-213; Dkt. 19302 (granting judgment on the pleadings on statute of limitations grounds as to plaintiff's product liability claims in *Bowen* case under Illinois law); Dkt. 20386 (granting judgment on the pleadings on statute of limitation grounds in *Alfieri* case under Nevada law).

Dkt. 19303 (dismissing Plaintiff Bush's product liability claims as time-barred under Indiana law where she commenced her action more than two years after a failed filter retrieval).  Here, as in these cases, the failed retrieval procedure provided sufficient information to start the limitations period as a matter of law. [4]

Plaintiff's implied warranty claim fails on the same ground.  Indiana law subjects warranty claims to the respective two-year statute of limitations discussed above.[5]  *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).

Plaintiff's consumer protection and express warranty claims fail as well.  The Court has concluded these claims are not adequately pled in the Master Complaint.  *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty).  Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims. Thus, Plaintiff has failed to plead a viable state consumer protection claim or a viable express warranty claim.  Plaintiff's claim for punitive damages fails as derivative. Co-Plaintiff Ljubisa Kuljanin's loss of consortium claim also fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

[4] To the extent Plaintiff may claim other complications or injuries, the statute of limitations bars those claims as well because they do not constitute new or separate claims under Indiana law.  On the contrary, "it is not necessary that the full extent of the damage be known or even ascertainable but only that some ascertainable damage has occurred."  *Monsanto v. Miller*, 455 N.E.2d 392, 394 (Ind. Ct. App. 1983).

[5] Plaintiff's implied warranty claim would also fail under Illinois law because it is subject to a four-year statute of limitations that is measured from the date of delivery, *see* 810 Ill. Comp. Stat. 5/2-725, and Plaintiff filed this action more than eight years after receiving her filter, *see supra*, ¶¶ 3, 7.  The implied warranty claim also fails under Nevada law, because Nevada follows the same rule as Indiana.  *See e.g., Blotzke v. Christmas Tree, Inc.*, 499 P.2d 647 (Nev. 1972) (holding that personal injury actions are subject to two-year statute of limitations, regardless of whether claim is based in tort or contract).

Respectfully submitted,

Dated:  December 15, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2021, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF MARIJA KLJUANIN'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*