UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Alford, Kristeena, 1:16-cv-02977

### DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF KRISTEENA ALFORD'S CASE PURSUANT TO CMO-28

Under Fed. R. Civ. P. 12(c) and CMO-28, the Cook Defendants move for judgment in Plaintiff's case, which alleges as her injury a failed retrieval attempt of an embedded filter.

1. <u>Plaintiff's Name</u>:  Kristeena Alford

2. <u>Case Number</u>:  1:16-cv-02977

3. <u>Case Origin</u>:  Filed in the Southern District of Indiana on November 1, 2016

4. <u>Plaintiff's Home State per Complaint</u>: Illinois (Plaintiff' location of injury, and residence at time of filter placement); Wisconsin (current residence)

5. <u>Applicable Choice of Law Rules</u>:  Indiana, *see* Dkt. 13539 (finding Indiana choice-of-law rules apply to all claims in the MDL originally filed in the Southern District of Indiana, except those filed between May 31, 2017 and June 13, 2019).

6. <u>Applicable Statute of Limitations</u>:  Indiana (2 years), Ind. Code 34-20-3-1(b)(1) ("[A] product liability action must be commenced: (1) within two (2) years after the cause of action accrues").

7. <u>Filter Placement Date</u>:  August 9, 2009

8. <u>Latest Possible Date of Accrual</u>:  December 4, 2009 (*see* Case Categorization Form and accompanying medical records, attached as **Exhibit A** and filed under seal noting: "numerous attempts to retrieve the filter were made without success" and "Unsuccessful retrieval of IVC filter.  The findings were discussed with patient who

agreed to leave the filter in place rather than attempt further retrieval efforts.").[1]

9. <u>Length of Time Between Claim Accrual and Filing</u>:  8 years, 7 months, 25 days

**BRIEF ARGUMENT**

Indiana law bars Plaintiff's personal injury claims because she did not file her case until more than two years after an unsuccessful attempt to remove her filter and surgical intervention for duodenal perforation.[2]  *See supra*, ¶¶ 3, 8-9.  Indiana's discovery rule "looks only to when a plaintiff knew that he or she suffered an ascertainable injury, and knew or should have discovered that the injury was caused by the product or act of another."  *Valmore v. Janssen Pharm. Prods., LP*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005).  A plaintiff only needs to know—or reasonably should know—that a product is a potential cause of the injury to trigger the statute of limitations, not that the product is the ultimate legal cause of the injury.  *See id.* at *2 ("A plaintiff . . . need not know with certainty that a particular product caused her injury to trigger the running of the statutory time period.").  Here, the Case Categorization Form alleges a failed retrieval was the first injury to occur.  This Court dismissed the *Heintzman* case under Indiana law where the plaintiff underwent a failed retrieval attempt more than two years before commencing the action, finding that the plaintiff "had enough information based on the failed retrieval procedure to put

---

[1] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion.  *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").

[2] Plaintiff's claims are also barred under the two-year statute of limitations in Illinois.  *See* 735 Ill. Comp. Stat. § 5/13-213; Dkt. 19302 (granting judgment on the pleadings on statute of limitations grounds as to plaintiff's product liability claims in *Bowen* failed retrieval case under Illinois law).  Although Plaintiff currently resides in Wisconsin, she states that she would have filed her case in the Central District of Illinois absent the MDL, and the statute of limitations is procedural under Illinois law.  *See* Pl.'s Short Form Compl., ¶ 7; *Ennenga v. Starns*, 677 F.3d 766, 774-775 (7th Cir. 2012) (explaining that courts applying Illinois choice of law rules would apply the Illinois statute of limitations "because statutes of limitations are procedural, fixing the time in which the remedy for a wrong may be sought rather than altering substantive rights." (quoting *Freeman v. Williamson*, 890 N.E.2d 1127, 1133 (2008)).

him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391 (citing *In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 358 (S.D.N.Y. 2014)); *see also* Dkt. 19303 (dismissing Plaintiff Bush's product liability claims as time-barred under Indiana law where she commenced her action more than two years after a failed filter retrieval). Here, as in these cases, the failed retrieval procedure provided sufficient information to start the limitations period as a matter of law.[3]

Plaintiff's implied warranty claim fails on the same ground. Indiana law subjects warranty claims to the respective two-year statute of limitations discussed above.[4] *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).

Plaintiff's consumer protection and express warranty claims fail as well. The Court has concluded these claims are not adequately pled in the Master Complaint. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims. Thus, Plaintiff has failed to plead a viable state consumer protection claim or a viable express warranty claim. Plaintiff's claim for punitive damages fails as derivative.

---

[3] In addition, on November 13, 2013 Plaintiff underwent an "[e]xploratory laporatomy with removal of the IVC filter strut from the duodenum, closure of the duodenal and IVC perforation on November 13, 2013 to remove a fragmented filter strut form the duodenum. *See* Exhibit A. This procedure was also performed more than two years before the filing of her case and further confirms the action is time-barred.

To the extent Plaintiff may claim other complications or injuries, the statute of limitations bars those claims as well because they do not constitute new or separate claims under Indiana law. On the contrary, "it is not necessary that the full extent of the damage be known or even ascertainable but only that some ascertainable damage has occurred." *Monsanto v. Miller*, 455 N.E.2d 392, 394 (Ind. Ct. App. 1983).

[4] Plaintiff's implied warranty claim would also fail under Illinois law because it is subject to a four-year statute of limitations that is measured from the date of delivery, *see* 810 Ill. Comp. Stat. 5/2-725, and Plaintiff filed this action more than eight years after receiving her filter, *see supra*, ¶¶ 3, 7.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

Dated:  December 15, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2021, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF KRISTEENA ALFORD'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*