# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION           MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Johnson, Johnnie Mae, 1:17-cv-02856

_____

**DEFENDANTS' PROPOSED SURREPLY OPPOSING**
**PLAINTIFF JOHNNIE MAE JOHNSON'S CROSS-MOTION TO STAY**

The Cook Defendants submit the following brief surreply to address a new point raised in Plaintiff's reply in support of her motion to stay, Dkt. 20468, specifically her argument that doubt about whether her action should be dismissed *with* or *without* prejudice justifies a stay of Cook's motion to dismiss.  There is no doubt, and thus no reason for a stay: the Court should dismiss Plaintiff's claim **with** prejudice.

Plaintiff claims the inability to remove her IVC filter as an injury.  Dkt. 20147-1.  If Plaintiff does *not* believe that the inability to retrieve her IVC filter is an injury, then she has no claim as a matter of law and she should not have brought her action in the first place; at the very least she should have dismissed it when Cook requested dismissal.  If Plaintiff *does* believe the inability to retrieve her IVC filter is an injury—as her Short Form Complaint and Case Categorization form allege—then that claim fails as a matter of law because she did not assert that claim within one year after she had notice of that inability to retrieve sufficient to prompt inquiry. *See generally* Dkt. 20147.  Cook is therefore entitled to dismissal with prejudice of Plaintiff's claims based on that alleged injury—the inability to retrieve the filter, the only injury Plaintiff alleges in this action—based on Louisiana's one-year liberative prescription statute.  *See* La. Civ. Code Art. § 3492.

The Court has already addressed this issue, both generally in CMO 28 and specifically in addressing the *Smith-Salinas* case.  CMO 28 provides that all time-barred cases must be dismissed *with* prejudice, *see* Dkt. 14601 at 2, and the CMO applies to all categories of cases, including so-called no-injury cases, *id.* at 1 (noting plaintiff "shall voluntarily dismiss *any case* barred by the applicable statute of limitations or the applicable statute of repose" (emphasis added)).  Under this provision, hundreds of Plaintiffs have already dismissed no-injury cases with prejudice.

Plaintiff's speculation that she may want "to file a claim in the future in the event she suffers an actionable injury," Dkt. 20468 at 1, does not alter this result.  On the contrary, the Court has recognized this possibility and has explicitly stated that plaintiffs may file new complaints if they sustain compensable injuries in the future.  For example, at the March 18, 2021 motion hearing, Plaintiff Smith-Salinas argued that the Court should dismiss her time-barred failed-retrieval claims *without* prejudice because she claimed to have suffered a new injury that was not time-barred. The Court nevertheless dismissed Smith-Salina's existing case with prejudice under CMO 28, noting that the Plaintiff could file a new complaint based on the new injury. *See* 3/18/21 Hearing Transcript at p. 18 (The Court: "Well, the case management order 28 indicates that these be dismissed with prejudice. Certainly, Ms. Thompson, you can file a new complaint based on the new injury.").

Likewise here, the Court should dismiss *with prejudice* Plaintiff's time-barred claim based on inability to retrieve her filter, just as all other time-barred failed retrieval cases have been dismissed.  If and when Plaintiff claims a different injury at some point in the future, Plaintiff can file a new action alleging that new injury, and the Court can determine at that time what (if any) effect the earlier dismissal with prejudice has on that hypothetical future claim.

The two cases Plaintiff cites in her reply, *MacDonald v. Agacinski*, 2010 WL 4179758, at *6 (E.D. Mich. Aug. 6, 2010), and *Sanchez v. U.S.*, 2010 WL 3199878, at *3 (S.D. Fla. Aug. 6, 2010), *adopted in full* 2010 WL 3466932, do not suggest a different result here.  Neither case involved or even mentioned the statute of limitations; instead, the defendants in both cases moved for dismissal on the ground that the plaintiff could not demonstrate any injury, and the courts dismissed without prejudice based on that premise.  *See MacDonald*, 2010 WL 4179758, at *6 (noting the "lack of injury and standing at the time of filing"); *Sanchez*, 2010 WL 3199878, at *3

("The plaintiff has failed to demonstrate the injuries required pursuant to 42 U.S.C. § 1997e(e)."). In contrast here, Cook's present motion is *not* based on any argument that Plaintiff has not suffered an injury.  On the contrary, the motion *assumes for the sake of argument* that the injury Plaintiff claims—the inability to retrieve her filter—constitutes a compensable injury, and argues instead that that claimed injury accrued more than a year before she commenced this action, and is thus barred by Louisiana's one-year liberative prescription statute.

In sum, there is no doubt about the character of the dismissal to which Cook is entitled, and thus no reason for a stay of Cook's motion to dismiss.  The Court should deny Plaintiff's cross-motion for a stay and should dismiss Plaintiff's case with prejudice.


Respectfully submitted,


Dated:  December 16, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated,*
*Cook Medical LLC, and William Cook Europe*
*ApS*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 16, 2021, a copy of the foregoing **DEFENDANTS' PROPOSED SURREPLY OPPOSING PLAINTIFF JOHNNIE MAE JOHNSON'S CROSS-MOTION TO STAY** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

*/s/ Jessica Benson Cox*

- 4 -