UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Case:

Mindt, Fallon and Randy, 1:17-cv-01496

**COOK DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF FALLON MINDT'S CASE PURSUANT TO CMO-28**

Under Fed. R. Civ. P. 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges as her injury a failed IVC filter retrieval attempt.

1. Plaintiff's Name:  Fallon Mindt[1]

2. Case Number:  1:17-cv-01496

3. Case Origin:  Filed in the Southern District of Indiana on May 8, 2017

4. Plaintiff's Home State per Complaint: Montana (Plaintiff's current residence, location of injury, and residence at time of filter placement).

5. Applicable Choice of Law Rules:  Indiana, *see* Dkt. 13539 (finding Indiana choice-of-law rules apply to all claims in the MDL originally filed in the Southern District of Indiana, except those filed between May 31, 2017 and June 13, 2019).

6. Applicable Statute of Limitations:  Indiana (2 years), Ind. Code 34-20-3-1(b)(1) ("[A] product liability action must be commenced: (1) within two (2) years after the cause of action accrues").

7. Filter Placement Date:  February 12, 2008

8. Latest Possible Date of Accrual:  April 30, 2008 (*see* Case Categorization Form

---

[1] Cook refers to Ms. Mindt as "Plaintiff" due to the singular language used in the structure of the Short-Form Complaint. Plaintiff's spouse, Randy Mindt, is a Co-Plaintiff on a loss-of-consortium claim, and this motion seeks dismissal of his derivative claims as well.

- 1 -

and accompanying medical records, attached as **Exhibit A** and filed under seal noting: "The inferior vena cava filter was snagged . . . [T]he barbs would not release from the wall. After multiple attempts this attempt was abandoned.").[2]

9.  <u>Length of Time Between Claim Accrual and Filing</u>:  9 years, 0 months, 8 days

## **BRIEF ARGUMENT**

Indiana law bars Plaintiff's personal injury claims because she did not file her case until more than two years after an unsuccessful attempt to remove her filter.[3]  *See supra*, ¶¶ 3, 8-9. Indiana's discovery rule "looks only to when a plaintiff knew that he or she suffered an ascertainable injury, and knew or should have discovered that the injury was caused by the product or act of another." *Valmore v. Janssen Pharm. Prods., LP*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005). A plaintiff only needs to know—or reasonably should know—that a product is a potential cause of the injury to trigger the statute of limitations, not that the product is the ultimate legal cause of the injury. *See id.* at *2 ("A plaintiff . . . need not know with certainty that a particular product caused her injury to trigger the running of the statutory time period."). This Court dismissed the *Heintzman* case under Indiana law where the plaintiff underwent a failed retrieval attempt more than two years before commencing the action, finding that the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable

---

[2] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion. *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").

[3] Montana's three-year statute of limitations would also bar Plaintiff's claims. *See* Mont. Code Ann. § 27-2-204. Under Montana's discovery rule, "the statute of limitations begins when the plaintiff discovers or through the use of reasonable diligence should have discovered the negligent act." *Johnson Farms, Inc. v. Holland*, 291 P.3d 1096, 1106 (Mont. 2012) (citing Mont. Code Ann. § 27-2-102(3)). "[T]he plaintiff need not have actual and complete knowledge of the facts constituting the claim in order for the claim to accrue." *Christian v. Atl. Richfield Co.*, 358 P.3d 131, 153 (Mont. 2015). Rather, "the claim accrues when the plaintiff is given notice or information that would prompt a reasonable person to conduct further inquiry." *Id.* Here, Plaintiff's failed retrieval procedure provided sufficient information to begin the limitations period as a matter of law because a failed retrieval procedure places a plaintiff "on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." *See* Dkt. 18391.

possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391 (citing *In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 358 (S.D.N.Y. 2014)); *see also* Dkt. 19303 (dismissing Plaintiff Bush's product liability claims as time-barred under Indiana law where she commenced her action more than two years after a failed filter retrieval). Here, as in those cases, the failed retrieval procedure provided sufficient information to start the limitations period as a matter of law.

Plaintiff's implied warranty claim fails on the same ground. Indiana law subjects warranty claims to the respective two-year statute of limitations discussed above. *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).[4]

Plaintiff's consumer protection and express warranty claims fail as well. The Court has concluded these claims are not adequately pled in the Master Complaint. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims. Thus, Plaintiff has failed to plead a viable state consumer-protection claim or a viable express warranty claim. Plaintiff's claim for punitive damages fails as derivative. Mr. Mindt's loss-of-consortium claim also fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

[4] Likewise, under Montana law, implied warranty claims are subject to the same three-year statute of limitations discussed in footnote 3 above. *See Gomez v. State*, 975 P.2d 1258, 1260 (Mont. 1999) (holding that implied warranty claims sound in tort and must be commenced within three years).

                                                Respectfully submitted,

Dated: December 16, 2021

/s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2021, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF FALLON MINDT'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                                /s/ *Jessica Benson Cox*