UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Case:

Rajendran, Nalini, 1:17-cv-01247

**COOK DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF NALINI RAJENDRAN'S CASE PURSUANT TO CMO-28**

Under Fed. R. Civ. P. 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges as her injury as failed IVC filter retrieval.

1. Plaintiff's Name:  Nalini Rajendran

2. Case Number:  1:17-cv-01247

3. Case Origin:  Filed in the Southern District of Indiana on April 20, 2017

4. Plaintiff's Home State per Complaint: Georgia (Plaintiff's current residence, location of injury, and residence at time of filter placement).

5. Applicable Choice of Law Rules:  Indiana, *see* Dkt. 13539 (finding Indiana choice-of-law rules apply to all claims in the MDL originally filed in the Southern District of Indiana, except those filed between May 31, 2017 and June 13, 2019).

6. Applicable Statute of Limitations:  Indiana (2 years), Ind. Code 34-20-3-1(b)(1) ("[A] product liability action must be commenced: (1) within two (2) years after the cause of action accrues").

7. Filter Placement Date:  November 21, 2014

8. <u>Latest Possible Date of Accrual</u>: February 20, 2015 (*see* Case Categorization Form and accompanying medical records, attached as **Exhibit A** and filed under seal noting: "Attempted retrieval of vena cava filter.").[1]

9. <u>Length of Time Between Claim Accrual and Filing</u>: 2 years, 2 months, 0 days

## BRIEF ARGUMENT

Indiana law bars Plaintiff's personal injury claims because she did not file her case until more than two years after an unsuccessful attempt to remove her filter.[2] *See supra*, ¶¶ 3, 8-9. Indiana's discovery rule "looks only to when a plaintiff knew that he or she suffered an ascertainable injury, and knew or should have discovered that the injury was caused by the product or act of another." *Valmore v. Janssen Pharm. Prods., LP*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005). A plaintiff only needs to know—or reasonably should know—that a product is a potential cause of the injury to trigger the statute of limitations, not that the product is the ultimate legal cause of the injury. *See id.* at *2 ("A plaintiff . . . need not know with certainty that a particular product caused her injury to trigger the running of the statutory time period."). This Court dismissed the *Heintzman* case under Indiana law where the plaintiff underwent a failed retrieval attempt more than two years before commencing the action, finding that the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391 (citing

---

[1] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion. *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").

[2] Georgia's two-year statute of limitations would also bar Plaintiff's claims. *See* Ga. Code Ann. § 9-3-33. Georgia's discovery rule only applies "to cases of bodily injury which develop over an extended period of time." *Corp. of Mercer Univ. v. Nat'l Gypsum Co.*, 368 S.E.2d 732, 733 (Ga. 1988). Georgia's discovery rule does not apply to cases where the injury is based on a "discrete and identifiable" event. *See Carpenter v. Lockheed Martin Corp.*, 2019 WL 5295728, at *3 (S.D. Ga. Oct. 18, 2019). Here, Plaintiff's failed retrieval was a "discrete and identifiable" event inherently linked to the filter, and the discovery rule thus does not apply to Plaintiff's case. *See* Dkt. 18542 (dismissing Plaintiff Morris's case under Indiana and Georgia law because her "open removal surgery was a 'discrete and identifiable event' that is inherently linked to the filter").

*In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 358 (S.D.N.Y. 2014)); *see also* Dkt. 19303 (dismissing Plaintiff Bush's product liability claims as time-barred under Indiana law where she commenced her action more than two years after a failed filter retrieval). Here, as in those cases, the failed retrieval procedure provided sufficient information to start the limitations period as a matter of law.[3]

Plaintiff's implied warranty claim fails on the same ground. Indiana law subjects warranty claims to the respective two-year statute of limitations discussed above. *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).[4]

Plaintiff's consumer protection and express warranty claims fail as well. The Court has concluded these claims are not adequately pled in the Master Complaint. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims. Thus, Plaintiff has failed to plead a viable state consumer-protection claim or a viable express warranty claim. Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

[3] Cook notes that Plaintiff underwent a second failed retrieval attempt on March 24, 2015. *See* Exhibit A. Even assuming *arguendo* that the limitations period did not begin to run until this second failed retrieval attempt, Plaintiff's claims are still time-barred by the two-year statutes of limitations in Indiana and Georgia.

[4] Under Georgia law, implied warranty claims are subject to the same two-year statute of limitations discussed above. *See Adair v. Baker Bros, Inc.*, 366 S.E.2d 164, 165 (Ga. Ct. App. 1988) (holding that warranty claims were time-barred by the two-year statute of limitations and explaining that Georgia follows the "general rule" that the applicable "statute of limitations is determined by the nature of the injury sustained rather than the legal theory underlying the claim for relief.").

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: December 16, 2021 | /s/ *Jessica Benson Cox*<br>Jessica Benson Cox<br>Andrea Roberts Pierson<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>300 North Meridian Street, Suite 2500<br>Indianapolis, Indiana  46204<br>Telephone:  (317) 237-0300<br>Andrea.Pierson@FaegreDrinker.com<br>Jessica.Cox@FaegreDrinker.com<br><br>James Stephen Bennett<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>110 West Berry Street, Suite 2400<br>Fort Wayne, Indiana  46802<br>Telephone:  (260) 424-8000<br>Stephen.Bennett@FaegreDrinker.com<br><br>*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2021, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF NALINI RAJENDRAN'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*