UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Case:

Milton Norman, Donna Norman 1:19-cv-03814

**PLAINTIFF'S RESPONSE TO THE COOK DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS**

On December 14, 2021, defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe APS (collectively "the Cook Defendants") moved for judgment on the pleadings dismissing Plaintiffs Milton and Donna Norman's (collectively "Plaintiffs") complaint as barred by the Indiana statute of limitations. Dkt. # 20608.

According to Defendants, the latest date that Mr. Norman's claim possibly could have accrued was on April 12, 2017, because the procedure to remove his IVC filter on that date was unsuccessful. *Id*. at p. 1-2. This, however, overlooks the fact that the medical record relied on by Defendants does not document any injury suffered by Mr. Norman during the removal procedure which would put him on notice of a potential claim against the manufacturers of his IVC filter.

Citing this Court's orders in the *Heintzman* and *Bush* cases, Defendants maintain that the mere fact that Mr. Norman's filter was not removed in April 2017 is sufficient to establish that his claim accrued under the Indiana discovery rule, but that is not what the disputed facts of this case

establish.

In the *Heintzman* case, this Court held that after Mr. Heintzman went to the hospital to have his IVC filter removed, the failure of extended attempts to remove the filter, along with the fact that the filter had fractured, was sufficient to put the plaintiff on notice of a potential claim against Defendants. Dkt. # 18391 at p. 2.

Unlike *Heintzman*, here Defendants do not point to any clear injury, or a fracturing of their device, that would put Mr. Norman on notice of a potential claim for purposes of the running of the statute of limitations under the Indiana discovery rule. Instead, their entire argument relies on the mere fact Mr. Norman's doctor was unable to remove the device at that time. Dkt. # 20608 p. 2.

While the *Bush* case is much closer, factually, to the present matter, that case is also ultimately distinguishable. In *Bush*, the plaintiff argued that the mere failed retrieval alone was insufficient to put her on notice for a potential cause of action against the Cook Defendants, because Defendants did not establish when she became aware that leaving the filter in permanently posed a significant risk to her health. Dkt. # 19303 at p. 3. However, the plaintiff in *Bush* identified the basis of her cause of action as a failed retrieval due to embedment. *Id*. Therefore, because this was her claimed injury, the failed retrieval procedure itself was sufficient to put her on notice of her claim under the Indiana and Arizona discovery rules. *Id*.

At first blush, the present matter is analogous to *Bush* because Mr. Norman also asserts a failed retrieval as a basis for his claim on his case-categorization form. Dkt. # 20609 at p. 3. However, Mr. Norman also asserts a claim under the embedded and high-risk category as well. *Id*. at p. 2. This category of cases applies to claims "where the Plaintiff has been advised that the Cook IVC filter is embedded, cannot be retrieved, or that the risk of retrieval outweighs the benefits

2

of retrieval." *Id*. Because a failed retrieval unto itself does not establish when Mr. Norman was advised that his filter had become permanently embedded, unlike in *Bush*, the Cook Defendants have not satisfied their burden as the moving party of demonstrating undisputed facts establishing when Mr. Norman discovered his causes of action relating to the permanent embedment of his filter.

When the April 12, 2017 medical record is analyzed in full, all it shows is that the removal procedure was unsuccessful, not that Mr. Norman was informed the device would become permanent, and he would be exposed to increased risk of injury. The record states that removal was unsuccessful because the snare became trapped in the filter. Dkt. #20609 at p. 5. According to the record, "[s]ince the snare was trapped in the filter, it was decided to be left alone. Patient to continue with anticoagulation. Will perform CT scan to evaluate the position of the snare. Will also discuss with vascular surgery regarding options." *Id*. Because Defendants' market their filters as permanent, implantable devices, the mere fact that the filter could not be removed at that time does not by itself indicate any harm to Mr. Norman placing him on notice of a claim, and no injury is noted to Mr. Norman during the unsuccessful removal procedure.

Under the Federal Rules of Civil Procedure, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Here all Defendants' "evidence" shows is that the device could not be removed at a certain time, not that Mr. Norman suffered any cognizable injury alerting him to a potential cause of action. Therefore, Defendants have not met their burden to show the claims for products liability, implied warranty, punitive damages, and loss of consortium are untimely, and the motion should accordingly be denied, or more discovery should be allowed.

Respectfully Submitted,

*/s/ Kelly Chermack*
Kelly Chermack
Texas Bar No. 24121361
kchermack@fnlawfirm.com
FEARS NACHAWATI, PLLC
5473 Blair Road
Dallas, Texas  75231
Tel. (214) 890-0711
Fax (214) 890-0712


Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of *Plaintiffs' Response to Cook Defendants' Motion for Judgment on the Pleadings* was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF counsel of record.

Dated: December 22, 2021            Respectfully Submitted,

*/s/ Kelly Chermack*
**Kelly Chermack**