UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Shifflet, Sandra, 1:16-cv-01739

## PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANT'S MOTION FOR JUDGMENT PURSUANT TO CMO-28

### ARGUMENT

**The Court Should Apply the Twelve-Year Statute of Repose**.

Plaintiff acknowledges that this Court has squarely addressed this issue in the *Amey* case. *See* Dkt. 20384. Respectfully, we disagree with this decision and believe this situation revolves solely on when the Plaintiff's injury accrued. Plaintiff offers this argument to preserve the issue for appeal. There are two potential statutes of repose at issue in this case. N.C. Gen. Stat. § 1-50(a) (2008) applies in product liability actions that accrue before October 1, 2009 and imposes a six-year statute of repose. N.C. Gen. Stat. § 1-46-1 applies to product liability actions that accrue after October 1, 2009 and imposes a twelve-year statute of repose. *See Robinson v. Bridgestone/Firestone N. Am. Tire, L.L.C.*, 703 S.E.2d 883, 886 (2011). At issue in this matter is when the Plaintiff's action accrued. Because Plaintiff's injury occurred after October 1, 2009, the Court must apply the twelve-year statute of repose and deny the Defendant's motion.

A cause of action for personal injury shall not accrue until bodily harm to the claimant becomes apparent or ought reasonable to have become apparent to the claimant. N.C. Gen. Stat. Ann. § 1-52 (16). No claim can accrue, based upon or arising out of any alleged defect or failure in relation to a product, until the product causes actual injury. *Bolick v. Am. Barmag Corp.*, 284 S.E.2d 188, 190 (1981), modified, 293 S.E.2d 415 (1982). A cause of action accrues when the

injured party is at liberty to sue. *The Travelers Insurance Co. v. Rushing*, 36 N.C.App. 226, 228, 243 S.E.2d 420, 422 (1978). In this case, the date of accrual is when Plaintiff learned of a a possible defect with the filter and the relationship to his perforation injury. This is a factual issue and did not occur until Plaintiff contacted an attorney in 2015.Plaintiff's scan that showed this perforation was dated February 25, 2012 and he did not discover until 2015., This case was filed on June 30, 2016, well within the statute of repose and the 3-year statute of limitations.

A failed retrieval surgery took place on March 20, 2009. However, the information available to Plaintiff immediately following the failed retrieval surgery was not sufficient to lead to the discovery of an injury. While retrieval of the filter was unsuccessful, the filter itself was not noted as being fractured. Plaintiff's medical records simply note that the filter was imbedded in the mural thrombus along the vena cava wall. But she was unaware of any problem. No doctor told the Plaintiff she was injured or that the product failed. In fact, she was told the filter was designed to be a permanent filter and it could be left in safely.

Plaintiff did not discover any injury from the filter until 2015 when she contacted an attorney and her records were ordered.This is when she learned there could be a connection between the filter and her perforation.  There was nothing before that date to notify Plaintiff that she had sustained an injury from her filter. Because there was no injury apparent to Plaintiff and no information availabe to her that it was related to a product defect,her case had not yet accrued. As the actual accrual date was after, October 1, 2009, the twelve-year statute of repose applies. Plaintiff brought her action within twelve-years. Therefore, this Court should deny Defendant's motion.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: 12/29/2021 | **GOLDENBERGLAW, PLLC** |
|  | By: */s/ Stuart L. Goldenberg*<br>Stuart L. Goldenberg (MN# 158719)<br>800 LaSalle Avenue, Suite 2150<br>Minneapolis MN 55402<br>(612) 436-5027 (Tel)<br>(612) 367-8107 (Fax) |

slgoldenberg@goldenberglaw.com

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2021, a copy of the foregoing **PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANTS' MOTION FOR JUDGMENT PURSUANT TO CMO-28 was** filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Stuart L. Goldenberg*