UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:
Norman, Milton and Donna, 1:19-cv-03814

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT IN<u>PLAINTIFF MILTON NORMAN'S CASE PURSUANT TO CMO-28</u>**

The Court should dismiss the entirety of Plaintiff's cause of action. Plaintiff's undisputed knowledge in 2017 of the injury he now claims—a failed retrieval—negates his argument that the discovery rule saves his tort claims.[1]

Plaintiff's case is time-barred under Indiana law because he did not commence this action until more than two years after his failed retrieval attempt.[2] As this Court explained in *Heintzman*, Plaintiff Heintzman "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility the filter harmed him, and that he should inquire into his rights." Dkt. 18391 at 2-3; *see also* Dkt. 19303. Here, as in *Heintzman*, Plaintiff's failed retrieval procedure sufficed to start the limitations period as a matter of law.

Plaintiff seeks to avoid this result by arguing that the Court's decisions in *Heintzman* and *Bush* are distinguishable. *See* Dkt. 20677 at 1-3. According to Plaintiff, *Heintzman* is distinguishable because Plaintiff Heintzman suffered a "clear injury," i.e., a filter fracture, that placed him on notice of a potential claim. *See id.* at 2. However, the Court's language in *Heintzman* makes clear that the failed retrieval procedure itself was sufficient to begin the

---

[1] Plaintiff's Response does not deny that Cook is entitled to the dismissal of his non-tort-based claims, and the Court should therefore dismiss those claims. *See, e.g.*, Dkt. 19639 (dismissing Plaintiff Boone's non-tort-based claims because his "failure to respond to the substance of Cook's arguments is effectively a concession that these points are well taken"); *see also Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (holding that a failure to respond to an argument results in waiver).

[2] Plaintiff's Response does not deny that Indiana law provides the applicable statute of limitations for his claims, notwithstanding the Seventh Circuit's recent decision in *Looper v. Cook Inc.*, --- F.4th ----, 2021 WL 5964709 (7th Cir. 2021). Regardless, as discussed in Cook's original Motion, Plaintiff also failed to commence his action within the two-year statute of limitations imposed by his home state of Texas. *See* Dkt. 20608 at 2 n.3. Plaintiff's Response does not dispute that his claims are time-barred under Texas law and in fact does not address Texas law in any way. Thus, Cook is entitled to the dismissal of Plaintiff's claims, regardless of whether the Court applies Indiana or Texas law. *See, e.g.*, Dkt. 19639; *see also Bonte*, 624 F.3d at 466; *In re Mirena IUD Prods. Liab. Litig.*, 29 F. Supp. 3d 345, 356 (S.D.N.Y. 2014) (explaining that Indiana and Texas law are similar and "neither of which requires a plaintiff to discover what cause of action she can assert").

limitations period as a matter of law: "[Plaintiff Heintzman] had enough information ***based on the failed retrieval procedure*** to put him on notice that there was a reasonable possibility the filter harmed him, and that he should inquire into his rights." Dkt. 18391 at 2-3 (emphasis added) (citing *In re Mirena*, 766 F.2d at 1107 & n.3).  Thus, the fact Plaintiff Heintzman's filter was also fractured is immaterial—the failed retrieval procedure was sufficient by itself to start the limitations period as a matter of law.  The same is true here.

Plaintiff's attempt to distinguish *Bush* fares no better.  According to Plaintiff, *Bush* is distinguishable because Plaintiff Bush only alleged an injury based on a failed retrieval, while Plaintiff here also asserts a claim under the embedded and high-risk category.  Dkt. 20677 at 2-3. Plaintiff argues therefore that a failed retrieval procedure does not establish when he was advised that his filter had become permanently embedded.  *Id.* at 3.  Plaintiff's argument misses the mark. At the outset, Plaintiff has provided no "specific medical record evidencing the claimed" injury of permanent embedment, as this Court has required under its Categorization Order.  *See* Dkt. 9322. Plaintiff's permanent embedment claim is subject to dismissal on this ground alone.  But even assuming *arguendo* that Plaintiff could support this claim, as previously discussed, the statute of limitations began to run at the time of the failed retrieval procedure.  *See* Dkt. 18391 at 2-3.  Under Indiana law, "it is not necessary that the full extent of the damage be known or even ascertainable but only that some ascertainable damage has occurred."  *Monsanto v. Miller*, 455 N.E.2d 392, 394 (Ind. Ct. App. 1983).  Accordingly, Plaintiff's ***additional*** claim under the embedded and high-risk category does not alter the date he knew of the claimed "injury" of a failed retrieval for purposes of the statute-of-limitations analysis.  The limitations period began to run at the time of the failed retrieval procedure, and Plaintiff's claims are untimely.  *See, e.g.*, 18391 at 2-3.

Lastly, Plaintiff contends that, although he knew in 2017 that he had a filter that could not be retrieved, a fact question remains concerning when he discovered his injury. *See* Dkt. 20677 at 3. This argument makes no sense. The failed retrieval ***is the exact injury*** that Plaintiff claims he suffered. *See* Dkt. 20609. Plaintiff therefore faces an insoluble dilemma: If Plaintiff's 2017 failed retrieval ***was an injury***, as his pleadings assert, his claims based on that "injury" are barred by the statute of limitations. *See Cooper Indus., LLC v. City of S. Bend*, 899 N.E.2d 1274, 1280 (Ind. 2009). But if his failed retrieval ***was not an injury***, as he arguably implies in his Response, Plaintiff has no compensable injury and, thus, no claim. *Atl. Coast Airlines v. Cook*, 857 N.E.2d 989, 996 (Ind. 2006).

                                        Respectfully submitted,

Dated:  January 7, 2022                    /s/ *Jessica Benson Cox*
                                                  Jessica Benson Cox, Counsel
                                                  Andrea Roberts Pierson
                                                  FAEGRE DRINKER BIDDLE & REATH LLP
                                                  300 North Meridian Street, Suite 2500
                                                  Indianapolis, Indiana  46204
                                                  Telephone:  (317) 237-0300
                                                  Andrea.Pierson@FaegreDrinker.com
                                                  Jessica.Cox@FaegreDrinker.com

                                                  James Stephen Bennett, Counsel
                                                  FAEGRE DRINKER BIDDLE & REATH LLP
                                                  110 West Berry Street, Suite 2400
                                                  Fort Wayne, Indiana  46802
                                                  Telephone:  (260) 424-8000
                                                  Stephen.Bennett@FaegreDrinker.com

                                                  *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2022, a copy of the foregoing **COOK DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF MILTON NORMAN'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

                                                  /s/ *Jessica Benson Cox*