UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Schifflet, Sandra - 1:16-cv-01739

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN
<u>PLAINTIFF SANDRA SCHIFFLET'S CASE PURSUANT TO CMO-28</u>**

Cook is entitled to judgment as a matter of law in Plaintiff's case because the 6-year North Carolina statute of repose applies in her case, based on the pre-October 1, 2009 purchase of the filter. "Plaintiff acknowledges that this Court squarely addressed this issue in the *Amey* case," but disagrees with the decision and "offers this argument to preserve the issue for appeal." Pl.'s Resp., Dkt. 20682 at 1. But multiple decisions confirm that the six-year statute of repose, instead of the current 12-year statute of repose, applies in cases with the same operative facts as Plaintiff's case here. The cases cited by Plaintiff are factually distinguishable or otherwise inapplicable, and consideration of the statute of limitations is unnecessary because all of Plaintiff's claims are barred by the statute of repose.

## ARGUMENT

Plaintiff's argument that the choice between the versions of the repose statute depends on the date the cause of action accrues misreads *Robinson v. Bridgestone/Firestone N. Am. Tire, L.L.C.*, 703 S.E.2d 883 (N.C. Ct. App. 2011). In *Robinson*, plaintiffs sued a tire manufacturer after they were seriously injured when a used tire split apart while they were traveling in their vehicle on a highway. *Id.* at 885. The plaintiffs included both adults and minors, a distinction that impacted the court's analysis. With respect to the adult plaintiffs, the Court rejected their invitation to apply the 12-year statute of repose retroactively to products sold before October 1, 2009 because "we are barred from doing so by the General Assembly's decision not to make the revised statute of repose retroactive." *Id.* at 887. The court held that "the adult plaintiffs had to show that the allegedly defective tire was initially purchased within six years of the filing of the complaint," which is the same holding that this Court made in the *Amey* case. *Compare id. with* Dkt. 20384 (*Amey*). The *Robinson* court analyzed the date of the accident as the "accrual date" with respect to the minor plaintiffs *only* because a *separate* statute, N.C. Gen. Stat. § 1:17(a)

1

(2009), "'provides for the tolling of most limitations periods during a person's minority.'" *Robinson*, 703 S.E.3d at 887 (applying this minority tolling statute in the context of the product liability statute of repose and quoting *Bryant v. Adams*, 448 S.E.2d 832, 836 (N.C. Ct. App. 1994)). Because Plaintiff here is not a minor, N.C. Gen. Stat § 1:17(a) (2009) does not apply. The six-year statute of repose therefore applies in a straightforward manner and bars Plaintiff's claims based on the latest possible purchase date, just as it barred the claims of the adult plaintiffs in *Robinson*.

Plaintiff's citation to *Bolick v. Am. Barmag Corp.* is misplaced because it ignores subsequent case law finding the statute of repose constitutional *despite* its potential to foreclose a cause of action before the cause of action arises. In *Bolick*, 284 S.E.2d at 188, 190 (N.C. Ct. App. 1981), the North Carolina of Court of Appeals held the statute of repose was unconstitutional, and the North Carolina Supreme Court affirmed the result on standing grounds without addressing the constitutionality question. *See id., modified and affirmed on other grounds*, 293 S.E.2d 415. As the North Carolina Court of Appeals explained a few years later, however, "[t]he constitutionality of this statute was unresolved at one time," but "recent case law puts this to rest. Gen Stat.1-50(6) is constitutional." *Davidson v. Volkswagenwerk, A.G.*, 336 S.E.2d 714, 716 (N.C. Ct. App. 1985) (citing multiple cases).

Finally, *Travelers Ins. Co. v. Rushing*, 243 S.E.2d 420 (N.C. 1978) is a case interpreting the statute of limitations and contains a general statement that "[i]n no event can a statute of limitations begin to run until plaintiff is entitled to institute action." *Id.* at 422. *Rushing* did not address any kind of statute of repose, and North Carolina courts have acknowledged the fundamental difference between statutes of limitation and repose in other cases. *See Black v. Littlejohn*, 325 S.E.2d 469, 474-75 (N.C. 1985) ("[T]he period contained in the statute of repose

2

begins when a specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted."); *Hargett v. Holland*, 447 S.E.2d 784, 787 (N.C. 1994) ("A statute of repose creates an additional element of the claim itself which must be satisfied in order for the claim to be maintained.").

In short, the cases cited by Plaintiff either do not apply or are wholly consistent with the Court's order in *Amey* and the cases cited therein. As *Davidson* explained, the constitutionality of the product liability statute of repose and the six-year repose period beginning to run at the time of the initial product sale have been settled law since 1985. *See* 336 S.E.2d at 716.[1]

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

---

[1] Plaintiff spends the remainder of her brief discussing the facts of her case and arguing that her action would be timely under a statute of limitations analysis. *See* Pl.'s Resp., Dkt. 20682, at 2. But Cook has not moved for dismissal on statute-of-limitations grounds, but based on the statute of repose.
   For the record, however, the statute of limitations would also bar Plaintiff's action. Plaintiff states that she had a "failed retrieval surgery [that] took place on March 20, 2009" and "Plaintiff's scan that showed [] perforation was dated February 25, 2012." *Id.* at 1-2. Her claim would be barred by the three-year North Carolina statute of limitations based on either of these events, because she did not file the case until June 30, 2016, more than three years after both events. Plaintiff cites no case law for the proposition that the statute of limitation did not begin to accrue "until Plaintiff contacted an attorney in 2015." *Id.* at 2. Under North Carolina law, the statute of limitations began to accrue when she became aware she experienced an injury, not when she learned that she might have a legal claim. *See e.g., Dellinger v. Pfizer, Inc.*, 2004 WL 6234780, at *2 (W.D. N.C. 2004) ("Plaintiff's breach of warranty and product liability actions began to accrue when he first became aware of his injury.").

Dated:  January 13, 2022

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2022, a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF SANDRA SCHIFFLET'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*