UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br><br>MDL No. 2570 |
| This document relates to:<br><br>**All Cases** | |

# Plaintiffs' Steering Committee's Opposition to Cook's "Revocation" of its Consent to Direct-Filing

Plaintiffs' Steering Committee opposes Cook's motion to "revoke" its consent to direct-filing[1].

## Introduction

After spending more than two years fighting over Cook's insistence that Indiana choice of law principles applied to every case direct-filed in the MDL, we are back to square one. If we ever hope to get this MDL resolved, we should not follow Cook down another rabbit hole and re-litigate the very issue the Seventh Circuit put to bed. The Court should deny Cook's request to "revoke" its consent.

## Argument

Cook refuses to accept reality, describing its consent as "alleged." The Seventh Circuit saw it differently: "Cook at least implicitly, **but clearly**, consented to the

---

[1] "Cook Defendants' Notice of Revocation of Alleged Consent and Motion for Confirmation of Withdrawal of Alleged Consent to Use of Choice-of-Law Rules of Plaintiffs' Self-Designed 'Home State'" [Filing No. 20719].

application of originating state choice-of-law rules to directly filed cases." *Looper v. Cook Inc.*, 2021 U.S. App. LEXIS 37211, at *16 (7th Cir. Dec. 16, 2022) (emphasis added). The Circuit Court didn't stop there: "If asking the district court to apply a certain rule to a case is not 'consenting' to that rule, then we are not sure what would be." *Id.*, at *19. If we ever hope to see ourselves on the other side of this MDL, we need to be operating in a shared reality. Cook's response makes it clear we aren't.

Whether Cook can revoke its consent seven years into an MDL is not Cook's choice. Language in the *Looper* opinion makes that clear:

- "Even if the district court was or remains inclined to **allow** Cook to revoke its implicit consent … ."[2]

- "The district court might well have discretion to **allow** Cook to change positions prospectively … ."[3]

If Cook is right that it can revoke consent without "Court approval,"[4] then these statements from the Seventh Circuit make little sense. If Cook was able to revoke its consent unilaterally, this Court would not need to "allow" Cook to do anything. Using that word in the *Looper* opinion makes clear Cook cannot revoke its consent unilaterally. The only question is whether the Court should exercise its discretion and allow the revocation? The answer to that question is: no.

We're more than seven years into this MDL. Changing the rules now will do nothing but ensure we continue to fight over what the Seventh Circuit has already

---

[2] *Looper v. Cook Inc.*, 2021 U.S. App. LEXIS 37211, at *20 (7th Cir. Dec. 16, 2022).

[3] *Id.*, at *3.

[4] [Filing No. 20719, at ECF p. 125999 (suggesting the direct-filing consent can be revoked without "Court approval."]

decided. We would have two sets of rules: one set for the MDL as it's currently comprised, and one set for cases that haven't filed yet. Two sets of rules are a breeding ground for disputes and will ensure our attention is taken away from MDL resolution and redirected to more motions, responses, replies, and sur-replies.

We should not create different rules for different plaintiffs. We should minimize confusion and champion clarity. Cook revoking its consent does neither of those things.

## Conclusion

For two years Cook staked out a position on direct-filing and any time the PSC argued against that position, Cook would cry foul and exclaim the PSC was "gaming the system." The Seventh Circuit saw it differently:

> The unfairness of Cook's switching from one rule to its opposite within this MDL is self-evident …
>
> Cook consented to this treatment of direct-filed cases—indeed, welcomed it—until it no longer benefited Cook, leading to the about-face against Looper and Lambert and these appeals. That unfair reversal of course should not stand.

*Looper*, 2021 U.S. App. LEXIS 37211, at **22, 26. We are too far down the road to start changing rules and procedures, and the Court should exercise its discretion and **deny** Cook's request to revoke its consent to direct-filing.

Respectfully Submitted,

/s/ *Joseph N. Williams*
Joseph N. Williams (#25874-49)
WILLIAMS & PIATT, LLC
301 Massachusetts Avenue, Suite 300
Indianapolis, IN 46204
(317) 633-5270 / Fax: (317) 426-3348
Email: joe@williamspiatt.com
*Liaison Counsel to Plaintiffs Steering Committee and on behalf of Plaintiffs Steering Committee*


/s/ *Michael W. Heaviside*
Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street, NW, Suite 800
Washington, DC 20006
(202) 223-1993
mheaviside@hrzlaw.com


/s/ *Ben C. Martin*
Ben C. Martin, Esq.
MARTIN BAUGHMAN, PLLC
3141 Hood Street, Suite 600
Dallas, TX 75219
(214) 761-6614 / Fax: (214) 744-7590
bmartin@martinbaughman.com

/s/ *David P. Matthews*
David P. Matthews, Esq.
MATTHEWS AND ASSOCIATES
2509 Sackett St.
Houston, TX  77098
(713) 522-5250 / Fax: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

4

## <u>Certificate of Service</u>

      I hereby certify that on the 18th day of January, 2022, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                    /s/ *Joseph N. Williams*
                                    Joseph N. Williams