# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Actions:

McMillar, Glenda – 1:21-cv-00987; Ramirez, Noe – 1:21-cv-01314;
Potter, Jerry – 1:21-cv-02226; Ricks, Jesse – 1:21-cv-02232

## **MOTION TO DISMISS DUPLICATIVE FILINGS**

Cook Incorporated, Cook Medical LLC, *formerly known as* Cook Medical Incorporated, and William Cook Europe ApS (collectively, "Cook") move to dismiss four (4) cases that are duplicative of cases already existing in the MDL. In support of this Motion, Cook states:

1. Four Plaintiffs have filed more than one action pending in this MDL. All Plaintiffs' complaints are substantially similar, with no material differences. Indeed, each duplicative action asserts claims against *identical* Defendants.

2. The only notable difference between these actions is the filing dates. In each of these four (4) cases, different attorneys have filed separate but substantially similar complaints on behalf of the same Plaintiff. **Exhibit A** contains a chart listing each Plaintiff who has duplicate cases pending, as well as the case numbers for each of those cases and the names of the firms who filed each case.

3. For each of the four Plaintiffs identified in **Exhibit A**, Cook sent an email to all counsel representing Plaintiffs, notifying them that multiple actions had been filed on behalf of their clients. Cook requested that counsel confer with each other and dismiss one of the pending

duplicative cases for each Plaintiff. A true and correct copy of each of these emails is attached as **Exhibit B**. Counsel for these four Plaintiffs did not respond to Cook's request. These Plaintiffs still have duplicate cases pending in the MDL. **Exhibit C** lists the later-filed duplicate cases.

4. The Court has already addressed the issue of duplicative filings multiple times. Recognizing the impropriety of Plaintiffs maintaining multiple actions, the Court has dismissed duplicative cases with prejudice. *See* Dkts. 11709, 12595, 13872.

5. A litigant "has no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant." *Telaman Corp. v. Charter Oak Fire Ins. Co.*, 2016 WL 67297, at *3 (S.D. Ind. 2016) (quoting *Dorsey v. Jacobson Holman PLLC*, 764 F. Supp. 2d 209, 213 (D.D.C. 2011)). "A federal suit may be dismissed 'for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court.'" *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (citations omitted) (alteration in original).

6. A suit is duplicative "when the claims, parties and available relief do not significantly differ between the two actions." *Id.* "This is all the more true where, as here, the two cases are pending before the same judge." *McCracken v. Grand Victoria Casino & Resort*, 2002 WL 31521165, at *2 (S.D. Ind. 2002).

7. Generally, where two similar actions are filed, judicial economy permits only the first-filed case to proceed. *See Serlin*, 3 F.3d at 223. For example, in *Serlin*, the same plaintiff sued the same defendant twice for, *inter alia*, common-law fraud in the Northern District of Illinois. *Id.* at 222. The district court held that the plaintiff's second complaint was duplicative of an earlier filed complaint because the complaints were "identical in all material respects." *Id.* at 223. The court granted the defendant's motion to dismiss. *Id.* The Seventh Circuit affirmed the

2

district court's order. *Id.* at 224.  In doing so, the court provided the "chief reason" for dismissing a duplicative complaint:

> The irrationality of tolerating duplicative litigation in the federal system is all the more pronounced where, as here, two federal judges sitting on the same district court are . . . devoting scarce judicial resources to the adjudication of the same charges by essentially the same plaintiffs against the same defendants.

*Id.* (quoting *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)) (alteration in original).

8. Here, all of these duplicative cases involve substantially similar claims made by identical Plaintiffs against identical Defendants.  The cases are pending in front of the same judge in the same court.

WHEREFORE, Cook respectfully requests that the Court dismiss the duplicate, later-filed cases listed in **Exhibit C**, and for all other just and appropriate relief.

Dated: January 20, 2022

                                                    Respectfully Submitted,

/s/ Kip S.M. McDonald
Kip S.M McDonald
Andrea Roberts Pierson
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:     (317) 237-0300
Facsimile:      (317) 237-1000
Kip.McDonald@FaegreDrinker.com
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:     (260) 424-8000
Facsimile:      (260) 460-1700
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, William Cook Europe APS*

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2022, a copy of the foregoing Motion to Dismiss was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ Kip S.M. McDonald