**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Actions:

Andrae, Maria, 1:19-cv-01853

**REPLY IN SUPPORT OF COOK'S MOTION TO DISMISS
<u>UNKNOWN PRODUCT CASES</u>**

The Court should dismiss Plaintiff Maria Elena Andrae's cause of action.  As this Court has stated, the PPS constitutes the "initial case-specific discovery response of Plaintiff," Dkt. 13046 at ¶ 1(i), and at the time of PPS submission, Plaintiffs should know "the identi[t]y of the medical device that is the subject of their complaints as well as the specific date the device was placed," Dkt. 19327.  Plaintiff has failed to comply with the Court's mandate.  And though Plaintiff states that diligent efforts have been made "to obtain the medical records that reference the product label and/or the implant operative report," Dkt. 20785 at 1, Plaintiff has neither articulated what those efforts were nor responded to Cook's inquiries into the matter.  Plaintiff's case is therefore ripe for dismissal under Case Management Order No. 4.  Dkt. 13046; *see also* Dkt. 19327 (granting Cook's motion to dismiss two cases where Plaintiffs failed to identify the specific products at issue and the specific dates for filter placement); Dkt. 20499 (rejecting Plaintiff's motion for relief from final judgment where "the only identification provided by Plaintiff [was] from a retained physician who note[d] only a 'Cook IVC filter'").

Furthermore, Plaintiff's cause of action should be dismissed for failure to prosecute.[1] Plaintiff's Counsel notes that Plaintiff has not communicated with her counsel, despite counsel's "diligent attempts to communicate with Plaintiff," which included "phone calls, text messages, and letters on the following dates: August 27, 2020, September 2, 2020, September 10, 2020, and November 25, 2020." Dkt. 20785 at 2. This Court has explained: "If Plaintiff is not communicating with [her] counsel or otherwise prosecuting this case, the proper course is not to simply have [her] counsel withdraw, but rather to dismiss the case." *See, e.g.*, Dkt. 12815. It is clear Plaintiff is not communicating with her counsel or otherwise prosecuting her case. Thus, her case should be dismissed on this ground as well.

---

[1] Plaintiff's Counsel has filed a Motion to Withdraw as Attorney of Record for Plaintiff Andrae. Dkt. 20787. The Court has set a Telephonic Status Conference before Judge Baker for April 22, 2022 concerning the Motion. Dkt. 20843.

Dated: January 21, 2022

        Respectfully Submitted,

        /s/ Kip S.M. McDonald
        Kip S.M McDonald
        Andrea Roberts Pierson
        Jessica Benson Cox
        FAEGRE DRINKER BIDDLE & REATH LLP
        300 North Meridian Street, Suite 2500
        Indianapolis, Indiana  46204
        Telephone:    (317) 237-0300
        Facsimile:    (317) 237-1000
        Kip.McDonald@FaegreDrinker.com
        Andrea.Pierson@FaegreDrinker.com
        Jessica.Cox@FaegreDrinker.com

        James Stephen Bennett
        FAEGRE DRINKER BIDDLE & REATH LLP
        110 W. Berry Street, Suite 2400
        Fort Wayne, Indiana  46802
        Telephone:    (260) 424-8000
        Facsimile:    (260) 460-1700
        Stephen.Bennett@FaegreDrinker.com

        *Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, William Cook Europe APS*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2022, a copy of the foregoing Motion to Dismiss was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ Kip S.M. McDonald