UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES
PRACTICES AND PRODUCT
LIABILITY LITIGATION

1:14-ml-02570-RLY-TAB
MDL No. 2570

_____

This Document Relates to:

Kevin S. Hayes and Eva Hayes. 1:18-cv-1996

_____

## ENTRY ON PLAINTIFFS' MOTION TO REOPEN AND REQUEST TO FILE AMENDED COMPLAINT AFTER THE MARCH 26, 2021 MDL DEADLINE

Plaintiffs, Kevin and Eva Hayes, move to reopen their case that was dismissed on May 8, 2019.  The Cook Defendants[1] object.  For the reasons explained below, Plaintiff's motion is **DENIED**.

## I.    Background

On February 21, 2019, the Cook Defendants filed a Second Amended Motion to Dismiss Pursuant to the Court Case Categorization Order, specifically seeking to dismiss 229 cases for the plaintiffs' failure to provide a CCF to the Cook Defendants pursuant to prior court orders.  (*See* Filing Nos. 9322, 9638).  Plaintiffs failed to respond.  The court therefore dismissed their case and entered judgment against them, on May 8, 2019.  (Filing No. 10622).  On March 24, 2021, Plaintiffs filed the present motion to reopen.

---

[1] The Cook Defendants are Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe ApS.

1

## II.    Discussion

Plaintiffs argue they did, in fact, provide the Cook Defendants with a CCF on December 18, 2018.[2]  (*See* Filing No. 17888-1).  They therefore move for relief from the May 8, 2019 judgment to correct the "mistake" pursuant to Rule 60(a) of the Federal Rules of Civil Procedure.

Rule 60(a) provides in relevant part: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  "Whether 60(a) is available depends upon whether the judgment said what the judge actually meant: '[i]f the flaw lies in the translation of the original meaning of the judgment, then Rule 60(a) allows a correction; if the judgment captures the original meaning but is infected by error, then the parties must seek another means of authority to correct the mistake.'"  *Klingman v. Levinson*, 877 F.2d 1357, 1360-61 (7th Cir. 1989) (quoting *United States v. Griffin,* 782 F.2d 1393, 1396 (7th Cir.1986)).

Plaintiffs' case was dismissed for their failure to provide a CCF, and the judgment accurately reflected the court's intention at the time it was entered.  Thus, the error, to the extent there was one, was not in the clerk's transcription, but in the court's decision, a ground for relief not contained in Rule 60(a).

The only other provision dealing with "mistake" is Rule 60(b)(1).  That rule provides for relief from final judgments that are the product of mistake, inadvertence, surprise, or excusable neglect.  But a motion for relief under Rule 60(b)(1) "must be

---

[2] In Plaintiffs' motion, they originally stated they filed the CCF on September 5, 2018.  In their reply, they produced the email with the attached CCF, which is dated December 18, 2018.

made . . . no more than a year after the entry of the judgment[.]"  Fed. R. Civ. P. 60(c)(1).

Unfortunately for Plaintiffs, their motion was not brought within one year of the May 8,

2019 judgment.  As the one year time limitation is jurisdictional and may not be

extended, *Wesco Prods. Co. v. Alloy Auto. Co.*, 880 F.2d 981, 985 (7th Cir. 1989),

Plaintiffs' motion must be denied.

### III.    Conclusion

For the reasons explained above, Plaintiffs' Motion to Reopen Case and Request to

File Amended Complaint After the March 26, 2021 MDL Deadline (Filing No. 16486)

must be **DENIED**.


**SO ORDERED** this 27th day of January 2022.


_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana



Distributed Electronically to Registered Counsel of Record.