IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | **Case No.** 1:14-ml-2570-RLY-TAB<br><br>**MDL No. 2570** |

This Document Relates to:

Betty McCoy: 1:19-cv-0475

Betty McCoy 1:19-cv-06101

**PLAINTIFF BETTY MCCOY'S SUPPLEMENTAL RESPONSE
TO DEFENDANTS' MOTION TO DISMISS DUPLICATIVE FILINGS
AND OBJECTION TO THE COOK DEFENDANTS' NOTICE OF
<u>REVOCATION OF CONSENT TO USE OF CHOICE OF LAW RULES</u>**

Plaintiff Betty McCoy ("Plaintiff") hereby submits this Supplemental Response in Opposition to the pending "Cook Defendants' Motion to Dismiss Duplicative Filings." Dkt. No. 99314 (the "Pending Motion to Dismiss"). Additionally, the Cook Defendants are attempting to revoke their consent regarding the choice of law rules for Plaintiff's home state designation as found by the Court of Appeals for the Seventh Circuit through a so-called "notice of revocation" and "motion for confirmation of withdrawal" of its consent. Dkt. No. 125998. This so-called notice could have a bearing on the Pending Motion to Dismiss. Since the issues are related and to a degree overlap Plaintiff's response to that pleading is included here.

1

I.     PRELIMINARY STATEMENT

Plaintiff originally filed her Short Form Complaint in the MDL identifying her home state of North Carolina as proper venue on September 30, 2019. Case No. 1:19-cv-04599, Dkt. 1. Due to the Court's "direct filing" order of October 29, 2019, and Plaintiff's desire to have North Carolina choice of law rules apply, Plaintiff filed her case again in the Western District of North Carolina. *See* Plaintiff Betty McCoy's Response to Cook Defendants Motion to Dismiss Duplicative Pleadings, Dkt. No. 14054 at pp. 2-3. On May 29, 2020, the Court issued its final "direct filing" order in which the Court ruled that only "…foreign cases filed between May 31, 2017, and June 13, 2019, shall be treated as though a direct filing order had been entered at the time of their filing and shall be governed by the choice-of-law rule of the Plaintiff's home jurisdiction." Dkt. No. 13539 (the "May 2020 Order").[1] As a result, a judgment on the pleadings was entered for the cases directly filed in the MDL before and after the date range in the May 2020 Order for being untimely. Many cases were not directly filed in the MDL because of the order and are now being transferred to this court on a daily basis through the JPML—an inefficient and needless waste of resources.

On August 10, 2020, the Cook Defendants (hereinafter collectively referred to as "Cook") filed their "Motion to Dismiss Duplicative Filings" based on the May 2020 Order. Dkt. No. 99314 at 2-3. As stated by Cook:

> This Court has ruled that cases commenced in the Southern District of Indiana after June 13, 2019, are governed by the choice-of-law rules of the State of Indiana. *See* Dkts. 12931, 13539. All four of the Plaintiffs' original [sic] were commenced in this District after June 13, 2019, and thus fall within the Court's choice-of-law ruling.

---

[1] *See also* Dkt. No. 12256 (there was no direct filing order in place) and Dkt. No. 12931 (the first modified "direct filing" order ruling that cases filed directly in the MDL between May 31, 2017 and June 13, 2019 shall be treated as if a direct filing order was in place).

2

*Id*. at 2-3. Cook requested that the second filed cases be dismissed as duplicative of the first, including Plaintiff's second filed case. *Id*. at 3-5.

On August 20, 2020, Plaintiff filed her response, indicating that the timing of her filings put her into a veritable "no man's land" and dismissing her second filed case would subject her claims to the two-year statute of limitations of Indiana instead of the three-year statute of limitations of North Carolina thereby eliminating her claims altogether. Dkt. 99771 at 10-11. This result is manifestly unfair, especially considering Defendants' position taken in prior cases directly filed in the MDL, and the Court had described as "the law of the case" in cases filed directly in the MDL. *Id*. at 5-7. Plaintiff proposed three options that would allow her to maintain her claims. *Id*. at 13-16. On August 27, 2020, the Court conducted a hearing on the Motion to Dismiss Duplicative Filings. After argument by counsel, the Court took the matter under advisement. The motion remains pending.

