# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) | 1:14-ml-02570-RLY-TAB MDL No. 2570 |
| This Document Relates to: | | |
| All Actions | | |

**ORDER ON THE COOK DEFENDANTS' MOTION TO RECONSIDER THE COURT'S FEBRUARY 24, 2020 ORDER ON CHOICE OF LAW**

On February 20, 2020, the court reconsidered its October 29, 2019 decision to apply Indiana choice-of-law principles to direct-filed cases, and held that "foreign cases filed between May 31, 2017 and October 29, 2019 shall be treated as if a direct-filing order had been entered at the time of their filing, and shall be governed by the choice-of-law rule of the Plaintiffs' 'home' jurisdiction." (Filing No. 12931 at 4). The Cook Defendants ask the court to reconsider that Order for two reasons. First, Cook argues the Order violates its due process rights because it subjects Cook to the substantive law of foreign jurisdictions without its consent. Second, they argue the Order violates the *Erie* doctrine. In the alternative, they ask the court to limit the carve-out to the period between May 31, 2017 (when the court issued its Entry on the Cook Defendants' Motion for Judgment on the Pleadings stating there was a direct filing order (*see* Filing No. 4918)) and June 13, 2019 (when the court first made clear that there was no direct filing order

1

(*see* Filing No. 11131)). They also request that each plaintiff seeking the benefit of the carve-out show actual reliance on the court's May 31, 2017 Order. Plaintiffs have no objection to the court amending the cutoff date from October 29, 2019 to June 13, 2019.

The court created the carve-out because there was confusion as to whether there was a direct-filing order in this case. The Cook Defendants represented in their papers that there was such an order and the court relied on that representation in its May 31, 2017 Entry on the Cook Defendants' Motion for Judgment on the Pleadings. (Filing Nos. 1051, 4186-1, 4918). This MDL proceeded with the understanding that there was such an order for an additional two-plus years. To subject plaintiffs who direct-filed in this court during that time period to the laws of Indiana is simply not fair and contravenes the law of the case doctrine. Cook's arguments—including their suggestion that plaintiffs' counsel file an affidavit showing reliance on the court's May 31, 2017 Order—are therefore rejected.

Accordingly, the Cook Defendants' Motion (Filing No. 13106) is **GRANTED in part** and **DENIED in part**. The court's February 24, 2020 Order on Choice of Law is hereby amended to read that "foreign cases filed between **May 31, 2017 and June 13, 2019** shall be treated as if a direct-filing order had been entered at the time of their filing, and shall be governed by the choice-of-law rule of the Plaintiffs' 'home' jurisdiction."

**SO ORDERED** this 29th day of May 2020.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

2