UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC          )
FILTERS MARKETING, SALES                )          1:14-ml-02570-RLY-TAB
PRACTICES AND PRODUCT                   )          MDL No. 2570
LIABILITY LITIGATION                    )
_____       )
                                        )

This Document Relates to:

Ollie Kincaid, 1:20-cv-06158

_____

**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff Ollie Kincaid moves for reconsideration of the court's Order, dated

October 19, 2020, dismissing her case for failing to provide the Cook Defendants[1] with

his Plaintiff Profile Sheets ("PPS") as required by the Fourth Amended Case

Management Order No. 4.  (Filing No. 14551).  Counsel for Plaintiff indicated he had

lost contact with Plaintiff and was therefore unable to file Plaintiff's PPS.  She later

learned she had become ill and was hospitalized.  Counsel regained contact with Plaintiff,

served the Cook Defendants with Plaintiff's PPS on November 15, 2020, and moved for

reconsideration of the court's Order on November 16, 2020.  The Cook Defendants object

because, they argue, Plaintiff has failed to show excusable neglect under Rule 60(b)(1)

and reinstatement would be futile as it is barred by the statute of limitations.

---

[1] The Cook Defendants are Cook Incorporated, Cook Medical LLC f/k/a Cook Medical
Incorporated, and William Cook Europe ApS.

1

The court has discretion to vacate a judgment for excusable neglect.  *Snyder v. Barry Realty, Inc.*, 60 Fed. App'x 613,614 (7th Cir. 2003).  Factors the court may consider in making this determination include the danger of prejudice to the opposing party; the length of neglect and its impact on judicial proceedings; and the reason for the neglect, "including whether it was in the reasonable control of the movant, and whether the movant acted in good faith."  *Id.* (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Plaintiff filed her motion to reconsider less than 30 days after the court's judgment, the delay in filing the PPS has not impacted the judicial proceedings, and the Cook Defendants have not shown they have been prejudiced.

The court further finds reinstatement would not be futile.  Plaintiff's case was originally filed on May 15, 2020, in the United States District Court for the Western District of North Carolina and was transferred to this MDL on June 10, 2020.  Plaintiff alleges her injury occurred on May 18, 2017, when a CT scan revealed the anchoring hooks of her filter had perforated her inferior vena cava.  (*See* Filing No. 1 in 1:20-cv-06158, Compl. ¶ 27).  Her Complaint was thus filed within the three-year statute of limitations under North Carolina law.  N.C.G.S.A. § 1-52(16).

For the reasons just explained, the court will **GRANT** Plaintiff's motions for reconsideration (Filing No. 14833).  Accordingly, the court **VACATES** its October 19, 2020 Order with respect to Plaintiff and **REINSTATES** her case (1:20-cv-06158) in this MDL.

**SO ORDERED** this 28th day of January 2022.

2

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.