UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to:

All Plaintiffs identified in Exhibit A

_____

### MOTION TO DISMISS FOR FAILURE TO CURE PPS DEFICIENCIES

Pursuant to Federal Rules of Civil Procedure 37(b) and 41(b) and the Fourth Amended Case Management Order No. 4 ("CMO No. 4) (Dkt. 13046), Cook Incorporated, Cook Medical LLC, *formerly known as* Cook Medical Incorporated, and William Cook Europe ApS (collectively, "Cook") respectfully request that the Court dismiss with prejudice certain matters set forth herein for repeated failure to cure deficiencies in their Plaintiff Profile Sheets ("PPS"). In support of this Motion, Cook states:

    **A.**    **CMO No. 4 Requires Every Plaintiff in the MDL to Submit a Substantially Complete PPS to Cook.**

This Court entered CMO No. 4 on March 13, 2020. The Order requires, *inter alia*, each Plaintiff to submit a substantially complete PPS to Cook. Specifically, the Order provides:

> Each Plaintiff in this MDL as of the date of the entry of this Second Amended Case Management Order No. 4 shall submit a completed PPS to Defendants within sixty (60) days if the Plaintiff has not already provided a complete Plaintiff Profile Form ("PPF") and Plaintiff Fact Sheet ("PFS") under Case Management Order No. 4 [Dkt. 354] or Amended Case Management No. 4 [Dkt. 614]. In cases in which Plaintiffs have not served a completed PPF or PFS, each **Plaintiff shall submit a completed PPS to Defendants** within sixty (60) days of the entry (December 16, 2016) of Second Amended Case Management Order No. 4 and, in

future filed cases, **within thirty (30) days of the case becoming part of this MDL**.

CMO No. 4, ¶ 1(b). "Every Plaintiff is required to provide Defendants with a PPS that is substantially complete in all respects, answering every question in the PPS, even if a Plaintiff can answer the question in good faith only by indicating 'not applicable.'" *Id.* The applicable Plaintiff must sign, i.e., verify, the PPS under penalty of perjury. *Id.*

Under CMO No. 4, "[i]f Defendants receive a PPS in the allotted time but the PPS is not substantially complete, Defendants' counsel shall send deficiency correspondence by e-mail and/or U.S. Mail to Plaintiffs' Lead Counsel and the Plaintiffs' individual representative counsel, identifying the purported deficiencies." CMO No. 4, ¶ 1(g). Plaintiff then has twenty (20) days from receipt of the correspondence to serve Cook with a PPS that is substantially complete in all respects. *Id.* If a Plaintiff fails to cure the deficiencies identified in the deficiency correspondence within the allotted twenty (20) days, Cook may move for appropriate relief under Federal Rule of Civil Procedure 37. *Id.*

> **B.    The Plaintiffs Subject to This Motion Have Not Met the Requirements of CMO No. 4, Despite Cook Providing Deficiency Correspondences.**

**Exhibit A** contains the names, case numbers, and filing dates for each Plaintiff subject to this Motion.[1] Each of the 138 Plaintiffs identified in **Exhibit A**—all represented by the Fears Nachawati Law Firm—failed to comply with the requirements of CMO No. 4. Specifically, each of these 138 Plaintiffs served Cook with a deficient **Amended or Supplemental PPS**,[2] despite Cook informing Plaintiff's Counsel that the initial PPS submission did not comply with the

---

[1] **Exhibit A** also provides the dates of the Plaintiffs' PPS submissions and the dates on which Cook sent Plaintiffs' Counsel deficiency letters concerning the PPS submissions.
[2] CMO No. 4 requires Plaintiffs to submit a PPS that is "substantially complete." CMO No. 4, ¶ 1(b). Each Plaintiff subject to this Motion provided a PPS with deficient answers to at least 25% of the questions in the form.

2

requirements of CMO No. 4. The overwhelming majority of these amended or supplemental PPS submissions were unverified and did not include signed medical authorizations.

Cook highlights two cases that are representative of Fears' systematic failure to provide substantially complete PPS submissions in compliance with CMO No. 4 for these 138 Plaintiffs.

### 1. *Plaintiff Lynn Lamp's PPS Submissions*

Plaintiff Lynn Lamp filed her case in the Southern District of Indiana on April 30, 2021. Under the requirements of CMO No. 4, Plaintiff Lamp had thirty (30) days to submit a substantially complete PPS to Cook. CMO No. 4, ¶ 1(b). When Plaintiff Lamp failed to produce any PPS in the allotted time, Cook sent Plaintiff's Counsel a letter on July 8, 2021. On August 13, 2021—more than a month after Cook's letter and more than three months after the filing of her case—records indicate that Plaintiff's Counsel reached out to Plaintiff Lamp concerning her obligation to complete and verify a PPS. Counsel then submitted an initial PPS on behalf of Plaintiff Lamp. This submission, which includes the letter sent by Counsel to Plaintiff Lamp, is attached as **Exhibit B** and filed under seal.

