# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:

All Plaintiffs identified in Exhibit A [Dkt. No. 20996-1]
to the Cook Defendants' Motion to Dismiss for Failure to Cure
PPS Deficiencies [Dkt. No. 20996]

## MOTION TO MAINTAIN UNDER SEAL EXHIBITS B THROUGH F TO THE COOK DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO CURE PPS DEFICIENCIES

Pursuant to Local Rule 5-11(d)(2)(A), the Cook Defendants[1] respectfully move the Court

to maintain under seal **Exhibits B through F [Dkt. Nos. 20997 and 20997-1 through 20997-4]**

to the Cook Defendants' Motion to Dismiss for Failure to Cure PPS Deficiencies [Dkt. No.

20996] in order to protect the below identified Plaintiffs' interests in their medical privacy. In

support of this motion, the Cook Defendants state:

### LEGAL STANDARD

1.      Under Federal Rule of Civil Procedure 26(c)(1)(G), the court may, "for good

cause," enter an order "requiring that a trade secret or other confidential research, development,

or commercial information not be revealed or be revealed only in a specified way." *See also*

*Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002) (documents

that "meet the definition of trade secret or other categories of bona fide long-term

confidentiality" may be sealed). Likewise, private health information should be maintained

---

[1]   The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants" or "Cook").

under seal for good cause at least until consent by the patient is obtained to protect the patient's interest in medical privacy. *See generally Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017).

2. **Medical Privacy –** With respect to medical information, courts in the Seventh Circuit have routinely recognized that, while parties' medical information may be made public where it is relevant to the claims at issue and/or necessary to the disposition of the case, other information may be kept under seal with good cause. *See Westedt v. Franklin,* 2016 WL 2997504, at *1 (E.D. Wis. May 23, 2016); *Gibson v. Milwaukee Cnty.*, 2015 WL 12964665, at *1 (E.D. Wis. Mar. 26, 2015); *Noe v. Carlos,* 2008 WL 5070463, at *3 (N.D. Ind. Nov. 26, 2008). The good cause inquiry thus requires balancing a party's acknowledged interest in medical privacy, *see Whalen v. Roe*, 429 U.S. 589, 599-600 (1977), against the Court's (and the parties') interest in the accurate resolution of the conflict and the public interest in transparency. *Cole,* 2017 WL 2929523, at *3. Private health information should be maintained under seal at least until consent by the patient is obtained to protect the patient's interest in medical privacy. *See generally id.* at *3.

3. The "good cause" standard under Rule 26(c) "requires a balancing of the potential harm to the litigants' interests against the public's right to obtain information concerning judicial proceedings." *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 415-16 (S.D. Ind. 2001) (Baker, J.); *see also Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003) ("The rule essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding annoyance, embarrassment, oppression, or undue burden or expense.") (Baker, J.). Consistent with the doctrine discussed earlier, however, "the presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district

- 2 -

court's resolution'; other materials that may have crept into the record are not subject to the presumption." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (citing *Baxter Int'l*, 297 F.3d at 548)).

## DOCUMENTS SOUGHT TO BE SEALED

4.      **Exhibit B [Dkt. No. 20997]** and **Exhibit C [Dkt. No. 20997-1]** contain the Plaintiff Profile Sheet submissions for Plaintiff Lynn Lamp.  These exhibits constitute medical privacy documents because they contain details concerning Plaintiff Lamp's private medical care.  Accordingly, these exhibits should be maintained under seal to protect the medical privacy of Plaintiff Lamp.

5.      **Exhibit D [Dkt. No. 20997-2]**, **Exhibit E [Dkt. No. 20997-3]**, and **Exhibit F [Dkt. No. 20997-4]** contain the Plaintiff Profile Sheet submissions for Plaintiff Jasper Adell.  These exhibits constitute medical privacy documents because they contain details concerning Plaintiff Adell's private medical care.  Accordingly, these exhibits should be maintained under seal to protect the medical privacy of Plaintiff Adell.

## DISCUSSION

6.      **Exhibit B [Dkt. No. 20997]** and **Exhibit C [Dkt. No. 20997-1]** contain documents and information on Plaintiff Lynn Lamp's medical care and treatment.

7.      Similarly, **Exhibit D [Dkt. No. 20997-2]**, **Exhibit E [Dkt. No. 20997-3]**, and **Exhibit F [Dkt. No. 20997-4]** contain documents and information on Plaintiff Jasper Adell's medical care and treatment.

8.      As set forth above, courts in the Seventh Circuit have routinely recognized that, while parties' medical information may be made public where it is relevant to the claims at issue and/or necessary to the disposition of the case, other information may be kept under seal with

- 3 -

good cause.  *See Westedt,* 2016 WL 2997504, at *1; *Gibson,* 2015 WL 12964665, at *1; *Noe,* 2008 WL 5070463, at *3. The good cause inquiry thus requires balancing a party's acknowledged interest in medical privacy, *see Whalen,* 429 U.S. at 599–600, against the Court's (and the parties') interest in the accurate resolution of the conflict and the public interest in transparency. *Cole,* 2017 WL 2929523, at *3. Private health information should be maintained under seal at least until consent by the patient is obtained to protect the patient's interest in medical privacy. *See generally id.* at *3.

9.      **Exhibit B [Dkt. No. 20997], Exhibit C [Dkt. No. 20997-1], Exhibit D [Dkt. No. 20997-2], Exhibit E [Dkt. No. 20997-3], and Exhibit F [Dkt. No. 20997-4]** contain private medical and health information regarding Plaintiffs Lynn Lamp and Jasper Adell.

10.     Out of an abundance of caution, the Court should permit these exhibits to be filed and maintained ***under seal*** for good cause until these respective plaintiffs consent to what should be disclosed.

11.     A proposed order granting this Motion has been filed with this Motion**.**

WHEREFORE, the Cook Defendants respectfully urge the Court to enter an order granting the Cook Defendants leave to file under seal and maintaining under seal **Exhibits B through F [Dkt. Nos. 20997 and 20997-1 through 20997-4]** to the Cook Defendants' Motion to Dismiss for Failure to Cure PPS Deficiencies [Dkt. No. 20996].

- 4 -

Respectfully submitted,

Dated:  February 3, 2022

*/s/ Kip S.M. McDonald*

Andrea Roberts Pierson (# 18435-49)
Jessica Benson Cox (# 26259-49)
Kip S.M. McDonald (# 29370-49)
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
Email:
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com
Kip.McDonald@FaegreDrinker.com

*Counsel for the Defendants Cook Incorporated,
Cook Medical LLC (f/k/a Cook Medical
Incorporated), and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2022, a copy of the foregoing **MOTION TO MAINTAIN UNDER SEAL EXHIBITS B THROUGH F TO THE COOK DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO CURE PPS DEFICIENCIES** was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

*/s/ Kip S.M. McDonald*

US.136651495.03