UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Williams, Joe B., 1:22-cv-00045

## DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF JOE B. WILLIAMS'S CASE PURSUANT TO CMO-28

Under Fed. R. Civ. P. 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case as time-barred under Texas's statute of repose.

1. Plaintiff's Name:  Joe B. Williams

2. Case Number:  1:22-cv-00045

3. Case Origin:  Filed in the Southern District of Indiana

4. Plaintiff's Home State per Complaint: Texas (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. Applicable Statute of Repose:  Texas (15 years), Tex. Civ. Prac. & Rem. Code Ann. § 16.012(b) ("Except as provided by Subsections (c), (d), and (d-1), a claimant must commence a product liability action against a manufacturer or seller of a product before the end of 15 years after the date of the sale of the product by the defendant")

6. Placement Date (latest possible date of sale):  January 13, 2005 (*see* Plaintiff's Amended Short-Form Complaint, ¶ 11)

7. Date Case was Filed:  January 7, 2022

8. Time Between Filter Placement and Filing: 16 years, 11 months, 25 days

## BRIEF ARGUMENT

Texas law bars Plaintiff's claims because he filed his case more than 15 years after the initial sale of his IVC filter, a sale that could not have occurred any later than the date of the filter's placement. Under the Court's prior orders addressing the Texas statute of repose, all of Plaintiff's claims are barred. *See* Dkt. 4918 at 13-15 (dismissing all of the Texas plaintiff's claims and rejecting her express warranty argument); Dkt. 14426 (same); Dkt. 18667 (same); *see also Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867-68 (Tex. 2009) (explaining generally that under Texas law "statutes of repose create a substantive right to be free from liability after a legislatively determined period" and "thus represent[] the Legislature's considered judgment as to the inadequacy of the traditional statutes of limitations for some types of claims."); Dkt. 15907 (granting summary judgment on fraudulent concealment allegations in the Master Complaint).

Texas's statute of repose contains an exception that permits a plaintiff to commence an action more than 15 years after the sale of the product "[i]f the manufacturer or seller expressly warrants in writing that the product has a useful safe life of longer than 15 years." Tex. Civ. Prac. & Rem. Code Ann. § 16.012(c). This express-warranty exception does not apply here. This Court has held that Plaintiffs' Master Complaint fails to adequately plead an express warranty claim under Texas law, and Plaintiff has not pled any additional facts in the Short-Form Complaint in support of this claim. *See* Dkt. 4918 at 13-15 (finding that Plaintiffs' Master Complaint fails to adequately plead an express warranty claim under Texas law); *Morris v. Adolph Coors Co.*, 735 S.W.2d 578, 587 (Tex. App. 1987) (holding that an express warranty claim under Texas law requires plaintiff to establish that an express affirmation of fact or

promise "became a part of the basis of the bargain" and that "the plaintiff relied upon said affirmation of fact or promise," among other elements).

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

Dated:  February 7, 2022

/s/ *Andrea Roberts Pierson*
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2022, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF JOE B. WILLIAMS'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

*/s/ Andrea Roberts Pierson*