UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Case:
Gonzalez, Rosalinda O., 1:20-cv-03133

**COOK DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF ROSALINDA GONZALEZ'S CASE PURSUANT TO CMO-28**

Under Fed. R. Civ. P. 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges as her injury symptomatic filter perforation of the caval wall that was diagnosed during an open surgery to remove her IVC filter.

1. Plaintiff's Name:  Rosalinda Gonzalez[1]

2. Case Number:  1:20-cv-03133

3. Case Origin:  Filed in the Southern District of Indiana on December 4, 2020

4. Plaintiff's Home State per Complaint: Texas (Plaintiff's current residence, location of injury, and residence at time of filter placement).

5. Applicable Choice of Law Rules:  Texas

6. Applicable Statute of Limitations:  Texas (2 years), Tex. Code Civ. Prac. & Remedies, § 16.003 ("[A] person must bring suit for … personal injury … no later than two years after the cause of action accrues.").

7. Filter Placement Date:  October 7, 2014

8. Latest Possible Date of Accrual:  November 29, 2018 (*see* Case Categorization Form and accompanying medical records, attached as **Exhibit A** and filed under seal noting that Plaintiff had "multiple complaints of back pain and abdominal

---

[1] Cook refers to Ms. Gonzalez as "Plaintiff" due to the singular language used in the structure of the Short-Form Complaint.  Plaintiff's spouse, Francisco Gonzalez, is a Co-Plaintiff on a loss-of-consortium claim, and this motion seeks dismissal of his derivative claims as well.

- 1 -

pain" and underwent "an IVC filter removal in an open fashion because of displacement and engagement of the hook of the IVC filter into a lumbar vein").[2]

9. <u>Length of time Between Filter Placement and Filing</u>:  6 years, 1 month, 27 days

10. <u>Length of Time Between Claim Accrual and Filing</u>:  2 years, 4 months, 26 days

**BRIEF ARGUMENT**

Texas law bars Plaintiff's personal injury claims because she filed her case more than two years after she presented to the hospital with back and abdominal pain, was diagnosed with a perforating IVC filter, and underwent an open-removal surgery to retrieve the filter.  *See supra*, ¶¶ 3, 8, 10.  Texas recognizes a "very limited" discovery rule.  *See Pavich v. Zimmer, Inc.*, 157 F.3d 903, at *2 (5th Cir. 1998) (table) (citing *Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996)).  Under Texas law, "[t]he discovery rule applies in cases where 'the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable.'"  *Rosman v. Zimmer Dental, Inc.*, 2018 WL 2335358, at *2 (S.D. Tex. Mar. 1, 2018) (quoting *Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1996)).  A plaintiff need not discover all the elements of a cause of action for the limitations period to begin; rather, Texas's "discovery rule speaks only of discovery of the injury."  *Coody v. A.H. Robins Co., Inc.*, 696 S.W.2d 154, 156 (Tex. Ct. App. 1985).

Here, Plaintiff's action accrued no later than November 29, 2018, when Plaintiff presented to the hospital with pain, was diagnosed with a perforating IVC filter, and underwent an open surgery to retrieve the filter.[3]  *See* Ex. A; *see also Shepherd v. Danek Med., Inc.*, 1999 WL

---

[2] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion.  *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").

[3] In her Case Categorization Form, Plaintiff categorizes her injury as a symptomatic perforation, noting "abdominal pain [and] shortness of breath."  *See* Ex. A.  Plaintiff supports her categorization with a medical record showing Plaintiff underwent an open-removal surgery on November 29, 2018.  The fact Plaintiff underwent an open-removal surgery is sufficient to trigger the running of the limitations period by itself,

1129705, at *1 (S.D. Tex. Aug. 13, 1999) (holding that "any arguable application of the 'discovery rule' would terminate upon removal of [the device at issue]."); *Pavich*, 157 F.3d at *2. At that time, Plaintiff undisputedly had "acquired knowledge of facts, which in the exercise of reasonable diligence, would lead to the discovery of [her] injury." *Pavich*, 157 F.3d at *2. Plaintiff's personal injury claims are untimely. *See* Dkt. 18365.

Plaintiff's implied warranty claim is also time-barred under Texas's four-year statute of limitations, which is measured from the date of delivery. *See* Tex. Bus & Comm. Code Ann. § 2.725. Here, Plaintiff filed this action more than six years after receiving her filter. *See* ¶¶ 3, 7, 9.

Plaintiff's consumer protection and express warranty claims fail as well. The Court has concluded these claims are not adequately pled in the Master Complaint. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims. Thus, Plaintiff has failed to plead a viable state consumer-protection claim or a viable express warranty claim. Plaintiff's claim for punitive damages and Mr. Gonzalez's loss-of-consortium claim fails as derivative.[4]

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

regardless of whether Plaintiff pled such an injury in her categorization form. *See* Dkt. 18365 (dismissing claims under Indiana and Arizona law because "Plaintiff necessarily knew at the time of her open removal surgery in May 2011 that there was an issue with her IVC filter"); *see also In re Mirena IUD Prods. Liab. Litig.*, 29 F. Supp. 3d 345, 356 (S.D.N.Y. 2014) (explaining that Indiana law and Texas law are similar and "neither of which requires a plaintiff to discover what cause of action she can assert"). Plaintiff's presentation to the hospital with pain, her diagnosis of a perforating filter prior to the surgery, and her treating physicians' attribution of her pain to the filter, all apparent on the face of her categorization form, *see* Ex. A, only strengthens the conclusion that Plaintiff's personal injury claims are time-barred. *See Pavich*, 157 F.3d at *2.

[4] Cook notes that Plaintiffs have not checked the box for a loss-of-consortium claim on Plaintiff's Short-Form Complaint. *See* Pl.'s Short-Form Complaint at ¶ 14. However, because the Short-Form Complaint lists Mr. Gonzalez as a "spouse or other party making [a] loss of consortium claim," *id.* at ¶ 2, the present motion assumes that Mr. Gonzalez is pursuing such a claim.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  February 7, 2022 | /s/ *Jessica Benson Cox* |
|  | Jessica Benson Cox |
|  | Andrea Roberts Pierson |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 300 North Meridian Street, Suite 2500 |
|  | Indianapolis, Indiana  46204 |
|  | Telephone:  (317) 237-0300 |
|  | Andrea.Pierson@FaegreDrinker.com |
|  | Jessica.Cox@FaegreDrinker.com |
|  |  |
|  | James Stephen Bennett |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 110 West Berry Street, Suite 2400 |
|  | Fort Wayne, Indiana  46802 |
|  | Telephone:  (260) 424-8000 |
|  | Stephen.Bennett@FaegreDrinker.com |
|  |  |
|  | *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2022, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF ROSALINDA GONZALEZ'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*