UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                    No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                      MDL No. 2570

_____

This Document Relates to the Following Cases:

Jean Michelle Moeders, 1:20-cv-00169

_____

## ORDER FOR ADDITIONAL BRIEFING

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiff Jean Michelle Moeders's case. Specifically, the Cook Defendants argue Plaintiff's claims are time-barred under Oregon's statute of repose. Plaintiff responds that Nevada law applies to this case, and under Nevada law, there is no statute of repose. Therefore, her claims are timely.

Plaintiff was implanted with a Cook Celect Vena Cava Filter on June 12, 2006, at Desert Springs Hospital in Las Vegas, Nevada. (1:20-cv-00169, Filing No. 1, Short Form Compl. ¶¶ 11-12). According the complaint, she is a current resident of Oregon and resided in Oregon at the time of her injury and filter placement. (*Id.*, ¶¶ 4-6). She listed the United States District Court of Oregon as the federal district where filing would have

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

1

been proper absent the MDL. (*Id.* ¶ 7). She direct-filed her Short Form Complaint in the Southern District of Indiana on January 16, 2020.

At the time this motion was filed, the court's choice-of-law rulings were in effect, meaning that direct-filed cases filed outside a certain window of time—May 31, 2017 to June 13, 2019—would be subject to Indiana choice-of-law rules. Consequently, because Plaintiff's case was filed outside that window, the Cook Defendants argued that Indiana's choice-of-law rules applied. But given the Seventh Circuit's recent decision in *Looper v. Cook, Inc.*, the court finds Oregon choice-of-law rules apply. 20 F.4th 387, 389 (7th Cir. 2021) (holding "Cook implicitly consented to using choice-of-law rules for these plaintiffs as if they had filed in their home states")).

Oregon has a specific set of rules for product-liability actions. Or. Rev. Stat. § 15.435. Under those rules, Oregon law applies if, at the time of the injury, the plaintiff was domiciled in Oregon and the place of the injury was in Oregon. *Id.* § 15.435(1)(a). Plaintiff satisfies those requirements.

But there are two exceptions to the general rule set forth in § 15.435(1)(a). Based on Plaintiff's Response, it appears the second exception could be at issue. Under that exception, the law of the other state applies "[i]f a party demonstrates that the application of the law of a state other than Oregon to a disputed issue is substantially more appropriate under the principle of ORS 15.445. " Pursuant to that statutory section, the most appropriate law is determined by:

> (1) Identifying the states that have a relevant contact with the dispute, such as the place of the injurious conduct, the place of the resulting injury, the

domicile, habitual residence or pertinent place of business of each person, or the place in which the relationship between the parties was centered;

(2) Identifying the policies embodied in the laws of these states on the disputed issues; and

(3) Evaluating the relative strength and pertinence of these policies with due regard to:

> (a) The policies of encouraging responsible conduct, deterring injurious conduct and providing adequate remedies for the conduct; and
> (b) The needs and policies of the interstate and international systems, including the policy of minimizing adverse effects on strongly held policies of other states.

Because the parties have not had an opportunity to address the application of Oregon's choice-of-law rules to Plaintiff's case, the court requests additional briefing on whether the second exception under Oregon law applies. The Cook Defendants' brief is due by **March 7, 2022**, and the Plaintiff's response brief is due by **March 28, 2022**.

**SO ORDERED** this 7th day of February 2022.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.