UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Daniel Baker, 1:20-cv-00487 & 1:20-cv-06167
Robert Bryant, 1:19-cv-04599 & 1:20-cv-06156
Kathleen Schneibel-Gillick and James Morris,
   1:20-cv-00187 & 1:20-cv-06168
Betty McCoy, 1:19-cv-04075 & 1:19-cv-06101

**ORDER ON THE COOK DEFENDANTS' MOTION FOR
RECONSIDERATION OF THE COURT'S ORDER GRANTING
PLAINTIFFS' MOTION TO DISMISS DUPLICATIVE COMPLAINTS and THE
COOK DEFENDANTS' MOTION TO DISMISS DUPLICATIVE FILINGS**

On October 29, 2019, the court held that Indiana law applied to all MDL actions filed directly in the Southern District of Indiana. (Filing No. 12256). The court tempered that ruling on February 24, 2020, and on May 29, 2020. Those Orders held that foreign direct-filed[1] cases filed within a certain window of time—May 31, 2017 to June 13, 2019—would be treated as if a direct-filing order had been entered as of the time of their filing and would be governed by the choice-of-law rule of the plaintiffs' home

---

[1] The term "direct-filed" means the Plaintiffs joined the MDL by filing directly in the Southern District of Indiana rather than filing in their home districts and waiting for the Judicial Panel on Multidistrict Litigation to transfer their cases here.

1

jurisdiction. (Filing Nos. 12931, 13539). Foreign direct-filed cases filed outside the window would not; they would be subject to Indiana law.

The Plaintiffs herein, Daniel Baker, Robert Bryant, Kathleen Schneibel-Gillick, and James Morris, filed their cases in this district *after* June 13, 2019. Realizing their cases were filed outside the window identified in the court's Choice-of-Law Orders, they filed new cases in their home jurisdiction, the Northern District of New York. Those cases were then transferred here by the Judicial Panel on Multidistrict Litigation ("JPML"), leaving the Plaintiffs with duplicative filings in the MDL. At this juncture the court notes that the statute of limitations in New York is three years, *see* CPLR § 214-c, while the statute of limitations in Indiana is two years, Ind. Code § 34-20-3-1.

On July 23, 2020, Plaintiffs moved to dismiss their first-filed cases without prejudice. On August 13, 2020, the court granted the motion. (Filing No. 13994). Unaware that the Plaintiffs' motion had been filed, on August 10, 2020, the Cook Defendants[2] filed a competing Motion to Dismiss Duplicative Filings, seeking to dismiss the *second*-filed case. (Filing No. 13956). If the court were to dismiss Plaintiffs' second-filed cases, as the Cook Defendants request, Plaintiffs' first-filed motions would be subject to Indiana law pursuant to the court's choice-of-law rulings.

The court will address the Cook Defendants' Motion for Reconsideration and then turn to their Motion to Dismiss Duplicative Filings. The Motion to Dismiss includes not

---

[2] The Cook Defendants are Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe ApS.

2

only the Plaintiffs subject to the Motion for Reconsideration but also includes Plaintiff Betty McCoy.

### *Motion for Reconsideration*

The Cook Defendants ask the court to reconsider its ruling on Plaintiffs' Motion to Dismiss Duplicative Filings, arguing that "[a]llowing Plaintiff to subvert the Court's Orders encourages duplicate filings and would open the floodgates to similar subversion." Given the Seventh Circuit's ruling in *Looper v. Cook Inc., et al.*, 20 F.4th 387 (7th Cir. 2021), the Cook Defendants' objection is no longer valid.

Like the Plaintiffs herein, the *Looper* plaintiffs direct-filed their cases in this MDL outside the May 31, 2017—June 13, 2019 window. The Cook Defendants moved to dismiss based on Indiana's statute of limitations, and the court granted their motion. *Id.* at 389. The Seventh Circuit reversed, holding that the Cook Defendants had implicitly consented to using the choice-of-law rules for the plaintiffs as if they had filed their lawsuits in their home states. *Id.* at 394 (finding evidence of consent "includes the provisions for so-called short form complaints, earlier litigation over the same issue in other cases in the MDL . . . , and case management orders reflecting the importance and value of direct filing"). Because the plaintiffs' home states have three-year statutes of limitations, the court of appeals held their "cases are governed by the law of their originating jurisdictions and are timely." *Id.* at 399.

The *Looper* decision means Plaintiffs did not need to re-file their cases in their home jurisdictions to preserve the choice-of-law rules of New York, but of course, that decision came long after Plaintiffs re-filed their cases in the Northern District of New

York. At any rate, because Plaintiffs each had two identical civil actions filed in this MDL, the court was correct to grant Plaintiffs' Motion to Dismiss Duplicative Complaints. The Cook Defendants' Motion for Reconsideration is therefore **DENIED**.

### *Motion to Dismiss Duplicative Filings*

Based on the court's ruling above, the Cook Defendants' competing Motion to Dismiss Duplicative Filings is **DENIED** with respect to Plaintiffs Baker, Bryant, Schneibel-Gillick, and Morris.

Plaintiff McCoy direct-filed her case in this district on September 30, 2019, which is outside the May 31, 2017—June 13, 2019 window. After she learned of the court's October 29, 2019 Order, she filed an identical case in the Western District of North Carolina on October 30, 2019. The statute of limitations for products liability claims in North Carolina is three years. N.C. Gen. Stat. Ann. § 1-52. She concedes she learned of her injury "sometime in October 2016," (*see* Filing No. 14054 at 4); therefore, her second-filed case is likely barred by North Carolina's statute of limitations.

Because the *Looper* court held that Cook consented to the application of the originating state's choice-of-law rules, Plaintiff McCoy's first-filed case is subject to North Carolina's choice-of-law rules and shall remain in this MDL. Plaintiff McCoy's second-filed case, 1:19-cv-06101, shall be **dismissed**. The Cook Defendants' Motion to Dismiss Plaintiff's second-filed action is therefore **DENIED**.

### *Conclusion*

For the reasons set forth above, the Cook Defendants' Motion for Reconsideration

(Filing No. 14006) is **DENIED**, and the Cook Defendants' Motion to Dismiss Duplicative Filings (Filing No. 13956) is **DENIED**.

**SO ORDERED** this 7th day of February 2022.

						_____
						RICHARD L. YOUNG, JUDGE
						United States District Court
						Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.