UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Henderson, Samuel Charles - 1:21-cv-01185

**DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF SAMUEL HENDERSON'S CASE PURSUANT TO CMO-28**

Under Federal Rule of Civil Procedure 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment on the pleadings in Plaintiff's case as time barred under the North Carolina statute of repose.

1. Plaintiff's Name: Samuel Charles Henderson

2. Case Number: 1:21-cv-01185

3. Filing Jurisdiction: Southern District of Indiana

4. Plaintiff's Home State per Complaint: North Carolina (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. Applicable Choice of Law Rules: North Carolina

6. Applicable Statutes of Repose: North Carolina, N.C. Gen. Stat. § 1-50(a) ("No action for the recovery of damages for personal injury, death, or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of the initial purchase for use or consumption.") (repealed prospectively only).

7. Filter Placement Date (latest possible date of purchase): December 24, 2008 (*see* Plaintiff's Short Form Complaint, ¶ 11)

8. Filing Date: May 12, 2021

1

9.  <u>Length of Time Between Purchase and Filing</u>:  12 years, 4 months, 18 days

## BRIEF ARGUMENT

Plaintiff's claims are time-barred under North Carolina's pre-2009 six-year statute of repose for product liability actions.¹  *See* N.C. Gen. Stat. § 1-50(a) (2008).  Although the North Carolina legislature extended the repose period to 12 years effective October 1, 2009, *see* N.C. Gen. Stat. § 1-46-1 (2010) (identical statutory text, with repose period of 12 years), the new 12-year repose period "applies to causes of action that accrue on or after" October 1, 2009.  *Robinson v. Bridgestone/Firestone N. Am. Tire, L.L.C.*, 703 S.E.2d 883, 886-87 (N.C. 2011).  Therefore, as this Court held in the *Amey* case, Plaintiff is not entitled to the benefit of the extended 12-year repose period.  *See* Dkt. 20384 at 1-2 (holding that North Carolina's six-year statute of repose applies to all claims involving filters sold before October 1, 2009, regardless of when the claimed injury occurred).²

Although his claims are governed by the six-year statute of repose, Plaintiff received his filter on December 24, 2008, but he did not file his action until June 8, 2021, more than 12 years later.  Thus, Plaintiff's claims are untimely under either version of the statute of repose.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

¹ North Carolina's statute of repose completely bars all claims alleging personal injury from a product no matter how the claim is styled or pled.  *See Nat'l Prop. Inv'rs, VIII v. Shell Oil Co.*, 950 F. Supp. 710, 713 (E.D.N.C. 1996) ("All product liability claims, regardless of their nature, are subject to this statute."); *see also* Dkt. 15084 (granting judgment on the pleadings on North Carolina and Texas statute of repose grounds).  Put simply, a statute of repose containing "'no action language' bars 'all claims. . . .'" *Braswell v. Colonial Pipeline Co.*, 395 F. Supp.3d 641, 648 (M.D.N.C. 2019) (quoting *Hodge v. Harkey*, 631 S.E.2d 445, 449 (N.C. 1999)).

² *See also Cramer v. Ethicon, Inc.*, 2021 WL 243872, at *4 (W.D.N.C. Jan. 25, 2021) ("courts applying North Carolina law have consistently applied [the] six-year statute of repose in cases where the product in question was first purchased or delivered, as here, before October 1, 2009."); *Lackey v. DePuy Orthopedics*, WL 2791264, at *3 (W.D.N.C. July 14, 2011) (applying six-year statute of repose in hip case because it "was in effect at the time Plaintiff purchased the allegedly defective product.")); *Ferro v. Vol Vo Penta of the Americas, LLC*, 2017 WL 3710071, *2 (E.D.N.C. Aug. 28, 2017) *In re Elk Cross Timbers Decking Mktg.*, 2015 WL 6467730, at *10-11 (D.N.J. Oct. 26, 2016) (applying North Carolina law).

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  February 10, 2022 | /s/ *Jessica Benson Cox* |
|  | Jessica Benson Cox, Co-Lead Counsel |
|  | Andrea Roberts Pierson |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 300 North Meridian Street, Suite 2500 |
|  | Indianapolis, Indiana  46204 |
|  | Telephone:  (317) 237-0300 |
|  | Andrea.Pierson@FaegreDrinker.com |
|  | Jessica.Cox@FaegreDrinker.com |
|  |  |
|  | James Stephen Bennett, Co-Lead Counsel |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 110 West Berry Street, Suite 2400 |
|  | Fort Wayne, Indiana  46802 |
|  | Telephone:  (260) 424-8000 |
|  | Stephen.Bennett@FaegreDrinker.com |
|  |  |
|  | *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2022, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF SAMUEL HENDERSON'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.


/s/ *Jessica Benson Cox*

3