UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Allen, Wanda - 1:19-cv-01325

**DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF WANDA ALLEN'S CASE PURSUANT TO CMO-28**

Under Federal Rule of Civil Procedure 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment on the pleadings in Plaintiff's case as time barred under the North Carolina statute of repose.

1. Plaintiff's Name:  Wanda Allen

2. Case Number:  1:19-cv-01325

3. Filing Jurisdiction:  Southern District of Indiana

4. Plaintiff's Home State per Complaint: North Carolina (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. Applicable Choice of Law Rules:  North Carolina

6. Applicable Statutes of Repose:  North Carolina, N.C. Gen. Stat. § 1-50(a) ("No action for the recovery of damages for personal injury, death, or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of the initial purchase for use or consumption.") (repealed prospectively only).

7. Filter Placement Date (latest possible date of purchase):  March 10, 2008 (*see* Plaintiff's Short Form Complaint, ¶ 11)

8. Filing Date:  April 2, 2019

        9.      <u>Length of Time Between Purchase and Filing</u>:  11 years, 0 months, 23 days

## BRIEF ARGUMENT

Plaintiff's claims are time-barred under North Carolina's pre-2009 six-year statute of repose for product liability actions.[1]  *See* N.C. Gen. Stat. § 1-50(a) (2008).  Although the North Carolina legislature extended the repose period to 12 years effective October 1, 2009, *see* N.C. Gen. Stat. § 1-46-1 (2010) (identical statutory text, with repose period of 12 years), the new 12-year repose period "applies to causes of action that accrue on or after" October 1, 2009.  *Robinson v. Bridgestone/Firestone N. Am. Tire, L.L.C.*, 703 S.E.2d 883, 886-87 (N.C. 2011).  Plaintiff therefore is not entitled to the benefit of the extended 12-year repose period.

In the *Amey* case, this Court ruled that North Carolina's six-year statute of repose applies to all claims involving filters sold before October 1, 2009, regardless of when the claimed injury occurred.  *See* Dkt. 20384 at 1-2 (explaining that the six-year statute of repose applied because the plaintiff received his filter in July 2009, even though plaintiff claimed that his injury did not occur until September 2019).  The Court's ruling follows the holdings of multiple cases applying North Carolina law, including the *Cramer* and *Lackey* cases cited by the Court.  *See id.* (citing *Cramer v. Ethicon, Inc.*, 2021 WL 243872, at *4 (W.D.N.C. Jan. 25, 2021) ("courts applying North Carolina law have consistently applied [the] six-year statute of repose in cases where the product in question was first purchased or delivered, as here, before October 1, 2009.") and *Lackey v. DePuy Orthopedics*, WL 2791264, at *3 (W.D.N.C. July 14, 2011) (applying six-year statute of repose in hip case because it "was in effect at the time Plaintiff purchased the allegedly

---

[1] North Carolina's statute of repose completely bars all claims alleging personal injury from a product no matter how the claim is styled or pled.  *See Nat'l Prop. Inv'rs, VIII v. Shell Oil Co.*, 950 F. Supp. 710, 713 (E.D.N.C. 1996) ("All product liability claims, regardless of their nature, are subject to this statute."); *see also* Dkt. 15084 (granting judgment on the pleadings on North Carolina and Texas statute of repose grounds).  Put simply, a statute of repose containing "'no action language' bars 'all claims. . . .'"  *Braswell v. Colonial Pipeline Co.*, 395 F. Supp.3d 641, 648 (M.D.N.C. 2019) (quoting *Hodge v. Harkey*, 631 S.E.2d 445, 449 (N.C. 1999)).

2

defective product.")); *see also Ferro v. Vol Vo Penta of the Americas, LLC*, 2017 WL 3710071, *2 (E.D.N.C. Aug. 28, 2017) (addressing claims based on used boat purchased in June 2007 and replacement engine parts purchased July 2008, August 2009, June 2011, and June 2013, holding that "[t]he 2008 and 2009 purchases each accrued before October 2009, are subjected to the six-year statute of repose, and are therefore time-barred."); *In re Elk Cross Timbers Decking Mktg.*, 2015 WL 6467730, at *10-11 (D.N.J. Oct. 26, 2016) ("The plain language of § 1-46.1 does not comport with Plaintiffs' view of when the cause of action 'accrued' in this case" because the plaintiff had purchased his deck in 2007 and "the statute in effect at the time of his purchase applies.") (applying North Carolina law).

Here, all of Plaintiff's claims are time-barred as a matter of North Carolina law because she received her filter on March 10, 2008—while the six-year statute of repose was still in effect—but she did not file her action until April 2, 2019, more than 11 years later. *See* Dkt. 20384 (*Amey*); *Cramer*, 2021 WL 243872, at *4; *Lackey*, WL 2791264, at *3; *Ferro*, 2017 WL 3710071, *2; *In re Elk Cross Timbers Decking Mktg.*, 2015 WL 6467730, at *10-11.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

Dated: February 10, 2022

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2022, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF WANDA ALLEN'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*