UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Case:

Davis, Donald L., 1:19-cv-00592

**COOK DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF DONALD L. DAVIS'S CASE PURSUANT TO CMO-28**

Under Fed. R. Civ. P. 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges as his injury an open surgery to remove a filter that migrated to his right ventricle.

1. Plaintiff's Name:  Donald L. Davis[1]

2. Case Number:  1:19-cv-00592

3. Case Origin:  Filed in the Southern District of Indiana

4. Date Complaint was Filed:  February 8, 2019

5. Plaintiff's Home State per Complaint: Montana (Plaintiff's current residence, location of injury, and residence at time of filter placement).

6. Applicable Choice of Law Rules:  Montana

7. Applicable Statute of Limitations:  Montana (3 years), Mont. Code Ann. § 27-2-204 ("[T]he period prescribed for the commencement of an action upon a liability not founded upon an instrument in writing is within 3 years.").

8. Filter Placement Date:  September 3, 2007

---

[1] Cook refers to Mr. Davis as "Plaintiff" due to the singular language used in the structure of the Short-Form Complaint.  Plaintiff's spouse, Lynda L. Davis, is a Co-Plaintiff on a loss-of-consortium claim, and this Motion seeks dismissal of her derivative claims as well.

9. <u>Latest Possible Date of Accrual</u>:  September 25, 2007 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting: "Removal of inferior vena cava filter in right ventricle.").

10. <u>Length of Time Between Claim Accrual and Filing</u>:  11 years, 4 months, 14 days

11. <u>Length of Time Between Placement and Filing</u>:  11 years, 5 months, 5 days

Montana law bars Plaintiff's personal injury claims because he filed his case more than three years after an open surgery to remove a filter that migrated to his right ventricle.  *See supra*, ¶¶ 3, 9-10.  Under Montana law, "[t]he discovery rule provides that a limitations period does not begin until the party discovers, or in the exercise of reasonable diligence would have discovered, the facts constituting the claim."  *Draggin' Y Cattle Co., Inc. v. Addink*, 312 P.3d 451, 456 (Mont. 2013).  "[T]he plaintiff need not have actual and complete knowledge of the facts constituting the claim in order for the claim to accrue."  *Christian v. Atl. Richfield Co.*, 358 P.3d 131, 153 (Mont. 2015).  Rather, "the claim accrues when the plaintiff is given notice or information that would prompt a reasonable person to conduct further inquiry."  *Id.*

This Court has held that a plaintiff "necessarily knew at the time of her open removal surgery . . . that there was an issue with her filter" and that this knowledge placed the plaintiff "on inquiry notice to investigate the matter further to determine whether she had an actionable claim."  Dkt. 18365 at 2-3 (dismissing claims under Indiana and Arizona law); *see also* Dkt. 18542 at 3-4 (dismissing claims under Indiana and Georgia law because plaintiff knew or should have known that a potential claim existed at the time of her open removal surgery).  This reasoning applies equally to Plaintiff's case here.  Plaintiff necessarily knew or, in the exercise of reasonable diligence, should have known of the injury he now claims at the time of the open-removal surgery.  *See Christian*, 358 P.3d at 153.  Plaintiff's personal injury claims are time-barred by over eight years.

Plaintiff's implied-warranty claim fails on the same ground. Montana law subjects implied-warranty claims to the same three-year statute of limitations discussed above. *See, e.g.*, *Gomez v. State*, 975 P.2d 1258, 1260 (Mont. 1999) (holding that implied-warranty claims sound in tort and must be commenced within three years).

Plaintiff's consumer protection and express warranty claims fail as well. The Court has ruled that these claims are not adequately pled in the Master Complaint. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims. Thus, Plaintiff has failed to plead a viable state consumer-protection claim or a viable express warranty claim. Plaintiff's claim for punitive damages and Ms. Davis's loss-of-consortium claim fail as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

Dated:  February 11, 2022 /s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2022, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF DONALD L. DAVIS'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*