UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Case:

Houff, Shiquita, 1:17-cv-04073

**COOK DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF SHIQUITA HOUFF'S CASE PURSUANT TO CMO-28**

Under Fed. R. Civ. P. 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges as her injury a failed IVC filter retrieval attempt.

1. Plaintiff's Name:  Shiquita Houff

2. Case Number:  1:17-cv-04073

3. Case Origin:  Filed in the Southern District of Indiana on November 3, 2017

4. Plaintiff's Home State per Complaint: Arkansas (Plaintiff's location of injury and residence at time of filter placement); Texas (Plaintiff's current residence)

5. Applicable Choice of Law Rules:  Texas

6. Applicable Statute of Limitations:  Texas (2 years), Tex. Code Civ. Prac. & Remedies, § 16.003 ("[A] person must bring suit for … personal injury … no later than two years after the cause of action accrues.").

7. Filter Placement Date:  March 6, 2006

8. Latest Possible Date of Accrual:  May 18, 2006 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting: "Failed attempt at removal of the Cook inferior vena cava filter.").

9. Length of Time Between Claim Accrual and Filing:  11 years, 5 months, 16 days

10. Length of Time Between Placement and Filing:  11 years, 7 months, 28 days

Texas's two-year statute of limitations applies to Plaintiff's claims. In her Short-Form Complaint, Plaintiff states the Northern District of Texas would be the proper venue absent filing in the Southern District of Indiana. Pl.'s Short-Form Compl. at ¶ 7. This means that Texas choice-of-law rules apply. *See Looper v. Cook Inc.*, 20 F.4th 387, 399 (7th Cir. 2021). Under Texas law, statutes of limitations are considered procedural and governed by the law of the forum. *Dynamic Prod., Inc. v. CIMA Energy Ltd.*, 2018 WL 180119, at *11.

Texas law bars Plaintiff's personal injury claims because she filed her case more than two years after an unsuccessful attempt to retrieve her filter.[1] *See supra*, ¶¶ 3, 9-10. Texas recognizes a "very limited" discovery rule, *see Pavich v. Zimmer, Inc.*, 157 F.3d 903, at *2 (5th Cir. 1998) (table) (citing *Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996)), which applies only "in cases where 'the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable.'" *Rosman v. Zimmer Dental, Inc.*, 2018 WL 2335358, at *2 (S.D. Tex. Mar. 1, 2018) (citation omitted). A plaintiff need not discover all elements of a cause of action for the limitations period to begin; rather, Texas's "discovery rule speaks only of discovery of the injury." *Coody v. A.H. Robins Co., Inc.*, 696 S.W.2d 154, 156 (Tex. Ct. App. 1985).

This Court has held that a failed retrieval procedure puts a plaintiff "on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights."

---

[1] Plaintiff's claims would also be time-barred under the three-year statute of limitations of Arkansas, the state she lists as her residence at the time of implant and injury. *See* Ark. Code Ann. § 16-116-203; *see also supra* ¶ 5. Under Arkansas law, "[a] cause of action accrues when the plaintiff first becomes aware of his or her condition, including both the fact of the injury and the probable causal connection between the injury and the product's use, or when the plaintiff by the exercise of reasonable diligence, should have discovered the causal connection between the product and the injuries suffered." *IC Corp. v. Hoover Treated Wood Prods., Inc.*, 385 S.W.3d 880, 883 (Ark. Ct. App. 2011) (citing *Martin v. Arthur*, 3 S.W.3d 684 (Ark. 1999). A plaintiff need not know the full extent of the harm for the limitations period to run. *Martin*, 3 S.W.3d at 690. And there need only be a probable causal connection "between the product and 'merely' the nature of the harm." *Murray v. 3M Co.*, 297 F. Supp. 3d 869, 874 (E.D. Ark. 2018).

Dkt. 18391 (dismissing case under Indiana and Ohio law). This reasoning applies equally to Plaintiff's case here. *See In re Mirena IUD Prods. Liab. Litig.*, 29 F. Supp. 3d 345, 356 (S.D.N.Y. 2014) (explaining that Indiana and Texas law are similar). Plaintiff necessarily knew or, in the exercise of reasonable diligence should have known, of the injury she now claims—a failed filter retrieval—at the time of the procedure.[2] The discovery rule does not apply, and Plaintiff's claims are time-barred by over nine years.

Plaintiff's implied warranty claim is also time-barred because Texas law subjects that claim to a four-year statute of limitations from the date of delivery, *see* Tex. Bus & Comm. Code Ann. § 2.725, and Plaintiff filed this action more than 11 years after receiving her filter. *See* ¶¶ 3, 7, 9.[3]

Plaintiff's consumer protection and express warranty claims fail as well. The Court has ruled that these claims are not adequately pled in the Master Complaint. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims. Thus, Plaintiff has failed to plead a viable state consumer-protection claim or a viable express warranty claim. Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

[2] Plaintiff's Case Categorization Form categorizes her injury as a failed retrieval but goes on to describe her injury as "Pulmonary Embolus." Ex. A. Plaintiff supports her categorization with a medical record documenting an unsuccessful retrieval attempt because the filter was embedded in the caval wall. *See id.* While the record states the reason for the exam was "Embolus," it does not show Plaintiff suffered a post-placement pulmonary embolus, and Plaintiff has not categorized such an injury. *See id.*; *see also* Dkt. 9322 at ¶ 1 (requiring Plaintiffs to submit a specific medical record evidencing the claimed injuries).

[3] Arkansas law would also bar Plaintiff's implied-warranty claim. Arkansas law subjects such claims to "the three-year statute of limitations found in the Product Liability Act . . . when damages for personal injury are sought." *Follette v. Wal-Mart Stores, Inc.*, 41 F.3d 1234, 1236 (8th Cir. 1994).

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  February 17, 2022 | /s/ *Jessica Benson Cox* |
|  | Jessica Benson Cox |
|  | Andrea Roberts Pierson |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 300 North Meridian Street, Suite 2500 |
|  | Indianapolis, Indiana  46204 |
|  | Telephone:  (317) 237-0300 |
|  | Andrea.Pierson@FaegreDrinker.com |
|  | Jessica.Cox@FaegreDrinker.com |
|  |  |
|  | James Stephen Bennett |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 110 West Berry Street, Suite 2400 |
|  | Fort Wayne, Indiana  46802 |
|  | Telephone:  (260) 424-8000 |
|  | Stephen.Bennett@FaegreDrinker.com |
|  |  |
|  | *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2022, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF SHIQUITA HOUFF'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*