UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION           MDL No. 2570

This Document Relates Only to the Following Case:

Pinder, Sherlyn, 1:18-cv-01635

**DEFENDANTS' MOTION FOR JUDGMENT IN
<u>PLAINTIFF SHERLYN PINDER'S CASE PURSUANT TO CMO-28</u>**

Under Fed. R. Civ. P. 12(c) and CMO-28, the Cook Defendants move for judgment in Plaintiff's case, which alleges as an injury the inability to retrieve her IVC filter.

1. <u>Plaintiff's Name</u>:  Sherlyn Pinder

2. <u>Case Number</u>:  1:18-cv-01635

3. <u>Filing Jurisdiction</u>:  Southern District of Indiana

4. <u>Plaintiff's Home State per Complaint</u>: Pennsylvania (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. <u>Applicable Choice of Law Rules</u>:  Pennsylvania

6. <u>Applicable Statute of Limitations</u>:  Pennsylvania (2 years), 42 Pa. Cons. Stat. § 5524 ("[An action to recover injuries to the person] must be commenced within two [(2)] years.")

7. <u>Filter Placement Date</u>:  June 4, 2012

8. <u>Latest Possible Date of Accrual</u>:  March 13, 2013 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting "Using a retrieval device, multiple attempts were made to engage the filter. This was unsuccessful … After multiple attempts by myself and Dr. Fabrizio decision is made not to proceed.").[1]

9. <u>Filing Date</u>:  May 30, 2018

10. <u>Length of Time Between Filter Placement and Filing</u>:  5 years, 11 months, 26 days

11. <u>Length of Time Between Claim Accrual and Filing</u>:  5 years, 2 months, 17 days

## BRIEF ARGUMENT

Plaintiff's personal injury claims are barred under Pennsylvania law because the case was filed more than two years after an unsuccessful attempt to remove the filter. *See supra*, ¶¶ 8-9, 11. The Court has previously dismissed a failed retrieval case under Pennsylvania law because the

---

[1] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion.  *See* Dkt. 18018 (granting motion filed under CMO-28 and stating, "Plaintiff's operative report is considered part of the pleadings . . . .").

plaintiff was aware "that his IVC filter could not be removed because it was 'firmly attached' to his IVC [and] the failed retrieval is the exact injury he claims he suffered." Dkt. 19408 at 3 (holding that Plaintiff Lehotsky's claim accrued "when an attempt was made to remove the filter, but was unsuccessful.")[2] Here, Plaintiff's claimed injury is similarly premised on a failed retrieval that occurred more than five years before she commenced this action.

In Pennsylvania, "[a] cause of action accrues, and thus the applicable limitations period begins to run, when an injury is inflicted." *Kennedy v. Ethicon, Inc.*, 2020 WL 4050459, at *7 (E.D. Pa. July 20, 2020). Pennsylvania's discovery rule does not apply because commencement of the limitations period does not require "notice of the full extent of the injury, the fact of actual negligence, or precise cause." *Nicolaou v. Martin*, 195 A.3d 880, 893 (Pa. 2018). In cases involving implantable medical devices, claims accrue when a plaintiff learns he or she suffered injuries and that such injuries share some causal connection to the medical device at issue. *See Kennedy*, 2020 WL 4050459, at *15; *see also McLaughlin v. Bayer Essure, Inc.*, 2020 WL 1625549, at *21 (E.D. Pa. Apr. 2, 2020). In this case, Plaintiff's claims accrued no later than March 13, 2013, when an unsuccessful attempt was made to remove the filter. *See* Exhibit A; *see also* Dkt. 19408 at 3 (granting judgment on the pleadings on statute of limitation grounds in a failed retrieval case under Pennsylvania law). Thus, by the time Plaintiff filed suit, her claims were time-barred by more than three years.

Plaintiff's implied-warranty claim also fails as a matter of law for multiple reasons. First, Pennsylvania law bars implied-warranty claims as a matter of law in medical-device cases. *See* Dkt. 19408 at 5 (citing *Soufflas v. Zimmer, Inc.*, 474 F. Supp. 2d 737, 752 (E.D. Pa. 2007)).

---

[2] *See also* Dkt. 18391 (*Heintzman*) (dismissing failed retrieval claim as time-barred under Indiana and Ohio law because the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights.")

Second, even if the implied-warranty claim were cognizable, it would be time-barred. Pennsylvania applies a four-year statute of limitations to warranty claims, measured from the date of delivery, and the "discovery rule does not apply to breach of warranty claims." *See* 42 Pa. Cons. Stat. § 5525; 13 Pa. Cons. Stat. § 2725 ("A breach of warranty occurs when tender of delivery is made."); *McCracken v. Ford Motor Co.*, 588 F. Supp. 2d 635, 642 (E.D. Pa. 2008). Plaintiff filed this action more than five years after receiving her filter. *See* ¶¶ 7, 9-10. Plaintiff's express warranty claim is also time-barred under the same four-year statute of limitations for the same reasons. *See* Dkt. 19408 at 4-5.

Plaintiff's express warranty and consumer protection claims also fail because they are not adequately pled in the Master Complaint.[3] *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims. Thus, Plaintiff has failed to plead a viable state consumer protection claim or a viable express warranty claim. Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

[3] Plaintiff's express warranty claim also fails for failure to specifically identify the alleged express warranty and how she relied on it in deciding to use the product. *See Runner v. C.R. Bard*, 108 F. Supp. 3d 261, 267 (E.D. Pa. 2015) (holding that the plaintiff failed to adequately plead an express warranty claim where she could not point out specific language on which she relied or how her reliance related to her decision to buy the product).

|  | Respectfully submitted, |
|---|---|
| Dated: February 18, 2022 | /s/ *Jessica Benson Cox*<br>Jessica Benson Cox, Co-Lead Counsel<br>Andrea Roberts Pierson,<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>300 North Meridian Street, Suite 2500<br>Indianapolis, Indiana 46204<br>Telephone: (317) 237-0300<br>Andrea.Pierson@FaegreDrinker.com<br>Jessica.Cox@FaegreDrinker.com<br><br>James Stephen Bennett, Co-Lead Counsel<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>110 West Berry Street, Suite 2400<br>Fort Wayne, Indiana 46802<br>Telephone: (260) 424-8000<br>Stephen.Bennett@FaegreDrinker.com<br><br>*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2022, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF SHERLYN PINDER'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*