UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Williams, Joe B., 1:22-cv-00045

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28

Plaintiff Joe B. Williams hereby opposes the Cook Defendants' Motion for Judgment in Plaintiff's Case Pursuant to CMO-28 ("Motion") (Doc. 21042).

### BRIEF ARGUMENT

On January 13, 2005, Mr. Williams was implanted with Defendants' Gunter Tulip filter at Methodist Charlton Medical Center in Dallas, Texas. (Pl.'s Ex. 1 at 3). More than 15 years later, on January 16, 2020, Mr. Williams underwent an abdominal CT scan and, for the first time, discovered that his filter was tilted and several struts perforated the IVC, including multiple struts contacting the L3-L4 disc space and one strut abutting the aorta. (Pl.'s Ex. 2). On January 7, 2022, Mr. Williams filed this suit against Defendants. In response, Defendants argue his personal injury claims are time-barred because the express-warranty exception to the Texas 15-year statute of repose for products liability actions does not apply and Mr. Williams filed his case nearly two years after the 15-year period had already expired. But this conclusion ultimately fails for three reasons.

*One*, the express-warranty exception to the Texas statute of repose applies directly to this case because Defendants sold and warranted their filter as safe and effective for *permanent* placement, essentially offering a lifetime warranty. (Pl.'s Ex. 3, Gunter Tulip Patient Guide). *Cf. Bob Davis Paint & Drywall Inc. v. Valspar Corp.*, 452 F. Supp. 3d 589, 595 (S.D. Tex. 2020) (finding

1

"the alleged lifetime warranty" was "enough to trigger the [express-warranty exception,]" under the discovery rule, even if "[plaintiff] did not raise this exception in his amended complaint.")

*Two*, Defendants simply ignore the explicit exception in § 16.012(d) barring application of the 15-year limitation to latent injuries like medical device failures. This exception applies where, **like here**, plaintiff alleges: (1) exposure to the product at issue occurred before the end of the 15-year period; (2) exposure to the product caused the disease (or latent injury) that forms the basis of the action; and (3) the symptoms of the disease (or latent injury) did not "manifest themselves to a degree and for a duration that would put a reasonable person on notice that the person suffered some injury" until after the 15-year period expired. Tex. Civ. Prac. & Rem. Code § 16.012(d); *cf. Albertson v. T.J. Stevenson & Co., Inc.*, 749 F.2d 223, 231 (5th Cir. 1984) (noting that "the latent injury case" is typically "a product liability case against producers of drug or other products with potential for later development of physical injury.")

The Eastern District of Tennessee recently applied this exception to a similar case involving the failure of an implantable device in *Brown v. Exactech, Inc.*, 376 F. Supp. 3d 811, 816-19 (E.D. Tenn. 2019) (stating that "Texas courts have not addressed whether medical device failures might count as a latent injury or disease under this statute."). There, the court noted that, under "the plain language of § 16.012(d)," "[t]he relevant consideration is whether there was a gap between when the injury occurred [i.e., the failure of the device], and when the harm became apparent." *Id*. at 818-19. It ultimately concluded the exception did not apply because the plaintiff had testified that his symptoms (hip pain) became apparent immediately after the device "broke in half" in May 2016, four months before the 15-year period expired in Sept. 2016. *Id.* at 814, 819.

By contrast, Mr. Williams was implanted during the 15-year period, his injuries were directly caused by Defendants' IVC filter, and it is undisputed his injuries did not manifest and were not identified until the abdominal CT scan done January 16, 2020, *three days after* the 15-year period had run.  And there is no evidence here to suggest Mr. Williams experienced any symptoms (like pain or discomfort) "that would put a reasonable person on notice that the person suffered

some injury" before the 15-year period expired on January 13, 2020. § 16.012(d)(3). Thus, § 16.012(d) explicitly bars application of the 15-year statute of repose here.

*Lastly*, Texas courts construing § 16.012 would likely conclude that implicit in the text and structure of the statute is an exception to the 15-year limitation for medical device failures that, like a disease, may be difficult to discover. Take for example *Methodist Healthcare Sys. of San Antonio, Ltd., L.L.P. v. Rankin*, where the Supreme Court of Texas concluded it could not construe a statute of repose as containing an implicit exception for "foreign-body cases" in which the "injuries may … be difficult to discover." 307 S.W.3d 283, 289 (Tex. 2010). The Court drew attention to the fact the Texas Legislature had "expressly characterized" the statute "as a statute of repose" and made no exception for latent injuries. *Id.* Because of this, it reasoned, the statute "admits to no implied exceptions" and thus could not be construed as containing one. *Id*.

In contrast, § 16.012 is not expressly characterized as a statue of repose, nor does the word repose appear anywhere in the text of the statute. And as noted in *Rankin*, "the Texas repose statute for defective-product cases explicitly makes an exception" for "foreign-body cases" where the claimed injuries are "latent diseases that may stay hidden until after the repose period expires." *Id*.

Texas courts construing § 16.012 could thus find that, unlike in *Rankin*, the statute here contains an implicit exception for medical device failures that, like a disease, may not be easily discovered before the repose period expires. *Cf. Howard v. Fiesta Texas Show Park, Inc.*, 980 S.W.2d 716, 721 (Tex. App. 1998) (referring to "latent injury or disease" as the kind of "injuries [that] do not manifest themselves for [] decades following exposure"). Recognizing the purpose of § 16.012, the failure of an implantable device is exactly the kind of injury the Texas Legislature meant to exclude from the 15-year limitation, and so the rationale for the latent-injury exception in § 16.012(d) applies with equal force and bars application of the 15-year statute here. *Cf. Citizens Bank of Bryan v. First State Bank, Hearne*, 580 S.W.2d 344 (Tex. 1979) (construing "statute so as to give effect to the purpose of the Legislature," finding legislative intent implicitly from the text of the statute and "a general view of the enactment as a whole").

For the reasons set forth above, this Court should deny Defendants' Motion.

Respectfully submitted,

/s/ *David C. DeGreeff*
Thomas P. Cartmell MO #45366
David C. DeGreeff MO #55019
WAGSTAFF & CARTMELL LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Office Tel: 816-701-1100
Fax: 816-531-2372
tcartmell@wcllp.com
ddegreeff@wcllp.com
***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2022, a copy of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *David C. DeGreeff*
David C. DeGreeff