UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Lackey, Rickey – 1:20-cv-06215

## PLAINTIFF'S MEMORANDUM OPPOSING
## DEFENDANT'S MOTION FOR JUDGMENT PURSUANT TO CMO-28

### ARGUMENT

  There are two potential statutes of repose at issue in this case, a twelve-year and a six-year. The twelve-year statute is what applies in the case. The twelve-year statute of repose in North Carolina became effective October 1st, 2009 and applies to causes of action that accrue on or after that date. N.C. Gen. Stat. § 1–46.1(1); *Robinson v. Bridgestone/Firestone N. Am. Tire, L.L.C.*, 209 N.C. App. 310, 315 (2011). Plaintiff recognizes that the Court has previously addressed which statute of repose applies in North Carolina cases. *See* Dkt. 20384. Respectfully, the Plaintiff would ask the Court to look carefully at the facts of this case since no symptoms or injuries were found regarding the failure of the filter until after the twelve-year statute of repose became law. Plaintiff filed this case within the twelve-year statute.

  The first question to be answered under N.C. Gen. Stat. § 1–46.1(1) is when did Plaintiff's cause of action accrue? "[T]he claims of persons injured by alleged defects or failures in relation to products cannot accrue until the injury, death, or property damage occurs." *Bolick v. Am. Barmag Corp.*, 54 N.C. App. 589, 594 (1981), modified, 306 N.C. 364 (1982). Further, in a products liability case, N.C.G.S. § 1-15 further delays the accrual date until the date the injury was discovered or reasonably should have been discovered. In the present case, Plaintiff did not have symptoms until 2020 when he was diagnosed with a fracture. Plaintiff's removal surgery took place in Feb. 2020. This represents

1

the earliest date Plaintiff could or reasonably should have discovered his injuries. These symptoms and surgery were long after October 1st, 2009-the date the statute of repose changed to twelve years. Therefore, the twelve-year statute of repose applies to this case.

The second question to be answered was if the Plaintiff filed the action before twelve years of the initial date of purchase for use or consumption? "No action for the recovery of damages for [product liability cases] shall be brought more than 12 years **after the date of initial purchase for use or consumption**." N.C. Gen. Stat. § 1–46.1. (Emphasis added). In the present case, Plaintiff's date of implant was May 26, 2008. This is clearly the date the product was purchased by Plaintiff for his use or consumption. This case was filed in Plaintiff's home jurisdiction of North Carolina on May 15, 2020. This is a period of eleven years, eleven months, and twenty days.

Defendant claims the six-year statute applies and cites to two cases: *Cramer v. Ethicon, Inc.*, 2021 WL 243872 (W.D.N.C. Jan. 25, 2021) and *Lackey v. DePuy Orthopedics*, WL 2791264 (W.D.N.C. July 14, 2011). Both of these cases are distinguishable. *Cramer v. Ethicon, Inc.* involved a woman who sued the manufacturers pelvic mesh medical device. The court considered which statute of repose should apply, the six-year or the twelve-year. It held that the six-year statute of repose applied and dismissed the case. However, the plaintiff in *Cramer* suffered symptoms that should have alerted her to the failure of her pelvic mesh as far back as 2011. In the present case, Plaintiff was not aware of any problems with his filter. In a post-surgical note, it was confirmed that the filter had "good intrarenal placement." It was not until February of 2020 that Plaintiff experienced any symptoms that indicated a problem with his filter. Following a CT scan, it was confirmed that one of the filter struts had fractured. Based on these facts, Plaintiff's cause of action could not have accrued before October 1st, 2009.

Similarly, *Lackey v. DePuy Orthopedics*, WL 2791264 (W.D.N.C. July 14, 2011) is distinguishable. In that case, the plaintiff brought suit against the manufactures of his defective prosthetic hip. Both the hip replacement surgery, the symptoms associated with the failure of the prosthetic hip, and the revision surgery all took place prior to October 1, 2009. The plaintiff in *Lackey* argued that the North Carolina legislator revived his claim when it adopted the new twelve-year statute of repose. The *Lackey* Court rejected this argument. The facts presented to the Court here are clearly distinguishable. The only date significant to this case that occurred before October 1, 2009, was Plaintiff's filter placement surgery, which occurred on May 26, 2008. Plaintiff did not suffer symptoms and was not injured until 2020. Therefore, the twelve-year statute should apply to Plaintiff's facts.

## SUMMARY

Under the North Carolina twelve-year statute of repose, Defendant's motion fails. Plaintiff's date of implant was May 26, 2008. He suffered no symptoms or injury until 2020. This case was filed in Plaintiff's home jurisdiction of North Carolina on May 15, 2020. This is a period of eleven years, eleven months, and twenty days. Accordingly, Plaintiff's claim was filed within the allotted 12-year repose window, and his case is not time-barred.

Dated: 2/22/2022

Respectfully submitted,

**GOLDENBERGLAW, PLLC**

By: */s/ Stuart L. Goldenberg*
Stuart L. Goldenberg (MN# 158719)
800 LaSalle Avenue, Suite 2150
Minneapolis MN 55402
(612) 436-5027 (Tel)
(612) 367-8107 (Fax)
slgoldenberg@goldenberglaw.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2022, a copy of the foregoing **PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANTS' MOTION FOR JUDGMENT PURSUANT TO CMO-28 was** filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                                                    */s/ Stuart L. Goldenberg*