UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND TAB PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-<br>MDL No. 2570 |

This Document Relates to the Following Case:

Rosalinda Gonzalez, 1:20-cv-03133

## PLAINTIFF'S RESPONSE TO THE COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

On February 7, 2022, defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe APS (collectively "the Cook Defendants") moved for judgment on the pleadings dismissing Plaintiff Rosalinda Gonzalez's complaint as barred by the Texas statute of limitations. Dkt. # 21052. Because Texas applies the discovery rule in products-liability actions such as this, at best Defendants' motion raises a fact issue as to when Ms. Gonzalez became aware that her Cook Celect IVC filter was the cause of her injuries. Therefore, the motion for judgment on the pleadings should be denied.

Under Texas law, personal-injury claims are subject to a two year statute of limitations. Tex. Code Civ. Prac. & Remedies § 16.003(a). However, this limitations period is subject to a discovery rule when "the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable." *Computer Assocs. Intern., Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1996). The discovery rule is an exception to the general rule in Texas that

"a cause of action can generally be said to accrue when the wrongful act effects an injury, regardless of when the plaintiff learned of the such injury." *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990). Instead, the discovery rule "operates to toll the running of the period of limitations until the time that the plaintiff discovers, or through the exercise of reasonable care and diligence should discover, the nature of his injury." *Id*.

Here, there is no dispute that Ms. Gonzalez filed her suit on December 4, 2020. Dkt. # 1 in case 1:20-cv-03133. The Cook Defendants rely on a medical record showing that her IVC filter was removed on November 29, 2018, to attempt to establish the date that her claim accrued for the purposes of the running of the statute of limitations in accordance with the discovery rule. Dkt. # 21052 at p. 1-2. Based on these two dates, the Cook Defendants somehow assert that that the period between "accrual" and filing is 2 years, 4 months, and 26 days, *Id*. at p. 2, when for the sake of argument that length of time is actually only 2 years and 5 days.

The tightness of the actual time frame is crucial because, while the medical record relied on by the Cook Defendants establishes when the removal procedure occurred, it does not establish when the results of that procedure were conveyed to Ms. Gonzalez. According to the medical record relied on by the Cook Defendants, Ms. Gonzalez's removal surgery was performed by Dr. Bavare on November 29, 2018. Dkt. # 21053 at p. 6. The record also provides that following completion of surgery, Ms. Gonzalez was "extubated and moved to the ICU in a guarded condition." *Id*. at p. 8.

What the medical record relied on by the Cook Defendants does not indicate is how much time Ms. Gonzalez spent in the ICU following surgery, or when she was informed by either her surgeon or doctor that her IVC filter had indeed become embedded in the wall of her IVC and was the likely cause of her ailments. *See Id*. Because only five days separated the date of the removal

2

procedure from the would-be timely filing of this suit two years later, this dispute of material fact of when Ms. Gonzalez was informed of the result of her procedure and discharged from the hospital is fatal to the Cook Defendants' motion for judgment on the pleadings.

Under Texas law, "[a] cause of action generally accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy." *Johnson & Higgins, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998). Here, facts came into existence which would authorize Ms. Gonzalez to seek a judicial remedy against the Cook Defendants when she became aware that her IVC filter was the cause of her internal injuries. Because it is only a matter of five days—for limitations purposes—between the date of surgery and when she initiated the action two years later, it is crucial that the Cook Defendants, as the parties moving for judgment on limitations grounds, establish when that information was conveyed to Ms. Gonzalez following her successful removal procedure and post-operative stint in the ICU. Because the Cook Defendants have not presented that evidence, judgment on the pleadings should not be granted.

Because the evidence presented by the Cook Defendants in support of their motion for judgment on the pleadings is insufficient to negate the operation of the discovery rule as a matter of law, the Court should deny the motion. This is precisely why under the Federal Rules of Civil Procedure, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Unilateral resolution of a factual question on insufficient evidence—which is what the Cook Defendants ask this court to do—is precisely what the rule for judgment on the pleadings was designed to protect against.

Respectfully Submitted,

*/s/ Kelly Chermack*
**Kelly Chermack**
Texas Bar No. 24121361
kchermack@fnlawfirm.com
**FEARS NACHAWATI, PLLC**
5489 Blair Road
Dallas, Texas 75231
Tel. (214) 890-0711
Fax (214) 890-0712

Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2022 a true and correct copy of *Plaintiffs' Response to Cook Defendants' Omnibus Motion for Judgment on the Pleadings Based on Statute of Repose in Texas and Tennessee* was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF counsel of record.

Dated: 2/22/2022

        Respectfully Submitted,

        */s/ Kelly Chermack*
        **Kelly Chermack**