IN THE UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
INDIANA INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Steven J. Lies-Blanchard 1:16-cv-03401-RLY-TAB

**<u>PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR JUDGMENT UNDER CMO 28</u>**

Plaintiff filed his claims against Defendants within twelve years of the implantation of his Cook Celect IVC filter. Defendants nevertheless have moved for judgment on the pleadings to dismiss his action in its entirety under N.C. Gen. Stat. § 1-50(a)(6) (now repealed), asserting that he needed to file within six years of the implantation, instead of within twelve years pursuant to current law, N.C. Gen. Stat. § 1-46.1. (Dkt. 21068, the "Motion.") The Motion must be denied.

**I.     Plaintiff's Claims Accrued After 2009, Providing 12 Years to File.**

Plaintiff's claims accrued no earlier than late 2015 or early 2016, when his doctors evaluated him in response to chest pain. In North Carolina, a cause of action for personal injury does not accrue "until bodily harm to the claimant . . . becomes apparent or ought reasonably to have become apparent to the claimant." N.C. Gen. Stat. § 1-52(16). *See also In re Atlas Roofing Corp. Chalet Shingle Prods. Liab. Litig.*, 2017 WL 2501754, at * 11 (N.D. Ga. June 9, 2017) (in a putative class action, which claims accrued after 2009 for purposes of the N.C. statute of repose "will depend on individualized evidence, including the date and nature of the class members' property damage" – which would not be relevant under Defendants' interpretation of the statute). In North Carolina, there is a 12-year statute of repose for product liability matters, N.C. Gen. Stat. § 1-46.1, which applies "to causes of action that <u>accrue</u> on or after" the effective date of the statute, October 1, 2009. 2009 N.C. Sess. Laws 2009-420 § 3 (emphasis added); *Robinson v. Bridgestone/Firestone N.A. Tire, LLC*, 703 S.E.2d 883, 886 (Ct. App. N.C. 2011) ("N.C. Gen.Stat. § 1–46.1(1) became effective 1 October 2009 and applies to causes of action that accrue on or after that date."). The action is timely.

Though there is caselaw suggesting that a claim, once extinguished, cannot be revived by a statutory amendment, that is not what happened here. Instead, the amendment extended the time in which he could file claims. In *In re Biomet M2a Magnum Hip Implant Prods. Liab. Litig.*, another federal court in Indiana faced the same question. 2019 WL 110892 (N.D. Ind. Jan. 3, 2019). There, the plaintiff argued that their claims were "alive and kicking (though not yet accrued)" at the time of

1

the 2009 amendment. *Id.* at *5. As a result, they were not arguing for "resurrection" of their claims. *Id.* The court noted that, "[t]he legislature, of course, has authority to modify the legislatively-created repose period for claims not already extinguished." *Id.* In the absence of controlling North Carolina caselaw, the court deferred consideration. *Id.* at *6. This Court, too, should deny the Motion and allow a North Carolina court to revisit this issue upon remand.

II.     **The Disease Exception to North Carolina's Statute of Repose Applies.**

Regardless, the North Carolina statute of repose does not apply to claims for latent diseases. *See, e.g.*, *In re Paraquat Prods. Liab. Litig.*, 2022 WL 451898, at *7-9 (S.D. Ill. Feb. 14, 2022).[1] This "disease exception" can apply in medical device cases. In *Bullard v. Dalkon Shield Claimants Trust*, 74 F.3d 531 (4th Cir. 1996), the Fourth Circuit answered affirmatively that it believed the North Carolina Supreme Court would find that pelvic inflammatory disease, arising from the implantation of an IUD, a medical device, "is a disease and that the statute of repose does not apply to bar the plaintiff's claim." *Id.* at 532 (ruling on N.C. Gen. Stat. § 1-50(6), the same statute Defendants assert bars Plaintiff's claims here). The pertinent question is not whether the offending product is an implantable medical device or not, rather the court looks to

> two characteristics: the difficulty or impossibility in establishing the exact time the injury first occurs or the disease process begins, and some period of time between first exposure to the product and the discover of the disease, so that the harm caused by the product would not be readily apparent until the disease is diagnosed as such.

*Bullard*, 74 F.3d at 535. *See also Patterson v. McKinley Medical, LLC*, 2011 WL 1260145, at *2 (E.D.N.C. Mar. 30, 2011) (denying motion to dismiss claims for development of chondrolysis, alleged to have developed from the implantation of a pain pump, on the ground that the disease exception may apply and any further analysis was more appropriately conducted after discovery).

---

[1] Though a single Seventh Circuit decision has held otherwise, *Klein v. DePuy, Inc.*, 506 F.3d 553, 557-59 (7th Cir. 2007), this decision has been widely criticized. *See, e.g.*, *In re Dow Corning Corp.*, 778 F.3d 545, 552 n.2 (6th Cir. 2015) ("*Klein* itself appears to be at odds with [NC] law").

Here, fact issues preclude the Court from ruling, as a matter of law and without case-specific fact discovery, that the disease exception is inapplicable here. The Motion does not even reference what sort of harm Plaintiff asserts. The difficulty of establishing the point in time when harm from an IVC filter begins, and the time it can take claimants to discover the problem, weigh in favor of application of the disease exception. *Biomet*, addressing hip replacement devices, faced this issue as well, and deferred consideration. 2019 WL 110892, at *5. Neither should this Court dismiss.

### III.    Defendants Waived the Statute of Repose by Expressly Warrantying Their Celect Filter as Safe for More Than Six Years.

Defendants expressly warranted their IVC filters as safe for permanent use. *See* SFC Counts V, VI & Other. To hold that Plaintiff could only file claims for six years would allow Defendants to make sham representations without fear of repercussions. As a result, North Carolina law provides that defendants bargain away, or waive, the protection of a statute of repose through such warranties. *See Christie v. Hartley Construction, Inc.*, 367 N.C. 534, 540 (2014) (analyzing N.C. G.S. §1-50(a)(5), North Carolina's six-year statute of repose regarding improvements to real property). In *Christie*, the North Carolina Supreme Court noted that both express and implied warranties are contractual in nature and emphasized the long-standing principle that in North Carolina, the parties are free to contract "as they deem appropriate." *Id*. at 540. The court reversed summary judgment for the defendant because the defendant "advertised its product to plaintiffs as being 'fully warranted' for twenty years but now claims that this warranty covered only the first six years after its product was applied . . . . A warranty that a seller knows is unenforceable is a sham, useful only to beguile the unsuspecting." *Id.* Similarly, Defendants advertised that their Celect filter was a *permanent* filter with the option to retrieve, working safely and effectively for permanent implantation.

For these reasons, Plaintiff asks the Court to deny the Motion or, in the alternative, grant leave for Plaintiff to amend her SFC to add additional allegations regarding Defendants' warranties.

3

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: February 24, 2022 | */s/ Jennifer Rethemeier*<br>Jennifer Rethemeier<br>(Admitted Pro Hac Vice, AZ Bar No. 031398)<br>**DALIMONTE RUEB STOLLER, LLP**<br>2425 East Camelback Road, Suite 500<br>Phoenix, AZ 85016<br>Telephone: (602) 892-0341<br>Facsimile: (855) 203-2035<br>jennifer.rethemeier@drlawllp.com<br><br>***Counsel for Plaintiff*** |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

                                                     */s/ Jennifer Rethemeier*
                                                     Jennifer Rethemeier