UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates Only to the Following Cases:<br>Parson, Alonda – 1:18-cv-00846 | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR JUDGMENT PURSUANT TO CMO-28**

Plaintiff Alonda Parson hereby submits this response in opposition to the Cook Defendants' motion for judgment on the pleadings.

**ARGUMENT**

The North Carolina General Assembly has the exclusive authority to modify applicable statutes of repose, so long as any amendment to such statute does not revive a claim that has already been extinguished by the previous statute of repose. *See, Lackey v. DePuy Orthopaedics, Inc.,* No. 5:10-cv-00030-RLV-DSC, 2011 U.S. Dist. LEXIS 76529, at *10–11 (W.D.N.C. 2011); *McCarter v. Stone & Webster Eng'g Corp.,* 104 S.E.2d 858 (N.C. 1958); *Colony Hill Condominium I Ass'n v. Colony Co.,* 320 S.E.2d 273 (N.C. Ct. App. 1984), *review denied* 325 S.E.2d 485 (N.C. 1985)). In Session Law 2009-420 § 3, the General Assembly expressly stated that the new 12-year statute of repose (N.C. Gen. Stat. § 1-46.1) would apply to causes of action that ***accrued*** on or after October 1, 2009. The North Carolina Supreme Court has held that the intent of the General Assembly in enacting a statute of repose was to avoid subjecting manufacturers to "'open-ended' liability created by allowing claims for an ***indefinite*** period of time." *Tetterton v. Long Mfg. Co.*, 332 S.E.2d 67, 73 (N.C.1985) (emphasis added). The application of the 12-year statute does not subject the Cook Defendants to any such open-ended liability—it merely extends the defined time

1

period by six years.  Neither does such application revive an already extinguished claim.  *See, Lackey*, 2011 U.S. Dist. LEXIS 76529, at *10–11; *Robinson v. Bridgestone/Firestone N. Am. Tire, L.L.C.,* 703 S.E.2d 883, 886–87 (N.C. Ct. App. 2011).  Plaintiff's filter was delivered on December 20, 2008.  As such, while the applicable statute of repose at the time was six years, this period had not yet expired when the repose period was extended to 12 years less than a year later.  At the time of the 2009 amendment, Plaintiff's causes of action had not yet accrued.[1]  Because Plaintiff does not rely upon the 2009 amendment to revive an extinguished claim and because the express language of Session Law 2009-420 is clear, the only valid interpretation of the General Assembly's intent is to apply the 12-year statute of repose to Plaintiff's claims.

The Cook Defendants rely primarily upon two cases—*Cramer v. Ethicon, Inc.* and *Lackey v. DePuy Orthopedics*—for their overly broad conclusion that the six-year statute of repose applies to all cases involving a product first purchased or delivered prior to October 1, 2009.  However, the *Lackey* Court unambiguously followed existing North Carolina precedent, reasoning that the 2009 amendment could not be applied ***to revive an extinguished claim***.  *Lackey*, 2011 U.S. Dist. LEXIS 76529, at *10–11.  In contrast, *Cramer* inappropriately expanded the scope of North Carolina law without a basis in existing state law precedent.  *Compare Cramer v. Ethicon, Inc.*, No. 1:20-cv-95-MOC-WCM, 2021 U.S. Dist. LEXIS 12891, at *10 (W.D.N.C. 2021) (applying the six-year statute of repose to ***all*** cases where the product was first purchased or delivered before October 1, 2009), *with Robinson,* 703 S.E.2d 883, 886–87 (refusing to apply the 12-year statute of repose to revive a claim that expired in 2005).  *Cramer*'s overreaching holding directly conflicts with the text of Session Law 2009-420, which explicitly applied the 12-year statute to all "causes of action that accrue on or after that date," rather than simply having it apply to all products

---

[1] Plaintiff's causes of action accrued in October 2013, when the perforation of the filter was discovered.

2

delivered on or after October 1, 2009. *See* N.C. Sess. Laws 2009-420 § 3.

The North Carolina Supreme Court has not directly addressed different ways that courts have interpreted the language of Section 3, and the issue remains unresolved. Judge Robert Miller, presiding over another MDL facing this exact issue, refused to dismiss causes of action, leaving open the question of which statute of repose should apply to a claim whose repose period had begun to run but had not yet expired at the time of the 2009 amendment. *See, Wohlleber v. Biomet (In re Biomet M2a Magnum Hip Implant Prods. Liab. Litig.),* 2019 U.S. Dist. LEXIS 1615, at *17–19 (N.D. Ind. Jan. 3, 2019). Like the plaintiff in *Wohleber*, Ms. Parson's claims were still "alive and kicking" when the 2009 amendment took effect. *Id.* at *18. If the Court elects not to apply the 12-year statute of repose outright, Plaintiff respectfully requests that this Court follow Judge Miller's lead and deny the Cook Defendants' motion for judgment without ruling on the issue of which statute of repose is properly applied to the facts of this case.

Additionally, the length of the repose period is irrelevant because the Cook Defendants have waived that defense. Cook expressly represented to the FDA that the Gunther Tulip and Celect IVC filters were intended for **permanent** implantation when it sought clearance to market these products. They then warranted to patients in the *Cook Celect and Gunther Tulip Vena Cava Patient Guide* that these IVC filters were safe for permanent placement—*i.e.,* that the products were safe and effective for an indefinite time period. Having made such a warranty, the Cook Defendants have thereby bargained away the protections of the statute of repose. *Christie v. Hartley Constr., Inc.*, 766 S.E.2d 283, 287 (N.C. 2014) (holding that the beneficiary of a statute of repose can "bargain away, or even waive, that benefit"). The Cook Defendants cannot now hold up the statute of repose as a barrier against liability for injuries caused by a product it warranted could remain safely in place for an indefinite time period. Their motion should be denied.

Dated:  February 25, 2022.                       Respectfully submitted,

*/s/ Ben C. Martin*
Ben C. Martin, Esq.
Texas Bar No. 13052400
Thomas Wm. Arbon, Esq.
Texas Bar No. 01284275
MARTIN BAUGHMAN, PLLC
3141 Hood Street, Suite 600
Dallas, Texas 75219
T:  (214) 761-6614
F:  (214) 744-7590
bmartin@martinbaughman.com
tarbon@martinbaughman.com
eservice@martinbaughman.com

*Attorneys for Plaintiff Alonda Parson*

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2022, a copy of the foregoing ***Response in Opposition to Defendants' Motion for Judgment Pursuant to CMO-28*** was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Ben C. Martin*
Ben C. Martin, Esq.

4