UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Case:

Ira Smith, 1:21-cv-01401

## PLAINTIFF'S RESPONSE TO THE COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

On February 10, 2022, defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe APS (collectively "the Cook Defendants") moved for judgment on the pleadings dismissing Plaintiff Ira Smith's complaint as barred by the North Carolina statute of repose. Dkt. # 21087. Because the statute of repose does not apply to Ms. Smith's claims, Defendants' motion for judgment on the pleadings should respectfully be denied.

The only issue presented by the Cook Defendants' motion for judgment on the pleadings is whether Mr. Smith's action is barred by the North Carolina statute of repose. There is no dispute that Ms. Smith was implanted with the Cook Celect IVC filter on January 28, 2008, by Dr. Mendes at UNC Chapel Hill Medical Center. Dkt. # 1 at p. 2-3 in Case 1:21-cv-01401. Nor is there any dispute that Ms. Smith commenced this action on May 27, 2021. *Id*. The only dispute is whether the so-called disease exception to the statute of repose applies in this instance.

As an initial matter, Ms. Smith contends the current, 12-year statue of repose in N.C. Gen.

Stat. § 1-46.1(1), rather than the prior six-year statute of repose in N.C. Gen. Stat. § 1-50(a)(2008) is relevant to this action. The plain language of N.C. Gen. Stat. § 1-46.1(1) provides that the new 12 year statute of repose applies to "causes of action that accrue on or after" October 1, 2009. S.L. 2009-420 § 2; *see also Robinson v. Bridgestone/Firestone N. Am. Tire, LLC*, 703 S.E.2d 883, 886-87 (N.C. 2011).

As recognized by the North Carolina Supreme Court in *Wilder v. Amatex Corp.*, the North Carolina legislature intended a statute of repose "to have no application to claims arising from disease." 336 S.E.2d 66, 73 (N.C. 1985). In *Hyer v. Pittsburgh Corning Corp.*, the Fourth Circuit extended *Wilder* to apply to the product-liability statute of repose set forth in N.C. Gen. Stat. § 1-50(a)(6). 790 F.2d 30, 33-34 (4th Cir. 1986).

In *Cramer v. Ethicon, Inc.*, the United States District Court for the Western District of North Carolina analyzed the application of the *Wilder/Hyer* disease exceptions to a case involving an implanted medical device. No. 1:20-cv-95-MOC-WCM, 2021 WL 243872 (W.D.N.C. Jan. 25, 2021). The present matter is both analogous and distinguishable to *Cramer* in crucial ways. In *Cramer*, the North Carolina Western District Court noted that the reason why the North Carolina statute of repose does not apply to instances of disease is because they present "a situation in which it was impossible to identify a single point in time when plaintiff was first injured." *Id.* at *4 (quoting *Wilder*, 336 S.E.2d at 71).

In *Cramer*, the North Carolina Western District Court ultimately declined to apply the disease exception because it deemed that it was the implantation of the device itself, a single discrete event, that caused the plaintiff's bladder infections. *Id.* at *5. Unlike in *Cramer*, here Ms. Smith suffered a long series of harms from the gradual degradation of her IVC filter in her body. Here, there is no specific date of any injury alleged, only that over a long period of time, after

implantation, Ms. Smith suffered a number of adverse health effects because of the gradual migration and perforation of her IVC from her filter.

The only date in evidence of when Ms. Smith became injured is a CT scan performed after the IVC filter had already failed within her body. According to Ms. Smith's medical records, a CT abdomen scan performed on September 20, 2018, revealed that her IVC filter was tilted 16 degrees laterally to the right, and that multiple IVC struts had perforated the wall of her IVC. Ex. A at p. 1.

Because Ms. Smith's injury is more analogous to the gradual, internal, undiscoverable injury in *Wilder* than the single discrete moment of implantation in *Cramer*, the Court respectfully should follow *Wilder* and *Hyer* and hold that the North Carolina statutes of repose do not apply. *See also, In re Paraquat Prod. Liab. Litig.*, No. 3:21-md-3004, 2022 WL 451898 at *6-9 (S.D. Ill Feb. 14, 2022) (recent decision of MDL court declining to apply North Carolina statute of repose to product liability action stemming from latent injury). Because the statute of repose does not apply to Ms. Smith's injuries, the Cook Defendants' motion for judgment on the pleadings should respectfully be denied.

Respectfully Submitted,

*/s/ Kelly Chermack*
**Kelly Chermack**
Texas Bar No. 24121361
kchermack@fnlawfirm.com
**FEARS NACHAWATI, PLLC**
5489 Blair Road
Dallas, Texas 75231
Tel. (214) 890-0711
Fax (214) 890-0712

Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2022 a true and correct copy of *Plaintiffs' Response to Cook Defendants' Omnibus Motion for Judgment on the Pleadings* was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF counsel of record.

Dated: 2/25/2022

                                                Respectfully Submitted,

                                                */s/ Kelly Chermack*
                                                **Kelly Chermack**