UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Case:

Samuel Charles Henderson, 1:21-cv-01185

## PLAINTIFF'S AMENDED RESPONSE TO THE COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

On February 10, 2022, defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe APS (collectively "the Cook Defendants") moved for judgment on the pleadings dismissing Plaintiff Samuel Charles Henderson's complaint as barred by the North Carolina statute of repose.  Dkt. # 21082.  Because the statute of repose is not applicable to Mr. Henderson's claims, Defendants' motion for judgment on the pleadings should respectfully be denied.

The only issue presented by the Cook Defendants' motion for judgment on the pleadings is whether Mr. Henderson's action is barred by the North Carolina statute of repose.  There is no dispute that Mr. Henderson was implanted with the Gunther Tulip IVC filter on December 24, 2008 by Dr. Stadtlander at Atrium Health University City in Charlotte, North Carolina.  Dkt. # 1 at p. 2-3 in Case 1:21-cv-01185.  Nor is there any dispute that Mr. Henderson commenced this action on May 12, 2021.  *Id*.  The only dispute is whether the so-called disease exception to the statute of repose applies in this instance.

As an initial matter, Mr. Henderson contends the current, 12-year statue of repose in N.C. Gen. Stat. § 1-46.1(1), rather than the prior six-year statute of repose in N.C. Gen. Stat. § 1-50(a) (2008) is relevant to this action. The plain language of N.C. Gen. Stat. § 1-46.1(1) provides that the new 12 year statute of repose applies to "causes of action that accrue on or after" October 1, 2009. S.L. 2009-420 § 2; *see also Robinson v. Bridgestone/Firestone N. Am. Tire, LLC*, 703 S.E.2d 883, 886-87 (N.C. 2011).

As recognized by the North Carolina Supreme Court in *Wilder v. Amatex Corp.*, the North Carolina legislature intended a statute of repose "to have no application to claims arising from disease." 336 S.E.2d 66, 73 (N.C. 1985). In *Hyer v. Pittsburgh Corning Corp.*, the Fourth Circuit extended *Wilder* to apply to the product-liability statute of repose set forth in N.C. Gen. Stat. § 1-50(a)(6). 790 F.2d 30, 33-34 (4th Cir. 1986).

In *Cramer v. Ethicon, Inc.*, the United States District Court for the Western District of North Carolina analyzed the application of the *Wilder*/*Hyer* disease exceptions to a case involving an implanted medical device. No. 1:20-cv-95-MOC-WCM, 2021 WL 243872 (W.D.N.C. Jan. 25, 2021). The present matter is both analogous and distinguishable to *Cramer* in crucial ways. In *Cramer*, the North Carolina Western District Court noted that the reason why the North Carolina statute of repose does not apply to instances of disease is because they present "a situation in which it was impossible to identify a single point in time when plaintiff was first injured." *Id*. at *4 (quoting *Wilder*, 336 S.E.2d at 71).

In *Cramer*, the North Carolina Western District Court ultimately declined to apply the disease exception because it deemed that it was the implantation of the device itself, a single discrete event, that caused the plaintiff's bladder infections. *Id*. at *5. Unlike in *Cramer*, here Mr. Henderson suffered a long series of harms from the gradual degradation of his IVC filter in his

body. Here, there is no specific date of any injury alleged, only that over a long period of time, after implantation, Mr. Henderson suffered a number of adverse health effects because of the gradual migration and perforation of his IVC from his filter.

The only date in evidence of when Mr. Henderson became injured is a CT scan performed after the IVC filter had already failed within his body. According to Mr. Henderson's medical records, he first consulted with a physician about having his IVC filter removed March 15, 2019. Ex. A at p. 12. Then, a medical record from May 3, 2019, indicates that his "IVC filter is densely adhered to the IVC at the level of the secondary strut attachments" and the filter could not be removed. *Id*. at p. 9.

Because Mr. Henderson's injury is more analogous to the gradual, internal, undiscoverable injury in *Wilder* than the single discrete moment of implantation in *Cramer*, the Court respectfully should follow *Wilder* and *Hyer* and hold that the North Carolina statutes of repose do not apply. *See also, In re Paraquat Prod. Liab. Litig.*, No. 3:21-md-3004, 2022 WL 451898 at *6-9 (S.D. Ill Feb. 14, 2022) (recent decision of MDL court declining to apply North Carolina statute of repose to product liability action stemming from latent injury). Because the statute of repose does not apply to Mr. Henderson's injuries, the Cook Defendants' motion for judgment on the pleadings should respectfully be denied.

                                              Respectfully Submitted,

                                              */s/ Kelly Chermack*
                                              **Kelly Chermack**
                                              Texas Bar No. 24121361
                                              kchermack@fnlawfirm.com
                                              **FEARS NACHAWATI, PLLC**
                                              5489 Blair Road
                                              Dallas, Texas 75231
                                              Tel. (214) 890-0711
                                              Fax (214) 890-0712

                                              Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2022 a true and correct copy of *Plaintiffs' Response to Cook Defendants' Omnibus Motion for Judgment on the Pleadings* was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF counsel of record.

Dated:3/01/2022

Respectfully Submitted,

*/s/ Kelly Chermack*
**Kelly Chermack**
