UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Case:
Gonzalez, Rosalinda, 1:20-cv-03133

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF ROSALINDA GONZALEZ'S CASE PURSUANT TO CMO-28**

This Court should dismiss the entirety of Plaintiff's cause of action. The record unequivocally shows that Plaintiff presented to the hospital with lower-back and abdominal pain, was diagnosed with a perforating IVC filter, and ***then*** underwent an open surgery to remove the filter more than two years before commencing this action. These facts negate Plaintiff's argument that the Texas discovery rule saves her tort claims.[1]

Texas law subjects personal injury claims to a two-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.003. Plaintiff does not dispute that she filed her case more than two years after her open-removal surgery.[2] *See* Dkt. 21191 at 2-3. Instead, Plaintiff asserts that a fact

---

[1] Plaintiff's Response does not deny that Cook is entitled to the dismissal of her non-tort-based claims, and the Court should therefore dismiss those claims. *See, e.g.*, Dkt. 19639 (dismissing Plaintiff Boone's non-tort-based claims because his "failure to respond to the substance of Cook's arguments is effectively a concession that these points are well taken"); *see also Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (holding that a failure to respond to an argument results in waiver).

[2] Plaintiff correctly notes that Cook miscalculated the period between accrual and filing. Dkt. 21191 at 2. However, contrary to Plaintiff's suggestion—and for the reasons discussed in this Reply—the miscalculation does not impact whether Plaintiff's claims are time-barred. Plaintiff's claims accrued, at the latest, on the date of Plaintiff's open-removal surgery, which took place more than two years before Plaintiff filed her case. *See* Dkt. 21191 at 2-3.

question remains concerning when she discovered her alleged injury. *Id.* at 2. Plaintiff's argument is unavailing.

This Court has held that a plaintiff "necessarily kn[ows] at the time of her open removal surgery . . . that there was an issue with her IVC filter," thereby placing the plaintiff "on inquiry notice to investigate the matter further to determine whether she [has] an actionable claim." Dkt. 18365 at 2-3 (dismissing claims under Indiana and Arizona law). The same rationale applies here under Texas law. *See In re Mirena IUD Prods. Liab. Litig.*, 29 F. Supp. 3d 345, 356 (S.D.N.Y. 2014) (explaining that Indiana law and Texas law are similar concerning the discovery rule). What Plaintiff may or may not have learned after the open-removal surgery—and when she may have learned such information—is immaterial to the issue raised by this Motion: When was Plaintiff made aware of a potential issue with her filter? Plaintiff was aware of such information no later than November 29, 2018, the date of her open-removal surgery. The undisputed fact that Plaintiff underwent an open-removal surgery is sufficient—by itself and without regard to any additional information she may have later learned—to start the limitations period as a matter of law. *See* Dkt. 18365; *see also Shephard v. Danek Med., Inc.*, 1999 WL 1129705, at *1 (S.D. Tex. Aug. 13, 1999) ("[A]ny application of the [Texas] 'discovery rule' would terminate upon removal of the [plaintiff's device]."). Indeed, the record makes clear that Plaintiff knew she was undergoing an open surgery to remove the filter ***prior*** to the operation. Dkt. 21053 at 7 (noting that Plaintiff's doctor "discussed [the open surgery to remove the filter] with [Plaintiff] and her family in detail" prior to the surgery). Plaintiff does not and cannot dispute this knowledge. The limitations period thus began—at the latest—on the date of Plaintiff's open-removal surgery, and Plaintiff's claims should be dismissed. *See* Dkt. 18365; *Shephard*, 1999 WL 1129705, at *1.

Even assuming *arguendo* that the open-removal surgery was not sufficient to begin the limitations period by itself, Plaintiff's medical records establish that she presented to the hospital with back and abdominal pain and learned she had a perforating filter **before** the open-removal surgery. *See* Dkt. 21053 at 7. The record Plaintiff submitted in support of her injury categorization states that the open-removal surgery was performed "**because** of displacement and engagement of the hook of the IVC filter into a lumbar vein." The record further states that Plaintiff's doctor discussed the removal surgery in detail with Plaintiff and her family prior to the procedure. *Id.* Under Texas law, a plaintiff need not discover all the elements of a cause of action for the limitations period to begin; rather, Texas's "discovery rule speaks only of discovery of the injury." *Coody v. A.H. Robins Co., Inc.*, 696 S.W.2d 154, 156 (Tex. Ct. App. 1985). Here, Plaintiff categorizes her injury as a symptomatic perforation, noting "abdominal pain [and] shortness of breath," Dkt. 21053 at 4, and the record unequivocally establishes Plaintiff knew that she had a perforating filter and that the filter was the likely cause of her pain prior to the open-removal surgery. Accordingly, Plaintiff's claims accrued—at the latest—on the date of her open-removal surgery, and Texas's discovery rule does not save her claims.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

                          Respectfully submitted,

Dated: March 2, 2022

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2022, a copy of the foregoing **COOK DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT IN PLAINTIFF ROSALINDA GONZALEZ'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*