UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Case:

Hogue, Darrin, 1:19-cv-01705

## COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF DARRIN HOGUE'S CASE PURSUANT TO CMO-28

Under Fed. R. Civ. P. 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges as his injury a failed IVC filter retrieval attempt due to an allegedly embedded filter.

1. <u>Plaintiff's Name</u>:  Darrin Hogue

2. <u>Case Number</u>:  1:19-cv-01705

3. <u>Case Origin</u>:  Filed in the Southern District of Indiana

4. <u>Date Complaint was Filed</u>:  April 29, 2019

5. <u>Plaintiff's Home State per Complaint</u>: West Virginia (Plaintiff's location of injury and residence at time of filter placement); Utah (Plaintiff's current residence)

6. <u>Applicable Choice of Law Rules</u>:  West Virginia

7. <u>Applicable Statute of Limitations</u>:  West Virginia (2 years), W. Va. Code § 55-2-12 ("Every personal action for which no limitations is otherwise prescribed shall be brought . . . within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries.")

8. <u>Filter Placement Date</u>:  October 12, 2012

9. <u>Latest Possible Date of Accrual</u>:  January 31, 2013 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting: "Unable to retrieve filter,

most probably secondary to filter being embedded in the right inferior vena caval wall.").

10. <u>Length of Time Between Claim Accrual and Filing</u>:  6 years, 2 months, 29 days

11. <u>Length of Time Between Placement and Filing</u>:  6 years, 6 months, 17 days

West Virginia law bars Plaintiff's personal injury claims because he filed his case more than two years after an unsuccessful attempt to retrieve his filter. *See supra*, ¶¶ 3, 9-10. Under West Virginia law, "the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence should know, (1) that he has been injured, (2) the identity of the maker of the product, and (3) that the product had a causal relation to his injury." *Hickman v. Grover*, 358 S.E.2d 810, 813 (W. Va. 1987). Once aware of his or her injury, a "plaintiff has an affirmative duty to further and fully investigate the facts surrounding [a potential claim]." *McCoy v. Miller*, 578 S.E.2d 355, 359 (W. Va. 2003). A plaintiff need not know that "the product was defective as a result of the conduct of its manufacturer." *Hickman*, 358 S.E.2d at 814. Likewise, a plaintiff need not know the full extent of his or her injuries for the limitations period to commence. *See Carter v. PrimeCare Med.*, 2017 WL 9690372, at *6-7 (S.D.W.V. Nov. 28, 2017) (holding that the limitations period began to run when plaintiff become aware of his initial injuries, not when plaintiff learned the full extent of his injuries).

This Court has held that a failed retrieval procedure puts a plaintiff "on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391 (dismissing case under Indiana and Ohio law). The same rationale applies here. Plaintiff necessarily knew, or in the exercise of reasonable diligence should have known, of the injury he now claims—a failed filter retrieval—and the injury's causal relationship to the filter at the time of the failed filter retrieval. The discovery rule does not apply, and Plaintiff's claims are time-barred by over four years.

Plaintiff's implied warranty claim is also time-barred because West Virginia law subjects that claim to a four-year statute of limitations from the date of delivery. *See* W. Va. Code § 46-2-725. Plaintiff filed this action more than six years after receiving his filter. *See* ¶¶ 4, 8, 11.

Plaintiff's consumer protection and express warranty claims fail as well. The Court has ruled that these claims are not adequately pled in the Master Complaint. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims. Thus, Plaintiff has failed to plead a viable state consumer-protection claim or a viable express warranty claim. Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  March 2, 2022 | /s/ *Jessica Benson Cox* |
|  | Jessica Benson Cox |
|  | Andrea Roberts Pierson |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 300 North Meridian Street, Suite 2500 |
|  | Indianapolis, Indiana  46204 |
|  | Telephone:  (317) 237-0300 |
|  | Andrea.Pierson@FaegreDrinker.com |
|  | Jessica.Cox@FaegreDrinker.com |
|  |  |
|  | James Stephen Bennett |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 110 West Berry Street, Suite 2400 |
|  | Fort Wayne, Indiana  46802 |
|  | Telephone:  (260) 424-8000 |
|  | Stephen.Bennett@FaegreDrinker.com |
|  |  |
|  | *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2022, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF DARRIN HOGUE'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*