IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTSLIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff : Robert R. Cunningham
Civil Case # 1:16-cv-1986

## PLAINTIFF'S MOTION FOR LEAVE TO FILE EXTRA PAGES IN RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF ROBERT CUNNINGHAM'S CASE PURSUANT TO CMO-28 AND EXTENSION OF TIME TO RESPOND

Under CMO-28 [Dkt. 14601], this Court restricted Plaintiff's responses to Defendants' Federal Rule of Civil Procedure 12[c] motions to three [3] pages.[1] Defendants were also confined to three pages. Here, even Defendants' Motion For Judgment In Plaintiff Robert Cunningham's Case Pursuant to CMO-28 [the "Motion"] [Dkt. 21168] exceeds that amount and totaled four [4] pages.

Three pages is woefully inadequate to respond to defendants' arguments and discuss the additional case law supporting plaintiff's position that the Court should DENY Defendants' Motion. Here, Plaintiff is requesting a ten [10] page limit to present our preliminary Response containing additional case law, North Carolina Sup. Ct. precedent and factual distinctions that respectfully, we believe the Court has not previously been presented with and which were not addressed in Defendants' Motion.

---

[1] Under S.D. Ind. L.R. 7-1[e][1] Response briefs are normally allowed thirty-five [35] pages with additional pages granted upon the Court's approval.

The case law presented in Plaintiff's Response supports the premise that the North Carolina Six-Year Statute of Repose ["SOR"] does not apply to the facts in this case because Defendants' express, lifetime warranty for their "permanent" implantable Celect IVC filter waived their ability to hide behind North Carolina's six-year SOR; or in the alternative, due to open, unsettled issues in North Carolina's case law regarding the disease exception and whether the twelve-year SOR applies here, requiring additional fact discovery, Defendants' Motion should be DENIED and the issues DEFERRED to the North Carolina remand court for resolution and further evidentiary discovery and briefing.

Moreover, three pages is woefully inadequate to discuss the relevant cases supporting the three primary reasons that the North Carolina Six-Year SOR does not apply here, which were not addressed by Defendants' Motion and which are key to Plaintiff's Response. This is not an insignificant Motion. Defendants wish to dismiss this case based on initial pleadings, before any case-specific fact discovery has been obtained. Plaintiff will be unduly prejudiced if he is not allowed to present these arguments to the Court.

None of the cases cited in defendants' Motion address the case law supporting waiver of the six-year SOR by a longer express warranty with similar facts as Plaintiff; neither do they address the disease exception in a case with similar facts as Plaintiff's. Finally, none of Defendants' cited cases address the unsettled, open questions of law as to whether the 2009 amendment *extended* the SOR to plaintiffs with claims that had not yet been extinguished before the amendment took place, such as plaintiff's. At this time, Plaintiff is not aware that this Court has ruled on these specific arguments presented in a case with similar facts, possibly because they have not previously been briefed before this Court.

Plaintiff respectfully submits our PROPOSED PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT UNDER CMO-28 [10 pages] with exhibits in support attached as an exhibit to this motion.[2] .

Plaintiff PRAYS that if the Court finds that Defendants' did not waive the SOR by their express, lifetime warranty, then fairness requires DEFERRAL of any final ruling until the North Carolina remand court can address these issues of law after case-specific fact discovery is obtained.

Plaintiff respectfully requests that this Court GRANT PLAINTIFF'S MOTION FOR LEAVE TO FILE EXTRA PAGES IN RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF ROBERT CUNNINGHAM'S CASE PURSUANT TO CMO-28 and deem Plaintiff's Response filed instanter. A Proposed Order is attached.

If the Court rejects Plaintiff's motion then Plaintiff requests an extension of time to respond with a three page Response.

Date:  March 3, 2022            Respectfully submitted,

                                      **THE DUDLEY LAW FIRM, LLC**

                                      By: */s/ Elizabeth Dudley*
                                      Elizabeth Dudley (KS Bar No. 21582) (admitted *pro hac vice*)

                                              **The Dudley Law Firm, LLC**
                                              23438 SW Pilot Point Rd
                                              Douglass, Ks  67039
                                              (316) 746-3969
                                              (316) 854-5638 (fax)
                                              Liz@lizdudleylaw.com

---

[22] Plaintiff has filed 3 exhibits under seal, pursuant to CMO No. 8, Dkt. 481, out of an abundance of caution, even though they only contain information related to Celect marketing and ads, patient brochures and instructions for doctors.

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2022, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to the CM/ECF participants registered to receive service in this matter. Parties may access the filing through the Court's system.

/ s/ Elizabeth Dudley