UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br><br>MDL No. 2570 |
| This document relates to:<br><br>**All Cases** | |

**Plaintiffs' Steering Committee's Response to Cook's "Status Report"**
**Concerning the Effect of the *Looper* Decision**

Comes now the Plaintiffs' Steering Committee and files this Response to Cook's "Status Report" Concerning the Effect of the *Looper* Decision, and would respectfully show as follows:

**Introduction**

On January 26, 2022, Cook filed a "status report" on the effect of the Seventh Circuit's decision in *Looper v. Cook Inc.*, 20 F.4th 387 (7th Cir. 2021). Although Cook's "report" did not fully discuss the implications of *Looper*, the PSC had planned to address those issues in the normal course of briefing on any motions to come.

In its "Notice of March 9, 2022 Motions Hearing" filed on February 22, 2022 (Doc. 21189), however, Cook has listed this "status report" as a motion to be heard. The status report does not ask for any relief. In an abundance of caution, however, the PSC submits this response to Cook's status report. Plaintiffs look forward to discussing these issues with the Court at the next conference.

**Argument**

Cook makes three statements in its report. First, it claims that only the *Looper* and *Lambert* cases themselves were filed within the statute of limitations of the designated home state, but outside the Indiana two-year limitations period, and "[a]ll other orders entered by the court occurred in cases in which the case was filed outside of both the statute of limitations applicable in plaintiff's designated home state and Indiana's statute of limitations." The decision "therefore has no material impact on the other cases as to which the Court granted summary judgment based on Cook's Omnibus Motion for Summary Judgment in Open Removal Cases … or the Court's rulings in CMO-28 motions."

Next, Cook states that the Court currently has under advisement summary judgment motions in seven cases that were part of the Omnibus Motion, but that Cook has withdrawn the motion "to evaluate the impact" of *Looper*. Finally, Cook asserts that "[a]ll of the other currently pending CMO-28 motions based on the statute of limitations argue for dismissal under both the home state and Indiana statutes of limitations, and are therefore not affected by *Looper*."

As to motions for summary judgment based on the statute of limitations, plaintiffs do not necessarily fully agree with Cook's statement. For instance, a designated home state may also have a two-year statute of limitations, but may also have a discovery rule, or a rule of accrual, that differs materially from Indiana's. But any such differences can be addressed when and if Cook presses further motions for summary judgment on limitations grounds.

*Looper's* effect on choice-of-law issues in direct-filed cases will no doubt be the subject of future briefing and argument. *Looper* also has obvious, unavoidable implications for motions for remand, however, and Cook carefully avoids saying anything on that score. While plaintiffs will discuss the issue in forthcoming motions for remand, they feel constrained to address it briefly now, in view of Cook having set its "status report" for hearing.

The Court will remember that Cook's objection to the PSC's assertion of *Lexecon* rights -- an objection characteristically stated in offensive, *ad hominem* terms -- depended substantially on the asserted lack of a direct-filing order in this case. See Doc. 10786 at 15: "There can be no 'direct filing' right without agreement between the parties and an order creating such a right; there can only be proper original filing in a district where venue is proper, as occurred here, and such original filing offers no basis for remand under section 1407(a) or any attendant *Lexecon* right."

The Seventh Circuit saw the record here differently. That court held that "[t]he court and the parties agreed in practice to a procedure by which new plaintiffs could join the MDL by filing directly in the Southern District of Indiana rather than filing in their home districts and waiting for the judiciary's administrative machinery to transfer their cases to the MDL in the Southern District of Indiana." *Looper*, supra, 20 F.4th at 389. See also 396 ("[T]he court and the parties simply proceeded as if direct filing were permissible and as if a direct-filing order were on the books."), and 398 ("Despite the absence of a formal direct-filing order in this MDL, everyone acted for years as if one were in place.").

The Seventh Circuit also pointedly rejected the distinction Cook has sought to draw between this and other MDLs. The notion, always a contrivance, was that direct-filing was somehow different here because venue was also proper in the MDL court. The Seventh Circuit saw through this argument. "Cook's rationale for limiting *Dobbs*, *Yasmin & Yaz*, and the other direct-filing MDL cases has been reverse-engineered to fit Cook's interests in the two appeals before us. That's neither unusual nor blameworthy, but *Cook is asking us to impose limits that those opinions did not invite.*" Id. at 398 (emphasis added).

The court of appeals did, in a footnote, observe that it was "express[ing] no views on [the *Lexecon*] issue, which may present considerations quite different from the statute-of-limitations defenses in these appeals." Plaintiffs recognize, of course, that the issue of *Lexecon* rights must be addressed in separate full briefing and argument to come. But the ventilation of that issue will proceed against the backdrop of the Seventh Circuit's holding that "the court and the parties simply proceeded as if direct filing were permissible and as if a direct-filing order were on the books."

Respectfully submitted,

/s/ *Joseph N. Williams*
Joseph N. Williams (#25874-49)
WILLIAMS & PIATT, LLC
1101 North Delaware Street
Indianapolis, IN 46202
(317) 633-5270 / Fax: (317) 426-3348
Email: joe@williamspiatt.com
*Liaison Counsel to Plaintiffs Steering Committee and on behalf of Plaintiffs Steering Committee*

/s/ *Michael W. Heaviside*
Michael W. Heaviside, Esq.
HEAVISIDE REED ZAIC, A LAW CORPORATION
910 17th Street, NW, Suite 800
Washington, DC 20006
(202) 223-1993
mheaviside@hrzlaw.com


/s/ *Ben C. Martin*
Ben C. Martin, Esq.
MARTIN BAUGHMAN, PLLC
3141 Hood Street, Suite 600
Dallas, TX 75219
(214) 761-6614 / Fax: (214) 744-7590
bmartin@martinbaughman.com

/s/ *David P. Matthews*
David P. Matthews, Esq.
MATTHEWS AND ASSOCIATES
2509 Sackett St.
Houston, TX  77098
(713) 522-5250 / Fax: (713) 535-7184
dmatthews@thematthewslawfirm.com

*Plaintiffs' Co-Lead Counsel*

## Certificate of Service

I hereby certify that on the 3rd day of March, 2022, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Joseph N. Williams*
Joseph N. Williams