IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILETERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No: 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This Document Relates Only to the Following
Case:  Eleanor Williams – 1:19-cv-02302

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGEMENT PURSUANT TO CMO-28**

1

Comes now Plaintiff through undersigned counsel and submits this Response in Opposition to Defendant's Motion for Judgment pursuant to CMO 28.  (Dkt 21169).  For the reasons below, Plaintiff respectfully asks that the Court deny Defendants' motion.

The only issue presented by Defendants' Motion is whether Plaintiff's action is barred by North Carolina's statute of repose.  The parties agree that Plaintiff was implanted with the Celect IVC Filter on February 21, 2009 in the state of North Carolina.  Defendant's argue that Plaintiff's complaint is barred by N.C. Gen. Stat. §1-50(a)(6)(repealed), requiring Plaintiff to file within six years of implantation, instead of within twelve years as required by, N.C. Gen. Stat §1-46.1.

## ARGUMENT

### I.      Plaintiff's cause of action accrued after 2009, allowing her twelve years to file her claim against Defendants.

North Carolina's twelve-year statute of repose is applicable to Plaintiff's claim because her cause of action accrued after October 1, 2009.  The twelve-year statute of repose became "effective [on] October 1, 2009 and applies to causes of action that *accrue* on or after that date." N.C. Sess. Laws 2009-420 (emphasis added).  Under North Carolina, a personal injury claim does not accrue "until bodily harm to the claimant . . . becomes apparent or ought reasonably to have become apparent to the claimant." N.C. Gen. Stat. § 1-52(16).  Previously, in this MDL, this Court specifically agreed with the testimony of a doctor, that "the only way to diagnose a perforation is through imaging […]". *McDermitt,* (Dtk 13187).  In *McDermitt*, this Court held that the cause of action for a perforation (the injury claimed by Plaintiff in this matter) was only upon imaging.  Here, the bodily harm suffered by Plaintiff was not discovered upon imaging until after October 1, 2009.  Per this Court's own rulings, Plaintiff's claim therefore did not accrue until after October 1, 2009 and her filing is timely.

While some case law suggests that statutory amendments cannot revive an extinguished claim, the argument is inapplicable to Plaintiff's claim. *See, Lackey v. DePuy Orthopaedics, Inc.*, No. 5:10-cv-00030-RLV-DSC, 2011 U.S. Dist. LEXIS 76529, at *10–11 (W.D.N.C. 2011). Plaintiff's claim was never extinguished because her filter was implanted in 2008. This means that her claim was still active when North Carolina amended its statute of repose a year later, and, because her cause of action accrued after October 1, 2009, she was entitled to file her claim within in twelve years of the purchase of her IVC filter.

The primary case relied upon by Defendants, *Cramer v. Ethicon Inc.* does not support their overbroad conclusion that a six-year statute of should apply to *all* claims where the product was purchased or delivered before October 1, 2009. *Cramer* considered the application of North Carolina's statute of repose to injuries caused by a product implanted in 2007. The court sweepingly concluded that courts consistently apply the six-year statue of repose to any product purchased or delivered before 2009. 2021 U.S. Dist. LEXIS 12891, at *10 (W.D.N.C. 2021). However, the North Carolina cases cited in *Cramer* do not support its conclusion. *Robinson v. Bridgestone/ Firestone N. Am. Tire, LLC*, 209 N.C. App. 310, 703 S.E.2d 883, 886-87 (N.C. Ct. App. 2011) and *Lackey v. DePuy Orthopaedics, Inc.*, No. 5:10-cv-00030-RLV-DSC, 2011 U.S. Dist. LEXIS 76529, at *10–11 (W.D.N.C. 2011) related to cases where the claims was extinguished before 2009, whereas *Ferro v. VolVo Penta of the Americas, LLC*, No. 5:17cv194, 2017 U.S. Dist. LEXIS 137721, 2017 WL 3710071, at *3 (E.D.N.C. Aug. 28, 2017) dealt with a claim that accrued before 2009. Plaintiff's claim is then distinguishable because it accrued after 2009, but was not extinguished when the statute of repose was extended.

Because Plaintiff is not attempting to revive an extinguished claim and because the plain language of Session Law 2009-420 is clear, the twelve-year statute of repose should be applied to Plaintiff's claim, as intended by North Carolina's legislature.

### II.      North Carolina's statute of repose does not apply to this action.

####      a.   *The Disease Exception to North Carolina's statute of repose applies.*

The Disease Exception to North Carolina's statue of repose should be applied to

Plaintiff's claim because she is unable establish the first occurrence of her injury and the injury

was not readily apparent.  North Carolina's statute of repose does not apply to claims for latent

diseases. *See, e.g.*, *In re Paraquat Prods. Liab. Litig.*, 2022 WL 451898, at *7-9 (S.D. Ill. Feb.

14, 2022).  In determining whether the disease exception applies, the court looks for two

characteristics: (1) the difficulty of establishing the exact time Plaintiff's injury first occurred,

and (2) some time period between the first exposure to the product and the discovery of the

disease, so that the harm would not be apparent until the Plaintiff was diagnosed.  Though

Defendants' Motion does not assert sufficient facts for the court to rule on this issue, the

difficulty of establishing when a Plaintiff was first harmed by their IVC filter and the time it

takes to discover the injury weigh in favor of applying the Disease Exception to Plaintiff's claim.

####      b.   *Defendants have waived North Carolina's statute of repose.*

Defendants consistently represented that their IVC filters were safe for permanent

placement, and they cannot shield themselves from liability by invoking North Carolina's statute

of repose.  Statutes of repose typically serve as "a bulwark against the possibility of open-ended

exposure to suits for damages," but the North Carolina Supreme Court has recognized that the

beneficiary can waive that benefit.  *Christie v. Hartley Constr. Inc.*, 367 N.C. 534, 540 (N.C.

2014) (finding that "[a] warranty that a seller knows is unenforceable is a sham, useful only to

beguile the unsuspecting).  Defendants warranted to both the FDA and consumers that their

filters were safe for *permanent* implantation—not merely the first six, or even twelve, years of

use.  In doing so, they waived the defense of North Carolina's statue of repose, and they should

not now be able to escape liability by abandoning their promise to consumers.

For these reasons, Plaintiff asks the Court to deny the Motion or, in the alternative, grant

leave for Plaintiff to amend her SFC to add additional allegations regarding Defendant's

warranties.

<div style="margin-left: 50%;">

Respectfully submitted,

*/s/ Rhett A. McSweeney*
Rhett A. McSweeney
MN Bar No. 269542
McSweeney/Langevin LLC
2116 Second Avene South
Minneapolis, Minnesota 55404
Telephone: (877) 542-4646
Fax: (612) 454-2678
ram@westrikeback.com

**Counsel for Plaintiff**

</div>

Dated: March 4, 2022

5

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2022, a copy of the foregoing **PLAINTIFF'S RESPONSE IN**

**OPPOSITION TO DEFENDANTS' MOTION FOR JUDGEMENT PURSUANT TO**

**CMO-28** was filed electronically and notice of the filing of this document will be sent to all

parties by operation of the Court's electronic filing system to CM/ECF participants registered to

receive service in this matter. Parties may access this filing through the Court's system.


/s/ *Rhett A. McSweeney*