IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL NO. 2570 |
| This Document Relates To: | ) ) | |
| Plaintiff Louis A. Paciocco | ) | |

Civil Case # 1:17-cv-03100-RLY-TAB

**PLAINTIFF LOUIS V. PACCIOCCO'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT PURSUANT TO CMO-28**

Plaintiff LOUIS V. PACIOCCO respectfully files this Response in Opposition to Defendants' Motion for Judgment Pursuant to CMO-28 [Document No. 21170]. Plaintiff asks the Court to deny the Motion for the reasons set forth herein.

INTRODUCTION

The only issue presented by Defendants' Motion is whether Plaintiff's action is barred by North Carolina's statute of repose. The parties agree that Plaintiff was implanted with the Günther Tulip® Vena Cava Filter on June 19, 2006 in the state of North Carolina. Defendants argue that Plaintiff's complaint is barred by N.C. Gen. Stat. §1-50(a)(6)(repealed), requiring Plaintiff to file within six years of implantation, instead of within twelve years as required by N.C. Gen. Stat §1-46.1.

ARGUMENT AND AUTHORITIES

I.  **Plaintiff's cause of action accrued after 2009, allowing him twelve years to file his claims against Defendants.**

North Carolina's twelve-year statute of repose is applicable to Plaintiff's claims because his cause of action accrued after October 1, 2009. The twelve-year statute of repose became "effective [on] October 1, 2009 and applies to causes of action that _accrue_ on or after that date." N.C. Sess. Laws 2009-420 (emphasis added). Under North Carolina law, a personal injury claim does not accrue "until bodily harm to the claimant . . . becomes apparent or ought reasonably to have become apparent to the claimant." N.C. Gen. Stat. § 1-52(16). Previously, in this MDL, this Court specifically agreed with physician testimony that "the only way to diagnose a perforation is through imaging […]". *McDermitt*, Dtk 13187. In *McDermitt*, this Court held that the cause of action for a perforation (which is similar to the injury claimed by Plaintiff in this matter, which are fracture, migration and entanglement with blood vessels by the IVC filter) was only upon imaging. Here, the bodily harm suffered by Plaintiff was not discovered until imaging was performed after October 1, 2009. Specifically, Plaintiff had imaging studies performed at Rex Hospital in North Carolina in 2017. Per this Court's own rulings, Plaintiff's claim therefore did not accrue until after October 1, 2009 and his Complaint was timely filed.

While certain case law suggests that statutory amendments cannot revive an extinguished claim, this argument is inapplicable to Plaintiff's claim. *See*, *Lackey v. DePuy Orthopaedics, Inc.*, No. 5:10-cv-00030-RLV-DSC, 2011 U.S. Dist. LEXIS 76529, at *10–11 (W.D.N.C. 2011). Plaintiff's claim was never extinguished because his filter was implanted in 2006. This means that his claim was still active when North Carolina amended its statute of repose in 2009, and,

2

because his cause of action accrued after October 1, 2009, he was entitled to file his claims within twelve years of the purchase and implant of the IVC filter. A legislature, of course, has authority to modify a legislatively-created repose period for claims not already extinguished. *McCrater v. Stone & Webster Eng'g Corp.*, 104 S.E.2d 858, 861 (N.C. 1958) ("where statutes prescribing limitations within which particular rights may be enforced relate to remedies only, and not to substantive rights, ordinarily the legislature has the power to enlarge the time necessary to constitute the bar of limitation, and to make it applicable to existing causes of action, provided such change is made before the cause of action is barred under the pre-existing statute of limitations.").

The primary case relied upon by Defendants, *Cramer v. Ethicon Inc.*, does not support their overbroad conclusion that a six-year statute of repose should apply to *all* claims where the product was purchased or delivered before October 1, 2009. *Cramer* considered the application of North Carolina's statute of repose to injuries caused by a product implanted in 2007. The court sweepingly concluded that courts consistently apply the six-year statue of repose to any product purchased or delivered before 2009. 2021 U.S. Dist. LEXIS 12891, at *10 (W.D.N.C. 2021). However, the North Carolina cases cited in *Cramer* do not support its conclusion. *Robinson v. Bridgestone/Firestone N. Am. Tire, LLC*, 209 N.C. App. 310, 703 S.E.2d 883, 886-87 (N.C. Ct. App. 2011) and *Lackey v. DePuy Orthopaedics, Inc.*, No. 5:10-cv-00030-RLV-DSC, 2011 U.S. Dist. LEXIS 76529, at *10–11 (W.D.N.C. 2011) both related to cases where the claims was extinguished *before* 2009, whereas *Ferro v. VolVo Penta of the Americas, LLC*, No. 5:17cv194, 2017 U.S. Dist. LEXIS 137721, 2017 WL 3710071, at *3 (E.D.N.C. Aug. 28, 2017) dealt with a claim that accrued before 2009. Plaintiff's claim here is

distinguishable because it accrued after 2009, but had not yet been extinguished when the statute of repose was extended by the legislature. Because Plaintiff is not attempting to revive an extinguished claim and because the plain language of Session Law 2009-420 is clear, the twelve-year statute of repose should be applied to Plaintiff's claim, as intended by North Carolina's legislature.

**II.     North Carolina's statute of repose does not apply to this action.**

*a. The Disease Exception to North Carolina's statute of repose applies.*

The Disease Exception to North Carolina's statue of repose should be applied to Plaintiff's claim because he is unable establish the first occurrence of his injury and the injury was not readily apparent. North Carolina's statute of repose does not apply to claims for latent diseases. *See, e.g.*, *In re Paraquat Prods. Liab. Litig.*, 2022 WL 451898, at *7-9 (S.D. Ill. Feb. 14, 2022). In determining whether the disease exception applies, the court looks for two characteristics: (1) the difficulty of establishing the exact time Plaintiff's injury first occurred, and (2) some time period between the first exposure to the product and the discovery of the disease, so that the harm would not be apparent until the Plaintiff was diagnosed. Though Defendants' Motion does not assert sufficient facts for the court to rule on this issue, the difficulty of establishing when a plaintiff was first harmed by their IVC filter and the time it takes to discover the injury weigh in favor of applying the Disease Exception to Plaintiff's claims.

*b. Defendants have waived North Carolina's statute of repose.*

Defendants consistently represented that their IVC filters were safe for permanent placement, and they cannot shield themselves from liability by invoking North Carolina's statute

4

of repose. Statutes of repose typically serve as "a bulwark against the possibility of open-ended exposure to suits for damages," but the North Carolina Supreme Court has recognized that the beneficiary can waive that benefit. *Christie v. Hartley Constr. Inc.*, 367 N.C. 534, 540 (N.C. 2014) (finding that "[a] warranty that a seller knows is unenforceable is a sham, useful only to beguile the unsuspecting). Defendants warranted to both the FDA and consumers that their filters were safe for permanent implantation - not merely for the first six, or even twelve, years of use. In doing so, they waived the defense of North Carolina's statue of repose, and they should not now be able to escape liability by abandoning their promise to consumers.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion or, in the alternative, grant leave for Plaintiff to amend his Short Form Complaint to add additional allegations regarding Defendants' warranties.

Dated: March 4, 2022

Respectfully submitted,

 /s/ Charlotte L. Itoh
David M. Fine
Charlotte L. Itoh
Fine Law Firm
220 Ninth Street NW
Albuquerque, New Mexico 87102
Telephone: (505) 243-4541
Facsimile: (505) 242-2716
david@thefinelawfirm.com
charlotte@thefinelawfirm.com

I hereby certify that on March 4, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

 /s/ Charlotte L. Itoh