**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

All Plaintiffs identified in **"Exhibit A"**
to the Plaintiffs' Motion to Dismiss for Failure
to Cure PPS Deficiencies

**MOTION TO MAINTAIN UNDER SEAL "EXHIBIT A" TO THE PLAINTIFFS' MOTION TO DISMISS FOR FAILURE TO CURE PPS DEFICIENCIES**

Pursuant to Local Rule 5-11(d)(2)(A), the below identified Plaintiffs' respectfully move the Court to maintain under seal "**Exhibit A**" to the Cook Defendants' Motion to Dismiss for Failure to Cure PPS Deficiencies in order to protect the below identified Plaintiffs' interests in their medical privacy. In support of this motion, the Plaintiffs' state:

**LEGAL STANDARD**

1.  Under Federal Rule of Civil Procedure 26(c)(1)(G), the court may, "for good cause," enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *See also Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002) (documents that "meet the definition of trade secret or other categories of bona fide long-term confidentiality" may be sealed). Likewise, private health information should be maintained

under seal for good cause at least until consent by the patient is obtained to protect the patient's interest in medical privacy. *See generally Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017).

2. **Medical Privacy** – With respect to medical information, courts in the Seventh Circuit have routinely recognized that, while parties' medical information may be made public where it is relevant to the claims at issue and/or necessary to the disposition of the case, other information may be kept under seal with good cause. *See Westedt v. Franklin,* 2016 WL 2997504, at *1 (E.D. Wis. May 23, 2016); *Gibson v. Milwaukee Cnty.*, 2015 WL 12964665, at *1 (E.D. Wis. Mar. 26, 2015); *Noe v. Carlos,* 2008 WL 5070463, at *3 (N.D. Ind. Nov. 26, 2008). The good cause inquiry thus requires balancing a party's acknowledged interest in medical privacy, *see Whalen v. Roe*, 429 U.S. 589, 599-600 (1977), against the Court's (and the parties') interest in the accurate resolution of the conflict and the public interest in transparency. *Cole,* 2017 WL 2929523, at *3. Private health information should be maintained under seal at least until consent by the patient is obtained to protect the patient's interest in medical privacy. *See generally id.* at *3.

3. The "good cause" standard under Rule 26(c) "requires a balancing of the potential harm to the litigants' interests against the public's right to obtain information concerning judicial proceedings." *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 415-16 (S.D. Ind. 2001) (Baker, J.); *see also Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003) ("The rule essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding annoyance, embarrassment, oppression, or undue burden or expense.") (Baker, J.). Consistent with the doctrine discussed earlier, however, "the presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district

court's resolution'; other materials that may have crept into the record are not subject to the presumption." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (citing *Baxter Int'l*, 297 F.3d at 548)).

### DOCUMENTS SOUGHT TO BE SEALED

4.  **"Exhibit A"** contain the Plaintiff Profile Sheet submissions for Plaintiffs. These exhibits constitute medical privacy documents because they contain details concerning Plaintiffs' private medicalcare and treatment. Accordingly, these exhibits should be maintained under seal to protect the medical privacy of Plaintiffs'.

5.  As set forth above, courts in the Seventh Circuit have routinely recognized that, while parties' medical information may be made public where it is relevant to the claims at issue and/or necessary to the disposition of the case, other information may be kept under seal with good cause. *See Westedt,* 2016 WL 2997504, at *1; *Gibson,* 2015 WL 12964665, at *1; *Noe,* 2008 WL 5070463, at *3. The good cause inquiry thus requires balancing a party's acknowledged interest in medical privacy, *see Whalen,* 429 U.S. at 599–600, against the Court's (and the parties') interest in the accurate resolution of the conflict and the public interest in transparency. *Cole,* 2017 WL 2929523, at *3. Private health information should be maintained under seal at least until consent by the patient is obtained to protect the patient's interest in medical privacy. *See generally id.* at *3.

6.  Out of an abundance of caution, the Court should permit these exhibits to be filed and maintained ***under seal*** for good cause until these respective Plaintiffs consent to what should be disclosed.

7.  A proposed order granting this Motion has been filed with this Motion.

WHEREFORE, the Plaintiffs respectfully urge the Court to enter an order granting the Plaintiffs leave to file under seal and maintaining under seal "**Exhibit A**" to the Plaintiffs' Motion to Dismiss for Failure to Cure PPS Deficiencies.

Dated:  March 4, 2022                                    Respectfully submitted,

/s/ Kelly Chermack
Kelly Chermack
Texas Bar No. 24121361
kchermack@fnlawfirm.com
FEARS NACHAWATI, PLLC
5473 Blair Road
Dallas, TX 75231
Tel. (214) 890-0711
Fax (214) 890-0712

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2022, a copy of the foregoing **MOTION TO MAINTAIN UNDER SEAL " EXHIBIT A" TO THE PLAINTIFFS' MOTION TO DISMISS FOR FAILURE TO CURE PPS DEFICIENCIES** was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Kelly Chermack*

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to the Following Actions:

All Plaintiffs identified in Exhibit A
to the Cook Defendants' Motion to Dismiss for
Failure to Cure PPS Deficiencies

## ORDER GRANTING MOTION TO MAINTAIN UNDER SEAL EXHIBITS B THROUGH F TO THE PLAINTIFFS' MOTION TO DISMISS FOR FAILURE TO CURE PPS DEFICIENCIES

This matter has come before the Court on the Plaintiffs' Motion to Maintain Under Seal "**Exhibit A**" to the Cook Plaintiffs' Motion to Dismiss for Failure to Cure PPS Deficiencies.

The Court, having reviewed the Plaintiffs' Motion to Maintain Under Seal and being otherwise duly advised, finds that good cause exists and that the relief sought by the Plaintiffs' should be GRANTED.

IT IS THEREFORE ORDERED that "**Exhibit A**" to the Plaintiffs' Motion to Dismiss for Failure to Cure PPS Deficiencies **are to be maintained** *under seal.*

SO ORDERED this ____ day of _____, 2022.

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to all registered counsel of record via the Court's ECF system.