UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND           Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION            MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Williams, Joe B., 1:22-cv-00045

_____

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT
IN PLAINTIFF JOE B. WILLIAMS'S CASE PURSUANT TO CMO-28**

Texas law bars Plaintiff's claims. The express-warranty exception does not apply because the Tulip Patient Guide did not create an express warranty. Further, the latent-disease exception—or the unrecognized implicit exception Plaintiff urges the Court adopt—does not apply because application of either exception is contrary to the plain statutory language.

**A.    The Express-Warranty Exception Does Not Save Plaintiff's Claims**

Assuming the Court considers the Tulip Patient Guide,[1] the guide's language does not create an "express warranty" for purposes of the statute of repose. The Patient Guide states:

> The Gunther Tulip™ Vena Cava Filter is often used as a permanently implanted device. Patients are able to lead a normal, active lifestyle, and rarely have complications from having the filter implanted. The Gunther Tulip™ Vena Cava Filter may also be removed if your risk of pulmonary embolism has diminished. However, there is a limited amount of time that the filter can be implanted if it is to be safely removed. Please consult with your physician to see if he or she plans to retrieve the filter or leave it in. Remember, the Gunther Tulip™ Vena Cava Filter is safe and effective as either a permanent or temporary device.

Dkt. 21176-3 at 6. No fair reading of this passage could create a reasonable inference that Cook "expressly warrant[ed] in writing that the product has a useful safe life of longer than 15 years."[2] Tex. Civ. Rem. & Prac. Code § 16.012(c). Indeed, courts have rejected express-warranty claims under Texas law premised on language stronger than that on which Plaintiff relies here. *See Belmonte v. Baxter Healthcare Corp.*, 2002 WL 560996, at *4 (Tex. App. Apr. 16, 2002) (finding promise the product "should last a lifetime" did not create an express warranty); *Roy v.*

---

[1] Although the Tulip Patient Guide Plaintiff submitted is not part of Plaintiff's pleadings, the Court may consider the document by converting the motion to one for summary judgment. *See* Fed. R. Civ. P. 12(d).

[2] Plaintiff relies on the word "permanent" to argue that the Patient Guide "essentially offer[s] a lifetime warranty." Dkt. 21176 at 1. Plaintiff's argument is unavailing. "For an express warranty to meet the [express-warranty] exception, it must make specific reference to a specific date in the future." *Safeway Stores, Inc. v. Certainteed Corp.*, 710 S.W.2d 544, 548 (Tex. 1986). Courts construe this exception narrowly. *Id.* Here, nothing in the Patient Guide makes a "specific reference to a specific date in the future." To the contrary, in the medical device context, "permanent" describes the *type* of medical device. The word "permanent" does not confer a lifetime warranty as Plaintiff suggests. Moreover, permanent does not mean without potential complication. Indeed, the Patient Guide on which Plaintiff relies expressly notes possible adverse effects associated with permanent filter placement. *See* 21176-3 at 7. Thus, read in its full context, no fair reading of the Patient Guide creates an express warranty for purposes of the Texas statute of repose.

1

*Armco, Union Wire Rope Div.*, 636 F. Supp. 839, 840-41 (E.D. Tex. 1986) (finding promise the product was "designed for long life" did not create an express warranty).[3]

**B.     The Latent-Disease Exception Does Not Save Plaintiff's Claims**

The latent-disease exception to the Texas statute of repose also does not save Plaintiff's claims. Tex. Civ. Prac. & Rem. Code § 16.012(d). As the *Brown* case cited by Plaintiff states, latent disease cases "'ordinarily arise' in one of three situations: occupational disease, medical malpractice, and pharmaceutical side effects." *Brown v. Exactech, Inc.*, 376 F. Supp. 3d 811, 817 (E.D. Tenn. 2019) (discussing Texas law). In contrast, "[m]edical device failures are not the prototypical latent injury [or disease] situation." *Id*.

The plain language of § 16.012(d) establishes the exception does not apply to medical device cases. The statute mentions neither medical devices nor the types of injuries that ordinarily arise from them; it addresses only *diseases* resulting from *exposure* to a product. Thus, nothing in the statute justifies extending the exception to medical device claims, let alone device claims that allege a latent injury rather than a latent disease. *See Sorokolit v. Rhodes*, 889 S.W.2d 239, 241 (Tex. 1994) (holding "the plain and common meaning of the language in a statute" controls, and "courts may not by implication enlarge the meaning of any word in the statute beyond its ordinary meaning"). The Court should reject Plaintiff's invitation to impermissibly enlarge the latent-disease exception beyond its plain meaning.[4] *See id*.

