IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF

INDIANA INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br><br>MDL No. 2570 |

This Document Relates to Plaintiff

Sherlyn Pinder

Civil Case # 1:18-cv-01635-RLY-TAB

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR JUDGMENT UNDER CMO 28**

The Cook Defendant's ("Cook") motion for judgment on the pleadings that Plaintiff's claims are time barred under the two-year statute of limitations ("SOL") in Pennsylvania fails for several reasons. First, Pliantiff's claims were tolled under the discovery rule. Second, the doctrine of fraudulent concealment precludes Cook from relying on the SOL to bar Plaintiff's claims. And third, Plaintiff's amended short form complaint filed commensurate herewith sets forth factual allegations that plausibly state a claim for relief under express warranty.[1]

"In considering a motion for judgment on the pleadings, a court must accept all of the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party." *Zimmerman v. Corbett*, 873 F.3d 417-418 (3d Cir. 2017). A court generally cannot consider matters outside of the pleadings. *Rodgers v. Lincoln Benefit Life Co.*, 2:19-CV-00350-MJH, at *4 (W.D. Pa. Sep. 30, 2019). Judgment on the pleadings is only warranted where "the plaintiffs would not be entitled to relief under any set of facts that could be proved." *Ostrander v. Trans Union LLC,* No. CV 20-5227, 2021 WL 3271168, at *3 (E.D. Pa. July 30, 2021) (citation omitted).

1. <u>The SOL for Plaintiff's Claims Is Tolled Under the Discovery Rule.</u> The discovery rule "may operate to toll the SOL until the plaintiff discovers, or reasonably should discover, that she has been injured and that her injury has been caused by another party's conduct." *Rowland v. Novartis Pharm. Corp.*, 34 F. Supp. 3d 556, 566 (W.D. Pa. 2014)(citations omitted). The salient issue is "the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause." *Id*. (citations omitted). Knowledge of an injury alone is not sufficient to trigger such inquiry. *Id*. 567, quoting *Coleman v. Wyeth Pharm., Inc.,* 6 A.3d 502, 510, 11 (Pa.Super.Ct.2010). Commencement of the personal injury limitations period is tied to actual or constructive knowledge

---

[1] *See* Dkt. No. 21313 Plaintiff filed her motion for leave to file an amended SFC to add more specific allegations regarding Cook's express warranties and equitable estoppel which are incorporated herein as if fully set forth at length.

1

of at least some form of significant harm *and of a factual cause linked to another's conduct*. *Rowland*, 34 F. Supp. 3d at 567 (emphasis added). "Because a plaintiff's awareness of his injury and its cause is fact intensive, the tolling of the discovery rule is ordinarily a question for the jury." *Id*. (citations omitted). Accordingly, only where reasonable minds could *not* differ as to the determination of the plaintiff's awareness of the injury and its cause may a court rule on a discovery rule tolling question as a matter of law. *Id*. (emphasis added). The issues here are: (1) when did Plaintiff know or when should she have known she was being harmed; and (2) when did she know the IVC filter was the cause of her harm.

Cook points to an attempted removal in 2013 as the date of injury for purposes of the SOL. But this initial abandoned removal was never described as an injury to Plaintiff. Instead, the records relied on by Cook explain: "The filter is in proper position and is intact. Given the length of time the filter is within the filter may remain as a permanent filter." Dkt. 21174 (Ex. A) at 6. And while the records indicate that the filter is "tilted with the head against the medial wall" of the IVC, the physicians performing the removal never describe these "findings" as an injury and discussed them only with Dr. Farris (Plaintiff's treating physician) not Plaintiff. *Id*. Neither the tilt nor the contact with the IVC was explained to Plaintiff by Dr. Farris or any other physician as an injury or as causing harm. Moreover, according to Cook these do not represent injuries or cognizable harm. *See e.g*., DKT 8506 at 1. "The discovery rule tolls the running of the applicable SOL when an injury or its cause was not known or reasonably knowable." *Simon v. Wyeth Pharmaceuticals*, 989 A.2d 356, 365 (Pa. Super. Ct. 2009); McLaughlin *v. Bayer Essure, Inc*., No. 14-7316, 2019 WL 1382710, at *6 (E.D. Pa. Mar. 27, 2019)("A lay person is only charged with the knowledge communicated to him or her by the medical professionals who provided treatment and diagnosis.")(citations omitted). Instead, Dr. Farris merely explained to Plaintiff the filter would merely remain in place as a "permanent filter" consistent with Cook's claims that it functions safely as a permanent filter. Dkt. 21316 at 21. Plaintiff

2

did not know and was never informed she was being harmed much less that it was the filter causing harm. *Id.* Plaintiff was not put on notice that the filter was causing harm or her abdominal pain until she saw an advertisement providing information regarding injuries associated with the filter on or about June 2016. *Id* at 23.[2] Therefore, the SOL for Plaintiff's claims did not begin to run until she possessed information that her "permanent" filter causes injuries and should be removed to avoid additional harm.[3] *Id.* at 23.

