**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This Document Relates to Plaintiff:

Hogue, Darrin

Civil Case No. 1:19-cv-01705

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'**
**MOTION FOR JUDGEMENT ON THE PLEADINGS**

COMES NOW, Plaintiff Darrin Hogue ("Plaintiff"), by and through his counsel and submits this Response in Opposition to Cook Defendants' Motion for Judgment in Plaintiff's Case Pursuant to CMO-28. Plaintiff respectfully requests that this Court deny Defendants' Motion and, in support thereof, states as follows:

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

1.      Plaintiff did not know nor could he have known that he was injured by a defective Cook Celect IVC Filter until late 2018 when he was first informed that his filter was defective.

2.      Cook cannot and has not brought any facts to this Court's attention that would contest that Plaintiff did not know nor could have known that he was injured until 2018.

3.      Standing alone, knowledge of a failed removal attempt of an IVC Filter that is marketed by the manufacturer as an optional device does not provide Plaintiff with any information regarding whether an injury occurred or not.

## **ARGUMENT**

### I.      **Standard of Review**

When a party moves for judgment on the pleadings, that party "must demonstrate that

there are no material issues of fact to be resolved."  *Federated Mut. Ins. Co. v. Coyle Mech.*

*Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). The Court must view all the "facts and inferences

in the light most favorable to the non-moving party."  *Id*. The Court should not allow the motion

to deprive the non-moving party the opportunity to make its case against the moving party. *Id*.

#### 1.      **Under West Virginia or Indiana Law the Discovery Rule Applies and Plaintiff's Claims are Timely.**

Both West Virginia and Indiana have a two year statute of limitations. W. Va. Code § 55-

2-12 and Ind. Code § 34-20-3-1.  However, both states have a discovery rule. Indiana applies the

"reasonably diligent plaintiff standard" to determine if the discovery rule applies. *Nelson v.*

*Sandoz Pharm. Corp.*, 288 F.3d 954, 966 (7th Cir. 2002). "[T]he plaintiff's suspicion, standing

alone, about the source of her injury is insufficient to trigger the onset of the limitations period."

*Nelson v. Sandoz Pharm. Corp.*, 288 F.3d at 966. As such, "[t]he limitations period will begin to

run when a physician suggests there is a 'reasonable possibility, if not a probability' that a

specific product caused the plaintiff's injury. *Id.*

West Virginia applies the "reasonable diligence" standard discovery rule. *Dunn v.*

*Rockwell*, 689 S.E.2d 255, 265 (W. Va. 2009). The discovery rule "begins to run when the

plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has

been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and

who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity

has a causal relation to the injury." *Id*. "[W]hether a plaintiff "knows of" or "discovered" a cause

of action is an objective test. The plaintiff is charged with knowledge of the factual, rather than the legal, basis for the action. This objective test focuses upon whether a reasonable prudent person would have known, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action." *Dunn v. Rockwell*, 689 S.E.2d 255, 265 (W. Va. 2009).

Regardless of which standard applies, it is Cook's burden to "demonstrate that there are no material issues of fact to be resolved." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). Yet in its brief, Cook fails to demonstrate or point to any event that should have caused Plaintiff to have even a suspicion that the Celect filter had caused his injury.

Cook blindly points to a medical record that notes "Unable to retrieve filter, most probably secondary to filter being embedded in the right inferior vena caval wall" as proof that Plaintiff was aware of an injury from the filter while at the same time failing to also note that Plaintiff's doctors told him that "**If** filter to be removed have up to 6 months to remove. Please call with questions concerns or **if** need of filter removal" **Exhibit A** at 66 (*redacted*). Cook's own advertisements of the Celect filter prevented Plaintiff from discovering that he was injured. Cook advertises the Celect filter as a filter that may be retrieved or left in the body – "The Cook Celect Platinum Filter implant may be retrieved." **Exhibit: B**. The medical records show that Cook's advertisements were effective in convincing Plaintiff's doctors to believe and to recommend that the filter could stay in Plaintiff's body. **Exhibit: A**. Cook should not now be rewarded for its deception.

Cook's motion is meritless, Cook has not pointed to any deposition testimony or medical record noting that Plaintiff's doctors told Plaintiff that he was injured from the Celect or that Plaintiff even suspected injury from the Celect.

The facts are clear, Plaintiff did not know or have reason to know about the defective nature of the IVC Filter until he saw ads informing him of the defective nature of Cook's IVC filter in 2018. Plaintiff did not discover until the end of 2018 that he was even injured by the defective Cook IVC Filter. On April 29, 2019, Plaintiff filed his complaint against Cook, only months after discovering the causal connection between his injuries and Cook's defective IVC Filter. See Complaint. Less than a year after the Plaintiff discovered his injury, Plaintiff filed his case before this Court. At no point did Plaintiff's physicians inform him that the Cook Filter had injured him. Whether the Court applies West Virginia or Indiana discovery rule, Plaintiff's claims are not time barred.

### 2.        Fraudulent Concealment.

Fraudulent concealment tolls the statute of limitations if "a person liable to an action conceals the fact from the knowledge of the person entitled to bring the action." Ind. Code § 34–11–5–1.  Courts have held that the elements of fraudulent concealment are:

> (i) material misrepresentation of past or existing facts by the party to be charged (ii) which was false (iii) which was made with knowledge or reckless ignorance of the falseness (iv)  was relied upon by the complaining party and (v) proximately caused the complaining party injury.

*Johnson v. Wysocki*, 990 N.E.2d 456, 460–61 (Ind. 2013).

For a cause of action in fraud, the three year "statute starts to run when the plaintiff acquires sufficient information to give rise to a reasonable belief that a fraudulent conveyance has occurred." *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 26 (4th Cir. 1963). "[T]he cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake. N.C. Gen. Stat. Ann. § 1-52 (9).

Cook affirmatively concealed the flawed design of their filters and its failure from Plaintiff and his doctors. Cook knew about the flawed design, but concealed the risks of its filters in its marketing as a way to induce Plaintiff into agreeing to have the filter implanted. Cook aggressively marketed the IVC filters even though it knew that its filters are dangerous. Plaintiff reliance upon the material misrepresentations and omissions was justified because Cook's misrepresentations and omissions were made by individuals and entities who were in a position to know the true facts concerning the filter while Plaintiff was not in a position to know the true facts because Cook overstated the benefits and safety of the filter and downplayed the risks, thereby inducing Plaintiff to have the filter implanted rather than a safer alternatives. Had Plaintiff not been deceived by Cook and had known the real risks associated with filter, Plaintiff would not have had the filter implanted and would not have been injured.

If the Court takes all of the facts and alleged in the complaint as true and in the light most favorable to the non-moving party, as it must, it should deny Cook's motion.   *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020).

## CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that this Court deny Cook's Motion and grant Plaintiff any relief that this Court deems appropriate.

Dated: March 9, 2022                                   **THE MILLER FIRM, LLC**

                                                      */s/ Jeff T. Seldomridge*
                                                      Jeff T. Seldomridge, VSB # 89552
                                                      108 Railroad Ave.
                                                      Orange, VA 22960
                                                      Phone: (866) 529-3323
                                                      Fax: (540) 672-3055
                                                      jseldomridge@millerfirmllc.com

5

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2022, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jeff T. Seldomridge*
Attorney for Plaintiff

6