UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Lackey, Rickey – 1:20-cv-06215

### DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF RICKEY LACKEY'S CASE PURSUANT TO CMO-28

Because Plaintiff's IVC filter was undisputedly purchased before October 1, 2009, Plaintiff's claims are governed by North Carolina's six-year statute of repose and barred for the reasons set forth in the Court's prior order in the *Amey* case (Dkt. 20384). Although "Plaintiff recognizes that the Court had previously addressed which statute of repose applies in North Carolina," he nevertheless "ask[s] the Court to look carefully at the facts of this case since no symptoms or injuries were found regarding the failure of her filter until after the twelve-year statute of repose became law." Pl.'s Resp., Dkt. 21190 at 1. But multiple decisions confirm that the six-year statute of repose, not the current 12-year statute of repose, applies in cases with the same operative facts as Plaintiff's case here. The cases Plaintiff cites are factually distinguishable or otherwise inapplicable.

### ARGUMENT

Plaintiff's argument that the choice between the versions of the repose statute depends on the date of the alleged injury[1] expressly contradicts this Court's order in *Amey* (Dkt. 10284) and

---

[1] Plaintiff's Response attached a personal affidavit, which acknowledges the filter and filing dates from the pleadings and states Plaintiff learned of his injury on February 6, 2020. *See* Lackey Affidavit, Dkt.

1

misreads *Robinson v. Bridgestone/Firestone N. Am. Tire, L.L.C.*, 703 S.E.2d 883 (N.C. Ct. App. 2011). *See* Pl.'s Resp., Dkt. 21190 at 1. In *Robinson*, plaintiffs sued a tire manufacturer after they were seriously injured when a used tire split apart while they were traveling in their vehicle on a highway. *Id.* at 885. The plaintiffs included both adults and minors, a distinction that impacted the court's analysis. With respect to the adult plaintiffs, the Court rejected their argument that the 12-year statute of repose applied retroactively to products sold before October 1, 2009 because "we are barred from doing so by the General Assembly's decision not to make the revised statute of repose retroactive." *Id.* at 887. The court held that "the adult plaintiffs had to show that the allegedly defective tire was initially purchased within six years of the filing of the complaint"—the same holding that this Court made in the *Amey* case. *Compare id. with* Dkt. 20384 (*Amey*).

The *Robinson* court treated the *minor* plaintiffs differently and analyzed the date of the accident as the "accrual date" *only* because a *separate* statute, N.C. Gen. Stat. § 1:17(a) (2009), "'provides for the tolling of most limitations periods during a person's minority.'" *Robinson*, 703 S.E.3d at 887 (applying this minority tolling statute in the context of the product liability statute of repose and quoting *Bryant v. Adams*, 448 S.E.2d 832, 836 (N.C. Ct. App. 1994)). Here, Plaintiff is not a minor, and N.C. Gen. Stat § 1:17(a) therefore does not apply. For the adult Plaintiff here, like the adult plaintiffs in *Robinson*, the six-year statute of repose applies and bars Plaintiff's claims based on the latest possible purchase date. Plaintiff's statement in his

---

21190-1. This motion is a motion for judgment on the pleadings under Rule 12(c), and Plaintiff's affidavit is a matter outside the pleadings. Although the Court may consider the affidavit and convert this motion to a motion for summary judgment under Rule 56, such a conversion is not necessary here because the information provided by the affidavit is not material to the outcome. For the purpose of this motion, the Court may assume that the alleged injury occurred after October 1, 2020, as Plaintiff claims. But North Carolina law and the Court's order in *Amey* hold that the purchase date, not the date of injury, determines which version of the statute of repose applies.

affidavit that he did not learn of the injury until February 6, 2020, *see* Lackey Affidavit, Dkt. 21190-1, does not affect this analysis.

Plaintiff's citation to *Bolick v. Am. Barmag Corp.* is misplaced because it ignores subsequent case law finding the statute of repose constitutional *despite* its potential to foreclose a cause of action before the cause of action arises. In *Bolick*, 284 S.E.2d at 188, 190 (N.C. Ct. App. 1981), the North Carolina Court of Appeals held the statute of repose was unconstitutional, but the North Carolina Supreme Court affirmed the result on standing grounds *without addressing the constitutionality question. See id., modified and affirmed on other grounds*, 293 S.E.2d 415. The North Carolina Court of Appeals explained a few years later, however, that although "[t]he constitutionality of this statute was unresolved at one time," "recent case law puts this to rest. Gen Stat.1-50(6) is constitutional." *Davidson v. Volkswagenwerk, A.G.*, 336 S.E.2d 714, 716 (N.C. Ct. App. 1985) (citing multiple cases).

The cases cited by Plaintiff thus either do not apply or are wholly consistent with the Court's order in *Amey* and the cases the Court cited in that order. As *Davidson* explained, the constitutionality of the product liability statute of repose and the six-year repose period's commencement at the time of the initial product sale have been settled law since 1985. *See* 336 S.E.2d at 716.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

3

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  March 9, 2022 | /s/  Jessica Benson Cox |

        Jessica Benson Cox, Co-Lead Counsel
        Andrea Roberts Pierson
        FAEGRE DRINKER BIDDLE & REATH LLP
        300 North Meridian Street, Suite 2500
        Indianapolis, Indiana  46204
        Telephone:  (317) 237-0300
        Andrea.Pierson@FaegreDrinker.com
        Jessica.Cox@FaegreDrinker.com

        James Stephen Bennett, Co-Lead Counsel
        FAEGRE DRINKER BIDDLE & REATH LLP
        110 West Berry Street, Suite 2400
        Fort Wayne, Indiana  46802
        Telephone:  (260) 424-8000
        Stephen.Bennett@FaegreDrinker.com

        *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2022, a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF RICKEY LACKEY'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

        /s/ Jessica Benson Cox