UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Smith, Ira - 1:21-cv-01401

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT IN PLAINTIFF IRA SMITH'S CASE PURSUANT TO CMO-28**

Because Plaintiff's IVC filter was undisputedly purchased before October 1, 2009, North Carolina's six-year statute of repose bars his claims for the reasons set forth in the Court's prior orders in *Wilson* (Dkt. 15084) and *Amey* (Dkt. 20384). Plaintiff acknowledges that he commenced his action more than 13 years after receiving his filter, but he opposes Cook's motion based on "the so-called disease exception to the statute of repose." Pl.'s Resp., Dkt. 21231 at 1. This Court, however, has already held in this MDL that "the rationale for the latent disease exception does not apply to claims" involving IVC filters. Dkt. 15804 (*Wilson*), at 2. The Seventh Circuit agrees, holding in *Klein v DePuy, Inc.*, 506 F.3d 553 (7th Cir. 2007) that there is no latent disease exception to the North Carolina statute of repose.

**A.     Under this Court's and the Seventh Circuit's decisions, the Latent Disease Exception Does Not Apply to Plaintiff's Claims**

Both this Court and the Seventh Circuit have previously rejected Plaintiff's argument that the latent disease exception to the statute of repose saves his claims.[1] This Court explained in *Wilson* that "[t]his [latent disease] exception is 'limited to diseases that develop over long periods of time after multiple exposures to offending substances which are thought to be causative agents' and where it is impossible to identify any particular exposure as the first injury.'" Dkt. 15084 (*Wilson*), at 2-3 (quoting *In re Mentor Corp. ObTape Transobturator Sling Prods. Liab. Litig.*, No. 4:08-MD-2004, 2016 WL 873854, at *2 (M.D. Ga. March 4, 2016) (cleaned up)). Because claims based on alleged IVC filter complications arise from a single medical device placed in the body, this Court held that "[t]he rationale for the latent disease

---

[1] Plaintiff's Response attached a CT scan dated September 20, 2018 noting perforation of the IVC by multiple filter prongs, including one "prong which perforates into the lumen of the abdominal aorta." Dkt. 21231-2 at 1. This record is properly before the Court on this Rule 12(c) motion because it was part of Plaintiff's categorization. *See* Dkt. 18018 at 2 (treating categorization records as part of the pleadings). The record, however, demonstrates that the injury here is based on a discrete event with an implantable medical device – perforation – and therefore cannot properly be analogized to asbestos or toxic exposure claims in which the latent disease exception might apply in some circumstances.

1

exception does not apply to claims like Plaintiff's." Dkt. 15084 (*Wilson*) at 2 (quoting *In re Mentor Corp.*, 2016 WL 873854, at *2 ("[P]laintiff's claim is not a claim arising from a disease that developed over many years after multiple exposures to toxic substance; it is a claim arising from complications she contends were caused by a medical device that was implanted in her body.")); *see also Tetterton v. Long Mfg. Co.*, 332 S.E.2d 67, 72 (N.C. 1985) (holding that "Section 1-50(6) excludes *all actions* brought after six years" (emphasis by court)). Notably, Plaintiff's Response does not address or even mention this Court's prior rulings on this issue in *Amey* and *Wilson*.

Seventh Circuit precedent supports the *Amey* and *Wilson* decisions. In *Klein v. DePuy*, a metal-on-metal hip case, the Seventh Circuit held that "the plain language of the statute, its history, and North Carolina case law all support our belief that no exception was intended." 506 F.3d at 557. Plaintiff bases his argument to the contrary on a Fourth Circuit prediction that North Carolina would apply the latent-disease exception in the product-liability statute-of-repose context, relying on *Hyer v. Pittsburgh Corning Corp.*, 790 F.2d 30, 33 (4th Cir. 1986). As discussed below, the analysis in *Hyer* does not apply to the circumstances here. But even assuming it did, *Hyer* is not the law of this circuit. The Seventh Circuit's *Klein* decision expressly rejected *Hyer*, holding that it "cannot follow the Fourth Circuit" in *Hyer* because that decision "misinterpreted" North Carolina case law. 506 F.3d at 558 (also noting that none of the Fourth Circuit's decisions on this issue "have been cited in any reported North Carolina state court decision.")

B.   **The Cases Cited by Plaintiff Are Factually Distinguishable or Inapplicable**

The cases cited by Plaintiff do not undercut the Court's rulings in *Wilson* and *Amey*. Indeed, *Cramer v. Ethicon, Inc.* 2021 WL 243872 (W.D.N.C. Jan 5, 2021), fully supports this

2

Court's decisions. *Cramer* involved a medical device (pelvic mesh), and the court declined to apply the latent disease exception for reasons similar to those cited in *In re Mentor Corp. See Cramer*, 2021 WL 243872, at *6 (explaining that the claimed injuries were attributed to an implantable medical device, not to a latent disease developed as a result of the mesh).

Plaintiff's reliance on *Wilder* and *Hyer* is misguided. Both decisions involved latent disease claims arising from exposure to asbestos, not injury claims arising from an implantable medical device like the IVC filter at issue here. *See Wilder v. Amatex Corp.*, 336 S.E.2d 66, 73 (N.C. 1985) (holding that the statute of limitations for workplace exposure claims begins to run when the disease is diagnosed); *Hyer*, 790 F.2d at 34 (predicting in another asbestos exposure case that North Carolina would recognize a latent disease exception to the product liability statute of repose based on the *Wilder* case). Similarly, the recent decision in *Paraquat Prod Liab Litig.*, 2022 WL 451898, at *6-9 (S.D. Ill. Feb. 14, 2022) is distinguishable because it too was a toxic exposure case, not a medical device case. Specifically, the paraquat dichloride at issue was "a synthetic chemical compound that has been used as an active ingredient in herbicide products sold in the United States," and the plaintiffs alleged "they developed Parkinson's disease, a progressive neurodegenerative disorder that manifests itself over years, possibly decades, from their exposure to Paraquat." *Id.* at *1, 9. None of these toxic exposure cases support changing the Court's rulings in *Wilson* and *Amey*.

As it did with the claims in *Amey* and *Wilson*, the Court should dismiss Plaintiff's claims as time-barred by North Carolina's statute of repose.

|                        | Respectfully submitted, |
|---|---|
| Dated: March 14, 2022  | /s/ *Jessica Benson Cox* |

Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2022, a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT IN PLAINTIFF IRA SMITH'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*