21UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

---

This Document Relates Only to the Following Cases:

Allen, Wanda, 1:19-cv-01325

---

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN
PLAINTIFF WANDA ALLEN'S CASE PURSUANT TO CMO-28**

Because Plaintiff's IVC filter was undisputedly purchased before October 1, 2009, Plaintiff's claims are time-barred by North Carolina's six-year statute of repose for the reasons set forth in the Court's prior order in the *Amey* case (Dkt. 20384). Further, the Court has already held that North Carolina's latent disease exception does not apply to IVC filter claims. *See* Dkt. 15084 (*Wilson*) at 2-3. Finally, Plaintiff's arguments about the express warranty claim circumventing the statute of repose fail for multiple reasons.

**A.      The Six-Year Statute of Repose Bars Plaintiff's Claim Under the *Amey* Order**

Plaintiff's argument that the 12-year statute of repose applies to her case based on the alleged injury occurring after October 1, 2009[1] expressly contradicts this Court's order in *Amey* (Dkt. 10284) and misreads *Robinson v. Bridgestone/Firestone N. Am. Tire, L.L.C.*, 703 S.E.2d 883 (N.C. Ct. App. 2011). *See* Pl.'s Resp., Dkt. 21216 at 1. In *Robinson*, plaintiffs sued a tire manufacturer after they were seriously injured while driving on a highway. *Id.* at 885. The plaintiffs included both adults and minors, a distinction that impacted the court's analysis. Regarding the adults, the Court rejected their argument that the 12-year statute of repose applied retroactively to products sold before October 1, 2009 because "we are barred from doing so by the [legislature]'s decision not to make the revised statute of repose retroactive." *Id.* at 887. The court held that "the adult plaintiffs had to show that the allegedly defective tire was initially purchased within six years of the filing [date]"—the same holding as in *Amey* (Dkt. 20384).

The *Robinson* court treated the *minor* plaintiffs differently and analyzed the date of the accident as the "accrual date" *only* because a *separate* statute, N.C. Gen. Stat. § 1:17(a) (2009), "'provides for the tolling of most limitations periods during a person's minority.'" *Robinson*,

---

[1] Plaintiff's claims are based on a January 30, 2018 CT report showing "that one strut is fractured and extends into the right lateral aspect of the L4 vertebral body." *See* Categorization Form and Medical Records, filed under seal and attached as **Exhibit A**.

703 S.E.3d at 887 (applying this minority tolling statute in the context of the product liability statute of repose and quoting *Bryant v. Adams*, 448 S.E.2d 832, 836 (N.C. Ct. App. 1994)). Here, Plaintiff is not a minor, and N.C. Gen. Stat § 1:17(a) therefore does not apply.

**B.      The Latent Disease Exception Does Not Apply to Plaintiff's Claims**

The latent disease exception does not apply here for two reasons.  First, this Court has already explained that "[t]his exception is 'limited to diseases that develop over long periods of time after multiple exposures to offending substances which are thought to be causative agents' and where it is impossible to identify any particular exposure as the first injury.'"  Dkt. 15084 (*Wilson*) at 2-3 (quoting *In re Mentor Corp*, 2016 WL 873854, at \*2 (M.D. Ga. March 4, 2016) (cleaned up)).  Because claims based on alleged IVC filter complications arise from a single medical device placed in the body, this Court found in *Wilson* that "[t]he rationale for the latent disease exception does not apply to claims like Plaintiff's."  Dkt. 15084 (*Wilson*) at 2.

Second, the Seventh Circuit held in *Klein*[2] that there is no latent injury exception to the North Carolina statute of repose: "the plain language of the statute, its history, and North Carolina case law all support our belief that no exception was intended [by the legislature]."  *Klein v DePuy*, 506 F.3d 553, 557 (7th Cir. 2007); Dkt. 15084 (*Wilson*) at 3.

**C.      Plaintiff's Express Warranty Arguments Fail for Multiple Reasons**

As an initial matter, Cook expressly pled the statute-of-repose defense in its master answer, and therefore has not waived its right to that defense.  *See* Am. Ans., Dkt. 8180, p. 22

---

[2] The other cases cited by Plaintiff either did not involve implantable medical devices, *In re Paraquat*, 2022 WL 451898 (S.D. Ill. Feb. 14, 2022) (repeated chemical exposure allegedly causing Parkinson's disease); involved devices that allegedly caused diseases that developed over time, *Bullard v. Dalkon Shield Claimants Trust*, 74 F.3d 531 (4th Cir. 1996) (pelvic inflammatory disease) and *Patterson v. McKinley Medical, LLC*, 2011 WL 1260145 (E.D.N.C. Mar. 30, 2011) (chondrolysis from pain pump use); or addressed choice of law issues and the statute of limitations, not the statute of repose, *In re Dow Corning Corp.*, 778 F.3d 545 (6th Cir. 2015).  Here, Plaintiff claims filter fracture (*see* Exhibit A)— which is a discrete, diagnosable injury and not a latent disease that develops over time.  Moreover, *Klein* is binding in this Circuit.

(defense no. 34).  Further, Plaintiff cannot circumvent the statute of repose by invoking express warranty because the essence of the express-warranty claim sounds in product liability and is subsumed into the product-liability claims that are barred by the statute of repose.[3]  *See Lackey v. DePuy Orthopaedics, Inc.*, 2011 WL 2791264, at *2 (W.D. N.C. July 14, 2011) (dismissing case on statute of repose grounds and holding that "thorough review of Plaintiff's Complaint reveals that Plaintiff's claims all stem from the purchase of an allegedly defective hip" and that "[a]rtful pleading does not allow Plaintiff to transform product liability claims into claims sounding in negligence and breach of warranty.").  Plaintiff here similarly claims injury from an allegedly defective IVC filter.  *See, e.g.,* Master Compl., Dkt. 213, ¶¶ 96-97 (alleging various design and manufacturing "defects" as part of express warranty claim).

Finally, even assuming it were not a *de facto* product liability claim, a claim for breach of express warranty under North Carolina law requires "(1) an express warranty as to a fact or promise relating to the goods, (2) which was relied upon by the plaintiff in making his decision to purchase, (3) and that this express warranty was breached by the defendant."  *Harbor Pt. Homeowners' Ass'n, Inc. v. DJF Enters.,* 697 S.E.2d 439, 447 (N.C. Ct. App. 2010).  As the Court noted in applying the Texas statute of repose (Dkt. 4918 at 13-15), Plaintiffs' Master Complaint fails to plead an adequate express warranty claim and Plaintiff has not provided specific allegations in the Short Form Complaint that would establish the specific contents of the alleged express warranty or how he relied on it.  This is fatal to her claim.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

[3] Cook's position is that leave to amend must be made by motion, which Plaintiff did not do here. However, it would be futile for Plaintiff to try to amend the express-warranty claim with additional facts, because the essence of the Plaintiffs' common liability theory merges it with the time-barred product-liability claims.

Respectfully submitted,

Dated:  March 14, 2022

/s/  *Jessica Benson Cox*

Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2022, a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF WANDA ALLEN'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*

4