UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Parson, Alonda, 1:18-cv-00846

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN
PLAINTIFF ALONDA PARSON'S CASE PURSUANT TO CMO-28**

A.     **The Six-Year Statute of Repose Bars Plaintiff's Claim Under *Cramer* and *Amey***

Plaintiff alleges that her "cause of action accrued in October 2013[1] when the perforation of the filter was discovered" and argues that the 12-year statute of repose should apply if the plaintiff's claim has not been already extinguished by the six-year statute of repose before October 1, 2009. *See* Pl.'s Resp., Dkt. 21225 at 1-2. Plaintiff dismisses *Cramer v. Ethicon, Inc.* as having "inappropriately expanded the scope of North Carolina law without a basis in existing state law precedent" and asks the Court to deny the motion outright, or to deny it without addressing it on the merits. *See id.* at 2-3 (citing 2021 WL 243872 (W.D.N.C. Jan. 25, 2021)).

This Court has rejected Plaintiff's argument twice before and should do so again here. *See* Dkt. 15084 (*Wilson*) at 2 ("North Carolina courts have held that the enlargement of the repose period to 12 years did not have retroactive effect for claims involving products used prior to that time."); Dkt. 20384 at 2-4 (*Amey*) (same). The Seventh Circuit agrees, *see Klein v DePuy*, 506 F.3d 553, 557 (7th Cir. 2007), as does *Cramer* (a decision from Plaintiff's "home" federal district, *see* Pl.'s Short-Form Compl., ¶ 7) and other courts applying North Carolina law.[2] This is no longer a novel or unsettled issue under North Carolina law.

---

[1] Even assuming the statute of repose did not apply, Plaintiff's allegation that her claims "accrued in October 2013" would not save her action; Plaintiff's claims would still be time-barred by North Carolina's three-year statute of limitations. *See* N.C. Gen Stat § 1-52 (16); *see also Dellinger v. Pfizer, Inc.*, 2004 WL 6234780, at *2 (W.D. N.C. 2004) ("Plaintiff's breach of warranty and product liability actions began to accrue when he first became aware of his injury."); *Wilson v. C.R. Bard, Inc.*, 2020 WL 2574652, at *4 (E.D.N.C. May 21, 2020) (same holding). Assuming *arguendo* that her injury was discovered in October 2013, then the statute of limitations on her claims expired in October 2016, about 17 months before Plaintiff commenced her lawsuit on March 15, 2018. *See generally* Pl.'s Short-Form Compl.

[2] *See Cramer*, 2021 WL 243872 at *4 ("courts applying North Carolina law have consistently applied [the] six-year statute of repose in cases where the product in question was first purchased or delivered, as here, before October 1, 2009."). *See also Ferro v. VolVo Penta of the Americas, LLC*, 2017 WL 3710071, *2 (E.D.N.C. Aug. 28, 2017) (holding that "[t]he 2008 and 2009 purchases [of replacement boat parts] each accrued before October 2009, are subjected to the six-year statute of repose, and are therefore time-barred."); *In re Elk Cross Timbers Decking Mktg.*, 2015 WL 6467730, at *10-11 (D.N.J. Oct. 26, 2016) (rejecting plaintiff's claim accrual argument because the plaintiff had purchased his deck in 2007

1

Plaintiff misreads *Robinson v Bridgestone/Firestone N. Am. Tire, L.L.C.*, 703 S.E.2d 883 (N.C. 2011). In that case, the plaintiffs included both adults and minors who sued a tire manufacturer after a highway accident. 703 S.E.2d at 885. Regarding the adults, the court held that they "had to show that the allegedly defective tire was initially purchased within six years of the filing [date]"—the same holding as *Cramer* and this Court's order in *Amey* (Dkt. 20384). The *Robinson* court treated the *minor* plaintiffs differently and analyzed the date of the accident as the "accrual date" *only* because a *separate* statute, N.C. Gen. Stat. § 1:17(a), "'provides for the tolling of most limitations periods during a person's minority.'" *Robinson*, 703 S.E.3d at 887. Here, Plaintiff is not a minor, and therefore N.C. Gen. Stat § 1:17(a) does not apply.

