UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Hogue, Darrin, 1:19-cv-01705

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF DARRIN HOGUE'S CASE PURSUANT TO CMO-28**

The Court should dismiss Plaintiff's cause of action in its entirety. Plaintiff's undisputed knowledge in 2013 of the injury he now claims—a failed retrieval—negates his arguments in support of his tort claims based on the discovery rule and fraudulent concealment.[1]

## A. West Virginia's Discovery Rule Does Not Save Plaintiff's Claims

Plaintiff's case is time-barred under West Virginia law because he commenced this action more than two years after his failed filter retrieval.[2] Under West Virginia's discovery rule, a "plaintiff is charged with knowledge of the factual, rather than the legal, basis for the action." *Dunn v. Rockwell*, 689 S.E.2d 255, 265 (W. Va. 2009). The inquiry focuses on "whether a reasonable prudent person would have known, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action." *Id.*

Here, Plaintiff necessarily knew, or in the exercise of reasonable diligence should have known, of the injury he now claims—a failed filter retrieval—and the injury's causal relationship to the filter at the time of the failed filter retrieval. This Court has held that a failed retrieval procedure puts a plaintiff "on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18931 (dismissing case under Indiana and Ohio law). The same rationale applies under West Virginia law. *See Dunn*, 689 S.E.2d at 265.

---

[1] Plaintiff's response does not deny that Cook is entitled to the dismissal of his non-tort-based claims, and the Court should therefore dismiss those claims. *See, e.g.*, Dkt. 19639 (dismissing Plaintiff Boone's non-tort-based claims because his "failure to respond to the substance of Cook's arguments is effectively a concession that these points are well taken"); *see also Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (holding that a failure to respond to an argument results in waiver).

[2] Plaintiff argues that the Indiana discovery rule also saves his claims. Dkt. 21352 at 4 ("Whether the Court applies [the] West Virginia or Indiana discovery rule, Plaintiff's claims are not time barred."). Plaintiff does not explain why Indiana law would apply to his claims, and Cook did not move for dismissal under Indiana law. *See* Dkt. 21639. But even assuming *arguendo* that Indiana law applied, the Indiana discovery rule would not save Plaintiff's claims. This Court has already held under Indiana law that a failed retrieval procedure—by itself—is sufficient to start the limitations period as a matter of law. *See, e.g.*, Dkt. 18391. Plaintiff has failed to explain why the Court's previous orders are wrong or why the Court should deviate from them.

The failed retrieval procedure—by itself—placed Plaintiff on notice of a possible cause of action, thereby starting the limitations period as a matter of law. *See Dunn*, 689 S.E.2d at 265. Plaintiff's claims should be dismissed.

Plaintiff attempts to avoid this result by arguing that he "did not know or have reason to know about the defective nature of the IVC Filter until he saw ads informing him of the defective nature of Cook's IVC Filter in 2018." [3] Dkt. 21352 at 4. Plaintiff's argument is unavailing. Whether Plaintiff knew the filter was defective is immaterial. Under West Virginia law, a plaintiff need not know that "the product was defective as a result of the conduct of its manufacturer" for the limitations period to commence. *Hickman v. Grover*, 358 S.E.2d 810, 813 (W. Va. 1987). Rather, the plaintiff need only know, or should reasonably know, "that the product had a causal relation to his injury." *Id.* In a case like this, where the claimed injury is a failed filter retrieval, a plaintiff necessarily knows—or should know—of the alleged injury's causal link to the filter at the time of the procedure. *See* Dkt. 18931.

Plaintiff further contends that he "did not discover until the end of 2018 that he was even injured by the defective Cook IVC Filter." Dkt. 21352 at 4. But Plaintiff's argument makes no sense. Plaintiff undisputedly knew in 2013 that he had a filter that could not be retrieved. And this failed retrieval is **the exact injury** on which Plaintiff bases his claims. *See* Dkt. 21271. Plaintiff therefore faces an insoluble dilemma: If Plaintiff's 2013 failed retrieval **was** an injury, as his pleadings assert, his claims based on that "injury" are barred by the statute of limitations. *See Carter v. PrimeCare Med.*, 2017 WL 9690372, at *6-7 (S.D.W.V. Nov. 8, 2017) (holding that a plaintiff need not know the full extent of his or her injury for the limitations period to commence

---

[3] While categorization records are considered part of the pleadings in this MDL, the exhibits attached to Plaintiff's Response were not submitted with his categorization form, and the documents are thus outside the pleadings. The Court may convert this motion to a motion for summary judgment, if necessary. *See* Fed. R. Civ. 12(d).

under West Virginia law).  But if his failed retrieval was **not** an injury, as he arguably implies in his response, Plaintiff has no compensable injury and, thus, no claim.

**B.      Plaintiff's Fraudulent Concealment Argument is Unavailing**

Given the undisputed facts set out above, the fraudulent concealment allegations in Plaintiff's amended complaint do not save his case, even assuming he properly pled them.[4]  *See* Dkt. 16527.  The failed retrieval attempt provided enough information to Plaintiff regarding the potential existence of a cause of action ***independent*** of any alleged fraudulent concealment on Cook's part.  *See* Dkt. 15907 (explaining that "fraudulent concealment requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action").  The Court reached this very conclusion in *Heintzman* when it found that the plaintiff's fraudulent concealment allegations did not save his claims under Indiana and Ohio law.  *See* Dkt. 18391.  The Court should reach the same result under West Virginia law.  *See Merrill v. West Virginia Dep't of Health and Human Res.*, 632 S.E.2d 307, 318 (W. Va. 2006) ("Fraudulent concealment requires . . . some positive act tending to conceal the *cause of action* from the plaintiff . . . ." (emphasis added)).  Fraudulent concealment cannot save Plaintiff's action.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

[4] Plaintiff's new allegations of fraudulent concealment do not cure the pleading defects the Court identified in its February 22, 2021 order.  *See* Dkt. 15907.  Plaintiff does not allege that Cook knew of and affirmatively concealed *Plaintiff's* cause of action, as the Court required, and Plaintiff does not state the circumstances of the alleged fraud—that is, the who, what, when, where, and how—with the particularity required by Rule 9(b).  *See id.* at 6-9.  Instead, Plaintiffs allege only the same sorts of ***pre***-filter-placement conduct set out in the Master Complaint.  This argument is set out at length in Cook's memorandum supporting its renewed motion to dismiss Plaintiffs' claims of fraudulent concealment.  Dkt. 18315.

- 3 -

Respectfully submitted,

Dated: March 15, 2022

/s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2022, a copy of the foregoing **COOK DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF DARRIN HOGUE'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*