UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND           No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION            MDL No. 2570

_____

This Document Relates to the Following Case:

Shirley Wright, 1:21-cv-00443

_____


### ORDER ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASES PURSUANT TO CMO-28

The Cook Defendants[1] develop, manufacture, sell, and distribute vena cava filters, including the Günther Tulip® Vena Cava Filter. Plaintiff Shirley Wright was implanted with the Tulip Filter in Tennessee more than ten years before she filed suit. She brings claims for strict products liability, negligence, breach of warranty, consumer fraud, and punitive damages against the Cook Defendants. Cook moves for judgment pursuant to Case Management Order #28, Screening for Time-Barred Cases, on grounds that Plaintiff's claims are barred by the Tennessee statute of repose.

The Tennessee Products Liability Act of 1978 ("TPLA") defines "product liability action" accordingly:

"Product liability action" for purposes of this chapter shall include all actions

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

1

> brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product. It shall include, but not be limited to, all actions based upon the following theories: strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent, or innocent; misrepresentation, concealment, or nondisclosure, whether negligent, or innocent; or under any other substantive legal theory in tort or contract whatsoever.

Tenn. Code Ann. § 29-28-102(6). Based on this expansive definition, the court finds all of Plaintiff's claims are subject to the statute of repose. (*See also* Filing No. 4918 at 8 (addressing same issue)).

The TPLA's statute of repose reads, in relevant part:

> (a) Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28-3-104, 28-3-105, 28-3-202, and 47-2-725, but notwithstanding any exceptions to these provisions, it must be brought within six (6) years of the date of injury, in any event, the action must be brought ten (10) years from the date on which the product was first purchased for use or consumption . . . .

Tenn. Code Ann. § 29-28-103(a). Cook contends Plaintiff's claims are barred by the Tennessee statute of repose because they did not file their cases within 10 years after the initial sale of the filter, a sale that could not have occurred any later than the date of the placement procedure.

Plaintiff argues the Tennessee statute of repose conflicts with Tennessee Code § 28-3-104(b). It provides that "in products liability cases . . . (2) No person shall be deprived of the right to maintain a cause of action until one (1) year from the date of the injury; and (3) Under no circumstances shall the cause of action be barred before the

2

person sustains an injury." Tenn. Code Ann. § 29-28-104(b)(2)-(3).  Plaintiff urges the court to apply Tennessee Code § 28-3-104(b) and deny Cook's motion because Plaintiff's products liability claims may not be barred before she sustained an injury, and she has a right to bring suit up to one year from the date of their injuries.

Plaintiff acknowledges that the Tennessee Court of Appeals has previously found there is no conflict between the two statutes.  *Wyatt v. A-Best Prods. Co.*, 924 S.W.2d 98, 104 (Tenn. Ct. App. 1995); *see also Jones v. Methodist Healthcare*, 83 S.W.3d 739, 744 (Tenn Ct. App. 2001) (same).  Plaintiff submits, however, that *Wyatt* and *Jones* "are premised on an incorrect legal analysis." (Filing No. 18262, Pl.'s Resp. Br. at 2).  But the court sees no reason to depart from the Tennessee appellate court's reasoning.  Therefore, as the court has explained in a prior order, (*see* Filing No. 18470), the Tennessee statute of repose bars all claims raised by Plaintiff.

It is therefore **ORDERED** that the Cook Defendants' Motion for Judgment in Plaintiff's Case Pursuant to CMO-28 (Filing No. 17955) is **GRANTED**.

**SO ORDERED** this 17th day of March 2022.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record