UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Case:

Henderson, Samuel Charles - 1:21-cv-01185

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT IN PLAINTIFF SAMUEL HENDERSON'S CASE PURSUANT TO CMO-28**

Plaintiff's IVC filter was undisputedly purchased before October 1, 2009, and North Carolina's six-year statute of repose therefore bars his claims for the reasons set forth in the Court's prior orders in *Wilson* (Dkt. 15084) and *Amey* (Dkt. 20384). Plaintiff acknowledges that he commenced his action more than 12 years after receiving his filter, but he opposes Cook's motion based on "the so-called disease exception to the statute of repose." Pl.'s Resp., Dkt. 21249 at 1. This Court, however, has already held in this MDL that "the rationale for the latent disease exception does not apply to claims" involving IVC filters. Dkt. 15804 (*Wilson*) at 2. The Seventh Circuit agrees, holding in *Klein v. DePuy, Inc.*, 506 F.3d 553 (7th Cir. 2007), that there is no latent-disease exception to the North Carolina statute of repose.

### A. Under this Court's and the Seventh Circuit's decisions, the Latent-Disease Exception Does Not Apply to Plaintiff's Claims

Both this Court and the Seventh Circuit have previously rejected Plaintiff's argument that the latent-disease exception to the statute of repose saves his claims.[1] This Court explained in *Wilson* that "[t]his [latent-disease] exception is 'limited to diseases that develop over long

---

[1] Plaintiff initially claimed injury based on a "fractured filter requiring two removal attempts" in his Case Categorization Form. Exhibit A (filed under seal pursuant to CMO-29). Plaintiff never supported his categorization with medical records, as required by this Court in CMO-4. *See* Dkt. 13046 at 2 (requiring submission of medical "records that support . . . the alleged injury"). The medical records attached to Plaintiff's Response were thus not submitted as part of Plaintiff's case categorization and are outside of the pleadings. The Court may, however, convert this Motion to one for summary judgment, if necessary. *See* Fed. R. Civ. 12(d).

Plaintiff now argues that his injury is based on an irretrievable filter due to the filter being "densely adhered to the IVC," as well as unspecified "adverse health effects because of the gradual migration and perforation of his IVC from his filter." Dkt. 21249 at 3. Plaintiff attaches a series of medical records purporting to show perforation, migration, and a failed filter retrieval before a successful retrieval of the filter on May 23, 2019. Dkt. 21249-1. Notably, these records do not support Plaintiff's initial categorization of his injury.

Regardless, all of Plaintiff's alleged injuries (supported or otherwise), "arise from alleged complications which arose from a single medical device implanted in [his] body more than [12] years ago." Dkt. 15084 (*Wilson*) at 3. Accordingly, "[t]he rationale for the latent disease exception does not apply." *Id.* Indeed, the complications Plaintiff claims—filter fracture, perforation, migration, and irretrievability—are discrete events involving the filter. They are *not* latent diseases, e.g., cancer, that develop over long periods after multiple exposures to toxic agents. *See id.* Plaintiff's case is therefore not analogous to asbestos or toxic-exposure claims in which the latent-disease exception might apply, as Plaintiff argues. His claims are barred by the North Carolina statute of repose. *See id.*; *see also* Dkt. 20384 (*Amey*); *Klein*, 506 F.3d at 557.

periods of time after multiple exposures to offending substances which are thought to be causative agents' and where it is impossible to identify any particular exposure as the first injury."'" Dkt. 15084 (*Wilson*) at 2-3 (quoting *In re Mentor Corp. ObTape Transobturator Sling Prods. Liab. Litig.*, No. 4:08-MD-2004, 2016 WL 873854, at *2 (M.D. Ga. March 4, 2016) (cleaned up). Because claims based on alleged IVC filter complications arise from a single medical device placed in the body, this Court held that "[t]he rationale for the latent disease exception does not apply to claims like Plaintiff's." Dkt. 15084 (*Wilson*) at 2 ("[P]laintiff's claim is not a claim arising from a disease that developed over many years after multiple exposures to toxic substance; it is a claim arising from complications she contends were caused by a medical device that was implanted in her body.") (quoting *In re Mentor Corp.*, 2016 WL 873854, at *2); *see also Tetterton v. Long Mfg. Co.*, 332 S.E.2d 67, 72 (N.C. 1985) (holding that "Section 1-50(6) excludes *all actions* brought after six years") (emphasis in original). Notably, Plaintiff's Response does not address or even mention this Court's prior rulings on this issue in *Amey* and *Wilson*. Seventh Circuit precedent supports the *Amey* and *Wilson* decisions. In *Klein v. DePuy*, a metal-on-metal hip case, the Seventh Circuit held that "the plain language of the statute, its history, and North Carolina case law all support our belief that no exception was intended." 506 F.3d at 557.

