UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC            )
FILTERS MARKETING, SALES                  )     1:14-ml-02570-RLY-TAB
PRACTICES AND PRODUCT                     )     MDL No. 2570
LIABILITY LITIGATION                      )
_____)

This Document Relates to:

Melody and Jeffrey Rahall, 1:20-cv-00868
_____

### ORDER ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFFS' CASE PURSUANT TO CMO-28

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiffs Melody and Jeffrey Rahall's case. The court, having read and reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion should be **GRANTED in part** and **DENIED in part**.

**I.   Background**

Plaintiff Melody Rahall, a South Carolina resident, has a history of developing blood clots. (*See* Filing No. 10, Am. Short Form Compl., ¶ 6; Filing No. 17604, Ex. A, 3/27/15 Medical Record at 1). Prior to her colon resection surgery, she was implanted

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

1

with a Cook Celect Vena Cava Filter on July 8, 2009, as a prophylactic measure, in a South Carolina hospital. (Am. Short Form Compl., ¶ 4; 3/27/15 Medical Record at 2).

In February 2015, Plaintiff presented to the emergency room "for acute-on-chronic thrombosis of the Distal IVC and Bilateral CIV/EIV's," and underwent a procedure to address the clot. (3/27/15 Medical Record at 1). She returned to the hospital on February 26, 2015, for a venogram of her vena cava, which revealed, among other things, "a fracture of one the legs of the filter." (Filing No. 16190, 2/26/15 Medical Record at 2). According to Plaintiff's medical record, a nurse practitioner instructed her to "[f]ollow up as an outpatient with Dr. Ludkowski for consideration of inferior vena cava filter removal." (*Id.*).

Plaintiff presented to Dr. Ludkowski on March 27, 2015, to discuss the results of a lower extremity ultrasound. (3/27/15 Medical Record at 1). He mentioned Plaintiff's IVC filter only to say that "[w]e would like to retrieve the IVC filter once she is fully recovered from [the colostomy reversal] surgery." (*Id.*).

Plaintiff had a CT scan performed on December 3, 2015, due to complaints of chest pain and her prior history of pulmonary embolus. (*Id.*, Ex. B, 12/3/15 Medical Record at 1). Among other findings, it notes that "[a]n IVC filter is in place." (*Id.*).

Plaintiff filed a Complaint against the Cook Defendants in the Southern District of Indiana on March 18, 2020. (*See* Am. Short Form Compl.). She asserts claims for strict products liability, negligence, breach of warranty, consumer fraud, and punitive damages against the Cook Defendants. (*Id.*, ¶ 14). Her husband, Jeffrey, brings a claim for loss of consortium. (*Id.*).

2

## II. Standard of Review

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A Rule 12(c) motion is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Lodholtz v. York Risk Servs. Grp.*, 778 F.3d 635, 639 (7th Cir. 2015). To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For purposes of ruling on the Cook Defendants' motion, the court accepts Plaintiffs' well-pleaded factual allegations as true and construes all reasonable inferences in their favor. *Tierney v. Advocate Health & Hosps. Corp.*, 797 F.3d 449, 451 (7th Cir. 2015).

## III. Discussion

At the time this motion was filed, the court's choice-of-law rulings were in effect, meaning that direct-filed cases filed outside a certain window of time—May 31, 2017 to June 13, 2019—would be subject to Indiana choice-of-law rules. Consequently, because Plaintiffs' case was filed outside that window, the Cook Defendants argued that Indiana's choice-of-law rules applied. But given the Seventh Circuit's recent decision in *Looper v. Cook, Inc.*, the court finds South Carolina's choice-of-law rules apply. 20 F.4th 387, 389 (7th Cir. 2021) (holding "Cook implicitly consented to using choice-of-law rules for these plaintiffs as if they had filed in their home states"). Under South Carolina's choice-of-law

3

principles, "the substantive law governing a tort action is determined by the lex loci delicti, the law of the state in which the injury occurred." *Boone v. Boone,* 546 S.E.2d 191, 193 (S.C. 2001). As Plaintiff's injury occurred in South Carolina, South Carolina law applies to her claims.

Plaintiff's product liability tort claims are thus subject to a three-year statute of limitations. S.C. Code Ann. § 15-3-530. Under South Carolina's discovery rule, "the statute of limitations begins to run from the date the claimant knew or should have known that, by the exercise of reasonable diligence, a cause of action exists." *Holmes v. Nat'l Serv. Indus., Inc.*, 717 S.E.2d 751, 753 (S.C. 2011). The "exercise of reasonable diligence" requires that the injured party "act with some promptness where the facts and circumstances of an injury place a reasonable person of common knowledge and experience on notice that a claim against another party might exist." *Dean v. Ruscon Corp.*, 468 S.E.2d 645, 647 (S.C. 1996).

The Cook Defendants argue that Plaintiff knew or should have known there was a problem with her filter as of February 26, 2015, when a venogram showed her filter had fractured,[2] and a nurse practitioner instructed her to make a follow-up appointment with Dr. Ludkowski to consider filter removal. The medical record the Cook Defendants rely upon, however, does not indicate she was actually *told* by a healthcare provider that her filter had fractured. And her later medical records do not indicate she was aware of a filter fracture either. The March 27, 2015 medical record only says "[w]e would like to

---

[2] Plaintiff alleges she was first advised that the filter was fractured after an October 28, 2019 CT scan. This allegation, however, is not included in her Amended Short Form Complaint.

remove the IVC filter," and the December 3, 2015 medical record merely says the filter "is in place." Viewing the facts in the light most favorable to the Plaintiff, the court cannot find as a matter of law that she knew or should have known a cause of action against the Cook Defendants existed in 2015. Therefore, Plaintiff's product liability claims survive the Cook Defendants' motion for judgment on the pleadings.

Plaintiff's claims for punitive damages and Plaintiff Jeffrey Rahall's loss-of-consortium claims are derivative of Plaintiff's other claims. *Miller v. Cent. Ind. Cmty. Found., Inc.*, 11 N.E.3d 944, 963 (Ind. Ct. App. 2014) (stating a loss of consortium claim "derives its viability from the validity of the claim of the injured spouse against the wrongdoer"); *Chaiken v. Eldon Emmor & Co.*, 597 N.E.2d 337, 349 (Ind. Ct. App. 1992) (explaining that "no separate cause of action for punitive damages exists, punitive damages are derivative of actual damages"). Because Plaintiff's products liability claims survive, Plaintiff's punitive damages claim survives, and Mr. Rahall's loss of consortium claim survives.

Plaintiff did not respond to the Cook Defendants' motion with respect to the merits of her implied warranty, express warranty, and consumer protection claims. Plaintiff's failure to respond to the substance of Cook's arguments is a waiver or a concession. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."); *Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018) (Barrett, J.) (noting "a district court may hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss"); *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1043 (7th Cir. 1999) (noting that "by

failing to respond responsively to the motion to dismiss . . . [the plaintiff] forfeited her right to continue litigating her claim"). These claims are therefore dismissed.

### IV. Conclusion

For the reasons set forth above, the Cook Defendants' Motion for Judgment in Plaintiffs' Case Pursuant to CMO-28 (Filing No. 16169) is **GRANTED** on Plaintiff's implied warranty, express warranty, and consumer protection claims, and **DENIED** on Plaintiff's products liability, punitive damages, and Plaintiff Rahall's loss of consortium claim.

**SO ORDERED** this 17th day of March 2022.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.