UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Graham, Amy, 1:17-cv-02723

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF AMY GRAHAM'S CASE PURSUANT TO CMO-28**

A.     **The Six-Year Statute of Repose Bars Plaintiff's Claim Under Prior Orders**

Plaintiff argues that the 12-year statute of repose applies to her case, relying on the claimed occurrence of her injury after October 1, 2009[1] and criticizing *Cramer v. Ethicon Inc.*, 2021 WL 243872 as a "sweeping" decision. *See* Pl.'s Resp., Dkt. 21301. This Court has rejected Plaintiff's argument twice before and should do so again here. *See* Dkt. 15084 (*Wilson*) at 2 ("North Carolina courts have held that the enlargement of the repose period to 12 years did not have retroactive effect for claims involving products used prior to that time."); Dkt. 20384 at 2-4 (*Amey*) (same). The Seventh Circuit agrees, *see Klein v DePuy*, 506 F.3d 553, 557 (7th Cir. 2007), as do multiple other courts applying North Carolina law. *See* Defs.' Mot., Dkt. 21172.

Plaintiff misreads the cases she cites in her Response. In *Robinson v. Bridgestone/Firestone N. Am. Tire, L.L.C.*, the plaintiffs included both adults and minors who sued a tire manufacturer after a highway accident. 703 S.E.2d 883, 885 (N.C. 2011). The court held that the adults "had to show that the allegedly defective tire was initially purchased within six years of the filing [date]"—the same holding as *Cramer* and the Court's orders in *Amey* and *Wilson*. The *Robinson* court treated the *minor* plaintiffs differently and analyzed the date of the accident as the "accrual date" *only* because a *separate* statute, N.C. Gen. Stat. § 1:17(a), "'provides for the tolling of most limitations periods during a person's minority.'" 703 S.E.3d at 887. In *Ferro v. VolVo Penta of the Americas, LLC*, the plaintiff alleged he discovered the defect in 2013—*after* October 1, 2009—but the court held that claims for boat parts purchased *before* October 1, 2009 were subject to and time-barred by the six-year statute of repose. 2017 WL 3710071, at *3 (E.D.N.C. Aug. 28, 2017). Finally, this Court's decision in *McDermitt* addressed the Indiana statute of repose, which has a potential two-year extension that incorporates the statute of

---

[1] Plaintiff's claims are based on a December 18, 2017 CT report showing "[p]rongs have perforated the aorta and duodenum." *See* Categorization Form and Records, filed under seal and attached as **Exhibit A**.

1

limitations, which required the Court to determine when the claimed injury was discovered. *See* Dkt. 13187 at 5-6. North Carolina's statute of repose has no equivalent provision.

### B. The Latent Disease Exception Does Not Apply to Plaintiff's Claims

North Carolina's latent disease exception does not apply here. As this Court has already explained, "[t]his exception is 'limited to diseases that develop over long periods of time after multiple exposures to offending substances which are thought to be causative agents' and where it is impossible to identify any particular exposure as the first injury.'" Dkt. 15084 (*Wilson*) at 2-3 (quoting *In re Mentor Corp*, 2016 WL 873854, at *2 (M.D. Ga. March 4, 2016) (cleaned up)). Because claims based on alleged IVC filter complications arise from a single medical device placed in the body, this Court held, "[t]he rationale for the latent disease exception does not apply to claims like Plaintiff's." Dkt. 15084 (*Wilson*) at 2; *see also Klein,* 506 F.3d at 557 ("the plain language of the statute, its history, and North Carolina case law all support our belief that no exception was intended [by the legislature]."). [2]

### C. Plaintiff's Express Warranty Arguments Fail for Multiple Reasons

Plaintiff argues that Cook waived its statute of repose defense by warranting to "both the FDA and consumers that [its] filters were safe for permanent implantation." Dkt. 21301 at 4 (citing *Christie v. Hartley Constr., Inc.*, 766 S.E.2d 283, 287 (N.C. 2014)). This express-warranty argument fails for multiple reasons.

First, North Carolina subsumes any such claim into the product-liability claims that are barred by the statute of repose. *See Lackey v DePuy Orthopedics*, 2011 WL 2791264, at *2 (W.D.N.C. July 14, 2011) (dismissing case on statute of repose grounds and holding "Plaintiff's

---

[2] The case cited by Plaintiff is distinguishable because it too was a toxic exposure case, not a medical device case. *See Paraquat Prod Liab Litig.*, 2022 WL 451898, at *1, 9 (S.D. Ill. Feb. 14, 2022) (explaining that paraquat dichloride was a chemical compound used in herbicides and that the plaintiffs alleged "they developed Parkinson's disease, a progressive neurodegenerative disorder that manifests itself over years, possibly decades, from their exposure to Paraquat.").

claims all stem from the purchase of an allegedly defective hip" and that "[a]rtful pleading does not allow Plaintiff to transform product liability claims into claims sounding in negligence and breach of warranty."). Here, Plaintiff's express warranty argument depends on the same allegedly defective IVC filter that underlies her other claims. *See, e.g.,* Master Compl., Dkt. 213, ¶¶ 96-97 (alleging various design and manufacturing "defects" as part of pleading the express warranty claim).

Moreover, the plaintiffs in the *Christie* decision on which Plaintiff relies based their argument on evidence of a detailed, specific 20-year written warranty. *See* 766 S.E.2d at 285. In contrast here, Plaintiff claims only that Cook made representations that "filters were safe for permanent implantation." Dkt. 21225 at 3. Plaintiff has not identified any specific language or document that would constitute an express warranty, or alleged that she relied or even read such a warranty before receiving her filter. The mere fact that the filter had a possible permanent use option does not create an express warranty or guarantee that the filter would last indefinitely or that known complications and adverse effects cannot occur. Plaintiff cannot evade the statute of repose on this basis.

Finally, as the Court noted in applying the Texas statute of repose (Dkt. 4918 at 13-15), Plaintiffs' Master Complaint fails to plead an adequate express warranty claim, and Plaintiff's failure to establish how she received and relied on the alleged express warranty is fatal to her claim under North Carolina law for similar reasons. *See Harbor Pt. Homeowners Ass'n, Inc. v. DJF Enters.*, 697 S.E.2d 439, 447 (N.C. Ct. App. 2010) (holding that plaintiff must establish the alleged warranty and how it "was relied upon by the plaintiff in making [the] decision to purchase" the product).

For the foregoing reasons, Plaintiff's claim should be dismissed with prejudice**.**

Respectfully submitted,

Dated:  March 21, 2022	/s/  *Jessica Benson Cox*

>Jessica Benson Cox, Co-Lead Counsel
>Andrea Roberts Pierson
>FAEGRE DRINKER BIDDLE & REATH LLP
>300 North Meridian Street, Suite 2500
>Indianapolis, Indiana  46204
>Telephone:  (317) 237-0300
>Andrea.Pierson@FaegreDrinker.com
>Jessica.Cox@FaegreDrinker.com
>
>James Stephen Bennett, Co-Lead Counsel
>FAEGRE DRINKER BIDDLE & REATH LLP
>110 West Berry Street, Suite 2400
>Fort Wayne, Indiana  46802
>Telephone:  (260) 424-8000
>Stephen.Bennett@FaegreDrinker.com
>
>*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2022, a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF AMY GRAHAM'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*

4