# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

March 22, 2022

To:  Roger A. G. Sharpe
　　　UNITED STATES DISTRICT COURT
　　　Southern District of Indiana
　　　United States Courthouse
　　　Indianapolis, IN 46204-0000

| No. 20-3279 | IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>APPEAL OF: LAURIE SIDES |
|---|---|
| No. 20-3280 | IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>APPEAL OF: LISA WARD |
| No. 20-3281 | IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>APPEAL OF: LYDIA TERRY |
| No. 20-3282 | IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>APPEAL OF: RALPH BRANDON |
| **Originating Case Information:** ||
| District Court No: 1:17-cv-03916-RLY-TAB<br>Southern District of Indiana, Indianapolis Division<br>District Judge Richard L. Young ||
| **Originating Case Information:** ||
| District Court No: 1:14-ml-02570-RLY-TAB<br>Southern District of Indiana, Indianapolis Division<br>District Judge Richard L. Young ||
| **Originating Case Information:** ||

| |
|---|
| District Court No: 1:17-cv-03918-RLY-TAB |
| Southern District of Indiana, Indianapolis Division |
| **Originating Case Information:** |
| District Court No: 1:17-cv-04752-RLY-TAB |
| Southern District of Indiana, Indianapolis Division |
| **Originating Case Information:** |
| District Court No: 1:18-cv-02053-RLY-TAB |
| Southern District of Indiana, Indianapolis Division |

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:                    No record to be returned

form name: **c7_Mandate**   (form ID: **135**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## FINAL JUDGMENT

February 28, 2022

Before

DAVID F. HAMILTON, *Circuit Judge*
MICHAEL Y. SCUDDER, *Circuit Judge*
AMY J. ST. EVE, *Circuit Judge*

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>APPEALS OF: LAURIE SIDES, LISA WARD, LYDIA TERRY, and RALPH BRANSON,<br><br><br><br>Nos. 20-3279, 20-3280, 20-3281, and 20-3282 | Appeals from the United States District Court for the Southern District of Indiana, Indianapolis Division.<br><br>Nos. 1:17-cv-03916 &1:14-ml-02570<br>Nos. 1:17-cv-03918 & 1:14-ml-02570<br>Nos. 1:17-cv-04752 & 1:14-ml-02570<br>Nos. 1:18-cv-02053 & 1:14-ml-02570<br><br><br>Richard L. Young,<br>    Judge. |

The judgment of the District Court is **AFFIRMED**, with costs, in accordance with the decision of this court entered on this date.

form name: **c7_FinalJudgment**   (form ID: **132**)

CERTIFIED COPY

A True Copy
Teste:

_____
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit



# In the
# United States Court of Appeals
## For the Seventh Circuit

Nos. 20-3279, 20-3280, 20-3281 & 20-3282

IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION

APPEALS OF: LAURIE SIDES, LISA G. WARD, LYDIA TERRY and RALPH BRANDON.

Appeals from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
Nos. 1:14-ml-02570, 1:17-cv-03916, 1:17-cv-03918, 1:17-cv-04752,
and 1:18-cv-02053 — **Richard L. Young**, *Judge*.

ARGUED NOVEMBER 1, 2021 — DECIDED FEBRUARY 28, 2022

Before HAMILTON, SCUDDER, and ST. EVE, *Circuit Judges*.

SCUDDER, *Circuit Judge*. Lawyers make mistakes. Sometimes they are small and fixable. Other times the consequences are inescapable. Unfortunately for attorney Nicholas Farnolo's clients, his mistakes fell in the latter category. Farnolo missed a filing deadline, which led to the dismissal of his clients' cases. He then missed the one-year window to seek reconsideration of that dismissal. We affirm.

2                  Nos. 20-3279, 20-3280, 20-3281 & 20-3282

**I**

Between October 2017 and July 2018, Nicholas Farnolo helped his clients file short-form complaints in the multidistrict litigation *In re Cook Medical, Inc., IVC Filters Marketing, Sales Practices and Product Liability Litigation*. The MDL plaintiffs brought product liability claims alleging injuries caused by the defendants' medical device—a filter designed to prevent pulmonary embolism, a form of blood clotting. The district court's case management order instructed all plaintiffs to complete a profile form with general personal and medical background information and details about their device and alleged injuries. A plaintiff's failure to file a profile form within the specified time frame allowed the defendants to move to dismiss that plaintiff's claim.

In May 2019, the MDL defendants notified attorney Farnolo that they did not have forms from his clients—Laurie Sides, Lisa Ward, Lydia Terry, and Ralph Brandon. By late June 2019, the forms still had not been filed, and so the defendants moved to dismiss. Farnolo never responded to the motion, and the district court dismissed the cases on July 19, 2019.

