# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

March 24, 2022

To:  Roger A. G. Sharpe
UNITED STATES DISTRICT COURT
Southern District of Indiana
United States Courthouse
Indianapolis, IN 46204-0000

| No. 20-3434 | IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION<br><br>APPEAL OF: VALERIE K. CORTEZ |
|---|---|
| **Originating Case Information:** ||
| District Court No: 1:20-cv-00896-RLY-TAB<br>Southern District of Indiana, Indianapolis Division<br>District Judge Richard L. Young ||
| **Originating Case Information:** ||
| District Court No: 1:14-ml-02570-RLY-TAB<br>Southern District of Indiana, Indianapolis Division<br>District Judge Richard L. Young ||

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:                                                                No record to be returned

form name: **c7_Mandate**    (form ID: **135**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## FINAL JUDGMENT

March 2, 2022

Before
FRANK H. EASTERBROOK, *Circuit Judge*
ILANA DIAMOND ROVNER, *Circuit Judge*
DAVID F. HAMILTON, *Circuit Judge*

| No. 20-3434 | VALERIE K. CORTEZ<br>    Plaintiff-Appellant,<br><br>COOK INCORPORATED, et al.,<br>    Defendants-Appellees. |
|---|---|
| **Originating Case Information:** | |
| District Court No: 1:20-cv-00896-RLY-TAB<br>Southern District of Indiana, Indianapolis Division<br>District Judge Richard L. Young | |

The judgment of the District Court is **AFFIRMED**, with costs, in accordance with the decision of this court entered on this date.

form name: **c7_FinalJudgment**     (form ID: **132**)



CERTIFIED COPY
A True Copy
Teste:
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

In the
# United States Court of Appeals
### For the Seventh Circuit

No. 20-3434

VALERIE CORTEZ,

                        *Plaintiff-Appellant*,

v.

COOK INCORPORATED, *et al.*,

                        *Defendants-Appellees*.

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:20-cv-00896-RLY-TAB — **Richard L. Young,** *Judge.*

ARGUED MAY 26, 2021 — DECIDED MARCH 2, 2022

Before EASTERBROOK, ROVNER, and HAMILTON, *Circuit Judges*.

ROVNER, *Circuit Judge.* Valerie Cortez brought a number of claims against Cook Incorporated, Cook Medical, LLC, and William Cook Europe APS (hereinafter "Cook"), alleging that she was injured by an Inferior Vena Cava Filter called the Gunter Tulip Vena Cava Filter (the "Filter"), which was implanted in her on December 14, 2006. The Filter was designed and manufactured by the defendants for the prevention of

pulmonary embolisms. Cortez's action was part of the consolidated proceedings in *In re: Cook Medical, Inc. Filters Marketing, Sales Practices and Product Liability Litigation*, MDL No. 2570. Accordingly, Cortez filed a Short-Form Complaint that incorporated counts from the Master Consolidated Complaint for Individual Claims, and alleged causes of action for product liability, negligence, breach of express and implied warranty, and violations of Oregon's Unlawful Trade Practices Act. Only the product liability claims are at issue in this appeal.

Cook moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) as to the product liability claims, arguing that the claims were filed beyond the time period in the statute of repose of Cortez's home state, Oregon. Cortez countered that the Oregon statute incorporates Indiana law, which allows for equitable tolling of the limitations period, and that the complaint sufficiently alleged a right to such tolling under the doctrine of fraudulent concealment. She alleged that the defendants knew their product was defective, that they, through affirmative misrepresentations and omissions, actively concealed the significant risks associated with the Filter, and that the conduct constituted fraudulent concealment. She also alleged that the defendants continued to promote the Filter as safe and effective even though inadequate clinical trials had been performed to support that safety or efficacy.

The defendants sought judgment on the pleadings. The district court granted that motion to dismiss the claims as untimely, holding that the allegations in the complaint were insufficient to demonstrate fraudulent concealment and therefore the statute was not tolled. Cortez has now appealed that judgment to this court.

No. 20-3434 3

Cortez was a resident of Oregon at the time of the placement of her Filter as well as at the time of the injury and the filing of the lawsuit. The parties agree that her product liability claim is therefore governed by Oregon law, and also agree that the Indiana limitations period is the relevant focus here because of the language of Oregon's product liability statute, Or. Rev. Stat. § 30.905(2). That Oregon statute provides:

> A product liability action for personal injury or property damage must be commenced before *the later of*
>
> (a) Ten years after the date on which the product was first purchased for use or consumption, or
> (b) *The expiration of any statute of repose for an equivalent civil action in the state in which the product was manufactured …."*

(emphasis added)

The defendants in this case are Indiana entities operating in Indiana, and therefore we must consider whether the Indiana statute of repose provides for a longer period of time than Oregon's ten-year statute of repose. The Indiana statute of repose for product liability actions provides for a time period that could extend up to two years beyond the 10-year Oregon period, providing:

> (c) Except as provided in section 2 of this chapter [regarding asbestos-related actions], a product liability action must be commenced:
>
> …
>
> (2) within ten (10) years after the delivery of the product to the initial user or consumer.

Case 1:14-ml-02570-RLY-TAB Document 21673 Filed 03/24/22 Page 6 of 9 PageID #: 129959
Case: 20-3434  Document: 00713973925  Filed: 03/24/2022  Pages: 7  (4 of 9)

4 No. 20-3434

> However, if the cause of action accrues at least eight (8) years but less than ten (10) years after that initial delivery, the action may be commenced at any time within two (2) years after the cause of action accrues.

Ind. Code § 34-20-3-1(b).

