UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES, AND PRODUCT LIABILITY LITIGATION | Case No: 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to All Actions

**CASE MANAGEMENT ORDER NO. 30**
**SCREENING ORDER FOR SYMPTOMATIC PERFORATION**

Pursuant to (1) the Court's Order on the Cook Defendants' Motion for Screening Order and Bellwether Plan (Filing No. 9322) and (2) the Court's Order Regarding Case Categorization and Census (Filing No. 9638) (collectively, the "Court's Categorization Orders"), Plaintiffs in MDL 2570 were required to provide medical evidence of their alleged injuries in seven specific categories (Category Nos. 1-7).[1] (Filing No. 10617). The Court's requirement that each plaintiff submit specific medical records supporting his or her alleged injury has remained unchanged since the Court's Categorization Orders were entered on October 2, 2018.

The Court has relied heavily on the Plaintiffs' self-categorization in adopting bellwether plans and in charting a forward trajectory in the MDL. The Court's Categorization Orders set forth Category 7 cases are "**Symptomatic Injury Cases**," and

---

[1] The Court's Categorization Orders were incorporated and entered as part of Fourth Amended Case Management Order No. 4 (Party Profile, Fact Sheet and Case Categorization Protocol) on March 13, 2020 (Filing No. 13046).

1

Category 7(e) – the largest alleged injury type in this MDL – defines Penetration or Perforation as follows:

> (e) penetration or perforation – consisting of a filter strut or anchor extending 3 or more mm outside the wall of the IVC as demonstrated on imaging

(Filing No. 13046). Category 7(e)'s definition of Penetration or Perforation is consistent with the testimony of Plaintiffs' expert witnesses in the MDL.[2] (Filing No. 8591 at 15). No party or expert witness in this MDL has claimed that filter protrusion less than 3 mm is a legally cognizable injury or a "perforation." Furthermore, cases in Category 7(e) are intended to be "symptomatic" cases, *i.e.*, cases where the protrusion has caused a present physical impairment or physical harm.

**IT IS THEREFORE ORDERED**:

1. Plaintiffs who categorized as Category 7(e) shall review the medical evidence submitted with his/her Case Categorization Form and confirm he/she has provided a medical record or expert report supporting (a) IVC filter protrusion "3 or more mm outside the wall of the IVC as demonstrated by imaging," and (b) that the documented protrusion has caused a present physical impairment or physical harm. If a Plaintiff has not previously submitted such evidence with his/her Case Categorization Form, Plaintiff must do so promptly. Plaintiffs shall confirm compliance by emailing

---

[2] *See* Deposition Testimony of Dr. Gregory Gordon, January 4, 2018, 124:19-23; Dr. David Kessler, June 30, 2017, 265:3-16; and Trial Testimony of Dr. Harlan Krumholz, Brand Trial, 396:12-17.

Cook Defendants at CookFilterMDL@faegredrinker.com stating they have confirmed the record submitted meets the requirement within 60 days of the date of this Order.

    2.    Within 90 days of the date of this Order, the Cook Defendants shall submit to the Court and the Plaintiffs Steering Committee a list of all cases in which a Plaintiff has failed to comply with Paragraph 1 (the "Non-Compliant Cases").  The Plaintiffs Steering Committee will have 10 days thereafter to provide any edits or updates to the list to the Court.

    3.    Should a Plaintiff fail to comply with Paragraph 1 (the "Non-Compliant Cases"), the Cook Defendants may file a Motion to Show Cause why the case should not be dismissed.

**SO ORDERED** this 29th day of March 2022.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.