IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTSLIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff : Robert R. Cunningham
Civil Case # 1:16-cv-1986

### PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANT COOKS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT PURSUANT TO CMO-28

This Court set forth a simplified procedure for screening time barred cases pursuant to CMO 28. [Dkt. 14601]. As part of that process, Cook sent Plaintiff a letter on September 29, 2021, outlining Cooks' reasons as to why this case was time-barred and demanding Plaintiff voluntarily dismiss his case based on the pleadings. On October 8, 2021, Plaintiff sent Defendants a letter responding as to why defendants' requests were not warranted. Some of Plaintiff's arguments included that the statute of repose does not apply to breach of warranty claims because the defendants' waived it by claiming it was safe for permanent implantation and that the disease exception should apply to the facts of this case. Plaintiff's counsel also noted that she was available for a further meet and confer on this issue. [*See* Elizabeth Dudley's Letter to Cook Counsel, October 8, 2021].

Cook then filed their Motion to Dismiss Pursuant to CMO 28 on February 18, 2022 focusing only on North Carolina's Statute of Repose ["SOR"] and did not address plaintiff's other arguments. [*See* DKT 21168].

Cook did not address Plaintiff's other arguments until after Plaintiff's response. Cook's reply contains new facts and legal arguments that should have been included in its initial opening

brief, and therefore plaintiff, as the non-movant, should not be deprived of the opportunity to respond to the new facts, case law, factual and legal arguments presented for the first time in its Reply as contemplated under the local rules.  See Local Rule 56-1[d][allowing a surreply to address new evidence].  Especially since Plaintiff's correspondence was sent to defendants over five [5] months ago.

Plaintiff has emailed defense counsel to ask if they plan on opposing this motion and if they do not, plaintiff has no objection to defendants filing a response to our surreply.

Therefore, Plaintiff submits this surreply to address the new factual and legal arguments presented by Cook in its reply.

Date:  March 30, 2022        Respectfully submitted,

**THE DUDLEY LAW FIRM, LLC**

By: */s/ Elizabeth Dudley*
Elizabeth Dudley [KS Bar No. 21582] [admitted *pro hac vice*]
**The Dudley Law Firm, LLC**
23438 SW Pilot Point Rd
Douglass, Ks  67039
[316] 746-3969 [office]
[316] 854-5638 [fax]
Liz@lizdudleylaw.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2022, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to the CM/ECF participants registered to receive service in this matter. Parties may access the filing through the Court's system.

/ s/ Elizabeth Dudley