THE DUDLEY LAW FIRM, LLC
Elizabeth Dudley, Esq
23438 SW Pilot Point Rd, Ste A
Douglass, Ks  67039
Liz@lizdudleylaw.com
316-746-3969 [office]

Via Email:eldin.hasic@faegredrinker.com

Eldin Hasic
Faegre Drinker Biddle & Reath LLP 300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204 Eldin.hasic@faegerdrinker.com
1-260-460-1704 direct

October 8, 2021

Re: Cunningham v. Cook Inc. et al. , 1:16-cv-1986

Dear Counsel,

This letter is in response to Defendant's letter dated September 29, 2021, demanding plaintiff's voluntary dismissal of the above referenced case. As explained below in more detail, we believe that plaintiff's voluntary dismissal due to Statute of Limitations [SOL] and Statute of Repose [SOR] is not appropriate. First, we believe any SOL argument fails due to North Carolina case law on accrual notice, as applied to the facts of this case. Second, there are unsettled questions under North Carolina case law regarding disease exceptions, accrual and express warranty claims as it relates to the SOR defense. Therefore, plaintiff has no intention to voluntarily dismiss his case at this time.

*First*, there are two unsettled questions under North Carolina law as to how a North Carolina court would interpret the North Carolina statute of repose in this case.

 A. Whether the "disease exception" applies to cases like the Plaintiff's case, rendering the statute of repose inapplicable. *See In re Biomet M2a Magnum Hip Implant Prods. Liab. Litig.*, 2019 WL 110892, *2 (N.D. Ind. 2019). Applicable case law confirms that consideration of what injuries and conditions qualify as a "disease exception" is a complex issue. The *Biomet* court did not rule that the "disease exception" per se does not apply to implanted medical devices (in that case, a metal-on-metal hip). In contrast, the Fourth Circuit has already held years ago that the "disease exception" *can and did apply* in such a case.

B. *Second*, whether the 2009 amendment extended the statute of repose to plaintiffs with claims that had not yet been extinguished before the amendment took place. *See In re Biomet M2a Magnum Hip Implant Prods. Liab. Litig.*, 2019 WL 110892, *2 (N.D. Ind. 2019).

1. In *Biomet* the court held that the issue is whether the twelve-year North Carolina statute of repose amending the six-year statute of repose in October, 2009, *extends* the statute of repose timeline for cases in which the claims at issue *have not yet been extinguished* and have *not yet accrued*. This is a particularly apt distinction where the legislature explicitly dictates that the twelve year statute of repose "applies to causes of action that *accrue on or after* that date." [emphasis added]

2. Here, plaintiff's claims (and for three out of four plaintiffs in *Biomet*) were not already "extinguished" by the six-year statute of repose set forth in N.C. Gen.Stat. § 1-50(6). Plaintiff's filter was placed in November 25, 2008—less than a year before the twelve-year amendment to North Carolina's statute of repose was enacted. Given that his claims were still viable (though not yet accrued) when the legislature enacted the new statute of repose in October 2009, the *Biomet* court's conclusion that there remains an unsettled question of North Carolina law is correct.

3. Under N.C. Stat. Ann. § 1-52(16), a cause of action for personal injury like Plaintiff's does not accrue "until bodily harm to the claimant…becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs…" Thus, because Plaintiff's products lability claims did not accrue under North Carolina law until December 2015 [when a radiograph showed the filter was fractured and needed removed], which was seven [7] years and one [1] month after implantation but less than twelve—and because the six-year statute of repose was amended and extended before his claims were "extinguished" by it, his claims survive.

C. *Third,* Cook, waived the six-year statute of repose by warranting that its product wassafe for permanent use (and certainly for implantation longer than just six years).

4. In *Christie v. Hartley Construction, Inc.,* 367 N.C. 534 (2014), the North

Page **2** of **3**

>Carolina court made clear that a seller of goods who warrants its product longer than statute of repose period, waives the benefit of the statute of repose. Similarly, Cook advertised that its Celect filter was a *permanent* filter with the *option* to retrieve and worked just as safely and effectively for permanent implantation.[1]  Cook's advertising, like Grail Coat's in *Christie*, creates an express warranty under North Carolina law.[2] Cook's actions dictate a waiver of the six-year statute of repose.

Therefore, because there are a number of unanswered questions that North Carolina courts have not weighed in on and because Cook's express and implied warranty waived the statute of repose, the Plaintiff will not dismiss his case with prejudice.

Please let me know if  based on the response above Cook still intends to move forward on the Motion for Summary Judgement on the Pleadings "MJP" and if so, when.

I am available to further meet and confer on these issues and your intended MJP if you would like.

>Sincerely,
>
>*/s/Elizabeth Dudley*
>
>Elizabeth Dudley, Esq
>THE DUDLEY LAW FIRM, LLC

---

[1] In fact, plaintiff was told by his physician that the Celect filter was permanent.

[2] N.C. G.S. §25-2-313 dictates that:
(1) Express warranties by the seller are created as follows:
> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to theaffirmation or promise.
> (b) Any description of the goods which is made part of the basis of the bargain creates an express warrantythat the goods shall conform to the description.
> (c) Any sample or model which is made part of the basis of the bargain creates an express warranty that thewhole of the goods shall conform to the sample or model.

(2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or"guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create awarranty.