IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff
Sherlyn Pinder
Civil Case # 1:18-cv-01635-RLY-TAB

**SURREPLY TO COOK'S REPLY TO PLAINTIFF'S RESPONSE TO COOK'S MOTION TO DISMISS UNDER CMO-28 OF PLAINTIFF'S CLAIMS**

Cook's motion under CMO 28 seeks judgment on the pleadings under Rule 12(c). The standard for reviewing a motion on the pleadings is settled. When a party moves for judgment on the pleadings pursuant to Rule 12(c), the factual allegations of the complaint are taken as true. *Zimmerman v. Corbett,* 873 F.3d 417-418 (3d Cir. 2017). Judgment on the pleadings is only warranted where "the plaintiffs would not be entitled to relief under any set of facts that could be proved." *Ostrander v. Trans Union LLC,* 2021 WL 3271168, at *3 (E.D. Pa. July 30, 2021) (citation omitted). Cook's factual arguments only serve to highlight the disputed issues of fact regarding Plaintiff's breach of warranty and fraudulent concealment claims that exist outside the confines of it motion under Rule 12(c). Ignoring the standard for addressing its motion, Cook asks the Court to improperly decide issues of fact, which under Pennsylvania law are issues for a jury. A list of the disputed issues of fact, which preclude entry of judgement, raised by Cook's reply, is attached hereto as Exhibit A. Additionally, Cook's claim that Plaintiff is relying on her

1

categorization form is false. Cook is relying on the form—attaching it to its motion. Moreover, Cook's reliance on Plaintiff's Categorization Form violates this Court's instructions that these forms are only admissible for "Bellwether Selection and Defendant's Screening Order". Dkt. 9638-1 ¶4. See also, *Rodgers v. Lincoln Benefit Life Co.*, 2:19-CV-00350-MJH, at *4 (W.D. Pa. Sep. 30, 2019). (A court generally cannot consider matters outside of the pleadings). Plaintiff is relying on her pleadings and recently filed amended pleading.[1] Therefore, for the following, reasons and those already set forth in Plaintiff's original response, Cook's motion should be denied in its entirety.

### A. Pennsylvania's Discovery Rule Protects Plaintiff's Claim

It is undisputed that Plaintiff was never told there was anything wrong with her filter or that it was causing her any harm. After the attempted removal she was merely told her filter should remain implanted as a "permanent filter." Dkt. 21316 at 22. Cook's representations that its filter is "safe and effective as a permanent filter" are found throughout Cook's promotional material. *Id.* at 34. (promotional materials attached to Plaintiff's amended complaint). In order for Plaintiff to be put on notice of a possible injury "there must be some demonstrable reason 'to awaken inquiry and direct diligence in the channel sic [of inquiry] in which it would be successful' in the first place." *Id*. at 51. (quoting *Wilson v. El-Daief*, 600 Pa. 161, 964 A.2d 354, 364 (2009); *Rice v. Diocese of Altoona-Johnstown*, 255 A.3d 237, 246 (Pa. 2021)). And "the point at which the complaining party should reasonably be aware that he has suffered an injury is a factual issue best determined by the collective judgment, wisdom and experience of jurors." *Crouse v. Cyclops Indus.*, 745 A.2d 606, 611 (Pa. 2000).

---

[1] The Court granted Plaintiff's motion to amend on May 22, 2022. Dkt.21641.

2

Plaintiff did not become aware that her filter was or could cause harm or that there were any issues or problems associated with her filter until she saw an advertisement, due to Cook's concealment. Dkt. 21316 at 1-23. Just like in *Simon*, where scientific studies were made available later, Plaintiff did not have the ability to discover the link between her abdominal pain and her failed filter attempt until she saw an advertisement dictating that implanted filters cause harm. Dkt. 21316 at 23. (*citing* 989 A.2d 356 (Pa. Super. Ct. 2009)). Moreover, Cook's internal studies and testing data regarding failed retrievals and the time limit to safely retrieve the filter was kept secret and have still not been made available to the public or the medical community. Dkt. 21316 at 9-14.  Additionally, Plaintiff is not stating that the statute of limitations begins to run when a doctor tells plaintiff she is injured as asserted by Cook. *See* Dkt. 21692 at 3. Instead, both Plaintiff and her doctors were misled by Cook's representations that her IVC filter could remain permanently, which led her and her doctors to believe that the filter was not causing any harm, was 'safe and effective" and could remain implanted permanently. *Id.* at 21-22. As Cook points out in medical device cases a Plaintiff is put on notice of her injuries when she knows that the device caused her injury, in this case Plaintiff did not know until she saw an ad. *Id.* at 23 and *See* 21692 at 4. Therefore, Plaintiff's case is not time barred and was filed timely under Pennsylvania's discovery rule.

