IN THE UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
INDIANA INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Shirley A. Parton, 1:18-cv-03371-RLY-TAB

### MOTION TO DISMISS WITH PREJUDICE AS TO COUNTS V – XI, PLUS "OTHER" WARRANTY CLAIMS, AND MOTION FOR ENTRY OF JUDGMENT

This Court previously dismissed Plaintiff Shirley A. Parton's ("Plaintiff") Counts I - IV, her product liability claims. Plaintiff wishes to appeal this dismissal. However, her other claims remain pending. Plaintiff moves the Court pursuant to Fed. R. Civ. P. 41(a)(2) for dismissal of her remaining claims, including Counts V – VII and XI of the Master Complaint as asserted by Plaintiff as well as Plaintiff's claims for express and implied warranty (identified as "Other" Counts in the Short Form Complaint), with prejudice. Plaintiff further moves for entry of judgment in the form attached as **Exhibit A**, with language expressly reserving her right to appeal as to Counts I – IV.

**I.     Factual Background**

On November 1, 2018, Plaintiff filed a Short Form Complaint in which she asserted Counts I-VII and XI of the Master Complaint filed in this action as well as claims for express and implied warranty (identified as "Other" Counts in the Short Form Complaint). On July 20, 2020, Defendants Cook Incorporated, Cook Medical, LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS (the "Cook Defendants") moved for judgment on the pleadings on Counts I – IV of the Master Complaint as asserted by Plaintiff. (Dkt. 13728.) The Court converted the motion to one for summary judgment. On September 28, 2021, this Court granted the Cook Defendants' motion for

summary judgment and dismissed Counts I – IV of the Master Complaint as asserted by Plaintiff. (Dkt. 20031; the "Order".)

Plaintiff wishes to dismiss her remaining claims, including Counts V – VII and XI of the Master Complaint as asserted by Plaintiff as well as Plaintiff's claims for express and implied warranty (identified as "Other" Counts in the Short Form Complaint), so that she will no longer have any claims pending before the Court. Plaintiff intends to appeal the Order and any judgment entered in this case as to Counts I – IV.

## II. Plaintiff's Remaining Counts Should Be Dismissed, As Her Request Is for a Proper Purpose, Would Save Judicial Time and Effort, and Will Cause No Prejudice to the Cook Defendants

Dismissals under Rule 41(a)(2) "generally [are] granted in the federal courts unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage." *Conafay v. Wyeth Labs.*, 793 F.2d 350, 353 (D.C. Cir. 1986). A voluntary dismissal "should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit." *Pontenberg*, 252 F.3d 1253, 1255-56 (11th Cir. 2001); *Stephens v. Ga. Dep't of Transp.*, 134 F. App'x 320, 322 (11th Cir. 2005). The crucial question to be determined is, "[w]ould the defendant lose any substantial right by the dismissal." *Pontenberg*, 252 F.3d at 1255-56 (quoting *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967)).

In making this determination,

> a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss, *see, e.g.*, *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir.1987); whether a dismissal would result in a waste of judicial time and effort, *see, e.g.*, *Tikkanen v. Citibank (South Dakota) N.A.*, 801 F. Supp. 270, 273–74 (D. Minn. 1992); and whether a dismissal will prejudice the defendants, *see, e.g.*, *Metropolitan Federal Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262 (8th Cir.1993).

*Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 2017).

Plaintiff seeks dismissal of her remaining claims for a proper purpose: to create finality allowing for appellate review of the Order dismissing Counts I – IV. "It is understandable that plaintiffs may sometimes find that an interlocutory ruling has so damaged their case that seeing it to trial would be a waste of resources." *John's Insulation, Inc. v. L. Addison and Associates, Inc.*, 156 F.3d 101, 107 (1st Cir. 1998). "[I]n such situations, the proper course of action is not to delay the proceedings, but to file a motion for voluntary dismissal with prejudice, stating explicitly that the purpose is to seek immediate review of the interlocutory order in question." *Id. See also Saavedra v. Eli Lilly & Company*, 2015 WL 12781487, at *2 (C.D. Cal. Oct. 26, 2015) (granting Rule 41(a)(2) motion to dismiss with prejudice for the purpose of expediting appeal). Plaintiff seeks to appeal the Order and its dismissal of her product liability claims. Waiting until completion of litigation, with her matter pending as part of multi-district litigation, could take years. Plaintiff prefers to appeal now.

Further, the requested dismissal will not result in any waste of judicial time or effort. There are no motions pending in her matter, no scheduled deadlines, and no prospect of either upon dismissal with prejudice. The dismissal will not cause delay either. To the contrary, Plaintiff seeks a speedy resolution of her matter by appealing now. Neither will it cause any prejudice to the Cook Defendants. Indeed, the best possible resolution of the remaining claims is a dismissal with prejudice, exactly what Plaintiff seeks here.

Dismissal of Plaintiff's Counts, including Counts V – VII, XI, and "Other" warranty claims, with prejudice is warranted.

### III. Judgment Should Be Entered Preserving Plaintiff's Right to Appeal as to Counts I – IV, Dismissed Previously in the Order

Plaintiff further seeks entry in substantially the form attached as Exhibit A. Plaintiff specifically seeks language preserving the right to appeal as to Counts I – IV, her claims previously

3

dismissed in the Order. *Cf. INB Banking Co. v. Iron Peddlers, Inc.*, 993 F.2d 1291, 1292 (7th Cir. 1993) (noting 11th Circuit caselaw holding that "a party who consents to judgment while explicitly reserving the right to appeal preserves that right" and stating that "We follow the same rule"); *Downey v. State Farm Fire & Cas. Co.*, 266 F.3d 675, 683 (7th Cir. 2001) (noting that "[a]lmost every circuit that has considered the issue has held that an express reservation of the right to appeal avoids waiver of contested issues that had been resolved earlier in the litigation" and finding such a reservation effective). The form of judgment in Exhibit A expressly reserves Plaintiff's right to appeal Counts I – IV, including an appeal of the Order. The Court should enter judgment in substantially this form.

**IV.  Conclusion**

Plaintiff seeks to expedite an appeal of the Order dismissing her Counts I – IV. To do so, she seeks to achieve finality by dismissing with prejudice her remaining claims and entering judgment expressly preserving her right to appeal Counts I – IV. As demonstrated above, this request is warranted by existing law and should be granted. Plaintiff has provided a copy of this motion to the Cook Defendants prior to filing, and the Cook Defendants will not object to the motion.

Respectfully submitted,

Dated: 4/5/22

/s/ Paul L. Stoller
Paul L. Stoller
(Admitted *Pro Hac* Vice, AZ Bar No. 016773)
**DALIMONTE RUEB STOLLER, LLP**
2425 E. Camelback Road, Suite 500
Phoenix, Arizona 85016
Tel: (602) 888-2807
Fax: (855) 203-2035
paul@drlawllp.com

***Counsel for Plaintiff Shirley A. Parton***

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2022 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Paul L. Stoller*
Paul L. Stoller
