# EXHIBIT A

2022 WL 767709
Only the Westlaw citation is currently available.

SEE COURT OF APPEALS RULES 11 AND 12

Court of Appeals of Tennessee,
AT JACKSON.

Dolores C. JONES
v.
SMITH & NEPHEW INC.

No. W2021-00426-COA-R3-CV
|
November 9, 2021 Session
|
FILED 03/14/2022

Appeal from the Circuit Court for Shelby County, No. CT-4773-20, Valerie L Smith, Judge

**Attorneys and Law Firms**

Alex C. Davis, Louisville, Kentucky, Natalie R. Sharp, and Eric W. Hayes, Nashville, Tennessee, for the appellant, Dolores C. Jones.

Glen G. Reid, Jr., Mark Vorder-Bruegge, Jr., Matthew M. Lubozynski, and Meghan M. Cox, Memphis, Tennessee, for the appellee, Smith & Nephew, Inc.

Kenny Armstrong, J., delivered the opinion of the court, in which J. Steven Stafford, P.J., W.S., and Carma Dennis McGee, J., joined.

**OPINION**

Kenny Armstrong, J.

**\*1** Appellant filed this products liability action more than 10 years after undergoing a total hip replacement using Appellee's hip implant system. The trial court granted Appellee's motion to dismiss on the ground that Appellant's lawsuit fell outside the 10-year statute of repose and any exceptions thereto. Discerning no error, we affirm.

**I. Background**

On January 12, 2009, Appellant Dolores Jones underwent a total hip replacement surgery on her left side. The "Hip System" used in Appellant's surgery was a "metal-on-metal" hip replacement where one metal device articulated directly against another metal device. Appellee Smith & Nephew, Inc. manufactured, marketed, and sold both of these metal parts. The Food and Drug Administration ("FDA") never approved the use of these component parts together. The metal-on-metal bearing surface created by the Hip System allegedly caused a gradual release of toxic cobalt and chromium ions into Appellant's hip joint. Over many years, this toxic metal release allegedly caused Appellant to develop metal ion disease. Appellant also experienced damage to the soft tissue in her hip joint. As a result of this damage, on November 11, 2019, Appellant underwent surgery to replace the original Hip System implant. During this surgery, it was discovered that Appellant had a fluid collection in her hip joint that was consistent with metal ion disease.

On November 10, 2020, Appellant filed a complaint for damages in the Shelby County Circuit Court ("trial court"), wherein she alleged that Appellee's hip replacement products caused metal ions to enter her bloodstream, destroying the tissue in her hip, creating an adverse reaction, and requiring a new hip replacement surgery. Appellant also alleged that the devices used in her original hip replacement surgery have high failure, injury, and complication rates, and that Appellee actively and intentionally misled the public, medical community, health care providers, and patients into believing that these products were safe and effective. In the complaint, Appellant alleged negligence, strict products liability, breach of warranties, negligent misrepresentation, unfair and deceptive trade practices, misrepresentation by omission, constructive fraud, and negligent infliction of emotional distress. On November 30, 2020, Appellant filed an amended complaint, containing the same allegations but also including the following language:

> This case is filed within the applicable statute of limitations, and [Appellant] has a good faith cause to believe it fits within the

meaning of an exception to Tennessee's applicable statute of repose, because the injuries suffered by [Appellant] often take considerably longer than ten years to manifest themselves, in a fashion similar to injuries from exposure to asbestos.

On December 9, 2020, Appellee filed a motion to dismiss, arguing that all of Appellant's claims were based on allegations that the implant she received more than 10 years prior to filing her complaint was defective. Thus, Appellee argued that the lawsuit was governed by the Tennessee Products Liability Act ("TPLA"), which provided a 10-year statute of repose, discussed *infra*, which barred Appellant's claims. On January 11, 2021, Appellant filed her response in opposition to the motion to dismiss, and Appellee filed a reply brief on January 15, 2021.

