**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND       No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION        MDL No. 2570

_____

This Document Relates to the Following Case:

Jane Creese, 1:19-cv-02383

_____

**ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S**
**CASE PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by

Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings

in Plaintiff's case.  Specifically, they argue Plaintiff's personal injury claims are time-

barred, her implied warranty claim is time-barred, her consumer protection and express

warranty claims are not adequately pled, and, because she has no other viable claims, her

punitive damages claim fails as well. The court, having read and reviewed the parties'

submissions and the applicable law, finds the Cook Defendants' motion should be

**GRANTED**.

**I.**    **Background**

Plaintiff, a West Virginia resident, was implanted with a Cook Celect Vena Cava

Filter on May 9, 2011, in Pittsburgh, Pennsylvania.  (Short Form Compl. in 1:19-cv-

_____

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical
Incorporated), and William Cook Europe APS.

02383, ¶¶ 10-12).  Plaintiff had the filter removed on October 12, 2012.  (Filing No. 18049, Medical Record).  Her medical record documenting that procedure noted: "Broken leg of filter lodged in vertebra."  (*Id.*).  She filed suit against Cook on June 13, 2019.

## II.    Discussion

The parties agree that West Virginia law applies to her personal injury/product liability claims.  W. Va. Code § 55-2-12(b).  Under West Virginia law, personal injury claims are subject to a two-year statute of limitations. [2]  *Id.*  West Virginia recognizes a discovery rule, which provides that the limitations period begins to run "when the plaintiff knows, or by the exercise of reasonable diligence should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty . . . , and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury."  *Dunn v. Rockwell*, 689 S.E.2d 255, 265 (W. Va. 2009).  "[W]hether a plaintiff 'knows of' or 'discovered' a cause of action is an objective test [which] focuses upon whether a reasonable prudent person would have known, or by the exercise of reasonable diligence should have known, the elements of a possible cause of action."  *Id.* (internal quotation marks omitted).  Generally, a "plaintiff will 'discover' the existence of a cause of action, and the statute of limitations will begin to run, at the time the actionable conduct occurs."  *Id.*

---

[2] Plaintiff's claims would also be barred under Pennsylvania law, which also has a two-year statute of limitations, 42 Pa. Cons. Stat. § 5524, and discovery rule, *Rice v. Diocese of Altoona-Johnstown*, 255 A.3d 237, 246 (Pa. 2021).

Plaintiff argues Cook's medical record fails to show she knew who manufactured her IVC filter or how the manufacturer of the device violated its duty of care.  But Plaintiff does not dispute that on October 12, 2012, she learned her filter had fractured and that her filter was removed during the same visit.  Thus, even assuming Plaintiff did not know who manufactured her filter, she still had enough information in 2012 to prompt an investigation into whether she had a possible cause of action.  *See Robinson v. Quicken Loans, Inc.*, 988 F. Supp. 2d 615, 628 (S.D.W. Va. 2013) ("Where a plaintiff knows of his injury, and the facts surrounding that injury place him on notice of the possible breach of a duty of care, that plaintiff has an affirmative duty to further and fully investigate the facts surrounding the potential breach.").  Because she did not file her lawsuit until June 13, 2019, her product liability claims are time-barred.

Plaintiff did not respond to Cook's argument regarding her claims for breach of warranty and consumer fraud.  Those claims are therefore waived.  *See Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the Bontes have done here—results in waiver.").

## III.    Conclusion

For the reasons set forth above, the Cook Defendants' Motion for Judgment in Plaintiff's Case Pursuant to CMO-28 (Filing No. 18048) is **GRANTED**.

**SO ORDERED** this 12th day of April 2022.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.