IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff(s)
Blake Newton and Sheryl Hawkins
Civil Case # 1:18-cv-1663

**PLAINTIFF'S RESPONE TO THE COOK DEFENDANTS' MOTION
FOR JUDGMENT IN PLAINTIFF BLAKE NEWTON'S CASE PURSUANT TO CMO-28**

Defendants move for judgment on the pleadings to dismiss Plaintiff's case as barred by the North Carolina statute of repose. Dkt. No. 21740. The only issue presented by the Cook Defendants' motion for judgment on the pleadings is whether Mr. Newton's action is barred by the North Carolina statute of repose based on the September 17, 2008 implantation of the defective Cook IVC Filter and June 1, 2018 filing of his Complaint.

The Courts have held that in cases where the Defendants have fraudulently concealed information, they should not "unjustly benefit from his own conduct which induced a plaintiff to delay filing suit." *White, v. Consolidated Planning, Inc.*, 166 N.C.App. 283, 305 (2004). In those matters where Defendants fraudulently concealed information resulting in a delay in filing suit, equitable estoppel is invoked to prevent Defendants from using the statute of limitations or statute of repose as a sword to dismiss a case. *Duke Univ. v. Stainback*, 320 N.C. 337 (1987); *White,* 166 N.C.App. at 305 (2004). Equitable estoppel requires that the statute of response be extended where Defendants misrepresented or concealed material facts with the intent that Plaintiff relies on this false information to his or her detriment. *White,* 166 N.C.App. at 305.

Cook argues in their brief that: "the new 12-year repose period 'applies to causes of action that accrue on or after' October 1, 2009." *See* Mtn., Dkt. 21740, at *2. Defendants further argue that "North Carolina's six-year statute of repose applies to all claims involving filters sold before October 1, 2009, regardless of when the claimed injury occurred. *Id.* (citations omitted). However, Cook's argument ignores the North Carolina Courts' holdings that fraudulent concealment of material facts, which result in the Plaintiff delaying the filing of the Complaint, tolls any statute of repose because the Defendants should not be able to unjustly benefit from their own fraudulent activity.

Moreover, Defendants improperly attempt to argue that the effective date of section 1-46.1(1) is the purchase date of the product, not the accrual date of the cause of action as clearly stated by the North Carolina Supreme Court in *Robinson v. Bridgestone/Firestone N. Amer. Tire, L.L.C.*, 703 S.E.2d 883, 886 (N.C. 2011). To support their alleged position, the Cook Defendants rely on *Cramer v. Ethicon, Inc.*, No. 1:20-CV-95- MOC-WCM, 2021 WL 243872 (W.D.N.C. Jan. 25, 2021) (slip op.) and *Lackey v. DePuy Orthopaedics, Inc.*, No. 5:10-cv-0030-RLV-DSC, 2011 WL 2791264 (W.D.N.C. July 14, 2011). However, Defendants' reliance is misplaced as *Cramer* did not determine whether the six-year or twelve-year repose period applied as the Court determined the case did not meet either statutory period and therefore such determination was not necessary. *Cramer*, 2021 WL 243872, at *4, 6.

In addition, in *Lackey*, contrary to the Cook Defendants' assertions, the District Court cites N.C. Gen. Stat § 1-46.1 stating that "Plaintiff's cause of action accrued on or about January 2009" was used to determine which statute of repose applied. *Lackey,* 2011 WL 2791264 at *3 n.3. Accordingly pursuant to *Lackey*, the cause of action accrual date determines which statute of repose applies, not the implantation date.

Here, Plaintiff filed his Complaint on June 1, 2018. After the filing of Plaintiff's Complaint, the Court entered an order allowing for more specificity to be plead as to the fraudulent concealment in each case. On March 26, 2021, Plaintiff amended the complaint and filed a sealed fraudulent concealment brief. Dkt. 17494. In that brief, Cook's fraudulent concealment of material information as to the defects and complications of the IVC filter did not resolve until October 1, 2014 at the earliest. Therefore regardless if this Court applied the six-year or twelve-year standard for North Carolina's statute of repose, Plaintiff's June 1, 2018 Complaint filing date would mean the pleading was timely filed.

Moreover, based on the *Lackey* opinion the statute of repose is determined by the date the cause of action accrues. Here, although there is a September 17, 2008 implantation date, the cause of action did not accrue until 2017, after Plaintiff learned of tilting when doctors told him after taking radiographic images. *See* Sealed Exhibit A, Plaintiff Profile Form.

The North Carolina case law and facts contained herein prove that this matter should not be dismissed based on the statute of repose as it was timely filed after the fraudulent concealment tolling ended and within the proper time warranted after the cause of action accrued.

Wherefore, based upon the legal and factual arguments contained herein, Plaintiff argues there is sufficient evidence that this Complaint was timely and properly filed, and the motion should respectfully be dismissed.

Respectfully submitted,

**BURNETT LAW FIRM**

By: */s/ Riley L. Burnett, Jr.*
    Riley L. Burnett, Jr.
    Karen H. Beyea-Schroeder
    3737 Buffalo Speedway, 18th Floor

>Houston, Texas  77098
>Office Tel: (832) 413-4410
>Cell: (832) 585-9829
>Fax: (832) 900-2120
>Email: Karen.Schroeder@RBurnettLaw.com
>Email: RBurnett@BBurnettLaw.com
>*Attorneys for Plaintiff(s)*

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2022, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

>*/s/ Karen H. Beyea-Schroeder*