UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to the Following Case:

Marybeth King, 1:16-cv-341

_____

### ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiff's case. Specifically, they argue Plaintiff's personal injury claims are time-barred, her implied warranty claim is time-barred, her consumer protection and express warranty claims are not adequately pled, and, because she has no other viable claims, her punitive damages claim fails as well. The court, having read and reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion should be **GRANTED**.

**I.     Background**

Plaintiff, an Ohio resident, was implanted with a Günther Tulip Vena Cava Filter on July 27, 2009, at Sycamore Medical Center in Miamisburg, Ohio. (Filing No. 80, Am.

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

Short Form Compl. in 1:16-cv-341, ¶¶ 10-12).  Four months later, on November 30, 2009, she presented to the Kettering Medical Center for removal of her filter.  (Filing No. 18916, Medical Record at 1).  "Multiple attempts were made to deploy the legs from the vena cava," but those attempts were unsuccessful.  (*Id.*).  The filter remains in her body.  (*Id.* at 2 ("Final diagnosis is secure vena cava filter, unable to remove, no clot currently existing in the vena cava filter.")).

Plaintiff filed the present action against the Cook Defendants on February 11, 2016.  Her claimed injury is a failed retrieval.  (Filing No. 19158, Pl.'s Case Categorization Submission at 3).

## II.    Discussion

Under Ohio law, product liability and implied warranty claims alleging personal injury are governed by a two-year statute of limitations.  Ohio Code § 2305.10(A); *Caterpillar Fin. Servs. Corp. v. Tatman*, 137 N.E.3d 512, 524 (Ohio Ct. App. 2019) (stating plaintiff's "claims for breach of implied warrant in tort and negligence are governed by the two-year statute of limitations in [§] 2305.10").  Ohio's discovery rule provides that a cause of action does not accrue until a plaintiff either knows or reasonably should have known that (1) she was injured and (2) that her injury was proximately caused by defendant's conduct.  *O'Stricker v. Jim Walter Corp.*, 447 N.E.2d 727, 730 (Ohio 1983).

According to the Cook Defendants, Plaintiff's personal injury claims accrued when she learned of the failed retrieval attempt on November 30, 2009.  Therefore, they argue, her claims were filed past the two-year statute of limitations and are time-barred.

Plaintiff responds she did not know or have reason to know she was injured on November 30, 2009, because her doctor never told her the filter had injured her. She says did not know or have reason to know about the defective nature her Tulip filter until she saw advertisements about this litigation in 2015.

Viewing the facts in the light most favorable to Plaintiff, the court finds her argument falls flat, as "the discovery rule generally applies in cases of latent injury and not in cases of possible latent defects." *Carter v. Medtronic, Inc.*, No. 2:28-cv-724, 2020 WL 2319729, at *4 (S.D. Ohio, May 11, 2020) (quoting *Baxley v. Harley-Davidson Motor Co.*, 875 N.E.2d 989, 991 (Ohio Ct. App. 2007)). Plaintiff was on notice of her injury as of November 30, 2009, when she learned her filter could not be retrieved. Indeed, the failed retrieval is the exact injury that Plaintiff claims she suffered. She is therefore not entitled to the application of the Ohio discovery rule.

Plaintiff argues that Cook's fraudulent concealment of the Tulip filter's flawed design operates to toll the statute of limitations. "The doctrine of fraudulent concealment allows equitable tolling of the statute of limitations where 1) the defendant concealed the underlying conduct, 2) the plaintiff was prevented from discovering the cause of action by that concealment, and 3) the plaintiff exercised due diligence to discover the cause of action." *Huntsman v. Perry Local Sch. Bd. of Educ.,* 379 Fed. App'x 456, 461 (6th Cir. 2010) (citing *Pinney Dock & Transp. Co. v. Penn Cent. Corp.,* 838 F.2d 1445, 1465 (6th Cir. 1988)). But the "right to claim fraudulent concealment never continues beyond the time that a plaintiff, by exercising ordinary diligence, should have discovered the facts at issue." *Zemcik v. LaPine Truck Sales & Equip. Co.*, 706 N.E.2d 860, 865 (Ohio Ct. App.

3

1998) (quoting *Birkett Williams Ford, Inc. v. East Woodworking Co.*, 456 N.E.2d 1304, 1307-08 (Ohio Ct. App. 1982)).  Here, Plaintiff had enough information based on the failed retrieval procedure to put her on notice that there was a reasonable possibility the filter harmed her, and that she should inquire into her rights.  Therefore, Plaintiff's attempt to use fraudulent concealment to toll the statute of limitations fails as a matter of law.  Because she did not file suit within two years of the failed retrieval surgery, her personal injury and implied warranty claims are barred by Ohio's two-year statute of limitations.

Cook also moves for judgment on Plaintiff's express warranty, consumer protection, and punitive damages claims.  Plaintiff did not respond to Cook's arguments.  Her silence results in waiver.  *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the Bontes have done here—results in waiver.").

### III. Conclusion

For the reasons set forth above, the Cook Defendants' Motion for Judgment in Plaintiff's Case Pursuant to CMO-28 (Filing No. 18915) is **GRANTED**.

**SO ORDERED** this 12th day of April 2022.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.