UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

_____

This Document Relates to the Following Case:

Kevin Wharton, 1:17-cv-1775

_____

### ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiff's case. Specifically, they argue Plaintiff's personal injury claims are time-barred, his implied warranty claim is time-barred, his consumer protection and express warranty claims are not adequately pled, and, because he has no other viable claims, his punitive damages claim fails as well. The court, having read and reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion should be **GRANTED**.

**I.    Background**

Plaintiff, an Ohio resident, was implanted with a Günther Tulip Vena Cava Filter on December 16, 2009, at the OSU Wexner Medical Center in Columbus, Ohio. (Filing

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

1

No. 1, Short Form Compl. in member case, ¶¶ 10-12).  On September 12, 2012, Plaintiff presented to the hospital to have the filter removed.  (Filing No. 18920, Medical Record).  The filter was successfully removed on the second try.  (*Id.*).

Plaintiff filed suit against the Cook Defendants on May 30, 2017.

**II.    Discussion**

Under Ohio law, product liability and implied warranty claims alleging personal injury are governed by a two-year statute of limitations.  Ohio Code § 2305.10(A); *Caterpillar Fin. Servs. Corp. v. Tatman*, 137 N.E.3d 512, 524 (Ohio Ct. App. 2019) (stating plaintiff's "claims for breach of implied warrant in tort and negligence are governed by the two-year statute of limitations in [§] 2305.10").  Ohio's discovery rule provides that a cause of action does not accrue until a plaintiff either knows or reasonably should have known that (1) he was injured[2] and (2) that his injury was proximately caused by defendant's conduct.  *O'Stricker v. Jim Walter Corp.*, 447 N.E.2d 727, 730 (Ohio 1983).

According to the Cook Defendants, Plaintiff's personal injury claims accrued on September 12, 2012, when the filter was successfully retrieved.  Because he did not file this lawsuit until May 30, 2017, the Cook Defendants argue his personal injury claims are

---

[2] This case was categorized as a Category 5 "complicated retrieval" case.  But as the Cook Defendants correctly note, this case appears to be a Category 1 "successful first retrieval" case subject to dismissal.  The medical record submitted with Cook's motion reflects Plaintiff's filter was removed on the second try without resort to special tools or medical techniques.  There is no indication of injury to Plaintiff's vena cava.  (*See* Medical Record ("Repeat venography using both the sheath and the 5F straightflush catheter demonstrated good flow in the IVC without evidence of perforation.")).  This argument, however, was first raised in the Cook Defendants' Reply in a footnote.  Because Plaintiff did not have the opportunity to respond to this argument, the court will assume for purposes of this motion that he did suffer a filter-related injury.

time-barred.  Plaintiff responds he did not know or have reason to know the filter was defective until he saw television ads about this litigation in 2016.

Viewing the facts in the light most favorable to Plaintiff, the court finds his argument falls flat, as "the discovery rule generally applies in cases of latent injury and not in cases of possible latent defects."  *Carter v. Medtronic, Inc.*, No. 2:28-cv-724, 2020 WL 2319729, at *4 (S.D. Ohio, May 11, 2020) (quoting *Baxley v. Harley-Davidson Motor Co.*, 875 N.E.2d 989, 991 (Ohio Ct. App. 2007)).  Plaintiff was on notice of his injury as of September 12, 2009, when he learned his filter was retrieved.  Indeed, an alleged complicated retrieval is the exact injury that Plaintiff claims he suffered.  It is not a latent injury.  He is therefore not entitled to the application of the Ohio discovery rule.

Plaintiff argues that Cook's fraudulent concealment of the Tulip filter's flawed design operates to toll the statute of limitations. "The doctrine of fraudulent concealment allows equitable tolling of the statute of limitations where 1) the defendant concealed the underlying conduct, 2) the plaintiff was prevented from discovering the cause of action by that concealment, and 3) the plaintiff exercised due diligence to discover the cause of action." *Huntsman v. Perry Local Sch. Bd. of Educ.,* 379 Fed. App'x 456, 461 (6th Cir. 2010) (citing *Pinney Dock & Transp. Co. v. Penn Cent. Corp.,* 838 F.2d 1445, 1465 (6th Cir. 1988)).  But the "right to claim fraudulent concealment never continues beyond the time that a plaintiff, by exercising ordinary diligence, should have discovered the facts at issue."  *Zemcik v. LaPine Truck Sales & Equip. Co.*, 706 N.E.2d 860, 865 (Ohio Ct. App. 1998) (quoting *Birkett Williams Ford, Inc. v. East Woodworking Co.*, 456 N.E.2d 1304, 1307-08 (Ohio Ct. App. 1982)).  Here, Plaintiff had enough information based on the

3

alleged complicated retrieval procedure to put him on notice that there was a reasonable possibility the filter harmed him, and that he should inquire into his rights. Therefore, Plaintiff's attempt to use fraudulent concealment to toll the statute of limitations fails as a matter of law. Because he did not file suit within two years of the retrieval, his personal injury and implied warranty claims are barred by Ohio's two-year statute of limitations.

Cook also moves for judgment on Plaintiff's express warranty, consumer protection, and punitive damages claims. Plaintiff did not respond to Cook's arguments. His silence results in waiver. *See Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the Bontes have done here—results in waiver.").

### III. Conclusion

For the reasons set forth above, the Cook Defendants' Motion for Judgment in Plaintiff's Case Pursuant to CMO-28 (Filing No. 18919) is **GRANTED**.

**SO ORDERED** this 13th day of April 2022.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.