# EXHIBIT B

| | |
|---|---|
| **STATE OF NORTH CAROLINA** | File No. **10 CVS 34** |
| _Alexander_ County | In The General Court Of Justice<br>☐ District  ☒ Superior Court Division |

| Name Of Plaintiff | |
|---|---|
| Randy D. Lackey | **CIVIL SUMMONS**<br>☐ ALIAS AND PLURIES SUMMONS |
| Address | |
| c/o Gray Newell, LLP, 7 Corporate Center Court, Suite B | |
| City, State, Zip | |
| Greensboro, NC 2740 | G.S. 1A-1, Rules 3, 4 |
| **VERSUS** | |
| Name Of Defendant(s) | Date Original Summons Issued |
| Biomet 3i, LLC and Depuy Orthopaedics, Inc. | |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Biomet 3i, LLC | Depuy Orthopaedics, Inc. |
| c/o Corporate Creations Network, Inc. | CT Corporation System |
| 5540 Centerview Drive, #200 | 225 Hillsborough Street |
| Raleigh, NC 27606 | Raleigh, NC 27603 |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time | |
|---|---|---|---|
| Angela Newell Gray | 1-14-10 | 10:00 | ☒ AM ☐ PM |
| Gray Newell, LLP | Signature | | |
| 7 Corporate Center Court, Suite B | _Page Barnes_ | | |
| Greensboro, NC 27408 | ☐ Deputy CSC  ☒ Assistant CSC  ☐ Clerk Of Superior Court | | |

| ☐ **ENDORSEMENT**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time | ☐ AM ☐ PM |
|---|---|---|---|
| | Signature | | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** _Many counties have_ **MANDATORY ARBITRATION** _programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed._

(Over)

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts

**EXHIBIT 1**

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (If corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (If corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (Type Or Print) |
| | |
| Date Of Return | County Of Sheriff |
| | |

NORTH CAROLINA    FILED    IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
ALEXANDER COUNTY   2010 JAN 14 AM 9:57   CASE NUMBER: 10 CVS 34

ALEXANDER COUNTY C.S.C.
BY_____

| | |
|---|---|
| Randy D. Lackey,<br>   *Plaintiff*, | )<br>)<br>)<br>) |
| vs. | )    **COMPLAINT**<br>)    *(Jury Trial Requested)*<br>) |
| Biomet 3i, LLC and Depuy Orthopaedics, Inc.<br>   *Defendants*. | )<br>) |

**I.**

This action is brought by a citizen of Alexander County, North Carolina, for compensatory and punitive damages.

**II.**

Plaintiff, Randy D. Lackey is a citizen of the United States and the State of North Carolina and resides in Alexander County, North Carolina.

**III.**

The unlawful practices alleged herein were committed within the State of North Carolina; specifically in Iredell and Alexander Counties, North Carolina.

**IV.**

Based upon information and belief, the Defendants are incorporated in a state other than North Carolina. Defendants at all times material were corporations, qualified to do business and were doing business in Iredell and Alexander Counties, and the State of North Carolina.

**V.**

At all times alleged herein, Defendants were engaged in the business of manufacturing, designing, assembling, inspecting and distributing prosthetic hip components including, but not limited to, the cancellous bone screw CAT No. 1172-30-000 LOT No. R75K11000, cancellous

1

bone screw CAT No. 1172-35-000 LOT No. R94A71000, AML Hip System STD CAT No. 1554-05-000 LOT No. R13DL1006, Depuy Zirconia Total Hip Ball CAT No. 1365-44-000 LOT No. R52BM1020, Enduron Polyethylene CAT No. 1241-22-025 LOT No. R4TG41013 and Duraloc 1200 Series CAT No. 1245-62-000 LOT No. 789100007.

## VI.

On January 19, 1998, Plaintiff Randy D. Lackey was required to undergo a total left hip arthroplasty.

## VII.

Subsequent to the hip replacement surgery, in approximately January 2009, the Plaintiff experienced a painful abrupt popping sensation in his left hip, began having discomfort in his left hip and began to suffer constant and severe pain in his left hip.

## VIII.

Based upon information and belief, the components of hip prosthetic failed and had broken, causing the Plaintiff's discomfort and requiring additional surgery to replace the device. This failure of the device proximately caused Plaintiff's pain and discomfort which required replacement of the device.

