UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION ) ) ) ) ) ) | 1:14-ml-02570-RLY-TAB MDL No. 2570 |

This Document Relates to:

Michael Mayock, 1:17-cv-04544

## ENTRY ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF MICHAEL MAYOCK'S CASE PURSUANT TO CMO-28

The Cook Defendants[1] (or "Cook") develop, manufacture, sell, and distribute vena cava filters, including the Cook Celect® Vena Cava Filter. Over five years after he was implanted with the Celect filter, Plaintiff Michael Mayock, a Pennsylvania resident, filed suit against the Cook Defendants, alleging claims for strict products liability, negligence, breach of warranty, consumer fraud, and punitive damages. Pursuant to Case Management Order 28, Screening for Time-Barred Cases, the Cook Defendants now move for judgment on the pleadings on grounds that Plaintiff's product liability claims are time-barred under Pennsylvania law, his implied warranty claim is barred, his consumer protection and express warranty claims are not adequately pled, and because he has no other viable claims, his claim for punitive damages must also be dismissed.

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

1

I.      Background

In December 2011, Plaintiff was admitted to a hospital in Danville, Pennsylvania, with a diagnosis of acute pancreatitis and deep vein thrombosis. (Filing No. 16218, 10/17/21 Medical Record at 2). He had a Celect filter placed on December 12, 2011, as a prophylactic measure. (*Id.*). He presented to the hospital nearly ten months later, on October 17, 2012, for removal of the filter. (*Id.*). The vascular surgeon performing the surgery, Dr. Robert Garvin, noted that "there was evidence of 1 leg fracture in the filter prior to attempted removal." (*Id.*). Dr. Garvin, with the assistance of one of his partners, was able to dislodge most of the filter, but the fractured leg remained embedded in the caval wall. (*Id.*). Dr. Garvin made several attempts to dislodge the fractured leg but was unsuccessful. (*Id.* at 3). Dr. Garvin "described the operative findings to the patient and his brother and explained that the fractured leg in the wall of the vena caval [sic] will remain that way." (*Id.* at 4).

Plaintiff filed the present lawsuit against the Cook Defendants on December 7, 2017.

II.     Discussion

The court begins with Plaintiff's product liability[2] tort claims. !

---

[2] Although this issue was not raised, the court notes that under Pennsylvania law, strict liability claims premised on an IVC filter's alleged design and warning defects are not legally cognizable. *See McGrain v. C.R. Bard, Inc.*, 551 F. Supp. 3d 529, 534 (E.D. Pa. 2021); *Salvio v. Amgen, Inc.*, 810 F. Supp. 2d 745, 755 (W.D. Pa. 2011) ("Product liability claims against pharmaceutical companies can only be brought as negligence claims."); *Hahn v. Richter*, 673 A.2d 888, 889 (Pa. 1996) (noting that "in cases where a failure to provide sufficient warnings relative to prescription drugs has been alleged, negligence is the only recognized basis for recovery").

A.     **Product Liability Claims**

Under Pennsylvania law, the statute of limitations for filing an action to recover damages for injuries to the person caused by the wrongful act, neglect, or negligence of another is two years. 42 Pa. Cons. Stat. § 5524(2). "[A] cause of action accrues, and thus the applicable statute of limitations period begins to run, when an injury is inflicted." *Wilson v. El-Daief*, 964 A.2d 354, 361 (Pa. 2009). Once a cause of action accrues and the statutory period has run, an injured party is barred from bringing a lawsuit. *Nicolaou v. Martin*, 193 A.3d 880, 892 (Pa. 2018).

The discovery rule is an exception to this general rule and "tolls the statute of limitations where the plaintiff is reasonably unaware that he has been injured and that his injury has been caused by another party's conduct." *Id.* Where the court concludes that the "injury or its cause was neither known nor reasonably knowable," *Fine v. Checcio*, 870 A.2d 850, 857 (Pa. 2005), the discovery rule tolls the statute until the plaintiff knows or, through the exercise of reasonable diligence should have known, that he has been injured and that his injury has been caused by another party's conduct. *Wilson*, 964 A.2d at 361-62; *Adams v. Zimmer US, Inc.*, 943 F.3d 159, 163 (3d Cir. 2019).

The Cook Defendants argue that because Plaintiff filed his action more than five years after his filter fracture was discovered, his personal injury claims are time-barred. Plaintiff invokes Pennsylvania's discovery rule, arguing his "awareness of the injury and its cause is a question of fact which has yet to be resolved." (Filing No. 18145, Pl.'s Resp. at 4).

