UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

_____

This Document Relates to the Following Case:

Melissa Guiney, 1:17-cv-01577

_____

### ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiff's case. Specifically, they argue Plaintiff's negligence, strict products liability, and implied warranty claims are time-barred, her consumer protection and express warranty claims are not adequately pled, and, because she has no other viable claims, her punitive damages claim fails as well. The court, having read and reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion should be **GRANTED in part** and **UNDER ADVISEMENT in part**.

**I.    Background**

Plaintiff, a California resident, was implanted with a Günther Tulip Vena Cava Filter on October 30, 2006, at UCSF Medical Center in San Francisco, California. (Filing

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

No. 11 in 1:17-cv-01577, Am. Short Form Compl. ¶¶ 4-6, 10-12). Less than two months later, on December 11, 2006, she presented to the hospital to have it removed. (Filing No. 18926, Medical Record at 3). Because the filter had become embedded into the wall of her vena cava, her physician was unable to retrieve it. (*Id.*).

She filed the present action against the Cook Defendants on May 15, 2017. Her claimed injury is an embedded filter that cannot be retrieved. (Filing No. 19165, Case Categorization Form at 2).

## II.    Discussion

Under California law, the statute of limitations for personal injury and product liability actions is two years. Cal. Civ. Proc. Code § 340.8. California's discovery rule provides that a cause of action does not accrue "until the plaintiff discovers, or has reason to discover, the cause of action." *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920 (Cal. 2005). A plaintiff has reason to discover a cause of action when she has reason to at least suspect that her injury arose from wrongdoing. *Id.* ("The Legislature, in codifying the discovery rule, has also required plaintiffs to pursue their claims diligently by making accrual of a cause of action contingent on when a party discovered or *should have* discovered that his or her injury had a wrongful cause.") (emphasis in original).

According to the Cook Defendants, Plaintiff's negligence and product liability claims accrued when she learned her filter could not be retrieved on December 11, 2006. Therefore, they argue, she filed her negligence and strict liability claims over nine years too late. Plaintiff responds her claims did not accrue until she saw "an alert to the IVC filter's dangerous risks and complications" apparently in 2016. (Filing No. 19031, Pl.'s

Resp. at 3).

Plaintiff's personal injury claims are time-barred. She was implanted with an IVC filter that was supposed to be retrievable. She underwent a procedure to have the filter removed, but she learned from her physician it could not be removed. This is the very injury she now alleges in her Case Categorization Form. Consequently, Plaintiff reasonably should have known after her procedure on December 11, 2006, that she had a problem with her filter. The limitations period thus commenced on December 11, 2006.

Plaintiff argues that Cook's fraudulent concealment of the Tulip filter's defective nature operates to toll the statute of limitations. Fraudulent concealment tolls the statute of limitations where !'(1) the defendant took affirmative acts to mislead the plaintiff; (2) the plaintiff did not have 'actual or constructive knowledge of the facts giving rise to its claim'; and (3) the plaintiff acted diligently in trying to uncover the facts giving rise to its claim." *In re Animation Workers Antitrust Litig.*, 123 F. Supp. 3d 1175, 1194 (N.D. Cal. Aug. 20, 2015) (quoting *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1060 (9th Cir. 2012)). Here, as noted above, Plaintiff had actual or constructive knowledge of the facts giving rise to her claim. Consequently, her allegations of fraudulent concealment set forth in her Amended Short Form Complaint cannot save her claim.

Cook also argues Plaintiff's implied warranty is time-barred, her express warranty and consumer protection claims fail to state a claim, and her punitive damages claim fails as derivative. Because the court's CMO-28 has a 3-page limit, Plaintiff requests additional pages to address these claims.

Plaintiff's request with respect to her implied warranty claim is denied because

under California law, implied warranty claims are subject to a four-year statute of limitations which accrues upon tender of delivery. *See* Cal. Com. Code § 2725(2). She filed this action more than 10 years after her filter was placed. Allowing Plaintiff additional pages to address this claim would be futile. Plaintiff's request for additional pages to address whether his express warranty[2] and consumer protection claims survive Cook's motion is granted.

Plaintiff did not raise any argument with respect to her punitive damages claim. Failure to respond results in waiver or forfeiture of the claim. *See Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018) (Barrett, J.) ("[A] district court may hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss."); *Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the Bontes have done here—results in waiver.").

### III.  Conclusion

For the reasons set forth above, the Cook Defendants' Motion for Judgment in Plaintiff's Case Pursuant to CMO-28 (Filing No. 18925) is **GRANTED in part and UNDER ADVISEMENT in part**. The motion is **GRANTED** with respect to Plaintiff's personal injury, implied warranty, and punitive damages claims and **UNDER ADVISEMENT** with respect to Plaintiff's express warranty and consumer protection claims. Plaintiff's supplemental response addressing those claims is due by **Wednesday,**

---

[2] As noted above, Cook did not argue Plaintiff's express warranty and consumer protection claims are time-barred.

**May 18, 2022**, and the Cook Defendants' supplemental reply is due by **Wednesday, June 1, 2022**.

**SO ORDERED** this 19th day of April 2022.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.