**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

_____

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

_____

This Document Relates to the Following Case:

Theresa Bauer, 1:18-cv-01818

_____

**ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiff's case. Specifically, they argue Plaintiff's personal injury and implied warranty claims are time-barred, her consumer protection and express warranty claims are not adequately pled, and, because she has no other viable claims, her punitive damages claim fails as well. The court, having read and reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion should be **GRANTED in part** and **UNDER ADVISEMENT in part**.

**I.   Background**

Plaintiff, an Ohio resident, was implanted with a Cook Celect Vena Cava Filter on July 3, 2014, at Parkview Hospital in Bryan, Ohio. (Filing No. 13, Am. Short Form

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

Compl. in 1:18-cv-01818, ¶¶ 5, 6, 10-12). On December 17, 2014, Plaintiff presented to the hospital to have the filter removed. (Filing No. 18922, Medical Record at 2). A venogram showed the filter was tilted in the right lateral position with the hook the filter embedded in the wall of the vena cava. (*Id.*). After multiple attempts to retrieve the filter, the procedure was aborted. (*Id.* at 3).

Plaintiff filed this lawsuit against the Cook Defendants on June 14, 2018. Her claimed injury is a failed retrieval. (Filing No. 19154, Pl.'s Case Categorization Submission at 3).

## II.   Discussion

Under Ohio law, product liability claims alleging personal injury are governed by a two-year statute of limitations. Ohio Rev. Code § 2305.10(A). Generally, a cause of action accrues when the injury occurs. *Id*. ("Except as provided in divisions (B)(1), (2), (3), (4), and (5) of this section, a cause of action accrues under this division when the injury or loss to person or property occurs."). Ohio has a discovery rule, which provides that a cause of action does not accrue until a plaintiff either knows or reasonably should have known that (1) she was injured and (2) that her injury was proximately caused by defendant's conduct. *O'Stricker v. Jim Walter Corp.*, 447 N.E.2d 727, 730 (Ohio 1983).

According to the Cook Defendants, Plaintiff's personal injury claims accrued when she learned her filter could not be retrieved on December 17, 2014. Therefore, they argue, she filed her personal injury claims one-and-a-half years too late. Relying on Ohio Revised Code § 2305.10(B), Plaintiff responds that she was not alerted by competent medical authority that she was injured from the failed retrieval procedure, and that she

2

did not know of her injury "until later in 2017 after seeing an alert to the IVC filter's dangerous risks and complications." (Filing No. 19032, Pl.'s Resp. at 3).

In Ohio, the discovery rule only applies to latent injuries. *Baxley v. Harley-Davidson Motor Co.*, 875 N.E.2d 989, 991 (Ohio Ct. App. 2007) (holding "the discovery rule only applies in cases of latent injury and not in cases of possible latent defects" and that "actual damage or injury is enough to put a reasonable person on notice of the need for further inquiry even where a defect is latent"). Indeed, the statutory section she cites—Section 2305.10(B)—applies only to latent injuries from exposure to hazardous or toxic substances. *See, e.g.*, § 2305.10(B)(1) (stating a cause of action for bodily injury "that is caused by exposure to hazardous or toxic chemicals, ethical drugs, or ethical medical devices accrues upon the date on which the plaintiff is informed by competent medical authority that the plaintiff has an injury that is related to the exposure, or upon the date on which by the exercise of reasonable diligence the plaintiff should have known that the plaintiff has an injury that is related to the exposure, whichever date occurs first").

Here, Plaintiff did not suffer from a latent injury. She was on notice of her injury as of December 17, 2014, when she learned her filter could not be retrieved. Indeed, the failed retrieval is the exact injury that Plaintiff claims she suffered. She is therefore not entitled to the application of the Ohio discovery rule.

Plaintiff argues that Cook's fraudulent concealment of the Tulip filter's flawed design operates to toll the statute of limitations. "The doctrine of fraudulent concealment allows equitable tolling of the statute of limitations where 1) the defendant concealed the

underlying conduct, 2) the plaintiff was prevented from discovering the cause of action by that concealment, and 3) the plaintiff exercised due diligence to discover the cause of action." *Huntsman v. Perry Local Sch. Bd. of Educ.,* 379 Fed. App'x 456, 461 (6th Cir. 2010) (citing *Pinney Dock & Transp. Co. v. Penn Cent. Corp.,* 838 F.2d 1445, 1465 (6th Cir. 1988)). But the "right to claim fraudulent concealment never continues beyond the time that a plaintiff, by exercising ordinary diligence, should have discovered the facts at issue." *Zemcik v. LaPine Truck Sales & Equip. Co.*, 706 N.E.2d 860, 865 (Ohio Ct. App. 1998) (quoting *Birkett Williams Ford, Inc. v. East Woodworking Co.*, 456 N.E.2d 1304, 1307-08 (Ohio Ct. App. 1982)). Here, Plaintiff had enough information based on the failed retrieval procedure to put her on notice that there was a reasonable possibility the filter harmed her, and that she should inquire into her rights. Therefore, Plaintiff's attempt to use fraudulent concealment to toll the statute of limitations fails as a matter of law. Because she did not file suit within two years of the failed retrieval surgery, her personal injury claims are barred by Ohio's two-year statute of limitations.

Cook also argues Plaintiff's implied warranty is time-barred, her express warranty and consumer protection claims fail to state a claim, and her punitive damages claim fails as derivative. Because the court's CMO-28 has a 3-page limit, Plaintiff requests additional pages to address her implied warranty, express warranty, and consumer protection claims.

Plaintiff's request with respect to her implied warranty claim is denied because under Ohio law, implied warranty claims are subject to § 2305.10's two-year statute of limitations. *Caterpillar Fin. Servs. Corp. v. Tatman*, 137 N.E.3d 512, 524 (Ohio Ct. App.

4

2019) (stating plaintiff's "claims for breach of implied warranty in tort and negligence are governed by the two-year statute of limitations in [§] 2305.10").  Thus, to grant her request would be futile.  The court will grant her request with respect to Plaintiff's express warranty and consumer protection claims, however.

Plaintiff did not respond to Cook's motion regarding her punitive damages claim. Her failure to respond results in waiver or forfeiture of that claim.  *See Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018) (Barrett, J.) ("[A] district court may hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss."); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the Bontes have done here—results in waiver.").

### III. Conclusion

For the reasons set forth above, the Cook Defendants' Motion for Judgment in Plaintiff's Case Pursuant to CMO-28 (Filing No. 18921) is **GRANTED in part and UNDER ADVISEMENT in part**.  The motion is **GRANTED** with respect to Plaintiff's personal injury, implied warranty, and punitive damages claims and is **UNDER ADVISEMENT** with respect to Plaintiff's express warranty and consumer protection claims.  Plaintiff's supplemental response addressing those claims is due by **Wednesday, May 18, 2022**, and the Cook Defendants' supplemental reply is due by **Wednesday, June 1, 2022**.

**SO ORDERED** this 19th day of April 2022.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.