UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND             No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION              MDL No. 2570

_____

This Document Relates to the Following Case:

Justin Anthony Dory, 1:18-cv-02738

_____

**ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiff's case. The court, having read and reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion should be **GRANTED in part** and **UNDER ADVISEMENT** in part.

**I.     Background**

On August 11, 2006, Plaintiff, a Colorado resident, was implanted with a Cook Günther Tulip Vena Cava at the Swedish Medical Center in Denver, Colorado. (Filing No. 9 in 1:18-cv-02738, Am. Short Form Compl. ¶¶ 4-6, 10-12). He presented to the hospital to have the filter removed on July 29, 2016. (Filing No. 18924, Medical Record). The medical record submitted with Plaintiff's Case Categorization Form states

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

in relevant part:

> Difficult but successful IVC filter removal. Large amount of tissue removed with IVC filter, estimate 8x8 mm piece of cava adherent to filter. Contained contrast pool within retroperitoneum, "venous pseudoaneurysm." Place wallstent x 2 for flow diverter effect. Still fills extravascular collection, but no free extravasation . . . Considered placement of stent graft, but will wait for heparin to wear off. If collection remains stable, will likely follow with CT venograms to see if defect closes with endothelization.

(*Id.*).

Plaintiff says he had a subsequent procedure on September 6, 2016,[2] to have the stents replaced. It was then that his physician "discovered the IVC removal had injured Plaintiff and relayed this information to him." (Pl.'s Resp. at 3).

He filed the present action against the Cook Defendants on September 5, 2018.

## II. Discussion

### A. Plaintiff's Negligence and Strict Liability Claims

According to the Cook Defendants, Plaintiff's negligence and strict product liability claims accrued on July 29, 2016—the day his filter was retrieved. Therefore, they contend, he filed his claims one month and seven days too late.

Pursuant to Colorado law, a two-year statute of limitations applies to Plaintiff's product liability and negligence claims. *See* Colo. Rev. Stat. §§ 13-80-102(1) (negligence and strict liability causes of action), 13-80-106(1) (product liability causes of action). Claims accrue under the Colorado discovery rule "on the date both the injury and its cause of action are known or should have been known by the exercise of

---

[2] The medical record associated with this procedure was not submitted by either party.

reasonable diligence." Colo. Rev. Stat. Ann. § 13-80-108(1). A plaintiff need not know the identity of the defendant to trigger the statute of limitations. *Yoder v. Honeywell, Inc.*, 900 F. Supp. 240, 247 (D. Colo. 1995). Nor does a plaintiff need to understand the full extent of the damage. *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 887-88 (10th Cir. 2005) (applying Colorado law).

Here, by July 29, 2016, Plaintiff had undergone a complicated filter retrieval procedure that resulted in the placement of two endovascular stents, the very injury he now alleges. (Filing No. 19172, Case Categorization Form at 3). His argument that his physician did not discover his vena cava was injured from the retrieval procedure until his stent replacement surgery is belied by his July 29 medical record. Plaintiff's physician may not have told him all the facts reflected in the July 29 medical record, but Plaintiff had to have been aware that stents were placed in his vena cava after the filter was retrieved because soon thereafter, they had to be replaced. Stents would not have been placed in Plaintiff's vena cava if it had not been injured during the retrieval procedure. Accordingly, the court agrees with Cook that Plaintiff's negligence and strict liability claims accrued on July 29, 2016.

Plaintiff argues that Cook's fraudulent concealment of the Tulip filter's flawed design operates to toll the statute of limitations. But the fraudulent concealment statute he invokes tolls a claim only if a plaintiff "is unable, by reasonable diligence, to discover the facts necessary for determining the existence of a claim for relief." *BP Am. Prod. Co. v. Patterson*, 263 P.3d 103, 109 (Colo. 2011). As detailed above, Plaintiff discovered or reasonably should have discovered the existence of a potential cause of action no later

3

than July 29, 2016—more than two years before he filed his claim. Consequently, his allegations of fraudulent concealment set forth in his Amended Short Form Complaint do not toll his claims.

### B. Plaintiff's Warranty Claims

The Cook Defendants also argue Plaintiff's implied and express warranty[3] claims are barred by Colorado's statute of limitations.

Under Colorado law, warranty claims are subject to a three-year statute of limitations. Colo. Rev. Stat. § 13-80-101(1)(a). Plaintiff argues his warranty claims accrue on the date the breach is discovered. Plaintiff is incorrect; warranty claims accrue upon tender of delivery. Colo. Rev. Stat. § 4-2-725(2); *Leprino Foods Co. v. DCI, Inc.*, No. 13–cv–2430–RM–KMT, 2017 WL 57256, at *2 (D. Colo. Jan. 3, 2017).

Here, Plaintiff received his filter on August 11, 2006; consequently, tender of delivery could not have occurred after that date. Plaintiff filed this action on September 5, 2018. Therefore, his breach of warranty claims are time-barred.

### C. Plaintiff's Consumer Protection and Punitive Damages Claims

Lastly, the Cook Defendants argue Plaintiff's consumer protection claim fails to state a claim for relief. Because the court's CMO-28 has a 3-page limit, Plaintiff requests additional pages to address that claim. His request is granted.

Plaintiff did not raise any argument with respect to his punitive damages claim.

---

[3] Cook originally argued Plaintiff's express warranty claim was not adequately pled. In its Reply, however, it argues it is barred by the statute of limitations. The court will consider this argument because Plaintiff raised the timeliness of his express and implied warranty claims in his Response.

4

Failure to respond results in waiver or forfeiture of the claim.  *See Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018) (Barrett, J.) ("[A] district court may hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss."); *Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the Bontes have done here—results in waiver.").

### III. Conclusion

For the reasons stated above, the Cook Defendants' Motion for Judgment (Filing No. 18923) is **GRANTED in part and UNDER ADVISEMENT in part**.  It is **GRANTED** with respect to Plaintiff's negligence and strict liability claims, his implied and express warranty claims, and his punitive damages claim, and **UNDER ADVISEMENT** with respect to his consumer protection claim.  Plaintiff's supplemental response is due by **Wednesday, May 18, 2022**, and the Cook Defendants' supplemental reply is due by **Wednesday, June 1, 2022**.

**SO ORDERED** this 19th day of April 2022.

                                                                           _____
                                                                           RICHARD L. YOUNG, JUDGE
                                                                           United States District Court
                                                                           Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.