UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND              No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION               MDL No. 2570

_____

This Document Relates to the Following Case:

Cheree Grant, 1:16-cv-01745

_____

**ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiff's case. Specifically, they argue Plaintiff's negligence, strict products liability, and implied warranty claims are time-barred, her consumer protection and express warranty claims are not adequately pled, and, because she has no other viable claims, her punitive damages claim fails as well. The court, having read and reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion should be **GRANTED**.

**I.    Background**

Plaintiff, an Arizona resident, was implanted with a Cook Celect Vena Cava Filter on February 12, 2011, at Scottsdale Healthcare in Scottsdale, Arizona. (Filing No. 64 in

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

1

1:16-cv-01745, Am. Short Form Compl. ¶¶ 10-12).  On April 29, 2011, Plaintiff presented to the hospital to have the filter removed.  (Filing No. 18918, Medical Record at 1).  Using fluoroscopic guidance, several attempts were made to retrieve the filter.  (*Id.* at 2).  Because "[t]he hook retrieval system was embedded in the posterior wall of the inferior vena cava," those attempts were unsuccessful.  (*Id.*).  Following the procedure, Plaintiff's physician informed Plaintiff the filter could not be removed and "explained to [Plaintiff] that the filter could be left in place on a long-term basis."  (*Id.*).

Plaintiff filed the present action against the Cook Defendants on June 30, 2016.  Her claimed injury is an embedded filter that cannot be retrieved.  (Filing No. 19170, Case Categorization Form at 2).

## II.   Discussion

### A.   Product Liability Claims

Under Arizona law, the statute of limitations for personal injury and product liability actions is two years.  Ariz. Rev. Stat § 12-542(1).  Arizona's discovery rule provides that "a cause of action generally accrues, and the statute of limitations period begins to run, when the plaintiff becomes aware of information that would put a reasonable person on notice to investigate whether a claim exists."  *Walk v. Ring*, 44 P.3d 990, 996 (Ariz. 2002) (en banc); *see also Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 898 P.2d 964, 966 (Ariz. Ct. App. 2016) (stating a cause of action "does not accrue until the plaintiff knows or, in the exercise of reasonable diligence, should know the facts underlying the cause").  "Although a plaintiff need not know all the facts to trigger accrual of the statute of limitations, she 'must at least possess a minimum requisite

of knowledge sufficient to identify that a wrong occurred and caused injury.'" *Lund v. Burch & Cracchiolo P.A.*, No. 1 CA-CV 19-0688, 2020 WL 6834539, at *5 (Ariz. Ct. App. Nov. 19, 2020) (quoting *Doe v. Roe*, 955 P.2d 951, 961 (Ariz. 1998)).

According to the Cook Defendants, Plaintiff's negligence and product liability claims accrued when she learned her filter could not be retrieved on April 29, 2011.[2] Therefore, they argue, she filed her negligence and strict liability claims over three years too late. Plaintiff responds her claims did not accrue until "she saw ads informing her of the defective nature of Cook's IVC filter in 2015." (Filing No. 19042, Pl.'s Resp. at 3).

Plaintiff's personal injury claims are time-barred. She was implanted with an IVC filter that was supposed to be retrievable. She underwent a procedure to have the filter removed, but she learned from her physician it could not be removed. Plaintiff reasonably should have known after her procedure on April 29, 2011, that she had a problem with her filter. The limitations period thus commenced on April 29, 2011.

Plaintiff argues that Cook's fraudulent concealment of the Tulip filter's defective nature operates to toll the statute of limitations. Fraudulent concealment tolls the statute of limitations when a defendant "wrongfully conceals facts giving rise to the cause of action is such a manner as to prevent a plaintiff was reasonably discovering a claim exists within the limitations period." *Anson v. Am. Motors Corp.*, 747 P.2d 581, 587 (Ariz. Ct. App. 1987). Here, Plaintiff had enough information based on the failed retrieval

---

[2] Cook says her attempted retrieval procedure occurred on April 30, 2011. The court interprets her medical record as showing that her attempted retrieval procedure occurred on April 29, and that she went to the emergency room on April 30 with complaints of abdominal pain.

procedure to put her on notice that there was a reasonable possibility the filter harmed her, and that she should inquire into her rights. This is true regardless of the alleged concealment. Therefore, Plaintiff's attempt to use fraudulent concealment to toll the statute of limitations fails as a matter of law. Because she did not file suit within two years of the failed retrieval surgery, her personal injury and implied warranty claims are barred by Arizona's two-year statute of limitations.

### B. Plaintiff's Warranty, Consumer Protection, and Punitive Damages Claims

Cook also moves for judgment on Plaintiff's implied warranty, express warranty, consumer protection, and punitive damages claims. Plaintiff did not respond to the merits of Cook's motion. Failure to respond to a motion to for judgment on the pleadings constitutes forfeiture or waiver. *See Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018) (Barrett, J.) ("[A] district court may hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss."); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."). Plaintiff's failure to respond to Cook's motion is grounds alone for granting the motion.

### III. Conclusion

For the reasons set forth above, the Cook Defendants' Motion for Judgment in Plaintiff's Case Pursuant to CMO-28 (Filing No. 18917) is **GRANTED**.

**SO ORDERED** this 19th day of April 2022.

Distributed Electronically to Registered Counsel of Record.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana