**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to the Following Cases:

Jose Del Cid, 1:17-cv-01704

**ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiff Jose Del Cid's case. They argue Plaintiff's claims are time-barred, his implied warranty claim is time-barred, his express warranty and consumer protection claims fail to state a claim, and because he has no other viable claims, his punitive damages claim fails as well.

## I. Background

Plaintiff, a Virginia resident, was implanted with a Cook Celect Vena Cava Filter on December 2, 2011, at Inova Fair Oaks Hospital in Fairfax, Virginia. (Filing No. 1 in 1:17-cv-01704, Short Form Compl. ¶¶ 4-6, 10-12). On February 2, 2012, he underwent a

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

procedure to have the filter removed. (Filing No. 17967, Medical Record). Because the tip of the IVC filter was embedded in the wall of the vena cava, his physician was unable to retrieve it. (*Id.* at 2).

He filed the present action against the Cook Defendants on May 23, 2017.

## II.    Discussion

Virginia's statute of limitations for product liability actions is two years. Va. Code § 8.01-243 ("Unless otherwise provided in this section or by other statute, every action for personal injuries, whatever the theory of recovery . . . shall be brought within two years after the cause of action accrues."). "In Virginia, 'an injury is deemed to occur, and the statute of limitations period begins to run, whenever any injury, however slight, is caused by the negligent act, even though additional or more severe injury or damage may be subsequently sustained as a result of the negligent act.'" *Wade v. Danek Medical, Inc.*, 182 F.3d 281, 285 (4th Cir. 1999) (quoting *St. George v. Pariser*, 484 S.E.2d 888, 890 (Va. 1997)). Here, Plaintiff's injury—a failed retrieval—occurred on February 2, 2012.

Virginia's discovery rule for product liability actions was passed by the Virginia legislature in March 2016 and took effect on July 1, 2016. *See* Va. Acts Ch. 353 (showing amendment approval); Va. Code § 1-214 (providing laws take effect on July 1 following adjournment of the legislative session). It provides that a cause of action accrues "for injury to the person resulting from or arising as a result of the implantation of any medical device, when the person knew or should have known of the injury and its causal connection to the device." Va. Code Ann. § 8.01-249(9). Plaintiff argues his claims are timely because he did not discover the causal connection between his injury

and Cook's defective filter until he saw commercials regarding IVC filter litigation in 2016. (Filing No. 18338, Pl.'s Resp. at 3).

Under Virginia law, "amendments to statutes of limitation are presumed to be prospective and not retroactive in their operation, in the absence of clear legislative intent to the contrary." *Riddett v. Virginia Elec. & Power Co.*, 495 S.E.2d 819, 822 (Va. 1998). But Plaintiff's product liability claims accrued on February 2, 2012, when he learned his filter could not be retrieved. Plaintiff did not file this cause of action until May 23, 2017. Thus, even assuming the Virginia discovery statute would apply to Plaintiff's claims, Plaintiff would not be entitled to invoke the discovery rule because his claims accrued and became time-barred before the new law took effect.

Next, Plaintiff argues that the statute of limitations should be equitably tolled because Cook fraudulently concealed facts that are the basis of his claim. For the doctrine to apply, a plaintiff must establish that (1) the defendant "fraudulently concealed facts that are the basis of plaintiff's claim; [and] (2) the plaintiff failed to discover those facts within the statutory period, despite (3) the exercise of due diligence." *Schmidt v. Household Fin. Corp.,* II, 661 S.E.2d 834, 840-41 (Va. 2008) (internal quotation marks and citation omitted). As detailed above, Plaintiff discovered or reasonably should have discovered the existence of a potential cause of action by February 2, 2012. Consequently, his allegations of fraudulent concealment do not toll his claims.

Lastly, Cook moves for judgment on Plaintiff's implied warranty, express warranty, consumer protection, and punitive damages claims. Plaintiff did not respond to Cook's arguments. His failure to respond results in waiver or forfeiture of those claims.

*See Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018) (Barrett, J.) ("[A] district court may hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss."); *Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the Bontes have done here—results in waiver.").

### III.  Conclusion

For the reasons explained above, the Cook Defendants' Motion for Judgment (Filing No. 17965) is **GRANTED**.

**SO ORDERED** this 20th day of April 2022.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.