UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

_____

This Document Relates to the Following Cases:

Sonya Brown-Street, 1:17-cv-1625

_____

ORDER ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiff Sonja Brown-Street's case. They argue Plaintiff's claims are time-barred, her implied warranty claim is time-barred, her express warranty claim fails to state a claim, and because she has no other viable claims, her punitive damages claim fails as well.

I.  Background

Plaintiff, a Virginia resident, was implanted with a Cook Celect Vena Cava Filter on February 23, 2010, Lewis-Gale Medical Center in Richmond, Virginia. (Filing No. 1 in 1:17-cv-01625, Short Form Compl. ¶¶ 4-6, 10-12). On April 3, 2012, she underwent a

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

procedure to have the filter removed. (Filing No. 17969, Medical Record). Because the tip of the IVC filter was embedded in the wall of the vena cava, her physician was unable to retrieve it. (*Id.*).

She filed the present action against the Cook Defendants on May 17, 2017.

## II. Discussion

Virginia's statute of limitations for product liability actions is two years. Va. Code § 8.01-243 ("Unless otherwise provided in this section or by other statute, every action for personal injuries, whatever the theory of recovery . . . shall be brought within two years after the cause of action accrues."). "In Virginia, 'an injury is deemed to occur, and the statute of limitations period begins to run, whenever any injury, however slight, is caused by the negligent act, even though additional or more severe injury or damage may be subsequently sustained as a result of the negligent act.'" *Wade v. Danek Medical, Inc.*, 182 F.3d 281, 285 (4th Cir. 1999) (quoting *St. George v. Pariser*, 484 S.E.2d 888, 890 (Va. 1997)). Here, Plaintiff's injury—a failed retrieval—occurred on April 3, 2012.

Virginia's discovery rule for product liability actions was passed by the Virginia legislature in March 2016 and took effect on July 1, 2016. *See* Va. Acts Ch. 353 (showing amendment approval); Va. Code § 1-214 (providing laws take effect on July 1 following adjournment of the legislative session). It provides that a cause of action accrues "for injury to the person resulting from or arising as a result of the implantation of any medical device, when the person knew or should have known of the injury and its causal connection to the device." Va. Code Ann. § 8.01-249(9). Plaintiff argues her

claims are timely because she did not discover the causal connection between her injury and Cook's defective filter until May 2016. (Filing No. 18299, Pl.'s Resp. at 3). She does not explain how she came upon this information.

Under Virginia law, "amendments to statutes of limitation are presumed to be prospective and not retroactive in their operation, in the absence of clear legislative intent to the contrary." *Riddett v. Virginia Elec. & Power Co.*, 495 S.E.2d 819, 822 (Va. 1998). But as noted above, Plaintiff's product liability claims accrued on April 3, 2012, when she learned her filter could not be retrieved. Plaintiff did not file this cause of action until May 17, 2017. Thus, even assuming the Virginia discovery statute would apply to Plaintiff's claims, Plaintiff would not be entitled to invoke the discovery rule because her claims accrued and became time-barred before the new law took effect.

Cook also moves for judgment on Plaintiff's implied warranty, express warranty, consumer protection, and punitive damages claims. Plaintiff did not respond to Cook's arguments. Her failure to respond results in waiver or forfeiture of those claims. *See Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018) (Barrett, J.) ("[A] district court may hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss."); *Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the Bontes have done here—results in waiver.").

### III.   Conclusion

**IT IS THEREFORE ORDERED** that Cook's Motion for Judgment (Filing No.

17968) is **GRANTED**.

**SO ORDERED** this 21st day of April 2022.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.