UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Newton, Blake - 1:16-cv-01986

**DEFENDANTS' REPLY IN SUPPORT OF
THEIR MOTION FOR JUDGMENT IN
<u>PLAINTIFF BLAKE NEWTON'S CASE PURSUANT TO CMO-28</u>**

A.   **The Six-Year Statute of Repose Bars Plaintiff's Claim Under Prior Orders**

Plaintiff argues that the 12-year statute of repose applies to his case, suggesting that his claimed injury was not known until after October 1, 2009.[1]  *See* Pl.'s Resp., Dkt. 21830.  This Court has rejected Plaintiff's argument twice before and should do so again here.  *See* Dkt. 15084 (*Wilson*) at 2 ("North Carolina courts have held that the enlargement of the repose period to 12 years did not have retroactive effect for claims involving products used prior to that time."); Dkt. 20384 at 2-4 (*Amey*) (same); *see also Klein v DePuy*, 506 F.3d 553, 557 (7th Cir. 2007); Defs.' Mot., Dkt. 21740 (collecting North Carolina cases).

Plaintiff misreads the cases he cites in his Response.  In *Robinson v. Bridgestone/ Firestone N. Am. Tire, L.L.C.*, the plaintiffs included both adults and minors who sued a tire manufacturer after a highway accident.  703 S.E.2d 883, 885 (N.C. 2011).  The court held that the adults "had to show that the allegedly defective tire was initially purchased within six years of the filing [date]"—the same holding as *Cramer* and the Court's orders in *Amey* and *Wilson*.  The *Robinson* court treated the *minor* plaintiffs differently and analyzed the date of the accident as the "accrual date" *only* because a *separate* statute, N.C. Gen. Stat. § 1:17(a), "'provides for the tolling of most limitations periods during a person's minority.'"  703 S.E.3d at 887.

Plaintiff points out that the claim in *Cramer* was barred by both the six and 12-year statute of repose and asserts the court did not determine which version applies because "such determination was not necessary."  Pl.'s Resp., Dkt. 21830 at 2 (citing *Cramer v. Ethicon, Inc.*,

---

[1] Plaintiff appears to argue his claim accrued no earlier than October 1, 2014, the date the MDL was created.  *See* Pl.'s Resp., Dkt. 21830 at 2.  Plaintiff also filed a copy of his PPS as an exhibit, *see* Dkt. 21831, but he does not discuss this document in the Response or relate it to the accrual of his action.  Regardless, for the reasons set forth above and in Cook's opening brief, the triggering date for the commencement of the statute of limitations is the initial purchase date, which here could not have been any later than September 17, 2008, the date Plaintiff received his filter. Cook notes, however, that Plaintiffs have yet to support the injury claimed in his Amended CCF, a painful migration, with corresponding specific medical records as required by the categorization order.  (See Plaintiffs' Categorization Forms and Records (collectively attached as Exhibit A and filed separately under seal).

2021 WL 243872, at *6 (W.D.N.C. Jan. 25, 2021)). Plaintiff, however, ignores the express statement of law in *Cramer* that "courts applying North Carolina law have consistently applied [the] six-year statute of repose in cases where the product in question was first purchased or delivered, as here, before October 1, 2009." *Id.* at *4. Regarding *Lackey*, although the court states that "Plaintiff's cause of action accrued on or about January 2009," this phrase appears in a footnote where the court read plaintiff's argument in the light most favorable to the plaintiff and noted the accrual date would not have affected the outcome. *See Lackey v. DePuy Orthopedics*, 2011 WL 2791264, at *3 n. 3. The *Lackey* court explains elsewhere that "the North Carolina Supreme Court has explained, statutes of repose are distinguishable from ordinary statutes of limitation in that they begin to run 'at time unrelated to the traditional statute of limitations.'" *Id.* at *3. *Lackey* is thus consistent with *Cramer* and with this Court's orders in *Amey* and *Wilson*.

