IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTSLIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff : Robert R. Cunningham
Civil Case # 1:16-cv-1986

### PLAINTIFF'S SURREPLY TO DEFENDANT COOKS' REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO CMO-28

**A.   Cook's Arguments Regarding the Merits of Plaintiff's Factual Allegations In the Pleadings Reveals that Material Facts are in Dispute and Therefore Dismissal is Inappropriate.**

Cook is seeking a 12[c] dismissal on the pleadings pursuant to CMO 28.  When a party moves for judgment on the pleadings pursuant to Rule 12[c], the factual allegations of the complaint are taken as true. *Lackey v. Depuy Orthopaedics, Inc*., 5:10-cv-00030-RLV-DSC at *2-3[W.D.N.C. July 14, 2011] [*quoting Erickson v. Pardus*, 551 U.S. 89,94 [2007] [per curiam]].  All reasonable inferences must be drawn in favor of the nonmovant. *Wagner v. Teva Pharm. USA., Inc*., 840 F.3d. 355,358 [7th Cir. 2016].

Plaintiff's amended short form complaint alleges facts that when taken as true, establish that Cook warranted that its Celect IVC filter was safe for "permanent" implantation, Plaintiff was told the device was safe for "permanent" implantation by his physician; that warranty was breached because the Celect filter was defective, causing plaintiff permanent physical injuries. *See* Amended Short Form Complaint, Dkt. 57-1, at ¶ 14-15.

In addition, because Plaintiff attached Cook's own documents supporting Plaintiff's express warranty claims made in his complaint, Cook claims that this motion is now converted to one of Summary Judgment with its correlating evidentiary obligations.

However, Plaintiff submitted additional documents as attachments to his Response in support of his breach of Express and Implied Warranty allegations previously made in his Amended Short Form Complaint, Dkt. 57-1, at ¶ 14-15. In deciding a 12[c] motion, the court may consider materials attached to or *referenced in the pleadings*. [*See Williams v. McMahon,* No. 5:16-CT-3255-BO, at *5 [E.D.N.C. March 12, 2018] [citations omitted].

A Rule12[c] motion is designed to dispose of cases where the material facts are not in dispute. *Id.* Here, Cook's Reply motion argues the merits of plaintiff's factual allegations, providing additional support that the material facts are in dispute and should not be subject to a Rule 12[c] motion to dismiss. Cooks' factual arguments only serve to highlight the disputed issues of fact regarding Plaintiff's breach of warranty claims and latent disease waiver of the statute of repose ["SOR"] that exist outside the confines of its motion under Rule 12[c]. A list of the disputed issues of fact raised by Cook's reply is attached hereto as Exhibit A. Nonetheless, Plaintiff will address Cooks new factual and legal arguments in the context of the pending motion and demonstrate they are wholly without merit; factual issues are in dispute and therefore, the motion on the pleadings pursuant to CMO 28 should be denied.

B. **The Latent Disease Exception to the SOR Applies to Plaintiff's Claims Because [1] the injury does not occur at the date of insertion but develops over years of continued exposure in the body, [2] it is impossible to determine the exact date or first point in time at which the device failed and injured the plaintiff, and [3] the plaintiff is usually asymptomatic or has vague symptoms until the IVCF injury is discovered by a radiograph showing device failure, perforation, fracture and/or migration/embolization.**

*Taber's Medical Dictionary*[1] defines disease as:

> A condition marked by subjective complaints, a specific history, clinical signs and symptoms, and laboratory or radiographic findings. Disease and illness differ in that

---

[1] Tabers Medical Dictionary online. Disease. Retrieved March 28, 2022, from https://www.tabers.com/tabersonline/view/Tabers-Dictionary/731878/all/disease.

disease is usually objective and tangible or measurable, whereas illness (and associated pain, suffering, or distress) is subjective and personal. *Thus, a person may have a serious but symptom-free disease (such as hypertension) without illness [emphasis].* Conversely, a person may be extremely ill (such as with posttraumatic stress disorder) but have no obvious evidence of disease.

