UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                    No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                     MDL No. 2570

_____

This Document Relates to the Following Case:

Tina Garrison, 1:16-cv-02462

_____

**ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiffs' case. Specifically, they argue Plaintiff's negligence, negligence per se, strict products liability,[2] and implied warranty claims are time-barred, her consumer protection and express warranty claims are not adequately pled, and, because she has no other viable claims, her punitive damages, intentional infliction of emotional distress, and negligent infliction of emotional distress claims fail as well. As an attachment to Plaintiff's Response, she filed her own affidavit. The court may consider this affidavit without converting this motion to one for summary judgment "for the limited purpose of assessing whether [Plaintiff] seeks to present specific controverted material factual

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.
[2] In addition to design defect and failure to warn claims, Plaintiff also asserts a manufacturing defect claim.

1

issues." *Federated Mut. Ins. Co. v. Coyle Mechanical Supply, Inc.*, 983 F.3d 307, 314-15 (7th Cir. 2020) (on appeal of insurer's motion for judgment on the pleadings, appellate court considered deposition testimony submitted by non-movant for this limited purpose); *see also Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (noting a "party opposing a Rule 12(b)(6) motion may submit materials outside the pleadings to illustrate the facts the party expects to be able to prove").

The court, having read and reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion should be **GRANTED**.

## I. Background

Plaintiff, an Alabama resident, was implanted with a Gunther Tulip Mreye Vena Cava Filter on September 12, 2008, at UAB Hospital in Birmingham, Alabama. (Filing No. 53, Am. Short Form Compl. in 1:16-cv-02462, ¶¶ 4-6, 10-12). On December 10, 2008, Plaintiff presented to the hospital to have the filter removed. (Filing No. 17980, Medical Record). Because the filter had become embedded into the wall of Plaintiff's vena cava, attempts to retrieve the filter were unsuccessful. (*Id.* at 1; *see also id.* at 2 ("With various combinations of sheath and different catheter type techniques, attempts were made to dislodge the filter from its location which were unsuccessful.")). Plaintiff's physician decided to leave the filter in place as a permanent filter. (*Id.* at 2).

Plaintiff was never told by Cook or her physician that her IVC filter could become embedded into the wall of her vena cava such that it could not be removed. (Filing No. 50-1 in 1:16-cv-02462, Pl.'s Aff., ¶ 2). "The first time [she] learned the reason for the failed removal attempt could have been from the defective design of the IVC filter was in

2

the early fall of 2015." (*Id.*).

Plaintiff filed the present action against the Cook Defendants on September 15, 2016. Plaintiff's claimed injury is a failed retrieval. (Filing No. 18630, Case Categorization Form at 2).

## II. Discussion

Under Alabama law, the statute of limitations for personal injury claims is two years. Ala. Code § 6-2-38(l). Alabama's discovery rule "applies only to fraud actions . . . and cases involving the fraudulent concealment of the existence of a cause of action." *Utilities Bd. of City of Opp v. Shuler Bros., Inc.*, 138 So.3d 287, 292-93 (Ala. 2013). To fall within the discovery rule, Ala. Code § 6-2-3, the "complaint must allege the time and circumstances of the discovery of the cause of action." *DGB, LLC v. Hinds*, 55 So.3d 218, 226 (Ala. 2010). "The complaint must also allege the facts or circumstances by which the defendants concealed the cause of action or injury and what prevented the plaintiff from discovering the facts surrounding the injury." *Id.* Plaintiff bears the burden of showing her personal injury claims fall within the savings clause of § 6-2-3. *Id.*

Plaintiff's Amended Short Form Complaint alleges that Cook was aware of the Tulip filter's high incidence of perforation, lack of efficacy, and risk of embedment, but concealed this information from Plaintiff and her physician. (*See, e.g.*, Filing No. 54 in 1:16-cv-02462, Fraudulent Concealment Allegations ¶¶ 6, 7, 12, 13, 22, 23, 28-32). Plaintiff only learned that the filter's design could have contributed to her failed retrieval in the fall of 2015. (Plaintiff Aff., ¶ 3). But Plaintiff does not explain how she learned of

3

the filter's alleged defective design and its causal connection to her claimed injury; she does not explain how Cook's alleged pre-placement concealment of information on perforation, filter efficacy, and embedment prevented her from discovering her cause of action based on the filter's irretrievability; and she does not allege that Cook knew of her injury or took any affirmative steps to conceal her cause of action from her. *See, e.g.*, *Miller v. Mobile Cnty. Bd. of Health*, 409 So.2d 420, 422 (Ala. 1981) (affirming dismissal based on statute of limitations where "[t]he complaint fails to allege any of the facts or circumstances by which the appellees concealed the cause of action or injury"). Therefore, Plaintiff is not entitled to the benefit of Alabama's discovery rule. Plaintiff's personal injury claims based on negligence and strict products liability are therefore time-barred.

    Plaintiff did not respond to Cook's arguments with respect to her breach of implied and express warranty claims, punitive damages claim, and intentional and negligent infliction of emotional distress claims. Plaintiff's failure to respond to Cook's arguments constitutes forfeiture or waiver of those claims. *See Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018) (Barrett, J.) ("[A] district court may hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss."); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver.").

### III.    Conclusion

The Cook Defendants' Motion for Judgment (Filing No. 17979) is **GRANTED**.

**SO ORDERED** this 4th day of May 2022.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.