UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                   No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                     MDL No. 2570

_____

This Document Relates to the Following Case:

Jerri and Jimmy White, 1:18-cv-00101

_____

**ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiffs' case. Specifically, they argue Mrs. White's negligence, negligence per se, strict products liability,[2] and implied warranty claims are time-barred, her consumer protection and express warranty claims are not adequately pled, and, because Mrs. White has no other viable claims, her punitive damages claim and Mr. White's loss of consortium claim cannot proceed. The court, having read and reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion should be **GRANTED**.

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

[2] In ¶ 14 of Plaintiffs' Amended Short Form Complaint, entitled "Counts in the Master Complaint brought by Plaintiff(s)," Plaintiffs checked the boxes entitled "Other: Manufacturing defect" and "Other: Intentional and Negligent Infliction of Emotional Distress." It is not clear whether the emotional distress claims are brought by Mr. White or Mrs. White. Perhaps due to oversight, the Cook Defendants did not move for judgment on Plaintiffs' emotional distress claims.

1

I. Background

Plaintiff, an Alabama resident, was implanted with a Celect Vena Cava Filter on October 5, 2010, at UAB Hospital in Birmingham, Alabama. (Filing No. 17 in 1:18-cv-00101, Am. Short Form Compl. ¶¶ 4-6, 10-12). She presented to the hospital on February 18, 2011, to have it removed. (Filing No. 18040, Medical Record). After her physician made numerous attempts to snare the tip of the filter, the procedure was aborted. (*Id.* at 2). Mrs. White was "informed of the inability to retrieve the filter shortly thereafter." (*Id.*).

Mrs. White filed the present action against the Cook Defendants on January 12, 2018. Her claimed injury is a failed retrieval. (Filing No. 18634, Case Categorization Form at 1-2).

II. Discussion

Under Alabama law, the statute of limitations for personal injury claims is two years. Ala. Code § 6-2-38(l). Alabama's discovery rule "applies only to fraud actions . . . and cases involving the fraudulent concealment of the existence of a cause of action." *Utilities Bd. of City of Opp v. Shuler Bros., Inc.*, 138 So.3d 287, 292-93 (Ala. 2013). To fall within the discovery rule, Ala. Code § 6-2-3, the "complaint must allege the time and circumstances of the discovery of the cause of action." *DGB, LLC v. Hinds*, 55 So.3d 218, 226 (Ala. 2010). "The complaint must also allege the facts or circumstances by which the defendants concealed the cause of action or injury and what prevented the plaintiff from discovering the facts surrounding the injury." *Id.* Plaintiffs bear the burden of showing they fall within § 6-2-3. *Id.*

2

Plaintiffs' Amended Short Form Complaint alleges that Cook was aware of the Celect filter's high incidence of perforation, lack of efficacy, and risk of embedment, but concealed this information from Mrs. White and her physician. (*See, e.g.*, Filing No. 18, Fraudulent Concealment Allegations ¶¶ 22, 24, 36, 37, 40, 44). Her Complaint, however, does not state the time or circumstances of Mrs. White's discovery of her cause of action, it does not explain how Cook's alleged pre-placement concealment of information on perforation, filter efficacy, and embedment prevented her from discovering her cause of action based on the filter's irretrievability, and it does not allege that Cook knew of her injury or took any affirmative steps to conceal her cause of action from her. *See, e.g., Miller v. Mobile Cnty. Bd. of Health*, 409 So.2d 420, 422 (Ala. 1981) (affirming dismissal based on statute of limitations where "[t]he complaint fails to allege any of the facts or circumstances by which the appellees concealed the cause of action or injury"). Consequently, Mrs. White is not entitled to the benefit of Alabama's discovery rule. Mrs. White's personal injury claims based on negligence and strict products liability are therefore time-barred.

Plaintiffs did not respond to Cook's arguments with respect to Mrs. White's breach of implied and express warranty claims, punitive damages claim, and Mr. White's loss of consortium claim. Plaintiffs' failure to respond to Cook's arguments constitutes forfeiture or waiver of those claims. *See Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018) (Barrett, J.) ("[A] district court may hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss."); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results

3

in waiver."). Plaintiffs' intentional and negligent infliction of emotional distress claims remain outstanding.

### III.  Conclusion

The Cook Defendants' Motion for Judgment (Filing No. 18039) is **GRANTED**. But because the Cook Defendants did not move for judgment on Plaintiffs' intentional and negligent infliction of emotional distress claims, those claims remain outstanding.

**SO ORDERED** this 10th day of May 2022.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.