UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES, AND
PRODUCT LIABILITY LITIGATION

Case No: 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to All Actions

**COOK DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO
EXTEND THE DEADLINE FOR COMPLIANCE WITH CMO 30 – SCREENING
ORDER FOR SYMPTOMATIC PERFORATION**

The Cook Defendants urge the Court to deny the Plaintiffs' Steering Committee's ("PSC")

motion for an additional 90 days, until August 26, 2022, to comply with the Court's Case

Management Order 30.

Cook and the Court are committed to making significant progress in this MDL in 2022.

When the Court took steps to compel such progress in February 2022, Plaintiffs reacted by seeking

further delays and by threatening to challenge the Court's entry of CMO 30.  Setting aside the fact

that Cook first proposed CMO 30 in November 2021 (seven months ago), the PSC now claims that

Plaintiffs need ***five months*** simply to identify the basic medical evidence that supports their claims

of symptomatic perforation.  Such a prolonged delay would serve only to further stall the progress

of this MDL.

The Court should deny the PSC's motion for three reasons:

1.  Contrary to the PSC's assertion, CMO 30 makes no "new interpretation" of what

    constitutes a level 7(e) categorization under the Court's previous orders, Dkts. 9322,

9638, and 10617.  CMO 30 merely requires Plaintiffs to confirm that they have actually provided medical records to support the categorization they have already made.

2.   Contrary to the PSC's assertion, Plaintiff who claim to be in Category 7(e) have *always* needed to have documentation of some actual medical injury, both under this Court's Orders and under Rule 11.

3.   The PSC offers only a vague assertion and no documentation that MDL Plaintiffs *actually* need more time to comply with CMO 30.  In reality, a substantial number of Plaintiffs have already complied with CMO 30's confirmation requirement, well before the existing deadline, and other Plaintiffs are fully capable of doing so.

Cook wishes to be reasonable, and its attorneys have told the PSC that Cook does not object to a 30-day extension of the CMO 30 deadline, until June 27, 2022.  *See* Declaration of Jessica Benson Cox ("Cox Decl."), attached as Exhibit 1, at ¶ 3.  But a wholesale, MDL-wide extension of 90 days for compliance with CMO 30 is unjustified and would slow the progress of this MDL.  The Court should reject the 90-day extension.

### 1.   CMO 30 Does Not Involve a "New Interpretation" of Category 7.

The PSC is mistaken in asserting that "CMO 30…provides a new interpretation of what evidence is needed to support a level 7(e) categorization."  Dkt. 21930 at 2.  CMO 30 makes no "new interpretation" of Category 7(e).  Category 7(e) cases are—and have always been— "Symptomatic Injury Cases," *see* Dkt. 9638, "where the Plaintiff alleges medical ***symptoms, conditions, or complications caused by*** one or more of the following conditions," including "penetration or perforation."  *Id*. at 3-4 (emphasis added).  CMO 30 merely restates this definition, confirming that "cases in Category 7(e) are intended to be 'symptomatic' cases, *i.e.,* cases where the protrusion has caused a present physical impairment or physical harm."  *See* Dkt. 21704 at 2.  Thus,

both under the original categorization order and CMO 30, a level 7(e) categorization has always required *both* (1) a perforation or penetration of a strut or anchor 3 mm or more outside of the IVC wall, *and* (2) a symptomatic injury resulting from that perforation or penetration.  Dkts. 9638-1 at 3-4; 21704 at 2.[1]  CMO 30 presents no "new interpretation" of category 7(e).

The PSC's assertion that it is "currently engaged in talks with Cook's counsel trying to better define the terms of CMO 30 and what 'evidence' will satisfy Section 7(e)," (Dkt. 21930 at 3) overstates those discussion considerably.  The only topic on which Cook has been actively negotiating with the PSC with respect to CMO 30 concerns whether CMO 30's certification is necessary where medical records show that a strut or anchor has not only penetrated out of the IVC but has *also* penetrated *into* another organ.  Cook agrees that Plaintiffs in that situation need not provide any additional certification or supplementation under CMO 30, and that agreement is reflected in the proposed Order Cook has attached to this response as Exhibit 2.  *See also* Cox Decl., Ex. 1, at ¶ 4. Although the PSC has proposed a rewritten version of CMO 30, that version (in Cook's view) would gut the CMO, and Cook is not engaged in any further negotiations regarding that proposed rewrite or the alteration of any other aspects of CMO 30.  *See* Cox Decl., Ex. 1, at ¶ 5.

