UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Case:

Kirk, Vickie, 1:17-cv-01813

**COOK DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF VICKIE KIRK'S CASE PURSUANT TO CMO-28**

Under Fed. R. Civ. P. 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges as her injury a failed IVC filter retrieval.

1. Plaintiff's Name: Vickie Kirk

2. Case Number: 1:17-cv-01813

3. Case Origin: Filed in the Southern District of Indiana on June 2, 2017

4. Plaintiff's Home State per Complaint: Arizona (Plaintiff's current residence, location of injury, and residence at time of filter placement).

5. Applicable Choice of Law Rules: Arizona

6. Applicable Statute of Limitations: Arizona (2 years), Ariz. Rev. Stat. Ann. § 12-542 ("[An action for personal injury] shall be commenced and prosecuted within two years after the cause of action accrues, and not afterward . . . .").

7. Filter Placement Date: February 13, 2014

8. Latest Possible Date of Accrual: June 10, 2014 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting: "Unable to free the hook to retrieve the filter.").[1]

---

[1] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion. *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").

9.  <u>Length of Time Between Claim Accrual and Filing</u>:  2 years, 11 months, 23 days

Arizona law bars Plaintiff's personal injury claims because she filed her case more than two years after an unsuccessful attempt to remove her filter.  *See supra*, ¶¶ 3, 8-9.  Under Arizona's discovery rule, the statute of limitations begins to run when a plaintiff knows, or should know by the exercise of reasonable diligence, of the injury giving rise to the claim.  *See Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 898 P.2d 964, 969 (Ariz. 1995).  "A plaintiff need not know all the facts underlying a cause of action to trigger accrual."  *Doe v. Roe*, 955 P.2d 951, 961 (Ariz. 1998).  Indeed, Arizona courts have held that "an unfortunate result would immediately put the plaintiff on notice that the result is not only unfavorable but might be attributable to some fault and should be investigated."  *Walk v. Ring*, 44 P.3d 990, 994 (Ariz. 2002) (citing *Trede v. Family Dental Ctr.*, 7808 P.2d 116, 118 (Ariz. Ct. App. 1985)).  Applying this standard, this Court dismissed the plaintiff's personal injury claims in the *Bush* case under Indiana and Arizona law where the plaintiff waited more than two years after a failed retrieval attempt to commence the action.  Dkt. 19303 at 3.  The Court held that the failed attempt made her "aware of information that would put a reasonable person on notice to investigate whether a claim exists," triggering accrual.  *Id.*  Here, as in *Bush*, the failed retrieval procedure provided sufficient information to start the limitations period as a matter of law.[2]

---

[2] To the extent Plaintiff claims injury based an alleged need for long-term anticoagulation therapy due to the failed retrieval, her claim is also time-barred.  That alleged need for therapy does not constitute a new or separate claim because, under Arizona law, "a plaintiff is not required to know the full extent of an injury before the statutory period begins to run."  *Lund v. Burch & Cracchiolo P.A.*, 2020 WL 6834539, at *5 (Ariz. Ct. App. Nov. 19, 2020) (citing *Sato v. Van Denburgh*, 599 P.2d 181, 183 (Ariz. 1979)).

Plaintiff's implied warranty claim fails on the same ground. Arizona law subjects warranty claims to the same two-year statute of limitations discussed above. *See Wetzel v Comm. Chair Co.*, 500 P.2d 54, 57 (Ariz. Ct. App. 1972).

Plaintiff's consumer protection and express warranty claims fail as well. The Court has ruled that these claims are not adequately pled in the Master Complaint. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims. Thus, Plaintiff has failed to plead a viable state consumer-protection claim or a viable express warranty claim. Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  May 12, 2022 | /s/ *Jessica Benson Cox* |
|  | Jessica Benson Cox |
|  | Andrea Roberts Pierson |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 300 North Meridian Street, Suite 2500 |
|  | Indianapolis, Indiana  46204 |
|  | Telephone:  (317) 237-0300 |
|  | Andrea.Pierson@FaegreDrinker.com |
|  | Jessica.Cox@FaegreDrinker.com |
|  |  |
|  | James Stephen Bennett |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 110 West Berry Street, Suite 2400 |
|  | Fort Wayne, Indiana  46802 |
|  | Telephone:  (260) 424-8000 |
|  | Stephen.Bennett@FaegreDrinker.com |
|  |  |
|  | *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2022, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF VICKIE KIRK'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*