**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>Teresa F. Sykes, 1:19-cv-01167 | Case No. 1:14-ml-02570-RLY-TAB<br>MDL NO. 2570 |

## NOTICE OF APPEAL

Pursuant to Fed. R. App. P. 3(c)(1) and 4(a), notice is hereby given of Plaintiff Teresa F. Sykes' appeal to the United States Court of Appeals for the Seventh Circuit of the order and judgment of the U.S. District Court for the Southern District of Indiana that was entered on April 25, 2022 (Dkt. Nos. 21903 & 21904) and the order entered on September 28, 2021 (Dkt. 20031) granting Defendants' Motion for Judgment on the Pleadings (later converted to a Motion for Summary Judgment). Plaintiff appeals only as to Counts I – IV asserted in her Short Form Complaint (see section 14, incorporating allegations from the Master Complaint).

Dated: May 12, 2022

                                                  **By:** */s/ Paul L. Stoller*
                                                  Paul L. Stoller
                                                  (Admitted Pro Hac Vice, AZ Bar No 016773)
                                                  DALIMONTE RUEB STOLLER LLP
                                                  2425 E. Camelback Rd., Suite 500
                                                  Phoenix, Arizona 85016
                                                  Tel: (602) 888-2807
                                                  Fax: (855) 203-2035
                                                  Email: paul@drlawllp.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

                                                */s/ Paul L. Stoller*
                                                Paul. L. Stoller

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND         No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION          MDL No. 2570

_____

This Document Relates to the Following Cases:

Shirley A. Parton, 1:18-cv-03371
Teresa Sykes, 1:19-cv-01167

_____

### ENTRY ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO CERTAIN NO-INJURY PLAINTIFFS (CONVERTED TO A MOTION FOR SUMMARY JUDGMENT)

On July 20, 2020, the Cook Defendants[1] filed a Motion for Judgment on the Pleadings on Counts I-IV of the Master Complaint based on Plaintiffs' categorization of their product liability claims as "non-symptomatic" in their original Case Categorization Forms ("CCFs"). At Plaintiffs' request, the court converted the motion to one for summary judgment. The primary issue is whether an asymptomatic perforation of the inferior vena cava ("IVC") is a legally cognizable injury under Kentucky and Texas law. The court, having read and reviewed the parties' submissions, the designated evidence, and the applicable law, now **GRANTS** the Cook Defendants' motion for summary judgment.

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

I.  **Background**

   A.  **Teresa Sykes**

On August 1, 2013, Sykes' physician implanted a Cook Celect IVC filter in Sykes' infrarenal IVC at St. Luke's Woodlands Hospital in The Woodlands, Texas. (Filing No. 19436-1, Implant Records). A post-placement venogram demonstrated proper placement of the IVC filter. (*Id.*). On January 24, 2019, Sykes underwent a CT scan of her abdomen and pelvis. (Filing No. 19436-2, Supp. CCF). The CT scan showed that 4 struts had perforated her IVC, with prongs extending up to 8.01 mm beyond her caval wall. (*Id.*).

Since mid-2019, Sykes has experienced constant, excruciating abdominal pain. (Filing No. 19435-3, Decl. of Teresa Sykes ("Sykes Decl."), ¶ 6). Tests performed at various hospitals ruled out gallbladder issues as the cause of her pain. (*Id.*, ¶ 7).

   B.  **Shirley Parton**

On April 2, 2012, Parton's physician implanted a Cook Günter Tulip IVC filter in Parton's IVC at the University of Kentucky Chandler Medical Center in Lexington, Kentucky. (Filing No. 19436-3, Implant Records). The filter was deployed in good position, without asymmetry or tilting. (*Id.*). On February 6, 2018, Parton underwent a CT scan of her abdomen and pelvis. (Filing No. 19436-4, Supp. CCF). It showed that a prong of her IVC filter had perforated her caval wall by 4.2 mm. (*Id.*).

