UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Sisco, Regina - 1:22-cv-00647

**DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF REGINA SISCO'S CASE PURSUANT TO CMO-28**

Under Federal Rule of Civil Procedure 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment on the pleadings in Plaintiff's case as time barred under the North Carolina statute of repose.

1. Plaintiff's Name: Regina Sisco

2. Case Number: 1:22-cv-00647

3. Case Origin: Southern District of Indiana

4. Plaintiff's Home State per Complaint: North Carolina (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. Applicable Choice of Law Rules: North Carolina

6. Applicable Statutes of Repose: North Carolina, N.C. Gen. Stat. § 1-46.1 ("No action for the recovery of damages for personal injury, death, or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than 12 years after the date of the initial purchase for use or consumption.").

7. Filter Placement Date (latest possible date of purchase): February 22, 2010 (*see* Plaintiff's Short Form Compl., ¶ 11)

8. Filing Date: March 31, 2022

1

9. <u>Length of Time Between Purchase and Filing</u>:  12 years, 1 month, 9 days

## BRIEF ARGUMENT

Plaintiff's claims are time-barred under North Carolina's 12-year statute of repose for product liability actions.  *See* N.C. Gen. Stat. § 1-46.1.  North Carolina's statute of repose completely bars all claims alleging personal injury from a product no matter how the claim is styled or pled.  *See Nat'l Prop. Inv'rs, VIII v. Shell Oil Co.*, 950 F. Supp. 710, 713 (E.D.N.C. 1996) ("All product liability claims, regardless of their nature, are subject to this statute."); *see also* Dkt. 15084 (granting judgment on the pleadings on North Carolina and Texas statute of repose grounds).  Put simply, a statute of repose containing "'no action language' bars 'all claims. . . .'"  *Braswell v. Colonial Pipeline Co.*, 395 F. Supp.3d 641, 648 (M.D.N.C. 2019) (quoting *Hodge v. Harkey*, 631 S.E.2d 445, 449 (N.C. 1999)).

This Court dismissed all claims in the *Amey* and *Wilson* cases as time-barred by the six-year statute of repose that applies to claims based on filters sold before October 1, 2009.  *See* Dkt. 20384 (*Amey*); Dkt. 15084 (*Wilson*).  The enlarged 12-year statute of repose currently in effect in North Carolina applies to all products sold after October 1, 2009.  Courts applying North Carolina law have explained that the enlargement of the statute of repose from six to 12 years did not change the law in any other respect.  *See Stahle v. CTS Corp.*, 817 F.3d 96, 103 (4th Cir. 2016) (explaining that "the only textual change to the new product liability action statute [in North Carolina] was to replace 'six years' with '12 years.'"); *Cramer v. Ethicon, Inc.*, 2021 WL 243872, at *6 (W.D.N.C. Jan. 25, 2021) (explaining that plaintiff's claims would have been barred by both the six-year and 12-year statute of repose because the product was implanted more than 13 years before the commencement of the action).

2

The 12-year statute of repose applies to Plaintiff's claims because she received her filter on February 22, 2010, after the October 1, 2009 enactment date of the current North Carolina statute of repose. Under that statute, all of Plaintiff's claims are time-barred as a matter of North Carolina law because she did not file her action until March 31, 2022, more than 12 years and one month later. *See* Dkt. 20384 (*Amey*) (dismissing North Carolina claims time-barred by the six-year statute of repose; *Stahle*, 817 F.3d at 103 (explaining that the enlargement of the statute of repose to 12 years in 2009 did not entail any other changes); *Cramer*, 2021 WL 243872, at *6 (noting that the plaintiff's claims would have been barred under the 12-year statute of repose because the product was implanted more than 13 years before filing).

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  May 16, 2022 | */s/ Jessica Benson Cox* |

Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2022, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF REGINA SISCO'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

*/s/ Jessica Benson Cox*