UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

———————————————————————

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION           MDL No. 2570

———————————————————————

This Document Relates Only to the Following Cases:

Barnett, Cheryl, 1:16-cv-01879

———————————————————————

**DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF CHERYL BARNETT'S CASE PURSUANT TO CMO-28**

Under Fed. R. Civ. P. 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges as her injury a failed IVC filter retrieval with post-placement DVT.

1.  <u>Plaintiff's Name</u>:  Cheryl Barnett

2.  <u>Case Number</u>:  1:16-cv-01879

3.  <u>Filing Jurisdiction</u>:  Southern District of Indiana

4.  <u>Plaintiff's Residence per Complaint</u>: Colorado (Plaintiff's residence at time of placement and injury); Kansas (current residence)[1]

5.  <u>Applicable Choice of Law Rules</u>:  Kansas (District of Kansas listed as Plaintiff's "home" venue, *see* Pl.'s Short-Form Compl., ¶ 7)

6.  <u>Applicable Statute of Limitations</u>:  Kansas (2 years), Kan. Stat. Ann. § 60-513(a) ("The following actions shall be brought within two years: . . .  An action for injury to the rights of another, not arising on contract, and not herein enumerated.")

7.  <u>Filter Placement Date</u>:  March 27, 2009[2]

8   <u>Latest Possible Date of Accrual</u>:  May 1, 2009 (*see* Case Categorization Form and accompanying medical records, attached as **Exhibit A** noting: "I did discuss the filter with both her and her husband and sister.  I told the patient that we could not grasp the end of the hook . . . [and] that there is probably an associated increased risk of DVT in the lower extremity with the filter in if she is not on lifelong anticoagulation.).[3]

9.  <u>Filing Date</u>:  July 14, 2016

10. <u>Length of Time Between Placement and Filing</u>:  7 years, 3 months, 17 days

11. <u>Length of Time Between Claim Accrual and Filing</u>:  7 years, 2 months, 13 days

---

[1] According to Plaintiff's Short-Form Complaint, Plaintiff received her filter in Michigan while a resident of Colorado.  *See* Pl.'s Short-Form Compl., ¶¶ 4-6, 12.

[2]  In the Short-Form Complaint, Plaintiff lists the filter placement date as February 25, 2014, but the categorization medical record is dated May 1, 2009 and indicates the filter was placed on March 27, 2009.  *Compare* Pl.'s Short-Form Compl., ¶ 11 *with* Ex. A.

[3] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion.  *See* Dkt. 18018 ("Plaintiff's operative report is considered part of the pleadings . . . .").

## **BRIEF ARGUMENT**

Plaintiff states she would have filed her case in the District of Kansas—that is, the state where she currently resides—had she not filed her case in the Southern District of Indiana.  *See* Pl.'s Short-Form Compl., ¶¶ 6-7.  Kansas treats statutes of limitations as procedural.  *See, e.g.*, *Dunn v. Dunn*, 281 P.3d 540, 548 (Kan. Ct. App. 2012) (citations omitted) ("A statute of limitations is remedial and procedural . . . [and] creates a procedural barrier to bringing an action after a stated number of years.").  Accordingly, Plaintiff's personal injury claims are subject to Kansas's two-year statute of limitations.  *See* Kan. Stat. Ann. § 60-513(a).[4]

Kansas law bars Plaintiff's personal injury claims because she filed her case more than two years after an unsuccessful attempt to remove her filter.  *See supra*, ¶¶ 8-9, 11.  Under Kansas's discovery rule, "the limitations period starts when the 'fact of injury' is 'reasonably ascertainable.'"  *Davidson v. Denning*, 914 P.2d 936, 948 (Kan. 1996).  A plaintiff need not have actual knowledge of an injury for the limitations period to commence; rather, "[t]he phrase 'reasonably ascertainable' means that a plaintiff has the obligation to reasonably investigate available sources that contain the facts [concerning the alleged injury] and its wrongful causation."  *Id.*  "[O]nce an injury becomes reasonably ascertainable a plaintiff has a duty to investigate in order to determine the extent and precise cause of injury."  *McCarthy v. Peterie*, 1998 WL 36035425, at *5 (Kan Ct. App. Aug. 21, 1998).

