**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-
PRODUCTS LIABILITY LITIGATION                      MDL No. 2570

This Document Relates to Plaintiff:

Nicole Al-Natoor
1:18-cv-02477

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'**
**MOTION FOR JUDGMENT PURSUANT TO CMO-28**

COMES NOW, Plaintiff Nicole Al-Natoor ("Plaintiff"), by and through her counsel and submits her Response in Opposition to Cook Defendants' Motion for Judgment Pursuant to CMO-28. For the reasons below, Plaintiff respectfully requests the Court deny Defendants' motion.

The only issue presented in Defendants' Motion is whether Plaintiff's action is barred by North Carolina's statute of repose. The parties agree that Plaintiff was implanted with the Celect Vena Cava Filter on December 12, 2007. Defendants allege that Plaintiff's Complaint is barred by N.C. Gen. Stat. § 1-50(a)(6)(repealed), requiring Plaintiff to file within six years of implantation, instead of within twelve years as required by N.C. Gen. Stat. § 1-46.1.

I.      **Plaintiff's cause of action <u>accrued after 2009</u>, allowing her twelve years to file her claim against Defendants.**

North Carolina's twelve-year statute of repose is applicable to Plaintiff's claim because her cause of action accrued after October 1, 2009. The twelve-year statue of repose became "effective [on] October 1, 2009 and applies to causes of action that **<u>accrue</u>** on or after that date." N.C. Sess. Laws 2009-420 (emphasis added). Under North Carolina law, a personal injury claim does not accrue "until bodily harm to the claimant …. becomes apparent or ought reasonably to have become apparent to the claimant." N.C. Gen. Stat. § 1-52(16). Previously, in this MDL, the Court specifically agreed with physician testimony that "the only way to diagnose a perforation is through imaging […]." *McDermitt*, Dtk 13187. In *McDermitt*, this Court held that the cause of action for a perforation (the injury claimed by Plaintiff in this matter), was only upon imaging. Here, the bodily harm suffered by Plaintiff was not discovered upon imaging until after October 1, 2009. Specifically, while Plaintiff experienced an attempted removal in 2008, she was not diagnosed with excessive perforation until CT imaging was performed on July 16, 2018. Plaintiff's complaint was filed less than one month later, on August 10, 2018. Consistent with this Court's prior ruling, Plaintiff's claims of excessive perforation did not accrue until after October 1, 2009 and her filing is timely.

While some case law suggests statutory amendments cannot revive an extinguished claim, that argument is inapplicable to the case at bar.  *See*, *Lackey v. DePuy Orthopaedics, Inc.*, 2011WL 2791264, at *3-4 (W.D.N.C. 2011).  Plaintiff's claim was never extinguished.  While her filter was implanted in 2007, her claim was still active when North Carolina amended its statute of repose two years later, and because her cause of action accrued after October 1, 2009, she was entitled to file her claim within twelve years of the purchase of her IVC filter.

The primary case relied upon by Defendants, *Cramer v. Ethicon, Inc.* does not support their overbroad conclusion that a six-year statute of repose should apply to *all* claims where the product was purchased or delivered before October 1, 2009.  *Cramer v. Ethicon, Inc.* 2021 WL 243872 (W.D.N.C. 2021). *Cramer* considered the application of North Carolina's statute of repose to injuries caused by a mesh product implanted in 2007. The Court sweepingly concluded that courts apply the six-year statute of repose to any product purchased or delivered before 2009.  *Id. at *4.*  However, the North Carolina cases cited in *Cramer* do not support its conclusion.  *Robinson v. Bridgestone/ Firestone N. Am. Tire, LLC*, 209 N.C. App. 310, 703 S.E.2d 883, 886-87 (N.C. Ct. App. 2011) and *Lackey v. DePuy Orthopaedics, Inc*., 2011 WL 2791264, at *3-4 (W.D.N.C. 2011) related to cases where the claims were **extinguished** before 2009, whereas *Ferro v. Volvo Penta of the Americas, LLC*, 2017 WL 3710071, at *3 (E.D.N.C. Aug. 28, 2017) dealt with a claim that **accrued** before 2009.  Plaintiff's claim is distinguishable because it accrued after 2009 and was not extinguished when the statute of repose was extended in 2012 by the North Carolina legislature.

Because Plaintiff is not attempting to revive an extinguished claim and because the plain language of session Law 2009-420 is clear, the twelve-year statute of repose should be applied to Plaintiff's claim, as intended by North Carolina's legislature.

II.      **North Carolina's statute of repose does not apply to this action.**

  a. *The Disease Exception to North Carolina's statute of repose applies.*

3

The Disease Exception to North Carolina's statute of repose applies to Plaintiff's claim because she is unable to establish the first occurrence of her injury and the injury was not readily apparent. North Carolina's statute of repose does not apply to claims for latent disease. *See, e.g.*, *In re Paraquat Prods. Liab. Litig.*, 2022 WL 451898, at *7-9 (S.D. Ill. Feb. 14, 2022). In determining whether the disease exception applies, the court looks for two characteristics: (1) the difficulty of establishing the exact time Plaintiff's injury first occurred, and (2) some time period between the first exposure to the product and the discovery of the disease, so that the harm would not be apparent until the Plaintiff was diagnosed with CT imaging in 2018. Though Defendant's Motion does not assert sufficient facts for the Court to rule on this issue, the difficulty of establishing when Plaintiff was first harmed by her IVC filter and the time it takes to discover the injury weigh in favor of applying the Disease Exception to Plaintiff's claim.

    b.  *Defendants have waived North Carolina's statute of repose*

Defendants consistently represented that their IVC filters were safe for permanent placement, and they cannot shield themselves from liability by invoking North Carolina's statute of repose. Statutes of repose serve as a "bulwark against the possibility of open-ended exposure to suits for damages," but the North Carolina Supreme Court has recognized that the beneficiary can waive that benefit. *Christie v. Hartley Constr., Inc.*, 367 N.C. 534, 540 (N.C. 2014) (finding that "[a] warranty that a seller knows is unenforceable is a sham, useful only to beguile the unsuspecting). Defendants warranted to both the FDA and consumers that their filters were safe for *permanent* implantation – not merely the first six, or even twelve, years of use. In doing so, they waived the defense of North Carolina's statue of repose, and they should not now be able to escape liability by abandoning their promise to consumers.

For these reasons, Plaintiff requests the Court to deny the Motion.

Dated: May 19, 2022

Respectfully Submitted,

**O'LEARY, SHELTON, CORRIGAN,
PETERSON, DALTON, & QUILLIN, LLC**

*/s/ Michael J. Quillin*
Michael J. Quillin #61877
1034 S. Brentwood Blvd., 23rd Fl.,
PH 1-A, St. Louis, MO 63117
corrigan@osclaw.com
quillin@osclaw.com
(314) 405-9000 telephone
(314) 405-9999 facsimile
*Attorney(s) for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2022, a copy of the foregoing was served electronically

and notice of the service of this document will be sent to all parties by operation of the Court's

electronic filing system to CM/ECF participants registered to receive service in this matter.

Parties may access this filing through the Court's system.

/s/ *Michael J. Quillin*
Attorney for Plaintiff