# EXHIBIT A

```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA
                       INDIANAPOLIS DIVISION


IN RE: COOK MEDICAL, INC.,      )
IVC FILTERS MARKETING, SALES    ) Cause No.
PRACTICES AND LIABILITY         ) 1:14-ML-2570-RLY-TAB
LITIGATION,                     ) Evansville, Indiana
                                ) November 9, 2021
                                ) 10:12 a.m.
                                )
```

**Before the Honorable
RICHARD L. YOUNG**

OFFICIAL REPORTER'S TRANSCRIPT OF
MOTIONS AND STATUS CONFERENCE

**For Plaintiffs:**     Joseph N. Williams, Esq.
                        Riley Williams & Piatt, LLC
                        301 Massachusetts Ave.
                        Indianapolis, IN 46204


                        Michael W. Heaviside, Esq.
                        Heaviside Reed Zaic
                        910 17th Street NW, Suite 800
                        Washington, D.C.  20006


                        David P. Matthew, Esq.
                        Matthews & Associates
                        2905 Sackett Street
                        Houston, TX  77098




                        Kelly Chermack, Esq.
                        Fears Nachawati, PLLC
                        5473 Blair Road
                        Dallas, TX  75231

1  not unless you're actually looking at the vena cava; but on
2  imaging, they define it as three millimeters or more outside
3  the caval wall.
4          That definition in a case category form actually
5  came from the Plaintiffs' proposed case categorization form.
6  You can see here that the yellow highlighting in the bottom
7  half of that cutout, E is penetration or perforation
8  consisting of a filter strut or anchor extending three
9  millimeters or more outside of the IVC wall as demonstrated on
10 imaging.  So the definition is a definition that the
11 Plaintiffs actually proposed.
12         It's consistent with how the Society for
13 Interventional Radiology defines perforation.  It's consistent
14 with how the Plaintiffs' experts -- and these are the three
15 medical experts that you've heard from in the Bellwether
16 trials.  It's consistent with their definitions of
17 perforation.  So at the top we've got Dr. Gordon.  You
18 remember Dr. Krumholz; and then at the bottom was Dr. Kessler.
19 Three millimeters, three millimeters, three millimeters.
20         It's also consistent with much of the literature out
21 there, although there is some literature that says a more
22 modern definition is greater than five millimeters outside the
23 caval wall, but there is substantial literature to support the
24 definition that this Court chose.
25         And it's consistent with the argument that the

1  Plaintiffs made for the case categorization forms.  Mr. Martin
2  argued on behalf of the Plaintiffs that, you know, we heard
3  until the end of time about three-millimeter penetration or
4  perforation.  We have no idea if this is actually a real
5  perforation but he concedes that a two-millimeter perforation
6  probably doesn't constitute an injury itself.
7          So this group of cases, nearly 4,000 cases, should
8  be Category 7 symptomatic perforation cases.  That means they
9  should have medical evidence that they've given with their
10 case categorization form that establishes both a strut outside
11 the caval wall of three millimeters or more and some symptom.
12         We did a sampling of the cases that are in that
13 bucket.  Actually, we did two random samplings.  I talked to
14 you about one of those before the July status conference with
15 a random sampling of 200 cases.  We did a second random
16 sampling within the last month to confirm the results of the
17 first random sampling; and our data shows that 51 percent of
18 the cases in this Category 7(e) have no supporting records
19 that mention the word *perforation* and no mention of any
20 measurement beyond the caval wall.  Only 14 percent of the
21 cases state a measurement of three millimeters or more.
22 That's 14 percent.
23         Now, we see frequently some examples like what I'll
24 show you here.  Here's a case filed by the Ferrer firm where
25 the medical record notes:  Distal anchoring strut exceeds just

1  I don't think we need -- there's no reason to make more work
2  and cause more trouble when what people did was adhere to both
3  of those things.
4          Now, I think -- and Mike and David can correct me,
5  if I'm wrong.  But if somebody has a medical record that says:
6  You have a one millimeter outside the caval wall on imaging
7  event, those cases likely should be dismissed without
8  prejudice.  I don't think I'm saying anything controversial
9  there, but I'll let Mike and Dave jump if they think I am.
10 But what we can't have is some order that demands under threat
11 of sanctions and something else.  As Ms. Pierson said, she
12 wanted to leave that deliberately vague to see what happened.
13 We can't have people under threat of sanction dismissing
14 cases, when all they did is follow the medicine and follow the
15 form.
16          THE COURT:  Thank you.  Any response to that?
17          MS. PIERSON:  Thank you, judge.  I mean, just to be
18 clear.  There's no threat of sanction that's in the proposed
19 order.  What we're asking people to do in the proposed order
20 is:  Show us your proof.  Show us your proof.  You said that
21 you have a perforation.  Show us your proof for that.  And
22 this Court, it's completely within your authority to control
23 your docket, to ask for people to show medical evidence.
24          You know, the part of the definition that
25 Mr. Williams is leaving out from Category 7, and I'm looking

```
 1              I don't find this to be so onerous that it's 4,000
 2  people claim that they have perforation that was caused by a
 3  defect of an IVC filter.  Those 4,000 people ought to have to
 4  show us their proof.  Some of them have done that already.  We
 5  know that 51 percent have not.  You know, Mr. Williams raises
 6  the point that we should just assume that these people have
 7  three millimeters or more of protrusion outside the caval
 8  wall, and he did ask me that question about who uses the term
 9  perforation versus perforation with some measurement, which is
10  why we went back and did the second random sampling of cases
11  to be able to answer that question.
12              As I said earlier, Your Honor, 51 percent of people
13  have no supporting records that mention the word perforation
14  and no mention of any measurement beyond the caval wall.
15  That's 51 percent.  This is not a small number.  Even if you
16  assumed that Mr. Williams is correct, I take issue with his
17  assumptions that the word perforation alone means that it's
18  three millimeters or more.  We heard from his expert
19  Dr. Gordon multiple times that these terms are word salad.
20  That they're meaningless unless you have some measurement that
21  shows the distance outside or that there's some kind of organ
22  involvement.  Word salad, that was his description.  We've
23  heard that in every single trial.
24              But ultimately the answer to the question that
25  Mr. Williams poses is, it's not a small number.  It's roughly
```