# EXHIBIT J

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

### DECLARATION OF BASIL E. ADHAM IN SUPPORT OF PSC'S MOTION TO RECONSIDER, OR IN THE ALTERNATIVE, AMEND CMO-30

I, Basil E. Adham, hereby declare as follows:

1. I am an attorney duly licensed to practice in the State of Texas.

2. I am a Partner at the Johnson Law Group. In this role, I oversee our firm's IVC filter docket which has active cases filed in this court against the Cook Defendants.

3. To date, my firm has over 1,300 cases filed directly into, or transferred to, this MDL against the Cook Defendants.

4. In February 2021, five of my firm's filed Cook IVC filter cases were initially selected for the Category 5/6 Bellwether Pool.

5. One of my firm's selected cases included Mr. Shaquile Finch (1:20-cv-00275-RLY-TAB). Mr. Finch's original categorization form, initially provided to the Cook Defendants on or about January 24th, 2020, identified Mr. Finch as a Category 6 case. The description provided in the categorization form indicated: "4 of the anchoring legs of the filter extend beyond the margin of the wall of the cava. The medial leg extends into the wall of the adjacent aorta. The posterior leg erodes into the anterior inferior margin of the L3 vertebral body in the lateral leg extends slightly into the medial cortex of the right kidney."

1

6. On or about February 26, 2021, after Mr. Finch's case was selected for the Category 5/6 Bellwether Pool, I received a phone call from Jessica Benson Cox, counsel for the Cook Defendants, asking to speak about Mr. Finch's case categorization.

7. Ms. Cox indicated Mr. Finch's case should have been identified as a Category 7 case because of the severity of the perforations identified in Mr. Finch's medical records. During this same conversation, I discussed with Ms. Cox that Category 6 was originally selected because of the language in the categorization forms which specifically indicates Category 6 covers "non-symptomatic" perforations, and Mr. Finch had not reported, nor did we have records in our possession that indicated, any symptoms which a physician directly attributed to the Cook IVC filter.

8. During the same call, Ms. Cox indicated that the Cook Defendants did not have such a narrow of a view of Category 7 cases, and specifically pointed to the language in the categorization forms which indicated that Category 7 is not limited to "symptoms," but also includes "conditions or complications." She indicated that perforation of an organ, even without symptoms, would be viewed as Category 7, because the perforation itself would be a "complication."

9. On that same call, I also provided other examples of complications my office had categorized as Category 6, including cases with perforations extending beyond 3mm of the IVC wall without organ involvement or medical records indicating that a claimant had reported symptoms, and she acknowledged under the explanation she provided and the language in the Categorization form, such cases should be included in Category 7(e).

10. On the same call with Ms. Cox, I indicated my firm, based on the interpretation she provided and her representation of the Cook Defendants' view of Categorization Forms, would need to recategorize a significant number of our filed Cook cases. Furthermore, I asked for the preferred method by which my firm should provide the amended Categorization Forms – whether it would be

2

easier to provide such information in a spreadsheet format, or if they would prefer we submit individual forms for each case. Ms. Cox indicated she would reach out to her "data team" to determine the best way for us to complete such a task.

11. On or about March 2nd, 2021, after the call with Ms. Cox, I followed up with Ms. Cox via email regarding the need to recategorize many of our Category 6 cases to Category 7. On or about March 3rd, 2021, Ms. Cox responded to indicate that she, "Spoke to Andrea [Pierson] about this..." but only indicated that I communicate via a third-party attorney with Ms. Pierson.

12. Due to the lack of clear guidance, my firm at that time, only recategorized Mr. Finch's case, thus enabling the Cook Defendants to remove the case from the Bellwether Pool.

13. To the best of my recollection, and after a diligent search of my records, at no time prior to the call received from Jessica Benson Cox on February 26, 2021, did the Cook Defendants indicate any issues or concerns with the categorization of Mr. Finch's case, or any of our other cases' Categorization Forms.

14. On or about July 13th, 2021, I received another email from Ms. Jessica Benson Cox asking to speak about another one of our cases in the Category 5/6 Bellwether pool – Ms. Augustine Stanley (1:18-cv-02872-RLY-TAB).

15. On or about July 14th, 2021, I called and spoke to Ms. Cox, who requested our firm recategorize Ms. Stanley from a Category 6 to a Category 7 case as Ms. Stanley had suffered spinal and organ perforation. Again, while Ms. Stanley's Cook IVC filter did in fact perforate her spine and organ, her injuries were asymptomatic, which is why our firm initially categorized Ms. Stanley as a Category 6 case.

