UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIAIBLITY LITIGATION | CASE No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:
Vickie Kirk – 1:17-cv-01813

PLAINTIFF VICKIE KIRK'S AFFIDAVIT
AND RESPONSE TO DEFENDANT'S MOTION FOR JUDGMENT

## AFFIDAVIT OF VICKIE KIRK

STATE OF ARIZONA, COUNTY OF MARICOPA

My name is Vickie Kirk. This affidavit is based upon my personal knowledge. I am over the age of eighteen and competent to testify on the matters stated.

1. I was implanted with a Cook Gunter Tulip Vena Cava Filter on February 13, 2014, by Dr. Aaron Whittenberg at John C. Lincoln North Mountain Hospital in Phoenix, AZ.

2. On June 10, 2014, I underwent a procedure with Dr. Whittenberg to have the IVC filter removed. I never had any symptoms or problems with the IVC filter prior to the retrieval procedure. I was following the doctor's orders to return and have the filter removed.

3. I understood from Dr. Whittenberg that he was unable to remove the filter during the retrieval procedure. I understood from Dr. Whittenberg that sometimes that happens.

4. Because of what I was told by Dr. Whittenberg, I did not believe that the inability to remove the filter was the result of negligent conduct on the part of any particular person or company. I did not know why the filter could not be removed or that any wrong had occurred. I thought it was a recognized complication with no medical consequences.

5. In or around April 2017, I began to see information on television suggesting there may be problems with the IVC filter. I thought, "Wait, that's the same problem I have." I got on my computer and did some research. My research led me to the conclusion, for the first time, that my injury may be related to negligence by the company that designed, sold and/or manufactured it.

6. I contacted a lawyer on or around April 24, 2017. My lawsuit was filed June 2, 2017, less than two months after I discovered that the product was to blame for my injuries.

Further Affiant Sayeth Not.   Vickie Kirk: _____Vickie Kirk_____   Date: 05/21/2022

Sworn and subscribed before me this 21 day of May, 2022.
Notary Public: _____CMBodkin_____   Affix Seal Here:



CRISTINE BODKIN
Notary Public - Arizona
Maricopa County
Commission # 584359
My Comm. Expires Jun 30, 2024

**RESPONSE TO DEFENDANT'S MOTION FOR JUDGMENT**

Arizona's statute of limitations applies in this case. (Ariz. Rev. Stat. Ann. §§ 12-542 and 12-551). Under Arizona's "'discovery rule,' a plaintiff's cause of action does not accrue until the plaintiff knows or, in the exercise of reasonable diligence, should know the facts underlying the cause." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co.*, 182 Ariz. 586, 588 (Ariz. 1995). Notably, "when discovery occurs and a cause of action accrues are usually and necessarily questions of fact for the jury." *Doe v. Roe*, 955 P.2d 951, 961 (1998).

The discovery rule was developed in an effort to mitigate the harshness that the traditional statute of limitations rule was capable of inflicting on a plaintiff who did not know of the defendant's conduct. *Gust,* 182 Ariz. at 588.

> A common thread seems to run through all the types of actions where the courts have applied the discovery rule. The injury or the act causing the injury, or both, have been difficult for the plaintiff to detect… [P]laintiffs should not suffer where circumstances prevent them from knowing they have been harmed.

*Id.* "The defense of statute of limitations is never favored by the courts, and if there is doubt as to which of two limitations periods should apply, courts generally apply the longer." *Id.,* at 589.

"The cause of action does not accrue until the plaintiff discovers or by the exercise of reasonable diligence should have discovered that … she has been injured by a *particular defendant's negligent conduct.*" *Lawhon v. L.B.J. Inst. Supply*, 159 Ariz. 179, 183 (Ariz. Ct. App. 1989) (emphasis added). Defendant cites *Doe* for the proposition that "a plaintiff need not know all the facts underlying a cause of action to trigger accrual," but omits this next sentence: "But the plaintiff must at least possess a minimum requisite of knowledge sufficient to identify that a wrong occurred and caused injury." *Doe,* 191 Ariz. at 323. "[I]t is unjust to deprive a plaintiff of a cause of action before the plaintiff has a reasonable basis for believing the claim exists." *Id.* at 322. Defendant similarly omits the counterpoint to its citation of *Walk v. Ring,* 44

P.3d 990 (reversing dismissal): "There are…cases… in which factual context does not permit finding, as a matter of law, that [plaintiff] was promptly on sufficient notice of the confluence of 'what' and 'who' and that an unhappy result should be investigated…." *Id.* at 994.

Ms. Kirk's case is distinguishable from *Bush*.[1]  In Bush, both plaintiff and defendant agreed the case was subject to Indiana law (Dkt. 18424 at 1; Dkt. 18678 at 2); thus, the briefs do not address the *Lawhon* ruling that accrual does not occur until plaintiff discovers that she has been injured *by a particular defendant's negligent conduct.*  Because Bush did not submit an affidavit with her brief, there was a lack of evidence regarding when she became aware of information that would put her on notice to investigate a possible claim. Ms. Kirk, on the other hand, was told by her physician that the inability to retrieve the filter was simply something that sometimes happened. She had no reason to suspect negligence by Defendant until April 2017.

If the Court agrees with Defendant that Plaintiff's consumer protection[2] and express warranty claims are not adequately pled in the Master Complaint, Plaintiff requests the opportunity to amend her Complaint.

Plaintiff's claim did not accrue until she learned of the possibility of Defendant's negligent conduct in or around April 2017.  Each of Plaintiff's claims was timely brought under Arizona law; thus, her derivative claim for punitive damages survives as well.

Defendant's motion should be DENIED.

                    Vickie Kirk, Plaintiff, by her attorneys:

                    /s/  James B. Matthews

                    James B. Matthews (Georgia Bar No. 477559)
                    Henry G. Garrard (Georgia Bar No. 286300)
                    Blasingame, Burch, Garrard & Ashley, P.C.

---

[1] In Re: Cook Medical, Inc. IVC Filters Marketing, Sales Practices and Products Liability Litigation (MDL No. 2570) – Plaintiff Lisa Bush (1:16-cv-01126), cited by Defendant in its Motion to Dismiss at 2.

[2] Although not raised by Defendant, Plaintiff likewise contests that her consumer protection claim is untimely.

P.O. Box 832
Athens, GA 30601
(706) 354-4000
jmatthews@bbga.com
hgarrard@bbga.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2022, a copy of the foregoing **PLAINTIFF VICKIE KIRK'S AFFIDAVIT AND RESPONSE TO DEFENDANT'S MOTION FOR JUDGMENT** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *James B. Matthews*

James B. Matthews (Georgia Bar No. 477559)
Henry G. Garrard (Georgia Bar No. 286300)
Blasingame, Burch, Garrard & Ashley, P.C.
P.O. Box 832
Athens, GA 30601
(706) 354-4000
jmatthews@bbga.com
hgarrard@bbga.com