UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Case:

Dennis A. Hunter, Jr.,
*as Administrator of the Estate of Servietta Hameed* – 1:17-cv-06059

## COOK DEFENDANTS' OPPOSITION TO PLAINTIFF HAMEED'S (ESTATE) MOTION FOR LEAVE TO FILE SECOND AMENDED SHORT-FORM COMPLAINT

Defendants Cook Incorporated, Cook Medical LLC, *formerly known as* Cook Medical Incorporated, and William Cook Europe ApS (collectively, "Cook") urge the Court to deny Plaintiff's Motion for Leave to File Second Amended Short Form Complaint (Dkt. 22014). Plaintiff missed the Court's deadline for amending the allegations of fraudulent concealment that he now seeks to make, and the proposed amendments would be futile in any event.

**A.    Plaintiff's Proposed Amendment Concerning Fraudulent Concealment Missed the Court's Deadline for Such Amendments by More Than 15 Months.**

The Court should deny Plaintiffs' motion as untimely.  Most of Plaintiff's proposed amendment offers additional allegations concerning Plaintiff's claim for fraudulent concealment. *See* Pl.'s Mot. for Leave and Proposed Second Am. Short-Form Compl., Dkt. 22014 at ¶ 4; Pl.'s Proposed Supplemental Allegations, Dkt. 22015.  But the Court already set a deadline for making such amendments, and that deadline expired nearly 15 months ago.  Plaintiff's motion neither acknowledges that long-passed deadline nor offers any good cause for the Court to disregard it.

On February 22, 2021, the Court filed its Entry on Cook Defendants' Omnibus Motion for

Partial Dismissal or Partial Summary Judgment on Claims for Fraudulent Concealment, which pertained to all cases in the MDL, including Plaintiff's case here.¹ *See generally* Dkt. 15907. The order dismissed all Plaintiffs' fraudulent concealment claims "[b]ecause Plaintiffs failed to sufficiently allege a claim for fraudulent concealment in either the Master Complaint or in their Short Form Complaints." *Id.* at 9. The Court also granted Plaintiffs leave to amend their complaints to include case-specific allegations supporting a claim for fraudulent concealment, setting a deadline of March 19, 2021. *Id.*

In response to this Order, hundreds of Plaintiffs amended their complaints by this deadline. Those amending Plaintiffs made precisely the same sort of factual allegations purporting to show fraudulent concealment that Plaintiff here offers in his proposed amendment. *See* Dkt. 18315-2 (setting forth a chart of unique allegations in Plaintiffs' Amended Short-Form Complaints filed between February 22, 2021 and March 26, 2021). Plaintiff Hunter, however, made no attempt to amend his Short-Form Complaint to add such any such additional allegations concerning his fraudulent concealment claim before the Court's deadline.

Plaintiff's motion does not mention the Court's March 19, 2021, deadline for amendments concerning fraudulent concealment and offers no reason why the Court should allow him to disregard that deadline. Instead, Plaintiff asks for what is effectively a ***fourth*** opportunity to amend his pleadings.² Plaintiff does not explain why his proposed amendment—which contains

---

¹ Plaintiff's case was filed in the Eastern District of North Carolina on February 6, 2017. The case was transferred into the MDL on February 23, 2017, with a Short-Form Complaint filed on February 28, 2017. Plaintiff's case was thus pending in the MDL at the time of the Court's February 22, 2021 Order.

² Plaintiff had two opportunities to add fraudulent concealment allegations to his complaint beyond the amendment period the Court granted for that express purpose. When this case was transferred to the MDL, Plaintiff was required to submit a Short-Form Complaint, which presented an opportunity for Plaintiff to add additional allegations in the space provided by Paragraph 14 for "Other" claims and allegations.

no newly discovered information—could not have been made when the Court granted all Plaintiffs in the MDL leave to amend their complaints. Put differently, Plaintiff has not provided **any** justification for the failure to cure the deficiencies in his allegations of fraudulent concealment, express warranty, and common law fraud during previous opportunities to amend, including an opportunity granted by the Court to specifically cure any deficiencies concerning his fraudulent concealment claim.³ *See Villa v. City of Chicago*, 924 F.2d 925, 927 (7th Cir. 1991) (explaining that a grant of leave to amend is inappropriate where, *inter alia*, "there is . . . repeated failure to cure deficiencies by amendments previously allowed"). Plaintiff's failure to cure the pleading deficiencies during these previously allowed amendments, especially the established amendment period for fraudulent concealment claims, should preclude leave now. *See id*.

The length of Plaintiff's delay in moving to amend—nearly 15 months past the Court's deadline—also justifies denial of his motion. *See* Dkt. 15907 at 9 (granting Plaintiffs leave to amend their complaints to include case specific allegations supporting a claim for fraudulent concealment by March 19, 2021). Such a long, undue, and unexplained delay in requesting leave to amend, especially where the amendment is sought in response to a dispositive motion, can itself be grounds for denial, even where no prejudice is shown by the party opposing the motion. *See*

---

In addition, on February 19, 2021, Plaintiff filed a Motion to Substitute Party and for Leave to File First Amended Short Form Complaint. *See generally* Dkt. 15890. Plaintiff did not use this opportunity to amend the substantive claims in the complaint beyond alleging a survival action. *See* Dkt. 22014 at 2. Plaintiff made the decision not to amend the substantive claims in the complaint despite the pendency of Cook's Motion for Partial Dismissal or Partial Summary Judgment on Claim of Fraudulent Concealment, which was filed on June 19, 2020 and pertained to Plaintiff's case. *See generally* Dkt. 13648. The Court granted Plaintiff's motion for leave on March 10, 2021, and an Amended Short-Form Complaint was filed. *See generally* Dkt. 16062.

