IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC, IVC FILTERS
MARKETING, SALES PRACTICES AND                     Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                                             MDL No. 2570

_____

This Document Relates to Plaintiff(s):

*Regina Sisco*
Civil Case No.: 1:22-cv-00647

**PLAINTIFF REGINA SISCO'S RESPONSE IN OPPOSITION TO COOK'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO CMO-28**

The Cook Defendants' ("Cook") motion for judgment based on North Carolina's Statute of Repose ("SOR") fails for a number of reasons. First, Cook waived the SOR through its express warranty that exceeded far beyond the SOR limitation. Second, Plaintiff Regina Sisco's claims fall under the disease exception to North Carolina's SOR which has been deemed applicable in medical device implant cases. Third, Cook should be equitably estopped from asserting this defense as it fraudulently concealed evidence from Plaintiff and her physicians.

**I.   COOK WAIVED THE NORTH CAROLINA SOR THROUGH ITS EXPRESS WARRANTY.**

In North Carolina, a manufacturer may "bargain away" or "waive" the benefits of the SOR by providing an express warranty for a period that exceeds the SOR time limit. *Christie v. Hartley Construction, Inc.,* 766 S.E.2d 283, 288 (N.C. 2014) (the contract at issue provided a warranty of twenty years—exceeding the state's SOR). Parties are "free to contract as they deem appropriate." *Id.* Cook made "affirmations of fact" that its Celect IVC filter is "safe and effective as a permanent filter" to doctors and patients. According to Cook, the Celect can remain safely in the patient forever and removal is unnecessary thus providing Plaintiff with a lifetime warranty. Cook's

1

advertising, just like the advertising in *Christie*, created express warranties under North Carolina law. *See also, Bussian v. DaimlerChrysler Corp.*, 411 F.Supp. 2d 614, 620 (M.D.N.C. 2006) (representations regarding "projected design life," "durability," and being "maintenance free" are sufficient to create an express warranty); *see also, Goodling v. Johnson & Johnson*, 2022 WL 414285, at *12 (M.D.Pa. Feb. 10, 2022) (representations that a "pelvic mesh implant" is "a permanent implant" that "would not need to be removed," are warranties that extend to future performance). Plaintiff discussed the filter with her doctor and provided informed consent, relying on representations that the filter would be safe and effective as a "permanent filter." *See* Master Consol. Compl. ("Master Compl.") at ¶¶ 55-59, 105-06; *see also* Short Form Compl. ("SFC") at ¶ 14.

Plaintiff's reliance on these warranties were part of the "basis of the bargain" in deciding to use the filter. *See* Master Compl. at ¶ 95,103-08. Even if Plaintiff relied on her doctor's medical judgment alone, there is a presumption that the manufacturer's representations, which formed the basis of the doctor's medical judgment, were part of the basis of the bargain. *Felan v. Boston Scientific, Corp.*, 2015 WL 2137180, at *11 (S.D.W.Va. May 7, 2015) (applying North Carolina law). Cook breached these warranties because the Celect filter is *not* safe and effective as a permanent filter. As a result of this breach, Plaintiff was injured when the filter perforated through her caval wall and protrudes into her duodenum requiring removal surgery. *See* Master Compl. at ¶ 62.

Cook warranted that the life of the product exceeds the SOR period when it advertised and represented its Celect filter as a safe and effective "permanent" filter to gain a competitive edge and induce doctors and patients to choose its filter. As a result, Cook bargained away the benefits of the SOR defense and cannot be allowed to rely on it now. Even if this Court is not inclined find

in Plaintiff's favor on this issue (it should), the question of whether an express warranty existed and was breached is one for the **jury**. *City of High Point v. Suez Treatment Sols.*, 485 F. Supp. 3d 608, 628 (M.D.N.C. 2020).

## II. PLAINTIFF REGINA SISCO'S CASE FALLS UNDER THE DISEASE EXCEPTION TO NORTH CAROLINA'S SOR.

North Carolina recognizes a "disease exception" to its SOR. *Wilder v. Amateur Corp.*, 336 S.E.2d 66-67 (N.C. 1985). In a recent decision from this Court's sister district, also presiding over a medical device MDL, Judge Robert L. Miller held that there were two approaches to this issue on the basis of two cases from two different circuits: *Hyer v. Pittsburgh Corning Corp.*, 790 F.2d 30 (4t Cir. 1986) and *Klein v. DePuy, Inc.*, 506 F.3d 553 (7t Cir. 2007). *In re Biomet M2a Magnum Hip Implant Prods. Liab. Litig.*, 2019 WL 110892, *2 (N.D. Ind. 2019). Whether the disease exception applies to cases involving an IVC filter has yet to be decided in North Carolina. *Id.*

Under *Hyer*, which the *Biomet* court noted has been followed by the majority of federal courts to rule on the issue since 1986, the disease exception applies to all, or nearly all, statutes of repose. *Biomet*, at *5. Another MDL court within the Seventh Circuit has also followed *Hyer* and concluded that the disease exception applies to the North Carolina SOR and that the plaintiffs' claims were not time-barred. *In re Paraquat Prods. Liab. Litig.*, 2022 WL 451898, *6-9 (Feb. 14, 2022).

