IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC, IVC FILTERS
MARKETING, SALES PRACTICES AND                    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                                    MDL No. 2570
_____

This Document Relates to:

    DENNIS A. HUNTER, JR.,
      as Administrator of the Estate of Servietta Hameed
      1:17-cv-06059-RLY-TAB

_____

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED SHORT FORM COMPLAINT

Plaintiff has not "delayed" in bringing additional allegations to support his breach of warranty and equitable estoppel claims—on the contrary, Plaintiff timely moved the first instance these issues were raised in this individual, non-bellwether case. There is no deadline currently set or running on amended pleadings, discovery, or trial in this case. Cook's Opposition to Plaintiff's Motion to Amend misstates the issues raised in Plaintiff's Opposition to Cook's Motion for Judgment on the Pleadings, conflates the allegations sought to be included in Plaintiff's complaint if Plaintiff's Motion to Amend is granted, misrepresents the timeline of this litigation, and, hypocritically, ignores Cook's own dilatory conduct underlying the history of this case (and litigation as a whole).

A party may amend by leave of the Court, and "[t]he court shall freely give leave when justice so requires." Fed. R. Civ. P. 15(a). A party may amend the pleadings as may be necessary and "at any time" "to conform them to the evidence." Fed. R. Civ. P. 15(b). There is no undue delay or prejudice to Defendants here. Plaintiff's case is not a bellwether case, there are no

1

scheduling orders in place with any deadlines that Plaintiff's motion to amend has violated, and there has been no case-specific discovery conducted (or allowed) in this case. Plaintiff's amended complaint is submitted to address Defendants' Motion for Judgment on the Pleadings and specifically, claims that Plaintiff's individual claims lack specificity. A review of Plaintiff's proposed amended complaint (and supporting exhibits) show that Plaintiff's claims are not futile. The proposed amended complaint sets forth, in detail, the express warranties made by Cook regarding the Gunther Tulip filter implanted in Plaintiff Hameed as well as the facts demonstrating the fraudulent nature of those warranties, the concealment of facts and the breach of those warranties by Cook, all of which plausibly state claims for breach of express warranties, equitable estoppel and fraud—which is all that is required at this stage. *See Campbell v. Valtrans Express, Inc.*, 2:20-cv-00293, *4 (S.D. Ind. Aug. 25, 2021).

      Plaintiff specifically adds additional allegations to the complaint to further support both a breach of express warranty claim and a claim for equitable estoppel—neither one of which have been challenged until now. That Plaintiff was afforded an opportunity to amend the complaint pursuant to this Court's February 22, 2021 ruling to allege additional allegations to support a claim for fraudulent concealment to toll the statute of limitations is irrelevant; Cook has not sought dismissal of Plaintiff's case on the basis of any statute of limitations argument (nor does it have any basis to do so). Plaintiff moves to amend Plaintiff's claims of breach of express warranty and equitable estoppel that support this Court's denial of Cook's motion for judgment on the pleadings on the basis of the North Carolina statue of repose. That motion was brought on May 3, 2022. Dkt. 21936.

      This Court has already permitted a number of Plaintiffs—including those fighting the same near-verbatim North Carolina state of repose Motion for Judgment on the Pleadings that Plaintiff

Hunter is opposing now—to amend their complaints to add near-identical allegations. *See* Dkt. 21643; Dkt. 21377. This Court has also routinely permitted a number of Plaintiffs to amend and add additional facts and claims when faced with a Motion for Judgment on the Pleadings brought by Cook pursuant to CMO-28. *See* Dkt. 18285; Dkt. 18921; Dkt. 18923; Dkt. 18925; Dkt. 19303.

Cook did not challenge allegations related to equitable estoppel or breach of warranty in the master complaint when it filed its Motion for Partial Summary Judgment seeking dismissal of the fraudulent concealment allegations in the master complaint—there has been no opportunity or need for Plaintiff to seek any amendment until now. Furthermore, simply because the new allegations would *also* support a fraudulent concealment claim sufficient to toll the statute of limitations does not mean they cannot be raised as facts to support other claims by Plaintiff. Facts uncovered in discovery related to Cook's knowledge, misconduct, concealment, and affirmative misrepresentations support *a number* of Plaintiff's claims, including, but not limited to, negligence, failure to warn, fraud and breach of warranty. It makes absolutely no logical or legal sense to prevent a Plaintiff from supporting one claim simply because it also may also support another that the Defendants (improperly) argue is untimely. Moreover, Cook does not claim the proposed amendment is prejudicial to Cook, nor can it.

