UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Al-Natoor, Nicole - 1:18-cv-02477

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN
PLAINTIFF NICOLE AL-NATOOR'S CASE PURSUANT TO CMO-28**

A.     **The Six-Year Statute of Repose Bars Plaintiff's Claim Under *Cramer* and *Amey***

Plaintiff acknowledges that she had "an attempted removal in 2008" but argues that her cause of action accrued after October 1, 2009—when "she was diagnosed [in 2018] with excessive perforation"[1]—and that the 12-year statute of repose should apply based to her claims based on this claimed injury. *See* Pl.'s Resp., Dkt. 22026 at 2-3.

This Court has rejected Plaintiff's argument twice before and should do so again here. *See* Dkt. 15084 (*Wilson*) at 2 ("North Carolina courts have held that the enlargement of the repose period to 12 years did not have retroactive effect for claims involving products used prior to that time."); Dkt. 20384 at 2-4 (*Amey*) (same). The Seventh Circuit agrees, *see Klein v DePuy*, 506 F.3d 553, 557 (7th Cir. 2007), as does *Cramer* and other courts applying North Carolina law. *See* Dkt. 21937 at 3 (collecting cases). This is no longer a novel issue under North Carolina law.

Plaintiff misreads the cases she cites in her Response. In *Robinson v. Bridgestone/ Firestone N. Am. Tire, L.L.C.*, the plaintiffs included both adults and minors who sued a tire manufacturer after a highway accident. 703 S.E.2d 883, 885 (N.C. 2011). The court held that the adults "had to show that the allegedly defective tire was initially purchased within six years of the filing [date]"—the same holding as *Cramer* and the Court's orders in *Amey* and *Wilson*. The *Robinson* court treated the *minor* plaintiffs differently and analyzed the date of the accident as the "accrual date" *only* because a *separate* statute, N.C. Gen. Stat. § 1:17(a), "'provides for the tolling of most limitations periods during a person's minority.'" 703 S.E.3d at 887. In *Ferro v.*

---

[1] Even assuming the statute of repose did not apply, Plaintiff's cause of action would still be time-barred because she acknowledges undergoing a failed retrieval in 2008 that triggered the statute of limitations. *See* N.C. Gen Stat § 1-52 (16); *see also Dellinger v. Pfizer, Inc.*, 2004 WL 6234780, at *2 (W.D. N.C. 2004) ("Plaintiff's breach of warranty and product liability actions began to accrue when he first became aware of his injury."); *Wilson v. C.R. Bard, Inc.*, 2020 WL 2574652, at *4 (E.D.N.C. May 21, 2020) (same holding). Under North Carolina law, Plaintiff cannot pursue a second claim based on the perforation diagnosed in 2018. *See e.g., Jewell v. Price*, 142 S.E.2d 1, 4 (N.C. 1965) ("The accrual of the cause of action must therefore be reckoned from the time the first injury, however slight, was sustained.").

1

*VolVo Penta of the Americas, LLC*, the plaintiff alleged he discovered the defect in 2013—*after* October 1, 2009—but the court held that claims for boat parts purchased *before* October 1, 2009 were subject to and time-barred by the six-year statute of repose.  2017 WL 3710071, at *3 (E.D.N.C. Aug. 28, 2017).  Finally, this Court's decision in *McDermitt* addressed the Indiana statute of repose, which has a potential two-year extension that incorporates the statute of limitations, which required the Court to determine when the claimed injury was discovered.  *See* Dkt. 13187 at 5-6.  North Carolina's statute of repose has no equivalent provision.

**B.     The Latent Disease Exception Does Not Apply to Plaintiff's Claims**

North Carolina's latent disease exception does not apply here.  As this Court has already explained, "[t]his exception is limited to diseases that develop over long periods of time after multiple exposures to offending substances … where it is impossible to identify any particular exposure as the first injury."  Dkt. 15084 (*Wilson*) at 2-3 (citations omitted).  Because IVC filter claims arise from a single medical device placed in the body, this Court held, "[t]he rationale for the latent disease exception does not apply to claims like Plaintiff's."  Dkt. 15084 (*Wilson*) at 2; *see also Klein,* 506 F.3d at 557 ("the plain language of the statute, its history, and North Carolina case law all support our belief that no exception was intended [by the legislature]."). [2]

**C.     Plaintiff's Express Warranty Arguments Fail for Multiple Reasons**

Plaintiff argues that Cook waived its statute of repose defense because "Defendants consistently represented that their IVC filters were safe for permanent placement."  Dkt. 22026 at 4 (alleging this was an express warranty and citing *Christie v. Hartley Constr., Inc.*, 766 S.E.2d 283, 287 (N.C. 2014) for the proposition that a party can waive the statute of repose).

