IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

IN RE: COOK MEDICAL, INC, IVC FILTERS
MARKETING, SALES PRACTICES AND    Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION    MDL No. 2570

---

This Document Relates to:

    DENNIS A. HUNTER, JR.,
    as Administrator of the Estate of Servietta Hameed
    1:17-cv-06059-RLY-TAB

---

### MOTION FOR LEAVE TO FILE SURREPLY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO COOK'S MOTION FOR JUDGMENT ON THE PLEADINGS

CMO 28 sets forth a simplified procedure for "screening" time barred cases. Dkt. 14601. As part of that process, Cook sent Plaintiff a letter on September 29, 2021, outlining its reason as to why the case was time barred and demanded that Plaintiff dismiss her claims. On October 6, 2021, Plaintiff responded explaining why Cook's request was not warranted, pointing out that the statute of repose was not applicable to Plaintiff's claims for breach of warranty and the statute of repose was not applicable due to, for instance, the disease exception. Cook responded on October 6 and November 17, 2021, reiterating Cook's position and that Cook intended to move forward with its motion under CMO-28. Cook's Motion (which was not filed until May 3, 2022, Dkt. 21936) ignored Plaintiff's response and arguments, failing to address the issues of fact and law raised by Plaintiff that demonstrate her claims are not time barred. The issues raised by Plaintiff and their complexity command full briefing under the rules making it impossible to address them under the page limits dictated under CMO 28.

1

Cook did not address any of Plaintiff's arguments until after Plaintiff's response. Cook's reply contains new facts and legal arguments that should have been set forth in its opening brief. Thus, Plaintiff as the non-movant should not be deprived of the opportunity to respond to the new facts, caselaw, and factual and legal arguments presented by Cook for the first time in its reply as contemplated under the local rules. *See* Local Rule 56-1(d) (allowing a surreply to address new evidence). Especially since Plaintiff first raised these arguments with Cook eight months ago.

Therefore, Plaintiff submits this surreply to address the new factual and legal arguments presented by Cook in its reply and good cause exists for the present motion.

Dated: June 7, 2022.

                Respectfully submitted,

                **SHRADER & ASSOCIATES, L.L.P.**

                */s/ A. Layne Stackhouse*
                A. Layne Stackhouse (KY# 94038)
                9 Greenway Plaza, Suite 2300
                Houston, TX 77046
                T: (713) 782-0000
                F: (713) 571-9605
                layne@shraderlaw.com

                *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 7, 2022, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to the CM/ECF participants registered to receive service in this matter. Parties may access the filing through the Court's system.

                                                                                          */s/ A. Layne Stackhouse*