UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Kirk, Vickie, 1:17-cv-01813

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF VICKIE KIRK'S CASE PURSUANT TO CMO-28**

The Court should dismiss Plaintiff's cause of action in its entirety. Plaintiff's undisputed knowledge in 2014 of the injury she now asserts—a failed retrieval—negates her argument that the Arizona discovery rule saves her claims.

Plaintiff's case is time-barred under Arizona law because she commenced this action more than two years after her failed filter retrieval. As a general principle, "Arizona law provides that the statute of limitations begins to run in tort actions from the time *the injury is known*." *Tavilla v. Cephalon, Inc.*, 870 F. Supp. 2d 759, 764 (D. Ariz. 2012) (emphasis added); *Moses v. Nordic Boats*, 2008 WL 4672300, at *2 (Ariz. Ct. App. Oct. 16, 2008) ("The discovery rule provides that the statute of limitations does not begin to run until a plaintiff knows, or should know by the exercise of reasonable diligence, of the injury giving rise to the claim."). The focus lies on discovery of the injury because, once an injury is known, the plaintiff is charged with reasonable diligence to discover its cause. *See Doe v. Roe*, 955 P.2d 951, 962 (Ariz. 1998) ("Plaintiff may not have been aware of all the facts but is charged with a duty to investigate with due diligence to discover the necessary facts."); *Walk v. Ring*, 44 P.3d 990, 994 (Ariz. 2002) ("There are instances . . . in which an unfortunate result would immediately put the plaintiff on notice that the result is not only unfavorable but might attributable to some fault and should be investigated."). In the products liability context, "a cause of action accrues once the plaintiff knows of the injury and the causal connection between the defendant's product and that injury." *Tavassoli v. Altria Grp., Inc.*, 2007 WL 9725046, at *8 (D. Ariz. 2007) (quoting *Mack v. A.H. Robins Co., Inc.*, 573 F. Supp. 149, 153 (D. Ariz. 1983)). "[A] plaintiff need not know of 'the defendant's improper conduct or defect in the product' for the cause of action to accrue." *Id.*

Applying this standard, Plaintiff's personal injury claims are untimely. Plaintiff necessarily knew or, in the exercise of reasonable diligence, should have known of the injury she

1

now claims—a failed filter retrieval—and the injury's causal relationship to the filter at the time of the failed attempt. This is precisely what this Court held in *Bush*, where the Court dismissed Plaintiff Bush's personal injury claims on limitations grounds under Indiana and Arizona law because her failed retrieval attempt made her "aware of information that would put a reasonable person on notice to investigate whether a claim exists." Dkt. 19303 at 3. Here, as in *Bush*, Plaintiff had sufficient information at the time of her failed retrieval attempt to begin the limitations period as a matter of law.

Plaintiff's attempts to distinguish *Bush* fail. First, Plaintiff errs in suggesting that *Bush* was decided only under Indiana law, and not Arizona law. In fact, both parties addressed Arizona law in their *Bush* briefing, and the Court held that Plaintiff Bush's personal injury claims were barred by both Indiana and Arizona law. *See* Dkt. 18424 at 3 n.3; Dkt. 18678 at 2 n.1; Dkt. 19303 at 3. Plaintiff also errs in suggesting that the Court did not consider Arizona precedent holding that the limitations period does not begin until the plaintiff discovers that she has been injured by a particular defendant's negligent conduct. Dkt. 22081 at 4; *see also Lawhon v. L.B.J. Inst. Supply, Inc.*, 765 P.2d 1003, 1007 (Ariz. 1988). In the products liability context, Arizona law holds that the limitations period begins to run when a plaintiff knows (1) the identity of the manufacturer and (2) the causal relationship between the product and the alleged injury; the plaintiff does not need to know that the manufacturer was negligent. *Tavassoli*, 2007 WL 9725046, at *8. Here, Plaintiff does not argue that she did not know or could not have known with reasonable diligence that she had a Cook filter or that there was a causal connection between the filter and the failed retrieval attempt. Her claims are barred under Arizona law for the exact reasons articulated in *Bush*. *See generally* Dkt. 19303.

2

Plaintiff further argues that *Bush* is distinguishable because Plaintiff here has submitted an affidavit claiming that she did not suspect her failed retrieval was the result of negligent conduct, which Plaintiff Bush did not do.[1] But that affidavit is not material to the standard detailed above: Arizona law does not require a plaintiff to know the defendant acted negligently for the limitations period to begin in a products liability case. *Tavassoli*, 2007 WL 9725046, at *8. Plaintiff's assertion that her physician purportedly told her that failed retrievals happen sometimes is likewise immaterial.[2] *See* Dkt. 22018 at 2. The failed retrieval, by itself, placed Plaintiff "on notice that there was a reasonable possibility that the filter harmed [her], and that [s]he should inquire into [her] rights." *See* Dkt. 18391 (dismissing case under Indiana and Ohio law). Plaintiff independently knew or should have known at the time of her retrieval attempt that there was a potential causal connection between Cook's filter and her failed retrieval, thereby triggering accrual under Arizona law. *See Tavassoli*, 2007 WL 9725046, at *8.

Indeed, Plaintiff's contention that "[s]he had no reason to suspect negligence by [Cook] until April 2017" makes no sense. Dkt. 22081 at 4. Plaintiff undisputedly knew in 2014 that she had a filter that could not be retrieved, which is the ***exact*** injury on which she bases her claims. Plaintiff cannot have it both ways: If her failed retrieval was an injury, her claims based on that injury are time-barred. *See Tavilla*, 870 F. Supp. 2d at 765. If her failed retrieval was not an injury, as her Response arguably suggests, Plaintiff has no compensable injury and thus no claim.

---

[1] While categorization records are considered part of the pleadings in this MDL, the affidavit attached to Plaintiff's Response was not submitted with her categorization form, and the documents are thus outside the pleadings. The Court may convert this motion to a motion for summary judgment, if necessary. *See* Fed. R. Civ. 12(d).

[2] Plaintiff's affidavit suggests her physician did not believe her failed retrieval was an injury. Although Cook agrees a failed filter retrieval is not a legally cognizable injury, it is the only injury Plaintiff claims. The Court can only take Plaintiff at her pleading: she claims a failed retrieval as her injury, so the statute of limitations necessarily began to run when she knew of that failed retrieval, which was undisputedly more than two years before she commenced this action. Moreover, the Court should reject Plaintiff's assertion her claim accrued upon seeing attorney advertisements on television. Not only is this position inconsistent with Arizona law, but Plaintiff cites no authority suggesting that a plaintiff must be expressly informed of the existence of a potential injury by an attorney before an action can accrue.

                                                    Respectfully submitted,

Dated: June 9, 2022                           /s/ *Jessica Benson Cox*
                                                    Jessica Benson Cox
                                                    Andrea Roberts Pierson
                                                    FAEGRE DRINKER BIDDLE & REATH LLP
                                                    300 North Meridian Street, Suite 2500
                                                    Indianapolis, Indiana 46204
                                                    Telephone: (317) 237-0300
                                                    Andrea.Pierson@FaegreDrinker.com
                                                    Jessica.Cox@FaegreDrinker.com

                                                    James Stephen Bennett
                                                    FAEGRE DRINKER BIDDLE & REATH LLP
                                                    110 West Berry Street, Suite 2400
                                                    Fort Wayne, Indiana 46802
                                                    Telephone: (260) 424-8000
                                                    Stephen.Bennett@FaegreDrinker.com

                                                    *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

    I hereby certify that on June 9, 2022, a copy of the foregoing **COOK DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF VICKIE KIRK'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                                    /s/ *Jessica Benson Cox*