UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Hameed, Servietta (Estate) - 1:17-cv-06059

**DEFENDANTS' SURREPLY IN OPPOSITION
TO PLAINTIFF HAMEED (ESTATE)'S MOTION FOR LEAVE
TO FILE SECOND AMENDED SHORT-FORM COMPLAINT**

On June 8, 2022, the Court issued an order regarding Plaintiff's Motion for Leave to File a Second Amended Short-Form Complaint, which is opposed by the Cook Defendants. *See* Order, Dkt. 22173. The Court noted that Plaintiff's reply brief made:

> very serious accusations, including that Defendants: (1) misstate the issues raised in Plaintiff's motion; (2) misrepresent the timeline of this litigation; and (3) hypocritically ignore Defendants' own dilatory conduct. Moreover, Plaintiff asserted that because this case is not a bellwether case there are no scheduling orders in place with any deadlines that Plaintiff's motion to amend violated.

*Id*. The Court directed Cook to file a surreply responding to Plaintiff's accusations. *Id.*

Plaintiff's accusations are unfounded. Although Plaintiff and Cook disagree about the merits of his motion for leave to file a Second Amended Short-Form Complaint, Cook has asserted its arguments in good faith, and those arguments accurately reflect the procedural history of this case and of the Court's prior rulings. Cook urges the Court to deny Plaintiff's motion to amend as untimely and futile. Judge Young has never accepted any of the arguments that Plaintiff seeks to advance through the proposed amendments, whether relating to fraudulent

1

concealment or express warranty, and Plaintiff has offered no reason to believe he would reach a different result in this case.

A.      **Cook's Response Did Not Misstate the Issues Raised by Plaintiff's Motion.**

Cook did not misstate the issues raised in Plaintiff's motion for leave to amend. The great majority of Plaintiff's proposed Second Amended Short Form Complaint asserts allegations of fraudulent concealment in support of a claim that equitable estoppel barred the application of North Carolina's statute of repose to Plaintiff's express warranty claim. *See* Dkt. 22014-1; 22015 at 1-6; *see also* Dkt. 22161-1 at 11-12 (Plaintiff's surreply opposing dismissal, arguing equitable tolling of statute of repose based on "fraudulent conduct"). Based on those proposed allegations, the issues raised by Plaintiff's motion were twofold:

1.      Whether Plaintiff's motion to amend to add allegations of fraudulent concealment and equitable estoppel is untimely given the Court's March 19, 2021, deadline for such amendments; and

2.      Whether Plaintiff's attempted amendment to add allegations of equitable estoppel to save his express warranty claim from the North Carolina statute of repose was futile given (1) the express warranty claim's true character as a product liability claim, (2) Plaintiff's failure to identify any statement by Cook that could constitute an express warranty under North Carolina law, and (3) the lack of any allegation that Ms. Hameed received or relied on any such warranty.[1]

---

[1] Plaintiff's invocation of fraudulent concealment and equitable estoppel to avoid the North Carolina statute of repose would also be futile because (1) the allegations still continue to meet the requirements of Rule 9(b) as set forth in the Cook Defendants' Renewed Motion for Partial Dismissal of Claim of Fraudulent Concealment, *see* Dkt. 18314, and (2) under North Carolina law, fraudulent concealment and related equitable doctrines apply *only* to the statute of limitations, and do not prevent the running of the statute of repose. *See* Dkt. 22154 at 7 (collecting cases and arguing that to "the extent *Ferro* recognized equitable exceptions to the North Carolina statute of repose, it stands against the weight of North Carolina case law which has categorically rejected such exceptions.").

Cook understands that Plaintiff disputes Cook's arguments on these issues, but they are the issues raised by Plaintiff's motion, and Cook acted in good faith in addressing these issues in its response to Plaintiff's motion.

