# EXHIBIT B

| | |
|---|---|
| **From:** | Hasic, Eldin |
| **To:** | Layne Stackhouse |
| **Cc:** | Maucher, Cynthia L. |
| **Subject:** | RE: Cook Filter MDL - Cases Barred by Statute of Repose |
| **Date:** | Wednesday, November 17, 2021 4:58:35 PM |
| **Attachments:** | Cook Medical - 2021-09-29 - Letter to Shrader & Associates re Cases Barred by Statute of Repose.pdf<br>Amey - SOR Order.pdf<br>3bclean-control.bin |

Ms. Stackhouse,

As you may have seen, the Court has ruled in the *Amey* case (order also attached) that the 6-year North Carolina statute of repose applies to all claims involving products sold before 10/1/2009 and bars all claims.

Please let us know if Plaintiff Hameed will agree to dismiss the cases in light of the *Amey* order. If Plaintiff will not agree to dismiss by 11/24, we intend to proceed with motion practice on this issue.

Thank you,


**Eldin Hasic**
Associate
*Admitted to Practice in Indiana*
eldin.hasic@faegredrinker.com
Connect: vCard / LinkedIn

+1 260 460 1704 direct

───────

**Faegre Drinker Biddle & Reath LLP**
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana 46802, USA



**From:** Hasic, Eldin
**Sent:** Wednesday, October 6, 2021 11:00 PM
**To:** 'Layne Stackhouse' <layne@shraderlaw.com>
**Cc:** Maucher, Cynthia L. <cynthia.maucher@faegredrinker.com>
**Subject:** RE: Cook Filter MDL - Cases Barred by Statute of Repose

Ms. Stackhouse,

Thank you for your response. Regarding the first issue, there is a Seventh Circuit case holding that the disease exception to the NC statute of repose does not apply in the context of an implantable medical device. *See Klein v. Depuy* (KLEIN v. DePUY INCORPORATED | FindLaw). *Klein* is binding precedent on the MDL Court and dispositive of the first argument.

Regarding the second argument, I don't see a basis for a waiver argument. Cook's answers preserve

the right to raise applicable statutes of limitation and/or repose as a defense. Indeed, in the previous motion argued before the court under the NC statute of repose, we argued that the 6-year statute of repose applied (though it was also barred under the 12-year version) and the Court agreed in the order that we cited in the letter.

If the estate representative will not agree to dismiss, we reserve our rights to brief the issue under the CMO-28 process. A copy of the motion would be sent by email in addition to filing on the docket, per the CMO-28 procedure.

Best regards,

**Eldin Hasic**
Associate
*Admitted to Practice in Indiana*
eldin.hasic@faegredrinker.com
Connect: vCard / LinkedIn

+1 260 460 1704 direct

**Faegre Drinker Biddle & Reath LLP**
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana 46802, USA

---

**From:** Layne Stackhouse <layne@shraderlaw.com>
**Sent:** Wednesday, October 6, 2021 5:08 PM
**To:** Maucher, Cynthia L. <cynthia.maucher@faegredrinker.com>
**Cc:** Hasic, Eldin <eldin.hasic@faegredrinker.com>
**Subject:** RE: Cook Filter MDL - Cases Barred by Statute of Repose

**This Message originated outside your organization.**

---

Dear Mr. Hasic,

In response to your September 29, 2021 email and letter, please be advised we do not intend to voluntarily dismiss the case we brought on behalf of the Estate of Servietta Hameed.

As to why, there are two unsettled questions of North Carolina law that remain and which have not been fully raised before Judge Young. *See In re Biomet M2a Magnum Hip Implant Prods. Liab. Litig.*, 2019 WL 110892 (N.D. Ind. 2019). First, whether the "disease exception" applies to cases like Ms. Hameed's, rendering the statute of repose inapplicable. Second, whether the 2009 amendment of the statute of repose extended the statute of repose to plaintiffs with claims that had not yet been extinguished before the amendment took place. *Id.* at *2. I intend to raise these issues addressed by

the *Biomet* court before Judge Young if you proceed with filing your anticipated Motion for Judgment on the Pleadings. I understand Judge Young has previously ruled on the North Carolina statute of repose in the *Wilson* case, but I do not believe the *Biomet* case has been raised before him or that he has had the opportunity to review all of the applicable caselaw I have found in support of holding the North Carolina statute of repose inapplicable to cases like this one (or otherwise supporting that unsettled questions of North Carolina law remain).

Secondly, assuming Judge Young does not agree with us or *Biomet*, Cook has waived any defense under the prior North Carolina six-year statute of repose. *See Christie v. Hartley Construction, Inc.*, 367 N.C. 534 (2014). I have diligently searched for any prior orders from Judge Young that might address this issue under North Carolina law and have not been able to find any. It appears this issue has not yet been raised in the Cook MDL. If you believe otherwise and think that he has put this matter to bed in your favor, please let me know as soon as possible.

Please let me know if you still intend to move forward on the MJP and if so, when I can expect it. I am open to further meet and confer on these issues and your intended MJP if you would like.

Thanks,

Layne


A. LAYNE STACKHOUSE | BIO

**SHRADER & ASSOCIATES, L.L.P.**

9 GREENWAY PLAZA SUITE 2300
HOUSTON, TEXAS 77046
(713) 782-0000 (MAIN) | (713) 571-9605 (FAX)

22A GINGER CREEK PARKWAY | GLEN CARBON, IL 62034
(618) 659-0001 (MAIN) | WWW.SHRADERLAW.COM


**From:** Maucher, Cynthia L. [mailto:cynthia.maucher@faegredrinker.com]
**Sent:** Wednesday, September 29, 2021 10:53 AM
**To:** Layne Stackhouse <layne@shraderlaw.com>
**Cc:** Hasic, Eldin <eldin.hasic@faegredrinker.com>
**Subject:** Cook Filter MDL - Cases Barred by Statute of Repose

Please see the attached correspondence from Eldin Hasic.

Thank you.

**Cyndy Maucher**
Legal Administrative Assistant
cyndy.maucher@faegredrinker.com
Connect: vCard

+1 260 460 1621 direct / +1 260 460 1700 fax

Assistant to: Brian P. Clifford, +1 260 460 1687; Eldin Hasic, +1 260 460 1704; Thomas C. Kus, +1 260 460 1739 and Beth A. Meyer, +1 260 460 1651

**Faegre Drinker Biddle & Reath LLP**
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana 46802, USA

Welcome to **Faegre Drinker Biddle & Reath LLP (Faegre Drinker)** - a new firm comprising the former Faegre Baker Daniels and Drinker Biddle & Reath. Our email addresses have changed with mine noted in the signature block. All phone and fax numbers remain the same. As a top 50 firm that draws on shared values and cultures, our new firm is *designed for clients*.

*****************************

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments. Thank you.
*****************************