UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Foley, Ursula Anna – 1:18-cv-00831

**DEFENDANTS' MOTION FOR JUDGMENT IN
<u>PLAINTIFF URSULA FOLEY' S CASE PURSUANT TO CMO-28</u>**

Under Federal Rule of Civil Procedure 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment on the pleadings in Plaintiff's case as time barred under the North Carolina statute of repose.

1. <u>Plaintiff's Name</u>:  Ursula Anna Foley

2. <u>Case Number</u>:  1:18-cv-00831

3. <u>Case Origin</u>:  Filed in Circuit Court of City of St. Louis, Missouri as part of *Collins* multi-plaintiff case on May 6, 2016, with new individual case filed in Southern District of Indiana on March 14, 2018, after *Collins* case was severed.

4. <u>Plaintiff's Home State per Complaint</u>: North Carolina (Plaintiff's residence at time of placement and injury); Virginia (current residence)

5. <u>Applicable Choice of Law Rules</u>:  North Carolina (for reasons set forth below)

6. <u>Applicable Statutes of Repose</u>:  North Carolina, N.C. Gen. Stat. § 1-50(a) ("No action for the recovery of damages for personal injury, death, or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of the initial purchase for use or consumption.") (repealed prospectively only).

7. <u>Filter Placement Date (latest possible date of purchase)</u>: November 19, 2004

8. <u>Filing Date</u>:  May 6, 2016 (*see Collins* (1:16-cv-06065) Dkt. 57 (stating that "as to the severed causes of action, the filing date will relate back to the filing date of the Plaintiff's original complaint in the Missouri state court."))

9. <u>Length of Time Between Purchase and Filing</u>:  11 years, 5 months, 17 days

**PROCEDURAL BACKGROUND AND CHOICE OF LAW**

Plaintiff's case was initially filed in an improper venue in Missouri as part of the First Amended Petition in the *Collins et al.* multi-plaintiff case.  The *Collins* multi-plaintiff case was severed by agreement. *See* Order on Joint Motion Regarding Agreed Disposition, *Collins* (1:17-cv-06065) Dkt. 57, ¶¶ (c)-(d)).  Under the terms of severance, Plaintiff filed a Short-Form Complaint, stating that she would have filed her case in the Middle District of North Carolina—the state where she received her filter and where her injury occurred—had she not filed in the

1

Southern District of Indiana.  *See* Pl.'s Short-Form Compl., ¶¶ 4-5, 7.  Because the severance order stated that "Plaintiffs shall open a new civil case for each of the severed causes of actions," *Collins* (1:17-cv-06065) Dkt. 57, ¶¶ (c)-(d), Plaintiff's Short-Form Complaint should be treated as a new case with North Carolina as the "home" district for choice of law purposes.[1]

North Carolina treats the statute of repose as substantive.  *See Tipton & Young Constr. Co., Inc. v. Blue Ridge Structure Co.*, 446 S.E.2d 603, 605 (N.C. Ct. App. 1995).  North Carolina courts have "made clear that *lex loci delicti* is the appropriate test to apply to tort claims." *Harco Nat. Ins. Co. v. Grant Thornton LLP*, 698 S.E.2d 719, 722 (N.C. Ct. App. 2010) (citing *Boudreau v. Baughman*, 68 S.E.2d 849, 863-54 (N.C. 1988) ("For actions sounding in tort, the state where the injury occurred is considered the situs of the claim.")).  Because the claimed injury occurred in North Carolina, Plaintiff's claims are subject to North Carolina law,

## **ARGUMENT**

Plaintiff's claims are time-barred under North Carolina's pre-2009 six-year statute of repose for product liability actions.[2]  *See* N.C. Gen. Stat. § 1-50(a) (2008).  Although the North

---

[1] Although Plaintiff's case has a complex procedural history, Cook notes that both Indiana and Missouri courts would apply North Carolina substantive law in this case.  If the case was treated as filed in Missouri, the Court would apply Indiana choice of law rules because Plaintiff has no connection to Missouri and the Eastern District of Missouri was not a proper venue for her case.  *See Wisland v. Admiral Beverage Corp.*, 119 F.3d 733, 736 (8th Cir. 1997) (explaining that law of the transferee court is applied when a case is transferred from an improper venue because the "plaintiff could [otherwise] deliberately file in a jurisdiction with favorable law but clearly improper venue and benefit from its choice.").  Like North Carolina, Indiana also treats the statute of repose as substantive, *see Kissel v. Rosenbaum*, 579 N.E.2d 1322, 1326 (Ind. Ct. App. 1991), and retains a presumption in favor of *lex loci delicti* in tort cases, *see Simon v. United States*, 805 N.E.2d 798, 804-05 (Ind. 2004).  If Missouri choice of law rules were applied, North Carolina law would apply because North Carolina has the strongest relationship to this case based on Plaintiff receiving her filter and her claimed injury occurred in North Carolina, *see* Pl.'s Short-Form Compl., 4-5, 12; *Johnson v. Avco Corp.*, 2009 WL 4042747, at *4 (E.D. Mo. Nov. 20, 2009) (applying Indiana law in a case where the injury occurred in Indiana and the plaintiffs had a "settled relationship" to Indiana but the conduct causing the injury occurred in other states).

