IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to All Actions | |

### ORDER ON THE COOK DEFENDANTS' MOTION TO MAINTAIN UNDER SEAL CERTAIN EXHIBITS TO PLAINTIFFS' STEERING COMMITTEE'S MOTION FOR RELIEF FROM CMO-30

Before the Court is a motion [Filing No. 22187] from the Cook Defendants seeking to maintain under seal Exhibits H [Filing No. 22066-3] and I [Filing No. 22066-4] to Plaintiffs' Steering Committee (PSC)'s Motion for Relief from CMO-30, or in the Alternative, Motion to Amend CMO-30 [Filing No. 22064]. PSC filed Exhibits D, E, G, H, and I to its motion under seal, but did not file a motion to maintain the exhibits under seal, as required by S.D. Ind. L.R. 5-11. Cook argues that Exhibits H and I contain Cook confidential information. [Filing No. 22187, at ECF p. 2.]

Specifically, Exhibit H is an excerpt from the June 30, 2017, deposition of Dr. David Kessler that includes information about Cook's VCA-2 and VCA-3 animal studies related to its IVC filters. [Filing No. 22066-3.] Cook argues that this exhibit constitutes a research and development document, since it contains information related to Cook's internal product development, research, and testing activities. [Filing No. 22187, at ECF p. 8.] Exhibit I is an

excerpt from the expert report of Dr. Harlan Krumholz, that includes information about various Cook studies, as well as Cook's internal communications related to product development and regulatory compliance of its IVC filters.  Cook similarly argues that this exhibit is a research and development and regulatory affairs document, since it contains information related to Cook's internal product development, research, testing, and regulatory affairs activities.  Thus, Cook argues that Exhibits H and I should be maintained under seal to protect Cook's confidential and proprietary business and commercial information.  Cook represents to the Court that it attempted to contact Liaison Counsel to PSC and Plaintiffs' Co-Lead counsel, but did not receive a response.  [Filing No. 22187, at ECF p. 10.]

       Cook sets forth good cause for maintaining Exhibits H and I under seal, because they contain, reference, or cite internal confidential and proprietary Cook information relating to and concerning research and development and regulatory affairs.  Disclosure of this information would result in competitive harm to Cook.  However, Cook does not address whether less restrictive measures such as redaction would eliminate any concerns or otherwise provide a redacted version of either document.  Thus, Cook's motion to seal is granted.  [Filing No. 22187.] The Clerk is directed to maintain Exhibit H [Filing No. 22066-3] and Exhibit I [Filing No. 22066-4] under seal.  However, Cook shall file a response within 14 days of this Court order addressing whether redaction is possible and include a proposed publicly redacted version of these documents if Cook believes it is possible to do so.

       Finally, the Court notes that Exhibits D [Filing No. 22066], E [Filing No. 22066-1], and G [Filing No. 22066-2] were also filed under seal, without a corresponding motion to maintain these documents under seal.  Neither side has provided the Court with good cause to maintain

these exhibits under seal.  Thus, the Clerk is directed to unseal these filings after 21 days, absent a motion to reconsider, appeal, or further Court order.

    Date: 6/28/2022

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all registered counsel of record via the Court's ECF system.