UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates Only to the Following Cases:<br>Foley, Ursula Anna – 1:18-cv-00831 | |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT PURSUANT TO CMO-28

Plaintiff Ursula Foley hereby submits this response in opposition to the Cook Defendants' motion for judgment on the pleadings.

### ARGUMENT

The North Carolina General Assembly has the exclusive authority to modify applicable statutes of repose, so long as any amendment to such statute does not revive a claim ***that has already been extinguished*** by the previous statute of repose. *See Lackey v. DePuy Orthopaedics, Inc.,* No. 5:10-cv-00030-RLV-DSC, 2011 U.S. Dist. LEXIS 76529, at *10–11 (W.D.N.C. 2011); *McCarter v. Stone & Webster Eng'g Corp.,* 104 S.E.2d 858 (N.C. 1958); *Colony Hill Condominium I Ass'n v. Colony Co.,* 320 S.E.2d 273 (N.C. Ct. App. 1984), *review denied* 325 S.E.2d 485 (N.C. 1985)). In Section 3 of Session Law 2009-420, the General Assembly expressly stated that the new 12-year statute of repose (N.C. Gen. Stat. § 1-46.1) would apply to causes of action that *accrued* on or after October 1, 2009. Because Ms. Foley's causes of action accrued on September 29, 2015, when the perforation of the filter into surrounding organs was first discovered, it is clear that the General Assembly intended that the 12-year statute should apply.

The North Carolina Supreme Court has held that the intent of the General Assembly in enacting the statute of repose was to avoid subjecting manufacturers to "'open-ended' liability

1

created by allowing claims for an *indefinite* period of time." *Tetterton v. Long Mfg. Co.*, 332 S.E.2d 67, 73 (N.C.1985) (emphasis added). The application of the 12-year statute does not subject the Cook Defendants to any such open-ended liability; it merely extends the defined time period by six years. Neither does such application revive an already extinguished claim. *See Lackey*, 2011 U.S. Dist. LEXIS 76529, at *10–11; *Robinson v. Bridgestone/Firestone N. Am. Tire, L.L.C.,* 703 S.E.2d 883, 886–87 (N.C. Ct. App. 2011). Plaintiff's filter was delivered on November 19, 2004. At the time of the 2009 amendment, Plaintiff's causes of action had not yet accrued, but were still viable at the time of the amendment, as six years had not yet passed. Application of the 2009 amendment would not, therefore, revive an extinguished claim, and because the General Assembly expressly stated that the 2009 amendment "applies to causes of action that accrue on or after" October 1, 2009 (like Plaintiff's), the 12-year repose period *must* apply. Plaintiff's original complaint was filed in May 2016—before the expiration of the 12-year repose period on November 19, 2016—and her causes of action are not barred by the statute.

Additionally, for the purpose of the repose period, Plaintiff's short-form complaint relates back to the original 2016 action by virtue of N.C. Gen. Stat. § 1A-1, Rule 41. Ethicon mentions that the short-form complaint was filed after the previous *Collins et al.* multi-plaintiff case was severed and transferred into this MDL from the Eastern District of Missouri. What Ethicon ignores is that this transfer was ordered on April 6, 2017 and effectuated on May 1, 2017. Pursuant to Rule 41, Plaintiff had one year from the dismissal of the first action—May 1, 2017—to file a second action based on the same claims. Plaintiff did so, filing the short-form complaint on March 14, 2018. As such, Plaintiff's short-form complaint relates back to the May 2016 *Collins et al.* case, filed before the expiration of the 12-year repose period. Ethicon's motion must be denied.

The Cook Defendants rely upon two cases—*Lackey* and *Cramer v. Ethicon, Inc.*—for the

overly broad and incorrect conclusion that the 6-year statute of repose applies to all cases involving a product purchased or delivered prior to October 1, 2009. However, the *Lackey* Court offered a narrow holding, that the 2009 amendment could not be applied ***to revive an extinguished claim***. 2011 U.S. Dist. LEXIS 76529, at *10–11. In contrast, *Cramer* inappropriately expanded the scope of North Carolina law in direct opposition to the General Assembly's decision to have the 2009 amended statute of repose apply to all case that accrued on or after October 1, 2009. No. 1:20-cv-95-MOC-WCM, 2021 U.S. Dist. LEXIS 12891, at *10 (W.D.N.C. 2021) (applying the 6-year statute of repose to ***all*** cases where the product was first purchased or delivered before October 1, 2009, without regard to when the actions accrued). This Court's rulings in *Amey* was based primarily on the *Cramer*, and Plaintiff requests that the Court reassess the persuasive value of *Cramer*, a federal court decision applying North Carolina law in a way that contradicts the intent of the North Carolina General Assembly.

Finally, the length of the repose period is irrelevant because the Cook Defendants have waived that defense. Cook expressly represented to the FDA that the Gunther Tulip and Celect IVC filters were intended for ***permanent*** implantation when it sought clearance to market these products. They then warranted to patients in the *Cook Celect and Gunther Tulip Vena Cava Patient Guide* that these filters were safe for permanent placement—*i.e.,* safe and effective for an indefinite time period. By making such a warranty, the Cook Defendants bargained away the protections of the statute of repose. *Christie v. Hartley Constr., Inc.*, 766 S.E.2d 283, 287 (N.C. 2014) (holding that the beneficiary of a statute of repose can "bargain away, or even waive, that benefit"). The Cook Defendants cannot now hold up the statute of repose as a barrier against liability for injuries caused by a product it warranted could remain safely in place for an indefinite time period. Their motion should be denied.

Dated: July 1, 2022.                    Respectfully submitted,

                                             */s/ Ben C. Martin*
                                             Ben C. Martin, Esq.
                                             Texas Bar No. 13052400
                                             Thomas Wm. Arbon, Esq.
                                             Texas Bar No. 01284275
                                             MARTIN BAUGHMAN, PLLC
                                             3141 Hood Street, Suite 600
                                             Dallas, Texas 75219
                                             T: (214) 761-6614
                                             F: (214) 744-7590
                                             bmartin@martinbaughman.com
                                             tarbon@martinbaughman.com
                                             eservice@martinbaughman.com

                                             *Attorneys for Plaintiff Ursula Foley*

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2022, a copy of the foregoing ***Response in Opposition to Defendants' Motion for Judgment Pursuant to CMO-28*** was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                             */s/ Ben C. Martin*
                                             Ben C. Martin, Esq.