UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNIS A. HUNTER, Jr., )<br>)<br>        Plaintiff, )<br>)<br>     v. )<br>)<br>COOK INCORPORATED, )<br>COOK MEDICAL LLC, )<br>WILLIAM COOK EUROPE APS, )<br>)<br>        Defendants. ) | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

_____
This Documents Relates Only to the Following Case:
Dennis A. Hunter, Jr.
As Administrator of the Estate of Servietta Hameed
1:17-6059-RLY-TAB

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

Plaintiff Dennis A. Hunter Jr. has filed a motion for leave to file a second amended short form complaint. [Filing No. 22014.] This motion has drawn an objection—and resulted in some very serious accusations that the Court addresses while tackling the substance of Plaintiff's motion.

Plaintiff filed his motion for leave to amend for the stated reason of providing "more evidence to support the express warranty claim in tandem to answer Defendant's Motion for Summary Judgment on the pleadings." [Filing No. 22014, at ECF p. 1.] After the Cook Defendants objected to Plaintiff's motion, Plaintiff's reply brief accused Cook of misconduct including misstating issues before the Court, misrepresenting the timeline of this litigation, and "hypocritically" ignoring Defendants' own "dilatory conduct." [Filing No. 22105, at ECF p. 1.] Misstating and mispresenting issues to the Court, and engaging in dilatory conduct, are serious

matters.  The Court was surprised and concerned by these accusations.  Such misconduct, if true, could result in sanctions.  Accordingly, the Court asked Cook to respond with a surreply, which Cook did.  [Filing No. 22235.]  As Cook's surreply makes abundantly clear, Plaintiff's allegations are unfounded.  Moreover, Plaintiff's motion for leave to amend is properly denied.

Plaintiff's reply in support of his motion to amend began its attack by taking Cook to task for asserting Plaintiff's motion to amend is untimely.  Plaintiff argued that Plaintiff's case is not a bellwether case, so there are no scheduling orders in place with any deadlines that Plaintiff's motion to amend violated.  [Filing No. 22105, at ECF p. 1-2.]  However, as Cook points out in its surreply, the Court set a March 19, 2021,[1] deadline for any Plaintiff to amend their short form complaints and allege case-specific facts in support of fraudulent concealment on an individual basis.  [Filing No. 15907.]  Thus, Cook was correct in stating Plaintiff's proposed amendment concerning fraudulent concealment, filed May 16, 2022, missed the Court's deadline for such amendments by more than 15 months.

Hundreds of plaintiffs amended their complaints by the Court's March 2021 deadline. [*See* Filing No. 18315-2 (setting forth a chart of unique allegations in plaintiffs' Amended Short-Form complaints filed between February 22, 2021, and March 26, 2021).]  However, Plaintiff did not.  Rather than acknowledging that Plaintiff missed this deadline, Plaintiff's reply brief takes the offensive in arguing "Cook has repeatedly engaged in its own dilatory conduct and yet, nevertheless, cries foul at every turn." [Filing No. 22105, at ECF p. 3.]  A review of the facts undermines Plaintiff's allegations.  Cook filed its motion pursuant to Federal Rule of Civil Procedure 12(c) and CMO-28.  Under Rule 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P.

---

[1] The Court later extended that deadline to March 26, 2021.  [Filing No. 16249.]

12(c).  There is no trial date set in Plaintiff's case.  Accordingly, Cook's motion was not dilatory or untimely under Rule 12(c).  As for CMO-28, that order imposed a 60-day deadline (later extended to January 12, 2021 [Filing No. 15326]) for plaintiffs to self-review their cases for compliance with applicable statutes of limitations and/or repose.  CMO-28 did not, however, set a deadline for Cook to move to dismiss.  On the contrary, CMO-28 provides that Cook may file a motion after conclusion of the voluntary self-review process in any remaining case "if the Cook Defendants wish to seek dismissal or judgment in the case they believe is barred by the statute of limitations or statute of repose."  [Filing No 14601, at p. 2.]

Also missing the mark is Plaintiff's assertion that Cook misstated the issues before the Court.  Plaintiff's motion seeks leave to amend for the purposed reason of providing more evidence to support an express warranty claim in response to Cook's summary judgment motion.  Cook objected on the grounds that Plaintiff's proposed amendments, while allegedly supporting the express warranty and common law fraud claims, all rely on the same allegations of fraudulent concealment, which still fail to state a viable claim.  [Filing No. 22100, at ECF p. 4.]  Plaintiff counters by arguing that simply because his new allegations also support a fraudulent concealment claim sufficient to toll the statute of limitations does not mean that these new allegations cannot be raised to support other claims.  [Filing No. 22105, at ECF p. 3.]  Perhaps so.  But this does not support the serious allegation that Cook is misstating issues before the Court.

On the contrary, the Court agrees with Cook that Plaintiff's proposed second amended short form complaint asserts allegations of fraudulent concealment in support of a claim that equitable estoppel barred the application of North Carolina's statute of repose to Plaintiff's express warranty claim.  Plaintiff's attempt to invoke fraudulent concealment and equitable

estoppel to avoid the North Carolina statute of repose is futile. This is so for two reasons. First, the allegations still fail to meet the requirements of Fed. R. Civ. Rule 9(b). Second, under North Carolina law, fraudulent concealment and related equitable doctrines apply only to the statute of limitations, and do not prevent the running of the statute of repose. [Filing No. 22235, at ECF p. 2 (citing Filing No. 22154, at ECF p. 7 (collecting cases)).]

The closing paragraph of Cook's surreply aptly summarizes the situation at hand.

> Ultimately, the accusations Plaintiff has raised obfuscate the actual issue before the Court on Plaintiff's motion for leave to amend: Plaintiff is not entitled to another amendment as a matter of course, and he has failed to offer good cause as to why he should be permitted to file the same kind of amendments as the hundreds of Plaintiffs that filed those amendments in March 2021 in compliance with the Court's February 22, 2021 order, which applied globally to all cases. In addition, the amendments Plaintiff offers would be futile in any event and would not prevent dismissal based on the statute of repose.

[Filing No. 22235, at ECF p. 11.] Plaintiff's accusations are unfounded, and Plaintiff's motion for leave to file a second amended short form complaint [Filing No. 22014] is denied as both untimely and futile.

Date: 7/8/2022

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all registered counsel of record via CM/ECF.