UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Case:

Orrick, William, 1:19-cv-02098

**COOK DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF WILLIAM ORRICK'S CASE PURSUANT TO CMO-28**

Under Fed. R. Civ. P. 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges as his injury a failed IVC filter retrieval.

1. Plaintiff's Name: William Orrick

2. Case Number: 1:19-cv-01705

3. Case Origin: Filed in the Southern District of Indiana on May 25, 2019

4. Plaintiff's Home State per Complaint: Texas (Plaintiff's current residence, location of injury, and residence at time of filter placement).

5. Applicable Choice of Law Rules: Texas

6. Applicable Statute of Limitations: Texas (2 years), Tex. Civ. Prac. & Rem. Code § 16.003 ("[A] person must bring suit for … personal injury … no later than two years after the cause of action accrues.").

7. Filter Placement Date: July 9, 2013

8. Latest Possible Date of Accrual: May 9, 2014 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting: "Multiple attempts at snaring the filter were unsuccessful due to the hook positioning.").[1]

---

[1] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion. *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").

9. <u>Length of Time Between Claim Accrual and Filing</u>:  5 years, 0 months, 16 days

10. <u>Length of Time Between Placement and Filing</u>:  5 years, 10 months, 16 days

Texas law bars Plaintiff's personal injury claims because he filed his case more than two years after an unsuccessful attempt to remove his filter.  *See supra*, ¶¶ 3, 8-9.  Under Texas's discovery rule, the limitations period accrues when "the plaintiff discovers or should have discovered, in the exercise of reasonable care and diligence, the nature of the injury."  *Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex. 1988).  A plaintiff need not discover all the elements of a cause of action for the limitations period to begin; rather, Texas's "discovery rule speaks only of discovery of the injury."  *Coody v. A.H. Robins Co., Inc.*, 696 S.W.2d 154, 156 (Tex. Ct. App. 1985).  This Court dismissed the *Trevino* case under Texas law where the plaintiff underwent a failed retrieval attempt more than two years before commencing the action because the plaintiff "had enough information when he learned of the failed retrieval attempt . . . to make inquiry into the existence of a possible cause of action."  Dkt. 21814 at 3.  Here, as in *Trevino*, the failed retrieval procedure provided sufficient information to start the limitations period as a matter of law.  Plaintiff's personal injury claims should therefore be dismissed as time-barred, and his claim for punitive damages should be dismissed as derivative.

Plaintiff's implied warranty claim is also time-barred under Texas's four-year statute of limitations, which is measured from the date of delivery.  *See* Tex. Bus & Comm. Code Ann. § 2.725.  Here, Plaintiff filed this action nearly six years after receiving his filter.  *Supra*, ¶¶ 3, 7, 10.

Plaintiff's express-warranty claim fails for the same reason.  As noted, a breach-of-warranty claim—express or implied—must be brought within four years of delivery.  *See* Tex. Bus. & Com. Code § 2.725.  Although an exception exists where an express warranty explicitly extends to future performance, in which case "the warranty cause of action does not accrue until

- 2 -

discovery of the breach," *Safeway Stores, Inc. v. Certainteed Corp.*, 710 S.W.2d 544, 546 (Tex. 1986), courts construe this "explicitness exception" narrowly, *id.* at 548. "For an express warranty to meet the exception, it must make specific reference to a specific date in the future." *Id.* at 548. Here, Plaintiff claims no such specific reference; he simply asserts that Cook expressly warranted the filter "was [a] permanent lifetime implant." Dkt. 16726 at ¶ 14. Cook denies that any such express warranty was created, but even viewing Plaintiff's pleadings in the most favorable light, Plaintiff cannot show that the alleged warranty "make[s] specific reference to a specific date in the future." *See Safeway*, 710 S.W.2d at 548. Indeed, courts applying Texas law have repeatedly rejected similar arguments. *See, e.g., Belmonte v. Baxter Healthcare Corp.*, 2002 WL 560996, at *4 (Tex. App. Apr. 16, 2002) (finding promise the product "should last a lifetime" did not create an express warranty); *Roy v. Armco, Union Wire Rope Div.*, 636 F. Supp. 839, 840-41 (E.D. Tex. 1986) (finding promise the product was "designed for long life" did not create an express warranty).

      Moreover, Plaintiff's claims would still be time-barred even under the "explicitness exception." The exception delays accrual only until "the breach is or should have been discovered." Tex. Bus. & Com. Code § 2.725(b). Here, as discussed above, any breach of an alleged express warranty would have occurred and been discovered at the time of Plaintiff's failed retrieval, which occurred more than five years before Plaintiff filed his action. *See supra*, ¶¶ 3, 8-9; *see also* Dkt. 21814. Plaintiff's express-warranty claim would thus be time-barred by over a year even if the "explicitness exception" applied.

<table>
<tr><td>Dated:  July 15, 2022</td><td>Respectfully submitted,

/s/ Jessica Benson Cox
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*</td></tr>
</table>

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2022, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF WILLIAM ORRICK'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ Jessica Benson Cox