

# UNITED STATES DISTRICT COURT
## Southern District of Indiana

### Roger A. G. Sharpe, Clerk of Court

| | | | |
|---|---|---|---|
| Birch Bayh Federal Building & U.S. Courthouse, Room 105 46 East Ohio Street Indianapolis, IN 46204 (317) 229-3700 | U.S. Courthouse, Room 104 921 Ohio Street Terre Haute, IN 47807 (812) 231-1840 | Winfield K. Denton Federal Building & U. S. Courthouse, Room 304 101 NW Martin Luther King Blvd. Evansville, IN 47708 (812) 434-6410 | Lee H. Hamilton Federal Building & U.S. Courthouse, Room 210 121 West Spring Street New Albany, IN 47150 (812) 542-4510 |

July 18, 2022

Paul L. Stoller
DALIMONTE RUEB STOLLER, LLP
2425 East Camelback Road
Suite 500
Phoenix, AZ 85016

Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street
Suite 2500
Indianapolis, IN 46204

RE:     IN RE COOK MEDICAL IVC FILTERS, 1:14-ml 2570-RLY-TAB
        SHIRLEY A. PARTON v. COOK INCORPORATED et al, 1:18-cv-3371-RLY-TAB

Dear Appellant and Appellee:

Please be advised that the Notice of Appeal filed in 1:18-cv-03371-RLY-TAB has been forwarded to the United States Court of Appeals for the Seventh Circuit. The Clerk of the Seventh Circuit will assign an appellate case number, docket the appeal, and notify case participants of the Seventh Circuit case number assigned to this matter.

Please review Seventh Circuit Rule 10 (enclosed) for guidance regarding record preparation.

Please contact the Clerk's office with any questions or concerns.

Sincerely,
Roger A. G. Sharpe
Clerk of Court

By Laura Townsend, Deputy Clerk
812-542-4511

## Selected Rules for Reference

**CIRCUIT RULE 10. Preparation and Accessibility of Record in District Court Appeals**

**(a) Record Preparation Duties.**

**(1) Within 14 days of filing the notice of appeal the district court must ensure the district court docket is complete and made available electronically to the court of appeals.**

**(2) The clerk of the district court must prepare and hold any confidential record or exhibit not available electronically on the district court docket until requested by the court of appeals.**

**(3) Counsel must ensure, within 21 days of filing the notice of appeal, that all electronic and non electronic documents necessary for review on appeal are on the district court docket.**

(b) *Correction or Modification of Record.* A motion to correct or modify the record pursuant to Rule 10(e), Fed. R. App. P., or a motion to strike matter from the record on the ground that it is not properly a part thereof must be presented first to the district court. That court's order ruling on the motion must be included as part of the record and a notice of the order must be sent to the court of appeals.

(c) *Order or Certification with Regard to Transcript.* Counsel and court reporters are to utilize the form prescribed by this court when ordering transcripts or certifying that none will be ordered. For specific requirements, see Rules 10(b) and 11(b), Fed. R. App. P.

(d) *Ordering Transcripts in Criminal Cases.*

(1) *Transcripts in Criminal Justice Act Cases.* At the time of the return of a verdict of guilty or, in the case of a bench trial, an adjudication of guilt in a criminal case in which the defendant is represented by counsel appointed under the Criminal Justice Act (C.J.A.), counsel for the defendant must request a transcript of testimony and other relevant proceedings by completing a C.J.A. Form No. 24 and giving it to the district judge. If the district judge believes an appeal is probable, the judge must order transcribed so much of the proceedings as the judge believes necessary for an appeal. The transcript must be filed with the clerk of the district court within 40 days after the return of a verdict of guilty or, in the case of a bench trial, the adjudication of guilt or within seven days after sentencing, whichever occurs later. If the district judge decides not to order the transcript at that time, the judge must retain the C.J.A. Form No. 24 without ruling. If a notice of appeal is filed later, appointed counsel or counsel for a defendant allowed after trial to proceed on appeal in forma pauperis must immediately notify the district judge of the filing of a notice of appeal and file or renew the request made on C.J.A. Form No. 24 for a free transcript.

(2) *Transcripts in Other Criminal Cases.* Within 14 days after filing the notice of appeal in other criminal cases, the appellant or appellant's counsel must deposit with the court reporter the estimated cost of the transcript ordered pursuant to Rule 10(b), Fed. R. App. P., unless the district court orders that the transcript be paid for by the United States. A non-indigent appellant must pay a pro rata share of the cost of a transcript prepared at the request of an indigent co-defendant under the Criminal Justice Act unless the district court determines that fairness requires a different division of the cost. Failure to comply with this paragraph will be cause for dismissal of the appeal.

(e) *Indexing of Transcript.* The transcript of proceedings to be part of the record on appeal (and any copies prepared for the use of the court or counsel in the case on appeal) must be bound by the reporter, with the pages consecutively numbered throughout. The transcript of proceedings must contain a suitable index, as well as the following information:

(1) An alphabetical list of witnesses, giving the pages on which the direct and each other examination of each witness begins.

(2) A list of exhibits by number, with a brief description of each exhibit indicating the nature of its contents, and with a reference to the pages of the transcript where each exhibit has been identified, offered, and received or rejected.

(3) A list of other significant portions of the trial such as opening statements, arguments to the jury, and instructions, with a reference to the page where each begins.

When the record includes transcripts of more than one trial or other distinct proceeding, and it would be cumbersome to apply this paragraph to all the transcripts taken together as one, the rule may be applied separately to each transcript of one trial or other distinct proceeding.

(f) *Presentence Reports*. The presentence report is part of the record on appeal in every criminal case. The district court must maintain this report under seal, unless it has already been placed in the public record in the district court. If the report is under seal, the report may not be included in the appendix to the brief or the separate appendix under Fed. R. App. P. 30 and Circuit Rule 30. Counsel of record may review the presentence report but may not review the probation officer's written comments and any other portion submitted in camera to the trial judge.

(g) *Effect of Omissions from the Record on Appeal.* When a party's argument is countered by a contention of waiver for failure to raise the point in the trial court or before an agency, the party opposing the waiver contention must give the record cite where the point was asserted and also ensure that the record before the court of appeals contains the relevant document or transcript.

NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals are available at: http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf



# UNITED STATES DISTRICT COURT
## Southern District of Indiana

**Roger A. G. Sharpe, Clerk of Court**

| | | | |
|---|---|---|---|
| Birch Bayh Federal Building<br>& U.S. Courthouse, Room 105<br>46 East Ohio Street<br>Indianapolis, IN 46204<br>(317) 229-3700 | U.S. Courthouse, Room 104<br>921 Ohio Street<br>Terre Haute, IN 47807<br>(812) 231-1840 | Winfield K. Denton Federal Building<br>& U. S. Courthouse, Room 304<br>101 NW Martin Luther King Blvd.<br>Evansville, IN 47708<br>(812) 434-6410 | Lee H. Hamilton Federal Building<br>& U.S. Courthouse, Room 210<br>121 West Spring Street<br>New Albany, IN 47150<br>(812) 542-4510 |

July 18, 2022

RE:    IN RE COOK MEDICAL IVC FILTERS, 1:14-ml 2570-RLY-TAB
       SHIRLEY A. PARTON v. COOK INCORPORATED et al, 1:18-cv-3371-RLY-TAB

Dear Appellant:

A Notice of Appeal was filed in the above case on July 15, 2022. However, a "Docketing Statement" was <u>not filed</u> along with the Notice of Appeal, as required by <u>Circuit Rule 3(c)</u> of the U.S. Court of Appeals for the Seventh Circuit. A copy of the rule is attached for reference.

Pursuant to the Seventh Circuit Rule 3(c), the appellant must serve on all parties a docketing statement and file said statement with the Clerk of the Seventh Circuit within seven (7) days of the filing of the Notice of Appeal.

<u>IMPORTANT</u>: Please do not submit the docketing statement to the U.S. District Court. The docketing statement must be filed electronically with the Seventh Circuit pursuant to Circuit Rule 25.  If the appellant is proceeding pro se, then the docketing statement should be filed on paper by mailing the same to the address below:

    Christopher Conway, Clerk
    United States Court of Appeals
    219 South Dearborn Street, Suite 2722
    Chicago, IL 60604

Please contact the Clerk's office with any questions or concerns.

                    Sincerely,
                    Roger A. G. Sharpe,
                    Clerk of Court

                    By Laura Townsend, Deputy Clerk
                    812-542-4511

# **Selected Rules for Reference**

CIRCUIT RULE 3. Notice of Appeal, Docketing Fee, Docketing Statement, and Designation of Counsel of Record

(a) *Forwarding Copy of Notice of Appeal.* When the clerk of the district court sends to the clerk of this court a copy of the notice of appeal, the district court clerk shall include any docketing statement. In civil cases the clerk of the district court shall include the judgments or orders under review, any transcribed oral statement of reasons, opinion, memorandum of decision, findings of fact, and conclusions of law. The clerk of the district court shall also complete and include the Seventh Circuit Appeal Information Sheet in the form prescribed by this court.

(b) *Dismissal of Appeal for Failure to Pay Docketing Fee.* If a proceeding is docketed without prepayment of the docketing fee, the appellant shall pay the fee within 14 days after docketing. If the appellant fails to do so, the clerk is authorized to dismiss the appeal.

(c)(1) *Docketing Statement.* The appellant must serve on all parties a docketing statement and file it with the clerk of the district court at the time of the filing of the notice of appeal or with the clerk of this court within seven days of filing the notice of appeal. The docketing statement must comply with the requirements of Circuit Rule 28(a). If there have been prior or related appellate proceedings in the case, or if the party believes that the earlier appellate proceedings are sufficiently related to the new appeal, the statement must identify these proceedings by caption and number. The statement also must describe any prior litigation in the district court that, although not appealed, (a) arises out of the same criminal conviction, or (b) has been designated by the district court as satisfying the criteria of 28 U.S.C. §1915(g). If any of the parties to the litigation appears in an official capacity, the statement must identify the current occupant of the office. The docketing statement in a collateral attack on a criminal conviction must identify the prisoner's current place of confinement and its current warden; if the prisoner has been released, the statement must describe the nature of any ongoing custody (such as supervised release) and identify the custodian. If the docketing statement is not complete and correct, the appellee must provide a complete one to the court of appeals clerk within 14 days after the date of the filing of the appellant's docketing statement.

(2) Failure to file the docketing statement within 14 days of the filing of the notice of appeal will lead to the imposition of a $100 fine on counsel. Failure to file the statement within 28 days of the filing of the notice of appeal will be treated as abandonment of the appeal, and the appeal will be dismissed. When the appeal is docketed, the court will remind the litigants of these provisions.

(d) *Counsel of Record.* The attorney whose name appears on the docketing statement or other document first filed by that party in this court will be deemed counsel of record, and a separate notice of appearance need not be filed. If the name of more than one attorney is shown, the attorney who is counsel of record must be clearly identified. (There can be only one counsel of record.) If no attorney is so identified, the court will treat the first listed as counsel of record. The court will send documents only to the counsel of record for each party, who is responsible for transmitting them to other lawyers for the same party. The docketing statement or other document must provide the post office address and telephone number of counsel of record. The names of other members of the Bar of this Court and, if desired, their post office addresses, may be added but counsel of record must be clearly identified. An attorney representing a party who will not be filing a document shall enter a separate notice of appearance as counsel of record indicating the name of the party represented. Counsel of record may not withdraw, without consent of the court, unless another counsel of record is simultaneously substituted.

NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals are available at: http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf

## THE SETTLEMENT CONFERENCE PROGRAM
## U.S. COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Pursuant to Rule 33 of the Federal Rules of Appellate Procedure[1] and Circuit Rule 33, the Court conducts conferences with counsel and clients to encourage and facilitate the settlement of civil appeals. Rule 33 conferences are conducted in all types of fully-counseled civil appeals except immigration, social security, habeas corpus, prisoners' civil rights, sentencing, and mandamus cases. The Court spontaneously notices most eligible appeals for Rule 33 conferences. Attorneys for one or more parties may also request that a conference be conducted in any eligible case.

Counsel and clients are well-advised to explore opportunities for settlement at the appellate level. Regardless of how unlikely it may seem, the fact is that many cases can be settled at this stage, substituting a certain and acceptable outcome for the risk and expense of further litigation. The Court's Settlement Conference Office has assisted counsel in settling many appeals without unduly delaying the progress of those appeals which do not yield to settlement efforts.      The following information is intended to assist practitioners and their clients in understanding how the Seventh Circuit's settlement conference program works and how they can make the best use of it to achieve favorable results.

- **How do counsel learn that a Rule 33 conference will be conducted in their appeal?**
  A Notice of Rule 33 Settlement Conference is posted on the docket. The Notice is an order of the Court advising counsel of the date and time of the conference, whether it is to be in person or by telephone, and how they and their clients are expected to prepare.

