UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Foley, Ursula Anna – 1:18-cv-00831

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN <u>PLAINTIFF URSULA FOLEY'S CASE PURSUANT TO CMO-28</u>**

A.  **The Six-Year Statute of Repose Bars Plaintiff's Claim Under *Cramer* and *Amey***

Plaintiff argues that her cause of action "accrued on September 29, 2015, when the perforation of the filter into surrounding organs was first discovered—and that the 12-year statute of repose should apply to her claims as a result. *See* Pl.'s Resp., Dkt. 22292 at 1.[1]

This Court has rejected Plaintiff's argument twice before and should do so again here. *See* Dkt. 15084 (*Wilson*) at 2 ("North Carolina courts have held that the enlargement of the repose period to 12 years did not have retroactive effect for claims involving products used prior to that time."); Dkt. 20384 at 2-4 (*Amey*) (same). The Seventh Circuit agrees, *see Klein v DePuy*, 506 F.3d 553, 557 (7th Cir. 2007), as does *Cramer* and other courts applying North Carolina law. *See* Dkt. 22247 at 3 (collecting cases). This is no longer a novel issue under North Carolina law.

Plaintiff misreads the underlying facts of *Robinson v. Bridgestone/Firestone N. Am. Tire, L.L.C.*, 703 S.E.2d 883, 885 (N.C. 2011). In *Robinson*, the court held that the adults "had to show that the allegedly defective tire was initially purchased within six years of the filing [date]"—the same holding as *Cramer* and the Court's orders in *Amey* and *Wilson*. The *Robinson* court treated the *minor* plaintiffs differently and analyzed the date of the accident as the "accrual date" *only* because a *separate* statute, N.C. Gen. Stat. § 1:17(a), "'provides for the tolling of most limitations periods during a person's minority.'" 703 S.E.3d at 887.

---

[1] Portions of Plaintiff's Response refer to a company named "Ethicon" which Cook assumes is a typographical error intended to refer to Cook. Additionally, Plaintiff argues that her cause of action relates back to the initial filing of the *Collins et. al.* matter in Missouri in 2016 and that she had a year to re-file her case once it was transferred to the MDL. *See* Dkt. 22292 at 2. Cook generally agrees with Plaintiff's discussion of the procedural history, but this does not change the issue before the Court. For the reasons set forth in the Court's *Amey* Order (Dkt. 20384 at 2-4), the statute of repose began to accrue no later than November 19, 2004 when Plaintiff received her filter and the six-year statute of repose elapsed in 2010, several years before Plaintiffs filed the multi-plaintiff Complaint in Missouri. Indeed, Cook's Motion cites the original filing date and argues that Plaintiff's case is time-barred based on that initial filing date. *See* Dkt. 22247 at 1, ¶ 8. Thus, Cook seeks dismissal of Plaintiff's case because it was time-barred at the first instance, not because Plaintiff re-filed it as an individual case.

As part of her argument, Plaintiff asks the Court to read *Lackey* narrowly and to "reassess the persuasive value of *Cramer*," which Plaintiff argues "inappropriately expanded the scope of North Carolina law in direct opposition to have the 2009 amended statute of repose apply to all cases that accrued on or after October 1, 2009." Dkt. 22292 at 3. As explained above, the Court has resolved this issue on two prior occasions, in accordance with multiple courts applying North Carolina law, not just *Cramer*. The holdings of *Cramer*, *Lackey*, and *Ferro* are clear. *See Cramer v. Ethicon, Inc.*, 2021 WL 243872, at *6 (W.D.N.C. Jan. 25, 2021) (explaining that "courts applying North Carolina law have consistently applied [the] six-year statute of repose in cases where the product in question was first purchased or delivered, as here, before October 1, 2009."); *Lackey v. DePuy Orthopedics*, 2011 WL 2791264, at *3 (W.D.N.C. July 14, 2011) ("[T]he North Carolina Supreme Court has explained, statutes of repose are distinguishable from ordinary statutes of limitation in that they begin to run 'at time unrelated to the traditional statute of limitations.'"); *Ferro v. Vol Vo Penta of the Americas, LLC*, 2017 WL 3710071, *2 (E.D.N.C. Aug. 28, 2017) (holding that "[t]he 2008 and 2009 purchases [of replacement boat parts] each accrued before October 2009, are subjected to the six-year statute of repose, and are therefore time-barred."). The Court therefore should not revisit its order in *Amey* or deviate from the holdings of these North Carolina cases.

B.   **Plaintiff's Express Warranty Arguments Fail for Multiple Reasons**

Plaintiff argues that Cook waived its statute of repose defense because it "represented to the FDA that the Gunther Tulip and Celect IVC filters were intended for permanent implantation when it sought clearance to market these products." Dkt. 22026 at 4 (alleging this was an express warranty and citing *Christie v. Hartley Constr., Inc.*, 766 S.E.2d 283, 287 (N.C. 2014) for the proposition that a party can waive the statute of repose) (cleaned up).

This express-warranty argument fails for multiple reasons. First, any such claim is subsumed into the product-liability claims that are barred by the statute of repose. *See Lackey*, 2011 WL 2791264, at *2 (holding that "Plaintiff's claims all stem from the purchase of an allegedly defective hip" and that "[a]rtful pleading does not allow Plaintiff to transform product liability claims into claims sounding in negligence and breach of warranty."). Here, Plaintiff's claims are similarly based on injuries from an allegedly defective IVC filter. *See, e.g.,* Master Compl., Dkt. 213, ¶¶ 96-97 (alleging various design and manufacturing "defects" as part of pleading the express warranty claim).

Moreover, the plaintiffs in *Christie* presented evidence of a detailed, specific 20-year written warranty. *See* 766 S.E.2d at 285. In contrast here, Plaintiff's Response only makes a general reference to representations by Cook to the FDA and the Celect and Tulip Patient Guide that Cook provided a warranty that its filters were "safe and effective for an indefinite time period." Dkt. 22292 at 3. Plaintiff has not attached this document, identified the specific language of this representation, or when, where, or by whom it was made, or alleged that she personally relied on any alleged representation before receiving her filter. The mere fact that the filter had a possible permanent-use option does not create an express warranty or guarantee that the filter would last indefinitely or that known complications and adverse effects cannot occur.

Finally, as the Court noted in applying the Texas statute of repose (Dkt. 4918 at 13-15), the failure of the Plaintiffs' Master Complaint to plead an adequate express warranty claim and Plaintiff's failure to establish how she received and relied on the alleged express warranty are fatal to her claim under North Carolina law for similar reasons. *See Harbor Pt. Homeowners Ass'n, Inc. v. DJF Enters.*, 697 S.E.2d 439, 447 (N.C. Ct. App. 2010) (holding plaintiff must establish reliance on alleged warranty in purchasing the product).

3

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

Dated:  July 18, 2022

/s/ Jessica Benson Cox
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

### CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2022, a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF URSULA FOLEY'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ Jessica Benson Cox