UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION           MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Auerbach, Benjamin, 1:17-cv-04218

_____

**DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF BENJAMIN AUERBACH'S CASE PURSUANT TO CMO-28**

Under Fed. R. Civ. P. 12(c) and CMO-28, the Cook Defendants move for judgment in Plaintiff's case, which alleges as his injury perforation and open removal of his filter.

1.   <u>Plaintiff's Name</u>:  Benjamin Auerbach

2.   <u>Case Number</u>:  1:17-cv-04218

3.   <u>Case Origin</u>:  Filed in the Southern District of Indiana

4.   <u>Plaintiff's Home State per Complaint</u>: Illinois (Plaintiff's residence at time of filter placement and current residence); Wisconsin (residence at time of injury)[1]

5.   <u>Applicable Choice of Law Rules</u>:  Illinois

6.   <u>Applicable Statute of Limitations</u>:  Illinois (2 years), 735 Ill. Comp. Stat. § 5/13-213 ("[T]he plaintiff may bring an action within 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of the personal injury, death or property damage . . . .").

7.   <u>Filter Placement Date</u>:  July 21, 2008

8.   <u>Latest Possible Date of Accrual</u>:  June 9, 2011 (*see* Case Categorization Form and accompanying medical records, attached as **Exhibit A** and filed under seal noting: "Explant of inferior vena cava filter and primary repair of the inferior vena cava.").[2]

9.   <u>Filing Date</u>:  November 13, 2017

10.   <u>Length of Time Between Filter Placement and Filing</u>:  9 years, 3 months, 23 days

11.   <u>Length of Time Between Claim Accrual and Filing</u>:  6 years, 5 months, 4 days

## **BRIEF ARGUMENT**

Plaintiff represents he would have filed the case in the Northern District of Illinois absent direct filing.  *See* Pl.'s Short-Form Compl., ¶ 7.  Plaintiff's claims are therefore governed by the two-year statute of limitations in Illinois "because statutes of limitations are procedural [under

---

[1] Plaintiff's open removal procedure was performed at Northwestern Memorial Hospital in Chicago, Illinois.  *See* Exhibit A.

[2] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion.  *See* Dkt. 18018 ("Plaintiff's operative report is considered part of the pleadings . . . .").

Illinois law], fixing the time in which the remedy for a wrong may be sought rather than altering substantive rights." *Ennenga v. Starns*, 677 F.3d 766, 774-775 (7th Cir. 2012); *see also Paulsen v. Abbott Labs.*, ___ F.4th ___, 2022 WL 2582367, at *2 (7th Cir. July 8, 2022) (same).

Illinois law bars Plaintiff's personal injury claims because he did not file his case until more than six years after an open removal surgery to remove his filter.[3]  *See supra*, ¶¶ 8-9, 11. Under Illinois law, the statute of limitations accrues at the time the plaintiff is injured.  *Hutson v. Hartke,* 686 N.E.2d 734, 736 (Ill. App. Ct. 1997).  For purposes of the accrual date, the "discovery rule postpones the commencement of the statute of limitations until the injured plaintiff knows or reasonably should know that she has been injured and that her injury was wrongfully caused." *Id*. As this Court explained in its decision in *Bowen*, "[t]his occurs when [the plaintiff] 'possesses sufficient information concerning [an] injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved.'"  Dkt. 19302 at 2 (quoting *Hoffman v. Orthopedic Sys, Inc.*, 765 N.E.2d 116, 122 (Ill. Ct. App. 2002)).  In *Bowen,* the plaintiff underwent a painful failed removal attempt that was aborted at her request because "the amount of tension required to release the filter from the wall was unbearable."  Dkt. 19302 at 2.  "At this point, [the plaintiff] had sufficient information to put her on notice that she must inquire into her rights.  That is all that is required to trigger the statute of limitations." *Id; see also* Dkt. 7715 at 3 (granting summary judgment on time-barred product liability claims in *Gage* bellwether because the plaintiff experienced pain almost immediately after placement that was attributed, in part, to the filter).

Here, Plaintiff's claims accrued no later than June 9, 2011, the date of Plaintiff's open procedure.  *See* Exhibit A.  Specifically, after Plaintiff presented with "severe progressive

---

[3] Plaintiff's claims would also be barred under the three-year statute of limitations in Wisconsin, where Plaintiff resided at the time of injury.  *See* Short-Form Compl, ¶ 5; Wis. Stat. § 893.54.  Wisconsin's discovery rule is similar to Illinois law.  *See Gumz v. Northern States Power Co.*, 742 N.W.2d 271, 276 (Wis. 2007).

abdominal pain," his physician noted "perforation through the wall of the cava and into what appeared to be the duodenum." *Id.* "Given these findings and the superior abdominal pain, [he] discussed with [the family] the risks and benefits of observation versus surgical removal of the filter." *Id.* Plaintiff and his "family agreed to surgical explant [of] the IVC filter." *Id.* Because Plaintiff experienced abdominal pain that was attributed to the filter and elected to undergo an open removal procedure, Plaintiff had sufficient information to put him "on notice that [he] must inquire into [his] rights" no later than the June 9, 2011 open removal procedure. Dkt. 19302 at 2 (finding that a failed removal procedure triggered accrual of the statute of limitations under Illinois law); *Hoffman*, 765 N.E.2d at 122. Indeed, this Court has found that an open removal procedure triggered the statute of limitations in multiple prior cases from other states. *See e.g.,* Dkts. 18018 (Ohio law); 18365 (Arizona) & 18542 (Georgia). Here, by the time Plaintiff filed the case on November 13, 2017, his product liability claims had been barred by more than four years.

Plaintiff's implied warranty claim fails under Illinois law because it is subject to a four-year statute of limitations that is measured from the date of delivery, *see* 810 Ill. Comp. Stat. 5/2-725, and Plaintiff filed this action more than nine years after receiving his filter, *see supra*, ¶¶ 7, 9, 11.

Plaintiff's consumer protection and express warranty claims fail as well. The Court has ruled that these claims are not adequately pled in the Master Complaint. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims. Thus, Plaintiff has failed to plead a viable state consumer-protection claim or a viable express warranty claim. Plaintiff's

claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

Dated:  August 10, 2022

/s/ Jessica Benson Cox
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 10, 2022, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF BENJAMIN AUERBACH'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ Jessica Benson Cox