UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND     Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION     MDL No. 2570

---

This Document Relates Only to the Following Case:

Coreas, Sarah, 1:20-cv-01012

---

**COOK DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF SARAH COREAS'S CASE PURSUANT TO CMO-28**

Under Fed. R. Civ. P. 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges as her injury an open filter removal, as well as an earlier attempted retrieval and various asymptomatic injuries.

1. <u>Plaintiff's Name</u>: Teresa Hrachovina, as Guardian of Sarah Coreas

2. <u>Case Number</u>: 1:20-cv-01012

3. <u>Case Origin</u>: Filed in the Southern District of Indiana on March 31, 2020

4. <u>Plaintiff's Home State per Complaint</u>: Texas (Plaintiff's current residence, location of injury, and residence at time of filter placement).

5. <u>Applicable Choice of Law Rules</u>: Texas

6. <u>Applicable Statute of Limitations</u>: Texas (2 years), Tex. Civ. Prac. & Rem. Code § 16.003 ("[A] person must bring suit for … personal injury … no later than two years after the cause of action accrues.").

7. <u>Filter Placement Date</u>: October 29, 2010

8. <u>Latest Possible Date of Accrual</u>: May 3, 2016 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting: "Attempts were made at retrieving [the filter] endovascularly but they were unsuccessful. . . . After informed consent was obtained from the patient's mother, . . . [a] lateral cavotomy was made over the level of the filter. The filter was grasped and extracted."). [1]

9. <u>Length of Time Between Claim Accrual and Filing</u>: 3 years, 10 months, 28 days

10. <u>Length of Time Between Placement and Filing</u>: 9 years, 5 months, 2 days

Texas law bars Plaintiff's personal injury claims because she filed her case more than two years after she underwent an open surgery to remove the filter. *See supra*, ¶¶ 3, 8-9. Under Texas's discovery rule, the limitations period accrues when "the plaintiff discovers or should have discovered, in the exercise of reasonable care and diligence, the nature of the injury." *Willis v.*

---

[1] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion. *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").

*Maverick*, 760 S.W.2d 642, 644 (Tex. 1988). A plaintiff need not discover all the elements of a cause of action for the limitations period to begin; rather, Texas's "discovery rule speaks only of discovery of the injury." *Coody v. A.H. Robins Co., Inc.*, 696 S.W.2d 154, 156 (Tex. Ct. App. 1985). Courts applying Texas law have held that the removal of a medical device is sufficient to begin the limitations period as a matter of law. *See Shepherd v. Danek Med.*, 1999 WL 1129705, at *1 (S.D. Tex. Aug. 13, 1999) ("[A]ny arguable application of the 'discovery rule' would terminate upon removal of the System."); *Porter v. Danek Med., Inc.*, 1999 WL 1117090, at *1 (S.D. Tex. Aug. 16, 1999) (same).

Here, Plaintiff presented with "worsening anemia with hemodynamic instability," which prompted a CT scan that "demonstrated fluid in the abdomen." Ex. A. Based on these findings—and "[a]fter a lengthy conversation with . . . and informed consent . . . from [Plaintiff's] mother"—Plaintiff underwent an open surgery to remove the filter on May 3, 2016. *Id.* During this open removal procedure, Plaintiff's filter was noted to have perforated the vena cava, causing abdominal bleeding and fluid build-up. *Id.* This Court has dismissed cases under various states' laws where plaintiffs filed their cases more than two years after an open removal procedure. *See e.g.,* Dkts. 18018 (Ohio law); 18365 (Arizona); 18542 (Georgia). The same principle applies under Texas law. *See Shepherd*, 1999 WL 1129705, at *1; *Porter*, 1999 WL 1117090, at *1. Plaintiff here had sufficient information "to make inquiry into the existence of a possible cause of action"—at the latest—when she underwent the open surgery to remove her filter. *See* Dkt. 21814 at 3 (dismissing case under Texas law where plaintiff commenced action more than two years after failed filter retrieval). By the time Plaintiff filed her case on March 31, 2020, her personal injury claims were barred by nearly two years.[2]

---

[2] The date of Plaintiff's open removal surgery presents the ***latest*** date on which the limitations period began to run. The operative report for Plaintiff's open removal surgery notes that Plaintiff underwent at least one

- 3 -

Plaintiff's implied warranty claim is also time-barred under Texas's four-year statute of limitations, which is measured from the date of delivery. *See* Tex. Bus & Comm. Code Ann. § 2.725. Here, Plaintiff filed this action over nine years after receiving her filter. *Supra*, ¶¶ 3, 7, 10.

Plaintiff's consumer protection and express warranty claims fail as well. The Court has ruled that these claims are not adequately pled in the Master Complaint. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims. Thus, Plaintiff has failed to plead a viable state consumer-protection claim or a viable express warranty claim. Plaintiff's claim for punitive damages fails as derivative.

---

failed endovascular filter retrieval prior to May 3, 2016. Ex. A. (noting that "[a]ttempts were made at retrieving [the filter] endovascularly but they were unsuccessful" and that Plaintiff developed anemia "[i]n the ensuing days" after the retrieval attempt). This Court has already held under Texas law that a failed retrieval attempts provides sufficient notice to begin the limitations period as a matter of law. *See* Dkt. 21814 at 3.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  August 11, 2022 | /s/ *Jessica Benson Cox*<br>Jessica Benson Cox<br>Andrea Roberts Pierson<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>300 North Meridian Street, Suite 2500<br>Indianapolis, Indiana  46204<br>Telephone:  (317) 237-0300<br>Andrea.Pierson@FaegreDrinker.com<br>Jessica.Cox@FaegreDrinker.com<br><br>James Stephen Bennett<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>110 West Berry Street, Suite 2400<br>Fort Wayne, Indiana  46802<br>Telephone:  (260) 424-8000<br>Stephen.Bennett@FaegreDrinker.com<br><br>*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2022, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF SARAH COREAS'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*