IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTSLIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff: **Paul B. Cornett**

Civil Case # 1:16-cv-2123

## SHORT FORM COMPLAINT-FIRST AMENDED

COMES NOW the Plaintiff named below, and for Complaint against the Defendants named below, incorporate The Master Complaint in MDL No. 2570 by reference (Document 213). Plaintiff(s) further show the court as follows:

1. Plaintiff's/Deceased Party's Name:  Paul B. Cornett

2. Spousal Plaintiff/Deceased Party's spouse or other party making loss of consortium claim:

   NA

3. Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

   NA

4. Plaintiff's/Deceased Party's state of residence at the time of implant:

   Indiana

5. Plaintiff's/Deceased Party's state of residence at the time of injury:

   Indiana

6. Plaintiff's/Deceased Party's current state of residence:

   Indiana

7. District Court and Division in which venue would be proper absent direct filing:

   U.S.D.C. S.D. Indiana-Indianapolis, Indiana

8. Defendants (Check Defendants against whom Complaint is made):

   ☒ Cook Incorporated
   ☒ Cook Medical, LLC
   ☒ William Cook Europe APS

9. Basis of Jurisdiction
   ☒ Diversity of Citizenship
   ☐ Other: _____

   a. Paragraphs in Master Complaint upon which venue and jurisdiction lie:

   PARAGRAPHS 6 THROUGH 28

   b. Other allegations of jurisdiction and venue:

10. Defendants' Inferior Vena Cava Filter(s) about which Plaintiff(s) is making a claim (Check applicable Inferior Vena Cava Filters):

    ☐ Günther Tulip Vena Cava Filter
    ☐ Cook Celect Vena Cava Filter
    X☐ Günther Tulip
    ☐ Cook Celect Platinum
    ☐ Other: _____

11. Date of implantation as to each product:

    04.03.2006

12. Hospital(s) where Plaintiff was implanted (including City and State):

    IUH Methodist Hosp, Indianapolis, Indiana

13. Implanting Physician(s):

    Sabah D Butty, MD, Indianapolis, Indiana

14. Counts in the Master Complaint brought by Plaintiff(s):
    - ☑ Count I: Strict Products Liability - Failure to Warn
    - ☑ Count II: Strict Products Liability - Design Defect
    - ☑ Count III: Negligence
    - ☑ Count IV: Negligence *Per Se*
    - ☑ Count V: Breach of Express Warranty: See paragraph 15[c];
    - ☑ Count VI: Breach of Implied Warranty: See paragraph 15[c];
    - ☑ Count VII: Violations of Applicable Massachusetts Law Prohibiting Consumer Fraud and Unfair and Deceptive Trade Practices
    - ☐ Count VIII: Loss of Consortium
    - ☐ Count IX: Wrongful Death
    - ☐ Count X: Survival
    - ☑ Count XI: Punitive Damages
    - ☐ Other: _____ (please state the facts supporting this Count in the space, immediately below)
    - ☐ Other: _____ (please state the facts supporting this Count in the space, immediately below)

___

___

___

15.  **ADDITIONAL INFORMATION**:

[a]     PLAINTIFF'S EARLIEST NOTICE OF INJURIES FROM HIS IVCF [ACCRUAL NOTICE OF HIS CAUSE OF ACTION]:

In May 2014, Plaintiff saw Dr. C. Ammin, MD, Hematologist, complaining of right upper quadrant pain, and noted he was diagnosed with a pulmonary embolus post IVCF. He was continued on indefinite anticoagulation medications and follow up was recommended in 1 year.

