UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND              Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION               MDL No. 2570

---

This Document Relates Only to the Following Case:

Baker, Robert E., 1:19-cv-03264

---

### COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF ROBERT E. BAKER'S CASE PURSUANT TO CMO-28

Under Fed. R. Civ. P. 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges as his injury a perforating IVC filter.

1. <u>Plaintiff's Name</u>:  Robert E. Baker

2. <u>Case Number</u>:  1:19-cv-03264

3. <u>Case Origin</u>:  Filed in the Southern District of Indiana

4. <u>Plaintiff's Home State per Complaint</u>: Ohio (Plaintiff's current residence, location of injury, and residence at time of filter placement).

5. <u>Applicable Choice of Law Rules</u>:  Ohio

6. <u>Applicable Statute of Limitations</u>:  Ohio (2 years), Ohio Rev. Code § 2305.10(A) ("[A]n action based on a product liability claim and an action for bodily injury or injuring personal property shall be brought within two years after the cause of action accrues.").

7. <u>Filter Placement Date</u>:  April 5, 2011

8. <u>Latest Possible Date of Accrual</u>:  March 6, 2015 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting that the filter was retrieved due to perforation with prongs that "lay next to the aorta" and that the "[r]isks and benefits of removal were explained to the patient").[1]

9. <u>Filing Date</u>: August 5, 2019

10. <u>Length of Time Between Claim Accrual and Filing</u>: 4 years, 4 months, 30 days

Ohio law bars Plaintiff's personal injury claims because he filed his case more than two years after he was diagnosed with a perforating filter and underwent a successful percutaneous retrieval of the filter. *See supra*, ¶¶ 8-10.  The medical records supporting Plaintiff's categorization show that Plaintiff was diagnosed with a perforating IVC filter on January 26, 2015.  Ex. A at 5. The treating physician noted at this time that the perforation "should be strongly considered if [filter] removal is anticipated."  *Id.* at 5-6.  On March 6, 2015, Plaintiff presented for a

---

[1] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion.  *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").

- 1 -

percutaneous filter retrieval. *Id.* at 7. The retrieval record states that a "recent CAT scan showed that the prongs [of the filter] had eroded through the IVC and lay next to the aorta" and that the "[r]isks and benefits of removal were explained to [Plaintiff]" prior to the procedure. *Id.* The filter was subsequently removed without complication. *Id.* at 8. These records demonstrate that Plaintiff was aware of a potential injury—at the latest—when he presented for the percutaneous retrieval of his perforating filter. *See* Dkt. 21837 (*Wharton*) ("Plaintiff was on notice of his injury . . . when he learned his filter was retrieved."); *Griffin v. Am. Med. Sys., Inc.*, 106 F.3d 400 (6th Cir. 1997) (table) (affirming dismissal under Ohio law because "[t]he removal of the prosthesis alerted [the plaintiff] that the prosthesis might be defective"). The perforation was known and all risks and benefits of retrieval were explained to Plaintiff prior to the retrieval procedure. Plaintiff's claims are therefore time-barred by over two years. *See supra*, ¶¶ 8-10; *see also* Ohio Rev. Code § 2305.10(A).

Plaintiff cannot save his personal injury claims under Ohio's discovery rule by claiming that he did not know his filter was defective at the time of its removal. Ohio's discovery rule is limited to discovery of latent injuries, not knowledge of alleged defects. *See Carter v. Medtronic, Inc.*, No. 2:18-CV-724, 2020 WL 2319729, at *4 (S.D. Ohio May 11, 2020). And this Court has declined to apply the Ohio discovery rule in cases where Plaintiffs have alleged injuries based on failed filter retrievals, complicated filter retrievals, and open filter removals because the injuries alleged were not latent. *See, e.g.*, Dkt. 18681 (*Thompkins*) (dismissing case and holding that a filter fracture and subsequent removal surgery were not latent injuries where the discovery rule applies); Dkt. 21835 (*King*) (dismissing case and holding that a failed retrieval is not a latent injury where the discovery rule applies); Dkt. 21837 (*Wharton*) (dismissing case and holding that an alleged complicated retrieval is not a latent injury where the discovery rule applies). Here, as in

- 2 -

the previous cases this Court has dismissed as time-barred under Ohio law, Plaintiff does not claim a latent injury that would trigger Ohio's discovery rule.[2] *See supra*, ¶¶ 8-10. Plaintiff knew he had a perforating filter—at the latest—when he presented for the percutaneous filter retrieval. The Ohio discovery rule does not apply, and Plaintiff's claims should be dismissed. *See, e.g.*, *Carter*, 2020 WL 2319729, at *4.

Plaintiff's implied warranty claim fails because Ohio law subjects warranty claims to the same two-year statute of limitations discussed above. *See, e.g.*, *Caterpillar Fin. Servs. Corp. v. Harold Tatman & Sons Ents.*, 137 N.E.3d 512, 524 (Ohio Ct. App. 2019) (citation omitted) ("Tatman and Son's claims for breach of implied warranty in tort and negligence are governed by the two-year statute of limitations in [Ohio Rev. Code] 2305.10.").

Plaintiff's express warranty claim fails as well. The Court has ruled that this claim is not adequately pled in the Master Complaint. *See* Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Plaintiff's Short-Form Complaint does not add any substantive facts to save the claim. Thus, Plaintiff has failed to plead viable express warranty claim. Plaintiff's claim for punitive damages fails as derivative.

---

[2] Plaintiff pleads a "claim" for fraudulent concealment in an attempt to toll the running of the statute of limitations. *See* Dkt. 16368. But Plaintiff's new allegations of fraudulent concealment do not cure the pleading defects the Court identified in its February 22, 2021 order. *See* Dkt. 15907. Plaintiff does not allege that Cook knew of and affirmatively concealed *Plaintiff's* cause of action, as the Court required, and Plaintiff does not state the circumstances of the alleged fraud—that is, the who, what, when, where, and how—with the particularity required by Rule 9(b). *See id.* at 6-9. Instead, Plaintiff alleges only the same sorts of ***pre***-filter-placement conduct set out in the Master Complaint.

Further, even if Plaintiff's fraudulent concealment allegations were properly pled, the "right to claim fraudulent concealment never continues beyond the time that a plaintiff, by exercising ordinary diligence, should have discovered the facts at issue." *Zemick v. Lapine Truck Sales & Equip. Co.*, 706 N.E.2d 860, 865 (Ohio Ct. App. 1998) (citation omitted). Here, Plaintiff had enough information at the time of the filter retrieval—at the latest—"to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 21837 (*Wharton*) at 4.

|  |  |
|---|---|
| Dated:  August 23, 2022 | /s/ *Jessica Benson Cox* <br> Jessica Benson Cox <br> Andrea Roberts Pierson <br> FAEGRE DRINKER BIDDLE & REATH LLP <br> 300 North Meridian Street, Suite 2500 <br> Indianapolis, Indiana  46204 <br> Telephone:  (317) 237-0300 <br> Andrea.Pierson@FaegreDrinker.com <br> Jessica.Cox@FaegreDrinker.com <br><br> James Stephen Bennett <br> FAEGRE DRINKER BIDDLE & REATH LLP <br> 110 West Berry Street, Suite 2400 <br> Fort Wayne, Indiana  46802 <br> Telephone:  (260) 424-8000 <br> Stephen.Bennett@FaegreDrinker.com <br><br> *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2022, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF ROBERT E. BAKER'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*