IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | |
| This Document Relates to: All Actions | Case No.: 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

### PLAINTIFFS' MOTION TO SUSPEND THE DEADLINE FOR COMPLIANCE WITH CMO 30 SCREENING ORDER FOR SYMPTOMATIC PERFORATION

NOW COMES the Plaintiffs' Steering Committee, who files this Second Motion to Suspend the Deadline for Compliance with CMO 30 – Screening Order for Symptomatic Perforation, entered on March 29, 2022 (the "Order"), and in support of this Motion, respectfully show the Court the following:

On March 29, 2022, the Hon. United States District Court Judge Richard L. Young, signed Case Management Order 30, the Screening Order for Symptomatic Perforation [ECF Doc. 21704]. Pursuant to CMO 30, Plaintiffs who have reported Category 7(e) cases pursuant to the Court's Order Regarding Case Categorization and Census [ECF Doc. 9638], are required to review the medical evidence provided with his/her Case Categorization Form ("CCF") and promptly submit a medical record or expert report in support of their CCF, if such evidence was not previously produced, and to confirm compliance for each such CCF by August 26, 2022. On May, 23, 2022, Plaintiffs filed their motion for relief from CMO 30 [ECF Doc. 22064]. On June, 24, 2022, the Court graciously

extended the 60-day deadline for compliance with CMO 30 to Friday, August 26, 2022 [ECF 22258]. On June 10, 2022, Cook filed its response to Plaintiffs' Motion for Relief [ECF 22193]. On June 27, 2022, Plaintiffs filed their reply to Cook's Response to Plaintiffs' Motion for Relief from or to Amend CMO 30 [ECF Doc. 22264]. Since June 2022, the Court has not held or scheduled a CMC to discuss Plaintiffs' motion or the next bellwether cases, which may be affected by CMO 30. Therefore, Plaintiffs respectfully request the Court suspend the CMO 30 deadline. Plaintiffs have requested in both their original Motion for Relief [ECF Doc. 22064 at 34] and Reply [ECF Doc. 22264 at 21] for guidance from the Court and a hearing to discuss CMO 30 and its legal implications. As the Court is already aware, Plaintiffs were never provided the opportunity to be fully heard on Cook's Original Proposed Motion for CMO 30 before it was ordered. *See* [ECF 22264 at 5]. Therefore, considering Plaintiffs' motion, new evidence provided, including but not limited to Dr. Robert Allen's declaration [ECF Doc. 22064-4] and other evidence Plaintiff provided in support of their motion, Plaintiffs request that the Court suspend the deadline for Plaintiffs' compliance with CMO 30. Additionally, Cook's response creates a possible new interpretation of what evidence is needed to support a level 7(e) categorization. For example, as briefed more fully in Plaintiffs' Reply, Cook's Response [ECF 22193 at 20-21] provides the new term "substantial perforation" without definition and that a new scale can be used in defining perforation without amending CMO 30. Plaintiffs, therefore, are still unaware what *prima facie* evidence is needed to comply with CMO 30. Thus, on behalf of all Plaintiffs who have produced CCF forms alleging a category 7(e) case, the Plaintiffs' Steering Committee requests that the deadline for compliance with CMO 30 be suspended until either:

**A.** The Court grants Plaintiffs' Motion for Relief making CMO 30 obsolete; or

**B.** The Court agrees to grant Plaintiffs' Motion to Amend CMO 30 and allow 10 business

days for Plaintiffs to provide a proposed amended CMO 30, with the Court's guidance, and, once granted, Cook would then be provided sixty days from the date of the Amended CMO 30 to identify any CCFs it currently believes are deficient and reach out to associated counsel of record for each case; or

**C.** The Court suspend Plaintiffs' deadline to comply with CMO 30 until 30 days after the Plaintiffs have been heard and the Court provides more guidance and rules on Plaintiffs' Motion for Relief on CMO 30.

WHEREFORE, the Plaintiffs respectfully request that the deadline to comply with CMO 30 be suspended.

Dated:  August 25, 2022.

*/s/ Joseph N. Williams*
Joseph N. Williams, (# 25874-49) Riley Williams & Piatt, LLC
301 Massachusetts Avenue, Suite 300
Indianapolis, IN 46204
Telephone: (317) 633-5270
Facsimile: (317) 426-3348 Email:
jwilliams@rwp-law.com
*Liaison Counsel to Plaintiffs' Steering Committee and on behalf of Plaintiffs' Steering Committee*

/s/ Michael W. Heaviside
Michael W. Heaviside, Esq.
Heaviside Reed Zaic, A Law Corporation 910
17th Street NW, Suite 800
Washington, DC 20006
Telephone: (202) 233-1993 Email:
mheaviside@hrzlaw.com
*Plaintiffs' Co-Lead Counsel*

/s/ Ben C. Martin
Ben C. Martin, Esq.
Martin Baughman, PLLC
3141 Hood Street, Suite 600
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
Email: bmartin@martinbaughman.com
*Plaintiffs' Co-Lead Counsel*

/s/ David P. Matthews
David P. Matthews, Esq.
Matthew and Associates
2509 Sackett St.
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184
Email: dmatthews@thematthewslawfirm.com
*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF CONFERENCE

I certify that on August 25, 2022, Plaintiffs' counsel Michael Heaviside, Joseph Williams and Ben C. Martin attempted to confer with Cook's lawyers regarding CMO 30, in an attempt to reach an agreement to suspend the deadline to comply with CMO 30. Plaintiffs' counsel did not get a response from Cook's lawyers, so therefore, no agreement could be reached.

/s/ Ben C. Martin
Ben C. Martin

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2022 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Ben C. Martin
Ben C. Martin