**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to: All Actions

**THE COOK DEFENDANTS' OPPOSITION TO PLAINTIFFS' STEERING COMMITTEE'S MOTION TO SUSPEND THE DEADLINE FOR COMPLIANCE WITH CMO 30 SCREENING ORDER FOR SYMPTOMATIC PERFORATION**

Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe ApS ("Cook" or "the Cook Defendants") urge the Court to deny the Plaintiffs' Steering Committee's Motion to Suspend the Deadline for Compliance with CMO 30 Screening Order for Symptomatic Perforation.  Dkt. 22585.  The Court should deny the PSC's motion for three reasons:

1. The PSC's motion <u>again</u> misreads what CMO 30 actually does.  CMO 30 merely requires Plaintiffs to confirm that they have actually provided certain records to support the categorization they have already made  and, if they have not, to provide that documentation by the ordered deadline.  Nothing more, nothing less.

2. The PSC offer only vague assertions and speculative conclusions that MDL Plaintiffs need any additional time—beyond the 60 days the Court has already granted—to comply with CMO 30.  Approximately 1,500 Plaintiffs have already submitted emails in response to CMO 30.  Plaintiffs have been aware of the requirements of CMO 30 since March 29, 2022, and have already been granted a

      60-day extension to August 26, 2022 to comply with its terms. The Motion fails to identify a reason Plaintiffs need additional time beyond the five months the Court has already given them.

3. The motion raises no new arguments beyond those the PSC raised in their motion for reconsideration[1] (Dkt. 22064) or Reply (Dkt. 22264), and thus is actually just a motion to compel the Court to respond to their motion. In effect, this motion is simply another motion for reconsideration styled as a "Motion to Suspend the Deadline."

      The PSC's motion is yet another attempt by Plaintiffs' counsel to halt progress in the MDL. The PSC clearly wants to prevent the resolution of the Category 7(e) cases, and so seeks to prevent <u>any</u> progress in resolving these cases. The Court should deny Plaintiffs' motion, and continue to require all Category 7(e) Plaintiffs' compliance with CMO 30 by the extended deadline, August 26, 2022. *See* Dkt. 22258 (order granting the CMO 30 compliance deadline).

## ARGUMENT

**I.    CMO 30 REQUIRES NOTHING MORE THAN WHAT PLAINTIFFS WERE OBLIGATED TO PROVIDE IN THEIR CATEGORY 7(e) CASE SUBMISSIONS.**

      CMO 30 merely requires Category 7(e) Plaintiffs to certify prior production or to produce documentation that their attorneys should already have. Plaintiffs' argument that "Cook's response creates a possible new interpretation of what evidence is needed to support a level 7(e) categorization" (Dkt. 22585 at 2) is a red herring. The Cook Defendants offer no "new interpretation" of CMO 30 as Plaintiffs' suggest. *See id*. Indeed, Category 7(e) cases have *always* been "symptomatic injury cases" alleging "symptoms, conditions or complications caused by"

---

[1] Styled as a Motion for Relief from CMO-30, or in the Alternative, Motion to Amend CMO-30. Dkt. 22064.

- 2 -

"penetration or perforation." Dkt. 9638 at 3-4. Thus, both a perforation or penetration and a symptomatic injury have always been required. Dkts. 9638-1; 21704.

Although Plaintiffs claim it is still unclear "what *prima facie* evidence is needed to comply with CMO 30," *id*., CMO 30 is actually very clear about the evidence required: Plaintiffs must either (1) confirm that they have already "provided a **medical record or expert report** supporting (a) **IVC filter protrusion '3 or more mm** outside the wall of the IVC' […] and (b) that the **documented protrusion has caused a present physical impairment or physical harm**" or (2) submit such records now. Dkt. 21704 at 2 (emphasis added). Such a requirement is an entirely proper exercise of the Court's authority.[2] Plaintiffs' attempt to confuse the parties and the Court merely seeks to stall the resolution of Category 7(e) cases. The Court should reject this tactic and deny Plaintiffs' motion.

