IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiff(s)   Plaintiff Demands a Trial by Jury

JOSEPH P. KEISTER as Administrator of
the Estate of CLARA J. KEISTER

Civil Case # 1:17-cv-00277-RLY-TAB

**THIRD AMENDED SHORT FORM COMPLAINT**
**[Amended to Substitute Plaintiff and Assert Survival Count Only]**

Plaintiff Joseph Keister, by counsel, files this Third Amended Short Form Complaint against the Defendants, named below, and incorporates by reference The Master Complaint filed in MDL No. 2570 (Document 213). Plaintiff states as follows:

1. Plaintiff/Deceased Party:

   Clara Keister

2. Spousal Plaintiff/Deceased Party's spouse or other party making loss of consortium claim:

   Not applicable

3. Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

1

Joseph P. Keister as Administrator of the Estate of Clara Jane Keister

4. Plaintiff's/Deceased Party's state of residence at the time of implant:

   Virginia

5. Plaintiff's/Deceased Party's state of residence at the time of injury:

   Virginia

6. Plaintiff's/Deceased Party's current state of residence:

   Virginia

7. District Court and Division in which venue would be proper absent direct filing:

   Western District of Virginia

8. Defendants (Check Defendants against whom Complaint is made):

   ☒ Cook Incorporated

   ☒ Cook Medical LLC

   ☒ William Cook Europe ApS

9. Basis of Jurisdiction:

   ☒ Diversity of Citizenship

   ☐ Other:

a. Paragraphs in Master Complaint upon which venue and jurisdiction lie:

   Paragraphs 6-28, inclusive

b. Other allegations of jurisdiction and venue:

10. Defendants' Inferior Vena Cava Filter(s) about which Plaintiff(s) is making a claim (Check applicable Inferior Vena Cava Filters):

☒ Gunther Tulip® Vena Cava Filter

☐ Cook Celect ® Vena Cave Filter

☐ Gunther Tulip Mreye

☐ Cook Celect Platinum

☐ Other:

11. Date of Implantation as to each product:

January 15, 2015

12. Hospital(s) where Plaintiff was implanted (including City and State):

Sentara RMH Medical Center, Harrisonburg, VA 22801

13. Implanting Physician(s):

Andrew Waligora, M.D., Requesting/Attending Physician

David Grayson, M.D., Radiologist

14. Counts in the Master Complaint brought by Plaintiff(s):

☒ Count I: Strict Products Liability – Failure to Warn

☒ Count II: Strict Products Liability – Design Defect

☒ Count III: Negligence

☒ Count IV: Negligence Per Se

3

☒     Count V:     Breach of Express Warranty

☒     Count VI:     Breach of Implied Warranty

☒     Count VII:     Violations of Applicable Virginia Law Prohibiting Consumer Fraud and Unfair and Deceptive Trade Practices. Plaintiff seeks recovery, including for all applicable damages and penalties under Va. Code §59.1-204, including an amount up to treble damages; attorneys' fees; court costs; and any other recovery the Court deems fit.

                           Plaintiff sets forth particular allegations for consumer fraud and unfair and deceptive trade practices in Paragraph 15, below.

☐     Count VIII:     Loss of Consortium

☐     Count IX:     Wrongful Death

☒     Count X:     Survival

☒     Count XI:     Punitive Damages

☒     Other:     <u>All other counts and claims for Relief set forth in the Master Complaint for an amount to be determined by the trier of fact.</u>

☐     Other:     _____ (please state the facts

supporting this Count in the space, immediately below)

15. As to Count VII, Violations of Applicable Virginia Law Prohibiting Consumer Fraud and Unfair and Deceptive Trade Practices, Plaintiff more particularly states as follows:

     (a) In 2002, Defendants Cook Medical, LLC (f/k/a Cook Medical Incorporated), Cook Incorporated, and William Cook Europe ApS were prepared to conduct a clinical study involving human trials on the Gunther Tulip filter in hopes of establishing safety and efficacy for the device. However, after learning that its competitor, C.R. Bard, was prepared to get its retrievable filter device to the market via 510(k) clearance, Defendants Cook Medical, LLC (f/k/a Cook Medical Incorporated), Cook Incorporated, and William Cook Europe ApS abandoned this "pivotal study" and decided to take the same approach.

