UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Mathis, Jeanette, 1:22-cv-01423

**DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF JEANETTE MATHIS'S CASE PURSUANT TO CMO-28**

Under Fed. R. Civ. P. 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), Cook moves for judgment in Plaintiff's case as time-barred under the applicable statute of repose.

1. Plaintiff's Name:  Jeanette Mathis

2. Case Number:  1:22-cv-01423

3. Case Origin:  Filed in the Southern District of Indiana

4. Plaintiff's Home State per Complaint: Tennessee (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. Applicable Statute of Repose:  Tennessee (10 years), Tenn. Code Ann. 29-28-103(a) ("Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought . . . within ten (10) years from the date on which the product was first purchased for use or consumption . . . .").

6. Placement Date (latest possible date of purchase):  May 13, 2010 (*see* Plaintiff's Amended Short-Form Complaint, ¶ 11)

7. Date of Filing:  July 15, 2022

8. Length of time Between Filter Placement and Filing:  12 years, 1 month, 22 days

## **BRIEF ARGUMENT**

The Tennessee statute of repose bars Plaintiff's claims because Plaintiff filed her action more than ten years after the initial sale of the filter, a sale that could not have occurred any later than the date of the filter's placement. *See supra*, ¶¶ 6-8. Under this Court's prior orders applying the Tennessee statute of repose, all of Plaintiff's claims are barred. *See* Dkt. 4918 (dismissing all of the Tennessee plaintiffs' claims and rejecting arguments that filter cases involve a latent injury and constitutionality arguments raised by those plaintiffs); Dkt. 14426 (same); Dkt. 18470 (same); Dkt. 211484 (same); *see also Wyatt v. A-Best Prods. Co.*, 924 S.W.2d 98, 102 (Tenn. Ct. App. 1995) ("Because a statute of repose sets the triggering event as something other than accrual, it can have the effect of barring a plaintiff's claim before it accrues, most typically before the plaintiff becomes aware of his or her injury.").

Plaintiff's allegations of fraudulent concealment cannot save her claims, even assuming for the sake of argument she had properly pled them.[1] Fraudulent concealment does not toll the product-liability statute of repose under Tennessee law. *Damron v. Media Gen., Inc.*, 3 S.W.3d 510, 513 (Tenn. Ct. App. 1999); *see also Jones v. Smith & Nephew Inc.*, 2022 WL 767709, at *4 (Tenn. Ct. App. Mar. 14, 2022) (refusing to "expand/rewrite the statute to create a general latent disease exception or a fraudulent concealment exception to the TPLA's statute of repose").

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

[1] Plaintiff's new allegations of fraudulent concealment do not cure the pleading defects the Court identified in its February 22, 2021 order. *See* Dkt. 15907. Plaintiff does not allege that Cook knew of and affirmatively concealed *Plaintiff's* cause of action, as the Court required, and Plaintiff does not state the circumstances of the alleged fraud—that is, the who, what, when, where, and how—with the particularity required by Rule 9(b). *See id.* at 6-9. Instead, Plaintiffs allege only the same sorts of **pre**-filter-placement conduct set out in the Master Complaint. This argument is set out at length in Cook's memorandum supporting its renewed motion to dismiss Plaintiffs' claims of fraudulent concealment. Dkt. 18315.

Respectfully submitted,

Dated:  September 7, 2022

/s/ *Andrea Roberts Pierson*
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2022, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF JEANETTE MATHIS'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Andrea Roberts Pierson*