
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Molina, Janet - 1:22-cv-06854

**DEFENDANTS' MOTION FOR JUDGMENT IN<br>PLAINTIFF JANET MOLINA'S CASE PURSUANT TO CMO-28**

Under Fed. R. Civ. P. 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case as time-barred under Texas's applicable statute of repose.

1. <u>Plaintiff's Name</u>:  Janet Molina

2. <u>Case Number</u>:  1:22-cv-06854

3. <u>Case Origin</u>:  Filed in the Southern District of Texas

4. <u>Plaintiff's Home State per Complaint</u>: Texas (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. <u>Applicable Statute of Repose</u>:  Texas (15 years), Tex. Code. Ann. § 160.12(b) ("Except as provided by Subsections (c), (d), and (d-1), a claimant must commence a product liability action against a manufacturer or seller of a product before the end of 15 years after the date of the sale of the product by the defendant").

6. <u>Placement Date (latest possible date of purchase)</u>:  March 28, 2004

7. <u>Filing Date</u>:  July 1, 2022

8. <u>Length of time Between Filter Placement and Filing</u>:  18 years, 3 months, 3 days

## BRIEF ARGUMENT

Texas law bars Plaintiff's claims because Plaintiff filed her action more than 15 years after the initial sale of her filter, a sale that could not have occurred any later than the date of the filter's placement.  *See supra*, ¶¶ 6-8.  Under this Court's prior orders applying the Texas statute of repose, all of Plaintiff's claims are barred.  *See* Dkt. 4918 at 13-15 (dismissing Texas plaintiff's claims and rejecting her express-warranty argument); Dkt. 14426 (same); Dkt. 18557 (same); *see also Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867-68 (Tex. 2009) (explaining generally that, under Texas law, "statutes of repose create a substantive right to be free from liability after a legislatively determined period" and represent "the Legislature's considered judgment as to the inadequacy of the traditional statutes of limitations for some types

of claims."); Dkt. 15907 (granting summary judgment on fraudulent concealment allegations in master complaint).

The Texas statute of repose contains an exception that permits a plaintiff to commence an action more than 15 years after sale of the product "[i]f the manufacturer or seller *expressly warrants in writing* that the product has a useful safe life of longer than 15 years." Tex. Civ. Prac. & Rem. Code Ann. § 16.012(c) (emphasis added). This express-warranty exception is inapplicable here. In her Short-Form Complaint, Plaintiff asserts that "Defendants Expressly . . . Warranted that the Cook IVC Filter was a permanent lifetime implant," which Plaintiff allegedly "relied upon . . . to her detriment." *See* Short-Form Compl., ¶ 14. But Plaintiff fails to plead a critical element of the express-warranty exception: Plaintiff does not allege that any purported warranty was made *in writing*. *See id.*; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 16.012(c); *Marks v. Actuant, Inc.*, 2007 WL 9724201, at *3 (E.D. Tex. Nov. 28, 2007) (dismissing case on limitations grounds and noting that plaintiff had to show defendant "expressly warranted *in writing* that the product's useful and safe life was longer than fifteen years").

In addition, this Court has held that Plaintiffs' Master Complaint fails to adequately plead an express-warranty claim under Texas law. *See* Dkt. 4918 at 13-15 (finding that Plaintiffs' Master Complaint fails to adequately plead an express warranty claim under Texas law). The additional express-warranty allegations in Plaintiff's Short-Form Complaint do not cure those pleading defects. *See* Short-Form Compl., ¶ 14. Plaintiff's additional express-warranty allegations "do not go beyond 'a formulaic recitation of the elements' as required under [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)]." *Langston v. Ethicon Inc.*, 2021 WL 6198218, at *7 (N.D. Tex. Dec. 31, 2021). Instead, Plaintiff impermissibly relies on "generic, nonspecific, and conclusory allegations [that] fall short of the requisite facial plausibility standard." *Id.*

Plaintiff does "not identify any specific representation made to Plaintiff or her doctor by Defendants," *id.*, nor does she provide any information concerning who specifically gave the alleged warranty, when it was given, or how it was given,[1] *see* Short-Form Compl., ¶ 14. Simply put, Plaintiff's "generic, nonspecific, and conclusory allegations" do not provide the basic facts underlying her express-warranty claim and thus do not entitle Plaintiff to the benefit of the express warranty exception to the Texas's product liability statute of repose. *See Langston*, 2021 WL 6198218, at *7.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

[1] "Who" gave the warning is particularly germane in medical device cases like this one. "Because the learned intermediary doctrine applies to warranty claims in the medical device context, Plaintiffs must plead facts showing that Defendants made express warranties to Plaintiff's implanting physician that they subsequently breached." *Langston*, 2021 WL 6198218, at *7. In other words, a plaintiff in a prescription medical device case must show that an alleged express warranty ws made ***by*** the defendant manufacturer and ***to*** the plaintiff's treating physician. Plaintiff here makes no such allegation; she simply alleges that "Defendants Expressly and Impliedly Warranted." Short-Form Compl., ¶ 14.

"When" the alleged warranty was given is also integral to an express-warranty claim because "[a]n express warranty exists only 'if express representations form the basis of the bargain.'" *Raymond v. Rahme*, 78 S.W.3d 552, 562 (Tex. App. 2002) (citation omitted). Accordingly, "a statement made by a seller after a contract has been made is not an express warranty because the buyer has already agreed to the bargain and cannot argue that he [or she] relied on the statement in entering into the contract." *Id.* Again, Plaintiff's pleading fails to allege this element.

Respectfully submitted,

Dated:  September 7, 2022

/s/ *Jessica Benson Cox*
Jessica Benson Cox, Co-Lead Counsel
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett, Co-Lead Counsel
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2022, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF JANET MOLINA'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*