UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates Only to the Following Cases: Robert Baker, 1:19-cv-03264 | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
COOK DEFENDANTS' MOTION FOR JUDGEMENT
IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Now comes Plaintiff, Robert Baker, by and through Counsel and submits this Response in Opposition to Cook Defendants' Omnibus Motion for Judgement in Plaintiff's Case Pursuant to CMO-28.

Comes now Plaintiff through undersigned counsel submitting this Response in Opposition to Cook Defendants' Motion for Judgment pursuant to CMO-28. Defendants claim Plaintiff's case is time barred "under Ohio law because the case was filed more than six years after the filter was removed." However, under Ohio law, mere removal of medical device does not necessarily indicate said product is defective. Plaintiff was not clearly informed by competent medical authority of the defective product in 2015and Defendants' request is therefore improper.

   I.    **Under Ohio Law the Discovery Rule Applies and Plaintiff's Claims are Timely.**

At the time of removal and surgery, it is unclear if Plaintiff was aware of the need for removal of the filter was due to a defect. Medical records do not indicate whether Plaintiff was informed the reason for his transjugular inferior venacavogram was due to a defect. A reasonable non-medical professional such as Plaintiff would not have reason to know the filter was defective unless they were informed. There is no record indicating Plaintiff had knowledge of the defective filter at the time Defense argues the statute of limitations should have begun. Defendants' claims the statute of limitations began on the date of the procedure are incorrect, and the discovery rule should apply.

The Ohio Supreme Court, has ruled " a plaintiff must bring his action within two years of either the date he was informed by competent medical authority that he had been injured, or the date he should have discovered the injury." *Cacciacarne v. G.D. Searle & Co.,* 908 F. 2d 95, 97 (6th Cir. 1990) citing *O'Striker v. Jim Walter Corp.,* 4 Ohio St. 3d 84, 447 N.E. 2d 727, 732 (1983). In *Harper,* the court used the O'Striker test to find an individual was "not required to bring suit until they were informed DES probably caused their injuries." *Harper v. Eli Lilly & Co.,* 575 F. Supp. 1359 (N.D. Ohio 1983).

In *Cacciacarne*, the court reasoned that "because plaintiff's doctor did not know the cause, 'it would be illogical to hold [her] to a higher degree of knowledge than [her] . . . physician.'" *Cacciacarne*, 908 F. 2d at 97-98. In that case, plaintiff even thought the IUD might have caused her problems, but her doctor did not know the cause. *Id*. at 97. The court found that applying the *O'Striker* test, the plaintiff's cause of action **did not accrue until her doctor informed her of the cause.** *Id*. (Emphasis Added).

Similarly, Plaintiff did not know the IVC filter itself was defective at the time of his surgery in 2015. Unlike the plaintiffs in the cases cited by Defense, Plaintiff did not have any reason to suspect that the IVC filter was defective at the time of its removal

Case specific discovery has not been conducted. At this stage, the evidence shows Cook Defendants made misrepresentations to doctors across the country regarding the risks of its' IVC filters. Because of the misrepresentations, Plaintiff and his doctor were unaware of the true risks of the product at the time of implant and removal; Plaintiff cannot therefore be expected to be held to a higher degree of knowledge than his own physicians, who did not inform him the filter was defective.

For these same reasons, Plaintiff's implied warranty claim is properly before the Court. Moreover, Plaintiff presented sufficient evidence in his Complaint to establish express warranty and consumer protection claims. At this point of the proceedings, the statements contained in Plaintiff's pleading contain the necessary factual allegations, "which must be taken as true at this stage, to support the claim of an inherent defect." *Albright v. Sherin-Williams Co*., No. 1:17 CV 2513, 2019 WL 5307068 (N.D. OH Jan., 29, 2019).

### II. Plaintiff Claims are Timely Due to the Filed Amended Complaint Alleging Fraudulent Concealment by Defendants

In order to plead a claim for fraud or fraudulent concealment under Ohio law, a plaintiff must allege: "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." Bryk v. Berry, 2008-Ohio-2389, ¶¶ 6-7, 2008 WL 2079463, *2 (Ct. App. Ohio, May 19, 2008).

On March 24, 2021, Plaintiff filed an amended complaint with a sealed brief alleging the particular grounds for his fraudulent concealment claim. Plaintiff's ordinary diligence in pursuing the cause of his injuries was frustrated by the fact Cook fraudulently concealed a great deal of information relating to the defective nature of its IVC filter. The evidence shows Cook made misrepresentations to doctors and patients across the country regarding the filter's risks and safety. Plaintiff and his doctors were unaware of the true risks of the Cook IVC filter at the time of implant and Plaintiff cannot reasonably be held to a higher degree of knowledge than his own physicians who did not inform him the filter was defective. However, once Plaintiff learned of Cook's fraud and the defective nature of its IVC filter, he filed his Complaint, thereby making his Complaint timely under Ohio law due to the fraudulent concealment exception to the statute of repose.

## CONCLUSION

In light of the foregoing, Plaintiff respectfully requests this Court deny Cook Defendants' Motion for Judgement. If the Court is not inclined to deny the Motion outright it should stay its ruling pending further discovery.

Respectfully submitted,

*/s/ David M. Langevin*
David M. Langevin
MN Bar No. 329563
McSweeney Langevin LLC
2116 Second Avenue South
Minneapolis, MN 55404
Telephone: (612) 746-4646
Facsimile: (612) 454-2678
dave@westrikeback.com

*Lead Counsel for Plaintiff(s)*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 7, 2022, a copy of the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28** was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                                   /s/ *David M. Langevin*