IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES AND
PRODUCT LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to

Julie Wilson
Civil Case No. 1:17-cv-3050-RLY-TAB

## PLAINTIFF'S OBJECTIONS TO COOK DEFENDANTS' BILL OF COSTS

Plaintiff Julie Wilson hereby files her objections to Cook Defendants' Bill of Costs pursuant to the Court's Order granting Plaintiff's Motion to Dismiss (*Dkt. 22391*).

1.     On November 9, 2021, the Court designated the Wilson case as part of a bellwether trial plan.  Soon thereafter, counsel for Wilson contacted the client and explained the ramifications and the process ahead.  Multiple detailed conversations followed over the ensuing weeks, and by early spring Plaintiff Wilson was adamant that she did not want to be part of a bellwether process.  Counsel for Plaintiff relayed that information to Cook, and thereafter a Motion to Dismiss with Prejudice was filed.

2.     By that stage in the litigation, approximately nothing had happened in the Wilson case.  Pro forma written discovery had been exchanged with about 100 pages of medical records that had been sent to Cook.  In addition, Cook had spent a grand total of $90.94 in the collection of additional medical records.  Plaintiff will gladly reimburse these costs for collection of medical records.

3.     Not a single deposition was taken.  In fact, not a single deposition was even scheduled.  No hearings were held, no doctors or witnesses or spouses were deposed, no sales

representatives were deposed, no Cook witnesses were deposed, no experts were named, no reports were exchanged.  Nothing.

4.     Yet Cook now submits a "Bill of Costs" that exceeds $67,340.00.  Other than the $90.94 of medical records collected, the balance of "costs" are a mysteriously redacted billing record of an unknown "Redacted Expert Name", who somehow spent 96.2 hours reviewing 100 pages of medical records.

5.     A detailed review of the "billing" shows these indefensible facts:  a sum total of about 2 hours of phone conversation with defense counsel, a tad more than an hour of reviewing imaging studies of Wilson, and then more than 90 hours of reviewing and/or drafting a "report". Even the subject matter of this draft report is unknown, since not a single deposition was taken or even scheduled in the case.

6.     Plaintiff understands the need for fairness in reimbursing the costs incurred by Cook between November 2021 and March 2022.  However, 96 hours of "expert" time to "review" or "draft" a report based on 100 pages of medical records defies the imagination.  $67,000 in billing from an expert before the plaintiff is even deposed is undoubtedly an impressive feat.

7.     Plaintiff Wilson would request a FAR more detailed explanation for an expert spending more than half a month "drafting" a report on a case where not a single deposition was taken, before the Court even begins to entertain the submitted "Bill of Costs".

Dated:  September 9, 2022.


*/s/ William B. Curtis*
William B. Curtis, Esq.
Curtis Law Group
17754 Preston Rd., Suite 200
Dallas, Texas 75252
Ofc: (214) 890-1000 | Fax: (214) 890-1010
Email: bill@curtislawgroup.com
***Attorney for Plaintiffs***

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 9th day of September 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.


*/s/ William Curtis*
William B. Curtis