IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to

Julie Wilson
Civil Case No. 1:17-cv-3050-RLY-TAB

## COOK'S REPLY IN SUPPORT OF BILL OF COSTS

Plaintiff Julie Wilson objects to Cook's bill of costs, asserting that the expert invoices submitted by Cook are "indefensible" and reciting a selective and incomplete version of the events between the selection of Plaintiff's case for bellwether trial on November 9, 2021, and the filing of Plaintiff's motion to dismiss on March 30, 2022. Cook stands by its bill of costs.

The Court selected this case for the bellwether pool on November 12, 2020. But unlike other similarly-situated MDL plaintiffs,[1] Plaintiff did not dismiss her case at that time, nor did she dismiss her case a year later when on November 9, 2021 the Court selected it for bellwether trial.[2] Nor did she dismiss after receiving (and responding to) Cook's initial discovery propounded on February 7, 2022. Instead, she waited to dismiss her case until March 30, 2022, after Cook had spent several months preparing for a trial anticipated for the late summer or early fall of 2022. *See* 11.9.2021 MDL Hearing Transcript at p. 72 (The Court: "Let's go ahead and try the Wilson case

---

[1] *See* voluntary dismissals filed by bellwether pool plaintiffs at Dkts. 15954 (Marchionne), 16252 (Catchings), 17655 (Hemberger), 19250 (Schuler), and 19493 (Haner).
[2] Cook further notes that at the November 9, 2021 status conference, PSC counsel explicitly represented that no additional Category 5 plaintiffs would be dismissing their cases. *See* 11.9.2021 MDL Hearing Transcript at p. 64 ("We've talked to the folks who have these cases and they're not going to dismiss the cases.").

first and we'll set aside two weeks for that here in Evansville, and we'll try to look at the late summer, early fall of next year on that.").

Because Plaintiff gave no hint through all these events that she planned to dismiss her case, Cook reasonably assumed that the case would in fact be tried in late summer or early fall of 2022. In planning for this trial, Cook gauged past testifying experts' availability for trial, and realized due to scheduling conflicts that Cook would have to disclose a new expert on issues of general and specific causation in the *Wilson* case. As the dates on the documentation Cook submitted demonstrate, immediately after the November 9, 2021 hearing designating Plaintiff's case for trial, Cook began working with this newly retained expert on the review of materials produced related to the Tulip filter. This work continued through February of 2022, just before Plaintiff's surprise motion to dismiss. Given that the Court's schedule gave Cook only eight months before the trial, Cook's retention of and work with this expert were entirely reasonable. In fact, unless Plaintiff planned to dismiss her case all along, Cook assumes that Plaintiff herself had begun the process of retaining experts and having them prepare expert reports prior to dismissal of the case. Plaintiff's objection does not deny this.

Although Plaintiff questions the reasonableness of Cook's expert's invoices, her skepticism mistakenly assumes that Cook's expert "spent 96.2 hours reviewing 100 pages of medical records." Dkt. 22648 at ¶ 4. This is simply not true. The 96.2 hours billed by Cook's expert includes the expert's review of a wide variety of case-specific and general materials, as well as the actual drafting of the expert's report. To the extent the Court has questions regarding the specific details of the invoices at issue, Cook stands ready to submit unredacted versions of the invoices for *in camera* review or participate in a call with the Court to provide further explanation regarding the invoices.

In sum, Cook had no choice but to begin preparing for trial after Plaintiff's case was selected as the next bellwether trial, and part of that preparation included the retention of a new expert witness. Had Plaintiff dismissed her case when it was selected into the bellwether pool in November 2020, or when it was selected for bellwether trial in November 2021, Cook would never have incurred the costs at issue. Plaintiff was on notice that a belated dismissal would leave her liable for Cook's costs, *see* Dkt. 14691, Order on the Cook Defendants' Bill of Costs in *Burrage*, but she nevertheless waited until March 30, 2022 to dismiss her case. Cook should not have to bear the consequences of Plaintiff's belated decision to abandon her case.

The Court has already determined that Cook is entitled to reimbursement of its costs in this case. Dkt. 22391 ("[T]he Cook Defendants are entitled to their costs[.]"). Accordingly, Cook respectfully requests that the Court order Plaintiff to reimburse Cook's costs totaling $67,430.94.

Dated: September 16, 2022

                     Respectfully submitted,

                     */s/  Jessica Benson Cox*
                     Andrea Roberts Pierson
                     Jessica Benson Cox
                     FAEGRE DRINKER BIDDLE & REATH LLP
                     300 North Meridian Street, Suite 2500
                     Indianapolis, Indiana  46204
                     Telephone:  (317) 237-0300
                     Facsimile:   (317) 237-1000
                     andrea.pierson@faegredrinker.com
                     jessica.cox@faegredrinker.com

                     James Stephen Bennett
                     FAEGRE DRINKER BIDDLE & REATH LLP
                     110 W. Berry Street, Suite 2400
                     Fort Wayne, Indiana  46802
                     Telephone:  (260) 424-8000
                     Facsimile:   (260) 460-1700
                     stephen.bennett@faegredrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe APS*

## CERTIFICATE OF SERVICE

I certify that on September 16, 2022 a copy of the foregoing **COOK'S REPLY IN SUPPORT OF BILL OF COSTS** was filed electronically. Parties may access this filing through the Court's electronic records system.

                                                    */s/ Jessica Benson Cox*
                                                    Jessica Benson Cox