UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS   LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Baker, Robert E., 1:19-cv-03264

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR JUDGMENT IN PLAINTIFF ROBERT E. BAKER'S CASE PURSUANT TO CMO-28**

The Court should dismiss Plaintiff's cause of action in its entirety. Plaintiff's knowledge in 2015 of the injury he now claims (a perforating filter), as well as the successful percutaneous retrieval of the filter, negates his arguments based on the discovery rule and fraudulent concealment under Ohio law.

A.   **The Ohio Discovery Rule Does Not Save Plaintiff's Claims**

Ohio law bars Plaintiff's personal injury claims because he filed his case more than two years after he was diagnosed with a perforating filter and underwent a successful percutaneous retrieval of the filter.[1] Plaintiff does not deny that he knew the filter was perforating his IVC at the time of the percutaneous retrieval in 2015, *see generally* Dkt. 22631, rendering his claims time-barred by over two years, *see* Ohio Rev. Code § 2305.10(A). Instead, Plaintiff argues that Ohio's discovery rule saves his claims because the "mere removal of [a] medical device does not necessarily indicate said product is defective" and "Plaintiff was not clearly informed by competent medical authority of the defective product." Dkt. 22631 at 2. But the timing of Plaintiff's knowledge of a claimed defect in his filter is irrelevant: the Ohio discovery rule is limited to the discovery of **latent injuries**, not knowledge of alleged defects. *See Carter v. Medtronic, Inc.*, No. 2:18-cv-724, 2020 WL 2319729, at *4 (S.D. Ohio May 11, 2020).

The cases Plaintiff cites bear out this distinction. In each case, the court applied the discovery rule based on when the plaintiff knew or should have known that the product at issue had caused the injury claimed. *See Cacciacarne v. G.D. Searle & Co.,* 908 F. 2d 95, 97-98 (6th

---

[1] Plaintiff's express and implied warranty claims fail for the reasons articulated in Cook's opening motion. Dkt. 22577 at 3. Further, contrary to Plaintiff's assertion that he has "presented sufficient evidence in his Complaint to establish . . . [a] consumer protection claim[]," Dkt. 22631, at 3, Plaintiff has not pled a consumer-protection claim at all, let alone pled allegations sufficient to support such a claim. *See* Pl.'s Am. Compl., Dkt. 16367, ¶ 14. And even if Plaintiff had "checked the box" for a consumer-protection claim, this Court has already held that Plaintiffs' Master Complaint does not adequately plead such a claim. Dkt. 14809 at 10.

1

Cir. 1990) (holding the limitations period began to run when plaintiff's doctor told her of infertility caused by defendant's IUD); *O'Striker v. Jim Walter Corp.,* 447 N.E. 2d 727, 732 (1983) (holding limitations period began running when doctor informed plaintiff he had injury caused by asbestos); *Harper v. Eli Lilly & Co.*, 575 F. Supp. 1359 (N.D. Ohio 1983) (holding limitations period began to run when plaintiffs manifested injuries caused by prescription estrogen medication).  In each of these cases, the discovery rule applied because the plaintiffs had no knowledge of their latent injuries and/or no way to connect those injuries to the products at issue.  As Plaintiff here does not deny knowledge of the perforation at the time of the percutaneous filter retrieval—and the causal nexus between the claimed injury and the product at issue is readily apparent—these cases are inapposite.

Indeed, this Court has previously rejected the argument that Plaintiff offers, holding that the Ohio discovery rule applies only in cases involving latent injuries.  *See* Dkt. 18681 (*Thompkins*) (dismissing case under Ohio law and rejecting argument that the limitations period was tolled until plaintiff learned the filter was defective); Dkt. 21837 (*Wharton*) (same).  Here, Plaintiff does not allege that his claimed injury was latent.  To the contrary, Plaintiff does not deny that he knew of his claimed injury, a perforating IVC filter, and of its necessary link to his filter, at the time of the filter's retrieval; the Ohio discovery rule is thus inapplicable.  *See generally* Dkt. 22631; *Carter*, 2020 WL 2319729, at *4.[2]

---

[2] Even if Plaintiff did not know or have reason to know of the caval perforation, his claims would be time-barred based on the date of the successful percutaneous retrieval.  Under Ohio law, removal of a medical device is sufficient to begin the limitations period as a matter of law.  *See, e.g.*, *Griffin v. Am. Med. Sys., Inc.*, 106 F.3d 400 (6th Cir. 1997) (table) (affirming dismissal under Ohio law because "[t]he removal of the prosthesis alerted [the plaintiff] that the prosthesis might be defective").  And this Court dismissed Plaintiff Wharton's claims under Ohio law, finding that he "was on notice of his injury [, a complicated retrieval,] . . . when ***he learned his filter was retrieved***." Dkt. 21837 (emphasis added); *see also* Dkt. 18681 (*Thompkins*) ("Plaintiff was on notice of her injury . . . , when she learned her filter had fractured and that removal was recommended, and, at the latest, by her . . . 'complex' removal surgery.").

**B.      Plaintiff's Fraudulent Concealment Argument is Not Availing**

The allegations of fraudulent concealment in Plaintiff's Amended Short-Form Complaint do not permit him to avoid the statute of limitations, even assuming he had properly pled them.[3] *See* Dkt. 16368.  The "right to claim fraudulent concealment never continues beyond the time that a plaintiff, by exercising ordinary diligence, should have discovered the facts at issue." *Zemick v. Lapine Truck Sales & Equip. Co.*, 706 N.E.2d 860, 865 (Ohio Ct. App. 1998)).  And here, for the reasons discussed above, Plaintiff had enough information at the time of the filter retrieval—at the latest—"to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights."  Dkt. 21837 (*Wharton*) at 4.  Fraudulent concealment therefore cannot save Plaintiff's claims, and the entirety of his case should be dismissed.

---

[3] As stated in Cook's opening motion, Plaintiff's new allegations of fraudulent concealment do not cure the pleading defects the Court identified in its February 22, 2021 order.  *See* Dkt. 22577 at 3 n.2.

Respectfully submitted,

Dated:  September 21, 2022

/s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2022, a copy of the foregoing **DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR JUDGMENT IN PLAINTIFF ROBERT E. BAKER'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*