UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

    Cases listed on attached Exhibits A and B

## THE COOK DEFENDANTS' MOTION FOR
## ORDER TO SHOW CAUSE - JOHNSON LAW GROUP

Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe ApS ("Cook" or "the Cook Defendants") respectfully move the Court to order 190 Plaintiffs represented by the Johnson Law Group to show cause as to why their cases should not be dismissed for failure to comply with Case Management Order 30 ("CMO 30"). The cases at issue are listed on the attached Exhibits A and B. The Court should order Plaintiffs to show cause because:

1. 73 of those Plaintiffs have failed to make a CMO 30 submission at all (Exhibit A); and

2. 117 of those Plaintiffs' submissions are "non-compliant" with the Court's CMO 30 because they do not provide a measurement of > 3 mm protrusion and do not indicate that the IVC filter has penetrated another internal structure or organ (Exhibit B).

I.    **CMO 30 BACKGROUND AND PROCEDURAL HISTORY**

On March 29, 2022, the Court issued Case Management Order No. 30, Dkt 21704, ordering that Plaintiffs who had categorized their claims as Category 7(e) (Symptomatic Perforation) must provide a medical record or expert report proving the claimed categorization. The Court required this confirmation because many of the Category 7(e) Plaintiffs had not provided proof of a Category 7(e) symptomatic injury in response to the Court's earlier orders, particularly the (1) Order on the Cook Defendants' Motion for Screening Order and Bellwether Plan (Dkt. 9322), and (2) Order Regarding Case Categorization and Census (Dkt. 9638). To address that problem, the Court's CMO 30 imposed the following requirements:

1. Plaintiffs who categorized as Category 7(e) shall review the medical evidence submitted with his/her Case Categorization Form and confirm he/she has provided a medical record or expert report supporting (a) IVC filter protrusion "3 or more mm outside the wall of the IVC as demonstrated by imaging," and (b) that the documented protrusion has caused a present physical impairment or physical harm. If a Plaintiff has not previously submitted such evidence with his/her Case Categorization Form, Plaintiff must do so promptly. Plaintiffs shall confirm compliance by emailing Cook Defendants at CookFilterMDL@faegredrinker.com stating they have confirmed the record submitted meets the requirement within 60 days of the date of this Order.

2. Within 90 days of the date of this Order, the Cook Defendants shall submit to the Court and the Plaintiffs Steering Committee a list of all cases in which a Plaintiff has failed to comply with Paragraph 1 (the "Non-Compliant Cases"). The Plaintiffs Steering Committee will have 10 days thereafter to provide any edits or updates to the list to the Court.

3. Should a Plaintiff fail to comply with Paragraph 1 (the "Non-Compliant Cases"), the Cook Defendants may file a Motion to Show Cause why the case should not be dismissed.

Dkt. 21704 at 2-3. The Court noted that the requirements of CMO 30 had been in place and **"remained unchanged since the Court's Categorization Orders were entered on October 2, 2018"** (emphasis added). *Id*.; *see also* Dkt. 13046 (on March 13, 2020, the Court's Categorization

Orders were incorporated as part of Fourth Amended CMO 4).  The Court's CMO 30 required Plaintiffs to comply within 60 days—by May 28, 2022.  This deadline was extended on Plaintiffs' motion to August 26, 2022.  *See*  Dkt. 22258.[1]

On August 31, 2022, Cook notified the Johnson Law Group that 345 of their cases were non-compliant with CMO 30 and that Cook intended to move for an order to show cause why those cases should not be dismissed.  Cook agreed to two additional extensions of time for the Johnson Law Group plaintiffs to comply with CMO 30: first to September 7th, 2022, and then to September 16th, 2022.  Despite these extensions, Johnson Law Group still has 190 non-compliant cases.

As Cook has noted before, such "Lone Pine" orders requiring Plaintiffs in a mass tort to provide basic information and documentation of their claims are well within the Court's authority.  *See, e.g., Alvey v. General Electric Co.*, No. 3:20-cv-263-RLY-MPB, 2021 WL 2012940 (S.D. Ind. Mar. 29, 2021) (adopting Lone Pine order, noting that "'such [*Lone Pine*] orders are issued under the wide discretion afforded district judges over the management of discovery' under Rules 16 and 26 of the Federal Rules of Civil Procedure.") (quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 340 (5th Cir. 2000)); *In re Vioxx Prods. Liab. Litig.*, MDL No. 1657, 2012 U.S. Dist.

