UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC.,<br>IVC FILTERS MARKETING, SALES<br>PRACTICES AND PRODUCTS<br>LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Cases listed on attached Exhibits A and B

**[PROPOSED] ORDER TO SHOW CAUSE - JOHNSON LAW GROUP**

Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe ApS ("Cook" or "the Cook Defendants") have moved the Court under Case Management Order 30, Dkt. 21704, for an order directing certain Plaintiffs represented by the Johnson Law Group to show cause why their Category 7(e) cases should not be dismissed for failure to comply with CMO 30. The Court grants Cook's motion, as set forth below.

**BACKGROUND AND PROCEDURAL HISTORY**

On March 29, 2022, the Court issued Case Management Order No. 30, Dkt 21704. CMO 30 ordered Plaintiffs who had categorized their claims as Category 7(e) to confirm that the medical records submitted to date supported that categorization. CMO 30 states:

> Plaintiffs who categorized as Category 7(e) shall review the medical evidence submitted with his/her Case Categorization Form and confirm he/she has provided a medical record or expert report supporting (a) IVC filter protrusion "3 or more mm outside the wall of the IVC as demonstrated by imaging," and (b) that the documented protrusion has caused a present physical impairment or physical harm. If a Plaintiff has not previously submitted such evidence with his/her Case Categorization Form, Plaintiff must do so promptly. Plaintiffs shall confirm compliance by emailing Cook Defendants at CookFilterMDL@faegredrinker.com

stating they have confirmed the record submitted meets the requirement within 60 days of the date of this Order.

Dkt. 21704 at 2. The original deadline for compliance with this requirement was May 28, 2022, *see id.*, but the Court extended the deadline to August 26, 2022. *See* Dkt. 22258.

## PLAINTIFFS' FAILURE TO COMPLY WITH CMO 30

Based on the parties submission, the Court finds that the Plaintiffs listed on the attached Exhibit A failed by the August 26, 2022, deadline to send the required email to Cook's attorneys either (1) confirming that they have previously provided documentation showing IVC filter protrusion "3 or more mm outside the wall of the IVC" or IVC filter penetration of an internal structure or organ or (2) providing such documentation.

The Court also finds that the Plaintiffs listed on the attached Exhibit B have to date failed to provide documentation demonstrating either (1) IVC filter protrusion 3 or more mm outside the wall of the IVC or (2) IVC filter penetration of an internal structure or organ as required by CMO 30.

Based on these factual findings, the Court holds that the Plaintiffs listed on the attached Exhibits A and B have failed to timely comply with the requirements of CMO 30.

CMO 30's final paragraph permits Cook to bring a motion for an order to show cause should any Plaintiff fail to comply with the first paragraph. Dkt. 21704 at 3. Cook has brought such a motion as to the Plaintiffs listed on Exhibits A and B.

## DISCUSSION

The Court grants Cook's motion as to the Plaintiffs listed on the attached Exhibits A and B. The Rules of Civil Procedure grant the Court the authority to enforce its case management and discovery orders, including by the dismissal of the actions of noncompliant Plaintiffs, and the Court therefore necessarily has the authority to issue orders to show cause why it should not enter

dismissals on such grounds. *See, e.g.,* Fed. R. Civ. P. 16(f)(1)(c), 37(b)(2)(A), 41(b); *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2009); *In re Diet Drugs (Phentermine/Fenfluramine/ Dexfenfluramine) Prod. Liab. Litig.*, 30 F. App'x 27, 30 (3d Cir. 2002); *In re Zostavax (Zoster Vaccine Live) Products Liability Litigation*, 2022 WL 3309471 (E.D. Pa. August 11, 2022) (dismissing action based on plaintiff's failure to serve required plaintiff fact sheet).

Several factors make dismissal the appropriate remedy for these Plaintiffs' failure to comply with CMO 30:

- The failure to comply is the sole responsibility of the individual Plaintiffs or their attorneys. *See McLaughlin v. Bayer Essure Inc.*, Civ. A. No. 16-2154, 2018 WL 10878125, at *3 n.5 (E.D. Pa. Feb. 7, 2018) (citing "the extent of the party's personal responsibility" as among factors to consider in considering dismissal as sanction for noncompliance) (quoting *Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017)).

- The failure to provide the required information prejudices the Cook Defendants. *See In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prod. Liab. Litig.*, No. 2:14-3287, 2015 WL 12844447, at *2 (D.S.C. June 19, 2015); *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2009).

- Plaintiffs' noncompliance in the MDL context magnifies the prejudice to Cook, and also creates prejudice to *compliant* plaintiffs. *See, e.g., Gaydos v. Guidant Corp. (In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.),* 496 F.3d 863, 867 (8th Cir. 2007); *In re Lipitor*, 2015 WL 12844447, at *2.

- Plaintiffs have had over five months to comply with CMO 30, including a 90-day extension granted at their request. *See McLaughlin*, 2018 WL 10878125, at *3 n.5.[1]

- CMO 30 did not require any new information; it simply required Category 7(e) Plaintiffs to confirm that they had in fact provided the documentation that the Court's earlier orders already required them to serve with their original categorization forms.

- Finally, Plaintiffs cannot claim surprise at the threat of dismissal. CMO 30 itself specifically provides that, if a Plaintiff fails to comply with the Order, "the Cook Defendants may file a Motion to Show Cause why the case should not be dismissed." Dkt. 21704 at 2-3.

For these reasons,

**IT IS HEREBY ORDERED:**

1. That the Cook Defendants' motion is granted as to all the Plaintiffs whose cases are listed on the attached Exhibits A and B.

2. Not later than _____, 2022, the Plaintiffs whose cases are listed on the attached Exhibits A and B shall file with the Court a submission showing cause why their actions should not be dismissed with prejudice for failure to comply with CMO 30.

3. All Plaintiffs whose cases are listed on the attached Exhibits A or B and who do not make the required submission by _____, 2022, shall have their actions dismissed with prejudice.

4. To assist the Court in executing the dismissals contemplated by paragraph 3 above, Cook's attorneys shall submit a list of all the plaintiffs named in Exhibits A and B who fail to

---

[1] Cook also gave the Johnson Law Group two additional informal extensions until September 16, 2022 to bring clients into compliance.

comply with the deadline outlined in paragraph 3. Cook shall submit this list not later than two weeks after _____, 2022.

**SO ORDERED** this ____ day of _____ 2022.

                                                      _____
                                                      RICHARD L. YOUNG, JUDGE
                                                      United States District Court
                                                      Southern District of Indiana

Distribution to all electronically registered counsel of record via CM/ECF.