UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND              Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION               MDL No. 2570
_____

This Document Relates Only to the Following Cases:

Molina, Janet, 1:22-cv-06854
_____

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT
IN PLAINTIFF JANET MOLINA'S CASE PURSUANT TO CMO-28**

Texas law bars Plaintiff's claims. Neither the express-warranty exception nor the latent-disease exception saves Plaintiff's claims from the Texas statute of repose, and the Court should reject Plaintiff's invitation to create a new exception to the statute of repose for medical devices.

**A.    The Express-Warranty Exception Does Not Save Plaintiff's Claims**

Plaintiff alleges "fact issues" preclude judgment under Texas's express-warranty exception to the Texas statute of repose. Plaintiff is mistaken.[1] "Ordinarily, a statute of repose is jurisdictional and, when raised as an affirmative defense, presents ***a question of law***." *Rossmann v. Johnson & Johnson*, 2021 WL 8055681, at *1 (W.D. Tex. Nov. 26, 2021) (citation omitted) (emphasis added). Although Plaintiff identifies examples of alleged express warranties concerning the filter's capacity for lifetime use (albeit through reference to ***another Plaintiff's briefing***),[2] she does not identify any disputed facts. *See id.* at 1-2. The Court may therefore decide the issue as a matter of law. *See, e.g.*, *Belmonte v. Baxter Healthcare Corp.*, 2002 WL 560996, at *4 (Tex. App. Apr. 16, 2002) (finding as a matter of law that promise did not create an express warranty).

Moreover, none of the language Plaintiff cites in her proffered extrinsic evidence creates an "express warranty" for purposes of the statute of repose. The Patient Guide states:

> The Gunther Tulip™ Vena Cava Filter is often used as a permanently implanted device. Patients are able to lead a normal, active lifestyle, and rarely have complications from having the filter implanted. The Gunther Tulip™ Vena Cava Filter may also be removed if your risk of pulmonary embolism has diminished. However, there is a limited amount of time that the filter can be implanted if it is to be safely removed. Please consult with your physician to see if he or she plans

---

[1] Plaintiff asserts that she need not adequately plead an express-warranty claim to obtain the benefit of the express-warranty exception. *See* Dkt. 22721 at 1. This Court has already rejected Plaintiff's argument. *See* Dkt. 4918 at 14-15; *see also* Dkt. 18667. Plaintiff's express-warranty claim thus fails for the reasons articulated in Cook's opening motion. *See* Dkt. 22630. Indeed, Plaintiff still does not claim that she relied upon any of Cook's alleged representations ***prior*** to her filter placement.
[2] Although the Tulip Patient Guide Plaintiff quotes is not part of Plaintiff's pleadings, the Court may consider the document by converting the motion to one for summary judgment. *See* Fed. R. Civ. P. 12(d).

>to retrieve the filter or leave it in. Remember, the Gunther Tulip™ Vena Cava Filter is safe and effective as either a permanent or temporary device.

Dkt. 21176-3. No fair reading of this passage could create a reasonable inference Cook "expressly warrant[ed] in writing that the product has a useful safe life of longer than 15 years." Tex. Civ. Rem. & Prac. Code § 16.012(c).[3] Courts have rejected express-warranty claims under Texas law premised on language stronger than that on which Plaintiff relies here. *See Belmonte*, 2002 WL 560996, at *4 (finding promise product "should last a lifetime" did not create an express warranty); *Roy v. Armco, Union Wire Rope Div.*, 636 F. Supp. 839, 840-41 (E.D. Tex. 1986) (finding promise product was "designed for long life" did not create an express warranty).

