# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

——————————————————————

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                   Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                                    MDL No. 2570

——————————————————————

This Document Relates to:

Stephenson, Michael – 1:19-cv-03644
Shull, Melissa – 1:18-cv-02228
Quinones, Mirta – 1:19-cv-03942

——————————————————————

## THE COOK DEFENDANTS' MOTION TO MAINTAIN UNDER SEAL
## TABS 1-3 OF EXHIBIT B TO MOTION FOR ORDER TO SHOW CAUSE

Pursuant to Local Rule 5-11(d)(2)(A), the Cook Defendants[1] respectfully move the Court

to maintain under seal **Tabs 1-3 of Exhibit B [Dkt. Nos. 22718, 22719, and 22720]** to the Cook

Defendants' Motion for Order to Show Cause – Johnson Law Group [Dkt. No. 22717] in order to

protect the above-captioned plaintiffs' respective interests in their medical privacy.  In support of

this motion, the Cook Defendants state:

## LEGAL STANDARD

1.      Under Federal Rule of Civil Procedure 26(c)(1)(G), the court may, "for good

cause," enter an order "requiring that a trade secret or other confidential research, development,

or commercial information not be revealed or be revealed only in a specified way."  *See also*

*Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002) (documents

that "meet the definition of trade secret or other categories of bona fide long-term

confidentiality" may be sealed).  Likewise, private health information should be maintained

---

[1]   The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS (collectively, the "Cook Defendants" or "Cook").

under seal at least until consent by the patient is obtained.  *See generally Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017).

2.      **Medical Privacy** – With respect to medical information, courts in the Seventh Circuit have routinely recognized that, while parties' medical information may be made public where it is relevant to the claims at issue and/or necessary to the disposition of the case, other information may be kept under seal with good cause.  *See Westedt v. Franklin,* 2016 WL 2997504, at *1 (E.D. Wis. May 23, 2016); *Gibson v. Milwaukee Cnty.*, 2015 WL 12964665, at *1 (E.D. Wis. Mar. 26, 2015); *Noe v. Carlos,* 2008 WL 5070463, at *3 (N.D. Ind. Nov. 26, 2008).  The good cause inquiry thus requires balancing a party's acknowledged interest in medical privacy, *see Whalen v. Roe*, 429 U.S. 589, 599-600 (1977), against the Court's (and parties') interest in the accurate resolution of the conflict and the public interest in transparency.  *Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017).  Private health information should be maintained under seal at least until consent by the patient is obtained.  *See generally id.* at *3.

3.      The "good cause" standard under Rule 26(c) "requires a balancing of the potential harm to the litigants' interests against the public's right to obtain information concerning judicial proceedings." *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 415-16 (S.D. Ind. 2001) (Baker, J.); *see also Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003) ("The rule essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding annoyance, embarrassment, oppression, or undue burden or expense.") (Baker, J.).  Consistent with the doctrine discussed earlier, however, "the presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution'; other materials that may have crept into the record are not subject to the

presumption." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (citing *Baxter Int'l*, 297 F.3d at 548)).

### DOCUMENTS SOUGHT TO BE SEALED

4.      **Tabs 1-3 to Exhibit B [Dkt. Nos. 22718, 22719, and 22720]** contain medical records for Plaintiffs Michael Stephenson, Melissa Shull, and Mirta Quinones.  These exhibits constitute medical privacy documents since they contain details concerning Plaintiffs' respective private medical care.  Therefore, these exhibits should be maintained under seal to protect the medical privacy of Plaintiffs Michael Stephenson, Melissa Shull, and Mirta Quinones.

### DISCUSSION

5.      **Tabs 1-3 to Exhibit B [Dkt. Nos. 22718, 22719, and 22720]** contain documents and information on the medical care and treatment of Plaintiffs Michael Stephenson, Melissa Shull, and Mirta Quinones.

6.      As set forth above, courts in the Seventh Circuit have routinely recognized that, while parties' medical information may be made public where it is relevant to the claims at issue and/or necessary to the disposition of the case, other information may be kept under seal with good cause.  *See Westedt v. Franklin*, 2016 WL 2997504, at *1 (E.D. Wis. May 23, 2016); *Gibson v. Milwaukee Cnty.*, 2015 WL 12964665, at *1 (E.D. Wis. Mar. 26, 2015); *Noe v. Carlos*, 2008 WL 5070463, at *3 (N.D. Ind. Nov. 26, 2008).  The good cause inquiry thus requires balancing a party's acknowledged interest in medical privacy, *see Whalen v. Roe*, 429 U.S. 589, 599–600 (1977), against the Court's (and parties') interest in the accurate resolution of the conflict and the public interest in transparency. *Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017).

7.        **Tabs 1-3 to Exhibit B [Dkt. Nos. 22718, 22719, and 22720]** contain private,

sensitive medical information regarding Plaintiffs Michael Stephenson, Melissa Shull, and Mirta

Quinones.

8.        *Out of an abundance of caution,* the Court should permit these exhibits to be filed

and maintained under seal until these respective plaintiffs consent to what should be disclosed.

9.        A proposed order granting this Motion has been filed with this Motion.

WHEREFORE, the Cook Defendants respectfully urge the Court to enter an order

granting the Cook Defendants leave to file under seal and maintaining under seal **Tabs 1-3 to**

**Exhibit B [Dkt. Nos. 22718, 22719, and 22720]** to the Cook Defendants' Motion for Order to

Show Cause – Johnson Law Group [Dkt. No. 22717].


                                        Respectfully submitted,


Dated:  October 7, 2022                 */s/ Andrea Roberts Pierson*
                                        Andrea Roberts Pierson, Co-Lead Counsel
                                        Jessica Benson Cox
                                        FAEGRE DRINKER BIDDLE & REATH LLP
                                        300 North Meridian Street, Suite 2500
                                        Indianapolis, Indiana  46204
                                        Telephone:  (317) 237-0300
                                        Andrea.Pierson@FaegreDrinker.com
                                        Jessica.Cox@FaegreDrinker.com

                                        James Stephen Bennett, Co-Lead Counsel
                                        FAEGRE DRINKER BIDDLE & REATH LLP
                                        110 West Berry Street, Suite 2400
                                        Fort Wayne, Indiana  46802
                                        Telephone: (260) 424-8000
                                        Stephen.Bennett@FaegreDrinker.com

                                        *Counsel for Defendants Cook Incorporated,*
                                        *Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2022 a copy of the foregoing **The Cook Defendants'**

**Motion to Maintain Under Seal Tabs 1-3 of Exhibit B to Motion for Order to Show Cause**

was filed electronically, and notice of the filing of this document will be sent to all parties by

operation of the Court's electronic filing system to CM/ECF participants registered to receive

service in this matter.  Parties may access this filing through the Court's system.


*/s/ Andrea Roberts Pierson*