# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| **IN RE: COOK INCORPORATED, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates to:**<br><br>**All Cases Listed on Cook's Original Ex. A and B to Dkt. 22717** | **Case No. 1:14-ml-2570-TAB**<br><br>**MDL No. 2570** |

### JOHNSON LAW GROUP'S RESPONSE TO
### COOK DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE

Plaintiffs, represented by Johnson Law Group ("JLG"), do not waive any of the objections to CMO 30 previously filed by the PSC regarding CMO 30 by filing this response and respectfully request the Court to deny the Cook Defendants' ("Cook") improper and premature motion for failure to comply with Case Management Order (Dkt. 21704) ("CMO 30"). Cook has provided the Court with inaccurate, unfounded, and exaggerated information. By filing this Show Cause Order, Cook has wasted both the Court's and Plaintiffs' time and resources. The spreadsheets provided by Cook as Exhibits are not properly numbered and provide a skewed picture of the facts, unsupported by the actual evidence provided by JLG. Additionally, all the Plaintiffs listed on Cook's Exhibit A to its Motion to Show Cause have submitted a certification of compliance and additional imaging and/or medical records and/or an updated Case Categorization Forms ("CCF") to Cook. Furthermore, a large number of Plaintiffs listed on Exhibit B attribute other injuries to the Cook filter and should not be subject to possible dismissal because these Plaintiffs have

1

multiple claims and dismissal is a violation of their due process rights[1]. Finally, this motion—arguing Plaintiffs violate CMO 30—defies the terms of CMO 30 itself; therefore, the Court should reject Cook's attempts at distraction and delay under the guise that this advances the litigation when in fact it only hinders the resolution of this MDL.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs agree with Cook's representations of the procedural history and background of CMO 30, other than their unnecessary emphasis and yet at the same time, blatant omission of the details of its communications with JLG regarding compliance with CMO 30. On August 31, 2022, Cook provided a letter to JLG listing 345 Plaintiffs, who Cook believed were not compliant with CMO 30. On that list were several Plaintiffs who were clearly compliant. For example, there were multiple cases where the filter perforation measurement was in centimeters and not millimeters.[2] *See, e.g.,* [Lynne Magee (1:20-cv-00601); Roger Mulcahy (1:20-cv-01015)]. Secondly, Cook provided JLG three lists: List A included Plaintiffs who allegedly did not certify compliance with CMO 30; List B included Plaintiffs who allegedly did not provide enough evidence dictating a perforation of > 3 mm; and List C included cases which were "under review".[3]  On September 9, 2022, JLG asked Cook to provide an updated list of allegedly non-compliant cases, including those that were on List C that were being reviewed,  since JLG had cured approximately 171 purportedly non-compliant cases, Cook failed to respond. JLG understood this meant that they were still reviewing CCFs and medical records and would update JLG accordingly, however, this did not occur before Cook filed its Motion for Order to Show Cause on September 23, 2022. Dkt. 22717.

[1] *See* Exhibit 1 naming the Plaintiffs on Cook's Exhibit B who also have suffered from additional injuries due to their implanted Cook IVC filter, including but not limited to attempted removals, fractures, pulmonary embolisms, and occlusion. (Note the Plaintiffs on Exhibit 1 are not duplicative of the Plaintiffs on Exhibit 3, however many of the Plaintiffs on Exhibit 3 also have multiple claims).
[2] JLG promptly alerted Cook of this error and also converted the measurement into millimeters to alleviate any further confusion.
[3] *See* Exhibit 2.

