**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

---

In Re: COOK MEDICAL, INC.,
IVC FILTERS MARKETING, SALES            Case No. 1:14-ml-2570-RLY-TAB
PRACTICES AND PRODUCTS                              MDL No. 2570
LIABILITY LITIGATION

---

This Document Relates to:

    Cases listed on attached Exhibit B-2

---

**THE COOK DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR**
**ORDER TO SHOW CAUSE – JOHNSON LAW GROUP**

    The Court should order the 55 Plaintiffs represented by the Johnson Law Group ("JLG"), listed on the attached and updated Exhibit B-2,[1] to show cause why their Category 7(e) cases should not be dismissed for failure to comply with Case Management Order 30 ("CMO 30"). Nothing in JLG's Response justifies denial of the requested Order.

**FACTUAL AND PROCEDURAL BACKGROUND**

    The factual and procedural background presented by JLG is incomplete and quite misleading, and JLG offers no declaration or other evidentiary support for its allegations. Contrary to JLG's suggestions, Cook's motion did not engage in either "unnecessary emphasis" or "blatant omission" of details. *See* Dkt. 22809 at 2. To clarify the factual and procedural background, Cook states as follows:

---

[1] Cook originally attached "Exhibits A and B" to its Motion.  Cook has now revised these lists to eliminate Exhibit A (as moot), and to remove any Plaintiff on the original Exhibit B who provided updated information since the filing of Cook's Motion. Moreover, Cook concedes that Plaintiff Michael Stephenson (case no. 1:19-cv-03644) (discussed in Motion (Dkt. 22717) at p. 7) has, since the filing of the instant Motion, provided medical record in compliance with CMO 30. Further, Cook concedes that Plaintiff Melissa Shull (case no. 1:18-cv-02228) (discussed in Motion (Dkt. 22717)  at p. 8) has been dismissed.

**A.      Relevant Events Before The CMO 30 Compliance Deadline**

On March 29, 2022, the Court issued CMO 30 ordering Category 7(e) (Symptomatic Perforation) Plaintiffs to (1) certify that they had already provided a medical record or expert report supporting the claimed categorization or (2) "promptly" submit such evidence. *See* Dkt. 21704. CMO 30 originally gave Plaintiffs 60 days, or until May 28, 2022, to comply with this certification requirement. *Id*. At the PSC's request, this deadline was later moved to August 26, 2022.  *See* Dkt. 22258.

On August 25, 2022, the day before the CMO 30 compliance deadline, JLG submitted to Cook a spreadsheet with the name, filing date, case number, and case title for 717 plaintiffs, alleging compliance with CMO 30 and "intend[ing] to supplement … upon receipt of additional expert reports." *See* Declaration of Jessica Benson Cox ("Cox Decl."), attached hereto as Exhibit C, at ¶ 2. Cook responded on August 28, 2022 to clarify that 89 of the Plaintiffs listed on this spreadsheet did not in fact allege Category 7(e). *Id*. at ¶ 3.

On August 26, 2022, JLG emailed Cook alleging final compliance of 653 of its cases.  *Id*. at ¶ 4. On August 31, 2022, Cook notified JLG that 345 of its cases were non-compliant with CMO 30. *Id*. at ¶ 5. Of these 345 Plaintiffs, 209 had failed to submit a compliance email at all and 136 provided records that were inadequate to comply with CMO 30. *Id*.

**B.      Cook's Post-Deadline Communication with Johnson Law Group**

On September 1, 2022, Johnson Law Group certified that 23 of the Plaintiffs Cook had included in its late August letter were compliant and stated the firm was "in the process of curing [deficiencies]" on the others. Ex. C, Cox Decl., at ¶ 6. On September 7, 2022, JLG requested an extension to comply and stated it was "still in the process of curing the remaining outstanding deficiencies." *Id.* at ¶ 7. Cook granted JLG's request for an extension to September 16. *Id*.

