UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ This Document Relates to: Suzanne Story, 1:18-cv-00444 _____ | 1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ENTRY ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS (collectively "the Cook Defendants" or "Cook") manufacture and sell inferior vena cava ("IVC") filters, which are used to prevent pulmonary embolism. Plaintiff, Suzanne Story, was implanted with a Cook IVC filter in March 2009 and alleges she was harmed by the device. The Cook Defendants move for judgment on the pleadings on grounds that her claims are barred by North Carolina's six-year statute of repose. The court, having reviewed the parties' submissions and the applicable law, **GRANTS** the Cook Defendants' motion.

**I.    Background**

Plaintiff is a North Carolina resident who was implanted with a Cook Günther Tulip Vena Cava Filter on March 18, 2008, at the Carolinas Medical Center in Charlotte,

North Carolina. (Filing No. 1, Compl. ¶¶ 10-12). Plaintiff filed the present action on February 18, 2018. (*See id.*)

## II. Standard of Review

"[A] party may move for judgment on the pleadings . . . [a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014). "To survive a motion for judgment on the pleadings, a complaint must state a claim to relief that is plausible on its face." *Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 397 (7th Cir. 2018) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining whether a complaint is facially plausible, the court draws all reasonable inferences and facts in favor of the non-moving party. *Bishop*, 900 F.3d at 397.

## III. Discussion

Prior to 2009, North Carolina's statute of repose[1] provided that no personal injury claims "based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or

---

[1] "A statute of repose is a substantive limitation and is a condition precedent to a party's right to maintain a lawsuit." *Robinson v. Bridgestone/Firestone N. Am. Tire,* LLC, 703 S.E.2d 883, 886-87 (N.C. 2011) (quoting *Tipton & Young Constr. Co. v. Blue Ridge Structure Co.*, 446 S.E.2d 603, 605 (N.C. Ct. App. 1994), *aff'd per curiam*, 456 S.E.2d 308 (N.C. Ct. App. 1995)).

2

consumption." N.C. Gen. Stat. § 1-50(a)(6). On October 1, 2009, the North Carolina legislature repealed § 1-50(a)(6) and enacted a new, twelve-year statute of repose. *See* N.C. Gen. Stat. § 1-46.1(1) (identical statutory text, with repose period extended to 12 years). The new repose period applies only "to causes of action that accrue on or after" October 1, 2009. *Robinson v. Bridgestone/Firestone N. Am. Tire, LLC*, 703 S.E.2d 883, 886-87 (N.C. 2011). The new repose period does not apply retroactively to claims involving products used prior to that time. *Id.* at 887.

Cook argues Plaintiff's product liability claims are barred under North Carolina's six-year statute of repose because Plaintiff was implanted with the Celect filter prior to October 1, 2009. Plaintiff responds that her claims did not accrue until February 16, 2015, when she learned her IVC filter fractured.

The plain language of North Carolina's statute of repose provides that the repose period begins to run on "the date of initial purchase for use or consumption." N.C. Gen. Stat. § 1-46.1(1); *see also* N.C. Gen. Stat. § 1-50(a)(6) (repealed 2009); *Robinson*, 703 S.E.2d at 887 (noting the repose period began to run when the adult plaintiffs initially purchased the defective tire). As observed by a North Carolina federal district court, "courts applying North Carolina law have consistently applied [the] six-year statute of repose in cases where the product in question was first purchased or delivered, as here, before October 1, 2009." *Cramer v. Ethicon, Inc.*, Case No. 1:20-cv-95-MOC-WCM, 2021 WL 243872, at *4 (W.D.N.C. Jan. 25, 2021); *see also Lackey v. DePuy Orthopedics*, Case No. 5:10-cv-00030-RLV-DSC, 2011 WL 2791264, at *3 (W.D.N.C.

3

July 14, 2011) (applying six-year statute of repose in hip case because it "was in effect at the time Plaintiff purchased the allegedly defective product").

The latest date on which Plaintiff's Celect filter could have been purchased for use or consumption was the date of her implantation surgery, March 18, 2008, long before the effective date of N.C. Gen. Stat. § 1-46.1(1).  Therefore, Plaintiff's claims are barred as a matter of law by North Carolina's six-year statute of repose set forth in the now-repealed N.C. Gen. Stat. § 1-50(a)(6).  Plaintiff's Complaint must be dismissed with prejudice.

### IV. Conclusion

For the foregoing reasons, the Cook Defendants' Motion for Judgment in Plaintiff's Case Pursuant to CMO-28 (Filing No. 20002) is **GRANTED**.  Final judgment shall issue forthwith.

**SO ORDERED** this 17th day of October 2022.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

4