UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK INCORPORATED, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-TAB<br>MDL No. 2570 |
| **This Document Relates to:**<br>All Cases Listed on Cook's Amended Exhibit B Dkt. 22831 | |

**JOHNSON LAW GROUP'S MOTION TO STRIKE OR IN THE
ALTERNATIVE TO STAY COOK'S MOTION FOR ORDER TO
SHOW CAUSE-JOHNSON LAW GROUP**

In light of the Court's recent order granting Plaintiffs' Motion to Suspend the Deadline for Compliance with CMO 30 [Dkt. 22585] ("PSC Motion"), Johnson Law Group ("JLG") respectfully requests the Court to strike, or in the alternative, stay the Cook Defendant's Motion for Order to Show Cause - Johnson Law Group [Dkt 22717] ("Show Cause Motion"). "Motions to strike are intended to address 'an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Bernegger v. Washington Mut., F.A.,* No. 07-C-1028, 2008

WL 5114215, at *1 (E.D. Wis. Dec. 2, 2008). There is good cause for the Court to grant this motion. As stated in JLG's response [Dkt. 22809], JLG has provided medical records, expert reports, and imaging to support the JLG Plaintiffs' compliance with CMO 30 and relied on representations by its own experts in supporting their claims, furthermore the parties agree that JLG Plaintiffs' have certified compliance for every case alleging a 7(e)-perforation injury. *Id*. at 12. JLG has already requested the Court's guidance and believes it will be provided once the Court rules on the Plaintiff Steering Committee's ("PSC") Motion for Relief from CMO 30, or in the alternative Motion to Amend CMO 30 [Dkt. 22064] ("Motion for Relief"). Additionally, since Cook's initial motion to show cause JLG has provided additional records or provided amended Case Categorization Forms for over 80 Plaintiffs originally named on Cook's Ex. B [Dkt. 22717-2]. Cook's motion to show cause is hence immaterial considering the Court's order to suspend Plaintiffs' Deadline for Compliance with CMO 30 and the motion to show cause should be struck.

In the alternative, JLG requests the Court stay the motion to show cause until the Court rules on the motion for relief and provides more direction for compliance with CMO 30.

> "In evaluating a motion to stay, courts consider whether the stay will: (1) 'unduly prejudice or tactically disadvantage the non-moving party,' (2) 'simplify the issues in question and streamline the trial,' and (3) 'reduce the burden of litigation on the parties and on the court.'" *Burnett v. Ocwen Loan Servicing, LLC,* No. 17 C 3474, 2017 WL 5171226, at *2 (N.D. Ill. Nov. 8, 2017) *quoting (Genzyme Corp. v. Cobrek Pharm., Inc.*, No. 10 CV 00112, 2011 WL 686807, at *1 (N.D. Ill. Feb. 17, 2011); *Tap Pharm. Prods., Inc. v. Atrix Labs., Inc.*, No. 03 C 7822, 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708, 117 S. Ct. 1636, 1651 (1997)).

Cook will not be unduly prejudiced to stay the motion to show cause, however until the Court rules on the Motion for Relief [Dkt. 22064] JLG plaintiffs are severely prejudiced without having any guidance from the Court as stated in its original response. [Dkt. 22809 at 12]. Once the Court has ruled on the motion for relief, all parties in the MDL will have a better understanding of how to

move the MDL forward and there will be no need for unnecessary motion practice and unduly burdening the court, before the court rules on the motion for relief.

Therefore, JLG respectfully requests the Court to strike Cook's Motion for an Order to Show Cause in its totality or in the alternative, stay the motion until the Court rules on the PSC's Motion for Relief from CMO 30. [Dkt. 22064].

If the Court deems the pending motion is only stayed, then JLG respectfully requests the Court stay the current motion until the Court has ruled on the PSC's Motion for Relief for CMO 30 or in the alternative Motion to Amend CMO 30 [Dkt. 22064], additionally considering the Court's pending ruling, if the Court deems a new timeline for Plaintiffs to comply with CMO 30 [if one is necessary], then JLG plaintiffs will be allowed to amend their Case Categorization Forms and provide additional evidence within the same timeline and terms determined by the Court.

Dated: October 19, 2022                                      Respectfully submitted,

                                                             **JOHNSON LAW GROUP**

                                                             s/ Jessica Glitz_____
                                                             Jessica Glitz
                                                             TX Bar No. 24076095
                                                             Basil E. Adham
                                                             TX Bar No 24081742
                                                             Johnson Law Group
                                                             2925 Richmond Ave.,
                                                             Suite 1700
                                                             Houston, TX 77098
                                                             Telephone: (713) 626-9336
                                                             Facsimile: (713) 626-3394

## CERTIFICATE OF SERVICE

      I hereby certify that on October 19, 2022 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

Dated: October 19, 2022                                                                   s/Jessica Glitz