**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

All Cases listed on Exhibit B-2 (Dkt. 22831-2)

**THE COOK DEFENDANTS' RESPONSE IN OPPOSITION TO JOHNSON LAW GROUP'S MOTION TO STRIKE OR IN THE ALTERNATIVE TO STAY COOK'S MOTION FOR ORDER TO SHOW CAUSE – JOHNSON LAW GROUP**

Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe ApS ("Cook" or "the Cook Defendants") urge the Court to deny Johnson Law Group ("JLG")'s motion to strike (Dkt. 22865) Cook's Motion for Order to Show Cause (the "Show Cause Motion" or Cook's "Motion") on the Category 7(e) Plaintiffs represented by JLG who have failed to comply with Case Management Order 30 ("CMO 30") (*see* Exhibit B-2, Dkt. 22831-2). Instead, given the Court's recent order suspending compliance with CMO 30 (Dkt. 22859), Cook agrees that the Court should stay Cook's Motion until the Court rules on the Plaintiffs' Steering Committee (the "PSC")'s Motion for Relief From CMO-30, or in the Alternative, Motion to Amend CMO-30 (Dkt. 22064).

## ARGUMENT

### I. THE COURT SHOULD DENY JLG's MOTION TO STRIKE AS SPECULATIVE, PREMATURE, AND UNSUPPORTED.

JLG offers no good cause for the Court to strike Cook's Show Cause Motion. Generally, a motion to strike should be denied "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." *Mack v. HH Gregg, Inc.*, No. 1:08-cv-0664-DFH-DML, 2008 WL 4791007, at *1 (S.D. Ind. Nov. 3, 2008). No such prejudice exists or is alleged here. JLG's motion appears to assume that the Court will grant the PSC's motion regarding CMO 30, although the PSC's motion offers no sound ground to do so. And even if the Court were to alter some aspect of CMO 30 in response to the PSC's motion, there is no assurance that any such change would bring JLG's currently non-compliant clients into compliance. JLG's motion is speculative and premature.

JLG also offers no factual support for its motion to strike. Although JLG alleges it has "provided medical records, expert reports, and imaging to support the JLG Plaintiffs' compliance with CMO 30" (Dkt. 22865 at 2), since the time Cook filed its Reply, JLG has only provided medical evidence on behalf of <u>one</u> Plaintiff that was sufficient to meet the Court's CMO 30 requirements. *See* Declaration of Jessica B. Cox, attached hereto as **Exhibit A**, at ¶¶ 2-3.[1] JLG's unsupported assertion that it has "certified compliance for every case alleging a 7(e)-perforation injury" (*id.*) is simply inaccurate. As documented in Cook's Exhibit B-2 (Dkt. 22831-2), many of JLG's clients remain non-compliant. Absent the single exception noted above, JLG's

---

[1] The Cook Defendants agree that Plaintiff Nakia Reid (case no. 1:17-cv-4603, formerly no. 40) should now be removed from Exhibit B-2 (Dkt. 22831-2). However, Cook notes that Plaintiff Reid's medical evidence still does not provide proof of present physical impairment or harm as required by CMO 30.

"certification" does not provide the requisite evidence to satisfy CMO 30's requirements for purposes of Cook's Motion. The Court should therefore deny JLG's motion to strike.

## II. COOK'S SHOW CAUSE MOTION SHOULD BE STAYED ONLY UNTIL THE COURT RULES ON THE MERITS OF CMO 30.

While Cook agrees that a request for a stay on the Show Cause Motion is reasonable in light of the Court's extension of the CMO 30 deadline, the stay should remain in place only until the Court ultimately rules on the merits of the PSC's Motion for Reconsideration (Dkt. 22064). JLG has now had well over six months since the entry of CMO 30 to produce documentation that should have been included in each of its Category 7(e) Plaintiffs' initial filing. To the extent JLG alleges it is "severely prejudiced without having any guidance from the Court" regarding CMO 30 (Dkt. 22865 at 2), Cook notes:

> (1) Cook provided JLG with a full list of its non-compliant clients 23 days before filing the Show Cause Motion;
>
> (2) Cook granted JLG a three-week extension to cure outstanding deficiencies; and
>
> (3) To date, JLG continues to provide medical evidence for its non-compliant Plaintiffs.

Indeed, JLG concedes it has provided documentation "for over 80 Plaintiffs originally named on Cook's Ex. B." Dkt. 22865 at 2. JLG cannot now claim that it is severely prejudiced by the lack of ruling on the Motion for Reconsideration.

As JLG notes, once the Court confirms CMO 30's requirements, "all parties in the MDL will have a better understanding of how to move the MDL forward." Dkt. 22865 at 2-3. Cook respectfully requests the Court stay consideration of Cook's Show Cause Motion only until the Court's ruling on the PSC's motion for reconsideration to avoid even further delays in the MDL's progress.

## **CONCLUSION**

For the reasons discussed above, the Cook Defendants urge the Court to deny JLG's motion to strike Cook's Motion for Order to Show Cause and to stay Cook's Motion only until the Court rules on the PSC's motion for reconsideration of CMO 30.

Dated: October 21, 2022

                                              Respectfully submitted,

/s/  *Jessica Benson Cox*
Andrea Roberts Pierson
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:         (317) 237-0300
Facsimile:           (317) 237-1000
andrea.pierson@faegredrinker.com
jessica.cox@faegredrinker.com


James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:         (260) 424-8000
Facsimile:           (260) 460-1700
stephen.bennett@faegredrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe APS*

## CERTIFICATE OF SERVICE

I certify that on October 21, 2022, a copy of the foregoing **THE COOK DEFENDANTS' RESPONSE IN OPPOSITION TO JOHNSON LAW GROUP'S MOTION TO STRIKE OR IN THE ALTERNATIVE TO STAY COOK'S MOTION FOR ORDER TO SHOW CAUSE – JOHNSON LAW GROUP** was filed electronically. Parties may access this filing through the Court's electronic records system.

/s/ Jessica Benson Cox  
Jessica Benson Cox