UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ This Document Relates to: Joshua Allred, 1:22-cv-00103 _____ | 1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ENTRY ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS (collectively "the Cook Defendants" or "Cook") manufacture and sell inferior vena cava ("IVC") filters, which are used to prevent pulmonary embolism. Plaintiff, Joshua Allred, was implanted with a Cook IVC filter in August 2008 and alleges he was harmed by the device. The Cook Defendants move for judgment on the pleadings on grounds that his claims are barred by North Carolina's six-year statute of repose. The court, having reviewed the parties' submissions and the applicable law, **GRANTS** the Cook Defendants' motion.

**I.    Background**

Plaintiff is a North Carolina resident who was implanted with a Cook Celect Vena Cava Filter on August 28, 2008, by Dr. William Newton III at Wake Forest Baptist University Medical Center in Winston-Salem, North Carolina. (Filing No. 1, Short Form

1

Compl. ¶¶ 10-13). He filed the present action on January 14, 2022. He alleges he would have filed the action in the Middle District of North Carolina, Greensboro Division, absent the MDL. (*Id.* ¶ 7).

## II. Standard of Review

Under Rule 12(c), "a party may move for judgment on the pleadings . . . [a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). "To survive a motion for judgment on the pleadings, a complaint must state a claim to relief that is plausible on its face." *Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 397 (7th Cir. 2018) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In determining whether a complaint is facially plausible, the court draws all reasonable inferences and facts in favor of the non-moving party. *Bishop*, 900 F.3d at 397.

## III. Discussion

The Cook Defendants contend that Plaintiff's personal injury claims are barred by North Carolina's statute of repose. For the reasons explained below, the Cook Defendants are correct.

North Carolina has a 12-year statute of repose that was extended from six years by a statutory change that took effect on October 1, 2009. *Compare* N.C. Gen. Stat. § 1-

46.1(1), *with* N.C. Gen. Stat. § 1-50-1 (repealed).  The enlargement of the repose period to 12 years did not have retroactive effect for claims involving products used prior to that time.  *Robinson v. Bridgestone/Firestone N. Am. Tire, LLC*, 703 S.E.2d 883, 886–87 (N.C. 2011).  As Plaintiff received his Celect filter before October 1, 2009, the operative statutory period is six years.

Plaintiff contends that his injury, based on a finding that an anterior strut had fractured and perforated the wall of his IVC (Filing No. 21334-1), is analogous to a "latent disease," and therefore the North Carolina statute of repose does not apply to his claims.  The latent disease exception is "limited to diseases that 'develop over long periods of time after multiple exposures to offending substances which are thought to be causative agents,' [and] where it 'is impossible to identify any particular exposure as the first injury.'"  *In re Mentor Corp. ObTape Transobturator Sling Prods. Liab. Litig.*, No. 4:08-MD-2004, 2016 WL 873854, at *2 (M.D. Ga. March 4, 2016) (quoting *Hyer v. Pittsburgh Corning Corp.*, 790 F.2d 30, 33 (4th Cir. 1986)).  An apt example is asbestosis.  *Wilder v. Amatex Corp.*, 336 S.E.2d 66, 73 (N.C. 1985) (holding North Carolina's prior 10-year statute of repose did not apply to plaintiff's personal injury claim related to the disease of asbestosis).

Plaintiff does not allege he suffered from a "disease" that developed unnoticed over a long period of time following multiple exposures to toxic agents.  Instead, his claims arise from alleged complications which arose from a single medical device implanted in his body.  The rationale for the latent disease exception does not apply.  *In re Mentor Corp.*, 2016 WL 873854 at *2 ("[P]laintiff's claim is not a claim arising from

3

disease that developed over many years after multiple exposures to a toxic substance; it is a claim arising from complications she contends were caused by a medical device that was implanted in h[is] body.").

Under N.C. Gen. Stat. § 1-50(a)(6), no personal injury claims "based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption." N.C. Gen. Stat. § 1-50(a)(6). Therefore, a personal injury cause of action based on a product defect must be brought within six years of the date when the product was initially purchased for use or consumption. *Robinson*, 703 S.E.2d at 887 (finding that to bring a claim related to an allegedly defective tire, the plaintiffs had to prove that the "tire was initially purchased within six years of the filing of the complaint").

Here, it is undisputed that Plaintiff's Celect filter was initially purchased for use on August 28, 2008, at the latest, when the filter was implanted in his body. Plaintiff did not file his Complaint until over 12 years later, on January 14, 2022. His personal injury claims are therefore barred by the North Carolina statute of repose.

### III. Conclusion

Plaintiff's claims are barred by the North Carolina statute of repose. The Cook Defendants' Motion for Judgment (Filing No. 21177) is **GRANTED**.

**SO ORDERED** this 2nd day of November 2022.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record

4