UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ This Document Relates to: Blake Newton, 1:18-cv-01663 _____ | 1:14-ml-02570-RLY-TAB MDL No. 2570 |

### ENTRY ON THE COOK DEFENDANTS' AMENDED MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28

Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS (collectively "the Cook Defendants" or "Cook") manufacture and sell inferior vena cava ("IVC") filters, which are used to prevent pulmonary embolism. Plaintiff, Blake Newton, was implanted with a Cook IVC filter in September 2008 and alleges he was harmed by the device. The Cook Defendants move for judgment on the pleadings on grounds that his claims are barred by North Carolina's six-year statute of repose. The court, having reviewed the parties' submissions and the applicable law, **GRANTS** the Cook Defendants' motion.

**I.     Background**

Plaintiff is a North Carolina resident who was implanted with a Cook Celect Vena Cava Filter on September 17, 2008, at the Duke University Hospital in Durham, North

Carolina. (Filing No. 1, Short Form Compl. ¶¶ 10-12). Plaintiff filed the present action on June 1, 2018. (*See id.*).

## II.    Standard of Review

Under Rule 12(c), "a party may move for judgment on the pleadings . . . [a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014). "To survive a motion for judgment on the pleadings, a complaint must state a claim to relief that is plausible on its face." *Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 397 (7th Cir. 2018) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In determining whether a complaint is facially plausible, the court draws all reasonable inferences and facts in favor of the non-moving party. *Bishop*, 900 F.3d at 397.

## III.    Discussion

Prior to 2009, North Carolina's statute of repose[1] provided that no personal injury claims "based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or

---

[1] "A statute of repose is a substantive limitation and is a condition precedent to a party's right to maintain a lawsuit." *Robinson v. Bridgestone/Firestone N. Am. Tire,* LLC, 703 S.E.2d 883, 886-87 (N.C. 2011) (quoting *Tipton & Young Constr. Co. v. Blue Ridge Structure Co.*, 446 S.E.2d 603, 605 (1994), *aff'd per curiam*, 456 S.E.2d 308 (1995)).

2

consumption." N.C. Gen. Stat. § 1-50(a)(6). On October 1, 2009, the North Carolina legislature repealed § 1-50(a)(6) and enacted a new, twelve-year statute of repose. *See* N.C. Gen. Stat. § 1-46.1(1) (identical statutory text, with repose period extended to 12 years). The new repose period applies only "to causes of action that accrue on or after" October 1, 2009. *Robinson v. Bridgestone/Firestone N. Am. Tire, LLC*, 703 S.E.2d 883, 886-87 (N.C. 2011). The new repose period does not have retroactive effect for claims involving products used prior to that time. *Id.* at 887.

Cook argues Plaintiff's product liability claims are barred under North Carolina's six-year statute of repose because Plaintiff was implanted with the Celect filter prior to October 1, 2009. Plaintiff argues that his claims did not accrue until long after the twelve-year statute of repose took effect.

The plain language of North Carolina's statute of repose provides that the repose period begins to run on "the date of initial purchase for use or consumption." N.C. Gen. Stat. § 1-46.1(1); *see also* N.C. Gen. Stat. § 1-50(a)(6) (repealed 2009); *Robinson*, 703 S.E.2d at 887 (noting the repose period began to run when the adult plaintiffs initially purchased the defective tire). As observed by a North Carolina federal district court, "courts applying North Carolina law have consistently applied [the] six-year statute of repose in cases where the product in question was first purchased or delivered, as here, before October 1, 2009." *Cramer v. Ethicon, Inc.*, Case No. 1:20-cv-95-MOC-WCM, 2021 WL 243872, at *4 (W.D.N.C. Jan. 25, 2021); *see also Lackey v. DePuy Orthopedics*, Case No. 5:10-cv-00030-RLV-DSC, 2011 WL 2791264, at *3 (W.D.N.C. July 14, 2011) (applying six-year statute of repose in hip case because it "was in effect at

3

the time Plaintiff purchased the allegedly defective product"). Therefore, North Carolina's six-year statute of repose set forth in the now-repealed N.C. Gen. Stat. § 1-50(a)(6) applies.

Plaintiff next argues that "Cook's fraudulent concealment of material information as to the defects and complications of the IVC filter did not resolve until October 1, 2014, at the earliest." (Filing No. 21830, Pl.'s Resp. at 3). Therefore, because he filed his Short Form Complaint on June 1, 2018, his claims are timely under the six-year (or twelve-year) statute of repose.

Plaintiff is mistaken. "Substantive rights, such as those created by the statute of repose are not subject to tolling." *Stallings v. Gunter*, 394 S.E.2d 212, 216 (N.C. Ct. App. 1990) (citing Restatement of Law 2d, *Torts* § 899, Comment g (1979)). Therefore, "fraudulent concealment . . . cannot operate to toll the running of the statute of repose." *Id.*; *Monson v. Paramount Homes, Inc.*, 515 S.E.2d 445, 449 (N.C. Ct. App. 1999) (noting "equitable doctrines do not toll substantive rights created by statutes of repose").

The latest date on which Plaintiff's Celect filter could have been purchased for use or consumption was the date of his implantation surgery, September 17, 2008, more than a year before the effective date of N.C. Gen. Stat. § 1-46.1(1). Therefore, Plaintiff's claims are barred as a matter of law by North Carolina's six-year statute of repose.

**III.   Conclusion**

For the reasons set forth above, the Cook Defendants' Amended Motion for Judgment in Plaintiff's Case (Filing No. 21744) is **GRANTED**.

**SO ORDERED** this 2nd day of November 2022.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record