IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

IN RE: COOK MEDICAL INC, IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Civil No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

---

This Document Relates to

Whitney Tucker,
Civil Case No. 1:19-cv-3546-RLY-TAB

---

## COOK DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE COOK RESPONSE TO MOTION TO WITHDRAW AS COUNSEL OF RECORD OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME FOR THE FILING OF THAT RESPONSE

Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe ApS (collectively "Cook" or "the Cook Defendants") submit this response to the Motion by the attorneys for Plaintiff Whitney Tucker to strike Cook's response to those attorneys' motion withdraw as counsel of record. Cook urges the Court to deny the motion and to consider the facts and arguments Cook offers in that response. In the alternative, Cook asks the Court to extend the time for filing of Cook's response to the attorneys' motion to withdraw by one day, to December 2, 2022.

As Plaintiffs' attorneys note, they filed a motion to withdraw from their representation of Plaintiff Whitney Tucker on Friday, December 9, 2022. Dkt. 23165. Under CMO 18, Cook's response to the motion was due on Monday, December 19, 2022. Dkt. 12131 at 3. Because of an internal administrative error, Cook did not file its response until the morning of Tuesday,

1

December 20, less than 12 hours after the midnight December 19 deadline. Dkt. 23193. Cook's response pointed out several facts omitted from Plaintiff's attorneys' motion, including the fact that Judge Young has designated the *Tucker* case as the next bellwether trial in this MDL. *See* Dkt. 15886; Dkt. 15886-1 at 14.

Plaintiff's attorneys have now moved the Court to strike Cook's response as untimely. Dkt. 23212. Cook urges the Court to deny Plaintiff's attorneys' motion to strike because of the lack of any arguable prejudice to Plaintiff's attorneys and because of the importance of the *Tucker* case in this MDL.

First, Plaintiff's attorneys do not claim that they or their client have suffered any prejudice from Cook's filing of its response on December 20, nor could they make such a claim. Plaintiff's attorneys remain free to file a reply in support of their motion, and if they needed additional time for such a reply, Cook will certainly agree to it. But Plaintiff's attorneys do not assert that they would need more time to reply; indeed, they promise a reply by December 27. *See* Dkt. 23212 at 2. Nor do Plaintiff's attorneys claim that they or their client have experienced any prejudice, however slight, from receiving Cook's response on the morning of December 20 instead of the night of December 19. Absent any prejudice, the Court should deny the motion. *See, e.g., Lycurgan, Inc. v. Rood*, No. 3:13-CV-1331-JD, 2014 WL 4261133, at *3 (N.D. Ind. Aug. 28, 2014) (denying motion to strike late-filed amended complaint where "there is simply no showing of bad faith," "defendants' claimed prejudice is exaggerated," and "[t]he deadline was missed by hours, not days, weeks, or months"); *Large v Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2008 WL 4238963, at *9 (N.D. Ind. Sept. 10, 2008) (dismissing objection to motions filed a few hours after midnight deadline where objector "has not alleged any prejudice from this late filing," noting "it is clear that the violation was harmless").

2

Moreover, Judge Young has designated the *Tucker* case for a bellwether trial in 2023, and Cook submits that that fact requires that the Court have the full procedural picture when it considers the motion to withdraw, including the information and arguments contained in Cook's response. A withdrawal of counsel at this late date for a plaintiff in a bellwether trial, especially without any proposed substitute attorney, unavoidably threatens to disrupt the planned bellwether trial, with potential broader consequences on the broader MDL.

Finally, Plaintiff's attorneys err in assuming in their motion to strike that Cook's late December 20 filing automatically means their motion to withdraw will be granted. *See* Dkt. 23212 at 2. Even without a response, the Court will not grant a motion without examining its substance and support. *See, e.g.,* United States v. Miller, No. 3:14-CV-1696-RLM-CAN, 2016 WL 70834, at *2 (N.D. Ind. Jan. 5, 2016) ("That a motion for summary judgment is unopposed doesn't change the summary judgment standard, and the court still conducts "more than just a cursory review of the filings" and scrutinizes the movant's factual submissions in order to "determine that the motion is sound and within the parameters of the law.") (citations omitted); *United States v. Snyder,* No. 2:16-CR-160, 2021 WL 369674, at *3 (N.D. Ind. Feb. 3, 2021) (noting even unopposed procedural motion "still requires the approval of the court"). Here, as noted above, the requested withdrawal threatens impacts on the MDL bellwether process, a factor the Court would consider *sua sponte* if necessary. In addition, although Plaintiff's attorney's motion asserts that Plaintiff wishes to discharge them as her attorneys, the record contains no declaration or other submission documenting that fact or any of the circumstances surrounding it.

For these reasons, Cook urges the Court to deny Plaintiff's attorneys' motion to strike Cook's response and to decide the motion to withdraw on its merits based on all the submissions. In the alternative, for the same reasons set out above, Cook urges the Court to grant Cook a one-

day extension, until December 20, 2022, to file its response to Plaintiff's attorneys' motion to withdraw, and to accept the response as filed on that date.

Respectfully submitted,

Dated: December 22, 2022

/s/ Andrea Roberts Pierson
Andrea Roberts Pierson
Jessica Benson Cox
FAEGRE DRINKER, BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@faegredrinker.com
Jessica.Cox@faegredrinker.com

Bruce Jones
FAEGRE DRINKER, BIDDLE & REATH LLP
90 South Seventh Street, Suite 2200
Minneapolis, Minnesota 55402
Telephone: (612) 766-7000
Bruce.Jones@faegredrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, William Cook Europe ApS*

## CERTIFICATE OF SERVICE

    I hereby certify that on December 22, 2022, a copy of the foregoing Cook Defendants' Memorandum in Support of Motion For Partial Summary Judgment on Punitive Damages Claim was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

                                                       /s/    Andrea Roberts Pierson