UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| *In Re:* COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to
Whitney Tucker,
Civil Case No. 1:19-cv-3546-RLY-TAB

**REPLY IN FURTHER SUPPORT OF
MOTION TO WITHDRAW AS COUNSEL OF RECORD**

Thomas P. Cartmell, Andrew N. Faes, and the law firm of Wagstaff & Cartmell, LLP, counsel of record for Plaintiff, Whitney Tucker, submit their reply to the Cook Defendants' Response to Motion to Withdraw as Counsel of Record ("the Motion"). As an initial matter, Defendants' Response to the Motion (Dkt. 23193) is untimely, and Plaintiff requests that the Court disregard Defendants' belated response and/or deem Defendants' failure to timely file a Response as consent to granting of Plaintiff's Motion. In support of this request, Plaintiff adopts and incorporates her Motion to Strike Defendants' Response. (Dkt. 23212). In the alternative, Plaintiff provides the following additional reply in support of the Motion.

The Rules of Professional Conduct state that, when terminating a representation, a "lawyer must comply with applicable law requiring notice to or permission of a tribunal." Ind. RPC Rule 1d.16(c). Local Rule 83-7(b), in turn, sets forth the requirements for the withdrawal of appearance

1

by counsel in the Southern District of Indiana. The Motion at issue fully complies with those requirements. While Defendants suggest otherwise, Rule 83-7(b) does not require "clarification and certainty about what Plaintiff Whitney actually wants." It simply requires "satisfactory evidence that that the attorney provided the client with written notice of his or her intent to withdraw" Rule 83-7(b) (*See* Dkt. 23165-1, Ex. A attached to the Motion to Withdraw). Rule 83-7(b) also anticipates situations in which "an attorney's withdrawal will leave a party without counsel," requiring that the attorney seeking to withdraw provide the party's contact information," something counsel for Plaintiff have done. (*See* Dkt.23165-1, at ¶ 3). It does not, however, require the attorneys to "suggest that any other attorney will assume" Plaintiff's representation, as Defendants also suggest.

Noticeably, "the decision whether a motion to withdraw should be granted is left to the trial court's discretion." *Smith v. Smith*, 779 N.E.2d 6, 8 (Ind. Ct. App. 2002). "The trial court may refuse a motion for permission to withdraw if the court determines that there will be a resultant delay in the administration of justice." *Id*. In their response, Defendants do not argue that granting the Motion will cause a delay in the administration of justice. Rather, Defendants maintain that, because of their "concerns" about the status of this case, the timing of the request, and Plaintiff's desires and intentions concerning her attorneys, any relief granted on the Motion should be subject to certain conditions, including giving Plaintiff only 14 days[1] to either find new counsel or voluntarily dismiss her case. But even putting aside Defendants' arbitrary deadline, none of their proposed conditions find any support in any case law, and Defendants cite no authority in support of the arbitrary imposition of such conditions, especially the one related to costs and fees. Because of that, this Court should reject Defendants' proposal to condition any relief granted on the Motion.

Moreover, in their response, Defendants raise unfounded concerns that do not justify

---

[1] The Rules of Professional Conduct require that, "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as … allowing time for employment of other counsel." Rule 1.16(d). Yet, contrary to the Rules of Professional Conduct, Defendants would arbitrarily limit the time for Plaintiff to find another attorney based on speculative concerns about her case.

2

imposing new obligations on counsel for Plaintiff or the imposition of arbitrary conditions on any relief granted. For example, Defendants claim they have concerns about Plaintiff's desires and intentions about her attorney. However, counsel for Plaintiff provided written notice of their intent to withdraw, as required by Rule 83-7. The timing of this request is also besides the point because, as Defendants themselves concede, this case has not yet been formally scheduled for trial. On the other hand, denying counsel for Plaintiff the relief sought and imposing such arbitrary conditions based on unfounded concerns would not only be unfair and unjust given counsel's compliance with the rules, but it would also not be in the best interest of justice.

In sum, the Motion filed by counsel for Plaintiff fully complies with the requirements set forth in Rule 83-7, and besides unfounded concerns, Defendants offer no basis in fact or law for conditioning any relief granted on the Motion. For these reasons, the Court should grant the Motion and allow counsel for Plaintiff to withdraw their appearance unconditionally.

**Dated**: December 27, 2022.                    Respectfully submitted,


                                            **WAGSTAFF & CARTMELL LLP**


                                       By     /s/ Andrew N. Faes
                                                Andrew N. Faes
                                                Thomas P. Cartmell
                                                Wagstaff & Cartmell LLP
                                                4740 Grand Ave., Suite 300
                                                Kansas City, MO 64112
                                                Phone: (816) 701-1100
                                                afaes@wcllp.com
                                                tcartmell@wcllp.com

                                            ***Attorneys for Plaintiff Whitney Tucker***

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2022, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ Andrew N. Faes<br>
Attorney