UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS   LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Johnson, Crystal, 1:18-cv-00640

**DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF CRYSTAL JOHNSON'S CASE PURSUANT TO CMO-28**

Under Fed. R. Civ. P. 12(c) and CMO-28, the Cook Defendants move for judgment in Plaintiff's case, which alleges multiple injuries based on a purportedly perforating IVC filter.

1. <u>Plaintiff's Name</u>:  Crystal Johnson

2. <u>Case Number</u>:  1:18-cv-00640

3. <u>Filing Jurisdiction</u>:  Southern District of Indiana

4. <u>Plaintiff's Home State per Complaint</u>: Pennsylvania (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. <u>Applicable Choice of Law Rules</u>:  Pennsylvania

6. <u>Applicable Statute of Limitations</u>:  Pennsylvania (2 years), 42 Pa. Cons. Stat. § 5524 ("[An action to recover injuries to the person] must be commenced within two years.").

7. <u>Filter Placement Date</u>:  May 1, 2009

8. <u>Latest Possible Date of Accrual</u>:  August 28, 2009 (*see* Categorization Medical Records, attached as **Exhibit A** and filed under seal, noting "[r]ight proximal ureteral obstruction due to prong of inferior vena cava filter impinging on the right ureter" and "excision of prong of inferior vena cava filter.")[1]

9. <u>Filing Date</u>:  March 2, 2018

10. <u>Length of Time Between Claim Accrual and Filing</u>:  8 years, 6 months, 2 days

**BRIEF ARGUMENT**

Plaintiff's personal injury claims are barred under Pennsylvania law because she filed her case more than two years after she presented to the hospital with abdominal and flank pain, was diagnosed with a perforating IVC filter that was impinging her right ureter, was informed that her filter could not be endovascularly retrieved, and underwent a surgical procedure performed in part to address the filter prong impinging her ureter. *See supra*, ¶¶ 8-10; *see also* Ex. A at 8-9.  This

---

[1] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion.  *See* Dkt. 18018 (granting motion filed under CMO-28 and stating, "Plaintiff's operative report is considered part of the pleadings . . . .").

- 2 -

Court has dismissed cases as untimely under Pennsylvania law where the plaintiff was aware of the claimed injury and its relationship to the filter more than two years before filing the case. *See* Dkt. 19408 (dismissing case where plaintiff underwent an unsuccessful filter retrieval more than two years before filing case); Dkt. 21869 (dismissing case where plaintiff learned his filter had fractured more than two years before filing case). The Court should do the same here.

Under Pennsylvania law, "[a] cause of action accrues, and thus the applicable limitations period begins to run, when an injury is inflicted." *Kennedy v. Ethicon, Inc.*, 2020 WL 4050459, at *7 (E.D. Pa. July 20, 2020). Commencement of the limitations period does not require "notice of the full extent of the injury, the fact of actual negligence, or precise cause." *Nicolaou v. Martin*, 195 A.3d 880, 893 (Pa. 2018). Indeed, where the case involves an implantable medical device, a claim accrues when the plaintiff learns that she suffered an injury and that said injury shares some causal relationship to the medical device at issue. *See Kennedy*, 2020 WL 4050459, at *15.

Here, Plaintiff indisputably knew of her alleged injuries and their relation to the filter more than two years before filing her case. Plaintiff was admitted to Mercy Fitzgerald Hospital on July 31, 2009 with abdominal and right-sided flank pain. Ex. A at 8. A CAT scan of her abdomen and pelvis demonstrated that Plaintiff's filter was perforating the vena cava and that one of the filter's prongs was impinging her right proximal ureter, causing hydroureteronephrosis. *Id.* During a subsequent hospital admission on August 11, 2009, doctors determined that Plaintiff's filter could not be removed endovascularly. *Id.* Accordingly, on August 28, 2009, Plaintiff underwent a surgical procedure that was performed in part to excise the filter prong that was obstructing Plaintiff's ureter. *Id.* at 8-9. Plaintiff therefore knew—at the latest—of her claimed injuries and their relationship to the filter on August 28, 2009, when she underwent the surgery to remove the prong impinging her ureter. *See Kennedy*, 2020 WL 4050459, at *15; *see also* Dkt. 18018

(dismissing case as time-barred under Ohio law where plaintiff filed his case more than two years after an open surgery).  Plaintiff did not file her case until March 2, 2008—more than six years too late.[2]

Plaintiff's implied warranty claim fails because Pennsylvania law bars implied warranty claims in medical device cases.[3]  *See* Dkt. 14809 at 5 (citing *Soufflas v. Zimmer, Inc.*, 474 F. Supp. 2d 737, 752 (E.D. Pa. 2007)).

Plaintiff's consumer protection and express warranty claims fail as well.  The Court has ruled that these claims are not adequately pled in the Master Complaint.[4]  *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty).  Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims.  Thus, Plaintiff has failed to plead a viable state consumer-protection claim or a viable express warranty claim.  Plaintiff's claim for punitive damages fails as derivative.

---

[2] To the extent Plaintiff claims or may claim other complications or injuries, the statute of limitations bars those claims as well because they do not constitute new or separate claims under Pennsylvania law.  *See, e.g.*, *Orozco by Orozco v. Children's Hosp. of Philadelphia*, 638 F. Supp. 280, 282 (E.D. Pa. 1986) ("[O]nce the statute of limitations begins to run on an injury claim it also runs with respect to related injuries arising from the same negligent conduct, even if the related injuries are not immediately ascertainable.").

[3] Plaintiff's implied- and express-warranty claims are also untimely. Under Pennsylvania law, warranty claims must be brought within four years of the date of sale.  *See* 42 Pa. Cons. Stat. § 5525; 13 Pa. Cons. Stat. § 2275.  Pennsylvania law does not apply the discovery rule to breach-of-warranty actions.  *See, e.g.*, *McCracken v. Ford Motor Co.*, 588 F. Supp. 2d 635, 642 (E.D. Pa. 2008).  Because Plaintiff filed her action nearly nine years after receiving her filter, her warranty claims are time-barred.  *See* Dkt. 19408 at 4-5 (dismissing plaintiff's warranty claims as untimely under Pennsylvania law).

[4] Plaintiff's express warranty claim also fails for failure to specifically identify the alleged express warranty and how she relied on it in deciding to use the product.  *See Runner v. C.R. Bard*, 108 F. Supp. 3d 261, 267 (E.D. Pa. 2015) (holding plaintiff failed to adequately plead an express warranty claim where she could not point out specific language on which she relied or how her reliance related to her decision to buy the product).

Respectfully submitted,

Dated: March 13, 2023

/s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2023, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF CRYSTAL JOHNSON'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*