# EXHIBIT C

FILED
RICHARD W. NAGEL
CLERK OF COURT

2023 JAN 19 PM 5:18

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

In Re:

COURT OPERATIONS UNDER THE
EXIGENT CIRCUMSTANCES            :    **GENERAL ORDER NO. 23-01**
CREATED BY COVID-19 WITH RESPECT
TO VIDEO TELECONFERENCING FOR
**CRIMINAL PROCEEDINGS**

This Court issues this General Order, as one in a series of General Orders, in response to the ongoing spread of the Coronavirus Disease (COVID-19) in the Southern District of Ohio and elsewhere. There have been approximately one hundred one million, five hundred eighteen thousand, two hundred twenty-nine confirmed cases of COVID-19 throughout the United States, more than three million, three hundred thirty-one thousand, six hundred fifty-one total cases across Ohio, and of that total, over one million, seven hundred forty-seven thousand, five hundred fifty-two cases in the Southern District of Ohio, with seats of Court in Columbus, Cincinnati, and Dayton. On March 13, 2020, the President declared a National Emergency relating to COVID-19, which remains in place as of the date of this Order.

Due to COVID-19 and its impact on institutions, including the judiciary and its administration of justice, Congress has passed legislation authorizing the use of video and telephone conferencing, under certain circumstances and with the consent of the defendant, for various criminal case events during the course of the COVID-19 emergency. *See* The CARES Act, H.R. 748 Section 15002 *et seq.* The Judicial Conference of the United States has also found that emergency conditions due to the national emergency declared by the President have affected and will materially affect the functioning of the federal courts generally.

On March 30, 2020, I, as Chief Judge of this District, issued General Order 20-07, authorizing the use of video conferencing, or telephone conferencing if video conferencing was not reasonably available, for all criminal proceedings listed in Section 15002(b) of the CARES Act. In addition, pursuant to Section 15002(b)(2), I found that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure could not be conducted in person in this District without seriously jeopardizing public health and safety. General Order 20-07 expired on June 30, 2020.

On May 29, 2020, I issued General Order 20-18, which extended the operative effect of the authorizations in General Order 20-07. More specifically, General Order 20-18 authorized the use of video conferencing, or telephone conferencing if video conferencing was not reasonably available, for all criminal proceedings listed in Section 15002(b) of the CARES Act, and did so for a period of ninety days after the issuance of that General Order. General Order 20-18 expired on August 27, 2020.

On August 20, 2020, I issued General Order 20-26, which extended the operative effects of the authorizations in General Orders 20-07 and 20-18. General Order 20-26 authorized the use of video conferencing, or telephone conferencing if video conferencing was not reasonably available, for all criminal proceedings listed in Section 15002(b) of the CARES Act, and did so for a period of ninety days after the issuance of that General Order. General Order 20-26 expired on November 18, 2020.

On November 17, 2020, I issued General Order 20-35, which extended the operative effects of General Orders 20-07, 20-18, and 20-26. General Order 20-35 authorized the use of video conferencing, or telephone conferencing if video conferencing was not reasonably available, for all criminal proceedings listed in Section 15002(b) of the CARES Act, and did so for a period of

ninety days after the issuance of that General Order. General Order 20-35 expired on February 15, 2021.

On February 11, 2021, I issued General Order 21-05 which extended the operative effects of General Orders 20-07, 20-18, 20-26, and 20-35. General Order 21-05 authorized the use of video conferencing, or telephone conferencing if video conferencing was not reasonably available, for all criminal proceedings listed in Section 15002(b) of the CARES Act, and did so for a period of ninety days after the issuance of that General Order. General Order 21-05 expired on May 12, 2021.

On May 11, 2021, I issued General Order 21-12 which extended the operative effects of General Orders 20-07, 20-18, 20-26, 20-35, and 21-05. General Order 21-12 authorized the use of video conferencing, or telephone conferencing if video conferencing was not reasonably available, for all criminal proceedings listed in Section 15002(b) of the CARES Act, and did so for a period of ninety days after the issuance of that General Order. General Order 21-12 expired on August 9, 2021.

On August 6, 2021, I issued General Order 21-19, which extended the operative effects of General Orders 20-07, 20-18, 20-26, 20-35, 21-05, and 21-12. General Order 21-19 authorized the use of video conferencing, or telephone conferencing if video conferencing was not reasonably available, for all criminal proceedings listed in Section 15002(b) of the CARES Act, and did so for a period of ninety days after the issuance of that General Order. General Order 21-19 expired on November 4, 2021.

On November 2, 2021, I issued General Order 21-23, which extended the operative effects of General Orders 20-07, 20-18, 20-26, 20-35, 21-05, 21-12, and 21-19. General Order 21-23 authorized the use of video conferencing, or telephone conferencing if video conferencing was not

reasonably available, for all criminal proceedings listed in Section 15002(b) of the CARES Act, and did so for a period of ninety days after the issuance of that General Order. General Order 21-23 expired on January 31, 2022.

