# EXHIBIT D



# MULTIDISTRICT LITIGATION POST COVID-19

*by, Lexicon Legal (https://www.lexiconlegalcontent.com/)*

There is a coming wave of litigation related to the coronavirus. It has already started in small measure: an occasional challenge to a government order or preliminary filings to secure insurance coverage. But many of these new legal issues have not been addressed substantively by the courts. Many judges are unwilling to overturn emergency orders entered in good faith by government officials who are trying to save lives.

Many of the complex litigation cases have not even gotten to court yet, due to logistical delays caused by court shutdowns and limited access under COVID-19 restrictions. And so the COVID-19 cases trickle into court, with an obvious deluge of litigation behind them that will keep the civil courts busy for years to come. The large cases involving broad legal issues are likely to land in federal court. Litigators must be prepared to tackle one of the first procedural issues in a federal civil case: certification of the case for multidistrict litigation.

## WILL GROUPING BE ALLOWED TO CREATE MDL FOR BUSINESS INTERRUPTION CLAIMS?

Federal MDL panels have already rejected some attempts to consolidate cases regarding business interruption insurance for losses related to COVID-19 while granting others. In December 2020, the United States Judicial Panel on Multidistrict Litigation issued an opinion that explored the deciding factor in these arguments. There, the Panel entered a transfer order that consolidated thirteen cases in five jurisdictions. This decision largely turned on the geographic scope of the involved insurers. A previous denial had been issued involving Lloyd's of London, and the Panel noted that consolidation would have involved complicated pretrial management, due to the structure of the London market. In contrast, centralization was later approved in a case involving a regional insurer that only operated in six states. The December order involved insurers that were found to be geographically limited. The court therefore agreed that centralization would serve the convenience of the parties and witnesses and further the just and efficient conduct of the litigation.

So what does this mean for litigators? Geographic scope seems to be the largest factor in determining whether cases

will be grouped. Attorneys must be prepared to support or oppose grouping on that basis. It is likely that further opinions will be issued by the Panel on this issue, and litigators must stay current on those decisions to be sure their arguments conform to the latest guidance from the Panel.

## WHAT ABOUT MDLS FOR CASES ARISING FROM THE SAME INSURER?

Federal MDL panels have also been tasked with reviewing multiple cases against the same insurer. According to the Wisconsin Law Review (https://wislawjournal.com/2020/11/02/concentration-denied-for-most-covid-19-business-interruption-lawsuits/), most plaintiffs have been in favor of centralizing business interruption claims, while insurer-defendants have been largely opposed. A federal MDL panel began by rejecting consolidation of cases across the entire insurance industry while leaving open the possibility of consolidating cases against a single insurer. After oral arguments on this issue, the panel rejected cases for consolidation against four insurers (Lloyd's of London, Cincinnati Insurance Company, the Hartford and Travelers Insurance) while granting centralization for cases against Society Insurance Company. This decision turned largely on a single critical fact: the CEO of Society had drafted a memorandum indicating there was likely no COVID-19 coverage under any of its insurance claims. The Society cases, therefore, shared a single, specific question of fact that supported the centralization of their cases.

## OTHER POTENTIAL GROUPINGS

Of course, the coronavirus has brought up many other potential legal claims that cover a wide variety of legal issues. Many of these have not yet reached the federal courts. It is entirely possible that the federal courts will be faced with new issues in 2021, including:

- Personal injury claims related to any undisclosed side effects of the new coronavirus vaccines

- Litigation against federal regulators for any damage caused by COVID-19 vaccines (especially if there is proof that regulators knowingly disregarded facts about risks and adverse side effects in order to get the vaccines to the public more quickly)

- Disputes between labor unions and employers over safety measures used in the workplace to protect workers from COVID-19

- Wrongful death and injury claims arising from prisoners who contract the coronavirus while in federal custody

- The constitutionality of any state laws which limit liability for COVID-19 injury claims or reduce an insurer's obligation to cover losses related to COVID-19

