# EXHIBIT F

```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF INDIANA
 2                       INDIANAPOLIS DIVISION

 3

 4  IN RE: COOK MEDICAL, INC.,      )
    IVC FILTERS MARKETING, SALES    ) Cause No.
 5  PRACTICES AND LIABILITY,        ) 1:14-ML-2570-RLY-TAB
    LITIGATION                      ) Evansville, Indiana
 6                                  ) May 9, 2019
                                    ) 10:05 a.m.
 7                                  )

 8

 9

10                       Before the Honorable
                           RICHARD L. YOUNG
11
                  OFFICIAL REPORTER'S TRANSCRIPT OF
12                        STATUS CONFERENCE

13

14  For Plaintiffs:              Ben C. Martin, Esq.
                                 Law Offices of Ben C. Martin
15                               3710 Rawlins Street, Suite 1230
                                 Dallas, TX   75219
16

17
                                 Joseph N. Williams, Esq.
18                               RILEY WILLIAMS & PIATT, LLC
                                 301 Massachusetts Avenue
19                               Indianapolis, IN   46204

20

21                               Michael W. Heaviside, Esq.
                                 Heaviside Reed Zaic
22                               910 17th Street NW, Suite 800
                                 Washington, D.C.   20006
23

24

25
```

1  anything that the parties find might not be truly
2  representative of the Category 5 or 6, will be borne out
3  through the process you outlined for briefing and strikes.
4           THE COURT:  Thank you, Ms. Cox.  Mr. Williams?
5           MR. WILLIAMS:  Thank you, Your Honor.  I'll take the
6  last point first.  What hasn't been mentioned, you'll see Bill
7  Blankenship's law firm, he emailed us yesterday, towards the
8  afternoon, and said:  There are eight of my Category 5 and 6
9  cases that were not included on this list.  And to the point
10 that we added -- we asked Ms. Stanley's case --
11          THE COURT:  We need to somehow identify this list if
12 we're making a record today.
13          MR. WILLIAMS:  Oh.  Why don't I mark this as
14 Plaintiffs' Exhibit A.
15          THE COURT:  That's fine.  Just for the record, so we
16 know.
17          MR. WILLIAMS:  For purposes of the record.
18          THE COURT:  Right.  So we know what we're talking
19 about, if we have to look at it later on.
20          MR. WILLIAMS:  Okay.  And even though Ms. Stanley's
21 case, as Ms. Cox pointed out, may not be the strongest case,
22 it should have been included in the pool because it's a
23 Category 5 or 6 case.  We're not trying to game the system.
24 We just want the -- we just want the pool to be accurate.
25          When Your Honor said:  Let's not drown in shallow

1 water, that's precisely what we are trying to suggest here.
2 This order was entered on Thursday.  On Friday, we sent this
3 out to all MDL counsel.  As of today, less than one week, we
4 already have a number of cases that should have been included
5 that were not.
6             We also have the Lexecon issue.  All we're asking
7 for is a short amount of time so that we can confirm with the
8 rest of the plaintiffs' counsel that the list is accurate and
9 that Lexecon is waived so that we deal with all this now.  I
10 don't want to be dealing with this later.  And if we don't
11 want to drown in shallow water, all it takes is a few weeks
12 for us to get with every one of these over hundred law firms
13 and determine is the list accurate; and for your cases that
14 are on the list, confirm or tell us your position on Lexecon
15 so that when we give Your Honor a list -- if we give Your
16 Honor a list in a couple of weeks, we will all have
17 confidence, both sides and the Court, and frankly, all of the
18 plaintiffs in this litigation, that it was accurate and that
19 Lexecon is waived for the cases we're going to select.
20             There's just no reason for us to ramrod this through
21 today, when all it will take is a couple of weeks to ensure
22 the accuracy of this process.
23             There's one thing I need to correct the record on.
24 Ms. Pierson said that we have repeatedly submitted CMO's with
25 a waiver of Lexecon for the discovery pool.  She knows, as

1  well as Magistrate Baker, who entered these orders knows, when
2  at each of those CMO amendments, we said expressly -- when we
3  asked for whether there would be an objection from defense, we
4  said we are only amending the original CMO to change the
5  plaintiffs' steering committee.  People drop off, people come
6  on.  That original discovery pool language was all the way
7  back to our first discovery pool.  We did waive Lexecon
8  affirmatively for those cases that were in the discovery pool.
9  Simply because we amend the plaintiffs' leadership structure
10 or add members to the PSC, it doesn't mean that we were
11 waiving Lexecon for all plaintiffs in this litigation.
12          In short, we can ensure that the integrity of the
13 process, we can ensure that the lists are accurate, and we can
14 ensure that the cases Your Honor selects are triable under the
15 United States Supreme Court case *Lexecon* if we have more than
16 four days to communicate with the over 100 law firms in this
17 case to determine that these things are correct.  And so
18 that's what we're asking.
19          And we want to get to trials, too; and to get to
20 these trials, we have to make sure that the cases that are
21 being selected for the discovery pool are ready to go; and the
22 last thing we want to do is have Your Honor pick 24 cases
23 today and find out that there are some issue two months down
24 the road and have to start over.  We can get rid of all of
25 that concern if we're just given a couple of weeks, three

```
 1  weeks to talk to these plaintiffs' lawyers and figure out
 2  whether or not all of this is accurate.
 3            And based upon what we've seen within just the last
 4  four days, we know that it's not.  And so I urge the Court not
 5  to push this through, as defendant is asking; and simply take
 6  a step back, a very short delay to ensure that we don't have
 7  problems down the road.
 8            THE COURT:  Thank you.
 9            MS. COX:  Your Honor, I'm going to be very brief.
10  This list that they gave us today, I'm curious why they didn't
11  give it to us last night.  They said they had additional
12  examples and we asked for them, but this doesn't give me any
13  less confidence on our list.  We've had teams of people
14  scouring these case categorization forms for months and I'm
15  very confident in their accuracy.
16            Let me just go through this list.  Ms. King put that
17  she has Celect Platinum on her short form complaint.  So we
18  did not include her in the discovery pool.
19            All of these, Bernero, Berniser, Johnson, Rockette,
20  Romero, Stephens, Wade, all these cases were Mr. Blankenship.
21  Actually, Dave Matthews also submitted case categorization
22  forms on those cases, and he listed them all as Category 7.
23  So we believe they're inappropriate to be on the list.  We've
24  talked about the Bruno case.  It's a Celect Platinum, but we
25  said:  You're welcome to amend your complaint.  We will throw
```