# EXHIBIT H

```
 1                   UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF INDIANA
 2                      INDIANAPOLIS DIVISION

 3

 4   IN RE: COOK MEDICAL, INC.,      )
     IVC FILTERS MARKETING, SALES    ) Cause No.
 5   PRACTICES AND LIABILITY,        ) 1:14-ML-2570-RLY-TAB
     LITIGATION                      ) Indianapolis, Indiana
 6                                   ) June 13, 2019
                                     ) 10:05 a.m.
 7                                   )

 8

 9

10                      Before the Honorable
                         RICHARD L. YOUNG
11
                   OFFICIAL REPORTER'S TRANSCRIPT OF
12                         STATUS CONFERENCE

13

14   For Plaintiffs:
                                  Ben C. Martin, Esq.
15                                Law Offices of Ben C. Martin
                                  3710 Rawlins Street, Suite 1230
16                                Dallas, TX   75219

17

18                                Joseph N. Williams, Esq.
                                  Riley Williams & Piatt, LLC
19                                301 Massachusetts Ave.
                                  Indianapolis, IN 46204

20

21                                DAVID P. MATTHEWS, Esq.
                                  Matthews & Associates
22                                2905 Sackett Street
                                  Houston, TX   77098

23

24

25
```

1  was agreed upon by the parties when it was tendered.
2         Judge Baker then wrote the following.  Waiver of
3  Lexecons confirmed by Plaintiffs the discovery pool cases
4  only.  Nothing in this case management order or otherwise
5  shall indicate a waiver of Lexecon as to the remaining cases.
6  The order applied to direct file cases and Judge Baker
7  wrote --
8         THE COURT:  There's no Lexecon issue in direct file
9  cases.  Doesn't exist.  They can file a change of venue.
10        MR. WILLIAMS:  Your Honor --
11        THE COURT:  Lexecon -- and if you disagree with me,
12 let me know that.
13        MR. WILLIAMS:  I do.
14        THE COURT:  Okay.
15        MR. WILLIAMS:  I do disagree with you.
16        THE COURT:  And I respectfully disagree with you.
17        MR. WILLIAMS:  I appreciate that, Your Honor.
18        THE COURT:  But Lexecon applies to cases transferred
19 from the MDL panel to the transferee court.
20        MR. WILLIAMS:  Right.  And things have been
21 happening in MDL practice over the -- over the 40 years that
22 the JPML statute has been in play, like Bellwether trials, for
23 example.
24        THE COURT:  But the current law from the Supreme
25 Court, not the practice --

1           MR. WILLIAMS:  Right.
2           THE COURT:  The current law from the Supreme Court
3  is Lexecon issues arise in cases transferred from the panel to
4  the transferee court.
5           MR. WILLIAMS:  I agree with that, Your Honor.  I
6  agree with that.
7           THE COURT:  Respectfully?
8           MR. WILLIAMS:  No.
9           THE COURT:  You respectfully agree with me on that?
10          MR. WILLIAMS:  No, no.  I just agree with you.
11 Respectfully, sure.  I don't disrespectfully agree with you.
12          THE COURT:  Say you might want to correct the record
13 there on that but --
14          MR. WILLIAMS:  I'll get my red pen.
15          THE COURT:  All right.
16          MR. WILLIAMS:  But what we do know is -- and Cook
17 concedes this in their brief -- if there is an order from the
18 Court or an agreement from the parties, you can direct file in
19 an MDL and still preserve a right to try that case at home.
20 It happens all the time.  Fallon did it in PTO 11.  They
21 attach that.  It happens all the time.
22          The difference between this case --
23          THE COURT:  Not a Lexecon issue.
24          MR. WILLIAMS:  We don't have to call it --
25          THE COURT:  It's a side agreement.

1  this order, when we created the first Bellwether pool, we said
2  this order applies to all direct file cases; and nothing in
3  this case management order or otherwise shall indicate a
4  waiver of somebody's right to try their case at home.  And
5  it's not just what Judge Baker entered.
6           When the parties negotiated the short-form
7  complaint, and I believe the language from the agreement is
8  the parties agree -- regarding the form of the short-form
9  complaint, the parties agreed to include paragraph seven,
10 which is the District Court and division in which venue would
11 be proper absent direct filing; and each of these people, for
12 example, in this one, which was in our brief, they said we
13 would have filed in the Western District of Michigan,
14 Kalamazoo Division.
15          This form was agreed upon in January 2015, when
16 there were only about 60 cases.  It was shortly after that
17 that Judge Baker entered this order, and around that same time
18 we had the entry of the master complaint in which in paragraph
19 27, the plaintiffs said, "For purposes of remand and trial,
20 venue was proper in the federal judicial district of each
21 Plaintiff's state of residence."
22          All of these things taken together, when there were
23 only 97 cases on file, led 6,000 additional folks --
24          THE COURT:  On a direct file, there's nothing for me
25 to remand.

1           MR. WILLIAMS:  No; but you can transfer under
2    1404(a).
3           THE COURT:  Pursuant to proper motion.
4           MR. WILLIAMS:  Pursuant to a proper motion, sure.
5    But just like the direct filing order in Vioxx and in Mesh and
6    any of those other direct filing orders, what Judge Baker's
7    order did, and what the party's agreement on the short-form
8    complaint did, was created a side agreement, as Your Honor
9    said, a right for these people to try their cases at home.
10   And Judge Fallon even said that.  This is his law review
11   article that both parties cite.
12          And this is what the defendants provide to the Court
13   in their brief.  For cases filed directly into the MDL by
14   nonresident Plaintiffs, the Defendant, and only the Defendant,
15   must waive its sustainable venue and venue related objections.
16          It sounds real good for Cook.  What they did not do
17   is you'll see there's a footnote there that Judge Fallon
18   wrote.  They did not provide the Court with the footnote and
19   let's see if I can make this work.  What he says is:  This is
20   true unless Plaintiff reserves the right to object to venue if
21   his case is set for trial or stipulates that direct filing is
22   only for expediency and discovery purposes.
23          What he's explaining is precisely what we did here.
24   I'm not sure what else we could have done to protect a
25   person's right to try their case at home.  And you know, I