IN THE UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
INDIANA INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Teresa E. Papillion 1:23-cv-06952-RLY-TAB

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR JUDGMENT UNDER CMO 28**

Plaintiff has, at minimum, raised fact questions regarding the applicability of two express exceptions to Tex. Civ. Prac. & Rem. § 16.012(b)-(e) (the "Texas SOR"), precluding judgment as a matter of law under Defendants' Motion for Judgment on the Pleadings ("Motion;" Dkt. 23739).  If a defendant warrants a product to last longer than the statutory period, as Defendants did, a plaintiff may sue within that longer time period.  Neither does the Texas SOR apply to injuries caused by exposure during the 15-year period that do not manifest symptoms until after the period expires.  The Motion must be denied, or, in the alternative, Plaintiff must be permitted leave to amend.

**I.     Fact Issues Preclude Judgment on the Pleadings under the Express-Warranty Exception to the Texas SOR.**

The Texas SOR allows that, if a defendant "expressly warrants in writing that the product has a useful safe life of longer than 15 years, a claimant must commence a products liability action . . . before the end of the number of years warranted."  Tex. Code Ann. § 16.012(c).  Plaintiff asserts that Defendants made express warranties in Counts V and "Other," alleging that "Defendants expressly . . . warranted that the Cook IVC Filter was a permanent lifetime device." (SFC, Dkt. 23501).  Plaintiff filed suit within the "useful safe life" of her filter, as determined by Defendants' written warranties.

Defendants' assertion that Plaintiff has not pled all the elements of a claim for breach of warranty is both incorrect and immaterial.  It is incorrect because Plaintiff alleged that she "relied to her detriment" on the express warranty that the filter was safe for permanent use.  SFC at p. 4; *see* Master Compl. ¶¶ 95-98.  Regardless, the statute does not require that a claimant succeed in, or even assert, a warranty claim, only that the "manufacturer or seller warrant[] in writing that the product has a useful safe life of longer than 15 years."  Tex. Code Ann. § 16.012(c).  Stated differently, the statute allows a manufacturer's statements to establish the duration of time in which plaintiffs may sue.  As filed publicly by other parties, Defendants' Patient Guide states that "the Gunther Tulip Vena Cava Filter is safe and effective as either a permanent or temporary device."  (Dkt. 21176-3,

1

4440-3 at p.6.) Currently in the "Patient Resources" section of Defendants' website: Gunther Tulip filters can "remain within the body as permanent devices."[1] Defendants' Gunther Tulip brochure on their website uses the slogan "Leave it or retrieve it, but use the filter you can trust."[2] Defendants have consistently made written statements of fact warranting their filters as safe and effective for permanent use. *Cf. Morris v. Adolph Coors Co.*, 735 S.W.2d 578, 587 (Tex. Ct. App. 1987) (a warranty is "an express affirmation of fact or promise by the seller relating to the goods").[3]

Another court denied a motion for judgment on the pleadings on this ground in an implantable medical device case. In *Rossman v. Johnson & Johnson*, 2021 WL 8055681, at *2 (W.D. Tex. Nov. 21, 2021), the plaintiff asserted product liability claims relating to implanted prolene mesh, and the defendants moved for judgment on the pleadings under the Texas SOR. The court noted that "there are instances where the statute's applicability turns on the resolution of factual issues" and found *Rossman* to be just such a case. *Id.* at *1. Additional facts were necessary to resolve the issue, so the court denied the motion. *Id.* at 1-2. This Court must deny the Motion for the same reason.

## II.     Fact Issues Under the Disease Exception Also Prevent Judgment on the Pleadings.

The exception in § 16.012(d) barring application of the 15-year limitation to late-manifesting diseases also applies. Plaintiff (i) was exposed to the product within 15 years after sale, (ii) the product caused her disease that is the basis of her action, and (iii) the symptoms did not "manifest

---

[1] https://www.cookmedical.com/patient-resources/pulmonary-embolism/cook-offers-solutions-for-prevention-of-pulmonary-embolism-pe/ (last accessed Mar. 27, 2023).

[2] https://www.cookmedical.com/data/resources/PIV-BM-GTVCFNDS-EN-200909.pdf (last accessed Mar. 27, 2023).

[3] Plaintiff asks the Court to take judicial notice of the fact that Defendants have made the statements referenced herein on their own website and in their publicly filed Patient Brochure. *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003) (courts may take judicial notice of website information); *Goplin v. WeConnect, Inc.*, 893 F.3d 488, 491 (7th Cir. 2018) ("the district court did not violate the rules of judicial notice by reviewing WeConnect's website" noting "that the statements at issue are WeConnect's own assertions"). This information is publicly available and reliable in establishing the fact of Defendants' statements, as it comes from Defendants themselves.

themselves to a degree and for a duration that would put a reasonable person on notice that the person suffered some injury" until after the 15-year period expired. Tex. Civ. Prac. & Rem. § 16.012(d). By the plain language of this exception, the Texas SOR does not affect Plaintiff's claims.

Another court applied this exception to a case involving the failure of an implantable device. *Brown v. Exactech, Inc.*, 376 F. Supp. 3d 811, 816-19 (E.D. Tenn. 2019) (stating that "Texas courts have not addressed whether medical device failures might count as a latent injury or disease under this statute."). There, the court noted that, under "the plain language of § 16.012(d)," "[t]he relevant consideration is whether there was a gap between when the injury occurred, and when the harm became apparent." *Id.* at 818-19. It concluded the exception did not apply on those facts because the plaintiff's hip pain was apparent immediately after the device "broke in half," four months before the 15-year period expired. *Id.* at 814, 819. Here, by contrast, no symptoms appeared until afterward.

Texas courts construing § 16.012 would likely conclude that implicit in the text and structure of the statute is an exception for medical device failures that, like a disease, may be difficult to discover. In *Methodist Healthcare Sys. of San Antonio, Ltd., L.L.P. v. Rankin*, the Supreme Court of Texas declined to construe a statute of repose as containing an implicit exception for "foreign-body cases" in which the "injuries may . . . be difficult to discover" because the Texas Legislature had "expressly characterized" the statute "as a statute of repose" and made no such exception. 307 S.W.3d 283, 289 (Tex. 2010). As such, the statute "admits to no implied exceptions." *Id*. In contrast, the word "repose" does not appear in § 16.012. And, as noted in *Rankin*, "the Texas repose statute for defective-product cases explicitly makes an exception" for "foreign-body cases" where the claimed injuries are "latent diseases that may stay hidden until after the repose period expires." *Id.*[4]

For all these reasons, the Court should deny the Motion or grant Plaintiff leave to amend.

---

[4] The Court's orders cited by Defendants do not address the facts, arguments, and authorities cited herein. *See* Dkts. 4918; 14426; 18557 (a notice of voluntary dismissal, not even a substantive order).

3

```
```

Respectfully submitted,

Dated: March 27, 2023

*/s/ Jennifer Rethemeier*
Jennifer Rethemeier
(Admitted Pro Hac Vice, AZ Bar No. 031398)
**RUEB STOLLER DANIEL, LLP**
2425 East Camelback Road, Suite 500
Phoenix, AZ 85016
Telephone: (602) 892-0341
Facsimile: (855) 203-2035
jennifer.rethemeier@lawrsd.com

***Counsel for Plaintiff***

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

                                               */s/ Jennifer Rethemeier*
                                               Jennifer Rethemeier