UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This Document Relates Only to the Following Cases:

Johnson, Crystal, 1:18-cv-00640

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT PURSUANT TO CMO-28**

Plaintiff Crystal Johnson opposes the Cook Defendants' Motion for Judgment (Doc. 23740). Defendants claim Plaintiff's personal injury claims are time-barred under Pennsylvania law, but mis-state the date of the filing of the complaint, omit the fact that they have waived any statute of defense as to this action, and fail to establish there are no material issues of fact to be resolved regarding when Plaintiff's injury and its cause were discovered or discoverable.

## BRIEF ARGUMENT

Fed. R. Civ. P. 12(c) motions are reviewed "under the same standard as a motion to dismiss" under Rule 12(b)(6). *Regalbuto v. City of Philadelphia*, 937 F. Supp. 374, 376 (E.D. Pa. 1995), *aff'd,* 91 F.3d 125 (3d Cir. 1996). Defendants are only entitled to judgment as a matter of law if it is clear that "no material issue of fact remains to be resolved." *Id*. Plaintiff filed her complaint on May 6, 2016 as part of the *Halinski* Complaint. (Johnson Complaint, Ex. A). The case was removed to the Eastern District of Missouri on December 23, 2016. (Johnson Removal Order, Ex. B). The case was removed to this MDL on December 1, 2017 (Johnson Transfer order, Ex. C). On January 1, 2018, this Court entered an order severing the actions in the *Halinski* complaint, including Crystal Johnson's case, and ordered Plaintiffs to open a new civil case within 60 days. (Order regarding agreed disposition of motions pending in *Collins* and *Halinski*, Ex. D). The order includes the provision: "As to the severed causes of action, the filing date will relate back to the filing date of the Plaintiff's original Complaint in the Missouri state court. **Cook waives any statute of limitations defense as to each severed cause of action.**" *Id*. (Emphasis added) Crystal Johnson complied with this order filing her short form complaint on March 2, 2018. (1:18-cv-00640, Dkt. 1). Defendants' motion for Judgment should be denied on this basis alone.

Assuming the Court does not deny Defendants' motion based on this order, Defendants' motion still fails. Since Plaintiff filed this lawsuit on May 6, 2016, her claims are timely if they accrued on or after May 6, 2014. Defendants claim that her claims are time-barred by the statute of limitations, arguing that she was or should have been on notice of the connection between her injuries and the IVC filter by August 2009. Yet viewing the facts in the light most favorable to Ms.

2

Johnson, a genuine dispute of material fact exists as to when her injury and its cause were discovered or discoverable.

In July 2009, Crystal Johnson was admitted to Mercy Fitzgerald Hospital with abdominal and flank pain on the right side and was found to have an umbilical hernia. (MFH Records, at 0038, Ex. E). On August 11, 2009, a double-J catheter was inserted. On August 28, Ms. Johnson underwent a procedure to repair the umbilical hernia and to move the ureter away from the IVC filter. During the procedure, the surgeon decided excise a prong of the IVC filter. (*Id*.). Ms. Johnson was readmitted two days later due to the presence of right hydroureteronephrosis caused by a blocked right double-J catheter. (*Id*., at 0018-19).

In February 2010, she returned to Mercy Hospital with "right-sided pain which was severe and intolerable." (Ex. E at 0040). The doctor noted Ms. Johnson came in "complaining of the pain of the double-J catheter which she knew because she had experienced that before." (*Id*.). He added that "*it was her impression that the IVC filter was in good position and there was no evidence of impingement or recurrence of her hydronephrosis*. [She] is *familiar with the pain of double-J catheters* and *she concludes that that is what this is about*." (*Id*., at 0038) (emphasis added). Dr. Raezer noted that initially, prior to the 2009 surgery, the plan was to *simply move the filter away from the ureter* during the hernia surgery. (emphasis added). It was not until Ms. Johnson saw a public health bulletin about the IVC filters in September 2015 that she began to suspect that her injuries could be caused by the IVC filter. She believed the problems she was having in 2009 were a normal part of the healing process, and any pain she was experiencing was due to her hernia. None of her doctors who treated her in 2009 told her there was any problem or issue with the IVC filter, and told her that everything would be fine. (Affidavit of Crystal Johnson, **Exhibit F**).

Pennsylvania's discovery rule tolls the statute of limitations when there is an inability of an injured party, "despite the exercise of reasonable diligence, to know that he is injured **and by what cause**." *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005) (emphasis added). The injured party "must have some reason to suspect that the injury was caused by a third party to impose a duty to investigate further." *Coleman v. Wyeth Pharmas.*, 6 A.3d 502, 511 (Pa. Super. 2010). "Knowledge

3

of an injury alone is not sufficient to trigger such inquiry," and while the test is an objective one, it considers the "subjective differences among persons" and their capacity to meet "the circumstances confronting them." *Id*. at 510. Pennsylvania courts do not impute knowledge when a patient's symptoms or injuries may have multiple possible causes or diagnostic uncertainty exist. *See, e.g.*, *Adams v. Zimmer US, Inc.*, 943 F.3d 159, 164 (3d Cir. 2019). When there is **diagnostic uncertainty** in medical contexts, as in this case, the determination of whether a plaintiff knew or should have known of their injury and its cause is ordinarily a question of fact for the jury. *Fine*, 870 A.2d at 858-59 (diagnostic uncertainty usually creates a jury question); *Nicolaou v. Martin*, 195 A.3d 880, 895 (Pa. 2018) ("probable diagnosis" did not trigger duty to investigate).

There is ample evidence in the record that could allow a jury to conclude that Plaintiff diligently sought the cause of her problems and was not informed of the possible IVC issues until September 2015. The medical records showing the migration of the IVC filter and the unsuccessful retrieval of the same "did not automatically place [Ms. Johnson] on notice that her injury was caused by a third party." *Coleman*, 6 A.3d at 516. As the medical records and Ms. Johnson's testimony show, there were various explanations for Ms. Johnson's injuries, including the double-J catheters, the umbilical hernia, and prior bladder/kidney issues. Ms. Johnson had no cause to suspect her IVC filter could be causing her injuries, and she was instead attributing her recurring injuries to her hernia, the double-J catheter, and normal healing. *See, e.g.*, *id*. at 516 (Reversing lower court's grant of summary judgment, noting factual inconsistencies re: "what [plaintiff] was told and by whom"). The Seventh Circuit recently reached the same conclusion applying Illinois's discovery rule in a case with very similar facts. *Stark v. Johnson & Johnson*, 10 F.4th 823 (7th Cir. 2021). The court found that the plaintiff could have been reasonable in concluding that her problems were due to a preexisting condition or normal complications and noted that none of plaintiff's doctors had suggested her medical device could be defective. *Id.* at 830. Plaintiff should be allowed to present her case for reasonable diligence to a jury. *Coleman*, 6 A.3d at 516 (determining a plaintiff's "awareness of an injury and its cause" is a "fact-intensive" issue best left to the jury). For the foregoing reasons, Defendants' Motion should be denied.

DATED: April 3, 2023.                                Respectfully submitted,

/s/ *Andrew N. Faes*
Thomas P. Cartmell MO #45366
Jeffrey M. Kuntz MO #52371
Andrew N. Faes MO #59721
WAGSTAFF & CARTMELL LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Office Tel: 816-701-1100
Fax: 816-531-2372
tcartmell@wcllp.com
jkuntz@wcllp.com
afaes@wcllp.com
***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2023, a copy of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** was filed electronically and notice of the filing of this document will be sent to all parties through the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Andrew Faes*
Andrew N. Faes