# EXHIBIT A

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

| | |
|---|---|
| ANTHONY HALINSKI, LARRY COMBS, NANCY RHINES, CHARLA CANADA, GERALD BROWN, MARK GRIFFITH, NELLIE WILLIS, DELORES NESTER, WANDA LEE, JEANETTE ARK, JESSICA DAVIDSON, GERALDINE DAILY, SHIRLEY JACOBS, CHRISTI HOLDER, CHARLES GIVENS, VICTORIA QUIMAYOUSAE, RAYMOND PREWITT, THELMA LEAHR, MICHAEL BOLTREK, PAUL CAMPOS, DONALD ROUSU, VERONICA ROBINSON, DANIEL RENDINO, JOANNE SHIRLEY, ROBERT WORKMAN, KATHARINE HANNA, BRYANT ASHE, MICHAEL MCCONVILLE, PAMELA JOHNSON, PEDRO GARCIA, BETTY BROWN, DIANNE FOUCH, PAMELA JOHNSON, JACQUELINE JONES, MARK KOOPMAN, PHILIP LECKLIKNER, DAVID ADOLF, LISA ALLISS, TERESA BANKS, MICHAEL DEO, THOMAS DEAN, BRYAN LEWIS, DAVID MEAUX, ALONDA PARSONS, STEVE SIEDEL, LARRY SMITH, DEBORAH VANOVER, ERIK CAMACHO, CRYSTAL JOHNSON, JOSEPH AMOS, ROSEANNA TURNER, LESLEE HYMOWITZ, ANGELA HORNSBY, ALANA JACKSON, and GERALD RUDE. | Cause No. 1622-CC00366 |
| Plaintiffs, | |
| v. | |
| COOK GROUP INCORPORATED, COOK INCORPORATED, COOK MEDICAL LLC, f/k/a, COOK MEDICAL INCORPORATED, WILLIAM COOK EUROPE, APS, | |
| Defendants. | |

## <u>FIRST AMENDED PETITION</u>

COME NOW Plaintiffs, by and through their undersigned counsel, and for their cause of

action against Defendants COOK GROUP INCORPORATED; COOK INCORPORATED;

COOK MEDICAL, LLC. f/k/a COOK MEDICAL INCORPORATED; and WILLIAM COOK

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

EUROPE, APS (hereinafter collectively referred to as "Defendants" or "Cook") arising from Defendants' design, research, formulation, development, manufacture, sale, testing, marketing, advertising, promotion and/or distribution of the unsafe medical device Cook Celect inferior vena cava filter ("Celect IVC filter"), state as follows:

**INTRODUCTION**

1.      Plaintiffs jointly bring this cause of action against Defendants pursuant to Rule 52.05(a) of the Missouri Rules of Civil Procedure as their claims arise out of the same series of transactions and occurrences, and their claims involve common questions of law and fact.  All claims in this action relate to tortuous wrongful conduct by Defendants in the research, designing, testing, formulating, inspecting, labeling, manufacturing, packaging, marketing, distributing, producing, processing, promoting and selling of the medical device known as Cook Celect IVC filter as set forth in further detail below.  All Plaintiffs in this action seek recovery for damages sustained in the form of personal injuries that were directly and proximately caused by such tortuously wrongful conduct by Defendants, the unreasonably dangerous and defective nature of the Cook Celect IVC filter and the attendant effects of Plaintiffs' personal injuries.  Each of the personal injuries at issue in this action, and all of the claims, in this action involve common legal and medical issues.

**PARTIES**

2.      Plaintiff Anthony Halinski is a citizen of the State of Missouri.  On or about July 1, 2009, Plaintiff Anthony Halinski had a Cook Celect IVC filter implanted in the City of St. Louis, at Barnes Jewish Hospital, pursuant to a doctor's order.  In or around the year 2015, Plaintiff Anthony Halinski suffered significant physical personal injuries in the City of St. Louis directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.   Plaintiff Anthony

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

Halinski suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter. As a direct and proximate result of these injuries, Plaintiff Anthony Halinski has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Anthony Halinski has otherwise been damaged in a personal and pecuniary nature.

3.      Plaintiff Larry Combs is a citizen of the State of Indiana. On or about December 3, 2014, Plaintiff Larry Combs had a Cook Celect IVC filter implanted in the State of Kentucky, pursuant to a doctor's order. On or about March of 2015, Plaintiff Larry Combs suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable. Plaintiff Larry Combs suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter. As a direct and proximate result of these injuries, Plaintiff Larry Combs has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Larry Combs has otherwise been damaged in a personal and pecuniary nature.

4.      Plaintiff Nancy Rhines is a citizen of the State of Connecticut. On or about November 8, 2011, Plaintiff Nancy Rhines had a Cook Celect IVC filter implanted in the State of Connecticut, pursuant to a doctor's order. On or around March 10, 2015, Plaintiff Nancy Rhines

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Nancy Rhines suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Nancy Rhines has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Nancy Rhines has otherwise been damaged in a personal and pecuniary nature.

5.      Plaintiff Charla Canada is a citizen of the State of Missouri.  On or about August 15, 2011, Plaintiff Charla Canada had a Cook Celect IVC filter implanted in the State of Missouri, pursuant to a doctor's order.  In or around 2013, Plaintiff Charla Canada suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Charla Canada suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Charla Canada has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Charla Canada has otherwise been damaged in a personal and pecuniary nature.

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

6.      Plaintiff Gerald Brown is a citizen of the State of South Carolina.  On or about April 16, 2010, Plaintiff Gerald Brown had a Cook Celect IVC filter implanted in the State of South Carolina, pursuant to a doctor's order.  In or around June of 2015, Plaintiff Gerald Brown suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Gerald Brown suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Gerald Brown has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Gerald Brown has otherwise been damaged in a personal and pecuniary nature.

7.      Plaintiff Mark Griffith is a citizen of the State of West Virginia.  On or about August 31, 2013, Plaintiff Mark Griffith had a Cook Celect IVC filter implanted in the State of West Virginia, pursuant to a doctor's order.  In or around September 2013, Plaintiff Mark Griffith suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Mark Griffith suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Mark Griffith has incurred and will incur medical expenses in the future, has endured and will

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

endure pain and suffering and loss of enjoyment of life, and Plaintiff Mark Griffith has otherwise been damaged in a personal and pecuniary nature.

8.     Plaintiff Nellie Willis is a citizen of the State of Oklahoma.  On or about February 15, 2010, Plaintiff Nellie Willis had a Cook Celect IVC filter implanted in the State of Oklahoma, pursuant to a doctor's order.  In or around November 11, 2010, Plaintiff Nellie Willis suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Nellie Willis suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Nellie Willis has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Nellie Willis has otherwise been damaged in a personal and pecuniary nature.

9.     Plaintiff Delores Nester is a citizen of the State of Virginia.  On or about August 31, 2013, Plaintiff Delores Nester had a Cook Celect IVC filter implanted in the State of Ohio, pursuant to a doctor's order.  In or around September 30, 2015, Plaintiff Delores Nester suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Delores Nester suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Delores Nester has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Delores Nester has otherwise been damaged in a personal and pecuniary nature.

10.     Plaintiff Wanda Lee is a citizen of the State of Maryland.  On or about June 1, 2015, Plaintiff Wanda Lee had a Cook Celect IVC filter implanted in the State of Maryland, pursuant to a doctor's order.  In or around July 30, 2015, Plaintiff Wanda Lee suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Wanda Lee suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Wanda Lee has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Wanda Lee has otherwise been damaged in a personal and pecuniary nature.

11.     Plaintiff Jeanette Ark is a citizen of the State of New York.  On or about October 16, 2009, Plaintiff Jeanette Ark had a Cook Celect IVC filter implanted in the State of New York, pursuant to a doctor's order.  In or around May 12, 2015, Plaintiff Jeanette Ark suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Jeanette Ark suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Jeanette Ark has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Jeanette Ark has otherwise been damaged in a personal and pecuniary nature.

12.     Plaintiff Jessica Davidson is a citizen of the State of Missouri.  On or about April 1, 2011, Plaintiff Jessica Davidson had a Cook Celect IVC filter implanted in the State of Missouri, pursuant to a doctor's order.  In or around April 15, 2015, Plaintiff Jessica Davidson suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Jessica Davidson suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.   As a direct and proximate result of these injuries, Plaintiff Jessica Davidson has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Jessica Davidson has otherwise been damaged in a personal and pecuniary nature.

13.     Plaintiff Geraldine Dailey is a citizen of the State of Indiana.  On or about April 4, 2012, Plaintiff Geraldine Dailey had a Cook Celect IVC filter implanted in the State of Indiana, pursuant to a doctor's order.  In or around December 11, 2014, Plaintiff Geraldine Dailey suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

becoming irretrievable.  Plaintiff Geraldine Dailey suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Geraldine Dailey has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Geraldine Dailey has otherwise been damaged in a personal and pecuniary nature.

14.     Plaintiff Shirley Jacobs is a citizen of the State of South Carolina.  On or about July 21, 2014, Plaintiff Shirley Jacobs had a Cook Celect IVC filter implanted in the State of South Carolina, pursuant to a doctor's order.  In or around November 7, 2014, Plaintiff Shirley Jacobs suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Shirley Jacobs suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Shirley Jacobs has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Shirley Jacobs has otherwise been damaged in a personal and pecuniary nature.

15.     Plaintiff Christi Holder is a citizen of the State of Mississippi.  On or about March 7, 2014, Plaintiff Christi Holder had a Cook Celect IVC filter implanted in the State of Mississippi, pursuant to a doctor's order.  In or around August 28, 2014, Plaintiff Christi Holder suffered

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Christi Holder suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Christi Holder has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Christi Holder has otherwise been damaged in a personal and pecuniary nature.

