# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY HALINSKI, LARRY COMBS, NANCY RHINES, CHARLA CANADA, GERALD BROWN, MARK GRIFFITH, NELLIE WILLIS, DELORES NESTER, WANDA LEE, JEANETTE ARK, JESSICA DAVIDSON, GERALDINE DAILY, SHIRLEY JACOBS, CHRISTI HOLDER, CHARLES GIVENS, VICTORIA QUIMAYOUSAE, RAYMOND PREWITT, THELMA LEAHR, MICHAEL BOLTREK, PAUL CAMPOS, DONALD ROUSU, VERONICA ROBINSON, DANIEL RENDINO, JOANNE SHIRLEY, ROBERT WORKMAN, KATHARINE HANNA, BRYANT ASHE, MICHAEL MCCONVILLE, PAMELA JOHNSON, PEDRO GARCIA, BETTY BROWN, DIANNE FOUCH, PAMELA JOHNSON, JACQUELINE JONES, MARK KOOPMAN, PHILIP LECKLIKNER, DAVID ADOLF, LISA ALLISS, TERESA BANKS, MICHAEL DEO, THOMAS DEAN, BRYAN LEWIS, DAVID MEAUX, ALONDA PARSONS, STEVE SIEDEL, LARRY SMITH, DEBORAH VANOVER, ERIK CAMACHO, CRYSTAL JOHNSON, JOSEPH AMOS, ROSEANNA TURNER, LESLEE HYMOWITZ, ANGELA HORNSBY, ALANA JACKSON, GERALD RUDE, LUIS COLON, PAMELA CATHEY, ALVIN COLE, JAMES FIGUCCIO, ZIPPORAH FOSTER, DAVID HARKLEROAD, JAMIE HAUK, RICHARD HUDSON, JOANN JOANS, DENISE MARSHALL, SAMUEL MILLS, JASMINE ROGALSKI, THOMAS SLIPSKI, CHRISTOPHER VANTERPOOL, KAREN BLOOM, ANTHONY DESANTIS, EDWIN HOEFLER, ARTHUR EVINS, NATHAN BOLDEN, NERISSA HANNON, SHERRELL CLAIBORNE, PAMELA VIHER, RENE URBANEK, WILLIAM HOLLAND, DANTAVIOUS MILLER, and TERESA WALKER,<br><br>    Plaintiffs, | Case No. _____<br>No. 1622-CC00366<br>Div. 1 (St. Louis City)<br><br>JURY TRIAL DEMANDED |

1

|  |  |
|---|---|
|  | ) |
| v. | ) |
|  | ) |
| COOK GROUP INCORPORATED, COOK | ) |
| INCORPORATED, COOK MEDICAL LLC, f/k/a | ) |
| COOK MEDICAL INCORPORATED, WILLIAM | ) |
| COOK EUROPE, APS, | ) |
|  | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441(b), 1446, and 1453 Defendants Cook Group Incorporated, Cook Incorporated, Cook Medical LLC, f/k/a Cook Medical Incorporated, and William Cook Europe, ApS (collectively, "Cook"), by their undersigned attorneys, hereby remove this action from the Missouri Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis (the "Missouri State Court"), to the United States District Court for the Eastern District of Missouri, Eastern Division.

**I.     INTRODUCTION**

    **A.     NATURE OF THE CASE**

1. This is a medical device product liability action. *See* Exhibit 1, Third Amended Petition ("Petition"). Plaintiffs claim that they suffered injuries arising out of the implantation of Cook inferior vena cava filters ("IVC Filters") in different states at different times. *Id.* at ¶¶ 1 - 82.

2. Plaintiffs allege that Cook designed, manufactured, and sold the IVC Filters, and have set forth causes of action against Cook for negligence, strict product liability, breach of warranty, negligent misrepresentation and fraud. *See, e.g.*, *id.* at ¶¶ 89-90, 143-236.

2

**B. AN MDL EXISTS INVOLVING THE SAME PRODUCTS AND CLAIMS**

3. Beginning in 2013, Plaintiffs—who are represented by nearly identical counsel as in the present case—filed federal court actions making the same claims that are at issue in the above-captioned matter against Cook about the IVC Filters.

