UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Papillion, Teresa E. - 1:23-cv-06952

**<u>DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT IN PLAINTIFF TERESA E. PAPILLION'S CASE PURSUANT TO CMO-28</u>**

Texas law bars Plaintiff's claims. The express-warranty exception does not apply because Plaintiff has failed to plead an express-warranty claim under Texas law and, even if she had, the language on which Plaintiff relies does not create an express warranty. Furthermore, no other exception to the Texas statue of repose applies. As such, Plaintiff's claims should be dismissed.

**A.    The Express-Warranty Exception Does Not Save Plaintiff's Claims**

Plaintiff alleges "fact issues" preclude judgment under Texas's express-warranty exception to the statute of repose. Plaintiff is mistaken.[1] "Ordinarily, a statute of repose is jurisdictional and, when raised as an affirmative defense, presents ***a question of law***." *Rossmann v. Johnson & Johnson*, 2021 WL 8055681, at *1 (W.D. Tex. Nov. 26, 2021) (citation omitted) (emphasis added). Although Plaintiff identifies alleged express warranties concerning the filter's capacity for lifetime use (albeit through reference to ***another Plaintiff's briefing***),[2] she does not identify any disputed facts. *See* Dkt. 23830 at 1-2. The Court should therefore decide the issue as a matter of law. *See, e.g.*, *Belmonte v. Baxter Healthcare Corp.*, 2002 WL 560996, at *4 (Tex. App. Apr. 16, 2002) (finding as a matter of law that promise did not create an express warranty).

Moreover, none of Plaintiff's proffered extrinsic evidence creates an "express warranty" for purposes of the statute of repose. In context, the Patient Guide states:

> The Gunther Tulip™ Vena Cava Filter is often used as a permanently implanted device. Patients are able to lead a normal, active lifestyle, and rarely have complications from having the filter implanted. The Gunther Tulip™ Vena Cava Filter may also be removed if your risk of pulmonary embolism has diminished. However, there is a limited amount of time that the filter can be implanted if it is to be safely removed. Please consult with your physician to see if he or she plans

---

[1] Plaintiff asserts that she need not adequately plead an express-warranty claim to obtain the benefit of the express-warranty exception. This Court has rejected Plaintiff's argument, and her claims fail for the reasons discussed in Cook's opening motion. Dkt. 23739; *see also* Dkt. 4918 at 14-15; *see also* Dkt. 18667. Indeed, Plaintiff still does not claim that she relied on any of Cook's alleged warranties ***prior*** to her filter placement.

[2] The Tulip Patient Guide and other extrinsic evidence Plaintiff proffers is not part of Plaintiff's pleadings and thus is not properly before the Court on this motion to dismiss. Even if the Court were to consider the extrinsic evidence by converting the motion to one for summary judgment, *see* Fed. R. Civ. P. 12(d), Plaintiff's claims would still fail for the reasons discussed.

1

> to retrieve the filter or leave it in. Remember, the Gunther Tulip™ Vena Cava Filter is safe and effective as either a permanent or temporary device.

Dkt. 21176-3. No fair reading of this passage could create a reasonable inference that Cook "expressly warrant[ed] in writing that the product has a useful safe life of longer than 15 years." Tex. Civ. Rem. & Prac. Code § 16.012(c).[3] Courts have rejected express-warranty claims under Texas law based on language stronger than that on which Plaintiff relies here.[4] *See Belmonte*, 2002 WL 560996, at *4 (finding promise product "should last a lifetime" did not create an express warranty); *Roy v. Armco, Union Wire Rope Div.*, 636 F. Supp. 839, 840-41 (E.D. Tex. 1986) (finding promise product was "designed for long life" did not create an express warranty).

