UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND     No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION      MDL No. 2570

_____

This Document Relates to the Following Cases:

Maribel and Francisco Estrada, 1:21-cv-01553

_____

**ORDER ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiffs' case on grounds that their claims are barred by the Texas statute of repose.

**I. Background**

Plaintiff, Maribel Estrada, is a resident of Texas and received her a Cook Günther Tulip Filter on March 1, 2004, at St. David's North Austin Medical Center in Austin, Texas. (Cause No. 1:21-cv-01553, Short Form Compl. ¶¶ 4-6, 10-12). Plaintiff and her husband, Francisco, filed suit against Cook on June 7, 2021, in the Southern District of Indiana. (*Id.*). Her Short Form Complaint asserts claims for strict products liability, negligence, breach of warranty, consumer fraud, and punitive damages. (*Id.* ¶ 14). Francisco asserts a claim for loss of consortium. (*Id.*).

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

1

## II.     Discussion

Texas law applies a 15-year statute of repose in product liability cases, measured from the date the defendant sold the product. Tex. Code Ann. § 160.12(b) ("Except as provided by Subsections (c), (d), and (d-1), a claimant must commence a products liability action against a manufacturer or seller of a product before the end of 15 years after the date of the sale of the product by the defendant."). The statute provides an exception where a seller expressly warrants that a product will last more than 15 years. *Id.* § 160.122(c) ("If a manufacturer or seller expressly warrants in writing that the product has a useful safe life of longer than 15 years, a claimant must commence a products liability action against that manufacturer or seller of the product before the end of the number of years warranted after the date of the sale of the product by that seller.").

As noted above, Plaintiff was implanted with a Cook Tulip filter on March 1, 2004. The sale of the filter could not have occurred later than that date. She filed her Short Form Complaint on June 7, 2021, more than 17 years later. Relying on the Günther Tulip Vena Cava Filter Patient Guide, Plaintiff argues Cook expressly warranted in writing that the Günther Tulip Filter has a useful life of the patient's lifetime; therefore, her claims are timely. (Cause No. 1:20-cv-2948, Filing No. 10, Günther Tulip Vena Cava Filter Patient Guide at 6) ("The Günther Tulip™ Vena Cava Filter is often used as a permanently implanted device . . . Remember, the Gunther Tulip™ Vena Cava Filter is safe and effective as either a permanent or temporary device.")).

Under Texas law, "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an

2

express warranty that the goods shall conform to the affirmation or promise." Tex. Bus. & Com. Code § 2.313. The "basis-of-the-bargain" requirement includes a reliance requirement. *PPG Indus., Inc. v. JMB/Houston Centers Partners Ltd. P'ship*, 146 S.W.3d 79, 99 (Tex. 2004). Thus, "a statement cannot be a basis of the bargain if one of the parties does not know about it." *Id.*

To the extent the Tulip Patient Guide could be construed as creating an express warranty, Plaintiff has not pled nor provided any evidence that she read and relied on the "safe and effective" language in the Tulip Patient Guide before receiving her filter. Consequently, the express warranty exception to the Texas statute of repose does not save her claims.

### III.   Conclusion

Because Plaintiffs' claims are barred by the Texas statute of repose, the Cook Defendants' Motion for Judgment (Filing No. 19673) must be **GRANTED**.


**SO ORDERED** this 7th day of April 2023.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.