UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to the Following Cases:

Anthony and Janet Beach, 1:16-cv-00403

_____

### ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiffs' case. The court, having read and reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion should be **GRANTED**.

**I.   Background**

Plaintiff, Anthony Beach, was implanted with a Cook Günther Tulip Vena Cava filter on February 2, 2009 at the Dixie Regional Medical Center in St. George, Utah. (1:16-cv-00403, Filing No. 1, Short Form Compl. ¶¶ 10-12). On August 19, 2010, he met with his physician, who attempted to remove the filter. (Filing No. 19486, Medical Record). Because the filter would not disengage from the walls of Plaintiff's vena cava, the filter had to remain in place. (*Id.*).

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

Plaintiff directly filed suit on February 19, 2016, in the Southern District of Indiana. His Short Form Complaint alleges claims for negligence, strict products liability, breach of warranty, consumer fraud, and punitive damages. His wife, Janet, brings a loss of consortium claim.

## II.   Discussion

Cook argues Plaintiff's product liability claims are time-barred because he filed his action more than two years after an unsuccessful attempt to remove the filter. Utah law applies. *See Looper v. Cook Inc.*, 20 F.4th 387, 394 (7th Cir. 2021) (holding Cook "implicitly, but clearly, consented to the application of originating state choice-of-law rules to directly filed cases").

Utah's Product Liability Act has a two-year statute of limitations which begins to run when the plaintiff "discover[s], or in the exercise of due diligence should have discovered, both the harm and its cause." Utah Code § 78B-6-706 ("A civil action . . . shall be brought within two years from the time the individual who would be the claimant in the action discovered, or in the exercise of due diligence should have discovered, both the harm and its cause."). "[A]ll that is required to trigger the statute of limitations is sufficient information to put plaintiffs on notice to make further inquiry." *Macris v. Sculptured Software, Inc.*, 24 P.3d 984, 990 (Utah 2001). "Once a plaintiff is on inquiry notice, he or she may be imputed with knowledge of 'everything to which such inquiry might have led.'" *Mecham v. C.R. Bard, Inc.*, No. 2:19-cv-00750-JNP, 2020 WL 2768997, at *4 (D. Utah May 27, 2020) (quoting *Pioneer Builders Co. of Nev., Inc. v. K D A Corp.*, 292 P.3d 672, 679 (Utah 2012)). Generally, when a plaintiff knew or, in

the exercise of reasonable diligence, should have known of a cause of action is an issue of fact, but "'[w]here the evidence is so clear that there is no genuine factual issue . . . the determination may be made as a matter of law.'" *Id.* (quoting *McKinnon v. Tambrands, Inc.*, 815 F.Supp.2d 1119, 1124 (D. Utah 1999)).

Plaintiff argues Cook fails to "point to any clear injury—let alone one connected to a medical device—that would put Mr. Beach on notice of a potential claim for purposes of the running of the statute of limitations." (Pl.'s Resp. at 3). But Plaintiff's claimed injury is the inability to retrieve his filter. (Filing No. 19773, Case Categorization Form at 2). The unsuccessful attempt to retrieve his filter thus necessarily gave Plaintiff notice of both his claimed injury and of its connection to his filter.

Cook also moves for judgment on Plaintiff's implied warranty, express warranty, consumer protection, and punitive damages claims, as well as his wife's loss of consortium claim. Plaintiffs did not respond to Cook's arguments. Their silence results in waiver. *See Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 466 (7th Cir. 2010) (Failure to respond to an argument—as the Bontes have done here—results in waiver.).

### III. Conclusion

For the reasons set forth above, Cook's Motion for Judgment (Filing No. 19485) is **GRANTED**.

**SO ORDERED** this 7th day of April 2023.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.