UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION  _____  This Document Relates to:  Lessie Alger, 1:17-cv-1023 _____ | 1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ENTRY ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS, move for judgment on the pleadings in Plaintiff Lessie Alger's case. Specifically, they argue Plaintiff's negligence, strict products liability, and implied warranty claims are time-barred, her express warranty claim is not adequately pled, and, because she has no other viable claims, her punitive damages claim also fails. For the reasons set forth below, the court **GRANTS** Cook's motion

**I.   Background**

Plaintiff is a Virginia resident and was implanted with a Günther Tulip Vena Cava Filter on February 10, 2012, at a hospital in Harrisonburg, Virginia. (Cause No. 1:17-cv-

1

1023, Filing No. 1, Short Form Compl. ¶¶ 5–6, 10–12).  On April 3, 2012, Plaintiff underwent surgery to have the filter removed, but her vascular surgeon was unable to do so because fibrin had formed around the hook of the filter.  (Filing No. 18015, Medical Record).  Plaintiff filed her Short Form Complaint against Cook five years later, on April 3, 2017.

## II.     Discussion

Virginia's statute of limitations for product liability actions is two years.  Va. Code § 8.01-243 ("Unless otherwise provided in this section or by other statute, every action for personal injuries, whatever the theory of recovery . . . shall be brought within two years after the cause of action accrues.").  "In Virginia, 'an injury is deemed to occur, and the statute of limitations period begins to run, whenever any injury, however slight, is caused by the negligent act, even though additional or more severe injury or damage may be subsequently sustained as a result of the negligent act.'"  *Wade v. Danek Medical, Inc.*, 182 F.3d 281, 285 (4th Cir. 1999) (quoting *St. George v. Pariser*, 484 S.E.2d 888, 890 (Va. 1997)).

Here, Plaintiff's injury—a failed retrieval—occurred on April 3, 2012.  Virginia's discovery rule for product liability actions was passed by the Virginia legislature in March 2016 and took effect on July 1, 2016.  *See* Va. Acts Ch. 353 (showing amendment approval); Va. Code § 1-214 (providing laws take effect on July 1 following adjournment of the legislative session).  It provides that a cause of action accrues "for injury to the person resulting from or arising as a result of the implantation of any medical device, when the person knew or should have known of the injury and its causal connection to

the device." Va. Code Ann. § 8.01-249(9).  Plaintiff argues her claims are timely because she did not discover the causal connection between her injury and Cook's defective filter until August 3, 2015.  (Filing No. 18298-1, Pl.'s Aff. ¶ 5).

Under Virginia law, "amendments to statutes of limitation are presumed to be prospective and not retroactive in their operation, in the absence of clear legislative intent to the contrary."  *Riddett v. Virginia Elec. & Power Co.*, 495 S.E.2d 819, 822 (Va. 1998). Plaintiff's product liability claims accrued on April 3, 2012, when she learned her filter could not be retrieved.  But Plaintiff did not file this cause of action until April 3, 2017. Thus, even assuming the Virginia discovery statute would otherwise apply to Plaintiff's claims, Plaintiff would not be entitled to invoke the discovery rule because her claims accrued and became time-barred before the new law took effect.

Cook also moves for judgment on Plaintiff's implied warranty, express warranty, and punitive damages claims.  Plaintiff did not respond to the merits of Cook's motion. Failure to respond to a motion for judgment on the pleadings constitutes forfeiture or waiver.  *See Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018) (Barrett, J.) ("[A] district court may hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss."); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver.").  Cook is thus entitled to judgment on those claims as well.

### III. Conclusion

For the reasons explained above, the Cook Defendants' Motion for Judgment

(Filing No. 18014) is **GRANTED**.

**SO ORDERED** this 11th day of April 2023.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.