UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND          No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION           MDL No. 2570

_____

This Document Relates to the Following Cases:

Timothy and Julie Bruce, 1:18-cv-01160

_____

**ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiffs' case. The court, having read and reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion should be **GRANTED**.

**I.     Background**

Plaintiff, Timothy Bruce, was implanted with a Cook Günther Tulip Vena Cava filter on August 11, 2005 at Grant/Riverside Methodist Hospital in Columbus, Ohio. (1:18-cv-01160, Filing No. 1, Short Form Compl. ¶¶ 10-12). On September 9, 2005, he met with his physician, who attempted to remove the filter. (Filing No. 19488, Medical Record). Because the filter would not disengage from the walls of Plaintiff's vena cava, the filter had to remain in place. (*Id.*).

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

1

Plaintiff filed suit on April 16, 2018, alleging claims for negligence, strict products liability, breach of warranty, consumer fraud, and punitive damages. His wife, Julie, brings a loss of consortium claim.

## II.   Discussion

Cook argues Plaintiff's product liability claims are time-barred under Ohio law because he filed his action more than two years after an unsuccessful attempt to remove the filter.

Under Ohio law, product liability claims alleging personal injury must be brought within two years after the cause of action accrues. Ohio Code § 2305.10(A). Ohio's discovery rule holds that "[w]hen an injury does not manifest itself immediately, the cause of action does not arise until the plaintiff knows or, by the exercise of reasonable diligence should have known, that he had been injured by the conduct of the defendant." *O'Stricker v. Jim Walter Corp.*, 447 N.E.2d 727, 730 (Ohio 1983); *see also Braxton v. Peerless Premier Appliances Co.*, No. 81855, 2003 WL 21291061, at *2 (Ohio Ct. App. June 5, 2003) ("The discovery rule concerns the situation where an injury is incurred but not discovered until later."). Plaintiff argues there was nothing about the removal procedure that would put him on notice of a potential claim against Cook. (Pl.'s Resp. at 1 (stating "the medical record relied on by [Cook] does not document any injury suffered by Mr. Bruce during the removal procedure that would put him on notice of a potential claim against the manufacturer of his IVC filter")). But the failed retrieval is his claimed injury. (Filing No. 19775, Case Categorization Form at 2). It thus manifested itself "immediately." Therefore, the discovery rule does not apply. Plaintiff's product liability

claims are time-barred.

Cook also moves for judgment on Plaintiff's implied warranty, express warranty, consumer protection, and punitive damages claims, as well as his wife's loss of consortium claim. Plaintiffs did not respond to Cook's arguments. Their silence results in waiver. *See Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the Bontes have done here—results in waiver.").

### III. Conclusion

For the reasons set forth above, Cook's Motion for Judgment (Filing No. 19487) is **GRANTED**.

**SO ORDERED** this 12th day of April 2023.

                                                                          _____
                                                                          RICHARD L. YOUNG, JUDGE
                                                                          United States District Court
                                                                          Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.