UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND            No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION             MDL No. 2570

_____

This Document Relates to the Following Cases:

Ted and Rita Roach, 1:20-cv-02255

_____

**ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiffs' case. The court, having read and reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion should be **GRANTED**.

**I.    Background**

Plaintiff was implanted with a Cook Celect Vena Cava filter on July 20, 2012, at Spring Valley Hospital Medical Center in Las Vegas, Nevada. (Cause No. 1:20-cv-02255, Filing No. 9, Am. Short Form Compl. ¶¶ 10-12). He returned to the hospital to have it retrieved in September and December 2012, but those attempts failed. (Filing No. 19496, Medical Records at 6). On February 19, 2014, he underwent a "[s]uccessful complex removal of chronically embedded IVC filter" at Stanford Medical Center. (*Id.* at

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

1

10).

Plaintiff filed suit against the Cook Defendants on August 28, 2020. His Short Form Complaint alleges claims for negligence, strict products liability, breach of warranty, consumer fraud, and punitive damages. (Short Form Compl. ¶ 14). His wife, Rita, alleges a claim for loss of consortium. (*Id.*).

## II.  Discussion

Cook argues Plaintiff's product liability claims are time-barred because he filed his action more than two years after the unsuccessful attempt to retrieve his filter. Nevada law applies. *See Looper v. Cook Inc.*, 20 F.4th 387, 394 (7th Cir. 2021) (holding Cook "implicitly, but clearly, consented to the application of originating state choice-of-law rules to directly filed cases").

Nevada's statute of limitations for personal injury actions is two years. Nev. Rev. Stat. § 11.190(4)(e). "Under [Nevada's] discovery rule, the statutory period of limitations is tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action." *Peterson v. Bruen*, 792 P.2d 18, 20 (Nev. 1990). Plaintiff argues he did not discover he was injured by a defective Cook filter until he saw a television ad in late 2018. But in Plaintiff's Categorization Form, he checked the box for a Category 5 injury: failed retrieval and complicated retrieval cases. (Filing No. 19496, Case Categorization Form at 3). The unsuccessful attempt to retrieve his filter in 2012[2] necessarily gave Plaintiff notice of both his claimed injury and of its connection to his

---

[2] His claim is barred even if the court were to find his claim accrued as a result of his complex retrieval procedure in February 2014.

filter.

Next, Plaintiff argues the statute of limitations for his personal injury claims is tolled by the doctrine of fraudulent concealment. "A fraudulent concealment defense requires a showing both that the defendant used fraudulent means to keep the plaintiff unaware of his cause of action, and also that the plaintiff was, in fact, ignorant of the existence of his cause of action." *Wood v. Santa Barbara Chamber of Commerce, Inc.,* 705 F.2d 1515, 1521 (9th Cir.1983); *Garcia v. Eighth Judicial Dist. Court of Nev.*, 373 P.3d 916 (Table), 2011 WL 5903792, at *2 (Nev. 2011) (same).

Plaintiff's fraudulent concealment allegations set forth in his Amended Short Form Complaint allege that Cook: (1) failed to adequately warn Plaintiff and his physician of the risk of injury from filter placement; and (2) misrepresented the efficacy of the Celect to Plaintiff and his physician. (*See* Filing No. 10, fraudulent concealment allegations; *See also* Filing No. 19656, Pl.'s Resp. at 4 ("Cook overstated the benefits and safety of the filter and downplayed the risks . . . Had Plaintiff not be deceived by Cook and had known the real risks associated with the filter, Plaintiff would not have had the filter implanted[.]")). These allegations do not plausibly show that Cook "used fraudulent means to keep [him] unaware of his cause of action." *Wood*, 705 F.2d at 1521. Indeed, Plaintiff was indisputably aware of the attempts to retrieve his filter, his claimed injury.

Plaintiff did not respond to Cook's motion with respect to his breach of warranty and consumer fraud claims, and Rita did not respond to her loss of consortium claim. That leads the court to conclude that they waived any argument regarding the legal sufficiency of those claims. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010).

3

As no claims remain, Plaintiff is not entitled to punitive damages.

### III.  Conclusion

For the reasons set forth above, Cook's Motion for Judgment (Filing No. 19495) is **GRANTED**.

**SO ORDERED** this 18th day of April 2023.

> RICHARD L. YOUNG, JUDGE
> United States District Court
> Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.