UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND               No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                MDL No. 2570

_____

This Document Relates to the Following Cases:

Darwin Frison, 1:15-cv-01073

_____

### ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiff Darwin Frison's case. The court, having read and reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion should be **GRANTED**.

**I.    Background**

Plaintiff, a Montana resident, was implanted with a Cook Celect Vena Cava filter on April 13, 2012, at Providence St. Patrick Hospital in Missoula, Montana. (Cause No. 1:15-cv-01073, Filing No. 1, Short Form Compl. ¶¶ 4-6, 10-12). He returned to St. Patrick Hospital on May 29, 2012, to have the filter retrieved, but the procedure was unsuccessful. (Filing No. 19490, Medical Record at 1-2). Plaintiff's physician noted that

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

1

he would "followup [sic] with the patient and the ordering physician to determine whether a second attempt at retrieval will be made or if the filter will just be declared permanent." (*Id.* at 2).

Plaintiff filed suit against the Cook Defendants on July 9, 2015. His Short Form Complaint alleges claims for negligence, strict products liability, breach of warranty, consumer fraud, and punitive damages. (Short Form Compl. ¶ 14).

## II. Discussion

Cook argues Plaintiff's product liability claims are time-barred because he filed his action more than three years after the unsuccessful attempt to retrieve his filter. Montana law applies. *See Looper v. Cook Inc.*, 20 F.4th 387, 394 (7th Cir. 2021) (holding Cook "implicitly, but clearly, consented to the application of originating state choice-of-law rules to directly filed cases").

Montana's statute of limitations for tort actions is three years. Mont. Code Ann. § 27-2-204. Under Montana's discovery rule, a "plaintiff need not have actual and complete knowledge of the facts constituting the claim in order for the claim to accrue." *Christian v. Atlantic Richfield Co.*, 358 P.3d 131, 153 (Mont. 2015). Rather, a "claim accrues when the plaintiff is given notice or information that would prompt a reasonable person to conduct further inquiry." *Id.*

Plaintiff argues that "[the Cook] Defendants do not point to any clear injury—let alone one connected to their medical device—that would put [Plaintiff] on notice of a potential claim for purposes of the running of the statute of limitations." (Filing No. 19662, Pl.'s Resp. at 2). But Plaintiff's claimed injury is the inability to retrieve his filter.

2

(Filing No. 19773, Case Categorization Form at 2). The unsuccessful attempt to retrieve his filter necessarily gave Plaintiff notice of both his claimed injury and of its connection to his filter. Plaintiff's product liability, negligence, breach of warranty, and negligence claims are therefore barred. As no other claims remain, Plaintiff may not recover punitive damages. *See Stipe v. First Interstate Bank-Polson*, 188 P.3d 1063, 1068 (Mont. 2008) ("Punitive damages, however, are unavailable without a showing of actual damages.")).

### III. Conclusion

For the reasons set forth above, Cook's Motion for Judgment (Filing No. 19489) is **GRANTED**.

**SO ORDERED** this 18th day of April 2023.

                                                                                          _____
                                                                                          RICHARD L. YOUNG, JUDGE
                                                                                          United States District Court
                                                                                          Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.