UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ This Document Relates to: Jared Posey, 1:17-cv-01909 _____ | 1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ENTRY ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiff Jared Posey's case. The court, having read and reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion should be **GRANTED**.

**I.    Background**

Plaintiff, an Alabama resident, was implanted with a Cook Günther Tulip Vena Cava filter on March 26, 2009, at the University of Alabama Hospital in Birmingham, Alabama. (Cause No. 1:17-cv-01909, Filing No. 15, Am. Short Form Compl. ¶¶ 4-6, 10-

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

12). He returned to the hospital to have the filter retrieved on June 4, 2009, but the procedure was unsuccessful. (Filing No. 19492, Medical Record).

Plaintiff filed suit against Cook on June 9, 2017. His Amended Short Form Complaint alleges claims[2] for strict products liability, negligence, breach of warranty, consumer fraud, intentional and negligent infliction of emotional distress, and punitive damages. (Am. Short Form Compl. ¶ 14).

## II.   Discussion

Under Alabama law, the statute of limitations for personal injury claims is two years. Ala. Code § 6-2-38(l). Alabama's discovery rule "applies only to fraud actions . . . and cases involving the fraudulent concealment of the existence of a cause of action." *Utilities Bd. of City of Opp v. Shuler Bros., Inc.*, 138 So.3d 287, 292-93 (Ala. 2013). To fall within the discovery rule for fraud-based claims, Ala. Code § 6-2-3,[3] the "complaint must allege the time and circumstances of the discovery of the cause of action." *DGB, LLC v. Hinds*, 55 So.3d 218, 226 (Ala. 2010). "The complaint must also allege the facts or circumstances by which the defendants concealed the cause of action or injury and what prevented the plaintiff from discovering the facts surrounding the injury." *Id.* Plaintiff bears the burden of showing he falls within § 6-2-3. *Id.*

---

[2] He also pleads a survival claim, but this claim appears to be the result of clerical error, as Plaintiff is not deceased.
[3] Alabama Code § 6-2-3 provides: "In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action."

2

Plaintiff acknowledges he filed suit more than two years after the failed retrieval procedure. He argues, instead, that his claim is timely because Cook fraudulently concealed the existence of his cause of action. Plaintiff's fraudulent concealment allegations show that Cook: (1) failed to adequately warn Plaintiff and his physician of the risk of injury from filter placement; and (2) misrepresented the efficacy of the Tulip to Plaintiff and his physician. (*See* Filing No. 16, Am. Short Form Compl., Ex. A, fraudulent concealment allegations). These allegations fall short, as "a mere failure to warn or refusal to warn, without more, while actionable, does not rise to the level of fraudulent concealment [that tolls the statute of limitations.]." *Scharff v. Wyeth*, No. 2:10-cv-220-WKU, 2011 WL 3320501, at *11 (M.D. Ala. Aug. 2, 2011) (quoting *Cazales v. Johns-Manville Sales Corp.*, 435 So.2d 55, 58 (Ala. 1983)). In the absence of allegations establishing that Cook *prevented* Plaintiff from discovering the facts surrounding his alleged injury, Plaintiff may not rely on fraudulent concealment to toll the statute of limitations on his personal injury claims.

Plaintiff did not respond to Cook's motion with respect to his breach of warranty and consumer fraud claims. That leads the court to conclude that he waived any argument regarding the legal sufficiency of those claims. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). As no claims remain, Plaintiff is not entitled to punitive damages.

### III.    Conclusion

The Cook Defendants' Motion for Judgment (Filing No. 19491) is **GRANTED**.

**SO ORDERED** this 18th day of April 2023

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.