UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND              No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION               MDL No. 2570

_____

This Document Relates to the Following Cases:

Michael Bell, 1:19-cv-02065

_____

### ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiff Michael Bell's case. The court, having read and reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion should be **GRANTED**.

### I.      Background

Plaintiff was implanted with a Günther Tulip Vena Cava filter on January 2, 2013, at St. Elizabeth Edgewood Hospital in Edgewood, Kentucky. (Cause No. 1:19-cv-02065, Filing No. 1, Short Form Compl. ¶¶ 10-12). He returned to the hospital to have it retrieved on February 4, 2015. (Filing No. 20144, Medical Records at 5). Because the hook of the filter was "embedded in the posterior wall of the IVC," his physician was

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

1

unable to retrieve it.  (*Id.*).

Plaintiff filed suit against the Cook Defendants on May 23, 2019.  His Short Form Complaint alleges claims for negligence, strict products liability, breach of warranty, consumer fraud, and punitive damages.  (Short Form Compl. ¶ 14).

## II.     Discussion

Cook argues Plaintiff's product liability claims are time-barred because he filed his action more than two years after the unsuccessful attempt to retrieve his filter.  Kentucky law applies.  *See Looper v. Cook Inc.*, 20 F.4th 387, 394 (7th Cir. 2021) (holding Cook "implicitly, but clearly, consented to the application of originating state choice-of-law rules to directly filed cases").

Kentucky's statute of limitations for personal injury actions is one year.  Ky. Rev. Stat. § 413.140(1)(a).  Kentucky recognizes a discovery rule that "tolls the statute of limitations period 'until the plaintiff discovers or in the exercise of reasonable diligence should have discovered' that: (1) []he was injured, and (2) h[is] injury 'may have been caused by the defendant's conduct.'"  *Adams v. 3M Co.*, No. 12–61–ART, 2013 WL 3367134, at *2 (E.D. Ky. July 5, 2013) (quoting *Louisville Tr. Co. v. Johns-Manville Prods. Corp.*, 580 S.W.2d 497, 501 (Ky. 1979)).  "Kentucky courts have further refined this rule in the products liability context, such that a potential plaintiff's awareness of an injury and of the instrumentality causing the injury is enough to trigger the limitations clock and to impose on the plaintiff the duty to discover the responsible parties."  *See In re Bridgestone/Firestone Inc.*, No. IP 01–5324–C–B/S, 2002 WL 31689271, at *3 (S.D. Ind. Nov. 20, 2002) (citing *Reese v. General American Door Co.*, 6 S.W.3d 380, 383

(Ky.Ct.App.1999)).

In Plaintiff's Categorization Form, he checked the box for a Category 5 injury: failed retrieval and complicated retrieval cases. (Filing No. 20144, Case Categorization Form at 3 ("Plaintiff underwent a failed IVC filter retrieval procedure.")). The claimed injury here—a failed retrieval procedure—provided Plaintiff with notice that the "injury" may have been caused by the medical device. *See In re Bridgestone/Firestone*, 2002 WL 31689271, at *3.

Plaintiff did not respond to Cook's motion with respect to his breach of warranty and consumer fraud claims. That leads the court to conclude that he waived any argument regarding the legal sufficiency of those claims. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). As no claims remain, Plaintiff is not entitled to punitive damages.

### III. Conclusion

For the reasons set forth above, Cook's Motion for Judgment (Filing No. 20143) is **GRANTED**.

**SO ORDERED** this 21st day of April 2023.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.