UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ This Document Relates to: Charles and Sandee Payne, 1:20-cv-00916 _____ | 1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ENTRY ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiffs' case. The court, having read and reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion should be **GRANTED**.

**I.     Background**

Plaintiff, Charles Sandee, is an Arizona resident and was implanted with a Cook Celect Vena Cava Filter on December 26, 2012, at the Tucson Medical Center in Tucson, Arizona. (Cause No. 1:20-cv-00916, Filing No. 1, Short Form Compl. ¶¶ 4-6, 10-12). He returned to the medical center on February 11, 2013, to have the filter removed, but

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

1

the procedure was unsuccessful. (Filing No. 19502, Case Categorization Form Medical Record at 6).

Plaintiff filed suit against the Cook Defendants on March 20, 2020, alleging claims for strict products liability, negligence, breach of warranty, consumer fraud, and punitive damages. (Short Form Compl. ¶ 14). His wife, Sandee, brings a claim for loss of consortium. (*Id.*).

**II.      Discussion**

Cook moves for judgment on Plaintiff's personal injury claims because Plaintiff filed his lawsuit more than two years after an unsuccessful attempt to remove his filter. Arizona law applies. *See Looper v. Cook Inc.*, 20 F.4th 387, 394 (7th Cir. 2021) (holding Cook "implicitly, but clearly, consented to the application of originating state choice-of-law rules to directly filed cases").

Under Arizona law, personal injury claims must be filed within two years after the cause of action accrues. Ariz. Rev. Stat. § 12-542(1). Under Arizona's discovery rule, "a cause of action does not accrue until the plaintiff knows or with reasonable diligence should know the facts underlying the cause." *Doe v. Roe*, 955 P.2d 951, 960 (Ariz. 1998). "A plaintiff need not know all the facts underlying a cause of action to trigger accrual . . . [b]ut the plaintiff must at least possess a minimum requisite of knowledge sufficient to identify that a wrong occurred and caused injury." *Id.* at 961.

Plaintiff argues his medical record "does not document any injury suffered by [Plaintiff] during the removal procedure which would put him on notice of a potential claim against the manufacturers of his IVC filter." (Filing No. 19663, Pl.'s Resp. at 1).

2

But Plaintiff's claimed injury is a failed removal. (Case Categorization Form at 3 ("Unsuccessful removal, unable to be removed because there is an embedded filter tip.")). The unsuccessful attempt to retrieve Plaintiff's filter in 2012 necessarily gave him notice of both his claimed injury and of its connection to his filter.

Cook also moves for judgment on Plaintiff's breach of warranty and consumer protection claims. Plaintiff did not respond to Cook's arguments, so those claims are waived. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). Plaintiff's punitive damages claim as well as Sandee's loss of consortium claim fail as derivative.

## III. Conclusion

For the reasons set forth above, Cook's Motion for Judgment (Filing No. 19500) is **GRANTED**.

**SO ORDERED** this 21st day of April 2023.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.motion