UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND           No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION            MDL No. 2570

_____

This Document Relates to the Following Cases:

Thomas Carpenter, Jr., 1:17-cv-01490

_____

### ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiff Thomas Carpenter Jr.'s case. The court, having read and reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion should be **GRANTED**.

**I.     Background**

Plaintiff was implanted with a Cook Celect Vena Cava filter on August 29, 2013, at Albany Medical Center in Albany, New York. (Cause No. 1:17-cv-01490, Filing No. 1, Short Form Compl. ¶¶ 10-12). He returned to the hospital to have it retrieved on November 18, 2013, but the attempt was unsuccessful. (Filing No. 20007, Medical Records at 6). The following month he returned to the hospital, and the filter was

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

1

successfully removed.  (*Id.* at 9).

Plaintiff filed suit against the Cook Defendants on May 8, 2017.  His Short Form Complaint alleges claims for negligence, strict products liability, breach of warranty, consumer fraud, and he seeks punitive damages.  (Short Form Compl. ¶ 14).

**II.     Discussion**

Cook argues Plaintiff's product liability claims are time-barred because he filed his action more than two years after the unsuccessful attempt to retrieve his filter.  New York law applies.  *See Looper v. Cook Inc.*, 20 F.4th 387, 394 (7th Cir. 2021) (holding Cook "implicitly, but clearly, consented to the application of originating state choice-of-law rules to directly filed cases").

New York's statute of limitations for personal injury actions is three years.  N.Y. C.P.L.R. § 214(5) (providing a three-year statute of limitation for "an action to recover damages for a personal injury" subject to certain exceptions).  Under New York law, in cases involving malfunctioning implanted medical devices, the statute of limitations "runs from the date of the injury resulting from the malfunction." *Baker v. Stryker Corp.*, 770 F. App'x 12, 14 (2d Cir. 2019) (quoting *Martin v. Edwards Labs.*, 457 N.E.2d 1150, 1154 (N.Y. 1983)).

In Plaintiff's Categorization Form, he checked the box for a Category 5 injury: failed retrieval and complicated retrieval cases.  (Filing No. 20007, Case Categorization Form at 4 ("unsuccessful attempted retrieval of tilted and embedded IVC filter on 11/18/13 resulting in hole w/in IVC junction w/right renal vein")).  The unsuccessful attempt to retrieve his filter in 2013 is the claimed "malfunction" of the device.  He filed

suit more than three years later, so his claim is time-barred.

Plaintiff did not respond to Cook's motion with respect to his breach of warranty and consumer fraud claims. That leads the court to conclude that he waived any argument regarding the legal sufficiency of those claims. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). As no claims remain, Plaintiff is not entitled to punitive damages.

### III. Conclusion

For the reasons set forth above, Cook's Motion for Judgment (Filing No. 20006) is **GRANTED**.

**SO ORDERED** this 21st day of April 2023.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.