UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Case:

Johnson, Crystal - 1:18-cv-00640

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF CRYSTAL JOHNSON'S CASE PURSUANT TO CMO-28**

Plaintiff's case is time-barred and should be dismissed as a matter of law.[1] While Plaintiff is correct that the operative filing date is May 6, 2016 due to her case being part of the multi-plaintiff *Halinski* case, her claims are still time-barred based on that earlier filing date.[2] Further, Cook did not waive all of its statute-of-limitations defenses as to Plaintiff's action, and Plaintiff's undisputed knowledge in 2009 of the injuries she now claims negates her discovery-rule argument.

A.     **Cook Did Not Waive Its Statute-of-Limitations Defense as to Plaintiff's Claims**

Plaintiff latches on to the following language from the Court's Order severing the *Halinski* cases to argue that Cook waived all of its statute-of-limitations defenses as to her case: "As to the severed causes of action, the filing date will relate back to the filing date of Plaintiff's original Complaint in the Missouri state court. Cook waives any statute of limitations defense as to each severed cause of action." Dkt. 7507 at 2. But Plaintiff ignores the preceding paragraph, which provides that "Plaintiffs shall open a new civil case for each of the severed causes of action . . . by the filing of a Short Form Complaint and payment of a filing fee." *Id.*; *see also Beeler v. Saul*, 977 F.3d 577, 585 (7th Cir. 2020) ("The 'whole text' canon of statutory interpretation . . . 'calls on the judicial interpreter to consider the entire text, in view of its structure and the physical and logical relation of its many parts.'" (citation omitted)). Taken in its proper context, the Order clearly

---

[1] Per the parties' joint motion, the parties stipulated that "for plaintiffs who are citizens of states other than Missouri, the Eastern District of Missouri is not the proper transferee court" and that "the proper transferee court is either [the Southern District of Indiana] or the District Court and Division in which venue would have been proper as of the filing dates of Plaintiffs' respective lawsuits." Dkt. 7384 at 3. Cook does not waive its argument that the Indiana statute of limitations may apply in the Missouri-filed cases that were transferred and severed, and Cook reserves the right to argue so in any similarly situated cases. *See, e.g.*, *Remy, Inc. v. Tecnomatic, S.p.A.*, 2012 WL 13032963, at *6 (S.D. Ind. Mar. 29, 2012) (applying Indiana's statute of limitations to case transferred due to improper venue because Indiana treats statutes of limitations as procedural). Here, Cook need not fully brief this issue because Plaintiff's claims are time-barred under both Pennsylvania and Indiana law. *See* Pl.'s Short-Form Compl., ¶ 7; *infra* note 3.

[2] Due to a tracking error, Cook incorrectly listed Plaintiff's operative filing date as March 2, 2018 (the filing date of the Short-Form Complaint) in its opening motion. *See* Dkt. 23740. This inadvertent error does not impact the viability of Cook's motion—Plaintiff's claims are still time-barred under the earlier filing date. Nevertheless, Cook would not oppose Plaintiff's filing of a three-page surreply if Plaintiff asks the Court to do so.

provides that Cook waived any limitations argument based on the filing date of the Short-Form Complaint, i.e., the opening of the "new civil case," as any such argument would undermine the parties' compromise in agreeing to sever the cases. In other words, the Court was making clear that, for limitations purposes, the new Short-Form Complaints would relate back to the date of original filing. Cook, however, did *not* waive its limitations arguments based on the filing date of Plaintiff's original complaint, as Plaintiff suggests here. The only reasonable reading of the Order allows Cook to challenge the timeliness of any case based on the original filing date.

