UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ This Document Relates to: Stephanie Williams, 1:16-cv-03014 _____ | 1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ENTRY ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiff Stephanie Williams's case. The court, having read and reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion should be **GRANTED**.

**I.    Background**

Plaintiff, an Alabama resident, was implanted with a Cook Celect Vena Cava filter on March 4, 2007, at Huntsville Hospital in Huntsville, Alabama. (Cause No. 1:16-cv-03014, Filing No. 1, Short Form Compl. ¶¶ 4-6, 10-12). She returned to the hospital to

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

1

have the filter retrieved on July 18, 2007, but the procedure was unsuccessful. (Filing No. 18013, Categorization Form Medical Record).

On February 1, 2016, Plaintiff was told that her filter might be defective and might be causing her injuries. (Filing No. 18300-1, Plaintiff Aff. ¶ 5).

Plaintiff filed suit against Cook on November 3, 2016. Her Short Form Complaint alleges claims for strict products liability, negligence, and breach of warranty. (Short Form Compl. ¶ 14). She also seeks punitive damages. (*Id.*).

## II. Discussion

Cook argues Plaintiff's products liability and negligence claims are time-barred. Alabama law applies. *See Looper v. Cook Inc.*, 20 F.4th 387, 394 (7th Cir. 2021) (holding Cook "implicitly, but clearly, consented to the application of originating state choice-of-law rules to directly filed cases").

Under Alabama law, the statute of limitations for personal injury claims is two years. Ala. Code § 6-2-38(l). Alabama's discovery rule "applies only to fraud actions . . . and cases involving the fraudulent concealment of the existence of a cause of action." *Utilities Bd. of City of Opp v. Shuler Bros., Inc.*, 138 So.3d 287, 293 (Ala. 2013). To fall within the discovery rule for fraud-based claims, Ala. Code § 6-2-3,[2] the "complaint must allege the time and circumstances of the discovery of the cause of action." *DGB, LLC v. Hinds*, 55 So.3d 218, 226 (Ala. 2010). "The complaint must also allege the facts or

---

[2] Alabama Code § 6-2-3 provides: "In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action."

circumstances by which the defendants concealed the cause of action or injury and what prevented the plaintiff from discovering the facts surrounding the injury." *Id.* Plaintiff bears the burden of showing she falls within § 6-2-3. *Id.*

Plaintiff acknowledges she filed suit more than two years after the failed retrieval procedure. She argues, instead, that the statute of limitations should be tolled due to Cook's fraudulent concealment of the existence of her cause of action. As support, she relies on paragraph 195 of the Master Consolidated Complaint for Individual Claims, which provides:

> Defendants, through its [sic] affirmative misrepresentations and omissions, actively concealed from Plaintiffs and Plaintiffs' healthcare providers the true and significant risks associated with Cook's IVC Filters.

(Filing No. 213, Master Compl. ¶ 195). This allegation falls short, as "a mere failure to warn or refusal to warn, without more, while actionable, does not rise to the level of fraudulent concealment [that tolls the statute of limitations.]." *Scharff v. Wyeth*, No. 2:10-cv-220-WKU, 2011 WL 3320501, at *11 (M.D. Ala. Aug. 2, 2011) (quoting *Cazales v. Johns-Manville Sales Corp.*, 435 So.2d 55, 58 (Ala. 1983)). In the absence of allegations establishing that Cook *prevented* Plaintiff from discovering the facts surrounding her alleged injury, Plaintiff may not rely on fraudulent concealment to toll the statute of limitations on her products liability and negligence claims.

Plaintiff did not respond to Cook's motion with respect to her breach of warranty claims. That leads the court to conclude that she waived any argument regarding the legal sufficiency of those claims. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). As no claims remain, Plaintiff is not entitled to punitive damages.

### III.     Conclusion

The Cook Defendants' Motion for Judgment (Filing No. 18012) is **GRANTED**.

**SO ORDERED** this 25th day of April 2023.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.