UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND            No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION             MDL No. 2570

_____

This Document Relates to the Following Cases:

Walter and Nina Robinson, 1:17-cv-00415

_____

**ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFFS' CASE PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiffs' case. The court, having read and reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion should be **GRANTED**.

**I.    Background**

Plaintiff Walter Robinson, a California resident, was implanted with a Cook Günther Tulip Vena Cava Filter on November 23, 2011, at Kaiser Permanente San Diego Medical Center in San Diego, California. (Cause No. 1:17-cv-00415, Filing No. 15, Am. Short Form Compl. ¶¶ 4-6, 10-12). He returned to the hospital on May 22, 2012, to have the filter removed. (Filing No. 20152, Case Categorization Medical Record at 6). Because the legs of the filter had become embedded in the wall of Plaintiff's vena cava,

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

1

his physician, Dr. Michael Girard, left the filter in place. (*Id.* at 7) ("Densely adherent filter legs to IVC wall precluding retrieval."). Based on a result of a venocavagram, Dr. Girard informed Plaintiff "the filter was fine, it was in good position and that it could safely remain as a permanent filter." (Cause No. 1:17-cv-00415, Filing No. 17-1, Robinson Aff. ¶ 3).

In July 2015, Plaintiff saw a television commercial that made him suspect something may be wrong with his filter. (*Id.* ¶ 5). He contacted an attorney and filed suit against the Cook Defendants on February 9, 2017. (*Id.* ¶¶ 6-7).

Plaintiff's Amended Short Form Complaint alleges claims for negligence, strict products liability, breach of warranty, consumer fraud, and he seeks punitive damages. (Short Form Compl. ¶ 14). His wife, Nina, brings a loss of consortium claim. (*Id.*).

**II.    Discussion**

Cook argues Plaintiff's personal injury claims are time-barred because he filed his action more than two years after the unsuccessful attempt to retrieve his filter. California law applies. *See Looper v. Cook Inc.*, 20 F.4th 387, 394 (7th Cir. 2021) (holding Cook "implicitly, but clearly, consented to the application of originating state choice-of-law rules to directly filed cases").

Under California law, "[a]n action for personal injury caused by a defective product, whether alleged as simple negligence, strict liability, or breach of warranty,[2] is

---

[2] The Cook Defendants argue Plaintiff's claim for breach of implied warranty is subject to a four-year statute of limitations that is measured from tender of delivery. The statute they cite, Cal Com. Code § 2725, applies to warranties based in contract. As the court understands Plaintiff's breach of warranty claims, they fall under § 335.1 because Plaintiff's allegations focus on the

2

governed by a two-year statute of limitations." *Barton v. Argen Corp.*, No. E068583, 2019 WL 3943192, at *5 (Cal. Ct. App., Aug. 21, 2019) (citing Cal. Civ. Proc. Code § 335.1); *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920 (Cal. 2005). California's discovery rule provides that a cause of action does not accrue "until the plaintiff discovers, or has reason to discover, the cause of action." *Fox*, 110 P.3d at 920. A plaintiff has reason to discover a cause of action when she has reason to at least suspect that her injury arose from wrongdoing. *Id.* ("The Legislature, in codifying the discovery rule, has also required plaintiffs to pursue their claims diligently by making accrual of a cause of action contingent on when a party discovered or *should have* discovered that his or her injury had a wrongful cause.") (emphasis in original).

According to the Cook Defendants, Plaintiff's personal injury claims accrued when he learned his filter could not be retrieved on May 22, 2012. Therefore, they argue, he filed his claims well over two years too late. Plaintiff responds his claims did not accrue until he saw a television commercial in July 2015.

Plaintiff's personal injury claims are time-barred. He was implanted with an IVC filter that was supposed to be retrievable. He underwent a procedure to have the filter removed, but he learned from his physician it could not be removed. This is the very injury he now alleges in his Case Categorization Form. Consequently, Plaintiff

---

sale of an allegedly defective filter. (*See* Filing No. 213, Master Compl. ¶¶ 97, 107 (alleging, as part of pleading the express and implied warranty claims, various "defects" in Cook's IVC filters and that as a result of those defects, "Plaintiffs have suffered permanent and continuous injuries"). But even under § 2725, Plaintiff's claim is time-barred, as he filed his Short Form Complaint more than four years after filter placement.

3

reasonably should have known after his procedure on May 22, 2012, that he had a problem with his filter. The limitations period therefore commenced on May 22, 2012, and not, as Plaintiff argues, in July 2015.

As Plaintiff's personal injury claims are time-barred, Nina's loss of consortium claim fails as derivative. *Hahn v. Mirda*, 54 Cal. Rptr. 3d 527, 531 (Cal. Ct. App. 2007) ("A cause of action for loss of consortium is, by its nature, dependent on the existence of a cause of action for tortious injury to a spouse."). And Plaintiff is not entitled to punitive damages.

### III.  Conclusion

For the reasons set forth above, Cook's Motion for Judgment (Filing No. 20151) is **GRANTED**.

**SO ORDERED** this 25th day of April 2023.

                                                                   RICHARD L. YOUNG, JUDGE
                                                                   United States District Court
                                                                   Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.