UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                 MDL No. 2570

_____

This Document Relates to the Following Cases:

Milton and Donna Norman, 1:19-cv-03814

_____

### ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFFS' CASE PURSUANT TO CMO-28

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiffs' case. The court, having read and reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion should be **GRANTED**.

**I.   Background**

Plaintiff Milton Norman, a Texas resident, was implanted with a Cook Celect Platinum[2] Vena Cava filter on October 19, 2016, at Baylor Scott &White Health in Plano, Texas. (Cause No. 1:19-cv-03814, Filing No. 1, Short Form Compl. ¶¶ 4-6, 10-12). He returned to the hospital on April 12, 2017, to have the filter removed. (Filing No. 20609, Case Categorization Medical Record at 5). Plaintiff's physician made multiple attempts

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.
[2] Plaintiff's medical record submitted with his Categorization Form refers to a "tulip IVC filter." (Categorization Medical Record at 6).

to retrieve the filter, but "[t]he IVC hook seemed to be apposed to the IVC wall." (*Id.*). Eventually, the snare used to dislodge the filter broke loose and was caught in the filter. (*Id.*). "Since the snare was caught in the filter, it was decided to [leave the filter] alone." (*Id.*).

Plaintiff filed suit against the Cook Defendants on September 7, 2019. His Short Form Complaint alleges claims for negligence, strict products liability, breach of warranty, consumer fraud, and he seeks punitive damages. (Short Form Compl. ¶ 14). His wife, Donna, brings a loss of consortium claim. (*Id.*).

**II.     Discussion**

Cook argues Plaintiff's product liability claims are time-barred because he filed suit more than two years after his failed retrieval procedure. Texas law applies. *See Looper v. Cook Inc.*, 20 F.4th 387, 394 (7th Cir. 2021) (holding Cook "implicitly, but clearly, consented to the application of originating state choice-of-law rules to directly filed cases").

Texas's statute of limitations for personal injury actions requires that such claims be filed "not later than two years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.003(a); *see also Livingston v. Danek Medical, Inc.,* No. 96–CV–3555, 1999 WL 33537322, at *3 (S.D. Tex. Oct. 13, 1999) (applying § 16.003(a) to products liability and negligence claims). Texas's discovery rule operates to toll the running of the period of limitations until the time that the plaintiff discovers, or through the exercise of reasonable care and diligence should discover, the nature of his injury. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990). Thus, "the question to

be determined is not whether a plaintiff has actual knowledge of the particulars of a cause of action . . . rather, it is whether the plaintiff has knowledge of facts which would cause a reasonable person to diligently make inquiry to determine his or her legal rights." *Bell v. Showa Denko K.K.*, 899 S.W.2d 749, 754 (Tex. Ct. App. 1995).

According to Plaintiff, "[b]ecause Defendants' market their filters as permanent, implantable devices, the mere fact that the filter could not be removed at that time does not by itself indicate any harm to [Plaintiff] placing him on notice of a claim, and no injury is noted to [Plaintiff] during the unsuccessful removal procedure." But Plaintiff's claimed injury[3] falls under Category 5, a failed retrieval case. (Case Categorization Form at 3). The unsuccessful attempt to retrieve his filter gave Plaintiff inquiry notice of both his claimed injury and of its connection to his filter. Plaintiff's products liability and negligence claims are therefore barred.

Plaintiff did not respond to Cook's arguments regarding his breach of warranty and consumer protection claims. That leads the court to conclude that he waived any

---

[3] Plaintiff also asserts a claim under Category 4, embedded and high-risk cases. (*See* Categorization Form at 2) (describing the "claimed complication/outcome/injury" as "[f]ilter hook embedded. Filter cannot be retrieved."). Plaintiff argues Cook has not satisfied its burden of showing when he learned his filter had become permanently embedded. Cook maintains Plaintiff provided no "specific medical record evidencing the claimed" injury of permanent embedment, as the court required under its Categorization Order. (Filing Nos. 9322, 9322-1, 9638, 9638-1). Assuming for purposes of this motion that he had submitted such a medical record, the statute of limitations began to run at the time of the failed retrieval procedure. Under Texas law, "[o]nce a claimant learns of a wrongful injury, the statute of limitations begins to run even if the claimant does not yet know 'the specific cause of the injury; the party responsible for it; the full extent of it; or the chances of avoiding it.'" *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 207 (Tex. 2011) (quoting *PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P'ship,* 146 S.W.3d 79, 93–94 (Tex. 2004) (internal citations omitted)). Accordingly, Plaintiff's additional claim under Category 4 does not alter the date he knew of the claimed "injury" of a failed retrieval for purposes of the statute of limitations.

3

argument regarding the legal sufficiency of those claims. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). As no claims remain, Plaintiff's wife's loss of consortium claim fails as derivative. *Valenciana v. Hereford Bi-Products Mgmt., Ltd.*, No. 07–05–0051–CV, 2005 WL 3803144, at *1 (Feb. 24, 2005) (citing *Whittlesey v. Miller*, 572 S.W.2d 665, 667 (Tex. 1978)). And Plaintiff is not entitled to punitive damages.

### III. Conclusion

For the reasons set forth above, Cook's Motion for Judgment, which was filed in both Filing No. 20608 and Filing No. 20616, is **GRANTED**.

**SO ORDERED** this 25th day of April 2023.

                                               _____
                                               RICHARD L. YOUNG, JUDGE
                                               United States District Court
                                               Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.