UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:

Ernie Scott, Case No. 1:20-cv-196

# CASE MANAGEMENT ORDER # 31
# (BELLWETHER TRIAL PLAN)

Pursuant to the Court's Amended Case Management Order No. 27 (Dkt. 15887), the Court enters the following scheduling order for *Scott v. Cook Medical, Inc.*, 1:20-cv-00196-RLY-TAB:

1. <u>Bellwether Depositions</u>:  Case-Specific Fact Depositions shall be limited to (1) Plaintiff, (2) Plaintiff's treating physicians, (3) sales representatives directly associated with the sale of the specific product implanted in the Plaintiff, and (4) two additional fact witnesses with knowledge or involvement with Plaintiff. If the Parties disagree regarding the proper sequencing of depositions and the sequence of questions in depositions, they will meet and confer prior to contacting the Court for assistance in resolving the issue. Additional Case-Specific Fact Depositions may be taken by agreement or by leave of Court upon good cause shown.

2. <u>Expert Disclosures</u>:  The Parties shall make the disclosures required by Fed. R. Civ. P. 26(a)(2) in *Scott* on or before the date(s) identified in Exhibit A.

3. <u>Independent Medical Examinations</u>: Any independent medical examinations of the Plaintiff in *Scott* shall be requested by Defendants on or before the date(s) identified in Exhibit A. The Parties shall follow the protocol outlined for these examinations in Case Management Order No. 21 (Dkt. 4978).

4. <u>Close of Discovery</u>:  Company discovery in this MDL is already closed. Case-specific discovery must be completed in *Scott* by the dates identified in Exhibit A. Extensions may be granted by agreement or by leave of Court upon good cause shown.

5. <u>Preliminary Witness & Exhibit Lists</u>: Preliminary witness and exhibit lists in *Scott* are due on or before the date(s) identified in Exhibit A. The lists should reflect the specific potential

witnesses and exhibits at each bellwether trial. It is not sufficient for a Party to simply incorporate by reference "any witnesses listed in discovery" or such general statements.

6. <u>Motions for Summary Judgment and *Daubert* Motions</u>:  Motions for summary judgment and *Daubert* motions regarding the limitation or exclusion of expert testimony in *Scott* are due on or before the dates identified in Exhibit A. Each party may file up to two motions for summary judgment. Responses to motions for summary judgment and *Daubert* motions are due on or before the dates identified in Exhibit A. Replies are due on or before the dates identified in Exhibit A. A hearing on *Daubert* motions and motions for summary judgment will be set by a separate order.

7. <u>Bifurcation</u>:  Any Party who believes that bifurcation of trial is appropriate with respect to any issue or claim in *Scott* shall notify the Court as soon as practicable and no later than the date(s) identified in Exhibit A.

8. <u>Motions *in Limine*</u>: Motions *in limine*, responses, and replies, in *Scott* shall be filed in accordance with the dates identified in Exhibit A. A hearing on motions *in limine* will be set by a separate order.

9. <u>Deposition Designations</u>:  The Parties shall exchange deposition designations in a form that lists the portions of the deposition(s), including the specific page and line numbers, that the Party intends to offer as evidence at trial. Deposition designations, counter designations, and redirect designations and related objections in *Scott* shall be filed in accordance with the dates identified in Exhibit A. A hearing on deposition designations will be set by a separate order.

10. <u>Final Witness Lists</u>:  The Parties shall file and serve their final witness list, which identifies and notifies the other Party of the identity of all witnesses who will attend the trial, in *Scott* on or before the date(s) identified in Exhibit A. It is not sufficient for a Party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

11. <u>Final Exhibit Lists</u>:  The Parties shall file and serve their final exhibit lists in *Scott* on or before the date(s) identified in Exhibit A.

12. <u>Jury Instructions and Verdict Forms</u>:  The Parties shall file and serve their proposed jury instructions and verdict forms in *Scott* on or below the date(s) identified in Exhibit A.

13. <u>Stipulations of Fact, Trial Briefs, and Notice to Court of Use of Evidence Presentation Equipment</u>:  The Parties shall file their stipulations of fact, file and serve their trial briefs, and submit their Notice to Court of use of Evidence Presentation Equipment, in *Scott* on or before the date(s) identified in Exhibit A.

14. <u>Final Pretrial Conference</u>:  A final pretrial conference in *Scott* will be set by a separate order.

15. <u>Trial Dates</u>:  Trial is scheduled to begin on December 4, 2023 at 9:00 a.m. The Court has allotted 10 days for trial.

16. <u>Additional Deadlines</u>:  Any additional deadlines not specifically referenced above for *Scott* are set forth in Exhibit A.

SO ORDERED this 1st day of May 2023.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record

3