**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Argued September 14, 2022
Decided April 10, 2023

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

CERTIFIED COPY
A True Copy
Teste:
_____
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

No. 21-3300

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>APPEAL OF: PATTI ALFIERI | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division.<br><br>No. 1:17-cv-03517-RLY-TAB<br><br>Richard L. Young, *Judge*<br><br>Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division.<br><br>No. 1:14-ml-12570-RLY-TAB<br>Richard L. Young, *Judge* |

**O R D E R**

This appeal involves a claim by the plaintiff Patti Alfieri, as a part of multidistrict litigation, against the defendants Cook Incorporated, Cook Medical LLC, and William

No. 21-3300 Page 2

Cook Europe ApS (collectively "Cook"), alleging injury resulting from an inferior vena cava filter ("IVC filter") manufactured by Cook. The case was one of numerous actions against Cook under diversity jurisdiction that were consolidated in multidistrict litigation in the Southern District of Indiana. Alfieri now appeals the district court's grant of summary judgment in favor of Cook based on the statute of limitations.

Alfieri was implanted with an IVC filter, used to prevent pulmonary embolism, on January 16, 2007. On September 23, 2015, Alfieri arrived at the hospital complaining of severe back pain and expressing concern that her filter "is breaking and going to her lungs." An x-ray the following day revealed that one of the legs of the IVC filter appeared to be fractured and inferiorly displaced. The broken IVC filter appeared to be stable, and Alfieri was instructed to follow up with her primary care physician or a cardiovascular surgeon. On April 5, 2016, Alfieri underwent surgery to remove the fractured IVC filter, but following that surgery she experienced an incisional hernia.

On October 2, 2017, Alfieri filed this action in the district court alleging that she was injured by the IVC filter. The parties agree that Nevada law controls in this case. The defendants brought a motion for summary judgment below arguing that the 2-year statute of limitations applied to her claims, and that she failed to file the action within 2 years.

In response to that motion, Alfieri first stated that she "concedes that the filter fracture occurred outside of the 2-year limitations period provided in Nev. Rev. Stat. Ann. § 11.190(4)(e)" (the section regarding actions for personal injury). She then argued that the statute of limitations did not bar "subsequent new injuries," and that the incisional hernia following the surgery was a distinct new injury. She never argued in the district court that no injury occurred at the time of the filter fracture. In fact, her argument assumed a filter fracture injury, contending that the hernia was a distinct injury separate from that earlier injury. See Plaintiff's Response to Cook's Motion for Summary Judgment at 3, App. 13 ("Further, it cannot be said, and the Cook Defendants do not argue, that the hernia is merely a progression *of the initial injury sustained by the filter fracturing,*" and "Where, as here, there is *a separate medically distinct injury apart from the fractured filter*, it is a question … .") (emphasis added).

On appeal, Alfieri has abandoned the arguments made below. She no longer argues there was a second injury. Instead, she asserts that there is no evidence that she was injured at all when she learned that one of the legs of the filter appeared to be fractured, and therefore the limitations period did not begin to run at that time. That is

No. 21-3300                                                                                     Page 3

inconsistent with the allegations in her complaint that she experienced back pain which she attributed to the filter, causing her to seek help at the hospital and ultimately to undergo surgery to address the fractured filter, and with her argument in the district court which acknowledged a filter fracture injury. She argues that the defendants refuse to admit a causal connection between her back pain and the filter fracture, but that is irrelevant. The question before us is whether Alfieri alleged that the filter fracture caused an injury, not whether the defendants conceded the existence of such an injury. Alfieri's representations in the court below defeat her argument on appeal that no injury was alleged at the time of the filter fracture.

Alfieri's alternative argument on appeal is that we should interpret Nevada as applying its 4-year "catch-all" limitations period to her product liability action, not the 2-year period that the district court applied. She concedes that the Nevada Supreme Court has not applied a 4-year limitations period to such a claim but argues that we should interpret Nevada law as supporting such an application. Alfieri never advocated for a 4-year limitations period in the district court. In fact, in the briefs in this appeal, Alfieri notes that the defendants asserted in the district court that Nevada applies a 2-year limitations period to product liability actions and that "Plaintiff agreed that the case was controlled by Nevada law and did not take any position on the duration of the statute of limitations for products liability cases." Appellant's Brief at 4, n.2. Because Alfieri deliberately chose not to contest the applicability of the 2-year limitations period below although presented with that opportunity, she has waived the argument. See *Henry v. Hulett*, 969 F.3d 769, 785–86 (7th Cir. 2020) (en banc). In fact, even if characterized as a forfeiture rather than waiver of the argument, Alfieri has failed to allege the type of exceptional circumstances that would support plain error review in a civil case. *Id*. at 786.

The decision of the district court is AFFIRMED.

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**FINAL JUDGMENT**

**CERTIFIED COPY**
A True Copy
Teste:

_____
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

April 10, 2023

Before
FRANK H. EASTERBROOK, *Circuit Judge*
ILANA DIAMOND ROVNER, *Circuit Judge*
AMY J. ST. EVE, *Circuit Judge*

| No. 21-3300 | IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>APPEAL OF: PATTI ALFIERI |
|---|---|
| **Originating Case Information:** ||
| District Court No: 1:17-cv-03517-RLY-TAB<br>Southern District of Indiana, Indianapolis Division<br>District Judge Richard L. Young ||
| **Originating Case Information:** ||
| District Court No: 1:14-ml-02570-RLY-TAB<br>Southern District of Indiana, Indianapolis Division<br>District Judge Richard L. Young ||

The decision of the district court is AFFIRMED, with costs, in accordance with the decision of this court entered on this date.

*[signature: Christopher Conway]*

Clerk of Court

form name: **c7_FinalJudgment**   (form ID: **132**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

May 2, 2023

To:  Roger A. G. Sharpe
     UNITED STATES DISTRICT COURT
     Southern District of Indiana
     United States Courthouse
     Indianapolis, IN 46204-0000

| No. 21-3300 | IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>APPEAL OF: PATTI ALFIERI |
|---|---|
| **Originating Case Information:** ||
| District Court No: 1:17-cv-03517-RLY-TAB<br>Southern District of Indiana, Indianapolis Division<br>District Judge Richard L. Young ||
| **Originating Case Information:** ||
| District Court No: 1:14-ml-02570-RLY-TAB<br>Southern District of Indiana, Indianapolis Division<br>District Judge Richard L. Young ||

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:                        No record to be returned

form name: **c7_Mandate**   (form ID: **135**)