UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

**This Document Relates Only to the Following Case:**

**Case: Carpenter, Jr., Thomas, 1:17-cv-01490-RLY-TAB**

**PLAINTIFF THOMAS CARPENTER, JR'S MOTION PURSUANT TO FRCP RULE 59(e) TO ALTER OR AMEND JUDGMENT IN FAVOR OF DEFENDANTS**

Plaintiff Thomas Carpenter, Jr. brings this motion pursuant to Federal Rules of Civil Procedure Rule 59(e) to alter or amend the Court's Final Judgment in favor of the Cook Defendants filed April 21, 2023 (Docket 23961) arising from this Court's decision, also filed April 21, 2023, granting the Cook Defendants' motion for judgment, pursuant to CMO-28 (Docket 23960).

The reason for this Rule 59(e) motion is because the Cook Defendants' motion for judgment was solely based on Indiana law governing the statute of limitations on each cause of action including breach of implied warranty. Plaintiff Carpenter's opposition was also solely based on Indiana law governing the statute of limitation due to this Court's rulings in connection with choice-of-law for direct filed cases prior to the *Looper* decision. A Rule 59(e) motion is to be filed no later than 28 days after the entry of the judgment, so this motion is timely. *See,* FRCP Rule 59(e).

Rule 59(e) motions are used for reconsideration of matters properly encompassed within the decision to which it is addressed. *White v. N.H. Dept. of Employment Sec.*, 455 U.S. 445, 451 (1982). The subject for this Rule 59(e) motion is not collateral to the judgment entered by this Court, but directly addresses the statute of limitations issue which was the subject of the Cook Defendants' motion and the judgment granted. *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989).

In *Scott v. Lackey*, 2004 U.S. Dist. LEXIS 35356 (M.D. Pa. 2007), the Court construed the motion therein to be one for reconsideration under Rule 59(e) and reiterated that; "a judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment or (3) the need to correct a clear error of law or fact to prevent manifest injustice". *Id* at *5, Accord, *Russell v. Delco Remy*, 51 F.3d 746, 749 (7th Cir. 1995).

Clearly, as set forth herein, there was an intervening change in the law affecting this case after the motion was fully submitted once *Looper v. Cook Inc.*, 20 F.4th 387, 394 (7th Cir. 2021) was decided and correction is required to prevent "manifest injustice" to Plaintiff.

Plaintiff's Short Form Complaint was direct-filed into this MDL in the Southern District of Indiana on May 8, 2017 (see Exhibit A attached to this motion). At the time the motion was filed and opposed, the choice -of- law rules held to apply by this Court (per Docket 13539) was that Indiana choice-of-law rules applied to claims direct -filed into this MDL in the Southern District of Indiana. Under this ruling only cases filed between May 31, 2017 and June 13, 2019 would use originating state choice-of-law rules which would be New York in this case. Thus, at

the time this motion was brought and opposed, only Indiana law would be applied to determine the applicable statute of limitations for each cause of action for this particular case.

The Cook Defendants filed their motion for judgment pursuant to CMO-28 on September 24, 2021 (Docket 20006, Ex. B). Plaintiff's opposition to this motion was filed on October 8, 2021 (Docket 20081, Ex. C).

Subsequently, the 7th Circuit's decision in *Looper v. Cook Inc.*, 20 F.4th 387, 394 (7th Cir. 2021) was decided on December 16, 2021, which held that originating state choice-of-law rules applied to direct-filed cases such as Plaintiff's herein. Since Plaintiff designated the Northern District of New York as his home or originating state in his filed Short Form Complaint, New York law governing statute of limitations applies post *Looper*. The *Looper* decision was not decided and was not available to either party at the time this motion was filed or opposed.

As this Court can see from a reading of the Cook Defendants' motion for judgment (Ex. B), their only arguments pertain to *Indiana's* two (2) year statute of limitations including for the breach of implied warranty cause of action (see Ex. B, p.4). Consistent with this Court's rulings in Docket 13539, as Plaintiff's complaint was filed outside the exception window, Plaintiff opposed this motion only on the applicability of Indiana choice-of-law rules.

