UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Carpenter, Thomas, 1:17-cv-01490-WTL-DML

**DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF THOMAS CARPENTER'S CASE PURSUANT TO CMO-28**

Under Fed. R. Civ. P. 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges a failed retrieval attempt of an embedded filter as his injury.

1. <u>Plaintiff's Name</u>: Thomas Carpenter, Jr.

2. <u>Case Number</u>: 1:14-cv-01490-WTL-DML

3. <u>Case Origin</u>: Filed in the Southern District of Indiana on May 8, 2017

4. <u>Plaintiff's Home State per Complaint</u>: New York (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. <u>Applicable Choice of Law Rules</u>: Indiana, *see* Dkt. 13539 (finding Indiana choice-of-law rules apply to all claims in the MDL originally filed in the Southern District of Indiana, except those filed between May 31, 2017 and June 13, 2019).

6. <u>Applicable Statute of Limitations</u>: Indiana (2 years), Ind. Code 34-20-3-1(b)(1) ("[A] product liability action must be commenced: (1) within two (2) years after the cause of action accrues").

7. <u>Filter Placement Date</u>: August 29, 2013

8. <u>Latest Possible Date of Accrual</u>: November 18, 2013 (*see* Case Categorization Form and accompanying medical records attached as **Exhibit A** and filed under seal noting: "Unable to remove IVC filter" on November 18, 2013. Also notes successful "Removal of the Celect inferior vena cava filter" on December 16, 2013).[1]

9. <u>Length of Time Between Claim Accrual and Filing</u>: 3 years, 5 months, 20 days

**BRIEF ARGUMENT**

Indiana law bars Plaintiff's personal injury claims because he did not file his case until more than two years after the initial failed retrieval of his IVC filter.[2] *See supra*, ¶¶ 3, 8-9.

---

[1] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion. *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").

[2] Plaintiff's claims are also barred under the three-year statute of limitations in New York, Plaintiff's home state. *See N.Y.* C.P.L.R. § 214(5) (providing a three-year statute of limitation for "an action to recover

Indiana's discovery rule "looks only to when a plaintiff knew that he or she suffered an ascertainable injury, and knew or should have discovered that the injury was caused by the product or act of another." *Valmore v. Janssen Pharm. Prods., LP*, 2005 WL 8165915, at *3 (S.D. Ind. Sept. 21, 2005). A plaintiff only needs to know—or reasonably should know—that a product is a potential cause of the injury to trigger the statute of limitations, not that the product is the ultimate legal cause of the injury. *See id.* at *2 ("A plaintiff . . . need not know with certainty that a particular product caused her injury to trigger the running of the statutory time period.").

This Court dismissed the *Heintzman* case under Indiana law where the plaintiff underwent a failed retrieval attempt more than two years before commencing the action, finding that the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him, and that he should inquire into his rights." Dkt. 18391 (citing *In re Mirena IUD Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 352 (S.D.N.Y. 2014)); *see also* Dkt. 19303 (dismissing Plaintiff Bush's product liability claims as time-barred under Indiana law where she commenced her action more than two years after a failed filter retrieval).[3] Here, as in *Heintzman* and *Bush*, the failed retrieval procedure itself provided sufficient information to start the limitations period as a matter of law. Plaintiff knew or should have known of his alleged injury (a failed retrieval due to embedment) and its causal link to the

---

damages for a personal injury" subject to certain exceptions); *see also Baker v. Stryker*, 770 Fed.Appx. 12, 14 (2d Cir. 2019) (holding plaintiff's personal injury claims were time-barred in a medical device case and finding the statute of limitations "runs from the date of the *injury resulting from the malfunction*.") (emphasis in original); *Haynes v. Williams*, 79 N.Y.S.3d 365, 367 (App. Div. 3d Dep't 2018) (quoting *Matter of N.Y. Cnty. DES Litig.*, 89 N.Y.2d 506 (N.Y. 1997) (holding that the "discovery of the injury" means discovery of the physical condition and not the discovery of both the condition and the cause of that condition).

[3] Plaintiff's filter was subsequently removed on December 16, 2013. *See* Exhibit A. The Court has ruled in this MDL that Indiana bars claims where the filter was removed more than two years before commencement of the action. *See* Dkt. 14428 (granting summary judgment in six time-barred open removal cases); *see also In re Mirena (Truitt)*, 29 F. Supp. 3d at 352 (holding under Indiana law that the claim accrued upon removal of the device or earlier).

filter at the time of his failed retrieval on November 18, 2013, more than two years before he commenced this action on May 8, 2017.[4]

Plaintiff's implied warranty claim fails on the same ground. Indiana law subjects warranty claims to the respective two-year statute of limitations discussed above. *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991).

As to Plaintiff's consumer protection and express warranty claims, the Court has concluded that these claims are not adequately pled in the Master Complaint, and Plaintiff's Short-Form Complaint does not add any substantive facts to save them here.[5] *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Thus, Plaintiff has failed to plead a viable state consumer protection claim with the particularity required by Rule 9 or a viable express warranty claim. Plaintiff's claim for punitive damages fails as derivative.[6]

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

[4] To the extent Plaintiff may claim other complications or injuries, the statute of limitations bars those claims as well because they do not constitute new or separate claims under Indiana law. On the contrary, "it is not necessary that the full extent of the damage be known or even ascertainable but only that some ascertainable damage has occurred." *Monsanto v. Miller*, 455 N.E.2d 392, 394 (Ind. Ct. App. 1983).

[5] Moreover, consumer protection claims are subject to a three-year statute of limitations with no discovery rule under New York law, Plaintiff's home state. *See Corsello v. Verizon N.Y. Inc.*, 18 N.Y.3d 777, 789 (N.Y. 2012); *See also Gaidon v. Guardian Life Ins. Co. of Am.*, 750 N.E.2d 1078, 1083 (N.Y. 2001).

[6] New York law does not recognize claims for punitive damages as an independent cause of action. *See Jean v. Chinitz*, 163 A.D.3d 497, 498 (App. Div. 1st Dep't 2018) ("A separate cause of action for punitive damages is not legally cognizable.")

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  September 24, 2021 | /s/ *Jessica Benson Cox*<br>Jessica Benson Cox<br>Andrea Roberts Pierson<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>300 North Meridian Street, Suite 2500<br>Indianapolis, Indiana  46204<br>Telephone:  (317) 237-0300<br>Andrea.Pierson@FaegreDrinker.com<br>Jessica.Cox@FaegreDrinker.com<br><br>James Stephen Bennett<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>110 West Berry Street, Suite 2400<br>Fort Wayne, Indiana  46802<br>Telephone:  (260) 424-8000<br>Stephen.Bennett@FaegreDrinker.com<br><br>*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2021, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF THOMAS CARPENTER, JR.'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*

- 5 -