UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

**This Document Relates Only to the Following Case:**

**Case: Carpenter, Jr., Thomas, 1:17-cv-01490-RLY-TAB**

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR JUDGMENT IN PLAINTIFF'S CASE
PURSUANT TO CMO-28

Plaintiff, Thomas Carpenter, Jr., by and through his attorneys, respond in opposition to Cook Defendants' Motion for Judgment Pursuant to CMO-28 to dismiss all of plaintiff's claims in this action.

Pursuant to this Court's rulings, given that plaintiff Carpenter direct filed his complaint into this MDL Court on May 8, 2017, the Court's decision and order set forth in Dkt. 13539 means that it was filed outside the window of May 31, 2017 through June 13, 2019. Accordingly, under this ruling, the Court has determined that the applicable statute of limitations would be under Indiana law.

Ind. Code 34-20-3-1(b)(1) provides in pertinent part as follows:

"*(b) Except as provided in section 2[IC 34-20-3-2] of this chapter, a product liability action must be commenced:*

*(1) within two (2) years after the cause of action accrues; or*

*(2) within ten (10) years after the delivery of the product to the initial user or consumer.*

Notably, no depositions of the plaintiff or his doctors have been taken and the facts have not been sufficiently developed to allow this Court to determine there are no material questions of fact as to what Mr. Carpenter knew, was told by his doctors, or understood relative to the efforts to remove his Cook IVC filter. In *this* case, the medical records are not definitive on this issue.

Defendant's motion Exhibit A contains the basic medical records for plaintiffs' IVC removal treatment. Plaintiff was implanted with a Cook Celect IVC filter on 8/29/2013.

The Court is directed to the venogram dated 11-18-2013 which states, *"The hook of the catheter was up against the wall of the inferior vena cava, making it quite difficult to snare the hook."* In this same report under Impression: it is stated, *"Unable to remove the inferior vena cava filter. A small hole was* **made** *within the inferior vena cava junction with the right renal vein with extravasation of contrast.* **For this reason***, the retrieval was aborted."*

Even if it is assumed that Mr. Carpenter read this actual report when it was completed, which is not established in this record, the venogram clearly indicates that a hole was made in the inferior vena cava *during* the attempted removal by the radiologist. There is nothing in this report to indicate that the IVC filter itself had failed *to a lay person* reviewing the report, only that a hole was created *by the doctor* during the attempt which required the procedure be terminated.

This is insufficient evidence to place Mr. Carpenter on notice that his IVC filter was defectively designed at that time and caused an injury and creates a material question of fact precluding dismissal.

Similarly, defendants' Exhibit A contains the removal procedure on 12-16-2013. There is nothing in this report to inform the plaintiff, a lay person, that the IVC filter was defective or

injurious as has been alleged in this action and MDL. This removal report does state that the IVC filter was tilted but *defendants* have argued all along in this litigation that a tilted filter is not a defect causing injury, which is disputed by plaintiff.

In the absence of a deposition with sworn testimony demonstrating what plaintiff knew or was told, a motion to dismiss on the pleadings in this case fails due to a material question of fact.

Mr. Carpenter did not learn or understand that the Cook IVC filters were defective in part due to their failure to withstand normal anatomic and physiological loading *in vivo*, as alleged in the master complaint, incorporated herein (Dkt. 213) until he read public information about IVC filter problems in 2017. His complaint was direct filed on 5/8/2017, well within the 2-year discovery rule.

By application of Indiana's discovery rule cited above, a cause of action does not accrue until plaintiff knew or should have discovered he suffered an injury *caused by the product.* In the first attempted removal, the venogram indicates *the doctor's procedure* created the hole in the inferior vena cava during the removal process which caused the procedure to be ended.

 The subsequent removal record on 12/16/2013 says nothing about an injurious product defect to a lay person not familiar with "normal anatomical and physiological loading *in vivo*" and cannot form a basis of knowledge to Mr. Carpenter that the device caused an injury due to its defective design.

Also, the first "attempt" was actually just a "venogram" as stated on the 11/18/2013 record and was not identified as a removal attempt. By contrast, the removal procedure record on 12/16/2013 is entitled "IVC Filter (Removal)."

There is nothing in this record establishing that plaintiff was on notice, or should have been on notice, via his doctors or the attached medical records that his IVC filter had injuriously failed in some fashion.

In <u>Hall v. Ethicon</u>, 2020 US Dist. LEXIS 217836 (USDC, ND of Ind., 2020), the Court analyzed Indiana's discovery statute of limitations in a medical device product defect case and found as follows:

"*When actions accrue is often a question of fact. The pertinent question is whether the <u>plaintiff</u> experienced symptoms that would <u>cause</u> a person of reasonable diligence to take <u>action that</u> would lead to the discovery of his <u>cause of action</u>. (citations omitted) Once a <u>plaintiff's</u> doctor expressly informs the <u>plaintiff that</u> there is a reasonable possibility, if not a probability, <u>that</u> an <u>injury</u> was <u>caused</u> by an act or <u>product</u>, then the <u>statute of limitations</u> <u>begins to run</u> and the issue may become a matter of law. But a <u>plaintiff's</u> mere suspicion or speculation that the <u>product caused</u> the injuries is insufficient to trigger the <u>statute.</u>,* (emphasis within actual quote) *Citing,* <u>Evenson v. Osmose Wood</u>, 899 F. 2d at 705, (7th Cir., 1990). *See,* <u>Hall v. Ethicon</u>, 2020 US Dist., LEXIS 217836 at \*11.

The proof in this record is devoid of any facts showing Mr. Carpenter's doctors informed him the IVC filter had failed and caused him injury. The attached medical records do not support a finding as a matter of law that plaintiff was on notice his filter had caused the need for the second procedure versus that a hole was created by the doctor during the first attempt. There is certainly nothing in this factual record establishing the plaintiff only learned that his IVC filter may have been defective in 2017 by reading about the problems in these filters and then contacted counsel. This would have to be developed at a deposition of the plaintiff. That is why Indiana's 2-year discovery rule preserves plaintiff's case and cannot be dismissed.

Therefore, there are material questions of fact precluding dismissal of plaintiff's complaint pursuant to CMO-28 and the Cook Defendants' motion should be denied in all respects.

Dated: October 8, 2021

                                              Respectfully submitted,

                                              _/s/ Ronald B. Orlando_
                                              Ronald B. Orlando
                                              Bar Roll No. 102308, NDNY
                                              Martin, Harding & Mazzotti, LLP
                                              PO Box 15141
                                              Albany, New York 12212-5141
                                              Tel.: (518) 862-1200
                                              Fax.: (518) 389-6679
                                              Email: ronald.orlando@1800law1010.com

                                              *Attorneys for Plaintiff, Thomas Carpenter, Jr.*

# CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Ronald B. Orlando*

Ronald B. Orlando