UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

_____

This Document Relates to the Following Cases:

Jessica Gehner, 1:16-cv-01166
_____

**ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiff Jessica Gehner's case on grounds that her product liability and implied warranty claims are time-barred, her express warranty and consumer protection claims fail to state a claim, and her punitive damages claim fails as derivative.

**I.  Background**

On October 16, 2007, Plaintiff was implanted with the Cook Günther Tulip Vena Cava Filter at the Bethesda TriHealth Good Samaritan Hospital in Cincinnati, Ohio. (Filing No. 17605-1, Plaintiff Aff., ¶ 4).  Plaintiff later developed abdominal pain.  (*Id.*, ¶ 6).  A March 2013 CT scan indicated the filter had perforated her vena cava and was compressing her small bowel.  (*Id.*).  Her physicians thought the filter was causing her

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

abdominal pain and recommended that she have the filter removed. (*Id.*).

On April 2, 2013, the filter was successfully retrieved at the Cleveland Clinic Hospital in Cleveland, Ohio. (*Id.*, ¶ 7; Filing No. 16202, Medical Record). But a small extravascular fragment, located in the paraspinal muscles, was left behind. (Plaintiff Aff., ¶ 7; Medical Record). Plaintiff's physicians "indicated that [her] complications with the filter were the result of bad luck of suffering a rare side effect." (Plaintiff Aff., ¶ 9).

She filed her Complaint in the Southern District of Indiana on May 2, 2016, alleging claims for products liability, negligence, breach of warranty, and consumer fraud. (Cause No. 1:16-cv-01166, Short Form Compl. ¶ 14). She also seeks punitive damages. (*Id.*).

**II.    Discussion**

Under Ohio law, product liability claims alleging personal injury are governed by a two-year statute of limitations. Ohio Code § 2305.10(A). According to the Cook Defendants, Plaintiff filed her claim over one year too late. Plaintiff responds that her claim is saved by the Ohio discovery rule because "she did not have any reason to suspect that [her] injuries were caused by a defective product" until her mother told her about a "television commercial discussing the unreasonably dangerous and defective nature of IVC filters" in 2016. (Plaintiff Aff., ¶ 10).

Ohio's discovery rule provides that a cause of action does not accrue until a plaintiff either knows or reasonably should have known that (1) she was injured and (2) that her injury was proximately caused by defendant's conduct. *O'Stricker v. Jim Walter Corp.*, 447 N.E.2d 727, 732 (Ohio 1983); *see also Braxton v. Peerless Premier*

2

*Appliances Co.*, No. 81855, 2003 WL 21291061, at *2 (Ohio Ct. App. June 5, 2003) ("The discovery rule concerns the situation where an injury is incurred but not discovered until later."). In addition, an Ohio plaintiff "must be 'alerted' to the fact that an implanted medical device is defective." *Dunn v. Ethicon, Inc.*, 167 F. App'x 539, 541 (6th Cir. 2006) (quoting *Griffin v. Am. Med. Sys.*, No. 95-4316, 1997 WL 6131, at *2 (6th Cir. Jan. 7, 1997) (holding that the statute of limitations for a defective prosthesis begins to run as of the day it needed to be removed)).

Here, Plaintiff's physicians told her the abdominal pain she had been experiencing was likely caused by her filter. Based on her physicians' recommendation, she went to the Cleveland Clinic on April 2, 2013, to have the filter removed. A small extravascular segment of a filter leg was left behind. Plaintiff was therefore alerted to the fact that she was injured from the filter. She did not file suit until more than three years later. Her product liability claims[2] are therefore time-barred.

The Cook Defendants next challenge the sufficiency of Plaintiff's breach of express warranty and consumer protection claims. Plaintiff responds that such arguments are beyond the scope of a CMO-28 motion, which addresses only the timeliness of claims.

While the purpose of CMO-28 is to identify and dismiss time-barred cases, allowing inadequately pled claims to survive does not serve judicial efficiency. Here, the

---

[2] Under Ohio law, implied warranty claims in cases involving personal injury are subject to the product liability statute of limitations discussed above. *Gordon v. B. Braun Med., Inc.*, No. 1:19-cv-121, 2020 WL 1491378, at *5 (S.D. Ohio March 27, 2020); *Luthman v. Minster Supply Co.*, No. 2-06-43, 2008 WL 169999, at *7 (Ohio Ct. App. Jan. 22, 2008).

court has previously ruled that the express warranty and consumer protection allegations in the Master Complaint are not adequately pled.  (*See* Filing Nos. 4918 at 13-15 and 14809 at 10).  Therefore, the court **ORDERS** Plaintiff to **SHOW CAUSE** why her express warranty and consumer protection claims should not be dismissed by **June 16, 2023**.

### III.   Conclusion

For the reasons set forth above, the Cook Defendants' Motion for Judgment in Plaintiff Jennifer Gehner's Case Pursuant to CMO-28 (Filing No. 16201) is **GRANTED** with respect to her product liability and implied warranty claims.  Plaintiff is **ORDERED** to **SHOW CAUSE** why her express warranty and consumer protection claims should not be dismissed by **June 16, 2023**.  If Plaintiff fails to do so, the court will dismiss Plaintiff's case with prejudice and enter final judgment in favor of Cook.

**SO ORDERED** this 16th day of May 2023.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.