UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION  _____  This Document Relates to:  The Estate of Jacquelyn Hoskins and Paul Hoskins, 1:17-cv-03097  _____ | 1:14-ml-02570-RLY-TAB  MDL No. 2570 |

**ENTRY ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS UNDER CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings on grounds the Plaintiff's claims are barred by Ohio's statute of limitations. For the reasons explained below, Cook's motion is **GRANTED**.

**I.     Background**

Jacquelyn Hoskins was an Ohio resident who had a history of coronary artery disease, hypertension, chronic kidney disease, atrial fibrillation, and pulmonary embolism. (Filing No. 15864, Categorization Records at 5). On March 2, 2015, she was implanted with a Cook Celect Vena Cava Filter at Mercy Hospital Anderson in

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

1

Cincinnati, Ohio.  (Cause No. 1:17-cv-03097, Filing No. 1, Short Form Compl. ¶¶ 10-12).

She was hospitalized on August 13, 2015, with shortness of breath and low blood oxygen levels.  (Categorization Records at 5).  Her condition slowly declined, and her "family decided to withdraw care." (*Id.* at 6).  On September 1, 2015, she died of sepsis, pneumonia, and renal failure.  (*Id.* at 6-7).

Plaintiff, the Estate of Jacquelyn Hoskins, filed the present action against Cook on September 6, 2017, alleging claims for strict products liability, negligence, breach of warranty, consumer fraud, and wrongful death.  (Short Form Compl. ¶ 14).  Ms. Hoskins' husband, Paul, brings a loss of consortium claim.  (*Id.*).  The Estate also seeks punitive damages.  (*Id.*).

## II.  Discussion

Cook argues the Estate's wrongful death action is barred by the statute of limitations, and that the Estate's express warranty and consumer fraud claims fail to state a claim for relief.

### A.  Statute of Limitations

The statute of limitations for a wrongful death claim in Ohio is two years of the date of death.  Ohio Code § 2125.02(D)[2] (stating "a civil action for wrongful death shall be commenced within two years after the decedent's death").  In *Collins v. Sotka*, 692

---

[2] The court notes Ohio's wrongful death statute was revised and became effective on April 4, 2023.  For purposes of this motion, however, the court applies the wrongful death statute that was in effect at the time of Ms. Hoskins' death.

N.E.2d 581 (Ohio 1998), the Ohio Supreme Court held that the discovery rule applies to wrongful death claims. *Id.* at 511. The *Collins* Court then explained that "[i]n a wrongful death action that stems from a murder, the statute of limitations begins to run when the victim's survivors discover, or through the exercise of reasonable diligence should have discovered, that the defendant has been convicted and sentenced for the murder." *Id.* at 511. The wrongful death claim here does not arise from murder; it arises from allegations of personal injury from a defective medical device. Therefore, the court applies the same discovery analysis applicable to personal injury claims.

Ohio's discovery rule in product liability cases provides that a cause of action does not accrue until a plaintiff either knows or reasonably should have known that (1) she was injured and (2) that her injury was proximately caused by the defendant's conduct. *O'Stricker v. Jim Walter Corp.*, 447 N.E.2d 727, 730 (Ohio 1983). The discovery rule only applies when an injury does not manifest itself immediately. *Baxley v. Harley-Davidson Motor Co., Inc.*, 875 N.E.2d 989, 997 (Ohio Ct. App. 2007) (noting the discovery rule applies in cases of latent injury, not in cases of possible latent defects); *Braxton v. Peerless Premier Appliances Co.*, No. 81855, 2003 WL 21291061, at *2 (Ohio Ct. App. June 5, 2003) (holding the discovery rule did not apply because plaintiff's "injury manifested itself immediately").

Here, the Estate alleges a Category 7 injury; namely, "bleeding and sepsis leading to death." (Categorization Records at 10). As noted in Ms. Hoskins' death certificate and related medical records submitted with her categorization, it was immediately known that Ms. Hoskins died from multiple medical conditions, including sepsis. (*See id.* at 2-7).

3

Her medical records specifically note she had an IVC filter in place and was off anticoagulants "in view of retroperitoneal bleed." (*Id.* at 6). Cook's identity as the manufacturer of Ms. Hoskins' filter could have been ascertained through further inquiry. Accordingly, the court finds the Estate's wrongful death claim accrued on Ms. Hoskins' date of death, September 1, 2015. Because the Estate did not file suit until more than two years after Ms. Hoskins' date of death, its wrongful death claim is barred by Ohio Code § 2125.02(D). And as the Estate's product liability claims[3] are subject to a two-year statute of limitations, Ohio Code § 2305.10(A), the Estate's product liability claims based on Ms. Hoskins' injuries—"bleeding and sepsis"—are also time-barred.

> B. **Failure to State a Claim**

Cook also argues the Estate's express warranty and consumer protection claims, which are based solely on the allegations in the Master Complaint, fail to state plausible claims for relief. The Estate responds in a footnote that attacks on the sufficiency of the pleadings are inappropriate for a motion under CMO-28.

While the purpose of CMO-28 is to identify and dismiss time-barred cases, allowing inadequately pled claims to survive does not serve judicial efficiency. Here, the court has previously ruled that the express warranty and consumer protection allegations in the Master Complaint are not adequately pled. (*See* Filing Nos. 4918 at 13-15 and 14809 at 10). Therefore, the court **ORDERS** the Estate to **SHOW CAUSE** why its

---

[3] Under Ohio law, implied warranty claims in cases involving personal injury are subject to the product liability statute of limitations discussed above. *Gordon v. B. Braun Med., Inc.*, No. 1:19-cv-121, 2020 WL 1491378, at *5 (S.D. Ohio March 27, 2020); *Luthman v. Minster Supply Co.*, No. 2-06-43, 2008 WL 169999, at *7 (Ohio Ct. App. Jan. 22, 2008).

4

express warranty and consumer protection claims should not be dismissed by **June 16, 2023**.

### III.    Conclusion

The Cook Defendants' Motion for Judgment (Filing No. 15863) is **GRANTED** on Plaintiff's wrongful death, product liability, and breach of implied warranty claims. The Estate is **ORDERED TO SHOW CAUSE** why its express warranty and consumer protection claims should not be dismissed on or before **June 16, 2023**. If the Estate fails to do so, the court will dismiss this case with prejudice and enter final judgment in favor of Cook.

**SO ORDERED** this 16th day of May 2023.

                                                                                            _____
                                                                                            RICHARD L. YOUNG, JUDGE
                                                                                            United States District Court
                                                                                            Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.