UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION  _____  This Document Relates to:  James and Darina Buell, 1:17-cv-00516 _____ | 1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ENTRY ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFFS' CASE PURSUANT TO CMO-28**

The Cook Defendants[1] (or "Cook") develop, manufacture, sell, and distribute vena cava filters, including the Cook Günther Tulip Vena Cava Filter. Over eight years after Plaintiff James Buell was implanted with the Tulip filter, he and his wife, Plaintiff Darina Buell, filed suit against the Cook Defendants, alleging claims for strict products liability, negligence, negligence per se, breach of express and implied warranty, consumer fraud, loss of consortium, and punitive damages. Pursuant to Case Management Order 28, Screening for Time-Barred Cases, the Cook Defendants now move for judgment on the pleadings on grounds that Mr. Buell's personal injury claims are time-barred, his implied

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

1

warranty claim is time-barred, his express warranty and consumer fraud claims are not adequately pled, and because he has no other viable claims, his claim for punitive damages and Mrs. Buell's claim for loss of consortium must also be dismissed.

## I.     Background

Mr. Buell, a Texas resident, had a Tulip Vena Cava Filter implanted at Seton Medical Center Williamson in Round Rock, Texas, on November 22, 2008. (Filing No. 18 in 1:17-cv-00516, Am. Short Form Compl. ¶¶ 4-6, 10-12). Ten weeks later, on February 6, 2009, he went to the hospital for removal of the filter. (Filing No. 18302-1, Medical Record dated 2/6/09 at 1). The medical record documenting his procedure states, in relevant part:

> The IVC filter struts were incorporated into the IVC wall such that the filter could not be retrieved at ten weeks post-placement. This was discussed with the patient and his wife at the time of the examination. Conversion to a permanent filter should not result in significant increased risks to the patient.

(*Id.* at 2).

Plaintiffs filed the present action against the Cook Defendants on February 17, 2017. Mr. Buell's claimed injury is a failed retrieval. (Filing No. 18673, Case Categorization Form at 3).

## II.    Discussion

The court begins with Cook's argument that Plaintiff's personal injury claims are time-barred.

### A.    Personal Injury Claims

2

Under Texas law, Mr. Buell's personal injury claims must be brought "not later than two years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.003(a); *In re Mirena IUD Prods. Liab. Litig.*, 29 F. Supp. 3d 345, 351 (S.D.N.Y. 2014) (applying Texas law and explaining that § 16.003(a) applies to products liability and negligence claims). A cause of action generally accrues when a wrongful act causes an injury, regardless of when the plaintiff learned of such injury. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990). The discovery rule represents an exception to this general rule of accrual. *Id.* Texas's discovery rule for products liability cases provides that a cause of action accrues when the plaintiff discovers, or reasonably should have discovered, that the defendant's product harmed him. *In re Mirena IUD Prods. Liab. Litig.*, 29 F. Supp. 3d at 356 (citing *Coody v. A.H. Robins Co.*, 696 S.W.2d 154, 156 (Tex. Ct. App. 1985)).

Mr. Buell argues the discovery rule tolls the statute of limitations. According to Mr. Buell, neither he nor his physician were aware in February 2009 that leaving his filter in his body as a permanent filter "would actually result in significant increased risk of injury going forward." (Filing No. 18302, Pls.' Resp. at 3). He now knows, however, that an embedded permanent filter "does come with significant increased risks."[2] (*Id.*).

Mr. Buell was implanted with an IVC filter that was supposed to be retrievable. He underwent a procedure to have the filter removed, but he learned from his physician it

---

[2] Mr. Buell's argument appears to rest on the *risk* of future injury, which is not a compensable injury under Texas law. *See e.g.*, *Temple-Inland Prods. Corp. v. Carter*, 993 S.W.2d 88, 91 (Tex. 1999).

could not be removed. Mr. Buell reasonably should have known after the failed retrieval procedure on February 6, 2009, that something was amiss and that the filter did not work as anticipated. He did not file suit until February 17, 2017. Therefore, his personal injury claims for negligence, negligence per se, and products liability are time-barred.

Next, Mr. Buell argues the statute of limitations should be equitably tolled because Cook fraudulently concealed facts that are the basis of his claim. *See Mitchell Energy Corp. v. Bartlett*, 958 S.W.2d 430, 439 (Tex. Ct. App. 1997) ("Fraudulent concealment tolls or suspends the running of the statute of limitations after it has begun because the defendant concealed from the plaintiff facts necessary for the plaintiff to know he had a cause of action."). "The elements of fraudulent concealment are: (1) the existence of the underlying tort; (2) the defendant's knowledge of the tort; (3) the defendant's use of deception to conceal the tort; and (4) the plaintiff's reasonable reliance on the deception." *Id.* Mr. Buell fails to allege plausible facts which suggest Cook knew of Mr. Buell's embedded filter or that it concealed any alleged cause of action from him.

