UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | ) ) ) ) ) 1:14-ml-02570-RLY-TAB ) MDL No. 2570 |
| This Document Relates to: | ) ) ) |
| Allysha Ramon, 1:16-cv-01046 | ) ) ) ) |

**ENTRY ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

The Cook Defendants[1] (or "Cook") develop, manufacture, sell, and distribute vena cava filters, including the Cook Celect Vena Cava Filter. Nearly five years after Plaintiff Allysha Ramon was implanted with the Celect filter, she filed suit against Cook, alleging claims for strict products liability, negligence, negligence per se, breach of express and implied warranty, and consumer fraud. Pursuant to Case Management Order 28, Screening for Time-Barred Cases, the Cook Defendants now move for judgment on the pleadings on grounds that Plaintiff's personal injury claims are time-barred, her implied warranty claim is time-barred, and her express warranty and consumer fraud claims are not adequately pled. For the reasons explained below, the court finds Cook's motion should be **GRANTED in part**.

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

1

I.      Background

Due to Plaintiff's history of deep vein thrombosis, on April 17, 2011, Plaintiff had a Celect Vena Cava Filter placed during her pregnancy at Texas Health Presbyterian Hospital in Dallas, Texas. (Cause No. 1:16-cv-01046, Filing No. 1, Short Form Compl. ¶¶ 10-12; Filing No. 17977, Medical Record at 1). Nearly three months later, she returned to the hospital for removal of the filter. (Filing No. 17977, Medical Record at 1). Plaintiff was not pregnant at that time. (*Id.*) (noting "serum pregnancy test today was negative").

Prior to the removal procedure, her physician explained the risks of filter retrieval, including the risk that that the filter could not be retrieved. (*Id.*). Plaintiff agreed to proceed. (*Id.*).

During the removal procedure, her physician tried to capture the hook of the filter using different techniques. (*Id.* at 2). None worked, and the decision was made to leave the filter in place. (*Id.*).

In January 2016, Plaintiff saw an advertisement on Facebook (apparently about IVC filters) and realized that her filter may be defective and "could be causing her injuries." (Cause No. 1:16-cv-01046, Filing No. 68-1, Plaintiff Aff. ¶ 6).

Plaintiff filed suit against Cook on May 3, 2016, asserting claims for strict products liability, negligence, negligence per se, breach of express and implied warranty, and consumer fraud. (Short Form Compl. ¶ 14).

## II.     Discussion

Texas law applies to Plaintiff's claims, as that is Plaintiff's current residence, the location of injury, and residence at the time of her filter placement. *Looper v. Cook Inc.*, 20 F.4th 387, 393-94 (7th Cir. 2021).

### A.     Personal Injury Claims

Cook argues Plaintiff's personal injury claims are time-barred because she filed her action more than two years after her failed retrieval surgery. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (stating "a person must bring suit for . . . personal injury not later than two years after the cause of action accrues"); *In re Mirena IUD Prods. Liab. Litig.*, 29 F. Supp. 3d 345, 351 (S.D.N.Y. 2014) (applying Texas law and explaining that § 16.003(a) applies to products liability and negligence claims). As the court understands Plaintiff's response, she concedes her claim was filed beyond the two-year statute of limitations period. She argues, instead, that the statute of limitations should be equitably tolled because Cook fraudulently concealed facts that are the basis of her claim.

Fraudulent concealment is an equitable defense that "suspend[s] the running of limitations until such time as the plaintiff learned of, or should have discovered, the deceitful conduct or the facts giving rise to the cause of action." *Earle v. Ratliff,* 998 S.W.2d 882, 888 (Tex. 1999). For fraudulent concealment to apply, the plaintiff must establish the defendant: "(1) had actual knowledge of the wrong; (2) had a fixed purpose to conceal the wrong; and (3) did conceal the wrong from the plaintiff." *Quigley v. Bennett,* 256 S.W.3d 356, 360–61 (Tex. App. 2008) (citing *Shah v. Moss,* 67 S.W.3d 836, 841 (Tex. 2001)).

