UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Case:

Khasidov, Igor, 1:16-cv-02562

**COOK DEFENDANTS' MOTION FOR JUDGMENT IN
<u>PLAINTIFF IGOR KHASIDOV'S CASE PURSUANT TO CMO-28</u>**

Under Fed. R. Civ. P. 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case, which alleges as his injury a failed IVC filter retrieval.

1. <u>Plaintiff's Name</u>:  Igor Khasidov

2. <u>Case Number</u>:  1:16-cv-02562

3. <u>Case Origin</u>:  Filed in the Southern District of Indiana

4. <u>Plaintiff's Home State per Complaint</u>: New York (Plaintiff's current residence, location of injury, and residence at time of filter placement).

5. <u>Applicable Choice of Law Rules</u>:  New York

6. <u>Applicable Statute of Limitations</u>:  New York (3 years), N.Y. C.P.L.R. § 214 ("The following actions must be commenced within three years: . . . an action to recover for a personal injury . . . .").

7. <u>Filter Placement Date</u>:  December 4, 2008

8. <u>Latest Possible Date of Accrual</u>:  April 29, 2009 (*see* Case Categorization Form and accompanying medical records attached as **Exhibit A** and filed under seal noting that "[t]he attempted [filter] retrieval was terminated" after it was determined that "the legs of the IVC filter [had] endothelialized to the wall of the inferior vena cava").[1]

9. <u>Filing Date</u>:  September 27, 2016

10. <u>Length of Time Between Placement and Filing:</u>  7 years, 9 months, 23 days

11. <u>Length of Time Between Claim Accrual and Filing</u>:  7 years, 4 months, 29 days

## BRIEF ARGUMENT

New York law bars Plaintiff's personal injury claims because he filed his case more than three years after an unsuccessful attempt to remove his filter. *See supra*, ¶¶ 8-9, 11. Under New York law, the statute of limitations in medical device cases "runs from the date of the *injury resulting from the malfunction*." *Baker v. Stryker*, 770 F. App'x. 12, 14 (2d Cir. 2019) (quoting

---

[1] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion.  *See* Dkt. 18018 ("Plaintiff's operative report is considered part of the pleadings . . . .").

*Martin v. Edwards Lab'ys*, 457 N.E.2d 1150, 1154 (N.Y. 1983)) (emphasis in original); *see also Perciballi v. Ethicon, Inc.*, 2021 WL 810339, at *4 (E.D.N.Y. March 3, 2021) (explaining that the "[limitations] period begins to run 'when the product first injured the plaintiff [,]'. . . 'even if the plaintiff is unaware that he or she has a cause of action' at the time of injury." (citations omitted)). New York's discovery rule applies to "discovery of the physical condition and not . . . the more complex concept of discovery of both the condition and the nonorganic etiology of that condition." *Haynes v. Williams*, 162 A.D.3d 1377, 1378 (N.Y. App. Div. 2018) (quoting *Matter of N.Y. Cnty. DES Litig.*, 678 N.E.2d 474, 478 (N.Y. 1997)). Once the injury occurs, "[t]he injury puts the plaintiff on inquiry notice, and therefore, charges him or her with responsibility for investigating, within the limitations period, all potential claims and all potential defendants." *Perciballi*, 2021 WL 810339 at *4 (citation omitted).

      Here, Plaintiff undisputedly knew of the alleged injury he now claims—a failed filter retrieval—at the time of the retrieval procedure in December 2008. This Court has consistently held that a failed retrieval procedure provides a plaintiff with "enough information . . . to put him on notice that there was a reasonable possibility the filter harmed him, and that he should inquire into his rights." Dkt. 18931 (applying Indiana and Ohio law); *see also* Dkt. 19307 (applying Mississippi law); Dkt. 19408 (applying Pennsylvania law). And this Court recently dismissed a failed-retrieval case under New York law where the plaintiff filed his case more than three years after a failed filter retrieval. Dkt. 23960 (dismissing Plaintiff Carpenter's claims under New York because "[t]he unsuccessful attempt to retrieve his filter in 2012 [was] the claimed 'malfunction' of the device").[2] The Court should do the same here. *See, e.g.*, *Baker*, 770 F. App'x. at 14; *Haynes v. Williams*, 162 A.D.3d at 1378-79.

---

[2] Plaintiff Carpenter recently filed a motion to reconsider this Order pursuant to Federal Rule of Civil Procedure 59(e). Dkt. 24096. In that motion, however, Plaintiff only seeks to revive his implied warranty

2

Plaintiff's implied warranty claim is also time barred.  New York law subjects implied warranty claims to a four-year statute of limitations that is measured from the date of delivery.  *See* N.Y. U.C.C. § 2-725.  The limitations period is triggered at the time of product delivery "regardless of the aggrieved party's lack of knowledge of the breach."  *Id.*; *see also Donuk v. Sears, Roebuck and Co.*, 2007 WL 1574455, at *2 (N.Y. Sup. Ct. May 31, 2007).  Here, Plaintiff commenced this action more than seven years after receiving his filter.  *See supra*, ¶¶ 7, 9-10.

Plaintiff's consumer protection and express warranty claims fail as well.  The Court has ruled that these claims are not adequately pled in the Master Complaint.  *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty).  Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims.  Thus, Plaintiff has failed to plead a viable state consumer-protection claim[3] or a viable express warranty claim.  Plaintiff's claim for punitive damages fails as derivative.  Finally, Plaintiff's claim for punitive damages fails as derivative.  *See, e.g.*, *Jean v. Chinitz*, 163 A.D.3d 497, 498 (N.Y. App. Div. 2018) ("A separate cause of action for punitive damages is not legally cognizable.")

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

claim.  *Id.* at 5-6 (requesting the "Court . . . allow Plaintiff's complaint alleging the cause of action for breach of implied warranty to survive and deny that portion of the Cook Defendants' motion for judgment as to that cause of action").  Thus, regardless of the outcome of the Rule 59(e) motion, the Court's ruling with respect to Plaintiff Carpenter's personal injury claims remains intact.

[3] Plaintiff's consumer-protection claim would fail even if properly pled.  New York subjects such claims to a three-year statute of limitations with no discovery rule.  *See Corsello v. Verizon N.Y. Inc.*, 18 N.Y.3d 777, 789 (N.Y. 2012); *Gaidon v. Guardian Life Ins. Co. of Am.*, 750 N.E.2d 1078, 1083 (N.Y. 2001).

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: June 5, 2023 | /s/ *Jessica Benson Cox* |
|  | Jessica Benson Cox |
|  | Andrea Roberts Pierson |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 300 North Meridian Street, Suite 2500 |
|  | Indianapolis, Indiana  46204 |
|  | Telephone:  (317) 237-0300 |
|  | Andrea.Pierson@FaegreDrinker.com |
|  | Jessica.Cox@FaegreDrinker.com |
|  |  |
|  | James Stephen Bennett |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 110 West Berry Street, Suite 2400 |
|  | Fort Wayne, Indiana  46802 |
|  | Telephone:  (260) 424-8000 |
|  | Stephen.Bennett@FaegreDrinker.com |
|  |  |
|  | *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2023, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF IGOR KHASIDOV'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*