UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ This Document Relates to: Darrin Hogue, 1:19-cv-01705 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | 1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ENTRY ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiff Darrin Hogue's case. The court, having read and reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion should be **GRANTED**.

**I.     Background**

After sustaining a lower extremity facture, Plaintiff had a Cook Günther Tulip[2] Vena Cava Filter placed on October 12, 2012, at Ruby Memorial Hospital in

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

[2] Although Plaintiff's Amended Short Form Complaint indicates he was implanted with a Celect Vena Cava Filter, Plaintiff's original Short Form Complaint and his medical record submitted with this Categorization Form indicate he was implanted with a "Cook Günther Tulip filter." (*See* Filing No. 21271, Medical Record at 6).

1

Morgantown, West Virginia. (Cause No. 1:19-cv-01705, Filing No. 9, Am. Short Form Compl. ¶¶ 10-12; Filing No. 21271, Medical Record at 6). He returned to the hospital on January 31, 2013, to have the filter removed. (Medical Record at 6). By that time, however, the filter had embedded in the wall of his vena cava and therefore, could not be retrieved. (*Id.*).

Plaintiff filed the present action against Cook on April 29, 2019. His Amended Short Form Complaint alleges claims for strict products liability, negligence, negligence per se, breach of express and implied warranty, and consumer fraud. (Short Form Compl. ¶ 14). He also seeks punitive damages. (*Id.*).

**II.  Discussion**

The parties agree that West Virginia law applies to Plaintiff's products liability personal injury claims. W. Va. Code § 55-2-12(b). Under West Virginia law, those claims are subject to a two-year statute of limitations. *Id.*; *McNair v. Johnson & Johnson*, 818 S.E.2d 852, 859 (W. Va. 2018) (observing products liability actions may be premised on strict liability, negligence, and warranty theories). West Virginia recognizes a discovery rule for products liability cases, which provides that the limitations period begins to run "when the plaintiff knows, or by the exercise of reasonable diligence should know (1) that he has been injured, (2) the identity of the maker of the product, and (3) that the product had a causal relation to the injury." *Hickman v. Grover*, 358 S.E.2d 810, 813 (W. Va. 1987). "[W]hether a plaintiff 'knows of' or 'discovered' a cause of action is an objective test [which] focuses upon whether a reasonable prudent person would have known, or by the exercise of reasonable diligence should have known, the elements of a

possible cause of action." *Dunn v. Rockwell*, 689 S.E.2d 255, 265 (W. Va. 2009). (internal quotation marks omitted). Generally, a "plaintiff will 'discover' the existence of a cause of action, and the statute of limitations will begin to run, at the time the actionable conduct occurs." *Id.*

Plaintiff argues that he "did not know or have reason to know about the defective nature of the IVC Filter until he saw ads informing him of the defective nature of Cook's IVC Filter in 2018." (Filing No. 21352, Pl.'s Resp. at 4). Plaintiff's argument is unavailing. Whether Plaintiff knew the filter was defective is immaterial. Under West Virginia law, a plaintiff need not know that "the product was defective as a result of the conduct of its manufacturer" for the limitations period to commence. *Hickman*, 358 S.E.2d at 814. Rather, the plaintiff need only know, or reasonably should know, "that the product had a causal relation to his injury." *Id.* at 813-14. In a case like this, where the claimed injury is a failed retrieval due to embedment, a plaintiff necessarily knows—or should know—of the causal connection between his injury and the filter.

Plaintiff further contends that he "did not discover until the end of 2018 that he was even injured by the defective Cook IVC Filter." (Pl.'s Resp. at 4). But Plaintiff's claimed injury in this case is a failed retrieval. He was fully aware of that alleged injury after his procedure on January 31, 2013. Therefore, the discovery rule does not save his claims.

Next, Plaintiff argues the statute of limitations should be equitably tolled due to Cook's fraudulent concealment. Under West Virginia law, the doctrine of fraudulent concealment applies when "a plaintiff is able to show that the defendant fraudulently

3

concealed facts which prevented the plaintiff from discovering or pursuing the potential cause of action." *Dunn*, 689 S.E.2d at 265.

Plaintiff asserts Cook "affirmatively concealed the flawed design of their filters" and "concealed the risks of its filters in its marketing as a way to induce Plaintiff into agreeing to have the filter implanted." (Pl.'s Resp. at 5). But Plaintiff fails to allege that Cook *prevented* him from acquiring the information he needed to pursue a claim. Therefore, Plaintiff may not rely on fraudulent concealment to toll the statute of limitations on his product liability claims. Plaintiff's negligence and strict liability claims are therefore time-barred.

Plaintiff did not respond to Cook's motion with respect to his breach of warranty and consumer fraud claims. That leads the court to conclude that he waived any argument regarding the legal sufficiency of those claims. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). As no claims remain, Plaintiff is not entitled to punitive damages.

### III.   Conclusion

The Cook Defendants' Motion for Judgment (Filing No. 21269) is **GRANTED**.

**SO ORDERED** this 6th day of June 2023

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

4