UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ This Document Relates to: Vickie Kirk, 1:17-cv-01813 _____ | 1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ENTRY ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiff's case. The court, having read and reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion should be **GRANTED**.

**I.     Background**

Plaintiff, Vickie Kirk, is an Arizona resident who was implanted with a Cook Günther Tulip Vena Cava Filter on February 13, 2014, at John C. Lincoln North Mountain Hospital in Phoenix, Arizona. (Cause No. 1:17-cv-01813, Filing No. 1, Short Form Compl. ¶¶ 4-6, 10-12). Four months later, on June 10, 2014, she returned to the

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

hospital to have the filter retrieved. (Filing No. 21995, Case Categorization Medical Record at 6). Because the hook of Plaintiff's filter was embedded within the wall of her vena cava, her physician, Dr. Wittenberg, was unable to retrieve the filter. (*Id.* at 7). "[She] understood from Dr. Wittenberg that sometimes that happens." (Filing No. 22081, Plaintiff Aff. ¶ 3).

In April 2017, Plaintiff saw "information on television suggesting there may be problems with the IVC filter." (*Id.* ¶ 5). She then researched the topic on her computer and concluded that her injury may be related to the filter. (*Id.*). She contacted a lawyer soon thereafter. (*Id.* ¶ 6).

Plaintiff filed suit against the Cook Defendants on June 2, 2017. She brings claims for strict products liability, negligence, negligence per se, breach of warranty, and consumer fraud. (Short Form Compl. ¶ 14). She also seeks punitive damages. (*Id.*).

**II.    Discussion**

Cook moves for judgment on Plaintiff's products liability personal injury claims because Plaintiff filed her lawsuit more than two years after an unsuccessful attempt to remove her filter. Arizona law applies. *Looper v. Cook Inc.*, 20 F.4th 387, 393-94 (7th Cir. 2021).

Under Arizona law, personal injury claims must be filed within two years after the cause of action accrues. Ariz. Rev. Stat. § 12-542(1). Under Arizona's discovery rule, "the statute of limitations does not begin to run until a plaintiff knows, or should know by the exercise of reasonable diligence, of the injury giving rise to the claim." *Moses v.*

*Nordic Boats*, No. 1 CA-CV 07-0775, 2008 WL 4672300, at *2 (Ariz. Ct. App. Oct. 16, 2008) (citing *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 898 P.2d 964, 968 (1995)).  In the products liability context, "a cause of action accrues once the plaintiff knows of the injury and the causal connection between the defendant's product and that injury."  *Tavassoli v. Altria Grp., Inc.*, No. CV-06-2119-PHX-SRB, 2007 WL 9725046, at *8 (D. Ariz. Sept. 14, 2007) (quoting *Mack v. A.H. Robins Co., Inc.*, 573 F. Supp. 149, 154 (D. Ariz. 1983)).  The focus lies on the discovery of the injury because, once an injury is known, the plaintiff is charged with reasonable diligence to discover its cause. *See Doe v. Roe*, 955 P.2d 951, 962 (Ariz. 1998) ("Plaintiff may not have been aware of all the facts but is charged with a duty to investigate with due diligence to discover the necessary facts.").

Plaintiff knew on June 10, 2014, that her retrievable filter could not be retrieved. She nevertheless argues she had no reason to suspect Cook's negligence until April 2017, when she saw "information on television suggesting there may be problems with the IVC filter." (Plaintiff Aff. ¶ 5).  But Plaintiff's claimed injury is a *failed retrieval*[2] due to embedment.  (Filing No. 21995, Case Categorization Form at 2-3).  She was thus aware of information that would put a reasonable person on notice to investigate whether a claim existed.  *See Lund v. Burch & Cracchiolo P.A.*, No. 1 CA-CV 19-0688, 2020 WL 6834539, at *5 (Ariz. Ct. App. Nov. 19, 2020) ("[A] plaintiff is not required to know the full extent of an injury before the statutory period begins to run.") (citing *Sato v. Van*

---

[2] If Plaintiff's failed retrieval was not an injury, as her Response arguably suggests, Plaintiff has no compensable injury and thus, no claim.

3

*Denburgh*, 500 P.2d 181, 183 (Ariz. 1979)). Because she did not file her claim within two years of when her cause of action accrued, Plaintiff's personal injury claims are time-barred under Arizona law.

Cook also moves for judgment on Plaintiff's implied warranty claim, as it is also subject to a two-year statute of limitations. *Drew v. United Producers and Consumers Coop.*, 778 P.2d 1227, 1230 (Ariz. 1989). Plaintiff did not respond to this argument, leading the court to conclude she has waived any argument to the contrary. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466-67 (7th Cir. 2010).

Lastly, Cook moves for judgment on Plaintiff's express warranty and consumer fraud claims, which are based on the allegations in the Master Complaint. As Cook notes, the court has previously ruled that these claims are not adequately pled in the Master Complaint. (*See* Filing Nos. 4918 at 13-15 and 14809 at 10). In response, Plaintiff requests leave to amend her Short Form Complaint. Plaintiff's request is **GRANTED**. Plaintiff's amended Short Form Complaint must be filed by **June 26, 2023**.

### III. Conclusion

The Cook Defendants' Motion for Judgment (Filing No. 21994) is **GRANTED**. Plaintiff's strict products liability, negligence, negligence per se, and breach of implied warranty claims are **DISMISSED WITH PREJUDICE**, and her breach of express warranty and consumer fraud claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiff is granted leave to amend the breach of express warranty and consumer fraud

4

claims in her Short Form Complaint. Plaintiff's amended Short Form Complaint must be filed by **June 26, 2023**.

**SO ORDERED** this 6th day of June 2023.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.