UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Harris, Paula A., 1:17-cv-01717

## DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF PAULA A. HARRIS' CASE PURSUANT TO CMO-28

Under Fed. R. Civ. P. 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case,[1] which alleges as her injury the inability to retrieve her IVC filter.

1. Plaintiff's Name: Paula A. Harris

2. Case Number: 1:17-cv-01717

3. Case Origin: Filed in the Southern District of Indiana on May 24, 2017

4. Plaintiff's Home State per Complaint: Ohio (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. Applicable Choice of Law Rules: Ohio

6. Applicable Statute of Limitations: Ohio (2 years), Ohio Rev. Code § 2305.10(A) ("[A]n action based on a product liability claim and an action for bodily injury or injuring personal property shall be brought within two years after the cause of action accrues.").

7. Filter Placement Date: December 27, 2011

8. Latest Possible Date of Accrual: March 16, 2012 (*see* Case Categorization Form and accompanying medical records, attached as **Exhibit A** and filed under seal

---

[1] The Court denied a prior CMO-28 motion in this case without prejudice, holding that Ohio law applies and the motion was primarily briefed under Indiana law prior to the *Looper* decision. *See* Dkt. 24160 (order); 19993 (initial motion). Here, the Cook Defendants are refiling the motion under Ohio law.

noting: "I was unable to remove the filter as the hook was scarred in.").[2]

9. <u>Filing Date</u>: May 24, 2017

10. <u>Length of Time Between Claim Accrual and Filing</u>: 5 years, 2 months, 8 days

## **BRIEF ARGUMENT**

Ohio law bars Plaintiff's personal injury claims because she did not file her case until more than two years after an unsuccessful attempt to remove her filter. *See supra*, ¶¶ 6, 8-10. Ohio's discovery rule is limited to discovery of latent injuries, not knowledge of alleged defects. *See Carter v. Medtronic, Inc.*, No. 2:18-CV-724, 2020 WL 2319729, at *4 (S.D. Ohio May 11, 2020). And this Court has declined to apply the Ohio discovery rule in cases where a plaintiff—like Plaintiff here—has alleged injury based on a failed filter retrieval. *See, e.g.*, Dkt. 21871 (*Bauer*); Dkt. 21835 (*King*); Dkt. 18391 (*Heintzman*). Indeed, this Court has held that such a failed retrieval procedure puts a plaintiff "on notice that there was a reasonable possibility the filter harmed her [or him], and that she [or he] should inquire into her [or his] rights." Dkt. 21835 (*King*). Here, as in this Court's previous orders dismissing failed-retrieval cases under Ohio law, Plaintiff's claim accrued—at the latest—on the date of her failed retrieval procedure, and the Ohio discovery rule is inapplicable. *See id.* Plaintiff's claims are thus time-barred by over three years. *See supra*, ¶¶ 6, 8-10.

Plaintiff's implied warranty claim also fails because Ohio law subjects warranty claims to the same two-year statute of limitations discussed above. *See, e.g.*, *Caterpillar Fin. Servs. Corp. v. Harold Tatman & Sons Ents.*, 137 N.E.3d 512, 524 (Ohio Ct. App. 2019) (citation omitted)

---

[2] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion. *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . .").

("Tatman and Son's claims for breach of implied warranty in tort and negligence are governed by the two-year statute of limitations in [Ohio Rev. Code] 2305.10.").

Plaintiff's consumer protection and express warranty claims fail as well. The Court has ruled that these claims are not adequately pled in the Master Complaint. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."); Dkt. 4918 at 13-15 (finding that the Master Complaint fails to plead an adequate claim for express warranty). Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims. Thus, Plaintiff has failed to plead a viable state consumer-protection claim or a viable express warranty claim. Finally, Plaintiff's claim for punitive damages fails as derivative.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

Dated:  June 6, 2023

/s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2023, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF PAULA A. HARRIS' CASE PURSUANT TO CMO-28** was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ Jessica Benson Cox