UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ This Document Relates to: Robert Baker, 1:19-cv-03264 _____ | 1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ENTRY ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiff's case on grounds Plaintiff's product liability and implied warranty claims are time-barred, and his express warranty claim is not adequately pled. The court, having read and reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion should be **GRANTED**.

**I.    Background**

Plaintiff Robert Baker is an Ohio resident who was implanted with a Cook Celect Vena Cava Filter on April 5, 2011, at the Cleveland Clinic in Cleveland, Ohio. (Cause No. 1:19-cv-03264, Filing No. 9, Am. Short Form Compl. ¶¶ 3-5, 10-12). On January

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

26, 2015, Plaintiff was diagnosed with a perforating filter. (Filing No. 22578, Categorization Medical Record at 5). The treating physician noted the perforation "should be strongly considered if [filter] removal is anticipated." (*Id.* at 5-6).

On March 6, 2015, Plaintiff returned to the hospital for a percutaneous filter retrieval. (*Id.* at 7). According to Plaintiff's medical record, a "CAT scan showed that the prongs [of the filter] had eroded through the IVC and lay next to the aorta" and that the "[r]isks and benefits of removal were explained to [Plaintiff]" prior to the procedure. (*Id.*). The filter was subsequently removed without complication. (*Id.* at 8).

Plaintiff filed suit against the Cook Defendants on August 5, 2019. His Short Form Complaint asserts claims for strict products liability, negligence, negligence per se, and breach of express and implied warranty. (Am. Short Form Compl. ¶ 14).

**II.   Discussion**

Under Ohio law,[2] product liability claims alleging personal injury are governed by a two-year statute of limitations. Ohio Code § 2305.10(A); *see also Caterpillar Fin. Servs. Corp. v. Tatman*, 137 N.E.3d 512, 524 (Ohio Ct. App. 2019) (noting plaintiffs' "claims for breach of implied warranty in tort and negligence are governed by the two-year statute of limitations in [Ohio Rev. Code §] 2305.10")). Ohio's discovery rule provides that, when an injury does not manifest itself immediately, a cause of action accrues when a plaintiff either knows or reasonably should have known that (1) he was

---

[2] The parties agree Ohio law applies to this action.

2

injured and (2) that his injury was proximately caused by defendant's conduct. *O'Stricker v. Jim Walter Corp.*, 447 N.E.2d 727, 732 (Ohio 1983).

Plaintiff concedes his claim was filed more than two years too late. He argues, instead, that his claim is saved by the Ohio discovery rule because he did not know his filter was defective at the time of his removal procedure in March 2015. "But the discovery rule generally applies in cases of latent injury and not in cases of possible latent defects." *Baxley v. Harley-Davidson Motor Co., Inc.*, 875 N.E.2d 989, 991 (Ohio Ct. App. 2007); *see also Braxton v. Peerless Premier Appliances Co.*, No. 81855, 2003 WL 21291061, at *2 (Ohio Ct. App. June 5, 2003) ("The discovery rule concerns the situation where an injury is incurred but not discovered until later.").

The cases Plaintiff cites bear out this distinction. In each case, the court applied the discovery rule based on when the plaintiff knew or should have known that the product at issue had caused the injury claimed. *See Cacciacarne v. G.D. Searle & Co.*, 908 F.2d 95, 97-98 (6th Cir. 1990) (holding the limitations period began to run when plaintiff's doctor told her of infertility caused by defendant's IUD); *O-Striker*, 447 N.E.2d at 732 (holding the limitations period began running when doctor informed plaintiff he had injury caused by asbestos); *Harper v. Eli Lilly & Co.*, 575 F. Supp. 1359, 1364-65 (N.D. Ohio 1983) (holding the limitations period did not begin to run until plaintiffs were aware they were exposed in utero to synthetic estrogen medication and their doctors were able to tie their nonspecific ailments to the drug). The discovery rule applied because the plaintiffs had no knowledge of their latent injuries and/or no way to connect those injuries to the products at issue. As Plaintiff here does not deny knowledge of the

perforation at the time of the percutaneous filter retrieval—and the cause connection between the claimed in jury and the product at issue is readily apparent—these cases are inapposite. Accordingly, this is not a case where the discovery rule applies.

Next, Plaintiff argues the statute of limitations should be equitably tolled due to Cook's fraudulent concealment. "The doctrine of fraudulent concealment allows equitable tolling of the statute of limitations where 1) the defendant concealed the underlying conduct, 2) the plaintiff was prevented from discovering the cause of action by that concealment, and 3) the plaintiff exercised due diligence to discover the cause of action." *Huntsman v. Perry Local Sch. Bd. of Educ.,* 379 Fed. App'x 456, 461 (6th Cir. 2010) (citing *Pinney Dock & Transp. Co. v. Penn Cent. Corp.,* 838 F.2d 1445, 1465 (6th Cir. 1988)). But the "right to claim fraudulent concealment never continues beyond the time that a plaintiff, by exercising ordinary diligence, should have discovered the facts at issue." *Zemcik v. LaPine Truck Sales & Equip. Co.*, 706 N.E.2d 860, 865 (Ohio Ct. App. 1998) (quoting *Birkett Williams Ford, Inc. v. East Woodworking Co.*, 456 N.E.2d 1304, 1307-08 (Ohio Ct. App. 1982)).

Here, Plaintiff had enough information at the time of the retrieval procedure to put him on notice that there was a reasonable possibility the filter harmed him, and that he should inquire into his rights. Therefore, Plaintiff's attempt to use fraudulent concealment to toll the statute of limitations fails as a matter of law. Because he did not file suit within two years of the retrieval surgery, his strict liability, negligence, negligence per se, and implied warranty claims are barred by Ohio's two-year statute of limitations.

Lastly, Plaintiff argues he has "presented sufficient evidence in his Complaint to establish express warranty and consumer protection claims."  (Filing No. 22631, Pl.'s Resp. at 3).  As an initial matter, Plaintiff did not bring a claim for consumer protection. Further, his express warranty claim fails for two reasons.  First, he presented only a perfunctory argument in support of the claim.  *See United States v. Useni,* 516 F.3d 634, 658 (7th Cir. 2008) (noting "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived").  Second, the court previously ruled this claim is not adequately pled in the Master Complaint.  (*See* Filing No. 4918 at 13-15).  Plaintiff's Short Form Complaint does not add any substantive facts to save the claim.  Accordingly, Plaintiff's express warranty claim is dismissed.[3]

### III. Conclusion

The Cook Defendants' Motion for Judgment (Filing No. 22577) is **GRANTED**.  Judgment shall issue by separate order.

**IT IS SO ORDERED** this 6th day of June 2023.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

---

[3] Plaintiff did not request leave to amend his warranty allegations.  *See Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 335 (7th Cir. 2018) ("Nothing in Rule 15, nor in any of our cases, suggests that a district court must give leave to amend a complaint where a party does not request it or suggest to the court the ways in which it might cure the defects.").