UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Carpenter, Jr., Thomas, 1:17-cv-01490-RLY-TAB

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT IN FAVOR OF DEFENDANTS

The Court should deny Plaintiff's Rule 59(e) motion to alter or amend the Court's final judgment in favor of Cook on statute of limitations grounds. The law is clear: Rule 59(e) is not a vehicle through which a party may advance arguments or theories that could have been made before the Court rendered its judgment. Yet, that is precisely what Plaintiff seeks to do here. Contrary to his assertions, Plaintiff had every opportunity to argue that his implied warranty claim was timely under New York law. Plaintiff did not take that opportunity, and his arguments are therefore waived. Moreover, Plaintiff's request to amend the judgment is futile because the applicable warranty period was contractually reduced to one year and one day by the terms of sale for the filter, a warranty limitation the Court previously applied in the *Gage* bellwether case. Accordingly, the Court should not alter or amend its final judgment.

A.   **Plaintiff Is Not Entitled to Relief Under Rule 59(e) Due to Waiver**

A motion for reconsideration under Rule 59(e) serves a limited purpose. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996); *McCarty v. Menards*, 327 F.R.D. 177, 179-80 (N.D. Ill. 2018). "[T]he only grounds for a Rule 59(e) motion . . . are

- 1 -

newly discovered evidence, an intervening change in the controlling law, and manifest error of law." *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). Such a motion "is not an opportunity 'to advance arguments or theories that could and should have been made before the district court rendered its judgment.'" *McCarty*, 327 F.R.D. at 180 (quoting *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012)); *see also Cehovic-Dixneuf v. Wong*, 895 F.3d 927, 932 (7th Cir. 2018). Indeed, a party may *not* use the rule "to raise novel legal theories that [it] had the ability to address in the first instance." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). A trial court is granted discretion in considering a Rule 59(e) motion, and a court's denial of such a motion will only be reversed on a showing of abuse of discretion. *See, e.g.*, *Braun v. Vill. of Palatine*, 56 F.4th 542, 553-54 (7th Cir. 2022).

Here, Plaintiff argues that the Court's judgment should be amended for the narrow purpose of permitting his implied warranty claim to proceed because there was an "intervening change in the law" after the motion to dismiss was fully briefed.[1] Dkt. 24096 at 2. Specifically, Plaintiff argues that he was "unable to argue that New York's four (4) year breach of implied warranty statute of limitations applied in [his] opposition papers due this Court's previous ruling that Indiana law would apply to [] direct-filed case[s]," a ruling that was subsequently overturned by the Seventh Circuit in *Looper v. Cook Inc.*, 20 F.4th 387, 394 (7th Cir. 2021). *See* Dkt. 24096 at 3. In support of this argument, Plaintiff asserts that Cook's "motion for judgment was solely based on Indiana law governing the statute of limitations on each cause of action including breach of

---

[1] Plaintiff implicitly concedes that his personal injury, breach of express warranty, state consumer fraud, and punitive damages claims were properly dismissed and should remain dismissed. *See* Dkt. 24096 at 5-6 (requesting the Court amend the judgment "to allow Plaintiff's complaint alleging the cause of action for **breach of implied warranty** to survive and deny that portion of the Cook Defendants' motion for judgment as to **that cause of action**" (emphasis added)). Thus, even assuming for the sake of argument that the Court were to accept Plaintiff's argument as to his implied warranty claim, the dismissal of his other claims should remain untouched.

implied warranty." *Id.* at 1; *see also id.* at 3 ("[Cook's] only arguments pertain to *Indiana's* two (2) year statute of limitations including for the breach of implied warranty cause of action." (emphasis in original)); *id.* at 5 ("[T]here was no discussion of New York statute of limitations at all . . ." (emphasis in original)). Plaintiff's summary of the CMO-28 motion practice in his case is mistaken.

