UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: COOK MEDICAL, INC., IVC | ) | |
| FILTERS MARKETING, SALES | ) | |
| PRACTICES AND PRODUCT | ) | |
| LIABILITY LITIGATION | ) | 1:14-ml-02570-RLY-TAB |
| _____ | ) | MDL No. 2570 |
| | ) | |
| This Document Relates to: | ) | |
| | ) | |
| Ursula A. Foley, 1:18-cv-00831 | ) | |
| _____ | ) | |

**ENTRY ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF'S CASE PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by

Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings

in Plaintiff Ursula Foley's case.  The court, having read and reviewed the parties'

submissions and the applicable law, finds the Cook Defendants' motion should be

**GRANTED**.

**I.     Background**

Plaintiff was implanted with a Cook Günther Tulip Vena Cava Filter on November

19, 2004, at North Carolina Baptist Hospital in Winston-Salem, North Carolina.  (Cause

No. 1:18-cv-00831, Filing No. 1, Short Form Compl. ¶¶ 10-12)  She filed the present

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

1

action against Cook on March 14, 2018,[2] alleging claims for strict products liability, negligence, and breach of warranty.  (*Id*. ¶ 14).  She also seeks punitive damages.  (*Id.*).

## II.   Discussion

Cook argues Plaintiff's claims are barred by North Carolina's former six-year statute of repose for product liability actions.  N.C. Gen. Stat. § 1-50(a)(6).  Plaintiff raises two arguments in response to Cook's motion.  First, she argues her claims are timely under North Carolina's current twelve-year statute of repose for product liability actions.  N.C. Gen. Stat. § 1-46.1(1).  Second, she argues Cook waived the statute of repose as a defense by expressly warrantying their Celect and Günther Tulip Vena Cava Filters were "safe for permanent placement."  The court begins with Plaintiff's first argument.

### A.   Plaintiff's Claims Are Governed by North Carolina's Six-Year Statute of Repose

"All products liability claims,[3] regardless of their nature, are subject to a statute of repose."  *Lackey v. DePuy Orthopedics*, Case No. 5:10-cv-00030-RLV-DSC, 2011 WL 2791264, at *2 (W.D.N.C. July 14, 2011) (citing *Nat'l Property Investors, VIII v. Shell*

---

[2] Plaintiff argues her case relates back to the initial filing of the May 2016 *Collins, et. al* matter in Missouri and that she had a year to re-file her case once it was transferred to the MDL, which she did.  Plaintiff may be correct, but it does not change the outcome of this case.

[3] The parties appear to agree that Plaintiff's claims fall within North Carolina's definition of a product liability action.  *See* N.C. Gen. Stat. § 99B-1(3) (defining a "product liability action" as "any action brought for or on account of personal injury . . . caused by or resulting from the manufacture, . . . design, . . . warning, . . . marketing, selling, [or] advertising . . . of any product."); *see also Red Hill Hosiery Mill, Inc. v. MagneTek, Inc.*, 530 S.E.2d 321, 325–26 (N.C. Ct. App. 2000) (noting a products liability claim "is premised on either negligence or on the contract principles of warranty").

*Oil Co.*, 950 F.Supp. 710, 713 (E.D.N.C. 1996)).  "A statute of repose is a substantive limitation, and is a condition precedent to a party's right to maintain a lawsuit."  *Robinson v. Bridgestone/Firestone N. Am. Tire, LLC*, 703 S.E.2d 883, 886 (N.C. Ct. App. 2011) (citation omitted).  "If the action is not brought within the specified period, the plaintiff literally has no cause of action. The harm that has been done is *damnum absque injuria*— a wrong for which the law affords no redress."  *KB Aircraft Acquisition, LLC v. Berry*, 790 S.E.2d 559, 567 (N.C. Ct. App. 2016) (cleaned up); *see also Lackey*, 2011 WL 2791264, at *2 ("A statute of repose bars a right of action even before injury has occurred, in instances when the injury occurs outside of the prescribed time period.") (citing *Bollick v. Am. Barmag Corp.*, 293 S.E.2d 415, 418 (N.C. 1982)).

