UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

**This Document Relates Only to the Following Case:**

**Case: Carpenter, Jr., Thomas, 1:17-cv-01490-RLY-TAB**

### PLAINTIFF THOMAS CARPENTER, JR'S REPLY IN SUPPORT OF FRCP RULE 59(e) TO ALTER OR AMEND JUDGMENT

Plaintiff Thomas Carpenter, Jr. submits this reply in support of Plaintiff's motion pursuant to Federal Rules of Civil Procedure Rule 59(e) to alter or amend the Court's Final Judgment in favor of the Cook Defendants and in response to the Cook Defendants' opposition to Plaintiff's motion.

**A.   PLAINTIFF'S MOTION UNDER RULE 59(e) IS PROPER AS THERE WAS NO FORFEITURE OR WAIVER IN THIS CASE.**

Defendants' original motion to dismiss was not a summary judgment motion but a Rule 12(c) motion to dismiss on the pleadings. There has been no discovery specific to Mr. Carpenter's case other than the minimum Plaintiff Profile Sheet and MDL case categorization form and Defendants' basic fact sheet, which was just updated with new information regarding a boilerplate limitation of warranty on Cook Invoice to Albany Medical Center Hospital accompanying the sale of IVC filters used in Plaintiff's IVC filter implantation. This is information not previously disclosed and was not before the Court or Plaintiff during the original

motion to dismiss or opposition thereto. The limitation of warranty is attached to the Cook Defendants' Exhibit 1 Declaration in their opposition papers. It is a moot issue in any event as New York law does not permit restriction or limitation of warranty to injured persons such as Plaintiff as will be discussed.

As the Court is aware, at the time Defendants filed their motion to dismiss and Plaintiff opposed same, the *Looper* decision had not been rendered and under the facts of Mr. Carpenter's case, as set forth in his Rule 59(e) motion, only Indiana law and its statutes of limitations were relevant including for breach of implied warranty. Defendants' own motion to dismiss (Docket 20006) on p. 2 states the applicable choice of law rules and statute of limitations belonged to Indiana and was 2 years.

On page 4 of Defendants' same motion to dismiss they state the following:

"Plaintiff's implied warranty claim fails on the same ground. Indiana law subjects warranty claims to the respective two-year statute of limitations discussed above. *See B & B Paint Corp v. Shrock Mfg., Inc.* 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991)."

For Defendants to allege in their opposition papers that they addressed New York law and its statute of limitations for breach of warranty is disingenuous. They only discussed the 3- year New York limitations period which did not apply to breach of warranty in New York.

As to Defendants' argument on waiver of New York law in Plaintiff's opposition, there is no affirmative waiver or forfeiture when the only applicable law in this case when briefed was Indiana's 2 -year statute of limitations for breach of warranty. Why would Plaintiffs argue New York law to the Court in opposition when it was clear <u>before</u> *Looper* that only Indiana law would be considered by this Court at that time in this case? New York's applicable breach of warranty limitations period was not an "argument or theory" that "could have been addressed in the first

2

instance". It was not a novel theory that was omitted. New York's 4-year statute of limitations for breach of warranty would not have been considered by this Court based on its prior rulings that cases, such as Mr. Carpenter's, that were direct filed outside the window of May 31, 2017 and June 13, 2019 would use Indiana's choice of law and statute of limitations periods (Docket 13539).

Defendants' argument that Plaintiff waived the issue by not arguing the New York limitations period for breach of warranty in their opposition to their motion to dismiss is misplaced. There was no legitimate reason to discuss New York's limitations period for warranty at the time the opposition was submitted.

*Looper v. Cook, Inc.*, 20 F. 4th 387 (7th Cir. 2021) WAS an intervening change in the application of choice of law rules in this Court and directly affected direct filed cases such as Mr. Carpenter's case which was outside the Court established window. There is no authority, as the Cook Defendants speculate, that "intervening" can only mean *after* the judgment which is the subject of a Rule 59(e) motion. The Merriam Webster Dictionary, Online 2023 defines "intervene" as "to occur, fall or come between points of time or events." The *Looper* decision arrived between submission of the Defendants' motion to dismiss and the Court's order and judgment herein.

