IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC, IVC FILTERS
MARKETING, SALES PRACTICES AND              Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                                 MDL No. 2570

_____

This Document Relates to Plaintiff(s)
Jessica Gehner_____

Civil Case # 1:16-cv-1166

---

**PLAINTIFF'S RESPONSE TO THE COURT'S ENTRY ON DEFENDANT'S MOTION FOR JUDGMENT AND MOTION TO RECONSIDER**

Plaintiff, by and through her undersigned counsel, files this response to the Court's Entry on Defendant's Motion for Judgment in Plaintiff's Case Pursuant to CMO-28 (CM/ECF Mast. Doc. 24128/ Ind. Doc. 67) to respond to Court's show cause order regarding Plaintiff's express warranty and consumer protection claims. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, Plaintiff also requests the Court reconsider its ruling with respect to Plaintiff's product liability and implied warranty claims in lieu of dismissing Plaintiff's case with prejudice and entering a final judgment.

*Express Warranty and Consumer Protection Claims*

The Court had directed the Plaintiff to show cause by June 16, 2023, as to why her express warranty and consumer protection claims should not be dismissed. Based on the Court's previous ruling that the express warranty and consumer protection allegations in the Master Compliant are not adequately pled, Plaintiff will not contest the dismissal of her express warranty and consumer

1

protection claims at this time. However, this should not be construed as an admission by Plaintiff that any of her claims are time barred by the statute-of-limitations.

### *Motion to Reconsider*

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Plaintiff does respectfully request the Court reconsider its Entry with regard to Plaintiff's product liability and implied warranty claims in lieu of dismissing Plaintiff's case with prejudice and entering a final judgment.

"Motions to reconsider orders other than final judgments are governed by Rule 54(b)." *Arnold v. Kerris*, 2018 WL 8803446 at *1 (S.D. Ind. Dec. 10, 2018) (Sweeney, J.). Pursuant to Rule 54(b), "non-final orders 'may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities.'" *Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012). Motions to reconsider address situations where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Arnold*, 2018 WL 8803446 at *1.

In this case, this Court properly articulates that in Ohio product liability-medical device cases, the injury date, alone, does not trigger the running of the statute of limitations. Rather, this Court acknowledges that a Plaintiff "must be 'alerted' to the fact that an implanted medical device is **defective**." *Dunn v. Ethicon, Inc.*, 167 F. App'x 539, 541 (6th Cir. 2006) (emphasis added).

Plaintiff was not alerted to the fact that her IVC filter was defective until 2016. *See* Pl's. Resp. in Opp. to Defs.' Mot. for Judgment Pursuant to CMO-28 (Doc. 17605) (incorporated by reference). Plaintiff's treating physicians never indicated that the complications she had experienced with her filter were the result of any sort of product defect. (*Id.* at Ex. 1, ¶¶ 8-9). Plaintiff's physicians told her that she had just suffered bad luck and a rare side effect. (*Id.* at Ex.

1 at ¶9). Plaintiff had no reason to distrust or doubt her physicians' assessments. (*Id*. at Ex. 1 at ¶9). Plaintiff did not have any indication that her injuries may have been caused by a defective product or the wrongful conduct of Defendants until her mother saw a television commercial regarding IVC filter defects in 2016. This is when her cause of action accrued, and she filed suit shortly thereafter on May 2, 2016. (*Id*. at Ex. 1, ¶ 10).

The Court, however, has utilized the day of Plaintiff's filter removal surgery as the statute-of limitations accrual date as opposed to the date Plaintiff was alerted her device was defective. It appears the Court relied on *Griffin v. American Medical Systems, Inc*., 106 F.3d 400 (6th Cir. 1997), and has concluded that the statute-of-limitations begins running in Ohio product liability-medical devices cases whenever a medical device is removed, at the latest, regardless of the particular facts of a particular case. Plaintiff respectfully contends that this was not the holding of *Griffin*. Plaintiff also respectfully contends that this misunderstanding of the holding in *Griffin* constitutes an error of apprehension justifying reconsideration of Court's Entry of May 16, 2023.

