IN THE UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
INDIANA INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

The Estate of Jacquelyn Hoskins 1:17-cv-03097-RLY-TAB

### PLAINTIFF'S RESPONSE TO MAY 16, 2023 ORDER TO SHOW CAUSE

On May 16, 2023, this Court ordered that the Estate of Jacquelyn Hoskins ("Plaintiff") show cause as to why its express warranty and consumer protection claims should not be dismissed for failure to state a claim. MDL Dkt. 24129. Plaintiff has asserted factual allegations that plausibly state a claim for both causes of action. Defendants' Motion for Judgment on the Pleadings (Dkt. 15863; "Motion") should be denied as to these two claims accordingly.

**I.   Legal Standard.**

Defendants questioned the sufficiency of the allegations in Plaintiff's claims for express warranty and violations of a consumer fraud statute in a motion for judgment on the pleadings. On such a motion, "dismissal is only appropriate 'if it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to the relief requested.'" *Bar Indy LLC v. City of Indianapolis*, 511 F. Supp. 3d 905, 908 (S.D. Ind. 2021) (quoting *Enger v. Chicago Carriage Cab Corp.*, 812 F.3d 565, 568 (7th Cir. 2016)).

Further, in multi-district litigation, courts "agree[] that 'master' or 'consolidated' complaints must be interpreted in light of the 'primary purpose' of multidistrict litigation: 'to promote efficiency through the coordination of discovery.'" *In re Zimmer Nexgen Knee Implant*

*Prods. Liab. Litig.*, 2012 WL 3582708, at *3 (N.D. Ill. Aug. 16, 2012) (*citing In re Orthopedic Bone Screw Prods. Liab. Litig.*, MDL No. 1014, 1997 WL 109595, at *2 (E.D. Pa. Mar.7, 1997); see also 28 U.S.C. § 1407(a) ("[T]ransfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.")). "The proper court to hear dispositive motions concerning the sufficiency of plaintiff-specific allegations is the transferor court[.]" *Id.* at *4 (citing Manual for Complex Litigation (Fourth) § 22.37).

**II.     Relevant Factual Allegations.**

In its Short Form Complaint ("SFC"), Plaintiff asserted, *inter alia*, Counts V (express warranty) and VII (violations of applicable law prohibiting consumer fraud and unfair and deceptive trade practices).

Plaintiff alleged that, "[a]t all times relevant hereto, the Cook Filters were widely advertised and promoted by the Defendants as safe and effective treatment for prevention of recurrent pulmonary embolism via placement in the vena cava." Master Complaint ¶ 38. "[T]he Defendants expressly represented and warranted in their marketing materials, both written and orally, and in the IFUs, that the Cook IVC Filters were safe, well-tolerated, efficacious, and fit for their intended purpose and were of marketable quality, that they did not produce any unwarned-of dangerous side effects, and that they were adequately tested." *Id.* at ¶ 95.

Regarding consumer fraud and unfair and deceptive business practices, Plaintiff alleged

> Defendants misrepresented the alleged benefits and characteristics of Cook's IVC Filters; suppressed, omitted, concealed, and failed to disclose material information concerning known adverse effects of Cook's IVC Filters; misrepresented the quality and efficacy of Cook's IVC Filters as compared to much lower-cost alternatives; misrepresented and advertised that Cook's IVC Filters were of a particular standard, quality, or grade that they were not; misrepresented Cook's IVC Filters in such a manner that later, on disclosure of the true facts, there was a likelihood that Plaintiffs would have opted for an alternative IVC Filter or method of preventing pulmonary emboli.

Master Compl. ¶ 116.  Further, "Defendants' conduct misled, deceived, and damaged Plaintiffs, and Defendants' fraudulent, misleading, and deceptive conduct was perpetrated with an intent that Plaintiffs rely on said conduct."  *Id*. at ¶ 117.

### III.     Plaintiff Stated a Claim for Express Warranty.

Under applicable Ohio law, "[a] product is defective if it did not conform, when it left the control of its manufacturer, to a representation made by that manufacturer.  A product may be defective because it did not conform to a representation even though its manufacturer did not act fraudulently, recklessly, or negligently in making the representation." Ohio Rev. Code § 2307.77.  Ohio law defines a "representation" as "an express representation of a material fact concerning the character, quality, or safety of a product."  *Id.* § 2307.71(14).  Plaintiff alternatively asserts its express warranty claim under the Ohio Uniform Commercial Code, Ohio Rev. Code Ann. §§ 1302.26(A)(1), 1302.26(B).

