IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____
IN RE: COOK MEDICAL, INC, IVC FILTERS
MARKETING, SALES PRACTICES AND                     Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                                        MDL No. 2570
_____

This Document Relates to Plaintiff(s)
Paula A. Harris
Civil Case #1:17-cv-01717
_____

**PLAINTIFF'S OPPOSITON TO COOK DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS**

Now comes Plaintiff, Paul A. Harris, by and through Counsel and submits this Opposition to Cook Defendants' Motion for Judgment in Plaintiff's Case Pursuant to CMO-28. Defendant Cook alleges that Plaintiff was aware that filter was defective and that the defect caused her injuries/surgery at the time of the attempted surgical retrieval of her Cook IVC filter on March 16, 2012 despite no document evidencing that the doctor told Ms. Harris the filter caused her injury, could not be removed due to the hook being scarred in or that the filter was defective causing her injury.[1] *See* D.E. 24362. First, this does not indicate if the irretrievability of the filter was due to doctor or product, or that Ms. Harris was aware of this condition. Moreover, within two years of the attempted removal, Ms. Harris underwent a scan of the filter. On February 10, 2014, within two years of the attempted removal, Ms. Harris had a scan which resulted in a report simply stating that the "IVC filter [was] in place with no sign of any bowel obstruction or adenopathy appreciated," meaning this report causes a question of fact as to whether Ms. Harris had sufficient information to know the Cook IVC Filter caused her injuries. Exhibit A. This report did not indicate it was scarred in or causing any other damage. Therefore, Ms. Harris could not have known that her IVC filter was the cause of her injury at that juncture as within two years of the attempted removal. Ms. Harris was

---

[1] Defendant only attaches a Categorization Form with one attached medical record in support of its motion. Discovery is incomplete in this case. Categorization Forms are not admissible evidence to be used at trial and when the Court ordered Categorization Forms they were not to be used as part of discovery or used against Plaintiffs. Moreover, a Categorization Form is not signed by the client like a Profile Form which states her pain and suffering she only attributed to the filter around the time of the Complaint being filed and does not consider the entirety of this case record.

1

told through this record in her online portal that her filter was normal and not causing issues meaning something else had to be causing Ms. Harris' injuries/symptoms. Moreover, due to Cook's fraudulent concealment of the defects in its filter, it was nearly impossible for Plaintiff to discover that her injuries were caused by Cook's defective filter until after the MDL was started and litigation advertisements began as indicated in her PPF. Accordingly, Plaintiff submits the following in support of the opposition to dismiss the above referenced matter:

### I. Standard of Review

When a party moves for judgment on the pleadings, that party "must demonstrate that there are no material issues of fact to be resolved." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). The Court must view all the "facts and inferences in the light most favorable to the non-moving party." *Id*. The Court accepts the allegations in a plaintiff's complaint as true and construe all reasonable inferences in the plaintiff's favor. *Tierney v. Advocate Health & Hosps. Corp.*, 797 F.3d 449, 451 (7th Cir. 2015). The Court should not allow the motion to deprive the non-moving party the opportunity to make its case against the moving party. *Federated Mut. Ins. Co.*, 983 F.3d at 313.

### II. Under Ohio Law Plaintiff's Claims are Timely

The Ohio Supreme Court explained that the two year statute of limitations under R.C. § 2305.10 allows for a discovery rule "that a plaintiff must bring his action within two years of either the date he was informed by competent medical authority that he had been injured, or the date he should have discovered the injury." *Cacciacarne v. G.D. Searle & Co.*, 908 F. 2d 95, 97 (6th Cir. 1990) citing *O'Stricker v. Jim Walter Corp.*, 4 Ohio St. 3d 84, 447 N.E. 2d 727, 732 (1983). In *Harper*, the court used the O'Stricker test to find that an individual was "not required to bring suit until they were informed DES probably caused their injuries." *Harper v. Eli Lilly & Co.*, 575 F. Supp. 1359 (N.D. Ohio 1983).

In *Cacciacarne,* the court reasoned that "because plaintiff's doctor did not know the cause, 'it would be illogical to hold [her] to a higher degree of knowledge than [her] . . . physician.' " *Cacciacarne*, 908 F. 2d at 97-98. In that case, plaintiff even thought the IUD might have caused her problems, but her

doctor did not know the cause. *Id*. at 97. The court found that applying the *O'Stricker* test, the plaintiff's cause of action did not accrue **until her doctor informed her of the cause**. *Id.* (Emphasis Added).

Here, Plaintiff did not know or have reason to know any injury was caused by the Cook filter as within two years of the attempted removal. Ms. Harris underwent a scan after the attempted removal resulting in a physician report stating the Cook filter was normal and not causing any issue. Therefore, during what Cook argues would be the statute of limitations period, Ms. Harris received a medical scan and report which then informed Ms. Harris that the Cook filter was normal and no abnormality or injury was caused by the Cook filter. Cook is attempting to improperly assert that Ms. Harris should know the cause of her pain and suffering when receiving contradictory information from two physicians. Once the second doctor told Ms. Harris the filter was normal, Ms. Harris had no reason to know, nor reasonably know, that the Cook filter was the potential cause of any injury because the second physician provided information that contradicted the first that the Cook Filter was causing Ms. Harris' pain and suffering. Therefore as there is a question of fact as to when Ms. Harris learned the Cook filter caused her injuries, as well as what steps she took after the 2014 scan to determine the cause of her pain and suffering as in 2014 she received physician notification that the filter was "in normal position" and nothing was abnormal. Therefore, this matter is not ripe for dismissal.

For these same reasons, Plaintiff's implied warranty claim is properly before the Court. Moreover, Plaintiff presented sufficient evidence in his Complaint to establish express warranty and consumer protection claims. At this point of the proceedings the statements contained in Plaintiff's pleading contain the necessary factual allegations, "which must be taken as true at this stage, to support the claim of an inherent defect." *Albright v. Sherin-Williams Co.*, No. 1:17 CV 2513, 2019 WL 5307068 (N.D. OH Jan., 29, 2019).

## CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that this Court deny Cook's Motion, and any further relief this Court deems just and proper.

                                      Respectfully submitted,

                                      **BURNETT LAW FIRM**

By:      */s/     Riley L. Burnett, Jr.*
                Riley L. Burnett, Jr.
                3737 Buffalo Speedway, 18th Floor
                Houston, Texas 77098
                Office Tel: (832) 413-4410
                Cell: (832) 585-9829
                Fax: (832) 900-2120
                Email: RBurnett@rburnettlaw.com;
                Karen.Schroeder@RBurnettLaw.com

                *Attorneys for Plaintiff(s)*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2023 a copy of the foregoing **PLAINTIFF'S RESPONSE TO COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

By: */s/  Riley L. Burnett, Jr.*
Riley L. Burnett, Jr.