UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION           MDL No. 2570

_____

This Document Relates Only to the Following Case:

Gehner, Jessica, 1:16-cv-01166

_____

**COOK DEFENDANTS' OPPOSITION TO PLAINTIFFS' RESPONSE TO
ENTRY ON MOTION FOR JUDGMENT AND MOTION TO RECONSIDER**

Plaintiff concedes that her express warranty and consumer protection claims should be dismissed.   Dkt. 24448 at 1-2.   But Plaintiff argues that, pursuant to Federal Rule of Civil Procedure 54(b), the Court should reconsider its Entry on Defendants' Motion for Judgment, which held that Plaintiff's product liability and implied warranty claims are barred by the Ohio statute of limitations.   *Id.* at 1.   The Court should deny Plaintiff's invitation to reconsider its ruling.   The Court correctly dismissed Plaintiff's claims as untimely under the Ohio statute of limitations.

Motions to reconsider under Rule 54(b) "serve a limited function, to be used 'where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Davis v. Carmel Clay Schs.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (citation omitted).   "A court may grant a motion to reconsider where a movant demonstrates a manifest error of law or fact; however, a motion to reconsider is not an occasion to make new arguments."   *Arnold v. Keris*, 2018 WL 8803446, at *1.   Courts "generally disfavor" such motions."   *Id.*

Here, Plaintiff argues that the Court made an error of apprehension to the extent it "relied on *Griffin v. American Medical Systems, Inc.*, 106 F.3d 400 (6th Cir. 1997) . . . [to] conclude[] that the statute-of-limitations begins running in Ohio product liability-medical cases whenever a medical device is removed, at the latest, regardless of the particular facts of a particular case." Dkt. 24448 at 3.   According to Plaintiff, "*Griffin* in no way holds that . . . Plaintiffs are 'alerted' to the defective nature of their product at the time of removal as a matter of law."   *Id.* at 4.   Plaintiff's arguments are unavailing.

As a general matter, Ohio's "discovery rule seeks to redress the unconscionable result reached by a strict application of the limitations period to injured parties whose right to recovery can be barred by the statute of limitation before the party is even aware of ***an injury's*** existence."

1

*Flynn v. Bd. of Trs. of Green Twp.*, 2006 WL 3690300, at *1 (Ohio Ct. App. Dec. 15, 2006) (emphasis added) (citing *O'Stricker v. Jim Walter Corp.*, 447 N.E.2d 727 (Ohio 1983)).   Ohio's discovery rule therefore "generally applies in cases of ***latent injuries*** and not in cases of possible latent defects."  *Carter v. Medtronic, Inc.*, 2020 WL 2319729, at *4 (S.D. Ohio May 11, 2020) (emphasis added) (quoting *Baxley v. Harley-Davidson Motor Co.*, 875 N.E.2d 989, 991 (Ohio Ct. App. 2007); *see also Braxton v. Peerless Premier Appliance Co.*, 2003 WL 21291061, at *2 (Ohio Ct. App. June 5, 2003) (holding the discovery rule was inapplicable where the plaintiff conceded that "the injury manifested itself immediately"); *Norris v. Yamaha Motor Corp. U.S.A.*, 2009 WL 2509407, at *5 (Ohio Ct. App. Aug. 17, 2009).  This rule stems from the fact that "actual damage or injury is enough to put a reasonable person on notice of the need for further inquiry even where a defect is latent."  *Baxley*, 875 N.E.2d at 991.

Applying this well-established rule, this Court has declined to apply the Ohio discovery rule in cases where Plaintiffs have alleged injuries based on failed filter retrievals, complicated filter retrievals, and open filter removals because the injuries alleged—the removal procedures— were not latent but were known at the time the procedures occurred.   *See, e.g.*, Dkt 18681 (dismissing case and holding that a filter fracture and subsequent removal surgery were not latent injuries subject to the discovery rule); Dkt. 21835 (dismissing case and holding that a failed retrieval is not a latent injury subject to the discovery rule); Dkt. 21837 (dismissing case and holding that an alleged complicated retrieval is not a latent injury subject to the discovery rule). Here, as in the previous cases this Court has dismissed as time-barred under Ohio law, Plaintiff does not claim a latent injury that would trigger Ohio's discovery rule.  Indeed, Plaintiff claims injuries that manifested themselves immediately, i.e., a failed filter retrieval and a fractured filter that was diagnosed during a successful filter retrieval.

Nevertheless, Plaintiff points to a line of cases purportedly standing for the proposition that "a plaintiff must be 'alerted' to the fact that an implanted medical device is defective." *Dunn v. Ethicon, Inc.*, 167 Fed. App'x 539, 541 (6th Cir. 2006).  But none of these cases hold that an individual must be informed by a medical professional of a potential defect in the product for the limitations period to begin, as Plaintiff suggests.  *See, e.g.*, Dkt. 24448 at 2 ("Plaintiff's treating physicians never indicated that the complications she had experienced with her filter were the result of any sort of product defect."); *id.* at 5 ("[Plaintiff's] doctors never indicated that her injuries were in any way related to a defective product or [Cook's] wrongful conduct.").  To the contrary, "since when a person discovers the causal relationship between a physical injury and use of a product, necessarily, he [or she] may ***infer*** a defective or negligently manufactured product, unless the physical injury is known and anticipated to a natural and probable result of the use of the product." *Lundy v. Lederle Lab'ys, Div. of Am. Cyanamid Co.*, 561 N.E.2d 1027, 1032 (Ohio Ct. App. 1988) (emphasis added); *see also Baxley*, 875 N.E.2d at 991 (rejecting the plaintiff's argument "that under the discovery rule, his claim did not accrue until . . . he received [a] recall notice [concerning the allegedly defective product]").

Here, Plaintiff was unequivocally aware of facts that should have placed her on notice, as a matter of law, of a potential causal relationship between her alleged injuries and the filter.  *See Lundy*, 561 N.E.2d at 1032; *see also Baxley*, 875 N.E.2d at 991 (holding that an action accrues "as soon as the plaintiff has constructive knowledge of the facts, rather than actual knowledge of their legal significance").  Indeed, it is uncontroverted that—no later than Plaintiff's April 2, 2013 filter retrieval procedure—Plaintiff knew that (1) she was suffering from abdominal pain that her doctors attributed to her filter, which was perforating her vena cava and compressing her small bowel; (2) she had undergone a previous failed filter retrieval due to a tilted and embedded filter hook; and

3

(3) her filter had fractured and a small extravascular fragment from her filter could not be retrieved during her successful partial filter retrieval.  *See* 241287 and 1-2; Dkt. 17605-1.   These facts "alerted" Plaintiff to her claimed injuries and their causal connection to the filter, and the Court was correct in dismissing Plaintiff's product liability and implied warranty claims as a matter of law.  Plaintiff's assertion that the Court made an error of apprehension is therefore without merit.

For the forgoing reasons, the Court should deny Plaintiff's motion for reconsideration and dismiss the entirety of her case as a matter of law.

Respectfully submitted,

Dated:  June 26, 2023

/s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated,*
*Cook Medical LLC, and William Cook Europe*
*ApS*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 26, 2023, a copy of the foregoing **COOK DEFENDANTS'**
**OPPOSITION TO PLAINTIFFS' RESPONSE TO ENTRY ON MOTION FOR**
**JUDGMENT AND MOTION TO RECONSIDER** was filed electronically and notice of the
filing of this document will be sent to all parties by operation of the Court's electronic filing system
to CM/ECF participants registered to receive service in this matter.  Parties may access this filing
through the Court's system.


/s/ *Jessica Benson Cox*