UNITED STATES DISTRICT COURT
SOTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re:  COOK MEDICAL INC., IVC | ) | |
| FILTERS MARKETING, SALES | ) | |
| PRACTICES AND PRODUCT | ) | |
| LIABILITY LITIGATION | ) | 1:14-ml-02570-RLY-TAB |
| _____ | ) | MDL No. 2570 |
| | ) | |
| This Document Relates to: | ) | |
| | ) | |
| Allysha Ramon, | ) | |
| 1:16-cv-01046 | ) | |
| _____ | ) | |

## **PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE**

Plaintiff Allysha Ramon hereby files her response to the Court's May 31, 2023 Show Cause Order (Filing No. 24280) on why her "consumer fraud claim [sic]" should not be dismissed for violating the pleading requirements of Rule 9(b) and thus failing to state a claim. Plaintiff will respectfully show that Plaintiff's claim should not be dismissed for the following reasons:

### I.      **Background**

The Cook Defendants[1] ("Cook") develop, manufacture, sell, and distribute vena cava filters, including the Cook Celect Vena Cava Filter. Plaintiff, Allysha Ramon, was implanted with a Cook Celect IVC filter due to a history of deep vein thrombosis on April 17, 2011.  On July 20, 2011 an attempt was made to remove the implanted Cook Celect filter.  Due to deformities in the filter struts, the retrieval hook was imbedded in the wall of the inferior vena cava and at least one of the primary filter legs had extended beyond the wall of the IVC, the attempt to remove was unsuccessful.

---

[1] Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS (collectively "the Cook Defendants" or "Cook")

Subsequently Plaintiff filed suit against Cook, alleging claims for strict products liability, negligence, negligence per se, breach of express and implied warranty, and violations of the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41 et seq.  Plaintiff did not plead statutory or common law fraud.  On May 31, 2023 the Court issued their <u>Entry On The Cook Defendants' Motion For Judgment In Plaintiff's Case Pursuant to CMO-28</u> granting in part Cook's Motion (Filing No. 17975) and dismissing Plaintiff's claims for negligence, negligence per se, products liability, and breach of implied and express warranty claims on the grounds they were time-barred.[2]  In this same pleading, Plaintiff was Ordered to Show Cause as to why her "consumer fraud claim [sic]" should not be dismissed for violating the pleading requirements of Rule 9(b) and thus failing to state a claim.[3]

## II.   Plaintiff's Claim Erroneously Analyzed under Oregon State Law Instead of Texas State Law

It is undisputed that Texas law applies to Plaintiff's claims as Texas is Plaintiff's current residence, the location of the injury, and residence at the time of filter placement.  However, in the <u>Entry On The Cook Defendants' Motion For Judgment In Plaintiff's Case Pursuant to CMO-28</u> pleading, it appears that the Plaintiff's claim was erroneously analyzed under Oregon state Law.[4]  In the aforementioned pleading it reads:   *"Plaintiff's fraud claim is based on the allegations in the master Complaint, which the court has held is inadequately pled."*[5]   This pleading was filed on November 13, 2020 and titled <u>Entry On The Cook Defendants' Motion For Judgment On The Pleadings On Statute Of Repose Grounds (OREGON)</u> ("Oregon Pleading").[6]  Plaintiff argues that any holding that her pleadings were insufficient under FRCP 9(b) citing the

---

[2] *see* Entry On The Cook Defendants' Motion For Judgment In Plaintiffs Case Pursuant To CMO-28—Filing No. 24280 at p.5.
[3] *Id* at 5
[4] *Id* at 5
[5] *Id* at 5 (citing Entry On The Cook Defendants' Motion For Judgment On The Pleadings On Statute Of Repose Grounds —Filing No. 14809 at 10).
[6] see Entry On The Cook Defendants' Motion For Judgment On The Pleadings On Statute Of Repose Grounds(OREGON)—Filing No. 14809.

