UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS   LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Harris, Paula A., 1:17-cv-01717

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR JUDGMENT IN PLAINTIFF PAULA A. HARRIS' CASE PURSUANT TO CMO-28**

The Court should dismiss Plaintiff's cause of action in its entirety. Plaintiff's undisputed knowledge in 2012 of the injury she now claims—a failed retrieval—negates her arguments based on the discovery rule and fraudulent concealment. Plaintiff's other claims fail for the same reasons this Court has stated in multiple other cases.[1]

### A.     Ohio's Discovery Rule Does Not Save Plaintiff's Case

Plaintiff's case is time-barred under Ohio law because she did not commence this action until more than two years after her failed filter retrieval. At the outset, Plaintiff's reliance on the discovery rule is misplaced. Ohio's "discovery rule seeks to redress the unconscionable result reached by a strict application of the limitations period to injured parties whose right to recovery can be barred by the statute of limitation before the party is even aware of ***an injury's*** existence." *Flynn v. Bd. of Trs. of Green Twp.*, 2006 WL 3690300, at *1 (Ohio Ct. App. Dec. 15, 2006) (emphasis added) (citation omitted). Ohio's discovery rule therefore only "applies in cases of latent injury and not in cases of possible latent defects." *Carter v. Medtronic, Inc.*, 2020 WL 2319729, at *4 (S.D. Ohio May 11, 2020) (citation omitted); *see also Braxton v. Peerless Premier Appliance Co.*, 2003 WL 21291061, at *2 (Ohio Ct. App. June 5, 2003). This limitation stems from the fact that "actual damage or injury is enough to put a reasonable person on notice of the need for further inquiry even where a defect is latent." *Baxley v. Harley-Davidson Motor Co.*, 875 N.E.2d 989, 991 (Ohio Ct. App. 2007)

Applying this well-established rule, this Court has declined to apply the Ohio discovery rule in cases where the alleged injury is a failed filter retrieval. *E.g.,* Dkt. 21835 (dismissing case

---

[1] Plaintiff's implied warranty claim fails for the same reasons her personal injury claims fail. *See, e.g.*, *Caterpillar Fin. Servs. Corp. v. Harold Tatman & Sons Ents.*, 137 N.E.3d 512, 524 (Ohio Ct. App. 2019). Plaintiff's express warranty and consumer protection claims likewise fail because the Court has ruled that these claims are not adequately pled in the Master Complaint. Dkt. 14809 at 10; Dkt. 4918 at 13-15. And, contrary to Plaintiff's assertions, Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims.

1

and holding that a failed retrieval is not a latent injury subject to the discovery rule); *see also* Dkt. 18391 (dismissing case under Ohio and Indiana law because the plaintiff "had enough information based on the failed retrieval procedure to put him on notice that there was a reasonable possibility that the filter harmed him and that he should inquire into his rights"). Here, Plaintiff cannot claim the benefit of the discovery rule because she knew—or should have known—of her injury and the injury's alleged link to the filter at the time of the failed filter retrieval. *See, e.g.*, Dkt. 18391.

Plaintiff seeks to avoid this result by claiming that she received "contradictory information" concerning her alleged injury. Dkt. 24467 at 3. But this argument makes no sense. The failed retrieval is **the exact injury** that Plaintiff claims that she suffered. *See* Dkt. 24363. Plaintiff therefore faces an insoluble dilemma: If Plaintiff's 2012 failed retrieval *was* an injury, as her pleadings assert, her claims based on that "injury" are barred by the statute of limitations. *See Peh v. Kollin*, 158 N.E.3d 1057, 1061-62 (Ohio Ct. App. 2020). But if her failed retrieval was ***not*** an injury, as she suggests in her response, Plaintiff has no compensable injury and, thus, no claim.

The case law upon which Plaintiff relies is inapposite. For example, *Cacciacarne v. G.D. Searle & Co.* involved an IUD that allegedly caused the plaintiff to have difficulty conceiving a child. 908 F.2d 95, 96 (6th Cir. 1990). The court held that "plaintiff's cause of action did not accrue until [her doctor] informed her she would not be able to conceive." *Id.* at 97. But Plaintiff omits crucial context: although the plaintiff's doctor "voiced a suspicion that the IUD might have been the cause [of the plaintiff's inability to conceive]," he "also suspected other possible causes such as hormonal problems or endometriosis," which had to be ruled out. *Id.* at 96. In other words, Plaintiff's legal injury was uncertain and the alleged injury's connection to the product at issue was not immediately apparent. *See id.* at 97. The other cases Plaintiff cites involve similar latent or uncertain injuries. *See Harper v. Eli Lilly & Co.*, 575 F. Supp. 1359, 1365 (N.D. Ohio 1983)

2

(holding that the plaintiffs' "nonspecific ailments . . ., for which medical personnel could opine no cause, cannot be used as the date of discovery of 'injury'"); *O'Stricker v. Jim Walter Corp.*, 447 N.E.2d 727, 732 (Ohio 1983) (adopting discovery rule in the context of a latent injury after exposure to asbestos). These cases contrast with the instant action, where Plaintiff's claimed injury, the failed filter retrieval, manifested immediately and had a clear nexus with the filter. Plaintiff has presented no reason the Court should deviate from its previous rulings dismissing failed retrieval cases as untimely under Ohio law. *See, e.g.*, Dkt. 21835; Dkt. 18391.

C.   **Plaintiff's Fraudulent Concealment Argument is Unavailing**

The fraudulent concealment allegations in Plaintiff's amended complaint do not save her case, even if she had properly pled them.[2] *See* Dkt. 17462. The failed retrieval attempt provided enough information to Plaintiff regarding the potential existence of a cause of action ***independent*** of any alleged fraudulent concealment on Cook's part. *See* Dkt. 15907 (collecting cases and explaining that "fraudulent concealment requires an allegation that the defendant fraudulently concealed information from the plaintiff about the existence of the plaintiff's cause of action"). Indeed, the Court reached this very conclusion in *Heintzman* when it found that Plaintiff Heintzman's fraudulent concealment allegations did not save his claims under Indiana and Ohio law. *See* Dkt. 18391. Because Plaintiff does not dispute that she underwent a failed retrieval more than three years prior to filing her action, fraudulent concealment cannot apply. The case is time-barred.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

---

[2] Plaintiff's new allegations of fraudulent concealment do not cure the pleading defects the Court identified in its February 22, 2021 order. *See* Dkt. 15907. Plaintiff does not allege that Cook knew of and affirmatively concealed ***Plaintiff's*** cause of action, as the Court required, and Plaintiff does not state the circumstances of the alleged fraud—that is, the who, what, when, where, and how—with the particularity required by Rule 9(b). *See id.* at 6-9. Instead, Plaintiff alleges only the same sorts of ***pre***-filter-placement conduct set out in the Master Complaint.

3

Respectfully submitted,

Dated:  July 3, 2023

/s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2023, a copy of the foregoing **DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR JUDGMENT IN PLAINTIFF PAULA A. HARRIS'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*