UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Case:

Estate of Jacquelyn Hoskins, 1:17-cv-03097

# COOK DEFENDANTS' OPPOSITION TO THE ESTATE'S RESPONSE TO MAY 16, 2023 ORDER TO SHOW CAUSE

The Estate concedes that its product liability claims are untimely under Ohio law. The Estate asserts, however, that its express warranty and consumer protection claims should not be dismissed because "Plaintiff has asserted factual allegations that plausibly state a claim for both causes of action." Dkt. 24457. But the Estate's Short-Form Complaint does not add any substantive facts to supports its express warranty and consumer protection claims. The Estate's claims are therefore subject to dismissal based on this Court's previous rulings that these claims are not adequately pled in the Master Complaint. Further, even if the Court's previous rulings were not dispositive (they are), the Estate's express warranty and consumer protection claims are still subject to dismissal because they are not adequately pled under Ohio law.

**A.    The Estate Has Not Adequately Pled an Express Warranty Claim**

The Court should dismiss the Estate's express warranty claim because it has failed to adequately plead such a claim under Ohio law. Specifically, the Court has already held that the Master Complaint fails to adequately plead a claim for express warranty, and the Estate has not presented any reason the Court's previous ruling is not dispositive of the express warranty claim in the instant case. Moreover, even if the Court's previous ruling were not dispositive, the Estate's claim would still fail under Ohio law because (1) common law express warranty claims are abrogated by Ohio's product liability statute and (2) the Estate has not asserted an express warranty claim under any statutory theory.

   **1.    The Court's previous ruling is dispositive of the Estate's express warranty claim**

This Court has already held that the Master Complaint fails to adequately plead a claim for express warranty. Dkt. 4918 at 14-15. The Estate argues, however, that the Court's previous ruling is not dispositive of its express warranty claim because the ruling does not explicitly address Ohio law. Dkt. 24457 at 6. Specifically, the Estate asserts that the Court's previous ruling

1

"addressed a warranty claim under Texas law, which differs substantially from Ohio, particularly as it required the patient to read the representation herself, as opposed to relying on her physician." *Id.* But because both Ohio law and Texas law require a showing of reliance to maintain an express warranty claim, the Estate's argument is without merit.

As the Estate notes, a plaintiff pursuing an express warranty claim under Ohio law must allege, among other things, reliance on the defendant's alleged representation. Dkt. 24457 at 3 (citing *Ace Am. Ins. Co. v. Gerling & Assocs., Inc.*, 630 F. Supp. 3d 919, 2022 WL 4468584, at *5 (S.D. Ohio 2022)). The Estate argues that it has met its pleading burden by "alleg[ing] that Defendants made factual representations regarding the safety of the Cook Celect IVC filter, relied upon by Decedent Jacquelyn Hoskins through her physician." Dkt. 24457 at 5. But the Estate does not cite to any allegation in the Master Complaint or the Short-Form Complaint corroborating this statement precisely because the Estate has not ***attempted*** to plead such an allegation, much less plead one with sufficient detail regarding the alleged content of the warranty and manner of reliance.

The two Ohio cases cited by the Estate are inapposite. Both cases involve explicit allegations in the operative complaint that the plaintiff or the plaintiff's treating physician relied upon the alleged warranty. *See Younce v. Glaxosmithkline, LLC*, 2022 WL 18359405, at *10 (Del. Super. Ct. Dec. 29, 2022) ("Plaintiffs alleged that the medical professional who prescribed [the medication] relied upon [the manufacturer's] label and prescriber information."); *Johnson v. Esai*, 590 F. Supp. 3d 1053, 1064 (N.D. Ohio 2022) (explaining that the plaintiff specifically alleged that her treating physician "recommended [the medication] as a safe and effective drug to use and prescribed it to [her]"). Moreover, both cases focus on the specific issue of whether the plaintiffs sufficiently identified a representation to support the existence of a warranty, not whether they

2

specifically alleged reliance. *Younce*, 2022 WL 18359405, at *9; *Johnson*, 590 F.Supp.3d at 1064. Accordingly, these cases cannot save the Estate's express warranty claim.

