UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ This Document Relates to: Regina Sisco, 1:22-cv-00647 _____ | ) ) ) ) ) ) ) ) ) ) ) )    1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ENTRY ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiff Regina Sisco's case on grounds her claims are barred by North Carolina's statute of repose. The court, having read and reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion should be **GRANTED**.

**I.   Background**

Plaintiff is a North Carolina resident who was implanted with a Cook Celect Vena Cava Filter on February 22, 2010, at Pitt County Memorial Hospital in Greenville, North Carolina. (Cause No. 1:22-cv-00647, Filing No. 1, Short Form Compl. ¶¶ 4-6, 10-12). On March 31, 2022, she filed the present action against Cook, alleging claims for strict

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

1

products liability, negligence, negligence per se, breach of express warranty, breach of implied warranty, and consumer fraud. (*Id.* ¶ 14).

## II. Discussion

"All products liability claims,[2] regardless of their nature, are subject to a statute of repose." *Lackey v. DePuy Orthopedics*, Case No. 5:10-cv-00030-RLV-DSC, 2011 WL 2791264, at *2 (W.D.N.C. July 14, 2011) (citing *Nat'l Prop. Investors, VIII v. Shell Oil Co.*, 950 F. Supp. 710, 713 (E.D.N.C. 1996)). "A statute of repose is a substantive limitation, and is a condition precedent to a party's right to maintain a lawsuit." *Robinson v. Bridgestone/Firestone N. Am. Tire, LLC*, 703 S.E.2d 883, 886 (N.C. Ct. App. 2011) (citation omitted). "If the action is not brought within the specified period, the plaintiff literally has no cause of action. The harm that has been done is *damnum absque injuria*—a wrong for which the law affords no redress." *KB Aircraft Acquisition, LLC v. Berry*, 790 S.E.2d 559, 567 (N.C. Ct. App. 2016) (cleaned up); *see also Lackey*, 2011 WL 2791264, at *2 ("A statute of repose bars a right of action even before injury has occurred, in instances when the injury occurs outside of the prescribed time period.") (citing *Bollick v. Am. Barmag Corp.*, 293 S.E.2d 415, 418 (N.C. 1982)).

Cook argues Plaintiff's claims are barred by North Carolina's twelve-year statute of repose for product liability actions. N.C. Gen. Stat. § 1-46.1(1). Plaintiff raises three

---

[2] The parties appear to agree that Plaintiff's claims fall within North Carolina's definition of a product liability action. *See* N.C. Gen. Stat. § 99B-1(3) (defining a "product liability action" as "any action brought for or on account of personal injury . . . caused by or resulting from the manufacture, . . . design, . . . warning, . . . marketing, selling, [or] advertising . . . of any product.").

2

arguments in response to Cook's motion. First, Plaintiff argues Cook waived the statute of repose by expressly warrantying the Celect filter is safe and effective as a permanent filter. Second, Plaintiff argues her claims fall under a latent-disease exception. Lastly, Plaintiff argues the doctrines of equitable estoppel and fraudulent concealment preclude application of the statute of repose to her claims. The court begins with Plaintiff's first argument.

### A. Cook Did Not Waive the Statute of Repose

Plaintiff's waiver argument is premised on *Christie v. Hartley Construction, Inc.*, where the North Carolina Supreme Court held that a seller may bargain away the protection of the statute of repose by extending an express warranty to the buyer that exceeds the repose period. 766 S.E.2d 283, 288 (N.C. 2014). Under North Carolina law, an express warranty is created when a seller makes "[a]ny affirmation of fact or promise . . . which relates to the goods and becomes a basis of the bargain." N.C. Gen. Stat. § 25-2-313(1)(a).

