UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND             Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION              MDL No. 2570
_____

This Document Relates Only to the Following Case:

Allysha Ramon, 1:16-cv-01046
_____

**COOK DEFENDANTS' OPPOSITION TO PLAINTIFF'S
RESPONSE TO MAY 31, 2023 ORDER TO SHOW CAUSE**

The Court has already dismissed Plaintiff's negligence, negligence per se, product liability, and breach of implied and express warranty claims. *See* Dkt. 24280 at 5. The Court, however, has provided Plaintiff with an opportunity to show cause as to why her "consumer fraud claim" should not be dismissed for failing to meet Rule 9(b)'s heightened pleading requirements. *Id*. Plaintiff has failed to meet her burden.

Contrary to Plaintiff's assertions, federal courts have routinely applied Rule 9(b) to claims under the Texas Deceptive Trade Practices Act (the "DTPA"), and Plaintiff has offered no reason why the Court should not do the same here. Moreover, Plaintiff's perfunctory request for leave to amend should be denied because she has not proposed any amendments that would save her claim. Accordingly, the Court should dismiss Plaintiff's consumer fraud claim with prejudice.

**A.     The Court's Previous Order is Dispositive as to Plaintiff's Claim under the DTPA.**

Plaintiff's claim under the DTPA fails because such a claim has not been adequately pled. The Court has already held that the Master Complaint fails to plead a consumer fraud claim adequately. Dkt. 14809 at 10. And Plaintiff's Short-Form Complaint does not add any substantive facts to save these claims. Nevertheless, Plaintiff seeks to avoid this result by arguing that her "claim was erroneously analyzed under Oregon state Law [sic]." Dkt. 24529 at 1. Plaintiff's argument is unavailing.

Plaintiff's claim under the DTPA was *not* analyzed under Oregon law. Instead, the Court found that, because Plaintiff has not added any substantive allegations in her Short-Form Complaint to support her consumer fraud claim, her claim fails for the same reason the Oregon Plaintiff's consumer fraud claim failed—that is, the Master Complaint does not adequately plead a consumer fraud claim under the applicable *federal* pleading standard, i.e., Rule 9(b). *See* Dkt. 24280 at 5 (citing Dkt. 14809 at 10) (emphasis added). The Court's previous order is therefore dispositive of Plaintiff's claim under the DTPA, as these claims are subject to Rule 9(b)'s

1

heightened pleading standard. The mere fact that the previous order involved an Oregon plaintiff is not reason—in and of itself—to permit Plaintiff's claim to proceed.

B.      **Rule 9(b) Applies to Plaintiff's Claims**

Plaintiff's arguments that Rule 9(b) does not apply to her claims under the DTPA are without support. "[I]t is well-established that '[c]laims alleging violations of the DTPA are subject to the requirements of Rule 9(b).'" *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009) (alterations in original) (quoting *Patel v. Holiday Hospitality Franchising, Inc.*, 172 F. Supp.2d 821, 824-25 (N.D. Tex. 2001)); *see also Franklin v. Apple Inc.*, 569 F. Supp. 3d 465, 479 (E.D. Tex. 2021) ("[C]laims made under the DTPA for misrepresentation are subject to the heightened pleading requirements of Rule 9(b)."). The cases upon which Plaintiff relies are inapposite, as none of the cases concern the federal pleading standard for claims under the DTPA. Moreover, the mere fact that Plaintiff has not expressly asserted a fraud claim against Cook is of no import because Rule 9(b)'s requirements "apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) (citation omitted).

Because it is well-established that Rule 9(b)'s heightened pleading standard applies to claims under the DTPA and because this Court has already held that the Master Complaint fails to adequately plead a claim under Rule 9(b), Plaintiff has failed to demonstrate why her claim should not be dismissed. Cook, therefore respectfully requests that the Court dismiss Plaintiff's consumer fraud claim.

C.      **The Court Should Deny Plaintiff Leave to Amend Her Complaint**

The Court should deny Plaintiff's request for leave to amend her complaint. A "grant of leave to amend the pleadings . . . is within the discretion of the court," and a denial of leave "will

be overturned only if there was no justifying reason for it." *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 773 (7th Cir. 1995) (citations omitted). Here, the Court has a "justifying reason" for denying Plaintiff's request: Plaintiff has not provided *any* proposed facts that she would allege in an amended complaint. *See Carmody v. Bd. of Trs. of Univ. of Illinois*, 747 F.3d 470, 480 (7th Cir. 2014) (affirming the trial court's denial of leave to amend where the plaintiff provided "no indication of what allegations he would like to add" because "the court can reasonably expect a party asking for an opportunity to amend to identify how he proposes to cure the defects"); *see also Jackson v. Bloomfield Police Dep't*, 2018 WL 529781, at *1 (E.D. Wis. 2018) (denying motion for leave to amend where, among other things, the plaintiff did not identify any facts that he would allege in an amended complaint); *Khan v. Bd. of Educ. of City of Chicago*, 2018 WL 11489571, at *3 (N.D. Ill. Oct. 15, 2018) (finding that granting the plaintiff leave to amend would be futile where the plaintiff did not articulate a reason why an amendment would cure the identified defects).[1] Without proposed amendments, the Court is left to guess at whether Plaintiff's amendments would cure the inherent defects in her pleadings. *See White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021) ("[T]his court has repeatedly and consistently held that perfunctory and undeveloped arguments, as well as arguments that are unsupported by pertinent authority, are waived.").

In short, Plaintiff has been presented with an opportunity to show cause why her claim should not be dismissed, including an opportunity to demonstrate how she would amend her complaint to save her claim. Plaintiff has failed to seize upon this opportunity, and this failure is dispositive of her request and, thus, her claim. *See Carmody*, 747 F.3d at 480; *Khan*, 2018 WL

---

[1] Moreover, the Local Rules expressly require motions to amend pleadings to include a "signed proposed amended pleading and a proposed order." L.R. 15-1(a)(1). Plaintiff has not complied with this requirement.

3

11489571, at *3. Accordingly, the Court should reject Plaintiff's request for leave to amend and dismiss Plaintiff's claim with prejudice.

*   *   *

For the following reasons, Cook respectfully requests that the Court dismiss Plaintiff's remaining claim under the DTPA with prejudice.

Respectfully submitted,

Dated:  July 21, 2023

/s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2023, a copy of the foregoing **COOK DEFENDANTS' OPPOSITION TO PLAINTIFF'S RESPONSE TO MAY 31, 2023 ORDER TO SHOW CAUSE** was filed electronically and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

                    */s/ Jessica Benson Cox*