IN THE UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
INDIANA INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

The Estate of Jacquelyn Hoskins 1:17-cv-03097-RLY-TAB

**PLAINTIFF'S REPLY IN SUPPORT OF RESPONSE TO
MAY 16, 2023 ORDER TO SHOW CAUSE**

Plaintiff responded to the Court's Order to Show Cause regarding the sufficiency of its breach of express warranty and consumer protection claims. (Dkt. 24457.) Defendants sought leave to and filed an Opposition to Plaintiff's Response. (Dkt. 24603.) The Opposition raises a host of new arguments not previously asserted, none of which justify dismissal of Plaintiff's claims. The Court must deny Defendants' Motion for Judgment on the Pleadings as to Plaintiff's claims for breach of express warranty and violation of Ohio's consumer protection laws.[1]

**I.      Plaintiff's Express Warranty Claim Stands.**

      **a. The Express Warranty Claim Is Not Subject to Any Prior Order Finding It Improperly Pled.**

In their Opposition, Defendants did not come forward with any ruling by this Court stating that the Master Complaint fails to state an express warranty claim under Ohio law. Defendants nevertheless argue, without merit, that the claim is insufficiently pled.

---

[1] Defendants' statement that Plaintiff has admitted its other claims are time barred is incorrect. In response to Defendants' Motion under CMO-28 (Dkt. 15863), Plaintiff defended the timeliness of those claims. Plaintiff later responded to an Order to Show Cause regarding two other claims, the timeliness of which was not challenged in the CMO-28 Motion. Nowhere has Plaintiff made an admission that any claim was untimely.

Defendants do not contest that reliance by the decedent's physician is sufficient, instead arguing that reliance by the physician was not pled. However, Plaintiff alleged that they, "individually and through their implanting physicians, reasonably relied upon the skill, superior knowledge and judgment of the Defendants." (Master Compl. at ¶ 93.) Plaintiff further alleged that Defendants made the relevant representations to decedent's implanting physician "in their marketing materials, both written and orally, and in the IFUs." (*Id.* ¶ 95.) And, "[h]ad adequate warnings and instructions been provided, Plaintiffs would not have been implanted with Cook IVC Filters, and would not have been at risk of the harmful injuries described[.]" (*Id.* ¶ 57.) This is enough.

Defendants effectively ask the Court to assume, contrary to the allegations above, that decedent's physician did not read and rely upon any of the manufacturer's statements in implanting a medical device inside of her body. This defies common sense. *Cf. Krause v. Ethicon*, 2020 WL 1185287, at * (E.D. Wis. Mar. 11, 2020) (on summary judgment, "Plaintiff's implanting doctor testified that he relied on the information in the IFU when discussing the risks of the TVT with plaintiff, and plaintiff's expert has testified that doctors typically rely on the IFU in this way [which is sufficient] to find that defendants made a material misrepresentation upon which plaintiff, via her doctor, relied").

It is particularly unjustified to draw such a conclusion on a motion for judgment on the pleadings, where the Court must draw all reasonable inferences in favor of the plaintiff. *See, e.g.*, *Washington v. Equifax Credit Bureau*, 2008 WL 3833845, at *1 (N.D. Ind. Aug. 13, 2008). The only reasonable inference in favor of Plaintiff – on allegations that warranties were made in written materials to a physician, who would not have implanted the device if proper information had been provided – is that decedent's physician was familiar with and relied on these warranties in implanting the decedent with a Cook IVC filter.

### b.  The Express Warranty Claim Is Neither Subsumed nor Time Barred.

Defendants argue that Ohio's product liability statute "expressly abrogates common-law express warranty claims" – but Plaintiff did not rely on common law in its Response, instead citing two statutory bases for the claim, Ohio Rev. Code § 2307.77 and the Ohio UCC.  The argument that Plaintiff's express warranty claim is insufficiently pled because it is "subsumed" is incorrect.

Defendants also use this notion to argue that the express warranty claim is untimely, as it is subject to the product liability statute of limitations.  Defendants never contested the timeliness of this claim and cannot do so now.  The Order to Show Cause that gave rise to this briefing provided for additional response on the sufficiency of Plaintiffs' claims for breach of express warranty and consumer protection.  (Dkt. 24129.)  Timeliness was addressed in Defendants' CMO 28 motion, which did not challenge this claim.  Defendants may not move on a new ground in an Opposition to a show cause response.

