**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Case:

Ernie R. Scott, Civil Case No. 1:20-cv-196

**COOK DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT**

The Cook Defendants[1] respectfully move the Court to enter summary judgment on all of Plaintiff Ernie Scott's claims against them for compensatory damages. The Cook Defendants are entitled to summary judgment on Plaintiff's claims on the grounds that there is no genuine issue of material fact and the Cook Defendants are entitled judgment as a matter of law. Specifically:

1. Plaintiff's design-based claims fail as a matter of law because:

    a. California law does not permit recovery under a strict-liability design defect theory in cases involving medical devices; and

    b. Plaintiff has offered no admissible expert testimony in support of the defect, negligence, or causation elements of his design-based claims.

2. Plaintiff's warning-based claims fail as a matter of law because:

    a. Federal law preempts Plaintiffs' warning-based claims;

    b. Plaintiff fails to identify any expert testimony that the Tulip IFU's warnings were inadequate;

---

[1] The Cook Defendants in this matter are Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe APS (collectively "Cook Defendants").

    c. The risk that delay in the retrieval of an IVC filter can make an eventual retrieval difficult or impossible was well known in the medical community at the time Plaintiff's filter was placed;

    d. Plaintiff's treating physician actually knew of this risk at the time he placed Plaintiff's Tulip filter, and no additional information about that risk would have changed his decision to place the Tulip filter; and

    e. The information about the risk provided by the Tulip IFU was adequate as a matter of law.

3. Plaintiff's manufacturing-based claims fail as a matter of law because Plaintiff has identified no expert testimony or other evidence to support it, and has thus abandoned it.

4. Plaintiff's claim for negligence per se fails as a matter of law for the reasons described above, and because federal law preempts the claim.

5. Plaintiff's claim of breach of express warranty fails as a matter of law because Plaintiff has identified no express warranty that became the basis of any bargain and no breach of any such remedy.

6. Plaintiff's claim of breach of implied warranty fails as a matter of law because:

    a. Plaintiff lacks privity with Cook;

    b. Plaintiff has identified no evidence supporting such a claim.

7. Plaintiff's claim of statutory consumer fraud under California law fails as a matter of law because:

    a. Plaintiff has failed to plead the underlying fraud with the particularity required by Rule 9(b);

    b. The undisputed facts establish that neither Plaintiff nor his doctor relied on

       any representation by Cook.

This motion is supported by the Cook Defendants' Memorandum In Support Of Motion For Summary Judgment and exhibits filed herewith. For the foregoing reasons, the Cook Defendants urge the Court to grant their motion and to enter summary judgment in favor of the Cook Defendants and provide all other just and appropriate relief.

| | |
|---|---|
| Dated: September 29, 2023 | Respectfully submitted, |

/s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2023, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*