UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION  _____  This Document Relates to:  Louis Paciocco, 1:17-cv-03100  _____ | 1:14-ml-02570-RLY-TAB  MDL No. 2570 |

**ENTRY ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] move for judgment on the pleadings in Plaintiff Louis Paciocco's case. The court, having read and reviewed the parties' submissions and the applicable law, finds the Cook Defendants' motion should be **GRANTED**.

**I.   Background**

Plaintiff is a North Carolina resident who was implanted with a Cook Günther Tulip Vena Cava Filter on June 19, 2006, at the University of North Carolina Hospital Rex Hospital in Raleigh, North Carolina. (Cause No. 1:17-cv-03100, Filing No. 21, Second Am. Short Form Compl. ¶¶ 10-12).

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

1

Plaintiff filed the present action against Cook on September 6, 2017, alleging claims for strict products liability, negligence, breach of warranty, and consumer fraud. (*Id.*, ¶ 14). He also seeks punitive damages. (*Id.*).

**II.   Discussion**

Cook argues Plaintiff's claims are barred by North Carolina's former six-year statute of repose for product liability actions. N.C. Gen. Stat. § 1-50(a)(6). Plaintiff raises three arguments in response to Cook's motion. First, he argues his claims are timely under North Carolina's current twelve-year statute of repose. N.C. Gen. Stat. § 1-46.1(1). Second, he argues North Carolina's statute of repose does not apply to claims for latent diseases. Lastly, he argues Cook waived the statute of repose as a defense by expressly warrantying that the Günther Tulip Vena Cava Filter was a permanent lifetime implant. The court begins with Plaintiff's first argument.

    **A.   Plaintiff's Claims are Governed by North Carolina's Six-Year Statute of Repose**

"All products liability claims, regardless of their nature, are subject to a statute of repose." *Lackey v. DePuy Orthopedics*, Case No. 5:10-cv-00030-RLV-DSC, 2011 WL 2791264, at *2 (W.D.N.C. July 14, 2011) (citing *Nat'l Property Investors, VIII v. Shell Oil Co.*, 950 F.Supp. 710, 713 (E.D.N.C. 1996)). "A statute of repose is a substantive limitation, and is a condition precedent to a party's right to maintain a lawsuit." *Robinson v. Bridgestone/Firestone N. Am. Tire, LLC*, 703 S.E.2d 883, 886 (N.C. Ct. App. 2011) (citation omitted). "If the action is not brought within the specified period, the plaintiff literally has no cause of action. The harm that has been done is *damnum absque*

*injuria*—a wrong for which the law affords no redress." *KB Aircraft Acquisition, LLC v. Berry*, 790 S.E.2d 559, 567 (N.C. Ct. App. 2016) (cleaned up); *see also Lackey*, 2011 WL 2791264, at *2 ("A statute of repose bars a right of action even before injury has occurred, in instances when the injury occurs outside of the prescribed time period.") (citing *Bullock v. Am. Barmag Corp.*, 293 S.E.2d 415, 418 (N.C. 1982)).

Prior to 2009, North Carolina's statute of repose provided that no personal injury claims "based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption." N.C. Gen. Stat. § 1-50(a)(6). On October 1, 2009, the North Carolina legislature repealed § 1-50(a)(6) and enacted a new, twelve-year statute of repose. N.C. Gen. Stat. § 1-46.1(1) (identical statutory text with repose period extended to 12 years). The new repose period applies only to "causes of action that accrue on or after" October 1, 2009. *Robinson*, 703 S.E.2d at 886. The revised statute does not have retroactive effect. *Id*. at 887.

Plaintiff contends the North Carolina legislature extended the repose period for those product liability claims that were not "extinguished" by the six-year statute of repose as of October 1, 2009. Because his product liability claims were not barred by the six-year statute of repose as of October 1, 2009, he contends this action falls under the twelve-year statute of repose and is therefore timely.

