CERTIFIED COPY
A True Copy
Teste:
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

In the
# United States Court of Appeals
## For the Seventh Circuit

No. 23-3008

IN THE MATTER OF:

COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

APPEAL OF: JESSICA GEHNER

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
Nos. 1:14-ml-02570 & 1:16-cv-01166 — **Richard L. Young**, *Judge*.

ARGUED MAY 24, 2024 — DECIDED JULY 30, 2024

Before EASTERBROOK, KIRSCH, and LEE, *Circuit Judges*.

KIRSCH, *Circuit Judge*. Jessica Gehner was implanted with a Cook Medical inferior vena cava (IVC) filter in Ohio. She later developed abdominal pain, and a March 2013 CT scan revealed that the filter had perforated her IVC. Gehner's doctors believed that the filter was compressing her small bowel, causing her pain, and recommended the filter's removal. The IVC filter was removed in Ohio in April 2013, but a fragment

Case 1:14-ml-02570-RLY-TAB   Document 25932   Filed 08/21/24   Page 2 of 7 PageID #: 148685
Case: 23-3008   Document: 00714427894   Filed: 08/21/2024   Pages: 5   (2 of 7)

2                                                                No. 23-3008

was left behind because the filter had fractured prior to or during removal.

Gehner sued Cook Incorporated, Cook Medical LLC, and William Cook Europe APS in May 2016, as part of the consolidated proceedings in federal court in *In re: Cook Medical, Inc., IVC Filters Marketing, Sales Practices and Products Liability Litigation*, MDL No. 2570. Relevant to this appeal, she brought products liability and implied warranty claims. The defendants moved for judgment on the pleadings, Fed. R. Civ. P. 12(c), arguing that her claims were time barred under Ohio's two-year statute of limitations. In response, Gehner asserted that her doctors told her that she was experiencing a rare side effect of the filter, not that the filter was defective. She said she was unaware of the defect until 2016, when her mother saw a television commercial about the defective nature of IVC filters and told Gehner about it. The district court granted the defendants' motion, concluding that the claims were time barred. In doing so, the court relied on an affidavit from Gehner, which the parties agree converted the defendants' Rule 12(c) motion to one for summary judgment. Fed. R. Civ. P. 12(d). Gehner appeals, arguing that her claims are not time barred by the two-year statute of limitations.

"We review a grant of summary judgment de novo, construing the evidence and drawing all reasonable inferences in favor of the nonmoving party." *Johnson v. Edward Orton, Jr. Ceramic Found.*, 71 F.4th 601, 609 (7th Cir. 2023). The parties agree that Ohio law provides the statute of limitations for Gehner's claims. Under Ohio law, "an action based on a product liability claim and an action for bodily injury … shall be brought within two years after the cause of action accrues."

Case 1:14-ml-02570-RLY-TAB   Document 25932   Filed 08/21/24   Page 3 of 7 PageID #: 148686
Case: 23-3008   Document: 00714427894   Filed: 08/21/2024   Pages: 5   (3 of 7)

No. 23-3008                                                                3

Ohio Rev. Code § 2305.10(A). For claims related to medical devices,

> a cause of action … accrues upon the date on which the plaintiff is informed by competent medical authority that the plaintiff has an injury that is related to the exposure, or upon the date on which by the exercise of reasonable diligence the plaintiff should have known that the plaintiff has an injury that is related to the exposure, whichever date occurs first.

*Id.* § 2305.10(B)(1).

In March 2013, Gehner's doctors informed her that the IVC filter—which had perforated her IVC and was compressing her small bowel—was the cause of her abdominal pain and needed to be removed. Her cause of action thus began to accrue then, as she was informed by competent medical authority that she had an injury related to the IVC filter. At the latest, it began to accrue in April 2013, when her IVC filter was removed, and a fragment was left behind because the filter had fractured. See *Griffin v. Am. Med. Sys., Inc.*, 106 F.3d 400 (6th Cir. 1997) (unpublished) (noting that no one told the plaintiff his medical device was defective until after removal, but the removal itself "alerted [him] that the [device] might be defective"). Because Gehner sued more than two years after becoming aware that the IVC filter injured her, and more than two years after the filter's removal, the district court correctly concluded that her claims were time barred.

