UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Cases:

Bennett, Betty - 1:23-cv-07058

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT IN PLAINTIFF BETTY BENNETT'S CASE PURSUANT TO CMO-28**

Texas's 15-year statute of repose bars Plaintiff's claims. Plaintiff has failed to adequately plead an express-warranty claim, let alone one establishing that Cook warranted her filter to have a useful safe life of longer than 15 years. *See* Dkt. 25387. Indeed, the Court already resolved this issue when it dismissed all express-warranty claims pled by Plaintiffs in the MDL, including Plaintiff Bennett's claim. *See id.* Because Plaintiff did not amend her Short-Form Complaint in the time the Court already allotted specifically for that purpose, Plaintiff has no express-warranty claim, rendering the express-warranty exception inapplicable. Her claims should be dismissed.

A.   **The Express-Warranty Exception Does Not Save Plaintiff's Claims**

Because Plaintiff does not dispute that her filter was delivered more than 15 years before filing her case, she bears the burden of establishing that the statute of repose does not apply to her case by virtue of the express-warranty exception. *See Sears, Roebuck & Co. v. Tyco Fire Prods. LP*, 833 F.Supp.2d 892, 899-900 (N.D. Ill. 2011) (applying Texas law). Plaintiff has not met that burden. This Court has consistently held that (1) the Texas statute of repose bars all claims pled by plaintiffs who filed their cases more than 15 years after receiving their filter and (2) references to the Cook filters as being "permanent" do not create an express warranty for purposes of the statutory exception. *See, e.g.*, Dkt. 4918 at 13-15 (dismissing plaintiff's claims as time-barred by the Texas statute of repose and rejecting her express-warranty argument); Dkt. 24892 (same); Dkt. 24602 (same). Earlier this year, this Court granted Cook's motion for partial judgment and dismissed the express-warranty claims of all Plaintiffs (including Plaintiff Bennett). *See* Dkt. 25387. Pursuant to the Court's order, Plaintiff had an opportunity to amend her complaint to try to plead an express-warranty claim; she did not seize that opportunity. *See id.* at 12. She has no express-warranty claim and cannot claim the benefit of the exception.

1

Plaintiff's position here is thus even weaker than the arguments advanced by earlier Texas plaintiffs who invoked the express-warranty exception: not only has the Court already rejected Plaintiff's express-warranty argument in those other cases, but it has also held that all Plaintiffs in the MDL have failed to adequately plead the existence of an express warranty.[1]  *See id.* at 11 ("[T]he court finds the documents referenced in the Master Complaint do not constitute express lifetime warranties.").  To try to avoid these rulings, Plaintiff argues that Texas law does not require a plaintiff to adequately plead an express-warranty claim to avoid application of the statute of repose.  Dkt. 25875 at 2.  But despite her lengthy submission, Plaintiff cites no case law in support of her position.[2]  The Court therefore need not consider Plaintiff's unsupported argument.  *See LINC Fin. Corp. v. Onwuteaka*, 129 F.3d 917, 921 (7th Cir. 1997) (noting that a court "has no duty to research" and holding that plaintiff's "utter failure to produce a single case or statute supporting his . . . arguments . . . is sufficient to waive all of those arguments").

Regardless, Plaintiff's argument fails under Texas law.  "Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."  Tex. Gov't Code § 311.011.  "Express warranty" is one such phrase, having been given a "technical or particular meaning" when Texas adopted the Uniform Commercial Code in 1967.  *See* Tex. Bus. & C. Code § 2.313(1)(1).  By the time Texas enacted the statute of repose in 1993 and amended it in 2003, "express warranty" was already statutorily

