UNITED STATERS DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | ) ) ) ) ) 1:14-ML-02570-RLY-TAB ) MDL No. 2570 |
| This Document Relates to: *Chad Lockard v. Cook Medical, Inc., et al.* Case No. 1:18-cv-06093 | ) ) ) ) ) ) ) |

**PLAINTIFF'S MOTION FOR SUGGESTION OF REMAND TO
<u>MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION</u>**

Plaintiff Chad Lockard ("Plaintiff" or "Lockard") by and through undersigned counsel, respectfully files this Motion for Suggestion of Remand to the Middle District of Florida, Tampa Division. Only case specific issues remain in Lockard's case and remand will serve the convenience of the parties and will promote the just and efficient conduct of the litigation. Notably, Lockard is the only plaintiff in this MDL pursuing a case specific manufacturing defect claim.

**BACKGROUND**

1. In September of 2016, at the age of 41, Plaintiff discovered that his Cook Celect IVC filter had fractured into several pieces, with one strut traveling through his blood stream and embedding in the right ventricle of his heart. Another fractured strut is lodged within his L3 vertebral body, while additional struts have penetrated the abdominal aorta and small bowel mesentery. *See* Lockard Dkt., No. 16-1.

2. In November 2017, Plaintiff filed a lawsuit against the Cook Defendants in the Circuit Court of the Sixth Judicial Circuit in Pinellas County, Florida. *Id.*, No. 2; Lockard *Chad Lockard v. Cook Incorporated et al.*, Case No. 17-5600-CI, Fla. 6th Cir. Ct. 2017, ECF No. 64542289.

3. After a year of litigation, the case was removed to federal court and transferred to this consolidated proceeding. Lockard Dkt., No. 1. In compliance with this Court's standing order, Plaintiff filed a Short-Form Compliant adopting the allegations of the Master Complaint. *Id.*, No. 13.

4. On July 22, 2024, Defendants moved for judgment on the pleadings regarding portions of the Master Complaint alleging manufacturing defect claims. MDL Dkt., No. 25838.

5. Plaintiff is filing, contemporaneously with this Motion, an Opposition to the Motion for Judgment on the Pleadings, on Plaintiffs' Manufacturing Defect Claims. Lockard Dkt., No. 17.

6. The Plaintiff Steering Committee has informed Plaintiff that he is the only Plaintiff in the MDL pursuing a case specific manufacturing defect claim.

## ARGUMENT

While the Judicial Panel on Multidistrict Litigation ("Panel") has the ultimate power to remand cases from the MDL, *see* 28 U.S.C. § 1407(a) and *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 28 (1998), the Panel typically relies on the transferee court to suggest when it should order remand. J.P.M.L. Rule 10.1(b)(i); *see In re Motor Fuel Temp. Sales Prac. Litig.*, 2012 WL 1963350, *1 (D. Kan. May 30, 2012). The transferee court may suggest to the Panel that cases be remanded where they are "ready for trial, or . . . would no longer benefit from inclusion in the coordinated or consolidated pretrial proceedings." *In re Multi-Piece Rim Prods. Liab. Litig.*, 464 F. Supp. 969, 975 (J.P.M.L. 1979); *see also, e.g., In re TMJ Implants Prods.*

2

*Liab. Litig.*, 872 F. Supp. 1019, 1038 (D. Minn. 1995). In determining whether cases will benefit from further coordinated proceedings, "the Court looks to the totality of the circumstances. Remand is appropriate where everything that remains to be done is case-specific or where remand will serve the convenience of the parties and witnesses and will promote the just and efficient conduct of the litigation." *In re Motor Fuel*, 2012 WL 1963350, at *2 (internal quotations and citations omitted).

This MDL was established on October 15, 2014. According to the Plaintiff Steering Committee all common discovery ended prior to the first bellwether trial, held in November 2017. Moreover, Plaintiff is the only individual pursuing a case specific manufacturing defect claim. It is undisputed that venue is proper in the Middle District of Florida, Tampa Division and that Florida substantive law applies to Lockard's case.

Lockard suffered one of the most catastrophic and life-threatening injuries in this MDL. Lockard originally filed this lawsuit in Florida state court in November of 2017. Lockard Dkt., No. 2. It was removed and transferred to this Court in September of 2018. *Id.*, No. 1. Plaintiff has patiently participated in these MDL proceedings for the past six years waiting for the opportunity to move forward with his specific case. Cook's recently filed Motion for Judgment on the Pleadings, on Plaintiffs' Manufacturing Claims - and the fact that Lockard is the only Plaintiff in this MDL pursuing such a claim - has significantly altered the balance of justice in favor of remand. *See* MDL Dkt. 25838, Lockard Dkt., No. 18 (Plaintiff's Case Specific Opposition).

Simply put, everything that remains to be done is case-specific is Lockard's case and remand will serve the convenience of the parties and witnesses and will promote the just and efficient conduct of the litigation." *In re Motor Fuel*, 2012 WL 1963350, at *2.

## CONCLUSION

For all the reasons set forth above, Plaintiff Chad Lockard's case should be remanded to the Middle District of Florida, Tampa Division. A proposed order is attached.

Dated: September 10, 2024

                              Respectfully submitted,

                              /s/  Matthew S. Mokwa
                              Matthew S. Mokwa
                              Fla Bar. No. 47761
                              THE MAHER LAW FIRM
                              398 W. Morse Blvd., Suite 200
                              Winter Park, FL  32789
                              407-839-0866
                              mmokwa@maherlawfirm.com

                              *Counsel for Plaintiff Chad Lockard*

## **CERTIFICATE OF SERVICE**

I, Matthew S. Mokwa, hereby certify that on September 10, 2024,  I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

                              /s/ Matthew S. Mokwa