# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

Cases Listed in Exhibit A

## COOK DEFENDANTS' OMNIBUS MOTION TO DISMISS CASES FILED BY INDIANA PLAINTIFFS FOR LACK OF SUBJECT MATTER JURISDICTION

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the Cook Defendants[1] move to dismiss the actions of the Plaintiffs listed in **Exhibit A** (the "Indiana Plaintiffs") for lack of subject matter jurisdiction.

1. The Indiana Plaintiffs base their claim of federal jurisdiction in this Court on diversity of citizenship under 28 U.S.C. § 1332. But there is no such diversity of citizenship, because both the Indiana Plaintiffs and Defendants Cook Incorporated and Cook Medical LLC, f/k/a Cook Medical Inc. are citizens of Indiana for diversity-jurisdiction purposes. Under black-letter law, this Court lacks subject matter jurisdiction over the Indiana Plaintiffs' actions, and the Court must dismiss those actions for lack of subject matter jurisdiction.[2]

## BACKGROUND

2. Plaintiffs' Master Consolidated Complaint for Individual Claims alleges:

---

[1] The Cook Defendants are Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe APS.

[2] The question of whether the Indiana Plaintiffs have properly plead an adequate amount in controversy under section 1332—the issue in the Seventh Circuit's decision in *Sykes/Parton*—is *not* at issue in this motion.

> This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the Plaintiff and the Defendants are citizens of different states, and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), excluding interest and costs and there is complete diversity of citizenship between Plaintiff and Defendant.

Pls.' Master Compl., Dkt. 213, ¶ 23.

3. Through their short-form complaints, all the Indiana Plaintiffs incorporate the Master Complaint, including these jurisdictional allegations, and provide certain case-specific information. Although the Short-Form Complaints do not expressly identify each individual plaintiff's state of citizenship, all of these Plaintiffs identified Indiana as their "state of current residence" in paragraph 6 of their Short-Form Complaints. This is the best available evidence regarding Plaintiffs' citizenship at the time of filing.

4. The Master Complaint also correctly alleges that Defendants Cook Incorporated and Cook Medical LLC are citizens of Indiana for diversity jurisdiction purposes.[3] *See* Dkt. 213, ¶¶ 9-10.

5. Specifically, Defendant Cook Incorporated. is an Indiana corporation with its principal place of business in Bloomington, Indiana. *See* Indiana Secretary of State Business Records for Cook Incorporated, attached as **Exhibit B**; *see also* Cook Defs.' Am. Ans. To Pls' Master Compl., Dkt. 8180, ¶¶ 12. Defendant Cook Incorporated is therefore a citizen of Indiana for diversity-jurisdiction purposes. *See* 28 U.S.C. § 133(c)(1).

6. Defendant Cook Medical LLC, f/k/a Cook Medical, Inc., was an Indiana corporation with its principal place of business in Indiana, and it was converted to a limited liability

---

[3] The other Cook Defendant, Defendant Cook William Europe (WCE), is based in Denmark. *Id.*, ¶ 19. The presence of WCE as a foreign defendant is not relevant to this motion, which relies on the lack of diversity between Plaintiffs on the one hand and Cook Incorporated and Cook Medical LLC on the other.

2

company effective January 1, 2014. *See* Indiana Secretary of State Business Records for Cook Medical, LLC attached as **Exhibit C**; *see also* Am. Ans., Dkt. 8180, ¶¶ 10-11. Cook Medical LLC is a citizen of Indiana for diversity-jurisdiction purposes. "The citizenship of a limited liability company is that of its members, and its members may include partnerships, corporations, and other entities that have multiple citizenships." *Perreault v. Prime Hospitality Grp.*, 2006 WL 2598270, at *2 (S.D. Ind. Sept. 8, 2006) (internal citations omitted); *see also Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998). The sole member of Cook Medical LLC. is Cook Incorporated. *See* Exhibit C. Because Cook Incorporated a citizen of Indiana, *see supra* ¶ 5, Cook Medical LLC is also a citizen of Indiana.

