# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES
AND PRODUCT LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:

All Cases

**ATTORNEY DECLARATION OF ELDIN HASIC**

I, Eldin Hasic, hereby state and affirm:

1. I am one of the attorneys representing the Cook Defendants in the multidistrict litigation before this Court regarding Cook's IVC filters. I submit this Declaration in support of the Cook Defendants' Motion for Sanctions ("the Motion").

2. On October 6, 2023, I supervised the sending of letters to counsel for Plaintiffs in this MDL who appeared to be citizens of Indiana, and thus lacked diversity of citizenship with Cook Incorporated and Cook Medical, Inc. The recipients of this letter included the attorneys for all the Plaintiffs listed in Exhibit A to the Motion, among others.

3. The letters noted that the listed Plaintiffs appeared to be citizens of Indiana and asked their attorneys either (1) to provide support for their clients' assertions of diversity jurisdiction or (2) to dismiss their clients' cases voluntarily in accordance with the federal jurisdictional law cited in the letters. A template stipulation to dismiss accompanied the letters.

4. Following the transmittal of these letters, I engaged in meet and confer communications with counsel for Plaintiffs. For those Plaintiff's attorneys who asked for an extension of time to

respond and for those who did not respond to the letters, I asked for their responses not later than October 27, 2023.

5.    Following this correspondence and discussion, the attorneys for a number of Plaintiffs agreed to stipulate to the dismissal without prejudice of their clients' claims based on the lack of diversity jurisdiction, and those stipulations have been filed with the Court.

6.    In contrast, for each of the Plaintiffs listed in Exhibit A, their attorneys either (1) would not voluntarily agree to dismiss without prejudice; (2) requested additional or different conditions to dismissal to which Cook would not agree; (3) did not respond to the request for voluntary dismissal at all; or (4) stated they would consider dismissal but ultimately did not agree to dismissal within the time Cook had requested.

7.    On January 16, 2024, I emailed counsel representing each Plaintiff listed on Exhibit A stating that Cook planned to move forward with a motion to dismiss for lack of subject matter jurisdiction, that Cook planned to include their cases in the motion, and asked counsel again if they were willing to dismiss the actions without prejudice. I asked for a response by the Friday of that week, which was January 19, 2024.

8.    In response, the Plaintiffs listed in Exhibit A either would not agree to dismiss or imposed additional conditions beyond dismissal without prejudice.

9.    On June 5, 2024, Faegre Drinker Biddle & Reath LLP served by email on lead counsel for Plaintiffs a copy of the motion to dismiss and a copy of the Rule 11 motion for sanctions, thereby initiating the 21-day notice period under Fed. R. Civ. P. 11.

10.    In the time since those motions were served and prior to the filing of this motion, my colleagues Jessica Benson Cox, Bruce Jones, and I engaged in multiple meet-and-confer

communications regarding the served motions. The Plaintiffs listed in Exhibit A would not agree to dismiss or imposed additional conditions beyond dismissal without prejudice.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on the 12th day of September 2024.

Eldin Hasic

3