# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Neven Fingerhut

Civil Case # 1:18-cv-1903

## THE COOK DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe APS ("the Cook Defendants" or "Cook") move the Court under Federal Rule of Civil Procedure 11 for an Order granting sanctions against Plaintiff Neven Fingerhut, represented by the Moody Law Firm.

Plaintiff was a citizen of Indiana at the time they commenced this action against Cook in Federal Court, meaning that their citizenship was not diverse from that of defendants and Indiana citizens Cook Incorporated and Cook Medical LLC. Notwithstanding that lack of diversity, Plaintiff's attorneys filed and served a complaint alleging federal jurisdiction based solely on diversity of citizenship. When Cook pointed out to these attorneys the lack of diversity, the attorneys refused to voluntarily dismiss the actions, forcing Cook to incur the expense of moving to dismiss. This attorney conduct violates the certification requirement of Federal Rule of Civil Procedure 11 and justifies the imposition of monetary sanctions on Plaintiff's attorneys. Cook

seeks as sanctions the costs and attorney's fees Cook incurred in bringing its motion to dismiss and the present motion for sanctions.

## FACTUAL AND PROCEDURAL BACKGROUND

1. The attorneys for this Plaintiff filed a Short-Form Complaint in this Court that asserts that Plaintiff resides in the State of Indiana. *See* Dkt. 16528, ¶ 6.

2. The Short-Form Complaints filed by Plaintiff's attorneys also alleges that Cook Incorporated and Cook Medical LLC are Indiana corporations with their principle places of business in Indiana. *See* Dkt. 213 ¶¶ 11-12.

3. The only basis for federal jurisdiction asserted in the Master Complaint or in Plaintiff's Short-Form Complaint is diversity of citizenship under 28 U.S.C. § 1332. *See generally* Master Complaint ¶ 23.

4. In October of 2023, Cook's attorneys contacted the Plaintiff's attorneys to advise them of the apparent lack of federal subject matter jurisdiction in this action. Cook asked Plaintiff's attorneys to either (1) voluntarily dismiss this action for lack of subject matter jurisdiction or (2) provide some factual or legal basis for their assertions of federal subject-matter jurisdiction. The Plaintiff's attorneys refused to voluntarily dismiss Plaintiff's action and provided no additional information supporting a claim of federal subject-matter jurisdiction. *See* Declaration of Eldin Hasic ¶¶ 2-8.

5. Pursuant to Rule 11(c)(2), Cook served both the motion to dismiss and this motion for Rule 11 sanctions on Plaintiff's attorneys on June 5, 2024, but did not file either motion with the Court until more than 21 days later. During that period, Plaintiff did not withdraw or amend the short-form complaints adopting the Master Complaint's allegations of federal subject matter jurisdiction based on diversity of citizenship.

# ARGUMENT

## I. Plaintiff's Allegations of Diversity Jurisdiction Violate Rule 11

Plaintiff's attorneys violated Federal Rule of Civil Procedure 11 by signing and filing a Short-Form Complaint that alleges federal subject matter jurisdiction based on diversity of citizenship. Rule 11 provides in relevant part:

> **Rule 11. Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions**
> \*\*\*
> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> \*\*\*
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery….

Fed. R. Civ. P. 11(b)(2) & (3).

Here, the Short-Form Complaint signed and filed by Plaintiff's attorneys, combined with the Master Complaint that all the Short-Form Complaints incorporate, assert the "legal contention" that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332. Plaintiff's pleadings base that legal contention on the "factual contention" that "the Plaintiff and the Defendants are citizens of different states," citing the Indiana citizenship of Defendants Cook Incorporation and Cook Medical LLC. *See* Master Complaint (Dkt. 213) ¶ 23 (adopted by all Plaintiffs' Short-Form Complaints). But Plaintiff also alleges in their Short-Form complaint that they themselves reside in Indiana, the same state of which they allege defendants Cook Incorporated and Cook Medical LLC are citizens. *See id.* ¶¶ 11, 12. And despite repeated

opportunities to do so, Plaintiff has not disputed that they are actually a citizen of Indiana for purposes of diversity jurisdiction.

