IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |

This Document Relates to Plaintiff:

Neven Fingerhut: Case No. 1:18-cv-1903

### PLAINTIFF'S RESPONSE TO THE COOK DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

COMES NOW Plaintiff, Neven Fingerhut, and for his Response to the Cook Defendants' Motion for Rule 11 Sanctions, states as follows:

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

On June 21, 2018, Plaintiff filed his Short Form Complaint in this MDL. *See In Re: Cook Medical, Inc. v. Fingerhut*, case no. 1:18-cv-1903 [Doc. 1].

On June 5, 2024, Counsel for Cook Defendants contacted Counsel for Plaintiffs to initiate discussions regarding the dismissal of this case. *See* Faegre Drinker letter attached as Exhibit 1. Counsel for Plaintiff agreed to dismiss the case without prejudice by way of a proposed stipulation which he sent to Counsel for Defendants. *See* email string attached as Exhibit 2.

Counsel for Plaintiffs and Defendants were unable to reach an agreement on the dismissal of the case as Defendants did not agree to the proposed language of the dismissal stipulation Mr. Fingerhut's Counsel proffered. *Id.*

On September 12, 2024, the Cook Defendants filed the present Motion for Rule 11 Sanctions [Doc. 25983] along with their Omnibus Motion To Dismiss Cases Filed By Indiana Plaintiffs For Lack Of Subject Matter Jurisdiction [Doc. 25979]. On September 17, 2024, the

undersigned called Counsel for Defendants, offering to dismiss the case if Defendants agreed to waive any Statute of Limitations defenses once the case was refiled in state court; however, Defendants have apparently refused such offer as no response to that phone call has been forthcoming to the undersigned, despite an email follow up inquiry sent on September 21, 2024.

**II.     LEGAL STANDARD**

"The Rule 11 sanction is a tool that must be used with utmost care and caution," *Vista Mfg., Inc. v. Trac-4, Inc.*, 131 F.R.D. 134, 144 (N.D. Ind. 1990).  The standard for imposing sanctions under Rule 11 "is one of objective reasonableness under all the circumstances of the case," *Federal Deposit Ins. Corp. v. Tekfen Const. and Installation Co., Inc.*, 847 F.2d 440, 442 (7th Cir. 1988); *see also Magnus Electronics, Inc. v. La Republica Argentina*, 830 F.2d 1396, 1403 (7th Cir. 1987).

"A sanction imposed under [Rule 11] must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).  Rule 11 sanctions are unwarranted when the claims are "neither frivolous nor designed to harass or abuse." *Matrix IV, Inc. v. American Nat. Bank and Trust Co. of Chicago*, 649 F.3d 539, 553 (7th Cir. 2011).

The Seventh Circuit has consistently instructed district courts to "bear in mind that such sanctions are to be imposed sparingly, as they can 'have significant impact beyond the merits of the individual case' and can affect the reputation and creativity of counsel." *Hartmarx Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003), citing *Pacific Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 118 (7th Cir. 1994).

### III. ARGUMENT

**A. The original filing of this case in this MDL was neither frivolous nor designed to harass or abuse.**

Based on the undersigned's recent inquiry into this matter, the filing of this case over five years ago was inadvertent and based on a misunderstanding of the direct filing procedure for this MDL, and in no way misrepresented "factual assertions" or "legal contentions" that violated Rule 11. Therefore, the filing of this case simply does not meet the patent threshold requirements for Rule 11 sanctions.

**B. Plaintiff does not dispute the Defendants' jurisdictional arguments.**

Plaintiff does not dispute that this Court lacks subject matter jurisdiction over this case as set forth in Defendants' Motion to Dismiss, nor does Plaintiff dispute that this case should be dismissed. *See* [Doc. 25979], pp. 5-6. Rather, Plaintiff understands that Indiana law requires an order of *involuntary* dismissal from this Court for the Indiana Journey Account Statute, Ind. Code § 34-11-8-1, to protect the statute of limitations in this case when refiled in Indiana state court. For that reason, Plaintiff has not consented to the *voluntary* dismissal of this case as proposed by Defendants. Plaintiff has never intended for this course of action to tax judicial economy or to cause Counsel for the Defendants to incur unwarranted costs, but instead has merely sought to protect the statute of limitations and responsibly prosecute Plaintiff's case.

**C. Plaintiff's Counsel delayed dismissing this case because the Indiana Journey Account Statute requires an involuntary dismissal to protect the statute of limitations.**

Ind. Code § 34-11-8-1, Indiana's savings statute ("Journey Account Statute"), provides the following:

Sec. 1. (a) This section applies if a plaintiff commences an action and:

(1) the plaintiff fails in the action from any cause except negligence in the prosecution of the action;

  (2) the action abates or is defeated by the death of a party; or

  (3) a judgment is arrested or reversed on appeal.

Ind. Code § 34-11-8-1 (2005).  The statute further provides:

  (b) If subsection (a) applies, a new action may be brought not later than the later of:

  (1) three (3) years after the date of the determination under subsection (a); or

  (2) the last date an action could have been commenced under the statute of limitations governing the original action; and be considered a continuation of the original action commenced by the plaintiff.

