IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiffs
Case Nos. 1:18-cv-02143 and 1:19-cv-04553

### PLAINTIFFS' RESPONSE TO THE COOK DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

COME NOW Plaintiffs Adam Coleman, Sr., Rose Coleman, and Stella Terrell, and for their Response to the Cook Defendants' Motion for Rule 11 Sanctions, state as follows:

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

On July 13, 2018, Plaintiffs Adam Coleman, Sr. and Rose Coleman filed their Short Form Complaint in this MDL ("*Coleman* case").  *See In Re:  Cook Medical, Inc. v. Coleman*, case no. 1:18-cv-02143 [Doc. 1].  On November 14, 2019, Plaintiff Stella Terrell filed her Short Form Complaint in this MDL ("*Terrell* case").  *See In Re:  Cook Medical, Inc. v. Terrell*, case no. 1:19-cv-04553 [Doc. 1].

On June 5, 2024, Counsel for Cook Defendants contacted Counsel for Plaintiffs to initiate discussions regarding the dismissal of six (6) cases filed in this MDL, including the *Coleman* and *Terrell* cases.  *See* Faegre Drinker letter attached as Exhibit 1.  Counsel for Plaintiffs agreed to dismiss without prejudice four (4) of the six (6) cases.  *See* email string attached as Exhibit 2, pp. 5-6.  Counsel for Plaintiffs were unable to consent to dismissing the *Coleman* case because it was discovered that both Plaintiff Adam Coleman, Sr. and Plaintiff Rose Coleman passed away subsequent to filing of their suit and counsel have been unable to contact any responsive living successors.  *See id.* at 1-4; *see also* Coleman obituaries attached as Exhibits 3 and 4.  Moreover,

1

Counsel for Plaintiffs informed Counsel for Defendants that a Motion to Withdraw would be filed in the *Coleman* case based on Magistrate Judge Baker's procedure for handling these circumstances, requiring the case to be called up, personal attendance called, and the case subsequently dismissed. *See* e-mail string attached as Exhibit 5, pp. 1-3.

Counsel for Plaintiffs and Defendants were unable to reach an agreement on the dismissal of the *Terrell* case after Counsel for Defendants did not agree to forego challenging the refiling in Indiana state court on statute of limitations grounds. *See id.* at 5-6. Plaintiff's counsel offered to dismiss the *Terrell* case if Defendants agreed to waive any Statute of Limitations defenses once the case was refiled in state court; however, Defendants refused such conditions. *See id*. at 4-8.

On September 12, 2024, the Cook Defendants filed the present Motion for Rule 11 Sanctions [Doc. 25983] along with their Omnibus Motion To Dismiss Cases Filed By Indiana Plaintiffs For Lack Of Subject Matter Jurisdiction [Doc. 25979].

**II.    LEGAL STANDARD**

"The Rule 11 sanction is a tool that must be used with utmost care and caution," *Vista Mfg., Inc. v. Trac-4, Inc.*, 131 F.R.D. 134, 144 (N.D. Ind. 1990). The standard for imposing sanctions under Rule 11 "is one of objective reasonableness under all the circumstances of the case," *Federal Deposit Ins. Corp. v. Tekfen Const. and Installation Co., Inc*., 847 F.2d 440, 442 (7th Cir. 1988); *see also Magnus Electronics, Inc. v. La Republica Argentina*, 830 F.2d 1396, 1403 (7th Cir. 1987).

Rule 11 sanctions are unwarranted when the claims are "neither frivolous nor designed to harass or abuse." *Matrix IV, Inc. v. American Nat. Bank and Trust Co. of Chicago*, 649 F.3d 539, 553 (7th Cir. 2011).

2

**III.    ARGUMENT**

    **A.    The original filings of the *Coleman* and *Terrell* cases in this MDL were neither frivolous nor designed to harass or abuse.**

Based on Plaintiffs' Counsel recent inquiry into this matter, the filings of the *Coleman* and *Terrell* cases over five years ago were inadvertent and based on a misunderstanding of the direct filing procedure for this MDL, and in no way misrepresented "factual assertions" or "legal contentions" that violated Rule 11. Therefore, the filing of these cases simply do not meet the patent threshold requirements for Motion 11 sanctions.

    **B.    Plaintiffs do not dispute the Defendants' jurisdictional arguments.**

Plaintiffs do not dispute that this Court lacks subject matter jurisdiction over the *Coleman* and *Terrell* cases as set forth in Defendants' Motion to Dismiss, nor do Plaintiffs dispute that these cases should be dismissed. *See* [Doc. 25979], pp. 5-6. Rather, Plaintiffs understand that Indiana law requires an order of *involuntary* dismissal from this Court for the Indiana Journey Account Statute, Ind. Code § 34-11-8-1, to protect the statute of limitations in the *Terrell* case when refiled in Indiana state court. For that reason, Plaintiffs have not consented to the *voluntary* dismissal of the *Terrell* case. In no way have Plaintiffs intended for this course of action to tax judicial economy or to cause Counsel for the Defendants to incur unwarranted costs, but rather to protect the statute of limitations and responsibly prosecute the case.

Plaintiffs do not object to the dismissal of the *Coleman* case pursuant to Magistrate Judge Baker's procedure as set forth above.

    **C.    Plaintiff's Counsel delayed dismissing the *Terrell* case because the Indiana Journey Account Statute requires an involuntary dismissal to protect the statute of limitations.**

Ind. Code § 34-11-8-1, Indiana's savings statute ("Journey Account Statute"), provides the following:

3

Sec. 1. (a) This section applies if a plaintiff commences an action and:

(1) the plaintiff fails in the action from any cause except negligence in the prosecution of the action;

(2) the action abates or is defeated by the death of a party; or

(3) a judgment is arrested or reversed on appeal.

