IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to Plaintiffs
Case Nos. 1:18-cv-02143 and 1:19-cv-04553

**PLAINTIFFS' RESPONSE TO THE COOK DEFENDANTS' OMNIBUS MOTION TO DISMISS CASES FILED BY INDIANA PLAINTIFFS FOR LACK OF SUBJECT MATTER JURISDICTION**

COME NOW Plaintiffs Adam Coleman, Sr., Rose Coleman, and Stella Terrell, by and through counsel, and for their Response to the Cook Defendants' Omnibus Motion To Dismiss Cases Filed By Indiana Plaintiffs For Lack Of Subject Matter Jurisdiction, state as follows:

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On July 13, 2018, Plaintiffs Adam Coleman, Sr. and Rose Coleman filed their Short Form Complaint in this MDL ("*Coleman* case").  *See In Re: Cook Medical, Inc. v. Coleman*, case no. 1:18-cv-02143 [Doc. 1].  On November 14, 2019, Plaintiff Stella Terrell filed her Short Form Complaint in this MDL ("*Terrell* case").  *See In Re: Cook Medical, Inc. v. Terrell*, case no. 1:19-cv-04553 [Doc. 1].

On June 5, 2024, counsel for Cook Defendants contacted counsel for Plaintiffs to initiate discussions regarding the dismissal of six (6) cases filed in this MDL, including the *Coleman* and *Terrell* cases.  *See* Faegre Drinker letter attached as Exhibit 1.  Counsel for Plaintiffs agreed to dismiss without prejudice four (4) of the six (6) cases.  *See* email string attached as Exhibit 2, pp. 5-6.  Counsel for Plaintiffs were unable to consent to dismissing the *Coleman* case as it was discovered those plaintiffs had passed away since the pendency of this litigation and the

1

undersigned have been unable to contact any responsive living successors. *See id.* at 1-4; *see also* Coleman obituaries attached as Exhibits 3 and 4. Moreover, counsel for Plaintiffs informed counsel for Defendants that a Motion to Withdraw would be filed in the *Coleman* case based on Magistrate Judge Baker's procedure for handling these circumstances, requiring the case to be called up, personal attendance called, and the case subsequently dismissed. *See* e-mail string attached as Exhibit 5, pp. 1-3.

Counsel for Plaintiffs and Defendants were unable to reach an agreement on the dismissal of the *Terrell* case after defendants refused to forego challenging the refiling in Indiana state court on statute of limitations grounds. *See id.* at 5-6. Plaintiff's counsel offered to dismiss the *Terrell* case if Defendants agreed to waive any Statute of Limitations defenses once the case was refiled in state court; however, Defendants did not agree to such conditions. *See id.* at 4-8.

On September 12, 2024, the Cook Defendants filed the present Omnibus Motion To Dismiss Cases Filed By Indiana Plaintiffs For Lack Of Subject Matter Jurisdiction [Doc. 25979].

## II.     ARGUMENT

### A.     Plaintiffs do not dispute the Defendants' jurisdictional arguments.

As a preliminary matter, Plaintiffs do not dispute that this Court lacks subject matter jurisdiction over the *Coleman* and *Terrell* cases as set forth in Defendants' present Motion, nor do Plaintiffs dispute that these cases should be dismissed. *See* Defendants' Motion, [Doc. 25979], pp. 5-6. Rather, Plaintiffs understand that Indiana law requires an order of *involuntary* dismissal from this Court for the Indiana Journey Account Statute, Ind. Code § 34-11-8-1, to protect the statute of limitations in the *Terrell* case when refiled in Indiana state court. For that reason, Plaintiffs have not consented to the *voluntary* dismissal of the *Terrell* case. In no way have

2

Plaintiffs intended for this course of action to tax judicial economy, but rather to protect the statute of limitations and responsibly prosecute the case.

Plaintiffs do not object to the dismissal of the *Coleman* case pursuant to Magistrate Judge Baker's procedure as set forth above.

### B. The Indiana Journey Account Statute requires an involuntary dismissal to protect the statute of limitations.

Ind. Code § 34-11-8-1, Indiana's savings statute ("Journey Account Statute"), provides the following:

> Sec. 1. (a) This section applies if a plaintiff commences an action and:
>
> (1) the plaintiff fails in the action from any cause except negligence in the prosecution of the action;
>
> (2) the action abates or is defeated by the death of a party; or
>
> (3) a judgment is arrested or reversed on appeal.

Ind. Code § 34-11-8-1 (2005). The statute further provides:

> (b) If subsection (a) applies, a new action may be brought not later than the later of:
>
> (1) three (3) years after the date of the determination under subsection (a); or
>
> (2) the last date an action could have been commenced under the statute of limitations governing the original action; and be considered a continuation of the original action commenced by the plaintiff.

