# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC.,
IVC FILTERS MARKETING, SALES
PRACTICES AND PRODUCTS
LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:

Brandy James
Civil Case #: 1:20-cv-1851

James Kraft
Civil Case #: 1:19-cv-4707

### PLAINTIFFS' RESPONSE TO THE COOK DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

Plaintiffs respectfully ask this Court to deny Defendants request for Rule 11 Sanctions under Federal Rule of Civil Procedure ("FRCP"). Plaintiffs' counsel had a good faith basis for filing in the Cook IVC MDL in Indiana. After 5 years of litigation, the Rule 11 filing now by Defendants is not done in good faith and is tactical to try and avoid Indiana State Court saving statute.

### FACTUAL AND PROCEDURAL BACKGROUND

1. On June 5, 2024, Plaintiffs' counsel received Defense counsels' letter regarding the voluntary dismissal and possible sanctions filing for both the *James* and *Kraft* lawsuit.

2. On July 16, 2024, Plaintiffs' counsel met and conferred with Defense counsel for approximately 15 minutes by phone regarding Cook's request for Plaintiffs voluntary dismissal. It was made clear to Plaintiffs' counsel that if the voluntary dismissal was not agreed to that motions for Rule 11 sanctions would follow. Plaintiffs' counsel attempted to negotiate certain language

- 1 -

into the dismissal to protect the potential refiling in State court which was not agreed to by Defendants'. Further, Plaintiffs' counsel stated Defendants could simply pursue a dismissal under 12(b)(1) on their own and that FRCP do not require Plaintiffs consent.

## ARGUMENT

### I. McDonald Worley PC Does Not Dispute Defendants' Subject Matter Jurisdiction Argument

Plaintiffs agree that the *James* and *Kraft* cases now lack subject matter jurisdiction. Plaintiffs' counsel's recent inquires have confirmed this fact. However, at the time of filing, Plaintiffs' counsel believed subject matter jurisdiction existed, the filing was not frivolous and not done to harass Defendants'.

### II. McDonald Worley PC Filed Plaintiffs Claims in Good Faith

Plaintiffs' attorneys had a good faith reason for filing Plaintiffs' claims in the Indiana COOK IVC MDL and Rule 11 is not proper here. The relevant part of Rule 11 states:

> b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party ***certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances***:
>
> (1) ***it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation***;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a ***nonfrivolous argument*** for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) ***the factual contentions have evidentiary support*** or, if specifically so identified, will likely have evidentiary support after a ***reasonable opportunity for further investigation or discovery***.

Fed. R. Civ. P. 11(b)(2) & (3).

In the case of Brandy James, Ms. James's intake and medical records showed that she was

originally implanted, treated, and resided in Denver, Colorado. Specifically, the significant injury alleged in her case was a failed removal surgery and an embedded filter hook which occurred in Colorado in 2003. Moreover, in the Plaintiff Profile Sheet served on Defendants on 9/29/2020, Plaintiff details a history of medical treatment and history also outside of Indiana in 2013, 2015 and 2018, in Georgia. These Plaintiff facts and intake documents led Plaintiffs' attorneys to file Ms. James' claim in the Indiana COOK IVC MDL, as there was sufficient evidentiary support to show this Plaintiff had resided in states other than Indiana during the time she was implanted with and received treatment for her Cook IVC filter.

The same is true for Mr. James Kraft. Mr. Kraft's intake and medical records showed that he was originally implanted, treated, and resided in Knoxville, Tennessee. Specifically, the medical records show that Mr. Kraft's Cook IVC filter was implanted in Tennessee in 2008 and in his Plaintiff Profile Sheet served on Defendants on January 10, 2020, he details residing in Ohio from 2009-2016.  Additionally, Mr. Kraft received medical treatment in Ohio in 2018. It was those facts which led Plaintiffs' attorneys to file his claim in the Indiana COOK IVC MDL, as there was again evidentiary support to show this Plaintiff resided outside Indiana in Tennessee and/or Ohio.

Therefore, in each case, there was a good faith basis at the time of filing that Subject Matter Jurisdiction existed and the filing was neither frivolous nor for purposes of harassment. These filings occurred over 5 years ago, and any oversight was inadvertent. For that reason, we respectfully ask this Court to deny Defendants request for Rule 11 Sanctions.

### III.   Plaintiffs' counsel is not unnecessarily delaying dismissal.

Plaintiffs' counsel has not agreed to voluntarily dismiss the cases subject to this motion to protect the statute of limitations for both Brandy James and James Kraft for refiling in State court. The Indiana Journey Account Statute requires an *involuntary dismissal* to protect the statute of

limitations. See Ind. Code § 34-11-8-1; See also *Price v. American Cyanamid Co.*, No. 2:04-cv-242, 2006 WL 696747, at *7 (N.D. Ind. Mar. 14, 2006) (holding that the Journey's Account Statute does not protect an action dismissed voluntarily). Here, Plaintiffs counsel sought to modify Defendants voluntary dismissal language to allow for re-filing in Indiana State court and that option was rejected by Defense counsel in our meet and confer.

**IV.    Defendants' Rule 11 Motion for Sanctions is not made in good faith and is part of its litigation strategy to avoid the Indiana Journey Account Statute.**

As discussed above, Plaintiff's counsel met and conferred with Defense counsel regarding the modification of the language to their drafted Stipulation of Dismissal to protect Plaintiffs ability to refile in State Court and avoid stature of limitations issues, but that offer was rejected. Plaintiffs' counsel also attempted to dissuade Defense counsel from seeking sanctions by providing some of the good faith reasons and facts that supported filing in the Cook IVC MDL. However, Defense counsel stated they planned to file their motion regardless because our meet and confer occurred past the deadline stated in the June 5th letter. Plaintiff's only remaining course of action was to rely on the Indiana Journey Account Statute, which, as stated above, first requires the case be involuntarily dismissed before it can be refiled in State Court. Apparently, our firm is not alone in this experience, as other firms subject to this motion of dismissal and sanctions had the same or similar experience.

**Counsel for Defendants are well aware of the circumstances and the Indiana Journey Account Statute**. Therefore, it is disingenuous to argue Plaintiffs engaged in sanctionable conduct and created additional litigation and expense when Defense counsel would only agree to their Voluntary Dismissal language to purposely avoid the Indiana Journey Account Statute. The Parties could have agreed to refiling in State court without making the statute of limitations arguments. If

counsel for Defendants had consented to this course of action, the outcome would be the same outcome following an involuntary dismissal of this matter made by this Court.

Last, our law firm and current undersigned attorney of record have a combined 30 plus years of substantial MDL litigation experience and have honorably held MDL leadership roles. We have never faced Rule 11 motion for sanctions or any other motion for sanctions. We respectfully ask this court to keep that in mind when ruling on Defenses motion for sanctions.

## CONCLUSION

For the reasons set forth above, we respectfully ask this Court to deny Defendant's Motion for Rule 11 Sanctions.

Respectfully submitted,

Dated:  September 25, 2024

*/s/ Scott Fraser*
Scott Fraser
MCDONALD WORLEY, PC
1770 St. James Place, Suite 100
Houston, TX 77056
Telephone:  (713) 523-5500
Facsimile:  (713) 523-5501
scott@mcdonaldworley.com

*Attorney for Plaintiffs Brandy James and James Kraft*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25rd day of September 2024, a copy of the foregoing Plaintiffs' Response to Cook Defendants' Motion for Rule 11 Sanctions was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this Matter. Parties may access this filing through the Court's system.

/s/ Scott Fraser
Scott Fraser