# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

**This Document Relates to:**

**Arnie Pike and Tracey J. Wood**

**Civil Case # 1:19-cv-04827**

### PLAINTIFFS' RESPONSE IN OPPOSITION TO
### THE COOK DEFENDANTS' MOTION FOR RULE 11 SANCTIONS AGAINST
### PLAINTIFFS ARNIE PIKE AND TRACEY J. WOOD
### (DKT. 25987)

Pursuant to the Federal Rules of Civil Procedure and Local Rule 7-1, Plaintiffs Arnie Pike and Tracey J. Wood respond in opposition to the Cook Defendants' Motion for Rule 11 Sanctions (Dkt. 25987) as follows:

### BACKGROUND

1. Plaintiff Arnie Pike has asserted injury claims arising from the Cook Defendants'[1] IVC filters. Plaintiff Tracey J. Wood has asserted a derivative claim arising from Arnie Pike's IVC filter-related injuries.

---

[1] The Cook Defendants, as noted in footnote 1 to Defendants' motion, are Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe APS.

1

2. As indicated by the civil case number, the Court mandated short form complaint at issue was filed in 2019. The short form complaint accurately reflects that Plaintiffs reside in the State of Indiana. Unfortunately, the complaint was filed in this MDL court, instead of Indiana state court. Subsequent to the filing, Plaintiffs Pike and Wood complied with the MDL requirements regarding discovery, including producing fact sheets and medical authorizations.

3. As indicated by Cook's counsel in their motion, the Cook Defendants did not raise the potential jurisdictional deficiency for these plaintiffs until October 2023. In response, Plaintiff's counsel sought to negotiate a voluntary dismissal that would protect Plaintiffs' claims from being barred by the statute of limitations. *See* **Exhibits A & B**, meet and confer correspondence and emails.

4. Although Ind. Code Ann. § 34-11-8-1 allows dismissed claims to be refiled without invoking a limitations bar if re-filed within three years, that statutory protection does not apply to cases that are voluntarily dismissed by a plaintiff. *See Kohlman v. Finkelstein,* 509 N.E.2d 228 (Ind. Ct. App. 1987); *see also Price v. Wyeth Holdings Corp.*, 505 F. 3d 624, 632 (7th Cir 2009) (applying Indiana law). The Indiana statute of limitations for a personal injury action is two years. Ind. Code Ann. § 34-1-2-2(1). Thus, Plaintiffs could not simply dismiss their claims once the Cook Defendants pointed out the jurisdictional deficiency without being confronted with a limitations defense upon refiling in Indiana State Court.

5. In order to avoid this penalty from being raised, Plaintiffs' counsel sought to negotiate an agreement whereby Plaintiffs would be protected from incurring penalty of

2

dismissal due to limitation because of an inadvertent error. Any discovery that had occurred in the MDL proceeding with regard to Plaintiffs would be equally applicable in a subsequently filed state court proceeding, as would any limitations bar that existed before the MDL court.

6. Instead of agreeing in good faith to a stipulation which would have dismissed the case without triggering a limitations defense, as proposed by Plaintiffs, the Cook Defendants moved forward with a motion for sanctions and a separately filed motion for dismissal. Now, the Cook Defendants seek to benefit by asking for fees and expenses in their Motion for Sanctions for what was an inadvertent error made when filing these claims. The alleged additional work that the Cook Defendants claims resulting in fees and expenses could have been avoided by an agreement that would preserve Plaintiffs' claims by not giving rise to a new limitations defense.

## ARGUMENT

7. "The Rule 11 sanction is a tool that must be used with utmost care and caution." *Vista Mfg., Inc. v. Trac-4, Inc.*, 131 F.R.D. 134, 144 (N.D. Ind. 1990). The standard for imposing sanctions under Rule 11 "is one of objective reasonableness under all the circumstances of the case," *Federal Deposit Ins. Corp. v. Tekfen Const. and Installation Co., Inc.*, 847 F.2d 440, 442 (7th Cir. 1988); *see also Magnus Electronics, Inc. v. La Republica Argentina*, 830 F.2d 1396, 1403 (7th Cir. 1987). Rule 11 sanctions are unwarranted when the claims are "neither frivolous nor designed to harass or abuse." *Matrix IV, Inc. v. American Nat. Bank and Trust Co. of Chicago*, 649 F.3d 539, 553 (7th Cir. 2011).

8. Rule 11 "enables the court to protect itself, and the litigants in other cases, from the burdens of frivolous or vexatious filings." *Lengerich v. Columbia College*, 633 F. Supp. 2d 599, 600 N.D. Ill. 2009). Sanctions per Rule 11 are appropriate only if the defendant can show that the plaintiff's counsel did not act in an objectively reasonable manner in filing or litigating a baseless claim. *Arth Main Street Drugs, Inc. v. Beer Distributors of Indiana, Inc.*, 1984 U.S. Dist. LEXIS 21972, *12 (N.D. Ind. 1984). The "threshold question . . . is whether counsel filed claim without any basis in the law." *Id.*

9. The claims at issue are not baseless and the filing was neither frivolous nor vexatious. Like the other many plaintiffs with claims that were or are pending before this MDL Court, Plaintiffs have plead actionable claims arising from injuries that Plaintiffs assert were caused by an inferior vena cava filter designed, manufactured, and sold by the Cook Defendants. Unfortunately, Plaintiffs' claims[2] were inadvertently direct-filed in this federal forum, instead of with the claims of other Indiana residents who allege Cook IVC filter-related injuries in Indiana state court.

10. Plaintiffs' actions have not been objectively unreasonable. As soon as the improvident filing was brought to Plaintiffs' counsel's attention, counsel sought to rectify the situation while still preserving the clients' claims.

---

[2] According to the Cook Defendants, there were other Indiana-resident plaintiffs represented by other law firms whose claims were also filed in this MDL. The reasons that those plaintiffs chose voluntary dismissal are likely varied and based on those individual plaintiffs' desires and/or situations. That some of those law firms chose to voluntarily dismiss those claims is irrelevant to whether or not voluntary dismissal is appropriate for the claims at issue for clients represented by Ben Martin Law Group.

11. Any fees or expenses incurred by the Cook Defendants are the result of those defendants refusing to act in good faith or in a reasonable manner. At most, Defendants are entitled to an order on their pending Motion to Dismiss and entry of an involuntary dismissal of Plaintiffs' pending short form complaint for lack of subject matter jurisdiction.[3]

12. Based on the foregoing, Plaintiffs pray that Defendants' Motion for Sanctions be denied.

Dated: September 26, 2024.

Respectfully submitted,

/s/ Ben C. Martin
Ben C. Martin
TX Bar No. 13052400
**Ben Martin Law Group, PLLC**
Thomas Wm. Arbon
TX Bar No. 01284275
3141 Hood Street, Suite 600
Dallas, TX 75219
Tel.: (214) 761-6614
Fax: (214) 744-7590
bmartin@bencmartin.com
tarbon@bencmartin.com

***Attorneys for Plaintiffs***

---

[3] In addition to the Motion for Sanctions presently at issue, the Cook Defendants have also filed an Omnibus Motion to Dismiss for lack of subject matter jurisdiction per Rule 12(b)(1) (Dkt. 25979). Plaintiffs are filing a separate response to that motion.

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Ben C. Martin*
Ben C. Martin
