IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                  Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                    MDL No. 2570
_____

All Category 7 Cases
_____

**COOK DEFENDANTS' RESPONSE TO
PLAINTIFFS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF THEIR MOTION FOR SUGGESTION FOR REMAND**

The Cook Defendants hereby respond to Plaintiffs' second notice of supplemental authority (Dkt. 25978) in support of their pending motion for suggestion of remand.[1]

As an initial matter, Plaintiff's second notice does not provide any new authority and instead updates a chart in Plaintiff's briefing, which lists out the total number of cases and current cases remaining in eight product liability MDLs enacted before the Cook Filter MDL. *See* Dkt. 25978 at 2 (citing figures from the September 2024 monthly report on JPML's website). Plaintiffs previously updated this data with their first supplemental notice filed on January 18, 2024 and Cook responded. *See* Dkts. 25211 (Plaintiffs' notice); Dkt. 25235 (Cook Defs.' response).

With respect to the updated case counts from those eight other MDLs, and to Plaintiff's claim that "this continues to be the oldest products liability MDL in the country with any substantial number of cases," Dkt. 25978 at 2, Plaintiffs continue to present this data devoid of its proper context. As Cook explained in its response to Plaintiffs' first notice, those eight MDLs are older than this MDL, including some by several years: *In re MTBE* was created in 2000, *In re*

---

[1] As Cook has made clear in prior briefing, Plaintiffs use the term "remand" incorrectly. Cases that were not transferred by the JPML cannot be remanded through the JPML process pursuant to section 1407. The proper procedural vehicle for cases filed in this District would be transfer pursuant to section 1406.

1

*Avandia* in 2007, *In re Chinese-Manufactured Drywall* in 2009, *In re Toyota Motor Corp. Unintended Acceleration* in 2010, *In re Fosamax* and *In re DePuy Orthopaedics Inc. Pinnacle Hip Implant* in 2011, and *In re Stryker Rejuvenate and ABG II Hip Implant* in 2013.

Further, three of these MDLs (*In re MTBE Prods.*, *In re Chinese-Manufactured Drywall*, and *In re Toyota Motor Corp. Unintended Acceleration*) have had less than 500 total cases and *In re Fosamax* has had 1,288 total cases filed in or transferred to them over their lifetimes, while the same monthly statistical report provides that the Cook Filter MDL has had 11,417 total cases.[2]  This stark difference in size makes Plaintiffs' comparison of raw numbers misleading.  Indeed, while *In re MTBE* has 14 cases listed as remaining and *In re Chinese-Manufactured Drywall* has 40 cases listed as remaining, those figures respectively represent 7.3% and 9.5% of all cases ever filed in or transferred to those MDLs.  Cook's review of those dockets indicates that at least some of those cases were class action lawsuits consolidated into MDLs, further undercutting Plaintiffs' lawsuit-for-lawsuit comparison because class actions are a wholly different type of litigation, and each class action lawsuit may compromise many different class members.  Plaintiffs' characterization of those MDLs as "virtually active only in a technical sense" is incorrect and misleading.

Because Plaintiffs' second notice is focused on presenting the Cook Filter MDL as the "oldest products liability MDL in the country with any substantial number of cases," the notice makes no mention of *any* products liability MDLs created after this MDL.  However, a review of the same statistical reports cited by Plaintiffs shows multiple MDLs created within the two years after the creation of this MDL in 2014 with many cases pending, including some MDLs where

---

[2] The monthly report is available on the JPML's website at Pending_MDL_Dockets_By_District-September-3-2024.pdf (uscourts.gov).  The report further shows that number of pending cases in this MDL is 7629, indicating that 3788 cases have been resolved through settlement, judgment, or dismissal.  This figure does not reflect pending motions to dismiss or settlements.

