# EXHIBIT A

```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE SOUTHERN DISTRICT OF INDIANA
                             INDIANAPOLIS DIVISION


IN RE: COOK MEDICAL, INC.,      ) Case No. 1:14-ml-2570-RLY-TAB
IVC FILTERS MARKETING,          ) Evansville, Indiana
SALES PRACTICES AND             ) February 26, 2024
PRODUCTS LIABILITY              )
LITIGATION                      ) 11:09 a.m.




                    BEFORE THE HONORABLE RICHARD L. YOUNG

                          TRANSCRIPT OF PROCEEDINGS
                               STATUS HEARING


APPEARANCES:

For the Plaintiffs:        Ben Martin
                           Ben Martin Law Group
                           3141 Hood Street
                           Suite 600
                           Dallas, TX   75219

                           Joseph N. Williams
                           Williams & Piatt, LLC
                           1101 North Delaware Street
                           Indianapolis, IN   46202

                           Michael Heaviside
                           Heaviside Reed Zaic
                           910 17th Street, NW
                           Suite 800
                           Washington, DC   20006


For the Defendants:        Andrea Roberts Pierson
                           Jessica Benson Cox
                           Faegre Drinker Biddle & Reath LLP
                           300 North Meridian Street
                           Suite 2500
                           Indianapolis, IN   46204
```

```
 1  implicitly but clearly consented to the application of
 2  originating state choice of law rules to direct filed cases,
 3  and if asking the Court to apply a certain rule where a case
 4  is not consenting to that rule, then we're not sure what would
 5  be.
 6            And Cook consented to the treatment of direct filed
 7  cases, indeed welcomed it, until it no longer benefited Cook
 8  leading to the about face against Looper and Lambert.  That
 9  reversal, of course, should not stand.
10            So we think that the Looper court was correct.  We
11  think it's completely improper to exclude as an end runaround
12  this, every case that's ever been filed and transferred in and
13  every case that's been direct filed until January 22nd of
14  2022, and to contend that they can unilaterally revoke
15  consent.
16            Now, the Looper court said that you might allow a
17  prospective change, and when they say allow, allow implies
18  permission.  It doesn't suggest a unilateral move.
19            So I don't know if this is the time -- I mean, in
20  lieu of this bellwether plan, we would prefer a kind of Bair
21  Hugger approach.  That case seems quite similar.  It was
22  created in 2015.  There's bellwether trial.  There's court
23  ordered mediation.  There was a bellwether pool, and then the
24  court remanded, I think it was 28 cases out of that bellwether
25  pool.  So we think that's far more likely to bring this
```

50

1  to be some waiver then somehow.
2           MR. HEAVISIDE:  Then me need to get together and
3  identify cases, and then we will get ahold of everybody and
4  some people will waive lexicon.
5           MS. PIERSON:  Your Honor, we're happy to add in a
6  couple of paragraphs into the proposed bellwether plan that
7  gives a date by which people can waive lexicon or not waive
8  lexicon.  We can work through those mechanics.  We did that in
9  the last couple of plans, too.  So that's not a problem to put
10 that language in.
11          THE COURT:  That might be the better way to approach
12 this.  I think Mike might have a point there regarding
13 excluding the pre-January '22 cases.
14          MS. PIERSON:  I think the only thing we'll want to be
15 careful of, Your Honor, is that --
16          THE COURT:  Speak up, please.
17          MS. PIERSON:  I'm sorry, Your Honor.  I think the
18 only thing we'll want to be careful of is that this doesn't
19 become an avenue for gamesmanship about waiving lexicon in
20 cases -- only cases that the plaintiffs want to try as opposed
21 to it being a broad decision by the plaintiffs of do they
22 waive lexicon or don't they.  We can work through those
23 mechanics.
24          In the last bellwether plan, we included language
25 that basically gave people an opportunity to waive lexicon,