## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS          Case No. 1:14-ml-2570-RLY-TAB
MARKETING, SALES PRACTICES AND                              MDL No. 2570
PRODUCTS LIABILITY LITIGATION

_____

**This Document Relates to:**

**Steven Chester**
**Civil Case # 1:19-cv-04277-RLY-TAB**

**Melissa A. Dyer and Donald Dyer, Jr.**
**Civil Case # 1:17-cv-00190-RLY-TAB**

**Richard Nunez**
**Civil Case # 1:19-cv-04169-RLY-TAB**

**Arnie Pike and Tracey J. Wood**
**Civil Case # 1:19-cv-04827-RLY-TAB**

_____

### BEN MARTIN LAW GROUP'S INDIANA PLAINTIFFS' RESPONSE TO COOK DEFENDANTS' OMNIBUS MOTION TO DISMISS CASES FILED BY INDIANA PLAINTIFFS FOR LACK OF SUBJECT MATTER JURISDICTION (Dkt. 25979)

Pursuant to the Federal Rules of Civil Procedure and Local Rule 7-1, the Plaintiffs

represented by Ben Martin Law Group, referenced above and listed in Exhibit A to the

Cook Defendants'[1] Omnibus Motion to Dismiss Cases Filed by Indiana Plaintiffs for Lack

of Subject Matter Jurisdiction (Dkt. 25979), respond to that motion as follows:

_____

[1] The Cook Defendants, as noted in Defendants' motion, are Cook Incorporated, Cook Medical
LLC f/k/a Cook Medical Incorporated, and William Cook Europe APS.

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs listed in the Cook Defendants' Exhibit A (Dkt. 25979-1) are 16 individuals who assert injury claims arising from the Cook Defendants' IVC filters.  Because some assert derivative claims as spouses, 12 short form complaints form the basis of the Cook Defendants' motion.  However, only the following Plaintiffs are represented by Ben Martin Law Group:

| | |
|---|---|
| Dyer, Melissa A. & Donald | Cause No. 1:17-cv-00190 |
| Nunez, Richard | Cause No. 1:19-cv-04169 |
| Chester, Steven | Cause No. 1:19-cv-04277 |
| Pike, Arnie and Wood, Tracey J. | Cause no. 1:19-cv-04827 |

This response is filed on behalf on these Ben Martin Law Group clients.

As indicated by the cause numbers listed above and in Defendants' Exhibit A (Dkt. 25979-1), the four short form complaints for the Ben Martin Law Group clients at issue were filed in 2017 and 2019.  The Cook Defendants did not reference the potential jurisdictional deficiency for these plaintiffs until October 2023.  *See* Exhibit D to Cook's motion (Dkt. 25979-4).  In response, Plaintiff's counsel sought to negotiate a dismissal that would protect Plaintiffs' claims from being barred by the statute of limitations.  *See* **Exhibit A,** meet and confer emails and correspondence.

## II.    ARGUMENT

### A.    Plaintiffs do not dispute the Defendants' jurisdictional arguments.

As a preliminary matter, Plaintiffs do not dispute that this Court lacks subject matter jurisdiction over the case as set forth in Defendants' present Motion.  Rather, Plaintiffs

understand that Indiana law requires an order of involuntary dismissal from this Court for the Indiana Journey Account Statute, Ind. Code § 34-11-8-1, to protect the statute of limitations in the case when refiled in Indiana state court. For that reason, Plaintiff has not consented to the voluntary dismissal as proposed by Defendants.  Plaintiff has not intended for this course of action to tax judicial economy, but rather to protect the statute of limitations and responsibly prosecute the case.

**B.    The Indiana Journey Account Statute requires an involuntary dismissal to protect the statute of limitations.**

Indiana Code section 34-11-8-1, Indiana's savings statute ("Journey Account Statute"), provides as follows:

Sec. 1. (a) This section applies if a plaintiff commences an action and:

(1)    the plaintiff fails in the action from any cause except negligence in the prosecution of the action;

(2)    the action abates or is defeated by the death of a party; or

(3)    a judgment is arrested or reversed on appeal.

Ind. Code § 34-11-8-1 (2005). The statute further provides that

(b) If subsection (a) applies, a new action may be brought not later than the later of:

(1)    three (3) years after the date of the determination under subsection (a); or

(2)    the last date an action could have been commenced under the statute of limitations governing the original action; and be considered a continuation of the original action commenced by the plaintiff.

