# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION <br><br> This document relates to: <br><br> All Cases | § § § § § § § § § § | Case No. 1:14-ml-2570-RLY-TAB <br><br> MDL No. 2570 |

## PLAINTIFFS' RESPONSE TO COOK DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS ON PLAINTIFFS' "OTHER NEGLIGENCE" CLAIMS

Comes now, the Plaintiffs' Steering Committee, and on behalf of all plaintiffs, files this response to the Cook Defendants' ("Cook") motion for partial judgment on the pleadings dismissing all Plaintiffs' "other negligence" claims, as set out in Plaintiffs' Master Consolidated Complaint for Individual Claims ("Master Complaint"), Dkt. 213, Count III, ¶¶81-88. Plaintiffs would respectfully show as follows:

### INTRODUCTION

Cook is still creating phantom issues for the Court to address. Five years after the *Hill* case went through litigation, Cook has brought this motion based on an alleged systemic issue that is simply nonexistent. Cook's request for the Court to limit the claims for individual plaintiffs is baseless. This is yet another issue more proper for the Plaintiffs' originating district courts to determine. Plaintiffs' Count III claim is for Negligence, which restates all allegations of the Master Complaint. Cook's omnibus motion fails to address any individual plaintiffs' pleadings, narrowly views plaintiffs' negligence claim, and asks the Court to rule on an issue which Cook has created

1

in its imagination that is not an issue ripe for the Court to address. However, to move the litigation forward, Plaintiffs request leave to amend their complaints to clarify their negligence claims as stated in more detail below.

## BACKGROUND

Plaintiffs' Count III "Negligence Claim" of their Master Complaint states the following:

81. Plaintiffs repeat and re-allege each and every allegation of this Master Complaint as if set forth in full in this cause of action.

82. At all times relevant to this cause of action, the Cook Defendants were in the business of designing, developing, manufacturing, marketing and selling sophisticated medical devices, including its Cook IVC Filters.

83. At all times relevant hereto, the Cook Defendants were under a duty to act reasonably to design, develop, manufacture, market and sell a product that did not present a risk of harm or injury to the Plaintiffs and to those people receiving their IVC Filters.

84. At the time of manufacture and sale of the Cook IVC Filters, the Cook Defendants knew or reasonably should have known the Cook IVC Filters:

   a. were designed and manufactured in such a manner so as to present an unreasonable risk of fracture of portions of the device, as aforesaid;

   b. were designed and manufactured so as to present an unreasonable risk of migration of the device and/or portions of the device, as aforesaid;

   c. were designed and manufactured to have unreasonable and insufficient strength or structural integrity to withstand normal placement within the human body; and/or

   d. were designed and manufactured so as to present an unreasonable risk of perforation and damage to the vena caval wall.

85. Despite the aforementioned duty on the part of the Cook Defendants, they committed one or more breaches of their duty of reasonable care and were negligent in:

   a. unreasonably and carelessly failing to properly warn of the dangers and risks of harm associated with the Cook IVC Filters, specifically its incidents fracture, migration, perforation and other failure;

   b. unreasonably and carelessly manufacturing a product that was insufficient in strength or structural integrity to withstand the foreseeable use of normal placement within the human body;

   c. unreasonably and carelessly designed a product that was insufficient in strength or structural integrity to withstand the foreseeable use of normal placement within the human body; and

    d. unreasonably and carelessly designed a product that presented a risk of harm to the Plaintiffs and others similarly situated in that it was prone to fail.

86. As a direct and proximate result of the Cook IVC Filters' defects, as described herein, Plaintiffs suffered permanent and continuous injuries, pain and suffering, disability and impairment. Plaintiffs have suffered emotional trauma, harm and injuries that will continue into the future. Plaintiffs have lost their ability to live a normal life, and will continue to be so diminished into the future. Furthermore, Plaintiffs have lost earnings and will continue to lose earnings into the future and has medical bills both past and future related to care because of the Cook IVC Filters' defects.

87. By reason of the foregoing, Defendants are liable to the Plaintiffs for damages as a result of their failure to warn and/or adequately warn the Plaintiffs and healthcare professionals about the increased risk of serious injury and death caused by their defective IVC filters.

88. **WHEREFORE,** Plaintiffs, demand judgment against the Cook Defendants and seek damages as detailed in the Global Prayer of Relief including: compensatory damages, exemplary damages, and punitive damages, together with interest, the costs of suit and attorneys' fees, and such other further relief as this Court deems just and proper; Dkt. 213 ¶¶81-88.

