**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

Melissa A. & Donald Dyer
    No. 1:17-cv-00190
Neven Fingerhut
    No. 1:18-cv-01903
Deborah Jo Small
    No. 1:19-cv-01005
Karen Lynn and Fred Pittman Jr.
    No. 1:19-cv-02353
Richard Nunez
    No. 1:19-cv-04169
Steven Chester
    No. 1:19-cv-04277
Stella M. Terrell
    No. 1:19-cv-04553
James Kraft
    No. 1:19-cv-04707
Arnie Pike and Tracey J. Wood
    No. 1:19-cv-04827
Brandy James
    No. 1:20-cv-01851

## THE COOK DEFENDANTS' COMBINED REPLY IN SUPPORT OF MOTIONS FOR RULE 11 SANCTIONS

The Cook Defendants brought separate motions for sanctions, grouped by law firm, with respect to each of the Plaintiffs listed above. *See* Dkt. 25980, 25981, 25983, 25984, 25986, 25987. Although the law firms filed separate responses to Cook's motions, the issues raised by the Plaintiffs' responses to those motions are similar, and Cook therefore submits this combined reply

in support of all of these motions.[1] Several Plaintiffs have filed no response to Cook's motion, and those who have responded admit all the crucial elements justifying Rule 11 sanctions and offer no justification for refusing to dismiss their actions for lack of subject matter jurisdiction.

As described below, Cook has modified its motion to seek only a very modest sanction against each of these Plaintiffs' attorneys – only $100 per case – an amount that most certainly will not cover Cook's fees and costs related to filing this motion. But Cook urges the Court to issue a strongly-worded order in the form Cook has submitted that expressly calls out Plaintiffs' attorneys' bad behavior. Plaintiffs' attorneys filed these cases in this Court in blatant violation of the most fundamental jurisdictional rules. And when the Seventh Circuit challenged all parties to carefully evaluate the bases for jurisdiction in these cases in *Sykes/Parton*, and Cook identified these cases as part of that review, Plaintiffs' attorneys still did nothing. Although Plaintiffs' attorneys readily admit the absence of subject matter jurisdiction, they have rejected Cook's repeated requests and have refused to dismiss these cases. The Court should enter Cook's proposed order to discourage this outrageous behavior.

## ARGUMENT

**I.  The Court should grant Cook's motion for sanctions against those Plaintiffs who have not responded to Cook's motion.**

Plaintiffs Deborah Jo Small, Karen Lynn Pittman, and Fred Pittman filed no response of any kind to Cook's motion for sanctions against them. These Plaintiffs have effectively waived any objection to Cook's motion, and the Court should grant the motion as to those Plaintiffs.

---

[1] The Cook Defendants also originally brought a motion for sanctions against Plaintiff Kathy Bell in case No. 1:18-cv-03887, *see* Dkt. 25985, and Adam Sr. and Rose Coleman in No. 1:18-cv-02143, *see* Dkt. 25983. The parties have resolved their issues in those cases, and the Cook Defendants withdraw their motion for sanctions against the attorneys in these two cases. Cook continues to seek sanctions against Plaintiffs' attorneys in the Stella Terrell case, the second case addressed in Dkt. 25983.

*Barfield v. XPO Logistics*, No. 119CV04579RLYMPB, 2021 WL 4894907, at *2 (S.D. Ind. Feb. 19, 2021) (holding that failure to respond to motion "is grounds alone for granting the motion").

### II.    The Court should impose sanctions because Plaintiffs' attorneys' conduct was not objectively reasonable and had no basis in the law.

None of the five responses filed on behalf of Plaintiffs Brandy James, James Kraft, Arnie Pike and Tracey Wood, Neven Fingerhut, Stella Terrell, Steven Chester, Richard Nunez, Melissa and Donald Dyer, and Adam and Rose Coleman denies the facts underlying the respective violations of Rule 11 or offers any acceptable reason for their conduct in violation of that Rule. The undisputed facts show beyond doubt that these Plaintiffs' attorneys violated Rule 11, both in their original misrepresentations of jurisdiction and in their refusal to withdraw or correct those misrepresentations or dismiss their actions once Cook pointed out their falsity. The following facts are undisputed:

- Each Plaintiff asserted that they resided in Indiana.

- Each Plaintiff asserted that defendants Cook Incorporated and Cook Medical LLC were Indiana corporations with their principle places of business in Indiana.

- Each Plaintiff asserted that this federal court had subject matter jurisdiction over their action based solely on diversity of citizenship between Plaintiffs and Defendants.

- Based on Plaintiffs' own factual allegations, no complete diversity of citizenship in fact existed between these Plaintiffs and Defendants.

