## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC.,
IVC FILTERS MARKETING, SALES         Case No. 1:14-ml-2570-RLY-TAB
PRACTICES AND PRODUCTS                    MDL No. 2570
LIABILITY LITIGATION

_____

This Document Relates to:

Melissa A. & Donald Dyer
    No. 1:17-cv-00190
Neven Fingerhut
    No. 1:18-cv-01903
Deborah Jo Small
    No. 1:19-cv-01005
Karen Lynn and Fred Pittman Jr.
    No. 1:19-cv-02353
Richard Nunez
    No. 1:19-cv-04169
Steven Chester
    No. 1:19-cv-04277
Stella M. Terrell
    No. 1:19-cv-04553
James Kraft
    No. 1:19-cv-04707
Arnie Pike and Tracey J. Wood
    No. 1:19-cv-04827
Brandy James
    No. 1:20-cv-01851

_____

### [PROPOSED] ORDER ON THE COOK DEFENDANTS' MOTIONS FOR RULE 11 SANCTIONS

    The Cook Defendants brought separate motions for sanctions, grouped by law firm, with respect to each of the Plaintiffs listed above (hereafter collectively "Plaintiffs"). *See* Dkt. 25980, 25981, 25983, 25984, 25986, 25987. Because the issues raised by the motions are similar, the Court addresses them together.

## FINDINGS OF FACT

1.	All of these Plaintiffs alleged in their respective Short-Form Complaints that they were residents of the state of Indiana.

2.	All of these Plaintiffs alleged in their respective Short-Form Complaints, through express incorporation of the MDL Master Consolidated Complaint For Individual Claims, Dkt. 213, that Defendants Cook Incorporated and Cook Medical LLC were Indiana corporations with their primary places of business in the state of Indiana.

3.	All of these Plaintiffs alleged in their respective Short-Form Complaints, through express incorporation of the MDL Master Consolidated Complaint For Individual Claims, Dkt. 213, § 23, that "the Plaintiff and the Defendants are citizens of different states … and there is complete diversity of citizenship between Plaintiff and Defendant."

4.	Based on those allegations, all of these Plaintiffs asserted that this Court had subject matter jurisdiction over their actions under the diversity jurisdiction statute, 28 U.S.C. § 1332.

5.	Because Plaintiff and two of the Defendants are citizens of the same state, diversity jurisdiction under 28 U.S.C. § 1332 does exist in these cases.

6.	Attorneys for Cook contacted Plaintiffs' attorneys beginning in October 2023 and pointed out to Plaintiffs' attorneys the lack of diverse citizenship and the consequent lack of subject matter jurisdiction in these actions.  Cook asked the Plaintiffs' attorneys to dismiss these actions for lack of subject matter jurisdiction.

7.	Plaintiffs' attorneys conceded the lack of subject matter jurisdiction, but declined to dismiss these actions.

8.	Over the following months, Cook asked Plaintiffs' attorneys repeatedly to dismiss these actions for lack of subject matter jurisdiction.  Plaintiffs' attorneys consistently conceded the lack of subject matter jurisdiction, but repeatedly declined to dismiss these actions.

9. On June 5, 2024, Cook served by email on lead counsel for each of the Plaintiffs a copy of a motion to dismiss and a copy of the present Rule 11 motion for sanctions relating to that Plaintiff. Consistent with Federal Rule of Civil Procedure 11(c)(2), Cook did not at that time file the motions with the Court.

10. Following the service of the motions for sanctions, Plaintiffs attorneys did not withdraw their complaints, correct the jurisdictional allegations in their complaints, or dismiss their actions.

11. On September 12, 2024, Cook filed with the Court the previously served motion to dismiss and motions for sanctions.

## CONCLUSIONS OF LAW

Based on the facts above, the parties' submissions, and the argument of counsel, the Court makes the following Conclusions of Law:

1. Plaintiffs' attorneys certified, through their signatures on the Short Form Complaints, that, to the best of their knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, their factual contention that "the Plaintiff and the Defendants are citizens of different states" had evidentiary support. This certification was objectively unreasonable and violated Rule 11.

2. Plaintiffs' attorneys certified, through their signatures on the Short Form Complaints, that, to the best of their knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, their legal contention that this federal court had subject matter jurisdiction over their actions under the diversity jurisdiction statute, 28 U.S.C. § 1332, was warranted by existing law, or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. This certification was objectively unreasonable and violated Rule 11, and did not justify parking these cases in this MDL to delay their prosecution.

   3. Plaintiffs' attorneys' refusal, upon having the lack of diversity jurisdiction drawn to their attention, to withdraw or correct the factual and legal contentions related to diversity of citizenship and subject matter jurisdiction, or to dismiss their clients' actions, was objectively unreasonable and violated Rule 11.

  THEREFORE, IT IS HEREBY ORDERED:

   1. That Plaintiffs' attorneys are held in violation of Rule 11; and

   2. For each of the cases listed above, the Plaintiffs' attorney shall within 30 days of this Order pay to the Cook Defendants the sum of $100 in sanctions.


So ORDERED this ___ day of _____, 2024

                 _____
                 RICHARD L. YOUNG, JUDGE
                 United States District Court
                 Southern District of Indiana