**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

_____

In Re: COOK MEDICAL, INC.,
IVC FILTERS MARKETING, SALES          Case No. 1:14-ml-2570-RLY-TAB
PRACTICES AND PRODUCTS                     MDL No. 2570
LIABILITY LITIGATION

_____

This Document Relates to:

*Chad Lockard v. Cook Medical, Inc., et al.*

Case No. 1:18-cv-06093

_____

**THE COOK DEFENDANTS' RESPONSE TO**
**PLAINTIFF LOCKARD'S MOTION FOR SUGGESTION OF REMAND**

The Cook Defendants urge the Court to deny Plaintiff Chad Lockard's motion for suggestion of remand, Dkt. 25970.

First, Plaintiff Lockard is in Category 7, so his case is already part of the pending broad motion for remand of Category 7 cases, Dkt. 23580. Rather than repeat again the arguments against that broader motion as they relate to Plaintiff Lockard, Cook incorporates by reference its responses to that original motion and to the PSC's supplemental filings in support of that motion. *See* Dkts. 23766, 25235, 26075.

With respect to the case-specific issues that Plaintiff Lockard raises in his motion, he misreads the state of the MDL record and fails to offer any reason for the Court to treat his case any differently than all the other cases in the MDL.

Plaintiff Lockard mistakenly asserts, based on information from the PCS, that "he is the only Plaintiff in the MDL pursuing a case specific manufacturing defect claim." Dkt. 25970 at 2. The PSC was apparently referring to its decision not to respond to Cook's motion to dismiss certain

manufacturing defect claims, *see* Dkt. 25837, effectively conceding that motion, *see, e.g., Barfield v. XPO Logistics*, No. 119CV04579RLYMPB, 2021 WL 4894907, at *2 (S.D. Ind. Feb. 19, 2021) ("Failure to respond to a motion to dismiss constitutes forfeiture or waiver.").   But the PSC's concession of that motion does not mean that Plaintiff Lockard has the only manufacturing defect claim in the MDL.   Because of variations in state laws, Cook expressly limited its motion to manufacturing defect claims arising under the laws of only 32 of the 50 states.[1]   The motion did not address Plaintiffs whose claims are governed by the laws of the other 18 states,[2] and the Short Form Complaints of most of the Plaintiffs from those states check the box that incorporates the Master Complaint's "Implied Warranty" count, which contains the allegations of manufacturing defect.   *See* Dkt. 213 Count VI. Given these claims by hundreds of other Plaintiffs, Plaintiff Lockard plainly errs in asserting that he is the only Plaintiff in the MDL currently claiming a manufacturing defect.   As a consequence, his assertion that Cook's motion "has significantly altered the balance of justice in favor of remand," Dkt. 25970 at 3, is mistaken.   Plaintiff Lockard's manufacturing defect claim is not unique and does not justify an individual suggestion of remand.

Second, even assuming for the sake of argument that Plaintiff Lockard were the only MDL Plaintiff asserting a manufacturing defect claim, that is not the only claim he asserts.   According to his latest Amended Short Form Complaint, in addition to his manufacturing defect claim, Plaintiff Lockard asserts claims based on Strict Liability – Failure to Warn, Strick Liability – Design, Negligence, Negligence Per Se, Breach of Express Warranty, Breach of Implied Warranty,

---

[1] Specifically, Cook's motion was directed at manufacturing defect claims in cases governed by the laws of Alabama, Arkansas, Arizona, California, Connecticut, Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Kentucky, Louisiana, Massachusetts, Michigan, Minnesota, Mississippi, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, South Carolina, Texas, Utah, Virginia, West Virginia, and Wisconsin.   *See* Dkt. 25838 at 1-2.

[2] The motion did not address the laws of Alaska, Colorado, Idaho, Kansas, Maine, Maryland, Missouri, Montana, Nebraska, Nevada, North Dakota, Pennsylvania, Rhode Island, South Dakota, Tennessee, Vermont, Washington, and Wyoming.

and Breach of a State Consumer Fraud Statute, and asserts a claim for punitive damages.  Dkt. 26021-1 at 4-5.  These are the same claims asserted by the vast majority of MDL Plaintiffs, and at least two are the subject of pending MDL-wide motions to dismiss or for summary judgment.  *See* Dkts. 25835 (Negligence Per Se); 25842 (Other Negligence).  Again, Plaintiff Lockard's claims are not unique, and his claims are involved in active motion practice.  His assertion that "everything that remains to be done is case-specific," Dkt. 25970 at 3, is mistaken; multiple MDL-wide decisions will yet affect Plaintiff Lockard's claims.  Nothing here supports any basis for an individual suggestion of remand.

When the Court determines that its common work on this MDL is complete after the new bellwether trials and related mediation efforts, the Court will determine an appropriate course for the remand and transfer of cases. This remand and transfer of cases should be done in a systematic manner, and in consultation with PSC and Cook. The scattershot approach to suggestions of remand that Plaintiff Lockard proposes would disrupt that systematic approach, and would only encourage other Plaintiffs to try to create their own "individual issues" and seek their own individual remand suggestions.  Such a wholly predictable series of followup motions for remand would frustrate the Court's overall case management of this MDL.

For these reasons and for the reasons set out in Cook's previous submissions on the pending broader motion for remand, Cook urges the Court to deny Plaintiff Lockard's motion for an individual suggestion of remand.

Respectfully submitted,

Dated:  October 11, 2024

*/s/ Jessica Benson Cox*
Andrea Roberts Pierson
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile: (317) 237-1000
andrea.pierson@faegredrinker.com
jessica.cox@faegredrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Facsimile:  (260) 460-1700
stephen.bennett@faegredrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe APS*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 11th day of October, 2024, a copy of the foregoing The

Cook Defendants' Response to Plaintiff Lockard's Motion for Suggestion of Remand was served

electronically and notice of the service of this document will be sent to all parties by operation of

the Court's electronic filing system to CM/ECF participants registered to receive service in this

Matter. Parties may access this filing through the Court's system.


*/s/ Jessica Benson Cox*
Jessica Benson Cox

DMS_US.366798467.1