UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION _____ This Document Relates to: All Actions _____ | ) ) ) ) ) ) ) ) ) ) )   1:14-ml-02570-RLY-TAB MDL No. 2570 |

**ORDER ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFFS' MANUFACTURING DEFECT CLAIMS**

Defendants Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe (the "Cook Defendants" or "Cook") move for judgment on the pleadings against those Plaintiffs who assert manufacturing defect claims under the laws of Alabama, Arkansas, Arizona, California, Connecticut, Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Kentucky, Louisiana, Massachusetts, Michigan, Minnesota, Mississippi, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, South Carolina, Texas, Utah, Virginia, West Virginia, and Wisconsin (collectively "Plaintiffs"). Cook has not identified the Plaintiffs who are subject to this motion, probably because a claim for manufacturing defect is not listed as a claim in the Short Form Complaint and is not asserted as a separate count in the Master Complaint. Instead, it is asserted as part of Count VI of the Master Complaint for "Breach of Implied Warranty." (*See* Filing No.

1

213, Master Compl. ¶ 104(d)).  Neither the PSC nor Plaintiffs subject to this motion[1] have filed a response to Cook's motion.

As a general proposition, a plaintiff claiming his/her injuries were the result of a manufacturing defect must allege: "(1) the product was defective and unreasonably dangerous; (2) the defective condition existed at the time the product left the defendant's control; and (3) the defective condition was the proximate cause of the plaintiff's injuries." *Timm v. Goodyear Dunlop Tires N. Am. Ltd.*, 309 F. Supp. 3d 595, 600 (N.D. Ind. 2018) (quoting *Ford Motor Co. v. Rushford*, 868 N.E.2d 806, 810 (Ind. 2007)); *Sims v. Atrium Med. Corp.*, 349 F. Supp. 3d 628, 640 (W.D. Ky. 2018); *Miccio v. Conagra Foods, Inc.*, 224 F. Supp. 3d 200, 204 (W.D.N.Y. 2016); *Tapia v. Davol, Inc.*, 116 F. Supp. 3d 1149, 1156–57 (S.D. Cal. 2015); *Rosenstern v. Allergan, Inc.*, 987 F. Supp. 2d 795, 801 (N.D. Ill. 2013).  "A product contains a manufacturing defect when it deviates from its intended design."  *Hathaway v. Cintas Corp. Servs., Inc.*, 903 F. Supp. 2d 669, 673 (N.D. Ind. 2012); *see also Zeta v. Boston Sci. Corp.*, 398 F. Supp. 3d 700, 707–08 (E.D. Cal. 2019) (noting a "manufacturing or production defect is readily identifiable because a defective product is one that differs from the manufacturer's intended result or from other ostensibly identical units of the same product line" (quoting *Barker v. Lull Eng'g Co.*, 573 P.2d 443, 454 (Cal. 1978)); *Creech v. Emerson Climate Techs., Inc.*, No. 3:15-cv-14, 2015 WL 6551856, at *2 (S.D. Ohio Oct. 29, 2015) (same).

---

[1] Plaintiff Chad Lockard is the only Plaintiff who responded to Cook's motion.  (Filing No. 25969).  In his motion, he seeks leave to amend his Complaint, which was originally filed in the Sixth Judicial Circuit Court of Pinellas County, Florida.  Cook therefore withdraws the present motion with respect to Plaintiff Lockard.

> In the Master Complaint, Plaintiffs allege:
>
> Defendants breached their implied warranties as follows:
>
> * * *
>
> d.  Defendants manufactured and/or sold their Cook IVC Filters when they deviated in a material way from the design specifications, formulas or performance standards or from otherwise identical units manufactured to the same design specifications, formulas, or performance standards, and these defects existed at the time the products left the Defendants' control.

(Master Compl. ¶ 104(d)). Other than this general assertion, Plaintiffs do not allege, either in the Master Complaint or in their individual Short Form Complaints (in the space allowing a plaintiff to include claims not asserted in the Master Complaint), any facts that suggest which IVC filter model is at issue—the Celect, Tulip, or Celect Platinum—and how their filters differ from other IVC filters of the same model. Plaintiffs also fail to allege facts that would suggest that their claimed injuries are attributable to a manufacturing defect. In short, Plaintiffs offer only a legal conclusion that Cook's IVC filters have a manufacturing defect. *Lucas v. City of Visalia*, 726 F. Supp. 2d 1149, 1155 (E.D. Cal. 2010) (holding "a bare allegation that the product had 'a manufacturing defect' is an insufficient legal conclusion"). Accordingly, Cook's Motion for Judgment on the Pleadings on Plaintiffs' Manufacturing Defect Claims (Filing No. 25837) under the laws of Alabama, Arkansas, Arizona, California, Connecticut, Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Kentucky, Louisiana, Massachusetts, Michigan, Minnesota, Mississippi, New Hampshire, New Jersey, New Mexico, New York, North

Carolina, Ohio, Oklahoma, Oregon, South Carolina, Texas, Utah, Virginia, West Virginia, and Wisconsin is **GRANTED**.

**SO ORDERED** this 16th day of October 2024.

                                                  RICHARD L. YOUNG, JUDGE
                                                  United States District Court
                                                  Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.