**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

---

In Re: COOK MEDICAL, INC.,
IVC FILTERS MARKETING, SALES
PRACTICES AND PRODUCTS
LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

---

This Document Relates to:

All Plaintiffs in Exhibits A, B, C & D

---

**[PROPOSED] ORDER ON JOINT NOTICE REGARDING**
**AMOUNT IN CONTROVERSY CERTIFICATION**

On October 4, 2024, Cook and the Plaintiffs' Steering Committee filed a Joint Notice listing Plaintiffs who have not submitted Amount in Controversy Certification Forms ("Joint Notice"). *See* Dkt. 26083; *see also* Sixth Amended Case Management Order No. 4 ("CMO-4"), Dkt. 25716 at ¶ 3; Amended Case Management Order No. 32 ("CMO-32"), Dkt. 25741. Each of these Plaintiffs categorized his or her only injury as Category 6 (Non-Symptomatic Injury), Category 7(e) (Symptomatic Penetration or Perforation), or as both Category 6 and Category 7(e) (the "Subject Categories").[1] *See* CMO-32, Dkt. 25741 at ¶ 1. These Plaintiffs were therefore required to certify that the amount in controversy in their respective cases exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs, a requirement for this Court to exercise subject-matter jurisdiction over their actions. *See* 28 U.S.C. § 1332(a).

---

[1] Per CMO-32, injuries categorized in Category 1 or Category 2 are ignored for purposes of determining whether the Plaintiff must submit an Amount in Controversy Certification Form. *See id.* at ¶ 1 n.1.

The deadline for these Plaintiffs to submit Amount in Controversy Certification Forms expired on August 26, 2024.[2]  *See* CMO-32, Dkt. 25741 at ¶ 1.  Plaintiffs listed in **Exhibits A** and **B** failed to submit Amount in Controversy Certification Forms within fourteen (14) days of the filing of the Joint Notice.  *See* Dkt. 26083.  Their cases are therefore subject to dismissal. However, because Plaintiffs listed in **Exhibit B** also failed to submit Second Amended Case Categorization Forms as this Court has required, *see* Dkt. 26084 (Cook's Notice of Noncompliance: Second Amended Case Categorization Forms), the Court will dismiss those cases for failure to submit new categorization forms by separate order.  The Joint Notice is therefore **MOOT** as to those Plaintiffs listed in **Exhibit B**.  Cook may seek dismissal of those Plaintiffs' cases for failure to comply with CMO-32 at a later date, if necessary.

Plaintiffs listed in **Exhibit C** have cured their deficiencies and/or have been identified as falling within the scope of the Court's Order Extending Time for Certain Plaintiffs to Comply with Amended CMO-32 and Amended CMO-33.  *See* Dkt. 258976.  The Joint Notice is therefore **MOOT** as to those Plaintiffs listed in **Exhibit C**.  Plaintiffs listed in **Exhibit D** have requested additional time to comply with CMO-32, to which Cook has agreed.  A ruling is **DEFERRED** as to the Plaintiffs listed in **Exhibit D**.

Based on the foregoing, **IT IS HEREBY ORDERED:**

1.      The cases identified in **Exhibit A** are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41 for failure to prosecute.

2.      The Joint Notice is **MOOT** as to the cases identified in **Exhibits B** and **C**.  Cook may seek dismissal of the cases listed in **Exhibit B** based on CMO-32 at a later date, if necessary.

---

[2] Plaintiffs subject to the Joint Notice are represented by law firms who have appeared in less than 250 cases pending in the MDL and therefore are not within the scope of the Court's Order Extending Time for Certain Plaintiffs to Comply with Amended CMO-32 and Amended CMO-33.  *See* Dkt. 25896.

3.     A ruling is **DEFERRED** as to the cases identified in **Exhibit D**.

All parties shall bear their own fees and costs.

**SO ORDERED** this _____ day of _____ 2024.


_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana


Distribution to all electronically registered counsel of record via CM/ECF.