# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates to:

All Actions

**COOK DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR
JUDGMENT ON THE PLEADINGS ON NEGLIGENCE *PER SE* CLAIMS**

Contrary to Plaintiffs' assertions, this motion is not "part of a continuing stream of unfounded attempts to set up an issue allegedly 'common' to all cases, so that Cook can continue to argue that still, not a single case is ripe for remand." Dkt. 26072 at 1. Cook's recent motions reflect measured efforts to rid this litigation of claims that are either legally or factually unsupportable. And this Court has **granted** those motions, doing just what an MDL court is supposed to do: address and resolve issues of fact and law that are common to many or all Plaintiffs. *See* Dkt. 25904 (granting summary judgment on all punitive damage claims by all MDL Tulip Plaintiffs); Dkt. 26157 (dismissing on the pleading the manufacturing defect claims of MDL Plaintiffs from 26 states). Indeed, the PSC has sometimes not even responded to Cook's motion, *see* Dkt. 26157 at 2 ("Neither the PSC nor Plaintiffs subject to this motion have filed a response to Cook's motion." (footnote omitted)), essentially conceding that Plaintiffs have pleaded meritless claims. Cook's efforts are aimed not at prolonging the MDL, but at dismissing these meritless claims.

Here, the Court should dismiss Plaintiffs' negligence *per se* claims. Plaintiffs essentially concede the motion should be granted, acknowledging that negligence *per se* is not an independent cause of action and that federal law preempts state-law claims predicated solely on violations of the FDCA and its implementing regulations. Plaintiffs' concessions are unavoidable: under well-established precedent (including this Court's own prior decisions), claims that arise solely from alleged violations of FDCA requirements or that rely on the existence of the FDCA as a critical element are impliedly preempted. These Plaintiffs' negligence *per se* claims rely solely on alleged violations of the FDCA and thus would not exist without the FDCA. *Buckman* and its progeny therefore preempt Plaintiffs' claims, and Cook respectfully asks the Court to dismiss Plaintiffs' negligence *per se* claims, as set out in Count IV of the Master Complaint.

I.  **NEGLIGENCE PER SE IS NOT AN INDEPENDENT BASIS OF TORT LIABILITY.**

At the threshold, the Court should dismiss Plaintiffs' negligence *per se* claims because negligence *per se* is neither an independent cause of action nor a separate basis for tort liability. Indeed, Plaintiffs expressly concede that "[n]egligence per se is a method of proof, not an independent tort[.]" Dkt. 26072 at 4 (quoting *In re Smith & Nephew Birmingham Hip Resurfacing (BHR) Hip Implant Prod. Liab. Litig.*, 401 F. Supp. 3d 538, 563 (D. Md. 2019)); *see also In re Rutter's Inc. Data Sec. Breach Litig.*, 511 F. Supp. 3d 514, 531 (M.D. Pa. 2021); *In re Accellion, Inc. Data Breach Litig.*, 713 F. Supp. 3d 623, 639 (N.D. Cal. 2024).

Yet Plaintiffs' Master Complaint unambiguously pleads negligence *per se* as a separate cause of action, in a separate Count IV, with a separate claim for relief. *See* Dkt. 213 at Count IV, ¶¶ 89-92.[1] Given Plaintiffs' concession, Dkt. 26072 at 4, the Court should dismiss Plaintiffs' standalone claim for negligence *per se* as a matter of law. *See, e.g.*, *In re Accellion, Inc.*, 713 F. Supp. 3d at 639 ("[T]he Court finds that the Complaint does not state an independent claim for relief labeled 'negligence per se,' which is therefore subject to dismissal as a matter of law."); *In re Rutter's Inc.*, 511 F. Supp. 3d at 531 ("Where a plaintiff alleges negligence and negligence per se as separate causes of action, courts within the Third Circuit routinely dismiss the negligence per se claim as subsumed within the standard negligence claim."). Although Plaintiffs argue that they may use claimed violations of federal statutes and regulations as a method of proof to support other state law claims, *see* Dkt. 26072 at 12-15, that is a different question for a different day. The present motion asks the Court ***only*** to dismiss Plaintiffs' separately pleaded negligence *per se* claims. Plaintiffs concede that negligence *per se* is not an independent tort as they have pleaded it, and the Court should therefore dismiss Count IV as a matter of law.

