**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

_____

In Re: COOK MEDICAL, INC.,
IVC FILTERS MARKETING, SALES          Case No. 1:14-ml-2570-RLY-TAB
PRACTICES AND PRODUCTS                     MDL No. 2570
LIABILITY LITIGATION

_____

This Document Relates to:

All Actions

_____

**COOK DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS
ON PLAINTIFFS' "OTHER NEGLIGENCE" CLAIMS**

Plaintiffs' response to Cook's motion for judgment on the pleadings on any claims Plaintiffs may assert for "other negligence" is a study in contradictions:

- Plaintiffs first object to Cook bringing the motion at all, calling it a "phantom issue" that arose only once in a trial five years ago.

- Plaintiffs then concede the merits of Cook's argument on this "phantom issue" in 29 of the 30 jurisdictions mentioned in the motion.

- Finally, Plaintiffs argue that they must be allowed to amend their short-form complaints to "clarify" their claims concerning this "phantom issue."

Given these divergent positions, Cook urges the Court to (1) dismiss with prejudice the "other negligence" claims in cases applying the laws of the 29 states that Plaintiffs concede bar such claims, (2) dismiss without prejudice the "other negligence" claims in the remaining states, for failure to adequately plead the claims, and (3) should the Court be inclined to grant leave to amend, grant a limited period within which any Plaintiffs in the second category with legitimate

1

Rule 11 grounds can amend their Short-Form complaints to try to adequately allege other negligence claims.

## ARGUMENT

### I.    Plaintiffs' "Other Negligence" Claims Present a Real Issue Ripe for Decision.

Plaintiffs contend that Cook's motion is unnecessary because the "other negligence" issue has only come to a head in the *Hill* bellwether trial, and no other Plaintiff has yet made a similar attempt to avoid summary judgment by belatedly arguing an unpled "other negligence" claim. *See* Dkt. 26114 at 4-5.[1] But an important purpose of trying bellwether cases in an MDL is to gain insights that can be applied to future cases to streamline the litigation going forward. *See, e.g.*, *In re E. I. du Pont de Nemours & Co. C-8 Pers. Inj. Litig.*, 54 F.4th 912, 920 n.3 (6th Cir. 2022) (recognizing that bellwether trials are "informative indicators of future trends and catalysts for an ultimate resolution") (quoting Eldon E. Fallon et al., *Bellwether Trials in Multidistrict Litigation*, 82 Tul. L. Rev. 2323, 2343 (2008)). Cook's motion seeks to apply the lessons learned in *Hill*, promote clarity going forward, and permit adjudication of the remaining cases in this MDL in the most efficient way possible. In any event, the motion is not only based on the confusion and additional motion practice that arose in *Hill*, but on the inadequacies apparent on the face of Plaintiffs' pleadings and on the law of the 29 states that Plaintiffs concede bar "other negligence" claims.

The absence of plaintiff-specific fact discovery, *see* Dkt. 26114 at 8-9, does not render this motion premature or unnecessary. The grounds for this motion have no connection to factual discovery; Cook merely argues that (1) "other negligence" claims have no legal basis in 29 states,

---

[1] Plaintiffs' response fails to mention that there has been only one additional bellwether trial in this MDL since the *Hill* trial, largely because other bellwether Plaintiffs have voluntarily dismissed their actions before the scheduled trials could take place.

and are therefore subject to dismissal with prejudice, and (2) Plaintiffs from the other 21 states have failed to properly plead any "other negligence" claims, and any such claims are subject to dismissal without prejudice. Factual discovery does not enter into the analysis, and the issue is ripe for decision.

