UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND                  No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                   MDL No. 2570

_____

This Document Relates to the Following Case:

Crystal Johnson, 1:18-cv-00640

_____

**ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF'S CASE PURSUANT TO CMO-28**

Pursuant to Federal Rule of Civil Procedure 12(c) and the process provided by Case Management Order #28, the Cook Defendants[1] (or "Cook") move for judgment on the pleadings in Crystal Johnson's case. The court, having read and reviewed the parties' submissions and the applicable law, finds Cook's motion should be **GRANTED**.

**I.    Background**

Plaintiff was implanted with a Cook Celect Vena Cava filter on May 1, 2009, at Hahnemann University Hospital in Philadelphia, PA. (1:18-cv-0-640, Filing No. 1, Short Form Compl. ¶¶ 10-12). On July 31, 2009, she was admitted to Mercy Hospital complaining of abdominal and right-side flank pain. (Filing No. 23741, Plaintiff's Case Categorization Medical Records at 8). A CT scan of her abdomen and pelvis demonstrated that her filter was perforating her vena cava and was impinging her right

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

proximal ureter, causing hydroureteronephrosis.  (*Id.*).  The obstruction was substantiated by a renal scan.  (*Id.*). Plaintiff was also found to have an umbilical hernia.  (*Id.*).  Her physicians concluded that Plaintiff's IVC filter should be removed.  (*Id.*).

Plaintiff was readmitted to the hospital on August 11, 2009, where she "underwent a ureteroscopy which showed no evidence that the IVC prong had penetrated to [sic] ureteral lumen, but it was clear that the ureter was obstructed at the level of the prong of the IVC filter." (*Id.*).  A double-J catheter (also known as a ureteral stent) was also placed in Plaintiff's right ureter.  (*Id.*).  She was then taken to the radiology department where it was determined that Plaintiff's filter could not be removed endovascularly.  (*Id.*). "The retrieval hook appeared to be either imbedded in the caval wall or possibly extravascular." (*Id.* at 7).  Consequently, on August 28, 2009, Plaintiff underwent a surgical procedure to repair the umbilical hernia and to move her ureter away from the IVC filter.  (*Id.* at 9).  During surgery, her physician elected to excise the "offending prong." (*Id.* at 10).  Plaintiff was discharged from the hospital on September 2, 2009, but readmitted two days later after a CAT scan demonstrated a blocked right double-J catheter.  (*Id.*).  On September 8, 2009, Plaintiff's double-J catheter was surgically exchanged.  (Filing No. 23851-5, Plaintiff's Medical Records at 5).

Plaintiff testified that none of the doctors who treated her in 2009 told her "there was a problem or defect with [her] IVC filter or that it was going to be a problem." (Filing No. 23851-6, Plaintiff Aff. ¶ 4).  "They told [her] everything was going to be okay." (*Id.*).

In September 2015, Plaintiff saw a public health bulletin about IVC filters.  (*Id.* ¶

2

2). It was then that she "realized that some of the problems [she] had experienced in the past could be caused by a problem with [her] IVC filter." (*Id.*).

Plaintiff filed suit against Cook on May 6, 2016, in Missouri state court as part of the multi-plaintiff *Halinski* case. (*See* Filing No. 23851-1, Circuit Court Complaint). Her case was removed to the Eastern District of Missouri on December 23, 2016, and then transferred to this MDL on December 1, 2017. (*See* Filing No. 23851-2, Notice of Removal; Filing No. 23851-3, Transfer Order). Plaintiff brings claims for products liability, negligence, breach of warranty, and consumer fraud. (Short Form Compl. ¶ 14).

## II.  Discussion

Cook moves for judgment on the pleadings on all of Plaintiff's claims. Because Plaintiff relies on evidence outside the pleadings, the court will treat this motion as one for summary judgment. Fed. R. Civ. P. 12(d).

Summary judgment is appropriate when the record shows that there is "no genuine dispute as to any material fact" and that the "movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must construe the facts and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advoc. Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (quoting *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003)). A genuine dispute as to a material fact exists if, based on the evidence presented, "a reasonable jury could return a verdict for the non-moving party." *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 661 (7th Cir. 2016).

### A.  Waiver

Plaintiff argues Cook waived the statute of limitations defense with respect to her case. Her argument stems from the court's Order severing the *Halinski* cases where it stated:

> As to the severed causes of action, the filing date will relate back to the filing date of Plaintiff's original Complaint in the Missouri state court. Cook waives any statute of limitations defense as to each severed cause of action.

