# Last Will and Testament

EXHIBIT A                    of

## JIMMY DEWAYNE FLIPPO

I, JIMMY DEWAYNE FLIPPO, of Bedford County, Tennessee, do make, declare, and publish this my last will and testament, hereby revoking all former wills and codicils.

### I. FIDUCIARIES

A.  <u>Executor</u>.  I appoint MARY ANN DILLON as the Executrix of my will.  If MARY ANN DILLON is unable to serve as the Executrix for any reason, then I appoint STEVEN FLIPPO as the alternate Executor.  I direct that no bond be required of MARY ANN DILLON and STEVEN FLIPPO for the faithful performance of their duties.  I further waive the filing of an inventory and accountings by the Executor.  Any reference in this will to Executor or Executrix shall include any successor Executor or Executrix, and shall be construed in the appropriate number and gender.

B.  <u>Trustee</u>.  I appoint STEVEN FLIPPO, as the Trustee of the trust hereunder.  I direct that no bond be required of him for the faithful performance of his duties.

### II. DEBTS, ADMINISTRATION EXPENSES AND TAXES

All of my lawful debts, including debts secured by a mortgage or other security instrument, my funeral expenses and the expenses of administration of my estate shall be paid by the Executor from my residuary estate as soon as practicable after my death.

The Executor shall pay all estate, inheritance, and other death taxes which shall become payable by reason of my death, whether in respect of property passing under this will or otherwise, from my

~~I give and bequeath the sum of $150.00 to my step-grandson, DEVIN ORR.~~ *J*

I give and bequeath my mother's antique chifferobe, to my daughter, KEISHA ORR. *My moms pie safe goes to*

## IV. RESIDUARY ESTATE *Steven Flippo* *J*

I give and bequeath all the remainder of my property, both real and personal, wherever situated and whenever acquired, whether before or after the execution of this will to MARY ANN DILLON, if she shall survive me. If MARY ANN DILLON shall not survive me, I direct my Executor to sell all of my real estate or personal property not specifically devised or bequeathed herein, and I give and bequeath all of my estate excluding property specifically devised or bequeathed herein to the Trustee herein named to be held in trust for LANDON ORR and McKENZIE ORR, according to the provisions stated herein:

A. The Trustee may pay to or for the benefit of the beneficiaries so much of the net income as the Trustee deems necessary or desirable for the health, education, maintenance, or support of the beneficiaries, and may incorporate any income not so disbursed into the principal of the share;.

B. The Trustee may encroach upon the principal of the Trust, at any time and from time to time, for the purpose of paying to or for the benefit of the beneficiaries any amounts the Trustee, in his sole discretion, deems necessary or desirable for the health, education, maintenance, or support of the beneficiaries.

C. The trust shall terminate when the youngest beneficiary attains the age of 21, and the remaining income and principal shall be distributed to the beneficiaries in equal shares. he share of any deceased beneficiary shall be distributes equally to the remaining beneficiaries.

2

## V. GENERAL TRUST PROVISIONS

A.  <u>Rule Against Perpetuities</u>.  Anything in this will to the contrary notwithstanding, the trust hereunder shall not continue beyond twenty-one (21) years after the death of the last to die of those beneficiaries who were living at the time of my death; and upon the expiration of such period, the trust shall terminate and the assets thereof shall be distributed absolutely to those parties (and in the same proportions) as are then receiving the income therefrom.

B.  <u>Distribution to a Minor or Incapacitated Beneficiary</u>.  During the minority or incapacity of any beneficiary to whom income or principal is payable under this will, the Trustee may make distribution any one or more of the following ways: (a) directly to such beneficiary such amount as he may deem advisable as an allowance; (b) to a custodian under a Transfers to Minors Act, including a custodian selected by the Trustee; (c) by expending such income or principal directly for the health, education, maintenance, or support of such beneficiary.  The Trustee shall have the power in his uncontrolled discretion to determine whether a beneficiary is incapacitated, and his determination shall be conclusive.

