# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE:  COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | Case No.: 1:14-ml-2570-RLY-TAB <br><br> MDL No. 2570 |

_____

This Document Relates:
Case No.: 1:19-cv—02384

Plaintiff: Barnes, Annette and Harry
        vs.

Defendant: Cook Medical

## MOTION TO SUBSTITUE PERSONAL REPRESENTATIVE FOR DECEASED PLAINTIFF

AND NOW, come Plaintiffs, Annette and Harry Barnes, by and through their undersigned attorneys, Peter D. Friday, Esquire and the law firm of Friday & Cox, L.L.C., and files the within Motion to Substitute Personal Representative for Deceased Plaintiff, the following of which is a statement:

### I.  FACTS AND PROCEDURAL HISTORY

1. The death of Annette Barnes, Plaintiff in the above action, occurred on July 28, 2024, during pendency of this action is noted upon the record.  *See*, Obituary attached hereto as Exhibit "A."

2. David K. Barnes was duly appointed as the Executor of Ms. Barnes' Estate on October 8, 2024 by the Register of Wills of Allegheny County, Pennsylvania.  *See*, Short Certificate attached hereto as Exhibit "B."

3.    Ms. Barnes was survived by her husband and co-Plaintiff, Harry Barnes, but their son, David K. Barnes, was appointed as Administrator of the Estate.

4.    Upon learning of Plaintiff's death, and the opening of Plaintiff's estate, Plaintiff filed with this Court a Suggestion of Death on December 11, 2024.

## II.  APPLICABLE PENNSYLVANIA LAW

5.    Pennsylvania's wrongful death statute codified at 42 Pa.C.S.A. § 8301.

6.    Under § 8301, the spouse, children and/or parents are entitled to pursue a personal wrongful death claim to "recover damages for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another if no recovery for the same damages claimed in the wrongful death action was obtained by the injured individual during his lifetime…"  *See*, 42 Pa.C.S.A. § 8301(a).

7.    According to Pennsylvania's wrongful death statute, prior actions for the same injuries are to be consolidated with the wrongful death claim so that there is no duplicate recovery.  *Id*.

8.    In *Hatwood v. Hospital of the University of Pennsylvania*, 55 A.3d 1229, 1235-1236 (Pa.Super 2012), appeal denied 65 A.3d 414 (Pa. 2013), the Pennsylvania Superior Court described the ambit of the wrongful death statute:

> The purpose of the Wrongful Death Statute, 42 Pa.C.S. § 8301, is to compensate "the decedent's survivors for the pecuniary losses they have sustained as a result of the decedent's death.... This includes the value of the services the victim would have rendered to his family if he had lived." ... A wrongful death action does not compensate the decedent; it compensates the survivors for damages which they have sustained as a result of the decedent's death.

> Under the wrongful death act the widow or family is entitled, in addition to costs, to compensation for the loss of the contributions decedent would have made for such items as shelter, food, clothing, medical care, education, entertainment, gifts and recreation.

 (citing *Machado v. Kunkel*, 804 A.2d 1238, 1245–1246 (Pa.Super. 2002), appeal denied, 819 A.2d 547 (Pa. 2003), quoting *Linebaugh v. Lehr*, 505 A.2d 303, 304–305, (Pa.Super. 1986))

9.      According to Pa.R.Civ.P. 2202, a cause of action for wrongful death must be brought by the personal representative of the decedent and for the benefit of the enumerated wrongful death beneficiaries.

10.      "Personal representative" is defined as the executor or administratrix of the estate. See, Pa.R.Civ.P. 2201.

