UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND                 Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                  MDL No. 2570

This Document Relates Only to the Following Cases:

Halatek, Julie and Robert - 1:15-cv-00595

**DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFFS JULIE AND ROBERT HALATEK'S CASE PURSUANT TO CMO-28**

Under Federal Rule of Civil Procedure 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment on the pleadings in Plaintiffs' case as time-barred under the North Carolina statute of repose.

1. Plaintiffs' Names:  Julie and Robert Halatek

2. Case Number:  1:15-cv-00595

3. Case Origin:  Southern District of Indiana

4. Plaintiff's Home State per Complaint: North Carolina (Plaintiff's current residence, residence at the time of implant, and residence at time of alleged injury)

5. Applicable Choice of Law Rules:  North Carolina

6. Applicable Statute of Repose:  N.C. Gen. Stat. § 1-50(a) ("No action for the recovery of damages for personal injury, death, or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of the initial purchase for use or consumption."[1])

7. Filter Placement Date (latest possible date of purchase): November 26, 2008

8. Filing Date:  April 14, 2015

---

[1] N.C. Gen. Stat. § 1-50(a) was repealed effective October 9, 2009, and a new version was codified as N.C. Gen. Stat. § 1-46.1 for products sold on or after that date.

1

    9.    <u>Length of Time Between Purchase and Filing</u>:  6 years, 7 months, 12 days

## BRIEF ARGUMENT

North Carolina's six-year statute of repose for product liability actions bars all of Plaintiffs' claims.[2] *See* N.C. Gen. Stat. § 1-50(a) (2008). Although the North Carolina legislature has extended the repose period to twelve years, *see* N.C. Gen. Stat. § 1-46.1 (2010), this longer repose period only applies to cases in which the product at issue was "initial[ly] purchase[d] for use or consumption" on or after October 1, 2009. *DeVito v. Biomet, Inc.*, 2024 WL 1289805, at *3 (E.D.N.C. 2024) (citation omitted); *see also Robinson v. Bridgestone/Firestone N. Am. Tire, L.L.C.*, 703 S.E.2d 883, 886-87 (N.C. 2011). Because Plaintiffs' filter was placed before October 1, 2009, they are not entitled to the extended twelve-year repose period.

This Court has ruled that North Carolina's six-year statute of repose applies to all claims involving filters sold in North Carolina before October 1, 2009, regardless of when the claimed injury occurred. *See* Dkt. 24870 (*Cunningham*) at 2 ("As Plaintiff received his Celect filter before October 1, 2009, the operative statutory period of repose is six years."); Dkt. 20384 (*Amey*) at 1-2 (explaining that the six-year statute of repose applied because the plaintiff received his filter in July 2009, even though plaintiff claimed that his injury did not occur until September 2019); Dkt. 15084 (*Wilson*) at 2 ("North Carolina courts have held that the enlargement of the repose period to 12 years did not have retroactive effect for claims involving products used prior to that time.").

---

[2] North Carolina's statute of repose completely bars all claims alleging personal injury from a product, no matter how the claim is styled or pled. *See Nat'l Prop. Inv'rs, VIII v. Shell Oil Co.*, 950 F. Supp. 710, 713 (E.D.N.C. 1996) ("All product liability claims, regardless of their nature, are subject to this statute."); *see also* Dkt. 15084 (granting judgment on the pleadings on North Carolina and Texas statute of repose grounds). Put simply, a statute of repose containing "'no action language' bars 'all claims. . .'" *Braswell v. Colonial Pipeline Co.*, 395 F. Supp.3d 641, 648 (M.D.N.C. 2019) (quoting *Hodge v. Harkey*, 631 S.E.2d 445, 449 (N.C. 1999)).

The rulings of this Court align with the holdings of multiple other courts, including decisions from federal courts in North Carolina.[3]

Applying this law here, all of Plaintiffs' claims are time-barred. In fact, this case presents nothing new for this Court to consider. Ms. Halatek received her filter on November 26, 2008—that is, while the six-year statute of repose was still in effect. Plaintiffs did not file this action until April 14, 2015. Plaintiff's claims are therefore untimely by over seven months and should be dismissed as a matter of law. *See, e.g.*, Dkt. 20384 (*Amey*); *Cramer*, 2021 WL 243872, at *4; *DeVito*, 2024 WL 1289805, at *3-4. Furthermore, no exception to this statute applies, as this Court has routinely rejected plaintiff arguments based on theories of latent-disease exception, waiver, equitable estoppel, or express warranty extension of the repose period. *See, e.g.,* Dkts. 22992, 22977, 22996, 24430, 24661, and 24868.

For the foregoing reasons, the Court should dismiss Plaintiffs' case with prejudice.

---

[3] *See, e.g.*, *Cramer v. Ethicon, Inc.*, 2021 WL 243872, at *4 (W.D.N.C. Jan. 25, 2021) ("[C]ourts applying North Carolina law have consistently applied [the] six-year statute of repose in cases where the product in question was first purchased or delivered, as here, before October 1, 2009."); *DeVito*, 2024 WL 1289805, at *3-4 (holding that the date of implant "is 'properly considered the date of initial purchase for use or consumption for the purpose of the statute of repose" and that the six-year statute of repose applied to bar plaintiff's claims (quoting *Fulmore v. Johnson & Johnson*, 581 F.Supp.3d 752, 756 (E.D.N.C. 2022)).

|  |  |
|---|---|
| | Respectfully submitted, |
| Dated: January 8, 2025 | /s/ *Jessica Benson Cox* |
| | Jessica Benson Cox |
| | Andrea Roberts Pierson |
| | FAEGRE DRINKER BIDDLE & REATH LLP |
| | 300 North Meridian Street, Suite 2500 |
| | Indianapolis, Indiana 46204 |
| | Telephone: (317) 237-0300 |
| | Andrea.Pierson@FaegreDrinker.com |
| | Jessica.Cox@FaegreDrinker.com |
| | |
| | James Stephen Bennett |
| | FAEGRE DRINKER BIDDLE & REATH LLP |
| | 110 West Berry Street, Suite 2400 |
| | Fort Wayne, Indiana 46802 |
| | Telephone: (260) 424-8000 |
| | Stephen.Bennett@FaegreDrinker.com |

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and Cook Group Incorporated.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2025, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFFS JULIE AND ROBERT HALATEK'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*