UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In re: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to
 Keltee, Roger William  1:17-cv-00303
 Lanzer, Jodi 1:17-cv-00069
 Papierski, Chester 1:17-cv-00434
 Ross, Cassandra 1:16-cv-02385

## MOTION TO RECONSIDER AND VACATE
## 1/15/25 ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiffs Roger Keltee, Jodi Lanzer, Chester Papierski, and Cassandra Ross, by counsel and pursuant to Fed. R. Civ. P. 59(e) and 60(b), move the Court to reconsider and vacate the January 15, 2025 Order (Doc. No. 26395 in Case 1:14-ml-2570) dismissing their claims without prejudice for failure to provide the Second Amended Case Categorization Forms to Defendants as required by CMO-4.

As explained in more detail in the attached affidavit and below, undersigned counsel and his law firm were not receiving notices regarding these cases and therefore were unaware of the Fifth Amended CMO-4, which is the reason that the Second Amended Case Categorization Forms were not filed. Undersigned counsel and his firm acknowledge that it was their excusable neglect that led to the failure to receive notices from the Court, and they *profusely apologize* for this situation. Counsel have taken steps to ensure that they will receive all communications from the Court in the future. Plaintiffs stand ready to immediately comply with Fifth Amended CMO-4. The harm to Plaintiffs from the dismissal of their claims significantly outweighs any potential prejudice to Defendants. Accordingly, Plaintiffs move the Court for reconsideration.

# BACKGROUND

Plaintiffs filed their complaints in late 2016 and early 2017 and immediately provided their Plaintiff Profile Sheets to Defendants:

| Plaintiff: | Complaint filed: | Plaintiff Profile Sheet sent to Defendants: |
| --- | --- | --- |
| Roger William Keltee | January 30, 2017 | March 22, 2017 |
| Jodi Lanzer | January 9, 2017 | February 17, 2017 |
| Chester Papierski | February 10, 2017 | February 14, 2017 |
| Cassandra Ross | September 6, 2016 | September 29, 2016 |

Plaintiffs continued to comply with Court orders and discovery requirements.

On May 8, 2019, the Court dismissed these four cases and 189 others without prejudice for failure to provide Case Categorization Forms or medical records to Defendants. (Doc. No. 10211, attached as Ex. A to Affidavit of Matthew White, attached.) Plaintiffs moved to reconsider and provided the Case Categorization Forms and medical records to Defendants. (*See* Doc. No. 11429.) Co-lead counsel for the Plaintiffs' Steering Committee, Ben Martin and Michael Heaviside, filed affidavits explaining that several MDL plaintiffs' counsel had not been receiving correspondence about the Case Categorization Order and the possibility of case dismissal for failure to comply. (Amen. Martin Aff., Doc. No. 11472; Heaviside Aff., Doc. No. 11421.) The failure to receive the messages occurred because of spam filter issues and an incomplete master listserv. (Heaviside Aff. ¶ 3.) Undersigned counsel and his firm were among those that were not receiving the necessary correspondence. (Amen. Martin Aff. ¶ 4 at p. 4.)

While the motions to reconsider were pending, in February 2020 undersigned counsel and his firm split from a long-standing office and employee sharing relationship with another firm. (Ex. 1: White Aff. p. 1.) This resulted in the loss of several key attorneys and paralegals who were involved with these cases. (*Id.*)

2

This Court entered an order reinstating these cases on March 12, 2020. (Doc. No. 13047.) Undersigned counsel and his firm did not receive the order and were not aware of the reinstatement. (Ex. 1: White Aff. p. 1.)

Undersigned counsel and his firm did not learn of the reinstatements until late September 2024. (*Id.* pp. 1-2 and Ex. C.) At that time, undersigned counsel's paralegal (Cathy Jones) checked an old email account of a former employee (Jacob Levy) on an unrelated matter and discovered email correspondence from Defendants' counsel, Faegre Drinker, inquiring about these cases. (*Id.*) Upon contacting Faegre Drinker, undersigned counsel learned of the reinstatement of these cases and of the Fifth Amended CMO-4, requiring additional information. (*Id.* p. 2.) Undersigned counsel and his firm immediately went to work to gather the required information. (*Id.*)

Undersigned counsel also began investigating why he and his firm had not received the reinstatement order or any other notices, filings, or correspondence regarding these cases. (*Id.*) Paralegal Cathy Jones contacted Laura Townsend, Deputy in Charge to Magistrate Judge Van T. Willis, and discovered that the wrong physical mailing address was associated with the firm, although the email addresses were correct. (*Id.* and Ex. D.) It appears that a filter had been blocking the email correspondence regarding these cases. (*Id.*)

On January 15, 2025, this Court entered the Order pursuant to Fed. R. Civ. P. 41 dismissing these cases, and others, without prejudice for failure to provide the Second Amended Case Categorization Forms. (Doc. No. 26395.) Upon learning of this Order, undersigned counsel contacted co-lead counsel for Plaintiffs, Ben Martin, and explained the situation. (Ex. 1: White Aff. p. 2.) Mr. Martin advised that lead counsel did not intend to move for relief from the Order,

but that they would support a motion for relief for these Plaintiffs based on the failure to receive notice. (*Id*.) This motion follows.

