# EXHIBIT J

Confidential - Subject to the Protective Order

```
 1              UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF INDIANA
 2                  INDIANAPOLIS DIVISION
 3    --------------------------------§
      In Re:  COOK MEDICAL, INC., IVC  §
 4    FILTERS MARKETING, SALES         §Case No.
      PRACTICES AND PRODUCTS LIABILITY §1:14-cv-06016
 5    LITIGATIONS                      §-RLY-TAB
      -------------------------------- §
 6
                   IN THE CIRCUIT COURT OF THE
 7             SIXTH JUDICIAL CIRCUIT IN AND FOR
                    PINELLAS COUNTY, FLORIDA
 8
 9    -------------------------------- §
      ELIZABETH JANE HILL,             §
10        Plaintiff,                   §
      vs.                              §Case No.
11    COOK MEDICAL INCORPORATION a/k/a §1:14-cv-06016
      COOK MEDICAL, INC.; COOK         §
12    INCORPORATED and COOK GROUP,     §
      INC.,                            §
13        Defendants.                  §
      -------------------------------- §
14                        - - -
                      February 8, 2017
15                        - - -
16         Confidential - Subject to the Protective Order
              Videotaped deposition of MARK ZUZGA, DO, held
17        at Holiday Inn, 2580 Gulf to Bay Boulevard,
          Clearwater, Florida 33765, commencing at
18        3:03 p.m., on the above date, before Tami Cline,
          Registered Merit Reporter, Certified Realtime
19        Reporter, and Florida Professional Reporter.
20                        - - -
21             GOLKOW TECHNOLOGIES, INC.
            877.370.3377 ph | 917.591.5672 fax
22                  deps@golkow.com
23
24
```

Confidential - Subject to the Protective Order

Page 74

1  nobody told you about this off-label technique;
2  correct?
3    A.  Correct.
4       MS. PIERSON:  Object to form.
5  BY MR. HEAVISIDE:
6    Q.  Okay.  I know it's been awhile, but let's
7  just try to go through the medical reports regarding
8  your treatment of Elizabeth Hill.  Okay.
9    A.  Okay.
10            - - -
11       (Exhibit 23, 10/4/10 Mark Zuzga, DO Medical
12  Record, Bates No. W.Florida 2 - 3, was marked for
13  identification.)
14            - - -
15  BY MR. HEAVISIDE:
16    Q.  That's been marked Exhibit 23; right?
17    A.  Yes.
18    Q.  And this appears to be a letter from you to
19  Dr. Moreno; correct?
20    A.  Correct.
21    Q.  "I saw Elizabeth Hill in consultation today.
22  She presents for evaluation" --
23       THE COURT REPORTER:  I'm sorry?
24       ///

Page 75

1  BY MR. HEAVISIDE:
2    Q.  "She presents for evaluation of a temporary
3  IVC filter insertion."
4       Correct?
5    A.  Yes.
6    Q.  "Risks and benefits were discussed with
7  Elizabeth, including bleeding, thrombosis and need
8  for secondary procedure."
9       Correct?
10   A.  Yes.
11   Q.  So the risks that you discussed with
12  Mrs. Hill at that point in time were risks attendant
13  to the procedure, like bleeding or bruising or that
14  type of thing?
15       MS. PIERSON:  Object to form.
16       THE WITNESS:  That line actually means risks
17    and benefits meaning bleeding during with -- the
18    procedure, thrombosis of the cava, which filters
19    can cause, and need for secondary procedures.
20    That line covers pretty much putting the filter
21    in and long-term complications of filters in and
22    of themselves.
23  BY MR. HEAVISIDE:
24   Q.  Well, it covers the complications as known to

