**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

---

In Re: COOK MEDICAL, INC.,
IVC FILTERS MARKETING, SALES
PRACTICES, AND PRODUCTS
LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

---

This Document Relates to:

All Actions

---

### [PROPOSED] SECOND AMENDED CASE MANAGEMENT ORDER NO:32: AMOUNT IN CONTROVERSY CERTIFICATION PROCESS

On review of the Court of Appeals' decision in *Sykes v. Cook Inc.*, 72 F.4th 195 (7th

Cir. 2023), and in consideration of that decision's potential impact on the jurisdiction of the

Court in many other cases, the Court finds that it has the authority and obligation to

implement a procedure to ensure that it has subject-matter jurisdiction in every case included

in this MDL.

1.       Within sixty (60) days of entry of this Order, each plaintiff in this MDL (1)

who is who has categorized his or her **ONLY** injury as a **Category 6** (Non-Symptomatic

Injury), a **Category 7(e)** (Symptomatic Penetration or Perforation), or **BOTH Category 6**

**and Category 7(e)** **not** alleging injury in **Category 7(c)** (filter fracture), **Category 7(j)**

(death), and/or **Category 7(k)** (open-removal and/or open heart surgery) and (2) who has **not**

already submitted an Amount in Controversy Certification Form pursuant to CMO-32 (Dkts.

25600 & 25741), must certify[1] whether the amount in controversy in that plaintiff's action

exceeds $75,000, exclusive of interests and costs.

---

[1] ~~To be clear, a plaintiff need not complete the Amount in Controversy Certification Form if he or she previously categorized his or her injury as a Category 6 or 7(e)~~ **in combination with** ~~a Category 3, 4, or 5 and/or a Category 7 subpart other than 7(e).~~

2.        Each applicable plaintiff shall provide the certification using the Amount in Controversy Certification Fillable PDF Form attached as **Exhibit A**. Counsel must sign and certify the Fillable PDF Form and save a copy when prompted.  Plaintiffs shall serve the completed forms on the Cook Defendants in accordance with the process set forth in Third Amended Case Management Order No. 6.

3.        Failure by a plaintiff to timely comply with this Order will result in a presumption that the plaintiff could not make a good-faith showing that the amount-in-controversy requirement has been met. Within thirty (30) days after the passage of the deadline in Paragraph 1 above, the Cook Defendants and the Plaintiffs' Steering Committee shall jointly submit to the Court a list of plaintiffs who have not complied with this Order. The Court will dismiss such cases for failure to prosecute under Federal Rule 41(b) by separate order.

4.        To address this jurisdictional issue in any cases filed in the future and included in this MDL, the Court has simultaneously amended Case Management Order No. 4 to require an amount-in-controversy certification in certain newly filed cases.  The purpose of that amendment is to establish a common 30-day deadline after filing in, or transfer to, the MDL for plaintiffs in any future cases to submit the Plaintiff Fact Sheet, categorization form and records, and the certification form in support of establishing the amount-in-controversy.  Plaintiffs' counsel are instructed to consider fully whether any future filter case meets **all** requirements of subject-matter jurisdiction before filing that case in federal court.  Failure to comply with this requirement may result in an order imposing reasonable costs and attorneys' fees.

**SO ORDERED** this _____ day of _____ 2025.

_____

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

---

[*Plaintiff Name*, Case Number]

---

### AMOUNT IN CONTROVERSY CERTIFICATION FORM

Plaintiff's Name: _____

Plaintiff's Case Number: _____

Plaintiff's Case Categorization: _____

Plaintiff and the undersigned counsel hereby certify as follows:

(1) Plaintiff's counsel reviewed Plaintiff's available medical records, billing records, and any expert reports;

(2) Plaintiff's counsel reviewed Case Management Order No. 32 and the Seventh Circuit Court's opinion in *Sykes v. Cook Inc.*, 72 F.4th 195 (7th Cir. 2023); and

(3) Plaintiff and Plaintiff's counsel discussed this case and the requirement to establish the $75,000 amount-in-controversy.

**Question 1:**

Upon review, Plaintiff has a good-faith basis to assert a claim for damages exceeding $75,000, exclusive of interests and costs: ☐ Yes ☐ No

**Question 2(a):** If Yes:

The medical and other evidence relied on to make this certification has been produced to the Cook Defendants or is being produced with this Certification Form: ☐ Yes ☐ No

**Question 2(b):**  If No:

Has Plaintiff submitted contemporaneously with this Certification a signed Stipulation of Dismissal using the form provided below? ☐ Yes ☐ No

The undersigned Plaintiff[1] declared under the penalty of perjury that the foregoing is true and correct.

Plaintiff's Name (printed): _____

Plaintiff's Signature: _____

The undersigned counsel declares under the penalty of perjury that the foregoing is true and correct.

Plaintiff's Counsel Name (printed): _____

Plaintiff's Counsel's Firm: _____

Plaintiff's Counsel's Signature: _____

**Please select the [icon] or [icon] Fill & Sign buttons on the toolbar to add your signature.**

---

[1] For cases where a spouse has asserted a loss of consortium claim, the signature should be provided by the primary Plaintiff who received the Cook filter.

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC., IVC
FILTERS MARKETING, SALES PRACTICES AND
PRODUCT LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:
[Plaintiff Name] – Case No. [Add]

## [FORM] STIPULATION OF DISMISSAL WITHOUT PREJUDICE

Pursuant to Case Management Order No. 32, and upon review of the Seventh Circuit Court's decision in *Sykes v. Cook Inc.*, 72 F.4th 195 (7th Cir. 2023), Plaintiff[s] in the above-captioned case[s] acknowledges that, based on review of the evidence, the amount in controversy in this matter does not exceed the jurisdictional threshold of $75,000, exclusive of interest and costs, as required for this Court's exercise of subject matter jurisdiction. *See* 28 U.S.C. § 1332(a).

Accordingly, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiff and the Cook Defendants stipulate to the dismissal of all claims in this action without prejudice for lack of subject-matter jurisdiction. Each party shall bear its own fees and costs.

[Note: Plaintiffs represented by the same law firm may file a single stipulation.]

Dated: _____ 2025 4

_____
Attorney Name
Firm Name
Address
Telephone:
Facsimile:
Email:

*Attorney For Plaintiff(s)*

_____
Andrea Roberts Pierson
Faegre Drinker Biddle & Reath LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
Email: andrea.pierson@faegredrinker.com

*Attorneys for Defendants*