UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to All Actions | |

**[PROPOSED] SEVENTH AMENDED CASE MANAGEMENT ORDER NO. 4
(PARTY PROFILE, FACT SHEET, AND CASE CATEGORIZATION PROTOCOL)**

This Order shall govern (1) all cases transferred to this Court by the Judicial Panel on Multidistrict Litigation, including those cases identified in the original Transfer Order and those subsequently transferred as tag-along actions; and (2) all cases directly filed in or removed to this MDL. It is **ORDERED** as follows:

1.  **Plaintiff Profile Sheets**

    a.  The parties have agreed upon the use of a Plaintiff Profile Sheet ("PPS") (**Exhibit 1**), including eight (8) releases, attached to this Order. The PPS shall be completed in each case currently pending, and in all cases that become part of this MDL by virtue of being filed in, removed to, or transferred to this Court.

    b.  Each Plaintiff in this MDL as of the date of the entry of the Second Amended Case Management Order No. 4 (December 16, 2016), shall submit a completed PPS to Defendants within sixty (60) days if the Plaintiff has not already provided a complete Plaintiff Profile Form ("PPF") and Plaintiff Fact Sheet ("PFS") under Case Management Order No. 4

1

[Filing No. 354] or Amended Case Management No. 4 [Filing No. 614]. In cases in which Plaintiffs have not served a completed PPF or PFS, each **Plaintiff shall submit a completed PPS to Defendants** within sixty (60) days of the entry (December 16, 2016) of the Second Amended Case Management Order No. 4 and, in future filed cases, **within thirty (30) days of the case becoming part of this MDL**. Every Plaintiff is required to provide Defendants with a PPS that is substantially complete in all respects, answering every question in the PPS, even if a Plaintiff can answer the question in good faith only by indicating "not applicable." The PPS shall be signed by Plaintiff under penalty of perjury. If a Plaintiff brings a lawsuit as a representative or in a derivative capacity, the PPS shall be completed by the person with the legal authority to represent the estate or person under legal disability. Consortium Plaintiffs shall also sign the PPS, attesting that the responses made to the loss-of-consortium-claim questions in the PPS are true and correct to the best of his or her knowledge, information, and belief, formed after due diligence and reasonable inquiry.

  c.  A completed PPS shall be considered interrogatory answers under Federal Rule 33 and responses to requests for production under Federal Rule 34, and it will be governed by the standards applicable to written discovery under Federal Rules 26 through 37. The interrogatories and requests for production in the PPS shall be answered without objection as to the question posed in the agreed upon PPS. This section does not prohibit a Plaintiff from withholding or redacting information from medical or other records provided with the PPS based on a recognized privilege. If information is withheld or redacted based on privilege, Plaintiff shall provide Defendants with a privilege log that complies with CMO No. 10.

d.      Contemporaneous with the submission of a PPS, each Plaintiff shall provide the Defendants with hard copies or electronic files of all medical records in their possession or in the possession of their attorneys or other representatives, including, but not limited to, the records that support product identification and the alleged injury.

e.      Contemporaneous with the submission of a PPS, each Plaintiff shall also produce signed authorizations, which allow counsel for Defendants to obtain medical, insurance, employment, Medicare/Medicaid, and Social Security records from any healthcare provider, hospital, clinic, outpatient treatment center, and/or any other entity, institution, agency, or other custodian of records identified in the PPS. The signed authorizations shall not be dated and the recipient line shall be left blank. These blank, signed authorizations constitute permission for counsel for Defendants to obtain the records specified in the authorizations from the records custodians. In the event an institution, agency or medical provider to which a signed authorization is presented refuses to provide responsive records, Plaintiffs' counsel shall resolve the issue with the institution, agency, or provider, such that the necessary records are promptly provided. Counsel for Defendants shall, within twenty (20) days of receipt of any such set of records, provide Plaintiff with hard copies or electronic files of all records received and shall invoice Plaintiff for the reasonable costs of reproducing hard copies of documents. The invoice shall be paid by Plaintiffs within thirty (30) days. If a Plaintiff does not respond to Question VIII.9. of the PPS (which would indicate Plaintiff is not pursuing a claim for emotional distress), then Defendants shall not order records of psychiatric or psychological treatment, mental health counseling, or other such records unless and until a case is moved into the discovery pool.

