UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to: All Actions | |

**COOK DEFENDANTS' MOTION TO ADOPT SECOND TULIP BELLWETHER PLAN (PROPOSED CASE MANAGEMENT ORDER # 34)**

The Cook Defendants respectfully move this Court to enter their proposed Case Management Order No. 34: Second Tulip Bellwether Plan (attached as **Exhibit A**) to establish a new bellwether-selection process for cases claiming a perforation injury and involving the Tulip filter. In support of the Motion, the Cook Defendants state:

1. On November 13, 2023, the Court granted summary judgment in favor of the Cook Defendants in the *Scott* bellwether case, which was the last bellwether case selected under the prior bellwether plan. *See* Dkt. 25053.

2. Ahead of the February 26, 2024, MDL hearing, the Cook Defendants proposed a new bellwether plan to the Plaintiffs' Steering Committee ("PSC"). This plan focused on selecting new bellwether cases for cases claiming a perforation injury and involving the Tulip filter.

3. At the February 26, 2024, MDL hearing, the parties discussed with the Court their preliminary positions on a new bellwether plan, including the need to account for (1) the jurisdictional issues stemming from the Seventh Circuit's *Looper* decision and (2) the parties' disagreements about *Lexecon* and its potential impact on the slate of cases available for a bellwether trial. The Court instructed the parties to meet and confer further on the next bellwether

1

plan: "But I'm sure there's some agreement that can be made between you after you meet and confer on all this . . . I think everybody knows what we need to do. You're going to meet and confer on some of these items as well." Feb. 26, 2024 Hearing Tr. at 52:3-4, 12-14, attached as **Exhibit B**.

4.  At the next MDL hearing on June 6, 2024, the parties updated the Court on their bellwether-plan discussion. The Court expressed its intent to push this MDL forward through additional bellwether trials, encouraged the parties to work towards a joint plan, and stated that it would rule on any issues if the parties could not agree. *See* June 6, 2024, Hearing Tr. at 60:13-61:1, attached as **Exhibit C**.

5.  The Court's instructions to the parties about moving the new bellwether-plan proposal forward were unequivocal: "So talk amongst yourselves and what you can agree to, you can agree to. What you can't, you can't. Let me know what you can't agree to. Submit me a proposal order and we'll go from there." *Id.* at 61:10-13.

6.  Since the June 2024 conference, the Court entered CMO-32 and CMO-33, which sought to resolve disagreements about the composition of the MDL and address jurisdictional concerns regarding the amount-in-controversy requirement for perforation cases.[1] Through multiple orders entered in December 2024, January 2025, and March 2025, the Court dismissed the cases of plaintiffs who did not comply with these orders. *See* Dkts. 26344, 26395, 26558, 26560.

7.  After meeting and conferring with Plaintiffs' counsel on several occasions since the June 6, 2024 conference, Cook revised its original proposed bellwether plan and formally proposed

---

[1] For reasons set forth in a separate motion (Dkt. 26849), the Cook Defendants have moved this Court to order an amount-in-controversy certification process for certain other types of cases that were not required to certify under CMO-32, as amended.

2

DMS_US.371225238.3

the revised version to the PSC on March 21, 2025. *See* Exhibit A.[2] The revised proposal included several changes from Cook's 2024 proposed plan made in the spirit of compromise. Specifically, the revised plan (1) limits selectable cases to those Tulip cases that were required to certify under CMO-32, ensuring that plaintiffs whose cases are selected as potential bellwether cases satisfy the jurisdictional amount-in-controversy requirement; (2) includes waiver and strike provisions addressing potential *Lexecon* objections; and (3) makes certain other adjustments based on requests made by the PSC in late 2024, such as including a larger bellwether pool and adjusting the number of cases worked up simultaneously in discovery.[3]

8.  Since sending the PSC the revised bellwether plan proposal on March 21, 2025, the Cook Defendants have not received a substantive counterproposal from the PSC. As the Cook Defendants understand the PSC's current position, the PSC no longer agrees that additional bellwether cases should be tried at all, despite the Court's stated intention that they should.

9.  Based on these exchanges, the Cook Defendants believe the parties have exhausted their meet-and-confer efforts, and the Cook Defendants file this motion pursuant to the Court's instructions at the June 6, 2024, MDL hearing (*see* Exhibit C).

For the foregoing reasons, the Cook Defendants respectfully request that this Court enter their proposed Case Management Order 34: Second Tulip Bellwether Plan (attached as **Exhibit A**).

Dated: May 22, 2025

Respectfully submitted,

*/s/ Andrea Roberts Pierson*
Andrea Roberts Pierson
Jessica Benson Cox

---

[2] The plan attached as Exhibit A is identical to the plan Cook proposed to the PSC except for an adjustment to the proposed timeframe for trial dates.

[3] The Cook Defendants did not agree to all terms proposed by the PSC's email but revised the plan after reviewing the PSC's comments, and asked to discuss the new proposed plan further if the PSC still had concerns with the revised draft.

> FAEGRE DRINKER, BIDDLE & REATH LLP
> 300 North Meridian Street, Suite 2500
> Indianapolis, Indiana 46204
> Telephone: (317) 237-0300
> Andrea.Pierson@faegredrinker.com
> Jessica.Cox@faegredrinker.com
>
> Bruce Jones
> FAEGRE DRINKER, BIDDLE & REATH LLP
> 90 South Seventh Street, Suite 2200
> Minneapolis, Minnesota 55402
> Telephone: (612) 766-7000
> Bruce.Jones@faegredrinker.com
>
> *Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2025, a copy of the foregoing document was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Andrea Roberts Pierson*

DMS_US.371225238.3