UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |
| This Document Relates to All Actions | |

**CASE MANAGEMENT ORDER #34**
**(SECOND TULIP BELLWETHER PLAN)**

To make further progress in this MDL and recognizing that the parties have not yet tried a Tulip case, the court issues the following Second Tulip Bellwether Plan, which sets forth the procedure for forming a pool of cases from which Tulip cases will be selected and set for trial dates in this MDL:

**I.     Bellwether Pool**

1.     The "Bellwether Pool" will consist of all Tulip plaintiffs who have categorized their cases as **ONLY Category 7(e) or BOTH Category 7(e) and Category 6**. As such, all cases eligible for this Bellwether Pool will have been subject to the requirements in CMO-32, as amended, regarding amount-in-controversy certification, and CMO-33, as amended, regarding updated case categorizations.[1] Plaintiffs who categorized in other categories (or other combinations of categories not listed here) were

---

[1] The court has entered orders dismissing cases where plaintiffs failed to comply with CMO-32 and CMO-33 under the applicable deadlines.

not required to certify the amount-in-controversy requirement under CMO-32 and are excluded from this Bellwether Pool.

2. Within twenty days of this Order, the Cook Defendants shall meet and confer with Plaintiffs' leadership regarding the Bellwether Pool case list and file an initial notice listing cases comprising the Bellwether Pool (hereafter, the "Bellwether Pool List").[2]

3. Within 30 days from the date the Bellwether Pool case list is filed pursuant to Paragraph 2 of this Order, Plaintiffs' Counsel are directed to conduct a thorough review of the cases on the list. The court reminds Plaintiffs of their obligations to prosecute their cases under Federal Rule 41, as well as their obligations under other applicable rules and orders, including CMO-28 and CMO-32, as amended, to ensure they are proceeding on a good-faith basis that their cases meet the requirements for federal jurisdiction and were timely filed under the applicable statute of limitations and/or statute of repose. If any plaintiff on the initial Bellwether Pool List does not wish to proceed because of concerns about the amount-in-controversy requirement, timeliness of filing, or any other issue, the court directs the plaintiff to dismiss his or her case voluntarily within 30 days from the date the Bellwether Pool case list is filed pursuant to Paragraph 2 of this Order.

---

[2] If there is a case eligible for inclusion in the Bellwether Pool where a plaintiff has agreed to settle his or her case with the Cook Defendants but has not yet dismissed his or her case, the case shall be excluded from the list submitted to the court.

4. Within 60 days from the date the Bellwether Pool case list is filed pursuant to Paragraph 2 of this Order, Plaintiffs' Counsel are also directed to supplement all plaintiff fact sheets, as needed, for any case on the Bellwether Pool List.

5. The parties shall thereafter jointly file the final Bellwether Pool List with the court within 60 days from the date the Bellwether Pool case list is filed pursuant to Paragraph 2 of this Order.

## II.   Discovery Pool and Bellwether Selection

6. Upon receipt of the parties' final Bellwether Pool List, the court will conduct a process to randomly select 8 cases from the Bellwether Pool List. Both Plaintiffs and the Cook Defendants will also randomly select 8 cases from the Bellwether Pool List. These 24 randomly selected cases will be the "Discovery Pool" cases.

7. Any plaintiff who wishes to assert a *Lexecon* objection should inform the PSC within 10 days of the court's selection of the Discovery Pool cases. Objections not made within 15 days of the court's selection of the Discovery Pool cases will be considered waived.

8. Plaintiffs and the Cook Defendants may each strike four cases form the Discovery Pool. Each side shall file their list of strikes with the court within 21 days of the court's selection of the Discovery Pool.

9. Within ten days after strikes are completed, the parties shall submit briefs of no more than six pages identifying the cases most representative of the Tulip Category 7(e) cases in the MDL from the remaining cases in the Discovery Pool. The court will select three cases to conduct case-specific and expert discovery.

10. Unless stipulated to by the parties, the court will not permit voluntary dismissal of Discovery Pool cases without a showing of exceptional circumstances. The court will consider imposing costs based on the circumstances and timing of the proposed dismissal of a Discovery Pool case. If any plaintiff in the Bellwether Pool wishes to dismiss his or her case without prejudice, they must do so before the court selects the Discovery Pool as set forth in Paragraph 3 above.

### III. The Bellwether Trial Plan

11. The parties will thereafter complete fact and expert discovery for the three Tulip Bellwether Cases selected for trial on parallel tracks.

12. The court will select two of the three cases for trial after completion of fact and expert discovery.

13. By separate order, the court will select two trial dates, each approximately three months apart. The court will reserve ten trial days for each trial. The first trial will be conducted during the first quarter of 2026. The second trial will be conducted during the second quarter of 2026.

14. In the event the first trial is dismissed after it has been set for trial, the second trial shall take place on the first trial date, unless dismissal is less than 90 days prior to trial. In the event the second trial is dismissed, another Tulip Bellwether will immediately be slotted in for the same trial date, unless dismissal is less than 90 days prior to trial.

15. Finally, the court will issue a scheduling order that sets forth case

management deadlines for the Tulip Bellwether Cases by a separate order.

**SO ORDERED** this 26th day of June 2025.

                                             RICHARD L. YOUNG, JUDGE
                                             United States District Court
                                             Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.