IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC.,
IVC FILTERS MARKETING, SALES      Case No. 1:14-ml-2570-RLY-TAB
PRACTICES AND PRODUCTS                  MDL No. 2570
LIABILITY LITIGATION

_____

This Document Relates to:

All Plaintiffs in Exhibit A

_____

**NOTICE OF NON-COMPLIANCE REGARDING
AMOUNT-IN-CONTROVERSY CERTIFICATION (CMO-32)**

PLEASE TAKE NOTICE that the Plaintiffs identified in **Exhibit A** have failed to submit Amount-in-Controversy Certification Forms. Each of these Plaintiffs has categorized his or her only injury or injuries as Category 6 (Non-Symptomatic Injury), Category 7(e) (Symptomatic Penetration or Perforation), or both Category 6 and Category 7(e) (the "Subject Categories").[1] Accordingly, pursuant to Sixth Amended Case Management Order No. 4 ("CMO-4"), *see* Dkt. 25716 at ¶ 3, and Amended Case Management Order No. 32 ("CMO-32"), *see generally* Dkt. 25741, each of these Plaintiffs must submit Amount-in-Controversy Certification Forms.

The deadline for each of these Plaintiffs to submit Amount-in-Controversy Certification Forms has expired. The Plaintiffs identified in **Exhibit A** have either filed their cases after CMO-32's adoption or re-categorized their cases to fall within CMO-32's requirements, requiring them to submit Amount-in-Controversy Certification Forms within 30 days of the qualifying event. *See* CMO-4, Dkt. 25716 at ¶ 3. Cook has provided written notice of noncompliance to the counsel for

---

[1] Per CMO-32, injuries categorized in Category 1 or Category 2 are ignored in determining whether the Plaintiff must submit an Amount in Controversy Certification Form. *See* CMO-32, Dkt. 25741 at ¶ 1 n.1.

the Plaintiffs at issue, informing them that their cases would be included on a Notice of Noncompliance if Amount-in-Controversy Certification Forms were not submitted within seven days of the correspondence. Despite these written notices, the Plaintiffs identified in **Exhibit A** have still not submitted Amount-in-Controversy Certification Forms.

The Plaintiffs listed in **Exhibit A** have failed to certify that the amount in controversy in their respective cases exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs, as is required for the Court to exercise subject-matter jurisdiction. *See* 28 U.S.C. § 1332(a). These cases are therefore subject to immediate dismissal without prejudice pursuant to Rule 41. *See* CMO-4, Dkt. 25716 at ¶ 4; CMO-32, Dkt. 25741 at ¶ 3.

Dated: July 28, 2025

    Respectfully submitted,

    */s/ Jessica Benson Cox*
    Andrea Roberts Pierson
    Jessica Benson Cox
    FAEGRE DRINKER BIDDLE & REATH LLP
    300 North Meridian Street, Suite 2700
    Indianapolis, Indiana 46204
    Telephone:	(317) 237-0300
    Facsimile:	(317) 237-1000
    andrea.pierson@faegredrinker.com
    jessica.cox@faegredrinker.com

    James Stephen Bennett
    FAEGRE DRINKER BIDDLE & REATH LLP
    110 W. Berry Street, Suite 2400
    Fort Wayne, Indiana 46802
    Telephone:	(260) 424-8000
    Facsimile:	(260) 460-1700
    stephen.bennett@faegredrinker.com

    *Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, Cook Group Incorporated, and William Cook Europe ApS*

## **CERTIFICATE OF SERVICE**

I certify that on July 28, 2025, a copy of the foregoing was filed electronically. Parties may access this filing through the Court's electronic records system.

*/s/ Jessica Benson Cox*
Jessica Benson Cox
