UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

—————————————————————————

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND           Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION          MDL No. 2570

—————————————————————————

This Document Relates Only to the Following Cases:

Young, Kelvin – 1:24-cv-00417

—————————————————————————

### DEFENDANTS' MOTION FOR JUDGMENT
### IN PLAINTIFF KELVIN YOUNG'S CASE PURSUANT TO CMO-28

Under Federal Rule of Civil Procedure 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook

Defendants move for judgment on the pleadings in Plaintiff's case as time-barred under the North

Carolina statute of repose.

1.  <u>Plaintiff's Name</u>: Kelvin Young

2.  <u>Case Number</u>: 1:24-cv-00417

3.  <u>Case Origin</u>: Southern District of Indiana

4.  <u>Plaintiff's Home State per Complaint</u>: North Carolina (Plaintiff's current residence, residence at the time of implant, and residence at the time of alleged injury)

5.  <u>Applicable Choice of Law Rules</u>: North Carolina

6.  <u>Applicable Statute of Repose</u>: N.C. Gen. Stat. § 1-46.1 ("No action for the recovery of damages for personal injury, death, or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than 12 years after the date of the initial purchase for use or consumption.").

7.  <u>Filter Placement Date (latest possible date of purchase)</u>: April 6, 2011

8.  <u>Filing Date</u>: March 5, 2024

9.  <u>Length of Time Between Purchase and Filing</u>: 12 years, 10 months, 30 days

## **BRIEF ARGUMENT**

North Carolina's twelve-year statute of repose for product liability actions bars all of Plaintiff's claims. *See* N.C. Gen. Stat. § 1-46.1. North Carolina's statute of repose completely bars all claims alleging personal injury from a product no matter how the claim is styled or pled. *See Nat'l Prop. Inv'rs, VIII v. Shell Oil Co.*, 950 F. Supp. 710, 713 (E.D.N.C. 1996) ("All product liability claims, regardless of their nature, are subject to this statute."); *see also* Dkt. 15084 (granting judgment on the pleadings on North Carolina and Texas statute of repose grounds). Put simply, a statute of repose containing "'no action language' bars 'all claims. . . .'" *Braswell v. Colonial Pipeline Co.*, 395 F. Supp. 3d 641, 648 (M.D.N.C. 2019) (quoting *Hodge v. Harkey*, 631 S.E.2d 445, 449 (N.C. 1999)). The repose period begins to run on "the date of initial purchase for use or consumption." N.C. Gen Stat. § 1-46.1(1)).

This Court has dismissed multiple cases as time-barred by North Carolina's statute of repose. *See, e.g.,* Dkt. 24606 (*Sisco*), Dkt. 24430 (*Al-Natoor*), Dkt. 20384 (*Amey*); Dkt. 15084 (*Wilson*). These rulings are consistent with North Carolina's application of N.C. Gen. Stat. § 1-46.1. *See, e.g.*, *Cramer v. Ethicon, Inc.*, 2021 WL 243872, at *6 (W.D.N.C. Jan. 25, 2021) (explaining that plaintiff's claims would have been barred by both the six-year and twelve-year statute of repose because the product was implanted more than thirteen years before the commencement of the action). No exceptions to the statute apply here, as this Court has consistently rejected plaintiffs' arguments based on theories of latent disease exception, fraudulent concealment/equitable estoppel, and waiver of statute of response by extension of express warranty. *See, e.g.*, Dkts. 22992, 22977, 22996, 24430, 24661, 24868. Further, this Court has dismissed ***as to all MDL plaintiffs*** their claims of fraudulent concealment (Dkts. 25587, 25588, 25589) and breach of express warranty (Dkt. 25387).

2

Applying this law here, all of Plaintiff's claims are time-barred under the twelve-year statute of repose. Plaintiff received his filter on April 6, 2011.[1] Plaintiff failed to file his action until March 5, 2024 – nearly thirteen years after the date of purchase. Plaintiff's claims are therefore untimely by over 10 months and should be dismissed as a matter of law. *See* Dkt. 24606 (*Sisco*); Dkt. 20384 (*Amey*); *Cramer*, 2021 WL 243872, at \*4.

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

                                              Respectfully submitted,

Dated: September 4, 2025                       /s/  Andrea Roberts Pierson
                                              Andrea Roberts Pierson
                                              Jessica Benson Cox
                                              FAEGRE DRINKER BIDDLE & REATH LLP
                                              300 North Meridian Street, Suite 2500
                                              Indianapolis, Indiana 46204
                                              Telephone: (317) 237-0300
                                              Andrea.Pierson@FaegreDrinker.com
                                              Jessica.Cox@FaegreDrinker.com

                                              James Stephen Bennett
                                              FAEGRE DRINKER BIDDLE & REATH LLP
                                              110 West Berry Street, Suite 2400
                                              Fort Wayne, Indiana 46802
                                              Telephone: (260) 424-8000
                                              stephen.bennett@FaegreDrinker.com

                                              *Attorneys for Defendants Cook Incorporated,*
                                              *Cook Medical LLC, and William Cook Europe*
                                              *ApS*

---

[1] For medically implanted devices, the purchase date can be no later than the date of implant. *See DeVito v. Biomet, Inc.*, 2024 WL 1289805, at \*3-4 (E.D.N.C. 2024) (holding that the date of implant "is 'properly considered the date of initial purchase for use or consumption for the purpose of the statute of repose'" and that the statute of repose applies to bar plaintiff's claim (quoting *Fulmore v. Johnson & Johnson*, 581 F. Supp. 3d 752, 756 (E.D.N.C. 2022)).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 4, 2025, a copy of the foregoing **DEFENDANTS'**
**MOTION FOR JUDGMENT IN PLAINTIFF KELVIN YOUNG'S CASE PURSUANT TO**
**CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties
by operation of the Court's electronic filing system to CM/ECF participants registered to receive
service in this matter. Parties may access this filing through the Court's system.

<em>/s/ Andrea Roberts Pierson</em>