UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

This Document Relates Only to the Following Case:

Voris, Christopher - 1:24-cv-00194

**DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF CHRISTOPHER VORIS'S CASE PURSUANT TO CMO-28**

Under Fed. R. Civ. P. 12(c) and CMO-28 (Dkt. 14601, ¶¶ 4-7), the Cook Defendants move for judgment in Plaintiff's case as time-barred under Texas's applicable statute of repose.

1. <u>Plaintiff's Name</u>:  Christopher Voris

2. <u>Case Number</u>:  1:24-cv-00194

3. <u>Case Origin</u>:  Filed in the Eastern District of Texas

4. <u>Plaintiff's Home State per Complaint</u>: Texas (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. <u>Applicable Statute of Repose</u>:  Texas (15 years), Tex. Code. Ann. § 160.12(b) ("Except as provided by Subsections (c), (d), and (d-1), a claimant must commence a product liability action against a manufacturer or seller of a product before the end of 15 years after the date of the sale of the product by the defendant").

6. <u>Placement Date (latest possible date of purchase)</u>:  February 4, 2008

7. <u>Filing Date</u>:  January 29, 2024

8. <u>Length of time Between Filter Placement and Filing</u>:  15 years, 11 months, 25 days

**BRIEF ARGUMENT**

Texas law bars Plaintiff's claims because Plaintiff filed his action more than 15 years after the initial sale of his filter, a sale that could not have occurred any later than the date of the filter's placement. *Dalfrey v. Boss Hoss Cycles, Inc.*, 456 F. App'x 329, 333 (5th Cir. 2011) ("[T]he relevant 'date of sale' under the Texas products liability statute of repose is the date of first sale regardless of whether that sale is to a consumer."). Accordingly, the statute acts a complete bar against Plaintiff's claims. *See Brown v. Paccar Inc.*, 2024 WL 4860789, at *6 (E.D. Tex. Nov. 21, 2024) ("If . . . a plaintiff does not bring a claim within that fifteen-year period, the statute forbids the action.").

Plaintiff received his filter on February 4, 2008, but did not file this action until January 29, 2024—nearly sixteen years later. Plaintiff's claims are therefore untimely by over eleven months, and the Court should dismiss them as a matter of law. *See, e.g.,* Dkt. 24894 (*Papillion*); *Langston v. Ethicon Inc.*, 2021 WL 6198218, at *7 (N.D. Tex., Dec. 31, 2021). This Court has dismissed multiple cases as time-barred under Texas's statute of repose under similar circumstances. *See, e.g.,* Dkts. 4918, 14426, 24602 (*Williams*), 24892 (*Molina*), and 24894 (*Papillion*). These rulings are consistent with Texas's application of Tex. Code. Ann. § 160.12(b), which "provide[s] a definitive date beyond which an action cannot be filed." *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867-68 (Tex. 2009).

While the Texas statute of repose contains exceptions for express warranty[1] and latent disease,[2] neither exception applies here. First, as this Court has already held, the "generic, nonspecific, and conclusory allegations" of the Master Complaint that Plaintiff relies on[3] do not bring him within the express warranty exception. *Langston*, 2021 WL 6198218, at *7. Second, again as this Court has held, the "plain language of § 16.012(d) establishes the [latent disease] exception does not apply to medical device cases." Dkt. 24602 (*Williams*); *see Brown v. Exactech, Inc.*, 376 F. Supp. 3d 811, 817 (E.D. Tenn. 2019) (applying Texas law) ("Medical device cases are not the prototypical latent injury situation.").

For these reasons, the Court rejected plaintiffs' arguments for application of the express warranty and latent disease exceptions. *See, e.g.*, Dkt. 4918 (holding that the Plaintiffs' Master

---

[1] Tex. Code. Ann. § 160.12(c) permits a plaintiff to commence an action more than 15 years after sale of the product "[i]f the manufacturer or seller expressly warrants in writing that the product has a useful safe life of longer than 15 years."
[2] Tex. Code. Ann. § 160.12(d) provides an exception when the "claimant's exposure to the product caused the claimant's disease that is the basis of the action . . ."
[3] Plaintiff has not supplemented his Short-Form Complaint with any case-specific express-warranty allegations, instead relying on the allegations of the Master Complaint that this Court has already held insufficient.

Complaint fails to adequately plead an express-warranty claim under Texas law); Dkt. 24602 (*Williams*) (the "plain language of § 16.012(d) establishes the exception does not apply to medical device cases"). Further, this Court has dismissed ***as to all MDL plaintiffs*** their claims of fraudulent concealment (Dkts. 15907, 25587, 25588, and 25589) and breach of express warranty (Dkt. 25387).

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

Dated:  September 15, 2025

/s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2025, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF CHRISTOPHER VORIS'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Jessica Benson Cox*