IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

| | |
|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

_____

This Document Relates to All Actions

_____

**PLAINTIFFS' MOTION TO MODIFY CASE MANAGEMENT ORDER NO. 34 TO EXCLUDE DECEASED PLAINTIFFS FROM BELLWETHER POOL <u>AS NON-REPRESENTATIVE CASES</u>**

**I.    INTRODUCTION**

Bellwether trials serve a critical role in Multidistrict Litigation ("MDL") by testing representative cases that provide meaningful information on liability and damages, information that can then be applied to the broader pool of consolidated cases. That purpose is frustrated when cases selected for bellwether trials are not representative of the litigation as a whole and thereby undermine both the efficiency and the due process safeguards that bellwether trials are designed to protect.

In *In Re: Cook IVC Filter MDL*, Case Management Order No. 34 (Second Tulip Bellwether Plan) identifies as eligible for the Bellwether Pool plaintiffs who categorized their cases as only Category 7(e) or both Category 7(e) and Category 6. Plaintiffs respectfully request that the Court modify CMO #34 to exclude from the Bellwether Pool those plaintiffs who were alive at the time of filing but have since passed away from causes unrelated to the Gunther Tulip filter, as such cases constitute outliers that cannot fulfill the representativeness requirement recognized by the Manual for Complex Litigation and multiple federal appellate courts.

1

Such cases no longer serve the representative function of a bellwether trial. In this MDL, claims for damages rest heavily on testimony from the injured plaintiff regarding pain and suffering, etc. When the injured plaintiff is deceased, that evidence must come from alternative sources such as friends, family members, healthcare providers or medical records. These cases therefore represent only a narrow and unrepresentative subset of claims and cannot reliably guide the resolution of hundreds of living plaintiffs.

## II.   ARGUMENT

A. **The Purpose of Bellwether Trials Requires Representativeness.**

For bellwether cases to produce reliable information about other mass tort cases, the specific plaintiffs and their claims should be representative of the range of cases. *Manual for Complex Litigation (FJC)* §22.315. The more representative the test cases, the more reliable the information about similar cases will be. *Id.* Without sufficient confidence in the similarity of the case facts, no inferences may be drawn that would form the basis for applying such results to remaining cases or claims. *See, Polansky v. Executive Health Resources, Innc.*, 30n0 F. Supp. 3d 658, 662 (E.D. Pa. 2018)

When bellwether cases are representative of the broader range of cases in the MDL, the cases can provide the parties and court with information on the strengths and weaknesses of various claims and defenses and the settlement value of cases. *In re Chevron U.S.A., Inc.,* 109 F.3d 1016,1019-1020 (5th Cir. 1997).; *Polansky*, 300 F. Supp. 3d at 662. In *In re Chevron U.S.A.*, the Fifth Circuit rejected a trial plan in which thirty plaintiffs—fifteen hand-picked by each side as the "best" and "worst" cases—were slated to stand in for more than 3,000 other claimants. 109 F.3d 1016, 1019–20 (5th Cir. 1997). The court emphasized that a bellwether's value depends on true "representativeness". *Id*. Because the court did not agree the selected cases "representative," it

found the results would lack the "requisite level of confidence" and could not fairly be applied to other plaintiffs' claims. *Id*. The same concerns apply here: cases involving deceased plaintiffs—whose damages models depend on atypical estate claims—are evidentiary outliers that cannot reliably guide the resolution of the hundreds of living-plaintiffs' claims still pending.

Cases in which a Plaintiff has passed during the course of litigation lack the requisite level of representativeness because the information produced in those cases can only be applied to a narrow set of cases. Specifically, in cases where a plaintiff who is deceased for reasons unrelated to the litigation and cannot testify to their pain and suffering. Because pain and suffering are inherently subjective and best conveyed through direct testimony, cases where the plaintiff has passed do not provide reliable insights into other cases. Accordingly, cases involving a deceased plaintiff should be excluded from bellwether selection because their lack of representativeness undermines the trial's intended purpose.

B. <u>Deceased Plaintiff Cases are Outliers that Skew the Bellwether Process.</u>

Outlier cases, which exist at the extreme ends of the spectrum or involve unique facts that complicate the litigation, are not representative and should not be selected as bellwether cases. Bellwether trials enable courts and juries "to give the major arguments of both parties due consideration without facing the daunting prospect of resolving every issue in every action." *Adams v. Deva Concepts, LLC*, 2023 U.S. Dist. LEXIS 179559, *10 (quoting *In re Methyl Tertiary Butyl Ether Prods.*, No. 1:00-1898, 2007 U.S. Dist. LEXIS 45543, 2007 WL 1791258, at *1 (S.D.N.Y. June 15, 2007).

In the Cook IVC MDL, a significant percentage of claimants alleged various degrees of pain and suffering, and if a plaintiff has died during the course of the litigation, merely because the length of time the litigation has taken to resolve itself, then those particular cases are non-

3

representative and have limited evidentiary value because the injured Plaintiff is no longer available to testify as to his or her damages. As the courts in *Chevron* and *MTBE* emphasized, only representative cases can reliably inform the resolution of mass torts. This Court should hold that deceased-plaintiff cases are outliers and must be excluded from the bellwether pool in order to preserve representativeness and due process integrity of the Cook IVC MDL.

### III.   CONCLUSION

The selection of bellwether trials in the Cook IVC MDL must be guided by the principle of representativeness to ensure the insights gained from a test case are applicable to the broader pool of consolidated cases. In order to fulfill the purpose and efficiency goals of bellwether trials, this Court should refrain from testing cases with plaintiffs who passed during the litigation for reasons that are unrelated to the filter, due to their limited evidentiary value that can be applied to the litigation as a whole.

### IV.   PRAYER FOR RELIEF

This Court should refrain from selecting cases where a Plaintiff has passed during the lengthy course of litigation because those cases are outlier cases that undermine representativeness, raise due process concerns, and frustrate the informational purpose of a bellwether trial.

Dated: September 22, 2025.

Respectfully submitted,

*/s/ Ben C. Martin*
Ben C. Martin
**Ben Martin Law Group, PLLC**
3500 Maple Avenue, Suite 400
Dallas, TX  75219
(214) 761-6614
bmartin@bencmartin.com

4

        Joseph N. Williams
**Williams Law Group, LLC**
1101 North Delaware St., Suite 200
Indianapolis, IN 46202
(317) 633-5270
joe@williamsgroup.law
*Liaison Counsel to Plaintiffs'*
*Steering Committee and on*
*Behalf of Plaintiffs'*
*Steering Committee*

Michael Heaviside
**Heaviside Reed Zaic**
800 Connecticut Ave., Suite 300
Washington, DC 20006
(202) 223-1993
mheaviside@hrzlaw.com

David P. Matthews
**Matthews and Associates**
2509 Sackett St.
Houston, TX 77098
(713) 522-5250
dmatthews@thematthewslawfirm.com

Charles S. Siegel
**Waters Kraus Paul & Siegel**
3141 Hood St.
Suite 700
Dallas, TX 75219
(214) 357-6244
siegel@waterskraus.com

## CERTIFICATE OF CONFERENCE

    Joseph Williams conferred with defense counsel Jessica Cox before this motion was filed, and no agreement could be reached.

                                */s/ Ben C. Martin*
                                Ben C. Martin

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of September 2025, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                    */s/ Ben C. Martin*
                                                    Ben C. Martin