# *Exhibit A*

1

```
 1                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE SOUTHERN DISTRICT OF INDIANA
 2                          INDIANAPOLIS DIVISION

 3
    IN RE: COOK MEDICAL, INC.,    ) Case No. 1:14-ml-2570-RLY-TAB
 4  IVC FILTERS MARKETING,        ) Indianapolis, Indiana
    SALES PRACTICES AND           ) June 12, 2025
 5  PRODUCTS LIABILITY            )
    LITIGATION                    ) 9:37 a.m.
 6

 7


 8
                   BEFORE THE HONORABLE RICHARD L. YOUNG
 9
                       TRANSCRIPT OF PROCEEDINGS
10            MOTIONS HEARING AND STATUS CONFERENCE

11
    APPEARANCES:
12
    For the Plaintiffs:       Ben Martin
13                            Ben Martin Law Group
                              3141 Hood Street
14                            Suite 600
                              Dallas, TX  75219
15
                              Joseph N. Williams
16                            Williams & Piatt, LLC
                              1101 North Delaware Street
17                            Indianapolis, IN  46202

18                            Charles Siegel
                              The Law Office of Charles W. Siegel
19                            3938 W. 111th Street, Suite 1-C
                              Chicago, IL  60655
20

21
    For the Defendants:       Andrea Roberts Pierson
22                            Jessica Benson Cox
                              Kip S.M. McDonald
23                            Faegre Drinker Biddle & Reath LLP
                              300 North Meridian Street
24                            Suite 2500
                              Indianapolis, IN  46204
25
```

1          Our motion for suggestion of remand has been pending

2    for over two years.  There still hasn't been a single case

3    remanded in this MDL after 11 years.  We have said in our

4    papers, Your Honor, that plaintiffs are dying in this

5    litigation at roughly the rate of one every three days.  We

6    have calculated that by the number of suggestions of death

7    that are on the -- that are on the record over a certain

8    period of time.  And, of course, that understates -- that

9    undercounts it, right, because a lot of plaintiffs, as counsel

10   said, sometimes -- you know, why file a suggestion of death if

11   the survivor doesn't wish to pursue the litigation anymore.

12   Close the file and that's it.  You don't file a suggestion of

13   death.  So plaintiffs are dying at a great rate.

14         We respectfully renew our request for suggestion of

15   remand, and, Your Honor, just to protect our clients' rights,

16   in view of this rate of death and attrition in the MDL and in

17   view of the length of time that the case is pending, Your

18   Honor, I hope will understand, that we will have to -- we're

19   going to file a motion in front of the panel because our

20   motion has been pending so long in this court.

21         So I don't think there's any amount in controversy

22   issue, and I don't think that any certification --

23         THE COURT:  Wait.  I hope you don't think that I'm

24   just not addressing your motion for remand -- your suggestion

25   for remand.  There's a method to the madness here in this

46

1   case.  This has been very frustrating for the Court to have to

2   deal with this matter for 11 years.  I've had cases --

3   Bellwether cases set for trial, took two or three weeks out of

4   my calendar to block it out, and then on the eve of trial, we

5   all know that, these cases disappear.

6          My discussions with the magistrate judge on this

7   matter over the years, there has been some strategy here among

8   the Court as to how we're proceeding here.  And as you can see

9   from yesterday, 1,300 cases were settled in this MDL.  So you

10  can do whatever you want in front of the panel.

11         MR. SIEGEL:  I don't dispute any of that, Your Honor,

12  but our duty to our clients -- I mean, we have had this motion

13  pending for -- for over two years and --

14         THE COURT:  I'll just deny it today.

15         MR. SIEGEL:  Thank you, Your Honor.  Then we'll --

16  we'll file a motion with the panel, and we'll consider our

17  motion in front of Your Honor denied.

18         There are still -- after the Adham's cases, there are

19  still over 3,000 cases pending.  We're going to talk about --

20  Your Honor mentioned Bellwethers.  Our position is that when

21  those cases -- when the Bellwethers that were not tried

22  disappeared for one reason or another, limitations or the

23  plaintiff simply didn't want to try it, that was a win for

24  Cook.  That was a Bellwether that accomplished its purpose.

25  It accomplished the exact same thing that would have been

1    accomplished had they tried it and won.

2            Cook now can conclude that plaintiffs don't want to

3    try low value cases.  Fine.  Don't make us an offer.  That's

4    the lesson of the Bellwether.  The process worked.  And that

5    is our -- that is out feeling about it.  And, Your Honor, of

6    course, I don't -- I don't mean to be at all disrespectful of

7    the Court's stewardship of this case, but we hope Your Honor

8    understands that we just have to protect our clients' rights,

9    and there are still 3,000 plaintiffs who are entitled to

10   remand.  Why?  I'm not going to reargue this, but because

11   everything that sort of can be commonly done has been done.

12           I guess they're going to file 49 more motions on the

13   law of learned intermediary in 49 other states law, maybe, one

14   every few months.  I mean -- anyway, that's where we are, Your

15   Honor, and if Your Honor feels that a certification for amount

16   in controversy is still warranted, then we hope you'll accept

17   ours.

18           MR. MARTIN:  Your Honor, could I add just one thing?

19           THE COURT:  Sure, Mr. Martin.

20           MR. MARTIN:  Practically speaking, if -- if this new

21   screening order is granted, it's going to -- I want to speak

22   about the settlement -- you know, the settlement discussions,

23   right, and this is why I'm bringing it up.  This is a really

24   big burden to -- every time we have to go through every one of

25   our files and go through -- and call every one of these

1  clients, and you finally get ahold of them, and some of them

2  are dead, and then you dig up the family. That's a bad

3  terminology. I'll withdraw that. I've never asked if we

4  could leave something off the record but -- no, but it's a

5  huge burden, and it is -- the last time that it happened, it

6  probably took about three hours per client, and that's lawyer

7  hours mainly, right? So I'm just suggesting that if we go

8  through this process and then -- and I know with the numbers

9  of cases, some of these -- some of the lawyers who do have

10  large numbers of cases, including -- including my firm, it's

11  going to be -- it was a six -- probably 6 or 7-month

12  process -- 5 to 7-month process before. It's going to be the

13  same thing if they really want accurate information. And I'm

14  just suggesting that I think there has been some -- as of

15  yesterday, has been some movement as far as the possibility

16  that settlement can occur, whether it's the whole shebang or

17  whether it's just bits and pieces, but another six months

18  process of busy work, which is what it is, that's not going to

19  move the ball with respect to getting this litigation settled.

20      Everybody has all of the information they need, and I

21  think that Judge Baker would probably agree with that to the

22  extent he's been made aware of what we know and what they

23  know. I don't think this -- this is not going to do anything

24  but really cause some significant problems, if we have to go

25  through another form of busy work for another six months