UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS   LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Victoria Looper, 1:16-cv-03510

**DEFENDANT'S MOTION FOR JUDGMENT IN
PLAINTIFF VICTORIA LOOPER'S CASE PURSUANT TO CMO-28**

Under Federal Rule of Civil Procedure 12(c) and CMO-28, the Cook Defendants move for judgment in Plaintiff's case, which alleges injuries based on the unsuccessful removal attempt of her fractured IVC filter, ultimately leading to an open removal procedure.

1. <u>Plaintiff's Name</u>: Victoria Looper

2. <u>Case Number</u>: 1:16-cv-03510

3. <u>Case Origin</u>: Filed in Southern District of Indiana on December 29, 2016

4. <u>Plaintiff's Home State per Complaint</u>: South Carolina (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. <u>Applicable Choice of Law Rules</u>: South Carolina (*see Looper v. Cook Inc.*, 20 F.4th 387, 399 (7th Cir. 2021))

6. <u>Applicable Statute of Limitations</u>: South Carolina (3 years), S.C. Code Ann. § 15-3-530-5 ("Within three years … "an action for assault, battery, or any injury to the person or rights of another, not arising on contract and not enumerated by law…")

7. <u>Filter Placement Date</u>: April 23, 2009

8. <u>Claim Categorizations (CMO-33)</u>: Categories 5(a)-(b) (failed and non-routine retrievals); 7(c) (fracture); and 7(d) (migration)[1]

9. <u>Date of Accrual</u>: August 6, 2013 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting failed retrieval attempt of fractured filter: "[i]ndication: Malfunctioning IVC filter … The patient is noted to have what appears to be at least one fractured centering strut on the filter… multiple attempts to snare the device were made … These were all ultimately unsuccessful…After well over 2 hours of attempts at repositioning the filter and snaring with a variety of techniques, the procedure was abandoned.").[2]

10. <u>Length of Time Between Claim Accrual and Filing</u>: 3 years, 4 months, 23 days

---

[1] Although Plaintiff has not categorized her claim as open removal (*see* Ex. A, CCF (leaving Category 7(k) blank)), the medical records submitted with categorization also include the record of the February 18, 2014 open removal of the filter, *id.*, which occurred about six months after the August 6, 2013 unsuccessful attempt to remove her filter that commenced the statute of limitations for the reasons discussed herein *id.*

[2] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion. *See* Dkt. 18018 ("Plaintiff's operative report is considered part of the pleadings . . . .").

## BRIEF ARGUMENT

South Carolina law bars Plaintiff's personal injury claims because she did not file her case within three years of a two-hour-long, unsuccessful procedure to remove her fractured filter. *See* S.C. Code Ann. § 15-3-535; Exhibit A (summarizing her claim as a "[f]ailed retrieval" with "one strut … fractured" and attaching August 6, 2013, medical records documenting two-hour-long failed retrieval procedure).

Under South Carolina's discovery rule, "the statute of limitations begins to run from the date the claimant knew or should have known that, by the exercise of reasonable diligence, a cause of action exists." *Holmes v. Nat'l Serv. Indus., Inc.*, 717 S.E.2d 751, 753 (S.C. 2011). The "exercise of reasonable diligence" requires "that the injured party must act with some promptness where the facts and circumstances of an injury place a reasonable person of common knowledge and experience on *notice* that a claim against another party might exist." *Young v. South Carolina Dep't of Corrections*, 511 S.E.2d 413, 416 (S.C. 1999) (citation omitted). Within the medical device context, "a plaintiff's product liability cause of action accrues when the plaintiff has information sufficient to place her on notice of the possibility that her injury was caused by a certain product." *In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig.*, 2015 WL 5468714, at *3 (M.D. Ga. Sept. 16, 2015) (applying South Carolina law). A plaintiff need not know the product "might be defective" for the limitations period to commence. *Id.*

Here, Plaintiff knew no later than her unsuccessful retrieval procedure on August 6, 2013, that she had experienced an injury potentially related to the filter.[3] This Court has consistently held

---

[3] The Court previously granted summary judgment against Plaintiff Looper under Indiana's two-year statute of limitations, relying on the February 18, 2014, open removal procedure that ultimately resulted in the removal of Plaintiff's filter. That decision was reversed on appeal, with the Seventh Circuit holding that South Carolina choice-of-law rules apply to Plaintiff's case. *See Looper v. Cook Inc.*, 20 F.4th 387, 399 (7th Cir. 2021). Consistent with that ruling, Cook now moves under South Carolina's statute of limitations based on the August 6, 2013, medical records (Exhibit A). The *Looper* court did not consider or address

that a failed retrieval procedure provides a plaintiff with "enough information ... to put him on notice that there was a reasonable possibility the filter harmed him, and that he should inquire into his rights." Dkt. 18931 (Indiana and Ohio law); *see also, e.g.,* Dkt. 19307 (Mississippi law); Dkt. 19408 (Pennsylvania law). Because South Carolina law applies an objective, inquiry notice approach to the statute of limitations, *see, e.g.*, *Young*, 511 S.E.2d at 416, like other states' laws under which this Court has dismissed failed-retrieval cases, Plaintiff's personal injury claims are time-barred based on the date of the failed retrieval of her fractured filter and should be dismissed.

Plaintiff's implied warranty claim fails on the same ground because South Carolina subjects such claims to the same three-year statutes of limitations discussed above when the underlying claim concerns personal injury. *See, e.g.*, *Fisher v. Pelstring*, 817 F. Supp. 2d 791, 806 (D.S.C. 2011). Plaintiff's express-warranty claim is already dismissed (Dkt. 25387) and her consumer-protection claim fails because this Court has ruled that it has not been adequately pled in the Master Complaint. *See* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."). Plaintiff's Short-Form Complaint does not add any substantive facts to save this claim. Her punitive damages claim fails as derivative of her time-barred personal injury claims. *See, e.g.*, *Garner v. Wyeth Lab'ys, Inc.*, 585 F. Supp. 189, 194 (D.S.C. 1984).

For the foregoing reasons, the Court should dismiss all of Plaintiff's claims with prejudice.

Respectfully submitted,

---

the did not address the earlier retrieval date at issue here, and its statement that the case is "governed by the law of the[] originating jurisdiction and [is] timely" does not prevent the Court from considering that argument.

| | |
|---|---|
| Dated: October 27, 2025 | /s/ *Jessica Benson Cox* <br> Jessica Benson Cox, Co-Lead Counsel <br> Andrea Roberts Pierson, <br> FAEGRE DRINKER BIDDLE & REATH LLP <br> 300 North Meridian Street, Suite 2500 <br> Indianapolis, Indiana 46204 <br> Telephone: (317) 237-0300 <br> Andrea.Pierson@FaegreDrinker.com <br> Jessica.Cox@FaegreDrinker.com <br><br> James Stephen Bennett, Co-Lead Counsel <br> FAEGRE DRINKER BIDDLE & REATH LLP <br> 110 West Berry Street, Suite 2400 <br> Fort Wayne, Indiana 46802 <br> Telephone: (260) 424-8000 <br> Stephen.Bennett@FaegreDrinker.com <br><br> *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS* |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2025, a copy of the foregoing **COOK DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF VICTORIA LOOPER'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*