UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

Victoria Looper, 1:16-cv-03510

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF VICTORIA LOOPER'S CASE PURSUANT TO CMO-28**

The Court should dismiss Plaintiff Victoria Looper's case as time-barred under South Carolina law because her claim accrued in August 2013, not in February 2014.

First, the doctrine of res judicata does not apply. There is no existing final judgment on Plaintiff's claim and no second lawsuit raising that claim; there is only a new legal issue in this existing case that no court has ever addressed. More critically, Plaintiff's arguments that the August 2013 procedure did not trigger the statute of limitations and/or that the February 2014 open removal procedure constitutes a separate injury fail because (1) she does not dispute that she experienced a failed retrieval attempt of a fractured filter on August 6, 2013, and (2) South Carolina follows the single-injury rule, which precludes treating the February 2014 open procedure as a separate and distinct injury for statute-of-limitations purposes.

A.   **Res Judicata Does Not Apply.**

Plaintiff spends half her Response (Dkt. 27427 at 3-5)[1] invoking res judicata, but this doctrine does not apply in this case for several reasons. First, as Plaintiff notes twice in her brief,

---

[1] Plaintiff has filed a three-page response (Dkt. 27426) and obtained leave of Court to adopt her six-page response (Dkt. 27427). The Cook Defendants cite to Plaintiff's six-page response in this reply brief.

res judicata can apply only where a court has rendered a final judgment. *See id.* at 4 (quoting *Mulligan v. Bd. of Trs. of Indiana Univ.*, 2024 WL 1972751, at *3 (S.D. Ind. May 3, 2024) ("[W]here a final judgment has been rendered on the merits of a claim…"); *id.* (quoting *Mulligan* and citing *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 851 (7th Cir. 2009) ("Res judicata has three elements: … (2) a final judgment on the merits"). Here, there is no final judgment on the merits of Plaintiff's claims. Although there was at one time a judgment dismissing Plaintiff's claims, *see* Dkt. 14428 (omnibus summary judgment order), that judgment was "REVERSED and [this case was] REMANDED to the district court for further proceedings consistent with this opinion." *Looper v. Cook Inc.*, 20 F.4th 387, 399 (7th Cir. 2021). Plaintiff cannot meet the element of a previous final judgment, and her argument based on res judicata fails.

Second, and consistent with the above requirement, res judicata "'bars a second suit in federal court'" but "does not apply to orders within the same case." *Prestwick Cap. Mgmt., Ltd. v. Peregrine Fin. Grp., Inc.*, 727 F.3d 646, 649 n.2 (7th Cir. 2013) (quoting *Bernstein v. Bankert*, 702 F.3d 964, 995 (7th Cir.2012)); *see also, e.g.*, *Analytical Eng'g, Inc. v. Baldwin Filters, Inc.*, 425 F.3d 443, 453 (7th Cir. 2005) ("Generally speaking, res judicata does not apply to a court's redetermination of rulings made earlier in the same lawsuit."). Here, Plaintiff is still litigating the same case in which the earlier orders were made, and res judicata therefore cannot apply.

Finally, contrary to Plaintiff's assertion, the Seventh Circuit's decision in this case does not change this result or permit applying res judicata here. The circuit court's decision held that South Carolina's choice-of-law rules apply, not Indiana's, resulting in South Carolina's three-year statute of limitations governing Plaintiff's case, not Indiana's two-year statute. *See Looper*, 20 F.4th at 398-99. Therefore, based on Plaintiff's February 18, 2014, open removal procedure as the presumed accrual of her cause of action, the court concluded that Plaintiff had filed her claim

within three years, and remanded the case for further proceedings. *Id.* That mandate has nothing to do with the present motion. "'[W]hile a mandate is controlling as to matters within its compass, on the remand a lower court is free as to other issues.'" *Gertz v. Robert Welch, Inc.*, 680 F.2d 527, 532-33 (7th Cir. 1982) (quoting *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168 (1939)). Here, neither the parties' original summary judgment submissions nor their Seventh Circuit briefs addressed the effect of the August 6, 2013, unsuccessful removal attempt under South Carolina's three-year statute, *see* Dkts. 11921-22, 12250,[2] and neither this Court's grant of summary judgment nor the Seventh Circuit's decision addressed or determined that issue, Dkt. 14428; *Looper*, 20 F.4th at 399. Because no party argued and no court resolved this issue, the issue remains open, and res judicata cannot limit the Court's consideration of Cook's motion on the merits.

