IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

IN RE: COOK MEDICAL, INC, IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

---

This Document Relates to Plaintiff:

Robert Jeffrey Arrington

Civil Case # 1:18-cv-03991

---

**PLAINTIFF ROBERT JEFFREY ARRINGTON'S RESPONSE TO COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON FEDERAL PREEMPTION IN BIRD'S NEST FILTER CASES**

---

Plaintiff Robert Jeffrey Arrington respectfully asks this Court to deny the Cook Defendants' Motion for Judgment on the Pleadings Based on Federal Preemption in Bird's Nest Filter Cases as to Plaintiff Arrington's case. In response to the present Motion, Plaintiff Arrington hereby incorporates by reference all arguments asserted in the opposition brief (Dkt. 9780) and sur-reply brief (Dkt. 10603) filed on behalf of other MDL plaintiffs with Bird's Nest filters in response to the Defendants' prior (but similar) motion for judgment on the pleadings and supporting memorandum regarding federal preemption in Bird's Nest filter cases (Dkts. 9644 and 9645).

Plaintiff Arrington also respectfully requests that the Court retroactively allow an extension of time for his response in opposition to the Defendants' Motion as (1) the Defendants filed their Motion immediately before the holidays with an apparently anticipated due date of January 2nd, the timing of which is suspect and suggests gamesmanship; (2) the plaintiffs whose cases were

Page 1

implicated in the prior Bird's Nest motion were allowed 28 days to respond to that motion without objection from the Defendants; and (3) it is unclear why the Plaintiffs' Steering Committee filed an omnibus brief in response to the prior Bird's Nest motion but did not do so for the present renewed Motion.

## I. PLAINTIFF ARRINGTON'S CASE-SPECIFIC PROCEDURAL FACTS AND ARGUMENT

Plaintiff Arrington filed his short form complaint into this MDL on October 18, 2018, which was shortly before the Cook Defendants filed their original motion for judgment on the pleadings regarding federal preemption of Bird's Nest filter cases (Dkt. 9644, filed on 11/21/2018). However, Plaintiff Arrington's case was not implicated in the Defendants' prior motion. The Plaintiffs' Steering Committee filed an opposition memorandum in response to the Defendants' prior motion on 12/19/2018 (Dkt. 9780), followed by a sur-reply filed on 05/03/2019 (Dkt. 10603).[1] On September 19, 2023, the Court denied without prejudice the Defendants' prior motion. The Court did not at that time provide a memorandum decision addressing the arguments of either side, including the plaintiffs' requests for leave to conduct relevant discovery and file amended short form complaints with additional allegations relating to the Bird's Nest filter.

Because Plaintiff Arrington filed his short form complaint before the Cook Defendants put federal preemption of Bird's Nest filter claims at issue, Plaintiff Arrington did not have the ability to contemplate the Defendants' arguments before filing his original short form complaint. To Plaintiff Arrington's knowledge, leave for any MDL plaintiff to perform Bird's Nest filter-specific

---

[1] Plaintiff Arrington hereby incorporates the arguments asserted by those other Bird's Nest filter plaintiffs therein.

discovery or to file an amended short form complaint with allegations specific to the Bird's Nest filter has not been granted to date.

Although Plaintiff Arrington does not believe amendment is necessary (because the Seventh Circuit does not require pleadings to preemptively consider affirmative defenses), should the Court find that additional information is necessary to permit Plaintiff Arrington to proceed past the pleading stage then Plaintiff Arrington requests opportunity to conduct additional discovery and amend his short form complaint.

Regarding the amendment of his short form complaint, Plaintiff Arrington anticipates that his amendments would more fully plead non-preempted claims. Plaintiff Arrington's amended short form complaint will be consistent with the proposed Amended Short Form Complaint produced as Exhibit 1 to the Plaintiff's Steering Committee's brief in opposition to the prior motion for judgment on the pleadings regarding Bird's Nest Filters (Dkt. 9780). Plaintiff Arrington also anticipates adding claims in line with New Mexico law as his Bird's Nest filter was implanted in New Mexico, which would include a consumer protection claim (pursuant to 2006 New Mexico Statutes - Title 57, Article 12 - Unfair Trade Practices Act (NMSA §§ 57-12-1 through 57-12-24)).

## II. CONCLUSION

For the foregoing reasons, Plaintiff Robert Jeffrey Arrington requests that this Court retroactively extend Plaintiff's response deadline, deny the Cook Defendants' Motion for Judgment on the Pleadings, and in the alternative grant leave to Plaintiff Arrington to more fully detail the facts supporting his non-preempted claims and allow limited discovery in order for Plaintiff to do so.

DATED this 12th day of January, 2026.

        Respectfully Submitted,

        JAMES, VERNON & WEEKS, P.A.

        _____
        Wes S. Larsen
        1626 Lincoln Way
        Coeur d'Alene, ID 83814
        Ph: (208) 667-0683
        Fax: (208) 664-1684
        Email: wes@jvwlaw.net

        Attorney for Plaintiff Robert Jeffrey Arrington

## CERTIFICATE OF SERVICE

  I hereby certify that on January 12, 2026, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

_____
Wes S. Larsen