IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re: COOK MEDICAL, INC.,
IVC FILTERS MARKETING, SALES
PRACTICES AND PRODUCTS
LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:

All Plaintiffs in Exhibits A & B

**[SECOND AMENDED PROPOSED] ORDER ON NOTICE OF NON-COMPLIANCE REGARDING AMOUNT-IN-CONTROVERSY CERTIFICATION (CMO-32)**

On July 28, 2025, Cook filed a Notice of Non-Compliance listing Plaintiffs who have not submitted Amount-in-Controversy Certification Forms. *See* Dkt. 26948. Each of these Plaintiffs has categorized his or her only injury or injuries in Category 6 (Non-Symptomatic Injury), Category 7(e) (Symptomatic Penetration or Perforation), or both Category 6 and Category 7(e) (the "Subject Categories").[1] Accordingly, pursuant to Sixth Amended Case Management Order No. 4 ("CMO-4"), *see* Dkt. 25716 at ¶ 3, and Amended Case Management Order No. 32 ("CMO-32"), *see generally* Dkt. 25741, each of these Plaintiffs were therefore required to certify that the amount in controversy in their respective cases exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs, a requirement for this Court to exercise subject-matter jurisdiction over their actions. *See* 28 U.S.C. § 1332(a).

The deadline for each of these Plaintiffs to submit Amount-in-Controversy Certification Forms has expired. The Plaintiffs identified in **Exhibits A** and **B** have either filed their cases after

---

[1] Per CMO-32, injuries categorized in Category 1 or Category 2 are ignored in determining whether the Plaintiff must submit an Amount in Controversy Certification Form. *See* CMO-32, Dkt. 25741 at ¶ 1 n.1.

-1-

CMO-32's adoption or re-categorized their cases to fall within CMO-32's requirements, requiring them to submit Amount-in-Controversy Certification Forms within 30 days of the qualifying event. *See* CMO-4, Dkt. 25716 at ¶ 3. Cook provided written notice of noncompliance to the counsel for the Plaintiffs identified in **Exhibits A** and **B**, informing them that their cases would be included on a Notice of Non-Compliance if Amount-in-Controversy Certification Forms were not submitted within seven days of the correspondence.

The Plaintiffs identified in **Exhibit A** remain non-compliant and are therefore subject to immediate dismissal without prejudice for failure to prosecute. *See* CMO-4, Dkt. 25716 at ¶ 4; CMO-32, Dkt. 25741 at ¶ 3. The Plaintiffs identified in **Exhibit B**, however, have voluntarily dismissed their cases. The Notice of Noncompliance is therefore **MOOT** as to those Plaintiffs listed in **Exhibit B**.

Based on the foregoing, **IT IS HEREBY ORDERED THAT** the cases identified in **Exhibit A** are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41 for failure to prosecute.

**SO ORDERED** this _____ day of _____ 2025.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution to all electronically registered counsel of record via CM/ECF.