# EXHIBIT 2

AFFIDAVIT/CERTIFICATE OF SERVICE

STATE OF NEW YORK, COUNTY OF SUFFOLK ss.:

Lisa Miano, being duly sworn, deposes and says: deponent is not a party to the action, is of 18 years of age and resides at Brookhaven, New York.

On January 16, 2026, deponent served the within correspondence and attached motion to withdraw upon:

Taskheer Hussain
2145 Ocean Avenue, Apt. C6
Brooklyn, NY 11224

at the address designated by said attorney(s) for the purpose, by depositing a true copy of same in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service, by First Class and Certified mail, within the State of New York.

Lisa Miano

Sworn to before me on
January 16, 2026

Notary Public

PAULA RYBACKI
Notary Public, State of New York
No. 01RY4869610
Qualified in Suffolk County
Commission Expires 12/08/20___



RAPPAPORT, GLASS, LEVINE & ZULLO LLP

**RGLZ**

PERSONAL INJURY LAW

Charles J. Rappaport
Michael G. Glass
Michael S. Levine
Matthew J. Zullo
Thomas P. Valet
Christopher M. Glass
Brian P. Murphy

Brendan M. Ahern
Maggie A. Bopp
James Curtin

Of Counsel
W. Russell Corker
Dominick Yezzo

January 15, 2026

Taskheer Hussain
2145 Ocean Avenue, Apt. C6
Brooklyn, NY 11224

FIRST CLASS MAIL
AND CERTIFIED MAIL
9589 0710 5270 1724 1582 27

Re:    Hussain, Taskheer v. Cook Group, et al.
       File No.:   2311TPV

Dear Taskheer:

As you are aware, my office previously made an application to withdraw as your attorney. We have recently been advised that motion was terminated due to procedural error in the manner of filing.   Be advised, we are re-filing the application with request for the Court to permit withdrawal as your counsel in the manner effective February 25, 2026.   A copy of the motion is attached.

To the extent you wish to obtain other counsel to represent you in the matter, our office will cooperate with same.

Very truly yours,

RAPPAPORT, GLASS, LEVINE & ZULLO, LLP

CHRISTOPHER M. GLASS
CMG/lm

encl.

*Please send all correspondence to the Islandia Office.

1355 Motor Parkway          733 Third Avenue                    RGLZLaw.com
Islandia, NY 11749          New York, NY 10017                                    T: 800.734.9445
T: 631.293.2300            T: 212.921.5200                                        F: 631.293.2918

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

-------------------------------------------------------------------------X

TASKHEER HUSSAIN,

                                 Plaintiff,                            Case No. 1:17-cv-6062

          -against-

COOK GROUP INCORPORATED, COOK MEDICAL        **NOTICE OF MOTION**
INCORPORATED a/k/a COOK MEDICAL, INC., COOK
MEDICAL LLC, COOK INCORPORATED, MEDICAL
ENGINEERING & DEVELOPMENT INSTITUTE
INCORPORATED, COOK MEDICAL TECHNOLOGIES
LLC, COOK DENMARK INTERNATIONAL ApS, COOK
DENMARK HOLDING APS, COOK GROUP EUROPE ApS,
COOK NEDERLAND BV, WILLIAM COOK EUROPE APS,
                                     Defendants.

-------------------------------------------------------------------------X

      PLEASE TAKE NOTICE, that upon the annexed affidavit of Christopher M. Glass., duly

sworn on the 15th day of January, 2026, and upon the pleadings and proceedings heretofore had

herein, the undersigned will move this Court, before the Honorable Richard L. Young, United

States District Court, Southern District of Indiana, 46 East Ohio Street, Indianapolis, IN, 46204,

on the 25th day of February, 2026, at 9:30 o'clock in the forenoon of that day or at a time and date

to be set by this Honorable Court, for an Order, pursuant to Local Rule 83-7, (1) permitting

Rappaport, Glass, Levine & Zullo, LLP to withdraw as counsel for the Plaintiff, TASKHEER

HUSSAIN; (2) staying proceedings in this matter for a period of forty-five (45) days to allow

Plaintiff to retain new counsel; and (3) for such other and further relief as to this Court may deem

just and proper.

      Please take further notice that all responses to this motion, if any, shall be provided within

10 days of service of this motion pursuant to Rule 27(a)(3) of the Federal Rules of Civil Procedure,

or in such other time that is prescribed by the Court.

Dated: January 15, 2026
      Islandia, NY

                                  Christopher M. Glass
                                  Counsel for the Plaintiff
                                  Rappaport, Glass, Levine & Zullo
                                  1355 Motor Parkway
                                  Islandia, NY 11749
                                  631-293-2300
                                  cglass@rapplaw.com

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

------------------------------------------------------------------------X

TASKHEER HUSSAIN,

                              Plaintiff,                    Case No. 1:17-cv-6062

          -against-

COOK GROUP INCORPORATED, COOK MEDICAL           **AFFIDAVIT IN SUPPORT**
INCORPORATED a/k/a COOK MEDICAL, INC., COOK
MEDICAL LLC, COOK INCORPORATED, MEDICAL
ENGINEERING & DEVELOPMENT INSTITUTE
INCORPORATED, COOK MEDICAL TECHNOLOGIES
LLC, COOK DENMARK INTERNATIONAL ApS, COOK
DENMARK HOLDING APS, COOK GROUP EUROPE ApS,
COOK NEDERLAND BV, WILLIAM COOK EUROPE APS,

                              Defendants.
------------------------------------------------------------------------X

STATE OF NEW YORK      )
                       )ss:
COUNTY OF SUFFOLK      )

          CHRISTOPHER M. GLASS, ESQ. being duly sworn, deposes and says:

          1.      I am an attorney admitted to practice before the Courts of the State of New York,

am admitted in the United States District Courts for the Southern and Eastern Districts of New

York.

