IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to the following

*Robert Jeffrey Arrington*, 1:18-cv-03991
_____

**COOK DEFENDANTS' SEPARATE REPLY IN SUPPORT OF THEIR MOTION
FOR JUDGMENT ON THE PLEADINGS BASED ON FEDERAL PREEMPTION
IN PLAINTIFF ROBERT ARRINGTON'S BIRD NEST CASE**

The defendants, Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS (collectively, "Cook" or the "Cook Defendants") respectfully request the Court enter judgment on Plaintiff Robert Arrington's claims involving the Bird's Nest filter because they are barred by federal preemption for the reasons set forth in Cook's pending motion (Dkt. 27529, the "Motion").

As an initial matter, Plaintiff Arrington filed his opposition brief (Dkt. 27581, the "Opposition" or "Opp.")[1] ten days late. Plaintiff has not filed a separate motion for extension of time as required under Local Rule 6(c)(1), but he asks "that this Court retroactively extend Plaintiff's response deadline," Opp. at 3. *See* L.R. 6(c)(1) (providing that "a request for an

_____

[1] Plaintiff seeks to "incorporate[] by reference all arguments asserted in the opposition brief (Dkt. 9780) and sur-reply brief (Dkt. 10603) filed on behalf of other MDL plaintiffs with Bird's Nest filters in response to the Defendants' prior (but similar) motion" (Opp. at 1)—i.e., the first Bird's Nest preemption motion litigated in 2018-2019, which the Court dismissed without prejudice. While Cook's current Motion discusses the procedural history of the prior motion for context, the prior motion is no longer pending. Cook notes that there have been material changes in this litigation since 2018-2019, such as the dismissal of Plaintiffs' express warranty and manufacturing defect claims discussed herein, that render many of the PSC's prior arguments moot and irrelevant. To the extent the Court finds it necessary or helpful to review the prior briefing, the Cook Defendants note that they addressed the issues raised by the PSC in their reply brief in support of that prior motion (Dkt. 9872).

extension of time not made in open court or at a conference must . . . be made by written motion."). The Court therefore may dismiss Plaintiff Arrington's case on this basis alone.  *See* Dkt. 27569, Cook Defs.' Omnibus Reply (requesting dismissal of the nine Bird's Nest cases (including Plaintiff Arrington's case where no response was filed by the deadline and discussing case law that their claims are waived due to failure to respond).  In event the Court considers Plaintiff Arrington's belated filing, the Cook Defendants submit this individual reply brief to respond to the arguments raised in his Opposition.

None of the arguments raised or referenced in the Opposition (if the Court were to consider them), however, save Plaintiff Arrington's claims.  Specifically, the Opposition does not respond directly to the legal arguments presented in the Motion.  Instead, Plaintiff Arrington references the PSC's 2018-19 briefing on the prior Bird's Nest preemption motion and argues his claim survives based on the PSC's briefing and proposed template amended complaint (Opp. at 1, 3) without addressing how the PSC's arguments would apply to his case under New Mexico law or the Court's subsequent orders that have substantially narrowed the Plaintiffs' Master Complaint.  Plaintiff Arrington also requests discovery and discusses intent to amend his complaint[2] in order to bolster pleading of "non-preempted" claims—without identifying which particular claims he is conceding are preempted—while also stating he does not believe that amendment is "necessary."  *Compare* Opp. at 3, *with id*.

In any event, Plaintiff Arrington's arguments fail to save his claim from dismissal because (1) Plaintiff's request to amend is insufficient and fails to follow this Court's Local Rule 15 requirement to attach a proposed amended complaint, particularly regarding the consumer fraud

---

[2] Plaintiff Arrington did not amend his complaint when the Court provided opportunity to do so as part of dismissing the express warranty and manufacturing defect claims.  *See* Dkts. 25387 (dismissing express warranty claim); 26157 (dismissing manufacturing defect claims from 32 states, including New Mexico).

claim; (2) this Court has already dismissed his manufacturing defect and express warranty claims through separate motions litigated in 2024; (3) New Mexico does not recognize so-called "failure to report" claims; and (4) Plaintiff Arrington has not plead consumer fraud with particularity. Accordingly, the Court should dismiss his claims and deny the requests for discovery and amendment as futile.

