UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION           MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Jones, Dana, 1:16-cv-00703

_____


**DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF DANA JONES'S CASE PURSUANT TO CMO-28**

Under Fed. R. Civ. P. 12(c) and CMO-28, the Cook Defendants move for judgment in Plaintiff's case, which alleges injury based on a fractured IVC filter.

1.      <u>Plaintiff's Name</u>: Dana Jones

2.      <u>Case Number</u>: 1:16-cv-00703

3.      <u>Case Origin</u>: Filed in Southern District of Indiana on March 28, 2016

4.      <u>Plaintiff's Home State per Complaint</u>: Texas (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5.      <u>Applicable Choice of Law Rules</u>: Texas

6.      <u>Applicable Statute of Limitations</u>: Texas (2 years), Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (providing two-year statute of limitations for personal injury causes of action)

7.      <u>Filter Placement Date</u>: September 16, 2010

8.      <u>Latest Possible Date of Accrual</u>: January 18, 2013 (*see* Categorization Medical Record, attached as **Exhibit A** and filed under seal, noting a clinical history of fractured IVC filter and documenting a "Redemonstration of a fractured IVC filter in the infrarenal IVC")

9.      <u>Length of Time Between Claim Accrual and Filing</u>: 3 years, 2 months, 10 days

## <u>BRIEF ARGUMENT</u>

Texas law bars Plaintiff's personal injury claims because she filed her case more than two years after her filter was found to be fractured. *See supra*, ¶¶ 3, 8, 10. Texas recognizes a "very limited" discovery rule. *See Pavich v. Zimmer, Inc.*, 157 F.3d 903, at *2 (5th Cir. 1998) (table) (citing *Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996)). Under Texas law, "[t]he discovery rule applies in cases where 'the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable.'" *Rosman v. Zimmer Dental, Inc.*, 2018 WL 2335358, at *2 (S.D. Tex. Mar. 1, 2018) (quoting *Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1996)). A plaintiff need not discover all the elements of a

- 1 -

cause of action for the limitations period to begin; rather, Texas's "discovery rule speaks only of discovery of the injury." *Coody v. A.H. Robins Co., Inc.*, 696 S.W.2d 154, 156 (Tex. Ct. App. 1985).

Here, Plaintiff's action accrued no later than January 18, 2013. According to her medical records, Plaintiff was informed in March 2012 "that her [Cook] IVC filter was 'protruding' and needed to be replaced." Ex. A at 12.[1] On January 18, 2013, Plaintiff had a second filter placed prior to undergoing a hysterectomy because her Cook filter was "nonfunctioning." *Id.* at 15. The report for that January 18, 2013, procedure additionally states: "Redemonstration of a fractured IVC filter in the infrarenal IVC." *Id.*; *see also id.* (noting "the risks, benefits, and alternatives of the procedure were explained" to Plaintiff prior to the procedure). Based on these facts, Plaintiff knew no later than January 18, 2013, that (1) her Cook filter was "nonfunctioning" and "fractured," and (2) she needed a second filter placed due to the issues with her Cook filter. *See id.* Her claims thus accrued no later than that date, and Plaintiff's personal injury claims are untimely as a matter of law. *See, e.g.*, *Pavich*, 157 F.3d at *2 (stating that "an action accrues, not when the injury becomes certain, but when the claimant should know of his injury"); *see also* Dkt. 21814, Order Granting Defendants' Motion for Judgment Pursuant to CMO-28 (*Trevino*) (applying Texas law and dismissing personal injury claims as time-barred where the plaintiff filed his action more than two years after a failed filter retrieval because "Plaintiff had enough information when he learned of the failed retrieval attempt…to make inquiry into the existence of a possible cause of action.").

---

[1] The Court may consider categorization forms and supporting records on a 12(c) motion when reviewing a CMO-28 motion. *See* Dkt. 18018 (granting motion filed under CMO-28 and stating "Plaintiff's operative report is considered part of the pleadings . . . ."). In fact, Plaintiff's categorization form indicates that the fracture identified about a year before her procedure, "[i]n or around March 2012."

Plaintiff's implied warranty claim is also time-barred under Texas's four-year statute of limitations, which is measured from the date of delivery. *See* Tex. Bus & Comm. Code Ann. § 2.725. Here, Plaintiff filed this action more than six years after receiving her filter. *See* ¶¶ 3, 7, 9.

Plaintiff's express-warranty claim is already dismissed, *see* Dkt. 25387, and her consumer-protection claim fails because this Court has ruled that it has not been adequately pled in the Master Complaint, *see* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."). Plaintiff's Short-Form Complaint does not add any substantive facts to save her consumer-protection claim. Plaintiff's claim for punitive damages fails as derivative. *See Viajes Gerpa, S.A. v. Fazeli*, 522 S.W.3d 524, 545 (Tex. App. 2016) ("Without a finding of tort liability or damages, [Plaintiff's] claim for punitive damages also fails.").

For the foregoing reasons, the Court should dismiss all of Plaintiff's claims with prejudice.

Respectfully submitted,

Dated: May 11, 2026

/s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana 46802
Telephone: (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

### CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2026, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF DANA JONES'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Jessica Benson Cox*

- 4 -