UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND                Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION                 MDL No. 2570

---

This Document Relates Only to the Following Cases:

Dinkins, Lakita, 1:16-cv-01114

---

**DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF LAKITA DINKINS' CASE PURSUANT TO CMO-28**

Under Fed. R. Civ. P. 12(c) and CMO-28, the Cook Defendants move for judgment in Plaintiff's case, which alleges injury based on a fractured IVC filter.

1.    <u>Plaintiff's Name</u>:  Lakita Dinkins

2.    <u>Case Number</u>:  1:16-cv-01114

3.    <u>Case Origin</u>:  Filed in the Southern District Court of Indiana Indianapolis Division on May 5, 2016

4.    <u>Plaintiff's Home State per Complaint</u>: Ohio (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5.    <u>Applicable Choice of Law Rules</u>:  Ohio

6.    <u>Applicable Statute of Limitations</u>:  Ohio (2 years), Ohio Rev. Code § 2305.10(A) ("[A]n action based on a product liability claim and an action for bodily injury…shall be brought within two years after the cause of action accrues.")

7.    <u>Filter Placement Date</u>:  October 1, 2008

8.    <u>Latest Possible Date of Accrual</u>:  April 24, 2014 (*see* Categorization Medical Record, attached as **Exhibit A** and filed under seal, noting a clinical history of fractured IVC filter and documenting a "[F]ractured IVC filter penetrating IVC.")[1]

9.    <u>Length of Time Between Claim Accrual and Filing</u>:  2 years, 0 months, 11 days

### **BRIEF ARGUMENT**

Ohio law bars Plaintiff's personal injury claims because she filed her case more than two years after she became aware that her filter had fractured. *See supra* ¶¶ 3, 8-9. Under Ohio law, "an action based on a product liability claim and an action for bodily injury…shall be brought within two years after the cause of action accrues." Ohio Rev. Code § 2305.10(A). For injuries related to medical devices, a cause of action accrues on "the date … plaintiff is informed by

---

[1] Plaintiff's CCF and categorization medical records are filed separately under seal pursuant to CMO-29. Consistent with prior CMO-28 motions, the Court may consider the categorization form and medical records as part of the pleadings for purposes of Rule 12(c) and CMO-28. *See, e.g.,* Dkt. 18018 ("Plaintiff's operative report is considered part of the pleadings . . . .").

competent medical authority that the plaintiff has an injury that is related to the exposure, or upon the date on which by the exercise of reasonable diligence the plaintiff should have known that the plaintiff has an injury that is related to the exposure." *Id*. § 2305.10(B)(1).

Where an injury is undiscoverable until later due to its latent nature, Ohio's discovery rule tolls the time of accrual to the date on which plaintiff discovers the injury and becomes aware of its cause. *See Baxley v. Harley Davidson-Motor Co.*, 875 N.E.2d 989, 991 (Ohio Ct. App. 2007). However, Ohio's discovery rule "generally applies in cases of latent injury and not in cases of possible defects." *Id*. at 991; *see also In re Cook Med., Inc. (Gehner)*, 110 F.4th 924, 928 (7th Cir. 2024) (applying same rule and affirming summary judgment granted under Ohio law pursuant to a CMO-28). As the Seventh Circuit held in another case from this MDL also involving a time-barred fracture claim under Ohio law, "awareness of an injury is enough to put a reasonable person on notice of the need for further inquiry," even where the alleged defect is latent. *In re Cook Med., Inc. (Gehner)*, 110 F.4th at 928. A plaintiff need only have "constructive knowledge of the facts, rather than actual knowledge of their legal significance" for the statute of limitations to begin to run. *Baxley*, 875 N.E.2d at 991.

Because Plaintiff here does not allege a latent injury, Ohio's discovery rule is inapplicable. *See In re Cook Med., Inc. (Gehner)*, 110 F.4th at 928. On April 24, 2014, Plaintiff attended a consult specifically for her "fractured IVC filter penetrating IVC." Ex. A at 8. In other words, Plaintiff presented for the consultation ***because*** her filter was fractured and she was seeking treatment for that fractured filter. *See id.* Based on these facts, Plaintiff's personal injury claims accrued no later than April 24, 2014. *In re Cook Med., Inc. (Gehner)*, 110 F.4th at 928 ("[O]nce Gehner was aware of the causal relationship between her injury and the IVC filter, she was put on sufficient notice that the filter may have been defective, thereby starting the two-year

3

statute of limitations clock."). Because she filed her case more than two years later, her personal injury claims are time-barred as a matter of law.

Plaintiff's implied warranty claim fails because Ohio law subjects warranty claims to the same two-year statute of limitations discussed above. *See, e.g.*, *Caterpillar Fin. Servs. Corp. v. Harold Tatman & Sons Ents.*, 137 N.E.3d 512, 524 (Ohio Ct. App. 2019) (citation omitted) ("Tatman and Son's claims for breach of implied warranty in tort and negligence are governed by the two-year statute of limitations in [Ohio Rev. Code] 2305.10.").

Plaintiff's express-warranty claim is already dismissed, *see* Dkt. 25387, and her consumer-protection claim fails because this Court has ruled that it has not been adequately pled in the Master Complaint, *see* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."). Plaintiff's Short-Form Complaint does not add any substantive facts to save her consumer-protection claim.

Plaintiff's request for punitive damages fails because it is derivative of her substantive claims that fail as a matter of law for the reasons discussed above. *See Martcheva v. Dayton Bd. of Educ.*, 179 N.E.3d 687, 708 (Ohio App. 2d Dist. 2021) (holding that a request for punitive damages is derivative and "relies on the survival of at least one of [Plaintiff's] primary claims.").

For the foregoing reasons, the Court should dismiss all of Plaintiff's claims with prejudice.

4

Respectfully submitted,

Dated:  May 14, 2026

/s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2026, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF LAKITA DINKIN'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*
Jessica Benson Cox

5