UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND           Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION            MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Ricardo Clay, Case No. 1:16-cv-03262

_____

**DEFENDANTS' MOTION FOR JUDGMENT IN
PLAINTIFF RICARDO CLAY'S CASE PURSUANT TO CMO-28**

Under Fed. R. Civ. P. 12(c) and CMO-28, the Cook Defendants move for judgment in Plaintiff's case, which alleges injury based on, among other things, a fractured IVC filter.

1.      Plaintiff's Name:  Ricardo Clay

2.      Case Number:  1:16-cv-03262

3.      Case Origin:  Filed in United States District Court Southern District of Indiana on December 1, 2016

4.      Plaintiff's Home State per Complaint: Ohio (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5.      Applicable Choice of Law Rules:  Ohio

6.      Applicable Statute of Limitations:   Ohio (2 years), Ohio Code § 2305.10(A) (providing two-year statute of limitations for product liability causes of action)

7.      Filter Placement Date:  May 7, 2010

8.      Latest Possible Date of Accrual:   June 28, 2012 (*see* Categorization Medical Record, attached as **Exhibit A** and filed under seal, noting a clinical history of fractured IVC filter and documenting an "IVC filter with at least 2 broken limbs.")

9.      Length of Time Between Claim Accrual and Filing:  4 years, 5 months, 3 days

**BRIEF ARGUMENT**

Ohio law bars Plaintiff's personal injury claims because he filed his case more than two years after his filter was diagnosed as fractured. *See supra* ¶¶ 3, 8-9. The medical records supporting Plaintiff's categorization show that Plaintiff's IVC filter was found to have fractured by at least June 28, 2012, when he presented to the hospital with back and flank pain. *See* Ex. A at 7. Accordingly, these records establish that Plaintiff was aware (or, through the exercise of reasonable diligence, should have known) of his claimed filter fracture injury—at the latest—on June 28, 2012. *See, e.g.*, Dkt. 18681 (*Thompkins*) (dismissing fracture case under Ohio law and holding that "Plaintiff was on notice of her injury as of February 15, 2003, when she learned her

1

filter had fractured"); *see also O'Stricker v. Jim Walter Corp.*, 447 N.E. 727, 732 (Ohio 1983) (noting that a cause of action accrues when, "by the exercise of reasonable diligence, [the plaintiff] should have become aware that he had been injured"). But Plaintiff did not file his action until December 1, 2016, over 4 years later. Therefore, his claims are time-barred by over two years. *See* Ohio Rev. Code § 2305.10(A).

Ohio's discovery rule does not save Plaintiff's claims. Ohio's discovery rule is limited to discovery of latent injuries, not knowledge of alleged defects. *See Carter v. Medtronic, Inc.*, 2020 WL 2319729, at *4 (S.D. Ohio May 11, 2020). And this Court has declined to apply the Ohio discovery rule in cases where Plaintiffs have alleged injuries based on filter fractures, failed filter retrievals, complicated filter retrievals, and open filter removals, because the injuries alleged were not latent. *See, e.g.*, Dkt. 18681 (*Thompkins*) (dismissing case and holding that a filter fracture and subsequent removal surgery were not latent injuries where Ohio's discovery rule applies); Dkt. 21835 (*King*) (dismissing case and holding that a failed retrieval is not a latent injury where Ohio's discovery rule applies); Dkt. 21837 (*Wharton*) (dismissing case and holding that an alleged complicated retrieval is not a latent injury where Ohio's discovery rule applies). Here, as in the previous cases this Court has dismissed as time-barred under Ohio law, Plaintiff does not claim a latent injury that would trigger Ohio's discovery rule. The Ohio discovery rule does not apply, and Plaintiff's claims should be dismissed. *See, e.g.*, *Carter*, 2020 WL 2319729, at *4.

Likewise, it is immaterial that Plaintiff alleges later filter-related injuries. Plaintiff need not have known the full extent of his injuries for the statute-of-limitations period to commence. *See Schmitz v. Nat'l Coll. Athletic Ass'n,* 67 N.E.3d 852, 863 (Ohio Ct. App. 2016); *see also Allen v. Anderson Windows, Inc.*, 913 F. Supp. 2d 490, 508 (S.D. Ohio 2012) ("[Plaintiff] has alleged

2

ongoing injury, not an ongoing tort. Thus, [Plaintiff] cannot rely on the continuing tort doctrine to toll the running of the statute of limitations.").

Plaintiff's express-warranty claim is already dismissed, *see* Dkt. 25387, and his consumer-protection claim fails because this Court has ruled that it has not been adequately pled in the Master Complaint, *see* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."). Plaintiff's Short-Form Complaint does not add any substantive facts to save the consumer-protection claim. Plaintiff's claim for punitive damages fails as derivative, *see Martcheva v. Dayton Bd. of Educ.*, 179 N.E.3d 687, 708 (Ohio Ct. App. 2021), as does his spouse's loss-of-consortium claim, *Makoski v. Zimmer Holdings, Inc.*, 538 F. Supp. 3d 757, 763 (N.D. Ohio 2021).

For the foregoing reasons, the Court should dismiss all of Plaintiff's claims with prejudice.

Respectfully submitted,

Dated:  May 20, 2026

/s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2026, a copy of the foregoing **DEFENDANTS' MOTION**

**FOR JUDGMENT IN PLAINTIFF RICARDO CLAY'S CASE PURSUANT TO CMO-28**

was filed electronically, and notice of the filing of this document will be sent to all parties by

operation of the Court's electronic filing system to CM/ECF participants registered to receive

service in this matter.  Parties may access this filing through the Court's system.


*/s/ Jessica Benson Cox*

5