UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND             Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION            MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Jones, Dana, Case No. 1:16-cv-00703

_____

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR JUDGMENT
IN PLAINTIFF DANA JONES' CASE PURSUANT TO CMO-28**

The Court should dismiss Plaintiff's case in its entirety.[1] Plaintiff's personal injury claims are time-barred under Texas's two-year statute of limitations. Tex. Civ. Prac. & Rem. Code § 16.003(a). Plaintiff's own medical records establish that she knew no later than January 18, 2013, that her Cook IVC filter was fractured and nonfunctioning—yet she did not file suit until March 28, 2016, more than three years later. Plaintiff's attempt to invoke the discovery rule fails because the diagnosis of a fractured filter provided her with sufficient information to trigger inquiry into her legal rights. Even if considered, the external documents attached to Plaintiff's Response do not create a genuine dispute of material fact regarding when her claims accrued, and her remaining arguments are contrary to both the undisputed record and controlling law.

A.  **Disposition of Plaintiff's Case on a Motion for Judgment on the Pleadings is Appropriate, and Conversion of the Motion to a Motion for Summary Judgment Would Not Save Plaintiff's Claims from Dismissal.**

Plaintiff's case is subject to dismissal on the pleadings, and Cook's decision to bring the motion under Rule 12(c) is procedurally appropriate. Plaintiff argues that Cook's "motion should be evaluated as one for summary judgment, not as a motion on the pleadings," because Cook attached medical records with its opening motion. Dkt. 27932, Pl.'s Resp. at 2. Plaintiff's argument misses the mark. In this litigation, the Court may consider case categorization forms and medical records submitted in support of categorization in evaluating a motion under Rule 12(c). *See, e.g.,* Dkt 18018 (*Snider*) (granting motion filed under CMO-28 and stating, "Plaintiff's operative report is considered part of the pleadings . . . ."). Because the medical records that Cook attached to its motion were submitted by Plaintiff as part of her case categorization, the medical records are part

---

[1] The Cook Defendants note that Plaintiff's response is both untimely and over the page limit. Under CMO-28, Plaintiff has 15 days from Cook's filing of a motion on the pleadings to file a response of no more than 3 pages. Dkt. 14601 at ¶ 5. Yet, Plaintiff filed a 10-page response 30 days after the filing of Cook's opening motion. *See generally* Dkt. 27932, Pl.'s Resp.; Dkt. 27889, Cook's Motion.

1

of the pleadings for purposes of Cook's Rule 12(c) motion for judgment on the pleadings. *See id.*; Dkt. 27890 (Cook's sealed Exhibit A).

Nevertheless, Plaintiff has attached additional medical records and other materials to her response that were ***not*** submitted with her Case Categorization Form and are thus outside the pleadings. *See* Dkt. 27932-2 (Exhibits to Plaintiff's Response). If the Court believes these additional records are necessary to evaluate the timeliness of Plaintiff's claims, the Court may, at its discretion, convert Cook's motion to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). Regardless of whether the Court converts Cook's motion to a summary judgment motion, Plaintiff's claims are still time-barred as a matter of law for the reasons set forth below and in the opening motion.

**B.      Plaintiff's Fracture Diagnosis Was Sufficient to Commence the Limitations Period.**

Plaintiff's fracture diagnosis was, in and of itself, sufficient to commence the limitations period as a matter of law. Plaintiff's argument to the contrary strains credulity. Plaintiff argues that the objective information in her medical records did not provide "evidence of an injury, nor did Defendants provide any documentation that proves that Plaintiff was injured at either time." Dkt. 27932, Pl.'s Resp. at 1. According to Plaintiff, "the mere presence of a fracture" is not "a legally cognizable injury" and that "[i]t is only when a filter causes . . . adverse effects—perforation, migration, or surgical procedures to remove a filter or fragments—that an injury has been established." *Id.* at 2.

At the outset, Plaintiff's contention is incompatible with the position that Plaintiffs' leadership and other plaintiffs have taken throughout the course of this litigation. For example, Second Amended Case Management Order No. 32—which requires each plaintiff in the MDL to certify that the amount-in-controversy requirement has been met in his or her case—exempts

plaintiffs alleging open removal, fracture, and death cases from certification **because** plaintiffs have maintained that such injury allegations are legally cognizable and facially meet the amount-in-controversy requirement. *See generally* Dkt. 26952. The logical implications of Plaintiff's argument is that a mere fracture is not an actual injury and would thus require extending the amount-in-controversy certification requirement under CMO-32 to all plaintiffs alleging fracture claims and require them to submit supplemental proof of symptomatic injury for fracture claims. In fact, Plaintiff's argument would necessarily mean that plaintiffs who have alleged a fracture without a symptom have suffered no injury at all, subjecting their cases to dismissal for failure to state a claim. *In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 155 F. Supp. 2d 1069, 1086 (S.D. Ind. 2001) ("The sale of a defective product, in and of itself, is not an actionable tort. An essential element of a product liability tort claim is an injury to the plaintiff's person or property[.]").

