**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| IN RE: COOK MEDICAL, INC., IVC | § | Case No. 1:14-ml-2570-RLY-TAB |
| FILTERS MARKETING, SALES | § | |
| PRACTICES AND PRODUCTS | § | MDL No. 2570 |
| LIABILITY LITIGATION | § | |
| | § | |
| This document relates to: | § | |
| | § | |
| All Category 7 cases | § | |
| | § | |

**PLAINTIFFS' MOTION FOR SUGGESTION**
**OF REMAND OF ALL CELECT CASES**

Comes now the Plaintiffs' Steering Committee and files this motion for suggestion of remand of all Celect cases, and would respectfully show as follows:

**BACKGROUND**

This MDL was established on October 15, 2014, and is now well into its 12th year. There are nearly 28,000 docket entries. Over 500 suggestions of death have been filed, including a dozen in the last two months.Many more plaintiffs have died without any such suggestion being filed.

At present there are only six products liability MDLs pending anywhere that are older than this one. Only one of them, the Fosamax MDL in the District of New

1

Jersey, has any significant number of cases pending; the others have a small handful of cases or are simply inactive.[1]

In April 2019, plaintiffs moved for remand and transfer of all remaining cases. *See* Dkt. 10439. On April 7, 2020, the Court denied that motion, holding that because no bellwether trial involving the Tulip filter or Category 5 or 6 cases had been tried, "pre-trial proceedings have not concluded in this MDL." Dkt. 13935. The Court denied another motion to remand (Dkt. 12730), from an individual plaintiff, the same week, also noting that "pre-trial proceedings have not concluded in this MDL." Dkt. 13924. Plaintiffs filed a motion for suggestion of remand of all category 7 cases in February of 2023 (dkt. 23580). The Court denied it on June 16, 2025 (dkt. 26920).

It thus remains true that not a single case has ever been remanded for trial from this MDL, despite it being, by a substantial margin, the oldest products liability MDL in the country with any significant number of cases. Plaintiffs now respectfully request that the Court suggest remand of all Celect cases. As detailed below, all pretrial proceedings in these cases have long since concluded, and plaintiffs are entitled to remand. There is no basis on which they can simply linger indefinitely in this Court without ever getting an opportunity to progress to trial.

---

[1] This information is derived from statistics published on the first of each month by the Judicial Panel on Multidistrict Litigation. See jpml.uscourts.gov/pending-mdls-O, and in particular the "Pending MDLs by Docket Type" and "Pending MDLs by District" charts.

## ARGUMENT

Each of the Celect cases was either transferred to this Court as a tag-along case or was direct-filed in this Court as an expedient, to save time and money for both the parties and the judicial system. "Direct filing can be a useful tool in managing multidistrict litigation because it 'eliminates the judicial inefficiency that results from two separate clerk's offices having to docket and maintain the same case and three separate courts (the transferor court, the MDL Panel, and the transferee court) having to preside over the same matter.'" *Looper v. Cook Inc.*, 20 F.4th 387, 390 (7th Cir. 2021), quoting Hon. Eldon E. Fallon, *Bellwether Trials in Multidistrict Litigation*, 82 Tul. L. Rev. 2323, 2355 (2008). In this case, the Court and the parties have "proceeded as if direct filing were permissible and as if a direct-filing order were on the books." *Looper*, 20 F.4th at 396.

Once pretrial proceedings in a particular case in an MDL have concluded, that plaintiff is *entitled* to remand of his or her case. This fundamental rule of MDL procedure flows from both the basic function and purpose of MDL proceedings, and the *Lexecon* rule. As to the first, as the Court is of course aware, this MDL exists to supervise "coordinated or consolidated pretrial proceedings[,] … for the convenience of parties and witnesses and … the just and efficient conduct of such actions." 28 U.S.C. §1407(a). And MDL cases *shall* be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred…" *Id.* (emphasis added). This statute imposes an "instruction … in terms of the mandatory 'shall,' which normally creates an obligation impervious to judicial

discretion." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998), citing *Anderson v. Yungkau*, 329 U.S. 482, 485 (1947). "It is undisputed that the word 'shall' imposes a mandatory command. "'Shall' means 'must.'" *Bufkin v. Collins*, 604 U.S. 369, 379 (2025), citing *Shapiro v. McManus*, 577 U.S. 39, 43 (2015), and *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 171-72 (2016). *See also, e.g., Alonso v. Swearingen*, 2026 WL 1042517, *2 (S.D. Ind. Apr. 17, 2026) (statute providing that an alien "shall be detained" in certain circumstances means that "detention is mandatory.").

