# EXHIBIT B

SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION
UNITED STATES DISTRICT COURT

IN RE: COOK MEDICAL, INC.,     )
IVC FILTERS MARKETING, SALES   ) Cause No.
PRACTICES AND LIABILITY,       ) 1:14-ML-2570-RLY-TAB
LITIGATION                     ) Evansville, Indiana
                               ) **May 2,** 2018
                               ) 11:28 a.m.
                               )

**Before the Honorable**
**RICHARD L. YOUNG**

OFFICIAL REPORTER'S TRANSCRIPT OF
STATUS CONFERENCE

**For Plaintiffs:**                Ben C. Martin, Esq.
                                   LAW OFFICES OF BEN C. MARTIN
                                   3710 Rawlins St., Suite 1230
                                   Dallas, TX  75219

                                   Joseph N. Williams, Esq.
                                   RILEY WILLIAMS & PIATT, LLC
                                   301 Massachusetts Avenue
                                   Indianapolis, IN  46204

                                   Michael W. Heaviside, Esq.
                                   HEAVISIDE REED ZAIC
                                   910 17th Street NW, Suite 800
                                   Washington, D.C.  20006

motion for protective order regarding general discovery. What your position is, in my perusal of the papers early this morning here, is that this is -- this has been the train has left the station on this a long time ago regarding discovery.

MS. PIERSON: Your Honor, you may recall when I first became involved in this MDL, company discovery had been going on for a year and a half at that point in time, and there was a hearing that we had in Indianapolis where Mr. King said: We just need to know what's the cut-off for company discovery as to the products in this litigation. And there was a long list of grievances that Mr. Martin had with Cook about things that Cook had not produced, and you told the plaintiffs essentially: Send them a list of what your grievances are and Cook, you take care of that list. We did. That was back in 2016 and early 2017.

It's our position from that point on that company discovery was closed, and we had this issue come up in the Hill case and made the argument then company discovery is closed. We produced millions of pages of documents. We spent so much time and money letting the plaintiffs discover everything they wanted to discover about these products, but we ought not be responding to new things. The issue in that motion is again, we're asking Your Honor to make clear company discovery was closed a long time ago. We're not going back and redoing that. But the parties have fully briefed the

issue and we stand on our papers and are prepared for you to rule whenever you're prepared to rule.

THE COURT:  On the other item going back, Ms. Pierson, these cases -- litigation has been going on for quite some time, you want to assert an additional 20 defenses -- affirmative defenses?

MS. PIERSON:  Thank you, Your Honor.  There's some debate about what needs to be pled and what doesn't need to be pled in terms of an affirmative defense.  Most of the things that we've asked to add to that are not things that are listed under the rule as affirmative defenses.  I consider them additional defenses and I think it's a good idea to put each other on notice of claims and additional defenses, but many of those we're not obligated to raise.  We can just argue them at the time of the individual cases.

But we have asked to amend the answer to conform to what we know are the issues in these cases.

THE COURT:  Are you just finding this out now?

MS. PIERSON:  No, Your Honor.  The motion has been pending for quite awhile but the -- once we got through the Hill trial, certainly nothing that we did would affect the Hill trial and we were late enough in the game, in looking at the master answer, that we wouldn't have sought to amend it in the midst of the Hill trial.  But once we got out of the Hill trial, then we brought this issue to the Court's attention.