**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

---

**IN RE: COOK MEDICAL INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

Civil No. 1:14-ml-2570-RLY-TAB

MDL No. 2570

---

This Document Relates to:

Williams, Denise, 1:16-cv-01394

---

**DEFENDANTS' MOTION FOR JUDGMENT IN**
**PLAINTIFF DENISE WILLIAMS' CASE PURSUANT TO CMO-28**

Under Fed. R. Civ. P. 12(c) and CMO-28, the Cook Defendants move for judgment in Plaintiff's case, which alleges injury based on a fractured IVC filter.

1. <u>Plaintiff's Name</u>: Denise Williams

2. <u>Case Number</u>: 1:16-cv-01394

3. <u>Case Origin</u>: Filed in the Southern District of Indiana on June 13, 2016

4. <u>Plaintiff's Home State per Complaint</u>: Florida (Plaintiff's current residence, location of injury, and residence at the time of the filter placement)

5. <u>Applicable Choice of Law Rules</u>: Florida

6. <u>Applicable Statute of Limitations</u>: Florida (4 years), Fla. Stat. § 95.11(3) (requiring "[a]n action for injury to a person founded on the design, manufacture, distribution, or sale of personal property" to be brought within four years).

7. <u>Filter Placement Date</u>: June 10, 2009

8. <u>Latest Possible Date of Accrual</u>: February 17, 2010 (*see* Categorization Medical Record, attached as **Exhibit A** and filed under seal, noting a clinical history of a fractured IVC filter and documenting a retained "small filter strut fragment in the extravascular location in the prevertebral region…")[1]

9. <u>Length of Time Between Claim Accrual and Filing</u>: 6 years, 3 months, 27 days

## <u>BRIEF ARGUMENT</u>

Florida law bars Plaintiff's personal injury claims because she filed her case more than four years after she became aware that her filter had fractured. *See supra* ¶¶ 3, 8-9. Under Florida law applicable at the time Plaintiff filed her case, "an action for injury to a person founded on the design, manufacture, distribution, or sale of personal property" must be commenced within four years of its accrual.[2] Fla. Stat. § 95.11(3). Florida's discovery rule provides that the statute of

---

[1] Plaintiff's CCF and categorization medical records are filed separately under seal pursuant to CMO-29. Consistent with prior CMO-28 motions, the Court may consider the categorization form and medical records as part of the pleadings for purposes of Rule 12(c) and CMO-28. *See, e.g.,* Dkt. 18018 ("Plaintiff's operative report is considered part of the pleadings . . . .").

[2] Florida reduced the statute of limitations for such claims to two years, effective March 24, 2023. *McElrath v. Sanofi-Aventis US LLC*, 2024 WL 1252377, at *3 n.4 (N.D. Fla. Mar. 13, 2024). Because actions arising

1

limitations does not commence until "the date that the facts giving rise to the cause of action were discovered, or should have been discovered with the exercise of due diligence." *Id*. at § 95.031(b). "[T]he statute of limitations on a product liability action begins to run when a plaintiff (1) knows that she was injured, and (2) has notice of a possible connection between her injury and the product at issue." *In re Trasylol Prods. Liab. Litig.*, 2010 WL 6098570, at *5 (S.D. Fla. Mar. 8, 2010). A plaintiff need not know the full extent of his injuries for the statute of limitations period to begin— a plaintiff need only be on "notice of a possible invasion of his legal rights." *Sotolongo v. Ethicon, Inc.*, 591 F.Supp.3d 1242, 1250 (S.D. Fla. 2022). This Court has dismissed multiple time-barred fracture claims from states with similar notice-based discovery rules as Florida. *See, e.g.*, Dkt. 20386 (*Alfieri*) (dismissing case under Nevada law where filter fracture occurred outside the limitations period); Dkt. 18735 (*Boudreau*) (same under Colorado law); Dkt. 18681 (*Thompkins*) (same under Ohio law); Dkt. 18898 (*Ryon*) (same under Oklahoma law).

Here, Plaintiff's cause of action accrued no later than February 17, 2010, when she learned her filter had fractured. On February 10, 2010, Plaintiff presented to the emergency department with back and abdominal pain. *See* Ex. A at 1. Imaging showed Plaintiff's filter had perforated her inferior vena cava. *See id.* at 2. Suspecting the filter was causing her back and abdominal pain, Plaintiff's physician recommended the filter be removed. *See id*. Plaintiff returned to the hospital on February 17, 2010, to undergo a filter retrieval procedure. *See id*. at 4. Pre-procedure imaging revealed that Plaintiff's filter had fractured. *See id*. at 6 ("It was noted on pre-retrieval imaging that one of the limbs of the filter had broken and become distracted [sic] from the filter."). Plaintiff's physician successfully retrieved the filter but was unable to retrieve the broken strut, which had migrated to "an extravascular location in [the] prevertebral space." *Id*. at 7. Plaintiff's

---

before that effective date are not impacted by the change, *id.*, Florida's former four-year statute of limitations governs Plaintiff's claims.

physician discussed these findings, including the presence of a retained strut, with Plaintiff and her husband after the procedure. *Id*.

Based on these facts, Plaintiff's claim accrued no later than February 17, 2010. By that time, Plaintiff knew that she had suffered a distinct injury that was attributable to her filter—that is, she knew that her filter had fractured and that the fractured strut could not be retrieved. *See Sotolongo*, 591 F. Supp. 3d at 1247, 1250 (finding that plaintiff's claim accrued on the day she reported complaints related to her pelvic mesh implant to her doctor, despite her assertion that she did not "attribute" her injuries to the mesh implant until later). Because she filed her case more than four years later, her personal injury claims are time-barred as a matter of law. *See* Fla. Stat. § 95.11(3).

Plaintiff's implied warranty claim fails because Florida law subjects warranty claims to the same four-year statute of limitations discussed above. *See Pullum v. Cincinnati, Inc*., 458 So.2d 1136, 1138 (Fla. Dist. Ct. App. 1984). Plaintiff's express-warranty claim is already dismissed, *see* Dkt. 25387, and her consumer-protection claim fails because this Court has ruled that it has not been adequately pled in the Master Complaint, *see* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."). Plaintiff's Short-Form Complaint does not add any substantive facts to save her consumer-protection claim.

Plaintiff's request for punitive damages fails because it is derivative of her substantive claims that fail as a matter of law for the reasons discussed above. *See Soffer v. R.J. Reynolds Tobacco Co.*, 187 So. 3d 1219, 1221 (Fla. 2016) (finding that a claim for punitive damages is "auxiliary to, and dependent upon, the existence of an underlying claim.").

For the foregoing reasons, the Court should dismiss all of Plaintiff's claims with prejudice.

Respectfully submitted,

Dated:  July 13, 2026

/s/ *Jessica Benson Cox*

Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2026, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF DENISE WILLIAMS' CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.