**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

---

| | |
|---|---|
| In Re: COOK MEDICAL, INC.,<br>IVC FILTERS MARKETING, SALES<br>PRACTICES AND PRODUCTS<br>LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

---

This Document Relates to:

All Cases in Exhibits A & B

---

### AMENDED MOTION TO DISMISS PURSUANT TO
### FEDERAL RULE OF CIVIL PROCEDURE 25

Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe APS (collectively, the "Cook Defendants") respectfully submit this amendment to their Motion to Dismiss Cases Pursuant to Federal Rule of Civil Procedure 25 (Dkt. 28068).[1] In support, the Cook Defendants state:

1. Federal Rule of Civil Procedure 25(a)(1) provides that, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party" upon "[a] motion for substitution … made by any party or by the decedent's successor or representative."

2. If a motion for substitution "is not made within 90 days after service of a statement noting the death [of a party], the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1); *see also Louis v. Wright*, 333 F.R.D. 19, 22 (E.D.N.Y. 2017) ("If no motion [for substitution] is timely filed, dismissal [under Rule 25(a)(1)] is mandatory.").

---

[1] For clarification, this amendment's purpose is to identify which cases subject to the motion have no surviving plaintiff (**Exhibit A**) and which cases have a spousal co-plaintiff pursuing a loss-of-consortium claim in the case (**Exhibit B**). The Cook Defendants additionally note that, after the filing of their motion to dismiss on August 4, 2026, Plaintiff Barbara Pooley filed a motion for substitution. *See* Dkt. 28072. The Cook Defendants have therefore removed her case from those subject to dismissal in **Exhibits A** and **B**.

3.      Each case listed in **Exhibit A** was filed by a sole plaintiff asserting claims against the Cook Defendants.

4.      In each of the cases listed in **Exhibit A**, (1) a notice of suggestion of death has been filed, indicating that the plaintiff has died; (2) more than 90 days have elapsed since the notice of suggestion of death was filed; and (3) no motion for the substitution of a proper party has been filed.

5.      Accordingly, because there is no plaintiff to prosecute the claims in these cases, each case listed in **Exhibit A** is subject to immediate dismissal. *See* Fed. R. Civ. P. 25(a)(1); *see also Russell v. City of Milwaukee*, 338 F.3d 662, 663 (7th Cir. 2003) (affirming dismissal with prejudice where the decedent's "representative or attorney did not file for a substitution of parties within 90 days of filing the Suggestion of Death"); *Yazdchi v. Am. Honda Fin. Corp.*, 2006 WL 2456495, at *4 (N.D. Tex. Aug. 23, 2006) ("[P]ursuant to [Rule] 25(a)(1), the court dismisses [the decedent]'s fraud claim with prejudice.").

6.      In each of the cases listed in **Exhibit B**, (1) the deceased plaintiff brought claims against the Cook Defendants after receiving a Cook IVC filter and (2) the deceased plaintiff's spouse is a co-plaintiff in the case and alleges a loss-of-consortium claim.

7.      In each of the cases listed in **Exhibit B**, (1) a notice of suggestion of death has been filed for the plaintiff who received a Cook IVC filter, indicating that the plaintiff has died; (2) more than 90 days have elapsed since the notice of suggestion of death was filed; and (3) no motion for the substitution of a proper party for the deceased plaintiff has been filed.

8.      Accordingly, because there is no plaintiff to prosecute the deceased plaintiff's claims, all claims in the cases listed in **Exhibit B** brought by the deceased plaintiffs—that is, all claims other than the surviving spouses' loss-of-consortium claims—are subject to immediate

dismissal. *See* Fed. R. Civ. P. 25(a)(1); *see also Rossi*, 1993 WL 108099, at *1 (dismissing decedent's claims under Rule 25(a)(1), despite decedent's spouse maintaining a loss-of-consortium claim in the case); *Wiggins v. Daymar Colleges Grp.*, 317 F.R.D. 42, 46 (W.D. Ky. 2016) (dismissing claims of deceased class representatives under Rule 25(a)(1), while allowing claims asserted by other plaintiffs to proceed).

For the foregoing reasons, the Cook Defendants respectfully request that, pursuant to Federal Rule of Civil Procedure 25(a)(1), this Court (1) dismiss the cases listed in **Exhibit A** with prejudice and (2) dismiss the decedent's claims in the cases listed in **Exhibit B** with prejudice.

Dated: August 10, 2026

Respectfully Submitted,

*/s/ Jessica Benson Cox*
Andrea Roberts Pierson
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:       (317) 237-0300
Facsimile:        (317) 237-1000
Andrea.Pierson@Faegredrinker.com
Jessica.Cox@Faegredrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street, Suite 3300
Chicago, Illinois 60606
Telephone:       (312) 569-1325
Facsimile:        (312) 569-3000
Stephen.Bennett@Faegredrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, William Cook Europe APS*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 10, 2026, a copy of the foregoing was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Jessica Benson Cox*