UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates Only to the Following Cases:

*Williams, Denise*, Case No. 1:16-cv-01394

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR JUDGMENT IN PLAINTIFF DENISE WILLIAMS' CASE PURSUANT TO CMO-28**

The Court should dismiss Plaintiff's case in its entirety.[1] Plaintiff's personal injury claims are time-barred under Florida's four-year statute of limitations. Fla. Stat. § 95.11(3), which was in effect at the time Plaintiff filed her case.[2] Plaintiff's medical records establish that she knew no later than February 17, 2010, that her Cook IVC filter was fractured and nonfunctioning, *see* Dkt. 28013, Cook's Motion, Ex. A at 4—yet she did not file suit until June 13, 2016, more than six years later. Her claims are thus time-barred as a matter of law.

Plaintiff's arguments in opposition do not change this result. Plaintiff does not dispute that she knew her filter was fractured no later than February 17, 2010. *See* Dkt. 28070, Pl.'s Resp. at 4-5. Rather, she argues that "the mere *presence* of a fracture" is not a legally cognizable injury, *id.* at 2 (emphasis in original)—a contention that strains credulity and runs contrary to the precedent in this MDL. Further, because there is no dispute as to when Plaintiff learned that her filter had fractured, Plaintiff's reliance on the discovery rule is misplaced, as the fracture diagnosis provided her with sufficient information to trigger an inquiry into her legal rights. Accordingly, Cook respectfully requests that the Court dismiss Plaintiff's claims with prejudice.

**A. Disposition of Plaintiff's Case on a Motion for Judgment on the Pleadings is Appropriate, and Conversion of the Motion to a Motion for Summary Judgment Would Not Save Plaintiff's Claims from Dismissal.**

Plaintiff's case is subject to dismissal on the pleadings, and Cook's decision to bring the motion under Rule 12(c) is procedurally appropriate. Plaintiff argues that Cook's "motion should be evaluated as one for summary judgment, not as a motion on the pleadings," because Cook

---

[1] The Cook Defendants note that Plaintiff's response is both untimely and over the page limit. Under CMO-28, Plaintiff has 15 days from Cook's filing of a motion on the pleadings to file a response of no more than 3 pages. Dkt. 14601 at ¶ 5. Yet, Plaintiff filed a 9-page response 24 days after the filing of Cook's opening motion. *See generally* Dkt. 28070 Pl.'s Resp.; Dkt. 28013, Cook's Motion.

[2] Florida reduced the statute of limitations for such claims to two years, effective March 24, 2023. *McElrath v. Sanofi-Aventis US LLC*, 2024 WL 1252377, at *3 n.4 (N.D. Fla. Mar. 13, 2024). Because actions arising before that effective date are not impacted by the change, *id.*, Florida's former four-year statute of limitations governs Plaintiff's claims.

attached medical records to its motion. Dkt. 28070, Pl.'s Resp. at 2. This Court has already established it may consider case categorization forms and medical records submitted in support of categorization in evaluating a motion under Rule 12(c). *See, e.g.*, Dkt. 18018 (*Snider*) (granting motion filed under CMO-28 and stating, "Plaintiff's operative report is considered part of the pleadings . . . ."). Because the medical records that Cook attached to its motion were submitted by Plaintiff as part of her case categorization, the medical records are part of the pleadings for purposes of Cook's Rule 12(c) motion for judgment on the pleadings. *See id.*; Dkt. 28013, Cook's Motion, Ex. A.

Nevertheless, Plaintiff attached her Plaintiff Profile Form, which was ***not*** submitted with her Case Categorization Form and is thus outside the pleadings. *See* Dkt. 28071 (Exhibits to Plaintiff's Response). If the Court believes this additional record is necessary to evaluate the timeliness of Plaintiff's claims, the Court may, at its discretion, convert Cook's motion to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). Regardless of whether the Court converts Cook's motion to a summary judgment motion, Plaintiff's claims are still time-barred as a matter of law.

**B. Plaintiff's Fracture Diagnosis Was Sufficient to Commence the Limitations Period.**

Plaintiff's fracture diagnosis was, in and of itself, sufficient to commence the limitations period as a matter of law. Plaintiff argues that Cook failed to "provide any documentation that proves that Plaintiff was injured" on February 17, 2010, when Plaintiff's physician identified a fractured filter strut on pre-procedure imaging,[3] and "have not even identified *any* event that should have caused Plaintiff to have even a *suspicion* that her IVC filter had caused injury." Dkt. 28070, Pl.'s Resp. at 2, 8 (emphasis in original). According to Plaintiff, "the mere *presence* of a fracture" is not a legally cognizable injury. *Id.* at 2 (emphasis in original).

