IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to Plaintiff(s)
Craig Pittman, Lavonne Pittman

Civil Case No. 1:17-cv-00651-RLY-TAB

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS**

COMES NOW, Plaintiffs Craig Pittman ("Plaintiff-decedent") and Lavonne Pittman ("Loss of Consortium Plaintiff"), by and through undersigned counsel, and files this response in opposition to Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 25, and states as follows:

1. Plaintiff-decedent's short form complaint was filed on March 3, 2017 (Doc. 1).

2. Plaintiff-decedent passed away on December 7, 2017, and a suggestion of death was filed by the undersigned counsel on March 13, 2025 (Suggestion of Death, at Doc.16).

3. On August 10, 2026, Defendants filed their Motion to Dismiss (Doc. 28074).

5. As of the date on which the suggestion of death was filed, and the date of this response in opposition, Plaintiffs' counsel has not represented any individual that has been appointed to act as personal representative or executor of Plaintiff-decedent's estate.

7. At all times relevant, the undersigned counsel has not been provided with any court documents that establish sufficient proof of authority to act as a representative claimant under Illinois law and Fed. R. Civ. P. 25.

7. As of the date of the suggestion of death was filed, and the date of this response in opposition, the undersigned counsel has represented Ms. Pittman in her capacity as a loss of consortium Plaintiff.

8. To the extent the Court believes additional time is appropriate for purposes of substitution of parties, counsel for Plaintiff-decedent requests that a reasonable amount of time be provided pursuant to Fed. R. Civ. P. 6(b).

9. Counsel for Plaintiff-decedent further states that, if the Court deems dismissal to be warranted that any such dismissal must be entered *without* prejudice to avoid a decision on the substantive merits of Plaintiff-decedent's underlying claim

**CONCLUSION**

WHEREFORE, based on the foregoing, Plaintiff-decedent requests that the Court deny Defendants' Motion to Dismiss without prejudice. Plaintiff further requests the Court grant such other and further relief as it deems just and proper.

Dated: August 24, 2026

Respectfully submitted,

**BERTRAM & GRAF, L.L.C.**

/s/ Benjamin A. Bertram
Benjamin A. Bertram, MO Bar #56945
2345 Grand Boulevard, Suite 1925
Kansas City, MO 64108
Telephone: (816) 523-2205
Facsimile: (816) 523-8258
benbertram@bertramgraf.com

***Attorneys for Plaintiff-Decedent Craig Pittman and Lavonne Pittman***

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2026, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ Benjamin A. Bertram
*Attorney for Plaintiff*