IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to Plaintiff(s)
Margo Strong

Civil Case No. 1:17-cv-03895-RLY-TAB

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS**

COMES NOW, Plaintiff Margo Strong ("Plaintiff-decedent"), by and through undersigned counsel, and files this response in opposition to Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 25, and states as follows:

1. Plaintiff-decedent's short form complaint was filed on October 25, 2017 (Doc. 1).

2. Plaintiff-decedent passed away on March 20, 2024, and a suggestion of death was filed by undersigned counsel on October 4, 2025 (Suggestion of Death, at Doc. 16).

3. On August 10, 2026, Defendants filed their Motion to Dismiss (Doc. 28074).

5. "The attorney's agency to act ceases with the death of his client, see Restatement (Second) of Agency § 120(1)(1958), and he has no power to continue or terminate an action on his own initiative."

6. As of the date on which the suggestion of death was filed, and the date of this response in opposition, Plaintiff-decedent's counsel has not been retained by any individual

purporting to act on behalf of decedent's estate nor been provided with any documents establishing proof of authority to act as a representative claimant under applicable state law.

7. At all times relevant, Plaintiff-decedent's counsel has lacked authority to file a motion to substitute a representative claimant pursuant to Fed. R. Civ. P. 25.

8. To the extent the Court believes additional time is appropriate for purposes of substitution of parties, counsel for Plaintiff-decedent requests that a reasonable amount of time be provided pursuant to Fed. R. Civ. P. 6(b).

9. Counsel for Plaintiff-decedent further states that, if the Court deems dismissal to be warranted that any such dismissal be entered *without* prejudice to avoid a decision on the substantive merits of the underlying claim

**CONCLUSION**

WHEREFORE, based on the foregoing, Plaintiff-decedent requests that the Court deny Defendants' Motion to Dismiss without prejudice. Plaintiff further requests the Court grant such other and further relief as it deems just and proper.

Dated: August 24, 2026

Respectfully submitted,

**BERTRAM & GRAF, L.L.C.**

/s/ Benjamin A. Bertram
Benjamin A. Bertram, MO Bar #56945
2345 Grand Boulevard, Suite 1925
Kansas City, MO 64108
Telephone: (816) 523-2205
Facsimile: (816) 523-8258
benbertram@bertramgraf.com

***Attorney for Plaintiff-Decedent Margo Strong***

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2026, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ Benjamin A. Bertram
*Attorney for Plaintiff*