IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: COOK MEDICAL, INC. IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to Plaintiff(s)
William L. Wilson

Civil Case No. 1:17-cv-04004-RLY-TAB

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

COMES NOW, Plaintiff William L. Wilson ("Plaintiff-decedent"), by and through undersigned counsel, and files this response in opposition to Defendant's Amended Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 25 ("Amended Motion to Dismiss"), and states as follows:

## INTRODUCTION

Defendants' motion rests on the premise that the suggestion of death filed in this case triggered a 90-day deadline that has since expired. However, the suggestion of death filed in this case was procedurally deficient because it failed to identify any successor or personal representative of the decedent's estate, and it was never served on any person purporting to hold that status. Because a properly triggering statement of death must, at minimum, also be served in accordance with Rule 25(a)(3) on any known personal representative or executor, the clock did not begin to run when the suggestion of death was filed. Even if it is determined that the clock did

begin to run at that time, a reasonable extension of time is appropriate where, as here, it was subsequently learned that an estate existed and an executor had been appointed.

## I. Procedural History

Plaintiff-decedent William J. Wilson filed his Short Form Complaint on October 31, 2017 (Doc. 1). Mr. Wilson passed away on July 11, 2024 (Suggestion of Death, at Doc. 17). The undersigned counsel subsequently learned of Mr. Wilson's death and filed a suggestion of death on November 7, 2025. Defendants filed their Amended Motion to Dismiss on August 10, 2026 (Doc. 28074). A motion to substitute Judy Carter, Executor of the Estate of William J. Wilson, Deceased, was filed on August 22, 2026, which attached proof of authority to act on behalf of the estate (Doc. 19).

## II. Law & Argument

### A. The 90-Day Clock Never Commenced Because the Suggestion of Death Did Not Identify Judy Carter as the Executor of the Estate and She Was Not Served

Rule 25(a)(1)'s 90-day period is measured from service of a statement noting death, but that service must comport with Rule 25(a)(3), which requires service on parties under Rule 5 and on nonparties — including a decedent's successor or representative — under Rule 4. The Seventh Circuit has held that where a personal representative has been appointed following decedent's death, "the personal representative must be served for the 90–day clock to start running." *See Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008)

Here, the suggestion of death did not name Plaintiff-decedent's daughter, Judy Carter, as personal representative because her identity was unknown to undersigned counsel. Additionally, at the time the suggestion of death was filed, counsel was not aware that an estate existed. As such, Ms. Carter was not personally served with the suggestion of death within the ninety-day

period and, therefore, the threshold procedural requirement for starting the ninety-day deadline was never satisfied.

**B. Even If the Suggestion of Death Were Otherwise Adequate, Counsel Lacked Authority to Act on Behalf of Plaintiff-Decedent's Estate**

Independent of the service defect, Plaintiff-decedent's counsel could not have moved to substitute a representative who had not authorized counsel to act on the estate's behalf. "The attorney's agency to act ceases with the death of his client, see Restatement (Second) of Agency § 120(1)(1958), and he has no power to continue or terminate an action on his own initiative." *Id.* As such, Plaintiff-decedent's counsel had no continuing authority to bind any purported successor after the decedent passed away. Moreover, as noted by the Court in the Ethicon pelvic mesh MDL, there is nothing in Rule 25(a) that specifically places the burden on either party to serve the appropriate nonparties with a suggestion of death or motion to substitute. *See* Pretrial Order No. 308, *In re Ethicon, Inc. Pelvic Repair System Products Liab. Litig*., 2:12-md-2327 (U.S.D.C., S.D.WV., July 17, 2018, at Doc. 6218].

In this case, Plaintiff-decedent's counsel did not know whether an estate existed, or the identity of the executor, at the time the suggestion of death was filed. Had counsel identified and served an unverified claimant as the decedent's successor or representative, counsel would have risked prematurely validating an unauthorized individual's status and potentially binding the litigation to the wrong party — an outcome Fed. R. Civ. P. 25 is intended to prevent. The situation presented here reflects the kind of circumstance that supports relief from the 90-day deadline under Rule 6(b), even if the Court were to find the clock had technically started when the suggestion of death was filed.

**C. Dismissal Is Not a Mandatory Remedy**

Courts have emphasized that dismissal pursuant to Rule 25 is not automatic and should not be imposed as a mechanical penalty where the rule's procedural prerequisites were never satisfied. For example, "[d]espite the mandatory language in Rule 25(a), the Court has substantial discretion to interpret the rule liberally so as to effectuate its underlying purpose." *Schmidt v. Merrill Lynch Tr. Co.*, No. 507-CV-382-OC-10GRJ, 2008 WL 2694891, at *2 (M.D. Fla. June 30, 2008). In fact, Rule 25 was amended "to dispel unwarranted rigidity and [to] allow more flexibility in substitution." *Rende v. Kay*, 415 F.2d 983, at 986 (D.C.Cir. 1969). It was not meant to be used as a procedural mechanism to "bar ... otherwise meritorious actions." *Schmidt*, 2008 WL 2694891, at 2.

When Courts determine whether excusable neglect exists in the context Fed. R. Civ. P 6(b), they generally weigh factors such as "(1) the danger of prejudice … (2) the length of the delay and its impact on judicial proceedings; (3) the reasons for the delay … and (4) whether [the party requesting an extension of time] acted in good faith." *Carruth v. Smyth*, 2018 WL 804272, at *4 (N.D. Ala. Feb. 8, 2018) citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, at 392 (1980). Here, Defendant's motion to dismiss articulates no meaningful prejudice, while the degree of prejudice to Plaintiff decedent's estate is substantial. A dismissal with prejudice would extinguish a potentially meritorious survival claim based on a suggestion of death that did not name the executor of the estate, and was not served on the same, within the ninety-day period. The length of the delay in seeking substitution has minimal impact on judicial proceedings because Plaintiff-decedent's case was not designated as a bellwether or otherwise subject to a scheduling order. Moreover, the text of Rule 25 does not mandate dismissal *with prejudice* as requested by Defendants. If the Court is swayed by Defendants' arguments, any dismissal entered should be *without* prejudice to avoid a decision on the substantive merits of the underlying claim.

## CONCLUSION

WHEREFORE, based on the foregoing reasons, Plaintiff-decedent requests that the Court deny Defendants' Motion to Dismiss and grant Plaintiff's pending Motion to Substitute (Doc. 19). Plaintiff further requests the Court grant such other and further relief as it deems just and proper.

Dated: August 24, 2026

Respectfully submitted,

**BERTRAM & GRAF, L.L.C.**

/s/ Benjamin A. Bertram
Benjamin A. Bertram, MO Bar #56945
2345 Grand Boulevard, Suite 1925
Kansas City, MO 64108
Telephone: (816) 523-2205
Facsimile: (816) 523-8258
benbertram@bertramgraf.com

***Attorney for Plaintiff-Decedent William J. Wilson***

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2026, a copy of the foregoing was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ Benjamin A. Bertram
*Attorney for Plaintiff*