**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:

All Cases in Updated Exhibits A & B

**COOK DEFENDANTS' OMNIBUS REPLY IN SUPPORT OF AMENDED MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25**

The defendants, Cook Incorporated, Cook Medical LLC, and William Cook Europe APS (collectively, the "Cook Defendants") respectfully submit this reply in support of their Amended Motion to Dismiss Cases Pursuant to Federal Rule of Civil Procedure 25 (Dkt. 28068). For the reasons stated in the motion and to follow, the Court should dismiss the cases listed in **Updated Exhibit A** and the claims of the plaintiffs listed in **Updated Exhibit B**.[1]

**A. The Cook Defendants Withdraw the Motion as to Cases Already Dismissed and Cases Where an Estate Representative Has Substituted into the Case.**

The Cook Defendants have reviewed the filings in and statuses of cases subject to the motion. The Cook Defendants hereby withdraw their motion as to the two cases listed below for the following reasons:

- The estate representative for Plaintiff William L. Wilson (Case No. 1:17-cv-04004) has substituted into the case and filed an amended complaint. *See* Dkt. 28096. The

[1] For clarification, the cases on **Updated Exhibit B** also have spousal co-plaintiffs who have asserted loss of consortium claims. The claims of the spousal co-plaintiffs are not subject to the motion, and those cases should remain pending as to the claims brought by the spousal co-plaintiffs only.

Cook Defendants therefore withdraw their motion as to this case and have removed it from **Updated Exhibit A**.

- The case filed by Plaintiffs Lief and Janice Jonassen (1:20-cv-02877) was dismissed by the Court on August 25, 2026, because no one appeared for the hearing on Plaintiff's Counsel's motion to withdraw. *See* Dkt. 28110. Because the case has been dismissed on other grounds, the Cook Defendants' motion is moot as to this case. The Cook Defendants therefore withdraw their motion as to this case and have removed it from **Updated Exhibit B**.

### B. The Court Should Dismiss Cases and Claims Where No Response or Amendment Was Filed.

Under Local Rule 7-1(c)(3), the Cook Defendants' motion falls under the category of "other motions," meaning responses to the motion were due 14 days after it was filed—i.e., by August 24, 2026. Aside from the eleven plaintiffs represented by Bertram & Graf, L.L.C. (the "Bertram Graf Plaintiffs"), whose counsel filed response briefs addressed in the section below, no other responses were filed to the motion.[2] Because these cases must be dismissed under Rule 25 for the reasons stated in the motion, any arguments in opposition are now waived, and those cases and claims should be dismissed pursuant to Federal Rule of Civil Procedure 25. *See, e.g.*, *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument … results in waiver.").

### C. The Bertram Graf Plaintiffs' Cases and Claims Should Be Dismissed Because the Time to Substitute Has Passed, Substitutions Are Not Forthcoming, and the Bertram Graf Plaintiffs Do Not Oppose Dismissal Without Prejudice.

Responses to the Cook Defendants' motion were filed in eleven cases, all represented by Bertram & Graf, L.L.C:

| Response Docket No. | Plaintiff Name | Case No. |
|---|---|---|
| 28099 | Don Zobell | 1:17-cv-00171 |

[2] Cases where no response to the motion was filed are identified on Updated Exhibits A and B with a star (*) next to the plaintiffs' names.

| | | |
|---|---|---|
| 28100 | Donye Coleman | 1:18-cv-01704 |
| 28101 | Mary Hackett | 1:17-cv-01416 |
| 28102 | Terry Maxwell | 1:18-cv-01029 |
| 28103 | Craig and Lavonne Pitmann | 1:17-cv-00651 |
| 28104 | Marlene Raine | 1:17-cv-02830 |
| 28105 | James Rowe | 1:17-cv-00426 |
| 28106 | Margo Strong | 1:17-cv-03895 |
| 28107 | Barbara Watkins | 1:19-cv-01058 |
| 28108 | William L. Wilson[3] | 1:17-cv-04004 |
| 28109 | Danny Young | 1:17-cv-04078 |

The Bertram Graf Plaintiffs' Responses were individually filed but assert a common position: Counsel for these plaintiffs "has not been [made] aware of the existence of an estate or been provided with any probate court documents, such as letters of administration, which establish proof of authority to act as a representative claimant" and has thus, "[a]t all times relevant … lacked authority to file a motion to substitute a verified representative claimant pursuant to Fed. R. Civ. P. 25." *See, e.g.,* Dkt. 28099, Pl. Zobell's Resp. at 1-2. The Bertram Graf Plaintiffs request that (1) "[t]o the extent the Court believes additional time is appropriate for purpose of substitution of parties … a reasonable amount of time be provided" to make such a substitution; and (2) "if the Court deems dismissal to be warranted, any such dismissal be … entered *without* prejudice to avoid a decision on the substantive merits of the underlying claim." *See, e.g., id*. at 2 (emphasis in original).

[3] In *Wilson*, an estate representative has substituted into the case, and the Cook Defendants have removed the case from Updated Exhibit A. The Cook Defendants' request for dismissal is still applicable to the remaining ten Bertram Graf Plaintiffs.

