**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:

Knanila Peterson, Case No. 1:17-cv-01281
Gary Walker, Jr., Case No. 1:19-cv-00768

**COOK DEFENDANTS' PARTIAL MOTION TO STRIKE AND PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS**

Pursuant to Federal Rule of Civil Procedure 12(f), the defendants, Cook Incorporated, Cook Medical LLC, and William Cook Europe APS (collectively, the "Cook Defendants"), move to strike the following claims in Plaintiff Knanila Peterson's and Plaintiff Gary Walker, Jr.'s (together, "Plaintiffs") Amended Short Form Complaints: (1) breach of express warranty (Count V); (2) fraudulent concealment; and (3) punitive damages (Count XI). The Court has already dismissed each of these claims,[1] and the Court should therefore strike them from Plaintiffs' amended pleadings.

Pursuant to Federal Rule of Civil Procedure 12(c), the Cook Defendants also move for judgment on the pleadings on (1) Ms. Peterson's strict liability failure-to-warn and design defect

[1] The Court has also dismissed negligent manufacturing claims to the extent pled by plaintiffs from 32 states. *See* Dkt 26157. Those states include the possible home states of Ms. Peterson (Virginia) and Mr. Walker (New York and Florida). The Cook Defendants do not object to Plaintiffs' Amended Short Form Complaints asserting negligence claims, but note for the record that any claims of negligent manufacturing have already been dismissed in the MDL. *See id.*

claims (Counts I-II) because they are not cognizable under Virginia law; and (2) Mr. Walker's breach of implied warranty claim (Count IV) because it is time-barred under New York law.

**BACKGROUND**

Ms. Peterson filed her case against the Cook Defendants on April 24, 2017. *Peterson* (No. 1:17-cv-01281), Dkt. 1. In her Short Form Complaint, Ms. Peterson alleged the following claims: (1) strict products liability – failure to warn; (2) strict products liability – design defect; (3) negligence; (4) negligence per se; (5) breach of express warranty; (6) breach of implied warranty; (7) consumer protection; and (8) punitive damages. *Id.* at ¶ 14 (incorporating Counts I-VII & XI); *see also* Pls.' Master Compl., ¶ 213. Ms. Peterson resided in Virginia at all relevant times to this case. *See Peterson* (No. 1:17-cv-01281), Dkt. 1, ¶¶ 4-7.

Mr. Walker filed his case against the Cook Defendants on February 21, 2019. *Walker* (No. 1:19-cv-00768), Dkt. 1. In his Short Form Complaint, Mr. Walker alleged the following claims: (1) strict products liability – failure to warn; (2) strict products liability – design defect; (3) negligence; (4) negligence per se; (5) breach of express warranty; (6) breach of implied warranty; (7) consumer protection; and (8) punitive damages. *Id.* at ¶ 14 (incorporating Counts I-VII & XI); *see also* Pls.' Master Compl., ¶ 213. Mr. Walker received his filter in New York, but he currently resides in Florida and alleges his claimed injury occurred in Florida. *See Walker* (No. 1:19-cv-00768), Dkt. 1, ¶¶ 4-7.

In the years following the commencement of Plaintiffs' actions, the Cook Defendants sought the global dismissal of various claims asserted in the MDL. As a result, this Court dismissed all plaintiffs' claims for fraudulent concealment, *see* Dkts. 15907 & 25589, and breach of express warranty, *see* Dkt. 25387. For each of these claims, the Court granted plaintiffs leave to amend their Short Form Complaints to include additional allegations in support of the claims. *See* Dkt.

15907 at 9 (granting plaintiffs until March 19, 2021, to amend pleadings for fraudulent concealment); Dkt. 25387 at 12 (granting plaintiffs leave until April 26, 2024, to amend pleadings for express warranty). Neither Ms. Peterson nor Mr. Walker amended their Short Form Complaints within the Court's respective time limits for such amendments.

