**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | |
| This Document Relates to:<br><br>Plaintiffs represented by Ben Martin Law Group and listed in Exhibits A and B to the Cook Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction | No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE BELATED RESPONSE TO THE COOK DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

The Plaintiffs are sixty-seven (67) individual claimants represented by Ben Martin Law Group and listed in Exhibits A and B to the Cook Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (the "Motion") [ECF Doc. 28162] ("Plaintiffs") respectfully move under Federal Rule of Civil Procedure 6(b)(1)(B) for leave to file their response to the Motion after the response deadline. Good cause supports this request because of the large number of individual Plaintiffs affected by this one motion and the fact the missed deadline resulted from an inadvertent calendaring error. The Cook Defendants will suffer no prejudice if the Court permits the Plaintiffs to respond and grants the additional time to file the response.

## I. BACKGROUND

The Cook Defendants moved to dismiss sixty-seven (67) Plaintiffs' cases. The individual cases are listed in Exhibits A and B to the Motion to Dismiss for Lack of Subject Matter Jurisdiction. The Defendants identify Exhibit A Plaintiffs "as asymptomatic perforation cases

under Category 6(b)." The Defendants identify Exhibit B Plaintiffs "as a symptomatic IVC perforation under Category 7(e)(1) without any evidence linking the alleged perforation to a present physical impairment or harm."[1]

The Motion was filed on October 7, 2026 pursuant to Federal Rule of Civil Procedure 12(b)(1). Local Rule 7-1 provides twenty-one (21) days to respond to a motion filed under Rule 12(b). Plaintiffs' counsel's staff calendared the response deadline by applying the 21-day period in Local Rule 7-1, which set the deadline on October 28, 2026. That calendared deadline has not yet passed. Given the need to review the case files for sixty-seven (67) individual Plaintiffs in order to respond to the Motion, Plaintiffs' counsel emailed the Defendants' attorneys on October 23, 2026 to request additional time beyond the 21-day period to file a response. Defendants' counsel answered that the time for the Plaintiffs to respond had passed. Given the defense attorney's answer, Plaintiffs' counsel researched the orders of the Court and realized that Amended Case Management Order No. 18 ("CMO 18") requires response briefs to be filed within ten (10) days after a motion is filed. While CMO 18 excludes motions for summary judgment, it does include motions to dismiss filed under Rule 12(b). Plaintiffs' counsel asked whether the Cook Defendants would oppose a motion for leave to file a belated response and was told: "My client is out of the country. I am not going to be able to reach her for a response on your question."

Given the large number of individual cases consolidated in the one motion to dismiss, Plaintiffs' counsel needs additional time to provide a response even beyond the 21-day period in Local Rule 7-1 and would have requested the extension within the 10-day period in CMO 18 in

[1] The Plaintiffs cite the definitions provided by the Defendants in their Motion for the purpose of clarity but do not agree that these "categorizations" required by the CCF forms are dispositive of any claims or right to pursue the Plaintiffs' causes of action in this Court.

any event. Plaintiffs now submit this request to file their response and to extend the deadline for filing to November 30, 2026.

## II. LEGAL STANDARD

Rule 6(b)(1)(B) permits the Court, for good cause, to extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." The excusable neglect inquiry "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Supreme Court described excusable neglect under Rule 6(b) as a "somewhat 'elastic concept'" that is "not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392.

Applying *Pioneer*, the Seventh Circuit has held that a trial court may "consider the equities and then determine whether a missed filing deadline attributable to an attorney's negligence is (or is not) 'excusable neglect.'" *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997). Courts in this Circuit, including this Court, have excused missed deadlines caused by calendaring errors. *See Saul v. Prince Mfg. Corp.*, No. 1:12-cv-270, 2013 U.S. Dist. LEXIS 8199, at *5-7 (N.D. Ind. Jan. 22, 2013) (finding excusable neglect under Rule 6(b) where a summary judgment response deadline was never placed on the calendars of the attorneys of record and any prejudice to the opposing party was minimal); *Castillo v. Nurnberg*, No. 3:12-cv-525, 2014 U.S. Dist. LEXIS 55522, at *6-8 (N.D. Ind. Apr. 21, 2014) (finding excusable neglect under Rule 60(b)(1) where an inadvertent calendaring error caused the delay, counsel corrected the error within a week and a

half of discovering it, and the defendants faced little danger of prejudice); *see also Boctking v. United States*, No. 3:10-cv-10-RLY-WGH, 2010 U.S. Dist. LEXIS 54377, at *3-5 (S.D. Ind. June 2, 2010) (finding good cause under Rule 55(c) to set aside a default where a calendaring error led the defendant to believe it had one more month to answer).

