**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

---

In Re: COOK MEDICAL, INC.,
IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

---

This Document Relates to:

All Cases in Exhibit A

---

**OMNIBUS SUGGESTION OF DEATH ON THE RECORD**

The defendants, Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, Cook Group Incorporated, and William Cook Europe ApS (collectively, the "Cook Defendants"), respectfully provide notice of the deaths of the Plaintiffs listed in **Exhibit A**. In support, the Cook Defendants state:

1. Federal Rule of Civil Procedure 25(a) contemplates the "service of a statement noting death" upon the death of a party. Fed. R. Civ. P. 25(a)(1). Such a suggestion of death may be filed by an opposing party upon learning of a party's death. *See, e.g.*, *Kasting v. Am. Fam. Mut. Ins. Co.*, 196 F.R.D. 595, 599 (D. Kan. 2000) ("Rule 25 does not prohibit a party defendant from filing a suggestion of death."); *Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008) (noting that a suggestion of death may be filed by the opposing party).

2. Although some courts within the Seventh Circuit have held that the suggestion of death "needs to give the identity of the representative or successor of the deceased," *May v. Mote*, 2006 WL 2246434, at *1 (C.D. Ill. Aug. 4, 2006) (cleaned up), this requirement is limited to instances in which "the information is readily available to the person filing the statement," *Merit Ins. Co. v. Colao*, 1986 WL 9543, at *5 (N.D. Ill. Aug. 27, 1986). In such circumstances, "if the

suggestion of death is filed by the opposing party, that party is not required to serve a successor or representative if he doesn't know who that is, and so the 90-day period starts to run from the filing of the suggestion." *Koger v. Dart*, 2021 WL 679111, at *4 (N.D. Ill. Feb. 22, 2021) (citation omitted).

3. Here, upon information and belief, the Cook Defendants have determined that the Plaintiffs listed in **Exhibit A** have passed away. A link to each Plaintiff's respective obituary is included in **Exhibit A**.

4. The Cook Defendants have no knowledge of any decedent's successor or representative. Accordingly, this Suggestion of Death is being served upon each decedent's counsel of record via email and the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. *See, e.g.*, *Russell v. City of Milwaukee*, 338 F.3d 662, 667 (7th Cir. 2003) (finding district court did not abuse its discretion in holding that the defendant's service of a suggestion of death on the plaintiff's counsel of record was sufficient to trigger Rule 25's 90-day requirement).

Based on the foregoing, the Cook Defendants respectfully provide notice of the deaths of the Plaintiffs listed in **Exhibit A**.

Dated: November 16, 2026

Respectfully submitted,

*/s/ Jessica Benson Cox*

Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Jessica.Cox@Faegredrinker.com
Andrea.Pierson@Faegredrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street, Suite 3300
Chicago, Illinois 60606
Telephone: (312) 569-1325
Facsimile: (312) 569-3000
Stephen.Bennett@Faegredrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, Cook Group Incorporated, and William Cook Europe ApS*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2026, a copy of the foregoing was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ *Jessica Benson Cox*