**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | |
| This Document Relates to:<br><br>Plaintiffs represented by Ben Martin Law Group and listed in Exhibits A and B to the Cook Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction | No. 1:14-ml-2570-RLY-TAB<br>MDL No. 2570 |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO THE COOK DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiffs are sixty-seven (67) individual claimants represented by Ben Martin Law Group and listed in Exhibits A and B to the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe APS (collectively, the "Cook Defendants"). Said Plaintiffs hereby respond in opposition to this Motion to Dismiss ("Cook's Motion" or the "Motion"), which seeks to deny these 67 Plaintiffs their day in court despite evidence in the record to support a good faith allegation that each Plaintiff meets the amount-in-controversy (hereinafter "AIC") floor necessary for federal subject matter jurisdiction. Because each Plaintiff has complied with CMO-32, it is not impossible that a jury could award more than $75,000 in damages for each Plaintiff. Cook's Motion is, therefore, without merit and should be denied.

## <u>BACKGROUND</u>

The Cook Defendants' entire Motion depends on an improperly expansive interpretation of the Seventh Circuit's 2023 *Sykes v. Cook Inc.* decision and a complete ignoring of the evidence in the record. The *Sykes* Court held that, under Kentucky and Texas law, allegations of

asymptomatic perforation without additional allegations of some symptom or complication were insufficient to meet the AIC requirement, because a verdict for more than $75,000 in damages would, if such allegations were proven true, nevertheless be set aside as excessive in both states. *Sykes v. Cook, Inc.*, 72 F.4th 195, 215–16 (2023). Plaintiffs dispute any implication of *Sykes* that filter perforation of the IVC wall does not constitute a compensable physical injury on its own and has already submitted multiple expert opinions testifying that such perforation is, indeed, a physical, bodily injury that causes direct physical harm, including but not limited to bleeding, inflammation, damage to the IVC that can render the filter unable to function as intended and difficult or impossible to retrieve, fibroblast response, and scarring, leading to increased risks for thrombosis and caval stenosis. *See generally*, **Exhibit 68**, 07/21/21 Declaration of Derek Muehrcke, M.D.; **Exhibit 69**, 06/23/25 Report Regarding Injury/Harm from Perforating IVC Filter by Michael C. Fishbein, M.D.; and **Exhibit 70**, 07/03/25 Attestation & Declaration of Robert P. Allen, M.D.

Regardless, however, this Court subsequently enacted CMO-32 to ensure that each plaintiff in the MDL could meet the standard set in *Sykes*. *See* Dkt. 2652, 2nd Am. CMO-32. Each of the 67 Plaintiffs at issue in Cook's Motion has submitted an AIC Certification Form ("AIC Form") in compliance with CMO-32, along with evidence to support said Plaintiff's good faith belief that their allegations meet the AIC requirements under the standard set in *Sykes*. Furthermore, the Plaintiffs have also responded to the holding in *Sykes* as their Short-Form Complaints allege case-specific damages, including punitive damages. Each Plaintiff has attached their respective AIC Form, along with other corresponding evidence, as **Exhibits 1–67** to this Response and will discuss the jurisdictional allegations of each in turn.

**1. Leo V. Butler, Case No. 1:17-cv-00185**

Mr. Butler's AIC Form certifies his good-faith basis to assert a claim for damages

exceeding $75,000 under penalty of perjury. His CC Form alleges multiple filter struts perforating through his IVC wall, with one abutting his aorta and another extending into the duodenum, and his Plaintiff Profile Sheet ("PPS") alleges filter tilt, migration, and irretrievability, causing recurrent DVTs, anxiety, depression, and poor circulation. These forms and attached evidence, including a CT scan and report from August 19, 2008, are hereto attached as **Exhibit 1**.

**2. Leticia McCrummen, Case No. 1:17-cv-00658**

Ms. McCrummen's AIC Form certifies her good-faith basis under penalty of perjury. Her CC Form alleges that significant filter tilt, with multiple struts penetrating her IVC wall, and her PPS alleges pain when coughing or vomiting. These forms are attached as **Exhibit 2**.

**3. Anthony Gray, Case No. 1:17-cv-00797**

Mr. Gray's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges that multiple filter struts perforate through the wall of his IVC, and his PPS alleges serious future risks of harm he faces in the likely event that the filter shifts further and damages surrounding organs have caused him to suffer mental stress. These forms and attached evidence, including a CT scan report from September 26, 2016, are attached as **Exhibit 3**.

**4. Samina Sattar, Case No. 1:17-cv-02635**

Ms. Sattar's AIC Form certifies her good-faith basis under penalty of perjury. Her CC Form alleges multiple filter struts perforating her IVC wall, and her PPS alleges failure to prevent post-implant pulmonary embolism and deep vein thrombosis, causing her to be prescribed an additional blood thinner, Coumadin, which has resulted in a Vitamin K deficiency and infertility. These forms and attached evidence, including a CT scan report from July 5, 2017, are attached as **Exhibit 4**.

**5. Adam Shipman, Case No. 1:17-cv-02737**

Mr. Shipman's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges multiple filter struts perforating his IVC wall, and his PPS alleges filter tilt, organ

perforation, permanent and continuous physical injuries, pain and suffering, impairment, and emotional trauma. These forms are attached as **Exhibit 5**.

**6. Tony Gerritsen, Case No. 1:17-cv-03571**

Mr. Gerritsen's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges multiple filter struts perforating his IVC wall, and his PPS alleges filter tilt, organ perforation, permanent and continuous physical injuries, pain and suffering, impairment, and emotional trauma. These forms are attached as **Exhibit 6**.

**7. Chelsea King, Case No. 1:17-cv-03575**

Ms. C. King's AIC Form certifies her good-faith basis under penalty of perjury. Her CC Form alleges a CT scan revealed multiple of her filter's lower-most struts penetrating through her IVC wall, and her PPS alleges organ perforation, physical pain, and constant fear as a result of her filter and its serious risks of future harm. These forms are attached as **Exhibit 7**.

**8. Kerry Duane Jessen and Kerry Lee Jessen, Case No. 1:17-cv-04316**

Mr. Jessen's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges a 3 mm mesenteric perforation of his IVC wall and organ perforation, while certifying that he submitted evidence of both the perforation and physical impairment or harm. His PPS alleges filter tilt and organ perforation, evidenced by a CAT scan. These forms are attached as **Exhibit 8**.

**9. David Peck and Adrienne Peck, Case No. 1:17-cv-04621**

Mr. Peck's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges multiple filter struts perforating his IVC wall and extend 4–5 mm beyond the IVC, and his PPS alleges filter tilt and irretrievability, rendering him unable to undergo needed cardiac ablation and resulting in permanent and continuous injury, including blood clots in his legs and lungs that should have been prevented by the filter, pain, and suffering, disability, and emotional trauma. These forms are attached as **Exhibit 9**.

