**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

Case No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

This Document Relates to:

Plaintiffs represented by Ben Martin Law Group and listed in Exhibits A and B to the Cook Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 28162)

# PLAINTIFFS' MOTION TO MAINTAIN DOCUMENTS UNDER SEAL

In accordance with Local Rule 5-11(d)(2)(A), Plaintiffs respectfully move the Court to maintain under seal Plaintiffs' unredacted **Exhibits 1-67** to Plaintiffs' Response in Opposition to the Cook Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 28335) because these exhibits contain medical information and records for several plaintiffs. In support of this Motion, Plaintiffs state:

## LEGAL STANDARD

1. Under Federal Rule of Civil Procedure 26(c)(1)(G), the Court may, "for good cause," enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *See also Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002) (documents that "meet the definition of trade secret or other categories of bona fide long-term confidentiality" may be sealed). Likewise, private health information should be maintained under seal at least until consent by the patient is obtained. *See generally Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL

2929523, at *3 (E.D. Wis. July 10, 2017).

2. With respect to medical information, courts in the Seventh Circuit have routinely recognized that, while parties' medical information may be made public where it is relevant to the claims at issue and/or necessary to the disposition of the case, other information may be kept under seal with good cause. *See Westedt v. Franklin,* 2016 WL 2997504, at *1 (E.D. Wis. May 23, 2016); *Gibson v. Milwaukee Cnty.*, 2015 WL 12964665, at *1 (E.D. Wis. Mar. 26, 2015); *Noe v. Carlos,* 2008 WL 5070463, at *3 (N.D. Ind. Nov. 26, 2008). The good cause inquiry thus requires balancing a party's acknowledged interest in medical privacy, *see Whalen v. Roe*, 429 U.S. 589, 599-600 (1977), against the Court's (and parties') interest in the accurate resolution of the conflict and the public interest in transparency. *Cole*, 2017 WL 2929523, at *3. Private health information should be maintained under seal at least until consent by the patient is obtained. *See generally id.*

3. The "good cause" standard under Rule 26(c) "requires a balancing of the potential harm to the litigants' interests against the public's right to obtain information concerning judicial proceedings." *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 415-16 (S.D. Ind. 2001) (Baker, J.); *see also Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003) ("The rule essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding annoyance, embarrassment, oppression, or undue burden or expense.") (Baker, J.). Consistent with the doctrine discussed earlier, however, "the presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution'; other materials that may have crept into the record are not subject to the presumption." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (citing *Baxter Int'l*, 297 F.3d at 548).

4. Additionally, this Court has entered Case Management Order No. 29 ("CMO-29"), which expressly allows plaintiffs' medical records to be filed under seal when they are submitted

as part of the records reviewed in connection with a CMO-28 motion. *See generally* CMO-29, Dkt. 16544.

**DISCUSSION**

5. **Exhibits 1-67** contain documents and information on the medical care and treatment of several plaintiffs subject to the Plaintiffs' Response in Opposition to the Cook Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction.

6. As set forth above, courts in the Seventh Circuit have routinely recognized that, while parties' medical information may be made public where it is relevant to the claims at issue and/or necessary to the disposition of the case, other information may be kept under seal with good cause. *See Westedt v. Franklin*, 2016 WL 2997504, at *1 (E.D. Wis. May 23, 2016); *Gibson v. Milwaukee Cnty.*, 2015 WL 12964665, at *1 (E.D. Wis. Mar. 26, 2015); *Noe v. Carlos*, 2008 WL 5070463, at *3 (N.D. Ind. Nov. 26, 2008). The good cause inquiry thus requires balancing a party's acknowledged interest in medical privacy, *see Whalen v. Roe*, 429 U.S. 589, 599–600 (1977), against the Court's (and parties') interest in the accurate resolution of the conflict and the public interest in transparency. *Cole v. Janssen Pharmaceuticals, Inc.*, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017).

7. **Exhibits 1-67** contain private, sensitive medical information. ***Out of an abundance of caution,*** the Court should permit these exhibits to be filed and maintained under seal.

8. In particular, the records that the Plaintiffs are moving to seal here are precisely the kind of records that the Court has allowed to be filed under seal pursuant to the streamlined

procedures permitted under CMO-29.[1] Sealing is necessary and appropriate for the same reasons.

9. A proposed order granting this Motion has been filed with this Motion.

WHEREFORE, the Plaintiffs respectfully request that **Exhibits 1-67** to Plaintiffs' Response in Opposition to the Cook Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction be filed and maintained under seal.

Dated: November 17, 2026.

Respectfully submitted,

*/s/ Ben C. Martin*

Ben C. Martin
Ben Martin Law Group, PLLC
3500 Maple Avenue, Suite 400
Dallas, TX 75219
(214) 761-6614
bmartin@bencmartin.com

***Attorney for Plaintiffs***

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Ben C. Martin*
Ben C. Martin

[1] The Plaintiffs have prepared this motion based on the understanding that the CMO-29 procedure is limited to CMO-28 motions and not applicable to other types of dispositive motions that may also contain medical records as exhibits.