Since the hearing two Plaintiffs— Victoria Looper (Cause No. 1:16-cv-03510) and Sammie Lambert (Cause No. 1:19-cv-02561) --appealed the judgments in their cases based on the May 2020 Order to the Court of Appeals for the Seventh Circuit. On December 16, 2021, the decision in the combined appeal *Looper v. Cook Inc., et. al.*, Appeal No. 20-3103 and *Lambert v. Cook Inc., et. al.*, Appeal No. 20-3104 (the "Looper/Lambert Appeal") was issued.[2] The Looper/Lambert Appeal addressed the District Court's orders regarding the "direct filing" of cases in the MDL and the choice of law, i.e. whether such cases were governed by Indiana law (as if there was no "direct filing" order in place) or the law of the Plaintiffs' home state as designated by Plaintiffs' in their short form complaints (as if there was a "direct filing" order in place). The Seventh Circuit found Cook "clearly" consented to a procedure wherein a case directly filed in the

---

[2] A true and correct copy of the decision is attached hereto as Exhibit A.

MDL applied the Plaintiff's choice law as designated in the Short Form Complaint. *See e.g.,* Ex. A at 3. This consent dates back to Cook's consent to the content and format of the Short Form Complaints used by Plaintiffs in the MDL and approved by the Court. *Id*. at 13 and 18-19 (addressing Cook's counterargument regarding the short form complaint). As a result, the judgments in the Looper and Lambert cases were reversed and remanded for further proceedings. *Id*. at 23. Moreover, because both cases were filed outside the date range defined in the May 2020 Order, the decision of the Seventh Circuit, overruled the May 2020 Order and the limited date range for direct filing in the MDL.

As will be addressed in detail below, that decision, now the "law of the case," controls the outcome of the Pending Motion to Dismiss as it relates to Plaintiff's claims. The Seventh Circuit ruled that a "direct filing" procedure was in place from the time of the adoption of the Short Form Complaint, and remains in place, subject to a "request" by Cook to revoke its consent only prospectively. *Id*. at 13. Therefore, Plaintiff's original case filed in the MDL on September 30, 2019, is subject to the "direct filing" procedure and the law of her home state—North Carolina—applies to her claims. Not the law of Indiana.

Additionally, in response to the Looper/Lambert decision Cook filed a "notice of revocation of alleged consent" and "motion for confirmation" of its alleged withdrawal of consent. *See* Dkt. No. 125998. Cook's so called "notice" ignores the mandate of the Seventh Circuit which ruled Cook may not unilaterally withdraw its consent or do so retroactively. Additionally, Cook improperly invites the MDL Court, to join it, in rebuking the law of the case contained in the Looper/Lambert decision and commit reversible error. The absurdity of Cook's request is demonstrated by the effect of Cook's improper attempt to withdraw its consent unilaterally and retroactively if allowed. The Looper and Lambert cases would again be incorrectly subjected to

dismissal as untimely under the two-year statute of limitations in Indiana —the same result already reversed by the Seventh Circuit. And Plaintiff's case would also be subject to the claim of being untimely under Indiana law despite identifying North Carolina law for statute of limitations purposes in her short form complaint. Cook's improper efforts engender a response from Plaintiff as it relates to the Pending Motion to Dismiss.

## II. PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANTS MOTION TO DISMISS DUPLICATIVE PLEADINGS

### A. Cook "Clearly" Consented to the Application of Plaintiff's Choice of Law In Directly Filed Cases and It Is Now the Law of the Case.

The decisions and rulings of the Seventh Circuit on the issues before it in the Looper/Lambert Appeal became the "law of the case."