In this initial PPS submission, nearly every question was answered with "Plaintiff will supplement." The submission was neither verified by Plaintiff Lamp nor accompanied by signed medical authorizations. The PPS was—for all intents and purposes—blank.

After receiving this virtually blank PPS submission, Cook reached out to Plaintiff's Counsel a *second time*, now concerning Plaintiff Lamp's deficient PPS. On October 29, 2021, Plaintiff Lamp submitted an Amended PPS, which is attached as **Exhibit C** and filed under seal. Again, this submission was unverified and contained no signed medical authorizations. And once again, the submission was replete with questions answered with "Plaintiff will supplement." For example, Plaintiff Lamp answered the "Current Complaints" section of the PPS, which

requires a Plaintiff to "[d]escribe all injuries and physical complaints [she] attribute[s] to the device," with "Plaintiff will supplement." Similarly, this non-answer was provided in response to other questions, such as:

- What is Plaintiff's highest level of education?
- Has Plaintiff ever served in the military?
- What are Plaintiff's height and weight?
- Which activities does Plaintiff contend have been limited and/or which activities can Plaintiff no longer engage in because of the IVC filter?
- How many pulmonary emboli has Plaintiff suffered before and after placement of the IVC filter?
- Has Plaintiff ever smoked tobacco products?

In other words, Plaintiff's PPS submission did not provide answers to the most fundamental and basic questions.

### 2. *Plaintiff Jasper Adell's PPS Submissions*

Plaintiff Jasper Adell filed his case in the Southern District of Indiana on June 2, 2021. Plaintiff Adell failed to serve any PPS as required, and Cook sent a letter informing Plaintiff's Counsel of this noncompliance on September 24, 2021. Correspondence suggests that on October 13, 2021—more than three months after the filing of his case—Plaintiff's Counsel reached out to Plaintiff Adell concerning his obligation to complete and verify a PPS. On the very same day, Counsel submitted a PPS on behalf of Plaintiff Adell. This submission, which includes the letter sent to Plaintiff Adell by Counsel, is attached as **Exhibit D** and filed under seal.

Like Plaintiff Lamp's PPS submissions, Plaintiff Adell's submission was essentially blank, with nearly every question answered with "Plaintiff will supplement." The PPS was also submitted unverified and without signed medical authorizations.

Cook reached out to Plaintiff's Counsel a ***second time***, now concerning Plaintiff Adell's deficient PPS. On November 5, 2021, Plaintiff Adell submitted an Amended PPS, which is

4

attached as **Exhibit E** and filed under seal. Again, this submission was unverified. The submission also contained no medical authorizations and was replete with questions answered with "Plaintiff will supplement."

Worse yet, on November 29, 2021, Plaintiff Adell submitted a *third* PPS, which is attached as **Exhibit F** and filed under seal. Rather than take the time to cure the obvious deficiencies riddling Plaintiff Adell's first and second PPS submissions, Counsel proceeded to serve Cook with yet another deficient, unverified PPS. This third submission answered "Plaintiff will supplement" to basic questions like:

- What are the names of Plaintiff's children?
- What is Plaintiff's highest level of education?
- Has Plaintiff been convicted of, or plead guilty to, a felony and/or crime of fraud or dishonesty?
- What are Plaintiff's height and weight?
- What, if any, major health problems have Plaintiff had from present to five years before receiving his IVC filter?
- Has Plaintiff ever smoked tobacco products?
- In which court was Plaintiff's lawsuit/claim filed or initiated?

\*     \*     \*

As of the date of this Motion, no Plaintiff subject to the Motion has provided a "substantially complete" PPS, as required by this Court's Order. CMO No. 4, ¶ 1(b). Moreover, 122 Plaintiffs have failed to verify any PPS they have submitted, and 122 Plaintiffs have failed to provide signed medical authorizations. In total, 138 Plaintiffs have provided egregiously deficient PPS submissions, despite repeated opportunities to cure the deficiencies. This systematic failure to serve substantially complete PPS submissions not only flies in the face of the Court's mandate in CMO No. 4, but it costs Cook valuable time and money in its efforts to ensure compliance with this basic discovery obligation.

5

WHEREFORE, Cook respectfully requests that these matters be dismissed *with prejudice*, and for all other just and appropriate relief, including *fees and costs* associated with bringing this Motion.

Respectfully submitted,

Dated: February 1, 2022

/s/ *Kip S.M. McDonald*
Andrea Roberts Pierson (# 18435-49)
Jessica Benson Cox (# 26259-49)
Kip S.M. McDonald (# 29370-49)
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:   (317) 237-1000
Email:  Andrea.Pierson@FaegreDrinker.com
            Jessica.Cox@FaegreDrinker.com
            Kip.McDonald@FaegreDrinker.com

*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2022, a copy of the foregoing was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

          /s/ *Kip S.M. McDonald*