---

[3] Even assuming *arguendo* that the Patient Guide created an express warranty, Plaintiff's argument would still fail because he cannot establish that he relied on the seller's purported warranty. *See Morris v. Adolph Coors Co.*, 735 S.W.2d 578, 587 (Tex. App. 1987). This Court has held that a plaintiff seeking the benefit of the express-warranty exception must establish each element of an express-warranty claim. *See* Dkt. 4918 at 14-15. Here, Plaintiff has not claimed he read or relied on the Patient Guide's language. He therefore cannot invoke the express-warranty exception. *See id.* at 15 (dismissing Texas plaintiff's case in its entirety after rejecting her express-warranty argument); *see also* Dkt. 18667 (same).

[4] Indeed, latent injury and latent disease are not synonymous, and the concepts invoke different policy considerations in the statute-of-repose context. *See, e.g.*, *In re Mentor Corp.*, 2016 WL 4385846, at *3 (M.D. Ga. Aug. 15, 2016) (refusing to extend the "disease exception" to North Carolina's statute of repose because the plaintiff claimed to have suffered a latent injury, rather than a latent disease). Where diseases often have causes that are

Further, despite Plaintiff's assertion, the *Brown* court did <u>*not*</u> apply the latent-disease exception to a medical device. On the contrary, it held that the exception did not "fit the facts." 376 F. Supp. 3d at 819. And the court expressed concern that permitting the exception would swallow the rule:

> [T]o hold otherwise would create an exception that swallows the rule. This is likely not the first case where a medical device manufacturer has sold a product to a doctor who immediately uses it for a joint replacement, and the product (unfortunately) fails many years down the line. Indeed, one could assume that in most cases, there is a temporal separation between exposure to a defective medical device and its failure. If the Court were to rule that Plaintiff could claim the benefit of § 16.012(d), it would effectively create a "medical device exception" for an otherwise strict statute of repose. There is no evidence the Texas legislature intended this outcome.

*Id.* Plaintiff cites no decision that adopts his view that the latent-disease exception applies to medical devices, and the Court should reject his argument.

### C. The Court Should Not Adopt a New "Medical Device Discovery Rule" to Save Plaintiff's Claims.

Finally, the Court should reject Plaintiff's invitation to create a new exception for medical device failures that may be difficult to discover. *See* Dkt. 21176 at 3. Texas courts have not adopted such a rule, and the very case on which Plaintiff relies demonstrates that Texas courts would not do so. *See Methodist Healthcare Sys. of San Antonio, Ltd., L.L.P. v. Rankin*, 307 S.W.3d 283, 286 (Tex. 2010) (noting "a statute of repose is not subject to judicially crafted rules of tolling or deferral"). Plaintiff's sole argument for his proposed exception is that § 16.012 is not explicitly a statute of repose. But the cases Plaintiff cite, as well as many Texas decisions, all refer to § 16.012 as a statute of repose. *See generally Brown*, 376 F. Supp. 3d 811; *see, e.g.*, *Stevenson v. Ford Motor Co.*, 608 S.W.3d 109, 120 (Tex. Civ. App. 2020). The Court should reject Plaintiff's proposed new "medical device discovery rule" for the Texas statute of repose.

---

difficult to discern, a latent injury from a medical device—such as that claimed here—is attributable directly to the device. *See id.*

3

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  March 7, 2022 | /s/ *Andrea Roberts Pierson* |
|  | Jessica Benson Cox, Co-Lead Counsel |
|  | Andrea Roberts Pierson |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 300 North Meridian Street, Suite 2500 |
|  | Indianapolis, Indiana  46204 |
|  | Telephone:  (317) 237-0300 |
|  | Andrea.Pierson@FaegreDrinker.com |
|  | Jessica.Cox@FaegreDrinker.com |
|  |  |
|  | James Stephen Bennett, Co-Lead Counsel |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 110 West Berry Street, Suite 2400 |
|  | Fort Wayne, Indiana  46802 |
|  | Telephone:  (260) 424-8000 |
|  | Stephen.Bennett@FaegreDrinker.com |
|  |  |
|  | *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2022, a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT IN PLAINTIFF JOE B. WILLIAMS'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Andrea Roberts Pierson*

.