Additionally, Plaintiff's claims are distinguishable from *Lehotsky* because "he was aware. . . his IVC filter could not be removed because it was 'firmly attached' to his IVC." Dkt. 19408 at 3. Not so in Plaintiff's case where her physicians found the filter was in "*proper* position and intact…and *may* remain as a permanent filter." Dkt. 21174 (Ex. A)(emphasis added); *see also*, the Dkt. 21316 at 21-22 (it was "recommended" that the filter remain implanted permanently). Not that it could not be removed as in *Lehotsky* Dkt. 19408 at 3. Plaintiff's discovery rule claim is also distinguishable from the claim in *Heintzman* where the issue of when Plaintiff became aware of the injury was not timely raised and therefore waived. Dkt. 18981 at 3 n.3 (applying Ohio and Indiana law). Plaintiff filed her claim on or about May 2018 within Pennsylvania's two-year SOL. At a minimum the allegations in the amended complaint present fact issues to be decided by a jury under Pennsylvania law especially considering Cook's position that neither the abandoned removal nor the "findings" constitute harm. *Rowland,* 34 F. Supp. 3d at 567 (citations omitted).[4] Therefore, Plaintiff's claims are not subject to judgment as a matter of law under CMO 28 and Cook's motion should be denied.

2. Plaintiff's Claims Are Tolled Under the Doctrine of Fraudulent Concealment.

---

[2] Cook's reliance on Plaintiff's Categorization Form is misplaced since it is limited in scope and not intended to set forth all the factual allegations supporting Plaintiff's claims.
[3] *See also Plaintiff Steering Committee's Response in Opposition to Defendant's Renewed Motion for Partial Dismissal of Claims of Fraudulent Concealment* Dkt No. 18900 (incorporated herein by reference).
[4] *See* Plaintiff's First Amended Complaint Dkt. 21313.

3

The "doctrine of fraudulent concealment" is a form of equitable estoppel where a "defendant may not invoke the [SOL] if, through fraud or concealment, he causes the plaintiff to relax his vigilance or deviate from his right of inquiry into the facts." *Conneen v. Amatek, Inc.*, 238 F. Supp. 3d 652, 658 (E.D. Pa. 2017), quoting *Fine v. Checcio*, 870 A.2d 850, 860 (Pa. 2005). Under this doctrine, the applicable SOL is tolled until plaintiffs knew or using reasonable diligence should have known of the claim. *Hurley v. BMW of N. Am., LLC,* No. CV 18-5320, 2020 WL 1624861, at *9 (E.D. Pa. Apr. 2, 2020) (citations omitted). As explained in detail below regarding Plaintiff's claim for breach of express warranty, Cook's representations that the filter is "safe and effective as a permanent filter" are false. *See* Section 3, *infra*. Moreover, Cook fraudulently concealed the information demonstrating the filter was not "safe and effective as a permanent filter" from Plaintiff, her physicians, and the medical community. Dkt. No. 21316 at 28-29. Indeed, not only did Cook conceal this information but affirmatively represented to physicians, including Plaintiff's, and the public at large the opposite of what the data and the analysis of it showed--that the filter was and is not "safe and effective as a permanent filter." *Id*. at 33-34. The concealment of this information caused Plaintiff's physicians to ignore all issues encountered when attempting to remove the filter and treat it as a non-event advising Plaintiff to keep the filter implanted as a permanent filter. *Id*. at 22. Because of Cook's concealment there was no reason for Plaintiff to question her physician's advice or recommendation or question Cook's representations that the filter was "safe and effective as a permanent filter." *McLaughlin,* No. 16-3733 at *12. Plaintiff justifiably relied on her physician's advice and recommendations. *Id*. at *12 (A plaintiff's reliance on her physician's assurances is reasonable unless the patient loses confidence in the physician's professional ability.)