**B.  Plaintiff's Express Warranty Arguments Fail for Multiple Reasons**

Plaintiff argues that Cook waived its statute of repose defense because Cook represented to the FDA and to patients in the Tulip Patient Guide that its filters are "intended for permanent implantation." Dkt. 21225 at 3 (alleging this was an express warranty and citing *Christie v. Hartley Constr., Inc.*, 766 S.E.2d 283, 287 (N.C. 2014) for the proposition that a party can contractually "bargain away, or even waive, that benefit [provided by the statute of repose].)"[3]

This express-warranty argument fails for multiple reasons. First, any such claim is subsumed into the product-liability claims that are barred by the statute of repose. *See Lackey v DePuy Orthopedics*, 2011 WL 2791264, at *2 (W.D.N.C. July 14, 2011) (holding that "Plaintiff's claims all stem from the purchase of an allegedly defective hip" and that "[a]rtful

---

and "the statute in effect at the time of his purchase applies.") (applying North Carolina law)). Plaintiffs in both cases alleged that they discovered their claimed product defects after October 1, 2009, but both courts ruled that the accrual date was irrelevant because the purchase date alone determined which version of the statute of repose applies.

[3] In fact, the *Christie* court based its result directly on the defendant's "express twenty-year warranty." 766 S.E.2d at 287. Plaintiff has not identified any specific terms of such a warranty here, nor has Cook provided such an express warranty for its filters.

2

pleading does not allow Plaintiff to transform product liability claims into claims sounding in negligence and breach of warranty."). Here, Plaintiff's claims are similarly based on injuries from an allegedly defective IVC filter. *See, e.g.,* Master Compl., Dkt. 213, ¶¶ 96-97 (alleging various design and manufacturing "defects" as part of pleading the express warranty claim).

Moreover, the plaintiffs in *Christie* presented evidence of a detailed, specific 20-year written warranty. *See* 766 S.E.2d at 285. In contrast here, Plaintiff's Response only makes a general reference to the Tulip Patient Guide and the use of Cook filters as devices "intended for permanent implantation." Dkt. 21225 at 3.[4] Plaintiff has not provided a copy of the Tulip Patient Guide, identified any specific language in that document or elsewhere that would constitute an express warranty, or alleged that she relied or even read the Patient Guide before receiving her filter. The mere fact that the filter had a possible permanent use option does not create an express warranty or guarantee that the filter would last indefinitely or that known complications and adverse effects cannot occur.

Finally, as the Court noted in applying the Texas statute of repose (Dkt. 4918 at 13-15), Plaintiffs' Master Complaint fails to plead an adequate express warranty claim and Plaintiff's failure to establish how she received and relied on the alleged express warranty is fatal to her claim under North Carolina law for similar reasons. *See Harbor Pt. Homeowners Ass'n, Inc. v. DJF Enters.*, 697 S.E.2d 439, 447 (N.C. Ct. App. 2010) (holding that plaintiff must establish the alleged warranty and how it "was relied upon by the plaintiff in making [the] decision to purchase" the product).

For the foregoing reasons, Plaintiff's claim should be dismissed with prejudice.

---

[4] The Tulip Patient Guide was not referenced or attached to the Complaint and is therefore not part of the pleadings before the Court on this motion for judgment on the pleadings.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: March 14, 2022 | /s/ Jessica Benson Cox |

        Jessica Benson Cox, Co-Lead Counsel
        Andrea Roberts Pierson
        FAEGRE DRINKER BIDDLE & REATH LLP
        300 North Meridian Street, Suite 2500
        Indianapolis, Indiana  46204
        Telephone:  (317) 237-0300
        Andrea.Pierson@FaegreDrinker.com
        Jessica.Cox@FaegreDrinker.com

        James Stephen Bennett, Co-Lead Counsel
        FAEGRE DRINKER BIDDLE & REATH LLP
        110 West Berry Street, Suite 2400
        Fort Wayne, Indiana  46802
        Telephone:  (260) 424-8000
        Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2022, a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF ALONDA PARSON'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

        /s/ Jessica Benson Cox