Plaintiff bases his argument to the contrary on a Fourth Circuit prediction that North Carolina would apply the latent-disease exception in the product-liability statute-of-repose context, citing *Hyer v. Pittsburgh Corning Corp.*, 790 F.2d 30, 33 (4th Cir. 1986). As discussed below, the analysis in *Hyer* does not apply to the circumstances here. But even assuming it did, *Hyer* is not the law of this circuit. The Seventh Circuit's *Klein* decision expressly rejected *Hyer*, holding that it "cannot follow the Fourth Circuit" in *Hyer* because that decision "misinterpreted"

North Carolina case law. 506 F.3d at 558 (noting that none of Fourth Circuit's decisions on this issue "have been cited in any reported North Carolina state court decision.")

**B.      The Cases Cited by Plaintiff Are Factually Distinguishable or Inapplicable**

The cases Plaintiff cites do not undercut the Court's rulings in *Wilson* and *Amey*. Indeed, *Cramer v. Ethicon, Inc.*, 2021 WL 243872 (W.D.N.C. Jan 5, 2021), fully supports this Court's decisions. *Cramer* involved a medical device (pelvic mesh), and the court declined to apply the latent-disease exception for reasons similar to those cited in *In re Mentor Corp*. *See Cramer*, 2021 WL 243872, at *6 (explaining that the claimed injuries were attributed to an implantable medical device, not to a latent disease developed as a result of the mesh).

Plaintiff's reliance on *Wilder* and *Hyer* is misguided. Both decisions involved latent-disease claims arising from exposure to asbestos, not injury claims arising from an implantable medical device like the IVC filter at issue here. *See Wilder v. Amatex Corp.*, 336 S.E.2d 66, 73 (N.C. 1985) (holding that the statute of limitations for workplace exposure claims begins to run when the disease is diagnosed); *Hyer*, 790 F.2d at 34 (predicting in another asbestos exposure case that North Carolina would recognize a latent-disease exception to the product liability statute of repose based on the *Wilder* case). Similarly, the recent decision in *Paraquat Prod. Liab. Litig.*, 2022 WL 451898, at *6-9 (S.D. Ill. Feb. 14, 2022), is distinguishable because it too was a toxic-exposure case, not a medical-device case. Specifically, the paraquat dichloride at issue was "a synthetic chemical compound that has been used as an active ingredient in herbicide products sold in the United States," and the plaintiffs alleged "they developed Parkinson's disease, a progressive neurodegenerative disorder that manifests itself over years, possibly decades, from their exposure to Paraquat." *Id.* at *1, *9. None of these toxic-exposure cases support changing the Court's rulings in *Wilson* and *Amey*.

3

|                              |                                                                 |
| ---------------------------- | --------------------------------------------------------------- |
|                              | Respectfully submitted,                                         |
| Dated:  March 17, 2022       | /s/ *Jessica Benson Cox*                                        |
|                              | Jessica Benson Cox                                              |
|                              | Andrea Roberts Pierson                                          |
|                              | FAEGRE DRINKER BIDDLE & REATH LLP                               |
|                              | 300 North Meridian Street, Suite 2500                           |
|                              | Indianapolis, Indiana  46204                                    |
|                              | Telephone:  (317) 237-0300                                      |
|                              | Andrea.Pierson@FaegreDrinker.com                                |
|                              | Jessica.Cox@FaegreDrinker.com                                   |
|                              |                                                                 |
|                              | James Stephen Bennett                                           |
|                              | FAEGRE DRINKER BIDDLE & REATH LLP                               |
|                              | 110 West Berry Street, Suite 2400                               |
|                              | Fort Wayne, Indiana  46802                                      |
|                              | Telephone:  (260) 424-8000                                      |
|                              | Stephen.Bennett@FaegreDrinker.com                               |
|                              |                                                                 |
|                              | *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2022, a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT IN PLAINTIFF SAMUEL HENDERSON'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*