Farnolo learned about the dismissal not by monitoring the MDL docket, but instead from one of his clients more than a year later. On August 18, 2020, he filed a motion for reconsideration and reinstatement of the cases. Farnolo told the district court that he did not receive an electronic docket notification of the defendants' motion to dismiss and attributed his delay in asking for reconsideration to "new filtering rules to his email inbox" that sent the dismissal order to his junk folder. Farnolo made plain he was seeking relief under Federal Rule of Civil Procedure 60(b)(1) and 60(b)(6).

Nos. 20-3279, 20-3280, 20-3281 & 20-3282                                3

The district court denied Farnolo's motion as both untimely and meritless. The court explained that all Rule 60(b) motions must be made within a "reasonable time" and that Rule 60(c)(1), more specifically, requires requests for reconsideration predicated on excusable neglect to be brought within one year of entry of judgment. But here, the district court emphasized, the plaintiffs sought reconsideration nearly 13 months after the order dismissing their cases. The reconsideration motion was "therefore not brought within a reasonable time."

Going further and relying on our reasoning in *Helm v. Resolution Trust Corp.*, the district court observed that "inexcusable attorney negligence is not an exceptional circumstance justifying relief" under either Rule 60(b)(1) or 60(b)(6). 84 F.3d 874, 878–79 (7th Cir. 1996). And attorney Farnolo's neglect, the district court found, was inexcusable. Indeed, the district court underscored that Farnolo could have avoided dismissal if he had confirmed that the defendants received his clients' profile sheets, monitored the MDL docket more closely, or checked his clients' individual docket sheets.

Because Farnolo's motion for reconsideration was untimely, and because even a timely motion would have raised only inexcusable neglect, the district court denied the plaintiffs' motion for reconsideration of the dismissal.

Sides, Ward, Terry, and Brandon timely appealed.

## II

Under Rule 60(b) a court may "relieve a party or its legal representative from a final judgment, order, or proceeding" for various reasons, including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A catch-

4    Nos. 20-3279, 20-3280, 20-3281 & 20-3282

all provision also authorizes courts to reconsider an earlier order if a party raises "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

A Rule 60(b) motion must be "made within a reasonable time." Fed. R. Civ. P. 60(c)(1). And where the stated ground for relief is "mistake, inadvertence, surprise, or excusable neglect," Rule 60(c)(1) is clear that "a reasonable time" means "no more than a year after the entry of the judgment or order" at issue. *Id.*

We review a district court's denial of a Rule 60(b) motion under "an 'extremely deferential' abuse of discretion standard." *Eskridge v. Cook County*, 577 F.3d 806, 808 (7th Cir. 2009). That deferential standard flows from the settled understanding that Rule 60(b) relief is an "extraordinary remedy" granted only in "exceptional circumstances." *Id.* at 809 (cleaned up).

The plaintiffs' motion for reconsideration characterized attorney Farnolo's missteps as "excusable error." Farnolo insisted that he had a "direct recollection" of submitting his clients' profile forms; that he did not receive an electronic notification of the defendants' motion to dismiss; and that the electronic notification of the dismissal order was "filtered into [his] clutter folder due to new filtering rules" he had implemented to manage the MDL's voluminous filings. Excusable or not, however, the motion made clear that the plaintiffs' failure to oppose the motion to dismiss is attributable solely to Farnolo's negligence, such that the reconsideration request fell within the ambit of Rule 60(b)(1). See *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394–95 (1993) ("[F]or purposes of Rule 60(b), 'excusable neglect' is

Nos. 20-3279, 20-3280, 20-3281 & 20-3282 5

understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.").

All of this meant that the one-year time limit in Rule 60(c) applied to the plaintiffs' motion for reconsideration. We have cases suggesting that this time limit is jurisdictional and cannot be extended by a district court. See, *e.g.*, *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006); *Brandon v. Chi. Bd. of Educ.*, 143 F.3d 293, 296 (7th Cir. 1998); *Wesco Prods. Co. v. Alloy Auto. Co.*, 880 F.2d 981, 985 (7th Cir. 1989). In the years since we decided those cases, however, the Supreme Court has clarified the distinction between jurisdictional rules and claims-processing rules. See, *e.g.*, *Eberhart v. United States*, 546 U.S. 12, 16–19 (2005) (acknowledging errors in circuit courts "caused in large part by imprecision in [the Court's] prior cases," especially its use of the phrase "mandatory and jurisdictional" to describe claims-processing rules); *Kontrick v. Ryan*, 540 U.S. 443, 453–54 (2004) (explaining that court-prescribed time constraints contained in the Bankruptcy Rules "do not create or withdraw federal jurisdiction" or "delineate what cases bankruptcy courts are competent to adjudicate") (cleaned up).