Under that Indiana provision, Cortez could have as long as 12 years in which to commence the product liability claim, if the cause of action accrued near the ten-year mark after the initial delivery. In that circumstance, Cortez would have been required to initiate the action by December 14, 2018, but the action in this case was not filed until more than 15 months later, on March 19, 2020. The only issue in this appeal is whether the district court erred in holding that the filing was untimely.

Cortez argues that the action is timely because Cook's fraudulent concealment operated to toll the statute of repose. "The doctrine of fraudulent concealment is an equitable remedy that bars a statute-of-limitations defense when the defendant who invokes it prevented the plaintiff from discovering an otherwise valid claim." *Blackford v. Welborn Clinic*, 172 N.E.3d 1219, 1229 (Ind. 2021); *Lyons v. Richmond Cmty. Sch. Corp.*, 19 N.E.3d 254, 260 (Ind. 2014). Fraudulent concealment can be active, involving affirmative acts of concealment intended to mislead, or passive, involving the failure to disclose material information when there is a duty to disclose. *Blackford*, 172 N.E.3d at 1229.

The district court held that Cortez had failed to establish fraudulent concealment. Specifically, the court held that the complaint failed to sufficiently allege fraudulent concealment

No. 20-3434                                                                        5

in that it did not allege affirmative actions to prevent the discovery of a cause of action, did not allege that the Filters were ever recalled, and did not allege that Cook communicated directly to Cortez in a misleading way about the risks associated with the Filters or knew that she was injured and took steps to prevent the timely filing of an action. Cortez argues on appeal that the court erred in its assessment of what constitutes fraudulent concealment.

At oral argument, we raised the question as to whether the doctrine of fraudulent concealment even applies to statutes of repose, and requested supplemental briefing on that issue. In that briefing, Cortez acknowledged that the Indiana Supreme Court had not yet addressed whether fraudulent concealment applies to statutes of repose, but argued that its opinions applying fraudulent concealment to other non-claim statutes strongly suggested that it would apply to statutes of repose.

Since the supplemental briefing, however, the Indiana Supreme Court in *Blackford* weighed in on the matter, and its holding is dispositive of this appeal. It held that for a statute of repose, as opposed to a general statute of limitation, "fraudulent concealment may not extend the time in which to file a claim." *Id*. at 1221. In so holding, the court discussed the differences between statutes of repose and other limitations provisions. The court held that general statutes of limitation create a defense to an action after the time allowed for bringing the action expires, and principles of equity preclude a party from invoking that defense when that party's own fraud or misconduct has prevented the timely filing of the lawsuit. *Id*. at 1224. Statutes of repose, however, "'mark the outer boundaries of substantive legal rights because they limit the time during which a cause of action can arise … [i.e.] no

Case 1:14-ml-02570-RLY-TAB   Document 21673   Filed 03/24/22   Page 8 of 9 PageID #: 129961
Case: 20-3434      Document: 00713973925      Filed: 03/24/2022      Pages: 7      (6 of 9)

6                                                                    No. 20-3434

cause of action exists once the repose period expires.'" *Id*. at 1224–25, quoting *Gill v. Evansville Sheet Metal Works, Inc.*, 970 N.E.2d 633, 637 n.4 (Ind. 2012). Such a provision "acts as a substantive bar to a legal claim 'after a specified period of time has run from the occurrence of some other event **other than the injury** which gave rise to the claim.'" (emphasis in *Blackford*) *Id*. at 1225, quoting *Kissel v. Rosenbaum*, 579 N.E.2d 1322, 1326 (Ind. Ct. App. 1991).

The court recognized that a statute of repose could thereby bar an action before it even accrues, thus depriving the claimant of a remedy. *Id*. But the court noted that the reason for that "strict prohibition" was not to avoid stale evidence, but to delineate a specific time frame in which the legislature has deemed it appropriate to bring a claim. *Id*. Accordingly, "by vesting in the defendant a substantive grant of immunity once the period expires, statutes of repose—absent express language to the contrary—supersede or 'override' equitable rules of tolling." *Id*.

Although the *Blackford* court held that for a statute of repose, fraudulent concealment "may not extend the time in which to file a claim," the court also noted the "rare case" in which Indiana courts had made an exception, including for instances of fraud. *Id*. at 1228. The court considered that as an alternative, hypothetical application, first holding that the claim in *Blackford* was untimely because fraudulent concealment cannot toll a statute of repose, and then holding that "even if" the limitations period were subject to tolling, it was inapplicable because it involved only passive and not active fraud. *Id*. at 1230. That hypothetical discussion might have left open the possibility for an exception to be recognized in the

No. 20-3434                                                                 7

future. And the court had already noted that its holding applied to statutes of repose "absent express language to the contrary." *Id*. at 1225. But the holding of the court, that fraudulent concealment does not toll statutes of repose, was unqualified.

Here, the parties agree that the provision at issue is a statute of repose, and that characterization is consistent with the language of the statute, which begins the running of the time period "at the date of delivery of the product." See *id*. at 1225, quoting *Kissel*, 579 N.E.2d at 1326 (noting that a characteristic of statutes of repose is that they "act as a substantive bar to a legal claim 'after a specified period of time has run from the occurrence of some other event **other than the injury** which gave rise to the claim'") (emphasis in *Blackford*). The Indiana Supreme Court's holding that the statute of repose is not subject to equitable tolling claims of fraudulent concealment is unequivocal. The court holds as much at four different points in its opinion. *Id*. at 1221, 1223, 1228, 1231. Its discussion regarding the possibility of tolling in rare cases presenting exceptions is hypothetical. Our task is to identify how the Indiana courts would interpret the law, and that means that we will take the Indiana Supreme Court at its word and give effect to its unequivocal holding. Because the product liability claims in this case are subject to a statute of repose, and fraudulent concealment cannot extend the time to file claims for such a statute, the claims in this case are untimely.

The decision of the district court is AFFIRMED.