### B. Fraudulent Concealment Tolls Plaintiff's Statute of Limitation

First, the Court didn't provide analysis under Pennsylvania law when granting Cook's Motion for Partial Dismissal. Dkt 15907. Furthermore, the Court allowed Plaintiffs to amend the master and short form complaints. *Id* at 9. Plaintiffs amended the master and short form complaints providing additional case-specific factual allegations supporting a claim for fraudulent concealment. Dkt. 18900. The Court has not rejected the Plaintiff Steering Committee's ("PSC") amended short form

3

complaint and updated pleadings. Regardless, Plaintiff sufficiently pled additional facts of fraudulent concealment in her short form complaint and additionally stated that she incorporates all allegations set forth in the *PSC's Response in Opposition to Defendant's Renewed Motion for Partial Dismissal of Claims of Fraudulent Concealment. Id.* Dkt. 21336-1 at 3. Therefore, the court has not addressed Plaintiff's fraudulent concealment claims addressed in her amended complaint, and Cook's claims that the Court has already ruled on these claims is unfounded and not like those in *Donchez*. Plaintiff has shown that Cook committed an independent act of concealment by not publicizing the results of its clinical studies and taking the affirmative step of warranting that its filter is "safe and effective as a permanent filter" when it knew it is not. In *Fisher v. Smithkline Beecham Corp.*, 07-cv-0347A, 2009 U.S. Dist. LEXIS, at *40 (W.D.N.Y. March 11, 2009) (the court evaluated whether fraudulent concealment would toll an already expired statute of limitations and held that defendants' decision not to publicize the results of its clinical studies defendant's possible manipulation of the study data, before publication, was sufficient to deny summary judgment.) *Id.*, at **40-42. Additionally, Cook did not just withhold information about adverse events, as Cook alleges, it made affirmative representations, that the filter could be safely retrieved "leaving the decision to the physicians," even though Cook knew that retrievability was optimal only in a matter of days after implant. Dkt. 21316 at 8-15, 40. *In re Takata Airbag Prod. Liab. Litig.*, No. 14-02599-md 1099 at *15, 18-19 (S.D. Fla. June. 15, 2016). (the court held that Plaintiffs sufficiently alleged fraudulent concealment under Pennsylvania law, where Defendants made "incomplete representations about the safety and reliability of the Class Vehicles, while purposely withholding material facts from Plaintiffs that contradicted these representations). The Plaintiff, through representations by her doctors, relying on Cook's advertisement and warranties, therefore, relaxed her vigilance, being deprived of information that

states that the Cook filters are not safe and effective and should be removed within a matter of days of implant. Dkt. 21316 at 53. *See also Conneen v. Amatek, Inc.*, 238 F. Supp. 3d 652, 660 (E.D. Pa. 2017). (The court concluded that there was a genuine issue of fact whether the defendant had acted fraudulently or the Plaintiff's physicians acting on behalf of Defendant to protect it from liability or were otherwise acting as agents for Defendant in unintentionally deceiving or "lulling" the Plaintiff by concealing his potential claim of harm from exposure to asbestos ). Cook's representations that the filter could remain as a permanent implant and not providing a timeline in any of their advertising materials caused the Plaintiff and her doctors to relax their vigilance. Dkt. 21316 at 53. Plaintiff and her doctors relied on these representations after the Plaintiff's attempted removal and only told the Plaintiff, the filter was in a proper position and should remain implanted as a permanent filter. *Id.* at 22. Seeing an advertisement containing information that the Cook IVC filters are not safe and effective, Plaintiff then performed her due diligence, and filed her claim. Dkt. 21316 at 23-30. Only at that time did the Plaintiff learn the attempted removal constituted an injury due to a defective filter and possessed information demonstrating Cook's claims about it filter were false. *Id.*, *see also Conneen v. Amatek, Inc* at 658. Prior to making the claims its filter is "safe and effective" as a permanent filter: and prior to Plaintiff being implanted with the filter Cook knew that the Gunther Tulip filter was not for permanent use and should be removed and can cause a myriad of adverse events. Cook's intentional fraudulent conduct is more than sufficient to support Plaintiff's claim for fraudulent concealment. *Walters v. Ditzler,* 424 Pa. 445, 227 A.2d 833 (1967) ; *Nesbitt v. Erie Coach Company,* 416 Pa. 89, 204 A.2d 473 (1964). ("Moreover, defendant's conduct need not rise to fraud or concealment in the strictest sense, that is, with an intent to deceive; unintentional fraud or concealment is sufficient.") See also *Rice v. Diocese of Altoona-Johnstown*, 255 A.3d 237, 248 (Pa. 2021). Furthermore, Plaintiff's equitable estoppel

claim is based on Cook's fraudulent conduct, which has been properly pled by Plaintiff, and demonstrates that Cook acted to conceal material data and information from Plaintiff and her doctors that showed the filter is not safe and effective as a permanent filter, which Plaintiff relied on prior to deciding to have the filter implanted. See e.g. Dkt. 21316 at ¶1-22. These allegations must be taken as true and construed in Plaintiff's favor. Plaintiff is not required to "demonstrate" or prove the factual allegations in her pleadings for the present motion.

### C. Plaintiff's Express Warranty Claim is Not Time-Barred

Under Uniform Commercial Code §2725, (b) Accrual of cause of action. — A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that *where a warranty explicitly extends to future performance of the goods and discovery of the breach* must await the time of such performance the cause of action accrues when the breach is or should have been discovered. A*ntz v. Gaf Materials Corp.*, 719 A.2d 758, 760 (Pa. Super. Ct. 1998). (emphasis added). Cook has made affirmative statements that the filter can remain permanently implanted, thus providing a warranty longer than four years. *See* Goodling and McLaughlin cited in Plaintiff's response which Cook fails to address. Therefore, Plaintiff's express warranty claim is not time barred under 12 Pa. C.S.A. § 2725 because Cook's warranty is for future use long after four years. Dkt. 21336-1 at 5.

### D. Cook's Warranty That Its Gunther Tulip Filter is "Safe and Effective as a Permanent Filter" Precludes Entry of Judgment on the Pleadings.

Rather than address the issue of the existence of an express warranty under the correct legal standard, Cook improperly argues its interpretation of the statements found in Cook's product brochures and patient guides attached to Plaintiff's amended complaint. Dkt. 21692 at 6-7.

6

However, Cook fails to provide any facts or legal authority that would support its conclusion that its affirmations in product brochures and patient guidelines that its filter is "safe and effective as a permanent filter" cannot operate as warranties as a matter of law. Tellingly Cook ignores the *Goodling* cases cited by Plaintiff (Dkt. 21336-1 at 3) where the court found J&J's descriptions of its pelvic mesh implant as, among other things, "a permanent implant" that "would not need to be removed" found in "Instructions for Use, product pamphlets and commercial documents," constitutes warranties. *See also*, *McLaughlin v. Bayer Essure, Inc.*, No. 16-3733 (Johnson), at *16 (E.D. Pa. Mar. 27, 2019) (a promise of "permanent birth control" is an extended warranty because it "suggest[s] a time frame in which they will be in effect, i.e., permanently.") Similar to if not the same as those found in *Goodling* and *McLaughlin,* Cook's statements that its filter is "safe and effective as a permanent filter" that would not have to be removed were properly relied on by Plaintiff and her doctors as warranties. Plaintiff properly attached specific materials containing these warranties to her amended complaint in compliance with Pennsylvania law. Dkt. 21336-2. Plaintiff's complaint identifies more than just "…general descriptions of purported warranties" *Goodling v. Johnson & Johnson*, 4:21-CV-00082, at *31 (M.D. Pa. Feb. 10, 2022). (denying Plaintiff's express warranty claim because Plaintiff only allege the specific materials containing the warranties described in her complaint or how the Plaintiff was exposed to those warranties). The marketing materials attached to Plaintiff's amended complaint provide a synopsis of what the Plaintiff and her doctor's relied upon when the filter was implanted and when deciding to define the filter as a permanent implant after her attempted removal. The express warranties in these marketing materials were all published between 2008-2013 before the Plaintiff's attempted removal. All the marketing materials state that the filter can be removed at the discretion of the doctor and never state there is any concern that filter can remain permanently. Dkt. 21316-1. The

marketing materials only further support Plaintiff's claim that she and her doctors could not know that any abdominal pain she had after her attempted removal was due to the filter because they were not updated in 2013 to include the likelihood of adverse events if the filter remains permanently. *Id.* The cases cited by Cook that generally or vaguely summarize the allegations have no application here. And Cook's factual arguments and incomplete do not support its motion and cannot be decided in Cook's favor.

### E. Cook's Definition of Reliance is not Supported by Pennsylvania Law to Establish an Express Warranty Claim

Cook's claim that Plaintiff's breach of warranty fails because she cannot show "receipt" of or "reliance" on the warranty is based on a misunderstanding and misapplication of Pennsylvania law. Contractual privity between Cook and Plaintiff is not required; nor is it required that Plaintiff receive the warranty from Cook itself or one of its employees. It is sufficient that the warranty was passed on to Plaintiff by her doctor and she relied on it, in making her decision to have the filter implanted. Under Pennsylvania law, reliance is not required to establish an express warranty claim, only that "she read, heard, saw or knew of the advertisement containing the affirmation of fact or promise" because only after "the buyer has become aware of the affirmation of fact or promise, [are] the statements . . . presumed to be part of the 'basis of the bargain.'" *Brown v. C.R. Bard, Inc.*, 5:21-cv-01552, at *22 n.17 (E.D. Pa. Feb. 11, 2022). Plaintiff pled facts demonstrating that she discussed Cook's warranty that the filter was "safe and effective" as a permanent filter. Therefore, at a minimum she "heard the warranties." Dkt. 21336-1 at 27. Moreover, she doesn't have to rely on the presumption that she relied on the express warranties that the filter is a permanent implant, that it formed the basis of the bargain because she expressly relied on it in deciding to have the filter remain implanted permanently *Id.* at 23 and 27. Cook does not dispute that Plaintiff "discussed the filter with her doctor, including the representations and warranties that

8

the filter is safe and effective as a permanent filter and relied on these misrepresentations and warranties." *Id*. Express affirmations made to a doctor are expressed warranties. *McNichols v. Johnson & Johnson*, 461 F. Supp. 2d 736, 743 (S.D. Ill. 2006). ("A patient's claim against a manufacturer of bone plates and screws for breach of express warranties was not barred by the learned intermediary doctrine because the basis for the claim "is unrelated to the issue of the warnings given to the prescribing physician and instead is based solely upon the express affirmation of fact made by the manufacturer"). (*citing Rosci v. AcroMed, Inc.,* 669 A.2d 959, 969 (Pa.Super.Ct.1995)). Combined with the alleged facts showing Cook's breach these allegations are sufficient to plead a "plausible" claim for breach of express warranty precluding judgment on the pleadings under CMO 28. This is all that is required to state a plausible claim of receipt and reliance on an express warranty.

  For all these reasons and the reasons set forth in Plaintiff's original response the Plaintiff respectfully requests the Court deny Cook's Motion in its entirety.

Respectfully Submitted,

Dated April 1, 2022.

*/s/ Monte Bond*
Monte Bond TX No. 02585625
Jessica Glitz TX No. 24076095
**Tautfest Bond, PLLC**
5151 Belt Line Rd., Suite 1000
Dallas, TX 75254
Phone: (214) 617-9980
Facsimile: (214) 853-4281
Email: mbond@tbtorts.com
Email: jglitz@tbtorts.com

***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I certify that on April 1, 2022, the foregoing was filed electronically and notice of the filing accordingly will be sent to all required parties by operation of the Court.

*/s/Monte Bond*
Monte Bond