**\*2** On February 8, 2021, the trial court heard Appellee's motion to dismiss. By order of March 26, 2021, the trial court granted the motion with prejudice. Specifically, the trial court found that: (1) this was a products liability action governed by the TPLA; (2) the action commenced when Appellant filed her complaint on November 10, 2020; (3) the TPLA provides a conventional statute of limitations and a statute of repose; (4) the statute of repose extinguishes a products liability claim that is not filed within 10 years "from the date on which the product was first purchased for use or consumption;" (5) the exceptions to the statute of repose are not applicable in this case; (6) the medical device products in question were implanted into Appellant on or about January 12, 2009; (7) because Appellant's original complaint was not filed until November 10, 2020, it was filed more than 10 years after the devices were implanted; and (8) the action was commenced after the expiration of the repose period provided in the TPLA. Appellant appeals.

### II. Issues

As stated in her brief, Appellant raises two issues for review:

1. Whether the Circuit Court erred in failing to determine that the latent nature of metal ion disease brings Appellant's claims outside [ ] Tennessee's Statute of Repose.

2. Whether the Circuit Court erred by not exempting Appellant's claims from Tennessee's State of Repose based on Smith & Nephew's fraudulent concealment of the Hip System's defective nature.

### III. Standard of Review

This case was decided on the grant of Appellee's motion to dismiss. The resolution of a Tennessee Rule of Civil Procedure 12.02 motion to dismiss is determined by an examination of the pleadings alone. *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). A defendant who files a motion to dismiss " 'admits the truth of all of the relevant and material allegations contained in the complaint, but ... asserts that the allegations fail to establish a cause of action.' " *Brown v. Tenn. Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010) (quoting *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 516 (Tenn. 2005)). In considering a motion to dismiss, courts "must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31-32 (Tenn. 2007) (citing *Trau-Med of Am., Inc.*, 71 S.W.3d at 696). A trial court should grant a motion to dismiss "only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Crews v. Buckman Labs Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002); *see also Lanier v. Rains*, 229 S.W.3d 656, 660 (Tenn. 2007). We review the trial court's legal conclusions regarding the adequacy of the complaint *de novo* with no presumption that the trial court's decision was correct. *Webb v. Nashville Area Habitat for Humanity, Inc*., 346 S.W.3d 422, 426 (Tenn. 2011).

### IV. Analysis

Appellant does not dispute that this is a products liability action or that her claims are subject to the TPLA. *See generally* Tenn. Code Ann. § 29-28-101, *et seq.* Although Appellant does not appear to dispute the fact that she filed her initial complaint outside the TPLA's statute of repose, for completeness we briefly review the applicable law. Statutes of repose " 'typically begin to run with the happening of some event unrelated to the traditional accrual of the plaintiff's cause of action.' " *Etheridge ex*

*rel. Etheridge v. YMCA of Jackson*, 391 S.W.3d 541, 546 (Tenn. Ct. App. 2012) (quoting *Penley v. Honda Motor Co., Ltd.*, 31 S.W.3d 181, 184 (Tenn. 2000)). "[C]ourts of this state have construed statutes of repose as an absolute time limit within which actions must be brought," regardless of whether a plaintiff's cause of action has accrued. *Penley*, 31 S.W.3d at 184. Indeed, the Tennessee Supreme Court has explained that, " '[w]here [a plaintiff's] injury occurs outside the [repose] period, no substantive cause of action ever accrues, and a claimant's actions are likewise barred.' " *Penley*, 31 S.W.3d at 184 (quoting *Gillam v. Firestone Tire & Rubber Co.*, 489 N.W.2d 289, 291 (Neb. 1992)). Relevant here, the TPLA's statute of repose requires an action "be brought within ten (10) years from the date on which the product was first purchased for use or consumption ...." Tenn. Code Ann. § 29-28-103(a). Taking the facts in Appellant's complaint as true, *see Tigg*, 232 S.W.3d at 31-32, Appellant underwent total hip replacement surgery on January 12, 2009. Accordingly, it was on this date that Appellee's "product was first purchased for use or consumption" by Appellant. Thus, Appellant was required to bring her products liability action against Appellee no later than **January 12, 2019**. As discussed *supra*, Appellant filed her complaint on **November 10, 2020**, which was well outside the time limit imposed by the statute of repose.

**\*3** " 'Despite the absolute and unyielding nature of statutes of repose,' our General Assembly has provided certain exceptions to allow the commencement of a lawsuit beyond the repose period." *Etheridge ex rel. Etheridge*, 391 S.W.3d at 546 (quoting *Penley*, 31 S.W.3d at 184). " '[W]hen the General Assembly has desired that exceptions apply to a statute of repose ... the exception is either found with the language of the statute itself, or in another part of the code specifically referencing the particular statute of repose.' " *Id.* (quoting *Penley*, 31 S.W.3d at 184-85). The exceptions to the TPLA's ten-year statute of repose are found in the language of the statute itself. Tennessee Code Annotated section 29-28-103(a) provides that minors who are injured must bring the action "within a period of one (1) year after attaining the age of majority." Tenn. Code Ann. § 29-28-103(a). Further, Tennessee Code Annotated section 29-28-103(b) provides that such "limitation of actions shall not apply to any action resulting from exposure to asbestos or to the human implantation of silicone gel breast implants." Tenn. Code Ann. § 29-28-103(b).

Appellant does not argue that the current exceptions to the TPLA's statute of repose apply here, and, indeed, they do not. Rather, she asks this Court to *create* two *new* exceptions. Specifically, Appellant argues that "exceptions to the deadlines imposed by statutes of repose are routinely made [*in other states*] in cases such as this one involving latent diseases and cases where defendants fraudulently conceal the defective nature of their products." (Emphasis added). Although Appellant provides case law from North Carolina, Florida, and Georgia in support of her argument, she provides no *Tennessee* authority that would allow this Court to take the action she requests. We are not a legislative body, and Appellant's request is not within our purview. Our role is to apply the law as the legislature has written it.

To this end, Tennessee court's must ascertain and fully effectuate the "legislative intent [of the statute], *taking care not to broaden [it] beyond its intended scope* ...." *Womack v. Corr. Corp. of Am.*, 448 S.W.3d 362, 366 (Tenn. 2014) (citing *Shore v. Maple Lane Farms, LLC*, 411 S.W.3d 405, 420 (Tenn. 2013) (emphasis added); *Carter v. Bell*, 279 S.W.3d 560, 564 (Tenn. 2009)). As the Tennessee Supreme Court has explained, "[o]ur analysis naturally begins with the words used in the statute," *Womack*, 448 S.W.3d at 366 (citing *Shore*, 411 S.W.3d at 420), and we must interpret those words under their "natural and ordinary meaning in the context in which they appear and in light of the statute's general purpose." *Id.* (quoting *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 368 (Tenn. 2012)). "[I]f the language of a statute is clear, we must apply its plain meaning without a forced interpretation." *Calaway ex rel. Calaway v. Schucker*, 193 S.W.3d 509, 514 (Tenn. 2005), *as amended on reh'g in part* (Feb. 21, 2006) (citing *Mooney v. Sneed*, 30 S.W.3d 304, 306 (Tenn. 2000)). The language in the TPLA's statute of repose is clear: "*Any* action against a manufacturer or seller of a product for injury to person ... caused by its defective or unreasonably dangerous condition must be brought ... within ten (10) years from the date on which the product was first purchased for use or consumption." Tenn. Code Ann. § 29-28-103(a) (emphasis added). Likewise, the statutory language regarding exceptions to the statute of repose is equally clear: minors must bring the action within one year after reaching majority; and the ten-year limitation shall not apply to any action resulting from exposure to asbestos or to the human implantation of silicone gel breast implants. Tenn. Code Ann. § 29-28-103(a), (b). These are the sole exceptions to the TPLA's statute of repose.

The issue here is not one of statutory *interpretation*.[1] The statute is clear and requires no forced interpretation. As such, Appellant's argument asks us to do what we cannot—expand Tennessee Code Annotated section 29-28-103(b) to include new exceptions for "latent" or

"creeping" diseases and/or a defendant's fraudulent concealment. The Tennessee Supreme Court addressed a similar argument several years ago in **Penley v. Honda Motor Company**. In **Penley**, the plaintiff argued that the TPLA's ten-year statute of repose should have been tolled during her temporary mental incompetency. *Penley, 31 S.W.3d at 183*. Similar to the case at bar, in **Penley**, it was undisputed that the TPLA governed the plaintiff's claims and that she brought suit more than ten years after the subject product was "purchased for use or consumption." *Id.* The plaintiff's only argument was that the statute of repose was tolled "during any period in which the plaintiff [was] mentally incapacitated." *Id.* In its opinion, the Tennessee Supreme Court analyzed the TPLA's statute of repose, its two exceptions, and case law concerning statutory interpretation, much as we have done above. Ultimately, the Tennessee Supreme Court concluded that the TPLA

> **\*4** expressly exempts certain causes of action from application of the ten-year statute of repose. For example, the ten-year statute of repose does not strictly apply in the case of minors, who may still bring an action within one year of attaining majority even if the initial ten-year period has long since expired. Tenn. Code Ann. § 29-28-103(a). Moreover, since the original enactment of the TPLA in 1978, the General Assembly has carefully carved out two other exceptions to the statute of repose. In 1979, the legislature exempted asbestos claims from the operation of the statute of repose, 1979 Tenn. Pub. Acts ch. 162, § 1, and in 1993, the General Assembly extended the ten-year period to twenty-five years for claims arising from injury caused by silicone gel breast implants, 1993 Tenn. Pub. Acts ch. 457. Any reference to persons of unsound mind, however, is conspicuously absent.
>
> It is a well-established canon of statutory construction that "the mention of one subject in a statute means the exclusion of other subjects that are not mentioned." *See, e.g., Carver v. Citizen Util. Co., 954 S.W.2d 34, 35 (Tenn. 1997)* (citations omitted). Section 29-28-103 originally contained one express exception to the general ten-year limitations period, and the General Assembly has twice amended the statute since 1978 to include other express exceptions. The failure of the General Assembly to expressly include any provision exempting persons of unsound mind from the statute of repose strongly indicates its desire not to have such an exemption. Accordingly, we will not rewrite this statute to insert other categories not intended by the General Assembly. If the General Assembly intended for mental incapacity to toll the ten-year statute of repose, it could easily have done so while amending the statute to provide for other exceptions.

*Penley, 31 S.W.3d at 185-86* (emphasis added). The same is true here. This Court cannot expand/rewrite the statute to create a general latent disease exception or a fraudulent concealment exception to the TPLA's statute of repose.[2] Under the current version of the TPLA, and for the reasons discussed above, Appellant's lawsuit falls outside the statute of repose and any statutory exceptions thereto. As such, the trial court did not err in dismissing the case on grant of Appellee's motion to dismiss.

### V. Conclusion

**\*5** For the foregoing reasons, we affirm the trial court's order. The case is remanded for such further proceedings as are necessary and consistent with this opinion. Costs of the appeal are assessed to the Appellant, Dolores C. Jones, for all of which execution may issue if necessary.

**All Citations**

Slip Copy, 2022 WL 767709

---

### Footnotes

[1] In her appellate brief, Appellant cites a series of cases where Tennessee courts declined to apply a "particular reading of a statute [that] would lead to *unintended* and unfortunate results." (Emphasis added). As discussed, *infra*, this is not an issue of statutory *interpretation* as the language concerning the statute of repose and its exceptions is clear. Furthermore, it does not appear that the statute of repose has yielded "unintended" results. To the contrary, when the General Assembly enacted the TPLA in 1978, it recognized "that uncertainty as to future liability increased the premiums for product liability insurance, which in turn increased the costs of production and ultimately consumer prices." *Penley, 31 S.W.3d at 187*. Indeed, the General Assembly "considered the limitation of future

liability to a reasonable and specific period to be one of the most important keys in solving the perceived products liability crisis." *Id.* Thus, it appears that the General Assembly intended for the TPLA's statute of repose to bar most products liability actions "within ten (10) years from the date on which the product was first purchased for use or consumption ...." Tenn. Code Ann. § 29-28-103(a).

[2] We note that the General Assembly previously considered whether a defendant's fraudulent concealment should toll the statute of repose. As we explained in **Damron v. Media General, Incorporated**, when the House of Representatives debated the TPLA's statute of repose in 1978, a member proposed an amendment that would accomplish such tolling. Damron v. Media Gen., Inc., 3 S.W.3d 510, 513 (Tenn. Ct. App. 1999). However, the amendment was tabled, and its defeat was "a powerful indication that the House of Representatives intended that a ten[-]year period would be the outside limit and would not be affected by concealment of a defect by the manufacturer or seller." *Id.* Notably, Appellant fails to address **Damron** or the General Assembly's previous consideration in her brief.