## IX.

On or about June 1, 2009, the Plaintiff was forced to undergo a left total hip revision in an attempt to address the damage caused by the defective hip prosthetic.

## X.

The Defendants' design of the prosthetic device, the selection of the materials from which it was fabricated, the manufacturing procedures by which it was made, and the inspection procedures attendant on the manufacturer Defendants, were solely within the control of the Defendants and

were a cause of the failure of the device due to a defect in the hip prosthetic that resulted in causing the injuries herein set forth.

### XI.

At all times herein mentioned the Defendants as manufacturers and distributors of the device, knew or should have known that unless the device was carefully and properly designed, manufactured, transported and stored, it would constitute a reasonable risk of substantial bodily harm to those who used it for the purposes for which it was made and intended.

### XII.

At all times alleged in the complaint, the device was properly being used for the purpose for which it was intended and that the device was in fact defective, unsafe and unreasonably dangerous.

### XIII.

At the time of the selling, distribution and supplying of the device it was unsafe and defective. The prosthetic device as so designed, manufactured, fabricated assembled transported and stored so that the device was unreasonably dangerous to anyone who might use it for the purposes for which it was intended and was in fact defective and unfit, dangerous and unsafe, dangerous and unsuitable and dangerous to be placed in the Plaintiff's body.

### XIV.

Plaintiff alleges that the failure of the prosthetic device was caused by the negligence of the Defendants in negligently designing, manufacturing, fabricating and testing the implant. Each of these acts by commission and omission were the proximate cause of the injuries and damages suffered by the Plaintiff.

3

### XV.

Plaintiff has been caused to suffer injury requiring the Plaintiff to undergo additional surgical procedures. As a result of the Defendants' negligence, Plaintiff's condition has been aggravated and worsened, emotionally upsetting and embarrassing.

### XVI.

As a result, Plaintiff has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity of the enjoyment of life, expensive hospitalization, medical and nursing care, loss of earnings, the loss of the ability to earn money, an aggravation of a previously existing condition. The losses are permanent and Plaintiff will suffer the losses in the future. The injuries are either permanent or continuing in nature and Plaintiff will suffer these losses and impairment in the future.

### XVII.

Defendants warranted that the prosthetic hip implant was reasonably fit for its intended use as a prosthetic hip implant.

### XVIII.

Defendants by selling, supplying and distributing the prosthetic device, impliedly warranted its safety to anyone that might lawfully use it for purposes for which it was designed.

### XIX.

Defendants further knew or should have known that the device would be used without inspection by the Plaintiff who is unlearned and unskilled in those matters and Defendants knew or should have known that the device would be used without inspection for defects.

### XX.

Defendants expressly and impliedly represented that the device in question was fit for the purpose for which it was intended, sold, and supplied.

### XXI.

The Defendants expressly and impliedly represented to the Plaintiff that the device was safe and proper for its intended use, but this was not so. The device was in fact defective and the Defendants breached their warranties and representations.

### XXII.

The Defendants owed the Plaintiff a duty of care, breached their duty of care to the Plaintiff and the defective prosthesis was the proximate cause of the Plaintiff's injuries and damages.

### XXIII.

As a result, Plaintiff was injured in and about his body and extremities suffered pain therefrom, and medical expenses and treatment of the injuries, and suffered physical handicap, and his working ability was impaired. The injuries are either permanent or continuing in nature and Plaintiff will suffer these losses and impairment in the future.

### COUNT ONE

The Defendants are liable to the Plaintiff for the negligent infliction of injury to the Plaintiff.

### COUNT TWO

The Defendants are liable to the Plaintiff for the breach of implied warranty.

### COUNT THREE

The Defendants are liable to the Plaintiff for the breach of express warranty.

**WHEREFORE, Plaintiff prays the Court that it:**

1. Award Plaintiff compensatory damages in excess of $10,000.00 for pecuniary losses, emotional pain, and mental anguish, together with attorneys' fees and the cost and disbursements of this action;

2. Award Plaintiff punitive damages in excess of $10,000.00;

3. Grant Plaintiff a jury trial on all issues of fact, and;

4. Grant such other relief as may be just and proper.

This the 12th of January, 2010.

GRAY NEWELL, LLP.

BY: _____
Angela Newell Gray
7 Corporate Center Court, Suite B
Greensboro, NC 27408
Telephone:   (336) 724-0330
Facsimile:    (336) 458-9359
*Attorney for Plaintiff*
NC Bar # 21006

6

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION |
| ALEXANDER COUNTY | CIVIL ACTION NUMBER: 10 CVS 34 |

Randy D. Lackey, )
      *Plaintiff*, )
                      )
vs.                       )
                      )
                      )
                      )
Depuy Orthopaedics, Inc. et al., )
      *Defendants.* )

***PLAINTIFF'S VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF ALL CLAIMS AGAINST DEFENDANT BIOMET 3i, LLC***

**COMES NOW** the Plaintiff in the above-referenced action, by and through the undersigned counsel, pursuant to Rule 41(a)(1)(i) of the North Carolina Rules of Civil Procedure, giving Notice of Dismissal **Without Prejudice** of all claims in the Complaint against Defendant Biomet 3i, LLC brought by the Plaintiff.

This the 18th of February, 2010.

GRAY NEWELL, LLP.

BY: _____
     Angela Newell Gray
     7 Corporate Center Court, Suite B
     Greensboro, NC 27408
     Telephone: (336) 724-0330
     Facsimile: (336) 458-9359
     *Attorney for the Plaintiff*
     NC Bar #21006

1

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION |
| COUNTY OF ALEXANDER | 10 CVS 34 |

Randy D. Lackey, )
       *Plaintiff*, )
        )
        )
vs. )   *Certificate of Service*
        )
        )
Depuy Orthopaedics, Inc., et al., )
       *Defendants*. )

I, Angela Newell Gray, Attorney for the Plaintiff, do hereby certify that I served the foregoing Notice of Voluntary Dismissal Without Prejudice as to Defendant Biomet upon counsel for the Defendant Biomet shown below by depositing a copy thereof with the United States Postal Service, first class, postage prepaid, as follows;

                                         Christopher M. Keefer
                                                  Biomet
                                              56 East Bell Drive
                                              Warsaw, IN 46582

This the 18th day of Feb, 2010.

Gray Newell, LLP

BY: _____
      Angela Newell Gray
      7 Corporate Center Court, Suite B
      Greensboro, NC 27408

FILED
2010 FEB 24 PM 12:34
ALEXANDER COUNTY C.S.C.
BY _____

STATE OF NORTH CAROLINA        IN THE GENERAL COURT OF JUSTICE
                                        SUPERIOR COURT DIVISION
COUNTY OF ALEXANDER           10 CVS 34

Randy D. Lackey,       )
      Plaintiff,       )
                         )
                         )
vs.                      )        *Affidavit of Service*
                         )
                         )
Depuy Orthopaedics, Inc., et al., )
      Defendant. )

---

      The undersigned, being first duly sworn, deposes and says as follows:

      (1)      I am attorney of record for the plaintiff in the above-captioned action.

      (2)      On February 3, 2010, pursuant to Rule 4 of the North Carolina Rules of Civil Procedure, I served a copy of the plaintiff's Complaint on Defendant Depuy, by certified mail, return receipt requested.

      (3)      Service was completed on February 8, 2010, as shown by the original domestic return receipt number 7009 2250 0001 2755 7422, attached hereto as Exhibit A.

This the 19th day of Feb., 2010.

Gray Newell, LLP

BY: _Angela Gray_ (signature)
     Angela Newell Gray
     7 Corporate Center Court, Suite B
     Greensboro, NC 27408

SWORN AND SUBSCRIBED before me this the 19th day of February, 2010.

_Wendy M. Seyboth_ (signature)
Notary Public

NOTARY PUBLIC
WENDY M SEYBOTH
GUILFORD COUNTY, NC
My Commission Expires October 22, 2014

My Commission Expires: 10/22/14

# EXHIBIT A

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X Tony Shultz  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery<br>Tony Shultz  2-8-10 |
| 1. Article Addressed to:<br>Depuy Orthopaedics, Inc.<br>700 Orthopaedic Drive<br>P.O. Box 988<br>Warsaw, IN 46581-0988 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7009 2250 0001 2755 7422 |
| PS Form 3811, February 2004 | Domestic Return Receipt  102595-02-M-1540 |

Stamp: FILED 2010 FEB 24 PM 12:34 BY ALEXANDER COUNTY CSC