Plaintiff's argument is rejected for two reasons. First, he did not develop the argument with any factual allegations; he merely stated "plaintiff's awareness of the injury and its cause" is a question of fact. (*Id.*). Such undeveloped arguments are waived. *Crespo v. Colvin*, 824 F.3d 667, 673 (7th Cir. 2016) (noting "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived").

Second, in cases involving medical devices, claims accrue when a plaintiff learns that he suffered injuries and that such injuries share some causal connection to the medical device at issue. *Kennedy v. Ethicon, Inc.*, Case No. 5:20-cv-00185, 2020 WL 4050459, at *15 (E.D. Pa. July 20, 2020 (holding plaintiff's claims accrued at the latest after a medical procedure, because by that time, she "was aware that she had suffered injuries and that these injuries shared some causal connection to the pelvic mesh she had implanted in 2009"); *McLaughlin v. Bayer Essure, Inc.*, Case No. 14-7315, 2020 WL 1625549, at *21 (E.D. Pa. Apr. 2, 2020) (holding plaintiff's claims accrued when she learned that her Essure device had perforated her fallopian tube); *Soutner v. Covidien, LP*, Case No. 1:17-cv-02178, 2019 WL 3801438, at *4 (M.D. Pa. Aug. 13, 2019) (noting the salient question in cases involving medical devices is whether the plaintiff knows or has reason to know that the device caused plaintiff's injury) (citing cases)). Here, Plaintiff's personal injury claims accrued on October 17, 2012, when he was informed by his surgeon that his IVC filter had fractured, that one of the legs was imbedded in his IVC, and that the fractured leg could not be retrieved. Plaintiff did not file his Complaint until December 7, 2017—more than three years too late.

Plaintiff maintains that the doctrine of fraudulent concealment saves his claims. "The doctrine of fraudulent concealment tolls the running of the limitations period in Pennsylvania when the defendant, through an independent affirmative act of concealment, causes the plaintiff to relax his vigilance or deviate from his right of inquiry through fraud or concealment." *Arndt v. Johnson & Johnson*, 67 F. Supp. 3d 673, 678 (E.D. Pa. 2014) (citing *Baselice v. Franciscan Friars Assumption BVM Province, Inc.*, 879 A.2d 270, 278 (Pa. 2005)). Fraudulent concealment, however, "only tolls the limitations period until the plaintiff *should have been aware* of the injury or its cause." *Id.* (emphasis in original). Here, the doctrine is inapplicable because Plaintiff had independent knowledge of a potential cause of action. Therefore, his personal injury claims are time-barred.

### B. Implied Warranty Claim

Cook argues Plaintiff's implied warranty claim is barred under Pennsylvania law for two reasons: (1) implied warranty claims are excluded in cases involving medical devices, and (2) even if such claims were allowed to proceed, Plaintiff's implied warranty claim is time-barred.

Cook is correct. Under Pennsylvania law, implied warranty claims are inapplicable to prescription medical devices. *Soufflas v. Zimmer, Inc.*, 474 F. Supp. 2d 737, 752 (E.D. Pa. 2007) (citing *Taylor v. Danek Medical, Inc.*, No. Civ. A. 95–7232, 1998 WL 962062, at *14 (E.D. Pa. Dec. 29, 1998) ("Because Pennsylvania does not recognize strict liability claims for prescription medical products and applies the learned intermediary doctrine, this Court predicts that the Pennsylvania Supreme Court would

5

exclude a cause of action based on the implied warranty of merchantability for prescription medical devices.")); *Parkinson v. Guidant Corp.*, 315 F. Supp. 2d 741, 753 (W.D. Pa. 2004) ("As breach of implied warranty claims for prescription drugs are precluded under Pennsylvania law, breach of implied warranty claims for prescription medical devices also are precluded for identical reasons.")).

Moreover, implied warranty claims are subject to a four-year statute of limitations in Pennsylvania, which begins to run when tender of delivery is made. *See* 42 Pa. Cons. Stat. § 5525; 13 Pa. Cons. Stat. § 2725. The discovery rule does not apply to such claims. *Cottman Ave. PRP Grp. v. AMEC Foster Wheeler Env't Infrastructure Inc.*, 439 F. Supp. 3d 407, 430 (E.D. Pa. 2020) ("It is well settled, however, that the discovery rule does not apply to breach of warranty claims."). Because Plaintiff filed his Complaint more than four years after his filter was placed, his implied warranty claim is time-barred and must be dismissed.

### C.    Express Warranty Claim[3]

Cook argues Plaintiff's express warranty claims fails because "he has not identified any specific statement or communication constituting the alleged express warranty that he would have read and relied upon before receiving his filter." (Filing No. 18412, Def.'s Reply at 4).

To prevail on a breach of express warranty claim, a plaintiff must establish that a breach of warranty occurred and that the breach was the proximate cause of the specific

---

[3] Cook did not argue Plaintiff's express warranty claim is also time-barred.

6

damages sustained. *Price v. Chevrolet Motor Div. of Gen. Motors Corp.*, 765 A.2d 800 (Pa. Super. 2000). Under Pennsylvania law, an express warranty is "any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain." 13 Pa. Con. Stat. § 2313(a)(1).

Plaintiff relies on the allegations supporting his claim for fraudulent concealment to support his claim for breach of express warranty. Specifically, he argues:

> Defendants fraudulently concealed the risks and defects associated with the Cook Celect IVC filter implanted in Plaintiff . . . , perpetuated misinformation regarding the Cook Celect IVC filter, Plaintiff and his implanting physician relied on the Defendants' fraudulent concealment when deciding to implant the Cook Celect filter, and this resulted in injury to Plaintiff. *See generally* [Doc. No. 16547], at ¶¶ 1-44.

(Filing No. 18145, Pl.'s Resp. at 6). But as Cook correctly observes, there is no allegation stating Plaintiff ever saw, read, or relied on any affirmations of fact or promises about the Celect's safety or efficacy in Cook's instructions for use, marketing materials, or patient guide that formed part of the "basis of the bargain." *See Ebert v. C.R. Bard, Inc.*, 459 F. Supp. 3d 637, 649 (E.D. Pa. 2020) ("A plaintiff satisfies the 'basis of the bargain' requirement by 'proving that she read, heard, saw or knew of the advertisement containing the affirmation or promise.'" (quoting *Parkinson v. Guidant Corp.*, 315 F. Supp. 2d 741, 752 & n.10 (W.D. Pa. 2004))). Indeed, he does not identify any specific statement made by Cook that could be construed as a warranty prior to his Celect placement procedure. Therefore, Plaintiff's breach of express warranty claim is legally insufficient and must be dismissed.

### D. Consumer Fraud Claim

Cook contends Plaintiff's claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") must also be dismissed for the reasons stated in another case in this MDL. (*See* Filing No. 18245 at 4-6 (dismissing plaintiffs' consumer fraud claims because they failed to allege their physicians read or relied on Cook's marketing materials)).

To bring a private cause of action under the UTPCPL, a plaintiff must establish that:

> (1) [he] purchased or leased goods or services primarily for a personal, family, or household purpose; (2) [he] suffered an ascertainable loss of money or property; (3) the loss occurred as a result of the use or employment by a vendor of a method, act, or practice declared unlawful by the [UTPCPL]; and (4) the consumer justifiably relied upon the unfair or deceptive business practice when making the purchasing decision.

*Gregg v. Ameriprise Fin., Inc.*, 245 A.3d 637, 646 (Pa. 2021) (quotation marks omitted).

In support of this claim, Plaintiff again relies on his fraudulent concealment allegations. As with Plaintiff's breach of warranty claim, there is no allegation stating Plaintiff or his doctor ever saw or read Cook's IFUs, marketing materials, or patient guide regarding the safety and efficacy of the Celect filter before Plaintiff consented to the Celect placement procedure. His allegations thus fail to show he justifiably relied on any unfair or deceptive practice "when making the purchasing decision." *Id*. Therefore, Plaintiff's consumer fraud claim must be dismissed.

### E. Punitive Damages

Plaintiff's last claim is for punitive damages. Since all of Plaintiff's claims have

8

been dismissed, his claim for punitive damages must also be dismissed. *Kirkbride v. Lisbon Contractors, Inc.*, 555 A.2d 800, 802 (Pa. 1989) ("If no cause of action exists, then no independent action exists for a claim of punitive damages since punitive damages are only an *element* of damages.") (emphasis in original).

### III.  Conclusion

For the reasons set forth above, the court **GRANTS** the Cook Defendants' Motion for Judgment in Plaintiff's Case Pursuant to CMO-28 (Filing No. 17959). Plaintiff's product liability and implied warranty claims are **DISMISSED WITH PREJUDICE**, and Plaintiff's breach of warranty, consumer fraud, and punitive damages claims are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 19th day of April 2022.

                                                                                    _____
                                                                                    RICHARD L. YOUNG, JUDGE
                                                                                    United States District Court
                                                                                    Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.