**B.     Fraudulent Concealment Is Not a Cognizable Exception to the North Carolina Statute of Repose and Would Not Save Plaintiff's Claim**

Plaintiff argues that North Carolina recognizes equitable estoppel and/or fraudulent concealment doctrines and that these doctrines preclude application of the statute of repose to his claims. *See* Pl.'s Resp., Dkt. 21830 at 1. Plaintiff is mistaken.[2]

Contrary to Plaintiff's assertions, "substantive rights, such as those created by the statute of repose are not subject to tolling. Accordingly, fraudulent concealment … cannot operate to toll the running of the statute of repose." *Stallings v. Gunter*, 394 S.E.2d 212, 216 (N.C. 1990); *see also Monson v. Paramount Homes, Inc.*, 515 S.E.2d 445, 449 (N.C. Ct. App. 1999) ("While equitable doctrines may toll statutes of limitation, they do not toll substantive rights created by

---

[2] In addition to the reasons discussed in the text, Plaintiffs' amendments alleging fraudulent concealment fail for the same reasons that the Court articulated in its existing Order rejecting Plaintiffs' allegations of fraudulent concealment, *see* Dkt. 15907, and that Cook set out again in its Renewed Motion for Partial Dismissal of Claim of Fraudulent Concealment (Dkt. 18314): Plaintiff has failed to plead that Cook committed any affirmative act to prevent her from discovering her cause of action against it, and Plaintiff has failed to plead the circumstances of the alleged fraudulent concealment with particularity.

2

the statute of repose."); *State ex rel. Long v. Petree Stockton, L.L.P.*, 499 S.E.2d 790, 798 (N.C. Ct. App. 1998) ("equitable doctrines do not toll the statute of repose"); *Cacha v Montaco, Inc.*, 554 S.E.2d 388, 392-93 (N.C. Ct. App. 2001) (applying *Monson* and *Long* holdings). North Carolina law on this issue follows the general rule that fraudulent concealment or similar equitable doctrines do not "appl[y] to statutes of repose 'absent express [statutory] language to the contrary.'" *Cortez v. Cook, Inc.*, ___ F.4th___, 2022 WL 611490, at *3 (7th Cir. Mar. 2022) (quoting *Blackford v. Welborn Clinic*, 172 N.E.3d 1219, 1229 (Ind. 2021)).

Plaintiff's reliance on *White* and *Duke Univ.* is misplaced because these were not product liability cases and they addressed the statute of limitations, not the statute of repose. *See White v. Consol. Planning, Inc.*, 603 N.E.2d 147, 164-65 (N.C. Ct. App. 2004); *Duke Univ. v. Stainbeck*, 357 S.E.2d 690, 693 (N.C. 1987).

Moreover, even if equitable tolling were a cognizable exception, Plaintiff would be required to demonstrate "(1) that [he] exercised due diligence to discover [his] cause of action before the limitations period ran; and (2) that the defendant committed an affirmative act of fraudulent concealment to frustrate discovery despite due diligence." *Orsi v. Kirkwood*, 999 F.2d 86, 89 (4th Cir. 1993); *see also Carter v. Bank of Am., N.A.*, 2015 WL 3618536, at *4 (W.D.N.C. June 9, 2015). The allegations of fraudulent concealment in Plaintiff's Amended Complaint are premised on various alleged failures by the Cook Defendants to provide pertinent data to physicians. *See generally* Dkt. 17494. None of the supplemental allegations in Plaintiff's amended pleading identify an "affirmative act" on Cook's part that would have frustrated or prevented Plaintiff's discovery of her cause of action. Nor can Plaintiff make such an allegation, because Cook was in no position to discover Plaintiff's alleged injuries before him and to somehow hide the existence of that cause of action from him.

3

For the foregoing reasons, Plaintiff's claim should be dismissed with prejudice.

Respectfully submitted,

Dated:  April 27, 2022

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2022, a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT IN PLAINTIFF BLAKE NEWTON'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*