**Miriam Webster** dictionary defines disease as: a "condition of the living animal or plant body or of one of its parts that impairs normal functioning and is typically manifested by distinguishing signs and symptoms."[2]

In the majority of IVCF cases, the plaintiff may or may not have subjective complaints [similar to asymptomatic hypertensive disease], but all will have a specific history of insertion of the IVCF. Here, plaintiff's Celect IVCF device was inserted on November 25, 2008.[3] Years later plaintiff developed symptoms of venous insufficiency with IVC contracture likely related to his IVC filter, prior to being diagnosed with IVC filter fracture.[4] Seven years later, in 2015, the patient develops clinical signs of injury [venous insufficiency] with objective, radiographic findings of the filter causing constrictions in his IVC, perforating the IVC and fracture of one of the struts.[5] These are objective, documentable signs of defect and injury.[6] Cooks' own documents and future expert testimony will reveal that with every beat of our client's heart, the Celect IVC filter is exposed to a high pressure blood flow gradient that over time, due to the filters defective design, causes tilt, fracture, migration and latent injuries. The filter caused injury is usually not diagnosed until a radiograph of that general area of the body is taken, usually for another, unrelated reason.

---

[2] *Miriam Webster*.[n.d.] Disease. In *Miriam-Webster.com* dictionary. Retrieved March 28, 2022, from https://www.merriam-webster.com/dictionary/disease.
[3] See 1st Amended Complaint, Dkt 57-1, No. 11.
[4] See Pl.'s Am. Compl., Dkt. 21377, No. 15[C-D].
[5] *Id.*
[6] See Operative Report by Drs Mitchell W. Cox, MD and the second note by Ryan S. Turley, MD, dated June 28, 2016, documented in 1st Amended Complaint, Dkt 57-1, No. 15[B].

Again, this type of analysis calls for further discovery, including expert testimony, not obtained at this initial pleading stage of the litigation. The only available information on this issue comes from the plaintiff's medical records and filed pleadings.

**B.1. Cooks' Celect Filter Qualifies Under the Latent Disease Exception Under North Carolina Law.**

Cooks' arguments ignore the *Bullard* and *Patterson* cases where North Carolina courts held that the "latent disease" exception applies to medical devices,[7] not just exposure to hazardous substances. Additionally, the *Cramer* court defined a "true latent disease" as one that "develops within the body over an extended time period before manifesting any symptoms," making it "difficult, if not impossible, to determine the first point at which the plaintiff was first 'injured.'" [*See Cramer v. Ethicon, Inc.*, 2021 WL 243872 at *5]. Moreover, North Carolina has recognized that diseases can be 'the result [not]of a single incident but rather of prolonged exposure to hazardous conditions of a disease causing agent." *See Booker v. Duke Med. Ctr.*, 297 N.C. 458, 256 S.E.2d 189,204 [1979]. The Court *In re Paraquat Prods. Liab. Litig.*, MDL 3004 [S.D.Ill. Feb. 14, 2022] noted that disease claims are different than injury claims, in that

> "[I]t is impossible to identify any particular exposure as the "first injury". Indeed, one or even multiple exposures to an offending substance in these kinds of diseases many not constitute an injury. The first identifiable injury occurs when the disease is diagnosed as such, and at that time it is no longer latent. *Id.* at 70.

The objective "signs" and subjective "symptoms" of an embedded, perforated, migrated, or fractured filter are not easily recognized or diagnosed in real time and occur over time, usually years later. Additionally, the symptoms are often associated with another disease or ailment which may or may not be related to the filter. Similar to the diseases in *Bullard, Patterson, and*

---

[7] *Bullard v. Dalkon Shield Claimants Trust*, 74 F.3d 531 [4th Cir. 1996], *Patterson v. McKinley Medical, L.L.C.,* No 5:09-CV-308-BR, *4 [E.D.N.C. Mar.30,2011]

*Paraquat,* neither the cause of nor the symptoms related to Plaintiff's injury have a definitive start date.

Here, the insertion is not the date of the injury but is the start of the daily, chronic exposure. The injury-exposure occurs years later, after the cardiovascular systems blood flow pressure forces had time to work on dismantling the filter, changing its physical placement and configuration. Therefore, the injury occurs after thousands of daily exposures of the filter to the body's blood flow pressure forces. Plaintiff's symptoms included vague symptoms of venous insufficiency which can also be attributed to many different diseases or ailments. These are unlike the symptoms of bladder or urinary tract infections related to device implanted in *Cramer*. Plaintiff's Celect filter caused objective injuries of perforation, fracture, IVC constriction which occurred over a seven year time period but were not diagnosed until 2015 when an MRI was taken of that area for back pain and the Celect defects were observed and reported.[8] Therefore, the facts presented here meet the elements of a latent disease and the latent disease exception should apply.

Cook's reliance on and statement that *Klein* is controlling law is misguided. The Seventh Circuit abrogated its holding in *Klein* in *Knauf Insulation, Inc. v. S. Brands, Inc.*, 820 F.3d 904 [7th Cir.2016]. The *Knauf* court did not mince words finding that the Supreme Court decision in *Menominiee* superseded the holding in *Klein* that a statute of repose serves as an "unyielding and

---

[8] Cooks' position is that the SOR runs from the date the filter was implanted. Plaintiff's notice of device injury was revealed on a MRI of Plaintiff's back for back pain in 2015, which noted filter prong fracture, perforation and a subsequent CT of the abdomen on April 15, 2016 noted the above with an abrupt narrowing of the IVC in the area of the filter that was likely a sequelae of chronic contraction.[See 1st Amended Complaint, Dkt 57-1, No. 15[A-B]].

absolute barrier to a cause of action" regardless of when it accrues. *Id*. at 909. Thus, *Klein* does not operate to bar the latent disease exception, is not good law and is not binding on this Court.[9]

Respectfully, due to the early stage of this case, at a bare minimum, the plaintiff deserves to present this issue to a federal district court, sitting in North Carolina, after further discovery on this issue is taken and give that court the opportunity to answer whether an implanted IVC filter causing Plaintiff's injuries eight years later constitutes a disease under the disease exception defined in *Hyer*.

C. **Plaintiff's Claims for Breach of Express Warranty are Based on Contract and Not Subsumed into Plaintiff's Product Liability Claims.**

Plaintiff's breach of warranty allegations are based on contract—not product liability as incorrectly claimed by Cook. "A warranty,express or implied, is contractual in nature." *Level at 401 LP v. First Co.*, No. 5:20-cv-00085-M, at *5 [E.D.N.C. July 20, 2020][*quoting Wyatt v. N.C. Equip., Co.*, 117 S.E.2d 21, 24 [1960]].

D. **Cook's Warranty That Its Celect IVC filter Is Safe as a "Permanent" Filter Precludes Entry of Judgment on the Pleadings; and Plaintiff Has Produced Sufficient Facts To Show That Plaintiff Relied Upon Cook's Representations.**

Cook fails to provide any facts or legal authority supporting its conclusion that its affirmations in product brochures and patient guidelines that its filter is recommended as a "permanent" filter, [i.e. would last a lifetime and certainly greater than six year SOR], cannot operate as warranties as a matter of law. Instead, Cook attempts to make excuses that they warned about other adverse effects, that there was no twenty page warranty agreement signed by

---

[9] Furthermore, *Cramer* and *Klein* are not in full agreement as Cook suggests. In *Klein* the court [incorrectly]held that there was no disease exception to the SOR. *Klein v. DePuy, Inc.,* 506 F.3d 553,557-59 [7th Cir. 2007]. While the court in *Cramer* acknowledged the Fourth Circuit [correctly] followed the reasoning of *Wilder* to apply a latent disease exception to the statute of repose. *Cramer v. Ethicon, Inc.,* No. 1:20-CV-95-MOC-WCM, 2021 WL 243872, at *5 [W.D.N.C. Jan 25, 2021]

the Plaintiff, and they attempt to explain away their representations that this was a "permanent" filter. In contrast, other courts have found that a device manufacturer's representation that their device is a "permanent" implant are sufficient to establish a warranty that extends to future performance. *See Goodling v. Johnson & Johnson,* No. 4:21-CV-00082, 2022 WL 414285, at *12 [M.D. Pa. Feb. 10, 2022][ Johnson & Johnson's representations that their "pelvic mesh implant" is "a permanent implant" that "would not need to be removed," are warranties that extend to future performance].

Here, plaintiff discussed the filter with his doctor, including the representations and warranties that the filter is safe and effective as a "permanent" filter and relied on these representations and warranties.[10] Plaintiff relied on his implanting physician's information regarding the safety, efficacy and permanency of Cook's Celect filter, as evidenced by Cook's marketing representations.[11] Cook attempts to wiggle out of their warranty representations by claiming Plaintiff lacks evidence of reliance, and the evidence presented is insufficient. This is yet another example of Cook arguing the facts and supporting plaintiff's argument that this issue is not ripe for adjudication and is premature because more discovery is needed.

Plaintiff's reliance formed the "basis of the bargain" in deciding to have the filter implanted.[12] Additionally, reliance on his doctor's medical judgment alone creates a presumption that the manufacturer's representations, which formed the basis of the doctor's medical judgment, are part of the basis of the bargain. *Felan v. Bos. Scientific Corp.*, 2015 WL 2137180, at *11 [S.D.W.Va May 7, 2015][applying North Carolina law]. Cook violated these

---

[10] These allegations must be taken as true and construed in Plaintiff's favor and are "specific enough" at the pleading stage. *Jones v. BMW of North America, LLC,* 2020 WL 5752808, *16-17 [M.D.N.C. Sep. 25, 2020].
[11] Pl.'s Am. Compl., Dkt. 21377, No. 15[C].
[12] *Id.*

warranties because the filter is defective and not safe and effective as a "permanent" filter, causing injuries to Plaintiff by perforating his IVC, fracturing, breaking off and a portion could not be removed along with causing constriction of his IVC causing symptoms of venous insufficiency. Cook warranted its product for a period exceeding the SOR period when it advertised and represented the filter as a safe and effective "permanent" filter to gain a competitive edge and induce physicians and patients to choose its filter.  Ultimately, the question of "whether an express warranty existed and was breached is one for the jury". *City of High Point v. Suez Treatment Sols.*, 485 F.Supp.3d 608 [M.D.N.C. 2020].  Cook "bargained away" the benefits of the SOR defense and may not rely on it now to defeat Plaintiff's claims. *Christie,* 766 S.E.2d at 288 ["A warranty that a seller knows is unenforceable is a sham, useful only to beguile the unsuspecting."].

     For all the reasons set forth above and in Plaintiff's response, Cooks' motion to dismiss should be denied.

Date:  March 30, 2022          Respectfully submitted,

**THE DUDLEY LAW FIRM, LLC**

By: */s/ Elizabeth Dudley*
Elizabeth Dudley [KS Bar No. 21582] [admitted *pro hac vice*]
**The Dudley Law Firm, LLC**
23438 SW Pilot Point Rd
Douglass, Ks  67039
[316] 746-3969 [office]
[316] 854-5638 [fax]
Liz@lizdudleylaw.com
***Attorney for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2022, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to the CM/ECF participants registered to receive service in this matter. Parties may access the filing through the Court's system.

/ s/ Elizabeth Dudley