### 2. CMO 30 Does Not Involve "New" Evidence to Support Placement in Category 7, Only Confirmation of the Evidence Plaintiffs Should Already Have.

The PSC is also mistaken in claiming that CMO 30 imposes new burdens on them to support their Category 7(e) categorizations.  The only documentation CMO 30 requires is documentation that Plaintiffs and their attorneys should have had all along.

As noted above, to categorize a Plaintiff's claim under Category 7(e), the claim must involve a

---

[1] As this Court has noted, no party or expert witness in this MDL has claimed that filter protrusion less than 3 mm is a legally cognizable injury or a "perforation."  Category 7(e)'s definition of Penetration or Perforation is thus consistent with the testimony of Plaintiffs' expert witnesses in the MDL.  *See* Dkt. 8591 at 15; *see also* Deposition Testimony of Dr. Gregory Gordon, January 4, 2018, 124:19-23; Dr. David Kessler, June 30, 2017, 265:3-16; and Trial Testimony of Dr. Harlan Krumholz, Brand Trial,396:12-17.

3-plus millimeter perforation with resulting symptomatic injury.  Dkts. 9638-1 at 3-4; 21704 at 2.  By executing the categorization form designating Category 7(e), each Plaintiff's attorney certified that the medical records available to the attorney, and specifically the medical records submitted with the categorization form, support that categorization (*i.e.*, 3-plus millimeter perforation with resulting symptomatic injury).  The certification language on the categorization form states:

> Certification: The undersigned counsel affirms that ***the categorization is based on a review of the available medical records*** including imaging records and reports. The submission of the specific medical record(s) attached, and submission of this form, are counsel's certification that ***the outcome, complication, or injury represented in Section D is the proper categorization for Plaintiff's case*** to the best of counsel's knowledge and belief.

Dkt. 9638-1 at 4 (emphasis added).  In other words, to submit a 7(e) categorization in the first place, a Plaintiff's attorney was *already* required to have sufficient medical documentation to support the claim that that Plaintiff had a perforation of over 3 mm that resulted in a symptomatic injury.  All that CMO 30 requires is that Plaintiffs' attorneys certify that they have actually produced the medical records supporting such a claim to Cook, as the original categorization order required.   If the Plaintiffs' attorneys properly verified and certified their original 7(e) categorizations, then they already have the necessary records, and can either produce them or certify that they have already done so.  If the Plaintiffs' attorney does ***not*** have such supporting records, then that attorney has already been out of compliance with this Court's CMOs for over three years, and the Court should not indulge such noncompliance with any additional delay.

In addition, Plaintiffs' attorneys should of course have obtained documentation of their clients' symptomatic injuries even *before* the categorization process, as part of their original evaluation of whether to bring these cases.  Under Rule 11, an attorney who signs a complaint "certifies that, to the best of the [attorney's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,…the factual contentions have evidentiary support."  Fed.

R. Civ. P. 11(b)(3).  Here, through their Rule 11 signatures on their clients' complaints alleging injuries, Plaintiffs' attorneys certified that their reasonable inquiries had produced evidentiary support for those claims of injury.  After all "[i]t is a fundamental principle of tort law that there is no tort without a harm […] and so until the harm occurs, the tort hasn't occurred." *Fogel v. Zell*, 221 F.3d 955, 960 (7th Cir. 2000); *see also In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1017 (7th Cir. 2002) ("No injury, no tort, is an ingredient of every state's law.")  Indeed, this Court has already ruled that asymptomatic conditions without physical impairment or detriment to health are not legally cognizable injuries.  *See* Dkt. 20031 ("[N]either Sykes nor Parton have brought forth evidence showing that their asymptomatic perforations have caused any present physical impairment or detriment to their health.").  Thus, even before the categorization process, Plaintiffs' attorneys were required to have some evidentiary basis for claiming that the Plaintiffs had suffered injuries.  For the category 7(e) Plaintiffs at issue here, that evidence would necessarily have demonstrated that the Plaintiffs had experienced perforations of over 3 millimeters with resulting symptomatic injury.[2]  Again, CMO 30 merely directs those attorneys to certified that they have provided Cook with that evidence as the Court's previous orders required.

CMO 30 thus does not require "more medical records" or "expert review," as the PSC suggests.  Dkt. 21930 at 2, 3.  CMO 30 merely requires Plaintiffs to certify that they have complied with the Court's order and Rule 11 by "**review[ing]** the medical evidence submitted with his/her Case Categorization Form and **confirm[ing]** he/she has provided [applicable evidentiary support]."  Dkt. 21704 at 2 (emphasis added).  Nothing in CMO 30 justifies an additional 90-day delay.

---

[2] Cases in which Plaintiffs did not experience perforations of three or more millimeters should not have been filed, while cases in which Plaintiffs experienced perforations of three millimeters or more but *without* a physical symptom should not have been designated in category 7(e).

**3.  The Plaintiffs' Steering Committee Has Failed to Demonstrate that Plaintiffs Need Additional Time to Comply with CMO 30, and the Facts Show They Do Not.**

Finally, even assuming for the sake of argument that CMO 30 required Plaintiffs' attorneys to provide new information or documentation beyond what they should already have had in hand, the PSC's motion offers the Court no reason to conclude that most Plaintiffs' attorneys *actually* need any more than the 60 days already provided by CMO 30 to provide the required confirmation and documentation.  The PSC baldly asserts that 60 days is insufficient and that "more time is needed by those counsel who represent multiple Plaintiffs," *see* Dkt. 21930 at 3, but it provides neither details of this supposed need nor factual support for the assertion.  The PSC offers no declaration suggesting that CMO 30's requirement that Plaintiffs' attorneys review Category submissions and confirm compliance actually imposes an undue burden on Plaintiffs' attorneys generally, or that meeting the requirement will take most Plaintiffs' attorneys more than the allotted 60 days.  The PSC's motion also does not describe what efforts (if any) Plaintiffs' attorneys have made to try to comply with CMO 30 in the month since the Court issued the Order. Indeed, the PSC's motion does not even claim that the PSC has communicated with other Plaintiffs' attorneys on this issue, much less that those attorneys have said that they will have difficulty meeting the existing deadline.

In reality, a substantial number of Plaintiffs' attorneys seem to be having no difficulty at all in timely complying with the requirements of CMO 30.  As of the date of this filing, Plaintiffs' counsel have already begun to send in certifications or supplemental materials in support of their 7(e) claims.  *See* Cox Decl., Ex. 1, at ¶ 6.  Even Plaintiffs' own motion backhandedly concedes that at least some Plaintiffs will have no trouble with the 60-day deadline, and thus that no blanket extension is needed.  *See* Dkt. 21930 at 3 ("***For many Plaintiffs***, 60 days does not provide sufficient time…") (emphasis added).

In the absence of any factual showing that any Plaintiffs actually need more than the allotted 60 days to comply with CMO 30, the PSC's requested 90-day extension seems less like an effort to address any actual problem and more like yet another attempt to delay the day of reckoning for Category 7(e) cases that lack even the most minimal factual support for their claims of injury.  The Court should deny the requested extension.

## CONCLUSION

The PSC request for an additional 90 days for Category 7(e) Plaintiffs to comply with CMO 30 is unjustified, and CMO 30's straightforward certification requirement will inconvenience only those Plaintiffs and attorneys who have not complied with the Court's previous orders.  Under those orders, any Plaintiff claiming a Category 7(e) status should already have in hand medical documentation supporting (1) a perforation or penetration of a strut or anchor 3 mm or more outside of the IVC wall, and (2) a symptomatic injury resulting from that perforation or penetration.  Dkts. 9638-1 at 3-4; 21704 at 2.  Cook urges the Court to deny the PSC's requested 90-day extension and to grant an extension of no more than 30 days, as reflected in the attached proposed order.

Respectfully submitted,

Dated:  May 10, 2022

/s/ Jessica Benson Cox
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2022, a copy of the foregoing **COOK DEFENDANTS'**

**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND THE**

**DEADLINE FOR COMPLIANCE WITH CMO 30 – SCREENING ORDER FOR**

**SYMPTOMATIC PERFORATION** was filed electronically, and notice of the filing of this

document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF

participants registered to receive service in this matter.  Parties may access this filing through the

Court's system.

*/s/ Jessica Benson Cox*