   C.  **Dr. Muehrcke**

In support of their product liability claims, Plaintiffs submit the declaration of Dr. Derek Muehrcke, a cardiothoracic surgeon. (Filing No. 19435-1, Declaration of Derek

Muehrcke).  He was asked to provide his medical opinion as to whether a perforation by a Cook Gunther Tulip or Celect IVC filter through the IVC, by at least 3 mm but without interaction with other retroperitoneal structures, constitutes harm or injury to the IVC. (*Id.*, ¶ 3).  He concluded that it does.  Dr. Muehrcke explained that "[p]uncture of the IVC wall by an IVC filter leads to bleeding, activation of the clotting cascade, fibroblast activation, and scar formation."  (*Id.*, ¶ 5).  In this way, the body "immediately acts to heal the [perforation]."  (*Id.*).

Dr. Muehrcke also testified that perforation "can" lead to active bleeding if the patient is on blood thinners (anticoagulants), and it "can" lead to active clot in the IVC that "can" cause thrombosis.  (*Id.*).  "Perforation can also progress to interact with surrounding structures (aorta, lumbar spine, psoas muscle, duodenum, and ureter)."  (*Id.*, ¶ 7).

Cook countered with Dr. Muehrcke's deposition testimony from the *McDermitt* case.  There, Dr. Muehrcke testified that perforation causes endothelialization.  (Filing No. 19558, Deposition of Dr. Muehrcke ("Muehrcke Dep.") at 184).  In Dr. Muehrcke's opinion, this inflammatory response with the intima of the IVC is an "injury" even though "[y]ou may have no symptoms at all."  (*Id.* at 269).  But he also acknowledged that inflammation is an expected consequence of inserting an IVC filter in the vena cava and that inflammation is part of the mechanism by which a filter remains in place.  (*Id.* at 194 ("I think all – all devices will have intimal endothelialization. . . [P]erforation is a little greater extent of that, but all IVC filters will have an inflammatory response with the intima of the inferior vena cava."); *id.* at 195 ("Q: [Inflammation] is part of how [IVC

3

filters] stay in place, correct?  A: Yes.")).  When asked whether he believed that a patient was "injured" every time an IVC filter is placed, he responded: "Every time you put an IV[C] in a patient, they have an injury."  (*Id.* at 262).

Notably, Dr. Muehrcke agrees that "perforations can be asymptomatic" and that such patients "don't always suffer a detrimental or clinical effect."  (*Id.* at 257-58).

**II.     Discussion**

This motion addresses the following claims: Strict Products Liability – Failure to Warn; Strict Products Liability – Design Defect; Negligence; and Negligence Per Se.  The issue raised is whether an asymptomatic perforation of the IVC by an IVC filter is a legally cognizable injury.  The parties agree that Texas law applies to Sykes' claims and Kentucky law applies to Parton's claims.  There are no cases from either Kentucky or Texas—or any other state or federal jurisdiction—that are directly on point.

Under Kentucky law, "a cause of action in tort requires a present physical injury to the plaintiff."  *Wood v. Wyeth-Ayerst Labs. Div. of Am. Home Prods.*, 82 S.W.3d 849, 852 (Ky. 2002).  Under Texas law, a plaintiff must "demonstrate 'actual injury' to pursue a claim."  *Martin v. Home Depot U.S.A., Inc.*, 369 F.Supp.2d 887, 890 (W.D. Tex. 2005); *Rivera v. Wyeth–Ayerst Labs.*, 283 F.3d 315 (5th Cir.2002) (dismissing the plaintiffs' product liability lawsuit because the plaintiffs alleged no injury in fact).

Both Kentucky and Texas follow the Restatement (Second) of Torts.  *James v. Bell Helicopter Co.*, 715 F.2d 166, 170 (5th Cir. 1983) (applying Texas law); *Wood v. Wyeth-Ayerst Labs. Div. of Am. Home Prods.*, 82 S.W.3d 849, 854-55 (Ky. 2002).  Under the Restatement (Second) of Torts, a cause of action for products liability, regardless of

4

whether it sounds in negligence or strict liability, requires "physical harm."  Restatement (Second) of Torts §§ 388, 402A(1) (1965).  To qualify as "physical harm," there must be a "physical impairment of the human body."  Restatement (Second) of Torts § 7(2), (3).  Kentucky and Texas also follow the Restatement (Third) of Torts.  *See Morris Aviation, LLC v. Diamond Aircraft Indus., Inc.*, 536 Fed. Appx. 558, 568 (6th Cir. 2013); *Anthony v. Sunbeam Prods., Inc.*, No. 1:18-cv-607, 2020 WL 4677429, at *4 (E.D. Tex. May 5, 2020).  Section 4, comment c of the Restatement (Third) of Torts explains that "any level of physical impairment is sufficient for liability; no minimum amount of physical harm is required."  Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 4 cmt. c.  To qualify as an "impairment," the change in the condition of the plaintiff's body "must be detrimental."  *Id.*, reporter's note, cmt. c.

    Here, neither Sykes nor Parton have brought forth evidence showing that their asymptomatic perforations have caused any present physical impairment or detriment to their health.  True, as Dr. Muehrcke testified, there is a chance that the "clotting cascade can lead to active clot in the IVC" and that "scarring to heal the damage caused by the IVC filter can make subsequent removal of the IVC filter more difficult."  (Muehrcke Decl. ¶¶ 5-6).  But there is no evidence that either Sykes or Parton has an active clot that is presently impairing the function of their IVCs, evidence of unsuccessful removal attempts that have caused them physical harm, or evidence that their perforations have affected their daily lives in any practical, functional way.  *See Sondag v. Pneumo Abex Corp.*, 55 N.E.3d 1259, 1264 (Ill. Ct. App. 2016) (holding plaintiff, who had pleural plaques and interstitial fibrosis but no noticeable respiratory symptoms, failed to establish

5

"physical harm," noting "we do not see how these conditions have affected him in any practical, functional way"). Indeed, Parton acknowledges her perforation is "without any other sequelae" and that she "is not presently experiencing symptoms." (Filing No. 19434, Pl.'s Resp. at 11). And although Sykes maintains she has experienced constant abdominal pain since mid-2019, she never claims she subjectively believes the pain is related to her filter, let alone that any qualified medical expert has suggested a connection. (*See generally*, Sykes Decl.). Even Dr. Muehrcke acknowledges that perforation does not always cause symptoms and that asymptomatic patients do not always suffer a detrimental or clinical effect. (Muehrcke Dep. at 257-58).

The second issue the court must address is whether Texas law allows Sykes to recover damages for perforation-related harms that may develop in the future. *See Pustejovsky v. Rapid Am. Corp.*, 35 S.W.3d 643, 652 (Tex. 2000) ("It is our long-established rule that a plaintiff may recover for a disease that may develop in future years only if the person establishes that there is a reasonable medical probability that the disease will appear."). Sykes argues that because she has adduced evidence that perforation is progressive over time, which carries the risk of "impacting other organs in the body," her product liability claims survive.

The issue in *Pustejovsky* was whether a plaintiff who had already developed an asbestos-related disease (asbestosis) was barred by the single-action rule from recovering for the subsequent development of another latent asbestos-related disease (mesothelioma). *Id.* at 644, 652. The Texas Supreme Court held he was not barred from bringing the action in part because, to recover for damages that may develop in the

6

future, a plaintiff must demonstrate a greater than fifty percent chance of developing the disease in the future. *Id.* at 652. The Court found that, "[a]s with many similarly situated asbestosis sufferers," it was unlikely[2] plaintiff could have produced such evidence in his first suit that would have allowed him to recover for the future risk of cancer. *Id.*

*Pustejovsky* is inapplicable to Sykes' claims. Unlike the plaintiff in *Pustejovsky*, Sykes is asymptomatic; she has not been diagnosed with a disease. Moreover, the Texas Supreme Court limited *Pustejovsky*'s holding "to asbestos-related diseases resulting from workplace exposure." *Id.* at 653. But even if *Pustejovsky* did apply, Sykes has not presented evidence that she has a greater than fifty percent chance of developing a filter-related injury in the future. Dr. Muehrcke speaks in terms of conditions that "can" happen from a filter perforation but stops short of opining that such "injuries" are more likely than not to occur in the future.

Lastly, the single-action rule provides a strong policy reason in support of the court's decision. If Plaintiffs were to prevail, their damages would likely be minimal. A judgment for or against Plaintiffs would foreclose a subsequent lawsuit based on their filters. Thus, allowing suit for asymptomatic perforation would preclude Plaintiffs—in the event a substantial filter-related injury developed—from recovering any damages.

### III.  Conclusion

For the reasons set forth above, the court finds Plaintiffs have failed to raise a genuine issue of material fact that the injury they claim—asymptomatic perforation—

---

[2] Plaintiff's expert testified that approximately fifteen percent of asbestosis patients develop mesothelioma. 35 S.W.3d at 646.

constitutes a present physical harm.  Therefore, the Cook Defendants' Motion for Judgment on the Pleadings as to Certain No-Injury Plaintiffs (converted to a Motion for Summary Judgment) (Filing No. 13728) is **GRANTED** and Counts I-IV of Plaintiffs' Complaints are dismissed.  In the event Plaintiffs suffer physical harm in the future, they may refile their cases, to the extent the applicable law allows, in the Southern District of Indiana.  Counts V (breach of express warranty), VI (breach of implied warranty), VII (consumer fraud), and XI (punitive damages) of Plaintiffs' Complaints remain.

**SO ORDERED** this 28th day of September 2021.

_____<br>
RICHARD L. YOUNG, JUDGE<br>
United States District Court<br>
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to the Following Cases:

Teresa Sykes, 1:19-cv-01167

_____

### ORDER ON PLAINTIFF'S MOTION TO DISMISS COUNTS V-VII AND XI OF THE MASTER COMPLAINT AND HER "OTHER" WARRANTY CLAIMS and MOTION FOR ENTRY OF JUDGMENT

Plaintiff, Teresa Sykes, moves to dismiss the remaining claims in this action with prejudice. They are: Counts V (breach of express warranty), VI (breach of implied warranty), VII (consumer fraud), and XI (punitive damages) of the Master Complaint, and the Count identified as "Other" in Plaintiff's Short Form Complaint for breach of express and implied warranty. The court, having read and reviewed the Plaintiff's motion and the applicable law, now finds Plaintiff's Motion to Dismiss and Motion for Entry of Judgment (Filing No. 21759) should be **GRANTED**. Counts V-VII and XI, as well as Plaintiff's "Other" breach of express and implied warranty claims are **DISMISSED WITH PREJUDICE**. Final judgment shall issue forthwith.

**SO ORDERED** this 25th day of April 2022.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                 MDL No. 2570

_____

This Document Relates to the Following Cases:

Teresa Sykes, 1:19-cv-01167

_____

# FINAL JUDGMENT

On September 28, 2021, the court granted the Cook Defendants[1] Motion for Summary Judgment on Counts I-IV of the Master Complaint with respect to Plaintiff. Today, the court granted Plaintiff's Motion to Dismiss with prejudice Counts V-VII, and XI of the Master Complaint, and her claims for breach of express and implied warranty identified as "Other" on her Short Form Complaint. As there are no claims remaining, the court enters final judgment in favor of the Cook Defendants and against Plaintiff.

**SO ORDERED** this 25th day of April 2022.

Roger Sharpe, Clerk
United States District Court

_____
By: Deputy Clerk

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

1

# *** PUBLIC DOCKET ***

APPEAL,MDL,CLOSED

## U.S. District Court
## Southern District of Indiana (Indianapolis)
## CIVIL DOCKET FOR CASE #: 1:19-cv-01167-RLY-TAB

SYKES v. COOK INCORPORATED et al  
Assigned to: Judge Richard L. Young  
Referred to: Magistrate Judge Tim A. Baker  
Lead case: 1:14-ml-02570-RLY-TAB  
Member case: (View Member Case)  
Cause: 28:1332 Diversity-Product Liability  

Date Filed: 03/22/2019  
Date Terminated: 04/25/2022  
Jury Demand: Plaintiff  
Nature of Suit: 365 Personal Inj. Prod. Liability  
Jurisdiction: Diversity  

**Plaintiff**

**TERESA SYKES**  represented by  **John A. Dalimonte**  
DALIMONTE RUEB LAW GROUP LLP  
85 Devonshire St., Suite 1000  
Boston, MA 02109  
(617) 302-9900  
Fax: (617) 742-9130  
Email: john@drlawllp.com  
*PRO HAC VICE*  

**Paul L. Stoller**  
DALIMONTE RUEB STOLLER, LLP  
2425 East Camelback Road  
Suite 500  
Phoenix, AZ 85016  
(602) 888-2807  
Fax: (855) 203-2035  
Email: paul@drlawllp.com  

V.

**Defendant**

**COOK INCORPORATED**  represented by  **Andrea Roberts Pierson**  
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)  
300 North Meridian Street  
Suite 2500  
Indianapolis, IN 46204  
317-237-0300  
Fax: 317-237-1000  
Email: andrea.pierson@faegredrinker.com

|  | Kip S.M. McDonald<br>FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)<br>300 North Meridian Street<br>Suite 2500<br>Indianapolis, IN 46204<br>(317) 237-1485<br>Fax: (317) 237-1000<br>Email: Kip.McDonald@Faegredrinker.com |
|---|---|

**Defendant**

| COOK MEDICAL LLC | represented by | Andrea Roberts Pierson<br>(See above for address) |
|---|---|---|
|  |  | Kip S.M. McDonald<br>(See above for address) |

**Defendant**

| WILLIAM COOK EUROPE APS | represented by | Andrea Roberts Pierson<br>(See above for address) |
|---|---|---|
|  |  | Kip S.M. McDonald<br>(See above for address) |

| Date Filed | # | Docket Text |
|---|---|---|
| 03/22/2019 | 1 | COMPLAINT against All Defendants, filed by TERESA SYKES. (Filing fee $400, receipt number 0756-5348591) (Attachments: # 1 Civil Cover Sheet JS-44)(Dalimonte, John) (Entered: 03/22/2019) |
| 03/22/2019 | 2 | NOTICE of Appearance by John A. Dalimonte on behalf of Plaintiff TERESA SYKES. (Dalimonte, John) (Entered: 03/22/2019) |
| 03/25/2019 | 3 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (HET) (Entered: 03/25/2019) |
| 03/25/2019 | 4 | NOTICE of Reassignment pursuant to General Order dated July 13, 2016 of Case to Judge Richard L. Young and Magistrate Judge Tim A. Baker. Judge James R. Sweeney II, Magistrate Judge Matthew P. Brookman is no longer assigned to this case. Please include the new case number, **1:19-cv-1167-RLY-TAB**, on all future filings in this matter. (HET) (Entered: 03/25/2019) |
| 04/02/2019 | 5 | Amended Order Establishing Policies and Procedures. Signed by Judge Richard L. Young on 4/2/2019. (MAT) (Entered: 04/02/2019) |
| 04/02/2019 | 6 | Remark - Pending Actions SD/IN 1:19-cv-01154-RLY-TAB, 1:19-cv-01155-RLY-TAB, 1:19-cv-01156-RLY-TAB, 1:19-cv-01158-RLY-TAB, 1:19-cv-01159-RLY-TAB, 1:19-cv-01160-RLY-TAB, 1:19-cv-01162-RLY-TAB, 1:19-cv-01164-RLY-TAB, 1:19-cv-01165-RLY-TAB, 1:19-cv-01166-RLY-TAB, 1:19-cv-01167-RLY-TAB, 1:19-cv-01168-RLY-TAB, 1:19-cv-01174-RLY-TAB, 1:19-cv-01175-RLY-TAB, 1:19- |

| | | |
|---|---|---|
| | | cv-01176-RLY-TAB, 1:19-cv-01177-RLY-TAB, 1:19-cv-01178-RLY-TAB, 1:19-cv-01179-RLY-TAB, 1:19-cv-01180-RLY-TAB **Transferred as Member Actions to MDL 2570 on 4/2/2019.** Associated Cases: 1:14-ml-02570-RLY-TAB, 1:19-cv-01154-RLY-TAB, 1:19-cv-01155-RLY-TAB, 1:19-cv-01156-RLY-TAB, 1:19-cv-01158-RLY-TAB, 1:19-cv-01159-RLY-TAB, 1:19-cv-01160-RLY-TAB, 1:19-cv-01162-RLY-TAB, 1:19-cv-01164-RLY-TAB, 1:19-cv-01165-RLY-TAB, 1:19-cv-01166-RLY-TAB, 1:19-cv-01167-RLY-TAB, 1:19-cv-01168-RLY-TAB, 1:19-cv-01174-RLY-TAB, 1:19-cv-01175-RLY-TAB, 1:19-cv-01176-RLY-TAB, 1:19-cv-01177-RLY-TAB, 1:19-cv-01178-RLY-TAB, 1:19-cv-01179-RLY-TAB, 1:19-cv-01180-RLY-TAB (MAT) (Entered: 04/02/2019) |
| 04/29/2019 | 7 | NOTICE of Appearance by Kip S.M. McDonald on behalf of Defendants COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL, LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL, LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK |

| | | |
|---|---|---|
| | | EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (McDonald, Kip) (Entered: 04/29/2019) |
| 04/29/2019 | 8 | NOTICE of Appearance by Andrea Roberts Pierson on behalf of Defendants COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL, LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL, LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, |

| | | |
|---|---|---|
| | | COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS. Associated Cases: 1:14-ml-02570-RLY-TAB et al. (Pierson, Andrea) (Entered: 04/29/2019) |
| 05/23/2019 | 9 | WAIVER OF SERVICE Returned Executed, filed by TERESA SYKES. COOK INCORPORATED waiver sent on 3/28/2019; COOK MEDICAL LLC waiver sent on 3/28/2019; WILLIAM COOK EUROPE APS waiver sent on 3/28/2019. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:19-cv-01167-RLY-TAB(Dalimonte, John) (Entered: 05/23/2019) |
| 07/17/2020 | 10 | RESPONSE in Opposition re (13728 in 1:14-ml-02570-RLY-TAB) MOTION for Judgment on the Pleadings *as to Certain No-Injury Plaintiffs PLAINTIFFS JOINT RESPONSE TO DEFENDANTS MOTION FOR JUDGMENT ON THE PLEADINGS*, filed by TERESA SYKES, SHIRLEY A. PARTON, JACOB M OPPERMAN. (Attachments: # 1 Exhibit A)Associated Cases: 1:14-ml-02570-RLY-TAB, 1:18-cv-01214-RLY-TAB, 1:18-cv-03371-RLY-TAB, 1:19-cv-01167-RLY-TAB(Stoller, Paul) (Entered: 07/17/2020) |
| 07/23/2020 | 11 | REPLY in Support of Motion re (13728 in 1:14-ml-02570-RLY-TAB) MOTION for Judgment on the Pleadings *as to Certain No-Injury Plaintiffs* , filed by COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:17-cv-00996-RLY-TAB, 1:18-cv-01214-RLY-TAB, 1:18-cv-03371-RLY-TAB, 1:19-cv-01167-RLY-TAB(Paul, Brian) (Entered: 07/23/2020) |
| 07/23/2021 | 12 | NOTICE of Appearance by Paul L. Stoller on behalf of Plaintiff TERESA SYKES. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:19-cv-01167-RLY-TAB (Stoller, Paul) (Entered: 07/23/2021) |
| 07/23/2021 | 13 | RESPONSE in Opposition re (13728 in 1:14-ml-02570-RLY-TAB) MOTION for Judgment on the Pleadings *as to Certain No-Injury Plaintiffs subsequently converted to a motion for summary judgment*. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:18-cv-03371-RLY-TAB, 1:19-cv-01167-RLY-TAB(Stoller, Paul) (Entered: 07/23/2021) |
| 07/23/2021 | 14 | BRIEF/MEMORANDUM in Support of 19434 Response in Opposition to Motion re (13728 in 1:14-ml-02570-RLY-TAB) MOTION for Judgment on the Pleadings *as to Certain No-Injury Plaintiffs - Plaintiffs' Supplemental Statement of Facts in Support of Response in Opposition to Defendants' Motion for Summary Judgment*. (Attachments: # 1 Exhibit Decl. of Derek Muehrcke, M.D., FACS, # 2 Exhibit Sykes Implant Records, # 3 Exhibit Sykes Decl., # 4 Exhibit Sykes Supp. CCF, # 5 Exhibit Email confirmation, # 6 Exhibit Parton Implant Records, # 7 Exhibit Email confirmation, # 8 Exhibit Parton Supp. CCF, # 9 Exhibit Turba, et al., Gunther Tulip Retrieval Experience: Predictors of Successful Retrieval, Cardiovasc Intervent Radiol (2010) 33:732-738, # 10 Exhibit |

| | | |
|---|---|---|
| | | Morales, et al., Decision analysis of retrievable inferior vena cava filters in patients without pulmonary embolism, J. Vasc. Surg: Venous and Lynn Dis 2013; 1:376-84 (2013), # [11](#) Exhibit FDA Safety Communication, # [12](#) Exhibit Dowell, et al., Celect Inferior Vena Cava Wall Strut Perforation Begest Additional Strut Perforation, J Vasc Inter Radiol 2015)Associated Cases: 1:14-ml-02570-RLY-TAB, 1:18-cv-03371-RLY-TAB, 1:19-cv-01167-RLY-TAB(Stoller, Paul) Modified on 7/26/2021 (LBT). (Entered: 07/23/2021) |
| 07/23/2021 | 15 | SEALED *Exhibits 2, 4, 6 & 8*, re (14 in 1:19-cv-01167-RLY-TAB) Brief/Memorandum in Support. (Attachments: # [1](#) Exh. 2 - Sykes Implant Records, # [2](#) Exh. 4 - Sykes Supp. CCF, # [3](#) Exh. 6 - Parton Implant Records, # [4](#) Exh. 8 - Parton Supp. CCF)Associated Cases: 1:14-ml-02570-RLY-TAB, 1:18-cv-03371-RLY-TAB, 1:19-cv-01167-RLY-TAB(Stoller, Paul) (Entered: 07/23/2021) |
| 07/27/2021 | 16 | MOTION *to maintain documents under seal*, filed by Plaintiffs SHIRLEY PARTON, TERESA SYKES. (Attachments: # [1](#) Text of Proposed Order)Associated Cases: 1:14-ml-02570-RLY-TAB, 1:18-cv-03371-RLY-TAB, 1:19-cv-01167-RLY-TAB(Stoller, Paul) Modified on 7/28/2021 to select correct motion event (LBT). (Entered: 07/27/2021) |
| 07/27/2021 | 17 | BRIEF/MEMORANDUM in Support re (16 in 1:19-cv-01167-RLY-TAB) MOTION *to maintain documents under seal* . Associated Cases: 1:14-ml-02570-RLY-TAB, 1:18-cv-03371-RLY-TAB, 1:19-cv-01167-RLY-TAB(Stoller, Paul) (Entered: 07/27/2021) |
| 09/28/2021 | 18 | ENTRY ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO CERTAIN NO-INJURY PLAINTIFFS (CONVERTED TO A MOTION FOR SUMMARY JUDGMENT) - (13728) The Cook Defendants' Motion for Judgment on the Pleadings as to Certain No-Injury Plaintiffs (converted to a Motion for Summary Judgment) is GRANTED and Counts I-IV of Plaintiffs' Complaints are dismissed. In the event Plaintiffs suffer physical harm in the future, they may refile their cases, to the extent the applicable law allows, in the Southern District of Indiana. Counts V (breach of express warranty), VI (breach of implied warranty), VII (consumer fraud), and XI (punitive damages) of Plaintiffs' Complaints remain. See Entry for details. Signed by Judge Richard L. Young on 9/28/2021. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:18-cv-03371-RLY-TAB, 1:19-cv-01167-RLY-TAB(LBT) (Entered: 09/28/2021) |
| 04/05/2022 | 19 | MOTION to Dismiss *with prejudice as to Counts V - XI, plus "Other" Warranty Claims, and Motion for Entry of Judgment*, filed by MDL Plaintiff TERESA SYKES. (Attachments: # [1](#) Exhibit A - [Proposed] Final Judgment)Associated Cases: 1:14-ml-02570-RLY-TAB, 1:19-cv-01167-RLY-TAB(Stoller, Paul) (Entered: 04/05/2022) |
| 04/25/2022 | 20 | ORDER ON PLAINTIFF'S MOTION TO DISMISS COUNTS V-VII AND XI OF THE MASTER COMPLAINT AND HER "OTHER" WARRANTY CLAIMS and MOTION FOR ENTRY OF JUDGMENT - (21759) Motion to Dismiss and Motion for Entry of Judgment in case 1:14-ml-02570-RLY-TAB and (19) Motion to Dismiss and Motion for Entry of Judgment in case 1:19-cv-01167-RLY-TAB should be GRANTED. Counts V-VII and XI, as well as Plaintiff Teresa Sykes's "Other" breach of express and implied warranty claims are DISMISSED WITH PREJUDICE. Final judgment shall issue forthwith. Signed by Judge Richard L. Young on 4/25/2022. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:19-cv-01167-RLY-TAB(LBT) (Entered: 04/25/2022) |
| 04/25/2022 | 21 | JUDGMENT - On September 28, 2021, the court granted the Cook Defendants' Motion for Summary Judgment on Counts I-IV of the Master Complaint with respect to Plaintiff, Teresa Sykes. Today, the court granted Plaintiff's Motion to Dismiss with |

| | | |
|---|---|---|
| | | prejudice Counts V-VII, and XI of the Master Complaint, and her claims for breach of express and implied warranty identified as "Other" on her Short Form Complaint. As there are no claims remaining, the court enters final judgment in favor of the Cook Defendants and against Plaintiff, Teresa Sykes. Signed by Judge Richard L. Young on 4/25/2022.Associated Cases: 1:14-ml-02570-RLY-TAB, 1:19-cv-01167-RLY-TAB(LBT) (Entered: 04/25/2022) |
| 05/12/2022 | 22 | NOTICE OF APPEAL as to 18 Order on Motion for Judgment on the Pleadings, 21 Judgment, 20 Order on Motion to Dismiss, filed by Plaintiff TERESA SYKES. (Filing fee $505, receipt number AINSDC-7101371, paid under master case docket 1:14-ml-2570-RLY-TAB) (LBT) (Entered: 05/13/2022) |
| 05/13/2022 | 23 | PARTIES' SHORT RECORD re (22 in 1:19-cv-01167-RLY-TAB) Notice of Appeal, (22000 in 1:14-ml-02570-RLY-TAB) Notice of Appeal **- Instructions for Attorneys/Parties attached.** Associated Cases: 1:14-ml-02570-RLY-TAB, 1:19-cv-01167-RLY-TAB(LBT) (Entered: 05/13/2022) |

**Case #: 1:19-cv-01167-RLY-TAB**