This Court has held multiple times that a failed retrieval procedure puts a plaintiff "on notice that there [is] a reasonable possibility that the filter harmed him, and that he should inquire

---

[4] Plaintiff's filter was placed in Michigan, while she resided in Colorado, and she alleges that her injury occurred in Colorado.  Pl.'s Short-Form Compl., ¶¶ 4-5, 11.  Plaintiff's claims would also be barred by Colorado's two-year statute of limitations, Colo. Rev. Stat. Ann. § 13-80-106, and Michigan's three-year statute of limitations, Mich. Comp. Laws Ann. § 600.5805(12).  This Court has already dismissed failed-retrieval cases under these states' laws as time-barred.  *See* Dkts. 18735, 21872 (dismissing *Boudreau* and *Dory* under Colorado law); Dkt. 18737, 19639 (dismissing *Davis* and *Boone* under Michigan law).

into his rights."  *See e.g.,* Dkt. 18391 (*Heintzman*) at 3-4 (dismissing claims under Indiana and Ohio law).  In *Graham*, this Court also dismissed the case under Kansas law where the plaintiff commenced her action more than two years after a failed retrieval attempt that led to a subsequent open-removal procedural.  *See* Dkt. 5575 at 1-2, 5.  Here, Plaintiff's personal injury claims are time-barred as a matter of law because her claimed injuries were reasonably ascertainable at the time of her failed retrieval in May 2009.  *See Davidson*, 914 P.2d at 948.[5]

Plaintiff's implied warranty claim is also time-barred under Kansas's four-year statute of limitations, which is measured from the date of delivery.[6]  *See* Kan. Stat. Ann. § 84-2-725.  Here, Plaintiff filed this action more than seven years after receiving her filter.  *Supra*, ¶¶ 7, 9-10.

Plaintiff's consumer protection and express warranty claims fail as well.  The Court has ruled that these claims are not adequately pled in the Master Complaint.  *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty).  Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims.  Thus, Plaintiff has failed to plead a viable state consumer-protection claim or a viable express warranty claim.  Plaintiff's claim for punitive damages fails as derivative.

---

[5] To the extent Plaintiff claims injury based on post-placement DVT—a categorized claim that is supported by the same medical records documenting Plaintiff's failed-retrieval claim—that claim is also time-barred. *See* Ex. A.  The post-placement DVT does not constitute a new or separate claim because, under Kansas law, a plaintiff need not know the full extent of an injury before the limitations period begins.  *Roe v. Diefendorf*, 689 P.2d 855, 859 (Kan. 1984).  Indeed, at the time of her failed retrieval, the treating physician informed Plaintiff, her husband, and her sister that "there is probably an associated increased risk of DVT in the lower extremity with the filter in."  Ex. A.

[6] Plaintiff's implied warranty claim would also be time-barred under Colorado and Michigan law.  Colorado law applies a three-year statute of limitations to warranty claims, Colo. Rev. Stat. § 13-80-101(1)(a), with accrual upon tender of delivery, Colo. Rev. Stat. § 4-2-725.  Under Michigan law, product liability warranty claims are subject to the three-year statute of limitations for personal injury claims.  *See Stephenson v. C. R. Bard, Inc.*, 2018 WL 650213, at *3 (S.D. W. Va. Jan. 31, 2018) (applying Michigan law).

Respectfully submitted,

Dated:  May 16, 2022

/s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated,*
*Cook Medical LLC, and William Cook Europe*
*ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2022, a copy of the foregoing **DEFENDANTS' MOTION**

**FOR JUDGMENT IN PLAINTIFF CHERYL BARNETT'S CASE PURSUANT TO CMO-**

**28** was filed electronically, and notice of the filing of this document will be sent to all parties by

operation of the Court's electronic filing system to CM/ECF participants registered to receive

service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*