16. Once again, I discussed with the Cook Defendants through their counsel the need to recategorize many of our Category 6 cases. Specifically, our firm categorized organ perforation cases without symptoms as Category 6 based on the language of the Cook Categorization Form.

17. On or about July 19th, 2021, Mrs. Cox sent a follow-up email asking if my firm intended to submit a new categorization form for Ms. Stanley.

18. On or about July 20th, 2021, per the Cook Defendants' request, my firm submitted an amended Categorization form identifying Ms. Stanley's case as Category 7, thus ensuring that the case would not be eligible for Bellwether selection.

19. From my understanding of my various conversations with the Cook Defendants, through their counsel, I was led to believe that the Cook Defendants considered Category 7 cases to include asymptomatic cases when organ perforation *or another asymptomatic complication* was present that otherwise falls into one of the subcategories listed within Category 7.

20. Following my July 14th, 2021, call with Ms. Cox, I instructed my firm to begin a thorough review of our Category 6 cases and to begin amending categorization forms for each plaintiff who was preliminarily categorized as a Category 6, but for whom medical records or imaging were available confirming one or more of the Category 7 "conditions or complications," were present, regardless of whether or not "symptoms" were directly attributed to such complications.

21. Based on my multiple conversations with the Cook Defendants confirming that they do not limit Category 7 cases to those that identify physical symptoms, I instructed my firm to amend and recategorize our Category 6 cases with any of the identified "conditions or complications" to Category 7.

22. Over the course of the next several months, my firm recategorized more than two hundred cases from Category 6 to Category 7 - using the interpretation methodology defense counsel

4

confirmed they employed to categorize cases, which they used to remove cases from the Bellwether Pool.

23.  To this day, other than the two Bellwether Pool cases, discussed herein, for which the Cook Defendants affirmatively requested our firm recategorize to remove from the Bellwether Pool, at no time did the Cook Defendants challenge or assert any deficiencies in the original ***or amended*** categorization of my firm's cases filed in the MDL.

24.  The first time I was made aware that the Cook Defendants were once again changing their interpretation of the language within the Categorization Forms was in their initial push for CMO 30. Specifically, in the November 9, 2021, Motions and Status Conference in which the Cook Defendants used three of our firm's cases as examples of improperly categorized Category 7 cases. Apart from the two cases discussed above in the Category 5/6 Bellwether Pool, the Cook Defendants have never notified our firm that they believed we improperly categorized, or that they believed the records provided were deficient, on the three cases identified in the hearing, nor that any of our other filed cases were allegedly improperly categorized or unsupported. This "shock and awe" attack was both surprising and misplaced as our firm has previously worked to timely respond and coordinate with defense counsel regarding recategorizing cases they believed were miscategorized.

25.  Further, in the over one thousand categorization forms my firm has provided to the Cook Defendants, we included supporting documentation, whether it be medical records or imaging, supporting our categorization of the Plaintiff's injury or injuries. In the November 9, 2021, Motions and Status Conference, the Cook Defendants implied that a large portion of the Plaintiffs in this litigation failed to provide such proof. Given the large percentage of my firm's cases in this litigation, including more than 970 Category 7 cases, I find this assertion hard to believe without the Cook Defendants providing a list of the specific cases they allege are incorrectly categorized or lack

5

supporting records. If the Cook Defendants believe that any of my firm's cases are incorrectly categorized, or lack sufficient records, I would welcome them to provide my office with a list of such alleged deficiencies for review.

26. The so-called "new" definition of Category 7 cases identified in the Cook Defendants' requested CMO 30 is vastly different than the representations made by the Cook Defendants to my firm, which they used to their benefit to remove cases selected for the Bellwether Pool.

27. Without the representations made by the Cook Defendants, my firm would not have recategorized Ms. Augustine Stanley's case – an *asymptomatic* organ perforation case from Category 6 to Category 7 – as it has become clear that the Cook Defendants are once again attempting to play both sides of the issue; taking advantage of the language in the Categorization Forms to remove triable cases from the Category 5/6 Bellwether pool, and then argue that similar cases were improperly categorized.

28. Furthermore, without the representations made by the Cook Defendants, my firm would not have subsequently reclassified hundreds of Category 6 cases to Category 7 cases – having only done so in reliance on, and after consultation with, the Cook Defendants.

I declare under penalty of perjury that the foregoing is true and correct to the best of my recollection.

Executed on this 13th day of May, 2022.

_____
Basil E. Adham
Declarant

6