³ Plaintiff's proposed amendments reinforce the conclusion that they should have been made by the Court's March 19, 2021 deadline. Plaintiff's additional allegations in support of his fraudulent concealment, express warranty, and common law fraud claims all stem from the same operative facts. *See generally* Dkt. 22015. Indeed, Plaintiff's proposed amendments concerning the express warranty and common law fraud claims explicitly invoke fraudulent concealment concepts, such as the alleged concealment of facts that would make Plaintiff aware of a personal injury claim. *See, e.g.*, Dkt. 22015 at ¶¶ 26-30, 34-36, 48-53.

*Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992) (citations omitted) ("While delay in itself does not constitute a sufficient basis for denying a motion to amend, . . . 'the longer the delay, the greater the presumption against granting leave to amend.'"); *J.P. Morgan Chase Bank, N.A. v. Drywall Serv. & Supply Co., Inc.*, 265 F.R.D. 341, 347 (citing *Sanders, et al. v. Venture Stores, Inc.,* 56 F.3d 771, 775 (7th Cir. 1995); *Kleinhans v. Lisle Sav. Profit Sharing Trust,* 810 F.2d 618, 625 (7th Cir.1987)) ("If the moving party fails to provide any explanation for not filing its amendment sooner or if the explanation it provides is inadequate, that will weigh towards denying leave to amend."). Plaintiff's request is untimely, and the Court should deny it.

**B.     Plaintiff's Proposed Amendments Would Be Futile**

The Court should also deny Plaintiff's request for leave to amend because the proposed amendments would be futile. *See Villa*, 924 F.2d at 927 (explaining that a grant of leave to amend is inappropriate where, *inter alia*, "there is . . . futility of the amendment"). "Futility generally is measured by whether the amendment would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Ellman v. Amsted Rail Co., Inc.*, 2018 WL 1725494, at *2 (N.D. Ind. Apr. 9, 2018); *see also Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997) (citation omitted) ("The opportunity to amend a complaint is futile if 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'"). Here, Plaintiff's proposed amendments cannot meet this standard.

Plaintiff's proposed amendments, while allegedly also supporting the express warranty and common law fraud claims, all rely on the same allegations of fraudulent concealment. And these proposed amendments still fail to state a viable claim. *See generally* Cook's pending Renewed Motion for Partial Dismissal of Claim of Fraudulent Concealment, Dkt. 18314 (motion); Dkt. 18315 (memorandum in support); Dkt. 19358 (reply). As explained in detail in Cook's Renewed

Motion, a claim for fraudulent concealment must be pled with particularity. *See* Dkt. 15907 at 8-9; *see also In re Trasylol Prods. Liab. Litig.*, 2009 WL 577726, at *9 (S.D. Fla. Mar. 5, 2009) (holding in the MDL context that "any allegation of fraud based on [statements made to plaintiffs' physicians] must be pled with particularity"). This requires a plaintiff to describe the "who, what, when, where, and how" of the alleged fraud. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018). Further, as this Court has held, "[a] claim of fraudulent concealment requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action." Dkt. 15907 at 6 (citations omitted).

Here, Plaintiff's proposed amendments concerning the fraudulent concealment claim do not fix the deficiencies the Court identified in its order—that is, the amendments still do not describe the "who, what, when, where, and how" of the alleged fraud, and they still do not explain how Cook allegedly concealed Plaintiff's cause of action. Accordingly, Plaintiff's proposed amendments are futile on their face and should be rejected.

With respect to the express warranty claim specifically, Plaintiff's proposed amendment fails for similar reasons. As described in more detail in Cook's forthcoming Reply in Support of Motion for Judgment in Plaintiff Servietta Hameed (Estate)'s Case Pursuant to CMO-28, Plaintiff's express warranty claim fails because (1) it is subsumed into her time-barred product liability claims; (2) Plaintiff has failed to identify any actionable express warranty; and (3) Plaintiff cannot establish receipt or reliance upon the alleged warranty. Thus, Plaintiff's proffered amendment concerning the express warranty claim would also be futile and should be denied.

Because the deadline for Plaintiff to cure the pleading deficiencies in his fraudulent concealment claim has long passed, and because the proposed amendments are untimely and futile, Cook respectfully requests that this Court deny Plaintiff's motion for leave to amend.

|  |  |
|---|---|
| | Respectfully submitted, |
| Dated: May 26, 2022 | /s/ *Jessica Benson Cox* <br> Jessica Benson Cox <br> Andrea Roberts Pierson <br> FAEGRE DRINKER BIDDLE & REATH LLP <br> 300 North Meridian Street, Suite 2500 <br> Indianapolis, Indiana 46204 <br> Telephone: (317) 237-0300 <br> Andrea.Pierson@FaegreDrinker.com <br> Jessica.Cox@FaegreDrinker.com <br><br> James Stephen Bennett <br> FAEGRE DRINKER BIDDLE & REATH LLP <br> 110 West Berry Street, Suite 2400 <br> Fort Wayne, Indiana 46802 <br> Telephone: (260) 424-8000 <br> Stephen.Bennett@FaegreDrinker.com <br><br> *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2022, a copy of the foregoing **COOK DEFENDANTS' OPPOSITION TO PLAINTIFF HAMEED'S (ESTATE) MOTION FOR LEAVE TO FILE SECOND AMENDED SHORT-FORM COMPLAINT** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*