Applicable case law confirms that consideration of what injuries qualify as a disease exception is not as simple as Cook contends in other briefing. The Fourth Circuit has already held years ago that the disease exception can and did apply in such a case. *Bullard v. Dalkon Shield Claimants Trust*, 74 F.3d 531 (4th Cir. 1996) (applying North Carolina law). In that case, the Fourth Circuit held that it believed the North Carolina Supreme Court would find that pelvic inflammatory disease—arising from the implantation of an intra-uterine device ("IUD"), a medical

3

device, "is a disease and that the statute of repose does not apply to bar the plaintiff's claim." *Id*., at 532.

According to the Fourth Circuit, the pertinent question is not whether the offending product is an implantable medical device or not, rather:

> the court looks primarily to two characteristics: the difficulty or impossibility in establishing the exact time the injury first occurs or the disease process begins, and some period of time between first exposure to the product and the discovery of the disease, so that the harm caused by the product would not be readily apparent until the disease is diagnosed as such.

*Id*., at 535. *Bullard*, involving an implantable medical device and following both *Wilder* and *Hyer* (both precedential here), makes clear the disease exception is not as limited as this Court was previously led to believe. The timing of Plaintiff's injuries caused by the Celect filter is unknown and unknowable. By the time imaging was done, Plaintiff's Celect filter had already perforated her vena cava and her duodenum.

Unlike in Cook's cited case, *Cramer v. Ethicon, Inc.,* 2021 WL 243872, at *6 (W.D.N.C. Jan. 25, 2021), where the Court held that the disease exception did not apply because the plaintiff's alleged urinary tract and bladder infections are discrete medical events that occurred at a readily identifiable point in time, it is impossible to establish when the filter began perforating the Plaintiff's vena cava wall and adjacent organs in her body. Furthermore, the harm was not readily apparent until diagnosis, long after her first exposure (implant) to the device. There was no sudden or discrete medical event that occurred which would have made Plaintiff aware that her filter was causing her harm. *See* Master Compl. at ¶ 196-97. As such, Cook's motion should be denied.

**III.    THE DOCTRINE OF EQUITABLE ESTOPPEL PRECLUDES COOK'S RELIANCE ON NORTH CAROLINA'S SOR.**

North Carolina courts apply the principle that a defendant may be equitably estoppel from using a statute of limitations or repose "as a sword" to unjustly benefit from his own conduct which

4

induced a plaintiff to delay filing suit. *Ferro v. Volvo Penta of the Americas, LLC*, 2017 WL 3710071, at *4 (E.D. N.C. Aug. 28, 2017), aff'd sub nom., *Ferro v. Volvo Penta of the Americas, LLC*, 731 F. App'x 208 (4th Cir. 2018); *Trillium Ridge Condo. Ass'n, Inc. v. Trillium Links & Vill., LLC*, 764 S.E.2d 203, 216-17 (N.C. Ct. App. 2014). North Carolina courts recognize the doctrine of equitable estoppel based upon fraudulent concealment. *Biomet*, at *3 (acknowledging North Carolina's recognition of equitable estoppel in similar circumstances). In order to establish equitable estoppel as a bar:

> (1) the defendant must have conducted itself in a manner which amounts to a false representation or concealment of facts; (2) this conduct must have been intentional; and (3) the defendant must have knowledge, actual or constructive, of the real facts. The plaintiff must also demonstrate that (1) it has a lack of knowledge and the means of knowledge as to the real facts in question; and (2) it relied upon the conduct of the party sought to be estoppel to his prejudice.

*Ferro*, at *9 (internal citations omitted). As set forth above regarding Plaintiff's express warranty claims and more particularly in Plaintiff's Complaint, Cook's representations that the filter is "safe and effective" as a permanent filter are false.

Additionally, Cook fraudulently concealed the information from its own studies demonstrating the filter was not "safe and effective" from Plaintiff, her physician and the medical community.[1] Cook maintained the secrecy of this information precluding access to it.[2] Plaintiff, and her physician, relied on Cook's false representations and concealment to her detriment, *i.e.*, she would not have had the filter implanted. *See* Master Compl. at ¶¶ 45-46, 55-59, 114-17; *see also* SFC at ¶ 14. Instead, it remained implanted as a permanent filter until it caused her injuries. The allegations in Plaintiff's complaint must be taken as true and construed in favor of Plaintiff.

---

[1] *See* Plaintiff Steering Committee's Response in Opposition to Defendant's Renewed Motion for Partial Dismissal of Claims of Fraudulent Concealment (Dkt. No. 18900 at 25-30, incorporated herein by reference).
[2] *Id.*

5

Therefore, under the doctrine of equitable estoppel, Cook cannot use North Carolina's SOR as a sword against Plaintiff's claims.

## **CONCLUSION**

Cook's own conduct has waived its ability to use North Carolina's statute of repose as a defense to Plaintiff's claims. Cook fraudulently concealed information to Plaintiff's detriment and Plaintiff's claims meet the requirements of the disease exception to the statute of repose. There is no scenario in Cook's favor on this issue and its motion for judgment is due to be denied.

Respectfully submitted, this the 27th day of May, 2022.

*/s/ Donald P. McKenna*
Donald P. McKenna
Calle M. Mendenhall
**FARRIS, RILEY & PITT, LLP**
The Financial Center
505 20th Street North, Ste. 1700
Birmingham, AL 35203
T: 205-324-1212
F: 205-324-1255
dmckenna@frplegal.com
cmendenhall@frplegal.com

*Counsel for Plaintiff Regina Sisco*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 27th, 2022, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electric filing system to the CM/ECF participants registered to receive service in this matter. Parties may access the filing through the Court's system.

                                                                                                          */s/ Donald P. McKenna*