Lastly, Cook has repeatedly engaged in its own dilatory conduct and yet, nevertheless, cries foul at every turn. This case was originally filed on February 6, 2017, in the Western District of North Carolina. After transfer to the MDL, Plaintiff filed a SFC on February 28, 2017, pursuant to CMO-6. In *both* Plaintiff's original complaint and the SFC, Plaintiff identified the placement date of her IVC filter on March 30, 2006. *See* Original Complaint, ¶ 22; SFC, ¶ 11.[1] CMO-28 was

---

[1] Ironically, at the time Plaintiff's complaint was filed (and also subsequently transferred), Cook had not alleged a statute of repose defense in its Master Answer. *See* Dkt. 50 (filed 5/20/2015). It was not until January 28, 2019, over 11 months *after* Plaintiff's case was transferred to the MDL that Cook even purported to assert a statute of repose defense. *See* Dkt. 7581 (Cook Defendants' Motion for Leave to Amend Answer to Plaintiffs' Master Consolidated

3

ordered on October 26, 2020, setting forth the procedures for bringing the motion at issue, which required Plaintiff's to "screen" their cases for time-barred issues and voluntarily dismiss them with prejudice. CMO-28 also set forth a mechanism for Cook to challenge any cases via dispositive motion practice it believed were time-barred but were not voluntarily dismissed by Plaintiff's counsel. Cook was given no deadline for which it would need to come forward with any dispositive motion pursuant to CMO-28. Exploiting this lack of deadline, Cook waited until September 29, 2021, to raise any issue regarding the North Carolina statute of repose in this action.[2] Well over *four years* since this action was filed and nearly a year past the institution of CMO-28. Cook then waited another *eight* months to file its dispositive motion. For Cook to cry foul now about delayed pleadings and allegations on the part of the Plaintiff is beyond hypocritical. It is Cook who has repeatedly engaged in a pattern of delay.

This case was filed and transferred to the MDL over five years ago. For years it remained without issue or any question as to the sufficiency of Plaintiff's individual allegations while the MDL proceeded and bellwethers were selected, subjected to motion practice, and/or tried. As would be expected in any MDL. When Plaintiff originally filed the SFC pursuant to CMO-6 in February 2017, there was no pending motion practice as to the sufficiency of the master complaint

---

Complaint for Individual Claims). Plaintiffs opposed Cook's motion, pointing to the fact that Cook's proposed amendment sought to add 26 new affirmative defenses (including one premised upon state statutes of repose). *See* Dkt. 7638 (Plaintiffs' Response in Opposition to Cook's Motion for Leave to Amend its Master Answer). This Court granted Cook's Motion on May 4, 2018, nearly 14 months after Plaintiff filed her case. *See* Dkt. 8174 (Order on Cook Defendants' Motion for Leave to Amend Answer to Plaintiffs' Master Consolidated Complaint for Individual Claims). There was no "new information" "new facts" or "new legal issues" that justified Cook's Amended Answer as to Plaintiff's case. But despite Plaintiffs' objections to Cook's motion, the Court granted it on May 4, 2018.

[2] On September 29, 2021, Plaintiff's counsel received a letter from defense counsel Eldin Hasic requesting Plaintiff to dismiss this case with prejudice because Cook believed it was time-barred under the North Carolina statute of repose. Plaintiff responded to Mr. Hasic via email on October 6, 2021, stating that Plaintiff would not be dismissing his case and providing Plaintiff's legal rationale and support under North Carolina law (which, oddly enough, was not even addressed in the Motion for Judgment on the Pleadings that Cook subsequently filed on May 3, 2022). Mr. Hasic emailed Plaintiff's counsel on October 6, 2021 and again on November 17, 2021, restating Cook's position that it intended to engage in motion practice under CMO-28 if Plaintiff did not voluntarily dismiss his case.

and it is a complete red herring for Cook to argue Plaintiff should have addressed Cook's not-yet-filed arguments concerning the Master Complaint's fraudulent concealment allegations at that time. Similarly, when Plaintiff sought leave to amend to file the First Amended Short Form Complaint, it was due to Plaintiff Servietta Hameed's unfortunate death, to substitute the parties and assert a survival action. That motion to amend and substitute was filed on February 19, 2021 (Dkt. 15890), prior to this Court's February 22, 2021 ruling on the Cook Defendants' Omnibus Motion for Partial Dismissal or Partial Summary Judgment on Claims for Fraudulent Concealment. *See* Dkt. 15907. At the time Plaintiff moved to substitute and amend, Plaintiff a) had no reason to amend the SFC substantively beyond adding a survival claim; and b) Plaintiff's counsel is not on the PSC, does not have access to Cook's documents, and did not have that access until later when those facts were provided to non-PSC members. Even setting that aside, Plaintiff had no reason and still has no reason to amend to allege fraudulent concealment tolls his statute of limitations (and does not seek to do so now). Plaintiff's proposed amended SFC is designed to sufficiently assert and support Plaintiff's breach of express warranty, fraud, and equitable estoppel claims.

For all the foregoing reasons, Plaintiff's motion to amend should be granted.

Dated: May 27, 2022.

Respectfully submitted,

**SHRADER & ASSOCIATES, L.L.P.**

*/s/ A. Layne Stackhouse*
A. Layne Stackhouse (KY# 94038)
9 Greenway Plaza, Suite 2300
Houston, TX 77046
T: (713) 782-0000
F: (713) 571-9605
layne@shraderlaw.com

***Counsel for Plaintiff***

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2022, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to the CM/ECF participants registered to receive service in this matter. Parties may access the filing through the Court's system.

*/s/ A. Layne Stackhouse*