---

[2] Plaintiff's citation to *In re Paraquat Prod Liab Litig.* is distinguishable because it involved a toxic tort, not a medical device.  *See* 2022 WL 451898, at *1, 9 (S.D. Ill. Feb. 14, 2022) (explaining that paraquat dichloride was a chemical used in herbicides and that the plaintiffs alleged "they developed Parkinson's disease, a progressive neurological disorder that manifests itself over years, possibly decades.").

2

This express-warranty argument fails for multiple reasons. First, any such claim is subsumed into the product-liability claims that are barred by the statute of repose. *See Lackey v DePuy Orthopedics*, 2011 WL 2791264, at *2 (W.D.N.C. July 14, 2011) (holding that "Plaintiff's claims all stem from the purchase of an allegedly defective hip" and that "[a]rtful pleading does not allow Plaintiff to transform product liability claims into claims sounding in negligence and breach of warranty."). Here, Plaintiff's claims are similarly based on injuries from an allegedly defective IVC filter. *See, e.g.,* Master Compl., Dkt. 213, ¶¶ 96-97 (alleging various design and manufacturing "defects" as part of pleading the express warranty claim).

Moreover, the plaintiffs in *Christie* presented evidence of a detailed, specific 20-year written warranty. *See* 766 S.E.2d at 285. In contrast here, Plaintiff's Response only makes a general reference to representations by Cook to "FDA and consumers" that its "IVC filters were safe for permanent placement." Dkt. 22026 at 3. Plaintiff has not identified the specific language of this representation, or when, where, or by whom it was made, or alleged that she personally relied on any alleged representation before receiving her filter. The mere fact that the filter had a possible permanent-use option does not create an express warranty or guarantee that the filter would last indefinitely or that known complications and adverse effects cannot occur.

Finally, as the Court noted in applying the Texas statute of repose (Dkt. 4918 at 13-15), the failure of the Plaintiffs' Master Complaint to plead an adequate express warranty claim and Plaintiff's failure to establish how she received and relied on the alleged express warranty are fatal to her claim under North Carolina law for similar reasons. *See Harbor Pt. Homeowners Ass'n, Inc. v. DJF Enters.*, 697 S.E.2d 439, 447 (N.C. Ct. App. 2010) (holding plaintiff must establish reliance on alleged warranty in purchasing the product).

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

|                       |                                                                 |
|-----------------------|-----------------------------------------------------------------|
|                       | Respectfully submitted,                                          |
| Dated:  June 3, 2022  | /s/ *Jessica Benson Cox*                                         |
|                       | Jessica Benson Cox, Co-Lead Counsel                              |
|                       | Andrea Roberts Pierson                                           |
|                       | FAEGRE DRINKER BIDDLE & REATH LLP                                |
|                       | 300 North Meridian Street, Suite 2500                            |
|                       | Indianapolis, Indiana  46204                                     |
|                       | Telephone:  (317) 237-0300                                       |
|                       | Andrea.Pierson@FaegreDrinker.com                                 |
|                       | Jessica.Cox@FaegreDrinker.com                                    |
|                       |                                                                 |
|                       | James Stephen Bennett, Co-Lead Counsel                           |
|                       | FAEGRE DRINKER BIDDLE & REATH LLP                                |
|                       | 110 West Berry Street, Suite 2400                                |
|                       | Fort Wayne, Indiana  46802                                       |
|                       | Telephone:  (260) 424-8000                                       |
|                       | Stephen.Bennett@FaegreDrinker.com                                |
|                       |                                                                 |
|                       | *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2022, a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF NICOLE AL-NATOOR'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*

4