**B.      Cook's Response Did Not Misrepresent the Timeline of This Litigation.**

Although Plaintiff's reply accuses Cook of misrepresenting the timeline of this litigation, it is somewhat vague concerning exactly how Cook misrepresents that timeline. As far as Cook can determine, its recitals are correct.

● Cook accurately described the Court's prior consideration and dismissal of the claims of all MDL Plaintiffs that fraudulent concealment and equitable estoppel[2] tolled the statutes of limitation and repose. Plaintiff's reply errs in asserting that Cook's motion to dismiss "did not challenge allegations related to equitable estoppel." Dkt 22105 at 3; *see also id.* at 4 (mistakenly asserting that this case "remained without issue or any question as to the sufficiency of Plaintiff's individual allegations."). In fact, Cook's motion expressly asked the Court "to enter partial dismissal or partial summary judgment on all Plaintiffs' claims of fraudulent concealment ***and equitable estoppel.***" Dkt. 13648 at 1 (emphasis added). And the Court's order that granted Cook's motion expressly recognized that the motion was directed to *both* fraudulent concealment *and* the dependent claim of equitable estoppel. *See* Dkt. 15907 at 1, n.1 ("The Master Complaint asserts both equitable estoppel and fraudulent concealment toll the limitations period. Because Plaintiffs' theory of equitable estoppel ultimately depends on the success of their claim of fraudulent concealment, the Cook Defendants' motion focuses on fraudulent

---

[2] The fraudulent concealment and equitable estoppel claims challenged in Cook's motion were not substantive claims, but claims by Plaintiffs that some fraudulent concealment on Cook's part had concealed the existence of Plaintiffs' claims from them and had thus equitably estopped Cook from relying on the running of the statutes of limitation and repose. *See* Master Consolidated Compl., Dkt. 213, ¶¶ 195-200. This is the same purpose for which Plaintiff attempts to use the allegations of fraudulent concealment here. *See* Dkt. 22161-1 at 4, 8-9.

3

concealment."). Cook accurately represented its motion and the Court's order as addressing the claims of fraudulent concealment and equitable estoppel that Plaintiff seeks to add here.

- Cook accurately represented the Court's imposition of a March 19, 2021 deadline for any Plaintiffs intending to amend their Short Form Complaints and allege case-specific facts in support of fraudulent concealment on an individual basis. *See* Dkt. 15907. The Order stated:

> The PSC requests that, should the court grant the Cook Defendants' motion for partial dismissal, the Plaintiffs be given leave to amend their Short Form Complaints to include case-specific factual allegations supporting a claim for fraudulent concealment. The court will grant the request. Plaintiffs shall have until March 19, 2021 to file Amended Short Form Complaints.

Dkt. 15907 at 9 (entered February 22, 2021). Plaintiff's assertion that "there are no scheduling orders in place with any deadlines that Plaintiff's motion to amend has violated," Dkt. 22105 at 1-2, is thus mistaken. The Court's February 22, 2021, Order by its own terms applied to "All Actions," *id.* at 1, and Plaintiff Hunter was required to make any amendments in claimed support of any fraudulent concealment claim by March 19, 2021, just like any other Plaintiff.

- Cook accurately represented that Plaintiff waited "nearly 15 months" to move to amend his complaint on fraudulent concealment and equitable estoppel grounds. The Court issued its Order on February 22, 2021 and Plaintiff filed the pending Motion for Leave to File Second Amended Short Form Complaint on May 16, 2022. This is a time period of 14 months and 24 days, which Cook fairly described as "nearly 15 months" in its brief.[3]

---

[3] Plaintiff's assertion that the Court permitted two other North Carolina Plaintiffs to "amend their complaints with near-identical allegations," Pl.'s Reply at 2-3, Dkt. 22105 (citing Dkts. 21643 (*Frazier*) & 21376 (miscited as 21377) (*Cunningham*)), has no bearing on the present motion. First, the amended allegations in Plaintiff Cunningham's case was ***not*** "near-identical" to those Plaintiff proposes here. The amended Short Form Complaint in the *Cunningham* case added only four paragraphs, all concerning either that Plaintiff's discovery of his injuries or Cook's supposed specific representations about his filter. See Dkt. 21175 at 4. In contrast here, Plaintiff Hunter's proposed amendment is 53 pages long, with exhibits, and focuses on claims of fraudulent concealment, a claim Plaintiff Cunningham's amended complaint does not even mention.
   More importantly, however, Cook elected to oppose the new allegations in *Frazier* and

- Cook accurately described the proposed amendments Plaintiff offers as "precisely the same sort of factual allegations purporting to show fraudulent concealment" that were made by hundreds of Plaintiffs in March 2021 in response to the Court's February 22, 2021 order. Cook also cited to a chart that it previously filed listing the unique allegations made by those prior amendments. *See id.* (citing Dkt. 18315-2). Indeed, Plaintiffs' proposed Second Amended Short-Form Complaint itself acknowledges that these are the same kind of allegations that other Plaintiffs made in timely amendments, expressly incorporating all the arguments the Plaintiff's Steering Committee urged in opposing Cook's renewed motion to dismiss Plaintiffs' claims of fraudulent concealment. *See* Dkt 22015 at 7 n.1 (incorporating "all claims stated in Plaintiff Steering Committee's Response in Opposition to Defendant's Renewed Motion for Partial Dismissal of Claims of Fraudulent Concealment (Dkt. 18900)"). A comparison of Plaintiff's proposed amendments and the timely amendments made by many other Plaintiffs demonstrates that the allegations are very similar and that Cook's statement that they are "precisely the same sort of factual allegations" is a fair and accurate statement. *Compare* Dkt. 22015 (Plaintiff's proposed amendments) *with* Dkt. 18315-2.[4]

---

*Cunningham* only in Cook's reply on the merits on Cook's CMO-28 motion, whereas here Cook has elected to oppose those allegations *both* in the reply on the merits *and* in an opposition to Plaintiff's motion to amend. That minor change in tactics does not alter the substance of Cook's opposition, and does not entitle Plaintiff to any automatic grant of his motion here. This is a separate case, and Plaintiff must establish the merits of his motion on his own.

[4] Plaintiff implies that his proposed amendment of the express warranty claim is unrelated to timeliness issues. *See* Pl.'s Reply, Dkt. 22105 at 2-3. This is misleading because Plaintiff's brief in opposition to the motion for judgment on the pleadings makes clear that Plaintiff is invoking express warranty as an exception to application of the statute of repose that otherwise renders all his claims time-barred. *See* Dkt. 22020 at 2 ("Cook has waived the SOR through its express warranty that exceeded far beyond six-years from implant.").

- Cook accurately described Plaintiff's motion for leave to amend as "Plaintiff ask[ing] for what is effectively a fourth opportunity to amend his pleadings." Dkt. 22100 at 2.[5] Cook identified three prior instances where Plaintiff could have amended the pleadings with the same amendments that he proposes now: (1) when Ms. Hameed first filed a Short-Form Amended Complaint after the transfer of her case from the Eastern District of North Carolina on February 6, 2017; (2) when the Court permitted Plaintiff to file the First Amended Short Form Complaint as a survival action in March 10, 2021 (*see* Dkt. 16062); and, most critically, (3) when the Court granted all Plaintiffs the one-month window described above to file case-specific amendments on fraudulent concealment and equitable estoppel grounds, as set forth in the Court's February 22, 2021 Order (*see* Dkt. 15907 at 9).

Although Plaintiff offers various arguments why he did not or should not have amended the pleadings at the time of those earlier opportunities, that does not alter the fact that the opportunities existed. Moreover, at the very least, once the Court had dismissed all Plaintiffs' claims of fraudulent concealment and equitable estoppel and set a deadline for amending such claims, it was incumbent on all Plaintiffs in the MDL (1) to review their claims for timeliness under applicable statutes of limitations and statues of repose and (2) to determine whether to amend their allegations of fraudulent concealment to cure the defects that led to dismissal. Plaintiff made no amendment. In any event, Cook did not misrepresent Plaintiff's three prior opportunities to supplement the Short Form Complaint.[6]

---

[5] Because of the substitution of parties in this now-survival action, Cook's statement that there were three prior opportunities to add case-specific allegations in the Short Form Complaint refers to the case as a whole, not to Plaintiff Hunter personally, as he entered the case through the First Amended Short Form Complaint after Ms. Hameed died.

[6] Cook also accurately represented in the first two footnotes in its brief that (1) Plaintiff's case was initially filed in the Eastern District of North Carolina on February 6, 2017; (2) that Plaintiff filed a Short-Form Complaint on February 28, 2017 after it was transferred to the MDL; (3) that Plaintiff's case was

6

In sum, Cook did not misrepresent the timeline of this litigation, and the dates of all material events and orders that Cook cited in its brief were accurate and supported by citations to the MDL docket.

### C. Cook's Response Did Not Engage in Dilatory Conduct in this Case or the MDL.

Plaintiff alleges that Cook acted in a "dilatory" and "hypocritical" manner, and that Cook "exploit[ed]" the CMO-28 process by filing its motion for dismissal approximately four years after the filing of Plaintiff's case and about eight months after Cook first requested voluntary dismissal of Plaintiff's case by letter. *See* Pl.'s Reply, Dkt. 22105 at 1, 3-4.[7]  Plaintiff's accusations are unfounded for two reasons: (1) Rule 12(c) and CMO-28 set no deadline for filing motions to dismiss using CMO-28's procedures, and (2) Cook sought the dismissal of more than 20 cases time-barred by the North Carolina statute of repose in a manner intended to promote efficiency in the MDL and orderly resolution of the underlying issues on the merits.[8]

---

active and pending at the time the Court issued its February 22, 2021 Order; and (4) that the Court permitted Plaintiff to file a First Amended Complaint on March 10, 2021 (Dkt. 16062). *See* Defs.' Resp., Dkt. 22100 at 2, n. 1-2.  For clarification, Cook has confirmed that Plaintiff's case was originally filed in the Western Division of the *Eastern* District of North Carolina, and Cook's Response accurately described the procedural history surrounding the initial filing and transfer of the case to the MDL. *See id.* at 2, n.1 (discussing generally the *Hameed (Estate)*, 1:17-cv-06059 docket).

[7] Plaintiff also criticizes Cook's master answer in this litigation and the filing of Cook's amended answer (Dkt. 8180) on May 4, 2018.  Cook obtained leave of Court to amend its master answer, and Cook's amended master answer is the operative answer in all MDL cases. *See* Dkt. 8174 (granting permission to file amended master answer).  Thus, Cook has preserved a statute of repose defense as a general matter in this case through the master pleadings procedure, as is typical in MDLs.

[8] To the extent Plaintiff's Reply suggests it was improper for Cook to seek dismissal of Plaintiff's case through motion practice, the implication is wholly without merit.  When the Court ordered all claims to be categorized and decided that cases from Categories 5 and 6 would be considered for bellwether selection, it specifically noted that cases from other categories would remain available for motion practice. *See* Dkt. 9322 at 4, n. 1.  Moreover, the Court's concern over the large number of time-barred cases in this MDL prompted the Court to enter CMO-28 in the first place, and CMO-28 applies to all cases in the MDL.

1.     **Cook's Motion Was Timely Filed Under Rule 12(c) and CMO-28.**

Cook filed its motion pursuant to Federal Rule 12(c) and CMO-28.  *See* Defs.' Mot. for Judgment on the Pleadings (*Hameed (Estate)*), Dkt. 21936.  Under Rule 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c).  Because there is no trial date set in Plaintiff's case, Cook's motion was not dilatory or untimely under Rule 12(c).

With respect to CMO-28, that Order imposed a 60-day deadline (later extended to a final deadline of January 12, 2021) for Plaintiffs to self-review their cases for compliance with applicable statutes of limitations and/or repose.  CMO-28 did not, however, set any deadlines for Cook to take the next steps in the process – to move to dismiss.[9]  Instead, CMO-28 provides that Cook may file a motion after conclusion of the voluntary self-review process in any remaining case "if the Cook Defendants wish to seek dismissal or judgment in the case they believe is barred by the statute of limitations or statute of repose."  *See* CMO-28, Dkt. 14601, ¶ 5; *see also id.*, ¶¶ 5-7 (setting forth response and reply deadlines, page length, and service requirements for motion practice).

In sum, unlike Plaintiff's motion to amend, Cook's motion did not violate any Court-established deadlines.

2.     **Cook Engaged in a Voluntary Meet-and-Confer Process to Promote Efficiency in the MDL and Minimize Motion Practice Before the Court.**

Even disregarding the lack of any applicable deadline, Cook's actions in seeking dismissal of cases barred by the North Carolina statute of repose, including this case, were not dilatory or hypocritical; they were done in a manner intended to promote efficiency and ease the

---

[9] Plaintiff criticizes CMO-28 for not imposing a deadline on the filing of CMO-28 motions, Pl.'s Reply, Dkt. 22105 at 4, but the terms of CMO-28 were set by the Court in the best interests of moving the MDL forward, *see generally* CMO-28, Dkt. 14601. The absence of a motion deadline in CMO-28 in no way suggests improper conduct by Cook.

8

burden on the Court and the parties. Although CMO-28 does not impose a meet-and-confer requirement prior to the filing of a motion, *see generally* CMO-28, Dkt. 14601, Cook's typical practice before bringing any CMO-28 motion has been to send Plaintiffs' attorneys a letter setting forth Cook's argument that a particular case is time-barred and to discuss terms of voluntary dismissal where possible. This practice reduces the number of individual CMO-28 motions that Cook would otherwise need to file, and it gives Plaintiffs an opportunity to raise informally any factual or legal reason that Cook's position is incorrect or that Cook has made some mistake in its analysis, permitting Cook to avoid pointless motions.

Consistent with this practice, as Plaintiff's Reply acknowledges, Cook initially sent a letter to Plaintiff's counsel outlining its argument that Plaintiff Hunter's case is barred by the six-year statute of repose that was in effect in North Carolina until October 1, 2009. *See* September 29, 2021 Letter from E. Hasic to L. Stackhouse attached as **Exhibit A**; Pl.'s Reply, Dkt. 22105 at 4 n. 2 (discussing receipt of letter and that Plaintiff provided reasons for not agreeing to dismiss via email on October 6, 2021).

Shortly before sending Plaintiff's attorney this letter seeking dismissal, Cook had filed motions in two other North Carolina cases – *Amey* and *Story* – arguing that those cases were barred by the prior six-year North Carolina statute of repose and that the current 12-year statute of repose did not apply because their filters were sold before October 1, 2009, regardless of when the claimed injury occurred. *See* Dkts. 20002 (*Story*) & Dkt. 20003 (*Amey*) (both motions filed on September 24, 2021). On November 10, 2021, the Court granted the motion in *Amey* and ruled in Cook's favor on the threshold issue under North Carolina law about the applicability of the old six-year statute of repose. *See* Order (*Amey*), Dkt. 20384.[10] After the Court ruled in

---

[10] The Court had previously resolved a case applying the 12-year North Carolina statute of repose (*see* Dkt. 15084 (*Wilson* order), but the *Amey* order addressed the narrower question of whether the old six-

*Amey*, Cook sent follow-up emails and attached copies of the *Amey* order to the attorneys who represented North Carolina Plaintiffs in a number of similarly-situated cases that Cook believed were time-barred for the same reasons, including Plaintiff Hunter's attorney. *See e.g.* October-November 2021 Email Communications Between E. Hasic and L. Stackhouse attached as **Exhibit B**. Counsel for Cook corresponded at some length with Plaintiffs' counsel concerning these issues, as can be seen from the email exchanges referenced in Plaintiff's brief. *See id.*; *see also* Pl.'s Reply, Dkt. 22105 at 4 n. 2. Several Plaintiffs agreed to dismiss their cases voluntarily as a result of these letters and meet-and-confer efforts. *See e.g.,* Dkts. 20063, 20145, 20406, 20419, 20425, 20432 & 20460. Others, including Plaintiff here, declined to dismiss their cases or did not respond.

Only once those meet-and-confer efforts had been exhausted did Cook bring additional CMO-28 motions involving the North Carolina statute of repose. Between February 19 and May 3, 2022, the Cook Defendants filed 19 individual CMO-28 motions arguing that cases were time-barred under the statute.[11] Cook filed the motion in Plaintiff's case on May 3, 2022. *See* Dkt. 21936. Due to the large number of cases involved and the need to adequately address any outstanding issues on reply, Cook filed the motions on a rolling basis during this approximate three-month period.[12] Given this background and volume of cases involved, Cook's actions in seeking the dismissal of Plaintiff's case were not dilatory. Cook acted in a reasonable manner

---

year statute of repose or the current 12-year statute of repose applies in cases where the filter was sold before October 1, 2009, the effective date of the enlargement of the repose period to 12 years.

[11] *See* Dkts. 21068-70, 21082-85, 21087, 21112, 21168-72, 21177, 21740 & 21935-37.

[12] In the course of this briefing, Cook has also agreed to a number of requests to extend deadlines or page limits when those accommodations have been requested by Plaintiffs opposing Cook's CMO-28 motions. *See, e.g.,* Dkts. 21318 & 21648 (order granting unopposed motions to extend page limits in *Cunningham* and *Frazier* cases). Cook has litigated these cases in good faith with a desire to have the underlying issue of North Carolina law resolved on the merits, as it was in the *Amey* case.

intended to promote efficiency and minimize the burden placed on the Court, meeting and conferring with the North Carolina Plaintiffs' attorneys not once but twice, and filing motions only where absolutely necessary.  *See* Exhibits A & B.

In sum, Cook's actions in seeking dismissal of North Carolina cases such as Plaintiff's case were not dilatory or hypocritical because (1) Cook did not violate any deadlines in Rule 12(c) or CMO-28 and (2) Cook voluntarily engaged in a meet-and-confer process that was not required by CMO-28 in order to promote efficiency and minimize the burden imposed on the Court and participants in the MDL from motion practice.

## CONCLUSION

Ultimately, the accusations Plaintiff has raised obfuscate the actual issue before the Court on Plaintiff's motion for leave to amend:  Plaintiff is not entitled to another amendment as a matter of course, and he has failed to offer good cause as to why he should be permitted to file the same kind of amendments as the hundreds of Plaintiffs that filed those amendments in March 2021 in compliance with the Court's February 22, 2021 order, which applied globally to all cases.  In addition, the amendments Plaintiff offers would be futile in any event and would not prevent dismissal based on the statute of repose.  Cook urges the Court to deny Plaintiff's motion to amend.

Respectfully submitted,

Dated:  June 17, 2022

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

11

>James Stephen Bennett, Co-Lead Counsel
>FAEGRE DRINKER BIDDLE & REATH LLP
>110 West Berry Street, Suite 2400
>Fort Wayne, Indiana  46802
>Telephone:  (260) 424-8000
>Stephen.Bennett@FaegreDrinker.com
>
>*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2022, a copy of the foregoing **DEFENDANTS' SURREPLY IN OPPOSITION TO PLAINTIFF HAMEED (ESTATE)'S MOTION FOR LEAVE TO FILE SECOND AMENDED SHORT FORM COMPLAINT** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

>*/s/ Jessica Benson Cox*