[2] North Carolina's statute of repose completely bars all claims alleging personal injury from a product no matter how the claim is styled or pled.  *See Nat'l Prop. Inv'rs, VIII v. Shell Oil Co.*, 950 F. Supp. 710, 713 (E.D.N.C. 1996) ("All product liability claims, regardless of their nature, are subject to this statute."); *see also* Dkt. 15084 (dismissing case on North Carolina and Texas statute of repose grounds).  Put simply, a

Carolina legislature extended the repose period to 12 years effective October 1, 2009, *see* N.C. Gen. Stat. § 1-46-1 (2010) (identical statutory text, with repose period of 12 years), the new 12-year repose period "applies to causes of action that accrue on or after" October 1, 2009. *Robinson v. Bridgestone/Firestone N. Am. Tire, L.L.C.*, 703 S.E.2d 883, 886-87 (N.C. 2011). Plaintiff therefore is not entitled to the benefit of the extended 12-year repose period.

In both *Amey* and *Wilson*, this Court ruled that North Carolina's six-year statute of repose applies to all claims involving filters sold before October 1, 2009, regardless of when the claimed injury occurred. *See* Dkts. 20384 (*Amey*) at 1-2 & 15084 (*Wilson*) at 2. These rulings follow the holdings of multiple cases applying North Carolina law. *See Cramer v. Ethicon, Inc.*, 2021 WL 243872, at *4 (W.D.N.C. Jan. 25, 2021) ("courts applying North Carolina law have consistently applied [the] six-year statute of repose in cases where the product in question was first purchased or delivered, as here, before October 1, 2009."); *Lackey v. DePuy Orthopedics*, WL 2791264, at *3 (W.D.N.C. July 14, 2011) (applying six-year statute of repose because it "was in effect at the time Plaintiff purchased the allegedly defective product."))[3]

Here, all of Plaintiff's claims are time-barred as a matter of North Carolina law because she received her filter on November 19, 2004—while the six-year statute of repose was still in effect—but she did not file her action until May 6, 2016, more than 11 years later. *See* Dkt. 20384 (*Amey*); *Cramer*, 2021 WL 243872, at *4; *Lackey*, WL 2791264, at *3; *Ferro*, 2017 WL 3710071, *2; *In re Elk Cross Timbers Decking Mktg.*, 2015 WL 6467730, at *10-11.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

statute of repose containing "'no action language' bars 'all claims....'" *Braswell v. Colonial Pipeline Co.*, 395 F. Supp.3d 641, 648 (M.D.N.C. 2019) (quoting *Hodge v. Harkey*, 631 S.E.2d 445, 449 (N.C. 1999)).
[3] *See also Ferro v. VolVo Penta of the Americas, LLC*, 2017 WL 3710071, *2 (E.D.N.C. Aug. 28, 2017) ("The 2008 and 2009 purchases [of boat parts] each accrued before October 2009, are subjected to the six-year statute of repose, and are therefore time-barred."); *In re Elk Cross Timbers Decking Mktg.*, 2015 WL 6467730, at *10-11 (D.N.J. Oct. 26, 2016) (applying six-year North Carolina statute of repose to product sold in 2007 where plaintiff claimed the defect was discovered after October 1, 2009).

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  June 23, 2022 | /s/ *Jessica Benson Cox* <br> Jessica Benson Cox, Co-Lead Counsel <br> Andrea Roberts Pierson <br> FAEGRE DRINKER BIDDLE & REATH LLP <br> 300 North Meridian Street, Suite 2500 <br> Indianapolis, Indiana  46204 <br> Telephone:  (317) 237-0300 <br> Andrea.Pierson@FaegreDrinker.com <br> Jessica.Cox@FaegreDrinker.com <br><br> James Stephen Bennett, Co-Lead Counsel <br> FAEGRE DRINKER BIDDLE & REATH LLP <br> 110 West Berry Street, Suite 2400 <br> Fort Wayne, Indiana  46802 <br> Telephone:  (260) 424-8000 <br> Stephen.Bennett@FaegreDrinker.com <br><br> *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2022, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF URSULA FOLEY'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*