- **How can a Rule 33 conference be requested?**
  Counsel are invited to request a Rule 33 conference by contacting the Settlement Conference Office, U.S. Court of Appeals for the Seventh Circuit, 219 S. Dearborn, Room 1120, Chicago, Illinois 60604-1705 (Tel. (312) 435-6883/Fax (312) 435-6888/E-mail:  settlement@ca7.uscourts.gov ). At the request of any party or parties in an eligible appeal, the Settlement Conference Office will schedule a Rule 33 conference if its calendar permits. Counsel are then advised by notice that a conference will be held.

- **Do other parties have to be informed that a conference was requested?**
  No. If a party prefers to keep its request confidential, the Settlement Conference Office will not disclose to other parties or to the Court that the conference was requested.

- **Is participation in Rule 33 conferences optional?**
  No. When a Rule 33 conference is scheduled, participation is mandatory.

- **Are clients required to attend?**
  Clients and insurance representatives are required to attend Rule 33 conferences whenever the Settlement Conference Office so directs. When clients or insurance representatives have not been directed to attend the initial conference, they must be available by phone – with full settlement authority – for the duration of the conference.

- **Is it mandatory to settle?**
  No. Whether to settle is ultimately for the parties and their counsel to decide. However, counsel and parties are required to participate with the utmost diligence and good faith. Experience shows that settlements can often be achieved when neither side thought it possible.

---

[1] FRAP Rule 33 provides: "Appeal Conferences. The Court may direct the attorneys, and in appropriate cases the parties, to participate in one or more conferences to address any matter that may aid in the disposition of the proceedings, including the simplification of the issues and the possibility of settlement. A conference may be conducted in person or by telephone and be presided over by a judge or other person designated by the court for that purpose. Before a settlement conference, attorneys must consult with their clients and obtain as much authority as feasible to settle the case. As a result of a conference, the court may enter an order controlling the course of the proceedings or implementing any settlement agreement."

- **Who conducts Rule 33 conferences?**
  The Court has delegated the responsibility for conducting Rule 33 conferences to three full-time conference attorneys: Joel N. Shapiro, Rocco J. Spagna, and Jillisa Brittan. All were civil litigators in private practice prior to their appointment by the Court.

- **Is there a fee for the services of the conference attorney?**
  No. The assistance of the Settlement Conference Office is available to appellate litigants at no charge.

- **Must each party's lead attorney attend the Rule 33 conference?**
  Yes. It is essential that each party be represented at the Rule 33 conference by an attorney who not only is conversant with the case but is the attorney on whose advice the party relies. If more than one attorney meets these criteria, either of them may represent the client in the Rule 33 conference.

- **How is it decided whether a Rule 33 conference will be conducted by telephone or in person?**
  When all participants reside in the Chicago metropolitan area, Rule 33 conferences are usually held in the Settlement Conference Office at the United States Courthouse. Otherwise, conferences are generally conducted by telephone. The telephone equipment used in these conferences can accommodate more than a dozen separate lines and enables the conference attorney to speak privately with any combination of participants. Experience indicates that telephone conferences are generally as effective as in-person conferences in fostering settlements.

- **Are in-person conferences ever held outside Chicago?**
  Because the resources of the settlement conference program are limited, in-person conferences cannot routinely be held throughout the Circuit. However, from time to time in-person conferences are conducted at locations other than Chicago. If the participants believe that an in-person conference outside Chicago would be more productive than a conference by telephone, they are welcome to suggest it.

- **Are Rule 33 conferences confidential?**
  Yes. The Court requires all participants to keep what is said in these conferences strictly confidential. Communications, oral and written, which take place in the course of Rule 33 proceedings may not be disclosed to anyone other than the litigants, their counsel, and the conference attorney.

- **Do judges of the Court of Appeals learn what has happened at a Rule 33 conference?**
  No. Participants in Rule 33 conferences, including the conference attorney, are forbidden to impart to any judge or other court personnel, in the Court of Appeals or elsewhere, what has been communicated in these conferences.

- **What occurs at a Rule 33 conference?**
  Rule 33 conferences are official proceedings of the Court but are off-the-record and relatively informal. Discussion is conversational rather than argumentative. The focus is on realistically assessing the prospects of the appeal, the risks and costs of further litigation, the interests of the parties, and the benefits each side can gain through settlement. The conference attorney ordinarily meets with counsel both together and separately. Settlement proposals are discussed. A resolution may or may not be reached during the initial conference. Often, follow-up conferences or shuttle negotiations are conducted. Letters or draft proposals may be exchanged. By the conclusion of the Rule 33 process, the parties will have either reached an agreement to settle or learned how far apart they are and what are the remaining obstacles to settlement.

- **Is discussion of settlement limited to the appeal itself?**
  Not necessarily. If settlement of the appeal will not dispose of the entire case, or if related litigation is pending in other forums, the parties are invited and encouraged to explore the possibility of a global settlement.

- **Is briefing deferred when a Notice of Rule 33 Conference is issued?**
  Briefing is usually postponed until after the initial conference. If further modification of the briefing schedule would be conducive to settlement, an order to that effect may later be entered. What preparation is required of

counsel? In preparation for the initial Rule 33 conference, attorneys are required to consult rigorously with their clients and obtain as much authority as feasible to settle the case. Counsel must also review their legal and factual contentions with a view to being able to discuss candidly the prospects of the appeal and the case as a whole. If the conference attorney requests copies of pleadings, hearing transcripts, or other material in anticipation of the conference, counsel are expected to provide it promptly.

- **What is the role of the conference attorney?**

Because the format of Rule 33 conferences is flexible and each appeal is dealt with on its own terms, the conference attorney plays a variety of roles. He or she acts as moderator, facilitator, and intermediary. The conference attorney serves as a neutral evaluator and a reality check. He or she may suggest terms of settlement. Without being coercive, the conference attorney acts as a determined advocate for settlement.

- **What can counsel expect of the conference attorney**?

Before the initial conference, the conference attorney will have familiarized him or herself with the history of the litigation, the posture of the case, and the issues on appeal. During the conference, the conference attorney will seek additional information about the background of the dispute and the parties' interests, claims and defenses in order to explore all possibilities for a voluntary resolution. The conference attorney is strictly impartial. He or she does not advocate for any party and avoids making comments that could advantage one side or another in arguing the issues on appeal. The conference attorney will disclose any affiliation or prior representation of which he or she is aware that could call his or her neutrality into question. The conference attorney does not force any party to settle or to accept terms it is not willing to accept. While he or she urges parties to take advantage of opportunities to settle favorably, the conference attorney recognizes that settlement is not always possible.

- **How can counsel make best use of the Rule 33 conference to benefit their clients?**

Recognize that the Rule 33 conference is an opportunity to achieve a favorable outcome for your client. Without laying aside the advocate's responsibility, approach the conference as essentially cooperative rather than adversarial. Help your client make settlement decisions based not on overconfidence or wishful thinking, but on a realistic assessment of the case; not on emotion, however justified it may be, but on rational self-interest. Suggest terms of settlement that maximize the benefits of settlement for all parties. Take advantage of the opportunity to talk confidentially and constructively with counsel for the other parties and, if clients are present, to address them respectfully but convincingly. Let the conference attorney know how he or she can help you obtain a satisfactory resolution. Be candid. Don't posture. Listen closely to what other participants have to say. Give the process a chance to work.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>Shirley A. Parton, 1:18-cv-03371 | Case No. 1:14-ml-02570-RLY-TAB<br>MDL NO. 2570 |

## <u>NOTICE OF APPEAL</u>

Pursuant to Fed. R. App. P. 3(c)(1) and 4(a), notice is hereby given of Plaintiff Shirley A. Parton's appeal to the United States Court of Appeals for the Seventh Circuit of the order and judgment of the U.S. District Court for the Southern District of Indiana that was entered on June 24, 2022 (Dkt. Nos. 22256 & 22257) and the order entered on September 28, 2021 (Dkt. 20031) granting Defendants' Motion for Judgment on the Pleadings (later converted to a Motion for Summary Judgment). Plaintiff appeals only as to Counts I – IV asserted in her Short Form Complaint (see section 14, incorporating allegations from the Master Complaint).

Dated: July 15, 2022

By: */s/ Paul L. Stoller*
Paul L. Stoller
(Admitted Pro Hac Vice, AZ Bar No 016773)
DALIMONTE RUEB STOLLER LLP
2425 E. Camelback Rd., Suite 500
Phoenix, Arizona 85016
Tel: (602) 888-2807
Fax: (855) 203-2035
Email: paul@drlawllp.com

1

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ *Paul L. Stoller*
Paul. L. Stoller

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND          No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION           MDL No. 2570

_____

This Document Relates to the Following Cases:

Shirley A. Parton, 1:18-cv-03371
Teresa Sykes, 1:19-cv-01167

_____


**ENTRY ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS AS TO CERTAIN NO-INJURY PLAINTIFFS
(CONVERTED TO A MOTION FOR SUMMARY JUDGMENT)**

On July 20, 2020, the Cook Defendants[1] filed a Motion for Judgment on the

Pleadings on Counts I-IV of the Master Complaint based on Plaintiffs' categorization of

their product liability claims as "non-symptomatic" in their original Case Categorization

Forms ("CCFs"). At Plaintiffs' request, the court converted the motion to one for

summary judgment. The primary issue is whether an asymptomatic perforation of the

inferior vena cava ("IVC") is a legally cognizable injury under Kentucky and Texas law.

The court, having read and reviewed the parties' submissions, the designated evidence,

and the applicable law, now **GRANTS** the Cook Defendants' motion for summary

judgment.

_____

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical
Incorporated), and William Cook Europe APS.

1

## I.    Background

### A.    Teresa Sykes

On August 1, 2013, Sykes' physician implanted a Cook Celect IVC filter in Sykes' infrarenal IVC at St. Luke's Woodlands Hospital in The Woodlands, Texas.  (Filing No. 19436-1, Implant Records).  A post-placement venogram demonstrated proper placement of the IVC filter.  (*Id.*).  On January 24, 2019, Sykes underwent a CT scan of her abdomen and pelvis.  (Filing No. 19436-2, Supp. CCF).  The CT scan showed that 4 struts had perforated her IVC, with prongs extending up to 8.01 mm beyond her caval wall.  (*Id.*).

Since mid-2019, Sykes has experienced constant, excruciating abdominal pain. (Filing No. 19435-3, Decl. of Teresa Sykes ("Sykes Decl."), ¶ 6).  Tests performed at various hospitals ruled out gallbladder issues as the cause of her pain.  (*Id.*, ¶ 7).

### B.    Shirley Parton

On April 2, 2012, Parton's physician implanted a Cook Günter Tulip IVC filter in Parton's IVC at the University of Kentucky Chandler Medical Center in Lexington, Kentucky.  (Filing No. 19436-3, Implant Records).  The filter was deployed in good position, without asymmetry or tilting.  (*Id.*).  On February 6, 2018, Parton underwent a CT scan of her abdomen and pelvis.  (Filing No. 19436-4, Supp. CCF).  It showed that a prong of her IVC filter had perforated her caval wall by 4.2 mm.  (*Id.*).

### C.    Dr. Muehrcke

In support of their product liability claims, Plaintiffs submit the declaration of Dr. Derek Muehrcke, a cardiothoracic surgeon.  (Filing No. 19435-1, Declaration of Derek

2

Muehrcke).  He was asked to provide his medical opinion as to whether a perforation by a Cook Gunther Tulip or Celect IVC filter through the IVC, by at least 3 mm but without interaction with other retroperitoneal structures, constitutes harm or injury to the IVC. (*Id.*, ¶ 3).  He concluded that it does.  Dr. Muehrcke explained that "[p]uncture of the IVC wall by an IVC filter leads to bleeding, activation of the clotting cascade, fibroblast activation, and scar formation."  (*Id.*, ¶ 5).  In this way, the body "immediately acts to heal the [perforation]."  (*Id.*).

Dr. Muehrcke also testified that perforation "can" lead to active bleeding if the patient is on blood thinners (anticoagulants), and it "can" lead to active clot in the IVC that "can" cause thrombosis.  (*Id.*).  "Perforation can also progress to interact with surrounding structures (aorta, lumbar spine, psoas muscle, duodenum, and ureter)."  (*Id.*, ¶ 7).

Cook countered with Dr. Muehrcke's deposition testimony from the *McDermitt* case.  There, Dr. Muehrcke testified that perforation causes endothelialization.  (Filing No. 19558, Deposition of Dr. Muehrcke ("Muehrcke Dep.") at 184).  In Dr. Muehrcke's opinion, this inflammatory response with the intima of the IVC is an "injury" even though "[y]ou may have no symptoms at all."  (*Id.* at 269).  But he also acknowledged that inflammation is an expected consequence of inserting an IVC filter in the vena cava and that inflammation is part of the mechanism by which a filter remains in place.  (*Id.* at 194 ("I think all – all devices will have intimal endothelialization. . . [P]erforation is a little greater extent of that, but all IVC filters will have an inflammatory response with the intima of the inferior vena cava."); *id.* at 195 ("Q: [Inflammation] is part of how [IVC

filters] stay in place, correct?  A: Yes.")).  When asked whether he believed that a patient was "injured" every time an IVC filter is placed, he responded: "Every time you put an IV[C] in a patient, they have an injury."  (*Id.* at 262).

Notably, Dr. Muehrcke agrees that "perforations can be asymptomatic" and that such patients "don't always suffer a detrimental or clinical effect."  (*Id.* at 257-58).

## II.   Discussion

This motion addresses the following claims: Strict Products Liability – Failure to Warn; Strict Products Liability – Design Defect; Negligence; and Negligence Per Se. The issue raised is whether an asymptomatic perforation of the IVC by an IVC filter is a legally cognizable injury.  The parties agree that Texas law applies to Sykes' claims and Kentucky law applies to Parton's claims.  There are no cases from either Kentucky or Texas—or any other state or federal jurisdiction—that are directly on point.

Under Kentucky law, "a cause of action in tort requires a present physical injury to the plaintiff."  *Wood v. Wyeth-Ayerst Labs. Div. of Am. Home Prods.*, 82 S.W.3d 849, 852 (Ky. 2002).  Under Texas law, a plaintiff must "demonstrate 'actual injury' to pursue a claim."  *Martin v. Home Depot U.S.A., Inc.*, 369 F.Supp.2d 887, 890 (W.D. Tex. 2005); *Rivera v. Wyeth–Ayerst Labs.*, 283 F.3d 315 (5th Cir.2002) (dismissing the plaintiffs' product liability lawsuit because the plaintiffs alleged no injury in fact).

Both Kentucky and Texas follow the Restatement (Second) of Torts.  *James v. Bell Helicopter Co.*, 715 F.2d 166, 170 (5th Cir. 1983) (applying Texas law); *Wood v. Wyeth-Ayerst Labs. Div. of Am. Home Prods.*, 82 S.W.3d 849, 854-55 (Ky. 2002).  Under the Restatement (Second) of Torts, a cause of action for products liability, regardless of

4

whether it sounds in negligence or strict liability, requires "physical harm."  Restatement (Second) of Torts §§ 388, 402A(1) (1965).  To qualify as "physical harm," there must be a "physical impairment of the human body."  Restatement (Second) of Torts § 7(2), (3). Kentucky and Texas also follow the Restatement (Third) of Torts.  *See Morris Aviation, LLC v. Diamond Aircraft Indus., Inc.*, 536 Fed. Appx. 558, 568 (6th Cir. 2013); *Anthony v. Sunbeam Prods., Inc.*, No. 1:18-cv-607, 2020 WL 4677429, at *4 (E.D. Tex. May 5, 2020).  Section 4, comment c of the Restatement (Third) of Torts explains that "any level of physical impairment is sufficient for liability; no minimum amount of physical harm is required."  Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 4 cmt. c.  To qualify as an "impairment," the change in the condition of the plaintiff's body "must be detrimental."  *Id.*, reporter's note, cmt. c.

Here, neither Sykes nor Parton have brought forth evidence showing that their asymptomatic perforations have caused any present physical impairment or detriment to their health.  True, as Dr. Muehrcke testified, there is a chance that the "clotting cascade can lead to active clot in the IVC" and that "scarring to heal the damage caused by the IVC filter can make subsequent removal of the IVC filter more difficult."  (Muehrcke Decl. ¶¶ 5-6).  But there is no evidence that either Sykes or Parton has an active clot that is presently impairing the function of their IVCs, evidence of unsuccessful removal attempts that have caused them physical harm, or evidence that their perforations have affected their daily lives in any practical, functional way.  *See Sondag v. Pneumo Abex Corp.*, 55 N.E.3d 1259, 1264 (Ill. Ct. App. 2016) (holding plaintiff, who had pleural plaques and interstitial fibrosis but no noticeable respiratory symptoms, failed to establish

"physical harm," noting "we do not see how these conditions have affected him in any practical, functional way").  Indeed, Parton acknowledges her perforation is "without any other sequelae" and that she "is not presently experiencing symptoms."  (Filing No. 19434, Pl.'s Resp. at 11).  And although Sykes maintains she has experienced constant abdominal pain since mid-2019, she never claims she subjectively believes the pain is related to her filter, let alone that any qualified medical expert has suggested a connection.  (*See generally*, Sykes Decl.).  Even Dr. Muehrcke acknowledges that perforation does not always cause symptoms and that asymptomatic patients do not always suffer a detrimental or clinical effect.  (Muehrcke Dep. at 257-58).

The second issue the court must address is whether Texas law allows Sykes to recover damages for perforation-related harms that may develop in the future.  *See Pustejovsky v. Rapid Am. Corp.*, 35 S.W.3d 643, 652 (Tex. 2000) ("It is our long-established rule that a plaintiff may recover for a disease that may develop in future years only if the person establishes that there is a reasonable medical probability that the disease will appear.").  Sykes argues that because she has adduced evidence that perforation is progressive over time, which carries the risk of "impacting other organs in the body," her product liability claims survive.

The issue in *Pustejovsky* was whether a plaintiff who had already developed an asbestos-related disease (asbestosis) was barred by the single-action rule from recovering for the subsequent development of another latent asbestos-related disease (mesothelioma).  *Id.* at 644, 652.  The Texas Supreme Court held he was not barred from bringing the action in part because, to recover for damages that may develop in the

future, a plaintiff must demonstrate a greater than fifty percent chance of developing the disease in the future.  *Id.* at 652.  The Court found that, "[a]s with many similarly situated asbestosis sufferers," it was unlikely[2] plaintiff could have produced such evidence in his first suit that would have allowed him to recover for the future risk of cancer.  *Id.*

*Pustejovsky* is inapplicable to Sykes' claims.  Unlike the plaintiff in *Pustejovsky*, Sykes is asymptomatic; she has not been diagnosed with a disease.  Moreover, the Texas Supreme Court limited *Pustejovsky*'s holding "to asbestos-related diseases resulting from workplace exposure."  *Id.* at 653.  But even if *Pustejovsky* did apply, Sykes has not presented evidence that she has a greater than fifty percent chance of developing a filter-related injury in the future.  Dr. Muehrcke speaks in terms of conditions that "can" happen from a filter perforation but stops short of opining that such "injuries" are more likely than not to occur in the future.

Lastly, the single-action rule provides a strong policy reason in support of the court's decision.  If Plaintiffs were to prevail, their damages would likely be minimal.  A judgment for or against Plaintiffs would foreclose a subsequent lawsuit based on their filters.  Thus, allowing suit for asymptomatic perforation would preclude Plaintiffs—in the event a substantial filter-related injury developed—from recovering any damages.

## III.   Conclusion

For the reasons set forth above, the court finds Plaintiffs have failed to raise a genuine issue of material fact that the injury they claim—asymptomatic perforation—

---

[2] Plaintiff's expert testified that approximately fifteen percent of asbestosis patients develop mesothelioma.  35 S.W.3d at 646.

constitutes a present physical harm.  Therefore, the Cook Defendants' Motion for Judgment on the Pleadings as to Certain No-Injury Plaintiffs (converted to a Motion for Summary Judgment) (Filing No. 13728) is **GRANTED** and Counts I-IV of Plaintiffs' Complaints are dismissed.  In the event Plaintiffs suffer physical harm in the future, they may refile their cases, to the extent the applicable law allows, in the Southern District of Indiana.  Counts V (breach of express warranty), VI (breach of implied warranty), VII (consumer fraud), and XI (punitive damages) of Plaintiffs' Complaints remain.

**SO ORDERED** this 28th day of September 2021.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to the Following Cases:

Shirley A. Parton, 1:18-cv-03371

_____

### ORDER ON PLAINTIFF'S MOTION TO DISMISS WITH PREJUDICE AS TO COUNTS V-VII AND XI OF THE MASTER COMPLAINT, PLUS "OTHER" WARRANTY CLAIMS and MOTION FOR ENTRY OF JUDGMENT

Plaintiff, Shirley A. Parton, moves to dismiss the remaining claims in this action

with prejudice.  They are: Counts V (breach of express warranty), VI (breach of implied

warranty), VII (consumer fraud), and XI (punitive damages) of the Master Complaint,

and the Count identified as "Other" in Plaintiff's Short Form Complaint for breach of

express and implied warranty.  The court, having read and reviewed the Plaintiff's motion

and the applicable law, now finds Plaintiff's Motion to Dismiss and Motion for Entry of

Judgment (Filing No. 21758) should be **GRANTED**.  Counts V-VII and XI, as well as

Plaintiff's "Other" breach of express and implied warranty claims are **DISMISSED**

**WITH PREJUDICE**.  Final judgment shall issue forthwith.

**SO ORDERED** this 24th day of June 2022.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                    No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                     MDL No. 2570

_____

This Document Relates to the Following Cases:

Shirley A. Parton, 1:18-cv-03371

_____

## FINAL JUDGMENT

On September 28, 2021, the court granted the Cook Defendants[1] Motion for

Summary Judgment on Counts I-IV of the Master Complaint with respect to Plaintiff.

Today, the court granted Plaintiff's Motion to Dismiss with prejudice Counts V-VII, and

XI of the Master Complaint, and her claims for breach of express and implied warranty

identified as "Other" on her Short Form Complaint.  As there are no claims remaining,

the court enters final judgment in favor of the Cook Defendants and against Plaintiff.

**SO ORDERED** this 24th day of June 2022

Roger Sharpe, Clerk
United States District Court

_____                  _____
                                                  RICHARD L. YOUNG, JUDGE
By: Deputy Clerk                                  United States District Court
                                                  Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

_____

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical
Incorporated), and William Cook Europe APS.

1

# *** PUBLIC DOCKET ***

APPEAL,MDL,CLOSED

**U.S. District Court**
**Southern District of Indiana (Indianapolis)**
**CIVIL DOCKET FOR CASE #: 1:18-cv-03371-RLY-TAB**

| | |
|---|---|
| PARTON v. COOK MEDICAL, LLC et al | Date Filed: 11/01/2018 |
| Assigned to: Judge Richard L. Young | Date Terminated: 06/24/2022 |
| Referred to: Magistrate Judge Tim A. Baker | Jury Demand: Plaintiff |
| Lead case: 1:14-ml-02570-RLY-TAB | Nature of Suit: 365 Personal Inj. Prod. |
| Member case: (View Member Case) | Liability |
| Cause: 28:1332 Diversity-Product Liability | Jurisdiction: Diversity |

**Plaintiff**

**SHIRLEY A. PARTON**                     represented by     **John A. Dalimonte**
                                                            DALIMONTE RUEB LAW GROUP LLP
                                                            85 Devonshire St., Suite 1000
                                                            Boston, MA 02109
                                                            (617) 302-9900
                                                            Fax: (617) 742-9130
                                                            Email: john@drlawllp.com
                                                            *PRO HAC VICE*

                                                            **Michael E. Gallant**
                                                            DALIMONTE RUEB STOLLER LLP
                                                            1250 Connecticut Avenue NW
                                                            Suite 700
                                                            Washington, DC 20036
                                                            202-858-1211
                                                            Fax: 855-203-2035
                                                            Email: michael.gallant@drlawllp.com

                                                            **Paul L. Stoller**
                                                            DALIMONTE RUEB STOLLER, LLP
                                                            2425 East Camelback Road
                                                            Suite 500
                                                            Phoenix, AZ 85016
                                                            (602) 888-2807
                                                            Fax: (855) 203-2035
                                                            Email: paul@drlawllp.com

V.

**Defendant**

| | | |
|---|---|---|
| **COOK MEDICAL LLC** | represented by | **Andrea Roberts Pierson** |
| | | FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis) |
| | | 300 North Meridian Street |
| | | Suite 2500 |
| | | Indianapolis, IN 46204 |
| | | 317-237-0300 |
| | | Fax: 317-237-1000 |
| | | Email: andrea.pierson@faegredrinker.com |
| | | |
| | | **Kip S.M. McDonald** |
| | | FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis) |
| | | 300 North Meridian Street |
| | | Suite 2500 |
| | | Indianapolis, IN 46204 |
| | | (317) 237-1485 |
| | | Fax: (317) 237-1000 |
| | | Email: Kip.McDonald@Faegredrinker.com |

**Defendant**

| | | |
|---|---|---|
| **COOK INCORPORATED** | represented by | **Andrea Roberts Pierson** |
| | | (See above for address) |
| | | |
| | | **Kip S.M. McDonald** |
| | | (See above for address) |

**Defendant**

| | | |
|---|---|---|
| **WILLIAM COOK EUROPE APS** | represented by | **Andrea Roberts Pierson** |
| | | (See above for address) |
| | | |
| | | **Kip S.M. McDonald** |
| | | (See above for address) |

| Date Filed | # | Docket Text |
|---|---|---|
| 11/01/2018 | 1 | COMPLAINT against All Defendants, filed by SHIRLEY A. PARTON. (Filing fee $400, receipt number 0756-5136857) (Attachments: # 1 Civil Cover Sheet)(Dalimonte, John) (Entered: 11/01/2018) |
| 11/01/2018 | 2 | NOTICE of Appearance by John A. Dalimonte on behalf of Plaintiff SHIRLEY A. PARTON. (Dalimonte, John) (Entered: 11/01/2018) |
| 11/02/2018 | 3 | NOTICE of Reassignment pursuant to General Order dated July 13, 2016 of Case to Judge Richard L. Young and Magistrate Judge Tim A. Baker. Judge William T. Lawrence and Magistrate Judge Doris L. Pryor are no longer assigned to this case. Please include the new case number, **1:18-cv-3371-RLY-TAB**, on all future filings in this matter. (DJH) (Entered: 11/02/2018) |

| 11/02/2018 | 4 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (DJH) (Entered: 11/02/2018) |
|---|---|---|
| 11/14/2018 | 5 | Amended Order Establishing Policies and Procedures. Signed by Judge Richard L. Young on 11/14/2018.(LBT) (Entered: 11/14/2018) |
| 11/14/2018 | 6 | Remark - Pending Actions SD/IN 1:18-cv-03363-RLY-TAB, 1:18-cv-03364-RLY-TAB, 1:18-cv-03369-RLY-TAB, 1:18-cv-03371-RLY-TAB, 1:18-cv-03375-RLY-TAB, 1:18-cv-03376-RLY-TAB **Transferred as Member Actions to MDL 2570 on 11/14/2018.** Associated Cases: 1:14-ml-02570-RLY-TAB, 1:18-cv-03363-RLY-TAB, 1:18-cv-03364-RLY-TAB, 1:18-cv-03369-RLY-TAB, 1:18-cv-03371-RLY-TAB, 1:18-cv-03375-RLY-TAB, 1:18-cv-03376-RLY-TAB(LBT) (Entered: 11/14/2018) |
| 01/02/2019 | 7 | NOTICE of Appearance by Kip S.M. McDonald on behalf of Defendants COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL, LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL, LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, MDL Defendants WILLIAM COOK EUROPE APS, WILLIAM COOK EUROPE APS, WILLIAM COOK EUROPE APS, WILLIAM COOK EUROPE APS, MDL Plaintiff WILLIAM COOK EUROPE APS. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:18-cv-03371-RLY-TAB, 1:18-cv-03564-RLY-TAB, 1:18-cv-03682-RLY-TAB, 1:18-cv-03720-RLY-TAB, 1:18-cv-03734-RLY-TAB, 1:18-cv-03738-RLY-TAB, 1:18-cv-03740-RLY-TAB, 1:18-cv-03799-RLY-TAB, 1:18-cv-06094-RLY-TAB (McDonald, Kip) (Entered: 01/02/2019) |
| 01/03/2019 | 8 | NOTICE of Appearance by Andrea Roberts Pierson on behalf of Defendants COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL, LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL, LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, MDL Defendants COOK INCORPORATED, COOK INCORPORATED, COOK INCORPORATED, COOK INCORPORATED, COOK INCORPORATED, COOK INCORPORATED, COOK INCORPORATED, COOK INCORPORATED, COOK MEDICAL LLC, COOK MEDICAL LLC, COOK MEDICAL LLC, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS, WILLIAM COOK EUROPE APS, WILLIAM COOK EUROPE APS, WILLIAM COOK EUROPE APS, MDL Plaintiff WILLIAM COOK EUROPE APS. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:18-cv-03371-RLY-TAB, 1:18-cv-03564-RLY-TAB, 1:18-cv-03682-RLY-TAB, 1:18-cv-03720-RLY-TAB, 1:18-cv-03734-RLY-TAB, 1:18-cv-03738-RLY-TAB, 1:18-cv-03740-RLY-TAB, |

| | | |
|---|---|---|
| | | 1:18-cv-03799-RLY-TAB, 1:18-cv-06094-RLY-TAB (Pierson, Andrea) (Entered: 01/03/2019) |
| 05/23/2019 | 9 | WAIVER OF SERVICE Returned Executed, filed by SHIRLEY A. PARTON. COOK INCORPORATED waiver sent on 12/2/2018; COOK MEDICAL LLC waiver sent on 12/2/2018; WILLIAM COOK EUROPE APS waiver sent on 12/2/2018. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:18-cv-03371-RLY-TAB(Dalimonte, John) (Entered: 05/23/2019) |
| 07/17/2020 | 10 | RESPONSE in Opposition re (13728 in 1:14-ml-02570-RLY-TAB) MOTION for Judgment on the Pleadings *as to Certain No-Injury Plaintiffs PLAINTIFFS JOINT RESPONSE TO DEFENDANTS MOTION FOR JUDGMENT ON THE PLEADINGS*, filed by TERESA SYKES, SHIRLEY A. PARTON, JACOB M OPPERMAN. (Attachments: # 1 Exhibit A)Associated Cases: 1:14-ml-02570-RLY-TAB, 1:18-cv-01214-RLY-TAB, 1:18-cv-03371-RLY-TAB, 1:19-cv-01167-RLY-TAB(Stoller, Paul) (Entered: 07/17/2020) |
| 07/23/2020 | 11 | REPLY in Support of Motion re (13728 in 1:14-ml-02570-RLY-TAB) MOTION for Judgment on the Pleadings *as to Certain No-Injury Plaintiffs* , filed by COOK INCORPORATED, COOK MEDICAL LLC, WILLIAM COOK EUROPE APS. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:17-cv-00996-RLY-TAB, 1:18-cv-01214-RLY-TAB, 1:18-cv-03371-RLY-TAB, 1:19-cv-01167-RLY-TAB(Paul, Brian) (Entered: 07/23/2020) |
| 08/12/2020 | 12 | NOTICE of Appearance by Michael E. Gallant on behalf of MDL Plaintiff SHIRLEY A. PARTON. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:18-cv-03371-RLY-TAB (Gallant, Michael) (Entered: 08/12/2020) |
| 07/23/2021 | 13 | NOTICE of Appearance by Paul L. Stoller on behalf of Plaintiff SHIRLEY PARTON. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:18-cv-03371-RLY-TAB (Stoller, Paul) (Entered: 07/23/2021) |
| 07/23/2021 | 14 | RESPONSE in Opposition re (13728 in 1:14-ml-02570-RLY-TAB) MOTION for Judgment on the Pleadings *as to Certain No-Injury Plaintiffs subsequently converted to a motion for summary judgment*. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:18-cv-03371-RLY-TAB, 1:19-cv-01167-RLY-TAB(Stoller, Paul) (Entered: 07/23/2021) |
| 07/23/2021 | 15 | BRIEF/MEMORANDUM in Support of 19434 Response in Opposition to Motion re (13728 in 1:14-ml-02570-RLY-TAB) MOTION for Judgment on the Pleadings *as to Certain No-Injury Plaintiffs - Plaintiffs' Supplemental Statement of Facts in Support of Response in Opposition to Defendants' Motion for Summary Judgment*. (Attachments: # 1 Exhibit Decl. of Derek Muehrcke, M.D., FACS, # 2 Exhibit Sykes Implant Records, # 3 Exhibit Sykes Decl., # 4 Exhibit Sykes Supp. CCF, # 5 Exhibit Email confirmation, # 6 Exhibit Parton Implant Records, # 7 Exhibit Email confirmation, # 8 Exhibit Parton Supp. CCF, # 9 Exhibit Turba, et al., Gunther Tulip Retrieval Experience: Predictors of Successful Retrieval, Cardiovasc Intervent Radiol (2010) 33:732-738, # 10 Exhibit Morales, et al., Decision analysis of retrievable inferior vena cava filters in patients without pulmonary embolism, J. Vasc. Surg: Venous and Lynn Dis 2013; 1:376-84 (2013), # 11 Exhibit FDA Safety Communication, # 12 Exhibit Dowell, et al., Celect Inferior Vena Cava Wall Strut Perforation Begest Additional Strut Perforation, J Vasc Inter Radiol 2015)Associated Cases: 1:14-ml-02570-RLY-TAB, 1:18-cv-03371-RLY-TAB, 1:19-cv-01167-RLY-TAB(Stoller, Paul) Modified on 7/26/2021 (LBT). (Entered: 07/23/2021) |

| 07/23/2021 | 16 | SEALED *Exhibits 2, 4, 6 & 8*, re (14 in 1:19-cv-01167-RLY-TAB) Brief/Memorandum in Support. (Attachments: # 1 Exh. 2 - Sykes Implant Records, # 2 Exh. 4 - Sykes Supp. CCF, # 3 Exh. 6 - Parton Implant Records, # 4 Exh. 8 - Parton Supp. CCF)Associated Cases: 1:14-ml-02570-RLY-TAB, 1:18-cv-03371-RLY-TAB, 1:19-cv-01167-RLY-TAB(Stoller, Paul) (Entered: 07/23/2021) |
| --- | --- | --- |
| 07/27/2021 | 17 | MOTION *to maintain documents under seal*, filed by Plaintiffs SHIRLEY PARTON, TERESA SYKES. (Attachments: # 1 Text of Proposed Order)Associated Cases: 1:14-ml-02570-RLY-TAB, 1:18-cv-03371-RLY-TAB, 1:19-cv-01167-RLY-TAB(Stoller, Paul) Modified on 7/28/2021 to select correct motion event (LBT). (Entered: 07/27/2021) |
| 07/27/2021 | 18 | BRIEF/MEMORANDUM in Support re (16 in 1:19-cv-01167-RLY-TAB) MOTION *to maintain documents under seal* . Associated Cases: 1:14-ml-02570-RLY-TAB, 1:18-cv-03371-RLY-TAB, 1:19-cv-01167-RLY-TAB(Stoller, Paul) (Entered: 07/27/2021) |
| 09/28/2021 | 19 | ENTRY ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO CERTAIN NO-INJURY PLAINTIFFS (CONVERTED TO A MOTION FOR SUMMARY JUDGMENT) - (13728) The Cook Defendants' Motion for Judgment on the Pleadings as to Certain No-Injury Plaintiffs (converted to a Motion for Summary Judgment) is GRANTED and Counts I-IV of Plaintiffs' Complaints are dismissed. In the event Plaintiffs suffer physical harm in the future, they may refile their cases, to the extent the applicable law allows, in the Southern District of Indiana. Counts V (breach of express warranty), VI (breach of implied warranty), VII (consumer fraud), and XI (punitive damages) of Plaintiffs' Complaints remain. See Entry for details. Signed by Judge Richard L. Young on 9/28/2021. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:18-cv-03371-RLY-TAB, 1:19-cv-01167-RLY-TAB(LBT) (Entered: 09/28/2021) |
| 04/05/2022 | 20 | MOTION to Dismiss *with prejudice as to Counts V - XI, plus "Other" Warranty Claims, and Motion for Entry of Judgment*, filed by MDL Plaintiff SHIRLEY PARTON. (Attachments: # 1 Exhibit A - [Proposed] Final Judgment)Associated Cases: 1:14-ml-02570-RLY-TAB, 1:18-cv-03371-RLY-TAB(Stoller, Paul) (Entered: 04/05/2022) |
| 06/24/2022 | 21 | ORDER ON PLAINTIFF'S MOTION TO DISMISS WITH PREJUDICE AS TO COUNTS V-VII AND XI OF THE MASTER COMPLAINT, PLUS "OTHER" WARRANTY CLAIMS AND MOTION FOR ENTRY OF JUDGMENT - (21758) Plaintiff Shirley A. Parton's Motion to Dismiss and Motion for Entry of Judgment is GRANTED. Counts V-VII and XI, as well as Plaintiff's "Other" breach of express and implied warranty claims are DISMISSED WITH PREJUDICE. Final judgment shall issue forthwith. See Order for details. Signed by Judge Richard L. Young on 6/24/2022. Associated Cases: 1:14-ml-02570-RLY-TAB, 1:18-cv-03371-RLY-TAB(LBT) (Entered: 06/24/2022) |
| 06/24/2022 | 22 | JUDGMENT - On September 28, 2021, the court granted the Cook Defendants Motion for Summary Judgment on Counts I-IV of the Master Complaint with respect to Plaintiff. Today, the court granted Plaintiff's Motion to Dismiss with prejudice Counts V-VII, and XI of the Master Complaint, and her claims for breach of express and implied warranty identified as "Other" on her Short Form Complaint. As there are no claims remaining, the court enters final judgment in favor of the Cook Defendants and against Plaintiff Shirley A. Parton. Signed by Judge Richard L. Young on 6/24/2022.Associated Cases: 1:14-ml-02570-RLY-TAB, 1:18-cv-03371-RLY-TAB(LBT) (Entered: 06/24/2022) |

| 07/15/2022 | 23 | NOTICE OF APPEAL as to 22 Judgment, 19 Order on Motion for Judgment on the Pleadings, 21 Order on Motion to Dismiss, filed by Plaintiff SHIRLEY A. PARTON. (Filing fee $505, receipt number receipt number AINSDC-7191523**paid under master case no. 1:14-ml-2570-RLY-TAB**) (LBT) (Entered: 07/15/2022) |

**Case #: 1:18-cv-03371-RLY-TAB**