On 2.5.2016 [less than 10 years after insertion, but greater than 8 years], Plaintiff saw Dr. Amin, and L.Howard, PA-C with questions regarding his IVC filter that "was unable to be retrieved a few weeks after having been placed for surgery….". The Dr noted that he recently saw TV commercials about a class action lawsuit noting the filters migrated and pieces broke off. The records noted that "[H]e is worried about his filter and gets short of breath when he walks up stairs and was wondering if the filter could be causing that. He recently underwent a treadmill stress test that was completely normal and says that this has occurred since his [filter] surgery several years ago.". The filter was unable to be retrieved and a CT scan in 2012 showed acute thrombus within IVC filter and propagating above it, with bilateral lower lobe pulmonary embolus. Mr. Cornett had no prior indications that his IVCF could be causing him any injuries or was defective until he developed shortness of breath, combined with abdominal pain combined with seeing the TV ads discussing problems with the IVCF. Dr. Amin reassured him that the filters were fine.

Plaintiff suspected that his IVCF may be defective in Feb. 2016. He was having symptoms that he thought were related to his filter and sought out medical care. At that time he also contacted his attorney's office to investigate whether his filter was defective and was causing him injuries His injuries were confirmed in Feb. 2018 when a Radiologist gave a second opinion that his filter had perforated his IVC, was clotted and was impinging on his bowel.

[b]  PLAINTIFF'S INJURIES FROM CORDIS' IVCF:

Plaintiff suffered from post insertion pulmonary embolus, filter clots, shortness of breath, right upper quadrant pain, 4 struts have perforated his IVC, right posterolateral tilt with apex of filter nearly in contact with the caval wall. Three [3] of 4 primary struts perforate the IVC wall with the anterior strut impinging on the overlying duodenum; and the filter was unable to be removed a few weeks post insertion.

[c] EXPRESS AND IMPLIED WARRANTY CLAIMS MADE TO PLAINTIFF AND PLAINTIFF'S HEALTHCARE PROVIDERS

Plaintiff was told by his implanting physician that the filter was necessary to prevent post operative pulmonary emboli [which he never had prior to surgery], that it was fine to be implanted long term but they would remove it a few weeks after his surgery. A few weeks post insertion, the filter was embedded and unable to be retrieved. His doctors told him again that the filter was "okay" and "fine" to remain in his body permanently. Based upon those representations, Plaintiff assumed that this filter was safe for long term, permanent implantation.

Cooks' IFU for its Gunther Tulip filter to healthcare providers, from 2003-2008, which contain essentially the same information, noted that it was used for "permanent implantation" [2003 Gunther Tulip IFU, pg IVC 01199 ] and "may be retrieved" using the "Optional Filter Retrieval"[ 2003 Gunther Tulip IFU, pg IVC 01197-8], and was "… designed to act as permanent filters…." and "…may be retrieved….".  [Accessed at https://ifu.cookmedical.com/ifuPub/searchIfu.jsf on 08.17.2022 ].

Cooks' 2009 marketing brochure on the Gunther Tulip notes "[L]eave it or Retrieve it, but use the filter you can trust." [see pg 1, accessed at https://cookmedical.com on 08.17.2022].

Therefore Cook represented to healthcare providers, the FDA and consumers, that its Gunther Tulip was safe for long term implantation and was retrievable [which it was not in Plaintiff's case].

16.  Attorney for Plaintiff:

Elizabeth Dudley

17. Address and bar information for Attorney for Plaintiff:

Elizabeth Dudley, THE DUDLEY LAW FIRM, LLC, 23438 SW Pilot Point Rd, Douglass, Ks  67039; KS 21582

Date: August 8, 2016

    Respectfully submitted,

    By: /s/Elizabeth Dudley
    Elizabeth Dudley (KS Bar No. 21582)
     (admitted *pro hac vice*)

    THE DUDLEY LAW FIRM, LLC,
    23438 SW Pilot Point Rd,
     Douglass, Ks  67039;
    316-746-3969
    316-746-3922 (fax)
    Liz@lizdudleylaw.com
    ***Attorney for Plaintiff***

**CERTIFICATE OF SERVICE**

I hereby certify that on August 18,2022, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to the CM/ECF participants registered to receive service in this matter. Parties may access the filing through the Court's system.

/ s/Elizabeth Dudley