### II. THE PSC OFFER ONLY VAGUE ASSERTIONS AND SPECULATION THAT MDL PLAINTIFFS NEED ANY ADDITIONAL TIME TO COMPLY.

CMO 30 orders Category 7(e) Plaintiffs who have not yet submitted adequate evidence to support their claims to "do so promptly." Dkt. 21704 at 2. Yet Plaintiffs' are before the Court *again* requesting additional time to provide evidence that should have already accompanied their Category 7(e) claims. As Plaintiffs note, the Court has already "graciously extended the 60-day deadline for compliance with CMO 30 to Friday, August 26, 2022." Dkt. 22585 at 2. Now, Plaintiffs seek an indefinite extension of time until "the Court provides more guidance and rules on Plaintiffs' Motion…" Dkt. 22585 at 3. However, to date, approximately 1,500 plaintiffs have already emailed the Cook Defendants regarding CMO 30 compliance for their Category 7(e) cases. Those Plaintiffs either found the Court's guidance sufficient or they already produced the

---

[2] *See, e.g., In re Vioxx Prods. Liab. Litig.*, MDL No. 1657, 2012 U.S. Dist. LEXIS 56309, at *5 (E.D. La. Apr. 23, 2012) (noting screening "orders [are] appropriate" because "it is not too much to ask a Plaintiff to provide some kind of evidence to support their claim that [a product] caused them personal injury").

documentation CMO 30 requires. Plaintiffs' assertion that Court intervention is necessary because cases "may be affected by CMO 30" (Dkt. 22585 at 2) (emphasis added) is vague and speculative. Absent a showing that Plaintiffs *actually* need additional time beyond what the Court has already granted, Plaintiffs' request is merely a delay tactic. The Court should deny the requested extension.

### III. THE MOTION RAISES NO NEW ARGUMENTS AND IS NOTHING MORE THAN AN ATTEMPT TO FORCE THE COURT'S HAND.

Plaintiffs claim they have previously requested "guidance from the Court and a hearing to discuss CMO 30 and its legal implications." (Dkt. 22585 at 2) (citing Dkts. 22064 at 34 and 22264 at 21). In one sentence at the very end of Plaintiffs' motion for reconsideration, Plaintiffs ask "[a]lternatively" for the Court to "clarify Plaintiffs' questions regarding CMO-30." Dkt 22064 at 34. Similarly, in Plaintiffs' Reply, Plaintiffs state "[t]he PSC welcomes clarification on the ambiguities it has raised in its Motion from the Court." Dkt. 22264 at 21. In neither brief do Plaintiffs formally request a hearing or include any detail regarding the "guidance and rules" they now seek. Notably, Plaintiffs do not even acknowledge the *possibility* that the Court may deny their pending motion entirely—as Cook has urged. This Motion raises no new arguments regarding CMO 30 and seeks nothing more than a further delay of the MDL's progress.

Given that the Court has already provided additional time for Plaintiffs to comply with CMO 30, and because many Plaintiffs have already done so, no further time is necessary. Plaintiffs' motion should be denied.

### CONCLUSION

Plaintiffs have known about CMO 30's requirements since March 29, 2022, and have already been granted a 60-day extension of time within which to comply with those requirements. Nothing the PSC has presented justifies any need of further time for Plaintiffs' compliance with CMO 30. Additional time is not needed. The Court should not allow Plaintiffs to stall the progress

of this MDL through last-minute requests for time to gather the documentation that should have been provided upon the initial filing of the Category 7(e) cases. The Cook Defendants therefore urge the Court to deny all aspects of Plaintiffs' Steering Committee's Motion to Suspend the Deadline for Compliance with CMO 30 Screening Order for Symptomatic Perforation, and to move forward with the administration and resolution of this MDL.

Dated: August 29, 2022

                                Respectfully submitted,

                                /s/  Andrea Roberts Pierson
                                Andrea Roberts Pierson
                                Jessica Benson Cox
                                FAEGRE DRINKER BIDDLE & REATH LLP
                                300 North Meridian Street, Suite 2700
                                Indianapolis, Indiana  46204
                                Telephone:       (317) 237-0300
                                Facsimile:        (317) 237-1000
                                andrea.pierson@faegredrinker.com
                                jessica.cox@faegredrinker.com

                                James Stephen Bennett
                                FAEGRE DRINKER BIDDLE & REATH LLP
                                110 W. Berry Street, Suite 2400
                                Fort Wayne, Indiana  46802
                                Telephone:       (260) 424-8000
                                Facsimile:        (260) 460-1700
                                stephen.bennett@faegredrinker.com

                                *Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe APS*

## CERTIFICATE OF SERVICE

I certify that on August 29, 2022, a copy of the foregoing **COOK'S OPPOSITION TO PLAINTIFFS' STEERING COMMITTEE'S MOTION TO SUSPEND THE DEADLINE FOR COMPLIANCE WITH CMO 30 SCREENING ORDER FOR SYMPTOMATIC PERFORATION** was filed electronically. Parties may access this filing through the Court's electronic records system.

/s/ Andrea Roberts Pierson
Andrea Roberts Pierson