     (b) Instead of following through with this "pivotal study," Defendants Cook Medical, LLC (f/k/a Cook Medical Incorporated), Cook Incorporated, and

4

     William Cook Europe ApS decided to undertake a short-term study focused only on retrievability involving 41 patients. This study had a mean retrieval time of 11.1 days and did not examine the efficacy of the device at all (whether the filter actually prevents pulmonary embolism). Additionally, it did not examine the safety or efficacy of the device in a permanent capacity. Despite the study limitations, Dr. Hanno Hoppe still found a 21% rate of tilt after placement.

(c) After receiving clearance, which was not an indication of safety, Defendants Cook Medical, LLC (f/k/a Cook Medical Incorporated), Cook Incorporated, and William Cook Europe ApS, began marketing the device "for the prevention of pulmonary embolism." Thereafter, Defendants Cook Medical, LLC (f/k/a Cook Medical Incorporated), Cook Incorporated, and William Cook Europe ApS began receiving reports of tilt, perforation, migration, and even fracture. Further, Defendants Cook Medical, LLC (f/k/a Cook Medical Incorporated), Cook Incorporated, and William Cook Europe ApS received numerous reports of difficulty in retrieving the device, although marketed as a retrievable filter.

(d) In or before 2006, Defendant Cook Medical, LLC's[1] Medical Science Officer, Dr. James Gardner, admitted concern internally to other executives at Cook that "there's not a lot of clinical evidence that demonstrates these filters actually improve patient outcomes." This concerned Dr. Gardner in terms of reimbursement, verses safety: "My concern, which I've shared with a couple of you over the last couple years, is that one day the payers (Medicare, Medicaid, commercial plabns, etc.) are going to realize they are spending an increasing amount of money on the placement and retrieval of IVC filters and that there's not a lot of clinical evidence that demonstrates these filters actually improve patient outcomes."

(e) Defendants Cook Medical's, LLC (f/k/a Cook Medical Incorporated), Cook Incorporated's, and William Cook Europe ApS' knowledge and concealment of adverse events, such as tilt, perforation, and retrieval problems caused by its Gunther Tulip filter, as well as the Cook Medical Science Officer's knowledge and concealment about the lack of efficacy of the Gunther Tulip and its other IVC filters, were not included in the company's instructions for use (IFU) that accompanied the product when it was implanted in Plaintiff.

(f) Defendants Cook Medical, LLC (f/k/a Cook Medical Incorporated), Cook Incorporated, and William Cook Europe ApS did not study, or know, whether or not the Gunther Tulip actually prevents pulmonary embolism. Yet, Defendants Cook Medical, LLC (f/k/a Cook Medical Incorporated), Cook Incorporated, and William Cook Europe ApS represented to the medical and scientific communities and to Plaintiff that pulmonary embolism prevention was the purpose of the device. The Defendants' knowledge as to lack of

---

[1] Defendants Cook Incorporated and William Cook Europe ApS operate under the umbrella of Defendant Cook Medical, LLC (f/k/a Cook Medical Incorporated).

5

efficacy was not relayed to doctors, including Plaintiff's implanting doctor, Dr. Andrew Waligora, and subsequent treating doctors.

(g) Upon information and belief, Dr. Waligora read and relied upon the Gunther Tulip IFU.

(h) Upon information and belief, Dr. Waligora read, and relied upon, the Gunther Tulip marketing materials, which specifically targeted vascular physicians, like Dr. Waligora, with the intention that such physicians, including Dr. Waligora, would read and rely upon Defendants Cook Medical, LLC's, Cook Incorporated's, and William Cook Europe ApS' marketing statements and omissions and, thereby, seek out and use the Gunther Tulip filter in patients, including Plaintiff.

(i) Doctors cannot communicate what they do not know to their patients. Accordingly, Defendants Cook Medical, LLC's, Cook Incorporated's, and William Cook Europe ApS' knowledge regarding lack of clinical evidence that the Gunther Tulip filter actually improved patient outcomes and Defendants Cook Medical, LLC's, Cook Incorporated's, and William Cook Europe ApS' suppression of adverse events were not communicated to patients, including Plaintiff.

(j) Additionally, Defendants Cook Medical, LLC, Cook Incorporated, and William Cook Europe ApS did not study the safety or efficacy of the Gunther Tulip filter as a long-term or permanent device. This fact also was not relayed by Defendant Cook Medical, LLC, Defendant Cook Incorporated, or Defendant William Cook Europe ApS to Plaintiff's implanting doctor and subsequent treating doctors, and, thereby, Plaintiff.

(k) Following a deep vein thrombosis (DVT) diagnosis in 2015, Plaintiff consulted with Dr. Andrew Waligora, who prescribed Plaintiff an inferior vena cava filter. On January 15, 2015, Dr Waligora and Dr. David Grayson implanted in Plaintiff a Gunther Tulip vena cava filter, Product ID IGTCFS—65—1—UNI—TULIP, Lot Number E3233589.

(l) In reliance on the Gunther Tulip IFU, Drs. Waligora and Grayson advised Plaintiff that the filter would help prevent pulmonary embolism and had low risks. Further, in reliance on the IFU, Plaintiff was advised that the filter could be safely retrieved.

(m) Dr. Grayson implanted, and Plaintiff agreed to have implanted, the Gunther Tulip filter in reliance on Defendant Cook Medical, LLC's, Defendant Cook Incorporated's, and Defendant William Cook Europe ApS' statements and omissions, including those in the Gunther Tulip IFU.

6

(n) In January 2016, an imaging study showed that the Gunther Tulip Filter, implanted in Plaintiff, had "migrated," "moved/out of place." Additionally, imaging showed that the "IVC at the level of L3 is tilted" "with prongs extending outside of the IVC walls."

(o) In April 2016, Dr. Andre Uflacker noted that the "tilted" IVC filter's hook was "in an unfavorable position for retrieval." Notwithstanding, removal was attempted due to the "prongs" "found to be outside the walls of the IVC."

(p) On June 21, 2016, Drs. Mikhail Higgins and James Stone removed Plaintiff's IVC filter, with resulting injury, including "irregularity where the filter legs were abutting the cava wall."

(q) In or about January 2017, Plaintiff first learned through legal consultation that Defendant Cook Medical, LLC, Defendant Cook Incorporated, and Defendant William Cook Europe ApS knew, at the time its Gunther Tulip filter was marketed and implanted in Plaintiff in 2015, and thereafter, that the filter lacked efficacy evidence.

(r) In or about January 2017, Plaintiff first learned through legal consultation that, at the time Defendants Cook Medical, LLC, Cook Incorporated, or William Cook Europe ApS' Gunther Tulip filter was marketed and implanted in Plaintiff in 2015, and thereafter, Defendants Cook Medical, LLC, Cook Incorporated, or William Cook Europe ApS had concealed its knowledge regarding adverse events associated with the Tulip filter, including those caused to Plaintiff.

(s) In or about January 2017, Plaintiff first learned that Defendants Cook Medical, LLC, Cook Incorporated, or William Cook Europe ApS had not studied the safety or efficacy of the Gunther Tulip filter as a long-term, or permanent device, at the time that Defendants Cook Medical, LLC, Cook Incorporated, or William Cook Europe ApS marketed its Tulip filter, and it was implanted in Plaintiff, in 2015.

(t) In February 2019, there was a global recall of the Gunther Tulip IFU. The updated IFU now warns doctors of the risks of tilt, perforation and difficulty in removing the device.

16. Attorney for Plaintiff(s):

    Richard S. Lewis, Steven Rotman, and Colleen Ryf of Hausfeld, LLP

17. Address and bar information for Attorney for Plaintiff(s):

    Richard S. Lewis, Washington DC Bar No.: 414261
    Steven Rotman, Massachusetts Bar No.: 558473

      Colleen Ryf, Washington D.C. Bar No.: 1601824
      HAUSFELD LLP
      888 16th Street NW, Suite 300
      Washington, DC 20006
      Telephone: (202) 540-7200
      Facsimile: (202) 540-7201
      Email: rslewis@hausfeld.com
      Email: srotman@hausfeld.com
      Email: cryf@hausfeld.com

PLAINTIFF DEMANDS A TRIAL BY JURY

Dated: September 1, 2022            Respectfully submitted,

           By:   */s/ Richard S. Lewis*
                 Richard S. Lewis
                 Steven Rotman
                 Colleen Ryf
                 HAUSFELD LLP
                 888 16th Street NW, Suite 300
                 Washington, DC 2000
                 Telephone: (202) 540-7200
                 Facsimile: (202) 540-7201
                 Email: rslewis@hausfeld.com
                 Email: srotman@hausfeld.com
                 Email: cryf@hausfeld.com
                 *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2022, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                              */s/ Richard S. Lewis*