---

[1] Cook notes that on August 25, 2022—the day before the extended compliance deadline—the PSC moved the Court to suspend the deadline to comply with CMO 30, this time indefinitely.  *See* Dkt 22585.  Cook opposed this request.  *See* Dkt. 22597.  The existing August 26, 2022, deadline, however, remains undisturbed, and the PSC's motion did not excuse Plaintiffs from complying with that deadline, particularly where Plaintiffs have already had five months to comply and waited until the last day before the deadline to seek relief from it.  *See Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996) (denying plaintiff's third motion for additional time given that the district judge had given "more than double the period of time ordinarily allowed" despite the defendants' objections and noting that "[w]hen parties wait until the last minute to comply with a deadline, they are playing with fire."); *Mustafa-El K.A. Ajala v. Tom*, 2015 U.S. Dist. LEXIS 25288, at *6 (W.D. Wis. Mar. 3, 2015) ("[P]laintiff should not assume that he will receive an extension of time unless he has received the court order granting his request […] If plaintiff has not received a decision from the court by the day his materials are due, then he should assume that his motion will *not* [be] granted and he should submit what he has completed as of that date rather than filing nothing on the assumption that the court will grant his request on some later date.") (emphasis in original)  The PSC's motion to suspend the deadline in the Court's CMO 30 should be denied as moot.

LEXIS 56309, at *5 (E.D. La. Apr. 23, 2012) (noting screening "orders [are] appropriate" because "it is not too much to ask a Plaintiff to provide some kind of evidence to support their claim that [a product] caused them personal injury").

## II. CMO 30'S REQUIREMENTS AND PLAINTIFFS' FAILURE TO COMPLY

The obligation that CMO 30 imposes on individual Plaintiffs is simple and straightforward. CMO 30's first paragraph—the only paragraph that imposes an obligation on individual Category 7(e) Plaintiffs—merely requires that those Plaintiffs either:

- confirm that they have already submitted medical records showing IVC filter protrusion "3 or more mm outside the wall of the IVC" and resulting physical impairment or harm, or

- "promptly" submit a medical record or expert report evidencing compliance.

Dkt. 21704 at 2. Plaintiffs may confirm compliance by simply emailing the Cook Defendants stating they have confirmed that the submitted records meet the Order's requirements. *Id.* at 2-3.[2]

To date, 190 Category 7(e) plaintiffs represented by Johnson Law Group have failed to comply with the Court's Order, either by failing to respond to the Order at all, *see* Exhibit A, or by relying on documentation that does not meet the Court's requirements, *see* Exhibit B.

## ARGUMENT

### III. THE COURT HAS THE AUTHORITY TO ENFORCE ITS ORDERS, INCLUDING DISMISSAL FOR FAILURE TO COMPLY

This Court unquestionably has the power to enforce CMO 30, including the power to dismiss actions by noncompliant Plaintiffs. Beyond the Court's inherent powers, Rules 37, 16,

---

[2] The remainder of CMO 30 imposes no obligations on individual Plaintiffs. The Order's second paragraph imposes administrative duties on Cook and the Plaintiffs' Steering Committee to assemble and report the information submitted under paragraph 1. *Id*. at 3. The Order's final paragraph permits Cook to bring a motion for an order to show cause should any Plaintiff fail to comply with the first paragraph. *Id*. at 2-3.

and 41 provide the Court with specific authority to dismiss the actions of parties who do not comply with its discovery and other procedural orders. Rule 37 provides in relevant part:

> (2) *Sanctions Sought in the District Where the Action Is Pending.*
> (A) *For Not Obeying a Discovery Order.* If a party … fails to obey an order to provide or permit discovery… the court where the action is pending may issue further just orders. They may include the following:
> \*\*\*
> (v) dismissing the action or proceeding in whole or in part…

Fed. R. Civ. P. 37(b)(2)(A). Rule 16 provides similar authority:

> (f) Sanctions.
> (1) *In General.* On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii) [quoted immediately above, including orders of dismissal], if a party or its attorney:
> \*\*\*
> (C) fails to obey a scheduling or other pretrial order.

Finally Rule 41(b) provides that "[i]f the plaintiff fails …to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

These powers are critical to a court's ability to efficiently and effectively manage the litigation before it. As one circuit court noted in discussing Rule 16:

> We are dealing with the matter most critical to the court itself: management of its docket and avoidance of unnecessary burdens on the tax-supported courts, opposing parties or both. The primary purpose of sanctions in this context is to insure reasonable management requirements for case preparation.

*In re Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984).

These concerns are of course even more critical when a court is managing an MDL, as here. As the *In re Zostavax MDL* court noted earlier this year:

> Ensuring obedience to discovery orders in an MDL is paramount. "Sound management of the court's docket ... counsels in favor of sanctions as a deterrent to others, particularly in the context of an MDL proceeding where there are thousands of plaintiffs and tag-along cases are continually being added." of the complaint." [*In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2009) Giving "preferential treatment" to a plaintiff who defies discovery obligations may cause other plaintiffs to "perceive an opportunity to flout the discovery schedule," too. *In re Diet Drugs (Phentermine/Fenfluramine/*

- 5 -

*Dexfenfluramine) Prod. Liab. Litig.*, 30 F. App'x 27, 30 (3d Cir. 2002); *see also In re PPA*, 460 F.3d at 1233–34.

*In re Zostavax (Zoster Vaccine Live) Products Liability Litigation*, 2022 WL 3309471 (E.D. Pa. August 11, 2022) (dismissing action based on plaintiff's failure to serve required plaintiff fact sheet).

IV. **PLAINTIFFS FAILED TO COMPLY WITH CMO 30 BY EITHER (1) FAILING TO MAKE ANY CMO 30 SUBMISSION AT ALL OR (2) FAILING TO SUBMIT ADEQUATE COMPLIANCE MATERIALS**

To date, 190 plaintiffs represented by the Johnson Law Group have failed to comply with CMO 30 either (1) by failing to submit any compliance declarations at all or (2) by submitting incomplete or inadequate medical evidence that does not support their Category 7(e) claims. More specifically:

A. **Non-Responsiveness**

To date, 73 Johnson Law Group Category 7(e) Plaintiffs have failed to submit any compliance confirmation or materials at all. *See* **Exhibit A**.

These Plaintiffs have had over 170 days from the entry of CMO 30 to confirm that the records they should have provided with their original categorizations support a claim of symptomatic perforation within Category 7(e). These Plaintiffs did not do so, and they offer no excuse for their failure. The Cook Defendants therefore respectfully urge the Court to direct these Plaintiffs to show cause as to why their Category 7(e) cases should not be dismissed.

B. **Inadequate Response**

In addition, 117 Johnson Law Group Category 7(e) Plaintiffs attempted to comply with CMO 30, but their compliance attempts were inadequate. *See* **Exhibit B**. Specifically, these

Plaintiffs have failed to provide documentation that the alleged perforations are greater than 3 mm or that they have penetrated an adjacent structure as required by CMO 30.[3]

These Plaintiffs can offer no reason why they have failed to provide or confirm that they have already medical records sufficient to support their Category 7(e) claims. Category 7(e) cases have *always* been "symptomatic injury cases" alleging "symptoms, conditions or complications caused by" "penetration or perforation." Dkt. 9638 at 3-4. Category 7(e) has *always* required a perforation or penetration. Dkts. 9638-1; 21704. And CMO 30 is very clear about the evidence required: Plaintiffs must either (1) confirm that they have already "provided a **medical record or expert report** supporting … **IVC filter protrusion '3 or more mm** outside the wall of the IVC' […] or (2) submit such records now. Dkt. 21704 at 2 (emphasis added).

The Plaintiffs at issue here failed to follow this simple directive. Take, for instance, Plaintiff **Michael Stephenson** (Case No. 1:19-cv-03644). Plaintiff Stephenson categorized his case as Category 7(e) and alleges that he has provided sufficient medical evidence pursuant to CMO 30.[4] The only post-implant medical records Plaintiff provided were CT reports that span several months, which merely note that the filter "struts appear to extend beyond the lumen" and that there is "apparent extension of the [filter] tines beyond the IVC wall." *See* **Tab 1 to Exhibit B**, filed under seal. These records do not provide any measurements of the claimed protrusion nor do they indicate that the IVC protruded into an organ or adjacent structure. *Id*. This evidence is insufficient under CMO 30.

---

[3] The present motion addresses only those Category 7(e) cases from the Johnson firm that fail to document a measurement of > 3 mm protrusion and/or do not indicate that the IVC filter has penetrated another internal structure or organ. There may of course be other Plaintiffs whose documentation does not support the second aspect of a Category 7(e) categorization, that is, a connection between the filter perforation and some physical symptom or injury. Cook continues to analyze the confirmations it has received to date.

[4] Notably, Plaintiff Stephenson initially failed to timely make a CMO 30 submission at all, as evidenced in Cook's August 29, 2022 letter regarding non-compliant cases.

Plaintiff **Melissa Shull** (Case No. 1:18-cv-02228) has also failed to make the showing required to support her Category 7(e) categorization. Plaintiff Shull's August 22, 2011 CT report merely notes that "[t]here is an IVC filter with multiple legs extending through the wall of the IVC." *See* **Tab 2 to Exhibit B**, filed under seal. Additional imaging reports provided state simply that the filter is in place and in adequate position. *See, e.g.*, *id*. ("IVC filter is again evident and appears adequate and stable in position" (02/23/2011); "IVC filter in place just below the level of the renal veins" (08/26/11); "IVC filter is present at the L3 level" (08/30/2011)). No perforation measurements are provided in any of Plaintiff Shull's records. *Id*. Thus, Plaintiff Shull also fails to meet CMO 30's requirement of confirmation that the evidence provided shows IVC filter protrusion "3 or more mm outside the wall of the IVC." Dkt. 21704 at 2.

Similarly, Plaintiff **Mirta Quinones** (Case No. 1:19-cv-03942), has failed to submit adequate support for her claims per CMO 30. Plaintiff Quinones provided a CT report containing no IVC filter protrusion measurements at all. *See* **Tab 3 to Exhibit B**, filed under seal. Nor do the records submitted indicate that the IVC protruded into an organ or adjacent structure. Instead, Plaintiff Quinones' records state that "lateral and posterior struts extend beyond the walls of the IVC … abutting the right ureter." *Id*. This language is insufficient to comply with CMO 30, which requires evidence of filter protrusion "3 or more mm outside the wall of the IVC." Dkt. 21704 at 2.[5] Cook identified Plaintiff Quinones as non-compliant in its letter to Johnson Law Group on August 29, 2022, putting the firm on notice of Plaintiff Quinones' non-compliance. Despite such notice, Plaintiff Quinones is still not compliant with CMO 30.

---

[5] Moreover, while Cook agreed that Plaintiffs need not provide additional certification where the medical records show that a strut or anchor has also penetrated into another organ (Dkt. 21966, at 3; Dkt. 21966-2), "[i]f the record suggests a strut is merely "nearby" or "abuts" one of those structures, proof of length of 3 mm and an accompanying injury will still be required." *Id*.

In sum, the listed Category 7(e) Plaintiffs represented by the Johnson Law Group have not complied with CMO 30, or have provided inadequate evidence to support their claims. *See* **Exhibits A and B**. Either way, these Plaintiffs are "non-compliant" with CMO 30 and should be ordered to show cause as to why their cases should not be dismissed. These illustrative examples from the Johnson Law Group of course represent only a small fraction of the MDL-wide case analysis that CMO 30 requires the Cook Defendants to undertake to address the **4,692** Category 7(e) Plaintiffs in this MDL.

### C. THE COURT SHOULD DISMISS PLAINTIFFS' ACTIONS

Given the background of this Category 7(e) issue, Cook submits that dismissal of these Plaintiffs' actions is the only suitable remedy for their noncompliance with CMO 30. A variety of factors support dismissal here:

- The failure to comply is the sole responsibility of the individual Plaintiffs or their attorneys. *See McLaughlin v. Bayer Essure Inc.*, Civ. A. No. 16-2154, 2018 WL 10878125, at *3 n.5 (E.D. Pa. Feb. 7, 2018) (dismissing actions, concluding "that Plaintiffs bear sole responsibility for their failure to timely produce Fact Sheets"); *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prod. Liab. Litig.*, MDL No. 14-2502, 2015 WL 12844447, at *2 (D.S.C. June 19, 2015) (dismissing actions, noting "[t]he information requested should be readily available to Plaintiffs, and Plaintiffs bear responsibility for their failure to adequately supply such information.").

- The lack of information prejudices the Cook Defendants. *See In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prod. Liab. Litig.*, No. 2:14-3287, 2015 WL 12844447, at *2 (D.S.C. June 19, 2015); ("These Plaintiff Fact Sheets are basic facts needed for Pfizer to assess the quality of these cases, and failure to

- 9 -

provide such information prejudices Pfizer in this litigation"); *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.,* 460 F.3d 1217, 1234 (9th Cir. 2009) ("[T]he purpose of the Plaintiff's Fact Sheet was to give each defendant the specific information necessary to defend the case against it, and that without this device, a defendant was unable to mount its defense because it had no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint.").

- The fact that Plaintiffs' noncompliance occurs in the context of an MDL magnifies the prejudice to Cook, and also creates prejudice to *compliant* plaintiffs. *See, e.g., Gaydos v. Guidant Corp. (In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.),* 496 F.3d 863, 867 (8th Cir. 2007) ("Given the time pressure on a defendant that must investigate the claims of nearly 1,400 plaintiffs, we consider the danger of prejudice substantial."); *see also In re Lipitor*, 2015 WL 12844447, at *2 ("Plaintiffs' delay also impacts the other approximately 5,000 plaintiffs in this litigation 'by unfairly diverting the time and attention of the court away from their timely claims to that of [these plaintiffs].'") (quoting *In re Guidant Corp.,* 496 F.3d at 867).

- Plaintiffs have had over five months to comply with CMO 30, including a 90-day formal extension and two shorter informal extensions, one of which was at their request. Aggravating this factor, CMO 30 did not even require any new information; it simply required Category 7(e) Plaintiffs to confirm that they had in fact provided the documentation that the Court's earlier orders already required them to serve with their original categorization forms. *See McLaughlin*, 2018 WL

- 10878125, at *3 n.5 (noting that dismissed plaintiffs had multiple extensions and over seven months to submit the required fact sheets).

- Finally, Plaintiffs cannot claim surprise at the threat of dismissal. CMO 30 itself specifically provides that, if a Plaintiff fails to comply with the Order, "the Cook Defendants may file a Motion to Show Cause why the case should not be dismissed." Dkt. 21704 at 2-3; *see also about* <u>In re Cook Med., Inc.,</u> 27 F.4th 539, 541 (7th Cir. 2022) (affirming Court's denial of motion to reconsider dismissal bases on failure to serve required profile form).

Plaintiffs' failure to comply with CMO 30 represents yet another example of Plaintiffs' attempts to divert the focus of this MDL, further delay its progress, and prevent the dismissal of the meritless cases that are in large part responsible for that delay. The Court should not countenance Plaintiffs' barefaced disregard of its orders, and should direct the Plaintiffs to show cause why their cases should not be dismissed for failure to comply with CMO 30.

## CONCLUSION

This is not an ordinary discovery dispute in which one party has made a production request and the opposing party has failed to respond. *There is already an order in place*: Case Management Order 30, which mandates that Plaintiffs must either (1) confirm that they have already "provided a medical record or expert report supporting (a) IVC filter protrusion '3 or more mm outside the wall of the IVC' […] and (b) that the documented protrusion has caused a present physical impairment or physical harm" or (2) ["promptly"] submit such records now. Dkt. 21704 at 2. Nevertheless, and despite the Court's warning in CMO 30 itself that noncompliance would invite dismissal, the 190 listed Plaintiffs have failed to comply with the Court's Order.

Therefore, for the reasons discussed above, the Cook Defendants respectfully move the Court to order these Plaintiffs to show cause why their Category 7(e) case should not be dismissed for violation of CMO 30.

Dated: September 23, 2022

                                           Respectfully submitted,

/s/  Jessica Benson Cox
Andrea Roberts Pierson
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:	(317) 237-0300
Facsimile:	(317) 237-1000
andrea.pierson@faegredrinker.com
jessica.cox@faegredrinker.com


James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:	(260) 424-8000
Facsimile:	(260) 460-1700
stephen.bennett@faegredrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe APS*

## CERTIFICATE OF SERVICE

I certify that on September 23, 2022, a copy of the foregoing **THE COOK DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE - JOHNSON LAW GROUP** was filed electronically. Parties may access this filing through the Court's electronic records system.

/s/ Jessica Benson Cox<br>
Jessica Benson Cox