**B.     The Latent-Disease Exception Does Not Save Plaintiff's Claims**

The latent-disease exception to the Texas statute of repose, Tex. Civ. Prac. & Rem. Code § 16.012(d), also does not save Plaintiff's claims. Latent disease cases "'ordinarily arise' in one of three situations: occupational disease, medical malpractice, and pharmaceutical side effects." *Brown v. Exactech, Inc.*, 376 F. Supp. 3d 811, 817 (E.D. Tenn. 2019) (discussing Texas law). "Medical device failures are not the prototypical latent injury [or disease] situation." *Id.*

Under § 16.012(d)'s plain language, the exception does not apply to medical device cases. The statute mentions neither medical devices nor the types of injuries that ordinarily arise from them; it addresses only *diseases* resulting from *exposure* to a product. Thus, nothing in the statute justifies extending the exception to medical device claims, let alone device claims alleging a latent injury rather than a latent disease. *See Sorokolit v. Rhodes*, 889 S.W.2d 239, 241 (Tex. 1994) (holding "courts may not by implication enlarge the meaning of any word in the

---

[3] Plaintiff points to language (without context) from Cook Medical's *current* website. *See* Dkt. 21721 at 2. This language is irrelevant. Only representations upon which Plaintiff relied at the time of filter placement are relevant to the express-warranty inquiry. *See* Dkt. 4918 at 14-15 (requiring plaintiff to prove reliance for application of the express-warranty exception). Plaintiff makes no showing that the website existed in its current form (or even existed at all) when her filter was placed *over 18 years ago*.

statute beyond its ordinary meaning"). The Court should reject Plaintiff's invitation to enlarge the latent-disease exception beyond its plain meaning. *See id.*

Further, despite Plaintiff's assertion, the *Brown* court did **not** apply the latent-disease exception to a medical device. It held the exception did not "fit the facts." 376 F. Supp. 3d at 819. And the court expressed concern that permitting the exception would swallow the rule:

> [T]o hold otherwise would create an exception that swallows the rule. This is likely not the first case where a medical device manufacturer has sold a product to a doctor who immediately uses it for a joint replacement, and the product (unfortunately) fails many years down the line. Indeed, one could assume that in most cases, there is a temporal separation between exposure to a defective medical device and its failure. If the Court were to rule that Plaintiff could claim the benefit of § 16.012(d), it would effectively create a "medical device exception" for an otherwise strict statute of repose. There is no evidence the Texas legislature intended this outcome.

*Id.* Plaintiff cites no decision adopting her view that the latent-disease exception applies to medical devices, and the Court should reject her argument.

### C. The Court Should Not Adopt a New "Medical Device Discovery Rule"

Finally, the Court should reject Plaintiff's invitation to create a new exception for medical device failures that may be difficult to discover. *See* Dkt. 21721 at 3. Texas courts have not adopted such a rule, and the very case on which Plaintiff relies demonstrates that Texas courts would not do so. *See Methodist Healthcare Sys. of San Antonio, Ltd., L.L.P. v. Rankin*, 307 S.W.3d 283, 286 (Tex. 2010) (noting "a statute of repose is not subject to judicially crafted rules of tolling or deferral"). Plaintiff's sole argument for her proposed exception is that § 16.012 is not explicitly a statute of repose. But the cases Plaintiff cite, as well as many Texas decisions, all refer to § 16.012 as a statute of repose. *See generally Brown*, 376 F. Supp. 3d 811; *see also Stevenson v. Ford Motor Co.*, 608 S.W.3d 109, 120 (Tex. Civ. App. 2020). The Court should reject Plaintiff's proposed new "medical device discovery rule" for the Texas statute of repose.

3

        Respectfully submitted,

Dated: October 5, 2022        /s/ *Jessica Benson Cox*
        Jessica Benson Cox
        Andrea Roberts Pierson
        FAEGRE DRINKER BIDDLE & REATH LLP
        300 North Meridian Street, Suite 2500
        Indianapolis, Indiana 46204
        Telephone: (317) 237-0300
        Andrea.Pierson@FaegreDrinker.com
        Jessica.Cox@FaegreDrinker.com

        James Stephen Bennett
        FAEGRE DRINKER BIDDLE & REATH LLP
        110 West Berry Street, Suite 2400
        Fort Wayne, Indiana 46802
        Telephone: (260) 424-8000
        Stephen.Bennett@FaegreDrinker.com

        *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2022, a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT IN PLAINTIFF JANET MOLINA'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

        /s/ *Jessica Benson Cox*

.