On the same day, Cook submitted an incomplete list of allegedly non-compliant Plaintiffs to the Plaintiff's Steering Committee ("PSC") stating that the list was only preliminary and that Cook would provide a final list by October 7, 2022.  The list provided to the PSC on September 23, 2022, included the JLG cases subject to the current motion. On October 4, 2022, JLG and members of the PSC held a telephonic meet and confer with counsel for Cook. JLG asked for clarification as to why Cook violated CMO 30's clear instructions that Cook must provide a complete list of what Cook believes were non-compliant cases to the Court and the PSC, *before* filing any Motions to Show Cause. Cook stated it was given permission, by the Court[4], to file the present Show Cause Order Motion against JLG specifically and to ignore CMO 30's procedural mandates in doing so CMO 30 requires Cook to file a complete list of non-compliant- cases, CMO 30 (2), which triggers the PSC's opportunity to offer edits or updates to the list after which Cook may file a Motion to Show Cause in the appropriate case, CMO  30. (3) It is undisputed that Cook failed to provide the final list of "non-compliant cases" at the time this Show Cause was filed (9/23/2022).

Significantly, JLG requested a short extension to cure the deficiencies in List A and clarify the claims for the Plaintiffs in list B, and requested Cook remove the Plaintiffs claiming other injuries in addition to perforation from the show cause order; Cook declined. On October 5, 2022, JLG provided a list of Plaintiffs, named on Exhibit B, who JLG believes were mistakenly identified as not complying with CMO 30[5], and requested Cook remove those cases from Exhibit B, however Cook has not yet provided any update to JLG regarding these cases.

---

[4] JLG believes Cook broadly interpreted the Court's instructions and violated the Court's clear mandates already set out in CMO 30.
[5] The spreadsheet named plaintiffs in four different groups: Plaintiffs who have organ perforation due to the filter, Plaintiffs who have medical records dictating a 3mm or more perforation, Plaintiffs whose CCFs were amended, and Plaintiffs, whose cases were dismissed. Exhibit 3.

## II.     ARGUMENT

### A.  COOK'S SHOW CAUSE ORDER IS PREMATURE

Since June 27, 2022, Plaintiffs have requested a hearing, to obtain guidance from the Court, in light of the additional evidence and expert opinions the Plaintiffs provided regarding IVC Filter perforation in support for its motion for reconsideration of CMO 30 to ensure compliance with the Court's order. However, no hearing has been granted. Cook's Motion to Show Cause asks the Court to ignore the additional evidence and expert declarations Plaintiffs provided in their Motion to Reconsider regarding the findings of fact and ambiguities of CMO 30[6]. Experts have opined that the SIR guidelines are not an absolute rule and should not be used, as Cook does here, as a "legal standard of care." Dkt. 22064-4 at 4. Cook ignores this and uses these guidelines as a "bright line" rule, with respect to IVC filter perforations, building a narrative that compliance with CMO 30 is simple and unambiguous, which, as dictated in more detail below, and as previously argued in the PSC's Motion for Reconsideration, is untrue. Secondly, Cook's motion ignores the only rules it was supposed to follow. Cook bypassed the one requirement it had and decided to file this motion despite the Court's very easy procedural timeline for filing a Motion to Show Cause for violation of CMO 30. Per those instructions, Cook was supposed to provide to the Court and the PSC a list of all cases in which a Plaintiff failed to comply with CMO 30. Dkt. 21704 at 3. Instead, on September 23, 2022, Cook provided a preliminary list to the PSC, (and only of Plaintiffs who allegedly failed to "confirm compliance") stating that it was not finalized, and that Cook would provide a more substantive list by October 7, 2022. That same day, Cook filed the Motion for an Order to Show Cause against JLG, without providing a complete list of allegedly non-compliant cases to either the PSC or to JLG. Cook doesn't deny this fact. Cook states that the present motion

---

[6] JLG incorporates herein all arguments and supporting exhibits made in Dkt. 22064 and Dkt. 22264.

only addresses some and not all of the Plaintiffs represented by JLG. Dkt. 22717 at 7 fn. 3. Cook is the non-compliant party. JLG noted this, in its Meet and Confer with Cook, on October 4, 2022 and asked if Cook would like additional time to provide a more substantive, and complete list of allegedly non-compliant cases to JLG to resolve as to not waste the Court's time and resources. Cook refused JLG's offer. While the Court and Plaintiffs want to move this MDL forward, the process Cook has presented shows the opposite and in practice is causing more delay and impediments to resolution. Cook has even stated it has not finished analyzing these cases, therefore nothing is stopping them from putting these same Plaintiffs on another motion for show cause later for the same or additional reasons. *Id.* This duplicative and inefficient process will only delay the MDL further and does not encourage resolution.

The cases Cook lists as non-compliant are great examples as to why CMO 30 is ambiguous and unworkable. Cook's motion confirms the PSC's predictions and fears from May. Dkt. 22064 at 31-32. All the Plaintiffs listed on Exhibit B submitted medical records identifying inferior vena cava perforation by each Plaintiff's IVC filter. However, while several were put on Exhibit B in error,[7] a number of them fall into one of the following categories:

- Plaintiffs' medical records dictate that the filter is abutting adjacent organs, without specific millimeter measurements identified;

- Plaintiffs alleging not only a 7(e) perforation claim but also other categories of injuries in the CCF;

- Plaintiffs diagnosed with a perforation during a removal or an attempted removal of the IVC filter.

---

[7] JLG sent Cook a list of Plaintiffs on October 4, 2022, which JLG believed were added to the list in error and asked them to be removed.

All these cases raise a *real* question about whether or how CMO 30 applies to a specific perforation diagnosis, and despite JLG's attempts to have a meet and confer with Cook to resolve these disagreements and discrepancies so as to not waste the Court's time, Cook refused to participate in a meaningful and productive conversation. Dkt. 22193 at 21. Therefore, JLG is requesting guidance from the Court.

## B. THE TIMELINE COOK PROVIDED IS UNWORKABLE

Since May 2022, JLG has requested several hundred CT scans to be reviewed by experts to comply with CMO 30. Since that time, JLG has been able to certify compliance with this additional information for approximately 200 plaintiffs. Between August 31, 2022, and October 4, 2022, alone JLG has provided an additional 173 expert reviews for compliance with CMO 30. It is not a secret that JLG has the biggest docket of claimants. Cook discounts JLG's diligence and disregards its actions made in good faith. All the cases on Cook's Motion provide substantial evidence of a perforation. Cook does not believe this is true, despite providing imaging and medical records dictating a perforation. Despite Cook's unwillingness to cooperate with JLG and creating unnecessary motion practice, Plaintiffs have provided additional evidence, certification, or updated the CCF for every Plaintiff on Cook's Exhibit A and B.

## C. COOK HAS AGAIN CHANGED THE REQUIREMENTS OF CCFs AND CMO 30

Cook is now stating that Plaintiffs must have *an actual measurement* of 3 mm or more or protrusion or show the filter is perforating an internal structure or organ. Dkt. 22717 at 1. First, that is not what CMO 30 states. CMO 30 states that first, each Plaintiff must confirm that they have provided "a medical record or expert report supports an IVC filter protrusion 3 or more mm outside the wall of the IVC as demonstrated by imaging.'" And, second, that the documented protrusion has caused "a present physical impairment or physical harm." Dkt. 21704 at 2. Again,

Cook is dictating additional requirements to be in compliance with CMO 30, trying to change the narrative and the Court's orders to paint a picture that puts Plaintiffs in a bad light. Cook is trying to make the requirements more stringent defining them as "straightforward" by making the 3 mm or more measurement an absolute. Cook has unilaterally defined the boundaries of CMO 30 and by their actions demand for the Court and Plaintiffs to accept their definition of perforation unquestionably.

### D. ALL THE PLAINTIFFS ON EXHIBIT A HAVE COMPLIED WITH CMO 30 OR HAVE AMENDED THEIR CCF.

Exhibit A is not accurate. First, there is a numbering issue with the spreadsheet itself and in reality only 57 plaintiffs total are on the original spreadsheet[8]. Therefore, the number of cases, Cook claims, JLG failed to provide compliance for is exaggerated. Secondly, JLG has either certified compliance and provided additional medical records, expert reports, imaging or amended the CCF for every Plaintiff listed on Exhibit A, making Cook's claims moot and superfluous[9]

### E. THE MAJORITY OF PLAINTIFFS LISTED ON COOK'S EXHIBIT B, NON-COMPLIANCE LIST, ARE ABUTTING OTHER ORGANS OR ANATOMIC STRUCTURES[10]

As stated above, Cook's Motion to Show Cause for JLG's Plaintiffs is premature. Out of the 117 cases, listed on Exhibit List B, JLG provided both the Plaintiffs' imaging and the medical records or expert reports dictating that the filter was abutting an organ or anatomical structure. Cook stated that Plaintiffs only need to provide **evidence of imaging** of over 3 or more mm. Dkt. 22193 at 21. (*emphasis added*). Cook is again changing course and stating the evidence they represented to the Court and the Plaintiffs that would be sufficient is now not enough.  Despite

---

[8] The spreadsheet skips numbers, for example there is no 2, 7, or 11 listed.
[9] JLG notified Cook of this on October 7, 2022 and requested for Exhibit A to be removed from the Show Cause Motion.
[10] The rest of the Plaintiffs named on Exhibit B either have provided evidence of organ perforation, a millimeter measurement over 3mm, was diagnosed with perforation during an attempted removal, or has amended their CCF accordingly after additional review.  Plaintiffs submitted a spreadsheet to Cook, Exhibit 3, providing this information but Cook has not agreed to withdraw its motion regarding these Plaintiffs. JLG will have the medical records, expert reports, and imaging for the Court to review each case one by one.

providing exactly what Cook stated CMO 30 required, Cook still filed this Motion to Show Cause. Plaintiffs fail to see how they are not in compliance. "A metal prong in a person's body touching organs that it was not intended to touch causes significant harm. Plaintiffs who have suffered this injury have the right to present evidence on the impact of the perforation on their bodies and adjudicate their case under applicable state law." Dkt. 22064 at 17. Secondly, the SIR guidelines are not "inflexible rules or requirements and are not intended, nor should they be used to establish a legal standard of care." *Id.* at 18. A standard is useful but cannot be the absolute law in defining filter perforation. "The perforation alone is the issue and not how much the filter is perforating." *Id.* While the SIR guidelines are helpful, they should not be followed as strictly as Cook demands. The guidelines are meant to be used as a reference but are not the only means of diagnosing perforation of an IVC by an IVC filter. Dkt. 22064 at 14-15. Furthermore, perforation noted by a doctor in proximity to an organ or anatomical structure is clearly perforating the IVC by more than a nominal distance.[11] However, Cook ignores this. The Court is concerned about claims where perforation is alleged and there is only tenting. That is not the case for these claims. Cook wants the Court to agree that only a measurement can define whether a filter is perforating or not. This is not true. There are other indicators of perforation- "bleeding, penetration, or abutment of another organ…" Dkt. 22064-4 at 5-6. There is no "one size fits all" model as Cook so desperately wants the Court to believe. *Id.* Cook is asking the Court to discount Dr. Allen's declaration and/or only accept part of it, by stating that penetration of an organ or a measurement of perforation is in compliance, while abutting an anatomical structure is not. Dkt. 21966 at 3; Dkt. 22717 at 8. Cook

---

[11] Even when some Plaintiffs have documented organ or outside structure perforation, where the millimeter measurement is above 3 millimeters, Cook have nevertheless deemed them non-compliant. *See, e.g.* (Russel Fink (1:17-cv-02615); Daniel Ryan (1:21-cv-01983); and James Sumbrum (1:22-cv-06703)) contrary to Cook's own representations that it would not claim lack of compliance if a plaintiff had documentation of organ perforation. *See* Dkt. 22193, p. 20, fn 5. *See* Exhibit 4, filed under seal.

provided the example of Plaintiff, Mirta Quinones (Case No. 1:19-cv-03942)[12]. Dkt. 22717 at 8. There is no question that the filter is perforating the IVC. The CT scan states that the filter is not only perforating the IVC…abutting the right ureter and also has migrated.[13] At a minimum these are disputed issues of fact and law. This language is sufficient to comply with CMO 30. Plaintiffs did not amend their categorization form because despite Cook's representations, Plaintiffs believed they were still compliant based on the evidence provided by the PSC supporting its pending motion for reconsideration of CMO 30. Dkt. 22064-4. Plaintiffs have already provided an expert opinion dictating this is a significant injury. Cook, yet again, asks the Court to ignore conflicting evidence that rebuts its position. Furthermore, by providing the imaging with the medical records and expert reports, if Cook still desires an exact measurement of perforation, (despite the fact that measuring perforation from imaging is usually underestimated due to the angle of the filter struts when perforating), then they can do so. *Id.* at 6. Plaintiffs have complied with CMO 30, and Cook's motion should be denied. Plaintiffs have acted in good faith, and despite Cook's representations have provided numerous new expert reports, imaging, and CCFs. At a minimum, the Court should provide more guidance and if the Court requests additional evidence, then provide time for the Plaintiffs to provide that evidence.

Relatedly, but no less important, Cook made it abundantly clear in its response to the PSC's Motion for Reconsideration of CMO 30 that it intended all Plaintiffs subject to CMO 30 to retain their due process rights to *substantively* address any motion practice related to an alleged violation of CMO 30. *See* Dkt. 22193, p. 7 (arguing any motion brought with respect to CMO 30 will afford

---

[12] Cook provided two more cherry picked examples of JLG's non-compliance: Melissa Shull (Case. No. 1:18-cv-02228) and Michael Stephenson (Case No. 1:19-cv-03644). A Notice of Voluntary Dismissal was filed for Ms. Shull's case (Dkt. 22800), and Mr. Stephenson has provided additional evidence noting IVC filter perforation of 8 struts with perforation between 6mm and 27mm. JLG has submitted this expert report to Cook and amended the Plaintiff's CCF and requested for his case be removed from the Show Cause Order.
[13] *See* Exhibit 5, filed under seal.

a plaintiff the opportunity to be heard "on the merits"). Despite this, Cook only brings this motion under Rule 41(b), rather than addressing any allegedly non-compliant JLG plaintiff under a motion for summary judgment standard which would give Plaintiffs an actual opportunity to be heard on the merits.

### F. DISMISSAL OF PLAINTIFFS' CLAIMS WOULD VIOLATE THEIR DUE PROCESS RIGHTS

Many of the Plaintiffs' named on Exhibit B have sustained multiple injuries due to a Cook IVC filter beyond perforation alone. Each Plaintiff's case is unique and must be addressed individually based on the evidence provided and cannot be grouped together but rather must be looked at separately. Plaintiffs suggested that Cook file an individual motion "so that each individual plaintiff is given notice and the opportunity to be heard before their case is dismissed…" Dkt. 22064-3 at 1. However, Cook elected to file an omnibus motion. Cook's motion is based on the Fed. R. of Civ. Proc. 41(b). Cook argues that Plaintiffs did not comply at all with CMO 30, which is demonstrably untrue. Cook is casting CMO 30 as *purely procedural* but it ignores reality when Plaintiffs have clearly provided substantive evidence[14] proving a perforation. Dkt. 22717 at 10.

This Show Cause Order is not equivalent to submitting any type of Plaintiff Profile Form or Plaintiff Fact Sheet as Cook tries to allude. Instead, in many of JLG Plaintiff's cases **it is a dispute of fact**.

Not only that, Cook asks the Court to dismiss each Plaintiff's claims in their entirety, despite numerous JLG Plaintiffs having alleged other, supported injuries. For example, Henry Samuel Perez (1:21-cv-02618) had an attempted removal in November of 2019, and the doctor

---

[14] Evidence is an item which a litigant proffer to make the existence of a fact more or less probable. Fed. R. Evid. 401.

could not remove it because "the tip of the filter was outside the inferior vena cava".[15]  Again, the Plaintiff was not diagnosed with a perforation by a consulting expert reviewing imaging, but by a treating surgeon, clearly defining the perforation as a complication and reason why the filter was could not be removed. To provide a perforation measurement for Mr. Perez's case, the Plaintiff would have to undergo a CT scan, which he may or may not even be able to obtain, and which may expose him to a significant financial burden all to provide an arbitrary measurement.

James Staley (1:19-cv-04679) provided medical records dictating that his filter "extended into the L3-4 disc space and has multiple fractures."[16] Despite this clear evidence, and JLG requesting this case be removed from Cook's Show Cause Order, his case remains, leaving JLG to wonder how to comply with CMO 30. What is more alarming is that Cook is requesting that not only his claim for perforation be dismissed but also his claims for fracture, with no basis. These cases are just a small example of the cases Cook named on its Show Cause Order, which clearly complied with CMO 30.

Plaintiffs believe it was not the Court's intention for cases like Mr. Perez or Mr. Staley be subject to a Show Cause Order, however they are now subject to possible dismissal because Cook believes it is allowed to unilaterally dictate the parameters of CMO 30, in a manner which is subjective, unsubstantiated, and constantly changing. Furthermore, in a Show Cause Order, Plaintiffs have the right to bring evidence for each individual claim. Plaintiffs are prejudiced in this motion because each Plaintiffs' claims and injuries are significant, unique, and individual, and cannot be compiled in a list and then dismissed wholesale in an omnibus fashion. Cook is again

---

[15] *See* Exhibit 6.
[16] *See* Exhibit 7

minimizing the ramifications of CMO 30, singularly dictating its scope, and delaying the MDL, by focusing on claims which have complied with CMO 30 in good faith.

### III.   CONCLUSION

Cook is correct, this is not an ordinary discovery dispute. Additionally, this should not be a purely procedural issue. The issues before the Court are substantive. There is already an order in place—albeit one in which Plaintiffs strongly believe is ambiguous—and Plaintiffs have complied with that order to the best of their knowledge and ability. Plaintiffs have (1) confirmed compliance with CMO 30, making Exhibit A to Cook's motion obsolete, and (2) provided a medical record, expert report, and/or imaging supporting (a) IVC filter protrusion of 3 millimeters or more outside of the IVC filter; and (b) that the documented protrusion is causing physical impairment or physical harm, despite a pending motion in front of this Court requesting that CMO 30 be reconsidered, amended, or in the very least clarified.

Plaintiffs have acted in good faith and should not be punished with the ultimate sanction of dismissal. Plaintiffs are asking the Court for guidance and provided the evidence they believed complied with CMO 30, relying on representations by Plaintiffs' own experts. JLG asks the Court to intercede and provide relief by denying Cook's motion in totality. Alternatively, JLG plaintiffs request the Court to order Cook to bring individual motions for each claimant and establish an individual briefing schedule to respond to Cook's individual Show Cause Motions to ensure each Plaintiff  is afforded an adequate opportunity "to be heard on the merits" given Cook's insistence of the same with respect to motion practice related to CMO 30, or appoint a Special Master or Judge Baker to review the evidence, Plaintiffs submitted, on an individual basis, and consult with and direct the parties of the best practices to move the MDL forward.

Dated: September 27, 2022             Respectfully submitted,

**JOHNSON LAW GROUP**

 s/ Basil E. Adham
Basil E. Adham
TX Bar No 24081742
Jessica Glitz
TX Bar No. 24076095
Johnson Law Group
2925 Richmond Ave.,
Suite 1700
Houston, TX 77098
Telephone: (713) 626-9336
Facsimile: (713) 626-3394

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2022 I electronically filed the foregoing with the Clerk
of the Court by using the CM/ECF system, which will send a notice of electronic filing to all
counsel of record who are CM/ECF participants.

Dated: October 7, 2022                    s/Basil E. Adham