**C.      Cook's Motion to Show Cause**

On September 23, 2022, pursuant to CMO 30, and after giving JLG nearly a month after the Court's August 26, 2022, deadline to cure deficiencies, Cook filed its Motion to Show Cause on Johnson Law Group's remaining non-compliant cases. *See* Dkt. 22717.[2] Cook's Motion noted that the cases it listed as non-compliant either (1) failed to make a submission at all or (2) provided medical evidence that did not demonstrate perforations of 3 or more mm or penetration into adjacent organs. *Id*. at 4. The non-compliant cases in the first category did not include any Plaintiffs for whom JLG had indicated compliance in their August 25, 2022 submission. Ex. C, Cox Decl., at ¶ 9.

**D.    Johnson Law Group's Actions After Cook's Motion**

On October 4, 2022, Cook, JLG, and PSC met and conferred to discuss JLG's non-compliant cases. Ex. C, Cox Decl., at ¶ 10. JLG again requested an extension of time to comply which Cook declined. *Id*. However, Cook agreed to review any case JLG thought was improperly on the non-compliant list and further agreed to remove such cases from its Motion if adequate medical evidence were provided. *Id*. at ¶ 11. Cook has continually offered to meet and confer with JLG to promote judicial efficiency. *Id*. at ¶ 12.[3]

Under CMO 18, Johnson Law Group was required to file its Response to Cook's motion for order to show cause within 10 days of service of the motion, by October 3, 2022. *See* Dkt. 12131. On October 5, 2022, after the deadline for JLG's Response had passed, JLG provided to Cook an additional list of Plaintiffs that JLG said it believed were mistakenly identified in the

---

[2] At various times between August 31, 2022 and Cook's filing of the present Motion, JLG also certified compliance for an additional 222 cases. Ex. C, Cox Decl., at ¶ 8.

[3] To date, JLG has not requested an additional meeting. Ex. C, Cox Decl., at ¶ 12.

Motion. Ex. C, Cox Decl., at ¶ 13.  JLG then filed its Response on Oct 7, 2022, four days past the deadline.[4]

As of today, Cook has reviewed JLG's Response, its newly-provided materials, and has eliminated over half the cases from its original Motion to Show Cause.  The instant Reply now addresses only the cases included in the accompanying Exhibit B-2.

## ARGUMENT

JLG's response to Cook's motion neither rebuts the analysis in Cook's motion nor justifies denying the requested Order to Show Cause.

### I.   Cook's Motion is Not Premature.

Contrary to JLG's assertion, *see* Dkt. 22809 at 4-6, Cook's motion for an order to show cause is not premature.

JLG first argues that the pendency of a motion by the PSC for reconsideration of CMO 30 excuses JLG and its clients from compliance with CMO 30 as the Order exists today.  JLG is mistaken.  A party that has moved to reconsider an order or extend a deadline must nevertheless still comply with the existing deadline until and unless the motion is granted.  *See, e.g., Mustafa-El K.A. Ajala v. Tom*, 2015 U.S. Dist. LEXIS 25288, at *6 (W.D. Wis. Mar. 3, 2015) ("If plaintiff has not received a decision from the court by the day his materials are due, then he should assume that his motion will *not* [be] granted and he should submit what he has completed as of that date rather than filing nothing on the assumption that the court will grant his request on some later date.") (emphasis in original); *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996) (noting that "[w]hen parties wait until the last minute to comply with a deadline, they are playing

---

[4] JLG's implication in its Response that Cook was delinquent in reviewing materials that JLG provided to Cook  is mistaken.

with fire."). Cook is entitled to bring the motion authorized by CMO 30 as that Order exists today, and need not wait for a possible result of JLG's so-far unsuccessful efforts to change the order.

JLG also errs in suggesting that Cook's motion under paragraph 3 of CMO 30 is premature because Cook has not yet submitted its comprehensive list of noncompliant Plaintiffs under paragraph 2 of CMO 30. The language of CMO 30 itself does not support JLG's argument. CMO 30 provides in relevant part:

> 2. Within 90 days of the date of this Order, the Cook Defendants shall submit to the Court and the Plaintiffs Steering Committee a list of all cases in which a Plaintiff has failed to comply with Paragraph 1 (the "Non-Compliant Cases"). The Plaintiffs Steering Committee will have 10 days thereafter to provide any edits or updates to the list to the Court.

> 3. Should a Plaintiff fail to comply with Paragraph 1 (the "Non-Compliant Cases"), the Cook Defendants may file a Motion to Show Cause why the case should not be dismissed.

Dkt. 21704 at 2-3. The provisions of paragraphs 2 and 3 are not related or interdependent, and nothing in the language of the Order suggests that Cook may not file a motion for an order to show cause under paragraph 3 before it has submitted the comprehensive list of noncompliant cases contemplated by paragraph 2. Moreover, JLG does not and cannot claim any prejudice from the fact that Cook is still working on the comprehensive list of noncompliant cases globally to submit to the Court. As discussed above, Cook provided JLG with a full list of JLG's own noncompliant clients 23 days before filing the instant motion, and granted them essentially an extension of 21 days to cure outstanding deficiencies. JLG cannot claim that any lack of information from Cook has impeded its ability to respond to the present motion.

## II.   Plaintiffs Have Had Sufficient Time to Comply with CMO 30.

JLG's argument that the timeline for compliance with CMO 30 is "unworkable," Dkt. 22809 at 6, is unpersuasive. First of all, the timeline was not "provided" by Cook, as JLG puts it;

it was of course the Court that set the timeline for compliance, and the Court generously extended that deadline by three months at Plaintiffs' request.

Second, JLG's argument ignores the fact that the documentation required by CMO 30 is not new, but is information that the Plaintiffs and JLG should have had in hand before they commenced their actions, or at the very least before they voluntarily categorized their claims as Category 7(e) and attested to the accuracy of that categorization.  In other words, JLG has now had over six months since the entry of CMO 30 on March 29 of this year to identify and produce documentation that it should have had in its possession years ago.

Finally, JLG's response rests entirely on bald assertions about its efforts to gather records and expert reports and to comply with CMO 30.  The response cites no declaration or other sworn document that supports these bald assertions, and gives no details about what efforts JLG has actually made.  Absent any record support, JLG's argument cannot be sustained.

## III.    The Requirements for Categorization in Category 7(e) Have Not Changed.

JLG next argues that Cook has somehow "again" changed the requirements of CMO 30, echoing the argument raised in the PSC's motion for reconsideration, Dkt. 22064, and in multiple other submissions since.  Mere repetition does not make this assertion true.

As noted in Cook's original motion, Category 7(e) cases have *always* been "symptomatic injury cases" alleging "symptoms, conditions or complications caused by" "penetration or perforation."  Dkt. 9638 at 3-4.  And Category 7(e) has *always* required a perforation or penetration.  Dkts. 9638-1; 21704.  Further, CMO 30 is very clear about the evidence required: Plaintiffs must either (1) confirm that they have already "provided a **medical record or expert report** supporting… **IVC filter protrusion '3 or more mm** outside the wall of the IVC' […] or (2) submit such records now. Dkt. 21704 at 2 (emphasis added).  There has been no change.

- 6 -

JLG apparently argues that there is a difference between Cook's description of the requirement of "an actual measurement of 3 mm or more protrusion," Dkt. 22809 at 6 (quoting Dkt. 22717 at 1), and CMO 30's requirement of "a medical record or expert report support[ing] an IVC filter protrusion 3 or more mm outside the wall of the IVC as demonstrated by imaging." *Id.* But the standards are the same; one is a paraphrase of the other, and JLG offers no explanation of how they supposedly differ.

## IV.    JLG Offers No Documentation of Compliance for Plaintiffs on Exhibits A and B.

Although JLG asserts that all of the Plaintiffs on Cook's original Exhibit A have complied with CMO 30 or have amended their categorization forms, JLG fails to explain why it could not have provided this information earlier.

Further, at the time of this Reply, Cook has reviewed as much of the information provided as it could and has concluded that 55 out of the 117 Plaintiffs on the original Exhibit B still have not provided the records necessary for compliance, and Cook has listed those cases on its revised Exhibit B-2. As above, Cook urges the Court to issue an Order to Show Cause why those remaining noncompliant Plaintiffs' actions should not be dismissed.

To be clear, the Plaintiffs on Exhibit B-2 are non-compliant because they failed to provide medical evidence demonstrating perforations of 3 or more mm or penetration into adjacent organs. Cook is still in the process of determining whether any of JLG's other Plaintiffs, including Plaintiffs from the original Exhibits A and B, may be noncompliant with CMO 30 on other grounds (for example, where the Plaintiff has not "provided a medical record or expert report supporting…that the documented protrusion has caused a present physical impairment or physical harm," (Dkt. 21704 at 2)).  Cook reserves its right to bring additional motions based on such other deficiencies if necessary.

**V.     Plaintiffs' Abutment Argument Again Asks the Court to Reconsider CMO 30.**

Cook has not removed any Plaintiff claiming "organ abutment" from Exhibit B-2 because those Plaintiffs have failed to meet CMO 30's requirement of  "IVC filter protrusion '3 or more mm outside the wall of the IVC as demonstrated by imaging.'" Dkt. 21704 at 2.  JLG's argument about abutment, Dkt. 22809 at 7-10, is yet another effort to have the Court reconsider and rewrite CMO 30 to say things that it does not say.

Plaintiff argues that a perforated IVC filter abutting an organ constitutes an "injury," and that Cook should therefore accept organ abutment as a compensable injury.  But again, this motion is about CMO 30, and that is not what CMO 30 says.  As noted repeatedly in Cook's original motion and again above, CMO 30 states:

> 1.  Plaintiffs who categorized as Category 7(e) shall review the medical evidence submitted with his/her Case Categorization Form and confirm he/she has provided a medical record or expert report supporting ***(a) IVC filter protrusion "3 or more mm outside the wall of the IVC as demonstrated by imaging," and (b) that the documented protrusion has caused a present physical impairment or physical harm.*** If a Plaintiff has not previously submitted such evidence with his/her Case Categorization Form, Plaintiff must do so promptly.

Dkt. 21704 at 2 (emphasis added).  But CMO 30 does not say anything about IVC filter abutment of organs, much less the significance of such abutment.  JLG thus is not arguing that these Plaintiffs who claim abutment have provided the certification required by CMO 30; JLG argues that CMO 30 is wrong in what it asks these Plaintiffs to certify.

In effect, JLG asks the Court to rewrite CMO 30 rather enforcing it.  This goal is made clear from JLG's repeated citations of and quotations from the PSC's motion for reconsideration, Dkt. 22064, and its exhibits. *See* Dkt. 22089 at 8-9 (citing and quoting Dkt. 22064 four times). But of course, a request for reconsideration of an order does not excuse a party from complying with the order as it exists, and JLG does not claim that its "abutment" Plaintiffs on JLG's Exhibit

B have in fact complied with CMO 30 as it exists.  On the contrary, as detailed in Cook's original motion, the Plaintiffs listed on Cook's Exhibit B-2 have ***not*** in fact complied with CMO 30, and the Court should issue the requested Order to Show Cause.

## VI.   An Order to Show Cause Will Not Deprive Any Plaintiff of Due Process

Finally, JLG argues that dismissal of its clients' claims under CMO 30 would violate those Plaintiffs' due process rights, citing absolutely no legal authority whatsoever.  JLG is mistaken.

First, although courts generally prefer to resolve parties' disputes on the merits, parties may deprive themselves of the opportunity to have their claims heard on the merits by failing to comply with reasonable procedural requirements necessary for the efficient administration of the court system—requirements like those imposed by CMO 30.  *See* Fed. R. Civ. P. 16(f)(1)(C); 37(b)(2)(A); 41(b).  This Court has the authority both to impose such requirements, *see, e.g., Alvey v. General Electric Co.*, No. 3:20-cv-263-RLY-MPB, 2021 WL 2012940 (S.D. Ind. Mar. 29, 2021); *In re Vioxx Prods. Liab. Litig.*, MDL No. 1657, 2012 U.S. Dist. LEXIS 56309, at *5 (E.D. La. Apr. 23, 2012), and to sanction non-compliance, including through dismissal. *See, e.g., In re Zostavax (Zoster Vaccine Live) Products Liability Litigation*, 2022 WL 3309471 (E.D. Pa. August 11, 2022) (dismissing action based on plaintiff's failure to serve required plaintiff fact sheet). *In re Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984).  JLG offers no authority suggesting that the Court's exercise of these powers violates due process.

Second, JLG's implicit assertion that Cook's motion seeks dismissal of Plaintiffs' claims without due process is erroneous because the relief the motion seeks is not immediate dismissal. Cook asks the Court to issue an Order to Show Cause why these Plaintiffs' Category 7(e) cases should not be dismissed for failure to comply with CMO 30.  If the Court issues the requested Order, Plaintiffs will have the opportunity to, as the order says, "show cause" why their actions should not be dismissed.  ***If*** a particular Plaintiff has a valid excuse for failing to comply with

CMO 30 ***and*** can offer a tenable factual basis for the merits of the claim asserted, the Court presumably will not dismiss the case.  If the Plaintiff cannot make both those showings, that Plaintiff's action will be dismissed.  But the Plaintiff will have had the opportunity to be heard, which is what due process requires.  *See, e.g., Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" (citation omitted)); *see also Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 706 (7th Cir. 2014) (rejecting appellants' procedural due process argument where they were provided the opportunity to submit briefs and provide oral argument prior to the imposition of sanctions).

As to the specific circumstances of JLG Plaintiffs Henry Perez and James Staley, raised on pages 10-11 of JLG's Response,[5] Cook has removed the *Stately* case from the revised Exhibit B-2.  *Perez*, however, remains on Exhibit B-2, and Cook asks that the case be part of the requested Order to Show Cause.  As JLG explains, Plaintiff Perez's medical records document a failed retrieval due to the tip of the filter being outside of the IVC. This Court has seen other cases in this litigation where an IVC filter has been malpositioned on implant and placed with the tip inside a renal vein outside of the IVC.  Simply saying that the tip is outside the IVC does not prove perforation, much less perforation of more than 3 mm.  If JLG claims that Mr. Perez's perforated IVC filter tip was not just sitting in an adjacent structure or organ due to malposition on placement, it should be able to provide a supporting image and an expert who says that the tip was perforated.  Plaintiff Perez is not compliant.

---

[5] Plaintiffs Perez and Staley are the only two individual Plaintiffs whose claims JLG tries to defend on the merits to avoid Cook's motion for an Order to Show Cause.

## **CONCLUSION**

For the reasons discussed above, the Cook Defendants respectfully move the Court to order the 55 Plaintiffs listed on the attached Exhibit B-2 to show cause why their Category 7(e) case should not be dismissed for violation of CMO 30.


Dated: October 14, 2022

                              Respectfully submitted,

                              /s/  *Jessica Benson Cox*
                              Andrea Roberts Pierson
                              Jessica Benson Cox
                              FAEGRE DRINKER BIDDLE & REATH LLP
                              300 North Meridian Street, Suite 2700
                              Indianapolis, Indiana  46204
                              Telephone:          (317) 237-0300
                              Facsimile:          (317) 237-1000
                              andrea.pierson@faegredrinker.com
                              jessica.cox@faegredrinker.com


                              James Stephen Bennett
                              FAEGRE DRINKER BIDDLE & REATH LLP
                              110 W. Berry Street, Suite 2400
                              Fort Wayne, Indiana  46802
                              Telephone:          (260) 424-8000
                              Facsimile:          (260) 460-1700
                              stephen.bennett@faegredrinker.com

                              *Attorneys for Defendants Cook Incorporated, Cook*
                              *Medical LLC f/k/a Cook Medical Incorporated, and*
                              *William Cook Europe APS*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 14, 2022, a copy of the foregoing **THE COOK DEFENDANTS'
REPLY IN SUPPORT OF THEIR MOTION FOR ORDER TO SHOW CAUSE –
JOHNSON LAW GROUP** was filed electronically.  Parties may access this filing through the
Court's electronic records system.

/s/ Jessica Benson Cox
Jessica Benson Cox