On January 31, 2022, I issued General Order 22-06, which extended the operative effects of General Orders 20-07, 20-18, 20-26, 20-35, 21-05, 21-12, 21-19, and 21-23. General Order 22-06 authorized the use of video conferencing, or telephone conferencing if video conferencing was not reasonably available, for all criminal proceedings listed in Section 15002(b) of the CARES Act, and did so for a period of ninety days after the issuance of that General Order. General Order 22-06 expired on May 1, 2022.

On April 29, 2022, I issued General Order 22-14, which extended the operative effects of General Orders 20-07, 20-18, 20-26, 20-35, 21-05, 21-12, 21-19, 21-23, and 22-06. General Order 22-14 authorized the use of video conferencing, or telephone conferencing if video conferencing was not reasonably available, for all criminal proceedings listed in Section 15002(b) of the CARES Act, and did so for a period of ninety days after the issuance of that General Order. General Order 22-14 expired on July 29, 2022.

On July 26, 2022, I issued General Order 22-18, which extended the operative effects of General Orders 20-07, 20-18, 20-26, 20-35, 21-05, 21-12, 21-19, 21-23, 22-06, and 22-14. General Order 22-18 authorized the use of video conferencing, or telephone conferencing if video conferencing was not reasonably available, for all criminal proceedings listed in Section 15002(b) of the CARES Act, and did so for a period of ninety days after the issuance of that General Order. General Order 22-18 expired on October 23, 2022.

On October 21, 2022, I issued General Order 22-21, which extended the operative effects of General Orders 20-07, 20-18, 20-26, 20-35, 21-05, 21-12, 21-19, 21-23, 22-06, 22-14, and 22-

18. General Order 22-21 authorized the use of video conferencing, or telephone conferencing if video conferencing was not reasonably available, for all criminal proceedings listed in Section 15002(b) of the CARES Act, and did so for a period of ninety days after the issuance of that General Order. General Order 22-21 is scheduled to expire on January 19, 2023.

The end of the period specified in General Order 22-21 is now approaching. Section 15002(b)(3)(B) of the CARES Act thus requires me to determine whether an additional extension of the previous authorizations that I issued under that Act is warranted. Based on my review of the current situation, I find that the continuing spread of COVID-19 throughout this District, the emergence of several new more virulent variants of the COVID-19 virus, most notably the Omicron variant and its permutations, and the ongoing harm that the disease is causing to persons residing in this District, constitutes an ongoing emergency condition that warrants an extension of the authorizations set forth in General Order 22-21 (which itself was an extension of the authorizations in General Orders 20-07, 20-18, 20-26, 20-35, 21-05, 21-12, 21-19, 21-23, 22-06, 22-14, and 22-18). Accordingly, I now find as follows:

As Chief Judge, and pursuant to Section 15002(b)(1) of the CARES Act, I hereby authorize the use of video conferencing, or telephone conferencing if video conferencing is not reasonably available, for all events listed in Section 15002(b) of the legislation to wit:

    a) Detention hearings under Section 3142 of title 18, United States Code.

    b) Initial appearances under Rule 5 of the Federal Rules of Criminal Procedure.

    c) Preliminary hearings under Rule 5.1 of the Federal Rules of Criminal Procedure.

    d) Waivers of indictment under Rule 7(b) of the Federal Rules of Criminal Procedure.

    e) Arraignments under Rule 10 of the Federal Rules of Criminal Procedure.

    f) Probation and supervised release revocation proceedings under Rule 32.1 of the Federal Rules of Criminal Procedure.

g) Pretrial release revocation proceedings under Section 3148 of title 18, United States Code.

h) Appearances under Rule 40 of the Federal Rules of Criminal Procedure.

i) Misdemeanor pleas and sentencings as described in Rule 43(b)(2) of the Federal Rules of Criminal Procedure.

j) Proceedings under Rule 403 of title 18, United States Code (commonly known as the "Federal Juvenile Delinquency Act"), except for contested transfer hearings and juvenile delinquency adjudication or trial proceedings.

Additionally, pursuant to Section 15002(b)(2), I, as Chief Judge, on my own motion, further specifically find that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person in this District without seriously jeopardizing public health and safety. As a result, if any judge in an individual case finds, for specific reasons, that a felony plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice, the judge may, with the consent of the defendant after consultation with counsel, use video conferencing, or teleconferencing if video conferencing is not reasonably available, for the felony plea or sentencing in that case. Judges may also use this authority for equivalent events in juvenile cases as described in Section 15002(b)(2)(B), with the consent of the juvenile after consultation with counsel.

Pursuant to Section 15002(b)(3) of the CARES Act, this Order, which is effective immediately, will remain in effect for 90 days unless terminated earlier. If emergency conditions continue to exist 90 days from the date of this Order, or if the President's emergency declaration remains in effect, along with the Judicial Conference's finding that the emergency conditions will materially affect the functioning of the federal courts, the Chief Judge will review this Order and

determine whether to extend it. Such review will occur not less frequently than once every 90 days, until the last day of the covered emergency period or until the Chief Judge determines that this authorization is no longer warranted.

**IT IS SO ORDERED.**

DATED:  January 19, 2023

_____
ALGENON L. MARBLEY
**CHIEF UNITED STATES DISTRICT JUDGE**