- The applicability of unemployment benefits or workers compensation benefits in COVID-19 cases

- The validity of virtual meetings to satisfy shareholder meeting requirements, public hearing requirements for government agencies, court hearings, and other legal requirements that usually require an in-person presence

- Immigration cases that have been delayed or mishandled as a result of COVID-19

- Injury claims from detainees who are exposed to the coronavirus as a result of unsafe procedures at immigration detention facilities

- How medical malpractice standards are affected by the rapidly changing information about the coronavirus and the absence of general scientific consensus about many critical facts about this new disease

- Whether hospitals can be exposed to liability for patient exposure to coronavirus due to a lack of information, staff, proper protective gear, and other market conditions

As you can see, the potential legal issues created by the coronavirus cover many different areas of law. Some of these issues are more likely to be consolidated than others. Litigators must be prepared to support their clients' positions in favor of – or opposition to – consolidation, then litigate the case however the MDL panel rules.

## COMPREHENSIVE LITIGATION SUPPORT FOR ALL COVID-19 CASES

The only thing that can be said with certainty about the coronavirus is that nothing is certain. This has proven true for the medical, physical, and financial challenges created by this global pandemic, and it holds true for litigation, as well. Novel questions of fact and law will spur ongoing coronavirus litigation for years to come. Litigators must be prepared to access the evidence that will help them prove cases with no clear precedent. Guidepoint can connect you with the experts, data, and research that will help you win your case.

*Please note: This article contains the sole views and opinions of Lexicon Legal Content and does not reflect the views or opinions of Guidepoint Global, LLC ("Guidepoint"). Guidepoint is not a registered investment adviser and cannot transact business as an investment adviser or give investment advice. The information provided in this article is not intended to constitute investment advice, nor is it intended as an offer or solicitation of an offer or a recommendation to buy, hold or sell any security. Any use of this article without the express written consent of Guidepoint and Lexicon Legal Content is prohibited.*

## Learn how Guidepoint Legal Solutions can provide expertise throughout the litigation cycle.

LEARN MORE          (HTTPS://WWW.GUIDEPOINT.COM/LE

## ALSO OF INTEREST

Overtourism After the COVID-19 Pandemic (https://www.guidepoint.com/overtourism-after-the-covid-19-pandemic/)

Case 1:14-ml-02570-RLY-TAB   Document 23766-4   Filed 03/17/23   Page 7 of 8 PageID #: 136407

Zantac MDL Sent to Florida (https://www.guidepoint.com/zantac-mdl-sent-to-florida/)

Jury Trials in the Aftermath of COVID-19 (https://www.guidepoint.com/jury-trials-in-the-aftermath-of-covid-19/)

NEW YORK  |  BOSTON  |  PHOENIX  |  SAN FRANCISCO  |  LONDON  |  DUSSELDORF  |  ATHENS  |  DUBAI  |
MUMBAI  |  SINGAPORE  |  HONG KONG  |  SHANGHAI  |  SEOUL  |  TOKYO  |  SYDNEY



⌃

Back To Top

f (https://www.facebook.com/guidepointexperts/)        (https://twitter.com/guidepoint?
lang=en)      (https://www.instagram.com/guidepoint/?hl=en)
(https://www.linkedin.com/company/guidepoint)

© 2021 Guidepoint Global, LLC. All rights reserved. Guidepoint® and the marks relating to Guidepoint products and
services are either trademarks or registered trademarks of Guidepoint.

Privacy Policy (https://www.guidepoint.com/privacy-policy/)

Modern Slavery Statement (https://www.guidepoint.com/wp-content/uploads/2021/02/Guidepoint-Modern-Slavery-
Statement-Signed-.pdf)

Guidepoint complies with the EU GDPR. For more information click here (https://www.guidepoint.com/client-
compliance-data-transfer-policy/).

Cookie Preferences