16.     Plaintiff Charles Givens is a citizen of the State of Oklahoma.  On or about February 18, 2010, Plaintiff Charles Givens had a Cook Celect IVC filter implanted in the State of California, pursuant to a doctor's order.  In or around January 1, 2014, Plaintiff Charles Givens suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Charles Givens suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Charles Givens has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Charles Givens has otherwise been damaged in a personal and pecuniary nature.

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

17.     Plaintiff Victoria Quimayousae is a citizen of the State of Arizona.  On or about June 29, 2012, Plaintiff Victoria Quimayousae had a Cook Celect IVC filter implanted in the State of Arizona, pursuant to a doctor's order.   In or around October 21, 2013, Plaintiff Victoria Quimayousae suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Victoria Quimayousae suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Victoria Quimayousae has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Victoria Quimayousae has otherwise been damaged in a personal and pecuniary nature.

18.     Plaintiff Raymond Prewitt is a citizen of the State of Illinois.  On or about August 30, 2012, Plaintiff Raymond Prewitt had a Cook Celect IVC filter implanted in the State of Illinois, pursuant to a doctor's order.  In or around November 13, 2012, Plaintiff Raymond Prewitt suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Raymond Prewitt suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Raymond Prewitt has incurred and will incur medical expenses in the future, has endured and will endure

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

pain and suffering and loss of enjoyment of life, and Plaintiff Raymond Prewitt has otherwise been damaged in a personal and pecuniary nature.

19.     Plaintiff Thelma Leahr is a citizen of the State of Ohio.  On or about November 8, 2010, Plaintiff Thelma Leahr had a Cook Celect IVC filter implanted in the State of Ohio, pursuant to a doctor's order.  In or around April 9, 2012, Plaintiff Thelma Leahr suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Thelma Leahr suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Thelma Leahr has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Thelma Leahr has otherwise been damaged in a personal and pecuniary nature.

20.     Plaintiff Michael Boltrek is a citizen of the State of Delaware.  On or about March 7, 2012, Plaintiff Michael Boltrek had a Cook Celect IVC filter implanted in the State of Delaware, pursuant to a doctor's order.  In or around March 17, 2012, Plaintiff Michael Boltrek suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Michael Boltrek suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Michael Boltrek has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Michael Boltrek has otherwise been damaged in a personal and pecuniary nature.

21.     Plaintiff Paul Campos is a citizen of the State of California.  On or about June 23, 2011, Plaintiff Paul Campos had a Cook Celect IVC filter implanted in the State of California, pursuant to a doctor's order.  In or around December 2, 2011, Plaintiff Paul Campos suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Paul Campos suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Paul Campos has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Paul Campos has otherwise been damaged in a personal and pecuniary nature.

22.     Plaintiff Donald Rousu is a citizen of the State of Minnesota.  On or about November 25, 2008, Plaintiff Donald Rousu had a Cook Celect IVC filter implanted in the State of Minnesota, pursuant to a doctor's order.  In or around October 5, 2011, Plaintiff Donald Rousu suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Donald Rousu suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Donald Rousu has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Donald Rousu has otherwise been damaged in a personal and pecuniary nature.

23.     Plaintiff Veronica Robinson is a citizen of the State of West Virginia.  On or about May 3, 2010, Plaintiff Veronica Robinson had a Cook Celect IVC filter implanted in the State of Virginia, pursuant to a doctor's order.  In or around July 20, 2011, Plaintiff Veronica Robinson suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Veronica Robinson suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Veronica Robinson has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Veronica Robinson has otherwise been damaged in a personal and pecuniary nature.

24.     Plaintiff Daniel Rendino is a citizen of the State of Kentucky.  On or about October 31, 2008, Plaintiff Daniel Rendino had a Cook Celect IVC filter implanted in the State of New York, pursuant to a doctor's order.  In or around March 31, 2011, Plaintiff Daniel Rendino suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

becoming irretrievable. Plaintiff Daniel Rendino suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter. As a direct and proximate result of these injuries, Plaintiff Daniel Rendino has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Daniel Rendino has otherwise been damaged in a personal and pecuniary nature.

25.     Plaintiff Joanne Shirley is a citizen of the State of Washington. On or about August 19, 2009, Plaintiff Joanne Shirley had a Cook Celect IVC filter implanted in the State of Washington, pursuant to a doctor's order. In or around August 21, 2009, Plaintiff Joanne Shirley suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable. Plaintiff Joanne Shirley suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter. As a direct and proximate result of these injuries, Plaintiff Joanne Shirley has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Joanne Shirley has otherwise been damaged in a personal and pecuniary nature.

26.     Plaintiff Robert Workman is a citizen of the State of California. On or about October 24, 2012, Plaintiff Robert Workman had a Cook Celect IVC filter implanted in the State of California, pursuant to a doctor's order. In or around January 7, 2014, Plaintiff Robert Workman

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Robert Workman suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Robert Workman has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Robert Workman has otherwise been damaged in a personal and pecuniary nature.

27.     Plaintiff Katharine Hanna is a citizen of the State of North Carolina.  On or about June 28, 2015, Plaintiff Katharine Hanna had a Cook Celect IVC filter implanted in the State of North Carolina, pursuant to a doctor's order.  In or around October 20, 2015, Plaintiff Katharine Hanna suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Katharine Hanna suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Katharine Hanna has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Katharine Hanna has otherwise been damaged in a personal and pecuniary nature.

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

28.     Plaintiff Bryant Ashe is a citizen of the State of South Carolina.  On or about December 29, 2014, Plaintiff Bryant Ashe had a Cook Celect IVC filter implanted in the State of South Carolina, pursuant to a doctor's order.  In or around April 1, 2015, Plaintiff Bryant Ashe suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Bryant Ashe suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Bryant Ashe has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Bryant Ashe has otherwise been damaged in a personal and pecuniary nature.

29.     Plaintiff Michael McConville is a citizen of the State of Wisconsin.  On or about October 31, 2012, Plaintiff Michael McConville had a Cook Celect IVC filter implanted in the State of Wisconsin pursuant to a doctor's order.  In or around February 6, 2013, Plaintiff Michael McConville suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Michael McConville suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Michael McConville has incurred and will incur medical expenses in the future, has endured and

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

will endure pain and suffering and loss of enjoyment of life, and Plaintiff Michael McConville has otherwise been damaged in a personal and pecuniary nature.

30.     Plaintiff Pedro Garcia is a citizen of the State of Wisconsin.  On or about November 13, 2012, Plaintiff Pedro Garcia had a Cook Celect IVC filter implanted in the State of Wisconsin pursuant to a doctor's order.  In or around February 19, 2013, Plaintiff Pedro Garcia suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Pedro Garcia suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Pedro Garcia has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Pedro Garcia has otherwise been damaged in a personal and pecuniary nature.

31.     Plaintiff Betty Brown is a citizen of the State of Virginia.  On or about December 29, 2013, Plaintiff Betty Brown had a Cook Celect IVC filter implanted in the State of Rhode Island, pursuant to a doctor's order.  In or around March 29, 2014, Plaintiff Betty Brown suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Betty Brown suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Betty Brown has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Betty Brown has otherwise been damaged in a personal and pecuniary nature.

32.     Plaintiff Dianne Fouch is a citizen of the State of Georgia.  On or about February 24, 2015, Plaintiff Dianne Fouch had a Cook Celect IVC filter implanted in the State of Georgia, pursuant to a doctor's order.  In or around July 14, 2015, Plaintiff Dianne Fouch suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Dianne Fouch suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Dianne Fouch has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Dianne Fouch has otherwise been damaged in a personal and pecuniary nature.

33.     Plaintiff Pamela Johnson is a citizen of the State of Wisconsin.  On or about October 12, 2011, Plaintiff Pamela Johnson had a Cook Celect IVC filter implanted in the State of Wisconsin, pursuant to a doctor's order.  In or around October 22, 2012, Plaintiff Pamela Johnson suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Pamela Johnson suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter. As a direct and proximate result of these injuries, Plaintiff Pamela Johnson has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Pamela Johnson has otherwise been damaged in a personal and pecuniary nature.

34. Plaintiff Jacqueline Jones is a citizen of the State of Tennessee. On or about June 26, 2008, Plaintiff Jacqueline Jones had a Cook Celect IVC filter implanted in the State of Mississippi, pursuant to a doctor's order. In or around April 22, 2015, Plaintiff Jacqueline Jones suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable. Plaintiff Jacqueline Jones suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter. As a direct and proximate result of these injuries, Plaintiff Jacqueline Jones has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Jacqueline Jones has otherwise been damaged in a personal and pecuniary nature.

35. Plaintiff Mark Koopman is a citizen of the State of Massachusetts. On or about August 30, 2013, Plaintiff Mark Koopman had a Cook Celect IVC filter implanted in the State of Massachusetts, pursuant to a doctor's order. In or around October 5, 2015, Plaintiff Mark Koopman suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff,

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

and/or otherwise becoming irretrievable. Plaintiff Mark Koopman suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter. As a direct and proximate result of these injuries, Plaintiff Mark Koopman has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Mark Koopman has otherwise been damaged in a personal and pecuniary nature.

36.     Plaintiff Philip Lecklikner is a citizen of the State of Pennsylvania. On or about June 6, 2012, Plaintiff Philip Lecklikner had a Cook Celect IVC filter implanted in the State of Pennsylvania, pursuant to a doctor's order. In or around April 28, 2015, Plaintiff Philip Lecklikner suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable. Plaintiff Philip Lecklikner suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter. As a direct and proximate result of these injuries, Plaintiff Philip Lecklikner has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Philip Lecklikner has otherwise been damaged in a personal and pecuniary nature.

37.     Plaintiff Deborah Vanover is a citizen of the State of Ohio. On or about February 10, 2015, Plaintiff Deborah Vanover had a Cook Celect IVC filter implanted in the State of Ohio, pursuant to a doctor's order. In or around June 4, 2015, Plaintiff Deborah Vanover suffered

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Deborah Vanover suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Deborah Vanover has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Deborah Vanover has otherwise been damaged in a personal and pecuniary nature.

38.     Plaintiff Erik Camacho is a citizen of the State of California.   On or about September 15, 2008, Plaintiff Erik Camacho had a Cook Celect IVC filter implanted in the State of California, pursuant to a doctor's order.  In or around February 28, 2012, Plaintiff Erik Camacho suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Erik Camacho suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Erik Camacho has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Erik Camacho has otherwise been damaged in a personal and pecuniary nature.

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

39.     Plaintiff Crystal Johnson is a citizen of the State of Pennsylvania.  On or about May 1, 2009, Plaintiff Crystal Johnson had a Cook Celect IVC filter implanted in the State of Pennsylvania, pursuant to a doctor's order.  In or around October 2, 2009, Plaintiff Crystal Johnson suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Crystal Johnson suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Crystal Johnson has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Crystal Johnson has otherwise been damaged in a personal and pecuniary nature.

40.     Plaintiff Joseph Amos is a citizen of the State of Missouri.  On or about March 22, 2013, Plaintiff Joseph Amos had a Cook Celect IVC filter implanted in the State of Missouri, pursuant to a doctor's order.  In or around December 20, 2013, Plaintiff Joseph Amos suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Joseph Amos suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Joseph Amos has incurred and will incur medical expenses in the future, has endured and will endure pain and

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

suffering and loss of enjoyment of life, and Plaintiff Joseph Amos has otherwise been damaged in a personal and pecuniary nature.

41.    Plaintiff Roseanna Turner is a citizen of the State of Missouri.  On or about April 11, 2013, Plaintiff Roseanna Turner had a Cook Celect IVC filter implanted in the State of Missouri, pursuant to a doctor's order.  In or around February 29, 2016, Plaintiff Roseanna Turner suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Roseanna Turner suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Roseanna Turner has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Roseanna Turner has otherwise been damaged in a personal and pecuniary nature.

42.    Plaintiff Leslee Hymowitz is a citizen of the State of New York.  On or about January 9, 2014, Plaintiff Leslee Hymowitz had a Cook Celect IVC filter implanted in the State of New York, pursuant to a doctor's order.  In or around May 7, 2014, Plaintiff Leslee Hymowitz suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Leslee Hymowitz suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing,

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Leslee Hymowitz has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Leslee Hymowitz has otherwise been damaged in a personal and pecuniary nature.

43.    Plaintiff David Adolf is a citizen of the State of Florida.  On or about January 28, 2015, Plaintiff David Adolf had a Cook Celect IVC filter implanted in the State of Florida, pursuant to a doctor's order.  In or around March 12, 2015, Plaintiff David Adolf suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff David Adolf suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff David Adolf has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff David Adolf has otherwise been damaged in a personal and pecuniary nature.

44.    Plaintiff Lisa Alliss is a citizen of the State of North Carolina.  On or about April 29, 2011, Plaintiff Lisa Alliss had a Cook Celect IVC filter implanted in the State of North Carolina, pursuant to a doctor's order.  In or around October 2013, Plaintiff Lisa Alliss suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Lisa Alliss suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Lisa Alliss has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Lisa Alliss has otherwise been damaged in a personal and pecuniary nature.

45.     Plaintiff Teresa Banks is a citizen of the State of North Carolina.  On or about February 20, 2014, Plaintiff Teresa Banks had a Cook Celect IVC filter implanted in the State of North Carolina, pursuant to a doctor's order.  In or around February 21, 2014, Plaintiff Teresa Banks suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Teresa Banks suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Teresa Banks has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Teresa Banks has otherwise been damaged in a personal and pecuniary nature.

46.     Plaintiff Michael Deo is a citizen of the State of New York.  On or about May 22, 2015, Plaintiff Michael Deo had a Cook Celect IVC filter implanted in the State of New York, pursuant to a doctor's order.  In or around July 8, 2015, Plaintiff Michael Deo suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

becoming irretrievable. Plaintiff Michael Deo suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter. As a direct and proximate result of these injuries, Plaintiff Michael Deo has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Michael Deo has otherwise been damaged in a personal and pecuniary nature.

47. Plaintiff Thomas Dean is a citizen of the State of Georgia. On or about November 4, 2014, Plaintiff Thomas Dean had a Cook Celect IVC filter implanted in the State of Georgia, pursuant to a doctor's order. In or around December 12, 2014, Plaintiff Thomas Dean suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable. Plaintiff Thomas Dean suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter. As a direct and proximate result of these injuries, Plaintiff Thomas Dean has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Thomas Dean has otherwise been damaged in a personal and pecuniary nature.

48. Plaintiff Bryan Lewis is a citizen of the State of Florida. On or about November 18, 2012, Plaintiff Bryan Lewis had a Cook Celect IVC filter implanted in the State of Florida, pursuant to a doctor's order. In or around March 5, 2013, Plaintiff Bryan Lewis suffered

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Bryan Lewis suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Bryan Lewis has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Bryan Lewis has otherwise been damaged in a personal and pecuniary nature.

49.     Plaintiff David Meaux is a citizen of the State of Florida.  On or about July 13, 2015, Plaintiff David Meaux had a Cook Celect IVC filter implanted in the State of Florida, pursuant to a doctor's order.  In or around October 1, 2015, Plaintiff David Meaux suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff David Meaux suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff David Meaux has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff David Meaux has otherwise been damaged in a personal and pecuniary nature.

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

50.    Plaintiff Alonda Parsons is a citizen of the State of North Carolina.  On or about December 20, 2008, Plaintiff Alonda Parsons had a Cook Celect IVC filter implanted in the State of North Carolina, pursuant to a doctor's order.  In or around October 1, 2013, Plaintiff Alonda Parsons suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Alonda Parsons suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Alonda Parsons has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Alonda Parsons has otherwise been damaged in a personal and pecuniary nature.

51.    Plaintiff Steve Siedel is a citizen of the State of Ohio.  On or about November 8, 2009, Plaintiff Steve Siedel had a Cook Celect IVC filter implanted in the State of Ohio, pursuant to a doctor's order.  In or around September 30, 2015, Plaintiff Steve Siedel suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Steve Siedel suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Steve Siedel has incurred and will incur medical expenses in the future, has endured and will endure pain and

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

suffering and loss of enjoyment of life, and Plaintiff Steve Siedel has otherwise been damaged in a personal and pecuniary nature.

52.     Plaintiff Larry Smith is a citizen of the State of Arizona.  On or about March 20, 2008, Plaintiff Larry Smith had a Cook Celect IVC filter implanted in the State of Arizona, pursuant to a doctor's order.  In or around May 11, 2015, Plaintiff Larry Smith suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Larry Smith suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Larry Smith has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Larry Smith has otherwise been damaged in a personal and pecuniary nature.

53.     Plaintiff Angela Hornsby is a citizen of the State of Tennessee.  On or about May 20, 2011, Plaintiff Angela Hornsby had a Cook Celect IVC filter implanted in the State of Tennessee, pursuant to a doctor's order.  In or around May 7, 2014, Plaintiff Angela Hornsby suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Angela Hornsby suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing,

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Angela Hornsby has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Angela Hornsby has otherwise been damaged in a personal and pecuniary nature.

54.     Plaintiff Alana Jackson is a citizen of the State of California.  On or about October 17, 2008, Plaintiff Alana Jackson had a Cook Celect IVC filter implanted in the State of California, pursuant to a doctor's order.  In or around March 13, 2105, Plaintiff Alana Jackson suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Alana Jackson suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Alana Jackson has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Alana Jackson has otherwise been damaged in a personal and pecuniary nature.

55.     Plaintiff Gerald Rude is a citizen of the State of California.  On or about July 28, 2011, Plaintiff Gerald Rude had a Cook Celect IVC filter implanted in the State of California, pursuant to a doctor's order.  In or around August 27, 2015, Plaintiff Gerald Rude suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Gerald Rude suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

Cook Celect IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Celect IVC filter.  As a direct and proximate result of these injuries, Plaintiff Gerald Rude has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Gerald Rude has otherwise been damaged in a personal and pecuniary nature.

56.    Defendant Cook Group Incorporated is an Indiana Corporation with a principal place of business located at 750 Daniels Way, P.O. Box 489, Bloomington, Indiana 47404.  At all relevant times, Defendant COOK GROUP INCORPORATED and/or its predecessors in interest, were engaged in the business of research, designing, testing, formulating, inspecting, labeling, manufacturing, packaging, marketing, distributing, producing, processing, promoting and selling the Celect IVC Filter medical device in St. Louis and throughout Missouri and the United States.

57.    Defendant Cook Incorporated is an Indiana Corporation with a principal place of business located at 750 Daniels Way, P.O. Box 489, Bloomington, Indiana 47404.  At all relevant times, Defendant COOK INCORPORATED and/or its predecessors in interest, were engaged in the business of research, designing, testing, formulating, inspecting, labeling, manufacturing, packaging, marketing, distributing, producing, processing, promoting and selling the Celect IVC Filter medical device in St. Louis and throughout Missouri and the United States.

58.    Defendant Cook Medical, LLC, formerly known as Cook Medical Incorporated, is an Indiana Limited Liability Company organized under the laws of Indiana, with a principal place of business located at 750 Daniels Way, P.O. Box 489, Bloomington, Indiana 47404. Defendant Cook Medical LLC's members are corporations with a principal places of business located in Indiana or otherwise reside in and are citizens of Indiana. Accordingly, Cook Medical LLC is a citizen of Indiana for purposes of determining diversity under 28 U.S.C. § 1332   The registered

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

agent for Cook Medical, LLC is CSC – Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, Missouri 65101. At all relevant times, Defendant COOK MEDICAL, LLC and/or its predecessors in interest, were engaged in the business of research, designing, testing, formulating, inspecting, labeling, manufacturing, packaging, marketing, distributing, producing, processing, promoting and selling the Celect IVC Filter medical device in St. Louis and throughout Missouri and the United States.  Further, at all pertinent times, COOK MEDICAL, LLC is and has been licensed to do business in Missouri, and maintained a registered agent in the State of Missouri.

59.    Defendant William Cook Europe APS is based in Bjaeverskov, Denmark.  The managing director for William Cook Europe APS is Lars Milling.  His office is located at Sandetle, DK-4632, Bjaeverskov, Denmark.  At all relevant times, Defendant WILLIAM COOK EUROPE APS and/or its predecessors in interest, were engaged in the business of research, designing, testing, formulating, inspecting, labeling, manufacturing, packaging, marketing, distributing, producing, processing, promoting and selling the Celect IVC Filter medical device in St. Louis and throughout Missouri and the United States.

60.    Hereinafter, each of the above Defendants shall be collectively referred to as "Defendants" or "Cook."  At all times alleged herein, Defendants include and included any and all parent companies, subsidiaries, affiliates, divisions, franchises, partners, joint venturers, and organizational units of any kind, their predecessors, successors and assigns and their officers, directors, employees, agents, representatives and any and all other persons acting on their behalf.

61.    At all times herein mentioned, each of the Defendants was the agent, servant, partner, predecessors in interest, and joint venturer of each of the remaining Defendants herein and was at all times operating and acting with the purpose and scope of said agency, service, employment, partnership, and joint venture.

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

62.     At all times relevant, Defendants were engaged in the business of developing, designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into interstate commerce throughout the United States, either directly or indirectly through third parties, subsidiaries or related entities, the Celect IVC Filter medical device.

63.     Cook develops, manufactures, sells and distributes medical devices for use in various medical applications including endovascular cardiology, and surgical products in St. Louis and throughout Missouri, the United States and around the world.  Cook's products include the Celect Vena Cava Filter, which is used for the prevention of recurrent pulmonary embolism via placement in the vena cava.

## VENUE AND JURISDICTION

64.     All Plaintiffs herein are properly joined pursuant to Rule 52.05(a) of the Missouri Rules of Civil Procedure, as their claims all arise out of the same series of transactions or occurrences.  The claims in this case present common questions of fact and law concerning, among other things, what information Defendants possessed concerning the harmful effects of the Celect IVC Filter, what information it disclosed to patients and physicians about those harmful effects, and what information Defendants were required by law to disclose about those harmful effects.  Plaintiffs' claims are all logically related in that all Plaintiffs claim that the Celect IVC Filter was defectively designed, manufactured and marketed by Defendants, and that Defendants failed to provide adequate warnings regarding the dangers posed by Celect IVC Filter use.  All Plaintiffs suffered physical personal injuries caused by the device becoming imbedded, tilting, migrating, fracturing, perforating, and/or otherwise becoming irretrievable, all of which will require ongoing monitoring, as result of the same wrongful conduct and tortuous acts by the Defendants, including, but not limited to, the Defendants' failure to conduct adequate safety and efficacy studies, the

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

Defendants' distribution of inadequate and misleading marketing materials and literature to physicians and patients, and the lack of adequate warnings provided to physicians and patients.

65.     Defendants' wrongful conduct and tortuous acts were done without any regard for individual Plaintiff differences.  Defendants' conduct in designing, developing, marketing, and distributing the Celect IVC Filter relates to all Plaintiffs' claims herein and makes up a common universe of facts underlying the Plaintiffs' claims.

66.     At all pertinent times, Defendants have conducted and continue to conduct continuous and systematic business in the State of Missouri, have purposefully injected their products, including the Celect IVC Filter, into the stream of commerce to be sold in Missouri, and have taken actions such that they should anticipate being sued in the State of Missouri.

67.     Defendants have transacted business in the State of Missouri that has given rise to this cause of action, maintained registered agents in the State of Missouri, and have committed torts in whole or in part in the State of Missouri, including torts giving rise to this action.  This includes the marketing and selling of the Celect IVC Filter in the State of Missouri, which gave rise to this cause of action as a whole.

68.     There is no federal subject matter jurisdiction because no federal question is raised and some of the Plaintiffs and the Defendants are citizens of the same state, i.e., Indiana.

69.     Venue is proper in this Court pursuant to Mo. Rev. Stat. 508.010 because Plaintiff Anthony Halinski was first injured by the Celect IVC Filter in the City of St. Louis.  Anthony Halinski received implantation of a Celect IVC Filter in the City of St. Louis at Barnes Jewish Hospital.

## PLAINTIFFS' CELECT IVC FILTER USE

70.     All Plaintiffs were implanted with the Celect IVC Filter by their doctors or health care providers, and they all used the Celect IVC Filter as intended and in a foreseeable manner.

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

The Celect IVC Filter used by all Plaintiffs reached them without substantial change in its condition from when it was manufactured or sold.

71.     As a direct and proximate result of implantation of the Celect IVC Filter, the Plaintiffs developed severe, significant injuries, including injuries attendant to filter imbedding, tilting, migrating, fracturing, perforating, and/or otherwise becoming irretrievable, and monitoring therefore.

72.     Plaintiffs would not have used the Celect IVC Filter if Defendants had properly disclosed the risks associated with the product and/or would have been adequately monitored for its side effects, and would not have suffered severe physical and personal injuries.

## TIMELINESS AND TOLLING OF STATUTES OF LIMITATIONS

73.     Plaintiffs filed this lawsuit within the applicable limitations period of first suspecting that the Celect IVC Filter was the cause of their injuries.  Plaintiffs could not, by the exercise of reasonable diligence, have discovered the wrongful cause of their Celect IVC Filter - induced injuries at an earlier time, because, at the time of these injuries, the cause was unknown to Plaintiffs.  Plaintiffs did not suspect, nor did Plaintiffs have reason to suspect, the cause of these injuries, or the tortious nature of the conduct causing these injuries, until less than the applicable limitations period prior to the filing of this action.

74.     Furthermore, the running of any statute of limitations has been tolled by reason of Defendants' fraudulent concealment.  Through their affirmative misrepresentations and omissions, Defendants actively concealed from Plaintiffs, and their prescribing physicians, the true risks associated with the Celect IVC Filter.

75.     As a result of Defendants' actions, the Plaintiffs and their prescribing and treating physicians were unaware, and could not reasonably know or learned through reasonable diligence

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

that the Plaintiffs had been exposed to the risks alleged herein, and that those risks were the direct and proximate result of Defendants' acts and omissions.

76.     Through their affirmative misrepresentations and omissions pertaining to the safety of the Celect IVC Filter, Plaintiffs were prevented from discovering this information sooner because the Defendants herein misrepresented and continued to misrepresent to the public and to the medical community that the drugs are safe to take, and the Defendants have fraudulently concealed facts and information that could have led Plaintiffs to discover a potential cause of action.

77.     Additionally, the economics of this fraud should be considered.  The Defendants had the ability to and did spend enormous amounts of money in furtherance of their purpose and marketing and promoting a profitable medical device, notwithstanding the known or reasonably known risks.  The Plaintiffs and their prescribing physicians could not have afforded and could not have possibly conducted studies to determine the nature, extent, and identity of a related health risk, and were forced to rely on the Defendants' misrepresentations.

## **FACTUAL ALLEGATIONS**

### A.     **Nature of the Case**

78.     Plaintiffs bring this case against Defendants for damages associated with implantation of the Celect IVC Filter medical device which was designed, manufactured, marketed, sold and distributed by Defendants.

79.     Defendants designed, researched, developed, manufactured, tested, marketed, advertised, promoted, distributed, and sold products, such as IVC filters, that are sold and marketed as a temporary/retrievable device to prevent, among other things, recurrent pulmonary embolism via placement in the vena cava.  Defendants' particular product at issue in this case is the Celect

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

IVC Filter, which is introduced into the vena cava via an 8.5 French coaxial introducer sheath system.

80.    Defendants sought Food and Drug Administration ("FDA") approval to market the Celect IVC Filter device and/or its components under Section 510(k) of the Medical Device Amendment.

81.    Defendants obtained Food and Drug Administration ("FDA") approval to market the Celect IVC Filter device and/or its components under section 510(k) of the Medical Device Amendment.

82.    Section 510(k) allows marketing of medical devices if the device is deemed substantially equivalent to other legally marketed predicate devices without formal review for the safety or efficacy of the said device.

83.    An IVC filter, like the Celect IVC Filter, is a device designed to filter blood clots (called "thrombi") that would otherwise travel from the lower portions of the body to the heart and lungs.  IVC filters may be designed to be implanted, either temporarily or permanently, within the vena cava.

84.    The inferior vena cava is a vein that returns blood to the heart from the lower portion of the body.  In certain people, and for various reasons, thrombi travel from vessels in the legs and pelvis, through the vena cava into the lungs.  Often these thrombi develop in the deep leg veins. The thrombi are called "deep vein thrombosis" or DVT.  Once the thrombi reach the lungs they are considered "pulmonary emboli" or PE.

85.    An IVC filter, like the Celect IVC Filter, is designed to prevent thromboembolic events by filtering or preventing blood clots/thrombi from traveling to the heart and/or lungs.

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

86.    The Celect IVC Filter was released for sale in the U.S. in 2007, is currently sold and marketed as a temporary retrievable filter, and is based on the Gunther Tulip Vena Cava filter and the Celect Vena Cava MREYE Filter.

87.    The Celect IVC Filter has four (4) anchoring struts for fixation and eight (8) independent secondary struts intended to improve self-centering and clot trapping.

88.    Plaintiffs were implanted with Celect IVC Filters.

89.    Plaintiffs are at risk for future Celect IVC Filter fractures, migrations, perforations and tilting.  Each faces numerous health risks, including the risk of death.  For the rest of Plaintiffs' lives, they will require on-going medical monitoring.

90.    At all times relevant hereto the Celect IVC Filter was widely advertised and promoted by the Defendants as a safe and effective treatment for prevention of recurrent pulmonary embolism via placement in the vena cava.

91.    At all times relevant hereto, Defendants knew its Celect IVC Filter was defective and knew that defect was attributable to the design's failure to withstand the normal anatomical and physiological loading cycles exerted in vivo.

92.    The Defendants failed to disclose to physicians, patients, or Plaintiffs that its Celect IVC Filter was subject to breakage and migration or the appropriate degree of risk of perforation and damage to the vena cava wall.

93.    At all times relevant hereto, the Defendants continued to promote the Celect IVC Filter as safe and effective even though the clinical trials that had been performed were not adequate to support long or short term efficacy.

94.    The Defendants concealed the known risks and failed to warn of known or scientifically knowable dangers and risks associated with the Celect IVC Filter, as aforesaid.

95.    The Celect IVC Filter is constructed of conichrome.

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

96.     The Defendants specifically advertise the conichrome construction of the filter as a frame which "reduces the risk of fracture."

97.     The failure of the Celect IVC Filter is attributable, in part, to the fact that the Celect IVC Filter suffers from a design defect causing it to be unable to withstand the normal anatomical and physiological loading cycles exerted in vivo.

98.     At all times relevant hereto the Defendants failed to provide sufficient warnings and instructions that would have put the Plaintiffs and the general public on notice of the dangers and adverse effects caused by implantation of the Celect IVC Filter, including, but not limited to the design's failure to withstand the normal anatomical and physiological loading cycles exerted in vivo.

99.     The Celect IVC Filter was designed, manufactured, distributed, sold and/or supplied by the Defendants, and was marketed while defective due to the inadequate warnings, instructions, labeling, and/or inadequate testing in light of Defendants' knowledge of the products failure and serious adverse events.

100.    That at all times relevant hereto, the officers and/or directors of the Defendants named herein participated in, authorized and/or directed the production and promotion of the aforementioned products when they knew or should have known of the hazardous and dangerous propensities of the said products, and thereby actively participated in the tortuous conduct that resulted in the injuries suffered by the Plaintiffs.

## CORPORATE/VICARIOUS LIABILITY

101.    At all times herein mentioned, each of the Defendants was the agent, servant, partner, aider and abettor, co-conspirator and/or joint venturer of each of the other Defendants herein and was at all times operating and acting within the purpose and scope of said agency, service, employment, partnership, conspiracy and/or joint venture and rendered substantial

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

assistance and encouragement to the other Defendants, knowing that their collective conduct constituted a breach of duty owed to the Plaintiff.

102.    There exists and, at all times herein mentioned, there existed a unity of interest in ownership between certain Defendants and other certain Defendants such that any individuality and separateness between the certain Defendants has ceased and these Defendants are the alter ego of the other certain Defendants and exerted control over those Defendants.  Adherence to the fiction of the separate existence of these certain Defendants as entities distinct from other certain Defendants will permit an abuse of the corporate privilege and would sanction a fraud and/or would promote injustice.

103.    At all times herein mentioned, Defendants, and each of them, were engaged in the business of, or were successors in interest to, entities engaged in the business of researching, designing, formulating, compounding, testing, manufacturing, producing, processing, assembling, inspecting, distributing, marketing, labeling, promoting, packaging, prescribing and/or advertising for sale, and selling products for use by the Plaintiffs.  As such, each Defendant is individually, as well as jointly and severally, liable to the Plaintiffs for Plaintiffs' damages.

104.    At all times herein mentioned, the officers and/or directors of the Defendants named herein participated in, authorized and/or directed the production and promotion of the aforementioned products when they knew, or with the exercise of reasonable care and diligence should have known, of the hazards and dangerous propensities of said products, and thereby actively participated in the tortious conduct that resulted in the injuries suffered by the Plaintiffs.

**B.**    **The Plaintiffs' Use of the Celect IVC Filter and Resulting Injuries**

105.    By reason of the foregoing acts and omissions, Plaintiffs were caused to suffer severe and personal injuries which are permanent and lasting in nature, physical pain and mental

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

anguish, including diminished enjoyment of life, expenses for hospitalization and medical treatment, and loss of earnings, among other damages.

106.    Upon information and belief, despite life-threatening findings in a clinical trial and other clinical evidence, Defendants failed to adequately conduct complete and proper testing of the Celect IVC Filter prior to filing their New Drug Application for the Celect IVC Filter.

107.    Upon information and belief, from the date Defendants received FDA approval to market the Celect IVC Filter, Defendants made, distributed, marketed, and sold the Celect IVC Filter without adequate warning to Plaintiffs' prescribing or treating physicians or Plaintiffs that the Celect IVC Filter was associated with and/or could cause life-threatening injuries, presented a risk of life-threatening injuries in patients who used it, and that Defendants had not adequately conducted complete and proper testing and studies of the Celect IVC Filter with regard to severe side-effects, specifically tilting, imbedding, perforating, migrating, and fracturing.

108.    Upon information and belief, Defendants concealed and failed to completely disclose their knowledge that the Celect IVC Filter was associated with or could cause life-threatening injury as well as their knowledge that they had failed to fully test or study said risk.

109.    Upon information and belief, Defendants ignored the association between the use of the Celect IVC Filter and the risk of tilting, imbedding perforating, migrating, and fracturing.

110.    Upon information and belief, Defendants failed to warn Plaintiffs and their healthcare providers regarding the need for monitoring, and failed to warn of the risk of tilting, imbedding perforating, migrating, and fracturing that may be irreversible, permanently disabling, and life- threatening, associated with the Celect IVC Filter.

111.    Defendants' failure to disclose information that they possessed regarding the failure to adequately test and study the Celect IVC Filter for life-threatening injury risk further rendered warnings for this medication inadequate.

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

112.    Defendants' fraudulent concealment and misrepresentations were designed to prevent, and did prevent, the public and the medical community at large from discovering the risks and dangers associated with the Celect IVC Filter and Plaintiffs from discovering, and/or with reasonable diligence being able to discover, their causes of action.

113.    Defendants' fraudulent representations and concealment evidence flagrant, willful, and depraved indifference to health, safety, and welfare. Defendants' conduct showed willful misconduct, malice, fraud, wantonness, oppression, and that entire want of care that raises the presumption of conscious indifference to the consequences of said conduct.

114.    By reason of the forgoing acts and omissions, Plaintiffs have suffered damages and harm, including, but not limited to, personal injury, medical expenses, economic losses, loss of enjoyment of life, disability, and other personal and pecuniary losses.

## COUNT I
## NEGLIGENCE

115.    Plaintiffs repeat and re-allege each and every allegation in this Petition and incorporate each allegation into this Count, as if set forth at length, in its entirety.

116.    At all times relevant to this cause of action, the Defendants COOK GROUP, INC., COOK INCORPORATED, COOK MEDICAL LLC f/k/a COOK MEDICAL, INC., and WILLIAM COOK EUROPE APS, were in the business of designing, developing, manufacturing, marketing and selling sophisticated medical devices, including the Celect IVC Filter.

117.    At all times relevant hereto, the Defendants COOK GROUP, INC., COOK INCORPORATED, COOK MEDICAL LLC f/k/a COOK MEDICAL, INC., and WILLIAM COOK EUROPE APS, were under a duty to act reasonably to design, develop, manufacture, market and sell a product that did not present a risk of harm or injury to the Plaintiffs and to those people receiving the Celect IVC Filter.

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

118.    At the time of manufacture and sale of the Celect IVC Filter, the Defendants COOK GROUP, INC., COOK INCORPORATED, COOK MEDICAL LLC f/k/a COOK MEDICAL, INC., and WILLIAM COOK EUROPE APS, knew or reasonably should have known the Celect IVC Filter:

a.    Was designed and manufactured in such a manner so as to present an unreasonable risk of fracture of portions of the device;

b.    Was designed and manufactured so as to present an unreasonable risk of migration of the device and/or portions of the device;

c.    Was designed and manufactured to have unreasonable and insufficient strength or structural integrity to withstand normal placement within the human body; and/or,

d.    Was designed and manufactured so as to present an unreasonable risk of perforation and damage to the vena cava wall.

119.    Despite the aforementioned duty on the part of the Defendants COOK GROUP, INC., COOK INCORPORATED, COOK MEDICAL LLC f/k/a COOK MEDICAL, INC., and WILLIAM COOK EUROPE APS, they committed one or more breaches of their duty of reasonable care and were negligent in:

a.    Unreasonably and carelessly failing to properly warn of the dangers and risks of harm associated with the Celect IVC Filter, specifically its incidents fracture, migration, perforation and other failure;

b.    Unreasonably and carelessly manufactured a product that was insufficient in strength or structural integrity to withstand the foreseeable use of normal placement within the human body;

c.    Unreasonably and carelessly designed a product that was insufficient in strength or structural integrity to withstand the foreseeable use of normal placement within the human body; and

d.    Unreasonably and carelessly designed a product that presented a risk of harm to the Plaintiffs and others similarly situated in that it was prone to fail.

120.    As a direct and proximate result of the Defendants' negligence, as described herein, Plaintiffs have suffered and will continue to suffer serious physical injuries, pain and suffering,

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

mental anguish, medical expenses, economic loss, loss of enjoyment of life, disability, and other losses, in an amount to be determined at trial.

**WHEREFORE**, the Plaintiffs pray for judgment against Defendants, each of them, in an amount in excess of $25,000.00, for costs expended herein, and for such further and other relief as the Court deems just and proper.

<u>**COUNT II**</u>
<u>**STRICT PRODUCT LIABILITY – FAILURE TO WARN**</u>

121.    Plaintiffs repeat and re-allege each and every allegation in this Petition and incorporate each allegation into this Count, as if set forth at length, in its entirety.

122.    Defendants designed, set specifications, manufactured, prepared, compounded, assembled, processed, marketed, labeled, distributed, and sold the Celect IVC Filter, including those implanted into Plaintiffs, into the stream of commerce and in the course of same, directly advertised and marketed the device to consumers or persons responsible for consumers.

123.    At the time Defendants designed, manufactured, prepared, compounded, assembled, processed, marketed, labeled, distributed, and sold the device into the stream of commerce, Defendants knew or should have known the device presented an unreasonable danger to users of the product when put to its intended and reasonably anticipated use. Specifically, Defendants knew or should have known at the time they manufactured, labeled, distributed and sold the Celect IVC Filters, which were implanted in Plaintiffs, that the filters posed a significant risk of device failure (fracture, migration, tilting, and perforation of the vena cava wall) and resulting serious injuries.

124.    Therefore, Defendants had a duty to warn of the risk of harm associated with the use of the device and to provide adequate instructions on the safe and proper use of the device. Defendants further had a duty to warn of dangers and proper safety instructions that it became aware of even after the devices were distributed and implanted in Plaintiffs.

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

125.    Despite this duty, Defendants failed to adequately warn of material facts regarding the safety and efficacy of the Celect IVC Filter, and further failed to adequately provide instructions on the safe and proper use of the device.

126.    No health care provider, including Plaintiffs', or patient would have used the device in the manner directed, had those facts been made known to the prescribing healthcare providers and/or ultimate users of the device.

127.    The health risks associated with the device as described herein are of such a nature that ordinary consumers would not have readily recognized the potential harm.

128.    Plaintiffs and Plaintiffs' health care providers used the devices in normal, customary, intended, and foreseeable manners, namely as a surgically implanted device used to prevent pulmonary embolisms.

129.    Therefore, the Celect IVC Filters implanted in Plaintiffs were defective and unreasonably dangerous at the time of release into the stream of commerce due to inadequate warnings, labeling and/or instructions accompanying the product.

130.    The Celect IVC Filters implanted in Plaintiffs were in the same condition as when it they were manufactured, inspected, marketed, labeled, promoted, distributed and sold by Defendants.

131.    As a direct and proximate result of Defendants' lack of sufficient warning and/or instructions, Plaintiffs have suffered and will continue to suffer serious physical injuries, pain and suffering, mental anguish, medical expenses, economic loss, loss of enjoyment of life, disability, and other losses, in an amount to be determined at trial.

**WHEREFORE**, the Plaintiffs pray for judgment against Defendants, each of them, in an amount in excess of $25,000.00, for costs expended herein, and for such further and other relief as the Court deems just and proper.

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

## COUNT III
## STRICT PRODUCTS LIABILITY-DESIGN DEFECT

132.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

133.    At all times relevant to this action, Defendants developed, tested, designed, manufactured, inspected, labeled, promoted, distributed and sold into the stream of commerce the Celect IVC Filter, including those implanted in Plaintiffs.

134.    The Celect IVC Filters were expected to, and did, reach their intended consumers without substantial change in the condition in which they were in when they left Defendants' possession.  In the alternative, any changes that were made to the Celect IVC Filters implanted in Plaintiffs were reasonably foreseeable to Defendants.

135.    The Celect IVC Filters implanted in Plaintiffs were defective in design because they failed to perform as safely as persons who ordinarily use the product would have expected at the time of use.

136.    The Celect IVC Filters implanted in Plaintiffs were defective in design, in that each product's risks of harm exceeded its claimed benefits.

137.    The Defendants knew that safer alternative designs were available and would have prevented or significantly reduced the risk of the injury presented by the Celect IVC Filter and it was economically and technologically feasible at the time the filter left the control of the Defendants to prevent or reduce the risk of such a such a dangerous event by application of existing, reasonably achievable, scientific knowledge.

138.    Plaintiffs and Plaintiffs' health care providers used the Celect IVC Filter in a manner that was reasonably foreseeable to Defendants.

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

139.    Neither Plaintiffs, nor Plaintiffs' health care providers could have by the exercise of reasonable care discovered the devices defective condition or perceived its unreasonable dangers prior to Plaintiffs' implantation with the devices.

140.    As a direct and proximate result of the Celect IVC Filter's defective design, Plaintiffs have suffered and will continue to suffer serious physical injuries, economic loss, loss of enjoyment of life, disability, and other losses, in an amount to be determined at trial.

141.    At all times relevant hereto, the Celect IVC Filter was dangerous and presented a substantial danger to patients who were implanted with the Celect IVC Filter and these risks and dangers were known or knowable at the times of distribution and implantation in Plaintiffs. Ordinary consumers would not have recognized the potential risks and dangers the Celect IVC Filter posed to patients, because its use was specifically promoted to improve health of such patients. The Celect IVC Filters were used by the Plaintiffs and their treating physicians in a reasonably foreseeable manner.

142.    The Defendants failed to provide warnings of such risks and dangers to the Plaintiffs and their medical providers as described herein.

143.    As a direct and proximate result of the Celect IVC Filter's defects, as described herein, Plaintiffs have suffered and will continue to suffer serious physical injuries, pain and suffering, mental anguish, medical expenses, economic loss, loss of enjoyment of life, disability, and other losses, in an amount to be determined at trial.

**WHEREFORE**, the Plaintiffs pray for judgment against Defendants, each of them, in an amount in excess of $25,000.00, for costs expended herein, and for such further and other relief as the Court deems just and proper.

## COUNT IV
## STRICT PRODUCTS LIABILITY-MANUFACTURING DEFECT

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

144.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

145.    Defendants designed, set specifications, manufactured, prepared, compounded, assembled, processed, marketed, labeled, distributed, and sold the Celect IVC Filters that were implanted into Plaintiffs.

146.    The Celect IVC Filters implanted in Plaintiffs contained a condition, which Defendants did not intend; at the time they left Defendants' control and possession.

147.    Plaintiffs and Plaintiffs' health care providers used the devices in a manner that was reasonably foreseeable to Defendants.

148.    As a result of this condition, the product injured Plaintiffs and failed to perform as safely as the ordinary consumer would expect when used in a reasonably foreseeable manner.

149.    As a direct and proximate result of the Celect IVC Filter's manufacturing defect, Plaintiffs have suffered and will continue to suffer serious physical injuries, pain and suffering, mental anguish, medical expenses, economic loss, loss of enjoyment of life, disability, and other losses, in an amount to be determined at trial.

**WHEREFORE**, the Plaintiffs pray for judgment against Defendants, each of them, in an amount in excess of $25,000.00, for costs expended herein, and for such further and other relief as the Court deems just and proper.

<u>**COUNT V**</u>
<u>**BREACH OF EXPRESS AND IMPLIED WARRANTY**</u>

150.    Plaintiffs repeat and re-allege each and every allegation in this Petition and incorporate each allegation into this Count, as if set forth at length, in its entirety.

151.    Plaintiffs, through their medical providers, purchased the Celect IVC Filters from Defendants COOK GROUP, INC., COOK INCORPORATED, COOK MEDICAL LLC f/k/a COOK MEDICAL, INC., and WILLIAM COOK EUROPE APS.

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

152.     At all times to this cause of action, the Defendants COOK GROUP, INC., COOK INCORPORATED, COOK MEDICAL LLC f/k/a COOK MEDICAL, INC., and WILLIAM COOK EUROPE APS were merchants of goods of the kind including medical devices and vena cava filters (like the Celect IVC Filter).

153.     At the time and place of sale, distribution and supply of the Celect IVC Filters to Plaintiffs, the Defendants expressly represented and warranted that the Celect IVC Filters were safe, and impliedly warranted that the products were reasonably fit for their intended purpose and were marketable quality.

154.     At the time of Plaintiffs' purchase from Defendants, the Celect IVC Filters were not in a merchantable condition, in that:

     a.    They were designed in such a manner so as to be prone to a unreasonably high incident of fracture, perforation of vessels and organs, and/or migration;

     b.    They were designed in such a manner so as to result in a unreasonably high incident of injury to the organs including the vena cava of its purchaser; and

     c.    They were manufactured in such a manner so that the exterior surface of the Celect IVC Filters were inadequately, improperly and inappropriately designed causing the device to weaken and fail.

155.     Additionally, implied warranties were beached as follows:

     a.    The Defendants failed to provide the warning or instruction and/or an adequate warning or instruction which a manufacturer exercising reasonable care would have provided concerning that risk, in light of the likelihood that the Celect IVC Filters would cause harm;

     b.    The Defendants manufactured and/or sold the Celect IVC Filters and those filters did not conform to representations made by the Defendants when it left the Defendants' control;

     c.    The Defendants manufactured and/or sold the Celect IVC Filters that were more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, and the foreseeable risks associated with the Celect IVC Filters' design or formulation exceeded the benefits associated with that design.

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

These defects existed at the time the products left the Defendants' control; and

d.    The Defendants manufactured and/or sold the Celect IVC Filters when they deviated in a material way from the design specifications, formulas or performance standards or form otherwise identical units manufactured to the same design specifications, formulas, or performance standards, and these defects existed at the time the products left the Defendants' control.

156.    Further, Defendants' marketing of the Celect IVC Filters was false and/or misleading.

157.    Plaintiffs, through their attending physicians, relied on these representations in determining which IVC filter to use for implantation in the Plaintiffs.

158.    Defendants' filters were unfit and unsafe for use by users as it posed an unreasonable and extreme risk of injury to persons using said products, and accordingly Defendants breached their expressed warranties and the implied warranties associated with the products.

159.    The foregoing warranty breaches were a substantial factor in causing Plaintiffs' injuries and damages as alleged.

160.    As a direct and proximate result of the Celect IVC Filter's defects, as described herein, Plaintiffs have suffered and will continue to suffer serious physical injuries, pain and suffering, mental anguish, medical expenses, economic loss, loss of enjoyment of life, disability, and other losses, in an amount to be determined at trial.

**WHEREFORE**, the Plaintiffs pray for judgment against Defendants, each of them, in an amount in excess of $25,000.00, for costs expended herein, and for such further and other relief as the Court deems just and proper.

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

## COUNT VI
## NEGLIGENT MISREPRESENTATION

161.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

162.    At all times relevant to this cause, and as detailed supra, Defendants negligently provided Plaintiffs, Plaintiffs' health care providers, and the general medical community with false or incorrect information, or omitted or failed to disclose material information concerning the Celect IVC Filter, including, but not limited to, misrepresentations relating to the following subject areas:

a.      The safety of the Celect IVC Filter;

b.      The efficacy of the Celect IVC Filter;

c.      The rate of failure of the Celect IVC Filter; and

d.      The approved uses of the Celect IVC Filter.

163.    The information distributed by Defendants to the public, the medical community and Plaintiffs' health care providers was in the form of reports, press releases, advertising campaigns, labeling materials, print advertisements, commercial media containing material representations, which were false and misleading, and contained omissions and concealment of the truth about the dangers of the use of the Celect IVC Filter.  Defendants made the foregoing misrepresentations knowing that they were false or without reasonable basis.  These materials included instructions for use and warning documents that were included in the packages of the Celect IVC Filters that were implanted in Plaintiffs.

164.    Defendants' intent and purpose in making these misrepresentations was to deceive and defraud the public and the medical community, including Plaintiffs' health care providers; to gain the confidence of the public and the medical community, including Plaintiffs' health care providers; to falsely assure them of the quality of the Celect IVC Filter and its fitness for use; and

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

to induce the public and the medical community,  including Plaintiffs' healthcare providers to request, recommend, prescribe, implant, purchase, and continue to use the Celect IVC Filter.

165.    The foregoing representations and omissions by Defendants were in fact false.  The Celect IVC Filter is not safe, fit, and effective for human use in its intended and reasonably foreseeable manner.  The use of the Celect IVC Filter is hazardous to the user's health, and said device has a serious propensity to cause users to suffer serious injuries, including without limitation, the injuries Plaintiffs suffered.

166.    In reliance upon the false and negligent misrepresentations and omissions made by Defendants, Plaintiffs and Plaintiffs' health care providers were induced to, and did use the Celect IVC Filter, thereby causing Plaintiffs to sustain severe and permanent personal injuries.

167.    Defendants knew and had reason to know that Plaintiffs, Plaintiffs' health care providers, and the general medical community did not have the ability to determine the true facts intentionally and/or negligently concealed and misrepresented by Defendants, and would not have prescribed and implanted same, if the true facts regarding the device had not been concealed and misrepresented by Defendants.

168.    Defendants had sole access to material facts concerning the defective nature of the product and its propensity to cause serious and dangerous side effects in the form of dangerous injuries and damages to persons who are implanted with the Celect IVC Filter.

169.    At the time Defendants failed to disclose and misrepresented the foregoing facts, and at the time Plaintiffs used the Celect IVC Filter, Plaintiffs and Plaintiffs' health care providers were unaware of said Defendants' negligent misrepresentations and omissions.

170.    Plaintiffs, Plaintiffs' health care providers and the general medical community reasonably relied upon misrepresentations and omissions made by Defendants where the concealed

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

and misrepresented facts were critical to understanding the true dangers inherent in the use of the Celect IVC Filter.

171.    As a direct and proximate result of the Plaintiffs and Plaintiffs' health care providers' reliance on the foregoing misrepresentations and omissions by Defendants, as described herein, Plaintiffs have suffered and will continue to suffer serious physical injuries, pain and suffering, mental anguish, medical expenses, economic loss, loss of enjoyment of life, disability, and other losses, in an amount to be determined at trial.

**WHEREFORE**, the Plaintiffs pray for judgment against Defendants, each of them, in an amount in excess of $25,000.00, for costs expended herein, and for such further and other relief as the Court deems just and proper.

**COUNT VII**
**FRAUD**

172.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

173.    Prior to Plaintiffs' use of the Celect IVC Filter and during the period in which Plaintiffs actually used the Celect IVC Filter, Defendants fraudulently suppressed material information regarding the safety and efficacy of the Celect IVC Filter, including information regarding increased adverse events, pre and post marketing deaths, and the high number of severe adverse event reports compared to other IVC filters and the need for monitoring for the safe and effective use of the Celect IVC Filter.  Furthermore, Defendants fraudulently concealed the safety information about the use of the Celect IVC Filter.  As described above, the Celect IVC Filter has several well-known serious side-effects that are not seen in other IVC filters.  Plaintiffs believe that the fraudulent misrepresentation described herein was intentional to keep the sales volume of the Celect IVC Filter strong.

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

174.     The Defendants falsely and fraudulently represented to the medical and healthcare community, and to the Plaintiffs, the FDA, and the public in general, that said product, the Celect IVC Filter, had been tested and was found to be safe and/or effective to reduce the risk of clotting injury.

175.     These representations were made by said Defendants with the intent of defrauding and deceiving the Plaintiffs, the public in general, and the medical and healthcare community in particular, and were made with the intent of inducing the public in general, and the medical and healthcare community in particular, to recommend, prescribe, implant and/or purchase said product, the Celect IVC Filter, for use to reduce the risk of clotting injury, all of which evinced a callous, reckless, willful, depraved indifference to the health, safety and welfare of the Plaintiffs herein.

176.     At the time the aforesaid representations were made by the Defendants and, at the time the Plaintiffs used the Celect IVC Filter, the Plaintiffs were unaware of the falsity of said representations and reasonably believed them to be true.

177.     In reliance upon said representations, Plaintiffs were induced to and did use the Celect IVC Filter, thereby sustaining severe and permanent personal injuries.

178.     Said Defendants knew and were aware, or should have been aware, that the Celect IVC Filter had not been sufficiently tested, was defective in nature, and/or that it lacked adequate and/or sufficient warnings.

179.     Defendants knew or should have known that the Celect IVC Filter had a potential to, could, and would cause severe and grievous injury to the users of said product, and that it was inherently dangerous in a manner that exceeded any purported, inaccurate, and/or down-played warnings.

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

180.    Defendants brought the Celect IVC Filter to the market, and acted fraudulently, wantonly and maliciously to the detriment of Plaintiffs.

181.    Defendants fraudulently concealed the safety issues associated with the Celect IVC Filter including the need for monitoring in order to induce physicians to prescribe and implant the Celect IVC Filter and for patients, including Plaintiffs, to purchase and/or use the Celect IVC Filter.

182.    At the time Defendants concealed the fact that the Celect IVC Filter was not safe, Defendants were under a duty to communicate this information to Plaintiffs, physicians, the FDA, the healthcare community, and the general public in such a manner that they could appreciate the risks associated with using the Celect IVC Filter.

183.    Defendants, at all times relevant hereto, withheld information from the FDA which they were required to report.

184.    Plaintiffs and the Plaintiffs' prescribing physicians relied upon the Defendants' outrageous untruths regarding the safety of the Celect IVC Filter.

185.    Plaintiffs' prescribing and implanting physicians were not provided with the necessary information by the Defendants, to provide an adequate warning to the Plaintiffs.

186.    The Celect IVC Filter was improperly marketed to the Plaintiffs and their prescribing and implanting physicians as the Defendants did not provide proper instructions about how to use the medical device and did not adequately warn about the Celect IVC Filter's risks.

187.    As a direct and proximate result of Defendants' malicious and intentional concealment of material life-altering information from Plaintiffs and Plaintiffs' prescribing physicians, Defendants caused or contributed to Plaintiffs' injuries (and in some cases death).

188.    It is unconscionable and outrageous that Defendants would risk the lives of consumers, including Plaintiffs. Despite this knowledge, the Defendants made conscious decisions

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

not to redesign, label, warn or inform the unsuspecting consuming public about the dangers associated with the use of the Celect IVC Filter. Defendants' outrageous conduct rises to the level necessary that Plaintiffs should be awarded punitive damages to deter Defendants from this type of outrageous conduct in the future and to discourage Defendants from placing profits above the safety of patients in the United States of America.

189.    Defendants' fraud also acted to conceal their malfeasance which actions tolled Plaintiffs' statute of limitations because only Defendants knew the true dangers associated with the use of the Celect IVC Filter as described herein. Defendants did not disclose this information to the Plaintiffs, their prescribing and implanting physicians, the healthcare community and the general public. Without full knowledge of the dangers of the Celect IVC Filter, Plaintiffs could not evaluate whether a person who was injured by the Celect IVC Filter had a valid claim.

190.    Defendants widely advertised and promoted the Celect IVC Filter as a safe and effective medical device and/or as a safe and effective means of reducing the risk of clotting injury.

191.    Defendants' advertisements and promotion regarding the Celect IVC Filter falsely and misleadingly stated that monitoring was not necessary for safe and effective use of the product, misrepresentations Defendants knew to be false, for the purpose of fraudulently inducing consumers, such as Plaintiffs, to purchase and use such product. Plaintiffs relied on these material misrepresentations when deciding to purchase and use the Celect IVC Filter.

192.    Defendants had a duty to disclose material information about serious side-effects to consumers such as Plaintiffs.

193.    Additionally, by virtue of Defendants' partial disclosures about the medical device, in which Defendants touted the Celect IVC Filter as a safe and effective medical device, Defendants had a duty to disclose all facts about the risks associated with use of the medical device, including the risks described in this Petition. Defendants intentionally failed to disclose this

information for the purpose of inducing consumers, such as Plaintiffs, to purchase Defendants' dangerous product.

194.    Had Plaintiffs been aware of the hazards associated with the Celect IVC Filter, Plaintiffs would have employed appropriate monitoring, used a different IVC filter with a better safety profile, or not have used the product that led proximately to Plaintiffs' injuries (including in some cases death).

195.    Upon information and belief, Plaintiffs aver that Defendants actively and fraudulently concealed information in Defendants' exclusive possession regarding the hazards associated with the Celect IVC Filter, for the purpose of preventing consumers, such as Plaintiffs, from discovering these hazards.

**WHEREFORE**, the Plaintiffs pray for judgment against Defendants, each of them, in an amount in excess of $25,000.00, for costs expended herein, and for such further and other relief as the Court deems just and proper.

<u>**COUNT VIII**</u>
<u>**MEDICAL MONITORING**</u>

196.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

197.    In certain cases, medical monitoring is required to evaluate whether a Celect IVC Filter (or portions of the Celect IVC Filter) has fractured, tilted and/or migrated (collectively referred to herein as "device failure" or "failure").  In order to determine whether failure of the Celect IVC Filter has occurred, imaging studies must be performed.  Typically, these imaging studies will include un-enhanced computed tomography scan (CT Scan) so that the filter may be visualized.  CT Scan imaging produces an image of the filter and is able to reveal whether the filter has fractured or migrated.

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

198.     Patients requiring medical monitoring are recommended to undergo regular and frequent imaging studies of the device or portions of the device at least once or twice annually.  As long as the device, or portions of the device, remains within the body of the patient, the potential for future device failure exists.  Consequently, these patients require regular and frequent medical monitoring for the duration of time the device, or portions of the device, remain within their bodies.

199.     Patients eligible for medical monitoring for the Celect IVC Filter or portions of the device need not have experienced past failure of the Celect IVC Filter.  For example, patients who have undergone implant of the Celect IVC Filter frequently learn that the Celect IVC Filter cannot be removed due to the fact that it has "grown into" tissue, but, the fracture, tilt or migration of the device may not yet have occurred.  As a result of the inability to remove the Celect IVC Filter, the device must remain permanently implanted in the patient, for the patient's lifetime.  Although these patients may not yet have experienced device failure, they are at risk for future device failure and require regular and frequent monitoring to evaluate the integrity of the Celect IVC Filter.  In addition to the aforementioned imaging studies, endovascular intervention (typically cardiac catheterization) may also be used by medical professionals to diagnose or discover whether fractured portions of the Celect IVC Filter System have migrated to the heart or lungs.  Furthermore, endovascular surgery may assess the nature and extent of the damage resulting from failure of the Celect IVC Filter.

200.     In those instances where device fracture has occurred, and depending on the circumstances particular to the patient, a person may be required to undergo one or all of the following medical procedures:

    a.      CT Scanning or other imaging studies;

    b.      Cardiac Catheterization;

    c.      Open heart surgery;

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

    d.     Removal of the Celect IVC Filter from the vena cava.

201.    The Celect IVC Filter was placed in Plaintiffs' bodies.  Plaintiffs have incurred medical expenses and has endured physical pain and suffering, mental anguish, loss of enjoyment of life, and other losses, some of which are permanent in nature.   As a result of the failure of the Celect IVC Filter, Plaintiffs have become impaired and will remain so in the future.  The defective Celect IVC Filters remain in Plaintiffs' bodies.  Plaintiffs are required to attend regular physicians' visits and to undergo imaging studies.

202.    As a direct and proximate result of the conduct and defective product of the Defendants, as alleged in this Petition, Plaintiffs has incurred medical expenses, and will continue to incur substantial medical expenses into the future.

203.    As a direct and proximate result of the conduct and defective product of the Defendants, as alleged in this Petition, medical monitoring is necessary for Plaintiffs.  Medical monitoring includes.

    a.     Regularly scheduled CT scans or other appropriate imaging studies; and/or

    b.     Potential cardiac catheterization or other endovascular procedure to detect the presence of migrated pieces of the Celect IVC Filter System; and/or Physicians' visits and examinations.

**WHEREFORE**, the Plaintiffs pray for judgment against Defendants, each of them, in an amount in excess of $25,000.00, for costs expended herein, and for such further and other relief as the Court deems just and proper.

## COUNT X
## PUNITIVE DAMAGES

204.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

205.    The acts, conduct, and omissions of Defendants, as alleged throughout this Petition were willful and malicious.  Defendants committed these acts with a conscious disregard for the rights, health and safety of Plaintiffs and other Celect IVC Filter users and for the primary purpose of increasing Defendants' profits from the sale and distribution of the Celect IVC Filter. Defendants' outrageous and unconscionable conduct warrants an award of exemplary and punitive damages against Defendants in an amount appropriate to punish and make an example of Defendants.

206.    Prior to the manufacturing, sale, and distribution of the Celect IVC Filter, Defendants knew that said products were in a defective condition as previously described herein and knew that those who were prescribed and implanted with the medical device would experience and did experience severe physical, mental, and emotional injuries. Further, Defendants, through their officers, directors, managers, and agents, knew that the products presented a substantial and unreasonable risk of harm to the public, including Plaintiffs and as such, Defendants unreasonably subjected consumers of said drugs to risk of injury or death from using the Celect IVC Filter.

207.    Despite their knowledge, Defendants, acting through their officers, directors and managing agents for the purpose of enhancing Defendants' profits, knowingly and deliberately failed to remedy the known defects in the Celect IVC Filter and failed to warn the public, including Plaintiffs, of the extreme risk of injury occasioned by said defects inherent in the Celect IVC Filter. Defendants and their agents, officers, and directors intentionally proceeded with the manufacturing, sale, and distribution and marketing of the Celect IVC Filter knowing these actions would expose persons to serious danger in order to advance Defendants' pecuniary interest and monetary profits.

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

208. Defendants' conduct was despicable and so contemptible that they would be looked down upon and despised by ordinary decent people, and was carried on by Defendants with willful and conscious disregard for the safety of Plaintiffs, entitling Plaintiffs to exemplary damages.

**WHEREFORE**, the Plaintiffs pray for judgment against Defendants, each of them, in an amount in excess of $25,000.00, for costs expended herein, and for such further and other relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiffs demand that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against the Defendants on each of the above-referenced claims and Causes of Action and as follows:

1. Awarding compensatory damages in excess of $25,000.00, including, but not limited to pain, suffering, emotional distress, loss of enjoyment of life, and other non-economic damages in an amount to be determined at trial of this action;

2. Awarding economic damages in the form of medical expenses, out of pocket expenses, lost earnings and other economic damages in an amount to be determine at trial of this action;

3. Punitive and/or exemplary damages for the wanton, willful, fraudulent, reckless acts of the Defendants who demonstrated a complete disregard and reckless indifference for the safety and welfare of the general public and to the Plaintiffs in an amount sufficient to punish Defendants and deter future similar conduct;

4. Prejudgment interest;

5. Postjudgment interest;

6. Awarding Plaintiffs reasonable attorneys' fees when applicable;

7. Awarding Plaintiffs the costs of these proceedings; and

8. Such other and further relief as this Court deems just and proper.

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

Respectfully submitted,

**NIEMEYER, GREBEL & KRUSE, LLC**

By:   /s/ Mark R. Niemeyer
      Mark R. Niemeyer    #42437
      David L. Grebel      #52683
      Michael S. Kruse    #57818
      10 S. Broadway, Suite 1125
      St. Louis, MO  63102
      314-241-1919 phone
      314-665-3017 fax
      niemeyer@ngklawfirm.com
      grebel@ngklawfirm.com
      kruse@ngklawfirm.com

Ben C. Martin
**The Law Offices of Ben C. Martin**
3219 McKinney Ave., Suite 100
Dallas, TX  75204
(214) 761-6614 phone
(214) 744-7590 fax
bmartin@bencmartin.com

David P. Matthews
**Matthews & Associates**
2509 Sackett St.
Houston, TX  77098
(713) 522-5250 phone
(713) 535-7184 fax
dmatthews@thematthewslawfirm.com

and

Joseph N. Williams
**Riley Williams & Piatt, LLC**
301 Massachusetts Avenue
Indianapolis, IN  46204
317-633-5270 phone
jwilliams@rwp-law.com

*Attorneys for the Plaintiffs*

Electronically Filed - City of St. Louis - May 06, 2016 - 12:06 PM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 6th day of May, 2016, the foregoing document was filed electronically with the Clerk of the Court using the e-filing system, which will send notification of such filing to all counsel of record.

*/s/ Mark R. Niemeyer*