4. On October 15, 2014, pursuant to 28 U.S.C. § 1407, the Judicial Panel on Multidistrict Litigation ("JPML") determined that centralization was appropriate for these actions and began transferring Cook IVC Filter cases to the Honorable Judge Richard L. Young of the United States District Court for the Southern District of Indiana for coordinated or consolidated pretrial proceedings. Presently, there are hundreds of federal court cases currently pending before Honorable Judge Richard L. Young involving the very Cook IVC Filters at issue in this case, including identical claims and identical counsel as in this case. *See, e.g., In re Cook Medical, Inc., IVC Filters Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2570 (J.P.M.L. Oct. 15, 2014) (ECF No. 29) (initial transfer order).

5. Plaintiffs' counsel in this very case, as well as the *Collins* Case, defined below, ***moved for the creation of those proceedings in 2014***. *See In re Cook Medical, Inc., IVC Filters Marketing, Sales Practices, and Products Liability Litigation,* MDL No. 2570 (J.P.M.L July 21, 2014) (ECF No. 1) (Motion to Transfer with Brief in Support of Ben C. Martin, Esq.); *In re Cook Medical, Inc., IVC Filters Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2570 (J.P.M.L Aug. 22, 2014) (ECF No. 19) (Reply to Response to Motion to Transfer of Ben C. Martin, Esq.).

**C. THE RECENTLY FILED MISSOURI STATE COURT CASES**

6. On or about February 17, 2016, five apparently unrelated plaintiffs filed this action, making the same claims arising from Cook IVC Filters, in the Missouri State Court in a civil action styled *Halinski, et al. v. Cook Group Incorporated, et al.*, Case No. 1622-CC00366

(the "*Halinski* Case"). Plaintiffs filed amended petitions on May 6, 2016, August 15, 2016, and August 23, 2016, joining an additional 75 plaintiffs for a total of 80 individuals from 29 different states.[1] Only five Plaintiffs in this case allege a connection to Missouri.

7. Less than one week earlier, on or about February 12, 2016, six apparently unrelated plaintiffs filed another product liability action involving Cook IVC Filters in the same Missouri State Court in a civil action styled *Collins, et al. v. Cook Group Incorporated, et al.*, Case No. 1622-CC00337 (the "*Collins* Case"). Just as in this case, Plaintiffs filed amended petitions on May 6, 2016, August 15, 2016, and August 23, 2016, joining an additional 56 plaintiffs for a total of 62 individuals from 31 different states.[2] Only three Plaintiffs in the *Collins* Case allege a connection to Missouri.

8. In total, the *Halinski* and *Collins* cases involve 142 plaintiffs from 36 states, all of whom make the same allegations about Cook IVC Filters and seek identical relief from Defendants.

### D. THE JOINING OF THE MISSOURI COURT CASES

9. On May 3, 2016, Plaintiffs in this case and the *Collins* Case—through their shared counsel[3]—moved the state court for an order designating the two actions as complex cases and transferring them internally to a single general division for further proceedings pursuant to City of St. Louis Circuit Court Local Rule 6.2.4. *See* Exhibit 1, Motion to Transfer. Local Rule 6.2.4

---

[1] Alabama, Arizona, Arkansas, California, Connecticut, Delaware, Florida, Georgia, Illinois, Indiana, Kansas, Kentucky, Maryland, Massachusetts, Minnesota, Mississippi, Missouri, Nevada, New Jersey, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, South Carolina, Tennessee, Virginia, West Virginia, and Wisconsin.

[2] Alabama, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Idaho, Indiana, Iowa, Kentucky, Louisiana, Minnesota, Missouri, New Jersey, New York, North Carolina, Ohio, Oregon, Pennsylvania, Tennessee, South Carolina, South Dakota, Utah, Vermont, Virginia, Washington, Wisconsin, and Wyoming.

[3] Counsel for Plaintiffs in this case and the *Collins* Case are identical: Niemeyer, Grebel & Kruse, LLC, The Law Offices of Ben C. Martin, and Matthews & Associates.

4

US.109463795.01

gives the circuit court judge authority to reassign to a single general division "three or more actions pending in [the City of St. Louis] Circuit involving claims of personal injury by multiple plaintiffs against the same defendants" where "the administration of justice would be served by such reassignment."

10. On December 5, 2016, over Cook's objection, the state court granted Plaintiffs' motions to transfer divisions, assigning both the *Halinski* Case and the *Collins* Case to the same judge in a single division. *See* Exhibit 2, December 5, 2016 Missouri State Court Transfer Orders ("Transfer Orders").

11. On December 15, 2016, the judge to whom the cases were transferred heard Cook's motions to dismiss and motions to sever based on misjoinder. During that hearing, Plaintiffs' counsel acknowledged that their proposed scheduling orders suggested a "Bellweather [sic] process" that could "potentially" have the effect of issue and claim preclusion. *See* Exhibit 3, December 15, 2016 Motion Hearing Transcript ("Hearing Transcript").

### E. THE ALLEGED "INDIANA PLAINTIFFS"

12. This action includes two plaintiffs who alleged that they are from the state of Indiana. One of those plaintiffs claims to have been implanted with a Cook IVC Filter in Kentucky; the other alleges implantation in Indiana, although as explained below medical records provided by plaintiffs in support of that statement include a surgery in Illinois for a patient with a different last name. *See* Affidavit of Andrea R. Pierson ("Pierson Aff."), filed contemporaneously with this Notice.

### F. REMOVAL

13. In these circumstances, Cook has a right to have its case heard in the federal courts: "That right [of removal] is of sufficient value and gravity to be guaranteed by the Constitution and the acts of Congress. If it exists, and the Circuit Court denies its existence, and

5

remands or refuses to remove the suit, the error is remediless, and it deprives the petitioner of his constitutional right." *See Boatman's Bank v. Fritzlen,* 135 F. 650, 655 (8th Cir. 1905); *see also In re Diet Drugs*, 220 F. Supp. 2d 414, 425 (E.D. Pa. 2002) (explaining the statutory right to remove a case based on diversity jurisdiction "emanates from Article III, Section 2 of the Constitution," and courts "must protect the right of a party to invoke it.").

14. As set forth in more detail below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because there is federal jurisdiction on two independent grounds—(a) as a mass action under the Class Action Fairness Act of 2005 ("CAFA") pursuant to 28 U.S.C. § 1332(d)(11)(B); and (b) as an action between citizens of different states in which the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. § 1332(a)—and Cook has satisfied the procedural requirements for removal set forth in 28 U.S.C. §§ 1446 and 1453.

## II. THIS CASE IS REMOVABLE AS A MASS ACTION

### A. JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

15. This Court has subject matter jurisdiction under the CAFA "mass action" provision. The "mass action" provision of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(11)(B), 1453(b) provides for removal of these cases.

16. A "mass action" is "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. §§ 1332(d)(11)(B)(i).

17. Separate state court actions may become removable as a CAFA mass action if plaintiffs propose that the claims be tried jointly. *Atwell v. Boston Sci. Corp.*, 740 F.3d 1160, 1165 (8th Cir. 2013).

18. A proposal for cases to be "tried jointly" can be implicit as well as explicit. Cases can be "tried jointly" even though multiple trials are held at different times. *See Atwell*, 740 F.3d

6

US.109463795.01

at 1163 (8th Cir. 2013) ("A proposal to hold multiple trials in a single suit ... does not take the suit outside § 1332(d)(11).... A trial of 10 exemplary plaintiffs, followed by application of issue or claim preclusion to 134 more plaintiffs without another trial, is one in which the claims of 100 or more persons are being tried jointly....") (quoting *Bullard v. Burlington N. Santa Fe Ry.,* 535 F.3d 759, 762 (7th Cir. 2008)).

19. Over Cook's objection, the Court granted Plaintiffs' request to assign the cases to a single division "for the administration of justice," transferring both the *Collins* Case and the *Halinski* Case to the same judge in a single division. *See* Transfer Orders.

20. On December 15, 2016, Plaintiffs' counsel acknowledged that their proposed scheduling orders, which are identical for both cases, suggested a "Bellweather [sic] process" that could "potentially" have the effect of issue and claim preclusion. *See* Hearing Transcript, at 32:25-33:8.

21. Where plaintiffs request transfer of two cases involving 142 plaintiffs before a single judge "for the administration of justice," the court grants that order and transfers both cases, and then Plaintiffs acknowledge they have proposed a case management plan that has a "Bellweather [sic] process" that "could have issue preclusion [and] claim preclusion," they implicate the "mass action" jurisdiction of the federal courts. Just as in *Atwell*, Plaintiffs' proposal that these cases be assigned to one judge, together with their statements regarding a bellwether process, triggers the federal courts' jurisdiction. *Atwell*, 740 F.3d at 1165 ("We disagree with the district court's conclusion that counsel's 'anticipation of a bellwether trial' was simply 'a prediction of what might happen if the judge decided to hold a mass trial.' . . . Here, counsel's statements revealed the purpose of their motions—a joint assignment in which the 'inevitable result' will be that their cases are 'tried jointly.'").

7

US.109463795.01

22. Moreover, Plaintiffs could have expressly limited their request to pretrial proceedings only, which Congress specifically exempted from the mass action definition. 28 U.S.C. § 1332(d)(11)(B)(ii)(IV). They did not. They confirmed that they wanted to keep the option of combined trials open.

23. Irrespective of whether combined trials will occur, Plaintiffs have proposed more than 100 persons' claims be tried jointly because Plaintiffs in the *Collins* and *Halinski* Cases:

   (i)   filed petitions that make nearly identical allegations against Cook within a week of one another in the Missouri State Court;

   (ii)  amended their pleadings three times, on the exact same dates, to collectively add 131 plaintiffs from 36 different states,[4] 94.3% of whom are from states other than Missouri;[5]

   (iii) sought transfer to a single judge on the same day;

   (iv)  were granted transfer in both cases to a single judge;

   (v)   proposed a bellwether process that could have issue and claim preclusion effects; and

   (vi)  rely on a distinction (that the cases involve two different Cook IVC Filters) that expressly contradicts the position their joint counsel took in arguing for (and successfully obtaining) consolidation of *all* Cook IVC Filter litigation when the MDL was formed two years ago.

24. Plaintiffs cannot escape federal jurisdiction and erase Cook's statutory removal rights by improperly joining unrelated plaintiffs and claims. This is especially true when their counsel in this very case, and in the *Collins* Case, took the exact opposite position before the Judicial Panel on Multidistrict Litigation in 2014. As a "mass action" under 28 U.S.C. § 1332(d)(11)(B)(i), the *Collins* and *Halinski* Cases properly belong in the federal courts and, in

---

[4] Alabama, Arizona, Arkansas, California, Connecticut, Delaware, Florida, Georgia, Illinois, Indiana, Iowa, Kansas, Kentucky, Maryland, Massachusetts, Minnesota, Mississippi, Missouri, Nevada, New Jersey, New York, North Carolina, Ohio, Oregon, Oklahoma, Pennsylvania, South Carolina, South Dakota, Tennessee, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, and Wyoming.
[5] Of 142 plaintiffs, eight are from Missouri.

8

US.109463795.01

particular, Cook's ongoing MDL proceedings (a result spearheaded by Plaintiffs' counsel two years ago).

**B. MINIMAL DIVERSITY EXISTS**

25. The *Collins* and *Halinski* Cases also satisfy CAFA's minimal diversity requirement. Minimal diversity requires only that one plaintiff and one defendant are citizens of different states. *See* 28 U.S.C. § 1332(d)(2)(A), (d)(11)(A). Cook Group Incorporated is an Indiana corporation, having its principal place of business in Indiana, and, thus, for jurisdictional purposes, is a citizen of Indiana. Cook Incorporated is an Indiana corporation, having its principal place of business in Indiana, and, thus, for jurisdictional purposes, is a citizen of Indiana. Cook Medical LLC, f/k/a, Cook Medical Incorporated is an Indiana limited liability company whose sole member is a citizen of Indiana, and, thus, for jurisdictional purposes is a citizen of Indiana. William Cook Europe, ApS is organized and based in Denmark, and is thus a citizen of a foreign state for jurisdictional purposes.

26. Plaintiffs in these two cases include citizens of various, different states where Cook is not a citizen:

> (i) In this case, Plaintiffs include citizens of Alabama, Arizona, Arkansas, California, Connecticut, Delaware, Florida, Georgia, Illinois, Indiana, Kansas, Kentucky, Maryland, Massachusetts, Minnesota, Mississippi, Missouri, Nevada, New Jersey, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, South Carolina, Tennessee, Virginia, West Virginia, and Wisconsin.
>
> (ii) In the *Collins* Case, Plaintiffs include citizens of Alabama, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Idaho, Indiana, Iowa, Kentucky, Louisiana, Minnesota, Missouri, New Jersey, New York, North Carolina, Ohio, Oregon, Pennsylvania, Tennessee, South Carolina, South Dakota, Utah, Vermont, Virginia, Washington, Wisconsin, and Wyoming.

27. The *Collins* and *Halinski* Cases accordingly satisfy the minimal diversity requirements of CAFA.

9

US.109463795.01

### C. THE AMOUNT IN CONTROVERSY IS SATISFIED

28. On the face of the Petition, it is apparent that each Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interests.

29. When the petition does not claim a specific amount of damages, the court may make an independent appraisal of the claim. *Hollenbeck v. Outboard Marine Corp.*, 201 F. Supp. 2d 990, 993 (E.D. Mo. 2001) (finding the amount in controversy requirement satisfied when the plaintiff claimed damages for permanent and disabling personal injuries, past and future medical expenses, and lost wages, even though the petition alleged that the damages were less than $75,000).

30. In the Petition, Plaintiffs assert claims for: negligence; strict product liability – failure to warn; strict products liability – design defect; strict products liability – manufacturing defect; breach of express and implied warranty; negligent misrepresentation; fraud; medical monitoring; punitive damages. *See* Petition. Plaintiffs claim to have suffered "pain," "suffering," "emotional distress," "loss of enjoyment of life," and "other non-economic damages." *See* Petition, at Prayer for Relief. In addition to punitive damages, Plaintiffs demand judgment in excess of $25,000. Additionally, Plaintiffs assert claims for medical expenses, out of pocket expenses, lost earnings, and future medical expenses including "regularly scheduled CT scans," endovascular intervention, cardiac catheterization, and surgeries. *See* Petition, at ¶¶ 228, 231, Prayer for Relief.

31. Given the nature and extent of Plaintiffs' alleged injuries and damages, each Plaintiff's claim places at issue more than $75,000, exclusive of interest and costs. *See Quinn v. Kimble*, 228 F. Supp. 2d 1036, 1037 (E.D. Mo. 2002) (finding the amount in controversy requirement satisfied when the plaintiff claimed damages for permanent and disabling injuries and medical expenses); *see also Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th

Cir. 1992) (noting that punitive damages are properly considered in calculating the amount in controversy requirement).

32. Thus, each Plaintiffs claim meets the traditional $75,000 amount-in-controversy requirement, and these Petitions also satisfy CAFA's aggregate threshold of $5 million in controversy. *See* 28 U.S.C. § 1332(a)(d)(6), (d)(11)(A), (d)(11)(B)(i). Here, as indicated, each Plaintiffs claim involves an amount-in-controversy exceeding $75,000. Thus, the aggregate amount-in-controversy for the 142 Plaintiffs is more than $10,650,000.

### D. REMOVAL IS TIMELY

33. Defendant has timely removed this action under 28 U.S.C. § 1453 and § 1446(b)(3) within 30 days of the Missouri State Court's December 5, 2016, orders assigning both this case and the *Collins* Case to the same judge in a single division and within 30 days of Plaintiffs' December 15, 2016 acknowledgements regarding a bellwether process noted in ¶ 20 above. *See* Hearing Transcript, at 32:25-33:8.

## III. THIS CASE ALSO IS REMOVABLE UNDER DIVERSITY JURISDICTION

### A. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PROPER PARTIES

34. This Court has subject matter jurisdiction over this action as a "mass action" alone. However, as a separate and independent basis for subject matter jurisdiction, this Court has original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court under 28 U.S.C. § 1441, in that there exists complete diversity of citizenship between the proper parties – Plaintiffs Anthony Halinski, Charla Canada, Jessica Davidson, Joseph Amos, Roseanna Turner (the "Missouri Plaintiffs") and Cook – in the underlying cause of action. Plaintiffs Geraldine Dailey and Larry Combs do not defeat diversity because they have been fraudulently misjoined and joined. As such, their claim should be severed from the Missouri Plaintiffs' action

11

and their alleged Indiana citizenship disregarded here. Finally, the amount in controversy as between each plaintiff and Cook exceeds the sum or value of $75,000, exclusive of interest and costs.

## 1. CITIZENSHIP OF THE PARTIES

35. 28 U.S.C. § 1441 provides that removal based on diversity jurisdiction is proper "if none of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added).

36. Cook Group Incorporated is an Indiana corporation, having its principal place of business in Indiana, and, thus, for jurisdictional purposes is a citizen of Indiana.

37. Cook Incorporated is an Indiana corporation, having its principal place of business in Indiana, and, thus, for jurisdictional purposes is a citizen of Indiana.

38. Cook Medical LLC, f/k/a, Cook Medical Incorporated is an Indiana limited liability company whose sole member is an Indiana corporation, and, thus, for jurisdictional purposes is a citizen of Indiana.

39. William Cook Europe, ApS is organized and based in Denmark, and is thus a citizen of a foreign state for jurisdictional purposes.

40. Plaintiffs Anthony Halinski, Charla Canada, Jessica Davidson, Joseph Amos, and Roseanna Turner are citizens of the State of Missouri. *See* Petition, at ¶¶ 2, 5, 12, 40, 41. Complete diversity of citizenship exists between Cook and the Missouri Plaintiffs.

41. Plaintiffs Dailey and Combs do not defeat diversity. *See* Petition, at ¶¶ 3, 13. Plaintiffs Dailey and Combs have been fraudulently misjoined, and their citizenship should be disregarded for purposes of establishing jurisdiction in this case.

42. The remaining Plaintiffs are citizens and residents of Alabama, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Idaho, Iowa,

Kentucky, Louisiana, Minnesota, New Jersey, New York, North Carolina, Ohio, Oregon, Pennsylvania, Tennessee, South Carolina, South Dakota, Utah, Vermont, Virginia, Washington, Wisconsin, and Wyoming. *See* Petition. Complete diversity of citizenship exists between Cook and these Plaintiffs.

### 2. THE CITIZENSHIP OF THE INDIANA PLAINTIFFS MUST BE DISREGARDED BECAUSE THEY ARE FRAUDULENTLY MISJOINED AND FRAUDULENTLY JOINED

43. Both Indiana plaintiffs have been fraudulently misjoined in an attempt to defeat this Court's diversity jurisdiction.

44. Fraudulent misjoinder occurs "when a plaintiff sues a diverse defendant in state court ***and joins a viable claim*** involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other." *In re Prempro Products Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citation omitted, emphasis added).

45. Here, joinder of Plaintiffs Combs and Dailey's claims with those of other Plaintiffs is improper because it demonstrates an egregious and blatant attempt to thwart this Court's removal jurisdiction. While the court in *In re Prempro* concluded that it was "not clear that the joinder was so egregious and grossly improper under the [fraudulent misjoinder standards] that it warrant[ed] an adoption and application of the fraudulent misjoinder doctrine," *id*. at 624, the case at bar presents distinguishable facts pointing to a different conclusion.

46. This Court has held that the mere fact that multiple plaintiffs took the same drug and suffered the same type of injury or side effect "is not enough of a logical or factual connection to satisfy the same transaction or occurrence requirement" of Rule 20(a)(1). *Boschert*

13

*v. Pfizer, Inc.*, 4:08-CV-1714 CAS, 2009 WL 1383183, at *3 (E.D. Mo. May 14, 2009). Likewise, Plaintiffs' claims here are misjoined.[6]

47. Finally, the egregious misjoinder of the alleged Indiana plaintiffs' claims is amplified by Plaintiffs' counsel's pursuit of this action in contravention of its own arguments for consolidation of Cook IVC Filter litigation in federal court. On July 21, 2014, the Law Office of Ben C. Martin moved the JPML seeking consolidation and coordination of Cook IVC Filter cases across the country "for pretrial proceedings [to] promote Section 1407's goals of insuring the just and efficient conduct of the actions and avoiding inconsistent or conflicting substantive and procedural determinations." *See In re Cook Medical, Inc., IVC Filters Marketing, Sales Practices, and Products Liability Litigation,* MDL No. 2570 (J.P.M.L July 21, 2014) (ECF No. 1) (Motion to Transfer with Brief in Support of Ben C. Martin, Esq.). The Ben Martin firm admitted to the JPML that proceedings like the state court action it filed here raise the potential for conflicting rulings and are a waste of judicial resources. In addition, Plaintiffs' counsel in the *Halinski* Case and *Collins* Case, Ben C. Martin, was ordered by the Honorable Judge Richard L. Young to serve as Plaintiffs' Co-Lead counsel in the MDL and a member of Plaintiffs' Executive Committee of the MDL on November 25, 2014. *See In re Cook Medical, Inc., IVC Filters Marketing, Sales Practices, and Products Liability Litigation,* MDL No. 2570 (S.D. Ind. Nov. 25, 2014) (ECF No. 51) (Case Management Plan).

48. Here, the misjoinder of Plaintiff Dailey and Plaintiff Combs' claims "reflects an egregious or bad faith intent on the part of the plaintiffs to thwart removal." *In re Prempro*, 591 F.3d at 623. For that reason, this Court should disregard Plaintiff Dailey and Plaintiff Combs' citizenship for purposes of analyzing jurisdiction.

---

[6] This misjoinder is consistent with the misjoinder of a number of other plaintiffs as well. On the face of the Complaint, it is clear that more than one quarter of Plaintiffs' cases are time-barred based on the allegations in the pleadings alone, a fact clouded in their misjoinder. ¶¶ 23, 24, 38, 57, 62 70.

US.109463795.01

49.	Finally, Plaintiff Dailey and Combs also may have been fraudulently joined to defeat diversity, and therefore their citizenship should be disregarded. The Petition alleges both Plaintiff Dailey and Plaintiff Combs live in Indiana, and further asserts that Plaintiff Dailey was implanted with a Cook IVC Filter in Indiana.

50.	In response to Cook's request for confirmation of residency in Indiana and receipt of a Cook IVC Filter, on December 14, 2016, plaintiffs provided certain identifying information. For Plaintiff Dailey, the information provided only confused the question of Plaintiff Dailey's assertion of residency in Indiana. Specifically, the medical records provided reveal a surgery in Illinois – not Indiana as claimed in the Petition – for a patient with a different last name. Likewise, while Plaintiff Combs has provided an Indiana address, he alleges a Kentucky surgery, and multiple individuals with the same name reside in Kentucky. Moreover, based on the allegations in the Complaint, Plaintiff Combs's claims very well may be barred by the applicable statute of limitations.

**B.	THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

51.	Diversity jurisdiction will be declined "if it appears to a legal certainty that the value of the claim is actually less than the required amount." *In re Minn. Mut. Life Ins. Co. Sales Pracs. Litig.*, 346 F.3d 380, 384 (8th Cir. 2003) (internal citations omitted).

52.	As discussed above, it is apparent from the face of the Petition that each Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interests.

**C.	REMOVAL IS TIMELY**

53.	Defendant has timely removed this action under 28 U.S.C. § 1446(b)(3) within 30 days of receiving "other paper from which it may first be ascertained that the case is one which is or has become removable." *Atwell v. Boston Sci. Corp.*, 740 F.3d 1160, 1162 (8th Cir. 2013) ("The thirty-day time limit begins running when a plaintiff 'explicitly discloses' she is seeking a

15

remedy that affords a basis for federal jurisdiction."). Specifically, the Indiana defendants have common names and the Petition included insufficient detail to allow confirmation of the citizenship of Plaintiffs Dailey and Combs until December 14, 2016. On that day, Plaintiffs' counsel provided information via informal discovery that raises questions regarding whether Plaintiff Dailey received a Cook product and her state of residency, and confirmed for the first time the correct identity of Plaintiff Combs, who is fraudulently misjoined. *See* Pierson Aff., at ¶¶3, 4, Exhibits A and B.

### IV. THE REMOVAL SATISFIES ALL PROCEDURAL REQUIREMENTS.

54. Pursuant to 28 U.S.C. § 1446(a) and E.D. Mo. L.R. 2.03, a true and correct copy of all process and pleadings served on Cook as well as the complete file from the state court is attached hereto as Exhibit 1, which is incorporated herein by reference. Pending motions and responses to those motions are separately attached to this Notice pursuant to E.D. Mo. L.R. 2.03.

#### A. VENUE IS PROPER IN THE EASTERN DISTRICT

55. This action is being removed to the District Court of the United States for the district embracing the place where the action is pending. 28 U.S.C. § 1441(a).

#### B. FILING OF REMOVAL PAPERS

56. Pursuant to the provisions of 28 U.S.C. § 1446(d), Cook will give Plaintiffs written notice of the filing of this Notice of Removal and shall file written notice of the filing of this Notice of Removal with the Missouri Circuit Court of the Twenty-Second Judicial Circuit, attaching as Exhibit A thereto a copy of this Notice of Removal.

WHEREFORE, Defendants Cook Group Incorporated, Cook Medical LLC, f/k/a, Cook Medical Incorporated, and William Cook Europe, ApS give notice that the matter styled as *Halinski, et al. v. Cook Group Incorporated, et al.*, in the Missouri Circuit Court for the Twenty-

Second Judicial Circuit, Case No. 1622-CC00366, is removed to the United States District Court for the Eastern District of Missouri.

>Respectfully submitted,
>
>CHILDRESS AHLHEIM CARY LLC
>
>BY:   /s/ JAMES W. CHILDRESS
>JAMES W. CHILDRESS    # 27591
>SCOTT D. KEHLENBRINK #60891
>1010 Market Street, Suite 500
>St. Louis, MO 63101
>Phone: (314) 621-9800
>Fax:    (314) 621-9802
>jchildress@jchildresslaw.com
>skehlenbrink@jchildresslaw.com
>
>and
>
>FAEGRE BAKER DANIELS LLP
>ANDREA ROBERTS PIERSON, *pro hac vice pending*
>JOHN JOSEPH TANNER, *pro hac vice pending*
>300 N. Meridian Street, Suite 2700
>Indianapolis, IN 46204
>Phone: (317) 237-0300
>Fax: (317) 237-1000
>andrea.pierson@faegrebd.com
>joe.tanner@faegrebd.com
>*Attorneys for Defendants Cook Group Incorporated, Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe, ApS*

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on the 23rd day of December, 2016, the foregoing was electronically filed with the Clerk of this Court using the CM/ECF system which will send notification to:

Mark R. Niemeyer
David L. Grebel
Michael S. Kruse
Niemeyer, Grebel & Kruse, LLC
10 S. Broadway, Suite 1125
St. Louis, MO 63102
niemeyer@ngklawfirm.com

grebel@ngklawfirm.com
kruse@ngklawfirm.com

Ben C. Martin
The Law Offices of Ben C. Martin
3219 McKinney Ave., Suite 100
Dallas, TX 75204
(214) 761-6614 phone
(214) 744-7590 fax
bmartin@bencmartin.com

David P. Matthews
Matthews & Associates
2509 Sackett St.
Houston, TX 77098
(713) 522-5250 phone
(713) 535-7184 fax
dmatthews@thematthewslawfirm.com

Joseph N. Williams
Riley Williams & Piatt, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Phone: 317-633-5270
jwilliams@rwp-law.com
***Attorneys for Plaintiffs***

                                                    __/s/ JAMES W. CHILDRESS_____

US.109463795.01