**B.     The Latent-Disease Exception Does Not Save Plaintiff's Claims**

The latent-disease exception also fails to save Plaintiff's claims. *See* Tex. Civ. Prac. & Rem. Code § 16.012(d). Latent disease cases "'ordinarily arise' in one of three situations: occupational disease, medical malpractice, and pharmaceutical side effects." *Brown v. Exactech, Inc.*, 376 F. Supp. 3d 811, 817 (E.D. Tenn. 2019) (discussing Texas law). "Medical device failures are not the prototypical latent injury [or disease] situation." *Id.*

Under the statute's plain language, the latent-disease exception is inapplicable to medical device cases. The statute mentions neither medical devices nor the types of injuries that ordinarily arise from them; it addresses only *diseases* resulting from *exposure* to a product. Nothing in the statute justifies extending the exception to medical device claims, let alone device claims alleging latent injury instead of latent disease. *See Sorokolit v. Rhodes*, 889 S.W.2d 239,

---

[3] Plaintiff points to language (without context) from Cook Medical's *current* website. This language is irrelevant. Only representations upon which Plaintiff relied prior to filter placement are relevant to the express-warranty inquiry. *See* Dkt. 4918 at 14-15. Plaintiff makes no showing that the website existed in its current form (or even existed at all) when her filter was placed *over 19 years ago*. And even if Plaintiff could make such a showing, the language *in its proper context* clearly does not create an express warranty that falls within the exception.

[4] At the conclusion of her response, Plaintiff requests leave to amend her complaint but does not suggest what any amendments would add. If Plaintiff desires leave to amend, Plaintiff should file a separate motion, proposing a specific amendment and giving Cook the opportunity to respond. Cook believes any amendment would be futile because Cook made no express warranty on which Plaintiff could rely to avoid application of the statute of repose.

241 (Tex. 1994) (holding "courts may not by implication enlarge the meaning of any word in the statute beyond its ordinary meaning"). The Court should reject Plaintiff's invitation to enlarge the latent-disease exception beyond its plain meaning. *See id.*; Dkt. 15084 (*Wilson*) (dismissing case and declining to apply the latent-disease exception to the Texas statute of repose).

Despite Plaintiff's assertion, the *Brown* court did ***not*** apply the latent-disease exception to a medical device; it held the exception did not "fit the facts" and threatened to swallow the rule:

> [T]o hold otherwise would create an exception that swallows the rule. This is likely not the first case where a medical device manufacturer has sold a product to a doctor who immediately uses it for a joint replacement, and the product (unfortunately) fails many years down the line. Indeed, one could assume that in most cases, there is a temporal separation between exposure to a defective medical device and its failure. If the Court were to rule that Plaintiff could claim the benefit of § 16.012(d), it would effectively create a "medical device exception" for an otherwise strict statute of repose. There is no evidence the Texas legislature intended this outcome.

376 F. Supp. 3d at 819. Plaintiff cites no decision adopting her view that the latent-disease exception applies to medical devices, and the Court should reject her argument.

### C. The Court Should Not Adopt a New "Medical Device Discovery Rule"

Finally, the Court should reject Plaintiff's invitation to create a new exception for medical-device failures that may be difficult to discover. Texas courts have not adopted such a rule, and the case on which Plaintiff relies shows Texas courts would not do so. *See Methodist Healthcare Sys. of San Antonio, Ltd., L.L.P. v. Rankin*, 307 S.W.3d 283, 286 (Tex. 2010) ("[A] statute of repose is not subject to judicially crafted rules of tolling or deferral"). Contrary to Plaintiff's assertion, the absence of the word "repose" from § 16.012 does not create an opening for an exception; the cases Plaintiff cites, as well as many other Texas decisions, all recognize that § 16.012 is a statute of repose. *See generally Brown*, 376 F. Supp. 3d 811; *see also Stevenson v. Ford Motor Co.*, 608 S.W.3d 109, 120 (Tex. Civ. App. 2020). The Court should reject Plaintiff's proposed new "medical device discovery rule" for the Texas statute of repose.

3

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: April 6, 2023 | /s/ *Jessica Benson Cox*<br>Jessica Benson Cox<br>Andrea Roberts Pierson<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>300 North Meridian Street, Suite 2500<br>Indianapolis, Indiana 46204<br>Telephone: (317) 237-0300<br>Andrea.Pierson@FaegreDrinker.com<br>Jessica.Cox@FaegreDrinker.com<br><br>James Stephen Bennett<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>110 West Berry Street, Suite 2400<br>Fort Wayne, Indiana 46802<br>Telephone: (260) 424-8000<br>Stephen.Bennett@FaegreDrinker.com<br><br>*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2023, a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT IN PLAINTIFF TERESA E. PAPILLION'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*

4