Crucially, the language on which Plaintiff relies is not included in the joint motion or the accompanying proposed order that prompted the Order. *See* Dkts. 7384 & 7384-1. Indeed, it would make no sense for Cook to unilaterally waive any and all limitations defenses in over 140 cases. *See* Dkt. 7384 at 2; *see also Beanstalk Grp., Inc. v. AM Gen. Corp.*, 283 F.3d 856, 860 ("[A] contract will not be interpreted literally if doing so would produce absurd results, in the sense of results that the parties, presumed to be rational persons pursuing rational ends, are very unlikely to have agreed to seek."). The Court should therefore evaluate Cook's motion for judgment on the pleadings in Plaintiff's case on statute-of-limitations grounds based on the original filing date.

**B.     Plaintiff's Case is Time-Barred as a Matter of Law**

Plaintiff argues her claims are timely because she did not begin "to suspect that her injuries could be caused by the IVC filter" until she "saw a public health bulletin about . . . IVC filters in September 2015." Dkt. 23851 at 3. But, as this Court has recognized, "in cases involving medical devices, claims accrue when a plaintiff learns that he suffered injuries and that such injuries share some causal connection to the medical device at issue." Dkt. 21869 at 4 (applying Pennsylvania law); *see, e.g.*, *Kennedy v. Ethicon, Inc.*, 2020 WL 4050459, at *15 (E.D. Pa. July 20, 2020). Here, Plaintiff undisputedly knew by August 28, 2009, i.e., the date of her open surgery, that her filter

2

was perforating her IVC, that one of the filter's prongs was impinging her right proximal ureter, that her filter could not be removed endovascularly, and that she would need an open surgery to excise a filter prong. *See* Dkt. 23741 (sealed medical records). This information was more than enough to provide Plaintiff with "some reason to suspect that the injury was caused by a third party to impose a duty to investigate further." *Coleman v. Wyeth Pharms.*, 6 A.3d 502, 511 (Pa. Super. 2010); *see also* Dkt. 19408 (dismissing failed-retrieval claims case as time-barred under Pennsylvania law). Her case is time-barred by more than four years.[3]

The cases on which Plaintiff relies are inapposite because they either involve a latent injury or an injury with multiple potential etiologies unrelated to the device or drug at issue.[4] *See Adams v. Zimmer US, Inc.*, 943 F.3d 159, 165-66 (3d Cir. 2019) (applying discovery rule where the alleged injury was not connected to the implant until revision surgery and claim was timely based on revision date); *Fine v. Checcio*, 582 Pa. 253, 272 (applying discovery rule where plaintiff's alleged injury, facial numbness, was a normal side-effect of wisdom-tooth extraction); *Coleman*, 6 A.3d at 516 (applying discovery rule because plaintiff's breast cancer diagnosis by itself did not place her on notice that her claimed injury was potentially caused by the hormone drug at issue). By contrast, this case involves discrete alleged injuries that bear a direct relationship to the filter. *See* Dkt. 23741. Plaintiff knew no later than August 28, 2009 of her claimed injuries and their relationship to the filter. The Court should therefore dismiss her claims as a matter of law.

---

[3] Plaintiff's claims would also be time-barred under Indiana's two-year statute of limitations. *See* Ind. Code 34-11-2-4. The Court has ruled in this MDL that claims are time-barred under Indiana law where the plaintiff underwent an open surgery related to the filter or underwent a failed retrieval procedure more than two years before commencement of the action. *See, e.g.*, Dkt. 14428 (granting summary judgment in six time-barred open removal cases); Dkt. 18391 (granting motion to dismiss in failed-retrieval case).

[4] Plaintiff's reliance on *Stark v. Johnson & Johnson*, 10 F.4th 823 (7th Cir. 2021) is wholly misplaced. As Plaintiff concedes, *Stark* applied **Illinois's** discovery rule, which has no bearing on the instant case. Further, the facts are distinguishable. In *Stark*, the plaintiff was informed that a pre-existing condition rather than the product at issue could be the cause of her injury. *Id.* at 830. In contrast here, Plaintiff does not allege that any physician informed her that her alleged injuries had any possible alternative cause.

3

Respectfully submitted,

Dated: April 24, 2023

/s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2023, a copy of the foregoing **COOK DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF CRYSTAL JOHNSON'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*