In granting Judgment to Defendants, this Court held that both New York's three (3) year statute of limitations and Indiana's two (2) year statute of limitations were not satisfied. However, Plaintiffs were unable to argue that New York's four (4) year breach of implied warranty statute of limitations applied in their opposition papers due to this Court's previous ruling that Indiana law would apply to a direct -filed case such as Mr. Carpenter's (filed on May

3

8, 2017, outside the exception window). In his complaint, Plaintiff alleged, *inter alia*, breach of implied breach of warranty as a cause of action. See Ex. A, p.3, para. 14.

Had the *Looper* decision been decided prior to the plaintiff's opposition to the Cook Defendants' motion, Plaintiff would have argued New York choice-of-law applied for the breach of implied warranty statute of limitations, which is four (4) years in New York.

In *Heller v. U.S. Suzuki Motor Corp.*, New York's highest court confirmed that in New York, a cause of action for breach of implied warranty must be brought within four (4) years of the date the party charged tenders delivery of the product and that there is no privity for personal injury actions for implied warranty. 64 NY2d 407 at 411 (1985).

In this case, the Cook Celect IVC filter implanted into Mr. Carpenter bears lot no. E3098959. See copy of IVC implant product sticker attached as Ex. D. The Cook Defendants' Defense Profile Form (DPF) is attached as Ex. E and includes an excerpt of the DPF exhibit A which lists Cook IVC filters sold and delivered by defendants to Albany Medical Center Hospital by lot number and by month and date delivered. See Ex. E, DPF with excerpt of ex. A listing this IVC filter lot number (highlighted). Defendant's Profile Form shows Mr. Carpenter's Celect IVC filter was sold and delivered to Albany Medical Center Hospital during August 2013. This is consistent with the implantation of this filter into Mr. Carpenter at Albany Medical Center on August 29, 2013. See Ex. B, Cook Defendants' motion, p. 2 and Ex. D, IVC implant product ID with implant date.

The earliest date this Celect IVC filter was delivered to Albany Medical Center was August 1, 2013 according to Defendant's Profile Form. Plaintiff's Short Form Complaint was direct-filed into this MDL on 5/08/2017 as per Ex. A  As a result, Mr. Carpenter's breach of

implied warranty cause of action in his initial filed complaint against the Cook Defendants was filed *within* four (4) years of delivery of this IVC filter to the hospital. Under New York's four (4) year statute of limitations for breach of implied warranty measured from delivery of the device by Cook, this cause of action was timely filed under New York law.

    As the Court can see from a reading of both Cook Defendants' motion for judgment and Plaintiff's opposition papers, there was <u>no</u> discussion of New York statute of limitations at all since under the Court's former decision, and prior to the *Looper* decision, discussion of New York law would not have been relevant.

    This Court was not able to consider Plaintiff's New York breach of implied warranty four (4) year statute of limitations when it decided the motion because there was no basis to argue it in opposition prior to *Looper,* which created an intervening change in the applicable law of this MDL.

    For all of the above reasons, given the unusual posture of the applicable law to be argued and applied at the time this motion was brought and opposed prior to the 7th Circuit's *Looper* decision, which dramatically changed the choice-of-law analysis for cases such as Plaintiff's case, it is appropriate for this Court pursuant to FRCP Rule 59(e) to alter or amend the current judgment to allow Plaintiff's complaint for the cause of action for breach of implied warranty to continue and that the Cook Defendants' motion for judgment be denied in all respects as to the breach of implied warranty cause of action. This will avoid a manifest injustice to Plaintiff due to the change in the law created by the *Looper* decision.

    WHEREFORE, it is respectfully requested that this Court amend its Entry and Final Judgment (Docket nos. 23960 and 23961) to allow Plaintiff's complaint alleging the cause of

action for breach of implied warranty to survive and deny that portion of the Cook Defendants' motion for judgment as to that cause of action.

Dated: May 8, 2023

        Respectfully submitted,

        */s/  Rosemarie Riddell Bogdan*
        Rosemarie Riddell Bogdan
        Ronald B. Orlando
        NDNYBar Roll No. 506409
        NYS Bar Roll Number: 380552
        Harding Mazzotti, LLP
        P.O. Box 15141
        Albany, New York 12212-5141
        Tel.: (518) 862-1200
        Fax.: (518) 389-6679
        Email: rrbivccook@1800law1010.com
                ronald.orlando@1800law1010.com

*Attorneys for Plaintiff, Thomas Carpenter, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2023, I electronically filed the foregoing document and exhibits with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Rosemarie Riddell Bogdan*

Rosemarie Riddell Bogdan