Moreover, fraudulent concealment does not toll the statute of limitations where the plaintiff has "[k]nowledge of facts, conditions, or circumstances that would cause a reasonable person to make inquiry leading to the discovery of a concealed cause of action." *Id.* Here, Mr. Buell knew or should have known there was an issue with his filter following his failed retrieval procedure. Therefore, his negligence, negligence per se, and products liability claims are time-barred.

**B.    Implied Warranty Claim**

Cook argues Plaintiff's implied warranty claim is barred under Texas law. Cook is correct. Texas's four-year UCC "limitation on implied warranty claims runs from the date of sale." *Safeway Stores, Inc. v. Certainspeed Corp.*, 710 S.W.2d 544, 546 (Tex. 1986). Mr. Buell received his filter on November 22, 2008, but did not commence this action until February 17, 2017, more than eight years later. This claim is therefore time-barred.

C. **Express Warranty and Consumer Fraud Claims**

Lastly, Cook argues Mr. Buell fails to plausibly allege claims for express warranty and consumer fraud.

Mr. Buell relies on the allegations supporting his fraudulent concealment defense to support his claim for breach of express warranty and consumer fraud. Specifically, he argues:

> Defendants fraudulently concealed the risks and defects associated with the Cook Tulip IVC filter implanted in Mr. Buell. . . . Further, this perpetuated misinformation from Defendants, in the form of these fraudulently concealed facts, was relied on by Plaintiffs and their doctors when deciding to implant the Cook Tulip filter, and this directly resulted in injury to Mr. Buell.

(Filing No. 18302, Pl.'s Resp. at 6).

Although Mr. Buell maintains his "Amended Complaint sufficiently pleads consumer protection and express warranty claims," he fails to cite any specific paragraphs of that pleading to support his argument. (*Id.*). It is not the court's responsibility to advocate for a party. *Gross v. Town of Cicero*, 619 F.3d 697, 704 (7th Cir. 2010). Therefore, the court will analyze the sufficiency of his claims based on the argument in the block quote above.

5

### 1. Express Warranty

Under Texas law, the elements of a cause of action for breach of express warranty are: (1) the defendant made an express affirmation of fact or promise relating to the goods; (2) that affirmation of fact or promise became a part of the basis of the bargain; (3) the plaintiff relied upon said affirmation of fact or promise; (4) the goods failed to comply with the affirmations of fact or promise; (5) the plaintiff was damaged by the noncompliance; and (6) the failure to comply was the proximate cause of plaintiff's injury. *Great Am. Prods. v. Permabond Int'l*, 94 S.W.3d 675, 681 (Tex. Ct. App. 2002).

Here, Mr. Buell does not identify any specific statement made by Cook that he read or relied upon before his Tulip placement procedure. Therefore, his breach of express warranty claim is legally insufficient.

### 2. Consumer Fraud

"To state a [Deceptive Trade Practices Act] claim based on a failure to disclose theory, the plaintiff must show (1) a failure to disclose, (2) which was known at the time of the transaction, (3) which was intended to induce the plaintiff into a transaction, and (4) that the plaintiff otherwise would not have entered the transaction if the information had been disclosed." *Franklin v. Apple Inc.*, 569 F. Supp. 3d 465, 480 (E.D. Tex. 2021). As with other fraud-based claims, a DTPA claim is subject to Rule 9(b)'s heightened pleading requirements. *Id.* To satisfy Rule 9(b) in cases involving the omission of facts, "a plaintiff must typically plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the

6

representations misleading." *Id.* (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006)).

Mr. Buell's assertion that Cook failed to disclose the "risks and defects" of its Tulip filter is far too vague to satisfy Rule 9(b)'s heightened pleading standard. *Id.* He does not identify what specific "risks and defects" were not disclosed, where those omissions should have appeared, and the way in which Cook's failure to disclose the "risks and defects" made the representations misleading. Therefore, Mr. Buell's consumer fraud claim is legally insufficient.

### 3. Leave to Amend

In the alternative, Plaintiffs move for leave to file a second amended complaint. That request is **GRANTED** with respect to Mr. Buell's express warranty and consumer fraud claims.

## III. Conclusion

The Cook Defendants' Motion for Judgment in Plaintiffs' Case Pursuant to CMO-28 (Filing No. 17974) is **GRANTED**. Mr. Buell's strict products liability, negligence, and implied warranty claims are **DISMISSED with prejudice**. Mr. Buell's express warranty and consumer fraud claims are **DISMISSED without prejudice**. Because Mrs. Buell's loss of consortium claim is dependent on the success of Mr. Buell's claims, *Maes v. El Paso Orthopaedic Surgery Grp., P.A.*, 385 S.W.3d 694, 700 (Tex. Ct. App. 2012), her loss of consortium claim is also **DISMISSED without prejudice**. Mr. Buell is **GRANTED** leave to file a second amended complaint to cure the deficiencies in his

7

breach of express warranty and consumer fraud claims.  The amended pleading must be filed on or before **June 26, 2023**.

**SO ORDERED** this 31st day of May 2023.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.