3

In support of her position, Plaintiff asserts she "visited with doctors regarding the IVC filter before and after implantation, and none represented to [her] that the device was defective or created a risk of any sort.[2]  She was told it was her swollen uterus (due to pregnancy) that may have prevented removal." (Filing No. 18297, Pl.'s Resp. at 2).

Plaintiff's fraudulent concealment defense is based on her doctor's opinion as to why the filter could not be retrieved.  His opinion may be relevant to when her cause of action accrued but is not relevant to her fraudulent concealment defense.  *BP America Prod. Co. v. Marshall*, 342 S.W.3d 59, 67 (Tex. 2011) ("A party asserting fraudulent concealment must establish an underlying wrong, and that 'the defendant actually knew the plaintiff was in fact wronged, and concealed that fact to deceive the plaintiff.'" (quoting *Earle*, 998 S.W.2d at 888))).  Plaintiff fails to allege that Cook knew of the failed retrieval and concealed that fact to deceive her.  Accordingly, the court finds fraudulent concealment does not toll the statute of limitations here.  Because Plaintiff filed her action more than two years after her alleged injury, her negligence, negligence per se, and products liability claims are time-barred.

### B.     Implied Warranty Claim

---

[2] Plaintiff's medical record, the contents of which she does not deny, contradicts her assertion that she was never advised of the risks of filter placement:
> The patient was advised of the need for inferior vena cava filter removal as she no longer is felt to need it.  She remains on anticoagulation.  Risks, benefits and alternatives were discussed.  The risks were explained to include, but not be limited to, pain, infection, bleeding, cardiovascular injury, arrhythmia, contrast nephropathy[,] *inability to retrieve the filter* and risks of sedation/anesthesia.  The patient's questions were answered to her satisfaction; the patient voiced understanding and wished to proceed.

(Medical Record at 1) (emphasis added).

Cook argues Plaintiff's implied warranty claim is barred under Texas law. Cook is correct. Texas's four-year UCC "limitation on implied warranty claims runs from the date of sale." *Safeway Stores, Inc. v. Certainspeed Corp.*, 710 S.W.2d 544, 546 (Tex. 1986). Plaintiff received her filter on April 17, 2011, but she did not commence this action until May 3, 2016. This claim is therefore time-barred.

### C.  Express Warranty

Cook argues Plaintiff's express warranty claim fails to state a plausible claim for relief. Plaintiff did not respond to this argument. Consequently, Plaintiff waived any challenge to the sufficiency of this claim. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver.").

### D.  Consumer Fraud

A claim under the Texas Deceptive Trade Practices Act has a two-year statute of limitations:

> All actions brought under this subchapter must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice.

Tex. Bus. & Com. Code Ann. § 17.565. Plaintiff argues her claim is timely because she was unaware of Cook's alleged false, misleading, and deceptive acts until she saw a Facebook advertisement in January 2016. Cook responds that whether her claim is timely or not, she fails to allege a plausible claim for relief.

Plaintiff's consumer fraud claim is based on the allegations in the Master Complaint, which the court has held is inadequately pled. (*See* Filing No. 14809 at 10)

5

("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."). Her Short Form Complaint adds no substantive allegations to the claim. Plaintiff is therefore **ORDERED to SHOW CAUSE** why this claim should not be dismissed on or before **June 26, 2023**.

### III.  Conclusion

The Cook Defendants' Motion for Judgment (Filing No. 17975) is **GRANTED** on Plaintiff's negligence, negligence per se, products liability, and breach of implied and express warranty claims. Plaintiff is **ORDERED to SHOW CAUSE** why her consumer fraud claim should not be dismissed for failure to state a claim on or before **June 26, 2023**.

**SO ORDERED** this 31st day of May 2023.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.