Contrary to Plaintiff's repeated assertions, Cook **did** address New York law in its original motion to dismiss. *See, e.g.*, Dkt. 20006 at 2 n.2 ("Plaintiff's claims are also barred under the **three-year statute of limitations in New York**, Plaintiff's home state."); *see also id.* at 4 n.5 (discussing New York's statute of limitations for consumer protection claims). Cook's motion thus **did** raise the untimeliness of Plaintiff's claims under New York law as an alternative ground for dismissal, meaning that Plaintiff was on notice of the argument and had the opportunity to respond to it. Plaintiff could have argued in his opposition to Cook's motion that his claims were timely under New York law; he chose not to do so, electing to argue the statute of limitations **only** under Indiana law. *See generally* Dkt. 20081. He has thus waived his arguments. *See, e.g.*, *In re Cook Med., Inc., IVC Filters Mktg., Sales Pracs. & Prod. Liab. Litig.*, 2023 WL 2850028, at *2 (7th Cir. Apr. 10, 2023) ("Because Alfieri deliberately chose not to contest the applicability of the 2-year limitations period below although presented with that opportunity, she has waived the argument." (citing *Henry v. Hulett*, 969 F.3d 769, 785–86 (7th Cir. 2020) (en banc)); *see also Cehovic-Dixneuf*, 895 F.3d at 932 ("Rule 59(e) did not give Wong a right to avoid forfeiture of her evidentiary arguments by failing to raise them before the court's original ruling on the merits of the motion."); *Haywood v. Baylor*, 804 F. App'x 401, 403-04 (7th 2020) (affirming trial court's denial of Rule 59(e) motion where the plaintiff failed to raise a First Amendment "argument, even though he could have, before he moved to alter judgment"); *Johnson v. Oystacher*, 2020 WL

6342657, at *3 (N.D. Ill. Sept. 24, 2020) (denying Rule 59(e) motion where the plaintiff "could have and should have" raised an argument concerning the validity and enforceability of a settlement agreement in his opposition to the motion to dismiss).

### B. Plaintiff's Reliance on *Looper* Is Misplaced.

In addition, Plaintiff's reliance on *Looper* as an "intervening change in the law affecting [his] case" is misplaced. *See* Dkt. 24096 at 2. First, such an intervening change in the law must "undermine[] the validity of the ***judgment***." *E.g.*, *Tucker v. Jess*, 2006 WL 995143, at *1 (E.D. Wis. Apr. 13, 2006) (emphasis added); *see also Jacobs v. Frank*, 2008 WL 163672, at *1 (E.D. Wis. Jan. 16, 2008) (noting that a "manifest error" warranting the amendment of a judgment under Rule 59(e) involves "wholesale disregard, misapplication, or failure to recognize controlling precedent"). But Plaintiff does not explain how *Looper* undermined the validity of the Court's final judgment in his case and does not argue that the Court somehow misapplied New York law. Indeed, this Court expressly addressed *Looper* in its Entry on Defendants' Motion for Judgment in Plaintiff's Case Pursuant to CMO-28. Dkt. 23960 at 2. Put simply, the crux of Plaintiff's critique lies not with the Court's judgment, but with the parties' underlying briefing. This is an incorrect use of Rule 59(e).

Just as critically, Plaintiff misunderstands the meaning of the term "an intervening change in the law." An "intervening" change in the law necessarily occurs between the entry of the order or judgment at issue and the filing of the Rule 59(e) motion. *See, e.g.*, *Feltzs v. Cox Commc'ns Cal., LLC*, 562 F. Supp. 3d 535, 539 (C.D. Cal. 2021) (granting reconsideration of order striking claim based on intervening change in the law where state appellate court issued decision making new law two weeks after federal court's order). The authority Plaintiff's motion itself cites confirms this meaning. *See Scott v. Lackey,* 2007 WL 9761643, *6 (M.D. Pa. Dec. 10, 2007)

("***Since this ruling***, however, the Pennsylvania Supreme Court has clarified the application of the discovery rule" (emphasis added)). But that is not what happened here. Any change in the law reflected in the *Looper* decision occurred long before this Court's Order dismissing Plaintiff's claims; *Looper* was decided on December 16, 2021, more than a year before the Court's April 21, 2023 dismissal of Plaintiff's claims. No change in the law intervened between this Court's dismissal of Plaintiff's claims and the present motion.

Disregarding this standard, Plaintiff instead argues that he is entitled to reconsideration because the Seventh Circuit decided *Looper* after the completion of the initial briefing on Cook's CMO-28 motion, even though the Court did not decide that motion for over a year ***after*** *Looper*. Plaintiff cites no authority supporting such an entitlement, and the approach would make no sense as a practical matter. The law is constantly evolving, and a party involved with a pending motion has an obligation to monitor the law and update the Court on any changes that bear on that pending motion. Here, Plaintiff had nearly a year and a half after the *Looper* decision to supplement his response to Cook's motion to raise the New York law issue he tries to argue now, but he made no effort to do so. And he does not and cannot claim that he was unaware of the *Looper* decision and its effect on choice-of-law issues in this MDL, as the decision was a central event in this litigation.

Plaintiff's motion fails to acknowledge that he had 16 months in which he could have supplemented his motion response to address New York law, and he offers no explanation for his failure to do so. Plaintiff waited until a judgment was entered against him before raising the issue ***for the first time***. This is not a proper use of Rule 59(e). "District courts need not grant Rule 59(e) motions 'to advance arguments or theories that could and should have been made ***before*** the district court rendered a judgment.'" *Cehovic-Dixneuf*, 895 F.3d at 932 (citation omitted) (emphasis added). Plaintiff had ample time to raise the New York law issues he brings in his Rule

59(e) motion with the Court before judgment was entered, but he failed to do so. This failure is dispositive as to his motion. *See id.*

**C.     Plaintiff's Request for Relief is Futile Because His Breach of Implied Warranty Claim is Time-Barred Based on the Terms and Conditions of the Sale of the Filter.**

Finally, the Court should deny Plaintiff's motion to alter the judgment dismissing his implied warranty claim because reinstatement of that claim would be futile. Plaintiff's implied warranty claim is time-barred by the terms of Cook's contract with Plaintiff's provider, which purchased the filter. Cook filters are sold to hospitals with certain terms and conditions, including the application of Indiana warranty law and the reduction of the warranty period to one year and one day. The Court previously addressed this issue and enforced this year-and-a-day warranty in the *Gage* bellwether case. After Plaintiff Gage's other claims were dismissed, Cook moved for summary judgment on this issue. *See* Dkts. 7804 & 7805. With the motion, Cook provided evidence, including the terms and conditions of sale, showing that the warranty period was reduced to one year and one day. *See* Dkt. 7805 at 28 (Exhibit D). The Court granted summary judgment on the claim, noting that Plaintiff Gage "was unable to controvert [the Cook] Defendants' evidence." Dkt. 7809 (order granting summary judgment on warranty and punitive damage claims in *Gage*).

Here, Plaintiff Carpenter provided the lot number as part of his exhibits to the motion. *See* Dkt. 24096. With that product ID information, Cook has located the invoice and shipping records for Mr. Carpenter's filter and confirmed that the sale included and was subject to Cook's standard terms and conditions. *See* Declaration of Larry Pool, ¶¶ 2-5, attached as **Exhibit 1**. The invoice and shipping records and the terms and conditions are enclosed with Mr. Pool's Declaration. *See id.* (attaching exhibits). The terms and conditions for Plaintiff Carpenter's filter are the same as for Plaintiff Gage's filter, *compare* Dkt. 7805 at 28 *with* Dkt. Pool Decl. (attaching terms and

conditions as Exhibit C), and include the provisions requiring application of Indiana warranty law (paragraph 11) and adopting a warranty period of one year and one day (paragraph 5). Accordingly, the reinstatement Plaintiff seeks of his implied warranty claim would be futile because the warranty claim is untimely and subject to dismissal for the same reason that the Court granted summary judgment in the *Gage* bellwether case.

## CONCLUSION

In sum, Cook briefed New York law in its opening motion, and Plaintiff chose not to respond, waiving the arguments he now brings before the Court. Further, *Looper* does not constitute an intervening change in the law, and Plaintiff failed to raise the arguments he now proffers in the year and a half that lapsed between the *Looper* decision and the Court's judgment. Finally, Plaintiff's arguments are futile because his warranty is still time-barred under the applicable contractual warranty agreement that was part of the sale of his filter to Albany Medical Center, where he had the placement procedure. For these reasons, Cook respectfully requests that the Court deny Plaintiff's motion.

Respectfully submitted,

Dated:  June 8, 2023

/s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

        James Stephen Bennett
        FAEGRE DRINKER BIDDLE & REATH LLP
        110 West Berry Street, Suite 2400
        Fort Wayne, Indiana 46802
        Telephone: (260) 424-8000
        Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2023, a copy of the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT IN FAVOR DEFENDANTS** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

        /s/ *Jessica Benson Cox*