Prior to 2009, North Carolina's statute of repose provided that no personal injury claims "based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption."  N.C. Gen. Stat. § 1-50(a)(6).  On October 1, 2009, the North Carolina legislature repealed § 1-50(a)(6) and enacted a new, twelve-year statute of repose.  N.C. Gen. Stat. § 1-46.1(1) (identical statutory text with repose period extended to 12 years). The new repose period applies only to "causes of action that accrue on or after" October 1, 2009.  *Robinson*, 703 S.E.2d at 886.  The revised statute does not have retroactive effect.  *Id.* at 887.

Plaintiff contends the North Carolina legislature extended the repose period for those product liability claims that were not "extinguished" by the six-year statute of repose as of October 1, 2009.  Because her product liability claims were not barred by the

six-year statute of repose as of October 1, 2009, she contends this action falls under the twelve-year statute of repose and is therefore timely.

The plain language of North Carolina's statute of repose provides that the repose period begins to run on "the date of initial purchase for use or consumption."  N.C. Gen. Stat. § 1-46.1(1); *see also* N.C. Gen. Stat. § 1-50(a)(6) (repealed 2009).  As observed by a North Carolina federal district court, "courts applying North Carolina law have consistently applied [the] six-year statute of repose in cases where the product in question was first purchased or delivered, as here, before October 1, 2009."  *Cramer v. Ethicon, Inc.*, Case No. 1:20-cv-95-MOC-WCM, 2021 WL 243872, at *4 (W.D.N.C. Jan. 25, 2021); *see also Bond v. Johnson & Johnson*, No. 21-05327 (FLW) & No. 21-05333 (FLW), 2021 WL 6050178, at *13 (D.N.J. Dec. 21, 2021) (applying North Carolina's six-year statute of repose in hernia mesh case because it was in effect at the time of the implantation surgery); *Lackey*, 2011 WL 2791264, at *2 (applying six-year statute of repose in hip prosthetic case because it "was in effect at the time Plaintiff purchased the allegedly defective product").  As Plaintiff received her Günther Tulip filter before October 1, 2009, the operative statutory period of repose is six years.

**B.    Cook Did Not Waive the Statute of Repose**

Plaintiff argues Cook waived the statute of repose as a defense by expressly warrantying that its IVC filters are "safe for permanent placement."  (Filing No. 22292, Pl.'s Resp. at 3).  Plaintiff's waiver argument is premised on *Christie v. Hartley Construction, Inc.*, 766 S.E.2d 283 (N.C. 2014), where the North Carolina Supreme Court held that a seller may bargain away the protection of the statute of repose by extending a

4

full warranty to the buyer that exceeds the repose period.  766 S.E.2d 283, 288 (N.C. 2014).

Under North Carolina law, an express warranty is defined as "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes a basis of the bargain."  N.C. Gen. Stat. § 25-2-313.  To state a product liability claim grounded in warranty, a plaintiff must plausibly allege that: (1) the defendant made an express warranty regarding its product, (2) which was relied upon by the plaintiff in making his decision to purchase, (3) the express warranty was breached by the defendant in that the product was defective at the time of sale, and (4) the breach proximately caused the plaintiff damage.  *Sasso v. Tesla, Inc.*, 584 F. Supp. 3d 60, 74 (E.D.N.C. 2022) (citations omitted); *Red Hill Hosiery Mill, Inc. v. Magnetek, Inc.*, 530 S.E.2d 321, 326 (N.C. Ct. App. 2000).

In *Christie*, the plaintiffs purchased an exterior cladding system manufactured by GrailCoat to cover the exterior of their new home.  *Id.* at 284.  GrailCoat's warranty promised that "[p]roperly installed . . . , [SuperFlex] is fully warranted for twenty years not to crack, craze, fatigue or delaminate from the substrate."  *Id.* at 285.  When the product began to crack and blister, GrailCoat claimed North Carolina's six-year statute of repose for improvements to property, N.C. Gen. Stat. § 1-50(a)(5), barred plaintiffs' attempt to enforce the 20-year warranty.  *Id.*  The North Carolina Supreme Court reversed summary judgment for GrailCoat, reasoning:

> GrailCoat advertised its product to plaintiffs as being "fully warranted" for
> twenty years . . . .  Plaintiffs' evidence indicated that they carefully researched
> SuperFlex and other possible exterior cladding systems for their home and

were influenced by GrailCoat's twenty-year warranty when making their final decision. As a result, we conclude that GrailCoat knowingly and freely entered into a contract of sale with plaintiffs in which GrailCoat bargained away the protections of the statute of repose. The contract at issue provided for a warranty of twenty years. The warranty stands in its entirety.

*Id.* at 288.

*Christie* is distinguishable from the present case. There, GrailCoat "fully warranted" that its product would be free from certain defects for a specific number of years. The *Christie* plaintiffs relied on the warranty in making their decision to buy GrailCoat's product, and it became part of the basis of the bargain between the parties. *Id.* at 288. In contrast here, Plaintiff alleges Cook "warranted to patients in the *Cook Celect and Günther Tulip Vena Cava Patient Guide* that these IVC filters were safe for permanent placement." (Pl.'s Resp. at 3). Plaintiff did not attach a copy of the Patient Guide, nor has she "identif[ied] any specific words, promises, affirmations, or statements [in the Patient Guide] that would create an express warranty." *Sasso*, 584 F. Supp. 3d at 75 (quoting *McCauley v. Hospira, Inc.*, No. 1:11CV108, 2011 WL 3439145, at *6 (M.D.N.C. Aug. 5, 2011)); *see also City of High Point v. Suez Treatment Solutions, Inc.*, 485 F. Supp. 3d 608, 628 (M.D.N.C. 2020) (dismissing plaintiff's warranty claim where plaintiff "fail[ed] to allege any specifics about the terms or understanding of the express warranty"); *Teal v. Argon Med. Devices, Inc.*, 533 F. Supp. 3d 535, 545 (E.D. Mich. 2021) (dismissing plaintiff's warranty claim where plaintiff alleged, in part, that defendant "widely advertised and promoted [the Option Filter] as a safe and effective permanent placement" because the allegation was "conclusory and devoid of the requisite specificity for the claim to proceed"); *McGrain v. C.R. Bard, Inc.*, 551 F. Supp. 3d 529,

543 (E.D. Pa. 2021) ("To plausibly plead an express warranty claim, some level of meaningful detail is required."). Moreover, Plaintiff has not alleged she read or relied on any representations in the Patient Guide before making her decision to purchase the filter. *City of High Point,* 485 F. Supp. 3d at 627 ("[A] plaintiff must have relied upon a warrantor's statement in order to establish a breach of warranty.").  In sum, Plaintiff's allegation that Cook warranted its filters as "safe for permanent placement" is insufficient to support an inference that Cook "knowingly and freely entered into a contract of sale with [Plaintiff] in which [Cook] bargained away the protections of the statute of repose."[4] *Christie*, 766 S.E.2d at 541.  Therefore, Plaintiff is bound by North Carolina's six-year statute of repose.

Because Plaintiff did not file suit until more than six years after "the date of initial purchase for use or consumption," N.C. Gen. Stat. §1-50(6), her product liability claims are barred by North Carolina's statute of repose.

## III.   Conclusion

The Cook Defendants' Motion for Judgment (Filing No. 22247) is **GRANTED**. Final judgment shall issue forthwith.

**IT IS SO ORDERED** this 13th day of June 2023.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

---

[4] Plaintiff did not request leave to amend her warranty allegations.  *See Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 335 (7th Cir. 2018) ("Nothing in Rule 15, nor in any of our cases, suggests that a district court must give leave to amend a complaint where a party does not request it.").