Defendants' argument that rather than a Rule 59(e) motion, Plaintiff should have moved *prior* to this Court's decision with a new opposition based on *Looper* and New York law is not a waiver or forfeiture either. This argument is unrealistic and suggests that Plaintiff should have assumed this Court would render the decision it did instead of waiting for the actual decision. It was certainly realistic that this Court may have applied *Looper sua sponte* to consider New York's 4- year statute of limitation for breach of warranty regardless of whether it was argued

3

pre-*Looper* or not. No Plaintiff should be put into that position under these circumstances and to permit this argument would cause injustice to Plaintiff and deny his day in court.

In *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445 (1982), the Supreme Court reviewed the history of Rule 59(e) and stated, "Rule 59(e) was added to the Federal Rules of Civil Procedure in 1946. Its draftsmen had a clear and narrow aim. According to the accompanying Advisory Committee Report, the Rule was adopted to "[make] clear that the district court possesses the power" to rectify its own mistakes **in the period immediately following the entry of judgment."** (emphasis added) Id, at 450, citing Notes of Advisory Committee on 1946 Amendment to the Rules, 28 U.S.C., p. 491.

This is exactly what Plaintiff herein is seeking in his Rule 59(e) motion filed immediately following entry of judgment herein.

The cases cited for waiver by Defendants are inapposite here. *In re Cook Med., Inc. IVC Filters Mktg. Sales Pracs. & Prod. Liab Litig*, 2023 WL 2850028 (7th Cir., 2023) involved a plaintiff who deliberately chose to argue for one limitations period and then on appeal alleged another one should apply. These are not the facts of this case. *Henry v. Hulett*, 969 F. 3d 769, 785-786 (7th Cir., 2020) involved a defendant in a prisoner search and seizure case who failed to raise an affirmative qualified immunity defense in the summary judgment motion but attempted to then raise it on appeal, held to be waiver. Once again, not the facts of this case. Similarly, *Cehovic-Dixneuf v. Wong*, 895 F. 3d 927, 931 (7th Cir., 2018) involved a party who did not submit evidence or challenge admissibility of the other party's evidentiary submissions on a summary judgment motion, held waiver. *Haywood v. Baylor*, 804 F. App'x 401,403-404 (7th Cir., 2020) was a prisoner Section 1983 case which found a failure to raise a First Amendment claim

4

prior to a Rule 59(e) motion was a waiver. Again, these are not facts applicable to Plaintiff's case herein.

B. **THE *LOOPER* DECISION CLEARLY CHANGED THIS MDL'S APPLICATION OF CHOICE OF LAW FOR THE STATUTE OF LIMITATIONS FOR DIRECT FILED CASES.**

The Cook Defendants attempt to argue that the *Looper* decision, which changed this Court's application of choice of law rules for direct filed cases such as Plaintiff's, did not affect the underlying judgment rendered by this Court dismissing the complaint. Clearly, had *Looper* been decided prior to Defendants' motion to dismiss and Plaintiff's opposition, only New York law for statute of limitations for breach of warranty would have been argued, not Indiana's.

While the Court examined New York law for the 3-year statute of limitations for negligence and strict products liability, it did not consider New York's 4-year limitations period for breach of warranty. Since that 4-year statute of limitations period for breach of warranty was still alive at the time Plaintiff filed his complaint as detailed in the Rule 59(e) motion, the judgment rendered by this Court would have been different and not a complete dismissal of every cause of action. Thus, the validity of the Court's Judgment in this case is directly affected by the change of law created by the *Looper* decision.

The Court clearly did not consider New York's 4-year breach of warranty limitations period in its decision. There was no misapplication of New York law by the Court but a "failure to recognize" the breach of warranty limitations period in New York being twice as long as Indiana's period. The cited cases of *Tucker v. Jess*, 2006 WL 995143 (E. D. Wis, 2006) [allegations regarding abandonment of counsel first raised in Rule 59(e) motion rejected] and *Jacobs v. Frank*, 2008 WL 163672 (E.D. Wis. 2008) [manifest error for Rule 59(e) purposes "is

not demonstrated by disappointment of the losing party"] have no applicability to Plaintiff Carpenter's facts herein.

The cases cited by Defendants for "intervening change in the law" also do not help Defendant's argument. *Feltzs v. Cox Communs. Cal.*, 562 F. Supp. 3d 535 (C.D. Cal., 2021) and *Scott v. Lackey*, 2007 WL 9761643 (M.D. Pa.2007) both *granted* reconsideration under Rule 59(e) due to changes in applicable law brought to the Court's attention. The fact that each change in the law occurred post judgment is happenstance. Neither case is authority that ONLY changes in law post-judgment can be considered. This is not set forth in Rule 59(e) either.

It is telling that the Cook Defendants cite no authority that before filing a Rule 59(e) motion, Plaintiff was required to bring an updated motion to apply *Looper* and consider New York's breach of warranty statute of limitations BEFORE this Court rendered decision and judgment. Defendants cite *Cehovic-Dixneuf*, 895 F. 3d 927, 932(7th Cir., 2018) for this proposition which involved a party who failed to submit evidence of their own and raise important evidentiary issues in opposition to a summary judgment motion; held to have waived them on reconsideration. It doesn't stand for the principle that the party has to bring a subsequent application while the summary judgment motion was pending decision. As set forth above, the Supreme Court in *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445 (1982), reviewed the history of Rule 59(e) and the necessity of a final judgment as a predicate to bring the motion.

**C.    COOK'S INVOICE TERMS AND CONDITIONS PURPORTING TO LIMIT AND RESTRICT A BREACH OF WARRANTY CLAIM IS VOID AS TO INJURED THIRD PARTIES IN NEW YORK.**

For the first time in this action, the Cook Defendants attach a Declaration to their opposition papers containing a Cook Invoice with Terms and Conditions governing the sale of its

IVC filters to Albany Medical Center. Plaintiff Carpenter was not a party to the sale of goods agreement between Cook and Albany Medical Center. New York does not recognize privity for personal injury actions based on implied warranty under NY UCC Section 2-318 and **prohibits** any exclusion or limitation for same. This section reads as follows:

§ 2-318. Third Party Beneficiaries of Warranties Express or Implied:
"A seller's warranty whether express or implied extends to any natural person if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. **A seller may not exclude or limit the operation of this section**." (emphasis added).

This Court's *Gage* decision is cited by the Cook Defendants as authority for their position that only a 1 year and a day breach of warranty period applied pursuant to Cook's Invoice Terms and Conditions to the hospital. However, this decision involved an analysis of this invoice only under Illinois and Indiana law, **not** New York law. See Dkts. 7804, 7805 and 7809. Interestingly, in *Gage*, the Cook Defendants moved to dismiss the breach of implied warranty claim AFTER summary judgment had been granted (except for the breach of warranty cause of action). See, Dkt.7805. Cook certainly could have raised its Invoice argument in its original summary judgment motion but the Court did not refuse to consider Cook's "Second and Renewed Motion" on this basis. Plaintiff herein should be treated no differently by this Court.

New York's highest court affirmed NY UCC Section 2-318 and held a 4-year statute of limitations period applied for breach of warranty for personal injury actions and that no privity was required by the injured party. This case also confirmed that a breach of warranty claim would accrue on the date the party charged tendered delivery of the product, not on the date a third party sold it to an injured plaintiff. *Heller v. U.S. Suzuki Motor Corp.*, 64 NY 2d 407, 410 (1985).

To the extent there are other issues raised or cases cited by the Cook Defendants in their opposition, they are denied as inapplicable to the facts and history of this case.

## CONCLUSION

Pursuant to the discretion afforded to this Court by Rule 59(e) and applicable authority, it is respectfully requested that this Court amend its Entry and Final Judgment (Dkt. nos. 23960 and 23961) to allow Plaintiff's complaint alleging the cause of action for breach of implied warranty to survive and continue and deny that portion of the Cook Defendants' motion for judgment as to that cause of action.

Dated: June 14, 2023

       Respectfully submitted,

       _/s/ Rosemarie Riddell Bogdan_
       Rosemarie Riddell Bogdan
       Ronald B. Orlando
       NDNY Bar Roll No. 506409
       NYS Bar Roll Number: 380552
       Harding Mazzotti, LLP
       P.O. Box 15141
       Albany, New York 12212-5141
       Tel.: (518) 862-1200
       Fax.: (518) 389-6679
       Email: rrbivccook@1800law1010.com
             ronald.orlando@1800law1010.com

       *Attorneys for Plaintiff, Thomas Carpenter, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Rosemarie Riddell Bogdan*

Rosemarie Riddell Bogdan