The dispute in *Griffin* surrounded a Plaintiff who filed a medical device-product liability case involving an allegedly defective penile implant. The implant was removed in March of 1988, and Plaintiff initially alleged this was the date he learned the device was defective.

The action before the Court in *Griffin* was the third iteration of the case. The first case was voluntarily dismissed by the Plaintiff, the second was dismissed by the Court with permission to refile within a year, and the third filing was the action before the Court of Appeals.

The Court in *Griffin* was not addressing whether the accrual date in a medical device case could occur sometime after the device was removed if the Plaintiff did not know the device was defective at the time of removal. The *Griffin* Plaintiff admitted he knew the device was defective at the time of removal and alleged the same in all three complaints he filed. On appeal, the *Griffin*

Plaintiff was actually arguing for an earlier accrual date so he could get the benefit of the Ohio savings statute in his first action.

Ohio's savings statute only applies to cases that have been dismissed after the original statute of limitations has expired.  The Defendant asserted that the *Griffin* Plaintiff originally alleged that he learned of the defect with the product (and his cause of action accrued) at the time the device was removed in March of 1988.  This meant his voluntary dismissal of the first action in August of 1989 was within the original two-year statute of limitations.  As a result, the savings statute would not apply to the dismissal and any refiling would need to be done within the original statute-of-limitations (*i.e.*, March 1990) to be timely.  Because the *Griffin* Plaintiff did not file the second action until August 1990 (*i.e.*, outside the original statute of limitations), the Defendant contended the second and third actions were untimely.

After the *Griffin* Defendant explained the savings statute issue in its Motion for Summary Judgment, the *Griffin* Plaintiff tried to change his allegation regarding the accrual date by stating he first actually learned of the defect with implant in July of 1987 (i.e., pre-removal), which would give him the benefit of the savings statute for his first dismissal and render his subsequent actions timely.  The *Griffin* Court would not let him do so.  It held the accrual date under the facts of that particular case was the date of removal, as originally alleged by the Plaintiff, but did not hold that all medical device cases accrue at the time of removal as a matter of law.

As made clear in *Dunn* and properly pointed out by this Court, the Ohio discovery rule provides that the statute of limitations in Ohio product liability-medical device cases does not begin to run until the Plaintiff is alerted to the fact that the medical device at issue is defective. As explained above, *Griffin* in no way holds that Ohio product liability-medical device Plaintiffs are "alerted" to the defective nature of their product at the time of removal as a matter of law.  *See*

*In re: Smith & Nephew (BHR) Hip Implant Prods. Liab. Litig.*, 2018 WL 6067505 at *8, n.9 (D. Md. Nov. 19, 2018); see also, *Grant v. Memry Corp.*, 2006 WL 2794732 at * 4 (N.D. Ohio Sept. 27, 2006) (explaining that the *Griffin* does not stand for the proposition that removal of medical device in Ohio automatically triggers the running of the statute of limitations, and that a careful reading of *Griffin* indicates that the critical date is when a Plaintiff is alerted to the possibility that the device is defective).  The critical date remains when a Plaintiff was alerted his or her device was defective, and this can be a date after removal.

In the present case, Plaintiff Gehner was not alerted of the alleged defective nature of her filter until 2016, meaning her May 2, 2016, filing of this action was timely.  *See* Plaintiff's Response in Opposition to Defendants' Motion for Judgment Pursuant to CMO-28 (Doc. 17605). The removal of her filter in-and-of itself is of no-consequence.   Her doctors never indicated that her injuries were in any way related to a defective product or Defendants' wrongful conduct. Therefore, the Court should reconsider its initial ruling regarding Plaintiff's product liability and implied warranty claims, and it should allow those claims to proceed as timely filed.

        Respectfully submitted,

        **NIEMEYER, GREBEL & KRUSE, LLC**

By:   /s/ Michael S. Kruse
       211 N. Broadway, Suite 2950
       St. Louis, MO 63102
       314/241-1919 (T)
       314/665-3017 (F)
       kruse@ngklawfirm.com
       *Attorney for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed and served by way of the Court's CM/ECF Filing system this 15th day of June, 2023.

/s/ Michael S. Kruse