To maintain an express warranty claim in Ohio, a plaintiff must show that: (1) the defendant made a representation as to a material fact concerning the product's quality or character; (2) the product failed to conform to that representation; (3) the plaintiff justifiably relied on that representation; and (4) the plaintiff's reliance on that representation was the direct and proximate cause of her injuries.  *Ace Am. Ins. Co. v. Gerling & Assocs., Inc.*, 2022 WL 4468584, at *5 (S.D. Ohio Sept. 26, 2022) (interpreting the elements of Ohio Rev. Code § 2307.77).  "A positive statement of the quality of goods is an express warranty if the natural tendency of the statement is to induce a buyer to purchase the goods, and if the buyer purchases the goods in reliance thereon." *Schwartz v. Gross*, 114 N.E.2d 103, 106 (Ohio 1952) (holding that a newspaper advertisement stating a piano is in "good condition" is enough to create an express warranty).  In fact, even if "[t]he Complaint does not contain the exact language of a representation alleged to have been made

3

by Defendant, but it does set forth facts from which the Court may plausibly infer that a representation was made and that the pump did not conform to that representation, [that] is all that is required by Ohio Rev. Code § 2307.77 at the pleading stage." *Troyer v. I-Flow Corp.*, 2011 WL 2517031, at *4 (S.D. Ohio June 23, 2011).

In *Younce v. Glaxosmithkline, LLC*, a plaintiff filed product liability claims, including express warranty, asserting that use of the medication Paxil during pregnancy caused birth defects. 2022 WL 18359405, at *1 (Del. Sup. Ct. Dec. 29, 2022) (applying Ohio law). The express warranty claims alleged warnings or representations that plaintiff *and her doctors* relied upon, along with the nature of the injuries and scientific data showing a causal link between the medication and the injuries. *Id.* at *2. Specifically, "Plaintiffs allege that GSK, through Paxil's product label, represented that 'the benefits of Paxil in treating depressive disorders could outweigh the risk even for women of childbearing years.'" *Id.* at *9. Further, "Plaintiffs alleged that the medical professional who prescribed [plaintiff] Paxil relied upon Paxil's label and prescriber information." *Id.* at *10. This was enough to state a claim. *Id.* at *10.

Similarly, in *Johnson v. Esai*, claims asserting that express warranties were made to a doctor, who relied on them in caring for a plaintiff patient by prescribing the drug Belviq, were sufficient:

> Plaintiffs' Complaint alleges that Defendants, through labeling, Belviq's patient information sheets, and Defendants' sales representatives, warranted to Mrs. Johnson and Dr. Bobouynik that Belviq was safe and effective to use as an adjunct for chronic weight management and that Belviq's effectiveness outweighed any potential dangers and/or risks. . . . <u>As a result, Dr. Bobouynik recommended Belviq as a safe and effective drug to use and prescribed it to Mrs. Johnson</u>. . . . Mrs. Johnson took Belviq from August 2016 through October 2016. . . . Plaintiffs allege that Belviq did not conform to these warranties because it neither was effective as a weight loss adjunct nor safe. . . . Plaintiffs assert that Mrs. Johnson's 'injuries and damages were directly caused by Defendants' breach of the aforementioned express warranties.' . . . This provides

4

sufficient factual allegations to plead a breach of express warranty.

*Johnson v. Eisai*, 590 F. Supp. 3d 1053, 1064 (N.D. Ohio 2022) (emphasis added). *See also Michael v. Wyeth, LLC*, 2011 WL 2150112, at *9 (S.D. W. Vir. May 25, 2011) (applying West Virginia law based on the UCC; denying summary judgment because, even though the plaintiff did not rely on any statements by defendant, she did rely on her doctors' recommendation who received the statements, giving rise to a presumption that the manufacturer's warranties were part of the "basis of the bargain" leading to plaintiff's use of medication); *Forst v. SmithKline Beecham Corp.*, 602 F. Supp. 2d 960, 972 (E.D. Wis. 2009) (applying Wisconsin law; denying summary judgment on express warranty claim where plaintiff did not read drug manufacturer's labeling but relied upon doctor's recommendations, and holding that "a reasonable jury could find that GSK's representations to Dr. Todd, which were then communicated to the [plaintiffs], constitute an affirmation forming a 'basis of the bargain' for [plaintiff's] use of Paxil.").

Here, too, Plaintiff alleged that Defendants made factual representations regarding the safety of the Cook Celect IVC filter, relied upon by Decedent Jacquelyn Hoskins through her physician, that are false.

**IV.   Plaintiff Stated a Claim under Ohio's Consumer Protection Statute.**

Plaintiff's claim for unfair competition or deceptive acts or practices in violation of Ohio Rev. Code. Ann. § 1345.01, *et seq.* also stands. The Ohio Consumer Sales Practices Act ("CSPA") prohibits "suppliers" from "commit[ting] an unfair or deceptive act or practice in connection with a consumer transaction." Ohio Rev. Code Ann. § 1345.02(A). To establish a prima facie claim under the CSPA, a plaintiff must "show a material misrepresentation, deceptive act or omission" that impacted his decision to purchase the item at issue. *Temple v. Fleetwood Enters., Inc.*, 133 Fed. App'x 254, 265 (6th Cir. 2005) (citing *Mathias v. Am. Online, Inc.*, No. 79427, 2002 WL 377159, at *5 (Ohio Ct. App. Feb. 28, 2002) and *Janos v. Murduck*, 109 Ohio App.3d 583, 672

5

N.E.2d 1021 (Ohio Ct. App.1996)). "Whether it be termed an issue of reliance or an issue of proximate cause, an appropriate rule is that where the defendant is alleged to have made material representations or misstatements, there must be a cause and effect relationship between the defendant's acts and the plaintiff's injuries." *Lilly v. Hewlett–Packard Co.*, 2006 WL 1064063 at *5 (S.D. Ohio Apr. 21, 2006). Rule 9(b) does not apply to claims under this statute, which does not require averments of fraud. *Ferron v. Search Cactus, LLC*, 2007 WL 1792332, at *4 (S.D. Ohio July 13, 2007).

Plaintiff alleged that Defendants engaged in "false, untrue and misleading promotion of Cook's IVC Filters," inducing Decedent to purchase a filter. Master Compl. ¶ 114. Specifically, "the Cook Filters were widely advertised and promoted by the Defendants as safe and effective treatment for prevention of recurrent pulmonary embolism via placement in the vena cava." *Id.* ¶ 38. Plaintiff has stated a claim for consumer fraud under Ohio law.

**V.      Other Court Rulings Are Not Dispositive of these Claims.**

The Court specifically noted Dkt. 4918 in the Order to Show Cause. That order addressed motions filed in six specific cases. Ohio law was not addressed in this order. The order found some warranty claims time barred. That is not at issue here. It found that a Georgia consumer fraud claim could go forward. Dkt. 4918 at 8. And it addressed a warranty claim under Texas law, which differs substantially from Ohio, particularly as it required the patient to read the representation herself, as opposed to relying on her physician. Dkt. 4918 at 15.

The Order also cited Dkt. 14809. That order addressed the Oregon statute of repose. The word "warranty" did not even appear in the order. As it did not address Ohio law, and did not specifically address the sufficiency of claims for breach of warranty, it is of no consequence for Plaintiff's express warranty claim. The order applied FRCP 9(b) to a claim under the Oregon consumer fraud statute, but does not address Ohio law, which does not require the application of

6

FRCP 9(b) as explained above.

**VI.     Conclusion.**

Plaintiff has alleged factual allegations sufficient to state claims for express warranty and violation of Ohio's consumer protection statute. Defendants' Motion for Judgment on the Pleadings Under CMO 28 must be denied as to Counts V and VII.

                                                  Respectively submitted,

Dated: June 16, 2023

                                              *Paul L. Stoller*
Paul L. Stoller
(Admitted *Pro Hac* Vice, AZ Bar No. 016773)
**RUEB STOLLER DANIEL, LLP**
2425 E. Camelback Road, Suite 500
Phoenix, Arizona 85016
Tel: (602) 888-2807
Fax: (855) 203-2035
paul@lawrsd.com

***Lead Counsel for Plaintiff***

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

                                                        */s/ Paul L. Stoller*
                                                        Paul L. Stoller