holding in the "Oregon Pleading" does not apply to her as the pleading in question appears to relate to five Plaintiffs who reside in Oregon.  In this "Oregon Pleading" the five Plaintiff's claims are analyzed under the Oregon statute of repose and their cases were either voluntarily dismissed or dismissed by the Court citing various violations of the Oregon statute of repose or FRCP 9(b).  More specifically, this pleading is in no way related to the Texas Plaintiff in this case.[7]  One of the Plaintiffs in the "Oregon Pleading", "Plaintiff Palmer" brought his claim under the Oregon Unfair Trade Practices Act ("UTPA").  Cook argues that the case is based on product defect and failure to warn and therefore the statute of repose bars recovery, "Plaintiff Palmer" disagreed.[8]  The pleading indicates that under Oregon law to make this determination the Court is to *"look beyond the label of the claim to the operative facts alleged"* to *"discern the gravamen of the predominate characteristic of the claim."*[9]  After analyzing the pleadings, the Court found "Plaintiff Palmer's" ("UTPA") claim was not based on product defect or failure to warn and therefore the statute of repose did not apply; however, the claim instead sounded in fraud and therefore must be pled with particularity required by FRCP 9(b).[10]  The Court held, as to the Oregon "Plaintiff Palmer's" pleadings,  that after applying the Oregon law that: *"Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by FRCP 9(b)"*, and dismissed his case.[11]

Therefore, Plaintiff argues that adequate cause exists that would prevent her claims from being dismissed citing any holding that her claims have been inadequately pled since she was at all times a Texas resident, Texas law would apply to her claim, and Plaintiff has no relation to the Oregon Plaintiffs' cases.  The Plaintiff's claims in this case are live claims and are her

---

[7] *Id*
[8] *Id* at p.9
[9] *Id*
[10] *Id* at p.10
[11] *Id* at p.11

independent claims for statutory violations of the Texas Deceptive Trade Practices Act and not fraud claims.

### III.    Plaintiff's Claim Erroneously Characterized as Consumer Fraud Claim

In the aforementioned <u>Entry On The Cook Defendants' Motion For Judgment In Plaintiff's Case Pursuant to CMO-28</u>, Plaintiff's claim is erroneously characterized as a "consumer fraud [sic]" claim.[12]   (see Filing No. 24280 at p.5, § D wherein the header reads "Consumer Fraud").   The claims Plaintiff actually pled were her independent claims alleging Cook Defendants' statutory violations of the Texas Deceptive Trade Practices Act (DTPA).[13] Statutory Violations of the (DTPA) are separate independent claims and not fraud claims.[14]

Therefore, Plaintiff argues that she has shown adequate cause why her remaining statutory DTPA claims should not be dismissed as she actually pled Defendants' statutory violations of the Texas Deceptive Trade Practices Act (DTPA) and not fraud as erroneously stated in § D of the Court's <u>Entry On The Cook Defendants' Motion For Judgment In Plaintiff's Case Pursuant to CMO-28</u>.

### IV.    Statutory Violations of the Texas Deceptive Trade Practices Act are Separate Independent Claims

The Texas Deceptive Trade Practices Act (DTPA) must be liberally construed and applied to promote its purpose of protecting consumers from false, misleading, or deceptive business practices, unconscionable actions, and breaches of warranty.[15]   A DTPA action is an independent action and can be brought on its own or in conjunction with many common-law causes of action, including breach of contract, breach of warranty, fraud, misrepresentation, and

---

[12] *see* Entry On The Cook Defendants' Motion For Judgment In Plaintiffs Case Pursuant To CMO-28—Filing No. 24280 at p.5, § D wherein the header reads "Consumer Fraud".
[13] *See* Master Consolidated Complaint for Individual Claims; Case No. 1:14-ml-2570-RLY-TAB; MDL No. 2570 at ¶¶ 38-46, 51-52 & 112-119.
[14] *See* TEXAS DECEPTIVE TRADE PRACTICES ACT, TEX. BUS. & COM. CODE § 17.41 et seq.
[15] *see* TEX. BUS. & COM. CODE § 17.44(a).

negligence.[16]   Unlike fraud or other common law causes of action, the DTPA makes many practices illegal without requiring proof of "knowledge" or "intent" that the defendant intended to do anything wrong or illegal.   The DTPA codified these specific practices that the statute considers illegal and they are commonly referred to as the "laundry list".[17]   Intent to misrepresent or knowledge that a representation is untrue is not an element of a DTPA laundry-list claim unless required by the specific provision.[18]   Further, if the provision does not require intent or knowledge, the defendant can be held liable even if it did not know its representation was false.[19] In this cause Plaintiff has alleged DTPA "laundry list" violations contained in sections Tex. Bus. & Com. Code § 17.46(b)(5)(7), both of which do not require intent or knowledge on the part of defendant, as well as well as violations contained in section 17.46(b)(24) that only requires knowledge on behalf of Defendant.[20]   Additionally, a plaintiff can also under the DTPA maintain an independent claim based on any unconscionable action or course of action.[21]   An unconscionable act or practice is one that, to a consumer's detriment, takes advantage of the consumer's lack of knowledge, ability, experience, or capacity to a grossly unfair degree.[22]   In this case it will be difficult for Cook to argue that Plaintiff's knowledge, ability, experience, or capacity are sophisticated enough or in any way similar to the knowledge of a medical device manufacturer with regard to, but not limited to manufacturing, designing, marketing, testing, and implanting a medical device as is the subject of this lawsuit.   Additionally, with a DTPA unconscionable act or practice claim the plaintiff is also not required to prove the defendant

---

[16]  *See PPG Indus. v. JMB/Houston Ctrs. Partners*, 146 S.W. 3d79,89 (Tex.2004).

[17]  *see* Texas Deceptive Trade Practices Act, Tex, Bus. & Com. Code § 17.46(b).

[18]  *see Eagle Props., Ltd. v. Scharbauer*, 807 S.W.2d 714, 724 (Tex.1990).

[19]  *see Church & Dwight Co. v. Huey*, 961 S.W.2d 560, 567 (Tex.App.—San Antonio 1997, pet. denied); *Lone Star Ford, Inc. v. McGlashan*, 681 S.W.2d 720 (Tex. App. 1984).

[20] *see* Master Consolidated Complaint for Individual Claims; Case No. 1:14-mi-2570-RLY-TAB; MDL No. 2570 at ¶¶ 38-46, 51-52 & 112-119.

[21]  *see*  Tex. Bus. & Com. Code § 17.50(A)(3).

[22]  *See* Tex. Bus. & Com. Code § 17.45(5); *Insurance Co. of N. Am. v. Morris*, 981 S.W.2d 667, 677 (Tex.1998).

acted intentionally or knowingly.[23] The unconscionable act or practice does not have to occur simultaneously with the purchase or lease of goods or services by the consumer.[24]   The plaintiff is not required to prove that it relied on the defendant's unconscionable conduct.[25]

The plaintiff argues that she has shown adequate cause that her statutory claims under the DTPA are separate independent claims from any fraud claim and therefore should not fall under the stringent pleading requirements of Rule 9(b) and therefore said claims should not be dismissed.

### V.    The Court Should Not Apply Rule 9(b) to Plaintiff's Claims.

Federal Rule of Civil Procedure 9(b) provides as follows:  "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.[26] The United States Supreme Court has held that Rule 9(b) applies only to averments of fraud or mistake, and not to the other matters that Cook attempts to bring within the ambit of the rule.[27] The Fifth Circuit similarly recognized that "Rule 9(b)'s stringent pleading requirements should not be extended to causes of action not enumerated therein.[28]   As the Fifth Circuit noted:  Since Rule 9(b) is a special pleading requirement and contrary to the general approach of simplified pleading adopted by the federal rules, its scope of application should be construed narrowly and not extended to other legal theories

---

[23] *Id* at 677.

[24] *Flenniken v. Longview Bank & Trust Co*., 661 S.W.2d 705, 707 (Tex.1983).

[25] *Mays v. Pierce*, 203 S.W.3d 564, 572 (Tex.App.—Houston [14th Dist.] 2006, pet. denied); *Monsanto Co. v. Altman*, 153 S.W.3d 491, 495 (Tex.App.—Amarillo 2004, pet. denied).

[26] FED. R. CIV. P. 9(b) (emphasis added).

[27] *See Swierkiewicz* v. *Sorena, N.A.*, 534 U.S. 506, 513 (2002) (rejecting the Second Circuit's efforts to impose a higher pleading standard for employment discrimination cases); *Leatherman* v. *Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (citing the rule of construction "*expressio unius est exclusio alteris*" in refusing to judicially amend the rule by applying higher pleading standards to matters in other "than the two specific instances" expressly identified in Rule 9(b)).

[28] *See American Realty Trust, Inc.* v. *Hamilton Lane Advisors, Inc.,* No. 03-10179, 2004 WL 2297150, at *4 & n.29 (5th Cir. Oct. 13, 2004) (declining to apply Rule 9(b) to a negligent misrepresentation claim).

or defenses.[29]  Plaintiff, of course, has not asserted a fraud claim against Cook. Rather, Plaintiff asserted a distinct set of state-law statutory claims *i.e.,* violations of the DTPA that are listed nowhere in Rule 9(b).[30]  Rule 9(b) should not be extended beyond its terms to statutory claims, especially since claims under the DTPA may be based on negligent or even innocent misrepresentations, as well as fraudulent ones.

Accordingly, Plaintiff argues that she has shown adequate cause why her independent state-law statutory DTPA claims should not be dismissed for violations of Rule 9(b)'s special pleading requirements.  As demonstrated above, Plaintiff's state law statutory DTPA claims are independent and can be brought separate and apart from any fraud claim.  In this case the DTPA claims are the only live claims and furthermore Plaintiff never pled a fraud claim in this cause. Accordingly Plaintiff argues Rule 9(b) should not apply.

## VI.    Alternatively, the Court Should Grant Leave for Plaintiff to Replead.

Cook cannot seriously claim that it does not understand the allegations of the Original Complaint against Cook sufficiently to answer them.  If the Court, however, were to conclude to the contrary, Plaintiff is fully prepared, and should be allowed if necessary, to replead her claims with additional particularity.  A dismissal under either Rule 12(b)(6) or Rule 9(b) should not be final, and the plaintiff usually is entitled to leave to amend the complaint pursuant to Rule 15(a).[31]

---

[29] *Id.* at *4 n.29 (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1297 (2d ed. 1990)).

[30] FED. R. CIV. P. 9(b) (emphasis added).

[31] *See, e.g., Foman* v. *Davis*, 371 U.S. 178, 182 (1962); *Waste Control Specialists* v. *Envirocare of Texas, Inc.,* 199 F.3d 781, 786 (5th Cir. 2000) ("[T]he usual course of action upon granting a defendant's Rule 12(b)(6) motion to dismiss is to allow a plaintiff to amend his or her complaint."). *Summer* v. *Land & Leisure, Inc.,* 664 F.2d 965, 971 (5th Cir. 1981) ("[Dismissal for failure to comply with Rule 9(b) is almost always with leave to amend.").

In the event that the Court determines that the Original Complaint requires greater specificity, Plaintiff respectfully requests that the Court grant her leave to replead her claims before dismissing her claims.

### VII.    Conclusion

The Plaintiff in this case did not assert a fraud claim against Cook that would require pleading with particularity as required by FRCP 9(b).  This Plaintiff asserted violations of the Texas Deceptive Trade Practices Act which are independent statutory claims.  As such, the Court should not apply Rule 9(b) to Plaintiff's DTPA claims.  If the Court were to conclude to the contrary, the Plaintiff respectfully requests that the Court grant her leave to replead her claim with additional particularity, which Plaintiff can do given Cook's multiple oral and written misrepresentations.  Accordingly, the Plaintiff requests that Cook's Motion to Dismiss be denied.


Dated: June 26, 2023                    Respectfully submitted,

                                        s/ *Harold T. McCall, Jr.*
                                        Harold T. McCall, Jr.
                                        TX 24054279
                                        Wright McCall
                                        5707 W. Interstate 10
                                        San Antonio, TX 78201
                                        Telephone: (205) 558-9000
                                        E-Mail: hmccall@wrightmccall.com

                                        *Attorney for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 26th 2023, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

<u>s/ *Harold T. McCall, Jr.*</u>
Harold T. McCall, Jr.