To the contrary, the Estate's express warranty claim under Ohio law fails for the same reason Plaintiff Apple's express warranty claim failed under Texas law—that is, the Estate does not allege reliance, an essential element for an express warranty claim under both states' laws. *See* Dkt. 4918 at 15; Dkt. 24457 at 3. The Estate's Short-Form Complaint does not add any substantive facts to change this result, and the Estate has failed to articulate any other reason the Court's rationale in its previous ruling does not to apply to the instant case. The Court should therefore dismiss the Estate's express warranty claim.

**2.   Even if the Court's previous ruling were not dispositive, the Estate still fails to plead to an express warranty claim under Ohio law**

The Estate's express warranty claim under Ohio law also fails for the independent reason that it is preempted by the Ohio Products Liability Act (the "OPLA"), which expressly abrogates common-law express warranty claims. *See, e.g.*, *Mitchell v. Proctor & Gamble*, 2010 WL 728222, at *3 (S.D. Ohio Mar. 1, 2010); *Evans v. Hanger Prosthetics & Orthotics, Inc.*, 735 F. Supp. 2d 785, 797 (N.D. Ohio 2010); *Delahunt v. Cytodyne Techs.*, 241 F. Supp. 2d 827, 842 (S.D. Ohio 2003); *Stratford v. SmithKline Beecham Corp.*, 2008 WL 2491965, at *7 (S.D. Ohio June 17, 2008); *Gordon v. B. Braun Med. Inc.*, 2020 WL 1491378, at *4 (S.D. Ohio Mar. 27, 2020). In other words, the Estate's express warranty claim is "subsumed" by its product liability claim. Ohio Rev. Code Ann. § 2307.71(13) (defining "product liability claim" to include "[a]ny failure of [the] product to conform to any relevant representation or warranty"). And because product liability claims in Ohio are subject to a two-year statute of limitations, the Estate's express warranty claim is time-barred along with its other product liability claims, which this Court has already dismissed with prejudice. *See* Dkt. 24129; *see also Bazdar v. Koppers Co., Inc.*, 524 F. Supp. 1194, 1198

3

(N.D. Ohio 1981) (applying the two-year statute of limitations for product liability claims to the plaintiff's breach of express warranty claim); *Summers v. Max & Erma's Rest., Inc.*, 2008 WL 3822437, at *6 (Ohio Ct. App. Aug. 15, 2008) (same).

The Estate seeks to avoid this result by claiming that it "alternatively asserts its express warranty claim under the Ohio Uniform Commercial Code" (the "Ohio UCC"). Dkt. 24457 at 3; *see also Miller v. ALZA Corp.*, 759 F. Supp. 2d 929, 943 (S.D. Ohio 2010) (explaining that express warranty claims under the Ohio UCC are not abrogated by the OPLA because the OPLA only abrogates common law claims). But neither the Master Complaint nor the Short-Form Complaint references the Ohio UCC or the UCC in general. The Estate's conclusory argument should therefore be rejected because it was not pled in the complaint. *See, e.g.*, *id.* (rejecting the plaintiff's argument that his warranty claims were asserted under the Ohio UCC because his complaint did not cite any portion of the statute and his briefing "merely assert[ed] in conclusory fashion that the claims [were] UCC claims, not common law claims"); *Donley v. Pinnacle Foods Grp., LLC*, 2009 WL 5217319, at *4 (S.D. Ohio Dec. 28, 2009) (dismissing the plaintiff's warranty claims as preempted by the OPLA where the complaint "contained no reference to the Uniform Commercial Code, or to the two statutes he cite[d] in his memorandum").

**B.   The Estate Has Not Adequately Pled a Claim Under Ohio's Consumer Protection Statute**

The Estate's claim under the Ohio Consumer Sales Practices Act ("OCSPA") fares no better. As with the express warranty claim, the Court has already held that the Master Complaint fails to adequately plead a consumer protection claim. Dkt. 14809 at 10. The Estate argues, however, that this order is not dispositive as to its consumer protection claims because "[t]he order applied FRCP 9(b) to a claim under the Oregon consumer fraud statute, but does not address Ohio law, which does not require the application FRCP 9(b)." Dkt. 24457 at 6-7. The Estate's

4

arguments are unavailing. The Estate's consumer protection claim is subject to Rule 9(b)'s heightened pleading requirements, and this Court has already held that the Master Complaint fails to meet this standard. The Court's citation of an Oregon case in its order is irrelevant because the Court was applying Federal Rule 9(b), not substantive Ohio law. Further, even assuming for the sake of argument that Rule 9(b) did not apply to the Estate's consumer protection claim, the claim is still insufficiently pled and subject to dismissal because Ms. Hoskins (and thus the Estate) is not a "consumer" entitled to the benefit of Ohio's consumer protection statute.

> 1. **The Estate's consumer protection claim is subject to Rule 9(b) and should be dismissed for reasons this Court has already articulated**

The Estate asserts that Rule 9(b) does not apply to claims brought under the OCSPA. *Id.* at 6 (citing *Ferron v. Search Cactus, LLC*, 2007 WL 1792332, at *4 (S.D. Ohio July 13, 2007)). The Estate's position is overly simplistic. There is currently a split among federal courts in Ohio regarding the pleading standard applicable to claims asserted under the OCSPA. *See, e.g.*, *Savett v. Whirlpool Corp.*, 2012 WL 3780451, at *5 (N.D. Ohio Aug. 31, 2012). Nevertheless, the weight of authority favors application of Rule 9(b). *See, e.g.*, *Scheetz v. Consumer Rsch. Corp.*, 2008 WL 11350242, at *2 (S.D. Ohio June 23, 2008).

In *Scheetz*, the court considered whether the plaintiffs' claim under the OCSPA should be held to the heightened Rule 9(b) standard. *Id.* As the Estate does here, the plaintiffs in the case cited *Ferron* for the proposition that Rule 9(b) does not apply to claims under the OCSPA, additionally arguing that "nowhere in their complaint d[id] they use the word fraud." *Id.* The court rejected the plaintiffs' argument and cast doubt upon the *Ferron* decision:

> The word "fraud" as used in Rule 9(b) should not be construed to refer only to statutory or common-law fraud. Black's Law Dictionary defines "fraud" to include "unconscionable dealing." The Court finds no reason to distinguish "unconscionable dealing" and "unfair and deceptive trade practices." Here, the gravamen of plaintiffs' complaint is that defendant allegedly committed fraudulent

5

and deceptive business practices. Accordingly, Rule 9(b) applies regardless of whether the OCSPA uses the word "fraud."

The single decision on which plaintiffs rely does not outweigh the combined precedent of multiple decisions of the Sixth Circuit, the courts of this District and the State of Ohio, as well as the trend of district courts across the country. Accordingly, the Court holds that the pleading standard embodied in Fed. R. Civ. P. 9(b) applies to actions arising under the OCSPA's prohibition of unfair and deceptive trade practices.

*Id.* at *2-3 (internal citations omitted). In fact, *Scheetz* aligns with case law from the Seventh Circuit in which the Court of Appeals has analyzed consumer protection claims under Rule 9(b). *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736-37 (7th Cir. 2014) (applying Illinois law and holding that the plaintiff's consumer protection claim should be analyzed under Rule 9(b)).

Here, as in *Scheetz*, the gravamen of the Estate's consumer protection claim sounds in fraud. Indeed, the Master Complaint explicitly mentions fraud. Master Compl., ¶ 114 ("Defendants engaged in . . . ***fraudulent*** and misleading acts or practices in violation of all states' consumer protection laws[.]" (emphasis added)). The Estate's consumer protection claim is therefore subject to the heightened pleading requirements of Rule 9(b) and fails for the reasons this Court has already articulated. *See* Dkt. 14809 at 10 (holding that the "vague and generalized allegations [in the Master Complaint] fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)").

**2.   Even assuming the Estate's consumer protection claim were not subject to Rule 9(b)'s pleading standard, the claim is still insufficiently pled**

Even assuming for the sake of argument that the Court's previous ruling were not dispositive (which it is) and rule 9(b) did not apply (which it does), Plaintiff has still failed to plead a consumer protection claim under Ohio law. The OCSPA prohibits a supplier from "commit[ting] an unfair or deceptive act or practice in connection with a consumer transaction." Ohio Rev. Code Ann. § 1345.02(A). The OCSPA's protections are limited to "consumers," which the statute

6

defines as "a person who engages in a consumer transaction with a supplier." Ohio Rev. Code Ann. § 1345.01 (D); *see also Hamilton v. Ball*, 7 N.E.3d 1241, 1259 (Ohio Ct. App. 2014) ("Non-consumers are not entitled to the protection of the [O]CSPA.").

In *Hamilton*, the court was tasked with determining whether a wife, who was not listed on the sales contract for the vehicle at issue, and a minor child were "consumers" for purposes of the OCSPA. *Hamilton*, 7 N.E.3d at 1259. The court opined:

> The trial evidence establishes that both Sarah [the wife] and Benjamin Hamilton were present when the Torrent was purchased from BP Auto Sales. Both Benjamin and Sarah visually inspected the vehicle, test drove the vehicle, and were present when Ball [the supplier] made the statement that the vehicle was in good condition. Dallas Hamilton is a minor child and in no way participated in the purchase of the Torrent.
>
> Based on the foregoing, we find that credible evidence supports the trial court's judgment awarding [O]CSPA damages to Sarah Hamilton. ***Sarah was present throughout the dealings with Ball and had major input in the Hamiltons' decision to purchase the Torrent.*** It is quite clear that she was "a person who engage[d] in a consumer transaction with a supplier," and thus, a "consumer" entitled to [O]CSPA protections. Ball's argument that the "sales contract listed Benjamin Hamilton as the sole purchaser of the 2006 Torrent" misconstrues the law. The CSPA simply does not require a claimant to have privity of contract to bring a claim under the Act. . . .
>
> With regards to the [O]CSPA claims brought by Dallas Hamilton [the minor], we agree with the trial court's finding that no evidence supports the claims. All that was adduced at trial is that Dallas is a minor child, and that the Hamiltons bought the vehicle primarily for Sarah and his use. ***While Dallas may have been an intended beneficiary of the transaction, he was in no way "engaged" in a consumer transaction with a supplier.*** . . .

*Id.* at 1259-60 (emphasis added). In other words, to be a "consumer" for purposes of the OCSPA, the individual must have had at least some interaction with the supplier and meaningful input into the decision to purchase the product at issue. *Id.*

Here, Ms. Hoskins (through the Estate) is in a similar position to that of the minor in *Hamilton*. The Estate does not claim that Ms. Hoskins meaningfully participated in the purchase of the filter. Indeed, the Estate does not claim that Ms. Hoskins had ***any*** interaction with Cook at

7

any time prior to the filter's placement. Accordingly, there is simply no evidence to support that Ms. Hoskins "engaged" in a consumer transaction with Cook and thus no evidence that Ms. Hoskins was a "consumer" for purposes of the OCSPA. As "[n]on-consumers are not entitled to the protection of the [O]CSPA," the Estate's consumer protection claim is subject to dismissal as a matter of law. *Id.* at 1259.

* * *

For the following reasons, Cook respectfully requests that the Court dismiss the Estate's express warranty and consumer protection claims.

Respectfully submitted,

Dated: July 10, 2023

/s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2023, a copy of the foregoing **COOK DEFENDANTS' OPPOSITION TO THE ESTATE'S RESPONSE TO MAY 16, 2023 ORDER TO SHOW CAUSE** was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*