In *Christie*, the plaintiffs purchased an exterior cladding system manufactured by GrailCoat to cover the exterior of their new home. 766 S.E.2d at 284. GrailCoat's warranty promised that "[p]roperly installed . . . , [SuperFlex] is fully warranted for twenty years not to crack, craze, fatigue or delaminate from the substrate." *Id.* at 285. When the product began to crack and blister, GrailCoat claimed North Carolina's six-year statute of repose for improvements to property, N.C. Gen. Stat. § 1-50(a)(5), barred plaintiffs' attempt to enforce the 20-year warranty. *Id.* The North Carolina Supreme Court reversed summary judgment for GrailCoat, reasoning:

3

> GrailCoat advertised its product to plaintiffs as being "fully warranted" for twenty years . . . . Plaintiffs' evidence indicated that they carefully researched SuperFlex and other possible exterior cladding systems for their home and were influenced by GrailCoat's twenty-year warranty when making their final decision. As a result, we conclude that GrailCoat knowingly and freely entered into a contract of sale with plaintiffs in which GrailCoat bargained away the protections of the statute of repose. The contract at issue provided for a warranty of twenty years. The warranty stands in its entirety.

*Id.* at 288.

*Christie* is distinguishable from Plaintiff's case. There, GrailCoat "fully warranted" that its product would be free from certain defects for a specific number of years. The *Christie* plaintiffs relied on the warranty in making their decision to buy GrailCoat's product, and it became part of the basis of the bargain between the parties. *Id.* at 288. In contrast here, Plaintiff alleges Cook expressly warranted its Celect filter would be "'safe and effective as a permanent filter' to doctors and patients." (Filing No. 22104, Pl.'s Resp. at 1; *see also id.* ("According to Cook, the Celect can remain safely in the patient forever and removal is unnecessary thus providing Plaintiff with a lifetime warranty.")). But this allegation is nothing but a "naked assertion." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (noting a "naked assertion of conspiracy . . . gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility"); *Teal v. Argon Med. Devices, Inc.*, 533 F. Supp. 3d 535, 545 (E.D. Mich. 2021) (dismissing plaintiff's warranty claim where plaintiff alleged, in part, that defendant "widely advertised and promoted [the Option Filter] as a safe and effective permanent placement" because the allegation was "conclusory and devoid of the requisite specificity for the claim to proceed"). Plaintiff

4

does not "identify any specific words, promises, affirmations, or statements[3]. . . that would create an express warranty." *Sasso v. Tesla, Inc.*, 584 F. Supp. 3d 60, 75 (E.D.N.C. 2022) (quoting *McCauley v. Hospira, Inc.*, No. 1:11CV108, 2011 WL 3439145, at *6 (M.D.N.C. Aug. 5, 2011)); *see also City of High Point v. Suez Treatment Solutions, Inc.*, 485 F. Supp. 3d 608, 628 (M.D.N.C. 2020) (dismissing plaintiff's warranty claim where plaintiff "fail[ed] to allege any specifics about the terms or understanding of the express warranty"); *McGrain v. C.R. Bard, Inc.*, 551 F. Supp. 3d 529, 543 (E.D. Pa. 2021) ("To plausibly plead an express warranty claim, some level of meaningful detail is required."). Moreover, Plaintiff does not plausibly allege when, where, or by whom the representation was made, nor allege that she personally relied on any alleged representation before receiving her filter such that it became "the basis of the bargain." *Sasso*, 584 F. Supp. 3d at 75 (dismissing plaintiff's warranty claim in part because he failed to "plausibly allege who made the representations, when they made them, where they appear in [defendant's] advertising or other materials, or any other details"). The court therefore finds that Plaintiff's allegation that Cook warranted its

---

[3] Plaintiff also cites *Bussian v. DaimlerChrysler Corp.*, 411 F. Supp. 2d 614 (M.D.N.C. 2006) and *Goodling v. Johnson & Johnson*, No. 4:21-CV-00082, 2022 WL 414285 (M.D. Penn. Feb. 10, 2022) in support of her argument that Cook's description of its filter as a "permanent filter" created an express lifetime warranty. Those cases are distinguishable from the present case because the alleged warranties in *Bussian* and *Goodling*, unlike the alleged warranty here, included specific terms. In *Bussian*, "Defendants represented the [Dodge Durango's] ball joints to have a 'projected design life of 10 years/150,000 miles,' to be 'maintenance-free,' and to have a 'durability equal to or greater to that provided by ball joints requiring periodic lubrication.'" 411 F. Supp. 2d at 620. In *Goodling*, defendants described the pelvic mesh medical device "as a 'permanent implant' that will 'permanently cure or alleviate' [plaintiff's] stress urinary incontinence," and defendants "represent[ed] that the mesh product would not shrink, deform, or degrade." *Goodling*, 2022 WL 414285, at *12.

5

filters to doctors and patients as a "safe and effective permanent filter" is insufficient to support an inference that Cook "knowingly and freely entered into a contract of sale with [Plaintiff] in which [Cook] bargained away the protections of the statute of repose."[4] *Christie*, 766 S.E.2d at 541.

### B.     The Latent Disease Exception Does Not Apply

Next, Plaintiff argues her injury is analogous to a "latent disease," and therefore the North Carolina statute of repose does not apply to her claims.  The latent disease exception is "limited to diseases that 'develop over long periods of time after multiple exposures to offending substances which are thought to be causative agents,' [and] where it 'is impossible to identify any particular exposure as the first injury.'"  *In re Mentor Corp. ObTape Transobturator Sling Prods. Liab. Litig.*, No. 4:08-MD-2004, 2016 WL 873854, at *2 (M.D. Ga. March 4, 2016) (quoting *Hyer v. Pittsburgh Corning Corp.*, 790 F.2d 30, 33 (4th Cir. 1986)).  An apt example is asbestosis.  *Wilder v. Amatex Corp.*, 336 S.E.2d 66, 73 (N.C. 1985) (holding North Carolina's prior 10-year statute of repose did not apply to plaintiff's personal injury claim related to the disease of asbestosis).

Plaintiff does not allege she suffers from a "disease" that developed unnoticed over a long period of time following multiple exposures to toxic agents.  Instead, she alleges a *physical injury* arising from placement of a single medical device.  The rationale for the latent disease exception simply does not apply.  *Fulmore v. Johnson & Johnson*,

---

[4] Plaintiff did not request leave to amend her warranty allegations. *See Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 335 (7th Cir. 2018) ("Nothing in Rule 15, nor in any of our cases, suggests that a district court must give leave to amend a complaint where a party does not request it.").

581 F. Supp. 3d 752, 758 (E.D.N.C. 2022) (rejecting application of the latent disease exception where plaintiff alleged only complications of symptoms from the implantation of medical device, not any "disease" as defined under North Carolina law).

    **C.    There Are No Equitable Exceptions to the North Carolina Statute of Repose**

Lastly, Plaintiff argues that North Carolina recognizes equitable estoppel and/or fraudulent concealment and that these doctrines preclude application of the statute of repose to her claims. Plaintiff is mistaken. Under North Carolina law, "substantive rights, such as those created by the statute of repose, are not subject to tolling." *Stallings v. Gunter*, 394 S.E.2d 212, 216 (N.C. Ct. App. 1990) (holding fraudulent concealment "cannot operate to toll the running of the statute of repose"); *Monson v. Paramount Homes, Inc.*, 515 S.E.2d 445, 449 (N.C. Ct. App. 1999) ("While equitable doctrines may toll the statute of limitation, they do not toll substantive rights created by statutes of repose."); *State ex rel. Long v. Petree Stockton, L.L.P.*, 499 S.E.2d 790, 798 (N.C. Ct. App. 1998) ("[E]quitable doctrines do not toll the statute of repose"). Accordingly, Plaintiff may not rely on equitable estoppel or fraudulent concealment to toll the statute of repose.

**III.    Conclusion**

Plaintiff is bound by North Carolina's 12-year statute of repose. Because Plaintiff filed this action outside the repose period, the Cook Defendants' Motion for Judgment (Filing No. 22012) must be **GRANTED**.

**IT IS SO ORDERED** this 10th day of July 2023.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.