Finally, Plaintiff checked "Express Warranty" as an asserted claim in the Short Form Complaint and may assert it under any available legal theory.  Pleadings, particularly in multi-district litigation, need not plead legal theory; factual allegations supporting each claim are sufficient.  *See, e.g.*, *Whitaker v. Milwaukee County, Wisc.*, 772 F.3d 802, 808 (7th Cir. 2014) ("[I]t is factual allegations, not legal theories, that must be pleaded in a complaint."); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("[W]e have stated repeatedly (and frequently) that a complaint need not plead legal theories, which can be learned during discovery.").  Plaintiff may assert its express warranty claim under different and alternative theories, including under the UCC.

Defendants have not offered any valid ground on which to dismiss Plaintiff's express warranty claim.

**II.     There Are No Grounds on Which to Dismiss Plaintiff's Consumer Protection Claim.**

> **a. Questions About a Split of Authority Regarding the Applicability of Rule 9(b) Are Best Addressed by the Transferee Court.**

Defendants acknowledge that precedent exists for Plaintiff's position that Rule 9(b) does not apply to claims under Ohio's Consumer Protection statute, instead suggesting that a split of authority exists. The best court to resolve a split is one located in Ohio, upon transfer out of the multi-district litigation proceedings on a suggestion of remand. There is no need for this Court to wade into an out-of-circuit split, particularly through the prejudicial act of dismissing claims.

Regardless, the claim does not "sound" in fraud, as argued by Defendants. Plaintiff alleges, per the required elements of the claim, that Defendants made misrepresentations, relied upon by decedent through her physicians, causing injury to decedent. This sounds in fraud no more than warranty, failure to warn, or misrepresentation claims, none of which are held to the pleading standard of Rule 9(b).

> **b. Plaintiff Has Standing to Assert Its Consumer Protection Claim.**

Plaintiff is a "person" with standing to sue under Ohio's deceptive trade practices act. Defendants cite only a single, factually inapposite case to the contrary. Other courts have found that consumers may sue. *See Bower v. Int'l Bus. Machs., Inc.*, 495 F.Supp.2d 837, 842–44 (S.D. Ohio 2007). In a thoughtful analysis of the issue, the S.D. Ohio ruled that individuals have standing:

> That language plainly provides that a "person" may "commence a civil action" against another "person" who has committed a "deceptive trade practice[,]" and included within the statutory definition of "person" is an "individual" along with a litany of legal or commercial entities, with the catch-all phrase "or any other legal or commercial entity []" at the end. *See* Ohio Rev.Code §§ 4165.01(D), 4165.03(A)(2). One might well ask the question why the word "individual" was included in the definition had the Ohio General Assembly not intended to give individual consumers the standing to sue under the ODTPA.

*Schumacher v. State Auto. Mut. Ins. Co.*, 47 F. Supp. 3d 618, 632 (S.D. Ohio 2014). Further, the notion that decedent did not "participate" in the sale of the device – despite having it surgically implanted within her body and paying for it – does not withstand scrutiny.

Ample caselaw supports Plaintiff's standing to sue under Ohio's Consumer Sales Practices Act ("CSPA"). But even if some discrepancy in Ohio law exists, it is not necessary for a federal court in Indiana to step into the dispute. This issue is more appropriately addressed by a transferee court. As such, this Court should deny Defendants' Motion for Judgment on the Pleadings as to this claim.

### III. Conclusion.

Defendants have not set forth any reasons why Plaintiff's allegations, and corresponding inferences, do not support its claims for express warranty and violation of Ohio's consumer protection statute. Defendants' Motion for Judgment on the Pleadings Under CMO 28 must be denied as to Counts V and VII.

Dated: July 21, 2023

Respectively submitted,

*Paul L. Stoller*
Paul L. Stoller
(Admitted *Pro Hac* Vice, AZ Bar No. 016773)
**RUEB STOLLER DANIEL, LLP**
2425 E. Camelback Road, Suite 500
Phoenix, Arizona 85016
Tel: (602) 888-2807
Fax: (855) 203-2035
paul@lawrsd.com

**Lead Counsel for Plaintiff**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

                                                    /s/ *Paul L. Stoller*
                                                    Paul L. Stoller

2

Case 1:14-ml-02570-RLY-TAB Document 24674 Filed 07/21/23 Page 7 of 7 PageID #: 138896