The plain language of North Carolina's statute of repose provides that the repose period begins to run on "the date of initial purchase for use or consumption." N.C. Gen. Stat. § 1-46.1(1); *see also* N.C. Gen. Stat. § 1-50(a)(6) (repealed 2009). As observed by a

3

North Carolina federal district court, "courts applying North Carolina law have consistently applied [the] six-year statute of repose in cases where the product in question was first purchased or delivered, as here, before October 1, 2009." *Cramer v. Ethicon, Inc.*, Case No. 1:20-cv-95-MOC-WCM, 2021 WL 243872, at *4 (W.D.N.C. Jan. 25, 2021); *see also Bond v. Johnson & Johnson*, No. 21-05327 (FLW) & No. 21-05333 (FLW), 2021 WL 6050178, at *13 (D.N.J. Dec. 21, 2021) (applying North Carolina's six-year statute of repose in hernia mesh case because it was in effect at the time of the implantation surgery); *Lackey*, 2011 WL 2791264, at *2 (applying six-year statute of repose in hip prosthetic case because it "was in effect at the time Plaintiff purchased the allegedly defective product"). As Plaintiff received his Tulip filter before October 1, 2009, the operative statutory period of repose is six years.

      **B.**    **The Latent Disease Exception Does Not Apply**

Next, Plaintiff argues his injury is analogous to a "latent disease," and therefore the North Carolina statute of repose does not apply to his claims. The latent disease exception is "limited to diseases that 'develop over long periods of time after multiple exposures to offending substances which are thought to be causative agents,' [and] where it 'is impossible to identify any particular exposure as the first injury.'" *In re Mentor Corp. ObTape Transobturator Sling Prods. Liab. Litig.*, No. 4:08-MD-2004, 2016 WL 873854, at *2 (M.D. Ga. March 4, 2016) (quoting *Hyer v. Pittsburgh Corning Corp.*, 790 F.2d 30, 33 (4th Cir. 1986)). An apt example is asbestosis. *Wilder v. Amatex Corp.*, 336 S.E.2d 66, 73 (N.C. 1985) (holding North Carolina's prior 10-year statute of repose did not apply to plaintiff's personal injury claim related to the disease of asbestosis).

4

Plaintiff does not allege he suffers from a "disease" that developed unnoticed over a long period of time following multiple exposures to toxic agents. Instead, his claims arise from complications which arose from a single medical device that was implanted in his body. The rationale for the latent disease exception simply does not apply. *In re Mentor Corp.*, 2016 WL 873854, at *2 ("[P]laintiff's claim is not a claim arising from disease that developed over many years after multiple exposures to a toxic substance; it is a claim arising from complications he contends were caused by a medical device that was implanted in h[is] body.").

### C. Cook Did Not Waive the Statute of Repose

In *Christie v. Hartley Construction, Inc.*, 766 S.E.2d 283 (N.C. 2014), the North Carolina Supreme Court held that a seller may bargain away the protection of the statute of repose by extending a full warranty to the buyer that exceeds the repose period. 766 S.E.2d 283, 288 (N.C. 2014). Relying on *Christie*, Plaintiff argues Cook waived the statute of repose as a defense by expressly warrantying that his IVC filter "was a permanent lifetime implant." (Second Am. Compl. ¶ 14).

In an Entry dated March 19, 2024, the court held warranty allegations like Plaintiff's are insufficient to create an express lifetime warranty. (*See* Filing No. 25387, Entry on the Cook Defendants' Motion for Judgment on the Pleadings on Express Warranty Claims at 10–11 & n.4). The court therefore finds Cook did not waive the statute of repose.

### III. Conclusion

Plaintiff's claims are barred by North Carolina's six-year statute of repose set forth

in the now-repealed N.C. Gen. Stat. § 1-50(a)(6).  The Cook Defendants' Motion for Judgment (Filing No. 21170) is **GRANTED**.

**SO ORDERED** this 16th day of August 2024.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

6