Gehner argues that though she knew the filter injured her, her doctors never informed her that her injuries were related to a defect in the filter or the defendants' wrongful conduct,

4 No. 23-3008

instead telling her that she experienced a rare side effect. She says that she was unaware that the IVC filter was defective until her mother saw a television commercial about IVC filters in 2016, and thus her claim could not have started accruing until then. But "[a] plaintiff need not have discovered all the relevant facts necessary to file a claim in order to trigger the statute of limitations." *Flowers v. Walker*, 589 N.E.2d 1284, 1287 (Ohio 1992). After an injury has occurred, "additional time is not given to [] discover whether the [product] was defective." *Id.* at 1288. Rather, once a person "discovers the causal relationship between a physical injury and use of a product, … he may infer a defective or negligently manufactured product, unless the physical injury is known and anticipated to be the natural and probable result of the use of the product." *Lundy v. Lederle Labs., Div. of Am. Cyanamid Co.*, 561 N.E.2d 1027, 1032 (Ohio Ct. App. 1988) (quotation omitted). A rare side effect is inherently not a natural and probable result of the filter's use. Thus, once Gehner was aware of the causal relationship between her injury and the IVC filter, she was put on sufficient notice that the filter may have been defective, thereby starting the two-year statute of limitations clock.

Gehner also argues that her suit is timely under the Ohio Supreme Court's "discovery rule," but it is not. She points to *O'Stricker v. Jim Walter Corp.*, 447 N.E.2d 727 (Ohio 1983), which states,

> [w]hen an injury does not manifest itself immediately, the cause of action arises upon the date on which the plaintiff is informed by competent medical authority that he has been injured, or upon the date on which, by the exercise of reasonable diligence, he should have become

No. 23-3008                                                          5

>       aware that he had been injured, whichever date
>       occurs first.

*Id.* at 732. Gehner insists the *O'Stricker* discovery rule is more lenient—that the claim accrues when the plaintiff either knows or reasonably should have known that she was injured and that the defendants' conduct proximately caused her injury. She discerns this rule from *O'Stricker*'s syllabus, which states that the claim accrues when "the plaintiff knows, or by the exercise of reasonable diligence should have known, that he had been injured by the conduct of defendant." *Id.* at 727; see *Ohio v. Robinette*, 519 U.S. 33, 48 n.6 (1996) (Stevens, J., dissenting) ("It is ordinarily the syllabus that precedes an Ohio Supreme Court opinion, rather than the opinion itself, that states the law of the case."). But such a rule is inapplicable to her claims because "the discovery rule generally applies in cases of latent injury and not in cases of possible latent defects." *Baxley v. Harley-Davidson Motor Co.*, 875 N.E.2d 989, 991 (Ohio Ct. App. 2007). Her claim concerns a latent defect, not a latent injury: she states that her physicians never informed her that a defect in the filter caused her injury. Gehner does not argue that she was unaware she was injured or unaware her injury was related to the filter. And awareness of an injury is "enough to put a reasonable person on notice of the need for further inquiry even where a defect is latent." *Id.*; see also *Flowers*, 589 N.E.2d at 1288 ("[T]he 'cognizable event' itself puts the plaintiff on notice to investigate the facts and circumstances relevant to her claim in order to pursue her remedies."). Summary judgment for the defendants is therefore proper.

AFFIRMED

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**FINAL JUDGMENT**

July 30, 2024

CERTIFIED COPY
A True Copy
Teste:

_____
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*
THOMAS L. KIRSCH II, *Circuit Judge*
JOHN Z. LEE, *Circuit Judge*

| No. 23-3008 | IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>APPEAL OF: JESSICA GEHNER |
|---|---|
| **Originating Case Information:** ||
| District Court Nos: 1:14-ml-02570-RLY-TAB & 1:16-cv-01166-RLY-TAB<br>Southern District of Indiana, Indianapolis Division<br>District Judge Richard L. Young ||

The judgment of the District Court is **AFFIRMED**, with costs, in accordance with the decision of this court entered on this date.

*Christopher Conway*

Clerk of Court

form name: **c7_FinalJudgment**    (form ID: **132**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

August 21, 2024

To: Roger A. G. Sharpe
UNITED STATES DISTRICT COURT
Southern District of Indiana
United States Courthouse
Indianapolis, IN 46204-0000

| No. 23-3008 | IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>APPEAL OF: JESSICA GEHNER |
|---|---|
| **Originating Case Information:** ||
| District Court No: 1:14-ml-02570-RLY-TAB<br>Southern District of Indiana, Indianapolis Division<br>District Judge Richard L. Young ||
| **Originating Case Information:** ||
| District Court No: 1:16-cv-01166-RLY-TAB<br>Southern District of Indiana, Indianapolis Division<br>District Judge Richard L. Young ||

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:                                No record to be returned

form name: **c7_Mandate**    (form ID: **135**)