---

[1] The Court has already rejected Plaintiff's argument that Cook's IFU and marketing materials for the Tulip and Celect Filters create an express warranty because the IFUs contain a list of potential adverse risks associated with filter use.  Dkt. 25387 at 11; *see also* 25904 at 22 (dismissing Plaintiffs' punitive damages claim and noting "[t]he Tulip IFU has advised doctors of multiple risks of IVC filter placement").  Plaintiff's argument concerning Cook's alleged communications with the FDA fail for the reasons already discussed, while also failing because Plaintiff has not and cannot allege that she relied on these representations to the FDA.  *Morris v. Adolph Coors Co.*, 735 S.W.2d 578, 587 (Tex. App. 1987) (noting that reliance is an element of an express-warranty claim under Texas law).
[2] Plaintiff exceeded CMO 28's 3-page limit by nearly 6 pages.  *See* Dkt. 14601 at 3.

defined.³  *See* Tex. Civ. Prac. & Rem.§ 16.012.  This statutory definition controls.  *See, e.g.*, *Roberts v. Sea-Land Servs., Inc.*, 566 U.S. 93, 101 (2012) ("[T]he words of a statute must be read in their context and with a view to their place in the overall statutory scheme.").  Indeed, at least one court applying Texas law has used the definition of "express warranty" in the Texas Business and Commercial Code to determine what constitutes an express warranty for purposes of the statute-of-repose exception.  *Sears*, 833 F.Supp.2d at 899 (finding plaintiff failed to meet the requirements of the express-warranty exception) (citing Tex. Bus. & C. Code § 2.313)).  Plaintiff's argument asks the Court to depart from these well-established rules of statutory interpretation (and thus the Texas legislature's intent).  The Court should reject this argument.

**B.     The Court Should Deny Plaintiff's Request for Leave to Amend.**

The Court should also reject Plaintiff's request for leave to amend.  When the Court dismissed all express-warranty claims, Plaintiffs were granted leave to amend their Short-Form Complaints by April 26, 2024.  *See* Dkt. 25837 at 12.  Plaintiff did not do so.  She cannot claim ignorance of the Court's order because her counsel argued the motion on behalf of all MDL Plaintiffs.  Because she did not timely amend her complaint or provide any explanation as to how she would amend, the Court should reject Plaintiff's request as futile and untimely.  *See Sounds of Music Co. v. Minnesota Min. & Mfg. Co.*, 477 F.3d 910, 922-23 (7th Cir. 2007) (holding that a district court may deny leave to amend if "there is undue delay, bad faith, or dilatory motive, or undue prejudice . . . , or futility of amendment.") (cleaned up; internal citations omitted)).

---

³ Even if the Texas legislature had not defined "express warranty," courts apply the common-law definition of a term when the term has roots in common law.  *See Soroklit v. Rhodes*, 889 S.W.2d 239, 242 (Tex. 1994) ("Because the legislature has not defined 'negligence' as it is used [in a statute], we apply its common law meaning."); *Monsanto Co. v. Cornerstones Mun. Utility Dist.*, 865 S.W.2d 937, 939-40 (Tex. 1993) (using the common law to determine the ordinary meaning of an undefined term).  A common-law express-warranty claim still requires a plaintiff to plead an affirmation of fact, reliance, breach, and injury.  *See, e.g.*, *Methodist Hosp. v. Zurich Am. Ins. Co.*, 329 S.W.3d 510, 527 (Tex. App. 2009) (stating the elements of a common-law claim for breach of express warranty for services).

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: August 23, 2024 | /s/ *Jessica Benson Cox* |
|  | Jessica Benson Cox |
|  | Andrea Roberts Pierson |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 300 North Meridian Street, Suite 2500 |
|  | Indianapolis, Indiana 46204 |
|  | Telephone: (317) 237-0300 |
|  | Andrea.Pierson@FaegreDrinker.com |
|  | Jessica.Cox@FaegreDrinker.com |
|  |  |
|  | James Stephen Bennett |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 110 West Berry Street, Suite 2400 |
|  | Fort Wayne, Indiana 46802 |
|  | Telephone: (260) 424-8000 |
|  | Stephen.Bennett@FaegreDrinker.com |
|  |  |
|  | *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2024, a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT IN PLAINTIFF BETTY BENNETT'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*

4