7. On October 6, 2023, the Cook Defendants sent letters to the attorneys representing the Indiana Plaintiffs listed in **Exhibit A** and advised those attorneys of the apparent lack of diversity of citizenship and consequent failure of subject matter jurisdiction. The Cook Defendants asked Plaintiff's attorneys either (1) to voluntarily dismiss Plaintiff's actions without prejudice for lack of subject matter jurisdiction or (2) to clarify that a Plaintiff actually ***was*** a citizen of a state other than Indiana at the time the original Short-Form Complaint was filed, thus providing factual support for diversity jurisdiction. *See* Attorney Declaration of Eldin Hasic, ¶¶ 2-3, attached as **Exhibit D**.

8. Following up on those letters, Cook's attorneys engaged in extensive meet-and-confer efforts with Plaintiffs' attorneys in attempts to obtain either dismissal or clarification of a factual basis for diversity jurisdiction. *See id.,* ¶¶ 4-8.

9. All of the Indiana Plaintiffs listed in **Exhibit A** have refused to voluntarily dismiss their actions against Cook. Each of these Plaintiffs either failed to respond at all to Cook's request

3

for voluntary dismissal, failed to provide a substantive response to the request, proposed additional conditions for dismissal, or stated that any dismissal would have to be "involuntary." *Id.*, ¶¶ 6-8.

10. In the course of meeting and conferring with Cooks' attorneys, none of the Indiana Plaintiffs' attorneys disputed that the Indiana Plaintiffs were in fact citizens of Indiana at the time they commenced their actions, and none of the attorneys suggested any factual or legal basis for federal jurisdiction over their clients' actions other than diversity of citizenship. *Id.*, ¶¶ 2-8.

## ARGUMENT

### A. Legal Standard and Applicable Jurisdictional Law

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss an action for lack of federal subject matter jurisdiction. Jurisdiction is the "power to decide," and that power must be conferred upon a federal court. *In re Chicago, Rock Island & Pacific R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986).[4] When jurisdictional allegations are questioned, the party alleging jurisdiction—in each of these cases, the Plaintiff—bears the burden of establishing that that action meets the jurisdictional requirements. *See, e.g., Kontos v. United States Dept. of Labor*, 826 F.3d 573, 576 (7th Cir. 1987). "When the court's subject matter jurisdiction is challenged, [courts] first look to the face of the complaint to verify that the elements of diversity jurisdiction are satisfied." *Brewer v. State Farm Mut. Auto. Ins. Co.*, 101 F. Supp. 737, 739 (S.D. Ind. 2000). As necessary, "the Court may consider other declarations and other evidence when determining the existence of

---

[4] This Court has explained that "[f]ederal courts are court of limited jurisdiction, not general jurisdiction, and '[n]o court may decide a case without subject-matter jurisdiction . . . . If the parties neglect the subject, the court must raise jurisdictional questions itself.'" *Bryant v. Delaware Cty. Treasurer Auditor*, 2023 WL 6623031, at *4 (S.D. Ind. Oct. 11, 2023) (quoting *United States v Cty. of Cook*, 167 F.3d 381, 387 (7th Cir. 1999)).

subject-matter jurisdiction." *Shelbourne N. Water Street Corp. v. Nat'l Asset Mgmt. Agency*, 374 F. Supp. 3d 712, 722-23 (N.D. Ill. 2019).[5]

"'When a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety.'" *Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)); *see also Sykes v. Cook Inc.*, 72 F.4th 195, 215 (7th Cir. 2023) (remanding *Sykes* and *Parton* "with instructions to dismiss these cases without prejudice for lack of subject-matter jurisdiction."); *Ames v. Hutchinson*, 2021 1175148, at *7 (S.D. Ind. March 29, 2021) (dismissing for lack of diversity jurisdiction and noting "all individual defendants [] listed in the pleadings [have] home addresses in Indianapolis, Indiana"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A party's change in domicile to another state after an action is commenced is irrelevant to the jurisdictional analysis. "A court considering citizenship for diversity jurisdiction purposes determines each party's citizenship at the time the action was filed." *3BTech, Inc.*, 534 F. Supp. 3d 973, 980 (N.D. Ind. 2021) (citing *Perry v. Pogemiller*, 16 F.3d 138, 139 (7th Cir. 1993)).

**B.     The Court Must Dismiss the Indiana Plaintiffs' Actions for Lack of Subject-Matter Jurisdiction.**

The Indiana Plaintiffs' invocation of diversity of citizenship as the basis for federal court jurisdiction over their actions fails as a matter of law.  The diversity-jurisdiction statute, 28 U.S.C. § 1332, states in pertinent part:

---

[5] For example, in the present motion, the Court may consider the public records from the Indiana Secretary of State attached to this Motion (Exhibits B and C) regarding the registration and corporate status of the Cook Defendants to confirm their citizenship for diversity-jurisdiction purposes.

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between
>
> ****
>
> 3) citizens of different States and in which citizens or subject of a foreign state are additional parties.

28 U.S.C. § 1332(a)(3).[6]

Here, the 30 Plaintiffs listed in **Exhibit A** have all listed Indiana as their "state of current residence" in the short-form complaints. Although residence and citizenship are not necessarily synonymous, these 30 Plaintiffs are presumably citizens of Indiana based on their residence in Indiana at the time of filing. *See Sykes v. Cook Inc.*, 72 F.4th 195, 203 (7th Cir. 2023) (using residential information from short-form complaints as best available evidence of an individual plaintiff's citizenship in the Cook Filter MDL); *3BTech, Inc.*, 2021 WL 1549737, at *3 (stating that current residence is a significant factor in determining domicile). Moreover, Plaintiffs' attorneys have not disputed these Plaintiffs' Indiana citizenship in their responses to Cook's letters and meet-and-confer efforts. *See generally* Hasic Decl.

Defendants Cook Incorporated and Cook Medical LLC are also citizens of Indiana for diversity-jurisdiction purposes, as confirmed by public records from the Indiana Secretary of State. *See* Exhibits B & C; *see also* Cook Defs.' Am. Ans. to Pls.' Master Compl., Dkt. 8180, ¶¶ 10-12. Because all 30 Indiana Plaintiffs and two of the Cook Defendants are Indiana citizens, these 30 cases are not "actions" between "citizens of different States," 28 U.S.C. § 1332(a)(3), and diversity

---

[6] 28 U.S.C. § 1332(a)(3) is the relevant provision here because Defendant William Cook Europe is a Danish company, Dkt. 8180, ¶ 19, i.e., it is an "additional part[y]" that is a "subject of a foreign state." The presence of Defendant William Cook Europe does not affect jurisdictional analysis; the issue is whether the Plaintiffs and the other Cook Defendants are citizens of different states, which they are not.

6

of citizenship does not exist. In the absence of such diversity, the Court lacks subject-matter jurisdiction over these actions and must dismiss the actions without prejudice. *See Sykes*, 72 F.4th at 215 (remanding *Sykes* and *Parton* "with instructions to dismiss these cases without prejudice for lack of subject-matter jurisdiction."); *see also Ames*, 2021 1175148, at *7 (dismissing lawsuit between Indiana citizens for lack of diversity jurisdiction); *Ehlerding v. Ashley Furniture*, 2020 WL 1033322, at *2 (N.D. Ind. March 2, 2020) (same); *Stewart v. A. Unknown*, 2017 WL 1546199, at *3 (N.D. Ind. Apr. 28, 2017) (same).

## CONCLUSION

The 12 Plaintiffs listed in **Exhibit A** and two of the Cook Defendants are citizens of Indiana for diversity-jurisdiction purposes, Plaintiffs' invocation of subject-matter jurisdiction based on diversity of citizenship fails as a matter of law. Under well-established law and applicable Seventh Circuit precedent, this Court lacks subject matter jurisdiction over these cases and must dismiss the cases without prejudice.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  September 12, 2024 | /s/ Jessica Benson Cox |

Andrea Roberts Pierson
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
andrea.pierson@faegredrinker.com
jessica.cox@faegredrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Facsimile:  (260) 460-1700
stephen.bennett@faegredrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe APS*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of September, 2024, a copy of the foregoing Cook Defendants' Omnibus Motion to Dismiss Indiana Cases for Lack of Subject Matter Jurisdiction was filed electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Jessica Benson Cox
Jessica Benson Cox