These facts establish that Plaintiff's attorney's signing and filing of pleadings alleging the existence of diversity jurisdiction violated Rule 11's certification requirements in two ways.

- Plaintiff's "factual assertion" that that "the Plaintiff and the Defendants are citizens of different states" has no "evidentiary support." Fed. R. Civ. P. 11(b)(3). On the contrary, Plaintiff's own pleadings affirmatively assert that Plaintiff and two of the defendants are citizens of the same state, Indiana.

- Absent this factual basis, Plaintiff's "legal contention" that this Court has subject-matter jurisdiction over this action is ***not*** "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

Plaintiff's attorneys either knew of these flaws at the time they signed the Short-Form Complaint, or they failed before signing that pleading to conduct "an inquiry reasonable under the circumstances." Fed. R. Civ. P. 11(b). Indeed, despite being confronted by Cook with the apparent jurisdictional flaws, Plaintiff's attorneys have made no attempt to defend the assertion of federal jurisdiction under the diversity statute. Plaintiff's attorneys' violation of Rule 11's certification requirements is thus clear and undeniable.

**II.     The Court Should Award Sanctions Against Plaintiff in the Amount of Cook's Attorney's Fees and Costs in Bringing the Motion to Dismiss and this Motion.**

As required by Rule 11(c)(2), Cook did not file the present motion with the Court until more than three weeks after it served the motion on Plaintiff's attorneys, to give Plaintiff's attorneys time to consider the motion and to withdraw the offending pleading. Despite the passage of those three weeks, Plaintiff's attorneys have failed to withdraw the pleading.

Cook therefore moves the Court to impose appropriate sanctions on the Plaintiff's attorney who signed and submitted the Short-Form Complaints. *See* Fed. R. Civ. P. 11(c)(1). As contemplated by Rule 11, that sanction should be imposed jointly on the Plaintiff's attorney's law firm. *See id.* ("Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.").

Plaintiff's attorneys' original violations of Rule 11 and their refusal to voluntarily dismiss these actions when the lack of jurisdiction was pointed out to them forced Cook to move the Court under Rule 12(b)(1) to dismiss this action for lack of subject matter jurisdiction. For that reason, Cook respectfully urges that the appropriate sanction for the Court to impose on Plaintiff's attorneys should be the payment of the attorney's fees Cook has incurred in drafting and arguing this motion and the motion to dismiss for lack of subject matter jurisdiction. Cook incurred those fees and costs solely because Plaintiff's attorneys served and filed a complaint containing unsupported and facially inaccurate allegations of diverse citizenship and then refused to dismiss the action when the jurisdictional flaws were pointed out to them.

Because Cook may incur additional costs depending on the responses to this motion and the motion to dismiss, Cook asks the Court to include in its order for sanctions a procedure by which Cook may submit documentation of the total fees it incurred in these two motions after the motions are resolved. The Court would then base the amount of the sanctions award on those submissions.

## CONCLUSION

For these reasons, the Cook Defendants respectfully request that the Court issue an Order (1) finding that the attorneys who signed and submitted Plaintiff's Short-Form Complaints violated Rule 11 and (2) awarding sanctions to Cook in the amount of the costs and attorney's fees Cook

incurred in bringing the motion to dismiss and the present motion for sanctions, that amount to be determined through later submissions once the motions are resolved.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  September 12, 2024 | /s/ Jessica Benson Cox<br>Andrea Roberts Pierson<br>Jessica Benson Cox<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>300 North Meridian Street, Suite 2700<br>Indianapolis, Indiana  46204<br>Telephone:  (317) 237-0300<br>Facsimile: (317) 237-1000<br>andrea.pierson@faegredrinker.com<br>jessica.cox@faegredrinker.com<br><br>James Stephen Bennett<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>110 W. Berry Street, Suite 2400<br>Fort Wayne, Indiana  46802<br>Telephone:  (260) 424-8000<br>Facsimile:  (260) 460-1700<br>stephen.bennett@faegredrinker.com<br><br>*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe APS* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of September, 2024, a copy of the foregoing Cook Defendants' Motion for Rule 11 Sanctions was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this Matter. Parties may access this filing through the Court's system.

/s/ Jessica Benson Cox
Jessica Benson Cox