*Id.*

  Critically, "the Journey's Account Statute does not protect an action dismissed *voluntarily*." *Price v. American Cyanamid Co.*, No. 2:04-cv-242, 2006 WL 696747, at *7 (N.D. Ind. Mar. 14, 2006)(emphasis added). The Seventh Circuit similarly held that "one who *voluntarily* dismisses his own cause of action and fails to re-file it within the ordinarily applicable limitations period cannot seek the protection of the [Indiana] Journey's Account Statute, which requires that in order to be deemed a timely continuation a cause of action must first 'fail' before it is filed anew". *Morris v. Jenkins*, 819 F.2d 678, 680 (7th Cir. 1987)(emphasis added).

  Indiana courts have held that the Journey Account Statute applies to cases where the federal district court dismisses the action for jurisdictional reasons.  In *Eves v. Ford Motor Co.,* the plaintiffs' federal district court action had been dismissed for jurisdictional reasons, plaintiffs' subsequent state action was filed against the same defendants for the same claim within five years after the federal court's order, and plaintiffs' action was deemed timely, even though it was filed more than two years after the action arose. *Eves v. Ford Motor Co.,* 281 N.E.2d 826, 831 (Ind. App. Ct. 1972).

Therefore, Plaintiff's counsel delayed dismissing this case solely to protect the statute of limitations for refiling in state court following the inadvertent filing of the case nearly five (5) years ago in this MDL.

> **D.   Counsel for Defendants cannot make a good faith argument that Counsel for Plaintiffs engaged in sanctionable conduct that created additional litigation and expense when Counsel for Defendants refused to accept the more efficient and expeditious course of action for this case.**

As set forth above, Plaintiff's counsel offered to dismiss this case if Defendants' counsel agreed to additional language in the proposed Stipulation of Dismissal that referenced the Journey Account Statute and acknowledged Plaintiff's intention to refile the case in Indiana state court pursuant thereto.  *See* Exhibit 2.  Counsel for Defendants would not agree to the additional language.  Defendants have also apparently rejected the offer of Plaintiff's counsel to dismiss the case if Defendants would agree to waive any Statute of Limitations defenses once the case was refiled in Indiana state court, as Defendants' counsel has not responded to the undersigned's telephone call from September 17, 2024 or the follow up email that was sent on September 21, 2024.

As set forth above, the Journey Account Statute and governing case law make it clear that an *involuntary* dismissal from the federal court is required to protect the statute of limitations of the dismissed federal case when refiled in state court.  *See Price,* No. 2:04-cv-242, 2006 WL 696747, at *7 (N.D. Ind. Mar. 14, 2006). Since Plaintiff is bound by the Journey Account Statute, he cannot simply *voluntarily* dismiss this action and refile in Indiana state court without encountering statute of limitations issues. Instead, in order to be saved by the Journey Account Statute, Plaintiff's cause of action must first 'fail' before it is filed anew. More specifically, Plaintiff's cause of action must first be *involuntarily* dismissed before it can be filed anew.

Despite this fact, Plaintiff's counsel *still* attempted to negotiate with Defendants' counsel by agreeing to sign a Stipulation of Dismissal that referenced the Journey Account Statute and acknowledged Plaintiff's intention to refile the case in Indiana state court pursuant thereto, *see* Exhibit 5, and subsequently offered to *voluntarily* dismiss the case if Defendants agreed to waive any Statute of Limitations defenses once the case was refiled in state court. Defendants have refused either course of action. As such, Plaintiff's only remaining course of action is to rely on the Indiana Journey Account Statute, which, as stated above, first requires the case be *involuntarily* dismissed before it can be refiled in State Court.

**Counsel for Defendants are well aware of the circumstances**; therefore, their argument that Counsel for Plaintiff engaged in sanctionable conduct that created additional litigation and expense for Defendants is disingenuous when Counsel for Defendants could have agreed to the refiling of the case in state court without making a statute of limitations argument. If Counsel for Defendants had consented to this more efficient and expeditious course of action, the outcome would be exactly the same following the involuntary dismissal of this matter by this Court and refiling of the case in state court pursuant to the Journey Account Statute.

Finally, the Court should be aware that undersigned counsel has been an attorney for more than 40 years and has ***never*** faced a Rule 11 motion for sanctions, or any other motion for sanctions in either federal or state court. Plaintiff's counsel is licensed to practice in four states, and in addition to his extensive MDL practice, he also regularly handles railroad cases arising under the Federal Employers' Liability Act, 45 U.S.C. § 51, et seq., and is often required to seek admission *pro hac vice* in these cases. Plaintiff respectfully asks the Court to bear this in mind when ruling on the Motion for Rule 11 Sanctions, as undersigned counsel's conduct in this case is not only appropriate for the reasons described above, but also reflects a consistent pattern of ethics and

professionalism that should not be tarnished under the circumstances described herein. This is particularly true when such an action could negatively affect undersigned counsel's reputation and have consequences to his practice that extend far beyond this case.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Rule 11 Sanctions should be denied.

Respectfully submitted,

*/s/ Willard J. Moody, Jr.*
Willard J. Moody, Jr.
The Moody Law Firm, Inc.
500 Crawford Street, Suite 200
Portsmouth, Virginia 23704
Telephone: 757-393-4093
Facsimile: 757-397-7257
E-mail: will@moodyrrlaw.com

*Attorney for Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Willard J. Moody, Jr.*
Willard J. Moody Jr.