Ind. Code § 34-11-8-1 (2005). The statute further provides:

(b) If subsection (a) applies, a new action may be brought not later than the later of:

(1) three (3) years after the date of the determination under subsection (a); or

(2) the last date an action could have been commenced under the statute of limitations governing the original action; and be considered a continuation of the original action commenced by the plaintiff.

*Id.*

Critically, "the Journey's Account Statute does not protect an action dismissed *voluntarily*." *Price v. American Cyanamid Co.*, No. 2:04-cv-242, 2006 WL 696747, at *7 (N.D. Ind. Mar. 14, 2006)(emphasis added). The 7th Circuit similarly held that "one who *voluntarily* dismisses his own cause of action and fails to re-file it within the ordinarily applicable limitations period cannot seek the protection of the [Indiana] Journey's Account Statute, which requires that in order to be deemed a timely continuation a cause of action must first 'fail' before it is filed anew". *Morris v. Jenkins*, 819 F.2d 678, 680 (7th Cir. 1987)(emphasis added).

Indiana courts have held that the Journey Account Statute applies to cases where the federal district court dismisses the action for jurisdictional reasons. In *Eves v. Ford Motor Co.,* the plaintiffs' federal district court action had been dismissed for jurisdictional reasons, plaintiffs' subsequent state action was filed against the same defendants for the same claim within five years after the federal court's order, and plaintiffs' action was deemed timely, even though it was filed

4

more than two years after the action arose. *Eves v. Ford Motor Co.,* 281 N.E.2d 826, 831 (Ind. App. Ct. 1972).

Therefore, Plaintiff's counsel delayed dismissing the *Terrell* case to protect the statute of limitation for refiling in state court following the inadvertent filing of the case nearly five (5) years ago in this MDL.

> **D.  Counsel for Defendants cannot make a good faith argument that Counsel for Plaintiffs engaged in sanctionable conduct that created additional litigation and expense when Counsel for Defendants refused to accept the more efficient and expeditious course of action for the *Terrell* case.**

As set forth above, Plaintiffs' counsel offered to dismiss the *Terrell* case if Defendants' Counsel agreed to allow the refiling of this case in state court without making a statute of limitations argument. *See* Ex. 5. at 5-6. Counsel for Defendants declined such offer. As set forth above, the Indiana Journey Account Statute and governing case law make it clear that an *involuntary* dismissal from the federal court is required to protect the statute of limitations of the dismissed federal case when refiled in state court. *See Price,* No. 2:04-cv-242, 2006 WL 696747, at *7 (N.D. Ind. Mar. 14, 2006). Since Plaintiff Terrell is bound by the Indiana Journey Account Statute, Terrell cannot just *voluntarily* dismiss this action and refile in Indiana state court without encountering statute of limitations issues. Instead, in order to be saved by the Indiana Journey Account Statute, Plaintiff Terrell's cause of action must first 'fail' before it is filed anew. More specifically, Plaintiff Terrell's cause of action must first be *involuntarily* dismissed before it can be filed anew.

Despite this fact, Plaintiff's counsel in the *Terrell* case *still* attempted to negotiate with Defendants' counsel by offering to *voluntarily* dismiss the *Terrell* case if Defendants agreed to waive any Statute of Limitations defenses once the case was refiled in state court. *See* Exhibit 5, pp. 4-8. Defendants refused such conditions. As such, Plaintiff's only remaining course of action

5

was to rely on the Indiana Journey Account Statute, which, as stated above, first requires the case be *involuntarily* dismissed before it can be refiled in State Court.

**Counsel for Defendants are well aware of the circumstances**; therefore, their argument that Counsel for Plaintiffs engaged in sanctionable conduct that created additional litigation and expense for Defendants is disingenuous when Counsel for Defendants could have agreed to the refiling of the case in state court without making a statute of limitations argument. If Counsel for Defendants had consented to this more efficient and expeditious course of action, the outcome would be exactly the same following the involuntary dismissal of the *Terrell* case by this Court and refiling of the case in state court pursuant to the Indiana Journey Account Statute.

Finally, undersigned counsel has been a licensed attorney for 29 years and has *never* faced a Rule 11 motion for sanctions, or any other motion for sanctions in either federal or state court. Plaintiff's counsel is licensed to practice in five states, and has practiced extensively in the MDL setting, including being appointed as co-lead counsel in *In Re: Testosterone Replacement Therapy Products Liability Litigation (MDL No. 2545), In Re: Tepezza Marketing, Sales Practices, and Products Liability Litigation (MDL No. 3079)* and *In Re: Suboxone (Buprenorphine/Naxolone) Film Products Liability Litigation (MDL No. 3079)* MDLs. Plaintiff respectfully requests that the Court bear in mind that undersigned counsel's conduct in this case, particularly as it relates to the underlying Motion for Sanctions, is not only appropriate for the reasons described above as well as in the accompanying Response to Motion to Dismiss, but also reflects a consistent pattern of ethics and professionalism.

## IV.   CONCLUSION

For the foregoing reasons, the undersigned respectfully submit the Defendants' Motion for Rule 11 Sanctions should not be granted.

Respectfully submitted,

**FLINT COOPER COHN THOMPSON & MIRACLE**

*/s/ Trent B. Miracle*
Trent B. Miracle
Alex Parker
FLINT COOPER COHN THOMPSON & MIRACLE
222 East Park Street, Suite 500
P.O. Box 189
Edwardsville, IL 62025
Phone: (618) 288-4777
Fax: (618) 288-2864
tmiracle@flintcooper.com
aparker@flintcooper.com
***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Trent B. Miracle*