*Id.*

Indiana courts have held that the Journey Account Statute applies to cases where the federal district court dismisses the action for jurisdictional reasons. In *Eves v. Ford Motor Co.,* the plaintiffs' federal district court action had been dismissed for jurisdictional reasons, plaintiffs' subsequent state action was filed against the same defendants for the same claim within five years

3

after the federal court's order, and plaintiffs' action was deemed timely, even though it was filed more than two years after the action arose. *Eves v. Ford Motor Co.,* 281 N.E.2d 826, 831 (Ind. App. Ct. 1972). Under some circumstances, the Journey Account Statute permits a filing after the applicable limitation period to be deemed a "continuation" of an earlier claim. *Eads v. Community Hosp.*, 932 N.E.2d 1239, 1243 (Ind. 2010). Generally, for an action to be considered a continuation of the former, the parties, the facts, and the causes of action must be the same. *Land v. International Business Machines Corp.*, 108 F.Supp.3d 632, 637 (S.D. Ind. 2015).

Critically, "the Journey's Account Statute does not protect an action dismissed *voluntarily*." *Price v. American Cyanamid Co.*, No. 2:04-cv-242, 2006 WL 696747, at *7 (N.D. Ind. Mar. 14, 2006)(emphasis added). The 7th Circuit similarly held that "one who *voluntarily* dismisses his own cause of action and fails to re-file it within the ordinarily applicable limitations period cannot seek the protection of the [Indiana] Journey's Account Statute, which requires that in order to be deemed a timely continuation a cause of action must first 'fail' before it is filed anew". *Morris v. Jenkins*, 819 F.2d 678, 680 (7th Cir. 1987)(emphasis added).

The *Torres* case is particularly instructive here as to the requirement of an *involuntary* dismissal from the federal court before refiling in state court. *Torres v. Parkview Foods*, 468 N.E.2d 580, 582 (Ind. Ct. App. 1984). *Torres* observed that under the Indiana Journey Account Statute, "when a plaintiff's cause of action in federal court fails for jurisdictional reasons, a plaintiff's subsequent state action against the same defendants for the same claim filed within five years of the federal court's order, is timely under the state savings statute," *See id*. Notably, *Torres* reasoned that the Journey Account Statute did not apply to that action, which had been brought in federal court and subsequently dismissed for lack of diversity jurisdiction **because the federal action had not yet been dismissed when the plaintiffs filed their action in state court**. *See id.*

4

(emphasis added). Rather, the *Torres* court reasoned that the plaintiff's filing in federal court was timely notice to defendant of plaintiff's present purpose to assert rights in the courts. *Id.* at 583. The holding of *Torres* specifically states:

> Therefore, we hold that when in good faith a plaintiff brings an action in federal court within the statute of limitations, but it fails for lack of diversity jurisdiction, the statute of limitations is tolled with the filing of the suit for purposes of determining whether a subsequent state action involving the same parties and the same claims is brought within the statute of limitations.

*Id.* Even so, the Indiana Journey Account Statute requires an *involuntary* dismissal from the federal court before the refiling of the case in state court. *See also McGill v. Ling*, 801 N.E. 2d 678, 685 (Ind. Ct. App. 2004) (The federal action must be dismissed before filing a state court action to be a continuation of those claims and for the Indiana Journey Account Statute).

Here, Plaintiff Terrell's hands are tied by the Indiana Journey Account Statute. Since the ordinarily applicable limitations period has expired in the *Terrell* case, Plaintiff cannot *voluntarily* dismiss this action and refile in Indiana state court without encountering statute of limitations issues. Instead, in order to be saved by the Indiana Journey Account Statute, Plaintiff Terrell's cause of action must first 'fail' before it is filed anew. *See*, *Morris*, 819 F.2d at 680. Specifically, here, Plaintiff Terrell's cause of action must first be *involuntarily* dismissed before it can again be filed in state court.

Knowing this, Plaintiff's counsel in the *Terrell* case still attempted to negotiate with Defendants' counsel by offering to *voluntarily* dismiss if Defendants agreed to waive any Statute of Limitations defenses once the case was refiled in state court. *See* Exhibit 5, pp. 4-8. Defendants refused such conditions, as was their right. As such, Plaintiff Terrell's only remaining course of action was to rely on the Indiana Journey Account Statute, which, as stated above, first requires the case be *involuntarily* dismissed before it can be refiled in State Court.

5

**III.    CONCLUSION**

For the foregoing reasons, Plaintiffs do not oppose the involuntary dismissals of the *Terrell* and *Coleman* cases.

Respectfully submitted,

**FLINT COOPER COHN THOMPSON & MIRACLE**

*/s/ Trent B. Miracle*
Trent B. Miracle
Alex Parker
FLINT COOPER COHN THOMPSON & MIRACLE
222 East Park Street, Suite 500
P.O. Box 189
Edwardsville, IL 62025
Phone: (618) 288-4777
Fax: (618) 288-2864
tmiracle@flintcooper.com
aparker@flintcooper.com
***Attorneys for Plaintiff***

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Trent B. Miracle*