DMS_US.366550315.5

only a small proportion of cases have concluded. These include *In re Bair Hugger, In re Johnson & Johnson Talcum Powder*, and *In re Roundup*:[3]

| MDL Number | Date Transferred by JPML | MDL Short Name | Cases Remaining | Total Cases |
|---|---|---|---|---|
| 2666 | 12/11/2015 | *In re Bair Hugger Forced Air Warming Devices* | 7509 | 8482 |
| 2738 | 10/4/2016 | *In re Johnson & Johnson Talcum Powder* | 57937 | 59101 |
| 2740 | 10/4/2016 | *In re Taxotere (Docetaxel)* | 9365 | 15591 |
| 2741 | 10/3/2016 | *In re Roundup* | 4337 | 4923 |
| 2753 | 12/8/2016 | *In re Atrium Medical Corp. C-Qur Mesh* | 1111 | 3572 |

Indeed, Plaintiffs' first supplemental notice discussed the *Bair Hugger* MDL in detail, including pointing to that court's bellwether plan as a useful model and asking this Court to follow it. *See* Feb. 26, 2024 Hearing Tr. at 43:20-21, 50:5-6 attached as **Exhibit A** (Plaintiffs' counsel stating that "we would prefer a kind of Bair Hugger approach" and that "[t]his Bair Hugger approach seems to make a lot of sense"). As Cook explained, that court selected 36 cases for bellwether trial, and remanded a portion of those cases for trial. *Compare* Dkt. 25211, *with* Dkt. 25235. Since Plaintiffs' filing of the first supplemental notice in January 2024, the *Bair Hugger* MDL appears to have ***increased*** in size by more than a thousand cases. *See* Dkt. 25235 at 1 (discussing that there were 6228 cases listed as pending in that MDL in the January 2024 monthly report). Plaintiffs' supplemental notice does not disclose this fact to the Court.

Because six of the eight MDLs listed in Plaintiffs' notice are at least three years older than the Cook Filter MDL and these MDLs involved different circumstances (and different types of litigation in at least some instances), the mere fact that those MDLs listed have fewer cases than this one, does not support Plaintiffs' call for global remand and transfer of cases. Moreover,

---

[3] This data table is compiled from two different monthly reports on the JPML's website: a report listing the number of current cases and total historical case counts by MDL (Pending_MDL_Dockets_By_District-September-3-2024.pdf (uscourts.gov)) and a report listing MDLs by their number, filing, and transfer dates (Pending_MDL_Dockets_By_MDL_Number-September-3-2024.pdf (uscourts.gov)).

3

as Cook explained in its briefing and response to the prior supplemental notice, this MDL is unique because it includes two different products and myriad injury types.

This MDL would have progressed further but for a global pandemic and Plaintiffs' own delay tactics. Indeed, Plaintiffs at this very moment seek "remand" of all Category 7 cases, while at the same time they have asked for months of extensions to complete the basic tasks of providing updated categorizations for their claimed injuries (pursuant to Amended CMO 33) and demonstrating that they have properly invoked federal jurisdiction (pursuant to Amended CMO 32). Cook struggles to understand how Plaintiffs can represent to this Court that the passage of time alone warrants remand when their own tactics have delayed and continue to delay progress in this MDL. None of the factors for the Court's denial of remand in August 2020 have changed:

> As the court noted previously, only two bellwether cases have gone to trial and they both involved the Celect IVC filter, not the Tulip. And the most recent Category 5 & 6 cases set for bellwether trial have been dismissed for various reasons, meaning both the court and the parties are back to square one. Put simply, pretrial proceedings have not concluded in this MDL.

Dkt. 13935 at 1.

In sum, the mere fact that this MDL was created in 2014 provides no reason to deny Cook the due process and justice it deserves, and Plaintiffs' latest submission does not suggest otherwise.

Dated: October 1, 2024                                 Respectfully submitted,


                                                                                     */s/ Andrea Roberts Pierson*
Andrea Roberts Pierson
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

4

        James Stephen Bennett
        FAEGRE DRINKER BIDDLE & REATH LLP
        110 West Berry Street, Suite 2400
        Fort Wayne, Indiana  46802
        Telephone:  (260) 424-8000
        Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2024, a copy of the foregoing document was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

        /s/ *Andrea Roberts Pierson*