*Id.*  Indiana courts have held that the Journey Account Statute applies to cases where the federal district court dismisses the action for jurisdictional reasons.  In *Eves v. Ford Motor Co.*, the plaintiffs' federal district court action had been dismissed for jurisdictional reasons; the plaintiffs' subsequent state action was filed against the same defendants for the same claim within five years after the federal court's order, and plaintiffs' action was deemed timely, even though it was filed more than two years after the action arose.  *Eves v. Ford Motor Co.*, 281 N.E.2d 826, 831 (Ind. App. Ct. 1972).  Under some circumstances, the Journey Account Statute permits a filing after the applicable limitation period to be deemed a "continuation" of an earlier claim.  *Eads v. Community Hosp.*, 932 N.E.2d 1239, 1243 (Ind. 2010).  Generally, for an action to be considered a continuation of the former, the parties, the facts, and the causes of action must be the same.  *Land v. International Business Machines Corp.*, 108 F.Supp. 3d 632, 637 (S.D. Ind. 2015).

Critically, "the Journey's Account Statute does not protect an action dismissed voluntarily."  *Price v. American Cyanamid Co.*, No. 2:04-cv-242, 2006 WL 696747, at *7 (N.D. Ind. Mar. 14, 2006) (emphasis added).  The Seventh Circuit similarly held that, "one who voluntarily dismisses his own cause of action and fails to re-file it within the ordinarily applicable limitations period cannot seek the protection of the [Indiana] Journey's Account Statute, which requires that in order to be deemed a timely continuation a cause of action must first 'fail' before it is filed anew."  *Morris v. Jenkins*, 819 F.2d 678, 680 (7th Cir. 1987) (emphasis added).

The *Torres* case is instructive here as to the requirement of an involuntary dismissal from the federal court before refiling in state court.  *Torres v. Parkview Foods*, 468 N.E.2d

580, 582 (Ind. Ct. App. 1984). The *Torres* court observed that under the Indiana Journey Account Statute, "when a plaintiff's cause of action in federal court fails for jurisdictional reasons, a plaintiff's subsequent state action against the same defendants for the same claim filed within five years of the federal court's order, is timely under the state savings statute." *Id.* However, the *Torres* court reasoned that the Journey Account Statute did not apply to that action, which had been brought in federal court and subsequently dismissed for lack of diversity jurisdiction because the federal action had not yet been dismissed when the plaintiffs filed their action in state court. *Id.*, *see McGill v. Ling*, 801 N.E. 2d 678, 685 (Ind. Ct. App. 2004) (The federal action must be dismissed before filing a state court action to be a continuation of those claims and for the Indiana Journey Account Statute).

The *Torres* court specifically stated as follows:

> [W]e hold that when in good faith a plaintiff brings an action in federal court within the statute of limitations, but it fails for lack of diversity jurisdiction, the statute of limitations is tolled with the filing of the suit for purposes of determining whether a subsequent state action involving the same parties and the same claims is brought within the statute of limitations.

*Id.* Regardless, as noted above, the Indiana Journey Account Statute requires an involuntary dismissal from the federal court before the refiling of the case in state court.

Here, Plaintiffs' hands are tied by the Indiana Journey Account Statute. The Indiana statute of limitations for a personal injury action is two years. Ind. Code § 34-1-2-2(1). Since the ordinarily applicable limitations period has expired, Plaintiffs cannot voluntarily dismiss their actions and refile in Indiana state court without encountering statute of limitations issues. In order to be saved by the Indiana Journey Account Statute, Plaintiffs' causes of action must first "fail" before being filed anew. *See Morris*, 819 F.2d at 680.

Plaintiff's cause of action must first be involuntarily dismissed before it can be filed in state court.  Plaintiffs could not simply dismiss their claims once the Cook Defendants pointed out the jurisdictional deficiency without being confronted with a limitations defense upon refiling in Indiana State Court.

In order to avoid this penalty from being raised, Plaintiffs' counsel sought to negotiate an agreement whereby Plaintiffs would be protected from incurring penalty of dismissal due to limitation because of an inadvertent error.  Any discovery that had occurred in the MDL proceeding with regard to Plaintiffs would be equally applicable in a subsequently filed state court proceeding, as would any limitations bar that existed before the MDL court.  Instead of agreeing in good faith to a dismissal that protects Plaintiffs from triggering a limitations defense, as proposed by Plaintiffs, the Cook Defendants moved forward with motions for sanctions and for dismissal.  Thus, this matter is not before this Court.

Dated:  October 3, 2024.

Respectfully submitted,

/s/ Ben C. Martin
Ben C. Martin
TX Bar No. 13052400
**Ben Martin Law Group, PLLC**
Thomas Wm. Arbon
TX Bar No. 01284275
3141 Hood Street, Suite 600
Dallas, TX 75219
T:  (214) 761-6614
F:  (214) 744-7590
bmartin@bencmartin.com
tarbon@bencmartin.com
*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 3, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

*/s/ Ben C. Martin*
Ben C. Martin