## STANDARD OF REVIEW

Under Rule 12(c), "a party may move for judgment on the pleadings . . . [a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6)". *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014). "To survive a motion for judgment on the pleadings, a complaint must state a claim to relief that is plausible on its face." *Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 397 (7th Cir. 2018) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining whether a complaint is facially plausible, the court draws all reasonable inferences and facts in favor of the non-moving party. *Bishop*, 900 F.3d at 397. The court must take into consideration all documents which constitute the pleadings and view them in the "light most favorable to the nonmoving party." *N. Indiana Gun & Outdoor Shows, Inc. v. City*

*of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). "There are no special pleading requirements for product liability claims in general." *Bausch v. Stryker Corp.*, 630 F.3d 546, 558 (7th Cir. 2010).

Here, the Plaintiffs' Steering Committee filed a Master Consolidated Complaint for Individual Claims ("Master Complaint"), Dkt 213, which contains eleven counts including a claim of Negligence. Dkt. 213, Count III ¶¶ 81-88. Most plaintiffs in this litigation assert negligence claims in their individual short form complaints, and many add additional claims of negligence in their individual short form complaints. Cook subsequently filed a Master Answer, which serves as a general denial of all claims including Plaintiffs' individual additional claims. *See generally* Dkt. 8180, Cook Defs.' Am. Answer.

Faced with a motion for judgment on the pleadings, the opposing party may elaborate on the facts pled in the complaint to show that there is likely to be some evidentiary weight behind the pleadings that the court must evaluate. *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). Thus, in ruling on a motion for judgment on the pleadings, the Court must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). Likewise, the Court must "view the facts in the complaint in the light most favorable to the nonmoving party." *GATX Leasing Corp.*, 64 F.3d at 1114. A court may "grant a Fed. R. Civ. P. 12(c) motion only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.' *Craigs, Inc. v. Gen. Elec. Cap. Corp.*, 12 F.3d 686, 688 (7th Cir. 1993).

## ARGUMENT

### I. Cook's Motion is Unnecessary and Superfluous

#### A. Cook's Motion is Based Only on the Litigation History of One Case

Cook brings this motion based on the litigation history of one case, the 2017 *Hill* bellwether case. Dkt. 25843 at 3. As Cook summarized, the court initially ruled that even though Hill's

4

negligent testing claim was subsumed in her claim for defective design, it survived summary judgment because Cook did not specifically move on her negligent testing claim. Dkt. 6761 at 2. The Court later stated it erred, under Florida law, however, in carving out a separate claim for negligence testing. Dkt. 6849 at 2. Due to this single instance, Cook has now burdened the Court and Plaintiffs with this unnecessary motion. Cook is requesting the Court to rule on an issue that has not occurred since *Hill* in 2017. Furthermore, no bellwether Plaintiff has pled similarly in any other case since *Hill*. Yet, here we are, as Cook tries to create an issue that simply does not exist at this time.

### B. Plaintiffs Are Allowed to Allege and Establish Additional Allegations to Support Their Claim of Negligent Failure to Warn, Negligent Design, and Negligent Manufacturing

After careful review of case law from 29[1] states subject to this motion, Plaintiffs concede they will only pursue claims for negligent design, negligent manufacturing, and negligent failure to warn under Count III of the Master Complaint to the extent Plaintiffs have alleged they are subject to those 29 states' laws. Plaintiffs subject to these 29 states' laws will not seek *independent claims* under any other negligence theory. Needless to say, Plaintiffs preserve, however, their right to bring evidence of other allegations to support their claims of negligent failure to warn, negligent manufacturing, and negligent design, such as but not limited to: negligent marketing, negligent testing, negligent advertising, negligent training, and negligent development. Plaintiffs are of course not precluded from evidencing these allegations to support their claims of negligence, even in states in which said evidence must ultimately support the existence of a negligent manufacturing, failure to warn or design defect claim. "[E]vidence of a testing regimen or its absence may be submitted in connection with a particular claim, for instance to defend against or

---

A. [1] Plaintiffs do not agree with Cook's motion regarding Pennsylvania law, which is addressed substantively in Plaintiffs' response.

support a claim of negligence in product design." *Dupere v. Ethicon, Inc.,* 2022 WL 523604, at 4 (S.D.N.Y. Feb. 22, 2022). To the extent Plaintiffs bring evidence to support their negligence theories, Plaintiffs are allowed to bring "evidence that the defendant did or did not conduct adequately reasonable research or testing before marketing the product may be admissible (but is not necessarily required) regardless of whether the claim is based on negligence…" *Schulze v. Ethicon, Inc.,* 2023 WL 2914381, at 2 (D. Utah Apr. 12, 2023). Therefore, Plaintiffs concede that Plaintiffs subject to Alabama, Arizona, California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Idaho, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, New Jersey, New York, North Carolina, Rhode Island, South Dakota, Utah, Virginia, and Wisconsin laws[2] will only bring claims for negligent failure to warn, negligent design, and negligent manufacturing. Plaintiffs', however, expressly reserve their right to bring all evidence of Cook's conduct to support their negligence claims, obtained in either general or plaintiff-specific discovery—whether or not Plaintiffs' respective state law recognizes an "other negligence" claim as an independent cause of action part and parcel of a negligent manufacturing, failure to warn or design defect claim.

### C. Pennsylvania Plaintiffs' Negligence Claims Are Not Limited to Only Negligent Failure to Warn, Negligent Design, and Negligent Manufacturing.

"Pennsylvania law permits plaintiffs considerable latitude in labeling their negligence claims." *McLaughlin v. Bayer Corp.,* 172 F. Supp. 3d 804, 820 (E.D. Pa. 2016). As the Pennsylvania Supreme Court has made clear, plaintiffs are the "master[s] of [their] own claim[s]." *Lance v. Wyeth*, 624 Pa. 231, 85 A.3d 434, 460 (2014).

> Moreover, the Pennsylvania Supreme Court has quoted with apparent approval an amicus brief which states that: "A manufacturer's negligent conduct can occur at any stage of the marketing process: in the initial design of the [product], in the failure to investigate information about the risks the [product] poses, and in its decision to continue to sell the

---

[2] Plaintiffs disagree with Cook's interpretation of Pennsylvania law for the reasons stated herein.

6

[product] despite those unreasonable risks. The defendant's unreasonable behavior at any point in this process should be sufficient to give rise to negligence liability when that conduct results in injury.

Id. at 458 (emphases added) (quoting Br. for *Amici* Am. & Pa. Ass'ns for Justice at 3) *McLaughlin* at 820.

Cook cites to *Wolfe v. McNeil-PPC, Inc.*, to support its claim that Pennsylvania only allows three negligence claims in product liability cases, but this is not true. The court in *Wolfe* relied on *Owens v. Wyeth*, 2010 WL 2965014, at 6 (Pa.Super.Ct. July 26, 2010), to support its holding. *Owens* was subsequently vacated and remanded in light of *Lance v. Wyeth*. *Owens v. Wyeth*, 624 Pa. 632, 633, 88 A.3d 954 (2014) (holding "[a] company which is responsible for tendering into the market a drug which it knows or should know is so dangerous that it should not be taken by anyone can be said to have violated its duty of care either in design or marketing"). Therefore, under Pennsylvania law, Plaintiffs are allowed to bring a myriad of negligence claims and are not restricted to just three. Cook's claim fails as a matter of Pennsylvania law.

### D. Cook's Motion Does Not Address Any Individual Plaintiffs' Additional Claims of Negligence in Their Respective Short Form Complaints

Cook's omnibus motion fails to address individual Plaintiffs' complaints and any additional claims they have brought in their short form complaints. For example, Plaintiff Tim Marshal has alleged additional claims of "Negligent Managing, Supervising, Hiring and Reviewing Performance of Product, Testing and/or Staff (Marshal v. Cook Medical Inc., 1:17-cv-1812, 1, (S.D. Ind. June 1, 2017)). Cook's motion does not specifically address Marshal's claims or any other Plaintiff's individual claims. An omnibus motion is improper, and Cook's motion does not support dismissal for plaintiffs similarly situated. This motion is best left to be addressed on an individual basis when a case is remanded, not MDL-wide.

**II.     Plaintiffs Whose State Law is Not Subject to the Motion, Request Leave to Amend Their Complaint to Clarify Their Negligence Claims**

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). *(internal quotations removed)*. Further, "Plaintiff is not required to allege every fact that may be uncovered in discovery. That would be an impossible burden. Plaintiff must only allege sufficient facts entitling her to relief—." *See Twombly*, 550 U.S. at 570, Pacheco *v. Johnson & Johnson,* 2024 WL 3260883, at 5 (M.D. Ga. July 1, 2024). While Cook does not dispute the allegations in Count III of the Master complaint, they do try, and narrow Plaintiffs' claims to just three theories. Dkt. 25843 at 6. Plaintiffs dispute this narrow reading of Plaintiffs' Count III negligence claim because no Plaintiff-specific discovery has occurred. Plaintiffs, whose claims are subject to the other state laws not specifically addressed in Cook's motion, are entitled to leave to amend their complaints to clarify their negligence claims. Under Federal Rule of Civil Procedure 15(a)(2), the "court should freely give leave to amend when justice so requires." *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015). Reasons for denying leave to amend include "futility, undue delay, prejudice, or bad faith." *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 417 (7th Cir. 2019). None apply in this case.  While, Cook has filed a general answer, currently no case specific discovery is ongoing in the litigation and there is no scheduling order which would be delayed if Plaintiffs amended their complaints. Plaintiffs request this motion to amend, "instead of risking a finding of undue delay and unfair prejudice by waiting for the courts ruling." *O'Boyle v. Real Time Resolutions*, 910 F.3d 338, 348 (7th Cir. 2018). Cook has stated its basis for this motion is to "foreclose any potential confusion and unnecessary litigation," despite Plaintiffs' contention that this motion is based on exaggeration and is premature (due to the lack of plaintiff-specific

8

discovery). Plaintiffs' proposal provides a solution for Cook's self-created concern. Thus, while Plaintiffs still assert that Cook's motion is unnecessary and at a minimum, premature, Plaintiffs request leave to amend their Count III negligence claims.[3]

## CONCLUSION

Reading Count III in light most favorable to Plaintiffs, Cook's Motion for Partial Judgment on the Pleadings is premature and should be denied. Cook's motion fails to address any Plaintiffs' additional specific allegations in their short form complaints and therefore, Cook's motion should be addressed individually as they arise and not through an omnibus motion. Plaintiffs concede that in 29 states, based on the case law reviewed, they will not pursue any alternative negligence claims under the laws of Alabama, Arizona, California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Idaho, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, New Jersey, New York, North Carolina, Rhode Island, South Dakota, Utah, Virginia, and Wisconsin. However, all Plaintiffs reserve the right to provide evidence of *other* allegations to support their claims of negligent failure to warn, negligent design, and negligent manufacturing. Finally, if the court believes there is need for Plaintiffs to clarify their negligence claims, then Plaintiffs who are subject to the other 31 state laws, respectfully request leave to amend their individual short form complaints to reflect and clarify their specific negligence claims, if they are making claims other than negligence failure to warn, negligent manufacturing, and negligent design[4].

---

[3] Plaintiffs expressly preserve their right to amend in the future. Since no case specific discovery has been conducted, for any case in the MDL, denying leave for Plaintiffs to amend in the future would not be appropriate. Therefore, Plaintiffs reserve their right to amend their complaints under FRCP 15(a)(2) for all claims including their Count III negligence claim. Furthermore, any attempt for Cook to try and dismiss Plaintiffs' additional claims, after leave to amend is granted, should be dismissed as premature, since case specific discovery has not been conducted. Additionally, Plaintiffs would not have the means to present matters outside of the pleadings and additional evidence to support their claim under Fed. R. Civ. P. 12(d).

[4] Plaintiffs will provide a proposed order, for the Court's consideration, addressing Plaintiffs' request for leave to amend, separately.

9

Date: October 8, 2024.

          Respectfully submitted,

          */s/ Ben C. Martin*
          Ben C. Martin
          **Ben Martin Law Group, PLLC**
          3141 Hood St., Suite 600
          Dallas, TX 75219
          (214) 761-6614
          bmartin@bencmartin.com

          Joseph N. Williams
          **Williams Law Group, LLC**
          1101 North Delaware St.
          Indianapolis, IN 46202
          (317) 203-9075
          joe@williamsgroup.law
          *Liaison Counsel to Plaintiffs*
          *Steering Committee and on*
          *Behalf of Plaintiffs*
          *Steering Committee*

          Michael Heaviside
          **Heaviside Reed Zaic**
          800 Connecticut Ave., Suite 300
          Washington, DC  20006
          (202) 223-1993
          mheaviside@hrzlaw.com

          David P. Matthews
          **Matthews and Associates**
          2509 Sackett St.
          Houston, TX 77098
          (713) 522-5250
          dmatthews@thematthewslawfirm.com

          Charles S. Siegel
          **Waters Kraus Paul & Siegel**
          3141 Hood St., Suite 700
          Dallas, TX 75219
          (214) 357-6244
          siegel@waterskraus.com

## CERTIFICATE OF SERVICE

I hereby certify that on the eighth day of October 2024, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                   */s/ Ben C. Martin*
                                                   Ben C. Martin