- Beginning in October 2023 and continuing through June of 2024, Cook's attorneys contacted the attorneys for each Plaintiff, informing them of the lack of diversity jurisdiction in these actions and asking them to dismiss the actions. All declined to dismiss their actions.

- In June 2024, Cook served (but did not file) the present motion seeking sanctions against Plaintiffs' attorneys for the false factual and legal allegations in their pleadings and for their refusal to dismiss their actions.

- Despite Cook's efforts and the filing of the present motion, tach Plaintiff refused to dismiss their action against Cook.

Instead of disputing any of these facts, Plaintiffs argue that their "actions have not been objectively unreasonable." *E.g.,* Dkt, 26056 at 4-5 (citing *Arth Main Street Drugs, Inc. v. Beer Distributors of Indiana, Inc*., 1984 U.S. Dist. LEXIS 21972, *12 (N.D. Ind. 1984).. Cook submits that Plaintiffs' attorneys' actions *have* in fact been objectively unreasonable, and on repeated occasions. Specifically:

- **When Plaintiffs commenced the actions.** Every attorney knows that a plaintiff who sues in federal court based on diversity jurisdiction must establish that the plaintiffs and the defendants are citizens of different states. *See Sykes v. Cook Inc.*, 72 F.4th 195, 205 (7th Cir. 2023) (holding that party invoking diversity jurisdiction "bears the burden of establishing that it exists'). Here, Plaintiffs alleged diversity jurisdiction while pleading facts showing that Plaintiffs and Defendants were actually citizens of the *same* state. This pleading was not objectively reasonable.

- **When Cook raised the issue.** After the Seventh Circuit's decision in *Sykes*, Cook reviewed the cases in the MDL and discovered that the present cases appeared to lack diversity jurisdiction because they involved Indiana citizens as Plaintiffs. Cook brought this problem to Plaintiffs' attorneys' attention and asked them either to clarify the basis for diversity or dismiss the actions. Plaintiffs' attorneys conceded that their actions lacked

diversity jurisdiction, but refused to dismiss the actions, despite Cook's repeated requests over the following months. This refusal was not objectively reasonable.

- **When Cook brings its Rule 11 motion.** Finally, Plaintiffs had a chance to address this issue when Cook served (but did not file) the present Rule 11 motion. Rule 11 expressly provides an offending party with a "safe harbor" of 21 days, to provide that party to withdraw or correct the challenged submission before the movant may file the motion. Fed. R. Civ. P. 11(c)(2). Here, despite this final opportunity, Plaintiffs refused to withdraw or correct their knowingly false allegations of federal diversity jurisdiction. This was not objectively reasonable.

Plaintiffs Chester, Dyers, and Nunez argue that in a motion for Rule 11 sanctions, '[t]he 'threshold question . . . is whether counsel filed claim without any basis in the law.'" Dkt, 26056 at 4 (quoting *Arth Main Street Drugs, Inc.*, 1984 U.S. Dist. LEXIS 21972, *12). But Plaintiffs here undeniably did just that: they based the commencement of their actions in federal on their claims that the citizenship of Plaintiffs and Defendants were diverse and that diversity jurisdiction existed, at the same time making factual allegations demonstrating beyond doubt that that claim had no basis in the law.

Plaintiffs Adam and Rose Coleman and Stella Terrell argue that the filing of their cases in federal court was "inadvertent and based on a misunderstanding of the direct filing procedure," and they baldly assert without explanation that the pleadings "in no way misrepresented 'factual' assertions' or 'legal contentions.'" Dkt. 26046 at 3. But these Plaintiffs undisputedly represented the factual assertion that they and defendants were citizens of different states and the legal contention that the court had diversity jurisdiction over this action, and both statements were undisputedly false. Plaintiffs' pleadings made the misrepresentations Cook cited, and Plaintiffs offer no reason for the Court to conclude otherwise.

Plaintiffs Kraft and James assert that they underwent significant medical treatment outside the state of Indiana, arguing that such treatment suggested that they resided outside Indiana. Dkt. 26052 at 3. But these Plaintiffs still alleged (accurately) in their pleadings that they resided in Indiana at the time they commenced their actions, and still asserted jurisdiction based on nonexistent diversity of citizenship. Plaintiffs' non-Indiana treatment thus apparently had no effect on their jurisdictional pleading, and does not save their attorneys from sanctions here.

In sum, Plaintiffs' attorneys' representations to the Court of diverse citizenship and of diversity jurisdiction violated Rule 11's certification requirements because (1) they made a "factual assertion" that had no "evidentiary support," Fed. R. Civ. P. 11(b)(3), and (2) they made a "legal contention" of subject-matter jurisdiction not warranted by the law, Fed. R. Civ. P. 11(b)(2). Neither Plaintiffs' attorneys' original false representations nor their refusals to dismiss once Cook discovered the misrepresentations were objectively reasonable, and the Court should impose sanctions. *See, e.g., In re Sony Corp. SXRD Rear Projection Television Mktg., Sales Pracs. & Prod. Liab. Litig.*, 268 F.R.D. 509, 521 (S.D.N.Y. 2010) (sanctioning MDL plaintiffs' attorneys under Rule 11 for objectively unreasonable 12-week delay in withdrawing demonstrably false factual allegations).

### III. Plaintiffs' attorneys' desire to invoke the Indiana Journey Account Statute does not make their conduct objectively reasonable or excuse them from sanctions.

Plaintiffs argue that their attorneys should avoid sanctions because their refusal to voluntarily dismiss their actions was based on their desire to take advantage at some point in the future of the Indiana Journey Account Statute, Ind. Code § 34-11-8-1. As Plaintiffs characterize that statute, it permits a party whose action is dismissed without prejudice to recommence the action within three years following the dismissal (notwithstanding the usual statute of limitations), but the statute does not apply if the dismissal is voluntary. *See, e.g.,* Dkt. 26046 at 3-5 ("Plaintiff's

counsel delayed dismissing the *Terrell* case to protect the statute of limitation for refiling in state court following the inadvertent filing of the case nearly five (5) years ago in this MDL"); Dkt. 26056 at 2 ("that statutory protection does not apply to cases that are voluntarily dismissed by a plaintiff."). Plaintiffs' invocation of the Journey Statute does not excuse their attorneys' Rule 11 violations.

When Cook pointed out to Plaintiffs' attorneys that the attorneys had misrepresented to the Court the existence of diversity jurisdiction, , those attorneys apparently realized that as a result of their errors, they had failed to commence their clients' actions in state—the court with proper jurisdiction—within the applicable statutes of limitation. *See* Dkt. 26079 at 5 ("Since the ordinarily applicable limitations period has expired, Plaintiffs cannot voluntarily dismiss their actions and refile in Indiana state court without encountering statute of limitations issues."). As Plaintiffs' submissions acknowledge, these attorneys tried to avoid the consequences of missing that deadline by asking Cook to waive the statute of limitation on their clients' claims.[2] When Cook declined to waive that defense, Plaintiffs refused to dismiss their federal actions despite the undisputed lack of subject matter jurisdiction. As Plaintiffs frame their position, they believed that forcing Cook to bring and the Court to grant a motion to dismiss—even though Plaintiffs conceded the grounds for the motion and did not oppose the dismissal—would result in an "involuntary" dismissal and permit them to invoke the Journey Account Statute. *id.* at 5-6 ("Plaintiff's cause of action must first be involuntarily dismissed before it can be filed in state court.").

This Court need not address the merits of Plaintiffs' proposed "voluntary/involuntary" argument under the Indiana Journey Account statute. If and when these Plaintiffs refile their cases in Indiana state court, that court can address the nature and propriety of Plaintiffs' newly filed

---

[2] *See, e.g.,* Dkt. 26056 at 2 ("Plaintiff's counsel sought to negotiate a stipulation that would protect Plaintiffs' claims from being barred by the statute of limitations and dismiss these cases.").

cases under the Indiana statute. The question before this Court is: Does Plaintiffs' attorneys' attempt to avoid the consequences of their own mistake and gain a substantive advantage over Cook justify their violation of Rule 11, through their refusal to (1) correct their misrepresentations to the Court and (2) dismiss actions over which they knew the Court had no jurisdiction? Common sense says that they cannot, and Plaintiffs' responses cite no authority approving anything resembling such a strategy.

In effect, Plaintiffs argue that Cook is to blame for their attorneys' Rule 11 violations in failing to correct misstatements to the Court and in refusing to dismiss their actions.

- Plaintiff Terrell argues that she had no choice but to force Cook to bring a motion to dismiss because "Counsel for Defendants refused to accept the more efficient and expeditious course of action," Dkt. 25046 at 5—in other words, because Cook refused to give up its right to insist that Plaintiffs comply with the statute of limitations. *See also id.* at 6 (calling Cook "disingenuous" for refusing to waive statute of limitations).

- Plaintiffs Pike, Wood, Chester, Dyer, and Nunez argue that Cook's motion could have been avoided had Cook not refused to "agree[] in good faith to a stipulation which would have dismissed the case without triggering a limitations defense." Dkt. 26054 at 3; Dkt. 26056 at 3. But Cook had every right to preserve its statute of limitations defense, and did not refuse act in bad faith by refusing to waive it.

- Plaintiffs James, Kraft, and Fingerhut argue that Cook was "disingenuous" in refusing to waive the statute of limitations, arguing that if Cook had consented, "the outcome would be the same outcome following an involuntary dismissal of this matter made by this Court," Dkt. 26052 at 4-5, Dkt. 26044 at 6—the same outcome,

except of course that Cook would be unable to assert a dispositive statute-of-limitations defense in a refiled action.

Cook did not mispresent the existence of diversity jurisdiction to this Court; Plaintiffs did that. And Cook is not obligated to help Plaintiffs avoid the predictable consequences of that misrepresentation: by suing in the wrong court, Plaintiffs may have missed the opportunity to commence timely actions in the right court. Cook's obligation once it learned of the lack of diversity jurisdiction was to bring that lack to the attention of Plaintiffs' attorneys and the Court, and it did so. *See Sykes v. Cook Inc.,* 72 F.4th 195, 206 (7th Cir. 2023) (noting court's "independent obligation to ensure it has jurisdiction"). Plaintiffs' attorneys' obligation once Cook told them that their pleadings misrepresented the existence of jurisdiction was either to correct their pleadings or withdraw their claims. *See* Fed. R. Civ. P. 11(b)(2). Plaintiffs' attorneys did neither, and they cannot blame Cook for their own failure to voluntarily fix their mistake in bringing their actions in a court that undisputedly has no subject matter jurisdiction over them.

Plaintiffs' attorneys' conduct was effectively a sort of blackmail. Plaintiffs told Cook: "Yes, we know that the federal court has no jurisdiction, but we won't dismiss our cases. You have to concede the statute of limitations on any refiled case or we'll waste your time and the Court's time by forcing you to bring a motion that we know you'll win to that we can create an argument that we fall within the Journey Account Statute." Cook submits that Plaintiffs' attorneys cannot justify refusing to correct knowingly false statements in their pleadings, or to dismiss an action from a court that they know lacks jurisdiction, just so that they can coerce substantive concessions from an opposing party. Plaintiffs cite no case law remotely approving such a strategy.

**IV.  The Court should award Cook sanctions of $100 for each Plaintiff.**

In its original motion, Cook asked the Court to award as sanctions the costs and attorneys fees Cook incurred in having to move to dismiss these cases. In the interest of comity in this MDL

moving forward, however, Cook is reducing its requested sanctions to $100 per Plaintiff, a tiny fraction of the actual costs Cook was forced to incur to address Plaintiffs' attorneys' conduct. The sum of $100 is not enough to impose any financial hardship on any Plaintiff or Plaintiff's attorney, but it is hopefully enough to emphasize to Plaintiffs' attorneys that a desire to gain a strategic advantage in possible future litigation is not a good faith basis to refuse to dismiss an action over which the Court undisputedly has no subject matter jurisdiction.

## CONCLUSION

If Plaintiffs' attorneys' only violation of Rule 11 had been their "inadvertent" filing of pleadings with false jurisdictional information, they might would have a tenable argument that Rule 11 sanctions were not justified. Indeed, as noted in Cook's original motion, a number of other Plaintiffs' pleadings made similar false statements, but when Cook pointed out the errors, those Plaintiffs' voluntarily dismissed their actions, and Cook did not need to move to dismiss and did not move for sanctions.

Plaintiffs' attorneys here, however, did not just make an initial mistake. Even when Cook pointed out the mistake, and Plaintiffs attorneys agreed that the Court lacked federal subject matter jurisdiction, those attorneys refused to correct their misrepresentations to the Court and refused to voluntarily dismiss their actions. Instead, they attempted to coerce the Cook Defendants into surrendering their substantive rights; they would dismiss their mistaken federal actions only if the Cook Defendants waived their statute-of-limitations defenses against Plaintiffs. It is one this to make a mistake; it is quite another thing to refuse to correct that mistake unless your opponent agrees to give up its own rights to protect you from the consequences of that mistake. That is what Plaintiffs' attorneys have done here, and the Court should not tolerate it.

For these reasons, the Cook Defendants respectfully request that the Court issue an Order (1) finding that the attorneys who signed and submitted Plaintiff's Short-Form Complaints alleging

diversity and then refused to dismiss despite admitting the lack of actual diversity violated Rule 11 and (2) awarding sanctions to Cook and against each Plaintiffs' attorneys in the amount of $100 for each Plaintiff they represent in the list above.

Respectfully submitted,

Dated:  October 9, 2024

/s/ Jessica Benson Cox
Andrea Roberts Pierson
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile: (317) 237-1000
andrea.pierson@faegredrinker.com
jessica.cox@faegredrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Facsimile:  (260) 460-1700
stephen.bennett@faegredrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe APS*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 9th day of October, 2024, a copy of the foregoing The Cook Defendants' Combined Reply in Support of Motion for Rule 11 Sanctions was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this Matter. Parties may access this filing through the Court's system.

    /s/ Jessica Benson Cox
    Jessica Benson Cox