---

[1] Both parties quote Plaintiffs' Count IV in full in their briefing. *See* Dkt. 25836 at 3-4; Dkt. 26072 at 8-9.

## II. FEDERAL LAW PREEMPTS PLAINTIFFS' NEGLIGENCE *PER SE* CLAIM.

Even assuming that a negligence *per se* claim could be properly framed as an independent tort, the Court should dismiss Plaintiffs' claims here because federal law preempts them. Nothing in Plaintiffs' response alters this result.

### A. Plaintiffs' Proffered Reading of *Buckman* Would Essentially Nullify the Supreme Court's Implied Preemption Holding in the Case.

Plaintiffs first argue that Cook's argument based on *Buckman*, which tracks the Court's analysis in *Hill*, is overbroad, conclusory, baseless, and illogical. Dkt. 26072 at 4-5. Plaintiffs contend that *Buckman* involved different "key facts" that distinguish it from the negligence *per se* claim that Plaintiffs have pleaded in this MDL.[2] *Id.* at 4. But Plaintiff's argument misses the forest for the trees. In criticizing Cook's "application" of *Buckman*, Plaintiffs proffer a narrow and untenable reading of *Buckman* that would essentially nullify the case's implied preemption holding by allowing a private litigant to bring a state-law claim that "is in substance (even if not in form) a claim for violating the FDCA." *In re Bard IVC Filters Prods. Liab. Litig. (Booker)*, 2017 WL 5625548, at * (D. Ariz. Nov. 11, 2017) (quoting *Leonard v. Medtronic, Inc.*, 2011 WL 3652311, at *7 (N.D. Ga. Aug. 19, 2011)); *see also Riley v. Cordis Corp.*, 625 F. Supp. 2d 769, 777 (D. Minn. 2009). The Court should reject this narrow reading.

Although *Buckman* involved express "state-law fraud-on-the-FDA claims," the Supreme Court did not limit its implied preemption holding to such claims, as Plaintiffs suggest. *Buckman*

---

[2] For reasons discussed below, the "key facts" Plaintiffs cite to distinguish *Buckman* from the instant litigation are immaterial. Nevertheless, Plaintiffs emphasize that they allege personal injury and damages as a result of Cook's conduct, implying that Buckman did not involve such claims. Dkt. 26072 at 9 ("Most importantly, as a result of each defendants' conduct, Plaintiffs suffered personal injury and damages."). In fact, the *Buckman* Court explicitly noted that the plaintiffs brought their fraud-on-the-FDA claims under the theory that the allegedly fraudulent representations "were at least a 'but for' cause" of the personal injuries they sustained from the implantation of the bone screws at issue. 531 U.S. at 343. *Buckman* thus ***did*** involve claims for personal injury and damages allegedly resulting from the defendant's conduct.

3

*Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341,347-48 (2001). Rather, the Supreme Court held that ***any*** claims that exist "solely from the violation of FDCA requirements" or that rely on "the existence of these federal enactments [as] a critical element" are impliedly preempted. *Id.* at 352-53. This holding, which plainly encompasses more than just express "state-law fraud-on-the-FDA claims," aligns with the underlying rationale motivating the Supreme Court's implied preemption holding—that is, to prevent private litigants from upsetting the "somewhat delicate balance of statutory objectives" the FDA seeks to maintain through the federal statutory scheme vesting the FDA with sole enforcement power over FDCA violations. *See id.* at 348; *see also id.* at 349 n.4 ("The FDCA leaves no doubt that it is the Federal Government rather than private litigants who are authorized to file suit for noncompliance with the medical device provisions[.]"). A narrow reading of *Buckman*, as Plaintiffs proffer here, would undermine this foundational intent.

In the wake of *Buckman*, federal courts have tried to define the "narrow gap" through which a plaintiff's state-law claim implicating the FDCA must fit to escape implied preemption. *In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig.*, 623 F.3d 1200, 1204 (8th Cir. 2010) (citation omitted). Recognizing *Buckman*'s broader implications, courts have regularly rejected plaintiffs' attempts at "create[ing] a private right of action under the guise of a state law claim" to avoid preemption. *Leonard*, 2011 WL 3652311, at *8; *see also Franklin v. Medtronic, Inc.*, 2010 WL 2543579, at *8 (D. Colo. May 12, 2010) ("[B]ecause there is 'no private cause of action under the FDCA,' Plaintiff cannot avoid preemption simply by recasting her claims to allege violations of the FDCA."). These courts recognize that federal law preempts any state-law claim that "is in ***substance*** (even if not in form) a claim for violating the FDCA—that is, when the state claim would not exist if the FDCA did not exist." *Leonard*, 2011 WL 3652311, at *7 (emphasis added). A contrary reading of *Buckman* permitting claims that are in substance, even if not in form, claims

4

for violating the FDCA would effectively defeat the FDCA's prohibition against private causes of action. *See Talley v. Danek Med., Inc.*, 7 F. Supp. 2d 725, 731 n.4 (E.D. Va. 1998).

Several courts have singled out negligence *per se* claims as a vehicle through which plaintiffs have attempted to circumvent the FDCA's prohibition against private causes of action (and thus implied preemption). For example, the Southern District of California has succinctly articulated the issue that arises when plaintiffs bring negligence *per se* claims based solely on alleged violations of the FDCA:

> Here, the statutes, ordinances, or regulations forming the first element of Plaintiff's negligence per se claim are the FDA-Imposed Requirements and the generally applicable federal regulations listed in the FAC. Necessarily, therefore, Plaintiff asserts this claim because Defendants allegedly violated federal law, and not in reliance on traditional state tort law which had predated the FDA-Imposed Requirements. On the contrary, the existence of the FDA-Imposed Requirements is a critical element of Plaintiff's negligence per se claim. Indeed, without the FDCA Plaintiff would not have a negligence per se claim at all. Accordingly, as in *Buckman*, Plaintiff's negligence per se claim (or, more appropriately characterized, his negligence claim based solely on violations of the FDA-Imposed Requirements or other FDA regulations) is impliedly preempted by the FDCA.

*Grant v. Corin Group PLC*, 2016 WL 4447523, at *4 (S.D. Cal. Jan. 15, 2016) (internal citations omitted) (cleaned up). Other courts from across the country have noted the same issue with similarly pleaded negligence *per se* claims. *See, e.g.*, *Dunbar v. Medtronic, Inc.*, 2014 WL 3056026, at *6 (C.D. Cal. June 25, 2014) ("[A] negligence per se claim alleging violation of the FDCA is nothing more than a private right of action under the FDCA for damages." (quoting *Buckman*, 531 U.S. at 348)); *In re Bard IVC Filters*, 2017 WL 5625548, at *9 ("The Court will grant summary judgment on Plaintiff's negligence per se claim because allowing the claim to go forward would authorize an impermissible action to enforce provisions of the FDCA and its implementing regulations."); *Leonard*, 2011 WL 3652311, at *8 ("[P]laintiffs' claim of negligence per se would not exist prior to the enactment of the FDCA misbranding and adulteration laws because the claim only alleges violation of that law. Plaintiffs cannot create a private right of action

5

under the guise of a state law claim."). These decisions correctly hold that, when a negligence *per se* claim is predicated solely on alleged violations of the FDCA, the claim is in substance one to enforce the FDCA because it uses the alleged violations to attempt to establish a duty and a breach of that duty. *See, e.g.*, *Leonard*, 2011 WL 3652311, at *7-8; *see also Hawkins v. Medtronic, Inc.*, 2014 WL 346622, at *4 (E.D. Cal. Jan. 30, 2014) ("Claims not tied to state law tort duties are essentially private actions to enforce the FDCA and are barred by Section 337(a)."). That is exactly what Plaintiffs have done here: Count IV relies on violations of the FDCA and its regulations— ***and nothing else***—to establish both a duty and a breach of duty. *See* Dkt. 213 at ¶ 91.

Plaintiffs' reading of *Buckman* thus does not comport with the underlying rationale of *Buckman* or with the large body of caselaw interpreting the decision. As this Court did in *Hill*, courts across the country have correctly held that negligence *per se* claims based solely on alleged violations of the FDCA run afoul of *Buckman* because such claims are thinly guised attempts at creating a private right of action under the FDCA for damages. *Hill*, Dkt. 4687 at 2 ("A Plaintiff cannot use a negligence *per se* claim to create a private cause of action for Defendant's alleged violations of the FDCA.") (quoting *Blinn v. Smith & Nephew Richards, Inc.,* 55 F. Supp. 2d 1353, 1361 (M.D. Fla. 1999)); *see also Dunbar*, 2014 WL 3056026, at *6. After all, when plaintiffs rely solely on alleged violations of the FDCA as the basis of their negligence *per se* claims—as Plaintiffs do here—they do not rely "on traditional state tort law," because "without the FDCA [these plaintiffs] would not have a negligence per se claim at all." *Grant*, 2016 WL 4447523, at *4; *see also Hawkins*, 2014 WL 346622, at *4. The FDCA is unequivocal in its prohibition against private causes of action, and Plaintiffs here cannot circumvent this prohibition—and thus implied preemption—"simply by recasting [their] claims to allege violations of the FDCA" or by "simply incant[ing] the magic words '[Cook] violated FDA regulations.'" *Franklin*, 2010 WL 2543579, at

6

*8. The Court should reject Plaintiffs' attempts to circumvent the FDCA's prohibition on private rights of action and to usurp the well-established role of the FDA.

Plaintiffs also argue that their negligence *per se* claims are not preempted because the claims are merely "parallel" to FDA regulations. This "parallel claims" argument goes back to *Medtronic, Inc. v. Lohr*, 518 U.S. 470 (1996), in which the Supreme Court stated: "Nothing in [the FDCA] denies [a state] the right to provide a traditional damages remedy for violations of common-law duties when those duties **parallel** federal requirements." *Id.* at 495 (emphasis added). Plaintiffs' negligence *per se* claims, however, do not assert any common law duties; the **only** duties that Count IV alleges are duties imposed by federal statutes and regulations. *See* Dkt. 213 at ¶¶ 89-92 ("Defendants had an obligation not to violate the law, including the Federal Food, Drug and Cosmetic Act and the applicable regulations"). Because the Count alleges no common law duties at all, it cannot possibly allege common law duties that "parallel" federal regulations. Again, this motion does not address whether a plaintiff could offer evidence of alleged violations of a federal statute or regulation to argue that a common law duty alleged in some other Count in the Master Complaint was violated. That is a different question for another day.

The present motion raises only the issue of whether Plaintiffs may assert negligence *per se* claims based solely on claimed violations of federal statutes and regulations—i.e., the claims that Plaintiffs make in Count IV. As this Court held in *Hill*, *Buckman* bars such claims, and this Court should reject Plaintiffs' arguments.

> **B.     Plaintiffs' Separate Claims that Cook Violated State Consumer Fraud Statutes Does Not Save Plaintiffs' Negligence *Per Se* Claims.**

As noted above, Plaintiffs' negligence *per se* claim in the Master Complaint rests ***entirely*** on alleged violations of the FDCA and its implementing regulations. *See* Dkt. 213 at ¶¶ 89-92. Doubtlessly recognizing that this exclusive reliance on alleged FDCA violations is fatal to their

7

negligence *per se* claims, Plaintiffs try to argue that they are not relying solely on the FDCA because they have "cite[d] to [the] statutory provisions of more than 40 states" in the Master Complaint. Dkt. 26072 at 10. That effort fails for at least two reasons.

First, the state statutes Plaintiffs cite are state consumer fraud statues that appear, not in the Negligence *Per Se* Court IV at issue here, but in Count VII—a completely separate count that sets out Plaintiffs' claims against Cook based on alleged violations of those consumer fraud statutes. *See id.* (citing to Plaintiffs' Count VII in the Master Complaint). The Master Complaint asserts no link between the negligence *per se* claim and the statutory state consumer fraud claims, and Plaintiffs cannot save their negligence *per se* claims by relying on statutes **that are not even part of those claims**. *See In re Young*, 428 B.R. 804, 819 (N.D. Ind. 2010) ("[E]ach separate count must be totally exclusive of other counts in order for the court to avoid a total waste of time in reviewing each count separately by relation to what went before."). The Court must judge Plaintiffs' negligence *per se* claims based on the claim that Plaintiffs have actually pleaded, *see* Dkt. 213 at ¶¶ 89-92, and those claims allege ***only*** violations of federal statutes and regulations.

Even more fundamentally, however, Plaintiffs' allegations that Cook violated state consumer fraud statutes simply have nothing to do with negligence *per se.* As Plaintiffs acknowledge, negligence *per se* is a method of proof for a claim of negligence, establishing a standard of care the violation of which can constitute negligence. *See* Dkt. 26072 at 4. But state consumer fraud statutes by their nature have nothing to do with defining what constitutes negligence; they prohibit specific conduct (often intentional conduct)[3] and prescribe specific remedies and penalties for violation of those prohibitions.[4] In short, these are freestanding statutes

---

[3] *See, e.g.*, Ind. Code § 24-5-0.5-3(a) ("A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction.").
[4] *See. e.g.*, Ind. Code § 24-5-0.5-4 ("Actions and proceedings; damages; injunctions; civil penalties; offers to cure").

8

that create their own causes of action, define their own violations, and set their own penalties—all of which are unrelated to negligence. Plaintiffs offer no explanation as to how their citations to these state consumer fraud statutes could support their negligence *per se* claims, even assuming these statutes were part of Plaintiffs' negligence *per se* claims.

### C. Federal Preemption Is Not Impacted by Alleged Differences in State Law.

Plaintiffs also argue that an omnibus ruling on their negligence *per se* claims would be improper because *Buckman* "cannot determine the outcome of over 7000 plaintiffs' negligence *per se* claims, residing in all 50 states[.]" Dkt. 26072 at 2. But Plaintiffs' argument rests on a fundamental misunderstanding of federalism and thus a misunderstanding of federal preemption. Plaintiffs cannot rely on alleged differences in **state** law to avoid the conclusion that **federal** law impliedly preempts their negligence *per se* claims. If federal law preempts claims that rest on violations of federal statutes and regulations, then federal law preempts **all** such claims, regardless of the state law a plaintiff invokes in asserting the claim.[5] *See, e.g.*, *Buckman*, 531 U.S. at 346-47 (holding that federal law impliedly preempted "the plaintiffs' state-law fraud-on-the-FDA claims" in an MDL with approximately 2,300 plaintiffs from various states).

After all, federal preemption is a doctrine derived from the powers vested in the federal government by the United States Constitution. *See State Farm Bank v. Reardon*, 539 F.3d 336, 341-42 (6th Cir. 2008). Indeed, although federal preemption can take several forms, it

---

[5] To be sure, state law is not ***entirely*** irrelevant to whether certain Plaintiffs can maintain a negligence *per se* claim. For example, as Plaintiffs concede (and regardless of the Court's holding on implied preemption), no Plaintiff can maintain a negligence *per se* claim under Florida law based on alleged violations of the FDCA because the FDCA does not create a private right of action. Dkt. 26072 at 11; *see also* Dkt. 4687 at 1-2 (dismissing Plaintiff Hill's negligence *per se* claim because, "[u]nder Florida law, the violation of a statute gives rise to civil liability under the theory of negligence *per se* only if the statute indicates an intent to create a private cause of action"); *McClelland v. Medtronic, Inc.*, 2012 WL 5077401, at *5 (M.D. Fla. Sept. 27, 2012) (holding that the plaintiff could not "assert a negligence *per se* claim based on violations of the FDCA or the FDA's implementing regulations" under Florida law). With respect to federal preemption, however, federal law governs.

9

fundamentally finds its roots in the Supremacy Clause of the United States Constitution. *Id.* The Supreme Court is the final arbiter of the United States Constitution, *see, e.g.*, *Arizona v. Evans*, 514 U.S. 1, 2 (1995), and therefore the final arbiter of what violates the Supremacy Clause, *see, e.g.*, *Bowling v. Parker*, 882 F. Supp. 2d 891, 900-01 (E.D. Ky. 2012). *Buckman* is an example of the Supreme Court applying well-established constitutional principles to claims under various states' laws that implicate a federal statutory scheme. 531 U.S. at 346-47. In short, *Buckman* governs **any** state-law claim that comes within the purview of its preemption holding. *See, e.g.*, *Bowling*, 882 F. Supp. 2d at 901.

Against this backdrop, Plaintiffs' argument that this Court should refrain from an omnibus ruling on their negligence *per se* claim based on claimed difference in state law makes little sense. Plaintiffs do not (and cannot) dispute that all of Plaintiffs' negligence *per se* claims are based on the same alleged violations of the FDCA, *see* Dkt. 213 at ¶¶ 89-92, and that the federal pleading standard governs all of their claims, *see, e.g.*, *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008) ("[A] federal court sitting in diversity applies federal pleadings requirements 'even when the claim pleaded arises under state rather than federal law." (citation omitted)). Claimed differences in state law are therefore immaterial to whether the claim is federally preempted under precedent from the Supreme Court. The question presented to this Court is **not** whether the laws of each state permit Plaintiffs to bring a negligence *per se* motion based on alleged violations of the FDCA; the question is whether such claims—all premised on the same alleged violations of the FDCA—run afoul of *Buckman*. This latter inquiry is unaffected by variations in state law, as *Buckman* itself illustrates. 531 U.S. at 346-47 (holding that federal law impliedly preempted "the plaintiffs' state-law fraud-on-the-FDA claims" in an MDL with approximately 2,300 plaintiffs from various states).

In sum, this motion asks a federal court to apply federal law to determine the application of federal preemption to Plaintiffs' negligence *per se* claims. Plaintiffs cannot derail the court's ruling by speculating about immaterial differences in state law.[6]

### D. The Cases on Which Plaintiffs Rely Do Not Save Their Negligence *Per Se* Claim from Federal Preemption.

Plaintiffs accuse Cook of trying "to lead the Court to believe *Buckman* preempts all negligence *per se* claims for every medical device case in all 50 states," arguing that courts have taken "different approaches" on how to apply *Buckman*'s implied preemption holding. Dkt. 26072 at 12. Of course, Cook is **not** arguing that *Buckman* categorically preempts all negligence *per se* claims; rather, Cook argues that any negligence *per se* claim based on alleged violations of the FDCA are impliedly preempted. Regardless, Plaintiffs fail to meaningfully distinguish the case law Cook has offered in support of its motion or the authority on which the Court relied in finding preemption in *Hill*,[7] and the caselaw Plaintiffs offer is either inapposite or outdated. None of Plaintiffs' cited cases therefore saves their claim.

Plaintiffs primarily rely on *In re Medtronic, Inc., Implantable Defibrillators Litig.*, 465 F. Supp. 2d 886 (D. Minn. 2006), to argue that the Court should not find their negligence *per se*

---

[6] Likewise, Plaintiffs cannot avoid an omnibus motion based on alleged "circuit splits and different interpretations of *Buckman*." Dkt. 26072 at 2. "When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located." *In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996); *see also McMasters v. United States*, 260 F.3d 814, 819 (7th Cir. 2001) (holding that a "transferee court is usually 'free to decide [federal issues] in the manner it views as correct without deferring to the interpretation of the transferor circuit'") (quoting *In re Korean Air Lines Disaster*, 829 F.2d 1171, 1174 (D.C. Cir. 1987)); *In re Korean Air Lines Disaster*, 829 F.2d 1171, 1175 (D.C. Cir. 1987) ("[B]ecause there is ultimately a single proper interpretation of federal law, the attempt to ascertain and apply diverse circuit interpretations simultaneously is inherently self-contradictory."). As discussed below, Seventh Circuit precedent supports a finding of implied preemption here, and Plaintiffs cannot use unsupported assertions of an alleged "circuit split" to avoid a ruling on the instant motion.

[7] Plaintiffs argue that Cook's reliance on other IVC filter cases in which courts found that the plaintiffs' negligence *per se* claims were impliedly preempted is misplaced, arguing that those claims were based only on violations of the FDCA. *See* Dkt. 26072 at 10. But as discussed above, Plaintiffs' negligence *per se* claims in this MDL are also predicated solely on alleged violations of the FDCA.

11

claims impliedly preempted under *Buckman*. *See* Dkt. 26072 at 5-10. But *In re Medtronic (Defibrillators)* was decided before the Supreme Court's decision in *Riegel v. Medtronic, Inc.*, 552 U.S. 312 (2008) and the Eighth Circuit's decision in *In re Medtronic (Leads)*. The latter decision states that "*Riegel* and *Buckman* create a narrow gap through which a plaintiff's state-law claim must fit if it is to escape express or implied preemption." 623 F.3d at 1204 (citation omitted). Plaintiffs' prime authority therefore rests on incomplete—if not shaky—jurisprudential grounds. A closer look at *In re Medtronic (Defibrillators)* only solidifies this conclusion.

In *In re Medtronic (Defibrillators)*, the defendant moved for summary judgment on **all** of the plaintiffs' state-law claims, arguing that the claims were "preempted by the MDA and FDA regulations promulgated pursuant to it." 465 F. Supp. 2d at 890. In an opinion that does not specifically address the plaintiffs' negligence *per se* claim under *Buckman*, the court held that "[a]ll plaintiffs' claims are based on state statutes or traditional tort causes of action; they seek no recovery for a fraud-on-the-FDA claim." *Id.* at 900. What the court apparently did **not** consider was an issue the same court addressed in a later, post-*Riegel* decision: whether the plaintiffs' negligence *per se* claim was "in substance (even if not in form) a claim for violating the FDCA— that is, [whether] the state claim would not exist if the FDCA did not exist." *Riley*, 625 F. Supp. 2d at 777 (dismissing all of plaintiffs' claims, including plaintiffs' negligence *per se* claims, as expressly or implied preempted or as not sufficiently pleaded under the Federal Rules of Civil Procedure (citing *Buckman*, 531 U.S. at 352-53)). Put differently, the *In re Medtronic (Defibrillators)* court omitted a key piece of the preemption analysis under *Buckman*.

The *In re Medtronic (Defibrillators)* court's omission matters. As discussed above and in Cook's opening memo, myriad courts have found that negligence *per se* claims based on violations of the FDCA are "in substance (even if not in form)" claims for violating the FDCA and are thus

12

impliedly preempted under *Buckman*. *See, e.g.*, *In re Bard IVC Filters*, 2017 WL 5625548, at *8-9; *Leonard*, 2011 WL 3652311, at *7-8; *Dunbar*, 2014 WL 3056026, at *5-6. This result is common sense: where a plaintiff brings a claim for negligence *per se* based on violations of the FDCA, "the standard of care for th[e] negligence claim relies exclusively on the FDCA, and adjudication of this claim relies on the existence of the federal requirements." *Dunbar*, 2014 WL 3056026, at *5; *see also Grant*, 2016 WL 4447523, at *4. In other words, such a claim "would not exist if the FDCA did not exist" and is thus impliedly preempted. *In re Bard IVC Filters*, 2017 WL 5625548, at *8. The implied preemption analysis in *In re Medtronic (Defibrillators)* is therefore incomplete. Private litigants cannot sue for violations of the FDCA, *Buckman*, 531 U.S. at 349 n.4, and this Court should reject any reading of *Buckman*—like the readings Plaintiffs and the *In re Medtronic (Defibrillators)* court have proffered—that would allow a private litigant to bring a state-law claim that is in substance a claim for violating the FDCA, *see In re Bard IVC Filters*, 2017 WL 5625548, at *8. Such a holding ensures that Plaintiffs cannot avoid preemption "simply by recasting [their] claims to allege violations of the FDCA" or by "simply incant[ing] the magic words '[Cook] violated FDA regulations.'" *Franklin*, 2010 WL 2543579, at *8.

The other cases on which Plaintiffs rely fare no better. These cases either predate *Buckman*,[8] rely on precedent that predates *Buckman*,[9] or suffer the same analytical flaws plaguing *In re Medtronic (Defibrillators)*.[10] To the extent that Plaintiffs' rely on *Bausch v. Stryker Corp.*, 630 F.3d 546 (7th Cir. 2010), their reliance is misplaced, *see* Dkt. 26072 at 15. Nowhere in the

---

[8] *See Sharp v. Artifex, Ltd.*, 110 F. Supp. 2d 388 (W.D. Pa. 1999); *Ezagui v. Dow Chem. Corp.*, 598 F.2d 727 (2d Cir. 1979); *Loewy v. Stuart Drug & Surgical Supply, Inc.*, 1999 WL 76939 (S.D.N.Y. Feb. 11, 1999).
[9] *See Howard v. Zimmer, Inc.*, 299 P.3d 463, 472 (Okla. 2013) (citing *Allen v. Delchamps, Inc.*, 624 So. 2d 1065, 1068 (Ala. 1993) and *Grove Fresh Distribs., Inc. v. Flavor Fresh Food, Inc.*, 720 F. Supp. 714, 716 (N.D. Ill. 1989)).
[10] *Mosley v. Wyeth, Inc.*, 2010 WL 11583549, at *17 (S.D. Ala. Jan. 26, 2010); *Tigert v. Ranbaxy Pharms., Inc.*, 2012 WL 6595806 (D.N.J. Dec. 18, 2012).

*Bausch* opinion does the Court discuss whether a negligence *per se* claim is expressly or impliedly preempted. *See generally* 630 F.3d 546. Rather, the court addressed the specific question of whether the plaintiff could support a manufacturing defect claim in a case involving a PMA device with evidence of alleged violations of federal law in manufacturing the device. *Id.* at 549. Although the opinion superficially appears to support Plaintiffs' argument here, the decision actually highlights why federal law impliedly preempts Plaintiffs' negligence *per se* claims. In *Bausch*, the plaintiff merely wished to use evidence of alleged violations of federal law to support her negligence claim; she did **not** seek to use such evidence to establish negligence *per se*. *See id.* at 557-58. Again, this distinction matters.

As the Eighth Circuit has noted, to avoid implied preemption, "[t]he plaintiff must be suing for conduct that *violates* the FDCA . . ., but the plaintiff must not be suing *because* the conduct violates the FDCA (such a claim would be impliedly preempted under *Buckman*)." *In re Medtronic (Leads)*, 623 F.3d at 1204 (citation omitted) (emphasis in original); *see also Bausch*, 630 F.3d at 557-58. A negligence claim merely **supported** by evidence of an alleged violation of the FDCA falls into the former category, as *Bausch* indicates. The plaintiff is contending that the alleged statutory violation is only *prima facie* evidence of negligence; he or she must still establish duty and breach. *See, e.g.*, *Bauer v. Armslist, LLC*, 572 F. Supp. 3d 641, 672-73 (E.D. Wis. 2021). This contrasts with a negligence *per se* claim in which the plaintiff seeks to use the alleged violation of federal law to **supplant** a state-law duty of care and subsequent breach. *See, e.g.*, *Hawkins*, 2014 WL 346622, at *4 ("Claims not tied to state law tort duties are essentially private actions to enforce the FDCA and are barred by Section 337(a)."). In such a case, the plaintiff necessarily brings the action solely "*because* the conduct violates the FDCA," *see In re Medtronic (Leads)*, 623 F.3d at 1204 (citation omitted) (emphasis in original)—that is, without the alleged statutory violation, the

14

plaintiff has no claim at all, *see, e.g.*, *Grant*, 2016 WL 4447523, at *4. Here, according to the language of the Master Complaint itself, Plaintiffs bring their negligence *per se* claim only **because** of alleged violations of the FDCA. *See* Dkt. 213 at ¶¶ 89-92. Such claims are impliedly preempted, and neither *Bausch* nor any of the other case law on which Plaintiffs rely changes that result.

* * *

In sum, Plaintiffs' negligence *per se* claim, as pleaded in the Master Complaint, is impliedly preempted on its face. Plaintiffs cannot circumvent implied preemption by creating a private right of action (which the FDCA categorically prohibits) under the guise of a state-law claim. Here, Plaintiffs' negligence *per se* claim has all the hallmarks of a private right of action for violations of the FDCA because, despite Plaintiffs' attempts to characterize their claims as arising under state law, they are in substance claims for alleged violations of the FDCA. Under the *Buckman* decision, federal law impliedly preempts such claims.

## CONCLUSION

For the foregoing reasons and the reasons set forth in Cook's Memorandum in Support of Motion for Judgment on the Pleadings on Negligence Per Se Claims (Dkt. 25836), Cook respectfully urges the Court to dismiss Plaintiffs' negligence *per se* claims, as set out in Count IV of the Master Complaint.

| | |
|---|---|
| Dated: October 22, 2024 | Respectfully submitted,<br><br>/s/ *Andrea Roberts Pierson*<br>Andrea Roberts Pierson<br>Jessica Benson Cox<br>FAEGRE DRINKER, BIDDLE & REATH LLP<br>300 North Meridian Street, Suite 2500<br>Indianapolis, Indiana 46204<br>Telephone: (317) 237-0300<br>Andrea.Pierson@faegredrinker.com<br>Jessica.Cox@faegredrinker.com<br><br>Bruce Jones<br>FAEGRE DRINKER, BIDDLE & REATH LLP<br>90 South Seventh Street, Suite 2200<br>Minneapolis, Minnesota 55402<br>Telephone: (612) 766-7000<br>Bruce.Jones@faegredrinker.com<br><br>*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, William Cook Europe ApS* |

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 22, 2024, a copy of the foregoing Cook Defendants' Reply in Support of Motion for Judgment on the Pleadings on Negligence Per Se Claims was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

                                                        */s/ Andrea Roberts Pierson*