## II.    Cook is Entitled to Dismissal with Prejudice of Plaintiffs' "Other Negligence" Claims in the 29 Conceded States

Plaintiffs concede that negligence claims other than negligent design, negligent manufacture, and negligent failure to warn are not cognizable under the laws of 29 states. *See* Dkt. 26114 at 5 ("After careful review of case law from 29 states subject to this motion, Plaintiffs concede they will only pursue claims for negligent design, negligent manufacturing, and negligent failure to warn under Count III of the Master Complaint to the extent Plaintiffs have alleged they are subject to those 29 states' laws.") (footnote omitted). Given this concession, Cook is entitled the dismissal with prejudice of other negligence claims by Plaintiffs whose claims are governed by the laws of Alabama, Arizona, California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Idaho, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, New Jersey, New York, North Carolina, Rhode Island, South Dakota, Utah, Virginia, Washington, and Wisconsin.[2]

---

[2] Cook initially also sought judgment on the pleadings as to claims subject to Pennsylvania law based on the law cited in its opening brief. The parties agree that *Lance v. Wyeth*, 85 A.3d 434, 460 (Pa. 2014) is the controlling precedent. Cook maintains that Pennsylvania law does not, in substance, recognize "other negligence" claims and simply permitted plaintiffs to style negligent design claims as claims for "negligent marketing." *Id.* Courts applying Pennsylvania law have also rejected other negligence claims. *Wolfe v. McNeil-PPC, Inc.*, 773 F. Supp. 2d 561, 570 (E.D. Pa. 2011) ("Pennsylvania does not recognize a tort for negligent failure to test. . . . Courts have held that such a claim is logically subsumed within plaintiff's defective design or defective manufacture claims.") (internal quotations and citations omitted).

To streamline this motion for the Court's consideration and because courts in Pennsylvania have articulated negligence claims differently, Cook withdraws the cases governed by

Plaintiffs argue that they have a "right to bring all evidence of Cook's conduct to support their negligence claims . . . whether or not Plaintiffs' respective state law recognizes an 'other negligence' claim as an independent cause of action." Dkt. 26114 at 6. But that evidentiary question is not before the Court.  Cook does not dispute that some evidence of conduct that might be characterized as "other negligence" may be relevant to Plaintiffs' proper negligence claims based on design, manufacture, or warnings.  Indeed, Cook's original motion specifically cited cases holding (for example) that "negligent testing" may be a "subpart" of a negligent design or manufacture claim. *See* Dkt. 25843 at 8-11 (collecting cases). But the present motion does not ask the Court to opine on the admissibility of evidence of such conduct under these theories or any others; this motion asks the Court *only* to rule that there is no separate claim for any "other negligence" under the laws of the 29 states Plaintiffs concede.  Any evidentiary issues must wait for context in the motions in limine and trials of individual Plaintiffs' proper negligence claims. *See, e.g.*, *In re Aqua Dots Prod. Liab. Litig.*, 270 F.R.D. 322, 325-26 (N.D. Ill. 2010) (recognizing, in an MDL involving claims under various state laws, that "the determination of admissibility should be made on a case-by-case basis" at a "developed stage in the litigation"), *aff'd*, 654 F.3d 748 (7th Cir. 2011).

The Court should therefore dismiss Plaintiffs' claims based on "other negligence" in the 29 specified states.[3]

---

Pennsylvania from its argument that state law does not permit claims for negligence other than design, manufacture, and warnings.

[3] As noted in Cook's opening brief, the Court need not decide which Plaintiffs' cases are subject to which state's laws. If the Court rules that "other negligence" claims are not cognizable in the 29 conceded states, either this Court or another Court after transfer or remand can apply the ruling to the appropriate cases. *See* Dkt. 26517 at 2-3 (granting judgment on the pleadings on Plaintiffs' manufacturing defect claims by defendants in specified states).

### III.    Plaintiffs Fail to Adequately Plead Their "Other Negligence" Under Rule 8.

As to the Plaintiffs whose claims are governed by the laws of the 21 states in which claims bases on "other negligence" may be theoretically possible, those Plaintiffs have failed to adequately plead any such claims, and the Court should dismiss those claims without prejudice. Although "Plaintiffs dispute [Cook's] narrow reading of Plaintiffs' Count III negligence claim because no Plaintiff-specific discovery has occurred," Dkt. 26114 at 8, they do not point to any allegations in the Master Complaint that assert negligence claims based on any theories other than negligent design, negligent manufacture, and negligent failure to warn.

No such claims exist; nowhere in the Master Complaint is there any claim of negligent testing, negligent marketing, negligent advertising, negligent training, or the like. The Court should therefore grant judgment on the pleadings as to any such claim, to foreclose future last-minute invocation of such theories as occurred in *Hill*.

Despite their characterization of "other negligence" as a "phantom claim," Plaintiffs ask the Court to grant them leave to amend to correct their pleading deficiencies, presumably to assert just such claims. Dkt. 26114 at 8. But Plaintiffs fail to identify any individual Plaintiff who might want to amend a Short-Form complaint to specifically allege "other negligence," and they fail to identify any specific theory of "other negligence" they would include in an amendment which would have a sufficient Rule 11 factual and legal basis under the circumstances here. Cook submits that absent some suggestion of who might amend and what they might allege, Plaintiffs have not met even the threshold burden for obtaining leave to amend.[4]

---

[4] Plaintiffs correctly note that Oklahoma Plaintiff Tim Marshal has already pled specific claims of other negligence in his Short-Form Complaint, *see* Dkt. 26114 at 7; Case 1:17-cv-01812-RLY-TAB Dkt. 16 at 4-5 (03/26/21) and Cook therefore withdraws its motion as to Plaintiff Marshal. Plaintiffs cite no examples of any such additional claims other than Marshal, and no individual Plaintiff has filed a response arguing that they have made any such additional claims.

Cook recognizes that the Federal Rules permit amendments to cure pleading flaws, and that this Court has granted such leave to amend in some situations in the past.  Therefore, in the alternative, if the Court is inclined to grant individual Plaintiffs leave to amend their Short-Form Complaints to allege a theory and a factual basis for an "other negligence" claim, Cook urges the Court to set a time limit on such amendments (as it has done in the past, *see See* Dkt. 15907 at 9 (imposing 28-day limit on filing of any amendments to short-form complaints to cure pleading deficiencies)) that will permit Cook to evaluate and promptly challenge the sufficiency of such amended pleadings, if necessary.

## **CONCLUSION**

For these reasons and the reasons set out in Cook's original motion, Cook respectfully asks that the Court grant its Motion for Partial Judgment on the Pleadings on Plaintiffs' "Other Negligence" Claims and:

1.      Dismiss with prejudice all claims of "other negligence" that have been or may be asserted by Plaintiffs whose claims are governed by the laws of Alabama, Arizona, California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Idaho, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, New Jersey, New York, North Carolina, Rhode Island, South Dakota, Utah, Virginia, Washington, and Wisconsin.

2.      Dismissing without prejudice all negligence claims asserted by Plaintiffs other than negligent design, negligent manufacture, or negligent failure to warn for failure to properly plead such claims in the 21 undisputed states.

3.      Should the Court decide to permit any Plaintiff the opportunity to amend their Short-Form Complaint, Cook requests that the Court set a deadline of 30 days for any amendment

by any individual Plaintiff who wishes to assert a specific legal and factual basis for a claim of

"other negligence" in an amended Short-Form Complaint.

Respectfully submitted,

/s/ Andrea Roberts Pierson

Dated:  October 29, 2024

Andrea Roberts Pierson
Jessica Benson Cox
FAEGRE DRINKER, BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@faegredrinker.com
Jessica.Cox@faegredrinker.com

James Stephen Bennett
FAEGRE DRINKER, BIDDLE & REATH LLP
110 W. Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@faegredrinker.com

Bruce Jones
FAEGRE DRINKER, BIDDLE & REATH LLP
90 South Seventh Street, Suite 2200
Minneapolis, Minnesota 55402
Telephone: (612) 766-7000
Bruce.Jones@faegredrinker.com

*Attorneys for Defendants Cook Incorporated,
Cook Medical LLC f/k/a Cook Medical
Incorporated, William Cook Europe ApS*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 29, 2024, a copy of the foregoing **COOK DEFENDANTS'**

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON**

**THE PLEADINGS ON PLAINTIFFS' "OTHER NEGLIGENCE" CLAIMS** was filed

electronically and notice of the filing of this document will be sent to all parties by operation of

the Court's electronic filing system to CM/ECF participants registered to receive service in this

matter.  Parties may access this filing through the Court's system.


*/s/ Andrea Roberts Pierson*