(Filing No. 7507, Order at 2). But Plaintiff ignores the preceding paragraph, which provides that "Plaintiffs shall open a new civil case for each of the severed causes of action . . . by the filing of a Short Form Complaint and payment of a filing fee." (*Id.*). Read in proper context, the Order provides that Cook waived any limitations argument based on the filing date of the *Short Form Complaint*, i.e., the opening of the "new civil case," as any such argument would undermine the parties' compromise in agreeing to sever the cases. *Cf. Beeler v. Saul*, 977 F.3d 577, 585 (7th Cir. 2020) (noting statutory interpretation requires the court to consider the entire text "in view of its structure and the physical and logical relation of its many parts" (citation omitted)). Accordingly, the court finds Cook did not waive the statute of limitation defense as to Plaintiff's case.

### B.  Personal Injury Claims

Cook argues Plaintiff's personal injury claims are time-barred because she filed her lawsuit more than two years after her August 28, 2009, surgery to repair her impinged ureter. Plaintiff disagrees and argues her claims are timely under Pennsylvania's discovery rule.

Pennsylvania has a two-year statute of limitations for personal injury actions. "A

4

cause of action accrues, and thus the applicable limitations period begins to run, when an injury is inflicted." *Kennedy v. Ethicon, Inc.*, No. 5:20-cv-00185, 2020 WL 4050459, at *7 (E.D. Pa. July 20, 2020) (cleaned up). Under Pennsylvania's discovery rule, however, a cause of action begins to run when "a plaintiff knows, or, 'exercising reasonable diligence,' should have known that (1) . . . she was injured, and (2) that the injury was caused by another." *Id.* (quoting *Adams v. Zimmer US, Inc.*, 943 F.3d 159, 163 (3d Cir. 2019)). Commencement of the limitations period does not require a plaintiff to have "notice of the full extent of the injury, the fact of actual negligence, or precise cause." *Nicolaou v. Martin*, 195 A.3d 880, 893 (Pa. 2018) (cleaned up).

Plaintiff argues she had no reason to suspect her IVC filter could be the cause of her injuries until she saw a public health bulletin about IVC filters in September 2015. Before that time, "there were various explanations for her injuries, including the double-J catheters, the umbilical hernia, and prior bladder/kidney issues." (Filing No. 23851, Pl.'s Resp. at 4).

Based on the medical evidence before the court, Plaintiff's bladder/kidney issues arose because one of the prongs of her IVC filter had perforated her IVC and was impinging her right proximal ureter, necessitating the placement of a double-J catheter on August 11, 2009. (Plaintiff's Case Categorization Medical Records at 8). She was then taken to invasive radiology for removal of the filter, but because it was imbedded into the wall of her IVC, it could not be removed. (*Id.*). She therefore consented to an open surgery on August 28, 2009, to repair her hernia but also, more importantly, to repair her impinged ureter, where her surgeon extracted "the offending prong." (*Id.* at 10).

5

Although Plaintiff's hernia was addressed on the same day in the same operating room, they were separate procedures performed by different surgeons. (*See id*. at 8 ("The patient's umbilical hernia would be repaired at the same time, although these would essentially be separate procedure [sic].")). Plaintiff's umbilical hernia and the pain she experienced from the blocked double-J catheter were separate medical issues. Indeed, Plaintiff learned the catheter was blocked about five days *after* her August 28 open surgery. Thus, for Plaintiff to argue she had no reason to know her filter was the cause of her serious bladder/kidney issues is belied by her own medical records. No reasonable jury could find otherwise.

    C.    **Warranty and Consumer Fraud Claims**

Cook also argues Plaintiff's implied and express warranty claims are time-barred by Pennsylvania's four-year statute of limitations, 13 Pa. Cons. Stat. § 2725, and that Plaintiff's consumer fraud claim is inadequately pled. Plaintiff failed to respond to those arguments, resulting in waiver. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (holding the failure to respond to an argument results in waiver).

**III.**    **Conclusion**

For the reasons explained above, Cook's Motion for Judgment Pursuant to CMO-28 (Filing No. 23740) is **GRANTED**.

**SO ORDERED** this 7th day of November 2024.

                                                               RICHARD L. YOUNG, JUDGE
                                                               United States District Court
                                                                Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.