C.  <u>Spendthrift Provision</u>.  Neither the income nor principal of the trust hereunder, nor any share thereof, shall be pledged, assigned, transferred, sold, or in any manner whatsoever accelerated, anticipated, or encumbered by any beneficiary, nor shall any income or principal of the trust estate be in any manner subject to or liable in the hands of the Trustee for the debts, contracts, or engagements of any beneficiary or be subject to any assignment or any other voluntary or involuntary alienation or disposition whatsoever; but in all distribution of income or principal, the same shall be paid only to the beneficiary entitled, upon receipt of the beneficiary, or to others for his or her benefit as herein provided.

D.  <u>Reports</u>.  The Trustee is excused from making any accounting or report to any court regarding the administration of the

A. Disposition of Assets. I authorize my Executor and Trustee, including any substitute or successor personal representative or Trustee, without the order of any Court, to sell and convey any of my real estate or personal property not specifically devised or bequeathed herein or mentioned in a holographic codicil, at public or private sale, without the joinder of any beneficiary, in such manner, at such time and upon such terms and for such prices as may seem best; and on every sale of real estate the proceeds are to be deemed and treated as forming part of my personal estate. I authorize my Executor and Trustee, including any substitute or successor personal representative or Trustee, to execute any and all deeds, bills of sale, certificates of title, and any other documents or instruments necessary to effectuate or consummate any such sale or sales.

B. Discretionary Powers. The Executor and Trustee, including any substitute or successor personal representative or Trustee, in the exercise of a reasonable discretion with respect to all property, real and personal, at any time forming a part of my estate or the trust hereunder, may exercise any and all of the powers set forth in Tennessee Code Annotated Section 35-50-110, to the extent applicable, all of which provisions and powers are incorporated herein by reference (as set out in said statute on the date of the execution of this will), even if said statute be amended or repealed hereafter and even if my estate or the trust hereunder be administered in a state other than Tennessee. Without in any way limiting the foregoing, the Executor shall at all times during the administration of my estate be vested with all the powers, duties, and authority of the Trustee herein provided, and shall be authorized to make payments in the same manner and to the same extent as if he were acting as Testamentary Trustee.

## VII. CONTESTS

If any beneficiary of my will contests this will or any portion of this will personally or through an agent, any and all bequests made to said contesting beneficiary shall lapse and shall paid or distributed among

**STATE OF TENNESSEE**

**COUNTY OF BEDFORD**

Cindy K. Caffey _____ and
Adrian Bomar _____

being first duly sworn, make oath the foregoing Last Will and Testament of JIMMY DEWAYNE FLIPPO was signed by him as and for his Last Will and Testament, and at that time acknowledged, published and declared by him, to be his Last Will and Testament in the sight and presence of us, the undersigned, who at his request and in his sight and presence and in the sight and presence of each other subscribed our names as attesting witnesses on the 8th day of June, 2016, in Bedford County, Tennessee, and we further make oath that the Testator was of sound mind on said date and was more than eighteen (18) years of age, and that each of the witnesses was more than eighteen (18) years of age.

Cindy K. Caffey
Witness

Adrian Bomar
Witness

Sworn and subscribed to before me, this 8th day of June, 2016.

_____
NOTARY PUBLIC

My Commission Expires:

6/13/17

IN WITNESS WHEREOF, I have hereunto set my hand on this the __8__ day of __June__, 20__16__.

_____
JIMMY DEWAYNE FLIPPO

Signed by the said JIMMY DEWAYNE FLIPPO as and for his Last Will and Testament, in the presence of us, the undersigned, who at his request and in his sight and presence, and in the presence of each other, have subscribed our names as attesting witnesses, the day and date above written.

**ATTESTING WITNESSES:**

_Cindy K. Caffy_____

_Adrian Boman_____