11.      Pursuant to 42 Pa.C.S.A. § 8302, "[a]ll causes of action or proceedings, real or personal, ***shall survive the death of the plaintiff*** or of the defendant, or the death of one or more joint plaintiffs or defendants." (emphasis added)

12.      In *Frey v. Pennsylvania Elec. Co.*, 607 A.2d 796, 798 (Pa.Super. 1992), appeal denied 614 A.2d 1142 (Pa. 1992), the Pennsylvania Superior Court described in detail the purpose of a survival action brought pursuant to Section 8302:

> The survival action has its genesis in the decedent's injury, not his death. In the survival action, the decedent's estate sues on behalf of the decedent, upon claims the decedent could have pursued but for his or her death. The recovery of damages stems from the rights of action possessed by the decedent at the time of death…In other words, the survival action simply continues, in the decedent's personal representative, the right of action which accrued to the deceased at common law…The measure of damages in a survival action is the decedent's pain and suffering prior to death and loss of gross earning power from the date of injury until death, less the probable cost of maintenance as proved by evidence and any amount awarded for wrongful death.

*Id.*, (citing *Nye v. Com., Department of Transportation*, 480 A.2d 318 (Pa.Super. 1984), and *Krock v. Chroust*, 478 A.2d 1376 (Pa.Super. 1984))

13.     An action that survives the decedent must be brough by the decedent's personal representative; as such, an estate cannot be a party to the action unless there is in fact a personal representative. *Salvadia v. Ashbrook*, 923 A.2d 436, 439-440 (Pa.Super. 2007). (citing *Marzella v. King*, 389 A.2d 659, 660–61 (Pa.Super. 1978))

## III.  ARGUMENT

14.     Pennsylvania law provides for two avenues of recovery upon the death of a plaintiff, that being a survival action and wrongful death action.

15.     Plaintiff's proposed substitution would name David K. Barnes as the executor of the estate of Annette Barnes, as Plaintiff in the case *sub judice*.

16.     Because a personal representative is required to pursue both a wrongful death and survival action under Pennsylvania law, and because David K. Barnes is the personal representative of Ms. Barnes' estate, Plaintiff respectfully requests that this Honorable Court enter an Order granting Plaintiffs' Motion and substituting the estate of Ms. Barnes as the Plaintiff herein.

## IV.  CONCLUSION

17.     For the reasons stated above, Plaintiffs respectfully request that this Honorable Court grant Plaintiffs' Motion to Substitute.

WHEREFORE, Plaintiffs, Annette Barnes and Harry Barnes, respectfully request that this Honorable Court enter an Order substituting David K. Barnes, as the executor of the estate of Annette Barnes in this matter.

Respectfully submitted,


By:   /s/ Peter D. Friday
Peter D. Friday, Esquire
pfriday@friaylaw.com
Attorney for Plaintiff
PA I.D. # 48746

## CERTIFICATE OF SERVICE

I hereby certify on the 2nd day of January, 2025 that a copy of the foregoing ***MOTION TO SUBSTITUE PERSONAL REPRESENTATIVE FOR DECEASED PLAINTIFF*** was served upon the following, by ECF Filing:

All Counsel Upon Record

Friday & Cox LLC

Respectfully submitted,

By:  */s/ Peter D. Friday*
Peter D. Friday, Esquire
pfriday@fridaylaw.com
Attorney for Plaintiff
PA I.D. # 48746

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE:  COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | Case No.: 1:14-ml-2570-RLY-TAB |
| | MDL No. 2570 |

This Document Relates:
Case No.: 1:19-cv—02384

Plaintiff: Barnes, Annette and Harry
                   vs.

Defendant: Cook Medical

**ORDER OF COURT**

AND NOW, this _____ day of _____, 2025, it is hereby ORDERED that Plaintiffs'

Motion to Substitute Personal Representative for Deceased Plaintiff is GRANTED. The amended

caption shall read as follows:

IN RE:  COOK MEDICAL, INC., IVC FILTERS          Case No.: 1:14-ml-2570-RLY-TAB
MARKETING, SALES PRACTICES AND                   MDL No. 2570
PRODUCT LIABILITY LITIGATION

_____

This Document Relates:
Case No.: 1:19-cv—02384

Plaintiff: DAVID K. BARNES, as Executor of
the Estate of ANNETTE BARNES, deceased and
HARRY BARNES, individually


vs.


Defendant: Cook Medical



                                        BY THE COURT:


                                        _____