## ARGUMENT

Dismissal for failure to prosecute is an "extraordinarily harsh sanction" that should be reserved for "extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable." *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000) (reversing Rule 41 dismissal); *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011) (same); *Sroga v. Huberman*, 722 F.3d 980, 983 (7th Cir. 2013) (same). The Seventh Circuit has held that courts must consider the totality of the circumstances and several factors before exercising the harsh choice of dismissal, including: "the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents." *Kasalo*, 656 F.3d at 561.

Here, these factors weigh heavily in favor of allowing Plaintiffs' claims to proceed on their merits. Dismissal is usually appropriate only if there has been "long-standing or contumacious conduct," particularly a series of missed deadlines. *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000); *Sroga v. Huberman*, 722 F.3d 980, 983 (7th Cir. 2013) (reversing dismissal and noting plaintiff's "history of compliance" with other case requirements). Although these Plaintiffs' claims were dismissed once before, that dismissal resulted from failure to receive correspondence regarding the Case Categorization Order and from excusable neglect by counsel. (*See* Amen. Martin Aff., Doc. No. 11472; Heaviside Aff., Doc. No. 11421; Mot. to Reconsider,

4

Doc. No. 11429.) This Court granted the motion to reconsider and reinstated the cases. (Doc. No. 13047.) Undersigned counsel, however, did not receive the order of reinstatement or any later orders of the Court. (Ex. 1: White Aff.) Counsel fully accepts responsibility for the problem, which has now been rectified. (*Id.*) The end result is that there have been only two missed deadlines, and Plaintiffs have otherwise complied with the Court's orders and with discovery requirements.

Here, the fault for the missed deadlines falls entirely with Plaintiffs' counsel, not with the Plaintiffs themselves. Dismissal is particularly harsh, and less likely to be warranted, when the fault lies with the plaintiff's lawyer, rather than with the party. *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011) (reversing dismissal where "[m]ost strikingly, all of the errors appear to be the fault of" plaintiff's counsel rather than plaintiff); *compare Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994) (dismissal affirmed where plaintiff personally had a history of dilatoriness and then failed to appear at trial and lied about why he was missing).

In addition, before dismissing a case, plaintiff's counsel should receive an explicit warning that further failure to comply with court orders may result in dismissal. *Ball v. City of Chicago*, 2 F.3d 752, 755-56, 760 (7th Cir. 1993). Although a defendant's motion can serve that purpose, here undersigned counsel did not receive the Defendants' notice of noncompliance because of the overall problem of not receiving any notices or filings regarding these cases. (*See* Ex. 1: White Aff.)

Defendants have not stated any prejudice caused by the delay in providing the Second Amended Case Categorization Forms. (*See* Defs.' Notice of Noncompliance, Doc. No. 26084.) Defendants have already received extensive personal and medical information from Plaintiffs, including the earlier Case Categorization Forms. Plaintiffs' claims and allegations are serious and

5

meritorious, and they stand ready to provide the Second Amended Case Categorization Forms and otherwise continue to prosecute their claims.

More generally, Fed. R. Civ. P. 60(b) provides for relief from dismissal when there has been excusable neglect, including a missed filing deadline because of attorney negligence. *Robb v. Norfolk & W. Ry.*, 122 F.3d 354, 359 (7th Cir. 1997) (relying on *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380 (1993)). Here, undersigned counsel acknowledges that the fact he and his firm were not receiving notices in these cases is because of errors and problems with their own email system. (Ex. 1: White Aff.) Counsel has taken steps to ensure that he and his firm are now receiving notices and filings for these cases. *See Chapman v. Maytag Corp.*, CAUSE NO. IP 99-0039-C-F/D, 2000 U.S. Dist. LEXIS 8079, at *3 (S.D. Ind. Mar. 10, 2000) (relief granted where attorney assured "the Court that additional safeguarding procedures have been implemented to ensure that the mistake" in missing a deadline would not be repeated). Accordingly, relief is also warranted and proper pursuant to Rule 60(b).

## CONCLUSION

In balancing the equities, the ultimate sanction of dismissal of Plaintiffs' claims far outweighs any potential prejudice to Defendants by the delay in receipt of the Second Amended Case Categorization Forms. Undersigned counsel and his firm fully accept responsibility for the fact that they were not receiving notices regarding these cases, and they have corrected the problem. Plaintiffs respectfully move the Court to vacate its order of dismissal and reinstate Plaintiffs' cases in MDL 2570.

Respectfully submitted,

/s/ Matthew L. White
Matthew L. White
Gray & White Law
2301 River Road

6

Suite 300
Louisville, KY 40206
Phone: 502-866-3356
mwhite@grayandwhitelaw.com

**Counsel for Plaintiffs**

CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2025, the foregoing and attachments were filed electronically and notice will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ Matthew L. White