Page 76

1  you as conveyed to you by Cook; correct?
2       MS. PIERSON:  Object to form.
3       THE WITNESS:  No.  That's me and my 12 years
4    of practice knowing what the risk of filters are.
5    That's exactly why I put that line in every
6    patient that I see that I put a filter in.
7  BY MR. HEAVISIDE:
8    Q.  Did you discuss with Mrs. Hill the
9  possibility that the Cook filter would perforate the
10  IVC wall and penetrate into the duodenum?
11   A.  That specifically, no, probably -- not that I
12  recall.
13   Q.  Okay.  And she had no history of DVT, no
14  history of PE; right?
15   A.  Correct.
16   Q.  So then I think probably the next time you
17  saw her would have been to do the implant; right?
18   A.  Correct.
19   Q.  And that would have been November 17th of
20  2010.  I'll give you this Exhibit 24.
21            - - -
22       (Exhibit 24, 11/17/10 Interventional
23  Operative Report, Bates No. W.Florida 14 - 15 and
24  W.Florida 5, was marked for identification.)

Page 77

1            - - -
2  BY MR. HEAVISIDE:
3    Q.  All right.  Pardon me.  That's the next time
4  you saw her, 11/17/2010; right?
5    A.  Yes.
6    Q.  And you implanted the Cook Celect Filter as
7  for -- as per the cleared indication in the IFU?
8    A.  Correct.
9    Q.  And --
10       MS. PIERSON:  Just object to form.
11  BY MR. HEAVISIDE:
12   Q.  And you confirmed -- it says, "Completion
13  venogram showed proper placement without evidence of
14  migration."
15   A.  Yes.
16   Q.  Right?
17       So the conclusion was successful placement of
18  the temporary IVC filter without complication?
19   A.  Correct.
20   Q.  Is there a third page of that document you
21  have there?
22   A.  Yes.
23   Q.  Let me ask you about that.
24   A.  Yes.

Confidential - Subject to the Protective Order

Page 98

1    more questions.  There will undoubtedly be direct
2    questions.  Ms. Pierson will undoubtedly have
3    questions.  And so we are adjourning now to
4    subsequently reconvene.
5         MS. PIERSON:  We agree.
6         (Whereupon, the deposition concluded at
7    5:11 p.m.)

Page 99

1              C E R T I F I C A T E
2
3        I, Tami Cline, Registered Merit Reporter,
4    Certified Realtime Reporter, and Florida Professional
5    Reporter, do hereby certify that, pursuant to notice,
6    the deposition of MARK ZUZGA, DO was duly taken on
7    February 8, 2017, at 3:03 p.m. before me.
8         The said MARK ZUZGA, DO was duly sworn by me
9    according to law to tell the truth, the whole truth
10   and nothing but the truth and thereupon did testify
11   as set forth in the above transcript of testimony.
12   The testimony was taken down stenographically by me.
13   I do further certify that the above deposition is
14   full, complete, and a true record of all the
15   testimony given by the said witness.
16
17       _____
18         Tami Cline, RMR, CRR, FPR
19
20        (The foregoing certification of this
21   transcript does not apply to any reproduction of the
22   same by any means, unless under the direct control
23   and/or supervision of the certifying reporter.)
24

Page 100

1              INSTRUCTIONS TO WITNESS
2
3
4        Please read your deposition over carefully
5    and make any necessary corrections.  You should state
6    the reason in the appropriate space on the errata
7    sheet for any corrections that are made.
8
9        After doing so, please sign the errata sheet
10   and date it.  It will be attached to your deposition.
11
12       It is imperative that you return the original
13   errata sheet to the deposing attorney within thirty
14   (30) days of receipt of the deposition transcript by
15   you.  If you fail to do so, the deposition transcript
16   may be deemed to be accurate and may be used in
17   court.

Page 101

1              - - - - - -
2              E R R A T A
3              - - - - - -
4    PAGE  LINE  CHANGE
5    ____  ____  _____
6     REASON: _____
7    ____  ____  _____
8     REASON: _____
9    ____  ____  _____
10    REASON: _____
11   ____  ____  _____
12    REASON: _____
13   ____  ____  _____
14    REASON: _____
15   ____  ____  _____
16    REASON: _____
17   ____  ____  _____
18    REASON: _____
19   ____  ____  _____
20    REASON: _____
21   ____  ____  _____
22    REASON: _____
23   ____  ____  _____
24    REASON: _____