   f. Each Plaintiff shall immediately preserve and maintain, without deletions or alterations, any content of any personal webpage(s) or social media accounts currently held by them, including but not limited to, photographs, texts, links, messages and other postings or profile information that is relevant to the subject matter of this litigation. "Social media" includes, but it not limited to, Facebook, Myspace, LinkedIn, Friendster, and/or blogs. The Plaintiffs shall preserve this data by downloading it to a suitable storage device, by printing out copies on paper, or by other means consistent with law and court rules applicable to document and data preservation.

   g. If Defendants receive a PPS in the allotted time but the PPS is not substantially complete, Defendants' counsel shall send deficiency correspondence by e- mail and/or U.S. Mail to Plaintiffs' Lead Counsel and the Plaintiffs' individual representative counsel, identifying the purported deficiencies. Plaintiff shall have twenty (20) days from receipt to serve a PPS that is substantially complete in all respects. Defendants' correspondence shall include sufficient detail for the parties to meet and confer regarding the alleged deficiencies. Should a Plaintiff fail to cure the deficiencies identified and fail to provide responses that are substantially complete within twenty (20) days of service of the deficiency correspondence, Defendants may move for appropriate relief under Rule 37. Any such filing shall be served on Co-Lead counsel for the Plaintiffs, with any response to such filing to be submitted within ten (10) business days following the date of service. Any such filing should include the efforts the Defendants made to meet and confer regarding the alleged deficiencies in the PPS and failure to cure.

   h. Any Plaintiff who fails to comply with the PPS obligations under this Order

may, for good cause shown, be subject to sanctions, to be determined by the Court, upon motion of the Defendants.

  i. The PPS shall constitute the initial case-specific discovery response of Plaintiff and Defendants shall not serve on any Plaintiff any further case-specific discovery except by leave of court, unless the case is chosen as a discovery pool case.

**2. Case Categorization Forms**

Pursuant to the Court's Order on the Cook Defendants' Motion for Screening Order and Bellwether Plan (Filing No. 9322) and the Court's Order Regarding Case Categorization and Census (Filing No. 9638) (collectively with this Order, the "Court's Categorization Orders") the Court ordered Plaintiffs to categorize their cases in Categories Nos. 1-7 and submit specific medical records supporting categorization. Pursuant to the Court's Revised Second Amended Order Regarding Case Categorization Forms (Filing No. 10617): "**All Plaintiffs** in newly-filed actions in this MDL (filed as of May 3, 2019, or later), whether by direct filing of the Complaint in this MDL or by transfer into this MDL, **must categorize their cases using the form provided** in Filing No. 9638-1, **supported by specific medical documentation, and submit the same to the Cook Defendants and Plaintiffs' Leadership, within 30 days of the filing of the Complaint or of the transfer date to this MDL**, whichever is applicable." A copy of the Second Amended Case Categorization Form ("CCF") is attached hereto as **Exhibit 2**. The Court further **ORDERS**:

 A. Counsel must submit a CCF using the Fillable PDF Form attached as **Exhibit 2**.

   a. Counsel must sign and certify the Fillable PDF Form and save a copy when prompted.

5

    B. Submissions will only be accepted via the existing process under Third Amended CMO Order No. 6:

        a. Counsel shall upload the completed form and any required supporting documentation to: https://filetransfer.faegredrinker.com/bds/Send.do

        b. Counsel shall also e-mail Cook Defendants at CookFilterMDL@faegredrinker.com to notify that documents have been submitted.

**3. Evidentiary Submission in Support of Amount-in-Controversy Requirement for Subject-Matter Jurisdiction**

The Court entered Case Management Order No. 32 to address potential jurisdictional defects in cases filed in or transferred to this MDL consistent with the Seventh Circuit's ruling in *Sykes v. Cook Inc.*, 72 F.4th App 195 (7th Cir. 2023). Pursuant to Case Management Order No. 32, all Plaintiffs with cases already in the MDL not alleging injury in Category 7(c) (filter fracture), Category 7(j) (death), and/or Category 7(k) (open-removal and/or open heart surgery) are required to certify the amount-in-controversy requirement is met. *See* 28 U.S.C. § 1332. Thus, Plaintiffs who commence actions after the entry of Case Management Order No. 32 and who do not allege injury in Category 7(c) (filter fracture), Category 7(j) (death), and/or Category 7(k) (open-removal and/or open heart surgery) must provide the Amount-in-Controversy Certification Form attached as **Exhibit 3** within 30 days of commencement of their actions or of the transfer date to this MDL, whichever is applicable, along with the PPS and CCF materials required under this Order. The Court therefore **ORDERS**:

    A. Counsel must submit the Amount in Controversy Certification Form using the Fillable PDF Form attached as **Exhibit 3**.

        a. Counsel must sign and certify the Fillable PFD Form and save a copy when prompted.

    B. Submissions will only be accepted via the existing process under Third

Amended CMO Order No. 6:

    a. Counsel shall upload the completed form and any required supporting documentation to: https://filetransfer.faegredrinker.com/bds/Send.do

    b. Counsel shall also e-mail Cook Defendants at CookFilterMDL@faegredrinker.com to notify that documents have been submitted.

Plaintiffs who cannot make this evidentiary submission within 30 days must dismiss their cases without prejudice for lack of subject-matter jurisdiction.

**4.    Failure to Serve a PPS, CCF or Amount in Controversy Certification**

If a Plaintiff does not submit a PPS or CCF within the time specified in this Order and the Case Management Plan entered by the Court, Defendants may file a Notice of Non-Compliance as to the Plaintiff or Plaintiffs that did not comply. Before filing such a Notice, counsel for the Defendants shall serve written notice upon Plaintiffs' Lead Counsel and counsel for the Plaintiff at issue that a PPS or CCF has not been served and a Notice of Non-Compliance may be filed. If a PPS or CCF is not submitted within five (5) business days of receiving such written notice, Defendants may file the Notice of Non-Compliance. If Defendants file a Notice of Non-Compliance, Plaintiff must submit the PPS or CCF to Defendants at CookFilterMDL@FaegreDrinker.com. Plaintiffs should not file a response to Defendants' Notice of Non-Compliance. If Plaintiff does not resolve the deficiency within fourteen (14) days of the date on which the Notice of Non-Compliance is filed, Defendants may notify the Court and Plaintiff's case will be dismissed by the Court pursuant to Federal Rule 41 for failure to prosecute and for failure to comply with this Court's Order.

The noncompliance process outlined above, however, does not apply for failures to submit the amount-in-controversy certification form discussed in section 3 above. Failure to

make that submission will result in dismissal without prejudice immediately upon receiving a Notice of Non-Compliance by the Cook Defendants.

5. **Defendant Profile Forms**

    a. The Court previously has approved the use of the Defendant Profile Form ("DPF") (**Exhibit 4**) attached to this Order.

    b. For each Plaintiff in a currently filed (non-Bellwether) case that is part of the MDL as of the December 16, 2016, entry of Second Amended Case Management Order No. 4, the Defendants shall comply with the following schedule:

        1) The Defendants shall have sixty (60) days from the date of entry of Second Amended Case Management Order No. 4 ("date of entry") to serve a DPF in the one hundred (100) oldest non-Bellwether cases pending in the MDL to serve a DPF;

        2) One hundred five (105) days from the date of entry to serve a DPF in the next one hundred (100) oldest cases;

        3) One hundred fifty (150) days from the date of entry to serve a DPF in the next one hundred fifty (150) oldest cases;

        4) One hundred eighty (180) days from the date of entry to serve a DPF in the next one hundred fifty (150) oldest cases;

        5) Two hundred ten (210) days from the date of entry to serve a DPF in the next one hundred fifty (150) oldest cases;

        6) Two hundred forty (240) days from the date of entry to serve a DPF in the next one hundred fifty (150) oldest cases;

  7) Two hundred seventy (270) days from the date of entry to serve a DPF in the next two hundred (200) oldest cases;

  8) Three hundred (300) days from the date of entry to serve a DPF in the remaining cases pending at the time of entry; and

  9) Once the time for serving DPFs for all cases pending as of the date of entry of Second Amended Case Management Order No. 4 has passed, the **Defendants shall have** one hundred twenty (120) days from that point or **forty-five (45) days from the service of the PPS in each subsequently filed case**, whichever is later, **to serve their DPF.**

 c. Defendants are required to provide Plaintiffs with a DPF that is substantially complete in all respects, answering every question in the DPF, even if Defendant can answer the question in good faith only by indicating "not applicable." The DPF shall be signed by Defendants under penalty of perjury. The DPF shall constitute the initial case- specific discovery response of the Defendants and no Plaintiff shall serve upon any Defendant discovery that is case-specific unless the case is chosen as a discovery pool case except by leave of court.

 d. A completed DPF shall be considered interrogatory answers under Federal Rule 33 and responses to requests for production under Fed. R. Civ. P. 34, and it will be governed by the standards applicable to written discovery under Federal Rules 26-37. The interrogatories and requests for production in the DPF shall be answered without objection as to the question posed in the agreed upon DPF. This section does not prohibit a Defendant from withholding or redacting information provided with the DPF if based on a recognized

9

privilege. If information is withheld or redacted based on a privilege, Defendants shall provide Plaintiff with a privilege log that complies with CMO 10.

  e.  If a Defendant fails to timely submit a DPF, or submits within the allotted time a DPF that is not substantially complete, the Plaintiffs' lead counsel shall send a deficiency notice by e-mail and/or U.S. Mail to counsel for the Defendants, identifying the purported deficiencies. This correspondence shall include sufficient detail for the parties to meet and confer regarding the alleged deficiencies. Defendants shall have thirty (30) days from receipt of that correspondence to serve a DPF that is substantially comple§te in all respects. Should Defendants fail to cure the deficiencies identified and fail to provide responses that are substantially complete within thirty (30) days of service of the deficiency correspondence, Plaintiff may move for appropriate relief under Federal Rule 37. Any such filing shall be served on Co-Lead counsel for the Defendants, with any response to such filing to be submitted within ten (10) business days following the date of service. Any such filing should include the efforts the Plaintiff made to meet and confer regarding the alleged deficiencies in the DPF and failure to cure.

**6.**  **Defendant Fact Sheets**

  a.  The parties have agreed upon the use of a Defendant Fact Sheet ("DFS") (**Exhibit 5**), attached to this Order. **The DFS shall be completed only in matters that are currently set as part of a Discovery Pool, selected for Bellwether trial, or as directed by separate Order of the Court**. Defendants are required to provide Plaintiffs with a DFS that is substantially complete in all respects, answering every question in the DFS, even if a Defendant can answer the question in good faith only by indicating "not applicable." The

10

DFS shall be signed by Defendants under penalty of perjury.

      b.      A completed DFS shall be considered interrogatory answers under Federal Rule 33 and responses to requests for production under Federal Rule 34, and it will be governed by the standards applicable to written discovery under Federal Rules 26 through 37. Defendants may object to specific requests on proportionality grounds, but these objections must include specific information similar to a privilege log.

**7.      Failure to Serve a DFS**

      a.      In Discovery Pool or Bellwether cases set for trials, Plaintiffs may serve a notice of deficiency as outlined above and the parties shall meet and confer within five (5) business days of service of the deficiency letter. Plaintiffs may move for any appropriate relief under Federal Rule 37 but not sooner than ten (10) business days after the meet and confer. Any such filing shall be served on Co-Lead Counsel for the subject Defendants, with any response to such filing to be submitted within seven (7) business days following the date of service.

      b.      Any Defendant who fails to comply with the DFS obligations under this Order may, for good cause shown, be subject to sanctions, to be determined by the Court, upon motion of the Plaintiffs.

    c.

**SO ORDERED** this _____ day of _____ 2025.

                                                            _____
                                                            RICHARD L. YOUNG, JUDGE
                                                            United States District Court
                                                           Southern District of Indiana

Distributed Electronically to Registered Counsel of Record