Put differently, the present motion is fully consistent with *Looper*'s holding because the Cook Defendants here present a ***new*** argument that Plaintiff's claims are time-barred under South Carolina law based on an earlier event triggering accrual of the statute of limitations. Because *Looper* establishes that Plaintiff's case is governed by South Carolina's statute of limitations, 20 F.4th at 399, the relevant question now is whether Plaintiff's claim was timely filed under South Carolina law based on (1) the facts alleged in the short-form complaint and (2) the additional facts provided by the categorization form and accompanying records, which postdate the Seventh Circuit's decision. Cook has briefed the present CMO-28 motion under South Carolina law, and the motion is thus fully consistent with *Looper*'s holding, and the Court should address it on the merits. The Seventh Circuit's reference to Plaintiff's case being "timely" is based on the presumed February 18, 2014 date, not on the actual August 6, 2013 date at issue here, and it therefore

---

[2] The parties' appellate briefs are filed at Case Nos. 20-3103 (7th Cir.) and are also available at 2021 WL 1081300 (Plaintiff's brief); 2021 WL 2189137 (Cook's brief); and 2021 WL 2878700 (Plaintiff's reply).

amounts only to an "observation[], commentary, or mere dicta touching upon issues not formally before the Court [that] do not constitute binding determinations." *Gertz*, 680 F.2d at 532-33.

Res judicata does not apply here, and the Court should address the merits of the motion.

**B.**     **Plaintiff's Claims Are Time-Barred Because the Facts Surrounding Her August 6, 2013 Procedure Are Undisputed and South Carolina Applies a Single Statute of Limitations for Claims Involving Related Injuries.**

In her Response, Plaintiff does not dispute that on August 6, 2013, (1) she had knowledge of her fractured filter and (2) she underwent an unsuccessful procedure to attempt to remove that fractured filter. *See generally* Pl.'s Resp., Dkt. 27427. Instead, Plaintiff argues that her failed retrieval did not constitute a legal injury because it was a "non-invasive laparoscopic procedure[3] … during [which] Ms. Looper experienced only a punctured vein," *id.* at 3, implying that she is entitled to a *separate* statute-of-limitations period for the 2014 open removal procedure based on her categorization of multiple injury claims, *see id.* at 2-3 (presenting Category 4, Category 5(a), Category 5(b), and Category 7 claims as separate injuries). Plaintiff cites only a single case for the general (and undisputed) proposition that the statute of limitations in a personal injury "'cannot accrue until there is an injury.'" *Id.* at 2 (quoting *McAlhany v. Carter*, 781 S.E.2d 105, 112 (S.C. Ct. App. 2015)). Regardless of how framed, these arguments fail.

First, Plaintiff's claim is time-barred because she does not dispute that as of August 6, 2013, she knew that her filter had *fractured* and that the first attempt to remove this fractured filter was unsuccessful. These facts are sufficient to trigger the statute of limitations, as this Court has held in multiple prior cases. Plaintiff's Response ignores both the fact that she was diagnosed with

---

[3] Plaintiff's Response is internally contradictory because she appears to argue that a "non-invasive laparoscopic procedure" is not an injury while separately describing injuries in Categories 4, 5(a), 5(b), and 7(c). *Compare* Pl.'s Resp. at 3, *with id.* at 2. To the extent Plaintiff's counsel is arguing that an unsuccessful filter retrieval procedure is not a legally cognizable injury, Plaintiff's counsel has failed to explain on what basis it is pursuing Category 5 claims in dozens of other cases.

a fractured filter in 2013 and the multiple prior orders of this Court dismissing cases as time-barred based on the discovery of a filter fracture and/or a failed retrieval procedure.[4] As with the states in those prior orders Cook cited as examples, South Carolina is an inquiry-notice jurisdiction for statute-of-limitations purposes, *see* Def.'s Mot, Dkt. 27335 at 2 (citing *Young v. S. Carolina Dep't of Corrs.*, 511 S.E.2d 413, 416 (S.C. 1999) (holding that the plaintiff must "exercise [] reasonable diligence" once "the facts and circumstances of an injury place a reasonable person of common knowledge and experience on *notice* that a claim against another party might exist."); *In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig.*, 2015 WL 5468714, at *3 (M.D. Ga. Sept. 16, 2015) (applying this inquiry-notice standard under South Carolina law and granting summary judgment in time-barred implantable medical device case).

    This Court's orders have consistently regarded a filter fracture as a legally actionable injury. For example, Second Am. CMO-32 requires all Plaintiffs who have not "already submitted an Amount-in-Controversy Certification Form pursuant to CMO-32" to do so unless the case is categorized as "alleging injury in Category 7(c) (filter fracture), Category 7(j) (death), and/or Category 7(k) (open-removal [procedures])…." Dkt. 26952 at 1. Fracture is thus deemed a sufficiently concrete injury that it can be asserted without further case-specific support establishing the amount-in-controversy requirement for diversity jurisdiction. Indeed, *after* the *Looper* decision, the Seventh Circuit affirmed the judgment entered in *Gehner*—a fracture case dismissed as time-barred under Ohio law—without raising any jurisdictional concerns regarding amount-in-controversy. *See generally In re Matter of Cook Med., Inc. (Gehner)*, 110 F.4th 924 (7th Cir. 2024).

    Here, Plaintiff's Response notes that she has categorized her claims, *inter alia*, as "Category 7(c): filter fracture," but makes no mention of when the fracture was discovered. *See*

---

[4] The Court need not address whether Plaintiff Looper's claim would have accrued *without* the diagnosis of the fractured filter as that is a hypothetical not presently before the Court as part of her case.

Pl.'s Resp. at 2. Because the categorization medical records are clear that Plaintiff underwent an unsuccessful procedure to remove a fractured filter on August 6, 2013 (*see* Dkt. 27336)—a fact that Plaintiff does not dispute in any respect—her claim accrued under South Carolina law at that time and is time-barred. *See Young*, 511 S.E.2d at 416; *In re Obtape*, 2015 WL 5468714, at *3.

Because her claim accrued no later than August 6, 2013, Plaintiff cannot frame her subsequent February 18, 2014, open removal procedure as a separate injury with a separate statute of limitations. South Carolina "law is clear the statute of limitations is not tolled during the period of time in which a plaintiff is merely unaware of the extent of an actionable injury." *Young*, 511 S.E.2d at 416 (rejecting plaintiff's factual and legal claims that he suffered two distinct injuries). *Young* is instructive here: the plaintiff developed scar tissue in his eye and was on notice of a claim for delayed medical treatment against prison officials by the time of a May 1993 retinal repair surgery. *Id*. That he was not aware of his permanent loss of eyesight until a subsequent July 1994 cataract surgery did not toll the statute of limitations because he "was not required to understand fully the ramifications of the scar tissue buildup or delay in diagnosis and treatment to be put on notice the delay had resulted in an injury." *Id.* So here, the failed retrieval of a fractured filter and the ultimate removal of that fractured filter through a subsequent, increasingly invasive open procedure are not distinct injuries as a matter of law. Plaintiff's 2013 failed retrieval procedure to remove a fractured filter and the 2014 open removal procedure to remove that same filter are not legally distinct injuries because the only reason that the 2014 open removal procedure occurred is because the filter could not be removed during the 2013 procedure.

For the foregoing reasons, the Court should dismiss all of Plaintiff's claims with prejudice because they are time-barred under South Carolina law.[5]

---

[5] Plaintiff does not respond to Cook's arguments directed at her warranty and consumer protection claims and therefore those claims are waived. *See, e.g., Bonte v. U.S. Bank N.A.*, 624 F.3d 461, 466 (7th Cir. 2010).

        Respectfully submitted,

Dated: November 25, 2025       /s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson,
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2025, a copy of the foregoing document was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

       /s/ *Jessica Benson Cox*