          2.      I am a partner in the law firm of RAPPAPORT, GLASS, LEVINE & ZULLO, LLP,

counsel for the plaintiff herein.

          3.      This Affidavit is submitted in support of a motion pursuant to S.D. Indiana Local

Rule 83-7 (b), for (1) an Order permitting Rappaport, Glass, Levine & Zullo, LLP to withdraw as

counsel for the Plaintiff TASKHEER HUSSAIN, and (2) staying proceedings in this case for a

period of forty-five (45) days to allow for Plaintiff to obtain new counsel; and (3) for such other,

further, and different relief as this Court may deem just and proper.

4.    I am fully familiar with the following facts based upon information and belief and my review of records and documents in the file.

**FACTUAL BACKGROUND**

5.    This product liability personal injury action was commenced by the filing of a Complaint on February 17, 2017, ECF Docket No. 1.  Plaintiff alleges in the complaint injury due to implantation of a Cook Celect Platinum IVC filter, with multiple causes of action including negligent design and failure to warn.

6.    During the period of fall to winter of 2022-2023 my office has had numerous telephone conversations with the plaintiff regarding his case.  While I do not wish to divulge information about these conversations, that are protected by attorney-client privilege, I can state to this Court that as a result of these conversations, plaintiff and I have divergent views and irreconcilable differences with respect to issues in the case.  As a result, I determined that I was no longer in a position to continue to effectively represent the plaintiff's, TASKHEER HUSSAIN's, interests in the matter.

7.  Thereafter, an application to withdraw as counsel was filed, Docket Entry #15, Cause # 1:17-dv-6062-RLY-TAB on or about July 25, 2023.  The application was thereafter terminated as the filings were improperly docketed.  Email from the Court was sent to counsel on July 28, 2023 indicating same.  Unfortunately, the email was incorrectly directed out of counsel's inbox by email management software.  Counsel for plaintiff continued to represent Plaintiff in the matter, incorrectly believing the application was pending.  Thereafter, on or about December 18, 2025, letter to the Court was sent by counsel requesting direction and status of the motion, at which time termination of the application was discovered.  During the period of time since the filing of Counsel's original application to be relieved, the underlying issues and irreconcilable differences

with respect to the case have not been resolved.  Plaintiff was advised in writing of the revised application prior to filing.

## GROUNDS FOR RELIEF

8.    Withdrawal of counsel is governed by Local Rule 83-7(b), which states in pertinent part:

> "(b) Withdrawal of Appearance.
>
> (1)    An attorney must file a written motion to withdraw his or her appearance.
>
> (2)    The motion must fix a date for the withdrawal and must contain satisfactory evidence that the attorney provided the client with written notice of his or her intent to withdraw at least 7 days before the withdrawal date.
>
> (3)    If an attorney's withdrawal will leave a party without counsel, the motion must also include the party's contact information, including a current address and telephone number."

9.    Plaintiff's counsel has given plaintiff written notice of this application at least 7 days in advance of making the motion as required by Local Rule 83-7(b)(2), by certified and first-class mail correspondence dated March 31, 2023.  A copy of that correspondence is attached hereto as **Exhibit "1"**.  Plaintiff sent further correspondence January 15, 2026, by First Class Mail, informing Plaintiff of my office's intent to withdraw as his counsel and request for the Court to grant such application for withdrawal on February 25, 2026.  Attached hereto as **Exhibit "2"** is a copy of the January 15, 2026 correspondence with affidavit of service by mail.  Upon information and belief, the requested withdrawal would leave the plaintiff without counsel.  Plaintiff TASKHEER HUSSAIN's contact information, pursuant to Local Rule 83-7(b)(2) is as follows: 2145 Ocean Avenue, Apt. C6, Brooklyn, NY, 11224; (347) 996-2093.

10.    Pursuant to Local Rule 5-5(d) attached hereto as Exhibit "3" is a proposed Order. "The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court." Washington v. Sherwin Real Est., Inc., 694 F.2d 1081, 1087 (7th Cir. 1982).

11.    In the event this Court requests a factual showing as a condition of granting this motion, I am requesting this Court permit submission of a Supplemental Affidavit under seal and shown only to the client and this Court, setting forth the specific reasons that this motion to be relieved as counsel has been filed. Without disclosing any confidential communications with our client, I can say that a disagreement has arisen with our client about how to prosecute his case which prevents our office from continuing to represent him.

12.    I respectfully request that the Court permit my law office to withdraw as counsel. I do not believe that my firm's withdrawal will prejudice Defendants.

13.    It is unknown whether plaintiff will obtain new counsel if this application is granted.

WHEREFORE, Counsel respectfully asks this Court to issue an Order granting this motion to withdraw as counsel to the plaintiff.

Dated: January 15, 2026
Islandia, NY

_____
Christopher M. Glass
Counsel for the Plaintiff
Rappaport, Glass, Levine & Zullo
1355 Motor Parkway
Islandia, NY 11749
631 293 2300
cglass@rapplaw.com