## A.    Plaintiff Did Not File His Opposition Brief on Time.

Plaintiff Arrington's opposition brief was filed ten days late and his argument about a 28-day response period is incorrect.  For clarification, the Cook Defendants brought their Motion under Rule 12(c), not Rule 56.  Under Local Rule 7(c)(3) and Fed. R. Civ. P. 6(a)(1), the responsive brief was due in 14 days—carried over to January 2, 2026—because the Motion was filed on December 18, 2025 (*see* Dkt. 27529).  Filing the Motion under Rule 12(c)—instead of Rule 12(b)(6) or Rule 56—was procedurally appropriate because (1) the short-form complaints are deemed to have been answered because the Cook Defendants have filed a master answer, *see* Dkt. 318 (Notice of Agreement); Dkt. 8080 (Cook Defs.' Am. Answer), and (2) the only documents relied upon in the Motion other than the pleadings are the PMA Letter for the Bird's Nest and related FDA website information, which are publicly available and appropriate for taking judicial notice. *See* Dkt. 27529. Motion at 9 (collecting cases regarding judicial notice of PMA documents, including *Gray v. Stryker Corp.*, 2013 WL 633120, at *3 (S.D. Ind. Feb. 20, 2013)).

To the extent Plaintiff Arrington needed additional time to respond to the Motion because the briefing period coincided with the holiday season, he neither requested an extension from Cook nor filed a written motion for extension (as required by L.R. 6-1(c)(1) before the briefing deadline expired on January 2, 2026.  The Cook Defendants note that they agreed to an extension with Plaintiff Heard (Estate), the only plaintiff among the ten subject to the Motion who indicated a

plan to oppose and asked for an extension of the deadline to respond. *See* Dkt. 27569, Cook Defs.' Omnibus Reply (discussing extension agreed with Plaintiff Heard (Estate) and requesting dismissal of the other nine cases because no one else (including Plaintiff Arrington) responded to the Motion by the deadline). In event the Court allows Plaintiff's belated filing, the Cook Defendants provide the response below to the arguments raised in the Opposition.

**B.** *Bausch* **Does Not Save Plaintiff's Claim or Entitle Him to Discovery Because the Court Has Already Dismissed His Manufacturing Defect Claim to the Extent It Was Ever Pled.**

If the Court elects to consider the underlying briefing cited by Plaintiff Arrington in support of his Opposition, the PSC's arguments in opposition to the prior preemption motion regarding Bird's Nest cases does not save his claim. One of the major disagreements between the parties in the 2018-19 briefing was the scope and applicability of the *Bausch v. Stryker Corp.*, 630 F.3d 546 (7th Cir. 2010) decision to Bird's Nest cases. The PSC argued that federal preemption of PMA devices was "limited" by *Bausch*. Dkt. 9780 at 9. The PSC's reading of *Bausch*, however, was too broad because the Seventh Circuit in *Bausch* held only that manufacturing defect claims may survive preemption if properly pled. 630 F. 3d at 557-58.

*Bausch* is of no help to Plaintiff Arrington here because Plaintiffs' Master Complaint (Dkt. 213) never pled a manufacturing defect claim and any ambiguity about that issue has been resolved by other motion practice. Specifically, the Court entered an order in 2024 dismissing Plaintiffs' manufacturing-defect claims to the extent pled under the laws of 32 states, including New Mexico. *See* Dkt. 26157. In the order, the Court noted that Plaintiffs have not pled a standalone manufacturing defect claim and the only reference to manufacturing defect in the Master Complaint is a conclusory statement pled under the implied warranty claim. *See id.* at 3. Plaintiff Arrington did not amend his complaint after the Court issued this order.

For the same reason, the Court should deny Plaintiff Arrington's request to conduct additional discovery (Opp. at 3) because it would be futile. When the Bird's Nest issue was litigated the first time, the PSC argued Bird's Nest Plaintiffs should be allowed to conduct discovery before ruling on preemption based on their broad reading of *Bausch*. *See* Dkt. 9780 at 30 (discussing *Bausch*, 630 F. 3d at 557). While the Seventh Circuit suggested in *Bausch* that discovery may sometimes be appropriate to allow a plaintiff to plead with more specificity, it did so only in the context of determining "whether the problem is a design problem or a manufacturing problem." *Bausch*, 630 F.3d at 560-61. The *Bausch* court reasoned that there may be situations where it is unclear if the plaintiff's claim implicates a design issue (preempted) or a manufacturing issue (potentially not preempted) and stated that permitting discovery in such situations would be appropriate if the manufacturing defect claim is otherwise properly pled. *See id.*

Here, Plaintiff Arrington no longer has—and indeed never had—a manufacturing defect claim for the reasons explained above. Thus, it would be futile to permit him to conduct further discovery. *Compare Bausch*, 630 F.3d at 560-61 (suggesting discovery is appropriate when determining if the plaintiff has a manufacturing defect claim), *with* Dkt. 26157 at 3 (dismissing manufacturing-defect claims to the extent brought under New Mexico law and 31 other states).

## C. Plaintiff Arrington's "Request" to Amend is Procedurally Improper and Amendment Would Be Futile All His Claims Are Preempted or Otherwise Not Viable.

The Court should dismiss Plaintiff Arrington's claims and deny his request to amend because it is both procedurally inadequate and futile due to preemption.

### 1. Plaintiff's "request" to amend is inadequate under this Court's Local Rules and case law because he has not provided a proposed amended complaint.

To the extent Plaintiff Arrington intended to request an opportunity to amend his complaint, he has not provided a proposed amended complaint other than stating that if he were to

amend, the amendment would "be consistent" with the proposed amended complaint that the PSC attached to its 2018-19 briefing. *See* Opp. at 3 (citing Dkt. 9780-1). Plaintiff's Opposition also discusses further pleading of the consumer fraud claim under New Mexico law, Opp. at 3, but it did not include a proposed amendment or explain how he would amend this claim, and the PSC's amended complaint does not attempt to plead the consumer protection claim under any state's statute, much less New Mexico's Unfair Trade Practices Act, *see generally* Dkt. 9780-1. Accordingly, the Court should deny Plaintiff Arrington's "request" to amend his complaint because he has not properly sought leave and any amendment would be futile.

Under Local Rule 15-1, a request to amend is made by a motion for leave to amend, which must include "the signed proposed amended pleading and a proposed order." L.R. 15-1(a)(1). This common-sense rule concerning the submission of proposed amended pleadings "allows opposing parties to learn exactly what amendments are being sought and informs their decision-making regarding whether to object." *Hornaday-Alberts v. Frechette*, 2025 WL 3275436, at *2 (S.D. Ind. Nov. 25, 2025) (Mag. Baker). Here, Plaintiff Arrington has failed to meet this requirement, leaving the Court and Cook to guess at what amendments he intends to make. This is particularly true with respect to his consumer fraud claim, as the PSC's proposed amended complaint (Dkt. 9780-1)—which Plaintiff references—does not even attempt to plead a consumer protection claim under New Mexico law. Moreover, the PSC's proposed amended complaint was submitted in 2018, **before** this Court issued multiple orders substantially narrowing Plaintiffs' claims in this litigation, as explained below. By not providing any proposed amendments, Plaintiff Arrington has deprived Cook of "the advanced notice that Local Rule 15-1 provides . . . regarding what h[is] amendment will entail." *Hornaday-Alberts*, 2025 WL 3275436, at *2. The Court should therefore deny Plaintiff's "request" for leave to amend, as he has not shown that he can make any

amendments that would save his claims. He should not be permitted to avoid preemption through

ill-defined, hypothetical amendments that Cook has no meaningful opportunity to oppose.

> ### 2. Amendment would be futile because Plaintiff Arrington's claims are preempted and not saved by referencing the PSC's prior briefing.

Regardless, any hypothetical amendment would be futile because all of Plaintiff

Arrington's claims are preempted for the reasons set forth in the Motion. The arguments that the

PSC made in the prior briefing from 2018-19 do not save his claims and amendment would be

futile. Specifically, the PSC argued that the following claims were not preempted: (1) failure to

warn, (2) express warranty, (3) negligence per se, and (4) state consumer protection claims. *See*

Dkt. 9780 at 10-25.[3] All of these claims are preempted or otherwise not viable:

- Failure to Warn: The PSC argued in 2018-19 that failure to warn claims should survive

  because Cook had federal duties not to "misbrand" products and to report certain

  information to FDA such as adverse events and that state law failure-to-warn claims would

  run parallel to these federal duties. *See id*. at 10-18. The argument primarily relied on

  *Hughes v. Boston Sci. Corp.*, 631 F.3d 762, 770-71 (5th Cir. 2011) and *Stengel v.*

  *Medtronic, Inc.*, 704 F.3d 1224, 1232-33 (9th Cir. 2013).[4] The "failure to report" loophole

  has been rejected by courts applying New Mexico law because such allegations amount to

  a fraud-on-the FDA claim that is impliedly preempted under *Buckman* and "these duties

  are not truly parallel as the federal regulations invoke a duty to the FDA, not to consumers,

---

[3] From the Cook Defendants' review of the 2018-19 briefing, the PSC relied on *Bausch* but did not argue
that Plaintiffs had pled manufacturing-defect claims that would survive preemption. *See generally* Dkts.
9780 (PSC's response) & Dkt. 10603 (PSC's sur-rely).

[4] Notably, the Ninth Circuit made a prediction in *Stengel* that Arizona would recognize a state law failure
to warn claims premised on failure to report allegations, but the Arizona Supreme Court held several years
later that there is no basis for such a claim under Arizona law. *See Conklin v. Medtronic, Inc.*, 431 P. 3d
571, 576 (Az. 2018) ("Because only federal law, not state law, imposes a duty on [defendant] to submit
adverse event reports to the FDA, [plaintiff's failure-to-warn claim is impliedly preempted . . . . Because
*Stengel* incorrectly recited and applied Arizona law, we decline to follow it.").

healthcare professionals or other foreseeable users of the product." *Garcia v. Bayer Essure, Inc.*, 631 F. Supp. 3d 1026, 1036 (D.N.M. 2022); *see also Ferguson v. Bayer Essure, Inc.*, 2023 WL 6377495, at *7 (D.N.M. Sept. 29, 2023) (rejecting failure-to-report claim). Thus, *Hughes* and *Stengel* are inapplicable here because New Mexico state law does not recognize "failure to report" claims.

- Express Warranty Claim: The PSC's arguments about the express warranty claim (Dkt. 9780 at 19-22) are irrelevant because the Court has dismissed all Plaintiffs' express warranty claims and Plaintiff Arrington did not attempt to amend his complaint in the time provided by the Court's order dismissing Count V (express warranty) in the Master Complaint. *See* Order, Dkt. 25387 (entering order on March 30, 2024 and allowing Plaintiffs leave to amend by April 26, 2024).

- Negligence Per Se Claim:[5] As explained in the Motion (Dkt. 27529 at 4, 16-18), Plaintiffs' pleading of the negligence per se claim is wholly premised on violations of federal regulations, which renders the claim impliedly preempted under *Buckman*. *See Garcia*, 631 F. Supp. 3d at 1038 (dismissing negligence per se claim). Here, New Mexico does not allow "failure to report" claims and Plaintiff Arrington's manufacturing defect claim has already been dismissed. Thus, Plaintiff Arrington has not identified a viable parallel state law claim and his efforts to invoke negligence per se solely on the basis of federal regulations is preempted. *See, e.g., Aaron v. Medtronic, Inc.*, 209 F. Supp. 3d 994, 1002 (S.D. Ohio 2016) ("As an alternative to private tort suits, Congress granted the FDA extensive authority to police device manufacturers") (citing *Buckman*, 531 U.S. at 349).

---

[5] The Cook Defendants have moved to dismiss all negligence per se claims in the MDL by a separate omnibus motion (Dkt. 25835). That motion is fully briefed and remains pending. Because the underlying Motion is wholly dispositive of the Bird's Nest Plaintiffs' cases, the negligence per se motion need not be decided to resolve the Motion as to Plaintiff Arrington's case.

- <u>Consumer fraud claim – New Mexico Unfair Trade Practices Act</u>:  Plaintiff Arrington's statutory consumer fraud claim runs afoul of both preemption and failure to plead with particularity as required under Federal Rule 9(b).  *See Garcia*, 631 F. Supp. 3d at 1031 (explaining that state law claims sounding in "fraud on the FDA" claims are preempted by *Buckman*); *see also Rodriguez v. Am. Med. Sys., Inc.*, 597 F. App'x 226, 230 (5th Cir. 2014) (holding in a Texas case that the claim brought under a similar Texas statute was preempted where the plaintiff failed to plead specific facts regarding an alleged "marketing defect" in the FDA-approved labeling for the device).  Plaintiffs' Master Complaint here made no attempt to plead specific allegations about the labeling for the Bird's Nest filter, *see generally* Dkt. 213, and Plaintiff Arrington provides no amended complaint or explanation how he would plead a consumer fraud claim that both survives past *Buckman* and meets Rule 9(b)'s heightened pleading standard.[6]  The PSC's proposed amended complaint from 2018-2019 is not helpful to Plaintiff Arrington because it made no attempt to plead a claim under New Mexico's Unfair Trade Practices Act. *See* Dkt. 9780-1.

Accordingly, none of Plaintiff Arrington's arguments save his claims from dismissal and it would be futile to permit him further opportunities to amend.

## CONCLUSION

For the foregoing reasons and the reasons set forth in the Cook Defendants' Motion, the Court should enter judgment on Plaintiff Arrington's claims because they are preempted.

Respectfully submitted,

---

[6] Additionally, this Court has dismissed Plaintiffs' fraudulent concealment claim (Dkt. 25587). While fraudulent concealment was pled in a separate portion of the Master Complaint, the allegations were similar and the Court ruled that those allegations sounded in failure to warn and failure to report. *Id.* at 3.  Such claims are preempted here because the PMA governs the labeling for the Bird's Nest and New Mexico has categorically rejected a state-law basis for claims sounding in failure to report.  *See Garcia*, 631 F. Supp. 3d at 1031.

FAEGRE BAKER DANIELS LLP

Dated: January 26, 2026

*/s/ Andrea Roberts Pierson*

Andrea Roberts Pierson (# 18435-49)
Jessica Benson Cox (# 26259-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
Email: andrea.pierson@faegrebd.com
Email: jessica.cox@faegrebd.com

*Counsel for the Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2026, a copy of the foregoing document was filed electronically, and notice of the filing will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system. Lead Counsel for Defendants will serve any non-CM/ECF registered parties.

*/s/ Andrea Roberts Pierson*