Regardless, Plaintiff's position is incompatible with this Court's holding in at least one similarly situated case dismissed pursuant to CMO-28. *See, e.g.*, Dkt. 20386 (*Alfieri*) (dismissing fracture case under Nevada law). In *Alfieri*, the Court did not consider whether the diagnosed fracture resulted in symptoms; the diagnosed fracture was in and of itself sufficient to commence the limitations period. *See id.* The same is true here. The Seventh Circuit affirmed the dismissal of Plaintiff Alfieri's claims, holding that "[t]he question before us is whether Alfieri alleged that the filter fracture caused an injury, not whether the defendants conceded the existence of such an injury. Alfieri's representations in the court below defeat her argument on appeal that no injury was alleged at the time of the filter fracture." *In re Cook Med., Inc. (Alfieri)*, 2023 WL 2850028, at *1 (7th Cir. Apr. 10, 2023).

3

Here, the categorization medical records leave no room for doubt that Plaintiff's claim is time-barred. On January 18, 2013, Plaintiff underwent a procedure to place a second IVC filter precisely because her Cook filter was "nonfunctioning." Dkt. 27890, Ex. A at 15. The operative report is unequivocal: "Redemonstration of a fractured IVC filter in the infrarenal IVC." *Id.* The report further documents that "the risks, benefits, and alternatives of the procedure were explained" to Plaintiff before the procedure. *Id.* Further, a prior notation from February 2013 states that Plaintiff had already been informed "that her [Cook] IVC filter was 'protruding' and needed to be replaced." *Id.* at 12. These records conclusively establish that Plaintiff knew her Cook filter was fractured, nonfunctioning, and required replacement—that is, Plaintiff knew she was injured.

Plaintiff's attempt to recharacterize a confirmed fracture diagnosis as something other than an injury is legally untenable. Under Texas law, a plaintiff need not discover all elements of a cause of action for limitations to begin running; the "discovery rule speaks only of discovery of the injury." *Coody v. A.H. Robins Co., Inc.*, 696 S.W.2d 154, 156 (Tex. Ct. App. 1985). And an "action accrues, not when the injury becomes certain, but when the claimant should know of his injury." *Pavich v. Zimmer, Inc.*, 157 F.3d 903, at *2 (5th Cir. 1998) (table). Plaintiff was not merely told she *might* have a problem—she was told her filter was fractured and nonfunctioning, and she underwent an invasive procedure to replace it, something that Plaintiff seemingly admits is an injury that triggers the statute of limitations. Dkt. 27932, Pl.'s Resp. at 2.[2] That information was more than sufficient to put Plaintiff on notice that "there was a reasonable possibility that the filter harmed [her], and that [she] should inquire into [her] rights," as this Court has ruled in multiple prior cases. *See* Dkt. 18391 (*Heintzman*)[3]; Dkt. 21814 (*Trevino*) (applying Texas law).

---

[2] Notably, Plaintiff selected Category 7(c) (fracture) as her highest claimed injury in her CCF.

[3] While *Heintzman* was decided under Indiana and Ohio law, the discovery rule in Indiana and Texas function in a similar manner. *See In re Mirena Prods. Liab. Litig. (Truitt)*, 29 F. Supp. 3d 345, 356-58

4

Plaintiff's self-serving affidavit claiming she was never told about the fracture cannot rescue her time-barred claims. Even if the Court converts Cook's motion to one for summary judgment, a party's self-serving testimony that contradicts contemporaneous medical records is insufficient to create a genuine issue of material fact. *See Greer v. Himelick,* 2014 WL 1031286, at \*3 (N.D. Ind. Mar. 17, 2014) ("[T]he law is clear in this Circuit that conclusory statements without adequate evidentiary support are not enough to defeat summary judgment."). Critically, Plaintiff's affidavit does not—and cannot—dispute that she underwent a procedure on January 18, 2013, to have a second filter placed because her Cook filter was nonfunctioning. That undisputed fact alone establishes her knowledge of injury sufficient to trigger the statute of limitations.

## C.    Texas's Discovery Rule Does Not Save Plaintiff's Claims.

Plaintiff contends the discovery rule saves her claims because her injury was "inherently undiscoverable" until June 2015, when she saw a television advertisement and contacted an attorney. Dkt. 27932, Pl.'s Resp. at 5-9. This argument is meritless for multiple reasons.

First, the discovery rule in Texas is "very limited," *Pavich*, 157 F.3d at \*2, and only "applies in cases where 'the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable.'" *Rosman v. Zimmer Dental, Inc.*, 2018 WL 2335358, at \*2 (S.D. Tex. Mar. 1, 2018) (quoting *Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1996)). The discovery rule, however, "does not operate to toll the running of the limitation period until such time as plaintiff discovers all of the elements of a cause of action." *Coody*, 696 S.W.2d at 156. Rather, the rule "speaks only of discovery of the injury." *Id.*

---

(S.D.N.Y. 2014) (discussing similarities between Texas and Indiana law and holding that plaintiff's claim was time-barred under both). Thus, the Court's ruling in *Heintzman* that a failed retrieval attempt triggers the statute of limitations applies equally under Texas law. *See e.g., Shepherd v. Danek Med.*, 1999 WL 1129705, at \*1 (S.D. Tex. Aug. 13, 1999) (holding that claim accrued upon removal of the device).

Plaintiff's injury was not inherently undiscoverable—it was, in fact, discovered. Unlike the plaintiffs in *Pavich* and *Brandau*—who experienced only unexplained pain before receiving a diagnosis—Plaintiff was expressly told that her Cook IVC filter was fractured, nonfunctioning, and required replacement. Dkt. 27890, Ex. A at 15. Plaintiff then underwent an invasive procedure specifically because of the filter's failure. *See id.* The very cases Plaintiff cites thus doom her argument: in *Brandau*, the limitations period began upon a tentative diagnosis—not the onset of pain. *Brandau v. Howmedica Osteonics Corp.,* 439 F. App'x 317, 321 (5th Cir. 2011) ("cause of action accrues only after [plaintiffs] received some information regarding a tentative diagnosis, not when they begin to experience pain or discomfort"). Here, Plaintiff received far more than a tentative diagnosis. She was expressly told her filter was fracture and had to be replaced.

Second, Plaintiff misapplies *Vaught v. Showa Denko K.K.*, 107 F.3d 1137 (5th Cir. 1997), which only reinforces that her claims are untimely. In *Vaught*, the Fifth Circuit held that the plaintiff's cause of action accrued when she read a newspaper article concerning her ailments, connected her symptoms with a particular disease, and contacted an attorney. *Id.* The operative question is "whether the plaintiff has knowledge of facts which would cause a reasonable person to diligently make inquiry to determine his or her legal rights." *Id.* at 1141-42. If reading a newspaper article is enough when a diagnosis linking the product is missing, then surely Plaintiff's physician expressly telling her that her implanted filter is fractured and nonfunctioning—and undergoing a procedure to replace it—is more than enough to trigger the statute of limitations.

Indeed, this situation is analogous to an earlier case in this MDL. In *Gehner*, the plaintiff argued that her fracture claim did not accrue at the time her injury was diagnosed because she did not learn that her filter was "defective" until seeing attorney advertisement about the filter litigation. *In re Cook Med. Inc. (Gehner)*, 110 F.4th 924, 927 (7th Cir. 2024) (applying Ohio law).

The Seventh Circuit rejecting the advertising argument because the statute of limitations began to run upon the plaintiff's "awareness of an injury [because that] is enough to put a reasonable person on notice of the need for further inquiry even when a defect is latent." *Id.* at 928.

Third, this Court has already resolved this precise issue against a similarly situated plaintiff under Texas law. In *Trevino*, the Court dismissed a plaintiff's IVC filter claims as time-barred where the plaintiff filed his action more than two years after a failed filter retrieval, holding that "Plaintiff had enough information when he learned of the failed retrieval attempt ... to make inquiry into the existence of a possible cause of action." Dkt. 21814. Here, the case for dismissal is even stronger: Plaintiff was told her filter was fractured and nonfunctioning, and she underwent a procedure to remove the fractured filter and replaced it with a second filter. If knowledge of a failed retrieval triggers the limitations clock, knowledge of a confirmed fracture and replacement procedure indisputably does so too.

Finally, Plaintiff's argument that Cook bears the burden of negating the discovery rule does not alter the outcome. While a defendant must "conclusively prove when the cause of action accrued and . . . negate the discovery rule by proving as a matter of law there is no genuine issue of fact concerning when the plaintiffs discovered or should have discovered the nature of the injury," *Gallier v. Woodbury Fin. Servs.*, 171 F. Supp. 3d 552, 564 (S.D. Tex. 2016), Cook has met that burden here. The undisputed medical records conclusively establish that Plaintiff's claims are time-barred because she was diagnosed with a fractured, nonfunctioning IVC filter on January 18, 2013, for which a second filter was placed. Plaintiff's self-serving affidavit—which contradicts those contemporaneous records—does not create a genuine issue of material fact.

7

Plaintiff does not object to dismissal of her claims for "implied warranty, express warranty, consumer protection claims, and request for punitive damages." Dkt. 27932, Pl.'s Resp. at 10. All of those claims are thus waived. *See Bonte v. U.S. Bank N.A.*, 624 F.3d 461, 466 (7th Cir. 2010).

For the foregoing reasons and the reasons stated in the motion, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

Dated: July 2, 2026

/s/ *Jessica Benson Cox*
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
320 S. Canal Street, Suite 3300
Chicago, Illinois 60606
Tel: (312) 569-1325
stephen.bennett@faegredrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2026, a copy of the foregoing **REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF DANA JONES'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Jessica Benson Cox*