While the Judicial Panel on Multidistrict Litigation ("Panel") has the ultimate power to remand cases from the MDL, *see* § 1407(a) and *Lexecon, supra*, as the Court is also aware, the Panel typically relies on the transferee court to suggest when it should order remand. J.P.M.L. Rule 10.1(b); *see In re Motor Fuel Temp. Sales Prac. Litig.*, 2012 WL 1963350, *1 (D. Kan. May 30, 2012). The transferee court may suggest to the Panel that cases be remanded where they are "ready for trial, or . . . would no longer benefit from inclusion in the coordinated or consolidated pretrial proceedings." *In re Multi-Piece Rim Prods. Liab. Litig.*, 464 F. Supp. 969, 975 (J.P.M.L. 1979); *see also, e.g., In re TMJ Implants Prods. Liab. Litig.*, 872 F. Supp. 1019, 1038 (D. Minn. 1995). In determining whether cases will benefit from further coordinated proceedings, "the Court looks to the totality of the circumstances. Remand is appropriate where everything that remains to be done is case-specific or where remand will serve the convenience of the parties and witnesses and will

promote the just and efficient conduct of the litigation." *In re Motor Fuel*, 2012 WL 1963350, at \*2 (internal quotations and citations omitted).

It is indisputable that all pretrial proceedings as to Celect claims have concluded. Cook itself insisted almost ten years ago, during a status conference, that *all* discovery was over -- period. This led to an order that plaintiffs provide Cook with a letter stating everything they still needed. Plaintiffs complied and sent the attached letter dated November 24, 2016. (Exhibit A, Letter to Douglas King, Esq.)

At a May 2, 2018 hearing before the Court, Cook again unambiguously stated that discovery is closed:

> Ms. Pierson: "[T]here was a long list of grievances that Mr. Martin had with Cook about things that Cook had not produced, and you told the plaintiffs essentially: Send them a list of what your grievances are and Cook, you take care of that list. We did. That was back in 2016 and early 2017.
>
> It's our position from that point on that discovery was closed, and we had this issue come up in the Hill case and made the argument then company discovery is closed. We produced millions of pages of documents. We spent so much time and money letting the plaintiffs everything they wanted to discover about these products, but we ought not to be responding to new things. The issue in that motion is again, we're asking Your Honor to make clear *company discovery was closed a long time ago. We're not going back and redoing that*. But the parties have fully briefed the issue and we stand on our papers and are prepared for you to rule whenever you are prepared to rule.

(Exhibit B, May 2, 2018 Hearing Transcript at 37:8-25; 38:1-2), (emphasis added). Nearly ten years later, time continues to pass. There is no path to adjudication or resolution for for the injured claimants remaining in this MDL, despite this Court's best efforts.

As to Celect cases specifically, this Court itself has recognized that all pretrial proceedings have been completed. At the motions hearing and status conference held on June 12, 2025, the Court stated as follows:

> THE COURT:     As we have discussed before, this is actually two MDLs.  Tulip -- there's two devices there.
>
> MR. WILLIAMS:  There are.
>
> THE COURT:     Actually, three.  So it's a little different.  *You know, if there wasn't a Tulip here, you know, we've done everything, basically.*

(*See* transcript of June 12, 2025 hearing, attached as exhibit C, at 67 (emphasis added).) Cook has acknowledged the same thing.  At the same hearing, Cook stated as follows:

> We talked about the work of an MDL, and as you know better than all of us, a big part of the work of the MDL is to push cases to bellwether trials in part so that the Court can address the legal issues that those cases present in a way that can be applied to any cases that are -- that are remanded.  *We haven't done that with the Tulip cases at all.*  So that's an important part of the work that remains to be done by the parties and by this Court, and that's why we need a bellwether plan.

Ex. C at 76 (emphasis added). Cook stated that, in its view, the Court should "set values and … address the legal issues that cross the Tulip cases … ." *Id.* at 56. Given these acknowledgments, all Celect claimants were entitled to remand long ago.

"Remand is appropriate where everything that remains to be done is case-specific *or* where remand will serve the convenience of the parties and witnesses and will promote the just and efficient conduct of the litigation." *In re Motor Fuel Temp.*

6

*Sales, supra,* 2012 WL 1963350 at *2 (emphasis added); *see also Manual for Complex Litig.* § 20.133 (4th ed.) ("The transferee court should consider when remand will best serve the expeditious disposition of the litigation."). Similarly, the Court looks to the "interest of justice" to determine whether transfer under Section 1404(a). 28 U.S.C. § 1404(a). "There are only so many motions one judge can decide, so many discovery disputes one judge can resolve, and so many bellwether trials one judge can conduct. Delays can stretch out as other cases languish in the queue." Thodore Rave and Francis McGovern, *A Hub and Spoke Model of Multidistrict Litigation*, 84 Law & Contemporary Problems 21, 22 (2021). One publication from the Federal Judicial Center (previously relied upon by Cook, *see* Dkt. 11029, at 30, 34), *Ten Steps to Better Case Management, a Guide for Multidistrict Litigation Transferee Judges*, states that the time for remand is simply "when coordinated or consolidated pretrial proceedings no longer serve a valid purpose."[2]

And while the Court was correct before, in noting that only two bellwether cases had been tried at that time, such that plaintiffs should let that process continue, the bellwether process itself has now extended for many more years. Plaintiffs are not aware of any other bellwether process that has lasted this long. For comparison's sake, in the Vioxx MDL, involving many more claimants, all federal bellwether trials

---

[2] JPML & Federal Judicial Center, *Ten Steps to Better Case Management, a Guide for Multidistrict Litigation Transferee Judges* § X(a) (2d ed. 2014), available at https://www.fjc.gov/sites/default/files/2014/Ten-Steps-MDL-Judges-2D.pdf. *See also* Eldon E. Fallon et. al., *Bellwether Trials in Multidistrict Litigation*, 82 Tul. L. Rev. 2323, 2332 (2008) (noting that the purpose of the bellwether process is to "provide meaningful information and experience to everyone involved in the litigations").

were completed in approximately a year. *See* Eldon E. Fallon et. al., *Bellwether Trials in Multidistrict Litigation*, 82 Tul. L. Rev. 2323, 2336 (2008).

Some delay in a large MDL is, of course, inevitable. But it is undeniable that the longer plaintiffs wait, the greater the risk of prejudice. There is always potential prejudice in delay – memories fade, witnesses (including, here, treating physicians) become unavailable, but here, the prejudice runs in one direction: Cook can wait, but those who are injured cannot.

Cook will inevitably argue that it has been negotiating with some unknown number of law firms to settle cases, and that the Court should preserve the status quo, indefinitely, to allow further negotiations to continue. That would come as no surprise, because the status quo – in which there is no potential for trial for thousands of plaintiffs – is overwhelmingly favorable to Cook for purposes of those negotiations. As one district court judge explained, outside of an MDL, a failure to settle usually results in a trial, but in an MDL, "it is solely the transferee judge who controls the risk of trial. The litigant who refuses to settle can never get back to his home court to go before a local jury unless the transferee judge agrees. *Once trial is no longer a realistic alternative, bargaining shifts in ways that inevitably favor the defense.*" *DeLaventura v. Columbia Acorn Tr.*, 417 F. Supp. 2d 147, 155 (D. Mass. 2006) (emphasis added). Moreover, whatever Cook may be doing with regard to some plaintiffs or law firms, there indisputably remain many plaintiffs still awaiting their day in court.

8

Plaintiffs acknowledge that Judge Baker has conducted numerous settlement conferences that have resulted in the resolution of many cases. Those conferences can continue, of course, and any plaintiff who does not want his or her case to be remanded, so that he or she can participate in that process, can simply say so.  But there is no basis upon which a plaintiff, who simply wants his or her day in court, can be forced to participate in an indefinite settlement program.

In sum, all Celect cases are entitled to remand now.  Both the Court and Cook have stated that the only remaining work for this MDL relates to Tulip cases. Plaintiff disagrees even as to those cases; as the Court is aware, it is plaintiffs' firm position that no further bellwether trials will serve any useful purpose, and nothing further remains for this Court to do. But there can be no dispute on this score as to Celect cases and so those "shall be remanded" pursuant to 28 U.S.C. §1407(a).

## CONCLUSION

For all of the above reasons, plaintiffs respectfully pray that the Court suggest to the Judicial Panel on Multidistrict Litigation, that all remaining Celect cases be remanded to their transferor courts.

Respectfully submitted,

*/s/ Joseph N. Williams*
Joseph N. Williams
Williams Law Group, LLC
1101 North Delaware St.
Indianapolis, IN  46202
(317) 672-0948
Email:  joe@williamsgroup.law
*Liaison Counsel to Plaintiffs*
*Steering Committee and on*
*Behalf of Plaintiffs*

9

*Steering Committee*

Michael Heaviside
Heaviside Reed Zaic
800 Connecticut Ave.
Suite 300
Washington, DC  20006
(202) 223-1993
mheaviside@hrzlaw.com

Ben C. Martin
Law Office of Ben C. Martin
3141 Hood St.
Suite 600
Dallas, TX  75219
(214) 761-6614
bmartin@martinbaughman.com

David P. Matthews
Matthews and Associates
2509 Sackett St.
Houston, TX 77098
(713) 522-5250
dmatthews@thematthewslawfirm.com

Charles S. Siegel
Waters Kraus Paul & Siegel
3141 Hood St., Suite 700
Dallas, TX  75219
(214) 357-6244
siegel@waterskraus.com

## Certificate of Service

I hereby certify that on the 6th day of July 2026, a copy of the foregoing was filed electronically.  Service of this filing will be made on all ECF registered counsel by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/  Joseph N. Williams*
Joseph N. Williams