[3] Dkt. 28013, Cook's Motion, Ex. A at 6.

At the outset, Plaintiff's contention is incompatible with the position that Plaintiffs' leadership and other plaintiffs have taken throughout the course of this litigation. For example, Second Amended Case Management Order No. 32—which requires each plaintiff in the MDL to certify that the amount-in-controversy requirement has been met in his or her case—exempts plaintiffs alleging open removal, fracture, and death cases from certification ***because*** plaintiffs have maintained that such injury allegations are legally cognizable and facially meet the amount-in-controversy requirement. *See generally* Dkt. 26952. The logical implications of Plaintiff's argument are that a mere fracture is not an actual injury and would thus require extending the amount-in-controversy certification requirement under CMO-32 to all plaintiffs alleging fracture claims and require them to submit supplemental proof of symptomatic injury for fracture claims. In fact, Plaintiff's argument would necessarily mean that plaintiffs who have alleged a fracture without a symptom have suffered no injury at all, subjecting their cases to dismissal for failure to state a claim. *In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 155 F. Supp. 2d 1069, 1086 (S.D. Ind. 2001) ("An essential element of a product liability tort claim is an injury to the plaintiff's person or property[.]").

Regardless, Plaintiff's position is incompatible with this Court's holding in at least one similarly situated case dismissed pursuant to CMO-28. *See, e.g.*, Dkt. 20386 (*Alfieri*) (dismissing fracture case under Nevada law). In *Alfieri*, the Court did not consider whether the diagnosed fracture resulted in symptoms; the diagnosed fracture was in and of itself sufficient to commence the limitations period. *See id.* The same is true here. The Seventh Circuit affirmed the dismissal of Plaintiff Alfieri's claims, holding that "[t]he question before us is whether Alfieri alleged that the filter fracture caused an injury, not whether the defendants conceded the existence of such an injury. Alfieri's representations in the court below defeat her argument on appeal that no injury

was alleged at the time of the filter fracture." *In re Cook Med., Inc. (Alfieri*), 2023 WL 2850028, at *1 (7th Cir. Apr. 10, 2023). Here, Plaintiff categorized a fracture claim in her CCF and submitted a medical record demonstrating filter fracture in support of that categorization. *See* Dkt. 28013, Cook's Motion, Ex. A (categorization form and records).[4] These representations and documents are part of her pleadings, *see, e.g.,* Dkt. 18018 (*Snider*), and are sufficient to find her claims are time-barred under Florida law.

Nevertheless, Plaintiff argues that her fracture diagnosis was not sufficient to commence the limitations period because she did not experience any symptoms related to the fracture. But as this Court made clear in *Alfieri*, a fractured filter is an injury that triggers the limitations period, regardless of whether a plaintiff attributes any additional symptoms to the fracture. *See* Dkt. 20386. A claim's accrual depends on whether a legally cognizable injury has occurred; it does not depend upon a plaintiff's appreciation of how serious the injury may prove to be. Indeed, under Florida law, a plaintiff need not know the full extent of an injury for a claim to accrue. *In re Trasylol Prods. Liab. Litig.*, 2010 WL 6098570, at *8 (S.D. Fla. Mar. 8, 2010). Here, it is undisputed that Plaintiff knew her filter was fractured no later than February 17, 2010. *See* Dkt. 28070, Pl.'s Resp. at 4-5; Dkt. 28013, Cook's Motion, Ex. A at 4. This diagnosis alone is sufficient to start the limitations clock. Plaintiff's contention that she had no reason to know she had suffered an injury because her physician claimed the fracture was "likely of no clinical significance" at the time fails because the argument only relates to Plaintiff's knowledge of the extent of her injury. The diagnosed fracture is the injury, and the limitations period commenced upon the fracture's diagnosis on February 17, 2010.

---

[4] Importantly, the Case Categorization Form has a separate category—Category 6—for asymptomatic claims, but Plaintiff's highest claimed injury is a filter fracture (Category 7(c)), which is recognized as a symptomatic injury allegation under CMO-32 for the reasons discussed above.

### C. Florida's Discovery Rule Does Not Save Plaintiff's Claims.

The discovery rule does not save Plaintiff's claims. Florida's discovery rule provides that the statute of limitations does not commence until "the date that the facts giving rise to the cause of action were discovered, or should have been discovered with the exercise of due diligence." Fla. Stat. § 95.031(2)(b). Here, Plaintiff knew of the facts giving rise to her cause of action no later than February 17, 2010, when her physician informed Plaintiff and her husband of the fracture. *See* Dkt. 28013, Cook's Motion, Ex. A at 7. She therefore cannot claim the benefit of the discovery rule because she knew—or should have known—of her injury and its alleged link to the filter on that date.

Plaintiff's reliance on *Owens-Corning Fiberglass Corp. v. Corcoran*, 679 So. 2d 291, 295 (Fla. 3d DCA 1996), *Carter v. Brown & Williamson Tobacco Corp.*, 778 So. 2d 932 (Fla. 2000), and *Barnes v. Clark Sand Co.*, 721 So. 2d 329, 332 (Fla. 1st DCA 1998) to support her argument that Florida's discovery rule saves her claims is misplaced. *See* Dkt. 28070, Pl.'s Resp. at 7-8. Those cases involved latent injuries arising from each plaintiff's prolonged exposure to harmful substances (i.e., asbestos, tobacco, and silica dust, respectively). In such "exposure" cases, the harm is, by its nature, hidden: the injury develops silently over years and cannot be readily diagnosed until long after initial exposure to the defective product. A fractured filter is a categorically different kind of injury—a discrete and ascertainable injury that can be confirmed through diagnostic imaging.[5] *See, e.g.*, Dkt. 22852, Entry on Cook Defendants' Motion for Judgment (*Silverthorne*), at 3 (applying North Carolina law and rejecting argument that an alleged

---

[5] For clarification, Cook opposes liability and continues to dispute Plaintiff's claims on the merits. Under Florida law, Plaintiffs bear the burden of proving defect and causation through expert testimony to establish liability at trial. *See, e.g., Payne v. C.R. Bard, Inc.*, 2014 WL 1887297, at *2 (M.D. Fla. May 12, 2014) ("Expert testimony is generally necessary to prove that a complex product like a medical device is defective."). However, this does not delay the accrual of Plaintiff's claims nor prevent dismissal on statute of limitation grounds for the reasons discussed herein and in the Motion.

filter-related injury is equivalent to a latent disease because plaintiff's claims arose from "alleged complications…from a single medical device implanted in his body," not from a disease "that developed unnoticed over a long period of time following multiple exposures to toxic agents").

Plaintiff's related argument—that mere ***suspicion*** of an injury without a diagnosis is insufficient to trigger the limitations period, *see id.* at 8—fails for the same reason. Plaintiff's filter was not merely suspected to be fractured; it was ***confirmed*** to be fractured on February 17, 2010, after pre-procedure imaging revealed her filter had fractured and the fractured strut had migrated to an "extravascular location in [the] prevertebral space." *See* Dkt. 28013, Cook's Motion, Ex. A at 7. The limitations period thus commenced at that time.

Although Plaintiff's response states that her claims for implied warranty, express warranty, consumer protection, and punitive damages are not subject to dismissal, Dkt. 28070, Pl.'s Resp. at 8, Plaintiff does not provide any substantive argument for why these claims should survive beyond arguing that "[t]he Florida statute of limitations does not make any distinctions with those causes of action" and are thus timely. Plaintiff's argument ignores that her express-warranty claim has already been dismissed and that her consumer-protection claim fails to meet Rule 9(b)'s applicable heightened pleading standard. *See* Dkt. 28013, Cook's Motion at 3. Plaintiff's failure to address Cook's argument on her consumer-protection claim constitutes waiver, *see, e.g.*, *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010), and the Court should dismiss that claim—as well as the remainder of Plaintiff's claims—for the reasons set forth in Cook's opening motion and this reply.

For the foregoing reasons and the reasons stated in the motion, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

Dated: August 21, 2026

*Jessica Benson Cox*

Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
320 S. Canal Street, Suite 3300
Chicago, Illinois 60606
Tel: (312) 569-1325
stephen.bennett@faegredrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2026, a copy of the foregoing **DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR JUDGMENT IN PLAINTIFF DENISE WILLIAMS' CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*