Importantly, counsel for the Bertram Graf Plaintiffs does not actually request additional time to substitute parties in any of these cases. Nor does counsel provide any representations that would suggest efforts to substitute parties are underway. On the contrary, counsel has explained they are "not … aware" of efforts to appoint a suitable estate representative. *See id.* at 1-2. Moreover, the Bertram Graf Plaintiffs do not oppose dismissal *without* prejudice—their opposition is limited to dismissal *with* prejudice.

Because no substitution has been made within the time allotted, the claims subject to the motion must be dismissed. *See* Fed. R. Civ. P. 25(a)(1); *Louis v. Wright*, 333 F.R.D. 19, 22 (E.D.N.Y. 2017) ("If no motion [for substitution] is timely filed, dismissal [under Rule 25(a)(1)] is mandatory."). Specifically, the cases listed in **Updated Exhibit A** are subject to immediate dismissal because there are no other plaintiffs, and the claims of the deceased plaintiffs in **Updated Exhibit B** are subject to immediate dismissal, with only the claims of the spousal co-plaintiffs remaining pending, *see Rossi v. Am. Tobacco Co.*, 1993 WL 108099, at *1 (E.D. Pa. Apr. 13, 1993) (dismissing decedent's claims under Rule 25(a)(1), despite decedent's spouse maintaining a loss-of-consortium claim in the case); *Wiggins v. Daymar Colleges Grp.*, 317 F.R.D. 42, 46 (W.D. Ky. 2016) (dismissing claims of deceased class representatives under Rule 25(a)(1), while allowing claims asserted by other plaintiffs to proceed). Accordingly, the Court must grant the motion and dismiss these claims, at minimum, without prejudice. *See, e.g.*, *Louis*, 333 F.R.D. at 22.

Regarding the Cook Defendants' request that these cases and claims be dismissed with prejudice, the Court has legal authority to dismiss with prejudice, and it is appropriate for the Court to do so here because, among other things, the long periods of inactivity in the cases after notices of suggestion of death were filed constitute failures to prosecute. *See Russell v. City of Milwaukee*,

338 F.3d 662, 663 (7th Cir. 2003) (affirming dismissal with prejudice where the decedent's "representative or attorney did not file for a substitution of parties within 90 days of filing the Suggestion of Death"); *Yazdchi v. Am. Honda Fin. Corp.*, 2006 WL 2456495, at *4 (N.D. Tex. Aug. 23, 2006) ("[P]ursuant to [Rule] 25(a)(1), the court dismisses [the decedent]'s fraud claim with prejudice."). Had decedents' representatives desired to prosecute these claims on the decedents' behalf, they were required to do so within the allotted 90 days provided by Rule 25. Indeed, the notices of suggestion of death in these cases were filed by plaintiffs' counsel—not the Cook Defendants—with many of the notices being filed months (oftentimes even years) after the plaintiffs' deaths. *See* Dkt. 27225 at 2 & n.2 (Cook's briefing on modification of CMO-34 providing evidence that it has been common practice in this MDL for Rule 25 notices to be filed by plaintiffs' firms more than two years after the death of a plaintiff in many cases). These representatives thus had ample time to substitute into the cases, and their failures to timely substitute—or even provide an indication that they plan to substitute—should result in the claims being dismissed with prejudice.

Only furthering this point, in all but two cases subject to the Cook Defendants' motion, notices of suggestion of death were filed during or before 2025. *See* Updated Exhibits A & B. Because the Cook Defendants' Amended Motion was filed on August 10, 2026, the 90-day substitution period under Rule 25 had therefore already been expired for more than six months in most cases subject to the motion at the time of its filing. If efforts to substitute potential estate representatives into the cases were underway and additional time was needed to locate a next of kin or complete administrative processes related to probate, the appropriate action would have been to seek an extension from the Court to substitute the plaintiff ***before*** the 90-day period expired. But no such extensions were sought by any of the plaintiffs subject to the motion before

the 90-day period expired or during the several additional months that passed before the Cook Defendants' motion was filed. Under such circumstances, dismissal with prejudice is appropriate, *Russell*, 338 F.3d at 663; *Yazdchi*, 2006 WL 2456495, at *4, and should be entered by the Court as to all cases listed in **Updated Exhibit A** and all claims asserted by the deceased plaintiffs listed in **Exhibit B**.

**CONCLUSION**

Based on the foregoing and the Cook Defendants' opening motion, the Cook Defendants request the Court dismiss the cases listed in **Updated Exhibit A** and the claims of the plaintiffs listed in **Updated Exhibit B** with prejudice. In the alternative, the Cook Defendants request the Court dismiss the cases listed in **Updated Exhibit A** and the claims of the plaintiffs listed in **Updated Exhibit B** without prejudice.

Dated: August 31, 2026

Respectfully Submitted,

*/s/ Jessica Benson Cox*

Andrea Roberts Pierson
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
Andrea.Pierson@Faegredrinker.com
Jessica.Cox@Faegredrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street, Suite 3300
Chicago, Illinois 60606
Telephone: (312) 569-1325
Facsimile: (312) 569-3000
Stephen.Bennett@Faegredrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, William Cook Europe APS*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2026, a copy of the foregoing was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Jessica Benson Cox*