The Court additionally dismissed all punitive damages claims asserted by plaintiffs who were implanted with a Tulip filter. *See* Dkt. 25904. The Court did not provide plaintiffs with leave to amend their Short Form Complaints concerning their requests for punitive damages, which were dismissed summarily on summary judgment on August 16, 2024. *See id.*

On July 14, 2026, Ms. Peterson's and Mr. Walker's cases were selected by agreement of the parties for Tulip bellwether workup. *See* Dkt. 28021. In its Second Amended Case Management Order No. 34, the Court set several deadlines concerning the work-up of the selected cases. *Id.* at 2. Plaintiffs' deadline to amend their pleadings and join parties was August 17, 2026. *Id.*

Ms. Peterson and Mr. Walker filed Amended Short Form Complaints on August 17, 2026.[2] *See* Dkt. 28080 (*Peterson*); Dkt. 28082 (*Walker*). Plaintiffs' Amended Short Form Complaints both re-allege the following counts from their previous complaints: (1) strict products liability – failure to warn; (2) strict products liability – design defect; (3) negligence; (4) negligence per se; (5) breach of express warranty; (6) breach of implied warranty; (7) consumer protection; and (8) punitive damages. *See id.* at ¶ 14. Plaintiffs additionally assert claims for fraudulent concealment

[2] Plaintiffs filed their Amended Short Form Complaints by the deadline included in Second Amended Case Management Order No. 34. *See* Dkt. 28021. However, the Cook Defendants understood that any such amendments were reserved for "cleaning up" the pleadings, e.g., updating residency information, removing dismissed claims, etc.—not for pleading new causes of action or re-asserting claims that this Court has already dismissed. The Cook Defendants note that Plaintiffs here have re-asserted their already dismissed express warranty and punitive damages claims and asserted a ***new*** claim for fraudulent concealment, despite that claim already having been dismissed in the MDL, without seeking the Cook Defendants' prior consent or leave of Court. *See* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave.").

that were not included in their previous complaints. *See id.* In support of their Amended Complaints, both Plaintiffs attached substantively identical exhibits purporting to plead additional facts in support of their express warranty and fraudulent concealment claims. *See, e.g.,* Dkt. 28080 (*Peterson*) & Dkt. 28082 (*Walker*), Ex. A, at ¶ 21 ("Defendants' representations and affirmations equate to an express … warranty that the Cook IVC Filter was a permanent lifetime implant with the option to be removed …"); *id.* at ¶ 54 ("[Cook's alleged fraudulent] concealment deprived Plaintiff of the information she needed to discover a potential cause of action against Cook.").[3]

## MOTION TO STRIKE

### I. The Court Should Strike Plaintiffs' Express Warranty, Fraudulent Concealment, and Punitive Damages Claims Pursuant to Rule 12(f) Because They Are Already Dismissed.

The Court should strike Plaintiffs' claims for breach of express warranty, fraudulent concealment, and punitive damages because these claims have already been dismissed from the MDL. Federal Rule of Civil Procedure 12(f) states in pertinent part: "The court may strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." When the Court does not act sua sponte, an opposing party may file a motion to strike "before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2).

Although "[m]otions to strike are generally disfavored because they 'potentially serve only to delay,'" motions to strike that seek the removal of "unnecessary clutter from the case … serve to expedite, not delay." *Wei Liang v. Frontline Asset Strategies, LLC*, 2017 WL 1365604, at *2 (N.D. Ill. Apr. 14, 2017) (quoting *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294

[3] Plaintiffs' respective exhibits attached to their Amended Short Form Complaints request the imposition of punitive damages and reference evidence, such as Dr. Gardner's emails, that this Court expressly considered when it granted summary judgment on all requests for punitive damages in Tulip cases. *Compare, e.g.*, Dkt. 28080 (*Peterson*), Ex. A at ¶¶ 37-42, 61, *with* Dkt. 25904.

(7th Cir. 1989)). As such, "[d]istrict courts have regularly stricken allegations [in amended pleadings] seeking to revive claims that have been previously dismissed with prejudice." *Id.* (collecting cases).

Here, Plaintiffs assert claims that the Court has already dismissed—that is, their claims for breach of express warranty, fraudulent concealment, and punitive damages. As cases selected for bellwether workup, Plaintiffs' cases were selected because they are meant to be "most representative of the Tulip Category 7(e) cases in the MDL." Dkt. 26933 at § II.9; *see also In re E.I. du Pont de Nemours & Co. C-8 Personal Injury Litig.*, 54 F.4th 912, 927 (6th Cir. 2022) ("[B]ellwether trials are most effective when 'representative of the range of cases included in the MDL proceeding.'" (quoting Fed. Jud. Ctr., *Bellwether Trials in MDL Proceedings* 22 (2019)). Allowing Plaintiffs to assert claims that have already been dismissed in similarly situated Tulip cases would frustrate this purpose, while also jeopardizing the MDL's goals of conserving judicial resources and avoiding conflicting rulings. *See, e.g.*, *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 734 F. Supp. 3d 934, 947 (N.D. Cal. 2024) (noting that MDL centralization is meant to address "a wide[] array of interests that … exceed the parties' private concerns: there are interests in the conservation of judicial resources, the interests in saving time and effort of non-party witnesses, the interests in avoiding conflicting rulings, and so forth"). The Court should therefore reject Plaintiffs' invitation to re-litigate these already dismissed claims. The Court's underlying legal rulings were fully litigated and correctly decided in the MDL; re-litigating these already resolved issues would only serve to delay and frustrate the workup of these cases, which are moving forward on tight schedules.

**A. Breach of Express Warranty**

On March 19, 2024, this Court held that all Plaintiffs in the MDL "fail[ed] to sufficiently allege a claim for breach of express warranty in either the Master Complaint or in their Short Form Complaints." Dkt. 25387 at 12. The Court therefore dismissed all plaintiffs' express warranty claims in the MDL and provided plaintiffs until April 26, 2024, to file Amended Short Form Complaints "to include case-specific allegations supporting a claim for breach of express warranty." *Id.* Neither Ms. Peterson nor Mr. Walker filed amended pleadings by this deadline, which passed more than two years ago. Their express warranty claims have therefore already been dismissed, and the Court should strike their dilatory amendments seeking to revive this claim.

Even had they timely amended their Short Form Complaints, Plaintiffs' amendments here do not cure the deficiencies identified in the Court's order dismissing their express warranty claims. Rather, Plaintiffs rely on the same uncontextualized statements from the Tulip's IFU and Patient Guide that this Court held were insufficient to maintain an express warranty claim. *Compare* Dkt. 28080 (*Peterson*), Ex. A at § B, *and* Dkt. 28082 (*Walker*), Ex. A at § B, *with* Dkt. 25387 at 11 (holding that the Cook Defendants did not extend "a lifetime warranty to patients against any defects or complications" because, among other things, "[w]hen the Patient Guides and IFUs are read in proper context, the alleged express warranty language cited by Plaintiffs is qualified by possible adverse events; those documents do not 'guarantee the [filter] would conform to a particular standard for the duration of [plaintiff's] life.'" (citation omitted)). Because the Court has already found these allegations insufficient, as a matter of law, to maintain an express warranty claim, the Court should strike Plaintiffs' reasserted express warranty claims from their Amended Short Form Complaints. *See, e.g.*, *Ross v. City of Waukegan*, 5 F.3d 1084, 1088 (7th Cir. 1993) ("[W]e believe that [plaintiff's amended] allegations are within the ambit of our earlier decision

and therefore further consideration of them at this point through the device of an amended complaint is precluded."); *Chichon v. Exelon Generation Co.*, 2002 WL 31870557, at *3 (N.D. Ill. Dec. 20, 2002) (rejecting amendment to reassert claim the trial court had already dismissed).

**B. Fraudulent Concealment**

On February 22, 2021, this Court held that "Plaintiffs failed to sufficiently allege a claim for fraudulent concealment in either the Master Complaint or in their Short Form Complaints." Dkt. 15907 at 9. The Court therefore dismissed all plaintiffs' claims for fraudulent concealment and provided plaintiffs until March 19, 2021, to amend their Short Form Complaints to allege additional allegations in support of their claims. *Id.* At that time, neither Ms. Peterson nor Mr. Walker had asserted claims for fraudulent concealment in their Short Form Complaints or filed amended complaints in the time allotted. After hundreds of Plaintiffs filed amended complaints asserting practically identical "Exhibit A" allegations in support of fraudulent concealment—allegations that are strikingly similar to those Plaintiffs assert here in the exhibits attached with their Amended Short Form Complaints—the Cook Defendants filed a Renewed Motion for Partial Dismissal of Claims of Fraudulent Concealment applicable to those cases who had timely amended. On May 7, 2024, the Court granted this renewed motion and affirmed its ruling that "Plaintiffs have not alleged that Cook took any affirmative action after their filter-related injuries to conceal from them the facts underlying their causes of action." Dkt. 25589 at 17. In the order, the Court dismissed fraudulent concealment claims with prejudice in 684 cases that had amended by the March 19, 2021, deadline. *Id.* at 17-18.

Here, Ms. Peterson and Mr. Walker seek to assert fraudulent concealment claims that have already been dismissed from the MDL. The time for Plaintiffs to assert a fraudulent concealment claim was before the March 19, 2021, deadline for plaintiffs to amend their Short Form Complaints

to include additional allegations in support of their fraudulent concealment claims. Plaintiffs' failure to timely amend means their claims were already dismissed before their August 17, 2026, Amended Short Form Complaints were filed. *See* Dkt. 15907 (dismissing all fraudulent concealment claims in the MDL with leave to amend until March 19, 2021). The Court should therefore strike their dilatory amendments—sought more than five years after the Court's amendment deadline—seeking to revive this claim.

Furthermore, Plaintiffs' amendments do not cure the pleading deficiencies identified by the Court. Plaintiffs allege the Cook Defendants concealed information necessary for Plaintiffs to discover potential causes of action against the Cook Defendants. *See, e.g.*, Dkt. 28080 (*Peterson*), Ex. A at ¶¶ 54, 59. But Plaintiffs do not specifically allege any facts showing that the Cook Defendants "took any action *after* a filter-related injury that was intended to conceal from … Plaintiff[s] the existence of [their] cause of action or the facts giving rise to … Plaintiff[s'] cause of action." Dkt. 25589 at 13 (emphasis in original); *see also Nardone v. Reynolds*, 333 So.2d 25, 37 (Fla. 1976) ("[T]wo elements are required before the equitable principle of fraudulent concealment will be utilized to toll the statute of limitations, to-wit: plaintiff must show both successful concealment of the cause of action and fraudulent means to [achieve] that concealment."); *Simcuski v. Saeli*, 377 N.E.2d 713, 716 (N.Y. 1978) ("[A] defendant may be estopped to plead Statute of Limitations where plaintiff was induced by fraud, misrepresentations, or deception to refrain from filing a timely action."); *Newman v. Walker*, 618 S.E.2d 336, 338 (Va. 2005) ("Mere silence by the person liable is not concealment, but there must be some affirmative act or representation designed to prevent, and which does prevent, the discovery of the cause of action."). Rather, Plaintiffs rely on the same "assertions that Cook failed to disclose the risks of filter-related adverse events, … the frequency of adverse events and known failure modes of its

filters, and … the lack of the efficacy of its filters" that this Court already held were inadequate to maintain a fraudulent concealment claim. *Id.* at 17. Because "Plaintiffs have not alleged that Cook took any affirmative action after their filter-related injury to conceal from them the facts underlying their causes of action," *id.*, the Court should strike Plaintiffs' reasserted fraudulent concealment claims from their Amended Short Form Complaints. *See, e.g.*, *Ross*, 5 F.3d at 1088; *Chichon*, 2002 WL 31870557, at *3.

**C. Punitive Damages**

On May 16, 2024, this Court granted summary judgment as to all punitive damages claims asserted by plaintiffs who were implanted with a Tulip filter. Dkt. 25904 at 22. In doing so, the Court conclusively determined that the evidentiary record does not and cannot, as a matter of law, support the imposition of punitive damages in Tulip cases. *See id.* ("Plaintiffs' evidence cannot, as a matter of law, support a claim for punitive damages under any state's standards."). Put simply, the Court fully disposed of the Tulip plaintiffs' requests for punitive damages on the merits. *See Gerace v. Andrews*, 227 F. Supp. 3d 946, 951 (N.D. Ill. 2016) ("A disposition of a claim based on a lack of evidence is the very definition of an adjudication on the merits."). Plaintiffs are barred from attempting to relitigate this already decided issue. *See, e.g.*, *In re Xpedior Inc.*, 345 B.R. 210, 224 (N.D. Ill. 2006) (noting that under the law-of-the-case doctrine, a court's "decision should continue to govern the same issues in subsequent stages in the same case" and that the doctrine "promotes the finality and efficiency of the judicial process by 'protecting against agitation of settled issues'" (citation omitted)).

The finality of the Court's adjudication of plaintiffs' punitive damages request is highlighted by the fact the Court did not provide plaintiffs leave to amend to assert additional allegations in support of the request. *See generally* Dkt. 25904. And the prudence of the Court's

decision not to grant leave is made evident by Plaintiffs' Amended Short Form Complaints here. Ms. Peterson and Mr. Walker both assert the same allegations based on the same evidence this Court considered when dismissing the Tulip plaintiffs' requests for punitive damages, including, among other things, Dr. Gardner's emails and the Cook Defendants' knowledge of the decreasing retrievability over time. *Compare* Dkt. 28080 (*Peterson*), Ex. A, *and* Dkt. 28082 (*Walker*), Ex. A, *with* Dkt. 25904. Because the Court has already considered this exact evidence and found it "cannot, as a matter of law, support a claim for punitive damages under any state's standards," the Court should strike Plaintiffs' reasserted requests for punitive damages from their Amended Short Form Complaints. *See, e.g.*, *Ross*, 5 F.3d at 1088; *Chichon*, 2002 WL 31870557, at *3.

**MOTION TO DISMISS**

**II. The Court May Dismiss Plaintiffs' Claims That Fail as a Matter of State Law Pursuant to Rule 12(c).**

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings after the parties' pleadings are closed.[4] Fed. R. Civ. P. 12(c); *see also N. Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The standard for judgment on the pleadings under Rule 12(c) is the same as the standard under Rule 12(b)(6): the plaintiff must state a claim that is plausible on its face. *Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 639 (7th Cir. 2015); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court may grant a motion pursuant to Rule 12(c) if "the plaintiff cannot prove any facts that would support his claim for relief." *N. Indiana Gun & Outdoor Shows*, 163 F.3d at 452. The Court must "accept the plaintiff['s] well-pled facts as true and construe reasonable inferences in [the plaintiff's] favor." *Tierney v. Advocate Health & Hosps. Corp.*, 797 F.3d 449, 451 (7th Cir. 2015).

[4] Plaintiffs' Amended Complaints are deemed to have been answered because the Cook Defendants have filed a master answer. *See* Dkt. 318 (Notice of Agreement); Dkt. 8080 (Cook Defs.' Am. Answer).

The Court need not accept the plaintiff's legal conclusions. *Id.*; *see also Rogers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 197 (7th Cir. 1985).

Claims that are not viable as a matter of state law are subject to dismissal under Rule 12(c). *See, e.g.*, *Katz-Crank v. Haskett*, 843 F.3d 641, 650-51 (7th Cir. 2016) (affirming Rule 12(c) dismissal of state law claims that fell "comfortably within the state immunity bar" for officials working in their official capacity). This Court has dismissed dozens of claims under Rule 12(c) in this MDL, including motion practice arising out of CMO-28 on timeliness of claims. *See e.g.,* Dkt. 19637 (*Bennett*) (dismissing case pursuant to Rule 12(c) as time-barred by Virginia law).

## III. Plaintiff Peterson's Strict Liability Claims Are Barred Under Virginia Law and Should Be Dismissed Pursuant to Rule 12(c).

Ms. Peterson resided in Virginia at all times relevant to this case and represents that she would have filed her action in the Eastern District of Virginia absent filing in the MDL. *See* Dkt. 28080 (*Peterson*), ¶¶ 4-7. Virginia substantive law thus governs Ms. Peterson's claims.

Under Virginia law, Ms. Peterson's strict liability failure-to-warn and design defect claims (Counts I-II) must be dismissed because "courts applying Virginia law have not applied the doctrine of strict liability in product liability cases." *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 214 (E.D. Va. 2008). Under Virginia law, "'[s]trict liability attaches only to abnormally dangerous ***activities***,' not substances." *Richmond, Fredericksburg & Potomac R. Co. v. Davis Indus., Inc.*, 787 F. Supp. 572, 575 (E.D. Va. 1992) (citation omitted; emphasis added). Because Ms. Peterson's claims focus on an implantable medical device, not an "abnormally dangerous activity," Ms. Peterson's strict liability claims fail as a matter of law and must be dismissed. *See Sykes*, 548 F. Supp. 2d at 214 ("[T]he [plaintiffs'] strict-liability claim for injuries alleged caused by [a prescription pharmaceutical], a substance, fail as a matter of law."); *Porter v. DePuy Orthopedics, Inc.*, 2019 WL 3979656, at *12 n.3 (dismissing strict liability claims in a knee

implant case because "Virginia does not recognize a strict liability scheme in products liability cases, precluding any cognizable action for strict liability based on Plaintiff's facts.") (internal citations omitted).

## IV. Plaintiff Walker's Implied Warranty Claim is Time-Barred Under New York Law and Should Be Dismissed Pursuant to Rule 12(c).

Although he currently resides in Florida and alleges his injury occurred in Florida, Mr. Walker received his filter in New York and states he would have filed his case in the Western District of New York absent filing in the MDL. *See* Dkt. 28082 (*Walker*), ¶¶ 4-7. Under *Looper*, New York's choice-of-law rules apply to Mr. Walker's case, and New York would apply its own law because it considers the statute of limitations to be a procedural issue. *Looper v. Cook Inc.*, 20 F.4th 387, 397-98 (7th Cir. 2021); *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 626-27 (2d Cir. 1998) ("New York courts generally apply New York's statutes of limitations, even when the injury giving rise to the action occurred outside New York.").[5]

Under New York law, Mr. Walker's implied breach of warranty claim (Count IV) is time-barred by over five years. Mr. Walker received his filter on February 11, 2010, but did not file his case until February 21, 2019, exactly nine years and ten days later. But New York applies a four-year statute of limitations to breach of warranty claims measured from the date of delivery.[6] N.Y. U.C.C. Law § 2-725; *see also Galletta v. Stryker Corp.*, 283 F. Supp. 2d 914, 916 (S.D.N.Y. 2003) ("There is no question that the breach of warranty claim is time barred, because the polyethylene

[5] The Cook Defendants take no position at this time on whether Mr. Walker's substantive claims would be governed by Florida or New York law.

[6] Plaintiff Walker's express warranty claim is already dismissed, and his effort to replead it should be struck for the reasons discussed in the first section. However, the Cook Defendants note that New York law bars the claim because any express warranty claim would be subject to the same statute of limitations as the time-barred implied warranty claim. *See* N.Y. U.C.C. Law § 2-725; *see also Schwatka v. Super Millwork, Inc.*, 106 A.D.3d 897, 899 (N.Y. App. Div. 2013) (dismissing express warranty claim as time-barred and noting that cause of action accrued at the time of the product's delivery).

implant has to have been delivered to the hospital where the operation was performed prior to the date of the operation—April 23, 1996—and the lawsuit was not commenced until May 1, 2002.”). Because his filter was delivered no later than February 11, 2010, Mr. Walker’s breach of implied warranty claim is untimely by over five years and should be dismissed.

**CONCLUSION**

For the foregoing reasons, the Cook Defendants respectfully request that the Court (1) strike Plaintiff Peterson’s and Plaintiff Walker’s claims for breach of express warranty (Count V), fraudulent concealment, and punitive damages (Count XI) that have been reasserted in their Amended Short Form Complaints; and (2) dismiss Plaintiff Peterson’s strict liability failure-to-warn and design defect claims (Counts I-II) and Plaintiff Walker’s breach of implied warranty claim because they fail as a matter of law.

Dated: September 8, 2026

Respectfully Submitted,

*/s/ Jessica Benson Cox*

Andrea Roberts Pierson
Jessica Benson Cox
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
Andrea.Pierson@Faegredrinker.com
Jessica.Cox@Faegredrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street, Suite 3300
Chicago, Illinois 60606
Telephone: (312) 569-1325
Facsimile: (312) 569-3000
Stephen.Bennett@Faegredrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, William Cook Europe APS*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, a copy of the foregoing was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

*/s/ Jessica Benson Cox*