## III. ARGUMENT

### A. The Cook Defendants will suffer no prejudice.

Extending the response date does not prejudice the Cook Defendants. There is no discovery scheduled in these cases, there are no other motions pending in these cases and there is no trial setting in these cases. The Cook Defendants keep their full opportunity to reply.

### B. The delay is brief and will not disrupt these proceedings.

Plaintiffs bring this motion promptly and for good cause shown. While the Defendants have chosen to bring one motion, they seek relief that affects sixty-seven (67) individual cases and ask that all the Plaintiffs' cases be dismissed based upon the Seventh Circuit opinion in *Sykes v. Cook Inc.*, 72 F.4th 195 (7th Cir. 2023). The Defendants have had three (3) years to research, draft, and file this Motion. It is certainly reasonable to permit an extension of the deadline for the Plaintiffs to respond. Again, there is no discovery scheduled in these cases, there are no other motions pending in these cases and there is no trial setting for these cases.

### C. The delay resulted from an inadvertent calendaring error, not disregard of the Court's deadlines.

Plaintiffs' counsel takes responsibility for the missed deadline. The delay resulted from a single, inadvertent calendaring error. Plaintiffs' counsel's office docketed the response deadline under the 21-day period in Local Rule 7-1 rather than the 10-day period in CMO 18. Plaintiffs did not make a strategic choice to forgo a response, and Plaintiffs did not ignore the Motion. Plaintiffs were preparing their response against the calendared date and filed this motion promptly after

discovering the error. The request to extend the response deadline would have been filed in either case as additional time is required whether CMO 18 or Local Rule 7-1 is applied. *Pioneer* confirms that Rule 6(b)(1)(B) is not limited to omissions caused by circumstances beyond the movant's control and may extend to inadvertent delays, such as the calendaring error here.

**D. Plaintiffs have acted in good faith.**

Plaintiffs gain no advantage from the delay. The sixty-seven (67) Plaintiffs affected seek only to be heard on a motion that would end their cases in this Court. In *Pioneer*, the Supreme Court found that the lack of prejudice to the opposing party and to efficient judicial administration, combined with the movant's good faith, weighed strongly in favor of permitting a late filing. The same combination is present here.

**E. Denying leave would resolve a jurisdictional motion without Plaintiffs' input.**

A summary ruling here would decide whether sixty-seven (67) Plaintiffs may pursue their claims in this forum without any presentation in response. Permitting a reasonable extension of time to file a response lets the Court decide the Motion on a complete record.

## IV. CONCLUSION

Each *Pioneer* factor favors Plaintiffs. The Cook Defendants keep their full right to reply, the extension requested is short, and the Plaintiffs acted in good faith. Plaintiffs respectfully request that the Court grant this motion and allow the Plaintiffs to file their response on or before November 30, 2026. Plaintiffs respectfully request all other relief to which they are entitled.

Dated: October 26, 2026

Respectfully submitted,

/s/ *Thomas Wm. Arbon*

Thomas Wm. Arbon
BEN MARTIN LAW GROUP
3500 Maple Avenue, Suite 400
Dallas, Texas 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590

*Attorneys for Plaintiffs*

**CERTIFICATE OF CONFERENCE**

I HEREBY CERTIFY that on October 23, 2026, Plaintiffs' counsel reached out to counsel for the Cook Defendants and asked whether the Cook Defendants oppose this motion. Plaintiffs' counsel was informed that the Cook Defendants' client representative was out of the country and could not be reached for a response.

/s/ *Thomas Wm. Arbon*
Thomas Wm. Arbon

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Thomas Wm. Arbon*
Thomas Wm. Arbon