**10. Thomas H. Brown, Jr., Case No. 1:18-cv-00814**

Mr. Brown's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges that a May 4, 2017 CT scan revealed multiple filter struts perforating his IVC wall, and his PPS alleges filter tilt and daily stress and anxiety at the fear of likely migration and/or fracture leading to his death. These forms are attached as **Exhibit 10**.

**11. Kelvin Epps, Case No. 1:18-cv-00820**

Mr. Epps's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges multiple filter struts perforating his IVC wall and abdominal pain, and his PPS alleges filter embedment, daily chest pain, anxiety, and stress. These forms and attached evidence, including CT scan report from June 26, 2017, are attached as **Exhibit 11**.

**12. Steve Siedel, Case No. 1:18-cv-00837**

Mr. Siedel's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges slight filter tilt with multiple struts perforating his IVC wall, and his PPS alleges that filter embedment, failure to prevent pulmonary embolism and DVT suffered after implantation, abdominal pain, anxiety, and stress. These forms and attached evidence, including a CT scan report from September 29, 2015, are attached as **Exhibit 12**.

**13. Jerry Owens, Case No. 1:18-cv-01547**

Mr. Owens's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges multiple filter struts perforating his IVC wall, and his PPS alleges organ perforation and irretrievability, as evidenced by a CAT scan, resulting in significant mental and physical pain and suffering, severe and permanent injuries, disability, impairment, and a loss of enjoyment of life. These forms are attached as **Exhibit 13**.

**14. Christian Lausten, Case No. 1:18-cv-02108**

Mr. Lausten's AIC Form certifies his good-faith basis under penalty of perjury. His CC

Form alleges multiple filter struts perforating his IVC wall and filter apex thrombosis, and his PPS alleges significant mental and physical pain and suffering, severe and permanent injuries, disability, impairment, and a loss of enjoyment of life. These forms are attached as **Exhibit 14**.

**15. Linda Daugherty, Case No. 1:18-cv-02928**

Ms. Daugherty's AIC Form certifies her good-faith basis under penalty of perjury. Her CC Form alleges multiple filter struts perforating her IVC wall, and her PPS alleges a risky removal surgery as a result of the filter perforation. These forms and attached evidence, including a CT scan report from May 8, 2017, are attached as **Exhibit 15**.

**16. William Mitchell, Case No. 1:18-cv-02987**

Mr. Mitchell's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges multiple filter struts perforating his IVC wall, and his PPS alleges filter tilt, significant mental and physical pain and suffering, severe and permanent injuries, disability, impairment, and loss of enjoyment of life. These forms and attached evidence, including a CT scan from March 8, 2018, are attached as **Exhibit 16**.

**17. Cathy Beverage, Case No. 1:18-cv-03004**

Ms. Beverage's AIC Form certifies her good-faith basis under penalty of perjury. Her CC Form alleges significant filter tilt and multiple struts perforating her IVC wall, and her PPS alleges organ perforation, mental and physical pain and suffering, severe and permanent injuries, disability, impairment, and loss of enjoyment of life. Her forms are attached as **Exhibit 17**.

**18. Roger Schmidt and Patricia Schmidt, Case No. 1:18-cv-03066**

Mr. Schmidt's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges one or more filter struts perforate his IVC wall, and his PPS alleges significant mental and physical pain and suffering, severe and permanent injuries, disability, impairment, and loss of enjoyment of life. These forms are attached hereto as **Exhibit 18**.

**19. Teresa Rice, Case No. 1:19-cv-01863**

Ms. Rice's AIC Form certifies her good-faith basis under penalty of perjury. Her CC Form alleges multiple filter struts perforating her IVC wall, and her PPS alleges filter tilt and anxiety about the long-term effects of filter failure and her inability to have the filter removed. These forms are attached as **Exhibit 19**.

**20. Ralph Edward Guillory, Case No. 1:19-cv-02111**

Mr. Guillory's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges multiple filter struts perforating his IVC wall, and his PPS alleges pain in his lower stomach. These forms and attached evidence, including a CT scan from May 26, 2017, are attached as **Exhibit 20**.

**21. Robert Smith, Sr., Case No. 1:19-cv-02419**

Mr. Smith's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges multiple filter struts perforating his IVC wall, and his PPS alleges filter tilt and refers to his medical records as evidence for the details regarding his injuries. These forms and attached evidence, including a CT scan report from June 14, 2017, are attached as **Exhibit 21**.

**22. Robert Cressman III, Case No. 1:19-cv-02615**

Mr. Cressman's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges his filter tilted 25 degrees, with multiple filter struts perforating his IVC wall, and his PPS alleges bleeding, swelling, blood clots, pain and suffering, and mental anguish as injuries or complications arising from the filter. These forms and attached evidence, including a CT scan report from June 27, 2017, are attached as **Exhibit 22**.

**23. Michael Shields, Case No. 1:19-cv-02850**

Mr. Shields's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges multiple filter struts perforating his IVC wall, and his PPS alleges filter tilt and

irretrievability, physical pain, mental and emotional distress, and physical impairment. These forms and attached evidence, including a July 11, 2017 CT scan report, are attached as **Exhibit 23**.

**24. Michael Manseau, Case No. 1:19-cv-02852**

Mr. Manseau's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges multiple filter struts perforating his IVC wall, and his PPS alleges filter tilt and refers to his medical records as evidence for the details regarding his injuries. These forms and attached evidence, including a CT scan report from July 17, 2017, are attached as **Exhibit 24**.

**25. Rita Ash, Case No. 1:19-cv-03080**

Ms. Ash's AIC Form certifies her good-faith basis under penalty of perjury. Her CC Form alleges multiple filter struts perforating her IVC wall, with one penetrating her aortacaval lymph node, and her PPS alleges organ perforation, as evidenced by a CT scan, causing her to live in daily fear that the filter will shift and kill her, thereby limiting her physical activity. These forms are attached as **Exhibit 25**.

**26. Lisa O'Leary, Case No. 1:20-cv-00475**

Ms. O'Leary's AIC Form certifies her good-faith basis under penalty of perjury. Her CC Form alleges multiple filter struts perforating her IVC wall, and her PPS alleges filter tilt and irretrievability, causing her bodily pain and constant worry about additional complications that are likely to result. These forms and attached evidence, including a CT scan report from December 19, 2018, are attached as **Exhibit 26**.

**27. Casander Rodriguez, Case No. 1:21-cv-02142**

Mr. Rodriguez's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges multiple filter struts perforating his IVC wall and potentially perforating or impacting his adjacent lymphatic vessel and vertebral body, and his PPS alleges organ perforation, physical pain, mental anguish, emotional distress, and physical impairment. These forms and attached

evidence, including a CT scan report from July 30, 2019, are attached as **Exhibit 27**.

**28. Christopher Ellingsen, Case No. 1:16-cv-02308**

Mr. Ellingsen's ("Mr. Ellingsen") AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges multiple filter struts perforating his IVC wall by more than 3 mm, and his PPS alleges the filter has become embedded. These forms and attached evidence, including CT scans from April 26, 2016, are attached as **Exhibit 28**.

**29. Thomas Connelly, Case No. 1:16-cv-02507**

Mr. Connelly's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges multiple filter struts perforating his IVC wall by more than 3 mm, with struts abutting the aorta and duodenum, while certifying that he submitted evidence of both the perforation and physical impairment or harm. His PPS alleges filter tilt, pain, shortness of breath, and anxiety. These forms and attached evidence, including CT scan reports from June 29, 2016, and August 9, 2016, are attached as **Exhibit 29**.

**30. Barbara Stover, Case No. 1:17-cv-02120**

Ms. Stover's AIC Form certifies her good-faith basis under penalty of perjury. Her CC Form alleges multiple filter struts perforating her IVC wall by more than 3 mm, while certifying that she submitted evidence of the perforation and physical impairment or harm. Her PPS alleges the filter has become embedded and has caused her to suffer daily abdominal and back pain. These forms and attached evidence, including CT scans from May 19, 2016, and August 9, 2016, are attached as **Exhibit 30**.

**31. Michael Ganino, Jr., and Patricia Ganino, Case No. 1:17-cv-02765**

Mr. Ganino's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges multiple filter struts perforating his IVC wall by more than 3 mm, with a strut abutting his duodenum, while certifying that he submitted evidence of the perforation and physical

impairment or harm. His PPS alleges excessive anxiety and stress that have made it difficult to carry out his normal physical activities. These forms and attached evidence, including CT scans from July 27, 2015, are attached as **Exhibit 31**.

**32. Carol McDuffy, Case No. 1:17-cv-02919**

Ms. McDuffy's ("Ms. McDuffy") AIC Form certifies her good-faith basis under penalty of perjury. Her CC Form alleges multiple filter struts perforating her IVC wall by more than 3 mm, while certifying that she submitted evidence of the perforation and physical impairment or harm. Her PPS alleges filter tilt, chest pain, shortness of breath, abdominal pain, and back pain, abnormal swelling of her left extremities, and fear about future complications resulting in death. These forms and attached evidence, including CT scans from May 24, 2017, are attached as **Exhibit 32**.

**33. Leslie Russell and Mary Russell, Case No. 1:17-cv-03786**

Mr. Russell AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges multiple filter struts perforating his IVC wall by more than 3 mm, with struts abutting his aorta and vertebral body, while certifying that he submitted evidence of both the perforation and physical impairment or harm. His PPS alleges filter tilt, embedment, and irretrievability (as confirmed by fluoroscopy). These forms and attached evidence, including CT scans from March 20, 2018, are attached as **Exhibit 33**.

**34. Lonnie Johnson, Jr., and Alice Johnson, Case No. 1:17-cv-04244**

Mr. Johnson's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges multiple filter struts perforating his IVC wall by more than 3 mm, while certifying that he submitted evidence of the perforation and physical impairment or harm. His PPS alleges filter tilt and migration out of the IVC, close enough to his skin to poke through at times, resulting in bleeding and recurring infections that require antibiotic treatment. These forms and attached evidence, including a venogram from January 19, 2010, are attached as **Exhibit 34**.

**35. Tamantha Pinson, as Heir and Representative of the Estate of Timothy Pinson, Case No. 1:18-cv-00822**

Mrs. Pinson's AIC Form, on behalf of the Estate of Mr. Pinson, certifies her good-faith basis under penalty of perjury. Mr. Pinson's CC Form alleges multiple filter struts perforating his IVC wall by more than 3 mm, with a strut abutting and/or penetrating into his aorta, while certifying that the submission of evidence of the perforation and physical impairment or harm. His PPS alleges the filter remained in his body prior to his death, causing him to suffer physical pain, mental anguish, emotional distress, and physical impairment. These forms and attached evidence, including CT scans from July 17, 2018, are attached as **Exhibit 35**.

**36. Roy Dukes, Case No. 1:18-cv-01935**

Mr. Dukes's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges multiple filter struts perforating his IVC wall, with a strut abutting his duodenum, and certifying that he submitted evidence of the perforation and physical impairment or harm. This form and its attached evidence, including CT scans from April 9, 2018, are attached as **Exhibit 36**.

**37. Bobby Jackson, as Personal Representative for the Estate of Linda Jackson, Case No. 1:18-cv-02316**

The AIC Form, on behalf of the Estate of Mrs. Jackson, certifies the good-faith basis under penalty of perjury. Mrs. Jackson's CC Form alleges multiple filter struts perforating her IVC wall by more than 3 mm, while certifying that she submitted evidence of the perforation and physical impairment or harm. Her PPS alleges grade one perforation, as evidenced by imaging studies. These forms and attached evidence, including CT scans from April 2, 2017, are attached as **Exhibit 37**.

**38. Patricia James, as Personal Representative of the Estate of Judy M. James, Case No. 1:18-cv-03410**

Plaintiff Patricia James's ("Ms. P. James") AIC Form, on behalf of the Estate of Judy James

(Ms. J. James"), certifies her good-faith basis under penalty of perjury. Ms. J. James's CC Form alleges multiple filter struts perforating her IVC wall by more than 3 mm, while certifying that she submitted evidence of the perforation and physical impairment or harm prior to her death. Her PPS alleges stomach pain, leg pain, and back pain prior to her death. These forms and attached evidence, including CT scans and a scan report from August 3, 2018, are attached as **Exhibit 38.**

**39. Diana Farnham, Case No. 1:18-cv-03503**

Ms. Farnham's AIC Form certifies her good-faith basis under penalty of perjury. Her CC Form alleges multiple filter struts perforating her IVC wall by more than 3 mm, with one abutting her vertebral body, while certifying that she submitted evidence of the perforation and physical impairment or harm. Her PPS alleges filter tilt and embedment, difficulty in performing normal physical activities due to shortness of breath and discomfort, and fear of overexertion leading to filter fracture or migration. These forms and attached evidence, including CT scans from June 19, 2017, are attached as **Exhibit 39**.

**40. Arthur Donald Smithson, Jr., Case No. 1:19-cv-02070**

Mr. Smithson's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges multiple filter struts of both his IVC filters perforating his IVC wall by more than 3 mm, while certifying that he submitted evidence of the perforation and physical impairment or harm. His PPS alleges that having two filters perforating his IVC has caused him mental distress, anxiety, uncertainty, and fear that have disrupted his daily life and career. These forms and attached evidence, including CT scans from November 18, 2022, are attached as **Exhibit 40**.

**41. Tyrell Pierce, Case No. 1:19-cv-02587**

Mr. Pierce's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges multiple filter struts perforating his IVC wall by more than 3 mm, while certifying that he submitted evidence of the perforation and physical impairment or harm. His PPS alleges filter tilt,

causing him to be placed on blood thinners for the rest of his life and to suffer from regular mental anguish at the possibility of further filter failure. These forms and attached evidence, including a CT scan report from June 26, 2017, are attached as **Exhibit 41**.

**42. Amaris Chavers, Case No. 1:19-cv-02851**

Ms. Chavers's AIC Form certifies her good-faith basis under penalty of perjury. Her CC Form alleges multiple filter struts perforating her IVC wall by more than 3 mm, while certifying that she submitted evidence of the perforation and physical impairment or harm. Her PPS alleges filter failed to perform, allowing a post-implant pulmonary embolism, and has caused her to suffer physical pain, mental anguish, emotional distress, and physical impairment. These forms and attached evidence, including CT scans from May 30, 2018, are attached hereto as **Exhibit 42**.

**43. Karen Shrum, Case No. 1:19-cv-02478**

Ms. Shrum's AIC Form certifies her good-faith basis under penalty of perjury. Her CC Form alleges multiple filter struts perforating her IVC wall by more than 3 mm, with a strut abutting her duodenum, while certifying that she submitted evidence of the perforation and physical impairment or harm. Her PPS alleges recurrent abdominal pain she believes is caused by the filter perforation. These forms and attached evidence, including CT scans from June 19, 2017, are attached as **Exhibit 43**.

**44. James Kribbs, Case No. 1:19-cv-03875**

Mr. Kribbs's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges multiple filter struts perforating his IVC wall by 8 mm, while certifying that he submitted evidence of the perforation and physical impairment or harm. His PPS alleges filter irretrievability and tilt, physical pain, mental anguish, emotional distress, and physical impairment. These forms and attached evidence, including a July 10, 2017 CT scan report, are attached as **Exhibit 44**.

**45. Ashly Sproul, Case No. 1:19-cv-04452**

Ms. Sproul's AIC Form certifies her good-faith basis under penalty of perjury. Her CC Form alleges multiple filter struts perforating her IVC wall by more than 3 mm, with one abutting her vertebral body, while certifying that she submitted evidence of the perforation and physical impairment or harm. Her PPS alleges filter tilt and migration, resulting in physical pain, mental anguish, emotional distress, and physical impairment. These forms and attached evidence, including CT scans from May 22, 2017, are attached as **Exhibit 45**.

**46. Judy Parks, Case No. 1:19-cv-04772**

Ms. Parks's AIC Form certifies her good-faith basis under penalty of perjury. Her CC Form alleges multiple filter struts perforating her IVC wall by more than 3 mm, while certifying that she submitted evidence of the perforation and physical impairment or harm. Her PPS alleges digestive problems, headaches, leg cramps, and physical pain as a result of the filter. These forms and attached evidence, including CT scans from January 30, 2019, are attached as **Exhibit 46**.

**47. David Reyes, Case No. 1:20-cv-01761**

Mr. Reyes' AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges multiple filter struts perforating his IVC wall by more than 3 mm, with one abutting his vertebral body, while certifying that he submitted evidence of the perforation and physical impairment or harm. His PPS alleges filter tilt and physical pain (especially when walking), mental anguish, emotional distress, and physical impairment. These forms and attached evidence, including CT scans from July 3, 2018, are attached as **Exhibit 47**.

**48. Crystal White, Case No. 1:20-cv-00223**

Ms. White's AIC Form certifies her good-faith basis under penalty of perjury. Her CC Form alleges the apex of her filter is embedded against or perforating her IVC wall, multiple filter struts perforating by more than 3 mm and abutting her vertebral body and left common iliac artery, while

certifying that she submitted evidence of the perforation and physical impairment or harm. Her PPS alleges this has resulted regular abdominal pain, cramping, and stomach issues. These forms and attached evidence, including CT scans from February 19, 2019, are attached as **Exhibit 48**.

**49. John Basie, Case No. 1:20-cv-01195**

Mr. Basie's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges multiple filter struts perforating through his IVC wall by more than 3 mm, with one abutting his aorta, while certifying that he submitted evidence of the perforation and physical impairment or harm. His PPS alleges possible embedment and regular, severe abdominal and back pain, and extreme anxiety and fear of death. These forms and attached evidence, including CT scans from August 9, 2019, are attached as **Exhibit 49**.

**50. Gloria Roman, as Executor of the Estate of David Davis, Case No. 1:20-cv-06186**

Ms. Roman's AIC Form, on behalf of the Estate of Mr. Davis, certifies her good-faith basis under penalty of perjury. Mr. Davis's CC Form alleges multiple filter struts perforating his IVC wall by more than 3 mm, with one abutting his aorta, while certifying that he submitted evidence of the perforation and physical impairment or harm before his death. His PPS alleges physical pain, mental anguish, emotional distress, and physical impairment. These forms and attached evidence, including CT scans from May 7, 2018, are attached as **Exhibit 50**.

**51. Richard Loucks, Case No. 1:20-cv-06262**

Mr. Loucks's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges multiple filter struts perforating his IVC wall by more than 3 mm, while certifying that he submitted evidence of the perforation and physical impairment or harm. His PPS alleges filter tilt and irretrievability, physical pain, mental anguish, emotional distress, and physical impairment. These forms and attached evidence, including CT scans from October 2, 2017, are attached as **Exhibit 51**.

**52. Stephen Hayslip, Case No. 1:20-cv-06237**

Mr. Hayslip's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges multiple filter struts perforating his IVC wall by more than 3 mm, while certifying that he submitted evidence of the perforation and physical impairment or harm. His PPS alleges filter embedment, severe, constant back pain, and limitations on his physical activity due to shortness of breath. These forms and attached evidence, including CT scans from June 14, 2017, are attached as **Exhibit 52**.

**53. Victoria Montgomery, as Personal Representative of the Estate of Paul Montgomery, Case No. 1:20-cv-06267**

Mrs. Montgomery's AIC Form, on behalf of the Estate of Mr. Montgomery, certifies her good-faith basis under penalty of perjury. Mr. Montgomery's CC Form alleges multiple filter struts perforating his IVC wall by more than 3 mm, while certifying that the submission of evidence of the perforation and physical impairment or harm. His PPS alleges filter embedment, physical pain, mental anguish, emotional distress, and physical impairment prior to his death. These forms and attached evidence, including CT scans from September 12, 2016, are attached as **Exhibit 53**.

**54. Arnold Burgman, Case No. 1:20-cv-06303**

Mr. Burgman's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges multiple filter struts perforating his IVC wall by more than 3 mm, while certifying that he submitted evidence of the perforation and physical impairment or harm. His PPS further alleges organ perforation, with one strut abutting his aorta. These forms and attached evidence, including CT scans and a scan report from September 30, 2015, are attached as **Exhibit 54**.

**55. Christopher DuConge, Case No. 1:20-cv-03109**

Mr. DuConge's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges multiple filter struts perforating his IVC wall by more than 3 mm, with struts abutting

his aorta and duodenum, while certifying that he submitted evidence of the perforation and physical impairment or harm. His PPS alleges filter tilt and embedment, physical pain, mental anguish, emotional distress, and physical impairment. These forms and attached evidence, including CT scans from December 5, 2018, are attached as **Exhibit 55**.

**56. Steven Quiroz, Case No. 1:21-cv-06399**

Mr. Quiroz's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges at least one filter strut perforating his IVC wall by more than 3 mm, while certifying that he submitted evidence of the perforation and physical impairment or harm. His PPS alleges filter tilt with the filter apex embedding into and penetrating his IVC wall, resulting in chest pain, shortness of breath, internal bleeding, mental anguish, and emotional distress These forms and attached evidence, including CT scans from May 14, 2019, are attached as **Exhibit 56**.

**57. Sarah Phillips, Case No. 1:21-cv-06417**

Ms. Phillips's AIC Form certifies her good-faith basis under penalty of perjury. Her CC Form alleges multiple filter struts perforating her IVC wall by more than 3 mm, with one abutting her aorta, while certifying that she submitted evidence of the perforation and physical impairment or harm. Her PPS alleges filter tilt and migration, mental anguish, and emotional distress. These forms and attached evidence, including CT scans from May 9, 2018, are attached as **Exhibit 57**.

**58. Marilyn Madden, Case No. 1:21-cv-06437**

Ms. Madden's AIC Form certifies her good-faith basis under penalty of perjury. Her CC Form alleges multiple filter struts perforating her IVC wall by more than 3 mm, while certifying that she submitted evidence of the perforation and physical impairment or harm. This form and its attached evidence, including CT scans from August 8, 2019, are attached as **Exhibit 58**.

**59. Janice Rex, as Personal Representative of the Estate of Douglas Rex, Case No. 1:21-cv-06436**

Mrs. Rex's AIC Form, on behalf of the Estate of Mr. Rex, certifies her good-faith basis under penalty of perjury. Mr. Rex's CC Form alleges multiple filter struts perforating his IVC wall by more than 3 mm, while certifying that the submission of evidence of the perforation and physical impairment or harm. His PPS alleges filter tilt by 14 degrees, with the filter apex against the IVC wall, resulting in severe anxiety prior to his death. These forms and attached evidence, including CT scans from February 17, 2019, are attached as **Exhibit 59**.

**60. Patricia Miliner, Case No. 1:21-cv-06449**

Ms. Miliner's AIC Form certifies her good-faith basis under penalty of perjury. Her CC Form alleges multiple filter struts perforating her IVC wall by more than 3 mm, while certifying that she submitted evidence of the perforation and physical impairment or harm. Her PPS further alleges filter tilt, leg and back pain, inability to walk for long periods, mental anguish, and emotional distress. These forms and attached evidence, including CT scans from April 16, 2019, are attached as **Exhibit 60**.

**61. Torey Felder, Case No. 1:21-cv-06476**

Mr. Felder's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges four filter struts perforating his IVC wall by more than 3 mm, while certifying that he submitted evidence of the perforation and physical impairment or harm. His PPS further alleges filter embedment, mental anguish, and emotional distress. These forms and attached evidence, including CT scans from May 25, 2018, are attached as **Exhibit 61**.

**62. Preston Harriger, Case No. 1:21-cv-01549**

Mr. Harriger's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges multiple filter struts perforating his IVC wall by more than 3 mm, with one abutting

his vertebral body, while certifying that he submitted evidence of the perforation and physical impairment or harm. His PPS alleges physical pain, mental anguish, emotional distress, and physical impairment. These forms and attached evidence, including CT scans from January 2, 2020, are attached as **Exhibit 62**.

**63. Raymond Martinez, Case No. 1:21-cv-02498**

Mr. Martinez's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges multiple filter struts perforating his IVC wall by more than 3 mm, with multiple struts abutting surrounding organs and structures, while certifying that he submitted evidence of the perforation and physical impairment or harm. His PPS alleges filter tilt and irretrievability, resulting in physical pain in his midsection. These forms and attached evidence, including CT scans from May 19, 2022, are attached as **Exhibit 63**.

**64. Corshay Jenkins as Personal Representative and Next of Kin of Duane White, Case No. 1:21-cv-02667**

Ms. Jenkins's AIC Form, on behalf of the Estate of Mr. White, certifies her good-faith basis under penalty of perjury. Mr. White's CC Form alleges filter tilt, with the apex against the IVC wall and multiple filter struts perforating the wall by more than 3 mm, while certifying that he submitted evidence of the perforation and physical impairment or harm. His PPS alleges organ perforation, with struts abutting the abdominal aorta and vertebral body. These forms and attached evidence, including CT scans from October 18, 2019, are attached as **Exhibit 64**.

**65. Jerome Simalton, Case No. 1:21-cv-00140**

Mr. Simalton's AIC Form certifies his good-faith basis under penalty of perjury. His CC Form alleges multiple filter struts perforating his IVC wall by more than 3 mm, with at least one abutting his aortic wall, while certifying that he submitted evidence of the perforation and physical impairment or harm. His PPS alleges physical pain, mental anguish, emotional distress, and

physical impairment. These forms and attached evidence, including CT scans from June 12, 2017, are attached as **Exhibit 65**.

**66. Chris Currier, as Heir and Representative of the Estate of Larry Currier, Case No. 1:21-cv-00464**

Mr. C. Currier's AIC Form, on behalf of the Estate of Mr. L. Currier, certifies his good-faith basis under penalty of perjury. Mr. L. Currier's CC Form alleges multiple filter struts perforating his IVC wall by more than 3 mm, while certifying that he submitted evidence of the perforation and physical impairment or harm prior to his death. His PPS alleges filter irretrievability, physical pain, mental anguish, emotional distress, and physical impairment prior to his death. These forms and attached evidence, including a CT scan from July 24, 2015, are attached as **Exhibit 66**.

**67. Kayla King, Case No. 1:24-cv-07087**

Ms. K King's AIC Form certifies her good-faith basis under penalty of perjury. Her CC Form alleges multiple filter struts perforating her IVC wall by more than 3 mm, with struts perforating her duodenum and abutting her aorta and vertebral body, while certifying that she submitted evidence of the perforation and physical impairment or harm. Her PPS alleges resulting in abdominal and chest pain, shortness of breath, and anxiety. These forms and attached evidence, including CT scans from May 6, 2021, are attached as **Exhibit 67**.

## LEGAL STANDARD

As the parties asserting federal subject matter jurisdiction, the Plaintiffs bear the burden of establishing: (1) complete diversity of citizenship and (2) that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021). To meet the AIC requirement, Plaintiffs need only allege in good faith that more than $75,000 is in controversy. *Sykes v. Cook Inc.*, 72 F.4th

195, 205 (7th Cir. 2023). **This burden is not heavy**. *Page*, 2 F.4th at 634. Plaintiffs' pleaded allegations control unless the Court concludes, **to a legal certainty**, that a Plaintiff cannot recover the jurisdictional minimum or that the proofs show that a Plaintiff was never entitled to recover that amount. *Sykes*, 72 F.4th at 205. The Court may also consider evidence developed after each Plaintiffs' case was filed or removed to federal court, but any such examination of the record limited "to finding jurisdictional facts and determining whether the plaintiff could have alleged, in good faith," that the AIC was met. *Id.* at 205–07 (citation omitted); *see also, In Re Cook Med., Inc.* 1:14-ml-02570 & 1:20-cv-00916, 2023 U. S. Dist. Lexis 206016 (October 25, 2023).

## ARGUMENT

Through CMO-32's AIC Certification Form process, this Court set up a system to ensure that each Plaintiff's good faith basis for their allegation that the amount in controversy for their claims is likely to be more than $75,000. Each and every Plaintiff at issue in Cook's Motion has complied with CMO-32 and thereby overcome any presumption that they could not make a good-faith showing. *See* Dkt. 2652, CMO-32 at ¶ 3. Plaintiffs have each, likewise, provided amended Case Certification Forms ("CC Forms") in compliance with Amended CMO-33 and Sixth Amended CMO-4, providing case-specific injury allegations to support said good-faith basis for meeting the AIC requirement. This alone is enough to meet said requirement, which only requires a good-faith basis and ***not*** actual proof or evidence at this early pleading stage. *See Page*, 2 F.4th at 634. In the alternative, however, and assuming arguendo that each Plaintiff must also provide a discussion of their specific jurisdiction's definition of injury for the purposes of the amount-in-controversy, Plaintiff will address the various underlying state law issues present in each jurisdiction at issue with these 67 Plaintiffs. *See Sykes*, 72 F.4th at 207.

### A. Alabama

The following Plaintiffs reside in and/or were injured in Alabama: Ms. K. King. Alabama

law defines "physical injury" as "[i]mpairment of physical condition or substantial pain." ALA. CODE § 13A-1-2(12). Ms. K. King has submitted sufficient evidence of physical injury under this standard, and it is not a legal certainty that an Alabama jury verdict for more than $75,000 would be set aside as excessive. *See* **Ex. 63**.

**B. California**

The following Plaintiffs reside in and/or were injured in California: Ms. McCrummen, Ms. Sattar, Mr. Manseau, Mr. Russell, Mr. Loucks, Mr. Quiroz, and Mr. Harriger. California tort law defines "actual injury" as consisting of an "impairment or diminution . . . of a right." *Kisliuk v. ADT Sec. Servs.*, 263 F.R.D. 544 (C.D. Cal. 2008) (interpreting California law and citing J*ordache Enterprises, Inc. v. Brobeck, Phleger & Harrison*,18 Cal. 4th 739, 750; 958 P.2d 1062 (Cal. 1998)). Each of these Plaintiffs have submitted sufficient evidence of actual injury under this standard, and it is not a legal certainty that a California jury verdict for more than $75,000 would be set aside as excessive. *See* **Ex. 2, 4, 24, 33, 51, 56, and 62**.

**C. Colorado**

The following Plaintiffs reside in and/or were injured in Colorado: Mr. Buter. Colorado law allows recovery for "physical injury" or "reasonable risk of physical harm." *Merrifield v. 1859-Historic Hotels, Ltd.*, No. 21-cv-00268-PAB-NYW, 2022 U.S. Dist. LEXIS 30866, at *8 (D. Colo. Feb. 22, 2022) (interpreting Colorado law and citing *Adams-Arapahoe School Dist. No. 28-J v. GAF Corp.*, 959 F.2d 868, 871 (Colo. 1992); *Bayly, Martin & Fay, Inc. v. Pete's Satire, Inc.*, 739 P.2d 239, 242 (Colo. 1987); *Williams v. Cont'l Airlines, Inc.*, 943 P.2d 10, 16 (Colo. App. 1996)). Mr. Butler has submitted sufficient evidence of physical injury or reasonable risk of physical harm under this standard, and it is not a legal certainty that a Colorado jury verdict for more than $75,000 would be set aside as excessive. *See* **Ex. 1**.

**D. Connecticut**

The following Plaintiffs reside in and/or were injured in Connecticut: Mr. Connelly, Mr. Ganino, and Mr. Corshay (on behalf of the Estate of Mr. White). Connecticut tort law requires a plaintiff to suffer "detrimental physical harm" or "physical manifestation" resulting from a product. *Poce v. O & G Indus.*, 210 Conn. App. 82, 92–96, 269 A.3d 899 (Con. App. 2022)). Each of these Plaintiffs have submitted sufficient evidence of detrimental physical harm or a physical manifestation under this standard, and it is not a legal certainty that a Connecticut jury verdict for more than $75,000 would be set aside as excessive. *See* **Ex. 29, 31, and 64**.

**E. Florida**

The following Plaintiffs reside in and/or were injured in Florida: Mr. Schmidt, Ms. Farnham, Mr. Kribbs, Ms. Parks, and Mr. Martinez. Florida tort law defines physical injury as any "physical impact to the claimant." *Bodine v. Fed. Kemper Life Assurance Co.*, 912 F.2d 1373, 1376 (11th Cir. 1990) (interpreting Florida law and citing *R.J. v. Humana of Fla.*, 652 So. 2d 360, 362-63 (Fla. 1995); *Gilliam v. Stewart*, 291 So. 2d 593 (Fla. 1974)). Such impact includes any "manifestation of emotional distress in the form of a discernible physical injury or illness." *Gracey v. Eaker*, 837 So. 2d 348, 355 (Fla. 2002). Each of these Plaintiffs have submitted sufficient evidence of physical injury under this standard, and it is not a legal certainty that a Florida jury verdict for more than $75,000 would be set aside as excessive. *See* **Ex. 18, 39, 44, 46, and 63**.

**F. Georgia**

The following Plaintiffs reside in and/or were injured in Georgia: Ms. Rice, Mr. Smith, Mr. Rodriguez, Mr. Simalton. Georgia tort law does not explicitly define either physical injury, beyond indicating that it must involve some "physical impact" beyond mental suffering or emotional distress. *See Clarke v. Freeman*, 302 Ga. App. 831, 836 (2010). Mr. Simalton has submitted sufficient evidence of both physical impact and emotional distress under this standard, and it is not

a legal certainty that a Georgia jury verdict for more than $75,000 would be set aside as excessive. *See* **Ex. 65**.

**G. Hawaii**

The following Plaintiffs reside in and/or were injured in Hawaii: Mr. Reyes. It does not appear that any Hawai'i statute or case law explicitly defines actual or physical injury for the purposes of tort law, but Black's Law Dictionary defines injury generally as a "violation of another's legal right, for which the law provides a remedy" or "any harm or damage," with physical or bodily injury specifically defined as "[p]hysical damage to a person's body." *Injury*, Black's Law Dictionary (12th Ed. 2024). Under this definition, Mr. Reyes has presented sufficient evidence of a physical injury (namely physical damage to his body and the violation of a legal right), such that there can be no legal certainty that a Hawai'i jury verdict for more than $75,000 would be set aside as excessive. *See* **Ex. 47**.

**H. Illinois**

The following Plaintiffs reside in and/or were injured in Illinois: Ms. O'Leary. Product liability claimants must show "harm caused by a product," with harm including "personal physical injury, illness or death," "mental anguish or emotional harm," and any other loss "deriving from any type of harm described" in the statute. 735 ILCS 5/2-2101. "Illinois law does not presume injury" and requires "an actual injury in the form of, for example, medical care, an inability to sleep or work, or a loss of reputation or integrity in the community." *Alicea v. Cnty. of Cook*, 88 F.4th 1209, 1218 (7th Cir. 2023) (interpreting Illinois law). Ms. O'Leary has submitted sufficient evidence of personal physical injury, emotional harm, and other losses under this standard, and it is not a legal certainty that an Illinois jury verdict for more than $75,000 would be set aside as excessive. *See* **Ex. 26.**

**I. Kentucky**

The following Plaintiffs reside in and/or were injured in Kentucky: Mr. Dukes. As discussed in *Sykes*, Kentucky law requires "present physical injury" or "present physical impairment or detriment to [a claimant's] health." *Sykes*, 72 F.4th at 205 (interpreting Kentucky law). Mr. Dukes has submitted sufficient evidence to show a present physical impairment, injury, or detriment to his health under this standard, and it is not a legal certainty that a Kentucky jury verdict for more than $75,000 would be set aside as excessive. *See* **Ex. 36**.

**J. Michigan**

The following Plaintiffs reside in and/or were injured in Michigan: Mr. Shipman, Ms. P. James (on behalf of Ms. J. James' Estate), Ms. Sproul, Mr. Hayslip, and Mr. DuConge. Michigan tort law requires that a claimant suffer an "actual" or "present" injury, which is defined as "bodily harm, sickness, disease, death, or emotional harm resulting from bodily harm." *See* MCL § 600.6301(b); *Henry v Dow Chem Co.*, 473 Mich. 63, 74–75; 701 N.W.2d 684 (Mich. 2005) (citations omitted). Each of these Plaintiffs have submitted sufficient evidence of an actual or present injury under this standard, and it is not a legal certainty that a Michigan jury verdict for more than $75,000 would be set aside as excessive. *See* **Ex. 5, 38, 45, 52, and 55**.

**K. Minnesota**

The following Plaintiffs reside in and/or were injured in Minnesota: Mr. Jessen. Minnesota has adopted the Restatement of Torts' for products liability, which applies to "physical harm to the user" caused by a defective product. *See Farr v. Armstrong Rubber Co.*, 288 Minn. 83, 89; 179 N.W.2d 64 (Minn. 1970) (citing Restatement (2d) of Torts § 402). Mr. Jessen has submitted sufficient evidence to show physical harm under this standard, and it is not a legal certainty that a Minnesota jury verdict for more than $75,000 would be set aside as excessive. *See* **Ex. 8**.

**L. Mississippi**

The following Plaintiffs reside in and/or were injured in Mississippi: Ms. Roman (on behalf of the Estate of Mr. Davis). It does not appear that any Mississippi statute or case law explicitly defines actual or physical injury for the purposes of tort law, so Plaintiffs will refer to the Black's Law Dictionary's definition, cited *supra*. Under this definition, Ms. Roman has presented sufficient evidence of a physical injury (namely physical damage to Mr. Davis's body and the violation of a legal right), such that there can be no legal certainty that a Mississippi jury verdict for more than $75,000 would be set aside as excessive. *See* **Ex. 50**.

**M. Nevada**

The following Plaintiffs reside in and/or were injured in Nevada: Mr. Burgman. We are not convinced that such a restricted view of an injury is appropriate in the present context. For the purposes of tort law, Nevada courts follow the broad standard for injury set forth in the Restatement of Torts, defining injury as "the invasion of any legally protected interest of another," which includes "the existence of loss or detriment in fact of any kind to a person resulting from any cause" and "the physical impairment of the human body." (citing Restatement (2d) of Torts § 7). Under this broad standard, Mr. Burgman has presented sufficient evidence of physical impairment, loss, or detriment, such that there can be no legal certainty that a Nevada jury verdict for more than $75,000 would be set aside as excessive. *See* **Ex. 54**.

**N. Ohio**

The following Plaintiffs reside in and/or were injured in Ohio: Mr. Siedel, Mr. Basie, Mrs. Montgomery (on behalf of Mr. Montgomery), Ms. Madden, Mrs. Rex (on behalf of Mr. Rex), and Ms. Miliner. Under Ohio product liability law, a claimant make recovery for any "harm" caused by a defective product, including "death, physical injury to person, [and] serious emotional distress." ORC § 2307.71(A)(7). Each of these Plaintiffs have submitted sufficient evidence of

harm under this standard, including physical injuries and/or serious emotional distress, and as such, it is not a legal certainty that a Nevada jury verdict for more than $75,000 would be set aside as excessive. *See* **Ex. 12, 49, 53, 58, 59, and 60**.

**O. Oregon**

The following Plaintiffs reside in and/or were injured in Oregon: Ms. Beverage and Mr. Pierce. Under Oregon tort law, a claimant must be able to show some "actual, present harm or injury." *See Lowe v. Philip Morris USA, Inc.*, 207 Ore. App. 532, 544–45; 142 P.3d 1079 (Ore. App. 2006) (citing *Berg v. Hirschy*, 206 Ore. App. 472, 475, 136 P.3d 1182 (2006); *Solberg v. Johnson*, 306 Ore. 484, 490; 760 P.2d 867 (Ore. 1988); *Hall v. Cornett et al.*, 193 Ore. 634, 643; 240 P.2d 231 (Ore. 1952)). Both of these Plaintiffs have submitted sufficient evidence of present, physical harm or injury under this standard, and as such, it is not a legal certainty that a Oregon jury verdict for more than $75,000 would be set aside as excessive. *See* **Ex. 17 and 41.**

**P. Pennsylvania**

The following Plaintiffs reside in and/or were injured in Pennsylvania: Mr. Mitchell, Mr. Cressman, Ms. McDuffy, and Mr. Smithson. Pennsylvania torts law looks to the Restatement Second of Torts in a products liability case, which requires a claimant to suffer "physical harm," defined as "physical impairment of the human body." (interpreting Pennsylvania law and citing *Barnes v. American Tobacco Co., Inc.*, 161 F.3d 127, 139 (3d Cir. 1998); Restatement (2d) of Torts § 402A). These Plaintiffs have submitted sufficient evidence of physical harm or impairment under this standard, and as such, it is not a legal certainty that a Pennsylvania jury verdict for more than $75,000 would be set aside as excessive. *See* **Ex. 16, 22, 32, and 40.**

**Q. South Carolina**

The following Plaintiffs reside in and/or were injured in South Carolina: Ms. White. It does not appear that any South Carolina statute or case law explicitly defines actual or physical injury

for the purposes of tort law. *See 2000 Watermark Asso. v. Celotex Corp.*, 784 F.2d 1183 (4th Cir. 1986) (noting that South Carolina courts have not decided whether products liability claimants must allege some injury above and beyond pure economic loss, but the Fourth Circuit predicted this would be the case). Beyond this, Plaintiffs will refer to the Black's Law Dictionary's definition, cited *supra*. Under this definition, Ms. White has presented sufficient evidence of physical damage to her body and pain as a result of the filter, such that there can be no legal certainty that a South Carolina jury verdict for more than $75,000 would be set aside as excessive. *See* **Ex. 48**.

**R. South Dakota**

The following Plaintiffs reside in and/or were injured in South Dakota: Mr. Lausten and Mr. Felder. It does not appear that any South Dakota statute or case law explicitly defines actual or physical injury for the purposes of tort law, so Plaintiffs will refer to the Black's Law Dictionary's definition, cited *supra*. Under this definition, both of these Plaintiffs presented sufficient evidence of a physical injury (namely physical damage and the violation of a legal right), such that there can be no legal certainty that a South Dakota jury verdict for more than $75,000 would be set aside as excessive. *See* **Ex. 14 and 61**.

**S. Tennessee**

The following Plaintiffs reside in and/or were injured in Tennessee: Mr. Brown, Mrs. Pinson (on behalf of Mr. Pinson's Estate), and Mr. C. Currier (on behalf of the Estate of Mr. L. Currier). For the purposes of torts law, the Tennessee Supreme Court has favorably cited the Black's Law Dictionary definition of injury. *See Vance v. Schulder*, 547 S.W.2d 927, 932 (Tenn. 1977). Tennessee also prohibits recovery on the basis of pure economic loss. *See Milan Supply Chain Sols., Inc. v. Navistar, Inc.*, 627 S.W.3d 125, 152 (Tenn. 2021) (citing *Ritter v. Custom Chemicides, Inc.*, 912 S.W.2d 128, 132 (Tenn. 1995)). However, under the Black's definition, these Plaintiffs have submitted sufficient evidence of physical damage beyond pure economic loss, as

well as the violation of a legal right, such that there can be no legal certainty that a Tennessee jury verdict for more than $75,000 would be set aside as excessive. *See* **Ex. 10, 35, and 66.**

**T. Texas**

The following Plaintiffs reside in and/or were injured in Texas: Mr. Peck, Mr. Epps, Mr. Owens, Ms. Daugherty, Mr. Guillory, Mr. Shields, Ms. Ash, Ms. Stover, Ms. Chavers, and Ms. Shrum. As discussed in *Sykes*, Texas law requires "actual injury" or "present physical impairment or detriment to [a claimant's] health." *Sykes*, 72 F.4th 195, 205 (7th Cir. 2023) (interpreting Texas law). Each of these Plaintiffs have submitted sufficient evidence of actual injury, pain, or other impairment or detriment to health under this standard, and it is not a legal certainty that a Texas jury verdict for more than $75,000 would be set aside as excessive. *See* **Ex. 9, 11, 13, 15, 20, 23, 25, 30, 42, and 43**.

**U. Utah**

The following Plaintiffs reside in and/or were injured in West Virginia: Mr. Gerritsen. Utah tort law acknowledges that the definition of injury is broader than just physical injury and may include expenses for diagnostic examinations and medical monitoring. *See Hansen v. Mountain Fuel Supply Co.*, 858 P.2d 970, 977–78 (Utah 1993). Mr. Gerritsen has alleged physical injuries and pain, however, which is more than sufficient under Utah law, and as such, it is not a legal certainty that a Utah jury award of more than $75,000 would be set aside as excessive. *See* **Ex. 6.**

**V. Virginia**

The following Plaintiffs reside in and/or were injured in Virginia: Ms. C. King, Mr. Ellingsen, Mr. Johnson, and Mr. Jackson (on behalf of Mrs. Jackson's Estate). Virginia torts law defines injury to mean "positive, physical or mental hurt to the claimant." *Large v. Bucyrus-Erie Co.*, 524 F. Supp. 285, 286–87 (E.D. Va. 1981) (interpreting Virginia law and citing *Locke v. Johns-Manville Corp.*, 275 S.E.2d 951, 904 (Va. 1981)). These Plaintiffs have each submitted sufficient

evidence to allege a physical or mental hurt under this standard, and as such, it is not a legal certainty that a Virginia jury verdict for more than $75,000 would be set aside as excessive. *See* **Ex. 7, 28, 34, and 37.**

### W. Washington

The following Plaintiffs reside in and/or were injured in Washington: Ms. Phillips. The Washington Products Liability Act defines "harm" as "any damages recognized by the courts of this state," but not economic loss. REV. CODE WASH. § 7.72.010(6). The Washington Supreme Court has recognized that this broad definition includes both physical injury and emotional distress damages in the absence of physical injury. *See Bylsma v. Burger King Corp.*, 176 Wn.2d 555, 293 P.3d 1168, 1171 (Wash. 2013). Ms. Phillips alleges both physical harm and emotional distress, such that it is not a legal certainty that a Washington jury award of more than $75,000 would be set aside as excessive. *See* **Ex. 57**.

### X. West Virginia

The following Plaintiffs reside in and/or were injured in West Virginia: Mr. Gray. West Virginia tort law acknowledges that the definition of injury is broader than just physical injury and may include expenses for medical monitoring. *See Bower v. Westinghouse Elec. Corp.*, 206 W. Va. 133, 140; 522 S.E.2d 424 (W. Va. 1999). Mr. Gray has alleged a physical injury and serious future risks of harm that will likely require regular medical monitoring, which is sufficient under West Virginia law, and as such, it is not a legal certainty that a West Virginia jury award of more than $75,000 would be set aside as excessive. *See* **Ex. 3**.

## CONCLUSION

Based on the above, each of the 67 Plaintiffs meets the standard for a good-faith belief that the amount-in-controversy requirement has been met, and as such, the Cook Defendants' Motion to Dismiss is without merit and should be denied in its entirety.

Dated: November 16, 2026.

Respectfully submitted,

*/s/ Ben C. Martin*
Ben C. Martin
Ben Martin Law Group, PLLC
3500 Maple Avenue, Suite 400
Dallas, TX 75219
(214) 761-6614
bmartin@bencmartin.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Ben C. Martin*
Ben C. Martin