> According to the law of the case doctrine, after "an appellate court either expressly or by necessary implication decides an issue, the decision [is] binding upon all subsequent proceedings in the same case." *Dobbs v. DePuy Orthopaedics, Inc.*, 885 F.3d 455, 458 (7th Cir. 2018) (quoting *Key v. Sullivan* , 925 F.2d 1056, 1060 (7th Cir. 1991) ).

*Surprise v. Saul*, 968 F.3d 658, 663 (7th Cir. 2020).[3] The "law of the case doctrine" requires a lower court "to conform any further proceeding on remand to the principles set forth in the appellate opinion unless there is a compelling reason to depart." *Id.* (citations omitted).[4] Therefore,

---

[3] "The gist of the doctrine is that once an appellate court either expressly or by necessary implication decides an issue, the decision will be binding upon all subsequent proceedings in the same case. This consistency protects parties 'from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Key v. Sullivan*, 925 F.2d 1056, 1060 (7th Cir. 1991)(citations omitted).

[4] Those reasons must be "sufficiently compelling circumstances" such as subsequent factual discoveries or changes in the law. *In re Kimball Hill, Inc.*, 630 B.R. 294, 305 (Bankr. N.D. Ill. 2021)(citations omitted). None of those reasons exist here.

Cook may not ignore the law of the case or improperly invite the MDL Court to do so and commit error.

Whether the issue of "consent" to direct filing in the MDL was before the Seventh Circuit in the Looper/Lambert Appeal is beyond dispute. For example, it defined the one appeal issue identified by Cook.

> Whether the district court had authority to deviate from *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487 (1941), and, **without the parties' consent**, apply the choice-of-law rules of the plaintiffs' home jurisdictions, instead of those of the forum state—Indiana.

*See* Appellee Cook's Brief, attached as Exhibit B at p. 7 "Statement of the Issue" (emphasis added). More specifically, the Looper/Lambert Appeal addressed whether Cook should be allowed to do an "about face" after having agreed that Plaintiffs' home state law applies for choice of law purposes and whether the retroactive withdrawal of Cook's consent in the May 2020 "direct filing" order was proper. Exhibit A at 2-3. At issues was the procedure, agreed to by the parties and ordered by the Court, by which new plaintiffs could preserve their home state jurisdiction and file directly in the MDL pending in the Southern District of Indiana rather than filing in their home districts and waiting for transfer of their cases to the MDL. *Id*. Under the May 2020 Order, cases like Looper's and Lambert's, filed directly in the MDL outside of the date range defined in the order (before May 31, 2017, or after June 13, 2019) were subject to Indiana law; i.e. Indiana's two-year statute of limitations. Those cases could and in the cases of Looper and Lambert, were dismissed as untimely under the Indiana statute of limitations.

The Seventh Circuit reversed and remanded the Looper and Lambert cases because Cook had "clearly" demonstrated its consent that the Plaintiff's home state laws should apply—not that of Indiana.

Instead, several features of the record as a whole persuade us that **Cook at least**

6

> **implicitly, but clearly, consented to the application of originating state choice-of-law rules to directly filed cases**. That evidence includes the provisions for so-called short form complaints, earlier litigation over the same issue in other cases in the MDL where Cook convinced the district court to take the approach opposite to its position here, and case management orders reflecting the importance and value of direct filing.

*Id*. at 12-13 (emphasis added). The Court and the parties addressed the short form complaint in the early stages of the MDL proceedings. Dkt. No. 1746. And the short form complaint agreed to by the parties was adopted on June 8, 2016. *Id*. Indeed, as found by the Seventh Circuit, Defendants relied on the short form complaints filed in cases as early as July 2016 to argue that the laws of the respective Plaintiffs' home states applied.

> In moving for judgment on the pleadings for a set of six Cook IVC filter cases based on statutes of repose, Cook cited this line in the short form complaint as identifying the district courts whose choice-of-law rules applied. . . In a combined motion aimed at those cases, Cook wrote: "the plaintiffs' Short Form Complaints demonstrate that their claims 'originated' in their respective home states of Georgia, Tennessee, and Texas, and those states' choice-of-law rules apply. . ."

Exhibit A at 14. "In other words, Cook asserted that the applicable statutes of limitations and/or repose in direct-filed cases should be those of the originating jurisdictions." *Id*. The Seventh Circuit's rulings that Cook consented are unequivocal:

> The unusual course of events in the district court—on this issue, first Cook and then the district court changed course 180 degrees in the midst of the MDL—showed that Cook implicitly consented to using choice-of-law rules for these plaintiffs as if they had filed in their home states.

*Id.* at 3; *see also*, pp. 12("cook clearly consented") and 22 (Cook's "consent . . . is unmistakable"). Thus, the judgments in Looper and Lambert under Indiana law were reversed because the law of their home states applies to their claims. *Id*. at 12-13. Cook's consent and application of originating state choice of law rules to directly filed cases is the law of the case and binding for all subsequent proceedings in the MDL Court.

    The Looper/Lambert decision overruled the May 2020 Order because the Seventh Circuit

7

ruled that Cook's consent precedes the May 31, 2017, date and extends beyond the June 13, 2019, date set forth in the order. This is indisputable. First, the May 2020 Order and the events leading to it were briefed and argued on appeal. *See e.g.*, Exhibit B at 14-19. Second, both the Looper and Lambert cases were directly filed outside the dates range defined in the May 2020 Order—Looper on December 29, 2016, before May 31, 2017, and Lambert on June 25, 2019, after June 13, 2019. *Id*. at 20. Looper designated South Carolina as her home state for choice of law purposes. *Looper v. Cook Inc. et al.* 1:16-cv-03510 at 5 (S.D. IN December 2, 2016). And Lambert designated Mississippi. *Lambert v. Cook Inc. et al.* 1:19-cv-02561 at 5 (S.D. IN June 25, 2019). By reversing the judgments in the Looper and Lambert cases, based on the dates in the May 2020 Order, the Seventh Circuit "expressly or by necessary implication" overruled the May 2020 Order. Cook's consent, therefore, began before May 31, 2017, and extends after June 13, 2019. This is the law of the case, controlling all subsequent proceedings in the MDL and may not be ignored by Cook. *Surprise,* 968 F.3d at 663. And as set forth in Section III, *infra*, Cooks consent remains in effect today and my only be withdrawn prospectively with permission of the MDL Court.

      **B. The Law of Plaintiff's Home State—North Carolina--Designated in Her Original Directly Filed Short Form Complaint Governs Her Claims.**

Like the Lambert case, Plaintiff directly filed her short form complaint designating her home state (North Carolina) for choice of law purposes after June 13, 2019. *See* Plaintiff's Short Form Complaint, Dkt. No. 12168 filed on September 30, 2019. Therefore, as in the Lambert case, Plaintiff's case was filed under the direct filing procedure Cook consented to and her claims are governed by the "law of [her] originating jurisdiction" –North Carolina.

In her original response to the Pending Motion to Dismiss, Plaintiff requested that the Court adopt one of three options to address the threat of her case being dismissed as untimely. The decision in the Looper/Lambert Appeal mandates the adoption of Plaintiff's first option—that the

original filing of her short form complaint on September 30, 2019, in the MDL be treated as being properly "directly filed," under the procedure consented to by Cook, and designating North Carolina for choice of law purposes. Therefore, the North Carolina three-year statute of limitations applies to her claims against Cook. The other two options in Plaintiff's original response are no longer applicable and do not present viable options consistent with the law of the case set forth in the Looper/Lambert decision.

### III. PLAINTIFF'S OBJECTION TO COOK'S " NOTICE" OF WITHDRAWAL OF ITS CONSENT TO USE OF CHOICE OF LAW RULES

#### A. Cook's So-Called Notice of Revocation of Consent Violates the Law of the Case and Is Therefore a Nullity.

Cook lost the Looper/Lambert Appeal and the issue of whether it consented to "direct filing" in the MDL. Cook simply refuses to acknowledge it as is clear from title of its so called "notice of revocation" of its consent. *See* "Cook Defendants' **Notice of Revocation** of **Alleged** Consent…" Dkt. No. 125998 at 1. Cook pretends the Seventh Circuit did not address the issue of its consent when in fact it did. Cook's consent was a key issue raised and argued by both parties on appeal. *See* Exhibit B; *see also*, Appellants Brief of Looper and Lambert attached as Exhibit C at for example pp. 17-21. The issue was squarely addressed by the Seventh Circuit which identified the evidence supporting its finding that Cook "clearly" consented, *e.g.*, the short form complaint; Cook's position taken in the *Sales-Orr* cases; and the case management orders. Exhibit A at 12-17. The rulings of the Seventh Circuit regarding this issue, therefore, are law of the case. *Surprise,* 968 F.3d at 663. Thus, Cook's consent is not "alleged."

This should come as no surprise to Cook since it released a fusillade of counter arguments against Looper's and Lambert's claim that at all times ". . .the parties were proceeding under the shared belief that cases could be direct-filed in the MDL . ." (Exhibit C at p. 21). *See* Exhibit B.

9

But the Seventh Circuit found Cook's counterarguments "unpersuasive" dispatching each of them one by one. Exhibit A at 18-21. As follows:

- Cook's claims that it was entitled to take inconsistent positions in different cases could not "justify a retroactive 180-degree turn . . ." *Id*. at 18.

- Cook's position that even if it consented to the short form complaint it did not agree to its contents was nothing more than a "straw man" — "no one is arguing that Cook admitted the allegations" in the short form complaints. *Id*. at 18. Instead, the "key points are (a) that one of two evident purposes for identifying originating jurisdictions [in the short form complaint] is to determine choice-of-law rules, and (b) that Cook itself persuaded the district court to use those identifications for exactly that purpose. *Id*. at 19.

- Cook's excuse that there was no actual direct filing order was equally unconvincing. "Despite the absence of a formal direct-filing order in this MDL, everyone acted for years as if one were in place." *Id*. at 20.

Short work was also made of Cook's questionable claim it was "mistaken" when it successfully argued in support of its motion for summary judgment that originating state choice of law rules applied to directly filed cases in the *Sales-Orr* and *Graham* cases. *Id*. at 19. As stated by the Seventh Circuit even if Cook was "mistaken," Cook's mistake could not justify "a retroactive correction to spring a trap on these plaintiffs who acted consistently with Cook's and the district court's earlier position." *Id*. at 19-20. Instead, Cook bore the risk of its claimed mistake—not Plaintiffs. *Id*. at 20. In sum the Seventh Circuit ruled that Cook's *post hoc* withdrawal of its consent was unfair and could not stand as follows:

> Cook consented to this treatment of direct-filed cases—indeed, welcomed it—until it no longer benefited Cook, leading to the about-face against Looper and Lambert and these appeals. **That unfair reversal of course should not stand.** We know of no prior multidistrict litigation that allowed one party to withdraw its consent—retroactively—to the treatment of direct-filed cases halfway through the MDL, springing a trap shut on parties who complied with the law of the case.

*Id*. at 21 (emphasis added). While Cook wanders in an alternate reality refusing to accept its loss on appeal, there is no doubt that Cook's consent is the law of the case in the real world the rest of

10

us occupy.

In addition to falsely claiming its consent is "alleged" Cook states, not once but twice, that "The Cook Defendants have never consented…" *See* Dkt. No. 125998 at 1. Cook fails to provide any factual or legal basis for its claims. That is because there is none, and simply put Cook is wrong. Even before the Looper/Lambert decision, Cook identified the law of the Plaintiff's home state designated in the short form complaint directly filed in Indiana on May 11, 2021, as controlling law rather than Indiana law. *See* DKT 19672. Cook's actions belie its statements in the recent "Notice of Revocation" (Dkt. No. 20719) and the arguments made in the Looper/Lambert appeal. Even if this is just another "mistake," the Seventh Circuit has already ruled that Cook cannot use the excuse of mistake or its ever-changing positions to "spring" a trap on Plaintiffs. *See e.*g., Exhibit A 19-20.

No matter how often or forcefully stated, Cook's baseless statements cannot trump or serve to overrule the findings and rulings of the Seventh Circuit—the law of the case. Finally, Cook's "belief" that consent may not be imposed on it is a non-sequitur. The Seventh Circuit did not "impose" consent on Cook, it merely ruled that on the disputed issue of consent on appeal, after considering all the evidence and arguments of the parties, Cook's own actions and words "clearly" demonstrate its consent that the choice of law rules of the Plaintiff's home state should apply. *See e.g.*, Exhibit A at 13. Cook's beliefs regarding its consent are meaningless and irrelevant. In sum, Cook's statements regarding its consent that contradict the express rulings and findings of the Seventh Circuit are nullities.

### B. Cook Cannot Unilaterally Withdraw Its Consent or Do So Retroactively.

Cook does not stop at making baseless claims regarding its consent, it claims to be imbued with the power to unilaterally withdraw its consent--retroactively no less. The Seventh Circuit

ruled Cook cannot revoke its consent unilaterally. Cook may only withdraw its consent prospectively and with *permission* of the MDL Court.

> If Cook wants to revoke that consent prospectively, consistently across the whole MDL and as to statutes of limitations and other issues, it should address that request to the MDL court, but it should do so without overreaching to apply such a revocation retroactively to deem cases untimely based on its new understanding of the law.

Exhibit A at 13. *See also* Exhibit A at 16 ("Even if the district court was or remains inclined to allow Cook to revoke its implicit consent and to change its position. . ."). Cook attempts to sidestep the rulings of the Seventh Circuit by its unilateral efforts and by seeking the Court's "acknowledgment," rather than making, the required and proper motion asking the Court to exercise its discretion and allow it to withdraw its consent. Cook's conduct is telling and denotes concern. And it should be concerned.[5] Cook's improper request invites the MDL Court to commit error. Cook's rebuke of the rulings of the Seventh Circuit are without force and should be rejected.

Second, Cook claims its improper, unilateral, and attempted withdrawal of its consent applies to "all cases pending in the MDL" regardless of when they were filed. *Id*. at 1-2. Cook also states it will not consent to the application of the choice-of-law rules of any Plaintiff's self-designated "home state" to any action filed in the MDL in the future. *Id*. at 2. Thus, there is no doubt Cook seeks to withdraw its consent retroactively as well as prospectively. But the Seventh Circuit was clear that Cook could not withdraw its consent retroactively.

> Even if the district court was or remains inclined to allow Cook to revoke its implicit consent and to change its position on the choice-of-law question for directly filed cases, such a change should not be applied retroactively to cases where corrective action was no longer possible in response to Cook's and the district court's change in position. Exhibit A at 16.

---

[5]Plaintiff references and adopts the Plaintiff Sterring Committee's Opposition to Cook's "Revocation" of Its Consent to Direct Filing and incorporates same herein as if fully set forth at length. Dkt. No. 126176. Plaintiff agrees that Cook should not be allowed to withdraw its consent at this late stage of the MDL proceedings but will not repeat those arguments here.

> The district court might well have discretion to allow Cook to change positions prospectively, but it was not fair to allow Cook to change positions retroactively to dismiss these plaintiffs' cases that had been timely filed under what the district court had accurately called the "law of the case." *Id*. at 3.
>
> But given the common ground among the cases that justifies the use of the MDL process in the first place, it is not realistic or fair to allow a party to use such formalities to have the transferee MDL court justify a retroactive 180-degree turn on a decisive procedural issue after establishing what the court itself called the "law of the case," referring to the MDL as a whole. *Id*. at 18.
>
> We appreciate the point, perhaps in going forward, but in our view, such a mistake in giving implicit consent to the *Dobbs* treatment of choice of law could not justify a *retroactive* correction to spring a trap on these plaintiffs who acted consistently with Cook's and the district court's earlier position. *Id*. at 19-20 (emphasis in the original).
>
> Cook consented to this treatment of direct-filed cases—indeed, welcomed it—until it no longer benefited Cook, leading to the about-face against Looper and Lambert and these appeals. That unfair reversal of course should not stand. We know of no prior multidistrict litigation that allowed one party to withdraw its consent—retroactively—to the treatment of direct-filed cases halfway through the MDL, springing a trap shut on parties who complied with the law of the case. We decline to be the first to do so without giving the targeted parties an opportunity to take remedial actions. *Id*. at 21.

Cook consent revoke its consent retroactively. So sayeth the Seventh Circuit.

The absurdity of Cook's attempt to withdraw its consent retroactively is aptly demonstrated by what would happen to the cases already decided on appeal if allowed. Cook's claimed revocation extends to all cases pending in the MDL—including the recently reversed and remanded Looper and Lambert cases. Thus, Cook seeks to withdraw its consent for cases already appealed to the Seventh Circuit which already ruled against Cook on the very same issue. Indeed, it appears Cook is seeking to reinstate the May 2020 Order overruled by the Seventh Circuit. See Dkt. No. 125998 at 1, n.1 Even if Cook's attempted withdrawal is limited to one of the dates alluded to by Cook, the Lambert or Looper case would still be subject to the same two-year statute of limitations under Indiana law and subject to judgment on the pleadings as untimely. The same

is true for Plaintiff's case filed September 30, 2019. Resulting in the Looper, Lambert being appealed to the Seventh Circuit again on the very same issue. This time joined by Plaintiff. Cook's attempt to retroactively revoke its consent violates the law of the case, is not supported by the law or the facts and should be rejected.

### IV.   CONCLUSION AND REQUST FOR RELIEF

Plaintiff respectfully requests the following:

a. That the Court find: (1) Plaintiff's case (1:19-cv-0475) directly filed in Indiana is governed by the direct filing procedure found by the Seventh Circuit in the Looper/Lambert Appeal, and (2) the law of Plaintiff's home state of North Carolina as designated in her short form complaint applies to and controls her claims;

b. Plaintiff's objection to Cook's "Notice of Revocation of Alleged Consent" be sustained and that all statements therein that contradict any express or implicit finding of the Seventh Circuit in the Looper/Lambert Appeal are nullities; and

c. That Cook's request that the Court "acknowledge" or otherwise allow it to revoke its consent be denied and the "direct filing" procedure found by the Seventh Circuit in the Looper/Lambert Appeal apply to all currently filed cases and all cases filed in the future.

Dated: January 28, 2022                     Respectfully submitted,

**Tautfest Bond, PLLC**

/s/ Monte Bond
Monte Bond TX No. 02585625
Jessica Glitz TX No. 24076095
**Tautfest Bond, PLLC**
5151 Belt Line Rd., Suite 1000,
Dallas, TX 75254
Telephone: (214) 617-9998
Facsimile: (214) 853-4281
mbond@tbtorts.com
jglitz@tbtorts.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2022, a true and correct copy of Plaintiffs' Response in Opposition to Cook Defendants' Omnibus Motion for Judgment on the Pleadings was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all CM/ECF counsel of records. Additionally, Plaintiff emailed Defendants a copy of this Response in Opposition because it was filed under seal to protect the sensitive medical records attached.

Dated: January 28, 2022

Respectfully submitted,

/s/ Monte Bond
Monte Bond TX No. 02585625
Jessica Glitz TX No. 24076095
**Tautfest Bond, PLLC**
5151 Belt Line Rd., Suite 1000,
Dallas, TX 75254
Telephone: (214) 617-9998
Facsimile: (214) 853-4281
mbond@tbtorts.com
jglitz@tbtorts.com
*Attorneys for Plaintiff*