Cook maintained the secrecy of the data from the studies it conducted on the filter and Plaintiff could not access the data. Dkt. No. 21316 at 7 and 41. Plaintiff relied on Cook's false representations and concealment to her detriment until she learned the filter was in fact not "safe and

4

effective as a permanent filter" on or about June 2016. *Id*. at 23. Had she known of the concealed information or that the filter was not "safe and effective as a permanent filter" she would not have kept the filter implanted as a permanent filter. *Id*. at 63. Since the allegations in Plaintiff's Amended Complaint, must be taken as true and construed in favor of Plaintiff, under the doctrine of equitable estoppel, Cook may not claim Plaintiff's claims are time barred under the SOL.[5]

    3. <u>Plaintiff's Amended Complaint Sets Forth a Plausible Claim for Express Warranty</u>. The court should assume the truth of all well-pled factual allegations and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian,* 696 F.3d 352, 365 (3rd Cir. 2012). A claim is "facially plausible" when there is sufficient factual content from which to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Germinaro v. Fid. Nat'l Title Ins. Co.*, 107 F. Supp. 3d 439, 448 (W.D. Pa. 2015)(citations omitted). While the Plaintiff must show "more than a sheer possibility" there is no "probability requirement." *Id.* By making "affirmations of fact" that its Gunther Tulip filter (the "filter") is "safe and effective as a permanent filter" to physicians and patients, Cook warranted its filter. Dkt. 21316 at 27. According to Cook, the filter can safely remain in the patient *permanently* making removal unnecessary, thus providing Plaintiff with a lifetime warranty of safe and effective use. Cook's affirmations are express warranties under Pennsylvania law.[6] *Goodling v. Johnson & Johnson*, 4:21-CV-00082, at *29-30 (M.D. Pa. Feb. 10, 2022) (Defendants descriptions of its pelvic mesh implant as, among other things, "a permanent implant" that "would not need to be removed" are warranties that extend to future performance thereby extending the limitations period.)(internal quotations omitted); *see also*, *McLaughlin v. Bayer*

---

[5] *Fine*, 870 A.2d at 860 (While the court determines whether estoppel results from established facts, it is for the jury to determine the facts.)
[6] Under Pa.C.S.A. Section 2313 express warranties are created as follows:
(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

5

*Essure, Inc.*, No. 16-3733 (Johnson), at *16 (E.D. Pa. Mar. 27, 2019)(a promise of "permanent birth control" is an extended warranty because it indicates a time frame in which it will be in effect, "i.e., permanently.") Finally, privity is not required. Third parties may enforce express warranties where an objective factfinder could reasonably conclude that: (1) the party issuing the warranty intends to extend the specific terms of the warranty to the third party (either directly, or through an intermediary); and (2) the third party is aware of the specific terms of the warranty, and the identity of the party issuing the warranty. *Goodman v. PPG Industries, Inc.*, 849 A.2d 1239, 1243 (Pa. Super. Ct. 2004). Cook warranted its product when it advertised and represented the filter as a safe and effective "permanent" filter to gain a competitive edge and induce physicians and patients to choose its filter. Dkt. 21316 at 32. Plaintiff discussed the filter with her physician, including the representations and warranties that the filter is safe and effective as a "permanent" filter and relied on these representations and warranties. *Id*. at 34. Plaintiff's reliance formed the "basis of the bargain" in deciding to have the filter remain implanted "permanently" rather than have it removed and prevent further injury. *Id*. at 27.[7] Additionally, the manufacturers representations, which formed the basis of the physician's medical judgment, are part of the basis of the bargain. *Knipe v. Smithkline Beecham*, 583 F. Supp. 2d 602, 624-25 (E.D. Pa. 2008)(Summary judgment denied based on genuine issue of material fact as to whether Plaintiffs, through their physician, relied on the statements made in product promotional materials), *see also*, *Felan v. Bos. Scientific Corp.*, 2015 WL 2137180, at *11 (S.D.W. Va. May 7, 2015)(reliance on her physician's medical judgment creates a presumption that the manufacturers representations and formed the basis of the physician's medical judgment).

For all these reasons Plaintiff respectfully requests the Court deny Cook's Motion in its entirety.[8]

---

[7] Plaintiff's express warranty claim case can be distinguished from both *Heintzman* and *Lehotsky*. In *Heintzman,* the plaintiff failed to respond to Cook's arguments on warranty resulting in waiver. Dkt. 18391. *Lehotsky* failed to set forth the facts supporting his claim of reliance as it related to his breach of warranty claim. Dkt. 19408. Plaintiff properly responded to Cook's arguments and set forth detailed facts supporting her claim of reliance.

[8] Plaintiff respectfully requests a hearing to discuss these issues further if the Court allows.

Dated March 7, 2022.

       Respectfully Submitted,
/s/ Monte Bond
Monte Bond TX No. 02585625
Jessica Glitz TX No. 24076095
**Tautfest Bond, PLLC**
5151 Belt Line Rd., Suite 1000
Dallas, TX 75254
Phone: (214) 617-9980
Facsimile: (214) 853-4281
Email: mbond@tbtorts.com
Email: jglitz@tbtorts.com

***Attorneys for Plaintiff***

**CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2022, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to the CM/ECF participants registered to receive service in this matter. Parties may access the filing through the Court's system.

*/s/Monte Bond*  
Monte Bond