Our court, too, has recognized the need for care and precision when using the term "jurisdiction" and, even more specifically, in describing the consequences of rules-based time limits. See, *e.g.*, *Blue v. Int'l Bhd. of Elec. Workers Loc. Union 159*, 676 F.3d 579, 584–85 (7th Cir. 2012) (concluding that a district court's errant decision to consider untimely post-trial motions under Federal Rules of Civil Procedure 50(b) and 59(b) "ha[d] no jurisdictional consequences"); *Hamer v. Neighborhood Hous. Servs. of Chi.*, 897 F.3d 835, 837–38 (7th Cir. 2018) (analyzing the time limit in Federal Rule of Appellate Procedure

6                         Nos. 20-3279, 20-3280, 20-3281 & 20-3282

4(a)(5)(C) as a waivable claims-processing rule rather than a limit governing our jurisdiction).

With these developments in mind, we conclude that Rule 60(c) embodies a mandatory claims-processing rule, not one limiting a district court's subject matter jurisdiction. See, *e.g.*, *Penney v. United States*, 870 F.3d 459, 462 (6th Cir. 2017) (holding that Rule 60(b)'s timing rule "is not a jurisdictional rule; it is a claim-processing rule"); *United States v. McRae*, 793 F.3d 392, 400–01 (4th Cir. 2015) (explaining that Rule 60(c)'s "one-year filing deadline is an affirmative defense" rather than a jurisdictional bar). See also 12 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 3141 (3d ed. 2021) ("No consideration need be given to the [Federal Rules of Civil Procedure] in determining whether a district court has jurisdiction of a particular action. The rules merely prescribe the method by which the jurisdiction granted the courts by Congress is to be exercised.").

In the end, however, the distinction between claims-processing and jurisdictional rules makes no difference here, because "[m]andatory claim-processing rules, if properly invoked, must be enforced." *Hamer*, 897 F.3d at 838 (cleaned up). Everyone agrees that the plaintiffs filed their motion for reconsideration roughly 13 months after the district court dismissed their cases. And the defendants, for their part, opposed the motion and raised the untimeliness of the plaintiffs' motion under Rule 60(c). No matter the potential merits of the plaintiffs' excusable neglect arguments, then, the district court's denial of the motion for reconsideration reflected no abuse of discretion.

Rule 60(b)(6)'s catch-all provision cannot get the plaintiffs around the time bar in Rule 60(c)(1). The alternative grounds

Nos. 20-3279, 20-3280, 20-3281 & 20-3282 7

for reconsideration outlined in Rule 60(b)(1) and Rule 60(b)(6) are "mutually exclusive," such that "a party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6)." *Pioneer Inv. Servs. Co.*, 507 U.S. at 393.

And the only stated ground for relief in the plaintiffs' Rule 60(b) motion is attorney Farnolo's neglect—his mishandling of the submission of his clients' profile forms and, even more, his inattentive monitoring of both the docket and the email notifications from the district court. Beyond a conclusory suggestion that the defendants' motion to dismiss somehow did not trigger an electronic notification, there has been no showing of other "extraordinary circumstances" suggesting that the plaintiffs—or Farnolo, as their attorney—were "faultless in the delay" in seeking reconsideration such that Rule 60(b)(6) should govern. *Id.* "To permit relief under the catchall provision" in this case "would render the one-year time limit meaningless." *Arrieta*, 461 F.3d at 865 (citing *Wesco*, 880 F.2d at 983).

The consequences of attorney Farnolo's neglect are not lost on us: Sides, Ward, Terry, and Brandon are real people alleging real injuries. They wanted to pursue claims in the MDL, only to see their cases dismissed because of Farnolo's avoidable mistakes. But Rule 60(c) is clear, and this is not the type of "extraordinary case" where the party seeking to set aside the judgment could not possibly have discovered the ground for doing so within one year. See *Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 342 (7th Cir. 2004). If Farnolo had taken any of the steps outlined in the district court's order—confirmed receipt of his clients' profile forms, monitored the MDL docket more closely, or checked his clients' individual docket

8                      Nos. 20-3279, 20-3280, 20-3281 & 20-3282

sheets—he could have avoided dismissal in the first instance, and certainly could have complied with Rule 60(c)'s one-year window for filing a motion for reconsideration.

The district court did not abuse its discretion in recognizing as much, so we AFFIRM its denial of the Rule 60(b) motion for reconsideration.

CERTIFIED COPY
A True Copy
Teste:

_____
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit